FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2009 MAY 19  P 2: 05

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| ePLUS, INC., ) | |
| ) | CIVIL ACTION NO. 2:09CV232 |
| Plaintiff, ) | HCM/TEM |
| ) | |
| v. ) | |
| ) | |
| PERFECT COMMERCE, INC., ) | JURY TRIAL DEMANDED |
| SCIQUEST, INC., LAWSON ) | |
| SOFTWARE, INC., and VERIAN ) | |
| TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.  Plaintiff ePlus, Inc. ("ePlus" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendants Perfect Commerce, Inc. ("Perfect Commerce"), SciQuest, Inc. ("SciQuest"), Lawson Software, Inc. ("Lawson"), and Verian Technologies, Inc. ("Verian") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

2.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to enjoin infringement and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 6,023,683 (the "'683 Patent") (attached as Exhibit A) entitled "Electronic Sourcing System and Method," United States Patent No. 6,055,516 (the "'516 Patent") (attached as Exhibit B) entitled "Electronic

LIBW/1708953.1

Sourcing System," and United States Patent No. 6,505,172 (the "'172 Patent") (attached as Exhibit C) also entitled "Electronic Sourcing System." Plaintiff seeks injunctive relief to prevent Defendants from continuing to infringe Plaintiff's patents. In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents.

3. This action for patent infringement involves Perfect Commerce's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in electronic sourcing and procurement software applications, services, systems and methods, including but not limited to products and services marketed by Perfect Commerce as Perfect Commerce's On-Demand SRM Applications including its Perfect Procure, Open Supplier Network, Catalog Manager and Search Manager applications, systems, methods, and services.

4. This action for patent infringement involves SciQuest's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in electronic sourcing and procurement software applications, services, systems and methods, including but not limited to products and services marketed by SciQuest as Procurement Automation Solutions, including the SciQuest Requisition Manager, Order Manager, Catalog Manager, and Supplier Network, and related applications, systems, methods and services.

5. This action for patent infringement involves Lawson's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in

electronic sourcing and procurement software applications, services, systems and methods, including but not limited to products and services marketed by Lawson as Lawson Supply Chain Management, including Lawson Procurement, Lawson Requisitions, Lawson Inventory Control, Purchase Order, Lawson Procurement Punchout, and related applications, systems, methods and services.

6. This action for patent infringement involves Verian's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in electronic sourcing and procurement software applications, services, systems and methods, including but not limited to products and services marketed by Verian as ProcureIT solutions including the Purchase Manager solution, Vendor Connect module and Supplier Portal and related applications, systems, methods and services.

## THE PARTIES

7. Plaintiff *e*Plus is a Delaware corporation with its principal place of business in this judicial district and division at 13595 Dulles Technology Drive, Herndon, Virginia 20171-3413.

8. Plaintiff *e*Plus is the lawful assignee of all right, title and interest in and to the '683, '516 and '172 Patents (collectively, the "Electronic Sourcing System Patents" or the "patents-in-suit").

9. Plaintiff *e*Plus provides electronic sourcing and procurement software applications, services, systems and methods.

10. Defendant Perfect Commerce is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters in this judicial district at

2713 Magruder Blvd., Suite A, Hampton, Virginia 23666. Perfect Commerce makes, uses, sells, offers for sale, and or imports into the United States certain electronic sourcing and procurement software applications, services, systems and methods, including without limitation those referred to as On-Demand SRM applications, including its Perfect Procure, Catalog Manager, Search Manager and Open Supplier Network applications.

11.     Defendant SciQuest is a corporation organized and existing under the laws of the State of Delaware, and maintains its corporate headquarters at 6501 Weston Parkway, Suite 200, Cary, North Carolina 27513. SciQuest makes, uses, sells, offers for sale, and/or imports into the United States certain electronic sourcing and procurement software applications, services, systems and methods, including without limitation, its Procurement Automation solutions including the Requisition Manager, Order Manager, Catalog Manager, and Supplier Network solutions.

12.     Defendant Lawson is a corporation organized and existing under the laws of the State of Delaware, and maintains its corporate headquarters at 380 St. Peter Street, St. Paul, Minnesota 55102. Lawson makes, uses, sells, offers for sale, and/or imports into the United States certain electronic sourcing and procurement software applications, services, systems and methods, including without limitation, its Lawson Supply Chain Management solutions, including Lawson Procurement, Lawson Requisitions, Lawson Inventory Control, Purchase Order, and Lawson Procurement Punchout solutions.

13.     Defendant Verian is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 8701 Mallard Creek Road, Charlotte, North Carolina 28262. Verian makes, uses, sells, offers for sale, and/or imports into the United States certain electronic sourcing and procurement software

applications, services, systems and methods, including without limitation its ProcureIT solutions including the Purchase Manager solution, Vendor Connect module and Supplier Portal.

