IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ePLUS, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>PERFECT COMMERCE, INC.,<br>SCIQUEST, INC., LAWSON<br>SOFTWARE, INC., and VERIAN<br>TECHNOLOGIES, INC.,<br><br>          Defendants. | Civil Action No.  2:09-CV-232-HCM-TEH |

## SCIQUEST, INC.'S ANSWER AND COUNTERCLAIMS

### ANSWER

Defendant SciQuest, Inc., ("SciQuest"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff ePlus, Inc. ("ePlus" or "Plaintiff") as follows:

SciQuest denies each and every allegation contained in ePlus's Complaint for Patent Infringement (the "Complaint"), except as specifically admitted or explained herein.  To the extent that the headings or any other non-numbered statements in ePlus's Complaint contain any allegations, SciQuest denies each and every such allegation.

1.      In response to paragraph 1 of the Complaint, no answer is required.

### NATURE OF THE ACTION

2.      In response to paragraph 2 of the Complaint, SciQuest admits that this action purports to be one for infringement of United States Patent Nos. 6,023,683 ("the '683 patent"), 6,055,516 ("the '516 patent"), and 6,505,172 ("the '172 patent") (collectively the "patents-in-suit").  SciQuest denies the remaining allegations contained in paragraph 2 of the Complaint.

3.      The allegations of paragraph 3 of the Complaint relate to another Defendant. SciQuest lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Complaint and on that basis, denies these allegations.

4.      Paragraph 4 of the Complaint contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, SciQuest denies the allegations contained in paragraph 4 of the Complaint.

5.      The allegations of paragraph 5 of the Complaint relate to another Defendant. SciQuest lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of the Complaint and on that basis, denies these allegations.

6.      The allegations of paragraph 6 of the Complaint relate to another Defendant. SciQuest lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint and on that basis, denies these allegations.

## THE PARTIES

7.      In response to paragraph 7 of the Complaint, SciQuest lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Complaint and on that basis, denies these allegations.

8.      In response to paragraph 8 of the Complaint, SciQuest lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint and on that basis, denies these allegations

9.      In response to paragraph 9 of the Complaint, SciQuest lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint and on that basis, denies these allegations.

10.     The allegations of paragraph 10 of the Complaint relate to another Defendant. SciQuest lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint and on that basis, denies these allegations.

11.     In response to paragraph 11 of the Complaint, SciQuest admits that it is a Delaware corporation, with its corporate headquarters at 6501 Weston Parkway, Suite 200, Cary,

North Carolina 27513. SciQuest admits that it makes, uses, sells, offers for sale, and/or imports into the United States certain products and services called the Requisition Manager and Order Manager. SciQuest denies each and every remaining allegation contained in paragraph 11 of the Complaint.

12. The allegations of paragraph 12 of the Complaint relate to another Defendant. SciQuest lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint and on this basis, denies these allegations.

13. The allegations of paragraph 13 of the Complaint relate to another Defendant. SciQuest lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Complaint and on this basis, denies these allegations.

14. In response to paragraph 14 of the Complaint, SciQuest denies each and every allegation of paragraph 14 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 14 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

15. In response to paragraph 15 of the Complaint, SciQuest denies each and every allegation of paragraph 15 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 15 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

## JURISDICTION AND VENUE

16. SciQuest admits the allegations in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, SciQuest admits, without admitting the validity of Plaintiff's patent infringement claims, that it is subject to personal jurisdiction in this judicial district and division. SciQuest denies the remaining allegations contained in paragraph 17 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 17 relate to another Defendant, SciQuest lacks sufficient knowledge or

information to admit or deny the allegations and on that basis, denies these allegations.

18. In response to paragraph 18 of the Complaint, SciQuest admits, for the purpose of this action only, that venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391(b) and (c). SciQuest denies the remaining allegations contained in paragraph 18 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 18 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

## COUNT I

### (Infringement of the '683 Patent)

19. In response to paragraph 19 of the Complaint, SciQuest realleges and incorporates by reference the answers stated in paragraphs 1-18 above.

20. In response to paragraph 20 of the Complaint, SciQuest lacks sufficient knowledge on which to admit or deny the allegations contained in paragraph 20 of the Complaint and on that basis, denies these allegations.

21. In response to paragraph 21 of the Complaint, SciQuest denies each and every allegation of paragraph 21 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 21 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

22. In response to paragraph 22 of the Complaint, SciQuest denies each and every allegation of paragraph 22 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 22 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

23. In response to paragraph 23 of the Complaint, SciQuest denies each and every allegation of paragraph 23 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 23 relate to another Defendant, SciQuest lacks sufficient

knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

## COUNT II

### (Infringement of the '516 Patent)

24. In response to paragraph 24 of the Complaint, SciQuest realleges and incorporates by reference the answers stated in paragraphs 1-23 above.

