IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ePLUS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PERFECT COMMERCE, INC., ) | Civil Action No. 2:09cv232-HCM/TEM |
| SCIQUEST, INC., LAWSON ) | |
| SOFTWARE, INC. and VERIAN ) | |
| TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER OF DEFENDANT VERIAN TECHNOLOGIES, INC.

Defendant, Verian Technologies, Inc. (hereinafter "Verian"), by counsel, pursuant to Fed. R. Civ. P. 12(a) and subject to and without waiving any defenses, hereby submits its answer and affirmative defenses to the Complaint of Plaintiff, ePlus, Inc. (hereinafter "ePlus"), as follows:

1. Except as specifically admitted below, Verian denies each and every allegation of the Complaint and demands strict proof of each and every such allegation.

2. Regarding Paragraph 1 of the Complaint, Verian states that this paragraph is merely introductory and does not require a response. If Verian is required to respond to Paragraph 1, Verian admits that ePlus has filed its Complaint against Verian and the other named Defendants. Verian further admits that ePlus has demanded a jury trial. Verian specifically denies that ePlus is entitled to any relief against Verian as sought in the Complaint. Any remaining allegations of Paragraph 1 are denied.

3.      Regarding Paragraph 2 of the Complaint, Verian admits that the Complaint purports to be an action for patent infringement and seeks specified relief.  Verian specifically denies that any of its products, methods, processes, services and/or systems infringe any of the patents-in-suit.  Verian further denies that any of the patents-in-suit are valid.  To the extent that Paragraph 2 contains allegations about products and/or services offered by the other Defendants, Verian is without sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies the same.  Any remaining allegations of Paragraph 2 are denied.

4.      Paragraph 3 of the Complaint contains allegations against Defendant Perfect Commerce, Inc. to which Verian is not required to respond.  To the extent Verian is expected to respond to these allegations, Verian denies that any of the patents-in-suit are valid.  Verian is without sufficient knowledge or information to form a belief about the truth of any allegations about products and/or services offered by Defendant Perfect Commerce, Inc. and, therefore, denies the same.

5.      Paragraph 4 of the Complaint contains allegations against Defendant SciQuest, Inc. to which Verian is not required to respond.  To the extent Verian is expected to respond to these allegations, Verian denies that any of the patents-in-suit are valid.  Verian is without sufficient knowledge or information to form a belief about the truth of any allegations about products and/or services offered by Defendant SciQuest, Inc. and, therefore, denies the same.

6.      Paragraph 5 of the Complaint contains allegations against Defendant Lawson Software, Inc. to which Verian is not required to respond.  To the extent Verian is expected to respond to these allegations, Verian denies that any of the patents-in-suit are valid.  Verian is

without sufficient knowledge or information to form a belief about the truth of any allegations about products and/or services offered by Defendant Lawson Software, Inc. and, therefore, denies the same.

7. Regarding Paragraph 6 of the Complaint, Verian admits that the Complaint purports to be an action for patent infringement. Verian further admits that Verian provides web-based procurement software under the ProcureIT® name. Verian also admits that it provides products and/or services under the names Purchase Manager, Vendor Connect and Supplier Portal. Verian specifically denies that it has infringed the patents-in-suit, and otherwise denies any remaining allegations of Paragraph 6.

8. Verian is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 7 of the Complaint and, therefore, denies the same.

9. Verian is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 8 of the Complaint and, therefore, denies the same.

10. Verian is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 9 of the Complaint and, therefore, denies the same.

11. Paragraph 10 of the Complaint contains allegations against Defendant Perfect Commerce, Inc. to which Verian is not required to respond. To the extent Verian is expected to respond to these allegations, Verian is without sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, denies the same.

12. Paragraph 11 of the Complaint contains allegations against Defendant SciQuest, Inc. to which Verian is not required to respond. To the extent Verian is expected to respond to

these allegations, Verian is without sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, denies the same.

13. Paragraph 12 of the Complaint contains allegations against Defendant Lawson Software, Inc. to which Verian is not required to respond. To the extent Verian is expected to respond to these allegations, Verian is without sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, denies the same.

14. Regarding Paragraph 13 of the Complaint, Verian admits that it is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 8701 Mallard Creek Road, Charlotte, North Carolina 28262. Verian further admits that it provides web-based procurement software under the ProcureIT® name. Verian also admits that it provides products and/or services under the names Purchase Manager, Vendor Connect and Supplier Portal. To the extent inconsistent with the foregoing, the allegations of Paragraph 13 are denied.

