## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| ePLUS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>PERFECT COMMERCE, INC., SCIQUEST, INC., LAWSON SOFTWARE, INC., and VERIAN TECHNOLOGIES, INC.,<br><br>    Defendants. | Civil Action No.  2:09-CV-232-HCM-TEH |

## ANSWER AND COUNTERCLAIMS

Perfect Commerce, LLC[1] ("Perfect Commerce"), through its undersigned counsel, hereby answers the Complaint of ePLUS, Inc. ("ePLUS") and asserts Counterclaims as follows:

## ANSWER

1.  Perfect Commerce admits that ePLUS filed a Complaint against Perfect Commerce, SciQuest, Inc. ("SciQuest"), Lawson Software, Inc. ("Lawson"), and Verian Technologies, Inc. ("Verian") (collectively, "Defendants") and demanded a jury trial.

## NATURE OF THE ACTION

2.  Perfect Commerce admits that the Complaint alleges infringement of U.S. Patent No. 6,023,683 (the "'683 Patent"), U.S. Patent No. 6,055,516 (the "'516 Patent"), and U.S. Patent No. 6,505,172 (the "'172 Patent") and seeks injunctive and monetary relief.  Perfect Commerce denies the remaining allegations in Paragraph 2 of the Complaint.

---

[1] In its Complaint, ePLUS incorrectly identifies Perfect Commerce as a corporation.  In fact, Perfect Commerce is a limited liability company.  See Paragraph 10 of this Answer.

3. Perfect Commerce admits that the Complaint alleges on its face to "involve Perfect Commerce's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in electronic sourcing and procurement software applications, services, systems and methods, including but not limited to products and services marketed by Perfect Commerce as Perfect Commerce's On-Demand SRM Applications including its Perfect Procure, Open Supplier Network, Catalog Manager and Search Manager applications, systems, methods, and services." Perfect Commerce denies that it directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringes, or has ever directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed, any valid claim of the '683 Patent, the '516 Patent, or the '172 Patent, and otherwise denies the allegations in Paragraph 3 of the Complaint.

4. Perfect Commerce admits that the Complaint alleges on its face to "involve SciQuest's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in electronic sourcing and procurement software applications, services, systems and methods, including but not limited to products and services marketed by SciQuest as Procurement Automation Solutions, including SciQuest Requisition Manager, Order Manager, Catalog Manager, and Supplier Network, and related applications, systems, methods and services." Perfect Commerce lacks sufficient information to otherwise admit or deny the allegations in Paragraph 4 of the Complaint and on that basis denies the same.

5. Perfect Commerce admits that the Complaint alleges on its face to "involve Lawson's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing

2

products, methods, processes, services and systems that are primarily used or primarily adapted for use in electronic sourcing and procurement software applications, services, systems and methods, including but not limited to products and services marketed by Lawson as Lawson Supply Chain Management, including Lawson Procurement, Lawson Requisitions, Lawson Inventory Control, Purchase Order, Lawson Procurement Punchout, and related applications, systems, methods and services."  Perfect Commerce lacks sufficient information to otherwise admit or deny the allegations in Paragraph 5 of the Complaint and on that basis denies the same.

6.  Perfect Commerce admits that the Complaint alleges on its face to "involve Verian's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in electronic sourcing and procurement software applications, services, systems and methods, including but not limited to products and services marketed by Verian as ProcureIT solutions including the Purchase Manager solution, Vendor Connect module and Supplier Portal and related applications, systems, methods and services."  Perfect Commerce lacks sufficient information to otherwise admit or deny the allegations in Paragraph 6 of the Complaint and on that basis denies the same.

