IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| *e*PLUS, INC., | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) 2:09-CV-232-HCM-TEM |
| v. | ) |
| | ) |
| PERFECT COMMERCE, INC., | ) JURY TRIAL DEMANDED |
| SCIQUEST, INC., LAWSON | ) |
| SOFTWARE, INC., and VERIAN | ) |
| TECHNOLOGIES, INC., | ) |
| | ) |
| Defendants. | ) |

**REPLY AND ANSWER OF *e*PLUS, INC. TO ANSWER AND COUNTERCLAIMS OF DEFENDANT PERFECT COMMERCE, LLC**

**REPLY TO PERFECT COMMERCE, LLC'S ANSWER**

Plaintiff *e*Plus, Inc. ("*e*Plus" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial to the Counterclaims ("the Counterclaims") filed by Defendant Perfect Commerce, LLC ("Perfect Commerce") in response to the Complaint in this action. Plaintiff hereby responds to the numbered paragraphs of the Counterclaims, and in doing so denies the allegations of the Counterclaims except as specifically stated. In replying to the Counterclaims, Plaintiff refers to the patents-in-suit in the following manner: United States Patent No. 6,023,683 (the "'683 Patent"); United States Patent No. 6,055,516 (the "'516 Patent"); and United States Patent No. 6,505,172 (the "'172 Patent").

Paragraphs 1 through 50 under "Answer" in Perfect Commerce's consolidated Answer and Counterclaims pertain only to Perfect Commerce's Answer to *e*Plus's

Complaint, and therefore no reply to those paragraphs is necessary. To the extent that any response is required, *e*Plus incorporates the allegations of its Complaint, Paragraphs 1 through 37, including the Prayer for Relief, and denies Paragraphs 40 through 49 of Perfect Commerce's Answer. In response to Perfect Commerce's footnote 1, *e*Plus acknowledges that Perfect Commerce was incorrectly described as a corporation in the Complaint, and that Perfect Commerce is a limited liability company. *e*Plus notes that Perfect Commerce accepted service of the Complaint and admitted that jurisdiction and venue were proper in Paragraphs 16 through 18 of its Answer. In response to Perfect Commerce's footnotes 2 through 5, *e*Plus acknowledges that the incorporations of paragraphs within the Complaint were incorrectly numbered, and should in each instance include all preceding paragraphs.

## ANSWER TO COUNTERCLAIMS

1. In response to Paragraph 1 of Perfect Commerce's Counterclaims, Plaintiff *e*Plus incorporates by reference the allegations of its Complaint, and the Introduction of this Reply.

## THE PARTIES

2. Upon information and belief, Plaintiff *e*Plus admits the allegations of Paragraph 2 of Perfect Commerce's Counterclaims.

3. Plaintiff *e*Plus lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 3 of Perfect Commerce's Counterclaims and on that basis denies them.

4. Plaintiff *e*Plus admits the allegations of Paragraph 4 of Perfect Commerce's Counterclaims.

5.      Plaintiff *e*Plus admits the allegations of Paragraph 5 of Perfect Commerce's Counterclaims.

## JURISDICTION AND VENUE

6.      In response to Paragraph 6 of Perfect Commerce's Counterclaims, Plaintiff *e*Plus admits that Perfect Commerce purports to state counterclaims invoking the subject matter jurisdiction of the Court under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.      Plaintiff *e*Plus admits that *e*Plus is subject to personal jurisdiction in the Eastern District of Virginia and that venue in the Eastern District of Virginia is proper under 28 U.S.C. §§ 1391(b) and (c) for Perfect Commerce's Counterclaims.  *e*Plus denies the remaining allegations in Paragraph 7 of Perfect Commerce's Counterclaims.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement)

8.      In response to Paragraph 8 of Perfect Commerce's Counterclaims, Plaintiff *e*Plus incorporates by reference the allegations of its Complaint, and Paragraphs 1-7 of this Reply.

9.      Plaintiff *e*Plus denies the allegations of Paragraph 9 of Perfect Commerce's Counterclaims.

10.     Plaintiff *e*Plus denies the allegations of Paragraph 10 of Perfect Commerce's Counterclaims.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity)

11.     In response to Paragraph 11 of Perfect Commerce's Counterclaims, Plaintiff *e*Plus incorporates by reference the allegations of its Complaint, and Paragraphs 1-10 of this Reply.

