IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| *e*PLUS, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 2:09-CV-232-HCM-TEM |
| v. ) | |
| ) | |
| PERFECT COMMERCE, INC., ) | JURY TRIAL DEMANDED |
| SCIQUEST, INC., LAWSON ) | |
| SOFTWARE, INC., and VERIAN ) | |
| TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |

**REPLY AND ANSWER OF *e*PLUS INC. TO ANSWER AND COUNTERCLAIMS OF DEFENDANT LAWSON SOFTWARE, INC.**

**REPLY TO LAWSON SOFTWARE, INC.'S ANSWER**

Plaintiff *e*Plus, Inc. ("*e*Plus" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial to the Counterclaims ("the Counterclaims") filed by Defendant Lawson Software, Inc. ("Lawson") in response to the Complaint in this action.  Plaintiff hereby responds to the numbered paragraphs of the Counterclaims, and in doing so denies the allegations of the Counterclaims except as specifically stated.  In replying to the Counterclaims, Plaintiff refers to the patents-in-suit in the following manner:  United States Patent No. 6,023,683 (the "'683 Patent"); United States Patent No. 6,055,516 (the "'516 Patent"); and United States Patent No. 6,505,172 (the "'172 Patent").

Paragraphs 1 through 59 of Lawson's consolidated Answer and Counterclaims pertain only to Lawson's Answer to *e*Plus's Complaint, and therefore no reply to those paragraphs is

necessary except as specifically stated below. To the extent that any response is required, *e*Plus incorporates the allegations of its Complaint, Paragraphs 1 through 37, including the Prayer for Relief.

Plaintiff *e*Plus also specifically denies as false the statement in Lawson's Answer at Paragraph 37 that "20 claims of the '683 patent have been finally rejected by the PTO as being anticipated by prior art." Claims are not cancelled or confirmed in reexaminations until a final action or action closing prosecution has issued, all appeals have been exhausted, and a reexamination certificate has issued, which has not yet occurred for any of the 20 claims of the '683 patent undergoing reexamination. "A reexamination is complete only upon the statutorily mandated issuance of a reexamination certificate." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2007 WL 1655625 at *4, n.2 (N.D. Cal. June 7, 2007). The PTO is free to reconsider its initial determinations in a reexamination prior to issuing a reexamination certificate. *Id.* Thus, the '683 patent is valid and enforceable as a matter of law unless and until the conclusion of the entire reexamination process, including the appeals process, determines otherwise. *See Roper Corp. v. Litton Sys.*, 757 F.2d 1266, 1270 (Fed. Cir. 1985); *In re Bingo Card Minder Corp.*, 1998 U.S. App. LEXIS 5600, *4 (Fed. Cir. 1998); *In re Laughlin Prods., Inc.*, 265 F. Supp.2d 525, 528, n.4 (E.D. Pa. 2003); 35 U.S.C. § 307(a) (certificate canceling or confirming claims of patent on reexamination is issued when the appeals process has been exhausted); *see also Construction Equip. Co. v. Powerscreen Int'l Distribution, Ltd.*, 2009 WL 437703, *9 (D. Or. Feb. 19, 2009).

## ANSWER TO LAWSON SOFTWARE, INC.'S COUNTERCLAIMS

60.     In response to Paragraph 60 of Lawson's Counterclaims, Plaintiff *e*Plus admits that Lawson purports to state counterclaims pursuant to Federal Rule of Civil

Procedure 13. *e*Plus incorporates by reference the allegations of its Complaint, and the Introduction of this Reply.[1]

    61.    In response to Paragraph 61 of Lawson's Counterclaims, Plaintiff *e*Plus admits that an actual controversy exists between *e*Plus and Lawson, except that in the event that this Court finds that Lawson has not infringed any of the claims of the patents-in-suit, then any such controversy over the validity or enforceability of such claims would be rendered moot.

    62.    In response to Paragraph 62 of Lawson's Counterclaims, Plaintiff *e*Plus admits that Lawson purports to bring an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and to state counterclaims invoking the subject matter jurisdiction of the Court under 28 U.S.C. §§ 1331, 1338, and 1367.

    63.    Upon information and belief, Plaintiff *e*Plus admits the allegations of Paragraph 63 of Lawson's Counterclaims.

    64.    Plaintiff *e*Plus admits the allegations of Paragraph 64 of Lawson's Counterclaims.

    65.    In reply to Paragraph 65 of Lawson's Counterclaims, Plaintiff *e*Plus admits the Court has personal jurisdiction over *e*Plus, but denies the remaining allegations in Paragraph 65 of Lawson's Counterclaims.

    66.    In reply to Paragraph 66 of Lawson's Counterclaims, *e*Plus admits that venue is proper in this Court, but denies the remaining allegations in Paragraph 66 of Lawson's Counterclaims.

---

[1] For ease of reference, *e*Plus will follow the numbering convention used by Lawson. Lawson's Counterclaims begin at Paragraph 60.

## FIRST COUNTERCLAIM
### (Invalidity)

67. In response to Paragraph 67 of Lawson's Counterclaims, Plaintiff *e*Plus incorporates by reference the allegations of its Complaint, and Paragraphs 60-66 of this Reply.

68. Plaintiff *e*Plus denies the allegations of Paragraph 68 of Lawson's Counterclaims.

69. Plaintiff *e*Plus denies the allegations of Paragraph 69 of Lawson's Counterclaims.

## SECOND COUNTERCLAIM
### (Non-Infringement)

70. In response to Paragraph 70 of Lawson's Counterclaims, Plaintiff *e*Plus incorporates by reference the allegations of its Complaint, and Paragraphs 60-69 of this Reply.

