IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:09cv232-HCM-TEM |
| | ) |
| | ) |
| v. | ) |
| PERFECT COMMERCE, INC., SCIQUEST, | ) |
| INC., LAWSON SOFTWARE, INC., and | ) |
| VERIAN TECHNOLOGIES, INC., | ) |
| | ) |
| Defendants. | ) |

DECLARATION OF BRENT L. VanNORMAN IN SUPPORT OF
*e*PLUS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY PROCEEDINGS

I, Brent L. VanNorman, declare as follows:

1.      I am an attorney with the law firm of Hunton & Williams LLP, counsel for Plaintiff *e*Plus, Inc. ("*e*Plus") in this litigation. I submit this declaration in support of *e*Plus's Opposition to Defendants' Motion to Stay Proceedings. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently hereto.

2.      Attached hereto as Exhibit A is a true and correct copy of the Notice of Failure to Comply with *Inter Partes* Reexamination Request Filing Requirements (37 CFR 1.915(d)) with respect to Lawson Software's Request for Reexamination of U.S. Patent No. 6,505,172 mailed by the U.S. Patent and Trademark Office on July 27, 2009.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Norfolk, Virginia on July 29, 2009.

_Brent L. VanNorman_
Brent L. VanNorman

# EXHIBIT A

 UNITED STATES PATENT AND TRADEMARK OFFICE                    PTOL-2076 (8/06)

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

Requester's Name and Address:    DOUGLAS J. CRISMAN
MORGAN LEWIS & BOCKIUS, LLP
2 PALO ALTO SQUARE, 3000 EL CAMINO REAL
PALO ALTO, CA 94306

Control Number: 95/000,487

Patent Number: 6,505,172      Request Receipt Date: 07/10/09      Date Mailed: 7/27/09

**NOTICE OF FAILURE TO COMPLY WITH *INTER PARTES* REEXAMINATION REQUEST FILING REQUIREMENTS (37 CFR 1.915(d))**

The Central Reexamination Unit (CRU) in the United States Patent and Trademark Office (USPTO) has received a request for *inter partes* reexamination. The request cannot be processed, because the below-identified filing date requirements for an *inter partes* reexamination request have not been satisfied. If a fully compliant response is not received within <u>30</u> days of the mailing date of this notice, the request will be treated as a prior art citation under 37 CFR 1.501 or closed from public view, at the Office's option. A filing date will **NOT** be assigned to the request until the deficiencies noted below are corrected (37 CFR 1.919(a)):

The following items required by **37 CFR 1.915** are missing:

☐ 1. The *inter partes* reexamination filing fee under 37 CFR 1.20(c)(2) – see Attached Form PTO-2057.

☐ 2. An identification of the patent by its patent number, and of every claim of the patent for which reexamination is requested.

☐ 3. A citation of the patents and printed publications that are presented to raise a substantial new question of patentability.

☒ 4. A statement pointing out each substantial new question of patentability based on the cited patents & printed publications, and a detailed explanation of the pertinency and manner of applying the patents & printed publications to every claim for which reexamination is requested.

☐ 5. A legible copy of every patent or printed publication (other than U.S. patents or U.S. patent publications) relied upon or referred to in (3) and (4) above, accompanied by an English language translation of all the necessary and pertinent parts of any non-English language document.

☐ 6. A legible copy of the entire patent including the front face, drawings, and specification/claims (in double column format) for which reexamination is requested, and a copy of any disclaimer, certificate of correction, or reexamination certificate issued in the patent. All copies must have each page plainly written on only one side of a sheet of paper.

☐ 7. A certification by the third party requester that a copy of the request has been served in its entirety on the patent owner at the address provided for in 37 CFR 1.33(c). The name and address of the party served must be indicated. If service was not possible, a duplicate copy of the request must be supplied to the Office.

☐ 8. A certification by the third party requester that the estoppel provisions of 37 CFR 1.907 do not prohibit the *inter partes* reexamination.

☐ 9. A statement identifying the real party in interest to the extent necessary for a subsequent person filing an *inter partes* reexamination request to determine whether that person is a privy of the real party in interest.

☒ 10. Other item: See Attachment.

☐ Explanation of above item(s): See Attachment.

