
Case 3:09-cv-00620-REP   Document 50-2   Filed 07/30/09   Page 1 of 3 PageID# 751

# TAB 2



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 819750 (N.D.N.Y.)
(Cite as: 2008 WL 819750 (N.D.N.Y.))

Page 1

Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
CEQUENT TRAILER PRODUCTS, INC.
v.
DIVERSI-TECH CORP.
No. 5:05-CV-74 NAM/GJD.

March 25, 2008.

David Bogdan Cupar, Esq., for Plaintiff.

Edward R. Conan, Esq., for Plaintiff.

Alan L. Edwards, Esq., for Defendant.

Harold L. Burstyn, Esq., for Defendant.

**ORDER**

GUSTAVE J. DiBIANCO, United States Magistrate Judge.

*1 Defendant has filed a Motion to Stay these proceedings. (Dkt. No. 81). Plaintiff opposes the motion. (Dkt. No. 83). Chief United States District Judge Norman A. Mordue has referred this motion to me for resolution.

This case is a patent infringement action related to United States Patent No. 6,722,686 (the "'686 Patent", also the "Koy Patent"), assigned to and owned by plaintiff. The '686 Patent is for a "Coupler Locking Device and Method" that secures an unattended trailer hitch so that it cannot be attached to a vehicle. (Dkt. No. 1, Ex. A, 5).

**1.** *Defendant's Motion to Stay*

Defendant requests a stay of these proceedings in order to file a request for reexamination of the '686/Koy Patent with the United States Patent and Trademark Office ("U.S.P.T.O."). (Dkt. No. 81, 4). Defendant requests that the stay remain in place until the completion of the reexamination by the U.S.P.T.O. *Id.* Defendant states that the request for reexamination has not yet been filed because defendant wants "to obtain the benefits of expedited proceedings." (Dkt. No. 5-6). The defendant states that once a stay is granted, the reexamination proceeding will be expedited by the U.S.P.T.O. (Dkt. No. 81, 6).

Defendant makes several arguments in support of the motion to stay. Defendant's main argument is that reexamination is needed to resolve "contradictory positions" with respect to the '686/Koy Patent. (Dkt. No. 81, 4). The defendant argues that while the U.S.P.T.O. granted the '686/Koy Patent, the U.S.P.T.O., in a separate patent prosecution, rejected certain claims of the '686/Koy Patent as unpatentable. *Id.* at 3-4. The defendant argues that it is necessary for this contradiction to be resolved in order for this litigation to proceed, and that it is "in the interest of judicial economy" for the litigation in this court to be stayed while the U.S.P.T.O. conducts a reexamination. (Dkt. No. 81, 4). Defendant argues that the reexamination would resolve a fundamental issue of this litigation, namely the "patentability of the Koy claims" (Dkt. No. 81, 5); that parallel proceedings could result in "a race to the finish line" with possible conflicting outcomes (Dkt. No. 81, 6); and that "expedited reexamination ... [is] a relatively quick and inexpensive forum to resolve key issues of the present litigation" (Dkt. No. 81, 7).

Defendant's legal basis for the motion to stay is case law from other districts that "indicates that district courts routinely grant *pre-trial* stays when PTO reexaminations are underway and evidence suggests that the patents-in-suit may not survive reexamination." *MercExchange v. eBay, Inc.,* 500 F.Supp.2d 556, 563 (D.Va.2007) (*internal citations omitted*). Defendant relies on a Western District of New York case to show the difficulties of resolving conflicting results in a court and the U.S.P.T.O., and the inability to recover damages if the court orders damages for infringement before the U.S.P.T.O. declares a patent invalid. (Dkt. No. 81, 7); *Bausch & Lomb, Inc. v. Alcon Lab., Inc.,*

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 3:09-cv-00620-REP   Document 50-2   Filed 07/30/09   Page 3 of 3 PageID# 753

Not Reported in F.Supp.2d                                                                                           Page 2
Not Reported in F.Supp.2d, 2008 WL 819750 (N.D.N.Y.)
(Cite as: 2008 WL 819750 (N.D.N.Y.))

914 F.Supp. 951, 952 (W.D.N.Y.1996).

### 2. *Plaintiff's Opposition to the Motion to Stay*

\*2 Plaintiff opposes the motion to stay as improper. Plaintiff states that in the absence of a filed request for reexamination, the motion "is insufficient as a matter of law to grant a stay."(Dkt. No. 83, 4). Plaintiff argues that defendant has been aware of the alleged grounds for reexamination *since 2005,* but has declined to pursue a request for reexamination until this point. *Id.* Plaintiff argues that the motion is brought for "improper dilatory purposes." (Dkt. No. 83, 2).

### 3. *Discussion*

The court notes that this case was filed in January 2005. (Dkt. No. 1). In the three years that this case has been pending, the parties have engaged in discovery and dispositive motion practice. Chief Judge Mordue denied defendant's motion for summary judgment on September 30, 2007. (Dkt. No. 73). Chief Judge Mordue conducted a settlement conference in December 2007, and ordered that the deadline for a motion to stay was January 18, 2008. On January 4, 2008, Chief Judge Mordue ordered new discovery deadlines and set a trial ready date of July 19, 2008. (Dkt. No. 80).

A court's decision whether to stay is discretionary. *Bausch & Lomb,* 914 F.Supp. at 953.

> Although a court is not obligated to stay an infringement case based upon a parallel examination, it may opt to do so in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the needless waste of judicial resources, especially if the evidence suggests that the patents-in-suit will not survive reexamination.

*MercExchange,* 500 F.Supp.2d at 563. Here, the court cannot make a prediction as to whether the '686/Koy Patent will survive reexamination. As no action has been initiated by defendant in the U.S.P.T.O., there has been no activity by the U.S.P.T.O. to indicate that it would conduct a reexamination.[FN1] While the court may benefit from the guidance of the U.S.P.T.O. on a reexamination of the '686/Koy Patent, any reexamination may take a very long time.

> FN1. Under 35 U.S.C. § 304, the patent is reexamined where the Commissioner determines that there is a substantial new question of patentability.

This litigation has been pending for over three years. A stay would result in a delay, and possibly a very lengthy delay. The Civil Justice Reform Act mandates the prompt resolution of civil cases in federal court. *See*28 U.S.C. 471 *et seq.* The plaintiff is entitled to move forward in this court, and is entitled to the reasonably prompt resolution of its case.

The defendant may initiate a request for reexamination of its own accord at any time. The court notes that defendant could have raised this issue, or filed a request for reexamination at any point during the three-year pendency of this case. The Federal Circuit has noted that the federal courts and the U.S.P.T.O. "take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions." *Ethicon v. Quigg,* 849 F.2d 1422, 1428 (Fed.Cir.1988). It is not necessary for this court to wait for the results of a possible reexamination. The court will deny defendant's motion for a stay because of the age of this case, and because of the late stage of this litigation.

\*3 **WHEREFORE** it is hereby

**ORDERED,** that defendant's Motion to Stay these proceedings is *denied;* and it is further

**ORDERED,** that any request for extensions of discovery or other deadlines must be made to Chief Judge Mordue since he ordered the present deadlines after a settlement conference.

N.D.N.Y.,2008.
Cequent Trailer Products, Inc. v. Diversi-Tech Corp.
Not Reported in F.Supp.2d, 2008 WL 819750 (N.D.N.Y.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.