# TAB 4



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 906315 (E.D.Tex.)
(Cite as: 2008 WL 906315 (E.D.Tex.))

Page 1

HOnly the Westlaw citation is currently available.

United States District Court,
E.D. Texas,
Marshall Division.
COOPER TECHNOLOGIES CO.
v.
THOMAS & BETTS CORP.
No. 2:06-CV-242.

March 31, 2008.

Robert Stanford Harrell, James Leroy Beebe, Fulbright & Jaworski - Houston, Clay Erik Hawes, Paul E. Krieger, Morgan, Lewis & Bockius-Houston, Houston, TX, Deborah J. Race, Otis W. Carroll, Jr., Ireland Carroll & Kelley, Tyler, TX, Franklin Jones, Jr., Jones & Jones - Marshall, Marshall, TX, for Cooper Technologies Co.

Samuel Franklin Baxter, McKool Smith - Marshall, Marshall, TX, Alan M. Fisch, Coke M. Stewart, Jason F. Hoffman, Kelly A. Clement, Kevin W. Jakel, Roy W. Sigler, Kaye Scholer - Washington, Washington, DC, for Thomas & Betts Corp.

## MEMORANDUM OPINION AND ORDER

CHARLES EVERINGHAM IV, United States Magistrate Judge.

*1 Before the court is the defendant's motion (# 20) to stay this action pending reexamination of the patents-in-suit. For the foregoing reasons, the court denies the defendant's motion.

### 1. Background

In this case, Cooper Technologies, Co. ("Cooper") contends that Thomas & Betts, Corp. ("Thomas & Betts") infringes various claims of U.S. Patent Nos. 6,504,103 and 6,984,791. The '791 patent issued from an application that was a continuation of the application that underlies the '103 patent. The patents-in-suit are each entitled, "Visual Latching Indicator Arrangement for an Electrical Bushing and Terminator."

On December 21, 2006, T & B filed a request with the U.S. Patent and Trademark Office ("PTO") for an *ex parte* reexamination of the '103 patent, and an *inter partes* reexamination of the '791 patent. In early 2007, the PTO granted both requests, and Thomas & Betts filed the instant motion to stay this action. This motion is now ripe for review.

### 2. Discussion

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon. com, Inc.*, 356 F.Supp.2d 660, 662 (E.D.Tex.2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F.Supp.2d at 662.

The court will separately address each patent in light of the distinct nature of each reexamination proceeding.

### A. A Stay of the '103 Patent Proceedings Pending *Ex Parte* Reexamination is Not Appropriate.

#### 1. Prejudice and Tactical Advantage

Cooper and Thomas & Betts are direct competitors. In addition, the PTO has not provided any definitive guidance on the length of time required for the re-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 906315 (E.D.Tex.)
(Cite as: 2008 WL 906315 (E.D.Tex.))

Page 2

examination. Accordingly, the potential delay for an indefinite period would likely prejudice Cooper. *See Ricoh Co., Ltd. v. Aeroflex, Inc.,* 2006 WL 3708069, *2 (N.D.Cal. Dec.14, 2006); *Lexington Lasercomb I.P.A. G. v. GMR Products, Inc.,* 442 F.Supp.2d 1277, 1278 (S.D.Fla.2006). This factor weighs against a stay of the '103 patent proceedings.

**2. Simplification of the Case**

Thomas & Betts contends that a stay will simply the case because the '103 patent claims will likely materially change or become void during the reexamination proceeding. However, it is also likely that some of the patent's claims will survive reexamination. Accordingly, waiting for the completion of the reexamination may only simplify the case to a limited degree. This factor is speculative and does not support a stay.

**3. Stage of the Proceedings**

*2 The present motion was filed early in the case, in advance of the court's scheduling conference. Therefore, this factor supports a stay of the proceedings.

The court has considered the competing interests, and concludes that the interest in proceeding with the '103 patent proceedings outweighs any benefits from staying these proceedings. As such, the court finds that granting a stay of the '103 patent proceedings is not appropriate.

**B. A Stay of the '791 Patent Proceedings Pending *Inter Partes* Reexamination is Not Appropriate.**

**1. Prejudice and Tactical Advantage**

For the reasons discussed above, the court finds that this factor weighs against a stay of the '791 patent proceedings.

**2. Simplification of the Case**

If the court stays the '791 proceedings, Thomas & Betts will be estopped from making the same invalidity arguments in this case that it makes to the PTO during the reexamination proceeding. 35 U.S.C. § 315(c). This estoppel will usually simplify the issues in the case. However, in this action, the '103 patent and the '791 patent share a written description, and the claims of both patents are directed to closely-related subject matter. Because the ' 103 patent is subject to *ex parte* reexamination, Thomas & Betts will not be estopped from urging invalidity arguments in this case against the '103 patent that are similar to the invalidity arguments it makes against the ' 791 patent during reexamination. The related nature of the patents-in-suit, combined with the *ex parte* reexamination of the '103 patent, counteract the effects of the *inter partes* reexamination proceeding. As such, this factor weighs against staying this case.

**3. Stage of the Proceedings**

The present motion was filed early in the case, in advance of the court's scheduling conference. Therefore, this factor supports a stay of the proceedings.

The court has considered the competing interests, and concludes that the interest in proceeding with the '791 patent proceedings outweighs any benefits from staying these proceedings. As such, the court finds that granting a stay of the '791 patent proceedings is not appropriate.

**4. Conclusion**

The court finds that a stay of the '103 patent pending *ex parte* reexamination is not appropriate. Because the '103 patent and '791 patent share a written description, and have claims that are directed to closely-related subject matter, a stay of the '791 patent proceedings pending *inter partes* reexamination is also not appropriate. Therefore, the court denies Thomas & Betts' motion (# 20) to stay this action pending completion of the reexamination proceedings.

E.D.Tex.,2008.
Cooper Technologies Co. v. Thomas & Betts Corp.
Not Reported in F.Supp.2d, 2008 WL 906315 (E.D.Tex.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.