# TAB 7

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 1655625 (N.D.Cal.)
(Cite as: 2007 WL 1655625 (N.D.Cal.))

Page 1

**H**Only the Westlaw citation is currently available.

United States District Court, N.D. California,
Oakland Division.
FRESENIUS MEDICAL CARE HOLDINGS, INC., et al., Plaintiffs,
v.
BAXTER INTERNATIONAL, INC., et al., Defendants.
No. C 03-1431 SBA.
Docket No. 881.

June 7, 2007.

Glenn Beaton, Monique Michal Drake, Gibson Dunn & Crutcher LLP, Denver, CO, John D. Van Loben Sels, Gibson Dunn & Crutcher LLP, Palo Alto, CA, for Plaintiffs.

### ORDER

SAUNDRA BROWN ARMSTRONG, United States District Judge.

*1 This matter comes before the Court on plaintiffs Fresenius USA, Inc. and Fresenius Medical Care Holdings, Inc.'s (Fresenius) Motion to Stay Proceedings Pending the Re-examination of the Patents-in-Suit [Docket No. 881]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. For the reasons that follow, the Court DENIES Fresenius's Motion to Stay.

### PROCEDURAL HISTORY

On April 4, 2003, Fresenius filed a complaint seeking declaratory judgment of invalidity and non-infringement against Baxter Healthcare Corporation's (Baxter) U.S. Patent No. 5,247,434 ("'434 Patent"), U.S. Patent No. 6,284,131 ("'131 Patent"), U.S. Patent No. 5,326,476 ("'476 Patent"), and U.S. Patent No. 5,744,027 ("'027 Patent")[FN1]. On September 2, 2005, the Court granted in part Baxter's motion for partial summary judgment and granted in part Fresenius's cross-motion for summary judgment, holding that Fresenius's 2008K hemodialysis infringed claim 26 of the '434 patent and claim 1 of the '131 patent. SeeDocket No. 370.The Court also held that the SVS, Kt/V, and Blood Pressure screens of the 2008K did not infringe claim 1 of the '131 patent.

> FN1. One of initial five the patents in this suit, U.S. Patent No. 5,486,286, is no longer at issue.

On September 26, 2005, Fresenius filed a request for ex parte reexamination of the '131 Patent with the United States Patent and Trademark Office (PTO).See Ex. C to Decl. Limin Zheng Supp. Fresenius' Mot. Stay at 3. On October 18, 2005, Fresenius filed its request for ex parte reexamination of the '434 Patent with the PTO. Id.

On November 22, 2005, the PTO granted Fresenius's request for ex parte reexamination of the '131 and '434 Patents. The PTO found that substantial new questions of patentability was raised by the prior art cited by Fresenius in its request as to claims 1-25 of the '131 and 1-34 of the '434 patent. In response to the grant of reexamination, on February 10, 2006, Baxter filed a Patent Owner's Statement with respect to the '131 setting forth arguments why the claims were valid over the cited prior art.

On May 16, 2006, and May 25, 2006, the Court denied Fresenius' motions for summary judgment of invalidity and granted Baxter's motion for partial summary judgment of validity. See Docket. Nos. 661 and 701.On June 15, 2006, Fresenius stipulated that its 2008K Hemodialysis machine infringes the asserted claims of the '434, '131, and '027 Patents and on June 16, 2006, the Court entered a judgment of partial infringement of those asserted claims. SeeDocket Nos. 755 and 770.

Over three years after the initial complaint was filed, a jury trial was held from June 19, 2006 to June 30, 2006.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2007 WL 1655625 (N.D.Cal.)
(Cite as: 2007 WL 1655625 (N.D.Cal.))

On June 30, 2006, the jury returned a verdict in Fresenius' favor on the invalidity of the asserted claims of the '434, '131, '476, and '027 Patents, and of non-infringement of Claims 5 and 7 of the '476 Patent. On July 28, 2006, Baxter filed a Rule 50(b) Renewed Motion For Judgment as a Matter of Law and a Rule 59 Motion for a New Trial.Docket Nos. 845, 847.

*2 On November 16, 2006, the PTO issued a First Non-Final Office Action rejecting claims 1-25 as obvious. *Id.* On December 22, 2006, the PTO issued a First Non-Final Office Action rejecting claims 12-19 and 26-34 of the '434 Patent as obvious. These rejections include all claims of the '434 patent asserted by Baxter at trial. Fresenius did not move for a stay at the time either Office Action was issued.

