# TAB 8

LEXSEE


Analysis
As of: Jul 29, 2009

FUJITSU LIMITED, a Japanese corporation, and FUJITSU MICROELECTRON-
ICS AMERICA, INC., a California corporation, Plaintiffs, v. NANYA TECH-
NOLOGY CORP., a Taiwanese corporation, and NANYA TECHNOLOGY CORP.,
U.S.A, a California corporation, Defendants.

No. C 06-6613 CW

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
CALIFORNIA

2007 U.S. Dist. LEXIS 83581

November 6, 2007, Decided
November 6, 2007, Filed

**SUBSEQUENT HISTORY:** Motion granted by, Complaint dismissed at Fujitsu Ltd. v. Nanya Tech. Corp., 2008 U.S. Dist. LEXIS 63830 (N.D. Cal., Aug. 12, 2008)

**PRIOR HISTORY:** Fujitsu Ltd. v. Nanya Tech. Corp., 2007 U.S. Dist. LEXIS 59508 (N.D. Cal., Aug. 1, 2007)

**CORE TERMS:** patent, discovery, re-examination, infringement, Local Patent Rules, stay proceedings, disclosure, collectively, simplify, tactical, jurisdictional, patentability, merits-based, re-examined, scheduled, canceled

**COUNSEL:** [*1] For Fujitsu Limited, and Fujitsu Microelectronics America, Inc., Plaintiffs: LEAD COUNSEL Christopher E. Chalsen, Michael M. Murray, Lawrence Tucker Kass, Milbank, Tweed, Hadley & McCloy LLP, New York

Mark Scarsi, Christopher Holm, Milbank, Tweed, Hadley & McCloy LLP, California

For Nanya Technology Corp., Nanya Technology Corp. U.S.A., Defendants: LEAD COUNSEL Michael W. Shore, Alfonso G. Chan, Jeffrey R. Bragalone, Shore Chan Bragalon LLP, Texas

Martin C. Fliesler, Rex Hwang, Fliesler, Meyer LLP, California [*2].

**JUDGES:** CLAUDIA WILKEN, United States District Judge.

**OPINION BY:** CLAUDIA WILKEN

**OPINION**

[*3] ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RE-EXAMINATION OF PATENTS

Defendants Nanya Technology Corp. and Nanya Technology Corp., U.S.A. (collectively, Nanya) move for a stay of the portion of these proceedings concerning U.S. Patent Nos. 4,801,989, 6,104,486, 6,292,428, 6,320,819 and 5,227,996 until the U.S. Patent and Trademark Office (PTO) has completed its re-examination of the patents. Plaintiffs Fujitsu Ltd. and Fujitsu Microelectronics America (collectively, Fujitsu) oppose Defendants' motion. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies Nanya's motion.

BACKGROUND

On September 13, 2006, Nanya filed a lawsuit against Fujitsu in the District of Guam alleging antitrust violations and infringement of three of Nanya's patents, and seeking a declaration that it did not violate any of fifteen of Fujitsu's [*4] patents. A month later, Fujitsu filed suit against Nanya in this Court alleging infringement of the

five patents listed above, all of which were among the fifteen patents in the Guam action.

The parties disputed whether the Guam court had personal jurisdiction over Fujitsu; there is no significant connection between Guam and either the parties or the cause of action. The matter was the subject of extensive jurisdictional discovery. On July 27, 2007, the Guam court ordered the action transferred to this district, where it was assigned Case No. 07-3672. This Court subsequently related the 07-3672 action to the present 06-6613 action and consolidated the two. It later severed and stayed all anti-trust issues and Nanya's patent misuse affirmative defense.

While the Guam proceeding was still underway, merits-based discovery in this action began pursuant to a case management order issued on February 7, 2007. Under the order, fact discovery is scheduled to be completed on February 1, 2008; dispositive motions are set to be heard by September 26, 2008; and trial is scheduled to begin on January 12, 2009. Nanya claims to have produced just under 100,000 pages of documents to date, largely pursuant [*5] to its disclosure obligations under the Local Patent Rules. Nanya states that Fujitsu has provided less than 4,000 pages of documents in connection with its disclosures under the Local Patent Rules, and has not provided any documents in response to Nanya's requests for production. Fujitsu counters that it has produced 800,000 pages of material, including documents produced in the Guam action. It argues that much of this material goes to the merits of the case. No merits-based depositions have yet taken place.

