# TAB 9

Westlaw.

152 F.3d 941
152 F.3d 941, 1998 WL 130514 (C.A.Fed. (Nev.))
(Table, Text in WESTLAW), Unpublished Disposition
(Cite as: 152 F.3d 941, 1998 WL 130514 (C.A.Fed. (Nev.)))

Page 1

CNOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTAF Rule 47.6 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals,
Federal Circuit.

IN RE BINGO CARD MINDER CORPORATION, Petitioner.
No. 534.

Feb. 25, 1998.

Before RICH, NEWMAN, and SCHALL, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

RICH, Circuit Judge.

ORDER

*1 Bingo Card Minder Corporation submits a petition for a writ of mandamus to direct the United States District Court for the District of Nevada to dismiss the patent infringement action against it for lack of jurisdiction. Fortunet, Inc. opposes.

BACKGROUND

Fortunet sued Bingo Card for infringement of one of its patents. Subsequently, the Patent and Trademark Office (PTO) granted a codefendant's request for reexamination of the patent, and the district court stayed its proceedings pending reexamination. Claims 1-19 were subject to reexamination. The examiner "confirmed" claims 3, 11, and 17 and determined that claims 17, 18, and 19 were patentable. However, the examiner rejected claims 1, 2, 4-10, and 13-16 as unpatentable over prior art. The examiner denied Fortunet's request to reinstate claim 1, the only independent claim. Fortunet appealed to the Board of Patent Appeals and Interferences. That appeal is pending.

In the meantime, the district court reopened the case. Bingo Card moved to dismiss Fortunet's complaint for lack of subject matter jurisdiction, arguing that because "independent claim 1 no longer exists and has been rejected by the PTO," no case or controversy existed concerning the patent infringement claim asserted against Bingo Card. The district court denied the motion to dismiss on August 4, 1997. Bingo Card moved for reconsideration or, in the alternative, to certify the August 4 order for immediate appeal pursuant to 28 U.S.C. § 1292(b). The district court denied the reconsideration motion on December 22, 1997. The district court determined that the patent infringement claim was still viable because the claims of the patent had not been canceled and a claim in reexamination cannot be canceled until all appeals are over or the time to appeal has expired. The district court stated that nothing in the legislative history of the reexamination statute supported the proposition that a district court in a patent infringement litigation lacks jurisdiction with respect to patent claims concurrently undergoing reexamination. The district court also determined that the results of the reexamination proceeding were admissible evidence on the issue of invalidity. Finally, the district court stated that Bingo Card had not demonstrated that the August 4 order should be certified under § 1292(b).

DISCUSSION

The remedy of mandamus is available to correct a clear abuse of discretion or usurpation of judicial power. See *In re Regents of the Univ. of Cal.*, 101 F.3d 1386, 1387 (Fed.Cir.1996). A party seeking such a writ bears the burden of proving that it has no means of attaining the relief desired, *see Mallard v. United States Dist. Court of the S. Dist. Of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

152 F.3d 941  Page 2
152 F.3d 941, 1998 WL 130514 (C.A.Fed. (Nev.))
(Table, Text in WESTLAW), Unpublished Disposition
(Cite as: 152 F.3d 941, 1998 WL 130514 (C.A.Fed. (Nev.)))

33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Bingo Card argues that in view of the examiner's rejection of independent claim 1, the patent infringement action in the district court must be dismissed for lack of subject matter jurisdiction because there is no longer a case or controversy. In addition, Bingo Card argues that allowing parallel proceedings before the district court and the PTO to proceed simultaneously is contrary to the notion of conserving judicial resources. Fortunet contends that because a patent is presumed valid and the patent claims at issue have not been canceled, the district court did not err in its conclusion that a justiciable case or controversy still exists.

*2 While we acknowledge Bingo Card's argument concerning the preservation of judicial resources with regard to a continued stay of the district court proceedings, we agree with Fortunet that the district court has jurisdiction over the infringement action. Before the courts, a patent is presumed valid and it remains so until "it is no longer viable as an enforceable right." See Roper Corp. v. Litton Sys., Inc., 757 F.2d 1266, 1270 (Fed.Cir.1985) (citing 35 U.S.C. §§ 301 to 307 (reexamination of patents)). A claim is not canceled until the Board acts and the Commissioner cancels the claim. Because the Commissioner has not yet issued a certificate canceling the claims, they have not been finally determined to be unpatentable. So long as there is a valid patent, a justiciable case or controversy exists with respect to the patent infringement action in the district court. In sum, Bingo Card has not established a clear and indisputable right to the relief it seeks.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

C.A.Fed.,1998.
In re Bingo Card Minder Corp.
152 F.3d 941, 1998 WL 130514 (C.A.Fed. (Nev.))

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.