# TAB 14

LEXSEE


Cited
As of: Jul 29, 2009

NTP, INC., Plaintiff, v. T-MOBILE USA, INC., Defendant. NTP, INC., Plaintiff, v. CELLCO PARTNERSHIP, Defendant. NTP, INC., Plaintiff, v. AT&T MOBILITY, LLC, Defendant. NTP, INC., Plaintiff, v. SPRINT NEXTEL CORP., Defendant.

Action No. 3:07-CV-548, Action No. 3:07-CV-549, Action No. 3:07-CV-550, Action No. 3:07-CV-551

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION

2007 U.S. Dist. LEXIS 82063

November 2, 2007, Decided
November 2, 2007, Filed

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff patent holder filed four separate suits against defendants, four companies, alleging the infringement of eight patents. Most of these patents were the subject of a reexamination proceeding before the U.S. Patent & Trademark Officer (PTO). The companies each separately moved to stay the lawsuits pending resolution of the PTO reexamination. The patent holder contested the motions. The court considered these identical motions together.

OVERVIEW: After a jury found in favor of the holder in case involving several of the disputed patents, the PTO commenced reexamination proceedings regarding the patents. When the PTO issued final office actions rejecting the claims as to each of these patents on the basis of prior art that was not litigated in the underlying sui, the holder appealed these findings to the PTO's Board of Patent Appeals and Interferences. While those appeals were pending, the holder filed another infringement suit as to some of the same patents involved in the instant dispute, and a ruling granting a stay in this other lawsuit formed the basis for the instant motions for stays. In granting the stays, the court found that trial dates had not been scheduled and discovery had not yet begun, which favored staying the instant suits. Further, the outcome of the PTO's reexamination proceedings would greatly assist the court in evaluating the holder's claims in the instant suits. In addition, the holder would not be irreparable harmed by the stays. However, the court declined to condition the stays on the companies' acceptance of the PTO's findings, since they were not involved in the PTO proceeding.

OUTCOME: The court granted the motions to stay the four lawsuits pending resolution of the PTO's reexamination proceeding.

CORE TERMS: patents, re-examination, patents-at-issue, infringement, staying, judicial resources, discovery, unduly, pending claims, stay proceedings, early stages, trial date, clarifying, infringed, scheduled, conserve, reasons stated, suit filed, responsive pleadings, recover damages, simplifying, re-examine, litigated, target

LexisNexis(R) Headnotes

*Civil Procedure > Pretrial Matters > General Overview*
*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
*Governments > Courts > Authority to Adjudicate*
*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN1]A court's power to control its docket gives it the authority to stay proceedings before it, including pro-

Page 1

ceedings that may be affected by a pending reexamination of a patent-in-suit by the Patent and Trademark Office. The legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays.

*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
[HN2]A court will grant a stay after considering whether (1) discovery is complete and a trial date is scheduled; (2) a stay will simplify the matters at issue; and (3) a stay will unduly prejudice or clearly disadvantage a nonmoving party.

*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
*Patent Law > U.S. Patent & Trademark Office Proceedings > General Overview*
[HN3]Staying proceedings may be appropriate in order to narrow the scope of a dispute, obtain guidance from the Patent and Trademark Office (PTO), avoid reaching a result inconsistent with findings by the PTO, or prevent the waste of judicial resources.

**COUNSEL:** [*1] For NTP, Inc. (3:07-cv-00548-JRS, 3:07-cv-00549-JRS), Plaintiff: Henry Irving Willett, III, LEAD ATTORNEY, Craig Thomas Merritt, Nichole Buck Vanderslice, Christian & Barton LLP, Richmond, VA; Gregory Michael Williams, Hughes Hubbard & Reed LLP, Washington, DC; Jessica Anne Feldman, Maria Termini, Peter Albert Sullivan, Ronald Abramson, Hughes Hubbard & Reed LLP, New York, NY.

For T-Mobile USA, Inc. (3:07-cv-00548-JRS), Defendant: Bryan Gregory Scott, Dana Duane McDaniel, Hugh McCoy Fain, III, Spotts Fain PC, Richmond, VA; Kimberly A. Mottley, Steven M. Bauer, Proskauer Rose LLP, Boston, MA.

For Cellco Partnership doing business as Verizon Wireless (3:07-cv-00549-JRS), Defendant: Brian Charles Riopelle, LEAD ATTORNEY, McGuire Woods LLP, Richmond, VA; Charles Bennett Molster, III, Winston & Strawn LLP, Washington, DC; Dan K. Webb, Peter Charles McCabe, III, Winston & Strawn LLP, Chicago, IL.

