# TAB 15



Slip Copy
Slip Copy, 2009 WL 1080854 (E.D.Tex.)
(Cite as: 2009 WL 1080854 (E.D.Tex.))

Page 1

HOnly the Westlaw citation is currently available.

United States District Court,
E.D. Texas,
Marshall Division.
ROY-G-BIV CORPORATION, Plaintiff,
v.
FANUC LTD., et al., Defendants.
**Civil Action No. 2:07-CV-418 (DF).**

April 14, 2009.

Lance Henry Lubel, John Milton Black, Heard Robins Cloud & Lubel, LLP, Russell Allen Chorush, Heim Payne & Chorush LLP, Houston, TX, Aaron J. Snow, D. Michael Underhill, Eric J. Maurer, Evan A. Parke, William A. Isaacson, Boies Schiller & Flexner LLP, Washington, DC, Harold Kip Glasscock, Jr., Kip Glasscock Attorney at Law, Beaumont, TX, for Plaintiff.

Henry Charles Bunsow, Howrey Simon Arnold & White, San Francisco, CA, Daniel T. Shvodian, James F. Valentine, Matthew E. Hocker, Ryan James Moran, Howrey LLP, East Palo Alto, CA, Thomas John Ward, Jr., Ward & Smith Law Firm, Longview, TX, for Defendants.

## ORDER

DAVID FOLSOM, District Judge.

*1 Before the Court is Defendants' Motion to Stay Litigation Pending the Outcome of Reexamination Proceedings. Dkt. No. 106.Also before the Court are Plaintiff's Response in Opposition, Defendants' Reply, and Plaintiff's Sur-reply. Dkt. Nos. 115, 121, and 129.Having considered the arguments of counsel, all relevant papers and pleadings, the Court finds that Defendants' Motion to Stay should be **DENIED**.

## I. BACKGROUND

Plaintiff, ROY-G-BIV Corporation ("RGB"), filed this suit on September 19, 2007, alleging that FANUC Ltd., FANUC Robotics America, Inc., GE Fanuc Automation Americans, Inc., and GE Fanuc Intelligent Platforms, Inc. (collectively, "Defendants") infringe U.S. Patent Nos. 5,691,897 ("the '897 Patent"), 6,513,058 ("the '058 Patent"), 6,516,236 ("the '236 Patent), and 6,941,543 ("the '543 Patent").Dkt. No. 1. These patents relate to motion control methods and systems that include software for communicating with and controlling different motion control devices.

One defendant, GE Fanuc Intelligent Platforms, Inc., requested that the United States Patent and Trademark Office ("PTO") reexamine the validity of all four patents. These requests were granted and all four patents are currently being reexamined by the PTO-three of the patents are subject to *inter partes* reexam while the fourth, the '897 Patent, is subject to an *ex parte* reexam. All Defendants now request that this litigation be stayed pending the outcome of these reexamination proceedings. Dkt. No. 106.

## II. LEGAL PRINCIPLES

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D.Tex.2005) (J. Davis)."The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)."How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

This Court has stated that it has no "automatic" policies regarding stays pending reexamination, but has stated that "each motion to stay pending reexamination filed in this Court is considered on a case-by-case basis with each cause of action presenting distinct circumstances." *DataTreasury Corp. v. Wells Fargo & Co.*, 490 F.Supp.2d 749, 754 (E.D.Tex.2006). In

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2009 WL 1080854 (E.D.Tex.)
(Cite as: 2009 WL 1080854 (E.D.Tex.))

Page 2

deciding whether to stay litigation pending reexamination, this Court considers "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software,* 356 F.Supp.2d at 662.

### III. PARTIES' POSITIONS & DISCUSSION

#### 1. Undue prejudice and tactical disadvantage to the nonmoving parties

*2 Defendants argue that Plaintiff will not suffer any undue prejudice or tactical disadvantage if this case is stayed. Dkt. No. 106 at 10-13.First, Defendants argue that they "made diligent efforts to prepare and file the reexamination petitions after RGB initiated this litigation."*Id.* at 10.Next, Defendants argue that RGB would not be entitled to an injunction in this case, thus allowing RGB to be fully compensated by additional monetary damages that would accrue during the stay. *Id.* at 11-12.Finally, Defendants contend that RGB's own delay in filing this suit mitigates against any argument that RGB might bring in opposition of Defendants' motion. *Id.* at 12-13.

Plaintiff refutes the argument that Defendants made diligent efforts to file the reexamination requests. Dkt. No. 115 at 4. Specifically, RGB contends the Defendants waited nearly three years to file the request since learning of the patents-in-suit back in 2005. *Id.* At the very least, Defendants waited a full year after this suit was filed to request reexam. *Id.* RGB contends that this delay, coupled with the additional delay of lengthy reexam proceedings, is unduly prejudicial. *Id.* at 5-7.

In the past, this Court has noted the findings of the Institute for Progress, an independent organization that has analyzed the *inter partes* reexamination process. *See ESN, LLC v. Cisco Systems, Inc.,* No. 5:08-CV-20-DF (E.D.Tex. Nov.20, 2008). On average, *inter partes* reexaminations in which a patentee defends its rights may take anywhere from thirty-four to fifty-three months without an appeal. *Id.* at 4. If the PTO's finding is appealed the process may take between five to eight years. *Id.* Because Defendants' reexamination requests were filed a little over six months ago, a stay in this case would, at a likely minimum, last another twenty-eight months.

As this case currently stands, the parties have completed claim-construction briefing and a *Markman* hearing will occur later this week. This case is set for trial on the Court's October 2009 docket, less than six months away. Dkt. No. 54.As a result, a stay would delay trial for a number of years and would likely force the parties to redo most, if not all, of their claim-construction briefing. Such a stay would be unfairly prejudicial to RGB. Accordingly, this factor weighs heavily against granting the stay.

#### 2. Simplification of the issues in question and trial of the case

The Court is not convinced that reexamination will simplify the issues for trial in this case. It is difficult to gauge, at this early stage in the reexamination process, how likely it is that any of RGB's patent claims will be cancelled or modified through amendment. Furthermore, it is this Court's experience that the reexamination process may actually complicate a case by creating additional prosecution history estoppel and disavowal arguments that must be addressed during claim construction. To convince this Court that a stay will actually simplify a case, the requesting party must do more than merely proffer oft-cited reexamination statistics and generic judicial efficiency arguments. This Defendants have not done. Accordingly, this factor weighs against granting the stay.

#### 3. Completion of discovery and trial date

*3 Defendants argue that discovery is far from complete. Dkt. No. 106 at 17-18.As mentioned above, however, claim-construction briefing is complete and trial is six months away. Accordingly, this factor weighs against a stay in this case.

### IV. CONCLUSION

Not a single factor weighs in favor of a stay under circumstances of this case. Accordingly, a stay is inappropriate. Defendants' Motion to Stay Litigation Pending the Outcome of Reexamination Proceedings

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.