# TAB 16



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1134471 (S.D.N.Y.), 56 U.S.P.Q.2d 1633
(Cite as: 2000 WL 1134471 (S.D.N.Y.))

Page 1

United States District Court, S.D. New York.
SOFTVIEW COMPUTER PRODUCTS CORP. and ERGO VIEW TECHNOLOGIES CORP., Plaintiffs,
v.
HAWORTH, INC., Defendant.
**No. 97 CIV. 8815 KMW HBP.**

Aug. 10, 2000.

Philippe Bennett, Esq., Coudert Brothers, New York.

Stuart I. Friedman, Esq., Friedman, Wittenstein & Hochman, New York.

George M. Sirilla, Esq., Pillsbury, Madison & Sutro, LLP, Washington, D.C.

MEMORANDUM OPINION AND ORDER

PITMAN, Magistrate J.

I. *Introduction*

*1 This matter has been referred to me for general pre-trial supervision and to report and recommend with respect to dispositive motions. By letters dated July 5 and July 24, 2000 plaintiffs seek to stay this action pending the outcome of a re-examination proceeding that is now pending before the United States Patent and Trademark Office ("PTO"). For the reasons stated below, the motion is granted and the matter is stayed pending the resolution of the re-examination proceeding.

II. *Facts*

In principal part, this is a patent infringement action.[FN1] Plaintiffs allege that defendant's patent, United States Patent No. 4,616,798[FN2] (the "'798 Patent"), is invalid and unenforceable and seek a declaratory judgment to that effect. Defendant denies the material allegations of the complaint and has asserted a counterclaim alleging that several of plaintiffs' products infringe the '798 Patent. Five claims of the '798 Patent are alleged to be infringed, namely Claims 31, 32, 33, 34 and 36.[FN3] Defendant has never sought injunctive relief against plaintiffs' alleged infringement.

> FN1. Plaintiffs have also asserted non-patent claims in which they allege that defendant is improperly attempting to enforce a patent that it knows is invalid. *See generally Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.,* 382 U.S. 172, 174 (1965). Because this aspect of the case is dependent on the outcome of patent validity and infringement issues, I have bifurcated these claims and stayed discovery concerning them until the patent infringement and validity issues are resolved (*see* Docket Item No. 54).

> FN2. The '798 Patent's subject matter is an adjustable support mechanism for computer keyboard shelves.

> FN3. In a Memorandum Opinion and Order dated December 10, 1999, I denied Haworth's application to assert that plaintiffs infringed twelve (12) additional claims. Haworth has appealed this decision to the Honorable Kimba M. Wood, United States District Judge, to whom this matter is assigned. That appeal is currently pending.

At some unspecified date in the first half of this year, Softview requested that the PTO commence a reexamination proceeding with respect to certain claims of the '798 Patent. The PTO granted the request on or about June 23, 2000, finding that there are "substantial new questions of the patentability of claims 1, 23, 24, 25, 26, 31, 32, 36, 37 and 38 ..." (Exhibit F to the Letter of Philippe Bennett, Esq., dated July 24, 2000).

III. *Analysis*

A reexamination proceeding is an administrative proceeding conducted by PTO for the purpose of

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1134471 (S.D.N.Y.), 56 U.S.P.Q.2d 1633
(Cite as: 2000 WL 1134471 (S.D.N.Y.))

Page 2

determining the validity of an existing patent. *See* 35 U.S.C. § 301, *et seq.* A reexamination can be requested by any person at any time upon showing the existence of "prior art," "consisting of patents or printed publications which that person believes to have a bearing on the patentability of any claim of a particular patent." 35 U.S.C. §§ 301, 302. *Bausch & Lomb Inc. v. Alcon Lab., Inc.,* 914 F.Supp. 951, 952 (W.D.N.Y.1996).

One purpose of the reexamination procedure is to eliminate trial of the issue of patent claim validity (when the claim is canceled by the [PTO] ), or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding), *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed.Cir.), *cert. denied,* 464 U.S. 935 (1983); *Ingro v. Tyco Industries, Inc.,* 1985 WL 1649 at *1, 227 U.S.P.Q. (BNA) 69, 71 (N.D.Ill.1985). The procedure was intended "to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts ...," especially where the infringement litigation is in the early stages. *Digital Magnetic Systems, Inc. v. Ansley,* 1982 WL 52160, at *1, 213 U.S.P.Q. (BNA) 290 (W.D.Okla.1982). As stated in the *Digital Magnetic Systems* case:

*2 Parties should not be permitted to abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation. Yet, in cases ... which have not progressed beyond the initial litigation stages and in which the plaintiff has an adequate legal remedy, the reexamination procedure should be utilized.

*Id.*

*Snyder Seed Corp. v. Scrypton Sys., Inc.,* 52 U.S.P.Q.2d 1221, 1223 (W.D.N.Y.1999).

