# TAB 17

LEXSEE


Caution
As of: Jul 29, 2009

JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, Plaintiff, v. AMPRO TOOLS CORPORATION; FRENWAY PRODUCTS, INC.; AMPRO NORTH AMERICA CORP.; and SCOTT WANG, Defendants.

No. C 08-00096 CW

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2009 U.S. Dist. LEXIS 21627

March 9, 2009, Decided
March 9, 2009, Filed

**PRIOR HISTORY:** Sorensen v. AmPro Tools Corp., 2009 U.S. Dist. LEXIS 1606 (N.D. Cal., Jan. 6, 2009)

**CORE TERMS:** patent, patent infringement, re-examination, infringement, notice, discovery, weigh, case law, stay proceedings, reasonable effort, actual notice, infringer, patented, plastic, default, import, clerk, amend, final decision, offer to sell, tape measures, entry of default, trial date, tactical advantage, notice provisions, notice requirement, material allegations, substantial likelihood, actually used, reexamination

**COUNSEL:** [*1] For Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust, Plaintiff: James Michael Kaler, LEAD ATTORNEY, Law Offices of J. Michael Kaler, San Diego, CA; Melody Ann Kramer, LEAD ATTORNEY, Kramer Law Office, Inc., San Diego, CA.

For Ampro Tools Corporation, Defendant: Bruce A Kaser, PRO HAC VICE, Issaquah, WA; Michael James Cronen, Law Offices of Harris Zimmerman, Oakland, CA.

For Ampro North America Corp, a Washington Corporation, Defendant: Bruce A Kaser, LEAD ATTORNEY, Issaquah, WA.

**JUDGES:** CLAUDIA WILKEN, United States District Judge.

**OPINION BY:** CLAUDIA WILKEN

**OPINION**

ORDER DENYING AMPRO'S MOTION TO DISMISS

Defendant AmPro Tools Corporation (AmPro) moves to dismiss the complaint filed by Plaintiff Jens Erik Sorensen (Sorensen) or, in the alternative, to stay the proceedings pending the final outcome of the re-examination by the U.S. Patent Office (PTO) of the patent at issue in this case. Sorensen opposes the motions. The Court has taken the matter under submission. Having considered the papers submitted and the applicable law, the Court denies AmPro's motions.

BACKGROUND

This is a patent infringement case involving U.S. Patent No. 4,935,184 ('184 patent), entitled "Stabilized Injection Molding [*2] When Using a Common Mold Part with Separate Complimentary Mold Parts." Sorensen owns the '184 patent, which was issued on June 19, 1990. Sorensen alleges that AmPro, "in the past and presently make[s], import[s] into, sell[s] and/or offer[s] for sale within the United States and this District, one or more products for which the two plastic component external plastic shells are manufactured through processes which incorporate all elements of the '184 patent." First Amended Complaint (FAC) P 18. The products at issue are four types of tape measures. Sorensen also alleges that

Page 1

AmPro has not "obtained a license or any other valid authorization for import, sale, or offer for sale in the United States of products manufactured through use of the '184 patented process." *Id.* at P 19.

On December 20, 2006, Sorensen sent AmPro a detailed letter, accompanied by drawings and charts, which described the infringement. The letter requested that AmPro provide evidence necessary to verify that the manufacturing process it used to make its tape measures was not the '184 process. Sorensen alleges that AmPro has not produced such evidence. On January 7, 2008, Sorensen filed this lawsuit. Ampro failed timely [*3] to respond to the complaint. On March 26, 2008, at Sorensen's request, the clerk entered default against AmPro. [1] On October 28, 2008, Ampro moved to file responsive pleadings, which the Court interpreted as a motion to set aside the default. The Court set aside the entry of default on January 6, 2009. On January 15, 2009, AmPro filed the instant motion.

> 1   Sorensen's original complaint listed AmPro Tools Corp. as the only Defendant; therefore the clerk's entry of default is against only it. Sorensen's operative complaint, the first amended complaint, lists AmPro Tools Corp., Frenway Products Inc., AmPro North America Corp. and Scott Wang as Defendants. However, at the time Defendant AmPro Tools Corp. filed this motion to dismiss, none of the other Defendants had been served.

DISCUSSION

I. Motion to Stay Proceedings

As the Federal Circuit has noted, "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination." *Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)* (citation omitted). While courts are not required to stay judicial proceedings pending re-examination of a patent, a stay for [*4] purposes of re-examination is within the district court's discretion. *See, e.g., Patlex Corp. v. Mossinghoff, 758 F.2d 594, 603 (Fed. Cir. 1985).* One court in this district has noted that there is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of re-examination or re-issuance proceedings, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. *ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).*

The re-examination at issue in this case arises from the actions of two companies not parties to this case, Black & Decker Corp. and Phillips Plastics Corp. They filed *ex parte* requests with the PTO for re-examination of the '184 patent in July and December, 2007, respectively. The PTO has not issued a final decision on the re-examination; however, in a non-final office action dated October 31, 2008, of the ten claims that comprise the '184 patent, the PTO confirmed claims two and four, and rejected claims one and six through ten.

In determining whether to stay a case pending re-examination, a court may consider the following factors: (1) whether discovery is complete [*5] and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *In re Cygnus Telecomm. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).* On balance, the factors here weigh against a stay.

Discovery in this case is still in its early stages and no trial date has been set. Thus this factor would normally weigh in favor of a stay. However, Sorensen argues that discovery would be further along, had AmPro not refused to participate in the proceedings for almost one year. Sorensen also asserts that AmPro did not even begin to respond to his claim until the clerk made the default entry. AmPro does not address these accusations.

