# TAB 18

LEXSEE


Cited
As of: Jul 29, 2009

STORMEDIA TEXAS, LLC, vs. COMPUSA, INC., ET AL.

CASE NO. 2:07-CV-025

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, MARSHALL DIVISION

2008 U.S. Dist. LEXIS 55690

July 23, 2008, Decided
July 23, 2008, Filed

**CORE TERMS:** reexamination, inter partes, weigh, tactical advantage, patent-in-suit, invalidity, simplify

**COUNSEL:** [*1] For Stormedia Texas, LLC., Plaintiff, Counter Defendant: Sidney Calvin Capshaw, III, LEAD ATTORNEY, Elizabeth L DeRieux, Capshaw DeRieux, LLP, Longview, TX; Andrew Thompson Gorham, Charles Ainsworth, Parker Bunt & Ainsworth, Tyler, TX; Deborah J Race, Otis W Carroll, Jr, Ireland Carroll & Kelley, Tyler, TX; Franklin Jones, Jr, Jones & Jones - Marshall, Marshall, TX; Gregory Scott Dovel, Julien Antonio Adams, Dovel & Luner, Santa Monica, CA; Robert Christopher Bunt, Parker, Bunt & Ainsworth, P.C., Tyler, TX.

For Western Digital Technologies, Inc., Consol Plaintiff: Lisa Sharrock Glasser, LEAD ATTORNEY, Scott D Baskin, Irell & Manella - Newport Beach, Newport Beach, CA.

For Compusa, Inc., a Delaware Corporation, Defendant: Herbert J Hammond, Thompson & Knight - Dallas, Dallas, TX.

For J & R. Electronics, Inc., a New York Corporation, Defendant: Walter Thomas Henson, LEAD ATTORNEY, Ramey & Flock, Tyler, TX.

For Samsung Semiconductor, Inc., a California Corporation, Defendant, Counter Claimant: Christine K Corbett, Mark D Fowler, DLA Piper Rudnick Gray Cary US LLP - East Palo Alto, East Palo Alto, CA; Gerald Sekimura, DLA Piper US LLP - San Francisco, San Francisco, CA; James Bradford Morin, [*2] Curry & Morin LLP, Marshall, TX; John M Guaragna, DLA Piper Rudnick Gray Cary, Austin, TX; John K Pike, DLA Piper US LLP - Washington, Washington, DC; Vincent S Lam, DLA Piper US LLP - San Diego, San Diego, CA.

For Seagate Technology Inc, a Cayman Islands Corporation, Seagate Technology LLC., a Delaware Limited Liability Company, Defendants, Counter Claimants: Ruffin B Cordell, LEAD ATTORNEY, Fish & Richardson PC - Washington DC, Washington, DC; David M Barkan, Jennifer L Ishimoto, Limin Zheng, Rajesh Bagga, Tamara D Fraizer, Fish & Richardson - Redwood City, Redwood City, CA; Edward Alexander Eaton-Salners, Fish & Richardson - San Diego, San Diego, CA; Walter Thomas Henson, Ramey & Flock, Tyler, TX.

For Tigerdirect, Inc., a Florida Corporation, Defendant: Eric William Buether, LEAD ATTORNEY, Greenberg Traurig - Dallas, Dallas, Tx.

For Toshiba America Information Systems, Inc., a California Corporation, Defendant: Melvin R Wilcox, III, LEAD ATTORNEY, Yarbrough - Wilcox, PLLC, Tyler, TX; Craig S Summers, Irfan A Lateef, Knobbe Martens Olson & Bear LLP - Irvine,CA, Irvine, CA; Soyoung Jung, Knobbe Martens Olson & Bear - San Francisco, San Francisco, CA.

For Western Digital Technologies, [*3] Inc., a Delaware Corporation, Defendant, Counter Claimant: Melissa Richards Smith, LEAD ATTORNEY, Gillam & Smith, LLP, Marshall, TX; David Craig McPhie, Lisa Sharrock

Page 1

Glasser, Scott D Baskin, Irell & Manella - Newport Beach, Newport Beach, CA; Harold Kip Glasscock, Jr, Kip Glasscock Attorney at Law, Beaumont, TX; Reynaldo C Barcelo, Barcelo & Harrison, Newport Beach, CA.

For Stormedia Texas, LLC., Consol Defendant: Gregory Scott Dovel, LEAD ATTORNEY, Julien Antonio Adams, Dovel & Luner, Santa Monica, CA.

For Hoya Corporation, Movant: Eric Hugh Findlay, Roger Brian Craft, Ramey & Flock, Tyler, TX; Joseph J Jacobi, Lydia E Wahlke, Kirkland & Ellis - Chicago, Chicago, Il; Paul Richard Steadman, Kirkland & Ellis LLP - Chicago, Chicago, Il.

For Stormedia Texas, LLC., Counter Defendant: Sidney Calvin Capshaw, III, Capshaw DeRieux, LLP, Longview, TX.

