### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| EPLUS, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>PERFECT COMMERCE, INC.,<br>SCIQUEST, INC., LAWSON<br>SOFTWARE, INC., and VERIAN<br>TECHNOLOGIES, INC.,<br><br>      Defendants. | Civil Action No. 2:09-CV-232-HCM-TEM |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS PERFECT COMMERCE, LLC, SCIQUEST, INC., AND LAWSON SOFTWARE, INC. TO TRANSFER PROCEEDINGS OR IN THE ALTERNATIVE TO ADOPT PRIOR MARKMAN RULING**

# **TABLE OF CONTENTS**

                                                                                                        **Page**

I.   INTRODUCTION ................................................................................................... 1

II.  ARGUMENT ......................................................................................................... 3

A.   This Court Should Transfer These Proceedings to Judge Spencer ....................... 3

  1.   The Eastern District of Virginia - Richmond Division, is Proper Venue ........... 3

  2.   The Factors Weigh Heavily In Favor of Transfer to Judge Spencer ................. 4

    a.   The Plaintiff's Choice of Venue Should Be Accorded No Weight ............... 4

    b.   The Interest of Justice Weighs Strongly In Favor of Transfer....................... 4

B.   Alternatively, This Court Should Adopt Judge Spencer's Markman Order ........... 6

III. CONCLUSION ...................................................................................................... 8

Defendants Perfect Commerce, LLC[1] ("Perfect"), SciQuest, Inc. ("SciQuest") and Lawson Software, Inc. ("Lawson") (collectively, the "Moving Defendants") submit this memorandum in support of their motion to transfer the litigation proceedings brought by Plaintiff ePlus, Inc. ("ePlus") pursuant to 28 U.S.C. § 1404(a), or in the alternative, to adopt the claim construction ruling from Judge Spencer on the patents at issue.

## I.    INTRODUCTION

Plaintiff ePlus filed the instant action in the Alexandria Division of the Eastern District of Virginia on May 19, 2009. *See* Doc. No. 1 at 1.  This action was filed just days after ePlus voluntarily dismissed an identical action in District Court for the District of Delaware.  The case was randomly assigned to Judge Morgan in the Norfolk Division and once the matter was randomly assigned to Judge Morgan, ePlus failed to alert the Court to the fact that Judge Spencer had previously considered the patents-in-suit.  ePlus alleges that Defendants infringe one or more claims of United States Patent Nos. 6,023,683 ("the '683 patent"), 6,055,516 ("the '516 patent"), and 6,505,172 ("the '172 patent") (collectively "patents-in-suit").

Plaintiff has a long history of litigating these same patents.  In 2004 Plaintiff sued Ariba in the Alexandria Division and Judge Brinkema issued a 23-page order ruling on summary judgment motions in January 2005.  Judge Brinkema's order regarding summary judgment also contained claim constructions necessary to render her summary judgment opinion.  That case went to verdict in plaintiff's favor.  In 2005, ePlus sued SAP on the same patents and the case was venued in Richmond before Judge Spencer.  Judge Spencer issued a 16-page claim construction order construing the claims of those patents and the order provided a detailed

---

[1] The Complaint incorrectly identifies Perfect Commerce as a corporation; instead, Perfect Commerce is a limited liability company.  See Doc. No. 27, at 1 n.1 and 4.

analysis of the means-plus-function claims. *See* Tautkus Decl.,[2] Ex. A. Judge Spencer later granted SAP's motion for summary judgment of non-infringement of all 35 of the means-plus-function claims of the patents-in-suit after ePlus conceded non-infringement of those claims based on the claim construction. *See* Tautkus Decl., Ex. B. The jury trial ended in a hung jury, and the Court subsequently dismissed the action and vacated the above orders pursuant to settlement by the parties. *See* Tautkus Decl., Ex. C. An *ex parte* request for reexamination was filed in September 2006. In January 2009, the Patent and Trademark Office issued a final rejection, finding the independent claims of the '683 patent to have been anticipated by four references that were utilized in the SAP litigation.

The history of these patents reveals that two judges have already looked at the patents, construed the claims, and issued written opinions. In addition, Judge Spencer granted summary judgment on all of the means-plus-function claims, and the U.S. Patent and Trademark Office has looked at some of the claims and found them to be anticipated. Undaunted, plaintiff wants this court to take a "fresh look" and construe the claims a third time, in an apparent attempt to get a better construction that will not end up with the same outcome as happened before Judge Spencer.

