# EXHIBIT/ TAB 2



Caution
As of: Jul 28, 2009

JAMES P. LOGAN, JR. and LOGAN FARMS INC., Plaintiffs, vs. HORMEL FOODS CORP. and WAL-MART STORES, INC., Defendants

CASE NO. 6:04-CV-211

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, TYLER DIVISION

2004 U.S. Dist. LEXIS 30327

August 25, 2004, Decided
August 25, 2004, Filed

**SUBSEQUENT HISTORY:** Transferred to *Logan v. Hormel Foods, Inc.*, 2005 U.S. Dist. LEXIS 33861 (S.D. Tex., Sept. 2, 2005)

**PRIOR HISTORY:** *Logan Farms, Inc. v. Honeybaked, L.P.*, 2004 U.S. Dist. LEXIS 27253 (S.D. Tex., Apr. 2, 2004)

**CORE TERMS:** patent, convenience, venue, reside, public interest, hams, infringement, patent case, inconsistent claim, attendance, uniformity, slightly, judicial economy, compulsory process, accommodations, overnight, judicial district, administration of justice, material witnesses, final judgment, accessibility, transferring, out-of-state, transferred, infringing, requesting, boneless, presided, residing, weigh

**COUNSEL:** [*1] For James P Logan, Jr., For Logans Farms Inc, Plaintiffs: Guy E Matthews, LEAD ATTORNEY, Robert M. Bowick, Jr, The Matthews Firm, Houston, TX.; Carl D Kulhanek, Jr, Scott G. Burdine, William Fred Hagans, Hagans Burdine Montgomery Russtay & Winchester, Houston, TX.; Jennifer Parker Ainsworth, Wilson Sheehy Knowles Robertson & Cornelius PC, Tyler, TX.

For Hormel Foods Inc, Defendant: Jennifer L Elgin, John David Mayberry, Melvin A Todd, LEAD ATTORNEYS, Kilpatrick Stockton - Washington, Washington, DC.; Earl Glenn Thames, Jr, John Frederick Bufe, Potter Minton, Tyler, TX.

For Wal-Mart Inc, Defendant: Earl Glenn Thames, Jr, John Frederick Bufe, Potter Minton, Tyler, TX.

For Hormel Foods Inc, Counter Claimant: John Frederick Bufe, Potter Minton, Tyler, TX.

**JUDGES:** LEONARD DAVIS, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** LEONARD DAVIS

**OPINION**

**MEMORANDUM OPINION AND ORDER TRANSFERRING VENUE TO THE SOUTHERN DISTRICT OF TEXAS**

Before the Court is Defendants Hormel Foods Corporation and Wal-Mart Stores, Inc. ("Defendants") Motion to Transfer to the Southern District of Texas (Docket No. 11) under *28 U.S.C. § 1404(a)*. Having considered the parties'. written submissions [*2] and having heard arguments of counsel, the Court finds that said motion should be **GRANTED**.

**BACKGROUND**

Plaintiffs James P. Logan, Jr. and Logan Farms Inc. ("Plaintiffs") sued Defendants to enjoin infringement of James Logan's patent, United States Patent Re. 35,374. The patent describes a boneless meat product and method for spirally slicing the boneless meat product around a center axis. Plaintiffs also sued for dilution, injury to business reputation, unfair competition, and tortious interference with current and prospective contractual relationships.

Defendants respond that their products and methods do not infringe the patent. Defendants allege the patent is invalid and unenforceable because Plaintiffs failed to provide relevant information in the patent application.

In their motion to transfer, Defendants argue that under 28 U.S.C. § 1404(a) this case should be transferred to the docket of The Honorable Ewing Werlein, Jr. in the Southern District of Texas. Judge Werlein presided over a similar case Plaintiffs brought against Honey Baked Ham alleging infringement of the same patent. In April 2004, that case settled just prior to trial, after [*3] Judge Werlein construed the claim terms. For the reasons set forth below, the Court finds that transfer is warranted.

## VENUE IN THE SOUTHERN DISTRICT OF TEXAS

Proper venue in the proposed district is a threshold requirement for transfer. 28 U.S.C. § 1404(a). In a patent case, venue is proper in any judicial district where the defendant resides or in which the defendant committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400. A corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c); LG Elecs. Inc. v. Advance Creative Computer Corp., 131 F. Supp. 2d 804, 810 (E.D. Va. 2001) (applying section 1391(c) to define "resides" in section 1400). Plaintiffs argue venue is not proper in the Southern District because only noninfringing hams are sold there. Given the evidence presented at the hearing that all hams are sliced by the same process, cut in half, then shipped to Texas for sale, the Court finds this argument unpersuasive. Even if this were persuasive, Plaintiffs ignore [*4] that venue in the Southern District is also proper if Defendants are subject to jurisdiction there. No one disputes the Defendants' presence in the Southern District. Under either ground for venue, the Court finds venue is proper in the Southern District of Texas.

