# EXHIBIT E

# 1 OF 6



## HUNTON & WILLIAMS

HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL    804 · 788 · 8200
FAX    804 · 788 · 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
DIRECT FAX: 804-343-4630
EMAIL:  meckstein@hunton.com

FILE NO: 64121.000010

January 19, 2007

**Via Courier**

Elizabeth H. Paret, Clerk
U. S. District Court for the Eastern District of Virginia
Richmond Division
1000 E. Main Street, Suite 305
Richmond, Virginia 23219

> Re:    *ePlus, Inc. v. SAP America, Inc. and SAP Ag*
>         Civil Action No. 3:05cv281

Dear Ms. Paret:

Enclosed for filing is *ePlus'* Unopposed Motion to Vacate, Memorandum in Support of Its Unopposed Motion to Vacate and a proposed Order.

Please return a date-stamped copy of these pleadings to our waiting messenger.

Thank you for your assistance in this matter.

Sincerely yours,

Maya M. Eckstein

MME/dbg

cc w/encls:    Dabney J. Carr, IV, Esq. (By Hand and via Email Attachment)
              Lloyd R. Day, Jr., Esq. (By Overnight Mail and via Email Attachment)
              Honorable Dennis W. Dohnal (By Hand)
              Honorable James R. Spencer (By Hand)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| *e*PLUS, INC., | ) |
| | ) |
| | ) **CIVIL ACTION NO. 3:05cv281 (JRS)** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAP AMERICA, INC., | ) |
| and SAP AG, | ) |
| | ) |
| Defendants. | ) |

## *e*PLUS'S UNOPPOSED MOTION TO VACATE

Plaintiff *e*Plus, Inc. ("*e*Plus"), by counsel, respectfully moves the Court to vacate its

Order on Claim Constructions Pursuant to November 17, 2005 Markman Hearing (Docket No.

112), and further asks this Court to vacate the portion of its Order dated March 20, 2006 (Docket

No. 233) as modified by its Order dated March 23, 2006 (Docket No. 288) which granted

Summary Judgment that SAP does not infringe the means-plus-function claims of U.S. Patent

Nos. 6,023,683 (the "'683 Patent"), 6,055,516 (the "'516 Patent") and 6,505,172 (the "'172

Patent"). The grounds for this motion are more fully set forth in the Memorandum in Support of

this Motion, which is filed herewith. Defendants do not oppose this Motion.

Respectfully submitted,

Dated: January 19, 2007

Maya M. Eckstein (VSB # 41413)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8788
Facsimile: (804) 343-4630

Scott L. Robertson
Jennifer A. Albert
Yisun Song (VSB #45881)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, DC  20006-1109
Telephone:  (202) 955-1500
Facsimile:  (202) 778-2201

Thomas J. Cawley (VSB # 04612)
David M. Young (VSB #35997)
**HUNTON & WILLIAMS LLP**
1751 Pinnacle Drive, Suite 1700
McLean, VA  22102
Telephone:  (703) 714-7400
Facsimile:  (703) 714-7410

Attorneys for Plaintiff
*e*Plus, Inc.

2

## CERTIFICATE OF SERVICE

I certify that on this 19th day of January, 2007, a copy of the foregoing *e*PLUS'S **UNOPPOSED MOTION TO VACATE** was delivered:

Via hand delivery and via email transmission to:

Dabney J. Carr, IV, Esq.
Robert A. Angle, Esq.
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219

Via overnight courier and via email transmission to:

Lloyd R. Day, Jr., Esq.
Robert M. Galvin, Esq.
Christopher E. Stretch, Esq.
Julie S. Turner, Esq.
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014

Counsel for Defendants SAP America, Inc.
and SAP AG

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS, INC., | ) | |
| | ) | |
| | ) | Civil Action No. 3:05cv281 (JRS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAP AMERICA, INC., | ) | |
| and SAP AG, | ) | |
| | ) | |
| Defendants. | ) | |

*e*PLUS'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION TO VACATE

I. INTRODUCTION

Plaintiff *e*Plus, Inc. ("*e*Plus"), by counsel, respectfully moves the Court to vacate its

Order on Claim Constructions Pursuant to the November 17, 2005 Markman Hearing (Docket

No. 112) ("Markman Order"; attached as Exhibit A), and further asks this Court to vacate the

portion of its Order dated March 20, 2006 (Docket No. 233; attached as Exhibit B), as modified

by its Order dated March 23, 2006 (Docket No. 288; attached as Exhibit C) (collectively, the

"Summary Judgment Orders"), which granted summary judgment that SAP does not directly

infringe the means-plus-function claims of the patents-in-suit.  Defendants do not oppose this

motion.

*e*Plus sued Defendants SAP America, Inc. and SAP AG ("SAP") for infringement of

three patents: 1) U.S. Patent No. 6,023,683 ("the '683 Patent); 2) U.S. Patent No. 6,055,516 ("the

'516 Patent"); and 3) U.S. Patent No. 6,505,172 ("the '172 Patent").  On November 17, 2005 the

parties presented evidence and arguments on their proposed constructions of the claims of the

patents.  On January 20, 2006, this Court entered its Markman Order on the claim constructions.

Based on the Court's constructions of the means-plus-function claim terms, *e*Plus conceded that

the Defendants do not infringe the means-plus-function claims of the '683 Patent, the '516 Patent and the '172 Patent, specifically, claims 1-25 of the '683 Patent, claims 16-20 of the '516 Patent and claims 1-5 of the '172 Patent. Accordingly, the Court granted summary judgment of noninfringement of those claims. *See* Order dated March 20, 2006 (Docket No. 233) as modified by Order dated March 23, 2006 (Docket No. 288) ("Summary Judgment Orders"). Thirteen representative claims from the remaining patent claims were tried before a jury from March 28, 2006 through April 19, 2006. The jury deliberated for five days thereafter, but were unable to reach a verdict and the Court declared a mistrial. Subsequently, the parties have entered into a settlement agreement.

## II. ARGUMENT

Fed. R. Civ. P. 60(b)(6) provides this Court the authority to relieve a party from an order "[o]n motion and upon such terms as are just" for "any reason justifying the relief from the operation of the judgment." Further, Fed. R. Civ. P. 54(b) also provides that "any order ... which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Therefore, this Court has the express power to vacate any ruling in this case because no final judgment has been entered.

