# TAB 2

LEXSEE


Cited
As of: Aug 11, 2009

CLEVER DEVICES, LTD., Plaintiff, v. DIGITAL RECORDERS, INC., Defendant.

3:03-CV-679-M

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

2004 U.S. Dist. LEXIS 10494

June 3, 2004, Decided
June 3, 2004, Filed

**DISPOSITION:** [*1] Parties' Joint Motion to Vacate Markman Order DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** The parties reached an agreement to settle all outstanding issues and disputes between the parties in the present litigation, and, pursuant to the terms of the agreement, they agreed to jointly move the court to vacate its Markman order.

**OVERVIEW:** Even though the case involved a district court's vacatur of a district court's ruling pursuant to Fed. R. Civ. P. 54(b) rather than an appellate court's vacatur of a district court's ruling pursuant to 28 U.S.C.S. § 2106, the remedy of vacatur was no less extraordinary. Although prejudgment rulings, prior to the entry of judgment, may not carry the same presumption of correctness and value as final judgments, the analysis of whether to vacate prejudgment rulings, prior to the entry of judgment, was guided by the standards enunciated by the United States Supreme Court. The parties argued that, in light of the policy against interlocutory appeals of Markman rulings and the possible collateral estoppel effect of Markman rulings, vacating Markman rulings would encourage settlement. However, guided by Supreme Court precedent, the court concluded that this argument failed to constitute exceptional circumstances warranting vacatur. Rather than encouraging settlement, routine vacatur of Markman rulings would encourage litigants to roll the dice and postpone settlement until after the entry of a Markman ruling and after the expenditure of judicial resources.

**OUTCOME:** The court denied the parties' joint motion to vacate the Markman order.

**CORE TERMS:** vacatur, vacate, prejudgment, settlement, exceptional circumstances, entry of judgment, presumptively, post-judgment, judicial economies, settle, extraordinary remedy, settlement agreement, encourage settlement, inequitable, equitable, analyzing, guided, dice, case involves, judicial resources, legal issues, encouraging settlement, exceptional, conserving, vacating, settling, decree, novel, roll, mere fact

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > General Overview*
*Contracts Law > Types of Contracts > Settlement Agreements*
*Governments > Courts > Judicial Precedents*
[HN1]Mootness by reason of settlement does not justify vacatur of a judgment under review absent "exceptional circumstances," and those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur. In reaching this conclusion, the United States Supreme Court has noted that a party seeking vacatur must demonstrate equitable entitlement to the extraordinary remedy of vacatur. The Supreme Court further recognizes that the public's interest must be taken into account when analyzing whether vacatur is

Page 1

justified: Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.

*Civil Procedure > Settlements > Settlement Agreements > General Overview*
*Civil Procedure > Remedies > Writs > General Overview*
*Civil Procedure > Appeals > Appellate Jurisdiction > State Court Review*
[HN2]Where mootness results from settlement, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice.

*Civil Procedure > Judgments > Relief From Judgment > General Overview*
*Civil Procedure > Appeals > Appellate Jurisdiction > State Court Review*
[HN3]See 28 U.S.C.S. § 2106.

*Civil Procedure > Remedies > Writs > General Overview*
[HN4]The remedy of vacatur is also as extraordinary when granted by a district court prior to the entry of judgment. .

*Civil Procedure > Judgments > General Overview*
*Civil Procedure > Remedies > Writs > General Overview*
*Civil Procedure > Appeals > Appellate Jurisdiction > State Court Review*
[HN5]Prior to the entry of judgment, orders and decisions are subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Fed. R. Civ. P. 54(b). The United States Supreme Court's conclusion that prejudgment vacatur is an extraordinary remedy arises from the nature of the remedy itself. Like Fed. R. Civ. P. 54(b), 28 U.S.C.S. § 2106 does not impose strict standards on the granting of vacatur: The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review.

*Civil Procedure > Judgments > General Overview*

*Civil Procedure > Remedies > Writs > General Overview*
*Civil Procedure > Appeals > General Overview*
[HN6]When extending its holding to encompass a Court of Appeals vacatur of a district court's judgment, the United States Supreme Court has explicitly rejected the argument that district court judgments are presumptively less valid than appellate judgments.

