# TAB 6

LEXSEE



Positive
As of: Aug 11, 2009

**NTP, INC., Plaintiff, v. PALM, INC., Defendant.**

**Civil Action No.: 3:06-CV-836**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIR-
GINIA, RICHMOND DIVISION**

**2007 U.S. Dist. LEXIS 97141**

**March 22, 2007, Decided
March 22, 2007, Filed**

**CORE TERMS:** patent, patents-in-suit, reexamination, discovery, stricken, civil action, infringement, impertinent, immaterial, patent infringement, adverse decision, trial date, jurisdictional, appealing, inclusion, simplify, parte, venue

**COUNSEL:** [*1] For NTP, Inc., Plaintiff: Craig Thomas Merritt, LEAD ATTORNEY, Nichole Buck Vanderslice, Rowland Braxton Hill, IV, Christian & Barton LLP, Richmond, VA; Jennifer Ann Albert, LEAD ATTORNEY, Goodwin Procter LLP, Washington, DC; Maya Miriam Eckstein, LEAD ATTORNEY, Hunton & Williams LLP, Richmond, VA; Thomas Jefferson Scott, Jr., LEAD ATTORNEY, Hunton & Williams LLP, Washington, DC.

For Palm, Inc., Defendant: Michael Myles Markman, Robert Daniel Fram, Winslow Blodgett Taub, LEAD ATTORNEYS, Heller Ehrman LLP, San Francisco, CA; Robert Thomas Haslam, LEAD ATTORNEY, Heller Ehrman LLP, Menlo Park, CA; Robert William McFarland, LEAD ATTORNEY, McGuireWoods LLP, Norfolk, VA; Robert Michael Tyler, LEAD ATTORNEY, McGuireWoods LLP, Richmond, VA.

For Palm, Inc., Counter Claimant: Maya Miriam Eckstein, LEAD ATTORNEY, Hunton & Williams LLP, Richmond, VA; Thomas Jefferson Scott, Jr., LEAD ATTORNEY, Hunton & Williams LLP, Washington, DC; Craig Thomas Merritt, LEAD ATTORNEY, Nichole Buck Vanderslice, Rowland Braxton Hill, Christian & Barton LLP, Richmond, VA; Robert Michael Tyler, LEAD ATTORNEY, McGuireWoods LLP, Richmond,

VA; Robert Thomas Haslam, Heller Ehrman LLP, Menlo Park, CA; Winslow Blodgett Taub, [*2] Heller Ehrman LLP, San Francisco, CA.

**JUDGES:** James A. Spencer, CHIEF UNITED STATES DISTRICT JUDGE.

**OPINION BY:** James A. Spencer

**OPINION**

*MEMORANDUM OPINION & ORDER*

THIS MATTER comes before the Court on Defendant PALM, INC.'s Motions to Strike Paragraphs 69-71 of the Complaint, filed as Docket Entry No. 16, and to Stay, filed as Docket Entry No. 18. For the reasons set forth herein, these motions shall be GRANTED. The above-referenced paragraphs shall be STRICKEN from the Complaint, and the matter shall be STAYED until the validity of the patents-in-suit is resolved by the Patent & Trademark Office and through any consequent appeals.

**I.**

In November 2006, NTP filed this action for patent infringement against Palm with respect to seven specific patents [1] utilized by several of the latter's wireless communication products. All of the claims of the patents-in-suit identified in NTP's Complaint have been the subject of reexamination proceedings. In February 2006, the Examiners of the Patent & Trademark Office ("the PTO") issued final office actions rejecting claims of the '960 and '451 patents, having determined that NT? was

Page 1

not the first in time to invent its patent claims. The PTO also rejected a host of claims in the '592 patent, [*3] and issued an office action closing prosecution in an inter partes reexamination. Final rejections of the four remaining patents-in-suit were issued in August 2006 on the same basis as the '960 and the '451 patents' rejections. NTP has begun the process of appealing these decisions. [2] As a result of the PTO's reexamination of the patents-in-suit, all claims asserted against Palm have been rejected by the PTO as unpatentable during reexamination.

> 1   The patents-in-suit are: (1) U.S. Patent No. 5,436,960 ("the '960 patent); (2) U.S. Patent No. 5,438,611 ("the '611 patent"); (3) U.S. Patent No. 5,625,670 ("the '670 patent); (4) U.S. Patent No. 5,819,172 ("the '172 patent"); (5) U.S. Patent No. 6,067,451 ("the '451 patent"); (6) U.S. Patent No. 6,317,592 ("the '592 patent"); and (7) U.S. Patent No. 5,479,472 ("the '472 patent").
>
> 2   NTP has filed Appeals Briefs regarding the decisions on claims of the '960 and '451 patents, and has also filed Notices of Appeal in the '611, '670, '172, and '472 patents. It is not known whether NTP has initiated the process of appeal regarding the '592 patent.

## II.

The first matter to address is Palm's Motion to Strike Paragraphs 69-71 of the Complaint. In general, [*4] these paragraphs allege that the PTO has engaged in improper ex parte communications with a third party [3] regarding the reexamination of the patents-in-suit, and that the consequence of these communications has been the corruption of the reexamination process. It is therefore urged that the Court refrain from deferring to the judgment of the PTO in rejecting the patents' validity and allow Paragraphs 69-71 to remain.

> 3   The "third party" herein referenced is Research In Motion, Inc.

