Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VERIZON SERVICES CORP.,

VERIZON COMMUNICATIONS, INC.,

MCI COMMUNICATIONS CORP.,

and

VERIZON BUSINESS GLOBAL LLC,

      Plaintiffs,

v.

                                                            Civil Action No. 2:08cv20

COX FIBERNET VIRGINIA, INC.,

COX VIRGINIA TELCOM, INC.,

COX COMMUNICATIONS
HAMPTON ROADS, LLC,

COXCOM, INC.,

and

COX COMMUNICATIONS, INC.,

      Defendants.

FILED

2-21-08

FEB 2 1 2008

CLERK, U.S. DISTRICT COURT
NORFOLK. VA

## ORDER

Pending before the court is a motion by the plaintiffs, Verizon Services Corp., Verizon Communications, Inc., MCI Communications Corp., and Verizon Business Global LLC, to reassign the instant case to Senior Judge Claude Hilton of the Alexandria Division of the United States District Court for the Eastern District of Virginia. After examination of the briefs and

record, this court determines that oral argument is unnecessary because the facts and legal

arguments are adequately presented, and the decisional process would not be significantly aided

by oral argument.  The court, for the reasons stated fully herein, **GRANTS** the plaintiffs' motion

and **REASSIGNS** and **TRANSFERS** the case to Senior Judge Hilton in the Alexandria Division

of this court.

I.  Factual and Procedural Background

This case involves the alleged infringement of eight patents that deal with the provision

of voice-over internet protocol (VoIP) service.  Judge Hilton presided over a case involving the

same plaintiffs and four of the same patents in February and March of 2007.  See Verizon Svcs.

Corp. v. Vonage Holdings Corp., Docket No. 1:06cv682 (hereinafter "the Vonage litigation").

As a part of that litigation, Judge Hilton and Magistrate Judge Barry Poretz conducted pretrial

hearings.  Central to Judge Hilton's understanding of the patents at issue in the Vonage litigation

was his Markman ruling, by which the court construed the patents-in-suit as a matter of law.  See

Markman v. Westview Instruments, Inc., 517 U.S. 370, 384 (1996) (holding that patents consist

of "claims" whose construction is a "question of law, to be determined by the court").

After a nine-day trial, the jury determined that the plaintiffs' patents were valid and that

Vonage had infringed on three of the patents, including two of the patents at issue in the instant

case.  On appeal, the Federal Circuit affirmed the jury's findings of validity and infringement

with respect to two of the patents also at issue in this case, affirmed Judge Hilton's ruling

enjoining Vonage from further infringement, and reversed and remanded for further proceedings

on the third patent.  See Verizon Svcs. Corp. v. Vonage Holdings Corp., 503 F.3d 1295, 1298

(Fed. Cir. 2007).  Recently, the parties in the Vonage litigation reached a settlement ending that

case. Judge Hilton approved the settlement agreement and retains jurisdiction to enforce its terms. The instant case was filed[1] by the plaintiffs on January 11, 2008 and involves allegations of infringement on eight of the plaintiffs' patents. Four of the allegedly infringed patents are the same patents that were addressed by Judge Hilton in the Vonage litigation. On January 17, 2008, the plaintiffs filed the instant motion to reassign the case. The defendants filed a brief in opposition to reassignment on January 30, 2008, and the plaintiffs filed a reply brief on February 7, 2008.

## II. Standard of Review

Title 28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this section is "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)). As the Supreme Court has explained, section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh, Inc., 487 U.S. 22, 29 (1988) (citing Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)); see also Cognitronics Imaging Sys., Inc. v. Recognition Research, Inc., 83 F. Supp. 2d 689, 696 (E.D. Va. 2000) (recognizing discretion placed in district court to transfer for more convenient forum). The burden is on the movant to

---

[1]Although the plaintiffs initially filed the complaint in the Alexandria Division of this court, by virtue of the case assignment protocol in this District, the case was subsequently assigned to the Norfolk Division.

show that a transfer under 28 U.S.C. § 1404(a) is warranted.[2]  See Cognitronics, 83 F. Supp. 2d at 696.

III. Discussion

The court finds compelling the fact that Judge Hilton presided over a lengthy lawsuit concerning four of the eight patents at issue in this case.  The Vonage litigation involved numerous pre-trial issues, including the Markman rulings, which required Judge Hilton to devote countless hours to the interpretation and construction of the patents at issue, and necessitated that he reach a thorough understanding of them.  This court finds instructive a similar holding in which Senior Judge Robert G. Doumar ordered that a case be transferred from the Norfolk Division to the docket of Chief Judge James Spencer.  See NTP, Inc. v. Palm, Inc., Docket No. 2:06cv627 (E.D. Va. Dec. 18, 2006) (unpublished).  Like the instant case, NTP involved allegations that the defendant had infringed certain patents – patents which had formed the basis for an infringement suit brought by the same plaintiff and tried by Chief Judge Spencer.  Judge Doumar determined that Chief Judge Spencer had "unquestionable familiarity with NTP's patent rights and [a] consequent comparative advantage in determining the question of whether Palm's products infringe with those rights."  Id. at 2.

In similar fashion, this court finds that Judge Hilton's familiarity with four of the eight patent-in-suit, as well as the insight gained by Magistrate Judge Poretz and then-Magistrate Judge (now-District Judge) Liam O'Grady, demonstrate that the Alexandria Division of the Eastern District has a comparative advantage over the Norfolk Division in determining the question of

_____

[2]The plaintiffs also invoke the inherent authority of the court in support of such a transfer. The court notes, however, that the same analysis would apply.

4

whether the defendants have infringed upon the plaintiffs' patent rights. The court notes that the plaintiffs maintain a significant presence in and around the Alexandria Division, and that the defendants also have a presence in the Northern Virginia area. Although the defendants argue that the VoIP system that is the basis for the instant litigation was first unveiled in the Norfolk, Virginia area, they also admit that it has been implemented in and around the Alexandria area.

The defendants contend that reassignment will not improve judicial economy because the VoIP system at issue in the Vonage litigation is different from that used by Cox and challenged in the instant case. However, the court notes that Judge Hilton's comparative advantage stems not from the fact that the same system is at issue in both cases, but rather that he necessarily acquired a detailed grasp of the technology underlying VoIP systems, a knowledge base that will be critical in expediting the proceedings in the instant litigation and promoting judicial economy. Accordingly, the court concludes that reassignment of the case to Judge Hilton in the Alexandria Division of this court is warranted in the interest of justice, for the convenience of the parties and witnesses, and to support principles of judicial economy.

IV. Conclusion

In light of the foregoing, the court **GRANTS** the plaintiffs' motion and **ORDERS** that this case be reassigned and transferred to Senior District Judge Claude Hilton in the Alexandria Division of the United States District Court for the Eastern District of Virginia. The Clerk is **DIRECTED** to reassign this case, Civil Action No. 2:08cv80, in its entirety, including all files, filings, and records associated therewith, to the Alexandria Division.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

/s/

Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

February 21, 2008
Norfolk, Virginia

6