# Exhibit 2

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
DEC 1 8 2006
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

NTP, INC.,

    Plaintiff,

v.                                 Civil Action No. 2:06cv627

PALM, INC.,

    Defendant.

## ORDER

Presently before the Court is a motion by the Plaintiff, NTP, Inc., ("Plaintiff" or "NTP") to reassign the instant case to Chief Judge James Spencer in the Richmond Division of the United States District Court for the Eastern District of Virginia.[1] The Defendant, Palm, Inc., ("Defendant" or "Palm") opposes. For the reasons that follow, the Court **GRANTS** Plaintiff's motion and hereby **REASSIGNS** this case to Chief Judge Spencer in the Richmond Division of the Eastern District of Virginia.

Plaintiff justifies reassignment on the basis of Chief Judge Spencer's prior affiliation with several claims it has previously filed in the Richmond Division involving the same patents-in-

---

[1] Plaintiff might have pursued the same end by filing a motion to transfer pursuant to 28 U.S.C. § 1404, which provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought." 28 U.S.C. § 1404(a) (2006) (emphasis added). Plaintiff initially filed the Complaint in the Richmond Division of the Eastern District of Virginia on November 6, 2006. But by virtue of the case assignment protocol in this District, the instant case landed in Norfolk, Virginia. The Court will not construe the instant motion as a § 1404 motion to transfer, although the same legal analysis will largely apply.

1

suit contemplated by the instant lawsuit. In light of Chief Judge Spencer's familiarity and experience with the technology at issue, NTP alleges that reassignment serves the interest of judicial economy. The Court agrees.

It is compelling that Chief Judge Spencer presided over two independent lawsuits concerning the patents at issue. Most important of these is a prior patent infringement claim filed by NTP against the maker of the popular "Blackberry" wireless communications device, Research in Motion ("RIM"). See NTP, Inc. v. Research In Motion, LTD, 397 F. Supp. 2d 785 (E.D. Va. 2005) (the "RIM Litigation"). As Chief Judge Spencer noted in his decision, NTP and RIM "participated in a lengthy, complex, fair, and fully exhaustive trial process," id. at 788, which included "[d]rawn out discovery disputes, claim construction issues, multiple motions for summary judgment, countless pre-trial motions, and many evidentiary objections." Id. at 786. Chief Judge Spencer, as presiding judge, devoted countless hours to interpreting and construing the patents alleged to be infringed in that prior litigation and this instant litigation, and by necessity arrived at a sound understanding of them. Central to his understanding was the issuance of a Markman ruling, by which the court construed the patents-in-suit as a matter of law. Markman v. Westview Instruments, Inc., 517 U.S. 370, 384, 116 S. Ct. 1384, 1393 (1996) (holding that patents consist of "claims" and that claim construction is a "question of law, to be determined by the court"). The Defendant's argument in opposition that its products now challenged by NTP are substantially different from those at issue in the RIM Litigation fails to give due weight to Chief Judge Spencer's unquestionable familiarity with NTP's patent rights and consequent comparative advantage in determining the question of whether Palm's products infringe with those rights. The Court agrees with the Plaintiff's assertion that Chief Judge

Spencer's familiarity with NTP's claims and technology will yield a more efficient and effective consideration of Palm's arguments of non-infringement.

Of lesser importance, but still significant, is Chief Judge Spencer's presiding over a claim by an individual alleging to be among the inventors of the technology in NTP's patents-in-suit. See Tavory v. NTP, Inc., No. 3:06cv628 (E.D. Va. filed Sept. 20, 2006) (the "Tavory Litigation"). Although NTP opines that Palm can be expected to raise the issue of inventorship as a defense to NTP's instant infringement claim, the Court finds the Tavory Litigation more compelling for the mere fact that it further magnifies Chief Judge Spencer's understanding of the patents-in-suit. The question of inventorship implicates a number of questions, the resolution of which necessarily contribute to Chief Judge Spencer's familiarity with the disputed technology.

In light of the foregoing, the Court **GRANTS** the Plaintiff's motion, and **ORDERS** that the instant case be reassigned to Chief Judge Spencer in the Richmond Division of the Eastern District of Virginia. The Clerk of the Court is **DIRECTED** to reassign this case, Civil Action No. 2:06cv627, in its entirety, including all files, filings, and records associated therewith, to the Richmond Division.

The Clerk of the Court is also **DIRECTED** to forward copies of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE

December 18, 2006
Norfolk, Virginia

3

12/18/06 copies mailed vac