Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

*e*PLUS, INC.,                          )
                                        )
                                        )    CIVIL ACTION NO. 3:05cv281
        Plaintiff,                      )
                                        )
    v.                                  )
                                        )
SAP AMERICA, INC.,                      )
and SAP AG,                             )
                                        )
        Defendants.                     )

## *e*PLUS, INC.'S STATEMENT REGARDING EXTRINSIC EVIDENCE

Pursuant to the Pretrial Order, *e*Plus, Inc. ("*e*Plus") submits this statement regarding the use of extrinsic evidence for purposes of claim construction.

1.      It is *e*Plus's position that the Court need not and should not consider extrinsic evidence in order to interpret the meaning of the claim terms in dispute in this case. The claim terms at issue here are not complicated, and should be readily apprehended by any lay juror. For example, the jurors should be familiar with terms such as "product catalogs," "requisitions," and "purchase orders." Further, most jurors will readily understand the meaning of "generally equivalent." The Court need not engage in an exercise of merely substituting definitions for words that are otherwise readily understandable. Moreover, the Federal Circuit's recent pronouncement on claim construction in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) counsels against the use of extrinsic evidence. As that decision emphasized, "the words of a claim 'are generally given their ordinary and customary meaning.'" *Id.* at 1312.

2.      The exception to this general rule is that the "means-plus-function" limitations, pursuant to 35 U.S.C. §112, ¶6, contained in the three patents in suit must be viewed from the

perspective of a person of ordinary skill in the art in the relevant time period. "In construing means-plus-function claim limitations, a court must first define the particular function claimed. Thereafter, the court must identify 'the corresponding structure, material, or acts described in the specification.' It is not until the structure corresponding to the claim function in a means-plus-function limitation is identified and considered that the scope of coverage of the limitation can be measured." *Budde v. Harley-Davidson, Inc.*, 250 F.3d 1369, 1376 (Fed. Cir. 2001). The structure corresponding to the claimed function "necessitates consideration of that disclosure from the viewpoint of one skilled in the art." *Id.* Accordingly, to assist the Court in understanding how one of ordinary skill in the art would understand the disclosed supporting structures, Plaintiff has submitted herewith the Declaration of Alfred C. Weaver, Ph.D., a computer scientist from the University of Virginia who has conducted that analysis.

3.      As discussed in *e*Plus's Claim Construction Memorandum, the claim terms should be given their plain, ordinary and accustomed meaning to one of ordinary skill in the art in the context of the patents. The Court may wish to consider extrinsic evidence to enhance its understanding of the technology at issue. *See Gart v. Logitech, Inc.*, 254 F.3d 1334, 1340 (Fed. Cir. 2001). For this purpose, *e*Plus is prepared to offer testimony — by way of declaration — from Dr. Weaver to confirm the plain and ordinary meaning of the disputed claim terms at issue. *e*Plus believes, however, that based on the intrinsic evidence, *i.e.*, the claims and supporting specification, the Court, as well as the jurors, can readily apprehend the meaning of these simple claim terms.

4.      Based on a review of Defendants' preliminary claim construction, *e*Plus anticipates that Defendants will seek to read into the claims several limitations from the patent specification and/or prosecution history. *e*Plus believes under the *Phillips* decision, this will be

improper. *Phillips, supra* at 1323-24. For example, Defendants attempt to rely on testimony from the three living inventors in depositions taken more than eleven years after the inventors first applied for a patent that led to the patents in suit. This is improper. The inventors cannot —to the benefit or detriment of either party— change or alter the public record as set forth in the specification, upon which the public may and should rely. It is that public record that controls the inquiry here, and any testimony more than eleven years after the inventors applied for their patent is not, and should not, be controlling.

5.      In addition, *e*Plus will provide to the Court dictionary definitions for several of the disputed terms. These dictionaries constitute extrinsic evidence, and therefore will be used only to show that the words in question have been used in the patents-in-suit with their ordinary and customary meaning.

6.      Finally, to the extent Defendants are permitted to introduce extrinsic evidence regarding the interpretation of specific claim terms, *e*Plus would intend to offer rebuttal evidence or documents, refuting the extrinsic evidence. Defendants, however, have not identified extrinsic evidence, other than the inventor testimony, upon which they will rely.

7.      A Declaration of Dr. Alfred C. Weaver, Ph.D., regarding his proposed testimony, has been submitted herewith.

Respectfully submitted,

Dated:  November 7, 2005

_____

Maya M. Eckstein (VSB # 41413)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074

Scott L. Robertson
Jennifer A. Albert
Yisun Song (VSB #45881)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, DC  20006-1109
Telephone:  (202) 955-1500
Facsimile:   (202) 778-2201

Thomas J. Cawley (VSB # 04612)
David M. Young (VSB #35997)
**HUNTON & WILLIAMS LLP**
1751 Pinnacle Drive, Suite 1700
McLean, VA  22102
Telephone:  (703) 714-7400
Facsimile:   (703) 714-7410

Attorneys for Plaintiff
*e*Plus, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 7th day of November, 2005, a copy of the foregoing *ePLUS, INC.'S* **STATEMENT REGARDING EXTRINSIC EVIDENCE** was delivered:

Via hand delivery and via email transmission to:

Dabney J. Carr, IV, Esq.
Robert A. Angle, Esq.
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219

Via overnight courier and via email transmission to:

Lloyd R. Day, Jr., Esq.
Robert M. Galvin, Esq.
Christopher E. Stretch, Esq.
Julie S. Turner, Esq.
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014

Counsel for Defendants SAP America, Inc.
and SAP AG