IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED

AUG 14

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ePLUS, INC.,

PLAINTIFF,

v.   CIVIL CASE NO.: 2:09CV232

PERFECT COMMERCE, INC.,
SCIQUEST, INC.,
LAWSON SOFTWARE, INC., and
VERIAN TECHNOLOGIES, INC.,

DEFENDANTS.

## ORDER

In this case, Plaintiff ePlus, Inc. has brought a patent infringement suit against Defendants Perfect Commerce, Inc., SciQuest, Inc., Lawson Software, Inc., and Verian Technologies, Inc. No Markman hearing is currently scheduled. The purpose of a Markman hearing is to assist the Court in construing the meaning of the patent at issue. Markman v. Westview Instruments, Inc., 517 U.S. 370, 371 (1996); Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996). Patents consist of "claims," and claim construction "is a question of law, to be determined by the court." Markman, 517 U.S. at 371; Markman, 52 F.3d at 970-71. A court need only construe claims "that are in controversy, and only to the extent necessary to resolve the controversy." Vivid Techs., Inc. v. Am. Science & Eng'g, Inc., 200 F.3d 795, 803 (Fed. Cir. 1999) (citation omitted).

The Court seeks to determine whether a Markman hearing is necessary, and, if so, what claims should be addressed at the hearing and when it should be scheduled.

Accordingly, the Court **ORDERS** the parties to confer and submit a joint statement by **Monday, November 23, 2009** to apprise the Court of the portions of the patents, if any, that are actually in dispute.

The joint statement must identify the following:

1. The construction of the claims and terms to which the parties agree;

2. Each side's construction of disputed claims and terms, if any;

3. Each side's rebuttal to the proposed construction submitted by the opposing party, if any;

4. If disputed claims and terms exist, each proposed witness at the claim-construction hearing together with a brief description of the witness's testimony; and

5. Each side's statement of whether a Markman hearing is necessary.

See Precision Shooting Equip., Inc. v. High Country Archery, 1 F.Supp.2d 1041, 1043 (D.Ariz. 1998).

If the Court determines that a Markman hearing is desirable, it shall be tentatively scheduled on **Monday, December 21, 2009.**

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

_____
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

Date: Aug 10, 2009