IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| ePLUS, INC., ) | |
| ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:09cv232-HCM-TEM |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| Defendant. ) | |

**[PROPOSED] ORDER**

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37, Plaintiff *e*Plus, Inc. ("*e*Plus") has moved for an Order of the Court compelling Defendant Lawson Software, Inc. ("Lawson") to provide discovery in this patent infringement action. Upon consideration of the arguments of the parties, *e*Plus's motion is hereby GRANTED. Within five calendar days of the date of this Order, Lawson shall supplement its answers to interrogatories and document production as follows:

(1)  Lawson shall supplement its answer to Interrogatory No. 14 to fully answer the interrogatory.

(2)  Lawson shall supplement its answer to Interrogatory No. 4 to fully answer the interrogatory and to state in detail its bases for alleging invalidity for ***all*** of the prior art references upon which it relies, on a claim-by-claim, element-by-element basis, and indicating

whether its allegations are based upon Section 102 or Section 103 of the patent statute. Lawson shall produce all of the prior art references upon which it relies to the extent it has not already done so.

   (3) Lawson shall supplement its answer to Interrogatory No. 8 to fully answer the interrogatory.

   (4) Lawson shall supplement its answer to Interrogatory No. 5 to fully answer the interrogatory.

   (5) Lawson shall supplement its answer to Interrogatory No. 6 to fully answer the interrogatory.

   (6) Lawson shall supplement its answer to Interrogatory No. 3 to identify any analyses of the patents-in-suit of which it is aware undertaken by entities other than Lawson that predate the filing of suit in this case.

   (7) Lawson shall supplement its answer to Interrogatory No. 10 to fully answer the interrogatory. To the extent Lawson relies on Rule 33(d) for its answer, Lawson must produce all responsive documents and identify the documents it relies upon with specificity.

   (8) Lawson shall supplement its answer to Interrogatory No. 11 to fully answer the interrogatory. To the extent Lawson relies on Rule 33(d) for its answer, Lawson must produce all responsive documents and identify the documents it relies upon with specificity.

   (9) Lawson shall supplement its answer to Interrogatory No. 12, to describe in detail any occasions upon which it (or any of its employees, officer, agents, or representatives) was made aware (in any manner) of one or more of the patents-in-suit, prior to May 2009.

   (10) Lawson's objections to producing patent application and/or prosecution documents is OVERRULED. To the extent such documents are responsive to *e*Plus's Document

Request Nos. 11 and 31, or any other document requests, Lawson shall produce its patent application and prosecution documents.

(11)     Lawson shall produce all non-privileged e-mail correspondence that is responsive to *e*Plus's document requests.

(12)     Lawson shall produce all documents relating to its competition with *e*Plus, relating without limitation to the following customers and potential customers:  Gannett, Novant, Indalex, Hanesbrands, Wolters Kluwer, and XM Radio.  Such documents shall include, without limitation, Lawson's communications with these entities, Requests for Proposals (RFPs) and Requests for Quotes (RFQs), Statements of Work (SOWs), contracts, and license agreements.

It is so ORDERED.

Respectfully submitted,

October __, 2009

_____
UNITED STATES MAGISTRATE JUDGE