# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

|  |  |
|---|---|
| EPLUS, INC., | Civil Action No. 2:09-CV-232-HCM-TEM |
| Plaintiff, | |
| v. | |
| PERFECT COMMERCE, INC., SCIQUEST, INC., LAWSON SOFTWARE, INC., and VERIAN TECHNOLOGIES, INC., | |
| Defendants. | |

## DEFENDANT LAWSON SOFTWARE, INC.'S RESPONSES TO EPLUS, INC'S FIRST SET OF INTERROGATORIES (NOS. 1-14)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Lawson Software, Inc., ("Lawson") hereby responds to Plaintiff ePlus, Inc.'s ("ePlus") First Set of Interrogatories (Nos. 1-14) as set forth below.

## GENERAL OBJECTIONS

1.    Lawson generally objects to ePlus's interrogatories to the extent they seek to impose upon Lawson any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure or the Civil Local Rules.  Lawson's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence or the applicable Local Rules.

2.     Lawson objects to ePlus's interrogatories to the extent that they are overly broad, vague, ambiguous and unduly burdensome in that they do not clearly define what information is requested or because they are not reasonably limited in scope and time.

3.     Lawson objects to ePlus's interrogatories to the extent that they are overly broad and unduly burdensome in that they require Lawson to answer them on a claim-by-claim basis for every claim of each of the patents-in-suit before ePlus has identified the asserted claims.

4.     Lawson objects to ePlus's interrogatories as overly broad and unduly burdensome to the extent they seek proprietary and/or confidential marketing and business information that neither concern nor relate to products alleged by ePlus to infringe U.S. Patent Nos. 6,023,683 ("the '683 patent"), 6,055,516 ("the '516 patent"), and 6,505,172 ("the '172 patent") or technology pertaining thereto, and is not otherwise relevant to any claim or defense of any party in this litigation nor likely to lead to the discovery of admissible evidence.

5.     Lawson objects to ePlus's interrogatories as overly broad and unduly burdensome to the extent they seek the production of documents relating to any products currently being designed, under development or yet to be commercialized by Lawson, as such documents contain highly proprietary, sensitive and confidential business information and are neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.

6.     Lawson objects to ePlus's interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the '683, '516, and '172 patents, on the grounds that each such interrogatory is overly broad, unduly burdensome, and seeks the discovery of information that are neither relevant to a claim or defense of any

party, or to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

7. Lawson objects to ePlus's interrogatories to the extent that they seek information not relevant to the subject matter involved in the pending action, or information not reasonably calculated to lead to the discovery of admissible evidence.

8. Lawson objects to ePlus's interrogatories to the extent that they seek information not available to Lawson at this time. The responses are based on information currently available to Lawson, subject to any applicable objection. The responses are to the best of Lawson's present ability and information. Lawson reserves the right to supplement any response at a later date, even after completion of discovery, as well as the right to introduce evidence at the time of trial based upon information and/or documents subsequently located, developed, or discovered which evidence may supplement, amplify, modify, or conflict with these responses.

9. Lawson generally objects to these interrogatories as seeking discovery of information that is available through other means that are less burdensome or more appropriate than through this First Set of Interrogatories.

10. Lawson generally objects to these interrogatories as premature to the extent they seek information that is more properly provided through expert reports or expert depositions. Lawson further objects that such requests are premature in view of the schedule set forth by the Court, the Federal Rules of Civil Procedure, and the Civil Local Rules. Lawson will provide its expert disclosures in accordance with the disclosure requirements of the applicable rules and court orders.

11.    Lawson generally objects to these interrogatories as improper to the extent they call for a construction of the claims of the patents-in-suit as such requests are overbroad and premature.

12.    Lawson generally objects to these interrogatories as improper to the extent they require or seek a legal conclusion.

13.    Lawson generally objects to these interrogatories to the extent that they seek proprietary and/or business, technical and commercial information until such time as a protective order agreed to by the parties is entered by the court.

14.    Lawson generally objects to these interrogatories to the extent that they seek information that Lawson is not permitted to disclose pursuant to confidentiality obligations to third parties.

