# EXHIBIT B

GOODWIN | PROCTER

Jennifer A. Albert
202.346.4322
JAlbert@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

<u>VIA EMAIL</u>

August 27, 2009

Rita E. Tautkus, Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105

    Re:    *ePlus, Inc. v. Perfect Commerce, Inc., et al.*
            <u>Civil Action No. 2:09cv232-HCM-TEM</u>

Dear Rita:

We are in receipt of Lawson Software, Inc.'s ("Lawson") objections and answers to *e*Plus's first set of interrogatories and its objections and responses to *e*Plus's first set of document requests. As set forth below, Lawson's answers and responses are seriously deficient in numerous respects.

**Lawson's Failure to Produce Any Responsive Documents**

As a preliminary matter, Lawson has not produced any documents in response to *e*Plus's document requests. Lawson's responses to nearly all of *e*Plus's document requests state that Lawson intends to produce documents subject to its objections, but Lawson has given no indication when it intends to produce these documents. Please provide a date certain on which Lawson will produce its responsive documents. *e*Plus asks that Lawson agree to produce its responsive documents by no later than Friday, September 4, 2009.

**Lawson's "Prematurity" Objection to Producing Documents**

In response to a number of document requests pertaining to plainly relevant topics, Lawson has objected on the grounds that the request is supposedly premature because the request ostensibly calls for information disclosed during expert discovery. *See, e.g.,* Document Request Nos. 6 (objecting to request relating to invalidity and unenforceability on the ground that the "request is premature as it calls for information disclosed during expert discovery"), 28 (objecting to request relating to prior sales or public uses of patented inventions on ground that "information is more properly provided through expert reports or expert depositions and expert disclosures"), 54 (same objection with respect to products that are non-infringing alternatives), 59 (same objection with respect to established or usual royalty in the relevant industry); *see also* Objection to Request No. 85 (objecting to request pertaining to claim construction issues "as premature

GOODWIN | PROCTER

Rita E. Tautkus
August 27, 2009
Page 2

pending further scheduling orders from the Court"). These objections are baseless, and no rule entitles Lawson to refrain from producing relevant, discoverable documents in response to these requests until the time for serving expert reports. For example, Lawson is not entitled to withhold from production documents relating to invalidity or unenforceability, claim construction, or damages, on the basis that such documents need only be produced "during expert discovery". Accordingly, please confirm that Lawson will not withhold any documents from its production based on this objection.

### Lawson's Position that it will Produce Only Issued Patents

In its response to Request No. 11, Lawson states that it will produce only U.S. patents issued to Lawson that relate to the accused products, whereas the request more broadly pertains to any documents relating to the patentability of any aspect of Lawson's electronic sourcing and procurement systems and/or services. Such documents would include, for example, draft patent applications and other patent prosecution documents. No logical reason exists why Lawson's responses should be limited to issued U.S. patents. Similarly with respect to Request No. 31, Lawson states that it will produce only issued U.S. patents relating to the accused products. Here again, no logical reason exists why relevant, discoverable documents would be limited only to issued patents, as opposed to pending applications, invention disclosures, etc. ePlus asks that Lawson reconsider these objections and confirm that Lawson will not limit its responses to issued U.S. patents; otherwise ePlus will be required to request relief from the Court.

Finally, I note that for most of Lawson's responses it states that, subject to and without waving its objections, it will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist. Unfortunately, and particularly because Lawson has not produced any documents, these responses do not indicate whether and to what extent Lawson intends to withhold documents based on its objections. ePlus asks that Lawson either supplement its responses or provide by letter an explanation of the categories of documents it is withholding from its production based on its objections.

### Interrogatories

With respect to interrogatories, as set forth below there are also many serious deficiencies in Lawson's answers. Indeed, as discussed below, Lawson provided almost no substantive information in its answers.

### Failure to Fully Identify Knowledgeable Individuals

Lawson's answer to Interrogatory No. 1 lists approximately a dozen individuals with knowledge of Lawson's technology, accused products, licensing, or related matters, for whom Lawson states

LIBW/1716849.1

GOODWIN | PROCTER

Rita E. Tautkus
August 27, 2009
Page 3

merely "c/o Morgan Lewis." While we understand that current employees of Lawson will be contacted only through its outside counsel, ePlus is entitled to know, e.g., the employer of each of these individuals, their address, and title. ePlus's definition of "identify" in its interrogatories requires at least that much information. ePlus asks that Lawson supplement its answer to Interrogatory No. 1 to provide this information. In addition, Lawson identifies another dozen individuals, starting with Mr. Kevin French, allegedly with knowledge of the subject matter claimed in the patents-in-suit and for whom Lawson states that their address is unknown. Please confirm that if and when Lawson discovers the whereabouts of or any other contact information for any of these individuals, it will promptly provide this information to ePlus as required by the interrogatory.

