# EXHIBIT C

GOODWIN | PROCTER

Jennifer A. Albert
202.346.4322
JAlbert@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

## VIA EMAIL

September 9, 2009

William D. Schultz
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Re: *ePlus, Inc. v. Perfect Commerce, Inc., et al.*
Civil Action No. 2:09cv232-HCM-TEM

Dear Bill:

We received Lawson Software, Inc.'s ("Lawson") document production on September 4, 2009. After reviewing the production which was originally due on August 24, we find that it fails to cure the deficiencies outlined in my August 27 letter to Rita Tautkus.

Specifically, Lawson has failed to produce documents showing the current functionality of the accused products. A large portion of the documents that Lawson produced are not related to the accused products. For example, Lawson has produced a number of documents regarding its contract-management and accounting products and services (*e.g.*, Bates L0007085 *et seq.* and Bates L008523 *et seq.*, respectively), which are not at issue in this case. Moreover, the documents that Lawson has produced regarding procurement products are extremely dated, many as far back as 1992 or 1993. *See, e.g.*, document produced bearing production number L0013146 (Purchase Order Procedures Manual Release 6.0 dated January 1994) and document produced bearing production number L0015615 (Lawson Software Purchase Order Release 6.0 User Text, dated 1993). In fact, we searched in vain to find <u>any</u> document less than four years old.

We did not find documents of the type we would expect Lawson to have produced. For example, we did not find any documents from the Lawson web site in your production. We also did not find any current technical, administrative or user manuals relating to the accused Lawson eProcurement, Requisitions, Purchase Orders, Punchout and Requisitions Self Service products. Nor did we find the Lawsons Requisitions Self Service demonstration that can be ordered via the Lawson web site in your production. These are merely some examples of the types of documents which are responsive to our discovery requests but which have not been produced.

LIBA/2027459.1

GOODWIN | PROCTER

William D. Schultz
September 9, 2009
Page 2

Furthermore, Lawson has failed to supplement its interrogatory responses last week as requested in my August 27 letter. To date, Lawson has still provided almost no substantive information in its responses. Moreover, Lawson is obligated to supplement its answers to those interrogatories where it relied upon Rule 33(d) as a basis for failing to provide a detailed narrative response. Lawson has an obligation to identify the documents it has produced from which ePlus may derive the answer to each interrogatory and such identification must be specific, e.g., by Bates numbers. If Lawson has no documents from which the answers to such interrogatories may be derived, then it is obligated to provide a complete, narrative response to such interrogatories.

We would like to schedule a meet and confer with you on these issues and the issues raised in my August 27 letter by no later than Thursday given that this is our second letter raising these deficiencies.

We look forward to hearing from you with your availability for a meet a confer on these issues.

Sincerely,

Jennifer A. Albert

cc (via email):  Stephen E. Noona, Esq.
                 Rita E. Tautkus, Esq.
                 Gregory N. Stillman, Esq.
                 Brent L. VanNorman, Esq.

LIBA/2027459.1