# EXHIBIT D

# GOODWIN | PROCTER

Jennifer A. Albert
202.346.4322
JAlbert@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

September 10, 2009

**Via E-Mail**

William D. Schultz
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Re:   *ePlus, Inc. v. Lawson Software*
       **Civil Action No. 2:09cv232-HCM-TEM**

Dear Bill:

This letter memorializes our discussion today concerning Lawson's supplementation of its responses to *e*Plus's outstanding document requests and interrogatories.

You indicated that Lawson would be making a production of technical manuals (*e.g.*, installation, implementation, etc.), administrative and user manuals relating to the accused Lawson products tomorrow. As we have previously discussed, please direct such production to the attention of Lana Shiferman in our Boston office.

You further indicated that Lawson would be producing a laptop loaded with the demonstration version of each of the accused Lawson products by the middle of next week. Please direct that laptop to my attention in Goodwin Procter's DC office. (You may also send the Lawson source code to my attention in the DC office when that is produced.)

Additionally, you indicated that we could expect a large production of documents from Lawson next week. This production is directed to the categories of documents *e*Plus requested in its First Set of Document Requests. Along with this production you stated that you will produce a listing of document custodians from whom documents were collected. Can you also confirm that you will be providing a list of central repositories searched and terms used to conduct any key word searches?

I asked that you confirm that Lawson's production next week will include marketing materials related to the accused products as well as contract files that will include any

LIBW/1717911.1

GOODWIN | PROCTER

William D. Schultz
September 10, 2009
Page 2

Requests for Proposals, Statements of Work, license agreements, services agreements and the like related to the accused products. You also indicated that you will confirm whether we can expect to receive relevant materials from Lawson's website in next week's production including relevant white papers, webinars and demonstrations that are available via Lawson's website (*e.g.*, "Using Lawson Procurement Punchout With External Vendors," "Lawson S3 Requisitions Self-Service Overview"). Please also confirm that next week's production will include a current organizational chart of Lawson's personnel including those having job responsibilities related to the accused products.

As to Lawson's supplementation of its Answers to *e*Plus's First Set of Interrogatories, you stated that you would provide supplemental answers to Interrogatory Nos. 2 and 4 concerning Lawson's noninfringement and invalidity contentions by no later than the end of next week, *i.e.*, September 18. With respect to those interrogatories, I discussed with you that we expect answers in claim chart form with citations to relevant documents by Bates numbers. I also asked that Lawson provide us with copies of each alleged prior art reference mentioned in its Answer to Interrogatory No. 4. You agreed to do so. With respect to your invalidity contentions, your answer will state whether Lawson is relying on a particular reference to assert invalidity based on Section 102, 103 or both and will state which reference is relied upon for each claim element. It should also reference specific passages of a documentary reference or particular components of an alleged prior art system that are relied upon for each claim element.

We also discussed Lawson's supplementation of its answers to interrogatories as to which it relied upon Rule 33(d). You agreed to supplement those answers by the end of next week specifying responsive documents by Bates numbers from which the answers to such interrogatories may be derived.

In summary, you agreed to cure all of the deficiencies referenced in my August 27 and September 9 letters by September 18.

If there are any document requests or interrogatories mentioned in my letters for which Lawson will not be providing documents or supplemental information, please let me know by the beginning of next week.

LIBW/1717911.1

GOODWIN | PROCTER

William D. Schultz
September 10, 2009
Page 3

If Lawson has no responsive documents or information in response to particular document requests or interrogatories, then it should supplement its written responses to note such fact.

We appreciate your cooperation on these issues.

Sincerely,

*Jennifer A. Albert*

Jennifer A. Albert

JAA/dja

cc:   Stephen E. Noona
      Rita E. Tautkus
      Gregory N. Stillman
      Brent L. VanNorman

LIBW/1717911.1