# EXHIBIT F

**From:** VanNorman, Brent [mailto:bvannorman@hunton.com]
**Sent:** Wednesday, July 22, 2009 2:58 PM
**To:** Noona, Stephen E
**Subject:** Proposed Joint Discovery Plan

Hi Steve,

Just left you a voice mail message about this.  Please circulate to your folks for feedback and for discussion purposes for tomorrow's call.  I will be forwarding a proposed Protective Order shortly.


EPLUS - PERFECT COMMERCE Discovery

Thanks.

Brent



**Brent L. VanNorman, Esq.**
Associate
bvannorman@hunton.com

Hunton & Williams LLP
500 East Main Street, Suite 1000
Norfolk, Virginia 23510
Phone: (757) 640-5343
Fax: (757) 625-7720
www.hunton.com

This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify Hunton & Williams LLP immediately by telephone (877-374-4937) and by electronic mail to: help_desk@hunton.com and then delete this message and all copies and backups thereof.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ePLUS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:09cv232- |
| | ) HCM/TEM |
| v. | ) |
| | ) |
| PERFECT COMMERCE, INC., | ) |
| SCIQUEST, INC., LAWSON SOFTWARE, | ) |
| INC., and VERIAN TECHNOLOGIES, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## JOINT DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Order entered July 13, 2009 by the Honorable United States Magistrate Judge Tommy E. Miller, counsel of record for Plaintiff ePlus, Inc. ("Plaintiff" or "ePlus") and Defendants Perfect Commerce, LLC ("Perfect Commerce"); SciQuest, Inc. ("SciQuest"); and Lawson Software, Inc. ("Lawson"); (hereinafter, all defendants will be referred to collectively as "Defendants" or a "side") have conferred.

Unless specifically noted otherwise, Plaintiff and the Defendants agree as follows:

### I. PROTECTIVE ORDER

The parties shall submit a stipulated protective order to the Court on or before **July 30, 2009**, or, should they fail to agree by that date, they shall file any motion for entry of a protective order by **August 6, 2009**, and promptly notice it for hearing. The parties mutually agree that until the Court enters a Protective Order, all documents produced pursuant to this Plan

1

and in response to discovery requests shall be treated by the receiving party as Outside-Counsel's-Eyes Only. In no event shall any party withhold producing its documents based on confidentiality concerns (other than third-party obligations) or the fact that the Protective Order has not yet been entered.

## II.   DISCOVERY SCHEDULE

  A.  The parties agree to serve their Rule 26(a)(1) disclosures on **August 11, 2009**.

  B.  The parties agree that, for all service required in this lawsuit, service by electronic means shall be deemed equivalent to hand delivery. For any pleadings that are non-confidential and that are filed with the Court using the ECF system, the parties agree to accept service via email in addition to the receipt of the NEF from the ECF system. For any portion of pleadings that are confidential and that are filed with the Court under seal, the parties agree to accept service by email. The parties further agree that, for pleadings and other documents filed with the Court, and for discovery requests and responses, service on the parties shall be made by 6:00 p.m. E.S.T.

  C.  Amended Pleadings, including adding additional parties, may be filed without leave of Court on or before **September 14, 2009**. Thereafter, pleadings may be amended only with leave of Court, and only upon a showing of good cause, unless the parties otherwise agree.

  D.  On or before **September 11, 2009,** ePlus shall serve an "Initial Disclosure of Asserted Claims and Infringement Contentions" that identifies separately, and as specifically as possible, the following information:

   1. For accused products, a claim chart identifying specifically where each limitation of each asserted claim is found within each accused product, including for each limitation that ePlus contends is governed by 35 U.S.C. § 112(6) (means-plus-function), the identity of the structure(s), act(s), or material(s) in the accused device that corresponds to the structure identified in the patent specification that performs the claimed function.

   2. For accused methods, a claim chart identifying specifically how each limitation of each asserted method claim is practiced by each accused product.

    3.    For each claim of each patent-in-suit that is allegedly infringed, the identity of the applicable statutory subsections of 35 U.S.C. § 271 asserted.

E.    Together with the "Initial Disclosure of Asserted Claims and Infringement Contentions," ePlus shall produce, or make available for inspection and copying, the following (together with any English translations of the documents completed prior to this litigation), to the extent these items are in ePlus's possession, custody, or control:

    1.    A copy of the file history for each patent.

    2.    All licenses for each patent which do not have any confidentiality provision or which ePlus has been able to obtain permission to produce without an order of the Court. In the event that ePlus withholds production of relevant licenses because of confidentiality provisions, it shall notify defendants of the existence of such withheld licenses, and the steps ePlus is taking to obtain any necessary permission(s).

