# EXHIBIT G

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com



**Rita E. Tautkus**
Of Counsel
415.442.1357
rtautkus@MorganLewis.com

July 24, 2009

**VIA E-MAIL**

Gregory N. Stillman                          Scott L. Robertson
Brent L. VanNorman                       Jennifer A. Albert
Hunton & Williams LLP                  David M. Young
500 East Main Street                       Goodwin Procter LLP
Suite 1000                                        901 New York Avenue, N.W
Norfolk, VA 23510                          Washington, DC 20001
gstillman@hunton.com                     srobertson@goodwinprocter.com
bvannorman@hunton.com               jalbert@ goodwinprocter.com
                                                         dyoung@ goodwinprocter.com

Re:    *ePlus, Inc. v. Perfect Commerce, Inc., et al.*

Dear Counsel:

        As discussed during the Rule 26(f) Conference on July 23, 2009, below are several
proposals relating to ePlus's proposed Joint Discovery Plan, proposed Protective Order, and
several additional discovery issues.

Joint Discovery Plan

We believe the Defendants' proposed dates below are more in line with what the Court will order
based on its standard formula.  As discussed during the Conference, we do not believe it is
appropriate to set dates for infringement contentions, invalidity contentions, or dispositive
motions until materials from ePlus's prior litigations on these patents have been produced by
ePlus and evaluated by Defendants.

Further to the chart below, Defendants propose that, beginning on July 30, 2009 and completing
by August 7, 2009, ePlus electronically produce all pleadings, deposition transcripts, trial
exhibits, and expert reports from ePlus's prior litigations of the patents-in-suit.  Defendants also
propose that ePlus produce licenses, conception and reduction to practice documents, and other
ePlus documents from prior litigations relating to the patents-in-suit with initial disclosures on

**Morgan Lewis**
COUNSELORS AT LAW

July 24, 2009
Page 2

August 11, 2009. Finally, Defendants request that ePlus waive confidentiality restrictions imposed upon Ariba, SAP, and any other third parties from the prior litigations, so Defendants can obtain from those parties any documents that can be obtained faster than through ePlus's counsel and documents that ePlus and its counsel no longer have in their possession.

| Event | Defendants proposed dates | ePlus proposed dates |
|---|---|---|
| ePlus begins production of materials from prior litigations | 30-Jul | n/a |
| 26(a)(1) initial disclosures | 11-Aug | 11-Aug |
| Infringement contentions | n/a | 11-Sep |
| Amended pleadings | 14-Sep | 14-Sep |
| Invalidity contentions | n/a | 30-Sep |
| Identify experts | 25-Sep | 30-Sep |
| Expert reports | 23-Oct | 30-Oct |
| Close of fact discovery - plaintiff | 16-Nov | 25-Nov |
| Close of fact discovery - defendants | 14-Dec | 25-Nov |
| Rebuttal expert reports | 23-Nov | 30-Nov |
| Reply expert reports | 8-Dec | n/a |
| Close of expert discovery | 21-Dec | 11-Dec |
| Dispositive and Daubert motions | n/a | 21-Dec |
| Pretrial disclosures | 30-Dec | 28-Dec |
| Objections to pretrial disclosures | 6-Jan | 4-Jan |
| Attorney conference | 8-Jan | 11-Jan |
| Pretrial conference | 15-Jan | n/a |
| Jury instructions/voir dire | 18-Jan | n/a |
| Trial date | 25-Jan | n/a |

Protective Order

A redline of ePlus's proposed Protective Order is attached which includes Defendants' proposed changes.

Discovery Issues

Below are several proposed stipulations to help make the e-discovery process more efficient:

- Parties shall use a custodian-based discovery method, custodians to be disclosed on August 11, 2009 with initial disclosures.



July 24, 2009
Page 3

- Parties shall use date restrictions to reduce the occurrence of irrelevant documents in discovery. In particular, no documents need to be produced that were created after the filing of the complaint, except on a case-by-case basis for damages documents. Also, no documents need to be produced that were created prior to six years before the complaint, except for documents related to prior art.

