# EXHIBIT H

**From:** Albert, Jennifer A
**Sent:** Monday, August 10, 2009 12:31 PM
**To:** 'rtautkus@morganlewis.com'; 'Stillman, Greg'; 'VanNorman, Brent'; 'senoona@kaufcan.com'; brothersk@dicksteinshapiro.com
**Subject:** ePlus vs. Perfect Commerce et al: letter to Rita Tautkus

Attached is a letter to Rita Tautkus.


122830-172948_104
84_20090810_12273

Jennifer A. Albert
Goodwin | Procter LLP
901 New York Avenue NW
Washington, D.C. 20001
202-346-4322 (direct phone)
202-346-4000 (general phone)
202-346-4444 (fax)
JAlbert@goodwinprocter.com

GOODWIN | PROCTER

Jennifer A. Albert
202.346.4322
JAlbert@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

VIA EMAIL

August 10, 2009

Rita E. Tautkus
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105

Re: *ePlus, Inc. v. Perfect Commerce, Inc., et al.*
Civil Action No. 2:09cv232-HCM-TEM

Dear Rita:

This responds to Defendants' proposals concerning the case schedule and discovery stipulations.

Case Schedule

We understand that Defendants rejected *e*Plus's proposal that the parties have agreed-upon dates for disclosure of infringement and invalidity contentions in part because Defendants contend that they need full discovery from *e*Plus prior to preparing invalidity contentions. It is difficult to understand Defendants' position given that Defendants filed a counterclaim of invalidity and they have already filed a request for reexamination of the '172 Patent in the PTO relying upon certain alleged prior art. Moreover, any alleged prior art upon which Defendants intend to rely should be available in the public domain. *e*Plus presented its proposal in an effort to facilitate early disclosure of the parties' contentions so that the parties could appropriately focus their discovery efforts. We ask that Defendants reconsider *e*Plus's proposal for such disclosures.

As far as Defendants' proposal that *e*Plus begin early production of documents from prior litigations, *e*Plus has no intention of being dilatory in its discovery obligations and is making preparations to begin a rolling production in the near future. In exchange for an agreement by *e*Plus to begin document production prior to the August 24 due date for written responses to Defendants' outstanding document requests, *e*Plus asks that Defendants agree to a concurrent date for the close of fact discovery for all parties of December 21. This is a fair and reasonable

LIBW/1715670.1

GOODWIN | PROCTER

Rita E. Tautkus
August 10, 2009
Page 2

proposal since Defendants are counterclaim plaintiffs on several issues and, under the Court's current schedule, would have a fact discovery cutoff of November 23 as to such issues.

We acknowledge Defendants' request that ePlus waive confidentiality restrictions imposed upon Ariba, SAP and other third parties from prior litigations. However, ePlus is not in a position to do so. Such confidentiality restrictions are imposed pursuant to court-entered Protective Orders which prohibit the use of confidential materials for purposes other than the litigations in which such materials were produced.

We have set forth ePlus current scheduling proposals below.

| Event | Defendants' Proposed Dates | ePlus's Proposed Dates |
|---|---|---|
| ePlus begins production of materials from prior litigations | 30-Jul | n/a[1] |
| 26(a)(1) Initial Disclosures | 11-Aug. | 11-Aug. |
| Initial Infringement Contentions | n/a | 11-Sept. |
| Amended Pleadings | 14-Sept. | 14-Sept. |
| Initial Invalidity Contentions | n/a | 30-Sept. |
| Identify Experts | 25-Sept. | 1-Oct. (per Court's Order)[2] |
| Initial Expert Reports | 23-Oct. | 2-Nov. (per Court's Order) |
| Close of Fact Discovery-Plaintiff | 16-Nov. | 21-Dec. |
| Close of Fact Discovery-Defendants | 14-Dec. | 21-Dec. |
| Rebuttal Expert Reports | 23-Nov. | 2-Dec. (per Court's Order) |
| Reply Expert Reports | 8-Dec. | 17-Dec. (per Court's Order) |
| Close of Expert Discovery | 21-Dec. | 28-Dec. (per Court's Order) |
| Dispositive and Daubert Motions | n/a | 4-Jan. |
| Pretrial Disclosures | 30-Dec. | 30-Dec. |

---

[1] ePlus will agree to begin production of documents prior to the August 24 due date for its written responses to Defendants' outstanding document requests if Defendants agree to a concurrent cut-off date for fact discovery for all parties as to all issues.

[2] We are willing to agree to an earlier date of September 25 for this disclosure consistent with Defendants' proposal.

LIBW/1715670.1

GOODWIN | PROCTER

Rita E. Tautkus
August 10, 2009
Page 3

| Event | Defendants' Proposed Dates | ePlus's Proposed Dates |
|---|---|---|
| Objections to Pretrial Disclosures | 6-Jan. | 6-Jan. |
| Attorney Conference | 8-Jan. | 8-Jan. |
| Pretrial Conference | 15-Jan. | 15-Jan. |
| Jury Instructions/Voir Dire | 18-Jan. | 25-Jan. (per Court's Order) |
| Trial Date | 25-Jan. | 1-Feb. (per Court's Order) |

## Discovery Issues

ePlus agrees with the following discovery stipulations proposed by Defendants:

- Documents shall be produced in single page TIFF format, except for nonstandard file types such as databases and spreadsheets, which should be produced in native format. The OCR of each document and/or extracted text with metadata shall also be exchanged.

