# EXHIBIT I

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com



# Morgan Lewis
COUNSELORS AT LAW

**Rita E. Tautkus**
Of Counsel
415.442.1357
rtautkus@MorganLewis.com

August 12, 2009

**VIA E-MAIL (JAlbert@goodwinprocter.com)**

Jennifer A. Albert
Goodwin Procter LLP
901 New York Avenue NW
Washington, DC  20001

Re:   ePlus, Inc. v. Perfect Commerce, Inc., et al.
      Civil Action No. 2:09cv232-HCM-TEM

Dear Jennifer:

This responds to your August 10 letter. I will address each of the issues raised in your letter in order.

We continue to believe that setting dates for disclosure of infringement and invalidity contentions is premature. Although prior art may be in the public domain, we still need to obtain the prior art before we can further discuss the disclosure of infringement and invalidity contentions. We have yet to receive the pleadings and expert reports from the prior litigation matters regarding these patents and, as you know, Defendants have already issued four third-party subpoenas requesting documents, most of which seek, *inter alia*, prior art from these third parties.

Defendants agree to a concurrent date for the close of fact discovery for all parties of December 21, 2009 in exchange for ePlus, Inc. ("ePlus")'s agreement to begin document production prior to the August 24th due date for written responses to Defendants' outstanding document requests.

With respect to Defendants' request that ePlus waive confidentiality restrictions imposed upon Ariba, SAP and other third parties from the prior litigation matters, we do not understand why ePlus would not be in a position to waive such restrictions. ePlus states that it is because of the court-entered Protective Orders that it cannot do so, but that is exactly why we request ePlus to waive those confidentiality restrictions. It is hard to believe that the Protective Orders would not allow ePlus to use its own confidential materials for purposes other than the litigation in which

DB2/21267436.1

Morgan Lewis
COUNSELORS AT LAW

Jennifer A. Albert
August 12, 2009
Page 2

such materials were produced. Surely the Protective Orders to which you refer do not restrict what the owner of the confidential material may do with that material. We ask that ePlus reconsider waiving the confidentiality restrictions imposed upon Ariba, SAP and other third parties from the prior litigation matters.

Thank you for your agreement to the discovery stipulations outlined on pages 3 and 4 of your letter. We would like to clarify two points. First, with respect to the cutoff date for the identifying documents on any privilege log, we are using the date of May 4, 2009, the day the Complaint was filed in the District of Delaware, as the cutoff. Second, with respect to allegedly privileged e-mail communications to or from Plaintiff's trial counsel in the prior litigation matters, Defendants agree, as stated in your letter, that they need not be listed on any privilege log provided that Plaintiff produces privilege logs in this matter from the prior litigation matters. However, to clarify, Defendants reserve the right to challenge Plaintiff's claim of privilege if appropriate. Please confirm your understanding of, and agreement to, these two points of clarification.

We understand that ePlus states it cannot agree to custodian-based discovery to the exclusion of other methods for conducting searches for responsive documents and that it cannot agree to limit the scope of the search to a list of search terms or by dates. As an initial matter, we note that ePlus gave no reason why restricting non-damages discovery after the complaint would be unreasonable. Nevertheless, we believe that there may be a misunderstanding of our proposal. We have always planned to search the relevant portions of centralized repositories for documents, while limiting the documents found outside of these central repositories to individual custodians. Both Lawson and SciQuest have central repositories that are enormous in size. This is the primary reason that we have asked for ePlus's agreement to the use of search terms and date restrictions. Nevertheless, due to ePlus's (1) refusal to reach agreement on early exchange of documents and (2) its delay in responding to Defendants' July 24, 2009 letter on these topics, we have commenced with the collection and processing of responsive documents in absence of complete agreement between the parties on this issue in order to meet upcoming discovery deadlines. Accordingly, Lawson and SciQuest are going forward with searching for and producing documents from a large number of select custodians and the relevant portions of the central repositories using a reasonable list of search terms and further restricted by dates proposed in my July 24, 2009 letter to ePlus's counsel. As you know, this is in accordance with common practice in e-discovery.

Defendants will agree that a party may not serve on any other party more than fifty (50) requests for admission, including parts and subparts, without leave of Court if ePlus will stipulate that its own documents that it produced are authentic, genuine and true and correct copies of the original ePlus documents.

Defendants agree with the following discovery stipulations proposed by ePlus:

DB2/21267436.1



Jennifer A. Albert
August 12, 2009
Page 3

- Defendants shall coordinate deposition notices for the taking of depositions of Plaintiff's party witnesses, inventors, and expert witnesses. Party witnesses of the Plaintiff, including Plaintiff's expert witnesses, and the inventors, shall not be required to appear separately for multiple depositions by different defendants.

- Any party who receives documents for a third-party pursuant to a subpoena will re-produce those documents to all other parties within five (5) business days. Where reproduction of documents within five business days is not possible, the party who received the documents will provide prompt notice to all other parties and the issue will be resolved on a case-by-case basis.

Defendants cannot agree to ePlus's proposal regarding depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) and alternatively propose the following.

- The parties agree to identify all corporate representatives designated to testify on behalf of the corporation pursuant to Fed. R. Civ. P. 30(b)(6) at least five (5) business days prior to their deposition. If a personal deposition notice has been served upon an individual that is testifying as a corporate representative, the deposition shall take place at the same time as the 30(b)(6) deposition to which the individual was designated to testify as a corporate representative.

We look forward to your prompt response so that we may proceed accordingly. We appreciate your efforts to work toward good faith resolutions of these and other discovery issues and will continue to pursue them with you according to the Local Rules of Practice.

Sincerely,

Rita Tautkus

Rita E. Tautkus

cc: (via email)
Stephen E. Noona (senoona@kaufcan.com)
Kenneth W. Brothers (brothersk@dicksteinshapiro.com)
Gregory Stillman (gstillman@hunton.com)
Brent L. VanNorman (bvannorman@hunton.com)

DB2/21267436.1