# EXHIBIT J

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| EPLUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PERFECT COMMERCE, INC., SCIQUEST, INC., LAWSON SOFTWARE, INC., and VERIAN TECHNOLOGIES, INC., <br><br> Defendants. | Civil Action No. 2:09-CV-232-HCM-TEM |

## DEFENDANT LAWSON SOFTWARE, INC.'S RESPONSES TO EPLUS, INC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-92)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Lawson

Software, Inc., ("Lawson") hereby responds to Plaintiff ePlus, Inc.'s ("ePlus") First Set of

Requests for Production of Documents (Nos. 1-92) as set forth below.

## GENERAL STATEMENT

Lawson incorporates by reference the following General Objections, as well as the

General Objections set forth in Lawson's Responses to ePlus, Inc.'s First Set of Interrogatories,

within each of the individual responses to individual requests for production, and all responses to

the individual requests for production are made subject to and without waiving these objections.

Subject to, and without waiving its general and specific objections to ePlus's individual

requests, Lawson will provide a response to these requests that complies with its obligations

under the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Virginia

and/or other applicable law.

In responding to ePlus's First Set of Requests for Production of Documents, Lawson does not waive any objection that may be applicable to: (a) the use, for any purpose, of any documents or documents given in response to ePlus's First Request for Production; or (b) the admissibility, relevancy, or materiality of any information or documents to any issue in this case.

The responses set forth below constitute the best information presently available to Lawson. Lawson reserves the right to amend, supplement, or change the responses made herein if and when additional, different, or more accurate information becomes available and/or additional facts are developed.

## GENERAL OBJECTIONS

1.      Lawson generally objects to these requests as seeking documents subject to the attorney-client privilege or work product immunity, or any other privilege or protection afforded by law. Any inadvertent production of any document shall not constitute a waiver of any privileges of Lawson, and Lawson reserves its rights to demand and obtain the return of any such document and all copies thereof. Lawson further objects to the requests to the extent they require Lawson to search for and reveal privileged information from its attorneys' files. Lawson will not schedule on a privilege log any attorney-client privileged materials or materials protected by the work product doctrine created on or after May 4, 2009, the date ePlus filed the Complaint in the District Court for the District of Delaware. As used herein, the term "non-privileged" refers to information or documents that are not protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection from discovery.

2.      Lawson generally objects to these requests as seeking to impose upon Lawson any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure or the Civil Local Rules. Lawson's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence or the applicable Local Rules.

3.      Lawson generally objects to these requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

4.      Lawson generally objects to these requests as overly broad and unduly burdensome to the extent they seek production of documents that were authored by, or sent to, ePlus and thus, are already in ePlus's possession.

5.      Lawson generally objects to these requests as overly broad and unduly burdensome to the extent they request information that is publicly available, not uniquely within the control of Lawson, or is equally available to ePlus.

6.      Lawson generally objects to these requests as overly broad and unduly burdensome to the extent they seek production of documents that are solely within the possession, custody, or control of persons or entities who are independent of Lawson.

7.      Lawson generally objects to these requests as seeking discovery of information that is available through other means that are less burdensome or more appropriate than through this First Set of Requests.

8.      Lawson generally objects to these requests as premature to the extent they seek information that is more properly provided through expert reports or expert depositions.  Lawson further objects that such requests are premature in view of the schedule set forth by the Court, the Federal Rules of Civil Procedure, and the Civil Local Rules.  Lawson will provide its expert disclosures in accordance with the disclosure requirements of the applicable rules and court orders.

9.      Lawson generally objects to these requests as improper to the extent they require or seek a legal conclusion.

10.     Lawson generally objects to these requests as seeking information or documents that are not generated or possessed by Lawson in the ordinary course of business.  Subject to its general and specific objections, Lawson will respond to these requests by providing responsive,

non-privileged documents and information that are generated by or in the possession of Lawson in the ordinary course of business.

11.     Lawson generally objects to these requests to the extent that they seek production of documents containing proprietary and/or business, technical and commercial information until such time as a protective order agreed to by the parties is entered by the court.

12.     Lawson generally objects to these requests to the extent that they seek production of documents containing information that Lawson is not permitted to disclose pursuant to confidentiality obligations to third parties.

The above-stated objections shall be deemed continuous throughout the responses to the specific requests that follow, even though not specifically referred to therein.  Lawson reserves the right to refrain from providing information, or redact information from relevant documents, in accordance with its General Objections.  Furthermore, any response that indicates Lawson will produce relevant documents is not an admission that such documents actually exist, but that Lawson will make a good-faith effort to search as required by the Federal Rules and attempt to ascertain whether responsive documents exist and can be produced.

<strong><u>OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u></strong>

1.     Lawson objects to the definitions and instructions as seeking to impose upon Lawson any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure or the Civil Local Rules.  Lawson's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence or the applicable Local Rules.

2.     Lawson objects to ePlus's definition of "Lawson" as vague, ambiguous, overly broad, and unduly burdensome to the extent that it covers subsidiaries or other related companies whose information and documents are neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and to the extent it covers persons or entities other than Lawson.  Subject to its general and specific objections, Lawson shall respond to these requests with regard to documents in the possession, custody or control of Lawson.

3.      Lawson objects to ePlus's use of "Electronic Sourcing and Procurement System(s) and/or Services" as vague, ambiguous and overly broad in its use of the terms "data regarding an item or items", "sources", "product catalogs", "requisition", "purchase order", "Lawson Procurement", "Lawson Requisitions", "Lawson Inventory Control", "Lawson Purchase Order", and "Lawson Procurement Punchout", and in its use of the phrase "any related applications, systems, methods and services, and any iterations, versions, releases, updates, or components thereof, and any other products and services that incorporate or relate to such products and services".

4.      Lawson objects to ePlus's First Set of Requests for Production as overly broad and unduly burdensome to the extent it seeks proprietary and/or confidential marketing and business information that neither concern nor relate to products alleged by ePlus to infringe U.S. Patent Nos. 6,023,683 ("the '683 patent"), 6,055,516 ("the '516 patent"), and 6,505,172 ("the '172 patent") or technology pertaining thereto, and is not otherwise relevant to any claim or defense of any party in this litigation nor likely to lead to the discovery of admissible evidence.

5.      Lawson objects to ePlus's First Set of Requests for Production as overly broad and unduly burdensome to the extent it seeks the production of documents relating to any products currently being designed, under development or yet to be commercialized by Lawson, as such documents contain highly proprietary, sensitive and confidential business information and are neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence.

6.      Lawson objects to ePlus's First Set of Requests for Production of Documents to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the '683, '516, and '172 patents, on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information or documents that are neither relevant to a claim or defense of any party, or to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

7.     Lawson generally objects to ePlus's definitions as overly broad to the extent they apply a meaning other than the ordinary meaning of the word.

