# TAB 1



Not Reported in F.Supp., 1996 WL 633986 (N.D.Ill.)
**(Cite as: 1996 WL 633986 (N.D.Ill.))**

**H**Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern
Division.
AVERY DENNISON CORPORATION, Plaintiff,
v.
UCB SA and UCB Films PLC, Defendants.
**No. 95 C 6351.**

Oct. 29, 1996.

*MEMORANDUM DECISION*

LEFKOW, United States Magistrate Judge:

*1 UCB has moved to compel production of the
prosecution files for any pending or abandoned U.S.
patent applications claiming the benefit of the filing
date of any of the family of patent applications lead-
ing up to the patents in suit. Avery has refused to
comply with this discovery request on the ground that
the confidential nature of the requested documents
protects them from disclosure.

Although pending patent applications are maintained
in confidence by the U.S. Patent & Trademark Office
("PTO"), 35 U.S.C. § 122, this rule is not binding on
the courts and, therefore, does not provide patent
applications with privileged status for judicial pur-
poses. *Fischer Imaging Corp. v. Lorad Corp., 148
F.R.D. 273, 274 (D.Colo.1993).* Nevertheless, courts
have consistently cautioned that the sensitive nature
of the information contained in patent applications
requires the courts to carefully balance the need for
access to that information against the harm that may
result from its disclosure. *Id.* Thus, disclosure should
be ordered when the need to examine an application
file outweighs the desirability of maintaining the se-
crecy of the data contained in the file. On the other
hand, if the need to examine is less than the interest
served in protecting secrecy, or if confidentiality
cannot be otherwise protected, disclosure should not
be ordered. *PPG Industries, Inc. v. Libbey-Owens-
Ford Co., 1991 WL 159133 (N.D.Ill. Aug. 14, 1991)*
(Gottschall, M.J.). To make such a determination, the
court must assess the relative strength or weakness of
each of the following factors: the relevancy of the

information to be gained from disclosure, the avail-
ability of that information absent disclosure, the po-
tential harm resulting from disclosure to the party
seeking access and the availability of a means to pro-
vide limited disclosure which could reduce any po-
tential for harm.

Here, Avery relies on the "normally" confidential
nature of patent applications and argues that UCB's
representation that it *might* find new prior art or ad-
missions in the requested prosecution files is insuffi-
cient to overcome the interest in confidentiality. In
other words, Avery seems to argue that UCB has not
demonstrated actual relevance. The court does not
agree that UCB, who has not had access to the appli-
cation files, should be required to point out specific
evidence that it expects to obtain from disclosure. *See
Central Sprinkler Co. v. Grinnell Corp., 897 F. supp.
225, 229 (E.D.Pa.1995).* Avery also contends, how-
ever, that it has otherwise identified all prior art cited
in the application files sought by UCB. Thus, UCB
does not need the prosecution files. It further asserts
that any pending application files necessarily concern
separate inventions and, therefore, any admissions in
the files would have little probative value concerning
the patents in suit. These arguments are not persua-
sive. Although the discovery of additional prior art
affecting the validity of the patents in suit is one rea-
son the requested files may be relevant, it is not the
only reason. UCB maintains that the files which it
seeks may contain information or admissions that
clarify, define or interpret the claims of the patents in
suit. For example, one issue in this case is the extent
to which Avery's patents cover the type of film UCB
produces or the method it uses to produce the film,
even if UCB does not itself use the film to make die-
cut labels. If Avery has applied for patent protection
for its films in general or with respect to other uses,
such files may well contain information or admis-
sions that clarify or distinguish the claims in the
pending application from the claims covered by the
patents in suit. Thus, it is conceivable that the later
application files could contain information that effec-
tively defines the scope of the patents in suit. *Id.* The
probability that probative information could be dis-
covered is further enhanced by the fact that UCB has
limited its request to files for applications which
"claim the benefit of the filing date" of the family of

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1996 WL 633986 (N.D.Ill.)
**(Cite as: 1996 WL 633986 (N.D.Ill.))**

applications leading to the patents in suit.

**\*2** Finally, Avery argues that the balance of interests tips in favor of nondisclosure because Avery and UCB are in direct competition and any information will be given to the same attorneys who will offer advice to UCB about future patent prosecutions. Despite UCB's attempt to characterize its relationship with Avery as a producer/customer relationship, it seems clear that, in some ways, the parties are competitors. Nevertheless, the court has already entered a comprehensive protective order to shield the disclosure of sensitive information by limiting access to counsel of record. Moreover, there has been no showing that counsel of record for UCB routinely advises UCB regarding patent matters or otherwise serves as UCB's chief patent counsel. In other words, there has been no adequate demonstration that disclosure to counsel is effectively disclosure to UCB. Absent such a showing, the security provided by the protective order appears sufficient to reduce the harm of disclosure to a level that is outweighed by the relevancy of the information sought.

If Avery believes that there is a need to restrict access beyond that already set forth in the protective order, the court is willing to entertain specific suggestions in that regard. Avery is directed to assess whether further restrictions are necessary and to confer with opposing counsel in an attempt to reach an agreed order setting for those additional restrictions. Subject to the issue of restricting access, it is hereby ordered that Avery shall produce the prosecution files for any pending or abandoned U.S. patent application file claiming the benefit of the filing date of any of the family of applications leading to the patents in suit.

N.D.Ill.,1996.
Avery Dennison Corp. v. UCB SA
Not Reported in F.Supp., 1996 WL 633986 (N.D.Ill.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.