# TAB 2

Westlaw.

Page 1

Not Reported in F.Supp.2d, 2008 WL 5377934 (E.D.Va.)
**(Cite as: 2008 WL 5377934 (E.D.Va.))**

HOnly the Westlaw citation is currently available.

United States District Court, E.D. Virginia,
Richmond Division.
Pamela G. CAPPETTA, Plaintiff,
v.
GC SERVICES LIMITED PARTNERSHIP, Defendant.
Civil Action No. 3:08CV288.

Dec. 24, 2008.

West KeySummary
**Federal Civil Procedure 170A ⟸1270**

170A Federal Civil Procedure
  170AX Depositions and Discovery
    170AX(A) In General
      170Ak1269 Grounds and Objections
        170Ak1270 k. Inconvenience or Other Detriment. Most Cited Cases
A creditor sued for improper debt collection was required to respond to the plaintiff's discovery requests in a timely manner and in compliance with federal discovery rules. The creditor failed to provide any affidavit as to why the discovery requests were unduly burdensome. The creditor's objections to the requests were framed in general, vague terms that failed to comply with the specificity required by the federal rules. Finally, the creditor failed to complete responses to some of the plaintiff's discovery requests and engaged in evasive or incomplete answers in others. Fed.Rules Civ.Proc.Rules 33(b)(4), 34(b)(2)(C), 28 U.S.C.A.

Leonard Anthony Bennett, Consumer Litigation Assoc. PC, Newport News, VA, Jason Meyer Krumbein, Krumbein Consumer Legal Services Inc., Richmond, VA, Matthew James Erausquin, Consumer Litigation Associates PC, Fairfax, VA, for Plaintiff.

James Curie Skilling, Rebecca H. Royals, Butler Williams & Skilling PC, Richmond, VA, for Defendant.

*MEMORANDUM OPINION*

M. HANNAH LAUCK, United States Magistrate Judge.

*1 Before the Court is Plaintiff Pamela Cappetta's Motion to Overrule Objections and Compel Discovery Responses. (Docket No. 45.) Defendant GC Services responded to the motion. (Docket No. 48.) The Court held hearings on December 2 and 11, 2008, and the matter is ripe for adjudication.

*I. Background and Procedural History*

This matter arises out of the collection of a debt of $10,444.59 from Plaintiff by Defendant. The debt consisted of charges made to an American Express account by Plaintiff's ex-husband, who is not a party to this suit. Plaintiff denies ever having been an obligor on the account. She brought this action against Defendant, alleging violations of the Fair Debt Collection Practices Act, the Texas Debt Collection Act, the Fair Credit Reporting Act, the Credit Repair Organizations Act, and the Virginia Credit Service Businesses Act.

The discovery dispute at bar arose out of Defendant's manner of objecting to Plaintiff's discovery requests. The Court outlines the relevant events below.

August 27, 2008: Plaintiff served her discovery requests.[FN1]

> FN1. The Court stated during a September 17, 2008 hearing that Plaintiffs service of discovery two days late and Defendant's belated Rule 26 initial disclosures were not significant in light of the decision to allow amendment of the scheduling order. The Court deemed Plaintiff's discovery requests and Defendant's initial disclosures timely.

Mid September: The parties attempted to meet and confer based on Defendant's objections. The parties each state that the other took unreasonable positions as to the meet and confer.

October 3, 2008: Defendant responded to discovery. Plaintiff asserts that "[f]or many of its answers, the

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 5377934 (E.D.Va.)
(Cite as: 2008 WL 5377934 (E.D.Va.))

Defendant continues to set forth its very limited responses 'subject to its objections' but without stating with specificity what the objections are." (Pl.'s Mem. in Supp. of Mot. to Overrule Objections and to Compel Discovery Responses ("PL's Mem.") 5.) (Docket No. 46.)

Sometime after October 3, 2008, Defendant produced a privilege log on an untimely basis.

October 8, 2008: Status conference in the Court. The Court ordered the parties to submit to the Court a joint stipulation outlining specific areas of disagreement by October 17, 2008. The Court stayed that order in order to accommodate a family emergency that arose for counsel for interested party Lexis Nexis, which had been served with a subpoena by Plaintiff that was the subject of a motion to quash. (Docket No. 27; denied as moot, Docket No. 43.) No joint stipulation regarding the parties' discovery disputes was produced to the Court in October.

October 27, 2008: The parties produced a stipulated Protective Order, which was entered on October 27, 2008, to govern discovery in this case. (Docket No. 44.)

