# TAB 3



LEXSEE 2007 U.S. DIST. LEXIS 7841

CSAV, INC., Plaintiff, v. PEERLESS INDUSTRIES, INC., Defendant.

Civil No. 05-2242 (JRT/JJG)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

2007 U.S. Dist. LEXIS 7841

February 2, 2007, Decided

**COUNSEL:** [*1] For Plaintiff: Katherine A. Moerke, Mathias W. Samuel, and Ann N. Cathcart Chaplin, FISH & RICHARDSON PC, Minneapolis, MN.

For Defendant: Heidi L. Belongia and G. Peter Albert, Jr., FOLEY & LARDNER LLP, Chicago, IL; Kurt J. Niederluecke, FREDRIKSON & BYRON, PA, Minneapolis, MN.

**JUDGES:** John R. Tunheim, United States District Judge.

**OPINION BY:** JOHN R. TUNHEIM

**OPINION**

**ORDER**

Plaintiff CSAV, Inc. and defendant Peerless Industries, Inc. manufacture mounting devices for flat screen televisions. Plaintiff alleges that several of defendant's "tilt" mounts infringe plaintiff's patents on a wall-mounting system. This matter is before the Court on defendant's appeal of the Order of United States Magistrate Judge Jeanne J. Graham dated December 13, 2006 granting plaintiff's motion to compel discovery. For the reasons set forth below, the Court affirms the Magistrate Judge's Order.

**BACKGROUND**

Plaintiff holds a patent on wall-mounting systems for flat screen televisions (the "'101 patent"). Plaintiff alleges that defendant manufactures several mounting products that infringe the '101 patent. In addition, plaintiff alleges that defendant's mounting products infringe plaintiff's design patent [*2] on the wall-mounting systems (the "D'800 patent"). During the course of discovery, a design engineer for defendant indicated that defendant had filed several patent applications on its mounting products. Deposition testimony further suggested that at least one of defendant's patent applications relates to the same subject matter as the plaintiff's products under the '101 patent and D'800 patent.

Plaintiff filed additional discovery requests on defendant seeking production of defendant's pending patent applications and related documentation, including correspondence with the United States Patent and Trademark Office ("PTO"). Defendant objected to the discovery requests as vague, irrelevant, and overly broad, and argued that the applications were protected by the work product doctrine and the attorney-client privilege. Plaintiff moved to compel discovery, arguing that the patent applications are relevant to issues in dispute and cannot be withheld under the work product doctrine or the attorney-client privilege. [1]

> 1 During the hearing before the Magistrate Judge, counsel for plaintiff indicated that its discovery request did not seek production of any of defendant's internal documents. As such, the Magistrate Judge concluded that defendant's objections on grounds of work product or attorney-client privilege did not need to be considered.

[*3] On December 13, 2006, the Magistrate Judge issued an Order compelling defendant to produce its pending patent applications and related correspondence with the PTO. Defendant now appeals the Order, contending that the Magistrate Judge erred in permitting discovery of the pending patent applications.

**ANALYSIS**

A magistrate judge's order on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR

72.2(a). In granting plaintiff's motion to compel, the Magistrate Judge reasoned that the patent applications fell within the heightened relevancy standard of *Federal Rule 26(b)(1)* for pending patent applications. *See Fed. R. Civ. P. 26(b)(1)*; *Cordis Corp. v. SciMed Life Sys., Inc., 982 F. Supp. 1358, 1360 (D. Minn. 1997)*. In particular, the Magistrate Judge determined that the relevance and availability of the evidence outweighed the potential harm of disclosure to the defendant. *See Cordis Corp., 982 F. Supp. at 1361 n.4* (noting that discovery of patent applications requires analysis of the relevancy and [*4] availability of the evidence, the potential harm of disclosure, and the means of mitigating harm available to the court).

Defendant now argues that the patent applications are irrelevant because an infringement action is based on a comparison of the defendant's allegedly infringing products, rather than statements made by the defendant in a patent application. Additionally, defendant argues that statements in a patent application are not relevant because they reflect only the "preferred embodiment" or "best mode" of the product at issue, rather than the final commercialized product introduced in the market. Defendant further argues that the scope of the Order is contrary to law because it requires defendant to produce design patent applications and utility patent applications that do not relate to any element of plaintiff's infringement action.

The Court finds that statements made by defendant in the patent applications and in communications with the PTO may be relevant to issues in the case. In particular, the patent applications may be relevant to the issue of infringement, as defendant's description of its wall mounting devices could demonstrate elements in common with the *'101 patent* [*5] products. The Court further agrees with the Magistrate Judge that evidence of certain elements in the accused devices is not available from other sources. And while disclosure of the patent applications exposes defendant to potential harm, the Magistrate Judge reasonably concluded that its April 5, 2006 Protective Order provides sufficient assurance against improper disclosure that could result in harm to defendant.

The Court concludes that the scope of the Magistrate Judge's Order is also proper. As with the *'101 patent*, defendant's design patent applications and utility patent applications may contain descriptions of its own devices that show elements in common with the patents-in-suit. As such, the design and utility patent applications may be relevant to the issue of infringement. For these reasons, the Court cannot conclude that the Magistrate Judge's Order was clearly erroneous or contrary to law.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's December 13, 2006 Order granting plaintiff's motion to compel discovery [Docket No. 65] is **AFFIRMED.**

DATED: February 2, 2007 at [*6] Minneapolis, Minnesota.

s/ John R. Tunheim

United States District Judge