# TAB 4



Not Reported in F.Supp.2d, 2002 WL 181364 (D.Kan.), 88 Fair Empl.Prac.Cas. (BNA) 497
**(Cite as: 2002 WL 181364 (D.Kan.))**

United States District Court,
D. Kansas.
Gia L. GARRETT, Plaintiff,
v.
SPRINT PCS, Defendant.
**No. 00-2583-KHV.**

Jan. 31, 2002.

### ORDER

DAVID J. WAXSE, Magistrate Judge.

*1 Pending before the Court is Defendant's Motion to Compel or in the Alternative to Strike (doc. 40). Upon consideration of the arguments of counsel, Defendant's Motion is granted in part and denied in part as specifically set forth below:

### Relevant Factual Background

This is a religious discrimination case. Plaintiff was employed by Top Resources, a temporary staffing agency. Through this temporary staffing agency, Plaintiff was assigned to work at Sprint PCS in November 1999 and her assignment was terminated by Sprint PCS in June 2000.[FN1] Plaintiff brings this lawsuit claiming she was subjected to discrimination on the grounds of her religion while working at Sprint PCS. In her Complaint, Plaintiff claims back pay damages in the form of lost salary and compensatory damages for "emotional pain, suffering, mental anguish, inconvenience and loss of enjoyment of life."

> FN1. Plaintiff alleges that Sprint PCS controlled her employment and was her employer.

During the course of discovery, Defendant sought to discover Plaintiff's employment and medical records from 1995 to present. Plaintiff objects to discovery of these records. Plaintiff objects to producing her medical records on the grounds that her claim for emotional pain, suffering, mental anguish are "garden variety" claims for emotional distress and the request for access to her medical records is overly broad in time and seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Plaintiff objects to producing her employments records on grounds that the request is overly broad in time and seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence.

### Discussion

Prior to December 1, 2000,[FN2] a request for discovery would be considered relevant if there was "any possibility" that the information sought may be relevant to the subject matter to the action. *Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D.583, 585 (D.Kan.1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D.Kan.1999). Thus, a request for discovery would be allowed "unless it [was] clear that the information sought [could] have *no possible bearing* on the subject matter of the action." *Scott*, 190 F.R.D. at 585 (quoting *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 336, 341 (D.Kan.1991)) (emphasis added by *Scott*).

> FN2. The post-December, 2000 version of Rule 26 governs this dispute, as the Scheduling Order in this case was issued after December 1, 2000. The conclusions reached by the Court here, however, would be the same regardless of whether the Court utilized the "old version" of Rule 26(b)(1), which defined the scope of discovery broadly to include any matter, not privileged, that was relevant to the "subject matter" of the litigation, or the "new version" of Rule 26(b)(1), which defines the scope more narrowly as unprivileged facts relevant to the claims and defenses raised in the litigation.

Given the scope of relevancy has been narrowed from "subject matter of the action" to "claim or defense of any party" by the recent amendments to Rule 26, and based on the relevant case law in this jurisdiction regarding relevancy, *supra,* it appears logical to conclude that a request for discovery will be considered relevant under the amended rule if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See*

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2002 WL 181364 (D.Kan.), 88 Fair Empl.Prac.Cas. (BNA) 497
(Cite as: 2002 WL 181364 (D.Kan.))

Scott, 190 F.R.D. at 585; Etienne, 185 F.R.D. at 656. Thus, under the amended rule, a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of any party. See id.[FN3]

> FN3. It is a well-established rule of law that discovery in discrimination cases should not be narrowly circumscribed. Rich v. Martin Marietta Corp., 522 F.2d 333, 343-44 (10th Cir.1975). The scope of discovery is particularly broad in discrimination cases. Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir.1995) (citing Scales v. J.C. Bradford & Co., 925 F.2d 901, 906 (6th Cir.1991)).

*2 When the discovery sought appears relevant as defined by the amended rule, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under amended Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. Scott, 190 F.R.D. at 585 (citations omitted). Similarly, a party resisting discovery on the grounds that a request is overly broad has the burden to support its objection, unless the request is overly broad on its face. Etienne v. Wolverine Tube, Inc., 185 F.R.D. at 656; Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan.1997).

