# TAB 6



207 U.S.P.Q. 1136
1980 WL 30340 (E.D.Wis.), 207 U.S.P.Q. 1136
(Cite as: 207 U.S.P.Q. 1136)



Page 1

▶Paper Converting Machine Company
v.
Magna-Graphics Corporation

District Court, E.D. Wisconsin
No. 79-C-499

Decided Aug. 26, 1980

United States Patents Quarterly Headnotes

PATENTS
[1] Applications for patent -- Secrecy of application (§ 15.7)
Pleading and practice in courts -- Discovery and inspection (§ 53.30)
Although 35 U.S.C. 122 provides that Patent Office shall maintain confidentiality of patent application, that prohibition is not binding on district court, which may order release of material where movant's need for material outweighs applicant's interest in its application's confidentiality.

PATENTS
[2] Applications for patent -- Secrecy of application (§ 15.7)
Pleading and practice in courts -- Discovery and inspection (§ 53.30)
There is no absolute privilege against disclosure of patent application.

Action by Paper Converting Machine Company, against Magna-Graphics Corporation, for patent infringement. On plaintiff's motion for discovery of defendant's patent application and related correspondence. Motion granted subject to protective order.

Jerome F. Fallon, and Tilton, Fallon, Lungmus & Chestnut, both of Chicago, Ill., and Franklyn M. Gimbel, and Gimbel, Gimbel & Reilly, both of Milwaukee, Wis., for plaintiff.

James Nilles, James Custin, and Nilles, Kirby & Custin, all of Milwaukee, Wis., for defendant.

Reynolds, Chief Judge.

This is a patent infringement suit in which the plaintiff charges the defendant with infringement of its Patent Reissue No. 28,353 which is entitled Web-Winding Apparatus and Method. The patent allegedly involves a rewinding machine for two-ply paper towel or toilet paper. Plaintiff alleges that the defendant makes, sells, and uses infringing machines. Defendant claims that its allegedly infringing machines, for which it has a patent application pending, are in fact intended for the rewinding of single-ply webs. Presently before the court is the plaintiff's motion for discovery of the defendant's patent application and related correspondence with the United States Patent and Trademark Office. The motion will be granted subject, however, to a protective order limiting access to the discovered information to plaintiff's counsel.

[1] There is no question that the patent application is reasonably calculated to lead to the discovery of admissible evidence since it contains a full description of the allegedly infringing machine and a statement of the prior art. 35 U.S.C. §112; 37 C.F.R. §1.71; Carrier Manufacturing Co. v. Rex Chainbelt, Inc., 281 F.Supp. 717, 157 USPQ 613 (E.D. Wis. 1968); Cleo Wrap Corporation v. Elsner Engineering Works, Inc., 59 F.R.D. 386, 176 USPQ 266 (M.D. Pa. 1972); Scovill Manufacturing Company v. Sunbeam Corporation, 61 F.R.D. 598, 181 USPQ 53 (D. Del. 1973). Also, although 35 U.S.C. §122 provides that the Patent Office shall maintain the confidentiality of a patent application, that prohibition is not binding on a district court, Carrier Manufacturing Co. v. Rex Chainbelt, Inc., supra; Ideal Toy Corporation v. Tyco Industries, Inc., 478 F.Supp. 1191, 204 USPQ 17 (D. Del. 1979); Crown Machine & Tool Co. v. KVP-Sutherland Paper Company, 244 F.Supp. 543, 146 USPQ 1 (N.D. Cal. 1965), which may order release of the material where the movant's need for the material outweighs the applicant's interest in the confidentiality of its application. Celanese Corporation v. E. I. duPont de Nemours & Company, 58 F.R.D. 606, 177 USPQ 360 (D. Del. 1973); Crown Machine & Tool Co. v. KVP-Sutherland Paper Company, supra; Cleo Wrap Corporation v. Elsner Engineering Works, supra.

In this case the defendant has permitted the inspec-

COPR. (C) 2009 The Bureau of National Affairs, Inc.

207 U.S.P.Q. 1136
1980 WL 30340 (E.D.Wis.), 207 U.S.P.Q. 1136
(Cite as:207 U.S.P.Q. 1136)

Page 2

tion by plaintiff's counsel and experts of its allegedly infringing machine located at the Scott Paper Company plant in Oconto, Wisconsin, has allowed the deposition of its president and chief engineer with reference to the machine, has produced diagrams of the machine, and has answered a substantial number of interrogatories directed to the characteristics of the machine. The patent application would in all likelihood nevertheless be useful to the plaintiff to the extent it provides supplemental or unsuspected information about the machine. Furthermore the deposition of defendant's chief engineer has not been completed and he has apparently recently *1137 undergone major heart surgery which will delay the completion of that deposition until late September. This action is scheduled for trial on November 4, 1980. On the other hand, the defendant claims that its patent application contains several unique features presently unknown to the plaintiff and unrelated to the subject matter of this suit, but which plaintiff could make use of in other types of machinery. Defendant will not consent to disclosure of the application under a protective order permitting access to anyone other than plaintiff's counsel even under the prohibition that "no such information shall be used by plaintiff to the commercial disadvantage of defendant," because of the alleged difficulty of policing that prohibition.

[2] Upon consideration of all of the factors raised by the parties favoring or disfavoring disclosure of the patent application, I am persuaded that the plaintiff has a right to discovery of the patent application because of its direct relevance to the matters at issue in this suit. There is no absolute privilege against disclosure. 4 Moore's Federal Practice P26.75 at 26-543. For the protection of the defendant, however, disclosure will be limited to plaintiff's counsel. Plaintiff's experts have already had access to a broad range of information about the machine. In its motion plaintiff has been unable to point to any specific known gap in its information. Finally, if plaintiff's counsel feel the need for disclosure of any specific document in the application to plaintiff's experts or for use of any specific document at trial, they can apply to the court for an exemption from the protective order.

Since there is merit to the positions of both parties with respect to this motion, no costs will be awarded.

For the foregoing reasons,

*It is ordered* that the plaintiff's motion to compel discovery of the patent application on the rewinder sold by the defendant to Scott Paper Company along with all correspondence with the United States Patent and Trademark Office in connection therewith is granted and defendant is ordered to produce the application to plaintiff's counsel within ten days of the filing date of this order.

*It is further ordered* that plaintiff's counsel are prohibited from revealing to any officer or employee of the plaintiff or to any other person the information obtained pursuant to this decision and order except upon application to and with the permission of this court.

E.D.Wis.

Paper Converting Mach. Co. v. Magna-Graphics Corp.

1980 WL 30340, 207 U.S.P.Q. 1136

END OF DOCUMENT

COPR. (C) 2009 The Bureau of National Affairs, Inc.