# TAB 7



Not Reported in F.Supp., 1972 WL 17672 (E.D.N.Y.), 16 Fed.R.Serv.2d 882, 176 U.S.P.Q. 178
**(Cite as: 1972 WL 17672 (E.D.N.Y.))**

**H**

United States District Court,
E.D. New York.
PCR GOLF BALL COMPANY, INC.
v.
CHEMOLD CORP.
No. 71-C-1319.

Oct. 13, 1972.

JUDD, J.

**\*1** This patent infringement action is before the court on plaintiff's motion under FR Civ P 37 to compel answers to certain interrogatories.

The complaint alleges that defendants, former licensees under plaintiff's patent No. 3,313,545 concerning molded golf balls, have infringed the patent by continuing the manufacture and sale of such golf balls after the termination of the license by the parties, and have failed to pay all royalties due under the license. The complaint also charges infringement of patent No. 3,438,933. It seeks an injunction against infringement, a fine for false marking, and an accounting for royalties due.

The amended answer asserts that patents '545 and '933 are invalid for a variety of reasons. It also asserts estoppel by reason of defendants having publicly sold the golf balls in question for more than two years without any claim of infringement being made by plaintiff. Finally, it contains a counter-claim to adjudicate the invalidity of both patents.

Two classes of interrogatories are involved, the first (Items 16, 17, and 18) relating to advertising and published information, and the second (Items 9c, 24, and 28) relating to defendants' dealings with third parties.

Objections are based primarily on alleged irrelevance of the interrogatories, plus some assertions of undue burden in answering them and the confidential nature of some of the items requested.

DISCUSSION

A claim of irrelevance is not looked on with favor as a reason for disapproving interrogatories. Triangle Mfg. Co. v. Paramount Bag Mfg. Co., 35 FRD 540 (E.D.N.Y.1964); Carrier Mfg. Co. v. Rex Chainbelt, Inc., 281 F Supp 717 (ED Wisc 1968).

Interrogatory 16 concerning advertising, packaging, and promotional literature used by defendants is relevant both to the period when defendants were licensed by plaintiff and to the subsequent period. There is precedent for directing that such information be provided. Kurtzon v. Sterling Industries, 227 F Supp 393 (ED Penna 1964); compare United States v. 216 Bottles, 36 FRD 695, 699 (E.D.N.Y.1965). The burden upon defendants in searching their files to answer the interrogatory is not sufficient to justify refusal to answer it.

Interrogatory 17 concerning patent applications by defendants is relevant, since defendants have put in issue the validity of plaintiff's patents. The fact that the Patent Office is required to keep patent applications confidential does not prevent the court from requiring disclosure where it is appropriate in litigation affecting the applicant. Britt Tech. Corp. v. L. & A. Products, Inc., 223 F Supp 126 (D Minn 1963); Carrier Mfg. Co. v. Rex Chainbelt, Inc., supra. The reasons for requiring disclosure apply equally to foreign patent applications. The court is not impressed by the argument that some competitive advantage will be lost by disclosing the countries in which patent applications have been filed.

Interrogatory 18 concerning articles in trade and other publications about molded golf balls should be answered only to the extent that information about such articles is or has been contained in defendants' files. Defendants should not be required to do new research for the plaintiff. Triangle Mfg. Co. v. Paramount Bag Mfg. Co., supra.

**\*2** Interrogatory 9c inquires whether defendants' golf balls have been manufactured by any other legal entity. There is no reason why this information should not be furnished. V.D. Anderson Co. v. Helena Cotton Oil Co., 117 F Supp 932 (ED Ark 1953).

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1972 WL 17672 (E.D.N.Y.), 16 Fed.R.Serv.2d 882, 176 U.S.P.Q. 178
**(Cite as: 1972 WL 17672 (E.D.N.Y.))**

Interrogatory 24 relates to agreements with third parties concerning the defense of this lawsuit. Again, this is a relevant subject of inquiry. Electronized Chemicals Corp. v. Rad-Mat, Inc., 288 F Supp 781 (D Md 1968). The court construes the interrogatory as not intended to reach communications between defendants and their attorneys.

Finally, Interrogatory 28 deals with license agreements between defendants and third parties for the manufacture and sale of molded golf balls. Licenses have a bearing on the question of validity. Philips Electronic & Pharmaceutical Industries Corp. v. Thermal & Electronics Industries, Inc., 450 F.2d 1164 (3d Cir1971). Plaintiff has a right also to know the real party in interest and to probe defendants' relations with others who may be chargeable with contributory infringement.

No details have been alleged which give any substance to the claim that any interrogatories would require revelation of trade secrets. In any event, defendants are protected under this court's Orders of April 13, 1972 and September 15, 1972.

Awards of attorneys' fees and expenses are not routinely made. There is some indication of an intent in the amendment of Rule 37(a) to encourage such awards by courts. Notes of Advisory Committee on Federal Rules, 48 FRD 487, 539-40. In this case, however, defendant answered most of the interrogatories and plaintiff's motion involved some issues that may have been susceptible of doubt.

E.D.N.Y.,1972.
PCR Golf Ball Co., Inc. v. Chemold Corp.
Not Reported in F.Supp., 1972 WL 17672 (E.D.N.Y.), 16 Fed.R.Serv.2d 882, 176 U.S.P.Q. 178

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.