# TAB 8

2008 U.S. Dist. LEXIS 20761, *



LEXSEE 2008 U.S. DIST. LEXIS 20761



Analysis
As of: Sep 24, 2009

**PERFECT WEB TECHNOLOGIES, INC., Plaintiff, v. INFOUSA, INC., Defendant.**

Case No. 07-80286-CIV-RYSKAMP/VITUNAC

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

*2008 U.S. Dist. LEXIS 20761*

March 17, 2008, Decided
March 17, 2008, Filed

**SUBSEQUENT HISTORY:** Summary judgment granted by *Perfect Web Techs., Inc. v. Infousa, Inc., 2008 U.S. Dist. LEXIS 108392 (S.D. Fla., Oct. 24, 2008)*

**PRIOR HISTORY:** *Perfect Web Techs., Inc. v. InfoUSA, Inc., 2007 U.S. Dist. LEXIS 91994 (S.D. Fla., Dec. 13, 2007)*

**COUNSEL:** [*1] For Perfect Web Technologies, Inc., Plaintiff: John C. Carey, LEAD ATTORNEY, Robert Houpt Thornburg, Carey Rodriguez Greenberg & Paul, LLP, Miami, FL; Richard James Mockler, III, LEAD ATTORNEY, Greenberg Traurig, P.A., Tampa, FL.

For InfoUSA, Inc., Defendant: John Michael Burman, LEAD ATTORNEY, Bernard Andrew Lebedeker, Burman Critton Luttier & Coleman, West Palm Beach, FL; John Christopher Rozendaal, Kenneth M. Fetterman, Mark C. Hansen, Richard H. Stern, Wan J. Kim, Kellogg Huber Hansen Todd Evans & Figel PLLC, Washington, DC.

**JUDGES:** KENNETH L. RYSKAMP, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** KENNETH L. RYSKAMP

**OPINION**

*ORDER GRANTING MOTIONS TO COMPEL AND FOR PROTECTIVE ORDER*

THIS CAUSE comes in for the Court pursuant to Plaintiff's Motion to Compel Complete Answer to Interrogatory Regarding Prior Art and Emergency Motion for Protective Order to Stay Deposition of Diana Stare ("Stare"), filed March 10, 2008 **[DE 78, 79]**. Defendant responded on March 11, 2008 **[DE 80]**. Plaintiff replied on March 13, 2008 **[DE 83]**. These motions are ripe for adjudication.

Plaintiff filed suit against Defendant for willful patent infringement of *United States Patent No. 6,631,400 ("the '400 patent")* entitled "Method for Managing Bulk [*2] E-Mail Distribution." The patent teaches, among other things, a novel method and system of distributing targeted e-mail to groups of recipients. The e-mailing mechanism includes the calculation of how many recipients received e-mail.

Defendant listed 21 employees in its *Rule 26* Disclosures that could "describe prior art within the industry related to the *'400 patent*." Plaintiff then served interrogatories, including Interrogatory No. 2, which asked Defendant to

> Identify each piece of prior art under *35 U.S.C. § 102* and/or *Section 103*... Which [Defendant] contend[s] affects the... validity of, any claim of the *400 Patent*, and explaine how each piece of prior Art is relevant to the... validity of such claim, setting forth an element-by-element comparison of each claim via a detailed claim

chart as each piece of prior Art... and identify all persons having knowledge thereof.

Defendant's October 22, 2007 answer to this interrogatory did not identify any persons having knowledge of the relevant prior art.

On February 28, 2008, Defendant serve notice of a subpoena to an individual named Diana Stare ("Stare") for deposition in Washington, DC. The subpoena set the deposition for March 17, 2008. Plaintiff [*3] first learned of this deposition in an e-mail inviting it to attend said deposition. The e-mail also stated that Defendant's counsel's law firm represented Stare "in connection with this appearance." When Plaintiff requested Defendant to identify "the substance of the discoverable information [Stare] supposedly possesses," Defendant responded that she would testify regarding how the patent is invalid. Plaintiff then issued a subpoena duces tecum to Stare regarding documents she possessed touching upon her belief that the patent is invalid. Defendant agreed to move the deposition to March 20, 2008. On March 3, 2008, Defendant supplemented its answer to the interrogatory, listing eight purported prior art patents and referring to an e-mail marketing businesses. Respondent does not provide any explanation as to how any of the references allegedly apply to the patent in question, nor does it identify Stare, or any other individual of persons having knowledge of any of the references. Plaintiff maintains that Defendant's failure to disclose Stare as a witness has deprived it of its opportunity to subpoena her for documents, analyze the responsive documents and conduct a follow-up investigation [*4] to prepare for her deposition.

