# TAB 9

2008 U.S. Dist. LEXIS 48668, *

Page 1



LEXSEE 2008 U.S. DIST. LEXIS 48668

RING INDUSTRIAL GROUP, LP, Plaintiff v E Z SET TANK COMPANY, INC. d/b/a E-Z SET COMPANY; INTERNATIONAL CUSHIONING CORP.; INTERNATIONAL CUSHIONING COMPANY LLC; and ICC TECHNOLOGIES INC., Defendants.

5:07 CV 103

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA, STATESVILLE DIVISION

*2008 U.S. Dist. LEXIS 48668*

June 11, 2008, Decided
June 11, 2008, Filed

**COUNSEL:** [*1] For Ring Industrial Group, LP, Plaintiff, Counter Defendant: D. Clay Holloway, Steven D. Moore, LEAD ATTORNEYS, Kilpatrick Stockton LLP, Atlanta, GA; James Jason Link, Kilpatrick Stockton LLP, Winston-Salem, NC; Tonya R Deem, Adams & Costley, Winston-Salem, NC.

For E-Z Set Tank Company, Inc., doing business as E-Z Set Company, International Cushioning Company LLC, ICC Technologies Inc., Defendants: Francis Charles Hand, LEAD ATTORNEY, Roseland, NJ; Jeffrey T. Workman, Tate Gaylord Lucas Purdom & Workman, LLP, Greensboro, NC.

For International Cushioning Corp., Defendant: Francis Charles Hand, LEAD ATTORNEY, Roseland, NJ.

For E-Z Set Tank Company, Inc., International Cushioning Company LLC, ICC Technologies Inc., Counter Claimants: Francis Charles Hand, LEAD ATTORNEY, Roseland, NJ; Jeffrey T. Workman, Tate Gaylord Lucas Purdom & Workman, LLP, Greensboro, NC.

**JUDGES:** Dennis L. Howell, United States Magistrate Judge.

**OPINION BY:** Dennis L. Howell

**OPINION**

**ORDER**

**THIS MATTER** comes on to be heard before the undersigned, pursuant to the following motions:

(1) Plaintiff's Motion to Compel Discovery (# 33)

(2) Defendants' Motion for a Protective Order (# 35);

(3) Plaintiff's Motion for Extension of Deadlines and for a Pretrial Conference [*2] (# 56); and

(4) Plaintiff's Motion to Compel Supplemental Invalidity Contentions and Supplemental Interrogatory Responses (# 59).

This matter has been referred to the undersigned Magistrate Judge pursuant to *28 U.S.C. § 636(b)(1)(B)* and the motions are now ripe for determination.

**I. Factual and Procedural History**

On September 14, 2007, the plaintiff filed a Complaint against the defendants alleging that the defendants had violated various patents and copyrights of the plaintiff and further requesting damages for violation of those patents and copyrights. The allegations involve a drainage line unit that has been marketed by the plaintiff under a trademark name of "*Ezflow*." On October 9, 2007 the defendants answered plaintiff's Complaint and presented a Counterclaim contending that various patents and copyrights held by the plaintiff are invalid. The defendants further present claims for unfair competition. (# 17) The plaintiff filed a responsive pleading to the counterclaim on November 1, 2007. (# 24) This court entered a "Pretrial Order in a Patent Case" (# 28) on November

19, 2007 and thereafter, a Protective Order (# 30) on December 10, 2007. Further discussion of the factual procedure [*3] history in this matter will be addressed as is necessary in the body of this Order.

## II. Discussion

1. Motion to Compel Discovery

In an Order (# 76) filed on April 8, 2008, the undersigned required the parties to determine if they could resolve their differences as set forth in the pending motions. In response to that Order, the plaintiff filed a "Status Report" (# 78) on April 18, 2008. In regard to the Motion to Compel, the plaintiff's reported that defendants' counsel had indicated that the defendants would provide all the documents and information sought in the plaintiff's Motion to Compel discovery, but that some of the information would be provided only under a supplemental protective order. The parties could not agree as to any date certain by which the interrogatories would be answered or the documents requested in a request for production of documents, would be delivered.

At the hearing of this matter on April 25, 2008 both plaintiff and defendants' counsel stated that the defendants had agreed to answer the interrogatories and to respond to the request for production of documents. It appeared from the arguments presented that both plaintiff and defendants agreed that there were [*4] two issues that remained outstanding. One, defendants' request that the documents be produced, pursuant to a protective order and two, the plaintiff's request that the interrogatories be answered and the documents be provided by a date certain.

The issue regarding the issuance of a protective order will be addressed later in this Memorandum and Order. This court will order that a supplemental protective order be entered and such order will be entered as of the date of the filing of this Order.

