IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ePLUS, INC.,

PLAINTIFF,

v.                                          CIVIL CASE NO.: 2:09CV232

LAWSON SOFTWARE, INC.

DEFENDANT.

## ORDER

This matter is before the Court on Defendant's Motion to Transfer Proceedings or in the Alternative to Adopt a Prior Markman Ruling ("Motion to Transfer" or "Motion"). Defendant contends that this case should be transferred to Judge Spencer of the Richmond Division, who has significant experience with the patents at issue. Because the Court finds that substantial judicial resources will be conserved by transferring the case, Defendant's Motion to Transfer is **GRANTED**.

### I. PROCEDURAL HISTORY[1]

On May 19, 2009, Plaintiff ePlus, Inc. ("Plaintiff" or "ePlus") filed a Complaint in the Alexandria Division of the Eastern District of Virginia, alleging that Perfect Commerce, Inc. ("Perfect Commerce"), SciQuest, Inc. ("SciQuest"), Lawson Software, Inc. ("Lawson"), and Verian Technologies, Inc. ("Verian") had infringed its United States Patent Nos. 6,055,516 ("the '516 patent"), 6,505,172 ("the '172 patent"), and 6,023,683 ("the '683 patent"). Doc. 1. These

---

[1] This section does not include the entire procedural history in this case, but rather details those events most relevant to the issues before the Court.

patents cover aspects of electronic sourcing and procurement systems that "enable users in the commercial procurement market to search for, requisition and procure items from multiple vendors or sources." Doc. 61, Ex. A at 3. The Complaint identifies a number of these companies' products that allegedly infringe Plaintiff's patents. Doc. 1 at 1–3.

On July 8, 2009, after receiving an appropriate extension of time, Perfect Commerce, SciQuest, and Lawson each answered and counterclaimed for declaratory judgment of the patents' invalidity and unenforceability, and of their own non-infringement. Docs. 24, 25, & 27. Verian also filed an Answer on July 8, 2009, but did not counterclaim. Doc. 26. Verian was later dismissed pursuant to an Agreed Order on July 31, 2009. Doc. 55.

The remaining defendants filed the present Motion to Transfer and a memorandum in support thereof on July 31, 2009. Docs. 51 & 52. Plaintiff ePlus filed a Response in Opposition to the Motion, Doc. 61, on August 11, 2009, and on August 14, 2009, the same defendants filed a Rebuttal Brief, Doc. 64. Thus, the Motion to Transfer has been fully briefed and is ripe for the Court's consideration.

On August 19, 2009, SciQuest was dismissed with prejudice pursuant to a stipulation of dismissal. Doc. 71. Perfect Commerce was dismissed without prejudice pursuant to a stipulation of dismissal filed on September 1, 2009. Lawson is now the sole defendant in this action.

## II. FACTUAL BACKGROUND

Plaintiff ePlus, headquartered in Herndon, VA (within the Alexandria Division), originally asserted the three patents-in-suit against Ariba, Inc. ("Ariba") in May 2004. Doc. 61 at 2. As with each of its subsequent lawsuits in the Eastern District of Virginia, ePlus filed the action against Ariba in the Alexandria Division. Doc. 61 at 2. That case was assigned to Judge

Brinkema, who proceeded to issue a summary judgment ruling construing terms in the eight (8) asserted claims, and to preside over a jury trial. Doc. 61 at 2; Doc. 64 at 6; Doc. 52 at 1. Shortly after the jury returned a verdict in favor of ePlus, Ariba purchased a license to the patents and settled the case.

Plaintiff then filed a second infringement suit, based on the same patents, against SAP. Doc. 61 at 2; Doc. 52 at 1. In this second action all seventy-nine (79) of the patents' claims were in issue. Doc. 64 at 6. The case was assigned to Judge Spencer of the Richmond Division, who subsequently issued a <u>Markman</u> Order, granted partial summary judgment to SAP based on concessions by ePlus, and presided over a jury trial that ended in a hung jury. Doc. 61 at 2. The parties again settled, at which time ePlus moved the court to vacate its <u>Markman</u> Order and partial summary judgment ruling based in part on discrepancies between those documents and the evidence later adduced at trial. Doc. 61 at 2–3. Judge Spencer granted the motion on the grounds stated by Plaintiff. Doc. 61 at 3.

