UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| EPLUS, INC., | Civil Action No. 3:09-cv-620 (JRS) |
| Plaintiff, | |
| v. | |
| PERFECT COMMERCE, INC., SCIQUEST, INC., LAWSON SOFTWARE, INC., and VERIAN TECHNOLOGIES, INC., | |
| Defendants. | |

**LAWSON'S MEMORANDUM IN OPPOSITION TO EPLUS'S MOTION TO COMPEL**

Before ePlus filed its motion to compel, every discovery issue ePlus discussed via telephone was resolved by agreement. This motion involves issues ePlus failed to discuss with Lawson. Had ePlus met and conferred with Lawson before filing its motion to compel, the parties likely would have been able to again resolve their issues and no motion would have been needed. Indeed, after the current motion was filed, counsel for Lawson called counsel for ePlus and resolved the majority of the issues in the motion to compel and remains cooperative on the others. Lawson has agreed to produce all of the materials ePlus currently seeks in its motion with the exception of certain contracts, of which Lawson has agreed to provide representative samples. Thus, this Court should deny ePlus's motion to compel because the issues are moot and because ePlus failed to meet and confer with Lawson in good faith before moving to compel.

**I.     BACKGROUND**

This case was a model of how conferences between counsel can resolve discovery disputes before ePlus moved to compel. On August 27, 2009, ePlus sent Lawson a letter seeking

to address several discovery issues. (Doc. No. 93-3.) On September 3, 2009, the parties met and conferred regarding discovery. At that conference, the parties discussed the status of production, both sides indicating that additional documents would be produced on a rolling basis as the documents were gathered. (Schultz Decl. ¶ 5.) That same day, Lawson produced over 27,000 documents. (*Id.*)

On September 9, 2009, ePlus sent another letter regarding discovery, commenting on Lawson's production of documents and requesting a meet and confer conference. (Doc. No. 93-4.) The parties conferred again on September 10, 2009. At that conference, counsel for ePlus requested that Lawson supplement the issues raised in its August 27, 2009 letter. Rather than trying to guess what ePlus desired, counsel for Lawson asked specifically what documents ePlus was seeking. The parties also specifically discussed Lawson's responses to Interrogatories 2, 4, and 10 at that meeting, and reached agreement on the issues raised. (Schultz Decl. ¶ 6.) As a result of that conversation, Lawson agreed to produce technical, administrative, and user manuals for its products, a website demo from its website, a full product demo, documents from its website that require signup, marketing materials such as brochures, sample customer contracts, responses to requests for proposals, and statements of work. Lawson also agreed to update its responses to Interrogatories 2, 4, and 10. All of the requested documents were produced and each of the responses to Interrogatories was supplemented by the end of the following week per the agreement of the parties. The parties did not discuss in particular any other issues during that meet and confer. (*Id.*; *see also* Ex. 1.) As a result of Lawson's agreement to provide the specific information requested and the general statement from Lawson's counsel that it would work with ePlus to provide other requested documents and information, there was no basis worthy of a motion to compel.

ePlus then moved to compel on September 24, 2009.  (Doc. No. 93.)  The motion addressed a bevy of discovery issues that the parties had *not* discussed in any conference, including Lawson's responses to Interrogatories 3, 5, 6, 8, 11, 12, and 14, Lawson's responses to Document Requests 11 and 31, Lawson's production of emails, and Lawson's production of documents relating to any competition with ePlus.  (*Id.*)  The motion also sought further information in response to two of the three Interrogatories the parties had discussed at their September 10, 2009 meet and confer—Interrogatories 4 and 10.  (*Id.*)  Responses to those Interrogatories had already been updated.

In its motion, ePlus states "ePlus has conferred with Lawson with respect to the deficiencies set forth in this motion.  Counsel for ePlus hereby certifies, pursuant to Local Rule 37(E), that it has made a good faith effort to resolve the discovery matters at issue with counsel for Lawson."  (Doc. No. 92 at 3.)  ePlus, however, did not discuss, with few exceptions, any of the issues raised in its motion to compel.

After ePlus moved to compel, Lawson contacted ePlus to discuss discovery issues including those raised in ePlus's motion.  (Schultz Decl. ¶ 7.)  At that September 30, 2009 post-motion conference, Lawson indicated to ePlus that they had not discussed the particular issues in the motion to compel and that if ePlus would have done so, Lawson would have been able to resolve the issues.  ePlus indicated that its statement referencing all deficiencies in its August 27, 2009 letter and Lawson's agreement to cooperate in general was sufficient for a meet and confer.  (*Id.* ¶ 8.)  The parties then proceeded to discuss the particular issues raised in the motion to compel, resolving nearly every one of them.  (*Id.*; Ex. 2.)  Much of the information ePlus requests, as set forth in more detail below, has now been produced, or will be produced by the time of ePlus's reply.

