UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EPLUS, INC.,

Plaintiff,

v.

PERFECT COMMERCE, INC.,
SCIQUEST, INC., LAWSON
SOFTWARE, INC., and VERIAN
TECHNOLOGIES, INC.,

Defendants.

Civil Action No. 3:09-cv-620 (JRS)

## DECLARATION OF WILLIAM SCHULTZ IN SUPPORT OF LAWSON'S MEMORANDUM IN OPPOSITION TO EPLUS'S MOTION TO COMPEL

I, William D. Schultz, declare as follows:

1. I am an attorney with Merchant & Gould, P.C., counsel for Defendant Lawson Software, Inc. in the above-captioned matter. I make this declaration on my own information, knowledge and belief.

2. Attached hereto as Exhibit 1 is a true and correct copy of a September 14, 2009 letter from me to Jennifer A. Albert, counsel for ePlus.

3. Attached hereto as Exhibit 2 is a true and correct copy of an October 2, 2009 letter from Ms. Albert to me.

4. Attached hereto as Exhibit 3 is a true and correct copy of ePlus's Answers and Objections to Lawson's First Set of Interrogatories, dated September 8, 2009.

5. At a September 3, 2009 meet-and-confer with ePlus, the parties agreed to produce documents on a rolling basis as the documents were gathered. Lawson produced over 27,000 on that day.

6. At a September 10, 2009 meet-and-confer with ePlus, the parties discussed Lawson's responses to Interrogatories 2, 4, and 10. The parties also discussed certain other specific documents ePlus had requested, including the production of technical, administrative, and user manuals for its products, a website demo from its website, a full product demo, documents from its website that require signup, marketing materials such as brochures, sample customer contracts, responses to requests for proposals, and statements of work. The parties did not discuss in particular any other Interrogatory or Document request.

7. After ePlus moved to compel, Lawson contacted ePlus to discuss discovery issues including those raised in ePlus's motion, but not previously discussed.

8. At a September 30, 2009 meeting, ePlus indicated that its statement referencing all deficiencies in its August 27, 2009 letter and Lawson's agreement to cooperate in general was sufficient for a meet and confer. While Lawson disagreed with the claim, the parties then proceeded to discuss the particular issues raised in the motion to compel, resolving nearly every one of them. The parties discussed Lawson's responses and production regarding Interrogatories 3, 6, 11, and 12, and Document Requests 11 and 31. After discussing (for the first time) this category of information, Lawson agreed to supplement its production on these issues.

9. With respect to Lawson's emails, Lawson explained at the September 30, 2009 meeting that it is using all available means to get through its emails and produce them in a reasonable time.

10. With respect to Lawson's financial documents, Lawson explained at the September 30, 2009 meeting that the financial documents for 2005-2009 were being produced that day. Lawson further explained that financial documents from 2003-2004 are only available in paper form and are difficult to obtain. Nevertheless, as Lawson explained, it is working to obtain these

2

documents and will supplement its production accordingly. Furthermore, after Lawson made its second supplemental production regarding financial documents, ePlus wrote to Lawson on October 2, 2009, and requested that Lawson provide additional information regarding maintenance and service agreements. That information will also be provided.

11. With respect to the documents regarding customers' Requests for Proposals or Requests for Quotes, Lawson explained at the September 30, 2009 meeting that it would take two people working full time two weeks to produce all the documents that would be responsive to this request. Lawson instead proposed that it provide ePlus with a customer list together with samples of the standard contracts. Lawson has provided that information and has informed ePlus that ePlus could then select costumers that Lawson could provide information on a reasonable subset of the customers. In addition, Lawson has already produced its RFPs, responses to those RFPs, and statements of work.

12. Lawson understands from the September 30, 2009 meeting that ePlus will provide its infringement contentions in the next few weeks. ePlus confirmed that understanding as part of its October 2, 2009, letter, which is attached as Exhibit 2.

13. Lawson has since produced the documents relevant to Interrogatory 14 showing the identified functionality of each listed product, and will supplement its response to refer to those documents. Also, even though it is beyond the scope of the request, Lawson has agreed to provide ePlus with the version number of these Lawson products.

3

14. To date, Lawson has produced 570,441 electronic documents, which include at least 78,531 documents that contain emails, and Lawson continues to produce emails.

I declare under the penalty of perjury the foregoing is true and correct to the best of my knowledge.

Date: October 5, 2009

_____
William D. Schultz

Dated: October 5, 2009

LAWSON SOFTWARE, INC.

By:   /s/ Stephen E. Noona
Stephen E. Noona
(VSB No.25367)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc. and Perfect Commerce, LLC*

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

4

## **CERTIFICATE OF SERVICE**

I certify that on this 5th day of October, 2009, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Gregory N. Stillman
Brent Lee VanNorman
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Telephone: 757-640-5300
Facsimile.: 757-625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: 202-346-4000
Facsimile.: 202-346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

Shirley Sperling Paley
James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: 617-570-1000
Facsimile.: 617-523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

/s/ *Stephen E. Noona*
Stephen E. Noona
(VSB No. 25367)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*