# EXHIBIT 2

# GOODWIN | PROCTER

Jennifer A. Albert
202.346.4322
JAlbert@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

October 2, 2009

**Via E-Mail**

William D. Schultz
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
      **Civil Action No. 2:09cv232-HCM-TEM**

Dear Will:

This letter memorializes our discussions in our meet and confer Wednesday afternoon September 30.

## Settlement Agreements

Lawson has requested that *e*Plus produce its settlement agreements with SAP and Ariba and with the other three defendants who have been dismissed from this case.

*e*Plus requested that Lawson state the relevance of those documents or its position with respect to how they are likely to lead the discovery of admissible evidence. Lawson's only stated reason was that the agreements relate to the patents-in-suit.

As we discussed, we will take your request under advisement and, after consultation with our client, will let you know our position by the close of business Monday, October 5.

## Third-Party Depositions

*e*Plus requested that Lawson stipulate to increase the number of third-party depositions from five to eight. Lawson agreed and we have received your confirmatory letter. You also confirmed our understanding that these non-party depositions are in addition to the depositions under Fed. R. Civ. P. 30.

LIBW/1720117.1

# GOODWIN | PROCTER

William D. Schultz
October 2, 2009
Page 2

Each party also agreed to notify the other of the identities of any third-party witnesses which the party intends to call at trial sufficiently in advance of the close of discovery to enable the other party to depose such witnesses.

## Scheduling of Depositions

We also discussed the scheduling of Lawson's witnesses for depositions. *e*Plus discussed the need to have more than one day in which to complete the examination of the Lawson designees under each of *e*Plus's 30(b)(6) notices.

You agreed to get back to us promptly upon confirmation of the availability of the noticed individual witnesses and to firm up the logistics of the 30(b)(6) depositions.

## Lawson's Answers to *e*Plus's Interrogatory Nos. 21, 16 and 17

We discussed Lawson's Answers to *e*Plus's Interrogatory Nos. 21, 16 and 17. It is *e*Plus's position that the answers served by Lawson on September 25 are deficient in several important respects.

### Interrogatory No. 21: Lawson's Inequitable Conduct Defense

Interrogatory No. 21 asks that Lawson identify, *inter alia,* each IBM employee that Lawson contends contributed to the conception of at least one claim limitation of each of the patents in suit, including the identification of each employee that contributed to the conception, the claims to which that employee contributed, and an explanation how that employee contributed to the conception of each of those claims. While Lawson identifies eleven IBM employees, it does not identify the respective contributions allegedly made by any of these individuals, nor does it identify the claim limitations to which these alleged contributions correspond or any documents to corroborate its contentions. Instead, Lawson simply states that, "On information and belief, one or more of the IBM employees contributed to the conception of at least one claim limitation of each of the patents-in-suit ...."

We asked that Lawson supplement its answer to provide all the information requested by the interrogatory, including the specific contributions made by each individual.

Moreover, please confirm that you have "Stated in detail all facts" and "identif[ied] all documents that support" your allegation that the inventors "acted with intent to deceive and intentionally failed to disclose to the PTO inventorship and prior invention information that each of them recognized to be material." If there are other documents that you contend corroborate your defense of inequitable conduct beyond the Power of Attorney you identified, please identify those documents by Bates number.

LIBW/1720117.1

GOODWIN | PROCTER

William D. Schultz
October 2, 2009
Page 3

You agreed that you would supplement your answer to this interrogatory by next week. Thus, we ask that you do so by no later than close of business Friday October 9.

### Interrogatory No. 16: Lawson's Non-Infringement Defense

For Lawson's answer to Interrogatory No. 16, it states that one basis for its affirmative defense of non-infringement is that "many of Lawson's products have been made and sold outside the United States and not imported and, thus, cannot give rise to direct or indirect infringement of any U.S. patent." Lawson, however, does not identify which products it is referring to with respect to this basis for non-infringement. We ask that Lawson supplement its answer to identify the products that it contends do not infringe the patents-in-suit by virtue of the fact that such products have allegedly been made and sold outside the United States and not imported and identify by Bates number all documents that corroborate your defense in this regard.

You agreed to supplement your answer to this interrogatory. We therefore request that you do so by close of business Friday, October 9.

