IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09cv620(JRS) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF ePLUS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL DISCOVERY FROM DEFENDANT LAWSON SOFTWARE, INC.**

# <u>TABLE OF CONTENTS</u>

Page

I.   INTRODUCTION .................................................................................................1

II.  ARGUMENT ......................................................................................................2

  A.  Lawson's Contention That *e*Plus Did Not Comply With The Meet And Confer Requirement Is Incorrect And Omits Key Facts..........................................2

  B.  The Court Should Compel Lawson To Provide A Complete Response To Interrogatory No. 10 Pertaining To Revenues For Its Accused Products................3

  C.  Lawson Has Not Yet Provided A Sufficient Response to Interrogatory No. 14, With Respect To The Identification Of Potentially Infringing Products..........6

  D.  Lawson Should Provide Complete Interrogatory Responses and Claim Charts With Respect To Invalidity Issues and Other Defenses ..............................7

  E.  The Court Should Compel Lawson To Complete Its Production of E-Mail Correspondence................................................................................9

  F.  Lawson Has Agreed To Produce Its Documents Pertaining To Its Customers And Competition With *e*Plus, But Has Not Yet Done So ..................11

III. CONCLUSION..................................................................................................12

## I.   INTRODUCTION

Defendant Lawson Software, Inc. ("Lawson") attempts to deflect blame and divert the Court from the substantive issues before it by claiming — incorrectly — that Plaintiff ePlus, Inc. ("ePlus") failed to comply with the meet and confer requirement, and that the motion involves issues that ePlus failed to raise with Lawson and which are now moot.  To the contrary, as documented by correspondence not submitted or discussed by Lawson, ePlus conferred with Lawson with respect to all of these issues before filing the motion, and Lawson failed to fulfill its promises to rectify the deficiencies in a timely fashion.  And while ePlus acknowledges that Lawson has made some efforts after the filing of the motion to address these issues,[1] significant deficiencies remain outstanding.  Indeed, the very documentation that Lawson relies upon shows not that the issues are moot, but rather that ePlus is awaiting promised supplementation from Lawson.  Accordingly, the central arguments of Lawson's opposition – that the issues were either not discussed before the motion was filed or have been fully resolved since – are demonstrably incorrect.

Lawson's delays are particularly significant because depositions of key Lawson employees are scheduled over the next two weeks, and ePlus's deadline for serving initial expert reports on infringement and damages issues is November 2, less than a month from now.  The case has been pending for nearly five months.  Accordingly, it is imperative that Lawson complete its document production and provide complete interrogatory answers so that ePlus has this information to use during – not after – the taking of key depositions and for the preparation

---

[1] For example, in subsequent discussions between the parties, Lawson stated that it would produce its patent application and prosecution documents in response to Document Request Nos. 11 and 31 early during the week of October 5.  It appears that Lawson produced these documents this week, although ePlus has not yet had time to fully review them to ensure that Lawson's production is complete.

of expert reports. *e*Plus therefore respectfully requests that the Court compel Lawson to provide the requested discovery immediately.

## II.     ARGUMENT

### A.     Lawson's Contention That *e*Plus Did Not Comply With The Meet And Confer Requirement Is Incorrect And Omits Key Facts

Although Lawson ultimately concedes that the parties conferred over many of the specific issues raised in this motion, Lawson argues that *e*Plus failed to raise some of the issues and on that basis the motion should be denied. Lawson's argument is incorrect. As documented by correspondence submitted with *e*Plus's opening brief, *see e*Plus Mot., Exh. D, Lawson expressly agreed during the parties' telephonic meet and confer discussion of September 10 to rectify all of the deficiencies set forth in ePlus's letters of August 27 and September 9. On that same day *e*Plus confirmed – in writing – that Lawson had so agreed, stating in no uncertain terms "[i]n summary, *you agreed to cure all of the deficiencies referenced in my August 27 and September 9 letters by September 18*." *e*Plus Mot., Exh. D (emphasis added). Lawson presents nothing to indicate that it disagreed with this confirmation, and in fact it did not. Lawson now seeks to rewrite the course of events by claiming these deficiencies were not the subject of the parties' September 10 discussion, when the written record clearly establishes that they were.

