IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civil Action No. 3:09cv620(JRS) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |

**JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Order entered October 14, 2009, by the Honorable United States District Judge James R. Spencer, counsel of record for Plaintiff ePlus, Inc. ("Plaintiff" or "ePlus") and Defendant Lawson Software, Inc. ("Defendant" or "Lawson") have conferred in advance of the Initial Pretrial Conference to be held on November 10, 2009.

Unless specifically noted otherwise, ePlus and Lawson agree as follows:

**I.   PROTECTIVE ORDER**

The parties have agreed upon and submitted a stipulated protective order, which the Court entered on August 27, 2009, in the matter *ePlus, inc. v. Lawson Software, Inc., et al.,* 2:09-cv-00232-HCM-TEM. The parties have agreed to an amended protective order which the parties shall submit to the Court for entry. The parties mutually agree that the stipulated protective order entered in Civil Action No. 2:09-cv-232 shall continue to apply and govern the handling of confidential discovery materials in this matter unless and until the amended protective order is entered. The parties further agree that, to the extent discovery materials were exchanged prior to

August 27, 2009, any documents produced in response to discovery requests shall be treated by the receiving party as Outside-Counsel's-Eyes Only. In no event shall any party withhold producing its documents based on confidentiality concerns (other than third-party obligations).

## II. DISCOVERY SCHEDULE

    A.    Amended Pleadings, including adding additional parties, may be filed without leave of Court on or before **December 15, 2009**. Thereafter, pleadings may be amended only with leave of Court, and only upon a showing of good cause, unless the parties otherwise agree.

    B.    **Discovery limitations and stipulations:** In addition to the discovery limitations set forth in the Court's Scheduling and Pretrial Order and Pretrial Order (Patent Case), the parties further agree as follows:

        1.    The parties have already served their Rule 26(a)(1) disclosures.

        2.    A party may not serve on any other party more than fifty (50) requests for admission, including parts and subparts, without leave of Court.

        3.    The parties stipulate that their own documents that they produce in this matter are authentic, genuine and true and correct copies of the original documents.

        4.    The parties stipulate that no party may take more than nine (9) non-party, non-expert depositions, without leave of Court for good cause shown.

        5.    The parties stipulate that no party may take more than twelve (12) party, non-expert depositions, without leave of Court for good cause shown.

        6.    A deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) shall constitute one deposition, irrespective of the number of corporate representatives designated to testify on behalf of the corporation. A personal deposition notice served upon an individual that is testifying as a corporate representative shall not constitute a separate deposition for purposes of this section.

        7.    For depositions that require translation, the maximum deposition time shall be no more than fourteen (14) hours, and in the event a party determines that a personal deposition needs more than seven hours, the parties agree to meet and confer in good faith to establish an appropriate time limit. In the event that a party determines that additional depositions are necessary, the parties agree to meet and confer in good

faith in order to modify the limits established above.

8. Subject to the limitations agreed to by the parties in Paragraph 15 of this Joint Discovery Plan, each party agrees that it will automatically produce, without requiring a subpoena to its experts, all documents in the possession, custody, or control of the party or its experts that its experts reviewed, considered, or relied upon in their reports, declarations or testimony (but excluding those drafts, notes, and written communications specified below), to the extent such documents and things have not been previously produced during discovery.

9. The parties agree to exchange privilege logs on **December 4, 2009.** The parties agree to make a good-faith effort to thereafter supplement their privilege logs within thirty-five (35) calendar days of service of responses to document requests.

10. The parties agree that the deadline for objections to discovery requests shall be thirty (30) days from service of the requests, and such objections shall be served concurrently with a party's substantive responses to the discovery, provided that the responding party intends to substantively respond to the discovery requests on the return date. In the event that a party does not intend to respond substantively to any discovery request, the responding party shall notify the propounding party of the particular discovery request or requests and its objections thereto within fifteen (15) days of service of the discovery to facilitate an early meet and confer on such requests.

11. The parties agree to exchange electronic copies of discovery requests in Word format, along with copies on paper or in .pdf format.

12. Documents shall be produced in single page TIFF format, except for nonstandard file types such as databases and spreadsheets, which should be produced in native format. The OCR of each document and/or extracted text with metadata shall also be exchanged.

13. Service by electronic means shall be deemed equivalent to hand delivery. For any pleadings that are non-confidential and that are filed with the Court using the ECF system, the parties agree to accept service via email in addition the receipt of the NEF from the ECF system. For any portion of pleadings that are confidential and that are filed with the Court under seal, the parties agree to accept service by e-mail.

14. For pleadings and other documents filed with the Court, service on the parties shall be made by 6:00 p.m. Eastern Time. For responses to discovery requests and other documents exchanged but not filed with the

Court, service on the parties shall be made by 8:00 p.m. Eastern Time.

15. No notes, drafts, draft reports, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which an expert intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at trial. Materials, communications and other information exempt from discovery under this paragraph shall be treated as attorney work product.

16. Work product and privileged documents and things created after May 4, 2009, need not be identified on any privilege log.

17. If Plaintiff produces privilege logs from prior litigations involving the patents-in-suit, then privileged e-mail communications to or from Plaintiff's trial counsel in prior litigations involving the patents-in-suit will not be the subject of discovery and need not be listed on any privilege log.

18. Any party who receives documents from a third-party pursuant to a subpoena will re-produce those documents to all other parties within five (5) business days. Where re-production of documents within five business days is not possible, the party who received the documents will provide prompt notice to all other parties and the issue will be resolved on a case-by-case basis.

19. The parties agree to identify all corporate representatives designated to testify on behalf of the corporation pursuant to Fed. R. Civ. P. 30(b)(6) at least five (5) business days prior to their deposition. If a personal deposition notice has been served upon an individual that is testifying as a corporate representative, the deposition shall take place at the same time as the 30(b)(6) deposition to which the individual was designated to testify as a corporate representative.

### III.   SETTLEMENT CONFERENCE

The parties have considered the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case.  The parties will continue to discuss the possibilities for settling this case.

### IV.   OTHER MATTERS

A. The parties expect the trial of this matter to last **ten (10) to fifteen (15) days**.

B. Mindful of the Court's calendar, the parties jointly request that any *Markman* hearing be scheduled for a date prior to the submission of initial expert reports so that the expert reports may, to the extent possible, rely upon the Court's construction of any disputed claim terms.

C. The parties have agreed to and submitted with this report a proposed Scheduling and Pretrial Order, attached hereto as Exhibit A, and a proposed Pretrial Order (Patent Case), attached hereto as Exhibit B.

D. The parties do not agree to proceed to trial before a magistrate judge.

E. A jury trial has been demanded.

**SO STIPULATED**

Dated:  November 3, 2009

Respectfully submitted,

ePLUS, INC. and

LAWSON SOFTWARE, INC.

By Counsel

_____/s/ Henry I. Willett, III_____
Henry I. Willett, III (VSB # 44655)
Craig T. Merritt (VSB # 20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095

Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

Lana S. Shiferman (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

Attorneys for Plaintiff
*e*Plus, Inc.


_____/s/  Dabney J. Carr, IV_____
Dabney J. Carr, IV (VSB # 28679)
Robert A. Angle (VSB # 37691)
**TROUTMAN SANDERS LLP**
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)

Daniel W. McDonald (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Stephen E. Noona (VSB # 25367)
**KAUFMAN & CANOLES, P.C.**

150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169

Counsel for Defendant Lawson Software, Inc.