**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| *e*PLUS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:09cv620(JRS) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF JOINT MOTION**
**FOR ENTRY OF AMENDED PROTECTIVE ORDER**
**PROVIDING FOR FILING OF MATERIALS UNDER SEAL**

Pursuant to Fed. R. Civ. P. 26(c) and Local Rule 5(c), ePlus, Inc. ("*e*Plus") and Lawson Software, Inc., ("Lawson") through their undersigned counsel, state as follows for their Memorandum in Support of their Motion for Entry of an Amended Protective Order Providing for Filing of Materials Under Seal.  The Parties respectfully request that the Court grant the consent motion to ensure that documents produced during discovery are adequately protected and that future filings under seal in this case comply with the procedures set forth in *Ashcraft v. Conoco*, 218 F.3d 282 (4th Cir. 2000) and 218 F.3d 288 (4th Cir. 2000).   An Amended Protective Order, signed by the parties, is attached to the Motion as Exhibit A.

**ARGUMENT**

**A.      The parties must protect their competitive interests**.

This case involves the highly competitive computer software industry.  *e*Plus brought this action against Defendant Lawson and three other unrelated defendants alleging patent infringement.   Certain documents that will be exchanged pursuant to discovery in this case reflect sensitive technical and economic information that would be highly valuable to

competitors of any of the parties.  Thus, disclosure of such material to anyone other than the parties identified in the Amended Protective Order may harm the parties.  Accordingly, it is appropriate to protect those materials at this time, and entry of the attached Amended Protective Order sealing certain documents is warranted at this time.

*e*Plus and Lawson, and the additional party defendant then remaining in the case agreed upon a Protective Order governing the handling of confidential discovery materials, which order was entered by the Court on August 27, 2009.  *See* Docket Nos. 73, 75.  The Protective Order previously entered in this matter did not include a provision permitting the filing of documents with the Court under seal.  Instead, the Protective Order previously entered in this matter requires that a party file a motion with the Court on every occasion that it intends to file materials under seal.  Docket No. 75 at ¶ 8.2.  The parties have since agreed to an Amended Protective Order which allows for the filing of documents under seal without the need for a separate motion on each occasion that such documents are filed.  The amendment to Paragraph 8.2 of the previously-entered order provides that:

> The parties submit and the Court finds that there will be documents filed in this case that include confidential, proprietary and commercially sensitive information that can only be protected by sealing the documents and those portions of the memoranda that discuss the documents.  The Court finds that this information is of a private business nature and is not of great public interest.

> In the event that any CONFIDENTIAL or CONFIDENTIAL – SOURCE CODE information is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition, transcript or other paper filed with the Clerk of this Court, such information shall be filed with the Clerk of the Court, without need of a motion, in sealed envelopes or containers marked with the caption of the case, a general description of the contents of the envelope or container and a legend substantially in the following form:

> "UNDER SEAL – SUBJECT TO PROTECTIVE ORDER – CONTAINS CONFIDENTIAL OR CONFIDENTIAL – SOURCE CODE MATERIAL – TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."

Notwithstanding the foregoing, however, CONFIDENTIAL or CONFIDENTIAL – SOURCE CODE documents or testimony introduced into evidence at trial shall not be sealed or otherwise treated as confidential by the Court except pursuant to a further order of the Court at the request of either party during pretrial proceedings or at trial.

*See* attached Exhibit A at ¶ 8.2.

**B.**     **The *Ashcraft* Requirements Have Been Properly Satisfied**

In *Ashcraft*, the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the district court had not complied with relevant precedent.  218 F.3d at 302.  The *Ashcraft* court relied on two earlier Fourth Circuit cases when setting forth the procedures for sealing court documents:  *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland*, 855 F.2d 178 (4th Cir. 1988).  According to the *Ashcraft* court, before a district court may seal court documents it must:

(1)     Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;

(2)     Consider less drastic alternatives to sealing the documents; and

(3)     Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

218 F.3d at 288.  Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."  *In re Knight*, 743 F.3d at 235.  As presented in more detail below, the entry of a Protective Order authorizing the filing under seal of certain documents in this case is appropriate at present.

