# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) ) ) Plaintiff, ) ) v. ) ) LAWSON SOFTWARE, INC., ) ) Defendant. ) | Civil Action No. 3:09cv620 (REP) |

### SCHEDULING ORDER

Finding it in the interest of justice and otherwise reasonably necessary for the orderly and efficient administration of justice, it is hereby **ORDERED** that the schedule set forth below and in Pretrial Schedule A (attached) shall govern the progress of this action, except to the extent amended or augmented by the terms of the Initial Pretrial Order issued after the pretrial conference or by any other Order.

1. Any party which has not filed an Answer to the Complaint shall do so within **eleven (11)** days after entry of this Scheduling Order. Filing of an Answer shall not waive any previously filed motions or properly presented objections to jurisdiction or service of process.

2. Pleadings, including adding additional parties, may be filed without leave of Court on or before **December 15, 2009.** Thereafter,

pleadings may be amended only with leave of Court, and only upon a showing of good cause, unless the parties otherwise agree.

3. Within **fifty (50)** days after entry of this Order, counsel for each party, and a representative of each party with authority to conclude a settlement of this action, shall meet in person with the undersigned district judge or, if directed, with another district or magistrate judge to discuss settlement. The representative for a business entity (corporation, partnership or otherwise) must be an officer or employee <u>not employed</u> in the business entity's law department or general counsel's office, although such lawyers are welcome to attend with the other representative. Each counsel shall be prepared to present a cogent, brief summary of the issues of liability and damages. Counsel for each party shall be responsible to assure that the settlement conference is conducted as herein prescribed.

The Clerk is directed to send a copy of this Scheduling Order and attached Pretrial Schedule A to all counsel of record and to any party not represented by counsel.

It is SO ORDERED.

Richmond, Virginia

Date: _____          _____
                              Robert E. Payne
                              Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**PRETRIAL SCHEDULE A**

This Pretrial Schedule A ("Schedule A") shall govern the schedule of events in this action; and, therefore, it is incorporated into the Scheduling Order to which it is attached.

## I. GENERAL INSTRUCTIONS

### A. Conflict With Local Rules Or Federal Rules Of Civil Procedure

Because they govern events incident to trial and the control of the Court's docket, the Scheduling Orders and Pretrial Orders issued by the Court and this Schedule A shall control over any perceived conflicting Local Rule or Federal Rule of Civil Procedure, unless the party perceiving a conflict shall raise it by motion, brief it in the manner required by the Local Rules and demonstrate therein why the perceived conflicting provision of a Pretrial Order, a Scheduling Order or Schedule A should not control.

### B. Filing Deadlines And Service Of Papers

1. If any filing deadline set in this Schedule A or the Scheduling Order or a Pretrial Order falls upon a Saturday, Sunday, or holiday, service on the opposing counsel or party shall be on the last preceding business day. The papers so served shall be filed with the Clerk on the first business day following the Saturday, Sunday, or holiday. The provisions of Fed. R. Civ. P. 6 shall not apply to alter the time deadlines established by this Schedule A.

2. All filing deadlines expire at 5:00 p.m. on the applicable date, except as specifically ordered by the Court.

### C. Calculation Of The Dates

For the purpose of calculating dates, the date of trial shall not be counted.

### D. Settlement

Counsel shall notify the Court immediately of any settlement and shall submit a final order within **fifteen (15)** calendar days thereafter unless otherwise ordered by the Court. If such an order is not timely submitted, the action will be dismissed by the Court with prejudice on the basis of the representation that the action has been settled.

## II. MOTIONS

### A. Local Rule 7

Local Rule 7 shall govern the filing of motions in this action, except where otherwise stated. All hearing dates should be arranged with the secretary to the district judge.

### B. Discovery Disputes

Counsel are expected to resolve discovery disputes without filing pleadings or involving the Court. If, after good faith effort, counsel are unable to resolve disputes, they will be resolved, if at all possible, in a telephone conference without the filing of pleadings. In the unusual event that resolution of a discovery dispute requires the filing of motions, they shall be filed, briefed and heard in sufficient time to allow completion of the requested discovery by the discovery cut-off date, taking into account the time allowed for responses and replies under the Federal Rules of Civil Procedure, the Local Rules, or any other Order of the Court.

### C. Summary Judgment Motions

1. All motions for summary judgment shall be filed at the earliest possible date consistent with the requirements of the Federal Rules of Civil Procedure, but such motions shall be filed no later than **forty (40)** calendar days before the scheduled trial date.

2. A hearing, if desired, shall be scheduled to take place no later than **fifteen (15)** calendar days before trial.

### D. Motions In Limine

Motions in limine, if any, shall be filed in sufficient time, taking into account the time allowed for responses and replies, to be heard no later than **ten (10)** days before trial. At the discretion of the Court, hearings on motions in limine may be deferred until trial or until the final pretrial conference.

