**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **ePLUS INC.,** **Plaintiff,** | ) | **Civil Action No. 3:09cv620 (REP)** |
| **v.** | ) | |
| **LAWSON SOFTWARE, INC.,** **Defendant.** | ) | |

Not Used To be Reversed REP

[PROPOSED] **JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel of record for Plaintiff *e*Plus, inc. ("Plaintiff" or "*e*Plus") and Defendant Lawson Software, Inc. ("Defendant" or "Lawson") have conferred in advance of the Status Conference to be held on November 13, 2009.

Unless specifically noted otherwise, *e*Plus and Lawson agree as follows:

## I. PROTECTIVE ORDER

The parties have agreed upon and submitted a stipulated protective order, which the Court entered on August 27, 2009, in the matter *ePlus, inc. v. Lawson Software, Inc., et al.*, 2:09-cv-00232-HCM-TEM. The parties have agreed to an amended protective order which the parties have filed with the Court for entry. The parties mutually agree that the stipulated protective order entered in Civil Action No. 2:09-cv-232 shall continue to apply and govern the handling of confidential discovery materials in this matter unless and until the amended protective order is entered. The parties further agree that, to the extent discovery materials were exchanged prior to

RECEIVED NOV 12 2009 CLERK, U.S. DISTRICT COURT RICHMOND, VA



LIBW/1723392.1

August 27, 2009, any documents produced in response to discovery requests shall be treated by the receiving party as Outside-Counsel's-Eyes Only. In no event shall any party withhold producing its documents based on confidentiality concerns (other than third-party obligations).

## II. DISCOVERY SCHEDULE

A. Amended Pleadings, including adding additional parties, may be filed without leave of Court on or before **December 15, 2009**. Thereafter, pleadings may be amended only with leave of Court, and only upon a showing of good cause, unless the parties otherwise agree.

B. **Discovery limitations and stipulations:** In addition to the discovery limitations set forth in the Court's Scheduling Order, the parties further agree as follows:

1. The parties have already served their Rule 26(a)(1) disclosures.

2. A party may not serve on any other party more than fifty (50) requests for admission, including parts and subparts, without leave of Court.

3. The parties stipulate that their own documents that they produce in this matter are authentic, genuine and true and correct copies of the original documents.

4. The parties stipulate that no party may take more than nine (9) non-party, non-expert depositions, without leave of Court for good cause shown.

5. The parties stipulate that no party may take more than twelve (12) party, non-expert depositions, without leave of Court for good cause shown.

6. A deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) shall constitute one deposition, irrespective of the number of corporate representatives designated to testify on behalf of the corporation. A personal deposition notice served upon an individual that is testifying as a corporate representative shall not constitute a separate deposition for purposes of this section.

7. For depositions that require translation, the maximum deposition time shall be no more than fourteen (14) hours, and in the event a party determines that a personal deposition needs more than seven hours, the parties agree to meet and confer in good faith to establish an appropriate time limit. In the event that a party determines that additional depositions are necessary, the parties agree to meet and confer in good

faith in order to modify the limits established above.

8. Subject to the limitations agreed to by the parties in Paragraph 15 of this Joint Discovery Plan, each party agrees that it will automatically produce, without requiring a subpoena to its experts, all documents in the possession, custody, or control of the party or its experts that its experts reviewed, considered, or relied upon in their reports, declarations or testimony (but excluding those drafts, notes, and written communications specified below), to the extent such documents and things have not been previously produced during discovery.

9. The parties agree to exchange privilege logs on **December 4, 2009.** The parties agree to make a good-faith effort to thereafter supplement their privilege logs within thirty-five (35) calendar days of service of responses to document requests.

10. The parties agree that the deadline for objections to discovery requests shall be thirty (30) days from service of the requests, and such objections shall be served concurrently with a party's substantive responses to the discovery, provided that the responding party intends to substantively respond to the discovery requests on the return date. In the event that a party does not intend to respond substantively to any discovery request, the responding party shall notify the propounding party of the particular discovery request or requests and its objections thereto within fifteen (15) days of service of the discovery to facilitate an early meet and confer on such requests.

