IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| *e*PLUS, INC., ) | |
| ) | |
| ) | Civil Action No. 3:09cv620 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT
LAWSON SOFTWARE, INC.'S MOTION TO STAY PROCEEDINGS IN LIGHT OF
REEXAMINATIONS OF PATENTS-IN-SUIT**

Pursuant to the Court's Order, Defendant Lawson Software, Inc. ("Lawson") submits this supplemental memorandum in support of its motion to stay the litigation proceedings brought by Plaintiff ePlus, Inc. ("ePlus"). (Dkt. No. 32.)

**I.    INTRODUCTION**

A number of events refuting ePlus' opposition to a stay have occurred since Lawson and ePlus filed their initial briefs. First, the U.S. Patent and Trademark Office ("PTO") not only granted Lawson's request for reexamination of U.S. Patent No. 6,505,172 ("the '172 patent"), but also rejected all the claims of the '172 patent. Second, Lawson filed a request for reexamination of all the claims of U.S. Patent No. 6,055,516 ("the '516 patent") based on the same prior art that lead the PTO to finally reject claims of U.S. Patent No. 6,023,683 ("the '683 patent') and to initially reject all the claims of the '172 patent. This means all three patents-in-suit are now in the reexamination process. And third, Perfect Commerce, Inc. ("Perfect Commerce"), SciQuest, Inc. ("SciQuest"), and Verian Technologies, Inc. ("Verian") settled and took licenses with ePlus,
.

eliminating ePlus' concerns that these previous co-defendants were not estopped by the reexamination results and undercutting ePlus' argument that it is prejudiced by delaying a potential injunction in the case. These events moot many of the arguments raised by ePlus in opposing a stay and further support a stay under the applicable legal standard.

I.   SUPPLEMENTAL BACKGROUND

   A.   The PTO Has Rejected All the Claims of the '172 Patent and All the Method Claims of the '683 Patent

At the time of the initial briefs addressing the motion to stay, Lawson had filed a request for reexamination of the '172 patent. On October 23, 2009, the PTO has granted the request. (Ex. A.)[1] On the same day, the PTO also initially rejected all the claims of the '172 patent as anticipated and rendered obvious by six prior art publications: U.S. Patent No. 6,963,551 ("the '551 patent"); U.S. Patent No. 5,712,989 ("the '989 patent"); "A Practical Guide to SABRE Reservations and Ticketing" ("the SABRE Practical Guide"); "J-CON Manual, Volume I" ("the J-CON Manual"); "P.O. Writer Plus V.10 Manual" ("the P.O. Writer Manual"); and "Gateway 2000/MRO Version Manual" ("the Gateway Manual"). (Ex. B.) Other than the two patents, these are the same prior art references the PTO used to reject all the claims at issue in the '683 patent reexamination. (Ex. C.)

   B.   Lawson Has Filed a Request for Reexamination of All the Claims of the '516 Patent Based on the Same Prior Art Used to Reject the Claims of the '172 and '683 Patents

On November 12, 2009, Lawson filed a request for *ex parte* reexamination of all the claims of the '516 patent. (Ex. D.) The request includes five of the six prior art references used by the PTO to reject the claims of the '172 and '683 patents: the '989 patent; the SABRE Practical

---

[1] Unless otherwise noted, Ex. __ refers to exhibits attached to the Declaration of Joshua P. Graham in Support of Defendant Lawson Software Inc.'s Motion to Stay Proceedings in Light of Reexaminations of Patents-in-Suit, filed herewith.

2

Guide; the J-CON Manual; the P.O. Writer Manual; and the Gateway Manual. (*Id.*) The request also includes three other prior art references: U.S. Patent No. 5,319,542 ("the '542 Patent"); the "IBM Technical Viewer/2 General Information Manual" ("the TV/2 Manual"); and "IBM Technical Viewer/2" brochure ("the TV/2 Brochure"). Lawson is awaiting action on this request, but given the close relationship between the '516, '172 and '683 patents, it is likely this request will also be granted.

