# EXHIBIT 1

## U.S. Patent No. 6,023,683

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| 1. An electronic sourcing system comprising: | 35 U.S.C. § 101<br>Claim 1 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification of the '683 patent does not enable claim 1 because the specification does not enable the full scope of at least one element of claim 1. See below for a discussion of the individual elements.<br><br>The specification of the '683 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 1 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>35 U.S.C. § 112 ¶ 2<br>Claim 1 is directed to indefinite subject matter because at least one limitation of claim 1 is indefinite. See below for a discussion of the individual elements.<br><br>35 U.S.C. § 102/§ 103<br>Lawson software available prior to August 10, 1994 renders claim 1 obvious either alone or in combination with the other prior art cited.<br><br>The Fisher RIMS system anticipates claim 1 and renders claim 1 obvious either alone or in |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | combination with the other prior art cited. The Fisher RIMS is an electronic sourcing system. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 renders claim 1 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,319,542 discloses an electronic sourcing system. Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 1 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,694,551 discloses an electronic sourcing system. Abstract (ePLUS0137969).<br><br>The P.O. Writer system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. The P.O. Writer system is an electronic sourcing system. (L0126506).<br><br>The SABRE system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. The SABRE system is an electronic sourcing system. (L0125236).<br><br>The J-CON system renders claim 1 obvious either alone or in combination with the other prior art cited. The J-CON system is an electronic sourcing system. (L0123423).<br><br>The Gateway system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. The Gateway system is an electronic sourcing system. (L0127643).<br><br>The IBM TV/2 system renders claim 1 obvious either alone or in combination with the other prior art cited. The IBM TV/2 system is an electronic sourcing system. (L0132126). |
| at least two product catalogs containing data relating to | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as "catalogs" are not necessarily |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| items associated with the respective sources; | electronic catalogs (depending on the construction) and, in any event, storage of electronic catalogs on a computer would be insignificant extra-solution activity.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "the respective sources" is indefinite. It lacks an antecedent basis and an indication as to what the sources are respective. The limitation could, for example, mean the sources are with respect to items in each catalog, or could mean sources are with respect to groups of items in the catalogs, or with respect to whole catalogs.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system electronically stored organized collections of data related to items from multiple third party suppliers and distributors, including at least a Part Master Table and a Cross Reference Table. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates at least three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs. (L0132126). |
| means for selecting the product catalogs to search; | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system used criteria associated with the databases to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).<br><br>U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search. Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID. (L0126501 & L0126944-46).<br><br>The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines. (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name. (L0127660). |
| means for searching for matching items among the | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| selected product catalogs; | specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. This is insufficient support to show possession of the invention.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. The only discussion in the specification of how this function is performed indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. However, concatenate has been construed "simply to mean that the selected catalogs are searched as a group" and as not necessarily requiring the selected catalogs to be joined. (Markman Order at 12 (Dkt. No. 229 from *ePlus, Inc. v. Ariba, Inc.*, No. 04-612)). Unless a different definition of concatenate is adopted which includes sufficient structure, "concatenate" fails to provide any structure corresponding to this limitation.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924).<br><br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694). |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| means for building a requisition using data relating to selected matching items and their associated source(s); | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected. |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | 35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741). An order could be created from items retrieved from the database by item number. (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information from multiple sources. U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items. Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR). (L0125235-45).<br><br>The J-CON system enabled a user to select items to add to a requisition (ticket). (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition. (L0127659 & L0127675). |
| means for processing the requisition to generate one or more purchase orders for the selected matching items; and | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | structure in the specification. Nowhere in the specification is there a description of a means for generating more than one purchase order for a single requisition. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions. (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders. U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col. 18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders. Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4. (L0126950). Requisitions including items purchased from different vendors were split into different purchase orders by vendor. (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale. (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically. (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order. (L0127697 & L0127710). |
