## U.S. Patent 6,055,516

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| 1. An electronic sourcing system comprising: | <u>35 U.S.C. § 101</u><br><br>Claim 1 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 112 ¶1</u><br><br>The specification of the '516 patent does not enable claim 1 because the specification does not enable the full scope of at least one element of claim 1. See below for a discussion of the individual elements.<br><br>The specification of the '516 patent does not describe every limitation of claim 1. See below for a discussion of the individual elements.<br><br>The specification of the '516 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 1 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>The '516 specification shows that the described invention requires an electronic sourcing system that includes both searching and a requisition/purchasing system. See Background of invention, Summary of Invention. However, claim 1 recites only catalog selection-related functions. No searching or requisition/purchasing functionality is recited. Failure to include limitations commensurate with the invention described in the specification renders the claim invalid under 35 U.S.C. §112. |

55

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | **35 U.S.C. § 112 ¶ 2**<br><br>Claim 1 is directed to indefinite subject matter because at least one limitation of claim 1 is indefinite. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 102/§ 103**<br><br>The Fisher RIMS system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. The Fisher RIMS is an electronic sourcing system. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. It discloses an electronic sourcing system. Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 1 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,694,551 discloses an electronic sourcing system. Abstract (ePLUS0137969).<br><br>The P.O. Writer system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. The P.O. Writer system is an electronic sourcing system. (L0126506).<br><br>The SABRE system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. The SABRE system is an electronic sourcing system. (L0125236).<br><br>The J-CON system renders claim 1 obvious either alone or in combination with the other prior art cited. The J-CON system is an electronic sourcing system. (L0123423).<br><br>The Gateway system anticipates claim 1 and renders claim 1 obvious either alone or in combination |

56

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| a collection of catalogs of items stored in an electronic format; | with the other prior art cited. The Gateway system is an electronic sourcing system. (L0127643).<br><br>The IBM TV/2 system renders claim 1 obvious either alone or in combination with the other prior art cited. The IBM TV/2 system is an electronic sourcing system. (L0132126).<br><br>**35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as storage of electronic catalogs on a computer would be insignificant extra-solution activity.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130208 & ePLUS0130202).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236).<br><br>The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872). |

57

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| a first set of pre-determined criteria associated with said collection of catalogs; | The IBM TV/2 system stored multiple catalogs. (L0132126).<br><br>**35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 112 ¶ 1**<br>The specification of the '516 patent fails to describe this limitation. The specification nowhere uses the term "pre-determined." Nor is a "first set" of criteria and a "second set" of criteria anywhere used.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system discloses databases associated with specific criteria. U.S. Pat. No. 5,712,989 at col. 3:10-14 & col. 3:18-28 (ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses three separate databases associated with specific criteria: a Master Catalog, a Public Catalog, and Private Catalog. Fig. 1, col. 2:20-26 & col. 7:5-29 (ePLUS0130298, ePLUS0130302 & ePLUS 0130305).<br><br>The P.O. Writer system associated a collection of catalogs with CATALOGUE IDs. (L0127525).<br><br>The SABRE system associated database portions with different criteria. For example, specific portions of the airline flights database were associated with different airlines. (L0125283).<br><br>The Gateway system associated each catalog with a name. (L0127660). |
| a second set of pre-determined criteria associated with items from each of said catalogs; | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | **35 U.S.C. § 112 ¶ 1** |
| | The specification of the '516 patent fails to describe this limitation. The specification nowhere uses the term "pre-determined." Nor is a "first set" of criteria and a "second set" of criteria anywhere used. |
| | **35 U.S.C. § 102/§ 103** |
| | The Fisher RIMS system associated items with specific criteria. U.S. Pat. No. 5,712,989 at col. 6:31-34& col. 8:24-29 (ePLUS0137693 & ePLUS0137694). |
| | U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS0130304). |
| | U.S. Patent No. 5,694,551 discloses associating items with product groups or keywords. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002). |
| | The P.O. Writer system associated items with criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525 & L0127528). |
| | The SABRE system associated items with various criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number. (L0125295). |
| | The J-CON system included mechanisms and screen displays for entering product information that was descriptive of items in the parts database. (L0123613). |
| | The Gateway system associated information with each item in the catalogs. (L0127661). |
| | The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |

59

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| a catalog selection protocol, said catalog selection protocol relying on said first set of pre-determined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs, wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party that is one of a manufacturer and a competing vendor, said predetermined third party selling items corresponding to items in said vendor catalog; and | **35 U.S.C. § 101** This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 112 ¶ 1** The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.<br><br>The specification only describes matching a vendor identification code with a catalog from a single vendor and does not enable a matching a vendor identification code with catalogs from more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party.<br><br>The specification of the '516 patent fails to describe a vendor identification code associated with more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party.<br><br>The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  This is insufficient support to show possession of the invention.<br><br>**35 U.S.C. § 112 ¶ 2** This claim is indefinite because it includes both apparatus and method limitations.  Specifically, this element requires the method steps of "said catalog selection protocol relying on said first set of pre-determined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs" and "said predetermined third party selling items corresponding to items in said vendor catalog."  It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run and a third party sells the corresponding item. |

