## U.S. Patent No. 6,505,172

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| 1. An electronic sourcing system comprising: | **35 U.S.C. § 101**<br>Claim 1 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 112 ¶ 1**<br>The specification of the '172 patent does not enable claim 1 because the specification does not enable the full scope of at least one element of claim 1. See below for a discussion of the individual elements.<br><br>The specification of the '172 patent does not describe every limitation of claim 1. See below for a discussion of the individual elements.<br><br>The specification of the '172 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 1 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>**35 U.S.C. § 112 ¶ 2**<br>Claim 1 is directed to indefinite subject matter because at least one limitation of claim 1 is indefinite. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. The Fisher RIMS is an electronic sourcing system. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691). |

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | U.S. Patent No. 5,319,542 renders claim 1 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,319,542 discloses an electronic sourcing system. Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 1 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,694,551 discloses an electronic sourcing system. Abstract (ePLUS0137969).<br><br>The P.O. Writer system renders claim 1 obvious either alone or in combination with the other prior art cited. The P.O. Writer system is an electronic sourcing system. (L0126506).<br><br>The SABRE system renders claim 1 obvious either alone or in combination with the other prior art cited. The SABRE system is an electronic sourcing system. (L0125236).<br><br>The J-CON system renders claim 1 obvious either alone or in combination with the other prior art cited. The J-CON system is an electronic sourcing system. (L0123423).<br><br>The Gateway system renders claim 1 obvious either alone or in combination with the other prior art cited. The Gateway system is an electronic sourcing system. (L0127643).<br><br>The IBM TV/2 system renders claim 1 obvious either alone or in combination with the other prior art cited. The IBM TV/2 system is an electronic sourcing system. (L0132126). |
| a database containing data relating to items associated with at least two vendors maintained so that selected portions of the database may be | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as "database" is not necessarily an electronic compilation of data (depending on the construction) and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity. |

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| searched separately; | **35 U.S.C. § 112 ¶ 1**<br>The specification only describes how to select electronic catalogs stored on an electronic database and does not enable the selection any portion that is less than entire catalog.<br><br>The specification of the '172 patent has no written description of how to search portions of the database separately. The only discussion in the specification of how selected portions of the database may be searched separately indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. However, concatenate has been construed "simply to mean that the selected catalogs are searched as a group" and as not necessarily requiring the selected catalogs to be joined. (Markman Order at 12 (Dkt. No. 229 from *ePlus, Inc. v. Ariba, Inc.*, No. 04-612)).<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692). The Fisher RIMS system used criteria associated with the databases to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236).<br><br>The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872). |

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| means for entering product information that at least partially describes at least one desired item; | The IBM TV/2 system stored multiple catalogs. (L0132126).<br><br>**35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as the specification only discloses a general purpose keyboard.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system includes a requisition management module and data screens for a user to enter search criteria. U.S. Pat. No. 5,712,989 at Fig. 2A, col. 6:31-34, col. 8:24-29 & col. 8:46-51 (ePLUS0137680, ePLUS0137693 & ePLUS0137694).<br><br>U.S. Patent No. 5,694,551 discloses entering searching criteria to search for items. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The J-CON system included mechanisms and screen displays for entering product information that was descriptive of items in the parts database. (L0123613).<br><br>The IBM TV/2 system enabled a user to search for item by entering specific criteria, such as keywords or part numbers. (L0132133). |
| means for searching for matching items that match the entered product information in the selected portions of the database; | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 112 ¶ 1**<br>The specification only describes how to select electronic catalogs stored on an electronic database and does not enable the selection of any portion that is less than entire catalog. |

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The specification only describes selecting catalogs to search. There is not description of how to search or specify any portion of the database other than by catalog. |
| | **35 U.S.C. § 112 ¶ 2**<br>The specification of the '172 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected. |

