IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09cv620 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## LAWSON SOFTWARE, INC.'S AMENDED ANSWER AND COUNTERCLAIMS

### ANSWER

Defendant Lawson Software, Inc., ("Lawson"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff ePlus, Inc. ("ePlus" or "Plaintiff') as follows:

Lawson denies each and every allegation contained in ePlus's Complaint for Patent Infringement (the "Complaint"), except as specifically admitted or explained herein. To the extent that the headings or any other non-numbered statements in ePlus's Complaint contain any allegations, Lawson denies each and every such allegation.

1. In response to paragraph 1 of the Complaint, no answer is required.

### NATURE OF THE ACTION

2. In response to paragraph 2 of the Complaint, Lawson admits that this action purports to be one for infringement of United States Patent Nos. 6,023,683 ("the '683 patent"), 6,055,516 ("the '516 patent"), and 6,505,172 ("the '172 patent") (collectively the "patents-in-suit"). Lawson denies the remaining allegations contained in paragraph 2 of the Complaint.
.

3. The allegations of paragraph 3 of the Complaint relate to another Defendant. Lawson lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Complaint and on that basis, denies these allegations.

4. The allegations of paragraph 4 of the Complaint relate to another Defendant. Lawson lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of the Complaint and on that basis, denies these allegations.

5. Paragraph 5 of the Complaint contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Lawson denies the allegations contained in paragraph 5 of the Complaint.

6. The allegations of paragraph 6 of the Complaint relate to another Defendant. Lawson lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint and on that basis, denies these allegations.

## THE PARTIES

7. In response to paragraph 7 of the Complaint, Lawson lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Complaint and on that basis, denies these allegations.

8. In response to paragraph 8 of the Complaint, Lawson lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint and on that basis, denies these allegations.

9. In response to paragraph 9 of the Complaint, Lawson lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint and on that basis, denies these allegations.

10. The allegations of paragraph 10 of the Complaint relate to another Defendant. Lawson lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint and on that basis, denies these allegations.

11. The allegations of paragraph 11 of the Complaint relate to another Defendant. Lawson lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of the Complaint and on that basis, denies these allegations.

12. In response to paragraph 12 of the Complaint, Lawson admits that it is a Delaware corporation, with its corporate headquarters at 380 St. Peter Street, St. Paul, Minnesota 55102. Lawson admits that it makes, uses, sells, offers for sale, and/or imports into the United States certain products and services called Procurement, Requisitions, Inventory Control, Purchase Order, and Procurement Punchout.  Lawson denies each and every remaining allegation contained in paragraph 12 of the Complaint.

13. The allegations of paragraph 13 of the Complaint relate to another Defendant. Lawson lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Complaint and on this basis, denies these allegations.

14. In response to paragraph 14 of the Complaint, Lawson denies each and every allegation of paragraph 14 of the Complaint to the extent they are directed to Lawson.  To the extent the allegations of paragraph 14 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

15. In response to paragraph 15 of the Complaint, Lawson denies each and every allegation of paragraph 15 of the Complaint to the extent they are directed to Lawson.  To the extent the allegations of paragraph 15 relate to another Defendant, Lawson lacks sufficient

knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

## JURISDICTION AND VENUE

16. Lawson admits the allegations in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, Lawson admits, without admitting the validity of Plaintiff's patent infringement claims, that it is subject to personal jurisdiction in this judicial district and division. Lawson denies the remaining allegations contained in paragraph 17 of the Complaint to the extent they are directed to Lawson. To the extent the allegations of paragraph 17 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

18. In response to paragraph 18 of the Complaint, Lawson admits, for the purpose of this action only, that venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391(b) and (c). Lawson denies the remaining allegations contained in paragraph 18 of the Complaint to the extent they are directed to Lawson. To the extent the allegations of paragraph 18 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

## COUNT I

### (Infringement of the '683 Patent)

19. In response to paragraph 19 of the Complaint, Lawson realleges and incorporates by reference the answers stated in paragraphs 1-18 above.

