# APPENDIX A

## U.S. Patent No. 6,023,683

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| 1. An electronic sourcing system comprising: | **35 U.S.C. § 101**<br>Claim 1 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 112 ¶ 1**<br>The specification of the '683 patent does not enable claim 1 because the specification does not enable the full scope of at least one element of claim 1. See below for a discussion of the individual elements.<br><br>The specification of the '683 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 1 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>**35 U.S.C. § 112 ¶ 2**<br>Claim 1 is directed to indefinite subject matter because at least one limitation of claim 1 is indefinite. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 102/§ 103**<br>Lawson software available prior to August 10, 1994 renders claim 1 obvious either alone or in combination with the other prior art cited.<br><br>The Fisher RIMS system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. The Fisher RIMS is an electronic sourcing system. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 renders claim 1 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,319,542 discloses an electronic sourcing system. Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 1 obvious either alone or in combination with the other prior art cited. U.S. Patent No. 5,694,551 discloses an electronic sourcing system. Abstract (ePLUS0137969). |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. The P.O. Writer system is an electronic sourcing system. (L0126506).<br><br>The SABRE system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. The SABRE system is an electronic sourcing system. (L0125236).<br><br>The J-CON system renders claim 1 obvious either alone or in combination with the other prior art cited. The J-CON system is an electronic sourcing system. (L0123423).<br><br>The Gateway system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited. The Gateway system is an electronic sourcing system. (L0127643).<br><br>The IBM TV/2 system renders claim 1 obvious either alone or in combination with the other prior art cited. The IBM TV/2 system is an electronic sourcing system. (L0132126). |
| at least two product catalogs containing data relating to items associated with the respective sources; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as "catalogs" are not necessarily electronic catalogs (depending on the construction) and, in any event, storage of electronic catalogs on a computer would be insignificant extra-solution activity.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "the respective sources" is indefinite. It lacks an antecedent basis and an indication as to what the sources are respective. The limitation could, for example, mean the sources are with respect to items in each catalog, or could mean sources are with respect to groups of items in the catalogs, or with respect to whole catalogs.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system electronically stored organized collections of data related to items from multiple third party suppliers and distributors, including at least a Part Master Table and a Cross Reference Table. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates at least three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661- |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | 62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236).<br><br>The Gateway system stored multiple catalogs on a database.  (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs.  (L0132126). |
| means for selecting the product catalogs to search; | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system used criteria associated with the databases to limit which databases were searched.  U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).<br><br>U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search.  Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID.  (L0126501 & L0126944-46).<br><br>The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name.  (L0127660). |
| means for searching for matching items among the selected product catalogs; | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1 |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  This is insufficient support to show possession of the invention.<br><br>35 U.S.C. § 112 ¶ 2<br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.  The only discussion in the specification of how this function is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  However, concatenate has been construed "simply to mean that the selected catalogs are searched as a group" and as not necessarily requiring the selected catalogs to be joined.  (Markman Order at 12 (Dkt. No. 229 from *ePlus, Inc. v. Ariba, Inc.*, No. 04-612)).  Unless a different definition of concatenate is adopted which includes sufficient structure, "concatenate" fails to provide any structure corresponding to this limitation.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617).  Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67).  Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924).<br><br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information.  U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs.  Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item.  (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria.  (L0125267, L0125276, L0125283 & L0125287). |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user.  (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected.  (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers.  (L0132133). |
| means for building a requisition using data relating to selected matching items and their associated source(s); | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order.  (L0009741).  An order could be created from items retrieved from the database by item number.  (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information from multiple sources.  U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items.  Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7.  (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125235-45).<br><br>The J-CON system enabled a user to select items to add to a requisition (ticket).  (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition.  (L0127659 & L0127675). |
| means for processing the requisition | 35 U.S.C. § 101 |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| to generate one or more purchase orders for the selected matching items; and | This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.  Nowhere in the specification is there a description of a means for generating more than one purchase order for a single requisition.  Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions.  (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders.  U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col.  18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders.  Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4.  (L0126950).  Requisitions including items purchased from different vendors were split  into different purchase orders by vendor.  (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale.  (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically.  (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order.  (L0127697 & L0127710). |
| means for determining whether a selected matching item is available in inventory. | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The term "inventory" is indefinite.  The limitation lacks an indication as to which inventory is being referenced. |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for determining whether an item is in inventory. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).<br><br>The Fisher RIMS system included a code that limited item searches to particular Distributor warehouses and backordered if the item was not found. U.S. Pat. No. 5,712,989 at col. 22:36-47 (ePLUS0137701).<br><br>U.S. Patent No. 5,694,551 discloses the determining which items are backordered, i.e. not available in inventory. Fig. 11 (ePLUS0137980).<br><br>The P.O. Writer included an inventory Control Module that enabled tracking of on-hand inventory balances. (L0126633).<br><br>The SABRE system enabled a user to determine the availability of flights. (L0125267).<br><br>The J-CON system enabled a user to determine whether and how many of a particular item was available in stock. (L0123608 & L0123612).<br><br>The Gateway system enabled a user to determine whether a particular item was available in stock. (L0127659). |
| 3. An electronic sourcing system comprising: | 35 U.S.C. § 101<br>Claim 3 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br>35 U.S.C. § 112 ¶ 1 |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The specification of the '683 patent does not enable claim 3 because the specification does not enable the full scope of at least one element of claim 3.  See below for a discussion of the individual elements.<br><br>The specification of the '683 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search.  See, e.g., Summary of Invention.  Claim 3 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>35 U.S.C. § 112 ¶ 2<br>Claim 3 is directed to indefinite subject matter because at least one limitation of claim 3 is indefinite.  See below for a discussion of the individual elements.<br><br>35 U.S.C. § 102/§ 103<br>Lawson software available prior to August 10, 1994 renders claim 3 obvious either alone or in combination with the other prior art cited.<br><br>The Fisher RIMS system anticipates claim 3 and renders claim 3 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS is an electronic sourcing system.  U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 renders claim 3 obvious either alone or in combination with the other prior art cited.  U.S. Patent No. 5,319,542 discloses an electronic sourcing system.  Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 3 obvious either alone or in combination with the other prior art cited.  U.S. Patent No. 5,694,551 discloses an electronic sourcing system.  Abstract (ePLUS0137969).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors.  Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system anticipates claim 3 and renders claim 3 obvious either alone or in combination with the other prior art cited.  The P.O. Writer system is an electronic sourcing system.  (L0126506).<br><br>The SABRE system anticipates claim 3 and renders claim 3 obvious either alone or in combination with the other prior art cited.  The SABRE system is an electronic sourcing system.  (L0125236).<br><br>The J-CON system renders claim 3 obvious either alone or in combination with the other prior art cited.  The J-CON system is an electronic sourcing system.  (L0123423). |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The Gateway system renders claim 3 obvious either alone or in combination with the other prior art cited.  The Gateway system is an electronic sourcing system.  (L0127643).<br><br>The IBM TV/2 system renders claim 3 obvious either alone or in combination with the other prior art cited.  The IBM TV/2  system is an electronic sourcing system.  (L0132126). |
| at least two product catalogs containing data relating to items associated with the respective sources; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as "catalogs" are not necessarily electronic catalogs (depending on the construction) and, in any event, storage of electronic catalogs on a computer would be insignificant extra-solution activity.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "the respective sources" is indefinite.  It lacks an antecedent basis and an indication as to what the sources are respective.  The limitation could, for example, mean the sources are with respect to items in each catalog, or could mean sources are with respect to groups of items in the catalogs, or with respect to whole catalogs.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system electronically stores organized collections of data related to items from multiple third party suppliers and distributors, including at least a Part Master Table and a Cross Reference Table.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates at least three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs.  (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236).<br><br>The Gateway system stored multiple catalogs on a database.  (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs.  (L0132126). |
| means for selecting the product catalogs to search; | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system used criteria associated with the databases to limit which databases were searched.  U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).<br><br>U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search.  Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID. (L0126501 & L0126944-46).<br><br>The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name.  (L0127660). |
| means for searching for matching items among the selected product catalogs; | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  This is insufficient support to show possession of the invention.<br><br>35 U.S.C. § 112 ¶ 2<br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.  The only discussion in the specification of how this function is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  However, concatenate has been construed "simply to mean that the selected catalogs are searched as a group" and as not necessarily requiring the selected catalogs to be joined. (Markman Order at 12 (Dkt. No. 229 from *ePlus, Inc. v. Ariba, Inc.*, No. 04-612)).  Unless a different definition of |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | concatenate is adopted which includes sufficient structure, "concatenate" fails to provide any structure corresponding to this limitation.<br><br>35 U.S.C. § 102/§ 103<br>　Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924).<br><br>　The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>　U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>　U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>　The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525).<br><br>　The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).<br><br>　The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472).<br><br>　The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661).<br><br>　The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| means for building a requisition using data relating to selected matching items and their associated source(s); | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | <u>35 U.S.C. § 112 ¶ 2</u><br>The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741).  An order could be created from items retrieved from the database by item number.  (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information from multiple sources.  U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items.  Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125235-45).<br><br>The J-CON system enabled a user to select items to add to a requisition (ticket).  (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition.  (L0127659 & L0127675). |
| means for processing the requisition to generate one or more purchase orders for the selected matching items; and | <u>35 U.S.C. § 101</u><br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.  Nowhere in the specification is there a description of a means for generating more than one purchase order for a single requisition.  Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br><u>35 U.S.C. § 102/§ 103</u> |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions.  (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders.  U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col.  18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders.  Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4.  (L0126950).  Requisitions including items purchased from different vendors were split  into different purchase orders by vendor.  (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale.  (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically.  (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order.  (L0127697 & L0127710). |
| means for converting data related to a selected matching item and an associated source to data relating to an item and a different source. | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.  Nowhere in the specification supporting the claims is the function of "converting data related to a selected matching item and an associated source to data relating to an item and a different source" identified or described.  The word "converting" is not even found.  "[S]tructure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim."  The '683 specification lacks such a clear link or association, and therefore the claim is invalid under 35 U.S.C. §112. |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
|  | <u>35 U.S.C. § 102/§ 103</u><br>    Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master.  (L0012924, L0012942).  The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order.  (L0012942).  Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available.  (L0012942).<br><br>The Fisher RIMS system used cross-reference tables to associates items from different catalogs.  U.S. Pat. No. 5,712,989 at col. 3:32-36 & 33:52 – 34:67 (ePLUS0137692 & ePLUS0137707).<br><br>U.S. Patent No. 5,319,542 discloses accessing multiple catalogs.  Col. 2:20-26,  col. 7:50-52 & col. 8:34-36 (ePLUS0130302 & ePLUS130305).  Generally equivalent items can be displayed simultaneously.  Col. 2:20-26 (ePLUS0130302).  Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog.  Col. 7:36-38 (ePLUS130305).<br><br>During Purchase Order generation on the P.O. Writer system, the vendor listed on the requisition could be automatically converted to different vendors.  (L012976-80).<br><br>The SABRE system created a list of items having similar criteria to the selected item.  (L0125296).<br><br>The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange.  (L0123625). |
| 6. An electronic sourcing system comprising: | <u>35 U.S.C. § 101</u><br>    Claim 6 is directed to a process without any meaningful limitations directed to a machine.  See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>The specification of the '683 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search.  See, e.g., Summary of Invention.  Claim 6 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>Claim 6 is directed to indefinite subject matter because at least one limitation of claim 6 is indefinite.  See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 102/§ 103</u> |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | Lawson software available prior to August 10, 1994 anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited.<br><br>The Fisher RIMS system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS is an electronic sourcing system.  U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 renders claim 6 obvious either alone or in combination with the other prior art cited.  U.S. Patent No. 5,319,542 discloses an electronic sourcing system.  Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 6 obvious either alone or in combination with the other prior art cited.  U.S. Patent No. 5,694,551 discloses an electronic sourcing system.  Abstract (ePLUS0137969).<br><br>The P.O. Writer system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited.  The P.O. Writer system is an electronic sourcing system.  (L0126506).<br><br>The SABRE system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited.  The SABRE system is an electronic sourcing system.  (L0125236).<br><br>The J-CON system renders claim 6 obvious either alone or in combination with the other prior art cited.  The J-CON system is an electronic sourcing system.  (L0123423).<br><br>The Gateway system renders claim 6 obvious either alone or in combination with the other prior art cited.  The Gateway system is an electronic sourcing system.  (L0127643).<br><br>The IBM TV/2 system renders claim 6 obvious either alone or in combination with the other prior art cited.  The IBM TV/2  system is an electronic sourcing system.  (L0132126). |
| a database containing data relating to items associated with at least two sources; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as "database" is not necessarily an electronic compilation of data and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of Lawson's Purchase Order Module enabled a user to associate items with multiple vendors. (L0013209-10, L0013286, L0015703-07). |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
|  | The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors.  Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs.  (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236).<br><br>The Gateway system stored multiple catalogs on a database.  (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs.  (L0132126). |
