IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS inc., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-CV-620(REP) |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**REPLY AND ANSWER OF *e*PLUS inc. TO AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT LAWSON SOFTWARE, INC.**

**REPLY TO LAWSON SOFTWARE, INC.'S AMENDED ANSWER**

Plaintiff *e*Plus inc. ("*e*Plus" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial to the Counterclaims ("the Counterclaims") filed by Defendant Lawson Software, Inc. ("Lawson") in response to the Complaint in this action. Plaintiff hereby responds to the numbered paragraphs of the Counterclaims, and in doing so denies the allegations of the Counterclaims except as specifically stated. In replying to the Counterclaims, Plaintiff refers to the patents-in-suit in the following manner: United States Patent No. 6,023,683 (the "'683 Patent"); United States Patent No. 6,055,516 (the "'516 Patent"); and United States Patent No. 6,505,172 (the "'172 Patent").

Paragraphs 1 through 61 of Lawson's consolidated Amended Answer and Counterclaims pertain only to Lawson's Amended Answer to *e*Plus's Complaint, and

therefore no reply to those paragraphs is necessary except as specifically stated below.  To the extent that any response is required, *e*Plus incorporates the allegations of its Complaint, Paragraphs 1 through 37, including the Prayer for Relief.

Plaintiff *e*Plus also specifically denies as false the statement in Lawson's Amended Answer at Paragraphs 37 and 52 that "20 claims of the '683 patent have been finally rejected by the PTO as being anticipated by prior art."  Claims are not cancelled or confirmed in reexaminations until a final action or action closing prosecution has issued, all appeals have been exhausted, and a reexamination certificate has issued, which has not yet occurred for any of the 20 claims of the '683 patent undergoing reexamination.  "A reexamination is complete only upon the statutorily mandated issuance of a reexamination certificate." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2007 WL 1655625 at *4, n.2 (N.D. Cal. June 7, 2007).  The PTO is free to reconsider its initial determinations in a reexamination prior to issuing a reexamination certificate.  *Id.*  Thus, the '683 patent is valid and enforceable as a matter of law unless and until the conclusion of the entire reexamination process, including the appeals process, determines otherwise.  *See Roper Corp. v. Litton Sys.*, 757 F.2d 1266, 1270 (Fed. Cir. 1985); *In re Bingo Card Minder Corp.*, 1998 U.S. App. LEXIS 5600, *4 (Fed. Cir. 1998); *In re Laughlin Prods., Inc.*, 265 F. Supp.2d 525, 528, n.4 (E.D. Pa. 2003); 35 U.S.C. § 307(a) (certificate canceling or confirming claims of patent on reexamination is issued when the appeals process has been exhausted); *see also Construction Equip. Co. v. Powerscreen Int'l Distribution, Ltd.*, 2009 WL 437703, *9 (D. Or. Feb. 19, 2009).

### ANSWER TO LAWSON SOFTWARE, INC.'S AMENDED COUNTERCLAIMS

62. In response to Paragraph 62 of Lawson's Counterclaims, Plaintiff *e*Plus

-3-

admits that Lawson purports to state counterclaims pursuant to Federal Rule of Civil Procedure 13. *e*Plus incorporates by reference the allegations of its Complaint, and the Introduction of this Reply.[1]

63. In response to Paragraph 63 of Lawson's Counterclaims, Plaintiff *e*Plus admits that an actual controversy exists between *e*Plus and Lawson, except that in the event that this Court finds that Lawson has not infringed any of the claims of the patents-in-suit, then any such controversy over the validity or enforceability of such claims would be rendered moot.

64. In response to Paragraph 64 of Lawson's Counterclaims, Plaintiff *e*Plus admits that Lawson purports to bring an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., and to state counterclaims invoking the subject matter jurisdiction of the Court under 28 U.S.C. §§ 1331, 1338, and 1367.

65. Upon information and belief, Plaintiff *e*Plus admits the allegations of Paragraph 65 of Lawson's Counterclaims.

66. Plaintiff *e*Plus admits the allegations of Paragraph 66 of Lawson's Counterclaims, except that *e*Plus denies that its principal place of business is located in this judicial division.

