IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| ePLUS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:09cv620 |
| LAWSON SOFTWARE, INC. | ) |
| Defendant. | ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE EPLUS'S EXPERT DECLARATION AND SUPPLEMENTAL BRIEF**

Defendant Lawson Software, Inc. ("Lawson") moves to strike the expert declaration and Supplemental Brief plaintiff ePlus, Inc. ("ePlus") filed on February 16, 2010 (Docket Nos. 166-170). Contrary to the Court's instructions regarding the submissions at the January 27, 2010 Markman hearing, ePlus includes expert testimony without Court permission, provides additional argument beyond previous submissions, and purports to refute Lawson's constructions. The new materials are also untimely, unfair, and prejudicial to Lawson. The Court gave the parties the privilege of summarizing their previous submissions, but ePlus abused the privilege by unilaterally submitting new materials that, if important, should have been submitted with its opening brief. Lawson should not be penalized for complying with the Court's instructions. Lawson thus seeks to strike the expert declaration in its entirety, and requests that ePlus be required to re-file its Supplemental Brief without the improper material.

**I.   Facts**

The parties filed opening and responsive briefs in support of their proposed claim constructions. They also provided extensive further submissions via PowerPoint slides for the

two-day Markman hearing. At the end of the hearing, the Court asked the parties to prepare notebooks with support from the patents for their proposed constructions. 01/27/10 Tr. of Markman Hearing at 131:15-136:14.[1]

The Court's instructions indicated the new submissions should be based on the previous submissions, rather than include new evidence or argument. *Id.* at 134:17-22 ("Use whatever part of your briefs you want. . . . I don't want you to have to start all over again. I don't think that's right from a lot of standpoints."). The court instructed the parties that there was no need for any additional arguments or expert testimony, but that if the parties discussed the issue and decided that they wanted to provide expert testimony, they could bring that issue up with the Court. *Id.* at 135:14-17 ("I don't see the need for any more argument on it or hearings, but if you-all feel as if, after talking with each other, that I need testimony from some expert or something, then you can let me know."). The Court also instructed the parties *not* to attack to the other side's constructions. *Id.* at 134:18-19 ("[D]on't try to refute the other side's construction. Just give me your construction.").

Perhaps in recognition of the lack of support in the record for its proposed constructions, but in contravention of the Court's directives, ePlus submitted the declaration of expert witness Alfred Weaver in support of its proposed claim constructions for the means-plus-function terms. *See* Docket No. 170. ePlus neither talked to Lawson about its desire to submit an expert declaration, nor requested Court permission to submit the expert materials. Neither party submitted or relied on expert declarations in support of the briefs they originally filed with the Court, and neither sought to utilize expert testimony at the Markman hearing.

---

[1] Relevant excerpts of the 01/27/10 Markman Hearing are attached as Exhibit 1.

Dr. Weaver's thirty-six page declaration repeatedly attempts to refute Lawson's proposed constructions in violation of the Court's directive. *See, e.g.*, *id.* at 4-6, 12, 16-17, 19-22, 24, 26-27, 29-31, 33, 35-36 ("Lawson's proposed constructions", "Lawson further contends", "as suggested by Lawson", "Lawson's contention", "Lawson has proposed", "Lawson cites" etc.). It also provides additional argument and information—the expert's opinion as well as new dictionaries—not previously before the Court. *See, e.g.*, *id.* at 6 (citing Newton's Telecom Dictionary).

ePlus' Supplemental Memorandum suffers from the same problems as the expert declaration, as it relies heavily on the new expert declaration and repeatedly attempts to refute Lawson's proposed constructions. *See, e.g.* Docket No. 166 at 2, 6, 23, 41, 43-44, 64-65, 72-76, 85-87, Doc. No. 167 at 18, Doc. No. 168 at 8, 26, 37 ("As set forth in the Declaration of Dr. Alfred C. Weaver", etc.).

## II.   Discussion

This Court should strike Weaver's expert declaration because it is contrary to the Court's instructions regarding the submissions, and because it is untimely, unfair, and prejudicial. The expert declaration is contrary to the Court's instructions because it injects new arguments into the case, attacks Lawson's proposed constructions, and provides new expert evidence without the required discussion with Lawson or permission from the Court.

Markman briefing was completed weeks ago, before the hearing. The expert submission is unfair and prejudicial because it should have been included in ePlus' original submissions, and Lawson has not had the opportunity to refute the expert's statements, to depose or cross-examine him, or to otherwise point out the flaws in his argument. Submitting this new set of materials at this late date is also prejudicial in that it adds undue costs and delay to the Markman process,

3

even if Lawson were allowed to respond. Moreover, if Lawson were allowed to respond with its own expert submissions, chances are ePlus would seek a chance to respond again, further increasing the delay and burden on the Court far beyond what appears to have been intended.

Dr. Weaver is not competent to testify on the proper methodology for claim construction and his proposed methodology is legally incorrect. For example, Lawson has previously cited *Default Proof Credit Card System, Inc. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291, 1301 (Fed. Cir. 2005), to show that material incorporated by reference cannot provide the corresponding structure necessary to satisfy the definiteness requirement for a means-plus-function clause. ePlus has cited no contrary authority. Yet Dr. Weaver nevertheless improperly relies on materials incorporated by reference in the patents in suit to provide corresponding structure for the means plus function clauses at issue. *See, e.g.*, Docket No. 170 at 7 (citing excerpts of U.S. Patent No. 5,712,989, incorporated by reference into the specification of the patents-in-suit, to construe of means-plus function clause).[2]

ePlus's Supplemental Memorandum should be stricken for the same reasons, as it relies on the improper, untimely, unfair, and prejudicial expert declaration. It also goes far beyond summarizing the support for ePlus's constructions, and presents arguments to which Lawson will have no opportunity to respond. Lawson would not, however, oppose ePlus re-filing its Supplemental Memorandum if it the references to the expert declaration and any attacks on Lawson's proposed constructions were removed, and it is limited (as was Lawson's submission) to providing support for the proposed constructions.

---

[2] Dr. Weaver's declaration includes other flaws as well. Lawson offers this example as an illustration of the arguments it would have raised if the declaration had been submitted in a timely manner and of the prejudice it will suffer if the declaration and Supplemental Brief are not stricken.

4

### III. Conclusion

The Court instructed the parties that the supplemental submissions should summarize and be based on the prior submissions and focused on the support for each party's own constructions, not attacking the opposing constructions. ePlus ignored these instructions and abused the opportunity to supplement by providing improper new materials and attacks on Lawson's constructions. Lawson, which in contrast complied with the Court's instructions, is prejudiced by the new submissions. For the above reasons, this Court should strike ePlus's expert declaration and Supplemental Brief, allowing ePlus to resubmit its supplemental brief without references to the expert declaration or attacks on Lawson's constructions and limited to providing the support for ePlus' proposed constructions.

LAWSON SOFTWARE, INC.

By_____/s/_____
Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

CERTIFICATE OF SERVICE

I certify that on this 18th day of February, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

        /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*