# EXHIBIT 1

```
                                                                    1

              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                               :
ePLUS, INC.,                   :
                               :
              Plaintiff,       :
    v.                         :  Civil Action
                               :  No. 3:09CV620
LAWSON SOFTWARE, INC.,         :
                               :  January 27, 2010
              Defendant.       :
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ :


        COMPLETE TRANSCRIPT OF **THE MARKMAN HEARING**
           BEFORE THE HONORABLE ROBERT E. PAYNE
                UNITED STATES DISTRICT JUDGE



APPEARANCES:

Scott L. Robertson, Esq.
Jennifer A. Albert, Esq.
GOODWIN PROCTOR
901 New York Avenue, NW
Washington, D.C.   20001

Craig T. Merritt, Esq.
CHRISTIAN & BARTON
909 E. Main Street, Suite 1200
Richmond, VA    23219-3095

          Counsel for the plaintiff ePlus


                DIANE J. DAFFRON, RPR
                OFFICIAL COURT REPORTER
               UNITED STATES DISTRICT COURT
```

1  did they?
2           MR. CARR:  No, they didn't.
3           THE COURT:  Well, first, I'd like to say that
4  I feel fortunate in this case to be confronted with and
5  working with good lawyers on both sides, and I feel
6  like the presentations have been helpful.
7           I do believe that the means-plus-function
8  analyses in this patent and all patents before Harris
9  was decided present problems for counsel and for the
10 Court, and I outlined what I thought those problems
11 were earlier.
12          I don't know if this is the right way to get
13 further help or not, but I have thought about it, and I
14 solicit your views.  The first thing I'd like you to do
15 is go back through everything you've done and see where
16 you agree, and let's get a statement of things you
17 agree on, constructions you agree on.  I think we
18 achieved a lot of that last week.  And let's have those
19 agreed just like we used to do with instructions.  Get
20 the agreed instructions.
21          I don't see that there are many differences
22 in the function department.  I will tell you that my
23 general approach to function is to use the words used
24 in claim unless there's some reason not to as to
25 describing function.

1         Now, what I'd like also for each of the
2 eleven -- there's eleven, isn't it, Mr. Carr?
3         MR. CARR: There's the one that we claim is a
4 means-plus-function claim and they claim is not.
5         THE COURT: And it fails.
6         MR. CARR: That's right, correct.
7         THE COURT: Well, for each of the eleven
8 means-plus-function claims, I'd like the following:
9 Where you agree that it's a means-plus-function, that
10 would be for the ten of them, I have in mind that for
11 each one --
12         MR. CARR: Your Honor, it's eleven plus one.
13 So it would be the ones we agreed --
14         THE COURT: Whatever. Eleven. Yeah. That
15 you'll have a line up here at the top of the page that
16 says "claim." Identify the claim you're talking about
17 at the beginning in the heading and then the part of it
18 that you're dealing with.
19         What I did to make my life easier was to take
20 my copy of the claims, and every section below the
21 preamble I numbered as a claim. You don't have to do
22 that because that's not what I'm looking for, but take
23 the ones that are at issue and articulate them as they
24 are presented by the claim itself, and then say what
25 the function is. Either the agreed function or tell me

```
                                                              133
 1  if it's different.  I think you agree on almost all but
 2  two of them, I think I'm right.
 3             And then for the structure, I want a section
 4  that says "Structure Identified," and I want you to go
 5  down and start over here with the column and the line
 6  on the one side, one part, and parenthetically note
 7  what part of the specification are we dealing with to
 8  find your citation for the structure.  Is it in the
 9  abstract?  Is it in the specification part where it's
10  dealing with a particular topic?  Just so it will help
11  me understand and quickly get back to that section.
12             And then I want the text from the
13  specification, the part of the patent that you rely on
14  to establish the structure recited.  And put down every
15  one of them - as I said, there's a lot of effort to
16  cobble together - so I can read it.
17             And if you think there's some parenthetical
18  explanation that I need to understand what that says
19  like these ERCFDD2, 7, 14, 35, hike, it sounds like a
20  quarterback giving signals or something like that, you
21  put that at that point so I can understand it.
22             Then on a textual page following this, if
23  you-all need to link these together and explain them,
24  explain them.  Explain to me what your construction is
25  and how you get from one sentence to another sentence
```

1  to another sentence, and how does it prove the
2  structure you want and accomplish the function that you
3  have identified.
4           And I can envision coming away with each side
5  having eleven tabs in a notebook dealing with this.
6  And it would be helpful to me if for each tab you would
7  take the part of the patent, copy it, just xerox it or
8  something, however you do it, I don't care how you do
9  these fancy things, and highlight that language so I
10 can view it in context all at the same time.
11          And maybe I can do a better job interpreting
12 this because you-all have presented some issues that I
13 didn't actually discern were issues in your arguments.
14 I didn't perceive the import or significance of the
15 issues until I got to your arguments.  So take your
16 arguments, and see what you said, and then meld them
17 into something.  Use whatever part of your briefs you
18 want.  And don't try to refute the other side's
19 construction.  Just give me your construction.
20          And if I can have those, I think we can -- I
21 don't want you to have to start all over again.  I
22 don't think that's right from a lot of standpoints.  I
23 think there's a certain level of understanding that we
24 all have with each other's position.  That you have
25 with each other's positions and I have of your

```
                                                            135
 1  positions.  But I think we're not quite there yet.  And
 2  I'm not going to blame you-all.  I just believe it's
 3  created because of the circumstances that I outlined
 4  earlier.
 5            If you can come up with some modification of
 6  that approach that you think is a better way to present
 7  all this in a simpler more direct form in a way that I
 8  can convert into an opinion on this matter, then I'm
 9  amenable to you all doing that as long as both of you
10  do it the same way.
11            So if I haven't come up with a very good way
12  of accomplishing it, you-all work it out and see what
13  you'd like to do, and call me and we'll talk about it.
14            I don't see the need for any more argument on
15  it or hearings, but if you-all feel as if, after
16  talking with each other, that I need testimony from
17  some expert or something, then you can let me know.
18  And I'm using the definition of "algorithm" that you
19  all had.  I think it was in your section from the
20  Microsoft computer dictionary.  I think that's a
21  reasonably accurate one.  It looks like the Federal
22  Circuit uses it.
23            In this process, do you think we've limited
24  any of the claims that we're dealing with or going to
25  be dealing with in the patents?  One of you cited a
```

1  construction, I think Lawson did, about a part of the
2  patent that I don't really think is at issue even.  I
3  don't know why it was in there.  Let's see.
4          MR. ROBERTSON:  I think it was claim 31.
5          MR. CARR:  '683, 31.
6          THE COURT:  Yes.  Ms. Wagner has done
7  something that is helpful to me.  When you're
8  discussing a claim term, you can discuss it from, say,
9  claim 3 of the '683 Patent, but footnote to me somehow
10 that that same claim language is pertinent to other
11 patents and other claims so I'll be able to have you
12 all in agreement on the ones that we are doing.
13         I think that will be sufficient.  Are there
14 any questions that you all have about that or anything?
15         MR. MERRITT:  Your Honor, we do have a couple
16 of questions.  One is about the timing on these
17 submissions.
18         THE COURT:  I want to get to that.
19         MR. MERRITT:  And the other is you had
20 mentioned at the end of last week's hearing that the
21 trial date of June 14 might not hold, and we have had
22 some discusses among ourselves in anticipation of --
23         THE COURT:  Do you have some ideas?  I don't
24 know that I'm ready to deal with that right now, but I
25 can deal with it shortly.  Do you-all have plans?