IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-CV-620 (REP) |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF ePLUS INC.'S BRIEF IN OPPOSITION TO DEFENDANT LAWSON SOFTWARE, INC.'S MOTION TO STRIKE EXPERT DECLARATION AND SUPPLEMENTAL BRIEF**

**I.    INTRODUCTION**

Plaintiff ePlus Inc. ("ePlus") respectfully requests that the Court deny Defendant Lawson Software, Inc.'s ("Defendant") motion to strike the Declaration of expert witness Alfred C. Weaver, Ph.D. ("Weaver Declaration"),[1] and the Supplemental Brief that ePlus filed on February 16, 2010, pursuant to the Court's instructions at the second day of the *Markman* hearing of January 27, 2010.  ePlus submitted those materials in an effort to respond to concerns raised in an evolving colloquy with the Court, and in an effort to "get it right."  ePlus's focus is on substance—the correct construction of means-plus-function claims—not on laying traps for Defendant.

First, although the Court has not ruled that expert testimony is necessary, it made

---

[1] Dr. Weaver is a longstanding Professor of Computer Science at the University of Virginia and the Director of the University's Applied Research Institute.

repeated queries at the *Markman* hearing as to the understanding of a person of ordinary skill in the art with respect to the computer software-implemented means-plus-function elements in dispute. During the *Markman* hearing, counsel and the Court wrestled with Federal Circuit case law rendered after the issuance of the patents-in-suit, seeking a proper methodology for defining the algorithms for computer software-implemented means-plus-function elements. The Court emphasized its desire to employ the correct approach to this task and reach the correct result, and on numerous occasions questioned how it could do so without evidence (as opposed to attorney argument) of the viewpoint of a person of ordinary skill in the art. ePlus's submission of the Weaver Declaration was a straightforward effort to respond to those specific, substantive concerns in the event the Court determines it cannot rely solely on the argument of counsel.

Second, Defendant complains generally of prejudice without specifying particulars. Defendant does not identify any new claim construction argument presented in Dr. Weaver's declaration or ePlus's supplemental brief that it has not already addressed or had the opportunity to address. Defendant made a decision not to submit expert testimony on its own behalf. If the Court concludes that the decision unfairly prejudices Defendant, the answer is a discussion with all counsel to move forward in a manner that cures the prejudice. That requires no assignment of motives to counsel for any party, all of whom appear to be working diligently to assist the Court in claim construction. In any event, striking the Weaver Declaration and ePlus's Supplemental Brief will not assist the Court in resolving the pending claim construction disputes, as it would leave serious concerns raised by the Court unresolved.

Third, Defendant argues that ePlus's supplemental brief and the Weaver Declaration improperly address the incorrectness of Defendant's arguments. This oversimplifies the posture of the case. Many of the pending disputes pertain to whether additional steps and limitations

proposed by Defendant should be included in the disputed algorithms.  Thus, ePlus is seeking to assist the Court's analysis by clarifying a boundary.  One way to do so is to identify what falls within the boundary and what falls outside the boundary.  Thus, it should not be surprising that ePlus's arguments and expert testimony include explanations of why Defendant's additional steps and limitations do not comprise steps of the algorithms in dispute.  Otherwise, Defendant could argue in favor of imposing additional steps and limitations while blocking ePlus from addressing them.

## II. ARGUMENT

### A. ePlus's Submission Of The Weaver Declaration Was Properly Made In Response To The Court's Queries To Counsel At The *Markman* Hearing.

ePlus submitted the Weaver Declaration to help the Court address a specific concern raised at the *Markman* hearing—how to discern the algorithms for the disputed means-plus-function elements (consistent with Federal Circuit law) without hearing actual evidence (rather than mere attorney argument) as to the viewpoint of a person of ordinary skill in the art.  The Court directly or indirectly expressed this concern several times.  At the January 27 hearing, the following colloquy took place between the Court and ePlus's counsel:

THE COURT:  You're not one of ordinary skill in the art either.

MR. ROBERTSON:  I'm not, Your Honor.

THE COURT:  So I can't use your brief?

