**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09cv620(REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF ePLUS INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S "SECOND SUPPLEMENTAL" BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Defendant Lawson Software, Inc. ("Lawson") has filed, without leave of Court, a "second supplemental" brief in support of its previously-filed motion to stay this action. Lawson's submission is its fourth brief in total in support of this motion. The entire substance of Lawson's "second supplemental" brief consists of its protest that — in the course of the Patent and Trademark Office ("PTO") reexamination proceeding for the '172 Patent-in-Suit — the patent owner ePlus inc. ("ePlus") obtained a one month extension of time over the holiday period in order to obtain witness declarations necessary to respond to the PTO's Office Action. The Court has not granted Lawson leave to file a supplemental brief in further support of its motion in this instance, and ePlus cannot imagine that the Court would like to receive a supplemental filing on each occasion that a paper is filed in the PTO proceedings.

As the petition for the extension reflects, ePlus requested the extension because it could not "obtain[] declarations from each of the relevant inventors prior to the December 23, 2009, due date," owing to "[t]he inventors' schedules through the holiday season …." Lawson Second Supp. Br., Ex. A at 9 (Petition and Request for Extension). These witness declarations are necessary to respond to the Examiner's Office Action in which it required that ePlus make "a

showing under 37 C.F.R. 1.132 that any invention disclosed but not claimed in the reference [U.S. Patent No. 5,712,989 ("the '989 Patent")] was derived from the inventor of this application [the '172 Patent] and is thus not the invention 'by another.'" *See* Dkt. No. 124, Exhibit B to Declaration of Joshua Graham, Esq. (Office Action in *Inter Partes* Reexamination) at 4 (identifying '989 Patent as prior art to '172 Patent claims "as proposed by the Third Party Requester")[1]; *see also* Manual of Patent Examining Procedures ("MPEP"), § 716.10 (2008) (setting forth requirements for witness affidavits pursuant to 37 C.F.R. § 1.132 to overcome application of reference as prior art).

The PTO Examiner's requirement that *e*Plus make this showing resulted from Lawson's erroneous argument to the PTO that the '989 Patent, which was invented by two of the *same inventors as the '172 Patent* — and which was expressly incorporated by reference into the '172 Patent — should be considered invalidating prior art.  The '989 Patent, however, is not "by another," and therefore is not prior art to the '172 Patent.  *See, e.g., De Graffenried v. U.S.,* 16 U.S.P.Q.2d 1321, 1328 (Cl. Ct. May 18, 1990) (invention in prior patent issued jointly to inventor and co-inventor did not constitute prior art "by another" to single inventor's patent within meaning of patent statute).  The MPEP recognizes that *e*Plus may demonstrate that the '989 Patent does not constitute prior art, but requires that it do so through submission of affidavits.  MPEP, § 716.10.

Lawson argues that because *e*Plus sought this one month extension, it should not be heard to complain of the interminable and indefinite length of reexamination proceedings.  Lawson suggests that — but for this one month extension — the PTO might reach a "final decision" on

_____

[1] The prior quoted language appears at page twelve of the Office Action, but appears not to have been included in the cited exhibit.

the '172 reexamination *before the trial* in this case. Lawson Second Supp. Br. at 1-2 ("may, if a stay is not granted, delay a final decision by the Patent Office until after trial in this case.").

This contention is wholly without merit. The trial of this action was originally scheduled for June 2010, and now will take place at a later date.[2] The conclusion of *inter partes* reexamination proceedings adverse to the patentee within this time frame is inconceivable. As *e*Plus has demonstrated, the reexamination proceeding is expected to consume six to ten *years* from its inception to resolve, during which time the patent remains valid and enforceable.[3] Lawson has not even challenged the accuracy of this fact.

Further, it should be needless to say that the expected duration of the PTO proceeding of six to ten years is wholly disproportionate to a mere one-month extension over the holiday period. Moreover, as *e*Plus previously pointed out, the reexamination proceeding pertaining to 20 of the 45 claims of the '683 Patent has already consumed *more than three years*, and in that proceeding more than eight months have passed while *e*Plus has awaited the PTO Examiner's filing of an Answer in response to *e*Plus's appeal brief with the PTO's Board of Patent Appeals and Interferences.

In the meantime, discovery has continued apace in this litigation, with Lawson taking Rule 30(b)(6) depositions of *e*Plus and individual depositions of the inventors during the month of December. Both parties have undoubtedly invested substantial resources in this litigation.

---

[2] Subsequent to *e*Plus' filing of its Motion for Leave, the Court notified the Parties that the June trial date would have to be moved back. At this time, a new trial date has not been scheduled.

[3] As *e*Plus set forth in its prior briefs, in the nearly ten-year history of the *inter partes* reexamination statute, it appears that not a single case has yet gone through the entire process of a complete *inter partes* reexamination at the PTO and an appeal to the Federal Circuit. *See e*Plus Opp. at 15-17.

*e*Plus therefore respectfully requests that the Court deny Lawson's motion.

Dated: February 23, 2010                    Respectfully submitted,

                                             *e*Plus inc.

                                             By Counsel

                                             /s/ Henry I. Willett, III
                                             Henry I. Willett, III (VSB #44655)
                                             Craig T. Merritt (VSB #20281)
                                             **CHRISTIAN & BARTON, LLP**
                                             909 East Main Street, Suite 1200
                                             Richmond, Virginia 23219-3095
                                             Telephone: (804) 697-4100
                                             Facsimile: (804) 697-4112
                                             hwillett@cblaw.com

                                             Scott L. Robertson *(admitted pro hac vice)*
                                             Jennifer A. Albert *(admitted pro hac vice)*
                                             David M. Young (VSB #35997)
                                             **GOODWIN PROCTER LLP**
                                             901 New York Avenue, N.W.
                                             Washington, DC 20001
                                             Telephone:  (202) 346-4000
                                             Facsimile:   (202) 346-4444
                                             srobertson@goodwinprocter.com
                                             jalbert@goodwinprocter.com
                                             dyoung@goodwinprocter.com

                                             Lana S. Shiferman (*admitted pro hac vice*)
                                             James D. Clements  (*admitted pro hac vice*)
                                             **GOODWIN PROCTER LLP**
                                             Exchange Place
                                             53 State Street
                                             Boston, MA 02109-2881
                                             Telephone:  (617) 570-1000
                                             Facsimile:   (617) 523-1231
                                             lshiferman@goodwinprocter.com
                                             jclements@goodwinprocter.com

                                             Counsel for Plaintiff, *e*Plus inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2010, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com


Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

**Counsel for Defendant Lawson Software, Inc.**


/s/ Henry I. Willett, III
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com

**Counsel for Plaintiff *e*Plus inc.**