IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| *e*PLUS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09cv620 |
| | ) | |
| LAWSON SOFTWARE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT LAWSON SOFTWARE, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE EPLUS'S EXPERT DECLARATION AND SUPPLEMENTAL BRIEF

The Court's instructions on whether to submit expert testimony were clear.  As ePlus points out in its response brief, ePlus offered to provide an expert affidavit to the Court.  *See* Docket No. 175 at 5.  Instead of accepting that offer, the Court told the parties that if they thought expert testimony was necessary, they should discuss it and let the Court know.  The parties discussed their submissions after the hearing, yet ePlus never raised the issue of expert testimony.

The Court was likewise clear that the parties were not to attack the other side's constructions.  The parties each filed two briefs and presented PowerPoint presentations where they were free to explain why the other side's proposed constructions were incorrect.  But for this final submission, the Court instructed the parties not to address the other side's constructions.  Lawson is not "blocking ePlus from addressing" Lawson's proposed constructions.  *Id.* at 3.  Rather, the Court instructed the parties not to address one another's proposed constructions in this final submission.  ePlus had ample opportunity to attack Lawson's

construction in prior filings. As with the submission of expert testimony, ePlus chose not to follow the Court's instructions.

ePlus asserts that Lawson is not prejudiced by the submission of a declaration of an expert never before used in the Markman process in a final brief in which there is no opportunity to respond. This is incorrect. ePlus's injection of an expert declaration at this late date effectively takes a whole new approach to the Markman process—something the Court suggested was not appropriate. If the new expert declaration were allowed, fairness would require giving Lawson a full opportunity to cross-examine the declarant and to rebut the declaration. ePlus would then likely seek to respond. Not only would this process require significant additional expense for Lawson, it would delay the resolution of the issues and produce more briefing and more complexity for the Court. Lawson is certainly prejudiced by ePlus's late filing of the expert declaration.

In addition, Dr. Weaver's declaration is neither necessary nor helpful to the Court. *See, e.g.*, *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (explaining that when the meaning of a patent claim is clear from the intrinsic evidence, resorting to extrinsic evidence such as expert testimony is not just unnecessary, but improper). Dr. Weaver's declaration largely repeats the arguments in ePlus's brief. And, as discussed in Lawson's opening brief, it is fraught with errors.

For example, Dr. Weaver opines that "in my opinion, the algorithms associated with the means-plus-function claim terms at issue are properly construed to recite the process steps executed by the software only and should not be construed to include specific hardware on which the software executes." *See* Docket No. 170 at 4 ¶ 13. *See also id.* at 5 ¶ 14. His opinion of whether means plus function terms should be construed to include hardware is irrelevant. He is

not properly testifying about the understanding of a person of skill in the art but improperly opining as a legal expert. In addition, his opinion is legally incorrect. *See Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1254 (Fed. Cir. 2005) (interpreting the structure of a software means plus function element to include a microprocessor programmed to carry out the multi-step algorithm); *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1347 (Fed. Cir. 1999) (parties stipulating that the corresponding structure for the function recited by the means-plus-function clause at issue was a "microprocessor, or computer, to control the operation of the slot machine, including the operation of the machine in the assignment of numbers to reel stop positions"). Dr. Weaver is not competent to testify on the proper methodology for claim construction and his proposed methodology is legally incorrect.

Likewise, Dr. Weaver never opines on, and indeed ignores, the critical requirement of linkage or association between the purported corresponding structure and the function, as required for means plus function claims. *See Med. Instru. & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1215 (Fed. Cir. 2003). For example, when opining on the structure of "converting data relating to a selected matching item and an associated source to data relating to an item and a different source," Dr. Weaver supports his opinion that a cross-reference table is the corresponding structure by asserting that the specification associates cross-reference tables with several *other* functions: (1) inventory sourcing, (2) searching for items in the product catalogs, and (3) generating purchase orders from a requisition. *See* Docket No. 170 at 21 ¶ 45. Dr. Weaver not only fails to show how the specification associates cross-reference tables with the "converting" function, but also admits that in fact those tables are actually linked to *other* functions. Thus, his statements actually prove the opposite of his opinion. This failure to

address the need for linkage between function and structure is a fundamental legal flaw that infects his entire analysis.

Another flaw in Dr. Weaver's declaration is that instead of pointing to structure disclosed in the specification linked to the function of generating purchase orders, he opines that "the system" does something or that something passively happens without any discussion of where in the patent the structure for performing the function is disclosed. *See e.g.*, Docket No. 170 at 17-19 ¶¶ 39-40 ("the *system* analyzes", "the *system* recognizes," "the *system would have generated* another purchase order," "a requisition is accepted," "wherein multiple purchase orders are generated," "A second purchase order would be generated" (emphasis added)).  Because his opinion does not connect any disclosed structure to the function, it is irrelevant.  *See Med. Instru.*, 344 F.3d at 1215 (explaining that "'structure disclosed in the specification is "corresponding" structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim'" (citation omitted)); *see also Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1334 (Fed. Cir. 2008) (explaining that a disclosure that only re-recites the function or the outcome of the function performed by a computer or otherwise fails to link some structure to the claimed term is not structure corresponding to section 112).

