IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:09cv620 |
| LAWSON SOFTWARE, INC. | ) |
| Defendant. | ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO COMPEL ePLUS, INC. TO RESPOND TO
INTERROGATORIES 19 AND 20**

Lawson Software, Inc. ("Lawson") seeks a complete response to its Interrogatory Nos. 19 and 20. Those interrogatories request that ePlus, Inc. ("ePlus") provide its contentions regarding specific prior art cited by Lawson. Lawson seeks a full response, on a limitation-by-limitation basis, as to whether the specific prior art listed in the interrogatories teach or suggest the limitations of the 13 patent claims at issue. The interrogatories also seeks ePlus's contentions as to whether each specific combination of prior art listed in the interrogatories would be combined by a person of ordinary skill in the art. Lawson seeks responses on par with the detail it has provided to ePlus regarding corresponding invalidity contentions, and on par with the detail that ePlus demanded from Lawson regarding infringement of *all 79* claims of the patents in suit (before the Court ordered ePlus to narrow its contentions).

In its Supplemental Initial Statement of Invalidity Defenses Statement ("Supplemental Invalidity Statement"), Lawson identified specific documents describing prior art listed in the interrogatories and, in a lengthy claim chart, cited specific pages of those documents disclosing

.

the limitations of ePlus's asserted patent claims.[1] Lawson also explained why the various prior art references would be combined by a person of ordinary skill in the art.

ePlus provided partial responses, but asserted it did not understand what specific parts of the prior art were at issue. Lawson requested that ePlus at least disclose (1) for each excerpt of the prior art specifically cited by Lawson *by page number* as disclosing a claim limitation, whether ePlus disputes that the prior art discloses the limitation and, if so, why; and (2) for each combination of prior art specifically identified and discussed by Lawson, whether ePlus disagrees that a person of ordinary skill would combine the references and, if so, why. ePlus refused, prompting this motion.

ePlus's arguments for refusing are inadequate. ePlus argues that invalidity is Lawson's burden, but discovery responses are due regardless of who has the burden of proof. ePlus knows this full well, as it demanded (and Lawson provided) detailed non-infringement claim charts despite the fact that infringement is ePlus's burden.

Lawson provided its invalidity contentions on December 8, 2009. It updated them on December 23, 2009. ePlus did not complain about the sufficiency of those responses. Only after Lawson complained of deficiencies in ePlus's answers on the same issue, on February 1, 2010, did ePlus even assert that Lawson's invalidity contentions were too vague to rebut. ePlus knows that it cannot excuse its own deficiencies in responding to interrogatories by demanding more discovery from the opposing party. Indeed, ePlus demanded Lawson's non-infringement contentions before it had provided infringement contentions of its own. ePlus is not entitled to invoke such double standards in denying complete responses to Lawson's requests.

---

[1] Attached as Exhibit A are excerpts from Lawson's Supplemental Invalidity Statement which illustrates the level of detail that Lawson provided regarding its invalidity contentions.

Lawson respectfully moves the Court to compel ePlus to provide: (1) a claim chart detailing on a limitation-by-limitation basis for each specific citation in Lawson's Supplemental Invalidity Statement, whether ePlus disputes that the cited portion of the prior art discloses the limitation of patent claims and, if so, why; and (2) for each specific combination of prior art cited by Lawson to support invalidity, a detailed explanation of whether ePlus disputes that a person of ordinary skill in the art would combine the references and, if so, why.

## I.   Background

### A.   Lawson's Invalidity Interrogatories

On December 8, 2009, Lawson served ePlus with an Initial Statement of Invalidity Defenses, and ePlus served Lawson with Infringement Claim Charts. (Dkt. No. 134.) The parties met-and-conferred about supplementing their submissions, and Lawson agreed to provide additional detail in its Supplemental Initial Statement of Invalidity Defenses, which was filed on December 23, 2009.

