# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

*e*PLUS, INC.,                                   )
                                              )
                                              )    Civil Action No. 3:09-cv-620
                  Plaintiff,            )
                                              )
             v.                            )
                                               )
LAWSON SOFTWARE, INC.            )
                                              )
                                              )
                 Defendant.           )

## DEFENDANT LAWSON SOFTWARE, INC.'S
## SUPPLEMENTAL INITIAL STATEMENT OF INVALIDITY DEFENSES

Defendant Lawson Software, Inc. ("Lawson"), by counsel and in accordance with Section

V(J)(3) of Pretrial Schedule A to the Court's Scheduling Order (Dkt. 121-2), hereby submits its

initial statement of invalidity defenses. Lawson is asserting the following prior art references:

- Lawson software that was available prior to August 10, 1994

  o L0011698 – L0011760, L001761–L0011848, L001849–L0012144, L0012492–L012517, L0012554–L0012599, L0012800–L0012836, L0012837–L0013145, L0013146–L0013295, L0013572–L0013711, L0014416–L0014532, L0015615–L0016422, L0017726–L0017890, L0017891–L0018119;

- The Fisher Scientific Requisition and Inventory Management System ("the Fisher RIMS system");

  o ePLUS0137677–ePLUS0137718; as admitted to be "known" as described in the patents in suit as disclosed in the U.S. Pat. No. 5,712,989, which inventors Kinross, Johnson, and Momyer confirmed describes the RIMS system as offered for sale and in public use more than one year before the effective filing date of the patents in suit, as further confirmed by the Fisher 10K and annual reports from 1992-1994 and in the trademark application papers associated with Fisher's RIMS federal trademark application

1

- U.S. Patent No. 5,319,542

  - ePLUS0130297–ePLUS0130307;

- U.S. Patent No. 5,694,551

  - ePLUS0137969–ePLUS0138005;

- P.O. Writer Plue V.10 ("the P.O. Writer system")

  - L0126149–L0126395, L0126396–L0126402, L0126403–L0126422, L0126423–L0126481, L0126482–L0126500, L0126501–L0126513, L0126515–L0126701, L0126702–L0126717, L0126718–L0126964, L0126965–L0126980, L0126981–L0126999, L0127000–L0127019, L0127020–L0127102, L0127103–L0127137, L0127138–L0127227, L0127228 – L0127255, L0127256–L0127296, L0127297–L0127504, L0127506–L0127601;

- The SABRE system

  - L0125223–L0125723, L0125725–L0126046, L0126048–L0126103, L0126106–L0126146;

- The J-CON system

  - L0123413–L0124584, L0124586–L0125034, L0125036 – L0125221;

- The Gateway 2000/MRO Version ("the Gateway system")

  - L0127603–L0127886, L0127887–L0128208, L0128209–L0128209, L0128358–L0128361, L0128363– 0128366, L0128368–L0128395;

- The IBM Technical Viewer/2 ("IBM TV/2") system

  - L0132122–L0132130, L0132131–L0132134

The listed Bates numbers are intended to be an exemplary, but not an exhaustive, list of documents describing the asserted prior art.

Attached hereto as Exhibit 1 is a claim chart explaining how the listed prior art invalidates the patent claims currently asserted by Plaintiff ePlus, Inc. The citations to specific Bates numbers in the claim charts are intended to an exemplary, but not an exhaustive, list of where the specific limitations are found in the asserted prior art. Additionally, to the extent that

the identification of any disclosure of a limitation in a prior art reference is found to be incorrect or incomplete, Lawson reserves the right to assert additional combinations of the asserted prior art references as rendering the claims obvious.  A discussion regarding the motivation to combine the prior art references for purposes of 35 U.S.C. §103 is provided in Exhibit 1 after the claim chart.

