# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| | ) | **Civil Action No. 3:09cv620(REP)** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S FIFTH SET OF
INTERROGATORIES TO PLAINTIFF**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, Lawson

Software, Inc. ("Lawson"), by its attorneys Merchant & Gould, PC, requests that Plaintiff, ePlus,

Inc., ("ePlus") answer the following interrogatories, separately and fully, in writing under oath,

within thirty days of the date of service of these interrogatories, or at such other time as the

parties may agree.

These interrogatories are continuing, and answers thereto should be supplemented as

required by Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS AND DEFINITIONS**

1.      "ePlus," "You," "Your," and "Plaintiff" means Plaintiff ePlus, Inc., its

predecessors and successors, parents, subsidiaries, divisions, affiliates, and other organizational

or operating units of any of the foregoing, and its past and present directors, officers, employees,

agents and representatives (including attorneys, accountants and consultants), and any other

person acting on behalf of such entities.

2.     "Defendant" or "Defendants" means Perfect Commerce, LLC, SciQuest, Inc., and/or Lawson Software, Inc., alone or in any combination, their subsidiaries, divisions, affiliates, predecessors, and any present or former officers, directors, trustees, employees, agents, or representatives, including counsel.

3.     "Fisher Scientific" or "Fisher" means Thermo Fisher Scientific, Inc., its predecessors and successors, parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and its past and present directors, officers, employees, agents and representatives (including attorneys, accountants and consultants), and any other person acting on behalf of such entities.

4.     The term "this action" shall refer to *ePlus, Inc. v. Perfect Commerce, Inc., et al.,* Case No. 09-CV-232, in the United States District Court, Eastern District of Virginia.

5.     The term "person" shall mean both natural persons and/or other business entities, associations, government agency or other organization recognizable at law and the "acts" of a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

6.     The terms "document" or "documents" means the original and each non-identical copy of any written, printed, typed, recorded, computerized or electronic data, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the meaning of Rule 34 of the Federal Rules of Civil Procedure.  "Electronic data" includes without limitation all text files (including word processing documents and presentations), spread sheets, electronic mail documents (emails), instant messages including those saved as files and stored on computer

systems, databases, calendars, computer system activity logs, audit trails, data used for electronic data interchange, Internet usage files, network access information, voicemail, digitized audio, digital image files, video files (*e.g.*, data stored in MPEG, JPEG, GIF, TIFF, and BMP formats) and any other information stored magnetically, optically or electronically, and data stored on workstations, laptops, network servers, removable media, handheld devices, backup tapes, hard disk drives, diskettes and other computer media such as magnetic tape, floppy disks, memory sticks and recordable optical disks.  If documents are identified in lieu of answering an interrogatory, identify the documents in sufficient detail to permit Defendants to locate and identify, as readily as ePlus, the documents and portions therein from which the answer may be ascertained.

7.      Any form of the terms "concerning" or "relating" shall mean referring to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter, or any part thereof, identified in a request.

8.      The terms "communication" or "communications" shall mean any communication regardless of the manner in which such communication took place, including but not limited to, personal conversations, correspondence, electronic or computer mail (emails), telephone calls, facsimile communications, or telegrams.

9.      The terms "and" and "or" shall be understood as either conjunctive or disjunctive whichever is more inclusive in content.

10.     The terms "any" and "all" shall be considered to include "each and every."

11.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of a noun or pronoun so used, and vice versa.

12.     The terms "thing" or "things" have the broadest meaning prescribed in Rule 34 of

the Federal Rules of Civil Procedure, and include every kind of tangible item, other than a document, in your possession, custody or control, for example without limitation prototypes, samples, models, or specimens.

13.    "Prior art" includes without limitation the subject matter described in 35 U.S.C. §§ 102 and 103, including but not limited to U.S. patents having application filing dates before the filing date of any subject patent, printed publications published before the filing date of any subject patent, anything in public use or on sale more than one year before the filing date of any subject patent, any design needs or market conditions relating to the subject patents and existing as of the filing dates of relating to the subject patents, anything in secret commercial use by an inventor of any subject patent more than one year before the filing date of the subject patent, anything known or used in a publicly accessible form by one other than an inventor of any subject patent before the filing date of the subject patent, or anything invented by one other than an inventor of any subject patent before the filing date of the subject patent.

