# EXHIBIT D

# Merchant & Gould
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | 612.371.5233
jgraham@merchantgould.com

February 1, 2010

**VIA EMAIL**

Jennifer A. Albert, Esq.
**Goodwin Procter LLP**
901 New York Avenue NW
Washington, DC 20001

> *Re:*   *ePlus, Inc. v. Lawson Software, Inc.*
>        *Case No. 2:09-cv-232*

Dear Jennifer:

This letter serves to notify you of deficiencies in ePlus's Answers and Objections to Lawson's Fifth Set of Interrogatories. Specifically, ePlus has not provided a claim-by-claim, limitation-by-limitation, reference-by-reference specific description regarding which limitations it contends are not disclosed in, taught by, or obvious based on prior art references listed in Interrogatory No. 19. Additionally, ePlus has not provided a specific description as to whether the listed combinations of references disclose each limitation of the asserted claims, and if so why a person of ordinary skill in the art would not combine the references as listed in Interrogatory No. 20.

ePlus only provided examples and general descriptions which you fail to correlate to specific claims or limitations of specific claims. If ePlus contends that the prior art references lack specific limitations of specific claims, then ePlus must provide a specific answer identifying which limitations of which claims are purportedly not disclosed in the cited references. Lawson provided extensive detail matching these references to each disputed claim and each limitation, as requested by ePlus, so you are in no position to argue

references at the end of Exhibit 1 to Lawson's Supplemental Initial Statement of Invalidity Defenses.

ePlus has objected to both Interrogatory Nos. 19 and 20 as improperly burden shifting. However, this is not an appropriate objection. ePlus has served, and Lawson has responded to, numerous interrogatories that demanded Lawson provide detailed descriptions of its positions on issues for which it did not bear the burden, such as infringement. This is not Lawson's burden, but Lawson responded to the interrogatory. Similarly, ePlus cannot evade its discovery obligations on the invalidity issue by hiding behind any presumption of validity, which may or may not apply here depending on how the reexaminations are referenced at trial.

Please provide the following by February 10, 2010:

1. On a reference-by-reference basis, a detailed description of each and every limitation of each asserted claim that ePlus contends is not disclosed in, taught by, or obvious based on prior art references listed in Interrogatory No. 19.

2. On a combination-by-combination basis, provide a description of all specific limitations of the asserted claims that you contend are lacking in the combinations, and why a person of ordinary skill in the art would not combine the references as listed in Interrogatory No. 20.

If ePlus contends that its responses to Interrogatory Nos. 19 and 20 are sufficient, then we request a meet-and-confer sometime this week. Please provide your availability

Sincerely,

Joshua P. Graham