# EXHIBIT E

# GOODWIN | PROCTER

Jennifer A. Albert
202.346.4322
JAlbert@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

February 4, 2010

**Via Electronic Mail**

Joshua Graham
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Re: *ePlus, Inc. v. Lawson Software, Inc.*
Civil Action No. 3:09cv620 (REP)

Dear Joshua:

I write in response to your February 1, 2010 letter regarding the sufficiency of *e*Plus's Answers and Objections to Lawson's Fifth Set of Interrogatories (Nos. 19-20). Contrary to your letter, *e*Plus's Answers and Objections are sufficient for at least the following reasons:

*First*, Lawson's invalidity contentions (as summarized in its Fifth Set of Interrogatories) are so vague as to the purported scope and teachings of the alleged prior art references that in many instances rebuttal from *e*Plus is impossible. For example, for many of the purported references, Lawson failed to identify with sufficient particularity the system at issue such as by identification of a version or release number or date or by reference to identified documentation. Nevertheless, despite this deficiency and other deficiencies set forth in *e*Plus's Answers and Objections, *e*Plus provided a reference-by-reference description regarding which limitations it contends are not disclosed in, taught by, or obvious based on the prior art references cited by Lawson in its Supplemental Initial Statement of Invalidity Defenses, dated December 23, 2009.

For example, in its response, *e*Plus discussed at length U.S. Patent Nos. 5,319,542, 5,694,551, the P.O. Writer Manual, the Lawson Manuals, IBM Technical Viewer/2 documents, and the Gateway documents, etc. (*See ePlus, Inc.'s Answers to Lawson's Fifth Set of Interrogatories, dated January 29, 2010.*) Accordingly, as set forth in detail in *e*Plus's Answers and Objections, the claims of the *e*Plus patents are not invalidated (*i.e.*, either by anticipating or rendering obvious, either alone or in

Joshua Graham
February 4, 2010
Page 2

combination, pursuant to 35 U.S.C. §§ 102 and/or 103) by the references cited in Lawson's invalidity contentions or Fifth Set of Interrogatories.

***Second***, it is unclear from Lawson's initial statement of invalidity contentions how Lawson believes the cited references render invalid the claims of the *ePlus* patents under 35 U.S.C. §§ 102 or 103. Lawson apparently attempts to exhaust the prior-art possibilities under § 102, but never settles on which theory to pursue. Accordingly, Lawson fails to satisfy the legal requirements for any one them. Lawson's assertions that particular claim elements are obvious only further confuse the matter.

For example, in its invalidity contentions, Lawson elected to cobble together claim charts which haphazardly and confusingly attempted to correlate numerous references or documents to the claims of the *ePlus* Patents in a single chart. However, Lawson fails to establish that the numerous documents it cites relating to, *e.g.*, "the Lawson system," "the Fisher RIMS system," "the IBM TV/2 system," "the JCON system," etc. should be treated as a single anticipating item of prior art. Instead, Lawson improperly combines multiple documents then discusses the documents as if they were a single product. This contention is factually incorrect and, expectedly, Lawson has failed to support it with evidence. Lawson has further failed to establish that the features, functionality, and operation of each of these systems was static over the time period spanned by the references and documents cited.

Moreover, Lawson's invalidity contentions do not present specific claim charts for any one of the following individual documents identified as allegedly anticipating prior art in Lawson's Interrogatory No. 19:

- Lawson Requisitions Procedures Manual (L0012554—L0012599);
- Lawson Inventory Control Procedures Manual (L0012837—L0013145);
- Lawson Purchase Order Procedures Manual (L0013146—L0013295);
- Lawson Purchase Order User Text (L0015615—L0016422);
- A Practical Guide to SABRE Reservation and Ticketing (L0125223 — L0125723);
- Reservation and Ticketing with SABRE (L0125725—L0126046);
- SABRE Total Access (L0126048—L0126103);
- SABRE Savvy (L0126106—L0126146);
- the J-CON Manual (L0123414—L0124584);
- the J-CON System User's Manual (L0124586—L0125034);
- The J-CON/RDB Guide (L0125036—L0125221);
- the Gateway 2000/MRS System manual (L0127603—L127886);
- TSA Gateway Purchasing Manual (L0127887—L0128208);
- TSA Gateway Inventory Process User Manual (L0128209 — L0128356);
- TSA Gateway DOS Product Overview (L0128368 — L0128395);

Joshua Graham
February 4, 2010
Page 3

- - IBM Technical Viewer/2 General Information Manual (L0132122—L0132130); and
  - IBM Technical View/2 brochure (L0132131 — L00132134).

By demanding *ePlus* to identify what claim elements are arguably disclosed in each of these documents, Lawson is impermissibly attempting to shift its burden of proof to *ePlus*.

***Third***, as set forth in *ePlus*'s Answers and Objections, Lawson's interrogatories improperly call for *ePlus* to form and then render an expert opinion, and also disclose expert analysis, findings or assessments that *ePlus* is not yet required to disclose pursuant to the Scheduling Order.

Accordingly, contrary to your letter of February 1, 2010, *ePlus* has provided sufficient responses to Lawson's interrogatories as they now stand. *ePlus* reserves the right to supplement its responses if and when Lawson corrects the deficiencies in its invalidity contentions identified above.

Sincerely,

Jennifer A. Albert

cc: Dabney Carr, IV