# EXHIBIT F

# Merchant & Gould
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | **612.371.5233**
**jgraham@merchantgould.com**

February 17, 2010

**VIA EMAIL**

James D. Clements, Esq.
**Goodwin Procter LLP**
Exchange Place
53 State Street
Boston, MA 02109

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
      *Case No. 2:09-cv-232*

Dear James:

This letter relates to our meet-and-confer on February 9, 2010, regarding deficiencies in ePlus's responses to Lawson's Fifth Set of Interrogatories. As stated in my letter of February 1, and discussed at the meet-and-confer, ePlus has not provided a claim-by-claim, limitation-by-limitation, reference-by-reference specific description regarding which limitations it contends are not disclosed, taught by, or obvious based on prior art listed in Interrogatory No. 19. Neither has ePlus provided a specific description as to whether the listed combinations of references discloses each limitation of the asserted claims, and if so why a person of ordinary skill in the art would not combine the references as listed in Interrogatory No. 10.

As discussed in the meet-and-confer, properly answering Lawson's Fifth Set of Interrogatories would, at a minimum, require responding to Lawson's Supplemental Initial Statement of Invalidity Defenses. In its Supplemental Initial Statement of Invalidity Defenses, Lawson provided invalidity claim charts with specific cites to documents in the asserted prior art references where the references teach or suggest the claim elements. ePlus must, in claim chart form with respect to each claim element and each cited document, state whether it disagrees with Lawson and if so, why. Furthermore, Lawson provided at the end of its invalidity charts an explanation how and why the asserted prior art references would be combined. ePlus must state with respect to each combination of

James D. Clements, Esq.
February 17, 2010
Page 2

prior art references discussed in Lawson's combinability explanation whether it disagrees with Lawson and if so, why.

  Lawson's demand that ePlus properly respond to Lawson's Fifth Set of Interrogatories is consistent with ePlus's demands on Lawson. Very early in this case, ePlus demanded that Lawson provide claims charts detailing its bases for non-infringement. (Letter from Jennifer Albert to Rita Tautkus, dated August 27, 2009; ePlus Interrogatory No. 2.) Lawson does not bear the burden of proving non-infringement, and this demand came before ePlus had provided any infringement analysis or had even identified the specific claims and products at issue. (Lawson's Objections to ePlus's Interrogatory No. 2.) Nevertheless, ePlus insisted that "[n]othing entitles Lawson to avoid providing an answer to [interrogatory no. 2], nor does it have the right to insist on discovery from ePlus before it is required to answer." (Letter from Jennifer Albert to Rita Tautkus, dated August 27, 2009; *see also* ePlus's Br. in Support of Motion to Compel at 7 n.4 (Dkt. No. 93).) Lawson is demanding no more from ePlus than ePlus has demanded, and moved to compel, from Lawson.

  At the end of the meet-and-confer regarding ePlus's deficient responses to the Lawon's Fifth Set of Interrogatories, you stated that you could not agree to anything until you caucused with the rest of the ePlus team. It has been over a week, and you have had ample time to caucus. Please provide in writing by Friday, February 19, how ePlus will cure its deficiencies and when Lawson can expect to receive proper responses.

         Sincerely,

         Joshua P. Graham