# EXHIBIT G

GOODWIN | PROCTER

Michael G. Strapp
617.570.1658
MStrapp@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

February 19, 2010

<u>Via E-Mail</u>

Joshua P. Graham
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
      Civil Action No. 3:09cv620 (REP)

Dear Joshua:

This responds to your February 17, 2010 letter regarding ePlus's responses to Lawson's Fifth Set of Interrogatories.

As an initial matter, your letter improperly suggests that ePlus should provide specific descriptions regarding its validity contentions for each of the references listed in Lawson's Interrogatory No. 19 and for the combinations of references listed in Lawson's Interrogatory No. 20. As we have previously noted, Lawson's invalidity contentions are so vague as to the purported scope and teachings of the alleged prior art references that in many instances rebuttal from ePlus is impossible. For example, the portion of Lawson's Supplemental Initial Statement of Invalidity Contentions concerning the "combinability of the cited prior art references" includes the incredibly broad and overreaching claim that, "Each of the prior art references cited in the claim charts could be combined with each of the other references cited to arrive at all of the asserted claims of the patents-in-suit, and each reference independently provides motivation to do so." Of course, it would be futile for ePlus to respond to such a vague, ambiguous and overbroad assertion.

Lawson's request for supplemental interrogatory responses is also improper because the interrogatories refer to several prior art references that are not even asserted in Lawson's Supplemental Initial Statement of Invalidity Contentions including, but not limited to, U.S. Patent No. 5,712,989, Lawson Requisitions Procedures Manual, Lawson Inventory Control Procedures Manual, Lawson Purchase Order Procedures Manual and Lawson Purchase Order User Text. Of course, if Lawson is no longer asserting that references in Interrogatory No. 19 or combinations of references in Interrogatory No. 20 render the patents-in-suit invalid, there should be no need for ePlus to provide its validity contentions about those prior art references.

LIBA/2067200.1

Joshua P. Graham, Esq.
February 19, 2010
Page 2

Lawson's demand for supplemental interrogatory responses is also improper because many of the references which Lawson does assert in its Supplemental Initial Statement of Invalidity Contentions, including "Lawson software available prior to August 10, 1994," "the Fisher RIMS system," "the P.O. Writer System," "the SABRE system," "the IBM TV/2 system," "the JCON system," and the "Gateway system." are not adequately identified. For example, in Interrogatory Nos. 19 and 20, Lawson does not identify which particular version or release date of the Lawson software it contends is invalidating prior art. Similarly, Lawson does not identify the specific product name, release date or software version of several other references it lists in Interrogatory Nos. 19 and 20. Additionally, Lawson fails to establish that the numerous documents it cites relating to these references should be treated as a single anticipating item of prior art. Instead, Lawson improperly combines multiple documents then discusses the documents as if they were a single product. This contention is factually incorrect and, expectedly, Lawson has failed to support it with evidence. Lawson has further failed to establish that the features, functionality, and operation of each of these systems was static over the time period spanned by the references and documents cited.

Relatedly, Lawson's attempt to equate ePlus's August 27, 2009 request for a response to its non-infringement contention interrogatory with Lawson's recent request for supplemental responses to its validity contention interrogatories is flawed. First, Lawson's initial response to ePlus's non-infringement contention interrogatory was patently deficient. Lawson's entire response consisted of the following statement:

> "Subject to and without waiving its objections, Lawson will supplement its response to this interrogatory and provide claim charts as necessary at the appropriate time, but not before ePlus specifically identifies the claims it asserts and the Lawson products it accuses of infringement." (*See* Lawson's Response to Interrogatory No. 2)

In contrast, notwithstanding the deficiencies in Lawson's invalidity contentions, ePlus provided a reference-by-reference description regarding the limitations it contends are not disclosed in, taught by, or obvious based on the prior art references cited by Lawson in its Supplemental Initial Statement of Invalidity Defenses, dated December 23, 2009. For example, in its response, ePlus discussed at length U.S. Patent Nos. 5,319,542, 5,694,551, the P.O. Writer Manual, the Lawson Manuals, IBM Technical Viewer/2 documents, and the Gateway documents, etc. (*See* ePlus's Answers to Lawson's Fifth Set of Interrogatories)

Second, after ePlus requested a response to its non-infringement contention interrogatory, but before Lawson requested a supplemental response to its validity contention interrogatory, a Scheduling Order was stipulated to by the parties and filed with the Court which specifically directed Lawson to specify each of its invalidity defenses, list all prior art references on which it relies, and provide a claim chart for each listed prior art reference that discloses on an element-by-element and claim-by-claim basis how that prior art purportedly invalidates the asserted claims. Importantly, the Scheduling Order

LIBA/2067200.1

Joshua P. Graham, Esq.
February 19, 2010
Page 3

does not require ePlus to provide any such chart describing or disclosing its validity contentions.

In closing, we expect to address Lawson's request for supplemental interrogatory responses concerning ePlus's validity contentions but we need clarification and confirmation (1) that Lawson is no longer asserting that the prior art references or combinations of references set forth in Interrogatory Nos. 19 and 20, but which are not disclosed in Lawson's Supplemental Initial Statement of Invalidity Contentions, render the patents-in-suit invalid, and (2) that Lawson no longer seeks supplemental responses to Interrogatory Nos. 19 and 20 concerning those references.

Sincerely,

/s/ Michael G. Strapp

Michael G. Strapp


cc:    Counsel of Record

LIBA/2067200.1