# EXHIBIT I



| | Michael G. Strapp | Goodwin Procter LLP |
|---|---|---|
| | 617.570.1658 | Counsellors at Law |
| | MStrapp@goodwinprocter.com | Exchange Place |
| | | Boston, MA 02109 |
| | | T: 617.570.1000 |
| | | F: 617.523.1231 |

February 25, 2010

<u>Via E-Mail</u>

Joshua P. Graham
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
      Civil Action No. 3:09cv620 (REP)

Dear Joshua:

This responds to your February 23, 2010 letter regarding *e*Plus's responses to Lawson's Interrogatories Nos. 19 and 20.

As an initial matter, despite *e*Plus's repeated requests, Lawson has refused to withdraw the numerous prior art references in its interrogatories that it has chosen not to assert in its Statement of Invalidity Defenses. We ask once again that Lawson confirm that it is not asserting that the references listed in Interrogatories Nos. 19 and 20, but which are not included in Lawson's Statement of Invalidity Defenses, invalidate the asserted claims.

With respect to the prior art that Lawson alleges it is asserting in its Statement of Invalidity Defenses, *e*Plus requests that Lawson provide a claim chart for each asserted prior-art reference disclosing on an element-by-element and claim-by-claim basis how that reference purportedly invalidates the asserted claims. As set forth in my February 19, 2009 letter, Lawson already agreed to provide these claim charts in the Scheduling Order that was stipulated to by the parties and filed with the Court. The claim charts and narrative descriptions of the prior art in Lawson's Statement of Invalidity Defenses are insufficient, *inter alia*, because Lawson inappropriately lumps several alleged prior-art references (*e.g.*, different versions of software programs) under the umbrella of a single reference (*e.g.*, Lawson software available prior to 1994) without even identifying what particular software program and which version of the program is the alleged invalidating prior art.

In your February 23 letter, you suggest that *e*Plus must provide supplemental validity contentions because Lawson has provided *e*Plus with its non-infringement contentions.

LIBA/2068958.1

Joshua P. Graham, Esq.
February 25, 2010
Page 2

Lawson's criticisms of ePlus's validity contentions are ironic given the anemic state of Lawson's non-infringement contentions.

- First, Lawson's non-infringement contentions consist only of a handful of conclusory assertions about the functionality of the accused products. In fact, Lawson's contentions, which your February 23 letter offered as an exemplary model for ePlus's validity contentions, nowhere provide even a single supporting reference for Lawson's arguments that the asserted claims are not infringed.

- Second, Lawson's non-infringement contentions do not address on an element-by-element basis the evidence proffered by ePlus in support of its infringement contentions, even though this is precisely the response Lawson demands of ePlus with respect to ePlus's validity contentions. For example, although Lawson alleges that the accused products "lack two product catalogs" and "use an item list generated by customers, not catalogs,"[1] Lawson does not address any of the numerous references cited by ePlus that explicitly describe the use of vendor catalogs in the accused products.

- Third, Lawson asserts in its non-infringement contentions that many of the claim elements should be construed under 35 U.S.C. § 112 ¶ 6 as means-plus-function claims, and argues that its accused products do not contain the corresponding structure for performing the functions disclosed in the patents-in-suit. But Lawson makes these allegations without even identifying what the alleged corresponding structures are in the patents-in-suit. (Nor do Lawson's invalidity contentions address the structures in the alleged prior art references that it contends correspond to the structures described in the patents for performing the claimed functions.)

- Fourth, Lawson uses the term "generally" throughout its non-infringement contentions to describe the functionality of its accused products. These qualified statements suggest that the accused products, at least in some instances, may perform the precise function that Lawson is attempting to disclaim.

- Fifth, Lawson's non-infringement positions do not respond to several elements of the asserted claims. For example, instead of explaining how the accused products allegedly do not include "means for searching for matching items among the selected product catalogs," Lawson instead relies on its contention that another element of the asserted claims, the "means for selecting the product catalogs to search," is not infringed.[2] By responding in this fashion, Lawson guts the spirit of providing element-by-element contentions.

---

[1] See, e.g., Lawson's non-infringement contention for claim 3 of the '683 patent.
[2] See, e.g., Lawson's non-infringement contention for claim 3 of the '683 patent.
LIBA/2068958.1

Joshua P. Graham, Esq.
February 25, 2010
Page 3

- Sixth, for several of the asserted dependent claims of the patents-in-suit, Lawson makes no effort at all to provide non-infringement contentions on an element-by-element basis.

ePlus requests that Lawson supplement its non-infringement contentions to address and cure the deficiencies set forth. Please confirm that Lawson will supplement its contentions no later than March 5, 2010.

In closing, notwithstanding Lawson's failure to withdraw the prior art listed in Interrogatories Nos. 19 and 20 but not included in its Statement of Invalidity Defenses, and even though there are several defects with the claim charts Lawson has provided in its Statement of Invalidity Defenses, ePlus will supplement its response to Lawson's Interrogatories Nos. 19 and 20 to provide claim charts explaining on a claim-by-claim and element-by-element basis its validity contentions with respect to the alleged prior-art references included in the claim charts of Lawson's Statement of Invalidity Defenses.

Sincerely,

/s/ Michael G. Strapp

Michael G. Strapp


cc:   Counsel of Record

LIBA/2068958.1