# EXHIBIT L

# GOODWIN | PROCTER

Jennifer A. Albert
202.346.4322
JAlbert@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

December 11, 2009

**Via E-Mail**

Joshua P. Graham, Esq.
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

    Re:    *ePlus, Inc. v. Lawson Software, Inc.*
              Civil Action No. 3:09cv620(REP)

Dear Joshua:

By letter dated November 24, 2009, we asked that Lawson supplement its answers to Interrogatory Nos. 10 and 14 by December 1 in order to comply with Judge Payne's ruling at the November 13 Status Conference. Lawson has failed to do so, and now advises that it will not do so unless *e*Plus makes further infringement disclosures set forth in Mr. Schultz's December 9, 2009 letter to me. This letter sets forth our views on the situation.

First, it is improper for a party to evade discovery obligations by trying to link them to discovery demands (regardless of their merits) made on an adversary. The Rule 26(f) Order in this case provides, in pertinent part, "[t]he failure of a party to comply with any disclosure provision, or any other form of discovery, will not excuse any other party from the failure to comply with any disclosure provision or any other form of discovery."

Second, Judge Payne gave a specific order to Lawson to supplement its answers that were purportedly made pursuant to Rule 33(d). That order was not conditioned upon the fact or the content of *e*Plus's infringement disclosures. If Lawson believed that it could not supplement its interrogatory answers until after *e*Plus served its infringement disclosures, Lawson had the opportunity to make that argument to Judge Payne, and to the extent it did so it is evident that Judge Payne held otherwise. Judge Payne stated, in pertinent part:

> Here is the ground for future discussion in the resolution of this. The burden is going to be on you [Lawson], the people who have that information, Mr. McDonald, to put it in front of them in some way they

LIBW/1725965.1

# GOODWIN | PROCTER

Joshua P. Graham, Esq.
December 11, 2009
Page 2

> can meaningfully calculate it. I can't believe that a business doesn't have – I know they may not have it in the easily retrievable form, but they have some responsibility to pony up the work necessary to find the answer, otherwise what is going to happen is you will get struck with the highest figure they can come up with. You are not going to have an ability at that juncture to come in and say, well, that is not right. Here is why. Because that is something you should have done a long time ago in answering this interrogatory. So your client needs to know they have a responsibility to do it that way.

Trans. of Nov. 13, 2009 at 53-54.

Clearly, the reasoning of Judge Payne's ruling applies equally to both Interrogatory No. 10, which is expressly mentioned, and 14, which pertains to identification of Lawson's products and services. Further, you concede that Judge Payne's ruling applies to Lawson's answer to Interrogatory No. 10, yet Lawson still refuses to supplement that answer unless ePlus complies with Lawson's discovery demands. In sum, Lawson has discovery obligations independent of any purported deficiencies in ePlus's disclosures, and we trust you will reconsider your position on this and provide the overdue responses. Unless Lawson complies immediately with Judge Payne's order, ePlus intends to file a motion to compel and to request such sanctions, in light of Judge Payne's earlier ruling, as the Court may deem proper.

On the subject of ePlus's infringement disclosures, we are of the view that the information disclosed and filed with the Court is very forthcoming, very detailed and fully complies with the requirements of the Scheduling Order. Your letter of December 9 fails to articulate clearly the alleged deficiencies in these disclosures, and reads as if it were drafted before Lawson even received the disclosures.

We want to meet and confer with you by telephone on both of these matters. Understand, however, that they are not linked. We are sending you a separate e-mail today with our availability to meet and confer with respect to those disclosures and an agenda of other discovery issues that we have raised with you on numerous occasions, including letters and e-mail correspondence of October 15 and 28, November 5, 17, and 24, and December 2 and 4. For many of these issues we have not yet received a response from Lawson to date or an agreement to meet and confer. As the e-mail message will confirm, we are available after 4 p.m. on Monday.

LIBW/1725965.1

GOODWIN | PROCTER

Joshua P. Graham, Esq.
December 11, 2009
Page 3

Sincerely,

Jennifer A. Albert

JAA/dja

cc:   Dabney Carr, IV

LIBW/1725965.1