# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| | ) Civil Action No. 2:09cv232 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PERFECT COMMERCE, INC., | ) |
| SCIQUEST, INC., LAWSON | ) |
| SOFTWARE, INC. AND VERIAN | ) |
| TECHNOLOGIES, INC. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF *e*PLUS INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT LAWSON SOFTWARE, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff *e*Plus inc., ("*e*Plus"), hereby requests that, within thirty (30) days of the date of service of these interrogatories, and in accordance with the following definitions and instructions, Defendant Lawson Software, Inc. ("Lawson") answer separately, in writing, and under oath, by an officer or duly authorized agent of Lawson, the following interrogatories.

The following interrogatories are continuing, and Lawson must promptly supplement its answers in accordance with Federal Rule 26 as additional or corrected information comes to its attention and that of its attorneys.

## DEFINITIONS

1. The definitions contained herein, unless provided otherwise, apply to all discovery requests, including subsequent discovery requests.

6.	Unless otherwise specified, supply all annual data requested on a calendar-year basis; if any basis other than a calendar-year basis is used, such as to accommodate a fiscal-year basis, state as part of the response the nature and type of the basis so used.

7.	If you answer any portion of these interrogatories under the procedures set forth in Fed. R. Civ. P. 33(d) by claiming that the burden of deriving or ascertaining the answer to the interrogatory from an examination, audit or inspection of your business records is substantially the same for *e*Plus as it is for Lawson, set forth the basis for your claim and identify specifically by Bates number(s) and/or electronic file name the precise documents(s), file(s) or database field(s) that provide the information called for in the interrogatory.

## INTERROGATORIES

### Interrogatory No. 1.

Identify each person, including, without limitation, all employees, representatives, officers or agents of Lawson or any third parties, whom Lawson knows or has reason to believe has knowledge or information concerning any factual information relevant to the validity or invalidity, enforceability or unenforceability, or infringement or noninfringement of any of the claims of the patents in suit, or of damages issues in this lawsuit, or of factual information relevant to any allegation of the Complaint or Lawson's answers to any interrogatories served upon it in this case, and state the nature and substance of each such person's knowledge or information, including whether such person furnished information or was consulted regarding Lawson's answers to interrogatories.

### Interrogatory No. 2.

With respect to any of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations, using a claim chart, state in detail Lawson's bases for any

9

assertions of non-infringement of each of the patents in suit on a claim-by-claim, element-by-element basis. Your answer should include a statement of Lawson's interpretation of each claim element (including whether the element should be interpreted under section 112, paragraph 6 and, if so, identifying the structure in the specification of the patent that corresponds to the recited element), a statement whether Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations provide(s) such an element or an equivalent and, if not, an explanation how Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations operate or function differently than the claim element and a particularized statement why a component, feature or function of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations is not a substantial equivalent of the pertinent claim element.

### Interrogatory No. 3.

Describe in detail any and all analyses, investigations, studies, reviews or considerations by Lawson, and/or any person known to Lawson, *e.g.*, an accused infringer or prospective licensee, concerning the patentability, validity or invalidity, enforceability or unenforceability, scope, and/or infringement or noninfringement of the subject matter claimed in any of the claims of the patents in suit, including, but not limited to, any search investigation, or study for prior patents, publications, literature, systems, processes, or apparatuses pertinent to any of the claims of any of the patents in suit, providing an identification of all documents constituting, reflecting, referring or relating to, reviewed or consulted in the course of each such analysis, investigation or study, an identification of any such prior patents, publications, literature, systems, processes, or apparatuses identified in any such search, investigation, or study and an identification of all

persons who in any way participated in providing information for, preparing and/or reviewing each such analysis, investigation, or study.

**Interrogatory No. 4.**

State in detail all facts and contentions that support or refute Lawson's allegations, if any, that any of the patents in suit are invalid under 35 U.S.C. §§ 102 or 103, identifying all prior patents, literature, publications, systems, processes, or devices, including prior knowledge, public uses, sales and offers for sale, that Lawson contends, either alone or in combination, invalidate one or more claims of any of the patents in suit, through a claim chart that identifies each element of each claim of the patent(s) asserted to be invalid and explains where each element of the respective claim is shown in such prior patent, literature, publications, system, process, device, public use, sale, or offer for sale.

**Interrogatory No. 5.**

For each of the claims of the patents in suit, state whether Lawson contends, or will contend at trial, that such claim is invalid under 35 U.S.C. § 112 and provide a detailed explanation of each fact relating to any such contention and, with respect to each fact or contention, an explanation of why such fact or contention would render the patent claim invalid under Section 112.

**Interrogatory No. 6.**

For each claim of each of the patents in suit, state whether Lawson contends or will contend at trial that such claim is invalid under any statute, rule or doctrine other than 35 U.S.C. §§ 102, 103 and/or 112 and, if so, identify the statute(s), rule(s) or doctrine(s) and provide a detailed explanation of each fact relating to such contention (specifically setting forth each

11