# EXHIBIT O



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,104 | 09/15/2006 | 6023683 | 64121.000014 | 2837 |

70813        7590        01/08/2009

GOODWIN PROCTER LLP
901 NEW YORK AVENUE, N.W.
WASHINGTON, DC  20001

| EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 01/08/2009

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

LEE PATCH, ESQ.
DAY CASEBEER MADRID & BATCHELDER
20300 STEVENS CREEK BLVD., SUITE 400
CUPERTINO, CA  95014

MAILED

JAN 0 8 2009

CENTRAL REEXAMINATION UNIT

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,104*.

PATENT NO. *6023683*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| **Office Action in Ex Parte Reexamination** | Control No.<br>90/008,104 | Patent Under Reexamination<br>6023683 | |
| | Examiner<br>JOSEPH R. POKRZYWA | Art Unit<br>3992 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a ☒ Responsive to the communication(s) filed on <u>29 May 2008</u> .      b ☒ This action is made FINAL.
c ☐ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire <u>2</u> month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination
certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days
will be considered timely.

Part I     THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☐ Notice of References Cited by Examiner, PTO-892.     3. ☐ Interview Summary, PTO-474.

2. ☒ Information Disclosure Statement, ~~PTO/SB/08~~, *PTO-1449* 4. ☐ _____ .

Part II     SUMMARY OF ACTION

1a. ☒ Claims <u>26-45</u> are subject to reexamination.

1b. ☒ Claims <u>1-25</u> are not subject to reexamination.

2. ☐ Claims _____ have been canceled in the present reexamination proceeding.

3. ☐ Claims _____ are patentable and/or confirmed.

4. ☒ Claims <u>26-45</u> are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ The drawings, filed on _____ are acceptable.

7. ☐ The proposed drawing correction, filed on _____ has been  (7a)☐ approved  (7b)☐ disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).

   a)☐ All  b)☐ Some*  c)☐ None     of the certified copies have

   1☐ been received.

   2☐ not been received.

   3☐ been filed in Application No. _____ .

   4☐ been filed in reexamination Control No. _____ .

   5☐ been received by the International Bureau in PCT application No. _____ .

   * See the attached detailed Office action for a list of the certified copies not received.

9. ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal
   matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D.
   11, 453 O.G. 213.

10. ☐ Other: _____

cc: Requester (if third party requester)
U.S. Patent and Trademark Office
PTOL-466 (Rev. 08-06)          Office Action in Ex Parte Reexamination          Part of Paper No. 20081208

Application/Control Number: 90/008,104                                    Page 2
Art Unit: 3992

## DETAILED ACTION

### *Brief Summary of Proceedings*

1.      Patent Owner's arguments were filed 5/29/08, in response to the Office action dated

2/29/08.  Further, a Declaration of Brooks L. Hilliard was filed under 35 U.S.C. 1.132 by the

Patent Owner on 5/29/08, whereby the Patent Owner's arguments take the position of the

Declaration, asserting patentability of the claims and traversing the cited rejections in the Office

action dated 2/29/08.


2.      Claims 1-45 originally issued in U.S. Patent Number 6,023,683 ("the '683 Patent"), with

claims 1-25 not being subject to the current reexamination proceeding.  Thus, claims 26-45 are

the current pending claims in the current reexamination proceeding.

Application/Control Number: 90/008,104                                    Page 3

Art Unit: 3992

3.      In the Office action dated 2/29/08, the claims were rejected as follows:

        Claims 26-45 stand rejected under 35 U.S.C. 102(a) as being anticipated by "J-

CON Manual, Volume 1", authored by Cooperative Computing, Inc. (the "J-CON

Manual").

        Claims 26-45 stand rejected under 35 U.S.C. 102(b) as being anticipated by "A

Practical Guide to SABRE Reservations and Ticketing", authored by Jeanne Semer-

Purzycki (the "SABRE Guide").

        Claims 26-45 stand rejected under 35 U.S.C. 102 (a) as being anticipated by "P.O.

Writer-Plus Guided Tour Version 10.0" from American Tech., Inc. (the "P.O. Writer

Manual").

