IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
|       Plaintiff, | ) Civil Action No. 3:09-CV-620 (REP) |
| v. | ) |
| LAWSON SOFTWARE, INC., | ) |
|       Defendant. | ) |

## PLAINTIFF *e*PLUS INC.'S BRIEF IN OPPOSITION TO DEFENDANT LAWSON SOFTWARE, INC.'S MOTION TO COMPEL

**I.   INTRODUCTION**

Plaintiff *e*Plus Inc. ("*e*Plus") respectfully requests that the Court deny Defendant Lawson Software, Inc.'s ("Lawson's") motion to compel *e*Plus to supplement its responses to Lawson's Interrogatory Nos. 19-20 asking for *e*Plus's contentions how numerous purported prior art references do not invalidate *e*Plus's patents.

First, *e*Plus has agreed to supplement its interrogatory responses in the claim chart format demanded by Lawson in order to address the alleged deficiencies Lawson complains of. Consequently, Lawson's motion is moot and should be denied.

Second, notwithstanding *e*Plus's agreement to supplement its responses to Lawson's interrogatories, Lawson's invalidity contentions with respect to the alleged prior art and its Interrogatory Nos. 19-20 are patently deficient. For example, the alleged prior art that Lawson asks *e*Plus to respond to in its Interrogatory Nos. 19-20 is often improperly identified as

consisting of undated "systems," and several purported references identified in its invalidity contentions consist of multiple documents combined together as allegedly constituting a single prior art reference. Lawson also asks that *e*Plus prove the negative by explaining why a person of ordinary skill in the art would not have been motivated to combine various alleged prior art references, when no such motivation is apparent. Thus, although *e*Plus has attempted to respond to Lawson's interrogatories and further, agreed to supplement its responses in the manner demanded in Lawson's motion to compel, in many instances Lawson's interrogatories are so vague as to the purported scope and teachings of the alleged prior art references that Lawson cannot reasonably expect any further detail in *e*Plus's rebuttal. Consequently, Lawson's motion is moot and should be denied.

II.   **ARGUMENT**

   A.   ***e*PLUS HAS AGREED TO SUPPLEMENT ITS RESPONSES TO LAWSON'S INTERROGATORIES, THEREBY MOOTING LAWSON'S MOTION**

Although Lawson attempts to portray *e*Plus as unreasonable and recalcitrant, *e*Plus in fact agreed to supplement the interrogatory answers at issue in the manner that Lawson demands in its motion.[1] (*See* Declaration of David M. Young ("Young Decl."), submitted herewith, at Exh. A (Ltr. from M. Strapp to J. Graham, dated February 25, 2010). In fact, although *e*Plus had already agreed to do so before Lawson filed the motion, Lawson still filed the motion. Young

---

[1] Confusingly, Lawson's request for relief as set forth in its Motion to Compel — "Lawson moves the Court to compel ePlus to provide (1) for each excerpt of the prior art specifically cited by Lawson in its Supplemental Initial Statement of Invalidity Defenses by page number as disclosing a claim limitation, whether ePlus disputes that the prior art discloses that limitation…" (Lawson's Mtn. to Compel at 1) — contradicts Lawson's request for relief as set forth in its Memorandum In Support of Its Motion, which states: "Lawson respectfully requests the Court compel ePlus to response[sic] to Interrogatory Nos. 19 and 20…". Nevertheless, *e*Plus agreed to supplement the interrogatory answers at issue for each excerpt of the prior art specifically cited by Lawson in its Supplemental Initial Statement of Invalidity Defenses.

2

Decl., Exh. B (Correspondence between E. Hynes and J. Graham, dated February 26, 2010-March 1, 2010).[2]

Additionally, *e*Plus has freely and willingly supplemented its responses to Lawson's interrogatories upon the acquisition of new information and intends to continue to do so in accordance with the Federal Rules of Civil Procedure and the Scheduling Order. Because *e*Plus has agreed to supplement its responses as Lawson demanded, and because Lawson's motion should never have been filed, the Court should deny Lawson's motion as moot.

