# EXHIBIT E

# Merchant & Gould
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact

**612.371.5233**
jgraham@merchantgould.com

February 23, 2010

**VIA EMAIL**

Michael G. Strapp, Esq.
**Goodwin Procter LLP**
Exchange Place
53 State Street
Boston, MA 02109

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
      *Case No. 2:09-cv-232*

Dear Michael:

This letter responds to your letter of February 19, 2010. ePlus has ignored Lawson's attempts to cooperate with ePlus and continues to apply a double standard in demanding discovery from Lawson while denying production to Lawson.

ePlus continues to argue that Lawson's Interrogatory Nos. 19 and 20 are somehow too vague regarding the asserted prior art to warrant a claim-by-claim, limitation-by-limitation response. To alleviate this concern, Lawson stated that ePlus need only address the prior art as set forth in the Lawson's Supplemental Initial Statement of Invalidity Defenses. In its Initial Statement of Invalidity Defenses, Lawson provided the specific Bates number ranges corresponding to the asserted prior art. Moreover, Lawson provided cites to specific pages of those documents that disclose the limitations of the ePlus's asserted patent claims. It is unclear how this clear identification of specific pages disclosing specific limitation is too vague.

ePlus also continues to argue that Lawson has not provided sufficient discovery to warrant a proper response to Lawson's Interrogatory Nos. 19 and 20. In your letter you argue that "Lawson fails to establish that the numerous documents it cites relating to [the asserted] references should be treated as single anticipating item of prior art." In doing so,

Michael G. Strapp, Esq.
February 23, 2010
Page 2

ePlus continues the trend of demanding discovery from Lawson before it will provide interrogatory answers. This stands in stark contrasts to ePlus's repeated assertions that "[n]othing entitles Lawson to avoid providing an answer to [interrogatory no. 2], nor does it have the right to insist on discovery from ePlus before it is required to answer." (Letter from Jennifer Albert to Rita Tautkus, dated August 27, 2009; *see also* ePlus's Br. in Support of Motion to Compel at 7 n.4 (Dkt. No. 93).) ePlus cannot hide behind the very arguments it disparaged in demanding discovery from Lawson.

Despite ePlus's arguments, its response to Lawson's Interrogatory Nos. 19 and 20 remain deficient. ePlus's response provides only examples of what it contends are not disclose by the various prior art references. Nothing suggests that this answer is a complete and detailed explanation of the claim limitations that ePlus contends are not disclosed. Furthermore, ePlus's response never identifies which claim is being address and is even unclear as to which limitation is ever being addressed.

As ePlus demanded of Lawson in providing non-infringement contentions, ePlus must provide a claim chart demonstrating which limitation of which claims it purports are not disclosed by each asserted prior art references. Lawson's Supplemental Initial Statement of Invalidity Defenses provides a claim-by-claim, limitation-by-limitation, reference-by-reference analysis of where the reference discloses the limitations of ePlus's patent claims. At the end of this chart, Lawson provided an explanation for combining these references. ePlus argues that this explanation is too vague, but it was sufficient for the U.S. Patent and Trademark Office in ordering the reexamination of the '516 patent.

In its Supplemental Initial Statement of Invalidity Defenses, Lawson provided a detailed claim chart explaining the documents describing the asserted prior art, where those documents disclose the limitation of the patent claims, and the reason for combining the various prior art references. Lawson provided a similar claim chart explaining its non-infringement contentions. Lawson now requests that ePlus adhere to its own demands and standards by providing a detailed claim chart stating with respect to each limitation and each document cited by Lawson as disclosing that limitation, whether it disagrees with Lawson and if so, why. A proper response also requires ePlus to state with respect to each combination of prior art references described by Lawson, whether it disagrees with Lawson and if so, why.

Michael G. Strapp, Esq.
February 23, 2010
Page 3

If we do not receive notice by Thursday, February 25, that ePlus will provide a proper response as described above, Lawson will be forced to move the court to compel ePlus to provide one. I look forward to hearing from you.

Sincerely,

Joshua P. Graham