IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09cv620 |
| ) | |
| LAWSON SOFTWARE, INC. ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT LAWSON SOFTWARE, INC.'S REPLY TO ePLUS, INC.'S OPPOSITION TO MOTION TO COMPEL PROPER RESPONSES TO INTERROGATORY NOS. 19 AND 20

Defendant Lawson Software Inc.'s ("Lawson") Motion to Compel is justified. Plaintiff ePlus Inc. ("ePlus") recanted any agreement it purportedly made to provide supplemental responses to Interrogatory Nos. 19 and 20. Rather, ePlus continues to place conditions on providing supplemental responses. Moreover, ePlus can meaningfully respond to the specific contentions provided in Lawson's Supplemental Initial Statement of Invalidity Defenses ("Supplemental Invalidity Statement"). Lawson offered to limit Interrogatory Nos. 19 and 20 to the specific contentions provided in Lawson's Supplemental Invalidity Statement. Despite this offer, ePlus continues to evade providing proper responses. For these reasons, Lawson respectfully requests the Court grant its Motion to Compel ePlus to provide supplemental responses to Interrogatory Nos. 19 and 20.

I.      **ePlus Recanted Its Purported Agreement**

ePlus's contention that it agreed to supplement its responses to Interrogatory Nos. 19 and 20 is deceptive and fails to detail the full story.  On February 25, 2010, ePlus purportedly agreed to supplement its responses:

> its Statement of Invalidity Defenses, *e*Plus will supplement its response to Lawson's Interrogatories Nos. 19 and 20 to provide claim charts explaining on a claim-by-claim and element-by-element basis its validity contentions with respect to the alleged prior-art references included in the claim charts of Lawson's Statement of Invalidity Defenses.

(Ex. I[1].)  When Lawson contacted ePlus the next day to inquire when Lawson could expect to receive the supplemental responses, however, ePlus reneged on its agreement, stating that it would supplement its responses *only* if Lawson supplemented its non-infringement contentions:

> supplementing interrogatory responses.  ePlus will agree to supplement its response to Lawson's invalidity contentions (with respect to the alleged prior-art references included in the claim charts of Lawson's Statement of Invalidity Defenses) on March 11, 2010, provided that Lawson agrees to supplement to its non-infringement contentions on March 11th to address and cure the deficiencies set forth in, e.g., Michael Strapp's letter of February 25th.  Please let me know if Lawson will agree to this proposed exchange on March 11th.

(Ex. J.)  After receiving ePlus's Opposition to Lawson's Motion to Compel, Lawson tried to confirm whether ePlus would in fact supplement its responses to Interrogatory Nos. 19 and 20.  (Ex. P, attached hereto.)  Lawson has received no response.

Lawson has tried to address ePlus's alleged issues with Lawson's non-infringement contentions and has twice offered to discuss these issues with ePlus.  (Exs. Q & R, attached hereto.)  ePlus has never acknowledged these offers.

Furthermore, it was improper for ePlus to condition supplementing its response to Interrogatory Nos. 19 and 20 on Lawson supplementing its non-infringement contentions.  ePlus is well aware that a party may not avoid discovery obligations by conditioning them on

---

[1] Unless otherwise noted, "Ex. __" refers to exhibits attached to Lawson's Brief in Support of Its Motion to Compel (Dkt. No. 181).

2

discovery demands made on an opposing party; this has been ePlus's mantra throughout discovery:

> First, it is improper for a party to evade discovery obligations by trying to link them to discovery demands (regardless of their merits) made on an adversary. The Rule 26(f)

(Ex. L at 1.)

> identifies the claims it asserts and the Lawson products it accuses of infringement." Nothing entitles Lawson to avoid providing an answer to this interrogatory, nor does it have the right to

(Ex. K at 3.)

> Nothing entitled Lawson to avoid providing an answer to these interrogatories, nor did it have the right to insist on discovery from ePlus before it was required to answer. At this time all

(ePlus Motion to Compel at 7 n.4 (Dkt. No. 93.)

