```
 1              IN THE UNITED STATES DISTRICT COURT

 2             FOR THE EASTERN DISTRICT OF VIRGINIA

 3                      RICHMOND DIVISION

 4

 5   ---------------------------------------
                                            :
 6    ePLUS, INC.,                          :   Civil Action No.
                                            :   3:09CV620
 7    vs.                                   :
                                            :
 8    LAWSON SOFTWARE, INC.                 :   May 11, 2010
                                            :
 9   ---------------------------------------

10

11

12         COMPLETE TRANSCRIPT OF THE CONFERENCE CALL

13            BEFORE THE HONORABLE ROBERT E. PAYNE

14                  UNITED STATES DISTRICT JUDGE

15

16   APPEARANCES:

17   Craig T. Merritt, Esquire
     Christian & Barton, LLP
18   909 East Main Street
     Suite 1200
19   Richmond, Virginia  23219-3095
     and
20   Scott L. Robertson, Esquire
     Goodwin Procter, LLP
21   901 New York Avenue NW
     Suite 900
22   Washington, D.C.  20001
     Counsel for the plaintiff
23

24                      Peppy Strahan, RPR
                      Official Court Reporter
25                  United States District Court
```

```
 1   APPEARANCES:  (cont'g)

 2   Dabney J. Carr, IV, Esquire
     Troutman Sanders, LLP
 3   1001 Haxall Point
     Richmond, Virginia  23219
 4   and
     Daniel W. McDonald, Esquire
 5   Merchant & Gould, PC
     80 South Eighth Street
 6   Suite 3200
     Minneapolis, Minnesota  55402
 7   Counsel for the Defendant

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

|  |  |  |
|---|---|---|
|  | 1 | P R O C E E D I N G S |
| 34:16PM | 2 |  |
| 34:16PM | 3 | THE COURT:  Hello. |
| 34:18PM | 4 | MR. MERRITT:  Yes, Judge Payne, we're on. |
| 34:20PM | 5 | THE COURT:  Okay.  Who do you have here?  This is |
| 34:22PM | 6 | ePlus against Lawson. |
| 34:24PM | 7 | MR. MERRITT:  This is Craig Merritt for ePlus. |
| 34:28PM | 8 | THE COURT:  Anybody there for Lawson? |
| 34:28PM | 9 | MR. CARR:  Yes, Judge.  Hi, this is Dabney Carr for |
| 34:30PM | 10 | Lawson, and also on the line is Dan McDonald. |
| 34:34PM | 11 | MR. ROBERTSON:  Scott Robertson for ePlus, Your |
| 34:38PM | 12 | Honor. |
| 34:38PM | 13 | THE COURT:  Okay.  Now, you all have gotten a claim |
| 34:40PM | 14 | construction, and you all have revised your or got extensions |
| 34:48PM | 15 | to do your expert reports.  So they are now in each other's |
| 34:52PM | 16 | hands; is that right? |
| 34:54PM | 17 | MR. McDONALD:  That's right. |
| 34:56PM | 18 | THE COURT:  Please give your name when you speak. |
| 35:00PM | 19 | MR. McDONALD:  That was Dan McDonald, Your Honor. |
| 35:02PM | 20 | THE COURT:  That's going to be in the future.  Now, |
| 35:04PM | 21 | I'd like to know, folks, don't you want to sit down and go talk |
| 35:10PM | 22 | with, is it Judge Dohnal who's been assigned? |
| 35:14PM | 23 | MR. ROBERTSON:  Scott Robertson, yes, sir. |
| 35:16PM | 24 | THE COURT:  Don't you want to sit down and see if you |
| 35:18PM | 25 | can't go settle this case? |

```
35:18PM   1              MR. ROBERTSON:  We'd be happy to do so, Your Honor,
35:20PM   2   as plaintiff.
35:20PM   3              THE COURT:  Isn't it about time for you all to start
35:22PM   4   doing that?  You kind of are in a position to assess each
35:26PM   5   other's strengths and weaknesses in a way that you weren't
35:30PM   6   before now that you have the expert reports and the claim
35:32PM   7   construction opinion.  How about you, Mr. McDonald?
