IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09cv620(REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF ePLUS, INC.'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S EXPERT REPORT AND EXCLUDE FROM TRIAL ALLEGED PRIOR ART AND INVALIDITY ARGUMENTS NOT DISCLOSED IN DEFENDANT'S COURT-ORDERED INVALIDITY CONTENTIONS**

Pursuant to the Scheduling Order in this case and this Court's Order of March 29, 2010, Plaintiff *e*Plus, Inc. ("*e*Plus") respectfully requests that the Court strike portions of Defendant Lawson Software, Inc.'s ("Lawson") expert report of invalidity, in which Lawson relies on alleged prior art references and new invalidity theories that were not disclosed or relied upon in Lawson's Court-Ordered Second Supplemental Statement of Invalidity Contentions ("Second Supplemental Statement") served approximately one month ago, on April 9.

Lawson's Report of Expert Michael I. Shamos, Ph.D., J.D. Concerning Invalidity ("Shamos Report"), served on May 5, relies upon several alleged prior art references that Lawson did not disclose and rely upon when making its Court-Ordered Second Supplemental Statement. The Shamos Report also sets forth new opinions of invalidity under Section 101 that were not contained in Lawson's Second Supplemental Statement.

This Court, however, has made clear that the Second Supplemental Statement was to provide a complete statement of the bases for Lawson's invalidity defenses, including a full identification of any alleged prior art references that form the bases for those defenses.

Lawson's reliance on new alleged prior art references is particularly inexcusable in light of the fact that Dr. Shamos opines that that two versions *of Lawson's own systems* and manuals relating thereto serve as the basis for invalidity. Clearly, there is no reason why Lawson should not, while making its Second Supplemental Statement, have disclosed whether it was relying on its own systems as prior art. Neither is there a tenable basis for Lawson to argue that any of the other prior art references or invalidity theories Dr. Shamos discusses could not have been disclosed by Lawson with its Second Supplemental Statement.

  *e*Plus therefore respectfully requests that the Court strike portions of the expert report, and further requests that the Court exclude such alleged prior art and invalidity contentions from the trial of this action.

           Respectfully submitted,

           *e*Plus inc.

           By Counsel

May 14, 2010         /s/
           Craig T. Merritt (VSB #20281)
           Henry I. Willett, III (VSB #44655)
           Counsel for Plaintiff *e*Plus, Inc.
           **CHRISTIAN & BARTON, LLP**
           909 East Main Street, Suite 1200
           Richmond, Virginia 23219-3095
           Telephone: (804) 697-4100
           Facsimile: (804) 697-4112
           cmerritt@cblaw.com

           Scott L. Robertson *(admitted pro hac vice)*
           Jennifer A. Albert *(admitted pro hac vice)*
           David M. Young (VSB #35997)
           **GOODWIN PROCTER LLP**
           901 New York Avenue, N.W.
           Washington, DC 20001
           Telephone:  (202) 346-4000
           Facsimile:   (202) 346-4444
           srobertson@goodwinprocter.com

jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
lshiferman@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of May, 2010, I will electronically file the foregoing

**PLAINTIFF ePLUS, INC.'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S EXPERT REPORT AND EXCLUDE FROM TRIAL ALLEGED PRIOR ART AND INVALIDITY ARGUMENTS NOT DISCLOSED IN DEFENDANT'S COURT-ORDERED INVALIDITY CONTENTIONS**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

> Daniel McDonald, *pro hac vice*
> William D. Schultz, *pro hac vice*
> Rachel C. Hughey, *pro hac vice*
> Joshua P. Graham, *pro hac vice*
> Andrew Lagatta, *pro hac vice*
> MERCHANT & GOULD
> 3200 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402
> Telephone: (612) 332-5300
> Facsimile: 612) 332-9081
> lawsonservice@merchantgould.com
> *Counsel for Defendant Lawson Software, Inc.*
>
>
> Robert A. Angle, VSB#37691
> Dabney J. Carr, IV, VSB #28679
> TROUTMAN SANDERS LLP
> P.O. Box 1122
> Richmond, Virginia 23218-1122
> (804) 697-1238
> (804) 698-5119 (Fax)
> robert.angle@troutmansanders.com
> dabney.carr@troutmansanders.com
>
> *Counsel for Defendant Lawson Software, Inc.*

>            */s/*
> Craig T. Merritt (VSB #20281)
> Counsel for Plaintiff *e*Plus, Inc.
> **CHRISTIAN & BARTON, LLP**
> 909 East Main Street, Suite 1200
> Richmond, Virginia 23219-3095
> Telephone: (804) 697-4100
> Facsimile: (804) 697-4112
> cmerritt@cblaw.com

4