**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**


| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:09-CV-620 (REP)** |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |


**PLAINTIFF ePLUS, INC.'S BRIEF IN SUPPORT OF MOTION TO STRIKE
PORTIONS OF DEFENDANT'S EXPERT REPORT AND EXCLUDE FROM TRIAL
ALLEGED PRIOR ART AND INVALIDITY ARGUMENTS NOT DISCLOSED IN
DEFENDANT'S COURT-ORDERED INVALIDITY CONTENTIONS**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................... 2

III.  ARGUMENT ........................................................................................................ 8

      A.    Lawson's Report Of Dr. Shamos Relies On Alleged Prior Art And
            Invalidity Defenses Not Disclosed In Its Court-Ordered Second
            Supplemental Statement ........................................................................... 8

            1.    The Doyle '551 Patent ................................................................. 8

            2.    The Lawson "V.5 System." ........................................................... 8

            3.    The Lawson "V.6 System" and Related Manuals ..................... 9

            4.    Baxter Healthcare ........................................................................ 9

            5.    DynaText, Guide, InnerView and Prism "Catalog Databases and
                  Search Engines." ........................................................................ 9

            6.    New Allegations and Documents With Respect to J-Con, SABRE,
                  and Gateway ............................................................................... 10

            7.    New Invalidity Theories Under Section 101 ............................ 12

      B.    ePlus Is Unfairly Prejudiced By Lawson's Late Disclosure of Invalidity
            Defenses ..................................................................................................... 12

IV.   CONCLUSION ................................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADC Telecomm., Inc. v. Thomas & Betts Corp.*,
  2001 W.L. 1381098 (D. Minn. Oct. 18, 2001)........................................................................ 14

*Graham v. John Deere Co.*,
  383 U.S. 1 (1966) ................................................................................................................ 15, 1

*Rambus, Inc. v. Infineon Technologies AG*,
  145 F. Supp.2d 721 (E.D. Va. 2001) ...................................................................................... 14

*Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*,
  318 F.3d 592 (4th Cir. 2003)................................................................................................... 14

*Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*,
  255 F.R.D. 645 (N.D. Iowa 2009).......................................................................................... 15

**Rules**

Fed. R. Civ. P. 16 ........................................................................................................................ 13

Fed. R. Civ. P. 37 .................................................................................................................. 13, 14

## I.     INTRODUCTION

Pursuant to the Scheduling Order in this case and this Court's Order of March 29, 2010, Plaintiff *e*Plus, Inc. ("*e*Plus") respectfully requests that the Court strike portions of Defendant Lawson Software, Inc.'s ("Lawson") expert report of invalidity, in which Lawson relies on alleged prior art references and new invalidity theories that were not disclosed or relied upon in Lawson's Court-Ordered Second Supplemental Initial Statement of Invalidity Defenses ("Court-Ordered Second Supplemental Statement") served approximately one month ago, on April 9. The Court has already made clear that Lawson will not be permitted to rely at trial upon alleged prior art references or invalidity theories not included in the Court-Ordered Second Supplemental Statement.  If a Court's orders are to have any meaning, a litigant cannot be permitted to choose which orders it will follow and those it will not.  *e*Plus's responsive validity expert report is due less than a month from now.  *e*Plus should not have to respond to new theories of invalidity at this late date in direct contravention of the Court's Order.

In spite of the Court's admonition, Lawson's Report of Expert Michael I. Shamos, Ph.D., J.D. Concerning Invalidity ("Shamos Report"), served on May 5, relies upon several alleged prior art references that Lawson did not disclose and rely upon when making its Court-Ordered Second Supplemental Statement.  The Shamos Report also sets forth new opinions of invalidity under Section 101 that were not contained in Lawson's Court-Ordered Second Supplemental Statement.  *e*Plus therefore respectfully requests that the Court strike portions of the Shamos expert report, and further requests that the Court exclude such alleged prior art and invalidity contentions from the trial of this action.

