# EXHIBIT C

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
 2                      RICHMOND DIVISION

 3  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                      :
 4   ePLUS, INC.,                     :
                                      :
 5                  Plaintiff,        :
     v.                               : Civil Action
 6                                    : No. 3:09CV620
    LAWSON SOFTWARE, INC.,            :
 7                                    : March 26, 2010
                    Defendant.        :
 8  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:

 9

10

11         COMPLETE TRANSCRIPT OF CONFERENCE CALL
             BEFORE THE HONORABLE ROBERT E. PAYNE
12               UNITED STATES DISTRICT JUDGE

13

14

15   APPEARANCES: (All via telephone)

16   Scott L. Robertson, Esq.
     GOODWIN PROCTER
17   901 New York Avenue, NW
     Washington, D.C.   20001
18
     Craig T. Merritt, Esq.
19   Henry I. Willett, III, Esq.
     CHRISTIAN & BARTON
20   909 E. Main Street, Suite 1200
     Richmond, VA   23219-3095
21
              Counsel for the plaintiff ePlus
22

23
                    DIANE J. DAFFRON, RPR
24                 OFFICIAL COURT REPORTER
                 UNITED STATES DISTRICT COURT
25
```

1           If you look at the permutations alone, Your
2  Honor, we're talking literally tens of thousands of
3  different permutations where I'm supposed to figure
4  out what they mean by a so-called system, what they
5  are specifically referencing it to.  Are they
6  intending on bringing third party witnesses to enhance
7  and embellish on what the system is?  I've been asking
8  that for months because I want to depose any third
9  parties, but they have never told me.
10          When they lump something together and say
11  then it renders it invalid under 102/103, and then
12  have a laundry list of about nine separate references,
13  what am I to infer from that?
14          THE COURT:  What you're supposed to do is
15  object that they haven't complied with the Court order
16  and tell them that they haven't.  And then if they
17  don't comply, bring it to the Court for decision on
18  that front instead of arguing about it.
19          Look, you, Mr. McDonald, have gone hog wild
20  and crazy with these references, and they are
21  inadequate.  They just are.  I've never seen any prior
22  art references, alleged invalidity references, as
23  crazy as this.
24          You're just going to have to pick --
25          MR. McDONALD:  Well, Your Honor --

1            THE COURT: Wait a minute, Mr. McDonald. You
2    told me you were going to have seven or eight, and I
3    want you to do them like I said; claim-by-claim,
4    element-by-element. What is it that in the prior art
5    invalidates it? And then you take the page of the
6    prior art, and not only do you write it out, you
7    highlight it, and you hand it to them.
8            They don't have to answer anything until you
9    start doing it right and until you cut down your
10   references and make them specific. It's not
11   sufficient to tell somebody some saber system or some
12   whatever it is. I know that you said that you all
13   gave them the page number, but that's not enough.
14   That doesn't do what I asked you to do. You-all have
15   complicated the case unnecessarily.
16           MR. McDONALD: Beyond the page number, I put
17   the tabs in, Your Honor, which is more specific than
18   page number. We have column and line references
19   specifically to the tab.
20           THE COURT: But you didn't do it on a
21   claim-by-claim, element-by-element basis.
22           MR. McDONALD: That's Exhibit A, Your Honor,
23   to what we provided to you. It's a copy of our
24   invalidity contentions. And that's exactly what we
25   did. We have examples in there. We provided excerpts

1   of the 117 pages of charts where we did go
2   element-by-element, claim-by-claim, and page and
3   column, and line number by line number.
4           Yes, there are some references to saber
5   system.  That's true.  But what we have asked for in
6   this motion --
7           THE COURT:  Well, you're not going to get
8   anything else.  Okay?  Until you straighten yourself
9   out, you're not getting anything else.  That's the end
10  of it.  I'm denying your motion because I think
11  you-all have gone off the deep end, and you-all have
12  not gotten this thing organized the way it needs to
13  get organized.
14          You came here and told me you were going to
15  do a very few number of prior art references, and you
16  come up with this general references, and I don't
17  think you've done it right.
18          Now, the next issue.
19          MR. ROBERTSON:  This is Scott Robinson.  They
20  are insisting that we apply our infringement analysis
21  to a proposed claim construction.  And they haven't
22  done that with respect to the invalidity issues.  I
23  don't care if they use their claim construction or our
24  claim construction or both, but I think it should be
25  references --

1  Mr. Robertson is asking us to do.
2          THE COURT:  When were these interrogatories
3  filed, Mr. Robertson?
4          MR. ROBERTSON:  I believe -- I think it
5  was -- I'm not sure, Your Honor.  I think it was
6  October of 2009.  It's been several months.
7          THE COURT:  Well, it's too late to be asking
8  that.  If you didn't understand that word, you should
9  have asked about that back a long time ago.  Answer
10 the interrogatory.
11         I, frankly, don't understand how it is a
12 defense to infringement to say you sold Payne
13 something, but Payne didn't use all of it.  If you
14 sold it to me, that's an infringement, it seems to me.
15 So I don't really understand the issue, but you-all
16 know enough and you can use the dictionaries to get
17 your definitions.  Answer it.
18         All right.  That takes care of everything
19 that you all have got pending right know, doesn't it?
20         MR. ROBERTSON:  Well, Your Honor, we had one
21 issue with respect to non-infringement contentions,
22 but I think we can work that out with Lawson.
23         THE COURT:  Good.  That will be good.
24         All right.  Now, I don't know if there's
25 enough time in my lifetime and yours to try a case

1   with 28 prior art references that are described as
2   generally as these are and with 30-something different
3   combinations that are as vague as these are.
4           So you-all are going to have to get yourself
5   straight there or you're going to end up with no prior
6   art defense.  That's what's going to happen to you.
7           So I suggest you work out a way to get that
8   sorted out and focus on what's really at issue, get it
9   on the table, and get it straightened out.  And I
10  would suggest that, if I were you, I'd do that
11  immediately because you've got expert reports coming
12  up, and your time is running on you-all.
13          Mr. Robertson, have you given any more
14  thought to narrowing your claims further now that
15  discovery has been underway?
16          MR. ROBERTSON:  I'll certainly give it some
17  thought, Your Honor.  I think many of the elements are
18  similar in the different claims.  So I've never had a
19  problem putting on an infringement case before in less
20  than two and a half days.
21          Quite frankly, Judge, with the Markman ruling
22  still out there, it's hard for me to make an informed
23  decision.  I'm not faulting the Court.  Obviously, the
24  parties are working diligently to try to get you the
25  information we need, but that's where I find myself,