# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

|  |  |  |
|---|---|---|
| *e*PLUS, INC., | **)** | |
| | **)** | |
| | **)** | Civil Action No. 3:09-cv-620 |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | |
| | **)** | |
| LAWSON SOFTWARE, INC. | **)** | |
| | **)** | |
| | **)** | |
| Defendant. | **)** | |

**DEFENDANT LAWSON SOFTWARE, INC.'S
SECOND SUPPLEMENTAL INITIAL STATEMENT OF INVALIDITY DEFENSES**

Defendant Lawson Software, Inc. ("Lawson"), by counsel and in accordance with Section V(J)(3) of Pretrial Schedule A to the Court's Scheduling Order (Dkt. 121-2) and the Court's Order of March 30, 2010, hereby submits its initial statement of invalidity defenses.  Lawson contends that all claims of the patents-in-suit asserted by Plaintiff ePlus, Inc. ("ePlus") are invalid under 35 U.S.C. § 102 and § 103 based on the prior art as set forth in detail below. Lawson also contends that the asserted claims are invalid under 35 U.S.C. § 101 as directed to non-statutory subject  matter, under 35 U.S.C. § 112 ¶ 1 as non-enabled and as failing the written description requirement, and under 35 U.S.C. §112 ¶ 2 as  indefinite, all as set forth in detail below.

**I.     Invalidity under 35 U.S.C. §102 and § 103 Based on the Prior Art References**

Lawson is asserting the following prior art references anticipate the asserted claims:

1.     The Fisher Scientific Requisition and Inventory Management System ("the Fisher RIMS system");

1

- Lawson intends to rely on witness testimony and the following documentary evidence to prove that the Fisher RIMS System is prior art that anticipated the asserted claims:

  - U.S. Patent No. 5,712,989 ("the '989 patent"), which describes the RIMS System that was known and used by others before the date of invention and on sale and in public use before the critical date. The '989 patent is labeled with Bates numbers ePLUS0137677–ePLUS0137718;

  - Fisher RIMS brochure labeled with Bates numbers L0260595-0260606;

  - Fisher RIMS Trademark Application labeled with Bates numbers L0260589-L0260594;

  - Fisher annual reports from 1992, 1993, 1994, found at Kinross Dep. Ex. 4 and attached hereto (Bates numbered copy to be provided);

- Lawson is asserting that the Fisher RIMS system is prior art under 35 U.S.C. § 102(a) because it was known and used by others in this country before the invention thereof by the applicant for patent.  Lawson is additionally asserting the Fisher RIMS system is prior art under 35 U.S.C. §102(b) because it was on sale and in public use in this country more than one year before the filing dates of the patents in suit.

2.    The '989 patent:

- Lawson is asserting that the '989 patent is prior art under 35 U.S.C. § 102(e) as being described in a patent granted on an application for patent by another in the United States before the invention by applicant for patent, and as ePlus admitted prior art;

3.    U.S. Patent No. 5,319,542 ("the '542 patent");

- The '542 patent is labeled with Bates numbers ePLUS0130297–ePLUS0130307;

- Lawson is asserting this reference under 35 U.S.C. § 102(a) as patented in this country before the invention thereof by the applicant for patent, and under 35 U.S.C. § 102(e) as being described in a patent granted on an application for patent by another in the United States before the invention by applicant for patent;

4.    P.O. Writer Plus V.10 as described in the P.O. Writer Plus Version 10 manual;

2

- Lawson intends to rely on witness testimony and the following documentary evidence to prove that the P.O. Writer Plus V.10 is prior art that anticipated the asserted claims:  The P.O. Writer Plus Version 10 manual is labeled with Bates numbers L0126155–L0127601;

- Lawson is asserting the P.O. Writer Plus V.10 qualifies as prior art under 35 U.S.C. § 102(b) as in public use and on sale in this country more than one year prior to the date of the application for patent in the United States;

- Additionally, the IBM P.O. Writer Plus Version 10 manual qualifies as prior art under 35 U.S.C. §102(b) as a printed publication more than more than one year prior to the date of the application for patent in the United States;

5.      The SABRE system as describe in "A Practical Guide to SABRE Reservation and Ticketing" ("SABRE Practical Guide");

- The SABRE Practical Guide is labeled with Bates numbers L0125223–L0125713;

