# EXHIBIT E

Case 3:09-cv-00620-REP   Document 214-5   Filed 05/14/10   Page 1 of 6 PageID# 5412

1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2               FOR THE EASTERN DISTRICT OF VIRGINIA

 3                         RICHMOND DIVISION

 4

 5    ---------------------------------------
                                             :
 6    ePLUS, INC.,                           :    Civil Action No.
                                             :    3:09CV620
 7    vs.                                    :
                                             :
 8    LAWSON SOFTWARE, INC.                  :    April 29, 2010
                                             :
 9    ---------------------------------------

10

11

12           COMPLETE TRANSCRIPT OF THE CONFERENCE CALL

13              BEFORE THE HONORABLE ROBERT E. PAYNE

14                   UNITED STATES DISTRICT JUDGE

15

16   APPEARANCES:

17   Craig T. Merritt, Esquire
     Christian & Barton, LLP
18   909 East Main Street
     Suite 1200
19   Richmond, Virginia  23219-3095
     and
20   Scott L. Robertson, Esquire
     Goodwin Procter, LLP
21   901 New York Avenue NW
     Suite 900
22   Washington, D.C.  20001
     Counsel for the plaintiff
23

24                       Peppy Strahan, RPR
                       Official Court Reporter
25                 United States District Court
```

1    would ask is if there's a witness who was not going to be
2    addressing one of the seven or eight prior art references that
3    you restricted Lawson to addressing in their contentions, that
4    that witness be excluded.  For example, Lawson is now raising
5    the fact they want to have a witness testify about their
6    alleged prior art system, a version 6.0, their own system.
7    It's not in the court-ordered invalidity contentions, and we
8    just think this is an argument to do an end-around of the
9    Court's order.
10           It's not proper for them to, on the one hand, not
11   give us contentions about it and the other hand say they're
12   going to call a witness to address it.  I don't know if that's
13   going to be Mr. Lawson, if it's going to be another witness,
14   but if it's not in what was required by the Court's order, then
15   we think this is just a kind of patent lawyer's argument to get
16   around an article three judge's ruling, and it's not
17   appropriate.
18           So other than -- anybody identified on April 9th that
19   is included in their April 9th disclosures as ordered by the
20   Court, I'll go depose and we'll move forward on this case.  I
21   would ask the Court's indulgence because I might need to name a
22   rebuttal witness or two, and I could probably do that by close
23   of business tomorrow, but I might need to do it by Monday
24   morning, because, you know, I did not anticipate having to take
25   depositions in, you know, Tulsa, Oklahoma, and Montana and

1          So it's actually just the opposite of that, but it
2     is, obviously, a little unique when it's Lawson's own system
3     here compared to some of this third-party prior art, so it is
4     relevant to give the scope and contents of the prior art, but
5     also, you know, there's a bit of a dilemma here because a lot
6     of these features we don't think infringe.
7          They don't infringe in our current product, they
8     don't infringe in the old product either.  They are just
9     different, but we should be able to at least explain to the
10    jury, look, whether you think this feature satisfies this
11    element or not doesn't really matter because Lawson has been
12    doing that since the 1980s, and we want to be able to have the
13    right to say that, at least to give the jury that context, and
14    we made that clear.
15         Maybe they think it's a good point, so they decided
16    they wanted to try to withdraw that deposition notice from over
17    three weeks ago, but the issue here isn't prejudice or delay or
18    anything else.  It's that they don't want us to put in some
19    good testimony.
20         THE COURT:  The issue is whether you told them that
21    you weren't going to put it in.
22         MR. McDONALD:  We never said that.  We made it very
23    clear, it's background, it's prior art.  It's also relevant to
24    willful or intent-based issues.  It's relevant to the existence
25    of non-infringing alternative technologies, because certainly a

1                MR. McDONALD:  We would be bringing it to Virginia.
2                THE COURT:  Well, I'm not sure he's going to be
3    allowed to testify, but I'll have to abide the event and let
4    you all brief that later.  You can depose him, Mr. Robertson.
5    If you need some extra time because of all these late
6    witnesses, you are certainly -- I'll extend the time for you.
7                MR. ROBERTSON:  I understand, Your Honor.  I
8    appreciate that.  Obviously we think that, you know, Mr. Lawson
9    should have sprung to their mind immediately, and, you know,
10   but, again, I think they're trying to backdoor this Lawson 6.0
11   version.
12               THE COURT:  The Lawson 6.0 version is not in as prior
13   art unless it was listed among the prior art that was filed on
14   April 9th.  Was it or wasn't it?
15               MR. ROBERTSON:  No, it wasn't, Your Honor.
16               THE COURT:  Well, that's that simple.
17               MR. McDONALD:  We dispute that, Your Honor.  The
18   document will speak for itself.  I understand you can't decide
19   that now when we're both saying opposite things.
20               THE COURT:  I have to see more about it, but I can
21   tell you one thing.  If it's not in that answer, that
22   disclosure, it's not coming in.  I'll leave it for another day,
23   a motion in limine to be dealt with or a motion later in
24   connection with summary judgment or whatever I have to do to
25   consider what it is the facts may be on that particular

1	question, but the bottom line is if he wasn't told -- if he
2	wasn't -- if that system wasn't disclosed, there's going to be
3	no discussion about it.  All right -- as prior art.  All right,
4	what else?  Anything else?
5	            Basically then we've resolved the disputes; is that
6	right?  You're going to go take the depositions.  Do you want
7	some more time, Mr. Robertson?
8	            MR. ROBERTSON:  Yes, Your Honor.  In fact, what I'd
9	like, with the Court's indulgence, is I need to caucus with
10	some of my colleagues.  There may be two or three rebuttal
11	witnesses to the witnesses that Your Honor has permitted the
12	depositions to go forward that may need to be called, because
13	they dispute what some of these individuals will be
14	representing about some of the prior art in the systems that
15	are involved.
16	            THE COURT:  Okay.
17	            MR. ROBERTSON:  Obviously if I had the opportunity to
18	take the depositions earlier, I might have uncovered additional
19	witnesses, but I'll have to see what comes out in the
20	depositions as I move forward, Your Honor, and I'll bring that
21	to the Court's attention at the earliest opportunity.
22	            So I guess that's where we find ourselves.  We've got
23	to wrap up.  I do need a little bit more time, Your Honor, in
24	order to get this done, and my expert report on validity is due
25	June 3rd, and apparently I'll be taking depositions through