IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| | ) Civil Action No. 3:09cv620 (REP) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **LAWSON SOFTWARE, INC.,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT LAWSON SOFTWARE, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR EXPEDITED TREATMENT FOR MOTION TO STRIKE PORTIONS OF DEFENDANT'S EXPERT REPORT

Defendant Lawson Software, Inc. ("Lawson") opposes Plaintiff's request to expedite the briefing schedule for Plaintiff's motion to strike portions of Lawson's May 5, 2010 Expert Report of Dr. Shamos on Invalidity. As Lawson will explain in detail in its substantive response to Plaintiff's motion to strike, Plaintiff's complaints are without merit. Indeed, Plaintiff's own infringement report includes several hundred pages of new material, placing ePlus in no position to complain at all, let alone on an expedited basis.

As an initial matter, this court should not grant Plaintiff's motion to expedite as Plaintiff's own actions demonstrate that there is no "emergency" justifying an expedited briefing schedule that gives Lawson only two business days to respond to a motion that Plaintiff took almost ten days to draft. Plaintiff did not raise any concerns about the scope of the Shamos report or the need to resolve any concerns on an emergency basis when it secured Lawson's agreement to give ePlus extra time to rebut the report just seven days ago. To the contrary, Lawson agreed to a special extension for rebutting the Shamos report based on the understanding

that ePlus would indeed rebut the report, not seek to avoid rebutting parts of it before the new, extended due date. Plaintiff's motion is thus a bait-and-switch.

Moreover, the fairest approach to considering issues related to exclusion of any portion of the Shamos report is to follow the June 18 motion in limine briefing deadline set forth in the March 15, 2010 Scheduling Order and decide all of the motions in limine together, after both sides' initial and rebuttal expert reports are filed. By considering the motion together with other motions to exclude, the court will have the complete context of the motions and their interrelationships (including the context of ePlus's extensive new infringement materials), which will allow fair treat of all expert reports. Moreover, by waiting until after rebuttal reports are in, the issues may be streamlined as some issues will likely be mooted or limited by what would be allowed in the rebuttal reports.

The issues Plaintiff raises in its motion to strike are better left to be decided together with other expert-related motions in limine. After the close of expert discovery, it is likely that both parties will seek the court's assistance on issues related to those raised in Plaintiff's current motion to strike. As an example, Plaintiff's expert report on infringement contains significant new arguments and new evidence that were not disclosed in its infringement contentions. Its expert's infringement claim charts are several hundred pages longer than its infringement contention claim charts. Its expert's claim charts, for example, argue for the first time that Lawson's system selects catalogs to search because its search engine uses specific indexes for searching. Plaintiff's experts identify specific accused products for the first time. Plaintiff should not benefit from jumping the gun on fair consideration of these issues together.

In addition, both Plaintiff's technical expert and Dr. Shamos will be serving rebuttal reports. Until the rebuttal expert reports have been served, it is premature to decide what the

experts may and may not testify about. This Court has already indicated that question of whether Lawson may be allowed to rely on its prior systems for invalidity is a question to be decided during motions in limine. The same should be true with regard to the experts.

For Plaintiff to obtain the requested urgent, emergency consideration, it should have acted like there was an emergency. Instead, ePlus waited ten days after receiving the report, made no mention of the allegedly-urgent concerns during negotiations with Lawson regarding rebutting the report, and did not even raise the issue as a possible concern during a status conference with the Court on Tuesday, May 11, 2010. Plaintiff's lack of diligence in raising this motion provides more than enough reason to reject the request to have the motion heard on an expedited basis.

Further, expediting the motion prejudices Lawson. Both parties are extremely busy finishing fact depositions, working with their experts on rebuttal reports, and putting together their summary judgment motions and motions in limine. Adding a surprise, expedited briefing schedule on top of that prejudices Lawson's ability to deal with the issues in this case, as Plaintiff must be well aware. Just as Plaintiff was entitled to wait ten days to file an "emergency" motion, Lawson is entitled to the time provided to it under the Local Rules to prepare a response to that motion. For all of these reasons, Lawson respectfully requests that this Court deny Plaintiff's motion to expedite briefing and argument on Plaintiff's motion to strike.

LAWSON SOFTWARE, INC.

By   /s/
      Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 17th day of May, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

      /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

5