IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09cv620(REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF ePLUS, INC.'S REPLY IN FURTHER SUPPORT OF REQUEST FOR EXPEDITED TREATMENT FOR MOTION TO STRIKE PORTIONS OF DEFENDANT'S EXPERT REPORT AND EXCLUDE FROM TRIAL ALLEGED PRIOR ART AND INVALIDITY ARGUMENTS NOT DISCLOSED IN DEFENDANT'S COURT-ORDERED INVALIDITY CONTENTIONS**

Plaintiff ePlus, Inc. ("ePlus") respectfully replies in further support of its request that the Court provide expedited treatment for ePlus's Motion to Strike Portions of Defendant's Expert Report and Exclude from Trial Alleged Prior Art and Invalidity Arguments Not Disclosed in Defendant's Court-Ordered Invalidity Contentions.[1]

Notably, although Defendant Lawson Software, Inc.'s ("Lawson") opposition contends that ePlus's motion is "without merit," Lawson never represents that the basis for that motion is factually incorrect. Specifically, Lawson does not dispute that its Report of Expert Michael I. Shamos, Ph.D., J.D. Concerning Invalidity ("Shamos Report") relies upon alleged prior art references and invalidity theories that Lawson did not disclose and rely upon when making its Court-Ordered Second Supplemental Invalidity Contentions ("Court-Ordered Second Supplemental Statement"). If Lawson could accurately make such a claim, it would have been

---

[1] ePlus understands that the Court has contacted counsel to determine their availability to discuss this request at one o'clock p.m. on Tuesday, May 18. ePlus's counsel is available at that time.

quite simple for it to do so and cite to where, in its Court-Ordered Second Supplemental Statement, it discussed these prior art references and invalidity theories.

Instead, Lawson presents a sideshow of other arguments intended to distract the Court from Lawson's clear disregard of the Court's Order limiting it to the invalidity contentions disclosed in the Court-Ordered Second Supplemental Statement. None of these extraneous arguments have merit.

First, Lawson contends that *ePlus*'s infringement expert report cites to new discovery materials and therefore *ePlus* is in no position to complain. There is no parallel, however, between these situations. *ePlus* is entirely dependent on Lawson to produce discovery relating to its infringing products, and Lawson has continued *to this day* to produce additional discovery materials relating to those products. Lawson, however, is *not* dependent on *ePlus* to produce discovery relating to the alleged prior art, which is, of its very nature, publicly accessible. Indeed, two of the alleged prior art systems newly relied upon by Lawson pertain to its own prior systems. In addition, Lawson has had discovery of the other alleged third party prior art months ago. Lawson has no excuse for not including this alleged prior art in its Court-Ordered Second Supplemental Statement, and any comparison with *ePlus*'s infringement report is both irrelevant and incorrect.[2]

Second, it is hardly an answer for Lawson to complain, as it does, that it is too busy dealing with fact depositions, other expert reports, and pretrial motions, to address this motion on an expedited basis. Lawson Opp. at 3. Indeed, these ongoing activities are a key reason why

---

[2] Lawson's complaint about *ePlus*'s infringement report also ignores the fact that ***on April 26, only a week*** before expert reports were due, Lawson supplemented its non-infringement contentions to raise new non-infringement positions. It therefore should have come as no surprise to Lawson that *ePlus*'s infringement expert report addressed Lawson's *new* non-infringement positions.

2

expedited treatment of the motion is warranted. *ePlus* is likewise consumed with these tasks, and should not be all the more burdened with responding to new invalidity allegations that Lawson intentionally omitted from its Court-Ordered Second Supplemental Statement. Lawson's request to delay resolution of this motion until the pretrial motion process is simply an effort to make a *fait accompli* of the matter, *viz.,* it wishes to force *ePlus* and its expert to address the new invalidity allegations, and then it will argue that *ePlus* cannot show prejudice because it has had the opportunity to respond. This would render a nullity of the Court's Order.

Finally, Lawson complains that it took *ePlus* ten days to file its motion. Again, this response is not compelling.[3] Lawson did not seek leave to amend or supplement the Court-Ordered Second Supplemental Statement, and it certainly made no effort to draw *ePlus*'s attention to the fact that the Shamos Report violated the Court's Order by presenting new invalidity allegations. For *ePlus* to determine the extent of these violations required it to analyze, *inter alia,* multi-hundred page claim charts of the expert in which he cited alleged prior art documents solely by reference to their bates numbers. *ePlus* was required to review those documents in order to determine that they were not, in fact, the same documents that Lawson relied upon in the Court-Ordered Second Supplemental Statement.

Likewise, it is no answer for Lawson to say that *ePlus* procured a brief extension for serving its rebuttal expert report on validity issues. *ePlus* sought that extension on the premise that the report would address the late-noticed third party depositions, and the invalidity allegations that Lawson fairly and timely disclosed in both the Court-Ordered Second Supplemental Statement and the Shamos Report, not allegations Lawson failed to disclose in the

---

[3] Lawson alternately complains that *ePlus* showed a "lack of diligence" in raising this motion, Lawson Opp. at 3, and that the Court should delay in addressing the motion until after the close of expert discovery.

former.[4]  *e*Plus did not request an extension for the purpose of addressing the invalidity allegations that are the subject of this motion because it should not have to address those allegations at all.  The Court was quite clear in ruling that Lawson's Court-Ordered Second Supplemental Statement would limit the scope of its invalidity allegations.

*e*Plus therefore respectfully requests that the Court provide expedited treatment for its motion.

                                                       Respectfully submitted,

May 17, 2010

/s/ David M. Young
David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

---

[4] Contrary to any differing suggestion in Lawson's brief, Lawson Opp. at 2, there was no discussion or understanding between the parties that *e*Plus's rebuttal expert report would address the new invalidity allegations in the Shamos Report, nor that *e*Plus was consenting to Lawson's presentation of these new allegations in violation of the Court's Order.

4

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
lshiferman@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2010, I will electronically file the foregoing

**PLAINTIFF ePLUS, INC.'S REPLY IN FURTHER SUPPORT OF REQUEST FOR EXPEDITED TREATMENT FOR MOTION TO STRIKE PORTIONS OF DEFENDANT'S EXPERT REPORT AND EXCLUDE FROM TRIAL ALLEGED PRIOR ART AND INVALIDITY ARGUMENTS NOT DISCLOSED IN DEFENDANT'S COURT-ORDERED INVALIDITY CONTENTIONS**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
*Counsel for Defendant Lawson Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/
David M. Young (VSB #35997)
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com

6