# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| ePLUS INC., )<br>)<br>) Civil Action No. 3:09cv620 (REP)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAWSON SOFTWARE, INC., )<br>)<br>)<br>Defendant. ) | |

## DEFENDANT LAWSON SOFTWARE, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S EXPERT REPORT

Defendant Lawson Software, Inc. ("Lawson") opposes Plaintiff ePlus Inc.'s ("ePlus") Motion to Strike portions of Lawson's invalidity expert report of Dr. Michael Shamos. As the report states, the analysis included is relevant to issues other than invalidity. In particular, Lawson's own older systems, Lawson 5.0 and Lawson 6.0 (the "Prior Lawson Systems"), which ePlus does not contend infringe, are very relevant to responding to ePlus's damages claim and claim of willful infringement. Lawson should not be precluded from using this disclosure for purposes other than invalidity to tell the story of how its accused products were derived from these older systems.

Admittedly, including Dr. Shamos's analysis of them in his invalidity report may have created confusion as to these non-invalidity, rebuttal-related purposes of the testimony. Lawson erred on the side of caution by including them in Dr. Shamos's initial report, in advance of ePlus's scheduled deposition of Lawson regarding its prior systems, and in time for ePlus to prepare an expert response if it so chooses. This eliminates any issue of prejudice to ePlus from using the opinions for issues other than invalidity.

Whether the Court allows any changes to the invalidity contentions or not, Lawson should be allowed to use this previously-disclosed information for purposes other than proving invalidity. ePlus's motion does not address the relevance and timeliness of Dr. Shamos's opinions as to issues other than invalidity. No Court order provides any grounds whatsoever to preclude Lawson's use of the facts and opinions regarding its own product development as relevant to issues other than invalidity. ePlus's motion should be limited to consideration of whether the portions of the Shamos report at-issue may be used for the purposes of opining on invalidity.

Dr. Shamos's opinions regarding the Prior Lawson Systems should also be allowed with respect to invalidity. Case law makes clear that a court's claim construction can "change the rules of the game" and provide grounds to allow new prior art contentions into a case. Here, the Court's April 30 claim construction provided such a change, as it includes a number of claim constructions different from, and indeed broader than, the constructions proposed by either party.

The case law shows that supplemental invalidity contentions should not be precluded when they are included in a timely-served expert report before fact discovery closed. Indeed, ePlus points to no case which precludes use of prior art disclosed as early as it was here. ePlus's claims of prejudice are particularly weak here because Lawson had previously given ePlus a detailed disclosure regarding Lawson prior art to support invalidity contentions. Indeed, only 26 days intervened between Lawson's supplemental invalidity contentions and the Shamos report. The report issued three business days after the *Markman* Decision issued, before the close of fact discovery, and Lawson agreed to give ePlus an extended time period to rebut the opinions. The prejudice to Lawson should it be precluded from supplementing its contentions in view of the *Markman* Decision outweighs any prejudice to ePlus.

**I.      Factual Background**

On December 23, 2009, Lawson provided its invalidity contentions that included, among other things, Prior Lawson Systems. Elements of the Prior Lawson Systems were matched to certain elements of the claims. Pursuant to this Court's instructions to narrow the prior art references and combinations relied upon,[1] on April 9, 2010 Lawson served its Second Supplemental Initial Statement of Invalidity Defenses ("Second Supplemental Invalidity Contentions"). It informed ePlus that it was asserting seven prior art references for section 102 and 103 invalidity: (1) the Fisher RIMS system; (2) the '989 patent; (3) the '542 patent; (4) P.O. Writer; (5) the SABRE system; (6) the J-CON system; and (7) the Gateway system ("the Seven Primary References"). Lawson specified four combinations of references to support its obviousness defense, and its supplement did not include the Prior Lawson Systems among these combinations.

