# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| *e*PLUS, INC., | ) | |
| | ) | |
| | ) | Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT LAWSON SOFTWARE, INC.'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 1, 2, 3, 4, 5, 6, 9, AND 12

Pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, Defendant Lawson Software, Inc., ("Lawson") hereby supplements its responses to Plaintiff ePlus, Inc.'s ("ePlus") Interrogatory Nos 1, 2, 3, 4, 5, 6, 9 and 12 as set forth below.

## GENERAL OBJECTIONS

Lawson incorporates the General Objections set forth in its initial responses to Plaintiff's First Set of Interrogatories (Nos. 1-14).

## INTEROGATORIES

## INTERROGATORY NO. 1:

Identify each person, including, without limitation, all employees, representatives, officers or agents of Lawson or any third parties, whom Lawson knows or has reason to believe has knowledge or information concerning any factual information relevant to the validity or invalidity, enforceability or unenforceability, or infringement or noninfringement of any of the claims of the patents in suit, or of damages issues in this lawsuit, or of factual information

relevant to any allegation of the Complaint or Lawson's answers to any interrogatories served upon it in this case, and state the nature and substance of each such person's knowledge or information, including whether such person furnished information or was consulted regarding Lawson's answers to interrogatories.

**OBJECTION TO INTERROGATORY NO. 1:**

Lawson objects to Interrogatory No. 1 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects that this interrogatory seeks a legal conclusion. Lawson further objects that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving its objections, Lawson responds that it has reason to believe that the following individuals have knowledge or information relevant to the issues of this case:

- Jesus Ramos - Mechanicsburg, PA (he has worked at Technical Services Associates since 1985 and has knowledge regarding the prior art Gateway system) – Lawson identified this witness in discovery at least as early as April 9, 2010.

- Al Jacobs - Mechanicsburg, PA (works at Technical Services Associates and has knowledge regarding the prior art Gateway system) – Lawson identified this witness in discovery at least as early as April 9, 2010.

- Stella Capocelli - Richmond, VA (works at Tour Plan International, a travel agency that uses SABRE – she began using that system in 1980 and has knowledge regarding the prior art SABRE system) – Lawson identified this witness in discovery at least as early as April 9, 2010.

- Preston Staats - Austin, TX (testified at the SAP trial regarding the J-CON system.  He worked at Cooperative Computing, Inc. starting in 1977.  CCI developed computer systems for people who sold automotive parts.  He worked there until he sold his interest

in 2003.  He has knowledge regarding the prior art J-CON system) – Lawson identified this witness in discovery at least as early as April 9, 2010.

- Charles Gounaris - Pittsburgh, PA (former IBM employee who worked with Fisher Scientific related to the combination of RIMS and TV/2.  He has knowledge regarding the prior art TV/2 and RIMS systems) – Lawson identified this witness in discovery at least as early as August 24, 2009.

- Pamela Eng - Manassas, VA (former IBM employee who worked with Fisher Scientific related to the combination of RIMS and TV/2.  She has knowledge regarding the prior art TV/2 and RIMS systems)  – Lawson identified this witness in discovery at least as early as August 24, 2009.

- Arthur Parsells - Tulsa, OK (He worked on the development of the SABRE system and has knowledge regarding this system) – Lawson identified this witness in discovery at least as early as April 23, 2010.

- Laurene Fielder - Colts Neck, NJ (she worked at PurchasingNet, Inc. and developed the product P.O. Writer.  She has knowledge regarding the prior art P.O. Writer system) – Lawson identified this witness in discovery at least as early as April 9, 2010.

- Jerry O'Connell - Greenough, MT (he worked at Structured Computer Systems, Inc. and on the Reality purchase order module and has knowledge regarding this prior art system) – Lawson identified this witness in discovery at least as early as April 26, 2010.

All of the foregoing witnesses have either been scheduled for a deposition before the close of fact discovery or are available for deposition prior to the close of fact discovery as set forth in the correspondence between the parties.

**INTERROGATORY NO. 2:**

With respect to any of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations, using a claim chart, state in detail Lawson's bases for any assertions of non-infringement of each of the patents in suit on a claim-by-claim, element-by-element basis. Your answer should include a statement of Lawson's interpretation of each claim element (including whether the element should be interpreted under section 112, paragraph 6 and, if so, identifying the structure in the specification of the patent that corresponds to the recited

element), a statement whether Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations provide(s) such an element or an equivalent and, if not, an explanation how Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations operate or function differently than the claim element and a particularized statement why a component, feature or function of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations is not a substantial equivalent of the pertinent claim element.

**OBJECTION TO INTERROGATORY NO. 2**:

Lawson objects to Interrogatory No. 2 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory is vague, ambiguous, unduly burdensome and compound. Lawson further objects to this interrogatory as overly broad to the extent it seeks proprietary and confidential information about Lawson's products that are neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence. Lawson further objects to this interrogatory to the extent it seeks information related to every customer installation of Lawson software. Lawson further objects to this interrogatory as vague and ambiguous in its use of the term "Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations." Lawson further objects to this interrogatory as calling for a legal conclusion and premature as the Court has not yet construed the claims of the patents-in-suit and ePlus has not yet identified the asserted claims, accused products, and its specific infringement allegations pertaining thereto.

## FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Subject to and without waiving its objections, Lawson incorporates the Report of Expert Michael I. Shamos, PhD, J.D. Concerning Invalidity, dated May 5, 2010.

## INTERROGATORY NO. 3:

Describe in detail any and all analyses, investigations, studies, reviews or considerations by Lawson, and/or any person known to Lawson, e.g., an accused infringer or prospective licensee, concerning the patentability, validity or invalidity, enforceability or unenforceability, scope, and/or infringement or noninfringement of the subject matter claimed in any of the claims of the patents in suit, including, but not limited to, any search investigation, or study for prior patents, publications, literature, systems, processes, or apparatuses pertinent to any of the claims of any of the patents in suit, providing an identification of all documents constituting, reflecting, referring or relating to, reviewed or consulted in the course of each such analysis, investigation or study, an identification of any such prior patents, publications, literature, systems, processes, or apparatuses identified in any such search, investigation, or study and an identification of all persons who in any way participated in providing information for, preparing and/or reviewing each such analysis, investigation, or study.

## OBJECTION TO INTERROGATORY NO. 3:

Lawson objects to Interrogatory No. 3 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects that this interrogatory is overly broad, vague,

ambiguous, unduly burdensome and compound. Lawson further objects to this interrogatory to the extent it seeks information created or acquired by Lawson after the filing of the Complaint.

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving its objections, Lawson incorporates the Report of Expert Michael I. Shamos, PhD, J.D. Concerning Invalidity, dated May 5, 2010.


**INTERROGATORY NO.4:**

State in detail all facts and contentions that support or refute Lawson's allegations, if any, that any of the patents in suit are invalid under 35 U.S.C. §§ 102 or 103, identifying all prior patents, literature, publications, systems, processes, or devices, including prior knowledge, public uses, sales and offers for sale, that Lawson contends, either alone or in combination, invalidate one or more claims of any of the patents in suit, through a claim chart that identifies each element of each claim of the patent(s) asserted to be invalid and explains where each element of the respective claim is shown in such prior patent, literature, publications, system, process, device, public use, sale, or offer for sale.

**OBJECTION TO INTERROGATORY NO.4:**

Lawson objects to Interrogatory No.4 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory is vague, ambiguous, unduly burdensome and compound. Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

## FIFTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Subject to and without waiving its objections, Lawson incorporates the Report of Expert Michael I. Shamos, PhD, J.D. Concerning Invalidity, dated May 5, 2010.

## INTERROGATORY NO. 5:

For each of the claims of the patents in suit, state whether Lawson contends, or will contend at trial, that such claim is invalid under 35 U.S.C. § 112 and provide a detailed explanation of each fact relating to any such contention and, with respect to each fact or contention, an explanation of why such fact or contention would render the patent claim invalid under Section 112.

## OBJECTION TO INTERROGATORY NO. 5:

Lawson objects to Interrogatory No. 5 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:

Subject to and without waiving its objections, Lawson incorporates the Report of Expert Michael I. Shamos, PhD, J.D. Concerning Invalidity, dated May 5, 2010.

## INTERROGATORY NO. 6:

For each claim of each of the patents in suit, state whether Lawson contends or will contend at trial that such claim is invalid under any statute, rule or doctrine other than 35 U.S.C. §§ 102, 103 and/or 112 and, if so, identify the statute(s), rule(s) or doctrine(s) and provide a

detailed explanation of each fact relating to such contention (specifically setting forth each patent, printed publication, thing, device and/or other evidence so relied upon), and, with respect to each such fact, an explanation why such fact would or would not render the patent claim invalid.

**OBJECTION TO INTERROGATORY NO. 6:**

Lawson objects to Interrogatory No. 6 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.6 :**

Subject to and without waiving its objections, Lawson incorporates the Report of Expert Michael I. Shamos, PhD, J.D. Concerning Invalidity, dated May 5, 2010.


**INTERROGARTORY NO. 9:**

Describe in detail all facts and identify all documents that Lawson contends support or tend to support its defenses, affirmative defenses and counterclaims, if any, in this action.

**OBJECTION TO INTERROGATORY NO. 9:**

Lawson objects to Interrogatory No. 9 on all the grounds set forth in its General Objections and incorporates these objections *as* if set forth in full herein. Lawson further objects to this interrogatory as overly broad and unduly burdensome. Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving its objections, Lawson responds as follows:

**Defense to ePlus' Infringement Causes of Action:**

Lawson will assert that it is not liable for infringement of the asserted claims for at least the reasons set forth in its responses to Interrogatory Nos. 2-8, 11, 14, and 16 and its expert reports on invalidity and noninfringement.  Lawson specifically incorporates the Report of Expert Michael I. Shamos, PhD, J.D. Concerning Invalidity, dated May 5, 2010.

**Defense to ePlus' Allegations of Willful Infringement and Indirect Infringement:**

Lawson intends to defend against ePlus' charge of willful infringement by presenting evidence that Lawson did not have knowledge of any of the patents-in-suit until it was served with the complaint in this lawsuit that was filed around May 22, 2009.  ePlus asked the Lawson witnesses who testified in deposition whether they knew about the patents-in-suit before the complaint was filed, and they all answered no.  *See, e.g.,* Christopherson Dep. at 52-53 (no one on his team knew who ePlus was, let alone had knowledge about ePlus' patents); 65-66; 92; 95-96; 99.  There is no evidence to show that anyone at Lawson had knowledge of the patents-in-suit before the complaint was served.

After suit was filed, Lawson's investigation revealed several legitimate defenses to ePlus' charge of infringement, which were set forth in its answer to the complaint and in other court filings and documents including Lawson's responses to Interrogatories including Interrogatory No. 2, Lawson testimony including its FRCP 30(b)(6) witness regarding its analysis after suit and conclusion there was no infringement, and the Shamos expert report on invalidity.  ePlus failed to seek a preliminary injunction, implicitly conceding that Lawson has substantial defenses to the infringement claims.  ePlus also did not even assert Lawson's systems infringe in its initial infringement contentions, instead accusing Lawson of infringement with respect to Lawson systems which include the "Punchout" feature used by a small percentage of Lawson customers,

and based on third-party catalogs for which Lawson does not provide a database or software and which Lawson does not build or maintain.  ePlus's contentions also relied upon information regarding "Digital Depot," which Lawson was working on developing in the 2000-2001 timeframe, but which appears may never been sold by Lawson, and in event was discontinued many years ago.  Lawson believed and continues to believe in good faith that a critical feature of the claimed invention relates to providing and searching catalogs, each of which is published by various types of vendors, and that its system, which utilizes a list of products selected by customers, provides no such capabilities.  It also believes that the features at issue in its purchasing, requisitioning, and other accused products are responsive to the ordinary progression of customer demands that those of ordinary skill in the field would also be able to implement, and are not patentable.

Lawson also has very credible invalidity arguments, as set forth in detail in prior interrogatory responses and in the Shamos invalidity report.  In fact, almost all of the asserted claims have been rejected and remain rejected by the Patent and Trademark Office (PTO) during reexamination based on the same or similar prior art that Lawson is asserting in this lawsuit invalidates the asserted claims:

- A Request for *Ex Parte* Reexamination of claims 26-45 of the '683 Patent was filed on September 15, 2006.  That Request listed four prior art references that the PTO found  raised a substantial new question of patentability: the P.O. Writer Manual; the Practical Guide to SABRE; the J-CON Manual; and the Gateway Printed Publications.  On October 28, 2006, the Patent Office granted the Request because it found that each of these prior art references anticipated and rendered obvious each of the claims for which reexamination was requested.  In a Final

Office Action dated January 8, 2009, the Patent Office rejected all of the claims being reexamined.  Despite the patentee's arguments to the contrary, each prior art reference was determined to qualify as prior art.  Each claim was then found to be either anticipated or rendered obvious by the P.O. Writer Manual, the Practical Guide to SABRE, the J-CON Manual, and the Gateway Printed Publications. Lawson is likewise asserting that these same references and others invalidate the claims of the '683 patent.

