# EXHIBIT 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |  |
|---|---|---|
| ePLUS, INC., | ) | |
| | ) | |
| | ) | Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT LAWSON SOFTWARE, INC.'S
### SUPPLEMENTAL INITIAL STATEMENT OF INVALIDITY DEFENSES

Defendant Lawson Software, Inc. ("Lawson"), by counsel and in accordance with Section

V(J)(3) of Pretrial Schedule A to the Court's Scheduling Order (Dkt. 121-2), hereby submits its

initial statement of invalidity defenses.  Lawson is asserting the following prior art references:

- Lawson software that was available prior to August 10, 1994

   - L0011698 – L0011760, L001761–L0011848, L001849–L0012144, L0012492–L012517, L0012554–L0012599, L0012800–L0012836, L0012837–L0013145, L0013146–L0013295, L0013572–L0013711, L0014416–L0014532, L0015615–L0016422, L0017726–L0017890, L0017891–L0018119;

- The Fisher Scientific Requisition and Inventory Management System ("the Fisher RIMS system");

   - ePLUS0137677–ePLUS0137718; as admitted to be "known" as described in the patents in suit as disclosed in the U.S. Pat. No. 5,712,989, which inventors Kinross, Johnson, and Momyer confirmed describes the RIMS system as offered for sale and in public use more than one year before the effective filing date of the patents in suit, as further confirmed by the Fisher 10K and annual reports from 1992-1994 and in the trademark application papers associated with Fisher's RIMS federal trademark application

- U.S. Patent No. 5,319,542

  - ePLUS0130297–ePLUS0130307;

- U.S. Patent No. 5,694,551

  - ePLUS0137969–ePLUS0138005;

- P.O. Writer Plue V.10 ("the P.O. Writer system")

  - L0126149–L0126395, L0126396–L0126402, L0126403–L0126422, L0126423–L0126481, L0126482–L0126500, L0126501–L0126513, L0126515–L0126701, L0126702–L0126717, L0126718–L0126964, L0126965–L0126980, L0126981–L0126999, L0127000–L0127019, L0127020–L0127102, L0127103–L0127137, L0127138–L0127227, L0127228 – L0127255, L0127256–L0127296, L0127297–L0127504, L0127506–L0127601;

- The SABRE system

  - L0125223–L0125723, L0125725–L0126046, L0126048–L0126103, L0126106–L0126146;

- The J-CON system

  - L0123413–L0124584, L0124586–L0125034, L0125036 – L0125221;

- The Gateway 2000/MRO Version ("the Gateway system")

  - L0127603–L0127886, L0127887–L0128208, L0128209–L0128209, L0128358–L0128361, L0128363– 0128366, L0128368–L0128395;

- The IBM Technical Viewer/2 ("IBM TV/2") system

  - L0132122–L0132130, L0132131–L0132134

The listed Bates numbers are intended to be an exemplary, but not an exhaustive, list of documents describing the asserted prior art.

Attached hereto as Exhibit 1 is a claim chart explaining how the listed prior art invalidates the patent claims currently asserted by Plaintiff ePlus, Inc.  The citations to specific Bates numbers in the claim charts are intended to an exemplary, but not an exhaustive, list of where the specific limitations are found in the asserted prior art.  Additionally, to the extent that

the identification of any disclosure of a limitation in a prior art reference is found to be incorrect or incomplete, Lawson reserves the right to assert additional combinations of the asserted prior art references as rendering the claims obvious.  A discussion regarding the motivation to combine the prior art references for purposes of 35 U.S.C. §103 is provided in Exhibit 1 after the claim chart.

