**EXHIBIT 9**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| EPLUS, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>PERFECT COMMERCE, INC., SCIQUEST, INC., LAWSON SOFTWARE, INC., and VERIAN TECHNOLOGIES, INC.,<br><br>                Defendants. | Civil Action No. 2:09-CV-232-HCM-TEM |

**DEFENDANT LAWSON SOFTWARE, INC.'S RESPONSES TO EPLUS, INC'S FIRST SET OF INTERROGATORIES (NOS. 1-14)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Lawson Software, Inc., ("Lawson") hereby responds to Plaintiff ePlus, Inc.'s ("ePlus") First Set of Interrogatories (Nos. 1-14) as set forth below.

**GENERAL OBJECTIONS**

1. Lawson generally objects to ePlus's interrogatories to the extent they seek to impose upon Lawson any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure or the Civil Local Rules. Lawson's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence or the applicable Local Rules.

**INTERROGATORY NO. 4:**

State in detail all facts and contentions that support or refute Lawson's allegations, if any, that any of the patents in suit are invalid under 35 U.S.C. §§ 102 or 103, identifying all prior patents, literature, publications, systems, processes, or devices, including prior knowledge, public uses, sales and offers for sale, that Lawson contends, either alone or in combination, invalidate one or more claims of any of the patents in suit, through a claim chart that identifies each element of each claim of the patent(s) asserted to be invalid and explains where each element of the respective claim is shown in such prior patent, literature, publications, system, process, device, public use, sale, or offer for sale.

**OBJECTION TO INTERROGATORY NO. 4:**

Lawson objects to Interrogatory No. 4 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory is vague, ambiguous, unduly burdensome and compound. Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving its objections, Lawson responds that the patents-in-suit are either anticipated or rendered obvious by at least one or more of the following prior art references and systems:

> U.S. Patent No. 5,319,542
> U.S. Patent No. 5,694,551
> U.S. Patent No. 6,712,989
> U.S. Patent No. 5,361,199
> U.S. Patent No. 5,666,493
> U.S. Patent No. 4,992,940
> U.S. Patent No. 5,402,336
> TV/2 General Information Manual

> The Electronic Catalog Market: Status and Directions, (c) 1994 by INPUT
> Electronic Commerce: Comprehensive Market Assessment, (c) 1992 by INPUT
> J-CON
> SABRE
> P.O. Writer
> GATEWAY/2000 or GATEWAY/DOS
> Lawson Software
> R/2
> R/3
> Movex
> Mapics
> REALITY
> RIMS
> TV/2
> Nova DOS
> Matkon
> APS DOS
> Condor
> CARMS
> Triad (CCI)
> PMX-2
> FAST
> Palmas Purchasing+
> EZ MRP
> PurchasePro
> StockPro
> ASAP (Baxter)
> COACT+ (J&J)
> SPEC 2000
> IDB 2000
> APOLLO

In addition, Lawson believes that relevant prior art exists at the following companies:

> International Business Machines Corporation
> Lockheed Martin Corporation
> McKesson Corporation

In addition, for additional information responsive to this interrogatory, ePlus may refer to documents produced by Lawson relating to Reexamination Control Nos. 90/008,104 and 95/000,487.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

**INTERROGATORY NO. 5:**

For each of the claims of the patents in suit, state whether Lawson contends, or will contend at trial, that such claim is invalid under 35 U.S.C. § 112 and provide a detailed explanation of each fact relating to any such contention and, with respect to each fact or contention, an explanation of why such fact or contention would render the patent claim invalid under Section 112.

**OBJECTION TO INTERROGATORY NO. 5:**

Lawson objects to Interrogatory No. 5 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

**RESPONSE TO INTERROGATORY NO. 5:**

Lawson reserves the right to supplement its response to this interrogatory as necessary at the appropriate time, but not before ePlus specifically identifies which claims it asserts and its contentions as to the meaning of those claims.

**INTERROGATORY NO. 6:**

For each claim of each of the patents in suit, state whether Lawson contends or will contend at trial that such claim is invalid under any statute, rule or doctrine other than 35 U.S.C. §§ 102, 103 and/or 112 and, if so, identify the statute(s), rule(s) or doctrine(s) and provide a

Dated: August 24, 2009

                                                /s/

Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*

Daniel Johnson, Jr. (admitted *pro hac vice*)
Rita E. Tautkus (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
djjohnson@morganlewis.com
rtautkus@morganlewis.com

Robert W. Busby, Jr.
(VSB No. 41312)
Bradford A. Cangro (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001
rbusby@morganlewis.com
bcangro@morganlewis.com

*Counsel for Defendant Lawson Software, Inc.*

As to the foregoing responses:

## VERIFICATION

I, Dale A. Christopherson herein state that:

1. I am authorized to execute this Verification on behalf of Lawson Software, Inc. ("Lawson").

2. I have read Lawson's Responses to ePlus, Inc.'s First Set of Interrogatories (Nos. 1-14) and am familiar with its contents. I hereby declare under penalty of perjury that the answers set forth in that document are true and correct to the best of my knowledge, information and belief.

Dated: 08/24/2009

_____
Dale A. Christopherson

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2009, a true and correct copy of the foregoing document was served by electronic mail upon counsel for the plaintiff:

Gregory N. Stillman
Brent Lee VanNorman
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Tel.: 757-640-5300
Fax.: 757-625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202-346-4000
Fax.: 202-346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

Shirley Sperling Paley
James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
Tel.: 617-570-1000
Fax.: 617-523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

_____
Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*

1521461\1