IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF ePLUS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
STRIKE PORTIONS OF DEFENDANT'S EXPERT REPORT AND EXCLUDE FROM
TRIAL ALLEGED PRIOR ART AND INVALIDITY ARGUMENTS NOT DISCLOSED
IN DEFENDANT'S COURT-ORDERED INVALIDITY CONTENTIONS**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

## I.    INTRODUCTION

Plaintiff *e*Plus, Inc. ("*e*Plus") respectfully replies in further support of its Motion to Strike Portions of Defendant's Expert Report and Exclude from Trial Alleged Prior Art and Invalidity Arguments Not Disclosed in Defendant's Court-Ordered Invalidity Contentions.

There is no genuine dispute that the prior art references and invalidity theories identified in *e*Plus's motion were not, in fact, identified or relied upon by Defendant Lawson Software, Inc. ("Lawson") in its Court-Ordered Second Supplemental Statement.  Lawson presents a variety of extraneous arguments why Dr. Shamos should nonetheless be permitted to opine about these references and theories, but it concedes that it omitted these references and theories from the Court-Ordered Second Supplemental Statement.

As this Court has already stated, therefore, the resolution of this motion is a straightforward matter.  The Court directed Lawson to file the Second Supplemental Statement, and expressly warned Lawson that it would be limited to the prior art references and invalidity theories contained therein.  Lawson deliberately and knowingly did not include the references and theories that are the subject of this motion.  They should therefore be stricken from Dr. Shamos's report and excluded from trial.

Lawson's extraneous arguments are merely a sideshow designed to allow it to introduce evidence through the proverbial back door after the front door has been locked.  As will be shown, none of these extraneous arguments have merit.

First, Lawson contends that this Court's *Markman* decision "changed the rules of the game" in a manner that justified its last-minute expansion of invalidity theories.  This Court's *Markman* ruling, however, was quite similar to the constructions adopted in the prior *Ariba* litigation, and therefore Lawson should have anticipated the possibility of such constructions

when making its Court-Ordered Second Supplemental Statement.  Further, Lawson was not entitled to engage in self-help by disregarding this Court's prior Order.

Second, Lawson contends that *e*Plus has "overlooked" the fact that the alleged prior art references may have relevance to other issues in the case.  Again, this is merely a transparent attempt to evade the Court's Order and introduce the same evidence through other means.  Dr. Shamos is quite clear in his report that he is testifying about validity issues, and he does not express opinions or provide analysis about any other issue.  Other than a solitary disclaimer in which Dr. Shamos states that he understands the prior art systems may be relevant to other issues in the case, the words "damages," "willfulness," and "non-infringing alternative" appear nowhere in the Shamos Report.  Moreover, Dr. Shamos does not appear to have any unique qualifications that would permit him to testify as an expert with respect to these other issues.

In addition, these references do not have relevance to any other issue.  Lawson strains, for example, to make a convoluted argument that the late-disclosed references are somehow relevant to the question of infringement.  Again, this is nothing more than a transparent attempt to evade a ruling limiting it to the disclosure in the Court-Ordered Second Supplemental Statement.

Third, Lawson contends that it previously disclosed all of the prior art references and invalidity theories at various times and places, although admittedly it did not include any of them in the Court-Ordered Second Supplemental Statement.  Lawson therefore contends that *e*Plus is not prejudiced by Lawson's untimely disclosure.  Here, Lawson clearly misses the point of the Court's Order that required Lawson to file that Second Supplemental Statement.  The Court may recall that *e*Plus demonstrated that Lawson had presented a moving target of invalidity allegations, and it was impossible to tell, *inter alia,* what combinations of prior art Lawson believed invalidated which elements of which of the asserted claims.  Thus, the issue was not

simply whether Lawson had disclosed a prior art reference in some manner *at some previous time,* but whether Lawson had narrowed the issues for trial and identified the references and theories it would rely upon at trial, just as *e*Plus had done when identifying the asserted claims. This would allow *e*Plus to focus discovery, expert analyses, and pretrial motions on the prior art references and theories Lawson would actually rely on at trial.  For Lawson to now pull the rug from under *e*Plus at the conclusion of the fact discovery period causes precisely the prejudice the Court's Order was intended to prevent.

