# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| ePLUS INC., | ) |
| | ) |
| | ) Civil Action No. 3:09cv620 (REP) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT LAWSON SOFTWARE, INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LAWSON PRIOR ART SOFTWARE REGARDING "MEANS FOR BUILDING A REQUISITION"

Defendant Lawson Software, Inc. ("Lawson") submits this brief, as authorized by this Court's order of May 25, 2010, to establish that the Court's Markman order regarding "means for building a requisition using data relating to selected matching items and their associated sources" changed the case such that Lawson's own software references (the "Lawson V.5 and V.6 Systems") should be allowed for use with respect to invalidity and the expert invalidity report.

This Court's construction of "means for building a requisition using data relating to selected matching items and their associated sources" is broader than the constructions proposed by the parties. Under the Court's construction, unlike the parties' proposed constructions, Lawson's prior art V.5 and V.6 Systems satisfy this element. This Court's Markman ruling changed the case such that Lawson's V.5 and V.6 Systems should be allowed to prove invalidity.

## I.     Factual Background

On April 30, 2010, this Court issued a Memorandum Opinion regarding claim construction ("*Markman* Decision"). (Doc. No. 204.)  The Court found that the structure corresponding to the function of this term was "a requisition module operating on a computer system having access to data in the database, and its equivalents." (Doc. No. 204 at 46-47).  This term is found in claims 3 and 6 of U.S. Patent No. 6,032,683.

ePlus and Lawson proposed narrower constructions for the "means for building a requisition using data relating to selected matching items and their associated sources" on December 28, 2009.  The Court's construction lacks the structure proposed in ePlus's construction, which included an algorithm including the steps (emphasis added) of:

> (1) selecting one or more items from **hit lists of catalog items** matching search criteria that were **returned from searching selected product catalogs**;
> (2) **transferring** the selected matching item data **to a requisition module**; and
> (3) building a requisition using data from the selected matching items to populate certain fields on the requisition form; and structural equivalents thereof.

The Court's construction of the structure also lacks the steps of the narrower algorithm Lawson proposed, which included the steps (emphasis added) of:

a. entering certain data (e.g., account number, requisition number) **in requisition/purchasing system** (40 or 240) to create requisition tables stored in requisition database (42A) ('683 patent, 6:44-65, 7:20-28);
b. initiating search for matching item(s) **in catalog database** (36 or 236) from either requisition/purchasing system (40 or 240) or catalog search program (50 or 250) running on local computer (20 or 220) **via two search means** described above (*id.* at 8:15-32);
c. **displaying via catalog search program a hit list** (47) of search results (*id.* at 9:39-45; 12:27-29; Appendix III);
d. selecting one or more items to be requisitioned (*id.* at 10:21-24; 11:30-38);
e. generating an order list (48) in shell (52 or 252) and **catalog search program** (50 or 250) containing data relating to selected items (e.g., vendor name, product description, list price) (*id.* at 11:20-38; 11:62-66);
f. displaying data relating to selected items in order list (48) (*id.* at 11:38-43; 12:38-40; Appendix VI);
g. **transmitting data from order list (48) to requisition/purchasing system running on same local computer (20 or 220) via the DDE protocol of interface** (60) (*id.* at 11:50-54; 12:48-53; 13:1-21); and

h. updating requisition tables in requisition database (42A) with data received from order list (48) via interface (60) (*id.* at 12:60-67).

Thus, both parties proposed definitions that included algorithms that specifically invoke (1) catalogs, (2) hit lists, and (3) transferring or transmitting matching item data to a requisition module or system. In contrast, the Court's construction included none of these elements.

