IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-CV-620 (REP) |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF ePLUS, INC.'S SUPPLEMENTAL BRIEF REGARDING "MEANS FOR BUILDING A REQUISITION" IN FURTHER SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANT'S EXPERT REPORT AND EXCLUDE FROM TRIAL ALLEGED PRIOR ART AND INVALIDITY ARGUMENTS NOT DISCLOSED IN DEFENDANT'S COURT-ORDERED INVALIDITY CONTENTIONS**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

## I.    INTRODUCTION

Pursuant to the Court's May 25, 2010 Order, Plaintiff ePlus, Inc. ("ePlus") respectfully submits this supplemental brief to refute Defendant's argument that the Court's *Markman* Order regarding the "means for building a requisition …" "changed the rules of the game" such that Lawson was entitled to have its expert set forth new prior art references and invalidity theories.

First, Lawson's fundamental premise is simply incorrect. The Court's construction did nothing of the sort. And Defendant's suggestion is simply a post-hoc rationalization in order to reintroduce Lawson Software Systems V.5 and V.6 as alleged prior art. Having dropped them from the Court-Ordered Second Supplemental Statement, Defendant is now grasping at any means to reintroduce those systems.[1]

The Court's construction is completely consistent with arguments that ePlus presented during the *Markman* hearing, and thus, well known to Defendant. Further, the Court did not, as suggested by Defendant, rule that "requisition items" were not the result of a search. To the contrary, the Court ruled that "matching items" ***were*** "search results" thus, "selected matching items" are "***selected search results***" that are used to build a requisition. Therefore, there is no compelling reason to reopen the door simply because Defendant has now shifted its trial strategy.

Second, the facts of the Federal Circuit's decision in *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1357 (Fed. Cir. 1998), are readily distinguishable. Among other things, *Cellpro* involved a case that had gone to a jury trial without any claim construction, only to have the trial court render a claim construction after the jury returned its verdict.

Third, another false premise of Defendant's argument is that its prior invalidity disclosures were restricted by the claim construction positions set forth by the two parties. In

---

[1] ePlus notes that Defendant failed to produce any documents concerning the V.5 system other than **unreadable** source code, and thus, ePlus has no ability to even evaluate that system.

actuality, however, Defendant has never deemed itself encumbered by *any* claim construction when making its Court-ordered invalidity disclosures.

Accordingly, the Court should reject Defendant's argument that this Court's *Markman* Order requires that Lawson be permitted to assert its alleged "prior art" software against the "means for building a requisition …" element.

## II.   ARGUMENT

Defendant contends that the Court's construction expanded the scope of the claims and therefore "changed the rules of the game." As a result, Defendant argues, it may now sweep in additional prior art — namely Lawson Software V.5 and V.6 — to support specific arguments with regard to two claim elements in the '683 Patent.[2]

The Court did not "effectively expand the scope" of the claim term "means for building a requisition using data relating to selected matching items and their associated sources," as suggested by Defendant. Def's Br. at 3. Moreover, the Court did not reject both parties' constructions with respect to this claim element. Indeed, during the argument in the *Markman* hearing, *e*Plus suggested that the Court could adopt the construction for "selected matching items" as "requisition items." Ex. A (January 22, 2010 Transcript at 47-48):

> Again, we suggested that this didn't require construction, but to the extent the Court thought it did, we put there are items returned in search results that satisfy search criteria and are selected for inclusion in an order list or in a requisition. I think that ***distilled down to its essence, that's a requisition item***. And so, therefore, I withdraw that alternative, and I would live with Judge Brinkema's and the specification [sic] history.

It does not follow, however, as Defendant suggests, that "[t]he Court thus effectively

---

[2] It was clear during the hearing that Defendant argued that these legacy software systems were relevant to only *two* claim elements with regard to the entirety of the claims at issue in this case. Defendant now appears to urge that these legacy systems may be relevant to additional claims. *See* Def's Br at 4 (Lawson's V.5 and V.6 … should be admitted for purposes of invalidity *at least as to* claims 3 and 6 of the '683 Patent as a result."). Having pushed the proverbial "camel's nose under the tent," Defendant now appears to want the entire camel inside.

2

ruled that this function merely requires that a requisition be built from requisition items, *irrespective* of whether the items are selected by a user in the search program or returned in search results …" Def's Br. at 3 (emphasis added).  In fact, such a construction would vitiate an entire element of the claim, a presumptively improper construction.  *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1119 (Fed. Cir. 2004).

As the Court held, "'matching items' *are* the search results …" (Dkt. No. 204 at 17) (emphasis added).  Accordingly, selected *matching items* are the selected "search results" that are intended for inclusion in the requisition that is being "*built*" in the claim element.[3]  Thus, "requisition items" merely means those matching items as a result of the search that were selected to build the requisition.

This is entirely consistent with the structure of the claim, the Court's construction, and black letter patent law.  To construe it otherwise would ignore completely an essential claim element which is presumptively incorrect.  Once that is appreciated, Defendant's argument is merely a makeweight excuse in an attempt to avoid the consequences of their own failure to include Lawson V.5 and V.6 as part of the Court-ordered invalidity statement.

