# EXHIBIT A

                                                                    1

1                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
2                      RICHMOND DIVISION

3    _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                        :
4    ePLUS, INC.,                       :
                                        :
5                    Plaintiff,         :
     v.                                 :   Civil Action
6                                       :   No. 3:09CV620
     LAWSON SOFTWARE, INC.,             :
7                                       :   January 22, 2010
                     Defendant.         :
8    _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:

9

10

11          COMPLETE TRANSCRIPT OF **MARKMAN HEARING**
             BEFORE THE HONORABLE ROBERT E. PAYNE
12                UNITED STATES DISTRICT JUDGE

13

14

15   APPEARANCES:

16   Scott L. Robertson, Esq.
     Jennifer A. Albert, Esq.
17   GOODWIN PROCTOR
     901 New York Avenue, NW
18   Washington, D.C.   20001

19   Craig T. Merritt, Esq.
     CHRISTIAN & BARTON
20   909 E. Main Street, Suite 1200
     Richmond, VA   23219-3095
21
            Counsel for the plaintiff ePlus
22

23
                    DIANE J. DAFFRON, RPR
24                 OFFICIAL COURT REPORTER
               UNITED STATES DISTRICT COURT
25

1  one I mentioned there was a slight hiccup with respect
2  to Judge Spencer's construction.
3           THE COURT:  Hold on one minute before you get
4  into that, sir.
5           MR. ROBERTSON:  Sure, sir.
6           THE COURT:  Okay.  All right.  Excuse me.  Go
7  ahead.
8           MR. ROBERTSON:  Yes, sir.  There was a slight
9  hiccup with respect to this in Judge Spencer's
10 construction.  He actually used the definition of
11 "selected matching items" for "matching items," and I
12 just think he just conflated the two.  We really don't
13 know what his motivation was, but I respectfully
14 suggest that that was wrong because a matching item is
15 not necessarily one you're going to select for a
16 requisition or an order list.
17          So we did -- I'm on page 27, Your Honor, of
18 our slides here.  Again, we suggested that this didn't
19 require construction, but to the extent the Court
20 thought it did, we put there are items returned in
21 search results that satisfy search criteria and are
22 selected for inclusion in an order list or in a
23 requisition.  I think that distilled down to its
24 essence, that's a requisition item.  And so, therefore,
25 I withdraw that alternative, and I would live with

48

 1  Judge Brinkema's and the specification history.
 2              I think the mischief of Lawson's proposed
 3  construction is that it requires to be selected by a
 4  user again in the search program, and that it be used
 5  for inclusion in an order list.  And, again, we think
 6  it does not necessarily need to be in an order list
 7  because there are examples where it is not included
 8  necessarily in an order list because it could be
 9  included simply as a selected matching item in a
10  requisition before being ordered.
11              It could be in an order list in addition to a
12  requisition, which I'm being reminded of because
13  actually claim 1 of the '172 Patent says that it is
14  actually selected for an order list, but the claim
15  expressly states that.  So by implication, if there are
16  claims that don't state it, it can be included in an
17  order list.
18              THE COURT:  Does that mean that we have one
19  definition for one claim and another definition for
20  another claim?
21              MR. ROBERTSON:  That means when you add
22  additional language to a claim that further limits, it
23  should be read that way, and when there's a claim that
24  doesn't have that language in it, it shouldn't be so
25  limited.