# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S
SUPPLEMENTAL INITIAL STATEMENT OF INVALIDITY DEFENSES**

Defendant Lawson Software, Inc. ("Lawson"), by counsel and in accordance with Section V(J)(3) of Pretrial Schedule A to the Court's Scheduling Order (Dkt. 121-2), hereby submits its initial statement of invalidity defenses. Lawson is asserting the following prior art references:

- Lawson software that was available prior to August 10, 1994

    - L0011698 – L0011760, L001761–L0011848, L001849–L0012144, L0012492–L012517, L0012554–L0012599, L0012800–L0012836, L0012837–L0013145, L0013146–L0013295, L0013572–L0013711, L0014416–L0014532, L0015615–L0016422, L0017726–L0017890, L0017891–L0018119;

- The Fisher Scientific Requisition and Inventory Management System ("the Fisher RIMS system");

    - ePLUS0137677–ePLUS0137718; as admitted to be "known" as described in the patents in suit as disclosed in the U.S. Pat. No. 5,712,989, which inventors Kinross, Johnson, and Momyer confirmed describes the RIMS system as offered for sale and in public use more than one year before the effective filing date of the patents in suit, as further confirmed by the Fisher 10K and annual reports from 1992-1994 and in the trademark application papers associated with Fisher's RIMS federal trademark application

1

- U.S. Patent No. 5,319,542
    - ePLUS0130297–ePLUS0130307;
- U.S. Patent No. 5,694,551
    - ePLUS0137969–ePLUS0138005;
- P.O. Writer Plue V.10 ("the P.O. Writer system")
    - L0126149–L0126395, L0126396–L0126402, L0126403–L0126422, L0126423–L0126481, L0126482–L0126500, L0126501–L0126513, L0126515–L0126701, L0126702–L0126717, L0126718–L0126964, L0126965–L0126980, L0126981–L0126999, L0127000–L0127019, L0127020–L0127102, L0127103–L0127137, L0127138–L0127227, L0127228 – L0127255, L0127256–L0127296, L0127297–L0127504, L0127506–L0127601;
- The SABRE system
    - L0125223–L0125723, L0125725–L0126046, L0126048–L0126103, L0126106–L0126146;
- The J-CON system
    - L0123413–L0124584, L0124586–L0125034, L0125036 – L0125221;
- The Gateway 2000/MRO Version ("the Gateway system")
    - L0127603–L0127886, L0127887–L0128208, L0128209–L0128209, L0128358–L0128361, L0128363– 0128366, L0128368–L0128395;
- The IBM Technical Viewer/2 ("IBM TV/2") system
    - L0132122–L0132130, L0132131–L0132134

The listed Bates numbers are intended to be an exemplary, but not an exhaustive, list of documents describing the asserted prior art.

Attached hereto as Exhibit 1 is a claim chart explaining how the listed prior art invalidates the patent claims currently asserted by Plaintiff ePlus, Inc. The citations to specific Bates numbers in the claim charts are intended to an exemplary, but not an exhaustive, list of where the specific limitations are found in the asserted prior art. Additionally, to the extent that

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | U.S. Patent No. 5,694,551 discloses searching for items by product group or keyword. Fig. 13 & col. 5:26-27 (ePLUS0137982 & ePLUS0138002). |
| | The P.O. Writer system enabled a user could search for matching items among selected product catalogs by entering search criteria, including item number, item description, and commodity code, that at least partially describes a desired item. (L0127525). |
| | The SABRE system enabled a user to search for items using various criteria. (L0125267, L0125276, L0125283 & L0125287). |
| | The J-CON system included a search program for matching items in a database in response to the descriptive information entered by the user. (L0123472). |
| | The Gateway system enabled a user to search and select items once a catalog was selected. (L0127661). |
| | The IBM TV/2 system searched for items using specific criteria, such as keywords or part numbers. (L0132133). |
| means for building a requisition using data relating to selected matching items and their associated source(s); | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The phrase "selected matching items" is indefinite. The limitation lacks an indication as to what "selected matching items" are or how and when matching items are selected.<br><br>35 U.S.C. § 102/§ 103<br>Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. (L0009741). An order could be created from items retrieved from the database by |

7

| '683 Patent Claim Element | Invalidity Contentions |
|---|---|
| | item number. (L0013226, L0015719-22). |
| | The Fisher RIMS system created requisitions based on product information from multiple sources. U.S. Pat. No. 5,712,989 at Figs. 2A & 2B and related description at cols. 6:18–11:23 (ePLUS0137694-96). |
| | U.S. Patent No. 5,694,551 discloses building a requisition from the selected items. Fig. 7, Fig. 13 & col. 5:49-65 (ePLUS0137976, ePLUS0137982 & ePLUS0138002). |
| | The P.O. Writer system enabled items from the catalog screen to be selected for requisition by pressing F7. (L0126948). |
| | The SABRE system enabled a user to select flights and other items to complete an itinerary and then transfer the information to a requisition (PNR). (L0125235-45). |
| | The J-CON system enabled a user to select items to add to a requisition (ticket). (L0123606). |
| | The Gateway system enabled a user to select items to add to a requisition. (L0127659 & L0127675). |
| means for processing the requisition to generate one or more purchase orders for the selected matching items; and | 35 U.S.C. § 101<br>This means-plus-function limitation does not impose any meaningful machine limitations as the specification does not disclose any physical structure corresponding to this limitation.<br><br>35 U.S.C. § 112 ¶ 2<br>The specification of the '683 patent fails to comply with 35 U.S.C. § 112 ¶ 2 and ¶ 6 by failing to sufficiently describe structure corresponding to this limitation, or provide a clear link to any structure in the specification. Nowhere in the specification is there a description of a means for generating more than one purchase order for a single requisition. Because no other structure is described in the '683 specification that corresponds to this function, the claim is indefinite. |

8