# EXHIBIT D

# GOODWIN | PROCTER

Jennifer A. Albert
202.346.4322
JAlbert@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

April 14, 2010

<u>Via E-Mail</u>

Daniel McDonald, Esq.
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
      Civil Action No. 3:09cv620 (REP)

Dear Dan:

I write regarding Lawson's Second Supplemental Initial Statement of Invalidity Defenses. As you know, Judge Payne ordered Lawson to supplement its invalidity contentions at the telephonic hearing on March 26, 2010. Specifically, Judge Payne ordered Lawson to, among other things, limit Lawson's invalidity contentions to 7 or 8 references (Tr. at 8) and highlight specific portions of each reference and provide those references to *e*Plus (Tr. at 8). As discussed below, Lawson's supplemental invalidity contentions do not comply with the Court's order. We therefore ask that Lawson make itself available for a conference during which the parties can discuss all of these issues and resolve them without the need for Court intervention.

First, Lawson's supplemental invalidity contentions cite at least 11 references:

   1. The Fisher Scientific Requisition and Inventory Management System ("the Fisher RIMS system");

   2. U.S. Patent No. 5,712,989

   3. U.S. Patent No. 5,319,542

   4. P.O. Writer Plus V.10

GOODWIN | PROCTER

Daniel McDonald, Esq.
April 14, 2010
Page 2

5. The SABRE system as describe in "A Practical Guide to SABRE Reservation and Ticketing"

6. The J-CON system as described in the "J-CON Manual"

7. The Gateway 2000/MRO Version as described in "Gateway 2000/MRO Version, May 1991"

8. IBM Technical Viewer/2 system ("IBM TV/2 system")

9. IBM Technical Viewer/2, General Information Manual

10. IBM Technical Viewer/2 brochure

11. U.S. Patent No. 4,992,940

To comply with the Court's Order, Lawson should withdraw 3 or 4 references from its invalidity contentions.

Second, Lawson failed to highlight the specific portions of each reference that Lawson intends to rely upon and provide those references to *e*Plus as required by the Court (Tr. at 8). Please provide these highlighted references to *e*Plus no later than Friday, April 16, 2010.

Additionally, Lawson failed to provide evidence relating to how each cited reference satisfies each claim element under Lawson's proposed construction of the claims. As you know, you must apply the same construction for purposes of an infringement analysis as for purposes of a validity analysis.

We request a meet and confer this week to discuss these deficiencies. Please let us know your availability.

Sincerely,

Jennifer A. Albert

cc: Counsel of Record

LIBW/1735100.1