```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE EASTERN DISTRICT OF VIRGINIA

 3                      RICHMOND DIVISION

 4    --------------------------------------
                                           :
 5    ePLUS, INC.                          :    Civil Action No.
                                           :    3:09CV620
 6    vs.                                  :
                                           :
 7    LAWSON SOFTWARE, INC.                :    June 11, 2010
                                           :
 8    --------------------------------------

 9
          COMPLETE TRANSCRIPT OF THE CONFERENCE CALL
10
           BEFORE THE HONORABLE ROBERT E. PAYNE
11
                 UNITED STATES DISTRICT JUDGE
12

13    APPEARANCES:

14    Scott L. Robertson, Esquire
      Goodwin Procter, LLP
15    901 New York Avenue NW
      Suite 900
16    Washington, D.C.  20001

17    Henry I. Willett, III, Esquire
      Christian & Barton, LLP
18    909 East Main Street
      Suite 1200
19    Richmond, Virginia  23219-3095
      Counsel for the plaintiff
20
      Dabney J. Carr, IV, Esquire
21    Troutman Sanders, LLP
      1001 Haxall Point
22    Richmond, Virginia  23219
      Counsel for the defendant
23

24                  Peppy Peterson, RPR
                  Official Court Reporter
25              United States District Court
```

<u>P R O C E E D I N G S</u>

33:58PM  1

34:00PM  2

34:00PM  3          THE COURT:  Hello.

34:26PM  4          MR. CARR:  Good morning, Judge Payne, or good

34:28PM  5  afternoon.

34:30PM  6          THE COURT:  This is ePlus against Lawson, civil

34:34PM  7  3:09CV620.  Identify yourselves for the record and who you

34:40PM  8  represent, and then when you speak, give your name if you will,

34:46PM  9  please.

34:46PM 10          MR. WILLETT:  On behalf of the plaintiff, ePlus, you

34:50PM 11  have Henry Willett and Scott Robertson on the line.

34:52PM 12          MR. CARR:  And on behalf of defendant, Lawson

34:56PM 13  Software, you have Dabney Carr.

34:58PM 14          THE COURT:  All right.  You needed to have a

35:04PM 15  conference call on what you were going to do about the issues

35:08PM 16  in the *Bilski* case?  I just checked.  The Supreme Court hasn't

35:12PM 17  issued any decisions since the 7th of June, at least according

35:20PM 18  to the website I went to which is the official one.  Do you

35:22PM 19  have anything different than that?

35:26PM 20          MR. CARR:  Judge, this is Dabney Carr.  No, I don't.

35:28PM 21  We made a proposal to ePlus yesterday which I'll describe to

35:34PM 22  you briefly.  Trying to meet the concern you expressed in our

35:38PM 23  last conference call that this be fully briefed well before the

35:44PM 24  scheduled hearing on summary judgment which is July 28th --

35:46PM 25          THE COURT:  Yes.

| | | |
|---|---|---|
| 35:48PM | 1 | MR. CARR:  -- what we proposed was that we would -- |
| 35:52PM | 2 | that Lawson would file a motion based on the *Bilski* decision no |
| 35:56PM | 3 | later than six days after the ruling, and we would limit the |
| 36:02PM | 4 | brief in support of that motion to ten pages, that the response |
| 36:06PM | 5 | to that motion would be due six days later, and that would also |
| 36:10PM | 6 | be limited to ten pages, and that a reply would be filed three |
| 36:14PM | 7 | days later and would be limited to eight pages. |
| 36:18PM | 8 | I went on the Supreme Court website to try to figure |
| 36:20PM | 9 | out when the term ends.  The last thing on the website |
| 36:24PM | 10 | indicates a non-argument session on June 28th, so if -- |
| 36:30PM | 11 | THE COURT:  That, I think, is the last day of the |
| 36:34PM | 12 | term ordinarily, and they issue all the last decisions. |
| 36:38PM | 13 | MR. CARR:  If that were the case, under this |
| 36:42PM | 14 | schedule, the briefing would be completed by July, I believe by |
| 36:46PM | 15 | July 16th or so which is about a week and a half before the |
| 36:52PM | 16 | summary judgment hearing.  I believe it's July 28th.  So it |
| 36:56PM | 17 | felt like that would fit that schedule and still give us an |
| 37:00PM | 18 | opportunity to raise this.  Of course there's the chance that |
| 37:04PM | 19 | we would not file anything if the *Bilski* decision was not |
| 37:10PM | 20 | favorable to us. |
| 37:10PM | 21 | THE COURT:  Well, I assumed that. |
| 37:12PM | 22 | MR. CARR:  So that's where we are.  ePlus said they |
| 37:16PM | 23 | couldn't agree with that proposal, and that prompted requesting |
| 37:18PM | 24 | this call. |
| 37:20PM | 25 | THE COURT:  What's the problem with the proposal, |

37:22PM 1    gentlemen?

