IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 1 TO EXCLUDE FROM TRIAL ANY EVIDENCE, EXPERT OPINION, OTHER TESTIMONY, OR ARGUMENT RELATING TO REEXAMINATION OF THE PATENTS-IN-SUIT**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

I.  **INTRODUCTION**

Pursuant to Fed. R. Evid. 402 and 403, Plaintiff *e*Plus, Inc. ("*e*Plus") respectfully requests that the Court preclude Defendant Lawson Software, Inc. ("Lawson") from presenting any testimony (including expert opinion), evidence, or argument at the trial of this case with respect to the Patent and Trademark Office ("PTO") reexaminations of the patents-in-suit.[1]  Lawson has made it evident that it intends to present at trial a substantial amount of evidence and expert opinion with respect to interim office actions and other decisions of a patent examiner made at the preliminary stages of the reexamination proceedings.  For example, the report of Lawson's expert witness Michael I. Shamos, Ph.D., J.D., concerning invalidity ("Shamos Report"), served on May 5, relies substantially on these interim actions from the reexamination proceedings as support for his opinions.  ***Dr. Shamos devotes more than two dozen paragraphs of his report to discussion of the reexamination proceedings***.  Similarly, Lawson's damages expert Phillip Green also purports to rely upon an interim finding of the patent examiner in the reexamination proceeding as allegedly supporting his opinions regarding so-called "non-infringing alternatives."

However, the non-final reexamination proceedings have no probative value with respect to the issues in this case, and if admitted into evidence would thoroughly confuse the jury. Among other things, in this already complex patent case, the jury would be asked to process the import of three reexamination proceedings at differing stages, all of which are conducted without

---

[1] In order to protect its right to rebut any such evidence offered by Lawson at trial — and to attempt to mitigate the jury confusion and extreme prejudice to *e*Plus that would result — *e*Plus has served a ***conditional*** expert report of former PTO Commissioner Harry Manbeck, a copy of which is included in the Appendix of Exhibits as Exhibit A.  Mr. Manbeck's conditional report explains the prolonged process of reexamination proceedings and the non-final nature of the proceedings with respect to the patents-in-suit.  However, *e*Plus intends to offer this testimony only in the event the Court denies this motion.

employing the statutory presumption of validity, and all of which apply different principles of claim construction, different burdens of proof, and different evidentiary procedures, than those employed in this Court.  This evidence would surely be designed to unfairly prejudice *e*Plus by inaccurately suggesting that some impropriety exists with respect to the patents-in-suit, and further to suggest to the jury that it should not apply the statutory presumption of validity or the clear and convincing evidentiary standard.  This evidence would also be designed to permit Lawson to rely upon alleged prior art and invalidity allegations that it has not asserted in this litigation pursuant to the Court's scheduling order requirements.

*e*Plus therefore respectfully requests that the Court exclude such evidence from the trial and expressly exclude those portions of the Shamos Report that discuss the reexamination proceedings.

## II.   BACKGROUND

Defendant's Shamos Report of invalidity refers extensively to the reexamination proceedings that have been initiated, and which are currently in their preliminary stages, for the patents-in-suit, U.S. Pat. Nos. 6,505,172 ("the '172 Patent"); 6,055,516 ("the '516 Patent"); and 6,023,683 ("the '683 Patent") (collectively, "the patents-in-suit").  *See, e.g.,* Ex. B[2] (Shamos Report) at ¶¶ 33-36, 153, 172, 180-83, 185-88, 190-93, 195-200, 202, and 207.  Dr. Shamos attempts to bolster his invalidity arguments by reference to the reexamination proceedings, and devotes extensive discussion to the interim, non-final office actions and other preliminary action that have occurred in these proceedings.[3]  In addition, Lawson's damages expert Phillip Green

---

[2] The exhibits to which these citations refer are included in the confidential Appendix of Exhibits filed by *e*Plus contemporaneously with the filing of its motions *in limine.*

[3] As discussed *infra,* however, the "evidence" that Dr. Shamos cites consist of nothing more than interim decisions made by a patent examiner in the course of these non-final proceedings.  These proceedings have several significant hurdles to traverse in the PTO, the Board of Patent Appeals

discusses the reexamination proceedings in his report and opines that — because the patent examiner found substantial new questions of patentability based on certain alleged prior art — such prior art would be a suitable "non-infringing alternative" to the accused Lawson systems. Ex. DD (Green Report) at 35-36. It appears that no matter how tenuous the connection, Lawson will attempt to introduce evidence of the reexamination proceedings to purportedly support multiple different defenses and theories.

