IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-CV-620 (REP) |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| Defendant. ) | |

**[PROPOSED] ORDER**

Pursuant to Rules 402, 403, 901, and 1002 of the Federal Rules of Evidence, and prior orders of this Court, Plaintiff ePlus Inc. ("ePlus") has moved for an Order of the Court to exclude, at trial, any evidence, expert opinion, testimony or argument pertaining to alleged prior art and invalidity theories not set forth in Defendant Lawson Software, Inc.'s ("Lawson") Court-Ordered Second Supplemental Statement of Invalidity Defenses.  Upon consideration of the arguments of the parties, ePlus's motion is hereby GRANTED and it is ordered that:

(1) Lawson cannot introduce at trial evidence, expert opinion, other testimony, or argument as to "non-infringement" based on a comparison of the Accused products with the Lawson 6.0 and Lawson 5.0 systems, because such argument would be nothing more than an argument of invalidity that the Court has already excluded;

(2) Dr. Shamos cannot offer opinions as to whether the J-CON prior art system anticipates claims 6, 26, 28 and 29 of the '683 patent; claims 1, 2, 6, 9, 21 22 and 29 of the '516 patent; and claim 1 of the '172 patent;

(3) Dr. Shamos cannot offer opinions as to whether the Gateway prior art system anticipates claims 3, 6, 28 and 29 of the '683 patent; claims 6, 9, 21 22 and 29 of the '516 patent; and claim 1 of the '172 patent;

2

(4) Dr. Shamos cannot offer opinions as to whether the PO WRITER system anticipates claims 2, 21 and 22 of the '516 patent and claim 1 of the '172 patent;

(5) Dr. Shamos cannot offer opinions as to whether the King '542 Patent anticipates claims 6, 26, 28 and 29 of the '683 patent; claims 6, 22 and 29 of the '516 patent; and claim 1 of the '172 patent;

(6) Dr. Shamos cannot testify to or offer opinions as to obviousness combinations not disclosed in the Second Supplemental Statement;

(7) Dr. Shamos, as to the Gateway prior art system, cannot rely on any document other than the Gateway 2000/ MRO Manual.

It is so ORDERED.

Respectfully submitted,

June __, 2010                                  _____
                                               UNITED STATES DISTRICT JUDGE