IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO 2: TO ENFORCE THE COURT'S ORDERS OF MAY 24, 2010 AND MAY 25, 2010 AND EXCLUDE ANY EVIDENCE, EXPERT OPINION, OTHER TESTIMONY, OR ARGUMENT PERTAINING TO ALLEGED PRIOR ART AND INVALIDITY THEORIES NOT SET FORTH IN DEFENDANT'S COURT-ORDERED SECOND SUPPLEMENTAL STATEMENT**

**I.   INTRODUCTION**

Plaintiff *e*Plus, Inc. ("*e*Plus"), respectfully moves *in limine* to exclude, at trial, any evidence, expert opinion, testimony or argument pertaining to alleged prior art and invalidity theories not set forth in Defendant's Court-ordered Second Supplemental Statement of Invalidity Defenses.  The Court's Order from the bench and accompanying written order dated May 24 and May 25, 2010, respectively, made clear that Lawson may not rely on invalidity contentions and prior art not expressly set forth in the Court-ordered Second Supplemental Statement – including the Lawson 6.0 and 5.0 systems (except in the limited manner permitted by the Court's Order). Through the testimony of its "infringement" expert, Dr. Michael Shamos,[1] Lawson again seeks to circumvent this Court's Orders by introducing evidence concerning the validity of the patents-

---

[1] Dr. Shamos is also Lawson's invalidity expert witness.

in-suit not previously disclosed in its Court-ordered Second Supplemental Statement. Moreover, Dr. Shamos claims that his testimony at trial is not restricted by the Court's Orders as to the Second Supplemental Statement. Ex. D (Deposition of Michael Shamos ("Shamos Dep.")), at 219:7 – 220:6[2] (testifying that he may offer opinions at trial concerning any opinion disclosed in his report or *any* of Lawson's supplemental invalidity defenses identified in claim chart Exhibit 3 to his Validity Report). Moreover, Dr. Shamos indicated that at least some of his opinions may change prior to trial. Ex. D (Shamos Dep.) at 213:20 – 214:13 (indicating that Dr. Shamos may change his opinions with respect to validity of the '516 patent in view of the Technical Viewer/ 2 reference). To clarify the scope of evidence Lawson may introduce and to avoid argument at trial, *e*Plus asks that the Court expressly rule that:

(1) Lawson cannot introduce at trial evidence, expert opinion, other testimony, or argument as to "non-infringement" based on a comparison of the Accused products with the Lawson 6.0 and Lawson 5.0 systems, because such argument would be nothing more than an argument of invalidity that the Court has already excluded;

(2) Dr. Shamos cannot offer opinions as to whether the J-CON prior art system anticipates claims 6, 26, 28 and 29 of the '683 patent; claims 1, 2, 6, 9, 21 22 and 29 of the '516 patent; and claim 1 of the '172 patent;

(3) Dr. Shamos cannot offer opinions as to whether the Gateway prior art system anticipates claims 3, 6, 28 and 29 of the '683 patent; claims 6, 9, 21 22 and 29 of the '516 patent; and claim 1 of the '172 patent;

(4) Dr. Shamos cannot offer opinions as to whether the PO WRITER system anticipates claims 2, 21 and 22 of the '516 patent and claim 1 of the '172 patent;

(5) Dr. Shamos cannot offer opinions as to whether the King '542 Patent anticipates claims 6, 26, 28 and 29 of the '683 patent; claims 6, 22 and 29 of the '516 patent; and claim 1 of the '172 patent;

(6) Dr. Shamos cannot testify to or offer opinions as to obviousness combinations not disclosed in the Second Supplemental Statement;

---

[2] The notation "Ex. [LETTER]" references a particular exhibit located within the Appendix of Exhibits filed concurrently with ePlus's motions *in limine*.

(7) Dr. Shamos, as to the Gateway prior art system, cannot rely on any document other than the Gateway 2000/ MRO Manual.

