**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:09-CV-620 (REP)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LAWSON SOFTWARE, INC.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 3:
TO EXCLUDE UNDISCLOSED AND UNTIMELY OPINIONS OF COUNSEL,
INCLUDING ANY "OPINION" OF MICHAEL I. SHAMOS, PH.D., J.D.
REGARDING DEFENDANT'S WILLFULNESS OR INTENT**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice)*
Jennifer A. Albert (admitted *pro hac vice)*
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice)*
James D. Clements (admitted *pro hac vice)*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

## I.      INTRODUCTION

It now appears that Defendant Lawson Software, Inc. ("Lawson") possesses at least one opinion of counsel for which it **stood on the privilege** and **did not produce during fact discovery**, but which it is **now relying on** to avoid a finding of willful and induced infringement.  **After the close of fact discovery**, Lawson revealed, for the first time, that it is **relying** on two opinions of counsel – a first opinion from counsel apparently independent of its litigation attorneys, received by Lawson after this litigation was filed; and a second opinion of counsel[1] from its technical expert Dr. Shamos who also happens to be a lawyer.

Lawson withheld these opinions from *e*Plus throughout all of fact discovery, and then in response to an interrogatory – that was propounded almost a year ago – indicated 11 days before fact discovery closed, that Lawson had obtained an opinion of counsel that it purportedly was **_not relying on_**.  Only **after fact discovery closed** did Lawson "drop the other shoe" – Lawson's purported experts (Dr. Shamos and Mr. Lipscomb) **affirmatively relied on** these opinions of counsel in their reports to rebut *e*Plus's evidence of willfulness and induced infringement.

Clearly, it is far too late in the day for Lawson to inject an advice of counsel defense in this action; had it timely raised such a defense, it would have to had waive the privilege with respect to the entire subject matter of the advice of counsel and permit *e*Plus discovery.  Pursuant to Federal Rules of Evidence 402 and 403, Plaintiff *e*Plus, Inc. ("*e*Plus") therefore respectfully requests that the Court preclude Lawson from presenting any evidence or argument at the trial of

---

[1] Lawson's second opinion of counsel was provided **by its proffered technical expert** in his report, some 18 months after this litigation was filed, concerning the alleged non-infringement of the patents-in-suit.  He included the opinion in his report only **because Lawson's attorneys asked him to**; he never shared it with Lawson itself; he never disclosed it during fact discovery; and he admitted that Lawson's reliance on his opinions for this purpose was misplaced.

this case to show or in any way suggest, for any purpose, that Lawson received or in any way relied upon advice of counsel to justify its conduct.

## II.     BACKGROUND

### A.     Lawson Stood on the Privilege and Did Not Disclose Its First Opinion of Counsel During Fact Discovery

On July 24, 2009 – almost one year ago – *e*Plus served Lawson with an interrogatory (number 12) asking, *inter alia*, whether Lawson had obtained "any advice of counsel [] relating to the patents in suit." Ex. I[2] (*e*Plus's First Set of Interrogatories to Defendant Lawson Software, Inc.) at 13. Lawson provided no substantive response to the question of advice of counsel until some 10 months later, and only 11 days before the close of fact discovery (which was May 18, 2010 (Dkt. No. 186 at Schedule A, Section III.C)), at which point, it responded as follows:

> Subject to and without waiving its objections, Lawson responds that ***it sought advice of counsel independent of its litigation counsel*** and acted responsibly. ***Lawson has elected not to waive attorney-client privilege*** with respect to reliance on this advice of counsel. ***It does, however, rely on non-privileged communications submitted on its behalf by counsel*** including the discovery responses, pleadings, and reexaminations cited above. Lawson reserves the right to supplement this response.

Ex. J (Defendant Lawson Software, Inc.'s Second Supplemental Response to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 9, and 12) at 16 (emphasis added). Lawson does not indicate here when it received this opinion, from whom it received it, to whom it was distributed, its length, or its subject matter, and this opinion appears nowhere on Lawson's privilege log. Because Lawson has not provided discovery into this opinion, *e*Plus has had no way to ascertain or test its accuracy, reliability or the author's assumptions underlying his/her analysis.

---

[2] The notation "Ex. [LETTER]" references a particular exhibit located within the Appendix of Exhibits that concurrently with *e*Plus's motions *in limine*.

