# EXHIBIT 7



Andrew N. Stein
212.459.7032
astein@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

May 23, 2010

<u>**VIA E-MAIL**</u>

Rachel C. Hughey, Esq.
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Re:   *e*Plus, Inc. v. Lawson Software, Inc., C.A. No. 09-cv-620 (REP)

Dear Rachel:

I write to respond to your letter of May 21 regarding the corrected spreadsheet produced by Lawson on May 18.

Your letter presumes that *e*Plus's expert, Dr. Alfred Weaver, accused specific SKUs of infringement, and tends to indicate that, on this basis, Lawson is now only required to provide financial information for those specific SKUs. This presumption is flawed. Nowhere in Dr. Weaver's report does he conduct a SKU-by-SKU analysis of Lawson's infringement. In fact, the abbreviation SKU appears nowhere in his report. Additionally, by way of example, Dr. Weaver's footnote no. 1 indicates that Lawson System Foundation and Process Flow 9 are required to operate the accused-infringing functionality, yet Lawson did not include those SKUs in the latest iteration of L0415816. It seems, then, that Lawson has arbitrarily, and without any legal basis, limited the SKUs for which it provided financial information.

Notwithstanding the fact that Dr. Weaver did not analyze Lawson's infringement on a SKU-by-SKU basis, there are other reasons that financial information for the full universe of SKUs that *e*Plus has requested, and that Lawson has previously provided, is relevant and should be produced. For example, Dr. Weaver indicates that LSF "is the technical foundation required to run Lawson S3 applications." Weaver Rpt. at fn. 1. The evidence marshaled by Dr. Weaver also indicates that LSF is licensed anytime the infringing functionality is licensed. Therefore, financial information for SKUs involved in Lawson's infringement, but not necessarily infringing on their own, are relevant to the analysis of *e*Plus's damages attributable to Lawson's infringement. Lawson may not arbitrarily refuse to produce financial information for SKUs *e*Plus has requested, and that are well within the scope of the discovery permissible under the Federal Rules.

Please provide the updated financial information for the entire universe of SKUs that Lawson has provided, and that *e*Plus has requested, in the past. (*See, e.g.,* SKUs listed in Dec. 11, 2009 Letter

LIBNY/4913029.1

# GOODWIN | PROCTER

Rachel C. Hughey, Esq.
May 23, 2010
Page 2


from Albert to Graham and SKUs included in L0345165).  Lawson's refusal to provide this updated information jeopardizes our completion of expert discovery in this case.

Please let us know how Lawson intends to proceed by Monday morning so we know whether to raise this issue with Judge Payne during the hearing on Monday afternoon.


Sincerely,

Andrew N. Stein

ANS:jm

cc:     Counsel of Record

LIBNY/4913029.1