IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-CV-620 (REP) |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**[PROPOSED] ORDER**

Upon Plaintiff *e*Plus, Inc.'s ("*e*Plus") Motion *in Limine* No. 5 to exclude legal opinions of Defendant Lawson Software, Inc.'s ("Lawson") expert witness Michael I. Shamos, Ph.D., J.D., upon due consideration by the Court, and for the reasons set forth in *e*Plus's memorandum in support of its motion, *e*Plus's motion is hereby GRANTED. Dr. Shamos is prohibited from stating legal opinions at the trial of this action.

Specifically, the Court ORDERS that the following opinions of Dr. Shamos constitute impermissible legal opinions, and/or opinions that will not assist the trier of fact pursuant to Fed. R. Evid. 702, and shall be EXCLUDED from the trial:

- Dr. Shamos' opinion that: "[E]ven if a vendor website may provide a catalog of items selected by the vendor, it is not provided by, maintained by, or controlled by Lawson. Such control is a requirement for infringement, as infringement cannot be proven if no single entity meets all the limitations of the claims. It is not enough for infringement to show that Lawson sells a system that includes some claimed elements, while an independent entity provides access to other claim elements. *Muniauction, Inc. v. Thomson Corp.,* 532 F.3d 1318, 1329 (Fed. Cir. 2008)." Shamos Non-infringement Report at ¶ 211.

- Dr. Shamos' opinion that: "ePlus is not entitled to double-dip and claim infringement as a result of customers accessing such authorized systems by punching out of Lawson's system." Shamos Non-infringement Report at ¶ 212.

- Dr. Shamos' opinion that: "Even offering a product for sale before the damages date is not actionable infringement." Shamos Non-infringement Report at ¶ 195.

- Dr. Shamos' opinion that: "I understand that the Federal Circuit has held that providing such instructions and assistance is not sufficient to prove direct infringement in the absence of control of the party that provides the missing claim element. *Muniauction* [sic], *Inc. v. Thompson,* 532 F.3d 1318 (Fed. Cir. 2008). Lawson does not control what item data its customers choose to upload to Item Master and does not provide the actual data. Thus, Lawson's guidance to customers does not establish direct infringement." Shamos Non-infringement Report at ¶ 191.

- Dr. Shamos' case citation to *Gentry Gallery, Inc. v. Berkline Corp.,* 134 F.3d 1473 (Fed. Cir. 1998), or any legal opinion as the import of that case to the written description requirement under 35 U.S.C. § 112, first paragraph. Shamos Invalidity Report at ¶ 46.

- Dr. Shamos' opinion that certain claim elements lack an antecedent basis. *See* Shamos Invalidity Report at ¶¶ 92-93 ("The term 'the respective sources' has no antecedent in the claim.").

- Dr. Shamos' opinions that Lawson lacked the requisite intent to induce infringement and/or to willfully infringe the patents-in-suit after this litigation was commenced. Shamos Non-infringement Report at ¶¶ 11; 12, 19, 263.

The Clerk is directed to send a copy of this Order to all parties of record.

It is SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Entered this _____ day of _____, 2010