IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF ePLUS, INC.'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 5:  TO EXCLUDE THE LEGAL OPINIONS OF DEFENDANT'S EXPERT WITNESS MICHAEL SHAMOS, J.D., PH.D., AND PRECLUDE DR. SHAMOS FROM INSTRUCTING THE COURT AND JURY ABOUT THE LAW**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

## I.  INTRODUCTION

Pursuant to Fed. R. Evid. 402, 403, and 702, Plaintiff *e*Plus, Inc. ("*e*Plus") respectfully requests that the Court exclude the legal opinions of Defendant Lawson Software, Inc.'s ("Lawson") "technical" expert witness, Michael I. Shamos, Ph.D., J.D., regarding invalidity and non-infringement.  Dr. Shamos is purportedly Lawson's "technical expert," but he also happens to be a lawyer, and at various times Dr. Shamos testifies as to legal opinions, rather than as to facts about the technical issues in this case.  It is for this Court, not an expert witness, to instruct the jury as to the applicable law.[1]  Moreover, Dr. Shamos' legal opinions will not "assist the trier of fact to understand the evidence or to determine a fact in issue" as required by Fed. R. Evid. 702.  *e*Plus therefore asks that the Court exclude Dr. Shamos' legal opinions from the trial of this case.

## II.  BACKGROUND

On May 5, 2010, Lawson served an expert report of invalidity from its expert witness Dr. Shamos.  *See generally* Ex. B.[2]  Lawson later served a rebuttal report of non-infringement from Dr. Shamos.  *See generally* Ex. F.  Although Dr. Shamos states various opinions of invalidity and non-infringement in his reports purportedly based on his technical knowledge, he goes beyond the permissible bounds of a technical expert and states legal opinions that are not appropriate for expert testimony.  Moreover, many of these opinions are incorrect, incomplete, or misleading statements of the law.

---

[1] As discussed *infra,* this is the same issue that was encountered when Lawson served a declaration of Dr. Shamos in connection with the *Markman* proceedings, at which time Dr. Shamos purported to instruct this Court with respect to its obligations to construe claims.

[2] The notation "Ex. [letter]" references an exhibit located within the Appendix of Exhibits that *e*Plus has filed contemporaneously with its motions *in limine.*

For example, Dr. Shamos opines as to the law of joint infringement and other issues as follows:

- "[E]ven if a vendor website may provide a catalog of items selected by the vendor, it is not provided by, maintained by, *or controlled by Lawson. Such control is a requirement for infringement, as infringement cannot be proven if no single entity meets all the limitations of the claims. It is not enough for infringement to show that Lawson sells a system that includes some claimed elements, while an independent entity provides access to other claim elements. Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1329 (Fed. Cir. 2008)*." Ex. F (Shamos Non-infringement Report) at ¶ 211 (case citation included in Dr. Shamos' report) (emphasis added).

- "ePlus is not entitled to double-dip and claim infringement as a result of customers accessing such authorized systems by punching out of Lawson's system." *Id.* (Shamos Non-infringement Report) at ¶ 212.

- "Even *offering a product for sale before the damages date is not actionable infringement*." *Id.* (Shamos Non-infringement Report) at ¶ 195 (emphasis added).

- "I understand that the Federal Circuit has held that *providing such instructions and assistance is not sufficient to prove direct infringement in the absence of control of the party that provides the missing claim element*. *Muniauction, Inc. v. Thompson,* 532 F.3d 1318 (Fed. Cir. 2008). Lawson does not control what item data its customers choose to upload to Item Master and does not provide the actual data. Thus, Lawson's guidance to customers does not establish direct infringement." *Id.* (Shamos Non-infringement Report) at ¶ 191 (emphasis added).

- Dr. Shamos provides a case citation to *Gentry Gallery, Inc. v. Berkline Corp.,* 134 F.3d 1473 (Fed. Cir. 1998), perhaps suggesting that he may state another legal opinion as the import of that case to the written description requirement under 35 U.S.C. § 112, first paragraph. Ex. B (Shamos Invalidity Report) at ¶ 46.

