IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09CV620 (REP) |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 4 TO PRECLUDE HARRY F. MANBECK, JR. FROM TESTIFYING AT TRIAL**

Defendant Lawson Software, Inc. ("Lawson") brings this motion to preclude Plaintiff ePlus Inc.'s ("ePlus") expert witness, Harry F. Manbeck, Jr., from testifying at trial pursuant to Federal Rule of Evidence 702 and the Supreme Court's holding in *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993). Manbeck's opinion, as evidenced by the report he drafted in support of ePlus's claim of willful patent infringement in this case, will not assist the trier of fact. Further, Manbeck's opinion is essentially based on his view of what Lawson *should have* known about ePlus's patents. His opinion thus does not conform to the facts about Lawson's actual knowledge and is outside his area of expertise: Patent Law. Thus any testimony Manbeck could give at trial would not facilitate a better understanding of the issues by the jury. Testimony from a purported expert, on the other hand, would unfairly prejudice Lawson, as the jury may infer Lawson knew about the patents when the evidence shows that Lawson had no knowledge until it was sued. Moreover, Manbeck's opinion about patent prosecution essentially usurps the Court's role in instructing the jury on the law, and this background information should be presented other

ways. Accordingly, the Court should preclude Manbeck from testifying at trial about Lawson's knowledge or intent and about patent prosecution.

I.   **BACKGROUND**

ePlus filed a patent infringement action on May 19, 2009, against Lawson and others alleging infringement of U.S. Patent Nos. 6,023,683 ("the '683 patent"), 6,055,516 ("the '516 patent"), and 6,505,172 ("the '172 patent") (collectively "the patents-in-suit"). ePlus alleges that certain procurement systems licensed by Lawson infringe each of the patents-in-suit.

On May 3, 2010, ePlus submitted the expert report of Manbeck pursuant to Rule 26(a)(2) titled "Expert Report of Harry F. Manbeck, Jr." . (Ex. 1 at 1.) Manbeck opines on (1) the prosecution history of the patents-in-suit and (2) Lawson's alleged willful infringement of the patents-in-suit. Manbeck bases his willfulness analysis, not on any evidence of Lawson's actual knowledge of the ePlus patents or litigation, but rather on ePlus's patent marking, four specific articles, a website called "Cygnus Supply and Demand Chain Executive," and a research report discussing ePlus's litigation and settlements with third parties, which he relies upon to opine that ePlus's prior litigation was the subject of "extensive" publicity and gave "considerable information" to "companies in the supply chain management industry."[1]  (*Id.* at ¶¶ 67-78.) Thus Manbeck, who is not an expert on the industry in which Lawson does business, bases his opinion on conclusions of what one engaged in that industry should have known regarding the subjects of these articles, not on what Lawson knew in fact.

The Manbeck report also includes extensive discussion on the practice of prosecuting patent applications before the United States Patent and Trademark Office ("PTO"). To the extent that ePlus seeks to have Manbeck testify on this issue, such testimony invades the

---

[1] The publications Manbeck relies upon to demonstrate this "extensive" publicity are subject to the separate Lawson Motion *In Limine* No. 6.

2

province of the Court by improperly instructing the jury on patent law. The Court is adequately versed in patent law to instruct the jury on the relevant issues and Manbeck's testimony is not necessary to present this information.

For the reasons explained below, Manbeck's opinion on willfulness should be excluded as a matter of law. Further, as Manbeck's opinion reaches significantly outside his area of expertise, and because he does not have first-hand knowledge of the factual issues he discusses in his report, Manbeck should be precluded from testifying as a fact witness at trial. Manbeck should also be precluded from testifying about patent prosecution.

## II.   LEGAL ARGUMENT

### A.   Manbeck's Expert Opinion On The Issue Of Willfulness Is Inadmissible As A Matter Of Law.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Expert testimony should not be admitted if it will not "assist the trier of fact." Fed. R. Evid. 702. It is thus the role of the court to act as a gatekeeper preventing expert testimony that is misleading, confusing, or unhelpful from getting before the jury. *Daubert*, 509 U.S. at 592-93.

Whether patent infringement is willful is not "scientific, technical, or other specialized knowledge" that permits expert testimony. Courts have thus expressly held that, under Rule 702, "willful infringement is *not* an issue on which . . . expert testimony will assist the trier of fact to

3

understand the evidence or determine the issue." *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 143 (N.D. Iowa 2003) (emphasis in original); *see also X-Tra Light Mfg. Inc. v. Acuity Brands, Inc.*, No. H-04-1413, 2007 U.S. Dist. LEXIS 99281, at *4 (S.D. Tex. Feb. 13, 2003) ("This Court is of the opinion that a jury is capable of understanding and evaluating the evidence relating to willfulness without the assistance of an expert.") "Rather 'willful infringement' is a matter for jury determination, in light of facts well within their understanding and appropriate instructions from the court." *Pioneer*, 219 F.R.D. at 143. Thus "[a]llowing [expert] testimony on this issue would amount to permitting attorney argument about the appropriate interpretation of the facts—an improper purpose of expert testimony." *X-Tra Light*, 2007 U.S. Dist. LEXIS 99281, at *5.

