IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:09CV620 (REP) |
| LAWSON SOFTWARE, INC., | ) ) ) ) |
| Defendant. | ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 5 TO LIMIT ePLUS TO ONE EXPERT WITNESS FOR INFRINGEMENT AND ONE EXPERT FOR INVALIDITY**

Section IV(4) of the Court's Scheduling Order plainly states:

```
    4. Only one expert per discipline is permitted, except by
order of the Court.
```

(Doc. 186 at 4.) Nevertheless, ePlus, without permission from the Court, has designated and submitted expert reports from multiple witnesses in the infringement and validity disciplines, violating this requirement. All three of Alfred Weaver, Brooks Hilliard, and Harry Manbeck submitted expert reports for ePlus opine on validity. Both Weaver and Patrick Niemeyer submitted expert reports for ePlus in support of infringement. This directly contradicts the Court's Scheduling Order. ePlus should be required to pick one expert in each discipline, and the other experts should be stricken

All three of Weaver, Hilliard, and Manbeck submitted expert reports regarding validity in response to the report of Lawson's expert Michael Shamos regarding invalidity. The subject of the Weaver and Hilliard reports is clear from their titles.

**EXPERT REPORT OF ALFRED C. WEAVER, PH.D.
RELATING TO PATENT VALIDITY**

(Ex. 1, Weaver Validity Rep. at Cover.)

## EXPERT REPORT OF BROOKS L. HILLIARD
## RELATING TO PATENT VALIDITY

(Ex. 2, Hilliard Rep. at Cover.) Though not in the title, the subject of the Manbeck Rebuttal report is acutely apparent.

2.   I have been asked by counsel for ePlus, Inc. ("ePlus") to review the May 3, 2010 report of Michael I. Shamos, Ph.D., J.D. ("Dr. Shamos"), and to provide this report in rebuttal of certain contentions advanced in Dr. Shamos's report.

3.   In his report, Dr. Shamos refers extensively to the reexamination proceedings that have been initiated, and are currently in progress, for U.S. Pat. Nos. 6,505,172 ("the '172 Patent"); 6,055,516 ("the '516 Patent"); and 6,023,673 ("the '673 Patent") (collectively, "the Patents-in-Suit"). Indeed, Dr. Shamos appears to try to bolster the strength and the propriety of his invalidity arguments by referring to the reexamination proceedings.

(Ex. 3, Manbeck Rebuttal Rep. ¶¶ 2-3.)[1]

However, the Court made clear that if ePlus intended to use more than one expert for the same discipline—invalidity—it should have sought permission from the Court. It did not. Rather, ePlus usurped the Court's power and unilaterally determined that it was entitled to divide its expert validity opinions among three experts. ePlus has presented no reason why one expert would have been inadequate. Had ePlus believed there was a good reason, it should have sought Court approval. It did not.

---

[1] Furthermore, Manbeck's Rebuttal Report is no more than instruction on the law, which is the purview of the Court, and instruction of Patent Office procedure, which does not require "expert" explanation. Accordingly, the reasons for excluding his Expert Report on Willful Infringement (*see* Lawson Motion In Limine No. 4) apply equally to his Rebuttal Expert Report on validity. His Rebuttal Report should be excluded and he should be prevented from testifying on validity.

2

Both Weaver and Niemeyer submitted expert reports regarding infringement. The Weaver report is clearly directed to infringement.

## INITIAL INFRINGEMENT
## EXPERT REPORT OF ALFRED C. WEAVER, PH.D.

(Ex. 4, Weaver Infringement Rep. at Cover.) The Niemeyer report title does not disclose the subject matter, stating simply "RULE 26(a)(2)(B) REPORT OF PATRICK NIEMEYER." (Ex. 5, Niemeyer Rep. at Cover.) However, it relates only to infringement. Weaver in his report explicitly and repeatedly relies on the Niemeyer report to support his infringement opinions.

> 169. Because only certain fields of the item data in the Item Master are enabled for keyword searching and indexed in the search index, a search of the search index does not amount to a search of the entire Item Master database. Rather, it is a search of selected portions of the database. *See also* Rule 26(a)(2)(B) Report of Patrick Niemeyer ("Niemeyer Report") at Section entitled "Keyword Search."

(Ex. 4, Weaver Infringement Rep. at ¶¶ 169; *see also id* at ¶182 (citing Niemeyer report at section entitled "Catalog Search Functionality.").)

Furthermore, Weaver and Niemeyer opined on many of the same topics. The following chart describes on the left topics that Niemeyer covered in his report and describes on the rights where Weaver addressed the same topic in his report.

3

| Patrick Niemeyer Topics | Alfred Weaver Topics |
|---|---|
| The S3 Supply Chain Management Suite (p. 6) | Overview of Accused Systems, specifically Paragraphs 43-62 |
| General Software Architecture (p. 10.) | Overview of Accused Systems, specifically Paragraphs 43-62 |
| RSS Components (p. 11) | Overview of Accused Systems, specifically, Paragraphs 53-55 |
| Category Search Functionality (p. 12) | The Accused Lawson Systems Include Multiple Product Catalogs or Data Relating to Items Associated with Multiple Vendors, specifically Paragraphs 174-188 |
| Keyword Search (p. 17) | Lawson's Keyword Search Index, specifically Paragraphs 155-171 |
| Requisition Creation (p. 23) | Referenced throughout report – including for example in the Overview of Accused Systems, including Paragraphs 49-50, 54 |
| Purchase Order Generation (p. 25) | Referenced throughout report – including for example in the Overview of Accused Systems, including Paragraphs 44-45, 50-52) |
| Lawson Procurement Punchout (p. 28) | Referenced throughout report – including for example in the Overview of Accused Systems, including Paragraph 55) |
| Operations of the M3 System (p. 30) | Overview of Accused Systems, specifically at Paragraphs 57-60 |

As with ePlus's multiple expert reports on validity, ePlus failed to seek permission from the Court to submit multiple experts on the infringement discipline. Again, ePlus has presented no reason why one expert would have been inadequate, and sought no permission from the Court or consent from Lawson before doubling up on infringement experts.

The Court's Scheduling Order conveys an intention to streamline this case by limiting the number of experts that would allowed without permission from the Court. The order ensures the parties will be on equal footing regarding experts. ePlus has frustrated that intention and attempts to outnumber Lawson by submitting multiple expert reports on the same discipline without notice. This forces both the Court and Lawson to consider more experts than necessary, and gives ePlus an unfair disadvantage which Lawson had no opportunity to anticipate or

4

address.  The Court put in place a mechanism for the parties to use multiple experts in a discipline by seeking permission from the Court.  ePlus disregarded this mechanism and unilaterally decided it was entitled to submitted multiple experts on invalidity and infringement.

ePlus's failure to comply with the Court's Order prejudices Lawson.  First, Lawson is required to prepare for and depose multiple experts on the same issue.  Second, Lawson must prepare for multiple experts at trial.  Third, Lawson is unfairly prejudiced because the jury may believe ePlus's positions are better supported because ePlus presented multiple experts, while Lawson submitted just one.  The rule was in place for a purpose and ePlus ignored that rule.  ePlus should be required to choose one expert per discipline in accordance with the Court's Scheduling Order, and the other expert on the discipline should be stricken.

**III.   Conclusion**

For the reasons stated, Lawson respectfully requests that the Court limit ePlus to one expert on validity (either Weaver, Hilliard, or Manbeck) and one expert on infringement (either Weaver or Niemeyer).

LAWSON SOFTWARE, INC.

By___/s/_____
         Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

5

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 18th day of June, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

                                 /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*