# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| *e*PLUS, INC., | :  |
| **Plaintiff,** | : Civil Action No. 3:09-CV-00620 (REP) |
| v. | : |
| LAWSON SOFTWARE, INC., | : |
| **Defendant.** | : |

**CONDITIONAL REBUTTAL RULE 26(a)(2)(B) REPORT OF
<u>HARRY F. MANBECK, JR., ESQ.</u>**

Dated: June 9, 2010

*[signature]*
Harry F. Manbeck, Jr.

I.      **INTRODUCTION**

1.      I am an attorney-at-law and a former Commissioner of Patents and Trademarks of the United States. I previously submitted an expert report in this matter on May 3, 2010. I incorporate herein by reference that report for information concerning my *curriculum vitae*, experience and other qualifications in the field of patents and patent office practice and procedure in satisfaction of the requirements of Rule 26(a)(2)(B).

2.      I have been asked by counsel for *e*Plus, Inc. ("*e*Plus") to review the May 3, 2010 report of Michael I. Shamos, Ph.D., J.D. ("Dr. Shamos"), and to provide this report in rebuttal of certain contentions advanced in Dr. Shamos's report.

3.      In his report, Dr. Shamos refers extensively to the reexamination proceedings that have been initiated, and are currently in progress, for U.S. Pat. Nos. 6,505,172 ("the '172 Patent"); 6,055,516 ("the '516 Patent"); and 6,023,673 ("the '673 Patent") (collectively, "the Patents-in-Suit"). Indeed, Dr. Shamos appears to try to bolster the strength and the propriety of his invalidity arguments by referring to the reexamination proceedings.

4.      The reexamination proceedings that are currently in progress for the Patents-in-Suit are simply that, *in progress*. As I more fully explain below, these proceedings have a number of steps to traverse in the U.S. Patent & Trademark Office ("PTO"), the Board of Patent Appeals and Interferences ("BPAI") and the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") before a final determination is reached, and claims are confirmed, amended or canceled with final effect.

5.      In addition to the non-final nature of the reexamination proceedings for the Patents-in-Suit, the proceedings are not reliable as proof of invalidity in the context of this litigation because of the differing legal standards applicable in a reexamination from those