IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF ePLUS, INC.'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 6:
TO EXCLUDE ALLEGED PRIOR ART THAT DEFENDANT UNTIMELY PRODUCED
AFTER THE CLOSE OF FACT DISCOVERY

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

## I.     INTRODUCTION

Plaintiff *e*Plus Inc. ("*e*Plus") respectfully requests that the Court exclude from evidence documents and interrogatory responses regarding alleged prior art to the patents-in-suit served by defendant Lawson Software, Inc. ("Lawson") after the close of discovery, and preclude any related testimony, expert opinion, evidence or argument from Lawson.  This belated discovery includes product manuals, source code files and directories, and interrogatory responses regarding Lawson's own legacy software products.  Lawson did not timely provide this discovery, thereby precluding *e*Plus from having an opportunity to adequately review and take discovery on the specific Lawson applications and modules that the discovery pertains to.  Indeed, even though *e*Plus clearly requested documents and interrogatory responses of this nature with its first discovery requests in this litigation served on July 24, 2009, Lawson did not provide the documents and interrogatory responses that are the subject of this motion until days or even weeks after discovery had closed on May 18, 2010.  *e*Plus therefore respectfully requests that the Court exclude the discovery on Lawson's legacy software produced or served after the close of discovery from evidence, and likewise exclude any testimony, expert opinion, evidence, or argument from Lawson with respect to this discovery.

## II.     BACKGROUND

On July 24, 2009, *e*Plus served upon Lawson a comprehensive set of interrogatories and document requests, which included requests for all alleged prior art and any other documents related to Lawson's invalidity defenses.  Specifically, *e*Plus requested that Lawson produce, *inter alia*, "[a]ll publications, prior art references or other materials and things relating to the invalidity, validity, unenforceability, enforceability, scope, or interpretation of any of the claims of any of the patents in suit, and all documents and things that refer to, relate to, or otherwise

describe such publications, prior art references, and other materials." Exhibit X (Plaintiff *ePlus*, Inc.'s First Set of Requests for Production of Documents to Defendant Lawson Software, Inc., Request No. 12) at 5.[1] In addition, *e*Plus requested that Lawson produce "[a]ll document and things that support, refute, or relate to any of Lawson's Affirmative Defenses or Counterclaims, if any" and "[a]ll documents and things comprising, supporting, detracting from, or otherwise describing any contention of Lawson related to this action, including any contention that any claim of the patents in suit is invalid, unenforceable or not infringed, or any contention regarding the scope or interpretation of any of the claims of any of the patents in suit, or any contention regarding potential damages as a result of Lawson's alleged infringement." *Id.* (Request Nos. 5 and 6, respectively) at 3.

After the close of discovery on May 18, 2010, Lawson produced documents relating to legacy Lawson software allegedly from the 1990s and earlier. On May 20, 2010, two days after the close of discovery, Lawson produced four documents relating to Releases 4.0 and 5.0 of their software:

(1) Lawson Associates Inc. Pinstripe Products, Accounts Payable System, Unisys – User Guide, Release 4.0 (Dec. 1, 1987) (Bates LC000001);

(2) Pinstripe Systems Security System Release 4.0, UNISYS/Burroughs (Jan. 27, 1989) (Bates LC000504);

(3) Pinpoint Products Purchase Order System Tutorial, Release 5.0, COBOL (Feb. 7, 1990) (Bates LC000672); and

(4) Lawson Payroll System User Guide, COBOL – 5.0 (Apr. 15, 1992) (Bates LC000779).

