IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:09CV620 (REP) |
| LAWSON SOFTWARE, INC., | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF PUBLICATIONS RELATED TO EPLUS'S PATENT-ENFORCEMENT EFFORTS, LITIGATION, AND SETTLEMENT AGREEMENTS**

Defendant Lawson Software, Inc. ("Lawson") respectfully moves *in limine* to preclude Plaintiff ePlus, Inc. ("ePlus") from presenting evidence and argument relating to any news articles or any other publications related to ePlus's patent-enforcement efforts, litigation, and settlement agreements. There is no evidence Lawson saw any of these materials before suit, yet ePlus seeks their admission to give the jury the false impression that Lawson was aware of the ePlus patents and prior litigation.

Specifically, Lawson moves to exclude evidence and argument related to seven articles and other publications relied on in interrogatory responses as evidence that Lawson had notice of the patent as required for a finding of indirect infringement or willfulness and by ePlus's expert witness Harry F. Manbeck, Jr. in forming his opinion on willful patent infringement : (1) the February 17, 2005 article from *Gartner Research* (Ex. 1); (2) the February 14, 2005 article from *eWeek* (Ex. 2); (3) the February 5, 2005 article from the *New York Times* (Ex. 3); (4) the July 8, 2008 posting on the *Cygnus Supply & Demand Chain Executive* web site (Ex. 4 at ¶ 72); (5) the

September 9, 2005 article from *InfoWorld* (Ex. 5); (6) the September 8, 2005 article from *Computer World Networking & Internet* (Ex. 6); and (7) the December 14, 2006 Form 10-K filed by ePlus (Ex. 7 at ePLUS0528867).[1] All of these publications issued years after Lawson purportedly began infringing in 2002.

These Publications are irrelevant to Lawson's actual knowledge or intent regarding U.S. Pat. Nos. 6,023,683 ("the '683 Patent"), 6,055,516 ("the '516 Patent"), and 6,505,172 ("the '172 patent) (collectively "the patents-in-suit."). Further, admission of these articles is highly prejudicial to Lawson because the jury might improperly infer from these publications that Lawson not only knew about the patents-in-suit prior to commencement of this litigation, but also that Lawson is somehow deceiving the jury by claiming ignorance of the patents and prior suits. For these reasons, the court should exclude any evidence or argument relating to these publications under Fed. R. Evid. 402 and 403.

Lawson further moves to exclude evidence and argument related to ePlus's patent-marking practices offered for the purpose of demonstrating actual knowledge of the patents-in-suit. As is the case with the Publications, ePlus's patent-marking practices are irrelevant to Lawson's actual knowledge of the patents-in-suit. Further, use of marking to prove intent is highly prejudicial to Lawson because the jury might improperly conclude that Lawson knew about the patents-in-suit or is somehow deceiving the jury. For these reasons, the court should also exclude any evidence or argument relating to Lawson's patent-marking practices offered to demonstrate actual knowledge of the patents-in-suit.

---

[1] Throughout this Memorandum, Lawson will refer to these seven publications collectively as "the Publications."

2

I.   FACTUAL BACKGROUND

ePlus filed a patent infringement action on May 19, 2009, against Lawson and others alleging infringement of the patents-in-suit. ePlus alleges that certain procurement systems licensed by Lawson infringe each of the patents-in-suit directly and by inducement and contributory infringement. ePlus further alleges that Lawson's infringement of the patents-in-suit has been willful and that ePlus is thus entitled to treble damages.

ePlus relies on the Expert Report of Harry F. Manbeck, Jr. ("the Manbeck Report") in an attempt to establish support for its allegation of willful patent infringement. In his analysis, Manbeck concludes, based primarily on the existence of the Publications, that Lawson should have been aware of the patents-in-suit and appreciated the risk that Lawson may be infringing them. (Ex. 4 at ¶ 83.) Moreover, in answering Lawson's contention interrogatory regarding knowledge of the patents-in-suit, ePlus referred to "press reports" allegedly demonstrating that Lawson had knowledge of the patents-in-suit in advance of the commencement of this case. (Ex. 8 at Answer to Interrog. 5.) Lacking a shred of proof that Lawson knew of the ePlus patents or suits in fact before being sued, ePlus relies on these Publications to improperly imply that Lawson possessed this knowledge.

