# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ePLUS iNC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF ePLUS iNC.'S FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANT LAWSON SOFTWARE, INC.'S SECOND SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33 and Local Rule 26(c), Plaintiff ePlus inc. ("ePlus" or "Plaintiff"), by and through its attorneys, hereby objects to and answers the Second Set of Interrogatories ("Interrogatories") served by Defendant Lawson Software, Inc. ("Defendant" or "Lawson") upon ePlus.

**GENERAL OBJECTIONS**

ePlus makes the following General Objections, whether or not separately set forth in response to each Interrogatory, to each and every instruction, definition, and question posed in the Interrogatories:

1.    ePlus objects to Defendant's Second Set of Interrogatories, including the Definitions and Instructions, to the extent they seek to impose discovery obligations beyond those imposed by the Local Rules of the United States District Court for the Eastern District of Virginia, the Federal Rules of Civil Procedure, and/or other applicable law.

LIBA/2062875.3

**INTERROGATORY NO. 5:**

If ePlus contends that any Defendant has willfully infringed any of the patents-in-suit, describe in detail the basis for your contention, state all facts and identify all documents that support ePlus's contention, and identify all person(s) with knowledge about such contention.

**OBJECTIONS:**

ePlus objects to this Interrogatory to the extent that it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine. ePlus also objects to this Interrogatory as overly broad and unduly burdensome. ePlus further objects to this Interrogatory to the extent that it seeks information that is within the possession of Defendant.

ePlus objects to this Interrogatory as premature because fact discovery has just commenced and Lawson has not yet produced any documents in response to ePlus' document requests. Any meaningful response to this Interrogatory is predicated on Lawson's responses to discovery requested by ePlus which has not yet been answered.

Additionally, ePlus objects to this Interrogatory as vague, ambiguous and overly burdensome to the extent that is relies on the definition of "Defendants."

Subject to and without waiver of its General and Specific Objections, ePlus will provide a response to this Interrogatory.

**ANSWER TO INTERROGATORY NO. 5:**

Lawson has had at least constructive knowledge of the patents-in-suit since no later than October 2003, at which time ePlus began marking its commercial products covered by the patents-in-suit pursuant to 35 U.S.C. § 287(a). ePlus has been systematically and continuously marking its commercial products since that time. *See, e.g.,* ePlus trial exhibits 600, 754, 715 and 716 from the *ePlus v. SAP* litigation (produced as ePLUS 0009339-40, 0009390-91, 0027401, 0028482, 0030545, 0037014-15, 0047323-24, 0113980, 0113995, 0229212-20, 0274902 and

0274903).

Lawson competes with *e*Plus for customers and sales of Electronic Sourcing and Procurement Systems and Services and, on information and belief, has actual knowledge that *e*Plus's Electronic Sourcing and Procurement Systems are patented.

On information and belief, Lawson has direct knowledge from press reports and independent investigation of *e*Plus's patent rights. *See, e.g., e*Plus trial exhibits 600 and 691 from the *ePlus v. SAP* litigation.

Moreover, *e*Plus made allegations of infringement against Lawson when it filed its Complaint in the U.S. District Court for the District of Delaware on May 4, 2009. Additionally, such charges of infringement were contained in the Complaint filed in the current litigation on May 19, 2009.

Lawson has continued to infringe the patents-in-suit, despite having knowledge of the patents-in-suit. Such continued infringement with present knowledge of *e*Plus's patent rights and their relevance to Lawson's Electronic Sourcing and Procurement System products and services is reckless and willful.

*e*Plus maintains its above-stated objections and notes that Lawson has just began production of documents responsive to *e*Plus's document requests. Lawson's document production and other discovery responses may enable *e*Plus to more fully answer this interrogatory. *e*Plus reserves the right to supplement its answer to this interrogatory once it receives Lawson's document production and has had an opportunity to review and assess it and propound any follow-up discovery necessitated by such production.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:**

Lawson has had at least constructive knowledge of the patents-in-suit since no later than

