IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ePLUS INC.,                                )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )   Case No. 3:09CV620 (REP)
                                           )
LAWSON SOFTWARE, INC.,                     )
                                           )
                                           )
        Defendant.                         )

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN
SUPPORT OF MOTION IN LIMINE NO. 7 TO EXCLUDE
ARGUMENTS OR EVIDENCE INCONSISTENT WITH FINDINGS
IN THE REEXAMINATIONS OF THE PATENTS-IN-SUIT**

Defendant Lawson Software, Inc. ("Lawson") respectfully moves *in limine* to preclude

Plaintiff ePlus Inc. ("ePlus") from presenting evidence and argument inconsistent with certain

findings in the co-pending reexaminations of the patents-in-suit.  The U.S. Patent and Trademark

Office ("PTO") found that prior art not previously considered by the PTO during original

prosecution of the patents, including the RIMS U.S. Patent No. 5,712,989 ("the '989 patent"),

raises "substantial new questions" about the validity of those patents.  ePlus has and likely will

continue to file appeals that will delay the finality of the PTO's persuasive findings to date

rejecting its claims.  The PTO's "substantial new question" findings, however, will not change,

as they are final and non-appealable.  Thus, it would be unfair to allow ePlus to argue that the

patents-in-suit have a presumption of validity or make any other arguments inconsistent with the

PTO's own findings that there is a "substantial question" about the validity of the patents.

In addition, ePlus's expert reports and discovery responses indicate that ePlus intends to

tell the jury that the PTO already considered the RIMS '989 patent.  During reexam, however,

the PTO rejected this position and found that the '989 patent raises a new question because "the reference was not of record, nor was this reference discussed by the examiner, or used in any rejection of the claims of the '516 Patent." It would be misleading and unfair to Lawson if ePlus were able to make arguments to the jury characterizing the RIMS '989 patent as considered by the PTO, when the PTO itself has said it was not. Lawson also respectfully moves *in limine* under Fed. R. Evid. 403 to preclude ePlus from arguing or presenting testimony or evidence indicating that the PTO issued the three patents-in-suit without disclosing that prior art not considered at the time the patents issued raises substantial new questions of the validity of all three patents, and that the '989 patent was previously considered by the PTO.

## I.   FACTUAL BACKGROUND

Each of the patents-in-suit is in reexamination by the U.S. Patent and Trademark Office (PTO). A Request for *Ex Parte* Reexamination of claims 26-45 of the '683 patent was filed on July 18, 2006. (Ex. 1, '683 Reexam Request dated July 18, 2006.) The PTO granted that request, agreeing there were substantial new questions of patentability based on a series of prior art references. (Ex. 2, '683 Reexam Decision dated Nov. 28, 2006.) Indeed, a substantial new question must be found in order to grant the reexam request. 35 U.S.C. § 304. Currently, each claim stands rejected by a Final Office Action, which ePlus has appealed. (Ex. 3, '683 Final Rejection dated Jan. 8, 2009.)

Lawson filed a Request for *Inter Partes* Reexamination of all five claims of the '172 patent on July 10, 2009. (Ex. 4, '172 Reexam Request dated July 10, 2010.) The PTO granted the request for reexamination, again finding substantial new questions as to patentability. (Ex. 5, '172 Reexam Grant, dated Oct. 23, 2009.) On October 23, 2009, all five claims were rejected by an Initial Office Action as anticipated and/or obvious. (Ex. 6, '172 Initial Office Action dated

October 23, 2009.)  Among other reasons, claims 1 and 3-5 were found anticipated by the '989

patent.  (*Id.* at 4.)

A Request for *Ex Parte* Reexamination of claims 1-12, 14-19, and 21-29 of the '516

patent was filed on November 12, 2009.  (Ex. 7, '516 Reexam Request dated Nov. 12, 2009.)

The PTO granted that request, finding that there was a "substantial new question of

patentability" as to all claims of that patent.  (Ex. 8, '516 Reexam Decision dated Jan. 15, 2010.)

