# EXHIBIT 5

| ORDER GRANTING/DENYING REQUEST FOR INTER PARTES REEXAMINATION | Control No. 95/000,487 | Patent Under Reexamination 6505172 | |
|---|---|---|---|
| | Examiner JOSEPH R. POKRZYWA | Art Unit 3992 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s):  ☐ PTO-892  ☒ PTO/SB/08  ☐ Other: _____

1. ☒ The request for *inter partes* reexamination is GRANTED.

    ☒ An Office action is attached with this order.

    ☐ An Office action will follow in due course.

2. ☐ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

Application/Control Number: 95/000,487                                      Page 2
Art Unit: 3992

## DECISION GRANTING INTER PARTES REEXAMINATION

### *Reexamination*

1.      A substantial new question of patentability (SNQ) affecting claims 1-5 of United States

Patent Number 6,505,172 to Johnson *et al.* (hereafter "the '172 Patent") is raised by the present

request for *inter partes* reexamination filed on 8/21/2009 for the reasons indicated below.


2.      Extensions of time under 37 CFR 1.136(a) will not be permitted in *inter partes*

reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant"

and not to the patent owner in a reexamination proceeding.  Additionally, 35 U.S.C. 314(c)

requires that *inter partes* reexamination proceedings "will be conducted with special dispatch"

(37 CFR 1.937).  Patent owner extensions of time in *inter partes* reexamination proceedings are

provided for in 37 CFR 1.956.  Extensions of time are not available for third party requester

comments, because a comment period of 30 days from service of patent owner's response is set

by statute.  35 U.S.C. 314(b)(3).

Application/Control Number: 95/000,487                                    Page 3
Art Unit: 3992

### *Substantial New Question of Patentability*

3.      For "a substantial new question of patentability" (SNQ) to be present, it is only necessary
that:

        A.      The prior art patents and or printed publications raise a substantial question of
patentability regarding at least one claim, i.e., the teaching of the prior art patents and printed
publications is such that a reasonable examiner would consider the teaching to be important in
deciding whether or not the claim is patentable; it is not necessary that the prior art establish a
*prima facie* case of unpatentability; and

        B.      The same question of patentability as to the claim has not been decided by the
Office in a previous examination or pending reexamination of the patent or in a final holding of
invalidity by the Federal Courts in a decision on the merits involving the claim.


4.      In this regard, the examiner notes that MPEP 2642 [R-5] states in part:

>        The presence or absence of "a substantial new question of patentability" determines
>        whether or not reexamination is ordered. The meaning and scope of the term "a
>        substantial new question of patentability" is not defined in the statute and must be
>        developed to some extent on a case-by-case basis, using the case law to provide guidance
>        as will be discussed in this section.
>        If the prior art patents and printed publications raise a substantial question of patentability
>        of **at least one claim of the patent, then a substantial new question of patentability is
>        present**, unless the same question of patentability has already been decided by (A) a final
>        holding of invalidity, after all appeals, or (B) by the Office in a previous examination or
>        pending reexamination of the patent. [Emphasis added].

Application/Control Number: 95/000,487                                     Page 4
Art Unit: 3992

### *Listing of Prior Art*

5.     In the Request for Reexamination, the Third Party Requester alleges that the '172 Patent

**claims 1-5** are unpatentable in light of the following references:


a.     U.S. Patent Number 6,963,551, issued to Doyle *et al.* (noted as the "Doyle '551

       Patent");

b.     U.S. Patent Number 5,712,989, issued to Johnson *et al.* (noted as "the Johnson

       '989 Patent");

c.     "A Practical Guide to SABRE Reservations and Ticketing", 1992 (noted as the

