# EXHIBIT 11



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,104 | 09/15/2006 | 6023683 | 64121.000014 | 2837 |

| 70813 | 7590 | 01/08/2009 |
|---|---|---|

GOODWIN PROCTER LLP
901 NEW YORK AVENUE, N.W.
WASHINGTON, DC  20001

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 01/08/2009

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

LEE PATCH, ESQ.
DAY CASEBEER MADRID & BATCHELDER
20300 STEVENS CREEK BLVD., SUITE 400
CUPERTINO, CA 95014

MAILED

JAN 0 8 2009

CENTRAL REEXAMINATION UNIT

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,104*.

PATENT NO. *6023683*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

Application/Control Number: 90/008,104 Page 30
Art Unit: 3992

data relating to a selected matching item and an associated source to data relating to an item and a different source". Further, the Patent Owner argues that the modification of fields described on pages 4-26 and 4-28, "deal with modifying fields in the requisition", as the "purchase order has not yet been created", therein being out of sequence with the steps of claim 26. However, the examiner notes that the claimed order of the limitations is not required to be in that specific order, as argued by the Patent Owner.

55. In this regard MPEP 2111.01 [R-5] states in part:

> Altiris Inc. v. Symantec Corp., 318 F.3d 1363, 1371, 65 USPQ2d 1865, 1869-70 (Fed. Cir. 2003) (Although the specification discussed only a single embodiment, the court held that it was improper to read a specific order of steps into method claims where, as a matter of logic or grammar, the language of the method claims did not impose a specific order on the performance of the method steps, and the specification did not directly or implicitly require a particular order).

56. Thus, in the instant case, there is no requirement in the current claim language that the converting step occurs after a purchase order is generated. Particularly, the claim states "converting data relating to a selected matching item and an associated source to data relating to an item and a different source". Nothing in this limitation states or requires that the converting is to occur after the purchase order is generated. If the Patent Owner wishes that this feature be considered, then the claim must be amended accordingly.

57. Continuing, the Patent Owner argues that there is no teaching that the system performs any conversion, as the conversion must be entered manually. However, as the claims are

currently worded, there is no specific requirement that the "converting" is an automatic conversion done automatically by a system. If the Patent Owner wishes that this feature be considered, then the claim must be amended accordingly.

58. As seen on pages 4-26 through 4-28, the Gateway 2000/MRO Manual describes a Requisition Maintenance" function, and states that "Any field (other than the requisition number) can be changed through requisition maintenance." With this, the "Requisition Maintenance" function allows for converting data relating to a selected matching item to data relating to an item and a different source, as a primary vendor can be changed to a secondary vendor, with both being seen on page 12-3, by converting the vendor ID numbers, seen on page 4-27, as well as on pages 4-8 and 4-9.

59. Regarding dependent *claims 29 and 30*, the Patent Owner argues on page 75 that the Gateway 2000/MRO Manual fails to teach of "determining whether a selected matching item is available in inventory" as well as "determining the applicable price of a selected matching item". As noted above in the discussion of claim 26, the Gateway 2000/MRO Manual describes "determining whether a selected matching item is available in inventory." Continuing, the Patent Owner argues that the Gateway 2000/MRO Manual does not teach of the system being able to recognize or use any applicable price for an item. As described by the Patent Owner, the Gateway 2000/MRO Manual teaches on page 4-8 that prices are entered into the system and can compute sales tax on those prices. This effectively can be interpreted as teaching "determining the applicable price of a selected matching item", as the applicable price for the specific item is