# EXHIBIT 12

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Reexamination of: ) | |
| ) | |
| Patent Number: 6,023,683 ) | Group Art Unit: 3992 |
| ) | |
| Control Number: 90/008,104 ) | Examiner: Joseph R. Pokrzywa |
| ) | |
| Filing Date: 9/15/2006 ) | |
| ) | |
| For: ELECTRONIC SOURCING ) | |
| SYSTEM AND METHOD ) | |
| ) | |

Commission for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**DECLARATION UNDER 37 C.F.R. § 1.132 OF BROOKS L. HILLIARD SUPPORTING PATENTABILITY OF U.S. PATENT NO. 6,023,683 AND TRAVERSING REJECTIONS IN OFFICE ACTION DATED 2/29/2008**

I, Brooks L. Hilliard, being over eighteen years of age, declare and state the following:

**I.   INTRODUCTION**

    1. I have been asked by ePlus, Inc. ("ePlus"), the owner of U.S. Patent 6,023,683 (the '683 patent), to provide my expert opinion in support of the patentability of the claims and traversing the claims rejections set forth in the Office Action dated February 29, 2008 ("Office Action") in the above-captioned reexamination application. I am being compensated for my time at the rate of $450 per hour.

    2. I currently hold the opinions set forth in this declaration.

    3. In summary, it is my opinion that the rejections set forth in the Office Action fail to anticipate many of the claim elements of at least each independent claim of the '683 patent that is under reexamination. My detailed responses to the Examiner's outstanding rejections are set forth below.

1

information describing the selected parts to a point-of-sale system to permit consummation of the transaction.

50. I understand that the systems and methods embodied in claims 26-45 are for use in an organization that acquires supplies through the requisition and purchase order process. These systems and methods automate what was previously a multi-step, manually-dependent process. These systems exist primarily for the benefit of the entity seeking to purchase products, that is, the purchaser.

51. In contrast, J-CON system is intended for retailer applications. The J-CON system assists retailers in selling auto parts to customers who come into the retailer's store to find desired parts and buy them directly. While a particular retailer may stock parts from many different manufactures, the retailer is selling the customer only those parts that it has in its own inventory, not parts of other retailers. Thus, there is only a single source in the J-CON system – the retailer using the system. Moreover, requisitions and purchase orders are not part of the process – these are unique to institutional customers. In contrast to the method described in claim 26, the J-CON system is intended to benefit the seller.

52. The buyer seller distinction between the systems and methods of claims 26-45 and the J-CON system are not merely abstract. These distinctions are manifestly obvious when the language of the claims, according them the claim constructions set forth above, is compared to the disclosure of the J-CON Manual.

53. Regarding the first limitation recited in claim 26, the J-CON Manual fails to disclose or even suggest "<u>maintaining at least two product catalogs on a database containing data relating to items associated with respective sources.</u>"

22

the purchase order maintenance process." This is clearly out of sequence with the steps in claim 26. Secondly, because the source is not specified in the requisition of the Gateway 2000/MRO manual, even if we were to assume that the timing of the step is irrelevant, the Gateway 2000/MRO manual does not describe any process to its teaching is limited to manual modification of an existing requisition and (a) there is no teaching about the system performing any "conversion" (from anything to anything else, let alone conversion from one source-associated item to another source-associated item), and (b) as stated above, the source (if existing in a requisition at all) is not associated with any catalog selection/search process but must, optionally, be entered manually. In addition to pages 4-26 through 4-28 of the Gateway 2000/MRO manual, the Examiner also relies on pages 12-3 and 4-8 through 4-9 of the Gateway 2000/MRO manual, but in the illustration on page 12-3 the vendor fields are blank, confirming that the vendor was not picked up as the source through the catalog selection/search process and pages 4-8 through 4-9 contain no teaching related to "converting data relating to a selected matching item and an associated source to data relating to an item and a different source." Therefore, I disagree with the Examiner's contention that the Gateway 2000/MRO manual anticipates this claim.

    174. Regarding claims 29 and 30, because the Gateway 2000/MRO manual fails to disclose each and every element of independent claim 28, upon which these claims depend, it necessarily fails to disclose each and every element of claims 29 and 30. In addition, with regard to claim 30, the Gateway 2000/MRO Manual fails to disclose or even suggest the limitation of "<u>determining the applicable price of a selected matching item.</u>"

    175. In rejecting this limitation of claim 30, the Examiner relies on pages 4-8 and 4-20 of the Gateway 2000/MRO manual. But instead of showing how the Gateway

The undersigned declares further that all statements made herein of his knowledge are true and all statements made on information and belief are believed to be true and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under § 1001 of Title 18 of the United States Code.

Date: May 29, 2008         By: _____
                                Brooks L. Hilliard