# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ePLUS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**EXPERT REPORT OF ALFRED C. WEAVER, PH.D.
RELATING TO PATENT VALIDITY**

and modules operating on a computer system with access to data in a database or other file system, and their equivalents." *Id.* The Court cited descriptions included in the specification at '683 Patent, Col. 4:1-Col. 6:38; Col. 7:61-Col. 12:37; FIGS. 1-2, Appendices III-V and VII. Additionally, the Court construed the term "matching items" to mean "the search results." *Markman* Order at 17.

130. Based on the proper construction of the claim term as well as a review of the specification, a person of ordinary skill in the art would understand the term "matching" to mean that the search results satisfy the search criteria input to the search engine program. *See also* Col. 9:34-51 and Appendix III (search engine returns a hit list of items located in the catalog database in response to received search query "OVENS"); Col. 9:9-16 (item data in catalog database has certain fields that are searchable; search engine conducts search among fields made searchable).

131. Dr. Shamos opines that claims 26 and 29 of the '683 Patent are invalid as indefinite because it is unclear whose inventory is referenced in the term "determining whether a selected matching item is available in inventory." Shamos Initial Report, ¶ 98. He contends that it is unclear "whether it refers to the user's own inventory or the inventory of the 'respective source.'" I disagree. In my opinion, a person of ordinary skill in the art would find it quite clear from the language of the claim itself that it is the respective source's inventory that is referenced.

132. Since each of the items in the product catalogs maintained in the database of the claim is associated with a "respective source," *i.e.*, a vendor, supplier, distributor or manufacturer, I t is clear that the "matching items" found in conducting the searches among the selected product catalogs are items from the product catalogs that are each associated with a respective source. Further, the requisition built in the claimed method must include data relating to "selected matching items and their associated source(s)," *i.e.*, items found in conducting searches of the selected product catalogs that were selected for inclusion in a requisition, each with an associated source. These same selected matching items are those for which the system performs a step of determining whether a

selected matching item is in inventory. In other words, the system needs to determine whether the associated source of the selected matching item has the item in inventory. If not, the system user may use the system to convert such selected matching item and its associated source to an item and a different source, as recited in claim 28. This is consistent with the description in the specification. *See, e.g.*, '683 Patent, Col. 14:4-25 (system connects to Distributor's system and queries inventory database at Distributor to determine availability); Col. 17:23-29 (system connects to Distributor's computer system to determine availability); Col. 17:44-48 (after determining the availability of requisitioned items from the Distributor and a direct-shipping supplier, the requisition may be split into multiple orders so as to assure that each order is completely filled by a single shipment).

## VIII. CONCLUSION

133.   I currently hold the opinions expressed in this Report. As my study of the case continues, I may acquire additional information and/or attain supplemental insights that result in added observations. I reserve the right to supplement this Expert Report and to rely on additional documents and testimony that come to my attention between now and the time of trial. I also reserve the right to rely on all other Expert Reports submitted in this litigation.

134.   During my testimony at trial, I expect to rely upon exhibits prepared to depict and explain the information contained in this Report or as rebuttal to testimony by Lawson's witnesses. Any such exhibits will be prepared and identified in advance.

Respectfully submitted,

Dated: June __9__, 2010

_Alfred C. Weaver_
Alfred C. Weaver, Ph.D.