IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:09cv620 (REP) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 8 TO EXCLUDE ALLEGATIONS OF PURPORTED BREACH OF EMPLOYMENT AGREEMENTS BY THIRD-PARTY WITNESSES**

Defendant Lawson Software, Inc. ("Lawson") respectfully moves *in limine* to preclude Plaintiff ePlus, Inc. ("ePlus") from presenting questioning, argument, or other purported evidence at trial relating to unsupported allegations of improper actions or misconduct of certain third-party fact witnesses. ePlus suggested in depositions that the IBM witnesses breached their employment agreements with IBM, but there is no evidence to support those assertions. These unfounded allegations and arguments based upon them would unfairly prejudice Lawson. For this reason, the Court should exclude such allegations and arguments in their entirety under Rules 402 and 403 of the Federal Rules of Evidence.

At the deposition of Charles Gounaris, a former IBM employee who worked on combining the RIMS and TV/2 prior art systems, ePlus's counsel pursued a line of questioning intimating that Mr. Gounaris violated an employment agreement he entered into with IBM by retaining certain documents after his employment with IBM had ended. (Ex. 1 at 16:17-21:5.) Mr. Gounaris testified that he left IBM in about 2001, was unaware of any policy that precluded

him from taking documents when he left, and that "IBM was aware of the fact that I boxed up what I had in my files and took it home, and there wasn't a problem with it when I left." (*Id.* at 19:3-6.) ePlus's counsel pursued this line of questioning despite the fact that it did not have a copy of any employment agreement Mr. Gounaris had entered into with IBM. (*Id.* at 18:16-17.)

Counsel for ePlus pursued a similar line of questioning at the deposition of Pamela Eng, also a former IBM employee involved with the TV/2 product and combining that product with the RIMS system. ePlus questioned Ms. Eng, who testified she retained no IBM documents when she left and that she thought IBM had a policy about employees not taking IBM documents with them when they left IBM. (Ex. 2 at 10:8-11:10.) As was the case with Mr. Gounaris, ePlus did not produce any IBM employment agreement in connection with Ms. Eng's deposition. She left IBM in 1995. ePlus has produced no purported IBM policy or agreement regarding document retention. Both Mr. Gounaris and Ms. Eng testified at the SAP trial and there is no evidence that IBM has accused either of violating any policies or agreements.

ePlus has no proof that Mr. Gounaris or Ms. Eng violated any agreements with IBM, but seeks to create an innuendo that their access to IBM documents is somehow improper. Meanwhile, the focus of their testimony in this case will be the TV/2 system—a system which is the subject of documents ePlus itself publicly disclosed to the U.S. Patent and Trademark Office, cited on the cover pages of the patents in suit.

Unsupported allegations of violation of nonexistent purported policies and agreements related to leaving IBM ten years ago are irrelevant and improper under Rules 402 and 403. Any assertion that Mr. Gounaris or Ms. Eng breached any purported agreement or policy is completely unsupported, speculative, and completely lacking probative value. IBM has never alleged any wrongdoing, which is telling because the witnesses left IBM ten or more years ago.

2

If ePlus is permitted to present these allegations or arguments in front of the jury, however, there is a danger that the jury will improperly discredit the testimony of Mr. Gounaris and Ms. Eng despite the fact that there is no evidence supporting the allegations. These arguments and allegations should be excluded under Rules 402 and 403.

The unsupported allegations are not proper for any purpose, including impeachment. *See U.S. v. McBride*, 862 F.2d 1316, 1321 (8th Cir. 1988) (efforts to impeach a witness based only on unsupported accusations deemed improper). Proper impeachment requires actual evidence probative to a witness's credibility. Merely alleging wrongful behavior without any evidence of wrongful behavior is unfair prejudice, not proper impeachment. Attempts by ePlus to suggest that either Mr. Gounaris or Ms. Eng breached IBM policy or employment agreements are thus improper and should be excluded under Rules 402 and 403.

For the reasons articulated above, Lawson respectfully requests that the Court exclude these irrelevant arguments and allegations under Rules 402 and 403 of the Federal Rules of Evidence.

LAWSON SOFTWARE, INC.

By____/s/_____
    Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of June, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

 

                /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

5