IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:09CV620 (REP) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 12 TO PREVENT EPLUS FROM ARGUING THAT LAWSON DIRECTLY INFRINGES**

Plaintiff ePlus, Inc. ("ePlus") has accused Defendant Lawson Software, Inc. ("Lawson") of both directly and indirectly infringing its patents. At no point, however, has ePlus asserted that Lawson sells any product that includes all the computer-based elements of any of the patent claims at issue in this case, as Lawson does not sell computers. ePlus should be precluded from arguing that any product Lawson sells directly infringes any of the asserted patent claims.

**I.   Background**

ePlus accuses the inventory control (IC) module, the requisition (RQ) module, and the purchase order (PO) module of Lawson's S3 software of infringing the thirteen asserted claims of the Patents. (Lawson SJ Br. Exh. 1 (Weaver Rep. ¶ 43).) ePlus claims that Lawson's version 8.0.3, launched in 2002, was the first version of Lawson's procurement products that infringe. (Lawson SJ Br. Exh. 11 (Mangum Rep. at 7).)

Lawson does not sell computers or any hardware. (Lawson SJ Br. Exh. 26 at 149-150 and Exh. 33 at B003820.) ePlus has not alleged otherwise.

ePlus has not alleged, nor provided any evidence to show that the maintenance,

installation, and consulting services Lawson provides include building requisitions or processing requisitions to generate purchase orders. (*See generally* Lawson SJ Br. Exh. 1 (Weaver Rep.).)

ePlus has never alleged or provided any support for an allegation that Lawson actually performs the requisitioning and purchase order steps on behalf of customers, which is required by the method claims. (*See generally* Lawson SJ Br. Exh. 1 (Weaver Rep.) and Exh. 12 (Expert Report of Patrick Niemeyer ("Niemeyer Rep.").)

The purpose of selling the accused software to a customer is to allow the customer to requisition and order their own products. (*See, e.g.,* Lawson SJ Br. Exh. 2 at 115:20-117:2.)

## II. ARGUMENT

ePlus bears the burden of proving direct infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006). As described below, Lawson's sale of its software does not directly infringe any of the asserted claims of the Patents as a matter of law.

### 1. Lawson Does Not Directly Infringe the System Claims Because it Does Not Sell Computers

The Supreme Court addressed the metes and bounds of infringement of computer-related claims in *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437 (2007). In that case, AT&T held a patent on a computer used to digitally encode and compress recorded speech. *Id.* at 441. Microsoft sold its Windows operating system which incorporated software code that, when installed, enabled a computer to process speech as claimed by the patent. *Id.* at 441-42. "It bears emphasis, however, that uninstalled Windows software does not infringe AT&T's patent any more than a computer standing alone does; instead the patent is infringed only when a computer is loaded with Windows and is thereby rendered capable of performing as the patented speech processor." *Id.* at 442. The Court held that Microsoft's liability did not extend to: 1) computers made in another country that were loaded with Windows software; or 2) Windows software

copied abroad from a master disk or electronic transmission dispatched by Microsoft from the United States. *Id.*

The *AT&T* case highlights the distinction between a patent claim directed to a computer system, and the sale of software. Software is not a computer. The sale of software is not the sale of a computer system. While under certain circumstances the sale of this software may give rise to liability for induced infringement or contributory infringement if the software as loaded on the computer infringes, that is not the same as direct infringement.

At first glance, the distinction may seem insignificant, as it appears to relate only to the form of infringement, not whether infringement occurred. This is not true. Intent is not an element of direct infringement. *Hilton Davis Chem. Co. v. Warner-Jenkins Co.*, 62 F.3d 1512, 1527 (Fed. Cir. 1995) (en banc). A party can be liable for direct infringement even before it knows about the patent (assuming there is compliance with the marking statute). In contrast, as discussed in the following section, induced or contributory infringement does not arise unless the patent owner can show specific intent to cause infringement of the patent, which itself requires, at a minimum, knowledge of the asserted patent. Thus, the party accused of indirect infringement can have no liability for any alleged act of infringement that predates such specific intent.

Here, each one of the system claims asserted by ePlus requires a computer. The Court's constructions of claims 3 and 6 of the '683 patent and claim 1 of the '172 patent all include means-plus-function elements that require modules "operating on a computer system." (*See* 4/30/10 Markman Order at pp. 45-51 (Dkt. 204).) Similarly, the remaining system claims in the '516 patent require implementation on a computer. All use the preamble of "electronic sourcing system," which the Court concluded is a meaningful limitation on the claims. (*Id.* at 27.) The

Court construction of this term clearly requires computer implementation:

> An electronic system for use by a prospective buyer to locate and find items to purchase from sources, suppliers or vendors.

(*Id.* at 28.) Like the Windows software in the *AT&T* case, Lawson's software, without a computer, is not such a system. Moreover, the asserted claims 1, 2, 6, 9, and 29 of the '516 patent further require "a collection of catalogs of items *stored in an electronic format*" and all asserted claims of the '516 patent include other elements that require computer implementation.

As the *AT&T* case shows, the sale of software does not infringe claims directed to an electronic system. Lawson does not sell computers. (Lawson SJ Br. Facts ¶ 17.) Lawson's sale of software does not directly infringe any of the system claims of the Patents as a matter of law.

### 2. Lawson Does Not Directly Infringe the Method Claims

The asserted method claims are claims 26, 28, and 29 of the '683 patent. Each of those method claims requires steps that even ePlus appears to concede are allegedly performed by customers using the system, not Lawson. Claim 26 recites "building a requisition using data related to selected matching items and their associated sources," "processing the requisition to generate one or more purchase orders for the selected matching items," and "determining whether a selected matching item is available in inventory." Claim 28 includes similar steps of building a requisition and processing a requisition to generate purchase orders, and the additional step of converting data. Claim 29 depends from claim 28, adding the further step of determining whether a matching item is available in inventory.

None of ePlus's hundreds of pages of expert infringement report claim charts, nor its contention interrogatories, provides any proof that Lawson actually operates the requisition and purchasing functions of its software for customers when Lawson sells, installs, services, or hosts systems. (Lawson SJ Br. Facts ¶ 19.) Lawson's accused software allows the customer to

requisition and order their own products. (Lawson SJ Br. Facts ¶ 20.) Whether Lawson's actions result in systems which, when implemented on a computer and used by a customer, could result in performing these method steps, is a separate question, and a question that relates only to induced or contributory infringement, not direct infringement. Therefore, Lawson does not directly infringe the method claims as a matter of law.

ePlus's expert reports suggest that they seek to muddy the waters and confuse the jury as to Lawson's sales of infringing "systems" and infringement of the method claims. Such confusion overstates the extent of Lawson's allegedly-infringing activity. It also creates confusion regarding the specific-intent requirement of induced and contributory infringement. It also creates confusion over damages. Thus, allowing ePlus to present testimony or argument that suggests Lawson directly infringes the system claims or infringes the method claims unfairly prejudices Lawson. Thus, the expert and other evidence of such purported infringement should be excluded under Fed. R. Evid. 402, 403, and 702.

## III.  CONCLUSION

For all of the foregoing reasons, Lawson respectfully requests that Court prevent ePlus from arguing that Lawson directly infringes the patents in suit.

LAWSON SOFTWARE, INC.

By   /s/
       Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of June, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

                                            /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*