IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-CV-620 (REP) |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 8 TO PRECLUDE DEFENDANT LAWSON SOFTWARE, INC. FROM PROFFERING ANY EVIDENCE, EXPERT OPINION, OTHER TESTIMONY, OR ARGUMENT WHICH IS INCONSISTENT WITH THE COURT'S *MARKMAN* CLAIM CONSTRUCTION ORDER**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

## I. INTRODUCTION

After permitting extensive briefing and oral argument, this Court rendered an opinion construing the disputed claims of the patents-in-suit. Ex. EE (*Markman* Claim Construction Order).[1] It is axiomatic that the Court's construction applies equally for purposes of invalidity and infringement.[2] Despite this fundamental tenet of patent law, Lawson's expert reports, expert deposition testimony and summary judgment motion demonstrate that Lawson intends to present arguments premised on a claim construction different, and generally of far narrower scope, than this Court determined in its April 30, 2010 Claim Construction Order. This Court has already construed the claims as a matter of law pursuant to *Markman*, however, and Lawson should be precluded from proffering evidence, testimony, or argument that is inconsistent with the Court's *Markman* Order.

## II. ARGUMENT

Claim construction is a legal issue to be determined by the Court, not the jury. *Markman v. Westview Instr. Inc.,* 517 U.S. 370, 372 (1996) ("We hold that the construction of a patent, including terms of art within its claim, is exclusively within the province of the court."); *ATD Corp. v. Lydall, Inc.* 159 F. 3d 534, 539 (Fed. Cir. 1998) (claim construction is a "matter of law assigned to the judge").

Similarly, it is improper for an expert to offer opinions using claim constructions which differ from those determined by the Court. *See CytoLogix Corp. v. Ventana Medical Sys., Inc.,* 424 F.3d

---

[1] The notation "Ex. [letter]" references a particular exhibit located within the Appendix of Exhibits filed concurrently with ePlus's motions *in limine*.

[2] See *Eaton Corp.* v. *Rockwell Int'l. Corp.,* 323 F.3d 1332, 1343 (Fed. Cir. 2003) ("It is axiomatic that claims are construed the same way for both invalidity and infringement.") (quoting *Amgen Inc.* v. *Hoechst Marion Roussel, Inc.,* 314 F.3d 1313, 1330 (Fed. Cir. 2003)); *C.R. Bard, Inc.* v. *M3 Systems, Inc.,* 157 F.3d 1340, 1363 (Fed. Cir. 1998) ("Claims must be interpreted the same way for determining infringement as was done to sustain their validity.").

1168, 1172 (Fed. Cir. 2005) ("The risk of confusing the jury is high when experts opine on claim construction before the jury even when, as here, the district court makes clear to the jury that the district court's claim constructions control.").  Lawson's expert's testimony on legal issues relating to construction of claim terms is and would be improper and highly confusing to the jury because it differs from the Court's constructions.

For example, Dr. Shamos' opinion, with regard to claims 3 and 6 of the '683 Patent, that "[t]here is no written description of, or corresponding structure for, any 'means for converting' other than the disclosure of general purpose computers (host computer 10) and the specification does not provide the algorithm used to perform the claimed function", Ex. B (Report of Expert Michael I. Shamos Concerning Invalidity) at ¶ 59, is contrary to this Court's *Markman* Order which found, with respect to the same "means for converting" element of claims 3 and 6 of the '683 Patent, that "[t]he corresponding structures, materials, or acts, of this element are disclosed as one or more non-catalog databases identifying cross-referenced items, identical items, or generally items; one or more cross-reference tables or file identifying cross-referenced items, identical items or generally equivalent items; one or more codes corresponding to cross-referenced items, identical items or generally equivalent items; or their equivalents." Ex. EE (*Markman* Claim Construction Order of April 30, 2010) at 48.[3]

By way of another example, Dr. Shamos opines, with regard to claims 3 and 6 of the '683 Patent, that "[t]here is no written description of, or corresponding structure for, any "means for processing the requisition to generate . . . purchase orders" other than the disclosure of a general purpose computer (e.g. local computer 20) and the specification does not provide the algorithm used to perform the claimed function." Ex. B (Report of Expert Michael I. Shamos Concerning Invalidity) at ¶60.  Again, this opinion is contrary to the this Court's *Markman* Order which found, with respect

---

[3] The Court relied upon the following disclosure in the patent specification: '683 Patent at 4:60-5:8; 10:43-54; 14:35-54; 14:35-45; 16:14-32; 17:19-54; Appendices VIII-X.  Ex. EE at 48.

