IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 9: TO EXCLUDE TESTIMONY, EVIDENCE, OR ARGUMENT OF IMPROPER COMPARISONS BETWEEN ACCUSED PRODUCTS AND COMMERCIAL EMBODIMENTS OF *e*PLUS, INC. AND ITS PREDECESSORS FOR THE PURPOSE OF PROVING NON-INFRINGEMENT**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

I.     INTRODUCTION

Plaintiff ePlus, Inc. ("ePlus") submits this Brief in Support of its Motion *in Limine* No. 9 to Exclude Testimony, Evidence, or Argument Of Improper Comparisons Between Accused Products and Commercial Embodiments of ePlus, Inc. and Its Predecessors For the Purpose of Proving Non-Infringement. For the reasons set forth below, Defendant Lawson Software, Inc. ("Lawson") should be precluded from presenting any such testimony or evidence at trial.

Throughout discovery in this matter, Lawson has requested and received numerous documents, demonstration systems, and other information related to ePlus's and its predecessors' electronic procurement products and commercial embodiments covered by the patents-in-suit. The details and features of ePlus's and its predecessors' electronic procurement products and commercial embodiments, however, are not relevant to infringement issues to be decided at the trial of this case. In a patent infringement case, it is improper to compare an accused infringer's system or device to a patentee's commercial embodiment of the patent claims. *See SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) ("Infringement, literal or by equivalence, is determined by comparing an accused product not with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee, but with the properly and previously construed claims in suit."). Therefore, ePlus moves that the Court exclude, under Fed. R. Evid. 402 and 403, evidence relating to the design, details and functionality of ePlus's and its predecessors' electronic procurement products and other putative commercial embodiments for the purpose of any non-infringement argument.

II.    BACKGROUND

In this case, Lawson sought extensive discovery of ePlus's and its predecessors' electronic procurement products. In response, ePlus produced thousands of pages of documents,

provided access to its electronic procurement system, and produced witnesses to testify concerning the functionality of its commercial systems. Specifically, *e*Plus produced, *inter alia*:

- a demo of *e*Plus's Procure+ software system.

- numerous manuals related to *e*Plus and its predecessors' electronic procurement products (*e.g.*, SupplyLink, Cornerstone, Procure+, and Content+);

- technical documentation related to the functionality, implementation, and use of *e*Plus and its predecessors' electronic procurement products;

- marketing materials related to *e*Plus and its predecessors' electronic procurement products; and

- contracts related to ePlus and its predecessors' electronic procurement products.

Additionally, Lawson questioned *e*Plus employee Jeffrey Pinkerton at his deposition about the functionality of *e*Plus's and its predecessors' electronic procurement products, and it was at that deposition that Lawson was given a detailed demonstration of *e*Plus's Procure+ software system.

In its non-infringement rebuttal expert report, Lawson has already intimated that its non-infringement arguments may be based on comparisons of the accused products with commercial systems marketed and sold by *e*Plus. For example, Dr. Shamos, Lawson's non-infringement expert, has stated that he has "seen no evidence that Lawson copied any aspect of Plaintiff's software or product features when developing its products at any time. [*e*Plus's experts] provide no evidence that any aspect of Lawson's products or code was derived in any respect from access to or knowledge of Plaintiff's products, code, documentation, or Patents. Lawson created its own products and software code." Ex. K (Rebuttal Report of Expert Michael I. Shamos Concerning Non-Infringement) at ¶ 21.[1] Dr. Shamos has also stated that he has "seen no evidence that Lawson or Intentia copied any aspect of *e*Plus's software or product features when

---

[1] The notation "Ex. [letter]" references a particular exhibit located within the Appendix of Exhibits filed concurrently with ePlus's motions *in limine*.

3

developing the M3 products at any time. [*e*Plus's expert] provides no evidence that any aspect that the M3 product or code was derived in any respect from access to or knowledge of *e*Plus's products, code, documentation, or patents." *Id.* (Rebuttal Report of Expert Michael I. Shamos Concerning Non-Infringement) at ¶ 85.

