# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE HARRY F. MANBECK, JR. FROM TESTIFYING AT TRIAL**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

I.      **INTRODUCTION**

*e*Plus opposes Lawson's motion to exclude in its entirety the undisputedly relevant expert testimony of Harry F. Manbeck, Jr., a former Assistant Secretary of Commerce and Commissioner of the PTO.

First, Lawson claims that Mr. Manbeck's proposed testimony on patent office procedures usurps the Court's role in instructing the jury and will confuse the jury because it will not touch upon the specific prosecution history of the patents-in-suit.  Contrary to Lawson's contentions, Mr. Manbeck's testimony is not intended to invade the province of the Court or the jury on issues of law, but instead addresses the evidence in this case developed through discovery and will "assist the trier of fact," as permitted under Federal Rule of Evidence 702.  Additionally, Mr. Manbeck's testimony at trial will be focused on the patents-in-suit and will educate, not confuse, the jury.  Indeed, Mr. Manbeck has provided illuminating testimony regarding the prosecution of ***the patents-in-suit*** in two prior litigations as an expert on PTO procedures.

Second, Lawson seeks to exclude testimony from Mr. Manbeck regarding willfulness because it contends that this issue is outside of Mr. Manbeck's area of expertise.  Mr. Manbeck's extensive, distinguished career undermines Lawson's argument.  Mr. Manbeck is a patent lawyer who, in addition to serving as the Commissioner of the PTO, also served as the Chief Patent Counsel for General Electric for twenty years.  As Chief Patent Counsel for General Electric, Mr. Manbeck had extensive experience and developed considerable expertise in the analysis of patents and the circumstances pertaining to patents as they affect the issue of willful infringement.  It is this experience and expertise that Mr. Manbeck will bring to bear at trial.  Indeed, Mr. Manbeck has provided testimony as an expert witness in dozens of patent cases, including testimony on issues relating to willfulness.

In short, the expert testimony Mr. Manbeck will provide at trial is relevant and within his area of expertise. The testimony is not duplicative or redundant and will not confuse the jury or prejudice Lawson. Lawson's arguments to the contrary lack any factual or legal basis. Accordingly, ePlus respectfully requests that the Court deny Lawson's fourth motion *in limine*.

## II.  BACKGROUND

Mr. Manbeck's May 3, 2010 expert report concerns two issues: (1) the patent examination process by the PTO and the steps which occurred in the PTO during the prosecution of the patents-in-suit, and (2) an evaluation of the circumstances pertaining to Lawson's conduct with respect to the patents-in-suit and an opinion as to whether that conduct constitutes willful infringement of the patents-in-suit. Ex. 22 (Manbeck Rpt.) at ¶ 4.[1] Mr. Manbeck's unique qualifications, experience and expertise concerning these two issues are beyond reproach. With respect to the patent examination process at the PTO generally and the specific prosecution history of the patents-in-suit, Mr. Manbeck brings over fifty years of extensive experience in patent practices and procedures, including experience as the Commissioner of the PTO. *Id.* at Ex. A. In fact, Mr. Manbeck's testimony on the prosecution of the patents-in-suit was admitted by this Court in ePlus's litigations with Ariba and SAP. As for willful infringement, Mr. Manbeck has twenty years of experience analyzing patents, including in the context of willful infringement allegations, as Chief Patent Counsel for General Electric, both when General Electric was the patent owner and when it was faced with the patents of others. *Id.* at ¶ 2. Mr. Manbeck is accordingly well-positioned to offer an opinion concerning the two-pronged willfulness standard set forth in the Federal Circuit's *Seagate* ruling.

---

[1] Unless otherwise stated, the cited exhibits are included within the sealed appendices submitted by ePlus in connection with ePlus's oppositions to Lawson's motions *in limine*.

### III. ARGUMENT

The testimony Mr. Manbeck will offer at trial concerning the examination by the PTO of the patents-in-suit and *e*Plus's allegations of willful infringement will assist the trier of fact to understand the evidence and to determine a fact in issue as permitted under Federal Rule of Evidence 702.  Mr. Manbeck is especially qualified to provide this testimony in light of his decades of experience and extensive expertise concerning these issues.  There is no challenge to the relevance of this testimony and Lawson's claim that the testimony would be prejudicial or confusing is baseless.

