IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE RELEVANT AND ADMISSIBLE EXPERT TESTIMONY WITH RESPECT TO INFRINGEMENT, ANALYSIS OF DEFENDANT'S SOURCE CODE PERTAINING TO ITS ACCUSED PRODUCTS, AND DEFENDANT'S NUMEROUS INVALIDITY DEFENSES PURSUANT TO SECTIONS 101, 102, 103, AND 112 OF THE PATENT STATUTE**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

I.      INTRODUCTION

With its fifth motion *in limine,* Defendant Lawson Software, Inc. ("Lawson") seeks to exclude undisputedly relevant expert testimony pertaining to infringement, examination of Lawson's source code for its accused products, and Lawson's numerous invalidity defenses under Sections 101, 102, 103, and 112 (including indefiniteness, written description, and enablement) under the patent statute.  The sole basis for this motion is that Lawson contends *e*Plus was required to utilize the same expert witness to respond to all of Lawson's different invalidity defenses, and also a sole expert witness to address all of the infringement issues as well as to analyze Lawson's source code.  Neither the Federal Rules of Civil Procedure, this Court's local rules, or this Court's scheduling order require this of *e*Plus, and Lawson's motion should be denied.

There is no duplication or redundancy between *e*Plus's expert witnesses.  This is not a situation in which an expert will take the stand merely to opine that he concurs with the opinion of another.  Each of the *e*Plus expert witnesses addresses different issues, as Lawson well knows.  Indeed, Lawson's motion relies primarily on the ***captions*** of the expert reports at issue to argue they are duplicative, with scarcely any analysis of what the experts actually say in their reports and the scope of the opinions they intend to offer at trial.[1]

As just one egregious example, Lawson contends that expert witnesses Dr. Alfred Weaver and Mr. Brooks Hilliard are duplicative, ostensibly because the captions for their expert reports state that they pertain to invalidity.  Lawson Br. at 1-2.  Lawson does not even inform the Court, however, that Dr. Weaver opines only as to Lawson's Section 101 (subject matter) and 112 (definiteness/written description/enablement) defenses, and Mr. Hilliard opines only as to

---

[1] For most of the expert reports at issue, Lawson provides as exhibits nothing more than the cover pages of the reports.

Lawson's prior art-related defenses under Sections 102 and 103.  This lack of candor should be reason enough to deny Lawson's motion.  Neither does Lawson reveal that *e*Plus's expert witness Patrick Niemeyer served only for the limited purpose of reviewing certain Lawson source code, and that he rendered no infringement opinion at all in his report.  Thus, his report is in no way duplicative of the infringement expert report of Dr. Weaver, who did not himself review the source code.

Moreover, Lawson's motion (which does not cite so much as a single case in support) omits other key facts pertaining to when *e*Plus identified the witnesses that are the subject of this motion, Lawson's failure to raise any issue with respect to them when identified, or the subject matter of the "conditional" expert report of Harry Manbeck.  Indeed, for the Court to grant this motion (particularly after Lawson failed to raise this issue when *e*Plus identified its expert witnesses early in the case) would seriously and unfairly prejudice *e*Plus at trial, which is undoubtedly Lawson's intent.  Lawson cannot possibly demonstrate any prejudice to it from the fact that *e*Plus is utilizing different expert witnesses to address the numerous issues listed above.  On the other hand, at this late stage of the case, *e*Plus would be seriously prejudiced if any of these expert witnesses were precluded from testifying, because *e*Plus would be left without ***any*** expert testimony to deal with one or more of these heavily disputed issues.

Indeed, to demonstrate the prejudice to *e*Plus is to show how Lawson's motion is baseless.  If, for example, the Court precludes *e*Plus's Dr. Alfred Weaver from testifying on Lawson's Section 101 and 112 defenses, *e*Plus would be denied any expert testimony with respect to those issues.  No other *e*Plus expert has opined about those defenses.  Likewise, if the Court precludes *e*Plus's expert Brooks Hilliard from testifying as to Lawson's Section 102 and 103 defenses, this would seriously prejudice *e*Plus because no other expert has provided an

expert report with respect to those defenses. None of the expert testimony Lawson seeks to exclude is duplicative or redundant, and Lawson's motion should be rejected as nothing more than an attempt to prejudice *e*Plus's ability to respond to Lawson's numerous defenses in this case.

