IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 7 TO REQUIRE THAT DISTRICT COURT BE BOUND BY INTERIM, NON-FINAL ACTIONS OF PATENT EXAMINER MADE AT PRELIMINARY STAGES OF REEXAMINATION PROCEEDINGS**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

I.  **INTRODUCTION**

With its seventh motion *in limine*, Defendant Lawson Software, Inc. ("Lawson") requests that the Court take the legally erroneous and apparently unprecedented step of holding that this United States District Court, established pursuant to Article III of the Constitution, is bound by the interim, non-final decisions of a GS-13 non-attorney patent examiner made during the preliminary stages of reexamination proceedings. As set forth in detail in *e*Plus's first motion *in limine*, Dkt. 246, 247, the examiner decisions in the reexamination proceedings have not yet been subject to an appeal, even before the Patent and Trademark Office's ("PTO") Board of Patent Appeals and Interferences ("BPAI"), much less the Federal Circuit. Accordingly, the reexamination proceedings are half a dozen years or more from being final and any examiner office actions are subject to reversal at numerous stages of the reexamination process.

*e*Plus is unaware of any case authority supporting Lawson's request, and notably Lawson does not cite so much as a single case anywhere in its eleven-page brief. To the contrary, Lawson appears to ask the Court to do precisely what the Federal Circuit has forbidden, namely, to require that these proceedings comply with — and that this Court answer to — whatever may transpire in the reexamination proceedings. *Greenwood v. Hattori Seiko Co., Ltd.*, 900 F.2d 238, 240 (Fed. Cir. 1990) (finding it reversible error where district court relied on initial claim rejection in reexamination proceeding as basis for invalidity and stating "[t]he district court has misperceived the purpose and effect of reexamination, and has treated the reexamination as if it were part of [plaintiff's] suit against [defendant]….Because the court's misperceptions caused it to disregard the presumption that all patents are valid, its judgment must be vacated.") (citations omitted). As another District Judge of this Court has recognized with respect to whether the Court should defer to ongoing PTO reexamination proceedings, "I don't run their business and

1

Case 3:09-cv-00620-REP   Document 298   Filed 07/02/10   Page 3 of 18 PageID# 6817

they don't run mine." D. Caterinicchia, <u>Delay denied in BlackBerry suit</u>, Wash. Times, Dec. 1, 2005 (quoting Chief United States District Judge James R. Spencer) (available at 2005 WLNR 19314250).

*e*Plus will not restate its first motion *in limine* (asking the Court to exclude all evidence of the reexaminations), but, as set forth in that brief, substantial case authority holds that the Court should not admit evidence of the reexamination proceedings *at all* during the trial of this case. Numerous courts, including the Federal Circuit, have held that such proceedings are of little or no probative value to any issue in the case, and any probative value is vastly outweighed by the danger of jury confusion and unfair prejudice to *e*Plus. *A fortiori*, this Court may not hold that it is **bound** by the non-final, interim actions taken to date in those proceedings.

Moreover, as further evidence of the utter lack of probative value of the reexamination proceedings, on Friday, June 25, after this case has been pending for more than a year, Lawson requested yet **another** reexamination proceeding, in this instance requesting *ex parte* reexamination of claims 1 through 25 of the '683 Patent-in-Suit. *See* Ex. 36.[1] This request relies on the same alleged prior art that Lawson has relied upon throughout this proceeding. The circumstances make it apparent that Lawson's latest request was intended solely to manufacture so-called "evidence" for this case in order that it may tell the jury that all asserted claims are subject to PTO reexamination proceedings. The timing of Lawson's request permits no other conclusion. Certainly, it had all the information necessary to make its request long before now. Lawson's craven manipulation of the reexamination process underscores why such so-called "evidence" should not be admitted at the trial of this case.

---

[1] Unless otherwise stated, the cited exhibits are included within the sealed appendices submitted by *e*Plus in connection with the parties' motions *in limine*.

