IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| EPLUS INC., | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
|     Defendant. | ) | |

**PLAINTIFF EPLUS, INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 8 TO PREVENT LEGITIMATE CROSS-EXAMINATION OF DEFENDANT'S RETAINED CONSULTANTS**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

I.  **INTRODUCTION**

Plaintiff ePlus, Inc. ("ePlus) opposes the motion of Defendant Lawson Software, Inc. ("Defendant") to preempt legitimate cross-examination of two third-party witnesses Defendant has retained as paid consultants in this case.  Defendant contends that it is somehow improper — in the absence of any context — to cross-examine witnesses concerning their motive, bias or self-interest, particularly when they are being compensated by Defendant under agreements that pay them hundreds of dollars per hour for their testimony.

In particular, Defendant objects to any examination of one of these paid witnesses, Mr. Charles Gounaris, a former IBM employee, who performed "work for hire" services on behalf of ePlus's predecessor-in-interest, Fisher Scientific, the original assignee of the application that led to the patents-in-suit.

Mr. Gounaris conceded during his deposition that he took with him thousands of pages of IBM documents that Defendant now relies upon in this action.  *See* Ex. 42 at 21:6-23:2.[1]  Mr. Gounaris denied, however, that he was aware of any policy by IBM which prohibited the removal of IBM property upon termination of his employment.  *Id.* at 20:22-21:5.  In contrast, Ms. Pamela Eng, another IBM employee who worked with Mr. Gounaris for Fisher Scientific on the "Electronic Sourcing Project" to develop a prototype for the system described and claimed in the patents-in-suit, readily admitted that IBM had a well-known policy against the removal of IBM documents upon termination of employment.  Ex. 43 at 11:3-10.

The fact that these two employees contradict each other with regard to this policy is appropriate grounds for cross-examination.  Further, the fact that Mr. Gounaris — in contravention of a well-established policy by IBM — should purloin his employer's documents

---

[1] This included "eight zip drives" of IBM documents.  *Id.*

speaks volumes as to his credibility. Such has always been fertile ground for cross-examination, and Defendant should not be able to immunize witnesses in advance from such inquiries.

At a minimum, the Court should understand and hear the context in which this testimony will be elicited before any objection is raised.

## II. ARGUMENT

Although it is unclear for what purpose these two witnesses will be offered at trial, *e*Plus should not be foreclosed from conducting a full and robust cross-examination of them. Mr. Gounaris and Ms. Eng are former IBM employees. Def.'s Br. at 1-2. They were hired by Fisher Scientific, a predecessor-in-interest to *e*Plus, to work with them on the development of a prototype of a system that was later claimed in the patents-in-suit. Ex. 42 at 51:14-53:17. This development went on for more than a year, and IBM was paid handsomely, in excess of $600,000 for their work. *Id.* at 78:2-6. At all times, however, Fisher Scientific retained the rights to the property for which IBM was hired. *Id.* at 84:8-20. And, both Ms. Eng and Mr. Gounaris eschew any claim that they are in any way inventors of the patents-in-suit, *see, e.g.*, Ex. 43 at 31:16-18, and IBM has never made any such claim.[2]

Nevertheless, when Mr. Gounaris left the employment of IBM in 2001, Ex. 42 at 16:7-10, he took with him tens of thousands of pages of documents, many of which Defendant now apparently will rely upon at trial. Again, the relevance of these documents is questionable at best, given that the project involved — development of a modified search program known as TV/2 utilized in the invention — is fully disclosed in the patents-in-suit.

The fact that Mr. Gounaris, however, would take these documents that were the property of IBM when he left its employment is telling as to his credibility. Defendant contends,

---

[2] There is no affirmative defense of "improper inventorship" in this case, and therefore the relevancy of Mr. Gounaris's and Ms. Eng's testimony is dubious at best.

2

however, that there is no evidence that Mr. Gounaris violated any IBM policy or agreement. Def's Brf. at 2. While it is true that notwithstanding a subpoena issued to Mr. Gounaris and Ms. Eng, neither produced an employment agreement, Ms. Eng made clear that she understood IBM's policies prohibited as much.

> Q. Okay. But in any event, when you left IBM, you understood that you shouldn't take any documents with you; is that right?
>
> A. Right.
>
> Q. IBM has a policy about employees that are — that leave the company and not to take IBM documents, correct?
>
> A. Correct.

