# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS Inc., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF ePLUS INC.'S FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANT LAWSON SOFTWARE, INC.'S FIFTH SET OF INTERROGATORIES (Nos. 19-20)**

Pursuant to Fed. R. Civ. P. 33 and Local Rule 26(c), Plaintiff ePlus inc. ("ePlus" or "Plaintiff"), by and through its attorneys, hereby further objects to and answers the Fifth Set of Interrogatories ("Interrogatories") served by Defendant Lawson Software, Inc. ("Defendant" or "Lawson") upon ePlus.

**GENERAL OBJECTIONS**

ePlus makes the following General Objections, whether or not separately set forth in response to each Interrogatory, to each and every instruction, definition, and question posed in the Interrogatories:

1.     ePlus objects to Defendant's Fifth Set of Interrogatories, including the Definitions and Instructions, to the extent they seek to impose discovery obligations beyond those imposed by the Local Rules of the United States District Court for the Eastern District of Virginia, the Federal Rules of Civil Procedure, and/or other applicable law.

LIBW/1736914.1

regarding invalidity of the U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 ("the Patents-in-Suit") belongs to Lawson, and Lawson cannot impermissibly shift its burden of proof to *e*Plus via this interrogatory. *e*Plus further responds that claims 3, 6, 26, 28 and 29 of U.S. Patent No. 6,023,683 ("the '683 Patent"), claims 1, 2, 6, 9, 21, 22, and 29 of the U.S. Patent No. 6,055,516 ("the '516 Patent"), and claim 1 of U.S. Patent No. 6,505,172 ("the '172 Patent") are not invalidated (i.e., either by anticipating or rendering obvious, either alone or in combination, pursuant to 35 U.S.C. §§ 102 and/or 103) by the references cited above because such references do not disclose each of the claim elements of the Patents-in-Suit either expressly or inherently.

With respect to U.S. Patent No. U.S. Patent No. [sic] 5,712,989 ("the '989 patent"), *e*Plus notes that the '989 patent was invented by two of the inventors of the Patents-in-Suit and was incorporated by reference into the specification of the Patents-in-Suit. The '989 Patent does not constitute prior art to the Patents-in-suit since it is not an invention "by another." Moreover, the Patent and Trademark Office considered the '989 patent and allowed the claims of the Patents-in-Suit over the '989 patent. In addition, the validity of the claims of the Patents-in-Suit over the '989 patent was reaffirmed following trial to a jury in the *ePlus, Inc. v. Ariba, Inc.* litigation.

The '989 patent describes a system for replenishing and managing a customer's JIT inventory. It discusses a hierarchy of distribution centers wherein there is a Distributor site and a customer site. The system includes two computers; a host computer located at the Distributor site and a local computer used by a Customer Service Representative ("CSR") for Distributor at the customer's facility. The two computers are linked in a network. The Distributor has the customer's inventory at the Distributor site and also has co-located inventory at the customer's site. The CSR can search a local database that contains records of the items currently stored in the local JIT inventory at the customer's facility and can generate a local requisition on the local

LIBW/1736914.1