# EXHIBIT 3



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/009,636 | 11/12/2009 | 6055516 | 16391.0001USRX | 8376 |

33942          7590          01/15/2010

CHA & REITER, LLC
210 ROUTE 4 EAST STE 103
PARAMUS, NJ  07652

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 01/15/2010

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

JOSHUA P. GRAHAM
MERCHANT & GOULD PC
3200 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN  55402

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/009,636*.

PATENT NO. *6055516*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 90/009,636 | 6055516 | |
| | Examiner | Art Unit | |
| | JOSEPH R. POKRZYWA | 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>12 November 2009</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,      b)☐ PTO/SB/08,      c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

### RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____,  or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)                    Office Action in *Ex Parte* Reexamination                    Part of Paper No. 20100107

Application/Control Number: 90/009,636                                    Page 2
Art Unit: 3992

## DETAILED ACTION

**Response to Request for *ex parte* Reexamination**

1.      Reexamination has been requested by the Third Party for claims 1-29 of United States

Patent Number 6,055,516.

2.      A substantial new question of patentability affecting claims 1-29 of U.S. Patent Number

6,055,516 (hereafter "the '516 Patent") is raised by the Third Party's request for *ex parte*

reexamination.

3.      The '516 Patent issued on Apr. 25, 2000, from U.S. Application 09/234,366, being filed

on Jan. 20, 1999, which is listed as being a continuation of U.S. Patent Application 08/288,577,

filed Aug. 10, 1994, which matured into U.S. Patent Number 6,023,683.

Application/Control Number: 90/009,636                                          Page 3
Art Unit: 3992

### *Listing of Prior Art*

4.      In the request for reexamination, the Third Party Requester alleges that a substantial new

question of patentability of claims 1-29 of the '516 Patent is raised in light of the following

references:

    a.      U.S. Patent Number 5,712,989, issued to Johnson *et al.*, referred to herein as the

        "Johnson'989 Patent";

    b.      U.S. Patent Number 5,319,542, issued to King, Jr. et al., referred to herein as the

        "King'542 Patent";

    c.      "The P.O. Writer Plus V.10 Manual", referred to "the P.O. Writer Manual";

    d.      "A Practical Guide to SABRE Reservations and Ticketing", referred to as "the

        Practical Guide to SABRE";

    e.      "The J-CON Manual", referred to as "the J-CON Manual";

    f.      "The Gateway 2000/MRO Version", referred to as "the Gateway Manual"; and

    g.      "The IBM Technical Viewer/2 General Information Manual", referred to as "the

        TV/2 Manual", & the IBM Technical Viewer /2 Brochure, referred to as "the

        TV/2 Brochure".

5.      The examiner notes that the King'542 Patent, the TV/2 Manual, and the TV/2 Brochure

are each listed on the face of the patent, and were included in the Information Disclosure

Statement that was filed by the applicant of the prosecution of the '516 Patent.  However, there

was no specific discussion of these references, nor were these references utilized in any rejection

Application/Control Number: 90/009,636                              Page 4
Art Unit: 3992

by the examiner in the original prosecution of the claims. Further the reference of Johnson'989

was cited in the specification of the '516 Patent (i.e., in col. 1, lines 13-21), but the reference was

not of record, nor was this reference discussed by the examiner, or used in any rejection of the

claims of the '516 Patent. Upon inspection of the Johnson'989 Patent, the examiner notes that

the reference carries a different inventive entity than that of the instant application that matured

into the '516 Patent, and is not part of the priority chain of the instant '516 Patent. Thus, the

reference is seen to qualify as prior art under 35 U.S.C. 102(e).

6.      With this, the aforementioned newly cited references of the P.O. Writer Manual, the

Practical Guide to SABRE, the J-CON Manual, and the Gateway Manual are each not of record

in the file of the '516 Patent and are not seen to be cumulative to the art of record in the original

file.

Application/Control Number: 90/009,636                                           Page 5
Art Unit: 3992

### *Requester's Position*

7.      The request indicates that the Third Party Requester alleges that:


SNQ#1.        Claims 1-29 of the '516 Patent to be unpatentable over the Johnson'989

        Patent;

SNQ#2.        Claims 1-29 of the '516 Patent to be unpatentable over the King'542

        Patent;

SNQ#3.        Claims 1-29 of the '516 Patent to be unpatentable over the P.O. Writer;

SNQ#4.        Claims 1-29 of the '516 Patent to be unpatentable over the Practical Guide

        to SABRE;

SNQ#5.        Claims 1-29 of the '516 Patent to be unpatentable over the J-CON

        Manual;

SNQ#6.        Claims 1-29 of the '516 Patent to be unpatentable over the Gateway

        Manual;

SNQ#7.        Claims 1-29 of the '516 Patent to be unpatentable over the TV/2 Manual.

