# **EXHIBIT 4**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/000,487 | 08/21/2009 | 6505172 | 54848-5016-US | 8473 |

70813          7590          10/23/2009
GOODWIN PROCTER LLP
901 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20001

| EXAMINER |
|---|
| POKRZYWA, JOSEPH R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/23/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| CONTROL NO. | FILING DATE | PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 95/000,487 US | 08/21/09 | 6505172 | 54848-5016- |

MORGAN, LEWIS & BOCKIUS, LLP(PA)
2 PALO ALTO SQUARE
3000 EL CAMINO REAL, SUITE 700
PALO ALTO, CA 94306

| EXAMINER |
|---|
| POKRZYWA, JOSEPH R. |

| ART UNIT | PAPER |
|---|---|
| 3992 | |

DATE MAILED:

10/23/09

# *INTER PARTES* REEXAMINATION COMMUNICATION

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this communication.

PTOL-2071 (Rev.07-04)

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| CONTROL NO. | FILING DATE | PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 95/000,487 US | 08/21/09 | 6505172 | 54848-5016- |

MORGAN, LEWIS & BOCKIUS, LLP(PA)
2 PALO ALTO SQUARE
3000 EL CAMINO REAL, SUITE 700
PALO ALTO, CA 94306

| EXAMINER |
|---|
| POKRZYWA, JOSEPH R. |

| ART UNIT | PAPER |
|---|---|
| 3992 | |

DATE MAILED:

# *INTER PARTES* REEXAMINATION COMMUNICATION

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this communication.

PTOL-2071 (Rev.07-04)

| ORDER GRANTING/DENYING REQUEST FOR INTER PARTES REEXAMINATION | Control No. 95/000,487 | Patent Under Reexamination 6505172 |
|---|---|---|
| | Examiner JOSEPH R. POKRZYWA | Art Unit 3992 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address.* --

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s):   ☐ PTO-892   ☒ PTO/SB/08   ☐ Other: _____

1. ☒ The request for *inter partes* reexamination is GRANTED.

   ☒ An Office action is attached with this order.

   ☐ An Office action will follow in due course.

2. ☐ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

Application/Control Number: 95/000,487  Page 2
Art Unit: 3992

# DECISION GRANTING INTER PARTES REEXAMINATION

### *Reexamination*

1. A substantial new question of patentability (SNQ) affecting claims 1-5 of United States Patent Number 6,505,172 to Johnson *et al.* (hereafter "the '172 Patent") is raised by the present request for *inter partes* reexamination filed on 8/21/2009 for the reasons indicated below.

2. Extensions of time under 37 CFR 1.136(a) will not be permitted in *inter partes* reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to the patent owner in a reexamination proceeding. Additionally, 35 U.S.C. 314(c) requires that *inter partes* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.937). Patent owner extensions of time in *inter partes* reexamination proceedings are provided for in 37 CFR 1.956. Extensions of time are not available for third party requester comments, because a comment period of 30 days from service of patent owner's response is set by statute. 35 U.S.C. 314(b)(3).

Application/Control Number: 95/000,487 Page 3
Art Unit: 3992

### *Substantial New Question of Patentability*

3.   For "a substantial new question of patentability" (SNQ) to be present, it is only necessary that:

   A.   The prior art patents and or printed publications raise a substantial question of patentability regarding at least one claim, i.e., the teaching of the prior art patents and printed publications is such that a reasonable examiner would consider the teaching to be important in deciding whether or not the claim is patentable; it is not necessary that the prior art establish a *prima facie* case of unpatentability; and

   B.   The same question of patentability as to the claim has not been decided by the Office in a previous examination or pending reexamination of the patent or in a final holding of invalidity by the Federal Courts in a decision on the merits involving the claim.

4.   In this regard, the examiner notes that MPEP 2642 [R-5] states in part:

> The presence or absence of "a substantial new question of patentability" determines whether or not reexamination is ordered. The meaning and scope of the term "a substantial new question of patentability" is not defined in the statute and must be developed to some extent on a case-by-case basis, using the case law to provide guidance as will be discussed in this section.
> If the prior art patents and printed publications raise a substantial question of patentability of **at least one claim of the patent, then a substantial new question of patentability is present**, unless the same question of patentability has already been decided by (A) a final holding of invalidity, after all appeals, or (B) by the Office in a previous examination or pending reexamination of the patent. [Emphasis added].

