# EXHIBIT 6

A copy of the decision is then mailed to the patent owner and to any third party, along with any required copies of prior art documents. The original signed copy of the decision and a copy of any prior art enclosed is made of record in the reexamination electronic file (file history).

## 2246  Decision Ordering Reexamination [R-7]

*35 U.S.C. 304.  Reexamination order by Director.*

If, in a determination made under the provisions of subsection 303(a) of this title, the Director finds that a substantial new question of patentability affecting any claim of a patent is raised, the determination will include an order for reexamination of the patent for resolution of the question. The patent owner will be given a reasonable period, not less than two months from the date a copy of the determination is given or mailed to him, within which he may file a statement on such question, including any amendment to his patent and new claim or claims he may wish to propose, for consideration in the reexamination. If the patent owner files such a statement, he promptly will serve a copy of it on the person who has requested reexamination under the provisions of section 302 of this title. Within a period of two months from the date of service, that person may file and have considered in the reexamination a reply to any statement filed by the patent owner. That person promptly will serve on the patent owner a copy of any reply filed.

*37 CFR 1.525.  Order for ex parte reexamination.*

(a) If a substantial new question of patentability is found pursuant to § 1.515 or § 1.520, the determination will include an order for *ex parte* reexamination of the patent for resolution of the question. If the order for *ex parte* reexamination resulted from a petition pursuant to § 1.515(c), the *ex parte* reexamination will ordinarily be conducted by an examiner other than the examiner responsible for the initial determination under § 1.515(a).

(b) The notice published in the *Official Gazette* under § 1.11(c) will be considered to be constructive notice and *ex parte* reexamination will proceed.

If a request for reexamination is granted, the examiner's decision granting the request will conclude that a substantial new question of patentability has been raised by (A) identifying all claims and issues, (B) identifying the patents and/or printed publications relied on, and (C) providing a brief statement of the rationale supporting each new question.

In the examiner's decision, the examiner must identify at least one substantial new question of patentability and explain how the prior art patents and/or printed publications raise such a question. The examiner should indicate, insofar as possible, his or her initial position on all the issues identified in the request or by the requester (without rejecting claims) so that comment thereon may be received in the patent owner's statement and in the requester's reply. The prior art relied on should be listed on a form PTO-892 if it is not already listed on a form PTO/SB/08A or 08B, or PTO/SB/42 (or on a form having a format equivalent to one of these forms) by the requester. A copy of a reference should be supplied only where it has not been previously supplied to the patent owner and requester.

As to each substantial new question of patentability identified in the decision, the decision should point out:

(A) The prior art patents and printed publications which add some new teaching as to at least one claim;

(B) What that new teaching is;

(C) The claims that the new teaching is directed to;

(D) That the new teaching was not previously considered nor addressed in the prior examination of the patent or a final holding of invalidity by the Federal Courts;

(E) That the new teaching is such that a reasonable examiner would consider the new teaching to be important in deciding to allow the claim being considered; and

(F) Where the question is raised, or where it is not clear that a patent or printed publication pre-dates the patent claims, a discussion should be provided as to why the patent or printed publication is deemed to be available against the patent claims.

See MPEP § 2247.01 for an example of a decision granting a request for reexamination.

In a simple case, the examiner may adopt the reasons provided by the requester in the discussion of the substantial new question of patentability.

The example in MPEP § 2247.01 is drafted for the case where the "request indicates that Requester considers that Claims 1-3 are unpatentable over Smith taken with Jones." There may, however, be a request **that does not indicate the claims to be unpatentable over the art**, but rather that a substantial new question of patentability is raised by the art. This may occur, for example, in a patent owner request filed to address prior art that raises a substantial new question of patentability but the claims are still patentable over the art. **In such an instance**, the decision on the

request should not state that the "request indicates that Requester considers that Claims 1-3 are unpatentable over Smith taken with Jones." Rather, it should state that the "request indicates that Requester considers that a substantial new question of patentability is raised as to Claims 1-3 based on Smith taken with Jones."

In the decision on the request, the examiner will not decide, and no statement should be made as to, whether the claims are rejected over the patents and printed publications. The examiner does not decide * the question of patentability of the claims in the decision on the request. The examiner only decides whether there is a substantial new question of patentability to grant the request to order reexamination.

