# EXHIBIT 5

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA
                   RICHMOND DIVISION




EPLUS, INC.,

              Plaintiff,
         v.                           Civil Action No.
                                      3:09CV00620
LAWSON SOFTWARE, INC.,

              Defendant.




     Before:   THE HONORABLE ROBERT E. PAYNE, JUDGE

          HEARING ON EPLUS' MOTION TO STRIKE



                       May 24, 2010


                    Richmond, Virginia








                CHANDLER and HALASZ, INC.
                   Shorthand Reporters
                      P.O. Box 9349
                 Richmond, Virginia 23227
                     (804) 730-1222
         Reported by:  Tracy Johnson, RPR, CCR, CLR
```

1   were to do.  You were to respond to what they said.
2   It is your obligation to say the Markman hearing
3   changed again, here's where it changed, here's what
4   we -- here's where in the Shamos report he addresses
5   that, and that's it.
6               What you want to do is this.  You want to
7   use the expert's report in the way that the Federal
8   Rules were changed to stop the Federal Rules from
9   being used as games because that's the way people used
10  to play the game.  They used to say, oh, well, now
11  we'll use the federal -- the expert's report as a
12  vehicle to bring into the case things that aren't
13  appropriate, and you all want to -- you do the same
14  kind of thing, and I just -- I'm worn thin with it
15  all.
16              MR. MCDONALD:  Well, it wasn't our intent
17  to --
18              THE COURT:  So you didn't tell me but two
19  ways in which the Markman hearing -- Markman ruling
20  changed the rules, and I understand the law on that
21  and that's -- it's correct that if the Markman hearing
22  changes the rules and you can show that it changes the
23  rules, then you're entitled to have some comment on
24  it.  But you did that.  In your brief, you pointed out
25  two things, and I want you to now show me the part of

```
 1                    THE COURT:  I've had enough of this.
 2                    MR. MCDONALD:  I can appreciate that.
 3      It's --
 4                    THE COURT:  It is the -- this is the game
 5      of hide the pea, and it changes every time that
 6      something happens.
 7                    Now, I do understand the basic principle
 8      of law that if the Markman hearing necessitates some
 9      other comments from an expert, then perhaps that ought
10      to be allowed, but I first need to -- the predicate
11      for that is, A, what part of the Markman hearing does
12      that, and B, what part of the report then responds to
13      the Markman hearing.  And I have not -- I've gotten
14      you to tell me what part of the Markman hearing does
15      it, and I've got that language.  Now I'm looking for
16      B.  Where is the part that addresses -- of this man's
17      report that addresses it?
18                    Now -- that language, and that language is
19      "means for building a requisition using data relating
20      to selected matching items and their associated
21      sources."  And I don't have a page -- it's not in
22      his -- the textual 76 pages of his report you tell me,
23      so I've got to go look at a chart.  I can look at a
24      chart and I have no way through it except for the
25      number of red tabs I'm working on.  I can't -- it's --
```

```
 1  Lawson for a deposition about its prior art systems,
 2  and then when they saw that the Lawson prior art was
 3  not in our supplemental invalidity contentions, they
 4  said, oh, well, do we not need that deposition
 5  anymore?  And we said, well, no, we want to make it
 6  perfectly clear that the Lawson prior systems are
 7  relevant for reasons other than invalidity, so you
 8  better make sure you take that deposition so you can
 9  get that background information.
10              THE COURT:  Yes, but that's not what's
11  before me today.
12              MR. MCDONALD:  Well, and if that's clear,
13  then that's fine.  As I understand it, the issue is
14  whether we're going to stop Dr. Shamos from talking
15  about the Lawson system as a prior art system and give
16  opinions on invalidity.
17              THE COURT:  Yeah.
18              MR. MCDONALD:  And that's a totally
19  different issue from whether or not the Lawson systems
20  that preexisted the hypothetical negotiation would be
21  at issue.
22              THE COURT:  I'm not ruling on that.  It
23  may very well be that you can't get it in, but I'm not
24  ruling on it today except that it cannot come in
25  through Dr. Shamos because he didn't, by his own
```

```
 1   it at trial.  But I think they have made a showing
 2   sufficient that CellPro ought to operate there to
 3   allow the discovery to be taken and the opinion to
 4   remain at this time.
 5              The other I don't have any basis for
 6   making a comment on, for making a ruling on, so I am
 7   not going to be able to -- to rule.  I believe that
 8   the party arguing the application of CellPro has the
 9   burden to demonstrate how the claim construction
10   opinion necessitates listing additional prior art
11   opinions and references, and that hasn't been carried
12   here as to the second -- that is the -- the second
13   reference; that is on the one on page 6, and so that
14   can't be allowed, which basically means that to the
15   extent that version 5 -- Lawson version 5 and 6 are
16   dealt with in the opinion offered by Shamos in
17   response to the claim construction opinion section
18   that says "means for searching for matching items in
19   the database" can be considered further, subject to
20   revisitation at trial.
21              The others I have -- I believe Lawson has
22   not covered that basis -- covered its burden.  And
23   version 6 and version 5 were in their initial list.
24   They were going to pare it down.  They dropped it, and
25   then the addition of it keeps it out to -- and only --
```