# EXHIBIT 8

1 (Pages 1 to 4)

1

1    UNITED STATES DISTRICT COURT
2    FOR THE EASTERN DISTRICT OF VIRGINIA
3    Richmond Division
4    --------------------------------x
5    ePLUS, iNC.,              )
6              Plaintiff,  )
7       v.                   ) Civil Action No.
8    LAWSON SOFTWARE, INC.,        ) 3:09-cv-620(REP)
9              Defendant.  )
10   --------------------------------x
11
12       VIDEOTAPED DEPOSITION OF
13       MICHAEL IAN SHAMOS, Ph.D., J.D.
14          Washington, DC
15       Wednesday, June 16, 2010
16          10:06 a.m.
17
18
19
20   Job No.:  1-181012
21   Pages 1 - 252
22   Reported By:  Joan V. Cain

3

1         A P P E A R A N C E S
2
3    ON BEHALF OF PLAINTIFF:
4       JENNIFER A. ALBERT, ESQUIRE
5       SCOTT L. ROBERTSON, ESQUIRE
6       GOODWIN PROCTER, LLP
7       901 New York Avenue, Northwest
8       Washington, DC 20001
9       Telephone:  (202) 346-4000
10
11   ON BEHALF OF DEFENDANT:
12      KIRSTIN L. STOLL-DEBELL, ESQUIRE
13      MERCHANT & GOULD
14      Suite 1950
15      1050 Seventeenth Street
16      Denver, Colorado 80265
17      Telephone:  (303) 357-1670
18
19   ALSO PRESENT:
20      Akim Graham, Videographer
21
22

2

1       Videotaped Deposition of MICHAEL IAN SHAMOS,
2    Ph.D., J.D., held at the law offices of:
3
4       GOODWIN PROCTER, LLP
5       901 New York Avenue, Northwest
6       Washington, DC 20001
7       (202) 346-4000
8
9       Pursuant to Notice, before Joan V. Cain,
10   Court Reporter and Notary Public in and for the
11   District of Columbia.
12
13
14
15
16
17
18
19
20
21
22

4

1          C O N T E N T S
2
3    EXAMINATION OF MICHAEL IAN SHAMOS, Ph.D., J.D. PAGE
4      By Ms. Albert                    7
5      By Ms. Stoll-DeBell              245
6
7          E X H I B I T S
8        (Attached to the Transcript.)
9    SHAMOS DEPOSITION EXHIBITS              PAGE
10   Exh.  1 Rebuttal Report of Expert Michael I.   24
11          Shamos, Ph.D., J.D. Concerning
12          Non-Infringement
13   Exh.  2 Report of Expert Michael I. Shamos,    32
14          Ph.D., J.D. Concerning Invalidity
15   Exh.  3 Document Entitled Chapter 20:          65
16          Application Changes, bearing Bates
17          Nos. L 0373955 through '4057
18   Exh.  4 Document Entitled 8.0.3 Inventory      73
19          Control Release Notes bearing Bates
20          Nos. L 0030416 through '420
21
22

Case 3:09-cv-00620-REP   Document 301-8   Filed 07/02/10   Page 3 of 3 PageID# 6962
VIDEOTAPED DEPOSITION OF MICHAEL IAN SHAMOS, PH.D., J.D.
CONDUCTED ON WEDNESDAY, JUNE 16, 2010

36 (Pages 141 to 144)

141

1    Q   Why were you asked to include -- or why did
2   you feel necessary to include paragraph 263 in your
3   rebuttal report?
4    **A   Because it was alleged by Dr. Weaver that**
5   **Lawson is guilty of indirect infringement, both**
6   **inducement and contributory infringement, which**
7   **require that there be -- well, inducement of**
8   **infringement requires knowledge or -- that the party**
9   **knew or should have known that its actions would**
10  **induce actual infringement, and if it has a good**
11  **faith basis for believing that -- that its actions**
12  **wouldn't induce act- -- actual infringement, then**
13  **it's not guilty as -- as an inducer of infringement.**
14   Q   What's the test for whether or not Lawson
15  has an objective good faith basis to believe that
16  its software does not infringe?
17   **A   Okay.  Well, good faith means that the**
18  **arguments have to be made in good faith and that**
19  **they're not merely technical or philosophical.**
20  **Objective means that it's not the subjective**
21  **personal impression of Lawson that governs but**
22  **whether a similarly situated outside person would**

142

1   **come to the same conclusion based on the same facts.**
2   **So it's -- it's not an individual personal**
3   **subjective test.  You can't come into court and say,**
4   **well, I -- I had a good faith belief that I wasn't**
5   **infringing; whereas, the whole rest of the world**
6   **would think that you didn't.  That's -- it's not**
7   **subjective; it's objective.**
8    Q   And that -- that's -- your applying legal
9   precedent when you set forth your opinion of what
10  good faith means, an objectively reasonable basis,
11  correct?
12   **A   Yeah.  I'm applying my understanding of**
13  **that, yes.**
14   Q   Okay.  I want to turn now to the opinions
15  in your initial report, Exhibit 2.  Can you refer to
16  paragraph 11 on page 2.
17   **A   Yes.**
18   Q   And there you state, "In this report, where
19  I have cited a reference as prior art, either the
20  reference predates the filing date of the Patent or
21  I have been informed by counsel for Defendants that
22  Defendants intend to prove at trial that the

143

1   reference is prior art as to the Patent."
2        Which of the references that you've relied
3   upon for your opinions does not predate the filing
4   date of the patent but is a reference as to which
5   you've been informed by counsel that defendants
6   intend to prove at trial that the reference is prior
7   art?
8        MS. STOLL-DEBELL:  Objection, form.
9        THE WITNESS:  Yeah, I'm not sure.  I mean
10  I -- so for -- for the patent prior art it's clear.
11  I don't have to rely on -- on counsel for that.
12  Normally when I see a document, I can't tell from
13  the face of the document when it was created, what
14  the earliest possible date it was created, whether
15  any date on it is an accurate date, and so I refrain
16  from offering such opinions because other witnesses
17  are going to prove -- are going to prove that up at
18  trial.  I rely on counsel telling me put this
19  reference in your report because we're going to
20  prove that it's prior art.
21       I've not made any independent determination
22  for things other than -- I believe for things other

144

1   than the patent references.  Now, there may be
2   something else in there, for example Lawson's prior
3   art system.  Clearly it was before because it's been
4   conceded by ePlus that those -- those systems were
5   in existence prior to -- prior to the patents, but I
6   have to -- I just -- now when we go through the list
7   of all the --
8   BY MS. ALBERT:
9    Q   I don't know if I agree with that statement
10  but --
11   **A   Well, I'll -- I'll -- well, surely ePlus**
12  **has to agree that the prior art systems are**
13  **noninfringing; otherwise, it would have a serious**
14  **invalidity problem.  But as we go through the**
15  **others, I'll tell you, you know, whether I've been**
16  **able to determine from the reference itself whether**
17  **or not it has a sufficiently early date.**
18   Q   Okay.  Let's see.  Can you turn to
19  paragraph 16, subsection R at page 5?
20   **A   Yes.**
21   Q   And there you state that, "A claim in
22  means-plus-function form for which the only