**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S OPPOSITION TO PLAINTIFF**
**ePLUS, INC'S MOTION *IN LIMINE* NO. 3**

In this third motion in limine, ePlus contends that, because Lawson exercised its right to retain attorney client privilege, its technical expert cannot give opinions regarding indirect infringement or the objective basis for Lawson's defenses. It cites no cases that support the proposition. Instead, it cites cases involving very different facts—where a party chooses to disclose some privileged communications, but not others. That is not the case here, as the expert's opinions were never sought or obtained under attorney-client privilege. Indeed, as ePlus notes, Lawson did not seek or obtain the expert's opinions. Waiver is thus irrelevant, and selective waiver a non-issue.

ePlus muddies the two distinct elements of a willfulness claim. As set forth in the lead case on willfulness, the en banc decision of the Federal Circuit in *in re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007):

> Accordingly, to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. *See Safeco*, 127 S.Ct. at 2215 ("It is [a] high risk of harm, objectively assessed, that is the essence of recklessness at common law."). The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined

by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

As shown in more detail below, Lawson should be allowed to provide evidence, including expert opinions, to rebut the objective prong of ePlus's willfulness charge. The objective prong is separate and distinct from the evidence of Lawson's subjective state of mind, and not dependent on whether Lawson waives privilege pertinent to its state of mind. The opinions of Lawson's experts *are* relevant, as they are probative to Lawson's lack of objective recklessness throughout the period of accused infringement. Exclusion of the expert opinions on this issue would unfairly prejudice Lawson, with no good reason.

For these reasons, ePlus's Motion *In Limine* No. 3 should be denied in its entirety and the Court should allow Lawson to present expert testimony from Dr. Michael Shamos and Ernest B. Lipscomb, III, on the issue of whether ePlus proves, with clear and convincing evidence, the objectively-reckless prong of its willfulness claim. Lawson should also be permitted to introduce any factual evidence demonstrating its lack of objective recklessness regarding the patents-in-suit.

## I.      FACTUAL BACKGROUND

ePlus filed a patent infringement action on May 19, 2009, against Lawson and others alleging infringement of U.S. Patent Nos. 6,023,685; 6,055,516; and 6,505,172 (collectively "the patents-in-suit"). ePlus gave Lawson no prior notice of the patents or its infringement claims. Nevertheless, ePlus alleges that Lawson's infringement of the patents-in-suit is and has been willful, and ePlus is thus entitled to enhanced damages based on Lawson's infringement.

On June 3, 2010, Lawson disclosed to ePlus the Rebuttal Report of Expert Michael I. Shamos, Ph.D., J.D. concerning Non-Infringement ("the Shamos Non-Infringement Report"). Though the vast majority of Dr. Shamos' report deals with the issue of patent infringement, Dr. Shamos does conclude that, based largely on the fact that there are substantial problems with ePlus' infringement theories, Lawson has an objectively-reasonable basis to believe it did not infringe the patents-in-suit.  (Ex. 1 at ¶¶ 11, 12, 19, 262.)  As explained below, such objective reasonableness eviscerates ePlus's allegations of willful infringement.

Also on June 3, 2010, Lawson disclosed to ePlus the Rebuttal Expert Report of Ernest B. Lipscomb, III ("the Lipscomb Report").  Mr. Lipscomb also concludes in his report that Lawson did not act in an objectively reckless way when it chose to introduce and continue offering the accused systems.  (Ex. 2 at ¶ 31.)

Lawson has not and will not assert reliance on privileged advice of counsel to rebut willfulness.  The opinions of Dr. Shamos and Mr. Lipscomb were formed and presented after this litigation began, as would be expected given the lack of prior notice of the patents or infringement.  Indeed, ePlus alleges that Lawson began infringing in 2002, and does not appear to contend that Lawson would have had any reason to seek advice of counsel at that time regarding the ePlus patents.

## II.     ARGUMENT

### A.     The expert opinions should be allowed as relevant to the objective prong of the *Seagate* test for willful infringement.

In *Seagate*, the Federal Circuit established a two-prong test a patentee must meet to support a finding of willful infringement.  497 F.3d at 1371.  First, the patentee must show by clear and convincing evidence that the accused infringer acted despite an *objectively* high likelihood that its actions constituted infringement of a valid patent.  *Id.*  Second, the patentee

must show that this objectively-defined risk was either known or so obvious that it should have been known to the accused infringer. *Id.* Regarding the first prong, "the state of mind of the accused infringer is not relevant to this objective inquiry." *Id.* Rather, the "objectively-defined risk" is determined by the record developed in the infringement proceeding. *Id.*

The Federal Circuit's discussion of how a patentee can combat post-filing willfulness sheds further light on the heavy burden ePlus faces to meet the objective prong. It stated that opinions of counsel post-filing are of marginal relevance because "willful infringement in the main must find its basis in pre-litigation conduct." *Id.* at 1374. Discussing how a patentee can seek preliminary relief for post-litigation willfulness, which can be defeated by a substantial question on the merits, the Federal Circuit noted that a mere "substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but a charge of willfulness based on post-filing conduct." *Id.* at 1375. The court says nothing, however, that indicates the objective standard is any different if willfulness is based on pre-filing conduct.

