# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| *e*PLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**REBUTTAL REPORT OF EXPERT MICHAEL I. SHAMOS, PH.D, J.D.
<u>CONCERNING NON-INFRINGEMENT</u>**

.

understanding of the patent claims, taking into account both the knowledge of one of ordinary skill in the art at the relevant time, and the Court's Markman ruling.

11. Because of the strength of the non-infringement arguments contained herein, I also conclude that Lawson had an objectively-reasonable basis to believe it does not infringe the claims of the patents in suit, even after it became aware of the patents, and thus under an objective standard it did not proceed in the face of a high risk of infringement.

12. Additionally, as detailed in my Expert Report Concerning Invalidity, incorporated by reference herein, I gave the opinion that the Asserted Claims are invalid based on a number of prior art references. For this additional reason, I conclude that that Lawson had an objectively-reasonable basis to believe it does not infringe any valid claim of the Patents, even after it became aware of the patents, and thus under an objective standard it did not proceed in the face of a high risk of infringement.

## LEGAL PRINCIPLES

13. As an expert assisting the Court in determining infringement, I am obliged to follow existing law. Among the legal principles I have relied upon in this report are:

a. To prove infringement of an apparatus claim, a plaintiff must show that a defendant "makes, uses, offers to sell, or sells," within the United States, or imports into the United States, an accused device that reads on every limitation of the claim, either literally or by equivalents.

b. A method claim is directly infringed only by a party who performs all the steps of the method or who directly controls another in performing those steps of the method not performed by the party.

c. The Doctrine of Equivalents protects the patentee against "copyists who 'make unimportant and insubstantial changes and substitutions in the patent which, though adding nothing, would be enough to take the copied matter outside the claim, and hence outside the reach of law'." The Doctrine of Equivalents is sometimes articulated as meaning that there is infringement if an element performs substantially the same function, in substantially the same

software, which was available prior to August 10, 1994, included Order Entry, Requisition, Inventory Control, and Purchase Order modules. (L0012852). Although the discussion below cites to the Version 6.0 and Version 9.0. documentation, I understand that Version 5.0 worked generally as described below. (Lawson Dep. (rough draft) at19:5-9, 33:17-34:7, and 59:18-60:9); *see also* my opening report at paragraphs 117-144.

19. The following discussion regarding Lawson's prior non-infringing software supports my opinions, disclosed in detail herein, that Lawson does not directly infringe the Asserted Claims, does not possess the requisite intent for indirect infringement of the Asserted Claims, even after it became aware of the Patents, and has an objectively-reasonable basis to believe it does not infringe the claims of the Patents.

20. .Lawson has been distributing its Requisition module since well before the priority date of the Patents. The purpose of Lawson's Requisition module is to allow employees of Lawson's customer to request things they need for their department or things they need to perform their business. It provides for requesting two types of items: 1) items in stock or in inventory at the customer; and 2) special order items (things that need to be ordered from a vendor). (*See, e.g.,* Christopherson Dep. at 114:1-114:22.)

21. I have seen no evidence that Lawson copied any aspect of Plaintiff's software or product features when developing its products at any time. Dr. Weaver and Mr. Niemeyer provide no evidence that any aspect of Lawson's products or code was derived in any respect from access to or knowledge of Plaintiff's products, code, documentation, or Patents. Lawson created its own products and software code. I understand there are no allegations of any copying by Lawson of any aspect of Plaintiff's products or features.

22. "The Lawson Requisitions system is a software package that is integrated with the Lawson Purchase Order and Inventory Control systems. Following are some of the major features and benefits of the Lawson Requisitions system.

    a. You can generate requisitions from the Lawson Inventory Control system. . . .

**Opinion 8:  Lawson Does Not Indirectly Infringe the Asserted Claims**

260.　Paragraphs 360-376 are directed to a discussion of indirect infringement.  Indirect infringement requires the existence of some direct infringer.  Because there is no claim all of whose elements are present or all of whose steps are performed, there can be no direct infringement, and thus no indirect infringement.

261.　Dr. Weaver fails to show a customer who is directly infringing.  Absent proof of direct infringement, there can be no inducement to infringe.

262.　Additionally, Lawson is not liable for either inducing or contributory infringement because it lacks specific intent to cause infringement.  Plaintiff has no evidence that anyone at Lawson knew of the Patents until this lawsuit was filed in May 2009.  Thus, there can be no indirect infringement prior to the filing of the instant lawsuit.

263.　Continuing after May 2009, Lawson had an objective good faith basis to believe its Accused Software does not infringe the Patents as described above, and thus did not know (and should not have known) that its actions would induce infringement or contribute to infringement, particularly in view of the following:

　　a. Lawson has been selling the IC, RQ, and PO modules for many years, going back to at least the early 1990s and well before the priority date of the Patents – most of the accused features were part or similar to Lawson's non-infringing prior software;

　　b. Lawson's software uses the Item Master database instead of multiple catalogs, and has done this for many, many years;

　　c. Plaintiff's original inducement contentions of Sept. 2009 were based on Digital Depot, which Lawson stopped offering years earlier, and Punchout, which as shown above, Lawson does not control;

　　d. By the time Plaintiff filed this suit the Patent Office had issued a final office action rejecting claims of the '683 patent, which is based on the same application as the '172 and '516 patents;