**EXHIBIT 12**

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | **Daniel W. McDonald**
dmcdonald@merchantgould.com
612.336-4637.

April 29 2010

The Honorable Robert E. Payne, Judge          **Via Hand Delivery**
United States District Court for the
    Eastern District of Virginia, Richmond Division
Spottswood W. Robinson III and Robert R. Merhige, Jr.,
    Federal Courthouse
701 East Broad Street
Richmond, VA 23219


Re:    ePlus, Inc. v. Lawson Software, Inc.
       Case No.: 2:09-232
       M&G No.: 16391.0001USZA

Dear Judge Payne:

Lawson, Inc. respectfully responds to ePlus, Inc.'s letter dated April 28, 2010, regarding
the identification of third party witnesses at issue in this case. Lawson identified the third
party witnesses at issue on April 9, three weeks ago, pursuant to an agreement between
counsel to make the disclosure sufficiently before discovery closed to allow for deposing
the witnesses. This agreement was above and beyond any disclosure requirements
imposed by the Federal Rules, the Court's Local Rules or the Court's pretrial Orders, and
was agreed to by counsel for Lawson in the spirit of cooperation to accommodate counsel
for ePlus's efforts to prepare for trial. After receiving the list in a timely fashion, ePlus
did not raise any objections or concerns about prejudice. Instead, ePlus requested
deposition dates for the witnesses, and thanked us for our cooperation in arranging dates
for all witnesses before the close of discovery on May 18.

Up until yesterday, ePlus gave no indication of any concerns about the list, and made no
claims of prejudice. Yesterday, with no notice or conference, ePlus said it was going to
file this motion, requesting an immediate conference and not allowing Lawson an
opportunity to respond. ePlus's motion is contrary to the agreement already reached
between counsel and should be denied.

Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC

The Honorable Robert E. Payne
April 29, 2010
Page 2

On March 31, 2010, the parties agreed to identify the third party witnesses they intend to call at trial by April 9, 2010. (Exhibit 1 - Albert 4/1/10 letter.) The parties agreed to this date to give time to depose witnesses before the May 18 discovery deadline. On April 9, 2010, right on time, Lawson provided to ePlus a list of the individuals that it intends to call at trial. That same day, ePlus provided to Lawson a list of the third parties that it intends to call at trial. Both parties reserved the right to call other third-party witnesses in rebuttal and/or to call any third-party witnesses identified by the other party. ePlus's claim that it only had 14 business days left in fact discovery to depose the witnesses is incorrect. ePlus had the opportunity to immediately depose the identified witnesses, but chose not to.

ePlus contends that Lawson told ePlus on March 31, 2010, that its third party witnesses "would likely be only Mr. Gounaris and Ms. Eng." Lawson did not make such a statement. Indeed, both parties at that time were contemplating the identification of third party witnesses as shown in Ms. Albert's April 1, 2010, letter where she confirmed the parties' agreement to identify witness.

On April 16, 2010, the parties met and conferred regarding several topics, including scheduling the depositions of Lawson's third party witnesses. ePlus did not object to any of the third parties identified by Lawson. Rather, the discussion focused on scheduling the depositions. ePlus requested that Lawson provide ePlus with the availability of the Lawson's third party witnesses as set forth in the email below:

Will,

Further to our call today, please provide us with the locations and availability of the third party witnesses that Lawson intends to call at trial so we can get started scheduling depositions as soon as possible.

Regards,

Michael Strapp
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
617-570-1658 (phone)
617-523-1231 (fax)

(Exhibit 2 - Strapp 4/16/10 email.) To accommodate ePlus, Lawson agreed to accept service on behalf of the witnesses. Lawson also agreed to arrange each a deposition schedule.

On April 22, 2010, ePlus expressed appreciation for Lawson efforts to "efficiently schedule the third party depositions" and requested that Lawson provided to it a schedule for the remaining witnesses. A screen shot of that email is provided below:

The Honorable Robert E. Payne
April 29, 2010
Page 3

Will,

We appreciate the efforts you are making to efficiently schedule the third party depositions.  As we have requested,
please provide us with information regarding dates and locations for the depositions by the end of the day.  Additionally,
please let us know if you no longer intend to call at trial any of the third party witnesses you previously identified.

