## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

*e*PLUS INC.,                                )
                                             )
        Plaintiff,                     )    Civil Action No. 3:09-CV-620 (REP)
                                             )
        v.                             )
                                             )
LAWSON SOFTWARE, INC.,                       )
                                             )
                                             )
                                             )
        Defendant.                     )

### PLAINTIFF *e*PLUS INC.'S BRIEF IN OPPOSITION TO DEFENDANT LAWSON SOFTWARE INC.'S MOTION *IN LIMINE* NO. 12 TO EXCLUDE RELEVANT AND ADMISSIBLE EVIDENCE OF DEFENDANT'S DIRECT INFRINGEMENT

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice)*
Jennifer A. Albert (admitted *pro hac vice)*
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

Defendant Lawson Software Inc.'s ("Defendant's") motion *in limine* is duplicative of a section of its brief in support of its motion for summary judgment.  Copying, practically verbatim, the text of that section, Defendant argues (1) that *e*Plus has not come forward with any evidence that Defendant sells computers – as Defendant now contends is required for it to infringe the asserted "system" claims – and (2) that *e*Plus has not come forward with any evidence that Defendant, as opposed to Defendant's customers, performs certain method steps in the asserted method claims.  *Compare* Defendant's Memorandum in Support of Motion *In Limine* No. 12, Dkt. No. 277 (June 18, 2010) *with* Defendant's Summary Judgment Brief, Dkt. No. 241 (June 11, 2010), at 18-20.  *e*Plus has addressed these arguments in full in its opposition to Defendant's summary judgment motion (*e*Plus is filing its summary judgment opposition on the same day as the instant brief).  *e*Plus incorporates this response by reference herein.  As *e*Plus demonstrates in its summary judgment opposition, Defendant need not sell computers to directly infringe the asserted "system" claims because no claim language requires a computer itself, as opposed to software that is designed to operate on a computer, and, regardless, Defendant is a direct infringer because it makes the accused systems by installing its software on its customers' computer systems and then implementing a complete fully-functioning infringing system. Plaintiff *e*Plus, Inc.'s Brief in Opposition to Defendant's Motion for Summary Judgment (July 2, 2010) at 14-16.  And, as *e*Plus also demonstrates in its summary judgment opposition, there is ample evidence that Lawson performs the method steps in the asserted method claims.  *Id.*

The only new argument in Defendant's motion *in limine* is that to allow *e*Plus to present evidence at trial that Defendant is a direct infringer allegedly will cause jury confusion on the intent requirement for indirect infringement and on damages.  Def's Br. at 5.  This argument presupposes that the Court will agree with Defendant's summary judgment argument that *e*Plus

has insufficient evidence as to direct infringement, because it assumes that the jury will only consider indirect infringement.  If this Court denies Defendant's request for summary judgment on this issue, as *e*Plus argues it should, then Defendant's confusion argument has no merit. Moreover, even if this Court were to grant Defendant summary judgment of no direct infringement, this Court should not exclude any of *e*Plus's evidence—except perhaps the expert's ultimate opinion on direct infringement—because the same facts and evidence that *e*Plus relies on for its direct infringement claim also supports its indirect infringement claim.

The crux of Defendant's argument appears to be that the jury should not be permitted to hear any evidence of Defendant's activities prior to the filing date of this action because Defendant did not have the specific intent required for indirect infringement prior to that date. But *e*Plus disputes Defendant's position that it lacked the required specific intent prior to the filing of this suit.  *e*Plus's Brief in Opposition to Defendant's Motion for Summary Judgment (July 2, 2010) at 14-16.  A jury should decide this issue.  Moreover, evidence of the functionality of Defendant's accused products would still be relevant even if some of that evidence pre-dated the damages period.  Therefore, regardless of this Court's decision on the direct infringement issue, *e*Plus should not be precluded from introducing evidence of Defendant's activities prior to the suit as part of its infringement case.

As its summary judgment opposition demonstrates, *e*Plus has presented entirely proper theories of direct infringement for the asserted claims, and has developed substantial evidence under those theories.  Defendant's motion *in limine* should be denied in its entirety.

Respectfully submitted,

July 2, 2010

_____/s/_____
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S BRIEF IN OPPOSITION TO DEFENDANT LAWSON SOFTWARE INC.'S MOTION *IN LIMINE* NO. 12 TO EXCLUDE RELEVANT AND ADMISSIBLE EVIDENCE OF DEFENDANT'S DIRECT INFRINGEMENT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

_____/s/_____
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**Christian & Barton, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com