# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**REPORT OF EXPERT MICHAEL I. SHAMOS, PH.D, J.D.**
<u>**CONCERNING INVALIDITY**</u>

.

dated January 8, 2009, the Patent Office rejected all of the claims being reexamined. Despite the patentee's arguments to the contrary, each prior art reference was determined to qualify as prior art. Each claim was then found to be either anticipated or rendered obvious by the P.O. Writer Manual, the Practical Guide to SABRE, the J-CON Manual, and the Gateway Printed Publications.

34. A Request for *Inter Partes* Reexamination of claims 1-5 (all the claims) of the '172 Patent was filed on July 10, 2009. The Request listed six prior art references that raised substantial new questions of patentability: U.S. Patent No. 6,963,551, the '989 Patent, the P.O. Writer Manual; the Practical Guide to SABRE; the J-CON Manual; and the Gateway Manual. The Patent Office granted the Request because it found that each of these prior art references anticipated and renders obvious each of the claims for which reexamination was requested. On October 23, 2009, the Patent Office rejected all five claims finding that claims 1 and 3-5 were anticipated by the '989 Patent and that claims 1-5 were anticipated by each of the P.O. Writer Manual, the Practical Guide to SABRE, the J-CON Manual, and the Gateway Manual. It is noteworthy that, once the '989 Patent was identified as prior art, the PTO relied on it as raising new questions of patentability and to reject the claims it had previously allowed.

35. A Request for *Inter Partes* Reexamination of claims 1-29 (all the claims) of the '516 Patent was filed on November 12, 2009. In the January 15, 2010 Order Granting Reexamination of the '516 patent ("'516 Reexam Order"), the Patent Office found that the following references were prior art and raised a substantial new question of patentability as to all claims of the '516 patent: Claims 1-29 of the' 516 Patent to be unpatentable over the Johnson'989, King'542, P.O. Writer; Practical Guide to SABRE; and J-CON. It is again noteworthy that, once the '989 Patent was identified as prior art, the PTO relied on it as raising new questions of patentability.

36. In the order granting reexamination, the Patent Office found that the originally-allowable features that appear to be found in the limitations of patented claims 1, 16, and 21 relate to converting items found in one vendor's catalog to equivalent products in another vendor's catalog. ('516 Reexam Order at 7). Regarding claim 1, the previously-allowable

feature was the element requiring "a catalog selection protocol...including matching a vendor identification code with a subset of said collection of catalogs, wherein said subset of catalogs includes both a vendor catalog from a predetermined vendor and a second catalog from a predetermined third party that is one of a manufacturer and a competing vendor, said predetermined third party selling items corresponding to items in said vendor catalog." ('516 Reexam Order at 7). Regarding claim 9, the examiner believed that the previously-allowable feature was the element requiring "said first item and said second item being generally equivalent, and wherein a selection of one identification code from one of said first and second catalogs provides the other identification code from the other of said catalogs," because this limitation relates to "converting data relating to said item from said first catalog to data relating to said item from said second catalog." ('516 Reexam Order at 7). He further found that the previously-allowable features of patented claim 16 appear to be in the limitation that requires "converting means for converting data relating to said item from said first catalog to data relating to said item from said second catalog." ('516 Reexam Order at 8). And the previously-allowable features of independent claim 21 appear to be in the limitation that requires "said each of at least two catalogs include a generally equivalent item from a different source, said requisition module working in combination with said catalog searching module to determine multiple sources for said item; wherein said multiple sources is limited by said catalog searching module providing a match according to said user-generated criteria, said search module criteria and a determination system that located items are generally equivalent; and wherein said determination system includes a cross reference table matching an identification code from a first located item with a second identification code from a second located item." ('516 Reexam Order at 8).

## THE ASSERTED CLAIMS

37. Claim 1 of the '172 patent is drawn to an apparatus including a database with items from at least two vendors and five means elements for (1) entering product information to specify an item; (2) searching for items matching the specification; (3) generating an order list by