**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN OPPOSITION
TO MOTION *IN LIMINE* NO. 8 TO PRECLUDE LAWSON FROM PROFFERING
<u>EVIDENCE INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTION</u>**

Defendant Lawson Software, Inc. ("Lawson") respectfully opposes Plaintiff ePlus, Inc.'s

("ePlus") Motion in Limine No. 8 to Preclude Defendant from Proffering any Evidence, Expert

Opinion, Other Testimony, or Argument Utilizing Claim Constructions which are Inconsistent

with the Court's Markman Claim Construction Order.  Lawson has no intention of presenting

evidence at trial inconsistent with the Court's claim constructions in this case and expects the

same from ePlus.  ePlus's motion, however, requests something different than its title would

suggest.

In its motion, ePlus suggests that Lawson should not be allowed to present evidence that

claims 3 and 6 of the '683 patent and claim 1 of the '172 patent fail to meet the written

description requirement.  This is incorrect.  The issue of written description is an issue of fact

that that jury can decide.  Consistent with the court's claim construction, Lawson is permitted to

present the issue of written description to the jury.  Such an argument is not inconsistent with the

Court's claim construction order—indeed, the claims fail to meet the written description requirement in light of the Court's construction.

## I.     BACKGROUND

On May 5, Lawson's technical expert, Dr. Shamos, served his expert report concerning invalidity, opining that all of the asserted claims of the patents-in-suit (except the '683 patent claim 26) were invalid as lacking written description.  (Exh. 1, Shamos Report at 14 ¶ 42.)  On June 25, Lawson filed its motion for summary judgment.  In it, Lawson asserted that claims 1, 2, 6, 9, and 29 of the '516 patent are invalid for failing to meet the written description requirement under 35 U.S.C. § 112 ¶ 1 as a matter of law based on the undisputed facts.  (Lawson SJ Br. at 26-32.)

## II.    DISCUSSION

The written description requirement of 35 U.S.C. § 112 ¶ 1 ensures that, at the time a patent application is filed, the inventor has possession of the invention claimed.  *See Vas-Cath v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991).  Whether a patent's specification complies with the written description requirement is an issue of fact.  *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1243 (Fed. Cir. 2002); *see also Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1319 (Fed. Cir. 2003) ("Whether a specification complies with the written description requirement of § 112, P 1 is a question of fact that this court reviews for substantial evidence."); *Union Oil Co. of Cal v. Atlantic Richfield Co.*, 208 F.3d 989, 996 (Fed. Cir. 2000) ("In written description cases, 'the primary consideration is *factual* and depends on the nature of the invention and the amount of knowledge imparted to those skilled in the art by the disclosure." (citation omitted, emphasis in original)).

ePlus contends that because the court construed the disputed terms, Dr. Shamos cannot opine on the failure of the claims to meet the written description requirement. (Doc. No. 279 at 3.)  This is wrong.  In *PIN/NIP*, the district court construed claim 33, and the parties did not challenge the construction on appeal.  304 F.3d at 1247.   The jury found that the claim, as construed, met the written description requirement.  *Id.* at 1237.  On appeal, the Federal Circuit reversed, finding the claim invalid for failing to meet the written description requirement.  *Id.* at 1247-48.  The district court construed the claim to be so broad as to include a spaced, sequential application of the chemicals, but the Federal Circuit held that "nothing in the specification indicates that the invention is anything other than a *mixture* of two chemicals."  *Id.* at 1247 (emphasis in original).  Therefore, the claim violated the written description requirement.  *Id.* at 1247-48.

ePlus contends that Dr. Shamos's report is "contrary" to the court's constructions because he opines that the construed claims do not meet the written description requirement.  As shown above, claim construction is a totally separate issue from whether the claim, as construed, satisfied the written description requirement.  Therefore, Dr. Shamos should not be barred from providing these opinions.  Experts may opine on the written description issue.  *See Union Oil Co.*, 208 F.3d at 999 (relying on expert testimony to affirm jury finding on written description issue).

ePlus offers no case law to support its extreme position.  It only cites a case for the proposition that an expert may not contradict the court's claim construction, which is undisputed but irrelevant.  ePlus has no case law that supports the proposition that, merely because the court resolves claim construction issues, the patent as construed cannot be invalid under 35 U.S.C.

3

§ 112.  The cases above show ePlus's premise is wrong.  Claim construction facilitates the assessment of invalidity; it does not supplant it.

It is a truism that the parties' experts should testify consistent with a court's claim construction order.  Consistent with this Court's claim construction decision, Lawson can present evidence and testimony at trial that the asserted claims are invalid for failing to meet the written description requirement.  Indeed, Lawson's argument that the claims fail to meet the written description requirement are based on the Court's construction.  There is nothing in Lawson's arguments regarding written description that are inconsistent with the Court's claim constructions.

## III.    CONCLUSION

For the foregoing reasons, Lawson respectfully requests that this Court deny ePlus's Motion in Limine No. 8.

LAWSON SOFTWARE, INC.


By_____/s/_____
              Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339


Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081


*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of July, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

        /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*