# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**REPORT OF EXPERT MICHAEL I. SHAMOS, PH.D, J.D.
<u>CONCERNING INVALIDITY</u>**

.

selecting from among the items matching the specification; (4) building a requisition from the order list; and (5) generating purchase orders from the requisition. Claim 1 of the '172 patent claims no more than the conventional process of sourcing from multiple vendors.

38. Independent claims 1, 9, 21 and 29 of the '516 patent are all apparatus claims for an electronic sourcing system. Generally these system claims are drawn to apparatus for selecting catalogs to be searched for an first item, and determining which items in other catalogs are "generally equivalent" to the first item. Various limitations recite structures for determining this equivalence and/or converting catalog numbers between such equivalent items.

39. Independent claims 3 and 6 of the '683 Patent are drawn to electronic sourcing systems comprising means elements for performing generally the same functions as recited in the '516 claims.

40. Independent claim 26 of the '683 Patent is drawn to a method reciting the functions performed by the apparatus of '172 claim 1, and adding the step of determining whether an item is in inventory.

41. Independent claim 28 of the '683 Patent is drawn to a method version of '683 claim 6. Claim 29, which depends from claim 28, adds the step of determining whether an item is in inventory.

## LACK OF WRITTEN DESCRIPTION

42. All of the Asserted Claims except '683 claim 26 fail to find support in the relevant specification. One of ordinary skill in the art would not understand clearly that the Applicants invented the subject matter of the Asserted Claims, hence they fail to meet the written description requirement of 35 U.S.C. §112.

43. Claim 1 of the '172 patent recites "means for processing the requisition to generate purchase orders for said selected matching items." There is no written description of, or corresponding structure for, any "means for processing the requisition to generate purchase orders" other than the disclosure of a general purpose computer (e.g. local computer 20) and the specification does not provide the algorithm used to perform the claimed function.