# EXHIBIT 11

# AIPLA's Model Patent Jury Instructions

© 2008, American Intellectual Property Law Association

Disclaimer

The Model Jury Instructions are provided as general assistance for the litigation of patent issues. While efforts have been and will be made to ensure that the Model Jury Instructions accurately reflect existing law, this work is not intended to replace the independent research necessary for formulating jury instructions that are best suited to particular facts and legal issues. AIPLA does not represent that the information contained in the Model Jury Instructions is accurate, complete, or current. The work could contain typographical errors or technical inaccuracies, and AIPLA reserves the right to add, change, or delete its contents or any part thereof without notice.

# Table of Contents

Introduction
**Preliminary Jury Instructions**
I.   The Nature of the Action and the Parties
    A.  United States Patents
    B.  Patent Litigation
II.  Contentions of the Parties
III. Trial Procedure
Glossary of Patent Terms
Glossary of Technical Terms
**Post-Trial Instructions**
1.  Summary of Patent Issues
Claim Construction
    2.0  Claim Construction – Generally
    2.1  Claim Construction for the Case
2.2   Construction of Means-Plus-Function Claims for the Case Infringement
3.0   Infringement – Generally
3.1   Direct Infringement – Knowledge of Patent or Intent to Infringe is Immaterial
3.2   Direct Infringement – Literal Infringement
3.3   Inducing Patent Infringement
3.4   Contributory Infringement
3.5   Infringement of Means-Plus-Function Claims
3.6   Infringement of Dependent Claims
3.7   Infringement of Open Ended or "Comprising" Claims
3.8   Infringement by supply of all or a substantial portion of the components of a patented invention to another country (271(f)(1))
3.9   Infringement by supply of components especially made or adopted for use in the patented invention to another country (271(f)(2))
3.10  Infringement by Import, Sale, Offer for Sale or Use of Product Made Outside United States by Patented Process (infringement under 271(g))
3.11  Direct Infringement – Infringement Under The Doctrine Of Equivalents
3.12  Limitations on the Doctrine of Equivalents – Prior Art
3.13  Limitations on the Doctrine of Equivalents – Prosecution History Estoppel
3.14  Limitations on the Doctrine of Equivalents – Subject Matter Dedicated to the Public
4.  Summary of Invalidity Defense
5.  Prior Art Defined
Anticipation
    6.0  Anticipation

6.1 Prior Public Knowledge
6.2 Prior Public Use
6.3 On Sale Bar
6.4 Experimental Use
6.5 Printed Publication
6.6 Prior Invention
6.7 Prior Patent
6.8 Prior U.S. Application
Obviousness
7.0 Obviousness
7.1 Scope and Content of the Prior Art
7.2 Differences Between the Claimed Invention and the Prior Art
7.3 Level of Ordinary Skill
7.4 Factors Indicating Nonobviousness
8. Enablement
9. Written Description Requirement
10. Best Mode
Unenforceability (Inequitable Conduct)
11.0 Inequitable Conduct - Generally
11.1 Materiality
11.2 Intent to Deceive or Mislead
11.3 Balancing of Materiality and Intent
Damages
12.0 Damages – Generally
12.1 Date Damages Begin
Alternate A [When the date of the notice of infringement is stipulated]
Alternate B [When the date of the notice of infringement is disputed]
Alternate C [When the date damages begin is the date the lawsuit was filed]
12.2 Two Types of Damages – Lost Profits and Reasonable Royalty
12.3 Lost Profits – "But-For" Test
12.4 Lost Profits – Panduit Factors
12.5 Lost Profits – Panduit Factors— Demand
12.6 Lost Profits – Panduit Factors— Acceptable Non-Infringing Substitutes
12.7 Lost Profits – Panduit Factors— Capacity
12.8 Lost Profits – Panduit Factors— Amount of Profit Incremental Income Approach
12.9 Lost Profits – Market Share
12.10 Lost Profits – Price Erosion
12.11 Lost Profits – Cost Escalation
12.12 Lost Profits – Collateral Sales
12.13 Lost Profits – Doubts Resolved Against Infringer
12.14 Reasonable Royalty – Generally
12.15 Reasonable Royalty – Definition
12.16 Reasonable Royalty – Relevant Factors
12.17 Reasonable Royalty – Timing
13. Willful Infringement
Acknowledgments

# Introduction

### 1. The 2007 Version

In the Winter of 2007, the Patent Litigation Committee of the American Intellectual Property Law Association undertook the task of updating the AIPLA Model Patent Jury Instructions ("Instructions") to take into account changes to the law since the previous version of the Instructions were published. The Instructions were originally created in 1997 and were updated previously in 2005. A Subcommittee was formed to review recent case law and make any necessary changes to the Instructions. These changes included not only revising the Instructions to take into account recent case law, but to also revise the Instructions to make them simpler and more easily understandable to jurors. The current revision includes case law through December 31, 2007.

