IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-CV-620 (REP) |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF ePLUS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION *IN LIMINE* NO. 1 TO EXCLUDE FROM TRIAL ANY EVIDENCE, EXPERT OPINION, OTHER TESTIMONY, OR ARGUMENT RELATING TO REEXAMINATION OF THE PATENTS-IN-SUIT**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

## I. INTRODUCTION

None of Defendant Lawson Software, Inc.'s ("Defendant" or "Lawson") arguments provide a basis for denial of Plaintiff ePlus, Inc.'s ("ePlus") first motion *in limine* to exclude evidence of parallel non-final reexamination proceedings.  Notably, notwithstanding filing its own motion asking that this Court be **bound** by the interim findings of the reexamination examiner (*see* Def's Motion *in Limine* No. 7), Defendant has yet to cite a single case holding that the interim decisions of an examiner made in parallel reexamination proceedings have ***any*** probative value in this litigation with respect to validity.  The following additional points also deserve special emphasis:

- Defendant's argument that the grant of a reexamination request has probative value because it is "final" (*i.e.,* not appealable) stands the law on its head.  The grant of a reexamination request is not generally appealable because it is ***not*** a final agency action.  For this reason, it lacks probative value with respect to validity.

- It was Defendant, not *e*Plus, that "injected" the '989 Patent as alleged prior art in this case in support of Defendant's affirmative defenses and counterclaims of invalidity.  Accordingly, the notion that the reexamination proceedings must be admitted as evidence in order to respond to an issue "injected" into the case by *e*Plus is utterly baseless.

- Defendant willfully ignores well-settled law holding that interim findings in reexamination proceedings and, in particular, a finding of a "substantial new question of patentability" (*i.e.,* the mere grant of a reexamination request), have ***no probative value*** with respect to validity issues.

- Defendant fails to address that, under the facts of this case, the existence of parallel reexamination proceedings has no probative value to willfulness either.  Indeed, Defendant's most recent reexamination request, ***filed on June 25, 2010,***[1] serves as further demonstration that the reexamination proceedings are nothing more than an effort by Defendant to manufacture so-called

---

[1] *See* Ex. 1, filed with *e*Plus's Appendix of Exhibits filed concurrently with its reply briefs in support of motions *in limine*.

- evidence in order that it may argue to the jury that the presumption of validity should not apply because the patents-in-suit are subject to reexamination. Moreover, the Federal Circuit's decision in *In re Seagate Tech., LLC,* 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*), did not address the admissibility of evidence of reexamination proceedings and is simply not on point.

- Defendant's response fails to seriously address the likelihood of substantial jury confusion and unfair prejudice to *e*Plus from admission of evidence of the reexamination proceedings. In fact, Defendant's stated purposes in introducing this evidence are stark proof that it intends to use the reexamination proceedings in a manner that will surely confuse the jury, to *e*Plus's prejudice.

*e*Plus therefore respectfully requests that the Court grant its first motion *in limine*.

## II. ARGUMENT

### A. Defendant's Arguments As To Allegedly "Final" PTO Decisions In The Reexamination Proceedings Are Incorrect And Intentionally Misleading

Defendant continues to argue adamantly that the findings in the reexamination proceedings constitute "final" decisions that ought to be followed by this Court.[2] At this point in the parties' briefing of this issue — with *e*Plus having cited substantial case authority holding that is not the case and Defendant having cited no contrary authority — for Defendant to continue to press this argument goes beyond the limits of legitimate advocacy. Defendant filed its own motion *in limine* asking that the Court rule it is **bound** by these interim decisions, without citing a single case anywhere in its 11-page brief in support. Defendant had a duty to bring adverse authority to the Court's attention, and it is inconceivable that Defendant was not aware of the controlling authority *e*Plus cited with this motion and, later, in its opposition to Defendant's seventh motion *in limine*.[3]

---

[2] The notion that any rejections of the '683 Patent claims are "final" will be news to the PTO's Board of Patent Appeals and Interferences, which has just scheduled an oral hearing on the examiner's findings in that reexamination proceeding. *See* Ex. 2.

[3] While Defendant may argue the case law is distinguishable — if possible — it may not simply ignore it under its ethical obligations to the Court.

