IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS, INC.'S REPLY IN FURTHER SUPPORT OF
MOTION *IN LIMINE* NO. 3:
TO EXCLUDE UNDISCLOSED AND UNTIMELY OPINIONS OF COUNSEL,
INCLUDING ANY "OPINION" OF MICHAEL I. SHAMOS, PH.D., J.D.
REGARDING DEFENDANT'S WILLFULNESS OR INTENT**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

I.     **INTRODUCTION**

Plaintiff *e*Plus Inc. ("*e*Plus") respectfully submits this reply in further support of its Motion *in Limine* No. 3 to Exclude Undisclosed and Untimely Opinions of Counsel, Including Any "Opinion" of Michael I. Shamos, Ph.D., J.D. Regarding Defendant's Willfulness or Intent. *e*Plus seeks to prevent Defendant Lawson Software, Inc. ("Defendant") from using either its technical expert, Dr. Michael I. Shamos, or its patent law expert, Mr. Ernest Lipscomb, as "Trojan Horse" experts intended to smuggle *legal opinions* into the case on willful and indirect infringement "in the dark of night," even though Defendant has specifically admitted that it received *another* opinion of counsel for which it will neither waive privilege nor disclose.

The pertinent facts are simple:

- Defendant obtained a "traditional" opinion of counsel relating to the patents-in-suit immediately after this litigation was filed, but waited ***until 11 days before the close of fact discovery*** to tell *e*Plus about it, even though *e*Plus sought that opinion in discovery some ten months earlier;
- Defendant indicated in a sworn response to an interrogatory that it was not going to rely on an opinion of counsel at trial to defend itself and was not going to waive privilege as to the subject matter of that opinion;
- In his post-fact discovery non-infringement report, Defendant's proffered technical expert, Dr. Shamos — ***who coincidentally also happens to be a patent lawyer*** — opined that Defendant has neither willfully nor intentionally infringed the patents-in-suit;
- Defendant admits, however, that Dr. Shamos is not being proffered to give expert opinions in this matter based on his legal expertise as a patent attorney, and that the only reason Dr. Shamos included these opinions in his technical expert report was because Defendant's attorneys asked him to;
- In his post-fact discovery expert report, Defendant's proffered expert on patent law, Mr. Lipscomb, gave a "me too" opinion that Defendant has neither willfully nor intentionally infringed the patents-in-suit; and
- By his own admission, Mr. Lipscomb explicitly bases his opinion on the substance of the *undisclosed* opinion of counsel Lawson obtained, but which he never even actually read.

Thus, even though Defendant expressly indicated, just as fact discovery was closing, that it was not relying on an opinion of counsel to defend against *e*Plus's allegations, this is precisely what it intends to do with Dr. Shamos's and Mr. Lipscomb's so-called "legal opinions."

Defendant should not be permitted to argue to the jury at trial that it neither willfully nor indirectly infringed the patents-in-suit because Dr. Shamos and Mr. Lipscomb (who are both patent lawyers) gave opinions — after the close of fact discovery — to that effect.

First, because Defendant did not disclose during discovery its opinion of counsel that it received, it should not now be permitted to rely on *other* opinions of counsel at trial. Indeed, contrary to Defendant's protestations, it has *specifically relied on* its prior, undisclosed opinion of counsel.

Second, because Dr. Shamos is only being proffered as Defendant's *technical* expert, he is unqualified to provide any legal opinions. Indeed, he concedes as much in his report.

For these reasons, Dr. Shamos's and Mr. Lipscomb's opinions concerning willful and indirect infringement should be excluded. It is simply a question of fundamental fairness.

## II.   ARGUMENT

### A.   Defendant Elected Not to Disclose Its Previous Opinion of Counsel, and May Not Now Rely on *Other* Opinions of Counsel at Trial

Defendant explains that it intends to rely on Dr. Shamos's and Mr. Lipscomb's "legal opinions" to rebut *e*Plus's claims of willful and indirect infringement at trial. First, under the principles of selective disclosure and fairness, Defendant may not rely on legal opinions *at trial* while withholding, on the basis of privilege, a legal opinion it received earlier. Indeed, Mr. Lipscomb specifically relies on — ***as a basis for his legal opinion on willfulness*** — the substance of Defendant's undisclosed opinion of counsel. How is *e*Plus even able to test the bases of such an undisclosed opinion?