14. Plaintiff has been irreparably harmed by each of the Defendants' infringements of its valuable patent rights. Moreover, Defendants' unauthorized, infringing uses of Plaintiff's patented systems and methods have threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

15. Defendants' disregard for Plaintiff's property rights threatens Plaintiff's relationships with customers and potential customers of Plaintiff's Electronic Sourcing System products and services as well as Plaintiff's relationships with its existing licensees and potential licensees of this intellectual property. Each of the Defendants will derive a competitive advantage over any of Plaintiff's existing licensees and future licensees from using Plaintiff's patented technology without paying compensation for such use. Accordingly, unless and until each of the Defendants' continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. Defendants are subject to personal jurisdiction in this judicial district and division because they regularly transact business in this judicial district and division by,

among other things, offering their products and services to customers, business affiliates and partners located in this judicial district and division. In addition, Perfect Commerce has its headquarters in this judicial district. Further, the Defendants have committed acts of direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of one or more of the patents in suit in this judicial district and division.

18. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district and division, and have committed acts of infringement in this district and division.

## COUNT I

### (Infringement of United States Patent No. 6,023,683)

19. Paragraphs 1 through 16 are incorporated by reference as if fully restated herein.

20. Plaintiff ePlus is the assignee and lawful owner of all right, title and interest in and to the '683 Patent.

21. Each of the Defendants makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '683 Patent.

22. Each of the Defendants has been and continues infringing one or more of the claims of the '683 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer

irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

23. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II

### (Infringement of United States Patent No. 6,055,516)

24. Paragraphs 1 through 21 are incorporated by reference as if fully restated herein.

25. Plaintiff ePlus is the assignee and lawful owner of all right, title and interest in and to the '516 Patent.

26. Each of the Defendants makes, uses, sells, and offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '516 Patent.

27. Each of the Defendants has been and continues infringing one or more of the claims of the '516 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Each of the Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT III

LIBW/1708953.1

### (Infringement of United States Patent No. 6,505,172)

29. Paragraphs 1 through 26 are incorporated by reference as if fully restated herein.

30. Plaintiff ePlus is the assignee and lawful owner of all right, title and interest in and to the '172 Patent.

31. Each of the Defendants makes, uses, sells, and offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '172 Patent.

32. Each of the Defendants has been and continues infringing one or more of the claims of the '172 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Each of the Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

33. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

### COUNT IV
### (Willful Infringement)

34. Paragraphs 1 through 31 are incorporated by reference as if fully restated herein.

35. Each of the Defendants has had knowledge of the patents-in-suit since no later than October 2003, at which time Plaintiff ePlus began marking its commercial products covered by the patents-in-suit pursuant to 35 U.S.C. § 287(a). Each of the Defendants

-8-

regularly competes with Plaintiff for customers and sales of Electronic Sourcing Systems and related services and, on information and belief, has actual knowledge that Plaintiff's Electronic Sourcing Systems are patented. On information and belief, each of the Defendants has direct knowledge from press reports and independent investigation of the merits underlying ePlus's patent rights.

36. Each of the Defendants has continued to infringe the patents-in-suit, despite having knowledge of the patents-in-suit.

37. Such continued infringement with present knowledge of ePlus's patent rights, and their relevance to their Electronic Sourcing System products and services is reckless and willful, entitling Plaintiff to enhanced damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each of the Defendants, granting Plaintiff the following relief:

A. That this Court adjudge and decree that the '683 Patent is valid and enforceable against each of the Defendants, that the '516 Patent is valid and enforceable against each of the Defendants, and that the '172 Patent is valid and enforceable against each of the Defendants;

B. That this Court adjudge and decree that each of the Defendants has infringed, directly and indirectly, the '683 Patent, the '516 Patent, and the '172 Patent;

C. That this Court permanently enjoin each of the Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling,

offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Electronic Sourcing System Patents, or otherwise engaging in acts of infringement of the Electronic Sourcing System Patents, all as alleged herein;

D. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of each of the Defendants' infringement;

E. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against each of the Defendants that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

F. That this Court assess pre-judgment and post-judgment interest and costs against each of the Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

G. That this Court declare this case to be exceptional and direct Defendants to pay ePlus's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

H. That this Court award enhanced damages and attorney's fees due to each of the Defendants' willful infringement, and

I. Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Dated: May 19, 2009

_____
David M. Young (Virginia Bar No. 35997)
*Counsel for Plaintiff, ePlus, Inc.*
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC  20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444


OF COUNSEL:

Scott L. Robertson
Jennifer A. Albert
Christopher C. Campbell (Virginia Bar No. 36244)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC  20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444

Attorneys for Plaintiff
ePlus, Inc.