25. In response to paragraph 25 of the Complaint, SciQuest lacks sufficient knowledge on which to admit or deny the allegations contained in paragraph 25 of the Complaint and on that basis, denies these allegations.

26. In response to paragraph 26 of the Complaint, SciQuest denies each and every allegation of paragraph 26 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 26 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

27. In response to paragraph 27 of the Complaint, SciQuest denies each and every allegation of paragraph 27 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 27 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

28. In response to paragraph 28 of the Complaint, SciQuest denies each and every allegation of paragraph 28 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 28 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

## COUNT III

### (Infringement of the '172 Patent)

29. In response to paragraph 29 of the Complaint, SciQuest realleges and incorporates

by reference the answers stated in paragraphs 1-28 above.

30. In response to paragraph 30 of the Complaint, SciQuest lacks sufficient knowledge on which to admit or deny the allegations contained in paragraph 30 of the Complaint and on that basis, denies these allegations.

31. In response to paragraph 31 of the Complaint, SciQuest denies each and every allegation of paragraph 31 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 31 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

32. In response to paragraph 32 of the Complaint, SciQuest denies each and every allegation of paragraph 32 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 32 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

33. In response to paragraph 33 of the Complaint, SciQuest denies each and every allegation of paragraph 33 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 33 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

## COUNT IV

### (Willful Infringement)

34. In response to paragraph 34 of the Complaint, SciQuest realleges and incorporates by reference the answers stated in paragraphs 1-33 above.

35. In response to paragraph 35 of the Complaint, SciQuest denies each and every allegation of paragraph 35 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 35 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these

allegations.

36. In response to paragraph 36 of the Complaint, SciQuest denies each and every allegation of paragraph 36 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 36 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

37. In response to paragraph 37 of the Complaint, SciQuest denies each and every allegation of paragraph 37 of the Complaint to the extent they are directed to SciQuest. To the extent the allegations of paragraph 37 relate to another Defendant, SciQuest lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations. In addition, SciQuest notes that the '683 patent is currently under reexamination by the U.S. Patent and Trademark Office ("PTO") and 20 claims of the '683 patent have been finally rejected by the PTO as being anticipated by prior art.

## PLAINTIFF'S PRAYER FOR RELIEF

SciQuest denies that Plaintiff is entitled to the relief sought, or any other relief.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, SciQuest asserts the following defenses. SciQuest reserves the right to amend its Answer with additional defenses as further information is determined.

## FIRST DEFENSE

### (Failure to State a Claim)

38. SciQuest incorporates by reference paragraphs 1 through 37 of its Answer.

39. Plaintiff's Complaint fails to state a claim against SciQuest upon which relief may be granted.

## SECOND DEFENSE

### (Non-infringement of the Asserted Patents)

40. SciQuest incorporates by reference paragraphs 1 through 37 of its Answer.

7

41. SciQuest has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the patents-in-suit, and is not liable for infringement thereof.

### THIRD DEFENSE

### (Invalidity of the Asserted Patents)

42. SciQuest incorporates by reference paragraphs 1 through 37 of its Answer.

43. One or more claims of each of the patents-in-suit are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, and Plaintiff's claims for relief are therefore barred.

### FOURTH DEFENSE

### (Lack of Standing to Sue)

44. SciQuest incorporates by reference paragraphs 1 through 37 of its Answer.

45. Upon information and belief, Plaintiff lacks standing to sue because Plaintiff has failed to join all necessary parties.

### FIFTH DEFENSE

### (Prosecution History Estoppel)

46. SciQuest incorporates by reference paragraphs 1 through 37 of its Answer.

47. To the extent that Plaintiff attempts to assert infringement under the doctrine of equivalents, SciQuest believes that arguments and amendments contained in the prosecution history of the patents-in-suit will estop or bar any claims for alleged infringement.

### SIXTH DEFENSE

### (Unclean Hands)

48. SciQuest incorporates by reference paragraphs 1 through 37 of its Answer.

49. Plaintiff's claims for alleged infringement are barred or limited by the doctrine of unclean hands and other equitable doctrines.