15. Responding only on behalf of itself, Verian denies the allegations of Paragraph 14 of the Complaint. Verian specifically denies that the patents-in-suit are valid. To the extent Verian is expected to respond to allegations made against the other Defendants, Verian is without sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies the same.

16. Responding only on behalf of itself, Verian denies the allegations of Paragraph 15 of the Complaint. Verian specifically denies that the patents-in-suit are valid. To the extent Verian is expected to respond to allegations made against the other Defendants, Verian is

without sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies the same.

17. Verian admits the allegations of Paragraph 16 of the Complaint. Verian specifically denies that it has committed any act of patent infringement as alleged in the Complaint.

18. Responding only on behalf of itself, Verian denies that it is subject to personal jurisdiction in this District and otherwise denies the allegations of Paragraph 17 of the Complaint. To the extent Verian is expected to respond to allegations made against the other Defendants, Verian is without sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies the same.

19. Responding only on behalf of itself, Verian denies that venue is proper in this District as to it and otherwise denies the allegations of Paragraph 18 of the Complaint. To the extent Verian is expected to respond to allegations made against the other Defendants, Verian is without sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies the same.

20. In response to Paragraph 19 of the Complaint, Verian incorporates by reference its responses to Paragraphs 1-19 as if restated here in their entirety.

21. Verian is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 20 of the Complaint and, therefore, denies the same.

22. Responding only on behalf of itself, Verian denies the allegations of Paragraph 21 of the Complaint. Verian specifically denies that the '683 patent is valid. To the extent Verian is expected to respond to allegations made against the other Defendants, Verian is

without sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies the same.

23. Responding only on behalf of itself, Verian denies the allegations of Paragraph 22 of the Complaint. Verian specifically denies that the '683 patent is valid. To the extent Verian is expected to respond to allegations made against the other Defendants, Verian is without sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies the same.

24. Responding only on behalf of itself, Verian denies the allegations of Paragraph 23 of the Complaint. Verian specifically denies that the '683 patent is valid, which also precludes recovery against the other Defendants.

25. In response to Paragraph 24 of the Complaint, Verian incorporates by reference its responses to Paragraphs 1-24 as if restated here in their entirety.

26. Verian is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 25 of the Complaint and, therefore, denies the same.

27. Responding only on behalf of itself, Verian denies the allegations of Paragraph 26 of the Complaint. Verian specifically denies that the '516 patent is valid. To the extent Verian is expected to respond to allegations made against the other Defendants, Verian is without sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies the same.

28. Responding only on behalf of itself, Verian denies the allegations of Paragraph 27 of the Complaint. Verian specifically denies that the '516 patent is valid. To the extent Verian is expected to respond to allegations made against the other Defendants, Verian is

without sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies the same.

29. Responding only on behalf of itself, Verian denies the allegations of Paragraph 28 of the Complaint. Verian specifically denies that the '516 patent is valid, which also precludes recovery against the other Defendants.

30. In response to Paragraph 29 of the Complaint, Verian incorporates by reference its responses to Paragraphs 1-29 as if restated here in their entirety.

31. Verian is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 30 of the Complaint and, therefore, denies the same.

32. Responding only on behalf of itself, Verian denies the allegations of Paragraph 31 of the Complaint. Verian specifically denies that the '172 patent is valid. To the extent Verian is expected to respond to allegations made against the other Defendants, Verian is without sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies the same.

33. Responding only on behalf of itself, Verian denies the allegations of Paragraph 32 of the Complaint. Verian specifically denies that the '172 patent is valid. To the extent Verian is expected to otherwise respond to allegations made against the other Defendants, Verian is without sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies the same.

34. Responding only on behalf of itself, Verian denies the allegations of Paragraph 33 of the Complaint. Verian specifically denies that the '172 patent is valid, which also precludes recovery against the other Defendants.

35. In response to Paragraph 34 of the Complaint, Verian incorporates by reference its responses to Paragraphs 1-34 as if restated here in their entirety.

36. Responding only on behalf of itself to the allegations of Paragraph 35 of the Complaint, Verian admits, on information and belief, that it occasionally markets one or more of its products and/or services in areas in which Plaintiff markets one or more of its products. Verian is without knowledge or information sufficient to form a belief regarding allegations about the products and/or services marketed by other Defendants and, therefore, denies the same. The allegations of Paragraph 35 are otherwise denied.