## THE PARTIES

7.  Perfect Commerce lacks sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and on that basis denies the same.

8.  Perfect Commerce lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint and on that basis denies the same.

9.  Perfect Commerce lacks sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint and on that basis denies the same.

10.  Perfect Commerce denies that it is a corporation organized under the laws of the State of Delaware. Perfect Commerce also denies that it is headquartered at 2713 Magruder Boulevard, Suite A in Hampton, Virginia 23666. Perfect Commerce states that it is a limited liability company organized under the laws of the Commonwealth of Virginia and headquartered at One Compass Way, Suite 120 in Newport News, Virginia 23606. Perfect Commerce admits that it sells a product named Perfect Procure, which includes distinct and separately sold purchasing and invoice management modules named Procurement Manager and Invoice Manager, respectively. Perfect Commerce also admits that it sells products named Catalog Manager and Search Manager and operates the Open Supplier Network. Perfect Commerce denies that it directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringes, or has ever directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed, any valid claim of the '683 Patent, the '516 Patent, or the '172 Patent.

11.  Perfect Commerce lacks sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint and on that basis denies the same.

12.  Perfect Commerce lacks sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint and on that basis denies the same.

13.  Perfect Commerce lacks sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint and on that basis denies the same.

14.  Perfect Commerce denies the allegations in Paragraph 14 of the Complaint.

15.  Perfect Commerce denies the allegations in Paragraph 15 of the Complaint.

**JURISDICTION AND VENUE**

16.  Perfect Commerce admits the allegations in Paragraph 16 of the Complaint.

17. Perfect Commerce admits that it is subject to personal jurisdiction in and headquartered in the Eastern District of Virginia. Perfect Commerce denies the remaining allegations in Paragraph 17 of the Complaint.

18. Perfect Commerce admits that venue is proper in the Eastern District of Virginia. Perfect Commerce denies the remaining allegations in Paragraph 18 of the Complaint.

## COUNT I
### (Alleging Infringement of the '683 Patent)

19. Perfect Commerce repeats and incorporates by reference Paragraphs 1-18 of this Answer as though fully set forth herein.[2]

20. Perfect Commerce lacks sufficient information to admit or deny the allegations in Paragraph 20 and on that basis denies the same.

21. Perfect Commerce denies the allegations in Paragraph 21 of the Complaint.

22. Perfect Commerce denies the allegations in Paragraph 22 of the Complaint.

23. Perfect Commerce denies the allegations in Paragraph 23 of the Complaint.

## COUNT II
### (Alleging Infringement of the '516 Patent)

24. Perfect Commerce repeats and incorporates by reference Paragraphs 1-23 of this Answer as though fully set forth herein.[3]

25. Perfect Commerce lacks sufficient information to admit or deny the allegations in Paragraph 25 and on that basis denies the same.

---

[2] Paragraph 19 of the Complaint states, "Paragraphs 1 through 16 are incorporated by reference as if fully restated herein." Perfect Commerce notes, however, that the Complaint contains 18 preceding paragraphs. Therefore, Perfect Commerce assumes ePLUS meant to incorporate Paragraphs 1-18 and referenced "Paragraphs 1 through 16" in error.

[3] Similar to the error in Paragraph 19 of the Complaint, ePLUS failed to reference two preceding paragraphs. Perfect Commerce assumes ePLUS meant to incorporate all of the preceding paragraphs of its Complaint (i.e., Paragraphs 1-23).

26. Perfect Commerce denies the allegations in Paragraph 26 of the Complaint.

27. Perfect Commerce denies the allegations in Paragraph 27 of the Complaint.

28. Perfect Commerce denies the allegations in Paragraph 28 of the Complaint.

## COUNT III
### (Alleging Infringement of the '172 Patent)

29. Perfect Commerce repeats and incorporates by reference Paragraphs 1-28 of this Answer as though fully set forth herein.[4]

30. Perfect Commerce lacks sufficient information to admit or deny the allegations in Paragraph 30 and on that basis denies the same.