12. Plaintiff *e*Plus denies the allegations of Paragraph 12 of Perfect Commerce's Counterclaims.

13. Plaintiff *e*Plus denies the allegations of Paragraph 13 of Perfect Commerce's Counterclaims.

## PRAYER FOR RELIEF

In response to Perfect Commerce's Prayer for Relief, Plaintiff *e*Plus denies that Perfect Commerce is entitled to any of the relief requested, for any reason whatsoever and further states that Plaintiff *e*Plus prays for judgment against Defendant Perfect Commerce, granting Plaintiff the following relief:

A. That this Court adjudge and decree that the '683 Patent is valid and enforceable against Perfect Commerce, that the '516 Patent is valid and enforceable against Perfect Commerce, and that the '172 Patent is valid and enforceable against Perfect Commerce;

B. That this Court adjudge and decree that Perfect Commerce has infringed, directly and indirectly, the '683 Patent, the '516 Patent, and the '172 Patent;

C. That this Court permanently enjoin Perfect Commerce, and its parents, subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on its behalf, or within its control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Electronic Sourcing System Patents, or otherwise engaging in acts of

infringement of the Electronic Sourcing System Patents, all as alleged herein and in *e*Plus's Complaint;

  D. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Perfect Commerce that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

  E. That this Court assess pre-judgment and post-judgment interest and costs against Perfect Commerce, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

  F. That this Court declare this case to be exceptional and direct Perfect Commerce to pay *e*Plus's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

  G. That this Court award enhanced damages and attorneys' fees due to Perfect Commerce's willful infringement; and

  H. Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff *e*Plus demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Respectfully submitted,

Date: July 14, 2009

/s/
Gregory N. Stillman (VSB #14308)
Brent VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street
Suite 1000
Norfolk, VA 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson (*pro hac vice application pending*)
Jennifer A. Albert (*pro hac vice application pending*)
David M. Young (VSB #35997)
Robert D. Spendlove (VSB #75468)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

Shirley Sperling Paley (*pro hac vice application pending*)
James D. Clements (*pro hac vice application pending*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

*Attorneys for Plaintiff*
*ePlus, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July, 2009, I will electronically file the foregoing **Reply and Answer of ePlus, Inc. to Answer and Counterclaims of Defendant Perfect Commerce, Inc.,** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

Stephen E. Noona (VSB #25367)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA   23510
Telephone:  (757) 624-3289
Facsimile:  (757) 624-3169
senoona@kaufcan.com
*Counsel for Defendant Perfect Commerce, LLC,
SciQuest, Inc. and Lawson Software, Inc.*

James J. Briody (VSB 32128)
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC   20004-2415
Telephone:  (202) 383-0100
Facsimile:  (202) 637-3593
jim.briody@sablaw.com

George E. Kostel (VSB 34757)
Nelson Mullins Riley & Scarborough, LLP
101 Constitution Avenue, NW  Suite 900
Washington, DC   20001
Telephone:  (202) 712-2800
Facsimile:  (202) 712:2862
george.kostel@nelsonmullins.com
*Counsel for Verian Technologies, Inc.*

I certify that I will email the foregoing to the following non-filing users:

Daniel Johnson, Jr.
Rita E. Tautkus
Morgan, Lewis & Bockius, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1392
Facsimile: (415) 442-1001
djjohnson@morganlewis.com
rtautkus@morganlewis.com

Robert W. Busby, Jr. (VSB #41312)
Bradford A. Cangro
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone: (202) 739-5970
Facsimile: (202) 739-30001
rbusby@morganlewis.com
bcangro@morganlewis.com
*Counsel for Defendants SciQuest, Inc. and Lawson Software, Inc.*

Kenneth W. Brothers
Dickstein, Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-4128
Facsimile: (202) 420-2201
brothersk@dicksteinshapiro.com
*Counsel for Defendant Perfect Commerce, LLC*

I certify that I will mail a copy of the foregoing to the following counsel:

Craig N. Killen
Frank B.B. Knowlton
Jeremy C. Whitley
Nelson, Mullins, Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
*Counsel for Verian Technologies, Inc.*

_____/s/_____
Gregory N. Stillman

-8-