71. Plaintiff *e*Plus denies the allegations of Paragraph 71 of Lawson's Counterclaims.

## THIRD COUNTERCLAIM
### (Unenforceablity)

72. In response to Paragraph 72 of Lawson's Counterclaims, Plaintiff *e*Plus incorporates by reference the allegations of its Complaint, and Paragraphs 60-71 of this Reply.

73. Plaintiff *e*Plus denies the allegations of Paragraph 73 of Lawson's Counterclaims, and responds as follows to the allegations of Paragraphs 52 thru 59 of Lawson's Answer. In response to Paragraph 52, Plaintiff *e*Plus incorporates by reference the allegations of its Complaint, and Paragraphs 60-72 of this Reply. *e*Plus denies the allegations

of Paragraph 53.  *e*Plus admits that James N. Johnson, Robert P. Kinross, Francis J. Melly, and Douglas A. Momyer are the inventors of the patents-in-suit, but denies the remaining allegations of Paragraph 54.  *e*Plus admits the allegations of Paragraphs 55 and 56.  *e*Plus denies the allegations of Paragraph 57.  *e*Plus admits that *e*Plus's predecessor-in-interest Fisher Scientific contracted with IBM consultants in 1994 to assist in the coding of modifications to the IBM Technical Viewer 2 ("TV/2") search program disclosed as one embodiment of the inventions of the patents-in-suit but denies the remaining allegations of Paragraph 58.  The IBM consultants performed such work pursuant to the inventors' instructions after the inventors had conceived the inventions.  *e*Plus denies the allegations of Paragraph 59.

## PRAYER FOR RELIEF

In response to Lawson's Prayer for Relief, Plaintiff *e*Plus denies that Lawson is entitled to any of the relief requested, for any reason whatsoever and further states that Plaintiff *e*Plus prays for judgment against Defendant Lawson, granting Plaintiff the following relief:

  A. That this Court adjudge and decree that the '683 Patent is valid and enforceable against Lawson, that the '516 Patent is valid and enforceable against Lawson, and that the '172 Patent is valid and enforceable against Lawson;

  B. That this Court adjudge and decree that Lawson has infringed, directly and indirectly, the '683 Patent, the '516 Patent, and the '172 Patent;

  C. That this Court permanently enjoin Lawson, and its parents, subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation

with, or on its behalf, or within its control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Electronic Sourcing System Patents, or otherwise engaging in acts of infringement of the Electronic Sourcing System Patents, all as alleged herein and in *e*Plus's Complaint;

   D.  That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Lawson that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

   E.  That this Court assess pre-judgment and post-judgment interest and costs against Lawson, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

   F.  That this Court declare this case to be exceptional and direct Lawson to pay *e*Plus's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

   G.  That this Court award enhanced damages and attorneys' fees due to Lawson's willful infringement; and

   H.  Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

   Plaintiff *e*Plus demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Respectfully submitted,

Date: July 14, 2009

/s/
Gregory N. Stillman (VSB #14308)
Brent VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street
Suite 1000
Norfolk, VA 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson (*pro hac vice application pending*)
Jennifer A. Albert (*pro hac vice application pending*)
David M. Young (VSB #35997)
Robert D. Spendlove (VSB #75468)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

Shirley Sperling Paley (*pro hac vice application pending*)
James D. Clements (*pro hac vice application pending*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

*Attorneys for Plaintiff*
*ePlus, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July, 2009, I will electronically file the foregoing **Reply and Answer of ePlus, Inc. to Answer and Counterclaims of Defendant Lawson Software, Inc.** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

Stephen E. Noona (VSB #25367)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3289
Facsimile: (757) 624-3169
senoona@kaufcan.com
*Counsel for Defendant Perfect Commerce, LLC,*
*SciQuest, Inc. and Lawson Software, Inc.*

James J. Briody (VSB 32128)
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC 20004-2415
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
jim.briody@sablaw.com

George E. Kostel (VSB 34757)
Nelson Mullins Riley & Scarborough, LLP
101 Constitution Avenue, NW Suite 900
Washington, DC 20001
Telephone: (202) 712-2800
Facsimile: (202) 712:2862
george.kostel@nelsonmullins.com
*Counsel for Verian Technologies, Inc.*

I certify that I will email the foregoing to the following non-filing users:

LIBA/2012590.3

Daniel Johnson, Jr.
Rita E. Tautkus
Morgan, Lewis & Bockius, LLP
One Market, Spear Street Tower
San Francisco, CA   94105-1596
Telephone:   (415) 442-1392
Facsimile:   (415) 442-1001
djjohnson@morganlewis.com
rtautkus@morganlewis.com

Robert W. Busby, Jr. (VSB #41312)
Bradford A. Cangro
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC   20004-2541
Telephone:   (202) 739-5970
Facsimile:   (202) 739-30001
rbusby@morganlewis.com
bcangro@morganlewis.com
***Counsel for Defendants SciQuest, Inc. and Lawson Software, Inc.***

Kenneth W. Brothers
Dickstein, Shapiro LLP
1825 Eye Street, NW
Washington, DC   20006-5403
Telephone:   (202) 420-4128
Facsimile:   (202) 420-2201
brothersk@dicksteinshapiro.com
***Counsel for Defendant Perfect Commerce, LLC***

I certify that I will mail a copy of the foregoing to the following counsel:

Craig N. Killen
Frank B.B. Knowlton
Jeremy C. Whitley
Nelson, Mullins, Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC   29201
Telephone:   (803) 799-2000
***Counsel for Verian Technologies, Inc.***

_____/s/_____
Gregory N. Stillman