Any written correspondence in response to this notice must include a submission pursuant to the attached instructions. **The instructions for a detailed explanation for an *inter partes* reexamination request differ from those for an *ex parte* reexamination request.** Any written correspondence in response to this notice should be mailed to the Central Reexamination Unit (CRU), ATTN: "Box *Inter Partes* Reexam" at the USPTO address indicated at the top of this notice. Any "replacement documents" may be facsimile transmitted to the CRU at the FAX number indicated below. A REPLACEMENT STATEMENT AND EXPLANATION UNDER 37 CFR 1.915(b)(3) MAY NOT BE FACSIMILE TRANSMITTED.

_____
Legal Instruments Examiner, Central Reexamination Unit
(571) 272-7740    ; FAX No. (571) 273-9900

cc: Patent Owner's Name and Address:    GOODWIN PROCTER LLP
901 NEW YORK AVENUE NW
WASHINGTON, DC 20001

## ATTACHMENT TO PTOL-2076

Control Number: 95/000,487
Patent Number: 6,505,172
Request Receipt Date: July 10, 2009

**Please read the instructions that accompany this Notice and Attachment.**

A request for *inter partes* reexamination (or for *ex parte* reexamination) must now meet all the applicable statutory and regulatory requirements before a filing date is accorded to the request. See MPEP 2227 Part B.1 and MPEP 2217, Part I. See also *Clarification of Filing Date Requirements for Ex Parte and Inter Partes Reexamination Proceedings*, 71 Fed. Reg. 44219 (August 4, 2006), 1309 *Off. Gaz. Pat. Office* 216 (August 29, 2006) (final rule.)

The request submitted on July 10, 2009, cannot be processed because all of the filing date requirements for an *Inter Partes* reexamination have not been satisfied. The Request for Reexamination does not comply with the filing requirement of an *Inter Partes* reexamination proceeding under 37 CFR 1.915(b)(3). A statement pointing out **each substantial new question** of patentability based on the cited patents and printed publications, and detailed explanation of the pertinency and manner of applying the patents and printed publications to every claim for which reexamination is requested.

Under 35 U.S.C. 311, in a request for *inter partes* reexamination of a patent, the requester must "set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested." Then, under 35 U.S.C. 312 and 313, the Office must determine whether "a substantial new question of patentability" affecting any claim of the patent has been raised by the request for reexamination. To implement these statutory provisions, 37 CFR 1.915(b)(3) requires that the request include "a statement pointing out each substantial new question of patentability based on the cited patents and printed publications...." See MPEP 2617. Accordingly, it is mandatory that the request clearly set forth in detail the specifics of what the third party requester considers the "substantial new question of patentability" to be. A request should point out how any questions of patentability raised are substantially different from those raised in the previous examination of the patent before the Office. See MPEP 2616.1[1]

---

1[1] MPEP 2616 points out that: "It is not sufficient that a request for reexamination merely proposes one or more rejections of a patent claim or claims as a basis for reexamination. It must first be demonstrated that a patent or printed publication that is relied upon in a proposed rejection presents a new, non-cumulative technological teaching that was not previously considered and discussed on the record during the prosecution of the application that resulted in the patent for which reexamination is requested, and during the prosecution of any other prior proceeding involving the patent for which reexamination is requested." [Emphasis added] The legislative history of the reexamination statute also provides that: "Section I provides for a system of administrative reexamination of patents within the patent office. This new procedure will permit any party to petition the patent office to review the efficacy of a patent, subsequent to its issuance, on the basis of new information about preexisting technology which may have escaped review at the time of the initial examination of the patent application." H.R. Rep. No. 96-1307, 96th Cong., 2d Sess. 3 (1980), reprinted in 1980 U.S.C.C.A.N. 6460, 6461, 6462.