On February 13, 2007, the Court granted both Baxter's Renewed Motion For Judgment as a Matter of Law and Motion for a New Trial, finding that Fresenius failed to introduce substantial evidence of invalidity of any of the asserted claims of the patents-in-suit, and ordering a new trial on the issue of damages as to all claims and infringement of claims 5 and 7 of the '476 Patent. *See*Docket No. 874.

On April 16, 2007, the parties entered a joint proposed order for pretrial preparation setting trial for October 22, 2007 on the issues of infringement of the remaining two claims of the '476 Patent and for damages. *See*Docket No. 884.The next day, on April 17, 2007, Fresenius filed a request for reexamination of the '027 Patent. *See* Zheng Decl., Exh. F. On April 19, 2007, after the trial date had been set, Fresenius filed the instant motion requesting that the Court stay the second damages trial until reexamination proceedings have concluded, or until all liability issues have been resolved by the Federal Circuit.

## LEGAL STANDARDS

Re-examination is a procedure by which any person can request that the PTO re-examine or re-evaluate the patentability of an unexpired United States patent. *See*35 U.S.C. § 302; *see also Broadcast Innovation, L.L.C. v. Charter Commc'ns., Inc.*, 2006 WL 1897165, at *1 (D.Colo.2006)."Congress instituted the reexamination process to shift the burden or reexamination of patent validity from the courts to the PTO." *Canady v. Erbe Elektromedizin GmbH*, 271 F.Supp.2d 64, 78 (D.D.C.2002). Patent validity is a commonly asserted defense, and courts are cognizant of Congress's intent to utilize the PTO's specialized expertise to reduce costly and time-consuming litigation. *Id.*

Courts are not required to stay judicial proceedings pending re-examination of a patent. It is, however, within a district court's discretion to do so. *See, e.g., Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed.Cir.1988) (citations omitted) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination"); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed.Cir.1985); *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1110 (N.D.Cal.2006) (Wilken, J.). There is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D.Cal.1994); *see also Robert H. Harris Co. v. Metal Mfg. Co.*, 19 U.S.P.Q.2d 1786, 1788 (E.D.Ark.1991) ("[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays").

*3 However, a court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze. *See NTP, Inc. v. Research In Motion, Ltd.*, 397 F.Supp.2d 785, 787 (E.D.Va.2005) (citing *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed.Cir.2001)). There is no *per se* rule that patent cases should be stayed pending reexaminations, because such a rule "would invite parties to unilaterally derail" litigation. *Soverain Software LLC v. Amazon .Com, Inc.*, 356 F.Supp.2d 660, 662 (E.D.Tex.2005).

In determining whether to grant a stay pending re-examination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Telemac*, 450

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 1655625 (N.D.Cal.)
(Cite as: 2007 WL 1655625 (N.D.Cal.))

Page 3

F.Supp.2d at 1110; *KLA-Tencor Corp. v. Nanometrics, Inc.,* 2006 WL 708661, at *2 (N.D.Cal.2006); *IMAX Corp. v. In-Three, Inc.,* 385 F.Supp.2d 1030, 1032 (C.D.Cal.2005). A trial court's order staying an infringement suit pending the completion of re-examination proceedings is not appealable. *See Gould v. Control Laser Corp.,* 705 F.2d 1340, 1341 (Fed.Cir.1983), cert. denied, 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983).

## ANALYSIS

Fresenius argues that, given the "recent" (i.e., 5-6 months before Fresenius moved to stay) determinations of the Reexamination Unit of the Patent Office that twelve of the fifteen claims being asserted by Baxter are obvious, conducting a damages trial now "simply does not make sense." Mot. at 1. Fresenius contends that the reexamination process will either make this litigation moot, or will significantly narrow the issues for resolution. Baxter counters that the procedural posture of this case demands that it proceed, that it would be unduly prejudiced by any further delay of this four year old case, and that the issues could not be simplified by the reexamination process.