Between June 21, 2007 and July 20, 2007, as the Guam court was reaching a resolution of the jurisdiction question and as discovery was proceeding in this case, Nanya filed five requests for re-examination with the PTO. In those requests, Nanya used previously unexamined prior art to challenge the patentability of the five patents it is accused of infringing. [n1] The requests were filed after Nanya had already produced at least 80,000 pages of documents during discovery. See Holm Dec. Exs. 1 and 3.

> n1    n1 In its reply, Nanya claims to have begun filing these requests on May 15, 2007. Nanya does not support this assertion with any evidence, and the May 15 date is not consistent with [*6] other filings in this case. See Docket Nos. 128, 129, 130, 132, and 133 (notices of the PTO's grant of Nanya's re-examination requests).

Between August 3, 2007 and September 11, 2007, the PTO granted all of Nanya's requests. In doing so, it found that substantial questions existed concerning the patentability of certain claims in each of the five patents. On October 4, 2007, Nanya moved the Court for a stay of the portion of these proceedings concerning the patents undergoing re-examination. Nanya also stated that, if the Court were to grant its motion, it would file a Rule 41 motion to dismiss without prejudice all of its claims for declaratory judgment based on the ten Fujitsu patents that Fujitsu has not asserted against it. Nanya apparently wishes to go forward with its own infringement claims against Fujitsu.

DISCUSSION

As the Federal Circuit has noted, "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). While courts are not required to stay judicial proceedings pending re-examination of a patent, [*7] a stay for purposes of re-examination is within the district court's discretion. See, e.g., Patlex Corp. v. Mossinghoff, 758 F.2d 594, 603 (Fed. Cir. 1985). One court in this district has noted that there is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of re-examination or re-issuance proceedings, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

In determining whether to stay a case pending re-examination, a court may consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. In re Cygnus Telecomm. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

Nanya characterizes this case as in an early stage of discovery, noting that the parties only completed their disclosures pursuant to the Local Patent Rules in June, 2007, and that no significant [*8] factual discovery has already taken place. By Nanya's own account, it has produced nearly 100,000 pages of documents going to the merits of the case. Fujitsu, for its part, has produced over 800,000 pages of material. While much of this was produced in the Guam action in connection with the jurisdictional dispute, Fujitsu asserts that at least 100,000 pages of these documents go to the merits of the case. See Holm Dec. Ex. 5. The parties have also exchanged material on claim construction and their contentions of infringement and invalidity. The fact that much of this discovery may have been compelled by the Local Patent Rules rather than by the parties' discovery requests does not detract from its significance. In fact, discovery has proceeded to such a degree that the parties plan to sub-

stantially complete document production by November 16, 2007. Additionally, pursuant to the Court's case management order, less than four months remain before all fact discovery is to be concluded. Considering also that fact discovery will not be significantly affected by the results of the examination proceedings, the Court sees no good reason to stay the remainder of fact discovery pending a conclusion [*9] of those proceedings.

Additionally, while the outcome of the PTO's re-examination proceedings could simplify the issues in this case, the chance of any given patent emerging from a third-party-initiated re-examination with all re-examined claims canceled is only twelve percent. Holm Dec. Ex. 16. Thus, the chance that all five of the patents will have all of the re-examined claims canceled is 0.0025 percent. It is therefore very unlikely that the PTO proceedings will completely eliminate the need to move forward with this case.

Fujitsu argues that it will be severely prejudiced if this case is stayed pending re-examination. It notes that, during any stay, "witnesses may become unavailable, their memories may fade, and evidence may be lost." These concerns are valid. The Court also agrees with Fujitsu that it would be unreasonable to permit Nanya to proceed on its infringement claims against Fujitsu while staying Fujitsu's infringement proceedings against Nanya, as Nanya proposes.

The Court notes that Nanya could have filed its requests for re-examination with the PTO at an early point in this litigation. t Instead, it waited until nine months after initiating the Guam action -- which [*10] itself was the source of considerable delay and expense -- and after hundreds of thousands of documents had been produced. Nanya should not succeed in obtaining a tactical advantage over Fujitsu by continuing to delay these proceedings. Accordingly, the Court declines to exercise its discretion to issue a stay pending re-examination of the patents by the PTO.

CONCLUSION

For the foregoing reasons, Nanya's motion for a stay (Docket No. 134) is DENIED. The case will proceed according to the deadlines contained in the Court's existing case management order.

IT IS SO ORDERED.

Dated: November 6, 2007

CLAUDIA WILKEN

United States District Judge