For NTP, Inc. (3:07-cv-00550-JRS, 3:07-cv-00551-JRS), Plaintiff: Rowland Braxton Hill, IV, LEAD ATTORNEY, Craig Thomas Merritt, Nichole Buck Vanderslice, Christian & Barton LLP, Richmond, VA; Jennifer Ann Albert, Thomas Jefferson Scott, Jr., Goodwin Procter LLP, Washington, DC.

For AT&T Mobility, LLC [*2] (3:07-cv-00550-JRS), Defendant: Jeffrey Michael Bauer, LEAD ATTORNEY, Baker Botts LLP, Washington, DC; Bryant C. Boren, Jr., Christopher Wood Kennerly, Baker Botts LLP, Dallas, TX; Dabney Jefferson Carr, IV, David Neal Anthony, Robert Armistead Angle, Troutman Sanders LLP, Richmond, VA.

For Sprint Nextel Corp. (3:07-cv-00551-JRS), Defendant: Patrick Risdon Hanes, LEAD ATTORNEY, Edward James Dillon, Jr., Williams Mullen, Richmond, VA; Kathleen Joanna Lynch Holmes, Williams Mullen PC, McLean, VA; William Rueger Poynter, Williams Mullen, Virginia Beach, VA.

**JUDGES:** James R. Spencer, Chief United States District Judge.

**OPINION BY:** James R. Spencer

**OPINION**

*MEMORANDUM OPINION*

THIS MATTER comes before the Court on Motions to Stay filed by the defendants in the above-styled actions. Since the arguments in favor of those Motions and plaintiff NTP, Inc.'s replies to the defendants' contentions are virtually identical, the Court will dispose of all four motions in this Opinion. For the reasons stated below, the Motions shall be GRANTED, and these actions shall be STAYED.

I.

On September 7, 2007, NTP, Inc. filed separate suits in this Court against T-Mobile USA, Inc., Cellco Partnership, AT&T Mobility, LLC, and Sprint Nextel Corp, [*3] alleging the infringement of eight patents.[1] Several of those patents were the subject of a suit filed in this Court by NTP against Research in Motion, Ltd. In December 2002, after a jury found that Research in Motion infringed NTP's patents, the United States Patent & Trademark Office ("PTO") initiated re-examination of six of the patents. In April and September of the following year, the PTO granted petitions by Research in Motion to re-examine the other two patents. In 2006, the PTO issued final office actions rejecting the pending claims of each of the eight patents on the basis of prior art that was not litigated in NTP's suit against Research in Motion. NTP appealed those findings to the PTO's Board of Patent Appeals and Interferences ("BPAI"), and those appeals are currently pending.

1   The patents-at-issue are U.S. Patent Numbers 5,438,611; 5,479,472; 5,436,960; 5,625,670; 5,819,172; 6,067,451; 6,317,592; and 5,631,946. Those patents cover technology used in wireless communication systems.

After the PTO issued its findings, NTP sued Palm, Inc. in this Court, alleging that Palm infringed seven of the patents involved in these actions. Subsequently, Palm asked the Court to stay [*4] that action, a motion that the Court granted. See NTP, Inc. v. Palm, Inc., No. 3:06-CV-836, 2007 U.S. Dist. LEXIS 97141 (E.D. Va. Mar. 22, 2007). The Court noted that (1) the suit was in its early stages, as discovery was not yet complete; (2) NTP's patents might ultimately be found invalid, precluding NTP from prosecuting its claims, or that the patents might be affirmed in part, clarifying the scope of NTP's claims; and (3) staying the suit would not irreparably harm NTP, since it could seek damages for any infringement that occurred during the stay. See id. at 4-6.

II.

The defendants in these suits rely heavily on the Court's decision in Palm. They urge the Court to stay these suits because (1) they are in an early stage, as none of the defendants have filed responsive pleadings; (2) a stay would conserve judicial resources by simplifying these suits, either by invalidating some of NTP's pending claims or clarifying the scope of NTP's valid claims; and (3) a stay would not unduly prejudice NTP, which could recover damages for any infringement of its patents that occurs during the stay.