Although the reexamination procedure does not provide for an automatic stay of pending district court proceedings involving the same claims, *see* H.R.Rep. No. 1307 Part 1, 96th Cong., 2nd Sess. 4, *reprinted in* 1980 U.S.C.C.A.N. 6460, 6463, there is no question that a district court in which an infringement action has been filed has the discretion to stay the infringement action pending the outcome of the reexamination proceeding. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed.Cir.1988). The following advantages have been found to result from a stay of district proceedings pending completion of reexamination proceedings:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without further use of the Court.

5. The record of the reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the Court.

*Emhart Indus. v. Sankyo Seiki Mfg.,* 3 U.S.P.Q.2d 1889, 1890 (N.D.Ill.1982), citing *Fisher Controls Co. v. Control Components Inc.,* 443 F.Supp. 581, 582 (S.D.Iowa 1977).*Accord Snyder Seed Corp. v. Scrypton Sys., Inc., supra,* 52 U.S.P.Q.2d at 1223.Courts have routinely stayed infringement actions pending the outcome of reexamination proceedings. *E.g, Snyder Seed Corp. v. Scrypton Sys., Inc., supra,* 52 U.S.P.Q.2d 1221; *Bausch & Lomb Inc. v. Alcon Lab., Inc., supra,* 914 F.Supp. 951;*Sulzer, Inc. v. Black Clawson Co.,* 93 Civ. 8721 (JGK), 1995 WL 363440 (S.D.N.Y. June 14, 1995); *Brown v. Shimano American,* 18 U.S.P.Q.2d 1496 (C.D.Cal.1991); *Gravling Indus. v. GPAC, Inc.,* 19 U.S.P.Q.2d 1872 (N.D.Ga.1991); *Emhart Indus. v. Sankyo Seiki Mfg., supra,* 3 U.S.P.Q.2d 1889; *Thomas & Betts Corp. v. Tishman Research Corp.,* 86 Civ.1926(MJL), 1986

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1134471 (S.D.N.Y.), 56 U.S.P.Q.2d 1633
(Cite as: 2000 WL 1134471 (S.D.N.Y.))

Page 3

WL 13455 (S.D.N.Y. Nov. 17, 1986)

In determining whether to grant a stay, courts have considered the following factors:

(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*3 *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y.1999) (citations omitted).*See also Note, Reexamination Reality: How Courts Should Approach a Motion to Stay Litigation Pending the Outcome of Reexamination*, 66 Geo. Washington L.Rev. 172, 178 (1997).

Although I believe that this is a close case, on balance, I believe that the equities weigh in favor of a stay.

First, it does not appear that a stay would unduly prejudice the patentee. Although Haworth correctly notes that plaintiffs have not acted with dispatch in seeking reexamination and that plaintiffs have pursued an extremely burdensome discovery program, the cost to Haworth of the litigation to date will not be affected by the grant or denial of a stay; denying the stay will not, without more, entitle Haworth to recover fees it has already spent litigating this case. In addition, if the parties continue to litigate the validity of the claims in this Court, and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims. Thus, although the denial of a stay can have no effect whatsoever on past events, the grant of a stay will maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.

Second, although there has been a great deal of activity in this litigation to date, much remains to be done before the case is ready for trial. Discovery is not yet completed, extremely voluminous summary judgment motions have been served, the *Markman*[FN4] hearing has not yet been held and the Pretrial Order has not yet been prepared. In would be a serious waste of both the parties' and the Court's resources if the *Markman* and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceeding.

FN4.*See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996)

Third, a stay will necessarily simplify the issues. If the reexamination proceeding invalidates or narrows a claim or claims, the issues at trial will be simplified. Similarly, if the reexamination proceeding reaffirms all the claims as issued, the Court will then have the benefit of the PTO's expert analysis of the prior art that allegedly invalidates or limits the claims. *See Note, Reexamination Reality: How Courts Should Approach a Motion to Stay Litigation Pending the Outcome of Reexamination, supra*, 66 Geo. Washington L.Rev. at 180-81 & nn. 82-83.

Haworth claims that a stay would prejudice it because, until the action is resolved, plaintiffs will unfairly gain market share. Haworth explains that because plaintiffs are not paying it royalties, plaintiffs can unfairly price their products below Haworth's licensees and thereby gain market share at the expense of Haworth's licensees. This argument does not, however, establish harm to Haworth. If the patent is ultimately found to be valid and infringed, plaintiffs will be responsible to Haworth for damages-perhaps treble damages, 35 U.S.C. § 284-for *all* the infringing mechanisms that it has sold. Thus, it does not appear that staying the action will result in an financial damage to Haworth. In addition, if found to be infringing, plaintiffs will be subject to injunctive relief, 35 U.S.C. § 283, which would entirely eradicate their market share with respect to infringing products. Thus, Haworth's prejudice argument is unpersuasive.

IV. *Conclusion*

*4 Accordingly, for all the foregoing reasons, plaintiffs' application to stay this matter pending the outcome of the PTO's reexamination proceeding is granted. The Clerk of the Court is directed to remove this matter from the active docket of the Court until the conclusion of the PTO's reexamination proceeding. Defendant is to advise my chambers promptly of the conclusion of the reexamination proceedings.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.