It is not clear whether staying the case will simplify the issues in question and the trial of the case. AmPro asserts that Sorensen's case would have to be dismissed if the final decision on the re-examination invalidates those parts of Sorensen's patent that apply to AmPro. However, it is not certain which patent claims apply to the present litigation, and the outcome of the reexamination [*6] is far from certain.

Finally, the Court addresses whether entering a stay in this case will unduly prejudice and present a clear tactical advantage to the non-moving party, Sorensen. As noted above, AmPro has already stalled this action for almost one year. Sorensen argues that further delay will only increase the likelihood of loss of evidence. *See Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)* (concluding that staying the case could lead to "further loss of information" and a "tactical advantage."). The Court agrees. Further, the length of time required for the reexamination is unknown. After balancing this uncertainty with the current stage of the proceeding, the potential delay would likely prejudice Sorensen. In sum, the three factors weigh against granting AmPro's motion to stay the proceeding.

II. Motion to Dismiss for Failure to State a Claim

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to

dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair [*7] notice of a legally cognizable claim and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id.* at 296-97.

AmPro first argues that Sorensen's complaint should be dismissed because Sorensen is not entitled [*8] to a presumption of patent infringement under 35 U.S.C. § 295. That section provides,

> In actions alleging infringement of a process patent based on the importation, sale, offer for sale, or use of a product which is made from a process patented in the United States, if the court finds --
>
> (1) that a substantial likelihood exists that the product was made by the patented process, and
>
> (2) that the plaintiff has made a reasonable effort to determine the process actually used in the production of the product and was unable so to determine,
>
> the product shall be presumed to have been so made, and the burden of establishing that the product was not made by the process shall be on the party asserting that it was not so made.

AmPro argues that Sorensen has not made "reasonable efforts to determine the process actually used in the production" of the tape measures at issue in this case. However, Sorensen properly notes that § 295 is not a mandatory element of a patent infringement claim. Rather, it is a burden shifting provision that relieves patent holders of the burden to prove infringement once the patent holder has shown that there is a substantial likelihood that the product was made with the [*9] infringing process, and that reasonable efforts were made to discover the actual patent process. This provision has no bearing on the sufficiency of a complaint for patent infringement.

Further, the parties have not presented the Court with any evidence on this issue and, on a motion to dismiss, the Court does not weigh evidence. Rather, the Court takes all material allegations as true and construes them in the light most favorable to the plaintiff, Sorensen. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). Thus, the Court does not reach a conclusion about whether Sorensen is entitled to the presumption. [2] Even if the Court determined that he was not, it would not necessarily be dispositive of Sorensen's case and require dismissal of the complaint.

   2  The Court declines Ampro's invitation to treat this motion as one for summary judgment.

AmPro next argues that the complaint should be dismissed because it did not have actual notice of the process patent infringement action. AmPro argues that § 287(a) limits patent infringement actions to those in which individuals have actual notice of the infringement. Section 287(a) provides that "no damages shall be recovered by the patentee [*10] in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter." However, "the law is clear that the notice provisions of section 287 do not apply where the patent is directed to a process or method." *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993); see *Bandag, Inc. v. Gerrard Tire Company, Inc.*, 704 F.2d 1578, 1581 (Fed. Cir. 1983) ("In addition to the clear language of the statute, it is, as noted by the district court, also settled in the case law that the notice requirement of this statute does not apply where the patent is directed to a process or method."). Because Sorensen alleges that AmPro infringed a process patent, the notice provisions of § 287 do not apply.

Despite this case law to the contrary, AmPro argues that the passage of the Process Patent Act of 1988 (The Act) changed the notice requirements for process patent claims. The Act added § 271(g), which creates liability for companies that import, offer to sell, sell, or use a "product which is made by a process patented in the United States"

Page 3

if the importation, offer to sell, sale or use of the product [*11] "occurs during the term of such process patent." The Act expanded the reach of the U.S. patent system beyond the U.S. borders. The Act also added § 287(b), which sets various limits to damages and other remedies available in patent infringement claims. However, nothing in the plain language of §§ 271(g) or 287(b) states that process patent claims require notice of any kind. Moreover, since the passage of the Act, no court has interpreted §§ 271(g) or 287(b) to require such notice. To the contrary, case law since the passage of the Act has stated the opposite. *See American Medical Systems, 6 F.3d at 1538; Crystal Semiconductor v. Tritech Microelectronics, 246 F.3d 1336, 1353 (Fed. Cir. 2001).* [3]

3 AmPro also questions facts underlying Sorensen's allegations as to when AmPro had "actual knowledge" of the infringement in relation to when AmPro discontinued selling the products at issue. Because actual notice is not required to sustain a claim for process patent infringement, the Court need not address this dispute. Further, this type of factual dispute is not resolved on a motion to dismiss. *See NL Indus., Inc. v. Kaplan, 792 F.2d at 898.*

After reviewing the complaint, the Court concludes [*12] that Sorensen has successfully alleged the necessary components of a patent infringement claim. To survive a motion to dismiss in a patent infringement claim, "a patentee need only plead facts sufficient to place the alleged infringer on notice. This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790, 794 (Fed. Cir. 2000).* Here, Sorensen's complaint sufficiently places Ampro on notice of enough facts to enable it to defend itself.

CONCLUSION

For the foregoing reasons, AmPro's motions for a stay and to dismiss are denied (Docket No. 54).

IT IS SO ORDERED.

Dated: 3/9/09

/s/ Claudia Wilken

CLAUDIA WILKEN

United States District Judge