For Samsung Semiconductor, Inc., a California Corporation, Counter Claimant: George Barton Butts, DLA Piper US LLP - Austin, Austin, TX; John M Guaragna, DLA Piper Rudnick Gray Cary, Austin, TX; Vincent S Lam, DLA Piper US LLP - San Diego, San Diego, CA.

For Western Digital Technologies, Inc., a Delaware Corporation, Counter Claimant: Melissa Richards [*4] Smith, LEAD ATTORNEY, Gillam & Smith, LLP, Marshall, TX; David Craig McPhie, Lisa Sharrock Glasser, Irell & Manella - Newport Beach, Newport Beach, CA.

For Stormedia Texas, LLC., Counter Defendant: Gregory Scott Dovel, LEAD ATTORNEY, Gregory Scott Dovel, Julien Antonio Adams, Dovel & Luner, Santa Monica, CA; Sidney Calvin Capshaw, III, LEAD ATTORNEY, Elizabeth L DeRieux, Capshaw DeRieux, LLP, Longview, TX; Andrew Thompson Gorham, Charles Ainsworth, Parker Bunt & Ainsworth, Tyler, TX; Deborah J Race, Otis W Carroll, Jr, Ireland Carroll & Kelley, Tyler, TX; Franklin Jones, Jr, Jones & Jones - Marshall, Marshall, TX; Robert Christopher Bunt, Parker, Bunt & Ainsworth, P.C., Tyler, TX.

**JUDGES:** CHARLES EVERINGHAM IV, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** CHARLES EVERINGHAM IV

**OPINION**

**MEMORANDUM OPINION AND ORDER**

**1. Introduction**

Before the court is the defendants' motion (# 187) to stay this action pending *inter partes* reexamination of the only patent-in-suit. For the foregoing reasons, the court denies the defendants' motion.

**2. Background**

In this case, Stormedia Texas, LLC ("Stormedia") contends that the defendants infringe various claims of U.S. Patent No. 6,805,891 ("the '891 patent), entitled "Recording Media Having [*5] Protective Overcoats of Highly Tetrahedral Amorphous Carbon and Methods for their Production." The '891 patent was filed on January 23, 2003, and issued on October 19, 2004.

The instant action was filed by Stormedia on January 22, 2007. Western Digital Technologies, Inc. ("Western Digital") thereafter filed on January 4, 2008, a request with the U. S. Patent and Trademark Office ("PTO") for an *inter partes* reexamination of the '891 patent. On January 16, 2008, the defendants filed the instant motion (# 187) requesting a six month stay of this case pending the PTO's decision on whether to grant or deny Western Digital's reexamination request. On February 29, 2008, the PTO issued an order granting Western Digital's reexamination request for all claims of the patent-in-suit. The defendants' motion to stay (# 187) is ripe for review.

**3. Discussion**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the [*6] exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936).

Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662.

**A. Prejudice and Tactical Advantage**

The PTO has not provided any definitive guidance on the length of time required for the reexamination. Accordingly, the potential delay for an indefinite period would likely prejudice StorMedia. See *Ricoh Co., Ltd. v. Aeroflex, Inc.*, 2006 U.S. Dist. LEXIS 93756, 2006 WL 3708069, *2 (N.D. Cal. Dec. 14, 2006); *Lexington Lasercomb I.P.A.G. v. GMR Products, Inc.*, 442 F. Supp. 2d

Page 2

1277, 1278 (S.D. Fla. 2006). This factor weighs against a stay of this case.

### B. Simplification of the Case

If the court stays the proceedings, Western Digital will be estopped from making the same invalidity arguments in this case that it makes to the PTO during [*7] the reexamination proceeding. 35 U.S.C. § 315(c). This estoppel will usually simplify the issues in the case. However, in this action, there are several defendants who are not party to the reexamination proceeding. These defendants will therefore not be precluded from advancing at trial the same invalidity arguments that Western Digital presented during reexamination. This serves to counteract any simplifying effects of the *inter partes* reexamination proceeding. Texas MP3 Technologies, Ltd. v. Samsung Electronics Co., Ltd., No. 2:07-CV-052, 2007 U.S. Dist. LEXIS 80392, slip op. at 2-3 (E.D. Tex. Oct. 30, 2007). As such, this factor weighs against staying this case.

### C. Stage of the Proceedings

The present motion was filed one month after the docket control order was entered in this case, but one year before the scheduled *Markman* hearing. Therefore, this factor supports a stay of the proceedings.

### 4. Conclusion

On balance, the court finds that a stay of this case pending the *inter partes* reexamination is not appropriate. Therefore, the court denies the defendants' motion (# 187) to stay this action.

SIGNED this 23rd day of July, 2008.

/s/ Charles Everingham IV

CHARLES EVERINGHAM IV

UNITED STATES MAGISTRATE JUDGE