Defendants respectfully request that allowing the plaintiff to get a third look is a waste of judicial resources and will cause the parties to spend substantial sums going over the same ground already plowed on two other occasions. This Court should transfer the case to Judge Spencer in the Richmond Division of the Eastern District of Virginia because substantial judicial and party resources will be preserved and issues simplified by transferring these proceedings to

---

[2] "Tautkus Decl." refers to the Declaration of Rita E. Tautkus In Support of Motion of Defendants Perfect Commerce, LLC, SciQuest, Inc., and Lawson Software, Inc. to Transfer Proceedings or in the Alternative to Adopt Prior Markman ruling.

Judge Spencer during the litigation's early stages.  In addition, ePlus will suffer no inconvenience or unfair prejudice from such a transfer.  As such, the interests of justice weigh heavily in favor transferring the proceedings to a Court that is already familiar with the patents-in-suit and has already construed the claims at issue.  In the alternative, this Court should adopt the claim constructions already determined by Judge Spencer, and Defendants should not be forced to litigate issues already decided by another Court or to assume the risk of inconsistent results.

## II.   ARGUMENT

### A.   This Court Should Transfer These Proceedings to Judge Spencer

The United States Code provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The decision to transfer a case under Section 1404(a) is within the sound discretion of the court.  *See Beam Laser Sys., Inc. v. Cox Communications, Inc.*, 117 F. Supp. 2d 515, 517 (E.D. Va. 2000).  Indeed, the Supreme Court has noted that Section 1404(a) "is intended to place discretion in the district court to adjudicate motions to transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

### 1.   The Eastern District of Virginia - Richmond Division, is Proper Venue

In deciding whether to transfer this action under Section 1404(a), this Court must first determine whether this action could have originally been brought in the venue to which the movant seeks to have the case transferred.  *See, e.g., Lycos, Inc. v. Tivo, Inc.*, 499 F. Supp. 2d 685, 689 (E.D. Va. 2007).  This action was originally brought in the Alexandria Division of the

3

Eastern District of Virginia before being assigned to the Norfolk Division. *See* Doc. No. 1 at 1. ePlus could have originally brought this action in the Richmond Division, and venue is therefore proper in Richmond.

**2.     The Factors Weigh Heavily In Favor of Transfer to Judge Spencer**

Once the Court makes the determination that venue is proper in the transferee district, the Court will then balance and weigh three additional factors: (1) the plaintiff's choice of venue; (2) the convenience of the parties and witnesses and (3) the interest of justice. *See, e.g., Lycos,* 499 F. Supp. 2d at 691.

The facts are that plaintiff has had two trials in this District on the same patents – once in Alexandria and once in Richmond. There is no valid argument that a third trial should be had in Norfolk. Judge Spencer was the last Judge to consider these patents, and Plaintiff cannot be heard to complain about returning to Richmond, given the fact that Plaintiff was last in trial over these patents in that District.

a.     <u>The Plaintiff's Choice of Venue Should Be Accorded No Weight</u>

"When the plaintiff's choice of forum is neither the nucleus of operative facts, nor the plaintiff's home forum, the plaintiff's choice is accorded less weight." *See, e.g., Mullins v. Equifax Info. Svcs., LLC,* Case No. 3:05-CV-888, 2006 U.S. Dist. LEXIS 24650, at *17 (E.D. Va. April 28, 2006) (denying motion to transfer because defendants did not meet their burden and had no interest of justice factors weighing heavily in their favor). Furthermore, little weight is given to a Plaintiff's choice of division within the Eastern District without strong and specific reasons to select one over another. *Id.* at *28. In the instant case, plaintiff has litigated in Richmond and Alexandria. Its choice, to the extent it made one, is irrelevant.

b.     <u>The Interest of Justice Weighs Strongly In Favor of Transfer</u>

"Depending on the circumstances of the case, 'the interest of justice may be decisive in

4

ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction.'" *Mullins,* Case No. 3:05-CV-888, 2006 U.S. Dist. LEXIS 24650 at *15 (*quoting* Wright, Miller & Cooper, § 3854); *see also Regents of the Univ. of Cal. v. Eli Lilly & Co.,* 119 F.3d 1559, 1565 (Fed. Cir. 1997); *Logan v. Hormel Foods Corp.,* Case No. 6:04-CV-211, 2004 U.S. Dist. LEXIS 30327 (E.D. Tx. August 25, 2004) (granting transfer to a Judge that had presided over and construed claims in a similar infringement case regarding the same patent). While the convenience of the parties and witnesses here slightly favor transfer, even if they did not, this is a case in which the interest of justice is clearly decisive.