## APPLICABLE LAW

For the parties' and witnesses' convenience, in the interest of justice, a district court may transfer any civil action to any other district or division where the case may have been brought. 28 U.S.C. § 1404(a). This is a fact intensive and case-by-case determination committed to the district court's discretion. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 768-69 (E.D. Tex. 2000). In deciding whether to transfer, a court weighs the litigants' convenience and the public interest in the fair and efficient administration of justice. *Id.* at 771. Factors relating to the parties' convenience include: (1) the plaintiff's forum choice, (2) the convenience of the parties and material witnesses, (3) the place of the alleged wrong, (4) the location of counsel, (5) the cost of obtaining witnesses' attendance and the availability of compulsory process, [*5] (6) the accessibility and location of sources of proof, and (7) the possibility of delay and prejudice if transfer is granted. *Id.* The moving party must demonstrate that these considerations substantially favor transfer. *Id.* at 768.

## APPLICATION OF CONVENIENCE AND PUBLIC INTEREST FACTORS

To transfer this case to the Southern District, the Court must find the balance of the parties' convenience and public interest substantially favors transfer. As the public interest considerations are most compelling, the Court will address those first.

Public Interest Considerations

In a patent case, public interest considerations, including the concern for judicial economy, may be determinative, even if the parties' considerations call for a different result. *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). In a case involving several highly technical factual issues, where overall the other relevant transfer factors are neutral, judicial economy may favor transfer to a court that is already familiar with the issues. *Id.* The prospect of inconsistent claim construction favors resolving related patent cases [*6] in the same forum when possible. *Data Treasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 596 (N.D. Tex. 2003) (transferring a case to the district court in Texarkana that was presiding over ongoing litigation involving the same patents and different defendants). Plaintiffs previously pursued similar claims involving the same patent against other defendants in the Southern District of Texas. *See Logan v. HoneyBaked, L.P.*, No. H-01-1611 (S.D. Tex Apr. 5, 2004) (Werlein, J.). In that case, the plaintiffs voluntarily settled their claims after Judge Werlein held a *Markman* hearing and issued a claim construction regarding the patent at issue in this case. However, this Court is not bound by Judge Werlein's claim construction because that case settled prior to final judgment on the merits. *See RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003) (holding that collateral estoppel does not apply in favor of a claim construction in an earlier case that

settled prior to final judgment). If the case were to proceed in this district, this Court would be obligated to perform its own claim construction. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390- 91, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996). [*7] Indeed, at the hearing, Plaintiffs indicated their desire for this Court to issue another claim construction. Besides being a duplicative use of scarce judicial resources, a second claim construction would risk inconsistent claim constructions, create greater uncertainty regarding the patent's scope, and impede the administration of justice. *See Data Treasury*, 243 F. Supp. 2d at 596.

The importance of uniformity in claim construction is best described in *Markman*. Congress created the Court of Appeals for the Federal Circuit to promote uniformity. *Markman*, 517 U.S. at 390. The importance of uniformity in the treatment of a given patent was one reason for allocating claim construction to the court rather than the jury. *Id*. Uncertainty regarding a patent's limits discourages invention and industrial innovation, whereas certainty fosters technological growth. *Id*.

Another court in this district recently faced a similar situation and decided transfer was appropriate. *See Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, No. 2:03-CV-425 (E.D. Tex. July 23, 2004). The transferee court in *Acco Brands* had previously presided over [*8] patent infringement claims between the same parties. *Id*. at 1. *Acco Brands* involved different patents in the later suit and so did not present the risk of inconsistent claim construction. *Id*. Here, while the defendants are different, the patent at issue is the same, and the argument for transfer is even stronger. The Court finds the special need for uniformity in patent cases strongly favors transfer.