The orders for which *e*Plus seeks vacatur are the Court's Markman Order, and the Summary Judgment Orders to the extent they rely upon to the means-plus-function claims that the Court construed. Such vacatur is requested here because "[w]hen the parties settle, as in the case at hand, the Federal Circuit lacks jurisdiction to review the Markman Order without a certified interlocutory appeal." *Kollmorgen Corp. v. Yaskawa Elec. Corp.*, 147 F. Supp.2d 464, 467 (W.D. Va. 2001). As noted by Judge Dyk of the Federal Circuit in his concurring opinion in *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320 (Fed. Cir. 2003), a district court has the power to

2

vacate its own non-final orders. *Id.* at 1328. Moreover, Judge Dyk recommended this mechanism as an effective way for parties to a district court settlement agreement to seek to prevent interim, non-appealable decisions in the litigation from having potential collateral estoppel effects in future third-party litigation. *Id.* at 1328. Vacatur also serves the desirable goal of avoidance of ambiguity on the subsequent effect of such orders.

The Supreme Court's analysis in *Markman* is founded on "the promotion of uniformity in the meaning to be given to a patent claim." *Markman v. Westview Instruments*, 517 U.S. 370, 390-391 (1996). Here, however, there is a previous Markman ruling on the same patents from another litigation which is inconsistent, in some respects, with this Court's Markman Order. *See* Memorandum Opinion of U.S.D.J. Leonie M. Brinkema dated January 19, 2005, *ePlus, Inc. v. Ariba, Inc.*, Civil Action No. 1:04cv612 (attached as Exhibit D); *see also* Jury Instruction No. 19, pp 20-25, provided by Judge Brinkema to the jury during trial which construed the means-plus-function claim terms for the jury (attached as Exhibit E).[1] Thus, reasonable minds have differed

---

[1] For example, with respect to the claim term "means for searching for matching items among the selected product catalogs" found in claims 1 and 3 of the '683 Patent, the Court in *ePlus, Inc. v. Ariba, Inc.*, Civil Action No. 1:04cv612 (E.D. Va. 2005) held that the claimed function recited is "searching for matching items among the selected product catalogs." The Court further held that exemplary corresponding structure, material and acts described in the patent specification for performing the claimed function are search programs and modules operating on a computer system with access to item data in a database or other file system; and their equivalents. *See* Jury Instruction No. 19 in *ePlus, Inc. v. Ariba, Inc.* (Ex. E at 21). This construction is fully supported by the patent specification. *See, e.g.,* '683 Patent, Col. 4:1-Col. 6:38; Col. 7:61-Col. 12:37; FIGS. 1-2; Appendices III-V and VII (describing, with respect to FIG 1A, local computer 20, search program 50, search engine TV/2 with access to catalog database 36 and, with respect to FIG 1B, server 200 having search program 250 with access to catalog databases 236; each embodiment conducting searches and retrieving item data in response to matching criteria of queries, such as, for example, queries based upon vendor name, vendor part (catalog) number, price keyword and/or other similar queries).

In contrast, this Court construed the same claim term to mean:

**Means for searching items among the selected product catalogs:**

Function: Searching for matching items among the selected product catalogs.

(continued...)

3

on the proper claim construction, yet settlement prevents the Federal Circuit from reconciling or

providing uniformity as to the meaning of these patent claims.

Moreover, this Court's Markman Order is at odds with the evidence adduced at trial. For

example, each of the Court's means-plus-function claim constructions requires that the recited

---

Means: Two means for searching for matching items are disclosed:

1.      A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

a.      entering certain search criteria (*e.g.*, catalog number, part number, or partial text) relating to items(s) to be searched into requisition/purchasing system (7:48-55; 7:61-8:2; 8:22-26);

b.      communicating the search criteria from requisition/purchasing system (40 or 240) to catalog search program (50 or 250) running on same local computer via the DDE protocol of interface (60) (8:37-9:8);

c.      searching catalog database (36 or 236) via catalog search program (50 or 250) based on the search criteria received from requisition/purchasing system (9:34-37);

d.      if more than one search criterion is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

e.      displaying via catalog search program a hit list of search results (9:39-45).

2.      A software means initiated from shell program (52 or 252) running on local computer (20 or 220), that consists of the following steps:

a.      displaying a search screen on the monitor of local computer (12:4-12; Appendix VII);

b.      entering search criteria (*e.g.*, catalog page number, keyword, part number) for item to be searched (9:12-14; 12:12-24);

c.      searching catalog database (36 or 236) via catalog search program (50 or 250) running on local computer based on data received from shell program (52) (9:34-37);

d.      if more than one search criterion is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

e.      displaying via catalog search program a hit list (47) of search results (9:39-45; 12:27-29, Appendix III).

*See* Markman Order at 2-3.

4

means execute on a "local computer." *See, e.g.,* Markman Order at 2 defining "means for selecting the product catalogs to search" as requiring either "a software means initiated from catalog search program (50 or 250) *running on a local computer (20 or 220)*" or "a software means initiated from requisition/purchasing system (40 or 240) *running on a local computer (20 or 220)*"; and at 2-3 defining "means for searching for matching items among the selected product catalogs" as either "a software means initiated from requisition/purchasing system (40 or 240) *running on a local computer (20 or 220)*" or "a software means initiated from shell program (52 or 252) *running on a local computer (20 or 220)*"; and at 3-4 defining "means for building a requisition using data relating to selected matching items and their associated source(s)" as requiring "a software means initiated from requisition/purchasing system (40 or 240) *running on local computer (20 or 220)*."

However, the evidence adduced at trial established that the inventions of the patents-in-suit are not limited to operating only on a local computer. There are networked embodiments of the systems disclosed in the patents. For example, it was undisputed that FIGURE 1B of the patent specification describes a client/server networked embodiment of the patented inventions. FIGURE 1B shows that the catalog databases 236 are maintained on the file server 200, and catalog search program 250 is shown as connected to the server computer 200, rather than to the local computer 220. *See* '683 Patent, FIG. 1B; Col. 17:6-10 ("file server 200 is a large personal computer, a work station or a mini-computer such as an IBM AS/400. Alternatively, the server 200 and a mini-computer (such as an IBM AS/400) can be independently connected to each local computer 200."). *See also* Trial Transcript at 196:5-14 (Momyer Direct); 198:13-20 (Momyer Direct) (the FIG 1B client/server embodiment is a networked embodiment; "you could log on remotely to the system, enter the information locally, and it would communicate [to] the

5

programs that were running on a server."); Trial Transcript at 359:2-361:10 (Johnson Direct) (describing FIG. 1B client/server embodiment) Trial Transcript at 198:13-20 (Momyer Direct) ("A server is a computer that houses on its programs or data that the client component that's running on a remote PC interacts with.  So the actual programs are running on the server as well as the data.)[2]

Even Defendants' experts conceded as much during their testimony.  *See, e.g.,* Trial Transcript at 1375:22-1376:9 (Menascé Direct)(acknowledging that description of networked embodiment is included in the patent specification); Trial Transcript at 1654:9-18 (Menascé Cross)(acknowledging that FIG. 1B is a networked environment).