*Civil Procedure > Judgments > Entry of Judgments > General Overview*
*Civil Procedure > Judgments > Entry of Judgments > Multiple Claims & Parties*
*Civil Procedure > Remedies > Writs > General Overview*
[HN7]Fed. R. Civ. P. 54(b)'s recognition that prejudgment rulings are subject to revision at any time before the entry of judgment suggests that prejudgment rulings, prior to the entry of judgment, do not carry the same presumption of correctness and value as final judgments.

*Civil Procedure > Settlements > Settlement Agreements > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > General Overview*
[HN8]Where the parties settle the case without conditioning that settlement on the vacatur of a prior ruling in the case, it is not inequitable to refuse to vacate the rulings, even though the parties did not have the opportunity to test those rulings on appeal.

*Civil Procedure > Settlements > General Overview*
*Civil Procedure > Remedies > Writs > General Overview*
*Contracts Law > Types of Contracts > Settlement Agreements*
[HN9]Exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur - which neither diminishes the voluntariness of the abandonment of review nor alters any policy considerations.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Estoppel > Collateral Estoppel*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Vacate*
*Civil Procedure > Remedies > Writs > General Overview*
[HN10]While the presence of novel legal issues would weigh against the granting of vacatur, the assertion that no novel legal issues have been decided does not allege "exceptional circumstances."

COUNSEL: For Clever Devices Ltd, Plaintiff: Paul J Farrell, Dilworth & Barrese, Uniondale, NY. Dan Duncan Davison, Fulbright & Jaworski, Dallas, TX.

For Digital Recorders Inc, Defendant: Michael A O'Neil, Law Office of Michael A O'Neil, Dallas, TX. David G Wille, Baker Botts, Dallas, TX.

For Clever Devices Ltd, Counter Claimant: Dan Duncan Davison, Fulbright & Jaworski, Dallas, TX.

JUDGES: BARBARA M. G. LYNN, UNITED STATES DISTRICT JUDGE.

OPINION BY: BARBARA M. G. LYNN

OPINION

MEMORANDUM OPINION AND ORDER

Before the Court is the parties' Joint Motion to Vacate *Markman* Order, filed on May 4, 2004. The parties have reached an agreement to settle all outstanding issues and disputes between the parties in this litigation, and, pursuant to the terms of the agreement, they have agreed to jointly move this Court to vacate its March 16, 2004 *Markman* Order.

The Court finds that the Supreme Court case *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 130 L. Ed. 2d 233, 115 S. Ct. 386 (1994), should guide the Court's analysis of the parties' Joint Motion to Vacate *Markman* Order. Because the Court finds that "exceptional [*2] circumstances" do not exist so as to warrant the remedy of vacatur, the Court DENIES the parties' Joint Motion to Vacate *Markman* Order.

I. Supreme Court's Holding in *U.S. Bancorp Mortgage v. Bonner Mall Partnership*

In *U.S. Bancorp Mortgage v. Bonner Mall Partnership*, the Supreme Court addressed whether appellate courts should, under 28 U.S.C. § 2106, [1] vacate civil judgments of subordinate courts in cases after appeal is filed or certiorari sought. *U.S. Bancorp Mortg. v. Bonner Mall P'ship*, 513 U.S. 18, 130 L. Ed. 2d 233 (1994). Although the specific issue before the Supreme Court involved the propriety of the Supreme Court's vacating the judgment of the Court of Appeals, the Supreme Court explicitly extended its holding to apply equally to the propriety of the Court of Appeals vacating a district court's judgment. *Id.* at 28-29. The Supreme Court held that [HN1]mootness by reason of settlement does not justify vacatur of a judgment under review absent "exceptional circumstances," and those exceptional circumstances "do not include the mere fact that the settlement agreement provides for vacatur." *Id.* at 29. [*3] In reaching this conclusion, the Supreme Court noted that a party seeking vacatur must demonstrate "equitable entitlement to the extraordinary remedy of vacatur." *Id.* at 26. The Supreme Court further recognized that the public's interest must be taken into account when analyzing whether vacatur is justified: "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id.* at 26 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40, 126 L. Ed. 2d 396, 114 S. Ct. 425 (Stevens, J., dissenting)). The Supreme Court rejected the policy argument that vacatur by reason of settlement would facilitate settlement:

> But while the availability of vacatur may facilitate settlement after the judgment under review has been rendered and certiorari granted (or appeal filed), it may deter settlement at an earlier stage. Some litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a [*4] settlement-related vacatur. And the judicial economies achieved by settlement at the district-court level are ordinarily much more extensive than those achieved by settlement on appeal.

*Id.* at 27-28.

Finally, the Supreme Court addressed whether it is inequitable to force settling parties to acquiesce in a judgment that was not tested on appeal: [HN2]"Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice." *Id.* at 25.

1   28 U.S.C. § 2106 [HN3]provides:

   "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully

brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."

[*5] II. Application of *Bancorp* to Prejudgment Vacatur by a District Court

This case differs from *Bancorp* in two primary ways. First, this case involves vacatur of a district court's ruling by a district court rather than vacatur of a subordinate court's rulings by an appellate court. Second, this case involves prejudgment vacatur of a ruling rather than post-judgment vacatur of a ruling. Subsequent to *Bancorp*, numerous courts have found *Bancorp* to be a useful guide in analyzing whether a district court should grant settlement-related vacatur. These cases must be divided, however, into two categories: (1) those courts, as here, applying *Bancorp* in a prejudgment motion to vacate; and (2) those courts applying *Bancorp* in a post-judgment motion to vacate. See *Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216 (Fed. Cir. 2001) (post-judgment); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112 (4th Cir. 2000) (post-judgment); *PolyMASC Pharms., PLC v. Alza Corp.*, 2004 U.S. Dist. LEXIS 5207, No. Civ. A. 01-228-JJF, 2004 WL 633256 (D. Del. Mar. 26, 2004) (post-judgment); *Nilssen v. Motorola, Inc.*, 2002 U.S. Dist. LEXIS 20089, Nos. 93-C-6333 & 96-C-5571, 2002 WL 31369410 [*6] (N.D. Ill. Oct. 21, 2002) (prejudgment); *Ryland Group, Inc. v. Travelers Indem. Co.*, 2001 U.S. Dist. LEXIS 14850, No. A-00-CA-233-JRN, 2001 WL 1200655 (W.D. Tex. Feb. 16, 2001) (Austin, M.J.) (prejudgment); *Allen-Bradley Co., LLC v. Kollmorgen Corp.*, 199 F.R.D. 316 (E.D. Wis. Mar. 27, 2001) (Callahan, M.J.) (prejudgment); *In re Fraser*, 98 F. Supp. 2d 788 (E.D. Tex. 2000) (Folsom, J.) (post-judgment). Guided by the aforementioned cases analyzing *Bancorp* in the context of district court vacatur, the Court will determine whether Bancorp's reasoning applies to this case despite the two primary differences between this case and *Bancorp*.

First, in *Bancorp*, the Supreme Court characterized vacatur as an "extraordinary remedy" to which the parties must show equitable entitlement, and this Court finds that [HN4]the remedy of vacatur is also as extraordinary when granted by a district court prior to the entry of judgment. *Bancorp*, 513 U.S. at 26. [HN5]Prior to the entry of judgment, orders and decisions "are subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b) [*7] . The Court's conclusion that prejudgment vacatur is an extraordinary remedy arises from the nature of the remedy itself. Like Rule 54(b), 28 U.S.C. § 2106 does not impose strict standards on the granting of vacatur: "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review . . . ." Therefore, the Supreme Court's characterization of vacatur as an extraordinary remedy likely arose from the nature of the remedy itself. Thus, even though this case involves a district court's vacatur of a district court's ruling pursuant to Rule 54(b) rather than an appellate court's vacatur of a district court's ruling pursuant to 28 U.S.C. § 2106, the remedy of vacatur is no less extraordinary. [2]