For two reasons, however, the Court declines to do so. The first is jurisdictional. Title 35 of the United States Code establishes venue for appeals from an adverse decision from an examination proceeding to either the Court of Appeals for the Federal Circuit or to the United States District Court for the District of Columbia. 35 U.S.C. §§ 141,145,306. There is no indication that Congress intended these jurisdictional restraints to be limited exclusively to direct challenges of the decisions rendered in examination proceedings. Because there is no reason to suppose that this Court may do indirectly what it is without jurisdiction to do directly, we may presume collateral challenges to patent proceedings to [*5] be as equally prohibited when raised in an improper

venue. And that is the circumstance presently before the Court. NTP is attempting to use a patent infringement action against a private corporation to impugn the validity of the patent reexamination process. Paragraphs 69-71 have been stated for that purpose. Were the Court to tolerate these allegations, it would be necessary to disregard Congress's exclusive grant of jurisdiction. That invitation is declined.

The second reason that these allegations must be stricken is a consequence of their slight relevance. Paragraphs 69-71 relate solely to allegations of impropriety between the PTO and a third party, neither of which are present in this action. Palm is concerned, and legitimately so, that any evidence of a third party having exercised undue influence on the PTO, or otherwise engaging in unethical conduct with respect to any of its Examiners, would serve only to confuse the issues in the conscience of the jury and tempt the possibility that the third-party's conduct would be unfairly attributed to Palm. Any probative value that evidence supporting the disputed allegations may have would be substantially outweighed by its prejudicial [*6] effect.

Federal Rule of Civil Procedure 12(f) provides that the Court may order stricken from a pleading any matter that is immaterial or impertinent. "An allegation is 'impertinent' or 'immaterial' when it is [not] relevant to the issues involved in the action." 2 James Wm. Moore et al., Moore's Federal Practice § 12.37 [3] (3d ed. 2006). "To prevail on this motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." Id. (citations and internal quotations omitted); Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993). Whether to grant a motion to strike is a matter that is within the exercise of this Court's sound discretion. United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979). Upon due consideration, it is the judgment of the Court that the circumstances alleged in Paragraphs 69-71 are immaterial and impertinent, that their inclusion is likely to induce unfair prejudice against the Defendant, and that those paragraphs must therefore be stricken from the Complaint.

## III.

Palm has also moved to stay these proceedings pending the outcome of the PTO's reexamination [*7] of the patents-in-suit. There can be no question regarding the Court's natural authority to order certain matters stayed in its discretion, Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936), or that this power may be exercised to stay a matter touching upon a patent's validity while the PTO engages in a reexamination of the underlying claim, Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983). The Court's

discretion to grant a stay is not without limit, though, and its analysis should be guided with reference to a number of considerations, including: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *E.g.*, *Tap Pharmaceutical Prods., Inc. v. Atrix Labs., Inc.*, 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004).

This civil action was instituted in November 2006; that December, this Motion was submitted by the Defendant; at the end of January, the Court heard oral argument. Since then, the parties have exchanged a limited amount of discovery, and there are several motions [*8] pending that address certain disputes that have arisen in the course of that process. [4] Discovery is far from complete, and the Court has yet to establish firm dates for the management of this case; not even a trial date has been set. We remain in the early stages of the litigation, when the time invested and the resources spent is not so great as to compel this Court's continuing involvement.

> 4   The parties have filed cross-motions for protective orders governing discovery and the handling of confidential materials. In addition, Plaintiff NTP has moved to compel production of certain matters from Defendant Palm. The Court shall dispose of these motions in separate orders.

At the same time, there appear to be significant benefits to staying this matter until the validity of the patents-in-suit may be established. It is entirely possible that the PTO will determine that such patents were wrongly issued and that the Plaintiff is not the owner of the interests in dispute. In that event, NTP would ostensibly lack the standing necessary to bring an action for infringement, and the case would be dismissed. The chance that this might occur is more than passing. As mentioned previously, NTP has [*9] appealed, or is in the process of appealing, adverse decisions from the PTO regarding the validity of each of its claims to the patents-in-suit. It would be a painful tragedy--for everyone involved--if this litigation were allowed to move forward during the PTO's reexamination, only to be rendered meaningless by that agency's final action. *Cf. Chevron v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984).

But that is not the only way in which a stay would simplify these issues. There is also the possibility that the PTO will reverse its course and find that the Plaintiff is

the rightful owner of the patents-in-suit. Once the case returns from the holding pattern to which it will be sent, the parties and the Court will have the PTO's expert opinion regarding the scope and validity of the patent claims, *e.g.*, *Am. Online, Inc. v. AT&T*, 243 F.3d 812, 816 (4th Cir. 2001), and both will be in a better position to assess the issues raised in this civil action.

We come finally to the matter of prejudice. The Plaintiff contends that it stands to suffer serious and irreparable harm should the Court choose to stay these proceedings; not only will NTP suffer clouds over its patents, it will lose [*10] the opportunity to enjoin their further infringement. [5] The Court is sympathetic to the Plaintiff's position, but is also mindful of the fair possibility that the PTO will determine the Plaintiff's claims to be unenforceable. It cannot be understated: because NTP's claims are wholly predicated on patents whose validity is currently under examination, the invalidation of those patents will render this civil action moot. There is simply no reason to justify the maintenance and expense of this action during the pendency of an examination whose resolution could summarily resolve these matters.

> 5   Of course, once it is established that the Plaintiff's claims to the patents-in-dispute are valid and enforceable, NTP could renew its request for injunctive relief. In addition, monetary damages would presumably be available for any infringement that occurred prior to the time of the granting of an injunction, if at all. *Cf. eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006).

It therefore appears that a stay is necessary to avoid further and improvident expenditure of time and resources.

## IV.

Upon due consideration, and for the foregoing reasons, the Defendant's Motions to Strike and to Stay [*11] are GRANTED. Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

/s/ James A. Spencer

CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this 22nd day of March 2007