15.    Lawson generally objects to these interrogatories as overly broad and unduly burdensome to the extent they request information that is publicly available, not uniquely within the control of Lawson, or is equally available to ePlus.

16.    Lawson generally objects to these interrogatories as overly broad and unduly burdensome to the extent they seek production of documents that are solely within the possession, custody, or control of persons or entities who are independent of Lawson.

The above-stated objections shall be deemed continuous throughout the responses to the specific interrogatories that follow, even though not specifically referred to therein.  Lawson reserves the right to refrain from providing information in accordance with its General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Lawson objects to the definitions and instructions as seeking to impose upon Lawson any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure or the Civil Local Rules.  Lawson's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence or the applicable Local Rules.

2.      Lawson objects to ePlus's definition of "Lawson" as vague, ambiguous, overly broad, and unduly burdensome to the extent that it covers subsidiaries or other related companies whose information and documents are neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and to the extent it covers persons or entities other than Lawson.

3.      Lawson objects to ePlus's definition of "Electronic Sourcing and Procurement System(s) and/or Services" as vague, ambiguous and overly broad in its use of the terms "data regarding an item or items", "sources", "product catalogs", "requisition", "purchase order", "Lawson Procurement", "Lawson Requisitions", "Lawson Inventory Control", "Lawson Purchase Order", and "Lawson Procurement Punchout", and in its use of the phrase "any related applications, systems, methods and services, and any iterations, versions, releases, updates, or components thereof, and any other products and services that incorporate or relate to such products and services".

4.      Lawson generally objects to ePlus's definitions as overly broad to the extent they apply a meaning other than the ordinary meaning of the word.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person, including, without limitation, all employees, representatives, officers or agents of Lawson or any third parties, whom Lawson knows or has reason to believe has knowledge or information concerning any factual information relevant to the validity or

invalidity, enforceability or unenforceability, or infringement or noninfringement of any of the claims of the patents in suit, or of damages issues in this lawsuit, or of factual information relevant to any allegation of the Complaint or Lawson's answers to any interrogatories served upon it in this case, and state the nature and substance of each such person's knowledge or information, including whether such person furnished information or was consulted regarding Lawson's answers to interrogatories.

## OBJECTION TO INTERROGATORY NO. 1:

Lawson objects to Interrogatory No. 1 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects that this interrogatory seeks a legal conclusion. Lawson further objects that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound.

## RESPONSE TO INTERROGATORY NO. 1:

Subject to and without waiving its objections, Lawson responds that it has reason to believe that the following individuals have knowledge or information relevant to the issues of this case:

| WITNESS | ADDRESS (IF KNOWN) | SUBJECT MATTER |
|---|---|---|
| James M. Johnson | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Robert P. Kinross | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Douglas A. Momyer | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |

| WITNESS | ADDRESS (IF KNOWN) | SUBJECT MATTER |
|---|---|---|
| Gene A. Tabachnick | Reed Smith LLP<br>435 Sixth Avenue<br>Pittsburgh, PA 15219 | The subject matter claimed in U.S. Patent No. 6,023,683 |
| Michael B. Stewart | Rader, Fishman & Grauer PLLC<br>39533 Woodward Ave<br>Bloomfield Hills, MI 48304 | The subject matter claimed in U.S. Patent Nos. 6,055,516 and 6,505,172 |
| Thomas P. Pavelko | Novak Druce & Quigg LLP<br>1300 Eye Street, NW<br>1000 West Tower<br>Washington, D.C. 20005 | The subject matter claimed in U.S. Patent No. 6,505,172 |
| Bruce McPheeters, Esq. | c/o Morgan Lewis | Organization and operation of Lawson; Licensing of Lawson technology |
| Jeff Frank | c/o Morgan Lewis | Marketing and sales of the Accused Lawson Products |
| Todd Dooner | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Lori Holman | c/o Morgan Lewis | Documentation related to the Accused Lawson Products |
| Leon Johnson | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Richard Patton | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Dale Christopherson | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Peter Cornelius | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Ole Rasmussen | c/o Morgan Lewis | Technology and development of the Accused Lawson Products; Sales of the Accused Lawson Products |
| Jill Richardson | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Henrik Billgren | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |

| WITNESS | ADDRESS (IF KNOWN) | SUBJECT MATTER |
|---|---|---|
| Dean Hager | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Keith Lohkamp | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Anna Kirsch | c/o Morgan Lewis | Sales of the Accused Lawson Products |
| Beth Weinberger | c/o Morgan Lewis | Marketing and sales of the Accused Lawson Products; Organization and operation of Lawson |
| MJ Martis | c/o Morgan Lewis | Marketing and sales of the Accused Lawson Products |
| Nancy Anderson | c/o Morgan Lewis | Support for the Accused Lawson Products; Organization and operation of Lawson |
| Charles Gounaris | 121 Doray Drive Pittsburgh, PA  15237 | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Pamela Eng (f/k/a Pamela Jenkins) | 7848 Pembridge Rd Manassas, VA 20112-4673 | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Allen Rolland | 16520 Nicarter Ln Gainesville, VA 20155-1945 | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Kevin French | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Jim Gomola | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Claus Mokawka | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Harry Alexander | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Bill Saville | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Steve Redmond | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |

| WITNESS | ADDRESS (IF KNOWN) | SUBJECT MATTER |
|---|---|---|
| Dave Preston | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Anthony Ormston | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Fred Fosbury | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| George Briese | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Nils Gliddy | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |

Lawson also has reason to believe that one or more employees of Fisher Scientific Company and/or ProcureNet, Inc. have knowledge of the prosecution and scope of the patents-in-suit.  Lawson also has reason to believe that one or more employees of International Business Machines Corporation, Lockheed Martin Corporation, and/or McKesson Corporation may have knowledge of prior art to the patents-in-suit.

In addition, for additional information responsive to this interrogatory, ePlus may refer to Lawson's Rule 26(a)(1) initial disclosures.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.


**INTERROGATORY NO. 2:**

With respect to any of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations, using a claim chart, state in detail Lawson's bases for any assertions of non-infringement of each of the patents in suit on a claim-by-claim, element-by-

element basis.  Your answer should include a statement of Lawson's interpretation of each claim element (including whether the element should be interpreted under section 112, paragraph 6 and, if so, identifying the structure in the specification of the patent that corresponds to the recited element), a statement whether Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations provide(s) such an element or an equivalent and, if not, an explanation how Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations operate or function differently than the claim element and a particularized statement why a component, feature or function of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations is not a substantial equivalent of the pertinent claim element.

**OBJECTION TO INTERROGATORY NO. 2:**

Lawson objects to Interrogatory No. 2 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects that this interrogatory is vague, ambiguous, unduly burdensome and compound.  Lawson further objects to this interrogatory as overly broad to the extent it seeks proprietary and confidential information about Lawson's products that are neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.  Lawson further objects to this interrogatory to the extent it seeks information related to every customer installation of Lawson software.  Lawson further objects to this interrogatory as vague and ambiguous in its use of the term "Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations."  Lawson further objects to this interrogatory as calling for a legal conclusion and premature as the Court has not yet construed the claims of the patents-in-suit and ePlus has not

yet identified the asserted claims, accused products, and its specific infringement allegations pertaining thereto.

## RESPONSE TO INTERROGATORY NO. 2:

Subject to and without waiving its objections, Lawson will supplement its response to this interrogatory and provide claim charts as necessary at the appropriate time, but not before ePlus specifically identifies the claims it asserts and the Lawson products it accuses of infringement.

## INTERROGATORY NO. 3:

Describe in detail any and all analyses, investigations, studies, reviews or considerations by Lawson, and/or any person known to Lawson, e.g., an accused infringer or prospective licensee, concerning the patentability, validity or invalidity, enforceability or unenforceability, scope, and/or infringement or noninfringement of the subject matter claimed in any of the claims of the patents in suit, including, but not limited to, any search investigation, or study for prior patents, publications, literature, systems, processes, or apparatuses pertinent to any of the claims of any of the patents in suit, providing an identification of all documents constituting, reflecting, referring or relating to, reviewed or consulted in the course of each such analysis, investigation or study, an identification of any such prior patents, publications, literature, systems, processes, or apparatuses identified in any such search, investigation, or study and an identification of all persons who in any way participated in providing information for, preparing and/or reviewing each such analysis, investigation, or study.