**Lawson's Refusal to Provide Infringement Discovery**

Interrogatory No. 2 is a standard interrogatory asking that Lawson state in detail, using a claim chart, its bases for non-infringement on a claim by claim, element by element basis. Lawson has refused to provide *any* substantive response to this interrogatory, stating vaguely that it will "provide claim charts as necessary at the appropriate time, but not before ePlus specifically identifies the claims it asserts and the Lawson products it accuses of infringement." Nothing entitles Lawson to avoid providing an answer to this interrogatory, nor does it have the right to insist on discovery from ePlus before it is required to answer. At this time all of the claims of the three patents-in-suit are asserted. The complaint in this action identifies, without limitation, Lawson products accused of infringement. Of course, ePlus reserves the right to accuse additional Lawson products of infringement based on the discovery and investigation undertaken in this case. ePlus asks that Lawson immediately supplement its answer to this interrogatory to provide the requested information and claim charts. Otherwise, ePlus will move the Court for appropriate relief.

With respect to Interrogatory No. 8, the same deficiencies noted above apply here as well. Lawson provided no substantive answer but unilaterally demanded that ePlus identify the claims its asserts and whether or not it will rely on the doctrine of equivalents for those claims. Again, at this time ePlus asserts all of the claims of the three patents-in-suit against Lawson. Although ePlus believes that Lawson literally infringes these claims, it relies in the alternative on the doctrine of equivalents. Accordingly, please confirm that Lawson will provide a full response to this interrogatory by September 4, 2009, otherwise ePlus will be required to move the Court for relief.

**Lawson's Objections to Identifying Analyses of the Patents-in-Suit**

With respect to Interrogatory No. 3, Lawson states a number of objections to describing any analyses, etc., of the subject matter claimed in the patents-in-suit. Lawson's answer goes on to

GOODWIN | PROCTER

Rita E. Tautkus
August 27, 2009
Page 4

state when it allegedly first received notice of the patents-in-suit, but other than identifying the reexamination proceeding it does not indicate whether it is otherwise aware of any analysis, etc., undertaken by entities other than Lawson that predate the filing of suit in this case. Please inform us whether Lawson is objecting to identifying other pre-filing analyses undertaken by persons or entities other than Lawson, or clarify or supplement Lawson's answer to provide that information.

**Lawson's Refusal to Provide Invalidity Discovery**

As with Interrogatory No. 2, Lawson's answer to this interrogatory is seriously deficient. This interrogatory requires, *inter alia,* a claim chart identifying each element of each claim of the patents-in-suit asserted to be invalid, and an explanation where each element of the respective claim is shown in each such alleged prior art reference. In response, Lawson has simply provided a list of alleged prior art references that it claims "anticipate[] or render[] obvious" the patents-in-suit. *e*Plus asks that Lawson provide all the information requested by the interrogatory, on a claim-by-claim, element-by-element basis. Please provide the information requested by the interrogatory, including the claim charts, no later than September 4, 2009, otherwise *e*Plus will be required to move the Court for relief.

For the same reasons stated above with respect to Interrogatory Nos. 2 and 4, Lawson's answer to Interrogatory No. 5 is also wholly deficient. Lawson provides no information in its answer but merely states a unilateral demand that *e*Plus first identify the claims it asserts and its contentions as to the meaning of those claims. Nothing requires that *e*Plus do so before Lawson provides a substantive answer to the interrogatory (indeed, elsewhere, Lawson objects to discovery requests relating to claim construction on the ground that such discovery is allegedly premature, *see* Lawson Objection to Request No. 85). Moreover, Lawson's position is all the more improper given that it has filed a counterclaim of invalidity. Again, at this time all of the claims of all three patents-in-suit are asserted against Lawson. Please confirm that Lawson will provide a full response to this interrogatory by September 4, 2009; otherwise, *e*Plus will be required to move the Court for relief.