    3.    All rulings in any other cases in which the patents have been asserted, regarding claim construction, validity, infringement, license defense, enforceability, and any other defenses.

    4.    Documents within ePlus's possession evidencing the conception, reduction to practice, design and development of each claimed invention, which were created on or before the date of application or the priority date identified in each patent.

F.    Defendants shall serve their "Preliminary Invalidity and Unenforceability Contentions" on or before **September 30, 2009**, which must identify as specifically as possible the following, to the extent these items are in Defendants' possession, custody, or control:

    1.    One sample or documentation sufficient to show the operation and functionality of each accused product made, used, sold, offered for sale, and/or imported in the United States. In addition, each defendant shall produce the executable code and instruction manual to operate each demonstration system for each accused product/service used by such defendant.

    2.    Documents reflecting the quantity of each accused product that each Defendant has made, used, sold, offered for sale, and/or imported in the United States since 2003.

      3.     Each item of prior art that Defendants contend anticipates each specified claim.

      4.     Each item or combination of prior art that Defendants contend renders each specified claim obvious and an explanation of how each factor in *Graham v. John Deere Co.*, 383 U.S. 1 (1966) is present. The explanation should include a discussion of (a) what claim limitations the primary or base reference teaches and what limitations it fails to teach; (b) how the secondary reference(s) teach the limitations missing from the primary reference; and (c) why it would be obvious to one of ordinary skill in the art at the time the invention was made to combine the teachings. The disclosure should reference the pertinent teachings in the reference by page, column and line number, and any relevant figure number.

      5.     A chart identifying specifically in each alleged item of prior art where each limitation of each asserted claim is found, including for each limitation that Defendants contend is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

      6.     Any grounds of invalidity for any of the asserted claims based on indefiniteness under 35 U.S.C. § 112(2), or enablement or written description under 35 U.S.C. § 112(1).

      7.     With respect to defendants' unenforceability defense, a chart identifying specifically:  (i) each claim allegedly rendered unenforceable due to the alleged failure to name an inventor; (ii) for each such claim, the names of the inventor(s) allegedly omitted; and (iii) the inventive contribution allegedly made by each such omitted inventor to each such claim.

G.     With the "Preliminary Invalidity Contentions," Defendants shall produce or make available for inspection and copying the following (together with any English translations of the documents completed prior to this litigation):  (i) a copy of each item of prior art identified by Defendants that does not appear in the file history of the patents at issue; and (ii) all documents evidencing the alleged inventive contributions made by any inventors allegedly omitted from the patents-in-suit.

H.     **Discovery limitations:** In addition to the discovery limitations set forth in the Court's Rule 26(f) Pretrial Order and Rule 16(b) Scheduling Order, the parties further agree as follows:

1. A party may not serve on any other party more than fifty (50) requests for admission, including parts and subparts, without leave of court.

2. Defendants shall coordinate deposition notices for the taking of depositions of Plaintiff's party witnesses, inventors, and expert witnesses. Party witnesses of the Plaintiff, including Plaintiff's expert witnesses, and the inventors, shall not be required to appear separately for multiple depositions by different defendants.

3. A deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) shall constitute one deposition, irrespective of the number of corporate representatives designated to testify on behalf of the corporation. The parties agree to identify all corporate representatives at least three (3) days prior to their deposition. A personal deposition notice served upon an individual that is testifying as a corporate representative shall not constitute a separate deposition for purposes of this section.

4. For depositions that require translation, the maximum deposition time shall be no more than fourteen (14) hours, and in the event a party determines that a personal deposition needs more than seven hours, the parties agree to meet and confer in good faith to establish an appropriate time limit. In the event that a party determines that additional depositions are necessary, the parties agree to meet and confer in good faith in order to modify the limits established above.

5. The parties agree that no notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which an expert intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at trial. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product.

6. Each party agrees that it will automatically produce, without requiring a subpoena to its experts, all documents in the possession, custody, or control of the party or its experts that its experts reviewed, considered, or relied upon in their reports, declarations or testimony (but excluding those

      drafts, notes, and written communications specified above), to the extent such documents and things have not been previously produced during discovery.