- Parties shall use search terms to further reduce the occurrence of irrelevant documents in discovery. The search terms are to be agreed upon by the parties. ePlus will notify Defendants whether search terms from any prior litigation relating to these patents can be located and will provide such search terms to Defendants by July 29, 2009. After receipt of such search terms Defendants will circulate a list of proposed search terms.

- Backup tapes and archives do not need to be searched unless good cause is shown.

- Documents shall be produced in single page TIFF format, excepted for nonstandard file types such as databases and spreadsheets, which should be produced in native format. The OCR of each document and/or extracted text with metadata shall also be exchanged.

- Service by electronic means shall be deemed equivalent to hand delivery. For any pleadings that are non-confidential and that are filed with the Court using the ECF system, the parties agree to accept service via e-mail in addition to the receipt of the NEF from the ECF system. For any portion of pleadings that are confidential and that are filed from with Court under seal, the parties agree to accept service by e-mail.

- For pleadings and other documents filed with the Court, service on the parties shall be made by 6:00 p.m. Eastern Time. For responses to discovery requests and other documents exchanged but not filed with the Court, service on the parties shall be made by 8:00 p.m. Eastern Time.

- No notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which an expert intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at trial. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product.



July 24, 2009
Page 4

- Work product and privileged documents and things created after the date of filing of this lawsuit need not be identified on any privilege log.

- If Plaintiff produces privilege logs from prior litigation involving the patents-in-suit, then privileged e-mail communications to or from Plaintiff's trial counsel in prior litigations involving the patents-in-suit will not be the subject of discovery and need not be listed on any privilege log.

- If Plaintiff agrees to stipulate that all documents produced by plaintiff, including fact depositions and documents introduced at trial from prior litigations involving the patents-in-suit, are authentic, genuine, and true and correct copies of the original documents, then Defendants will agree that a party may not serve on any other party more than one hundred (100) requests for admission, including parts and subparts, without leave of court.

- Each party shall be limited to ten (10) depositions of third parties.

Sincerely,

Rita E. Tautkus

Enclosure
cc:     Stephen E. Noona (via email senoona@kaufcan.com)
        Kenneth W. Brothers (via email brothersk@dicksteinshapiro.com)
        Matthew J. Ricciardi (via email ricciardim@dicksteinshapiro.com)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

*e*PLUS, INC.,                               )
                                            )
                                            )   **Civil Action No. 2:09cv232**
       **Plaintiff,**                      )
                                            )
       **v.**                             )
                                            )
**PERFECT COMMERCE, INC.,**                 )
**SCIQUEST, INC., LAWSON**                  )
**SOFTWARE, INC. AND VERIAN**               )
**TECHNOLOGIES, INC.,**                     )
                                            )
       **Defendants.**                     )

## PROTECTIVE ORDER

WHEREAS, the parties recognize that pursuant to discovery or otherwise during the course of this action, all parties and nonparties may be required to disclose trade secrets and other confidential or proprietary research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, this action involves, *inter alia*, (a) highly confidential, technical, proprietary and trade secret subject matter and (b) highly sensitive and confidential financial and marketing information;

WHEREAS, the unrestricted disclosure of such highly confidential, technical, marketing and financial information would be extremely prejudicial to the parties and compromise their respective competitive positions; therefore, the parties have determined that this Protective Order is required in order to protect the interests of the parties while allowing the exchange of information relevant to the action; and

Formatted: zzmpTrailerItem

Formatted: Line spacing: Exactly 10 pt

Formatted: Default Paragraph Font

WHEREAS, the parties have, through counsel, stipulated to the entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential or proprietary information; and

WHEREAS, the Court having heard this matter upon a noticed Motion for Protective Order pursuant to Local Civil Rule 5 of the Local Rules for the United States District Court for the Eastern District of Virginia and Rule 26(c) of the Federal Rules of Civil Procedure, and having considered the papers and oral argument submitted by the parties in support thereof, and having given interested parties a reasonable opportunity to object;

IT IS HEREBY ORDERED that the following provisions of this Order shall control:

**1.      Designated Material**

In accordance with the terms of this Protective Order, any information recorded in any form or any portion thereof, including any form of evidence or discovery contemplated under Rules 26 through 36 and Rule 45 of the Federal Rules of Civil Procedure, may be designated pursuant to this Protective Order as "CONFIDENTIAL" by the person or entity producing it or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed with the Court.  All such information and material and all information or material derived from it constitutes "Designated Material" under this Protective Order.  Unless and until otherwise ordered by the Court or agreed to in writing by the parties, any and all material designed under this Protective Order shall not be used or disclosed by the party receiving the Designated Material (the "Receiving Party") except as provided under the terms of this Protective Order.  (For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, provide or otherwise communicate the

Formatted: zzmpTrailerItem

Formatted: Left, Line spacing: Exactly 10 pt

Formatted: Default Paragraph Font

-2-

contents or existence of the referenced material or document to anyone, except as provided herein).

**2.      Access**

**2.1  Materials Designated "CONFIDENTIAL"**

Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" generally for the purpose of protecting non-public information relating to the Designating Party's highly sensitive technical, manufacturing, patent application, marketing and financial information, and competitive and pricing information.  Material designated CONFIDENTIAL may only be disclosed by the Receiving Party to:

(a)      Persons who appear on the face of the Designated Material marked CONFIDENTIAL as an author, addressee or recipient thereof; or persons who have prior knowledge of the contents of the document or thing, participated in events described or contained in the document or thing or in whose files the document or thing was found;

(b)      Outside counsel of record for the parties and Designating Parties to this action, as well as the partners, associates, agents and regularly employed staff and supporting personnel of such counsel to the extent reasonably necessary to render professional services in this action;

(c)      A designated in-house counsel of Plaintiff, *e*Plus, Inc. ("*e*Plus") and a designated in-house counsel of each defendant.  A designated in-house counsel must be an attorney employed by a party, and actively involved in assisting in the representation of his/her client in this matter, and whose job responsibilities are primarily legal in nature and do not include responsibility for day-to-day operations of the company.  The parties shall disclose the identities of their designated in-house counsel within ten (10) days of the entry of this Order.

-3-

(d)     A fact deposition witness that meets the limitations of Section 2.1(a); any 30(b)(6) deposition witness presented by the Designating Party; and any trial witness, provided that the Designated Material marked CONFIDENTIAL has been or will be offered into evidence, either by stipulation of the Designating Party, or after the Designating Party has been provided an opportunity to object, or by ruling by the Court.

**Deleted:** provided that counsel for the party taking the deposition has provided to the Designating Party copies of the Designated Material marked CONFIDENTIAL more than three (3) business days prior to the deposition, and that no objection is made during that period to the Designated Material to be referenced in the deposition

**Deleted:** or

(e)     The Court and court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

(f)     Subject to Section 3 below, Designated Material marked CONFIDENTIAL may also be disclosed to Independent Experts (and the assistants, secretarial and clerical staffs of such Independent Experts), (collectively, "Consultants") who are not employees of the Receiving Party and who are retained by a party or its attorneys of record in this action to assist in the preparation of the case, such as independent economic, accounting or scientific experts or technical advisors, and to furnish technical or expert services in connection with this action, or to give testimony with respect to the subject matter thereof for the trial of this action, and (i) who have been designated in writing by notice to counsel for all the other parties to this action and all Designating Parties prior to any disclosure of any of the Designating Party's CONFIDENTIAL information to such persons, and (ii) who have been provided with a copy of this Order and have signed an affidavit of the form of Exhibit A attached hereto (a copy of such signed affidavit to be provided promptly to counsel for all other parties and all Designating Parties by counsel for the party retaining such person);

(g)     Duplicating, photocopying and document coding/scanning contractors, provided that such contractors be provided a copy of this Order and that such contractors agree in writing, in the form of Exhibit A attached hereto, to comply with and be bound by its terms;

**Formatted:** zzmpTrailerItem

**Formatted:** Left, Line spacing: Exactly 10 pt

**Formatted:** Default Paragraph Font

-4-

(h)     Such other persons as the Designating Party may, in writing, agree or by order of this Court.