- Service by electronic means shall be deemed equivalent to hand delivery. For any pleadings that are non-confidential and that are filed with the Court using the ECF system, the parties agree to accept service via email in addition the receipt of the NEF from the ECF system. For any portion of pleadings that are confidential and that are filed with the Court under seal, the parties agree to accept service by e-mail.

- For pleadings and other documents filed with the Court, service on the parties shall be made by 6:00 p.m. Eastern Time. For responses to discovery requests and other documents exchanged but not filed with the Court, service on the parties shall be made by 8:00 p.m. Eastern Time.

- No notes, drafts, draft reports, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which an expert intends to rely as a basis for an opinion

LIBW/1715670.1

GOODWIN | PROCTER

Rita E. Tautkus
August 10, 2009
Page 4

> expressed in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at trial. Materials, communications and other information exempt from discovery under this paragraph shall be treated as attorney work product.

- Work product and privileged documents and things created after the date of filing of this lawsuit need not be identified on any privilege log.

- If Plaintiff produces privilege logs from prior litigation involving the patents-in-suit, then privileged e-mail communications to or from Plaintiff's trial counsel in prior litigations involving the patents-in-suit will not be the subject of discovery and need not be listed on any privilege log.

With respect to Defendants' other proposed discovery stipulations, ePlus has the following comments.

- ePlus cannot agree to a custodian-based discovery method to the exclusion of other methods for conducting searches for responsive documents. We have found that many companies in software development, implementation and maintenance retain relevant documentation relating thereto in centralized repositories. We would expect Defendants to conduct searches for responsive documents in such centralized repositories and in other locations where responsive documents are likely to be retained, in addition to searching custodian files.

- We cannot agree that no documents created after the filing of the complaint need be produced but for damages documents. Nor do we agree that documents created more than six years prior to the complaint need not be produced except for documents related to prior art. ePlus made an effort to narrow the time periods associated with its document requests. However, in certain cases with respect to a limited number of topics, ePlus has requested documents that pre-date the complaint by more than six years. One example of a request for documents which may require a search prior to six years before the filing of the Complaint are documents relating to the initial development and launch of the accused products.

- ePlus cannot agree to limit the scope of the search for responsive documents to those responsive to a list of search terms. In the prior two litigations against Ariba and SAP, Ariba's and SAP's searches were not limited via a list of search terms. ePlus is not aware of the terms used by

LIBW/1715670.1

**GOODWIN | PROCTER**

Rita E. Tautkus
August 10, 2009
Page 5

- the Defendants in their documents and, thus, is not in a position to agree upon any list of search terms at this time. Defendants should conduct their searches for documents based upon the topics as set forth in *e*Plus's document requests.

- *e*Plus cannot agree that backup tapes and archives need not be searched. *e*Plus currently has no knowledge of Defendants' document retention policies and the time periods after which various document types are subject to archiving.

- *e*Plus cannot stipulate that all documents it produced in the prior litigations are authentic. *e*Plus was requested in those litigations to produce documents it received from third parties as to which it does not have first-hand knowledge of their authenticity. *e*Plus is willing to stipulate that its own documents that it produced (bearing production labels beginning with EP and/or EPLUS) are authentic, genuine and true and correct copies of the original *e*Plus documents. Based on such stipulation, are Defendants now willing to agree that a party may not serve on any other party more than fifty (50) requests for admission, including parts and subparts, without leave of Court?

*e*Plus also requests that the Defendants consider the following proposed stipulations which *e*Plus believes are reasonable and are designed to avoid duplication and reduce the costs of discovery:

- Defendants shall coordinate deposition notices for the taking of depositions of Plaintiff's party witnesses, inventors and expert witnesses. Party witnesses of the Plaintiff, including Plaintiff's expert witnesses, and the inventors, shall not be required to appear separately for multiple depositions by different defendants.

- A deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) shall constitute one deposition, irrespective of the number of corporate representatives designated to testify on behalf of the corporation and the time required for taking such deposition. The parties agree to identify all corporate representatives at least three (3) days prior to their deposition. A personal deposition notice served upon an individual that is testifying as a corporate representative shall not constitute a separate deposition.

- Any party who receives documents from a third-party pursuant to a subpoena will re-produce those documents to all other parties within five (5) business days. Where re-production of documents within five business

LIBW/1715670.1

GOODWIN | PROCTER

Rita E. Tautkus
August 10, 2009
Page 6

>days is not possible, the party who received the documents will provide prompt notice to all other parties and the issue will be resolved on a case-by-case basis.

Please let us know Defendants' positions on these issues.

Sincerely,

*Jennifer A. Albert*

Jennifer A. Albert

cc (via email):   Stephen E. Noona
                  Kenneth W. Brothers
                  Gregory N. Stillman
                  Brent L. VanNorman

JAA:dja

LIBW/1715670.1