## OBJECTIONS AND RESPONSES TO REQUESTS
## FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All documents relating to any requests for proposals ("RFP's), or Lawson's responses to RFP's relating to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), including without limitation all such documents that explain, describe, or characterize the functionality of Lawson's Electronic Sourcing Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 1:**

Lawson objects to Request No. 1 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson objects to the request as overly broad, vague and ambiguous, and not likely to lead to the discovery of admissible evidence.  Lawson further objects to the request as vague and ambiguous with respect to the terms "requests for proposals" and "functionality."

**RESPONSE TO REQUEST NO. 1:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 2:**

All Statements of Work ("SOW'S") relating to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), including any draft SOW's, and any correspondence with actual or prospective clients or Lawson relating to the SOW's.

**OBJECTION TO REQUEST NO. 2:**

Lawson objects to Request No. 2 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson objects to the request as overly broad, vague and ambiguous, and not likely to lead to the discovery of admissible evidence. Lawson further objects to the request as vague and ambiguous with respect to the term "Statements of Work."

**RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 3:**

All documents and things, including, without limitation, claim charts, opinions, tests and technical analyses, relied upon or referred to in determining whether or not to assert any affirmative defenses or counterclaim(s) in this action.

**OBJECTION TO REQUEST NO. 3:**

Lawson objects to Request No. 3 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects to this request as premature in its request for "opinions" that are opinions of counsel.

**RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such

documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 4:**

All documents and things relied upon or consulted in deciding whether to admit or deny any allegation in ePlus's Complaint in this action.

**OBJECTION TO REQUEST NO. 4:**

Lawson objects to Request No. 4 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 5:**

All document and things that support, refute, or relate to any of Lawson's Affirmative Defenses or Counterclaims, if any.

**OBJECTION TO REQUEST NO. 5:**

Lawson objects to Request No. 5 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving its objections, Lawson will produce responsive, non-

privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 6:**

All documents and things comprising, supporting, detracting from, or otherwise describing any contention of Lawson related to this action, including any contention that any claim of the patents in suit is invalid, unenforceable or not infringed, or any contention regarding the scope or interpretation of any of the claims of any of the patents in suit, or any contention regarding potential damages as a result of Lawson's alleged infringement.

**OBJECTION TO REQUEST NO. 6:**

Lawson objects to Request No. 6 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine.  Lawson further objects that this request is premature as it calls for information disclosed during expert discovery.

**RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 7:**

All documents and things provided to, used by, received by, consulted or relied upon by any consulting or testifying expert or fact witness that may be called by Lawson to testify at a hearing or at the trial of this case.

**OBJECTION TO REQUEST NO. 7:**

Lawson objects to Request No. 7 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and ambiguous in its use of the phrase "may be called".  Lawson further objects to this request as premature to the extent it seeks information that is more properly provided through expert reports or expert depositions.  Lawson further objects to this request as premature pending further scheduling orders from the Court, and the requirements of the Federal Rules of Civil Procedure and the Civil Local Rules.

**RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 8:**

All documents and things referring or relating to any expert or potential expert engaged by Lawson or with whom Lawson has consulted concerning any matter related to this action, including without limitation any engagement or retention letters, curriculum vitae, expert reports, opinions, affidavits, or declarations, or draft expert reports, opinions, affidavits, or declarations, and all documents provided to or relied upon by any such expert in connection with ay report, opinion, affidavit or declaration.

**OBJECTION TO REQUEST NO. 8:**

Lawson objects to Request No. 8 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrase "potential expert". Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects to this request as premature to the extent it seeks information that is more properly provided through expert reports or expert depositions and expert disclosures.

**RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 9:**

All documents and things that may be used as exhibits at any hearing in this case, including, but not limited to, a *Markman* hearing, a hearing on a dispositive motion and trial.

**OBJECTION TO REQUEST NO. 9:**

Lawson objects to Request No. 9 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrase "may be used". Lawson further objects that this request is

premature pending further scheduling orders from the Court, and the requirements of the Federal

Rules of Civil Procedure and the Civil Local Rules.

**RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving its objections, Lawson will produce responsive, non-

privileged, and non-objectionable documents located after a reasonable search, to the extent such

documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 10:**

All documents and things that embody, refer to, relate to, or comprise any study, analysis,

review or opinion (including opinions of counsel), conclusions, or contentions regarding the

validity or invalidity, infringement or non-infringement, enforceability or unenforceability,

interpretation or scope of any of the claims of any of the patents in suit or any related patents,

regardless of from whom such opinions, conclusions, or contentions were obtained, including

without limitation, any studies, reports, or competitive comparisons made with respect to acts

done, products sold, methods or systems used or services offered by Lawson, or by any third

party.

**OBJECTION TO REQUEST NO. 10:**

Lawson objects to Request No. 10 on all the grounds set forth in its General Objections

and incorporates these objections as if set forth in full herein.  Lawson further objects that this

request calls for information that is subject to the attorney-client privilege and/or the work

product doctrine.  Lawson further objects to this request as vague, ambiguous, overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  Lawson further objects to this request as vague and ambiguous in its use of the phrase

"related patents". Lawson further objects to this request as premature in its request for "opinions of counsel."

## RESPONSE TO REQUEST NO. 10:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

## REQUEST NO. 11:

All documents and things that refer to the patentability or unpatentability of any aspect of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes or operations in the United States and/or abroad, including any prior art cited to reject Lawson patent applications or any prior art that interferes with claims of Lawson's patent applications, any draft patent applications (whether domestic or foreign), draft declarations, draft amendments, or other draft papers prepared during, or with reference to the prosecution of any application to pursue patent protection for any aspect of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes or operations in the United States and/or abroad.

## OBJECTION TO REQUEST NO. 11:

Lawson objects to Request No. 11 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, in that it seeks information that is not relevant to any claim or defense pending in this action.

**RESPONSE TO REQUEST NO. 11:**

Subject to and without waiving its objections, and to the extent such documents exist, Lawson will produce U.S. Patents issued to Lawson that relate to the accused products.

**REQUEST NO. 12:**

All publications, prior art references or other materials and things relating to the invalidity, validity, unenforceability, enforceability, scope, or interpretation of any of the claims of any of the patents in suit, and all documents and things that refer to, relate to, or otherwise describe such publications, prior art references, and other materials.

**OBJECTION TO REQUEST NO. 12:**

Lawson objects to Request No. 12 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as overly broad and unduly burdensome in its request for "all documents and things that refer to, relate to, or otherwise describe" the requested documents and materials. Lawson further objects to this request as vague and ambiguous and overly broad and unduly burdensome in its use of the phrase "relating to the invalidity, validity, unenforceability, enforceability, scope or interpretation."

**RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such

documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 13:**

All documents and things that refer to, relate to or evidence any consideration, negotiation, recommendation, or proposal to license, buy, acquire or otherwise obtain rights under any of the patents in suit or related patent applications of ePlus.

**OBJECTION TO REQUEST NO. 13:**

Lawson objects to Request No. 13 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrase "related patent applications". Lawson further objects to this request as overly broad and unduly burdensome to the extent it seeks production of documents not in Lawson's possession, custody or control.

**RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 14:**

All documents and things that refer to, relate to or evidence any communications between ePlus (or its representatives) and Lawson (or its representatives, or its affiliates) generally or concerning any of the patents in suit or related patent applications of ePlus, including without limitation any discussion, consideration, or analysis by Lawson or its representatives or affiliates, prior or subsequent to such communications, regarding any of the patents in suit, and whether

Lawson should or would license, buy, acquire or otherwise obtain rights under any of the patents in suit or related patent applications of ePlus.

## OBJECTION TO REQUEST NO. 14:

Lawson objects to Request No. 14 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and ambiguous in its use of the phrase "related patent applications".

## RESPONSE TO REQUEST NO. 14:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

## REQUEST NO. 15:

All documents and things that refer or relate to the enforceability or unenforceability of any of the patents in suit, including, without limitation, communications received by Lawson from third parties.

## OBJECTION TO REQUEST NO. 15:

Lawson objects to Request No. 15 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

## RESPONSE TO REQUEST NO. 15:

Subject to and without waiving its objections, Lawson will produce responsive, non-

privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 16:**

All documents and things, including those reflecting or referring to prior patents, publications, literature or prior systems or methods that have ever been considered by Lawson, and all persons acting on behalf of Lawson, in evaluating the validity, enforceability or scope of the subject matter disclosed or claimed in any of the patents in suit.

**OBJECTION TO REQUEST NO. 16:**

Lawson objects to Request No. 16 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine.  Lawson further objects to this request as vague and ambiguous in its use of the terms "prior patents, publications, literature or prior systems or methods."

**RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 17:**

All documents and things that refer to any patent, publication, or literature search, investigation, analysis or consideration relating to the validity, invalidity, infringement or non-infringement, enforceability or unenforceability of any of the patents in suit, that were conducted by or on behalf of Lawson or which were otherwise received by Lawson.

**OBJECTION TO REQUEST NO. 17:**

Lawson objects to Request No. 17 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 18:**

All documents and things considered by, or reflecting information considered by, the author of any search, study, investigation, opinion, conclusion or contention relating to validity, invalidity, enforceability, unenforceability, infringement or non-infringement of any of the patents in suit including, without limitation, all patents, literature and/or publications reviewed or considered and any documents which reflect or relate to the relevance of all such patents, literature and/or publications.

**OBJECTION TO REQUEST NO. 18:**

Lawson objects to Request No. 18 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and unintelligible.  Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work

product doctrine. Lawson further objects to this request as vague and ambiguous in its use of the terms "reviewed or considered" and "relevance."

**RESPONSE TO REQUEST NO. 18:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 19:**

Each textbook, periodical, handbook, technical article, report, printed publication or other literature, reference or document that was dated prior to August 10, 1994, or that you reviewed, possessed, used or had knowledge of prior to August 10, 1994 relating in whole or in part to any device, apparatus, system, method or process embodying any element of any claim of any of the patents in suit, including without limitation patents, drawings, figures, charts, graphs, layouts, formulas, schematics, descriptions, printouts or web sites, invention disclosures, flow charts, or examples of a device, apparatus, system, method or process embodying any element of any claim of any of the patents in suit.

**OBJECTION TO REQUEST NO. 19:**

Lawson objects to Request No. 19 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrases "any element of any claim" and "relating in whole or in part."

**RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 20:**

All articles, publications, reports or other printed materials dated prior to August 10, 1994 that refer or relate in any way to Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 20:**

Lawson objects to Request No. 20 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as overly broad and unduly burdensome, vague and ambiguous with respect to the term "Electronic Sourcing and Procurement System(s) and/or Service(s)."

**RESPONSE TO REQUEST NO. 20:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 21:**

All articles, publications, reports or other printed materials dated prior to August 10, 1994 that refer or relate in any way to Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 21:**

Lawson objects to Request No. 21 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as duplicative of Request No. 20.  Lawson further objects to this request as overly broad, unduly burdensome, vague and ambiguous with respect to the term "Electronic Sourcing and Procurement System(s) and/or Service(s)," and "relate in any way."

**RESPONSE TO REQUEST NO. 21:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 22:**

Documents and things sufficient to establish the date of introduction, production, implementation and/or launch by Lawson or its predecessors of its Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations in the United States, as well as any feature or function of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations as it was first introduced, produced, implemented and/or launched.

**OBJECTION TO REQUEST NO. 22:**

Lawson objects to Request No. 22 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence and unintelligible.  Lawson further objects to this

request as vague and ambiguous in its use of the phrase "first introduced, produced, implemented

and/or launched".

## RESPONSE TO REQUEST NO. 22:

Subject to and without waiving its objections, Lawson will produce responsive, non-

privileged, and non-objectionable documents located after a reasonable search, to the extent such

documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

## REQUEST NO. 23:

All documents and things that refer, reflect, or relate to any advertisement, promotion,

display, demonstration or marketing by Lawson or its predecessors regarding its Electronic

Sourcing and Procurement System(s) and/or Service(s), products, applications, services,

processes and/or operations or by others after August 10, 1994 including, without limitation,

technical bulletins or updates, operations manuals, training manuals, bills of material, brochures

and product descriptions.

## OBJECTION TO REQUEST NO. 23:

Lawson objects to Request No. 23 on all the grounds set forth in its General Objections

and incorporates these objections as if set forth in full herein.  Lawson further objects to this

request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and

ambiguous in its use of the phrases "or by others," "advertisement, promotion, display,

demonstration or marketing," "technical bulletins or updates, operations manuals, training

manuals, bills of material, brochures and product descriptions," and "refer, reflect or relate."

**RESPONSE TO REQUEST NO. 23:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 24:**

All documents and things that refer, reflect, or relate to any advertisement, promotion or marketing by Lawson or its predecessors regarding its Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations or by others prior to August 10, 1994.

**OBJECTION TO REQUEST NO. 24:**

Lawson objects to Request No. 24 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and ambiguous in its use of the phrases "advertisement, promotion or marketing," "or by others," and "refer, reflect or relate."

**RESPONSE TO REQUEST NO. 24:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 25:**

All press releases ever issued by Lawson from the commencement of its operations through the present date.

**OBJECTION TO REQUEST NO. 25:**

Lawson objects to Request No. 25 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects that the request is overbroad with respect to the time frame contemplated for all pres releases "ever issued."

**RESPONSE TO REQUEST NO. 25:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 26:**

All documents and things that refer, reflect, or relate to any display, demonstration, presentation, speech, seminar, webinar, sales pitch, training program, concerning Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations.

**OBJECTION TO REQUEST NO. 26:**

Lawson objects to Request No. 26 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects that the terms "[a]ll documents and things that refer, reflect, or relate to" are overly broad, vague and ambiguous.

**RESPONSE TO REQUEST NO. 26:**

Subject to and without waiving its objections, Lawson will produce responsive, non-

privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

## REQUEST NO. 27:

All documents and things that refer, reflect, or relate to any display, demonstration, distribution, submission, or mailing to any actual or potential customer of any information referring or pertaining to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations prior to August 10, 1994, including, without limitation, monthly newsletters, technical bulletins or updates, operations manuals, training manuals, flow charts, diagrams, drawings, demonstration software programs, presentations, webinars, maintenance schedules, descriptions, bills of material, parts, drawings, and brochures.