Early November: Upon informal notification that discovery disputes still existed, the Court informally notified the parties that it still wished for the parties to submit the joint stipulation in order to address any remaining discovery issues. Plaintiff filed her Motion to Overrule Objections and Compel Discovery Responses on November 5, 2008. The Motion includes as an attachment a "Joint Stipulation Regarding Defendant's Objections to Discovery" ("Joint Stipulation"), which sets forth the areas of disagreement for each Interrogatory, Request for Production of Documents, and Request for Admission propounded by Plaintiff.[FN2] (Pl.'s Mem. Ex. A.) Defendant later represented that counsel thought the Court sought either a joint stipulation or briefing.

> FN2. The Joint Stipulation was apparently created entirely by Plaintiff's counsel, as Defendant was unclear as to what the Court was requesting. (Pl.'s Mem. 5; Def.'s Opp'n 4.) Defendant notes that it did not " 'join in' that document, and disagrees with its contents." (Def.'s Opp'n 10.)

*2 Nov. 13, 2008: The parties met and conferred to attempt to resolve the discovery disputes outlined in the Joint Stipulation. (Def.'s Mem. in Opp'n to PL's Mot. to Overrule Objections and Compel Discovery Responses ("Def.'s Opp'n") 5.) During that meeting, Defendant withdrew some of the objections listed in the Joint Stipulation, and Plaintiff narrowed some of her discovery requests.

December 2, 2008: The Court held a hearing on Plaintiff's motion to compel, during which counsel for Defendant indicated uncertainty as to what the Court was requesting with regard to the joint stipulation. The Court provided guidance to the parties as to some of their areas of dispute, and specifically instructed the parties to work together on a joint stipulation as contemplated by the Court since early October. The Court extended the close of discovery to December 12, 2008.

December 5, 2008: Original date for conclusion of all fact discovery.

December 9, 2008: The parties submitted a Joint Stipulation to the Court on December 9, 2008. Extensive disputes remained.

December 11, 2008: Hearing on Plaintiff's Motion to Compel and review of the Joint Stipulation.

December 12, 2008: Extended close of discovery date. During the December 11, 2008 hearing, the Court extended discovery once again until March 12, 2009.

## II. Standards for Objecting to Discovery Requests

Federal Rule of Civil Procedure 33(b)(4) requires that the grounds for any objection to an interrogatory must be "stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed.R.Civ.P. 33(b)(4). Similarly, an objection to part of a request for production of documents must be specifically stated, and the producing party must permit inspection of the non-objectionable part. Fed.R.Civ.P. 34(b)(2)(C). The grounds for objecting to a request for admission "must be stated," but a

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 5377934 (E.D.Va.)
(Cite as: 2008 WL 5377934 (E.D.Va.))

party taking issue with the objection may move to determine the sufficiency of an answer or objection,[FN3] and "[u]nless the court finds an objection justified, it must order that an answer be served." Fed.R.Civ.P. 36(a)(5)-(6).

> FN3. Defendant represents in the Joint Stipulation that it has withdrawn all of its remaining objections as to Requests for Admission and has answered each of them not subject to any objection. However, Plaintiff moves the Court to strike portions of some of Defendant's answers as either unresponsive or trial argument, in contravention of the Rules.

**A. Relevance Objections**

Defendant objects to several discovery requests on the basis that the information sought is not relevant to this case. (Interrogatories 2, 8, 9, 17, 21; Requests for Production ("RFP") 3, 8, 10, 13, 14, 16, 21, 25, 28.) It argues that other requests are not reasonably calculated to lead to the **discovery** of admissible evidence. (Interrogatories 2, 4, 8, 9, 21; RFP 3, 8, 10, 13, 14, 16, 21, 24, 25, 28.) Plaintiff seeks to overrule Defendant's relevance objections and compel full and complete answers to its **discovery** requests.

**Rule 26** governs the **scope** of **discovery**, stating: "Parties may obtain **discovery** regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Relevant information "need not be admissible at the trial," and is **discoverable** "if the **discovery** appears reasonably calculated to lead to the **discovery** of admissible evidence." *Id.* Relevance is construed **broadly** to include "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 353, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). A request for discovery "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *In re Folding Carton Antitrust Litig.,* 83 F.R.D. 251, 254 (N.D.Ill.1978). The burden is on the party resisting production to show "specifically how, despite the **broad** and liberal construction afforded the federal **discovery rules**, each interrogatory is not relevant." *Roesberg v. Johm-Manville Corp.,* 85 F.R.D. 292, 296 (E.D.Pa.1980).