• Medical Records and Medical Information

Plaintiff is seeking damages for mental anguish. The medical and psychological information sought by these interrogatories and requests for production are relevant as to both causation and the extent of Plaintiff's alleged injuries and damages. See Hilt v. SFC, Inc., 170 F.R.D. 182, 186 (D.Kan.1997) (overruling objections to interrogatory asking sexual harassment plaintiff who claimed damages for mental and emotional pain to identify all physicians and health care professionals who had treated her or with whom she had consulted).[FN4]

> FN4. The cases cited in Plaintiff's Opposition Brief- Chaparro v. IBP, Inc., 1994 WL 714369 (D.Kan. Dec. 7, 1994) and Thiessen v. General Electric Captial Corp., 178 F.R.D. 568 (D.Kan.1998)-are not controlling as they were decided in the context of requests to compel a Rule 35 examination as opposed to here where Defendant is simply requesting medical records and information.

The fact that Plaintiff is not planning to present any expert testimony in support of her emotional distress claim does not make this information any less relevant. Moreover, no case law supports Plaintiff's contention that this information is discoverable only if she were planning to present expert testimony regarding her mental and emotional condition.

With regard to Plaintiff's claim that the request in overly broad with respect to temporal scope, employment discrimination cases have held that discovery of information both before and after the liability period may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period. See, e.g., James v. Newspaper Agency Corp., 591 F.2d 579 (10th Cir.1979) (four years prior to liability period reasonable); Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D.Minn.1997)(allowing discovery into the period two years after termination); Lyoch v. Anheuser-Busch Co., 164 F.R.D. 62, 67 (E.D.Mo.1995) (four years prior to liability period reasonable); Hicks v. Arthur, 159 F.R.D. 468, 471 (E.D.Pa.1995) (allowing discovery to extend to the period two years after the tenure of the plaintiffs); Robbins v. Camden City Board of Educ., 105 F.R.D. 49, 62-63 (D.N.J.1985) (allowing discovery for a period of two years after employment terminated); McClain v. Mack Trucks, Inc., 85 F.R.D. 53-62 (E.D. Pa 1979) (five years prior to liability period reasonable); Cormier v. PPG Indus., 452 F.Supp. 594 (W.D.La.1978) (five years prior to liability period reasonable); Stevenson v. General Electric Co., No. C-1-77-122, 1978 WL 150, at *1 (S.D.Ohio Oct. 4, 1978) (noting emergence of a "five-year rule"); Milner v. Nat'l Sch. of Health Tech., 73 F.R.D. 628, 632 (E.D.Pa.1977) (approximately five years prior to alleged violation).

*3 Keeping in mind that the scope, including the temporal scope, of discovery through interrogatories and requests for production of documents is particularly broad in discrimination cases, the Court is con-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2002 WL 181364 (D.Kan.), 88 Fair Empl.Prac.Cas. (BNA) 497
(Cite as: 2002 WL 181364 (D.Kan.))

vinced that limiting the scope of Defendant's requests for medical information and records to a period of three years prior to the time the discriminatory conduct was alleged to have occurred to the present is reasonable and not overly broad.

Accordingly, Plaintiff will be required to respond to Interrogatory 6 and Request 18 from November 1996 to present.

• Employment Records

Plaintiff seeks lost wages in connection with her claim of discrimination and calculates the extent of her damages based on a salary she would have earned had she been hired on by Sprint PCS as a permanent employee. She, therefore, has placed her past employment experiences at issue as this information is necessary to determine whether she was appropriately qualified to be hired on as a permanent full-time employee. Moreover, Plaintiff asserts she does not believe any communications regarding religion made by her in the workplace at Sprint PCS were offensive. Defendant seeks prior employment records to determine whether she engaged in the same type of religious communication with previous employers and had been told that such conduct was unwelcome and/or offensive.

Based on these reasons, the Court finds the information and documentation requested with regard to former employment is relevant and/or reasonably likely to lead to the discovery of admissible evidence. With that said, the Court finds the time period requested is overly broad and will limit the scope of Defendant's requests for employment information and records to a period of three years prior to the time the discriminatory conduct was alleged to have occurred to the present.

Accordingly, Plaintiff will be required to respond to Interrogatory 3 and Request 23 from November 1996 to present.

Sanctions

Defendant seeks to recover fees and expenses incurred in connection with this motion to compel. Fed.R.Civ.P. 37(a)(4)(C) provides that "the court may ... apportion reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Upon review of the circumstances presented here, justice requires that each party be responsible for their own costs and expenses incurred.

Conclusion

Defendant's Motion to Compel is granted in part and denied in part as specifically set forth above.

IT IS SO ORDERED.

D.Kan.,2002.
Garrett v. Sprint PCS
Not Reported in F.Supp.2d, 2002 WL 181364 (D.Kan.), 88 Fair Empl.Prac.Cas. (BNA) 497

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.