Plaintiff moves to compel Defendant to provide a complete answer to the interrogatory and to identify the nature of Stare's or others' supposed knowledge as to the validity of the patent. Plaintiff also moved for a protective order to stay depositions until Defendant provides the above information and Plaintiff has the opportunity to review documents it has subpoenaed from Stare. Plaintiff asks the Court to compel Defendant to supplement its answer to the interrogatory within five days and to stay the deposition for 30 days to allow it to analyze the documents provided via the subpoena duces tecum.

Defendant states in its response for the first time that Stare is a nonparty witness who worked at a company called The Email Channel in the late 1990s. Defendant proposes that if, after the deposition, Plaintiff believes it has been prejudiced by the deposition, it may seek leave to take a further deposition from Stare prior to trial.

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). "The concept of trial by ambush has long ago fallen into desuetude [*5] in both state and federal courts." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 342 (N.D. Ill. 2005). The purpose of discovery under the Federal rules is to require the timely disclosure of relevant information to aid in the ultimate resolution of disputes in a civil action. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). The federal rules were intended to "make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the false practical extent." *Id.* at 682 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451 (1947)). The use of interrogatories seeking "element-by-element infringement allegation . . . is properly the subject of contention interrogatories." *Suncast Technologies, L.L.C. v. Patrician Products, Inc.*, 2008 U.S. Dist. LEXIS 5072, 2008 WL 179648 at *11 (S.D. Fla. Jan. 17, 2008). Multiple courts have compelled accused infringers to supplement contention interrogatories calling for detailed explanations as to how each purported prior art reference affects the validity of the patented suit. *See Motorola, Inc. v. Alexander Manufacturing Co.*, 1991 U.S. Dist. LEXIS 20535, 1991 WL 325499, at *1 (N.D. Iowa, Dec. 30, 1991) (granting motion to compel and ordering defendant [*6] to explain in detail its belief that each individual item of prior art affected the validity of each patent in suit); *Scovill Manufacturing Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 601 (D. Del. 1973) (ordering accused infringer to "state the basis for its contention that each patent in suit is invalid and to set forth the prior arts supporting such contentions"); *Digitronics Corp. v. Jewel Cos., Inc.*, 57 F.R.D. 649, 650 (N.D. Ill. 1972) (finding that interrogatory requesting analysis as to each list of prior references not overly burdensome). Furthermore, *Fed. R. Civ. P. 26* requires a party "without awaiting a discovery request" to provide an adverse party with "the name... of each individual likely to have discoverable information that the disclosing party may use to support its... defenses... identifying the subjects of the information."

Defendant's objections based on work product privilege are not well taken. A factual evidentiary basis for an accused infringer's invalidity defense, based upon the existence of prior art, does not necessarily "implicate the work product doctrine." *Medtronic Inc. v. Guidant Corp.*, 2003 U.S. Dist. LEXIS 26039, 2003 WL 23864972, at *4 (D. Minn., Jan. 8, 2003) (compelling interrogatory answer [*7] as to invalidity contention despite prior withholding based on work product privilege because interrogatory sought only the factual evidentiary basis for the prior art defense).

Nor may Defendant deny discovery on the basis of expert discovery scheduled for later in this case. Defendant has known of this witness for some undisclosed period of time, yet has not supplemented its interrogatory answers as required to give Plaintiff notice of its alleged relevant evidence. Furthermore, Defendant's response notes that Stare is a fact witness, not an expert witness.

Finally, the Court notes that Defendant's response allows that Plaintiff may seek leave to conduct further additional deposition testimony from Stare before trial. Plaintiff put forth this very proposal in a March 4, 2008 e-mail, stating that if Defendant would allow a second deposition regarding Stare, then Plaintiff would not need to proceed with this motion before the Court. The Court sees no reason why Defendant failed to agree to this reasonable compromise, thereby necessitating this motion practice that taxed the resources of both Plaintiff's counsel and the Court. It is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to [*8] Compel Complete Answer to Interrogatory Regarding Prior Art and Emergency Motion for Protective Order to Stay Deposition of Diana Stare, filed March 10, 2008 **[DE 78, 79]**, are GRANTED. Defendant shall fully supplement its answer to Interrogatory No.2 within five days of this date of this order. The deposition of Diana Stare is stayed for 30 thereafter to allow Plaintiff sufficient time for meaningful preparation for the deposition.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 17th day of March, 2008.

S/ Kenneth L. Ryskamp

KENNETH L. RYSKAMP

UNITED STATES DISTRICT JUDGE