In regard to the date of the answering of the interrogatories and providing the request for production of documents, the defendants' counsel advised the court that the defendants and plaintiff had agreed that the documents would be provided on a "rolling basis". A "rolling basis" [*5] was defined by defendants' counsel to mean that the interrogatories would be answered and the documents would be produced as they were collected. The undersigned, after hearing arguments from plaintiff and defendants' counsel, issued an oral order from the bench directing that all interrogatories and the documents in response to the request for production of documents would be provided by the defendants by May 16, 2008.

The court made inquiry of plaintiff's counsel as to whether the plaintiff was making any claim for the payment of expenses. *Rule 37(a)(5)(A)* provides as follows:

> **(5) Payment of Expenses; Protective Orders.**
>
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good [*6] faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Should the plaintiff desire to be heard about the issue of payment of expenses, then plaintiff shall, by July 1, 2008, file a motion requesting such fees. Attached to the motion should be a brief as required by the Local Rules and an affidavit of plaintiff's counsel concerning the number of hours reasonably expended on the motion, including a reasonable hourly rate. In preparing such affidavit, the plaintiff shall address all factors as enumerated in *Johnson vs. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)* as modified by *Hensley vs. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed. 2d 40. (1983)*.

2. Defendant ICC Technologies, Inc. n/k/a ICC Technologies LLC's Motion for a Protective Order (# 35)

The defendant ICC Technologies, Inc. n/k/a ICC Technologies LLC filed a Motion for Protective Order (# 35) pursuant to *Rule 26(c)(7) of the Federal Rules of Civil Procedure* on February 29, 2008.[1] The plaintiff responded to the motion on March 17, 2008 (# 54). [*7] In the plaintiff's response, the plaintiff does not object to the entry of a further protective order which would sup-

plement a previous Protective Order (# 30) that was entered by the court on December 10, 2007. The plaintiff does object to the proposed order submitted by the defendant ICC Technologies, Inc. n/k/a ICC Technologies LLC. While this matter was pending, the plaintiff filed a Status Report (# 78) on April 18, 2008, advising that the parties were discussing a draft supplemental protective order that would address concerns concerning an inspection of ICC Technologies, Inc. n/k/a ICC Technologies LLC's manufacturing facilities and also other discovery that might potentially take place in this matter. During the hearing of the motion on April 25, 2008, the plaintiff and the defendants each presented draft supplemental protective orders to the court. The court heard arguments regarding various terms and provisions that were in dispute. The disputes were few in number. After hearing arguments, the undersigned has examined both proposed protective orders that were submitted and finds that good cause has been shown to grant the motion for supplemental protective order. *Brittain vs. Stroh Brewery Company, 136 F.R.D. 408 (M.D.N.C., 1991)* [*8] The order that the undersigned will hereby enter will apply to not only the inspection of the defendant ICC Technologies, Inc. n/k/a ICC Technologies LLC's manufacturing facilities, but to all discovery of any of the defendants or of the plaintiff. In entering this order the court does not make any findings that any document or item produced is a trade secret or that any document or item produced does or does not contain confidential research development or commercial information.

    1   *Rule 26(c)(7) of the Federal Rules of Civil Procedure* has now been replaced by *Rule 26(c)(1)(G)*.

3. Plaintiff's Motion for Extension of Deadlines and for Pretrial Conference (# 56)

On March 17, 2008, the plaintiff filed a motion entitled "Plaintiff's Motion for Extension of Deadlines and for Pretrial Conference" (# 56) and a brief (# 57) in support of the motion. In the motion, the plaintiff alleges that after this court entered a pretrial order on November 17, 2007, the plaintiff sought discovery and the defendants have, as of March 17, 2008, refused to answer discovery, refused to allow inspection of the manufacturing process of the defendants, and have refused to identify the theories of the defendants as [*9] to the invalidity or noninfringement of the plaintiff's patents. The plaintiff now requests that the court delay the deadlines in this matter and to hold another pretrial conference. In their response, the defendants opposed the plaintiff's motion for extension of the deadlines and have argued that the plaintiff does not need the extension because the plaintiff has not produced any documents or credible evidence that the defendants have either violated the patents or that the plaintiff owns valid patents. The undersigned has read in detail the plaintiff's brief (# 57) and the defendants' brief (# 70) and the plaintiff's reply. (# 77)