The present case followed. In keeping with past practice, ePlus filed this action in the Alexandria Division, after which it was assigned to this Court. Doc. 52 at 1. Defendant's Motion asks the Court to transfer venue to Judge Spencer of the Richmond Division, or, alternately, to adopt the claim constructions in Judge Spencer's vacated <u>Markman</u> Order.

### III. LEGAL PRINCIPLES

Title 28 of the United States Code, section 1404(a) governs transfer of venue. Section 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision of whether to transfer an action under §

3

1404(a) is committed to the sound discretion of the district court. In re Ralston Purina Co., 726 F.2d 1002, 1005 (4th Cir. 1984).

In applying this statute to the facts at hand, a court "must make two inquiries: (1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." JTH Tax, Inc. v. Lee, 482 F. Supp. 2d 731, 735 (E.D. Va. 2007) (quoting Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va.2003)). As to the first prong, Local Civil Rule 3(C) ("Rule 3(C)") requires that "[c]ivil actions for which venue is proper in this district . . . be brought in the proper division, as well." E.D. Va. Loc. Civ. R. 3(C). The principles in 28 U.S.C. § 1391 et. seq. that govern determination of the proper judicial district also govern determination of the proper division. Id. Thus, a case may be filed properly in any division in which (1) "any defendant resides, if all defendants reside in the same State"; (2) "a substantial part of the events . . . giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "any defendant may be found, if there is no [division] in which the action may otherwise be brought." Mullins v. Equifax Info. Servs., LLC, 2006 WL 1214024 at *3 (E.D. Va. 2006) (applying E.D. Va. Loc. Civ. R. 3(C) to 28 U.S.C. § 1391(b)) (second alteration in original). Corporations are deemed residents of any division in which they are subject to personal jurisdiction at the time the action is commenced. Id. (applying E.D. Va. Loc. Civ. R. 3(C)) to 28 U.S.C. § 1391(c)).

The second prong of the Court's inquiry—whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum—requires consideration of the following four factors: (1) the plaintiff's choice of venue; (2) witness convenience and access; (3)

the convenience of the parties; and (4) the interest of justice. Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1256–62 (E.D. Va. 1988).

"Normally, the movant's burden is great because the plaintiff's choice of forum deserves considerable weight." Hunter Eng'g Co. v. ACCU Indus., Inc., 245 F. Supp. 2d 761, 774 (E.D. Va. 2002). However, where the plaintiff originally filed suit in another district, as has plaintiff here, Doc. 52 at 1, this factor becomes less significant. Data Treasury Corp. v. First Data Corp., 243 F. Supp. 2d 591, 594 (N.D. Tex. 2003). Additionally, "Plaintiff's choice of division within the Eastern District should not be given much weight." Mullins, 2006 WL 1214024 at *3.

Regarding the factors relating to convenience, "the moving party must show that the balance of convenience among the parties and witnesses 'is beyond dead center, and strongly favors the transfer sought.'" Mullins, 2006 WL 1214024 at *5 (E.D. Va. 2006) (quoting Medicenters of Am., Inc. v. T & V Realty & Equip. Corp., 371 F. Supp. 1180, 1184 (E.D. Va. 1974)). As to the interest of justice factor, whether the interest of justice would be served by a transfer depends both on private factors that "bear solely on the parties' private ordering of their affairs" and on "public interest factors of systemic integrity and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988). Such public interest factors include judicial economy and the avoidance of inconsistent judgments—the two factors cited by Defendant in its Motion to Transfer—as well as docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and whether a party is attempting to game the federal courts through forum manipulation. Mullins, 2006 WL 1214024 at *8 (citing U.S. Ship Mgmt., Inc. v. Maersk Line Ltd., 357 F. Supp. 2d 924, 937–38

(E.D. Va. 2005) and <u>Carpenter v. Parker Drilling Offshore USA, Inc.</u>, 2005 WL 1432373 at *1 (E.D. La. 2005)). Even when the remaining factors suggest differently, the interest of justice may justify allowing transfer. <u>See</u> <u>Mullins</u>, 2006 WL 1214024 at *5.