## II.     ARGUMENT

Both the Federal Rules of Civil Procedure and the Local Rules of this Court require that a party meet and confer with the opposing party before filing a discovery motion.  Fed. R. Civ. P. 37(a)(1); E.D. Va. Local R. 37(E) ("The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue.").  Failure to meet and confer is grounds for dismissal of the motion and is sanctionable.  E.D. Va. Local R. 37(H).

As shown above, in this case this process has successfully resolved a large number of discovery issues, both before and after ePlus filed its motion.  ePlus filed its pending motion to compel without conferring with Lawson on most of the issues it raises.  Because ePlus failed to meet and confer as required by the rules on these requests, its motion to compel fails.

The parties have since discussed the issues ePlus raised in its motion to compel, and Lawson understands that most of the topics are no longer an issue.  Indeed, this is exactly why there is a requirement to meet and confer before filing a motion with the court—when the parties discuss the issues, they often resolve them without court intervention.  There is no reason to waste the Court's time with deciding these issues or Lawson's time in briefing them when the parties can come to an understanding.  As shown below, the issues raised in ePlus's motion disappeared once the parties discussed them.

> A.     <u>There is no Reason to Compel a Response to Interrogatories 3, 5, 6, 8, 11, 12, and 14, Document Requests 11 and 31, and Emails Because ePlus did not Meet and Confer on these Issues and Because Lawson Has Either Already Supplemented or Will Shortly Supplement these Responses with the Requested Information.</u>

Since ePlus filed its motion, Lawson and ePlus have discussed Lawson's responses to Interrogatories 3, 5, 6, 8, 11, 12, and 14, and Document Requests 11 and 31.  (Schultz Decl.)

4

The parties reached agreement on all of them. (Ex. 2.) Lawson has provided additional information or agreed to supplement its responses pursuant to the parties' discussions, and understands that most of these are no longer an issue. (*See id.*)

Interrogatory 14 seeks information regarding Lawson products with specific features. (Doc. No. 93-2 at 25-26.) In response to this request, Lawson incorporated its request to Interrogatory 11, which lists all products that Lawson sold in the last six years and the date of their release. (*Id.* at 26-27.) Lawson has since produced the relevant documents showing the identified functionality of each listed product, and will supplement its response to refer to those documents. (Schultz Decl. ¶ 13.) Also, even though it is beyond the scope of the request, Lawson has agreed to provide ePlus with the version number of these Lawson products. (*Id.*) It is Lawson's understanding from the parties' September 30, 2009 conference that ePlus is no longer to seeking to compel on this request. (Ex. 2 at 4.)

Interrogatory 8 seeks information regarding Lawson's reliance on the doctrine of prosecution history estoppel as a basis for non-infringement under the doctrine of equivalents. (Doc. No. 93-2 at 19.) Lawson responded to this request that it could not respond until "ePlus specifically identifies the claims it asserts and whether or not it will rely on the doctrine of equivalents for those claims." (*Id.*) Lawson understands from the September 30, 2009 conference that ePlus may no longer wish to seek to compel a response on this Interrogatory. (Ex. 2 at 7.) The doctrine of equivalents becomes relevant when specific elements of specific claims alleged to have been infringed are not found in a specific accused device literally. Lawson pointed out that the 79 claims of the three patents in suit have hundreds of elements, and ePlus has yet to identify a specific product which has an element equivalent to a single element of a single claim in the ePlus patents, making this question impossible to answer presently. ePlus

5

agreed to consider removing the motion to compel on this Interrogatory until it discloses whether and to what extent it is relying on the doctrine of equivalents before Lawson can respond. (*See id.*) Lawson will supplement its response to this Interrogatory by explaining how prosecution history estoppel would apply to ePlus's claims. It is Lawson's understanding from the parties' September 30, 2009 conference that ePlus is not currently seeking further information regarding this request. (*See id.*)

Interrogatory 5 requests information regarding Lawson's reliance on the doctrine of prosecution history estoppel. (Doc. No. 93-2 at 15.) Prosecution history estoppel closely relates to the doctrine of equivalents, and thus Lawson's ability to respond to this request was similarly limited by ePlus's failure to identify specific elements of specific claims that are the subject of an equivalents assertion. Consistent with this, Lawson responded that "Lawson reserves the right to supplement its response to this interrogatory, as necessary at the appropriate time, but not before ePlus specifically identifies the claims it asserts and whether or not it will rely on the doctrine of equivalents for those claims." (*Id.*) At the parties' September 30, 2009 conference, Lawson agreed to supplement all of its contentions under Interrogatory 5 other than those dealing with the corresponding structure under Section 112 ¶ 6, which ePlus will provide to Lawson. (Ex. 2 at 7.) It is Lawson's understanding that ePlus is no longer to seeking to compel on this request. (*See id.*)