### Interrogatory No. 17: Lawson's Section 101 Defense

In its answer to Interrogatory No. 17, Lawson alleges that certain claims of the patents in suit are invalid under Section 101 because they are purely mental steps that neither utilize a particular machine nor transform a particular article. A complete answer to the interrogatory, however, requires that Lawson state which of the steps of the patent claims Lawson alleges to be "purely mental" steps. Moreover, please confirm that the claims identified in Lawson's answer are the only claims that Lawson alleges to be invalid pursuant to Section 101.

You also agreed to supplement your answer to this interrogatory and, therefore, we request that that be done by October 9.

### Lawson's Efforts to Cure Deficiencies That Are The Subject of *e*Plus's Motion to Compel

We also discussed Lawson's efforts to cure some of the deficiencies that are the subject of *e*Plus's pending motion to compel.

### Lawson's Answer to Interrogatory No. 14

We first discussed Lawson's Answer to Interrogatory No. 14 which seeks an identification of each system, software application, product and/or service imported,

LIBW/1720117.1

GOODWIN | PROCTER

William D. Schultz
October 2, 2009
Page 4

made, offered for sale, sold, licensed, or otherwise distributed by Lawson that has one or more of the five enumerated features, functions or capabilities set forth in that Interrogatory.

While Lawson's answer identified early software and its current software, the interrogatory sought an identification of **each** system, software application, product and/or service over time. The interrogatory also seeks an identification of each version or release number and the date(s) such system(s), product(s), service(s) were imported, made, offered for sale, sold and/or licensed by Lawson. Moreover, we requested an identification by Bates number of documents describing the enumerated features of each such product.

You agreed to supplement your answer to this interrogatory as requested. You did not specify a date by which we could expect such supplementation, therefore, we request that you provide this with your other supplementations by the close of business October 9.

If your supplemental response provides a full answer to the interrogatory, we will inform the Court that the issue with respect to this interrogatory is moot.

### Lawson's Answer to Interrogatory No. 10

Interrogatory No. 10 seeks an identification of all revenues derived by Lawson in connection with its Electronic Sourcing and Procurement System(s) and Service(s) for each month from its inception of operations to present including revenues derived from licensing, maintenance and services associated with each such System and Service. In lieu of providing a response you identified documents which we indicated were insufficient to answer the interrogatory.

You mentioned that you were producing financial data to us which we received yesterday. You indicated that such data relates only to revenues for 2005-present. Data pre-dating 2005 would be forthcoming.

We have reviewed the financial data that you produced yesterday and find it to be deficient in that it only provides licensing revenues for the accused products and fails to provide revenues related to maintenance and other associated services such as implementation, installation, training, customization and/or data management services (catalog data import, data cleansing, normalization, etc.).

We request that Lawson provide financial data relating to the other revenue areas as requested by Interrogatory No. 10. Also, please let us know when we can expect to receive the pre-2005 revenue data.

LIBW/1720117.1

GOODWIN | PROCTER

William D. Schultz
October 2, 2009
Page 5

Given that deficiencies remain with respect to Interrogatory No. 10, that issue will remain pending for the Court's decision on the outstanding motion to compel

**Requests for Proposals (RFPs), Responses to RFPs,
Executed Contracts and SOWs Relating to the Accused Products**

As set forth in *ePlus*'s motion to compel, Document Request Nos. 1, 2, 26, 47 and 63 are directed to customers' Requests for Proposals (RFPs) or Requests for Quotes (RFQs), Lawson's responses to such RFPs/RFQs, documents relating to the award of any contracts in response to such RFPs/RFQs including executed contracts, license agreements, Statements of Work (SOWs), and the like.

As we discussed, while we acknowledge that Lawson has produced some customer RFPs and some isolated responses to RFPs, to-date, we have seen only a few sample form license agreements. We have received very few executed, current contract documents. We have found no complete sets of a contract file for any particular customer that would include the customer RFP, Lawson's response thereto and the resulting executed contract documents and SOWs.

You confirmed that your production was incomplete in this regard. You proposed to produce a customer list to us in order for us to select a few customers and you would then search for the contract files related to such customers. You further indicated that some of the documents in such files were subject to confidentiality obligations with the customer and you claimed that Lawson would have to seek permission in order to produce them.