Counsel for Lawson provides a declaration that includes an artfully worded statement that, "[t]he parties *did not discuss in particular* any other Interrogatory or Document Request [during the September 10 conference]." Decl. of William Schultz, Esq., ¶ 6. This very carefully parsed statement avoids either disclosing or contradicting the undisputed fact that Lawson agreed during that discussion to rectify all the deficiencies set forth in *e*Plus's two letters. During the September 10 conference, counsel for *e*Plus expressly offered to elaborate on every one of the issues raised in the two letters individually, but counsel for Lawson stated that was unnecessary.

It should not be well taken for Lawson to now claim *e*Plus failed to meet and confer with respect to these very issues for which Lawson said that further discussion was unnecessary.[2]  Further, in support of its argument that *e*Plus supposedly failed to raise the issues presented in this motion, Lawson relies upon discussions that counsel had ***after*** the filing of the motion as if this constituted evidence that the parties had not previously discussed the issues.  This argument is a *non sequitur*.

*e*Plus fully complied with the Court's meet and confer requirement, raising the issues presented in the motion in multiple letters and in conferences with Lawson counsel.  Lawson's arguments to the contrary are contradicted by the written record and are simply an effort to divert the Court from the substantive issues before it and to delay *e*Plus from obtaining relief.

### B.   The Court Should Compel Lawson To Provide A Complete Response To Interrogatory No. 10 Pertaining To Revenues For Its Accused Products

With respect to Interrogatory No. 10, dealing with revenues from Lawson's accused products and services, Lawson's response virtually concedes the deficiency of its answer.  Opp. at 9-10.  Lawson concedes that its answer will have to be supplemented based on financial information it is still in the process of collecting.

With respect to the contention that *e*Plus supposedly failed to meet and confer, Lawson concedes, as it must, that "[t]he parties conferred on this Interrogatory before ePlus filed this motion." *Id.* at 9.  Indeed, *e*Plus's letter of September 10 specifically confirmed, "We also discussed Lawson's supplementation of its answers to interrogatories as to which it relied upon Rule 33(d)." *e*Plus Mot., Exh. D at 2; *see also* Exh. B at 5 (specifically discussing deficient

---

[2] Indeed, in a subsequent letter raising an alleged deficiency in *e*Plus's discovery responses, Lawson claimed that its letter was alone sufficient to comply with the Court's meet and confer requirement.  *e*Plus subsequently invited Lawson to confer by telephone with respect to the issue.

response to Interrogatory No. 10 pursuant to Rule 33(d)).  Lawson contends, however, that "ePlus sought information Lawson was still in the process of gathering and filed the motion before discussing its claimed deficiencies in Lawson's supplemental production with Lawson."  Opp. at 9.

This argument simply does not make sense, but is revealing as to Lawson's repeated mantra about the alleged lack of a meet and confer.  Here, Lawson concedes, as it must, that the parties met and conferred with respect to Lawson's deficient answer to this interrogatory.  But Lawson effectively contends that all it needed to do was make an empty promise (that it failed to fulfill) to provide a complete response in the future in order to stave off a motion to compel and preclude *e*Plus from obtaining relief from the Court.

That Lawson claims it is "still in the process of gathering" information does not immunize it from a motion to compel.  Under the scheduling order in this case and the deadlines imposed by this Court, Lawson's arguments are not realistic, and *e*Plus does not have the luxury of waiting indefinitely for Lawson to fully supplement its interrogatory answers and document production.  *e*Plus's initial expert report on damages, for example, is currently due on November 2.  A complete answer to this interrogatory is critical to that report.