**1.     Public Notice Is Provided**

Entry of the attached Notice of Presentation of Sealing Order by the Clerk onto the Court's docket will notify members of the public of the fact that the Court will be considering

the permissibility of the sealing of certain documents in this case, and provide sufficient time for

objection.  *See In re Knight*, 743 F.2d at 235 (stating that "public was entitled to notice of

counsel's request to seal, and an opportunity to object to the request before the court made its

decision").  Any hearing, if necessary, will occur after the filing of this Motion, and after filing

of the Notice of Presentation of Sealing Order, so that members of the public have sufficient time

to note any objections that they might have to the motion.  Finally, the detail provided below

concerning the types of documents that would be appropriate for filing under seal in this case

enables members of the public to understand the nature of the proceeding in the event anyone

should wish to note objections.

**2.** **There Are No Less Drastic Alternatives**

The parties do not seek a blanket protective order, sealing all of the pleadings or

documents filed in this case.  A "less drastic" alternative is sought – namely that the parties be

allowed to file under seal only confidential or proprietary information representing a competitive

business advantage and trade secrets.  Moreover, even this "less drastic" alternative of filing

certain documents under seal would be utilized only when it was not possible for a party to

redact the specific confidential information prior to filing a pleading.  However, while redaction

of specific confidential information may suffice for some documents, when the specific

confidential information is relevant to the pleading being filed such a procedure cannot be

utilized.  Overall, though, in each circumstance, the least drastic alternative will be utilized for

the protection of confidential information.

**3.** **Specific Reasons Why the Protective Order Is Necessary and Certain Documents Require Filing Under Seal**

The following types of documents are appropriate for filing under seal in this case:

4

Any document or thing produced by any of the parties containing trade secrets and other confidential or proprietary research, development, or technical information or highly sensitive and confidential financial and marketing information, and any answer to any interrogatory or information learned as a result of an inspection under Rule 34 of the Federal Rules of Civil Procedure containing the same or similar information, except information which is already publicly available.

In this case, documents that fall within the category listed above must be filed under seal and kept sealed to the extent they are filed at all.  Documents relating to a party's proprietary research, development or technical information or highly sensitive and confidential financial and marketing information must be kept confidential because their disclosure to competitors would be harmful to the party that produced the document.  Disclosure of such documents could provide competitors with unfair advantages in their attempt to compete with the party who produced the document.  If the documents are not filed under seal, they would be available as part of the public record in this case and could be accessed by competitors.

Overall, the possible harm that is presented to the parties by the disclosure or potential availability of confidential information, as described above, to the general public and thus potentially to competitors are significant.  Correspondingly, the general public would have little interest in the types of confidential information discussed above, but a business competitor can seek such information in an attempt to gain an unfair advantage.  *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as . . . unfairly gaining a business advantage").  The information does not relate to any process or event of historical significance or general interest to the general public.  *Id*.  In sum, the potential harms that could be suffered by a party due to disclosure of such confidential

information far outweighs any prejudice to the general public caused by non-disclosure of only a limited number of documents.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant the Joint Motion for Entry of an Amended Protective Order.

Dated:  November 3, 2009

Respectfully submitted,

ePLUS, INC. and

LAWSON SOFTWARE, INC.

By Counsel

      /s/ Henry I. Willett, III
Henry I. Willett, III (VSB # 44655)
Craig T. Merritt (VSB # 20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson (admitted  *pro hac vice*)
Jennifer A. Albert (admitted  *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444

Lana S. Shiferman (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street

Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231

Attorneys for Plaintiff
*e*Plus, Inc.

_____/s/  Dabney J. Carr, IV_____
Dabney J. Carr, IV (VSB # 28679)
Robert A. Angle (VSB # 37691)
**TROUTMAN SANDERS LLP**
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)

Daniel W. McDonald (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Stephen E. Noona (VSB # 25367)
**KAUFMAN & CANOLES, P.C.**
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169

Counsel for Defendant Lawson Software, Inc.

997253