## III. DISCOVERY

### A. Filing Discovery

Except for good cause shown by motion under Fed. R. Civ. P. 5(d), discovery materials shall not be filed with the pleadings or papers in any case. Where specific discovery material may appropriately support or oppose a motion, the specific discovery material in question shall be appended as an exhibit to the motion, or in response thereto, without having been previously filed. Discovery material otherwise permitted to be used at trial may be properly so used, if otherwise admissible, without having been previously filed.

### B. Privilege Lists

If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work product doctrine, or any other privilege, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made, together with a brief description of the document, including the date, the author, and the identity of each recipient, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection.

### C. Close Of Discovery

All fact discovery, excluding expert discovery, including all supplementation, shall be
concluded no later than **forty-five (45)** calendar days before trial.

3

**IV. EXPERTS**

       1.   On or before ninety (90) days before trial, each party shall identify all persons it expects to call as expert witnesses in its case in chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint and shall serve a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

       2.   On or before sixty (60) days before trial, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint and shall serve a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

       3.   On or before forty-five (45) days before trial, each appropriate party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to Paragraph 2 and shall serve a written report complying with the requirement of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

       4. Unless the Court orders otherwise for good cause shown, expert witnesses and reports not disclosed as required by Fed. R. Civ. P. 26 (a) (2) and (3) and the deadlines established herein shall not be allowed to testify or be admitted into evidence, as the case may be.

       5. Only one expert per discipline is permitted, except by order of the Court.

**V. TRIAL PREPARATION PROCEDURES AND DEADLINES**

    **A.**    **Written Stipulations**

       1. No later than **twenty-four (24)** calendar days before trial, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Unless the parties agree otherwise, this conference shall be held at the counsel's office that is closest to the courthouse.

       2. Written stipulations shall be signed by each counsel and filed with the Clerk no later than **eleven (11)** calendar days prior to trial.

    **B.**    **Discovery Designations And Summaries**

4

1. No later than **twenty-one (21)** calendar days before trial, all parties shall serve on all other counsel a list of all discovery materials, specifying the appropriate portions thereof, that the party intends to offer at trial.

2. If the designated materials include deposition testimony (whether taken by transcript, video tape, or otherwise), a <u>brief-summary</u> of all such designated testimony, containing citations to the page and lines of the deposition from which the summary is taken, also shall be served on all counsel. Counsel are admonished that, as officers of the Court, they are obligated to submit summaries that are fair and accurate. Summaries are to be served for both jury and non-jury trials.

3. No later than **fourteen (14)** calendar days before trial, all parties shall serve on all counsel, a list of all "fairness" or rebuttal designations and amended summaries, as appropriate.

4. No later than **eleven (11)** calendar days before trial, any objection to the introduction of any designation or parts thereof or any summary shall be filed by each of the parties in writing with the Clerk. Such objection shall be deemed to have been waived if not timely filed.

5. No later than **nine (9)** calendar days before trial, counsel shall confer to resolve objections to discovery designations. If objections are not resolved, they shall be determined at the Final Pretrial Conference. It shall be the responsibility of the objecting party to file the specific discovery designation or summary with the party's objections thereto. All such documents shall be clearly marked, indexed, and easily reviewable. The party offering the designated discovery shall be responsible for: (I) conforming it to the agreement reached by the parties or to the rulings on the objections; (ii) filing the conformed version; and (iii) providing opposing counsel, the Clerk, and the Court with a conformed set of all designated discovery five (5) calendar days before trial.

6. All summaries of deposition testimony to which no objection has been made shall be filed with the Clerk, with a copy delivered to the Court, no later than two (2) calendar days before trial.

7. This paragraph on designations shall not apply to discovery materials that will be used at trial solely in crossexamination or for impeachment.

**C.   Witness Lists**

5

1. On or before **eighteen (18)** calendar days before trial, **plaintiff** shall file a list of all witnesses intended to be called at trial.

2. On or before **sixteen (16)** calendar days before trial, **defendant** shall file a corresponding list of all witnesses intended to be called at trial.

3. A copy of each subpoena issued for a witness' attendance at trial shall be filed with the Clerk. No witness who has been subpoenaed may be excused except by leave of court or if the witness has not testified at trial, with the consent of all parties.

4. Failure to comply with the provisions of this section will, in the absence of exceptional circumstances, result in preclusion of the testimony of the witness and/or sanctions.

**D.   Exhibits**

1. On or before **eighteen (18)** calendar days before trial, **plaintiff** shall file with the Clerk a list of proposed exhibits.