11. The parties agree to exchange electronic copies of discovery requests in Word format, along with copies on paper or in .pdf format.

12. Documents shall be produced in single page TIFF format, except for nonstandard file types such as databases and spreadsheets, which should be produced in native format. The OCR of each document and/or extracted text with metadata shall also be exchanged.

13. Service by electronic means shall be deemed equivalent to hand delivery. For any pleadings that are non-confidential and that are filed with the Court using the ECF system, the parties agree to accept service via email in addition the receipt of the NEF from the ECF system. For any portion of pleadings that are confidential and that are filed with the Court under seal, the parties agree to accept service by e-mail.

14. For pleadings and other documents filed with the Court, service on the parties shall be made by 6:00 p.m. Eastern Time. For responses to

discovery requests and other documents exchanged but not filed with the Court, service on the parties shall be made by 8:00 p.m. Eastern Time.

15. No notes, drafts, draft reports, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which an expert intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at trial. Materials, communications and other information exempt from discovery under this paragraph shall be treated as attorney work product.

16. Work product and privileged documents and things created after May 4, 2009, need not be identified on any privilege log.

17. If Plaintiff produces privilege logs from prior litigations involving the patents-in-suit, then privileged e-mail communications to or from Plaintiff's trial counsel in prior litigations involving the patents-in-suit will not be the subject of discovery and need not be listed on any privilege log.

18. Any party who receives documents from a third-party pursuant to a subpoena will re-produce those documents to all other parties within five (5) business days. Where re-production of documents within five business days is not possible, the party who received the documents will provide prompt notice to all other parties and the issue will be resolved on a case-by-case basis.

19. The parties agree to identify all corporate representatives designated to testify on behalf of the corporation pursuant to Fed. R. Civ. P. 30(b)(6) at least five (5) business days prior to their deposition. If a personal deposition notice has been served upon an individual that is testifying as a corporate representative, the deposition shall take place at the same time as the 30(b)(6) deposition to which the individual was designated to testify as a corporate representative.

## III. SETTLEMENT CONFERENCE

The parties have considered the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case. The parties will continue to discuss the possibilities for settling this case.

## IV. OTHER MATTERS

A. The parties expect the trial of this matter to last **ten (10) to fifteen (15) days.**

B. Mindful of the Court's calendar, the parties jointly request that any *Markman* hearing be scheduled for a date prior to the submission of initial expert reports so that the expert reports may, to the extent possible, rely upon the Court's construction of any disputed claim terms.

C. The parties have agreed to and submitted with this report a proposed Scheduling Order, attached hereto as Exhibit A.

1. The parties have already served their initial Rule 26 disclosures.

2. The parties have already served initial sets of document requests.

D. *e*Plus agrees to identify the claims which it will assert at trial by no later than forty-five (45) days prior to trial. *e*Plus further agrees that it will assert at trial no more than twenty (20) claims. Lawson disagrees with *e*Plus's proposal and instead proposes that the Court limit *e*Plus to asserting no more than ten (10) claims of the patents-in-suit at trial and that the deadline to identify such claims be set no later than the date for service of opening expert reports.

E. The parties do not agree to proceed to trial before a magistrate judge.

F. A jury trial has been demanded.

**SO STIPULATED**

Dated: November __, 2009

Respectfully submitted,

ePLUS, INC. and

LAWSON SOFTWARE, INC.

By Counsel

/s/ Henry I. Willett, III
Henry I. Willett, III (VSB # 44655)
Craig T. Merritt (VSB # 20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

Lana S. Shiferman (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

Attorneys for Plaintiff
*e*Plus, Inc.