### C. ePlus Settled with Lawson's Co-Defendants

ePlust originally filed this lawsuit against four parties: Perfect Commerce, SciQuest, Lawson, and Verian. (Dkt. No. 1 at 1.) Perfect Commerce, SciQuest, and Verian have all settled and taken licenses with ePlus and are no longer part of this case. (*See* Dkt Nos. 55, 71 & 80.) Therefore, ePlus has apparently resolved every infringement dispute it has had by licensing the accused infringer. This leaves at least five licensees in the marketplace today: Ariba, SAP, Perfect Commerce, Verian, and Sciquest. (*See* Dkt. No. 47 at 7 (indicating that ePlus has licensed Ariab and SAP).)

## I. SUPPLEMENTAL ARGUMENTS

### A. Recent Events Moot ePlus' Arguments Opposing a Stay

ePlus raised several arguments in opposing a stay of this litigation. These arguments disputed whether the reexaminations would narrow the issues and claimed prejudice due to the possibility that ePlus may delay or lose its chance for an injunction against Lawson. Recent events show that each of these objections to a stay has weakened.

#### 1. Recent Events Further Simplify the Infringement Issues

ePlus previously contended that a stay will not simplify this case because "[c]urrently, only 20 out of 79 claims total in the three patents-in-suit are under reexamination." (Pl.s Br. in

3

Opp'n to Mot. to Stay at 3 (Dkt. No. 49).) Based on recent events, 25 of the 79 claims (including all five claims of the '172 patent) stand rejected by the PTO. Moreover, in the likely event that Lawson's recent request for reexamination of the '516 patent is granted, 54 of the 79 will be subject to reexamination. The only claims that will not be in reexamination are the means-plus-function claims of the '683 patent, which SAP did not seek to reexamine because the Court found no infringement of those narrow claims as a matter of law. *See ePlus, Inc. v. SAP Americas, Inc.*, No. 05-281 (E.D. Va.) (Dkt No. 233).[2] The request for reexamination of the '516 patent is based on the same prior art that the PTO used to reject all the claims of the '683 and '172 patents in reexamination. The '516 patent shares common specifications, file histories, and figures with the '683 and '172 patent. Accordingly, it is likely that '516 patent claims will share the fate of the rejected '683 and '172 patent claims.

### 2. ePlus' Settlement with Lawson's Co-Defendants Eliminates the Concern that the Do-Defendants Are Not Bound by the Reexamination Results

ePlus argued that the *inter partes* reexamination of the '172 patent would only estop the requestor (Lawson) from raising similar prior art attacks, while the other defendants (Perfect Commerce, SciQuest, and Verian) would have been free to assert the same prior art. (Dkt. 49 at 4.) Given that Lawson is now the only defendant, the concern is gone that estoppel applicable to Lawson could be evaded by the co-defendants. 35 U.S.C. § 315(c) (estoppel provision applicable to third-party requester of *inter partes* reexaminations).

Because the filing dates of the '683 and '516 patent were prior to November 29, 1999, the only type of reexamination Lawson could have requested was *ex parte*. 37 C.F.R. § 1.913. As a result, the estoppel provision of 35 U.S.C. § 315(c) does not apply to Lawson regarding the '516

---

[2] The summary judgment order was later vacated on unopposed motion after ePlus and SAP settled. *ePlus, Inc. v. SAP Americas, Inc.*, No. 05-281 (E.D. Va.) (Dkt No. 388).

or '683 patents.  However, Lawson will ensure that all three reexaminations narrow the issues and will address any concerns that the results of the reexaminations of the '516 and '683 patents will fail to preclude Lawson from reasserting the same prior art.  Specifically, Lawson would agree, if and only if a stay is granted pending the outcome of the three reexamination, to be estopped by the results of the reexaminations of the '516 and '683 patens as if they were subject to 35 U.S.C. §315 (c).  This ensures, contrary to ePlus' concern, that the reexaminations will truly narrow the issues.

Lawson does not expect that estoppel will be a problem.  Every claim of the ePlus patents considered by the PTO to date has been rejected.  No claim has been allowed.  Should the current state of affairs indicate where the reexamination process will end, estoppel will be a non-issue for Lawson because none of ePlus' patent claims will survive the reexaminations.  Nevertheless, Lawson's proposal will ensure the issues are narrowed regardless of the outcomes of the reexaminations.