| means for determining whether | 35 U.S.C. § 101 |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| a selected matching item is available in inventory. | This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The term "inventory" is indefinite. The limitation lacks an indication as to which inventory is being referenced.<br><br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for determining whether an item is in inventory. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).<br><br>The Fisher RIMS system included a code that limited item searches to particular Distributor warehouses and backordered if the item was not found. U.S. Pat. No. 5,712,989 at col. 22:36-47 (ePLUS0137701).<br><br>U.S. Patent No. 5,694,551 discloses the determining which items are backordered, i.e. not available |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | in inventory. Fig. 11 (ePLUS0137980).<br><br>The P.O. Writer included an inventory Control Module that enabled tracking of on-hand inventory balances. (L0126633).<br><br>The SABRE system enabled a user to determine the availability of flights. (L0125267).<br><br>The J-CON system enabled a user to determine whether and how many of a particular item was available in stock. (L0123608 & L0123612).<br><br>The Gateway system enabled a user to determine whether a particular item was available in stock. (L0127659). |
| 3. An electronic sourcing system comprising: | 35 U.S.C. § 101<br>Claim 3 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification of the '683 patent does not enable claim 3 because the specification does not enable the full scope of at least one element of claim 3. See below for a discussion of the individual elements.<br><br>The specification of the '683 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 3 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>35 U.S.C. § 112 ¶ 2 |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | Claim 3 is directed to indefinite subject matter because at least one limitation of claim 3 is indefinite. See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Lawson software available prior to August 10, 1994 renders claim 3 obvious either alone or in combination with the other prior art cited.<br><br>The Fisher RIMS system anticipates claim 3 and renders claim 3 obvious either alone or in combination with the other prior art cited. The Fisher RIMS is an electronic sourcing system. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 renders claim 3 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,319,542 discloses an electronic sourcing system. Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 3 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,694,551 discloses an electronic sourcing system. Abstract (ePLUS0137969).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system anticipates claim 3 and renders claim 3 obvious either alone or in combination with the other prior art cited. The P.O. Writer system is an electronic sourcing system. (L0126506).<br><br>The SABRE system anticipates claim 3 and renders claim 3 obvious either alone or in combination with the other prior art cited. The SABRE system is an electronic sourcing system. (L0125236). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The J-CON system renders claim 3 obvious either alone or in combination with the other prior art cited. The J-CON system is an electronic sourcing system. (L0123423).<br><br>The Gateway system renders claim 3 obvious either alone or in combination with the other prior art cited. The Gateway system is an electronic sourcing system. (L0127643).<br><br>The IBM TV/2 system renders claim 3 obvious either alone or in combination with the other prior art cited. The IBM TV/2 system is an electronic sourcing system. (L0132126). |
| at least two product catalogs containing data relating to items associated with the respective sources; | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as "catalogs" are not necessarily electronic catalogs (depending on the construction) and, in any event, storage of electronic catalogs on a computer would be insignificant extra-solution activity.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The phrase "the respective sources" is indefinite. It lacks an antecedent basis and an indication as to what the sources are respective. The limitation could, for example, mean the sources are with respect to items in each catalog, or could mean sources are with respect to groups of items in the catalogs, or with respect to whole catalogs.<br><br><u>35 U.S.C. § 102/§ 103</u><br>The Fisher RIMS system electronically stores organized collections of data related to items from multiple third party suppliers and distributors, including at least a Part Master Table and a Cross Reference Table. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates at least three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | ePLUS130302).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236).<br><br>The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs. (L0132126). |
| means for selecting the product catalogs to search; | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system used criteria associated with the databases to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).<br><br>U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search. Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID. (L0126501 & L0126944-46). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines. (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name. (L0127660). |
| means for searching for matching items among the selected product catalogs; | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. This is insufficient support to show possession of the invention.<br><br>35 U.S.C. § 112 ¶ 2<br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. The only discussion in the specification of how this function is performed indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. However, concatenate has been construed "simply to mean that the selected catalogs are searched as a group" and as not necessarily requiring the selected catalogs to be joined. (Markman Order at 12 (Dkt. No. 229 from *ePlus, Inc. v. Ariba, Inc.*, No. 04-612)). Unless a different definition of concatenate is adopted which includes sufficient structure, "concatenate" fails to provide any structure corresponding to this limitation.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | data file information. (L0015617). Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924).<br><br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | |
| means for building a requisition using data relating to selected matching items and their associated source(s); | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741). An order could be created from items retrieved from the database by item number. (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information from multiple sources. U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items. Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR). (L0125235-45).<br><br>The J-CON system enabled a user to select items to add to a requisition (ticket). (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition. (L0127659 & L0127675). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | |
| means for processing the requisition to generate one or more purchase orders for the selected matching items; and | <u>35 U.S.C. § 101</u><br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for generating more than one purchase order for a single requisition. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions. (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders. U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col. 18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders. Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4. (L0126950). Requisitions including items purchased from different vendors were split into different purchase orders by vendor. (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale. (L0125307). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The J-CON system could be configured to process purchase orders manually or automatically. (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order. (L0127697 & L0127710). |
| means for converting data related to a selected matching item and an associated source to data relating to an item and a different source. | <u>35 U.S.C. § 101</u><br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. Nowhere in the specification supporting the claims is the function of "converting data related to a selected matching item and an associated source to data relating to an item and a different source" identified or described. The word "converting" is not even found. "[S]tructure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim." The '683 specification lacks such a clear link or association, and therefore the claim is invalid under 35 U.S.C. §112.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).<br><br>The Fisher RIMS system used cross-reference tables to associates items from different catalogs. U.S. Pat. No. 5,712,989 at col. 3:32-36 & 33:52 – 34:67 (ePLUS0137692 & ePLUS0137707).<br><br>U.S. Patent No. 5,319,542 discloses accessing multiple catalogs. Col. 2:20-26, col. 7:50-52 & col. 8:34-36 (ePLUS0130302 & ePLUS130305). Generally equivalent items can be displayed simultaneously. Col. 2:20-26 (ePLUS0130302). Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog. Col. 7:36-38 (ePLUS130305).<br><br>During Purchase Order generation on the P.O. Writer system, the vendor listed on the requisition could be automatically converted to different vendors. (L012976-80).<br><br>The SABRE system created a list of items having similar criteria to the selected item. (L0125296).<br><br>The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange. (L0123625). |
| 6. An electronic sourcing system comprising: | 35 U.S.C. § 101<br>Claim 6 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification of the '683 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | order list located as a result of a database search. See, e.g., Summary of Invention. Claim 6 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>Claim 6 is directed to indefinite subject matter because at least one limitation of claim 6 is indefinite. See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Lawson software available prior to August 10, 1994 anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited.<br><br>The Fisher RIMS system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited. The Fisher RIMS is an electronic sourcing system. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 renders claim 6 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,319,542 discloses an electronic sourcing system. Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 6 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,694,551 discloses an electronic sourcing system. Abstract (ePLUS0137969).<br><br>The P.O. Writer system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited. The P.O. Writer system is an electronic sourcing system. (L0126506).<br><br>The SABRE system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited. The SABRE system is an electronic sourcing system. (L0125236). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The J-CON system renders claim 6 obvious either alone or in combination with the other prior art cited. The J-CON system is an electronic sourcing system. (L0123423).<br><br>The Gateway system renders claim 6 obvious either alone or in combination with the other prior art cited. The Gateway system is an electronic sourcing system. (L0127643).<br><br>The IBM TV/2 system renders claim 6 obvious either alone or in combination with the other prior art cited. The IBM TV/2 system is an electronic sourcing system. (L0132126). |
| a database containing data relating to items associated with at least two sources; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as "database" is not necessarily an electronic compilation of data and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of Lawson's Purchase Order Module enabled a user to associate items with multiple vendors. (L0013209-10, L0013286, L0015703-07).<br><br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236).<br><br>The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs. (L0132126). |
| means for searching for matching items in the database; | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. The only discussion in the specification of how this function is performed indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. However, concatenate has been construed "simply to mean that the selected catalogs are searched as a group" and as not necessarily requiring the selected catalogs to be joined. (Markman Order at 12 (Dkt. No. 229 from *ePlus, Inc. v. Ariba, Inc.*, No. 04-612)). Unless a different definition of concatenate is adopted which includes sufficient structure, "concatenate" fails to provide any structure corresponding to this limitation.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | data file information. (L0015617). Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924).<br><br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | |
| means for building a requisition using data relating to selected matching items and their associated source(s); | <u>35 U.S.C. § 101</u><br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741). An order could be created from items retrieved from the database by item number. (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information from multiple sources. U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items. Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR). (L0125235-45).<br><br>The J-CON system enabled a user to select items to add to a requisition (ticket). (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition. (L0127659 & L0127675). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | |
| means for processing the requisition to generate one or more purchase orders for the selected matching items; and | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for generating more than one purchase order for a single requisition. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions. (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders. U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col. 18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders. Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4. (L0126950). Requisitions including items purchased from different vendors were split into different purchase orders by vendor. (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale. (L0125307). |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | The J-CON system could be configured to process purchase orders manually or automatically. (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order. (L0127697 & L0127710). |
| means for converting data relating to a selected matching item and an associated source to data relating to an item and a different source. | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected. Also, the specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. Nowhere in the specification supporting the claims is the function of "converting data related to a selected matching item and an associated source to data relating to an item and a different source" identified or described. The word "converting" is not even found. "[S]tructure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim." The '683 specification lacks such a clear link or association, and therefore the claim is invalid under 35 U.S.C. §112.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | were not available. (L0012942).<br><br>The Fisher RIMS system used cross-reference tables to associates items from different catalogs. U.S. Pat. No. 5,712,989 at col. 3:32-36 & 33:52 – 34:67 (ePLUS0137692 & ePLUS0137707).<br><br>U.S. Patent No. 5,319,542 discloses accessing multiple catalogs. Col. 2:20-26, col. 7:50-52 & col. 8:34-36 (ePLUS0130302 & ePLUS130305). Generally equivalent items can be displayed simultaneously. Col. 2:20-26 (ePLUS0130302). Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog. Col. 7:36-38 (ePLUS130305).<br><br>During Purchase Order generation on the P.O. Writer system, the vendor listed on the requisition could be automatically converted to different vendors. (L012976-80).<br><br>The SABRE system created a list of items having similar criteria to the selected item. (L0125296).<br><br>The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange. (L0123625). |
| 26. A method comprising the steps of: | 35 U.S.C. § 101<br>Claim 26 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification of the '683 patent does not enable claim 26 because the specification does not enable the full scope of at least one element of claim 26. See below for a discussion of the individual elements.<br><br>The specification of the '683 patent shows that the invention requires transmission of information |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 26 does not, however, recite transmitting information and therefore fails the written description and enablement requirements.<br><br>35 U.S.C. § 112 ¶ 2<br>Claim 26 is directed to indefinite subject matter because at least one limitation of claim 26 is indefinite. See below for a discussion of the individual elements.<br><br>35 U.S.C. § 102/§ 103<br>Lawson software available prior to August 10, 1994 renders claim 26 obvious either alone or in combination with the other prior art cited.<br><br>The Fisher RIMS system anticipates claim 26 and renders claim 26 obvious either alone or in combination with the other prior art cited.<br><br>U.S. Patent No. 5,319,542 renders claim 26 obvious either alone or in combination with the other prior art cited.<br><br>U.S. Patent No. 5,694,551 renders claim 26 obvious either alone or in combination with the other prior art cited.<br><br>The P.O. Writer system anticipates claim 26 and renders claim 26 obvious either alone or in combination with the other prior art cited.<br><br>The SABRE system anticipates claim 26 and renders claim 26 obvious either alone or in combination with the other prior art cited.<br><br>The J-CON system renders claim 26 obvious either alone or in combination with the other prior art |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | cited.<br><br>The Gateway system anticipates claim 26 and renders claim 26 obvious either alone or in combination with the other prior art cited.<br><br>The IBM TV/2 system renders claim 26 obvious either alone or in combination with the other prior art cited. |
| maintaining at least two products catalogs on a database containing data relating to items associated with the respective sources; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as "database" and "catalogs" are not necessarily an electronic compilation of data and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "the respective sources" is indefinite. It lacks an indication as to what the sources are respective.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236).<br><br>The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs. (L0132126). |