60

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | **35 U.S.C. § 102/§ 103**<br><br>The Fisher RIMS system used criteria associated with the databases to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699). The Fisher RIMS system also used a product-type code associated with a particular group of vendors. U.S. Pat. No. 5,712,989 at col. 5:28-33, col. 5:37-42 & cols. 37-44 (ePLUS0137693 & ePLUS0137709-11).<br><br>U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search. Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS0130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID. (L0126501 & L0126944-46).<br><br>The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines. (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name. (L0127660). |
| a search program, said search program relying on said second set of criteria to select specific items from said catalogs determined from said catalog selection protocol. | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 112 ¶ 1**<br>The specification of the '516 patent fails to describe this limitation. The specification nowhere discusses a "first set" of criteria and a "second set" of criteria.<br><br>**35 U.S.C. § 112 ¶ 2**<br>The phrase "said catalogs determined from said catalog selection protocol" is indefinite. It is unclear whether the catalogs determined from the catalog selection protocol refers to the "less than said entire collection of catalogs" or the subset of catalogs associated with the vendor identification |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | code. Furthermore, this claim is indefinite because it includes both apparatus and method limitations. Specifically, this element requires the method step of "said search program relying on said second set of criteria to select specific items." It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run. |
| | **35 U.S.C. § 102/§ 103**<br><br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information and added information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS0130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661). |

62

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| 2. An electronic sourcing system as recited in claim 1, wherein catalogs comprising said collection of catalogs are stored in separate databases. | The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133).<br><br>The invalidity contentions regarding claim 1 are incorporates herein by reference.<br><br>35 U.S.C. § 101<br>Claim 2 does not impose any meaningful machine limitations as storage of electronic catalogs on two computers would be insignificant extra-solution activity.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system anticipates claim 2 and renders claim 2 obvious either alone or in combination with the other prior art cited. The Fisher RIMS can use several databases. U.S. Pat. No. 5,712,989 at Fig. 1 & col. 3:10-15 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 anticipates claim 2 and renders claim 2 obvious either alone or in combination with the other prior art cited. It discloses locating different private catalogs on separate computer systems. Col. 7:5-29 (ePLUS0130305). |
| 5. An electronic sourcing system as recited in claim 1, further including a cross reference table linking a vendor item catalog number from said vendor with an item catalog number from said predetermined third party. | The invalidity contentions regarding claim 1 are incorporates herein by reference.<br><br>35 U.S.C. § 101<br>Claim 5 is directed to a process without any meaningful limitations directed to a machine.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system anticipates claim 5 and renders claim 5 obvious either alone or in combination with the other prior art cited. The Fisher RIMS system had a table for cross-referencing catalog number. U.S. Pat. No. 5,712,989 at col. 3:32-36, 8:32-39 & col. 8:46-52 (ePLUS0137695 & ePLUS0137694). |