97

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | (L0127661). |
| means for generating an order list that includes at least one matching item selected by said means for searching; | The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| | **35 U.S.C. § 101** This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| | **35 U.S.C. § 102/§ 103** U.S. Patent No. 5,694,551 discloses creating a list of quantity item ordering data. Fig. 7, Fig. 13 & col. 5:21-37 (ePLUS0137976, ePLUS0137982 & 0138002). |
| | The P.O. Writer system created a list of items resulting from a search in which a user could enter the quantity desired. (L0126557). |
| | The SABRE system enabled the use to create a fare-quote before creating an requisition (PNR). (L0125462). |
| | The J-CON system created list of parts meeting a specific criteria in which a user could select parts and quantities to purchase. (L0123603 & L0123610-11). |
| | The Gateway system created a list of items resulting from a search. (L0127645-75). |
| means for building a requisition that uses data obtained from said database relating to selected matching items on said order list; | **35 U.S.C. § 101** This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| | **35 U.S.C. § 102/§ 103** |

98

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741). An order could be created from items retrieved from the database by item number. (L0013226, L0015719-22). |
| | The Fisher RIMS system created requisitions based on product information. U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95). |
| | U.S. Patent No. 5,694,551 discloses building a requisition from the selected items. Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002). |
| | The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948). |
| | The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR). (L0125235-45). |
| | The J-CON system enabled a user to select items to add to a requisition (ticket). (L0123606). |
| | The Gateway system enabled a user to select items to add to a requisition. (L0127659 & L0127675). |
| means for processing said requisition to generate purchase orders for said selected matching items. | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>There is no description in the specification of how to process "purchase orders" (plural) from a single requisition, so the specification fails to show possession of the invention. |

99

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | **35 U.S.C. § 112 ¶ 2**<br>The specification of the '172 patent fails to comply with 35 U.S.C. § 112 ¶2 and ¶ 6 by failing to sufficiently describe structure corresponding to this means, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for processing a requisition to generate purchase "orders" (plural). Because no structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br>**35 U.S.C. § 102/§ 103**<br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions. (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders. U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col. 18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders. Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4. (L0126950). Requisitions including items purchased from different vendors were split into different purchase orders by vendor. (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale. (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically. (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order. |

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | (L0127697 & L0127710). |
| 5. The electronic sourcing system according to claim 1, further comprising means for determining whether a selected matching item is available in inventory. | The invalidity contentions regarding claim 1 are incorporates herein by reference.<br><br>**35 U.S.C. § 101**<br>Claim 5 is directed to a process without any meaningful limitations directed to a machine.<br><br>**35 U.S.C. § 112 ¶ 2**<br>The specification of the '172 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to claim 5, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for determining whether an item is in inventory. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br>**35 U.S.C. § 102/§ 103**<br>Lawson software available prior to August 10, 1994 renders claim 5 obvious either alone or in combination with the other prior art cited. Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).<br><br>The Fisher RIMS system anticipates claim 5 and renders claim 5 obvious either alone or in combination with the other prior art cited. The Fisher RIMS system included a code that limited item searches to particular Distributor warehouses and backordered if the item was not found. U.S. Pat. No. 5,712,989 at col. 22:36-47 (ePLUS0137701).<br><br>U.S. Patent No. 5,694,551 discloses the determining which items are backordered, i.e. not available |

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | in inventory. Fig. 11 (ePLUS0137980). |
| | The P.O. Writer system renders claim 5 obvious either alone or in combination with the other prior art cited. The P.O. Writer included an inventory Control Module that enabled tracking of on-hand inventory balances. (L0126633). |
| | The SABRE system renders claim 5 obvious either alone or in combination with the other prior art cited. The SABRE system enabled a user to determine the availability of flights. (L0125267). |
| | The J-CON system renders claim 5 obvious either alone or in combination with the other prior art cited. The J-CON system enabled a user to determine whether and how many of a particular item was available in stock. (L0123608 & L0123612). |
| | The Gateway system renders claim 5 obvious either alone or in combination with the other prior art cited. The Gateway system enabled a user to determine whether a particular item was available in stock. (L0127659). |