20. In response to paragraph 20 of the Complaint, Lawson lacks sufficient knowledge on which to admit or deny the allegations contained in paragraph 20 of the Complaint and on that basis, denies these allegations.

21.     In response to paragraph 21 of the Complaint, Lawson denies each and every allegation of paragraph 21 of the Complaint to the extent they are directed to Lawson.  To the extent the allegations of paragraph 21 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

22.     In response to paragraph 22 of the Complaint, Lawson denies each and every allegation of paragraph 22 of the Complaint to the extent they are directed to Lawson.  To the extent the allegations of paragraph 22 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

23.     In response to paragraph 23 of the Complaint, Lawson denies each and every allegation of paragraph 23 of the Complaint to the extent they are directed to Lawson.  To the extent the allegations of paragraph 23 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

## COUNT II

### (Infringement of the '516 Patent)

24.     In response to paragraph 24 of the Complaint, Lawson realleges and incorporates by reference the answers stated in paragraphs 1-23 above.

25.     In response to paragraph 25 of the Complaint, Lawson lacks sufficient knowledge on which to admit or deny the allegations contained in paragraph 25 of the Complaint and on that basis, denies these allegations.

26.     In response to paragraph 26 of the Complaint, Lawson denies each and every allegation of paragraph 26 of the Complaint to the extent they are directed to Lawson.  To the extent the allegations of paragraph 26 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

27.     In response to paragraph 27 of the Complaint, Lawson denies each and every allegation of paragraph 27 of the Complaint to the extent they are directed to Lawson.  To the extent the allegations of paragraph 27 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

28.     In response to paragraph 28 of the Complaint, Lawson denies each and every allegation of paragraph 28 of the Complaint to the extent they are directed to Lawson. To the extent the allegations of paragraph 28 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

## COUNT III

**(Infringement of the '172 Patent)**

29.     In response to paragraph 29 of the Complaint, Lawson realleges and incorporates by reference the answers stated in paragraphs 1-28 above.

30.     In response to paragraph 30 of the Complaint, Lawson lacks sufficient knowledge on which to admit or deny the allegations contained in paragraph 30 of the Complaint and on that basis, denies these allegations.

31. In response to paragraph 31 of the Complaint, Lawson denies each and every allegation of paragraph 31 of the Complaint to the extent they are directed to Lawson. To the extent the allegations of paragraph 31 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

32. In response to paragraph 32 of the Complaint, Lawson denies each and every allegation of paragraph 32 of the Complaint to the extent they are directed to Lawson. To the extent the allegations of paragraph 32 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

33. In response to paragraph 33 of the Complaint, Lawson denies each and every allegation of paragraph 33 of the Complaint to the extent they are directed to Lawson. To the extent the allegations of paragraph 33 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

## COUNT IV

### (Willful Infringement)

34. In response to paragraph 34 of the Complaint, Lawson realleges and incorporates by reference the answers stated in paragraphs 1-33 above.

35. In response to paragraph 35 of the Complaint, Lawson denies each and every allegation of paragraph 35 of the Complaint to the extent they are directed to Lawson. To the extent the allegations of paragraph 35 relate to another Defendant, Lawson lacks sufficient

knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

36. In response to paragraph 36 of the Complaint, Lawson denies each and every allegation of paragraph 36 of the Complaint to the extent they are directed to Lawson. To the extent the allegations of paragraph 36 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations.

37. In response to paragraph 37 of the Complaint, Lawson denies each and every allegation of paragraph 37 of the Complaint to the extent they are directed to Lawson. To the extent the allegations of paragraph 37 relate to another Defendant, Lawson lacks sufficient knowledge or information to admit or deny the allegations and on that basis, denies these allegations. In addition, Lawson notes that the '683 patent is currently under reexamination by the U.S. Patent and Trademark Office ("PTO"), and 20 claims of the '683 patent have been finally rejected by the PTO as being invalidated by prior art. The '172 patent is also currently under reexamination by the PTO, and each and every claim of the '172 patent has been initially rejected as being invalidated by the prior art. A reexamination has also been requested for the '516 patent.