| means for searching for matching items in the database; | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.  The only discussion in the specification of how this function is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  However, concatenate has been construed "simply to mean that the selected catalogs are searched as a group" and as not necessarily requiring the selected catalogs to be joined.  (Markman Order at 12 (Dkt. No. 229 from *ePlus, Inc. v. Ariba, Inc.*, No. 04-612)).  Unless a different definition of concatenate is adopted which includes sufficient structure, "concatenate" fails to provide any structure corresponding to this limitation.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617). |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924).<br><br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| means for building a requisition using data relating to selected matching items and their associated source(s); | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>    The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>    Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | (L0009741).  An order could be created from items retrieved from the database by item number.  (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information from multiple sources.  U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items.  Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125235-45).<br><br>The J-CON system enabled a user to select items to add to a requisition (ticket).  (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition.  (L0127659 & L0127675). |
| means for processing the requisition to generate one or more purchase orders for the selected matching items; and | <u>35 U.S.C. § 101</u><br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.  Nowhere in the specification is there a description of a means for generating more than one purchase order for a single requisition. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions.  (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders.  U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col.  18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699). |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | U.S. Patent No. 5,694,551 discloses generating multiple purchase orders.  Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4.  (L0126950).  Requisitions including items purchased from different vendors were split  into different purchase orders by vendor.  (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale.  (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically.  (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order.  (L0127697 & L0127710). |
| means for converting data relating to a selected matching item and an associated source to data relating to an item and a different source. | <u>35 U.S.C. § 101</u><br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br><br>The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.  Also, the specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.  Nowhere in the specification supporting the claims is the function of "converting data related to a selected matching item and an associated source to data relating to an item and a different source" identified or described.  The word "converting" is not even found.  "[S]tructure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim."  The '683 specification lacks such a clear link or association, and therefore the claim is invalid under 35 U.S.C. §112.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master.  (L0012924, L0012942).  The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order.  (L0012942).  Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available.  (L0012942).<br><br>The Fisher RIMS system used cross-reference tables to associates items from different catalogs.  U.S. Pat. No. |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | 5,712,989 at col. 3:32-36 & 33:52 – 34:67 (ePLUS0137692 & ePLUS0137707).<br><br>U.S. Patent No. 5,319,542 discloses accessing multiple catalogs. Col. 2:20-26, col. 7:50-52 & col. 8:34-36 (ePLUS0130302 & ePLUS130305). Generally equivalent items can be displayed simultaneously. Col. 2:20-26 (ePLUS0130302). Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog. Col. 7:36-38 (ePLUS130305).<br><br>During Purchase Order generation on the P.O. Writer system, the vendor listed on the requisition could be automatically converted to different vendors. (L012976-80).<br><br>The SABRE system created a list of items having similar criteria to the selected item. (L0125296).<br><br>The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange. (L0123625). |
| 26. A method comprising the steps of: | 35 U.S.C. § 101<br>   Claim 26 is directed to a process without any meaningful limitations directed to a machine. See below for a   discussion of the individual elements.<br><br>35 U.S.C. § 112 ¶ 1<br>   The specification of the '683 patent does not enable claim 26 because the specification does not enable the full scope   of at least one element of claim 26. See below for a discussion of the individual elements.<br><br>   The specification of the '683 patent shows that the invention requires transmission of information between a   requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of   a database search. See, e.g., Summary of Invention. Claim 26 does not, however, recite transmitting information and   therefore fails the written description and enablement requirements.<br><br>35 U.S.C. § 112 ¶ 2<br>   Claim 26 is directed to indefinite subject matter because at least one limitation of claim 26 is indefinite. See below   for a discussion of the individual elements.<br><br>35 U.S.C. § 102/§ 103<br>   Lawson software available prior to August 10, 1994 renders claim 26 obvious either alone or in combination with the   other prior art cited.<br><br>   The Fisher RIMS system anticipates claim 26 and renders claim 26 obvious either alone or in combination with the |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | other prior art cited. |
| | U.S. Patent No. 5,319,542 renders claim 26 obvious either alone or in combination with the other prior art cited. |
| | U.S. Patent No. 5,694,551 renders claim 26 obvious either alone or in combination with the other prior art cited. |
| | The P.O. Writer system anticipates claim 26 and renders claim 26 obvious either alone or in combination with the other prior art cited. |
| | The SABRE system anticipates claim 26 and renders claim 26 obvious either alone or in combination with the other prior art cited. |
| | The J-CON system renders claim 26 obvious either alone or in combination with the other prior art cited. |
| | The Gateway system anticipates claim 26 and renders claim 26 obvious either alone or in combination with the other prior art cited. |
| | The IBM TV/2 system renders claim 26 obvious either alone or in combination with the other prior art cited. |
| maintaining at least two products catalogs on a database containing data relating to items associated with the respective sources; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as "database" and "catalogs" are not necessarily an electronic compilation of data and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "the respective sources" is indefinite.  It lacks an indication as to what the sources are respective.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors.  Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001). |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
|  | The P.O. Writer system had an electronic database for storing multiple catalogs.  (L0127571, L0126552 & L0126661-62). |
|  | The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236). |
|  | The Gateway system stored multiple catalogs on a database.  (L0127660 & L0127872). |
|  | The IBM TV/2 system stored multiple catalogs.  (L0132126). |
| selecting the product catalogs to search; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system used criteria associated with the databases to limit which databases were searched.  U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).<br><br>U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search.  Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID.  (L0126501 & L0126944-46).<br><br>The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name.  (L0127660). |
| searching for matching items among the selected product catalogs; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
|  | <u>35 U.S.C. § 112 ¶ 1</u><br>    The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  This is insufficient support to show possession of the invention.<br><br><u>35 U.S.C. § 102/§ 103</u><br>    Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617).  Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67).  Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924).<br><br>    The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information.  U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>    U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs.  Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>    U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>    The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item.  (L0127525).<br><br>    The SABRE system enabled a user to search for items using various criteria.  (L0125267, L0125276, L0125283 & L0125287).<br><br>    The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user.  (L0123472).<br><br>    The Gateway system enabled a user to search and select items once a catalog was selected.  (L0127661).<br><br>    The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers.  (L0132133). |
| building a requisition using data | <u>35 U.S.C. § 101</u> |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| relating to selected matching items and their associated sources; | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order.  (L0009741).  An order could be created from items retrieved from the database by item number.  (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information.  U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items.  Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7.  (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125235-45).<br><br>The J-CON system enabled  a user to select items to add to a requisition (ticket).  (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition.  (L0127659 & L0127675). |
| processing the requisition to generate one or more purchase orders for the selected matching items; and | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>Nowhere in the specification is there a description of a way to generate more than one purchase order for a single requisition.  The specification fails to show possession of the invention.<br><br>35 U.S.C. § 112 ¶ 2 |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions.  (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders.  U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col.  18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders.  Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4.  (L0126950).  Requisitions including items purchased from different vendors were split  into different purchase orders by vendor.  (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale.  (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically.  (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order.  (L0127697 & L0127710). |
| determining whether a selected matching item is available in inventory. | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The term "inventory" is indefinite.  The limitation lacks an indication as to which inventory is being referenced.  The phrase "selected matching items" is also indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master.  (L0012924, L0012942).  The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order.  (L0012942).  Additionally, Version 6.0 of Lawson's |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available.  (L0012942).<br><br>The Fisher RIMS system included a code that limited item searches to particular Distributor warehouses and backordered if the item was not found.  U.S. Pat. No. 5,712,989 at col. 22:36-47 (ePLUS0137701).<br><br>U.S. Patent No. 5,694,551 discloses the determining which items are backordered, i.e. not available in inventory.  Fig. 11 (ePLUS0137980).<br><br>The P.O. Writer included an inventory Control Module that enabled tracking of on-hand inventory balances. (L0126633).<br><br>The SABRE system enabled a user to determine the availability of flights.   (L0125267).<br><br>The J-CON system enabled a user to determine whether and how many of a particular item was available in stock. (L0123608 & L0123612).<br><br>The Gateway system enabled a user to determine whether a particular item was available in stock.  (L0127659). |
| 28. A method comprising the steps of: | 35 U.S.C. § 101<br>    Claim 28 is directed to a process without any meaningful limitations directed to a machine.  See below for a<br>     discussion of the individual elements.<br><br>35 U.S.C. § 112 ¶ 1<br>    The specification of the '683 patent does not enable claim 28 because the specification does not enable the full scope<br>    of at least one element of claim 28.  See below for a discussion of the individual elements.<br><br>    The specification of the '683 patent fails to describe every element of claim 28.  See below for a discussion of the<br>    individual elements.<br><br>    The specification of the '683 patent shows that the invention requires transmission of information between a<br>    requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of<br>    a database search.  See, e.g., Summary of Invention.  Claim 28 does not, however, recite any transmission means and<br>    therefore fails the written description and enablement requirements.<br><br>35 U.S.C. § 112 ¶ 2<br>    Claim 28 is directed to indefinite subject matter because at least one limitation of claim 28 is indefinite.  See below |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | for a discussion of the individual elements.<br><br>35 U.S.C. § 102/§ 103<br>Lawson software available prior to August 10, 1994 renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The Fisher RIMS system anticipates claim 28 and renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>U.S. Patent No. 5,319,542 renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>U.S. Patent No. 5,694,551 renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The P.O. Writer system anticipates claim 28 and renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The SABRE system anticipates claim 28 and renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The J-CON system renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The Gateway system renders claim 28 obvious either alone or in combination with the other prior art cited.<br><br>The IBM TV/2 system renders claim 28 obvious either alone or in combination with the other prior art cited. |
| maintaining at least two product catalogs on a database containing data relating to items associated with the respective sources; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as "database" and "catalogs" are not necessarily an electronic compilation of data and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "the respective sources" is indefinite.  It lacks an indication as to what the sources are respective.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692). |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors.  Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs.  (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236).<br><br>The Gateway system stored multiple catalogs on a database.  (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs.  (L0132126). |
| selecting the product catalogs to search; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.<br><br>The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  This is insufficient support to show possession of the invention.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system used criteria associated with the databases to limit which databases were searched.  U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).<br><br>U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search.  Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID. |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | (L0126501 & L0126944-46).<br><br>The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name.  (L0127660). |
| searching for matching items among the selected product catalogs; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  This is insufficient support to show possession of the invention.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617).  Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67).  Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924).<br><br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information.  U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs.  Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item.  (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria.  (L0125267, L0125276, L0125283 & |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user.  (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected.  (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers.  (L0132133). |
| building a requisition using data relating to selected matching items and their associated source(s); | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order.  (L0009741).  An order could be created from items retrieved from the database by item number.  (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information.  U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items. Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7.  (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125235-45).<br><br>The J-CON system enabled  a user to select items to add to a requisition (ticket).  (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition.  (L0127659 & L0127675). |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| processing the requisition to generate one or more purchase orders for the selected matching items; and | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>There is no description in the specification of how to process more than one purchase order from a single requisition, so the specification fails to show possession of the invention.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions.  (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders.  U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col.  18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders.  Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4.  (L0126950).  Requisitions including items purchased from different vendors were split  into different purchase orders by vendor.  (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale.  (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically.  (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order.  (L0127697 & L0127710). |
| converting data relating to a selected matching item and an associated source to data relating to an item and | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| a different source. | **35 U.S.C. § 112 ¶ 1**<br>The specification of the '683 patent does not describe how and when to convert data.<br><br>**35 U.S.C. § 112 ¶ 2**<br>The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>**35 U.S.C. § 102/§ 103**<br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master.  (L0012924, L0012942).  The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order.  (L0012942).  Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available.  (L0012942).<br><br>The Fisher RIMS system used cross-reference tables to associates items from different catalogs.  U.S. Pat. No. 5,712,989 at col. 3:32-36 & 33:52 – 34:10 (ePLUS0137692 & ePLUS0137707).<br><br>U.S. Patent No. 5,319,542 discloses a accessing multiple catalogs.  Col. 2:20-26,  col. 7:50-52 & col. 8:34-36 (ePLUS0130302 & ePLUS130305).  Generally equivalent items can be displayed simultaneously.  Col. 2:20-26 (ePLUS0130302).  Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog.  Col. 7:36-38 (ePLUS130305).<br><br>During Purchase Order generation on the P.O. Writer system, the vendor listed on the requisition could be automatically converted to different vendors.  (L012976-80).<br><br>The SABRE system created a list of items having similar criteria to the selected item.  (L0125296).<br><br>The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange.  (L0123625). |
| 29. The method of claim 28 further comprising the step of determining whether a selected matching item is available in inventory. | The invalidity contentions regarding claim 28 are incorporates herein by reference.<br><br>**35 U.S.C. § 101**<br>Claim 29 is directed to a process without any meaningful limitations directed to a machine.<br><br>**35 U.S.C. § 112 ¶ 2** |