67. In reply to Paragraph 67 of Lawson's Counterclaims, Plaintiff *e*Plus admits the Court has personal jurisdiction over *e*Plus, but denies the remaining allegations in Paragraph 67 of Lawson's Counterclaims.

68. In reply to Paragraph 68 of Lawson's Counterclaims, *e*Plus admits that venue is proper in this Court, but denies the remaining allegations in Paragraph 68 of Lawson's

---

[1] For ease of reference, *e*Plus will follow the numbering convention used by Lawson. Lawson's Counterclaims begin at Paragraph 62.

Counterclaims.

### FIRST COUNTERCLAIM
### (Invalidity)

69. In response to Paragraph 69 of Lawson's Counterclaims, Plaintiff *e*Plus incorporates by reference the allegations of its Complaint, and Paragraphs 62-68 of this Reply.

70. Plaintiff *e*Plus denies the allegations of Paragraph 70 of Lawson's Counterclaims.

71. Plaintiff *e*Plus denies the allegations of Paragraph 71 of Lawson's Counterclaims.

### SECOND COUNTERCLAIM
### (Non-Infringement)

72. In response to Paragraph 72 of Lawson's Counterclaims, Plaintiff *e*Plus incorporates by reference the allegations of its Complaint, and Paragraphs 62-71 of this Reply.

73. Plaintiff *e*Plus denies the allegations of Paragraph 73 of Lawson's Counterclaims.

### PRAYER FOR RELIEF

In response to Lawson's Prayer for Relief, Plaintiff *e*Plus denies that Lawson is entitled to any of the relief requested, for any reason whatsoever and further states that Plaintiff *e*Plus prays for judgment against Defendant Lawson, granting Plaintiff the following relief:

A. That this Court adjudge and decree that the '683 Patent is valid and enforceable against Lawson, that the '516 Patent is valid and enforceable against Lawson,

and that the '172 Patent is valid and enforceable against Lawson;

      B.      That this Court adjudge and decree that Lawson has infringed, directly and indirectly, the '683 Patent, the '516 Patent, and the '172 Patent;

      C.      That this Court permanently enjoin Lawson, and its parents, subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on its behalf, or within its control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Electronic Sourcing System Patents, or otherwise engaging in acts of infringement of the Electronic Sourcing System Patents, all as alleged herein and in *e*Plus's Complaint;

      D.      That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Lawson that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

      E.      That this Court assess pre-judgment and post-judgment interest and costs against Lawson, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

      F.      That this Court declare this case to be exceptional and direct Lawson to pay *e*Plus's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

      G.      That this Court award enhanced damages and attorneys' fees due to Lawson's willful infringement; and

H. Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff *e*Plus demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Date:  December 29, 2009

 Respectfully submitted,

 *e*Plus inc.

 By Counsel

 /s/ Henry I. Willett, III
 Henry I. Willett, III (VSB #44655)
 Craig T. Merritt (VSB #20281)
 **CHRISTIAN & BARTON, LLP**
 909 East Main Street, Suite 1200
 Richmond, Virginia 23219-3095
 Telephone: (804) 697-4100
 Facsimile: (804) 697-4112
 hwillett@cblaw.com
 cmerritt@cblaw.com

 Scott L. Robertson (admitted *pro hac vice*)
 Jennifer A. Albert (admitted *pro hac vice*)
 David M. Young (VSB#35997)
 **GOODWIN PROCTER LLP**
 901 New York Avenue, N.W.
 Washington, DC 20001
 Telephone:  (202) 346-4000
 Facsimile:  (202) 346-4444

 Lana S. Shiferman (admitted *pro hac vice*)
 James D. Clements (admitted *pro hac vice*)
 **GOODWIN PROCTER LLP**
 Exchange Place
 53 State Street
 Boston, MA 02109-2881
 Telephone:  (617) 570-1000
 Facsimile:  (617) 523-1231

 Attorneys for Plaintiff, *e*Plus inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th of December, 2009, the foregoing Reply and Answer of *e*Plus inc. to Amended Answer and Counterclaims of Defendant Lawson Software, Inc. was electronically filed with the Clerk of the Court using the CM/EFC system, which will then send a notification of such filing (NEF) to the following. Copies of the foregoing were also transmitted *via electronic mail* to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/ Henry I. Willett, III
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com

*Counsel for Plaintiff ePlus inc.*

-7-