Exh. 1 (Tr. of Jan. 27, 2010) at 17:21-24.  On other occasions the Court expressed concern that the arguments offered by counsel for the parties were cobbled together "on the basis really of things that aren't in the record."  *Id.* at 31:16-32:21.

On the first day of the *Markman* hearing, the Court inquired of ePlus's counsel, "How am I supposed to know how the person of ordinary skill in the art would interpret the words used in this patent without hearing from a person of ordinary skill in the art?"  Exh. 2 (Tr. of Jan. 22,

3

2010) at 13:20-23; *see also id.* at 12:8-10 ("Who is the person of ordinary skill in the art at the time of filing? And how do I know who that person is from your standpoint?").

These concerns, and the difficulties in applying Federal Circuit law rendered after the patents-in-suit were prosecuted, led the Court to ask, "Don't you think maybe we ought to start all over again and go back and do it right?" Exh. 1 at 31:13-14; *see also id.* at 32:5-10 ("And I'm trying to get out of that mode and get something that really gets back to what the Federal Circuit asks us to do. And it sort of seems to me that maybe it's time to retrench and start again and do what you're doing here but do it in the briefs in a textual way."); *id.* at 35:1-2 ("I'm inclined to say let's start over again … I think that we are where we are for several reasons. And one is the patent was prepared before the *Ericcson* [sic] decision was issued ….").

Defendant's contention that the Weaver Declaration was "untimely" does not square with the Court's indications that the parties' submissions to date had not adequately addressed the issues before the Court. Indeed, at another point in the hearing, the Court made clear that ePlus might yet submit expert testimony in some fashion but it was not yet required to decide that question. *Id.* at 41:10-13 ("[THE COURT]: Do you think we need experts? I mean, I don't think you do based on – I'm not sure you do based on the number of places that you cite, but if do you [sic], *you don't have to decide today*.") (emphasis added).

The fairest reading of the transcript is that the Court neither demanded nor foreclosed the submission of an expert declaration in order to aid its understanding of the viewpoint of a person of ordinary skill in the art:

> MR. ROBERTSON: I also observe, Your Honor, that perhaps you're suggesting that this is something that might require expert testimony.
>
> THE COURT: It might.

*Id.* at 34:3-6; *see also id.* at 35:15-17 ("[THE COURT:] But I think it's a problem, I would have

4

thought it's a problem, that experts have dealt with too.").

ePlus's counsel suggested the use of an expert declaration either during the current *Markman* process or at trial, to which the Court responded that doing so at trial would not be desirable:

> MR. ROBERTSON:  Perhaps we need an expert affidavit that says why this structure is appropriate for ePlus's constructions and Lawson's is not and uses the structures as a road map to walk the Court through to say this is what the essence of these constructions are.  *We can do that now as part of our briefing or we can defer on that, Your Honor, and do it as part of any trial of this matter when these elements are being discussed.*
>
> THE COURT:  *You want me to construe the claim while the jury is sitting out in the wings?  I've tried that and it doesn't work real well.*  I mean, on a simple case.  It was a machine.

*Id.* at 34:10-23 (emphasis added).[2]

Defendant's brief in support of its motion does not mention the above passages. Moreover, Defendant points to no order precluding ePlus from submitting the Weaver Declaration, relying solely on the Court's statement at *Markman* that the parties "can let [the Court] know."  Defendant argues this statement required ePlus to provide advance notice if it intended to provide an expert declaration.  However, Defendant omits the full context of this passage, which pertained to whether additional court proceedings would be required.  The entire sentence reads, "[THE COURT]:  I don't see the need for any more argument on it or hearings, but if you — all feel as if, after talking with each other, that I need testimony from some expert or something, then you can let me know."  *Id.* at 135:14-17.  To assess the entire interaction between the Court and counsel and conclude, as Defendant does, that submission of a declaration by either party was impermissible, is a reach not supported by the record.

---

[2] *See also id.* at 35:18-21 ("MR. ROBERTSON:  Well, I think often expert testimony is brought to bear, particularly on computer software implemented inventions to identify the structure disclosed.").