Dr. Weaver also improperly relies on materials incorporated by reference in the patents in suit to provide corresponding structure for the means plus function clauses at issue.  *See, e.g.*, Docket No. 170 at 7.  ePlus's use of the '989 patent is not permitted for the construction of means plus function claims as a matter of law.  *Default Proof Credit Card System, Inc. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291, 1301 (Fed. Cir. 2005).  ePlus argues that the *Default Proof* case is not binding and that it reverses precedent.  This is incorrect.  The *Default Proof* court's

statements are not dicta, as they are used to support the court's decision,[1] and the Court's holding that material incorporated by reference cannot provide the corresponding structure has been cited as precedent in later decisions. *See, e.g.*, *Highway Equip. Co. v. Cives Corp.*, 476 F. Supp. 2d 1079, 1102-03 (N.D. Iowa 2007) ("Incorporation by reference cannot provide the structure for the second embodiment and thus unduly extend the scope of the patent." (citing *Default Proof* and *Amtel*)); *Sokolov v. Lorad Corp.*, 476 F. Supp. 2d 130, 135 (D. Conn. 2007) (explaining during claim construction that "the Federal Circuit has held that 'material incorporated by reference cannot provide the corresponding structure necessary to satisfy the definiteness requirement for a means-plus-function clause'" (citing *Default Proof*)).

ePlus also argues that Dr. Weaver merely uses the '989 patent for background, and everything from the '989 patent is disclosed in the patents in suit. This is also not true. For example, Dr. Weaver cites only RIMS for disclosing the LU 6.2 communications protocol to rebut Lawson's citation of the DDE protocol in the means-plus function phrases. *See* Docket No. 170 at 7-8 ¶ 19. The patents in suit do not reference this LU 6.2 protocol.

Likewise, Dr. Weaver's opinion is inconsistent with the evidence in this case. Dr. Weaver lists two protocols that he claims are disclosed as alternatives to the DDE protocol: System Network Architecture and electronic data interchange. Docket No. 170 at 7 ¶¶ 17-22.

---

[1] *Default Proof*, 412 F.3d at 1301 ("The 'kiosk' identified by Gafford cannot constitute structure for the 'means for dispensing.' Indeed, even though Gafford declared that he understood the Muehlberger patent to disclose such kiosks, the term 'kiosk' does not even appear in the Muehlberger patent. Even if Muehlberger did disclose a 'kiosk,' however, material incorporated by reference cannot provide the corresponding structure necessary to satisfy the definiteness requirement for a means-plus-function clause. *See Atmel*, 198 F.3d at 1381. The inquiry under § 112, P2, does not turn on whether a patentee has 'incorporated by reference' material into the specification relating to structure, but instead asks first 'whether structure is described in specification, and, if so, whether one skilled in the art would identify the structure from that description.' *Id.* Gafford fails to explain how he gleaned the term 'kiosk' from the specification of the '182 patent, or, for that matter, from the Muehlberger patent.").

But when one of the inventors, Mr. Kinross, was deposed, he did not list these as alternative protocols to DDE.  Rather, he listed two other options, neither of which is disclosed in the patents or mentioned by Dr. Weaver:

> Q.  So with respect to the role that you described here, I think the first thing you mentioned was that Fisher was involved in selecting the interface technique; is that accurate?
> A.  Yes.
> Q.  What technique did Fisher select?
> A.  We selected the dynamic data exchange technique.
> Q.  What other options were available to you?
> A.  The other options available were using a database to effect data transfer and the use of sockets to effect a data transfer.

Kinross 12/02/09 Depo. at 133:10-21.[2]  Mr. Kinross said that DDE was preferred to these undisclosed alternatives.  *Id.* at 134:19-25.  Thus, the patents' inventor directly refutes Dr. Weaver's declaration.  The Weaver declaration includes other flaws as well, flaws that Lawson would have fully addressed if the declaration had been submitted in a timely manner.[3]

The Court's directive to the parties was clear: do not start over, do not attack the other side's proposed constructions, and if the parties determine that they want expert testimony, they can discuss it and contact the Court for permission.  ePlus ignored those instructions, and apparently made a conscious decision to withhold its plan from Lawson.  In its opposition to Lawson's motion to strike, ePlus argues that it is merely trying to "get it right."  But if that were the case, ePlus would have followed the Court's instructions or discussed its desire to use expert testimony with Lawson.  It did not.  The only fair resolution at this point is for the Court to strike

---

[2] Attached as Exhibit A.

[3] In addition, some of Dr. Weaver's statements support Lawson's proposed constructions.  For example, when Dr. Weaver discusses the "means for searching" he asserts that "there are no product catalogs stored in the RIMS databases."  Docket No. 170 at 29 ¶ 60.  Thus, ePlus's proposed construction of "catalogs" must be incorrect because under its proposed construction of catalog the data stored in the RIMS database would be a catalog.

ePlus's expert declaration and Supplemental Brief and require ePlus to resubmit its supplemental

brief without references to the expert declaration or attacks on Lawson's constructions.

LAWSON SOFTWARE, INC.

By_____/s/_____
            Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

<u>CERTIFICATE OF SERVICE</u>

I certify that on this 25th day of February, 2010, a true copy of the foregoing will be filed

electronically with the Clerk of Court using the CM/ECF system, which will send a notification

of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

                  /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*