Lawson's Supplemental Invalidity Statement includes a specific list of documents describing the prior art references asserted in the Statement. *See* Ex. A. It also includes a claim chart citing specific pages of those documents that teach or suggest each limitation of ePlus's asserted patent claims. *Id*. at pp. 106-117. It ends with an explanation of why one of ordinary skill in the art would combine the various prior art references to render the asserted claims obvious. *Id*. ("Combinability of Prior Art References"). As before, ePlus did not question the sufficiency of Lawson's Supplemental Invalidity Statement.

Lawson served ePlus with Interrogatory Nos. 19 and 20 on December 30, 2009, a week after ePlus received Lawson's Supplemental Invalidity Statement. (Ex. B.) Interrogatory No. 19 requests that ePlus describe in detail on limitation-by-limitation basis for prior art reference

listed in the interrogatory which limitation of the asserted patent claims were not taught or suggested:

**INTERROGATORY NO. 19.**

Describe in detail on a limitation-by-limitation basis for each prior art reference listed below, which limitation(s) of claims 3, 6, 26, 28 and 29 of U.S. Patent No. 6,023,683, claims 1, 2, 6, 9, 21, 22, and 29 of the U.S. Patent No. 6,055,516, and claim 1 of U.S. Patent No. 6,505,172, ePlus contends are not disclosed in, are not taught by, or are not obvious based on the prior art reference, state all facts and identify all documents that support ePlus's contention, and identify all persons with knowledge about such contention. ePlus's must respond with respect to each of the following:

A. the Fisher RIMS system;
B. U.S. Patent No. U.S. Patent No. 5,712,989;
C. Lawson software available prior to August 10, 1994;
D. Lawson Requisitions Procedures Manual (L0012554–L0012599);
E. Lawson Inventory Control Procedures Manual (L0012837–L0013145);
F. Lawson Purchase Order Procedures Manual (L0013146–L0013295);
G. Lawson Purchase Order User Text (L0015615–L0016422);
H. U.S. Patent No. 5,319,542;
I. U.S. Patent No. 5,694,551;
J. the P.O. Writer system;
K. the P.O. Writer Manual (L0126148–L0127601);
L. the SABRE system;
M. A Practical Guide to SABRE Reservation and Ticketing (L0125223–L0125723);
N. Reservation and Ticketing with SABRE (L0125725–L0126046);
O. SABRE Total Access (L0126048–L0126103);
P. SABRE Savvy (L0126106–L0126146);
Q. the J-CON system;
R. the J-CON Manual (L0123414–L0124584);
S. the J-CON System User's Manual (L0124586–L0125034);
T. The J-CON/RDB Guide (L0125036–L0125221);
U. the Gateway system;
V. the Gateway 2000/MRS System manual (L0127603–L127886);
W. TSA Gateway Purchasing Manual (L0127887–L0128208);
X. TSA Gateway Inventory Process User Manual (L0128209–L0128356);
Y. TSA Gateway DOS Product Overview (L0128368–L0128395);
Z. the IBM TV/2 system;
AA. IBM Technical Viewer/2 General Information Manual (L0132122–L0132130); and
BB. IBM Technical View/2 brochure (L0132131–L00132134).

Interrogatory No. 20 requests that ePlus describe in detail why a person of ordinary skill in the art would not combine the prior art reference as listed in the interrogatory:

> **INTERROGATORY NO. 20:**
>
> If ePlus contends that the combination of the prior art references identified below do not render obvious claims 3, 6, 26, 28 and 29 of U.S. Patent No. 6,023,683, claims 1, 2, 6, 9, 21, 22, and 29 of the U.S. Patent No. 6,055,516, and claim 1 of U.S. Patent No. 6,505,172, describe in detail which limitation(s) of the claims are not provided in each combination, why a person of ordinary skill in the art would not combine the references, why the combination would not be obvious, and all facts that support ePlus's contention, and identify all documents and persons with knowledge about such contention. ePlus's must respond with respect to each of the following:
>
> A. Lawson software available prior to August 10, 1994 combined with the Fisher RIMS system;
> B. Lawson software available prior to August 10, 1994 combined with U.S. Patent No. 5,319,542;
> C. Lawson software available prior to August 10, 1994 combined with U.S. Patent No. 5,694,551.
> D. Lawson software available prior to August 10, 1994 combined with the P.O. Writer system;
> E. Lawson software available prior to August 10, 1994 combined with the SABRE Writer system;
> F. Lawson software available prior to August 10, 1994 combined with the J-CON system;
> G. Lawson software available prior to August 10, 1994 combined with the Gateway system;
> H. Lawson software available prior to August 10, 1994 combined with the IBM TV/2 system;
> I. The Fisher RIMS system combined with U.S. Patent No. 5,319,542;
> J. The Fisher RIMS system combined with U.S. Patent No. 5,694,551;
> K. The Fisher RIMS system combined with the P.O. Writer system;
> L. The Fisher RIMS system combined with the SABRE system;
> M. The Fisher RIMS system combined with the J-CON system;
> N. The Fisher RIMS system combined with the Gateway system;
> O. The Fisher RIMS system combined with the IBM TV/2 system;
> P. U.S. Patent No. 5,319,542 combined with U.S. Patent No. 5,694,551;
> Q. U.S. Patent No. 5,319,542 combined with the P.O. Writer system;
> R. U.S. Patent No. 5,319,542 combined with the SABRE system;
> S. U.S. Patent No. 5,319,542 combined with the J-CON system;
> T. U.S. Patent No. 5,319,542 combined with the Gateway system;
> U. U.S. Patent No. 5,319,542 combined with the IBM TV/2 system;
> V. U.S. Patent No. 5,694,551 combined with the P.O. Writer system;

  W. U.S. Patent No. 5,694,551 combined with the SABRE system;
  X. U.S. Patent No. 5,694,551 combined with the J-CON system;
  Y. U.S. Patent No. 5,694,551 combined with the Gateway system;
  Z. U.S. Patent No. 5,694,551 combined with the IBM .TV/2 system;
  AA. The P.O. Writer system combined with the SABRE system;
  BB. The P.O. Writer system combined with the J-CON system;
  CC. The P.O. Writer system combined with the Gateway system;
  DD. The P.O. Writer system combined with the IBM TV/2 system;
  EE. The SABRE system combined with the J-CON system;
  FF. The SABRE system combined with the Gateway system;
  GG. The SABRE system combined with the IBM TV/2 system;
  HH. The J-CON system combined with the Gateway system;
  II. The J-CON system combined with the IBM TV/2 system; and
  JJ. The Gateway system combined with the IBM TV/2 system.

On January 29, ePlus responded to Interrogatory Nos. 19 and 20. (Ex. C.) The response to Interrogatory No. 19 did not provide the requested limitation-by-limitation response. *Id.* at 7-15. Instead, ePlus asserts that Lawson is impermissibly shifting its burden of proof to ePlus, generally characterizes the asserted prior art references, and then gives examples of functions or structure missing from each reference without tying the contentions to specific patent claims. *Id.* Further, ePlus's response does not address many limitations of the asserted claims. For example, the term "convert," which appears in three of the patent claims ePlus currently asserts, never appears in ePlus's response to Interrogatory No. 19. Neither do the terms "subset" (two claims) or "protocol" (two claims). ePlus leaves Lawson to guess at which claims and which limitations it is discussing and whether the limitations not discussed remain in dispute.

ePlus's response to Interrogatory No. 20 is even less informative. ePlus generally argues that the asserted patents are not obvious, but provides no information why the specific, asserted prior art references would not be combined as listed in the interrogatory. *Id.* at 18-20. Rather, ePlus attempts to excuse its non-response by placing the burden of proof on Lawson:

> Moreover, Lawson has not shown that there is any suggestion or motivation, either in the references themselves or in the knowledge generally available to one of ordinary skill in the art, to modify the references or to combine the references'

6

>disclosures to arrive at the inventions claimed in the Patents-in-Suit.  Further, Lawson has not shown that a person of ordinary skill in the art would combine the alleged references with any reasonable expectation of success.

*Id.* at 18.