Dated:  December 23, 2009

By: *Rachel C Hughey*
      Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

# EXHIBIT 1

## U.S. Patent No. 6,023,683

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| 1. An electronic sourcing system comprising: | **35 U.S.C. § 101**<br>Claim 1 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 112 ¶ 1**<br>The specification of the '683 patent does not enable claim 1 because the specification does not enable the full scope of at least one element of claim 1. See below for a discussion of the individual elements.<br><br>The specification of the '683 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 1 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>**35 U.S.C. § 112 ¶ 2**<br>Claim 1 is directed to indefinite subject matter because at least one limitation of claim 1 is indefinite. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 102**<br>The Fisher RIMS system is an electronic sourcing system. E.g. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691). The Fisher RIMS system anticipates claim 1. |

## U.S. Patent No. 6,505,172

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| 1. An electronic sourcing system comprising: | **35 U.S.C. § 101**<br>Claim 1 is directed to a process without any meaningful limitations directed to a machine.  See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 112 ¶1**<br>The specification of the '172 patent does not enable claim 1 because the specification does not enable the full scope of at least one element of claim 1.  See below for a discussion of the individual elements.<br><br>The specification of the '172 patent does not describe every limitation of claim 1.  See below for a discussion of the individual elements.<br><br>The specification of the '172 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search.  See, e.g., Summary of Invention.  Claim 1 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>**35 U.S.C. § 112 ¶2**<br>Claim 1 is directed to indefinite subject matter because at least one limitation of claim 1 is indefinite.  See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 102**<br>The Fisher RIMS system is an electronic sourcing system.  U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691).  The Fisher RIMS system anticipates claim 1. |

106

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | **35 U.S.C. § 103**<br><br>Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with the Fisher RIMS system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with U.S. Patent No. 5,319,542 and the Fisher RIMS system, U.S. Patent No. 5,694,551 or the J-CON system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with U.S. Patent No. 5,694,551 and the Fisher RIMS system, the P.O. Writer system, the SABRE system, the Gateway system, or the IBM TV/2 system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with the P.O. Writer system and the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with the SABRE system and the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with the Gateway system and the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with the IBM TV/2 system and the Fisher RIMS system, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, or the Gateway system.<br><br>U.S. Patent No. 5,319,542 discloses an electronic sourcing system. Col. 3:16-27 (ePLUS0130303). U.S. Patent No. 5,319,542 renders claim 1 obvious when combined with the Fisher RIMS system, U.S. Patent No. 5,694,551, or the J-CON system. Additionally, U.S. Patent No. 5,319,542 renders claim 1 obvious when combined with Lawson software available prior to August 10, 1994, and the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. Additionally, U.S. Patent No. 5,319,542 renders claim 1 obvious when combined with the P.O. Writer system and the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. Additionally, U.S. Patent No. 5,319,542 renders claim 1 obvious when combined with the SABRE system and the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. Additionally, U.S. Patent No. 5,319,542 renders claim 1 obvious when combined with the Gateway system and the Fisher RIMS |

107

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. Additionally, U.S. Patent No. 5,319,542 renders claim 1 obvious when combined with the IBM TV/2 system and the Fisher RIMS system, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, or the Gateway system. |
| | U.S. Patent No. 5,694,551 discloses an electronic sourcing system.  Abstract (ePLUS0137969). U.S. Patent No. 5,694,551 renders claim 1 obvious when combined with the Fisher RIMS system, U.S. Patent No. 5,319,542, the P.O. Writer system, the SABRE system, the Gateway system, or the IBM TV/2 system. |
| | The P.O. Writer system is an electronic sourcing system.  (L0126506).  The P.O. Writer system renders claim 1 obvious when combined with the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. |
| | The SABRE system is an electronic sourcing system.  (L0125236).  The SABRE system renders claim 1 obvious when combined with the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. |
| | The J-CON system is an electronic sourcing system.  (L0123423).  The J-CON system renders claim 1 obvious when combined with the Fisher RIMS system, U.S. Patent No. 5,319,542, the P.O. Writer system, the SABRE system, the Gateway system, or the IBM TV/2 system. |
| | The Gateway system is an electronic sourcing system.  (L0127643).  The Gateway system renders claim 1 obvious when combined with the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. |
| | The IBM TV/2 system is an electronic sourcing system.  (L0132126).  The IBM TV/2 system renders claim 1 obvious when combined with the Fisher RIMS system, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, or the Gateway system.  Additionally, the IBM TV/2 system renders claim 1 obvious when combined with Lawson software available prior to August |