14.    The terms "conception" or "conceived" shall mean or refer to the mental formulation by the inventor of an idea claimed as an alleged invention.

15.    The term "reduction to practice" and/or "reduced to practice" shall mean or refer to the completion of the first prototype or experimental version of the alleged invention.

16.    The term "public use" shall mean or refer to any public or private use or demonstration, whether experimental or otherwise, of the alleged invention or which disclosed the alleged invention to anyone other than an employee, agent or attorney of the inventor, including without limitation existing or potential investors, licensees, customers or distributors.

17.    Patents or patent applications "related" or "relating" to a patent shall mean or refer to any patents (whether expired or in force) and patent applications (whether issued, pending or

abandoned) that include any common disclosure with the patent, or that refer in any way to the patent, including but not limited to continuations, continuations-in-part, divisionals, or any foreign counterpart applications or patents.

18.    The term "sale" shall mean or refer to public or private efforts of any sort in connection with the commercialization of an alleged invention, whether experimental or otherwise, including without limitation any offers for sale or license, actual sales or licenses, or any advertising of the alleged invention.

19.    The term "patents-in-suit" means any or all of U.S. Patent Nos. 6,023,683 ("the '683 patent"), 6,055,516 ("the '516 patent"), and 6,505,172 ("the '172 patent").

20.    The term "patents-in-suit and related applications" refers to the patents-in-suit as well as all patents, patent applications, continuation applications, continuation-in-part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the patents-in-suit, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications.

21.    The term "patented inventions" means the inventions described in the patents-in-suit and related inventions.

22.    "Inventor(s)" or "named inventor(s)" refers to, for purposes of these requests, the listed inventors on the patents-in-suit, James N. Johnson, Robert P. Kinross, Francis J. Melly, and Douglas A. Momyer. This definition is not to be construed as an admission that the listed inventors on the patents-in-suit are inclusive of all the actual inventors of the patents-in-suit.

23.    "Plaintiff products" means any product, apparatus, device, system, technology, prototype, method, or service (whether experimental or not, whether intended for sale or commercialization or not, or whether reduced to practice or not) used, manufactured, tested,

offered for sale, sold, or licensed by or for Plaintiff.

24.     The term "accused product(s)" means any and all products accused of infringement by Plaintiff. If this term is used in connection with a specific patent or patents, then it refers to any and all products accused by Plaintiff of infringing the specified patent or patents.

25.     The term "Complaint" refers to the complaint for patent infringement filed by Plaintiff on or about May 19, 2009.

26.     "Date" means the day, month, and year, if ascertainable and if not, the best approximation thereof including in relation to other events.

27.     "Filing date" refers to the date on which a patent application is filed in the U.S. Patent and Trademark Office.

28.     "Infringe" or any variant thereof, including but not limited to "infringing" and "infringement," refers to any infringement pursuant to 35 U.S.C. § 271 whether direct, indirect, contributory or by inducement.

29.     When asked to "identify" or specify the "identity" of a document, for each non-identical document state (a) the date of the document, (b) the number of pages in the document, (c) the identity of all persons who prepared or signed a copy of the document, (d) the identity of all persons designated as addressees of the document, (e) the identity of all persons designated as copy recipients of any copy of the document, (f) the type of document (*e.g.* memorandum, pamphlet, or report), (g) the specific physical or electronic location where the document is stored or kept in the regular course of business and (h) the general subject matter of the document. If any responses to these interrogatories refer to documents and things not in your possession, custody, or control, describe the circumstances under which you came to know about the disposition of the documents and things. If any responses to these interrogatories refer to

documents and things that are lost or destroyed, identify each lost or destroyed document and thing, as well as all files that contained them.