        Claims 26-45 stand rejected under 35 U.S.C. 102(b) as being anticipated by

"Gateway 2000/MRO Version "from Technical Service Associates (the "Gateway

2000/MRO Manual").


                              *Information Disclosure Statement*

4.      The references listed in the Information Disclosure Statement submitted on 5/29/2008

have been considered by the examiner (see attached PTO-1449).

Application/Control Number: 90/008,104                                    Page 4
Art Unit: 3992

## *Response to Arguments*

5.      Patent Owner's arguments filed 5/29/08 have been fully considered but they are not

persuasive.  In summary, the Patent Owner argues that the cited prior art references of the J-CON

Manual, the P.O. Writer Manual, and the Gateway 2000/MRO Manual do not qualify as prior art,

since they would not be considered as a printed publication, and the Patent Owner argues that

each of the cited prior art references does not teach any limitations in the independent and

dependent claims.


6.      First, with respect to Patent Owner's arguments on pages 7-16, which argue that the J-

CON Manual, P.O. Writer Manual, and the Gateway 200/MRO Manual do not qualify as a

printed publication, the Patent Owner argues that "documents disseminated under conditions of

confidentiality to a closed group are not "printed publications" under 102 because they are not

accessible to the public."  However, the examiner notes that these documents were not limited to

"closed group".  None of these operating manuals are confidential documents to a closed group,

as any member of the public was able to purchase the software, and therein get access to the

publications.  The publications were not limited to only persons within a closed organization.


7.      In this regard, MPEP 2128.01 [R-3], Part III states:

> Documents and items only distributed internally within an organization which are
> intended to remain confidential are not "printed publications" no matter how
> many copies are distributed. There must be an existing policy of confidentiality or
> agreement to remain confidential within the organization. Mere intent to remain
> confidential is insufficient. ... Garret Corp. v. United States, 422 F.2d 874, 878,
> 164 USPQ 521, 524 (Ct. Cl.1970) ("While distribution to government agencies

Application/Control Number: 90/008,104                                      Page 5
Art Unit: 3992

and personnel alone may not constitute publication ... distribution to commercial companies without restriction on use clearly does.").

8.      The examiner notes that in the arguments, the Patent Owner cites Garrett Corp. v. United States, stating that the Court describes "distribution of 80 copies of report within government agencies to government personnel may not constitute publication".  Further, in Northern Telecom, Inc. v. Datapoint Corp., the Patent Owner continues on page 10 that "government documents which included the legend reproduction or further dissemination is not authorized ...not for public release" could not constitute printed publications" for use as prior art.  However, each of the J-CON Manual, the P.O Writer Manual, and the Gateway 2000/MRO Manual were not distributed to only "within government agencies to government personnel", and do not include any legend that states "not for public release".  Rather, as noted above, the manuals were available to persons within the general public that purchased the publicly available software.

9.      Continuing, the Patent Owner additionally argues on page 10 that in IMX, Inc. v. Lendingtree, LLC, 405 F. Supp.2d 479, 491 (D.Del. 2005), the Court stated that "a user manual for a software program and computer system did not constitute prior art because it was designated "Highly Confidential"..."  However, upon review of these court documents, the examiner notes that the noted User's Manual was in fact designated with "Highly Confidential – Attorneys Eyes Only".  The Court continued stating "there is no proof of record that it was sufficiently accessible to the public to be a printed publication."

Application/Control Number: 90/008,104                                        Page 6
Art Unit: 3992

10.     This is not the same as a distributed User's Manual that accompanied purchased software,

or a User's Manual that is accessible to the purchaser's of software, as in the instant J-CON

Manual, the P.O. Writer Manual, and the Gateway 2000/MRO Manual.  Thus, the J-CON

Manual, the P.O Writer Manual, and the Gateway 2000/MRO Manual were not "distributed

internally within an organization which are intended to remain confidential", and thus are

considered as prior art printed publications.


11.     Continuing, MPEP 2128.01 [R-3], Part I, states, in part:

                In re Bayer, 568 F.2d 1357, 196 USPQ 670 (CCPA 1978) (**A reference will
                constitute a "printed publication" as long as a presumption is raised that the
                portion of the public concerned with the art would know of the invention
                even if accessibility is restricted to only this part of the public**....[Emphasis
                added].