### B. *e*PLUS's ANSWERS TO LAWSON'S INTERROGATORIES ARE AS COMPLETE AS REASONABLY POSSIBLE GIVEN THE VAGUENESS OF THE INTERROGATORIES AND THE DEFICIENCIES IN LAWSON'S INVALIDITY CONTENTIONS

#### *1. Lawson Mischaracterizes The Chronology Of Events Leading To The Present Dispute*

Lawson's motion goes to great lengths to set up a false comparison between *e*Plus's answers to Lawson's interrogatories on the one hand, and Lawson's non-infringement contentions on the other. With respect to Lawson's non-infringement contentions, Lawson entirely omits from the discussion that it was Lawson who refused a proposal from *e*Plus that the parties exchange mandatory infringement and non-infringement contentions, starting with a statement of mandatory infringement contentions from *e*Plus. (*See* Dkt. 92, Plaintiff *e*Plus's Motion to Compel Discovery from Defendant Lawson Software, Inc.)

Thus, after Lawson stymied *e*Plus's proposal on several occasions, *e*Plus proceeded to serve Lawson with interrogatories asking it to disclose the basis for its non-infringement

---

[2] *e*Plus believes that Lawson's motion is improper for another reason. The parties agreed to a provision that appears in the Court's standard Scheduling Order (Pretrial Schedule A, Para. II(B)) that the parties would not file pleadings or involve the Court in discovery disputes, but instead, will resolve them or schedule a telephone conference with the Court. Lawson made no effort to set up a telephonic conference with the Magistrate Judge to resolve this issue. *e*Plus has asked that Lawson cooperate in doing so but, as yet, Lawson has not responded.

contentions. In the instant motion, Lawson now argues that it is hypocritical for *e*Plus to have asked for Lawson to provide such non-infringement contention interrogatory answers without first disclosing more detailed infringement contentions, Lawson's Br. at 7, but that chronology was entirely of Lawson's making, having refused *e*Plus's offers for an orderly exchange of contentions.

Lawson's statement of invalidity contentions, and *e*Plus's response to Lawson's invalidity interrogatories, had an entirely different chronology. It was only after this case was pending for six months and the case had been transferred to the U.S. District Judge currently presiding over the case, that Lawson agreed the parties should make mandatory disclosures of their respective contentions. The Discovery Plan (Dkt. 118) agreed to by the parties in November provided that on December 8, 2009, Lawson would serve *e*Plus with:

> [A]n initial statement identifying each of its invalidity defenses with specificity and such statement shall also include a list of all prior art on which it relies, including a citation by Bates number of any documents produced relating to each such prior art reference, and a complete and detailed explanation of what it alleges that each listed prior art reference shows in claim chart form on an element-by-element, claim-by-claim basis and how that prior art invalidates the claims asserted by plaintiff.

*Id.*

After Lawson served its Initial Statement of Invalidity Defenses setting forth Lawson's invalidity contentions, *e*Plus highlighted numerous deficiencies. S*ee, e.g.*, Young Decl., Exh. C (Letter from J. Albert to W. Schultz, dated December 15, 2009.) In December, Lawson agreed to supplement its invalidity contentions to, *inter alia*, state for each claim element, the specific combination of prior art references relied upon for Lawson's obviousness defenses, and identify for each claim element and prior art combination, the motivations or suggestions to combine the

4

prior art references. *Id.* Lawson served supplemental invalidity contentions on December 23, 2009.

Yet, as Lawson concedes, it was not until December 30th that it served *e*Plus with the interrogatories at issue in this motion – Interrogatory Nos. 19-20 – asking that *e*Plus, in effect, respond to a long list of alleged prior art references that go far beyond the prior art cited in Lawson's invalidity contentions. (Lawson's Br. at 3.) Thus, again, the chronology of these events was entirely of Lawson's making.

Lawson also alleges that *e*Plus never complained of deficiencies in Lawson's Interrogatory Nos. 19-20. This, too, is inaccurate. When Lawson served the instant interrogatories on *e*Plus, *e*Plus timely objected on January 14, 2010, stating, *inter alia*, that the interrogatories are vague and ambiguous because, among other reasons, it is unclear what specific system, version thereof and release dates are requested for certain of the alleged prior art references, *e.g.,* "the Fisher RIMS system," "the IBM TV/2 system," "the JCON system," etc. *See* Young Decl., Exh. D (*e*Plus's Answers and Objections to Lawson's Fifth Set of Interrogatories).