Moreover, ePlus's conditions related to Lawson's non-infringement contentions have no bearing on ePlus's failure to respond. Rather, ePlus raised those issues only after Lawson demanded a proper response. Indeed, Lawson provided its non-infringement contentions five months ago. For five months, ePlus did not question their sufficiency. For five months, ePlus did not request a meet-and-confer. For five months, ePlus did not demand Lawson agree to supplement its own contentions. Then, on the eve of Lawson filing its Motion to Compel, ePlus conditioned providing supplemental response to Interrogatory Nos. 19 and 20 on Lawson supplementing its non-infringement contentions. By contrast, Lawson notified ePlus that the responses to Interrogatory Nos. 19 and 20 were deficient within days of receiving them, held a meet-confer to narrow the issues, narrowed the interrogatories in response to ePlus's concerns, and attempted to work with ePlus for nearly a month before filing its Motion to Compel. ePlus recanted its agreement to supplement its responses to Interrogatory Nos. 19 and 20 and has attempted to inject last minute concerns about Lawson's non-infringement contentions to delay and confuse Lawson's motion to hold ePlus to its original agreement.

3

## II.     Lawson's Request is Specific

As stated in its Motion to Compel, Lawson is only requesting that ePlus supplement its responses to address the specific contentions provided in Lawson's Supplemental Invalidity Statement. ePlus had this Supplemental Invalidity Statement for six weeks, never questioning its sufficiency until Lawson raised issues about ePlus's response to Interrogatory Nos. 19 and 20.

Furthermore, the Supplemental Invalidity Statement is very specific. It lists the Bates ranges corresponding to each asserted reference:

- Lawson software that was available prior to August 10, 1994
    - L0011698 – L0011760, L001761–L0011848, L001849–L0012144, L0012492–L012517, L0012554–L0012599, L0012800–L0012836, L0012837–L0013145, L0013146–L0013295, L0013572–L0013711, L0014416–L0014532, L0015615–L0016422, L0017726–L0017890, L0017891–L0018119;

(Ex. A at 1-2.) It states which references Lawson is asserting under 35 U.S.C. § 102 and which combination of references Lawson is asserting under 35 U.S.C. § 103:

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| 1. An electronic sourcing system comprising: | **35 U.S.C. § 101**<br>Claim 1 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 112 ¶ 1**<br>The specification of the '172 patent does not enable claim 1 because the specification does not enable the full scope of at least one element of claim 1. See below for a discussion of the individual elements.<br><br>The specification of the '172 patent does not describe every limitation of claim 1. See below for a discussion of the individual elements.<br><br>The specification of the '172 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 1 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>**35 U.S.C. § 112 ¶ 2**<br>Claim 1 is directed to indefinite subject matter because at least one limitation of claim 1 is indefinite. See below for a discussion of the individual elements.<br><br>**35 U.S.C. § 102**<br>The Fisher RIMS system is an electronic sourcing system. U.S. Pat. No. 5,712,989 at Abstract & col. 1:15-24 (ePLUS0137677 & ePLUS0137691). The Fisher RIMS system anticipates claim 1. |

4

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
|  | 35 U.S.C. § 103<br>Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with the Fisher RIMS system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with U.S. Patent No. 5,319,542 and the Fisher RIMS system, U.S. Patent No. 5,694,551 or the J-CON system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with U.S. Patent No. 5,694,551 and the Fisher RIMS system, the P.O. Writer system, the SABRE system, the Gateway system, or the IBM TV/2 system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with the P.O. Writer system and the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with the SABRE system and the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with the Gateway system and the Fisher RIMS system, U.S. Patent No. 5,694,551, the J-CON system, or the IBM TV/2 system. Additionally, Lawson software available prior to August 10, 1994 renders claim 1 obvious when combined with the IBM TV/2 system and the Fisher RIMS system, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, or the Gateway system. |