35:36PM   8              MR. McDONALD:  I think my client would be willing to
35:38PM   9   get together to talk about things, Your Honor.  I don't know
35:42PM  10   that it was necessarily a dramatic shift in things to get the
35:46PM  11   decision the way it came down, but we certainly could talk
35:50PM  12   about it, and you are right, we do have more information now.
35:52PM  13              THE COURT:  The way I see it, I may be wrong, is that
35:56PM  14   both of you have got some problems in the case, and both are
35:58PM  15   going to have to end up recognizing that it could be a long
36:02PM  16   haul for you, and it's probably better off for you to settle
36:06PM  17   the case, but I want you to get with Judge Dohnal and get on it
36:08PM  18   as soon as you can.  What do we have coming up?  I don't have
36:16PM  19   the detailed schedule in front of me.  I should have gotten it,
36:20PM  20   but I didn't.
36:20PM  21              MR. ROBERTSON:  One thing, Your Honor, I wanted to
36:22PM  22   just alert the Court of, and that is on May 24th, both CEOs of
36:30PM  23   the company are being deposed in my office, my CEO in the
36:34PM  24   morning and Lawson's CEO in the afternoon, and we got a
36:40PM  25   communication that perhaps that might be an opportunity for
```

| | | |
|---|---|---|
| 36:42PM | 1 | them to sit down and have a candid exchange.  I think that's a |
| 36:46PM | 2 | good suggestion. |
| 36:48PM | 3 | Perhaps that should happen before we go back to see |
| 36:50PM | 4 | Judge Dohnal, but the plaintiff would be happy to meet with |
| 36:54PM | 5 | Judge Dohnal at any time the Court directs.  But as far as |
| 36:58PM | 6 | timing goes, that might be more productive. |
| 37:00PM | 7 | THE COURT:  I'm going to let you all raise that with |
| 37:04PM | 8 | Judge Dohnal, and you all can have your discussions, and since |
| 37:06PM | 9 | he's managing the settlement process -- it sounds logical to |
| 37:10PM | 10 | me, but he may have a different approach to it than I would. |
| 37:14PM | 11 | So you all check it out with him, but my guess is he'll |
| 37:16PM | 12 | probably agree with you.  But I'll tell him today that I'm |
| 37:22PM | 13 | asking you all to contact him and see if you can't work out the |
| 37:26PM | 14 | case. |
| 37:28PM | 15 | Now, do you all see at this juncture that the length |
| 37:34PM | 16 | of the trial will be any different than you currently |
| 37:36PM | 17 | forecasted? |
| 37:40PM | 18 | MR. McDONALD:  I don't see a change in that, Your |
| 37:44PM | 19 | Honor.  This is McDonald for Lawson speaking. |
| 37:48PM | 20 | MR. ROBERTSON:  Your Honor, this is Mr. Robertson. |
| 37:52PM | 21 | I'm a little concerned at the number of third-party witnesses, |
| 37:54PM | 22 | as the Court knows, that have been identified late in the case. |
| 37:58PM | 23 | We're struggling to get those depositions done.  I mean, I |
| 38:02PM | 24 | count anywhere between 18 to 20 depositions we need to do in |
| 38:06PM | 25 | short order. |

```
38:06PM   1                One of the things the parties have been discussing is
38:08PM   2   a modest adjustment of Your Honor's scheduling order, and we
38:14PM   3   think we've come to agreement on that.  It doesn't impact the
38:18PM   4   Court at all as far as any of the deadlines for briefings or
38:20PM   5   summary judgment or the trial date certainly.  It's just sort
38:24PM   6   of something the parties need to absorb into their schedule,
38:28PM   7   and as I say, we have met and conferred, we agreed upon it, and
38:32PM   8   the suggestion was we submit a revised scheduling order
38:36PM   9   adjusting those dates.
38:36PM  10                Mr. Carr circulated something yesterday, and we
38:38PM  11   confirmed that the dates were accurate.  So that's sort of just
38:42PM  12   a ministerial matter, but it's necessary to sort of accommodate
38:46PM  13   these additional witnesses that have been identified, and,
38:50PM  14   perhaps, any rebuttal witnesses.