## II.     BACKGROUND

On May 5, 2010, Defendant filed an expert report of invalidity from its expert witness Dr. Shamos.  Although Dr. Shamos states various opinions of invalidity that rely upon prior art Lawson disclosed in its Court-Ordered Second Supplemental Statement, Dr. Shamos goes well beyond that and states opinions based on numerous alleged prior art references that Lawson did not rely upon when making the Court-Ordered Second Supplemental Statement.  This Court, however, has made clear that the Court-Ordered Second Supplemental Statement was to provide a complete statement of the bases for Lawson's invalidity defenses, including a full identification of any alleged prior art references that form the bases for those defenses.

The Scheduling Order of November 2009, and as subsequently amended, required Lawson to make a full disclosure of all bases for its invalidity defenses.  Pretrial Schedule A of the Scheduling Order provides in pertinent part:

> 3.     By December 8, 2009, the Defendant shall file an initial statement identifying each of its invalidity defenses with specificity and such statement shall also *include a list of all prior art on which it relies, including a citation by Bates number of any documents produced relating to each such prior art reference, and a complete and detailed explanation of what it alleges that each listed prior art reference shows in claim chart form on an element-by-element, claim-by-claim basis and how that prior art invalidates the claims asserted by plaintiff.*

Exhibit A, Pretrial Schedule A, § J(3) (emphasis added).

Lawson's identification of its invalidity theories was a critical aspect of narrowing the issues for trial in this case, and ensuring that the trial would not become an instance of litigation by ambush.  Further, the Court's requirement that Lawson disclose and limit its invalidity allegations was commensurate with requirements the Court imposed on *e*Plus.  Although *e*Plus believed that Lawson infringed all 79 claims of the three patents-in-suit, the Court directed *e*Plus to focus its allegations of infringement, suggesting it limit its asserted claims in the case.

Similarly, at the Status Conference held nearly six months ago on November 13, the Court urged

Lawson to do likewise in order that the proceedings would be streamlined and efficient:

> THE COURT:  When are you going to be prepared to fish or cut bait about – you
> have done all this stuff for the patent re-exam, why can't you do it?
>
> MR. McDONALD:  We can.
>
> THE COURT:  Well, do it.
>
> MR. McDONALD:  I thought we had already done – what we have done is 78
> specific, we have have filed re-exams.  There are some other prior art.  We chose
> another 32 pieces of prior art.  They said you haven't charged those out yet.  I
> don't think if the patent office, the judge and jury don't buy prior art one through
> eight, I'm pretty sure they won't buy number nine.  I mean *by Monday I will
> figure out, whether I have a number nine or ten.*  You know, number eleven
> there is no point to it.
>
> THE COURT:  All right.  This is Friday.  I don't know it can be done by Monday.
>
> MR. McDONALD:  I got excited.
>
> THE COURT:  To do it right, I don't want you to say you forgot it.
>
> MR. McDONALD:  Next week is reasonable.  I think we basically will say we
> will stick with what we have got.
>
> THE COURT:  All right.  Then you will provide all of your prior art invalidity
> positions by next week.

Exhibit B, Hearing Trans. of Nov. 13, 2009, at 33:20 – 34:21 (emphasis added).

ePlus complied, limiting its asserted claims to 13.  Apparently Lawson did not hear the

same message.  Lawson subsequently served its invalidity contentions pursuant to the Court's

Scheduling Order.  Pursuant to conferences between counsel, Lawson supplemented those

contentions and served a Supplemental Initial Statement of Invalidity Defenses on December 23,

2010.  However, Lawson's invalidity contentions, even as supplemented, were seriously

deficient, as the Court observed at the March 26, 2010 conference in this matter.  Rather than

focus on "seven or eight" references, the disclosure included dozens.  As the Court stated:

THE COURT:  Look, you, Mr. McDonald, have gone hog wild and crazy with these references, and they are inadequate.  They just are.  I've never seen any prior art references, alleged invalidity references, as crazy as this.