- Lawson is asserting this reference under 35 U.S.C. § 102(a) as being described in a printed publication in this country before the invention thereof by the applicant, and under 35 U.S.C. § 102(b) as described in a printed publication in this country more than one year prior to the date of the application for patent in the United States;

6.      The J-CON system as described in the "J-CON Manual";

- Lawson intends to rely on witness testimony and the following documentary evidence to prove that the J-CON system is prior art that anticipated the asserted claims:  The J-CON Manual is labeled with Bates numbers L0123414–L0124584;

- Lawson is asserting J-CON system qualifies as prior art under under 35 U.S.C. § 102(b) as in public use and on sale in this country more than one year prior to the date of the application for patent in the United States;

- Additionally, the J-CON Manual qualifies as prior art under 35 U.S.C. §102(a) as a printed publication more than more than one year prior to the date of the application for patent in the United States;

7.      The Gateway 2000/MRO Version as described in "Gateway 2000/MRO Version, May 1991" ("the Gateway 2000/MRO Manual");

- Lawson intends to rely on witness testimony and the following documentary evidence to prove that the Gateway 2000/MRO Version is prior art that anticipated the asserted claims:  The Gateway 2000/MRO Manual is labeled with Bates numbers L0127603–L0127886;

3

- Lawson is asserting Gateway 2000/MRO Version qualifies as prior art under 35 U.S.C. § 102(b) as in public use and on sale more than one year prior to the date of the application for patent in the United States;

- Additionally, the Gateway 2000/MRO Manual qualifies as prior art under 35 U.S.C. §§102(a) and (b) as a printed publication before the invention date and more than more than one year prior to the date of the application for patent in the United States;

Lawson is also asserting the following combination prior art references render obvious the

asserted claims:

8.    The Fisher RIMS system in combination with the IBM Technical Viewer/2 system ("IBM TV/2 system") and/or the IBM Technical Viewer/2, General Information Manual:

- In addition to the foregoing, Lawson intends to rely on witness testimony and the following documentary  evidence to prove that the TV/2 system is prior art that, in combination with the Fisher RIMS system, renders obvious the asserted claims:

  o 5799-IBM Technical Viewer/2 are labeled with Bates number ePLUS0210933-ePLUS0210938;

  o the IBM Technical Viewer/2, General Information Manual is labeled with Bates numbers L0132122–L0132130;

  o the IBM Technical Viewer/2 brochure is labeled with Bates numbers L0132131–L0132134;

- The IBM TV/2 system qualifies as prior art qualifies as prior art under 35 U.S.C. 102(b) as on sale and in public use more than more than one year prior to the date of the application for patent in the United States., and as ePlus admitted prior art;

- Additionally, the IBM Technical Viewer/2, General Information Manual qualifies as prior art under 35 U.S.C. §102(b) as a printed publication more than more than one year prior to the date of the application for patent in the United States., and as ePlus admitted prior art;

- Lawson is asserting this combination of prior art under 35 U.S.C. § 103;

9.    The Fisher RIMS system in combination with U.S. Patent No. 4,992,940 ("the '940 patent" or "the Dworkin patent");

- The '940 patent is labeled with Bates numbers L0132122–L0132130 and L0260625-640;

- The '940 patent is prior art under 35 U.S.C. §102(a) as a printed publication or patent before the invention thereof by the applicant, under §102(b) as patented or described in a printed publication more than one year before the date of application for patent in the United States;

  - Lawson is asserting this combination of references under 35 U.S.C. § 103;

10.   The J-CON system as described in the "J-CON Manual" in combination with the '940 patent;

  - Lawson is asserting this combination of references under 35 U.S.C. § 103;

11.   The J-CON system as described in the "J-CON Manual" in combination with P.O. Writer Plus V.10 as described in the P.O. Writer Plus Version 10 manual;

  - Lawson is asserting this combination of references under 35 U.S.C. § 103;

The following sections specifically describe how these references and combination of references invalidate the asserted claims of U.S. Patent Nos. 6,023, 683 ("the '683 patent), 6,055,516 ("the '516 patent"), and 6,505,172 ("the '172 patent) (collectively, "the patents-in-suit") under 35 U.S.C. § 102 and/or § 103.