On April 30, 2010, this Court issued a Memorandum Opinion regarding claim construction ("*Markman* Decision"). (Doc. No. 204.) Several of the Court's constructions adopted definitions that were not asserted by either party. (*Id.*) Of particular relevance here, the means-plus-function constructions of the Court are broader than the constructions either side proposed in many cases. Such broader constructions are likely to bring additional prior art within their scope. Thus, the *Markman* Decision was an important change in the case directly relevant to invalidity.

---

[1] The purpose of the Court's March 29, 2010 Order was for Lawson to limit the number of prior art references for its invalidity contentions to a reasonable number (*e.g.*, seven or eight) and to provide details regarding what in the prior art taught each element of the asserted claims. Lawson complied with both requirements. Lawson further provided detailed claim charts supporting its invalidity contentions and highlighted the sections of the prior art documents it relied upon as corresponding to the claim elements. The Court's March 29 Order, however, did not preclude Lawson's expert from relying on additional documentation describing the seven

3

Both parties recognized that their contentions and expert opinions would need to be changed based on the Court's *Markman* Decision. They agreed to extend the date the initial invalidity and infringement expert reports were due by two days specifically because of the Court's *Markman* Decision. Both sides understood the importance of the Court's *Markman* Decision to the invalidity and infringement issues.

Consistent with the March 15, 2010 Scheduling Order, the Federal Rule of Civil Procedure 26(a)(2), and the parties' agreement, on May 5, 2010 Lawson served the Expert Report of Dr. Michael Shamos on Invalidity ("Dr. Shamos's Report"). (Ex. 1.)

The March 15, 2010 Scheduling Order did not allow for rebuttal reports for any experts. (Doc. No. 186.) Dr. Shamos's opinion included material he might rely on in anticipation of rebuttal to ePlus's expert reports, to eliminate any issue as to whether any of these opinions needed to be included in his reports. Dr. Shamos's Report states that Prior Lawson Systems may be relevant for other reasons, such as a non-infringing alternative, which would normally be appropriate in response to ePlus's damages expert report. (Ex. 1 ¶ 105.) Lawson also supplemented its responses to ePlus's interrogatories on invalidity two days after it served Dr. Shamos's Report to be consistent with his report. (*See* Ex. 2.)

On May 14, 2010, ePlus filed a motion to strike portions of Dr. Shamos's Report. It complains about five categories of information in the report: (1) the Prior Lawson Systems; (2) documents relating to J-Con, SABRE, and Gateway—three of Lawson's Seven Primary References ("Prior Art Documents"); (3) the invalidity assertion under section 101 ("Section 101 Argument"); (4) the DynaText, Guide, InnerView, Prism, and Baxter Healthcare systems ("Background Art"); and (5) the '551 patent to Doyle ("the Doyle patent").

---

identified prior art systems.

4

**II.     Discussion**

ePlus's motion fails to take into account that the Prior Lawson Systems, the Background Art, and the Doyle patent are relevant for reasons other than invalidity, including damages and—with respect to the Prior Lawson Systems in particular—willfulness, intent, and infringement. Thus, the motion should be considered only with respect to the limited issue of whether the cited material can be used for invalidity, without prejudice to its use for other purposes.

Moreover, even as to invalidity, Lawson should be permitted to supplement its contentions and its expert should be allowed to express opinions that vary from prior contentions due to a significant intervening event: the Court's *Markman* Decision, issued April 30. That decision includes constructions broader than the constructions proposed by either party, which the Federal Circuit has said changes "the rules of the game" and thus opens the door to additional prior art and invalidity contentions. Moreover, the Shamos invalidity opinions regarding the Prior Lawson Systems are specifically limited to being a response to ePlus's claims that the current Lawson system infringes. While the Doyle reference is relevant in view of the *Markman* Decision as well, in the interests of narrowing the issue Lawson will withdraw this reference from the expert report.