- A Request for *Inter Partes* Reexamination of claims 1-5 (all the claims) of the '172 Patent was filed on July 10, 2009.  The Request listed six prior art references that raised substantial new questions of patentability: U.S. Patent No. 6,963,551, the '989 Patent,  the P.O. Writer Manual; the Practical Guide to SABRE; the J-CON Manual; and the Gateway Manual.  The PTO granted the Request because it found that each of these prior art references anticipated and rendered obvious each of the claims for which reexamination was requested.  On October 23, 2009, the Patent Office rejected all five claims finding that claims 1 and 3-5 were anticipated by the '989 Patent and that claims 1-5 were anticipated by each of the P.O. Writer Manual, the Practical Guide to SABRE, the J-CON Manual, and the Gateway Manual.  Lawson is likewise asserting that these same references and others invalidate the claims of the '172 patent.

- A Request for *Inter Partes* Reexamination of claims 1-29 (all the claims) of the '516 Patent was filed on November 12, 2009.  In the January 15, 2010 Order Granting Reexamination of the '516 patent ("'516 Reexam Order"), the Patent Office found that the following references were prior art and raised a substantial

11

new question of patentability as to all claims of the '516 patent:  the '989 patent, the '542 patent, P.O. Writer; Practical Guide to SABRE; and J-CON.  Lawson is likewise asserting that these same references and others  invalidate the asserted claims of the '516 patent.

Moreover, Lawson has been selling very similar electronic sourcing software (such as Lawson V.5 and Lawson V.6) for many years prior to the filing date of the patents-in-suit.  (*See* Responses to Interrogatory No. 14).  Lawson's prior art versions of its software had the same features that ePlus is now accusing of infringement.  For example, ePlus argues that Lawson's item master database satisfies the claim elements requiring two or more catalogs.  However, the item master in the accused products is functionally the same as it was in early versions of Lawson software including Lawson V. 5 and Lawson V.6, both of which predate the patents-in-suit.  ePlus argues that than an ability to search different field of item master satisfies the claim elements relating to selecting product catalogs to search.  However, item master in the prior art versions of Lawson's software also allowed item master to search by certain fields.  A claim chart comparing ePlus' infringement contentions against Lawson's prior art software is attached as Exhibit A to this supplemental response.  Lawson believes in good faith that its long use of functionality similar to the features accused of infringement in its current product, with no allegations of infringement regarding its purchasing and requisitioning systems before May of 2009 regarding the ePlus patents or any other patents, demonstrates that its activities are not in violation of any ePlus patent rights.

Similarly, Lawson will use the foregoing facts and arguments to defend against ePlus' allegations of induced or indirect infringement.  Lawson did not know about the patents-in-suit before this lawsuit was filed and did not actively and knowingly aid or abet another to directly

infringe either before or after the lawsuit was filed.  Indeed, Lawson believes that its software does not infringe the asserted claims and that it has credible invalidity defenses.  There is no proof of direct infringement by Lawson customers, a necessary predicate to induced infringement.  Lawson lacks the control over customers or third party vendors/sources which would be necessary to hold it liable for induced infringement.  The following Lawson witnesses may testify in support of the defenses outlined above:  Dale Christoperson, Robert Patton, Jill Richardson, Henrik Billgren, and Keith Lohkamp, and its 30(b)(6) witnesses including witnesses regarding the Lawson prior art systems.

**Damages:**

Lawson's rebuttal report on damages will provide significant information on the damages issues, and is incorporated by reference.  Lawson intends to assert that the following systems were non-infringing alternatives, which are relevant to damages:  Lawson V. 5 and V.6, P.O. Writer, J-CON, Gateway 2000/MRO system, Fisher RIMS, TV/2, REALITY, DynaText, Guide, InnerView, Prism, and ASAP Express.  The documents that support the foregoing facts and defenses in the cited interrogatory answers include without limitation:

- Reexamination File History for U.S. Patent 6,505,172
- Reexamination File History for U.S. Patent 6,023,683
- Reexamination File History for U.S. Patent No. 6,055,516
- Lawson Software Accounts Receivable Procedures Manual for Unix Release 6.0, L0011849-12144
- Lawson Software Cost Allocations Procedures Manual Release 6.0, L0011761-848
- Lawson Software General Ledger Conversion Manual Release 6.0, L0011698-760
- Lawson Software Inventory Control Conversion Manual Release 6.0, L0012800-037
- Lawson Software Inventory Control Procedures Manual Release 6.0, L0012837-3145
- Lawson Software Purchase Order Conversion Manual Release 6.0, L0012492-517
- Lawson Software Purchase Order Release 6.0 User Text, L0015615-6422
- [Lawson Software] Summary of 5.0 and 6.0 Differences, L0017230-236
- Lawson Software Requisitions Procedures Manual Release 6.0, L0009725-0009773
- Lawson Software Purchase Order Procedures Manual Release 6.0, L0013146-0013295
- REALITY documents:  ePLUS0101237-0101281; ePLUS0093768-0094189; ePLUS0094587-0094879; EPLUS0016413-0016530; ePLUS0039580-0039587;

ePLUS0042779-0042780; ePLUS0062318-0062321; ePLUS0062886-0062900;
ePLUS0123689; ePLUS0209872-0209887; ePLUS0140120; ePLUS0428967

- Baxter Healthcare Corporation: ASAP Express, Harvard Business School 9-188-080
- Gateway DOS Product Overview, L0128368-395
- Gateway Inventory Processes User Manual December 1993, L0128209-128356
- Gateway Purchasing Manual December 1993, L0127887-128208
- Gateway – The Newsletter for Purchasing Administration, January 1991, L0128357-361
- Gateway – The Newsletter for Purchasing Administration, April 1991, L0128362-366
- Gateway 2000/MRO Screen Shots, L0128494-564
- Gateway 2000/MRO Version May 1991, L0127602-886
- Guided Tour Version 10.0 (P.O. Writer), L0131668-855
- IBM Technical Viewer/2, ePLUS0210933-938
- IBM Technical Viewer/2, ePLUS0509238-251
- IBM Technical Viewer/2, L013122-130
- IBM Technical Viewer/2, L013131-134
- IBM Technical Viewer/2 General Information Manual, ePLUS0210933-938
- J-CON Manual Volume 1, L0123413-124584
- J-CON RDB Guide, L0125035-221
- J-CON System User's Manual Volume 3, L0124585-125034
- Lawson Software Accounts Receivable Procedures Manual for Unix Release 6.0, L0011849-12144
- Lawson Software Cost Allocations Procedures Manual Release 6.0, L0011761-848
- Lawson Software General Ledger Conversion Manual Release 6.0, L0011698-760
- Lawson Software Inventory Control Conversion Manual Release 6.0, L0012800-037
- Lawson Software Inventory Control Procedures Manual Release 6.0, L0012837-3145
- Lawson Software Purchase Order Conversion Manual Release 6.0, L0012492-517
- Lawson Software Purchase Order Release 6.0 User Text, L0015615-6422
- [Lawson Software] Summary of 5.0 and 6.0 Differences, L0017230-236
- P.O. Writer Ad Hoc Reporting Version 10.0, L0126396-402
- P.O. Writer Bar Code Interface Version 10.0, L0126403-422
- P.O. Writer Data Interface Utility Version 10.0, L0126423-481
- P.O. Writer EDI Interface User's Guide Version 10.0, L0126482-500
- P.O. Writer Guided Tour Version 10.0, L0126514-6701
- P.O. Writer Inventory Control Version 10.0, L0126147-395
- P.O. Writer Plus, Version 10 Claim Chart, L0131554-595
- P.O. Writer Plus Fax Module, Version 10.0, L0126702-6717
- P.O. Writer Purchase Requisitioning System Administrator's Guide Version 10.0, L0127256-296
- P.O. Writer Purchasing Tenth Edition (April 1993) Software Revision 10.0, L0126501-513
- P.O. Writer Purchasing Tutorial, L0126718-964
- P.O. Writer Receiving, L0127297-504
- P.O. Writer Requisition Interface, L0126965-980
- P.O. Writer Requisitioning Manual Version 10.0, L0127505-601

- P.O. Writer Security Administrator's Guide Version 10.0, L0126981-999
- P.O. Writer Stock Requisitioning and Kitting System Administrator's Guide Version 10.0, L0127000-7019
- P.O. Writer Stock Requisitioning and Kitting System Version 10.0, L0127020-7102
- P.O. Writer Supplier Rating Report, L0127103-7137
- P.O. Writer System Administrator's Guide, L0127138-7227
- P.O. Writer Version Upgrade Kit, L0127228-7255
- Short et al., Beyond Business Process Redesigning Redefining Baxter's Business Network, MIT Sloan Management Review

.

## INTERROGATORY NO. 12:

Describe in detail the occasion(s) upon which Lawson first became aware of or received notice(s) in any manner of each of the patents in suit, including any applications that matured into the patents in suit and the subsequent issuance of those patents, including without limitation the dates and the persons involved in learning of the patent(s) or receiving the notice(s), and state in detail all steps taken by Lawson in response to such notice(s), including without limitation any analyses of infringement or noninfringement, validity or invalidity, or enforceability or unenforceability of the patents in suit, and any advice of counsel obtained relating to the patents in suit.

## OBJECTION TO INTERROGATORY NO. 12:

Lawson objects to Interrogatory No. 12 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound. Lawson further objects to this interrogatory as premature.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:

Subject to and without waiving its objections, Lawson responds that it sought advice of counsel independent of its litigation counsel and acted responsibly. Lawson has elected not to waive attorney-client privilege with respect to reliance on this advice of counsel. It does, however, rely on non-privileged communications submitted on its behalf by counsel including the discovery responses, pleadings, and reexaminations cited above.

Lawson reserves the right to supplement this response.

Dated: $\underline{M a y \ 7}$, 2010

LAWSON SOFTWARE, INC.

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081
dmcdonald@merchantgould.com
wschultz@merchantgould.com
rhughey@merchantgould.com
jgraham@merchantgould.com
alagatta@merchantgould.com

Kirstin L. Stoll-DeBell, *pro hac vice*
Merchant & Gould
1050 Seventeenth Street
Suite 1950
Denver, CO 80265
Telephone: (303) 357-1670
Facsimile: (303) 357-1671
kstoll-debell@merchantgould.com

16

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

*Counsel for Defendant Lawson*
*Software, Inc.*

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| 3. An electronic sourcing system comprising: | Electronic sourcing system: an electronic system for use by a prospective buyer to locate and find items to purchase from sources, suppliers or vendors. | Lawson's prior art was an electronic sourcing system as defined by the Court. Locating items is disclosed at L0013226 (Purchase Order Procedures Manual). Purchasing the located items is the subject if the entire Purchase Order Procedures Manual, L0013146-295.<br><br>Claim 3 is anticipated by Lawson under Plaintiff's contentions supporting its infringement case. |
| at least two product catalogs containing data relating to items associated with the respective sources; | "catalog" and "product catalog" mean: an organized collection of items and associated information, published by a vendor (which includes suppliers, manufacturers, and distributors), which preferably includes a part number, price, catalog number, vendor name, vendor ID, a textual description of the item, and images of or relating to the item. | Lawson's current and prior art systems do not maintain "catalogs" or "at least two product catalogs" per the Court's construction of "catalog."<br><br>Plaintiff alleges that the accused systems' item master database meets this claim limitation: "For example, multiple supplier product catalogs can be imported into the Item Master in the Inventory Control module and the Lawson Purchase Order application includes a program to enable this import." Lawson disputes this contention because, among other reasons, the data in item master is organized in a similar way to the prior art RIMS part master, recognized in the patents in suit not to be a catalog or at least two product catalogs. Under the Court's definition, item master is not organized into at least two product catalogs, each of which is published by a vendor, manufacturer, or distributor and does not preferably (or ever) include images. Nevertheless, the item master used in the accused systems is the same as the item master used in the Lawson's prior art system: |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | The Lawson's prior art software included a database ("Item Master File") with items that could be ordered using the Requisition and Purchase Order modules: "The item master file consists of item information that is not location specific such as the item description, generic name, freight class, sales class, inventory class, purchasing class, tax code, units of measure, etc." (L0012922).<br><br>There were standard and custom fields for each item within the item master file.  Standard fields included: Item Group, Item identifier, first Description line and Stock UOM (unit of measure).  (L0012923).  Custom fields might include: size, style, color, manufacturer name, version number, release date, etc. (L0012931).<br><br>Lawson's prior art Item Master File could include items from multiple different vendors or sources but is not organized by vendor or source. (See, e.g., L0012968; L0012853; L0012854; L0012881; L0012936; L0012969).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included at least two product catalogs meeting this limitation. |
| means for selecting the product catalogs to search; | "catalog" and "product catalog" mean: an organized collection of items and associated information, published by a vendor (which | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog" and do not perform the function of selecting product catalogs to search. |