Dated:  December 23, 2009

By: _Rachel C Hughey_
Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

## U.S. Patent 6,055,516

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| 1. An electronic sourcing system comprising: | <u>35 U.S.C. § 101</u><br>Claim 1 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements.<br><br><u>35 U.S.C. § 112 ¶ 1</u><br>The specification of the '516 patent does not enable claim 1 because the specification does not enable the full scope of at least one element of claim 1. See below for a discussion of the individual elements.<br><br>The specification of the '516 patent does not describe every limitation of claim 1. See below for a discussion of the individual elements.<br><br>The specification of the '516 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 1 does not, however, recite any transmission means and therefore fails the written description and enablement requirements.<br><br>The '516 specification shows that the described invention requires an electronic sourcing system that includes both searching and a requisition/purchasing system. See Background of invention, Summary of Invention. However, claim 1 recites only catalog selection-related functions. No searching or requisition/purchasing functionality is recited. Failure to include limitations commensurate with the invention described in the specification renders the claim invalid under 35 U.S.C. § 112.<br><br><u>35 U.S.C. § 112 ¶ 2</u><br>Claim 1 is directed to indefinite subject matter because at least one limitation of claim 1 is indefinite. See below for a discussion of the individual elements. |

61

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| a catalog selection protocol, said catalog selection protocol relying on said first set of pre-determined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs, wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party that is one of a manufacturer and a competing vendor, said predetermined third party selling items corresponding to items in said vendor catalog; and | The Gateway system associated information with each item in the catalogs. (L0127661).

The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133).

35 U.S.C. § 101
This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.

35 U.S.C. § 112 ¶ 1
The specification only describes how to select among electronic catalogs and does not enable the selection of non-electronic catalogs.

The specification only describes matching a vendor identification code with a catalog from a single vendor and does not enable matching a matching a vendor identification code with catalogs from more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party.

The specification of the '516 patent fails to describe a vendor identification code associated with more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party.

The only discussion in the specification of how this step is performed indicates that a search program would "concatenate" two catalogs to perform a search.  Col. 10:1-5.  This is insufficient support to show possession of the invention.

35 U.S.C. § 112 ¶ 2
This claim is indefinite because it includes both apparatus and method limitations.  Specifically, this element requires the method steps of "said catalog selection protocol relying on said first set of pre-determined criteria to select less than said entire collection of catalogs, and including matching a vendor identification code with a subset of said collection of catalogs" and "said predetermined third party selling items corresponding to items in said vendor catalog."  It is |

66

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run and a third party sells the corresponding item. |
| | **35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system used criteria associated with the databases and items, such as Product Type, to select which databases were searched.  U.S. Pat. No. 5,712,989 e.g. at col. 18:63-19:1 (ePLUS0137699).  The Fisher RIMS system also used a product-type code associated with a particular group of vendors and a cross-reference table with corresponding items from different vendors.  U.S. Pat. No. 5,712,989 at col. 5:28-33, col. 5:37-42, cols. 32:53–34:67 & cols. 37-44, Tables VI, XVII, XVIII (ePLUS0137693 & ePLUS0137709-11). |
| | U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search.  Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305). |
| | The P.O. Writer system enabled a user to select a particular product catalog to search using the CATALOGUE ID.  (L0126501 & L0126944-46). |
| | The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285). |
| | The Gateway system enabled a user to select a catalog by name.  (L0127660). |
| a search program, said search program relying on said second set of criteria to select specific items from said catalogs determined from said catalog selection protocol. | **35 U.S.C. § 101**<br>This limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>**35 U.S.C. § 112 ¶1**<br>The specification of the '516 patent fails to describe this limitation.  The specification nowhere discusses a "first set" of criteria and a "second set" of criteria. |