Lawson also argues that *e*Plus's infringement expert report cites to new discovery materials and therefore *e*Plus is in no position to complain.  There is no parallel, however, between these situations, and any comparison with *e*Plus's infringement report is both irrelevant and incorrect.  *e*Plus was entirely dependent on Lawson to produce discovery relating to its infringing products, and Lawson's production of that discovery has continued through this week. Lawson, however, was in no way dependent on *e*Plus to produce discovery relating to the alleged prior art, which is, of its very nature, publicly accessible.  Indeed, two of the alleged prior art systems newly relied upon by Lawson pertain to **its own prior systems**.  Lawson's own exhibits demonstrate that it has known of the other references since many months ago.

## II.   ARGUMENT

### A.   The Court's *Markman* Ruling Did Not Excuse Lawson From Compliance With The Court's Order With Respect To The Second Supplemental Statement

Lawson contends that the Court's *Markman* Order "changed the rules of the game" such that Lawson was justified in expanding from the prior art references it relied upon when making the Court-Ordered Second Supplemental Statement.  This argument is erroneous for at least two reasons.  First, Lawson should have anticipated the possibility of the Court's claim constructions. The schedule in this case (and agreed upon by the parties) made evident that the parties had to be

prepared for the possibility they might need to serve their expert reports even before the Court rendered its *Markman* ruling.  And as the Court noted in the *Markman* opinion, the constructions reached by the Court were similar to those of the prior *Ariba* Court.  Lawson should have anticipated the possibility that the Court might adopt a similar claim construction.  *See Rambus, Inc. v. Infineon Technologies AG,* 145 F. Supp.2d 721, 732 (E.D. Va. 2001).

Second, Lawson cannot assume the right to disregard the Court's Order with respect to the Second Supplemental Statement, regardless whether the *Markman* opinion "changed the rules of the game."  Rather than approach the Court for relief, or seek agreement with *e*Plus, Lawson engaged in self-help which it had no right to do.  To illustrate the point, one can only wonder what Lawson's reaction would have been had *e*Plus assumed the right to assert additional claims against Lawson based on the Court's *Markman* ruling.

**B.     It Is Undisputed That The Shamos Report Relies On Alleged Prior Art And Invalidity Defenses Not Disclosed In Lawson's Court-Ordered Second Supplemental Statement**

The Court has already stated that Lawson's prior art and invalidity theories at trial will be limited to those set forth in its Court-Ordered Second Supplemental Statement.  The Court expressly warned Lawson in advance that will be the case.  It is beyond genuine dispute that the Shamos Report relies on alleged prior art and invalidity theories that Lawson did not set forth in the Court-Ordered Second Supplemental Statement.  These alleged references and theories should therefore be stricken from the Shamos Report and excluded from trial.

**1.     The Doyle '551 Patent**

Lawson concedes that its Court-Ordered Second Supplemental Statement nowhere mentions the Doyle '551 Patent, and represents that it withdraws this reference from the Shamos Report.  Lawson Opp. at 5.  The Court should therefore strike Dr. Shamos's opinions with respect to that reference and exclude it from the trial.

4

### 2.  The Lawson "V.5 System."

Lawson also concedes that its Court-Ordered Second Supplemental Statement nowhere mentions either of the alleged Lawson systems, such as the "Lawson V.5 System."  Lawson Opp. at 3.  Clearly, Lawson can make no tenable claim that it was only recently made aware of its own alleged prior art system.  As Lawson concedes, it even identified "Lawson Software" — albeit vaguely — in its initial interrogatory answers that were served in August 2009.  *See* Lawson Opp., Ex. 3 at 2 (listing "Lawson Software" among at least 39 alleged references identified in Lawson's initial response to Interrogatory No. 4).  Notwithstanding this fact, Lawson excluded the Lawson V.5 System and any documents relating to it from its Court-Ordered Second Supplemental Statement.  The Court should therefore strike Dr. Shamos's opinions with respect to the Lawson V.5 System and any related documents and exclude it from the trial.