The Court also effectively expanded the scope of the function of this element. Although the Court and parties agreed that the function recited should be "building a requisition using data relating to *selected matching items* and their associated source(s)" (emphasis added), the Court construed "selected matching items" more broadly than either party proposed. Lawson proposed that selected matching items are "One or more items **selected by a user in the search program** from the list of 'matching items' for inclusion in an order list." (Doc. 144 at 25.)(emphasis added). ePlus asserted that selected matching items are "items **returned in search results** that are selected for inclusion on an order list or in a requisition." (Doc. 142 at 10.)(emphasis added). The Court, in contrast, ruled that selected matching items means "requisition items." (Doc. No. 204. at 21.) The Court thus effectively ruled that this function merely requires that a requisition be built from requisition items, irrespective of whether the items are selected by a user in the search program or returned in search results, as both parties proposed.

Five days after the Court issued its claim construction ruling, Lawson provided the report of its expert, Dr. Shamos. Dr. Shamos' report showed that Lawson's V.5 and V.6 Systems included a requisition module that would satisfy the term as the Court construed it:

> Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741). An order could be created from items retrieved from the database by item number. (L0013226, L0015719-22). Items in the Item Master File (inventory and non-stock items) could be added to requisitions: "The Lawson Requisitions system interfaces with the Lawson Inventory Control system for requisitioning stock and nonstock items."

3

Shamos Report at ¶ 134; see also id. ¶118 (noting Lawson V.5 also worked as described), ¶136, id. Exhibit 3 rows 105, 123;

**II.     Discussion**

A court's intervening and broadening claim construction provides a basis for a defendant to cite additional invalidating art that raises additional invalidity challenges. *Johns Hopkins v. CellPro,* 152 F.3d 1342, 1357 (Fed. Cir. 1998). This exception applies with respect to the claim element at issue here. Lawson did not contend that its prior systems satisfied the particular structure proposed by the parties. The Court's construction, however, is broader than the constructions set forth by the parties both in function and in structure. Lawson's V.5 and V.6 software satisfy this element as more broadly construed by the Court, and should be admitted for purposes of invalidity at least as to claims 3 and 6 of the '683 patent as a result.

Both Lawson's and ePlus's proposed constructions included algorithms which reference a hit list, a search of a catalog database, items derived from catalogs, and data transfer of a list of selected matching item data or order list data to a requisition module. Lawson's discovery responses show that Lawson contended that its current and prior systems lacked these features. See Lawson's Third Supplemental Response to Interrogatory 2 at 3 ("Lawson has sold software products with an item master . . . since years prior to the filing date of the patents in suit. . .The item master is not populated by catalogs. . . Nor do the Lawson software systems provide a collection of catalogs."); see also id. at 15-17 (describing lack of selected matching items, catalogs, hit list, and data transfer in Lawson products). See also Christopherson Dep. 416:16 to 417:3 (admitting earlier invalidity claim chart citing Lawson prior systems did not "discuss anywhere on this page performing a search for selected matching items in a vendor catalog and building a requisition using the search results").

4

The Court's construction lacks the structural features common to both parties' proposed constructions and missing from Lawson's products. Specifically, the Court's construction lacks reference to a hit list, a search of a catalog database, items derived from catalogs, or transfer of selected matching item or order list data to a requisition module. It also broadens the function, as the Court's construction of "selected matching items" means that the function is to build a requisition from requisition items, irrespective of whether the items are selected by a user in the search program or returned in search results, as both parties proposed.

Lawson's V.5 and V.6 Systems could build requisitions using data relating to selected matching items and their associated source(s). They do so with a requisition module operating on a computer system having access to data in a database, or its equivalents. Supplemental Initial Statement of Invalidity Defenses, dated 12/23/09, at 18, 26; Shamos Report at ¶¶ 134, 136, Exhibit 3 rows 105, 123. Thus, the element as construed by the Markman Order is satisfied by Lawson's V.5 and V.6 systems, making those systems very relevant to invalidity.

### III. Conclusion

This Court should deny ePlus' motion to strike the portions of Dr. Shamos' report regarding Lawson's V.5 and V.6 Systems as applied to the "means for building a requisition using data relating to selected matching items and their associated sources." As shown above, the Markman Order changed the case specifically regarding this limitation such that the Lawson references should be allowed to support invalidity opinions and contentions.

LAWSON SOFTWARE, INC.

By  /s/
     Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 28th day of May, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

      /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

7