Second, the *Cellpro* case is readily distinguishable from the facts of this case.  In *Cellpro,* the district court allowed the case to be tried to a jury without first construing the claims. *Cellpro,* 152 F.3d at 1349.  The jury returned a verdict in the accused infringer's favor, after which the court granted a new trial, determining that it had committed error by not construing

---

[3] For example, Claim 3 of the '683 Patent is reproduced below in relevant part:
    An electronic sourcing system comprising:
        \* \* \*
    means for selecting the product catalogs to search;
    means for *searching for matching items* among the selected product catalogs;
    means for building a requisition using data relating to *selected matching items* and their associated source(s) . . . .

disputed limitations. *Id.* The trial court thereafter construed disputed limitations, but for the purpose of the retrial refused to permit the accused infringer to rely upon a prior art reference not asserted at the first trial. *Id.* at 1356-57. The Federal Circuit held that the district court, "***when it construed the claims after trial***, changed the rules of the game." *Id.* at 1357.

Any comparison between *Cellpro* and the facts of this case is not compelling. This is not a situation where the Court has allowed the case to be tried (and a jury verdict reached) without a claim construction, only to provide one afterwards. The parties and the Court conferred at length in November 2009 about the pretrial schedule and the *Markman* briefing schedule. Lawson has long known that the Court would render a *Markman* ruling before trial, and that the parties would have to make a good faith effort to anticipate that ruling when disclosing their respective contentions. And after this Court rendered the *Markman* ruling, Lawson did not request the opportunity to amend or supplement its Court-ordered invalidity statement.

Third, contrary to Lawson's present argument that its prior invalidity disclosures were limited by the parties' claim construction contentions, Lawson has never felt itself encumbered by any claim construction position when disclosing its invalidity contentions in this case. As Lawson itself has argued, in prior iterations of its invalidity contentions it actually asserted the Lawson "prior art" software as invalidating references. When Lawson first made its disclosure of invalidity allegations on December 8, it asserted as an allegedly invalidating prior art reference "Lawson software that was available prior to August 10, 1994." Exhibit B at 1. It expressly asserted Lawson V.6 against the "means for building a requisition …" element. ***Lawson did not tie its allegation to any particular claim construction***, but simply stated, "Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741). An order could be created from items retrieved from the database

4

by item number. (L0013226, L0015719-22)." *Id.* at 7-8.[4]

Lawson did not change this contention until, for reasons yet to be explained, it withdrew the Lawson references from its Court-ordered invalidity statement. Again, Lawson did not tie its invalidity statement to any particular claim construction.[5] **Thus, there is no reason to believe that Lawson's express withdrawal of these Lawson references from its invalidity contentions was based on any premise as to the claim construction the Court might reach.**

And after the Court rendered its *Markman* ruling, Lawson did not move or request an opportunity to revise its invalidity contentions. It was not until *e*Plus moved to strike Dr. Shamos' opinions that Lawson claimed for the first time that the Court's *Markman* opinion had "changed the rules of the game" and it wanted to put the Lawson "prior art" back into the case.

These facts show a party that has made a last-minute decision to reverse a prior tactical judgment. The Court need not and should not countenance Lawson's last-minute reversal of its tactical decision to withdraw the Lawson "prior art" from the case, and the Court's construction of the "means for building a requisition …" does not compel such a result.

               Respectfully submitted,

June 4, 2010                /s/
                  Henry I. Willett, III (VSB #44655)
                  Craig T. Merritt (VSB #20281)
                  Counsel for Plaintiff *e*Plus, Inc.
                  **CHRISTIAN & BARTON, LLP**
                  909 East Main Street, Suite 1200
                  Richmond, Virginia 23219-3095
                  Telephone: (804) 697-4100
                  Facsimile: (804) 697-4112
                  hwillett@cblaw.com

---

[4] When making its "Supplemental" disclosure on December 23, 2009, Lawson again asserted the Lawson "prior art" software, and, again, it did not tie this contention to any particular claim construction. Ex. C at 6-7.

[5] This was despite the fact that *e*Plus expressly requested that Lawson do so. *See* Ex. D at 2 (letter from *e*Plus's counsel of April 14, 2010).

5

                Scott L. Robertson *(admitted pro hac vice)*
                Jennifer A. Albert *(admitted pro hac vice)*
                David M. Young (VSB #35997)
                **GOODWIN PROCTER LLP**
                901 New York Avenue, N.W.
                Washington, DC 20001
                Telephone:  (202) 346-4000
                Facsimile:   (202) 346-4444
                srobertson@goodwinprocter.com
                jalbert@goodwinprocter.com
                dyoung@goodwinprocter.com

                Attorneys for Plaintiff, *e*Plus inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2010, I will electronically file the foregoing

**PLAINTIFF ePLUS, INC.'S SUPPLEMENTAL BRIEF REGARDING "MEANS FOR BUILDING A REQUISITION" IN FURTHER SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANT'S EXPERT REPORT AND EXCLUDE FROM TRIAL ALLEGED PRIOR ART AND INVALIDITY ARGUMENTS NOT DISCLOSED IN DEFENDANT'S COURT-ORDERED INVALIDITY CONTENTIONS**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

*Counsel for Defendant Lawson Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/ Henry I. Willett, III
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com