37:22PM 2         MR. ROBERTSON:  Your Honor, this is Mr. Robertson.

37:24PM 3    I'm very troubled by a pattern here, and that is, this Court

37:28PM 4    has already ruled on this issue.  This was raised at the

37:30PM 5    pretrial, Your Honor, on November 17th, 2009.  It was discussed

37:34PM 6    at length specifically with respect to this *Bilski* decision,

37:36PM 7    and Your Honor heard argument from Mr. McDonald who said he

37:40PM 8    didn't even -- and Mr. Willett has forwarded the transcript of

37:44PM 9    that pretrial to you, and Mr. --

37:48PM 10        THE COURT:  What page are you talking --

37:48PM 11        MR. ROBERTSON:  -- McDonald said he didn't even need

37:50PM 12   to wait until March or April or any other time for the decision

37:52PM 13   to come down from the Supreme Court on *Bilski*, he was prepared

37:56PM 14   to be able to move on it, and what the Court ruled was that the

38:00PM 15   Court said, and I'm now quoting from page 19, I think the

38:02PM 16   answer is let's all do it one time consistent with the local

38:06PM 17   rules and maybe just give you a few more pages, all right?  I

38:10PM 18   don't see any more than an extra 15 pages will be necessary to

38:12PM 19   deal with this.

38:14PM 20        And then you went on to say, the one thing you had

38:16PM 21   ruled on was that how to deal with the summary judgment motions

38:20PM 22   which was going to be one.  Now, last week they called us, and

38:22PM 23   they asked us for ten additional pages for their summary

38:26PM 24   judgment motion, and rather than trouble the Court, I took the

38:30PM 25   Court's guidance to heart, and we consented to those ten

| | | |
|---|---|---|
| 38:32PM | 1 | additional pages. |
| 38:34PM | 2 | So what we have here now is we have a decision that |
| 38:36PM | 3 | hasn't come down, that may not come down.  The Supreme Court |
| 38:40PM | 4 | could say cert was improperly granted.  The Supreme Court could |
| 38:40PM | 5 | pass it over to another term.  We don't know.  We're just |
| 38:44PM | 6 | speculating -- |
| 38:46PM | 7 | THE COURT:  Slow down. |
| 38:48PM | 8 | MR. ROBERTSON:  One thing we -- |
| 38:50PM | 9 | THE COURT:  Whoa, whoa, slow down. |
| 38:50PM | 10 | MR. ROBERTSON:  I'm sorry, Your Honor. |
| 38:50PM | 11 | THE COURT:  Ms. Peterson's good, but she just can't |
| 38:54PM | 12 | keep up with you. |
| 38:56PM | 13 | MR. ROBERTSON:  I apologize to your stenographer. |
| 38:58PM | 14 | That is one of my biggest failings.  I will slow down. |
| 39:02PM | 15 | One thing we know for certain is we don't even know |
| 39:04PM | 16 | what the rule of law is going to be coming out of this |
| 39:08PM | 17 | decision, and so I admire Mr. McDonald's confidence that he |
| 39:12PM | 18 | wants to move for summary judgment on a rule of law that is |
| 39:14PM | 19 | completely unknown to everybody right now, but this was |
| 39:18PM | 20 | something that he said in the transcript seven months ago that |
| 39:22PM | 21 | he could address at any time and he didn't need to wait for the |
| 39:24PM | 22 | Supreme Court's ruling. |
| 39:26PM | 23 | So, again, at the time, the fairness issue of having |
| 39:30PM | 24 | two bites at the apple, of delegating from the local rules of |
| 39:34PM | 25 | this district and giving multiple bites at the apple is just an |