On July 17, 2006, SAP AG and SAP America, Inc. (collectively, "SAP"), requested *ex parte* reexamination of claims 26-45 of the '683 Patent. Claims 1-25 of the '683 Patent are not subject to reexamination. Ex. A (conditional Manbeck report), at ¶ 14. On September 14, 2006, SAP filed an amended request for *ex parte* reexamination of the '683 Patent. *Id.,* ¶ 16. The PTO examiner granted the request on October 28, 2006. *Id.* As of the date of this filing, the '683 reexamination is still pending. There has been no issuance of a Notice of Intent to Issue Reexamination Certificate, neither has the PTO issued a Reexamination Certificate. *Id.*, ¶ 17.

This action against Lawson was filed on May 19, 2009, and Lawson was served with the Complaint on May 28. The Complaint alleged that Lawson infringed all three of the patents-in-suit.

On July 10, 2009, Lawson requested *inter partes* reexamination of the claims of the '172 Patent.[4] *Id.*, ¶ 19. On August 21, 2009, Lawson filed a corrected request for *inter partes*

---

and Interferences ("BPAI"), and the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit"), before any final determination will be reached. As will be shown, no claims can be amended or canceled with final effect unless and until all of these hurdles are cleared in a manner adverse to the patentee.

[4] *Inter partes* reexamination is different from *ex parte* reexamination in that the third party who requests reexamination has rights to participate in the proceeding, including commenting on the patentee's responses to Office Actions. Like the patentee, the requester has rights in an *inter partes* reexamination to appeal the conclusions of the examiner to the BPAI and to the Federal Circuit.

3

reexamination of the '172 Patent; Lawson requested reexamination of claims 1-5 on seven grounds in view of 17 different alleged prior art references. *Id.*, ¶ 21. On October 23, 2009, the PTO granted the request for *inter partes* reexamination. *Id.*, ¶ 22. As of this date, the '172 reexamination proceeding is still pending. The PTO has not issued an Action Closing Prosecution, neither has it issued a Reexamination Certificate. *Id.*, ¶ 23.

On November 12, 2009, after this action was pending for six months, Lawson requested *ex parte* reexamination of claims 1-29 of the '516 Patent. *Id.*, ¶ 10. The PTO examiner granted Lawson's request for reexamination on January 15, 2010. *Id.*, ¶ 11. As of this date, the '516 reexamination is still pending. Indeed, the patent examiner has yet to issue any Office Action, and, thus, there has not even been so much as a preliminary rejection of any claims. The PTO has not issued a Notice of Intent to Issue Reexamination Certificate, neither has it issued a Reexamination Certificate. *Id.*, ¶ 12.

## III.  ARGUMENT

Expert opinion and other evidence pertaining to the reexamination proceedings and the interim actions taken in the preliminary stages of those proceedings has no probative value to the issues in this case. Just as important, such evidence would thoroughly confuse the jury in this already complex case. This evidence would be, and is undoubtedly intended to be, unfairly prejudicial to *e*Plus.

As set forth below, there is no legal significance to the validity of the patents-in-suit from the fact that the reexamination proceedings are occurring, or from any of the interim actions taken therein. Interim decisions in reexamination proceedings are simply that, ***interim*** decisions subject to reversal at several stages of the proceedings. No claim has been invalidated, nor can any claim be invalidated unless and until the entire reexamination process, culminating in an appeal to the Federal Circuit, has occurred and a final decision is reached adverse to the

4

patentee.[5] As was set forth in connection with Lawson's prior motion to stay this case, that process typically takes more than six years, and certainly will not be finished before this case goes to trial. *See* Dkt. No. 49 (*e*Plus Brief in Opposition to Motion to Stay Proceedings).