## II. BACKGROUND

The Court is already familiar with many of the tactics used by Lawson to circumvent the Court's scheduling orders to argue that the Lawson version 6.0 and Lawson version 5.0 systems anticipate the patents-in-suit. On May 24, 2010, this Court heard oral argument on *e*Plus's Motion to Strike Portions of Defendant's Expert Report and Exclude From Trial Alleged Prior Art and Invalidity Arguments Not Disclosed In Defendant's Court-ordered Invalidity Contentions (filed May 14, 2010) (Docket No. 212).[3] In its Motion to Strike, *e*Plus sought to prevent Lawson from relying on prior art systems not previously disclosed in its Court-ordered Second Supplemental Statement including the Lawson 6.0 and Lawson 5.0 software systems. At oral argument, the court summarized the procedural history between the parties with respect to the Lawson 6.0 and Lawson 5.0 systems:

> THE COURT: All right. Well, the pretrial orders mean what they say, and in the original Pretrial Schedule A, paragraph J3, to which the parties agreed, the Court ordered that the defendant shall file an initial statement identifying each of its invalidity defenses with specificity, and such statements shall also include a list of all prior art on which it relies, including a citation by Bates number of any documents produced relating to each such prior art reference, and a complete and ***detailed explanation of what it alleges that each listed prior art reference shows in claim chart form on an element-by-element, claim-by-claim basis and how that prior art invalidates the claims asserted by the plaintiff.***
>
> On March the 26th, the Court was hearing a motion to compel brought by the defendants when it appeared that there was an issue respecting the invalidity contentions and defenses, and the Court instructed that the -- said the following: You told me you

---

[3] *e*Plus incorporates herein its Brief in Support of Motion to Strike Portions of Defendant's Expert Report and Exclude From Trial Alleged Prior Art and Invalidity Arguments Not Disclosed In Defendant's Court-Ordered Invalidity Contentions (May 14, 2010) (Docket No. 213).

3

> were going to have seven or eight, and we're talking about prior art references, and I want you to do them like I said, claim by claim, element by element. ***What is it in that prior -- in the prior art -- what is it that in the prior art invalidates it, and then you take the page out of the prior art and not only do you write it out, you highlight it and you hand it to them***.
>
> \* \* \* \*
>
> But on April the 9th, there was a subsequent filing, and the subsequent filing deleted a number of the -- the prior art references, including Lawson version 6 and 5.
>
> During the course of that discussion on April the 29th, there came up a discussion about April -- about Lawson 6.0 version, and ***I said, Lawson 6.0 version is not in the prior art unless it was listed in the prior art that was filed on April 9th. Was it or wasn't it?***
>
> \* \* \* \*
>
> ***And I said: I have to see more about it, but I can tell you one thing; if it's not in that answer, that disclosure, it's not coming in.***
>
> Yet on May the 3rd, without coming to court and saying they didn't understand the limits that had been articulated on April the 29th and March the 26th and the scheduling order, the defendants listed a whole bunch of new prior art and invalidity contentions; thereby frustrating the very purpose of the order entered, Exhibit A, to the brief of the -- of the plaintiff in this motion, which is Pretrial Schedule A, J3, which they -- paragraph J3, which they agreed to. ***And so if it's not listed on the – if something is not listed on the list of prior art filed on April 9th, it's not coming in.***

Ex. E (Hearing Tr.) at 97:6 – 100:21 (May 24, 2010) (emphasis added). *See also id.* at 47:20 – 48:1 (commenting that "You were told that if you didn't have the prior art in these supplemental contentions so people could understand what you were talking about, it wasn't going to come in at trial. I don't know how on earth you could think you could get it in by sticking it in an expert's opinion. That's a disingenuous argument, I think.").

4

On May 25, 2010, this Court granted in part and denied in part *e*Plus's Motion to Strike, permitting Lawson to present evidence, argument and expert testimony at trial with respect to the alleged Lawson prior art system only as to a single claim element: a "means for searching for matching items in the database."[4] Lawson is otherwise not permitted to present any evidence that the 6.0 and 5.0 systems are prior art or that such systems invalidate the patents-in-suit.

On June 3, 2010, Lawson served upon *e*Plus its Rebuttal Expert Report of Michael Shamos Concerning Non-Infringement ("Shamos Infringement Report"). In support of his theories of **non-infringement**, Dr. Shamos relies heavily on the functionality of the Lawson 6.0 and 5.0 systems, comparing the Asserted claims to the Lawson 6.0 and 5.0 systems as opposed to the Accused products. Attached hereto as Exhibit F is a copy of the Shamos Infringement Report with each impermissible reference to the Lawson 6.0 or 5.0 system as prior art highlighted for the Court's reference. Dr. Shamos' reliance on these non-accused products inherently suggests to the jury that the Lawson 6.0 and 5.0 software products are prior art to the patents-in-suit (*i.e.* that which later infringes, invalidates if earlier).