    **B.**     **Lawson's Technical Expert (Who is Also a Lawyer) Gives a Second Opinion of Counsel Purportedly Rebutting *e*Plus's Willfulness and Indirect Infringement Evidence**

Dr. Michael I. Shamos, Ph.D., J.D., is Lawson's proffered technical expert in this litigation.  Dr. Shamos has provided two expert reports, one concerning the alleged invalidity of the patents-in-suit and the other concerning Lawson's alleged non-infringement, both some 18 months after *e*Plus filed its complaint.  Dr. Shamos is also "an attorney admitted to practice in Pennsylvania and ha[s] been admitted to the Bar of the [PTO] since 1981."  Ex. B (Report of Expert Michael I. Shamos, Ph.D., J.D. Concerning Invalidity) at ¶ 4.  Dr. Shamos unequivocally acknowledged in his report and at his deposition that he has "not been asked to offer any opinions on patent law in this action."  Ex. B at ¶ 4; *see* Ex. D (Shamos Dep. Tr.) at 54:15-55:1, 55:5-55:11, 133:6-8.

Notwithstanding Lawson's decision **not** to disclose, during fact discovery, any opinions of counsel it had received, Dr. Shamos offers his technical opinions of invalidity and non-infringement, only to then rely on his own such opinions as support for an opinion that Lawson's conduct does not constitute willful infringement or inducement of infringement of the patents-in-suit:

> I gave the opinion that the Asserted Claims are invalid based on a number of prior art references.  For this additional reason, ***I conclude that that [sic] Lawson had an objectively-reasonable basis to believe that it does not infringe any valid claim of the Patents, even after it became aware of the patents, and thus under an objective standard it did not proceed in the face of a high risk of infringement***.

Ex. K (Rebuttal Report of Expert Michael I. Shamos, Ph.D., J.D. Concerning Non-Infringement) at ¶ 12 (emphasis added); *see also Id.* at ¶¶ 11, 19, 263.  Dr. Shamos also relies on his purported technical expert opinions to conclude that Lawson did not induce infringement of the patents-in-suit.  Ex. K at ¶ 263.  Importantly, Dr. Shamos never explains whether anyone at Lawson ever

received his invalidity or non-infringement opinions in order to rely upon them as a basis for believing that Lawson did not infringe a valid claim, and has since admitted such in his deposition.  Ex. D at 128:20-132:17.

> Q    And turn to paragraph 11 of the rebuttal report.  That's on page 3.
>
> A    Yes.
>
> * * *
>
> Q    Why did you include that statement in your report?
>
> A     I was asked to include a statement about whether Lawson -- whether I thought Lawson had an objectively reasonable basis for believing it didn't infringe.
>
> *Q    Who asked you to include that statement in your report?*
>
> *A    Counsel.*
>
> * * *
>
> Q     What -- what is -- this objective standard and objectively reasonable basis, what – what issues relating to infringement is that relevant to?
>
> A    *Well, for example, willful infringement.*
>
> * * *
>
> Q    To whom did you provide this noninfringement opinion?
>
> * * *
>
> A     Oh, no.  I didn't say I -- that I provided the opinion.  My question is, based on the claims and what the Lawson systems do -- which of course they know what the claims are, they know what their systems do -- would someone in that position have an objectively reasonable basis to believe they don't infringe, and the answer is yes.  *I'm -- I'm not saying that I prepared a noninfringement opinion and gave it to Lawson, you know, at the time the lawsuit was filed.  It's not my opinion that they're basing their actions on…*

4

* * *

> Q    So it's not your contention that Lawson is basing their actions on your opinions that you've offered in this case?
>
> A    Well, what's the date of this report?  This was served on June 3rd, and I think I'm correct that today's June 16th.  So they couldn't possibly have been affected by what's in here except for the past 13 days.  No.  I'm not contending that.

* * *

> A    …I'm not alleging that my report would have been the basis for Lawson's decision whether or not to engage in the activities that are accused of infringement because those took place long before I was even engaged in the case…..

Ex. D at 131:6-136:22 (emphasis added).  The only reason he put this language in his expert report was *because Lawson's attorneys asked him to* (Ex. D at 132:1-3)**,** apparently in an effort to obtain a back-door opinion of counsel to rebut *e*Plus's willfulness allegations, after having already withheld the opinion that it allegedly received from opinion counsel.