- At various times Dr. Shamos opines that certain claim elements lack an antecedent basis. *See, e.g., Id.* (Shamos Invalidity Report) at ¶¶ 92-93 ("The term 'the respective sources' has no antecedent in the claim.").

- Dr. Shamos opines that Lawson lacked the requisite intent to induce infringement (and, apparently, to willfully infringe), the patents-in-suit, because *he* rendered opinions of invalidity and non-infringement *one year* or more after this litigation was commenced. Ex. F (Shamos Non-infringement Report) at ¶ 11 ("Because of the strength of the non-infringement arguments contained herein, I also conclude that *Lawson had an objectively-reasonable basis to believe it does not infringe the claims … even after it became aware of the patents, and thus under an objective standard it did not proceed in the face of a high risk of infringement*"); ¶ 12 **(**"I gave the opinion that the Asserted Claims are invalid … [f]or this additional reason, I conclude that that [sic] Lawson had an objectively-

2

reasonable basis to believe it does not infringe … even after it became aware of the patents, and thus under an objective standard it did not proceed in the face of a high risk of infringement"); ¶ 19 ("The following discussion regarding Lawson's prior non-infringing software supports my opinions, discussed in detail herein, that Lawson does not directly infringe the Asserted Claims, ***does not possess the requisite intent for indirect infringement of the Asserted Claims,*** even after it became aware of the Patents, and has an objectively-reasonable basis to believe it does not infringe the claims of the Patents.") (emphasis added); ¶ 263 ("Continuing after May 2009, Lawson had an objective good faith basis to believe its Accused Software does not infringe … and thus did not know (and should not have known) that its actions would induce infringement ….").[3]

*e*Plus is further concerned that Dr. Shamos may attempt to state additional opinions at the trial of this case, as he did in connection with the *Markman* proceedings. During those proceedings, Dr. Shamos provided a declaration to the Court in support of Lawson's claim construction arguments. Although he stated at that time that he was not asked to offer any opinions on patent law, Ex. W (Shamos Dec.), ¶ 4, in fact Dr. Shamos stated legal opinions on numerous occasions throughout his declaration. For example, Dr. Shamos opined about this Court's purported duty to construe claims, stating, "***the jury needs to be instructed by the Court what that meaning is. It should not be left to trial for the parties to argue different meanings to the jury … [i]f ePlus believes that a term has a plain and ordinary meaning, it should state what the meaning is so Lawson can decide whether to agree to it and so the Court can decide whether to adopt it***." *Id.*, ¶ 82 (emphasis added). Similarly, at various points in his declaration he further lectured the Court, "***There is no reason to allow the jury to conduct a debate or worse, to allow counsel to argue different meaning to the jury at trial when the matter can be put to rest through claim construction***." *Id.,* ¶ 88 (emphasis added). He further opined about

---

[3] These opinions are also the subject of a separate *e*Plus motion *in limine*. Through these opinions, Lawson evidently attempts to present a "stealth opinion of counsel" to the jury, even though Lawson asserted attorney-client privilege and did not disclose any opinion of counsel in response to *e*Plus's discovery requests. It is well settled that an accused infringer that asserts advice of counsel thereby waives privilege.

3

whether the use of the word "typical" is "useful in a Markman construction." *Id.*, ¶ 83; *see also id.* at ¶ 60 ("Such a construction [as proposed by Defendant] violates no principle of patent law."); ¶ 61 ("The Court evidently thought the better in its later constructions in *ePlus v. SAP*").[4] Such opinions strongly suggest that Dr. Shamos misapprehends his limited role in this case, and that he may attempt to instruct the jury about the law at trial.

### III. ARGUMENT

#### A. It Is For This Court, Not Lawson's Expert Witness, To Opine With Respect To The Law Governing This Case

Legal opinions such as those set forth by Dr. Shamos are not proper subjects for expert testimony, and should be excluded from trial. Indeed, for *e*Plus to even subject such legal opinions to cross-examination would inevitably result in a legal debate before the jury on issues which are for the Court to decide, not the jury.