Manbeck's opinion on whether Lawson's alleged infringement of the patents-in-suit was willful will not assist the trier of fact in such a way that expert testimony on the issue should be permitted. The jury will receive all admissible, factual evidence on the issue and, with the Court's instructions, will be fully able to determine the willfulness issue without expert testimony. That is particularly true here, where Manbeck's testimony will unfairly prejudice Lawson by having a purported expert imply, without any evidentiary support, that Lawson read any of the sparse public materials about ePlus's patents or lawsuits. He also improperly relies on patent marking, despite no evidence that Lawson ever saw an ePlus product, let alone the patent markings on such a product. The report ignores the fact that marking only provides constructive, not actual notice. For these reasons, the Court should preclude Manbeck from testifying at trial under Fed.R.Ev. 402, 403, and 702.

4

### B. The Court Should Preclude Manbeck From Giving Opinions On Matters Outside His Area Of Expertise.

It is well established that a testifying expert must be qualified by knowledge, skill, experience, training or education. *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993). For this reason, this District has limited the testimony of expert witnesses to the areas in which these witnesses have expertise. *See, e.g., Sharer v. Tandberg, Inc.*, No. 1:06cv626, 2007 U.S. Dist. LEXIS 22391, at *12 (E.D. Va. Mar. 27, 2007) (excluding testimony of economics expert on the plaintiff's memory).

Manbeck is not, and does not claim to be, an expert on the supply-chain management industry, whether Lawson is a part of that industry, or what that industry would read or know. Manbeck does not have, and does not claim to have, any technical, scientific, or other specialized knowledge about the workings of the supply-chain management industry, or Lawson's industry. Manbeck thus has no personal knowledge or expertise regarding what information Lawson should know.

Despite this, Manbeck opines in his report that Lawson should be charged with knowledge of ePlus's patent-enforcement efforts, litigation, and settlement agreements based solely on the fact that certain parts of certain editions of certain publications included information about these things. (Ex. 1 at ¶ 77.) What a competitor in Lawson's industry should or should not have been aware of is completely outside Manbeck's expertise and he should not be permitted to testify based on such conclusions.

Moreover, Manbeck's testimony at deposition further undermines his assertion that Lawson should have known about the patents-in-suit based on the publications he relies upon. For instance, Manbeck testified that a publication that did not identify specific patents by patent number or description would not be sufficient to notify potential infringers. (Ex. 2 at 74:19-

5

75:3.) Manbeck agreed that at least three of the seven publications he relies on, however, do not include such information. (*Id.* at 85:12-86:20, 88:5-12, and 93:17-25.) Manbeck also testified that, aside from the existence of the publications he relied on, he knows very little about the publications. Manbeck testified that he does not know the prominence of the publications (*See, e.g.*, Ex. 2 at 98:6-18), whether the particular articles he relies on were prominent in their respective issues (*Id.* at 88:14-24), and whether anyone at Lawson ever saw the publications. (*Id.* at 85:3-9). Moreover, by separate motion, Lawson seeks to exclude the evidence on which Manbeck relies. As his conclusions on this topic based on these materials form the basis of his willfulness opinion, Manbeck's proffered testimony should be excluded in total.

### C. The Court Also Should Preclude Manbeck From Testifying On The Patent Process.

Rule 702 requires that testimony by an expert witness "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Irrelevant or duplicative evidence does not assist the trier of fact.

A substantial portion of Manbeck's report embodies a recitation of "General Considerations Pertaining to Patents and Patent Office Procedures." (Ex. 1 at ¶¶ 6-27.) Should Manbeck be called to testify on these matters, such testimony will be irrelevant, duplicative, and unnecessary.

The Court is enabled, through jury instructions and a video from the American Intellectual Property Law Association (AIPLA) on the patent process, to adequately describe the patent process to the jurors in a way that will facilitate their understanding. Presenting further testimony on these procedures generally, coming from a witness without personal knowledge of the facts of this case and not put in context of the specific prosecution history of the patents-in-suit, is unnecessary and will function only to confuse the jury. For this reason, the Court should

6

preclude Manbeck from testifying generally on patents and procedures before the Patent and Trademark Office.

### III. CONCLUSION

Manbeck's opinion on the issue of willful patent infringement is inadmissible as a matter of law and the Court should preclude Manbeck from testifying regarding willfulness at trial. Further, any related testimony regarding what one in the supply chain management industry should have known is outside Manbeck's area of expertise and should also be excluded for that additional reason. The articles on which he relies fail to provide a sufficient basis for an opinion. Finally, Manbeck's proposed testimony on the patent process in general is legal more than factual and will not assist the trier of fact. For this reason, the Court should preclude Manbeck from testifying at trial on his opinion as it relates to willful patent infringement and the patent process under Federal Rule of Evidence 702 and *Daubert*.

LAWSON SOFTWARE, INC.

By  /s/
    Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

7

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of June, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

 

/s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*