*See* Exhibit BB (Letter from K. Drieman to M. Hayes dated May 20, 2010). On May 24, 2010, six days after the close of discovery, Lawson produced a DVD bearing Bates L0417613

---

[1] The notation "Ex. [LETTER]" references a particular exhibit located within the Appendix of Exhibits filed concurrently with *e*Plus's motions *in limine.*

2

designated as confidential source code under the terms of the protective order. *See* Exhibit P (Letter from K. Drieman to M. Hayes dated May 24, 2010). Lawson later identified the files contained on the DVD as being the source code from a Lawson Release 6.1 system. *See* Exhibit T (Letter from J. Clements to W. Schultz dated June 4, 2010). Several days later during the deposition of Jeff Hvass on June 8, 2010, Lawson produced several documents without Bates numbers containing file directories and other information regarding the source code for multiple Lawson legacy software systems. *See, e.g.,* Exhibit M (Hvass Dep. Tr., June 8, 2010), at 29:18-31:2; 75:19-76:15; 218:11-219:18; 223:17-224:22; 229:17-230:10; 232:12-18.

The deadline for Lawson's invalidity contentions and expert report regarding invalidity likewise passed well before the production of these documents. Lawson's Court-ordered Second Supplemental Initial Statement of Invalidity Contentions was served on April 9, 2010. The initial expert report of Dr. Michael Shamos, which addressed the alleged invalidity of the patents-in-suit, was due—and was served—on May 5, 2010. Neither the invalidity contentions nor the expert report made any reference to these belatedly produced documents.

Also in its original July 24, 2009, discovery requests, *e*Plus requested that Lawson:

> Identify each system, software application, product and/or service imported, made, offered for sale, sold, licensed, or otherwise distributed by Lawson that has one or more of the following features, functions or capabilities: (a) conducting a search for an item in a product catalog or product database; (b) creating a requisition for an item; (c) generating a purchase order for an item; (d) determining the availability of an item in inventory; and (e) comparing one or more attributes of an item available from a first source, supplier or vendor, to an item available from a second source, supplier or vendor.

Exhibit I (Plaintiff *e*Plus Inc.'s First Set of Interrogatories to Defendant Lawson Software, Inc., Interrogatory No. 14) at 14. On June 4, 2010, more than two weeks after the close of discovery, Lawson served a third so-called "corrected" response to Interrogatory No. 14, which ***contradicted*** prior statements regarding the availability of certain features of Lawson's legacy

3

software made in its initial responses more than nine months earlier on August 24, 2009.  *See* Exhibit CC (Defendant Lawson Software, Inc.'s Objections and Supplemental Answers to Plaintiff *e*Plus Inc.'s Interrogatory No. 14) at 5-8; Exhibit Z (Defendant Lawson Software Inc.'s Responses to *e*Plus Inc.'s First Set of Interrogatories (Nos. 1-14), Response to Interrogatory No. 14) at 25-27.  The accuracy of Lawson's original August 24, 2009, response to Interrogatory No. 14 had been verified by Dale Christopherson, Lawson's Director of Development.  *See* Exhibit Z (Defendant Lawson Software Inc.'s Responses to *e*Plus Inc.'s First Set of Interrogatories (Nos. 1-14)) at 29.

### III.   ARGUMENT

With its first set of document requests, *e*Plus requested all prior art and any other manner of documents relating to any contentions of Lawson that the patents-in-suit are invalid.  Notwithstanding that Lawson was obliged to produce all such documents months ago, Lawson waited until after the close of discovery to produce alleged prior art documents regarding Lawson's own legacy software.  Lawson cannot be allowed to rely upon these documents when it failed to produce them until after discovery had closed.

Similarly, in its first set of interrogatories, *e*Plus requested that Lawson identify the versions and first dates of release of its software modules incorporating key features of the accused products.  Having made affirmative representations about the functionality of its legacy software products in response to this request more than nine months ago, which were verified by one of its own technical officers, Lawson now attempts to retract and directly contradict its earlier statements more than two weeks after the close of discovery.  Lawson should not be permitted to belatedly reverse its position regarding its own alleged prior art after having failed for several months to do so.

4

### A. Lawson Did Not Timely Produce The Legacy Lawson Software Manuals And Source Code

Even though *e*Plus requested any relevant prior art in its first discovery requests served on July 24, 2009, Lawson did not produce the documents that are the subject of this motion until May 20 and 24, 2010, after the close of discovery. Lawson had never before identified these documents either in its invalidity contentions, its expert reports, or elsewhere.