In answering that same interrogatory, ePlus also suggests that Lawson has had "constructive knowledge of the patents-in-suit since no later than October 2003, at which time ePlus began marking . . . ." (*Id.*) Again, ePlus's assertions lack any proof that Lawson knew of the patents-in-suit based on ePlus's marking prior to being sued, or even saw any ePlus products. Again, the alleged marking did not begin until after Lawson introduced the product alleged to infringe in 2002. ePlus thus improperly implies, based on its marking practices, that Lawson had knowledge of the patents-in-suit.

II. **EVIDENCE AND ARGUMENT RELATED TO THE PUBLICATIONS OR EPLUS'S PATENT MARKING IS IRRELEVANT AND UNFAIRLY PREJUDICIAL AND SHOULD BE EXCLUDED.**

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probably than it would be without the evidence." Fed. R. Evid. 401. Under Rule 402, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Further, even if evidence has some probative value, it is inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. Thus the Court should not admit the evidence at issue because it is irrelevant or minimally probative and evidence creates a real danger of substantial prejudice to Lawson.

    A. **Evidence And Argument Regarding The Publications Is Irrelevant To The Issues Of Willfulness and the Intent Necessary for Indirect Infringement.**

A patent holder that proves willful infringement by clear-and-convincing evidence may be entitled to an award of enhanced damages. *See* 35 U.S.C. § 284. A finding of willful infringement permitting enhanced damages requires at least a showing of objective recklessness. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Even cases decided under the stricter, pre-*Seagate* willfulness standard recognized that a finding of willful infringement requires *actual* notice of the patents-in-suit. *Imonex Servs. Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005), *abrogated by in re Seagate*, 497 F.3d 1360 ("Actual notice of another's patent rights triggers an affirmative duty of due care. Constructive notice, as by marking a product with a patent number, is insufficient to trigger this duty") (internal citations omitted); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990), *abrogated by in re Seagate*, 497 F.3d 1360 ("[A] party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge."). In order to

4

prove that Lawson has indirectly infringed the patents-in-suit, ePlus must show specific intent, namely that Lawson knew its actions would either induce another to infringe the patents-in-suit or contribute to the infringement of the patents-in-suit by another. *DSU Med. Corp. v. JMS Co. Ltd*, 471 F.3d 1239, 1304 (Fed. Cir. 2006). This showing, as does willfulness, requires that ePlus demonstrate that Lawson had actual knowledge of the patents-in-suit. *Id.*

Moreover, a number of the publications do not even contain the type of information that could provide a reader of actual notice of the patents in suit. For instance, ePlus's expert who relies on them, Mr. Manbeck, testified that at least three of the Publications do not identify the patents-in-suit by either patent numbers or a description of the subject matter claimed. (Ex. 9 at 85:12-86:20, 88:5-12, and 93:17-25.) Manbeck testified at his deposition that such identification would be necessary in order to provide a reader with sufficient notice of the patents-in-suit. (*Id.* at 74:19-75:3.) Thus, these three publications would not have been sufficient to prove actual notice even if ePlus had evidence that Lawson employees had read them. Manbeck had no information on the prominence of the publications (*See, e.g.*, Ex. 9 at 98:6-18), whether the particular articles he relies on were prominent in their respective issues (*Id.* at 88:14-24), and whether anyone at Lawson ever saw the publications. (*Id.* at 85:3-9).

Lawson had no actual notice of the patents-in-suit, or of the Publications. ePlus apparently seeks to wave the Publications before the jury to create the false impression that Lawson saw the articles and knew about the patents-in-suit, and is thus lying about its ignorance. This is improper use of purported constructive notice, which is not probative to the issue of willfulness or intent. *Imonex*, 408 F.3d at 1377. The Publications thus are not relevant to the issue of willfulness and intent and are prejudicial.

### B. The Court Should Exclude The Publications As Irrelevant And Unfairly Prejudicial.

As demonstrated above, the Publications have no probative value on any issue of consequence in the case. The Court should thus exclude the Publications under Rule 402.