October 2003, at which time *e*Plus began marking its commercial products covered by the patents-in-suit pursuant to 35 U.S.C. § 287(a). *e*Plus has been systematically and continuously marking its commercial products since that time. *See, e.g.,* *e*Plus trial exhibits 600, 754, 715 and 716 from the *e*Plus v. SAP litigation (produced as ePLUS 0009339-40, ePLUS 0009390-91, ePLUS 0027388-401, ePLUS 0028469-82, ePLUS 0030544-45, ePLUS 0037014-15, ePLUS 0047323-24, ePLUS 0113979-84, ePLUS 0113990-95, ePLUS 0229212-20, ePLUS 0524883, ePLUS 0524884, ePLUS 0710278-653, ePLUS 0710654-1237, ePLUS 0711238-805, ePLUS 0711806-2408, ePLUS 0712409-3001, ePLUS 0713002-576, ePLUS 0713577-4214, ePLUS 0714215-726, and ePLUS 0714727-5117). *See also* ePLUS 0442856, ePLUS 0442857, ePLUS 0529031-32, ePLUS 0529033-34, ePLUS 0529139-40, ePLUS 0529141-51, ePLUS 0529152-53, ePLUS 0529154-59, ePLUS 0529160-63, ePLUS 0529164-77, ePLUS 0529178-91, ePLUS 0529192-93, ePLUS 0529194-207, ePLUS 0529214, ePLUS 0529218. *e*Plus has also notified licensees of its patents of their obligation under the terms of their license agreements with *e*Plus to mark their products in accordance with 35 U.S.C. § 287. *See, e.g.,* ePLUS 0940862-63, ePLUS 0940864-65, ePLUS 0940866, and ePLUS 0940867-68.

Lawson competes with *e*Plus for customers and sales of Electronic Sourcing and Procurement Systems and Services and, on information and belief, has actual knowledge that *e*Plus's Electronic Sourcing and Procurement Systems are patented.

On information and belief, Lawson has direct knowledge from press reports and independent investigation of *e*Plus's patent rights. *See, e.g.,* *e*Plus trial exhibits 600 and 691 from the *ePlus v. SAP* litigation. *See also* ePLUS 0940869-71; ePLUS 0940872-73; ePLUS 0940874-75; ePLUS 0940876; ePLUS 0940877; ePLUS 0940878.

Moreover, *e*Plus made allegations of infringement against Lawson when it filed its

Complaint in the U.S. District Court for the District of Delaware on May 4, 2009. Additionally, such charges of infringement were contained in the Complaint filed in the current litigation on May 19, 2009.

Lawson has continued to infringe the patents-in-suit, despite having knowledge of the patents-in-suit. Such continued infringement with present knowledge of *e*Plus's patent rights and their relevance to Lawson's Electronic Sourcing and Procurement System products and services is reckless and willful.

*e*Plus maintains its above-stated objections and notes that Lawson is continuing production of documents responsive to *e*Plus's document requests. Lawson's document production and other discovery responses may enable *e*Plus to more fully answer this interrogatory. *e*Plus reserves the right to supplement its answer to this interrogatory once it receives Lawson's document production and has had an opportunity to review and assess it and propound any follow-up discovery necessitated by such production.

**INTERROGATORY NO. 6:**
State all facts and identify all documents, things, and testimony that you contend constitute objective evidence of the non-obviousness of each asserted claim of the patents-in-suit.

**OBJECTIONS:**

*e*Plus objects to this Interrogatory to the extent that it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine. *e*Plus also objects to this Interrogatory as overly broad and unduly burdensome. *e*Plus further objects to this Interrogatory to the extent that it seeks information that is readily accessible to Defendant, as through public sources.

Subject to and without waiver of its General and Specific Objections, *e*Plus will provide a response to this Interrogatory.

Respectfully submitted,

Date: March 12, 2010

*[signature: Jennifer A. Albert]*

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, L.L.P.**
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson (*admitted pro hac vice*)
Jennifer A. Albert (*admitted pro hac vice*)
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
jalbert@goodwinprocter.com
srobertson@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of March, 2010, I will serve Plaintiff *e*Plus inc.'s First Supplemental Answers and Objections to Defendant Lawson Software, Inc.'s Second Set of Interrogatories, on the following counsel of record as indicated:

*via electronic mail:*

Daniel W. McDonald
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
dmcdonald@merchantgould.com

Robert A. Angle (VSB# 37691)
Dabney J. Carr, IV (VSB #28679)
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA  23218-1122
Telephone:  (804) 697-1238
Facsimile:  (804) 698-5119
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/ Jennifer A. Albert