The PTO's finding of substantial new questions of patentability relied in part on the RIMS '989

patent.  While the patent is cited in the body of the patents in suit, it was not provided to the PTO

in any prior art disclosures, and does not appear on the list of "References Cited" for any of the

patents in suit, indicating it was not considered as prior art.  When presented with the issue in the

'516 reexam, the PTO agreed, stating:

> the reference of the Johnson '989 Patent does not appear to have been considered by the
> examiner in the original prosecution.

(*Id.* at 11-12.)  The PTO also discussed why the '989 patent raised a substantial new question

about patentability:

> the reference of Johnson '989 was cited in the specification of the '516 Patent (i.e., in col.
> 1, lines 13-21), but the reference was not of record, nor was this reference discussed by
> the examiner, or used in any rejection of the claims of the '516 Patent.  Upon inspection
> of the Johnson '989 Patent, the examiner notes that the reference carries a different
> inventive entity than that of the instant application that matured into the '516 Patent, and
> is not part of the priority chain of the instant '516 Patent.  Thus, the reference is seen to
> qualify as prior art under 35 U.S.C. 102(e).

(*Id.* at 4.)  The examiner explained that the '989 patent raised a substantial new question of

patentability and qualified as prior art because it had a different inventive entity than the '516

patent:

> Thus, it is agreed that the consideration of the Johnson '989 Patent raises a substantial
> new question with respect to patented claims 1-29 of the '516 Patent. As noted above, the

3

examiner notes that the reference of the Johnson '989 Patent would qualify as prior art under 35 U.S.C. 102(e), as a different inventive entity exists for the Johnson '989 Patent than that of the instant '516 Patent, therein being a patent "by another".

(*Id.* at 9; *see also id.* at 12 ("the Johnson '989 Patent and the '516 Patent have different inventive entities, the reference of the Johnson '989 Patent is being viewed in a new light").) Specifically, the '516 patent (and the '172 patent and the '683 patent) list four inventors: James Johnson, Robert Kinross, Francis Melly, and Douglas Momyer. '516 patent; '172 patent; '683 patent. Thus, these four are the inventive entity for the patent. The '989 patent, on the other hand, lists only James Johnson and Douglas Momyer as inventors. '989 patent. The PTO considers these groups to have different inventive entities, even though two inventors overlap. *See* PTO Manual of Examining Procedure ("MPEP") 2136.04. (Ex. 19.)

Despite these express findings by the PTO, ePlus falsely contends that the PTO considered the RIMS '989 patent when it originally allowed the claims. (*See, e.g.*, Ex. 9, Hilliard Report ¶ 53 ("Thus, the Patent Office considered both the '989 Patent *and* the RIMS system, and allowed the claims of the patents-in-suit over that Patent and system.") (emphasis added).)

## II.   ARGUMENT

### A.   ePlus Should Not Be Permitted to Make Any Arguments Inconsistent with Statements or Arguments Made During the Reexaminations

The PTO's decision to institute a reexamination because there is a substantial new question of patentability is a final, non-reviewable decision. Manual of Patent Examining Proc. 2646(II) (Ex. 19) ("A substantive determination by the Director of the Office to institute reexamination pursuant to a finding that the prior art patents or printed publications raise a substantial new question of patentability is not subject to review by petition or otherwise."). Thus, regardless of any debate over whether the PTO's claim rejections will withstand appeal or

ePlus's continuing unsuccessful efforts to overturn them, these findings will not change.

Under these circumstances, ePlus should not be allowed to tell the jury that the patents-in-suit enjoy a presumption of validity unless the jury also hears that the PTO has finally found that there are substantial new questions of validity regarding all three patents-in-suit in view of the prior art Lawson is presenting, including but not limited to the RIMS '989 patent. Any other result would be highly prejudicial and unfair to Lawson, as the jury would be left with the false impression that the PTO's approval of the patents in unwavering.

Furthermore, ePlus should not be permitted to make arguments that are inconsistent with the PTO's final findings or ePlus's own arguments made during the reexamination of the patents-in-suit. It should not be allowed to argue one thing in an attempt to obtain its patent and then argue something else in an attempt to prove Lawson infringes.