       "Practical Guide");

d.     "Reservations and Ticketing with SABRE", 1990 (noted as "Reservations and

       Ticketing");

e.     SABRE Total Access, 1993 (noted as "SABRE Total Access");

f.     SABRE Savvy 1993 (noted as "SABRE Savvy");

g.     J-CON Manual, 1994 (noted as the "J-CON Manual");

h.     J-CON System User's Manual, Vol. 3, Part-Finder, 1989 (noted as "Part-Finder");

i.     J-CON RDB Guide, 1993 (noted as the "J-CON RDB Guide");

j.     Gateway 2000/MRO Version Manual, 1991 (noted as the "Gateway 2000/MRO

       Version Manual");

k.     TSA Gateway Purchasing Manual, 1993 (noted as the "Gateway Purchasing

       Manual");

Application/Control Number: 95/000,487                                      Page 5
Art Unit: 3992

l.    TSA Gateway Inventory Processes User Manual, 1993 (noted as the "Gateway
      Inventory Process Manual);

m.    Gateway The Newsletter for Purchasing Automation, Vol. 3, issue 1, Jan. 1991
      (noted as the "Gateway Newsletter, January 1991");

n.    Gateway The Newsletter for Purchasing Automation, Vol. 3, issue 2, Apr. 1991
      (noted as the "Gateway Newsletter, April 1991");

o.    TSA Gateway DOS Product Overview, 1993 (noted as the "Gateway DOS
      Product Overview");

p.    Gateshow demonstration program screenshots, 1993 (noted as the "Gateshow
      screenshots"); and

q.    P.O. Writer Plus V.10 Manual, 1993 (noted as the "P.O. Writer Plus Manual").

6.    Each of the references noted above are newly cited by the Third Party Requester and
were not considered, nor discussed during the prosecution of the application that became the
'172 Patent.  Further, as discussed by the Third Party Requester on page 13 of the Request, the
Johnson'989 Patent was referenced in the Background of the Invention of the '172 Patent, but
the reference was not used as the basis for any rejection, nor is the record clear that the examiner
at the time considered the Johnson '989 Patent.  Thus, in this proceeding the Johnson '989 Patent
is being viewed in a new light with respect tot the original prosecution of the application that
became the '172 Patent.

Application/Control Number: 95/000,487                                    Page 6
Art Unit: 3992

### *Requester's Position*

7.      The Third Party Requester asserts that the cited references raise SNQ's for claims 1-5 of

the '172 Patent in the following manner:

      **Issue #1.**      Claims 1-5 of the '172 Patent to be anticipated by the Doyle '551 Patent;

      **Issue #2.**      Claims 1, 3, 4, and 5 of the '172 Patent to be anticipated by the Johnson

'989 Patent;

      **Issue #3.**      Claims 1-5 of the '172 Patent to be rendered obvious over the Practical

Guide in view of Reservations and Ticketing, and further in view of SABRE Total Access and

SABRE Savvy;

      **Issue #4.**      Claims 1-5 of the '172 Patent to be anticipated by Practical Guide;

      **Issue #5.**      Claims 1-5 of the '172 Patent to be rendered obvious over the J-CON

Manual in view of the Part Finder and further in view of the J-CON RDB Guide.

Application/Control Number: 95/000,487                                    Page 7
Art Unit: 3992

**Issue #6.**     Claims 1-5 of the '172 Patent to be rendered obvious over the Gateway

2000/MRO Version Manual in view of the Gateway Purchasing Manual and the Gateway

Inventory Processes User Manual, and further in view of the Gateway Newsletter, January 1991,

the Gateway Newsletter, April 1991, the Gateway DOS Product Overview, and the Gateshow

screenshots.


**Issue #7.**     Claims 1-5 of the '172 Patent to be anticipated by the P.O. Writer Plus

Manual.

Application/Control Number: 95/000,487                                    Page 8
Art Unit: 3992

### *Prosecution History of the '172 Patent*

8.      The '172 Patent issued on Jan. 7, 2003 from U.S. Application Number 09/532,557, being

filed Mar. 22, 2000, which is noted as being a division of U.S. Application Number 09/234,366,

filed on Jan. 20, 1999, now U.S. Patent Number 6,055,516, which is noted as a continuation of

U.S. Application Number 08/288,577, being filed on Aug. 10, 1994, now U.S. Patent Number

6,023,683.