3

to the "means for processing the requisition to generate . . . purchase orders" element of claims 3 and 6 of the '683 Patent, that "the corresponding structures, materials, or acts, of this element are disclosed as a purchase order generation module operating on a computer system having access to the requisition; and its equivalents." Ex. EE (*Markman* Claim Construction Order of April 30, 2010) at 47.[4] *See also* Ex. B (Report of Expert Michael I. Shamos Concerning Invalidity) at ¶43 (opining that there is no written description support for any algorithm corresponding to the "means for processing the requisition to generate purchase orders" recited in claim 1 of the '172 Patent contrary to the Court's claim construction).

When Dr. Shamos was asked in his deposition about these opinions, he stated:

Q: Can you turn to paragraph 43 of the report on page 14?

A: Yes.

Q: There you state that with respect to the means for processing the requisition to generate purchase orders for said select – selected matching items as recited in claim 1 of the '172 patent, that it is your opinion there is no written description of or corresponding structure for any means for processing this requisition to generate purchase orders other than the disclosure of a general purpose computer, e.g., local computer 20, and the specification does no provide the algorithm used to perform the claimed function. Did I ready that correctly?

A: Yes.

Q: The court construed this element of claim 1 of the '172 patent, didn't it?

A: Yes.

Q: And the court found corresponding structure for this element, didn't it?

A: Yes. I don't believe the court found an algorithm, but the court found corresponding structure.

Q: And the court found that the structure corresponding to this claim element as disclosed in the specification was a purchase order generation module operating on a computer system having access to the requisition and its equivalents, is that correct?

A: ***Yes, and I don't find that satisfactory***.

---

[4] Again, the Court relied upon the following support in the patent specification for this construction: '683 Patent at 1:37-59; 3:3-24; 10:43-54; 15:20-59; FIGS. 1-3. Ex. EE at 47.

Ex. D (Transcript of Deposition of Dr. Michael Shamos) at 145:21-147:8 (emphasis added). Dr. Shamos's invalidity opinions relating to alleged lack of written description for certain means-plus-function claim terms essentially amounts to an attempt to re-argue the Court's claim constructions set forth in its Claim Construction order. This attempt to reargue *Markman* issues through expert opinions should not be countenanced.

### III.  CONCLUSION

Lawson should be precluded from proffering any evidence, expert opinion, other testimony, or argument that is inconsistent with the Court's *Markman* Claim Construction Order, as Lawson apparently intends to do at least with respect to Dr. Shamos's invalidity opinion. Such Order should also preclude Dr. Shamos from proffering any new construction of any claim terms, including the means-plus-function terms "means for converting…" as used in claims 3 and 6 of the '683 Patent; and "means for processing the requisition to generate . . . purchase orders" as used in claims 3 and 6 of the '683 Patent and claim 1 of the '172 Patent, which construction varies from that adopted by the Court in its *Markman* Order.

Respectfully submitted,

June 18, 2010

/s/
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

5

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of June, 2010, a true copy of the foregoing will be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

***Counsel for Defendant Lawson Software, Inc.***

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

***Counsel for Defendant Lawson Software, Inc.***

                                                                       /s/
                                  Henry I. Willett, III (VSB #44655)
                                  Counsel for Plaintiff *e*Plus, Inc.
                                  **CHRISTIAN & BARTON, LLP**
                                  909 East Main Street, Suite 1200
                                  Richmond, Virginia 23219-3095
                                  Telephone: (804) 697-4100
                                  Facsimile: (804) 697-4112
                                  hwillett@cblaw.com