Out of concern that Lawson will continue at trial to urge such comparisons between the accused products and *e*Plus's and its predecessors' electronic procurement products and other putative commercial embodiments of the *e*Plus patents, *e*Plus files this motion *in limine* to prevent Lawson from prejudicing *e*Plus and from confusing the Court and jury on matters relating to infringement (as well as to claim construction, which has already been decided by the Court pursuant to *Markman*).

**III.    ARGUMENT**

Lawson may seek to distract the Court and jury from a proper infringement analysis of the accused devices and systems by comparing them to *e*Plus's and its predecessors' electronic procurement products, rather than the patent claims. It is axiomatic that the claims define the invention, *see* 35 U.S.C. § 112, ¶ 2, and, therefore, a proper determination of infringement requires a comparison of the accused product or process **with the patent claims**. It is reversible error for a court or a jury to compare in its patent infringement analysis the accused product or process with a patentee's commercial embodiment or other version, such as a licensed product. The only proper comparison is with the claims of the patent. *Zenith Laboratories, Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994) (holding that the district court erred by permitting the defendant to make a comparison of the accused compound with a sample the defendant considered to be the patented compound instead of the claim); *see also SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d at 1121.

4

Clearly, arguments about how *e*Plus and its predecessors' electronic procurement products function have no place in determining infringement, and Lawson should be precluded from comparing *e*Plus's and its predecessors' electronic procurement products to Lawson's accused products.

Further, determining the scope and meaning of the claims is "a matter of law exclusively for the court." *Markman v. Westview Instrument, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996). Despite this, Lawson may seek to convince the jury to discard the Court's legal determination of the scope and meaning of the claims and believe that the claims should be construed by virtue of *e*Plus's and its predecessors' covered electronic procurement products. Lawson may attempt to introduce evidence or visual demonstrations of *e*Plus's Procure+ software system to convince the jury that *e*Plus's and its predecessors' electronic procurement products — rather than the patent claims — define the entire scope and meaning of the claims. Lawson would then attempt to improperly compare the accused systems to *e*Plus's systems in an attempt to avoid infringement.

The Court has determined the scope and meaning of the claims. The jury's role is to determine factual infringement in view of the Court's legal determination of the meaning of the claims. Evidence concerning *e*Plus's and its predecessors' electronic procurement products plays no role in either of these determinations. It would therefore be improper for Lawson to suggest to the jury in any way that they should further interpret the claims in order to limit them to a commercial embodiment of the invention. The law prohibits consideration of a commercial embodiment of the claims in the infringement analysis, and evidence of the design, details and functionality of these products (or any other commercial embodiments of the *e*Plus patents), for such purpose should be excluded at trial.

Moreover, even if some probative value existed, the introduction of evidence concerning the details of *e*Plus's and its predecessors' electronic procurement products still would be confusing, prejudicial and offer no probative value in the infringement context.  Consideration of this evidence will unnecessarily and prejudicially distract the jury from properly applying the Court's claim construction and determining infringement.

The jury will be distracted because it will face the daunting task of sifting through the evidence to determine that which is related to the properly construed claims (and proper to consider), and that which is related to *e*Plus's and its predecessors' electronic procurement products (and improper to consider).  The likelihood of jury confusion is high, the possible undue prejudice to *e*Plus resulting from that confusion is great, and the evidence itself would add nothing to determining whether the accused systems infringe the patent claims.  Accordingly, evidence regarding the design, details and functionality of *e*Plus's and its predecessors' electronic procurement products (or any other commercial embodiments of the *e*Plus patents) should be excluded at trial for purposes of infringement.

### IV. CONCLUSION

For the foregoing reasons, *e*Plus requests that the Court preclude Lawson from introducing or soliciting any evidence, expert opinion, other testimony, or argument regarding the design, details or functionality of *e*Plus's and its predecessors' electronic procurement products, and bar Lawson from introducing or soliciting a comparison between the accused systems and any commercial embodiment of the *e*Plus patents during trial before the jury for the purpose of arguing infringement.

Respectfully submitted,

June 18, 2010

     /s/
_____
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2010, a true copy of the foregoing will be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
***Counsel for Defendant Lawson Software, Inc.***

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

***Counsel for Defendant Lawson Software, Inc.***

           /s/
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com

8