#### A. Mr. Manbeck Should Be Permitted To Testify About The Patent Examination Process

Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact *to understand the evidence or to determine a fact issue* a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Moreover, Federal Rule of Evidence 704 expressly permits expert opinion testimony that "embraces an ultimate issue to be decided by the trier of fact."  Accordingly, courts have held testimony concerning PTO practice and procedure is perfectly acceptable.  *See, e.g.*, *Therasense, Inc. v. Becton, Dickinson and Co.*, 2008 WL 2037732, *2-4 (N.D. Cal. May 12, 2008) (denying motions to exclude testimony from PTO procedure experts).  In fact, courts have denied motions *in limine* to exclude Mr. Manbeck's testimony about PTO practice and procedure when presented with the very same argument Lawson raises in its fourth motion *in limine*.  *See, e.g., Invitrogen Corp. v. Clontech Labs., Inc.* 2002 WL 34501334, * 1 (D. Md. Sept. 4, 2002) (denying motion *in*

3

*limine*[2] which sought to exclude Mr. Manbeck on grounds that he "assumes the role of this Court") *compare* Lawson Motion *In Limine* No. 4 (seeking to exclude Mr. Manbeck on grounds that he "usurps the Court's role").  Importantly, in *e*Plus's litigations against Ariba and SAP this Court accepted Mr. Manbeck's testimony at trial about PTO practice and procedure concerning the same patents that are asserted by *e*Plus against Lawson.

Substantial portions of Mr. Manbeck's report are directed to PTO procedures and practices, as well as the specific prosecution of the patents-in-suit.  *See* Ex. 22 (Manbeck Rpt.) at ¶¶ 6-61.  With respect to the factual circumstances of the prosecution of these patents, this testimony is highly relevant.  Accordingly, Mr. Manbeck should be permitted to testify about these portions of his opinion at trial.

### B. Mr. Manbeck Should Be Permitted To Testify About Willfulness

Courts have permitted qualified experts to testify about willful infringement, including by denying motions *in limine* to preclude Harry Manbeck from testifying as an expert witness about willfulness.  *See Monsanto Co. v. Bayer Bioscience N.V.*, 2005 WL 5989796, *4 (E.D. Mo. Oct. 28, 2005).  Importantly, the *Monsanto* court denied a motion *in limine* to exclude Mr. Manbeck because it found that Mr. Manbeck's expertise "in the area of patent practice and procedures" was relevant to his expert opinions on willfulness.  *Id.*

Notwithstanding this law, Lawson argues that because willfulness depends upon factual issues, expert testimony with respect to these factual issues would be impermissible.  However, experts testify on factual issues all the time, including a broad range of such topics in patent cases.  For example, issues of infringement and validity are "fact" questions upon which expert

---

[2] The referenced motion *in limine* from the *Invitrogen Corp. v. Clontech Labs., Inc.* case is Ex. 23 to the sealed appendices submitted by *e*Plus in connection with *e*Plus's oppositions to Lawson's motions *in limine*.

4

testimony is typically permitted. Indeed, Lawson intends on calling its own expert to opine as to the alleged non-infringement and purported invalidity of *e*Plus's patents. Thus, simply identifying an issue as a "fact question" says nothing. Federal Rule of Evidence 702 expressly states that such testimony is permitted to "understand the evidence or to determine a fact issue…."