*e*Plus therefore respectfully requests that the Court deny Lawson's fifth motion *in limine*.

## II.  BACKGROUND

*e*Plus identified all of the experts to which this motion pertains — Mr. Brooks Hilliard, Dr. Alfred Weaver, Mr. Patrick Niemeyer, and Mr. Harry Manbeck — no later than October 1, 2009, when *e*Plus served its identification of expert witnesses. To the best of *e*Plus's recollection, Lawson did not raise any issue or objection at that time as to the potential redundancy of these expert witnesses.[2]

As set forth below, there is no duplication or redundancy between the expert reports that are the subject of this motion. Dr. Weaver has provided an expert report that states opinions as to Lawson's invalidity defenses relating to Sections 101 (subject matter) and 112 (indefiniteness/written description/enablement). Dr. Weaver does not opine with respect to Lawson's Section 102 and 103 defenses relating to prior art. Ex. 25, (Weaver Invalidity Report) at ¶ 3 ("For purposes of this Expert Report, I have been asked … to provide an expert technical analysis of whether the asserted claims [of the patents-in-suit] … are invalid **under 35 U.S.C. §**

---

[2] Because this case was initially transferred from the Alexandria Division to the Norfolk Division, on July 28, 2009, the Norfolk Division of the Court had issued its standard scheduling order that required the parties to serve an initial identification of their expert witnesses. Dkt. 66 at ¶ 2. Thus, even though no Rule 26(a)(2) report was due at that time, *e*Plus identified all of these expert witnesses on October 1 as required by the Norfolk Division scheduling order. The Court did not order that the case be transferred to the Richmond Division until September 30, 2009. A new scheduling order for the Richmond Division was agreed upon on November 18, 2009. *See* Dkt. 121. It was at that time, after *e*Plus had already identified its experts that are the subject of this motion, that the Scheduling Order first provided that "[o]nly one expert per discipline is permitted, except by order of the Court." Dkt. 121-1, Section IV(5).

3

*112 or 35 U.S.C. § 101* for the reasons set forth in the Shamos Initial Report.") (emphasis added).[3]

Mr. Hilliard, on the other hand, has provided an expert report that states opinions as to Lawson's alleged prior art (Sections 102 and 103) defenses. Ex. 26, (Hilliard Report) at ¶ 3 ("For purposes of this Expert Report, I have been asked … to provide an expert technical analysis of whether the asserted claims [of the patents-in-suit] … are invalid *under 35 U.S.C. § 102 or 35 U.S.C. § 103* in view of the alleged prior art ….") (emphasis added). He has not provided an opinion as to Lawson's Sections 101 and 112 defenses.[4]

Mr. Harry Manbeck, a former PTO Commissioner, has not rendered an opinion analyzing Lawson's validity defenses. Instead, the rebuttal report to which Lawson's motion refers sets forth Mr. Manbeck's explanation of the rules and procedures pertaining to the reexaminations of the patents-in-suit. Mr. Manbeck's rebuttal report is expressly stated to be a *"conditional"* expert opinion, to be proffered by *e*Plus only in the event the Court permits Lawson to introduce evidence of the reexamination proceedings at trial.[5] As set forth in *e*Plus's first motion *in limine*, such evidence is irrelevant and would be unfairly prejudicial to *e*Plus and should be excluded from trial. If the Court agrees with *e*Plus's motion, Lawson's fifth motion *in limine* is moot to

---

[3] Unless otherwise stated, the cited exhibits are included within the sealed appendices submitted by *e*Plus in connection with the parties' motions *in limine*.

[4] This is the very same "division of labor" that *e*Plus utilized and which the Court permitted when *e*Plus enforced the same three patents-in-suit in this Court in the *SAP* case.