2

Further, Lawson's arguments in support of this motion confirm the misleading and legally erroneous manner in which it intends to use evidence of the reexamination proceedings at trial. Even though it is firmly established that the grant of a reexamination request has no effect whatsoever on the validity of the patents and the statutory presumption of validity attached to them, Lawson's brief makes it clear that it intends to cite the examiner actions taken to date (including the mere fact that the PTO granted the reexamination requests) to mislead the jury with respect to these very points, and moreover to prevent *e*Plus from "contesting that the PTO has found a substantial new question of patentability," which is the phrase that denotes the PTO has granted a reexamination request. Instead of having the jurors decide this case based on the actual facts before it and the law ***as instructed by this Court***, Lawson's brief makes it clear that it intends to make this trial about the conduct of satellite proceedings before the PTO under a different set of legal rules and procedures.

Under these circumstances, the risk of jury confusion is as certain as could possibly be, and the risk of unfair prejudice to *e*Plus is plain. Moreover, to permit the trial of this case to be diverted into an examination of what are now ***four satellite proceedings*** before the PTO (all of which were initiated by accused infringers for tactical purposes during the course of federal court litigation) would likely extend the length of trial for this case by nearly two weeks.

*e*Plus therefore respectfully requests that the Court deny Lawson's seventh motion *in limine*.

## II.    ARGUMENT

Nowhere in Lawson's eleven-page brief does it cite so much as a single case that provides legal support for its astounding proposition that this Article III United States District Court is bound by non-final, interim decisions of a patent examiner, not yet subject to appeal,

made during the course of reexamination proceedings.  To *e*Plus's knowledge, no such case exists.

There is, however, abundant case authority compelling a contrary conclusion, *viz.,* that this Court should not even admit into evidence these non-final examiner rulings, because they lack probative value, and would be confusing to the jury and unduly prejudicial to *e*Plus.  Examination of Lawson's arguments shows all the more how confusing to the jury and unfairly prejudicial to *e*Plus this evidence would be.  For these very reasons, the Federal Circuit recently stated, in affirming a district court's exclusion of evidence of parallel reexamination proceedings, "***non-final re-examination determinations [are] of little relevance to the jury's independent deliberations on the factual issues underlying the question of obviousness.  In contrast, the risk of jury confusion if evidence of the non-final PTO proceedings [is] introduced [is] high***."  *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) (emphasis added).  As discussed below, and in greater detail in *e*Plus's first motion *in limine*, numerous federal district courts also have excluded such evidence.

*e*Plus briefly summarizes below the arguments demonstrating why that is the case.  In addition, as set forth below, none of Lawson's specific arguments merit departure from the case law *e*Plus has cited showing that such evidence should be excluded.

### A. The Reexamination Proceedings Are At Preliminary Stages And Have Not Resulted In A Final Decision With Respect To The Validity Of Any Claim Of The Patents-in-Suit

As *e*Plus set forth in detail in its first motion *in limine*, the reexamination proceedings have not resulted in any final determination as to the validity of any asserted claims.  Indeed, no ruling has yet been reviewed by the PTO's BPAI, there has not even been an examiner office action to date for the '516 Patent reexamination proceeding, and no action has been taken at all on Lawson's latest request that the PTO reexamine additional asserted claims of the '683 Patent.

4

By statute, claims are not cancelled or confirmed in reexaminations, until a final action has issued, all appeals have been exhausted, *and* a certificate has issued. 35 U.S.C. § 316(a); 35 U.S.C. § 307(a). The patent statute provides to each issued patent a presumption of validity, which remains unaltered throughout the entire reexamination process. 35 U.S.C. § 282; *Kaufman Co., Inc. v. Lantech, Inc.*, 807 F.2d 970, 974 (Fed. Cir. 1986); *Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, 2009 WL 3822694, *2 (S.D. Cal. Nov. 13, 2009); *Intelligent Peripheral Devices, Inc. v. Smartpad, Inc.*, 1998 WL 754606, **2-3 (N.D. Cal. Oct. 26, 1998) (holding that, despite the fact that an appeal was pending before the BPAI, the patent-at-issue "continue[d] to enjoy a presumption of validity for [the] purposes of this [district court] action."). The Federal Circuit has expressly stated that "the grant by the examiner of a request for reexamination is ***not*** probative of unpatentability." *Hoechst Celanese Corp. v. BP Chems., Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996).