Ex. 43 at 11:3-10. Mr. Gounaris, however, while conceding that IBM required its employees to sign an employment agreement, Ex. 42 at 18:1-6, claimed no knowledge of a policy prohibiting the removal of IBM documents, although he suggested IBM was aware that he did it. *Id.* at 18:22-20:1. When asked, however, who at IBM he informed about the removal of its documents, he was unable to identify anyone. *Id.* at 20:9-12.

While neither Mr. Gounaris nor Ms. Eng provided their employment agreements, such an agreement contemporaneous with Mr. Gounaris's tenure is readily available on the Internet. It provides in relevant part:

> 1. I will not, without IBM's prior written permission, disclose to anyone outside of IBM or use in other than IBM's business, either during or after my employment, any confidential information or material of IBM, or any information or material received in confidence from third parties, such as suppliers or customers, by IBM. ***If I leave the employ of IBM, I will return to IBM all property in my possession belonging to IBM or received from any third party by IBM, whether or not containing confidential information, including, but not limited to, diskettes and other storage media, drawings, notebooks, reports, and other documents.***

Exhibit 43 (emphasis added).  Clearly it is not surprising that IBM would have a very stringent policy against the removal of its documents "either during or after … employment." *Id.*  Cross-examination into such circumstances, therefore, is entirely appropriate.

In fact, telling, Mr. Gounaris also personally signed a Non-Disclosure Agreement on behalf of IBM with Fisher Scientific agreeing to maintain Fisher's information as confidential. Ex. 42 at 59:13-67:19.  Arguably, production of the Fisher Scientific contract taken from IBM by Mr. Gounaris breaches that agreement by itself.

> Indeed,
>
> [i]t may not be an exaggeration to claim, as Wigmore does, that cross-examination is "***beyond any doubt the greatest legal engine ever invented for the discovery of truth***" … And, its efficacy in testing the accuracy and completeness of testimony is so well understood that the right of cross-examination is "***one of the safeguards essential to a fair trial***"  Evidence supplied through the lips of witnesses is subject not only to the possible infirmities of falsification or bias; it is also subject to the inaccuracies which inevitably flow from the fallibility of human powers of observation, memory, and description.  "***The annals of the legal profession are filled with instances in which testimony, plausible when supplied on examination in chief, has by cross-examination been shown to be, for one or more of the reasons mentioned, faulty or worthless***" … Certainly no one experienced in the trial of lawsuits would deny the value of cross-examination in bringing out the truth; indeed, "cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested."
>
> The theory of cross-examination supports what has been learned from years of practical experience.  On direct examination, a witness, even if completely unbiased, only discloses part of the necessary facts, chiefly because his testimony is given only by way of answers to specific questions, and the attorney producing him will usually ask only for the facts favorable to his side of the case.  Someone must probe for the remaining facts and qualifying circumstances, and ensure that the testimony is accurate, complete, and clearly understood.  The best person to do this is the one most vitally interested, namely the opponent.  For these reasons, cross-examination is "a right long deemed so essential for the due protection of life and liberty that it is guarded against legislative and judicial action by provisions in the Constitution of the United States and in the constitutions of most if not all the States composing the Union."

*United States v. Caudle*, 605 F.2d 451, 457 (4th Cir. 1979) (citations omitted).

4

"By taking the stand, [a witness'] credibility becomes subject to attack on cross-examination. Matters affecting the credibility of the witness are always open to cross-examination." *United States v. Zandi,* 769 F.2d 299, 236 (4th Cir. 1985) (citation omitted).

Accordingly, *e*Plus respectfully requests that the Court not foreclose its opportunity to conduct cross-examination of these witnesses in its search for the truth.

### III.   CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that the Court deny Defendant's Motion in Limine No. 8.

Respectfully submitted,

July 2, 2010

/s/
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

5

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2010, I will electronically file the foregoing

**PLAINTIFF EPLUS, INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 8 TO PREVENT LEGITIMATE CROSS-EXAMINATION OF DEFENDANT'S RETAINED CONSULTANTS**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
Lawsonservice@merchantgould.com
*Counsel for Defendant Lawson Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**Christian & Barton, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com