Application/Control Number: 90/009,636                                         Page 6
Art Unit: 3992

### *Discussion of Substantial New Question of Patentability*

8.      First, upon review of the prosecution history of the application that matured into the '516

Patent (U.S. Application 09/234,366), the examiner notes that the Notice of Allowability in the

file did not include any statement of the reasons for patentability.  Thus, looking further into the

prosecution history, a single Office action appears in the record, which indicated that claims 91-

102 were allowed (which correspond to patented claims 9-18 in the '516 Patent), and which

rejected claims 79-87, 90, 103-112, and 114-120 as being clearly anticipated by Dworkin (U.S.

Patent Number 4,992,940).  Further, also in that Office action, the examiner at the time indicated

that "Art of interest, which does not teach or suggest: A) converting items found in one vendor's

catalog to equivalent products in another vendor's catalog, (claims 88, 89, 91-102 & 113), is

cited by the examiner".  With this, the only additional reference to be the "art of interest cited by

the examiner" in the attached PTO-892 is the reference of Boyer *et al.* (U.S. Patent Number

5,778,355).  Further, this limitation of "converting items found in one vendor's catalog to

equivalent products in another vendor's catalog" only appears in now patented independent

claim 16, and not particularly in the other patented independent claims.  Thus, with this Office

action, the allowable features of the original claims of the '516 Patent appear to be found in the

limitation found in patented claim 16 of the '516 Patent.

9.      Continuing, also in the prosecution history, in response to this Office action noted above,

the Applicant submitted a response which canceled claims 84-86, 88, 103-109, and 111-113, and

amended claims 79, 87, 89, 110, 114, 115, and added new claim 121, whereby amended

Application/Control Number: 90/009,636                                          Page 7
Art Unit: 3992

independent claims 79, 110, and 121 (which correspond to patented independent claims 1, 21,

and 29 of the '516 Patent, respectively) included features of canceled claims 84-86, and 88, as

well as canceled claims 111-113. The Notice of Allowability was subsequently mailed, with no

further explanation as to what the specific allowable features were believed to be by the

examiner in the original prosecution.


10.     Thus, it appears that the allowable features of the claims in the '516 Patent in the original

prosecution appear to be found in these limitations of patented claims 1, 16, and 21, whereby the

allowable features appear to be related to converting items found in one vendor's catalog to

equivalent products in another vendor's catalog. Therefore, with this, particularly, the allowable

features of patented claim 1 appear to be found in the limitations that require "a catalog selection

protocol...including matching a vendor identification code with a subset of said collection of

catalogs, wherein said subset of catalogs includes both a vendor catalog from a predetermined

vendor and a second catalog from a predetermined third party that is one of a manufacturer and a

competing vendor, said predetermined third party selling items corresponding to items in said

vendor catalog". Further, with respect to independent claim 9, no particular patentable features

were discussed in the original prosecution, but the examiner believes that the limitations in claim

9 that relate to "converting data relating to said item from said first catalog to data relating to

said item from said second catalog" are found in the limitation that requires "said first item and

said second item being generally equivalent, and wherein a selection of one identification code

from one of said first and second catalogs provides the other identification code from the other of

said catalogs."

Application/Control Number: 90/009,636                                      Page 8
Art Unit: 3992

11.    Continuing, the allowable features of patented claim 16 appear to be in the limitation that

requires "converting means for converting data relating to said item from said first catalog to

data relating to said item from said second catalog". And the allowable features of independent

claim 21 appear to be in the limitation that requires "said each of at least two catalogs include a

generally equivalent item from a different source, said requisition module working in

combination with said catalog searching module to determine multiple sources for said item;

wherein said multiple sources is limited by said catalog searching module providing a match

according to said user-generated criteria, said search module criteria and a determination system

that located items are generally equivalent; and wherein said determination system includes a

cross reference table matching an identification code from a first located item with a second

identification code from a second located item."