Application/Control Number: 95/000,487 Page 4
Art Unit: 3992

## *Listing of Prior Art*

5. In the Request for Reexamination, the Third Party Requester alleges that the '172 Patent claims **1-5** are unpatentable in light of the following references:

    a. U.S. Patent Number 6,963,551, issued to Doyle *et al.* (noted as the "Doyle '551 Patent");

    b. U.S. Patent Number 5,712,989, issued to Johnson *et al.* (noted as "the Johnson '989 Patent");

    c. "A Practical Guide to SABRE Reservations and Ticketing", 1992 (noted as the "Practical Guide");

    d. "Reservations and Ticketing with SABRE", 1990 (noted as "Reservations and Ticketing");

    e. SABRE Total Access, 1993 (noted as "SABRE Total Access");

    f. SABRE Savvy 1993 (noted as "SABRE Savvy");

    g. J-CON Manual, 1994 (noted as the "J-CON Manual");

    h. J-CON System User's Manual, Vol. 3, Part-Finder, 1989 (noted as "Part-Finder");

    i. J-CON RDB Guide, 1993 (noted as the "J-CON RDB Guide");

    j. Gateway 2000/MRO Version Manual, 1991 (noted as the "Gateway 2000/MRO Version Manual");

    k. TSA Gateway Purchasing Manual, 1993 (noted as the "Gateway Purchasing Manual");

Application/Control Number: 95/000,487 Page 5
Art Unit: 3992

    l.    TSA Gateway Inventory Processes User Manual, 1993 (noted as the "Gateway Inventory Process Manual);

    m.    Gateway The Newsletter for Purchasing Automation, Vol. 3, issue 1, Jan. 1991 (noted as the "Gateway Newsletter, January 1991");

    n.    Gateway The Newsletter for Purchasing Automation, Vol. 3, issue 2, Apr. 1991 (noted as the "Gateway Newsletter, April 1991");

    o.    TSA Gateway DOS Product Overview, 1993 (noted as the "Gateway DOS Product Overview");

    p.    Gateshow demonstration program screenshots, 1993 (noted as the "Gateshow screenshots"); and

    q.    P.O. Writer Plus V.10 Manual, 1993 (noted as the "P.O. Writer Plus Manual").

6. Each of the references noted above are newly cited by the Third Party Requester and were not considered, nor discussed during the prosecution of the application that became the '172 Patent. Further, as discussed by the Third Party Requester on page 13 of the Request, the Johnson'989 Patent was referenced in the Background of the Invention of the '172 Patent, but the reference was not used as the basis for any rejection, nor is the record clear that the examiner at the time considered the Johnson '989 Patent. Thus, in this proceeding the Johnson '989 Patent is being viewed in a new light with respect tot the original prosecution of the application that became the '172 Patent.

Application/Control Number: 95/000,487                                                            Page 6
Art Unit: 3992

### *Requester's Position*

7.      The Third Party Requester asserts that the cited references raise SNQ's for claims 1-5 of the '172 Patent in the following manner:

**Issue #1.**   Claims 1-5 of the '172 Patent to be anticipated by the Doyle '551 Patent;

**Issue #2.**   Claims 1, 3, 4, and 5 of the '172 Patent to be anticipated by the Johnson '989 Patent;

**Issue #3.**   Claims 1-5 of the '172 Patent to be rendered obvious over the Practical Guide in view of Reservations and Ticketing, and further in view of SABRE Total Access and SABRE Savvy;

**Issue #4.**   Claims 1-5 of the '172 Patent to be anticipated by Practical Guide;

**Issue #5.**   Claims 1-5 of the '172 Patent to be rendered obvious over the J-CON Manual in view of the Part Finder and further in view of the J-CON RDB Guide.

Application/Control Number: 95/000,487                                                                                   Page 7
Art Unit: 3992

**Issue #6.**    Claims 1-5 of the '172 Patent to be rendered obvious over the Gateway 2000/MRO Version Manual in view of the Gateway Purchasing Manual and the Gateway Inventory Processes User Manual, and further in view of the Gateway Newsletter, January 1991, the Gateway Newsletter, April 1991, the Gateway DOS Product Overview, and the Gateshow screenshots.

**Issue #7.**    Claims 1-5 of the '172 Patent to be anticipated by the P.O. Writer Plus Manual.

Application/Control Number: 95/000,487 Page 8
Art Unit: 3992

### *Prosecution History of the '172 Patent*

8. The '172 Patent issued on Jan. 7, 2003 from U.S. Application Number 09/532,557, being filed Mar. 22, 2000, which is noted as being a division of U.S. Application Number 09/234,366, filed on Jan. 20, 1999, now U.S. Patent Number 6,055,516, which is noted as a continuation of U.S. Application Number 08/288,577, being filed on Aug. 10, 1994, now U.S. Patent Number 6,023,683.

9. Upon review of the prosecution history of the application that matured into the '172 Patent, the original examiner issued a Notice of Allowance on 6/26/2002, allowing claims 80-84 (renumbered as patented claims 1-5, respectively). Further, the application that matured into the instant '172 Patent was filed with a preliminary amendment that canceled claims 1-78, and added claim 79. Claim 79 was rejected in a subsequent Office action dated 4/25/2001 as being anticipated by U.S. Patent Number 4,992,940, issued to Dworkin, and also was rejected under the judicially created doctrine of nonstatutory double patenting over various claims of U.S. Patent Number 6,023,683. Subsequently, the applicant filed a Supplemental Amendment on 8/24/2001, which canceled claim 79, and added new claims 80-84. Subsequently, a final Office action was mailed, which objected to the disclosure for various reasons, and rejected claims 80-84 under nonstatutory double patenting over claims of U.S. Patent 6,023,683. Additionally, this Office action stated "All rejections and objections of the previous Office action not repeated or modified and repeated here in have been overcome by applicant's last response." Subsequently, the applicant submitted a Terminal Disclaimer, and an amendment that corrected the minor informalities.