If arguments are raised by a requester (third party or patent owner) as to grounds not based on the patents or printed publications, such as those based on public use or sale, or abandonment under 35 U.S.C. 102(c), the examiner should note that such grounds are improper for reexamination and are not considered or commented upon. See 37 CFR 1.552(c).

The decision granting the request is made on a decision form and must set forth the time periods for the patent owner and requester to file their statement and any reply thereto.

Form paragraph 22.01 should be used at the beginning of each decision letter.

¶ 22.01 New Question of Patentability
 A substantial new question of patentability affecting claim [1] of United States Patent Number [2] is raised by the request for *ex parte* reexamination.
 Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

Form paragraph 22.73 should be used at the end of each decision letter.

¶ 22.73 Correspondence and Inquiry as to Office Actions
  **All** correspondence relating to this *ex parte* reexamination proceeding should be directed:
  By Mail to:  Mail Stop *Ex Parte* Reexam
      Central Reexamination Unit
      Commissioner for Patents
      United States Patent & Trademark Office
      P.O. Box 1450
      Alexandria, VA 22313-1450

  By FAX to:  (571) 273-9900
      Central Reexamination Unit

  By hand:   Customer Service Window
      Randolph Building
      401 Dulany Street
      Alexandria, VA 22314
 Any inquiry concerning this communication should be directed to **[1]** at telephone number **[2]**.

**Examiner Note:**
1.   This form paragraph is used at the end of *ex parte* reexamination communications.
2.   In bracket 1, insert the name of the examiner having charge of the proceeding.
3.   In bracket 2, insert the examiner's telephone number.

## I.  PANEL REVIEW CONFERENCE

After an examiner has determined that the reexamination proceeding is ready for granting reexamination, the examiner will formulate a draft preliminary order granting reexamination. The examiner will then inform his/her **>Central Reexamination Unit (CRU) Supervisory Patent Examiner (SPE)< of his/her intent to issue an order granting reexamination. The *>CRU SPE< will convene a panel review conference, and the conference members will review the matter. See MPEP § 2271.01 for the make-up of the panel. If the conference confirms the examiner's preliminary decision to grant reexamination, the proposed order granting reexamination shall be issued and signed by the examiner, with the two other conferees initialing the action (as "conferee") to indicate their presence in the conference. If the conference does not confirm the examiner's preliminary decision, the examiner will reevaluate and issue an appropriate communication.

## II.  PETITION TO VACATE THE ORDER GRANTING REEXAMINATION

A substantive determination by the Director of the USPTO to institute reexamination pursuant to a finding that the prior art patents or printed publications raise a substantial new question of patentability is not subject to review by the courts until a final agency decision in the reexamination proceeding has issued. See *Joy Mfg. Co. v. Nat'l Mine Serv. Co., Inc.*, 810 F.2d 1127, 1 USPQ2d 1627 (Fed. Cir. 1987); *Heinl v. Godici*, 143 F. Supp.2d 593 (E.D.Va. 2001). Note further the decision of *Patlex Corp. v. Quigg*,

680 F. Supp. 33, 35, 6 USPQ2d 1296, 1298 (D.D.C. 1988) (the legislative scheme leaves the Director's 35 U.S.C. 303 determination entirely to his or her discretion and not subject to judicial review until a final agency decision on the reexamination proceeding has issued). Accordingly, neither the patent owner nor the requester has a right to petition, or request reconsideration of, a finding that prior art patents or printed publications raise a substantial new question after a request for reexamination is granted. There is no right to petition such a finding after a request for reexamination is granted even if the finding of a substantial new question is based on reasons other than those urged by the requester (or based on less than all the grounds urged by the requester). Where the examiner determines that a date of a reference is early enough such that the reference constitutes prior art, that determination is not petitionable (with respect to vacating the examiner's finding of a substantial new question). Where the examiner determines that a reference is a printed publication (i.e., that the criteria for publication has been satisfied), that determination is also not petitionable. These matters cannot be questioned with respect to vacating the order granting reexamination until a final agency decision on the reexamination proceeding has issued. Rather, these matters can be argued by the patent owner and appealed during the examination phase of the reexamination proceeding.