Thus, regardless of whether willfulness is alleged pre- or post-suit, serious questions on the issues of infringement and patent validity show that the first prong of *Seagate's* willfulness test is not met. *See DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336-37 (Fed. Cir. 2009) (finding that the fact that infringement was a close question negated patent holder's argument that there was an objectively high risk of infringement); *ResQNet.com, Inc. v. Lansa, Inc.*, 533 F. Supp. 2d 397, 420 (S.D.N.Y. 2008), *rev'd on other grounds by* 594 F.3d 860 (Fed. Cir. 2010) (defendant's substantial, though ultimately unavailing, contention that the patent-in-suit was invalid negated plaintiff's contention that defendant's infringement was willful).

Dr. Shamos opines that the patents-in-suit are invalid and not infringed.  Relying on Dr. Shamos' opinions, among other facts, Mr. Lipscomb opines that Lawson did not act despite an objectively high risk for infringement.  These opinions are relevant both to the underlying merits of the case, and the objective prong of the willfulness determination.  Attorney-client privilege does not preclude providing expert opinions on infringement and validity.  Similarly, it should not preclude opinions on the objective prong of willfulness.  ePlus's motion *in limine* should be denied and the opinions of Dr. Shamos and Mr. Lipscomb should be admitted.

### B.    Lawson Need Not Waive Privilege to Present the Lipscomb and Shamos Opinions.

ePlus contends that, by admitting Dr. Shamos' opinion as it pertains to whether Lawson had an objectively-reasonable belief that it was not infringing a valid patent, the Court would be permitting Lawson to "rely" on the advice of counsel without waiving privilege.  (Dkt. # 253 at 6-8.)  This confuses privileged advice with expert opinions.

Regarding first the opinions of Dr. Shamos and Mr. Lipscomb, their opinions were not sought by Lawson as advice of counsel or rendered to advise Lawson regarding whether to introduce and market the accused systems.  As ePlus itself acknowledges, this would be impossible, as Dr. Shamos and Mr. Lipscomb did not render their opinions until after this litigation began and more than eight years after Lawson first introduced an accused system.  Thus, there is no issue as to whether Lawson reasonably relied on the expert opinions as "advice."  The opinions are probative to the first, threshold prong of *Seagate*: whether there is an objectively high likelihood that Lawson's actions constitute infringement of a valid claim of the patents-in-suit.  The opinions support Lawson's contention that there was at least a substantial question about infringement or validity of the patents in suit.

5

Viewed in this context, Lawson has produced all materials necessary to allow the admission of the expert opinions.  ePlus does not appear to dispute that Lawson has produced all information and documents ePlus has requested through *expert* discovery as they pertain to Dr. Shamos.  ePlus has all documents these experts relied upon and saw to form their opinions.  Thus, production of the privileged information is unnecessary.

These same principles apply to the opinions of Mr. Lipscomb.  Mr. Lipscomb's opinion is offered to demonstrate that, given Lawson's lack of knowledge of the patents-in-suit pre-suit and the fact that other experts have raised substantial questions on the issues of infringement and validity, Lawson's alleged infringement of the patents-in-suit cannot be found willful.  Lawson does not contend that it relied on Mr. Lipscomb's opinion when it decided to introduce the accused systems.  Moreover, Mr. Lipscomb's opinion was not rendered as a legal representative of Lawson.  As is the case with Dr. Shamos, Lawson has never claimed that the attorney-client privilege covers Mr. Lipscomb's involvement in this case.  While Mr. Lipscomb referred to the fact that Lawson obtained advice of counsel (from an undisclosed attorney), Mr. Lipscomb did not receive any information about that advice, and of course did not rely upon it to form his opinions.  (Ex. 2 at ¶ 30.)  Lawson has consistently maintained privilege throughout the case.  Thus, Lawson has produced all properly-requested information and documents pertaining to Mr. Lipscomb's opinions to Lawson as required by the Federal Rules of Civil Procedure.

ePlus's effort to tie Lawson's retention of attorney-client  privilege (entirely reasonable, especially in view of its lack of notice of the patents until after it was sued) to the admissibility of the opinions of Dr. Shamos and Mr. Lipscomb is misguided.  Dr. Shamos and Mr. Lipscomb offer opinions as *expert* testimony, subject to the disclosure requirements of Rule 26(b)(2)(B) and the Court's orders, regarding the objective prong of willfulness.  Privilege is relevant only to

the second, subjective prong, not the first objective prong of the test.  The Court should allow Dr. Shamos and Mr. Lipscomb to testify regarding the first, objective, threshold prong of the Federal Circuit's test from *Seagate*.