Thank you,

Michael

(Exhibit 3 - Strapp 4/22/10 email.)  Lawson provided a deposition schedule for each of
the witnesses except Jerry O'Connell (who Lawson had just learned about) on April 23,
2010, as ePlus requested.  (Exhibit 4 - Hughey 4/23/10 email.).

ePlus thanked rather than objected to Lawson's list for good reason. ePlus is quite
familiar with the witnesses identified, having either cross examined them at a previous
trial, or identified them as part of ePlus's own discovery, with the exception of two
witnesses recently identified and immediately disclosed by Lawson after Lawson talked
to them.  The witnesses all have personal knowledge of the prior art Lawson has
previously disclosed in detail and with which ePlus is already quite familiar.  Moreover,
the fact that the witnesses have been made available for deposition eliminates even a hint
of prejudice.

Here, Lawson has identified the witnesses well before the close of discovery.  EPlus cites
no authority to preclude the use of witnesses under such circumstances, and Lawson is
also unaware of such authority.  To the contrary, case law shows that, even in cases
where (unlike here) witnesses are disclosed after deadlines passed, courts should not
preclude the testimony of late-disclosed witnesses where the late-disclosure is
"substantially justified" or "harmless."  *Lathon v. Wal-Mart Stores East, LP*, No.
3:09cv57, 2009 U.S. Dist. LEXIS 54682, at *7 (E.D. Va. June 24, 2009) (holding late
disclosure harmless).  In determining whether such a disclosure was harmless, the Court
will analyze five factors: (1) the surprise to the party against whom the evidence would
be offered; (2) the ability of that party to cure the surprise; (3) the extent to which
allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5)
the nondisclosing party's explanation for the failure to timely disclose.  *Id.*  It is also
inappropriate to exclude testimony where the witness was disclosed before the end of
discovery.  For example, in *Banks v. Cook*, the Court refused to exclude the testimony of
an expert witness where the expert was disclosed before the end of discovery and the
party seeking exclusion would still be able to take discovery regarding his opinion.  No.
3:08CV514, 2009 U.S. Dist. LEXIS 5107, *10-11 (E.D. Va. Jan. 26, 2009); see also
*McDonald v. Wal-Mart Stores East, LP*, No. 3:07cv425, 2008 U.S. Dist. LEXIS 2599,
*12-13 (E.D. Va. Jan. 14, 2008) (denying a motion to exclude expert testimony where the
party seeking exclusion could have cured any surprise by taking a deposition of the
expert before the end of discovery).

The Honorable Robert E. Payne
April 29, 2010
Page 4

To be clear, Lawson should not have to meet this test, as its disclosure is timely.
Moreover, the factors listed in these cases show that there is no unfairness to ePlus to
allow the witnesses to testify. Here, ePlus was not surprised, and not harmed. Any
concerns are entirely addressed by the fact that every witness has been made available for
deposition before the close of discovery. ePlus's insinuation that the witnesses
substantially alter the nature and scope of Lawson's invalidity defenses is incorrect.
Rather, the witness testimony supports Lawson's invalidity contentions that have already
been provided to ePlus. Moreover, as ePlus's chart set forth in Exhibit A shows, seven of
the nine third-party witnesses in that chart will testify to the same topic areas to which
they testified in the SAP trial. There is no surprise. There is no prejudice. ePlus's
request should be denied.

ePlus does not dispute that Lawson identified Charles Gounaris, Pamela Eng, and
Laurene Fielder much earlier, and we understand ePlus's request does not seek to exclude
them from testifying. The specifics of the other six third party witnesses are provided
below, showing ePlus was aware of them and/or the subject matter of their testimony
long ago:

### Stella Capocelli

Ms. Capocelli testified during the SAP trial on April 7, 2006. ePlus produced her
testimony to Lawson beginning at the document labeled ePLUS0201258. She
testified related to the SABRE system, a system that Lawson set forth in its
invalidity contentions and in response to other discovery requests. On April 7,
2006, Scott Robertson, representing ePlus, cross examined Ms. Capocelli.
(Exhibit 5.) In addition to her trial testimony, she is identified in 35 documents
that ePlus produced in this case.