One of the fundamental goals of the Instructions is to provide a model set of jury instructions that would not be biased in

The patent claims involved here are [claims in dispute], beginning at column ___, line ___ of the patent, which is exhibit ___ in evidence. The claims are intended to define, in words, the boundaries of the invention. Only the claims of the patent can be infringed. Neither the written description, nor the drawings of a patent can be infringed. Each of the claims must be considered individually. You must use the same claim meaning for both your decision on infringement and your decision on invalidity.

35 U.S.C. § 112; *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.,* 859 F.2d 878, 882 (Fed. Cir. 1988).

### 2.1  Claim Construction for the Case

It is my job as judge to provide to you the meaning of any claim language that must be interpreted. You must accept the meanings I give you and use them when you decide whether any claim of the patent has been infringed and whether any claim is invalid. I will now tell you the meanings of the following words and groups of words from the patent claims.

[READ STIPULATIONS AND COURT'S CLAIM CONSTRUCTIONS]

You should give the rest of the words in the claims their ordinary meaning in the context of the patent specification and prosecution history.

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc); *Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed. Cir. 1995) (en banc) *aff'd,* 517 U.S. 370 (1996)

### 2.2  Construction of Means-Plus-Function Claims for the Case

The following clause used in claim(s) _____ of the [abbreviated patent number] patent is in a special form called a [["means-plus-function"] ["step-plus-function"]] clause: "_____". This clause requires a special interpretation. Those words do not cover all [[means] [steps]] that perform the recited function of "_____", but cover <u>only</u> the [[structure] [step]] described in the patent specification and drawings that performs the function of "_____" or an equivalent of that [[structure] [step]]. The court has found that the [[structure] [step]] in the patent specification that performs that function is: "_____." You must use my interpretation of the means-plus-function [[element] [step]] in your deliberations regarding infringement and validity.

35 U.S.C. § 112; *Utah Med. Prods., Inc. v. Graphic Controls Corp.*, 350 F.3d 1376, 1381 (Fed. Cir. 2003); *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.,* 15 F.3d 1573, 1578 (Fed.

Cir. 1993); *Valmont Indus., Inc. v. Reinke Mfg. Co., Inc.,* 983 F.2d 1039, 1042 (Fed. Cir. 1993).

**Infringement**

### 3.0  Infringement – Generally

Questions _____ through _____ of the Verdict Form read as follows:  [READ TEXT OF INFRINGEMENT VERDICT QUESTIONS].

I will now instruct you as to the rules you must follow when deciding whether [the Plaintiff] has proven that [the Defendant] infringed any of the claims of the [abbreviated patent number] patent.

Patent law gives the owner of a valid patent the right to exclude others from importing, making, using, offering to sell, or selling [[the patented invention] [a product made by a patented method]] within the United States during the term of the patent.  Any person or business entity that has engaged in any of those acts without the patent owner's permission infringes the patent.  Here, [the Plaintiff] alleges that [the Defendant]'s [allegedly infringing product] infringes claim[s] [claims in dispute] of [the Plaintiff]'s [abbreviated patent number] patent.

You have heard evidence about both [the Plaintiff]'s commercial [[product] [method]] and [the Defendant]'s accused [[product] [method]].  However, in deciding the issue of infringement you may not compare [the Defendant]'s accused [[product] [method]] to [the Plaintiff]'s commercial [[product] [method]].  Rather, you must compare the [Defendant]'s accused [[product] [method]] to the claims of the [abbreviated patent number] patent when making your decision regarding infringement.

A patent may be infringed directly or indirectly.  Direct infringement results if the accused [[product][method]] is covered by at least one claim of the patent.  Indirect infringement results if the defendant induces another to infringe a patent or contributes to the infringement of a patent by another.

35 U.S.C. § 271; *Seal-Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999). *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed.Cir.1998) (en banc); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed.Cir.1995) (en banc), *aff'd,*517 U.S. 370 (1996).

### 3.1  Direct Infringement – Knowledge of Patent or Intent to Infringe is Immaterial

In this case, [the Plaintiff] asserts that [the Defendant] has directly infringed the patent.  [The Defendant] would be liable for directly infringing [the Plaintiff]'s patent if you find that [the Plaintiff] has proven that it is more likely than not that [the Defendant] has made, used, offered to sell, or sold the invention defined in at least one claim of [the Plaintiff]'s patent.