Defendant relies on the fact that a preliminary determination to grant the reexamination request is not, itself, subject to appeal, citing MPEP, §2646(II). But this argument entirely misses the point. The reason this preliminary decision is not appealable is because the decision is ***not a final agency action***. MPEP § 2242(I) ("whether a 'substantial new question of patentability' exists … is final, i.e., not subject to appeal on the merits of the decision … a decision to grant a reexamination request ***is not a final agency decision and is not ordinarily subject to judicial review.***") (emphasis added); *see also* MPEP § 2646(II) (providing, with respect to *inter partes* reexamination, "These matters cannot be questioned with respect to vacating the order granting reexamination ***until a final agency decision*** on the reexamination proceeding has issued. Rather, these matters ***can be argued*** by the patent owner and ***appealed during the examination phase*** of the reexamination proceeding.") (emphasis added).

This Court made this principle clear in *Heinl v. Godici,* 143 F. Supp.2d 593, 597 (E.D. Va. 2001) (cited with approval in MPEP, Section 2646(II)), in which it held, "This principle, applied here, compels the conclusion that the PTO's decision to allow reexamination of patent is not 'final agency action' and therefore, is not subject to judicial review at this time. ***This is so because the decision by the patent examiner to grant the … Reexamination is an intermediate, indeed initial, step in the agency process to resolve the question of the validity of a patent.*** And, as noted, § 704 of the APA explicitly prohibits judicial review of such intermediate actions." 143 F. Supp.2d at 597 (emphasis added). This Court further commented that "***[t]he decision to grant reexamination of a patent only begins an administrative process*** and, as such, is ***analogous to the Federal Trade Commission's issuance of a complaint***, which the Supreme Court in *Standard Oil* stated was not final agency action subject to judicial review, but ***merely a***

3

"*determination that adjudicatory proceedings will commence*." *Id.* at 597, n.9 (emphasis added) (citation omitted).

Defendant turns this proposition on its head to argue that the PTO's decision (characterized by this Court as akin to the issuance of a complaint) should be given binding and preclusive effect as if it were a final decision on the merits pertaining to validity. Clearly, it is not.

As set forth in ePlus's motion, the standard for "a substantial new question of patentability" is treated by the PTO as little more than a showing that the reexamination requester has met the procedural requirements for grant of a reexamination; thus, unsurprisingly, the PTO finds that this standard is typically met in more than 90% of reexamination requests. Dkt. 247 at 8. This initial determination is not of legal significance to the validity of the patents, and is not a predictor that any asserted claims will be cancelled or amended. *Id.*

Accordingly, the grant of a reexamination request, *i.e.,* the "finding that there is a substantial new question of patentability," has no probative value.

### B. It Was Defendant, Not *e*Plus, That Made The '989 Patent An Issue In This Case

Notwithstanding filing its own motion asking that the Court be bound by the interim, non-final decisions of the reexamination examiner, Defendant has not cited a single case holding that these findings have any probative value in district court litigation with respect to validity. Instead, Defendant argues that any such interim decisions that pertain to the alleged prior art '989 Patent are fair game because *e*Plus supposedly injected into this case the issue whether the '989 Patent was considered as prior art during the original examination of the patents-in-suit.

Of course, Defendant's argument is nonsensical. It is Defendant, not *e*Plus, that has asserted a contention of invalidity in this case. It is Defendant, not *e*Plus, that contends the '989

4

Patent is prior art. By statute, the patents are all presumed valid, 35 U.S.C. § 282, and Defendant bears the burden of proving otherwise by clear and convincing evidence. The presumption of validity remains unaltered throughout the entire reexamination process. *Kaufman Co., Inc. v. Lantech, Inc.*, 807 F.2d 970, 974 (Fed. Cir. 1986). It is in the context of Defendant's affirmative defense and counterclaims of invalidity that the issue of the '989 Patent has arisen; specifically, **Defendant** has alleged that the '989 Patent is invalidating prior art that was not considered during original examination of the patents-in-suit.

### C. Defendant's Arguments With Respect To The '989 Patent Provide No Basis For Admission Of Evidence Of The Reexamination Proceedings

Defendant contends that this Court should admit evidence of a reexamination examiner's initial finding that the '989 Patent is prior art that was not considered during the original examination of the patents-in-suit. As *e*Plus set forth in opposition to Defendant's seventh motion *in limine,* Defendant apparently intends to argue based on what the reexamination examiner has assumed or found when making preliminary rulings in the reexamination proceedings, rather than argue the actual facts from the original examination, or what the law actually says about whether the '989 Patent qualifies as prior art.