On July 24, 2009, *e*Plus propounded an interrogatory on Defendant asking whether Lawson had obtained "any advice of counsel [] relating to the patents in suit." Dkt. No. 282,[1] Ex. I (*e*Plus's First Set of Interrogatories to Defendant Lawson Software, Inc.) at 13. Defendant provided no substantive response until 11 days before the fact discovery period closed:

> Subject to and without waiving its objections, Lawson responds that ***it sought advice of counsel independent of its litigation counsel*** and acted responsibly. ***Lawson has elected not to waive attorney-client privilege*** with respect to reliance on this advice of counsel….

Dkt No. 282, Ex. J (Defendant Lawson Software, Inc.'s Second Supplemental Response to Interrogatory Nos. 1-6, 9, 12) at 16 (emphasis added). However, in his deposition,[2] Mr. Lipscomb admitted that he was specifically relying on the substance of this undisclosed opinion as a basis for his opinion that Defendant has not willfully infringed the patents-in-suit:

> Q. And are you specifically opining in this instan- -- in this case that ***Lawson's opinion of counsel was one of the factors you were relying upon in reaching your conclusion that Lawson was not objectively reckless*** in continuing to prac- -- continuing to use the products accused of infringement?
>
> A. ***Yes***.
>
> \* \* \*
>
> Q. And what did the opinion of counsel say?
>
> \*\*\*
>
> A. I have no idea. Never read the opinion.
>
> \* \* \*
>
> Q. Now, how is it that an opinion of counsel about which you have no knowledge at all can be, in your opinion, one of the bases for a finding that Lawson was not objectively reckless here?

---

[1] Dkt. No. 282 is the Appendix of Exhibits A-EE filed concurrently with *e*Plus's Motions in Limine on June 18, 2010.

[2] Mr. Lipscomb's deposition was taken on the same day that *e*Plus's motions *in limine* were filed, June 18, 2010.

> A. An opinion of counsel, presumptively it's the opinion of counsel is that it's either invalid or no infringement, presumptively, and that being the case, it would certainly be a factor.
>
> Q. Well, you say presumptively the opinion of counsel is either invalid or no infringement, but you don't know – you don't know that, right?
>
> A. ***I've been doing this for almost 45 years and I've never seen an opinion of counsel that says, guys, we're infringing and the patent's valid, so we better stop.***

Ex. 5 (Lipscomb Dep. Tr.) at 47:22-48:7, 48:14-17, 49:18-50:10 (emphasis added).[3]

It is the rule that a party may not withhold information in discovery that it later wishes to rely on at trial. *See* Fed. R. Civ. P. 37(c)(1) (noting that a party who has not disclosed what was required under Rule 26(a) "shall not be permitted" to use any undisclosed evidence at trial without "substantial justification."); *see also Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003) (affirming district court's exclusion of expert opinion for failure to comply with disclosure requirements of Rule 26(a)). Moreover, it is also black-letter law that Defendant is required to waive privilege and disclose its opinion of counsel if it intends to rely on opinions of counsel as a defense at trial. *See In re Echostar Commc'ns Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006); *see also U.S. v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) ("selective disclosure for tactical purposes waives the privilege."). Defendant does not dispute these points and only argues that privilege waiver does not matter and they should be allowed to rely on Dr. Shamos's and Mr. Lipscomb's legal opinions at trial anyway. Def.'s Br. at 1, 2, 5-9.

Because Dr. Shamos and Mr. Lipscomb are both ***lawyers***, their opinions to the jury on Defendant's willful and intentional infringement would be nothing more than the ***opinions of***

---

[3] Unless noted otherwise, numbered exhibits are contained in the Appendix of Exhibits filed concurrently with *e*Plus's Reply Briefs in Further Support of its Motions in Limine.

4

*counsel*. Thus, Defendant intends to affirmatively rely on post-fact discovery "opinions of counsel" even though it has not disclosed the other opinion of counsel it received. In view of the principles of fairness, embodied by both the prohibition against selective disclosure and the interplay of Rules 26 and 37, this is impermissible.

Not only should the Court preclude Defendant from eliciting these opinions because Dr. Shamos and Mr. Lipscomb would be providing legal opinions in the face of Defendant's selective withholding of *other relevant legal opinions*, it should also exclude Mr. Lipscomb's testimony because he **affirmatively relied on Defendant's undisclosed opinion of counsel**. Indeed, an opinion he never even read. This independently warrants exclusion of Mr. Lipscomb's opinion because of Defendant's decision to stand on the privilege and failure to produce its opinion of counsel during fact discovery. *See Southern States,* 318 F.2d at 592; *see also Echostar*, 448 F.3d at 1299; *see also Jones*, 696 F.2d at 1072.