### SEVENTH DEFENSE

### (Laches)

50. SciQuest incorporates by reference paragraphs 1 through 37 of its Answer.

51. Plaintiff's Complaint is barred, in whole or in part, under the doctrine of laches. By way of example, and without limitation, SciQuest alleges, on information and belief, that Plaintiff's claims under the patents-in-suit are barred by the doctrine of laches because (1) Plaintiff knew of SciQuest's allegedly infringing actions, (2) Plaintiff inexcusably failed to pursue its infringement claims in a timely and diligent manner from the time it became aware it had claims against SciQuest, and (3) SciQuest has been materially prejudiced by Plaintiff's inexcusable lack of diligence.

### EIGHTH DEFENSE

### (Inequitable Conduct: Intentional Omission of an Inventor)

52. SciQuest incorporates by reference paragraphs 1 through 37 of its Answer.

53. Each claim of the patents-in-suit is unenforceable for inequitable conduct during their prosecution.

54. On information and belief, at least James N. Johnson, Robert P. Kinross, Francis J. Melly, and Douglas A. Momyer (collectively, the "Inventors"), acting with intent to deceive, made material misstatements to the United States Patent and Trademark Office ("PTO") and intentionally failed to disclose to the PTO inventorship and prior invention information that each of them recognized to be material.

55. The patents-in-suit recite each of the Inventors as applicants.

56. As applicants with respect to the patents-in-suit, each of the Inventors owed a duty not to make misrepresentations to the PTO and a duty to disclose to the PTO any information material to the patentability of the applications that lead to the patents-in-suit. During the prosecution of the patents-in-suit, each of the Inventors acknowledged in signed declarations entitled "DECLARATION AND POWER OF ATTORNEY FOR PATENT APPLICATION" his respective "duty to disclose to the United States Patent and Trademark Office all information known by [him] to be material to patentability as defined in Title 37, Code of Federal Regulations, § 1.56."

57. Each of the Inventors made misrepresentations in their respective oaths by stating

that they were "an original, first and joint inventor . . . of the subject matter which is claimed and for which a patent is sought on the invention" claimed in the patents-in-suit.

58. On information and belief, the Inventors knowingly and intentionally failed to name one or more certain International Business Machines Corp. ("IBM") employees as a co-inventor(s) of at least one claim limitation of each the patents-in-suit and failed to disclose to the PTO information suggesting that the inventions of the patents-in-suit may have been invented by employees of IBM, raising a material issue of patentability under 35 U.S.C. §§ 102(f) and/or 103. Specifically:

    a. On information and belief, the Inventors collaborated with employees of IBM including but not limited to Charles Gounaris, Pamela Eng (f/k/a Pamela Jenkins), Dr. Al Roland, Kevin French, Jim Gomola, Claus Mokawka, Harry Alexander, Bill Saville, Steve Redmond, Dave Preston, and Anthony Ormston (collectively the "IBM employees") when developing the claimed inventions of the patents-in-suit.

    b. On information and belief, this collaboration between the named inventors and the IBM employees began in 1993 and continued through mid-1994.

    c. The inventions of the patents-in-suit incorporate the use of a search tool described as the Technical viewer 2 search program ("TV/2"). On information and belief, the TV/2 search program was invented and designed by IBM.

    d. On information and belief, one or more of the IBM employees contributed to the conception of at least one claim limitation of each of the patents-in-suit and the Inventors knew of this contribution.

59. On information and belief, the Inventors did not disclose this information to the PTO. A reasonable examiner would have found this information material to the patentability of the applications that lead to the patents-in-suit because, for example, a reasonable examiner could have concluded based on this information that the IBM employees were joint inventors of

10

the patents-in-suit or that the work of the IBM employees represented prior art that rendered one or more claims of the patents-in-suit unpatentable.

## PRAYER FOR RELIEF

WHEREFORE, SciQuest respectfully prays for the entry of judgment as follows:

A. Dismissing with prejudice any and all claims of Plaintiff's Complaint and ordering that Plaintiff take nothing as a result of the Complaint;

B. Judging the patents-in-suit and their claims invalid;

C. Judging the patents-in-suit and their claims unenforceable;

D. Judging that SciQuest has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the patents-in-suit.

E. That plaintiff be denied any remedies available under 35 U.S.C. § 284;

F. That the Court denies plaintiff any injunctive relief;

G. That the Court denies plaintiff any other relief as to Counts I-IV;

H. Finding that this is an exceptional case and awarding SciQuest its attorneys' fees as the prevailing party pursuant to 35 U.S.C. § 285;

I. That the Court award SciQuest its costs of suit; and

J. That the Court award such further relief as deemed just and proper.

## SCIQUEST, INC.'S COUNTERCLAIMS

60. Counterclaimant SciQuest hereby submits these counterclaims pursuant to Federal Rule of Civil Procedure 13 and incorporates by reference paragraphs 1 through 59 of its Answer.