37. Responding only on behalf of itself, Verian denies the allegations of Paragraph 36 of the Complaint. Verian specifically denies that the patents-in-suit are valid. To the extent that Verian is expected to otherwise respond to allegations against other Defendants, Verian is without knowledge or information sufficient to form a belief regarding allegations about the products and/or services marketed by other Defendants and, therefore, denies the same. The allegations of Paragraph 36 are otherwise denied.

38. Responding only on behalf of itself, Verian denies the allegations of Paragraph 37 of the Complaint. Verian specifically denies that the patents-in-suit are valid. To the extent that Verian is expected to otherwise respond to allegations against other Defendants, Verian is without knowledge or information sufficient to form a belief regarding allegations about the products and/or services marketed by other Defendants and, therefore, denies the same. The allegations of Paragraph 37 are otherwise denied.

39. Regarding the Prayer for Relief, Verian denies that ePlus is entitled to the relief sought against this defendant in the Prayer for Relief, including subparts A, B, C, D, E, F, G, H, and I, and demands strict proof thereof.

## ADDITIONAL DEFENSES

Verian asserts the following defenses:

### FIRST DEFENSE
(Lack of Personal Jurisdiction)

The Court lacks personal jurisdiction over Verian and, therefore, Plaintiff's Complaint should be dismissed as to this Defendant, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE
(Improper Venue)

Venue is improper in this judicial district as to Verian and, therefore, Plaintiff's Complaint should be dismissed as to this Defendant, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE
(Failure to State a Claim)

Plaintiff's Complaint, in whole or in part, fails to state a claim or claims upon which relief can be granted against Verian and, therefore, such claims should be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE
(Unclean Hands)

Further answering Plaintiff's Complaint and without waiving any other defenses, Defendant Verian alleges that Plaintiff's claims against it are barred by the doctrine of Unclean Hands.

## FIFTH DEFENSE
(Doctrines of Laches, Waiver and/or Estoppel)

Further answering Plaintiff's Complaint and without waiving any other defenses, Defendant Verian alleges that Plaintiff's claims against it are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## SIXTH DEFENSE
(Invalidity of '683 Patent)

U.S. Patent No. 6,023,683 is invalid for failure to satisfy one or more of the requirements set forth in 35 U.S.C. § 1, et seq., including one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

## SEVENTH DEFENSE
(Invalidity of '516 Patent)

U.S. Patent No. 6,055,516 is invalid for failure to satisfy one or more of the requirements set forth in 35 U.S.C. § 1, et seq., including one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

## EIGHTH DEFENSE
(Invalidity of '172 Patent)

U.S. Patent No. 6,505,172 is invalid for failure to satisfy one or more of the requirements set forth in 35 U.S.C. § 1, et seq., including one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

## NINTH DEFENSE
(Reservation of Right)

Further answering Plaintiff's Complaint and without waiving any other defenses, Defendant Verian reserves the right to assert any additional affirmative defenses as may be disclosed during the course of discovery.

WHEREFORE, Defendant Verian Technologies, Inc., requests the following relief:

1. The Complaint be dismissed with prejudice as to Verian;

2. The Plaintiff recover nothing from Verian;

3. Defendant Verian be awarded its attorneys fees, costs, and expenses;

4. The costs of this action be taxed against the Plaintiff; and

5. For such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: July 8, 2009

By: _____/s/_____
George E. Kostel, VSB No.34757
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, N.W. Suite 900
Washington, DC 20001
Email: george.kostel@nelsonmullins.com
(202) 712-2800
Fax: (202) 712-2862

OF COUNSEL:
Craig N. Killen
Frank B.B. Knowlton
Jeremy C. Whitley
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 799-2000

*Counsel for Defendant Verian Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2009 a copy of Defendant Verian Technologies, Inc.'s Answer was served by hand-delivery and electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following, who is a filing user:

>David M. Young, Esquire
>Goodwin Procter LLP
>901 New York Avenue, NW
>Washington, DC 20001
>(202) 346-4000
>
>*Counsel for Plaintiff*

>_____/s/_____
>George E. Kostel, Esq., VSB No. 34757
>101 Constitution Avenue, NW, Suite 900
>Washington, D.C. 20001
>Email: george.kostel@nelsonmullins.com
>Telephone: (202) 712-2800
>Facsimile: (202) 712-2860
>
>*Counsel for Defendant Verian Technologies, Inc.*