31. Perfect Commerce denies the allegations in Paragraph 31 of the Complaint.

32. Perfect Commerce denies the allegations in Paragraph 32 of the Complaint.

33. Perfect Commerce denies the allegations in Paragraph 33 of the Complaint.

## COUNT IV
### (Alleging Willful Infringement)

34. Perfect Commerce repeats and incorporates by reference Paragraphs 1-33 of this Answer as though fully set forth herein.[5]

35. Perfect Commerce lacks sufficient information to admit or deny the allegations in Paragraph 35 of the Complaint and on that basis denies the same.

36. Perfect Commerce denies the allegations in Paragraph 36 of the Complaint.

37. Perfect Commerce denies the allegations in Paragraph 37 of the Complaint.

---

[4] Again, similar to the errors in Paragraphs 19 and 24 of the Complaint, ePLUS failed to reference two preceding paragraphs. Perfect Commerce assumes ePLUS meant to incorporate all of the preceding paragraphs of its Complaint (i.e., Paragraphs 1-28).

[5] Yet again, similar to the errors in Paragraphs 19, 24, and 29 of the Complaint, ePLUS failed to reference two preceding paragraphs. Perfect Commerce assumes ePLUS meant to incorporate all of the preceding paragraphs of its Complaint (i.e., Paragraphs 1-33).

38. Perfect Commerce denies each and every allegation not specifically admitted herein and denies that ePLUS is entitled to the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

39. Without admitting that it bears the burden of proof thereto, Perfect Commerce asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

40. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

41. Perfect Commerce does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed, any valid claim of the '683 Patent, the '516 Patent, or the '172 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

42. All of the claims of the '683 Patent, the '516 Patent, and the '172 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, 112, and 132.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

43. Upon information and belief, ePLUS is barred from recovering any alleged damages that occurred prior to the filing of the Complaint because ePLUS failed to comply with the requirements of 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence, and Laches)

44. Upon information and belief, ePLUS's claim for relief is barred, in whole or in part, by the doctrine of laches, acquiescence, or waiver, or any combination thereof.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

45. Upon information and belief, ePLUS's claim for relief is barred, in whole or in part, by the application of the doctrine of estoppel, including, but not limited to, the doctrines of equitable estoppel, judicial estoppel, and prosecution history estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

46. Upon information and belief, ePLUS's claim for damages is limited, in whole or in part, by 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

47. Upon information and belief, ePLUS's claim for damages is barred, in whole or in part, because ePLUS failed to mitigate its alleged damages.

## NINTH AFFIRMATIVE DEFENSE
### (Limitation of Recovery of Costs)

48. Upon information and belief, ePLUS's claim for recovering costs is limited, in whole or in part, by 35 U.S.C. § 288.

## TENTH AFFIRMATIVE DEFENSE
### (Bar on Injunctive Relief)

49. Upon information and belief, ePLUS is not entitled to injunctive relief because any alleged injury to ePLUS is not immediate or irreparable, and ePLUS has an adequate remedy at law.

50. Perfect Commerce reserves the right to amend this Answer to assert additional defenses based on future discovery in this action and ePLUS's legal theories, which are presently unknown to Perfect Commerce.

## COUNTERCLAIMS

1. Perfect Commerce repeats and incorporates by reference all paragraphs of its Answer as though fully set forth herein.

## THE PARTIES

2. Perfect Commerce is a limited liability company organized under the laws of the Commonwealth of Virginia and headquartered at One Compass Way, Suite 120 in Newport News, Virginia 23606.

3. Perfect Commerce offers world-class sourcing and procurement solutions for companies of all sizes, including Earl Industries, Ferguson Enterprises, the Federal Reserve, ConEdison, State Street, TIAA-CREF, BNP Paribas, UCLA, and Schlumberger. Today, Perfect Commerce serves over one hundred clients, tens of thousands of users, and thousands of suppliers worldwide.

4. Upon information and belief, ePLUS is a corporation organized under the laws of the State of Delaware and having its principal place of business at 13595 Dulles Technology Drive in Herndon, Virginia 20171.