The request has failed to provide the requisite identification and explanation, in compliance with 37 CFR 1.915(b)(3), of what substantial new questions of patentability (SNQs) are being raised by the cited prior art documents under 37 CFR 1.915(b).  The request fails to clearly explain how each asserted question of patentability is substantially different from those raised in the previous examination of the patent before the Office. Specifically, the request states, e.g., on page 17 "The '551 Patent describes an electronic sourcing system that was developed by the office supply and business forms company Moore Business Forms,...", but fail to clearly identify what is the new, non-cumulative technological teaching for each reference.  The request simply relies upon the detailed explanation as the sole basis for establishing the SNQ.  As pointed out in MPEP 2616, "[i]t is not sufficient that a request for reexamination merely proposes one or more rejections of a patent claim or claims as a basis for reexamination. It must first be demonstrated that a patent or printed publication that is relied upon in a proposed rejection presents a new, non-cumulative technological teaching that was not previously considered and discussed on the record during the prosecution of the application that resulted in the patent for which reexamination is requested, and during the prosecution of any other prior proceeding involving the patent for which reexamination is requested." [Emphasis added].  While the request does address what some of the references teach individually, the request does not clearly explain, for each identified proposed rejection, which teachings of the art advanced as to the proposed rejection are substantially different than those considered in the previous examination of the patent by the Office. Any corrected request filed in response to this decision must clearly establish, for each proposed rejection identified, what is the new technical teaching being provided by the citation of the newly cited references that supports the proposed rejection.  See MPEP 2642.

Also, the request for inter partes reexamination cites 30 prior art references on the Information Disclosure Statement (IDS).  Specifically, the request does not include a detailed explanation of how each of the references cited on FORM PTO-1449 commingles documents relied upon to establish new question of patentability with documents that are not relied upon to establish a substantial new question of patentability.

Under 35 U.S.C. 315, the patent owner in an *inter partes* reexamination proceeding has an appeal right "with respect to any decision adverse to the patentability of" the patent claims, and the reexamination requester has an appeal right "with respect to any final decision favorable to the patentability of" the patent claims. Accordingly, the requester must accompany each proffered substantial new question of patentability with a proposed ground of rejecting the claims to which the substantial new question of patentability is directed.

Requester must explain each proposed rejection in terms of the pertinency and manner of applying the cited art, i.e., references, to every claim for which reexamination is requested.2[1]  The request has failed to provide the required detailed explanation of how

2[1] 35 U.S.C. 311(b) states in pertinent part:
        "(b) REQUIREMENTS.- The request shall-
        *****

the references apply to each and every claim limitation in claims 1-7 in every proposed rejection based on anticipation under 35 U.S.C. 102. The above-mentioned examples are illustrative examples and do not list every inconsistency. Similar inconsistencies exist in the other proposed rejections. Therefore, the entire request must be reviewed for similiar inconsistencies and incompleteness and corrected in any corrected request for reexamination.

In view of the above, the request fails to provide a "statement pointing out each substantial new question of patentability based on the cited patents and printed publications, and a detailed explanation of the pertinency and manner of applying the patents and printed publications to every claim for which reexamination is requested," as is required by 37 CFR 1.915(b)(3).

**Each substantial new question of patentability (SNQ) to be raised and proposed ground of rejection must be identified separately.3[1]  The patent claims applying to each identified SNQ and proposed rejection must be listed. Then, for each identified proposed rejection, the request must explain how the cited documents identified for that proposed rejection are applied to meet/teach the claim limitations for each listed claim, to thus establish the identified proposed rejection.**

If the requester were permitted to omit an identification of each SNQ and an explanation of how such documents cited in the request are applied to the patent claims, an undue burden would be placed on the Office to address each document in the determination on the request, without an explanation of the relevance to the patent claims. Accordingly, such an omission is prohibited by law.

## CONCLUSION

In accordance with 37 CFR 1.915(b), a filing date for the reexamination request will not be granted **at this time**.

Requester has the option to respond to this identification of a defect by using the appropriate option(s) set forth below:

Providing an explanation of the manner and pertinence of applying each cited document to the patent claims for which reexamination is requested, as required by 37 CFR 1.915(b)(3). Each substantial new question of patentability or proposed ground of rejection ("SNQ/proposed rejection") must be identified separately. The patent claims applying to each identified SNQ/proposed rejection must be listed. Then, for each identified SNQ/proposed rejection, the request must explain how the cited documents identified for that SNQ/proposed rejection are applied to meet/teach the claim limitations for each listed claims, to thus establish the identified SNQ/proposed rejection. Where

---

(2) set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested. ..."

3[1] "Shot-gun" statements, or lumping of multiple SNQ/rejection permutations together is **not permitted**. See MPEP 2617.

references are applied in combination, each combination must be individually identified, and for each separately identified combination of references, the basis for forming that combination must be supplied for each claim to which the identified combination is being applied.