### 1. Stage of Litigation

The parties, and this Court, have already expended a great deal of effort and resources in this matter, including conducting a nine-day trial in June 2006. Fresenius contends that there is no reason for the parties to conduct yet another trial now because the jury's findings on damages may eventually be rendered moot by the reexamination proceedings. However, Fresenius's argument runs counter to the clear rule developed in cases considering stays that, where, as here, discovery has commenced, claim construction has been briefed, and dispositive motions have been filed and disposed of, courts should not grant stays for reexamination before the PTO. *See Eolas Techs., Inc. v. Microsoft Corp.,* 2004 WL 170334, at 6 (N.D.Ill. Jan.15, 2004), rev'd on other grounds, 399 F.3d 1325 (Fed.Cir.2005) ("there is little support, if any, for staying entry of judgment when reexamination is ordered well into the briefing period for post-trial motions"). The vast majority of cases that have granted stays have done so when the cases were in their relatively nascent stages. *See, e.g., KLA-Tencor,* 2006 WL 708661, at *2 (granting stay where discovery had just begun); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.,* 33 U.S.P.Q 2d 2022, 2023 (N.D.Cal.1995) (holding that the absence of significant discovery or substantial expense and time invested in the litigation weighed in favor of stay); *ASCII Corp. v. STD Entm't USA, Inc.,* 844 F.Supp. 1378, 1381 (N.D.Cal.1994) (granting stay where the parties had undertaken little or no discovery). In contrast, not only is pretrial preparation complete in this matter, but *a trial has been already held.* This factor would weigh heavily in favor of denying a stay.

### 2. Simplification of the Issues for Trial

*4 It is possible that reexamination by the PTO would simplify the issues for trial; of course, if all the claims are invalidated, as the PTO's initial non-final determinations might imply, there will be no issues to try. However, it is also possible that the PTO's determination will have no ultimate bearing on the damages determination in this case, as the PTO's initial actions were non-final and non-binding, and the PTO is free to reconsider its initial determinations prior to issuing a reexamination certificate.[FN2]*See In re Bass,* 314 F.3d 575, 577 (Fed.Cir.2002) ("Until a matter has been completed, ... the PTO may reconsider an earlier action."). In either case, as discussed below, the parties and the Court would likely have to wait years to find out. Moreover, this Court is already intimately familiar the with the technology at issue here, and therefore its interest in simplifying the proceedings by waiting for the PTO to reexamine the patents is significantly weaker than in cases where trial has not already been held. *See Telemac.,* 450 F.Supp.2d 1107, 1111 (denying stay where motions to dismiss had already been ruled on and court was familiar with patents). Additionally, as Baxter points out, this case is already "packaged" for trial-discovery is complete, the period for dispositive motions has closed, the parties have already listed, reviewed, and objected to exhibits and discovery designations, and the jury instructions are complete. The Court and the parties are as well-positioned as they ever will be to try this case, and, at this late stage, need not look to the PTO for guidance or simplification of the issues. *RCA Corp. v. Applied Digital Data Systems, Inc.,* 467 F.Supp. 99, 103 (D.Del.1979) ("the PTO is not 'uniquely qualified' to pass on the validity of the patent.").

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 1655625 (N.D.Cal.)
(Cite as: 2007 WL 1655625 (N.D.Cal.))

Page 4

> FN2. A reexamination is complete only upon the statutorily mandated issuance of a reexamination certificate. 35 U.S.C. § 307(a).

More importantly, however, is the fact that Fresenius's request would only serve to *complicate* the proceedings in this case, not simplify them. Fresenius appears to request that the Court, after entering a stay pending reexamination, empanel a second jury to try infringement of the '476 patent, "wait until the reexamination and appeal are resolved," and then empanel a *third* jury to conduct "an abbreviated damages trial." This is, of course, assuming that, while the reexamination is pending none of the multiple appeals that will inevitably result will require remand and yet another trial. This suggestion simplifies neither the issues nor the procedural posture of this case. Thus, this factor also weighs in favor of denying a stay.

**3. Undue Prejudice or Clear Tactical Disadvantage**

"Parties should not be permitted to abuse the [reexamination] process by applying for reexamination after protracted, expensive discovery or trial preparation." *Freeman v. Minnesota Mining and Manufacturing Co.*, 661 F.Supp. 886, 888 (D.Del.1987) (citations omitted). To do so would be to allow a party to use reexamination as "a mere dilatory tactic." *Id.*

*5 It is difficult to imagine a scenario in which a dilatory motive could be more apparent. The reexaminations have been pending before the PTO since November 2005. After the reexamination requests, the parties engaged in protracted and lengthy discovery and filed multiple motions for summary judgment. Then, presumably believing it would prevail, Fresenius went to trial. When Baxter filed its Renewed Motion for Judgment as a Matter of Law and its Motion for a New Trial, Fresenius chose to oppose the motions on their merits rather than request a stay. Only once Fresenius received an adverse judgement-nearly four years after initiating the litigation before this Court rather than seeking the alternative route of reexamination-did it suggest that these proceedings should yield to the reexamination process. Thus, after years of protracted litigation, only now, at the 11th hour and after suffering a substantial setback, does Fresenius extol the virtues of reexamination. However, we are too far along the path Fresenius has chosen to allow Fresenius to turn back, believing it has lost its way. *See Enprotech Corp. v. Autotech Corp.*, 1990 WL 37217, at *2 (N.D.Ill. Mar.16, 1990). To do so would simply be to allow Fresenius to "unilaterally derail" this litigation. *See Soverain Software*, 356 F.Supp.2d at 662.