NTP argues that Palm does not dictate the entry of a stay. First, when the Court stayed Palm, NTP was defending a suit by Oren [*5] Tavory, a person claiming that he was the inventor of the patents at issue in these actions. The Court's resolution of that suit established that NTP owns the patents. See Tavory v. NTP, Inc., 495 F. Supp. 2d 531 (E.D. Va. July 17, 2007). In light of that ruling, NTP argues, its claim to the patents-at-issue is stronger than it was at the beginning of this year. Second, NTP argues that the defendants in these suits are likely to re-litigate claims upheld by the PTO; thus, entering a stay would not conserve judicial resources. Third, NTP argues that the re-examination proceedings, including any appeals of the PTO's conclusions to the Federal Circuit, may last until 2011, when the patents-at-issue will nearly have expired. Thus, NTP argues that a stay would unduly prejudice its right to enforce patents that - as of the time it filed these suits - are valid. Finally, NTP argues that, if the Court stays these suits, the stay should be subject to several conditions, including an agreement by the defendants to be bound to the outcome of the proceedings before the PTO.

III.

[HN1]The Court's power to control its docket gives it the authority to stay proceedings before it, Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936), [*6] including proceedings that may be affected by a pending re-examination of a patent-in-suit by the Patent and Trademark Office, see Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001); see also Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (explaining that the statute creating the re-examination procedure does not expressly authorize a court to stay proceedings in light of a pending re-examination because Congress believed that the power to do so "already resides with the [c]ourt") (quoting 1980 U.S.C.C.A.N. 6463); Robert H. Harris Co. v. Metal Mfg. Co., 19 U.S.P.Q.2d 1786, 1788 (E.D. Ark.1991) (noting that "[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays").

[HN2]The Court has previously stayed similar proceedings after considering whether (1) discovery was complete and a trial date was scheduled; (2) a stay would have simplified the matters at issue; and (3) a stay would have unduly prejudiced or clearly disadvantaged the non-moving party. NTP, Inc. v. Palm, Inc., No. 3:06-CV-836, 2007 U.S. Dist. LEXIS 97141 (E.D. Va. Mar. 22, 2007) (Spencer, J.) (citing Tap Pharm. Prods., Inc. v. Atrix Labs, Inc., 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004)). [*7] That approach is consistent with rulings by the Federal Circuit that [HN3]staying proceedings may be appropriate in order to narrow the scope of the dispute, obtain guidance from the PTO, avoid reaching a result inconsistent with findings by the PTO, or prevent the waste of judicial resources. See MercExchange, L.L.C. v. eBay, Inc., 500 F. Supp. 2d 556, 563 (E.D. Va. 2007) (Friedman, J.) (citing three opinions by the Federal Circuit).

Applying that test, the Court concludes that a stay is warranted in these four actions. First, trial dates have not been scheduled and discovery has not yet begun. In fact, none of the defendants have filed any responsive pleadings. Since these actions are in an even earlier stage than was the suit filed by NTP against Palm when it was stayed, this factor favors staying these actions.

Second, the outcome of the re-examination proceedings by the PTO will greatly assist the Court in evaluating NTP's claims against these defendants. Not only will the PTO's findings indicate whether these suits should proceed, the findings will clarify which of the nearly two thousand claims at issue in these suits the Court must address. At oral argument, counsel for one [*8] of the defendants suggested that preparing to try

these suits before the re-examination proceedings are complete would be like trying to hit a moving target, without knowing even what the target looks like. That comparison is apt. Since the PTO will likely invalidate at least some of the claims covered by the patents-at-issue, waiting for the PTO to complete its review will help the Court identify which of those claims need to be litigated, simplifying the resolution of these suits. Accordingly, this factor also suggests that a stay is appropriate.

Finally, a stay will not cause irreparable harm to NTP. By filing these suits, NTP is eligible to recover damages for any infringement of the patents-at-issue that occurs while the re-examination is proceeding (provided that the PTO -- and the Federal Circuit, if NTP appeals any findings by the PTO -- conclude that any of the patents-at-issue are valid). Even though the Court is dismayed by the pace of the re-examination proceedings, their conclusion is closer now than it was when the Court stayed *Palm*. Thus, staying these suits poses no greater risk of undue prejudice to NTP than did the stay in *Palm*.

Additionally, the Court declines to condition [*9] the stay on the defendants' acceptance of the PTO's findings. None of the defendants asked the PTO to re-examine the patents-at-issue. Nor have they participated in the re-examination proceedings or had any other opportunity to challenge NTP's pending claims. Moreover, if the BPAI validates any of those claims, the defendants will not be able to appeal that decision to the Federal Circuit. Accordingly, due process precludes the Court from requiring the defendants to bind themselves to the outcome of those proceedings.

However, the Court concludes that taking measures to preserve the evidence relevant to these actions would be appropriate, and it shall fashion an appropriate Order.

IV.

For the reasons stated above, these actions shall be STAYED. It is SO ORDERED.

James R. Spencer

Chief United States District Judge

ENTERED this *2nd* day of November 2007