"The interest of justice encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Id.* at *26 (*quoting Stewart Org., Inc.,* 487 U.S. at 30; *citing Brock v. Entre Computer Centers, Inc.,* 933 F.2d 1253, 1258 (4th Cir. 1991)). "Judicial economy and the avoidance of inconsistent judgments are prominent among the principal elements of systemic integrity." *Id.* (*citing U.S. Ship Management, Inc. v. Maersk Line, Ltd.,* 357 F. Supp. 2d 924, 937-38 (E.D. Va. 2005)). "Where a party has previously litigated claims involving certain issues in one forum, ... 'a court in that district will likely be familiar with the facts of the case. As a matter of judicial economy, such familiarity is highly desirable. Thus, this factor supports transferring the case.'" *LG Electronics, Inc. v. Advance Creative Computer Corp.,* 131 F. Supp. 2d 804, 815 (E.D. Va. 2001) (*quoting Wheeling-Pittsburgh Steel Corp. v. U.S. EPA,* 1999 U.S. Dist. LEXIS 2130, at *12 (E.D. Pa. 1999)); *see also Logan,* Case No. 6:04-CV-211, 2004 U.S. Dist. LEXIS 30327, at *5-6; *Regents of the Univ. of Cal.,* 119 F.3d at 1565.

Moreover, when two different courts are interpreting the same patent, inconsistent results impede the administration of justice and favor transfer whenever possible in order to construe the claims in the same forum. *Data Treasury Corp. v. First Data Corp.,* 243 F. Supp. 2d 591, 596

5

(N.D. Tex. 2003) (*citing Hunter Eng'g Co. v. ACCU Indus.*, 245 F. Supp. 2d 761, 776 (E.D. Va. 2002)). The risk of inconsistent results is especially acute where, as here, the central issues involve claim construction. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

Here, Judge Spencer not only construed the claims last, but granted summary judgment on all of the means plus function claims and presided over the trial of the remaining independent claims in a multi-week trial. In fact, Judge Spencer construed 35 terms, including all of the 25 means-plus-function claim terms for the patents-in-suit. The claim construction order provides a detailed analysis of every means-plus-function claim, including identification of the structure in the specification. *See* Tautkus Decl., Ex. A. Such in-depth familiarity with the patents cannot be ignored. This is particularly true since plaintiff seeks a third bite at the construction apple with its attendant waste of judicial resources and cost to the defendants. The duplication of effort by the Court and the parties is unnecessary and the interest of justice weighs strongly in favor of transferring this action to Judge Spencer. This Court has made similar determinations in prior cases. *See Inline Connection Corp. v. Verizon Internet Services, Inc.*, No. 2:05-CV-205, 11 (E.D. Va. Nov. 10, 2005) (granting motion to transfer: "In light of the prospective duplication of efforts involved with two courts litigating the same patent claims brought by the same party, the balance of hardships in this case clearly favors transfer."); *see* Tautkus Decl., Ex. D.

### B.      Alternatively, This Court Should Adopt Judge Spencer's Markman Order

Inconsistent claim construction results can impede the administration of justice. If this Court determines that the factors above – including the risk of inconsistent claim constructions and the judicial economy associated with Judge Spencer's familiarity with the patents-in-suit – do not warrant transfer, then the Court should at least partially address these issues by adopting Judge Spencer's claim constructions from the prior action involving the patents-in-suit.

Construing the claims of the patents-in-suit again would be "a duplicative use of scarce

judicial resources ... [and] create greater uncertainty regarding the patent[s'] scope." *See, e.g.,*

*Logan,* Case No. 6:04-CV-211, 2004 U.S. Dist. LEXIS 30327, at *7 (*citing Data Treasury,* 243

F. Supp. 2d at 596). Indeed, "[t]he importance of uniformity in the treatment of a given patent

was one reason for allocating claim construction to the court rather than the jury. Uncertainty

regarding a patent's limits discourages invention and industrial innovation, whereas certainty

fosters technological growth." *Id. (citing Markman,* 517 U.S. at 390). Further, claim

construction is based on intrinsic evidence so that the accused products have no bearing on the

proceeding. "It is well settled that claims may not be construed by reference to the accused

device." *Neomagic Corp. v. Trident Microsystems,* 287 F.3d 1062, 1074 (Fed. Cir. 2002) (citing

*SRI Int'l v. Matsushita Elec. Corp. of Am.,* 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc)).

Thus, there is no need for these matters of law to be revisited. The claim construction issues

were previously addressed and resolved.

Though Judge Spencer vacated his claim construction order pursuant to settlement,

removing its preclusive effect, this Court may still defer to Judge Spencer's claim constructions.

*See, e.g., KX Indus. v. PUR Water Purification Prods., Inc.,* 108 F. Supp. 2d 380, 387 (D. Del.