Parties' Convenience Factors

*(1) The Plaintiff's' Forum Choice.* Generally, this Court is extremely reluctant to disturb a plaintiff's venue choice. Although a plaintiff's forum choice usually carries substantial weight in a transfer analysis, courts are less deferential when the plaintiff does not reside in the chosen forum and operative facts have not occurred there. *Barton v. Young*, 144 F. Supp. 2d 685, 688 (E.D. Tex. 2001). In this case, Plaintiffs reside in the Southern District. Defendants sell infringing hams in both districts, and there are no operative facts that occur exclusively in the Eastern District. Given the unreasonableness of Plaintiffs' argument against venue in the Southern District and that there is a court in the Southern [*9] District already intricately familiar with the Plaintiffs' patent, this Court is forced to wonder if Plaintiffs are seeking a different venue with the hope of a more favorable claim construction. Plaintiffs' forum choice is not entitled to proportionately greater weight than the other factors.

*(2) The Convenience of the Parties and Material Witnesses.* The convenience of the parties and witnesses favors transfer. Plaintiffs reside in the Southern District. The majority of identified non-party witnesses residing in Texas reside within 100 miles of Houston. By requesting transfer, Defendants imply that venue in the Southern District is more convenient for them. Thus, the second convenience factor favors transfer.

*(3) The Place of the Alleged Wrong.* Although Plaintiffs argue the alleged wrong occurred only in the Eastern District, the Court finds the allegedly infringing hams are sold in both the Eastern and Southern Districts. The third convenience factor, where the harm occurred, is neutral regarding transfer.

*(4) The Location of Counsel.* The location of counsel also supports transfer. Although Plaintiffs retained counsel in the Eastern District, Plaintiffs' lead [*10] attorney is located in the Southern District. Defendants' lead attorneys reside in Washington, D.C., and local attorneys reside in the Eastern District. By requesting transfer, Defendants presumably do not believe the Southern District is detrimentally inconvenient. This factor also supports transfer, although courts give it relatively little weight. *See Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 658 (E.D. Tex. 1999).

*(5) The Cost of Obtaining Witnesses' Attendance and the Availability of the Compulsory Process.* The cost of obtaining witnesses' attendance slightly favors transfer. Whether the case is tried in the Eastern or Southern District, out-of-state witnesses would require overnight accommodations. The majority of identified potential witnesses would require overnight accommodations if trial is in Tyler, but not if trial is in Houston. The availability of the compulsory process is neutral regarding transfer. The parties may compel any witness residing in Texas to attend trial in either the Eastern or Southern District. FED. R. Civ. P. 45; *Mohamed*, 90 F. Supp. 2d at 778. Transfer within the state would not aid in compelling attendance [*11] by out-of-state witnesses. To the extent that more witnesses would require overnight accommodations in Tyler than in Houston, this factor slightly favors transfer.

*(6) The Accessability and Location of Sources of Proof.* Accessibility and location of sources of proof also slightly favor transfer. Plaintiffs are located in the Houston area and proof regarding the validity of their patent is likely located there. Defendants challenge the validity of Plaintiffs' patent by arguing that Plaintiffs failed to identify all inventors in the patent application, and the unnamed inventors are located in Beaumont. Thus, proof regarding the patent's validity may also be located in Beaumont, which is within 100 miles of Houston. Proof regarding how Defendants process their hams and

Case 3:09-cv-00620-REP   Document 54-2   Filed 07/31/09   Page 5 of 5 PageID# 940

Page 4
2004 U.S. Dist. LEXIS 30327, *

whether that process infringes on the Plaintiffs' patent is likely located out-of-state at Defendants' headquarters. Evidence concerning the market effects of infringement is likely to be found where the hams are sold--both in the Eastern and Southern Districts. Weighing these considerations, this factor also slightly favors transfer.

*(7) The Possibility of Delay and Prejudice if Transfer is Granted.* Because Judge [*12] Werlein has already construed this patent, any scheduling delay caused by transfer is likely to be offset by his familiarity with the patent. This final convenience factor also favors transfer.

## CONCLUSION

In this case, all factors balanced together substantially weigh in favor of transfer. Public interest considerations, most notably concerns for judicial economy and the prospect of inconsistent claim constructions, powerfully favor transfer. Further, the parties' interest factors are either neutral or support transfer. After careful review, no factors overcome the significant public interest considerations to justify retaining this case.

Accordingly, for the aforementioned reasons; the Court **GRANTS** Defendants' Motion to Transfer to the Southern District of Texas and **ORDERS** the case transferred to the docket of The Honorable Ewing Werlein, Jr. in the Southern District of Texas.

So **ORDERED** and **SIGNED** this 25 day of August, 2004.

LEONARD DAVIS

UNITED STATES DISTRICT JUDGE