The patent specification describes that, in this client/server networked embodiment illustrated in FIG. 1B, the search program 250 and catalog databases 236 are maintained on the server computer 200.  Additionally, the specification describes that "[s]erver 200 maintains complete requisitions 242 in a manner similar to the manner in which local computer 20 maintains requisition databases 42 in the embodiment shown in FIG. 1A." '683 Patent, Col. 17:19-22.  According to James Johnson, one of the inventors of the patents-in-suit, this passage indicates that, with reference to the requisition/purchasing program 240, the local computer is only running the graphical user interface of the requisition/purchasing program 240, whereas the business logic for the complete requisitioning process runs on the server computer 200 rather than the local computer.

In other words, the requisition/purchasing program was expressly described in the patent specification as a distributed application rather than one limited to running only on the local computer.  Trial Transcript at 359:2-361:10 (Johnson Direct).  *See also* Trial Transcript at

---

[2] Excerpts of the Trial Transcript are attached as Exhibit F.

2732:6-2733:1 (Weaver Direct, Rebuttal Case) (concurring with Mr. Johnson). Thus, constructions limiting the patent claims to systems running solely on a local computer are contrary to the patent specification and the evidence adduced at trial including even the testimony of Defendants' expert.[3]

Additionally, the Court's constructions of the means-plus-function claim terms limit the claims to software modules that communicate via the Dynamic Data Exchange (DDE) protocol, a protocol for communication using memory of a single computer. *See, e.g.,* Court's constructions of claim terms "means for searching for matching items among the selected product catalogs" specifying that such means "commuicat[es] the search criteria from requisition/purchasing system (40 or 240) to catalog search program (50 or 250) running on same local computer *via the DDE protocol of interface (60)*" (Markman Order at 3); and the Court's construction of "means for building a requisition using data relating to selected matching items and their associated source(s)" which requires that such means "transmit[] data from order list (48) to requisition/purchasing system running on same local computer (20 or 220) *via the DDE protocol of interface.*" (Markman Order at 4).[4] Such a communication protocol cannot be used in a networked environment. Again, even Defendants' expert conceded as much. *See* Trial Transcript at 1537:20-24 (Menascé Direct)("DDE is a specific communications protocol for two programs running on the same machine.").

---

[3] Because there is at least one claim element in each of the means-plus-function claims that has been construed as limited to a local computer environment, this issue affects each of the means-plus-function claims of the patents-in-suit: claims 1-25 of the '683 Patent, claims 16-20 of the '516 Patent and claims 1-5 of the '172 Patent.

[4] Again, because there is at least one element in each of the means-plus-function claims that has been construed in this manner, this issue affects each of the means-plus-function claims of the patents-in-suit.

The evidence adduced at trial established that the patent specification describes several different communications protocols other than the DDE protocol that a person of ordinary skill in the art would have appreciated could have been employed to communicate and transmit data between the software modules of the patented systems. Indeed, in the case of the networked embodiment described in the patent specification and illustrated in FIG. 1B, the DDE protocol could not have been used for all data transmission since this embodiment includes multiple networked computers. Moreover, even in the embodiment of the inventions illustrated in FIG. 1A, the patent specification describes communications protocols other than the DDE protocol as being employed.

For example, the system description from the inventors' earlier U.S. Patent No. 5,712,989 (the "'989 Patent"), which is expressly incorporated by reference into the specification of the patents-in-suit (*See* '683 Patent, Col. 1:10-17; PX 116 ('989 Patent; attached as Exhibit G); Trial Transcript at 1374:20-1375:5 (Menascé Direct); Trial Transcript at 1619:21-1620:11 (Menascé Cross); Trial Transcript at 2727:17-2729:8 (Weaver Direct, Rebuttal Case)), provides descriptions of additional protocols for communications between software applications executing on different computers. For example, the system described in the '989 Patent, in one embodiment, includes a host computer 10 which is linked via modems 12 and 44 to the remotely-located local computer 40, as shown in FIG. 1. Host computer 10 and local computer 40 are linked in a network employing the formats and protocols of IBM's Systems Network Architecture (SNA). *See* '989 Patent, Col. 2:67-Col. 3:3. As noted above, Defendants' expert did not disagree.

It was also undisputed that the specification of the patents-in-suit also expressly describes IBM's SNA communications protocols as suitable for use in connection with the patented

8

inventions. '683 Patent, Col. 5:9-17 (describing host computer 10 and local computer 20 as being linked in a network employing the formats and protocols of IBM's System Network Architecture); Trial Transcript at 2726:16-2727:16 (Weaver Direct, Rebuttal Case); Trial Transcript at 1655:5-1656:16 (Menascé Cross); Trial Transcript at 1558:24-1559:5 (Menascé Direct) (acknowledging that the patent specification refers to the use of SNA network communications protocols for communication of data between two different networked computers).

      The '989 Patent further provides that the local computer 40 can be a workstation which includes a multi-protocol adapter communications card, capable of supporting the LU.6.2 communications protocol. '989 Patent, Col. 4:4-11. *See also* Trial Transcript at 2722:1-2732:5 (Weaver Direct, Rebuttal Case). A person of ordinary skill in the art would understand from this description that data can be exchanged between the host computer 10 and the networked, remotely-located local computer 20 in the systems of the patents-in-suit using the LU.6.2 communications protocol (and not the DDE communications protocol). The LU.6.2 communications protocol enables the transfer of packets of data blocks between the software application executing on the local computer 20 and the software application executing on the host computer 10. '989 Patent, Col. 4:53-67; Trial Transcript at 2722:1-2732:5 (Weaver Direct, Rebuttal Case). Dr. Weaver further testified that the LU.6.2 communications protocol could have been employed in the networked embodiment illustrated in FIG. 1B of the patents-in-suit. Trial Transcript at 2734:15-2742:2 (Weaver Direct, Rebuttal Case). The inventors confirmed that they indeed made use of the LU.6.2 communications protocols in connection with the commercial applications of the patent inventions. Trial Transcript at 362:1-363:23 (Johnson Direct).