> 2  The Ninth Circuit has found that district-level vacatur is less extraordinary than appellate vacatur: "Given the fact-intensive nature of the inquiry required, it seems appropriate that a district court should enjoy greater equitable discretion when reviewing its own judgments than do appellate courts operating at a distance." *Am. Games v. Trade Prods., Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998). However, this Court agrees with the Fourth Circuit that the district court's greater familiarity with the facts of a case should not cause the remedy of vacatur to be considered less extraordinary; rather, the district court's greater familiarity should result in "a deferential standard of review on appeal." *Valero*, 211 F.3d at 119 n.3.

[*8] In *Bancorp*, the Supreme Court further recognized that the public's interest must be taken into account when analyzing whether to vacate a judgment of the Court of Appeals, which was presumptively correct and valuable to the legal community as a whole. *Bancorp*, 513 U.S. at 26 (quoting *Izumi*, 510 U.S. at 40 (Stevens, J., dissenting)). This Court must determine whether, like an appellate court's judgment, a district court's prejudgment ruling is presumptively correct and valuable to the legal community. [HN6]When extending its holding to encompass a Court of Appeals vacatur of a district court's judgment, the Supreme Court explicitly rejected the argument that district court judgments are presumptively less valid than appellate judgments: "If the point of the proposed distinction is that district-court judgments, being subject to review as of right, are more likely to be overturned and hence presumptively less valid: We again assert the inappropriateness of disposing of cases, whose merits are beyond judicial power to consider, on the basis of judicial estimates of their merits." *Id.* at 28. Further, the Supreme Court quoted Justice Stevens's *Izumi* [*9] dissent for the proposition that judgments are presump-

Page 4

tively correct and valid, and *Izumi* dealt with the vacatur of district court judgments. *Id. at 26* (quoting *Izumi, 510 U.S. at 40* (Stevens, J., dissenting)). Therefore, the Court finds that district court judgments, like appellate judgments, are presumptively correct and valuable to the legal community. In this case, however, the Court must take the further step to determine whether a district court prejudgment ruling is, prior to the entry of judgment, presumptively correct and valuable. [HN7]Rule 54(b)'s recognition that prejudgment rulings are "subject to revision at any time before the entry of judgment" suggests that prejudgment rulings, prior to the entry of judgment, do not carry the same presumption of correctness and value as final judgments.

Additionally, the Supreme Court reasoned that the *Bancorp* standard for vacatur would discourage "rolling the dice" and would encourage district-level settlement, where the judicial economies achieved by settlement are greatest. *Bancorp, 513 U.S. at 27-28*. Here, the Court must determine whether application of the *Bancorp* standard for vacatur [*10] would encourage settlement prior to the Court's entry of *Markman* rulings, and, if so, whether encouraging settlement at that stage achieves substantial judicial economies. As recognized by the court in *Allen-Bradley*, "just as the availability of post-judgment vacatur by an appellate court may encourage some litigants to 'roll the dice' rather than settle, so too may the availability of post-Markman hearing vacatur encourage the gambler within some litigants." *Allen-Bradley, 199 F.R.D. at 318*. The application of the *Bancorp* standard to prejudgment motions to vacate would encourage settlement prior to the Court's entry of *Markman* rulings. Further, the Court recognizes that substantial judicial economies would be achieved if parties were encouraged to settle prior to the Court's entry of *Markman* rulings. Therefore, the Court finds that the application of the *Bancorp* standard for vacatur would promote judicial economy by encouraging settlement prior to the Court's entry of *Markman* rulings.

Finally, the Supreme Court found that applying the *Bancorp* standard was not inequitable because "the losing party has voluntarily forfeited his legal [*11] remedy by the ordinary processes of appeal or certiorari." *Bancorp, 513 U.S. at 25*. Similarly, [HN8]where, as here, the parties settle the case without conditioning that settlement on the vacatur of a prior ruling in the case, it is not inequitable to refuse to vacate the rulings, even though the parties did not have the opportunity to test those rulings on appeal. The parties voluntarily forfeit their right to the ordinary processes of appeal when they agree to settle the case; and, if settlement would no longer be advantageous absent vacatur, the parties can condition their settlement agreement upon vacatur.