**OBJECTION TO INTERROGATORY NO. 3:**

Lawson objects to Interrogatory No. 3 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects that this interrogatory calls for information that is subject to the attorney-client privilege and/or the work product doctrine.  Lawson further objects that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound.  Lawson further objects to this interrogatory to the extent it seeks information created or acquired by Lawson after the filing of the Complaint.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving its objections, Lawson responds that, based on Lawson's investigation to date, it received notice of the patents-in-suit no earlier than the date that ePlus filed an action in the District of Delaware alleging patent infringement by Lawson, May 4, 2009. Lawson is currently aware that U.S. Patent No. 6,023,683 is the subject of a reexamination (Reexamination Control No. 90/008,104) based on a request for reexamination filed by SAP on September 15, 2006.  As to post-filing analyses, investigations, studies, reviews or considerations, such information is protected by attorney-client privilege and/or the work product doctrine.  Without waiving any of those protections, Lawson further responds that Lawson submitted a reexamination request for U.S. Patent No. 6,505,172 on July 10, 2009 (Reexamination Control No. 95/000,487).  Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

**INTERROGATORY NO. 4:**

State in detail all facts and contentions that support or refute Lawson's allegations, if any, that any of the patents in suit are invalid under 35 U.S.C. §§ 102 or 103, identifying all prior patents, literature, publications, systems, processes, or devices, including prior knowledge, public uses, sales and offers for sale, that Lawson contends, either alone or in combination, invalidate one or more claims of any of the patents in suit, through a claim chart that identifies each element of each claim of the patent(s) asserted to be invalid and explains where each element of the respective claim is shown in such prior patent, literature, publications, system, process, device, public use, sale, or offer for sale.

**OBJECTION TO INTERROGATORY NO. 4:**

Lawson objects to Interrogatory No. 4 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects that this interrogatory is vague, ambiguous, unduly burdensome and compound.  Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving its objections, Lawson responds that the patents-in-suit are either anticipated or rendered obvious by at least one or more of the following prior art references and systems:

> U.S. Patent No. 5,319,542
> U.S. Patent No. 5,694,551
> U.S. Patent No. 6,712,989
> U.S. Patent No. 5,361,199
> U.S. Patent No. 5,666,493
> U.S. Patent No. 4,992,940
> U.S. Patent No. 5,402,336
> TV/2 General Information Manual

The Electronic Catalog Market: Status and Directions, (c) 1994 by INPUT
Electronic Commerce: Comprehensive Market Assessment, (c) 1992 by INPUT
J-CON
SABRE
P.O. Writer
GATEWAY/2000 or GATEWAY/DOS
Lawson Software
R/2
R/3
Movex
Mapics
REALITY
RIMS
TV/2
Nova DOS
Matkon
APS DOS
Condor
CARMS
Triad (CCI)
PMX-2
FAST
Palmas Purchasing+
EZ MRP
PurchasePro
StockPro
ASAP (Baxter)
COACT+ (J&J)
SPEC 2000
IDB 2000
APOLLO

In addition, Lawson believes that relevant prior art exists at the following companies:

International Business Machines Corporation
Lockheed Martin Corporation
McKesson Corporation

In addition, for additional information responsive to this interrogatory, ePlus may refer to

documents produced by Lawson relating to Reexamination Control Nos. 90/008,104 and

95/000,487.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

**INTERROGATORY NO. 5:**

For each of the claims of the patents in suit, state whether Lawson contends, or will contend at trial, that such claim is invalid under 35 U.S.C. § 112 and provide a detailed explanation of each fact relating to any such contention and, with respect to each fact or contention, an explanation of why such fact or contention would render the patent claim invalid under Section 112.

**OBJECTION TO INTERROGATORY NO. 5:**

Lawson objects to Interrogatory No. 5 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

**RESPONSE TO INTERROGATORY NO. 5:**

Lawson reserves the right to supplement its response to this interrogatory as necessary at the appropriate time, but not before ePlus specifically identifies which claims it asserts and its contentions as to the meaning of those claims.