Likewise with respect to Interrogatory No. 6, relating to other contentions of invalidity, Lawson provides no substantive answer at all, stating "Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters." Again, please confirm that Lawson will provide a full response to this interrogatory by September 4, 2009, otherwise *e*Plus will be required to move the Court for relief.

GOODWIN | PROCTER

Rita E. Tautkus
August 27, 2009
Page 5

### Lawson's Insufficient Reliance on Rule 33(d)

With respect to Interrogatory No. 10, dealing with revenues from Lawson's accused products and services, Lawson vaguely states that it "*may* produce documents pursuant to Federal Rule of Civil Procedure 33(d) from which ePlus may derive an answer to this interrogatory. In addition, ePlus has set forth numerous requests for production of documents addressing this issue. Accordingly, for additional information responsive to this interrogatory, ePlus may refer to the documents produced by Lawson in response to ePlus's document requests." Of course, as noted above, Lawson has not yet produced *any* documents, much less documents sufficient to answer the interrogatory. Moreover, Rule 33(d) requires that Lawson, *inter alia,* "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Further, Lawson's vague statement that it "may" produce such documents is inadequate. Accordingly, Lawson's answer to this interrogatory is wholly deficient. As requested above, please provide ePlus with a date certain on which Lawson intends to produce the documents that it relies upon for its answer to this interrogatory. Also, please confirm that Lawson will specify the records in detail that it relies upon as its answer to the interrogatory, as required by Rule 33(d).

With respect to Interrogatory No. 11, Lawson again refers ePlus to various documents allegedly "produced by Lawson in response to ePlus's document requests." Again, Lawson has not produced any documents. Accordingly, ePlus again asks that Lawson confirm the date certain on which it will produce documents responsive to this interrogatory and confirm that it will identify such documents and records with specificity as required by Rule 33(d).

### Lawson's Prior Awareness of the Patents-in-Suit

Interrogatory No. 12 asks that Lawson, *inter alia,* describe in detail the occasions upon which it "*first became aware of* or received notice(s) in any matter in each of the patents-in-suit." Lawson's answer states that "it received notice of" the patents-in-suit no earlier than May 4, 2009 upon the filing of a complaint by ePlus. By using the phrase "receiving notice," it appears that Lawson may be attempting to narrowly circumscribe its answer. The interrogatory more broadly inquires of Lawson's becoming "aware of" the patents "in any manner." ePlus asks that Lawson clarify and/or supplement its answer to identify (as more fully stated in the interrogatory) any prior occasions upon which it "became aware of" the patents-in-suit in any manner.

### Lawson's Refusal to Provide Discovery of Infringing Products

Interrogatory No. 14 asks that Lawson identify its systems, products, etc., that offer specifically-identified features, functions, or capabilities that are recited in the claims of the patents-in-suit.

LIBW/1716849.1

# GOODWIN | PROCTER

Rita E. Tautkus
August 27, 2009
Page 6

In its answer, it appears that Lawson has merely re-stated verbatim its answer to Interrogatory No. 11. While this information may be partially responsive, it is certainly not sufficient to answer Interrogatory No. 14 which asks that Lawson identify the specific products, etc., that offer the specified features, functions, or capabilities. Indeed, nothing in Lawson's answer appears to provide the information requested with respect to features, functions, or capabilities. For example, the interrogatory asks that Lawson identify for each identified product the documents sufficient to describe the features, functionality, or capability of the product. The deficiency in Lawson's answer is particularly egregious in light of Lawson's improper refusal to answer other interrogatories on the basis that *e*Plus must supposedly identify all of Lawson's accused products before Lawson will provide substantive answers relating to invalidity and other issues. Moreover, once again, Lawson refers to documents that it has allegedly produced as providing information responsive to the interrogatory, when in fact Lawson has not produced any documents.

*e*Plus therefore asks that Lawson supplement its answer to Interrogatory No. 14 to provide all of the requested information by September 4, 2009, otherwise *e*Plus will be required to request relief from the Court.

In order to avoid the necessity for the Court's involvement, for any of the above issues about which Lawson continues to disagree, please let me know when you are available to confer.

Sincerely,

*Jennifer A. Albert*
Jennifer A. Albert

cc (via email):    Stephen E. Noona, Esq.
　　　　　　　　　Kenneth W. Brothers, Esq.
　　　　　　　　　Gregory N. Stillman, Esq.
　　　　　　　　　Brent L. VanNorman, Esq.