7. The parties agree to make a good-faith effort to provide a privilege log within thirty-five (35) calendar days of service of responses to document requests. The parties further agree that privileged documents and things created after the date of filing of this lawsuit need not be identified on any such privilege log. The parties further agree that privileged e-mail communications to or from Plaintiff's trial counsel in prior litigations involving the patents-in-suit will not be the subject of discovery and need not be listed on any privilege log.

8. The parties are continuing to meet-and-confer on the handling of electronic discovery and shall file a separate stipulation not later than **August 10, 2009**.

9. The parties agree that the deadline for objections to discovery requests shall be thirty (30) days from service of the requests, and such objections shall be served concurrently with a party's substantive responses to the discovery, provided that the responding party intends to substantively respond to the discovery requests on the return date. In the event that a party does not intend to respond substantively to any discovery request, the responding party shall notify the propounding party of the particular discovery request or requests and its objections thereto within fifteen (15) days of service of the discovery to facilitate an early meet and confer on such requests.

10. Any party who receives documents from a third-party pursuant to a subpoena will re-produce those documents to all other parties within five business days. Where re-production of documents within five business days is not possible, the party who received the documents will provide prompt notice to all other parties and the issue will be resolved on a case-by-case basis.

11. The parties agree to exchange electronic copies of discovery requests in Word format, along with copies on paper or in .pdf format.

I. The party having the burden of proof upon the primary issue to which potential Rule 702, 703 or 705 evidence is directed **shall identify expert witnesses** to be proffered upon such an issue by name, residence and business address, occupation and field of expertise on **September 30, 2009**. In addition to the disclosures required by Rule 26(a)(2)(B), the same disclosures shall be made on the same dates regarding all witness proffered

J. All initial expert reports (*i.e.*, for matters on which a party bears the burden of proof) shall be served on or before **October 30, 2009**. Rule 702, 703 or 705 disclosures intended solely to respond to, contradict or rebut evidence on the same subject matter disclosed by another party pursuant to paragraph (a)(2)(B) of Rule 26, or pursuant to this Order, shall be made on or before **November 30, 2009**.

by a party for the purpose of presenting evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence, whose first direct contact with the case or the parties occurred subsequent to the filing of this action.

K. The Final Pretrial Conference shall be conducted on [**date TBD at IPTC**].

L. All discovery shall be commenced in time to be completed by **November 25, 2009**.

M. All **discovery** of **experts**, and all **depositions** taken by the proponent of a witness for presentation in evidence in lieu of the appearance of the witness at trial, shall be concluded on or before **December 11, 2009.**

N. All dispositive and *Daubert* motions shall be filed by no later than **December 21, 2009**. If a dispositive motion is filed before this date, then the time for filing all oppositions and replies shall be governed by the Federal Rules of Civil Procedure and the Local Rules. The parties agree to meet and confer on the page limits and briefing schedule for all other dispositive and *Daubert* motions.

O. The **pretrial disclosures** required by Rule 26(a)(3) shall be **delivered** to all counsel on or before **December 28, 2009**, and filed with the Court at the final pretrial conference as part of the final pretrial order. Any **objections** to this disclosure shall be **delivered** to all counsel on or before **January 4, 2010**, and, if unresolved, will be heard at the final pretrial conference. The failure to deliver timely objections to Rule 26(a)(3) disclosures shall constitute a waiver of the right to object.

P. An **attorney's conference** is scheduled in the office of counsel for plaintiff on **January 11, 2010 at 2:00 pm.** Counsel shall meet in person and confer for the purpose of reviewing the **pretrial disclosure** required by Rule 26(a)(3), preparing stipulations, and marking the exhibits to be included in the final pretrial order. With the exception of rebuttal or impeachment, any information not timely disclosed, **delivered**, and incorporated in the proposed final pretrial

>order shall result in the exclusion of the witnesses, depositions, and exhibits which are the subject of such default.

### III. SETTLEMENT CONFERENCE

The parties have not yet actively pursued settlement discussions. A settlement conference may be requested at any time in the case. The Court may refer the parties to consult with a Magistrate Judge regarding settlement.

### IV. OTHER MATTERS

>A. The parties expect the trial of this matter to last **fifteen (15) days**.

>B. The parties do not agree to proceed to trial before a magistrate judge.

>C. A jury trial has been demanded.

**SO STIPULATED**

Dated: July __, 2009.

8