## 2.2  Materials Designated "CONFIDENTIAL – SOURCE CODE"

Any information designated "CONFIDENTIAL" may be additionally designated "CONFIDENTIAL – SOURCE CODE."  The "CONFIDENTIAL – SOURCE CODE" designation is reserved for "CONFIDENTIAL" information that includes source code, object code, Hardware Descriptive Language ("HDL" or "VHDL" files) for integrated circuits, and documentation relating to any such source code, object code, or HDL/VHDL files (for the purposes of this Order only, such source code, object code, VHDL, or HDL files will be referred to for convenience as "Source Code").  Information designated "CONFIDENTIAL – SOURCE CODE" shall be provided the following further protections.

(a)     Access to information designated "CONFIDENTIAL – SOURCE CODE" shall be provided to those persons who may see material marked or designated "CONFIDENTIAL," except for the persons identified in Section 2.1(c).

(b)     Each party shall produce Source Code in searchable electronic form on CDs, DVDs, or on a stand-alone hard drive.

(c)     CDs, DVDs, or hard drives containing source code shall be made available for inspection as follows:

(1)     In the case of production of Source Code for inspection, such Source Code for a producing party shall be made available at a single and appropriately secure escrow facility ("Secure Facility") located in a mutually convenient location for the receiving and producing parties, subject to the reasonable availability of such Secure Facility.  Such Secure

Facility may include, but is not limited to, the business offices of the producing party or its counsel.

(d)     The Secure Facility shall be provisioned with sufficient tools to review Source Code.  For example, the Secure Facility shall be provisioned with a printer, watermarked printer paper, and toner to allow printouts to be made from Source Code.  Such printouts will be left with the Secure Facility so that the producing party can Bates number, label as "CONFIDENTIAL – SOURCE CODE," and produce such printouts to the requesting party's outside counsel promptly.

(e)     Excerpts of Source Code may be included in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"); each excerpt of Source Code quoted in a Source Code Document shall be kept to the minimum amount required.  As an example, excerpts of approximately 25 to 40 lines in length would be allowed.  To the extent portions of Source Code are quoted in a Source Code document, either (1) the entire document will be stamped and treated as "CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code will be separately bound, stamped, and treated as "CONFIDENTIAL – SOURCE CODE."

**2.3  Destruction of Designated Materials**

Upon the termination of this action, all recipients of Designated Material pursuant to Section 2 shall return or destroy all Designated Material (and all copies thereof) in the manner described in Section 13.2 of this Protective Order.

**3.     Certificates Concerning Designated Materials**

3.1     Each person to whom any Designated Material may be disclosed pursuant to the provisions of Sections 2.1(f) above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under

-6-

penalty of perjury that he or she has carefully read the Protective Order and fully understands

and agrees to abide by its terms.  This certificate shall be in the form attached as Exhibit A.

Outside counsel who makes any disclosure of Designated Materials to Consultants, pursuant to

Sections 2.1(f) above, shall retain each original executed certificate.  This certificate shall be in

the form attached as Exhibit A.

> **Deleted:** (d) and

      3.2    If any party desires to give, show, make available or communicate any

documents or information designated as CONFIDENTIAL to any person identified in paragraphs

2.1(f) above, the party must first identify that individual to attorneys for the Designating Party,

who shall have seven (7) business days from receipt of such notice to object to disclosure to any

> **Deleted:** (d) and

individual so identified.  Such identification shall include the full name, company or firm name

and professional address of the Sections 2.1(f) individuals.  The parties shall attempt to resolve

> **Deleted:** (d) and

any objections informally.  If the objections cannot be resolved within ten (10) business days

from service of the notice, the party seeking to disclose the documents or information designated

as CONFIDENTIAL to the individual may move for an order of the Court allowing the

disclosure provided that the party so moving promptly serves upon the Designating Party a copy

of all moving papers.  In the event objections are made and not resolved informally, disclosure of

CONFIDENTIAL documents and/or information to the individual shall not be made except by

order of the Court.  The party seeking disclosure shall bear the burden of proving that the

disclosure is appropriate.