## OBJECTION TO REQUEST NO. 27:

Lawson objects to Request No. 27 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects that the terms "[a]ll documents and things that refer, reflect, or relate to" are overly broad, vague and ambiguous.

## RESPONSE TO REQUEST NO. 27:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 28:**

All documents and things that refer, reflect, or relate to any analysis of whether any of the inventions that are disclosed and/or claimed in any of the patents in suit were offered for sale or placed on sale or in public use before August 10, 1994, including, without limitation, all legal research, all analyses of priority dates, all witness interviews, and all documents reflecting Lawson's, ePlus's, or third-party sales of, offers to sell, or public use of such inventions.

**OBJECTION TO REQUEST NO. 28:**

Lawson objects to Request No. 28 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine.  Lawson further objects that the terms "[a]ll documents and things that refer, reflect, or relate to" are overly broad, vague and ambiguous.  Lawson further objects to this request as premature to the extent it seeks information that is more properly provided through expert reports or expert depositions and expert disclosures.

**RESPONSE TO REQUEST NO. 28:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 29:**

All documents and things exchanged between, or which relate to, refer to, or involve correspondence between Lawson and/or its counsel pertaining to any of the patents in suit or

related patent applications, including any consideration or analysis of whether Lawson would or should license, buy, acquire, or otherwise obtain rights under any of the patents in suit or related patent applications of ePlus.

## OBJECTION TO REQUEST NO. 29:

Lawson objects to Request No. 29 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

## RESPONSE TO REQUEST NO. 29:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

## REQUEST NO. 30:

All documents and things that refer to ePlus, Fisher Scientific Company, Procurenet, Inc., James M. Johnson, Robert P. Kinross, Francis J. Melly and/or Douglas A. Momyer.

## OBJECTION TO REQUEST NO. 30:

Lawson objects to Request No. 30 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.

## RESPONSE TO REQUEST NO. 30:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 31:**

All documents related to patents, pending patent applications, invention disclosures, patentability searches, and conception documents to which Lawson has an ownership interest or license, including draft claims, prior art related to the patent or patent application, assignment documents, chain of title documents, license agreements, draft figures, correspondence between Lawson or its representatives and the United States Patent and Trademark Office or any other foreign patent office, correspondence with drafting companies, and correspondence with foreign associates.

**OBJECTION TO REQUEST NO. 31:**

Lawson objects to Request No. 31 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects to this request as vague and ambiguous in its use of the terms "conception documents," "ownership interest," "assignment documents," "chain of title documents," and "foreign associates."

**RESPONSE TO REQUEST NO. 31:**

Subject to and without waiving its objections, and to the extent such documents exist, Lawson will produce U.S. Patents issued to Lawson that relate to the accused products.

**REQUEST NO. 32:**

All documents and things that refer to, relate to or evidence any comparison of the functions, features, methods, processes, systems, components, apparatuses, and/or characteristics

of Lawson or Lawson's business, Internet web sites, or any of Lawson's products, applications and/or services with any claim, element, or portion of any of patents in suit.

**OBJECTION TO REQUEST NO. 32:**

Lawson objects to Request No. 32 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**RESPONSE TO REQUEST NO. 32:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 33:**

All documents and things that refer to, relate to or pertain to any discussion or communication, whether written or oral, of possible infringement or noninfringement of any claim of any of the patents in suit, including, without limitation, recorded notes, minutes or memoranda of any meeting attended by an officer, director, employee, agent or manager of Lawson referring to any of the patents in suit, Lawson's systems, products, applications, services, processes and/or operations, or referring to any Electronic Sourcing and Procurement System and/or Service, device, apparatus, method or process that may or may not infringe any claim of the patents in suit.

**OBJECTION TO REQUEST NO. 33:**

Lawson objects to Request No. 33 on all the grounds set forth in its General Objections

and incorporates these objections as if set forth in full herein. Lawson further objects to this request as unintelligible, vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects that the request is overbroad with respect to the terms "possible infringement or noninfringement," "referring to," and "may or may not infringe."

**RESPONSE TO REQUEST NO. 33:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 34:**

All documents and things that refer to, relate to or evidence any steps, procedures or efforts made by Lawson to avoid infringement of any patent, including, without limitation, documents and things that relate to any effort to design, redesign or modify Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations.

**OBJECTION TO REQUEST NO. 34:**

Lawson objects to Request No. 34 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

Lawson further objects that the request is vague and ambiguous with respect to the terms "avoid," and "design, redesign or modify."

**RESPONSE TO REQUEST NO. 34:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 35:**

Documents and things sufficient to establish any policy, practice or procedure of Lawson relating to the avoidance or non-avoidance of patent and/or intellectual property rights of others, including the infringement and/or misappropriation of those rights.

**OBJECTION TO REQUEST NO. 35:**

Lawson objects to Request No. 35 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous as to the terms "sufficient to establish" and "avoidance or non-avoidance."

**RESPONSE TO REQUEST NO. 35:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 36:**

All documents and things relating to Lawson's acquisitions of the stock and/or assets of any entity or any acquisition of Lawson's assets and/or stock by any other entity, including

without limitation, all merger and/or acquisition and/or purchase agreements, due diligence materials, valuations of Lawson's or the acquired entity's stock and/or liabilities, and documents relating to patent and intellectual property rights investigation and clearance conducted in connection with such acquisitions or in connection with the operation of Lawson or of the acquired entities.

**OBJECTION TO REQUEST NO. 36:**

Lawson objects to Request No. 36 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as overly broad and unduly burdensome with respect to the terms "any entity" and "any other entity."

**RESPONSE TO REQUEST NO. 36:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 37:**

All documents and things that refer to, relate to or evidence any contingency plan or other plan of Lawson that might be implemented in the event that Lawson is enjoined from infringement of any of the patents in suit.

**OBJECTION TO REQUEST NO. 37:**

Lawson objects to Request No. 37 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this

request as vague and ambiguous in its use of the phrases "contingency plan or other plan" and "might be implemented." Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**RESPONSE TO REQUEST NO. 37:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 38:**

All documents and things that refer or relate to the organizational structure of Lawson or that are sufficient to identify any persons ever having managerial responsibility or an ownership interest of greater than ten percent (10%) in Lawson.

**OBJECTION TO REQUEST NO. 38:**

Lawson objects to Request No. 38 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrase "managerial responsibility". Lawson further objects that the request is unduly burdensome with respect to time.

**RESPONSE TO REQUEST NO. 38:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 39:**

All documents and things that refer to, relate to or evidence the document retention policies of Lawson including, but not limited to, any manuals that describe the document retention policies and practices, server back-up rotation schedules and email retention policies. Such documents shall also include all notices or directives suspending or modifying the standard document retention practices, server back-up rotation schedules and email retention policies.

**OBJECTION TO REQUEST NO. 39:**

Lawson objects to Request No. 39 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as overly broad and unduly burdensome in its use of the term "[a]ll documents and things that refer to, relate to or evidence."