*3 Defendant claims that it "objected with specificity" to Plaintiff's interrogatories and requests, but the relevance objections are not themselves specific, and the Joint Stipulation provides explanation in only some instances.[FN4] For a relevance objection to be adequate, it must be " 'plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable.' " *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985) (quoting *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981) (finding abuse of discretion where magistrate judge granted protective order based on improper objections to discovery requests)).[FN5] "General objections are not useful to the court ruling on a discovery motion," and a bare objection does not meet the standard for a successful objection. *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.,* 103 F.R.D. 52, 58 (D.D.C.1984). Moreover, failure to make "specific legitimate objections to particular interrogatories [or requests for production] within the time allowed" may result in a court deeming any objections waived. *Pulsecard,* 168 F.R.D. at 304 (quoting *Casson Constr. Co. v. Armco Steel Corp.,* 91 F.R.D. 376, 379 (D.Kan.1980)).

> FN4. Defendant explained in its Memorandum in Opposition that it has maintained its objections despite answering most of the requests because "the plaintiff would be in a better position to judge which answers or responses she deemed insufficient." (Def.'s Opp'n 7.) This likely violates Fed.R.Civ.P. 37(d)(2), and generally contravenes the intent of the Federal Rules, which place the burden of objecting to discovery requests with specificity squarely on the producing party rather than the requesting party.

> FN5. Although much of the case law refers specifically to either interrogatories or requests for production, where both types of discovery requests are at issue, as in this case, there is no reason to distinguish the standards governing responses to interrogatories from those governing responses to production requests because both Rules 33 and 34 require that objections be stated with specificity. See *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482,

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 5377934 (E.D.Va.)
(Cite as: 2008 WL 5377934 (E.D.Va.))

1485 (5th Cir.1990); *Pulsecard,* 168 F.R.D. at 303.

The Court reviews each of Defendant's relevance and "not reasonably calculated" objections in Exhibit A.

B. *Overbroad or Unduly Burdensome Objections*

Just as with relevance objections, merely stating that a discovery request is "overbroad" or "unduly burdensome" will not suffice to state a proper objection. *See Josephs v. Harris Corp.,* 677 F.2d 985, 991-91 (3d Cir.1982); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarks,* 894 F.2d 1482, 1485 (5th Cir.1990) (upholding sanction of default judgment against party who objected to **discovery** requests with the statement, "Request is overly-**broad**, not specific, and creates a hardship on the producing party."). In order to overcome the liberal construction afforded the federal **discovery rules**, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden. *See, e.g., Roesberg,* 85 F.R.D. at 296-97. Merely characterizing a **discovery** request as "overly **broad**, burdensome, oppressive and irrelevant" will not satisfy the opposing party's burden of showing with specificity why a request is objectionable. *Momah v. Albert Einstein Med. Ctr.,* 164 F.R.D. 412, 417 (E.D.Pa.1996) (*quoting Josephs,* 677 F.2d at 992). The mere fact that responding to a discovery request will require the objecting party "to expend considerable time, effort and expense consulting, reviewing and analyzing 'huge volumes of documents and information' is an insufficient basis to object" to a relevant discovery request. *Burns v. Imagine Films Entertainment, Inc.,* 164 F.R.D. 589, 593 (W.D.N.Y.1996) (*quoting Roesberg,* 85 F.R.D. at 296-97). Similarly, an objecting party must specify which part of a request is overbroad, and why.

*4 Defendant has objected to Interrogatories 4, 8, 9, and 17, and RFP 2, 3, 8, 10, 11, 13, 14, 16, 18, 20, 21, 24, 25, and 28 as overbroad. Defendant has objected to Interrogatories 4 and 8, and RFP 11, 13, 16, 18, 21, 24, and 28 as unduly burdensome. Defendant has provided no affidavit as to why any particular objection would be burdensome. In some instances, Defendant explains its objection in the Joint Stipulation.

The Court examines each objection as to overbreadth in Exhibit A.

C. *Work Product or Attorney-Client Privilege*

Defendant **broadly** asserts either the work-product doctrine or the attorney-client privilege as to RFP 1, 2, 4, 5, 7, 11, 15, 18, and **26**, "due to the expansive **scope** of the request and the continuing nature of **discovery**."