After the court received the certification of initial attorney's conference and discovery plan from the defendants on October 31, 2007, and from the plaintiff on November 1, 2007, the undersigned determined to hold an initial pretrial conference. Initial pretrial conferences are seldom held in this district and the undersigned only holds such a conference when it appears that it is absolutely necessary due to disagreement regarding scheduling between the parties. In this case, the disagreements were numerous and went to the very heart of the issues and [*10] contentions. The plaintiff, on the one hand, contends that it needs discovery in regard to the acts of the defendants which might violate the plaintiff's patents. The defendants, on the other hand, contended that no discovery at all was necessary as to any issue and that the plaintiff should accept the defendants' statement that the defendants were not violating the patents and dismiss the plaintiff's complaint. The dichotomy of the views between the plaintiff and the defendants became even more apparent at the pretrial conference that was held on November 9, 2007. After research, the undersigned determined to enter a pretrial scheduling order in this matter which was more detailed and extensive than that which is usually entered by the undersigned in any case or proceeding before this court. The undersigned's purpose in entering such a detailed order was to attempt to insure that this case would progress in an orderly fashion without unreasonable delays. The undersigned has reviewed the interrogatories and request for production of documents presented by the plaintiff to the defendants and the response of the defendants to those discovery requests. The responses of the defendants [*11] to the interrogatories and the request for production of documents were, in the opinion of this court, effectively no responses at all. The objections raised were in large part baseless and the answers given were evasive and incomplete. Due to each defendants' failure to respond to the discovery, the plaintiff has now been required to file a motion to compel and also to file a motion for extension of the deadlines in this case. The defendants, by their failures to respond, have thwarted the purpose of this court in entering the pretrial order. This case is now months behind schedule. As a result, the undersigned will allow the plaintiff's motion for extension of deadlines and will enter an amended pretrial order in this case. The undersigned finds that more than good cause has been shown by the plaintiff for allowing the plaintiff's motion.

In the plaintiff's motion, the plaintiff requests that the court "address mechanisms for avoiding future delays with the court's schedule as a result of discovery or other disputes between the parties." Those mechanisms are

already in place. Specifically, the court refers the parties and their attorneys to *Rules 16(f)* and *37 of the Federal Rules of Civil Procedure*. [*12] The court would further entertain prompt utilization of these rules based upon any failure to obey the amended pretrial order in this case is advised. The undersigned further recommends that if any party finds that it is necessary to file any type of motion in order to obtain compliance with the terms of the amended pretrial order, that the motion be joined with an additional motion for expedited hearing and decision by the undersigned.

4. Plaintiff's Motion to Compel Supplemental Invalidity Contentions and Supplemental Interrogatory Responses (# 59)

### a. Background

On March 25, 2008, the plaintiff filed a motion requesting the court order the defendants, E Z Set Tank Company, Inc., International Cushioning Company LLC and ICC Technologies, Inc. k/n/a ICC Technologies LLC to supplement their preliminary invalidity contentions and to supplement the answers to interrogatories which were seeking information concerning the non-infringement defenses of the defendants.

In the Pretrial Order (# 28) that was entered in this matter on November 19, 2007 the court ordered the plaintiff and the defendants to serve preliminary invalidity contentions. The plaintiff and the defendants were also ordered [*13] to disclose their asserted claims and preliminary invalidity contentions on February 1, 2008. After being served with the preliminary invalidity contentions of the defendants (# 57-Exhibit 3), the plaintiff now contends that the contentions were insufficient because the disclosures did not specifically identify where each element of each asserted claim of the patents in suit was found in the cited prior art. Plaintiff's counsel and defendants' counsel met and conferred but were unable to resolve the dispute. The plaintiff now requests that the court order the defendants to supplement their invalidity contentions.

The plaintiff contends that the defendants' preliminary invalidity contentions are insufficient because they did not specifically identify where each element of each asserted claim of the patents in suit were found in the cited prior art and thus failed to disclose how the prior art at issue invalidated the plaintiff's patents. The defendants contend that their answers were sufficient, are preliminary, and were made subject to supplementation and amendment and thus comply with the Pretrial Order. The defendants further contend that the plaintiff should be aware of British patents [*14] and patent applications that were allegedly prior to the plaintiff's patent.

The plaintiff also contends that defendants' answers to interrogatories are evasive and incomplete. The interrogatory which the plaintiff contends has not been completely answered is interrogatory # 11 as to E Z Set Tank Company, Inc.; interrogatory # 15 as to International Cushioning Company LLC; and interrogatory # 12 as to ICC Technologies, Inc. n/k/a ICC Technologies LLC. Although each interrogatory has a different number, the substance of the interrogatory is the same:

> For each of the asserted claims in Plaintiff's Preliminary Disclosure of Asserted Claims and Infringement Contentions, describe in detail your full basis for contending that you have not infringed the asserted claims under *35 U.S.C. § 271*, whether literally, under the doctrine of equivalents, directly, by inducement, or by contribution, including an identification of each claim limitation of each asserted claim you contend is not present, practiced, induced, or contributed to, a narrative description of why you contend each such claim limitation is not present, practiced, induced, or contributed to, an identification of all evidence relied [*15] upon by you to support those contentions, and an identification of all persons with knowledge of the subject matter of this interrogatory.