IV. ANALYSIS

A. Venue is Proper In Richmond

As explained above, an action may be filed in any division in which any defendant resides if all defendants reside in the same state. <u>See</u> E.D. Va. Loc. Civ. R. 3(C); 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(c), Defendant Lawson resides in Virginia because it is subject to personal jurisdiction in Virginia, as admitted in its Answer. Doc. 25 at 3. Therefore, this action could have been filed in any division, within Virginia, in which Lawson resides.

While neither party has addressed precisely how Lawson is subject to personal jurisdiction in Richmond, the brief in support of Defendant's motion states "ePlus could have originally brought this action in the Richmond Division." Doc. 52 at 4. Plaintiff does not dispute that venue in Richmond is proper, and makes no assertion that Defendant was not subject to personal jurisdiction in the Richmond Division at the time it filed its Complaint. Furthermore, the Complaint alleges, and Lawson has admitted, that Lawson "makes, uses, sells, offers for sale, and/or imports into the United States certain products and services called Procurement, Requisitions, Inventory Control, Purchase Order, and Procurement Punchout." While this admission does not conclusively establish that Lawson is subject to personal jurisdiction in the Richmond Division specifically, it does imply that Lawson's business relationships are not limited to specific locales. With nothing to suggest otherwise, the arguments and information before the Court therefore support the conclusion that venue is proper in the Richmond Division.

## B. Transfer Is Appropriate in the Interest of Justice

Defendant contends that "the interest of justice is clearly decisive" of whether transfer should be allowed. Doc. 52 at 5. Indeed, the interest of justice standing alone may outweigh the other factors relevant to consideration of a motion to transfer, even when those factors point in the opposite direction. See Mullins, 2006 WL 1214024 at *5; 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3854 (3d ed. 2009). Specifically, Defendant argues that the administration of justice will be impeded if proceedings in this Court lead to inconsistent results. Defendant also argues that Judge Spencer already has substantial familiarity with the patents-in-suit and that transferring the case to Judge Spencer will conserve substantial judicial resources. Both of these factors—consistency of results and judicial economy—have been cited as "prominent among the principal elements" of an interest of justice analysis. Mullins, 2006 WL 1214024 at *8.

### 1. Inconsistent Results

Defendant's concern with inconsistent results is less than convincing. Plaintiff's patent claims have already been construed twice, and those constructions were themselves at least partially inconsistent. See Doc. 61, Ex. E, ePlus's Mem. in Supp. of Its Unopposed Mot. to Vacate, at 3 (noting inconsistencies). For example, Judge Brinkema construed the term "concatenate" as used in the patents to mean that a number of selected catalogs are "searched together." She specifically stated that to consider "the selected catalogs 'joined' is not required." Doc. 61, Ex. A at 12. Judge Spencer, on the other hand, construed concatenate to mean join together. Doc. 61, Ex. C at 2. Defendant's explanation for inconsistencies like these—that Judge Spencer found it necessary to revise Judge Brinkema's claim constructions in light of

subsequently issued Federal Circuit opinions dealing directly with claim construction—is somewhat lacking in that it does not specify whether this explains all or just some of the inconsistencies between the two claim constructions.

Defendant cites several cases for the proposition that transfer should be granted to avoid inconsistent results. However, these are distinguishable on the grounds that they involve transfer to a court in which litigation over the same patents was pending at the time of the transfer. See, e.g., Inline Connection Corp. v. Verizon Internet Servs., Inc., 402 F. Supp. 2d 695, 702–03 (E.D. Va. 2005) (granting transfer to a court in which the plaintiff was contemporaneously litigating the same patents); Data Treasury Corp. v. First Data Corp., 243 F. Supp. 2d 591, 596 (N. D. Tex. 2003) (granting transfer to avoid inconsistencies with pending litigation in the transferee court, and noting that defendants in both cases had pled similar defenses and intended to rely on the same prior art); Hunter Eng'g Co. v. ACCU Indus., 245 F. Supp. 2d 761, 764 (E.D. Va. 2002) (granting transfer where four separate actions between the same parties were already pending in the transferee court).