Likewise, at the meeting ePlus and Lawson met and conferred to discuss responses and production regarding Interrogatories 3, 6, 11, and 12, and Document Requests 11 and 31. At the September 30, 2009 conference, after discussing (for the first time) this category of information, Lawson agreed to supplement its production on these issues. (Schultz Decl. ¶ 8.) It is Lawson's

6

understanding that ePlus does not dispute that Lawson's proposed supplementation is sufficient, and ePlus is no longer to seeking to compel on these requests. (Ex. 2 at 7-8.)

The parties also discussed Lawson's production of its emails. (Schultz Decl. ¶ 9.) As Lawson explained, it is using all available means to get through its emails and produce them in a reasonable time. (*Id.*) To date, Lawson has produced 570,441 electronic documents, which include at least 78,531 documents that contain emails, and Lawson continues to produce emails. (*Id.* ¶ 14.) Further, Lawson indicated at its September 3, 2009 meeting with ePlus that the emails would be produced on a rolling production. (*Id.* ¶ 5.) This Court should not compel Lawson on this issue because Lawson is producing the requested information.

>    B.    There is no Reason to Compel a Response to Interrogatory 4 Because Lawson has Responded Sufficiently and will Supplement its Response when ePlus Provides its Infringement Contentions.

ePlus's Interrogatory 4 seeks Lawson's invalidity contentions:

> State in detail all facts and contentions that support or refute Lawson's allegations, if any, that any of the patents in suit are invalid under 35 U.S.C. §§ 102 or 103, identifying all prior patents, literature, publications, systems, processes, or devices, including prior knowledge, public uses, sales and offers for sale, that Lawson contends, either alone or in combination, invalidate one or more claims of any of the patents in suit, through a claim chart that identifies each element of each claim of the patent(s) asserted to be invalid and explains where each element of the respective claim is shown in such prior patent, literature, publications, system, process, device, public use, sale, or offer for sale.

(Doc. No. 93-2 at 13.) Lawson responded by objecting that, among other things, Interrogatory 4 is a premature contention interrogatory and an improper attempt to take expert discovery before the December 2 deadline for expert reports. (*Id.*) Lawson did, however, provide the invalidating prior art references. (*Id.* at 13-15.) Before ePlus moved to compel, Lawson supplemented its response by supplying element-by-element claim charts matching the 79 claims of ePlus's patents to three prior art references, and also incorporated the facts and contentions in the Request for Ex Parte Reexamination of the '683 patent (3309 pages) and the Request for Inter

7

Partes Reexamination of the '172 patent (5593 pages).  (Doc. No. 93-6 at 39-39.)  These requests cite detailed analysis involving an additional three prior art references.  The parties did meet and confer on this Interrogatory before ePlus filed this motion.  Lawson updated the response.  Now, ePlus, without further discussions with Lawson after its update, demands that Lawson provide additional claim charts immediately for every single prior art reference cited.

Lawson has a good faith basis for its allegation that the patents in suit are invalid.  In response to ePlus's discovery request, it has presented its preliminary invalidity contentions.  In its responses to ePlus's discovery request, Lawson pointed ePlus to specific documents that show Lawson's preliminary invalidity positions, and specifically correlated several of them to each element of the 79 claims of the ePlus patent, either directly or by reference to the voluminous reexamination materials based on a broad reading of ePlus's patent claims.  Lawson provided such a comprehensive response even though ePlus has to date failed to narrow its allegations of infringement by withdrawing even one of its 79 claims from its infringement contentions.

This is a reasonable response to ePlus's discovery request.  ePlus presented infringement contentions regarding 13 claims, but contends that Lawson infringes all 79 claims Lawson has no idea which ones ePlus will assert.  (Ex. 3.)  As a practical matter, the number of specific claims asserted will significantly narrow as discovery proceeds.  Lawson acknowledges an obligation to provide comprehensive answers, but should not be forced to perform make-work that has no practical effect on the case other than to waste time and money and unduly multiply the proceedings.

Therefore Lawson's detailed claim charts and citations to reexamination papers fully answered ePlus's discovery request based on the information currently available.  Once ePlus provides its infringement contentions (which ePlus has suggested it will be serving by October

8

26, 2009 (Schultz Decl. ¶ 12)), Lawson will supplement its response to Interrogatory 4 within a reasonable period of time. Lawson also acknowledges the upcoming deadline to submit expert reports on validity, which by definition are due in time for ePlus to fully respond. Thus, there is no need for this Court to compel Lawson to provide additional information to ePlus with respect to Interrogatory 4.