We indicated that we are seeking documents relating to all such contracts with respect to Lawson's e-procurement products. We are seeking any and all RFPs, responses to RFPs, executed contracts, license agreements and SOWs for any proposal that relates to an e-procurement system or includes an e-procurement aspect (*e.g.*, a bid on an ERP system of which e-procurement was one aspect). A sample relating to a few selected customers is not sufficient.

As we discussed Wednesday, these are high priority documents we need for the upcoming depositions and expert reports. We will start by asking that Lawson immediately produce the complete contract files for Gannett Company, Novant, Indalex, Hanesbrands, Wolters Kluwer and XM Radio. However, we expect for all documents responsive to the outstanding document requests to be produced.

Given that these requests have been outstanding since July 24, we would expect Lawson to have been gathering these files and readying them for production before now. Please let us know when we can expect to receive them.

LIBW/1720117.1

GOODWIN | PROCTER

William D. Schultz
October 2, 2009
Page 6

As this issue remains outstanding, it will remain an issue for decision by the Court on the pending motion to compel.

**Lawson's Answer to Interrogatory No. 4**

We discussed Lawson's supplementation of its answer to Interrogatory No. 4 and *ePlus*'s position that the supplemented answer remains deficient.

As stated in our memorandum in support of our motion to compel, this interrogatory requires an identification of all allegedly invalidating prior art, a claim chart identifying each element of each claim asserted to be invalid, and an explanation where each element of the claim is shown in each such alleged prior art reference.

Lawson's initial answer identified more than three dozen references and made vague references to other prior art that may be found at IBM, McKesson and other companies without any claim charts. Although Lawson's September 18 supplementation provided claim charts relating to three of the purported references, Lawson's supplemental answer still neglected to provide the requested information with respect to most of the three dozen alleged references included in Lawson's answer.

Moreover, many of the alleged references "identified" by Lawson have not been adequately identified at all. For many, there is only a system name with no manufacturer given, no reference to any version number or date of commercial release and no identification of any documents which describe such system. Even for Lawson's own products, Lawson simply identified "Lawson Software" without identification of any product name, version number, commercial release date or any documents describing this alleged prior art.

Given that prior art is, by definition, in the public domain, there is no reason why Lawson should not provide a complete description of each alleged prior art system on which it intends to rely for its invalidity defenses including an identification of the maker, product name, version number, release date and the Bates numbers for the documents in its production relating to each such system. Moreover, the interrogatory seeks claim charts providing Lawson's contentions for how each such alleged prior art system is asserted to anticipate or render obvious one or more of the *e*Plus patent claims.

Lawson agreed to provide a complete description with regard to the referenced Lawson Software system. Until we receive a complete and fulsome answer to this interrogatory, however, this interrogatory will remain at issue with respect to ePlus's pending motion.

LIBW/1720117.1

GOODWIN | PROCTER

William D. Schultz
October 2, 2009
Page 7

### Lawson's Answer to Interrogatory No. 8

With respect to Lawson's contentions on whether it intends to rely on the doctrine of prosecution history estoppel, ePlus agrees to table its motion to compel with respect to this interrogatory. ePlus expects Lawson to provide a prompt and complete response to this interrogatory after the parties exchange claim construction contentions.

### Lawson's Answer to Interrogatory No. 5

Interrogatory No. 5 seeks Lawson's contentions of invalidity under Section 112. You indicated that you would immediately supplement your answer to this interrogatory by providing your contentions on Section 112 defenses, other than Section 112, ¶ 6.

As to your defenses relating to Section 112, ¶ 6, you claim that you cannot provide a response until ePlus supplements its answer to Lawson's Interrogatory No. 10. Nothing requires ePlus to provide a substantive answer before Lawson can respond and, indeed, given that all information you need to know in order to determine whether you have a defense under Section 112, ¶ 6 is readily available to you in the disclosures of the patents themselves, this position is all the more improper.

Nevertheless, in an effort to compromise, ePlus agrees to supplement its answer to Lawson's Interrogatory No. 10 by the close of business October 9. Lawson also agreed to supplement its Answer to Interrogatory No. 5 relating to its Section 112, ¶ 6 defenses, if any, by the close of business October 9.

If Lawson provides a full and complete response to Interrogatory No. 5 as to all of its Section 112 defenses, ePlus will inform the court that this issue is moot.