Here, Lawson initially provided an answer to the interrogatory, the entire "substance" of which was to say that Lawson *might* produce (unidentified) documents from which an answer to the interrogatory could be derived, pursuant to Rule 33(d).  *e*Plus Mot., Exh. A at 21.  Lawson had not, at the time it provided this answer, produced any documents, much less identified them as required by Rule 33(d).  When *e*Plus raised this obvious deficiency with Lawson, it *agreed* to supplement the answer to identify the documents it relied upon pursuant to Rule 33(d).  However, this proved to be an empty promise, because the documents Lawson subsequently

4

identified in its "supplementation" were simply a handful of outdated (and, in some cases, unexecuted) license agreements that were patently deficient for responding to the interrogatory, which required disclosure of the revenues for Lawson's accused products and services.

Now, in its opposition brief, Lawson reveals that the actual documents it intends to rely upon for its answer to the interrogatory *were not produced until September 30 and thereafter* (*after e*Plus filed this motion)*.* Opp. at 9 ("In the parties' September 30, 2009 *post-motion conference* … Lawson explained the financial documents for 2005-2009 were being produced *that day.* Lawson further explained that financial documents from 2003-2004 are only available in paper form and are difficult to obtain [but] … it is working to obtain these documents and will supplement its production accordingly.") (emphasis added).

In other words, Lawson's so-called "supplementation" of September 18 was obviously and knowingly inadequate and nothing more than a token procedure designed to buy additional time. Lawson concedes that the requested information is discoverable. Opp. at 9 ("Lawson does not dispute the discoverability of the information sought."). It further concedes that its production of the documents it intends to rely upon (and, therefore, its identification of those documents in the interrogatory answer pursuant to Rule 33(d)) is not yet complete. *Id.* at 9-10.

In fact, even the breadth of the financial documentation that Lawson recently produced is insufficient to respond to the interrogatory. The documentation that Lawson has begun to produce includes licensing revenues relating to the accused products, but not services revenues derived from the accused products as the interrogatory requires. It is likely that Lawson receives higher, and certainly additional revenues, from services such as installation and implementation of the accused products. Lawson should be compelled to produce that information and fully respond to the interrogatory.

Therefore, *e*Plus respectfully requests that the Court compel Lawson to produce and specify all of the records in detail responsive to the interrogatory, as required by Rule 33(d).[3]

### C.   Lawson Has Not Yet Provided A Sufficient Response to Interrogatory No. 14, With Respect To The Identification Of Potentially Infringing Products

Here again Lawson does not dispute that its answer to *e*Plus's Interrogatory No. 14 was and still remains deficient.[4]  Instead, it represents that it intends to supplement its response, presumably also pursuant to Rule 33(d), by identifying documents it has produced.  Opp. at 5 (stating that Lawson "will supplement its response to refer to those documents.").  Thus, notwithstanding Lawson's repeated claims that the issues in the motion are moot, Lawson has yet to rectify its concededly deficient response.[5]  Moreover, contrary to Lawson's argument that *e*Plus has agreed the issue is moot, *e*Plus actually stated (as clearly shown in the very letter Lawson relies upon in its opposition), "*if* [Lawson's] supplemental response provides a full answer to the interrogatory, we will inform the Court that the issue with respect to this interrogatory is moot."  Opp., Exh. 2 at 4.  To date, Lawson has not yet supplemented its response and, therefore, the issue is not yet moot.

---

[3] Lawson's brief further acknowledges that it intends to supplement its production (and presumably its identification pursuant to Rule 33(d)) with respect to Interrogatory No. 11.  Opp. at 6.

[4] This deficiency was specifically raised in *e*Plus's letter of August 27, 2009.  *e*Plus Mot., Exh. B at 5-6.  Lawson agreed during the parties' conference of September 10, 2009, to rectify this deficiency.  *e*Plus Mot., Exh. D at 2 ("[Lawson] agreed to cure all of the deficiencies referenced in my August 27 and September 9 letters by September 18.").