2. On or before **sixteen (16)** calendar days before trial, **defendant** shall file with the Clerk a list of proposed exhibits.

3. Any exhibit not listed and timely filed will not be admitted at trial unless used solely for impeachment or rebuttal purposes. Counsel are admonished that the filing of exhibits deemed by the Court to be unnecessary to a just disposition of the case may be found to be violative of 28 U.S.C. § 1927 and the filing of unnecessary exhibits will be the basis for sanctions.

4. A set of exhibits shall be delivered to the opposing party on the date the serving party's exhibit list is filed with the Clerk.

5. Exhibits shall be arranged in a notebook, with each exhibit marked and individually tabbed. Each exhibit notebook should contain an index identifying each exhibit by number and with a short neutral description.

6. **Objections** to exhibits shall be filed with the Clerk **twelve (12)** calendar days before trial. Any exhibit to which no objection is made shall be admitted without further action.

7. If counsel so desire, exhibit notebooks may also be provided for each juror. No exhibit or photograph shall be shown to

the jury unless a separate copy thereof is available for each juror or is of such a size as to be easily seen from the jury box.

   8. On the day before the trial, each party shall deliver to the Clerk two sets of pre-marked, indexed exhibits (one for the judge; and one for the witness).

   9. Exhibits as to which objections are taken shall be brought to the Final Pretrial Conference.

E.  Jury Instructions

   1. If this action is to be tried by a jury, each party shall file a complete set of proposed jury instructions with the Clerk on or before **ten (10)** calendar days before trial. Objections to instructions shall be filed in writing **seven (7)** calendar days before trial. Each party shall file a proposed jury verdict form with its instructions.

   2. Counsel shall make every effort to resolve objections, to consolidate jury instructions, and to tender an agreed set of instructions to the Court. **Four (4)** calendar days before trial, counsel for the plaintiff shall file (a) a set of all instructions as to which the parties are in agreement; and (b) a separate set of instructions as to which there remains a dispute, and, with respect to each such instruction, shall briefly state the points on which the parties are still in dispute.

   3. Instructions shall be filed as a group with a cover page in pleading form and with a certificate of service at the end. Each instruction shall be set forth on a separate page, shall be numbered and identified by the party submitting it (e.g.. "P-1» or "D-1") and the original shall bear at its foot a citation of authority supporting the instruction.

F.  Findings Of Fact And Conclusions Of Law

   1. If this action will not be tried by a jury, each party shall file with the Clerk proposed findings of fact and conclusions of law not later than **ten (10)** calendar days before trial.

   2. The proposed findings of fact and conclusions of law shall be in numbered paragraphs. Conclusions of law shall cite authority.

G.  Voir Dire

   Any proposed voir dire questions shall be filed with the Clerk and delivered to opposing counsel not later than **seven (7)**

7

calendar days before trial. Objections to voir dire questions shall be filed **three (3)** calendar days before trial.

### H. *Markman* Hearing

[To be determined.]

### I. Other items

1. By December 18, 2009, the Plaintiff shall file a statement identifying, for each Defendant the product, products, or part thereof, that are accused of infringement, and, for each such product or part thereof, shall identify which claim or claims of which patent is infringed and how such product or part thereof infringes each such claim.

2. By December 29, 2009, the Plaintiff shall set forth a claim chart, patent by patent, claim by claim, including the specific functionality at issue within each accused product, shall identify all claim constructions issues, and all claim terms believed to be at issue and, shall provide for each term the Plaintiff's proposed definition; by January 11, 2010 the Defendant shall file responsive claim charts.

3. Plaintiff proposes that by December 4, 2009, the Defendant shall file a list of all prior art on which it relies, including a citation by Bates number of any documents produced relating to each such prior art reference, and a complete and detailed explanation of what it alleges that each listed prior art reference shows in claim chart form on an element-by-element, claim-by-claim basis and how that prior art invalidates the claims asserted by plaintiff. Defendant proposes that the date for service of these contentions be set at the same date as its responsive claim charts, January 11, 2010.

4. By December 4, 2009, the parties shall exchange lists of claim terms requiring construction by the Court.

5. By December 9, 2009, the parties shall meet and confer in an effort to narrow the list of claim terms requiring construction by the Court.

6. By December 16, 2009, each side shall serve a statement of the interpretation it proposes for each claim term in dispute.

        7.    The parties have already served their initial Rule 26 disclosures.

        8.    The parties have already served initial sets of document requests.

**J.**    **Additional Modifications**

Any additional proposed modifications to the Scheduling Order and Pretrial Schedule A shall be submitted to the Court for its consideration on or before November 17, 2009, in the form of a proposed Pretrial Schedule B.

9