/s/ Dabney J. Carr, IV
Dabney J. Carr, IV (VSB # 28679)
Robert A. Angle (VSB # 37691)
**TROUTMAN SANDERS LLP**
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)

Daniel W. McDonald (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Stephen E. Noona (VSB # 25367)
**KAUFMAN & CANOLES, P.C.**
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169

Counsel for Defendant Lawson Software, Inc.

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **ePLUS INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:09cv620 (REP)** |
| **v.** | ) | |
| **LAWSON SOFTWARE, INC.,** | ) | |
| **Defendant.** | ) | |

**SCHEDULING ORDER**

Finding it in the interest of justice and otherwise reasonably necessary for the orderly and efficient administration of justice, it is hereby **ORDERED** that the schedule set forth below and in Pretrial Schedule A (attached) shall govern the progress of this action, except to the extent amended or augmented by the terms of the Initial Pretrial Order issued after the pretrial conference or by any other Order.

1. Any party which has not filed an Answer to the Complaint shall do so within **eleven (11)** days after entry of this Scheduling Order. Filing of an Answer shall not waive any previously filed motions or properly presented objections to jurisdiction or service of process.

2. Pleadings, including adding additional parties, may be filed without leave of Court on or before **December 15, 2009**. Thereafter,

pleadings may be amended only with leave of Court, and only upon a showing of good cause, unless the parties otherwise agree.

3. Within **fifty (50)** days after entry of this Order, counsel for each party, and a representative of each party with authority to conclude a settlement of this action, shall meet in person with the undersigned district judge or, if directed, with another district or magistrate judge to discuss settlement. The representative for a business entity (corporation, partnership or otherwise) must be an officer or employee not employed in the business entity's law department or general counsel's office, although such lawyers are welcome to attend with the other representative. Each counsel shall be prepared to present a cogent, brief summary of the issues of liability and damages. Counsel for each party shall be responsible to assure that the settlement conference is conducted as herein prescribed.

The Clerk is directed to send a copy of this Scheduling Order and attached Pretrial Schedule A to all counsel of record and to any party not represented by counsel.

It is SO ORDERED.

Richmond, Virginia

Date: ______________

Robert E. Payne
Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**PRETRIAL SCHEDULE A**

This Pretrial Schedule A ("Schedule A") shall govern the schedule of events in this action; and, therefore, it is incorporated into the Scheduling Order to which it is attached.

## I. GENERAL INSTRUCTIONS

### A. Conflict With Local Rules Or Federal Rules Of Civil Procedure

Because they govern events incident to trial and the control of the Court's docket, the Scheduling Orders and Pretrial Orders issued by the Court and this Schedule A shall control over any perceived conflicting Local Rule or Federal Rule of Civil Procedure, unless the party perceiving a conflict shall raise it by motion, brief it in the manner required by the Local Rules and demonstrate therein why the perceived conflicting provision of a Pretrial Order, a Scheduling Order or Schedule A should not control.

### B. Filing Deadlines And Service Of Papers

1. If any filing deadline set in this Schedule A or the Scheduling Order or a Pretrial Order falls upon a Saturday, Sunday, or holiday, service on the opposing counsel or party shall be on the last preceding business day. The papers so served shall be filed with the Clerk on the first business day following the Saturday, Sunday, or holiday. The provisions of Fed. R. Civ. P. 6 shall not apply to alter the time deadlines established by this Schedule A.

2. All filing deadlines expire at 5:00 p.m. on the applicable date, except as specifically ordered by the Court.

### C. Calculation Of The Dates

For the purpose of calculating dates, the date of trial shall not be counted.

### D. Settlement

Counsel shall notify the Court immediately of any settlement and shall submit a final order within **fifteen (15)** calendar days thereafter unless otherwise ordered by the Court. If such an order is not timely submitted, the action will be dismissed by the Court with prejudice on the basis of the representation that the action has been settled.

## II. MOTIONS

### A. Local Rule 7

Local Rule 7 shall govern the filing of motions in this action, except where otherwise stated. All hearing dates should be arranged with the secretary to the district judge.