### 3.     ePlus' Willingness to License All Settling Accused Infringers Undercuts ePlus' Claims of Irreparable Harm

ePlus argues that "a stay would effectively deprive ePlus of its remedy of injunctive relief . . . ."  (Dkt. No. 49 at 5.)  ePlus's expectation of injunctive relief has been severely undercut by its licensing policy.  Similarly, its potential harm from a delay in a potential injunction seems minimal when it has failed to require any accused infringer to stop using its technology.  Previously, ePlus granted licenses for the patents-in-suit to both Ariba and SAP, the defendants in its prior cases.  (Decl. of Harry F. Manbeck at ¶ 9 (Dkt. No. 47-4).)  Recently, ePlus has also granted licenses to Lawson's former co-defendants, Perfect Commerce, SciQuest, and Verian.

ePlus' willingness to license severely undercuts ePlus' claim that it would suffer irreparable harm from a delay in litigating Lawson's alleged infringement.  Moreover, ePlus's

5

settlement history shows that money damages fully compensate it for the purported infringement, eliminating the need for an injunction. *Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc¸* 579 F. Supp. 2d 554, 560-61 (D. Del. 2008) (denying request for permanent injunction against a direct competitor in light of patentee's "willingness to forego its patent rights for compensation"); *see eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (four-factor test for injunctive relief requires showing irreparable harm and that money damages are inadequate). ePlus' willingness to license five accused infringers shows that its claim to need an injunction to avoid irreparable harm rings hollow.

### B. A Stay Remains Warranted Under the Applicable Legal Standard

As stated in Lawson's previous memoranda in support of the motion to stay, three factors should be considered in determining whether to stay litigation pending a patent reexamination: (1) whether discovery is complete and a trial date is scheduled; (2) whether a stay would simplify the matters at issue; and (3) whether a stay would unduly prejudice or clearly disadvantage the non-moving party. (Dkt No. 33 at 6 (citing *NTP, Inc. v. Palm, Inc.*, No. 06-836, 2007 U.S. Dist. LEXIS 97141, at *2, *7 (E.D. Va. Mar. 22, 2007)).)

#### 1. This Case Has Not Reached the Expert or Summary Judgment Stage, and Thus Would Benefit from a Stay

Lawson filed the motion to stay on July 14, 2009, less than two months after ePlus filed its complaint. At that time, discovery had just begun and a trial date had not been set. A trial date has now been set, but is still seven months away, and discovery does not close for another four months. (Dkt Nos. 117 & 121.)

Additionally, a substantial number of other litigation checkpoints have not been crossed. No briefing on claim construction or dispositive motions have been filed, and there have been no expert reports or depositions. Granting a stay now will allow the parties to save significant

litigation expenses and avoid wasted effort litigating claims of the patents that are likely to be rejected or changed before they emerge from reexamination. *See Research in Motion Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008) (applying the same factors provided in *NTP* and granting a stay because, *inter alia*, ""no briefing on claim construction or dispositive motions have been filed"); *see Donnelly Corp. v. Guardian Indus. Corp.*, No. 05-74444, 2007 U.S. Dist. LEXIS 78055, at *19 (E.D. Mich Oct. 22, 2007) (applying the same factors provided in *NTP* and granting a stay because, *inter alia*, " all of the expensive activity for experts and *Markman* has not yet begun, and it does not make sense to begin it with a reexamination pending"). As multiple courts have recognized, "[i]t would be a serious waste of both the parties' and the Court's resources if the *Markman* and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceeding." *Donnelly*, U.S. Dist. LEXIS 78055, at *19; *Softview Computer Prods, Corp. v. Haworth, Inc.*, No. 97-8815, 2000 U.S. Dist. LEXIS 11274, at 9 (S.D.N.Y. Aug. 10, 2000).

### 2. A Stay Would Not Prejudice ePlus, While Denial of the Stay Would Prejudice Lawson

The minimal prejudice to ePlus does not outweigh the benefits of a stay. In *NTP*, the plaintiff opposing a stay pending a patent reexamination argued, as ePlus argues, that a stay would remove the possibility of an injunction. 2007 U.S. Dist. LEXIS 87141, *9-*10. Judge Spencer was sympathetic to the arguments, but ruled the loss of the possibility of an injunction does not justify the maintenance and expense of a lawsuit during reexamination. *Id.* at *10. Similarly, in this case, the reexaminations are likely to remove many of the claims-at-issue. Continuing to litigate this case for claims which in many cases now stand rejected by the PTO builds continued case preparation on a house of cards.