| selecting the product catalogs to search; | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.<br><br><u>35 U.S.C. § 102/§ 103</u><br>The Fisher RIMS system used criteria associated with the databases to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).<br><br>U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search. Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID. (L0126501 & L0126944-46).<br><br>The SABRE system enabled a user to select one or more specified portions of the airline database to |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | search or, alternatively, search across all airlines. (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name. (L0127660). |
| searching for matching items among the selected product catalogs; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. This is insufficient support to show possession of the invention.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924).<br><br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| building a requisition using data relating to selected matching items and their associated sources; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741). An order could be created from items retrieved from the database by item number. (L0013226, L0015719-22). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The Fisher RIMS system created requisitions based on product information. U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items. Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR). (L0125235-45).<br><br>The J-CON system enabled a user to select items to add to a requisition (ticket). (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition. (L0127659 & L0127675). |
| processing the requisition to generate one or more purchase orders for the selected matching items; and | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>Nowhere in the specification is there a description of a way to generate more than one purchase order for a single requisition. The specification fails to show possession of the invention.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected. |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | 35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions. (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders. U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col. 18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders. Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4. (L0126950). Requisitions including items purchased from different vendors were split into different purchase orders by vendor. (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale. (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically. (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order. (L0127697 & L0127710). |
| determining whether a selected matching item is available in inventory. | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2 |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | The term "inventory" is indefinite. The limitation lacks an indication as to which inventory is being referenced. The phrase "selected matching items" is also indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).<br><br>The Fisher RIMS system included a code that limited item searches to particular Distributor warehouses and backordered if the item was not found. U.S. Pat. No. 5,712,989 at col. 22:36-47 (ePLUS0137701).<br><br>U.S. Patent No. 5,694,551 discloses the determining which items are backordered, i.e. not available in inventory. Fig. 11 (ePLUS0137980).<br><br>The P.O. Writer included an inventory Control Module that enabled tracking of on-hand inventory balances. (L0126633).<br><br>The SABRE system enabled a user to determine the availability of flights. (L0125267).<br><br>The J-CON system enabled a user to determine whether and how many of a particular item was available in stock. (L0123608 & L0123612).<br><br>The Gateway system enabled a user to determine whether a particular item was available in stock. (L0127659). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | |
| 28. A method comprising the steps of: | <u>35 U.S.C. § 101</u><br>Claim 28 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>The specification of the '683 patent does not enable claim 28 because the specification does not enable the full scope of at least one element of claim 28. See below for a discussion of the individual elements.<br><br>The specification of the '683 patent fails to describe every element of claim 28. See below for a discussion of the individual elements.<br><br>The specification of the '683 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 28 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>Claim 28 is directed to indefinite subject matter because at least one limitation of claim 28 is indefinite. See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Lawson software available prior to August 10, 1994 renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The Fisher RIMS system anticipates claim 28 and renders claim 28 obvious either alone or in combination with the other prior art cited. |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | U.S. Patent No. 5,319,542 renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>U.S. Patent No. 5,694,551 renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The P.O. Writer system anticipates claim 28 and renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The SABRE system anticipates claim 28 and renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The J-CON system renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The Gateway system renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The IBM TV/2 system renders claim 28 obvious either alone or in combination with the other prior art cited. |
| maintaining at least two product catalogs on a database containing data relating to items associated with the respective sources; | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as "database" and "catalogs" are not necessarily an electronic compilation of data and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The phrase "the respective sources" is indefinite. It lacks an indication as to what the sources are |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | respective.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236).<br><br>The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs. (L0132126). |
| selecting the product catalogs to search; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1 |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.<br><br>The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. This is insufficient support to show possession of the invention.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system used criteria associated with the databases to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).<br><br>U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search. Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID. (L0126501 & L0126944-46).<br><br>The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines. (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name. (L0127660). |