63

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| 6. An electronic sourcing system as recited in claim 1, wherein said second set of predetermined criteria includes at least one of a catalog number and item textual information. | The SABRE system anticipates claim 5 and renders claim 5 obvious either alone or in combination with the other prior art cited.  The SABRE system created a table to cross-reference items. (L0125296). |
| | The J-CON system renders claim 5 obvious either alone or in combination with the other prior art cited.  The J-CON system included a cross-reference module. (L0123450 & L0123601). |
| | The invalidity contentions regarding claim 1 are incorporates herein by reference. |
| | **35 U.S.C. § 101** |
| | Claim 6 is directed to a process without any meaningful limitations directed to a machine. |
| | **35 U.S.C. § 102/§ 103** |
| | The Fisher RIMS system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS system used a catalog number associated with each item.  U.S. Pat. No. 5,712,989 at col. 8:24-29 & cols. 8:64 – 9:2 (ePLUS0137694-95). |
| | U.S. Patent No. 5,319,542 anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited.  It discloses that the items in the catalogs may be associated with a specific part number. Col. 5:19-21 (ePLUS0130304). |
| | U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002). |
| | The P.O. Writer system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited.  The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525). |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
|  | The SABRE system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited. The SABRE system associated items with various textual criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number. (L0125295).<br><br>The J-CON system renders claim 6 obvious either alone or in combination with the other prior art cited. The J-CON system enabled a user to enter part numbers as a basis for searching the database for desired items. (L0123625).<br><br>The IBM TV/2 system renders claim 6 obvious either alone or in combination with the other prior art cited. The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| 9. An electronic sourcing system comprising: | **35 U.S.C. § 101**<br>Claim 9 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 112 ¶ 1**<br>The specification of the '516 patent does not enable claim 9 because the specification does not enable the full scope of at least one element of claim 9. See below for a discussion of the individual elements.<br><br>The specification of the '516 patent does not describe every element of claim 9. See below for a discussion of the individual elements.<br><br>The specification of the '516 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 9 does |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | not, however, recite any transmission means and therefore fails the written description and enablement requirements. |
| | The '516 specification shows that the described invention requires an electronic sourcing system that includes both searching and a requisition/purchasing system. See Background of invention, Summary of Invention. However, claim 9 recites only catalog selection-related functions. No searching or requisition/purchasing functionality is recited. Failure to include limitations commensurate with the invention described in the specification renders the claim invalid under 35 U.S.C. §112. |
| | **35 U.S.C. § 112 ¶ 2** |
| | Claim 9 is directed to indefinite subject matter because at least one limitation of claim 9 is indefinite. See below for a discussion of the individual elements. |
| | **35 U.S.C. § 102/§ 103** |
| | The Fisher RIMS system anticipates claim 9 and renders claim 9 obvious either alone or in combination with the other prior art cited. The Fisher RIMS is an electronic sourcing system. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691). |
| | U.S. Patent No. 5,319,542 anticipates claim 9 and renders claim 9 obvious either alone or in combination with the other prior art cited. It discloses that the items in the catalogs may be associated with a specific part number. Col. 5:19-21 (ePLUS0130304). |
| | U.S. Patent No. 5,694,551 renders claim 9 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,694,551 discloses an electronic sourcing system. Abstract (ePLUS0137769). |
| | The P.O. Writer system renders claim 9 obvious either alone or in combination with the other prior art cited. The P.O. Writer system is an electronic sourcing system. (L0126506). |

66

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The SABRE system anticipates claim 9 and renders claim 9 obvious either alone or in combination with the other prior art cited.  The SABRE system is an electronic sourcing system. (L0125236). |
| | The J-CON system renders claim 9 obvious either alone or in combination with the other prior art cited.  The J-CON system is an electronic sourcing system. (L0123423). |
| | The Gateway system renders claim 9 obvious either alone or in combination with the other prior art cited.  The Gateway system is an electronic sourcing system. (L0127643). |
| | The IBM TV/2 system renders claim 9 obvious either alone or in combination with the other prior art cited.  The IBM TV/2 system is an electronic sourcing system. (L0132126). |
| | **35 U.S.C. § 101** |
| | This limitation does not impose any meaningful machine limitations as storage of electronic catalogs on a computer would be insignificant extra-solution activity. |
| a collection of catalogs of items stored in an electronic format; | **35 U.S.C. § 102/§ 103** |
| | The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692). |
| | U.S. Patent No. 5,319,542 discloses three separate databases associated with specific criteria: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1, col. 2:20-26 & col. 7:5-29 (ePLUS0130298, ePLUS0130302 & ePLUS 0130305). |
| | U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001). |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62). |
| | The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236). |
| | The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872). |
| | The IBM TV/2 system stored multiple catalogs. (L0132126). |
| | **35 U.S.C. § 101** <br> This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| | **35 U.S.C. § 112 ¶ 1** <br> The specification of the '516 patent fails to describe this limitation. The specification nowhere uses the term "identification code." |
| a first identification code associated with a first item in a first catalog; | **35 U.S.C. § 102/§ 103** <br> The Fisher RIMS system associated items with specific criteria.  U.S. Pat. No. 5,712,989 at col. 6:31-34& col. 8:24-29 (ePLUS0137693 & ePLUS0137694). <br><br> U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs.  Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS0130304). <br><br> U.S. Patent No. 5,694,551 discloses associating items with product groups or keywords.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002). |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system associated items with criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525 & L0127528). |
| | The SABRE system associated items with various criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number. (L0125295). |
| | The Gateway system associated information with each item in the catalogs. (L0127661). |
| | The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| a second identification code associated with a second item in a second catalog, said first item and said second item being generally equivalent, wherein a selection of one identification code from one of said first and second catalogs provides the other identification code from the other of said catalogs. | **35 U.S.C. § 101** This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| | **35 U.S.C. § 112 ¶ 1** The specification of the '516 patent only describes cross-referencing the same item in different catalogs and does not enable cross-referencing "generally equivalent" items or even how to determine which items are generally equivalent. |
| | The specification of the '516 patent fails to describe this limitation. The specification nowhere uses the term "identification code." |
| | The specification of the '516 patent fails to describe "generally equivalent" items. |
| | **35 U.S.C. §112 ¶ 2** The term "generally equivalent" is not defined anywhere in the specification and is too subjective to be sufficiently definite. |