## PLAINTIFF'S PRAYER FOR RELIEF

Lawson denies that Plaintiff is entitled to the relief sought, or any other relief.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Lawson asserts the following defenses. Lawson reserves the right to amend its Answer with additional defenses as further information is determined.

## FIRST DEFENSE

### (Failure to State a Claim)

38. Lawson incorporates by reference paragraphs 1 through 37 of its Answer.

39. Plaintiffs Complaint fails to state a claim against Lawson upon which relief may be granted.

40. Plaintiff has failed to allege that Lawson had actual knowledge of the patents-in-suit, which is a necessary element to claim indirect infringement. Furthermore, Plaintiff has not alleged any direct infringement that Lawson induced or to which Lawson contributed, which is another necessary element to claim indirect infringement.

41. Plaintiff has failed to allege that it took reasonable steps to ensure that its licensees have substantially and continuously marked commercial products pursuant to 35 U.S.C. § 287(a), which is a necessary element to be awarded money damages for infringement prior to the date the suit was filed.

## SECOND DEFENSE

### (Non-infringement of the Asserted Patents)

42. Lawson incorporates by reference paragraphs 1 through 41 of its Answer.

43. Lawson has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the patents-in-suit, and is not liable for infringement thereof because it fails to practice any system or method claimed in the patents-in-suit. Plaintiff continues to fail to articulate reasonable grounds for asserting infringement against Lawson.

44. Each and every claim of the patents-in-suit requires a system containing or maintaining data about items that may be procured. None of Lawson's products are made or sold with such data. Lawson's products are software modules that enable customers who purchase

them to add their own item data.  Lawson's products also lack other limitations specific to various claims of the patents-in-suit.  Lawson does not directly infringe the patents-in-suit.

45. Lawson's customers do not directly infringe the patents-in-suit.  Lawson is not liable for indirect infringement absent direct ifnringement.

46. Plaintiff failed to take reasonable steps to ensure that its licensees have substantially and continuously marked commercial products pursuant to 35 U.S.C. § 287(a).  Lawson is not liable for any infringement, either direct or indirect, prior to the Complaint.

47. Prior to the Complaint, Lawson had no actual knowledge of the patents-in-suit.  Lawson is not liable for any indirect infringement prior to the Complaint.

## THIRD DEFENSE

### (Invalidity of the Asserted Patents)

48. Lawson incorporates by reference paragraphs 1 through 47 of its Answer.  Detailed support for the invalidity contentions is provided in Lawson's supplemental invalidity contentions dates December 8, 2009.  Thos contentions are summarized herein, but the summaries included herein are intended to assert all defenses asserted in such contentions.

49. One or more claims of each of the patents-in-suit are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, and Plaintiff's claims for relief are therefore barred.  Plaintiff knows or should have known that its claims are invalid.

50. Many of the claims of the patents-in-suit only cover methods for carrying out item procurement without being tied to a particular machine.  These claims are invalid as directed to unpatentable subject matter under 35 U.S.C. § 101.

51. None of the claims of the patents-in-suit include any limitation not found in prior art systems, including for example, the Fisher Scientific Requisition and Inventory Management System ("RIMS") and the IBM Technical Viewer 2 ("TV/2"). The prior art systems, either alone or in combination with each other, invalidate the patents-in-suit under 35 U.S.C. §§ 102 and 103.

52. The method claims of the '683 patent and all claims of the '172 patent are currently being reexamined by the PTO, and a reexamination request has been filed for all claims of the '516 patent. All the method claims of the '683 patent have been finally rejected as being invalid in view of a number of prior art references. All the claims of the '172 patent have been initially rejected as being invalidated by substantially the same references. The grounds for the reexaminations show that all claims of the patents in suit are invalid. None of the claims of the patents-in-suit include any limitation not found in one or more of the prior art systems described in the references asserted by the PTO, including the Fisher RIMS system, the system described in U.S. Patent No. 5,319,542, the P.O. Writer Plus V.10 system, the SABRE system, the J-CON system, the Gateway system, and the IBM TV/2 system. Each of these systems, either alone or in combination with each other, invalidates the patents-in-suit under 35 U.S.C. §§ 102 and 103.