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The term "inventory" is indefinite. The limitation lacks an indication as to which inventory is being referenced. The phrase "selected matching items" is also indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected. |

The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for determining whether an item is in inventory. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.

35 U.S.C. § 102/§ 103
Lawson software available prior to August 10, 1994 renders claim 29 obvious either alone or in combination with the other prior art cited. Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).

The Fisher RIMS system anticipates claim 29 and renders claim 29 obvious either alone or in combination with the other prior art cited. The Fisher RIMS system included a code that limited item searches to particular Distributor warehouses and backordered if the item was not found. U.S. Pat. No. 5,712,989 at col. 22:36-47 (ePLUS0137701).

U.S. Patent No. 5,694,551 discloses the determining which items are backordered, i.e. not available in inventory. Fig. 11 (ePLUS0137980).

The P.O. Writer system anticipates claim 29 and renders claim 29 obvious either alone or in combination with the other prior art cited. The P.O. Writer included an inventory Control Module that enabled tracking of on-hand inventory balances. (L0126633).

The SABRE system anticipates claim 29 and renders claim 29 obvious either alone or in combination with the other prior art cited. The SABRE system enabled a user to determine the availability of flights. (L0125267).

The J-CON system renders claim 29 obvious either alone or in combination with the other prior art cited. The J-CON system enabled a user to determine whether and how many of a particular item was available in stock. (L0123608 & L0123612).

The Gateway system renders claim 29 obvious either alone or in combination with the other prior art cited. The Gateway system enabled a user to determine whether a particular item was available in stock. (L0127659).

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| 30. The method of claim 28 further comprising the step of determining the applicable price of a selected matching item. | The invalidity contentions regarding claim 28 are incorporates herein by reference. <br><br> 35 U.S.C. § 101 <br>    Claim 30 is directed to a process without any meaningful limitations directed to a machine. <br><br> 35 U.S.C. § 112 ¶ 2 <br>    The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected. <br><br> 35 U.S.C. § 102/§ 103 <br>    The Fisher RIMS system anticipates claim 30 and renders claim 30 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS system included include Distributor's list price, discount codes, and vendor list price in each item record.  U.S. Pat. No. 5,712,989 at col. 3:24-26 & col. 3:50-54 (ePLUS0137692). <br><br>    U.S. Patent No. 5,694,551 discloses associating an item with price information.  Col. 5:3-36, col. 8:47-64 & col. 9:5-21 (ePLUS0138002, ePLUS0138003 & ePLUS0138004). <br><br>    The P.O. Writer system anticipates claim 30 and renders claim 30 obvious either alone or in combination with the other prior art cited.  In the P.O. Writer system, as items are added to the Item Master Record, they can be assigned a STANDARD COST.  (L0126725-26). <br><br>    The SABRE system anticipates claim 30 and renders claim 30 obvious either alone or in combination with the other prior art cited.  The SABRE system enabled a user to display to fare for a given requisition (PNR).  (L0125505-06). <br><br>    The J-CON system renders claim 30 obvious either alone or in combination with the other prior art cited.  The J-CON system enabled to a used to display the price for items.  (L0123606 & L0123608). <br><br>    The Gateway system renders claim 30 obvious either alone or in combination with the other prior art cited.  The Gateway system automatically calculated and displayed the extended price for an item.  (L012650 & L0127662). |
| 31. A method comprising the steps of: | 35 U.S.C. § 101 <br>    Claim 31 is directed to a process without any meaningful limitations directed to a machine.  See below for a discussion of the individual elements. <br><br> 35 U.S.C. § 112 ¶ 1 <br>    The specification of the '683 patent fails to describe every element of claim 31.  See below for a discussion of the |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | individual elements.<br><br>The specification of the '683 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search.  See, e.g., Summary of Invention.  Claim 31 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>Claim 31 is directed to indefinite subject matter because at least one limitation of claim 31 is indefinite.  See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 102/§ 103</u><br>Lawson software available prior to August 10, 1994 anticipates claim 31 and renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>The Fisher RIMS system anticipates claim 31 and renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>U.S. Patent No. 5,319,542 renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>U.S. Patent No. 5,694,551 renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>The P.O. Writer system anticipates claim 31 and renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>The SABRE system anticipates claim 31 and renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>The J-CON system renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>The Gateway system renders claim 31 obvious either alone or in combination with the other prior art cited.<br><br>The IBM TV/2 system renders claim 31 obvious either alone or in combination with the other prior art cited. |
| maintaining a database containing data relating to items associated with at least two sources; | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as "database" and "catalogs" are not necessarily an electronic compilation of data and, in any event, storage of an electronic compilation of data on a computer would |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | be insignificant extra-solution activity.<br><br>35 U.S.C. § 102/§ 103<br>    Version 6.0 of Lawson's Purchase Order Module enabled a user to associate items with multiple vendors. (L0013209-10, L0013286, L0015703-07).<br><br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors.  Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs.  (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236).<br><br>The Gateway system stored multiple catalogs on a database.  (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs.  (L0132126). |
| searching for matching items among the data relating to the items; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 102/§ 103<br>    Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617).  Alternatively, Version 6.0 of the Lawson's Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67).  Versions 6 of Lawson's Inventory Control Module also enabled a user to search for an item by generic name. (L0012924). |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information.  U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs.  Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item.  (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria.  (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user.  (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected.  (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers.  (L0132133). |
| building a requisition using data relating to selected matching items and their associated sources; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741).  An order could be created from items retrieved from the database by item number.  (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information.  U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95). |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | U.S. Patent No. 5,694,551 discloses building a requisition from the selected items.  Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125235-45).<br><br>The J-CON system enabled  a user to select items to add to a requisition (ticket).  (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition.  (L0127659 & L0127675). |
| processing the requisition to generate purchase orders using data relating to selected matching items and their associated source(s); and | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>There is no description in the specification of how to process "purchase orders" (plural) from a single requisition, so the specification fails to show possession of the invention.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions.  (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders.  U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col.  18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders.  Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4.  (L0126950). |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | Requisitions including items purchased from different vendors were split into different purchase orders by vendor. (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale. (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically. (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order. (L0127697 & L0127710). |
| converting data relating to a selected matching item and an associated source to data relating to an item and a different source. | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification of the '683 patent does not describe how and when to convert data.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).<br><br>The Fisher RIMS system used cross-reference tables to associates items from different catalogs. U.S. Pat. No. 5,712,989 at col. 3:32-36 & 33:52 – 34:10 (ePLUS0137692 & ePLUS0137707).<br><br>U.S. Patent No. 5,319,542 discloses a accessing multiple catalogs. Col. 2:20-26, col. 7:50-52 & col. 8:34-36 (ePLUS0130302 & ePLUS130305). Generally equivalent items can be displayed simultaneously. Col. 2:20-26 (ePLUS0130302). Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog. Col. 7:36-38 (ePLUS130305).<br><br>During Purchase Order generation on the P.O. Writer system, the vendor listed on the requisition could be |