5

ePlus did not understand the Court to say that advance notice was required in order to submit a declaration with the supplemental filing; it understood the Court to invite communication from the parties if either desired to present live expert testimony at an additional hearing. ePlus has not requested any further hearing, but does not object to further in-Court proceedings if the Court believes that would be beneficial.

**B.    Defendant Does Not Identify Any Unfair Prejudice To It From The Weaver Declaration Or ePlus's Supplemental Brief.**

Nowhere does Defendant identify any cognizable or unfair prejudice to it from ePlus's Supplemental Brief or the Weaver Declaration. If the Court determines that Defendant is improperly prejudiced, ePlus will promptly discuss with the Court and Defendant the manner in which the Court wishes to proceed. Striking the Weaver Declaration and ePlus's Supplemental Brief, however, will not assist the Court in resolving the issues before it.

Notably, Defendant does not request the opportunity to respond to the Weaver Declaration with an expert declaration of its own, even as an alternative form of relief. Nor does Defendant challenge Dr. Weaver's credentials or competence in providing this testimony.

The sole argument Defendant identifies in its motion is Dr. Weaver's limited reference to the '989 Patent specification, to which Defendant objects. However, this is not a new argument; the parties have already briefed the issue of the extent to which the '989 Patent specification may be relied upon, and Defendant does not proffer that there is anything more it needs to say about the issue. *See* Dkt. No. 144 (Def's Opening Br.) at 19 (Defendant arguing against reliance on '989 Patent specification); Dkt. No. 151 (Def's Rebuttal Br.) at 3, 14 (same).[3]

---

[3] Defendant's argument, which relies upon the *Default Proof* case, is misplaced for several reasons. *See* Def's Br. at 4 (citing *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc.,* 412 F.3d 1291, 1301 (Fed. Cir. 2005)). First, ePlus is not relying on a mere "incorporation by reference" of the '989 Patent document, but rather on the disclosure *in the patents-in-suit* of specifically-identified structures previously recited in the '989 Patent by two of the *same*

### C. ePlus's Supplemental Brief And Weaver Declaration Are Appropriately Addressed To The Relevant Areas Of Disagreement Between The Parties.

Defendant contends that ePlus's Supplemental Brief and the Weaver Declaration are improper because they address why Defendant's proposed algorithms are incorrect, rather than why ePlus's proposed algorithms are correct. The Court has certainly expressed to the parties that their emphasis should be on defining their own positions, not dismantling their adversaries' argument. However, applied to the degree the Defendant is advocating in its motion, the principle undermines the Court's understanding of the core issue rather than clarifying it.

With respect to many of the disputed elements, the primary dispute over the means-plus-function elements is whether *additional* steps and limitations proposed by Defendant should be included. For example, ePlus's proposed algorithms do not include the requirement that the

---

*inventors*. Second, the Court's statement in *Default Proof* was *dicta,* and, if adopted, would violate the Federal Circuit's own rule that prohibits three-judge panels (rather than the Court sitting *en banc*) from overruling prior precedents. Fed. Cir. R. 35(a) ("only the court en banc may overrule a binding precedent"); *see also Atmel Corp. v. Information Storage Devices, Inc.,* 198 F.3d 1374, 1384-86 (Fed. Cir. 1999) (Mayer, C.J., dissenting) (discussing prior case law substantiating that incorporation by reference was "a common drafting tool used throughout the law" having a "longstanding basis"). The statement was *dicta* because the Court proceeded to consider the material incorporated by reference and found that the structure at issue did not even appear in the incorporated material. *Default Proof,* 412 F.3d at 1301; *see also Smith v. Orr,* 855 F.2d 1544, 1550 (Fed. Cir. 1988) ("it is well established that a general expression in an opinion, which expression is not essential to the disposition of the case, does not control a judgment in a subsequent proceeding. Broad language in an opinion, which language is unnecessary to the court's decision, cannot be considered binding authority."). Third, in light of the express disclosures *in the patents-in-suit* of the structures from the '989 Patent (the previous inventions of two of *the same inventors*) it is implausible that a person of ordinary skill in the art would not understand the patents-in-suit to recite those identified structures. *See, e.g., Atmel,* 198 F.3d at 1382 (holding that patent's reference to title of article was "sufficient to indicate to one skilled in the art the precise structure of the means recited in the specification"). This is not, therefore, an instance in which a patentee sought merely to "incorporate by reference" an entire document and then, without more, rely on everything in that document as arguably constituting corresponding structure. And in connection with the specific section of the Weaver Declaration objected to by Defendant, Dr. Weaver is not relying on incorporation by reference at all. His opinion is that certain structures are expressly disclosed in the specifications of the patents-in-suit. His references to the '989 Patent are to further elaborate upon what a person of ordinary skill in the art would understand the disclosures in the patents-in-suit to mean. *See* Weaver Declaration, ¶¶ 18-23.