### C.   The Meet-and-Confer

Lawson notified ePlus that the responses to Interrogatory Nos. 19 and 20 are deficient on February 1, 2010.  (Ex. D.)  In response, ePlus disclosed for the first time that it objected to Lawson's invalidity contentions, served on ePlus six weeks earlier on December 23, 2009.  (Ex. E.)  Counsel for Lawson and ePlus agreed to a meet-and-confer.  At the meet-and-confer, Lawson agreed to limit its demand so that ePlus only had to respond to the specific contentions, by page number and specific claim limitation, provided in Lawson's Supplemental Invalidity Statement.  (Ex. F.)  Rather than accept Lawson's proposal, ePlus requested that Lawson confirm that it is no longer asserting prior art references and combinations of references listed in Interrogatory Nos. 19 and 20, but not disclosed in Lawson's Supplemental Invalidity Statement before ePlus would respond.  (Ex. G.)

Lawson responded, pointing out ePlus's inconsistencies in demanding interrogatory responses from Lawson and denying interrogatory responses to Lawson.  (Ex. H.)  In response, ePlus disclosed for the first time that it also objected to Lawson's non-infringement contentions, served on ePlus five months earlier on September 18, 2009.  (Ex. I.)  ePlus also agreed to provide supplemental response to Interrogatory Nos. 19 and 20.  *Id.* at 3 ("ePlus will supplement its response to Lawson's Interrogatories Nos. 19 and 20 to provide claim charts explaining on a claim-by-claim and element-by-element basis its validity contentions with respect to the alleged prior-art references in the claim charts of Lawson's Statement of Invalidity Defenses.").  The very next day, however, ePlus reneged on its agreement, stating that it would supplement its

responses *only* if Lawson supplemented its non-infringement contentions, but Lawson had only known that ePlus objected to its non-infringement contentions for less than 24 hours. (Ex. J.)

Lawson has continually attempted to cooperate with ePlus in both responding to interrogatories and requesting responses to interrogatories, yet ePlus continues to insist that Lawson do more. At this point, Lawson must resort to Court intervention.

**II.     Legal Standard**

Rules 26 and 33 of the Federal Rules of Civil Procedure provide Lawson with the right to seek discovery of information relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1) & 33. ePlus, as the party opposing discovery, has the burden of showing that the requested discovery is not relevant. *Cappetta* v. GC *Servs. Ltd. Partnership,* 2008 WL 5377934, *2 (E.D. Va. Dec. 24, 2008); *Kidwiler* v. *Progressive Paloverde Ins. Co.,* 192 F.RD. 193, 199, n.64 (N.D. W.Va. 2000). Nowhere do the rules provide that discovery may be resisted based on allegations that the other party also has deficiencies in its responses. If that were a legitimate objection, discovery would move at a snail's pace.

A claim that an accused infringer's invalidity contention are insufficient does not excuse the patent owner from responding to discovery requests regarding the prior art. *Synventine Molding Soultions, Inc. v. Husky Injection Molding Sys.*, 262 F.R.D. 365, 374 (D. Vt. 2009). Specifically, a patent owner cannot refuse to respond to discovery regarding whether a prior art reference teaches or suggests a claim element on the grounds that the accused infringer has not established the other requirements to prove invalidity. *Id.* Whether the disclosure in the prior art establishes that a claim is invalid is entirely separate from whether the prior art reference does *in fact* discloses the limitation. *Id.*

### III.     Argument

Lawson's Supplemental Invalidity Statement identifies specific page numbers of prior art documents as corresponding to specific claim limitations, to show the claims at issue are invalid. Lawson simply seeks ePlus's contentions regarding these specifics, and the grounds for any disputes regarding the specific prior art cited. The requests are sufficiently specific to entitle Lawson to a response.

ePlus's excuses smack of delay and unfairness. ePlus demanded Lawson's non-infringement contentions even though ePlus had not yet provided its infringement contentions, and infringement is ePlus' burden. ePlus knew that a party must answer interrogatories regardless of the burden of proof and regardless of its satisfaction with responses received. ePlus conveniently forgets these requirements, however, when faced with Lawson's requests. Indeed, ePlus was in a much worse position, because at least Lawson had already provided detailed invalidity contentions when ePlus received the interrogatories. ePlus thus already has an advantage, yet still fails to respond.