108

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | 10, 1994, and the Fisher RIMS system, U.S. Patent No. 5,694,551, the P.O. Writer system, the J-CON system, or the Gateway system. |
| a database containing data relating to items associated with at least two vendors maintained so that selected portions of the database may be searched separately; | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as "database" is not necessarily an electronic compilation of data (depending on the construction) and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity.<br><br>**35 U.S.C. § 112 ¶ 1**<br>The specification only describes how to select electronic catalogs stored on an electronic database and does not enable the selection any portion that is less than entire catalog.<br><br>The specification of the '172 paten has no written description of how to search portions of the database separately. The only discussion in the specification of how selected portions of the database may be searched separately indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. However, concatenate has been construed "simply to mean that the selected catalogs are searched as a group" and as not necessarily requiring the selected catalogs to be joined. (Markman Order at 12 (Dkt. No. 229 from *ePlus, Inc. v. Ariba, Inc.*, No. 04-612)).<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system could electronically store data in host and local databases related to items from a customer, a Distributor, and multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, cols. 3:65-4:1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692). The Fisher RIMS system used criteria associated with the databases to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1, Table VI (ePLUS0137699). |

109

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236).<br><br>The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs. (L0132126). |
| means for entering product information that at least partially describes at least one desired item; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as the specification only discloses a general purpose keyboard.<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system includes a requisition management module and data screens for a user to enter search criteria such as a part number. U.S. Pat. No. 5,712,989 at Fig. 2A, col. 6:31-34, col. 8:24-29 & col. 8:46-51, cols. 31:60-34:67, Table VI, XVII, XVIII (ePLUS0137680, ePLUS0137693 & ePLUS0137694).<br><br>U.S. Patent No. 5,694,551 discloses entering searching criteria to search for items. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002).<br><br>The J-CON system included mechanisms and screen displays for entering product information that was descriptive of items in the parts database. (L0123613). |

110

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The IBM TV/2 system enabled a user to search for item by entering specific criteria, such as keywords or part numbers.  (L0132133). |
| means for searching for matching items that match the entered product information in the selected portions of the database; | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 112 ¶1**<br>The specification only describes how to select electronic catalogs stored on an electronic database and does not enable the selection of any portion that is less than entire catalog.<br><br>The specification only describes selecting catalogs to search.  There is not description of how to search or specify any portion of the database other than by catalog.<br><br>**35 U.S.C. § 112 ¶2**<br>The specification of the '172 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information, including a cross-reference database.  U.S. Pat. No. 5,712,989 at col. 8:46-52, cols. 31:60-34:67, Table VI, XVII, XVIII (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses a user searching for items in the private or public catalogs. Fig. 3 & col. 5:42-45 (ePLUS0130300 & ePLUS130304).<br><br>U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword.  Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002). |

111

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The P.O. Writer system enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525). |
| | The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287). |
| | The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472). |
| | The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661). |
| | The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| means for generating an order list that includes at least one matching item selected by said means for searching; | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system created a list of items matching specific criteria, such as the first letter of the item name. (L0126549). A customer may provide an order list in electronic form through a customer host computer. U.S. Pat. No. 5,712,989 at col. 6:39-46 (ePLUS0137694).<br><br>U.S. Patent No. 5,694,551 discloses creating a list of quantity item ordering data. Fig. 7, Fig. 13 & col. 5:21-37 (ePLUS0137976, ePLUS0137982 & 0138002).<br><br>The P.O. Writer system created a list of items resulting from a search in which a user could enter the quantity desired. (L0126557). |

112

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The SABRE system enabled the use to create a fare-quote before creating an requisition (PNR). (L0125462). |
| | The J-CON system created list of parts meeting a specific criteria in which a user could select parts and quantities to purchase. (L0123603 & L0123610-11). |
| | The Gateway system created a list of items resulting from a search. (L0127645-75). |
| means for building a requisition that uses data obtained from said database relating to selected matching items on said order list; | **35 U.S.C. § 101**<br>    This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 102/§ 103**<br>    Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741).  An order could be created from items retrieved from the database by item number.  (L0013226, L0015719-22).<br><br>    The Fisher RIMS system created requisitions based on product information including an order list supplied by a customer, by entering the order information on screens including an Order Header Information screen.  U.S. Pat. No. 5,712,989 at col. 6:39-46, cols. 8:25-9:15 (ePLUS0137694-95).<br><br>    U.S. Patent No. 5,694,551 discloses building a requisition from the selected items.  Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002).<br><br>    The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948). |