30.     When you are asked to identify a person or persons with knowledge of a given subject, contention, event or set of facts, please provide the person's first name, last name, place of employment (if known), last known address, email and telephone number.

31.     If you do not answer an interrogatory, or any part thereof, because of a claim of privilege or immunity, expressly set forth the specific privilege or immunity claimed, and describe the documents, communications, or things not produced or disclosed in a manner that would enable Defendants to assess the applicability of the privilege, including the following information:

(a)     the nature and subject matter of the document, communication, or thing;

(b)     the date the document, communication, or thing was acquired or came into existence;

(c)     the author;

(d)     all addresses, recipients, copyholders and other distributees;

(e)     the organization, if any, which each author, addressee, recipient, copyholder or distributee was then connected to and his or her job title or description; and

(f)     if a document, the number of pages.

32.     These interrogatories shall be deemed to be continuing within the meaning of Rules 26(e)(1) and (2) of the Federal Rules of Civil Procedure.  If, after responding to these interrogatories, you obtain or become aware of any further facts or knowledge that would be responsive to these interrogatories, you are required to supplement your responses.

33.     The above definitions are not intended to be interpretations of any of the terms of the patents-in-suit.  Neither party shall be bound by the interpretations used herein except with

respect to these discovery requests.

## INTERROGATORIES

### INTERROGATORY NO. 19:

Describe in detail on a limitation-by-limitation basis for each prior art reference listed below, which limitation(s) of claims 3, 6, 26, 28 and 29 of U.S. Patent No. 6,023,683, claims 1, 2, 6, 9, 21, 22, and 29 of the U.S. Patent No. 6,055,516, and claim 1 of U.S. Patent No. 6,505,172, ePlus contends are not disclosed in, are not taught by, or are not obvious based on the prior art reference, state all facts and identify all documents that support ePlus's contention, and identify all persons with knowledge about such contention. ePlus's must respond with respect to each of the following:

    A.    the Fisher RIMS system;

    B.    U.S. Patent No. U.S. Patent No. 5,712,989;

    C.    Lawson software available prior to August 10, 1994;

    D.    Lawson Requisitions Procedures Manual (L0012554–L0012599);

    E.    Lawson Inventory Control Procedures Manual (L0012837–L0013145);

    F.    Lawson Purchase Order Procedures Manual (L0013146–L0013295);

    G.    Lawson Purchase Order User Text (L0015615–L0016422);

    H.    U.S. Patent No. 5,319,542;

    I.    U.S. Patent No. 5,694,551;

    J.    the P.O. Writer system;

    K.    the P.O. Writer Manual (L0126148–L0127601);

    L.    the SABRE system;

    M.    A Practical Guide to SABRE Reservation and Ticketing (L0125223 – L0125723);

    N.    Reservation and Ticketing with SABRE (L0125725–L0126046);

    O.    SABRE Total Access (L0126048–L0126103);

    P.    SABRE Savvy (L0126106–L0126146);

    Q.    the J-CON system;

R.    the J-CON Manual (L0123414–L0124584);

S.    the J-CON System User's Manual (L0124586–L0125034);

T.    The J-CON/RDB Guide (L0125036–L0125221);

U.    the Gateway system;

V.    the Gateway 2000/MRS System manual (L0127603–L127886);

W.    TSA Gateway Purchasing Manual (L0127887–L0128208);

X.    TSA Gateway Inventory Process User Manual (L0128209 – L0128356);

Y.    TSA Gateway DOS Product Overview (L0128368 – L0128395);

Z.    the IBM TV/2 system;

AA.   IBM Technical Viewer/2 General Information Manual (L0132122–L0132130); and

BB.   IBM Technical View/2 brochure (L0132131 – L00132134).