12.     Thus, in the instant case, the J-CON Manual, the P.O. Writer Manual, and the Gateway

2000/MRO Manual were accessible to persons who purchased the respective software, therein

being "the portion of the public concerned with the art... even if accessibility is restricted to only

this part of the public".


13.     Further, the Patent Owner argues that the J-CON Manual, the P.O Writer Manual, and the

Gateway 2000/MRO Manual each required the licensees to keep the information contained in the

manuals confidential.  First, the examiner notes that the J-CON Manual does not contain any

such statement.  Further, the Patent Owner points to the P.O. Writer Manual's notice that states

that "Client acknowledges the proprietary nature of P.O. WRITER PLUS and agrees not to make

Application/Control Number: 90/008,104                                    Page 7
Art Unit: 3992

copies of P.O. Writer Plus software or User's Manuals...." However, the examiner notes that

this is not an agreement to keep the user's manual "confidential", but rather not to make

unauthorized reproductions of the manual.


14.      Further, the Patent Owner points out that the Gateway 2000/MRO Manual states that

"LICENSEE understands and agrees that the Program constitutes confidential and proprietary

information of LICENSOR...." However, the examiner notes that this agreement is for the

Program and not for the Manual that accompanied the software. The Patent Owner further

argues that the Gateway 2000/MRO further states that "No part of this product may be copied,

reproduced, translated or transcribed...without prior written consent ...". But once again, this

does not state that the manual is confidential, but rather that persons may not make unauthorized

reproductions of the product. The examiner notes that confidential agreements not to make

copies, as discussed above and described by the Patent Owner, become applicable in determining

whether a document is a printed publication when the art in question was not distributed, but

rather, being temporarily publicly displayed documents, such as slides in a presentation.


15.      In this regard, MPEP 2128.01 [R-3], Part IV states:

          A publicly displayed document where persons of ordinary skill in the art could
          see it and are not precluded from copying it can constitute a "printed publication,"
          even if it is not disseminated by the distribution of reproductions or copies and/or
          indexed in a library or database. As stated in In re Klopfenstein, 380 F.3d 1345,
          1348, 72 USPQ2d 1117, 1119 (Fed. Cir. 2004), "the key inquiry is whether or not
          a reference has been made publicly accessible.'" Prior to the critical date, a
          fourteen-slide presentation disclosing the invention was printed and pasted onto

Application/Control Number: 90/008,104                                          Page 8
Art Unit: 3992

poster boards. The printed slide presentation was displayed with no confidentiality restrictions for approximately three cumulative days at two different industry events. 380 F.3d at 1347, 72 USPQ2d at 1118. The court noted that "an entirely oral presentation that includes neither slides nor copies of the presentation is without question not a printed publication' for the purposes of 35 U.S.C. § 102(b). Furthermore, a presentation that includes a transient display of slides is likewise not necessarily a printed publication."' 380 F.3d at 1349 n.4, 72 USPQ2d at 1122 n.4. In resolving whether or not a temporarily displayed reference that was neither distributed nor indexed was nonetheless made sufficiently publicly accessible to count as a "printed publication" under 35 U.S.C. 102(b), the court considered the following factors: "the length of time the display was exhibited, the expertise of the target audience, the existence (or lack thereof) of reasonable expectations that the material displayed would not be copied, and the simplicity or ease with which the material displayed could have been copied." 380 F.3d at 1350, 72 USPQ2d at 1120. Upon reviewing the above factors, the court concluded that the display "was sufficiently publicly accessible to count as a printed publication."' 380 F.3d at 1352, 72 USPQ2d at 1121.<

16.      In the instant case, each of the references of the J-CON Manual, the P.O. Writer Manual, and the Gateway 2000/MRO Manual were not just temporarily displayed to customers. Rather, these documents were distributed to persons who purchased the commercially available software product, where the purchasers were not limited to a closed group. As noted above, the J-CON Manual, the P.O. Writer Manual, and the Gateway 2000/MRO Manual were accessible to persons who purchased the respective software, therein being "the portion of the public concerned with the art... even if accessibility is restricted to only this part of the public".