        2.    *Lawson's Interrogatory Nos. 19-20 Are So Vague That It Impossible For ePlus To More Fully Respond*

Lawson's Interrogatory Nos. 19-20 are so vague as to the purported identity, scope and teachings of the alleged prior art references that in many instances any more detailed answer from *e*Plus is impossible. For example, Interrogatory 19 asks that *e*Plus state, *inter alia,* the limitations of the asserted claims that are not "disclosed in, are not taught by, or are not obvious" based on …." approximately 28 different alleged prior art "references," notwithstanding that many of the so-called references consist of, *inter alia, "*systems," as to which Lawson failed to identify with specificity to which version of the "system" the interrogatory is directed by way of

5

date, commercial release number, or the like. Nor did Lawson identify any documents describing such systems (Lawson's Br. at 4).

Similarly, Interrogatory No. 20 identifies 36 combinations of these questionable references, most all of which include at least one of the undated, undefined "systems," and asks that *e*Plus explain, *inter alia,* "why a person of ordinary skill in the art would not combine the references ...." (Lawson's Br. at 5). Thus, Lawson's interrogatory asks that *e*Plus prove the negative and, even in the absence of any information showing a motivation to combine the references (or in some cases enough information to ascertain what the reference is or whether it even constitutes prior art), explain why one of ordinary skill would *not* combine the references. In essence, Lawson asks this Court to compel *e*Plus to tell it why its patents are not invalid, a reversal of the parties' relative burdens of proof.

Moreover, the interrogatories demand that *e*Plus respond to some references that are undated or that do not appear to be prior art at all. It is unclear from Lawson's interrogatories how Lawson believes the cited references render invalid the claims of the *e*Plus patents under 35 U.S.C. §§ 102 or 103. Lawson apparently attempts to exhaust the prior-art possibilities under § 102 ("[p]rior invention by others, knowledge, public use, sales, and offers for sale of or publications") but never specifies which theory it is pursuing. Moreover, the "Fisher RIMS system" cited by Lawson is not an invention "known or used by others" or an invention "by another" under Section 102. The system was invented by the same inventors as the patents-in-suit. Thus, it would not qualify as prior art under the various subsections of Section 102.[3] Accordingly, *e*Plus cannot more meaningfully respond.

---

[3] Lawson has not identified which theory of invalidity it is pursuing with respect to any purported "reference."

6

Finally, the list of references in Interrogatory Nos. 19-20 goes far beyond the number of references cited in Lawson's invalidity contentions as set forth in its Supplemental Initial Statement of Invalidity Defenses.[4] Further, Lawson's Supplemental Initial Statement of Invalidity Defenses did not present specific claim charts for numerous individual documents identified as allegedly anticipating prior art in Lawson's Interrogatory Nos. 19-20. In its motion, Lawson admits that many weeks ago it agreed to withdraw its demand that *e*Plus provide claim charts for those references cited in Interrogatory Nos. 19-20 but not disclosed in Lawson's Supplemental Invalidity Statement. *See* Lawson's Br. at 7; Young Decl., Exh. E (Ltr. from J. Graham to M. Strapp, dated February 23, 2010.) Yet, despite numerous requests by *e*Plus, Lawson has yet to withdraw these references from the interrogatories. *See* Young Decl., Exh. A. Now, Lawson appears to have backtracked on this agreement as well – it is moving to compel *e*Plus to respond to all of the references cited in Lawson's Interrogatory Nos. 19-20, including those not sufficiently identified in the interrogatories and those for which Lawson has failed to provide any invalidity contentions. (*See* fn. 1; Lawson's Br. at 11.) However, notwithstanding this and the deficiencies noted above, *e*Plus agreed to supplement its responses to Interrogatory Nos. 19-20.