(Ex. A at 106-109 (excerpts from claim chart relating to claim 1 of the '172 patent).) It cites specific pages of the asserted references that disclose the elements of the patent claims:

| | |
|---|---|
| a database containing data relating to items associated with at least two vendors maintained so that selected portions of the database may be searched separately; | 35 U.S.C. § 101<br>This limitation does not impose any meaningful machine limitations as "database" is not necessarily an electronic compilation of data (depending on the construction) and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity.<br><br>35 U.S.C. § 112 ¶ 1<br>The specification only describes how to select electronic catalogs stored on an electronic database and does not enable the selection any portion that is less than entire catalog.<br><br>The specification of the '172 paten has no written description of how to search portions of the database separately. The only discussion in the specification of how selected portions of the database may be searched separately indicates that a search program would "concatenate" two catalogs to perform a search. Col. 10:1-5. However, concatenate has been construed "simply to mean that the selected catalogs are searched as a group" and as not necessarily requiring the selected catalogs to be joined. (Markman Order at 12 (Dkt. No. 229 from *ePlus, Inc. v. Ariba, Inc.*, No. 04-612)).<br><br>35 U.S.C. § 102/§ 103<br>The Fisher RIMS system could electronically store data in host and local databases related to items from a customer, a Distributor, and multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, cols. 3:65–4:1 & col. 4:21-26 (ePLUS0137679 & ePLUS0137692). The Fisher RIMS system used criteria associated with the databases to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1, Table VI (ePLUS0137699). |

5

| '172 Patent Claim Element | Invalidity Contentions |
|---|---|
| | U.S. Patent No. 5,319,542 discloses that a supplier creates three separate catalogs: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1 & col. 2:20-26 (ePLUS0130298 & ePLUS130302).<br><br>The P.O. Writer system had an electronic database for storing multiple catalogs. (L0127571, L0126552 & L0126661-62).<br><br>The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines). (L0125236).<br><br>The Gateway system stored multiple catalogs on a database. (L0127660 & L0127872).<br><br>The IBM TV/2 system stored multiple catalogs. (L0132126). |

(Ex. A at 109-110 (experts from claim chart relating to "database containing data . . ." element of claim 1 of the '172 patent).) It concludes with an explanation of how and why each asserted reference would be combined with the other asserted references. (Ex. A at 1-9 (after the invalidity claim charts).) Given the specificity of Lawson's Supplemental Invalidity Statement, ePlus has clear, specific guidance on what it must do.

### III. ePlus Can Meaningfully Respond

ePlus's arguments that it cannot provide meaningful supplemental responses ignores the specific contentions in Lawson's Supplemental Invalidity statement. First, ePlus argues that it cannot meaningfully respond because Lawson lists a number of documents that correspond to the asserted references. However, Lawson not only cites the general documents that correspond to each asserted reference, but also cites the specific pages of those documents that disclose each element of the patent claims. Lawson is requesting that ePlus state whether it disagrees that the specifically cited pages disclose the particular element and, if so, why. ePlus has ample, specific information to meaningfully respond to this request.

Second, ePlus argues that it cannot meaningfully respond because Lawson has not established the date of certain documents and that Lawson has not fulfilled other requirements to prove invalidity. These are trial issues, separate and distinct from the issues to which

6

Interrogatory Nos. 19 and 20 are directed. Whether an asserted reference *legally* invalidates a patent claim is an entirely separate issue from whether the asserted reference in *fact* discloses the limitations of the claim. *Synventine Molding Solutions, Inc. v. Husky Injection Molding Sys.*, 262 F.R.D. 3654, 374 (D. Vt. 2009). Lawson provided the asserted prior art references and cited specific pages of those references that disclose each element of the patent claims. Again, Lawson is requesting that ePlus state whether it disagrees that the specifically cited pages disclose the particular element and, if so, why. ePlus has ample, specific information to meaningfully respond to this request.

Third, ePlus ignores the nine pages of explanation in Lawson's Supplemental Invalidity Statement that show how and why the asserted references would be combined. ePlus cites only the topic sentence of this nine-page explanation, claiming that it is "broad and overreaching." However, ePlus does not address the remaining nine pages. Lawson is requesting that ePlus state whether it disputes that a person of ordinary skill in the art would combine the references and, if so, why. ePlus has ample, specific information to meaningfully respond to this request.

**IV. Conclusion**

For the reasons stated, Lawson respectfully requests that the Court grant its Motion to Compel ePlus to provide supplemental responses to Interrogatory Nos. 19 and 20.

LAWSON SOFTWARE, INC.

By  /s/
      Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**Troutman Sanders LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

CERTIFICATE OF SERVICE

I certify that on this 15th day of March, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

        /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*