38:54PM  15                MR. CARR:  Judge, this is Dabney Carr.  If you want
38:54PM  16   me to, I can be specific about the extensions, read them off to
39:00PM  17   you that we all have discussed and agreed to amongst ourselves.
39:02PM  18                THE COURT:  Is it going to affect the dates for
39:04PM  19   filing summary judgments?
39:06PM  20                MR. CARR:  No.  They are just to extend the days to
39:10PM  21   take some remaining fact witness depositions, extending the
39:12PM  22   date by six days for ePlus to serve its responsive expert
39:18PM  23   report on invalidity and extending the date by five days to
39:22PM  24   take expert depositions.
39:26PM  25                THE COURT:  What did you call that, a modest
```

| | | |
|---|---|---|
| 39:28PM | 1 | proposal? Isn't there a rather well-known book by that name? |
| 39:32PM | 2 | MR. MERRITT: This is Merritt, Your Honor. I believe |
| 39:34PM | 3 | the important point is it's a modest proposal that doesn't |
| 39:36PM | 4 | affect your life. |
| 39:38PM | 5 | THE COURT: Well, I'll tell you what. What does |
| 39:44PM | 6 | bother me, frankly, is hearing about all these third-party |
| 39:46PM | 7 | witnesses and what that might do to the trial. And I don't |
| 39:52PM | 8 | know how this all came to pass, but the dimensions of a trial |
| 39:56PM | 9 | with 18 or X witnesses in it was not, I think, what we -- third |
| 40:02PM | 10 | party witnesses was not what was being discussed originally. |
| 40:08PM | 11 | MR. McDONALD: I don't think the number is going to |
| 40:10PM | 12 | be quite that bad, Your Honor. Some of these people are just |
| 40:12PM | 13 | cleaning up with the Lawson and ePlus, concluding 30(b)(6) |
| 40:16PM | 14 | depositions and the CEO depositions that you heard mentioned. |
| 40:18PM | 15 | A lot of these are going to be relatively short. There was one |
| 40:20PM | 16 | today that I don't even know lasted one hour. |
| 40:22PM | 17 | THE COURT: Okay. |
| 40:24PM | 18 | MR. McDONALD: So that's why I say I don't think it's |
| 40:26PM | 19 | going to change the length of things. |
| 40:30PM | 20 | MR. ROBERTSON: I was on that deposition. It went |
| 40:30PM | 21 | two and a half hours, but, Your Honor, I'm very concerned. |
| 40:34PM | 22 | There are a number of third-party witnesses, and I think |
| 40:36PM | 23 | they're all consultants of Lawson, and they're are all being |
| 40:40PM | 24 | paid, and they're all going to be called as trial witnesses, |
| 40:42PM | 25 | so, yes, Your Honor's question is very apt and astute. I think |

|  |  |  |
|---|---|---|
| 10:46PM | 1 | it may have an impact on the length of the trial. |
| 10:50PM | 2 | THE COURT: I guess I'll just deal with that when you |
| 10:52PM | 3 | all get it sorted out and see what they are and what it is |
| 10:54PM | 4 | going to do, but if you think it's going to affect the trial |
| 11:00PM | 5 | and the length of it, you're going to have to fish or cut bait |
| 11:02PM | 6 | real soon, folks, and I need to know and understand what the |
| 11:06PM | 7 | dimensions of the problem are, because I don't have but so much |
| 11:10PM | 8 | time in the schedule, and on that issue, I do have some |
| 11:18PM | 9 | concerns. So I'll let you all sort all that out, and you can |
| 11:22PM | 10 | figure out how to bring it before me when it is appropriate. |
| 11:26PM | 11 | All right. |
| 11:26PM | 12 | UNIDENTIFIED SPEAKER: Yes, sir. |
| 11:26PM | 13 | THE COURT: And in the meantime, go see if you can't |
| 11:30PM | 14 | make some modest progress towards settlement. Thank you. |
|  | 15 |  |
|  | 16 | (End of proceedings.) |

            I certify that the foregoing is a correct transcript
from the record of proceedings in the above-entitled matter.


       /s/                              _____
P. E. Peterson, RPR                     Date