You're just going to have to pick --

MR. McDONALD:  Well, Your Honor --

THE COURT:  Wait a minute, Mr. McDonald.  **You told me you were going to have seven or eight**, and I want you to do them like I said; claim-by-claim, element-by-element.  What is it that in the prior art invalidates it?  And then you take the page of the prior art, and not only do you write it out, you highlight it, and you hand it to them.

They don't have to answer anything until you start doing it right and until you cut down your references and make them specific.  It's not sufficient to tell somebody some saber system or some whatever it is.  I know that you said that you all gave them the page number, but that's not enough.  That doesn't do what I asked you to do.  You-all have complicated the case unnecessarily.

\*\*\*\*

THE COURT:  You came here and told me you were going to do a very few number of prior art references, and you come up with this general references, and I don't think you've done it right.

\*\*\*\*

THE COURT:  All right.  Now, I don't know if there's enough time in my lifetime and yours to try a case with 28 prior art references that are described as generally as these are and with 30-something different combinations that are as vague as these are.

So you-all are going to have to get yourself straight there or you're going to end up with no prior art defense.  That's what's going to happen to you.

So I suggest you work out a way to get that sorted out and focus on what's really at issue, get it on the table, and get it straightened out.  And I would suggest that, if I were you, **I'd do that immediately because you've got expert reports coming up, and your time is running on you-all**.

4

Exhibit C, Hearing Trans. of March 26, 2010, at 7:19 – 8:15; 9:14-17; 21:24 - 22:12 (emphasis added).[1]

In response to the Court's Order, two weeks later, on April 9, Lawson served its Second Supplemental Statement.  Exhibit D.[2]  With respect to defenses under Section 102 (anticipation), Lawson listed seven alleged prior art references that it asserted anticipated the asserted claims. *Id.* at 1-3.  Those seven references were:

- The "Fisher Scientific Requisition and Inventory Management System ('the Fisher RIMS system')";

- The '989 Patent;

- U.S. Patent No. 5,319,542;

- "P.O. Writer Plus V.10 as described in the P.O. Writer Plus Version 10 manual;"

- The "SABRE system as describe [sic] in 'A Practical Guide to SABRE Reservation and Ticketing' ('SABRE Practical Guide');"

- The "J-CON system as described in the 'J-CON Manual';"

- The "Gateway 2000/MRO Version as described in 'Gateway 2000/MRO Version, May 1991' ('the Gateway 2000/MRO Manual')."

Exhibit D at 1-4.

Defendant also listed four combinations of references that it asserted rendered the asserted claims obvious under Section 103, namely:

---

[1] The Court therefore ordered Lawson to file its Second Supplemental Statement in order to address these deficiencies and to state its invalidity defenses with specificity.  *See* Exhibit G, Order of March 29, 2010.

[2] Because the Court-Ordered Second Supplemental Statement exceeds 100 pages, *e*Plus has provided as an exhibit only the relevant portions thereof.  If the Court would like a complete copy, it will be provided immediately.

- The "Fisher RIMS system in combination with the IBM Technical Viewer/2 system and/or the IBM Technical Viewer/2, General Information Manual;"

- The "Fisher RIMS system in combination with U.S. Patent No. 4,992,940;"

- The J-CON system as described in the 'J-CON Manual' in combination with the '940 patent;"

- The J-CON system as described in the 'J-CON Manual' in combination with P.O. Writer Plus V.10 as described in the P.O. Writer Plus Version 10 manual."

Exhibit D at 4-5.