**A.      The Fisher RIMS System and U.S. Patent No. 5,712,989**

Lawson is asserting that the Fisher RIMS system as described in the '989 patent, the RIMS trademark application, and the RIMS brochure anticipates claims 3, 6, 26, 28, and 29 of the '683 patent, claims 1, 2, 6, 9, 21, 22, and 29 of the '516 patent, and claims, and claim 1 of '172 patent under 35 U.S.C. § 102(a) because it was known in this country before the invention thereof by the applicant for patent, under 35 U.S.C. §102(b) and was on sale and in public use in this country more than one year before the filing dates of the patents in suit.  Additionally the '989 patent qualifies as prior art under 35 U.S.C. § 102(e) as being described in a patent granted on an application for patent by another in the United States before the invention by applicant for patent, and as ePlus admitted prior art.

5

| | |
|---|---|
| a second catalog from a predetermined third party that is one of a manufacturer and a competing vendor, said predetermined third party selling items corresponding to items in said vendor catalog; and | |
| a search program, said search program relying on said second set of criteria to select specific items from said catalogs determined from said catalog selection protocol. | The P.O. Writer system enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525). |
| 6. An electronic sourcing system as recited in claim 1, wherein said second set of predetermined criteria includes at least one of a catalog number and item textual information. | The P.O. Writer system enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525). The P.O. Writer system anticipates claim 6. |

### D.    The SABRE System as Describe in "A Practical Guide to SABRE Reservation and Ticketing"

Lawson is asserting the SABRE system as describe in the SABRE Practical Guide (produced bearing Bates labels L0125223–L0125713) invalidates claims 3, 6, 26, 28, and 29 of the '683 patent and claims 1, 6, 9, and 29 of the '516 patent under 35 U.S.C. § 102(b) as described in a printed publication in this country more than one year prior to the date of the application for patent in the United States.  The SABRE Practical Guide bears a copyright date of 1992, at least ten months prior to the filing date of the application for the '683 patent. (L0125222.)

The following claim chart shows on an element-by-element, claim-by-claim basis how and where the SABRE system as described in the SABRE Practical Guide discloses the elements of the asserted claims.

| U.S. Patent No. 6,023,683 | |
| --- | --- |
| **Claims** | **SABRE System as Describe in "A Practical Guide to SABRE Reservation and Ticketing"** |
| 3. An electronic sourcing system comprising: | The SABRE system is an electronic sourcing system. (L0125236). |
| at least two product catalogs containing data relating to items associated with the respective sources; | The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236). |
| means for selecting the product catalogs to search; | The SABRE system discloses "means for selecting the product catalogs to search," under ePlus's proposed construction of that phrase.  The SABRE system enabled a user to requests availability information about a specific carrier by entering one or more airlines.  (L0125283 & L0125285.) |
| means for searching for matching items among the selected product catalogs; | The SABRE system discloses "means for searching for matching items among the selected product catalogs," under ePlus's proposed construction of that phrase.  The SABRE system enabled a user to requests availability information about a specific carrier by entering one or more airlines.  (L0125283 & L0125285.)  The availability of the one or more airlines was then displayed.  (L0125285-86.) |
| means for building a requisition using data relating to selected matching items and their associated source(s); | The SABRE system discloses "means for building a requisition using data relating to selected matching items and their associated source(s)," under ePlus's proposed construction of the that phrase.  The SABRE system enabled a user to requests availability information about a specific carrier by entering one or more airlines.  (L0125283 & L0125285.)  The availability of the one or more airlines was then displayed.  (L0125285-86.)  User selected flights to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125255). |
| means for processing the requisition to generate one or more purchase orders for the selected matching | The SABRE system discloses "means for processing the requisition to generate one or more purchase orders for the selected matching items," under ePlus's proposed construction of that phrase.  After the requisition (PNR) is complete, the user |