The documents related to the Background Art are supportive of and consistent with the invalidity contentions involving the Seven Prior Art References Lawson has asserted all along. Like the Prior Lawson Systems, Dr. Shamos's opinions regarding the Background Art are also relevant to issues other than invalidity, and are well within the range of material normally allowed for an expert providing opinions. Finally, the Section 101 Argument is a pure issue of law not based on prior art, was disclosed in this case long ago, and was never withdrawn. For these reasons, ePlus's motion should be denied.

>    **A.    The Claim Construction Order Provides Ample Justification for Lawson and its Expert to Raise Additional Invalidity Arguments, Especially Because the Supplementation Comes Less than One Month After Lawson's Prior Supplementation.**

The Federal Circuit has recognized that a court's intervening claim construction provides a basis for a defendant to raise additional invalidity challenges. As stated in *Johns Hopkins v. CellPro*:

> We agree with CellPro that the district court erred in failing to consider CellPro's Morstyn-based invalidity challenge. ***The district court, when it construed the claims after trial, changed the rules of the game***. Specifically, when the court rendered its claim construction of the words 'substantially free' to encompass cell suspensions of at least 90% purity, ***new prior art became potentially relevant to the validity of those claims***.

152 F.3d 1342, 1357 (Fed. Cir. 1998) (emphasis added).

This Court issued its *Markman* Decision after the parties served their latest contentions but before the expert report deadline. The *Markman* Decision adopted constructions that neither party had proposed. For example, the Court's construction of the means-plus-function claims is broader than the construction proposed by either party.

For example, the Court's construction of "means for building a requisition using data relating to selected matching items and their associated sources" is broader than proposed by either Lawson or ePlus. The function associated with this element, means "building a requisition using data relating to *requisition items* and their associated sources" taking the court's construction of "selected matching items" into account. (Doc. No. 204 at 21 (emphasis added).) The corresponding structure is "a requisition module operating on a computer system having access to data in the database, and its equivalents." (*Id.* at 46-47.) In contrast, both parties' constructions of the structure, required use of hit lists of *catalog* items. (Doc. No. 144 Appendix A at 1-2.) Because Lawson contends its systems do not use catalogs, under both parties' proposed constructions this term did not read on any of Lawson's systems. The Court's

6

construction does not refer to catalogs, and thus Lawson 5.0 and 6.0 became more viable prior art.

As another example, the "means for searching for matching items in the database" term was construed as including "search programs and modules operating on a computer system with access to data in a database or other file system, and their equivalents." (Doc. No. 204 at 45.) Lawson and ePlus both proposed requirements in their constructions that would require *communication* of search criteria. (Doc. No. 144 Appendix A at 13-14.) The court's construction, in contrast, does not specify a requirement to communicate any search criteria to the search program or search module. Lawson versions 5.0 and 6.0 did not require transfer of search criteria, making them more relevant prior art in view of the Court's construction that either party's proposed constructions.

Under *Johns Hopkins*, when a Court's order contains claim constructions that are broader than what either party proposed, that "changes the rules of the game" and provides good cause for Lawson to introduce new art to support its invalidity contentions.

That is particularly true here, where the prejudice to ePlus is eliminated for at least three reasons. One, ePlus received prior invalidity contentions including the Prior Lawson Systems. Two, the Prior Lawson Systems were reinstated in the Shamos report only 26 days after the supplemental invalidity contentions were served. Three, Prior Lawson Systems are included in a timely-served initial expert report in plenty of time for ePlus to rebut it.

Both parties understood the *Markman* Decision presented new issues. That is why the parties agreed to a mutual extension of the time to file the expert invalidity and infringement reports in light of the *Markman* Decision. ePlus's infringement expert report deviates in significant ways from its infringement contentions, presumably for the same reason.

Additionally, *most*, if not all, of the opinions offered by ePlus's second infringement expert, Mr. Neimeyer, were not included in Plaintiff's infringement contentions. It would be unfair and prejudicial to limit Lawson's invalidity expert and contentions under such circumstances.