2

| EXHIBIT A | | |
| --- | --- | --- |
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | includes suppliers, manufacturers, and distributors), which preferably includes a part number, price, catalog number, vendor name, vendor ID, a textual description of the item, and images of or relating to the item.<br><br>The function of this element is to select the product catalogs to search.<br><br>Structure: a user interface that allows the user to select a catalog; a catalog module that selects product catalogs based on preferences or history; a catalog search module that identifies product catalogs or a combination thereof; and their equivalents. See e.g., '683 Patent at 4:5-6; 5:9-27; 8:40-56; 9:52-10:20; FIGs. 1-2 (describing search program 50 and requisition/purchasing system 40) .See e.g., '683 Patent at 4:5-6; 5:9-27; 8:40-56; 9:52-10:20; FIGs. 1-2 (describing search program 50 and requisition/purchasing system 40) . | Plaintiff alleges that the accused systems' ability to search different fields of item master (such as vendor catalog number, partial description, manufacturer code, classification code, vendor name, and manufacturer name, among other item attributes) satisfies this claim limitation. Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing: item master. No selection is made. Although a user may choose to search different fields of item records in item master or search for various item attributes, all of the item records in item master available to the user are searched to find matches to these attributes. Nevertheless, item master is searched in the same way in the accused systems as it was searched in the Lawson's prior art system:<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes. For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924). Users could search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |
| means for searching for matching items among the selected product catalogs; | Matching items:  the search results<br><br>The function of this element is searching for matching items among the selected product catalogs.<br><br>Structure:  search programs and modules operating on a computer system with access to data in a database or other file system, and their equivalents.  See e.g., '683 Patent at 4:1-6:38; 7:61-12:37; FIGS. 1-2; APP. III-V and VII (describing local computer 20, search program 50, TV/2, and search program 250). | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog."  Likewise, they do not allow for selecting the product catalogs to search, and thus cannot have the required "matching items."  Lawson's current and prior art systems do not even allow for searching selected portions of the item master database.<br><br>Plaintiff alleges that the accused systems' search engine used to search the item master database meets this claim limitation.  For example, Plaintiff alleges:  "After a search request is input, the search engine searches the catalogs in the item master for items matching the input search query and returns a hit list of matching items.. . . .  the Search Catalog feature looks for keywords in the database to match the search string you entered in the search box.... For example, [you can search based on] Lawson item number, UPC number, or description. . . .  The M3 e-Procurement application includes a search engine to search the meta-catalog for desired items."<br><br>Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing:  item master.  No selection is |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | made. Nevertheless, item master is searched in the same way in the accused systems as it was searched in the Lawson's prior art system: |
| | | The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes. For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924). Users could search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Similarly, the accused products use keyword searching of predefined keywords. (L0032296). |
| | | The Lawson's prior art software item search searched the entire item master database. Similarly, each time a user performs a "Search Catalog" operation, the Lawson S3 and M3 software searches the entire item master. |
| | | Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |
| means for building a requisition | Selected matching items: | Lawson's current and prior art systems do not maintain |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| using data relating to selected matching items and their associated source(s); | requisition items<br><br>The function of this element is building a requisition using data relating to selected matching items and their associated source(s).<br><br>Structure:  a requisition module operating on a computer system having access to data in the database, and its equivalents. | "catalogs" or "product catalogs" per the Court's construction of "catalog."  Likewise, they do not perform the function of building a requisition using data relating to selected matching items and their associated source(s), at least because they do not have "selected matching items" as described above.<br><br>Nevertheless, Lawson's prior art Requisition Module enabled users to create a requisition from items returned as a result of searching the item master database.  (L0009747-49; L0009741; L0013226' L0015719-22; L0009734).  "To print a catalog of items  Run RQ250 (Item Catalog) to print a list of the items and their descriptions for the selected item group and inventory class. This program lists only inventoried and non-stock items defined in IC11 (Item Master)."  (L0009753).  "How you create a requisition depends on the type of items you request and from where you request them. You can request four types of items: inventoried, non-stock, special orders, and services. . . . Tips While creating a requisition, you can select an item and display its stock-on-hand balances and other inventory information."  (L0009740).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |
| means for processing the requisition to generate one or more | The function of this element is processing the requisition to | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| purchase orders for the selected matching items; and | generate one or more purchase orders for the selected matching items.<br><br>Structure:  purchase order generation module operating on a computer system having access to the requisition; and its equivalents.  See e.g., '683 Patent at 1:37-59; 3:3-24; 10:43-54; 15:20-59, FIGS. 1-3 (describing systems and processes that operate to generate purchase orders including requisition/purchasing system 40). | construction of "catalog."  Likewise, they do not perform the function of processing the requisition to generate one or more purchase orders for the selected matching items, at least because they do not have "selected matching items" as described above.<br><br>Nevertheless, Lawson's prior art Requisition Module enabled users to create purchase orders from a requisition.  (L0009747-49).  Purchase orders could be issued to multiple vendors.  (L0013161).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |
| means for converting data related to a selected matching item and an associated source to data relating to an item and a different source. | Converting:  substituting<br><br>The function of this element is converting data relating to a selected matching item and an associated source to data relating to an item and a different source.<br><br>Structure:  one or more non-catalog databases identifying cross-referenced items, identical items, or generally equivalent items; one or more cross-reference tables or file identifying cross- | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog."  Likewise, they cannot have the required "matching items" or "selected matching items."<br><br>Plaintiff alleges that the accused systems' ability to assign categories to items, including categories defined by UNSPSC, meet this claim element.<br><br>Regarding the accused S3 product, Plaintiff alleges: "Data in the Item Master is organized hierarchically by mapping each item data record to a universal commodity code, such as the UNSPSC code. The commodity codes, in turn, are mapped to product categories in a category hierarchy tree. |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | referenced items, identical items or generally equivalent items; one or more codes corresponding to cross-referenced items, identical items or generally equivalent items; and their equivalents.  See e.g. '683 Patent at 4:60-5:8; 10:43-54; 14:35-45; 16:14-32; 17:19-54, appendices VIII-X. | The category hierarchy tree is organized to drill down to more specific levels within a product category. This category hierarchy tree mapping of product commodity codes to product categories is used in conducting searches. Thus, when a user conducts a hierarchical categories search using the search engine, the search engine performs a lookup and the mapping, or cross-referencing, of the product categories in the hierarchy tree to the associated commodity code will retrieve all item data records in the database which are mapped to the commodity code associated with the product category in the category hierarchy Thus, the accused Lawson systems have the capability of identifying items from a second vendor's catalog that are similar, generally equivalent or identical to an item in a first vendor's catalog through the search engine lookup that cross-references each item data record to a universal commodity code and cross-references each commodity code to a product category in the category hierarchy tree." <br><br> Regarding the accused M3 product, Plaintiff alleges: "Lawson's M3 e-Procurement application includes the ability to conduct searches by product category or group. Each product is assigned to a product category or group such that if a user searches by using the product category/group hierarchy tree, the user can find similar items from different suppliers which have been cross-referenced to the same product category/group." |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | Lawson disputes these contentions, because among other reasons, UNSPSC codes do not group cross-referenced items, identical items, or generally equivalent items -- items within a lowest-level UNSPSC code group are not necessarily substitutes for each other, and are not in fact used to substitute one item with another without user intervention.  Further, all substitutions of one item for a different item in a requisition or purchase order in Lawson's accused products/services are done by a person.  Lawson's system does not maintain a non-catalog database that links items to UNSPSC codes.  Although a customer may choose to include such a code in a field in an item master record, the court's definition requires a "non-catalog" database.  Because Plaintiff defines item master as a catalog database, item master cannot satisfy this claim element.<br><br>Nevertheless, in the same way that the accused systems allow for classification of items in item master into groups using the UNSPSC codes and allowed a person to substitute one item for another, the Lawson's prior art system allowed for classification of items in item master into a hierarchy of categories, called classes, and allowed a person to substitute one item for another:<br><br>The Lawson's prior art software allowed customers (e.g. ABC Foods) to define a hierarchy of classes for items within item master.  "Classes further define items in the item master file for inquiry, processing, and reporting purposes. The set up procedure for each class type is |

| EXHIBIT A | | |
| --- | --- | --- |
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | exactly the same. Use all class types to access items in IC30.1 (Item Search). Use inventory classes to select items for reporting purposes and sales classes for pricing and sales analysis. Purchasing classes are used extensively in the Lawson Purchase Order system." (L0012887). "Inventory Class: A user-defined subdivision of inventory by product grouping viewed from an inventory perspective. A major class and a minor class are available for further subdivision if desired. For example, a customer could define a major inventory class for fruit and minor inventory classes to classify varieties of fruit (e.g., apples, pears, etc.). (L0012906). You can use inventory classes as a selection criteria in the item search inquiry program and in several report programs including the movement analysis report." (L0013133). <br><br> In addition to defining classes, the Lawson's prior art software allowed customers to define generic names for items within the Item Master File "to optionally group similar inventory items together under one name. Generic names appear on selected inventory reports and can be used to access specific items in IC30.1 (Item Search)." (L0012907). For example, a customer could set up Generic Names for each department in the store. This way they can access all items in a particular department at once. For example, they can access all bakery goods in IC30.1 (Item Search) using the generic name BAKERY. (L0012908). <br><br> Additionally, Lawson's prior art systems enabled users to |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | choose a Replacement Item for any item entered into Item Master, which would automatically be used to replace an ordered item when that item did not have sufficient stock to fill an order. (L0012658, L0012942). Additionally, Lawson's prior art Requisition Module enabled users to choose one or more substitute items and to identify these substitute items in fields within the item master record for an item.  The substitute items would be displayed to the user if an item and its replacement (if one is set up) were not available so the user would have the option to substitute a substitute item for the ordered item. (L0012942).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |
| 6. An electronic sourcing system comprising: | electronic sourcing system: an electronic system for use by a prospective buyer to locate and find items to purchase from sources, suppliers or vendors. | Lawson's prior art was an electronic sourcing system as defined by the Court.  Locating items is disclosed at L0013226 (Purchase Order Procedures Manual). Purchasing the located items is the subject if the entire Purchase Order Procedures Manual, L0013146-295.<br><br>Claim 6 is anticipated by Lawson under Plaintiff's contentions supporting its infringement case. |
| a database containing data relating to items associated with at least two sources; | | Lawson's current and prior art systems as sold do not do include a database containing data relating to items associated with at least two sources.<br><br>Plaintiff alleges that the accused systems' item master |

11

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | database with data that is loaded by third party customers meets this claim limitation.  The item master used in the accused systems is the same as the item master used in the Lawson's prior art system: <br><br> The Lawson's prior art software included a database ("Item Master File") with items that could be ordered using the Requisition and Purchase Order modules:  "The item master file consists of item information that is not location specific such as the item description, generic name, freight class, sales class, inventory class, purchasing class, tax code, units of measure, etc." (L0012922). <br><br> There were standard and custom fields for each item within the item master file.  Standard fields included: Item Group, Item identifier, first Description line and Stock UOM (unit of measure).  (L0012923).  Custom fields might include: size, style, color, manufacturer name, version number, release date, etc. (L0012931). <br><br> Lawson's prior art Item Master File could include items from multiple different vendors or sources but is not organized by vendor or source. (See, e.g., L0012968; L0012853; L0012854; L0012881; L0012936; L0012969). <br><br> Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included at least two product catalogs meeting this limitation. |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | |
| means for searching for matching items in the database; | Matching items:  the search results<br><br>The function of this element is searching for matching items in the database<br><br>Structure:  search programs and modules operating on a computer system with access to data in a database or other file system, and their equivalents.  See e.g., '683 Patent at 4:1-6:38; 7:61-12:37; FIGS. 1-2; APP. III-V and VII (describing local computer 20, search program 50, TV/2, and search program 250). | Lawson's current and prior art systems as sold do not do include a database containing data relating to items associated with at least two sources.<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes.  For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924).  Users could search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617).  Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67).  Similarly, the accused products use keyword searching of predefined keywords.  (L0032296).<br><br>The Lawson's prior art software item search searched the entire item master database.  Similarly, each time a user performs a "Search Catalog" operation, the Lawson S3 and M3 software searches the entire item master.<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| means for building a requisition using data relating to selected matching items and their associated source(s); | Selected matching items: requisition items<br><br>The function of this element is building a requisition using data relating to selected matching items and their associated source(s).<br><br>Structure:  a requisition module operating on a computer system having access to data in the database, and its equivalents.  See e.g., '683 Patent at 1:25-35; 3:3-19; 6:40-65; 7:36-8:14; 15:46-49; FIGS. 1-3 (describing various embodiments of requisition modules including requisition/purchasing system 40, requisition management ("REQI") module 44A and requisition maintenance program 44C) . | Lawson's current and prior art systems as sold do not do include a database containing data relating to items associated with at least two sources.<br><br>Lawson's prior art Requisition Module enabled users to create a requisition from items returned as a result of searching the item master database.  (L0009747-49; L0009741; L0013226' L0015719-22; L0009734).  "To print a catalog of items  Run RQ250 (Item Catalog) to print a list of the items and their descriptions for the selected item group and inventory class. This program lists only inventoried and non-stock items defined in IC11 (Item Master)." (L0009753).  "How you create a requisition depends on the type of items you request and from where you request them. You can request four types of items: inventoried, non-stock, special orders, and services. . . . Tips While creating a requisition, you can select an item and display its stock-on-hand balances and other inventory information." (L0009740).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |
| means for processing the requisition to generate one or more purchase orders for the selected matching items; and | The function of this element is processing the requisition to generate one or more purchase orders for the selected matching items. | Lawson's current and prior art systems as sold do not do include a database containing data relating to items associated with at least two sources.<br><br>Lawson's prior art Requisition Module enabled users to |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | Structure: purchase order generation module operating on a computer system having access to the requisition; and its equivalents. See e.g., '683 Patent at 1:37-59; 3:3-24; 10:43-54; 15:20-59, FIGS. 1-3 (describing systems and processes that operate to generate purchase orders including requisition/purchasing system 40). | create purchase orders from a requisition. (L0009747-49). Purchase orders could be issued to multiple vendors. (L0013161).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |
| means for converting data related to a selected matching item and an associated source to data relating to an item and a different source. | The function of this element is converting data relating to a selected matching item and an associated source to data relating to an item and a different source.<br><br>Structure: one or more non-catalog databases identifying cross-referenced items, identical items, or generally equivalent items; one or more cross-reference tables or file identifying cross-referenced items, identical items or generally equivalent items; one or more codes corresponding to cross-referenced items, identical items or generally equivalent | Lawson's current and prior art systems as sold do not do include a database containing data relating to items associated with at least two sources.<br><br>Plaintiff alleges that the accused systems' ability to assign categories to items, including categories defined by UNSPSC, meet this claim element.<br><br>Regarding the accused S3 product, Plaintiff alleges: "Data in the Item Master is organized hierarchically by mapping each item data record to a universal commodity code, such as the UNSPSC code. The commodity codes, in turn, are mapped to product categories in a category hierarchy tree. The category hierarchy tree is organized to drill down to more specific levels within a product category. This category hierarchy tree mapping of product commodity codes to product categories is used in conducting searches. |