67

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The Gateway system renders claim 5 obvious when combined with the Fisher RIMS system or the SABRE system. |
| | The IBM TV/2 system renders claim 5 obvious when combined with the Fisher RIMS system or SABRE system. Additionally, the IBM TV/2 system renders claim 5 obvious when combined with U.S. Patent No. 5,319,542 and the Fisher RIMS system or SABRE system. Additionally, the IBM TV/2 system renders claim 5 obvious when combined with the P.O. Writer system and the Fisher RIMS system or SABRE system. Additionally, the IBM TV/2 system renders claim 5 obvious when combined with the Gateway system and the Fisher RIMS system or SABRE system. |
| 6. An electronic sourcing system as recited in claim 1, wherein said second set of predetermined criteria includes at least one of a catalog number and item textual information. | The invalidity contentions regarding claim 1 are incorporated herein by reference. |
| | **35 U.S.C. § 101** |
| | Claim 6 is directed to a process without any meaningful limitations directed to a machine. |
| | **35 U.S.C. § 102** |
| | The Fisher RIMS system used a catalog number associated with each item and a Product Type as criteria for selecting data to search and items within the data.  U.S. Pat. No. 5,712,989 at col. 8:24-29 & cols. 8:64 – 9:2, cols. 31:1-34:67, Tables VI, XVII, XVIII (ePLUS0137694-95).  The Fisher RIMS system anticipates claim 6. |
| | U.S. Patent No. 5,319,542 discloses that the items in the catalogs may be associated with a specific part number.  Col. 5:19-21 (ePLUS0130304).  U.S. Patent No. 5,319,542 anticipates claim 6. |
| | The P.O. Writer system enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item.  (L0127525).  The P.O. Writer system anticipates claim 6. |

72

| '516 Patent Claim Element | Invalidity Contentions |
| --- | --- |
| | The SABRE system associated items with various textual criteria, such as city pair, date, departure and arrival time, number of stops, connecting locations, and flight number. (L0125295). The SABRE system anticipates claim 6. |
| | **35 U.S.C § 103** |
| | U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002). U.S. Patent No. 5,694,551 renders claim 6 obvious when combined with the other cited prior art references as described with respect to claim 1. |
| | The J-CON system enabled a user to enter part numbers as a basis for searching the database for desired items. (L0123625). The J-CON system renders claim 6 obvious when combined with the other cited prior art references as described with respect to claim 1. |
| | The Gateway system renders claim 6 obvious when combined with the Fisher RIMS system, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the P.O. Writer system, The SABRE system, the J-CON system or the IBM TV/2 system. |
| | The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). The IBM TV/2 system renders claim 6 obvious when combined with the other cited prior art references as described with respect to claim 1. |
| 9. An electronic sourcing system comprising: | **35 U.S.C. § 101** |
| | Claim 9 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements. |
| | **35 U.S.C. § 112 ¶ 1** |
| | The specification of the '516 patent does not enable claim 9 because the specification does not enable the full scope of at least one element of claim 9. See below for a discussion of the |

73

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
|  | **35 U.S.C. § 112 ¶ 2**<br>This claim is indefinite because it includes both apparatus and method limitations. Specifically, this element requires the method step of "searching module being used to generate additional search-module criteria for said data fields of said requisition module." It is unclear from this limitation whether selling the system is sufficient to infringe, or if infringement does not occur until the system is run.<br><br>**35 U.S.C. § 102/§ 103**<br>The Fisher RIMS system could electronically store data related to items from a customer, a Distributor, and multiple third party suppliers and distributors. U.S. Pat. No. 5,712,989 at Fig. 1, col. 3: 10-14, col. 3:18-28, cols. 3:65-4:1 & col. 4:21-26, Table VI (ePLUS0137679 & ePLUS0137692). The Fisher RIMS system discloses databases associated with specific criteria such as Product Type or Cross Referencing. U.S. Pat. No. 5,712,989 at col. 3:10-14 & col. 3:18-28, cols. 31:60–34:67 (ePLUS0137692). The Fisher RIMS system used criteria associated with the databases or items to limit which databases were searched. U.S. Pat. No. 5,712,989 at col. 18:63-19:1 (ePLUS0137699). The Fisher RIMS system had a search program that searched for matching items in a database in response to entered product information and added information. U.S. Pat. No. 5,712,989 at col. 8:46-52 (ePLUS0137694).<br><br>U.S. Patent No. 5,319,542 discloses three separate databases associated with specific criteria: a Master Catalog; a Public Catalog; and Private Catalog. Fig. 1, col. 2:20-26 & col. 7:5-29 (ePLUS0130298, ePLUS130302 & ePLUS 0130305). U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search. Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305).<br><br>U.S. Patent No. 5,694,551 discloses a database containing catalogs of items from multiple vendors. Fig. 2, Fig. 3, col. 3:27-36, col. 3:56-58 & col. 4:28-30 (ePLUS0137971, ePLUS0137972 & ePLUS0138001). |