### 3.  The Lawson "V.6 System" and Related Manuals

Likewise, Lawson concedes that its Court-Ordered Second Supplemental Statement nowhere mentions the "Lawson V.6 System" or any related documents.  This present concession is notwithstanding that at the April 29 conference with the Court, Lawson disputed *e*Plus's argument that Lawson had not listed this reference.  *See e*Plus Opening Br. at 6 (quoting Lawson counsel as stating, "We dispute that, Your Honor.  The document will speak for itself.  I understand you can't decide that now when we're both saying opposite things.").  As with the Lawson V.5 System, Lawson can make no reasonable claim that it was only recently made aware of its own alleged prior art system.  The Court should therefore strike Dr. Shamos's opinions with respect to the Lawson V.6 System and any related documents and exclude it from the trial.

### 4.      Baxter Healthcare

With respect to the Baxter Healthcare or "ASAP" documents, Lawson does not dispute that its Court-Ordered Second Supplemental Statement nowhere mentions Baxter Healthcare or any documents purportedly relating to that entity.  Here again, Lawson's initial interrogatory answers listed "ASAP (Baxter)" as alleged invalidating prior art and so, again, Lawson can make no tenable claim of recent discovery.  *See* Lawson Opp., Ex. 3 at 3 (listing "ASAP (Baxter)" among at least 39 alleged references identified in Lawson's initial response to Interrogatory No. 4).  The Court should therefore strike Dr. Shamos's opinions with respect to Baxter Healthcare and "ASAP Express" and exclude them from the trial.

### 5.      DynaText, Guide, InnerView and Prism "Catalog Databases and Search Engines."

As with the references discussed above, Lawson does not dispute that its Court-Ordered Second Supplemental Statement nowhere mentions alleged "catalog databases and search engines" of DynaText, Guide, InnerView, or Prism, or any documents purportedly relating to those products.  Further, Lawson presents no argument of late discovery.  Lawson notes that it obtained information about these products from a document produced by *e*Plus, Lawson Opp. at 10, n.3, but does not reveal that *e*Plus produced that document on September 21, 2009, long before the Court required Lawson to serve the Second Supplemental Statement.

The Court should therefore strike Dr. Shamos's opinions with respect to these alleged references and exclude them from trial.

### 6.      New Allegations and Documents With Respect to J-Con, SABRE, and Gateway

Although the parties agree that Lawson's Court-Ordered Second Supplemental Statement relied on alleged prior art of J-Con, SABRE, and Gateway, Lawson obscures the limited scope of that disclosure in order to sweep in documents that are, in truth, new prior art references.  In

addition, Lawson clouds the nature of its invalidity allegations in an attempt to persuade the Court it is merely supplementing the evidence with respect to a reference allegedly disclosed in the Court-Ordered Second Supplemental Statement.

For all three of the references, Lawson's Court-Ordered Second Supplemental Statement was quite specific and limited.  With respect to J-Con, Lawson stated that it was relying upon the "J-CON system *as described in the 'J-CON Manual'"*.  *Id.* at 3 (emphasis added).  With respect to SABRE, Lawson stated that it was relying on the "SABRE system as describe [sic] in 'A Practical Guide to SABRE Reservation and Ticketing' ('SABRE Practical Guide')."  *Id.*  And with respect to Gateway, Lawson stated that it was relying on the "Gateway 2000/MRO Version as described in 'Gateway 2000/MRO Version, May 1991' ('the Gateway 2000/MRO Manual')."  *Id.*

For purposes of a printed publication defense under Section 102, all the limitations of an asserted claim must be shown within the four corners of a *single* prior art reference.  *See Net MoneyIN, Inc. v. Verisign, Inc.,* 545 F.3d 1359, 1369 (Fed. Cir. 2008) ("in order to demonstrate anticipation, the proponent must show 'that the four corners of a single, prior art document describe every element of the claimed invention'" and that the reference discloses those elements "arranged as in the claim") (citations omitted).  Therefore, an accused infringer may not simply pile numerous documents upon one another and declare them to be an anticipatory reference.  Yet that is what Lawson is attempting to accomplish here.

Lawson does not dispute that Dr. Shamos now cites additional documents purportedly with respect to each of these references.  As set forth in *e*Plus's opening brief, this is directly contrary to the Court's requirement that the Court-Ordered Second Supplemental Statement disclose *exactly* and with specificity the prior art documents and specific portions thereof that

Lawson relies upon. *e*Plus Opening Br. at 2 (citing Scheduling Order); 10-11 (citing transcript

of Court conference). The Court's orders were quite clear. Dr. Shamos's expert report was not

to be used as an opportunity to assert new prior art references, yet that is what Lawson has done.