| | | |
|---|---|---|
| 39:40PM | 1 | unfairness quotient, Your Honor.  We gave them additional |
| 39:44PM | 2 | pages.  They took them as you suggested.  The Court ruled, and |
| 39:46PM | 3 | now they want another do-over. |
| 39:48PM | 4 | I'm troubled by this, Your Honor, because we just had |
| 39:52PM | 5 | a very contentious hearing before you with respect to the |
| 39:54PM | 6 | Shamos report in which the Court had issued an order, and right |
| 39:58PM | 7 | before you went on vacation, you modified that order, and you |
| 40:02PM | 8 | permitted them to address the Lawson 6.0 and 5.0 with respect |
| 40:08PM | 9 | to one additional claim element. |
| 40:10PM | 10 | Now, we had a briefing schedule you set up, and we've |
| 40:12PM | 11 | complied with that, Your Honor, and we submitted our brief on |
| 40:16PM | 12 | June 4, and I was concerned that this was going to open the |
| 40:18PM | 13 | door for them to try and go ahead and apply the Lawson 5.0 and |
| 40:24PM | 14 | 6.0 systems to all these other claims, and we got late on |
| 40:28PM | 15 | Thursday night, and I didn't appreciate the time, Your Honor, |
| 40:30PM | 16 | because we were working on the briefing, we got a Shamos |
| 40:34PM | 17 | non-infringement report. |
| 40:34PM | 18 | Now, let me say that again.  It's a non-infringement |
| 40:36PM | 19 | report.  And in that non-infringement report, Shamos goes on to |
| 40:40PM | 20 | apply versions five and 6.0 to every single claim for |
| 40:44PM | 21 | invalidity, in a non-infringement report for invalidity, Your |
| 40:48PM | 22 | Honor, on all these issues.  Now, these guys apparently think |
| 40:52PM | 23 | that the Court's rulings are just advisory, and I want to tell |
| 40:54PM | 24 | you, Your Honor, I'm going to be moving to strike large |
| 40:58PM | 25 | portions of this report, and I'll be asking for sanctions this |

| | | |
|---|---|---|
| 11:00PM | 1 | time because this was completely inappropriate.  Your Honor |
| 11:02PM | 2 | made clear -- |
| 11:04PM | 3 | THE COURT:  Slow down. |
| 11:06PM | 4 | MR. ROBERTSON:  -- for two limited elements -- |
| 11:08PM | 5 | THE COURT:  Slow down. |
| 11:08PM | 6 | MR. ROBERTSON:  So this troubles me, Your Honor, that |
| 11:10PM | 7 | the Court makes rulings as it did on November 17 and said one |
| 11:14PM | 8 | summary judgment, but I'll allow you to have other pages.  We |
| 11:18PM | 9 | consented to that, and now they want the two summary judgments |
| 11:20PM | 10 | back. |
| 11:22PM | 11 | At some point, they just have to understand that the |
| 11:24PM | 12 | Court's rulings are not advisory, and, Your Honor, I just think |
| 11:26PM | 13 | it's completely speculative for us to have to sit around and |
| 11:32PM | 14 | wait to see if the Supreme Court is going to be ruling on |
| 11:36PM | 15 | something and then have to do a whole other briefing schedule |
| 11:38PM | 16 | and burden the Court on this when Mr. McDonald said he could |
| 11:42PM | 17 | have done it long ago.  That is at page six of the transcript, |
| 11:48PM | 18 | Your Honor. |
| 11:48PM | 19 | MR. CARR:  Your Honor, may I respond? |
| 11:50PM | 20 | THE COURT:  If he's finished.  I would like to let |
| 11:52PM | 21 | him finish before you respond. |
| 11:54PM | 22 | MR. ROBERTSON:  I'm done, Your Honor.  Thank you. |
| 11:56PM | 23 | MR. CARR:  Your Honor, this is Dabney Carr again for |
| 11:58PM | 24 | Lawson.  I'd say first, I object to Mr. Robertson's |
| 12:04PM | 25 | insinuations about our conduct.  I think it's inappropriate.  I |

12:06PM  1    think it's unfair, and it is coming as a complete surprise to

12:12PM  2    me in this conference call.

12:16PM  3          ePlus raised none of these issues on what -- the

12:20PM  4    subject of the conference call is whether or not we could file

12:22PM  5    a short separate motion about *Bilski*.  They raised none of that

12:28PM  6    with us beforehand, and, Your Honor, they, in fact, sent to you

12:32PM  7    this transcript no more than 30 minutes ago without telling us

12:36PM  8    that we were going to be making any submissions to the Court.

12:38PM  9    I object to their doing that.

12:40PM  10         Obviously, Judge, November was a long time ago, and

12:44PM  11   many things have changed, and all we are seeking here is the

12:48PM  12   opportunity to address the Supreme Court's decision on the

12:50PM  13   *Bilski* case, as we're entitled to be able to do because this

12:54PM  14   case is still ongoing, and we suggested what we thought was a

12:58PM  15   reasonable and measured way to do it that would not burden the

13:04PM  16   Court and would allow us to put this issue before the Court in

13:10PM  17   summary judgment.

13:10PM  18         Now, all of what Mr. Robertson said regarding Mr.