It is no exaggeration to state that the risk of jury confusion and unfair prejudice to *e*Plus is severe and highly likely to occur. District court patent litigation and PTO reexamination are two entirely different proceedings, with different rules of claim construction, different burdens of proof, and different evidentiary practices. How then, can lay jurors be expected to understand the import, if any, of interim decisions taken at preliminary stages of those proceedings when those decisions (which are subject to reversal at any time) are made applying different legal rules than those which the jurors are expected to apply in this case? Indeed, in these reexamination proceedings, the PTO examiner has not adopted ***any*** claim construction, unlike this Court in which an Article III United States District Judge employed a thorough *Markman* process, with multiple rounds of briefing and oral argument. Further, the three proceedings have progressed in differing degrees, as they were initiated at different times. And not all the asserted claims in this case are even subject to reexamination.[6] Again, how are lay jurors expected to assess the varied import of such interim decisions of a patent examiner?

For such reasons, the Federal Circuit stated in a recent published decision affirming a district court's exclusion of evidence of parallel reexamination proceedings, "***non-final re-examination determinations [are] of little relevance to the jury's independent deliberations on the factual issues underlying the question of obviousness. In contrast, the risk of jury confusion if evidence of the non-final PTO proceedings [is] introduced [is] high***." *Callaway*

---

[5] Indeed, there has not even been a preliminary rejection by virtue of an examiner Office Action of the '516 Patent claims at the current time.

[6] Asserted claims 3 and 6 of the '683 Patent are not the subject of any reexamination proceeding.

5

*Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) (emphasis added). As discussed below, numerous federal district courts also have excluded such evidence. This Court should likewise exclude such evidence and expert opinion from the trial of this action.

>   A. **The Reexamination Proceedings Are At Preliminary Stages And Have Not Resulted In A Final Decision With Respect To The Validity Of Any Claim Of The Patents-in-Suit**

The reexamination proceedings that are currently in progress for the patents-in-suit are simply that, *in progress*. These proceedings have numerous significant steps to traverse in the PTO, the Board of Patent Appeals and Interferences ("BPAI"), and the Federal Circuit before any final determination is reached, and claims are confirmed, amended or canceled with final effect. As set forth in detail in the conditional Manbeck report, the reexaminations are currently in the first stage (examiner review) of a multi-stage process.[7] Ex. A at ¶¶ 31-43 (and Exhibits A, B, and F thereto). Remaining stages are proceedings before the Board of Patent Appeals and Interferences (a multi-year process, which in many cases results in reversal of the examiner decisions), and Federal Circuit review. *Id.*

By statute, claims are not cancelled or confirmed in reexaminations, until a final action has issued, all appeals have been exhausted, *and* a certificate has issued. 35 U.S.C. § 316(a) ("In an *inter partes* reexamination proceeding[,] when the time for appeal has expired *or any appeal proceeding has terminated*, the Director shall issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent

---

[7] In summary, the parties may appeal the examiner's decisions to the BPAI, but only after receipt of a Right of Appeal Notice. On appeal, the BPAI may affirm or reverse the examiner's rejections or the BPAI may remand the proceeding to the examiner for further consideration. Moreover, the BPAI may issue new grounds of rejection thus sending the proceeding back to the examiner for further prosecution. The proceeding then winds its way back up to the BPAI. Assuming a final adverse decision of the BPAI, the patentee may then appeal such decision of the BPAI to the Federal Circuit. Further, the patentee may file a request for a rehearing of any unfavorable BPAI decision. If the BPAI's decision remains unfavorable, the patentee has the statutory right to appeal the decision to the Federal Circuit.

determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable.") (emphasis added); 35 U.S.C. § 307 (a) ("In an [*ex parte*] reexamination proceeding [], when the time for appeal has expired *or any appeal proceeding has terminated*, the Director will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable.") (emphasis added). The PTO is free to reconsider its initial determinations in a reexamination prior to issuing a reexamination certificate. *In re Bass*, 314 F.3d 575, 577 (Fed. Cir. 2002) ("Until a matter has been completed, however, the PTO may reconsider an earlier action. A reexamination is complete upon the statutorily mandated issuance of a reexamination certificate….") (citation omitted); *see also* Exhibit A, ¶ 25.