By relying on the functionality of the Lawson 6.0 and 5.0 historical software, Dr. Shamos is thus trying to introduce these systems as prior art through the proverbial back door, in direct contravention of the Court's May 25 order. ***Most tellingly, Dr. Shamos copies nearly verbatim every specific reference to the Lawson 6.0 or 5.0 systems cited in his Infringement Report from the corresponding section of his Validity Report.*** *Compare, e.g.,* Ex. F (Shamos Infringement Report) at ¶¶ 15, 22, 25, 28, 31, 41, 42-43, 44-45, 59, 60, 61, 62, 63, with Ex. B (Report of Expert Michael I. Shamos Ph.D, J.D. Concerning Invalidity ("Shamos Validity Report")) at ¶¶

---

[4] The Court also invited the parties to brief the issue of whether Lawson should be permitted to present evidence at trial as to whether the Lawson 6.0 and Lawson 5.0 systems disclose a "means for building a requisition using data relating to selected matching items and their associated sources."

117, 119, 120, 121, 124, 126, 127, 128, 134, 138, 139, 141, 142, respectively.  Indeed, *Dr. Shamos' own testimony established that he reviewed the Lawson 6.0 and 5.0 systems only to analyze the validity of the patents-in-suit.*  Ex. D (Shamos Dep.) at 58:6-9 ("Q: So what's the relevance of your discussion of Lawson version 5.0 and 6.0 Procurement software *to an infringement analysis* in this case?  A: *It, of course, has to do with invalidity*.") (emphasis added).

The table below gives examples of Lawson's latest attempt to evade the Court's Order by suggesting through an expert that the Lawson 6.0 and 5.0 systems are invalidating prior art:

| Cite | Opinion Disclosed In Shamos' So Called "Infringement" Report |
|---|---|
| ¶23 | "The Requisition module has had essentially the same basic structure, function, and operation since at least Version 5.0 through the current release." |
| ¶24 | "Lawson has been selling its Inventory Control module since well before the priority date of the Patents." |
| ¶33 | "The Item Master database has had essentially the same basic structure, function, and operation since at least Version 5.0 through the current release of the Inventory Control module." |
| ¶35 | "There are number of different ways that Lawson's customers may upload data to the Item Master database in the Accused S3 Software . . . Such importing of data has been around for decades.  The first two ways were used in at least Version 5.0 through the current release of the Inventory Control module.  Thus, the Lawson system could ingest item data from other sources, such as vendor catalogs, since long prior to 2002, and in fact long before the 2004 [sic] priority date of the Patents. . . . Importing catalog data by electronic data interchange (EDI), and specifically using the ANSI X12 832 standard specifically designed for importing parts or catalog data, for example, is disclosed in the prior art King '542 patent at 5:17-28." |
| ¶37 | "Early, pre-1994 versions of Lawson's systems allowed for importing item data from other databases." |

*See* Ex. F (Shamos Infringement Report).

This Court has already clarified that, with the exception of the limitation of a "means for searching for matching items in the database," Lawson cannot present at trial evidence, expert

6

opinion, other testimony, or argument as to whether the Lawson 6.0 or 5.0 software systems anticipate the patents-in-suit. Based upon that order, *e*Plus's validity expert did not analyze or review the Lawson 6.0 or 5.0 systems as compared with the patents-in-suit. Similarly, because *e*Plus does not contend that the Lawson 6.0 or 5.0 systems infringe, its infringement expert has not evaluated these systems.