### C.    Lawson has Since Relied on the Opinions it Received to Rebut *e*Plus's Willfulness Evidence

On June 3, 2010, Lawson's expert witness on patent law and procedure, Ernest B. Lipscomb, III relied on the opinions that Lawson had obtained after the suit was filed, from both independent opinion counsel and Dr. Shamos, in an attempt to rebut *e*Plus's evidence of Lawson's willful infringement of the patents-in-suit.  Ex. L (Rebuttal Expert Report of Ernest B. Lipscomb, III) at ¶ 30.  Mr. Lipscomb notes that Lawson "obtained an opinion of counsel shortly after this lawsuit was filed" and that "Lawson obtained expert opinions of invalidity and non-infringement from Dr. Michael I. Shamos" to lend credence to his opinion that Lawson was not behaving in an objectively reckless manner after the suit was filed.  *Id.*

## III.    ARGUMENT

### A.    Because Lawson Never Disclosed Its Opinions, Any Evidence Related to Such Opinions is More Prejudicial than Probative

What Lawson now attempts flies in the face of well-settled principles pertaining to the assertion of advice of counsel and the waiver of the attorney-client privilege resulting from such an assertion.  Lawson should not be able to spend the entire fact discovery period enjoying the protections of the privilege only now to bring such opinions in through the back door and rely on them at trial in an effort to persuade the jury that it has neither willfully infringed nor induced infringement of the patents-in-suit.  Allowing Lawson to adduce evidence related to these opinions in front of the jury would cause *e*Plus great prejudice.

The law is clear that a litigant may not utilize the attorney-client privilege as both a shield and a sword.  If Lawson now relies on the advice of its counsel as a defense, it is indisputable that it must have timely provided discovery of that advice and waived privilege with respect to the entire subject matter of these opinions.  *See In re Echostar Commc'ns Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006); *U.S. v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991), *cert. denied* 502 U.S. 813 (1991) ("[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."); *accord U.S. v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) ("selective disclosure for tactical purposes waives the privilege."); *accord Echostar*, 448 F.3d at 1301; *U.S. v. Duke Energy Corp.*, 208 F.R.D. 553, 558 (M.D.N.C. 2002) ("A party may not use a privilege (or work product) as a shield during discovery and then hammer it into a sword for use at the trial.").

*e*Plus ***does not*** now seek the discovery owed to it ***during the fact discovery period***, but rather simply asks that the Court preclude Lawson from adducing any evidence about or relying in any fashion on any opinions of counsel (either through reference to the undisclosed opinion it

6

allegedly received from opinion counsel, or through the opinions of technical expert/lawyer Dr. Shamos) at trial under Fed. R. Evid. 403, because Lawson did not timely disclose such information and waive the privilege, even disclose that it would rely on such advice until after the fact discovery period. *See Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1309 (Fed. Cir. 2001).  Although a patentee is no longer entitled to a negative inference from an infringer's decision not to rely on advice of counsel and disclose its opinions, *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344-45 (Fed. Cir. 2004), Lawson is not entitled to assert advice of counsel when it did not timely disclose it and waive the privilege.  Moreover, an accused infringer is not permitted to "establish a [positive] inference that it acted in a legally reasonable manner with respect to" the patents-in-suit when it has stood on the privilege and withheld its opinion.  *Advanced Cardiovascular*, 265 F.3d at 1309. Further, the Federal Circuit has explained that post-litigation opinions of counsel are of "marginal value" and are "likely of little significance." *In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007).  Thus, any opinion of counsel from Dr. Shamos that Lawson allegedly relied upon to proceed with its conduct in the face of the risk of an infringement finding is of no relevance, particularly because, as Dr. Shamos acknowledges, it is highly unlikely Lawson could have relied upon his opinions to form a basis for any belief it did not infringe since his opinions were rendered ***only two weeks ago***.

Lawson represented in its Second Supplemental Response to Interrogatory No. 12 that it had received a first opinion of independent opinion counsel, but that it was standing on the privilege and would not disclose it.  Dr. Shamos's second opinion of counsel was only disclosed in his report concerning non-infringement, after the fact discovery period had closed.  Lawson now affirmatively relies on both of these opinions.  The prejudice to *e*Plus would be extreme, as

*e*Plus has not been afforded the opportunity, during fact discovery, to investigate the bases and assumptions underlying such opinions, the facts attendant to their preparation, and the reasonableness of Lawson's reliance thereon.  If Lawson is permitted to tell the jury that it had received opinions of counsel to establish the objectively reasonable basis for continuing its allegedly infringing activities, *e*Plus has no way of probing the credibility of the undisclosed opinion, other than the fact that it apparently was provided after this litigation commenced.  *See Seagate*, 497 F.3d at 1374.  Simply stated, Lawson seeks to have the jury hear that it acted reasonably and obtained an opinion of counsel, without paying the evidentiary price of waiving the privilege and permitting ePlus timely discovery of the subject matter of those opinions.