The federal courts have repeatedly held that such "expert" legal testimony is irrelevant and should be excluded. *See, e.g., EZ Dock, Inc. v. Schafer Sys., Inc.,* 2003 WL 1610781, **9-10 (D. Minn. Mar. 8, 2003) (Merchant & Gould's patent lawyer expert excluded from testifying as expert on claim construction or invalidity; "[t]he Court rejects Defendants' argument that [patent lawyer's] 'specialized knowledge' as a patent attorney will help the jury understand the various statutory requirements for obtaining a valid and enforceable patent"); *see also Proctor & Gamble Co. v. Teva Pharms. USA,* 2006 WL 2241018, *1 (D. Del. Aug. 4, 2006) ("The Rules of Evidence do not permit expert testimony as to legal conclusions."); *Smith & Nephew, Inc. v. Biomet, Inc.,* 2005 WL 3132313, *2 (D. Or. Nov. 21, 2005) (striking portions of affidavit

---

[4] In addition, Dr. Shamos stated various legal opinions in the course of his deposition, *viz.,* his disagreement with this Court's claim construction, and his opinions about the Supreme Court's holding in *KSR* relating to obviousness.

submitted by patent attorney expert that provided testimony on the law; and stating "Experts 'do not testify about the law'"), *appeal dismissed*, 216 Fed. Appx. 971 (Fed. Cir. 2007).

The Fourth Circuit likewise holds that expert witnesses are generally precluded from opining on the law governing the case. *Adalman v. Baker, Watts & Co.,* 807 F.2d 359, 366 (4th Cir. 1986) (affirming exclusion of expert witness testimony that included legal conclusions), *disapproved on other grounds in Pinter v. Dahl,* 486 U.S. 622 (1988). It is this Court's province to instruct "the jury [on] the meaning and applicability of the appropriate law, leaving to the jury the task of determining the facts which may or may not bring the challenged conduct within the scope of the court's instruction as to the law." *Id.; see also* 29 Charles A. Wright and Victor James Gold, FEDERAL PRACTICE AND PROCEDURE § 6264 (1st ed. 2010) ("[C]ourts often exclude expert opinions that involve legal conclusions if those opinions tell the jury nothing about the facts."); *see, e.g., Piankatank River Golf Club, Inc., Selective Way Ins. Co.,* 2009 W.L. 1321512, *4 (E.D. Va. May 11, 2009) (excluding testimony of expert witness that purported to interpret challenged provisions of insurance policy). Accordingly, "testimony that is designed to instruct the jury on the applicable law is not admissible because, by purporting to do what lies with the exclusive province of the court, it cannot be helpful to the jury." *Bausch & Lomb, Inc. v. Alcon Labs., Inc.,* 79 F. Supp.2d 252, 255 (W.D.N.Y. 2000).

The danger of permitting Dr. Shamos to exceed the permissible bounds of expert testimony are particularly acute because of his status as an "attorney/technical expert." As the Federal Circuit has stated, the concern that expert evidence can be "both powerful and quite misleading" is "further compounded where the purported witness is an attorney. It is already difficult enough for courts to separate intricate questions of fact in patent cases from equally intricate questions of law." *Sundance, Inc. v. Demonte Fabricating Ltd.,* 550 F.3d 1356, 1365,

5

n.8 (Fed. Cir. 2008). While ostensibly offered as a "technical expert" on infringement and validity issues, Dr. Shamos is also an attorney and, evidently, quite prone to stating his view of the law. For this very reason, another federal district court recently excluded Dr. Shamos' opinions in a copyright infringement litigation, holding that his opinions were improper legal conclusions. *FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*, ___ F. Supp.2d ___, 2010 WL 528467, **4-7 (W.D. Pa. Feb. 11, 2010).

> The *FedEx* Court observed that:
>
> Here, Dr. Shamos' expert report does nothing more than recite general legal principles and apply them to AIC's version of the facts in the case. A significant portion of Dr. Shamos' report references case law and federal statutes, and an entire section of the report sets forth exactly what its heading indicates, "Legal Principles." Throughout his report, Dr. Shamos repeatedly opines as to what is "required under the law" and whether the parties "complied with the Act" or other statutory requirements.