Lawson should not be allowed to introduce these documents into evidence when it did not timely produce them, nor should it be allowed to rely upon them as accurately reflecting the functionality of any version or release of Lawson's legacy software when Lawson withheld them from discovery. In fact, as this Court is aware, Lawson's final invalidity contentions, served on April 9, 2010, made no mention at all of Lawson's legacy software. *e*Plus was not made aware of Lawson's intention to rely upon its legacy software for its invalidity defense until it was served with Dr. Shamos's report on May 5, 2010. Weeks later, Lawson further prejudiced *e*Plus by introducing entirely new documentation regarding its legacy software, including documents and source code related to other versions of its software.

Lawson was certainly aware long ago of the potential relevance of such documents. In prior iterations of its invalidity contentions it actually asserted the Lawson "prior art" software as invalidating references. When Lawson first made its disclosure of invalidity allegations on December 8, 2009, it asserted as an allegedly invalidating prior art reference "Lawson software that was available prior to August 10, 1994." Exhibit AA (Defendant Lawson Software, Inc.'s Initial Statement of Invalidity Defenses) at 1. Lawson also identified "Lawson Software" in interrogatory answers relating to alleged prior art as long ago as August 24, 2009. Exhibit Z (Defendant Lawson Software, Inc.'s Responses to *e*Plus, Inc.'s First Set of Interrogatories (Nos. 1-14), Response to Interrogatory No. 4) at 13-14.

5

*e*Plus is severely prejudiced by the belated production of these new documents because they either relate to previously unasserted versions or introduce previously undisclosed information regarding Lawson's legacy software.  Two of the documents produced on May 20, 2010 relate to Lawson Release 4.0, a version that Lawson has never asserted, either in its invalidity contentions or its expert report on validity, as prior art to the patents-in-suit.  Likewise, the source code Lawson produced on May 24, 2010 relates to Lawson Release 6.1, another version that Lawson has never asserted, either in its invalidity contentions or its expert report on validity, as prior art to the patents-in-suit.  This source code, which *e*Plus has not yet been able to render into readable form, will likely require weeks to review by an expert.  The two documents produced on May 20, 2010 relate to Lawson Release 5.0.  This production, which came less than three weeks before the deadline for *e*Plus's rebuttal expert report on validity, was the first opportunity *e*Plus was given to evaluate the functionality of Release 5.0, since Lawson had never before cited any documents or other reference as its basis for the alleged features and functionality of Release 5.0.[2]  Finally, the documents produced on June 8, 2010, relate to the source code for the demonstrations that were being inspected *that same day* during the deposition of Jeff Hvass, the Rule 30(b)(6) designee of Lawson regarding its legacy software.  Because these documents were produced during the course of the deposition, *e*Plus was prevented from having any opportunity to review these documents in preparation for the deposition.

Notably, all these documents relate to Lawson's *own* software products, and it has no excuse for its belated production.  Accordingly, preclusion of this evidence is appropriate.  Fed.

---

[2] *See* Ex. B (Report of Expert Michael I. Shamos, Ph.D., J.D. Concerning Invalidity, May 5, 2010) at ¶118 ("Although the discussion below cites to the Version 6.0 documentation, I understand that Version 5.0 worked generally as described below.").

6

R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

### B. The Lawson Release 6.1 Source Code Was Not Produced in a Reasonably Usable Form

In addition to the fact that Lawson failed to timely disclose the Lawson Release 6.1 source code, the Court should exclude the source code because it was not produced in a reasonably usable form as required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(a)(1)(A) ("any designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or, ***if necessary, after translation by the responding party into a reasonably usable form***") (emphasis added); 34(b)(2)(E)(ii) ("If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or ***in a reasonably usable form or forms***") (emphasis added); *N. Natural Gas Co. v. TEKSystems Global Applications, Outsourcing, L.L.C.*, 2006 U.S. Dist. LEXIS 64149, at *7-*11 (D. Neb. Sept. 6, 2006). The source code files that Lawson produced on May 24, 2010, cannot be executed, or even opened, on a modern PC computer. Moreover, Lawson provided no instructions with the production on how to use the files, including any special hardware or software necessary to open or execute the files.