Additionally, admitting the Publications would create a substantial danger of unfair prejudice to Lawson. For instance, the February 17, 2005 article from *Gartner Research* advises that companies "undertake an extensive review of [their] software's functions against patents known to be in dispute." (*See* Ex. 4 at ¶ 68.) This advice is directly contrary to the law, which does not create an affirmative duty of due care. *Seagate*, 497 F.3d at 1371. Admitting this article, which Lawson did not read, would lead the jury to improperly impose a duty on Lawson undertake an "extensive review" to search for ePlus's patents, even though the Federal Circuit has expressly held, after this article came out, that the law does not require this. *See Voda v. Cordis Corp.*, 536 F.3d 1311, 1327-28 (Fed. Cir. 2008) (vacating jury verdict of willful infringement because district court instructed the jury that defendant had a duty to exercise due care).

Further, admitting any of the Publications may lead the jury to believe that unread articles and constructive notice support a finding of willful infringement even though the law forbids this as well. *Imonex*, 408 F.3d at 1377. That is particularly true here, as Lawson's purported infringement began in 2002, but the materials cited did not arise before 2005. *Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d 150, 178 (D.R.I. 2009) (subjective intent cannot be inferred from events happening after accused infringer developed accused product). Thus, any probative value to the evidence is substantially outweighed by the danger of prejudicial misuse of the Publications by the jury. Finally, ePlus's attempt to rely on the articles to prove Lawson's bad intent carries the completely unfounded implication that Lawson knew about the Publications but

6

is lying about its knowledge. This, too, unfairly prejudices Lawson. For these additional reasons, the Court should exclude the Publications under Rule 403.

      C.      **Evidence And Argument Regarding ePlus's Patent-Marking Practices Is Irrelevant To The Issues Of Willfulness and the Intent Necessary for Indirect Infringement and Unfairly Prejudicial.**

As explained above, a finding of willful infringement requires *actual* notice of the patents-in-suit. *Imonex Servs.*, 408 F.3d at 1377; *Gustafson*, 897 F.2d at 511. Constructive notice of the patents-in-suit based on a plaintiff's patent-marking practices is insufficient. *Imonex*, 408 F.3d at 1377.

Lawson had no actual notice of the fact that ePlus marked its products with the patent numbers of the patents-in-suit. ePlus apparently seeks to introduce the fact that it marked its products to the jury to create the false impression that Lawson knew about the patents-in-suit and is thus lying about its ignorance. This is improper use of purported constructive notice, which is not probative to the issue of willfulness or intent. *Imonex*, 408 F.3d at 1377. That is particularly true here, where there is no evidence Lawson saw any ePlus product that could have been marked, and where Lawson's purported infringement began at least a year before patent marking is even alleged to have begun. ePlus's patent-marking practices thus are not relevant to the issue of willfulness and intent and should be excluded under Fed.R.Ev. 402.

Additionally, admitting ePlus's practices would create a substantial danger of unfair prejudice to Lawson. Admitting references to these publications may lead the jury to believe that constructive notice based on patent marking supports a finding of willful infringement even though the law forbids this. *Imonex*, 408 F.3d at 1377. Thus, any probative value to the evidence is substantially outweighed by the danger of prejudicial misuse of ePlus's patent-marking practices by the jury. Finally, ePlus's attempt to rely on these practices to prove

7

Lawson's bad intent carries the completely unfounded implication that Lawson knew about the patents based on ePlus's marking but is lying about its knowledge. This, too, unfairly prejudices Lawson. For these additional reasons, the Court should exclude the Publications under Rule 403.

III. CONCLUSION

Evidence and argument relating to the Publications supporting Manbeck's opinion and ePlus's intent-related contentions are irrelevant to any issue of consequence in this case. Evidence related to ePlus's patent-marking practices are the subject of a summary judgment motion as insufficient as a matter of law to show compliance with the duty to mark, and are not probative to willfulness or specific intent to induce or contribute to infringement. The Court should thus exclude such evidence and argument under Rule 402. Further, to the extent such evidence and argument have any probative value, such value is substantially outweighed by the danger of unfair prejudice to Lawson. For this additional reason, the Court should exclude such evidence and argument under Rule 403.

LAWSON SOFTWARE, INC.

By  /s/  
    Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 18th day of June, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

/s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

10