For example, during the reexamination of the '683 patent, ePlus asserted that it is the *system* that performs the step of method claim 28, not a user, in distinguishing prior art:

> ***The claim requires*** that once a matching item and its associated source is being selected for inclusion in a requisition, ***the system is able to convert the data*** relating to such selected matching item and its associated source to another item having another associated source. The excerpt relied upon by the Examiner fails to teach this feature. *The P.O. Writer Plus system had no capability of **automatically switching items*** nor did it include any cross-reference table allowing a user to compare a selected item and its associated source to another item having another source, as disclosed in the '683 Patent.

(Ex. 10, '683 Reexam, May 6, 2009 Appeal Brief at 85 (emphasis added).)[1] ePlus argued that manual generation was previously known and that the patent is directed to automatic generation:

> The Examiner contends that there is no specific requirement in the claim that the "converting" is done automatically by a system. However, simply reentering any displayed information by keying over the displayed information is not conversion - it is merely reentry of information. Moreover, the Examiner's argument misses the point of

---

[1] The Examiner rejected ePlus's argument that claim 28 requires automatic operation. (Ex. 11, '683 Final Office Action, dated Jan. 8, 2009, at 30-31, at ¶ 57.) ePlus nevertheless maintained its position on appeal.

the invention. The claimed methods are to be done by the electronic sourcing system of the invention. *Manual generation of requisitions and purchase orders was known prior to the invention.* The invention relates to automated processes. The specification makes clear that the "converting data" step is performed automatically by the electronic sourcing system.

(*Id.* at 100-01 (emphasis added).)

ePlus also relied on the declaration of the expert it uses here, Dr. Hilliard, who asserts

that unlike the '683 patent, the prior art system does not perform automated conversion:

I understand that the systems and methods embodied in claims 26-45 are for use in an organization that acquires supplies through the requisition and purchase order process. *These systems and methods automate what was previously a multi-step, manually dependent process.*

[B]ecause the source is not specified in the requisition of the Gateway 2000/MRO manual, even if we were to assume that the timing of the step is irrelevant, the Gateway 2000/MRO manual does not describe any process to [sic] *its teaching is limited to manual modification* of an existing requisition and (a) *there is no teaching about the system performing any "conversion"* (from anything to anything else, let alone conversion from one source-associated item to another source-associated item), and (b) as stated above, the source (if existing in a requisition at all) is not associated with any catalog selection/search process but must, optionally, be entered manually.

(Ex. 12, '683 Reexam, May 29, 2008 Hilliard Decl. at 22, ¶ 50, at 60, ¶ 173 (emphasis added).)

ePlus and its infringement expert now assert in this case, in contrast, that claim 28 of the

'683 patent, is broad enough to include a human doing the substituting.  Specifically, in the

Weaver Report, ePlus asserts that "the system *user may use the system to convert* such selected

matching item and its associated source to an item and a different source, as recited in claim 28."

(Ex. 13, Weaver Report at 39-40, ¶ 132 (emphasis added).)  This argument is inconsistent with

what ePlus has said during reexamination.  ePlus should not be permitted to make such an

inconsistent argument to on one hand attempt to narrow and thus salvage its patent claims, and

on the other hand broaden the claims to ensnare Lawson for infringement.  The PTO, unlike the

courts, is to give claims their broadest reasonable construction.  MPEP § 2111.  (Ex. 19.)  Thus,

6

if ePlus argues that the broadest construction of the claims requires automated converting, it should not be allowed to argue that any other construction lacks such a requirement.