9.      Upon review of the prosecution history of the application that matured into the '172

Patent, the original examiner issued a Notice of Allowance on 6/26/2002, allowing claims 80-84

(renumbered as patented claims 1-5, respectively).  Further, the application that matured into the

instant '172 Patent was filed with a preliminary amendment that canceled claims 1-78, and added

claim 79.  Claim 79 was rejected in a subsequent Office action dated 4/25/2001 as being

anticipated by U.S. Patent Number 4,992,940, issued to Dworkin, and also was rejected under

the judicially created doctrine of nonstatutory double patenting over various claims of U.S.

Patent Number 6,023,683.  Subsequently, the applicant filed a Supplemental Amendment on

8/24/2001, which canceled claim 79, and added new claims 80-84.  Subsequently, a final Office

action was mailed, which objected to the disclosure for various reasons, and rejected claims 80-

84 under nonstatutory double patenting over claims of U.S. Patent 6,023,683.  Additionally, this

Office action stated "All rejections and objections of the previous Office action not repeated or

modified and repeated here in have been overcome by applicant's last response."  Subsequently,

the applicant submitted a Terminal Disclaimer, and an amendment that corrected the minor

informalities.

Application/Control Number: 95/000,487                                    Page 9
Art Unit: 3992

10.     In response to this, the Notice of Allowance was mailed on 6/26/2002, wherein the

examiner at the time stated

> The following is an Examiner's Statement of Reasons for Allowance:
>
>> A) the prior art, for example, Dworkin (4,992,940) discloses a system in which:
>>
>>> (1) an user inputs product descriptive information;
>>>
>>> (2) the product descriptive information is used to search a database that contains product information from at least one vendor for products related to the descriptive information;
>>>
>>> (3) a list of matching products is presented to the user;
>>>
>>> (4) the user selects products from the list of matching products; and
>>>
>>> (5) the user may place an order with the vendor for the selected product.
>>
>> B) however in regard to claim 80, the prior art does not teach or suggest a system in which:
>>
>>> (1) an user inputs product descriptive information;
>>>
>>> (2) the product descriptive information is used to search a database that contains product information from at least one vendor for products related to the descriptive information, where portions of the database are separately searchable;
>>>
>>> (3) a list of matching products is presented to the user;
>>>
>>> (4) a requisition is generated based on information about the products selected by the user from the list of matching products; and
>>>
>>> (5) the requisition is processed to generate purchase orders for the products selected by the user from the list of matching products.

11.     With this, the allowable features, with respect to the prior art of record, and particularly

the reference of Dworkin, appear to be that portions of the database are separately searchable,

and that a requisition is generated based on information about the products selected by the user

from the list of matching products, and the requisition is processed to generate purchase orders

for the products selected by the user from the list of matching products.

Application/Control Number: 95/000,487                                    Page 10
Art Unit: 3992

12.      Further, the difference between rejected claim 79 and allowed claim 80 within the

application that became the '172 Patent are the limitations that add features shown below as

underlined from the originally rejected claim 79.  Claim 80 includes the limitations:

> a database containing data relating to items associated with at least two vendors
> maintained so that selected portions of the database may be searched separately;
>
> means for entering product information that at least partially describes at least
> one desired item;
>
> means for searching for matching items that match the entered product
> information in the selected portions of the database;
>
> means for generating an order list that includes at least one matching item
> selected by said means for searching;
>
> means for building a requisition that uses data obtained from said database
> relating to selected matching items on said order list;
>
> means for processing said requisition to generate purchase orders for said
> matching items.

13.      With this, the features that rendered the claim allowable over the reference of Dworkin is

the addition of the entering product information limitation and the "order list" limitation.

Application/Control Number: 95/000,487                                          Page 11
Art Unit: 3992

### *Discussion of Issues that Raise an SNQ*

14.    As noted above, the examiner notes that MPEP 2642 [R-5] states in part:

> The presence or absence of "a substantial new question of patentability" determines
> whether or not reexamination is ordered. The meaning and scope of the term "a
> substantial new question of patentability" is not defined in the statute and must be
> developed to some extent on a case-by-case basis, using the case law to provide guidance
> as will be discussed in this section.
>
> If the prior art patents and printed publications raise a substantial question of patentability
> of **at least one claim of the patent, then a substantial new question of patentability is
> present,** unless the same question of patentability has already been decided by (A) a final
> holding of invalidity, after all appeals, or (B) by the Office in a previous examination or
> pending reexamination of the patent. [Emphasis added].