Moreover, the determination of willfulness is based upon a showing that (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and (2) that this risk "was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). In *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp.2d 431, 442 (D. Del. 2004) (citing *Bott v. Four Star Corp.*, 807 F.2d 1567, 1572 (Fed. Cir. 1986)), the court found that the patent owner's expert, "a practicing attorney with over 18 years of experience as a patent attorney and who had served as in-house counsel for several multinational corporations would assist the trier of fact to determine a fact issue, namely, 'what the standard of behavior generally is when a corporation is confronted with an allegation of infringement.'" *Oxford Gene*, 345 F. Supp.2d at 443. "The issue of 'willful' infringement measures the infringing behavior, in the circumstances in which the infringer acted, against an objective standard of reasonable commercial behavior in the same circumstances." *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1583 (Fed. Cir. 1996). Accordingly, the expert's opinion was directly relevant to the issue of whether the corporation had acted despite an "objectively high likelihood that its actions constituted infringement," *In re Seagate,* 497 F.3d at 1371, and was admitted to "provide the jury with a frame of reference upon which to base its conclusions about [the defendant's] behavior." *Oxford Gene*, 345 F. Supp.2d at 443.

Similarly, Mr. Manbeck, the former Chief Patent Counsel for General Electric, is uniquely qualified to offer the jury the appropriate "frame of reference," and his report directly addresses that issue. Indeed, he has "considerable expertise in the analysis of patents and the circumstances pertaining to patents as they may affect issues of patent infringement, willful infringement, validity and unenforceability." Ex. 22 (Manbeck Rpt.) at ¶ 2. Further, he was involved in "the review and analysis of situations both when General Electric was the patent owner, as well as when it was faced with the patents of others." *Id.* His report provides significant detail as to the commercial context in which an accuser infringer operates and how a prudent company would act in the same or similar context. *See, e.g., id.* at ¶ 82. Accordingly, even under the case law relied upon by Lawson, Mr. Manbeck's opinions about willfulness should be admissible.[3]

### C. The Court Should Not Permit Either Party's PTO Procedures Experts To Testify About The Reexamination Proceedings

Mr. Manbeck has also provided a rebuttal report that is a **"*conditional*"** expert opinion concerning the reexamination process by the PTO and the reexamination of the patents-in-suit, to be proffered by *e*Plus only in the event the Court admits evidence of the reexamination proceedings at trial. As set forth in *e*Plus's first motion *in limine*, such evidence is irrelevant and would be unfairly prejudicial to *e*Plus and should be excluded from trial. Lawson's motion appears to be deliberately vague as to whether it is intended to encompass Mr. Manbeck's

---

[3] Lawson has proffered a report by its "patent law" expert, Ernest B. Lipscomb, III. Mr. Lipscomb has also opined on PTO practice and procedures and on Lawson's alleged lack of willful infringement. *See* Ex. 24 (Lipscomb Rpt.). Lawson challenges Mr. Manbeck's qualifications to opine on willfulness because Manbeck is not an expert on the supply-chain management industry. Lawson's expert, Mr. Lipscomb, also is not an expert on the supply-chain management industry. To the extent Mr. Manbeck is precluded from testifying about PTO practice and procedures or willful infringement, the opinions of Mr. Lipscomb should also be excluded.

opinions with respect to the reexamination process. To be clear, it is not *e*Plus's current intention for Mr. Manbeck to provide testimony at trial about that process. However, if the Court permits Lawson to introduce evidence of the reexamination proceedings (and as set forth in detail in *e*Plus's first motion *in limine*, it should not), simple fairness dictates that the Court permit Mr. Manbeck to explain the reexamination process and the interim, non-final nature of the preliminary proceedings undertaken to date (upon which Lawson evidently intends to base its trial defenses).

## IV. CONCLUSION

For the reasons set forth herein, *e*Plus respectfully requests that the Court deny Lawson's fourth motion *in limine* in its entirety.

Respectfully submitted,

July 2, 2010  /s/

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff ePlus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com


Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, ePlus inc.

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE HARRY F. MANBECK, JR. FROM TESTIFYING AT TRIAL**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
*Counsel for Defendant Lawson Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

                                 */s/*
                      Henry I. Willett, III (VSB #44655)
                      Counsel for Plaintiff *e*Plus, Inc.
                      **CHRISTIAN & BARTON, LLP**
                      909 East Main Street, Suite 1200
                      Richmond, Virginia 23219-3095
                      Telephone: (804) 697-4100
                      Facsimile: (804) 697-4112
                      hwillett@cblaw.com