[5] Mr. Manbeck's report points out, *inter alia,* that the so-called "evidence" that Lawson's expert Dr. Shamos relies upon regarding the reexamination proceedings consists of nothing more than interim decisions made by a patent examiner in the course of these non-final proceedings. These proceedings have several significant hurdles to traverse in the PTO, the Board of Patent Appeals and Interferences ("BPAI"), and the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit"), before any final determination will be reached. No claims can be amended or canceled with final effect unless and until all of these hurdles are cleared in a manner adverse to the patentee.

the extent it applies to Mr. Manbeck's conditional rebuttal report.[6]  In any event, however, Mr. Manbeck's rebuttal report is not in any way duplicative of the opinions of Dr. Weaver or Mr. Hilliard.

Mr. Niemeyer has served a Rule 26(a)(2) report setting forth the results of his review of Lawson's confidential source code.  Ex. 27 (Niemeyer Rpt.) at ¶¶ 2-3.  He does not render any opinion with respect to infringement.  Dr. Weaver, on the other hand, has rendered opinions of direct and indirect infringement with respect to Lawson's accused products.  Ex. 11 (Weaver Infringement Rpt.) at ¶¶ 3, 5.  In the course of doing so, he *relies upon* the review of source code conducted by Mr. Niemeyer as well as many other documents and deposition transcripts obtained in the discovery process.  Dr. Weaver did not himself review Lawson's source code.  Accordingly, as with the expert reports pertaining to Lawson's numerous invalidity defenses, the report of Dr. Weaver with respect to infringement and the report of Mr. Niemeyer with respect to source code review are not in any way redundant or duplicative of one another.

### III.  ARGUMENT

Lawson's motion is nothing more than a ham-handed attempt to unfairly prejudice *e*Plus at trial by precluding it from presenting ***any*** expert testimony on certain important issues in the case.  There is not any aspect in which the expert reports that are the subject of this motion are duplicative or redundant.

---

[6] Mr. Manbeck's conditional rebuttal testimony would be necessary if *e*Plus's first motion *in limine* is denied because Lawson's expert witnesses rely substantially on the reexamination proceedings to bolster their opinions.  Lawson's Dr. Shamos attempts to bolster his invalidity arguments by reference to the reexamination proceedings, and devotes extensive discussion to the interim, non-final office actions and other preliminary action that have occurred in these proceedings.  In addition, Lawson's damages expert Phillip Green discusses the reexamination proceedings in his report and opines that — because the patent examiner found substantial new questions of patentability based on certain alleged prior art — such prior art would be a suitable "non-infringing alternative" to the accused Lawson systems.

### A.     There Is No Redundancy Or Duplication Between The Expert Reports Of Dr. Weaver And Mr. Hilliard

Lawson characterizes any issue "relating to invalidity" as a "discipline," notwithstanding that Lawson has numerous distinct invalidity defenses in this case. Notably, Lawson looks no further than the cover pages and captions of the Weaver and Hilliard expert reports relating to validity, and never even reveals that the two reports pertain to entirely separate defenses Lawson has asserted in this lawsuit. Lawson's motion ignores the actual content of these reports, which address different Lawson defenses. Surely Lawson realizes this point, but it does not reveal this to the Court.

As set forth *supra,* Dr. Weaver opines with respect to Lawson's Section 101 and 112 defenses, whereas Mr. Hilliard opines with respect to Lawson's Section 102 and 103 (*i.e.,* prior art) defenses. It was Lawson that decided to present a laundry list of nearly every conceivable defense under the patent statute; it should not now be heard to complain that different expert witnesses might be used to respond to its panoply of distinct legal defenses.

Lawson provides no explanation why "invalidity" should be deemed to constitute a single "discipline" within the meaning of the Court's scheduling order, given that each of these defenses represents a separate affirmative legal defense, each of which has distinct legal elements and serves distinct purposes under the patent statute. Neither does Lawson cite so much as a single case in support of its argument.[7] Beyond the caption of the reports, Lawson does not bother to identify (and, in truth ***cannot*** identify) so much as a single paragraph from those reports that is allegedly duplicative.