Accordingly, the fact that reexamination proceedings are ongoing, or that interim decisions have been made by a PTO examiner at preliminary stages of those proceedings, has no legal effect on the validity of the asserted claims in this litigation.[2]

---

[2] *See also i4i Ltd. Partnership v. Microsoft Corp.*, 670 F. Supp.2d 568, 583 (E.D. Tex. 2009) ("[t]he simple fact that a reexamination decision has been made by the PTO is not evidence probative of any element regarding any claim of invalidity."); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 597 F. Supp. 2d 897, 907 (N.D. Iowa 2009) (Stating, "[t]his court agrees with its brethren that evidence of incomplete reexamination proceedings is not admissible to prove invalidity of a patent, because it has no probative value on that issue ….", and citing cases).

> B. **The PTO Examiner's Interim Decisions Have No Probative Value For The Additional Reason That The Reexamination Proceedings Apply Different Legal Standards Than Will Apply In This District Court Proceeding**

In addition to the non-final nature of the reexamination proceedings for the patents-in-suit, the proceedings are not probative evidence in the context of this litigation because of the numerous and substantial differences in the legal standards applied in those proceedings.

As Lawson itself concedes, in contrast to this Court's obligations under *Markman,* the PTO construes the claims according to different principles and, as with original examination, it is required to give claims their broadest reasonable interpretation consistent with the specification. *In re Yamamoto,* 740 F.2d 1569, 1571 (Fed. Cir. 1984); Manual of Patent Examination Procedures ("MPEP") § 2111 ("During patent examination, the pending claims must be given their broadest reasonable interpretation consistent with the specification."). As a result, this Court's claim construction is not controlling on the PTO. *See In re Etter*, 756 F.2d 852, 855-59 (Fed. Cir. 1985). For these same reasons, the MPEP instructs the examiner that even a final court decision will not be deemed controlling on the PTO with respect to patent claim validity or claim construction. MPEP § 2242, Section III(A) (Rev. 7, July 2008) ("While the Office may accord deference to factual findings made by the district court, ***the determination whether a substantial new question of patentability exists will be made independently of the court's decision on validity, because it is not controlling on the Office.***") (emphasis added); *see also* MPEP § 2286, Section II (same).

In addition, the statutory presumption of validity that this Court must apply pursuant to 35 U.S.C. § 282 does not apply in the PTO. Nor does the PTO apply the evidentiary burden of clear and convincing evidence that Lawson bears in presenting its invalidity contentions in this case.

6

Accordingly, any actions taken in the reexamination proceedings result from applying a different set of legal rules. For example, whereas the jurors in this case will be instructed that they must apply this Court's claim construction, the PTO takes the position that the examiner may disregard that construction entirely.

### C. There Is A Severe Risk Of Jury Confusion And Unfair Prejudice To *ePlus* From Admission Of Evidence From The Reexamination Proceedings

The risk of jury confusion from the evidence of the parallel reexamination proceedings is very high. The Federal Circuit and the lower courts have agreed that it is difficult, if not impossible, for a lay juror to understand the effect of pending reexamination proceedings in light of the statutory presumption of validity. *Callaway Golf*, 576 F.3d at 1343 (noting that the "risk of jury confusion [is high] if evidence of the non-final PTO [reexamination] proceedings [is] introduced…").