12.    With this, the examiner notes that MPEP 2240 [R-5] states, in part:

    37 CFR 1.515. Determination of the request for ex parte reexamination.

        (a)    Within three months following the filing date of a request for an *ex parte*

    reexamination, an examiner will consider the request and determine whether or not **a**

    **substantial new question of patentability affecting any claim of the patent is raised**

    **by the request** and the prior art cited therein, with or without consideration of other

    patents or printed publications. The examiner 's determination will be based on the

    claims in effect at the time of the determination, will become a part of the official file of

Application/Control Number: 90/009,636                                          Page 9
Art Unit: 3992

> the patent, and will be mailed to the patent owner at the address as provided for in §
>
> 1.33(c) and to the person requesting reexamination. [Emphasis added.]

13.    Thus, it is agreed that the consideration of the Johnson'989 Patent raises a substantial

new question with respect to patented claims 1-29 of the '516 Patent.  As noted above, the

examiner notes that the reference of the Johnson'989 Patent would qualify as prior art under 35

U.S.C. 102(e), as a different inventive entity exists for the Johnson'989 Patent than that of the

instant '516 Patent, therein being a patent "by another".

14.    With this, with respect to independent claim 1 of the '516 Patent, the Johnson'989 Patent

is seen to teach of a catalog selection protocol...including matching a vendor identification code

with a subset of said collection of catalogs [see col. 34, lines 1-11], wherein said subset of

catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from

a predetermined third party that is one of a manufacturer and a competing vendor, said

predetermined third party selling items corresponding to items in said vendor catalog [see col.

31, line 60-col. 32, line 40].  These limitations were also seen to be within independent claim 29

of the '516 Patent.  Further, with respect to independent claim 9, the Johnson'989 Patent is seen

to teach of an electronic sourcing system comprising a first item and a second item being

generally equivalent [see col. 31, line 60-col. 32, line 24, wherein "The Host Cross-Reference

Table includes, for each item regularly stocked or supplied by the Distributor...a list of the

corresponding part numbers of Distributor's vendor and other distributors (which are identified

by a competitor number) for items which have been determined to be equivalent."], and wherein

a selection of one identification code from one of said first and second catalogs provides the

other identification code from the other of said catalogs [see col. 33, line 5-col. 34, line 11].


15.    Additionally, with respect to independent claim 16, the reference of Johnson'989 Patent

additionally discloses converting means for converting data relating to said item from said first

catalog to data relating to said item from said second catalog [see col. 33, lines 5-15, wherein "In

the present system, the ordered item is likely not to be found in that file because (as described

below) the local computer 40 will normally convert Customer stock numbers to Distributor

catalog numbers using the Local Cross Reference Table before the data block is sent..."].

Finally, with respect to independent claim 21, the Johnson'989 Patent discloses "said each of at

least two catalogs include a generally equivalent item from a different source, said requisition

module working in combination with said catalog searching module to determine multiple

sources for said item [see col. 31, line 60-col. 32, line 40], wherein said multiple sources is

limited by said catalog searching module providing a match according to said user-generated

criteria, said search module criteria and a determination system that located items are generally

equivalent [see col. 32, line 10-col. 34, line 11], and wherein said determination system includes

a cross reference table matching an identification code from a first located item with a second

identification code from a second located item [see col. 32, lines 10-57].


16.    Therefore, the reference of the Johnson'989 Patent is seen to raise a substantial new

question of patentability to each of independent claims 1, 9, 16, 21, and 29 of the '516 Patent.

Application/Control Number: 90/009,636                                          Page 11
Art Unit: 3992

With this, the reference of Johnson'989 Patent is also seen to raise a SNQ to the corresponding

dependent claims, as each of the dependent claims carry the same limitations found in their

respective independent claim.  Thus, the reference of Johnson'989 Patent is seen to raise a SNQ

of each of claims 1-29 of the '516 Patent.


17.     The above SNQ is based solely on patents and/or printed publications already cited in an

earlier concluded examination of the patent being reexamined.  On November 2, 2002, Public

Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part (a) of the Act revised the

reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):


> "The existence of a substantial new question of patentability is not precluded by the fact
> that a patent or printed publication was previously cited by or to the Office or considered
> by the Office."


For any reexamination ordered on or after November 2, 2002, the effective date of the

statutory revision, reliance on previously cited art, i.e., "old art," does not necessarily preclude

the existence of a substantial new question of patentability (SNQ) that is based exclusively on

that old art.  Rather, determinations on whether a SNQ exists in such an instance shall be based

upon a fact-specific inquiry done on a case-by-case basis.


18.     In the present instance, there exists a SNQ based solely on the Johnson'989 Patent, which

as noted above was cited in the specification of the '516 Patent, but was not discussed by the

examiner in any Office action, nor utilized in any discussion with respect to the claims.  With