Application/Control Number: 95/000,487                                                          Page 9
Art Unit: 3992

10. In response to this, the Notice of Allowance was mailed on 6/26/2002, wherein the examiner at the time stated

> The following is an Examiner's Statement of Reasons for Allowance:
> A) the prior art, for example, Dworkin (4,992,940) discloses a system in which:
> (1) an user inputs product descriptive information;
> (2) the product descriptive information is used to search a database that contains product information from at least one vendor for products related to the descriptive information;
> (3) a list of matching products is presented to the user;
> (4) the user selects products from the list of matching products; and
> (5) the user may place an order with the vendor for the selected product.
> B) however in regard to claim 80, the prior art does not teach or suggest a system in which:
> (1) an user inputs product descriptive information;
> (2) the product descriptive information is used to search a database that contains product information from at least one vendor for products related to the descriptive information, where portions of the database are separately searchable;
> (3) a list of matching products is presented to the user;
> (4) a requisition is generated based on information about the products selected by the user from the list of matching products; and
> (5) the requisition is processed to generate purchase orders for the products selected by the user from the list of matching products.

11. With this, the allowable features, with respect to the prior art of record, and particularly the reference of Dworkin, appear to be that portions of the database are separately searchable, and that a requisition is generated based on information about the products selected by the user from the list of matching products, and the requisition is processed to generate purchase orders for the products selected by the user from the list of matching products.

Application/Control Number: 95/000,487 Page 10
Art Unit: 3992

12. Further, the difference between rejected claim 79 and allowed claim 80 within the application that became the '172 Patent are the limitations that add features shown below as underlined from the originally rejected claim 79. Claim 80 includes the limitations:

> a database containing data relating to items associated with at least two vendors maintained so that selected portions of the database may be searched separately;
> means for entering product information that at least partially describes at least one desired item;
> means for searching for matching items that match the entered product information in the selected portions of the database;
> means for generating an order list that includes at least one matching item selected by said means for searching;
> means for building a requisition that uses data obtained from said database relating to selected matching items on said order list;
> means for processing said requisition to generate purchase orders for said matching items.

13. With this, the features that rendered the claim allowable over the reference of Dworkin is the addition of the entering product information limitation and the "order list" limitation.

Application/Control Number: 95/000,487 Page 11
Art Unit: 3992

### *Discussion of Issues that Raise an SNQ*

14.    As noted above, the examiner notes that MPEP 2642 [R-5] states in part:

> The presence or absence of "a substantial new question of patentability" determines whether or not reexamination is ordered. The meaning and scope of the term "a substantial new question of patentability" is not defined in the statute and must be developed to some extent on a case-by-case basis, using the case law to provide guidance as will be discussed in this section.
> If the prior art patents and printed publications raise a substantial question of patentability of **at least one claim of the patent, then a substantial new question of patentability is present**, unless the same question of patentability has already been decided by (A) a final holding of invalidity, after all appeals, or (B) by the Office in a previous examination or pending reexamination of the patent. [Emphasis added].

15.    With this, the examiner notes that the '172 Patent includes one independent claim, being claim 1, whereby the examiner believes the allowable features in the original prosecution history of the '172 Patent appear to be included within the limitation that requires "means for generating an order list that includes at least one matching item selected by said means for searching".

16.    With respect to ***Issue #1***, the request indicates that the Third Party Requester considers claims 1-5 of the '172 Patent to be anticipated over the Doyle '551 Patent. It is agreed that the consideration of the Doyle '551 Patent raises a substantial new question of patentability as to claims 1-5 of the '172 Patent. Particularly, the Doyle '551 Patent is seen as teaching of an electronic requisitioning system that allows a system to access an catalog and utilize a requisition form to generate an order list that includes a searched matching item, whereby "requisitions are

Application/Control Number: 95/000,487 Page 12
Art Unit: 3992

segregated by supplier and sent as purchase orders to appropriate internal suppliers and outside venders", as stated in the Abstract.

17. The additional discussion provided by the Third Party Requester of the reference of the Doyle '551 Patent, as noted in the Request for Reexamination on page 18, line 16 through page 31, line 35, are hereby incorporated by reference from the Request for Reexamination for their explanation of the teachings provided in the Doyle '551 Patent, which was not present in the prosecution of the application which became the '172 Patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not the claims are patentable. Accordingly, the reference of the Doyle '551 Patent is seen to raise a substantial new question of patentability as to claims 1-5, which question has not been decided in a previous examination of the '172 Patent.

18. Continuing, with respect to *Issue #2*, the request indicates that the Third Party Requester considers claims 1, 3, 4, and 5 of the '172 Patent to be anticipated by Johnson '989 Patent. It is agreed that the consideration of Johnson '989 raises a substantial new question of patentability as to claims 1, 3, 4, and 5 of the '172 Patent. Particularly, the Johnson '989 Patent is seen as teaching of a requisition and inventory management system that allows a user to access catalogs, as seen in Figs. 2A, 2B, and 3, and which generates an order list that includes a searched matching item, as seen in steps 201-212 in Fig. 3.