A petition under 37 CFR 1.181 may, however, be filed to vacate an *ultra vires* reexamination order, such as where the order for reexamination is not based on prior art patents and printed publications. In cases where <u>no discretion</u> to grant a request for reexamination exists, a petition to vacate the decision to grant, or a request for reconsideration, will be entertained. "Appropriate circumstances" under 37 CFR 1.181(a)(3) exist to vacate the order granting reexamination where, for example:

(A) the reexamination order is not based on prior art patents or printed publications;

(B) all claims of the patent were held to be invalid by a final decision of a Federal Court after all appeals;

(C) reexamination was ordered for the wrong patent;

(D) reexamination was ordered based on a duplicate copy of the request; or

(E) the reexamination order is based wholly on the same question of patentability raised by the prior art previously considered in an earlier concluded examination of the patent by the Office (e.g., the application which matured into the patent, a prior reexamination, an interference proceeding).

As to (E) above, the decision of *In re Recreative Technologies Corp.*, 83 F.3d 1394, 38 USPQ2d 1776 (Fed. Cir. 1996) is to be noted. See the discussion in MPEP § 2242 subsection II.A. as to the criteria for vacating a reexamination order in view of the decision.

When a petition under 37 CFR 1.181 is filed to vacate a reexamination order, the third party requester (where one is present in the reexamination proceeding) may file a single submission in opposition to the petition. Because reexamination proceedings are conducted with special dispatch, 35 U.S.C. 305, any such opposition by the third party requester must be filed within two weeks of the date upon which a copy of the original 37 CFR 1.181 petition was served on the third party requester to ensure consideration. It is advisable that, upon receipt and review of the served copy of such a 37 CFR 1.181 petition which the third party requester intends to oppose, the requester should immediately place a courtesy telephone call to both the **>CRU< support staff and the **>CRU SPE< to notify the Office that an opposition to the 37 CFR 1.181 petition will be filed. Whenever possible, filing of the opposition should be submitted by facsimile transmission.

The filing of a 37 CFR 1.181 petition to vacate an *ultra vires* reexamination order is limited to a single submission, even if an opposition thereto is filed by a third party requester.

**II. PRIOR ART SUBMITTED AFTER THE ORDER**

Any prior art citations under 37 CFR 1.501 submitted after the date of the decision on the order should be retained in a separate file by the CRU or **>Technology Center (TC) (usually the CRU SPE or the TC Quality Assurance Specialist (QAS))< and stored until the reexamination proceeding is concluded, at which time the prior art citation is then entered of record on the patent file. See MPEP § 2206.

(which ordinarily accompanies the order) and any subsequent reexamination prosecution should be on the basis of the claims as amended by any copending reexamination or reissue proceeding.

## 2644  Prior Art on Which the Determination Is Based [Added R-2]

The determination of whether or not "a substantial new question of patentability" is present can be based upon any prior art patents or printed publications. 35 U.S.C. 312(a) provides that the determination on a request will be made "with or without consideration of other patents or printed publications," i.e., other than those relied upon in the request. The examiner is not limited in making the determination based on the patents and printed publications relied upon in the request. The examiner can find "a substantial new question of patentability" based upon the prior art patents or printed publications relied upon in the request, a combination of the prior art relied upon in the request and other prior art found elsewhere, or based entirely on different patents or printed publications. The primary source of patents and printed publications used in making the determination are those relied on in the request. For reexamination ordered on or after November 2, 2002, see MPEP § 2642, subsection II.A. for a discussion of "old art." The examiner can also consider any patents and printed publications of record in the patent file from submissions under 37 CFR 1.501 which are in compliance with 37 CFR 1.98 in making the determination. If the examiner believes that additional prior art patents and publications can be readily obtained by searching to supply any deficiencies in the prior art cited in the request, the examiner can perform such an additional search. Such a search should be limited to that area most likely to contain the deficiency of the prior art previously considered and should be made only where there is a reasonable likelihood that prior art can be found to supply any deficiency necessary to "a substantial new question of patentability."

The determination should be made on the claims in effect at the time the determination is made. 37 CFR 1.923.