### B.   The Shamos and Lipscomb Opinions Are Probative to the Issue of Objective Recklessness and Properly Based on the Entire Record.

ePlus also contends that the opinions of Dr. Shamos and Mr. Lipscomb are irrelevant because they were presented recently.  (Dkt. # 253 at 8-9.)  This also improperly confuses the subjective and objective prongs of willfulness.  Unlike the subjective prong, the objective prong has nothing to do with when Lawson knew about the ePlus patents or infringement issues, or whether or when it knew about substantial questions about the validity or infringement of the patents in suit.  As the Federal Circuit explained in *Seagate*, Lawson's state of mind is irrelevant to the issue of whether Lawson was objectively reckless.  *Seagate*, 497 F.3d at 1371.  Because Lawson's state of mind is not relevant to this inquiry, the fact that the opinions were never disclosed to Lawson is of no moment.

An objective basis for a position can be supported by facts that arise well after the accused activity began.  This is clear, for example, in a line of Federal Circuit decisions that also apply a two-part, objective/subjective test for proving recklessness: cases involving allegations that a patentee is liable for bringing baseless infringement claims.  One such case is *Dominant Semiconductors Sdn. Bhd. v. Osram GMBH*, 524 F.3d 1254, 1264 (Fed. Cir. 2008).  There, the accused infringer argued that the patentee failed to perform an adequate pre-filing investigation of infringement and thus acted recklessly.  The court rejected this charge based on the objective prong of the recklessness test.  The court made clear that the accused wrongdoer may defeat the objective prong of the recklessness test based on the complete record including facts emerging later, not just the facts known to the accused at the time it acted:

> In other words, objective baselessness requires a determination based on the record ultimately made in the infringement proceedings and the record of the state tort action, and not on the basis of information available to the patentee at the time the allegations were made.

*Id.* Thus, when the facts arose to support an objective basis for the actions of the accused is irrelevant, and whether those facts were known to the accused does not matter.

That is important in the present case for a variety of reasons, not the least of which is the Patent and Trademark Office's (PTO's) final findings of substantial new questions of patentability and repeated rejection of ePlus's claims during the multiple reexaminations involving the patents in suit.  Certainly these findings and rejections are objectively strong indicators that at least a "substantial question" exists as to the validity of the asserted patents.

To initiate the reexaminations, the PTO had to find a "substantial new question" about the validity of the patents.  37 C.F.R. § 1.923.

> The PTO's decision to institute a reexamination because there is a substantial new question of patentability is a final, non-reviewable decision.  Manual of Patent Examining Proc. 2646(II) (Ex. 19) ("A substantive determination by the Director of the Office to institute reexamination pursuant to a finding that the prior art patents or printed publications raise a substantial new question of patentability is not subject to review by petition or otherwise.").

The fact that ePlus has not exhausted all appeals from its repeated rejections does not render these administrative decisions irrelevant to the objective assessment.  *See Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 267 F.3d 1325, 1333 (Fed. Cir. 2001).  (affirming district court finding that suit had an adequate basis, affirming reliance in part on an initial determination by an ITC Administrative law judge even though it was "not a final decision and receives no deference" because "the record of the ITC proceeding was subject to review by the district court on the issue of whether the litigation was baseless.").

Facts that arise after the allegedly-willful activities began are very relevant at least to the objective prong of the willfulness determination.  Dr. Shamos' and Mr. Lipscomb's opinions properly rely on the total record.  Moreover, whether or when Lawson saw their opinions is irrelevant to the objective prong of willfulness.  Their opinions should not be excluded based on their timing.

### C.    ePlus Does Not Request that Dr. Shamos Be Precluded from Testifying Altogether.

It is important to note what ePlus does not seek in its Motion *In Limine* No. 3: the exclusion of any testimony Dr. Shamos might give at trial unrelated to willfulness.  The vast majority of Dr. Shamos' opinions and proposed testimony do not even touch on the issue of willfulness.  Indeed, Dr. Shamos' opinions primarily address the invalidity and non-infringement of the patents-in-suit.  This motion has nothing to do with whether Dr. Shamos may testify on the issues of patent invalidity and non-infringement.

## III.    CONCLUSION

For the reasons explained above, the Court should permit Lawson to present evidence and argument related to Lawson's proposed expert testimony on the issue of willfulness.  The opinions of Lawson's proposed expert witnesses were not protected by privilege and ePlus has not been prejudiced by Lawson withholding any documents or information.  Moreover, the proposed testimony is relevant at least to the issue of Lawson's lack of objective recklessness and should be admitted at trial.  The court should deny ePlus's motion in its entirety.

LAWSON SOFTWARE, INC.

By_____/s/_____
　　　　　Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of July, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

 

 

 

 

 

 

 

 

 

 

 

 

 

 

_____/s/_____
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*