### Jesus Ramos

Mr. Ramos testified during the SAP trial on April 14, 2006. ePlus produced his
testimony beginning at the document labeled ePLUS0201525. He testified with
respect to the Gateway prior art, a system that Lawson identified in its invalidity
contentions and in response to other discovery requests. On April 14, 2006, Ms.
Eckstein, representing ePlus, cross examined Mr. Ramos. (Exhibit 6.) In addition
to his trial testimony, Mr. Ramos is identified in 58 documents ePlus produced in
this case.

### Al Jacobs

Lawson was not aware of Mr. Jacobs until mid-April when Lawson's counsel
spoke with Jesus Ramos and learned Mr. Jacobs could be a helpful witness on the
Gateway system prior art. At that time, Lawson contacted Mr. Jacobs and learned
that he was involved with the Gateway system. Lawson disclosed him within

The Honorable Robert E. Payne
April 29, 2010
Page 5

> days of learning of Mr. Jacobs. Additionally, Mr. Jacobs was mentioned during
> Jesus Ramos' testimony in the SAP case. ePlus produced the transcript
> identifying Mr. Jacobs at ePLUS0201060. Additionally, ePlus produced 18
> documents referencing Mr. Jacobs.

## Preston Staats

> Mr. Staats testified during the SAP trial on April 12, 2006. ePlus produced his
> testimony beginning at the document labeled ePLUS0201418. Mr. Staats testified
> with respect to the J-CON System, a system that Lawson set forth in its invalidity
> contentions and in response to other discovery requests. On April 12, 2006,
> Jennifer Albert, representing ePlus, cross examined Mr. Staats. (Exhibit 7.) In
> addition to his trial testimony, Mr. Staats is identified in 52 documents produced
> by ePlus in this case.

## Arthur Parsells

> On April 16, 2010, during a meet and confer between the parties, Lawson
> informed ePlus that it may have another witness related to the SABRE system.
> ePlus indicated to Lawson that it may have another witness as well with respect to
> SABRE (that witness has not been identified by ePlus). At that time, Lawson was
> attempting to locate Cliff Taylor, a person who was involved in the development
> of the SABRE system. Lawson learned in mid-April that Mr. Taylor passed
> away. During a conversation with his widow on April 12, 2010, Lawson learned
> for the first time of Arthur Parsells who worked with Mr. Taylor in developing the
> SABRE system. Lawson disclosed Mr. Parsells on April 23, 2010.

## Jerry O'Connell

> Lawson learned of Jerry O'Connell on April 23, 2010, after speaking with
> Laurene Fielder. Ms. Fielder informed Lawson that Mr. O'Connell was the
> founder of Structured Computer Systems, was scheduled to testify in the SAP
> case, and may have relevant information. Structured Computer Systems was
> founded in 1981 and made automated procurement systems, which included e-
> requisitioning, inventory management, purchase orders, bidding, and interfaces to
> general ledger. In 1999, Fisher Scientific, the applicant for the patents in suit,
> acquired Structured Computer Systems. Once Lawson learned of Mr. O'Connell,
> it performed a search of the documents and learned that ePlus produced 19
> documents identifying Mr. O'Connell, an example of which is ePLUS0453005.

Each of these witnesses testified or are mentioned in documents produced in the SAP
case, a trial in which ePlus was represented by its current counsel. ePlus was aware of
these witnesses. Indeed, ePlus's Exhibit A contains a chart that references the prior art
system for each witness.

The Honorable Robert E. Payne
April 29, 2010
Page 6

ePlus also claims that Lawson has yet to identify the witness it intends to call at trial with respect to Lawson Software 6.0. That is incorrect. Lawson informed ePlus that Todd Dooner was Lawson's designee on that subject. Mr. Dooner has already been deposed regarding the operation of Lawson' system. Additionally, Lawson's initial disclosures identify Richard Patton, Dale Christopherson, and others as witnesses with knowledge in that area.

ePlus has sufficient information related to Lawson Software 6.0. The subject matter of Lawson Software 6.0 was set forth in ePlus's Fifth Notice of Deposition Pursuant to 30(b)(6). Lawson informed ePlus that the witness on the subject would be Todd Dooner, a witness that ePlus had already deposed.[1] On April 14, 2010, Lawson offered to make Mr. Dooner available for deposition. (Exhibit 8 – Schultz 4/14 & 4/28 emails.) ePlus did not respond to Lawson's correspondence. On April 28, 2010, Lawson again reached out to ePlus regarding the deposition. (*Id.*) ePlus has not responded. Thus, the problem is not with Lawson. ePlus has taken no action to move forward with the deposition after requesting it and being offered a witness in response.