There is no reason whatsoever why this Court should allow Defendant to try this case and confuse the jury based on this "one step removed" logic, or to allow this trial to be about what are now ***four*** satellite proceedings that are ongoing before the PTO (three of which were initiated by Defendant since the filing of this action). To the contrary, the Federal Circuit has consistently held that such interim rulings lack probative value in district court litigation. *See Procter & Gamble Co. v. Kraft Foods Global, Inc.,* 549 F.3d 842, 848 (Fed. Cir. 2008) ("a requestor's burden to show that a reexamination order should issue from the PTO is ***unrelated to a defendant's burden to prove invalidity by clear and convincing evidence at trial***.") (emphasis

5

added); *Hoechst Celanese Corp. v. BP Chems. Ltd.,* 78 F.3d 1575, 1584 (Fed. Cir. 1996) ("We take notice that ***the grant by the examiner of a request for reexamination is not probative of unpatentability***.") (footnote omitted) (emphasis added);[4] *Greenwood v. Hattori Seiko Co., Ltd.,* 900 F.2d 238, 240-41 (Fed. Cir. 1990) (holding that district court erred by relying on actions in reexamination proceeding to resolve validity in district court action and stating "The district court has misperceived the purpose and effect of reexamination, and has treated the reexamination as if it were part of [plaintiff's] suit against [defendant]….Because the court's misperceptions caused it to disregard the presumption that all patents are valid, its judgment must be vacated.") (citations omitted); *see also Callaway Golf Co. v. Acushnet Co.,* 576 F.3d 1331, 1343 (Fed. Cir. 2009) (affirming district court's exclusion of evidence of reexamination proceedings).

What the reexamination examiner assumes — as reflected in preliminary, non-final actions that will be but have not yet been, subject to appellate review if not reversed by the examiner himself — with respect to what the original examiner considered to be prior art, is not relevant. The reexamination examiner is not testifying. He is not a percipient witness with respect to what the original examiner thought or did. Neither the facts nor the law with respect to whether the '989 Patent qualifies as prior art, or whether it was considered during original examination, are changed by what the reexamination examiner has assumed when making his

---

[4] While Defendant contends that the *Hoechst* decision predates *Seagate*, other authorities cited with *e*Plus's motion, including the Federal Circuit's *Procter & Gamble* decision, do not. *See, e.g., Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,* 597 F. Supp. 2d 897, 907 (N.D. Iowa 2009) (citing *Hoechst* and stating, "[t]his court agrees with its brethren that evidence of incomplete reexamination proceedings is not admissible to prove invalidity of a patent, because it has no probative value on that issue ….", and citing cases); *see also i4i Ltd. Partnership v. Microsoft Corp.,* 670 F. Supp.2d 568, 583 (E.D. Tex. 2009) ("[t]he simple fact that a reexamination decision has been made by the PTO is not evidence probative of any element regarding any claim of invalidity.").

6

preliminary findings.  The reexamination examiner cannot go back in time and change the facts as to what transpired during the original examination of the patents-in-suit.[5]

### D. The Federal Circuit's Decision In *Seagate* Had Nothing To Do With Admitting Evidence Of Parallel, Non-Final Reexamination Proceedings

With respect to admitting evidence of the reexamination proceedings for the purpose of rebutting willfulness, Defendant does not even address the points raised in *e*Plus's motion that under the facts of this case the reexamination proceedings provide no rebuttal to willfulness. Until ***one week after ePlus filed its motion,*** there were no reexamination proceedings with respect to claims 1 through 25 of the '683 Patent, including claims 3 and 6 which are asserted in this case.  Accordingly, the reexamination proceedings could not have disposed of the infringement allegations against Defendant.

Defendant's last-minute request for reexamination of asserted claims 3 and 6 relies on the same alleged prior art that Defendant has relied upon throughout this proceeding.  The circumstances make it apparent that Defendant's latest request was intended solely to manufacture so-called "evidence" for this case in order that it may tell the jury that all asserted claims are subject to PTO reexamination proceedings, and perhaps to influence the Court's consideration of this motion.  The timing of Defendant's request permits no other conclusion. Certainly, it had all the information necessary to make its request long before now.  That Defendant has only now requested reexamination of those claims demonstrates that the proceedings are nothing more than an artifice to provide cover for Defendant's continued infringement.[6]

---

[5] *e*Plus's position with respect to the status of the '989 Patent as prior art is set forth in further detail in its opposition to Defendant's motion in limine No. 7, Dkt. No. 298.

[6] It is also very likely that the trial of this matter will be over before the PTO ever even determines whether that reexamination will go forward.