  B. **Dr. Shamos is Unqualified to Present Any Opinion Based on His Legal Expertise**

Notwithstanding the fact that Defendant now attempts to both rely on some "opinions" of counsel at trial while hiding behind the privilege for other opinions, Dr. Shamos is unqualified to opine on the issues of willful and intentional infringement in this proceeding. Dr. Shamos has only been proffered to give expert opinion testimony based on his ***technical*** expertise, and not his ***legal*** expertise.[4] It follows, then, that neither of these opinions are based on Dr. Shamos's purported knowledge, skill, and experience in *electronic procurement systems*. For this additional reason, Dr. Shamos's opinions concerning willful and indirect infringement should be excluded under Fed. R. Evid. 702, 402 and 403.

---

[4] Indeed, these opinions are not the only legal opinions Dr. Shamos offers. *e*Plus's Motion *in Limine* number 5 chronicles the veritable plethora of additional opinions on purely legal issues that Dr. Shamos intends to usurp from this Court's role and instruct the jury.

Defendant admits in its Opposition that Dr. Shamos is its proffered *technical* expert. Def.'s Br. at 1.  He also, coincidentally, ***just happens to be a patent lawyer***.  Dkt. No. 282, Ex. B (Report of Expert Michael I. Shamos, Ph.D., J.D. Concerning Invalidity) at ¶ 4 (noting that Dr. Shamos is "an attorney admitted to practice in Pennsylvania and ha[s] been admitted to the Bar of the [PTO] since 1981.").  Dr. Shamos unequivocally acknowledged in his report and at his deposition that he has "not been asked to offer any opinions on patent law in this action."  Dkt. No. 282, Ex. B (Shamos Rpt.) at ¶ 4; *see* Dkt. No. 282, Ex. D (Shamos Dep. Tr.) at 54:15-55:1, 55:5-55:11, 133:6-8.  However, Defendant specifically intends to have Dr. Shamos testify to his legal opinions at trial.  *See, e.g.,* Def.'s Br. at 5 (noting that it would elicit from Dr. Shamos his opinion that it "had an objectively-reasonable belief that it was not infringing a valid patent.").  This opinion is not based on any purported technical expertise he has in the patented technology — it is based ***only*** on his training ***as a lawyer***.

Fed. R. Evid. 702 requires that an expert be qualified to give the opinions he proffers and Dr. Shamos has not been offered to give testimony based on his purported knowledge, skill, and experience as a lawyer.  Dr. Shamos tries to wear two hats (technical and legal) when he is only offered to wear one (technical).  For example, he opines "that Lawson had an objectively-reasonable basis to believe that it does not infringe any valid claim of the Patents, even after it became aware of the patents, and thus under an objective standard it did not proceed in the face of a high risk of infringement."  Dkt. No. 282, Ex. K (Rebuttal Rpt. of Michael I. Shamos, Ph.D., J.D. Concerning Non-Infringement) at ¶ 12; *see also id.* at ¶¶ 11, 19, 263.  This opinion is based solely on his knowledge of the legal standard for willful infringement and his legal understanding of what it means to "proceed in the face of a high risk of infringement."  Dr. Shamos's purported experience in electronic procurement technology bears not on whether

6

Defendant acted in an objectively reckless manner or had the requisite intent to willfully infringe. Dr. Shamos's other legal opinions are similarly flawed. Because Dr. Shamos is being offered to testify based on his *technical* expertise and not his *legal* expertise, he is *per se* unqualified to give these opinions.

### III. CONCLUSION

For at least the foregoing reasons, and the reasons presented in its Memorandum in Support of its Motion *in Limine* No. 3, *e*Plus respectfully requests that its motion be granted, and that Dr. Shamos and Mr. Lipscomb be precluded from testifying as to their legal opinions on willful and indirect infringement. Defendant elected not to waive privilege and disclose an opinion of counsel it received, yet now attempts to elicit opinions of counsel from two different patent lawyers, one who is unqualified to give such legal opinions here and the other who actually relied on the substance of the previously undisclosed legal opinion.

Respectfully submitted,

July 12, 2010

/s/
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

*Attorneys for Plaintiff, ePlus Inc*.

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of July, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S REPLY IN FURTHER SUPPORT OF
MOTION *IN LIMINE* NO. 3:
TO EXCLUDE UNDISCLOSED AND UNTIMELY OPINIONS OF COUNSEL,
INCLUDING ANY "OPINION" OF MICHAEL I. SHAMOS, PH.D., J.D.
REGARDING DEFENDANT'S WILLFULNESS OR INTENT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com