61. There is an actual controversy between SciQuest and Plaintiff regarding non-infringement, validity, and/or unenforceability of the patents-in-suit because Plaintiff has asserted that SciQuest infringes the patents-in-suit.

62. This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. This Court has jurisdiction over the subject matter of these

counterclaims under 28 U.S.C. §§ 1331, 1338, and 1367.

63. SciQuest is a Delaware corporation with its corporate headquarters at 6501 Weston Parkway, Suite 200, Cary, North Carolina 27513.

64. Upon information and belief, Plaintiff ePlus, Inc. is a Delaware Corporation, with its principal place of business in this judicial district and division at 13595 Dulles Technology Drive, Herndon, Virginia 20171-3413.

65. This Court has personal jurisdiction over Plaintiff at least because Plaintiff submitted itself to this Court's personal jurisdiction by suing SciQuest in this Court.

66. Venue for these counterclaims is proper in this Court under 28 U.S.C. §§1391 and 1400 and under the doctrine of pendant venue because these counterclaims are closely related to the claims set forth in the Complaint.

## **FIRST COUNTERCLAIM**

### **(Invalidity)**

67. SciQuest incorporates by reference paragraphs 60 through 66 of its Answer and Counterclaim.

68. The claims of the patents-in-suit are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq*.

69. The claims of the patents-in-suit are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

## **SECOND COUNTERCLAIM**

### **(Non-infringement)**

70. SciQuest incorporates by reference paragraphs 60 through 66 of its Answer and Counterclaim.

71. SciQuest has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of any of the patents-in-suit.

## THIRD COUNTERCLAIM

### (Unenforceability)

72. SciQuest incorporates by reference paragraphs 60 through 66 of its Answer and Counterclaim.

73. The patents-in-suit are unenforceable for inequitable conduct during their prosecution. SciQuest incorporates herein by reference, as if fully set forth, the allegations of paragraphs 52-59, inclusive, of SciQuest's Answer above.

## PRAYER FOR RELIEF

WHEREFORE, SciQuest respectfully prays for the entry of judgment as follows:

A. Judging the patents-in-suit and their claims invalid;

B. Judging the patents-in-suit and their claims unenforceable;

C. Judging that SciQuest has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the patents-in-suit.

D. Finding that this is an exceptional case and awarding SciQuest its reasonable costs of suit and attorneys' fees pursuant to 35 U.S.C. § 285; and

E. That the Court award such further relief as deemed just and proper.

## DEMAND FOR JURY TRIAL

SciQuest hereby demands trial by jury on all issues.

Dated: July 8, 2009                      Respectfully submitted,

                                         /s/ Stephen E. Noona
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendants Perfect Commerce, Inc., SciQuest, Inc. and Lawson Software, Inc.*

Daniel Johnson, Jr.
Rita E. Tautkus
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
djohnson@morganlewis.com
rtautkus@morganlewis.com

Robert W. Busby, Jr. (VSB No. 41312)
Bradford A. Cangro
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
rbusby@morganlewis.com
bcangro@morganlewis.com

*Counsel for Defendants SciQuest, Inc. and Lawson Software, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2009, I will electronically file the foregoing Answer and Counterclaims with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Gregory N. Stillman
Brent Lee VanNorman
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Tel.: 757-640-5300
Fax.: 757-625-7720
gstillman@hunton.com
bvannorman@hunton.com

David M. Young
VSB No. 35997
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202 346-4000
Fax.: 202-346-4444
dyoung@goodwinprocter.com

OF COUNSEL:

Scott L. Robertson
Jennifer A. Albert
Christopher C. Campbell (VSB No. 36244)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202 346-4000
Fax.: 202-346-4444
srobertson@goodwinprocter.com

*Attorneys for Plaintiff*

Kenneth W. Brothers
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006-5403

Tel.: 202 420-4128
Fax.: 202-420-2201
brothersk@docksteinshapiro.com

*Attorneys for Defendant Perfect Commerce, Inc.*

James John Briody
Sutherland, Asbill & Brennan
1275 Penn Avenue, NW
Suite 800
Washington, DC 20004-2404
(202) 383-0100
jim.briody@sutherland.com

*Attorneys for Defendant Verian Technologies, Inc.*

                                                          /s/ Stephen E. Noona
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:    (757) 624-3000
Facsimile:    (757) 624-3169

*Counsel for Defendants Perfect Commerce, Inc., SciQuest, Inc. and Lawson Software, Inc.*

1493666\1

16