5. Upon information and belief, ePLUS provides electronic sourcing and procurement software applications, services, systems, and methods.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. Venue in the Eastern District of Virginia is proper under 28 U.S.C. §§ 1391(b) and (c) because ePLUS is a corporation subject to personal jurisdiction in the Eastern District of Virginia by virtue of its regularly doing and soliciting business in the Eastern District of Virginia and filing the Complaint in the Eastern District of Virginia.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement)

8. Perfect Commerce repeats and incorporates by reference all paragraphs of its Answer and these Counterclaims as though fully set forth herein.

9. Perfect Commerce does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe, and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed, any valid claim of the '683 Patent, the '516 Patent, or the '172 Patent.

10. Perfect Commerce is therefore entitled to an entry of judgment that none of its products, services, and technologies directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringes any valid claim of the '683 Patent, the '516 Patent, or the '172 Patent.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity)

11. Perfect Commerce repeats and incorporates by reference all paragraphs of its Answer and these Counterclaims as though fully set forth herein.

12. All of the claims of the '683 Patent, the '516 Patent, and the '172 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, 112, and 132.

13. Perfect Commerce is therefore entitled to an entry of judgment that all of the claims of the '683 Patent, the '516 Patent, and the '172 Patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Perfect Commerce requests judgment against ePLUS as follows:

A. Dismissing ePLUS's claims with prejudice;

B. Declaring that Perfect Commerce has not infringed any valid claim of the '683 Patent, the '516 Patent, or the '172 Patent;

C. Declaring that all claims of the '683 Patent, the '516 Patent, and the '172 Patent are invalid;

E. Awarding attorneys' fees to Perfect Commerce under 35 U.S.C. § 285;

F. Awarding costs to Perfect Commerce;

G. Granting such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Perfect Commerce hereby demands trial by jury on all issues.

Dated:  July 8, 2009                              Respectfully submitted:


    /s/ Stephen E. Noona
Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:     (757) 624-3000
Facsimile:     (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendants Perfect Commerce LLC, incorrectly identified as Perfect Commerce, Inc, SciQuest, Inc. and Lawson Software, Inc.*

Kenneth W. Brothers (*not admitted in VA*)
Matthew J. Ricciardi (*not admitted in VA*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC  20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201

*Counsel for Defendant/Counter-Plaintiff Perfect Commerce, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2009, I will electronically file the foregoing Answer and Counterclaims with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Gregory N. Stillman
Brent Lee VanNorman
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Tel.: 757-640-5300
Fax.: 757-625-7720
gstillman@hunton.com
bvannorman@hunton.com

David M. Young
VSB No. 35997
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202 346-4000
Fax.: 202-346-4444
dyoung@goodwinprocter.com

OF COUNSEL:

Scott L. Robertson
Jennifer A. Albert
Christopher C. Campbell (VSB No. 36244)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202 346-4000
Fax.: 202-346-4444
srobertson@goodwinprocter.com

*Attorneys for Plaintiff*

Robert W. Busby, Jr. (VSB No. 41312)
Bradford A. Cangro
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone:	(202) 739-3000
Facsimile:	(202) 739-3001
rbusby@morganlewis.com
bcangro@morganlewis.com

*Counsel for Defendants SciQuest, Inc. and Lawson Software, Inc.*

James John Briody
Sutherland, Asbill & Brennan
1275 Penn Avenue, NW
Suite 800
Washington, DC 20004-2404
(202) 383-0100
jim.briody@sutherland.com

*Attorneys for Defendant Verian Technologies, Inc.*


    /s/ Stephen E. Noona
Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:	(757) 624-3000
Facsimile:	(757) 624-3169

*Counsel for Defendants Perfect Commerce LLC, incorrectly identified as Perfect Commerce, Inc, SciQuest, Inc. and Lawson Software, Inc.*

1493887\1

14