Explicitly withdrawing any document for which such an explanation is not to be provided for the patent claims, and submitting a new listing confined to the documents for which a discussion required by 37 CFR 1.915(b)(3) has been provided via the request papers. As to any of the documents withdrawn, if reexamination is ultimately ordered, the patent owner may, in accordance with MPEP 2280, submit an Information Disclosure Statement (IDS) in compliance with 37 CFR 1.555 "within two months of the date of the order granting reexamination, or as soon thereafter as possible."

Explicitly withdrawing the request to reexamine any patent claim for which the requisite identification of the SNQ and explanation of proposed rejection are not provided, and replacing the presently-of-record listing (in the deposited request) of the claims for which reexamination is requested – with a new listing of claims for which reexamination is requested, the new identification being confined to those claims for which the discussion required by 37 CFR 1.915(b)(3) is provided.

Withdrawing any proposed combination or application of a sole reference for which an explanation as required by 37 CFR 1.915(b)(3) is not provided, by replacing the presently-of-record identification of the SNQ and explanation of proposed rejection with a new identification of the SNQ and explanation of proposed rejection, the new identification being confined to those claims for which the discussion required by 37 CFR 1.915(b)(3) is provided.

**Failure to submit a proper response to this Notice may result in the termination of the request, with no filing date accorded.**

All correspondence related to this ex parte reexamination proceeding should be directed:

By EFS:  Registered users may submit via the electronic filing system EFS-Web, at http://sportal.gov/authenticate/authenticateuserlocalepf.html.

By Mail to:   Mail Stop Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

By Hand:   Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

### INSTRUCTIONS TO NOTICE OF FAILURE TO COMPLY WITH *INTER PARTES* REEXAMINATION REQUEST FILING REQUIREMENTS (37 CFR 1.915)

### HOW TO REPLY TO THIS NOTICE

Any written correspondence in response to this notice must include either a **replacement document, or, if item #4 is checked and/or it is otherwise specifically required by the Office, a paper containing a replacement statement and explanation under 37 CFR 1.915(b)(3)** that either replaces the originally-filed statement and explanation or provides a previously missing statement and explanation. A replacement document either replaces an originally-filed document, or provides a previously missing document, that contains part(s) of the request other than the statement and explanation as set forth in 37 CFR 1.915(b)(3). For example, a replacement to the originally-filed listing of cited patents and printed publications, PTO/SB/08 (formerly designated as PTO-1449) or its equivalent, is a replacement document.

If a paper containing a replacement statement and explanation, or a replacement document (other than a replacement certificate of service), is submitted by a third party requester, it must be accompanied by a certification that a copy of the replacement statement and explanation under 37 CFR 1.915(b)(3), or that a copy of the replacement document, has been served in its entirety on the patent owner at the address provided for in 37 CFR 1.33(c). The name and address of the party served must be indicated. If service was not possible, a duplicate copy of the replacement statement and explanation (or replacement document) must be supplied to the Office.

### REPLACEMENT STATEMENT AND EXPLANATION UNDER 37 CFR 1.915(b)(3) (ITEM #4 IS CHECKED)

The **statement and explanation under 37 CFR 1.915(b)(3) (see item #4)** must discuss **EVERY** patent or printed publication cited in the **information disclosure statement** in at least one proposed rejection or statement identifying a <u>substantial new question of patentability</u> (SNQ), AND in a corresponding <u>detailed explanation</u> (see the below discussion). Furthermore, **EVERY claim for which reexamination is requested** must be discussed in at least one proposed rejection or statement identifying an SNQ and in the corresponding detailed explanation. If item #4 is missing or incomplete, a paper containing a **replacement statement and explanation under 37 CFR 1.915(b)(3) is required.**

A paper containing a replacement statement and explanation under 37 CFR 1.915(b)(3) may **NOT be facsimile transmitted. It must be received by first class mail or by U.S. Postal Service (USPS) Express Mail.**