When a party moves to stay litigation pending PTO reexamination, the non-moving party may be unduly prejudiced by the lapse of time during reexamination. *Alltech, Inc. v. Cenzone Tech, Inc.*, 2007 WL 935516, at *2 (S.D.Cal. March 21, 2007). It is unquestionable that Baxter would be prejudiced by a stay. Courts have recognized that the reexamination process may be lengthy, often taking years to run its course, and in the meantime Fresenius will be free to market and sell its purportedly infringing technology unfettered. *See, e.g., In re Cygnus Telecommc'ns. Tech. LLC Patent Litig.*, 385 F.Supp.2d 1022, 1023 (N.D.Cal.2005) (finding that re-examinations generally take from six months to three years); *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 n. 1 (W.D.N.Y.1999) (suggesting average pendency of re-examination before the PTO is 19.2 months, excluding appeals). Moreover, if any claim were ultimately rejected by the PTO, Baxter could appeal the examiner's decision to the Board of Patent Appeals and Interferences, which decision could in turn be appealed to the Federal Circuit. *See* 35 U.S.C. § 134(b); 35 U.S.C. § 141. In the lengthy delay that would inevitably ensue if a stay were granted, evidence could be lost and witnesses' memories could fade. *Alltech*, 2007 WL 935516, at *2. Accordingly, this factor weighs heavily in favor of denying a stay.

The Court is cognizant of the fact that this case is in a somewhat unusual posture that appears to be a novelty in the caselaw. While Fresenius's dilatory motives could not be more apparent, this case involves the somewhat perplexing factor that the PTO has already made initial, non-final determinations that the subject claims in the patents-in-suit are invalid. Thus, THERE appears to be a real possibility (but, at this point, *only* a possibility) that the PTO may determine that the patents are invalid *after* Fresenius is adjudged to have infringed them and has a damages judgment against it. Courts, in granting stays (*prior* to trial) have noted that such a possibility raises the specter of "irreparable harm" to an accused infringer. *See Bausch & Lomb*,

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 3:09-cv-00620-REP   Document 50-7   Filed 07/30/09   Page 6 of 6 PageID# 791

Not Reported in F.Supp.2d                                                                                            Page 5
Not Reported in F.Supp.2d, 2007 WL 1655625 (N.D.Cal.)
(Cite as: 2007 WL 1655625 (N.D.Cal.))

*Inc. v. Alcon,* 914 F.Supp. 951, 952 (W.D.N.Y.1996); *Everything for Love.com, Inc. v. Tender Loving Things, Inc.,* 2006 WL 2091706, at *4 (D.Ariz. Jul.21, 2006).

*6 However, this only strengthens the argument that Fresenius should not have waited until it had had a trial, had litigated motions for judgment as a matter of law and for a new trial on the merits, and *then* had a favorable PTO action to request a stay. Any irreparable harm that Fresenius will suffer will be of its own making, attempting, as it did, to "game the system" by playing both fields simultaneously. Fresenius chose to litigate this case rather than request a stay when reexamination was sought, presumably believing its best bet was in this Court rather than the PTO. Had Fresenius requested a stay at an earlier date, while this case was in a different procedural posture, this Court might have been inclined to grant one. But to allow Fresenius to now derail this litigation would be to sanction the most blatant abuse of the reexamination process. The express purpose of the reexamination procedure is to shift the burden from the courts by reducing costly and time-consuming litigation. H.R. REP. NO. 96-1307, pt. 1, at 3-4 (1980); *Canady,* 271 F.Supp.2d at 78. This purpose will not be served by granting a stay at this late date.

## CONCLUSION

This case is now over four years old. Granting a stay at this late juncture would virtually guarantee the addition of numerous more years to its vintage. This case should now proceed with alacrity, not with the sloth that is the essence of a stay.

Accordingly, IT IS HEREBY ORDERED THAT the motion to stay Law [Docket No. 881] is DENIED.

IT IS SO ORDERED.

N.D.Cal.,2007.
Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.
Not Reported in F.Supp.2d, 2007 WL 1655625 (N.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.