2000) ("While the court's previous opinion does not have issue preclusive effect against PUR in

this case, to the extent the parties do not raise new arguments, the court will defer to its previous

construction of the claims.") (*citing Markman,* 517 U.S. 370, for the proposition that issue

preclusion cannot be asserted against new defendants but noting that generally, stare decisis

should promote uniformity in the claim construction of a given patent); *see also, Texas*

*Instruments, Inc. v. Linear Technologies Corp.,* 182 F. Supp. 2d 580, 588-89 (E.D. Tex. 2002)

(finding that although courts cannot give preclusive effect to prior claim construction against

new defendant, courts may defer to previous claim constructions on a case by case basis at the

discretion of the court). Indeed, "[e]ven if [a] court vacates [its] claim construction order, whatever instructive or persuasive guidance it may provide continues to exist. … The analysis and logic of the opinion may be used for whatever authority this court or another court may deem appropriate. This is the same nonbinding persuasive value any non-vacated opinion has in a case where no final judgment is ever entered." *Cisco Systems, Inc. v. Telcordia Technologies, Inc.*, No. 9:06-CV-160, 111 at 4-5 (E.D. Tx. Nov. 7, 2008); *see* Tautkus Decl., Ex. E.

## III.   **CONCLUSION**

As described above, the interests of justice weigh heavily in favor transferring the proceedings to Judge Spencer, who is already familiar with the patents-in-suit and has already construed the claims. Substantial judicial and party resources would be preserved by such a transfer, and ePlus would suffer no inconvenience or unfair prejudice. In the alternative, in order to avoid duplication of effort and the risk of inconsistent claim construction, this Court should adopt the claim constructions already determined for the patents-in-suit.

Dated:  July 31, 2009                                         Respectfully submitted,

/s/ Stephen E. Noona
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:     (757) 624-3000
Facsimile:      (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendants Perfect Commerce, Inc.,*
*SciQuest, Inc. and Lawson Software, Inc.*

Daniel Johnson, Jr. (*pro hac vice* pending)
Rita E. Tautkus (*pro hac vice* pending)
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:      (415) 442-1000
Facsimile:      (415) 442-1001
djjohnson@morganlewis.com
rtautkus@morganlewis.com

Robert W. Busby, Jr. (VSB No. 41312)
Bradford A. Cangro (*pro hac vice* pending)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone:      (202) 739-3000
Facsimile:      (202) 739-3001
rbusby@morganlewis.com
bcangro@morganlewis.com

*Counsel for Defendants SciQuest, Inc. and Lawson Software, Inc.*

Kenneth W. Brothers (*pro hac vice* pending)
Dickstein Shapiro LLP
1835 Eye Street NW
Washington, DC 20006
Telephone:      (202) 420-4128
Facsimile:      (202) 420-2201
brothersk@dicksteinshapiro.com

*Counsel for Defendant Perfect Commerce, LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2009, I will file electronically the foregoing

Memorandum in Support of Motion of Defendants Perfect Commerce, LLC, SciQuest, Inc., and

Lawson Software, Inc. to Transfer Proceedings or in the Alternative to Adopt Prior *Markman*

Ruling with the Clerk of the Court using the CM/ECF system, which will send a notification of

such filing (NEF) to the following:

Brent Lee VanNorman
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Tel.: 757-640-5300
Fax.: 757-625-7720
gstillman@hunton.com
bvannorman@hunton.com

David M. Young
VSB No. 35997
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202 346-4000
Fax.: 202-346-4444
dyoung@goodwinprocter.com

OF COUNSEL:

Scott L. Robertson
Jennifer A. Albert
Christopher C. Campbell (VSB No. 36244)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202 346-4000
Fax.: 202-346-4444
srobertson@goodwinprocter.com

Shirley Sperling Paley
James D. Clements
Goodwin Procter LLP
Exchange Place

53 State Street
Boston, MA  02109-2881
Tel.: 617-570-1000
Fax.:  617-523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

James John Briody
Sutherland, Asbill & Brennan
1275 Penn Avenue, NW
Suite 800
Washington, DC 20004-2404
(202) 383-0100
jim.briody@sutherland.com

George E. Kostel (VSB No. 34757)
Nelson Mullins Riley & Scarborough, LLP
101 Constitution Avenue, NW Suite 900
Washington, DC  20001
Tel.: 202-712-2800
Fax.: 202-712-2862
george.kostel@nelsonmullins.com

*Attorneys for Defendant Verian Technologies, Inc.*

On this date, I am also hand-delivering a copy of the foregoing on:

Brent Lee VanNorman
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Tel.: 757-640-5300
Fax.: 757-625-7720
gstillman@hunton.com
bvannorman@hunton.com

11

_/s/ Stephen E. Noona_

Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:     (757) 624-3000
Facsimile:     (757) 624-3169

*Counsel for Defendants Perfect Commerce LLC,*
*incorrectly identified as Perfect Commerce, Inc,*
*SciQuest, Inc. and Lawson Software, Inc.*

1511159\1

12