9

The '989 Patent also describes a system wherein a requisition program operating on the host computer 10 can receive input relating to an item to be requisitioned from a remotely-located local computer 40 in electronic form over a network through a telephone line. '989 Patent, Col. 6:43-47. It was conceded that the specification of the patents-in-suit also expressly describes the use of the telecommunications network and its protocols for transmission of data between two networked computers in the systems of the patented inventions. '683 Patent, Col. 17:23-33 (describing each local computer as being connected to host computer 210 via a phone/dataline); Trial Transcript at 1656:17-1658:7 (Menascé Cross)(acknowledging that the patents-in-suit describe the use of the Virtual Telecommunications Access Method Communications Network for communication of data between a customer's computer system and a supplier's computer system in connection with the patented inventions).

It was also undisputed that both the '989 Patent and the specification of the patents-in-suit expressly describe that an additional communications protocol, namely electronic data interchange (EDI), can be used for transmissions of requisition data and other data between local computer 40 and host computer 10 using an ERI/EDI interface. '989 Patent, Col. 36:57-62; '683 Patent, Col. 15:45-49 (describing use of EDI communications protocols); Trial Transcript at 1625:4-1626:6 (Menascé Cross).

Dr. Weaver testified that a person of ordinary skill in the art would have understood from review of the specification of the patents-in-suit (including the '989 Patent specification expressly incorporated by reference therein) that each of these various communications protocols could be employed in the patented systems and that such systems were not limited to use of the DDE communications protocol for data transmission. *See* Trial Transcript at 2722:1-2732:5; 2734:15-2742:2 (Weaver Direct, Rebuttal Case).

10

Therefore, the evidence at trial established that a person of ordinary skill in the art reading the specification of the patents-in-suit, which expressly incorporates by reference the specification of the '989 Patent, would have understood that the electronic sourcing systems of the patented inventions could have been implemented in a manner such that the software modules need not execute on the same local computer communicating via the DDE communications protocol. The specification of the patents-in-suit expressly describes means for achieving communications between a software application executing on a local computer and another application executing on a different networked computer other than the DDE protocol. As such, the claims should not be construed as limited to use of the DDE communications protocol.

The exceptional circumstances set forth above make it proper and just to vacate the Markman Order and the Summary Judgment Orders, to the extent they are based upon that Markman Order.

### III. CONCLUSION

Because the Court's Markman Order is not appealable and could have a chilling effect on the resolution and settlement of patent litigation, and because there is a previous Markman ruling which is inconsistent with this Court's Markman Order, and because the evidence adduced at trial, and conceded by Defendants, conflicts with the Court's Markman Order, it is in the interests of justice that the Court's Markman Order (Docket No. 112), and the Summary Judgment Orders (Docket Nos. 233 and 288), as they depend on the means-plus-function claim construction of the patents-in-suit, be vacated.

11

Respectfully submitted,

Dated: January 19, 2007

Maya M. Eckstein (VSB # 41413)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8788
Facsimile: (804) 343-4630

Scott L. Robertson
Jennifer A. Albert
Yisun Song (VSB #45881)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, DC 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Thomas J. Cawley (VSB # 04612)
David M. Young (VSB #35997)
**HUNTON & WILLIAMS LLP**
1751 Pinnacle Drive, Suite 1700
McLean, VA 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410

Attorneys for Plaintiff
*e*Plus, Inc.

12

## CERTIFICATE OF SERVICE

I certify that on this 19th day of January, 2007, a copy of the foregoing *e*PLUS'S **MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION TO VACATE** was delivered:

Via hand delivery and via email transmission to:

Dabney J. Carr, IV, Esq.
Robert A. Angle, Esq.
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219


Via overnight courier and via email transmission to:

Lloyd R. Day, Jr., Esq.
Robert M. Galvin, Esq.
Christopher E. Stretch, Esq.
Julie S. Turner, Esq.
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014

Counsel for Defendants SAP America, Inc.
and SAP AG



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ePLUS, INC.,

                                Plaintiff,

                v.                                  Civil Action Number 3:05CV281-JRS

SAP AMERICA, INC., et al.,

                                Defendants.

## CLAIM CONSTRUCTIONS PURSUANT TO NOVEMBER 17, 2005 *MARKMAN* HEARING

THIS MATTER is before the Court for the Court's determination of the proper construction of claims pursuant to the parties' arguments presented at the Markman hearing held on November 17, 2005. Plaintiff ePlus, Inc. has sued Defendant SAP America, Inc. and SAP AG for infringement of three patents: 1) U.S. Patent No. 6,023,683; 2) U.S. Patent No. 6,055,516; and 3) U.S. Patent No. 6,505,172. The Court, having considered the evidence and arguments submitted by the parties, hereby interprets these patents as provided below.

## I.   KEY TERMS

1)   Items: Products or services.

2)   Matching items: Items in search results that have been selected for inclusion in a requisition.

3)   Database: A collection of related information organized in a useful manner that provides a base or foundation for procedures, such as retrieving information.

4)   Electronic sourcing system: An electronic system for use by a prospective buyer to locate and find items to purchase from sources, suppliers, or vendors.

5)   Generally equivalent: Substantially similar.



6)      Product catalog: An organized collection of items and associated information which can include, for example, a part number, price, catalog number, vendor name, vendor ID, a textual description of an item, and images of or relating to the item.

7)      Purchase order: A commission or instruction to buy something.

8)      Requisition: A formal list of needed and/or required items.

9)      Vendor: A seller of a product or service.

10)     Source: A supplier, vendor or distributor of products or services.

## II.  MEANS-PLUS-FUNCTION CLAIM TERMS

U.S. Patent No. 6,023,683:

1)    **Means for selecting the product catalogs to search:**
        Function: Selecting more than one product catalog to search.
        Means: Two means for selecting product catalogs are disclosed:
        1.    A software means initiated from catalog search program (50 or 250) running on local computer (20 or 220) that consists of the following steps:
            a.    selecting more than one product catalog from a list of available catalogs ('683 Col. 9:52-67)[1]; and
            b.    concatenating (i.e., joining together) the selected product catalogs to be searched (9:67-10:4).
        2.    A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:
            a.    entering vendor identification into requisition/purchasing system (10:8-11);
            b.    communicating vendor identification from requisition/purchasing system to catalog search program running on same local computer via the DDE protocol of interface (60) (10:8-20); and
            c.    concatenating (i.e., joining together) the selected product catalogs to be searched by the catalog search program based upon the received vendor identification (9:67-10:4).