Much of the reasoning underlying *Bancorp* applies with equal force to the vacatur of prejudgment rulings by a district court: vacatur is an extraordinary remedy in this context, the *Bancorp* standard would encourage settlement and achieve judicial economies, and the application of the *Bancorp* standard would not be inequitable. Although prejudgment rulings, prior to the entry of judgment, may not carry the same presumption of correctness and value as final judgments, the Court nonetheless finds that the analysis of whether to vacate prejudgment rulings, [*12] prior to the entry of judgment, should be guided by the standards enunciated in *Bancorp*.

### III. Application of *Bancorp* to the Parties' Joint Motion to Vacate

Guided by the standards enunciated in *Bancorp*, the Court will grant the parties' Joint Motion to Vacate only upon a finding of "exceptional circumstances." In their Joint Motion, the parties argue that, in light of the Federal Circuit's policy against interlocutory appeals of *Markman* rulings and the possible collateral estoppel effect of *Markman* rulings, vacating *Markman* rulings would encourage settlement. The Court is sympathetic that, after the entry of a *Markman* ruling, a litigant who disagrees with the *Markman* ruling is discouraged from settling prior to appeal lest the *Markman* ruling be collaterally used against the litigant. However, guided by *Bancorp*, the Court concludes that this argument fails to constitute "exceptional circumstances" warranting vacatur. [3] *Bancorp, 513 U.S. at 29* [HN9]("Exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur--which neither diminishes the voluntariness of the abandonment of [*13] review nor alters any of the policy considerations we have discussed."). Rather than encouraging settlement and conserving judicial resources, routine vacatur of *Markman* rulings would encourage litigants to "roll the dice" and postpone settlement until after the entry of a *Markman* ruling and after the expenditure of considerable judicial resources thereon. Further, the parties' interest in avoiding any future precedential effect of a *Markman* ruling does not constitute "exceptional circumstances." If the parties had not settled the case, they could have eventually appealed the *Markman* ruling to the Federal Circuit. By settling the case after the entry of the ruling, the parties chose to forego this opportunity: their "voluntary forfeiture of review constitutes a failure of equity." *Bancorp, 513 U.S. at 26*. Therefore, the parties' desire to avoid the possible precedential effect of the ruling does not constitute "exceptional circumstances." See *Aqua-Marine, 247 F.3d at 1221* (finding no exceptional circumstances despite recognizing one party's "concern that the district court's judgment of invalidity could be asserted as a defense by another [*14] alleged infringer in a future infringement suit"); *Nilssen, 2002*

Page 5

2004 U.S. Dist. LEXIS 10494, *

U.S. Dist. LEXIS 20089, [WL] at *3 (noting that the party urging vacatur "fails to demonstrate why avoiding issue preclusion constitutes an exceptional, or even significant, circumstance"). The parties additionally argue that the Court's *Markman* ruling did not address any novel or controversial legal issues. [HN10]While the presence of novel legal issues would weigh against the granting of vacatur, the assertion that no novel legal issues were decided does not allege "exceptional circumstances." Therefore, because the parties have not demonstrated "exceptional circumstances" warranting vacatur of the Court's *Markman* ruling, the Court DENIES the parties' Joint Motion to Vacate *Markman* Order.

> 3   The Court does not address whether, if the parties' settlement agreement were conditioned upon the vacatur of earlier rulings, and if the further pendency of the case in the district court would expend a massive quantity of resources, the Court's interest in conserving its own judicial resources and the parties' interest in conserving their resources could constitute "exceptional circumstances" under *Bancorp*. In this case, the parties' settlement was conditioned on the filing of the joint motion to vacate, not on the granting of the joint motion to vacate.

[*15] **SO ORDERED.**

June 3, 2004.

BARBARA M. G. LYNN

UNITED STATES DISTRICT JUDGE

NORTHERN DISTRICT OF TEXAS