**INTERROGATORY NO. 6:**

For each claim of each of the patents in suit, state whether Lawson contends or will contend at trial that such claim is invalid under any statute, rule or doctrine other than 35 U.S.C. §§ 102, 103 and/or 112 and, if so, identify the statute(s), rule(s) or doctrine(s) and provide a

detailed explanation of each fact relating to such contention (specifically setting forth each

patent, printed publication, thing, device and/or other evidence so relied upon), and, with respect

to each such fact, an explanation why such fact would or would not render the patent claim

invalid.

**OBJECTION TO INTERROGATORY NO. 6:**

Lawson objects to Interrogatory No. 6 on all the grounds set forth in its General

Objections and incorporates these objections as if set forth in full herein.  Lawson further objects

to this interrogatory as a premature contention interrogatory, and an improper attempt to take

expert discovery.

**RESPONSE TO INTERROGATORY NO. 6:**

Lawson reserves the right to supplement its response to this interrogatory, where

appropriate, in accordance with its continuing investigation into these matters.


**INTERROGATORY NO. 7:**

Describe in detail all facts and contentions that support or refute Lawson's allegation, if

any, that any of the claims of any of the patents in suit are unenforceable, identifying all

documents and other information that support or refute or otherwise relate to this allegation of

unenforceability, and explaining in detail why such facts would or would not render any of the

claims of any of the patents in suit unenforceable.

**OBJECTION TO INTERROGATORY NO. 7:**

Lawson objects to Interrogatory No. 7 on all the grounds set forth in its General

Objections and incorporates these objections as if set forth in full herein.  Lawson further objects

to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

## RESPONSE TO INTERROGATORY NO. 7:

Subject to and without waiving its objections, Lawson responds as follows:

Lawson believes that, at least James N. Johnson, Robert P. Kinross, Francis J. Melly, and Douglas A. Momyer (collectively, the "Inventors"), acting with intent to deceive, made material misstatements to the United States Patent and Trademark Office ("PTO") and intentionally failed to disclose to the PTO inventorship and prior invention information that each of them recognized to be material.

The patents-in-suit recite each of the Inventors as applicants. As applicants with respect to the patents-in-suit, each of the Inventors owed a duty not to make misrepresentations to the PTO and a duty to disclose to the PTO any information material to the patentability of the applications that lead to the patents-in-suit.

During the prosecution of the patents-in-suit, each of the Inventors acknowledged in signed declarations entitled "DECLARATION AND POWER OF ATTORNEY FOR PATENT APPLICATION" his respective "duty to disclose to the United States Patent and Trademark Office all information known by [him] to be material to patentability as defined in Title 37, Code of Federal Regulations, § 1.56."

Each of the Inventors made misrepresentations in their respective oaths by stating that they were "an original, first and joint inventor . . . of the subject matter which is claimed and for which a patent is sought on the invention" claimed in the patents-in-suit.

Lawson further believes that the Inventors knowingly and intentionally failed to name one or more certain employees, former employees, representatives, or other agents of

International Business Machines Corp. ("IBM") and/or Loral Federal Systems ("Loral") as coinventor(s) of at least one claim limitation of each of the patents-in-suit and failed to disclose to the PTO information suggesting that the inventions of the patents-in-suit may have been invented by employees of IBM and/or Loral, raising a material issue of patentability under 35 U.S.C. §§ 102(f) and/or 103.

Specifically, Lawson believes that: the Inventors collaborated with employees, former employees, representatives, or other agents of IBM and/or Loral, including but not limited to Charles Gounaris, Pamela Eng (f/k/a Pamela Jenkins), Dr. Al Rolland, Kevin French, Jim Gomola, Claus Mokawka, Harry Alexander, Bill Saville, Steve Redmond, Dave Preston, Anthony Ormston, and Nils Gliddy (collectively the "IBM/Loral employees"), when developing the claimed inventions of the patents-in-suit; this collaboration between the named inventors and the IBM employees began in 1993 and continued through mid-1994; the inventions of the patents-in-suit incorporate the use of a search tool described as the Technical viewer 2 search program ("TV/2"); the TV/2 search program was invented and designed by IBM; one or more of the IBM/Loral employees contributed to the conception of at least one claim limitation of each of the patents-in-suit and the Inventors knew of this contribution; and the Inventors did not disclose this information to the PTO.