     **4.**     **Use of Designated Materials by Designating Party**

      Nothing in this Protective Order shall limit any Designating Party's use of its own

documents and information nor shall it prevent the Designating Party from disclosing its own

confidential information or documents to any person.  Such disclosure shall not affect any

designations made pursuant to the terms of this Protective Order, so long as the disclosure is

> **Formatted:** zzmpTrailerItem
>
> **Formatted:** Left, Line spacing: Exactly 10 pt
>
> **Formatted:** Default Paragraph Font

made in a manner which is reasonably calculated to maintain the confidentiality of the information.

**5.    Designating Materials**

Documents, information, materials, pleadings, legal memoranda, expert statements and discovery responses, in whole or in part, may be designated as CONFIDENTIAL as follows:

5.1    The producing or responding party shall designate material by placing the legend "CONFIDENTIAL" on each page of the materials or on each physical item prior to its production.

5.2    When a party wishes to designate its own CONFIDENTIAL materials produced by someone other than the Designating Party, such designation shall be made:

(a)    Within twenty-five (25) days from the date that the Designating Party receives copies of such materials from the producing or disclosing entity; and

(b)    By notice to all parties to this action and to the producing party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by facsimile and regular mail.

(c)    The parties receiving such materials agree to treat them as "CONFIDENTIAL" materials under this Protective Order until expiration of said 25 day period or until designation is made as set forth above within said 25 day period.

5.3    Upon notice of designation pursuant to Section 5.2 above, all persons receiving notice of the requested designation of materials shall:

(a)    Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

-8-

(b)     Take reasonable steps to notify any persons known to have possession or access to such Designated Materials of the effect of such designation under this Protective Order; and

(c)     Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Protective Order.

**6.     Designating Depositions**

6.1     Deposition transcripts or portions thereof may be designated as CONFIDENTIAL by a party or Designating Party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL.

6.2     Where testimony is designated at a deposition, the Designating Party shall have the right to exclude at those portions of the deposition all persons not authorized by the terms of this Protective Order to receive such Designated Material.

6.3     Notwithstanding the provisions set forth in Sections 2.1 and 3, above, any party may mark Designated Material marked CONFIDENTIAL as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material and provided that the person to whom the Designated Materials is to be shown is a person who may have such access under Sections 2.1 and 3, above.

6.4     Any party or Designating Party may, within thirty (30) calendar days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material.  If any party or Designating Party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the thirty day

-9-

DB2/21245725.1

period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL.  Until the expiration of the thirty calendar day period, any portion of the deposition not previously designated shall be treated as CONFIDENTIAL and subject to protection as provided by this Protective Order.

**7.      Copies**

All complete or partial copies of Designated Materials and written materials derived from Designated Materials shall also be deemed subject to the terms of this Protective Order.

**8.      Court Procedures**

**8.1  Disclosure of Designated Material to Court Officials.**

Subject to the provisions of this Section 8, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), the jury in this action, and any interpreters interpreting on behalf of any party or deponent who complete the certification set out in Exhibit A.

**8.2  Filing Designated Materials with the Court.**

In applications and motions to the Court, all Designated Material filed with the Court shall be in a sealed envelope or container on which shall be affixed the title of this action, an indication of the nature of the contents, the words "CONFIDENTIAL-FILED UNDER SEAL" and a statement substantially as follows:

**THIS ENVELOPE CONTAINS MATERIAL SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

-10-

Formatted: zzmpTrailerItem

Formatted: Left, Line spacing: Exactly 10 pt

Formatted: Default Paragraph Font

The submission shall indicate clearly which portions are Designated Materials.

Any such filing with the Court must be accompanied by a motion of the filing party requesting that the Court retain the documents under seal, and explaining in detail the specific grounds for maintaining the documents under seal pursuant to *Virginia Dep't of State Police v. The Washington Post*, 386 F.3d 567 (4th Cir. 2004).

> **Deleted:** The party filing an application or motion containing Designated Materials must provide the other party at least five (5) business days advance notice of the filing, identifying the specific Designated Materials that will be included.