**RESPONSE TO REQUEST NO. 39:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 40:**

All documents and things that relate to, refer to, or involve any money or monetary funds that have ever been set aside, put in escrow, or designated for settlement or to pay for damages relating to the infringement or potential infringement by Lawson of any of the patents in suit or for any other claim for patent infringement or other infringement or misappropriation of intellectual property rights.

**OBJECTION TO REQUEST NO. 40:**

Lawson objects to Request No. 40 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as unintelligible, vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 40:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 41:**

All filings made by Lawson to the U.S. Securities and Exchange Commission and to the Secretary of State for the state in which Lawson is incorporated from its incorporation to the present.

**OBJECTION TO REQUEST NO. 41:**

Lawson objects to Request No. 41 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects that the request is overbroad with respect to the time frame contemplated for documents "from its incorporation."

**RESPONSE TO REQUEST NO. 41:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 42:**

All documents and things that refer to or relate to any disputes, complaints, lawsuits, litigations, arbitrations, mediations or other dispute resolution proceedings in which Lawson has been or is currently involved and which relate in any way to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations and the products, applications and/or services offered by Lawson in connection therewith.

**OBJECTION TO REQUEST NO. 42:**

Lawson objects to Request No. 42 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to the use of the phrases "[a]ll documents and things that refer to or relate to" and "Electronic Sourcing and Procurement System(s) and/or Service(s)" as overly broad, unduly burdensome, vague and ambiguous.

**RESPONSE TO REQUEST NO. 42:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 43:**

All documents and things that constitute, refer or relate to advertising plans, business plans, estimates, revenue forecasts, marketing plans or efforts, promotional programs or strategies on the part of Lawson, or on its behalf, concerning its Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations.

**OBJECTION TO REQUEST NO. 43:**

Lawson objects to Request No. 43 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as overly broad and unduly burdensome with respect to the terms "[a]ll documents and things that constitute, refer or relate to" and "Electronic Sourcing and Procurement System(s) and/or Service(s)."

**RESPONSE TO REQUEST NO. 43:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 44:**

All documents and things that constitute, refer or relate to any communications (including without limitation any advertising or marketing materials) from Lawson to actual or prospective customers of Lawson's Electronic Sourcing and Procurement System(s) and/or Services that provide aid, assistance, instruction, training, suggestion or direction of any nature with respect to the implementation and use of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 44:**

Lawson objects to Request No. 44 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this

request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 44:**

Subject to and without waiving its objections, Lawson will make available for inspection its customer feedback database, and will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 45:**

All documents and things that embody, refer to or relate to any revenues or potential revenues associated with Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations, including, without limitation, licenses, agreements, royalty streams, royalty reports, transaction fees and revenues from advertisers and presentations provided to potential investors.

**OBJECTION TO REQUEST NO. 45:**

Lawson objects to Request No. 45 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to the use of the phrases "[a]ll documents and things that embody, refer to or relate to" and "Electronic Sourcing and Procurement System(s) and/or Service(s)" as overly broad, unduly burdensome, vague and ambiguous.

**RESPONSE TO REQUEST NO. 45:**

Subject to and without waiving its objections, Lawson will produce responsive, non-

38

privileged, and non-objectionable documents located after a reasonable search, to the extent such

documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 46:**

All documents and things that explain, describe, embody, refer to or relate to the manner

in which any revenues or potential revenues associated with Lawson's Electronic Sourcing and

Procurement System(s) and/or Service(s), products, applications, services, processes and/or

operations are booked or accounted for.

**OBJECTION TO REQUEST NO. 46:**

Lawson objects to Request No. 46 on all the grounds set forth in its General Objections

and incorporates these objections as if set forth in full herein. Lawson further objects to this

request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence. Lawson further objects to the use of the phrases

"[a]ll documents and things that explain, describe, embody, refer to or relate to" and "Electronic

Sourcing and Procurement System(s) and/or Service(s)" as overly broad, unduly burdensome,

vague and ambiguous.

**RESPONSE TO REQUEST NO. 46:**

Subject to and without waiving its objections, Lawson will produce responsive, non-

privileged, and non-objectionable documents located after a reasonable search, to the extent such

documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 47:**

All documents and things comprising, relating to, referring to, or otherwise describing

any representation or submission made by Lawson to another about Lawson's Electronic

Sourcing and Procurement System(s) and/or Service(s), products, services, processes and/or

operations. Such documents and things shall include, but not be limited to, advertisements, promotional materials (including slides, transparencies, demonstrations, seminars, webinars, technical and product information), data sheets, brochures, manuals for training, use and maintenance, reports, catalogues, call reports by inside or field sales personnel, internal or external communications, letters, memoranda, notes, electronic mail transmissions, and submissions to any local, state, federal or foreign Governmental entity.

## OBJECTION TO REQUEST NO. 47:

Lawson objects to Request No. 47 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as overly broad and unduly burdensome with respect to the request for "[a]ll documents and things comprising, relating to, referring to, or otherwise describing any representation or submission made by Lawson to another."

## RESPONSE TO REQUEST NO. 47:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

## REQUEST NO. 48:

All documents and things comprising, referring to, relating to, or otherwise describing any comments received by Lawson from another regarding Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations, including, but not limited to, complaints, praise or suggestions regarding its

Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations.

**OBJECTION TO REQUEST NO. 48:**

      Lawson objects to Request No. 48 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as overly broad and unduly burdensome in general and with respect to its request for "[a]ll documents and things comprising, referring to, relating to, or otherwise describing any comment received by Lawson from another."

**RESPONSE TO REQUEST NO. 48:**

      Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 49:**

      All documents and things sufficient to show the structure or architecture of the computer system or software that operates, supports, is used to implement or maintains Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations, including block diagrams, data structure diagrams, system architecture diagrams, database layouts and software flow charts.

**OBJECTION TO REQUEST NO. 49:**

      Lawson objects to Request No. 49 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this

request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the term "computer system or software that operates, supports, is used to implement or maintains." Lawson further objects to this request as overly broad and unduly burdensome with respect to time.

**RESPONSE TO REQUEST NO. 49:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 50:**

All documents and things sufficient to show the performance, specifications and/or functional characteristics and capabilities of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications services, processes and/or operations from 1994 to present.

**OBJECTION TO REQUEST NO. 50:**

Lawson objects to Request No. 50 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 50:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 51:**

All documents related to agreements, contracts, licenses, arrangements, permissions, term sheets, memoranda of understanding and letters of intent related to third-party developed technology used by Lawson as part of its Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations.

**OBJECTION TO REQUEST NO. 51:**

Lawson objects to Request No. 51 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and ambiguous in its use of the phrases "used by Lawson" and "third-party developed technology."

**RESPONSE TO REQUEST NO. 51:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 52:**

All documents related to technical descriptions, requirements, specifications, and other documents sufficient to enable a software engineer or programmer to understand the operation of any third-party developed technology used by Lawson as part of its Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations.

**OBJECTION TO REQUEST NO. 52**:

Lawson objects to Request No. 52 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrases "third-party developed technology," "sufficient to enable a software engineer or programmer to understand" and "used by Lawson."