The same standard for asserting a privilege in **discovery** applies as at trial under Federal **Rule** of Evidence 1101(c). *See United States v. Reynolds,* 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953). It is well-established that the party asserting the privilege has the burden of proving its existence, and must "supply opposing counsel with sufficient information to assess the applicability of the privilege or protection, without revealing information which is privileged or protected." *Burns,* 164 F.R.D. at 593. Rule 26(b)(5) requires the party asserting privilege or work-product protection to "expressly make the claim," and to "describe the nature of the documents ... not produced ... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A). An adequate "privilege log" should contain:

a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document.

*Burns,* 164 F.R.D. at 594.

Improper assertion of a privilege may result in a waiver of that privilege. *See Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.,* 136 F.R.D. 179, 184 (E.D.Cal.1991). To determine whether such a measure is warranted, a court may look to the reasonableness of the effort made by the producing party to prevent inadvertent disclosure; the time taken to rectify any error in asserting the privilege; the scope of discovery in the case; the extent of the disclosure; and the overriding fairness of the assertion. *Id.* at 184-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 5377934 (E.D.Va.)
(Cite as: 2008 WL 5377934 (E.D.Va.))

185. Where a party has taken no precautions to properly assert the privilege, and has allowed time to pass without clarifying the basis for its assertion of privilege, waiver of the privilege may be an appropriate sanction. *Id.*

The purpose of the specific objection requirement is to provide the party seeking discovery with a basis for determining what documents the party asserting the privilege has withheld. Otherwise, how could this opposing party every know whether the documents withheld under a blanket privilege objection were being withheld correctly, incorrectly, or maliciously?

*5 *Id.* at 183.

It is not clear whether Defendant "expressly" made a proper claim in the first place, as its objections to requests for production all assert "work product/attorney client privilege," without distinguishing between the two. It also asserts a privilege as to documents Defendant has not yet discovered, or created as part of this litigation. Such a claim is not ripe. The first Privilege Log submitted by the Defendant provided insufficient explanation for the basis of the privilege asserted. Even as updated, the log may not meet the requirements of Rule 26. The "privilege log" lists seven documents, none of which assert the attorney-client privilege.

The Court examines the assertions of privilege in Exhibit A.

**D. *Duplicative Discovery Requests Objections***

Defendant objects to Interrogatory 9 as duplicative of Interrogatory 8, and also claims that RFP 24 is duplicative of RFP 21. Rule 26(b)(2)(C) permits a court, either on motion or *sua sponte,* to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." A claim that a discovery request should be disallowed on grounds that it is duplicative is proper when the objecting party can show that "all documentary material from which the interrogatory answers may be conveniently obtained has been previously provided." *In re Folding Carton Antitrust Litig.,* 83 F.R.D. at 264-65. These objections also are examined in Exhibit A.

*III. Analysis of Disputes Before the Court*

The record before the Court shows a clear pattern of obstruction and delay by Defendant. Defendant's earliest objections as to relevance, overbreadth, and vagueness were framed in general terms that failed to comply with the requirements of Rules 33 and 34, discussed above. Such objections included claims that the terms "involved in the providing of such training" (Interrogatory 14), "interacted with the plaintiff" (RFP 16), and "promised" (RA 11) were vague.[FN6] As indicated in the Court's rulings in Exhibit A, the answers provided on October 3, 2008, and beyond largely were inadequate.

> FN6. After some time, these specific objections were withdrawn. The withdrawal was entirely appropriate. *See Lucas v. GC Services LP.,* 226 F.R.D. 328, 330 (N.D.Ill.2004) (finding discovery responses "egregiously evasive and incomplete," including an objection that the "term 'form number' was vague and ambiguous.")

After October 3, Defendant produced a privilege log on an untimely basis. It listed seven documents, with limited information as to the documents' pertinence. Attorney-client privilege was not asserted as to any document. Nonetheless, Defendant lodged objections in multiple responses based on both attorney-client and work product privileges.[FN7]

> FN7. A December 10, 2008 update as to seven documents also failed to list any claim of attorney-client privilege, although it provided a more detailed description of the basis of the objection. December 10 fell five days after the original close of discovery in this case.