The plaintiff contends that each defendants' response to this interrogatory contained only conclusory assertions and failed to provide the requested details and information or evidence that was requested in the interrogatory. Each defendant has responded that the interrogatory has been fully answered based upon the information available to each defendant. The defendants further contend that the plaintiff has not produced documents and states that if the documents were produced, they might lead to other evidence. None of the defendants have filed motions to compel.

In their arguments, the defendants' counsel has taken the position that the plaintiff's motion should be denied in that discovery is not.needed by the plaintiff in regard to claim construction and cited the case of *Vivid Technologies, Inc. vs. American Science and Engineering, Inc., 200 F.3d 795 (Fed. Cir. 1999)*. Plaintiff's counsel, on the other hand, has argued that this same case allows for there to be discovery in regard to claim construction. When read in its entirety, the report of [*16] the case shows that "the district court has broad powers of case management, including the power to limit discovery to

relevant subject matter and to adjust discovery as appropriate to each phase of litigation". Exercising that discretion, it appears to the undersigned in this case that ongoing discovery is needed for this case to be prepared for trial. The undersigned will enter an order allowing the motion (# 59) of the plaintiff.

### b. Supplemental Invalidity Contentions

In this case, the undersigned attempted to design a pretrial order that would hopefully assist the district court in defining and determining the issues in this case. The undersigned has examined the preliminary invalidity contentions of the defendants (# 57-5) and is of the opinion that, although the defendants have attempted to provide their contentions, the information that has been provided is not as helpful as it could have been to the district court. To assist the defendants, the undersigned will order that each defendant supplement their preliminary invalidity contentions and provide the following instructions to the defendants in regard to the information that each defendant is to provide:

**Non-Infringement Contentions.** [*17] Non-infringement contentions shall contain a chart that states as to each identified element in each asserted claim, whether such element is present literally or under the doctrine of equivalents in each accused instrumentality, and, if not, the reason for such denial and the relevant distinctions.

**Invalidity Contentions.** Invalidity contentions must contain the following information:

(1) The identity of each item or prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under *35 U.S.C. § 102(b)* shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information because known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under *35 U.S.C. § 102(f)* shall be identified by providing the name of the person(s) from whom and [*18] the circumstances under which the invention or any part of it was derived. Prior art under *35 U.S.C. § 102(g)* shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(2) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(3) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by the sixty paragraph of *35 U.S.C. § 112*, the identity of the structure(s), act(s), or materials(s) in each item of prior art that performs the claimed functions; and

(4) Any grounds of invalidity based on any applicable provision of *35 U.S.C. § 112*.

With the preliminary non-infringement and invalidity contentions, the party opposing a claim of patent infringement must produce or make available for inspection and copying:

(a) Source code, specifications, schematics, flow charts, artwork, [*19] formulas, or other documentation sufficient to show the operation of any aspects or elements of an accused instrumentality identified by the patent claimant in its chart; and

(b) A copy of each item of prior art identified as set forth above that does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

By supplementing the defendants' responses in the manner set forth herein, there should be produced to the district court information that will assist the district court in the decision making process in this case.

### c. Supplemental Interrogatory Responses

**Applicable Standard**

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. *Lone Star Steakhouse and Saloon, Inc vs. Alpha Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995)*

**Discussion**

*Rule 26(b)(1) of the Federal Rules of Civil Procedure* provides that:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things [*20] and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in this action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by *Rule 26(b)(2)(C)*.

The plaintiff complains that the defendants were each asked in the interrogatories to "describe in detail" the basis for contending that each defendant does not infringe on each of the asserted claims and that the defendants did not provide identification of all evidence relied upon by the defendants to support the contention and identification of all persons with knowledge of the subject matter of the interrogatory. The undersigned has examined the answers to the interrogatory for each defendant and finds that each defendant has not answered the interrogatory in the detail and in the method as requested. In the answer to interrogatory No. 11 by E Z Set Tank Company, Inc., such defendant has stated that it has not and does not install drainage fields nor contribute to a [*21] method of installing a drainage field nor induce others to install a drainage field. The only purpose for the item sold by defendant E Z Set Tank Company, Inc., is to act as a drainage line that is placed in the ground or earth in what is commonly known as a drainage field. If E Z Set Tank Company, Inc., does not infringe on the patent, then it needs to explain why and to answer the interrogatory fully and completely in all respects. International Cushioning Company, LLC's response states that it has no knowledge that what it has sold to ICC Technologies, Inc. was made for an infringing purpose and contends that it is not liable as an infringer. International Cushioning Company, LLC, further objects to the interrogatory requiring identification of all persons with knowledge of the subject matter of the interrogatory. That objection has no basis in law. The plaintiff is entitled under *Rule 26 of the Federal Rules of Civil Procedure* to this information. The answer provided by ICC Technologies Inc. n/k/a ICC Technologies LLC also contains incomplete and conclusory answers and which do not respond to the plaintiff's interrogatory. This court is of the opinion that each defendant must respond [*22] to the interrogatory and provide the response that has been requested. The examples given above are not an exhaustive list of the manner in which each defendant has failed to answer the interrogatory, but are examples only.