No litigation involving the patents-in-suit is currently pending before Judge Spencer, and inasmuch as he is not the only judge to have interpreted the claims of the patents-in-suit, any further claim construction conducted by his court could yield interpretations inconsistent with those issued by Judge Brinkema just as easily as could claim construction conducted by this Court. Thus, the inconsistent results factor neither favors nor disfavors transfer to Judge Spencer.

## 2. Judicial Economy

Judge Spencer has clearly invested a significant amount of time in understanding the patents at issue in this case. In the first place, all seventy-nine (79) claims of the patents-in-suit were at issue when Judge Spencer held a <u>Markman</u> hearing. Doc. 64 at 6. Judge Spencer's claim construction order construed thirty-five (35) terms in those claims, including all of the twenty-five (25) means-plus-function claim terms for the patents-in-suit. Doc. 52 at 6. Furthermore, Judge Spencer presided over a multi-week jury trial concerning the patents. Doc. 52 at 6. And, because the trial ended in a hung jury, Judge Spencer was ultimately asked to issue a bench ruling, though the case settled before that became necessary. Doc. 61 at 3. Although these events occurred more than two years ago, Judge Spencer still enjoys significantly greater familiarity with the patents-in-suit than does this Court, enabling him to preside over the instant litigation at less cost, in terms of judicial resources, than would be possible here.

Plaintiff attempts to diminish the importance of this factor by highlighting that Judge Spencer has vacated his <u>Markman</u> Order and summary judgment ruling, while Judge Brinkema—who also construed claims, rendered partial summary judgment, and presided over a trial—has not. Doc. 61 at 11. Further, Plaintiff argues that because it originally filed this case in the Alexandria Division, it should be transferred, if at all, to Judge Brinkema of that division. <u>Id.</u>

While it is true that Judge Brinkema's decisions pertaining to the patents-in-suit have not been vacated, Judge Spencer undoubtedly has more familiarity with the patents-in-suit than does Judge Brinkema. Judge Spencer not only dealt with those patents more recently, but also had all of the patents' claims at issue in his court, while only eight (8) of those claims were at issue before Judge Brinkema. Judge Spencer also held a separate <u>Markman</u> hearing and issued a

separate <u>Markman</u> order; Judge Brinkema's claim construction, on the other hand, was based on briefing and argument during summary judgment motions practice, and was a part of her summary judgment ruling. Doc. 64 at 6. That Judge Spencer vacated his orders does not suggest that he lost all familiarity with the case; to the contrary, only he knows precisely why he vacated those orders, and thus he is best positioned to evaluate their current value.

Finally, Plaintiff has not moved this Court to transfer the case to Judge Brinkema, and so Plaintiff's suggestion that transfer, if granted, should be to the Alexandria Division has nothing more than rhetorical weight.

### C. Remaining Factors

Neither party places much emphasis on the plaintiff's choice of venue, and indeed that factor does little to inform the determination of whether to grant the Motion to Transfer, especially because the case is not currently in the Plaintiff's division of choice. As for the convenience of the parties and witnesses, Plaintiff notes that Defendant "do[es] not present any argument as to [those] factors," Doc. 61 at 10; neither does Plaintiff assert that transfer to Richmond would be inconvenient. Therefore, there is no indication that the remaining factors strongly favor or disfavor a transfer.

### V. CONCLUSION

As explained in greater detail above, the interest of justice—and more particularly, the potential for conservation of judicial resources—strongly favors transfer, while the other factors are largely inapposite. The interest of justice alone carries sufficient weight under the present circumstances to justify transferring this case. Accordingly, it is hereby **ORDERED** that Defendant's Motion to Transfer is **GRANTED**. This case is **TRANSFERRED** to Judge

Spencer of the Richmond Division of the Eastern District of Virginia. Defendant's alternative Motion to Adopt a Prior Markman Ruling is **DENIED** as moot.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: 9/29/09