   C. <u>There is No Reason to Compel a Response to Interrogatory 10 Because Lawson is Supplementing its Financial Production to Include 2003 and 2004 Records Once they are Gathered.</u>

Interrogatory 10 seeks Lawson's financial information from 2003-2009. (Doc. No. 93-2 at 20.) Lawson initially responded to this interrogatory by referring to the financial documents it planned to produce. (*Id.* at 20-21.) After Lawson produced financial documents, Lawson supplemented this response with specific references to these financial documents. (Doc. No. 93-6 at 40.) The parties conferred on this Interrogatory before ePlus filed this motion, but ePlus sought information Lawson was still in the process of gathering and filed the motion before discussing its claimed deficiencies in Lawson's supplemental production with Lawson.

In the parties' September 30, 2009 post-motion conference, ePlus and Lawson discussed Lawson's response to Interrogatory 10. (Schultz Decl. ¶ 6.) Lawson explained that the financial documents for 2005-2009 were being produced that day. (*Id.* ¶ 10.) Lawson further explained that financial documents from 2003-2004 are only available in paper form and are difficult to obtain. (*Id.*) Nevertheless, as Lawson explained, it is working to obtain these documents and will supplement its production accordingly. (*Id.*)

Lawson does not dispute the discoverability of the information sought. It continues to gather the more elusive 2003-2004 information not yet produced. Moreover, ePlus contends in its October 2, 2009 correspondence that Lawson should produce additional financial data relating

9

to maintenance and service agreements. (Ex. 2.) This information is also being gathered and will be produced. Thus, there is no need for this Court to compel Lawson to provide additional information to ePlus with respect to Interrogatory 10. Lawson has provided a sufficient response to this request and will update its discovery response as soon as it is able to do so.

> D. There is no Reason to Compel a Response to Document Requests 1, 2, 26, 47, and 63 Because Lawson has Produced Much of the Requested Information and is in the Process of Producing the Remaining Documents.

Document Requests 1, 2, 26, 47, and 63 request information regarding customers' Requests for Proposals or Requests for Quotes, and would include documents relating to the award of any contracts to Lawson. Lawson explained to ePlus during the September 30, 2009 post-motion conference that it would take two people working full time two weeks to produce all the documents that would be responsive to this request. (Schultz Decl ¶ 11.) Such a request is overly burdensome. Lawson instead proposed that it provide ePlus with a customer list together with samples of the standard contracts. (*Id.*) Lawson has provided that information and has informed ePlus that ePlus could then select costumers that Lawson could provide information on. (*Id.*) ePlus has identified a subset of the customers and Lawson is providing information on those customers. In addition, Lawson has already produced its RFPs, responses to those RFPs, and statements of work. (*Id.*) This Court should not compel Lawson to produce all of the customer contracts which are standard forms. The request is overbroad and unduly burdensome. The proposed production by Lawson is a reasonable means to provide ePlus the requested information without causing undue burden.

### III. CONCLUSION

The Local Rules require that parties meet and confer on specific issues before filing motions to compel. Here, ePlus moved to compel prematurely, before the majority of issues

10

raised in its motion were even identified, let alone discussed.  The process is extremely valuable in reducing and resolving issues, as shown by the successful results of conferences between Lawson and ePlus both before and after ePlus moved to compel.  The post-motion process resolved virtually all issues raised by the motion.  Regarding the unresolved issues, Lawson's responses to date are reasonable and complete, and will be supplemented in due course as set forth above.  Because ePlus failed to meet and confer as required by the rules, and because the issues raised are now moot, this Court should deny ePlus's motion to compel.

Dated:  October 5, 2009

LAWSON SOFTWARE, INC.

By:    */s/ Stephen E. Noona*_____
Stephen E. Noona
(VSB No.25367)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc. and Perfect Commerce, LLC*

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

**CERTIFICATE OF SERVICE**

      I certify that on this 5th day of October, 2009, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Gregory N. Stillman
Brent Lee VanNorman
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Telephone: 757-640-5300
Facsimile.: 757-625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: 202-346-4000
Facsimile.: 202-346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

Shirley Sperling Paley
James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: 617-570-1000
Facsimile.: 617-523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

                                                  /s/ *Stephen E. Noona*
                                                  Stephen E. Noona
                                                  (VSB No. 25367)
                                                  Kaufman & Canoles, P.C.

150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*

1542564\1