### Lawson's Answer to Interrogatory No. 6

The subject matter of Interrogatory No. 6 overlaps somewhat with Interrogatory No. 17. As set forth above, Lawson agreed to supplement its response to Interrogatory No. 17 by the close of business October 9.

If Lawson provides a full and complete response to Interrogatory No. 17, and confirms that it is asserting no other non-Section 102, 103 and/or 112 ground for invalidity other than as set forth in its response to Interrogatory No. 17, then ePlus will inform the Court that its motion to compel is moot as to this issue.

LIBW/1720117.1



William D. Schultz
October 2, 2009
Page 8

### Lawson's Answer to Interrogatory No. 3

Interrogatory No. 3 seeks a description of any and all analyses, investigations, studies, reviews or considerations by Lawson and/or any person known to Lawson concerning the validity or invalidity, enforceability or unenforceability, scope, and/or infringement or noninfringement of the subject matter in any of the claims of the patents-in-suit.

Other than identifying the reexamination proceeding, Lawson's answer did not indicate whether it was otherwise aware of any analysis relating to the patents-in-suit.

You agreed to supplement Lawson's answer to this interrogatory. Again, we ask that you do so by the close of business October 9.

### Lawson's Answer to Interrogatory No. 12

Interrogatory No. 12 asks that Lawson describe in detail the occasion(s) upon which it "first became aware of or received notice(s) in any manner of each of the patents-in-suit." As we explained in our motion, Lawson's answer stated that "it received notice of" the patents-in-suit no earlier than May 4, 2009 upon the filing by *e*Plus of a Complaint in the District of Delaware. By using the phrase "receiving notice," it appears that Lawson may be attempting to narrowly circumscribe its answer. To ensure that Lawson was not doing so, *e*Plus asks that Lawson supplement its answer to address when and how it became "aware of" the patents "in any manner."

You agreed to supplement Lawson's answer. We again request that you do so on or before the close of business October 9.

### Lawson's Production of Its Patents and Patent Applications

You stated that Lawson would be producing its patents and patent applications early next week.

If we receive a complete production in this regard, we will inform the Court that this issue is moot.

### Lawson's Production of Emails

You stated that Lawson was beginning production of responsive emails and that such production would continue for several weeks.

LIBW/1720117.1

# GOODWIN | PROCTER

William D. Schultz
October 2, 2009
Page 9

I expressed concern about the delay of this production hampering *e*Plus's ability to fully depose Lawson's witnesses and the potential need to re-call deponents, at Lawson's expense, in the event responsive documents relevant to the witnesses were produced after their depositions. You assured me that we would receive emails relevant to the witnesses in advance of the upcoming depositions.

We received the first installment of your email production yesterday and have noted some deficiencies. First, we are having trouble associating the emails you produced with the attachments referenced in the emails. It appears you have not provided the necessary metadata to enable us to do this. Moreover, in many instances, you have not produced the referenced attachments sequentially with the emails. For example, see emails bearing production numbers LE 00493585, LE 00496940, LE 00503026, LE 00522221 and LE 00528086 which are some illustrative emails that reference attachments that are not produced in association with the emails.

You are required to produce documents as they are maintained in the ordinary course of business. As the emails reference attachments, you should produce the emails together with the referenced attachments, *e.g.*, sequentially.

Thus, Lawson's email production remains deficient in many respects.

### *e*Plus's Agreements

As stated above, *e*Plus agreed to supplement its answer to Lawson's Interrogatory No. 10 by the close of business on October 9.

I also committed to providing you with a listing of *e*Plus's customers. We will be producing such a customer list in our next production.

*e*Plus also agreed to supplement its preliminary infringement contentions by providing preliminary infringement claim charts of all of the patent claims in the three patents-in-suit. Since we have been receiving large productions of documents from Lawson over the last two weeks, we need some time to review such documents. We agree to provide supplementation by October 26, and reserve the right to continue to supplement as discovery progresses.

LIBW/1720117.1

GOODWIN | PROCTER

William D. Schultz
October 2, 2009
Page 10

This concludes my summary of our discussions, agreements and open issues. If you believe I have mis-stated anything Lawson agreed to do, please let me know.

Sincerely,

*Jennifer A. Albert*

Jennifer A. Albert

JAA/dja

Encls.

cc:  Stephen E. Noona
     Gregory N. Stillman
     Brent L. VanNorman

LIBW/1720117.1