[5] Lawson contends that its original response "lists all products that Lawson sold in the last six years and the date of their release."  Opp. at 5.  This does not appear to be correct, but more importantly this would not be a sufficient answer to the interrogatory even if true.  The interrogatory specifically requested that Lawson identify its products that possess certain functionalities claimed in the patents-in-suit, not a list of all products that it had sold.

**D.    Lawson Should Provide Complete Interrogatory Responses and Claim Charts With Respect To Invalidity Issues and Other Defenses**

Notwithstanding Lawson's procedural arguments, Lawson concedes that the parties specifically discussed the adequacy of its answer to Interrogatory No. 4.  Opp. at 8 ("The parties did meet and confer on this Interrogatory before ePlus filed this motion."); *see also e*Plus Mot., Exh. D at 2 (confirming that parties discussed the issue and that Lawson agreed to supplement). Further, this issue has not been mooted by subsequent discussions.  Lawson stands by its refusal to supplement its answer to apply *all* of the alleged prior art references that it relies upon to the claims of the patents-in-suit.  Accordingly, there is no genuine dispute that this issue is ripe for resolution by the Court.

Lawson expends a great deal of time in its opposition brief discussing the fact that it has provided claims charts for *three* of the more than three dozen alleged prior art references that it relies upon for its invalidity counterclaim and affirmative defense.  As to why Lawson has not provided such information for the other alleged prior art references, Lawson dismisses this as "make-work that has no practical effect on the case other than to waste time and money and unduly multiply the proceedings."  Opp. at 8.  Simply stated, if Lawson truly believes that this would unduly multiply the proceedings, it should withdraw and disclaim its reliance on these references as alleged prior art.  Lawson makes no attempt to distinguish the case law cited by *e*Plus, or to present any contrary case law for the proposition that it should not be required to fully answer the interrogatory with respect to *all* of the alleged prior art references.

Lawson also ignores the fact that its identification of many of the alleged prior art "references" was simply generic without an identification of the specific product, version, or publication that actually constitutes the alleged reference.  Thus, for example, it provides no explanation why it simply recited "Lawson Software," without any further specificity as to what

is the alleged prior art.[6]  It does not provide any explanation why it has not produced all of the alleged prior art references that it relies upon.  Lawson's delays and attempts to conceal the basis for its invalidity arguments are highly prejudicial to ePlus and prevent it from pursuing third party discovery necessitated by Lawson's invalidity claims.  The law does not require that ePlus be taken by surprise by Lawson's invalidity arguments when presented for the first time in an expert report.  Accordingly, it is neither wasteful nor unduly multiplicative of the proceedings to require Lawson to fully answer the interrogatory and supply claim charts as to all of the alleged prior art references.

As Lawson concedes, the issue was discussed by the parties, and has not been mooted. ePlus respectfully requests that the Court compel Lawson to fully respond to the interrogatory.

With respect to Lawson's answer to Interrogatory No. 5, which relates to Lawson's contentions of invalidity under Section 112, Lawson again claims that "[i]t is Lawson's understanding that ePlus is no longer seeking to compel on this request." Opp. at 6.  However, again the very exhibit that Lawson cites for this representation states "*If* Lawson provides a full and complete response to Interrogatory No. 5 as to all of its Section 112 defenses, ePlus will inform the court that this issue is moot." Opp., Exh. 2 at 7 (emphasis added).  Lawson has not yet supplemented its answer at all, and therefore the issue has not been mooted.  Lawson's current answer provides, in its entirety, "Lawson reserves the right to supplement its response to this interrogatory as necessary at the appropriate time, but not before ePlus specifically identifies which claims it asserts and its contentions as to the meaning of those claims." ePlus Mot., Exh.

---

[6] Lawson subsequently agreed to provide a complete description of the Lawson system relied upon, but it has yet to do so.

A at 15. *e*Plus will, of course, inform the Court if the issue becomes moot as a result of adequate supplementation by Lawson.