### B. Discovery Disputes

Counsel are expected to resolve discovery disputes without filing pleadings or involving the Court. If, after good faith effort, counsel are unable to resolve disputes, they will be resolved, if at all possible, in a telephone conference without the filing of pleadings. In the unusual event that resolution of a discovery dispute requires the filing of motions, they shall be filed, briefed and heard in sufficient time to allow completion of the requested discovery by the discovery cut-off date, taking into account the time allowed for responses and replies under the Federal Rules of Civil Procedure, the Local Rules, or any other Order of the Court.

### C. Summary Judgment Motions

1. All motions for summary judgment shall be filed at the earliest possible date consistent with the requirements of the Federal Rules of Civil Procedure, but such motions shall be filed no later than **forty (40)** calendar days before the scheduled trial date.

2. A hearing, if desired, shall be scheduled to take place no later than **fifteen (15)** calendar days before trial.

### D. Motions In Limine

Motions in limine, if any, shall be filed in sufficient time, taking into account the time allowed for responses and replies, to be heard no later than **ten (10)** days before trial. At the discretion of the Court, hearings on motions in limine may be deferred until trial or until the final pretrial conference.

## III. DISCOVERY

### A. Filing Discovery

Except for good cause shown by motion under Fed. R. Civ. P. 5(d), discovery materials shall not be filed with the pleadings or papers in any case. Where specific discovery material may appropriately support or oppose a motion, the specific discovery material in question shall be appended as an exhibit to the motion, or in response thereto, without having been previously filed. Discovery material otherwise permitted to be used at trial may be properly so used, if otherwise admissible, without having been previously filed.

### B. Privilege Lists

If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work product doctrine, or any other privilege, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made, together with a brief description of the document, including the date, the author, and the identity of each recipient, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection.

### C. Close Of Discovery

All fact discovery, excluding expert discovery, including all supplementation, shall be concluded no later than **forty-five (45)** calendar days before trial.

## IV. EXPERTS

1. On or before ninety (90) days before trial, each party shall identify all persons it expects to call as expert witnesses in its case in chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint and shall serve a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

2. On or before sixty (60) days before trial, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint and shall serve a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

3. On or before forty-five (45) days before trial, each appropriate party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to Paragraph 2 and shall serve a written report complying with the requirement of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

4. Unless the Court orders otherwise for good cause shown, expert witnesses and reports not disclosed as required by Fed. R. Civ. P. 26 (a) (2) and (3) and the deadlines established herein shall not be allowed to testify or be admitted into evidence, as the case may be.

5. Only one expert per discipline is permitted, except by order of the Court.

## V. TRIAL PREPARATION PROCEDURES AND DEADLINES

### A. Written Stipulations

1. No later than **twenty-four (24)** calendar days before trial, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Unless the parties agree otherwise, this conference shall be held at the counsel's office that is closest to the courthouse.

2. Written stipulations shall be signed by each counsel and filed with the Clerk no later than **eleven (11)** calendar days prior to trial.

### B. Discovery Designations And Summaries

1. No later than **twenty-one (21)** calendar days before trial, all parties shall serve on all other counsel a list of all discovery materials, specifying the appropriate portions thereof, that the party intends to offer at trial.

2. If the designated materials include deposition testimony (whether taken by transcript, video tape, or otherwise), a brief-summary of all such designated testimony, containing citations to the page and lines of the deposition from which the summary is taken, also shall be served on all counsel. Counsel are admonished that, as officers of the Court, they are obligated to submit summaries that are fair and accurate. Summaries are to be served for both jury and non-jury trials.

3. No later than **fourteen (14)** calendar days before trial, all parties shall serve on all counsel, a list of all "fairness" or rebuttal designations and amended summaries, as appropriate.

4. No later than **eleven (11)** calendar days before trial, any objection to the introduction of any designation or parts thereof or any summary shall be filed by each of the parties in writing with the Clerk. Such objection shall be deemed to have been waived if not timely filed.