Continuing the case now may also unfairly prejudice Lawson at trial. ePlus will, no doubt, urge before the jury that it should benefit from the presumption of validity due to the PTO's consideration of the patents in suit. *See* 35 U.S.C. § 282. The reality is that the PTO has rejected its own allowance of the reexamined claims of the '683 and '172 patents. Lawson will be prejudiced by the likely effort on ePlus' part to depict the patents as approved by the PTO, when the reality is that they are on life support as a result of the reexamination by the PTO to date.

Furthermore, ePlus claims irreparable harm from delay because it and its licensees will have to compete against Lawson if a stay is granted. However, "irreparable harm" to a licensee, to the extent there is any, is irrelevant. *Voda v. Cordis Corp.*, 536 F.3d 1311, 1329 (Fed. Cir. 2008). ePlus's liberal licensing of the patents-in-suit negates its pleas of irreparable harm. *Advanced Cardiovascular*, 579 F. Supp. 2d at 560-61 (denying request for permanent injunction against a direct competitor in light of patentee's "willingness to forego its patent rights for compensation"). ePlus provides no argument why competition from Lawson would create irreparable harm where competition from five licensees, including two of the largest e-procurement software companies operating in the United States, would not. (*See* Dkt. No. 47 at 7 (ePlus referring to Ariba and SAP of two of the largest e-procurement software companies operating in the United States).).

## IV. CONCLUSION

Events that occurred since Lawson and ePlus filed their initial memoranda addressing the motion to stay support granting the motion. Two-thirds of the asserted patent claims are now subject to at least a request for reexamination. All claims actually considered on the merits during the reexamination process stand rejected. None have been found allowable or patentable.

8

The additional reexamination of the '516 patent and first office action rejecting the '172 patent claims, coupled with Lawson's agreement to be subject to the estoppel provision of 35 U.S.C. § 315(c) as to all three reexaminations if the requested stay is granted, proves that a stay will narrow any remaining issues for trial. There may be few claims left to try, given that the PTO has yet to allow a claim it has reconsidered. Even if ePlus survives the reexamination process with claims it can assert against Lawson, the case will be narrowed because the prior art arguments considered in the reexaminations will not be asserted in the litigation. Moreover, the case can then be litigated on the appropriate claims—the ones that, upon review, the PTO allows.

ePlus' licensing of the former co-defendants in this case shows two things. One, ePlus' argument that the co-defendants may reargue the invalidity arguments raised in reexam is now moot. Two, the prejudice to ePlus from delaying its opportunity for an injunction is between minimal and non-existent. ePlus' willingness to license shows it is not irreparably harmed by any delay and significantly reduces the likelihood it would be entitled to an injunction. Moreover, expert disclosures have not yet even begun, and much of the substance of the case remains to be done. Allowing ePlus to try the case and tout the presumption of validity when the PTO has already shown that presumption is inappropriate will prejudice Lawson. Accordingly, Lawson respectfully maintains its request that the Court stay further proceedings in this litigation pending completion of the reexamination proceedings for each of the patents-in-suit.

Dated:  November 19, 2009                    LAWSON SOFTWARE, INC.


By:_____
    Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
**Troutman Sanders LLP**
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

## CERTIFICATE OF SERVICE

I certify that on this 19th day of November, 2009, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Shirley Sperling Paley
James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
spaley@goodwinprocter.com
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

                                                     /s/
                            Dabney J. Carr, IV (VSB No. 28679)
                            Robert A. Angle (VSB No. 37691)
                            dabney.carr@troutmansanders.com
                            robert.angle@troutmansanders.com
                            **Troutman Sanders LLP**
                            1001 Haxall Point
                            Richmond, VA 23219
                            Telephone: (804) 697-1200
                            Facsimile: (804) 697-1339
                            *Counsel for Defendant Lawson Software, Inc.*