| searching for matching items among the selected product catalogs; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. This is insufficient |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | support to show possession of the invention.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924).<br><br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472). |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| building a requisition using data relating to selected matching items and their associated source(s); | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741). An order could be created from items retrieved from the database by item number. (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information. U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items. Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | transfer the information to a requisition (PNR). (L0125235-45).<br><br>The J-CON system enabled a user to select items to add to a requisition (ticket). (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition. (L0127659 & L0127675). |
| processing the requisition to generate one or more purchase orders for the selected matching items; and | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>There is no description in the specification of how to process more than one purchase order from a single requisition, so the specification fails to show possession of the invention.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions. (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders. U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col. 18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders. Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4. (L0126950). Requisitions including items purchased from different vendors were split into different purchase orders by vendor. (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale. (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically. (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order. (L0127697 & L0127710). |
| converting data relating to a selected matching item and an associated source to data relating to an item and a different source. | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification of the '683 patent does not describe how and when to convert data.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).<br><br>The Fisher RIMS system used cross-reference tables to associates items from different catalogs. U.S. Pat. No. 5,712,989 at col. 3:32-36 & 33:52 – 34:10 (ePLUS0137692 & ePLUS0137707).<br><br>U.S. Patent No. 5,319,542 discloses a accessing multiple catalogs. Col. 2:20-26, col. 7:50-52 & col. 8:34-36 (ePLUS0130302 & ePLUS130305). Generally equivalent items can be displayed simultaneously. Col. 2:20-26 (ePLUS0130302). Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog. Col. 7:36-38 (ePLUS130305).<br><br>During Purchase Order generation on the P.O. Writer system, the vendor listed on the requisition could be automatically converted to different vendors. (L012976-80).<br><br>The SABRE system created a list of items having similar criteria to the selected item. (L0125296).<br><br>The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange. (L0123625). |
| 29. The method of claim 28 further comprising the step of determining whether a selected matching item is available in inventory. | The invalidity contentions regarding claim 28 are incorporates herein by reference.<br><br>35 U.S.C. § 101<br>Claim 29 is directed to a process without any meaningful limitations directed to a machine.<br><br>35 U.S.C. § 112 ¶ 2<br>The term "inventory" is indefinite. The limitation lacks an indication as to which inventory is being referenced. The phrase "selected matching items" is also indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected. |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for determining whether an item is in inventory. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br>35 U.S.C. § 102/§ 103<br>Lawson software available prior to August 10, 1994 renders claim 29 obvious either alone or in combination with the other prior art cited. Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).<br><br>The Fisher RIMS system anticipates claim 29 and renders claim 29 obvious either alone or in combination with the other prior art cited. The Fisher RIMS system included a code that limited item searches to particular Distributor warehouses and backordered if the item was not found. U.S. Pat. No. 5,712,989 at col. 22:36-47 (ePLUS0137701).<br><br>U.S. Patent No. 5,694,551 discloses the determining which items are backordered, i.e. not available in inventory. Fig. 11 (ePLUS0137980).<br><br>The P.O. Writer system anticipates claim 29 and renders claim 29 obvious either alone or in combination with the other prior art cited. The P.O. Writer included an inventory Control Module that enabled tracking of on-hand inventory balances. (L0126633).<br><br>The SABRE system anticipates claim 29 and renders claim 29 obvious either alone or in |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | combination with the other prior art cited. The SABRE system enabled a user to determine the availability of flights. (L0125267).<br><br>The J-CON system renders claim 29 obvious either alone or in combination with the other prior art cited. The J-CON system enabled a user to determine whether and how many of a particular item was available in stock. (L0123608 & L0123612).<br><br>The Gateway system renders claim 29 obvious either alone or in combination with the other prior art cited. The Gateway system enabled a user to determine whether a particular item was available in stock. (L0127659). |