69

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| 10. An electronic sourcing system as recited in claim 9, wherein said first identification code is identical to said second identification code. | **35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system used cross-reference tables to associates items from different catalogs. U.S. Pat. No. 5,712,989 at col. 3:32-36 & 33:52 – 34:10 (ePLUS0137692 & ePLUS0137707).<br><br>U.S. Patent No. 5,319,542 discloses accessing multiple catalogs. Col. 2:20-26, col. 7:50-52 & col. 8:34-36 (ePLUS0130302 & ePLUS0130305). Generally equivalent items can be displayed simultaneously. Col. 2:20-26 (ePLUS0130302). Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog. Col. 7:36-38 (ePLUS0130305).<br><br>The SABRE system created a list of items having similar criteria to the selected item. (L0125296).<br><br>The invalidity contentions regarding claim 9 are incorporates herein by reference.<br><br>**35 U.S.C. § 101**<br>Claims does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system anticipates claim 10 and renders claim 10 obvious either alone or in combination with the other prior art cited. The Fisher RIMS uses a Distributor's catalog number as the identification code for parts from different catalogs. U.S. Pat. No. 5,712,989 at col. 3:32-36 (ePLUS0137692).<br><br>The J-CON system renders claim 10 obvious either alone or in combination with the other prior art cited. The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange. (L0123625). |

70

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| 16. An electronic sourcing system comprising:[1] | **35 U.S.C. § 101**<br><br>Claim 16 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 112 ¶ 1**<br><br>The specification of the '516 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 16 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>The '516 specification shows that the described invention requires an electronic sourcing system that includes both searching and a requisition/purchasing system. See Background of invention, Summary of Invention. However, claim 16 recites only catalog selection-related functions. No searching or requisition/purchasing functionality is recited. Failure to include limitations commensurate with the invention described in the specification renders the claim invalid under 35 U.S.C. §112. The specification of the '516 patent does not describe any electronic sourcing system invention that does not include a requisition/ purchasing system, which is lacking in claim 16.<br><br>**35 U.S.C. § 112 ¶ 2**<br><br>Claim 16 is directed to indefinite subject matter because at least one limitation of claim 16 is indefinite. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 102/§ 103**<br><br>The Fisher RIMS system anticipates claim 16 and renders claim 16 obvious either alone or in combination with the other prior art cited. The Fisher RIMS is an electronic sourcing system. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691). |

---

[1] ePlus has not asserted claim 16. ePlus has, however, asserted claim 17, which depends from and incorporates all the limitation of claim 16.

71

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| at least two product catalogs containing data relating to items such that an item in a | U.S. Patent No. 5,319,542 anticipates claim 16 and renders claim 16 obvious either alone or in combination with the other prior art cited. It discloses an electronic sourcing system. Col. 3:16-27 (ePLUS0130303). |
| | U.S. Patent No. 5,694,551 renders claim 16 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,694,551 discloses an electronic sourcing system. Abstract (ePLUS0137969). |
| | The P.O. Writer system anticipates claim 16 and renders claim 16 obvious either alone or in combination with the other prior art cited. The P.O. Writer system is an electronic sourcing system. (L0126506). |
| | The SABRE system anticipates claim 16 and renders claim 16 obvious either alone or in combination with the other prior art cited. The SABRE system is an electronic sourcing system. (L0125236). |
| | The J-CON system renders claim 16 obvious either alone or in combination with the other prior art cited. The J-CON system is an electronic sourcing system. (L0123423). |
| | The Gateway system renders claim 16 obvious either alone or in combination with the other prior art cited. The Gateway system is an electronic sourcing system. (L0127643). |
| | The IBM TV/2 system renders claim 16 obvious either alone or in combination with the other prior art cited. The IBM TV/2 system is an electronic sourcing system. (L0132126). |
| | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as "catalogs" are not necessarily electronic catalogs and, in any event, storage of electronic catalogs on a computer would |

72

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| *first catalog is generally equivalent with an item in a second catalog; and* | be insignificant extra-solution activity.<br><br>**35 U.S.C. §112 ¶ 2**<br>The term "generally equivalent" is not defined anywhere in the specification and is too subjective to be sufficiently definite.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236).<br><br>The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs. (L0132126). |
| *converting means for* | **35 U.S.C. § 101** |

73

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| *converting data relating to said item from said first catalog to data relating to said item from said second catalog.* | This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.

**35 U.S.C. § 112 ¶ 2**
The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.

The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. Nowhere in the specification supporting the claims is the function of "converting data related to a selected matching item and an associated source to data relating to an item and a different source" identified or described. The word "converting" is not even found. "[S]tructure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim." The '683 specification lacks such a clear link or association, and therefore the claim is invalid under 35 U.S.C. §112.