53. Many of the claims of the patents-in-suit include limitations that are means for performing a function, which according to 35 U.S.C. § 112 ¶ 6 requires that the specification of the patents-in-suit describe and clearly link structure corresponding to the function. The specification of the patents-in-suit fails to describe and clearly link structure to each limitation that recites a means for performing a function. These claims are invalid under 35 U.S.C. § 112 ¶¶ 2 and 6. The claims are also invalid for indefiniteness for the reasons set forth in Lawson's invalidity contentions.

54. The specifications of the patents-in-suit describe a system and method of procuring items that requires a search system, a requisition/purchasing system, and transferring information between the two. The claims of the patents-in-suit, however, do not recite a requisition/purchasing system or transferring information between a search system and a requisition/purchasing system. Many claims also fail to recite an element encompassing generating multiple purchase orders from a single requisition, even though the patent states this is "an important feature of the present invention." The patent fails to enable the claims, lacking description of claimed elements including but not limited to searching selected catalogs and generating multiple purchase orders from a single requisition. The claims are invalid under 35 U.S.C. § 112 ¶ 1 for lack of enablement and lack of written description.

55. A more extensive explanation of the invalidity of the claims of the patents-in-suit is attached hereto as Appendix A and is incorporated herein.

## FOURTH DEFENSE

### (Prosecution History Estoppel)

56. Lawson incorporates by reference paragraphs 1 through 55 of its Answer.

57. To the extent that Plaintiff attempts to assert infringement under the doctrine of equivalents, arguments and amendments contained in the prosecution history of the patents-in-suit will estop or bar any claims for alleged infringement.

58. During the prosecution of the patents-in-suit, the applicant was forced to amend claims and to characterize its invention in order to avoid being invalidated by the prior art. Many of the claim limitations added are not part of any Lawson product. Furthermore, many of the claims limitations, as characterized during the prosecution of the patents-in-suit, would not encompass Lawson's products.

## SEVENTH DEFENSE

### (Laches and Estoppel)

59. Lawson incorporates by reference paragraphs 1 through 58 of its Answer.

60. Plaintiff's Complaint is barred, in whole or in part, under the doctrine of laches. By way of example, and without limitation, Lawson alleges, on information and belief, that Plaintiffs claims under the patents-in-suit are barred by the doctrine of laches because (1) Plaintiff knew of Lawson's allegedly infringing actions long before filing suit, (2) Plaintiff inexcusably failed to pursue its infringement claims in a timely and diligent manner from the time it became aware it had claims against Lawson, and (3) Lawson has been materially prejudiced by Plaintiff's inexcusable lack of diligence.

61. Plaintiff's Complaint is barred, in whole or in part, under the doctrine of estoppel. By way of example, and without limitation, Lawson alleges, on information and belief, that Plaintiff knew of Lawson's allegedly infringing actions long before filing suit. Rather than assert infringement or potential infringement, Plaintiff offered its services and systems as compatible with and able to communicate with Lawson's systems. Plaintiff was also aware of standardization in the industry relating to communication procurement related transactions electronically, including for example by cXml. Plaintiff had a duty to raise any infringement concerns under such circumstances, but was silent. Lawson reasonably relied on the standards and otherwise on Plaintiff's silence, and was prejudiced by Plaintiff's silence.

## **PRAYER FOR RELIEF**

WHEREFORE, Lawson respectfully prays for the entry of judgment as follows:

A. Dismissing with prejudice any and all claims of Plaintiffs Complaint and ordering that Plaintiff take nothing as a result of the Complaint;

    B.    Judging the patents-in-suit and their claims invalid;

    C.    Judging that Lawson has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the patents-in-suit.

    D.    That plaintiff be denied any remedies available under 35 U.S.C. § 284;

    E.    That the Court denies plaintiff any injunctive relief;

    F.    That the Court denies plaintiff any other relief as to Counts I-IV;

    G.    Finding that this is an exceptional case and awarding Lawson its attorneys' fees as the prevailing party pursuant to 35 U.S.C. § 285;

    H.    That the Court award Lawson its costs of suit; and

    I.    That the Court award such further relief as deemed just and proper.

## LAWSON SOFTWARE, INC.'S COUNTERCLAIMS

62.    Counterclaimant Lawson hereby submits these counterclaims pursuant to Federal Rule of Civil Procedure 13 and incorporates by reference paragraphs 1 through 61 of its Answer.