| '683 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | automatically converted to different vendors.  (L012976-80).<br><br>The SABRE system created a list of items having similar criteria to the selected item.  (L0125296).<br><br>The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange.  (L0123625). |

## U.S. Patent 6,055,516

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| 1. An electronic sourcing system comprising: | <u>35 U.S.C. § 101</u><br>    Claim 1 is directed to a process without any meaningful limitations directed to a machine.  See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>    The specification of the '516 patent does not enable claim 1 because the specification does not enable the full scope of at least one element of claim 1.  See below for a discussion of the individual elements.<br><br>    The specification of the '516 patent does not describe every limitation of claim 1.  See below for a discussion of the individual elements.<br><br>    The specification of the '516 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search.  See, e.g., Summary of Invention.  Claim 1 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>    The '516 specification shows that the described invention requires an electronic sourcing system that includes both searching and a requisition/purchasing system.  See Background of invention, Summary of Invention.  However, claim 1 recites only catalog selection-related functions.  No searching or requisition/purchasing functionality is recited.  Failure to include limitations commensurate with the invention described in the specification renders the claim invalid under 35 U.S.C. §112.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>    Claim 1 is directed to indefinite subject matter because at least one limitation of claim 1 is indefinite.  See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 102/§ 103</u><br>    The Fisher RIMS system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS is an electronic sourcing system.  U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691). |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | U.S. Patent No. 5,319,542 anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited.  It discloses an electronic sourcing system.  Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 1 obvious either alone or in combination with the other prior art cited.  U.S. Patent No. 5,694,551 discloses an electronic sourcing system.  Abstract (ePLUS0137969).<br><br>The P.O. Writer system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited.  The P.O. Writer system is an electronic sourcing system.  (L0126506).<br><br>The SABRE system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited.  The SABRE system is an electronic sourcing system.  (L0125236).<br><br>The J-CON system renders claim 1 obvious either alone or in combination with the other prior art cited.  The J-CON system is an electronic sourcing system.  (L0123423).<br><br>The Gateway system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited.  The Gateway system is an electronic sourcing system.  (L0127643).<br><br>The IBM TV/2 system renders claim 1 obvious either alone or in combination with the other prior art cited.  The IBM TV/2  system is an electronic sourcing system.  (L0132126). |
| a collection of catalogs of items stored in an electronic format; | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as storage of electronic catalogs on a computer would be insignificant extra-solution activity.<br><br><u>35 U.S.C. § 102/§ 103</u><br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors.  Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs.  (L0127571, L0126552 & L0126661- |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | 62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236).<br><br>The Gateway system stored multiple catalogs on a database.  (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs.  (L0132126). |
| a first set of pre-determined criteria associated with said collection of catalogs; | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>The specification of the '516 patent fails to describe this limitation.  The specification nowhere uses the term "pre-determined."  Nor is a "first set" of criteria and a "second set" of criteria anywhere used.<br><br><u>35 U.S.C. § 102/§ 103</u><br>The Fisher RIMS system discloses databases associated with specific criteria.  U.S. Pat. No. 5,712,989 at col. 3:10-14 & col. 3:18-28 (ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses three separate databases associated with specific criteria: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1, col. 2:20-26 & col. 7:5-29 (ePLUS0130298, ePLUS130302 & ePLUS 0130305).<br><br>The P.O. Writer system associated a collection of catalogs with CATALOGUE IDs.  (L0127525).<br><br>The SABRE system associated database portions with different criteria.  For example, specific portions of the airline flights database were associated with different airlines.  (L0125283).<br><br>The Gateway system associated each catalog with a name.  (L0127660). |
| a second set of pre-determined criteria associated with items from each of said catalogs; | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 1</u> |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
|  | The specification of the '516 patent fails to describe this limitation.  The specification nowhere uses the term "pre-determined."  Nor is a "first set" of criteria and a "second set" of criteria anywhere used.<br><br>35 U.S.C. § 102/§ 103<br>  The Fisher RIMS system associated items with specific criteria.  U.S. Pat. No. 5,712,989 at col. 6:31-34& col. 8:24-29 (ePLUS0137693 & ePLUS0137694).<br><br>  U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs.  Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>  U.S. Patent No. 5,694,551 discloses associating items with product groups or keywords.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>  The P.O. Writer system associated items with criteria, including item number, item description, and commodity code, that at least partially describes a desired item.  (L0127525 & L0127528).<br><br>  The SABRE system associated items with various criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number.  (L0125295).<br><br>  The J-CON system included mechanisms and screen displays for entering product information that was descriptive of items in the parts database.  (L0123613).<br><br>  The Gateway system associated information with each item in the catalogs.  (L0127661).<br><br>  The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers.  (L0132133). |
| a catalog selection protocol, said catalog selection protocol relying on said first set of pre-determined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs,  wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a | 35 U.S.C. § 101<br>  This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>  The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.<br><br>  The specification only describes matching a vendor identification code with a catalog from a single vendor and does not enable a matching a matching a vendor identification code with catalogs from more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party. |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| predetermined third party that is one of a manufacturer and a competing vendor, said predetermined third party selling items corresponding to items in said vendor catalog; and | The specification of the '516 patent fails to describe a vendor identification code associated with more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party.<br><br>The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  This is insufficient support to show possession of the invention.<br><br>35 U.S.C. § 112 ¶ 2<br>This claim is indefinite because it includes both apparatus and method limitations.  Specifically, this element requires the method steps of "said catalog selection protocol relying on said first set of pre-determined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs" and "said predetermined third party selling items corresponding to items in said vendor catalog."  It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run and a third party sells the corresponding item.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system used criteria associated with the databases to limit which databases were searched.  U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).  The Fisher RIMS system also used a product-type code associated with a particular group of vendors.  U.S. Pat. No. 5,712,989 at col. 5:28-33, col. 5:37-42 & cols. 37-44 (ePLUS0137693 & ePLUS0137709-11).<br><br>U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search.  Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID. (L0126501 & L0126944-46).<br><br>The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name.  (L0127660). |
| a search program, said search program relying on said second set of criteria to select specific items from said catalogs determined from said | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| catalog selection protocol. | <u>35 U.S.C. § 112 ¶ 1</u><br>The specification of the '516 patent fails to describe this limitation. The specification nowhere discusses a "first set" of criteria and a "second set" of criteria.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>The phrase "said catalogs determined from said catalog selection protocol" is indefinite. It is unclear whether the catalogs determined from the catalog selection protocol refers to the "less than said entire collection of catalogs" or the subset of catalogs associated with the vendor identification code. Furthermore, this claim is indefinite because it includes both apparatus and method limitations. Specifically, this element requires the method step of "said search program relying on said second set of criteria to select specific items." It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run.<br><br><u>35 U.S.C. § 102/§ 103</u><br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information and added information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| 2. An electronic sourcing system as | The invalidity contentions regarding claim 1 are incorporates herein by reference. |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| recited in claim 1, wherein catalogs comprising said collection of catalogs are stored in separate databases. | **35 U.S.C. § 101**<br>    Claim 2 does not impose any meaningful machine limitations as storage of electronic catalogs on two computers would be insignificant extra-solution activity.<br><br>**35 U.S.C. § 102/§ 103**<br>    The Fisher RIMS system anticipates claim 2 and renders claim 2 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS can use several databases.  U.S. Pat. No. 5,712,989 at Fig. 1 & col. 3:10-15 (ePLUS0137679 & ePLUS0137692).<br><br>    U.S. Patent No. 5,319,542 anticipates claim 2 and renders claim 2 obvious either alone or in combination with the other prior art cited.  It discloses locating different private catalogs on separate computer systems.  Col. 7:5-29 (ePLUS0130305). |
| 5. An electronic sourcing system as recited in claim 1, further including a cross reference table linking a vendor item catalog number from said vendor with an item catalog number from said predetermined third party. | The invalidity contentions regarding claim 1 are incorporates herein by reference.<br><br>**35 U.S.C. § 101**<br>    Claim 5 is directed to a process without any meaningful limitations directed to a machine.<br><br>**35 U.S.C. § 102/§ 103**<br>    The Fisher RIMS system anticipates claim 5 and renders claim 5 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS system had a table for cross-referencing catalog number.  U.S. Pat. No. 5,712,989 at col. 3:32-36, 8:32-39 & col. 8:46-52 (ePLUS0137695 & ePLUS0137694).<br><br>    The SABRE system anticipates claim 5 and renders claim 5 obvious either alone or in combination with the other prior art cited.  The SABRE system created a table to cross-reference items.  (L0125296).<br><br>    The J-CON system renders claim 5 obvious either alone or in combination with the other prior art cited.  The J-CON system included a cross-reference module.  (L0123450 & L0123601). |
| 6. An electronic sourcing system as recited in claim 1, wherein said second set of predetermined criteria includes at least one of a catalog number and item textual information. | The invalidity contentions regarding claim 1 are incorporates herein by reference.<br><br>**35 U.S.C. § 101**<br>    Claim 6 is directed to a process without any meaningful limitations directed to a machine.<br><br>**35 U.S.C. § 102/§ 103**<br>    The Fisher RIMS system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | other prior art cited.  The Fisher RIMS system used a catalog number associated with each item.  U.S. Pat. No. 5,712,989 at col. 8:24-29 & cols. 8:64 – 9:2 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,319,542 anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited.  It discloses that the items in the catalogs may be associated with a specific part number.  Col. 5:19-21 (ePLUS0130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited.  The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item.  (L0127525).<br><br>The SABRE system anticipates claim 6 and renders claim 6 obvious either alone or in combination with the other prior art cited.  The SABRE system associated items with various textual criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number.  (L0125295).<br><br>The J-CON system renders claim 6 obvious either alone or in combination with the other prior art cited.  The J-CON system enabled a user to enter part numbers as a basis for searching the database for desired items.  (L0123625).<br><br>The IBM TV/2 system renders claim 6 obvious either alone or in combination with the other prior art cited.  The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers.  (L0132133). |
| 9. An electronic sourcing system comprising: | 35 U.S.C. § 101<br>Claim 9 is directed to a process without any meaningful limitations directed to a machine.  See below for a discussion of the individual elements.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification of the '516 patent does not enable claim 9 because the specification does not enable the full scope of at least one element of claim 9.  See below for a discussion of the individual elements.<br><br>The specification of the '516 patent does not describe every element of claim 9.  See below for a discussion of the individual elements.<br><br>The specification of the '516 patent shows that the invention requires transmission of information between a |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search.  See, e.g., Summary of Invention.  Claim 9 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.