software execute on a "local computer" as part of the algorithm. Defendant contends that the algorithm should include this requirement but, as the Court recognized, "Well, a local computer isn't a step. A local computer is something you use to accomplish one of the steps."). Exh. 1 at 48:23-25. ePlus's argument necessarily requires explaining why the algorithm should not include the local computer requirement.

It can be no surprise to Defendant that ePlus's arguments and expert testimony set a boundary on what is included within the algorithm by excluding that which is not. ePlus must show why Defendant's additional steps and limitations do not constitute steps of the algorithms in dispute and, accordingly, why ePlus's proposed constructions are correct. In this scenario it is difficult to conceive how ePlus could demonstrate any more directly the correctness of its proposed algorithms, highlighting what is included by illustrating what is excluded. The logical consequence of Defendant's argument would be a one-sided presentation to the Court in which Defendant would offer an unbounded reading of the claims while depriving ePlus of the ability to clarify the boundary.

Fundamentally, the Court emphasized its clear intention to have this process done correctly. Defendant offers no reason, and there is none, why the Court should not accept a submission from ePlus addressing the crux of the dispute between the parties.

### III. CONCLUSION

For the foregoing reasons, ePlus respectfully requests that the Court deny Defendant's motion to strike in its entirety. ePlus's filing was not an attempt to surprise Defendant, but an effort to respond directly to the Court's concerns at the *Markman* hearing about the lack of record evidence from both parties as to the viewpoint of a person of ordinary skill in the art. If the Court believes Defendant has been unfairly prejudiced, ePlus will work promptly with the Defendant and the Court to remove that prejudice. However, given the questions raised directly

8

by the Court, it does not benefit the claim construction process to strike the Weaver Declaration and ePlus's Supplemental Brief.

Dated: February 22, 2010

Respectfully submitted,

*e*Plus inc.

By Counsel

/s/ Henry I. Willett, III
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, L.L.P.**
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

David M. Young (VSB #35997)
Jennifer A. Albert (*admitted pro hac vice*)
Scott L. Robertson (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com
jalbert@goodwinprocter.com
srobertson@goodwinprocter.com

Lana S. Shiferman (*admitted pro hac vice*)
James D. Clements (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
lshiferman@goodwinprocter.com
jclements@goodwinrpocter.com

Counsel for Plaintiff, *e*Plus inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2010, the foregoing PLAINTIFF *e*PLUS INC.'S BRIEF IN OPPOSITION TO DEFENDANT LAWSON SOFTWARE, INC.'S MOTION TO STRIKE EXPERT DECLARATION AND SUPPLEMENTAL BRIEF was electronically filed with the Clerk of the Court using the CM/EFC system, which will then send a notification of such filing (NEF) to counsel of record.  Copies of the foregoing were also transmitted *via electronic mail* to the following:

Daniel W. McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
Lawsonservice@merchantgould.com

Robert A. Angle (VSB# 37691)
Dabney J. Carr, IV (VSB #28679)
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA  23218-1122
Telephone:  (804) 697-1238
Facsimile:  (804) 698-5119
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/ Henry I. Willett, III
Henry I. Willett, III (VSB #44655)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112
hwillett@cblaw.com

*Counsel for Plaintiff ePlus inc.*