### A.     Lawson's Contentions Are Sufficiently Specific to Require a Response

ePlus has repeatedly recognized, in demanding discovery *from* Lawson, that a party has no right to insist on discovery from the opposing party before it responds to interrogatories. (Exs. K at 3-4; Ex. L at 1; ePlus's Br. in Support of Mot. to Compel at 7 n.4 (Dkt No. 93).) Yet, when owing discovery *to* Lawson, ePlus now wants to change the rules. Now, ePlus insists that it can demand discovery from Lawson first.

Lawson's invalidity Interrogatory Nos. 19 and 20 mirror ePlus's infringement interrogatories. Early in the case, ePlus served interrogatories requiring Lawson to explain why it did not infringe. (Ex. M at 9-10.) ePlus insisted that Lawson provide a limitation-by-

9

limitation explanation of non-infringement for all 79 claims. (Ex. K at 3.) This was before ePlus had provided infringement analysis for a single claim. When ePlus finally did provide an infringement analysis in response to Lawson's interrogatories, it only provided an analysis of eight claims. (Ex. N.) ePlus is in no position to complain that Lawson must provide more discovery first before its duty to respond arises.

On what principle does ePlus rely to reconcile its demands *from* Lawson with its responses *to* Lawson? There is none. Lawson has met ePlus more than half way. Unlike ePlus's demands regarding infringement contentions, Lawson at least provided its detailed invalidity contentions *before* demanding a response from ePlus. Lawson deserves a response.

### B.     ePlus Cannot Excuse Its Deficient Responses by Its Belated Complaints About Lawson's Contentions

Lawson's responses regarding invalidity contentions, as supplemented, were quite detailed. ePlus apparently recognized this, because it had no complaints about the responses after they were served on December 23, 2009. This is noteworthy, as ePlus has sent Lawson dozens of letters regarding purported discovery deficiencies, more than once a week, over the past six months.

This acquiescence in the sufficiency of Lawson's invalidity contentions continued until Lawson objected to the sufficiency of ePlus' invalidity contentions on February 1, 2010. ePlus fails to explain why discovery that it found satisfactory for weeks suddenly became deficient. In fact, ePlus's complaints miss the mark. ePlus argues the Lawson has not established that all the asserted reference qualify as prior art and Lawson has established a motivation to combine the prior art references. However, Lawson need not prove it will prevail on issues at trial before it is entitle to discovery. Lawson seeks ePlus's contentions as to (1) whether the specified references and pages disclose the specific limitation of the asserted patent claims and (2) whether one of

10

ordinary skill would combine specified references. Whether the references are proven to be prior art is to be decided another day. The concern is illusory in any event, as many of the disputed references have already been found to be prior art by the U.S. Patent Office during reexaminations. (Ex. O at 4-8.) In any event, ePlus can answer the questions consistent with any good faith dispute over whether a reference is prior art.

Attacking Lawson's position does not dismiss ePlus's duty to respond to Lawson's interrogatories. Similar attacks were unavailing in *Molding*:

> Synventive argues that this response is appropriate in light of Husky's improper efforts to "pick and choose isolated elements from the prior art and combine them so as to yield the invention in question," and thus demonstrate invalidity of the patents-in-suit. (Doc. 140 at 4). But the question of whether the inferences Husky seeks to draw from facts like "the Blank Patent discloses a manifold" are impermissible, is entirely separate from the question of whether the Blank Patent does *in fact* disclose a manifold.

262 F.R.D. at 374. The interrogatories are valuable and properly narrow the issues by determining which limitations and which combinations of references are truly in dispute. They should be answered.

## IV. Conclusion

For the foregoing reasons, Lawson respectfully requests the Court compel ePlus to response to Interrogatory Nos. 19 and 20 by providing:

(1) for each excerpt of the prior art specifically cited by Lawson by page number as disclosing a claim limitation, whether ePlus disputes that the prior art discloses the limitation and, if so, why; and

(2) for each combination of prior art specifically identified by Lawson, whether ePlus disagrees that a person of ordinary skill would combine the references and, if so, why.

LAWSON SOFTWARE, INC.

By /s/
        Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 1st day of March, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

        /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*