113

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125235-45). |
| | The J-CON system enabled  a user to select items to add to a requisition (ticket).  (L0123606). |
| | The Gateway system enabled a user to select items to add to a requisition.  (L0127659 & L0127675). |
| means for processing said requisition to generate purchase orders for said selected matching items. | **35 U.S.C. § 101** This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| | **35 U.S.C. § 112 ¶1** There is no description in the specification of how to process "purchase orders" (plural) from a single requisition, so the specification fails to show possession of the invention. |
| | **35 U.S.C. § 112 ¶2** The specification of the '172 patent fails to comply with 35 U.S.C. § 112 ¶¶2 and ¶ 6 by failing to sufficiently describe structure corresponding to this means, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for processing a requisition to generate purchase "orders" (plural).  Because no structure is described in the '683 specification that corresponds to this function, the claim is indefinite. |
| | **35 U.S.C. § 102/§ 103** Version 6.0 of the Lawson's Requisition Module enabled users to create purchase orders from one or more requisitions. (L0009747-49). |
| | The Fisher RIMS system processed requisitions to generate  purchase orders.  U.S. Pat. No. 5,712,989 at Fig. 2A, Figs. 4A- 4D and 5A & 5B and related descriptions at col. 11:26 – col. 21: 67,  cols. 6:18–11:23, col. 17: 35-42 & col.  18:5-9 (ePLUS0137680,ePLUS0137687 & |

114

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
|  | ePLUS013769). |
|  | U.S. Patent No. 5,694,551 discloses generating multiple purchase orders.  Col. 3:48-56, col. 5:59-65, cols. 6:45-7:6 & col. 8:39-46 (ePLUS0138001 & ePLUS0138002-03). |
|  | The P.O. Writer system enabled a purchase order to be created from the requisition list by pressing F4. (L0126950).  Requisitions including items purchased from different vendors were split into different purchase orders by vendor.  (L0126976). |
|  | The SABRE system processed a requisition (PNR) for completeness and released it for sale. (L0125307). |
|  | The J-CON system could be configured to process purchase orders manually or automatically. (L0123693-99). |
|  | The Gateway system automatically moved information from a requisition to a purchase order. (L0127697 & L0127710). |
| 5. The electronic sourcing system according to claim 1, further comprising means for determining whether a selected matching item is available in inventory. | The invalidity contentions regarding claim 1 are incorporated herein by reference.

**35 U.S.C. § 101**
Claim 5 is directed to a process without any meaningful limitations directed to a machine.

**35 U.S.C. § 112 ¶ 2**
The specification of the '172 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to claim 5, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for determining whether an item is in inventory.  Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite. |

115

| 1/2 Patent Claim Element | Invalidity Contentions |
|---|---|
| | **35 U.S.C. § 102**<br><br>The Fisher RIMS system included a code that limited item searches to particular Distributor warehouses and backordered if the item was not found. Various computer implemented processes are described for determining availability of various product types. U.S. Pat. No. 5,712,989 at col. 9, col. 12: 33-60, col. 13:38-53, col. 14:48-67. col. 15:1-5, col. 18:40-50; 22:36-47, Tables XXII, XXIII (ePLUS0137701). The Fisher RIMS system anticipates claim 5.<br><br>**35 U.S.C. § 103**<br><br>Version 6.0 of Lawson's Requisition Module enabled users to indicate a Replacement Item for any item entered into Item Master. (L0012924, L0012942). The Replacement Item would automatically be substituted for an ordered item when that item did not have sufficient stock to fill an order. (L0012942). Additionally, Version 6.0 of Lawson's Requisition Module enabled users to create a table of substitute items that would display to the user if an item and its replacement (if one is set up) were not available. (L0012942). Lawson software available prior to August 10, 1994 renders claim 5 obvious when combined with the other cited prior art references as described with respect to claim 1.<br><br>U.S. Patent No. 5,319,542 renders claim 5 obvious when combined with the other cited prior art references as described with respect to claim 1.<br><br>U.S. Patent No. 5,694,551 discloses the determining which items are backordered, i.e. not available in inventory. Fig. 11 (ePLUS0137980). U.S. Patent No. 5,694,551 renders claim 5 obvious when combined with the other cited prior art references as described with respect to claim 1.<br><br>The P.O. Writer included an inventory Control Module that enabled tracking of on-hand inventory balances. (L0126633). The P.O. Writer system renders claim 5 obvious when combined with the other cited prior art references as described with respect to claim 1. |