## INTERROGATORY NO. 20:

If ePlus contends that the combination of the prior art references identified below do not render obvious claims 3, 6, 26, 28 and 29 of U.S. Patent No. 6,023,683, claims 1, 2, 6, 9, 21, 22, and 29 of the U.S. Patent No. 6,055,516, and claim 1 of U.S. Patent No. 6,505,172, describe in detail which limitation(s) of the claims are not provided in each combination, why a person of ordinary skill in the art would not combine the references, why the combination would not be obvious, and all facts that support ePlus's contention, and identify all documents and persons with knowledge about such contention.  ePlus's must respond with respect to each of the following:

A.    Lawson software available prior to August 10, 1994 combined with the Fisher RIMS system;

B.    Lawson software available prior to August 10, 1994 combined with U.S. Patent No. 5,319,542;

C.    Lawson software available prior to August 10, 1994 combined with U.S. Patent No. 5,694,551.

D.    Lawson software available prior to August 10, 1994 combined with the P.O. Writer system;

E.    Lawson software available prior to August 10, 1994 combined with the SABRE Writer system;

F. Lawson software available prior to August 10, 1994 combined with the J-CON system;

G. Lawson software available prior to August 10, 1994 combined with the Gateway system;

H. Lawson software available prior to August 10, 1994 combined with the IBM TV/2 system;

I. The Fisher RIMS system combined with U.S. Patent No. 5,319,542;

J. The Fisher RIMS system combined with U.S. Patent No. 5,694,551;

K. The Fisher RIMS system combined with the P.O. Writer system;

L. The Fisher RIMS system combined with the SABRE system;

M. The Fisher RIMS system combined with the J-CON system;

N. The Fisher RIMS system combined with the Gateway system;

O. The Fisher RIMS system combined with the IBM TV/2 system;

P. U.S. Patent No. 5,319,542 combined with U.S. Patent No. 5,694,551;

Q. U.S. Patent No. 5,319,542 combined with the P.O. Writer system;

R. U.S. Patent No. 5,319,542 combined with the SABRE system;

S. U.S. Patent No. 5,319,542 combined with the J-CON system;

T. U.S. Patent No. 5,319,542 combined with the Gateway system;

U. U.S. Patent No. 5,319,542 combined with the IBM TV/2 system;

V. U.S. Patent No. 5,694,551 combined with the P.O. Writer system;

W. U.S. Patent No. 5,694,551 combined with the SABRE system;

X. U.S. Patent No. 5,694,551 combined with the J-CON system;

Y. U.S. Patent No. 5,694,551 combined with the Gateway system;

Z. U.S. Patent No. 5,694,551 combined with the IBM TV/2 system;

AA. The P.O. Writer system combined with the SABRE system;

BB. The P.O. Writer system combined with the J-CON system;

CC. The P.O. Writer system combined with the Gateway system;

DD. The P.O. Writer system combined with the IBM TV/2 system;

EE. The SABRE system combined with the J-CON system;

FF. The SABRE system combined with the Gateway system;

GG.    The SABRE system combined with the IBM TV/2 system;

HH.    The J-CON system combined with the Gateway system;

II.    The J-CON system combined with the IBM TV/2 system; and

JJ.    The Gateway system combined with the IBM TV/2 system.


Dated: December 30, 2009

LAWSON SOFTWARE, INC.

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
dmcdonald@merchantgould.com
wschultz@merchantgould.com
rhughey@merchantgould.com
jgraham@merchantgould.com
alagatta@merchantgould.com


Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| *e*PLUS, INC., | ) |
| | ) |
| | )   Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2009, I caused the following documents:

1.  Lawson Software, Inc.'s Fifth Set of Interrogatories to Plaintiff; and

2.  Certificate of Service

to be served on the following individuals via electronic mail:

Goodwin Proctor ePlus team at ePlusGoodwinService@goodwinprocter.com
Craig Merritt at cmerritt@cblaw.com
Henry Willett at hwillett@cblaw.com
Kimberly Perkins at kperkins@cblaw.com
Leslie Blacka at lblacka@cblaw.com
Perry Coburn at pcoburn@cblaw.com
Stephanie VanBuren at svanburen@cblaw.com

Dated:  December 30, 2009

Kristin Drieman