---

[4] The Court may recall that at the parties' first Status Conference on November 13, 2009, Lawson's counsel represented to the Court that it would limit the number of alleged prior art references. Tr. at 34. Several weeks later, in Lawson's invalidity contentions, it did in fact limit the number of "references" to nine. Nonetheless, when it served the interrogatories at issue, Lawson included twenty-eight alleged references, at least six of which were undated alleged "systems," which were characterized as, *e.g.*, "the SABRE system," without any specificity as to commercial version, release date, or the identification of any documents describing the system.

> 3.  ***There Are Also Substantial Deficiencies in Lawson's Invalidity Contentions Which Render It Impossible For ePlus To More Fully Respond To Those Contentions***

Notwithstanding *e*Plus's agreement to supplement its responses to Lawson's Interrogatory Nos. 19-20 to provide claim charts explaining on a claim-by-claim basis its validity contentions with respect to the alleged prior-art references included in the claim charts of Lawson's Statement of Invalidity Defenses, there remain several defects with the claim charts Lawson has provided in its Statement of Invalidity Defenses.

First, Lawson fails to establish that the numerous documents it cites with regard to the, *e.g.*, "Lawson software that was available prior to August 10, 1994," "P.O. Writer Plus V.10," "SABRE system," "JCON system," "Gateway 2000 system/MRO Version," and "IBM Technical Viewer/2 system" should be treated as *individual* anticipating items of prior art. It is black letter patent law that an allegedly anticipating prior art reference must be contained in a single reference, and it is improper to combine multiple references for the purpose of Section 102 invalidity. *See generally Sealed Air Corp. v. International Packaging Systems, Inc.*, 1987 U.S. Dist. LEXIS 13230 (E.D. Va. 1987). In Lawson's invalidity contentions, Lawson improperly combines multiple systems and documents and then discusses the combined references as if they were a single product or reference. For example, Lawson asserts as prior art "Lawson software that was available prior to August 10, 1994," and cites to thousands of pages of documents spanning multiple years and relating to multiple commercial versions and computer languages. Lawson has failed to establish that the features, functionality, and operation of this and other systems listed in its invalidity contentions were static over the time period spanned by the references and documents cited. Accordingly, *e*Plus cannot more meaningfully respond. Lawson's assertion in its motion that it "need not" establish that the asserted documents or

references qualify as a single item of prior art (since, according to Lawson, that question will "be decided on another day") is simply incorrect. *See* Lawson's Br. at 10.

Second, Lawson's invalidity contentions cite as alleged prior art documents for which Lawson has not provided even *prima facie* evidence are prior in time to the inventions of the patents-in-suit. For example, Lawson cites a marketing brochure relating to the "IBM TV/2 system" (L0132131-4) that is undated. It is unclear whether this reference is even "prior" to the filing date of the application that issued as the patents-in-suit. *e*Plus cannot meaningfully respond to Lawson's contentions that fail to provide any evidence that the references even constitute prior art.

Further, the portion of Lawson's Supplemental Initial Statement of Invalidity Contentions concerning the "combinability of the cited prior art references" includes the broad and overreaching claim that, "[e]ach of the prior art references cited in the claim charts could be combined with each of the other references cited to arrive at all of the asserted claims of the patents-in-suit, and each reference independently provides motivation to do so." Of course, it would be impossible for *e*Plus to respond to such an overbroad conclusory assertion.

### III. CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that the Court deny Defendant's motion to compel in its entirety.

Date:   March 12, 2010

/s/
David M. Young (VSB #35997)
Jennifer A. Albert (*admitted pro hac vice*)
Scott L. Robertson (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com
jalbert@goodwinprocter.com
srobertson@goodwinprocter.com

Michael Strapp (*admitted pro hac vice*)
James D. Clements (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinrpocter.com

Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, L.L.P.**
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

*Counsel for Plaintiff, ePlus Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12$^h$ day of March, 2010, I will electronically file the foregoing

**PLAINTIFF ePLUS INC.'S BRIEF IN OPPOSITION TO DEFENDANT LAWSON SOFTWARE, INC.'S MOTION TO COMPEL**

With the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
***Counsel for Defendant Lawson Software, Inc.***


Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

***Counsel for Defendant Lawson Software, Inc.***


/s/
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com

***Counsel for Plaintiff, ePlus Inc.***

LIBW/1716350.5