On April 29, the Court held another conference with the parties pertaining to Lawson's late identification of the third party witnesses whose testimony Lawson intends to introduce at trial in support of its invalidity defenses. Again, the Court expressly warned Lawson that it would not be permitted to rely at trial on invalidity defenses that were not disclosed and relied upon in its Court-Ordered Second Supplemental Statement:

> THE COURT: The Lawson 6.0 version is not in as prior art unless it was listed among the prior art that was filed on April 9th. Was it or wasn't it?
>
> MR. ROBERTSON: No, it wasn't, Your Honor.
>
> THE COURT: Well, that's that simple.
>
> MR. McDONALD: We dispute that, Your Honor. ***The document will speak for itself***. I understand you can't decide that now when we're both saying opposite things.
>
> THE COURT: I have to see more about it, but I can tell you one thing. If it's not in that answer, that disclosure, it's not coming in. I'll leave if for another day, a motion in limine to be dealt with or a motion later in connection with summary judgment or whatever I have to do to consider what it is the facts may be on that particular question, but the bottom line is if he wasn't told – if he wasn't – if that system wasn't disclosed, there's going to be no discussion about it. All right – as prior art. All right, what else? Anything else?.

Exhibit E, Hearing Trans. of April 29, 2010, at 24:12 - 25:4 (emphasis added).[3]

The document does indeed speak for itself.  Nowhere in it does it mention the Lawson 6.0 Version (or the 5.0 Version for that matter).  Counsel for *e*Plus has done a thorough page-by-page search (including a word search of the document).  ***It is not there***.  The Court can confirm this for itself, or better yet, Lawson should direct the Court to any references to it in the document.

On May 5, 2010 — one week after this colloquy — Lawson filed the Shamos Report, Lawson's expert report of invalidity.  Exhibit F.[4]  While the Shamos Report discusses and sets forth opinions of invalidity with respect to references and combinations that were disclosed in Lawson's Court-Ordered Second Supplemental Statement, Dr. Shamos also states opinions with respect to additional alleged prior art references that were not even mentioned, much less the basis for any invalidity opinion, in that Court-Ordered disclosure.  For example:

- Lawson's Dr. Shamos adds to the list of allegedly invalidating references U.S. Patent No. 5,694,551 (referred to as "Doyle '551") and opines that asserted claims are invalidated by that reference pursuant to Section 102(e).  Exhibit F at 26.

- Dr. Shamos relies upon the "Lawson V.5 system" as allegedly invalidating prior art pursuant to either Sections 102(a) or (b).  Exhibit F at 26; *see also id.* at 31-42 (discussing "Lawson's Prior Art Software").

- Dr. Shamos relies upon the "Lawson V. 6 system," and, in fact, lists three separate manuals allegedly pertaining to that system, all of which ostensibly provide four separate bases for invalidity under Section 102(a).  Exhibit F at 26; *see also id.* at 31-42 (discussing "Lawson's Prior Art Software").

---

[3] As shown by this colloquy, the Court's admonition was made in the context of the alleged Lawson 6.0 system, one of the very references that Lawson has now attempted to have Dr. Shamos opine with respect to, notwithstanding that Lawson did ***not*** include this reference in its Second Supplement Statement attached as Exhibit D.

[4] With the claim charts included, the Shamos Report exceeds several hundred pages and the spreadsheet format of the claim charts is cumbersome.  Accordingly, *e*Plus has submitted as an exhibit only those portions of the report relevant to this motion.  As cited *infra*, *e*Plus has also excerpted portions of the claim charts where Dr. Shamos cites to documents that were not identified in the Court-Ordered Second Supplemental Statement.

- In support of his invalidity opinions, Dr. Shamos relies upon and discusses extensively alleged prior art pertaining to Baxter Healthcare. Exhibit F at ¶¶ 114, 116, 220, 227. He also discusses alleged catalog databases and search engines referred to as DynaText, Guide, InnerView, and Prism. *Id.* at 42-43. None of these entities and/or products were discussed or relied upon in Lawson's Court-Ordered Second Supplemental Statement. [5]

- Dr. Shamos also relies upon additional documents relating to at least three alleged prior art systems, which documents were not disclosed as required in the Court-Ordered Second Supplemental Statement. Dr. Shamos also opines as to new theories of invalidity under Section 101.