| items; and | press E to end the transaction.  The system processes the requisition (PNR) for completeness and changes its status from "available for sale" to "hold for confirmation.  (L0125307). |
|---|---|
| means for converting data related to a selected matching item and an associated source to data relating to an item and a different source. | The SABRE system discloses "means for converting data related to a selected matching item and an associated source to data relating to an item and a different source." Under ePlus's proposed construction of that phrase.  The system creates a list of items having similar criteria to the selected item. (L0125296). With one entry, a user may cancel a flight and rebook another, replacing the original flight with a different one. (L0125394.) |
| 6. An electronic sourcing system comprising: | The SABRE system is an electronic sourcing system. (L0125236). |
| a database containing data relating to items associated with at least two sources; | The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236. |
| means for searching for matching items in the database; | The SABRE system discloses "means for searching for matching items in the database," under ePlus's proposed construction of that phrase.  The SABRE system enabled a user to requests availability information about a specific carrier by entering one or more airlines.  (L0125283 & L0125285.)  The availability of the one or more airlines was then displayed.  (L0125285-86.) |
| means for building a requisition using data relating to selected matching items and their associated source(s); | The SABRE system discloses "means for building a requisition using data relating to selected matching items and their associated source(s)," under ePlus's proposed construction of the that phrase.  The SABRE system enabled a user to requests availability information about a specific carrier by entering one or more airlines.  (L0125283 & L0125285.)  The availability of the one or more airlines was then displayed.  (L0125285-86.) User selected flights to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125255). |
| means for processing the requisition to generate one or more purchase orders for the selected matching items; and | The SABRE system discloses "means for processing the requisition to generate one or more purchase orders for the selected matching items," under ePlus's proposed construction of that phrase.  After the requisition (PNR) is complete, the user press E to end the transaction.  The system processes the requisition (PNR) for completeness and changes its status from "available for sale" to "hold for confirmation.  (L0125307). |
| means for converting data relating to a selected | The SABRE system discloses "means for converting data related to a selected matching item and an associated source to data |

| | |
|---|---|
| matching item and an associated source to data relating to an item and a different source. | relating to an item and a different source." Under ePlus's proposed construction of that phrase. The system creates a list of items having similar criteria to the selected item. (L0125296). With one entry, a user may cancel a flight and rebook another, replacing the original flight with a different one. (L0125394.) |
| 26. A method comprising the steps of: | |
| maintaining at least two products catalogs on a database containing data relating to items associated with the respective sources; | The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236). |
| selecting the product catalogs to search; | The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285). |
| searching for matching items among the selected product catalogs; | The SABRE system enabled a user to search for items using various criteria.  (L0125267, L0125276, L0125283 & L0125287). |
| building a requisition using data relating to selected matching items and their associated sources; | The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125235-45). |
| processing the requisition to generate one or more purchase orders for the selected matching items; and | The SABRE system processed a requisition (PNR) for completeness and released it for sale.  (L0125307). |
| determining whether a selected matching item is available in inventory. | The SABRE system enabled a user to determine the availability of flights.   (L0125267). |
| 28. A method comprising the steps of: | |
| maintaining at least two product catalogs on a database containing data relating to items associated with the respective sources; | The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236). |
| selecting the product | The SABRE system enabled a user to select one or more |

| catalogs to search; | specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285). |
|---|---|
| searching for matching items among the selected product catalogs; | The SABRE system enabled a user to search for items using various criteria.  (L0125267, L0125276, L0125283 & L0125287). |
| building a requisition using data relating to selected matching items and their associated source(s); | The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR).  (L0125235-45). |
| processing the requisition to generate one or more purchase orders for the selected matching items; and | The SABRE system processed a requisition (PNR) for completeness and released it for sale.  (L0125307). |
| converting data relating to a selected matching item and an associated source to data relating to an item and a different source. | The SABRE system created a list of items having similar criteria to the selected item.  (L0125296). |
| 29. The method of claim 28 further comprising the step of determining whether a selected matching item is available in inventory. | The SABRE system enabled a user to determine the availability of flights.   (L0125267). |

| U.S. Patent No. 6,055,516 | |
|---|---|
| **Claims** | **SABRE System as Describe in "A Practical Guide to SABRE Reservation and Ticketing"** |
| 1. An electronic sourcing system comprising: | The SABRE system is an electronic sourcing system. (L0125236). |
| a collection of catalogs of items stored in an electronic format; | The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236). |
| a first set of pre- | The SABRE system associated database portions with different |

| | |
|---|---|
| determined criteria associated with said collection of catalogs; | criteria.  For example, specific portions of the airline flights database were associated with different airlines.  (L0125283). |
| a second set of pre-determined criteria associated with items from each of said catalogs; | The SABRE system associated items with various criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number.  (L0125295). |
| a catalog selection protocol, said catalog selection protocol relying on said first set of pre-determined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs, wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party that is one of a manufacturer and a competing vendor, said predetermined third party selling items corresponding to items in said vendor catalog; and | The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285). |
| a search program, said search program relying on said second set of criteria to select specific items from said catalogs determined from said catalog selection protocol. | The SABRE system enabled a user to search for items using various criteria.  (L0125267, L0125276, L0125283 & L0125287). |
| 6. An electronic sourcing system as recited in claim 1, wherein said second set of predetermined criteria includes at least one of a catalog number and item textual information. | The SABRE system associated items with various textual criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number. (L0125295). |