### B. This Court Should Not Use Lawson's Invalidity Contentions to Preclude Dr. Shamos From Offering Opinions on Issues Other than Invalidity.

Dr. Shamos's Report states that the Prior Lawson Systems may be relevant for other reasons, such as a non-infringing alternative, which would normally be appropriate in rebuttal to ePlus's damages expert report. (Ex. 1 ¶ 105.) Although it was not entirely clear that such rebuttal opinions were required to be in Dr. Shamos's opening invalidity report (as opposed to rebuttal reports), because of the overlap in the analysis involved, Lawson erred on the side of more disclosure. Thus, the opinions should not be precluded for use other than with respect to invalidity, regardless of whether the Court allows them for validity.

#### 1. Dr. Shamos's Opinion Regarding the Lawson Prior Art is Relevant in Response to Plaintiff's Infringement Contentions.

The Prior Lawson Systems and Lawson's accused system have many of the same features. It is Lawson's contention that *none* of its systems, old or new, infringe the patents-in-suit. Lawson contends that its system was and is different from the patents-in-suit. Lawson does not contend in the first instance that the Prior Lawson Systems anticipate any more than it agrees that its current system infringes.

Dr. Shamos's opinions are different for the Prior Lawson Systems than for the Seven Primary References. Unlike the Seven Primary References, Dr. Shamos's Report states that *if* certain features of Lawson's current system are considered to infringe, the Primary Lawson Systems had the same features, in which case either the infringement analysis is wrong, or the claims are invalid. Lawson's reliance on the Prior Lawson Systems is thus a response to ePlus's

8

infringement assertions, and not an invalidity contention. It would be unfair to preclude Lawson from introducing such evidence in response to ePlus's infringement claims, and nothing in the Court's Order regarding invalidity contentions restricts Lawson from doing so.

ePlus is not prejudiced by such evidence from Dr. Shamos. ePlus was well-aware of the Prior Lawson Systems and its similarities to the accused systems and has had sufficient discovery on them. ePlus served a separate interrogatory focused directly on the Prior Lawson Systems. (*See* Ex. 6.) Lawson's original and first supplemental invalidity contentions relied on Prior Lawson Systems. (*See* Ex. 7 at 1; Ex. 8 at 1.) Lawson also disclosed its contentions regarding the Prior Lawson Systems in its interrogatory responses. (*See, e.g.*, Ex. 9 at 14 (listed as "Lawson Software"); Ex. 3 at 5 and Appendix A at 8-12.) On April 4, 2010, ePlus also noticed a Rule 30(b)(6) deposition of Lawson relating to Prior Lawson Systems, before expert reports were even served. ePlus re-noticed this deposition and it is currently scheduled for May 28, 2010. (*See* Doc. No. 214-9 at 5.) Thus, ePlus has had a full opportunity to engage in discovery on the Prior Lawson Systems and is not prejudiced.

### 2. Dr. Shamos's Opinions Regarding the Prior Art are also Relevant to ePlus's Contentions Regarding Non-Obviousness.

Dr. Shamos's opinions respond to ePlus in another context. ePlus's contentions regarding secondary considerations of non-obviousness indicate that it will rely on generic features of e-Procurement systems to rebut Lawson's obviousness arguments. For example, to show that its invention was not obvious, ePlus claims that "adopters of e-Procurement technology realized a 5 to 10% cost reduction in the prices of the non-production goods purchased." (Ex. 5 at 12.) This evidence is not specific to ePlus, its predecessor, or the patents-in-suit, but rather generically concludes that e-Procurement can result in significant cost savings. (Ex. 1 ¶ 249.)