15

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | items; and their equivalents.  See e.g. '683 Patent at 4:60-5:8; 10:43-54; 14:35-45; 16:14-32; 17:19-54, appendices VIII-X. | Thus, when a user conducts a hierarchical categories search using the search engine, the search engine performs a lookup and the mapping, or cross-referencing, of the product categories in the hierarchy tree to the associated commodity code will retrieve all item data records in the database which are mapped to the commodity code associated with the product category in the category hierarchy Thus, the accused Lawson systems have the capability of identifying items from a second vendor's catalog that are similar, generally equivalent or identical to an item in a first vendor's catalog through the search engine lookup that cross-references each item data record to a universal commodity code and cross-references each commodity code to a product category in the category hierarchy tree." Regarding the accused M3 product, Plaintiff alleges: "Lawson's M3 e-Procurement application includes the ability to conduct searches by product category or group. Each product is assigned to a product category or group such that if a user searches by using the product category/group hierarchy tree, the user can find similar items from different suppliers which have been cross-referenced to the same product category/group." Lawson disputes these contentions, because among other reasons, UNSPSC codes do not group cross-referenced items, identical items, or generally equivalent items -- items within a lowest-level UNSPSC code group are not |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | necessarily substitutes for each other, and are not in fact used to substitute one item with another without user intervention.   Further, all substitutions of one item for a different item in a requisition or purchase order in Lawson's accused products/services are done by a person.  Lawson's system does not maintain a non-catalog database that links items to UNSPSC codes.  Although a customer may choose to include such a code in a field in an item master record, the court's definition requires a "non-catalog" database.  Because Plaintiff defines item master as a catalog database, item master cannot satisfy this claim element.<br><br>Nevertheless, in the same way that the accused systems allow for classification of items in item master into groups using the UNSPSC codes and allow a person to substitute one item for another, the Lawson's prior art system allowed for classification of items in item master into a hierarchy of categories, called classes, and allowed a person to substitute one item for another:<br><br>The Lawson's prior art software allowed customers (e.g. ABC Foods) to define a hierarchy of classes for items within item master.  "Classes further define items in the item master file for inquiry, processing, and reporting purposes. The set up procedure for each class type is exactly the same. Use all class types to access items in IC30.1 (Item Search). Use inventory classes to select items for reporting purposes and sales classes for pricing and sales analysis. Purchasing classes are used extensively in |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | the Lawson Purchase Order system." (L0012887). "Inventory Class:  A user-defined subdivision of inventory by product grouping viewed from an inventory perspective. A major class and a minor class are available for further subdivision if desired. For example, a customer could define a major inventory class for fruit and minor inventory classes to classify varieties of fruit (e.g., apples, pears, etc.). (L0012906).  You can use inventory classes as a selection criteria in the item search inquiry program and in several report programs including the movement analysis report." (L0013133).<br><br>In addition to defining classes, the Lawson's prior art software allowed customers to define generic names for items within the Item Master File "to optionally group similar inventory items together under one name. Generic names appear on selected inventory reports and can be used to access specific items in IC30.1 (Item Search)." (L0012907).  For example, a customer could set up Generic Names for each department in the store. This way they can access all items in a particular department at once. For example, they can access all bakery goods in IC30.1 (Item Search) using the generic name BAKERY.  (L0012908).<br><br>Additionally, Lawson's prior art systems enabled users to choose a Replacement Item for any item entered into Item Master, which would automatically be used to replace an ordered item when that item did not have sufficient stock to fill an order. (L0012658, L0012942).). Additionally, |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | Lawson's prior art Requisition Module enabled users to choose one or more substitute items and to identify these substitute items in fields within the item master record for an item.  The substitute items would be displayed to the user if an item and its replacement (if one is set up) were not available so the user would have the option to substitute a substitute item for the ordered item. (L0012942).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |
| | | |
| 26. A method comprising the steps of: | | Claim 26 is anticipated by Lawson under Plaintiff's constructions. |
| maintaining at least two products catalogs on a database containing data relating to items associated with the respective sources; | "catalog" and "product catalog" mean: an organized collection of items and associated information, published by a vendor (which includes suppliers, manufacturers, and distributors), which preferably includes a part number, price, catalog number, vendor name, vendor ID, a textual description of the item, and images of or relating to the item. | Lawson's current and prior art systems do not maintain "catalogs" or "at least two product catalogs" per the Court's construction of "catalog."<br><br>Plaintiff alleges that the accused systems' item master database meets this claim limitation.  Lawson disputes this contention because, among other reasons, the data in item master is organized in a similar way to the prior art RIMS part master, recognized in the patents in suit not to be a catalog or at least two product catalogs.  Under the Court's definition, item master is not organized into at least two product catalogs, each of which is published by a vendor, manufacturer, or distributor and does not preferably (or ever) include images.  Nevertheless, the item master used in the accused systems is the same as the item master used in |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | the Lawson's prior art system:<br><br>The Lawson's prior art software included a database ("Item Master File") with items that could be ordered using the Requisition and Purchase Order modules:  "The item master file consists of item information that is not location specific such as the item description, generic name, freight class, sales class, inventory class, purchasing class, tax code, units of measure, etc." (L0012922).<br><br>There were standard and custom fields for each item within the item master file.  Standard fields included: Item Group, Item identifier, first Description line and Stock UOM (unit of measure).  (L0012923).  Custom fields might include: size, style, color, manufacturer name, version number, release date, etc. (L0012931).<br><br> Lawson's prior art Item Master File could include items from multiple different vendors or sources but is not organized by vendor or source. (See, e.g., L0012968; L0012853; L0012854; L0012881; L0012936; L0012969).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included at least two product catalogs meeting this limitation. |
| selecting the product catalogs to search; | | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | construction of "catalog" and do not perform the function of selecting product catalogs to search.<br><br>Plaintiff alleges that the accused systems' ability to search different fields of item master (such as vendor catalog number, partial description, manufacturer code, classification code, vendor name, and manufacturer name, among other item attributes) satisfies this claim limitation. Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing:  item master.  No selection is made.  Although a user may choose to search different fields of item records in item master or search for various item attributes, all of the item records in item master available to the user are searched to find matches to these attributes.  Nevertheless, item master is searched in the same way in the accused systems as it was searched in the Lawson's prior art system:<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes.  For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924).  Users could search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617). Alternatively, Lawson's prior art Purchase Order Module |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |
| searching for matching items among the selected product catalogs; | Matching items:  the search results | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog."  Likewise, they do not allow for selecting the product catalogs to search, and thus cannot have the required "matching items."  Lawson's current and prior art systems do not even allow for searching selected portions of the item master database.<br><br>Plaintiff alleges that the accused systems' search engine used to search the item master database meets this claim limitation.  For example, ePlus alleges:  "After a search request is input, the search engine searches the catalogs in the item master for items matching the input search query and returns a hit list of matching items.. . . .  the Search Catalog feature looks for keywords in the database to match the search string you entered in the search box.... For example, [you can search based on] Lawson item number, UPC number, or description. . . .  The M3 e-Procurement application includes a search engine to search the meta-catalog for desired items."<br><br>Lawson disputes this contention because, among other |

| EXHIBIT A | | |
| --- | --- | --- |
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | reasons, when building a requisition the accused system searches only one thing: item master. No selection is made. Nevertheless, item master is searched in the same way in the accused systems as it was searched in the Lawson's prior art system: <br><br> The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes. For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924). Users could search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Similarly, the accused products use keyword searching of predefined keywords. (L0032296). <br><br> The Lawson's prior art software item search searched the entire item master database. Similarly, each time a user performs a "Search Catalog" operation, the Lawson S3 and M3 software searches the entire item master. <br><br> Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | |
| building a requisition using data relating to selected matching items and their associated source(s); | Selected matching items: requisition items | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog."  Likewise, they do not perform the function of building a requisition using data relating to selected matching items and their associated source(s), at least because they do not have "selected matching items" as described above.<br><br>Nevertheless, Lawson's prior art Requisition Module enabled users to create a requisition from items returned as a result of searching the item master database.  (L0009747-49; L0009741; L0013226' L0015719-22; L0009734).  "To print a catalog of items  Run RQ250 (Item Catalog) to print a list of the items and their descriptions for the selected item group and inventory class. This program lists only inventoried and non-stock items defined in IC11 (Item Master)." (L0009753).  "How you create a requisition depends on the type of items you request and from where you request them. You can request four types of items: inventoried, non-stock, special orders, and services. . . . Tips While creating a requisition, you can select an item and display its stock-on-hand balances and other inventory information." (L0009740).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| processing the requisition to generate one or more purchase orders for the selected matching items; and | | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog." Likewise, they do not process the requisition to generate one or more purchase orders for the selected matching items, at least because they do not have "selected matching items" as described above.<br><br>Nevertheless, Lawson's prior art Requisition Module enabled users to create purchase orders from a requisition. (L0009747-49). Purchase orders could be issued to multiple vendors. (L0013161).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |
| determining whether a selected matching item is available in inventory. | | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog." Likewise, they do not perform the function of determining whether a selected matching item is available in inventory, at least because they do not have "selected matching items" as described above.<br><br>Nevertheless, the Lawson's prior art software tracked inventory of items in the Item Master File. (L0012852). The Lawson's prior art software tracked inventory in multiple locations: "Locations define places within a company where you store inventory. They can represent physical places such as cities, buildings, warehouses or they |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | can represent logical classifications such as administration, supplies, finished goods, etc." (L0012876). Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |
| | | |
| 28. A method comprising the steps of: | | Claim 28 is anticipated by Lawson under Plaintiff's constructions. |
| maintaining at least two products catalogs on a database containing data relating to items associated with the respective sources; | "catalog" and "product catalog" mean: an organized collection of items and associated information, published by a vendor (which includes suppliers, manufacturers, and distributors), which preferably includes a part number, price, catalog number, vendor name, vendor ID, a textual description of the item, and images of or relating to the item. | Lawson's current and prior art systems do not maintain "catalogs" or "at least two product catalogs" per the Court's construction of "catalog." Plaintiff alleges that the accused systems' item master database meets this claim limitation. Lawson disputes this contention because, among other reasons, the data in item master is organized in a similar way to the prior art RIMS part master, recognized in the patents in suit not to be a catalog or at least two product catalogs. Under the Court's definition, item master is not organized into at least two product catalogs, each of which is published by a vendor, manufacturer, or distributor and does not preferably (or ever) include images. Nevertheless, the item master used in the accused systems is the same as the item master used in the Lawson's prior art system: The Lawson's prior art software included a database ("Item Master File") with items that could be ordered using the |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | Requisition and Purchase Order modules: "The item master file consists of item information that is not location specific such as the item description, generic name, freight class, sales class, inventory class, purchasing class, tax code, units of measure, etc." (L0012922).<br><br>There were standard and custom fields for each item within the item master file. Standard fields included: Item Group, Item identifier, first Description line and Stock UOM (unit of measure). (L0012923). Custom fields might include: size, style, color, manufacturer name, version number, release date, etc. (L0012931).<br><br>Lawson's prior art Item Master File could include items from multiple different vendors or sources but is not organized by vendor or source. (See, e.g., L0012968; L0012853; L0012854; L0012881; L0012936; L0012969).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included at least two product catalogs meeting this limitation. |
| selecting the product catalogs to search; | | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog" and do not perform the function of selecting product catalogs to search.<br><br>Plaintiff alleges that the accused systems' ability to search |