91

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| | The Gateway system renders claim 22 obvious when combined with the Fisher RIMS system. The Gateway system renders claim 22 obvious when combined with the J-CON system and the Fisher RIMS system or the IBM TV/2 system. |
| | The IBM TV/2 system renders claim 22 obvious when combined with the Fisher RIMS system or the J-CON system. |
| 29. An electronic sourcing system comprising: | <u>35 U.S.C. § 101</u> |
| | Claim 29 is directed to a process without any meaningful limitations directed to a machine. See below for a discussion of the individual elements. |
| | <u>35 U.S.C. § 112 ¶ 1</u> |
| | The specification of the '516 patent does not enable claim 29 because the specification does not enable the full scope of at least one element of claim 29. See below for a discussion of the individual elements. |
| | The specification of the '516 patent does not describe every limitation of claim 29. See below for a discussion of the individual elements. |
| | The specification of the '516 patent shows that the invention requires transmission of information between a requisition/purchasing system and a searching means or a system capable of creating an order list located as a result of a database search. See, e.g., Summary of Invention. Claim 29 does not, however, recite any transmission means and therefore fails the written description and enablement requirements. |
| | The '516 specification shows that the described invention requires an electronic sourcing system that includes both searching and a requisition/purchasing system. See Background of invention, Summary of Invention. However, claim 29 recites only catalog selection-related functions. No searching or requisition/purchasing functionality is recited. Failure to include limitations |

97

| '516 Patent Claim Element | Invalidity Contentions |
|---|---|
| subset of said collection of catalogs, wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party; | vendor identification code with catalogs from more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party. |
| | The specification of the '516 patent fails to describe a vendor identification code associated with more than vendor, a vendor and a manufacturer, or a vendor and a predetermined third party. Nor does the specification describe a first set of criteria. |
| | **35 U.S.C. § 112 ¶2** |
| | This claim is indefinite because it includes both apparatus and method limitations. |
| | **35 U.S.C. § 102/§ 103** |
| | The Fisher RIMS system used criteria associated with the databases and items, such as Product Type, to select which databases were searched.  U.S. Pat. No. 5,712,989 e.g. at col. 18:63-19:1 (ePLUS0137699).  The Fisher RIMS system also used a product-type code associated with a particular group of vendors and a cross-reference table with corresponding items from different vendors.  U.S. Pat. No. 5,712,989 at col. 5:28-33, col. 5:37-42, cols. 32:53–34:67 & cols. 37-44, Tables VI, XVII, XVIII. |
| | U.S. Patent No. 5,319,542 discloses selecting either the Public Catalog or the Private Catalog to search.  Col. 5:42-45, col. 6:5-7 & col. 7:5-29 (ePLUS0130304 & ePLUS130305). |
| | The P.O. Writer system enabled a user to select a particular product catalog to search using the CATALOGUE ID.  (L0126501 & L0126944-46). |
| | The SABRE system enabled a user to select one or more specified portions of the airline database to search or, alternatively, search across all airlines.  (L0125283 & L0125285). |
| | The Gateway system enabled a user to select a catalog by name.  (L0127660). |

103

## COMBINABILITY OF THE CITED PRIOR ART REFERENCES

Each of the prior art references cited in the claim charts could be combined with each of the other references cited to arrive at all of the asserted claims of the patents-in-suit, and each reference independently provides motivation to do so.