### 7.    New Invalidity Theories Under Section 101

Lawson also does not dispute that Dr. Shamos's invalidity theory under Section 101 —

alleging that several of the claims are "hybrid claims impermissibly mixing apparatus elements

and method steps" — was not asserted in its Court-Ordered Second Supplemental Statement.

Lawson alternately characterizes this omission as "inadvertent" and/or the result of Lawson's

belief that its "supplementation of its prior-art related invalidity contentions was never meant to

eliminate Lawson's contentions based on issues other than prior art." Lawson Opp. at 13-14. It

is difficult to accept the latter argument, however, given that Lawson did in fact reiterate

numerous other non-prior art defenses when serving the Court-Ordered Second Supplemental

Statement. The clear implication of omitting the "hybrid claim" theory was that Lawson was no

longer asserting it. In addition, nothing in the Court's Order even remotely suggested that

Lawson could omit invalidity defenses from the Second Supplemental Statement and yet

continue to assert them.

Lawson suggests that it previously asserted this defense in its First Supplemental Initial

Statement. Lawson Opp. at 13. While irrelevant, this claim is also inaccurate. At that time,

Lawson asserted a Section 101 defense only as to four claims of the '516 Patent, and the basis

for that defense was not a "hybrid claim" theory but rather that the claims were "directed to a

process without any meaningful limitations directed to a machine," (*i.e.,* an argument pursuant to

*In re Bilski,* 545 F.3d 943, 954 (Fed. Cir. 2008)). *Id.* (citing Lawson Ex. 8 at 61, 72, 73, and 97).

Lawson then asserted that claims allegedly having both apparatus and method limitations were

invalid as indefinite under Section 112, ¶ 2. *Id.* This demonstrates again that Lawson has

presented a moving target of invalidity allegations.  Prior to the Shamos Report, Lawson had not

asserted that these claims were invalid under Section 101 pursuant to its "hybrid claim" theory.

There can be no tenable claim of late discovery here, because, as Lawson concedes, no

discovery whatsoever was necessary for it to present this theory of invalidity.  Lawson Opp. at

14 (stating that the defense "requires no fact discovery").  The Court should therefore exclude

this theory of invalidity from the Shamos Report and the trial of this action.

C.   **Lawson Should Not Be Permitted To Introduce The Late-Disclosed References At Trial Under The Guise Of Introducing Them For Other Purposes**

Lawson contends that it should be permitted to introduce these late-disclosed references

for other purposes at trial, such as damages, willfulness, infringement, or "how [Lawson's]

accused products were derived from these older systems."  Lawson Opp. at 1.  This argument is

simply a transparent attempt to make yet another "end run" around the Court's ruling, and to

bring excluded evidence into trial through the back door.[1]

The Court should reject Lawson's argument for several reasons.  First, Dr. Shamos does

not express opinions or provide analysis about any issue other than validity.  Indeed, other than a

solitary disclaimer in which Dr. Shamos states that he understands the prior art systems may be

relevant to other issues in the case, Lawson Opp., Ex. 1 at ¶ 105, the words "damages,"

"willfulness," and "non-infringing alternative" appear nowhere in the Shamos Report.  Dr.

Shamos does not appear to have any unique qualifications that would permit him to testify as an

expert with respect to these issues.

---

[1] The transparency of this argument is fully revealed by the fact that, on the same day *e*Plus filed
this motion, Lawson served a supplemental answer to an interrogatory in which Lawson
purported to incorporate and cross-reference Dr. Shamos's invalidity opinions as so-called
evidence with respect to, *inter alia,* infringement, willfulness, and damages.  *See* Lawson Opp.,
Exhibit 2 at 9-10, 13-15, and Exhibit A thereto.  This is notwithstanding the fact that Dr. Shamos
did not render any opinion with respect to these issues.