13:14PM  19   Shamos's report, that is the first that they have advised

13:16PM  20   Lawson of any of those objections.  I think, as you've said in

13:22PM  21   the past, if they have a motion, they should file it, and it is

13:24PM  22   not appropriate to raise at this point in this conference call

13:28PM  23   having to do with this really very limited request that we're

13:32PM  24   making of the Court.

13:34PM  25         MR. ROBERTSON:  Let me just briefly respond, Your

|            |    |                                                                          |
|------------|----|--------------------------------------------------------------------------|
| 13:34PM    | 1  | Honor.                                                                   |
| 13:36PM    | 2  | MR. CARR:  Your Honor, you know --                                       |
| 13:36PM    | 3  | THE COURT:  Wait a minute --                                             |
| 13:36PM    | 4  | MR. CARR:  Your Honor, it is our request, and I would                    |
| 13:40PM    | 5  | ask to have the last word.                                               |
| 13:42PM    | 6  | THE COURT:  I will give you the last word, but he                        |
| 13:44PM    | 7  | wants to say something, so go ahead.                                     |
| 13:46PM    | 8  | MR. ROBERTSON:  Your Honor, I don't understand how                       |
| 13:48PM    | 9  | providing the Court with a transcript of the pretrial in which           |
| 13:52PM    | 10 | this specific issue was addressed and the Court ruled is at all          |
| 13:56PM    | 11 | prejudicial.  Mr. Willett called me shortly before the call and          |
| 13:58PM    | 12 | asked me if I thought it would be helpful.  I wanted the Court           |
| 14:02PM    | 13 | to see exactly what it had ruled on, exactly what the arguments          |
| 14:06PM    | 14 | were so there wouldn't be any question about whether I was               |
| 14:10PM    | 15 | misrepresenting what the record was.                                     |
| 14:12PM    | 16 | So, as I said, we think this has been ruled on.  I                       |
| 14:14PM    | 17 | just read the Shamos report over the weekend, Your Honor, as it          |
| 14:18PM    | 18 | came in, and so we are going to be raising this issue.  We               |
| 14:20PM    | 19 | think it is very serious, and we think when the Court reviews            |
| 14:24PM    | 20 | it, it's going to appreciate it because the Court only allowed           |
| 14:28PM    | 21 | the version 6.0 and 5.0 for very limited purposes, and, you              |
| 14:32PM    | 22 | know, I'll let that motion speak for itself, but what I see              |
| 14:34PM    | 23 | here, Your Honor, quite frankly, and I think the Court sees it           |
| 14:38PM    | 24 | as well, is a pattern here that these orders of the Court get            |
| 14:42PM    | 25 | to be revisited, reargued, and reconsidered all the time when           |

| | | |
|---|---|---|
| 14:48PM | 1 | it was very clear that -- if the Court just has time to review |
| 14:52PM | 2 | the transcript or your law clerk -- this was resolved and |
| 14:54PM | 3 | decided, and that when we gave them the additional pages, it |
| 15:00PM | 4 | would be inappropriate for them to ask for another summary |
| 15:02PM | 5 | judgment.  That's our position, Your Honor.  Thank you. |
| 15:04PM | 6 | THE COURT:  Mr. Robertson, tell me where it is that |
| 15:08PM | 7 | Mr. McDonald said that he didn't need to wait until the Supreme |
| 15:14PM | 8 | Court decided the case, that he could brief it. |
| 15:18PM | 9 | MR. ROBERTSON:  At the bottom of page eight of the |
| 15:20PM | 10 | transcript, Your Honor. |
| 15:22PM | 11 | THE COURT:  Hold on, let me get there. |
| 15:22PM | 12 | MR. CARR:  Your Honor, I'd like to respond on that |
| 15:24PM | 13 | point, because I'm looking at that right now. |
| 15:26PM | 14 | THE COURT:  All right.  I haven't shut you all off. |
| 15:28PM | 15 | Maybe I should have, but I haven't.  I'm a slow page-turner. |
| 15:34PM | 16 | I'm back in elementary school here.  All right, I've read that. |
| 16:14PM | 17 | Thank you. |
| 16:16PM | 18 | MR. CARR:  Your Honor, this is Dabney Carr. |
| 16:18PM | 19 | THE COURT:  Go ahead. |
| 16:18PM | 20 | MR. CARR:  If I'm reading what Mr. Robertson is |
| 16:22PM | 21 | referring to, I don't read that as saying that Mr. McDonald is |
| 16:26PM | 22 | saying that we can file this right now.  What he says is that |
| 16:30PM | 23 | there's a decent chance that *Bilski* will be decided by March or |
| 16:36PM | 24 | April.  Obviously he was wrong about that.  And then he says |
| 16:38PM | 25 | that I think the issue is sufficiently ripe. |