    The patent statute provides to each issued patent a presumption of validity. 35 U.S.C. § 282 ("A patent shall be presumed valid. Each claim of a patent…shall be presumed valid independently of the validity of other claims…"). The presumption of validity remains unaltered throughout the entire reexamination process. *See Kaufman Co., Inc. v. Lantech, Inc.*, 807 F.2d 970, 974 (Fed. Cir. 1986); *see also Greenwood v. Hattori Seiko Co., Ltd.*, 900 F.2d 238, 240 (Fed. Cir. 1990) ("The district court has misperceived the purpose and effect of reexamination, and has treated the reexamination as if it were part of [plaintiff's] suit against [defendant]….Because the court's misperceptions caused it to disregard the presumption that all patents are valid, its judgment must be vacated.") (citations omitted); *Presidio Components Inc. v. Am. Tech. Ceramics Corp.,* 2009 W.L. 3822694, *2 (S.D. Cal. Nov. 13, 2009) (excluding evidence of reexamination proceedings because, *inter alia,* "[t]here is thus a 'substantial likelihood' that, despite the grant of reexamination, the USPTO will uphold the patentability of

some or all of [patentee's] claims."); *Intelligent Peripheral Devices, Inc. v. Smartpad, Inc.*, 1998 W.L. 754606, **2-3 (N.D. Cal. Oct. 26, 1998) (holding that, despite the fact that an appeal was pending before the BPAI, the patent-at-issue "continue[d] to enjoy a presumption of validity for [the] purposes of this [district court] action.").

Similarly, other courts have held that the fact of reexamination proceedings, even where the PTO has actually acted upon an infringer's request and determined to proceed with a reexamination, has "little or no probative value, and [is] overly prejudicial." *Hoechst Celanese Corp. v. BP Chems., Ltd.,* 846 F. Supp. 542, 547 (S.D. Tex. 1994), *aff'd,* 78 F.3d 1575 (Fed. Cir. 1996). The district court in *Hoechst Celanese* noted that although it is not uncommon for the PTO to grant a request for reexamination, only twelve percent of these grants result in refusals to find patentable claims. *Id.* Accordingly, the mere fact that a reexamination is ongoing that creates the *potential* for invalidity of a patent has no probative value.

In affirming the district court in that case, the Federal Circuit stated that "the grant by the examiner of a request for reexamination is ***not*** probative of unpatentability." *Hoechst Celanese,* 78 F.3d at 1584 (emphasis added). And other courts have agreed with the *Hoechst Celanese* court, stating that "[t]he likelihood that some or all of the patent will be invalidated as a result of the reexamination proceedings is impossible to calculate with any reasonable degree of certainty, but statistically, it is not great." *Amphenol T&M Antennas Inc. v. Centurion Int'l Inc.,* 2002 W.L. 32373639, *8 (N.D. Ill. Jan. 17, 2002) (citing *Hoechst Celanese,* 78 F.3d at 1584, n.2.).[8]

Thus, as was aptly stated in a recent federal district court decision:

---

[8] In *Hoechst Celanese,* the Federal Circuit noted that while 89% of reexamination requests had been granted during the prior year, only 5.6% of the reexamined patents were completely rejected with no claims remaining after reexamination. *Hoechst Celanese.* 78 F.3d at 1584, n.2.

8

> Absent unusual circumstances, none of which were presented here, nonfinal decisions made during reexamination are not binding, moreover, they are more prejudicial (considering the overwhelming possibility of jury confusion) than probative of validity. … Defendant's suggestion that "an adjustment to the standard jury instructions regarding the burden of proof" on invalidity was warranted in view of the copending reexamination is, at best, untenable. ***The court declines to rewrite reams of patent litigation jurisprudence and be the first to ignore a patent's presumption of validity and apply the lower preponderance of the evidence standard to invalidity claims***.