*e*Plus also brings this motion to address invalidity theories advanced by Dr. Shamos not disclosed in Defendant's Court-ordered Second Supplemental Statement. While *e*Plus contends that the issues raised herein are addressed by the Courts May 24 and May 25 orders, *e*Plus raises this issue *in limine* to clarify the scope of evidence Lawson may offer and to avoid dispute at trial. Dr. Shamos stated in his Validity Report numerous theories of invalidity of the patents-in-suit not disclosed in Lawson's Second Supplemental Statement. These theories include (1) opinions as to whether the J-CON, PO WRITER, Gateway systems and the King patent anticipate claims of the patents-in-suit beyond those disclosed in the Second Supplemental Statement and (2) claim chart references to 41 combinations of prior art references which – he apparently contends – render one or more claims of the patents-in-suit obvious. The Court's Order from the bench and accompanying written order dated May 24 and May 25, 2010, respectively, made clear that Lawson may not rely on invalidity contentions and prior art not expressly set forth in the Court-ordered Second Supplemental Statement. To avoid any confusion at trial as to the scope of those orders, *e*Plus asks that the Court expressly rule that Dr. Shamos cannot opine at trial as to these theories of invalidity.

This Court ordered *e*Plus to limit its infringement contentions to 13 claims of the patents-in-suit. As a result of the Court's Order, *e*Plus asserts that Lawson's software products infringe claims 3, 6, 26, 28 and 29 of the '683 patent; claims 1, 2, 6, 9, 21 22 and 29 of the '516 patent;

7

and claim 1 of the '172 patent. As described in the table below, in its Court-ordered Second Supplemental Statement, Lawson asserted that four of its prior art systems – J-CON, Gateway, PO WRITER and the King '542 Patent – collectively anticipated *14* claims. *See* Ex. G (Defendant Lawson Software, Inc.'s Second Supplemental Initial Statement of Invalidity Defenses ("Second Supplemental Statement")) at 40-49, 56-61 (Apr. 9, 2010). In contrast, Dr. Shamos contends in his report that the four references collectively anticipate *50* claims.

| Reference | Number of Claims Alleged to be Anticipated in Second Supplemental Statement | Number of Claims Alleged to be Anticipated in Dr. Shamos Invalidity Report |
|---|---|---|
| J-CON | 1 | 13 |
| Gateway | 3 | 13 |
| PO WRITER | 7 | 13 |
| King '542 Patent | 3 | 11 |
| **TOTAL** | **14** | **50** |

Specifically,

- While Lawson contends in the Second Supplemental Statement that the J-CON system anticipates only claim 6 of the '683 patent, Dr. Shamos opines that the J-CON system anticipates all thirteen asserted claims.

- Lawson argues in the Second Supplemental Statement that the Gateway system anticipates claim 26 of the '683 patent and claims 1 and 2 of the '516 patent. Dr. Shamos opines that the Gateway system anticipates all thirteen asserted claims.

- Lawson alleges in the Second Supplemental Statement that the PO WRITER system anticipates claims 3, 6, 26, 28 and 29 of the '683 patent and claims 1 and 6 of the '516 patent. Dr. Shamos opines that the PO WRITER system anticipates all thirteen asserted claims.

- Lawson contends in the Second Supplemental Statement that the system described in the King '542 Patent anticipates claims 1, 2 and 9 of the '516 patent. Dr. Shamos contends that the system described in the King '542 Patent anticipates eleven of the thirteen asserted claims.

8

Furthermore, as similarly described in the Motion to Strike, Lawson identified *four* combinations of prior art references in its Second Supplemental Statement which it contends render obvious one or more claims of the patents-in-suit: (1) the Fisher RIMS system in combination with the IBM Technical Viewer/2 system; (2) the Fisher RIMS system in combination with the '940 patent; (3) the J-CON system in combination with the '940 patent; and (4) the J-CON system in combination with P.O. Writer Plus V.10. Ex. G (Second Supplemental Statement) at 4-5. The Shamos Validity Report and claim chart attached thereto, however, list 41 different combinations of prior art references not disclosed in the Second Supplemental Statement.

*e*Plus also seeks an order preventing Dr. Shamos from relying, as to the Gateway prior art, on any manuals or documents other than the 2000 MRO Manual. Dr. Shamos' only basis for opining that the Gateway system anticipates the patents-in-suit is that the Gateway 2000 MRO Manual is a printed publication pursuant to 35 U.S.C. § 102(b). Ex. B (Shamos Validity Report) at ¶ 101. The claim charts attached to Dr. Shamos' expert reports, however, reference several manuals unrelated to the 2000/ MRO product including: (1) TSA Gateway Purchasing Manual (Dec. 1993), (2) TSA Gateway System Management Manual (Dec. 1993), (3) Gateway Inventory Processes User Manual (Dec. 1993) and (4) Gateway Product Overview (L0128367 – L0128395). Dr. Shamos should therefore be precluded from relying on these materials at trial.