Under principles of fairness, Lawson should not now be permitted to rely on these opinions of counsel.  *See Seagate*, 497 F.3d at 1372.  To hold otherwise would manifestly prejudice *e*Plus.  *Advanced Cardiovascular*, 265 F.3d at 1309; Fed. R. Evid. 403.

### B.      Lawson's Opinions of Counsel Are Irrelevant

Lawson's opinions of counsel are also wholly irrelevant to the issues of willful infringement and induced infringement.  For evidence to be admissible, it must be relevant.  Fed. R. Ev. 401.  To be relevant, the evidence must have a tendency to make the existence of any fact consequential to the action's determination more or less probable than it would be without the evidence.  Fed. R. Ev. 402.

There is no evidence that Lawson (the corporation) even received Dr. Shamos's opinions of counsel concerning non-infringement and invalidity that he now offers and which was specifically requested by Lawson's attorneys.  Confirming this, Dr. Shamos testified that he has ***not*** provided his opinions to Lawson.  Ex. D at 134:9-12 ("I'm not saying that I prepared a noninfringement opinion and gave it to Lawson, you know, at the time the lawsuit was filed.").  Dr. Shamos additionally concedes that his opinion of counsel has no bearing on Lawson's pre-

8

litigation conduct or almost all of its post-litigation conduct.  Ex. D at 134:21-135:1 ("***[Lawson] couldn't possibly have been affected by what's in [my report on non-infringement] except for the past 13 days***.") (emphasis added).  With respect to Lawson's *other*, first opinion, it has not even disclosed whether the opinion was related to either infringement, validity or other issues at all – only that it "sought the advice of counsel and acted responsibly."  *See* II.A, *supra*.  This is pure doublespeak which attempts to rely on the opinion while simultaneously claiming to not rely on the opinion for the purpose of waiving privilege.  As belatedly "disclosed" by Lawson, this opinion could be related to anything, and Mr. Lipscomb's understanding of this first opinion sheds no more light on the subject.  Thus, the simple fact that Lawson received an opinion of ***undisclosed*** subject matter, from ***undisclosed*** opinion counsel, of ***undisclosed*** length, and distributed to ***unidentified*** persons, lends no assistance to determining whether Lawson's infringement was willful or whether it induced the infringement of others, or both.  Lawson's reliance on these two opinions is misplaced because neither opinion is relevant to any issue in this litigation.

## IV.    CONCLUSION

For these reasons, *e*Plus requests that the Court preclude Lawson from presenting any evidence or argument at the trial of this case to show or in any way suggest, for any purpose, that Lawson received or in any way relied upon advice of counsel.  The two opinions that Lawson now relies upon were not timely disclosed, are irrelevant, and their reference at trial would work a manifest prejudice against *e*Plus.

Respectfully submitted,

June 18, 2010                                   _____/s/_____
                                                Henry I. Willett, III (VSB #44655)
                                                Craig T. Merritt (VSB #20281)
                                                Counsel for Plaintiff *e*Plus, Inc.
                                                **CHRISTIAN & BARTON, LLP**
                                                909 East Main Street, Suite 1200
                                                Richmond, Virginia 23219-3095
                                                Telephone: (804) 697-4100
                                                Facsimile: (804) 697-4112
                                                cmerritt@cblaw.com

                                                Scott L. Robertson *(admitted pro hac vice)*
                                                Jennifer A. Albert *(admitted pro hac vice)*
                                                David M. Young (VSB #35997)
                                                **GOODWIN PROCTER LLP**
                                                901 New York Avenue, N.W.
                                                Washington, DC 20001
                                                Telephone:  (202) 346-4000
                                                Facsimile:   (202) 346-4444
                                                srobertson@goodwinprocter.com
                                                jalbert@goodwinprocter.com
                                                dyoung@goodwinprocter.com

                                                Michael G. Strapp *(admitted pro hac vice)*
                                                James D. Clements  *(admitted pro hac vice)*
                                                **GOODWIN PROCTER LLP**
                                                Exchange Place
                                                53 State Street
                                                Boston, MA 02109-2881
                                                Telephone:  (617) 570-1000
                                                Facsimile:   (617) 523-1231
                                                mstrapp@goodwinprocter.com
                                                jclements@goodwinprocter.com

                                                *Attorneys for Plaintiff, ePlus Inc.*

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 18th day of June, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 3: TO EXCLUDE UNDISCLOSED AND UNTIMELY OPINIONS OF COUNSEL, INCLUDING ANY "OPINION" OF MICHAEL I. SHAMOS, PH.D., J.D. REGARDING DEFENDANT'S WILLFULNESS OR INTENT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
*Counsel for Defendant Lawson Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

_____ */s/* _____
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com