*Id.* at *5.

Dr. Shamos' legal opinions are irrelevant and inadmissible, and should be excluded from trial. Further, such opinions would confuse the jury, as on many occasions Dr. Shamos' opinions are either incorrect, incomplete, or misleading statements of the law.

### B.     Dr. Shamos Should Not Be Permitted To State Incorrect Legal Opinions As To The Law Of Joint Infringement

Dr. Shamos opines that the law of joint infringement requires that Lawson must "control" another entity for purposes of infringement, where it does not itself perform all elements of a claim, and that "it is not enough" for joint infringement where "an independent entity provides access to other claim elements," citing *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008). He further opines that "providing such instructions and assistance is not sufficient to prove direct infringement in the absence of control of the party that provides the missing claim element," again citing *Muniauction*. Further, he opines that "Lawson does not

6

control what item data its customers choose to upload to Item Master and does not provide the actual data. Thus, Lawson's guidance to customers does not establish direct infringement." Ex. F, (Shamos Non-infringement Report) at ¶ 191.

First, it is an impermissible legal opinion for Dr. Shamos to opine about what *Muniauction* or other Federal Circuit law requires by way of proof of joint infringement, or how much "control" is necessary. Second, Dr. Shamos has no specialized knowledge or experience to assist the trier of fact in determining whether Lawson "controls" third parties that are engaged in acts of joint infringement with Lawson. Fed. R. Evid. 702.

Third, Dr. Shamos' legal opinion here misstates the law and therefore would confuse the jury. The law does not provide that merely because a third party may be an "independent" entity (e.g., not a subsidiary or other corporate affiliate), it follows that Lawson does not "control" that entity for purposes of the joint infringement doctrine. Moreover, Dr. Shamos' opinion is misleading and incomplete with respect to how the "control" element may be established, particularly in light of his "independent entity" comment.

Indeed, *Muniauction* itself and subsequent federal court decisions have clearly demonstrated that a corporate affiliation is *not* required in order to establish the type of control necessary for joint infringement. *Muniauction,* 532 F.3d at 1329-30 ("this court in *BMC Resources* explicitly affirmed a reading of *On Demand* as 'not in any way rely[ing] on the relationship between the parties.'"). To the contrary, courts have tended to examine the accused infringer's ability to control the third party's access to the accused technology and the accused infringer's ability to alter the accused technology in a manner that would avoid infringement. *See, e.g., Arista Records LLC v. Lime Grp. LLC,* ___ F. Supp.2d ___, 2010 W.L. 1914816, *24 (S.D.N.Y. May 11, 2010) (test for vicarious liability for infringement met where infringement

7

was committed by *unrelated* third parties; "control" element was found based on accused infringer's "*right and ability to limit the use of its product for infringing purposes*, including by (1) implementing filtering; (2) denying access; and (3) supervising and regulating users") (emphasis added); *Muniauction,* 532 F.3d at 1330 ("the control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method").

Accordingly, the Court should exclude these incorrect and incomplete legal opinions of Dr. Shamos.

      **C.    Dr. Shamos Should Not Be Permitted To State Incorrect And Unsupported Legal Opinions About Alleged "Double-Dipping"**

Dr. Shamos opines that "ePlus is not entitled to double-dip and claim infringement as a result of customers accessing such authorized systems by punching out of Lawson's system." Ex. F (Shamos Non-infringement Report) at ¶ 212. Here again, this legal opinion is not a matter for which Dr. Shamos, a purported "technical" expert, has any specialized expertise or knowledge that would assist the trier of fact. This opinion pertains to Lawson's argument that certain acts of infringement are covered by an *e*Plus license agreement with a third party. Whether that license extends to the accused acts of infringement, and how the law impacts on the application of that license, are not matters for Dr. Shamos' expert opinions. *Cf. Piankatank River Golf Club,* 2009 W.L. 1321512, at *4 (excluding testimony of expert witness that purported to interpret challenged provisions of insurance policy).[5]

---

[5] Moreover, Dr. Shamos' opinion is tantamount to an expression of his view as to what evidence the Court may consider with respect to infringement, *i.e.,* may a Court consider evidence of the functionality of Lawson's accused products where some of the evidence might be drawn from allegedly licensed sales of the very same products? Dr. Shamos' view of the rules of evidence is not a proper subject of expert opinion.