The Lawson Release 6.1 source code was designed for an IBM mainframe computer and cannot be used on standard PC computers available today. Lawson itself has acknowledged that the source code files must be opened using an IBM AS/400 computer dating back to 1999 or earlier. *See* Exhibit T (Letter from J. Clements to W. Schultz dated June 4, 2010). Moreover, to

7

execute the source code, it must first be compiled using a UNIX compiler on the IBM AS/400. *See id.*

Requiring *e*Plus to have a mainframe computer from the mid-1990s in order to do any evaluation of the Lawson Release 6.1 source code is entirely unreasonable, particularly in light of the inexcusable belatedness of Lawson's production. Lawson made no attempt to provide *e*Plus with any software, including the necessary compiler and any mainframe-emulator software, that would have allowed *e*Plus to make use of the source code. In fact, Lawson failed even to provide *e*Plus with a standard .pdf or .tif format of the source code files that would have at least allowed *e*Plus to review the source code.

In addition, Lawson provided no instructions with the source code production on what hardware and software was required to use the source code and what steps were necessary to run the software. Only after *e*Plus explicitly requested instructions on June 2, 2010, after spending many futile man-hours attempting to determine what to do with the files, did Lawson send any instructions. *See* Exhibit S (Letter from M. Strapp to W. Schultz dated June 2, 2010); Exhibit R (Email from K. Drieman to M. Strapp dated June 2, 2010 with attachment). These instructions, which amount in total to a fraction of a page, provide no indication that an IBM mainframe computer is required to use the source code. *See* Exhibit R (Email from K. Drieman to M. Strapp dated June 2, 2010 with attachment). This salient and critical fact was not disclosed by Lawson until the issue was raised by *e*Plus during a meet-and-confer on June 4, 2010. *See* Exhibit T (Letter from J. Clements to W. Schultz dated June 4, 2010).

Lawson should not be permitted to rely on the basis that it produced the source code in a form in which it is ordinarily maintained. *See* Fed. R. Civ. P. 34(b)(2)(E)(ii). Under these circumstances, Lawson's obligation to translate the documents into a reasonably usable form was

8

clear.  Fed. R. Civ. P. 34(a)(1)(A); *N. Natural Gas Co.*, 2006 U.S. Dist. LEXIS at *7-*11.  Furthermore, Lawson failed to notify *e*Plus of the form it intended to use for the production of the source code as required under the Federal Rules of Civil Procedure, despite having more than nine months to do so, which would have permitted the parties to discuss and potentially resolve the issue in advance of the production.  Fed. R. Civ. P. 34(b)(2)(D) ("If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use."); Exhibit Y (Defendant Lawson Software, Inc.'s Responses to *e*Plus Inc.'s First Set of Requests for Production of Documents (1-92), Responses to Request Nos. 5, 6, and 12) at 8, 9, and 14.

### C. The Lawson Release 6.1 Source Code Is Not Relevant To The Validity Of The Patent-in-Suit

The Court should further exclude the Lawson Release 6.1 source code because it has not been shown to be prior art to the patents-in-suit, and therefore bears no relevance to their validity.  Lawson has not produced any documents evidencing the public use of Lawson Release 6.1 prior to August 10, 1994.  Indeed, Lawson has not even alleged that Lawson Release 6.1 was publicly available prior to August 10, 1994.  To the contrary, Lawson's Rule 30(b)(6) witness regarding Lawson's legacy software systems testified that Lawson Release 6.1 was not commercially available until September 30, 1994.  Exhibit M (Hvass Dep. Tr., June 8, 2010) at 184:14-17.