Likewise, ePlus argues in reexamination that the claims are too narrow to include searching by vendor.  Instead, it asserts that the search must be by catalog or that the claimed product must be able to select certain portions of a database for separate search of items associated with a vendor.  (Ex. 14, '172 ePlus Response dated Feb. 19, 2010, at 21 ("For example, in the P.O. Writer Plus system, the system user did have the capability to select to purchase an item from any vendor, but this did not include the capability to ensure that the selected vendor was associated with the selected item in the item database."); *id.* at 21 ("Importantly, with respect to claim 1, the P.O. Writer Plus Guided Tour Manual does not disclose a database containing data relating to items 'associated with at least two vendors.' Vendor data is not associated with item records. Although items may be associated with a Catalog ID and that Catalog ID may be by vendor, it is not necessary to set up a Catalog ID by vendor."); Ex. 10, '683 Appeal Brief, dated May 6, 2010, at 79 ("While this [excerpt from P.O. Writer Manual] may be a selection of a vendor from which to purchase a known item, it is not a selection of a product catalog.").)  Inconsistently, ePlus accuses Lawson's products of infringing because they allegedly search by vendor in certain database tables.  (*See* Ex. 18, Weaver Report at 68, ¶ 161 (accusing POITEMVEN, or the vendor item tables, of infringing).)

ePlus may make other arguments at trial regarding infringement or validity that are inconsistent with the arguments it has made before the PTO that Lawson cannot currently anticipate.  To the extent that ePlus makes such arguments, Lawson requests the ability to at least complete a fair record and respond by pointing to contrary arguments made by ePlus during the reexaminations.

**B.      ePlus Should Not Be Permitted to Argue that the '989 Patent Was Previously Considered by the PTO or that the '989 Patent Is Not Prior Art**

ePlus has inconsistently contended that (1) the PTO considered the '989 patent as prior art during the original prosecution of the patents (*see* Ex. 9, Hilliard Report at 20, ¶ 53), and (2) the '989 patent is not prior art.  ePlus should be barred from arguing that the '989 patent was previously considered.  Moreover, ePlus should also be barred from arguing or testifying that the '989 patent is not prior art.

The PTO has found that the '989 patent is prior art that it did not previously consider. ePlus should not be permitted to suggest otherwise.  As the examiner in the '516 patent reexam recognized, the '989 patent is prior art that was not previously considered by the PTO.  (Ex. 8, '516 Reexam Decision dated Jan. 15, 2010, at 4 (noting that the '989 patent "was not of record" and was not "discussed by the examiner, or used in any rejection"); *see also id.* at 11-12 (noting that the '989 patent "does not appear to have been considered by the examiner in the original prosecution.").)  Likewise, the examiner relied on the '989 patent to reject claims in the '172 reexam.  The only reason that the PTO has not made the same finding for the '683 patent is that the '989 patent was not cited as prior art in that reexamination.  In fact, the '989 patent was subject to the exact same original treatment in those two matters as it was in the original '516 prosecution—it was not of record, was not discussed by the examiner, and not used in any rejection.

In the '172 reexamination, ePlus has argued that the '989 patent is not prior art under 35 U.S.C. § 102(e) because the '989 patent shares some of the same inventors as the '172 patent. (Ex. 14, '172 ePlus Response dated Feb. 19, 2010, at 9-10.)  As the PTO found in granting the '516 reexam, this is not correct.  ePlus relied on MPEP § 716.10 (Ex. 19), but that section is inapplicable.  Under MPEP § 716.10, a prior art patent can only be avoided as prior art by

declaration if all of the inventors of the patent being examined are named in the prior art patent. In other words, the prior art patent must have as many, or more, inventors than the patent being examined. That is not the case here. Here, the prior '989 patent names two inventors—James Johnson and Douglas Momyer—while the patents-in-suit names four inventors—James Johnson, Robert Kinross, Francis Melly, and Douglas Momyer.