15.    With this, the examiner notes that the '172 Patent includes one independent claim, being

claim 1, whereby the examiner believes the allowable features in the original prosecution history

of the '172 Patent appear to be included within the limitation that requires "means for generating

an order list that includes at least one matching item selected by said means for searching".

16.    With respect to *Issue #1*, the request indicates that the Third Party Requester considers

claims 1-5 of the '172 Patent to be anticipated over the Doyle '551 Patent.  It is agreed that the

consideration of the Doyle '551 Patent raises a substantial new question of patentability as to

claims 1-5 of the '172 Patent.  Particularly, the Doyle '551 Patent is seen as teaching of an

electronic requisitioning system that allows a system to access an catalog and utilize a requisition

form to generate an order list that includes a searched matching item, whereby "requisitions are

Application/Control Number: 95/000,487                                          Page 12
Art Unit: 3992

segregated by supplier and sent as purchase orders to appropriate internal suppliers and outside

venders", as stated in the Abstract.


17.     The additional discussion provided by the Third Party Requester of the reference of the

Doyle '551 Patent, as noted in the Request for Reexamination on page 18, line 16 through page

31, line 35, are hereby incorporated by reference from the Request for Reexamination for their

explanation of the teachings provided in the Doyle '551 Patent, which was not present in the

prosecution of the application which became the '172 Patent.  Further, there is a substantial

likelihood that a reasonable examiner would consider this teaching important in deciding

whether or not the claims are patentable.  Accordingly, the reference of the Doyle '551 Patent is

seen to raise a substantial new question of patentability as to claims 1-5, which question has not

been decided in a previous examination of the '172 Patent.


18.     Continuing, with respect to *Issue #2*, the request indicates that the Third Party Requester

considers claims 1, 3, 4, and 5 of the '172 Patent to be anticipated by Johnson '989 Patent.  It is

agreed that the consideration of Johnson '989 raises a substantial new question of patentability as

to claims 1, 3, 4, and 5 of the '172 Patent.  Particularly, the Johnson '989 Patent is seen as

teaching of a requisition and inventory management system that allows a user to access catalogs,

as seen in Figs. 2A, 2B, and 3, and which generates an order list that includes a searched

matching item, as seen in steps 201-212 in Fig. 3.

19.     The additional discussion provided by the Third Party Requester of the reference of the

Johnson '989 Patent, as noted in the Request for Reexamination on page 31, line 36 through page

45, line 21, are hereby incorporated by reference from the Request for Reexamination for their

explanation of the teachings provided in the Johnson '989 Patent, which is being viewed in a

new light with respect to the original prosecution of the '172 Patent.  The above substantial new

question to the Johnson '989 Patent is based solely on patents and/or printed publications already

cited/considered in an earlier concluded examination of the patent being reexamined.  On

November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part

(a) of the Act revised the reexamination statute by adding the following new last sentence to 35

U.S.C. 303(a) and 312(a):


          "The existence of a substantial new question of

patentability is not precluded by the fact that a patent or

printed publication was previously cited by or to the Office or

considered by the Office."


For any reexamination ordered on or after November 2, 2002, the effective date of the

statutory revision, reliance on previously cited/considered art, i.e., "old art," does not necessarily

preclude the existence of a substantial new question of patentability (SNQ) that is based

exclusively on that old art.  Rather, determinations on whether a SNQ exists in such an instance

shall be based upon a fact-specific inquiry done on a case-by-case basis.  In the present instance,

there exists a SNQ based solely on the 'Johnson '989 Patent.  As discussed above, the Johnson

Application/Control Number: 95/000,487                                      Page 14
Art Unit: 3992

'989 Patent is mentioned in column 1 of the '172 Patent, but the reference was not relied on in

any rejection, nor expressly discussed with respect to the claims of the '172 Patent.  Thus, with

the Third Party Requester's discussion of the Johnson '989 Patent, the reference of the Johnson

'989 Patent is being viewed in a new light.  Accordingly, the reference of the Johnson '989

Patent is seen to raise a substantial new question of patentability as to claims 1, 3, 4, and 5,

which question has not been decided in a previous examination of the '172 Patent.