---

[7] Indeed, this Court has permitted a division of labor between expert witnesses. *See, e.g., Trigon Ins. Co. v. U.S.,* 215 F. Supp.2d 687, 741 (E.D. Va. 2002) (permitting expert witness's valuation in tax case to be rebutted by five opposing experts, each with differing backgrounds in financial accounting, accounting and tax computation, health industry operations, valuation, and health care economics).

Lawson goes even farther in stretching the bounds of credibility by attacking the Rebuttal Report of Harry Manbeck as a report of invalidity. Here, as Lawson well knows but again does not reveal, Mr. Manbeck does not opine as to any of the above invalidity defenses but instead opines as to the rules and procedures pertaining to reexamination proceedings before the PTO. Ex. 28 (conditional Manbeck rebuttal report), at ¶ 6 ("I understand that *e*Plus intends to make a motion *in limine* seeking to exclude from the trial of this matter any reference to the reexamination proceedings … [h]owever, and without prejudicing *e*Plus's intended motion *in limine,* I have been asked by *e*Plus to review the reexamination file histories … and to ***discuss PTO reexamination procedure and statistics so that if Dr. Shamos, or any Lawson witness, is permitted to testify concerning these reexaminations, ePlus will be able to attempt to counteract the prejudice that will occur by helping the jury understand the appropriate context in which these reexaminations occur.***") (emphasis added). Mr. Manbeck's conditional report does not in any way duplicate the Hilliard or Weaver reports addressing Lawson's invalidity defenses and, once again, Lawson does not cite so much as a single paragraph that is alleged to be redundant or duplicative between these reports.

As explained *supra, e*Plus has proffered Mr. Manbeck's testimony on a purely conditional basis to be offered only in the event the Court permits Lawson to introduce evidence of the parallel reexamination proceedings. It appears Lawson would have the Court allow it to introduce such evidence (even though it has no legal significance), require that the Court be ***bound*** by interim, non-final actions made by a patent examiner at preliminary stages of those proceedings (*see* Lawson Motion *in Limine* No. 7), and then ***prevent ePlus from even responding*** to those contentions through expert testimony that explains the interim, non-final, and preliminary nature of those proceedings.

Here again, Lawson does not cite a single case supporting this proposition.[8]

### B. There Is No Redundancy Or Duplication Between The Expert Reports Of Dr. Weaver And Mr. Niemeyer

Lawson correctly states that Dr. Weaver has provided an expert report that states an opinion of infringement, and that Dr. Weaver relies upon Mr. Niemeyer's examination of source code but, regrettably, Lawson's brief again omits salient facts. Lawson surely knows, but does not reveal, that Mr. Niemeyer ***does not render an infringement opinion***. Neither does Mr. Niemeyer purport to review the elements of the asserted claims and apply Lawson's accused products and services against those elements. Lawson also surely knows, but does not reveal, that Dr. Weaver did not undertake his own review of the source code. Dr. Weaver ***does*** apply the entirety of the evidence of Lawson's accused products against the elements of the asserted claims as construed by the Court, and he concludes that those products are infringing, an analysis not performed by Mr. Niemeyer. Yet Lawson alleges, falsely, that *e*Plus is "doubling up on" infringement experts. Lawson Br. at 4.

The Federal Rules expressly provide that an expert may rely upon another's analysis. *See* Fed. R. Ev. 703 ("The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by ***or made known to the expert at or before the hearing.*** If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.") (emphasis added); *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 592 (1993) ("Unlike an ordinary witness … an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observations. See

---

[8] Nor does it cite a single case in support of its Motion *in Limine* No. 7 asking that the Court be bound by an examiner's interim, non-final rulings which, as a matter of law, have no effect on the validity of the patents-in-suit.

8

Rules 702 and 703."). Dr. Weaver has done simply that; he relies upon the totality of the evidence, which includes Mr. Niemeyer's source code review, to render an infringement opinion.