The prejudicial potential of this evidence far outweighs any probative value it may have. *Presidio Components,* 2009 WL 3822694, at *2 (excluding evidence and stating "the prejudicial effect as well as potential for jury confusion is great."); *i4i,* 670 F. Supp.2d at 588 ("its probative value is substantially outweighed by its prejudicial effect in suggesting to the jury that it is entitled to ignore both the presumption of validity and the defendant's clear and convincing evidence burden at trial."); *Transamerica Life,* 597 F. Supp.2d at 907 ("even if the evidence has some marginal probative value, that probative value is outweighed by its potential for undue prejudice or confusion of the jury about the presumption of validity of the patent"); *Hochstein v. Microsoft Corp.,* 2008 WL 3925282, *4 (E.D. Mich. Aug. 21, 2008) (excluding evidence on motion *in limine* on ground of unfair prejudice and likely confusion of jury). For such reasons, these courts have held that evidence of reexamination proceedings should not be admitted.

7

*Transamerica Life,* 597 F. Supp.2d at 907 ("This court agrees with its brethren that evidence of incomplete patent reexamination proceedings is not admissible").

    **D.    The Examiner's Decision That There Is A "Substantial New Question Of Patentability" Is Not Relevant Or Binding In This Litigation**

Lawson contends that this Court is bound by an examiner's determination that U.S. Patent No. 5,712,989 ("the '989 Patent") — a patent invented by two of the same inventors as the patents-in-suit and which is cited throughout the specifications for all three of the patents-in-suit — raises a "substantial new question of patentability." Lawson's brief serves as stark evidence that it intends to use this legally irrelevant development to mislead the jury that this preliminary determination has legal significance to validity, to the unfair prejudice of *e*Plus.

As set forth in *e*Plus's first motion *in limine*, however, that determination has no probative value and no legal significance to the validity of the patent. Indeed the Federal Circuit has stated:

> We take notice that the grant by the examiner of a request for reexamination is not probative of unpatentability. ***The grant of a request for reexamination, although surely evidence the criterion for reexamination has been met (i.e., that a "substantial new question of patentability" has been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity***. See Acoustical Design, Inc. v. Control Elecs. Co., 932 F.2d 939, 942, 18 USPQ2d 1707, 1710 (Fed. Cir.) ("initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims"), *cert. denied,* 502 U.S. 863, 112 S.Ct. 185, 116 L.Ed.2d 146 (1991).

*Hoechst Celanese,* 78 F.3d at 1584 (emphasis added) (footnote omitted); *see also i4i Ltd. Partnership,* 670 F. Supp.2d at 583 ("[t]he simple fact that a reexamination decision has been made by the PTO is not evidence probative of any element regarding any claim of invalidity."); *Transamerica Life,* 597 F. Supp. 2d at 907 ("[t]his court agrees with its brethren that evidence of

8

incomplete reexamination proceedings is not admissible to prove invalidity of a patent, because it has no probative value on that issue ….", and citing cases).

Here, Lawson relies on the fact that this preliminary determination to grant the reexamination request is not, itself, subject to appeal. Lawson Br. at 4 (citing MPEP, §2646(II)). But this argument entirely misses the point. The reason this preliminary decision is not appealable is because the decision is ***not a final agency action***. MPEP § 2242(I) ("whether a 'substantial new question of patentability' exists … is final, i.e., not subject to appeal on the merits of the decision … a decision to grant a reexamination request ***is not a final agency decision and is not ordinarily subject to judicial review.")*** (emphasis added); *see also* MPEP § 2646(II) (providing, with respect to *inter partes* reexamination, "These matters cannot be questioned with respect to vacating the order granting reexamination ***until a final agency decision*** on the reexamination proceeding has issued. Rather, these matters ***can be argued*** by the patent owner and appealed during the examination phase of the reexamination proceeding.") (emphasis added). Lawson turns this proposition on its head to argue that the PTO's decision should be given binding and preclusive effect as if it were a final decision on the merits pertaining to validity.