## 2646  Decision Ordering Reexamination [R-7]

*35 U.S.C. 313.  Inter partes reexamination order by Director*

If, in a determination made under section 312(a), the Director finds that a substantial new question of patentability affecting a claim of a patent is raised, the determination shall include an order for inter partes reexamination of the patent for resolution of the question. The order may be accompanied by the initial action of the Patent and Trademark Office on the merits of the inter partes reexamination conducted in accordance with section 314.

*37 CFR 1.931.  Order for inter partes reexamination*

(a)  If a substantial new question of patentability is found, the determination will include an order for *inter partes* reexamination of the patent for resolution of the question.

(b)  If the order for *inter partes* reexamination resulted from a petition pursuant to § 1.927, the *inter partes* reexamination will ordinarily be conducted by an examiner other than the examiner responsible for the initial determination under § 1.923.

If a request for reexamination is granted, the examiner's decision granting the request will conclude that a substantial new question of patentability has been raised by (A) identifying all claims and issues, (B) identifying the patents and/or printed publications relied upon, and (C) providing a brief statement of the rationale supporting each new question.

In the examiner's decision, the examiner must identify at least one substantial new question of patentability and explain how the prior art patents and/or printed publications raise that question. In a simple case, this may entail adoption of the reasons provided by the third party requester. The references relied on by the examiner should be cited on a PTO-892 form, unless already listed on a form PTO/SB/08A or 08B, or PTO/SB/42 (or on a form having a format equivalent to one of these forms) submitted by the third party requester. A copy of the reference should be supplied only where it has not been previously supplied to the patent owner and third party requester.

As to each substantial new question of patentability identified in the decision, the decision should point out:

(A) The prior art patents and printed publications which add some new teaching as to at least one claim;

(B) What that new teaching is;

(C) The claims that the new teaching is directed to;

(D) That the new teaching was not previously considered nor addressed in the prior examination of the patent or a final holding of invalidity by the Federal Courts;

(E) That the new teaching is such that a reasonable examiner would consider the new teaching to be important in deciding to allow the claim being considered; and

(F) Where the question is raised, or where it is not clear that a patent or printed publication pre-dates the patent claims, a discussion should be provided as to why the patent or printed publication is deemed to be available against the patent claims.

If arguments are raised by the third party requester as to grounds not based on patents or printed publications, such as those based on public use or on sale under 35 U.S.C. 102(b), or abandonment under 35 U.S.C. 102(c), the examiner should note that such grounds are improper for reexamination and are not considered or commented upon. See 37 CFR 1.906(c).

In the decision on the request, the examiner will not decide, and no statement should be made as to, whether the claims are rejected over the patents and printed publications. The examiner does not decide on the question of patentability of the claims in the decision on the request. The examiner only decides whether there is a substantial new question of patentability to grant the request to order reexamination.

The decision granting the request is made using form PTOL-2063 as a cover sheet. See MPEP § 2647.01 for an example of a decision granting a request for *inter partes* reexamination.

Form Paragraph 26.01 should be used at the beginning of each decision letter granting reexamination.

*¶ 26.01 New Question of Patentability*

A substantial new question of patentability affecting claim **[1]** of United States Patent Number **[2]** is raised by the present request for *inter partes* reexamination.

Extensions of time under 37 CFR 1.136(a) will not be permitted in *inter partes* reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to the patent owner in a reexamination proceeding. Additionally, 35 U.S.C. 314(c) requires that *inter partes* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.937). Patent owner extensions of time in *inter partes* reexamination proceedings are provided for in 37 CFR 1.956. Extensions of time are not available for third party requester comments, because a comment period of 30 days from service of patent owner's response is set by statute. 35 U.S.C. 314(b)(3).

Form paragraph 26.73 should be used at the end of each decision letter granting reexamination that is not being mailed concurrently with the first Office action on patentability (see MPEP § 2660).