Moreover, ePlus's suggestion that "Lawson stated that it intends to disregard the Court's Order by introducing at trial testimony regarding Lawson Software 6.0" is baseless. Lawson made no such statement. Lawson does not intend to disregard the Court's Order. Indeed, Lawson Software 6.0 was included in Lawson's original invalidity contentions. Lawson produced the documentation for 6.0 software in on September 3, 2009. On April 9, 2010, Lawson provided updated invalidity contentions pursuant to the Court's Order. In those contentions, Lawson informed ePlus that it intended to rely on Version 6.0 to provide background prior art information and context in relation to Lawson's obviousness claims. Lawson also informed ePlus that the software is relevant to a number of other issues, including damages, lack of intent to infringe, lack of willfulness, alternative and non-infringing technology, and background of the art. There is no basis for ePlus's contention that Lawson's use of its own prior art system to provide background in the art disregards the Court's Order. To the contrary, precluding Lawson from showing the jury that and many aspects of its accused product and the purported patented invention are found in Lawson's prior art system would strongly prejudice Lawson.

ePlus also raises the issue of Richard Lawson's testimony. On April 23, 2010, Lawson informed ePlus that it intended to call Richard Lawson at trial. Mr. Lawson co-founded Lawson in the 1970s and was involved with the company when it first developed its procurement software programs. Mr. Lawson will testify regarding the development of

---

[1]     Lawson has provided 10 witnesses in Washington, D.C. for 15 days of deposition pursuant to Rule 30(b)(6). These witnesses have travelled across the United States, and several from Europe. It has also arranged for third-party deposition dates within the discovery period. The insinuation that Lawson has not cooperated to provide witnesses is unfounded.

The Honorable Robert E. Payne
April 29, 2010
Page 7

Lawson's system and will serve to rebut testimony put on by ePlus. Lawson informed
ePlus of Mr. Lawson's testimony well within the discovery period, and stands ready to
make him available for deposition. There is no basis to exclude Mr. Lawson's testimony.

The case law that ePlus cites in its letter is inapposite with the facts in this case,
demonstrating that exclusion of witnesses requires real prejudice, not the prejudice of the
type manufactured by ePlus after weeks of cooperation without objection to the
disclosures. ePlus cites *Rambus, Inc. v. Infineon Techs. AG* for the proposition that
belated disclosure of testimony is prejudicial. 145 F. Supp. 2d 721 (E.D. Va. 2001).
That case involved the disclosure of expert, not fact, witnesses. Additionally, the
disclosure of the experts in that case was not made until a month *after* the close of expert
discovery. ePlus also cites *ADC Telecomm., Inc. v. Thomas & Betts Corp.*, for the same
proposition. 2001 W.L. 1381098, *4-5 (D. Minn. Oct. 18, 2001). That case, however,
involved the disclosure of prior art references that occurred *after* the close of discovery.
Moreover, the *Southern States Rack & Fixture, Inc.* ePlus cites involves evidence that
was disclosed three days *after trial began.* 318 F.3d 592, 596 (4th Cir. 2003). None of
these cases, nor any other authority, provides grounds to exclude witnesses disclosed well
before fact discovery closes and with ample opportunity to depose them.

Lawson's disclosure of the third party witnesses is consistent with the parties' agreements
and the court's scheduling order, which requires disclosure of witnesses early enough to
allow their deposition before discovery closes. ePlus's letter dated October 2, 2009,
states that the parties will notify the other of the identities of the third-party witnesses that
the party intends to call at trial sufficiently in advance of the close of discovery to enable
the other party to depose such witnesses. ePlus's letter of April 1, 2010, shows the
parties agreed to exchange that list on April 9, 2010. Lawson not only identified the
witnesses on time, but set a deposition schedule for ePlus that allowed for ePlus to depose
each of the witnesses within the discovery schedule. ePlus's request to exclude those
witnesses from testifying at trial should be denied.

Sincerely,

MERCHANT & GOULD

Daniel W. McDonald

DWM/kmd
Encls.