Defendant's reliance on *Seagate* is also misplaced. *Seagate* had nothing to do with reexamination proceedings, indeed, there is nothing in the opinion in that case to suggest that the patents-in-suit were even in reexamination or, if so, that this was relevant to any issue in the case. *In re Seagate Tech., LLC,* 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*). The Court's opinion says nothing about the probative value of reexamination proceedings in rebuttal to a willfulness charge. The case presented the issue of the scope of "waiver of the attorney-client privilege and work product protection when an accused infringer asserts an advice of counsel defense to a charge of willful infringement." *Id.* at 1365; *see also id.* at 1367 (listing questions for *en banc* review). In particular, the passage relied upon by Defendant, Def's Br. at 6 (citing *Seagate,* 497 F.3d at 1374), says nothing about reexamination proceedings or the probative value of a PTO grant of a reexamination request. To the contrary, subsequent to the *Seagate* decision, the Federal Circuit confirmed that "***a requestor's burden to show that a reexamination order should issue from the PTO is unrelated to a defendant's burden prove invalidity by clear and convincing evidence at trial***." *Procter & Gamble,* 549 F.3d at 848 (emphasis added). Accordingly, that the PTO has granted a reexamination request provides no basis for Defendant to assume it may continue its infringement.

Further, if Defendant believes it possesses an invalidity defense sufficient to defeat a charge of willfulness, it can raise that evidence of the allegedly invalidating prior art in this case (subject to expert disclosure and scheduling order requirements) without any need whatsoever to refer to the reexamination proceedings. What Defendant seeks, however, is to use not the actual evidence of the prior art, but to use the preliminary examiner determinations from the reexaminations — which, as previously discussed, have no probative value — simply to prejudice *e*Plus before the jury.

8

In the absence of any contrary authority on point, Defendant looks far afield and cites to a case involving a "sham litigation" theory of antitrust liability, which is wholly inapposite. Def's Br. at 8 (citing *Bio-Tech. Gen. Corp. v. Genentech, Inc.,* 267 F.3d 1325 (Fed. Cir. 2001)). The theory of "sham litigation" that the district court was asked to adjudicate was based, in part, on an International Trade Commission action that the patentee had initiated. *Id.* at 1332 ("[the accused infringer's] argument was that [the patentee's] … action seeking exclusion by the International Trade Commission [was] 'sham litigation' …."). Accordingly, because the pursuit of the ITC action formed part of the basis for the antitrust claim, it was not surprising that the district court considered, when ruling on the antitrust claim, the ITC Administrative Law Judge's denial of six motions for summary judgment brought by an accused infringer and its determination of infringement of two patents. *Id.* at 1332-33.

Defendant also cites three unpublished district court cases, none of which are compelling when evaluated against the substantial authority cited by *e*Plus with its motion. The *Lucent Technologies* case conflicts with the case law that overwhelmingly holds that there is no probative value to interim, non-final decisions, and, notably, does not cite any supporting law other than *Seagate* which, as noted above, had nothing to do with reexamination proceedings. *Lucent Tech., Inc. v. Gateway, Inc.,* 2007 WL 6955272, ** 6-7 (S.D. Cal. Oct. 30, 2007). Moreover, *Lucent Technologies* was a summary judgment decision and therefore did not raise the issues of jury confusion and unfair prejudice that are at issue with this motion.

In the *Plumley* case, there is no indication that the patentee argued that the reexamination findings lacked probative value and again, because the issue was summary judgment, no issues of jury confusion and unfair prejudice would have been present. *Plumley v. Mockett,* 2010 U.S. DIST LEXIS 57254, **44-46 (C.D. Cal. May 26, 2010). In addition, although the detailed

9

procedural history of the PTO proceedings was not spelled out in the court's opinion, it appears that the Court's decision was not made until *after* the conclusion of a prolonged history of at least four reexamination proceedings and additional patent interference proceedings. *Id.* at *3.

In *Safoco,* the district court granted an accused infringer's motion for summary judgment of non-willfulness based on the strength of its litigation defenses but, notably, rejected its argument that the mere fact the patents had been reexamined foreclosed the issue of willfulness. *Safoco, Inc. v. Cameron Int'l Corp.,* 2009 WL 2424108, *21 (S.D. Tex. July 31, 2009). Thus, none of these cases involved submission of prejudicial, non-final findings from reexamination proceedings to lay jurors.[7] That court actually criticized the *Lucent* court's reliance on *Seagate,* stating that the Federal Circuit in *Seagate* was not discussing the effect of reexamination proceedings. *Id.* at *20 (citing *Procter & Gamble Co. v. Kraft Foods Global, Inc.,* 549 F.3d 842, 848 (Fed. Cir. 2008)).