If an **originally-filed information disclosure statement cites patents or printed publications that are NOT discussed** in at least one proposed rejection or statement identifying an SNQ AND in the corresponding detailed explanation in the originally-filed request, then the requester must file either (a) a **replacement document, i.e., a replacement PTO/SB/08 (former PTO-1449)** or its equivalent, listing **ONLY** those patents and printed publications that are so discussed, or (b) a paper containing a **replacement statement and explanation under 37 CFR 1.915(b)(3).** If the first option is chosen, the replacement PTO/SB/08 or its equivalent should include a cover letter expressly withdrawing from the request any previously cited references that are being omitted by the replacement PTO/SB/08 or its equivalent. The requester may, if desired, file both a replacement PTO/SB/08 or its equivalent and a paper containing a replacement statement and explanation, if the replacement statement and explanation discusses EVERY patent or printed publication, cited in the replacement PTO/SB/08 or its equivalent, in at least one proposed rejection or statement identifying an SNQ and in the corresponding detailed explanation.

Requester is NOT required to, and should not, additionally file a replacement copy of any exhibits, references, etc., or other replacement parts of the request (i.e., replacement documents) if a defect requiring a replacement document is not specifically identified by this notice.

### Examples of When a Replacement Statement and Explanation under 37 CFR 1.915(b)(3) Is Required:

1. The originally-filed request fails to discuss **EVERY** patent or printed publication cited in the originally-filed information disclosure statement in at least one proposed rejection or statement identifying an SNQ and in the corresponding detailed explanation, and the requester does not wish to file a replacement PTO/SB/08 (formerly designated as PTO-1449) or its equivalent listing ONLY those patents and printed publications <u>that are so discussed.</u>

2. The originally-filed request discusses every patent or printed publication cited in the information disclosure statement in at least one proposed rejection or statement identifying an SNQ, but **fails to discuss EVERY patent or printed publication cited in the information disclosure statement in a <u>detailed explanation</u> that corresponds to the proposed rejection or statement identifying an SNQ.**

3. The originally-filed request fails to discuss **EVERY CLAIM** for which reexamination is requested in at least one proposed rejection or statement identifying an SNQ, and in the corresponding detailed explanation.

## Examples of Proposed Rejections and Statements Identifying a Substantial New Question of Patentability (SNQ)

### Proposed rejections

Claims 1-3 are obvious over reference A in view of reference B.
Claims 4-6 are obvious over reference A in view of references B and C.
Claims 7-10 are obvious over reference Q in view of reference R.

### Statements identifying a substantial new question of patentability

A substantial new question of patentability as to claims 1-3 is raised by reference A in view of reference B.
A substantial new question of patentability as to claims 4-6 is raised by reference A in view of references B and C.
A substantial new question of patentability as to claims 7-10 is raised by reference Q in view of reference R.

**A proposed rejection or statement identifying an SNQ must be repeated with any *replacement* detailed explanation that corresponds to the proposed rejection or statement identifying an SNQ, in any paper containing a replacement statement and explanation under 37 CFR 1.915(b)(3).**

**In addition, the requester should include an explanation of *how the SNQ is raised.***

1. Assume that claim 1 of the patent recites, as one of the limitations, widget W.  Requester would state that the XYZ reference, cited in the information disclosure statement, contains a teaching of widget W as recited in claim 1, and that this teaching was not present during the prior examination of the patent under reexamination (i.e., the teaching is "new").  Requester would also state that he believes that a reasonable examiner would consider this teaching important in determining whether or not the claims are patentable.  For this reason, requester would state that this teaching by the XYZ reference raises a substantial new question of patentability (SNQ) with respect to at least claim 1 of the patent.  Similarly, if dependent claim 6 adds widget H, the requester would state that the ABC reference, cited in the information disclosure statement, contains a teaching of widget H as recited in claim 6, that this teaching was not present during the prior examination of the patent, that a reasonable examiner would consider this teaching important in determining whether or not the claims are patentable, and that this teaching raises an SNQ with respect to dependent claim 6 of the patent.