2)    **Means for searching for matching items among the selected product catalogs:**
        Function: Searching for matching items among the selected product catalogs.
        Means: Two means for searching for matching items are disclosed:
        1.    A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:
            a.    entering certain search criteria (e.g., catalog number, part number, or

---

[1]All citations that follow refer to U.S. Patent No. 6,023,683.

partial text) relating to item(s) to be searched into requisition/purchasing system (7:48-55; 7:61-8:2; 8:22-26);

b. communicating the search criteria from requisition/purchasing system (40 or 240) to catalog search program (50 or 250) running on same local computer via the DDE protocol of interface (60) (8:37-9:8);

c. searching catalog database (36 or 236) via catalog search program (50 or 250) based on the search criteria received from requisition/purchasing system (9:34-37);

d. if more than one search criterion is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

e. displaying via catalog search program a hit list of search results (9:39-45).

2. A software means initiated from shell program (52 or 252) running on local computer (20 or 220), that consists of the following steps:

a. displaying a search screen on the monitor of local computer (12:4-12; Appendix VII);

b. entering search criteria (e.g., catalog page number, keyword, part number) for item to be searched (9:12-14; 12:12-24);

c. searching catalog database (36 or 236) via catalog search program (50 or 250) running on local computer based on data received from shell program (52) (9:34-37);

d. if more than one search criterion is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

e. displaying via catalog search program a hit list (47) of search results (9:39-45; 12:27-29, Appendix III).

3) **Means for building a requisition using data relating to selected matching items and their associated source(s):**

Function: Building a requisition using data related to selected matching items and their associated source(s).

Means: One means for building a requisition is disclosed:

1. A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

a. entering certain data (e.g., account number, requisition number) in requisition/purchasing system (40 or 240) to create requisition tables stored in requisition database (42A) (6:44-65; 7:20-28);

b. initiating search for matching item(s) in catalog database (36 or 236) from either requisition/purchasing system (40 or 240) or catalog search program (50 or 250) running on local computer (20 or 220) via two search means described above (8:15-32);

c. displaying via catalog search program a hit list (47) of search results

3

(9:39-45; 12:27-29; Appendix III);

    d.    selecting one or more items to be requisitioned (10:21-24; 11:30-38);

    e.    generating an order list (48) in shell (52 or 252) and catalog search program (50 or 250) containing data relating to selected items (e.g., vendor name, product description, list price) (11:20-38; 11:62-66);

    f.    displaying data relating to selected items in order list (48) (11:38-43; 12:38-40; Appendix VI);

    g.    transmitting data from order list (48) to requisition/purchasing system running on same local computer (20 or 220) via the DDE protocol of interface (60) (11:50-54; 12:48-53; 13:1-21); and

    h.    updating requisition tables in requisition database (42A) with data received from order list (48) via interface (60) (12:60-67).

4) **Means for processing the requisition to generate one or more purchase orders for the selected matching items**:

    <u>Function</u>: Processing the requisition to generate one or more purchase orders for the selected matching items.

    <u>Means</u>: One means for processing the requisition to generate one or more purchase orders is disclosed:

    1.    A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

        a.    accepting/approving the requisition (15:20-26); and

        b.    generating a separate purchase order for each inventory location from which a selected matching item has been sourced (15:26-49).

5) **Means for determining whether a selected matching item is available in inventory**:

    <u>Function</u>: Determining whether a selected matching item is available in inventory.

    <u>Means</u>: Two means for determining the availability of selected matching items in inventory are disclosed:

    1.    A software means for local inventory initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

        a.    maintaining a local inventory database (42B) on local computer (20 or 220) (14:16-20);

        b.    initiating via requisition/purchasing system (40 or 240) searches of local inventory database to determine availability of selected matching items in local inventory (14:12-16); and

        c.    displaying via requisition/purchasing system (40 or 240) the availability and quantity of inventory for the selected matching items in local inventory (14:26-32).

    2.    A software means for remote inventory initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

        a.    maintaining a remote inventory database (11) on host computer (10) (14:21-25);

    b.     initiating via requisition/purchasing system (40 or 240) searches of remote inventory database to determine availability of selected matching items in remote inventory (14:12-16); and

    c.     displaying via requisition/purchasing system (40 or 240) the availability and quantity of inventory for the selected matching items in local inventory (14:26-32).

6)    **Means for converting data relating to a selected matching item and an associated source to data relating to an item and a different source:**

Function: Converting data relating to a selected matching item and an associated source to data relating to an item and a different source.

Means: One means for performing this function is disclosed:

1.    A software means which is automatically initiated by host pricing and inventory databases (11) running on host computer (10) in response to sourcing request from requisition/purchasing system (40 or 240), including the steps of:

    a.     maintaining host pricing and inventory databases (11) with cross-references from distributor's catalog number to corresponding catalog numbers of other vendors for the same product (4:63-5:8);

    b.     transmitting data for selected matching items in requisition from requisition/purchasing system (40) running on local computer (20) to host pricing and inventory databases (11) running on host computer (10) (14:12-25);

    c.     automatically recognizing that catalog number for selected matching item in requisition corresponds to same or similar item in another catalog (4:66-5:8; 10:43-48); and

    d.     substituting and transmitting back to requisition/purchasing system (40) the name, contract price, and availability for corresponding cross-referenced item (10:48-52).

7)    **Means for determining the applicable price of a selected matching item:**

Function: Determining the applicable price of a selected matching item.

Means: Two means for determining the applicable price of a selected matching item are disclosed:

1.    A software means for local price determination initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) and utilizing local inventory databases (42B and 42C), that consists of the following steps:

    a.     maintaining local databases with price information (42B and 42C) on local computer (15:7-9);

    b.     initiating via requisition/purchasing system (40) request to local databases to determine price (14:66-15:9); and

    c.     displaying via requisition/purchasing system (40) the price for the selected matching item in local databases (14:66-15:9).

2.    A software means for remote price determination initiated from

5

requisition/purchasing system (40 or 240) running on local computer (20 or 220) and utilizing host pricing databases (11) on host computer (10), that consists of the following steps:

    a.    maintaining host pricing databases (11) on host computer (10) (15:1-5);

    b.    initiating via requisition/purchasing system (40) request to host inventory database to determine price (14:66-15:9); and

    c.    displaying via requisition/purchasing system (40) the price for the selected matching item in host databases (14:66-15:9).