Lawson further believes that a reasonable examiner would have found this information material to the patentability of the applications that lead to the patents-in-suit because, for example, a reasonable examiner could have concluded based on this information that the IBM/Loral employees were joint inventors of the patents-in-suit or that the work of the IBM/Loral employees represented prior art that rendered one or more claims of the patents-in-suit unpatentable.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

## INTERROGATORY NO. 8:

For each claim of each of the patents in suit, state whether Lawson relies or will rely at trial on the doctrine of prosecution history estoppel as a basis for non-infringement under the doctrine of equivalents and explain in detail each fact that supports or refutes or otherwise relates to your allegation of prosecution history estoppel for each such claim and explain in detail why such facts would or would not support a finding of non-infringement.

## OBJECTION TO INTERROGATORY NO. 8:

Lawson objects to Interrogatory No. 8 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

## RESPONSE TO INTERROGATORY NO. 8:

Lawson reserves the right to supplement its response to this interrogatory, as necessary at the appropriate time, but not before ePlus specifically identifies the claims it asserts and whether or not it will rely on the doctrine of equivalents for those claims.

## INTERROGATORY NO. 9:

Describe in detail all facts and identify all documents that Lawson contends support or tend to support its defenses, affirmative defenses and counterclaims, if any, in this action.

**OBJECTION TO INTERROGATORY NO. 9:**

Lawson objects to Interrogatory No. 9 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this interrogatory as overly broad and unduly burdensome. Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

**RESPONSE TO INTERROGATORY NO. 9:**

Lawson refers ePlus to Lawson's response to Interrogatory Nos. 1, 3, 4, and 7. Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

**INTERROGATORY NO. 10:**

Identify any and all revenues, the sources thereof and the number of transactions derived by Lawson in connection with its Electronic Sourcing and Procurement System(s) and/or Service(s) (including without limitation revenues derived from licensing, maintaining, or servicing such system(s)), for each month from its inception of operations to the present, including, without limitation, the names of any clients or advertisers, the total revenue derived from each and the rates charged, the numbers of transactions, and the amounts derived from any licensing fees, and transaction-based fees collected in connection with its Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO INTERROGATORY NO. 10:**

Lawson objects to Interrogatory No. 10 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects

that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound. Lawson further objects to this interrogatory to the extent it seeks proprietary and confidential information about Lawson's products that are neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence. Lawson further objects to this interrogatory as vague and ambiguous in its use of the terms "from its inception of operations," and "transaction-based fees."

## RESPONSE TO INTERROGATORY NO. 10:

Subject to and without waiving its objections, once ePlus specifically identifies the accused products, Lawson may produce documents pursuant to Federal Rule of Civil Procedure 33(d) from which ePlus may derive an answer to this interrogatory. In addition, ePlus has set forth numerous requests for production of documents addressing this issue. Accordingly, for additional information responsive to this interrogatory, ePlus may refer to the documents produced by Lawson in response to ePlus's document requests.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

## INTERROGATORY NO. 11:

State with particularly the date(s) of conception of Lawson's Electronic Sourcing and Procurement System(s) and/or Services, or any process, system, apparatus, and device used by Lawson in connection with Lawson's Electronic Sourcing and Procurement System(s) and/or Services, and describe in detail the activities undertaken by Lawson, or its predecessors, to reduce those conceptions to practice.

**OBJECTION TO INTERROGATORY NO. 11:**

Lawson objects to Interrogatory No. 11 on all the grounds set forth in its General

Objections and incorporates these objections as if set forth in full herein. Lawson further objects

that this interrogatory is vague, ambiguous, and unduly burdensome. Lawson further objects to

this interrogatory as vague and ambiguous with respect to the terms "date(s) of conception," "to

reduce those conceptions to practice," and "used by Lawson in connection with." Lawson

further objects to this interrogatory to the extent it seeks information that is not relevant and not

reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to

this interrogatory as overly broad and unduly burdensome, and to the extent it seeks information

not susceptible to precise determination by Lawson.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to and without waiving its objections, Lawson responds that, based on Lawson's

investigation to date, the Inventory Control Module was originally released as Version 3.2 at

least as early as 1986, and was conceived and reduced to practice sometime before that date; the