For the convenience of the parties, Designating Parties and the Court, a party or Designating Party that files a paper that is a pleading, brief, declaration or exhibit that contains in excerpts, quotes or paraphrases Designated Material and undesignated material may file the entire paper under seal.  Subject to the Court's approval, the Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this action that have been designated, in whole or in part, as Designated Material by a party to this action.

### 8.3   Retrieval of Designated Materials.

The party or Designating Party responsible for filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including any appeals thereof), to the extent permitted by the Court and the Court's governing rules.

### 8.4   Failure to File Under Seal.

If any party or Designating Party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within 30 days of the filing of said Designated Materials.  The Clerk of the Court is directed to comply with such request if made.

### 9.      Objections

> **Formatted:** zzmpTrailerItem

> **Formatted:** Left, Line spacing: Exactly 10 pt

> **Formatted:** Default Paragraph Font

A party may challenge the propriety of any designation under this Protective Order at any time.  A challenge may be made by serving all other parties and the Designating Party with a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection").  Service of a Notice of Objection shall be made by facsimile and by mail.

Following service of a Notice of Objection, the parties and the Designating Party shall meet and confer in good faith to resolve the challenge.  In the event that the parties and the Designating Party are unable to resolve the challenge informally, the party challenging the designation may file, on or before the thirtieth calendar day after service of a Notice of Objection, a motion to redesignate the challenged material, accompanied by a certification that the parties and the Designating Party met and conferred in good faith prior to the filing of the motion.  In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection.  It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is CONFIDENTIAL within the meaning of this Protective Order.  The original designations shall remain effective until ten (10) business days after service of notice of entry of an order redesignating the materials and during the pendency of any timely filed appeal or writ petition.

In the event that a party files a motion challenging the designation of a document or documents, following the objection procedure set forth above and the meet and confer process, the Court may award sanctions, including reasonable attorneys' fees and costs, to the party prevailing on the motion if the Court finds that the other party or Designating Party acted without substantial justification by filing the motion, by resisting the motion, or by improperly designating materials as CONFIDENTIAL, as the case may be.

Formatted: zzmpTrailerItem

Formatted: Left, Line spacing: Exactly 10 pt

Formatted: Default Paragraph Font

DB2/21245725.1

10.     **Client Communication**

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose the contents, substance or source of Designated Material, except as permitted by this Protective Order.

11.     **No Prejudice**

11.1    This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

11.2    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3    If any person required to produce documents inadvertently produces any Designated Material, without marking it with the appropriate legend, the producing party may give written notice to the Receiving Party or Parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.

11.4    Neither the provisions of this Protective Order, nor the filing of any Designated Material, under seal, shall prevent the use in court, at any hearing, or at trial of this action of any Designated Material that is subject to this Protective Order or filed under seal pursuant to its provisions.  Prior to the pretrial conference, the parties and Designating Parties shall meet and confer concerning appropriate methods for dealing with Designated Materials at trial.

-13-

Formatted: zzmpTrailerItem

Formatted: Left, Line spacing: Exactly 10 pt

Formatted: Default Paragraph Font

**12.      Inadvertent Production of Privileged Documents**

In the event that one of the law firms that is counsel of record or counsel for a

Designating Party in this action (or a responsible attorney for a non-party) learns or discovers

that a document subject to immunity from discovery on the basis of attorney-client privilege,

work product or other valid basis has been produced inadvertently, counsel shall notify the

Receiving Party or Parties within ten business days after so learning or discovering that such

inadvertent production has been made.  The inadvertently disclosed documents and all copies

shall be returned to the producing party and the Receiving Party shall not seek an order

compelling production of the inadvertently disclosed documents on the ground that the

producing party has waived or is estopped from asserting the applicable privilege or immunity on

the basis that the document has been voluntarily produced.  Such inadvertent disclosure shall not

result in the waiver of any associated privilege, provided that the producing party has given

timely notice as provided in this paragraph.  Counsel shall cooperate to restore the confidentiality

of any such inadvertently produced information.