**RESPONSE TO REQUEST NO. 52**:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 53**:

All documents related to any agreements, contracts, licenses, permissions, arrangements, memoranda of understanding, term sheets and letters of intent between and among Lawson and any other entity pertaining to the acquisition of the right to use any technology relating to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations, including, without limitation, documents related to evaluating the value of such technology.

**OBJECTION TO REQUEST NO. 53**:

Lawson objects to Request No. 53 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and ambiguous in its use of the phrase "any technology relating to".

**RESPONSE TO REQUEST NO. 53:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 54:**

All documents and things that refer to or relate to each product, system, apparatus, process or service Lawson contends is an acceptable non-infringing alternative to the apparatus(es), systems or methods claimed in any claim of the patents in suit or to Lawson's current Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 54:**

Lawson objects to Request No. 54 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as calling for a legal conclusion and as premature as the claims of the patents-in-suit have not yet been construed by the Court.  Lawson further objects to this request as premature to the extent it seeks information that is more properly provided through expert reports or expert depositions and expert disclosures.  Lawson further objects to this request as overly broad, vague and ambiguous in its use of the phrases "acceptable non-infringing alternative" and "[a]ll documents and things that refer to or relate to."

**RESPONSE TO REQUEST NO. 54**:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 55**:

All documents and things relating to, referring to, or otherwise describing the bases for the prices, including, without limitation, any advertising rates, commissions, license fees, maintenance fees, support fees, implementation fees, royalties, or service fees, charged by Lawson for the Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications or services offered by Lawson.

**OBJECTION TO REQUEST NO. 55**:

Lawson objects to Request No. 55 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as overly broad and unduly burdensome in general and with respect to the term "[a]ll documents and things relating to, referring to, or otherwise describing."

**RESPONSE TO REQUEST NO. 55**:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 56:**

Documents and things sufficient to establish the cost to Lawson of advertising, marketing and providing the products, applications or services that it offers including those related to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 56:**

Lawson objects to Request No. 56 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and ambiguous in its use of the phrase "cost to Lawson."

**RESPONSE TO REQUEST NO. 56:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 57:**

All documents and things referring to or relating to the standard development, production, servicing or maintenance costs, cost of goods sold, operational and administrative expenses, and other direct or indirect expenses associated with the operation of and conduct of Lawson's business, which may include, without limitation, costs for purchase or lease of new equipment, hardware, software, materials, labor, general and administrative expenses, component costs, plant and office costs, training costs, research and development costs, rent, utilities, overhead and depreciation, in the form of periodic reports (whether annual, monthly,

weekly or daily), production reports, credit card receipts, inventory reports, profit and loss reports, income statements and balance sheets.

## OBJECTION TO REQUEST NO. 57:

Lawson objects to Request No. 57 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and ambiguous in its use of the phrases "[a]ll documents and things referring to or relating to" and "standard development, production, servicing or maintenance costs, cost of goods sold, operational and administrative expenses, and other direct or indirect expenses associated with the operation of and conduct of Lawson's business".

## RESPONSE TO REQUEST NO. 57:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

## REQUEST NO. 58:

All documents and things that refer, reflect, or relate to the nature and extent of any damages suffered by ePlus as a result of Lawson's direct, contributory, or inducement of infringement of any of the patents in suit.

## OBJECTION TO REQUEST NO. 58:

Lawson objects to Request No. 58 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague and ambiguous in its use of the phrase "damages suffered by ePlus."

**RESPONSE TO REQUEST NO. 58:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 59:**

All documents and things that refer to, relate to or reflect what Lawson considers to be an established or usual royalty in the industry to which any of the patents in suit relate.

**OBJECTION TO REQUEST NO. 59:**

Lawson objects to Request No. 59 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as premature to the extent it seeks information that is more properly provided through expert reports or expert depositions and expert disclosures.  Lawson further objects to this request as vague and ambiguous in its use of the phrases "established or usual royalty" and "[a]ll documents that refer to, relate to or reflect."

**RESPONSE TO REQUEST NO. 59:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 60:**

All documents and things that refer to the nature, size and scope of the market for, the availability of, and the demand for Electronic Sourcing and Procurement System(s) and/or

Service(s), products or services in general, and/or Lawson's Electronic Sourcing and

Procurement System(s) and/or Service(s), products and services in particular.

**OBJECTION TO REQUEST NO. 60:**

Lawson objects to Request No. 60 on all the grounds set forth in its General Objections

and incorporates these objections as if set forth in full herein.  Lawson further objects to this

request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and

ambiguous in its use of the phrases "the nature, size and scope of the market for, the availability

of, and the demand for" and "Electronic Sourcing and Procurement System(s) and/or Service(s)."

**RESPONSE TO REQUEST NO. 60:**

Subject to and without waiving its objections, Lawson will produce responsive, non-

privileged, and non-objectionable documents located after a reasonable search, to the extent such

documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 61:**

All documents and things that refer to relate to Lawson's market share as a percentage of

total sales in the Electronic Sourcing and Procurement System(s) and/or Service(s) business,

whether expressed in units or dollars.

**OBJECTION TO REQUEST NO. 61:**

Lawson objects to Request No. 61 on all the grounds set forth in its General Objections

and incorporates these objections as if set forth in full herein.  Lawson further objects to this

request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and

ambiguous in its use of the phrases "Lawson's market share" and "Electronic Sourcing and

Procurement System(s) and/or Service(s) business."

**RESPONSE TO REQUEST NO. 61:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 62:**

All documents and things that refer, relate or pertain to Electronic Sourcing and Procurement System(s) and/or Service(s), processes, products or services that have been marketed, used, or sold in competition with or as an alternative to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), processes, products or services, including any competitive analyses of Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 62:**

Lawson objects to Request No. 62 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 62:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 63:**

All documents referring to, relating to or constituting license agreements to which Lawson is a party and which refer or relate to Lawson's systems, products, applications, services,

processes and/or operations or their components or to Electronic Sourcing and Procurement System(s) and/or Service(s) or their components.

**OBJECTION TO REQUEST NO. 63:**

Lawson objects to Request No. 63 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 63:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 64:**

All documents and things referring or relating to the unit and dollar volume of sales of good and services, for which Lawson processed the sales transaction from the date of Lawson's launch to the present.

**OBJECTION TO REQUEST NO. 64:**

Lawson objects to Request No. 64 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects that the request is unduly burdensome with respect to time. Lawson further objects to this request as overly broad, unduly burdensome, vague and ambiguous in its use of the term "from the date of Lawson's launch."

**RESPONSE TO REQUEST NO. 64:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 65:**

All annual reports for Lawson from 2003 to present.

**OBJECTION TO REQUEST NO. 65:**

Lawson objects to Request No. 65 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 65:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 66:**

All financial statements (audited and unaudited), financial projections or forecasts, and profit and loss statements prepared by Lawson or on behalf of Lawson from 2003 to present.

**OBJECTION TO REQUEST NO. 66:**

Lawson objects to Request No. 66 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad and unduly burdensome.