On October 8, 2008, the Court ordered that a joint stipulation of remaining disputes be filed, which Defendant failed to do even in early November. The due date was delayed due to personal concerns of an attorney representing a third party. Despite Plaintiff's later attempt to file a stipulation, Defendant represented it was unclear what the Court was requesting, and thought briefing was allowed in the alternative. Defendant failed to seek clarification from the Court as to the requirements. The Court provided guidance

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 6

Not Reported in F.Supp.2d, 2008 WL 5377934 (E.D.Va.)
(Cite as: 2008 WL 5377934 (E.D.Va.))

as to existing disputes during a December 2, 2008 hearing hoping to encourage a more substantive meet and confer process.

*6 As of October 27, 2008, any motion for a protective order had been resolved, meaning that, as of that date, Defendant could not properly fail to act on discovery by resting on its objections. Fed.R.Civ.P. 37(d)(2).

The original date for discovery to close was December 5, 2008. The court extended discovery until December 12, 2008. The parties finally submitted a Joint Stipulation on December 9, 2008.[FN8]

> FN8. The Court provides its rulings as to each issue listed in the Joint Stipulation. This is Exhibit A. Upon request of the parties, the Court hereby ORDERS that Exhibit A be filed UNDER SEAL. Keeping Exhibit A under seal will protect confidential information, and will prevent needless disclosure of personal information about employees or persons not party to the case.

During the December 11, 2008 hearing, however, the majority of the disputes remained outstanding. For instance, Defendant rested on its objection against supplying its net worth, despite this Court's December 2 admonition that such information was discoverable. Defendants readily could find case law to that effect. *See, e.g.*, Lucas v. GC Services, L.P., 226 F.R.D. 328, 334 (N.D. Ill 2004) (issuing sanctions against GC Services L.P. for, among other things, failing to respond properly to discovery about the company's net worth).

More egregiously, the December 11, 2008 hearing revealed that-more than ninety days after discovery had been served-Defendant had failed to answer some of the discovery and had provided what appears to be evasive or incomplete answers to many questions or requests. *See, e.g.,* Ex. A (so finding as to multiple interrogatories and requests for production). Discovery appears to have been responded to absent full knowledge of the information held by Defendant. Defendant admitted during this Court's December 11 hearing that the deposition of a GC Services employee during the week of December 8th [FN9] revealed responsive information of which it was previously unaware. No explanation for the failure to discern responsive answers was offered.

> FN9. Defendant sought to delay the occurrence of this properly noticed deposition. The Court overruled Defendant's objection.

Because of the undue delay and improper responses given by Defendant, the Court rules as follows:

(1) The trial date in this case has been suspended;

(2) Discovery shall be extended ninety days, until March 12, 2009. This comports with the time Defendant has improperly obstructed the flow of discovery;

(3) Defendant will be ORDERED to respond to all discovery requests no later than January 12, 2009. Defendant shall provide one integrated response to interrogatories, requests for production, and requests to admit. Such responses shall comport with Fed.R.Civ.P. 26(e), 26(g), 33(b)(3) and (b)(5), 34(b)(E), and 36(a)(4);

(4) Defendant will be ORDERED to comply with Rule 26(b)(5) in asserting a privilege, and concomitantly providing a privilege log. The Defendant will be ORDERED that it may not lodge objections based on privilege for documents it might, hypothetically, uncover or create. That issue is not ripe. Defendant may update and particularize any updated claimed privilege pursuant to Rule 26(b)(5) and 26(e);

(5) To the extent it has not, Defendant will be ORDERED to, no later than five days from the entry date of this Memorandum Opinion and Order, preserve a mirror image the laptop computer used by the GC Services employee who was deposed during the week of December 8, and to confirm to the Court that it has done so;

*7 (6) An in-court discovery status hearing shall commence on February 10, 2009, at 3:00 p.m. to ensure that discovery is progressing properly. The parties shall provide a written submission as to status of discovery no later than February 3, 2009; and,

(7) Given that the Court has granted Plaintiff's Mo-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 5377934 (E.D.Va.)
**(Cite as: 2008 WL 5377934 (E.D.Va.))**

tion to Compel to such a large degree, the parties will be given an opportunity to be heard as to whether sanctions should issue pursuant to Fed.R.Civ.P. 37, and, if so, to what extent.

### *IV. Conclusion*

For the foregoing reasons, Plaintiff's Motion to Compel (Docket No. 45) is GRANTED IN PART and DENIED IN PART. Defendant's objections are OVERRULED IN PART and SUSTAINED IN PART.

An appropriate Order shall issue.

E.D.Va.,2008.
Cappetta v. GC Services Ltd. Partnership
Not Reported in F.Supp.2d, 2008 WL 5377934 (E.D.Va.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.