If the plaintiff wishes to make a claim for payment of fees and expenses as provided by *Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure* as to this motion (# 59) then the plaintiff shall file a motion requesting such fees by July 1, 2008. The motion shall be accompanied by a brief and affidavit as described in page four of this Order, but the motion, brief and affidavit shall address the time and expenses incurred as a result of the plaintiff's Motion to Compel Supplemental Invalidity Contentions and Supplemental Interrogatory Responses (# 59) only.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED:**

1) That the plaintiff's Motion to Compel Discovery (# 33) is hereby **ALLOWED** and that the defendants are ordered to answer the interrogatories and to respond to the request for production of documents on or before **July 1, 2008**. It is further **ORDERED** that should the plaintiff desire to be heard as to the issue of payment of counsel fees and expenses that the plaintiff shall, by **July** [*23] **1, 2008**, file a motion requesting such fees, along with the brief and affidavit as described in this Order;

2) That the defendants' Motion for a Protective Order (# 35) is hereby **ALLOWED** and the court shall herewith, upon the filing of this Order,, file a Supplemental Protective Order which shall apply to all discovery in this matter;

3) That the plaintiff's Motion for Extension of Deadlines and for a Pretrial Conference (# 56) is hereby **ALLOWED** and as a result thereof the court shall execute and file an Amended Pretrial Order in this matter upon the filing of the Order herein;

4) That the plaintiff's Motion to Compel Supplemental Invalidity Contentions and Supplemental Interroga-

tory Responses (# 59) is hereby **ALLOWED** and it is **ORDERED**:

    (a) That the defendants are **ORDERED,** by July 1, 2008, to definitively and precisely answer the interrogatory propounded to each defendant by the plaintiff and as is described in this Order to the extent of all information available to each defendant, including information from or through any of its officers, employees or agents; and

    (b) It is further **ORDERED** that the defendants shall each by, July 1, 2008, provide supplemental invalidity contentions in accordance [*24] with the instructions set forth in this Order.

    (c) It is further **ORDERED** that should the plaintiff desire to be heard as to the issue of payment of counsel fees and expenses that relate to this motion (# 59) that the plaintiff shall, by July 1, 2008 file a motion requesting such fees along with a brief and affidavit as described in this Order.

Signed: June 11, 2008

/s/ Dennis L. Howell

Dennis L. Howell

United States Magistrate.Judge

**SUPPLEMENTAL PROTECTIVE ORDER**

Pursuant to the motion of the defendant ICC Technologies Inc, n/k/a ICC Technologies LLC, made pursuant to *Rule 26(c)(7) of the Federal Rules of Civil Procedure* which has been amended and which is now *Rule 26(c)(1)(G)*, the court enters the following Supplemental Protective Order to protect any potential trade secrets or potential proprietary information of ICC Technologies Inc. n/k/a ICC Technologies LLC. This protective order is to supplement the Protective Order (# 30) already entered by the undersigned in this matter on December 10, 2007.

It is hereby ordered by the court that the following restrictions and procedures shall apply to protect the disclosure of claimed trade secrets or other claimed proprietary information in this [*25] action, whether in documents, testimony, or inspection of manufacturing facilities, whose disclosure to the principals of the parties is believed to have the potential to cause competitive harm.

The plaintiff Ring Industrial Group, LP has requested the inspection of the manufacturing facilities of defendant, ICC Technologies Inc. n/k/a ICC Technologies LLC, at 6005 West NC Highway 10, Hickory, NC 28606, and has served a Notice of Inspection.

The defendant ICC Technologies Inc. n/k/a ICC Technologies LLC, asserts that its methods of manufacturing drainage line units are trade secrets and further asserts that the manufacturing facilities of said defendant contain trade secrets and proprietary information.