Likewise, with respect to Interrogatory No. 6, Lawson claims that "[i]t is Lawson's understanding that ePlus does not dispute that Lawson's *proposed* supplementation is sufficient, and ePlus is no longer to [sic] seeking to compel on these requests." Opp. at 6-7 (emphasis added). Once again, Lawson's conclusion is inaccurate and contradicted by the very communication that Lawson cites, Opp. at 7, which states, "*[i]f* Lawson provides a full and complete response to Interrogatory No. 17, and confirms that it is asserting no other non-Section 102, 103, and/or 112 ground for invalidity other than as set forth in its response to Interrogatory No. 17, *then* ePlus will inform the Court that its motion to compel is moot as to this issue." Opp. Exh. 2 at 7 (emphasis added). Again, to date Lawson has not yet provided the promised supplementation.[7] *e*Plus is certainly hopeful that Lawson will supplement its response and thereby moot this issue, but that has not yet occurred. Likewise, Lawson has agreed to supplement, but has not yet supplemented, its answers to Interrogatory Nos. 3 and 12.[8]

### E.   The Court Should Compel Lawson To Complete Its Production of E-Mail Correspondence

Here again, Lawson's mootness argument is belied by its own statements. Lawson acknowledges that its production of e-mails is incomplete, but it argues that it is "using all available means to get through its emails and produce them in a reasonable time." Opp. at 7.

---

[7] Thus, Lawson's entire response to date consists of "Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters." *e*Plus Mot., Exh. A at 16.

[8] With respect to Lawson's response to Interrogatory No. 8, *e*Plus has agreed to table its motion based on Lawson's agreement to provide a prompt and complete response to the interrogatory after the parties exchange their claim construction contentions.

9

*e*Plus acknowledges that Lawson has begun producing responsive e-mails.  However, that production is admittedly incomplete.  In addition, *e*Plus encountered a significant problem with Lawson's manner of producing the e-mails.  Lawson's limited production did not associate attachments with the e-mails to which they should be attached.  This same day Lawson appears to have produced the metadata that might allow a computer to link an attachment with the e-mails, but because that metadata was provided only today *e*Plus has not yet had sufficient time to determine whether this production provides the missing link.  *e*Plus also notes that while Lawson claims it has produced over half a million electronic documents, including approximately eighty thousand documents that contain emails, Opp. at 7, by *e*Plus's calculation more than half (indeed, more than 400,000 by *e*Plus's calculation), were produced in the two week span ***after*** *e*Plus filed its motion to compel.

The reality of the situation is that *e*Plus's initial expert reports are due on November 2, and in order to meet that deadline *e*Plus has scheduled more than a half a dozen depositions of key Lawson witnesses, including Rule 30(b)(6) depositions, to occur over the course of the next two weeks, with the first deposition scheduled for tomorrow.  In order to make those depositions as useful and complete as possible, without the need to resume those depositions at a later date, *e*Plus needs Lawson's responsive e-mail documents before, not after those depositions take place.

Lawson does not dispute that e-mail correspondence is relevant and responsive to many of *e*Plus's document requests.  It also does not dispute that its production of these documents is incomplete.  *e*Plus therefore respectfully requests that the Court compel Lawson to produce responsive e-mail correspondence immediately.

10

**F.**    **Lawson Has Agreed To Produce Its Documents Pertaining To Its Customers And Competition With *e*Plus, But Has Not Yet Done So**

Lawson does not dispute the likely relevance of its documents relating to its customers of the accused products (e.g., contracts, licenses, Requests for Proposals and Lawson's responses) and its competition with *e*Plus.  Indeed, Lawson recently informed *e*Plus that it intends to take a Rule 30(b)(6) deposition of *e*Plus with respect to this very topic.  However, Lawson's opposition brief contends that it would be unduly burdensome for it to provide the breadth of such documents requested by *e*Plus.