5. No later than **nine (9)** calendar days before trial, counsel shall confer to resolve objections to discovery designations. If objections are not resolved, they shall be determined at the Final Pretrial Conference. It shall be the responsibility of the objecting party to file the specific discovery designation or summary with the party's objections thereto. All such documents shall be clearly marked, indexed, and easily reviewable. The party offering the designated discovery shall be responsible for: (I) conforming it to the agreement reached by the parties or to the rulings on the objections; (ii) filing the conformed version; and (iii) providing opposing counsel, the Clerk, and the Court with a conformed set of all designated discovery five (5) calendar days before trial.

6. All summaries of deposition testimony to which no objection has been made shall be filed with the Clerk, with a copy delivered to the Court, no later than two (2) calendar days before trial.

7. This paragraph on designations shall not apply to discovery materials that will be used at trial solely in crossexamination or for impeachment.

**C. Witness Lists**

1. On or before **eighteen (18)** calendar days before trial, **plaintiff** shall file a list of all witnesses intended to be called at trial.

2. On or before **sixteen (16)** calendar days before trial, **defendant** shall file a corresponding list of all witnesses intended to be called at trial.

3. A copy of each subpoena issued for a witness' attendance at trial shall be filed with the Clerk. No witness who has been subpoenaed may be excused except by leave of court or if the witness has not testified at trial, with the consent of all parties.

4. Failure to comply with the provisions of this section will, in the absence of exceptional circumstances, result in preclusion of the testimony of the witness and/or sanctions.

D. **Exhibits**

1. On or before **eighteen (18)** calendar days before trial, **plaintiff** shall file with the Clerk a list of proposed exhibits.

2. On or before **sixteen (16)** calendar days before trial, **defendant** shall file with the Clerk a list of proposed exhibits.

3. Any exhibit not listed and timely filed will not be admitted at trial unless used solely for impeachment or rebuttal purposes. Counsel are admonished that the filing of exhibits deemed by the Court to be unnecessary to a just disposition of the case may be found to be violative of 28 U.S.C. § 1927 and the filing of unnecessary exhibits will be the basis for sanctions.

4. A set of exhibits shall be delivered to the opposing party on the date the serving party's exhibit list is filed with the Clerk.

5. Exhibits shall be arranged in a notebook, with each exhibit marked and individually tabbed. Each exhibit notebook should contain an index identifying each exhibit by number and with a short neutral description.

6. **Objections** to exhibits shall be filed with the Clerk **twelve (12)** calendar days before trial. Any exhibit to which no objection is made shall be admitted without further action.

7. If counsel so desire, exhibit notebooks may also be provided for each juror. No exhibit or photograph shall be shown to

the jury unless a separate copy thereof is available for each juror or is of such a size as to be easily seen from the jury box.

8. On the day before the trial, each party shall deliver to the Clerk two sets of pre-marked, indexed exhibits (one for the judge; and one for the witness).

9. Exhibits as to which objections are taken shall be brought to the Final Pretrial Conference.

**E. Jury Instructions**

1. If this action is to be tried by a jury, each party shall file a complete set of proposed jury instructions with the Clerk on or before **ten (10)** calendar days before trial. Objections to instructions shall be filed in writing **seven (7)** calendar days before trial. Each party shall file a proposed jury verdict form with its instructions.

2. Counsel shall make every effort to resolve objections, to consolidate jury instructions, and to tender an agreed set of instructions to the Court. **Four (4)** calendar days before trial, counsel for the plaintiff shall file (a) a set of all instructions as to which the parties are in agreement; and (b) a separate set of instructions as to which there remains a dispute, and, with respect to each such instruction, shall briefly state the points on which the parties are still in dispute.