| 30. The method of claim 28 further comprising the step of determining the applicable price of a selected matching item. | The invalidity contentions regarding claim 28 are incorporates herein by reference.<br><br><u>35 U.S.C. § 101</u><br>Claim 30 is directed to a process without any meaningful limitations directed to a machine.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br><u>35 U.S.C. § 102/§ 103</u><br>The Fisher RIMS system anticipates claim 30 and renders claim 30 obvious either alone or in combination with the other prior art cited. The Fisher RIMS system included include Distributor's list price, discount codes, and vendor list price in each item record. U.S. Pat. No. 5,712,989 at col. 3:24-26 & col. 3:50-54 (ePLUS0137692).<br><br>U.S. Patent No. 5,694,551 discloses associating an item with price information. Col. 5:3-36, col. 8:47-64 & col. 9:5-21 (ePLUS0138002, ePLUS0138003 & ePLUS0138004). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system anticipates claim 30 and renders claim 30 obvious either alone or in combination with the other prior art cited. In the P.O. Writer system, as items are added to the Item Master Record, they can be assigned a STANDARD COST. (L0126725-26).<br><br>The SABRE system anticipates claim 30 and renders claim 30 obvious either alone or in combination with the other prior art cited. The SABRE system enabled a user to display to fare for a given requisition (PNR). (L0125505-06).<br><br>The J-CON system renders claim 30 obvious either alone or in combination with the other prior art cited. The J-CON system enabled to a used to display the price for items. (L0123606 & L0123608).<br><br>The Gateway system renders claim 30 obvious either alone or in combination with the other prior art cited. The Gateway system automatically calculated and displayed the extended price for an item. (L012650 & L0127662). |
| 31. A method comprising the steps of: | <u>35 U.S.C. § 101</u><br>Claim 31 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>The specification of the '683 patent fails to describe every element of claim 31. See below for a discussion of the individual elements.<br><br>The specification of the '683 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 31 does not, however, recite any transmission means and therefore fails the written description and enablement requirements. |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | 35 U.S.C. § 112 ¶ 2<br>Claim 31 is directed to indefinite subject matter because at least one limitation of claim 31 is indefinite. See below for a discussion of the individual elements.<br><br>35 U.S.C. § 102/§ 103<br>Lawson software available prior to August 10, 1994 anticipates claim 31 and renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>The Fisher RIMS system anticipates claim 31 and renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>U.S. Patent No. 5,319,542 renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>U.S. Patent No. 5,694,551 renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>The P.O. Writer system anticipates claim 31 and renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>The SABRE system anticipates claim 31 and renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>The J-CON system renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>The Gateway system renders claim 31 obvious either alone or in combination with the other prior art cited. |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | The IBM TV/2 system renders claim 31 obvious either alone or in combination with the other prior art cited. |
| maintaining a database containing data relating to items associated with at least two sources; | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as "database" and "catalogs" are not necessarily an electronic compilation of data and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of Lawson's Purchase Order Module enabled a user to associate items with multiple vendors. (L0013209-10, L0013286, L0015703-07).<br><br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs. (L0132126). |
| searching for matching items among the data relating to the items; | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924).<br><br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| building a requisition using data relating to selected matching items and their associated sources; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741). An order could be created from items retrieved from the database by item number. (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information. U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items. Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR). (L0125235-45).<br><br>The J-CON system enabled a user to select items to add to a requisition (ticket). (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition. (L0127659 & L0127675). |
| processing the requisition to generate purchase orders using data relating to selected matching items and their associated source(s); and | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>There is no description in the specification of how to process "purchase orders" (plural) from a single requisition, so the specification fails to show possession of the invention.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions. (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders. U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col. 18:5-9 (ePLUS0137680,ePLUS0137687 & |

| '683 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders. Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4. (L0126950). Requisitions including items purchased from different vendors were split into different purchase orders by vendor. (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale. (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically. (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order. (L0127697 & L0127710). |
| converting data relating to a selected matching item and an associated source to data relating to an item and a different source. | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification of the '683 patent does not describe how and when to convert data.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected. |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | 35 U.S.C. § 102/§ 103<br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).<br><br>The Fisher RIMS system used cross-reference tables to associates items from different catalogs. U.S. Pat. No. 5,712,989 at col. 3:32-36 & 33:52 – 34:10 (ePLUS0137692 & ePLUS0137707).<br><br>U.S. Patent No. 5,319,542 discloses a accessing multiple catalogs. Col. 2:20-26, col. 7:50-52 & col. 8:34-36 (ePLUS0130302 & ePLUS130305). Generally equivalent items can be displayed simultaneously. Col. 2:20-26 (ePLUS0130302). Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog. Col. 7:36-38 (ePLUS130305).<br><br>During Purchase Order generation on the P.O. Writer system, the vendor listed on the requisition could be automatically converted to different vendors. (L012976-80).<br><br>The SABRE system created a list of items having similar criteria to the selected item. (L0125296).<br><br>The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange. (L0123625). |