**35 U.S.C. § 102/§ 103**
Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).

The Fisher RIMS system used cross-reference tables to associates items from different catalogs. U.S. Pat. No. 5,712,989 at col. 3:32-36 & 33:52 – 34:67 (ePLUS0137692 & ePLUS0137707).

U.S. Patent No. 5,319,542 discloses accessing multiple catalogs.  Col. 2:20-26,  col. 7:50-52 & col. |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| 17. An electronic sourcing system as recited in claim 16, wherein at least one catalog database contains said data from each of said catalogs, and said converting means includes a non-catalog database containing a cross-reference table such that use of a reference code corresponding to an entry in said cross-reference table links said item from said first catalog to data relating to said item from said second catalog. | 8:34-36 (ePLUS0130302 & ePLUS0130305). Generally equivalent items can be displayed simultaneously. Col. 2:20-26 (ePLUS0130302). Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog. Col. 7:36-38 (ePLUS0130305).<br><br>During Purchase Order generation on the P.O. Writer system, the vendor listed on the requisition could be automatically converted to different vendors. (L012976-80).<br><br>The SABRE system created a list of items having similar criteria to the selected item. (L0125296).<br><br>The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange. (L0123625).<br><br>The invalidity contentions regarding claim 16 are incorporates herein by reference.<br><br>35 U.S.C. § 101<br>Claim 17 does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification of the '516 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure, or provide a clear link to any structure, corresponding to "converting means." Claim 17 is also indefinite because the term "non-catalog database" is unclear and internally inconsistent in light of the definition of "catalog" proffered by ePlus and adopted in previous litigation as an organized collection of information about items.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system anticipates claim 17 and renders claim 17 obvious either alone or in combination with the other prior art cited. The Fisher RIMS uses a single database that is a |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | compilation of the multiple catalogs and a cross-reference table that may be separate from the catalogs. U.S. Pat. No. 5,712,989 at col. 3: 10-14, col. 3:32-36 & col. 32:16-23 (ePLUS0137692 & ePLUS0137706). |
| 21. An electronic sourcing system comprising: | 35 U.S.C. § 112 ¶ 1<br><br>The specification of the '516 patent does not enable claim 21 because the specification does not enable the full scope of at least one element of claim 21. See below for a discussion of the individual elements.<br><br>The specification of the '516 patent does not describe ever limitation of claim 21. See below for a discussion of the individual elements.<br><br>The specification of the '516 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 21 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>35 U.S.C. § 112 ¶ 2<br><br>Claim 21 is directed to indefinite subject matter because at least one limitation of claim 21 is indefinite. See below for a discussion of the individual elements.<br><br>35 U.S.C. § 102/§ 103<br><br>The Fisher RIMS system anticipates claim 21 and renders claim 21 obvious either alone or in combination with the other prior art cited. The Fisher RIMS is an electronic sourcing system. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 renders claim 21 obvious either alone or in combination with the other prior art cited. It discloses an electronic sourcing system. Col. 3:16-27 (ePLUS0130303). |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
|  | U.S. Patent No. 5,694,551 renders claim 21 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,694,551 discloses an electronic sourcing system. Abstract (ePLUS013796Q). |
|  | The P.O. Writer system renders claim 21 obvious either alone or in combination with the other prior art cited. The P.O. Writer system is an electronic sourcing system. (L0126506). |
|  | The SABRE system renders claim 21 obvious either alone or in combination with the other prior art cited. The SABRE system is an electronic sourcing system. (L0125236). |
|  | The J-CON system renders claim 21 obvious either alone or in combination with the other prior art cited. The J-CON system is an electronic sourcing system. (L0123423). |
|  | The Gateway system anticipates claim 21 and renders claim 21 obvious either alone or in combination with the other prior art cited. The Gateway system is an electronic sourcing system. (L0127643). |
|  | The IBM TV/2 system renders claim 21 obvious either alone or in combination with the other prior art cited. The IBM TV/2 system is an electronic sourcing system. (L0132126). |
| a requisition module including data fields, user-generated criteria entered into at least one of said data fields to generate at least partial criteria corresponding to a desired item; | **35 U.S.C. § 112 ¶ 1** The specification of the '516 patent fails to describe this limitation. The specification nowhere uses the term "user-generated criteria," nor how such criteria is used "to generate at least partial criteria corresponding to a desired item." |
|  | **35 U.S.C. § 102/§ 103** The Fisher RIMS system includes a requisition management module and data screens for a user to enter search criteria. U.S. Pat. No. 5,712,989 at Fig. 2A, col. 6:31-34, col. 8:24-29 & col. 8:46-51 |

77

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| a catalog collection searching module, said searching module including a collection of catalogs of items stored in an electronic format, a catalog selection criteria used to select less than said entire collection, said searching module being used to generate additional search-module criteria for said data fields of said requisition module; | (ePLUS0137680, ePLUS0137693 & ePLUS0137694).