63.    There is an actual controversy between Lawson and Plaintiff regarding noninfringement, validity, and/or unenforceability of the patents-in-suit because Plaintiff has asserted that Lawson infringes the patents-in-suit.

64.    This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, and 1367.

65.    Lawson is a Delaware corporation with its corporate headquarters at 380 St. Peter Street, St. Paul, Minnesota 55102.

66. Upon information and belief, Plaintiff ePlus, Inc. is a Delaware Corporation with its principal place of business in this judicial district and division at 13595 Dulles Technology Drive, Herndon, Virginia 20171-3413.

67. This Court has personal jurisdiction over Plaintiff at least because Plaintiff submitted itself to this Court's personal jurisdiction by suing Lawson in this Court.

68. Venue for these counterclaims is proper in this Court under 28 U.S.C. §§ 1391 and 1400 and under the doctrine of pendant venue because these counterclaims are closely related to the claims set forth in the Complaint.

## **FIRST COUNTERCLAIM**

### **(Invalidity)**

69. Lawson incorporates by reference paragraphs 1 through 68 of its Answer and Counterclaim.

70. The claims of the patents-in-suit are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq.*

71. The claims of the patents-in-suit are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

## **SECOND COUNTERCLAIM**

### **(Non-infringement)**

72. Lawson incorporates by reference paragraphs 1 through 71 of its Answer and Counterclaim.

73. Lawson has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of any of the patents-in-suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Lawson respectfully prays for the entry of judgment as follows:

A. Judging the patents-in-suit and their claims invalid;

B. Judging that Lawson has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the patents-in-suit.

C. Finding that this is an exceptional case and awarding Lawson its reasonable costs of suit and attorneys' fees pursuant to 35 U.S.C. § 285; and

D. That the Court award such further relief as deemed just and proper.

## **DEMAND FOR JURY TRIAL**

Lawson hereby demands trial by jury on all issues.

Dated: December 15, 2009

By: /s/ Robert A. Angle
Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street

Minneapolis, MN  55402<br>
Telephone:  (612) 332-5300<br>
Facsimile:  (612) 332-9081

## CERTIFICATE OF SERVICE

I certify that on this 15th day of December, 2009, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Craig T. Merritt<br>Henry I. Willett, III<br>**CHRISTIAN & BARTON, LLP**<br>909 East Main Street, Suite 1200<br>Richmond, Virginia 23219-3095<br>cmerritt@cblaw.com<br>hwillett@cblaw.com | Shirley Sperling Paley<br>James D. Clements<br>Goodwin Procter, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109-2881<br>spaley@goodwinprocter.com<br>jclements@goodwinprocter.com |
| Scott L. Robertson<br>Jennifer A. Albert<br>David M. Young (VSB No. 35997)<br>Robert D. Spendlove (VSB No. 75468)<br>Goodwin Procter, LLP<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>srobertson@goodwinprocter.com<br>jalbert@goodwinprocter.com<br>dyoung@goodwinprocter.com<br>rspendlove@goodwinprocter.com<br><br>*Attorneys for Plaintiff* | |

/s/_____<br>
Robert A. Angle (VSB No. 37691)<br>
robert.angle@troutmansanders.com<br>
<b>Troutman Sanders LLP</b><br>
1001 Haxall Point<br>
Richmond, VA 23219<br>
Telephone:  (804) 697-1200<br>
Facsimile:  (804) 697-1339<br>
<i>Counsel for Defendant Lawson Software, Inc.</i>

1891113v1