The '516 specification  shows that the described invention requires an electronic sourcing system that includes both searching and a requisition/purchasing system.  See Background of invention, Summary of Invention.  However, claim 9 recites only catalog selection-related functions.  No searching or requisition/purchasing functionality is recited.  Failure to include limitations commensurate with the invention described in the specification renders the claim invalid under 35 U.S.C. §112.

<u>35 U.S.C. § 112 ¶ 2</u>
Claim 9 is directed to indefinite subject matter because at least one limitation of claim 9 is indefinite.  See below for a discussion of the individual elements.

<u>35 U.S.C. § 102/§ 103</u>
The Fisher RIMS system anticipates claim 9 and renders claim 9 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS is an electronic sourcing system.  U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).

U.S. Patent No. 5,319,542 anticipates claim 9 and renders claim 9 obvious either alone or in combination with the other prior art cited.  It discloses that the items in the catalogs may be associated with a specific part number.  Col. 5:19-21 (ePLUS0130304).

U.S. Patent No. 5,694,551 renders claim 9 obvious either alone or in combination with the other prior art cited.  U.S. Patent No. 5,694,551 discloses an electronic sourcing system.  Abstract (ePLUS0137969).

The P.O. Writer system renders claim 9 obvious either alone or in combination with the other prior art cited.  The P.O. Writer system is an electronic sourcing system.  (L0126506).

The SABRE system anticipates claim 9 and renders claim 9 obvious either alone or in combination with the other prior art cited.  The SABRE system is an electronic sourcing system.  (L0125236).

The J-CON system renders claim 9 obvious either alone or in combination with the other prior art cited.  The J-CON system is an electronic sourcing system.  (L0123423).

The Gateway system renders claim 9 obvious either alone or in combination with the other prior art cited.  The Gateway system is an electronic sourcing system.  (L0127643). |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The IBM TV/2 system renders claim 9 obvious either alone or in combination with the other prior art cited.  The IBM TV/2  system is an electronic sourcing system.  (L0132126). |
| a collection of catalogs of items stored in an electronic format; | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as storage of electronic catalogs on a computer would be insignificant extra-solution activity.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses three separate databases associated with specific criteria: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1, col. 2:20-26 & col. 7:5-29 (ePLUS0130298, ePLUS130302 & ePLUS 0130305).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors.  Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs.  (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236).<br><br>The Gateway system stored multiple catalogs on a database.  (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs.  (L0132126). |
| a first identification code associated with a first item in a first catalog; | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 112 ¶ 1**<br>The specification of the '516 patent fails to describe this limitation.  The specification nowhere uses the term "identification code." |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | <u>35 U.S.C. § 102/§ 103</u><br>The Fisher RIMS system associated items with specific criteria.  U.S. Pat. No. 5,712,989 at col. 6:31-34& col. 8:24-29 (ePLUS0137693 & ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs.  Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses associating items with product groups or keywords.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system associated items with criteria, including item number, item description, and commodity code, that at least partially describes a desired item.  (L0127525 & L0127528).<br><br>The SABRE system associated items with various criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number.  (L0125295).<br><br>The Gateway system associated information with each item in the catalogs.  (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers.  (L0132133). |
| a second identification code associated with a second item in a second catalog, said first item and said second item being generally equivalent, and wherein a selection of one identification code from one of said first and second catalogs provides the other identification code from the other of said catalogs. | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>The specification of the '516 patent only describes cross-referencing the same item in different catalogs and does not enable cross-referencing "generally equivalent" items or even how to determine which items are generally equivalent.<br><br>The specification of the '516 patent fails to describe this limitation.  The specification nowhere uses the term "identification code."<br><br>The specification of the '516 patent fails to describe "generally equivalent" items.<br><br><u>35 U.S.C. §112 ¶ 2</u><br>The term "generally equivalent" is not defined anywhere in the specification and is too subjective to be sufficiently definite. |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
|  | 35 U.S.C. § 102/§ 103<br><br>The Fisher RIMS system used cross-reference tables to associates items from different catalogs.  U.S. Pat. No. 5,712,989 at col. 3:32-36 & 33:52 – 34:10 (ePLUS0137692 & ePLUS0137707).<br><br>U.S. Patent No. 5,319,542 discloses accessing multiple catalogs.  Col. 2:20-26,  col. 7:50-52 & col. 8:34-36 (ePLUS0130302 & ePLUS130305).  Generally equivalent items can be displayed simultaneously.  Col. 2:20-26 (ePLUS0130302).  Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog.  Col. 7:36-38 (ePLUS130305).<br><br>The SABRE system created a list of items having similar criteria to the selected item.  (L0125296). |
| 10. An electronic sourcing system as recited in claim 9, wherein said first identification code is identical to said second identification code. | The invalidity contentions regarding claim 9 are incorporates herein by reference.<br><br>35 U.S.C. § 101<br>Claims does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system anticipates claim 10 and renders claim 10 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS uses a Distributor's catalog number as the identification code for parts from different catalogs.  U.S. Pat. No. 5,712,989 at col. 3:32-36 (ePLUS0137692).<br><br>The J-CON system renders claim 10 obvious either alone or in combination with the other prior art cited.  The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange.  (L0123625). |
| 16. An electronic sourcing system comprising:[1] | 35 U.S.C. § 101<br>Claim 16 is directed to a process without any meaningful limitations directed to a machine.  See below for a discussion of the individual elements.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification of the '516 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result |

---

[1] ePlus has not asserted claim 16.  ePlus has, however, asserted claim 17, which depends from and incorporates all the limitation of claim 16.