116

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
|  | The SABRE system enabled a user to determine the availability of flights.  (L0125267).  The SABRE system renders claim 5 obvious when combined with the other cited prior art references as described with respect to claim 1.<br><br>The J-CON system enabled a user to determine whether and how many of a particular item was available in stock.  (L0123608 & L0123612).  The J-CON system renders claim 5 obvious when combined with the other cited prior art references as described with respect to claim 1.<br><br>The Gateway system enabled a user to determine whether a particular item was available in stock.  (L0127659).  The Gateway system renders claim 5 obvious when combined with the other cited prior art references as described with respect to claim 1.<br><br>The IBM TV/2 system renders claim 5 obvious when combined with the other cited prior art references as described with respect to claim 1. |

117

## COMBINABILITY OF THE CITED PRIOR ART REFERENCES

Each of the prior art references cited in the claim charts could be combined with each of the other references cited to arrive at all of the asserted claims of the patents-in-suit, and each reference independently provides motivation to do so.

Generally, the patents-in-suit relate to electronic requisition methods and systems. Each of the prior art references cited similarly provides either electronic sourcing or database searching for product or vendor information, and use of that information in a requisition or purchasing system for such items. Combination of the elements from each of the cited references would provide a combination of elements that were familiar at the time of filing of the original application from which patents-in-suit claim priority. Combination of software features in these electronic sourcing systems is accomplished according to known methods and yields only predictable results, as confirmed by testimony of inventors Kinross, Johnson and Momyer. The inventors further confirmed that no particular hurdles arose in the evolutionary development of the claimed systems and methods that would deter one of ordinary skill from combining the cited references.

The TV/2 prior art specifically teaches that its searching, catalog database, and other components could be beneficially combined with other electronic systems such as parts ordering systems. Testimony by inventors Kinross, Johnson, and Momyer confirm that the TV/2 system had an application program interface (API) specifically designed for combining the TV/2 with other systems such as requisitioning and purchasing systems.

Much of the motivation to develop the technology described in the patents in suit came from customers requesting the functionality. One of skill in the art receiving requests for the

1

functionality claimed in the patents in suit would be similarly motivated to combine the prior art references as necessary to provide the requested functionality.

The claimed systems were not particularly successful or the subject of industry recognition. Sales have been modest and relatively flat, and ePlus has pointed to no industry recognition specific to the claimed systems and methods as opposed to the company as a whole or its corporate characteristics.

In addition, each of the cited prior art references recites particular features that, when considered by one of skill in the art, would provide motivation to combine those references with the other cited references in the Request. Evolution of computer systems and Internet capabilities made it obvious to one of skill to combine the features recited. More detail regarding the obviousness of the recited combinations will be provided with the disclosure of expert reports. As presently compiled, examples of such features and motivations to combine follow.

    1.    **It is obvious to combine the Fisher RIMS system with Lawson software available prior to August 10, 1994, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, the Gateway system, and/or the TV/2 system.**

The '989 Patent, which describes the prior art Fisher RIMS system, refers specifically to "a requisition and inventory management system. . .in a real time environment." (ePLUS0137677). An object of that patent is "to provide a requisition and inventory management system which can effectively process requisitions for items of various types including items in JIT [just-in-time] inventory." (ePLUS0137691). The '989 Patent therefore relates to systems for just-in-time inventory and would be combinable with those references. The patent application for the patents in suit recognizes the close relations of the RIMS system, describing that system in the background section of the patents as the subject of a pending patent

application and incorporating it by reference.  The inventors admit, and ePlus and Fisher annual

reports and marketing materials provide that the technology of the patents in suit is a next

generation or "6[th] generation" version of the technology, confirming that its development is an

evolution from prior systems including RIMS.

Second, not only does the '989 Patent provide motivation to combine with other

references, the patents-in-suit acknowledges that the '989 Patent was in fact combined with other

features to arrive at the subject matter of that patent.  As explained in the patents-in-suit, the '989

Patent describes the Fisher RIMS system, which was a requisition/purchasing system:

> Electronic sourcing system 5 also includes a requisition/ purchasing system 40,
> **preferably but not necessarily the Fisher RIMS system, . . .**

(emphasis added).