## III.   ARGUMENT

### A.   Lawson's Report Of Dr. Shamos Relies On Alleged Prior Art And Invalidity Defenses Not Disclosed In Its Court-Ordered Second Supplemental Statement

In summary, Lawson has defied the Court's admonition that Lawson will be restricted to the alleged prior art references and invalidity theories set forth in its Court-Ordered invalidity disclosures that were served on April 9.

### 1.   The Doyle '551 Patent

Lawson's Court-Ordered Second Supplemental Statement nowhere mentions the Doyle '551 Patent. Dr. Shamos, however, relies upon this patent as the basis for an opinion of invalidity pursuant to Section 102(e). Exhibit F at 26; *see also* ¶¶ 242, 246 (opining that claimed features were present in Doyle '551 Patent).

### 2.   The Lawson "V.5 System."

Lawson's Court-Ordered Second Supplemental Statement nowhere mentions the "Lawson V.5 System." Dr. Shamos, however, relies upon this alleged system as the basis for invalidity defenses pursuant to Sections 102(a) or (b). Exhibit F at 26. Nearly twelve pages of Dr. Shamos's 76-page report are devoted to discussion of "Lawson's Prior Art Software" — Versions 5.0 and 6.0 — even though *no* Lawson software formed the basis for an invalidity

---

[5] Indeed, several of these references were not even produced by Lawson until just prior to the Shamos report, more than a week after the Court-Ordered Second Supplemental Statement.

defense in Lawson's Court-Ordered Second Supplemental Statement.  *See id.* at 31-42 (discussing "Lawson's Prior Art Software").

### 3.      The Lawson "V.6 System" and Related Manuals

Likewise, Lawson's Court-Ordered Second Supplemental Statement nowhere mentions the "Lawson V.6 System."  Again, however, Dr. Shamos relies upon the "Lawson V. 6 system," and also lists three separate manuals allegedly pertaining to that system, all of which Dr. Shamos purports to rely upon as bases for invalidity under Section 102(a).  *Id.* at 26.  As with the Lawson V.5 System, Dr. Shamos devotes considerable discussion to the alleged capabilities of the Lawson V.6 System.  *See id.* at 31-42.

### 4.      Baxter Healthcare

Lawson's Court-Ordered Second Supplemental Statement nowhere mentions Baxter Healthcare or any documents purportedly relating to that entity.  Dr. Shamos, however, relies upon and discusses alleged prior art originating from that entity.  *See id.* at ¶¶ 114, 116, 220, 227 (opining as to alleged Baxter Healthcare prior art and "ASAP Express electronic sourcing system").  Likewise, "ASAP Express" is nowhere mentioned in Lawson's Court-Ordered Second Supplemental Statement.

### 5.      DynaText, Guide, InnerView and Prism "Catalog Databases and Search Engines."

Defendant's Court-Ordered Second Supplemental Statement nowhere mentions alleged "catalog databases and search engines" of DynaText, Guide, InnerView, or Prism, or any documents purportedly relating to those products.  Dr. Shamos, however, devotes a section of his report to these products, opining that "[t]he prior art of catalog databases and database search engines is long and extensive.  As of the early 1990s, there were more than six different systems that would allow multiple catalogs to be loaded into a database with searching capabilities for

such catalogs." Exhibit F, ¶ 145. Dr. Shamos then opines that "[t]he following systems had similar functionality to TV/2, which was used in the preferred embodiment of the patents-in-suit." *Id.* at ¶ 146; *see also* ¶ 147 (discussing alleged functionality of DynaText); ¶ 148 (discussing alleged functionality of Guide); ¶ 149 (discussing alleged functionality of InnerView); ¶ 150 (discussing alleged functionality of Prism). After reviewing the alleged functionality of each of these, Dr. Shamos opines "[t]he above recitation of the state of the art as it existed before 1994 demonstrates a history of incrementally advancing procurement and requisition software products in response to increasing customer demands and as new, cheaper functionality became available on or for use with computers, such as increased storage capacity, increased speed, and more user-friendly interfaces." *Id.* at ¶ 151.