| | |
|---|---|
| 9. An electronic sourcing system comprising: | The SABRE system is an electronic sourcing system. (L0125236). |
| a collection of catalogs of items stored in an electronic format; | The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236). |
| a first identification code associated with a first item in a first catalog; | The SABRE system associated items with various criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number.  (L0125295). |
| a second identification code associated with a second item in a second catalog, said first item and said second item being generally equivalent, and wherein a selection of one identification code from one of said first and second catalogs provides the other identification code from the other of said catalogs. | The SABRE system created a list of items having similar criteria to the selected item.  (L0125296). |
| 29. An electronic sourcing system comprising: | The SABRE system is an electronic sourcing system. (L0125236). |
| a collection of catalogs of items stored in an electronic format; | The SABRE system had an electronic database to store data relating to items (e.g., flight segments) and associated sources (e.g., airlines).  (L0125236). |
| a first set of pre-determined criteria associated with said collection of catalogs; | The SABRE system associated database portions with different criteria.  For example, specific portions of the airline flights database were associated with different airlines.  (L0125283). |
| a second set of predetermined criteria associated with items from each of said catalogs; | The SABRE system associated items with various criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number.  (L0125295). |
| a catalog selection protocol, said catalog selection protocol relying on said first set of predetermined criteria to select less than said entire | The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285). |

| | |
|---|---|
| collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs, wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party; | |
| a search program, said search program relying on said second set of criteria to select specific items from said catalogs determined from said catalog selection protocol; and | The SABRE system enabled a user to search for items using various criteria.  (L0125267, L0125276, L0125283 & L0125287). |
| a cross-reference table linking a vendor item catalog number from said vendor catalog with an item catalog number from said predetermined third party. | The SABRE system created a table to cross-reference items. (L0125296). |

**E.     The J-CON system as described in the "J-CON Manual"**

Lawson is asserting the J-CON system as described in the J-Con manual (produced

bearing Bates labels L0123414–L0124584) invalidates claim 1 of the '683 patent under 35

U.S.C. § 102(a) as being described in a printed publication in this country before the invention

thereof by the applicant and under 35 U.S.C. § 102(b) as in public use and on sale in this country

more than one year prior to the date of the application for patent in the United States.

The J-CON systems is described in the J-CON manual.  (SAP Trial Tr. at 1798:2-10

(ePLUS0201425), 1812:1-24 (ePLUS0201429), 1821:3-14 (ePLUS0201431), 1830:2-17

(ePLUS0201433).)  The J-CON manual bears a date of April 1994, approximately six months before the filing date of the application for the '683 patent.  (L0123414.)  There is no evidence that the alleged invention of the patents-in-suit predates April 1994.

The J-CON systems described in the J-CON manual existed in 1992.  (SAP Trial Tr. at 1812:1-24 (ePLUS0201429).)  By 1993, several thousand auto stores had purchased and were using the J-CON system described in the J-CON manual.  (SAP Trial Tr. at 1835:9-19.)  Thus, the J-CON system described in the J-CON manual was publicly used and sold more than one year before the filing date of the application of the '683 patent.

The following claim chart shows on an element-by-element, claim-by-claim basis how and where the J-CON system as described in the J-CON manual discloses the elements of the asserted claims.

| U.S. Patent No. 6,023,683 | |
|---|---|
| **Claims** | **The J-CON system as described in the "J-CON Manual"** |
| 6. An electronic sourcing system comprising: | The J-CON system is an electronic sourcing system. (L0123423). |
| a database containing data relating to items associated with at least two sources; | The J-CON system includes a database of items from both primary and alternative manufacturers.  (L0123613). |
| means for searching for matching items in the database; | The J-CON system discloses "means for searching for matching items in the database," under ePlus's proposed construction of that phrase.  The system enables a user to enter a partial manufacturer or part number.  (L0123472.)  The system searches for all part that match the partial information.  (L0123473.)  If more than one matching part is found, the system displays all the matching parts.  (L0123473.) |
| means for building a requisition using data relating to selected matching items and their associated source(s); | The J-CON system discloses a "means for building a requisition using data relating to selected matching items and their associated source(s)." under ePlus's proposed construction of that phrase.  The system displays parts matching a search criteria.  (L0123473.)  The user may select a part and add the part number to a requisition (ticket).  (L0123606).  The user may |