9

In view of this type of argument, and consistent with his report, Dr. Shamos intends to address ePlus's claims by showing that these same purported benefits of the claimed invention were also realized by noninfringing and prior art e-Procurement systems, and ePlus's contentions do not prove non-obviousness of the claimed invention. (Ex. 1 ¶¶ 107-51.) Dr. Shamos will rely both on some of the references that he opines invalidate the asserted claims and on the Prior Lawson Systems and the Background Art.[2]

Similarly, in support of non-obviousness ePlus has contended that there was a long-felt but unmet need for a search engine that searched multiple product catalogs with multiple vendor's products. (Ex. 5 at 13.) Dr. Shamos responds to this contention by describing several prior art search engines (the Background Art) that did this very thing. Dr. Shamos will not assert that these search engines invalidate the claims, but instead will cite them in his discussion of the scope and content of the prior art, which is a relevant factor when determining obviousness. These search engines, like the other information cited in Dr. Shamos's Report, are no surprise to ePlus—it has known about them for years.[3] Again, such opinions should not be precluded based on the separate issue of Lawson's invalidity contentions.

ePlus cites no authority, and Lawson is aware of no authority, that precludes an expert

---

[2] For example, Dr. Shamos's Report discusses the evolution of e-Procurement systems from the time when field salespeople, who worked from their homes, called directly on their customers and orders were taken in person and then mailed to company headquarters. (Ex. 1 ¶ 107.) In the context of a prior art system called ASAP, he describes how this process gradually became automated in the 1970s through the late 1980s when it was almost totally automated, eliminating most clerical aspects of purchasing and inventory management. (*Id.* ¶ 116.) He does not assert that ASAP invalidates the claims, rather he uses it as additional support his opinion regarding the scope and content of the prior art per *Graham v. John Deere* and to show that any commercial success of e-Procurement systems does not have a nexus to the claimed features.

[3] They are described in a TV/2 document because ePlus's predecessor (Fisher Scientific) considered using them to combine with its RIMS system. (*See* Ex. 4 ("Technical Viewer/2" describing DynaText, InnerView, Prism, etc. at ePLUS0509241-9245).) The document that Dr. Shamos relies on to support this rebuttal opinion was produced by ePlus. (*See id.*)

10

from including material in his or her expert report that supports a party's contentions but goes beyond the exact materials in the contention interrogatory responses. This is only fair, as experts provide independent opinions, and unlike contention responses, their reports must include support for everything on which the expert expects to opine. ePlus's position would unfairly collapse the expert report into a mere repeat of contention answers, providing no new disclosures whatsoever.

### C. The Court Should Not Strike Dr. Shamos's Citation to the Prior Art Documents, as these are Merely Additional Documents Supporting the Same Previously-Disclosed List of Prior Art.

The law permits a party to rely on multiple documents to establish a single prior art system. *Engate, Inc. v. Esquire Deposition Servs.*, LLC, 331 F. Supp. 2d 673, 687-88 (N.D. Ill. 2004) (relying on multiple publications and declarations describing a prior public use to grant summary judgment of invalidity); *see also Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 375 F.3d 1341, 1352 (Fed. Cir. 2004) ("[T]he undisputed evidence [of prior use] combined contemporaneous correspondence, color photographs, witness testimony, and promotional videos. Together, it established numerous points of identity between the Unitherm process and the patented process."), *rev'd on other grounds*, 126 S. Ct. 980 (2006); *Mitsubishi Elec. Corp. v. Ampex Corp.*, 190 F.3d 1300 (Fed. Cir. 1999) (relying on combination of testimonial, documentary, and opinion evidence to show prior public use of a prior art reference).

Except as discussed above, Dr. Shamos's Report relies upon the same prior art systems cited in Lawson's invalidity contentions, including J-Con, SABRE, and Gateway. ePlus asserts that some of the particular documents Dr. Shamos cited are different from the documents regarding the same prior art systems cited in Lawson's Second Supplemental Invalidity Contentions. This provides no grounds to limit Dr. Shamos's testimony, and ePlus cites no

11

authority for such preclusion.

This objection elevates form over substance. The documents Dr. Shamos cites support, rather than change, the basis for Lawson's invalidity contentions. Second, ePlus cites nothing in the Court's Orders regarding the parties' contentions that purport to limit the specific documents on which the experts could rely. Again, there is no authority for such a requirement.