| EXHIBIT A | | |
| --- | --- | --- |
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | different fields of item master (such as vendor catalog number, partial description, manufacturer code, classification code, vendor name, and manufacturer name, among other item attributes) satisfies this claim limitation. Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing:  item master.  No selection is made.  Although a user may choose to search different fields of item records in item master or search for various item attributes, all of the item records in item master available to the user are searched to find matches to these attributes.  Nevertheless, item master is searched in the same way in the accused systems as it was searched in the Lawson's prior art system: |
| | | The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes.  For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924).  Users could search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617).  Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67). |
| | | Thus, to the extent Plaintiff's contentions are adopted, |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | Plaintiff apparently alleges that Lawson's prior art system included this recited element. |
| searching for matching items among the selected product catalogs; | Matching items:  the search results | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog."  Likewise, they do not allow for selecting the product catalogs to search, and thus cannot have the required "matching items."  Lawson's current and prior art systems do not even allow for searching selected portions of the item master database. |
| | | Plaintiff alleges that the accused systems' search engine used to search the item master database meets this claim limitation.  For example, ePlus alleges:  "After a search request is input, the search engine searches the catalogs in the item master for items matching the input search query and returns a hit list of matching items.. . . .  the Search Catalog feature looks for keywords in the database to match the search string you entered in the search box.... For example, [you can search based on] Lawson item number, UPC number, or description. . . .  The M3 e-Procurement application includes a search engine to search the meta-catalog for desired items." |
| | | Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing:  item master.  No selection is made.  Nevertheless, item master is searched in the same way in the accused systems as it was searched in the |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | Lawson's prior art system:<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes. For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924). Users could search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Similarly, the accused products use keyword searching of predefined keywords. (L0032296).<br><br>The Lawson's prior art software item search searched the entire item master database. Similarly, each time a user performs a "Search Catalog" operation, the Lawson S3 and M3 software searches the entire item master.<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |
| building a requisition using data relating to selected matching items and their associated source(s); | Selected matching items: requisition items | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog." Likewise, they do not perform |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | the function of building a requisition using data relating to selected matching items and their associated source(s), at least because they do not have "selected matching items" as described above.<br><br>Nevertheless, Lawson's prior art Requisition Module enabled users to create a requisition from items returned as a result of searching the item master database.  (L0009747-49; L0009741; L0013226' L0015719-22; L0009734).  "To print a catalog of items  Run RQ250 (Item Catalog) to print a list of the items and their descriptions for the selected item group and inventory class. This program lists only inventoried and non-stock items defined in IC11 (Item Master)."  (L0009753).  "How you create a requisition depends on the type of items you request and from where you request them. You can request four types of items: inventoried, non-stock, special orders, and services. . . . Tips While creating a requisition, you can select an item and display its stock-on-hand balances and other inventory information."  (L0009740).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |
| processing the requisition to generate one or more purchase orders for the selected matching items; and | | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog."  Likewise, they do not process the requisition to generate one or more purchase orders for the |

31

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | selected matching items, at least because they do not have "selected matching items" as described above.<br><br>Nevertheless, Lawson's prior art Requisition Module enabled users to create purchase orders from a requisition. (L0009747-49).  Purchase orders could be issued to multiple vendors.  (L0013161).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |
| converting data relating to a selected matching item and an associated source to data relating to an item and a different source. | Converting data relating to a selected matching item and an associated source to data relating to an item and a different source: substituting data relating to a selected matching item and an associated source to data relating to an item and a different source." | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog."  Likewise, they cannot have the required "matching items" or "selected matching items."<br><br>Plaintiff alleges that the accused systems' ability to assign categories to items, including categories defined by UNSPSC, meet this claim element.<br><br>Regarding the accused S3 product, Plaintiff alleges:  "Data in the Item Master is organized hierarchically by mapping each item data record to a universal commodity code, such as the UNSPSC code. The commodity codes, in turn, are mapped to product categories in a category hierarchy tree. The category hierarchy tree is organized to drill down to more specific levels within a product category. This category hierarchy tree mapping of product commodity |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | codes to product categories is used in conducting searches. Thus, when a user conducts a hierarchical categories search using the search engine, the search engine performs a lookup and the mapping, or cross-referencing, of the product categories in the hierarchy tree to the associated commodity code will retrieve all item data records in the database which are mapped to the commodity code associated with the product category in the category hierarchy Thus, the accused Lawson systems have the capability of identifying items from a second vendor's catalog that are similar, generally equivalent or identical to an item in a first vendor's catalog through the search engine lookup that cross-references each item data record to a universal commodity code and cross-references each commodity code to a product category in the category hierarchy tree." <br><br> Regarding the accused M3 product, Plaintiff alleges: "Lawson's M3 e-Procurement application includes the ability to conduct searches by product category or group. Each product is assigned to a product category or group such that if a user searches by using the product category/group hierarchy tree, the user can find similar items from different suppliers which have been cross-referenced to the same product category/group." <br><br> Lawson disputes these contentions, because among other reasons, UNSPSC codes do not group cross-referenced items, identical items, or generally equivalent items -- items |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | within a lowest-level UNSPSC code group are not necessarily substitutes for each other, and are not in fact used to substitute one item with another without user intervention.   Further, all substitutions of one item for a different item in a requisition or purchase order in Lawson's accused products/services are done by a person.<br><br>Nevertheless, in the same way that the accused systems allow for classification of items in item master into groups using the UNSPSC codes and allow a person to substitute one item for another, the Lawson's prior art system allowed for classification of items in item master into a hierarchy of categories, called classes, and allowed a person to substitute one item for another:<br><br>The Lawson's prior art software allowed customers (e.g. ABC Foods) to define a hierarchy of classes for items within item master.  "Classes further define items in the item master file for inquiry, processing, and reporting purposes. The set up procedure for each class type is exactly the same. Use all class types to access items in IC30.1 (Item Search). Use inventory classes to select items for reporting purposes and sales classes for pricing and sales analysis. Purchasing classes are used extensively in the Lawson Purchase Order system."  (L0012887). "Inventory Class:  A user-defined subdivision of inventory by product grouping viewed from an inventory perspective. A major class and a minor class are available for further subdivision if desired. For example, a customer could |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | define a major inventory class for fruit and minor inventory classes to classify varieties of fruit (e.g., apples, pears, etc.). (L0012906).  You can use inventory classes as a selection criteria in the item search inquiry program and in several report programs including the movement analysis report." (L0013133).<br><br>In addition to defining classes, the Lawson's prior art software allowed customers to define generic names for items within the Item Master File "to optionally group similar inventory items together under one name. Generic names appear on selected inventory reports and can be used to access specific items in IC30.1 (Item Search)." (L0012907).  For example, a customer could set up Generic Names for each department in the store. This way they can access all items in a particular department at once. For example, they can access all bakery goods in IC30.1 (Item Search) using the generic name BAKERY.  (L0012908).<br><br>Additionally, Lawson's prior art systems enabled users to choose a Replacement Item for any item entered into Item Master, which would automatically be used to replace an ordered item when that item did not have sufficient stock to fill an order. ((L0012658, L0012942). Additionally, Lawson's prior art Requisition Module enabled users to choose one or more substitute items and to identify these substitute items in fields within the item master record for an item.  The substitute items would be displayed to the user if an item and its replacement (if one is set up) were |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | not available so the user would have the option to substitute a substitute item for the ordered item. (L0012942).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |
| | | |
| 29. The method of claim 28 further comprising the step of determining whether a selected matching item is available in inventory. | | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog."  Likewise, they do not perform the function of determining whether a selected matching item is available in inventory, at least because they do not have "selected matching items" as described above.<br><br>Nevertheless, the Lawson's prior art software tracked inventory of items in the Item Master File.  (L0012852). The Lawson's prior art software tracked inventory in multiple locations:  "Locations define places within a company where you store inventory.  They can represent physical places such as cities, buildings, warehouses or they can represent logical classifications such as administration, supplies, finished goods, etc." (L0012876).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element.<br><br>Claim 29 is anticipated by Lawson under Plaintiff's constructions. |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '683 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
|  |  |  |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| 1. An electronic sourcing system comprising: | electronic sourcing system: an electronic system for use by a prospective buyer to locate and find items to purchase from sources, suppliers or vendors. | Lawson's prior art was an electronic sourcing system as defined by the Court. Locating items is disclosed at L0013226 (Purchase Order Procedures Manual). Purchasing the located items is the subject if the entire Purchase Order Procedures Manual, L0013146-295. Claim 1 is anticipated by Lawson under Plaintiff's contentions supporting its infringement case. |
| a collection of catalogs of items stored in an electronic format; | "catalog" and "product catalog" mean: an organized collection of items and associated information, published by a vendor (which includes suppliers, manufacturers, and distributors), which preferably includes a part number, price, catalog number, vendor name, vendor ID, a textual description of the item, and images of or relating to the item. | Lawson's current and prior art systems do not maintain "a collection of catalogs" per the Court's construction of "catalog." Plaintiff alleges that the accused systems' item master database meets this claim limitation. Lawson disputes this contention because, among other reasons, the data in item master is organized in a similar way to the prior art RIMS part master, recognized in the patents in suit not to be a catalog or at least two product catalogs. Under the Court's definition, item master is not organized into at least two product catalogs, each of which is published by a vendor, manufacturer, or distributor and does not preferably (or ever) include images. Nevertheless, the item master used in the accused systems is the same as the item master used in the Lawson's prior art system: The Lawson's prior art software included a database ("Item Master File") with items that could be ordered using the Requisition and Purchase Order modules: "The item master |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | file consists of item information that is not location specific such as the item description, generic name, freight class, sales class, inventory class, purchasing class, tax code, units of measure, etc." (L0012922). <br><br> There were standard and custom fields for each item within the item master file. Standard fields included: Item Group, Item identifier, first Description line and Stock UOM (unit of measure). (L0012923). Custom fields might include: size, style, color, manufacturer name, version number, release date, etc. (L0012931). <br><br> Lawson's prior art Item Master File could include items from multiple different vendors or sources but is not organized by vendor or source. (See, e.g., L0012968; L0012853; L0012854; L0012881; L0012936; L0012969). <br><br> Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included at least two product catalogs meeting this limitation. |
| a first set of pre-determined criteria associated with said collection of catalogs; | | Lawson's current and prior art systems do not have a "collection of catalogs" per Plaintiff's construction. <br><br> This element is used as part of the catalog selection protocol element set forth below. Plaintiff alleges that the accused systems' ability to search different fields of item master (such as vendor catalog number, partial description, |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | manufacturer code, classification code, vendor name, and manufacturer name, among other item attributes) satisfies this claim limitation.  Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing:  item master.  No selection is made.  Although a user may choose to search different fields of item records in item master or search for various item attributes, these fields are not "associated with a collection of catalogs" or even portions of the item master database.  Nevertheless, item master is searched in the same way in the accused systems as it was searched in the Lawson's prior art system: <br><br> The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes.  For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924).  Users could search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67). <br><br> Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included a first set of pre-determined criteria associated |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | with said collection of catalogs. |
| a second set of pre-determined criteria associated with items from each of said catalogs; | | Lawson's current and prior art systems do not have a "collection of catalogs" per Plaintiff's construction.<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes.  For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924).  Users could search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617).  Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included a second set of pre-determined criteria associated with items from each of said catalogs. |
| a catalog selection protocol, said catalog selection protocol relying on said first set of predetermined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs, | | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog" and do not have a "catalog selection protocol that relies on a set of criteria to select less than an entire collection of catalogs" per Plaintiff's construction.<br><br>Plaintiff alleges that the accused systems' ability to search |