Generally, the patents-in-suit relate to electronic requisition methods and systems. Each of the prior art references cited similarly provides either electronic sourcing or database searching for product or vendor information, and use of that information in a requisition or purchasing system for such items. Combination of the elements from each of the cited references would provide a combination of elements that were familiar at the time of filing of the original application from which patents-in-suit claim priority. Combination of software features in these electronic sourcing systems is accomplished according to known methods and yields only predictable results, as confirmed by testimony of inventors Kinross, Johnson and Momyer. The inventors further confirmed that no particular hurdles arose in the evolutionary development of the claimed systems and methods that would deter one of ordinary skill from combining the cited references.

The TV/2 prior art specifically teaches that its searching, catalog database, and other components could be beneficially combined with other electronic systems such as parts ordering systems. Testimony by inventors Kinross, Johnson, and Momyer confirm that the TV/2 system had an application program interface (API) specifically designed for combining the TV/2 with other systems such as requisitioning and purchasing systems.

Much of the motivation to develop the technology described in the patents in suit came from customers requesting the functionality. One of skill in the art receiving requests for the

functionality claimed in the patents in suit would be similarly motivated to combine the prior art references as necessary to provide the requested functionality.

The claimed systems were not particularly successful or the subject of industry recognition. Sales have been modest and relatively flat, and ePlus has pointed to no industry recognition specific to the claimed systems and methods as opposed to the company as a whole or its corporate characteristics.

In addition, each of the cited prior art references recites particular features that, when considered by one of skill in the art, would provide motivation to combine those references with the other cited references in the Request. Evolution of computer systems and Internet capabilities made it obvious to one of skill to combine the features recited. More detail regarding the obviousness of the recited combinations will be provided with the disclosure of expert reports. As presently compiled, examples of such features and motivations to combine follow.

    **1.**    **It is obvious to combine the Fisher RIMS system with Lawson software available prior to August 10, 1994, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, the Gateway system, and/or the TV/2 system.**

The '989 Patent, which describes the prior art Fisher RIMS system, refers specifically to "a requisition and inventory management system. . .in a real time environment." (ePLUS0137677). An object of that patent is "to provide a requisition and inventory management system which can effectively process requisitions for items of various types including items in JIT [just-in-time] inventory." (ePLUS0137691). The '989 Patent therefore relates to systems for just-in-time inventory and would be combinable with those references. The patent application for the patents in suit recognizes the close relations of the RIMS system, describing that system in the background section of the patents as the subject of a pending patent

application and incorporating it by reference.  The inventors admit, and ePlus and Fisher annual

reports and marketing materials provide that the technology of the patents in suit is a next

generation or "6[th] generation" version of the technology, confirming that its development is an

evolution from prior systems including RIMS.

Second, not only does the '989 Patent provide motivation to combine with other

references, the patents-in-suit acknowledges that the '989 Patent was in fact combined with other

features to arrive at the subject matter of that patent.  As explained in the patents-in-suit, the '989

Patent describes the Fisher RIMS system, which was a requisition/purchasing system:

> Electronic sourcing system 5 also includes a requisition/ purchasing system 40,
> **preferably but not necessarily the Fisher RIMS system,** . . .

(emphasis added).

> Preferably, a user will start the electronic sourcing system 5 from Fisher RIMS
> system 40. **Requisitioning on Fisher RIMS system 40 in context of the
> electronic sourcing system 5 of the present invention** is illustrated in pertinent
> part in FIG. 2 (and is fully described in U.S. Pat. No. 5,712,989).

(emphasis added).  Therefore, an individual wishing to process any of a number of types of

requisitions would be motivated to combine features of the '989 Patent with other methods or

systems, including Lawson software available prior to August 10, 1994, the system descried in

U.S. Patent No. 5,319,542, the system described in U.S. Patent No. 5,694,551, P.O. Writer

system, the SABRE system, the J-CON system, the Gateway system, and the TV/2 system.