Second, these late-disclosed references are not relevant to any other issue.  Lawson

strains, for example, to make a convoluted argument that these alleged prior art references are

somehow relevant to the question of infringement.  Lawson Opp. at 8-9.  Yet Lawson's own

argument effectively admits that this so-called infringement theory is simply another way of

attacking validity (therefore, it should have been disclosed in the Court-Ordered Second

Supplemental Statement).  *Id.* (stating "*if* certain features of Lawson's current system are

considered to infringe, the Primary Lawson System had the same features, in which case either

the infringement analysis is wrong , or the claims are invalid").  Lawson never explains how the

late-disclosed references or Dr. Shamos's opinions are pertinent to willfulness.

Lawson also contends that these references are relevant to Dr. Shamos's opinions of

secondary indicia of non-obviousness, but Dr. Shamos's opinions in this respect again rely on

these references as ***prior art.  See, e.g.,*** Lawson Opp., Ex. 1 at ¶¶ 241, 242, 246 (referring to

alleged prior art systems, *e.g.,* the Doyle '551 reference).  Thus, again, Lawson is relying on

these references as prior art to allege invalidity, and Lawson was required to disclose them in the

Court-Ordered Second Supplemental Statement.

Other than a vague reference to "non-infringing alternatives," Lawson never explains

how Dr. Shamos's report or the alleged prior art references are even remotely pertinent to

damages issues.  In the context of damages issues, consideration of non-infringing alternatives

may be relevant to a lost profits claim.  *See* R. Harmon, PATENTS AND THE FEDERAL CIRCUIT, §

15.1(b)(iii) (9th ed. 2009).  In this case, however, *e*Plus is not seeking a lost profits damage

award, but merely a reasonable royalty for Lawson's infringement.

Finally, Lawson contends that Dr. Shamos should be permitted to provide opinions as to

the "Background Art."  Again, and as set forth in *e*Plus's opening brief, for Lawson to use these

references as showing the state of the art is simply another way for Lawson to attack validity. *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,* 255 F.R.D. 645, 650 (N.D. Iowa 2009) ("[the accused infringer] cannot adroitly evade the requirements of the Scheduling Order to show how prior art invalidates the claims asserted by [the patentee] simply by labeling something as offered for the purpose of showing the level of skill in the art, because it is precisely such information about the level of skill in the art that would be relevant to show how prior art invalidates the claims asserted by [the patentee].").

Indeed, Lawson ultimately concedes, as it must, that this "background art" is simply another means of alleging invalidity.[2]  Lawson Opp. at 13 (stating that the Background Art "supports Dr. Shamos's opinion it would be obvious to combine the undisputedly-disclosed prior art").  Moreover, the jury would surely be confused to hear evidence of these late-disclosed references in this context while being prohibited from considering the references as potentially invalidating prior art.

### D. The Court Should Reject Lawson's Arguments As To The Alleged Lack Of Prejudice

Ultimately, Lawson contends that all of the prior art references at issue were known to *e*Plus before the Shamos Report was served, and therefore there is no prejudice to *e*Plus.[3]  Whether the prior art references were ever known to *e*Plus in some fashion is not the same as Lawson disclosing to *e*Plus that Lawson would actually rely upon those references as the basis for an invalidity theory at trial.  In August 2009, Lawson's identification of alleged prior art references to *e*Plus was nothing more than a laundry list of prior art, without any explanation,

---

[2] Further, it is readily apparent from Dr. Shamos's opinions that his comments with respect to, *e.g.,* Baxter Healthcare, Dyna Text, InnerView, and Prism, are simply additional statements pertinent to validity.  *See e*Plus Opening Br. at 8-10.

[3] Of course, these same exhibits show that all of these references were known to Lawson long before the Court-Ordered Second Supplemental Statement was due.

which consisted of at least 39 references and endless unspecified combinations thereof.  At the subsequent Status Conference with the Court, however, Lawson represented that only a fraction of those references would be relied upon at trial.  ePlus Opening Br. at 3.  In what the Court ruled would be Lawson's final disclosure (the Court-Ordered Second Supplemental Statement), Lawson elected ***not*** to include these references.

Lawson's argument therefore misses the import of the Court's Order that required Lawson to file that Second Supplemental Statement.  Lawson had presented a moving target of invalidity allegations.  The issue was not simply whether Lawson had disclosed a prior art reference in some manner at some previous time, but whether Lawson had narrowed the issues for trial and identified the references and theories it would rely upon at trial, just as *e*Plus had done when identifying the asserted claims.