| | | |
|---|---|---|
| 16:42PM | 1 | That's the closest -- and then he says, I don't think |
| 16:44PM | 2 | we're going to wait around until March or April or any other |
| 16:46PM | 3 | time for that decision to come down.  I don't read that as |
| 16:50PM | 4 | saying that he could file it right then. |
| 16:52PM | 5 | Obviously, I think we could all agree that having the |
| 16:56PM | 6 | decision makes -- allows the Court to rule on the issue once |
| 17:02PM | 7 | and for all.  There really is no use to briefing *Bilski* now |
| 17:08PM | 8 | when the decision is expected within three weeks, and I just |
| 17:12PM | 9 | don't read -- I think Mr. Robertson has over-read, to mean more |
| 17:20PM | 10 | than they say, what Mr. McDonald said in November. |
| 17:22PM | 11 | THE COURT:  But I did say that it ought to all be |
| 17:26PM | 12 | done in one summary judgment motion, just have extra pages to |
| 17:30PM | 13 | it when we were dealing with it at the time, Mr. Carr.  That's |
| 17:34PM | 14 | clear, too, isn't it? |
| 17:36PM | 15 | MR. CARR:  That's right, Your Honor.  And I don't -- |
| 17:40PM | 16 | I don't think there's any question that -- at the same time we |
| 17:44PM | 17 | asked for the extra pages, we raised with ePlus the *Bilski* |
| 17:48PM | 18 | problem and the need to file something later. |
| 17:50PM | 19 | We didn't sandbag anyone here.  I raised it with you |
| 17:54PM | 20 | in the conference call we had earlier.  We never got ten more |
| 18:00PM | 21 | pages and then later on said, well, we want to file this *Bilski* |
| 18:06PM | 22 | thing, too.  We always presented both issues together. |
| 18:08PM | 23 | THE COURT:  Okay. |
| 18:08PM | 24 | MR. CARR:  Mr. Robertson wasn't on that call earlier |
| 18:12PM | 25 | among counsel.  Mr. Willett was, but we raised it and discussed |

18:16PM 1     it with ePlus before we talked about it with you, so this is

18:20PM 2     not a surprise to anybody.

18:20PM 3              THE COURT:  Okay.  The real issue here is, to me is

18:28PM 4     how is it that we're going to get this issue decided with a

18:36PM 5     minimum of imposition upon all of us, and that includes counsel

18:42PM 6     and the Court, given that the Supreme Court has not decided the

18:48PM 7     case as early as anybody thought they were.

18:54PM 8              There are three more days in which opinions can be

18:58PM 9     issued, and, in fact, at the end of the term, it is not unusual

19:04PM 10    that the Court issues its opinions other than on Monday, other

19:10PM 11    than on Mondays, so it may very well be that it will come down,

19:14PM 12    but I think -- very soon.

19:18PM 13             The decision to deal with it in one summary judgment

19:24PM 14    motion and extra pages was made in perspective of the

19:30PM 15    assumption -- I think it's reflected in the transcript -- that

19:34PM 16    there would be some ruling from the Supreme Court by the time

19:40PM 17    that summary judgment motions were filed but that it was

19:44PM 18    possible that it would not.

19:50PM 19             So I think the best way to deal with this from the

19:54PM 20    case management standpoint is to allow there to be separate

30:00PM 21    briefing after the *Bilski* decision is decided by the Supreme

30:04PM 22    Court.  That way we don't have to do it but once.  All of you

30:08PM 23    have enough to do without having to brief it as the matter

30:18PM 24    stands now assuming that the federal circuit will be affirmed

30:22PM 25    and then re-briefing it later, so I think that's the best way

50:28PM  1   to go about it.

50:28PM  2          Now, as to the timing, the proposals set out by

50:34PM  3   Lawson seem to be reasonable under the assumptions that all of

50:42PM  4   you have kind of kept up with the *Bilski* case and know what the

50:48PM  5   issues are and are able to do some basic structuring and

50:54PM  6   thinking now about your brief, but it's right foolhardy to

51:02PM  7   presume that we know what the Supreme Court is going to do, and

51:08PM  8   so I would think that there will be some twists and turns that

51:14PM  9   come out of the Supreme Court opinion that you all haven't

51:16PM  10  foreseen yet, and we'll go from there.