*SRI Intern. Inc. v. Internet Sec. Sys., Inc.,* 2009 W.L. 2568294, *27 (D. Del. 2009) (citations omitted) (emphasis added).

Accordingly, the fact that reexamination proceedings are ongoing, or that interim decisions have been made by a PTO examiner at preliminary stages of those proceedings, has no legal effect on the validity of the asserted claims in this litigation. Lawson should not be permitted to suggest some impropriety with respect to the patents-in-suit, or to intimate that the statutory presumption of validity (or the clear and convincing evidentiary standard) applies with lesser force, based on the fact that reexamination proceedings are ongoing.[9]

### B. The PTO Examiner's Interim Decisions Have No Probative Value For The Additional Reason That The Reexamination Proceedings Apply Different Legal Standards Than Will This District Court Proceeding

In addition to the non-final nature of the reexamination proceedings for the patents-in-suit, the proceedings are not probative evidence in the context of this litigation because of the numerous and substantial differences in the legal standards applied in those proceedings.

---

[9] There are numerous other federal court decisions to this same effect. *See, e.g., i4i Ltd. Partnership v. Microsoft Corp.,* 670 F. Supp.2d 568, 583 (E.D. Tex. 2009) ("[t]he simple fact that a reexamination decision has been made by the PTO is not evidence probative of any element regarding any claim of invalidity."); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,* 597 F. Supp. 2d 897, 907 (N.D. Iowa 2009) (Stating, "[t]his court agrees with its brethren that evidence of incomplete reexamination proceedings is not admissible to prove invalidity of a patent, because it has no probative value on that issue ….", and citing cases).

9

First, in contrast to this Court's obligations under *Markman,* the PTO construes the claims according to different principles and, as with original examination, it is required to give claims their broadest reasonable interpretation consistent with the specification. *In re Yamamoto,* 740 F.2d 1569, 1571 (Fed. Cir. 1984); *see also In re American Academy of Science Tech. Center,* 367 F.3d 1359, 1364 (Fed. Cir. 2004) (cited in *In re Icon Health & Fitness, Inc.*, 496 F.3d 1374, 1378-79 (Fed. Cir. 2007)); Manual of Patent Examining Procedures ("MPEP") § 2111 ("During patent examination, the pending claims must be given their broadest reasonable interpretation consistent with the specification."); Ex. A at ¶¶ 28-30. As a result, this Court's claim construction is not controlling on the PTO (and that would be the case even if this Court's claim construction (or those of the *Ariba* or *SAP* courts') were affirmed by the Federal Circuit). *See In re Etter*, 756 F.2d 852, 855-59 (Fed. Cir. 1985); *see also In re Zletz*, 893 F.2d 319, 321-22 (Fed. Cir. 1989). **Indeed, in the reexamination proceedings for the ePlus patents-in-suit, the patent examiner has not expressly stated what, if any, claim construction he is using to make his decisions.**

Second, the statutory presumption of validity that this Court must apply pursuant to 35 U.S.C. § 282 does not apply in the PTO. During reexamination, the examiner reviews the patent with no such presumption and as if examining it for the very first time. *In re Etter*, 756 F.2d at 857. Accordingly, any interim decision of a PTO examiner made without employing that presumption has no application to the jury's role in this case, where the statutory presumption applies. It would be wholly speculative for Lawson to ask the jury to believe that the examiner would have reached the same decision even if required to employ the presumption of validity.

Third, the PTO does not apply the evidentiary burden of clear and convincing evidence that Lawson bears in presenting its invalidity contentions in this case. Because the PTO

10

interprets claims as broadly as reasonably possible in light of the specification, and because claims are subjectively examined in light of new or previously cited prior art references, an examiner's burden of showing the basis for a rejection in a reexamination proceeding is not the clear and convincing evidentiary standard that is applied to validity challenges in this court, but is a lesser standard. *See id.* at 857-58. Again, any interim decision of a PTO examiner made without employing that burden of proof has no application to the jury's duty in this case, which is to apply the clear and convincing evidence standard.