### III. ARGUMENT

#### A. Lawson's Infringement Report With Respect To Lawson 6.0 and Lawson 5.0 Is Nothing More Than An Opinion Of Invalidity That This Court Has Already Excluded

Dr. Shamos' so-called Infringement Report is replete with references to the Lawson 6.0 and 5.0 systems, and he repeatedly opines that the Lawson software system includes

functionality that existed before the priority date of the patents-in-suit (i.e. that is "prior art"). *e*Plus asserts that various deployment scenarios of Lawson's S3 Procurement system and M3 e-Procurement application infringe the patents-in-suit. *e*Plus does not assert that Lawson software versions 6.0 or 5.0 infringe. Instead of responding to the opinions of *e*Plus's infringement expert, Dr. Shamos instead seeks to mislead the jury by comparing the Accused products to the Lawson software versions 6.0 and 5.0. *See, e.g.,* Ex. F (Shamos Infringement Report) at ¶¶ 15 – 63.

      First, Dr. Shamos' discussion of the Lawson 6.0 and 5.0 systems is not tied to any particular claim of the patents-in-suit. Instead, Dr. Shamos merely suggests that certain general concepts contained in the asserted claims are also present in the Lawson 6.0 and 5.0 software. Second, Dr. Shamos copies nearly verbatim every specific reference to the Lawson 6.0 or 5.0 systems cited in his Infringement Report from the corresponding section of his Validity Report. *Compare, e.g.,* Ex. F (Shamos Infringement Report) at ¶¶ 15, 22, 25, 28, 31, 41, 42-43, 44-45, 59, 60, 61, 62, 63, with Ex. B (Shamos Validity Report) at ¶¶ 117, 119, 120, 121, 124, 126, 127, 128, 134, 138, 139, 141, 142, respectively. Third, other than broad, conclusory statements, Dr. Shamos does not actually establish that functionality that is allegedly present in the Lawson 6.0 or 5.0 software is also present in the Accused products or that the features relied upon by Dr. Weaver do not establish that the Accused products infringe the patents-in-suit. Fourth, Dr. Shamos admitted as his deposition that he only reviewed the Lawson 6.0 and 5.0 systems to analyze the validity of the patents-in-suit. Ex. D (Shamos Dep.) at 58:6-9.

      Lawson should not be permitted to evade the Court's Order by asserting as a "non-infringement opinion" the invalidity theories that the Court expressly excluded. In order for *e*Plus's experts to respond to Dr. Shamos' analysis, they must conduct an analysis as to whether

10

the Lawson 6.0 and 5.0 systems anticipate the patents-in-suit. As this court has repeatedly held, because the Lawson software was not disclosed in the Second Supplemental Statement, Lawson cannot argue that the Lawson 6.0 or 5.0 anticipate the patents-in-suit except as to the one limitation described above.

> **B.** **Lawson's Validity Report of Dr. Shamos Relies On Alleged Prior Art And Invalidity Defenses Not Disclosed In Its Court-Ordered Second Supplemental Statement**
>
> **1.** **Dr. Shamos' Opinions Concerning Whether the J-CON, Gateway or PO WRITER Systems and the King '542 Patent Anticipate Certain Claims of the Patents-In-Suit**

In its Second Supplemental Statement Lawson identified the prior art references which anticipate the asserted claims, stating that the:

- J-CON system anticipated claim 1 of the '683 patent. Ex. G (Second Supplemental Statement) at 56-58.

- Gateway system anticipated claim 26 of the '683 patent and claim 1 of the '516 patent. *Id*. at 58-61.

- PO WRITER system anticipated claims 3, 6, 26, 28 and 29 of the '683 patent and claims 1 and 6 of the '516 patent. *Id*. at 42-49.

- Invention described in the King '542 patent anticipates claims 1, 2 and 9 of the '516 patent. *Id*. at 40-42.