8

### D. Dr. Shamos Should Not Be Permitted To State Incorrect Legal Opinions About What Constitutes "Actionable Infringement"

Dr. Shamos opines that "[e]ven offering a product for sale before the damages date is not actionable infringement." *Id.* (Shamos Non-infringement Report) at ¶ 195. Clearly, this is a pure legal opinion; moreover, it is an incorrect legal opinion. Sections 286 and 287 of the patent statute operate as limitations on the period of time for which a patentee may recover damages; they are not grants of legal immunity for infringers. *See* 35 U.S.C. § 286 ("***no recovery shall be had*** for any infringement committed more than six years prior to the filing") (emphasis added); 35 U.S.C. § 287 ("In the event of failure so to mark, ***no damages shall be recovered*** by the patentee … except on proof that the infringer was notified"). That Lawson's infringement may have predated the period for which *e*Plus can recover damages does not preclude *e*Plus from obtaining a verdict of infringement and requesting a permanent injunction against Lawson's continued infringement. *Cf. A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,* 960 F.2d 1020, 1030 (Fed. Cir. 1992) ("section 286 is not a statute of limitations in the sense of barring a suit for infringement."). Neither is it a rule of evidence that precludes *e*Plus from relying on evidence of Lawson's infringement that predates the damages period. *e*Plus is not aware of any authority supporting Dr. Shamos' bald (and unsupported) legal opinion and, in any event, it would be a matter for this Court to decide and instruct the jury.

### E. Dr. Shamos Should Not Be Permitted To Instruct The Jury As To The Written Description Requirement

Dr. Shamos opines that certain claims lack an adequate written description. In the course of this opinion, he provides a case citation to *Gentry Gallery, Inc. v. Berkline Corp.,* 134 F.3d 1473 (Fed. Cir. 1998), which suggests that he may state another legal opinion as to the import of that case to the written description requirement under 35 U.S.C. § 112, first paragraph, similar to his citation to *Muniauction*, discussed *supra*. Ex. B (Shamos Invalidity Report) at ¶ 46. Any

9

discussion of *Gentry Gallery*, and what that case requires by way of an adequate written description, is not a matter for expert opinion.[6] *Smith & Nephew,* 2005 W.L. 3132313, at *2 ("[the expert's] declaration contains quotations from case law, the Code of Federal Regulations, and the Manual of Patent Examination Procedure ('MPEP'). I find that those portions of his declaration that merely recite the law should be stricken from the declaration as inappropriate expert testimony."). The expert witnesses should not be permitted to debate the law in front of the jury. Accordingly, *e*Plus requests that the Court exclude Dr. Shamos' citation to *Gentry Gallery* and any further exposition from him as to his legal analysis of that case.

### F. This Court Has Already Issued Its *Markman* Ruling And Dr. Shamos Should Not Be Permitted To Opine Whether Claim Elements Have An "Antecedent Basis"

On at least two occasions, Dr. Shamos opines that certain claim elements lack an antecedent basis. *See, e.g.,* Ex. B (Shamos Invalidity Report) at ¶¶ 92-93 ("The term 'the respective sources' has no antecedent in the claim."). Although Dr. Shamos may have intended this as a shorthand for explaining his opinion with respect to invalidity under Section 112, arguing about whether claim terms have an "antecedent basis" is patent lawyer-speak that is generally brought up in the context of *Markman* claim construction issues. This Court, however, has already rendered its *Markman* ruling, and determined that the asserted claims were sufficiently definite for construction. The jury could easily be confused by Dr. Shamos' "no antecedent basis" statements and left to wonder as to whether Dr. Shamos' opinions should influence their views on the correctness of the Court's claim construction. Those issues have already been decided, however, and the jury should not be misled into believing that is an issue for their reconsideration.