Furthermore, Lawson cannot piggy-back Release 6.1 onto the first date of public use of Release 6.0, because the two releases are separate and distinct versions of the software.  For example, Lawson Release 6.1 had its own complete set of product manuals separate from the Release 6.0 manuals.  *See, e.g.,* L010596 (Requisitions Procedures Manual, Release 6.1), L0011020 (Inventory Control Procedures Manual, Release 6.1), and L0011379 (Purchase Order

9

Procedures Manual, Release 6.1). Moreover, several documents produced by Lawson reveal substantial differences between the software releases. *See, e.g.,* L0010081 (Projects System – Release 6.1 Enhancements), L0010165 (6.1 Product Launch Feature/Benefit Document), and L0022658 (Memorandum from D. Edlund and T. Edwards re 6.1 Product Enhancement Statements).

Pursuant to Federal Rule of Evidence 402, therefore, the Lawson Release 6.1 source code is irrelevant. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). *e*Plus respectfully requests that the Court exclude such evidence from the trial of this action.

### D. Lawson's Nine-Month Delay In Reversing Its Position Regarding Its Legacy Software Is Inexcusable And Prejudicial To *e*Plus

Lawson should also not be allowed to change its responses to *e*Plus's interrogatories regarding the release dates of its legacy software modules after the close of discovery. The interrogatories at issue have been outstanding since July 2009, and the information in question, pertaining to Lawson's own legacy software, was certainly within Lawson's control. Lawson's inexplicable delay in supplementing its interrogatory responses is highly prejudicial to *e*Plus, which had already served its final validity contentions in its First Supplemental Answers and Objections to Defendant Lawson Software, Inc.'s Fifth Set of Interrogatories (Nos. 19-20) on May 18, 2010, and was on the eve of filing its rebuttal expert report on validity on June 9, 2010.

Lawson lacks any reasonable basis for its attempt to substantively alter its statements regarding the release dates of its legacy procurement-software modules more than two weeks after the close of discovery and nine months after the interrogatories were served. This information was incontrovertibly within Lawson's control, as this was software that Lawson itself manufactured and sold to customers. Furthermore, the accuracy of the original information that Lawson had provided and now seeks to change had been verified by Lawson's own

10

technical personnel. Lawson's reliance on recent contradictory testimony from one of its own deposition witnesses as justification for its reversal is misplaced. *See Margo v. Weiss*, 213 F.3d 55, 60-61 (2d. Cir. 2000) (rejecting party's attempt to create a triable issue of fact by filing delayed "supplemental answers" to interrogatories contradicting earlier unfavorable evidence). Accordingly, preclusion of this evidence is appropriate. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Furthermore, *e*Plus is highly prejudiced by Lawson's belated interrogatory responses, as Lawson for the first time seeks to establish one of its particular procurement-software modules as predating the priority date of the patents-in-suit. *e*Plus reasonably relied upon Lawson's verified interrogatory responses in preparing its defense of the validity of the patents-in-suit, including both its final validity contentions in its First Supplemental Answers and Objections to Defendant Lawson Software, Inc.'s Fifth Set of Interrogatories (Nos. 19-20) and its rebuttal expert report on validity. *e*Plus has already been pressed to respond to a plethora of invalidity arguments by Lawson, including numerous combinations of alleged prior art references, and should not be forced at this late stage in the litigation to address additional allegations regarding the prior art.

### IV.   CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that the Court grant this motion and exclude from evidence the documents, source code, and interrogatory responses regarding Lawson's legacy software produced or served by Lawson after the close of discovery. *e*Plus further asks that the Court preclude Lawson from offering any testimony, expert opinion,

11

evidence or argument at trial concerning these untimely produced documents, source code, and interrogatory responses.

Respectfully submitted,

June 18, 2010

/s/
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2010, I will electronically file the foregoing

**PLAINTIFF ePLUS, INC.'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 6: TO EXCLUDE ALLEGED PRIOR ART THAT DEFENDANT UNTIMELY PRODUCED AFTER THE CLOSE OF FACT DISCOVERY**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
*Counsel for Defendant Lawson Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com