This is further demonstrated by MPEP § 2136.05 (Ex. 19), which states that MPEP § 716.10 only allows an applicant to overcome a section 102(e) rejection through an "unequivocal declaration that the patentee conceived that which is disclosed in the prior patent." The four-person inventive entity named on the '172 patent is different from the two-person inventive entity listed on the '989 patent. *See* MPEP § 2316.04. (Ex. 19.) Indeed, to avoid the '989 patent as prior art, ePlus would have had to prove that the subject matter of the '172 patent *predates* the subject matter of the '989 patent. That is not the case. ePlus does not even attempt such a showing that the four-person inventive entity named in the '172 patent made the subject matter of the claims before the subject matter of the previously-filed '989 patent was known or used in this country. Consistent with this, the PTO has specifically found that the '989 patent is § 102(e) prior art. (*See* Ex. 8, '516 Reexam Decision dated Jan. 15, 2010, at 4 ("Upon inspection of the Johnson '989 Patent, the examiner notes that the reference carries a different inventive entity than that of the instant application that matured into the '516 Patent, and is not part of the priority chain of the instant '516 Patent. Thus, the reference is seen to qualify as prior art under 35 U.S.C. 102(e)."); *id.* at 12 ("the examiner notes that the reference of the Johnson '989 Patent would qualify as prior art under 35 U.S.C. 102(e), as a different inventive entity exists for the Johnson '989 Patent than that of the instant '516 Patent, therein being a patent 'by another'.").)

Likewise, ePlus has argued in the '172 reexamination that the '989 patent is not section

103 prior art, asserting that section 103(c)(1) applies because the invention of the '172 patent and the invention of the '989 patent were both either owned by or subject to an obligation of assignment to the same entity. This, too, is not correct. As an initial matter, section 103(c)(1) only applies if the prior art patent *only* qualifies as prior art under 102(e), 102(f), or 102(g). 35 U.S.C. § 103(c)(1).

Here, the '989 patent is also prior art under 102(a) and 102(b). Inventor Mr. Johnson admitted that the RIMS system disclosed in the '989 patent was sold and offered for sale more than one year before the effective filing date of the '172 patent. (Ex. 15, Johnson 12/09 Dep. Tr. at 15:12-21, 16:4-20, 19:9-17.) Mr. Kinross also acknowledged that the RIMS system disclosed in the '989 patent was among the previously known requisition and purchasing systems, was marketed at trade shows, and was offered to customers more than one year before the effective filing date of the '172 patent. (Ex. 16, Kinross 12/09 Dep. Tr. at 24:5-25:2, 70:11-18.) Indeed, the '172 patent admits that the RIMS system was a "known" system. (Ex. 17, '172 patent, 1:15-22.) This testimony and other evidence demonstrates that the subject matter of the '989 patent was "in public use or on sale in this country more than one year prior to the date of application for patent in the United States" and thus is also prior art under 35 U.S.C. § 102(b). ePlus provided no contrary evidence. Therefore, the subject matter of the '989 patent is also prior art under 35 U.S.C. § 102(a), and thus may be considered in combination with other prior art under 35 U.S.C. § 103. Thus, Lawson respectfully requests that this court exclude any prejudicial and misleading arguments that the '989 patent is not prior art.

## III.    CONCLUSION

Pursuant to Rules 402 and 403, as well as precedent of the Federal Circuit, Lawson respectfully requests that ePlus be precluded from presenting arguments or evidence inconsistent

10

with the PTO's final findings that prior art not previously considered by the PTO raises a "substantial new question" as to the validity of each of the patents in suit.  Lawson also respectfully requests that ePlus be precluded from presenting arguments or evidence that the '989 patent was previously considered by the PTO or that it is not prior art, in view of the PTO's express findings to the contrary.  Lawson also respectfully requests that ePlus be precluded from presenting arguments or evidence inconsistent with the arguments it has made in the reexaminations.

                                        LAWSON SOFTWARE, INC.


                                        By____/s/_____
                                                    Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42658)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of June, 2010, a true copy of the foregoing will be filed

electronically with the Clerk of Court using the CM/ECF system, which will send a notification

of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

                                           /s/
                                       Dabney J. Carr, IV (VSB No. 28679)
                                       Robert A. Angle (VSB No. 37691)
                                       Megan C. Rahman (VSB No. 42678)
                                       dabney.carr@troutmansanders.com
                                       robert.angle@troutmansanders.com
                                       megan.rahman@troutmansanders.com
                                       **TROUTMAN SANDERS LLP**
                                       1001 Haxall Point
                                       Richmond, VA 23219
                                       Telephone:  (804) 697-1200
                                       Facsimile:  (804) 697-1339
                                       *Counsel for Defendant Lawson Software, Inc.*

12