20.      Continuing, with respect to *Issue #3*, the request indicates that the Third Party Requester

considers claims 1-5 of the '172 Patent to be unpatentable over the SABRE References, which

include the references of a Practical Guide in view of Reservations and Ticketing, further in view

of SABRE Total Access, and SABRE Savvy.  With regard to the published descriptions of

American Airlines' SABRE system, it is agreed that these references raise a substantial new

question of patentability to claims 1-5. As pointed out in the Request, the SABRE printed

publications teach that the American Airlines' SABRE system was a computer-implemented

airlines reservation system that allowed travelers to research, select, confirm and pay for a travel

itinerary that included confirmed seats on desired flights with multiple airlines. It also enabled

users to search for, select, confirm, and pay for hotel, rental car, and cruise reservations.  The

SABRE system maintained a collection of catalogs of travel offerings in the SABRE system

information database, portions of which could be selected and searched to locate, for example, a

particular desired flight or flights using multiple search criteria. Upon selection of a desired

flight from the results of a database search, the SABRE system could transfer the relevant flight

segment information to an electronic itinerary (called a "Passenger Name Record" or "PNR" in

the SABRE literature).  As reflected on page 46 of the Request, the SABRE system is seen as

teaching of a "means for building a requisition" and "means for processing said requisition to

generate purchase orders".  For a selected flight segment on the itinerary, the SABRE system

could: (1) determine the seat availability in airlines' inventory; (2) determine the price of the

airline seat on the itinerary; (3) perform cross-referencing or converting of a flight segment on

the itinerary to determine an alternative airline offering a comparable flight segment; and (4)

generate multiple purchase orders from a single itinerary if an itinerary included flights on

different airlines or included hotel, car, or cruise reservations.


21.     The additional discussion provided by the Third Party Requester of the SABRE

References, as noted in the Request for Reexamination on page 45, line 22 through page 68, line

10, are hereby incorporated by reference from the Request for Reexamination for their

explanation of the teachings provided in the SABRE References, which were not present in the

prosecution of the application which became the '172 Patent.  Further, there is a substantial

likelihood that a reasonable examiner would consider these teachings important in deciding

whether or not the claims are patentable, and these teachings are not cumulative to the teachings

of the prior art applied or discussed on the record in the examination of the '172 Patent or subject

to a final holding of invalidity by Federal Courts.  Accordingly, the SABRE References are seen

to raise a substantial new question of patentability as to claims 1-5, which question has not been

decided in a previous examination of the '172 Patent.

Application/Control Number: 95/000,487                                    Page 16
Art Unit: 3992

22.     Continuing, with respect to *Issue #4*, the request indicates that the Third Party Requester

considers claims 1-5 of the '172 Patent to be anticipated by the Practical Guide, being included

in the SABRE References, as discussed above.  The additional discussion provided by the Third

Party Requester of the Practical Guide, as noted in the Request for Reexamination on page 68,

line 11 through page 82, line 19, are hereby incorporated by reference from the Request for

Reexamination for their explanation of the teachings provided in the Practical Guide, which was

not present in the prosecution of the application which became the '172 Patent.  Further, there is

a substantial likelihood that a reasonable examiner would consider this teaching important in

deciding whether or not the claims are patentable, and this teaching is not cumulative to the

teachings of the prior art applied or discussed on the record in the examination of the '172 Patent

or subject to a final holding of invalidity by Federal Courts.  Accordingly, the Practical Guide is

seen to raise a substantial new question of patentability as to claims 1-5, which question has not

been decided in a previous examination of the '172 Patent.