In the instance of the Niemeyer and Weaver reports, Lawson at least makes a passing attempt to look at the actual content of the two reports, but its presentation is again misleading. Lawson Br. at 3-4. The passages cited by Lawson establish only that, as described above, Dr. Weaver relies on Mr. Niemeyer's review of the source code as part of the basis for his infringement opinions. Ex. 11 (Weaver Infringement Rpt.) at ¶ 3 ("I have been asked by *e*Plus to provide an expert technical analysis of whether the asserted claims … that ePlus contends are infringed by [Lawson], as properly interpreted, *are infringed by Lawson's systems and methods* …."); ¶ 5 ("it is my opinion that *Lawson's systems and methods directly infringe* [the asserted claims] literally or, alternatively, under the doctrine of equivalents ….") (emphasis added).

Lawson omits that Mr. Niemeyer was retained solely to review Lawson's source code and he does not render an infringement opinion. Ex. 27 (Niemeyer Rpt.) at ¶ 2 ("I have been asked to prepare a written report, and to prepare for possible testimony *concerning the structure, function, and operation of certain source code modules of Lawson* …."); ¶ 3 ("This report explains *my analysis as to the operation of certain modules of Lawson's source code."*) (emphasis added). Unlike Dr. Weaver, Mr. Niemeyer nowhere discusses the asserted claims of the patents-in-suit.

Lawson cites only two paragraphs, Paragraphs 169 and 182, in which Dr. Weaver expressly references Mr. Niemeyer's source code review as support for his opinions but, again, these are nothing more than examples of Dr. Weaver relying upon a review of source code which Dr. Weaver did not undertake himself. There is nothing redundant or duplicative about the cited testimony.

9

The paragraphs of the Weaver Report that Lawson cites as allegedly redundant of Mr. Niemeyer reflect Dr. Weaver's infringement opinions, about which Mr. Niemeyer offers no opinions. The only similarity is that Mr. Niemeyer conducted a source code review with respect to these functions of the accused Lawson products. Thus, Paragraphs 43-62 of the Weaver Report, identified by Lawson, set forth Dr. Weaver's opinions of ***direct infringement***, which are not stated anywhere in Mr. Niemeyer's report. Ex. 11 (Weaver Infringement Rpt.) at ¶ 43, *et seq.* ("This Lawson S3 Procurement system constitutes an infringing system …."). Indeed, this entire section of Dr. Weaver's report lies under the heading of "Direct Infringement." *Id.* In contrast, Mr. Niemeyer's source code report does not even mention the words "infringe" or "infringement."

The remaining paragraphs of the Weaver Report to which Lawson takes issue, Lawson Br. at 4, also fall within Dr. Weaver's opinions of direct infringement. For example, Dr. Weaver states therein, "I understand that Lawson contends that … the Lawson systems do not satisfy the requirements of [the asserted claims]. I disagree." Ex. 11 (Weaver Infringement Rpt.) at ¶ 155. Dr. Weaver then goes on to explain why he believes the accused Lawson products infringe the asserted claims. *See id.* at ¶¶ 156-188. Again, Mr. Niemeyer does not render an infringement opinion.

Accordingly, there is no duplication or redundancy between the Weaver and Niemeyer expert reports.

    **C.**    ***e*Plus Would Be Unfairly Prejudiced And Denied Any Expert Testimony On Important Issues If Lawson's Motion Is Granted**

If the Court were to grant the relief requested by Lawson, it undoubtedly will argue at trial that whichever expert's opinion is not stricken is flawed because it does not address a key issue. For example, if the Court strikes Mr. Niemeyer's report, Lawson will undoubtedly argue

10

at trial that Dr. Weaver's opinion and *e*Plus's infringement case are flawed because it did not present evidence of a source code analysis.  And if the Court strikes Dr. Weaver's report, Lawson will undoubtedly argue at trial that Mr. Niemeyer's opinion and *e*Plus's infringement case are flawed because Mr. Niemeyer never rendered an infringement opinion and did nothing other than analyze source code without making a comparison of Lawson's accused systems to the elements of the asserted claims.  This, of course, is Lawson's true agenda, not a legitimate concern over redundant or duplicative experts.