As set forth in ePlus's first motion *in limine,* the standard for "a substantial new question of patentability" is treated by the PTO as little more than a showing that the reexamination requester has met the procedural requirements for grant of a reexamination; thus, unsurprisingly, the PTO finds that this standard is met in roughly 90% of reexamination requests. Dkt. 247 at 8. This initial determination is not of legal significance to the validity of the patents, and is not a predictor that any asserted claims will be cancelled or amended. *Id.; see also Presidio Components,* 2009 WL 3822694, at *2 (noting that although PTO grants about 92% of requests

9

for reexamination, in only 12% of cases does the reexamination result in all claims being cancelled).³  Accordingly, Lawson's argument does not merit departure from the above-cited case law, which squarely holds that the grant of a reexamination request, *i.e.,* the "finding that there is a substantial new question of patentability," has no probative value.

    E.  **The Examiner's Initial Determinations With Respect To The '989 Patent Are Not Relevant Or Binding**

Lawson contends, without any legal support, that this Court is bound by the reexamination examiner's initial finding that the '989 Patent is prior art that was not considered during the original examination.  Thus, rather than argue the actual facts from the original examination, however, or what the law actually says about whether the '989 Patent qualifies as prior art, Lawson apparently intends to argue based on what the reexamination examiner has assumed or found when making preliminary rulings in the reexamination proceedings.  There is no reason whatsoever why this Court should allow Lawson to try this case based on this "one step removed" logic, or to allow this trial to be about the four satellite proceedings that are ongoing before the PTO.  *See Greenwood,* 900 F.2d at 241 (holding that district court erred by relying on actions in reexamination proceeding to resolve validity in district court action).  It would be particularly incongruous to the point of absurdity to hold that this Court is **bound** by such preliminary reexamination findings when they are still subject to reversal at numerous stages.  *Intelligent Peripheral Devices,* 1998 WL 754606, at *2 ("The rationale behind this rule [that the burden of proving invalidity remains with the accused infringer] is that **the PTO's**

---

³ The MPEP states, the term "substantial new question of patentability" is not defined in the patent statute.  MPEP, § 2242(I).  "The presence or absence of 'a substantial new question of patentability' determines whether or not a reexamination is ordered.  The meaning and scope of the term … is not defined in the statute and must be developed to some extent on a case-by-case basis …."); *id.* ("A prior art patent or printed publication raises a substantial question of patentability where there is a substantial likelihood that a reasonable examiner would consider the [reference] important in deciding whether or not the claim is patentable.").

*decision on reexamination is 'never binding on a court*.'") (citation omitted) (emphasis omitted).

The reexamination examiner has made initial findings based on his assumption that the original examiner did not consider the '989 Patent as prior art. However, what the reexamination examiner assumes — as reflected in preliminary, non-final actions that *will be* but have not yet been, subject to appeal if not reversed by the examiner himself — with respect to what the original examiner considered to be prior art, is not relevant. The reexamination examiner is not testifying. He is not a percipient witness with respect to what the original examiner thought or did. Neither the facts nor the law with respect to whether the '989 Patent qualifies as prior art, or whether it was considered during original examination, are changed by what the reexamination examiner has assumed when making his preliminary findings. The reexamination examiner cannot go back in time and change the facts as to what transpired during the original examination of the patents-in-suit.

Whether, at this stage of the reexamination proceedings, the examiner believes the '989 Patent was considered or not considered during original examination, or whether the examiner believes it does or does not qualify as prior art, is legally irrelevant to invalidity for all the reasons cited *supra*. Whatever his finding at this stage, and whatever actions he takes based on that finding, will be subject to appeals that will not be resolved for six or more years.

Moreover, the actual facts of the original examination clearly show that the original examiner of the patents-in-suit was aware of the '989 Patent when examining the patents and allowing the claims.[4] First, the '989 Patent was expressly incorporated by reference into the

---

[4] *e*Plus's position with respect to the status of the '989 Patent as prior art is set forth in further detail in its opposition to Lawson's motion for summary judgment at Section III(G). The instant

specification of the patents-in-suit. *See* Ex. 37 ('989 Patent) at Col. 1:10-16; Ex. 38 (original patent application Serial No. 08/288,577) at 1 (ePLUS 0703564). There, the inventors expressly acknowledged, "There are a number of known requisition/purchasing systems… [o]ne such system ***is the Fisher Scientific Requisition and Inventory Management System (Fisher RIMS), described in co-pending patent application Serial No. 08/042,168,*** …, the disclosure of which is incorporated herein by reference." Moreover, the patent specification references the Fisher RIMS system some **49 times**. *See generally* Ex. 37.