*¶ 26.73 Correspondence and Inquiry as to Office Actions*

**All** correspondence relating to this *inter partes* reexamination proceeding should be directed:

By Mail to:   Mail Stop *Inter Partes* Reexam
              Attn: Central Reexamination Unit
              Commissioner for Patents
              United States Patent & Trademark Office
              P.O. Box 1450
              Alexandria, VA 22313-1450

By FAX to:   (571) 273-9900
              Central Reexamination Unit

By hand:     Customer Service Window
             Randolph Building
             401 Dulany Street
             Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

### I.  PANEL REVIEW CONFERENCE

After an examiner has determined that the reexamination proceeding is ready for granting reexamination, the examiner will formulate a draft preliminary order granting reexamination. The examiner will then inform his/her **>Central Reexamination Unit (CRU) Supervisory Patent Examiner (SPE)< of his/her intent to issue an order granting reexamination. The *>CRU SPE< will convene a panel review conference, and the conference members will review the matter. See MPEP § 2671.03 for the make-up of the panel. If the conference confirms the examiner's preliminary decision to grant reexamination, the proposed order granting reexamination shall be issued and signed by the examiner, with the two other conferees initialing the action (as "conferee") to indicate their presence in the conference. If the conference does not confirm the examiner's preliminary decision, the examiner will reevaluate and issue an appropriate communication.

### II.  PETITION TO VACATE THE ORDER GRANTING REEXAMINATION

A substantive determination by the Director of the Office to institute reexamination pursuant to a finding

that the prior art patents or printed publications raise a substantial new question of patentability is not subject to review by petition or otherwise. See *Joy Mfg. Co. v. Nat'l Mine Serv. Co., Inc.*, 810 F.2d 1127, 1 USPQ2d 1627 (Fed. Cir. 1987); *Heinl v. Godici*, 143 F.Supp. 2d 593 (E.D. Va. 2001). Note further the decision of *Patlex Corp. v. Quigg*, 680 F.Supp. 33, 6 USPQ2d 1296, 1298 (D.D.C. 1988) (the legislative scheme leaves the Director's 35 U.S.C. 303 determination entirely to his discretion and not subject to judicial review). These decisions were rendered for *ex parte* reexamination; however, the holdings of these decisions apply equally in *inter partes* reexamination proceedings, since the language of 35 U.S.C. 302(c) (i.e., the *ex parte* reexamination statute) is also found in 35 U.S.C. 312(c) (i.e., the *inter partes* reexamination statute). Because the substantive determination is not subject to review by petition or otherwise, neither the patent owner nor the third party requester has a right to petition, or request reconsideration of, a finding that the prior art patents or printed publications raise a substantial new question. There is no right to petition such a finding even if the finding of a substantial new question is based on reasons other than those urged by the third party requester (or based on less than all the grounds urged by the third party requester). Where the examiner determines that a date of a reference is early enough such that the reference constitutes prior art, that determination is not petitionable (with respect to vacating the examiner's finding of a substantial new question). Where the examiner determines that a reference is a printed publication (i.e., that the criteria for publication has been satisfied), that determination is also not petitionable. These matters cannot be questioned with respect to vacating the order granting reexamination until a final agency decision on the reexamination proceeding has issued. Rather, these matters can be argued by the patent owner and appealed during the examination phase of the reexamination proceeding.

A petition under 37 CFR 1.181 may, however, be filed to vacate an *ultra vires* reexamination order, such as where the order for reexamination is not based on prior art patents and printed publications. In cases where <u>no discretion</u> to grant a request for reexamination exists, a petition to vacate the decision to grant, or a request for reconsideration, will be entertained.

"Appropriate circumstances" under 37 CFR 1.181(a)(3) exist to vacate the order granting reexamination where, for example:

(A) the reexamination order is not based on prior art patents or printed publications;

(B) reexamination is prohibited under 37 CFR 1.907;

(C) all claims of the patent were held to be invalid by a final decision of a Federal Court after all appeals;

(D) reexamination was ordered for the wrong patent;

(E) reexamination was ordered based on a duplicate copy of the request; or

(F) the reexamination order was based **wholly** on the same question of patentability raised by the prior art *previously considered* in an earlier concluded examination of the patent by the Office (e.g., the application which matured into the patent, a prior reexamination, an interference proceeding).

As to (F), the decision of *In re Recreative Technologies Corp.*, 83 F.3d 1394, 38 USPQ2d 1776 (Fed. Cir. 1996) is to be noted. See the discussion in MPEP § 2642, subsection II.A. as to the criteria for vacating a reexamination order in view of the decision.