### E. Defendant Wholly Fails To Address The Substantial Danger Of Jury Confusion And Unfair Prejudice

Defendant makes no serious attempt to address the likelihood of jury confusion and unfair prejudice to *e*Plus and, indeed, does not address *Callaway* or any of the other cases cited by *e*Plus excluding evidence of reexamination proceedings for these reasons, even when issues of willfulness were present. *Callaway Golf,* 576 F.3d at 1343 ("non-final re-examination determinations [are] of little relevance to the jury's independent deliberations on the factual

---

[7] The *Safoco* decision is instructive for another reason. In that case, a reexamination examiner had rejected two claims of one patent and all claims of another in light of prior art. *Id.* at *2. The BPAI, however, reversed all of the examiner's rejections. *Id.* The court also noted another district court case in which the same events had transpired in PTO reexamination proceedings. *Id.* at *18 (citing *Ultratech Int'l, Inc. v. Swimways Corp.,* No. 3:05-cv-134-J-25MCR, slip. Op. at 1 (M.D. Fla. March 3, 2009) ("**The USPTO initially rejected all claims, but ultimately issued a reexamination certificate finding all claims to be patentable**.")) (emphasis added).

issues underlying the question of obviousness. In contrast, the risk of jury confusion if evidence of the non-final PTO proceedings [is] introduced [is] high."); Dkt. No. 246 at 14-16.

Moreover, Defendant's own arguments serve as evidence that it ***intends*** to mislead and confuse the jury into believing the PTO has made some sort of final decision as to the validity of the asserted claims. Defendant repeatedly argues that the findings of a "substantial new question of patentability" are "final," even though it is firmly established that they have no probative value whatsoever, and they are "final" only in the sense that they are not appealable because they are ***not*** final agency actions. Instructing the jury as to the presumption of validity is not sufficient to cure the prejudice from evidence that is intentionally designed to persuade the jury to disregard that very instruction. Moreover, there is no cure from the prejudice that will arise from a jury that is hopelessly confused about understanding the import of reexamination proceedings which, as previously noted, have no probative value with respect to validity, and are governed by different rules and standards.

### F. It Is Defendant, Not *e*Plus, That Seeks "To Have It Both Ways"

Defendant argues that *e*Plus is trying "to have it both ways" by invoking the benefits of the PTO's grant of the patents-in-suit while ignoring the ongoing PTO proceedings. Of course, it bears reminding that it was Defendant that initiated the reexamination proceedings as a means to create parallel quasi-litigation proceedings, surely knowing when it did so that these parallel proceedings would not be anywhere near final by the time this case goes to trial. Because the PTO grants roughly 90% of all reexamination requests, Defendant's tactic was undoubtedly designed to create a situation where Defendant could seize on the mere grant of its reexamination requests in order to tout this as evidence of invalidity. In this manner, Defendant could also argue invalidity before the PTO based on the very same prior art under the "broadest reasonable

11

claim construction" standard, while simultaneously arguing non-infringement in this Court under what would likely be a narrower claim construction.

Further, Defendant's complaint about *e*Plus "having it both ways" is not the product of *e*Plus's position, but simply a reflection of well-settled law. Federal patent law provides that all of the asserted claims carry a presumption of validity which is not affected by ongoing non-final reexamination proceedings. The law further provides that the grant of a reexamination request, *i.e.*, the finding of a "substantial new question of patentability," is of no probative value to the question of validity. *e*Plus's position is nothing more than a recognition of these well-settled principles. Indeed, Defendant's argument is the same argument that was rejected in *Callaway,* in which the accused infringer argued it should have been permitted to "counter" the patentee's validity argument. 576 F.3d at 1342-43.

### III. CONCLUSION

*e*Plus therefore respectfully requests that the Court exclude any evidence, expert opinion, other testimony, or argument with respect to the PTO reexaminations of the patents-in-suit.

Respectfully submitted,

July 12, 2010

/s/
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

12

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION *IN LIMINE* NO. 1 TO EXCLUDE FROM TRIAL ANY EVIDENCE, TESTIMONY, OR ARGUMENT RELATING TO REEXAMINATION OF THE PATENTS-IN-SUIT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com