2. Assume that claim 1 of the patent recites, as one of its limitations, limitation W.  Assume either that reference XYZ was applied in a rejection during the prior examination of the patent, or that the teachings of reference XYZ are purely cumulative to a reference cited in a rejection during the prior examination of the patent.  Assume further that reference ABC teaches that the limitation W would have been either inherent given the teachings of reference XYZ, or would have been obvious in view of the combination of XYZ and ABC.  Reference ABC was cited in an information disclosure statement but was never discussed or applied in a rejection *in combination with the XYZ reference* during the prior examination of the patent under reexamination.  **Requester would state** that reference XYZ was present during the prior examination of the patent under reexamination because it was applied in a rejection during the prosecution of the patent, and that reference ABC was cited in an information disclosure statement but never applied in a rejection (or never discussed), **in combination with the XYZ reference** during the prior examination of the patent under reexamination   Requester would then state (1) that the *combination* of the XYZ reference and the ABC reference, both of which are cited in the information disclosure statement, contains a teaching of limitation W as recited in claim 1, (2) that this teaching provided by the **combination** of the XYZ and ABC references was not presented during the prior examination of the patent under reexamination, (3) that a reasonable examiner would consider this teaching important  in determining whether or not the claims are patentable, and (4) that the presentation of this teaching raises a SNQ with respect to claim 1 of the patent.

### Example of a Detailed Explanation

Assume, for example, that a requester believes that the XYZ reference, alone, anticipates claims 1-5.  The requester would expressly propose a rejection of claims 1-5 under 35 USC 102(b) as being anticipated by the XYZ reference.  In a claim chart, the requester would then show how each limitation of claims 1-5 is anticipated by the XYZ reference.  If the requester believes that the XYZ reference, in view of the ABC reference, renders obvious claims 6-10, the requester would expressly propose a rejection of claims 6-10 under 35 USC 103 as being obvious over the XYZ reference in view of the ABC reference.  In a claim chart, the requester would then show which limitations of claims 6-10 are taught by the XYZ reference, and which limitations of claims 6-10 are taught by the ABC reference. The requester should quote each pertinent teaching in the prior art reference, referencing each quote by page, column and line number, and any relevant figure numbers.  Finally, for a proposed rejection, the requester must show how these two references are combined, and the teaching in either the XYZ or the ABC references which provides the motivation to combine these references in order to render claims 6-10 obvious.

## REPLACEMENT DOCUMENTS

**If the originally-filed PTO/SB/08 (former PTO-1449) or its equivalent lists patents or printed publications that are NOT discussed** in at least one proposed rejection or statement identifying an SNQ AND in the corresponding detailed explanation in **the originally-filed request**, the requester may file a paper containing a **replacement PTO/SB/08 (former PTO-1449) or its equivalent** listing ONLY those patents and printed publications that are so discussed.  The replacement PTO/SB/08 or its equivalent should include a cover letter expressly withdrawing from the request any previously cited references that are now being omitted by the replacement PTO/SB/08 or its equivalent.   Similarly, if **any patent or printed publication discussed** in at least one proposed rejection or statement identifying an SNQ AND in the corresponding detailed explanation in **the originally-filed request is not listed in the originally-filed PTO/SB/08 (former PTO-1449)** or its equivalent, the requester must file a **replacement PTO/SB/08 (former PTO-1449)** or its equivalent listing all of the patents and printed publications, including the previously omitted reference(s), and provide copies of the missing references if copies were not provided with the originally-filed request.

If a copy of a patent, printed publication, or an English-language translation of a patent or printed publication, that is cited in the PTO/SB/08 (former PTO-1449) or its equivalent, is illegible, missing, or incomplete (i.e., it does not contain all of the pages indicated in the PTO/SB/08 (former PTO-1449) or its equivalent), a replacement copy of the patent or printed publication is required.

If a copy of any disclaimer, certificate of correction, or reexamination certificate issued in the patent, or a copy of the entire patent for which reexamination is requested as described in item #6, is missing, or if the copy that was received by the Office was illegible or incomplete, a replacement document (i.e., a replacement copy of the disclaimer, certificate of correction, reexamination certificate, or entire patent under reexamination as described in item #6) is required.

If the requester fails to correctly identify the patent number or the claims for which reexamination is requested on the transmittal form for the request (PTO/SB/57, or an equivalent) as described in item #2, and the patent number and the claims for which reexamination is requested are correctly identified in the originally-filed request, a **replacement transmittal form** is required.

If a certificate of service on the patent owner, as described in item #7, is missing, or if the certificate of service received by the Office is inaccurate or incomplete, a replacement certificate of service is required.

Replacement documents may be facsimile transmitted.  A paper containing a replacement statement and explanation may NOT be facsimile transmitted.