8)    **Means for searching for matching items in the database:**

    Function: Searching for matching items among items in the database.

    Means: Two means for searching for matching items are disclosed:

    1.    A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

        a.    entering search criteria (e.g., catalog number, part number, or partial text) relating to item(s) to be searched into requisition/purchasing system (40 or 240) (7:48-55; 7:61-8:2; 8:22-26);

        b.    searching local RIMS databases (42) based on search criteria, and if found, search is complete (6:6-8; 7:36-38; 4:20-23);

        c.    if items not found in RIMS databases (42), communicating search criteria from requisition/purchasing system (40 or 240) to catalog search program (50 or 250) running on same local computer via the DDE protocol of interface (60) (8:37-9:8);

        d.    searching catalog database (36 or 236) via catalog search program based on search criteria received from requisition/purchasing system (40 or 240) (9:34-37);

        e.    if more than one search criterion is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

        f.    displaying via catalog search program a hit list of search results (9:39-45).

    2.    A software means initiated from shell program (52 or 252) running on local computer (20 or 220), that consists of the following steps:

        a.    displaying a search screen on the monitor of local computer (12:4-12; Appendix VII);

        b.    entering search criteria (e.g., catalog page number, keyword, part number) for item to be searched (9:12-14; 12:12-24);

        c.    searching catalog database (36 or 236) via catalog search program (50 or 250) running on local computer based on data received from shell program (52) (9:34-37);

        d.    if more than one search criterion is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria

                                  resulting in a match (6:14-22); and

        e.       displaying via catalog search program a hit list (47) of search results (9:39-45; 12:27-29; Appendix III).

9)     **Means for building a requisition that includes a first matching item and a second matching item, each associated with a different source:**

          <u>Function</u>: Building a requisition using data relating to selected matching items and their associated source(s).

          <u>Means</u>: One means for building a requisition is disclosed:

        1.    A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

              a.     entering certain data (e.g., account number, requisition number) in requisition/purchasing system (40 or 240) to create requisition tables stored in requisition database (42A) (6:44-65; 7:20-28);

              b.     initiating search for matching item(s) in catalog database (36 or 236) from either requisition/purchasing system (40 or 240) or catalog search program (50 or 250) running on local computer (20 or 220) via two search means described above (8:15-32);

              c.     displaying via catalog search program a hit list (47) of search results (9:39-45; 12:27-29; Appendix III);

              d.     selecting one or more items to be requisitioned (10:21-24; 11:30-38);

              e.     generating an order list (48) in shell (52 or 252) and catalog search program (50 or 250) containing data relating to selected items (e.g., vendor name, product description, list price) (11:20-38; 11:62-66);

              f.     displaying data relating to selected items in order list (48) (11:38-43; 12:38-40; Appendix VI);

              g.     transmitting data from order list (48) to requisition/purchasing system running on same local computer (20 or 220) via the DDE protocol of interface (60) 11:50-54; 12:48-53; 13:1-21); and

              h.     updating requisition tables in requisition database (42A) with data received from order list (48) via interface (60) (12:60-67).

10)    **Means for processing the requisition to generate purchase orders for the first and the second matching items:**

          <u>Function</u>: Processing the requisition to generate purchase orders for the first and the second matching items.

          <u>Means</u>: One means for processing the requisition to generate one or more purchase orders is disclosed:

        1.    A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

              a.     accepting/approving the requisition (15:20-26); and

              b.     generating a separate purchase order for each inventory location from which a selected matching item has been sourced (15:26-49).

11) **Means for searching for matching items among the product catalogs:**

<u>Function</u>: Searching for matching items among the selected product catalogs.

<u>Means</u>: Two means for searching for matching items are disclosed:

1.   A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

    a.   entering certain search criteria (e.g., catalog number, part number, or partial text) relating to item(s) to be searched into requisition/purchasing system (7:48-55; 7:61-8:2; 8:22-26);

    b.   communicating the search criteria from requisition/purchasing system (40 or 240) to catalog search program (50 or 250) running on same local computer via the DDE protocol of interface (60) (8:37-9:8);

    c.   searching catalog database (36 or 236) via catalog search program (50 or 250) based on the search criteria received from requisition/purchasing system (9:34-37);

    d.   if more than one search criterion is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

    e.   displaying via catalog search program a hit list of search results (9:39-45).

2.   A software means initiated from shell program (52 or 252) running on local computer (20 or 220), that consists of the following steps:

    a.   displaying a search screen on the monitor of local computer (12:4-12; Appendix VII);

    b.   entering search criteria (e.g., catalog page number, keyword, part number) for item to be searched (9:12-14; 12:12-24);

    c.   searching catalog database (36 or 236) via catalog search program (50 or 250) running on local computer based on data received from shell program (52) (9:34-37);

    d.   if more than one search criterion is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

    e.   displaying via catalog search program a hit list (47) of search results (9:39-45; 12:27-29, Appendix III).

12) **Means for searching for matching items among the selected data:**

<u>Function</u>: Searching for matching items among the selected data.

<u>Means</u>: Two means for searching for matching items are disclosed:

1.   A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

    a.   entering search criteria (e.g., catalog number, part number, or partial text) relating to item(s) to be searched into requisition/purchasing system (40 or 240) (7:48-55; 7:61-8:2; 8:22-26);

    b.   searching local RIMS databases (42) based on search criteria, and if

8

found, search is complete (6:6-8; 7:36-38; 4:20-23);

 c. if items not found in RIMS databases (42), communicating search criteria from requisition/purchasing system (40 or 240) to catalog search program (50 or 250) running on same local computer via the DDE protocol of interface (60) (8:37-9:8);

 d. searching catalog database (36 or 236) via catalog search program based on search criteria received from requisition/purchasing system (40 or 240) (9:34-37);

 e. if more than one search criterion is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

 f. displaying via catalog search program a hit list of search results (9:39-45).

2. A software means initiated from shell program (52 or 252) running on local computer (20 or 220), that consists of the following steps:

 a. displaying a search screen on the monitor of local computer (12:4-12; Appendix VII);

 b. entering search criteria (e.g., catalog page number, keyword, part number) for item to be searched (9:12-14; 12:12-24);

 c. searching catalog database (36 or 236) via catalog search program (50 or 250) running on local computer based on data received from shell program (52) (9:34-37);

 d. if more than one search criterion is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

 e. displaying via catalog search program a hit list (47) of search results (9:39-45; 12:27-29; Appendix III).