Purchase Order Module was originally released as Version 4 at least as early as early 1987, and

was conceived and reduced to practice sometime before that date; the Order Entry Module was

originally released as Version 5 at least as early as 1990, and was conceived and reduced to

practice sometime before that date; the Requisitions Module was originally released as Version 6

at least as early as 1992, and was conceived and reduced to practice sometime before that date;

the Requisitions Self Service (RSS) Module was originally released as Version 7.0.6 at least as

early as early 1998, and was conceived and reduced to practice sometime before that date;

Version 2.10 of the Retail Operations Module was acquired in February 2003, and was

conceived and reduced to practice sometime before that date; the Purchasing Module was

originally released as Version 2 at least as early as 1983, and was conceived and reduced to practice sometime before that date; the eProcurement Module was originally released as Version 12.5 at least as early as 2002, and was conceived and reduced to practice sometime before that date. The current version of the Inventory Control, Purchase Order, Order Entry, Requisitions, and RSS Modules is Version 9.0.1, released in May 2009; the Purchasing and eProcurement Modules were rebranded when acquired by Lawson in 2006; the current version of the Purchasing and eProcurement Modules is Version 7.1, released in 2007. In addition, ePlus has set forth numerous requests for production of documents addressing this issue. Accordingly, for additional information responsive to this interrogatory, ePlus may refer to the documents produced by Lawson in response to ePlus's document requests.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.


**INTERROGATORY NO. 12:**

Describe in detail the occasion(s) upon which Lawson first became aware of or received notice(s) in any manner of each of the patents in suit, including any applications that matured into the patents in suit and the subsequent issuance of those patents, including without limitation the dates and the persons involved in learning of the patent(s) or receiving the notice(s), and state in detail all steps taken by Lawson in response to such notice(s), including without limitation any analyses of infringement or noninfringement, validity or invalidity, or enforceability or unenforceability of the patents in suit, and any advice of counsel obtained relating to the patents in suit.

**OBJECTION TO INTERROGATORY NO. 12:**

Lawson objects to Interrogatory No. 12 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects that this interrogatory calls for information that is subject to the attorney-client privilege and/or the work product doctrine.   Lawson further objects that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound.  Lawson further objects to this interrogatory as premature.

**RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving its objections, Lawson responds that, based on Lawson's investigation to date, it received notice of the patents-in-suit no earlier than the date that ePlus filed an action in the District of Delaware alleging patent infringement by Lawson, May 4, 2009.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

**INTERROGATORY NO. 13:**

Identify each factual witness that you intend to call to testify at trial, at any Markman hearing or at any hearing on any dispositive motion in this action and, as to each, identify the witness' full name, address, employer, job title and the expected subject matter of his or her testimony.

**OBJECTION TO INTERROGATORY NO. 13:**

Lawson objects to Interrogatory No. 13 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this interrogatory as overbroad and premature in light of the schedule set forth by the Federal

Rules of Civil Procedure and Civil Local Rules and pending further scheduling action by the Court.  Lawson further objects that this interrogatory calls for information that is subject to the attorney-client privilege and/or the work product doctrine.  Lawson further objects that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound.  Lawson objects to this interrogatory to the extent it seeks to modify or expand the requirement of the Federal Rules of Civil Procedure and the Civil Local Rules.

**RESPONSE TO INTERROGATORY NO. 13:**

Subject to and without waiving its objections, Lawson refers ePlus to its initial disclosures and its response to ePlus's Interrogatory No. 1.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

**INTERROGATORY NO. 14:**

Identify each system, software application, product and/or service imported, made, offered for sale, sold, licensed, or otherwise distributed by Lawson that has one or more of the following features, functions or capabilities:

(a)    conducting a search for an item in a product catalog or product database;

(b)    creating a requisition for an item;

(c)    generating a purchase order for an item;

(d)    determining the availability of an item in inventory; and

(e)    comparing one or more attributes of an item available from a first source, supplier or vendor, to an item available from a second source, supplier or vendor.