**13.      Modification and Survival**

**13.1 Modification.**

The parties reserve the right to seek modification of this Protective Order at any time for

good cause.  The parties agree to meet and confer prior to seeking to modify this Protective

Order for any reason.  The restrictions imposed by this Protective Order may only be modified or

terminated by written stipulation of all parties and Designating Parties or, after the Designating

Party has been provided an opportunity to object, by order of this Court.

**13.2 Survival and Return of Designated Material.**

This Protective Order shall survive termination of this action.  Upon final termination of

the action, including appeals and retrials, and at the written request of the Designating Party, all

-14-

Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to counsel for the Designating Party, or, if such Designating Party is not represented by counsel, directly to the Designating Party.  Such Designated Materials shall either be returned at the expense of the Designating Party or, at the option of the Receiving Party, destroyed.  Upon request for the return of destruction of Designated Materials, counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party.  Counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party not more than 90 days after the written request to return or destroy Designated Materials.

Notwithstanding the provisions for return or destruction of Designated Material, outside counsel may retain pleadings, attorney and Consultant work product.

### 14.   The Provisions Hereof Do Not Apply to Information That Becomes Public Knowledge in the Absence of a Violation of This Protective Order

The restrictions set forth in the foregoing paragraphs shall not apply to information which (a) was or became public knowledge, not in violation of this Protective Order, (b) was or is acquired in good faith from a third party, not a party to this action, not in violation of this Protective Order and who has the right to disclose such information, (c) was or is discovered independently by the Receiving Party without any violation of this Protective Order having occurred, or (d) was disclosed by the Designating Party to a third party in the absence of any understanding or expectation that the information would be kept confidential.  The burden of showing that Designated Material can be treated as non-confidential material pursuant to the provisions of this Section 14 shall rest at all times on the party who seeks to disclose such information or to treat such information as non-confidential.  A party that objects to the

-15-

designation of material as confidential on one of the grounds set forth in this Section 14 shall follow the objections procedures set forth in Section 9 above.

15.     **Material Disclosed to be Used Only for Purposes of Action**

All Designated Material hereunder shall be used by each Receiving Party solely for purposes of this action and for no other purpose.  Except as provided below, a Receiving Party may not use any Designated Material it obtains in the course of this action for any business purpose or in any other legal or administrative proceedings or in any other manner relating to the prosecution of any patent application or any request for patent rights in any country.  Designated Material produced during the course of this action can be used by a Receiving Party in other legal or administrative proceedings if such use is mutually agreed by the Designating and the Receiving Parties.

16.     **No Contract**

This stipulation is for the Court's consideration and approval as an order.  It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

17.     **Court's Retention of Jurisdiction**

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

18.     **Compliance With Local Rule 5**

18.1.    The parties have submitted this Stipulated Protective Order in compliance with Local Rule 5.

18.2.    Pursuant to Local Rule 5(C) and *Aschcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the public has been given notice that the parties sought the entry of this Stipulated

Formatted: zzmpTrailerItem

Formatted: Left, Line spacing: Exactly 10 pt

Formatted: Default Paragraph Font

-16-

DB2/21245725.1

Protective Order and a reasonable opportunity to object.  No objection to the entry of this Stipulated Protective Order was filed.

18.3.    Pursuant to Local Rule 5(C)(1), the documents to be sealed consist of the Designated Materials described in Paragraphs 1 through 6 above as well as the non-confidential supporting memorandum filed herewith.

18.4.    Pursuant to Local Rule 5(C)(2), sealing is necessary due to the confidential and/or proprietary nature of the Designated Materials, as set forth in the non-confidential supporting memorandum filed herewith and in accordance with *United States v. Moussauoi,* 2002 W.L. 1990900 *1, n.1 (E.D. Va. Aug. 29, 2002)) (Brinkema, J.); *EG&G, Inc. v. The Cube Corp.,* 2002 W.L. 31950215 (Va. Cir. Dec. 23, 2002) and the Virginia Uniform Trade Secrets Act, Va. Code §§ 59.1-336, *et seq.*  No procedure other than filing under seal would be sufficient to preserve the confidential and/or proprietary nature of the Protected Information, because the value of the Protected Information is derived from such confidential and/or proprietary nature.