**RESPONSE TO REQUEST NO. 66:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 67:**

All documents and things identified in your answers to ePlus's First Set of Interrogatories, all documents relied upon or consulted in formulating your answers to ePlus's First Set of Interrogatories, and all documents otherwise relating to said answers.

**OBJECTION TO REQUEST NO. 67:**

Lawson objects to Request No. 67 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects to this request as vague and ambiguous in its use of the phrase "relied upon or consulted". Lawson further objects to this request as overly broad and unduly burdensome with respect to the term "all documents relied upon or consulted."

**RESPONSE TO REQUEST NO. 67:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 68**:

All documents and things that refer to, relate to or evidence the development, implementation or operation of Lawson's systems, products, applications, services, and processes used in connection with Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 68:**

Lawson objects to Request No. 68 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and ambiguous in its use of the phrases "that refer to, relate to or evidence the development, implementation or operation of," and "in connection with."

**RESPONSE TO REQUEST NO. 68:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 69**:

All documents and things that refer to, relate to or evidence the development, implementation or operation of Lawson's automated process(es), method(s), system(s), apparatus(es) device(s), product(s), application(s), and/or service(s), for sourcing and procurement of goods or services including, but not limited to, any version, release, enhancement, upgrade, update or modification thereof, including a copy of each such version, release, enhancement, upgrade, update or modification of any such automated process, method,

system, apparatus, device, product, application or service for sourcing and procurement of goods

or services (in whatever form or format they exist, including paper or electronic copy and in

whatever computer language or format they may exist (i.e., Java, HTML, XML, C, etc.)) and

including a copy of all functional and/or design specifications, high-level design documents,

flow charts, drafts, source code, database schema, instruction manuals, training manuals, use

manuals, implementation manuals, or support documentation, administrative screen shots, and

any and all works from which such automated process, method, system, apparatus or device are

derived.

**OBJECTION TO REQUEST NO. 69:**

      Lawson objects to Request No. 69 on all the grounds set forth in its General Objections

and incorporates these objections as if set forth in full herein.  Lawson further objects to this

request as unintelligible, vague, ambiguous, overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 69:**

      Subject to and without waiving its objections, Lawson will produce responsive, non-

privileged, and non-objectionable documents located after a reasonable search, to the extent such

documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 70:**

      All documents that embody, reflect, refer, relate, evidence or pertain in any manner to the

architecture of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s),

products, or applications, including, but not limited to any version, release, enhancement,

upgrade or modification thereof, including a copy of each such version, release, enhancement,

upgrade or modification of such architecture (in whatever form or format they exist, including

paper or electronic copy and in whatever computer language or format they may exist (i.e., Java, HTML, XML, C, etc.)) and including a copy of all functional and/or design specifications, high-level design documents, flow charts, database schema, implementation manuals, drafts, instruction manuals, training manuals, use manuals or support documentation and notebooks.

## OBJECTION TO REQUEST NO. 70:

Lawson objects to Request No. 70 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as unintelligible, vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSE TO REQUEST NO. 70:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

## REQUEST NO. 71:

All documents that embody, reflect, refer, relate, evidence or pertain in any manner to the development, implementation or operation of databases, websites or other data repositories by Lawson for vendor or supplier catalogs, including, but not limited to, all functional and/or design specifications, high-level design documents, flow charts, database schema, drafts, implementation manuals, source code, instruction manuals, training manuals, use manuals, or support documentation, notebooks, administrative screen shots and any and all works from which such database development implementation or operation documents are derived.

## OBJECTION TO REQUEST NO. 71:

Lawson objects to Request No. 71 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrases "vendor or supplier catalogs" and "development, implementation or operation of databases."

## RESPONSE TO REQUEST NO. 71:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

## REQUEST NO. 72:

All documents that embody, reflect, refer, relate, evidence or pertain in any manner to any awards received by Lawson regarding its Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, processes operations and/or services.

## OBJECTION TO REQUEST NO. 72:

Lawson objects to Request No. 72 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSE TO REQUEST NO. 72:

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such

documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 73:**

All documents that embody, reflect, refer, relate, evidence or pertain in any manner to the copying by others of Lawson's features and functionality of its Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations and/or services.

**OBJECTION TO REQUEST NO. 73:**

Lawson objects to Request No. 73 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as vague and ambiguous in its use of the terms "copying by others of Lawson's features and functionality."

**RESPONSE TO REQUEST NO. 73:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 74:**

All documents that embody, reflect, refer, or relate to Lawson's standard accounting procedures or guidelines.

**OBJECTION TO REQUEST NO. 74:**

Lawson objects to Request No. 74 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this

request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 74:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 75:**

All documents that embody, reflect, refer or relate to descriptions of Lawson's software development process for procedures including configuration and control.

**OBJECTION TO REQUEST NO. 75:**

Lawson objects to Request No. 75 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrase "software development process for procedures including configuration and control." Lawson further objects to this request as overly broad with respect to the term "[a]ll documents that embody, reflect, refer, or relate to."

**RESPONSE TO REQUEST NO. 75:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 76:**

All training manuals and materials that Lawson sends to new members, users, customers, suppliers and/or subscribers for its Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 76:**

Lawson objects to Request No. 76 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 76:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 77:**

A copy of each executable and demonstration version of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) code, including all DLL files, databases (such as sample or test databases) and other software objects and connections necessary to create and use a working Lawson Electronic Sourcing and Procurement System.

**OBJECTION TO REQUEST NO. 77:**

Lawson objects to Request No. 77 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as overly

broad and unduly burdensome with respect to the term "each executable version," and as vague and ambiguous in its use of the terms "Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) code" and "other software objects and connections."  Lawson further objects to this request as unintelligible as to its request for an "executable and demonstration version of Lawson's . . . code."

**RESPONSE TO REQUEST NO. 77:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 78:**

A copy of each executable and demonstration version of code for all of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) currently or previously existing, or to be released in the future, including all DLL files, databases (such as sample or test databases) and other software objects and connections necessary to create and use a working version of the Electronic Sourcing and Procurement System(s).

**OBJECTION TO REQUEST NO. 78:**

Lawson objects to Request No. 78 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects to this request as overly broad and unduly burdensome with respect to the terms "each executable and demonstration version" and "to be released in the future," and as vague and ambiguous in its use of the terms

"other software objects and connections." Lawson further objects to this request as unintelligible as to its request for an "executable and demonstration version of code."

**RESPONSE TO REQUEST NO. 78:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 79:**

All documents referring or relating to forecasts or projections concerning the manufacture, marketing or sale of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 79:**

Lawson objects to Request No. 79 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrase "forecasts or projections concerning the manufacture, marketing or sale".

**RESPONSE TO REQUEST NO. 79:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 80:**

All business plans including, but not limited to, strategic plans, operating plans, marketing plans, financial plans, production plans, sales plans and capital or investment plans referring or relating to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 80:**

Lawson objects to Request No. 80 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to the request as overly broad with respect to the lack of a time specification.

**RESPONSE TO REQUEST NO. 80:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 81:**

All documents referring or relating to the level of knowledge, schooling, experience, expertise or relevant technical education of a person having ordinary skill in the art to which any invention disclosed described or claimed in the patents-in-suit pertains.