The parties are also seeking discovery by other methods from each other and based upon the motion filed by the defendant ICC Technologies Inc. n/k/a ICC Technologies LLC, and from the records in this cause and the arguments of counsel, the court has determined to enter a Supplemental Protective Order which shall govern the disclosure of all claimed trade secrets and/or claimed proprietary information disclosed in discovery in this action. This order shall apply to all discovery in this [*26] matter and not just to the party ICC Technologies Inc. n/k/a ICC Technologies LLC.

1. Definitions

The following definitions apply herein:

    a. "CONFIDENTIAL - ATTORNEY'S EYES ONLY" means that the information being disclosed is considered by the discloser to be a trade secret or proprietary and that the discloser believes that disclosure to the other party would give said other party an unfair competitive advantage.

    b. "Party" means every party to this action.

    c. "Stipulation" means this Stipulated Order to Protect Claimed Trade Secrets and Proprietary Information.

    d. "Confidential Information," as used herein, refers to "Attorney's Eyes Only" information as well as "Confidential" information, as described in the Court's December 10, 2007 Protective Order, which shall remain in effect, except to the extent that it may be inconsistent with this order.

2. Terms of the Protective Order

    A. Inspection of the Manufacturing Facilities of Defendant, ICC Technologies, Inc. n/k/a ICC Technologies LLC

    1. Any and all information obtained by counsel for plaintiff during an inspection of the premises of ICC Technologies LLC shall be designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" and all information derived [*27] therefrom (excluding such information as is derived lawfully from an independent source) that is received by counsel for plaintiff shall not be dis-

closed, given, shown, made available or communicated in any way, except to:

    a. Outside counsel for plaintiff;

    b. Employees of such outside counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts (singularly "Expert" and collectively "Experts") to the extent deemed necessary by counsel and provided that the requirements of Section 2.B.7. herein have been complied with; and

    d. The Court or the jury at trial.

2. Outside Experts and Consultants.

Counsel for plaintiff may be accompanied by one (1) Expert at the time of the inspection provided that counsel for ICC Technologies LLC is provided with written notice not less than ten (10) calendar days before the scheduled date of inspection of the name of the Expert, together with a current resume for such Expert. The designated Expert shall be bound by this Protective Order and shall sign a statement as set forth in Exhibit A to that effect. The designated Expert shall not disclose any information learned from the inspection to or discuss any information learned from the [*28] inspection with anyone other than those persons listed in Section 2A.1. above.

3. Scope of Inspection

a. Inspection of the manufacturing facilities of ICC Technologies LLC by counsel for plaintiff and any accompanying Expert shall be limited to the machines employed by ICC Technologies Inc. n/k/a ICC Technologies LLC which have been used or are being used to manufacture drainage line units marketed under the name Flowtech, any machine used to expand/or foam polystyrene beads or aggregate used in the manufacture of drainage line units and any preassembled drainage line units stored at the facility. Further, in connection with the inspection, counsel for plaintiff and any accompanying expert shall be permitted to observe operation of any other ancillary machines that are connected to or operate in conjunction with the machines employed by ICC Technologies, Inc. n/k/a ICC Technologies LLC to manufacture drainage line units marketed under the name Flowtech.

b. Counsel for plaintiff and the Expert shall be allowed to record notes ("Notes") during the inspection. Those Notes shall be marked and designated as "**CONFIDENTIAL - ATTORNEYS' EYES ONLY**" as is set forth in the protective order and shall [*29] be subject to all limitations regarding such designation. The Notes shall regard only the methods employed by the machines employed to manufacture drainage line units, the machines used to expand and/or foam polystyrene beads or aggregate used in the drainage line units and any preassembled drainage line units stored at the facilities of ICC Technologies, Inc. n/k/a ICC Technologies LLC.

c. Counsel for plaintiff may video the operation of the machines identified above and may take photographs of machines or product being inspected. If video recording or photography is to be conducted by a third party videographer, counsel for ICC Technologies LLC is to be provided with written notice not less than ten (10) calendar days before the scheduled date of inspection of the name of the videographer, together with a current resume for such videographer, if available. The designated videographer shall be bound by this Protective Order and shall sign a statement as set forth in Exhibit A to that effect. The designated videographer shall not disclose any information learned from the inspection to or discuss any information learned from the inspection with anyone other than counsel for plaintiff [*30] or the Expert. If a current resume of the videographer is not available, counsel for plaintiff shall be responsible for retaining the videographer and ensuring that he/she will retain any videos or photographs in the CONFIDENTIAL-ATTORNEYS' EYES ONLY manner and will destroy any and all videos, photographs, negatives and the like when so instructed by counsel for plaintiff.