Lawson's primary argument is that it should be entitled to produce only a sampling of such documents, and that production of all such documents would be unduly burdensome.  The difficulty with this argument is that *e*Plus has no way of knowing – even given the option to select the customers for the "sampling" – which of the customer/competition documents are likely to contain relevant and potentially unique information and admissions about:  (i) representations as to the functionality of Lawson's accused products, particularly in response to customer-specific questions and requirements set forth in Requests for Proposals (RFPs) and Requests for Quotes (infringement); (ii) Lawson's prior knowledge of the patents-in-suit (willfulness and indirect infringement); (iii) comparisons between Lawson's accused products and the *e*Plus products that are covered by the patents-in-suit (infringement); (iv) the relative importance or value of the features of Lawson's accused products and related services that are covered by the patents-in-suit (non-obviousness and damages); or (v) a breakdown of the respective contract values of the various accused products and services, such as are likely to be included in responses to RFPs (damages).[9]

---

[9] As courts have noted with respect to other categories of discoverable documents, "the proponent of discovery inescapably is caused to rely upon some measure of supposition, as the

These are just a few examples of the relevant information that is likely to be contained in these documents. *e*Plus simply has no way of knowing which customer-related documents will contain unique information and which may be merely redundant of other such documents. Accordingly, it is appropriate that Lawson fully respond.

In a telephonic conference held yesterday evening, Lawson agreed to produce these documents. Of course, it has not yet done so and therefore the issue is not yet moot. As Lawson itself states, it is in the process of providing that information. Opp. at 10; *see also* Opp., Exh. 2 at 5 ("You confirmed that your production was incomplete in this regard."). *e*Plus is hopeful that the issue will be mooted and *e*Plus will, of course, inform the Court if that is the case.

## III.    CONCLUSION

Contrary to Lawson's arguments, *e*Plus fully met its obligation to confer with Lawson as to all the issues presented in this motion. This motion resulted from Lawson's failure to keep its promises with respect to supplementation of discovery, not from any alleged failure of *e*Plus to confer over these issues. Indeed, for many of these issues, Lawson concedes that it has still not yet provided all of the discovery that it has committed to providing. Accordingly, and for the foregoing reasons, *e*Plus asks that the Court compel Lawson to provide the requested discovery

---

contents of the sought-after [documents] … can only be theorized, when framing a production request." *Cordis Corp. v. Scimed Life Sys., Inc.,* 982 F. Supp. 1358, 1362 (D. Minn. 1997); *see also Central Sprinkler Co. v. Grinnell Corp.*, 897 F. Supp. 225, 229 (E.D. Pa. 1995) ("it is unimportant that [the requesting party] cannot point to specific evidence in the [documents] . . . [the requesting party] do[es] not have the [documents] and so must rely on supposition of what might be in them").

immediately and in any event within five days of the Court's ruling on the motion. *e*Plus also requests that the Court order that *e*Plus shall be permitted to retake — at Lawson's expense — the depositions of any witnesses that are necessitated by the belated production of documents and interrogatory answers. Finally, *e*Plus asks that it be granted leave to supplement its initial infringement and damages expert reports as necessary to reflect late-provided discovery.

Respectfully submitted,

October 8, 2009

_____/s/_____
David M. Young
Virginia Bar No. 35997
Attorney for Plaintiff *e*Plus, inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
Robert D. Spendlove (VSB #75468)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
rspendlove@goodwinprocter.com

Gregory N. Stillman (VSB #14308)
Brent L. VanNorman (VSB# 45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street
Suite 1000
Norfolk, VA 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

13

Lana S. Shiferman (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231
lshiferman@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff
*e*Plus inc.

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, 2009, I will electronically file the foregoing **PLAINTIFF ePLUS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL DISCOVERY FROM DEFENDANT LAWSON SOFTWARE, INC.**

With the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
dmcdonald@merchantgould.com
*Counsel for Defendant Lawson Software, Inc.*

Stephen E. Noona (VSB #25367)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  (757) 624-3289
Facsimile:  (757) 624-3169
senoona@kaufcan.com
*Counsel for Defendant Lawson Software, Inc.*

/s/
_____
David M. Young
Virginia Bar No. 35997
*Counsel for Plaintiff ePlus, Inc.*
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com

LIBW/1716350.2