3. Instructions shall be filed as a group with a cover page in pleading form and with a certificate of service at the end. Each instruction shall be set forth on a separate page, shall be numbered and identified by the party submitting it (e.g.. "P-1» or "D-1") and the original shall bear at its foot a citation of authority supporting the instruction.

**F. Findings Of Fact And Conclusions Of Law**

1. If this action will not be tried by a jury, each party shall file with the Clerk proposed findings of fact and conclusions of law not later than **ten (10)** calendar days before trial.

2. The proposed findings of fact and conclusions of law shall be in numbered paragraphs. Conclusions of law shall cite authority.

**G. Voir Dire**

Any proposed voir dire questions shall be filed with the Clerk and delivered to opposing counsel not later than **seven (7)**

calendar days before trial. Objections to voir dire questions shall be filed **three (3)** calendar days before trial.

**H. *Markman* Hearing**

[To be determined.]

**I. Other items**

1. By December 18, 2009, the Plaintiff shall file a statement identifying, for each Defendant the product, products, or part thereof, that are accused of infringement, and, for each such product or part thereof, shall identify which claim or claims of which patent is infringed and how such product or part thereof infringes each such claim.

2. By December 29, 2009, the Plaintiff shall set forth a claim chart, patent by patent, claim by claim, including the specific functionality at issue within each accused product, shall identify all claim constructions issues, and all claim terms believed to be at issue and, shall provide for each term the Plaintiff's proposed definition; by January 11, 2010 the Defendant shall file responsive claim charts.

3. Plaintiff proposes that by December 4, 2009, the Defendant shall file a list of all prior art on which it relies, including a citation by Bates number of any documents produced relating to each such prior art reference, and a complete and detailed explanation of what it alleges that each listed prior art reference shows in claim chart form on an element-by-element, claim-by-claim basis and how that prior art invalidates the claims asserted by plaintiff. Defendant proposes that the date for service of these contentions be set at the same date as its responsive claim charts, January 11, 2010.

4. By December 4, 2009, the parties shall exchange lists of claim terms requiring construction by the Court.

5. By December 9, 2009, the parties shall meet and confer in an effort to narrow the list of claim terms requiring construction by the Court.

6. By December 16, 2009, each side shall serve a statement of the interpretation it proposes for each claim term in dispute.

7. The parties have already served their initial Rule 26 disclosures.

8. The parties have already served initial sets of document requests.

**J. Additional Modifications**

Any additional proposed modifications to the Scheduling Order and Pretrial Schedule A shall be submitted to the Court for its consideration on or before November 17, 2009, in the form of a proposed Pretrial Schedule B.



CHRISTIAN & BARTON, LLP
ATTORNEYS AT LAW

CRAIG T. MERRITT
Direct Dial: 804.697.4128
Direct Fax: 804.697.6128
E-mail: cmerritt@cblaw.com

November 12, 2009

To Clerk
To file

**BY HAND DELIVERY**
The Honorable Robert E. Payne, Judge
United States District Court
Eastern District of Virginia
701 East Broad Street, 7th Floor
Richmond, Virginia 23219

**Re:** ***ePlus, Inc. v. Lawson Software, Inc.***
**Case No. 3:09cv620**

Not Used
To Be Revised

Dear Judge Payne:

Enclosed please find a courtesy copy of the Joint Discovery Plan, with proposed Scheduling Order, which was filed electronically today in the above referenced matter as docket entry 114.

Please do not hesitate to contact me, should there be any questions regarding the enclosed.

Sincerely,

Craig Merritt

Craig T. Merritt

CTM/svb
Enclosure

cc: Scott L. Robertson, Esquire (*via e-mail w/o enclosure*)
Jennifer A. Albert, Esquire (*via e-mail w/o enclosure*)
Dabney J. Carr, IV, Esquire (*via e-mail w/o enclosure*)
Daniel W. McDonald, Esquire (*via e-mail w/o enclosure*)
Stephen E. Noona, Esquire (*via e-mail w/o enclosure*)
Henry I. Willett, III, Esquire

#1000171