U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002). U.S. Patent No. 5,694,551 discloses building a requisition from the selected items. Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).

The J-CON system included mechanisms and screen displays for entering product information that was descriptive of items in the parts database. (L0123613).

The IBM TV/2 system enabled a user to search for item by entering specific criteria, such as keywords or part numbers. (L0132133).

**35 U.S.C. § 112 ¶ 1**
The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.

The specification of the '516 patent fails to describe this limitation. The specification nowhere uses the term "catalog selection criteria," nor does it describe "searching module being used to generate additional search-module criteria for said data fields of said requisition module."

The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. This is insufficient support to show possession of the invention.

**35 U.S.C. § 112 ¶ 2**
This claim is indefinite because it includes both apparatus and method limitations. Specifically, this element requires the method step of "searching module being used to generate additional search-module criteria for said data fields of said requisition module." It is unclear from this limitation |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run. |
| 35 U.S.C. § 102/§ 103 | The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692). The Fisher RIMS system discloses databases associated with specific criteria. U.S. Pat. No. 5,712,989 at col. 3:10-14 & col. 3:18-28 (ePLUS0137692). The Fisher RIMS system used criteria associated with the databases to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699). The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information and added information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).

U.S. Patent No. 5,319,542 discloses three separate databases associated with specific criteria: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1, col. 2:20-26 & col. 7:5-29 (ePLUS0130298, ePLUS0130302 & ePLUS 0130305). U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search. Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS0130305).

U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).

The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62). The P.O. Writer system associated a collection of catalogs with CATALOGUE IDs. (L0127525). The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID. (L0126501 & L0126944-46). |

79

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236). The SABRE system associated database portions with different criteria. For example, specific portions of the airline flights database were associated with different airlines. (L0125283). The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines. (L0125283 & L0125285). |
| | The J-CON system enabled a user to enter part numbers as a basis for searching the database for desired items and the results would display additional information. (L0123625). |
| | The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872). The Gateway system associated each catalog with a name. (L0127660). The Gateway system enabled a user to select a catalog by name. (L0127660). |
| | The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| a multiple purchase order generation module, said purchase order generation module creating multiple purchase orders from a single requisition created with said user-generated criteria and said search-module criteria; | **35 U.S.C. § 112 ¶ 1**<br><br>The specification of the '516 patent fails to describe this limitation. The specification nowhere uses the term "user-generated criteria," nor does it describe "search-module criteria," nor how a requisition is created with such criteria.<br><br>Nowhere in the specification is there a description of a way to generate more than one purchase order for a single requisition. The specification fails to show possession of the invention.<br><br>**35 U.S.C. § 112 ¶ 2**<br><br>This claim is indefinite because it includes both apparatus and method limitations. Specifically, this element requires the method step of "creating multiple purchase orders from a single requisition." It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
|  | does not occur until the system is run |
|  | This claim is also indefinite because the specification of the '516 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure, or provide a clear link to any structure, corresponding to the "multiple purchase order generation module." Nowhere in the specification is there a description of a means for generating more than one purchase order for a single requisition. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite. |
| wherein each of at least two catalogs include a generally equivalent item from a different source, said requisition module working in combination with said catalog searching module to determine multiple sources for said item; | **35 U.S.C. § 102/§ 103**<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders. U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17:35-42 & col. 18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders. Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The J-CON system generated multiple purchase orders from a single requisition in a number of different ways. (L0123617).<br><br>**35 U.S.C. § 112 ¶ 2**<br><br>The term "generally equivalent" is not defined anywhere in the specification and is too subjective to be sufficiently definite.<br><br>This claim is indefinite because it includes both apparatus and method limitations. Specifically, this element requires the method step of "said requisition module working in combination with said catalog searching module." It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run. |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | **35 U.S.C. § 102/§ 103**<br><br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3:65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692). The Fisher RIMS system had a table for cross-referencing catalog number. U.S. Pat. No. 5,712,989 at col. 3:32-36, 8:32-39 & col. 8:46-52 (ePLUS0137695 & ePLUS0137694).<br><br>The IBM TV/2 system stored multiple catalogs. (L0132126). The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). The IBM TV/2 system enabled adding items to a requisition. (L0132133). |
| wherein said multiple sources is limited by said catalog searching module providing a match according to said user-generated criteria, said search-module criteria and a determination system that located items are generally equivalent; and | **35 U.S.C. § 112 ¶ 1**<br><br>The specification of the '516 patent does not enable "a determination system that located items are generally equivalent."<br><br>The specification of the '516 patent does not describe "a determination system a determination system that located items are generally equivalent."<br><br>The term "generally equivalent" is not defined anywhere in the specification and is too subjective to be sufficiently definite. Nowhere does the patent describe limiting the multiple sources by a search module providing a match according to said user-generated criteria, said search-module criteria and a determination system that located items are generally equivalent.<br><br>**35 U.S.C. § 102/§ 103**<br><br>The Fisher RIMS system used product type information to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699-70). The product type information was generated based on information input by the user. U.S. Pat. No. 5,712,989 at col. 8:40-55 (ePLUS0137694). The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| wherein said determination system includes a cross reference table matching an identification code from a first located item with a second identification code from a second located item. | 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692). The Fisher RIMS system had a table for cross-referencing catalog number. U.S. Pat. No. 5,712,989 at col. 3:32-36, 8:32-39 & col. 8:46-52 (ePLUS0137695 & ePLUS0137694).