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | of a database search.  See, e.g., Summary of Invention.  Claim 16 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>The '516 specification  shows that the described invention requires an electronic sourcing system that includes both searching and a requisition/purchasing system.  See Background of invention, Summary of Invention.  However, claim 16 recites only catalog selection-related functions.  No searching or requisition/purchasing functionality is recited.  Failure to include limitations commensurate with the invention described in the specification renders the claim invalid under 35 U.S.C. §112.  The specification of the '516 patent does not describe any electronic sourcing system invention that does not include a requisition/ purchasing system, which is lacking in claim 16.<br><br>35 U.S.C. § 112 ¶ 2<br>Claim 16 is directed to indefinite subject matter because at least one limitation of claim 16 is indefinite.  See below for a discussion of the individual elements.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system anticipates claim 16 and renders claim 16 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS is an electronic sourcing system.  U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 anticipates claim 16 and renders claim 16 obvious either alone or in combination with the other prior art cited.  It discloses an electronic sourcing system.  Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 16 obvious either alone or in combination with the other prior art cited.  U.S. Patent No. 5,694,551 discloses an electronic sourcing system.  Abstract (ePLUS0137969).<br><br>The P.O. Writer system anticipates claim 16 and renders claim 16 obvious either alone or in combination with the other prior art cited.  The P.O. Writer system is an electronic sourcing system.  (L0126506).<br><br>The SABRE system anticipates claim 16 and renders claim 16 obvious either alone or in combination with the other prior art cited.  The SABRE system is an electronic sourcing system.  (L0125236).<br><br>The J-CON system renders claim 16 obvious either alone or in combination with the other prior art cited.  The J-CON system is an electronic sourcing system.  (L0123423).<br><br>The Gateway system renders claim 16 obvious either alone or in combination with the other prior art cited.  The Gateway system is an electronic sourcing system.  (L0127643). |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The IBM TV/2 system renders claim 16 obvious either alone or in combination with the other prior art cited.  The IBM TV/2  system is an electronic sourcing system.  (L0132126). |
| *at least two product catalogs containing data relating to items such that an item in a first catalog is generally equivalent with an item in a second catalog; and* | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as "catalogs" are not necessarily electronic catalogs and, in any event, storage of electronic catalogs on a computer would be insignificant extra-solution activity.<br><br>**35 U.S.C. §112 ¶ 2**<br>The term "generally equivalent" is not defined anywhere in the specification and is too subjective to be sufficiently definite.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors.  Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs.  (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236).<br><br>The Gateway system stored multiple catalogs on a database.  (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs.  (L0132126). |
| *converting means for converting data relating to said item from said first catalog to data relating to said item from said second catalog.* | **35 U.S.C. § 101**<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 112 ¶ 2** |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
|  | The phrase "selected matching items" is indefinite.  The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.  Nowhere in the specification supporting the claims is the function of "converting data related to a selected matching item and an associated source to data relating to an item and a different source" identified or described.  The word "converting" is not even found.  "[S]tructure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim."  The '683 specification lacks such a clear link or association, and therefore the claim is invalid under 35 U.S.C. §112.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master.  (L0012924, L0012942).  The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order.  (L0012942).  Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available.  (L0012942).<br><br>The Fisher RIMS system used cross-reference tables to associates items from different catalogs.  U.S. Pat. No. 5,712,989 at col. 3:32-36 & 33:52 – 34:67 (ePLUS0137692 & ePLUS0137707).<br><br>U.S. Patent No. 5,319,542 discloses accessing multiple catalogs.  Col. 2:20-26,  col. 7:50-52 & col. 8:34-36 (ePLUS0130302 & ePLUS130305).  Generally equivalent items can be displayed simultaneously.  Col. 2:20-26 (ePLUS0130302).  Once displayed, the criteria associated with one item from a first catalog is associated with an item from a second catalog.  Col. 7:36-38 (ePLUS130305).<br><br>During Purchase Order generation on the P.O. Writer system, the vendor listed on the requisition could be automatically converted to different vendors.  (L012976-80).<br><br>The SABRE system created a list of items having similar criteria to the selected item.  (L0125296).<br><br>The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange.  (L0123625). |
| 17. An electronic sourcing system as recited in claim 16, wherein at least one catalog database contains said | The invalidity contentions regarding claim 16 are incorporates herein by reference.<br><br>35 U.S.C. § 101 |