> Preferably, a user will start the electronic sourcing system 5 from Fisher RIMS
> system 40. **Requisitioning on Fisher RIMS system 40 in context of the
> electronic sourcing system 5 of the present invention** is illustrated in pertinent
> part in FIG. 2 (and is fully described in U.S. Pat. No. 5,712,989).

(emphasis added).  Therefore, an individual wishing to process any of a number of types of

requisitions would be motivated to combine features of the '989 Patent with other methods or

systems, including Lawson software available prior to August 10, 1994, the system descried in

U.S. Patent No. 5,319,542, the system described in U.S. Patent No. 5,694,551, P.O. Writer

system, the SABRE system, the J-CON system, the Gateway system, and the TV/2 system.

> **2.      U.S. Patent No. 5,319,542 is combinable with the Lawson software
> available prior to August 10, 1994, the Fisher RIMS systme, U.S.
> Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the
> J-CON system, the Gateway system, and the TV/2 system.**

U.S. Patent No. 5,319,542 relates to electronic procurement systems, and states a number

of objects and advantages of that patent that would provide a particular motivation to combine its

disclosure with other systems.  In one example, U.S. Patent No. 5,319,542 states:

3

> [I]t is an object of this invention to provide a new electronic
> procurement/requisition system and method which allow a purchaser's requisition system
> to be integrated with a catalog system, and a supplier computer system.
> It is another object of this invention to provide an electronic requisition system
> which includes public and private catalogs.
> It is another object of this invention to provide an electronic requisition system
> which allows individual customers to control the products and suppliers that may be
> ordered.

(ePLUS0130302). Therefore, an individual of skill in the art would be motivated to combine

U.S. Patent No. 5,319,542 with other systems, including Lawson software available prior to

August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No. 5,694,551,

the P.O. Writer system, the SABRE system, the J-CON system, the Gateway system, and the

TV/2 system, to incorporate the features of that reference, such as to (1) integrate catalogs with a

requisition system and a supplier system, (2) provide an electronic requisition system including

public and private catalogs, or (3) allow customers to control products and supplies that may be

ordered. Prior art cited on the cover of U.S. Patent No. 5,319,542 includes U.S. Patent No.

4,992.940, which was also cited heavily by the PTO during prosecution of the patents in suit,

confirming the close relation between U.S. Patent No. 5,319,542 technology and that of the

patents in suit.

> **3.    U.S. Patent No. 5,694,551 is combinable with the Fisher RIMS system,
> U.S. Patent No. 5,319,542, P.O. Writer system, the SABRE system, the
> J-CON system, the Gateway system, and the TV/2 system.**

U.S. Patent No. 5,694,551 relates to electronic procurement systems, and states a number

of advantages of that patent that would provide a particular motivation to combine its disclosure

with other systems. In one example, U.S. Patent No. 5,694,551 states:

> There is a long felt need for a data processing network to efficiently handle all
> aspects of customer orders channeled to a central supplier and filled by departments of
> the central supplier or by outside vendors.

(ePLUS0138000).  Therefore, an individual of skill in the art would be motivated to combine

U.S. Patent No. 5,694,551 with other systems, including Lawson software available prior to

August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No. 5,319,542,

the P.O. Writer system, the SABRE system, the J-CON system, the Gateway system, and the

TV/2 system, to incorporate the features of that reference, such as to (1) integrate catalogs with a

requisition system and a supplier system, (2) provide an electronic requisition system including

public and private catalogs, or (3) allow customers to control products and supplies that may be

ordered.  Prior art cited on the cover of the U.S. Patent No. 5,694,551 includes U.S. Patent No.

4,992.940, which was also cited heavily by the PTO during prosecution of the patents in suit,

confirming the close relation between the U.S. Patent No. 5,694,551 technology and that of the

patents in suit.

> **4.    The P.O. Writer system is combinable with Lawson software available prior to August 10, 1994, the Fisher RIMS system, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the SABRE system, the J-CON system, the Gateway system, and the TV/2 system.**

The P.O. Writer system was an electronic sourcing system that, as previously explained,

allowed a user to select product catalogs to search, resulting in a search of less than the entire

data set in the database.  The system allowed a user to search for matching items among selected

product catalogs by specifying various search criteria including item number, commodity code,

and keyword associated to the item description.  A person of skill in the art would be motivated

to combine the P.O. Writer system with other systems, including Lawson software available

prior to August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No.