> **6.    New Allegations and Documents With Respect to J-Con, SABRE, and Gateway**

In addition, with respect to the so-called "systems" that Lawson relied upon as prior art in its Court-Ordered Second Supplemental Statement, Dr. Shamos has now relied upon and cited extensively additional documents that allegedly relate to and describe the functionality of those systems, ***which documents were nowhere cited in the Court-Ordered Second Supplemental Statement***. This is directly contrary to the Court's requirement that the Court-Ordered Second Supplemental Statement disclose ***exactly*** and with specificity the prior art documents and specific portions thereof that Lawson relies upon. *See supra,* Exhibit C, Hearing Trans. of March 26, 2010, at 8:4 – 8:13 ("THE COURT:  What is it that in the prior art invalidates it?  And then you take the page of the prior art, and not only do you write it out, you highlight it, and you hand it to them.  They don't have to answer anything until you start doing it right and until you cut down your references and make them specific.  It's not sufficient to tell somebody some

saber system or some whatever it is.  I know that you said that you all gave them the page number, but that's not enough.").

Thus, in the case of J-Con, the range of documents that Dr. Shamos now relies upon as evidence of the functionality of the "J-Con system" encompasses not only the two volumes of the J-Con manual cited in the Court-Ordered Second Supplemental Statement.  *See* Exhibit D at 3, 56-57 ("the J-CON system as described in the 'J-CON Manual.'").  Dr. Shamos' report also relies upon ***three additional manuals nowhere cited in the Court-Ordered Second Supplemental Statement***.  *See* Exhibit H at 1-3, 5, 7-8, 10-12, 14-16 (Shamos claim chart citations to PartFinder Manual (L0124889-125034), J-CON System User's Manual (L0124586-124888), and J-CON RDB Guide (L0125036-125221))[6]; Exhibit F, Shamos Report at 78.

Likewise, with respect to Gateway, Lawson's Court-Ordered Second Supplemental Statement cited only one document, the Gateway 2000/MRO Version – May 1991 (L0127603 – 127886).  Exhibit D at 3, 58.  Dr. Shamos now cites to ***four additional documents not disclosed in the Court-Ordered Second Supplemental Statement***, namely, the "TSA Gateway Purchasing Manual" (cited as L0127887-128208, and as SAP_2531534 – 2531855), the Gateway Product Manual (L0128367-128395), the Gateway Inventory Processes User Manual (Dec. 1993) (L0128209-128356/SAP2531856-2532003), and the "TSA Gateway System Management Manual" (cited as SAP_5000040 – 5000301).  *See* Exhibit H at 1-16; Exhibit F at 77.  With respect to SABRE, Dr. Shamos also relies on another document not disclosed or relied upon in Lawson's Court-Ordered Second Supplemental Statement, namely, "Reservations and Ticketing with SABRE" by Dennis L. Foster, (cited as L0125724-6046).  Exhibit H at 2, 14; Exhibit F at

---

[6] To be clear, Exhibit H is a document prepared by *e*Plus's counsel, derived from the claim charts in the Shamos Report.  The exhibit provides a cross-reference between the bates number that Dr. Shamos cites in his claim charts to with the name of the actual document or manual having that bates number.

79; *compare* Exhibit D (Court-Ordered Second Supplemental Statement) at 3, 49-56 (citing only "SABRE Practical Guide," L0125223-L0125713).

### 7.    New Invalidity Theories Under Section 101

Lawson's Shamos Report also asserts new theories of invalidity under Section 101. Although Lawson asserted invalidity under Section 101 in its Court-Ordered Second Supplemental Statement, that allegation was based on a contention that certain asserted claims are invalid under Section 101 because they "are directed to methods that neither are tied to a particular machine nor transform a particular article." Exhibit D at 120-25 (citing *In re Bilski*, 545 F.3d 943, 954 (Fed. Cir. 2008)). In the Shamos Report, however, Lawson now asserts a theory of Section 101 invalidity based on the contention that "[s]everal of the Asserted Claims are ***hybrid claims impermissibly mixing apparatus elements and method steps*** [that] thus do not fall within any classes of patentable subject matter under 35 U.S.C. § 101." Exhibit F at ¶ 72 (emphasis added); *see also id.* at ¶¶ 73-80. Lawson's Court-Ordered Second Supplemental Statement contained no discussion of improper "hybrid" claims or "impermissible mixing" of apparatus and method steps.