| | |
|---|---|
| | add other parts or display all the parts chose up to that point. (L0123606). |
| means for processing the requisition to generate one or more purchase orders for the selected matching items; and | The J-CON system discloses "means for processing the requisition to generate one or more purchase orders for the selected matching items," under ePlus's proposed construction of that phrase.  When building a ticket, items are identified as requiring a special order.  (L0123608.)  The system allows the user to accept (release) and ticket.  (L0123495.)  The system could be configured to process purchase orders automatically or manually.  (L0123693-95.)  The item could be ordered from a primary, secondary, or occasional vendors.  (L0123693.) |
| means for converting data relating to a selected matching item and an associated source to data relating to an item and a different source. | The J-CON system discloses "means for converting data relating to a selected matching item and an associated source to data relating to an item and a different source," under ePlus's proposed construction of that phrase.  The J-CON system tracks "competitive parts" that match a selected item.  (L0123625-25).  The system will displays all possible matching competitive parts. (L0123625).  The competitive part may be selected be entering a quantity.  (L0123627).  A part may also be deleted from selection, and another part selected.  (L0123627). |

### F.    The Gateway 2000/MRO Version as Described in "Gateway 2000/MRO Version, May 1991"

Lawson is asserting the Gateway system as described in the Gateway manual (produced bearing Bates labels L0127603–L0127886) invalidates claim 26 of the '683 patent and claims 1 and 2 of the '516 patent under 35 U.S.C. § 102(b) as in public use, on sale, and described in a printed publication in this country more than one year prior to the date of the application for patent in the United States.  The Gateway system describe in the Gateway manual was in public use and on sale in May 1991, approximately three years and five months before the filing date of the application for the '683 patent.  (SAP Trial Tr. at 2218:10-14 (ePLUS0201533).)  The Gateway manual bears the date May 1991, the date it was published.  (SAP Trial Tr. at 2217:3-17 (ePLUS0201532).)

| matching items selected from the items returned from searching selected product catalogs and based on predetermined rules relating to user's preferences (*e.g.*, one purchase order to each distinct supplier referenced in the requisition); and structural equivalents thereof.]. | |
|---|---|

## II. Invalidity under 35 U.S.C. § 101 as Direct to Non-Statutory Subject Matter

Lawson contends that claims 26 and 28 of the '683 patent and claims 1, 2, 6, 9, and 21 of the '516 patent are invalid under 35 U.S.C. § 101 as directed to non-statutory subject matter. Specifically, those claims are directed to methods that neither are tied to a particular machine nor transform a particular article. In re Bilski, 545 F.3d 943, 954 (Fed. Cir. 2008).

The following claim chart shows on an element-by-element, claim-by-claim basis how the claims are directed to non-statutory subject matter.

| U.S. Patent No. 6,023,683 ||
|---|---|
| **Claims** | **35 U.S.C. § 101** |
| 26. A method comprising the steps of: | Claim 26 is directed to a process without any meaningful limitations directed to a particular machine or transformation of a particular article. |
| maintaining at least two products catalogs on a database containing data relating to items associated with the respective sources; | This limitation does not impose any meaningful machine limitations as "database" and "catalogs" are not necessarily an electronic compilation of data and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity. |
| selecting the product catalogs to search; | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| searching for matching | This limitation does not impose any meaningful machine |

| | |
|---|---|
| items among the selected product catalogs; | limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| building a requisition using data relating to selected matching items and their associated sources; | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| processing the requisition to generate one or more purchase orders for the selected matching items; and | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| determining whether a selected matching item is available in inventory. | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| 28. A method comprising the steps of: | Claim 28 is directed to a process without any meaningful limitations directed to a machine. |
| maintaining at least two product catalogs on a database containing data relating to items associated with the respective sources; | This limitation does not impose any meaningful machine limitations as "database" and "catalogs" are not necessarily an electronic compilation of data and, in any event, storage of an electronic compilation of data on a computer would be insignificant extra-solution activity. |
| selecting the product catalogs to search; | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| searching for matching items among the selected product catalogs; | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| building a requisition using data relating to selected matching items and their associated source(s); | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| processing the requisition to generate one or more purchase orders for the selected matching items; and | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| converting data relating to a selected matching item and an associated source to data relating to an item and | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |

| | |
|---|---|
| a different source. | |
| 29. The method of claim 28 further comprising the step of determining whether a selected matching item is available in inventory. | Claim 29 is directed to a process without any meaningful limitations directed to a machine. |

| U.S. Patent No. 6,055,516 ||
|---|---|
| **Claims** | **35 U.S.C. § 101** |
| 1. An electronic sourcing system comprising: | Claim 1 is directed to a process without any meaningful limitations directed to a machine. |
| a collection of catalogs of items stored in an electronic format; | This limitation does not impose any meaningful machine limitations as storage of electronic catalogs on a computer would be insignificant extra-solution activity. |
| a first set of pre-determined criteria associated with said collection of catalogs; | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| a second set of pre-determined criteria associated with items from each of said catalogs; | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| a catalog selection protocol, said catalog selection protocol relying on said first set of pre-determined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs, wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party that is one of a | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. A "protocol" is a set of step or rules and does not suggest any structure. |

| | |
|---|---|
| manufacturer and a competing vendor, said predetermined third party selling items corresponding to items in said vendor catalog; and | |
| a search program, said search program relying on said second set of criteria to select specific items from said catalogs determined from said catalog selection protocol. | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.  A "program" is a set of step or rules and does not suggest any structure. |
| 2. An electronic sourcing system as recited in claim 1, wherein catalogs comprising said collection of catalogs are stored in separate databases. | Claim 2 does not impose any meaningful machine limitations as storage of electronic catalogs on two computers would be insignificant extra-solution activity. |
| 6. An electronic sourcing system as recited in claim 1, wherein said second set of predetermined criteria includes at least one of a catalog number and item textual information. | Claim 6 is directed to a process without any meaningful limitations directed to a machine. |
| 9. An electronic sourcing system comprising: | Claim 9 is directed to a process without any meaningful limitations directed to a machine.  See below for a discussion of the individual elements. |
| a collection of catalogs of items stored in an electronic format; | This limitation does not impose any meaningful machine limitations as storage of electronic catalogs on a computer would be insignificant extra-solution activity. |
| a first identification code associated with a first item in a first catalog; | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| a second identification code associated with a second item in a second catalog, said first item and said second item being | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |

| | |
|---|---|
| generally equivalent, and wherein a selection of one identification code from one of said first and second catalogs provides the other identification code from the other of said catalogs. | |
| 29. An electronic sourcing system comprising: | Claim 29 is directed to a process without any meaningful limitations directed to a machine. |
| a collection of catalogs of items stored in an electronic format; | This limitation does not impose any meaningful machine limitations as storage of electronic catalogs on a computer would be insignificant extra-solution activity. |
| a first set of pre-determined criteria associated with said collection of catalogs; | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| a second set of predetermined criteria associated with items from each of said catalogs; | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |
| a catalog selection protocol, said catalog selection protocol relying on said first set of predetermined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs, wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party; | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.  A "protocol" is a set of step or rules and does not suggest any structure. |
| a search program, said search program relying on said second set of criteria | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.  A "program" is a set |

| | |
|---|---|
| to select specific items from said catalogs determined from said catalog selection protocol; and | of step or rules and does not suggest any structure. |
| a cross-reference table linking a vendor item catalog number from said vendor catalog with an item catalog number from said predetermined third party. | This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation. |

## III.   Invalidity under 35 U.S.C. § 112 ¶ 1 and ¶ 2 as Non-Enabled and Indefinite

Lawson contends that claims ___ of the '683 patent, claims ____ of the '516 patent, and claim 1 of the '172 patent are invalid under 35 U.S.C. § 112 ¶ 1 as non-enabled.  Each of those claims contains at least one element whose full scope is not enabled by the corresponding specification.

Lawson contends that claims 3, 6, 26, 28, and 29 of the '683 patent, claims 1, 2, 6, 9, 21, 22, and 29 of the '516 patent, and claim 1 of the '172 patent are invalid under 35 U.S.C. § 112 ¶ 2 as indefinite.  Each of those claims contains at least one element that is not sufficiently described in the corresponding specification.

The following claim chart shows on an element-by-element, claim-by-claim basis how the claims are either non-enabled, indefinite, or both.

| U.S. Patent No. 6,023,683 ||
|---|---|
| **Claims** | **35 U.S.C. § 112** |
| 3. An electronic sourcing system comprising: | 35 U.S.C. § 112 ¶ 1<br>The specification of the '683 patent does not enable claim 3 because the specification does not enable the full scope of at |