Both parties understood that their experts could rely on documents beyond those disclosed in contention interrogatories. ePlus's infringement experts cite several documents and sources that were not set forth in ePlus's contention responses.[4] ePlus was put on fair notice that Lawson was relying on the J-Con, SABRE, and Gateway references in the contention responses.

Moreover, Dr. Shamos's reliance on the so-called "additional evidence" is no surprise to ePlus. Lawson produced the Prior Art Documents to ePlus on September 17, 2009, disclosed these documents and its contentions regarding these documents to ePlus it its original, first, and second supplemental responses to ePlus's Interrogatory No. 4. (*See* Ex. 9; Ex. 10; Ex. 3.) ePlus has noticed and still has an opportunity to take depositions with respect to these prior art systems and has provided no reason why additional documentation of the long-known prior art systems used for invalidity would prejudice its ability to respond. These portions of Dr. Shamos's Report should not be stricken.

### D. This Court Should Not Strike Dr. Shamos's Discussion of the Background Art.

In seeking to block even background information from Dr. Shamos's report, ePlus argues that Lawson's timely-served expert report should not be allowed to differ in any way from its Second Supplemental Invalidity Contentions. This is not the law and ePlus provides no authority

---

[4] Dr. Weaver's infringement claims charts are hundreds of pages longer (for 13 claims) than ePlus's infringement contention claim charts (for 20 claims).

for this proposition. This argument ignores the difference between contention interrogatories and expert reports. Experts can and should be allowed to give their independent opinions and discuss their understanding of the art as long as their opinions are timely and properly disclosed pursuant to the scheduling order and the Federal Rules of Civil Procedure. *See Mantech Envtl. Corp. v. Hudson Envtl. Servs., Inc.*, 152 F.3d 1368, 1372-73 (Fed. Cir. 1998) (noting that district court allowing expert testimony on the state of the relevant industry was proper). Expert reports provide guidance as to their testimony. Dr. Shamos's opinions were timely and properly disclosed. In addition, some of the Background Art is not new invalidating references, but rather supports Dr. Shamos's opinion it would be obvious to combine the undisputedly-disclosed prior art, such as TV/2 and RIMS. Dr. Shamos should be allowed to discuss the Background Art to support his opinions of invalidity which rely on the references Lawson properly cited and relies on.

### E. Lawson's Section 101 Argument is Not New.

Lawson gave proper notice of its Section 101 Argument in its First Supplemental Initial Statement of Invalidity Defenses of December 23, 2009, which alleged that claims 1, 6, 9, and 29 of the '516 patent were invalid under 35 U.S.C. § 101. (*See, e.g.*, Ex. 8 at 61, 72, 73, 97.) In addition, Lawson contended and disclosed that claims 1, 21, and 29 of the '516 patent were invalid under 35 U.S.C. § 112 ¶ 2 for mixing both apparatus and method limitations. (*Id.* at 66-67, 91, 103.) ePlus did not allege these contentions were insufficient and this Court did not order Lawson to supplement them.

Lawson's Second Supplemental Invalidity Defenses updated its section 102 and 103 arguments per ePlus's request and the Court's Order. Lawson's supplementation of its prior-art related invalidity contentions was never meant to eliminate Lawson's contentions based on

issues other than prior art. Lawson continued to assert that the patents were invalid under section 101. Nothing in the Court's Order or Lawson's response indicates any intent to withdraw such invalidity grounds. To the extent that the hybrid claim defenses were not clearly identified in Lawson's Second Supplemental Invalidity Defenses, that exclusion was inadvertent and did not change anything because there is no discovery on the issue and ePlus is not prejudiced by the mistake.