| EXHIBIT A | | |
| --- | --- | --- |
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party that is one of a manufacturer and a competing vendor, said predetermined third party selling items corresponding to items in said vendor catalog; and | | different fields of item master (such as vendor catalog number, partial description, manufacturer code, classification code, vendor name, and manufacturer name, among other item attributes) satisfies this claim limitation. Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing:  item master.  No selection is made.  Although a user may choose to search different fields of item records in item master or search for various item attributes, all of the item records in item master available to the user are searched to find matches to these attributes.  Nevertheless, the item master is the same and the item master is searched in the same way in the accused systems as it was searched in the Lawson's prior art system:<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes.  For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924).  Users could search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67).<br><br> Lawson's prior art Item Master File could include items |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | from multiple different vendors or sources but is not organized by vendor or source. (See, e.g., L0012968; L0012853; L0012854; L0012881; L0012936; L0012969). Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |
| a search program, said search program relying on said second set of criteria to select specific items from said catalogs determined from said catalog selection protocol. | | Lawson's current and prior art systems do not have a "catalog selection protocol" per the Court's construction of "catalog." Plaintiff alleges that the same feature of accused systems that satisfies the foregoing element also satisfies this element, namely the ability to search different fields of item master (such as vendor catalog number, partial description, manufacturer code, classification code, vendor name, and manufacturer name, among other item attributes) satisfies this claim limitation.  Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing:  item master. No selection is made.  Although a user may choose to search different fields of item records in item master or search for various item attributes, all of the item records in item master available to the user are searched to find matches to these attributes.  Nevertheless, the item master is the same and the item master is searched in the same way in the accused systems as it was searched in the Lawson's |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | prior art system:<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes.  For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924).  Users could search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617).  Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67).  Similarly, the accused products use keyword searching of predefined keywords.  (L0032296).<br><br>The Lawson's prior art software item search searched the entire item master database.  Similarly, each time a user performs a "Search Catalog" operation, the Lawson S3 and M3 software searches the entire item master.<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included a search program as claimed. |
| | | |
| 2. An electronic sourcing system as recited in claim 1, wherein catalogs comprising said collection | electronic sourcing system: an electronic system for use by a prospective buyer to locate and | Lawson's current and prior art systems do not maintain "catalogs" per Plaintiff's construction.  Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| of catalogs are stored in separate databases. | find items to purchase from sources, suppliers or vendors.<br><br>"catalog" and "product catalog" mean: an organized collection of items and associated information, published by a vendor (which includes suppliers, manufacturers, and distributors), which preferably includes a part number, price, catalog number, vendor name, vendor ID, a textual description of the item, and images of or relating to the item. | alleges that Lawson's prior art system included a collection of catalogs of items stored in an electronic format.  Lawson disputes this contention because its system had the ability to maintain only one item database, item master.<br><br>Nevertheless, to the extent Plaintiff accuses Lawson's current system, it would have been obvious to store catalogs of different vendors in separate databases because the catalogs originate from different vendors and would not be provided in the same format.<br><br>Claim 2 is obvious in light of Lawson under Plaintiff's constructions. |
| 6. An electronic sourcing system as recited in claim 1, wherein said second set of predetermined criteria includes at least one of a catalog number and item textual information. | electronic sourcing system: an electronic system for use by a prospective buyer to locate and find items to purchase from sources, suppliers or vendors. | Lawson's current and prior art systems do not have a "second set of predetermined criteria" per the Court's construction of "catalog."<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes.  For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924).  Users could search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617).  Alternatively, Lawson's prior art Purchase Order Module |

45

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Similarly, the accused products use keyword searching of predefined keywords. (L0032296).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included at least one of a catalog number and item textual information.<br><br>Claim 6 is anticipated by Lawson under Plaintiff's constructions. |
| | | |
| 9. An electronic sourcing system comprising: | electronic sourcing system: an electronic system for use by a prospective buyer to locate and find items to purchase from sources, suppliers or vendors. | Lawson's prior art was an electronic sourcing system as defined by the Court. Locating items is disclosed at L0013226 (Purchase Order Procedures Manual). Purchasing the located items is the subject if the entire Purchase Order Procedures Manual, L0013146-295.<br><br>Claim 9 is anticipated by Lawson under Plaintiff's contentions supporting its infringement case. |
| a collection of catalogs of items stored in an electronic format; | "catalog" and "product catalog" mean: an organized collection of items and associated information, published by a vendor (which includes suppliers, manufacturers, and distributors), which preferably includes a part number, price, catalog number, vendor name, | Lawson's current and prior art systems do not maintain "a collection of catalogs" per the Court's construction of "catalog."<br><br>Plaintiff alleges that the accused systems' item master database meets this claim limitation. Lawson disputes this contention because, among other reasons, the data in item master is organized in a similar way to the prior art RIMS |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | vendor ID, a textual description of the item, and images of or relating to the item. | part master, recognized in the patents in suit not to be a catalog or at least two product catalogs.  Under the Court's definition, item master is not organized into at least two product catalogs, each of which is published by a vendor, manufacturer, or distributor and does not preferably (or ever) include images.  Nevertheless, the item master used in the accused systems is the same as the item master used in the Lawson's prior art system:<br><br>The Lawson's prior art software included a database ("Item Master File") with items that could be ordered using the Requisition and Purchase Order modules:  "The item master file consists of item information that is not location specific such as the item description, generic name, freight class, sales class, inventory class, purchasing class, tax code, units of measure, etc." (L0012922).<br><br>There were standard and custom fields for each item within the item master file.  Standard fields included: Item Group, Item identifier, first Description line and Stock UOM (unit of measure).  (L0012923).  Custom fields might include: size, style, color, manufacturer name, version number, release date, etc. (L0012931).<br><br> Lawson's prior art Item Master File could include items from multiple different vendors or sources but is not organized by vendor or source. (See, e.g., L0012968; L0012853; L0012854; L0012881; L0012936; L0012969). |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included at least two product catalogs meeting this limitation. |
| a first identification code associated with a first item in a first catalog; | | Lawson's current and prior art systems do not, as sold, include a first item in a first catalog per the Court's construction of "catalog."<br><br>Plaintiff alleges that the accused systems' use of item vendor part numbers, manufacturer part numbers, and categories, including categories defined by UNSPSC, meet this claim element.<br><br>Lawson's prior art system identified items by codes, including "Vendor ID" and "Item Number."  (L0015715). Likewise, in the same way that the accused systems allow for classification of items in item master into groups using the UNSPSC codes and allow a person to substitute one item for another, the Lawson's prior art system allowed for classification of items in item master into a hierarchy of categories, called classes, and allowed a person to substitute one item for another:<br><br>The Lawson's prior art software allowed customers (e.g. ABC Foods) to define a hierarchy of classes for items within item master.  "Classes further define items in the item master file for inquiry, processing, and reporting purposes. The set up procedure for each class type is |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | exactly the same. Use all class types to access items in IC30.1 (Item Search). Use inventory classes to select items for reporting purposes and sales classes for pricing and sales analysis. Purchasing classes are used extensively in the Lawson Purchase Order system."  (L0012887). "Inventory Class:  A user-defined subdivision of inventory by product grouping viewed from an inventory perspective. A major class and a minor class are available for further subdivision if desired. For example, a customer could define a major inventory class for fruit and minor inventory classes to classify varieties of fruit (e.g., apples, pears, etc.). (L0012906).  You can use inventory classes as a selection criteria in the item search inquiry program and in several report programs including the movement analysis report." (L0013133).<br><br>In addition to defining classes, the Lawson's prior art software allowed customers to define generic names for items within the Item Master File "to optionally group similar inventory items together under one name. Generic names appear on selected inventory reports and can be used to access specific items in IC30.1 (Item Search)." (L0012907).  For example, a customer could set up Generic Names for each department in the store. This way they can access all items in a particular department at once. For example, they can access all bakery goods in IC30.1 (Item Search) using the generic name BAKERY.  (L0012908).<br><br>Thus, to the extent Plaintiff's contentions are adopted, |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | Plaintiff apparently also alleges that Lawson's prior art system included a first identification code associated with a first item in a first catalog. |
| a second identification code associated with a second item in a second catalog, said first item and said second item being generally equivalent, and wherein a selection of one identification code from one of said first and second catalogs provides the other identification code from the other of said catalogs. | | Lawson's current and prior art systems do not, as sold, include a second item in a second catalog per the Court's construction of "catalog." Plaintiff alleges that the accused systems "have the capability of identifying 'similar,' 'generally equivalent,' or 'identical' items during search performed across the collection of catalogs since, for a given item, the system maintains cross references, or mappings, between all items of multiple suppliers mapped to the same commodity code, product category or product group. . . . . Likewise, if a user searches by product category or product group, the search engine will retrieve all items offered by all suppliers that have been mapped to the same product category/group and thus having the same commodity code, but different supplier/vendor IDs." Lawson disputes these contentions, because among other reasons, UNSPSC codes do not group cross-referenced items, identical items, or generally equivalent items -- items within a lowest-level UNSPSC code group are not necessarily substitutes for each other, and are not in fact used to substitute one item with another without user intervention." |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | Lawson disputes these contentions, because among other reasons, UNSPSC codes do not group generally equivalent items -- items within a lowest-level UNSPSC code group are not necessarily substitutes for each other, and are not in fact used to substitute one item with another without user intervention.  Nevertheless, in the same way that the accused systems allow for searching by UNSPSC classification codes in item master, the Lawson's prior art system allowed for searching by inventory and sales classification in item master: |
| | | The Lawson's prior art software allowed customers (e.g. ABC Foods) to define a hierarchy of classes for items within item master.  "Classes further define items in the item master file for inquiry, processing, and reporting purposes. The set up procedure for each class type is exactly the same. Use all class types to access items in IC30.1 (Item Search). Use inventory classes to select items for reporting purposes and sales classes for pricing and sales analysis. Purchasing classes are used extensively in the Lawson Purchase Order system." (L0012887). "Inventory Class:  A user-defined subdivision of inventory by product grouping viewed from an inventory perspective. A major class and a minor class are available for further subdivision if desired. For example, a customer could define a major inventory class for fruit and minor inventory classes to classify varieties of fruit (e.g., apples, pears, etc.). (L0012906).  You can use inventory classes as a selection criteria in the item search inquiry program and in several |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | report programs including the movement analysis report." (L0013133). In addition to defining classes, the Lawson's prior art software allowed customers to define generic names for items within the Item Master File "to optionally group similar inventory items together under one name. Generic names appear on selected inventory reports and can be used to access specific items in IC30.1 (Item Search)." (L0012907). For example, a customer could set up Generic Names for each department in the store. This way they can access all items in a particular department at once. For example, they can access all bakery goods in IC30.1 (Item Search) using the generic name BAKERY. (L0012908). Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently also alleges that Lawson's prior art system included this element. |
| 21. An electronic sourcing system comprising: | electronic sourcing system: an electronic system for use by a prospective buyer to locate and find items to purchase from sources, suppliers or vendors. | Lawson's prior art was an electronic sourcing system as defined by the Court. Locating items is disclosed at L0013226 (Purchase Order Procedures Manual). Purchasing the located items is the subject if the entire Purchase Order Procedures Manual, L0013146-295. Claim 21 is anticipated by Lawson under Plaintiff's contentions supporting its infringement case. |
| a requisition module including | | Plaintiff alleges that Lawson's accused products meet this |