**2.      U.S. Patent No. 5,319,542 is combinable with the Lawson software
available prior to August 10, 1994, the Fisher RIMS systme, U.S.
Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the
J-CON system, the Gateway system, and the TV/2 system.**

U.S. Patent No. 5,319,542 relates to electronic procurement systems, and states a number

of objects and advantages of that patent that would provide a particular motivation to combine its

disclosure with other systems.  In one example, U.S. Patent No. 5,319,542 states:

3

> [I]t is an object of this invention to provide a new electronic procurement/requisition system and method which allow a purchaser's requisition system to be integrated with a catalog system, and a supplier computer system.
> It is another object of this invention to provide an electronic requisition system which includes public and private catalogs.
> It is another object of this invention to provide an electronic requisition system which allows individual customers to control the products and suppliers that may be ordered.

(ePLUS0130302). Therefore, an individual of skill in the art would be motivated to combine U.S. Patent No. 5,319,542 with other systems, including Lawson software available prior to August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, the Gateway system, and the TV/2 system, to incorporate the features of that reference, such as to (1) integrate catalogs with a requisition system and a supplier system, (2) provide an electronic requisition system including public and private catalogs, or (3) allow customers to control products and supplies that may be ordered. Prior art cited on the cover of U.S. Patent No. 5,319,542 includes U.S. Patent No. 4,992.940, which was also cited heavily by the PTO during prosecution of the patents in suit, confirming the close relation between U.S. Patent No. 5,319,542 technology and that of the patents in suit.

### 3.    U.S. Patent No. 5,694,551 is combinable with the Fisher RIMS system, U.S. Patent No. 5,319,542, P.O. Writer system, the SABRE system, the J-CON system, the Gateway system, and the TV/2 system.

U.S. Patent No. 5,694,551 relates to electronic procurement systems, and states a number of advantages of that patent that would provide a particular motivation to combine its disclosure with other systems. In one example, U.S. Patent No. 5,694,551 states:

> There is a long felt need for a data processing network to efficiently handle all aspects of customer orders channeled to a central supplier and filled by departments of the central supplier or by outside vendors.

(ePLUS0138000).  Therefore, an individual of skill in the art would be motivated to combine

U.S. Patent No. 5,694,551 with other systems, including Lawson software available prior to

August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No. 5,319,542,

the P.O. Writer system, the SABRE system, the J-CON system, the Gateway system, and the

TV/2 system, to incorporate the features of that reference, such as to (1) integrate catalogs with a

requisition system and a supplier system, (2) provide an electronic requisition system including

public and private catalogs, or (3) allow customers to control products and supplies that may be

ordered.  Prior art cited on the cover of the U.S. Patent No. 5,694,551 includes U.S. Patent No.

4,992.940, which was also cited heavily by the PTO during prosecution of the patents in suit,

confirming the close relation between the U.S. Patent No. 5,694,551 technology and that of the

patents in suit.

    **4.**    **The P.O. Writer system is combinable with Lawson software available prior to August 10, 1994, the Fisher RIMS system, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the SABRE system, the J-CON system, the Gateway system, and the TV/2 system.**

The P.O. Writer system was an electronic sourcing system that, as previously explained,

allowed a user to select product catalogs to search, resulting in a search of less than the entire

data set in the database.  The system allowed a user to search for matching items among selected

product catalogs by specifying various search criteria including item number, commodity code,

and keyword associated to the item description.  A person of skill in the art would be motivated

to combine the P.O. Writer system with other systems, including Lawson software available

prior to August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No.

5,319,542, the system described in U.S. Patent No. 5,694,551, the SABRE system, the J-CON

system, the Gateway system, and the TV/2 system, to incorporate particular searching and

catalog management of the in P.O. Writer system into procurement systems for increased functionality and efficiency.