The Court's requirement that Lawson serve the Second Supplemental Statement was intended to allow *e*Plus to focus its discovery, expert analyses, and pretrial motions on the prior art references and theories Lawson would actually rely on at trial.  The Shamos Report, if permitted, would render the Court's Order meaningless.  This is precisely the prejudice the Court's Order was intended to prevent.  *e*Plus should not at this late hour be required to address new prior art references and invalidity theories that Lawson deliberately decided to leave out of its Court-Ordered Second Supplemental Statement.

### E.    Lawson's Contentions With Respect To *e*Plus's Expert Report Of Dr. Weaver Are Both Irrelevant And Incorrect

Lawson also responds that it has its own complaints with respect to *e*Plus's infringement expert report of Dr. Alf Weaver.  Lawson's arguments, however, are both irrelevant and incorrect.  And notably, Lawson made no such complaint with respect to Dr. Weaver's report

until after *e*Plus filed this motion, suggesting that Lawson's argument is nothing more than an effort to extract a pound of flesh in retaliation.

First, no issue as to Dr. Weaver's expert report is before the Court. Lawson's arguments, while incorrect, are therefore not pertinent to the resolution of this motion. The issue before the Court is Lawson's non-compliance with a very specific Court Order that instructed Lawson to serve supplemental invalidity contentions, with the admonition that Lawson would thereafter be limited to the prior art references and invalidity theories disclosed in those contentions.

Second, Lawson makes a false analogy between the report of Dr. Shamos, which asserts new prior art references and invalidity theories that Lawson was previously aware of, and that of Dr. Weaver, in which Dr. Weaver considers new evidence that Lawson belatedly produced after *e*Plus served its infringement contentions. With the report of Dr. Weaver, *e*Plus has not asserted any new claims, new patents, or new theories of infringement. Dr. Weaver has simply considered the evidence obtained *from Lawson* during the discovery period in this case.[4]

In that regard, since *e*Plus timely served its infringement contentions in December 2009, Lawson has made at least 36 separate productions of documents (including 22 since April 1, 2010), and produced approximately one-half million pages of documents. In addition, numerous depositions of Lawson personnel were taken, including depositions that were resumed because the original Rule 30(b)(6) deposition witness-designees of Lawson lacked sufficient knowledge to address the topic areas. It should not be well taken for Lawson to claim surprise that Dr. Weaver considered this evidence, much of which Lawson belatedly produced.

---

[4] Lawson's complaint about *e*Plus's infringement report also ignores the fact that *on April 26, only a week* before expert reports were due, Lawson supplemented its non-infringement contentions to raise new non-infringement positions. It therefore should have come as no surprise to Lawson that *e*Plus's infringement expert report addressed Lawson's *new* non-infringement positions.

Indeed, this Court's Order of March 29, 2009, compelled Lawson to supplement its responses to three interrogatories, including interrogatories directed to Lawson's implementation for customers of the accused products.  Lawson appears to believe *e*Plus's expert witness is not permitted to consider the evidence that the Court ordered Lawson to produce.  For Lawson to contend, as it seems to do, that Dr. Weaver cannot rely upon this additional evidence that was in Lawson's hands is tantamount to saying that *e*Plus should be denied the right to take discovery.

## III.   CONCLUSION

*e*Plus therefore respectfully requests that the Court rule that the cited portions of the Shamos Report be deemed stricken, and that Lawson's defenses pertaining to those opinions be excluded from the trial of this action.

Respectfully submitted,

*e*Plus, Inc.

By Counsel

May 20, 2010

/s/ Henry I. Willett, III
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
lshiferman@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus inc.

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of May, 2010, I will electronically file the foregoing

**PLAINTIFF ePLUS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANT'S EXPERT REPORT AND EXCLUDE FROM TRIAL ALLEGED PRIOR ART AND INVALIDITY ARGUMENTS NOT DISCLOSED IN DEFENDANT'S COURT-ORDERED INVALIDITY CONTENTIONS**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

***Counsel for Defendant Lawson Software, Inc.***

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

***Counsel for Defendant Lawson Software, Inc.***

/s/ Henry I. Willett, III
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com