51:20PM  11         What do you think about the time frame -- I will have

51:24PM  12  to tell you, on a whole other topic, if there comes a motion

51:28PM  13  about the Shamos report, I'll consider it, but what I did was

51:34PM  14  key the allowance of the extra issue in that order after the

51:48PM  15  hearing to be confined to the way the issue was presented in

51:58PM  16  the brief that was being argued on the day of the hearing and

52:02PM  17  that Mr. McDonald couldn't put together an argument on because

52:08PM  18  it had slipped his mind, and I was trying to give him an

52:12PM  19  opportunity to recoup what he said at the hearing, and that is

52:22PM  20  he couldn't think of anything right then, and it sounded to me

52:26PM  21  like there might be some merit -- I mean some wisdom to let him

52:32PM  22  at least be heard, particularly given the ruling that I had

52:36PM  23  made on the other part of what he said about how the claim

52:42PM  24  construction opinion affected the Shamos report, but it was a

52:50PM  25  very limited grant, and if he's exceeded that grant, you all

| | | |
|---|---|---|
| 52:56PM | 1 | better sit down and talk about it and see if you can't just get |
| 52:58PM | 2 | stricken what it is that's not within the grant, because I'm |
| 53:04PM | 3 | not going to consider something -- I didn't open the door, |
| 53:08PM | 4 | intend to open the door to whole new issues, but on this -- |
| 53:14PM | 5 | and, Mr. Robertson, you seem to be distressed that a ruling in |
| 53:28PM | 6 | favor of Lawson on the *Bilski* issue will presage a favorable |
| 53:34PM | 7 | ruling on their abuse of the limited grant that was given them |
| 53:42PM | 8 | in the order as you see it, and I will assure you that that |
| 53:46PM | 9 | isn't how I decide things, and we'll just take them as they |
| 53:52PM | 10 | come. |
| 53:52PM | 11 | MR. ROBERTSON:  I understand, Your Honor. |
| 53:54PM | 12 | THE COURT:  What about the time frame, six days, six |
| 53:58PM | 13 | days -- what is it, six days, six days, and what, Mr. Carr? |
| 54:04PM | 14 | MR. CARR:  I said three days, Your Honor. |
| 54:04PM | 15 | THE COURT:  Six days, six days, and three days; what |
| 54:08PM | 16 | do you think about that, Mr. Robertson? |
| 54:12PM | 17 | MR. ROBERTSON:  Your Honor, I'd like to actually sit |
| 54:14PM | 18 | down and map that out on a calendar with the probable dates, |
| 54:18PM | 19 | because we have a lot of moving parts, as you might imagine, |
| 54:20PM | 20 | going on in this case right now with expert depositions |
| 54:24PM | 21 | commencing. |
| 54:24PM | 22 | We're still following up on some fact depositions |
| 54:28PM | 23 | that have scheduling issues.  I was just in New York in a |
| 54:32PM | 24 | deposition yesterday, Your Honor, so we've been flying all |
| 54:36PM | 25 | around trying to get these things done. |

|          |    |                                                                           |
|----------|----|---------------------------------------------------------------------------|
| 54:36PM  | 1  | I will say, I mean as to the page limits in this                          |
| 54:40PM  | 2  | *Bilski* issue, I mean who knows what the rule of law is going to         |
| 54:44PM  | 3  | be and how complex it might be.  Ten pages, ten pages, eight              |
| 54:46PM  | 4  | pages, I think, puts the plaintiff at a little bit of a                   |
| 54:50PM  | 5  | disadvantage given that we are the ones whose claims they are             |
| 54:54PM  | 6  | attempting to invalidate by clear and convincing evidence, so I           |
| 54:56PM  | 7  | don't know that we need to trouble the Court with this other             |
| 55:00PM  | 8  | than we need to make sure it fits in the timing such the Court            |
| 55:02PM  | 9  | can hear it on July 28th.                                                 |
| 55:06PM  | 10 | THE COURT:  I think you need to work that out, and                        |
| 55:08PM  | 11 | that's somewhat of a moving target, but the other thing is you            |
| 55:14PM  | 12 | can agree on X days, X days, and X days, and then if the                  |
| 55:18PM  | 13 | opinion comes out earlier, you can kind of agree on a slight              |
| 55:20PM  | 14 | modification to give yourselves a little more breathing room.             |
| 55:24PM  | 15 | MR. ROBERTSON:  That's what I'd like to do.  I'd like                      |
| 55:26PM  | 16 | to work it out with counsel for Lawson and not trouble the                |
| 55:28PM  | 17 | Court with it.                                                            |
| 55:28PM  | 18 | THE COURT:  And the page limitation ought to be such                       |
| 55:32PM  | 19 | that both parties have the same number of pages, so if you get            |
| 55:36PM  | 20 | ten and eight, then they get 18.  Do you follow me, Mr. Carr?             |
| 55:42PM  | 21 | MR. CARR:  Yes, Your Honor.  Maybe not quite.  Are                        |
| 55:46PM  | 22 | you saying the opening and the response brief should be the               |
| 55:48PM  | 23 | same pages, but a movant always gets a reply that allows them             |
| 55:54PM  | 24 | to have a few additional pages.                                           |
| 55:54PM  | 25 | THE COURT:  I'm changing the rule.                                        |