Fourth, the PTO employs different evidentiary procedures. Whereas in this Court witnesses are subject to cross-examination (and generally appear live, where the jury can assess their credibility), that is not the case in a PTO reexamination proceeding. No witness, for example, has appeared live before the PTO examiner, in order that his credibility may be assessed; nor have alleged prior art witnesses been subjected to cross-examination.[10]

For at least these reasons, Lawson's reliance on the reexamination proceedings as in any way relevant or instructive to the alleged invalidity of the patents-in-suit is misplaced and would be misleading to the jury if permitted.

### C. There Is A Severe Risk Of Jury Confusion And Unfair Prejudice To *e*Plus From Admission Of Evidence From The Reexamination Proceedings

Moreover, the risk of jury confusion from the evidence of the parallel reexamination proceedings is very high. The Federal Circuit and the lower courts have agreed that it is

---

[10] Finally, it bears noting that the scope of Lawson's invalidity allegations in this case and the prior art references it relies upon are limited by what it disclosed in its Court-ordered Second Supplemental Statement of Invalidity Contentions, as this Court has already ruled. The reexamination proceedings for the patents-in-suit may involve alleged prior art references that Lawson will not (and may not) rely upon at the trial of this case. Accordingly, any interim examiner ruling with respect to such references cannot be relied upon by Lawson without violating this Court's ruling limiting Lawson to the contentions set forth in its Court-ordered Second Supplemental Statement.

difficult, if not impossible, for a lay juror to understand the effect of pending reexamination proceedings in light of the statutory presumption of validity. *Callaway Golf*, 576 F.3d at 1343 (noting that the "risk of jury confusion [is high] if evidence of the non-final PTO [reexamination] proceedings [is] introduced…"); *Amphenol T&M Antennas,* 2002 W.L. 32373639, *2 ("[T]elling the jury that the patent has been called into question by the Patent Office may significantly influence the jury's application of the presumption of validity and significantly prejudice the [patent owner].").

The prejudicial potential of this evidence far outweighs any probative value it may have. *See* Fed. R. Ev. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury …."); *Presidio Components,* 2009 W.L. 3822694, at *2 (excluding evidence and stating "the prejudicial effect as well as potential for jury confusion is great."); *i4i,* 670 F. Supp.2d at 588 ("its probative value is substantially outweighed by its prejudicial effect in suggesting to the jury that it is entitled to ignore both the presumption of validity and the defendant's clear and convincing evidence burden at trial."); *Transamerica Life,* 597 F. Supp.2d at 907 ("even if the evidence has some marginal probative value, that probative value is outweighed by its potential for undue prejudice or confusion of the jury about the presumption of validity of the patent"); *Hochstein v. Microsoft Corp.,* 2008 W.L. 3925282, *4 (E.D. Mich. Aug. 21, 2008) (excluding evidence on motion *in limine* on ground of unfair prejudice and likely confusion of jury); *Amphenol T&M Antennas,* 2002 W.L. 32373639, at *2 (same). And likewise, "[in]sofar as there is any precedent on this issue, it suggests that admission of evidence concerning reexamination proceedings would be inappropriate." *Id.* (citing *Hoechst Celanese,* 78 F.3d at 1584); *see also*

*Transamerica Life,* 597 F. Supp.2d at 907 ("This court agrees with its brethren that evidence of incomplete patent reexamination proceedings is not admissible").[11]

As the courts cited above readily found, allowing such evidence into the trial of this action would surely confuse the jury in an already complex case. How, for instance, should the jurors be expected to assess the fact that they are hearing evidence of these proceedings, although the proceedings to date have no legal significance to the validity of the patents?[12] Or that they should consider the interim rulings, but that no claim construction process was involved in reaching them and this Court's claim construction was not utilized, even though this jury is bound to follow that construction? Or that evidence was admitted without any live testimony or cross-examination? Or that the interim rulings were made at differing stages of the process?[13] Or that office actions in two of the reexamination proceedings have issued but have not yet been subjected to any appeal? Or that not all of the asserted claims are even subject to the reexaminations? Or that prior art may be considered in those proceedings that is not and cannot be at issue in this trial? Or that different legal standards and burdens of proof were employed in