In contrast, Dr. Shamos opines that the J-CON, Gateway and PO WRITER systems anticipate all thirteen asserted claims and that the King '542 patent anticipates eleven of the thirteen asserted claims. *See* Ex. H (Shamos Validity Report, Ex. 3) (passim). Consequently, *e*Plus asks that the Court expressly rule that Lawson cannot introduce at trial evidence, expert opinion, other testimony, or argument that (1) the J-CON system anticipates any asserted claim other than claim 1 of the '683 patent, (2) the Gateway system anticipates any asserted claim other than claim 26 of the '683 patent and claim 1 of the '516 patent, (3) the PO WRITER system anticipates any asserted claim other than claims 3, 6, 26, 28 and 29 of the '683 patent and

11

claims 1 and 6 of the '516 patent, and (4) the King '542 patent anticipates any asserted claim other than claims 1, 2 and 9 of the '516 patent.

### 2. Obviousness Combinations

The Shamos Invalidity report lists 41 new combinations of prior art references not contained in the Court-ordered Second Supplemental Statement that allegedly render obvious one or more claims of the patents-in-suit. *See* Ex. H (Shamos Validity Report Ex. 3) (combinations highlighted). Of these 41 new combinations, only the J-CON/ Gateway combination is discussed in the narrative of Dr. Shamos' report. None of these 41 combinations are disclosed in the Second Supplemental Statement. The Court's Order from the bench and accompanying written order dated May 24 and May 25, 2010, respectively, made clear that Lawson may not rely on invalidity contentions and prior art not expressly set forth in the Court-ordered Second Supplemental Statement. Regardless, Dr. Shamos' position is that he may offer opinions as to *any* prior art disclosed in *any* of Lawson's Supplemental Invalidity Defenses. Ex. D (Shamos Dep.), at 219:7 – 220:6. Consequently, *e*Plus asks that the Court expressly rule that Lawson cannot introduce at trial evidence, expert opinion, other testimony, or argument that these 41 new combinations of alleged prior art references render one or more claims of the patents-in-suit obvious. These combinations recited in the Shamos claim chart (along with an exemplary citation) include the following (*See* Ex. H (Shamos Validity Report Ex. 3)):

| Element 1 | Element 2 | Element 3 | Example Cite |
|---|---|---|---|
| Lawson | RIMS | | 10 |
| Lawson | King | RIMS | 10 |
| Lawson | King | JCON | 10 |
| Lawson | PO | RIMS | 10 |
| Lawson | PO | JCON | 10 |
| Lawson | PO | TV2 | 10 |
| Lawson | Gateway | RIMS | 10 |
| Lawson | Gateway | JCON | 10 |
| Lawson | Gateway | TV2 | 10 |
| Lawson | TV2 | RIMS | 10 |
| Lawson | TV2 | PO | 10 |
| Lawson | TV2 | JCON | 10 |
| JCON | RIMS | | 10 |
| JCON | TV2 | | 10 |
| JCON | King | | 43 |
| JCON | TV2 | RIMS | 43 |
| JCON | TV2 | PO | 43 |
| JCON | TV2 | Gateway | 43 |
| JCON | PO | RIMS | 67 |
| JCON | PO | King | 67 |
| JCON | Gateway | RIMS | 67 |
| JCON | Gateway | King | 67 |
| King | RIMS | | 11 |
| King | Lawson | TV2 | 11 |
| King | PO | RIMS | 11 |
| King | PO | JCON | 11 |
| King | PO | TV2 | 11 |
| King | Gateway | RIMS | 11 |
| King | Gateway | TV2 | 11 |
| King | TV2 | RIMS | 11 |
| King | TV2 | JCON | 11 |
| TV2 | King | | 44 |
| TV2 | PO | | 44 |
| TV2 | Gateway | | 44 |
| TV2 | PO | RIMS | 68 |
| TV2 | Gateway | RIMS | 68 |
| PO | RIMS | | 71 |
| PO | King | | 71 |
| Gateway | RIMS | | 72 |
| Gateway | King | | 72 |
| JCON | Gateway | | Shamos Rpt at 69 |