---

[6] As will be set forth in *e*Plus's opposition to Lawson's summary judgment motion, Lawson's argument of invalidity under a *Gentry Gallery* theory is wholly without merit.

10

      G.      **Dr. Shamos Should Not Be Permitted To Opine As To Whether Lawson Possessed An "Objective Good Faith Basis" For Purposes Of Willful Or Indirect Infringement**

Finally, Dr. Shamos opines that Lawson possessed an "objective good faith basis" with respect to induced infringement (and, apparently, willful infringement), of the patents-in-suit, because *he* rendered opinions of invalidity and non-infringement *one year* or more after this litigation was commenced. Ex. F (Shamos Non-infringement Report) at ¶¶ 11, 12, 19, 263.[7] Dr. Shamos, however, does not possess any specialized knowledge or experience to testify as to Lawson's intent or "objective good faith basis." Moreover, any statement as to what the law requires for inducement of infringement and/or willful infringement is a matter of law, about which the Court will instruct the jury. Finally, it is specious for Dr. Shamos to contend that, because *he* rendered opinions in May and June of 2010, *a year after the case was commenced*, it follows that Lawson therefore lacked the intent to induce infringement and/or willfully infringe, or that it had an "objective good faith basis" to do so "continuing after May 2009." *Id.* (Shamos Non-infringement Report) at ¶ 263. Dr. Shamos' opinion as to the value and import of his own opinions is, again, not something that assists the trier of fact within the meaning of Fed. R. Evid. 702.

## IV.    CONCLUSION

*e*Plus therefore respectfully requests that the Court rule that the above-cited portions of the Shamos Report be deemed stricken, and that Lawson be precluded from eliciting those legal opinions of Dr. Shamos at the trial of this case.

---

[7] As noted *supra,* these opinions are also the subject of a separate *e*Plus motion *in limine,* on the ground that they constitute a belated attempt to assert an "opinion of counsel" defense, which would require that Lawson waive the attorney-client privilege.

                                                Respectfully submitted,

June 18, 2010                            /s/
                                          Henry I. Willett, III (VSB #44655)
                                          Craig T. Merritt (VSB #20281)
                                          Counsel for Plaintiff *e*Plus, Inc.
                                          **CHRISTIAN & BARTON, LLP**
                                          909 East Main Street, Suite 1200
                                          Richmond, Virginia 23219-3095
                                          Telephone: (804) 697-4100
                                          Facsimile: (804) 697-4112
                                          cmerritt@cblaw.com

                                          Scott L. Robertson *(admitted pro hac vice)*
                                          Jennifer A. Albert *(admitted pro hac vice)*
                                          David M. Young (VSB #35997)
                                          **GOODWIN PROCTER LLP**
                                          901 New York Avenue, N.W.
                                          Washington, DC 20001
                                          Telephone:  (202) 346-4000
                                          Facsimile:   (202) 346-4444
                                          srobertson@goodwinprocter.com
                                          jalbert@goodwinprocter.com
                                          dyoung@goodwinprocter.com

                                          Michael G. Strapp (*admitted pro hac vice*)
                                          James D. Clements  (*admitted pro hac vice*)
                                          **GOODWIN PROCTER LLP**
                                          Exchange Place
                                          53 State Street
                                          Boston, MA 02109-2881
                                          Telephone:  (617) 570-1000
                                          Facsimile:   (617) 523-1231
                                          mstrapp@goodwinprocter.com
                                          jclements@goodwinprocter.com

                                          Attorneys for Plaintiff, *e*Plus inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2010, I will electronically file the foregoing

**PLAINTIFF ePLUS, INC.'S BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 5: TO EXCLUDE THE LEGAL OPINIONS OF DEFENDANT'S EXPERT WITNESS MICHAEL SHAMOS, J.D., PH.D., AND PRECLUDE DR. SHAMOS FROM INSTRUCTING THE COURT AND JURY ABOUT THE LAW**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
*Counsel for Defendant Lawson Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

                /s/
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com