Application/Control Number: 95/000,487                                    Page 17
Art Unit: 3992

23.     Continuing, with respect to *Issue #5*, the request indicates that the Third Party Requester

considers claims 1-5 of the '172 Patent to be unpatentable over the J-CON References, which

include the references of the J-CON Manual, in view of Part Finder, and further in view of the J-

CON RDB Guide.  With regard to these printed publications relating to the J-CON System, it is

generally agreed that these references raise a substantial new question of patentability to claims

1-5.  As pointed out in the Request, the J-CON Manual teaches an electronic sourcing system,

the J-CON ("Jobber – Connection") system, that was designed for use in the operation and

management of automotive parts stores (automotive parts stores were called "Jobbers" in the J-

CON literature). The J-CON system maintained a library of automotive parts catalogs from many

sources in an electronic database, portions of which could be selected and searched for a desired

automotive part.  Upon selection of desired parts from database search results, the J-CON system

could transfer the relevant automotive parts information for the selected parts from the database

onto an electronic requisition (called a "ticket" in the J-CON literature).  Finally, the J-CON

system could generate multiple purchase orders from a single requisition.


24.     The additional discussion provided by the Third Party Requester of the J-CON

References, as noted in the Request for Reexamination on page 82, line 20 through page 102,

line 2, are hereby incorporated by reference from the Request for Reexamination for their

explanation of the teachings provided in the J-CON References, which were not present in the

prosecution of the application which became the '172 Patent.  Further, there is a substantial

likelihood that a reasonable examiner would consider these teachings important in deciding

whether or not the claims are patentable, and these teachings are not cumulative to the teachings

Application/Control Number: 95/000,487                                    Page 18
Art Unit: 3992

of the prior art applied or discussed on the record in the examination of the '172 Patent or subject

to a final holding of invalidity by Federal Courts.  Accordingly, the J-CON References are seen

to raise a substantial new question of patentability as to claims 1-5, which question has not been

decided in a previous examination of the '172 Patent.



25.     Continuing, with respect to *Issue #6*, the request indicates that the Third Party Requester

considers claims 1-5 of the '172 Patent to be unpatentable over the Gateway References, which

includes the Gateway 2000/MRO Version Manual, in view of the Gateway Purchasing Manual

and the Gateway Inventory Processes User Manual, and further in view of the Gateway

Newsletter, January 1991, the Gateway Newsletter, April 1991, the Gateway DOS Product

Overview, and the Gateshow screenshots.  With regard to the printed publications relating to the

Gateway 2000 system, it is generally agreed that these references raise a substantial new

question of patentability to claims 1-5.  As pointed out in the Request, as taught by the Gateway

2000/MRO Version Manual Reference, and further described by the other Gateway References,

the Gateway 2000/MRO system was a complete electronic sourcing system with a rich set of

catalog, purchasing and inventory management capabilities. It included a purchasing module,

requisitioning module, and an inventory control module, among others, and maintained a

database of third-party product information such as product number, product description, vendor

identification code, vendor catalog number, price, commodity code, unit of measure, and

inventory status.  The product information database was searchable using multiple search

criteria.  The Gateway 2000/MRO system included a separate table in the product information

Application/Control Number: 95/000,487                                    Page 19
Art Unit: 3992

database for electronic product catalogs that the user wished to maintain. The user could search

for and select desired items from electronic catalogs for inclusion on requisitions. The Gateway

2000/MRO system generated requisitions, and generated multiple purchase orders from

requisitions.


26.     The additional discussion provided by the Third Party Requester of the Gateway

References, as noted in the Request for Reexamination on page 102, line 3 through page 122,

line 30, are hereby incorporated by reference from the Request for Reexamination for their

explanation of the teachings provided in the Gateway References, which were not present in the

prosecution of the application which became the '172 Patent. Further, there is a substantial

likelihood that a reasonable examiner would consider these teachings important in deciding

whether or not the claims are patentable, and these teachings are not cumulative to the teachings

of the prior art applied or discussed on the record in the examination of the '172 Patent or subject

to a final holding of invalidity by Federal Courts. Accordingly, the Gateway References are seen

to raise a substantial new question of patentability as to claims 1-5, which question has not been

decided in a previous examination of the '172 Patent.