Similarly, if the Court strikes Mr. Hilliard's report, Lawson will undoubtedly attempt to take advantage of the absence of any expert testimony from *e*Plus with respect to Lawson's prior art defenses.  The same is true with respect to Lawson's Section 101 and 112 defenses if the Court were to strike the invalidity report of Dr. Weaver.

Lawson's claim of unfair prejudice is wholly transparent.  First, as stated *supra, e*Plus's expert witnesses were disclosed to Lawson no later than October 1, 2009, without any objection or inquiry from Lawson, more than six months before the first expert reports were served.  Accordingly, that "Lawson had no opportunity to anticipate or address" this issue or that this has given *e*Plus an "unfair advantage," Lawson Br. at 4-5, is demonstrably wrong.  Second, Lawson did not have to depose "multiple experts ***on the same issue***," as previously set forth and, in any event, those depositions have already been taken.  Third, Lawson is in no position to complain about having to "prepare for multiple experts at trial," Lawson Br. at 5, since this is simply the result of Lawson asserting every patent law defense under the sun.  Fourth, there will be no unfair prejudice to Lawson from the jury hearing more than one *e*Plus expert, since there is no

duplication or redundancy between those experts. Again, this is not a case where the *e*Plus experts are simply saying they agree with another's expert testimony.[9]

## IV. CONCLUSION

*e*Plus therefore respectfully requests that the Court deny Lawson's fifth motion *in limine* in its entirety. Lawson's presentation of the pertinent facts is incomplete and misleading, and there is no redundancy or duplication between the expert reports that Lawson seeks to strike and exclude from the case.

Respectfully submitted,

July 2, 2010

/s/
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

---

[9] Indeed, Lawson's complaints are a bit ironic given the alleged overlap it believes it is entitled to have its own experts engage in. Lawson's Dr. Shamos opines about non-infringement, all of Lawson's invalidity defenses, numerous pure questions of law (*see e*Plus's fifth motion *in limine*), Lawson's alleged intent in continuing its infringement (*see* Lawson's second motion *in limine*), and he further states that his opinions "may be relevant to damages" and unspecified "other purposes." Ex. 29 (Shamos Invalidity Rpt.) at ¶ 105.

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

13

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE RELEVANT AND ADMISSIBLE EXPERT TESTIMONY WITH RESPECT TO INFRINGEMENT, ANALYSIS OF DEFENDANT'S SOURCE CODE PERTAINING TO ITS ACCUSED PRODUCTS, AND DEFENDANT'S NUMEROUS INVALIDITY DEFENSES PURSUANT TO SECTIONS 101, 102, 103, AND 112 OF THE PATENT STATUTE**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

> Daniel McDonald, *pro hac vice*
> William D. Schultz, *pro hac vice*
> Rachel C. Hughey, *pro hac vice*
> Joshua P. Graham, *pro hac vice*
> Andrew Lagatta, *pro hac vice*
> MERCHANT & GOULD
> 3200 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402
> Telephone: (612) 332-5300
> Facsimile: 612) 332-9081
> lawsonservice@merchantgould.com
>
> Robert A. Angle, VSB#37691
> Dabney J. Carr, IV, VSB #28679
> Megan C. Rahman
> TROUTMAN SANDERS LLP
> P.O. Box 1122
> Richmond, Virginia 23218-1122
> (804) 697-1238
> (804) 698-5119 (Fax)
> robert.angle@troutmansanders.com
> dabney.carr@troutmansanders.com
> megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

> _____/s/_____
> Henry I. Willett, III (VSB #44655)
> Counsel for Plaintiff *e*Plus, Inc.
> **CHRISTIAN & BARTON, LLP**
> 909 East Main Street, Suite 1200
> Richmond, Virginia 23219-3095
> Telephone: (804) 697-4100
> Facsimile: (804) 697-4112
> hwillett@cblaw.com