In addition, events that occurred during prosecution confirm the original examiner was aware of the Fisher RIMS system and the co-pending patent application. *See* Ex. 38 (Office Action mailed June 1, 1998) at 2, ¶¶ 2, 2.1) (ePLUS 703721); *see also* Dec. of Brooks Hilliard in Support of *e*Plus's Opposition to Lawson's Motion for Summary Judgment, ¶ 79. Further, after the '989 Patent issued in January, 1998, it was classified in Class/Subclass 705/28 at the PTO.[5] The search notes of the examiner for the patents-in-suit indicated he conducted a search in Class/Subclass 705/28 twice after the '989 Patent issued. *See* Ex. 38 at ePLUS 0703780 (indicating Examiner searched Class/Subclass 705/28). All references in the field of the examiner's search are deemed to have been considered by the examiner. *E.I. duPont de Nemours & Co. v. Berkley and Co., Inc.*, 620 F.2d 1247, 1266-67 (8th Cir. 1980) (cited with

---

motion, however, pertains to whether this Court is bound by interim findings of the reexamination examiner. Clearly, it is not.

[5] Although the application for the '989 Patent was initially classified in Class/Subclass 395/228, this subclass was abolished on September 2, 1997, four months before the '989 Patent issued. *See* Ex. 40 (USPTO Classification Orders Index, Classes 383-483), available at http://www.uspto.gov/patents/resources/classification/orders/classes_383_403.jsp (last visited June 29, 2010). It was replaced with Class/Subclass 705/28. *See* Ex. 41 (USPTO Classification Orders Index, Classes 383-483), available at http://www.uspto.gov/patents/resources/classification/orders/classes_604_709.jsp (last visited June 29, 2010) (indicating that Subclasses 1-45 in Class 705 were created on September 2, 1997); Ex. 39 (Entry for '989 Patent in USPTO Patent Full-Text and Image Database), available at USPTO website, last visited June 29, 2010 (indicating that the '989 Patent is classified in Class/Subclass 705/28).

approval, *Polaroid Corp. v. Eastman Kodak Co.*, 789 F. 2d 1556, 1571 (Fed. Cir. 1986) (references in field of search were deemed to have been considered)); MPEP § 717.05. Thus, the original examiner was in fact aware of the '989 Patent and allowed the claims of the patents-in-suit.

F. **Lawson's Arguments About Allegedly Inconsistent Positions Before The PTO Are Incorrect And Provide No Basis For Binding *e*Plus Or This Court**

Finally, Lawson asks that the Court preclude *e*Plus from taking positions "inconsistent" with those in the reexamination proceedings. *e*Plus is not taking inconsistent positions, however, and the examples Lawson cites do not show otherwise.

More fundamentally, Lawson's arguments are essentially arguments about the meaning of the asserted claims. Lawson appears to overlook, however, that this Court has construed the claims pursuant to *Markman*. At the trial of this case the parties must address their infringement and validity arguments to this Court's construction. If — as Lawson contends — *e*Plus makes trial arguments of infringement and validity that are inconsistent with one another (in light of this Court's *Markman* ruling), this Court will undoubtedly hear Lawson's argument in the appropriate manner. But there is no reason why this Court must allow the parties to delve into the four reexamination proceedings (and the parties' arguments therein) before the jury in order to protect Lawson's ability to make that argument.[6]

With respect to Lawson's arguments of supposed inconsistencies, as set forth *supra,* Lawson clearly misstates the import of the "substantial new question" finding of the examiner, and argues that the finding requires the Court to dispense with the statutory presumption of validity. Lawson Br. at 5. Further, *e*Plus is entirely consistent in arguing in both this litigation

---

[6] Because the reexamination of one of the patents-in-suit is *inter partes*, both *e*Plus's **and** Lawson's arguments to the PTO could be at issue if the Court permits the parties to delve into the reexamination proceedings.