When a petition under 37 CFR 1.181 is filed to vacate a reexamination order, the third party requester may file a single submission in opposition to the petition. Because reexamination proceedings are conducted with special dispatch, 35 U.S.C. 314(c), any such opposition by the third party requester must be filed within two weeks of the date upon which a copy of the original 37 CFR 1.181 petition was served on the third party requester to ensure consideration. It is advisable that, upon receipt and review of the served copy of such a 37 CFR 1.181 petition which the third party requester intends to oppose, the requester should immediately place a courtesy telephone call to the \*\*>CRU SPE< to notify the Office that an opposition to the 37 CFR 1.181 petition will be filed. Whenever possible, filing of the opposition should be submitted by facsimile transmission.

The filing of a 37 CFR 1.181 petition to vacate an *ultra vires* reexamination order is limited to a single submission, even if an opposition thereto is filed by a third party requester.

### III. PRIOR ART SUBMITTED AFTER THE ORDER

Any prior art citations under 37 CFR 1.501 submitted after the date of the decision ordering *inter partes* reexamination should be retained in a separate file by the **>Technology Center (TC) (usually the TC Quality Assurance Specialist (QAS))< and stored until the reexamination proceeding is concluded, at which time the prior art citation is then entered of record in the patent file. See MPEP § 2206. Note that 37 CFR 1.902 governs submissions of prior art that can be made by *patent owners* and *third party requesters* after reexamination has been ordered.

## 2647 Decision Denying Reexamination [R-7]

The request for reexamination will be denied if a substantial new question of patentability is not found based on patents or printed publications.

If the examiner concludes that no substantial new question of patentability has been raised, the examiner should prepare a decision denying the reexamination request. Form paragraph 26.02 should be used as the introductory paragraph in a decision denying reexamination.

¶ *26.02 No New Question of Patentability*

No substantial new question of patentability is raised by the present request for *inter partes* reexamination and the prior art cited therein for the reasons set forth below.

The decision denying the request will then indicate, for each patent or publication cited in the request, why the citation:

(A) Is cumulative to the teachings of the art cited in the earlier concluded examination of the patent;

(B) Is not available against the claims (e.g., the reference is not available as prior art because of its date or the reference is not a publication);

(C) Would not be important to a reasonable examiner. Even if the citation is available against the claims and it is not cumulative, it still cannot be the basis for a substantial new question of patentability if the additional teaching of the citation would not be important to a reasonable examiner in deciding whether any claim (of the patent for which reexamination is requested) is patentable; or

(D) Is one which was cited in the record of the patent and is barred by the guidelines set forth in MPEP § 2642, subsection II.A.

The examiner should also, in the decision, respond to the substance of each argument raised by the third party requester which is based on patents or printed publications.

If arguments are presented as to grounds not based on prior art patents or printed publications, such as those based on public use or on sale under 35 U.S.C. 102(b), or abandonment under 35 U.S.C. 102(c), the examiner should note that such grounds are improper for reexamination and are not considered or commented upon. See 37 CFR 1.906(c).

See MPEP § 2647.01 for an example of a decision denying a request for *inter partes* reexamination.

The decision denying the request is mailed by the Central Reexamination Unit (CRU), and jurisdiction over the reexamination proceeding is retained by the CRU to await any petition seeking review of the examiner's determination refusing reexamination. If such a petition is not filed within one (1) month of the examiner's determination denying reexamination, the CRU then processes the reexamination file to provide the partial refund set forth in 37 CFR 1.26(c) (the Office of Finance no longer processes reexamination proceedings for a refund).

The reexamination proceeding is then given a 420 status. A copy of the PALM "Application Number Information" screen and the "Contents" screen is printed, the printed copy is annotated by adding the comment "PROCEEDING CONCLUDED," and the annotated copy is then scanned into IFW using the miscellaneous letter document code.

The concluded reexamination file (electronic or paper) containing the request and the decision denying the request becomes part of the patent's record.

**PANEL REVIEW CONFERENCE**

After an examiner has determined that the reexamination proceeding is ready for denying reexamination, the examiner will formulate a draft preliminary order denying reexamination. The examiner will then inform his/her **>CRU Supervisory Patent Examiner (SPE)< of his/her intent to issue an order denying reexamination. The *>CRU SPE< will convene a panel review conference, and the conference members will review the matter. See MPEP § 2671.03 for the