13) **Means for processing the requisition to generate purchase orders using data relating to the selected matching items and their associated source(s):**

 Function: Processing the requisition to generate one or more purchase orders for the selected matching items.

 Means: One means for processing the requisition to generate one or more purchase orders is disclosed:

1. A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

 a. accepting/approving the requisition (15:20-26); and

 b. generating a separate purchase order for each inventory location from which a selected matching item has been sourced (15:26-49).

14) **Means for searching for matching items in the selected portions of the database:**

 Function: Searching for matching items in the selected portions of the database.

 Means: Two means for searching for matching items are disclosed:

9

1.    A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

    a.    entering search criteria (e.g., catalog number, part number, or partial text) relating to item(s) to be searched into requisition/purchasing system (40 or 240) (7:48-55; 7:61-8:2; 8:22-26);

    b.    searching local RIMS databases (42) based on search criteria, and if found, search is complete (6:6-8; 7:36-38; 4:20-23);

    c.    if items not found in RIMS databases (42), communicating search criteria from requisition/purchasing system (40 or 240) to catalog search program (50 or 250) running on same local computer via the DDE protocol of interface (60) (8:37-9:8);

    d.    searching catalog database (36 or 236) via catalog search program based on search criteria received from requisition/purchasing system (40 or 240) (9:34-37);

    e.    if more than one search criteria is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

    f.    displaying via catalog search program a hit list of search results (9:39-45).

2.    A software means initiated from shell program (52 or 252) running on local computer (20 or 220), that consists of the following steps:

    a.    displaying a search screen on the monitor of local computer (12:4-12; Appendix VII);

    b.    entering search criteria (e.g., catalog page number, keyword, part number) for item to be searched (9:12-14; 12:12-24);

    c.    searching catalog database (36 or 236) via catalog search program (50 or 250) running on local computer based on data received from shell program (52) (9:34-37);

    d.    if more than one search criteria is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

    e.    displaying via catalog search program a hit list (47) of search results (9:39-45; 12:27-29; Appendix III).

15)    **Means for building a requisition that includes data relating to selected matching items**:

    <u>Function</u>: Building a requisition using data relating to selected matching items and their associated source(s).

    <u>Means</u>: One means for building a requisition is disclosed:

    1.    A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

        a.    entering certain data (e.g., account number, requisition number) in requisition/purchasing system (40 or 240) to create requisition tables

10

stored in requisition database (42A) (6:44-65; 7:20-28);

b.     initiating search for matching item(s) in catalog database (36 or 236) from either requisition/purchasing system (40 or 240) or catalog search program (50 or 250) running on local computer (20 or 220) via two search means described above (8:15-32);

c.     displaying via catalog search program a hit list (47) of search results (9:39-45; 12:27-29; Appendix III);

d.     selecting one or more items to be requisitioned (10:21-24; 11:30-38);

e.     generating an order list (48) in shell (52 or 252) and catalog search program (50 or 250) containing data relating to selected items (e.g., vendor name, product description, list price) (11:20-38; 11:62-66);

f.     displaying data relating to selected items in order list (48) (11:38-43; 12:38-40; Appendix VI);

g.     transmitting data from order list (48) to requisition/purchasing system running on same local computer (20 or 220) via the DDE protocol of interface (60) 11:50-54; 12:48-53; 13:1-21); and

h.     updating requisition tables in requisition database (42A) with data received from order list (48) via interface (60) (12:60-67).

U.S. Patent No. 6,055,516:

16) **Converting means for converting data relating to said item from said first catalog to data relating to said item from said second catalog:**

Function: Converting data relating to said item from said first catalog to data relating to said item from said second catalog.

Means: One means for converting data is disclosed:

1.     A software means which is automatically initiated by host pricing and inventory databases (11) running on host computer (10) in response to sourcing requests, including the steps of:

a.     maintaining host pricing and inventory databases (11) with cross-references from distributor's catalog number to corresponding catalog numbers of other vendors for the same product ('683 Col. 4:63-5;8);

b.     transmitting data for selected matching items in requisition from requisition/purchasing system (40 or 240) running on local computer (20 or 220) to host pricing and inventory databases (11) running on host computer (10) ('683 Col. 14:12-25);

c.     automatically recognizing that catalog number for selected matching item in requisition corresponds to same or similar item in another catalog ('683 Col. 4:66-5:8; 10:43-48); and

d.     substituting and transmitting back to requisition/purchasing system (40 or 240) the name, contract price, and availability for corresponding cross-referenced item ('683 Col. 10:48-52).

11

U.S. Patent No. 6,505,172:

17)  **Means for entering product information that at least partially describes at least one desired item:**

Function: Entering product information that at least partially describes at least one desired item.

Means: Two means for performing this function are disclosed:

1.  A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following step:

a.  entering in requisition/purchasing system (40 or 240) certain fields of information (e.g., catalog number, part number, or partial text) that partially describe an item ('683 Cols. 7:48-55, 7:61-8:2; 8:22-26).[2]

2.  A software means initiated from shell program (52 or 252) running on local computer (20 or 220) that consists of the following steps:

a.  displaying a search screen on the monitor of local computer (12:4-12; Appendix VII); and

b.  entering search criteria (e.g., catalog page number, keyword, part number) for item to be searched (9:12-14; 12:12-24).

18)  **Means for searching for matching items that match the entered product information in the selected portions of the database:**

Function: Searching for matching items that match the entered product information only in selected portions of the database.

Means: Two means for searching only in selected portions of the database are disclosed:

1.  A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

a.  entering search criteria (e.g., catalog number, part number, or partial text) relating to item(s) to be searched into requisition/purchasing system (40 or 240) (7:48-55; 7:61-8:2; 8:22-26);

b.  searching local RIMS databases (42) based on search criteria, and if found, search is complete (4:20-23; 6:6-8; 7:36-38);

c.  if items are not found in RIMS databases (42), communicating search criteria from requisition/purchasing system (40 or 240) to catalog search program (50 or 250) running on same local computer via the DDE protocol of interface (60) (8:37-9:8);

d.  searching catalog database (36 or 236) via catalog search program based on search criteria from requisition/purchasing system (40 or 240) (9:34-37);

e.  if more than one search criteria is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword,

---

[2]All citations that follow refer to U.S. Patent No. 6,023,683.

and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

f.    displaying via catalog search program a hit list of search results (9:39-45).