Your answer should include for each identified system, application, product and/or service an identification of the brand name, version, or release number, date(s) that such system, application, product and/or service was imported, made, offered for sale, sold, licensed or distributed by Lawson and an identification of documents sufficient to describe the feature, functionality or capability of such system, application, product and/or service.

**OBJECTION TO INTERROGATORY NO. 14:**

Lawson objects to Interrogatory No. 14 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound. Lawson further objects to this interrogatory as overly broad to the extent it seeks proprietary and confidential information about Lawson's products that are neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence. Lawson further objects to this interrogatory to the extent it seeks information related to every customer installation of Lawson software. Lawson further objects that the use of the terms listed in (a)-(e) are vague and ambiguous.

**RESPONSE TO INTERROGATORY NO. 14:**

Subject to and without waiving its objections, Lawson responds that, based on Lawson's investigation to date, the Inventory Control Module was originally released as Version 3.2 at least as early as 1986, and was conceived and reduced to practice sometime before that date; the Purchase Order Module was originally released as Version 4 at least as early as early 1987, and was conceived and reduced to practice sometime before that date; the Order Entry Module was originally released as Version 5 at least as early as 1990, and was conceived and reduced to practice sometime before that date; the Requisitions Module was originally released as Version 6

at least as early as 1992, and was conceived and reduced to practice sometime before that date;

the Requisitions Self Service (RSS) Module was originally released as Version 7.0.6 at least as

early as early 1998, and was conceived and reduced to practice sometime before that date;

Version 2.10 of the Retail Operations Module was acquired in February 2003, and was

conceived and reduced to practice sometime before that date; the Purchasing Module was

originally released as Version 2 at least as early as 1983, and was conceived and reduced to

practice sometime before that date; the eProcurement Module was originally released as Version

12.5 at least as early as 2002, and was conceived and reduced to practice sometime before that

date.  The current version of the Inventory Control, Purchase Order, Order Entry, Requisitions,

and RSS Modules is Version 9.0.1, released in May 2009; the Purchasing and eProcurement

Modules were rebranded when acquired by Lawson in 2006; the current version of the

Purchasing and eProcurement Modules is Version 7.1, released in 2007.  In addition, ePlus has

set forth numerous requests for production of documents addressing this issue.  Accordingly, for

additional information responsive to this interrogatory, ePlus may refer to the documents

produced by Lawson in response to ePlus's document requests.

     Lawson reserves the right to supplement its response to this interrogatory, where

appropriate, in accordance with its continuing investigation into these matters.

Dated:  August 24, 2009

_____

Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:     (757) 624-3000
Facsimile:      (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*

Daniel Johnson, Jr. (admitted *pro hac vice*)
Rita E. Tautkus (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:     (415) 442-1000
Facsimile:      (415) 442-1001
djjohnson@morganlewis.com
rtautkus@morganlewis.com

Robert W. Busby, Jr.
(VSB No. 41312)
Bradford A. Cangro (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone:     (202) 739-3000
Facsimile:      (202) 739-3001
rbusby@morganlewis.com
bcangro@morganlewis.com

*Counsel for Defendant Lawson Software, Inc.*

As to the foregoing responses:

## VERIFICATION

I, Dale A. Christopherson herein state that:

     1.     I am authorized to execute this Verification on behalf of Lawson Software, Inc.

("Lawson").

     2.     I have read Lawson's Responses to ePlus, Inc.'s First Set of Interrogatories (Nos.

1-14) and am familiar with its contents.  I hereby declare under penalty of perjury that the

answers set forth in that document are true and correct to the best of my knowledge, information

and belief.

Dated: 08/24/2009

_____
Dale A. Christopherson

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2009, a true and correct copy of the foregoing

document was served by electronic mail upon counsel for the plaintiff:

Gregory N. Stillman
Brent Lee VanNorman
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Tel.: 757-640-5300
Fax.: 757-625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202-346-4000
Fax.: 202-346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

Shirley Sperling Paley
James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
Tel.: 617-570-1000
Fax.: 617-523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:      (757) 624-3000
Facsimile:      (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*

1521461\1