18.5.    Pursuant to Rule 5(C)(4), within thirty (30) days after (a) the expiration of the time to file a notice of appeal if no appeal is filed, (b) the filing of the mandate of final order from the Court of Appeals if an appeal was filed and the case is not reopened as a result of the terms of the mandate or order, or (c) the dismissal as to all parties and claims, all Designated Materials filed under seal with the Court shall be returned to the party that filed it.  If the party to which it is to be returned fails to remove the Designated Materials after notice, it shall be destroyed to the extent allowed under the Local Civil Rules of this Court.

**19.    Approval by Counsel**

Formatted: zzmpTrailerItem

Formatted: Left, Line spacing: Exactly 10 pt

Formatted: Default Paragraph Font

-17-

DB2/21245725.1

Execution by counsel for the parties below shall indicate that the terms and conditions of this Stipulated Protective Order shall be regarded as a binding agreement by the parties regardless of the date the Stipulated Protective Order actually is signed by the Court.

**Formatted:** zzmpTrailerItem

**Formatted:** Left, Line spacing: Exactly 10 pt

**Formatted:** Default Paragraph Font

DATED:        July __, 2009

AGREED

_____
Gregory N. Stillman (VSB#14308)
Brent L. VanNorman (VSB#45956)
**HUNTON& WILLIAMS LLP**
500 East Main Street
Suite 1000
Norfolk, VA 23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444

Attorneys for Plaintiff
*e*Plus, Inc.

_____
Stephen E. Noona (VSB#25367)
**KAUFMAN & CANOLES, P.C.**
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169

**Formatted:** zzmpTrailerItem
**Formatted:** Left, Line spacing: Exactly 10 pt
**Formatted:** Default Paragraph Font

-19-

Kenneth W. Brothers
**DICKSTEIN SHAPIRO, LLP**
1825 Eye Street, N.W.
Washington, DC 20006-5403
Telephone:  (202) 420-4128
Facsimile:   (202) 420-2201
brothersk@dicksteinshapiro.com

Counsel for Defendant
Perfect Commerce, LLC

---

Stephen E. Noona (VSB#25367)
**KAUFMAN & CANOLES, P.C.**
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:   (757) 624-3169

Daniel Johnson, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1392
Facsimile:   (415) 442-1001
djohnson@morganlewis.com

Robert W. Busby, Jr. (VSB#41312)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004-2541
Telephone:  (202) 739-5970
Facsimile:   (202) 739-3001
rbusby@morganlewis.com

Counsel for Defendants SciQuest, Inc.
and Lawson Software, Inc.

SO ORDERED:

---

United States District Judge

Formatted: zzmpTrailerItem

Formatted: Left, Line spacing:
Exactly 10 pt

Formatted: Default Paragraph Font

-20-

DB2/21245725.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| *e*PLUS, INC., | ) |
| | ) |
| | )   **Civil Action No. 2:09cv232** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **PERFECT COMMERCE, INC.,** | ) |
| **SCIQUEST, INC., LAWSON** | ) |
| **SOFTWARE, INC. and VERIAN** | ) |
| **TECHNOLOGIES, INC.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**AGREEMENT**

My full name is _____. I am presently employed by

_____ in the position of _____. My residence

address is _____.

I hereby acknowledge that I am to have access to information designated in this action as

CONFIDENTIAL material, if permitted by the terms of the parties' Stipulated Protective Order,

in the captioned action. I certify my understanding that such information has been provided to

me pursuant to the terms and restrictions of the Stipulated Protective Order entered _____

2009, in the captioned action, under Section 2 thereof, and that I have been given a copy of and

have read said Stipulated Protective Order and agree to be bound by the terms thereof. I further

agree to subject myself to the jurisdiction of the United States District Court for the Eastern

District of Virginia regarding resolution of any matter pertaining to said Stipulated Protective

Order.

DB2/21245725.1

Dated: _____        Signature: _____

                                    Print Name: _____

DB2/21245725.1

**Formatted:** zzmpTrailerItem

**Formatted:** Left, Line spacing: Exactly 10 pt

**Formatted:** Default Paragraph Font