**OBJECTION TO REQUEST NO. 81:**

Lawson objects to Request No. 81 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrases "level of knowledge, schooling, experience, expertise or relevant technical education" and "person having ordinary skill in the art".

**RESPONSE TO REQUEST NO. 81:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 82:**

Documents sufficient to show your corporate structure, including relationships to any parent, subsidiary, sister or other affiliated entities.

**OBJECTION TO REQUEST NO. 82:**

Lawson objects to Request No. 82 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as overly broad with respect to the lack of a time specification.

**RESPONSE TO REQUEST NO. 82:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 83:**

All minutes of any board of directors, shareholders, or management meeting concerning any of the patents-in-suit or this litigation, or Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s).

**OBJECTION TO REQUEST NO. 83:**

Lawson objects to Request No. 83 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 83:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 84:**

Price lists for Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) from January 2003 to present.

**OBJECTION TO REQUEST NO. 84:**

Lawson objects to Request No. 84 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrase "price lists".

**RESPONSE TO REQUEST NO. 84:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 85:**

All documents that you contend bear on the construction of the claims of the patents-in-suit.

**OBJECTION TO REQUEST NO. 85:**

Lawson objects to Request No. 85 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad and unduly burdensome. Lawson further objects to this request as premature pending further scheduling orders from the Court.

**RESPONSE TO REQUEST NO. 85:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 86:**

All documents allegedly referring or relating to the making of any invention disclosed, described or claimed in the patents-in-suit by anyone other than the named inventors who did not abandon, suppress or conceal such alleged invention.

**OBJECTION TO REQUEST NO. 86:**

Lawson objects to Request No. 86 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as overly broad, vague and ambiguous in its use of the phrases "allegedly referring or relating to the making of any invention" and "abandon, suppress or conceal such alleged invention".

**RESPONSE TO REQUEST NO. 86:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 87:**

All documents and things that embody, refer to or relate to your Eighth Defense including, but not limited to, documents sufficient to show each alleged contribution to each claimed invention by each of Charles Gounaris, Pamela Eng, Dr. Al Roland, Kevin French, Jim Gomola, Claus Mokawka, Harry Alexander, Bill Saville, Steve Redmond, Dave Preston and Anthony Ormston.

**OBJECTION TO REQUEST NO. 87:**

Lawson objects to Request No. 87 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as overly broad and unduly burdensome to the extent it seeks production of documents not in Lawson's possession, custody or control.

**RESPONSE TO REQUEST NO. 87:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 88:**

All documents and things that constitute, refer or relate to any communications (including without limitation any advertising or marketing materials) from Lawson to suppliers

of Lawson's customers or prospective customers concerning Lawson's Electronic Sourcing and

Procurement System(s) and/or Service(s), or to supplier catalog providers.

**OBJECTION TO REQUEST NO. 88:**

Lawson objects to Request No. 88 on all the grounds set forth in its General Objections

and incorporates these objections as if set forth in full herein.  Lawson further objects to this

request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence.  Lawson further objects to this request as overly

broad, vague and ambiguous in its use of the terms "suppliers," "supplier catalog providers," and

"customers or prospective customers."

**RESPONSE TO REQUEST NO. 88:**

Subject to and without waiving its objections, Lawson will produce responsive, non-

privileged, and non-objectionable documents located after a reasonable search, to the extent such

documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 89:**

All documents and things related to any meeting between Plaintiff or Fisher Scientific or

any other person acting on behalf of Plaintiff or Fisher Scientific and IBM or Loral Federal

Systems or any other person acting on behalf of IBM or Loral Federal Systems, including but not

limited to Charles Gounaris, Pamela Eng (f/k/a Pamela Jenkins), Allen Rolland, Kevin French,

Jim Gornola, Claus Mokawka, Harry Alexander, Bill Saville, Steve Redmond, Dave Preston,

Anthony Ormston, Fred Fosbury, and George Briese.

**OBJECTION TO REQUEST NO. 89:**

Lawson objects to Request No. 89 on all the grounds set forth in its General Objections

and incorporates these objections as if set forth in full herein.  Lawson further objects to this

request as overly broad and unduly burdensome to the extent it seeks production of documents not in Lawson's possession, custody or control.

**RESPONSE TO REQUEST NO. 89:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 90:**

All documents and things related to any agreements between Plaintiff or Fisher Scientific or any other person acting on behalf of Plaintiff or Fisher Scientific and IBM or Loral Federal Systems or any other person acting on behalf of IBM or Loral Federal Systems, including, without limitation any non-disclosure and consulting agreement(s).

**OBJECTION TO REQUEST NO. 90:**

Lawson objects to Request No. 90 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as overly broad and unduly burdensome to the extent it seeks production of documents not in Lawson's possession, custody or control.

**RESPONSE TO REQUEST NO. 90:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 91:**

All documents and things related to any communications between Plaintiff or Fisher Scientific or any other person acting on behalf of Plaintiff or Fisher Scientific and IBM or Loral

Federal Systems or any other person acting on behalf of IBM or Loral Federal Systems, including, without limitation any documents concerning any alleged invention within the scope of any claim of any of the patents-in-suit.

**OBJECTION TO REQUEST NO. 91:**

Lawson objects to Request No. 91 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as overly broad and unduly burdensome to the extent it seeks production of documents not in Lawson's possession, custody or control.

**RESPONSE TO REQUEST NO. 91:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 92:**

All documents and things related to the input, advice, consultation, proposals, suggestions, and contributions related to the patented inventions from IBM or Loral Federal Systems or any other person acting on behalf of IBM or Loral Federal Systems, including without limitation any handouts, handwritten notes, spreadsheets, prototypes, presentations, emails, journals, notebooks, or demonstrations.

**OBJECTION TO REQUEST NO. 92:**

Lawson objects to Request No. 92 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as overly broad and unduly burdensome to the extent it seeks production of documents not in Lawson's possession, custody or control.

**RESPONSE TO REQUEST NO. 92:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

Dated:  August 24, 2009

_____

Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:     (757) 624-3000
Facsimile:      (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*

Daniel Johnson, Jr. (admitted *pro hac vice*)
Rita E. Tautkus (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:     (415) 442-1000
Facsimile:      (415) 442-1001
djjohnson@morganlewis.com
rtautkus@morganlewis.com

Robert W. Busby, Jr.
(VSB No. 41312)
Bradford A. Cangro (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone:     (202) 739-3000
Facsimile:      (202) 739-3001
rbusby@morganlewis.com
bcangro@morganlewis.com

*Counsel for Defendant Lawson Software, Inc.*

72

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2009, a true and correct copy of the foregoing

document was served by electronic mail upon counsel for the plaintiff:

Gregory N. Stillman
Brent Lee VanNorman
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Tel.: 757-640-5300
Fax.: 757-625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202-346-4000
Fax.: 202-346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

Shirley Sperling Paley
James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
Tel.: 617-570-1000
Fax.: 617-523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

73

Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:    (757) 624-3000
Facsimile:    (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*

1521459\1

74