4. Maintenance of Notes and Video Tapes

a. Counsel for plaintiff and/or Expert shall maintain any and all Notes and video recordings or photographs of the inspection in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all Notes and video recordings or photographs to prevent the unauthorized or inadvertent disclosure of any designated confidential material.

b. The Notes made by Counsel for plaintiff and/or Expert pursuant to Paragraph 2.A.3. of this Order shall be copied only as counsel for plaintiff deems necessary for purposes of this litigation, and shall be marked with a legend on each page stating "CONFIDENTIAL -- ATTORNEY'S EYES ONLY". The video recordings or photographs made by or for counsel for plaintiff pursuant to Paragraph 2.A.3. of this Order [*31] shall be copied only as counsel for plaintiff deems necessary for purposes of this litigation and as provided below in subparagraph 2.A.4.c., and shall be clearly marked with a

legend stating "CONFIDENTIAL -- ATTORNEY'S EYES ONLY".

c. One copy of the video recordings and/or photographs made by or for counsel for plaintiff pursuant to Paragraph 2.A.3. of the Order shall be produced to counsel for ICC Technologies, Inc. n/k/a ICC Technologies LLC within five (5) business days of receipt of the video recordings and photographs by counsel for plaintiff.

d. Upon the final disposition of this action, the Notes made by counsel for plaintiff and Expert pursuant to Paragraph 2.A.3. and any video recording and photographs made under this Order shall be promptly destroyed.

e. Counsel for plaintiff shall immediately notify counsel for ICC Technologies, Inc. n/k/a ICC Technologies LLC of any attempt by third parties to inspect and/or copy said Notes, said video recordings, or said photographs.

B. Production of Documents and Things

1. Counsel for any party may designate any document, tangible thing, testimony, written discovery response or information as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if counsel [*32] determines, in good faith, that such materials constitute, contain, reveal or reflect proprietary or trade secret information.

2. The Designating Party shall designate Proprietary Information and/or Trade Secrets in the following manner:

a. For documents, by placing the notation "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of such document;

b. For tangible things, by placing the notation "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the item or if such is not practicable, as otherwise agreed by the parties;

c. For testimony, by (i) designating such testimony as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" within the time periods allowed pursuant to paragraph B.3.c. of this Order and (ii) requesting that the court reporter place the notation "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page of the transcript so designated, which designated pages of the transcript shall be separately bound and conspicuously marked on its cover;

d. For declarations, affidavits, written discovery responses, expert reports, court filings or pleadings, by placing the notation "CONFIDENTIAL--ATTORNEYS' EYES ONLY" on the face of such document.

3. Unless otherwise agreed, the designation of any material as "CONFIDENTIAL--ATTORNEYS' [*33] EYES ONLY" shall be made at the following times:

a. For documents, at the time of the production of documents;

b. For declarations, affidavits, written discovery responses, expert reports, and pleadings, at the time of the service or filing, whichever occurs first;

c. For testimony, either (i) at the time that such testimony is given, or (ii) within thirty (30) days after the receipt by the Designating Party of the transcript of such testimony.

4. In the event a party challenges another party's confidentiality designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. The designating party shall have the burden of proving that such particular Confidential Information is properly designated. Confidential Information that is subject to a dispute shall be treated as originally designated until the parties agree or the Court orders otherwise. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of [*34] all confidential information disclosed, in accordance with applicable law.

5. Information or documents designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

a. Outside counsel;

b. Employees of such outside counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts (singularly "Expert" and collectively "Experts") to the extent deemed necessary by counsel and provided that the requirements of

paragraph 2.B.8. have been complied with; and

    d. The Court or the jury at trial.

6. Notwithstanding anything to the contrary in Paragraph 2.B.5. above, particular information that has been designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed and copies may be provided:

    a. To persons who are explicitly named on the document as the authors or recipients, or to witnesses at depositions whom the disclosing party has a good faith belief may have been the author of, or received copies of, any particular document;

    b. To any other persons with the prior written consent of the Designating Party and provided the person signs an agreement to be bound by this Order in the form attached as Exhibit A; and

    c. To any other persons with [*35] the prior authorization of the Court.

7. Prior to disclosing or providing copies of any "Attorney's Eyes Only" information to any Expert pursuant to Paragraph 2.B.5.c. above, the person or party making such disclosure shall first obtain the agreement of that Expert to be bound by the terms of this Order as set forth in the form Confidentiality Agreement attached hereto as Exhibit A. In addition, at least 7 calendar days prior to making a disclosure to such Expert, the person or party making such disclosure shall provide the following information and materials to the other parties to this litigation:

    a. The name and address of the Expert;

    b. A signed copy of the Expert's agreement to be bound by this Order;

    c. Whether the Expert is or has ever been employed by the party on whose behalf the disclosure is made, its subsidiaries or its affiliates; and

    d. A copy of the Expert's current resume showing his/her education and employment for the last four (4) years.