The J-CON Manual used a cross-reference module to determine if items are generally equivalent. (L0123450 & L0123601).

The Gateway system enabled a user to select a catalog by name. (L0127660).

35 U.S.C. §112 ¶ 1
Nowhere in the specification is a cross reference table described.

35 U.S.C. § 112 ¶ 2
This claim is indefinite because it includes both apparatus and method limitations. Specifically, this element requires the method step of "a cross reference table matching an identification code." It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run and a third party sells the corresponding item.

35 U.S.C. § 102/§ 103
The Fisher RIMS system had a table for cross-referencing catalog number. U.S. Pat. No. 5,712,989 at col. 3:32-36, 8:32-39 & col. 8:46-52 (ePLUS0137695 & ePLUS0137694).

The SABRE system created a table to cross-reference items. (L0125296).

The J-CON Manual used a cross-reference module to determine if items are generally equivalent. (L0123450 & L0123601). |
| 22. An electronic sourcing system as recited in claim 21, | The invalidity contentions regarding claim 22 are incorporates herein by reference. |

83

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| wherein said determination system includes an identical identification code for each of said located items. | **35 U.S.C. § 102/§ 103** The Fisher RIMS system anticipates claim 22 and renders claim 22 obvious either alone or in combination with the other prior art cited. The Fisher RIMS uses a Distributor's catalog number as the identification code for parts from different catalogs. U.S. Pat. No. 5,712,989 at col. 3:32-36 (ePLUS0137692).

The J-CON system renders claim 22 obvious either alone or in combination with the other prior art cited. The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange. (L0123625). |
| 29. An electronic sourcing system comprising: | **35 U.S.C. § 101** Claim 29 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.

**35 U.S.C. § 112 ¶ 1** The specification of the '516 patent does not enable claim 29 because the specification does not enable the full scope of at least one element of claim 29. See below for a discussion of the individual elements.

The specification of the '516 patent does not describe every limitation of claim 29. See below for a discussion of the individual elements.

The specification of the '516 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 29 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.

The '516 specification shows that the described invention requires an electronic sourcing system that |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | includes both searching and a requisition/purchasing system. See Background of invention, Summary of Invention. However, claim 29 recites only catalog selection-related functions. No searching or requisition/purchasing functionality is recited. Failure to include limitations commensurate with the invention described in the specification renders the claim invalid under 35 U.S.C. §112. |
| | **35 U.S.C. § 112 ¶ 2** Claim 29 is directed to indefinite subject matter because at least one limitation of claim 29 is indefinite. See below for a discussion of the individual elements. |
| | **35 U.S.C. § 102/§ 103** The Fisher RIMS system renders claim 29 obvious either alone or in combination with the other prior art cited. The Fisher RIMS is an electronic sourcing system. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691). |
| | U.S. Patent No. 5,319,542 anticipates claim 29 and renders claim 29 obvious either alone or in combination with the other prior art cited. It discloses an electronic sourcing system. Col. 3:16-27 (ePLUS0130303). |
| | U.S. Patent No. 5,694,551 renders claim 29 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,694,551 discloses an electronic sourcing system. Abstract (ePLUS0137969). |
| | The P.O. Writer system renders claim 29 obvious either alone or in combination with the other prior art cited. The P.O. Writer system is an electronic sourcing system. (L0126506). |
| | The SABRE system anticipates claim 29 and renders claim 29 obvious either alone or in combination with the other prior art cited. The SABRE system is an electronic sourcing system. (L0125236). |

85

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The J-CON system renders claim 29 obvious either alone or in combination with the other prior art cited. The J-CON system is an electronic sourcing system. (L0123423). |
| | The Gateway system renders claim 29 obvious either alone or in combination with the other prior art cited. The Gateway system is an electronic sourcing system. (L0127643). |
| | The IBM TV/2 system renders claim 29 obvious either alone or in combination with the other prior art cited. The IBM TV/2 system is an electronic sourcing system. (L0132126). |
| a collection of catalogs of items stored in an electronic format; | **35 U.S.C. § 101**<br><br>This limitation does not impose any meaningful machine limitations as storage of electronic catalogs on a computer would be insignificant extra-solution activity.<br><br>**35 U.S.C. § 102/§ 103**<br><br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62). |