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| data from each of said catalogs, and said converting means includes a non-catalog database containing a cross-reference table such that use of a reference code corresponding to an entry in said cross-reference table links said item from said first catalog to data relating to said item from said second catalog. | Claim 17 does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification of the '516 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure, or provide a clear link to any structure, corresponding to "converting means."  Claim 17 is also indefinite because the term "non-catalog database" is unclear and internally inconsistent in light of the definition of "catalog" proffered by ePlus and adopted in previous litigation as an organized collection of information about items.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system anticipates claim 17 and renders claim 17 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS uses a single database that is a compilation of the multiple catalogs and a cross-reference table that may be separate from the catalogs.  U.S. Pat. No. 5,712,989 at col. 3: 10-14, col. 3:32-36 & col. 32:16-23 (ePLUS0137692 & ePLUS0137706). |
| 21. An electronic sourcing system comprising: | 35 U.S.C. § 112 ¶ 1<br>The specification of the '516 patent does not enable claim 21 because the specification does not enable the full scope of at least one element of claim 21.  See below for a discussion of the individual elements.<br><br>The specification of the '516 patent does not describe ever limitation of claim 21.  See below for a discussion of the individual elements.<br><br>The specification of the '516 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search.  See, e.g., Summary of Invention.  Claim 21 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>35 U.S.C. § 112 ¶ 2<br>Claim 21 is directed to indefinite subject matter because at least one limitation of claim 21 is indefinite.  See below for a discussion of the individual elements.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system anticipates claim 21 and renders claim 21 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS is an electronic sourcing system.  U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 renders claim 21 obvious either alone or in combination with the other prior art cited.  It |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | discloses an electronic sourcing system.  Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 21 obvious either alone or in combination with the other prior art cited.  U.S. Patent No. 5,694,551 discloses an electronic sourcing system.  Abstract (ePLUS0137969).<br><br>The P.O. Writer system renders claim 21 obvious either alone or in combination with the other prior art cited.  The P.O. Writer system is an electronic sourcing system.  (L0126506).<br><br>The SABRE system renders claim 21 obvious either alone or in combination with the other prior art cited.  The SABRE system is an electronic sourcing system.  (L0125236).<br><br>The J-CON system renders claim 21 obvious either alone or in combination with the other prior art cited.  The J-CON system is an electronic sourcing system.  (L0123423).<br><br>The Gateway system anticipates claim 21 and renders claim 21 obvious either alone or in combination with the other prior art cited.  The Gateway system is an electronic sourcing system.  (L0127643).<br><br>The IBM TV/2 system renders claim 21 obvious either alone or in combination with the other prior art cited.  The IBM TV/2  system is an electronic sourcing system.  (L0132126). |
| a requisition module including data fields, user-generated criteria entered into at least one of said data fields to generate at least partial criteria corresponding to a desired item; | 35 U.S.C. § 112 ¶ 1<br>The specification of the '516 patent fails to describe this limitation.  The specification nowhere uses the term  "user-generated criteria," nor how such criteria is used "to generate at least partial criteria corresponding to a desired item."<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system includes a requisition management module and data screens for a user to enter search criteria.  U.S. Pat. No. 5,712,989 at Fig. 2A, col. 6:31-34, col. 8:24-29 & col. 8:46-51 (ePLUS0137680, ePLUS0137693 & ePLUS0137694).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).  U.S. Patent No. 5,694,551 discloses building a requisition from the selected items.  Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The J-CON system included mechanisms and screen displays for entering product information that was descriptive of items in the parts database.  (L0123613).<br><br>The IBM TV/2 system enabled a user to search for item by entering specific criteria, such as keywords or part |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | numbers.  (L0132133). |
| a catalog collection searching module, said searching module including a collection of catalogs of items stored in an electronic format, a catalog selection criteria used to select less than said entire collection, said searching module being used to generate additional search-module criteria for said data fields of said requisition module; | **35 U.S.C. § 112 ¶ 1**<br>The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.<br><br>The specification of the '516 patent fails to describe this limitation.  The specification nowhere uses the term  "catalog selection criteria," nor does it describe "searching module being used to generate additional search-module criteria for said data fields of said requisition module."<br><br>The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  This is insufficient support to show possession of the invention.<br><br>**35 U.S.C. § 112 ¶ 2**<br>This claim is indefinite because it includes both apparatus and method limitations.  Specifically, this element requires the method step of "searching module being used to generate additional search-module criteria for said data fields of said requisition module."  It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).  The Fisher RIMS system discloses databases associated with specific criteria.  U.S. Pat. No. 5,712,989 at col. 3:10-14 & col. 3:18-28 (ePLUS0137692).  The Fisher RIMS system used criteria associated with the databases to limit which databases were searched.  U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).  The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information and added information.  U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses three separate databases associated with specific criteria: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1, col. 2:20-26 & col. 7:5-29 (ePLUS0130298, ePLUS130302 & ePLUS 0130305).  U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search.  Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors.  Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001). |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62). The P.O. Writer system associated a collection of catalogs with CATALOGUE IDs. (L0127525). The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID. (L0126501 & L0126944-46).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236). The SABRE system associated database portions with different criteria. For example, specific portions of the airline flights database were associated with different airlines. (L0125283). The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines. (L0125283 & L0125285).<br><br>The J-CON system enabled a user to enter part numbers as a basis for searching the database for desired items and the results would display additional information. (L0123625).<br><br>The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872). The Gateway system associated each catalog with a name. (L0127660). The Gateway system enabled a user to select a catalog by name. (L0127660).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| a multiple purchase order generation module, said purchase order generation module creating multiple purchase orders from a single requisition created with said user-generated criteria and said search-module criteria; | 35 U.S.C. § 112 ¶ 1<br>The specification of the '516 patent fails to describe this limitation. The specification nowhere uses the term "user-generated criteria," nor does it describe "search-module criteria," nor how a requisition is created with such criteria.<br><br>Nowhere in the specification is there a description of a way to generate more than one purchase order for a single requisition. The specification fails to show possession of the invention.<br><br>35 U.S.C. § 112 ¶ 2<br>This claim is indefinite because it includes both apparatus and method limitations. Specifically, this element requires the method step of "creating multiple purchase orders from a single requisition." It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run<br><br>This claim is also indefinite because the specification of the '516 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure, or provide a clear link to any structure, corresponding to the "multiple purchase order generation module." Nowhere in the specification is there a description of a means for generating more than one purchase order for a single requisition. Because no other structure is described in the '683 specification |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | that corresponds to this function, the claim is indefinite.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system processed requisitions to generate multiple purchase orders.  U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col.  18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders.  Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The J-CON system generated multiple purchase orders from a single requisition in a number of different ways. (L0123617). |
| wherein each of at least two catalogs include a generally equivalent item from a different source, said requisition module working in combination with said catalog searching module to determine multiple sources for said item; | 35 U.S.C. § 112 ¶ 2<br>The term "generally equivalent" is not defined anywhere in the specification and is too subjective to be sufficiently definite.<br><br>This claim is indefinite because it includes both apparatus and method limitations.  Specifically, this element requires the method step of "said requisition module working in combination with said catalog searching module."  It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).  The Fisher RIMS system had a table for cross-referencing catalog number.  U.S. Pat. No. 5,712,989 at col. 3:32-36, 8:32-39 & col. 8:46-52 (ePLUS0137695 & ePLUS0137694).<br><br>The IBM TV/2 system stored multiple catalogs.  (L0132126).  The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers.  (L0132133).  The IBM TV/2 system enabled adding items to a requisition.  (L0132133). |
| wherein said multiple sources is limited by said catalog searching module providing a match according to said user-generated criteria, said search-module criteria and a determination system that located | 35 U.S.C. § 112 ¶ 1<br>The specification of the '516 patent does enable "a determination system a determination system that located items are generally equivalent."<br><br>The specification of the '516 patent does not describe "a determination system a determination system that located items are generally equivalent." |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| items are generally equivalent; and | The term "generally equivalent" is not defined anywhere in the specification and is too subjective to be sufficiently definite.  Nowhere does the patent describe limiting the multiple sources by a search module providing a match according to said user-generated criteria, said search-module criteria and a determination system that located items are generally equivalent.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system used product type information to limit which databases were searched.  U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699-70).  The product type information was generated based on information input by the user.  U.S. Pat. No. 5,712,989 at col. 8:40-55 (ePLUS0137694).  The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).  The Fisher RIMS system had a table for cross-referencing catalog number.  U.S. Pat. No. 5,712,989 at col. 3:32-36, 8:32-39 & col. 8:46-52 (ePLUS0137695 & ePLUS0137694).<br><br>The J-CON Manual used a cross-reference module to determine if items are generally equivalent.  (L0123450 & L0123601).<br><br>The Gateway system enabled a user to select a catalog by name.  (L0127660). |
| wherein said determination system includes a cross reference table matching an identification code from a first located item with a second identification code from a second located item. | 35 U.S.C. §112 ¶ 1<br>Nowhere in the specification is a cross reference table described.<br><br>35 U.S.C. § 112 ¶ 2<br>This claim is indefinite because it includes both apparatus and method limitations.  Specifically, this element requires the method step of "a cross reference table matching an identification code."  It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run and a third party sells the corresponding item.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system had a table for cross-referencing catalog number.  U.S. Pat. No. 5,712,989 at col. 3:32-36, 8:32-39 & col. 8:46-52 (ePLUS0137695 & ePLUS0137694).<br><br>The SABRE system created a table to cross-reference items.  (L0125296).<br><br>The J-CON Manual used a cross-reference module to determine if items are generally equivalent.  (L0123450 & L0123601). |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| 22. An electronic sourcing system as recited in claim 21, wherein said determination system includes an identical identification code for each of said located items. | The invalidity contentions regarding claim 22 are incorporates herein by reference.<br><br>35 U.S.C. § 102/§ 103<br>    The Fisher RIMS system anticipates claim 22 and renders claim 22 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS uses a Distributor's catalog number as the identification code for parts from different catalogs.  U.S. Pat. No. 5,712,989 at col. 3:32-36 (ePLUS0137692).<br><br>    The J-CON system renders claim 22 obvious either alone or in combination with the other prior art cited.  The J-CON system located interchangeable part from different catalogs are associated with a "competitive part number" in the cross-referencing module InterChange.  (L0123625). |
| 29. An electronic sourcing system comprising: | 35 U.S.C. § 101<br>    Claim 29 is directed to a process without any meaningful limitations directed to a machine.  See below for a discussion of the individual elements.<br><br>35 U.S.C. § 112 ¶ 1<br>    The specification of the '516 patent does not enable claim 29 because the specification does not enable the full scope of at least one element of claim 29.  See below for a discussion of the individual elements.<br><br>    The specification of the '516 patent does not describe every limitation of claim 29.  See below for a discussion of the individual elements.<br><br>    The specification of the '516 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search.  See, e.g., Summary of Invention.  Claim 29 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>    The '516 specification shows that the described invention requires an electronic sourcing system that includes both searching and a requisition/purchasing system.  See Background of invention, Summary of Invention.  However, claim 29 recites only catalog selection-related functions.  No searching or requisition/purchasing functionality is recited.  Failure to include limitations commensurate with the invention described in the specification renders the claim invalid under 35 U.S.C. §112.<br><br>35 U.S.C. § 112 ¶ 2<br>    Claim 29 is directed to indefinite subject matter because at least one limitation of claim 29 is indefinite.  See below for a discussion of the individual elements. |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | **35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system renders claim 29 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS is an electronic sourcing system.  U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 anticipates claim 29 and renders claim 29 obvious either alone or in combination with the other prior art cited.  It discloses an electronic sourcing system.  Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 29 obvious either alone or in combination with the other prior art cited.  U.S. Patent No. 5,694,551 discloses an electronic sourcing system.  Abstract (ePLUS0137969).<br><br>The P.O. Writer system renders claim 29 obvious either alone or in combination with the other prior art cited.  The P.O. Writer system is an electronic sourcing system.  (L0126506).<br><br>The SABRE system anticipates claim 29 and renders claim 29 obvious either alone or in combination with the other prior art cited.  The SABRE system is an electronic sourcing system.  (L0125236).<br><br>The J-CON system renders claim 29 obvious either alone or in combination with the other prior art cited.  The J-CON system is an electronic sourcing system.  (L0123423).<br><br>The Gateway system renders claim 29 obvious either alone or in combination with the other prior art cited.  The Gateway system is an electronic sourcing system.  (L0127643).<br><br>The IBM TV/2 system renders claim 29 obvious either alone or in combination with the other prior art cited.  The IBM TV/2  system is an electronic sourcing system.  (L0132126). |
| a collection of catalogs of items stored in an electronic format; | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as storage of electronic catalogs on a computer would be insignificant extra-solution activity.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236).<br><br>The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs. (L0132126). |
| a first set of pre-determined criteria associated with said collection of catalogs; | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>The specification of the '516 patent fails to describe this limitation. The specification nowhere uses the term "pre-determined." Nor does the specification discuss a first and second set of pre-determined criteria. Also, the specification only associates a catalog with a vendor identification code and not with any other criteria.<br><br><u>35 U.S.C. § 102/§ 103</u><br>The Fisher RIMS system discloses databases associated with specific criteria. U.S. Pat. No. 5,712,989 at col. 3:10-14 & col. 3:18-28 (ePLUS0137692).<br><br>U.S. Patent No. 5,319,542 discloses three separate databases associated with specific criteria: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1, col. 2:20-26 & col. 7:5-29 (ePLUS0130298, ePLUS130302 & ePLUS 0130305).<br><br>The P.O. Writer system associated a collection of catalogs with CATALOGUE IDs. (L0127525).<br><br>The SABRE system associated database portions with different criteria. For example, specific portions of the airline flights database were associated with different airlines. (L0125283). |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The Gateway system associated each catalog with a name.  (L0127660). |
| a second set of predetermined criteria associated with items from each of said catalogs; | <u>35 U.S.C. § 101</u><br>    This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. §112 ¶1</u><br>    Nowhere does the specification discuss a first and second set of pre-determined criteria.<br><br><u>35 U.S.C. § 102/§ 103</u><br>    The Fisher RIMS system associated items with specific criteria.  U.S. Pat. No. 5,712,989 at col. 6:31-34& col. 8:24-29 (ePLUS0137693 & ePLUS0137694).<br><br>    U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs.  Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>    U.S. Patent No. 5,694,551 discloses associating items with product groups or keywords.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>    The P.O. Writer system associated items with criteria, including item number, item description, and commodity code, that at least partially describes a desired item.  (L0127525 & L0127528).<br><br>    The SABRE system associated items with various criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number.  (L0125295).<br><br>    The J-CON system included mechanisms and screen displays for entering product information that was descriptive of items in the parts database.  (L0123613).<br><br>    The Gateway system associated information with each item in the catalogs.  (L0127661).<br><br>    The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers.  (L0132133). |
| a catalog selection protocol, said catalog selection protocol relying on said first set of predetermined criteria to select less than said entire collection of catalogs, and including | <u>35 U.S.C. § 101</u><br>    This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br><u>35 U.S.C. § 112 ¶ 1</u> |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| matching a vendor identification code with a subset of said collection of catalogs, wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party; | The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.  Also, the specification only describes matching a vendor identification code with a catalog from a single vendor and does not enable matching a matching a vendor identification code with catalogs from more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party.<br><br>The specification of the '516 patent fails to describe a vendor identification code associated with more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party.  Nor does the specification describe a first set of criteria.<br><br>35 U.S.C. § 112 ¶ 2<br>This claim is indefinite because it includes both apparatus and method limitations.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system used criteria associated with the databases to limit which databases were searched.  U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).  The Fisher RIMS system also used a product-type code associated with a particular group of vendors.  U.S. Pat. No. 5,712,989 at col. 5:28-33, col. 5:37-42 & cols. 37-44 (ePLUS0137693 & ePLUS0137709-11).<br><br>U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search.  Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>The P.O. Writer Manual enabled a user to select a particular product catalog to search using the CATALOGUE ID.  (L0126501 & L0126944-46).<br><br>The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285).<br><br>The Gateway system enabled a user to select a catalog by name.  (L0127660). |
| a search program, said search program relying on said second set of criteria to select specific items from said catalogs determined from said catalog selection protocol; and | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "said catalogs determined from said catalog selection protocol" is indefinite.  It is unclear whether the catalogs determined from the catalog selection protocol refers to the "less than said entire collection of catalogs" or the subset of catalogs associated with the vendor identification code. |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | A "second set of criteria" is nowhere described in the specification.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information and added information.  U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs.  Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item.  (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria.  (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user.  (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected.  (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers.  (L0132133). |
| a cross-reference table linking a vendor item catalog number from said vendor catalog with an item catalog number from said predetermined third party. | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. §112 ¶ 1<br>Nowhere does the specification describe cross-reference tables.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system had a table for cross-referencing catalog number.  U.S. Pat. No. 5,712,989 at col. 3:32-36, 8:32-39 & col. 8:46-52 (ePLUS0137695 & ePLUS0137694). |

| '516 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
|  | The SABRE system anticipates claim 5 and renders claim 5 obvious either alone or in combination with the other prior art cited.  The SABRE system created a table to cross-reference items.  (L0125296).<br><br>The J-CON system included a cross-reference module.  (L0123450 & L0123601). |