5,319,542, the system described in U.S. Patent No. 5,694,551, the SABRE system, the J-CON

system, the Gateway system, and the TV/2 system, to incorporate particular searching and

catalog management of the in P.O. Writer system into procurement systems for increased functionality and efficiency.

     **5.**     **The SABRE system is combinable with Lawson software available prior to August 10, 1994, the Fisher RIMS system, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the P.O. Writer system, the J-CON system, the Gateway system, and the TV/2 system.**

The SABRE system allowed users to price, compare, and reserve flights on a number of different airlines, as well as reserve hotel rooms and other accommodations. The SABRE system enables searches for different types of reservations (air, hotel, etc.) and therefore allow searches of particular categories of goods according to specific search criteria. One of skill in the art would be motivated to combine the SABRE system with other systems, including Lawson software available prior to August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No. 5,319,542, the system described in U.S. Patent No. 5,694,551, the P.O. Writer system, the J-CON system, the Gateway system, and the TV/2 system, to incorporate the ability of the SABRE system to allow searching according to a wide variety of criteria and across different portions of a database.

6.    **The J-CON system is combinable with Lawson software available prior to August 10, 1994, the Fisher RIMS system, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the Gateway system, and the TV/2 system.**

The J-CON system was an electronic sourcing system including a wide variety of functionality, and includes inventory and pricing programs, purchasing programs, accounts receivable programs, sales tracking and forecasting programs. Because J-CON tracks each of these items, it includes a large number of common features with the other procurement systems described in this Request. J-CON also includes an Interchange system useable to find substitute products when a selected product is not stocked in inventory. A person of skill in the art would be motivated to combine the J-CON system with other systems, including Lawson software available prior to August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No. 5,319,542, the system described in U.S. Patent No. 5,694,551, P.O. Writer system, the SABRE system, the Gateway system, and the TV/2 system, to incorporate the product exchange features of J-CON (and other features included in that system) into procurement systems.

7.    **The Gateway system is combinable with Lawson software available prior to August 10, 1994, the Fisher RIMS system, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, and the TV/2 system.**

Technical Service Associates' (TSA) Gateway system was an electronic sourcing system including a set of catalog, purchasing and inventory management capabilities. As previously explained, the Gateway 2000/MRO system included a product database including a number of catalogs, which was searchable using multiple search criteria. The Gateway system supported a commodity code product classification system from which it was possible to determine which items in the product information database were comparable to one another. The system also maintained vendor data fields in the database associated with each item from which it could be

determined whether an alternate vendor existed to supply the same item.  One of skill in the art

would be motivated to combine the Gateway references with other references, including Lawson

software available prior to August 10, 1994, the Fisher RIMS system, the system described in

U.S. Patent No. 5,319,542, the system described in U.S. Patent No. 5,694,551, the P.O. Writer

system, the SABRE system, the J-CON system, and the TV/2 system, to incorporate the alternate

product features and catalog search criteria of the Gateway system into procurement systems.

> **8.    The TV/2 system is combinable with Lawson software available prior to August 10, 1994, the Fisher RIMS system, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, and the Gateway system.**

The TV/2 system explicitly state the TV/2 system should be combined with other

electronic sourcing systems to take advantage of other functionalities.

> You can create a "shopping list" just be selecting items and passing that list to another application.

(L0132133).

> Technical Viewer/2 is suitable for a whole range of uses and industries in which information is supplied in large quantities and updated regularly, and where users need fast access to precise details.
>
> Potential uses include:
>
> . . .
>
> • Integrating parts catalogues with dealers' computer systems such as order entry, inventory management and customer records

(L0132134).  Therefore, an individual of skill in the art would be motivated to combine the TV/2

system with other system, including Lawson software available prior to August 10, 1994, the

Fisher RIMS system, the system described in U.S. Patent No. 5,319,542, the system described in

U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, and

the Gateway system, to incorporate the features of that reference, such as to (1) integrate catalogs

with a requisition system and a supplier system, (2) provide an electronic requisition system including public and private catalogs, or (3) allow customers to control products and supplies that may be ordered.