### B.    ePlus Is Unfairly Prejudiced By Lawson's Late Disclosure of Invalidity Defenses

Respectfully, the Court should not tolerate Lawson's late disclosure in light of the facts of this case. Lawson was required to disclose its invalidity contentions six months ago. Further, the Court made crystal clear at the March 26 conference that defenses not set forth in the Court-Ordered Second Supplemental Statement would not be permitted. Lawson served that Second Supplemental Statement on April 9, without even mentioning the alleged prior art references that are the subject of this motion. Yet Lawson now asserts, via Dr. Shamos, that two versions ***of its own systems*** and manuals relating thereto serve as the basis for invalidity. Clearly, there is no

12

reason why Lawson should not, while making its Court-Ordered Second Supplemental Statement, have disclosed whether it was relying on its own systems as prior art. Neither is there a tenable basis for Lawson to argue that any of the other prior art references or invalidity theories Dr. Shamos discusses could not have been disclosed by Lawson with its Court-Ordered Second Supplemental Statement.

*e*Plus is seriously prejudiced by this belated disclosure, which significantly alters and adds to Lawson's allegations of patent invalidity. As a result, *e*Plus will likely be denied the opportunity to take discovery prior to the close of fact discovery, or focus its experts' analysis on the alleged invalidity theories that now form the basis for Lawson's defenses. With the discovery period coming to a close, the parties are already consumed with depositions of several late-identified witnesses pertaining to, *inter alia,* prior art that Lawson actually did disclose in its Court-Ordered Second Supplemental Statement.

Moreover, *e*Plus's validity rebuttal report is now due on June 9. Again, because of Lawson's late identification of third party witnesses, *e*Plus is scrambling to cover depositions of third party witnesses pertaining to the alleged prior art that Lawson actually did rely upon when making its Court-Ordered Second Supplemental Statement.[7] *e*Plus should not at this late hour be required to address new prior art references and invalidity theories that Lawson deliberately decided to leave out of its Court-Ordered Second Supplemental Statement, particularly when the Court quite clearly stated that document would limit Lawson's defenses at trial.

It is well-settled that a party's failure to abide by Court scheduling deadlines may result in the exclusion of testimony pursuant to Fed. R. Civ. P. 16(f) and 37(c). *See, e.g., Southern*

---

[7] In addition, by *e*Plus's conservative estimate, Lawson has produced more than 20,000 pages of documents over the past two weeks — some pertaining to the upcoming depositions, others of which pertain to depositions already taken — all of which *e*Plus must review during this same time period.

*States Rack and Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 599 (4th Cir. 2003);

*Rambus, Inc. v. Infineon Technologies AG,* 145 F. Supp.2d 721 (E.D. Va. 2001); *see also* Fed. R.

Civ. P. 37(b)(2)(A)(i – iii) (failure to obey order to provide or permit discovery may result in

orders providing, *inter alia,* that "designated facts be taken as established," "striking pleadings in

whole or in part," or "prohibiting the disobedient party from supporting or opposing designated

claims or defenses, or from introducing designated matters in evidence.").  As one district court

has stated in excluding alleged prior art disclosed for the first time in supplemental answers to

interrogatories served after the close of discovery:

> [I]f scheduling orders are to serve any meaningful purpose, it is a proper exercise
> of [the Court's] discretion to prevent trial by ambush and to ensure that all parties
> have an ample opportunity to prepare their case for the scheduled trial date.
> Responsible case management by a Court requires no less.