It is appropriate for this Court to consider Lawson's section 101 defenses. The question of invalidity under section 101 is a pure question of law based solely on the form of the claims, *In re Nuijten*, 500 F.3d 1346, 1352 (Fed. Cir. 2007) ("Whether a claim is valid in light of § 101 is a question of law that we review de novo."), requires no fact discovery, and was plead in a timely manner and continually asserted. Lawson provided corresponding contentions, and never intended to withdraw them. As such, the opinions related to the Section 101 Argument should not be stricken from Dr. Shamos's Report.

### F. ePlus Will Not Be Prejudiced, and Its Cases Show that Lawson's Disclosures are Timely and Should be Allowed.

ePlus will not be prejudiced if this Court denies its motion to strike. Lawson disclosed all of the prior art about which ePlus complains and disclosed its contentions and evidence relating to this prior art during fact discovery and well in advance of the deadline for expert disclosures. ePlus currently has depositions scheduled that relate to the Prior Art Documents and Prior Lawson Systems it seeks to strike. ePlus will also have a full opportunity to provide rebuttal opinions through its expert and to depose Dr. Shamos regarding this information. Thus, ePlus will not lose an opportunity to take discovery and the trial schedule will not be impacted if the motion to strike is denied.

Lawson is currently reviewing the more than 1,000 pages of Dr. Weaver's infringement

14

report to identify all of the new arguments and new evidence that were not included in ePlus's infringement contentions.  It has not completed this task.  But, as an example, Dr. Weaver asserts for the first time that Lawson's use of indexes (namely ITEMMAST, ITEMLOC, and POITEMVEN) to search its Item Master database satisfies the searching selected catalogs or selected portions of a database claim limitations.  Dr. Weaver also includes hundreds of new citations to evidence to support his infringement opinion that were not included in ePlus's infringement claim charts.  In any event, ePlus's complaints of prejudice ring hollow when its expert report includes so much new material.

ePlus asserts that Lawson should be punished for failing to comply with this Court's orders and deadlines.  As detailed above, Lawson has not violated this Court's orders or deadlines.  It timely and properly served its second supplemental invalidity disclosures.  It timely and properly served its expert report.  Exclusion of expert testimony should be reserved for "those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." *Lab Crafters v. Flow Safe, Inc.*, No. 03-4025, 2007 U.S. Dist. LEXIS 99079, at *19 (S.D.N.Y. 2007).  This is not one of those rare cases.

The cases cited by ePlus are inapposite.  ePlus's cases involve exclusion of disclosures first made *after* the close of discovery.  *See ADC v. Thomas & Betts*, No. 98-2055, 2001 U.S. Dist. Lexis 17796 (D. Minn. 2001) (refusing to exclude new prior art contentions disclosed while discovery was ongoing, but excluding new prior art disclosed after discovery closed); *see also Southern States Rock and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003) (excluding a new expert opinion disclosed two days before trial); *Transamerica Life Insurance Co. v. Western Reserve Life Ins. Co.*, 255 F.R.D. 645 (N.D. Iowa 2009) (striking new prior art that was first disclosed after the due date for defendant's invalidity statement under 17 U.S.C. §

15

282). Likewise, ePlus relies on cases where the expert report itself was untimely. *See Rambus v. Infineon*, 145. F. Supp. 2d 721 (E.D. Va. 2001).

Here fact and expert discovery is on-going, the prior art and evidence which ePlus alleges is "new" was disclosed to ePlus in earlier discovery responses, Lawson's expert report was timely, and ePlus is already scheduled to take depositions relating to the evidence it seeks to strike. ePlus cannot support its claim of prejudice nor of "trial by ambush" because trial is months away. The fact that courts only exclude expert testimony in extreme cases different from this case further demonstrates why this Court should not take such a drastic action here.

### III. Conclusion

For all of the foregoing reasons, this Court should deny ePlus's motion to strike portions of Dr. Shamos's expert report and allow his report to stand.

LAWSON SOFTWARE, INC.

By    /s/                 
        Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

17

## **CERTIFICATE OF SERVICE**

I certify that on this 19th day of May, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

      /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

18