52

| EXHIBIT A | | |
| --- | --- | --- |
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| data fields, user-generated criteria entered into at least one of said data fields to generate at least partial criteria corresponding to a desired item; | | claim limitation because the "requisition modules automatically build requisitions. They each include a user-interface which includes data fields which enable the user to enter criteria corresponding to a desired item, such as supplier name or Item ID, for example."<br><br>Similarly, Lawson's prior art system included a requisition module that included data fields and enabled a user to enter an item code and to then search for items matching that item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  L0015617. |
| a catalog collection searching module, said searching module including a collection of catalogs of items stored in an electronic format, | "catalog" and "product catalog" mean: an organized collection of items and associated information, published by a vendor (which includes suppliers, manufacturers, and distributors), which preferably includes a part number, price, catalog number, vendor name, vendor ID, a textual description of the item, and images of or relating to the item. | Lawson's current and prior art systems do not maintain "catalogs" or a "collection of catalogs" per the Court's construction of "catalog."<br><br>Plaintiff alleges that the accused systems' item master database and the search engine used to search this database meet this claim limitation.  Lawson disputes this contention because, among other reasons, the data in item master is organized in a similar way to the prior art RIMS part master, recognized in the patents in suit not to be a catalog or at least two product catalogs.  Under the Court's definition, item master is not organized into at least two product catalogs, each of which is published by a vendor, manufacturer, or distributor and does not preferably (or ever) include images.  Nevertheless, the item master used in the accused systems is the same as the item master used in |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | the Lawson's prior art system and searches of item master were performed in the same way:<br><br>The Lawson's prior art software included a database ("Item Master File") with items that could be ordered using the Requisition and Purchase Order modules: "The item master file consists of item information that is not location specific such as the item description, generic name, freight class, sales class, inventory class, purchasing class, tax code, units of measure, etc." (L0012922).<br><br>There were standard and custom fields for each item within the item master file. Standard fields included: Item Group, Item identifier, first Description line and Stock UOM (unit of measure). (L0012923). Custom fields might include: size, style, color, manufacturer name, version number, release date, etc. (L0012931).<br><br>Lawson's prior art Item Master File could include items from multiple different vendors or sources but is not organized by vendor or source. (See, e.g., L0012968; L0012853; L0012854; L0012881; L0012936; L0012969).<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes. For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924). Users |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | could search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Similarly, the accused products use keyword searching of predefined keywords. (L0032296).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Lawson's prior art system must also meet this claim limitation. |
| a catalog selection criteria used to select less than said entire collection, | | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog" and do not have a " catalog selection criteria used to select less than said entire collection" per Plaintiff's construction.<br><br>Plaintiff alleges that the accused systems' ability to search different fields of item master (such as vendor catalog number, partial description, manufacturer code, classification code, vendor name, and manufacturer name, among other item attributes) satisfies this claim limitation. Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing:  item master.  No selection is made.  Although a user may choose to search different fields of item records in item master or search for various item attributes, all of the item records in item master |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | available to the user are searched to find matches to these attributes. Nevertheless, the item master is the same and the item master is searched in the same way in the accused systems as it was searched in the Lawson's prior art system:<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes. For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924). Users could search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Lawson's prior art system must also disclose a catalog selection criteria used to select less than said entire collection. |
| said searching module being used to generate additional search-module criteria for said data fields of said requisition module; | | Lawson's current and prior art systems do not have "said searching module" per Plaintiff's constructions.<br><br>Plaintiff alleges that the accused systems meet this claim element because they "retrieve item data records from the catalog(s) selected that match the search query criteria. The information for the matching items may include additional |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | information about the matching items that can be used in building the requisition, such as part number, price, etc., which are then included in data fields of the requisition-in-process."  Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing:  item master.  No selection is made.<br><br>Nevertheless, as described above, Lawson's prior art retrieved item data records from item master that matched search criteria.  The information for the matching items included additional information about the matching items that was used to build requisitions.  (L0013162).<br><br>To the extent Plaintiff accuses Lawson's current system, and to the extent Plaintiff's constructions are adopted, Lawson's prior art system must also disclose this limitation. |
| a multiple purchase order generation module, said purchase order generation module creating multiple purchase orders from a single requisition created with said user-generated criteria and said search-module criteria; | | Lawson's current and prior art systems do not have "search-module criteria" and thus no requisition created with such criteria.<br><br>Nevertheless, Lawson's prior art Requisition Module enabled users to create purchase orders from a requisition. (L0009747-49).  Purchase orders could be issued to multiple vendors.  (L0013161).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | |
| wherein each of at least two catalogs include a generally equivalent item from a different source, said requisition module working in combination with said catalog searching module to determine multiple sources for said item; | | Lawson's current and prior art systems do not include "catalogs" per the Court's construction of "catalog" or a "searching module" as discussed above.<br><br>Plaintiff alleges that the accused systems' ability to assign categories to items, including categories defined by UNSPSC, meet this claim element. Lawson disputes these contentions, because among other reasons, UNSPSC codes do not group generally equivalent items -- items within a lowest-level UNSPSC code group are not necessarily substitutes for each other, and are not in fact used to substitute one item with another without user intervention.<br><br>Nevertheless, in the same way that the accused systems allow for classification of items in item master into groups using the UNSPSC codes and allow a person to substitute one item for another, the Lawson's prior art system allowed for classification of items in item master into a hierarchy of categories, called classes, and allowed a person to substitute one item for another:<br><br>The Lawson's prior art software allowed customers (e.g. ABC Foods) to define a hierarchy of classes for items within item master. "Classes further define items in the item master file for inquiry, processing, and reporting purposes. The set up procedure for each class type is exactly the same. Use all class types to access items in IC30.1 (Item Search). Use inventory classes to select items |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | for reporting purposes and sales classes for pricing and sales analysis. Purchasing classes are used extensively in the Lawson Purchase Order system." (L0012887). "Inventory Class: A user-defined subdivision of inventory by product grouping viewed from an inventory perspective. A major class and a minor class are available for further subdivision if desired. For example, a customer could define a major inventory class for fruit and minor inventory classes to classify varieties of fruit (e.g., apples, pears, etc.). (L0012906). You can use inventory classes as a selection criteria in the item search inquiry program and in several report programs including the movement analysis report." (L0013133).<br><br>In addition to defining classes, the Lawson's prior art software allowed customers to define generic names for items within the Item Master File "to optionally group similar inventory items together under one name. Generic names appear on selected inventory reports and can be used to access specific items in IC30.1 (Item Search)." (L0012907). For example, a customer could set up Generic Names for each department in the store. This way they can access all items in a particular department at once. For example, they can access all bakery goods in IC30.1 (Item Search) using the generic name BAKERY. (L0012908).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Lawson's prior art system must also meet this limitation. |
| wherein said multiple sources is | | Lawson's current and prior art systems do not have "search- |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| limited by said catalog searching module providing a match according to said user-generated criteria, said search-module criteria and a determination system that located items are generally equivalent; and | | module criteria" and thus no matching to such criteria occurs.<br><br>Plaintiff alleges that the accused systems' ability to assign categories to items, including categories defined by UNSPSC, meet this claim element.  Lawson disputes these contentions, because among other reasons, UNSPSC codes do not group generally equivalent items -- items within a lowest-level UNSPSC code group are not necessarily substitutes for each other, and are not in fact used to substitute one item with another without user intervention. Further, Lawson's accused products do not have a determination system that determines whether items are generally equivalent.  All substitutions of one item for a different item in a requisition or purchase order in Lawson's accused products/services are done by a person and are user-determined.<br><br>Nevertheless, in the same way that the accused systems allow for classification of items in item master into groups using the UNSPSC codes and allow a person to substitute one item for another, the Lawson's prior art system allowed for classification of items in item master into a hierarchy of categories as described above.<br><br>To the extent Plaintiff accuses Lawson's current system, Lawson's prior art system must also disclose this element. |
| wherein said determination system includes a cross reference table | cross-reference table: a table that links vendor's items determined to | Lawson's current and prior art systems do not provide for multiple catalogs per the Court's construction of "catalog." |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| matching an identification code from a first located item with a second identification code from a second located item. | be equivalent between two or more different vendors. | and thus there is no "first located item" or "second located item," so such items thus cannot be matched.<br><br>Plaintiff alleges that the accused systems' ability to assign categories to items, including categories defined by UNSPSC, meet this claim element.  Lawson disputes these contentions, because among other reasons, UNSPSC codes do not group cross-referenced items, identical items, or generally equivalent items and the accused systems do not maintain a "cross-reference table" that links vendors items determined to be equivalent between two or more different vendors. Rather, a user may optionally add a UNSPSC code in a field of an item record in item master, but this is not a table that links vendor's items together and as mentioned above, does not equate to item equivalency.  Nevertheless, in the same way that the accused systems allow for classification of items in item master into groups using the UNSPSC codes and allow a person to substitute one item for another, the Lawson's prior art system allowed for classification of items in item master into a hierarchy of categories, called classes, as described above.<br><br>Thus, to the extent Plaintiff's contentions are adopted, Lawson's prior art system would also meet this limitation. |
| | | |
| 22. An electronic sourcing system as recited in claim 21, wherein said determination system includes an identical identification code for | electronic sourcing system: an electronic system for use by a prospective buyer to locate and find items to purchase from | |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| each of said located items. | sources, suppliers or vendors. | |
| | | |
| 29. An electronic sourcing system comprising: | electronic sourcing system: an electronic system for use by a prospective buyer to locate and find items to purchase from sources, suppliers or vendors. | Lawson's prior art was an electronic sourcing system as defined by the Court. Locating items is disclosed at L0013226 (Purchase Order Procedures Manual). Purchasing the located items is the subject if the entire Purchase Order Procedures Manual, L0013146-295.<br><br>Claim 29 is anticipated by Lawson under Plaintiff's contentions supporting its infringement case. |
| a collection of catalogs of items stored in an electronic format; | "catalog" and "product catalog" mean: an organized collection of items and associated information, published by a vendor (which includes suppliers, manufacturers, and distributors), which preferably includes a part number, price, catalog number, vendor name, vendor ID, a textual description of the item, and images of or relating to the item. | Lawson's current and prior art systems do not maintain "a collection of catalogs" per the Court's construction of "catalog."<br><br>Plaintiff alleges that the accused systems' item master database meets this claim limitation. Lawson disputes this contention because, among other reasons, the data in item master is organized in a similar way to the prior art RIMS part master, recognized in the patents in suit not to be a catalog or at least two product catalogs. Under the Court's definition, item master is not organized into at least two product catalogs, each of which is published by a vendor, manufacturer, or distributor and does not preferably (or ever) include images. Nevertheless, the item master used in the accused systems is the same as the item master used in the Lawson's prior art system:<br><br>The Lawson's prior art software included a database ("Item Master File") with items that could be ordered using the |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | Requisition and Purchase Order modules: "The item master file consists of item information that is not location specific such as the item description, generic name, freight class, sales class, inventory class, purchasing class, tax code, units of measure, etc." (L0012922). There were standard and custom fields for each item within the item master file. Standard fields included: Item Group, Item identifier, first Description line and Stock UOM (unit of measure). (L0012923). Custom fields might include: size, style, color, manufacturer name, version number, release date, etc. (L0012931). Lawson's prior art Item Master File could include items from multiple different vendors or sources but is not organized by vendor or source. (See, e.g., L0012968; L0012853; L0012854; L0012881; L0012936; L0012969). Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included at least two product catalogs meeting this limitation. |
| a first set of pre-determined criteria associated with said collection of catalogs; | | Lawson's current and prior art systems do not have a "collection of catalogs" per Plaintiff's construction. Plaintiff alleges that the accused systems' ability to search different fields of item master (such as vendor catalog number, partial description, manufacturer code, |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | classification code, vendor name, and manufacturer name, among other item attributes) satisfies this claim limitation. Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing: item master. No selection is made. Although a user may choose to search different fields of item records in item master or search for various item attributes, these fields are not "associated with a collection of catalogs" or even portions of the item master database. Nevertheless, item master is searched in the same way in the accused systems as it was searched in the Lawson's prior art system: The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes. For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924). Users could search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included a first set of pre-determined criteria associated |

| EXHIBIT A | | |
| --- | --- | --- |
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | with said collection of catalogs. |
| a second set of pre-determined criteria associated with items from each of said catalogs; | | Lawson's current and prior art systems do not have a "collection of catalogs" per Plaintiff's construction.<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes. For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924). Users could search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included a second set of pre-determined criteria associated with items from each of said catalogs. |
| a catalog selection protocol, said catalog selection protocol relying on said first set of predetermined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs, | | Lawson's current and prior art systems do not maintain "catalogs" or "product catalogs" per the Court's construction of "catalog" and do not have a "catalog selection protocol that relies on a set of criteria to select less than an entire collection of catalogs" per Plaintiff's construction.<br><br>Plaintiff alleges that the accused systems' ability to search |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party; | | different fields of item master (such as vendor catalog number, partial description, manufacturer code, classification code, vendor name, and manufacturer name, among other item attributes) satisfies this claim limitation. Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing: item master. No selection is made. Although a user may choose to search different fields of item records in item master or search for various item attributes, all of the item records in item master available to the user are searched to find matches to these attributes. Nevertheless, the item master is the same and the item master is searched in the same way in the accused systems as it was searched in the Lawson's prior art system:

The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes. For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924). Users could search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67).

Lawson's prior art Item Master File could include items |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | from multiple different vendors or sources but is not organized by vendor or source. (See, e.g., L0012968; L0012853; L0012854; L0012881; L0012936; L0012969).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited element. |
| a search program, said search program relying on said second set of criteria to select specific items from said catalogs determined from said catalog selection protocol; and | | Lawson's current and prior art systems do not have a "catalog selection protocol" per the Court's construction of "catalog."<br><br>Plaintiff alleges that the same feature of accused systems that satisfies the foregoing element also satisfies this element, namely the ability to search different fields of item master (such as vendor catalog number, partial description, manufacturer code, classification code, vendor name, and manufacturer name, among other item attributes) satisfies this claim limitation.  Lawson disputes this contention because, among other reasons, when building a requisition the accused system searches only one thing:  item master.  No selection is made.  Although a user may choose to search different fields of item records in item master or search for various item attributes, all of the item records in item master available to the user are searched to find matches to these attributes.  Nevertheless, the item master is the same and the item master is searched in the same way in the accused systems as it was searched in the Lawson's |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | prior art system:<br><br>The Lawson's prior art software included the ability to search the Item Master File using a number of different types of queries or for different item attributes.  For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924).  Users could search for items by an item code. (L0013226).  The item code is a "Key Field" (L0015722) that the system uses to access the data file information.  (L0015617).  Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item.  (L0016265-67).  Similarly, the accused products use keyword searching of predefined keywords.  (L0032296).<br><br>The Lawson's prior art software item search searched the entire item master database.  Similarly, each time a user performs a "Search Catalog" operation, the Lawson S3 and M3 software searches the entire item master.<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included a search program as claimed. |
| a cross reference table linking a vendor item catalog number from said vendor with an item catalog number from said predetermined | cross-reference table: a table that links vendor's items determined to be equivalent between two or more different vendors. | Lawson's current and prior art systems do not include "catalogs" per the Court's construction of "catalog."<br><br>Plaintiff alleges that the accused systems' ability to assign |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| third party. | | categories to items, including categories defined by UNSPSC, meet this claim element.  Lawson disputes these contentions, because among other reasons, UNSPSC codes do not group cross-referenced items, identical items, or generally equivalent items -- items within a lowest-level UNSPSC code group are not necessarily substitutes for each other, and are not in fact used to substitute one item with another without user intervention.   Further, the accused systems do not maintain a "cross-reference table" that links vendors items determined to be equivalent between two or more different vendors.  Rather, a user may optionally add a UNSPSC code in a field of an item record in item master, but this is not a table that links vendor's items together and as mentioned above, does not equate to item equivalency.  Nevertheless, in the same way that the accused systems allow for classification of items in item master into groups using the UNSPSC codes and allow a person to substitute one item for another, the Lawson's prior art system allowed for classification of items in item master into a hierarchy of categories, called classes, and allowed a person to substitute one item for another: <br><br>The Lawson's prior art software allowed customers (e.g. ABC Foods) to define a hierarchy of classes for items within item master.  "Classes further define items in the item master file for inquiry, processing, and reporting purposes. The set up procedure for each class type is exactly the same. Use all class types to access items in IC30.1 (Item Search). Use inventory classes to select items |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '516 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | for reporting purposes and sales classes for pricing and sales analysis. Purchasing classes are used extensively in the Lawson Purchase Order system." (L0012887). "Inventory Class: A user-defined subdivision of inventory by product grouping viewed from an inventory perspective. A major class and a minor class are available for further subdivision if desired. For example, a customer could define a major inventory class for fruit and minor inventory classes to classify varieties of fruit (e.g., apples, pears, etc.). (L0012906). You can use inventory classes as a selection criteria in the item search inquiry program and in several report programs including the movement analysis report." (L0013133). In addition to defining classes, the Lawson's prior art software allowed customers to define generic names for items within the Item Master File "to optionally group similar inventory items together under one name. Generic names appear on selected inventory reports and can be used to access specific items in IC30.1 (Item Search)." (L0012907). For example, a customer could set up Generic Names for each department in the store. This way they can access all items in a particular department at once. For example, they can access all bakery goods in IC30.1 (Item Search) using the generic name BAKERY. (L0012908). Thus, to the extent Plaintiff's contentions are adopted, Lawson's prior art system must also meet this limitation. |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '172 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| 1. An electronic sourcing system comprising: | electronic sourcing system: an electronic system for use by a prospective buyer to locate and find items to purchase from sources, suppliers or vendors. | Lawson's prior art was an electronic sourcing system as defined by the Court.  Locating items is disclosed at L0013226 (Purchase Order Procedures Manual).  Purchasing the located items is the subject if the entire Purchase Order Procedures Manual, L0013146-295.