> 5. **The SABRE system is combinable with Lawson software available prior to August 10, 1994, the Fisher RIMS system, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the P.O. Writer system, the J-CON system, the Gateway system, and the TV/2 system.**

The SABRE system allowed users to price, compare, and reserve flights on a number of different airlines, as well as reserve hotel rooms and other accommodations. The SABRE system enables searches for different types of reservations (air, hotel, etc.) and therefore allow searches of particular categories of goods according to specific search criteria. One of skill in the art would be motivated to combine the SABRE system with other systems, including Lawson software available prior to August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No. 5,319,542, the system described in U.S. Patent No. 5,694,551, the P.O. Writer system, the J-CON system, the Gateway system, and the TV/2 system, to incorporate the ability of the SABRE system to allow searching according to a wide variety of criteria and across different portions of a database.

6.    **The J-CON system is combinable with Lawson software available prior to August 10, 1994, the Fisher RIMS system, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the Gateway system, and the TV/2 system.**

The J-CON system was an electronic sourcing system including a wide variety of functionality, and includes inventory and pricing programs, purchasing programs, accounts receivable programs, sales tracking and forecasting programs.  Because J-CON tracks each of these items, it includes a large number of common features with the other procurement systems described in this Request.  J-CON also includes an Interchange system useable to find substitute products when a selected product is not stocked in inventory.  A person of skill in the art would be motivated to combine the J-CON system with other systems, including Lawson software available prior to August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No. 5,319,542, the system described in U.S. Patent No. 5,694,551, P.O. Writer system, the SABRE system, the Gateway system, and the TV/2 system, to incorporate the product exchange features of J-CON (and other features included in that system) into procurement systems.

7.    **The Gateway system is combinable with Lawson software available prior to August 10, 1994, the Fisher RIMS system, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, and the TV/2 system.**

Technical Service Associates' (TSA) Gateway system was an electronic sourcing system including a set of catalog, purchasing and inventory management capabilities.  As previously explained, the Gateway 2000/MRO system included a product database including a number of catalogs, which was searchable using multiple search criteria.  The Gateway system supported a commodity code product classification system from which it was possible to determine which items in the product information database were comparable to one another.  The system also maintained vendor data fields in the database associated with each item from which it could be

determined whether an alternate vendor existed to supply the same item.  One of skill in the art would be motivated to combine the Gateway references with other references, including Lawson software available prior to August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No. 5,319,542, the system described in U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, and the TV/2 system, to incorporate the alternate product features and catalog search criteria of the Gateway system into procurement systems.

> **8.    The TV/2 system is combinable with Lawson software available prior to August 10, 1994, the Fisher RIMS system, U.S. Patent No. 5,319,542, U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, and the Gateway system.**

The TV/2 system explicitly state the TV/2 system should be combined with other electronic sourcing systems to take advantage of other functionalities.

> You can create a "shopping list" just be selecting items and passing that list to another application.

(L0132133).

> Technical Viewer/2 is suitable for a whole range of uses and industries in which information is supplied in large quantities and updated regularly, and where users need fast access to precise details.
>
> Potential uses include:
>
> . . .
>
> • Integrating parts catalogues with dealers' computer systems such as order entry, inventory management and customer records

(L0132134).  Therefore, an individual of skill in the art would be motivated to combine the TV/2 system with other system, including Lawson software available prior to August 10, 1994, the Fisher RIMS system, the system described in U.S. Patent No. 5,319,542, the system described in U.S. Patent No. 5,694,551, the P.O. Writer system, the SABRE system, the J-CON system, and the Gateway system, to incorporate the features of that reference, such as to (1) integrate catalogs

8

with a requisition system and a supplier system, (2) provide an electronic requisition system including public and private catalogs, or (3) allow customers to control products and supplies that may be ordered.