| | | |
|---|---|---|
| 35:56PM | 1 | MR. CARR:  All right. |
| 35:58PM | 2 | THE COURT:  I want you to both have about the same |
| 36:00PM | 3 | number of pages.  So if you want ten and then eight, then their |
| 36:08PM | 4 | response brief will be 18.  If you want 20 and ten, then their |
| 36:14PM | 5 | response brief will be 30.  I don't propose to do any more |
| 36:20PM | 6 | mathematical permutations or combinations.  I think you all got |
| 36:26PM | 7 | the drift on that adequately, so we'll discuss something else |
| 36:28PM | 8 | if it needs to be discussed.  Does it? |
| 36:32PM | 9 | MR. ROBERTSON:  I don't think so, Your Honor. |
| 36:34PM | 10 | THE COURT:  Okay.  Now, what have you -- what I |
| 36:38PM | 11 | haven't heard is what you people have done about getting down, |
| 36:44PM | 12 | getting your executives together with Judge Dohnal to try to |
| 36:48PM | 13 | settle this case, and what have you done? |
| 36:54PM | 14 | That's a resounding silence so far is the way I have |
| 36:58PM | 15 | to describe the response.  Since you are the plaintiff and you |
| 37:02PM | 16 | have to make a demand, we'll just put the burden on you to talk |
| 37:06PM | 17 | first, Mr. Robertson. |
| 37:08PM | 18 | MR. ROBERTSON:  Yes, Your Honor, thank you.  We did |
| 37:10PM | 19 | make a demand -- |
| 37:10PM | 20 | THE COURT:  I'm not talking about that.  Have you |
| 37:12PM | 21 | gone back since the arguments and the hearings we had and the |
| 37:16PM | 22 | claim construction opinion and gone to talk to each other about |
| 37:26PM | 23 | settlement and arranged for anything in front of Judge Dohnal |
| 37:30PM | 24 | on that score? |
| 37:32PM | 25 | MR. ROBERTSON:  We did go to Judge Dohnal after the |

57:36PM  1    argument on the motion to strike, of course, to the Shamos

57:40PM  2    report, Your Honor, and he indicated his doors were open.  I

57:42PM  3    must say since then we've really -- I would speak for both

57:48PM  4    sides and say we've been very busy just trying to meet the

57:52PM  5    deadlines in this case and complete depositions, so the answer,

57:56PM  6    Your Honor, is, no, we have not been back with Judge Dohnal,

57:58PM  7    and we're right now in the middle of the -- the summary

58:00PM  8    judgment is being filed by Lawson today, and we've had to

58:04PM  9    adjust the briefing schedule on that.

58:08PM 10          As I represented to the Court in the November

58:10PM 11    pretrial, plaintiff has not filed any summary judgment motions.

58:14PM 12    We're looking forward to trying this case, but what I will do

58:18PM 13    is try to pick an opening in a very busy schedule over the next

58:24PM 14    three weeks to try and get down with my principal, my CEO and

58:30PM 15    the president of ePlus Systems, Inc., to meet with Judge

58:32PM 16    Dohnal.  I'll represent to the Court that, you know, we haven't

58:38PM 17    received any -- the offer from Lawson --

58:40PM 18          MR. CARR:  Your Honor, I'm not sure you want to hear

58:44PM 19    offers.

58:44PM 20          MR. ROBERTSON:  Well, Your Honor, we haven't received

58:48PM 21    any settlement proposal.

58:50PM 22          MR. CARR:  Your Honor, again, I don't think that's

58:50PM 23    appropriate.