---

[11] Moreover, Lawson cannot in good faith deny that it is seeking to introduce this evidence in order to prejudice *e*Plus by attacking the validity of the patents. *See Transamerica Life,* 597 F. Supp. 2d at 907 ("Nor is the court in the least convinced that [the accused infringer] is not attempting to offer this evidence precisely for the purpose of attempting to persuade the jury that the … patent is invalid. There can be no other purpose for using evidence of the reexamination proceedings to attempt to refute or rebut [the patentee's argument that the reexamination prior art is cumulative] than to attempt to show that the … patent is invalid in light of such prior art."). The Shamos Report of invalidity relies extensively on this "evidence" for this very purpose.

[12] As noted *supra, e*Plus's patents, even if undergoing reexamination, retain a statutory presumption of validity. 35 U.S.C. § 282 ("[a] patent shall be presumed valid;" "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity").

[13] Indeed, no office action has yet issued in the '516 reexamination proceeding.

reaching those interim rulings? And finally, that those interim decisions could be reversed in their entirety at any time, and at multiple additional stages of the reexamination process?[14]

The answers to such questions are evident: there is no possible way lay jurors can be expected to make sense of the interim decisions of a patent examiner and the reexamination process when they are inapplicable to the rules and standards which must be employed at the trial of this case.

### D. Evidence Of The Reexaminations Should Not Be Admitted With Respect To The Issue Of Willfulness

Finally, *e*Plus anticipates that Lawson may argue that evidence of the reexamination proceedings should be admitted in order that Lawson can cite them as supposed evidence of the lack of willfulness of its infringement.[15] This argument — which will undoubtedly be designed as the proverbial camel's nose under the tent — should fail for several reasons.

---

[14] At a Status Conference for this case, this Court observed the potential for confusion, stating:

> THE COURT: In every instance you have judges and juries that have gone one way, you have a patent examiner that has gone the same, and then you have the PTO on re-examination going exactly the opposite to that? Is that basically what happened here?
>
> ***
>
> THE COURT: Judge [Michel] said the same. That is ridiculous that you could have a jury say something is valid and at the same time you have the patent office, which previously couldn't have issued a patent in the first instance, without making a judgment that is valid, re-examining the whole thing, and having a different view. What are they doing, hiring people up who don't know what they are doing?

Ex. _ (Hearing Tr. of Nov. 13, 2009) at 30-31.

[15] Indeed, Lawson's Dr. Shamos appears to provide such an opinion. Ex. F (Shamos Non-infringement Report) at ¶ 263.

14

First, as set forth *supra*, the fact that the reexamination proceedings are occurring has no legal significance to the validity of the patents; the patents are presumed valid and will remain as such unless and until a *final* determination is reached adverse to *e*Plus. Thus, Lawson cannot rely upon them as evidence of the alleged invalidity of the patents.[16] *i4i,* 670 F. Supp.2d at 583 (denying infringer's "meritless" post-trial challenge to willfulness finding, and stating that reexamination decision of PTO "is not evidence probative of any element regarding any claim of invalidity."). The PTO's grant of a reexamination request is nearly automatic upon the filing of a request that complies with the procedural requirements. *Presidio Components,* 2009 W.L. 3822694, at * 2 ("although it appears that **the USPTO grants about 92% of the requests for reexamination**, in only 12% of cases does that reexamination result in all claims being cancelled.") (emphasis added). Accordingly, the mere fact that reexamination requests were made and granted hardly provides a "get out of jail free" card for Lawson to continue its infringement. Indeed, in the *Hoechst Celanese* case, the Federal Circuit expressly affirmed the district court's finding of willful infringement, even though the district court excluded evidence of the reexamination proceedings. *Hoechst Celanese,* 78 F.3d at 1584. The Federal Circuit stated:

> We take notice that the grant by the examiner of a request for reexamination is not probative of unpatentability. The grant of a request for reexamination, although surely evidence the criterion for reexamination has been met (*i.e.,* that a "substantial new question of patentability" has been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity. *See Acoustical Design, Inc. v. Control Elecs. Co.,* 932 F.2d 939, 942, 18 USPQ2d 1707, 1710 (Fed. Cir.) ("***initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims***"), *cert. denied,* 502 U.S. 863, 112 S.Ct. 185, 116 L.Ed.2d 146 (1991).