13

## C. Dr. Shamos' Reliance On Gateway References Other Than The 2000/ MRO Manual Should Be Prohibited

A person shall be entitled to a patent unless "the invention was described in *a printed publication* . . . more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102 (b) (emphasis added). It is well settled that, to prove a patent claim invalid under § 102 (b), "each and every limitation [must be] found either expressly or inherently *in a single prior art reference.*" *Celeritas Techs. Inc. v. Rockwell, Int'l Corp.*, 150 F. 3d 1354, 1360 (Fed. Cir. 1998) (emphasis added); *see also PIN/NIP Inc. v. Platte Chem. Co.*, 304 F. 3d 1235, 1243 (Fed. Cir. 2002) ("anticipation under 35 U.S.C. § 102 requires a finding that each and every limitation is found either expressly or inherently *in a single prior art reference*") (emphasis added); *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F. 3d 1272, 1282 (Fed. Cir. 2000) ("Anticipation based on a printed publication . . . requires the presence *in the publication* of each and every limitation of the claimed invention") (emphasis added). It is improper for an accused infringer to "build an anticipation" defense or add missing elements with testimony from lay or expert witnesses, or by reference to other documents. *Studiengesellschaft Kohle, mbH v. Dart Indus., Inc.*, 726 F. 2d 724, 727 (Fed. Cir. 1984) ("What Dart asked the trial court to do, . . . is to combine the teachings of the references to build an anticipation. That would be contrary to settled law, and the trial court was correct in refusing to do so"). While it is possible that one reference may incorporate other documents, "[t]o incorporate material by reference, the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents." *Advanced Display Sys.*, 212 F. 3d at 1282 (citations omitted). *See also In re Seversky*, 474 F. 2d 671, 674 (C.C.P.A. 1973) (incorporation by reference requires a statement "clearly identifying the subject matter which is incorporated and where it is to be found").

Dr. Shamos contends that the Gateway 2000 MRO Manual anticipates one or more claims of the patents-in-suit as a printed publication under 35 U.S.C. § 102(b). Ex. B (Shamos Validity Report) at ¶ 101. This is Dr. Shamos' *sole basis for asserting that the Gateway anticipates the patents-in-suit*. Because Dr. Shamos asserts that the 2000 MRO Manual (date listed as May, 1991) anticipates the patents-in-suit as a printed publication, he cannot and should not be permitted to rely on documents other than the 2000 MRO Manual. *e*Plus asks that the Court expressly rule that Dr. Shamos cannot rely on the following documents (also not disclosed in Lawson's Second Supplemental Statement):

- TSA Gateway Purchasing Manual (date listed as Dec. 1993). *See, e.g.,* Ex. H (Shamos Validity Report Ex. 3) at 73, 79, 97, 193, 199 (identified by Dr. Shamos as bates labeled L0127887 – L0128208 and SAP_2531534 – SAP_2531855).

- TSA Gateway System Management Manual (date listed as Dec. 1993). *See, e.g. id.* at 121, 127, 199 (identified at SAP_5000040 – SAP_5000301).

- Gateway Inventory Processes User Manual (date listed as Dec. 1993). *See, e.g. id* at 85, 109, 115 (identified at L0128209 – L0128356 and SAP_2531856 – SAP_2532003).

- Gateway Product Overview (undated). *See, e.g. id* at 14, 109 (identified at L0128367 – L0128395).

## IV.   CONCLUSION

This Court has clearly ruled that Lawson may not introduce at trial evidence, expert opinion, other testimony, or argument on validity theories not disclosed in its Court-ordered Second Supplemental Statement – including the Lawson 6.0 and Lawson 5.0 systems (except in the sole respect expressly permitted by the Court). In a transparent attempt to evade the Court's Orders, Lawson most recently introduced evidence suggesting that the Lawson 6.0 and 5.0 systems are prior art through Dr. Shamos' so-called *non-infringement* report. *e*Plus asks that the Court expressly rule that Dr. Shamos cannot opine at trial as to these theories of invalidity.

Respectfully submitted,

June 18, 2010

/s/
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of June, 2010, I will electronically file the foregoing

**PLAINTIFF EPLUS, INC.'S BRIEF IN SUPPORT OF MOTION IN LIMINE NO 2: TO ENFORCE THE COURT'S ORDERS OF MAY 24, 2010 AND MAY 25, 2010 AND EXCLUDE ANY EVIDENCE, EXPERT OPINION, OTHER TESTIMONY, OR ARGUMENT PERTAINING TO ALLEGED PRIOR ART AND INVALIDITY THEORIES NOT SET FORTH IN DEFENDANT'S COURT-ORDERED SECOND SUPPLEMENTAL STATEMENT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

                /s/
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com

17