27.     Continuing, with respect to *Issue #7*, the request indicates that the Third Party Requester

considers claims 1-5 of the '172 Patent to be anticipated by the P.O. Writer Plus Manual. With

regard to the P. O. Writer Plus Manual, it is generally agreed that this reference raises a

substantial new question of patentability to claims 1-5. As pointed out in the Request, the P.O.

Application/Control Number: 95/000,487                              Page 20
Art Unit: 3992

Writer Plus Manual teaches of an electronic sourcing system that includes an electronic database

that retains and retrieves product information from multiple vendors, including such product

information as an item number, item description, inventory location, price, commodity code, unit

of measure and vendor identification.  Product information could be maintained within the P.O.

Writer Plus system as product catalogs organized in various ways, including by vendor or by

product type.  Further, the P.O. Writer Plus system allows a user to select product catalogs to

search, resulting in a search of less than the entire data set in the database, and allows a user to

search for matching items among selected product catalogs by specifying various search criteria

including item number, commodity code, and keyword associated to the item description.  Upon

selection of a desired item from the results of a database search, the P.O. Writer Plus system is

capable of transferring the relevant product information for the selected item from the database

onto an electronic requisition.  For a selected item in the requisition, the P.O. Writer Plus system

is then capable of generating multiple purchase orders from a single requisition.  These teachings

are not cumulative to the teachings of the prior art applied or discussed on the record in the

examination of the '172 Patent or subject to a final holding of invalidity by Federal Courts, and a

reasonable examiner would consider this teaching to be important in deciding whether or not to

allow the aforesaid claims.


28.      The additional discussion provided by the Third Party Requester of the P.O. Writer Plus

Manual, as noted in the Request for Reexamination on page 122, line 31 through page 146, line

12, are hereby incorporated by reference from the Request for Reexamination for their

explanation of the teachings provided in the P.O. Writer Plus Manual, which was not present in

Application/Control Number: 95/000,487                                          Page 21
Art Unit: 3992

the prosecution of the application which became the '172 Patent. Further, there is a substantial

likelihood that a reasonable examiner would consider this teaching important in deciding

whether or not the claims are patentable, and this teaching is not cumulative to the teachings of

the prior art applied or discussed on the record in the examination of the '172 Patent or subject to

a final holding of invalidity by Federal Courts. Accordingly, the P.O. Writer Plus Manual is seen

to raise a substantial new question of patentability as to claims 1-5, which question has not been

decided in a previous examination of the '172 Patent.

### *Litigation Reminder*

29.     The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving

Patent No. 6,505,172 throughout the course of this reexamination proceeding. The third party

requester is also reminded of the ability to similarly apprise the Office of any such activity or

proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282

and 2286.

Application/Control Number: 95/000,487                                    Page 22
Art Unit: 3992

## *Conclusion*

30.   **Claims 1-5** of U.S. Patent Number 6,505,172 are subject to reexamination.


31.   **All** correspondence relating to this *inter partes* reexamination proceeding should be
directed:

By Mail to:      Mail Stop *Inter Partes* Reexam
                 Attn: Central Reexamination Unit
                 Commissioner of Patents
                 United States Patent & Trademark Office
                 P.O. Box 1450
                 Alexandria, VA 22313-1450

By FAX to:       (571) 273-9900
                 Central Reexamination Unit

By hand:         Customer Service Window
                 Randolph Building
                 401 Dulany St.
                 Alexandria, VA 22314

        Any inquiry concerning this communication or earlier communications from the
examiner, or as to the status of this proceeding, should be directed to the Central Reexamination
Unit at telephone number (571) 272-7705.


Signed:

Joseph R Pokrzywa

Primary Patent Examiner

Central Reexamination Unit 3992

(571) 272-7410


Conferees:       /r.g.f./

                 /Sue Lao/