13

and the reexamination proceedings that the "P.O. Writer" system does not anticipate the "converting" claims of the '683 Patent because it did not have cross-referencing capabilities. *See, e.g.,* Ex. 26 (Hilliard Rpt.), at ¶¶ 118-19.  *e*Plus also consistently argues in this litigation and the reexamination proceedings that the P.O. Writer system does not anticipate any '683 Patent claim because it required manual generation of requisitions and purchase orders; the P.O. Writer system could not, *e.g.,* build a requisition simply from data found in conducting searches of the database in that system.  *See id.,* (Hilliard Rpt.), at ¶¶ 105-07, 110-15.  In addition, *e*Plus has again been entirely consistent in arguing that the data in the database of the P.O. Writer system is not "associated with a source."  *See id.,* (Hilliard Rpt.), at ¶¶ 104, 106-08, 110, 112, 115.

Accordingly, Lawson's arguments about "inconsistent" arguments in the reexamination proceedings are wholly contrived.  And moreover, **both** parties will have to address their infringement and invalidity arguments to this Court's *Markman* ruling, not whatever unstated construction the examiner may have in mind in the reexamination proceedings.

Lawson's arguments demonstrate all the more that its intention is to confuse and distract the jury by arguing about the four satellite proceedings before the PTO.  Allowing this case to devolve into a review of the conduct of the reexamination proceedings would surely bewilder the jury and likely add another two weeks to the length of trial in this case. As *e*Plus pointed out in its first motion *in limine,* it is untenable that lay jurors could be expected to understand how to process evidence of those proceedings, yet understand that:  (1) they have no legal significance to the validity of the patents; (2) no claim construction process was involved in reaching the interim examiner decisions, and this Court's claim construction was not utilized; (3) evidence was admitted without any live testimony or cross-examination; (4) the interim rulings were made

at differing stages of the process;[7] (5) office actions in two of the reexamination proceedings have issued but have not yet been subjected to any appeal; (6) different legal standards and burdens of proof were employed in reaching those interim rulings; and (7) those interim decisions could be reversed in their entirety at any time, and at multiple additional stages of the reexamination process.

### III.   CONCLUSION

ePlus therefore respectfully requests that the Court deny Lawson's seventh motion *in limine* in its entirety, and further that the Court exclude any evidence, expert opinion, other testimony, or argument with respect to the PTO reexaminations of the patents-in-suit.

Respectfully submitted,

July 2, 2010

/s/
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

---

[7] Indeed, no office action has yet issued in the '516 reexamination proceeding, and the PTO has not yet even granted Lawson's latest reexamination request.

        Scott L. Robertson *(admitted pro hac vice)*
        Jennifer A. Albert *(admitted pro hac vice)*
        David M. Young (VSB #35997)
        **GOODWIN PROCTER LLP**
        901 New York Avenue, N.W.
        Washington, DC 20001
        Telephone: (202) 346-4000
        Facsimile: (202) 346-4444
        srobertson@goodwinprocter.com
        jalbert@goodwinprocter.com
        dyoung@goodwinprocter.com

        Michael G. Strapp (*admitted pro hac vice*)
        James D. Clements (*admitted pro hac vice*)
        **GOODWIN PROCTER LLP**
        Exchange Place
        53 State Street
        Boston, MA 02109-2881
        Telephone: (617) 570-1000
        Facsimile: (617) 523-1231
        mstrapp@goodwinprocter.com
        jclements@goodwinprocter.com

        Attorneys for Plaintiff, *e*Plus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 7 TO REQUIRE THAT DISTRICT COURT BE BOUND BY INTERIM, NON-FINAL ACTIONS OF PATENT EXAMINER MADE AT PRELIMINARY STAGES OF REEXAMINATION PROCEEDINGS**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com.

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

_____/s/_____
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com

1