19)    **Means for generating an order list that includes at least one matching item selected by said means for searching**:

> Function: Generating an order list that includes at least one matching item selected by said means for searching.
>
> Means: One means for generating an order list is disclosed:
>
> 1.    A software means that utilizes catalog search program (50 or 250) and shell program (52 or 252) and consists of the following steps:
>
>     a.    displaying via catalog search program (50 or 250) a hit list (47) of search results (9:39-45; 12:27-29; Appendix III);
>
>     b.    selecting one or more items to be requisitioned (10:21-24, 11:30-38); and
>
>     c.    generating an order list (48) in shell (52 or 252) and catalog search program (50 or 250) containing data relating to selected items (e.g., vendor name, product description, list price) (11:20-38; 11:62-66).

20)    **Means for building a requisition that uses data obtained from said database relating to selected matching items on said order list:**

> Function: Building a requisition that uses data obtained from said database relating to selected matching items on said order list.
>
> Means: One means for building a requisition is disclosed:
>
> 1.    A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:
>
>     a.    entering certain data (e.g., account number, requisition number) in requisition/purchasing system (40 or 240) to create requisition tables stored in requisition database (42A) (6:44-65; 7:20-28);
>
>     b.    initiating search for matching item(s) in catalog database (36 or 236) from either requisition/purchasing system (40 or 240) or catalog search program (50 or 250) running on local computer (20 or 220) via two search means described above (8:15-32);
>
>     c.    displaying via catalog search program a hit list (47) of search results (9:39-45; 12:27-29; Appendix III)
>
>     d.    Selecting one or more items to be requisitioned (10:21-24; 11:30-38);
>
>     e.    generating an order list (48) in shell (52 or 252) and catalog search program (50 or 250) containing data relating to selected items (e.g., vendor name, product description, list price) (11:20-38; 11:62-66);
>
>     f.    Displaying data relating to selected items in order list (48) (11:38-43; 12:38-40; Appendix VI);
>
>     g.    transmitting data from order list (48) to requisition/purchasing system

13

running on same local computer (20 or 220) via DDE protocol of
interface (60) (11:50-54; 12:48-53; 13:1-21); and

h.      updating requisition tables in requisition database (42A) with data
received from order list (48) via interface (60) (12:60-67).

21)    **Means for processing said requisition to generate purchase orders for said selected matching items:**

Function: Processing the requisition to generate purchase orders for said selected matching items.

Means: One means for generating a purchase order is disclosed:

1.      A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

a.      accepting/approving the requisition (15:20-26); and

b.      generating a separate purchase order for each inventory location from which a selected matching item has been sourced (15:26-49).

22)    **Means for searching the database for segments of data relating to items associated with a vendor that contain vendor items that match the product information for said at least one desired item:**

Function: Searching only selected portions of the database for segments of data relating to items associated with a particular vendor that contain items associated with that vendor that match the product information for at least one desired item.

Means: Two means of performing this function are disclosed:

1.      A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following steps:

a.      entering search criteria (e.g., catalog number, part number, or partial text) relating to item(s) to be searched into requisition/purchasing system (40 or 240) (7:48-55; 7:61-8:2; 8:22-26);

b.      searching local RIMS databases (42) based on search criteria, and if found, search is complete (4:20-23; 6:6-8; 7:36-38);

c.      if items not found in RIMS databases (42), communicating search criteria from requisition/purchasing system (40 or 240) to catalog search program (50 or 250) running on same local computer via the DDE protocol of interface (60) (8:37-9:8);

d.      searching catalog database (36 or 236) via catalog search program based on search criteria from requisition/purchasing system (40 or 240) (9:34-37);

e.      if more than one search criteria is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

f.      displaying via catalog search program a hit list of search results (9:39-45).

14

2.    A software means initiated from shell program (52 or 252) running on local computer (20 or 220), that consists of the following steps:

    a.    displaying a search screen on the monitor of local computer (12:4-12; Appendix VII);

    b.    entering search criteria (e.g., catalog page number, keyword, part number) for item to be searched (9:12-14; 12:12-24);

    c.    searching catalog database (36 or 236) via catalog search program (50 or 250) running on local computer based on data received from shell program (52) (9:34-37);

    d.    if more than one search criterion is received, catalog search program prioritizes search as follows: (a) part (catalog) number, (b) keyword, and (c) page number, stopping at highest priority search criteria resulting in a match (6:14-22); and

    e.    displaying via catalog search program a hit list (47) of search results (9:39-45; 12:27-29; Appendix III).

23)  **Means for generating a hit list of such vendor segments**:

    Function: Generating a list comprised of segments of data relating to items associated with a particular vendor.

    Means: A single means for performing this function is disclosed:

    1.    A software means initiated from requisition/purchasing system (40 or 240) running on local computer (20 or 220) that consists of the following step:

        a.    searching and displaying via catalog search program (50 or 250) a hit list screen (47) representing limited data about all matching items that were located in Catalog database (36 or 236) (9:39-48; 12:27-29).

24)  **Means for selectively viewing the vendor segments identified for said hit list**:

    Function: Selecting and viewing segments of data relating to items associated with a particular vendor that are compiled in a hit list.

    Means: One means for performing this function is disclosed:

    1.    A software means initiated from requisition/purchasing program (40 or 240) running on local computer (20 or 220) that consists of the following steps:

        a.    displaying via catalog search program (50 or 250) a hit list screen (47) representing limited data about all matching items located in catalog database (36 or 236) (Appendix III); (9:39-45); and

        b.    selecting via hit list (47) one or more items to be requisitioned (10:21-24, 11:30-38).

25)  **Means for selecting desired items from a vendor segment identified by said hit list**:

    Function: Selecting desired items from a vendor segment identified by said hit list.

    Means: One means for performing this function is disclosed:

    1.    A software means that utilizes catalog search program (50 or 250) and shell program (52 or 252) and consists of the following steps:

15

     a.      displaying via catalog search program (50 or 250) a hit list (47) of search results (9:39-45; 12:27-29; Appendix III);

     b.      selecting one or more items to be requisitioned (10:21-24); 11:30-38); and

     c.      generating an order list (48) in a shell (52 or 252) and catalog search program (50 or 250) containing data relating to selected items (e.g., vendor name, product description, list price) (11:20-38; 11:62-66).

Let the Clerk send a copy of this Order to all parties of record.

It is SO ORDERED.

ENTERED this 20th day of January, 2006

_James R. Spencer_
UNITED STATES DISTRICT JUDGE

16