8. Any party may object to a disclosure to an Expert within 7 calendar days after service of the materials and information specified in Paragraph 2.B.8. above, by stating specifically and in writing the reasons why the party reasonably [*36] believes such person should not receive "Attorney's Eyes Only" information. If no such objections are made, the parties shall be deemed to agree to the disclosure. In the event of such an objection, no disclosure of "Attorney's Eyes Only" information shall be made to the Expert for a period of ten (10) days following the date of the objection in order to permit the objecting party to move for an order that disclosure not be made or that the disclosure be made only upon certain conditions. The moving party shall have the burden of establishing that good cause exists for such an order, and shall seek to have the matter heard at the earliest possible date. If no such motion is served and filed within ten (10) days following the objection, "Attorney's Eyes Only" information may be disclosed to such Expert for the purposes of and upon the conditions stated in this Order. If such a motion is served and filed, there shall be no disclosure to such Expert until the Court has ruled upon the motion.

9. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents; and

    b. Inform the person [*37] that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

10. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

11. Inadvertent failure to identify documents or things as "CONFIDENTIAL" or " CONFIDENTIAL--ATTORNEYS EYES ONLY" information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the Designating Party to appropriately mark the information in accordance with this Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in

documents or things not bearing an appropriate confidentiality legend occurring before the Receiving Party was placed on notice [*38] of the Designating Party's claims of confidentiality. However, if Confidential Information has previously been disclosed to persons no longer qualified to receive such Confidential Information, the disclosing party shall take reasonable efforts to obtain all such previously disclosed information and advise such persons of the claim of confidentiality.

12. Inadvertent production of documents or things subject to work-product immunity, the attorney-client privilege, or other applicable immunity or privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing of such inadvertent production within ten (10) business days after the earlier of (a) the Producing Party's discovery of the inadvertent production or (b) its use in pleadings, motions or deposition testimony by the Receiving Party. Such inadvertently produced documents and things shall be returned to the Producing Party upon request or certified as destroyed. The Receiving Party shall not thereafter use the inadvertently produced documents and things or any notes or other or summaries or materials referring to them for any purpose and shall not [*39] show the inadvertently produced documents and things to anyone following notification of the inadvertent production. If, after conferring, the parties are unable to reach a satisfactory agreement as to whether the materials in question are privileged, the Producing Party may file a motion regarding the matter, but must do so within ten (10) business days after conferring with the Receiving Party.

13. If any individual or entity subpoenas, orders production, or requests discovery of Confidential Information that a Receiving Party has obtained subject to this Order, the Receiving Party shall promptly notify the Designating Party of same and shall not produce the Confidential Information until the Designating Party has had reasonable time (at least ten (10) business days) to object or take other appropriate steps.

14. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

15. Survival of Terms. Absent [*40] written modification hereof by the parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Stipulation.

16. Effect On Discovery. This Order shall not preclude or limit the right of any party to oppose discovery on any ground which would otherwise be available.

17. Order Binding When Signed. This Order shall be binding on the parties hereto when signed and filed by the court.

18. Submitting to Jurisdiction of the Court. Each person to whom disclosure of any designated information is made shall be subject to and hereby submits to the jurisdiction of the United States Court for the Western District of North Carolina, which shall have jurisdiction over the person for the purpose of contempt proceedings in the event of any violation of this Order.

19. Violation of Order. In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening [*41] to violate any of the terms of this Order and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto that the aggrieved party possesses an adequate remedy of law. The parties and any other person subject to the terms of this Order agree that the Court has jurisdiction over such person or party, for the purpose of enforcing this Order.

SO ORDERED

Signed: June 11, 2008

/s/ Dennis L. Howell

Dennis L. Howell

United States Magistrate Judge

Exhibit A

CONFIDENTIALITY AGREEMENT

I have been informed by counsel that certain documents, things or information to be disclosed to me in connection with the matter entitled RING INDUSTRIAL GROUP, LP v. E Z SET TANK COMPANY, INC.d/b/a E-Z SET COMPANY; INTERNATIONAL CUSHIONING CORP.; INTERNATIONAL CUSHIONING COMPANY LLC; and ICC TECHNOLOGIES INC. n/k/a ICC TECHNOLOGIES LLC; Civil Action No.: 5:07-CV-103 have been designated as "CONFIDENTIAL- ATTORNEY'S EYES ONLY".

I have been informed that any such document, thing or information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is confidential by Order of the Court.

Under penalty of contempt of Court, I [*42] hereby agree that I will not disclose any information contained in such documents to any other person except as permitted by Order of the Court, and I further agree not to use any such information for any purpose other than this litigation.

Dated:

Signed in the presence of:

(Attorney)

# 34362