86

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236). |
| | The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872). |
| | The IBM TV/2 system stored multiple catalogs. (L0131126). |
| a first set of pre-determined criteria associated with said collection of catalogs; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| | 35 U.S.C. § 112 ¶ 1<br>The specification of the '516 patent fails to describe this limitation. The specification nowhere uses the term "pre-determined." Nor does the specification discuss a first and second set of pre-determined criteria. Also, the specification only associates a catalog with a vendor identification code and not with any other criteria. |
| | 35 U.S.C. § 102/§ 103<br>The Fisher RIMS system discloses databases associated with specific criteria.  U.S. Pat. No. 5,712,989 at col. 3:10-14 & col. 3:18-28 (ePLUS0137692). |
| | U.S. Patent No. 5,319,542 discloses three separate databases associated with specific criteria: a Master Catalog, a Public Catalog; and Private Catalog.  Fig. 1, col. 2:20-26 & col. 7:5-29 (ePLUS0130298, ePLUS0130302 & ePLUS 0130305). |
| | The P.O. Writer system associated a collection of catalogs with CATALOGUE IDs. (L0127525). |
| | The SABRE system associated database portions with different criteria.  For example, specific portions of the airline flights database were associated with different airlines. (L0125283). |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| a second set of predetermined criteria associated with items from each of said catalogs; | The Gateway system associated each catalog with a name. (L0127660).<br><br>**35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. §112 ¶1**<br>Nowhere does the specification discuss a first and second set of pre-determined criteria.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system associated items with specific criteria.  U.S. Pat. No. 5,712,989 at col. 6:31-34& col. 8:24-29 (ePLUS0137693 & ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs.  Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS0130304).<br><br>U.S. Patent No. 5,694,551 discloses associating items with product groups or keywords.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system associated items with criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525 & L0127528).<br><br>The SABRE system associated items with various criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number. (L0125295).<br><br>The J-CON system included mechanisms and screen displays for entering product information that was descriptive of items in the parts database. (L0123613). |

88

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| a catalog selection protocol, said catalog selection protocol relying on said first set of predetermined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs, wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party; | The Gateway system associated information with each item in the catalogs. (L012766l). <br><br> **35 U.S.C. § 101** <br> This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. <br><br> **35 U.S.C. § 112 ¶ 1** <br> The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs. Also, the specification only describes matching a vendor identification code with a catalog from a single vendor and does not enable matching a matching a vendor identification code with catalogs from more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party. <br><br> The specification of the '516 patent fails to describe a vendor identification code associated with more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party. Nor does the specification describe a first set of criteria. <br><br> **35 U.S.C. § 112 ¶ 2** <br> This claim is indefinite because it includes both apparatus and method limitations. <br><br> **35 U.S.C. § 102/§ 103** <br> The Fisher RIMS system used criteria associated with the databases to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699). The Fisher RIMS system also used a product-type code associated with a particular group of vendors. U.S. Pat. No. 5,712,989 at col. 5:28-33, col. 5:37-42 & cols. 37-44 (ePLUS0137693 & ePLUS0137709-11). |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| a search program, said search program relying on said second set of criteria to select specific items from said catalogs determined from said catalog selection protocol; and | U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search. Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS0130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID. (L0126501 & L0126944-46).<br><br>The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines. (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name. (L0127660).<br><br>**35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 112 ¶ 2**<br>The phrase "said catalogs determined from said catalog selection protocol" is indefinite. It is unclear whether the catalogs determined from the catalog selection protocol refers to the "less than said entire collection of catalogs" or the subset of catalogs associated with the vendor identification code.<br><br>A "second set of criteria" is nowhere described in the specification.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information and added information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| a cross-reference table linking a vendor item catalog number from said vendor catalog with an item catalog number from said predetermined third party. | 3 & col. 5:42-45 (ePLUS0130300 & ePLUS0130304).

U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).

The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525).

The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).

The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472).

The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661).

The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133).

<u>35 U.S.C. § 101</u>
This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.

<u>35 U.S.C. §112 ¶1</u>
Nowhere does the specification describe cross-reference tables.

35 U.S.C. § 102/§ 103 |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The Fisher RIMS system had a table for cross-referencing catalog number. U.S. Pat. No. 5,712,989 at col. 3:32-36, 8:32-39 & col. 8:46-52 (ePLUS0137695 & ePLUS0137694).

The SABRE system anticipates claim 5 and renders claim 5 obvious either alone or in combination with the other prior art cited. The SABRE system created a table to cross-reference items. (L0125296).

The J-CON system included a cross-reference module. (L0123450 & L0123601). |

92