**U.S. Patent No. 6,505,172**

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| 1. An electronic sourcing system comprising: | **35 U.S.C. § 101**<br>Claim 1 is directed to a process without any meaningful limitations directed to a machine.  See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 112 ¶ 1**<br>The specification of the '172 patent does not enable claim 1 because the specification does not enable the full scope of at least one element of claim 1.  See below for a discussion of the individual elements.<br><br>The specification of the '172 patent does not describe every limitation of claim 1.  See below for a discussion of the individual elements.<br><br>The specification of the '172 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search.  See, e.g., Summary of Invention.  Claim 1 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>**35 U.S.C. § 112 ¶ 2**<br>Claim 1 is directed to indefinite subject matter because at least one limitation of claim 1 is indefinite.  See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system anticipates claim 1 and renders claim 1 obvious either alone or in combination with the other prior art cited.  The Fisher RIMS is an electronic sourcing system.  U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).<br><br>U.S. Patent No. 5,319,542 renders claim 1 obvious either alone or in combination with the other prior art cited.  U.S. Patent No. 5,319,542 discloses an electronic sourcing system.  Col. 3:16-27 (ePLUS0130303).<br><br>U.S. Patent No. 5,694,551 renders claim 1 obvious either alone or in combination with the other prior art cited.  U.S. Patent No. 5,694,551 discloses an electronic sourcing system.  Abstract (ePLUS0137969).<br><br>The P.O. Writer system renders claim 1 obvious either alone or in combination with the other prior art cited.  The P.O. Writer system is an electronic sourcing system.  (L0126506). |

| '172 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The SABRE system renders claim 1 obvious either alone or in combination with the other prior art cited.  The SABRE system is an electronic sourcing system.  (L0125236).<br><br>The J-CON system renders claim 1 obvious either alone or in combination with the other prior art cited.  The J-CON system is an electronic sourcing system.  (L0123423).<br><br>The Gateway system renders claim 1 obvious either alone or in combination with the other prior art cited.  The Gateway system is an electronic sourcing system.  (L0127643).<br><br>The IBM TV/2 system renders claim 1 obvious either alone or in combination with the other prior art cited.  The IBM TV/2  system is an electronic sourcing system.  (L0132126). |
| a database containing data relating to items associated with at least two vendors maintained so that selected portions of the database may be searched separately; | <u>35 U.S.C. § 101</u><br>This limitation does not impose any meaningful machine limitations as "database" is not necessarily an electronic compilation of data (depending on the construction) and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>The specification only describes how to select electronic catalogs stored on an electronic database and does not enable the selection any portion that is less than entire catalog.<br><br>The specification of the '172 paten has no written description of how to search portions of the database separately.  The only discussion in the specification of how selected portions of the database may be searched separately indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  However, concatenate has been construed "simply to mean that the selected catalogs are searched as a group" and as not necessarily requiring the selected catalogs to be joined.  (Markman Order at 12 (Dkt. No. 229 from *ePlus, Inc. v. Ariba, Inc.*, No. 04-612)).<br><br><u>35 U.S.C. § 102/§ 103</u><br>The Fisher RIMS system could electronically store data related to items from multiple third party suppliers and distributors.  U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, col. 3 :65-4: 1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692).  The Fisher RIMS system used criteria associated with the databases to limit which databases were searched.  U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699).<br><br>U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog.  Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302). |

| '172 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system had an electronic database for storing multiple catalogs.  (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236).<br><br>The Gateway system stored multiple catalogs on a database.  (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs.  (L0132126). |
| means for entering product information that at least partially describes at least one desired item; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification only discloses a general purpose keyboard.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system includes a requisition management module and data screens for a user to enter search criteria.  U.S. Pat. No. 5,712,989 at Fig. 2A, col. 6:31-34, col. 8:24-29 & col. 8:46-51 (ePLUS0137680, ePLUS0137693 & ePLUS0137694).<br><br>U.S. Patent No. 5,694,551 discloses entering searching criteria to search for items.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The J-CON system included mechanisms and screen displays for entering product information that was descriptive of items in the parts database.  (L0123613).<br><br>The IBM TV/2 system enabled a user to search for item by entering specific criteria, such as keywords or part numbers.  (L0132133). |
| means for searching for matching items that match the entered product information in the selected portions of the database; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification only describes how to select electronic catalogs stored on an electronic database and does not enable the selection of any portion that is less than entire catalog.<br><br>The specification only describes selecting catalogs to search.  There is not description of how to search or specify any |

| '172 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | portion of the database other than by catalog.<br><br>__35 U.S.C. § 112 ¶ 2__<br>The specification of the '172 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.<br><br>__35 U.S.C. § 102/§ 103__<br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information.  U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs.  Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer Manual enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item.  (L0127525).<br><br>The SABRE system enabled a user to search for items using various criteria.  (L0125267, L0125276, L0125283 & L0125287).<br><br>The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user.  (L0123472).<br><br>The Gateway system enabled a user to search and select items once a catalog was selected.  (L0127661).<br><br>The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers.  (L0132133). |
| means for generating an order list that includes at least one matching item selected by said means for searching; | __35 U.S.C. § 101__<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>__35 U.S.C. § 102/§ 103__<br>U.S. Patent No. 5,694,551 discloses creating a list of quantity item ordering data.  Fig. 7, Fig. 13 & col. 5:21-37 (ePLUS0137976, ePLUS0137982 & 0138002). |

| '172 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system created a list of items resulting from a search in which a user could enter the quantity desired. (L0126557).<br><br>The SABRE system enabled the use to create a fare-quote before creating an requisition (PNR).  (L0125462).<br><br>The J-CON system created list of parts meeting a specific criteria in which a user could select parts and quantities to purchase.  (L0123603 & L0123610-11).<br><br>The Gateway system created a list of items resulting from a search.  (L0127645-75). |
| means for building a requisition that uses data obtained from said database relating to selected matching items on said order list; | 35 U.S.C. § 101<br>    This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 102/§ 103<br>    Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741).  An order could be created from items retrieved from the database by item number.  (L0013226, L0015719-22).<br><br>The Fisher RIMS system created requisitions based on product information.  U.S. Pat. No. 5,712,989 at cols. 8:25–9:15 (ePLUS0137694-95).<br><br>U.S. Patent No. 5,694,551 discloses building a requisition from the selected items. Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948).<br><br>The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125235-45).<br><br>The J-CON system enabled  a user to select items to add to a requisition (ticket).  (L0123606).<br><br>The Gateway system enabled a user to select items to add to a requisition.  (L0127659 & L0127675). |
| means for processing said requisition | 35 U.S.C. § 101 |

| '172 Patent<br>Claim Element | Invalidity Contentions |
|---|---|
| to generate purchase orders for said selected matching items. | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 1<br>There is no description in the specification of how to process "purchase orders" (plural) from a single requisition, so the specification fails to show possession of the invention.<br><br>35 U.S.C. § 112 ¶ 2<br>The specification of the '172 patent fails to comply with 35 U.S.C. § 112 ¶2 and ¶ 6 by failing to sufficiently describe structure corresponding to this means, or provide a clear link to any structure in the specification.  Nowhere in the specification is there a description of a means for processing a requisition to generate purchase "orders" (plural). Because no structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions.  (L0009747-49).<br><br>The Fisher RIMS system processed requisitions to generate multiple purchase orders.  U.S. Pat. No. 5,712,989 at Fig. 2A, Fig. 5A, col. 17: 35-42 & col.  18:5-9 (ePLUS0137680,ePLUS0137687 & ePLUS0137699).<br><br>U.S. Patent No. 5,694,551 discloses generating multiple purchase orders.  Col. 3:48-56, col. 5:59-65, cols. 6:45–7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03).<br><br>The P.O. Writer system enabled a purchase order to be created from the requisition list be pressing F4.  (L0126950). Requisitions including items purchased from different vendors were split  into different purchase orders by vendor.  (L0126976).<br><br>The SABRE system processed a requisition (PNR) for completeness and released it for sale.  (L0125307).<br><br>The J-CON system could be configured to process purchase orders manually or automatically.  (L0123693-99).<br><br>The Gateway system automatically moved information from a requisition to a purchase order.  (L0127697 & L0127710). |
| 5. The electronic sourcing system according to claim 1, further comprising means for determining | The invalidity contentions regarding claim 1 are incorporates herein by reference.<br><br>35 U.S.C. § 101 |

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| whether a selected matching item is available in inventory. | Claim 5 is directed to a process without any meaningful limitations directed to a machine.<br><br>35 U.S.C. § 112 ¶ 2<br>The specification of the '172 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to claim 5, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for determining whether an item is in inventory. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite.<br><br>35 U.S.C. § 102/§ 103<br>Lawson software available prior to August 10, 1994 renders claim 5 obvious either alone or in combination with the other prior art cited. Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942).<br><br>The Fisher RIMS system anticipates claim 5 and renders claim 5 obvious either alone or in combination with the other prior art cited. The Fisher RIMS system included a code that limited item searches to particular Distributor warehouses and backordered if the item was not found. U.S. Pat. No. 5,712,989 at col. 22:36-47 (ePLUS0137701).<br><br>U.S. Patent No. 5,694,551 discloses the determining which items are backordered, i.e. not available in inventory. Fig. 11 (ePLUS0137980).<br><br>The P.O. Writer system renders claim 5 obvious either alone or in combination with the other prior art cited. The P.O. Writer included an inventory Control Module that enabled tracking of on-hand inventory balances. (L0126633).<br><br>The SABRE system renders claim 5 obvious either alone or in combination with the other prior art cited. The SABRE system enabled a user to determine the availability of flights. (L0125267).<br><br>The J-CON system renders claim 5 obvious either alone or in combination with the other prior art cited. The J-CON system enabled a user to determine whether and how many of a particular item was available in stock. (L0123608 & L0123612).<br><br>The Gateway system renders claim 5 obvious either alone or in combination with the other prior art cited. The Gateway system enabled a user to determine whether a particular item was available in stock. (L0127659). |

1891115v1