*ADC Telecomm., Inc. v. Thomas & Betts Corp.*, 2001 W.L. 1381098, **4-5 (D. Minn. Oct. 18,

2001).

Moreover, it is no answer for Lawson to say, as it has suggested, that the new references

discussed by Dr. Shamos are merely "background" for the purpose of explaining the state of the

art.  First, it is quite clear that Dr. Shamos is expressing an opinion that the Lawson systems and

the Doyle '551 Patent are invalidating references.  Exhibit F at 26.  Second, if the new references

do not pertain to invalidity, they have no place in the "Report of Expert Michael I. Shamos,

Ph.D., J.D. ***Concerning Invalidity***."  *See id.* at ¶ 8 ("I have been asked by counsel for Lawson to

offer an expert opinion on the validity of a total of 13 claims which I understand ePlus has

chosen to assert in this case ….").

Third, Lawson should not be permitted to circumvent the Court's clear requirement that

Lawson disclose the complete bases for invalidity defenses, by characterizing the evidence as

mere background of the state of the art.  *See* Exhibit E, Hearing Trans. of April 29, 2010, at 15:3-

14

4 (Lawson's counsel arguing that Lawson system is "relevant to give the scope and contents of the prior art").  As one district court commented in excluding such evidence, ***"[the accused infringer] cannot adroitly evade the requirements of the Scheduling Order to show how prior art invalidates the claims asserted by [the patentee] simply by labeling something as offered for the purpose of showing the level of skill in the art, because it is precisely such information about the level of skill in the art that would be relevant to show how prior art invalidates the claims asserted by [the patentee].***"  *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,* 255 F.R.D. 645, 650 (N.D. Iowa 2009) (emphasis added).  As *e*Plus's counsel argued at the April 29 conference with the Court, that is exactly what Lawson is attempting to do here in order to excuse its non-compliance with the Court's disclosure requirements.  Exhibit E, Hearing Trans. of April 29, 2010, at 12:7-17 (*e*Plus's counsel arguing that "[the Lawson system is] not in the court-ordered invalidity contentions, and we just think this is an argument to an end-around of the Court's order.").[8]

The consequences of Lawson's belated disclosure are clear: because Lawson chose not to rely upon these prior art references and invalidity theories in its Second Supplemental Statement, it should not be permitted to present these defenses at trial.  Indeed, the Court has already so stated, and provided Lawson with more than ample warning of the consequence.  As the Court observed:  it's "that simple."

---

[8] Indeed, as shown by the attached letter from Lawson's counsel dated two days after service of the Shamos Report, there is no mistaking that Lawson intends to use these references as prior art in support of its invalidity allegations.  *See* Exhibit I (letter of May 7, 2010) at 2 ("As we have informed you on multiple occasions, the [Lawson Version 6] system is relevant on numerous issues, including but not limited to: … obviousness (the scope and content of the prior art) ….").  The use of such documents to establish the scope and content of the prior art is clearly designed to support Lawson's invalidity defenses, as this is one of the factors to be considered for obviousness under Section 103.  *See Graham v. John Deere Co.,* 383 U.S. 1, 17-18 (1966).

## IV.    CONCLUSION

*e*Plus therefore respectfully requests that the Court rule that the above-cited portions of the Shamos Report be deemed stricken, and that Lawson's defenses pertaining to those opinions be excluded from the trial of this action.

Respectfully submitted,

*e*Plus inc.

By Counsel

May 14, 2010

_____/s/_____
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231
lshiferman@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus inc.

17

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2010, I will electronically file the foregoing

**PLAINTIFF ePLUS, INC.'S BRIEF IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANT'S EXPERT REPORT AND EXCLUDE FROM TRIAL ALLEGED PRIOR ART AND INVALIDITY ARGUMENTS NOT DISCLOSED IN DEFENDANT'S COURT-ORDERED INVALIDITY CONTENTIONS**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
*Counsel for Defendant Lawson Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

_____/s/_____
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com