Claim 1 is anticipated by Lawson under Plaintiff's contentions supporting its infringement case. |
| a database containing data relating to items associated with at least two vendors maintained so that selected portions of the database may be searched separately | | Lawson's current and prior art systems as sold do not do include a database containing data relating to items associated with at least two vendors maintained so that selected portions of the database may be searched separately.

Plaintiff alleges that the accused systems' item master database with data that is loaded by third party customers meets this claim limitation.  Lawson disputes this contention, because among other reasons, item master is not maintained so that selected portions of it may be searched separately.  Plaintiff also alleges that the accused systems' ability to search different fields (such as vendor catalog number, partial description, manufacturer code, classification code, vendor name, and manufacturer name, among other item attributes) equates to searching portions of a database separately.  Lawson disputes this contention because, among other reasons, the accused systems do not allow for searching selected portions of item master. |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '172 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | Although a user may choose to search different fields of item records in item master or search for various item attributes, all of the item records in item master available to the user are searched to find matches to these attributes. Nevertheless, the item master used in the accused systems is the same as the item master used in the Lawson's prior art system: |
| | | The Lawson's prior art software included a database ("Item Master File") with items that could be ordered using the Requisition and Purchase Order modules: "The item master file consists of item information that is not location specific such as the item description, generic name, freight class, sales class, inventory class, purchasing class, tax code, units of measure, etc." (L0012922). |
| | | There were standard and custom fields for each item within the item master file. Standard fields included: Item Group, Item identifier, first Description line and Stock UOM (unit of measure). (L0012923). Custom fields might include: size, style, color, manufacturer name, version number, release date, etc. (L0012931). |
| | | Lawson's prior art Item Master File could include items from multiple different vendors or sources but is not organized by vendor or source. (See, e.g., L0012968; L0012853; L0012854; L0012881; L0012936; L0012969). |
| | | The Lawson's prior art software included the ability to |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '172 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | search the Item Master File using a number of different types of queries or for different item attributes. For example, searches could be done for items by generic name, by class types, by the first user-defined field (IC30.1 - Item Search). (L0012917, L0012931, and L0012924). Users could search for items by an item code. (L0013226). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. (L0015617). Alternatively, Lawson's prior art Purchase Order Module enabled a user to search for items by the item number in the Item Master or by the vendor item. (L0016265-67). Similarly, the accused products use keyword searching of predefined keywords. (L0032296).<br><br>The Lawson's prior art software item search searched the entire item master database. Similarly, each time a user performs a "Search Catalog" operation, the Lawson S3 and M3 software searches the entire item master.<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included at least two product catalogs meeting this limitation. |
| means for entering product information that at least partially describes at least one desired item | The function of this element is entering product information that at least partially describes at least one desired item. | Lawson's prior art software allowed for fields of product information that partially describe an item to be entered via a screen on the computer running Lawson's software. For example, a user could enter an item number for an item to search for a desired item with that item number. |

73

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '172 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | Structure: a user interface operating on a computer through which a user may provide input; and one or more software modules that provide product information describing an item or a combination thereof, and their equivalents. See e. g. , '172 Patent at 4:6-6:28; 7:66-8:19; 9:55-12:28; 18:23-50; FIGS. 1-2 (describing local computer 20, graphical interface 254, search program 50, interface 60, TV/2 and search program 250) . | (L0016265-67). The item code is a "Key Field" (L0015722) that the system uses to access the data file information. L0015617. As another example, a user could enter a generic name describing an item and search that way. (L0012924). A search screen for items (screen code IC30.1) is disclosed at L0012862. |
| means for searching for matching items that match the entered product information in the selected portions of the database | Matching items: the search results<br><br>The function of this element is searching for matching items that match the entered product information in the selected portions of the database.<br><br>Structure: search programs and modules operating on a computer system with access to data in a database or other file system, and their equivalents. See e.g., '172 Patent at 4:6-6:28; 7:66-8:19; 9:55-12:41; FIGS. 1-2; | As discussed above, Lawson's current and prior art systems do not permit restriction of queries to selected portions of the item master database.<br><br>Plaintiff alleges that the accused systems' search engine used to search the item master database meets this claim limitation. Lawson disputes this contention because, among other reasons, the accused systems do not allow for searching of selected portions of item master. Nevertheless, item master is searched in the same way in the accused systems as it was searched in the Lawson's prior art system:<br><br>As described above with respect to the other accused claims, Lawson's prior art system included a search program with access to the item master database. Lawson's |

| EXHIBIT A | | |
| --- | --- | --- |
| **ASSERTED CLAIMS OF THE '172 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | Appendices III-V and VIII (describing local computer 20, search program 50, TV/2 and search program 250) . | prior art enabled a user to search for items by the item number in the Item Master or by the vendor item. L0016265-67. Lawson's prior art Inventory Control Module also enabled a user to search for an item by generic name. L0012924.  Searching included the steps of: (1) receiving entered product information. (L0016265-67). (2) querying fields of data to locate matching information (L0012862). (3) outputting a hit list of responsive items. (L0016265). The Lawson's prior art software item search searched the entire item master database.  Similarly, each time a user performs a "Search Catalog" operation, the Lawson S3 and M3 software searches the entire item master. Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |
| means for generating an order list that includes at least one matching item selected by said means for searching | Order List:  a list of desired catalog items The function of this element is generating an order list that includes at least one matching item selected by said means for searching. Structure:  a user interface | Lawson's current and prior art systems do not include an order list and do not provide for a "matching item" from a selected portion of the database as described above. Plaintiff alleges that the "shopping cart" in the accused systems is an order list.  Lawson disputes this contention because, among other reasons, the "shopping cart" is the actual requisition complete with requisition header.  A user selects search results from a search of an entire item master, and those search results are added directly to a requisition |

75

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '172 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | operating on a computer through which a user may select from results from a search program or a search program that generates an order list of matching items, and their equivalents.  See e.g., '172 Patent at 4:6-6:28; 7:66-8:13; 9:55-12:28; 18:23-50; Appendix VI, FIGS. 1-2 (describing local computer 20, graphical interface 254, search program 50, interface 60, TV/2 and search program 250) . | table associated with a requisition.   See Lawson Requisitions Self-Service User Guide, p. 33 (L0045506). Unlike an order list, which does not necessarily represent what will be on the requisition, the Lawson shopping cart represents exactly what is on the requisition because it is the requisition.  Selecting "checkout" on the shopping cart releases the requisition to the next stage of processing: "Checkout - Saves items in the cart to be requisition lines and moves the requisition to the next processing stage (for example, releases the requisition)."  (L0045506). Nevertheless, requisitions were created the same way in Lawson's prior art as they are in the accused systems: |
| | | Lawson's prior art Requisition Module enabled users to create a requisition from items returned as a result of searching the item master database.  (L0009747-49; L0009741; L0013226' L0015719-22; L0009734).  "To print a catalog of items  Run RQ250 (Item Catalog) to print a list of the items and their descriptions for the selected item group and inventory class. This program lists only inventoried and non-stock items defined in IC11 (Item Master)."  (L0009753).  "How you create a requisition depends on the type of items you request and from where you request them. You can request four types of items: inventoried, non-stock, special orders, and services. . . . Tips While creating a requisition, you can select an item and display its stock-on-hand balances and other inventory information."  (L0009740).  "1. There are four ways to create a requisition:  Speed-create a requisition for |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '172 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | inventoried and non-stock items.  Copy a previous requisition or standard order. Create a requisition for one-time special orders and services.  Enter a requisition from a non-Lawson system. 2. Select the Release screen function to continue processing the requisition."  (L0009740).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |
| means for building a requisition that uses data obtained from said database relating to selected matching items on said order list | Selected matching items: requisition items<br><br>The function of this element is building a requisition that uses data obtained from said database relating to selected matching items on said order list.<br><br>Structure: requisition module operating on a computer system having access to data in the database, and its equivalents.  See e.g., '172 Patent at 1:30-40; 3:7-28; 6:45- 7:3; 7:41-8:19; FIGS 1-3 (describing various embodiments of<br>requisition modules including requisition/purchasing system 40, | Lawson's current and prior art systems do not perform the function of building a requisition using data obtained from said database relating to selected matching items on said order list, at least because they do not have "selected matching items" or an "order list" as described above.<br><br>Nevertheless, Lawson's prior art Requisition Module enabled users to create a requisition from items returned as a result of searching the item master database.  (L0009747-49; L0009741; L0013226' L0015719-22; L0009734).  "To print a catalog of items  Run RQ250 (Item Catalog) to print a list of the items and their descriptions for the selected item group and inventory class. This program lists only inventoried and non-stock items defined in IC11 (Item Master)."  (L0009753).  "How you create a requisition depends on the type of items you request and from where you request them. You can request four types of items: inventoried, non-stock, special orders, and services. . . . Tips While creating a requisition, you can select an item |

| EXHIBIT A | | |
|---|---|---|
| **ASSERTED CLAIMS OF THE '172 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | requisition management ("REQI") module 44A and requisition maintenance program 44C). | and display its stock-on-hand balances and other inventory information." (L0009740).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |
| means for processing said requisition to generate purchase orders for said selected matching items. | The function of this element is processing a requisition to generate purchase orders for selected matching items.<br><br>Structure: a purchase order generation module operating on a computer system having access to the requisition, and its equivalents. See e.g., '172 Patent at 1:42-55; 3:23-28; 10:53-55; 15:39-61; FIGS 1-3 (describing systems and processes that operate to generate purchase orders including requisition/purchasing system 40). | Lawson's current and prior art systems do not perform the function of processing the requisition to generate one or more purchase orders for the selected matching items, at least because they do not have "selected matching items" as described above.<br><br>Nevertheless, Lawson's prior art Requisition Module enabled users to create purchase orders from a requisition. (L0009747-49). Purchase orders could be issued to multiple vendors. (L0013161).<br>"How requisitions are processed depends on the line item type and from where you request items, either from inventory stock or directly from a vendor. Non-stock, special order, and service items. When requesting non-stock, special order, or service items, the system sets the Create PO field to Yes in RQ10.3 (Requisition Line Detail). The buyer reviews the requested items, assigns vendors, and creates purchase orders. After receiving items, close the requisition lines and, if desired, print delivery tickets. Inventoried items. When creating requisitions for inventory items, you can request items from inventory stock or directly from a vendor. When requesting items from a |

| EXHIBIT A | | |
| --- | --- | --- |
| **ASSERTED CLAIMS OF THE '172 PATENT** | **CLAIM CONSTRUCTION** | **Lawson's Prior Art System (BASED ON PLAINTIFF'S CLAIM CONSTRUCTION AND THEORIES OF INFRINGEMENT)** |
| | | vendor, the Create PO field in RQ10.3 must be Yes." (L0009735).<br><br>Thus, to the extent Plaintiff's contentions are adopted, Plaintiff apparently alleges that Lawson's prior art system included this recited means. |