58:52PM 24          THE COURT:  Well, what I want you to do is to answer

59:00PM 25    this question yes or no, Mr. Robertson:  Has ePlus put a demand

```
59:06PM    1    to Lawson?

59:08PM    2            MR. ROBERTSON:  Yes.

59:08PM    3            THE COURT:  Mr. Carr, has Lawson put a response to

59:16PM    4    that demand to ePlus?

59:20PM    5            MR. CARR:  My understanding is yes, Your Honor, but

59:22PM    6    I'm not directly involved in that, but yet I believe that's the

59:26PM    7    case.  And I think, and Scott can correct me if I'm wrong, I

59:30PM    8    think the executives have talked directly to each other.  Is

59:34PM    9    that right, Scott?

59:34PM   10            MR. ROBERTSON:  There was some correspondence that I

59:36PM   11    think was exchanged that was probably I would describe as not

59:40PM   12    productive.

59:46PM   13            THE COURT:  There was a plan to have the executives

59:48PM   14    talk after their respective depositions, and then the last I

59:52PM   15    heard from you, you didn't think -- the deposition got put off

59:58PM   16    because you had to come down and do the argument on the Shamos

00:00PM   17    report, and then the last I heard was in the courtroom that you

00:10PM   18    weren't sure you were even going to reschedule the depositions,

00:12PM   19    and I think I told you to go on and get with Judge Dohnal

00:16PM   20    anyway.

00:16PM   21            MR. ROBERTSON:  We determined that we would save the

00:22PM   22    CEO the inconvenience of a deposition that was of marginal

00:26PM   23    value, but there's great value to have them meet and see if

00:30PM   24    they can discuss the issues.

00:32PM   25            THE COURT:  All right.  Well, you all get back and
```

00:34PM  1   arrange something with Judge Dohnal, and here's what I don't

00:38PM  2   want to happen.  You both have problems in this case, and you

00:44PM  3   better both realize you have problems in the case, and you both

00:50PM  4   have incentives to settle the case.  So ePlus, don't make a

00:58PM  5   ridiculous demand, and Lawson, don't make a ridiculous

01:02PM  6   response, and if I hear that's happened -- this isn't a bench

01:08PM  7   trial, so I'll ask about it.  If I hear that's happened, then

01:14PM  8   you're going to be talking, having your chief executives appear

01:24PM  9   on my order to discuss things, and enough -- there's a good

01:34PM  10  reason for both of you to settle the case, and I certainly want

01:38PM  11  it discussed now and I don't want, please, you to let the

01:42PM  12  events that are taking place in the case keep that from

01:46PM  13  happening.

01:46PM  14        It is not at all unusual that there's a trial group

01:52PM  15  and a group that discusses settlement, and there isn't any

01:58PM  16  reason why the trial lawyers have to be involved in the

02:00PM  17  discussion of settlement.  The fact of the matter is it's

02:02PM  18  counterproductive sometimes, but you can have somebody on the

02:06PM  19  case who knows what's going on assigned as the lawyer to advise

02:10PM  20  on the settlement.  And you can talk ahead of time with your

02:16PM  21  clients about what various options and positions are if perhaps

02:20PM  22  you exchange some information ahead of time, and you can have

02:22PM  23  this process be a meaningful one if you but try, but if you

02:28PM  24  keep believing that both of you have a hands-down going-away

02:32PM  25  winner, you're not going to get anywhere.

02:36PM  1          But settlements, proposals that are ridiculous on

02:42PM  2     either end aren't good-faith settlement proposals, and if I

02:48PM  3     have the sense that's going on, I'm going to intercede,

02:50PM  4     intervene and stop it and figure out a mechanism to require it

02:56PM  5     to be a meaningful settlement.  I've tried to leave it to you

03:04PM  6     all to work that out, but you haven't done very well so far, so

03:06PM  7     I hope with those thoughts you can get yourselves together.

03:12PM  8     Anything else?

03:14PM  9          MR. CARR:  No, Your Honor.

03:16PM  10          THE COURT:  And I'm going to call Judge Dohnal and

03:18PM  11     tell him what I just said.

03:20PM  12          MR. CARR:  I have nothing else, Your Honor.  I was

03:24PM  13     going to ask Ms. Peterson if she can send us the transcript of

03:28PM  14     this call once it's ready.

03:30PM  15          THE COURT:  Do you want it ready expedited or not?

03:32PM  16     As long as you are placing an order.

03:36PM  17          MR. CARR:  I will take it as quickly as Ms. Peterson

03:40PM  18     can get it to me, but I don't want her having to work over the

03:42PM  19     weekend if she has other things to do.

03:46PM  20          THE COURT REPORTER:  Thank you.

03:46PM  21          THE COURT:  Do you want something, Mr. Robertson?

03:48PM  22          MR. ROBERTSON:  Certainly.  If there's a transcript

03:50PM  23     being prepared, I'll take it when it's prepared.

03:54PM  24          THE COURT:  All right.  Thank you very much.

04:00PM  25          MR. CARR:  Thank you, Judge.

1

2                      (End of proceedings.)

3

4

5          I certify that the foregoing is a correct transcript

6    from the record of proceedings in the above-entitled matter.

7

8

9    _____                _____
     P. E. Peterson, RPR                       Date
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25