---

[16] Indeed, as noted above there has not even been an office action to date in the '516 Patent reexamination proceeding.

*Hoechst Celanese,* 78 F.3d at 1584 (emphasis added) (footnote omitted).

Second, under the particular facts of this case, the reexamination proceedings are all the more irrelevant to willfulness. There are no reexamination proceedings — and never have been — with respect to claims 1 through 25 of the '683 Patent, including claims 3 and 6 which are asserted in this case. Accordingly, the reexamination proceedings cannot and will not dispose of the infringement allegations against Lawson; thus, again, Lawson cannot have relied upon those proceedings as the basis to continue its infringement. Likewise, with respect to the '172 Patent, the reexamination was not even requested until July 2009, and was not granted until October 23, 2009. This case was initiated in May 2009, and Lawson never ceased its infringement. Lawson did not even request the '516 Patent reexamination until November 12, 2009, and it was not granted until January 15, 2010, at which time this case was nearly eight months along. Again, Lawson never ceased its infringement, not even to await whether the PTO would grant the request, issue an office action, or take any other action. Thus, these reexamination proceedings are nothing more than a fig leaf to cover Lawson's decision to continue its infringement throughout the pendency of this litigation, which decision obviously was not made based on whether reexaminations were ongoing.

Third, whatever minimal probative value the reexamination proceedings may have to willfulness in light of these considerations is vastly outweighed by the danger of confusing the jury and unfair prejudice to *e*Plus, for all the reasons set forth above. *Presidio Components,* 2009 W.L. 3822694, at * 2 ("even if the reexamination proceedings are somehow relevant on the issues of obviousness or willfulness, they are nevertheless unfairly prejudicial"). For Lawson to argue that those proceedings weigh against its willfulness strongly implies that the mere fact of the proceedings has legal significance to validity; as set forth above, it does not.

16

## IV.     CONCLUSION

ePlus therefore respectfully requests that the Court exclude any evidence, expert opinion, other testimony, or argument with respect to the PTO reexaminations of the patents-in-suit.

Respectfully submitted,

June 18, 2010

/s/
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff ePlus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, ePlus inc.

17

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of June, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 1 TO EXCLUDE FROM TRIAL ANY EVIDENCE, TESTIMONY, OR ARGUMENT RELATING TO REEXAMINATION OF THE PATENTS-IN-SUIT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

>Daniel McDonald, *pro hac vice*
>William D. Schultz, *pro hac vice*
>Rachel C. Hughey, *pro hac vice*
>Joshua P. Graham, *pro hac vice*
>Andrew Lagatta, *pro hac vice*
>MERCHANT & GOULD
>3200 IDS Center
>80 South Eighth Street
>Minneapolis, MN 55402
>Telephone: (612) 332-5300
>Facsimile: 612) 332-9081
>lawsonservice@merchantgould.com
>
>***Counsel for Defendant Lawson Software, Inc.***
>
>Robert A. Angle, VSB#37691
>Dabney J. Carr, IV, VSB #28679
>TROUTMAN SANDERS LLP
>P.O. Box 1122
>Richmond, Virginia 23218-1122
>(804) 697-1238
>(804) 698-5119 (Fax)
>robert.angle@troutmansanders.com
>dabney.carr@troutmansanders.com
>
>***Counsel for Defendant Lawson Software, Inc.***

>         /s/
>Henry I. Willett, III (VSB #44655)
>Counsel for Plaintiff *e*Plus, Inc.
>**CHRISTIAN & BARTON, LLP**
>909 East Main Street, Suite 1200
>Richmond, Virginia 23219-3095
>Telephone: (804) 697-4100
>Facsimile: (804) 697-4112
>hwillett@cblaw.com