IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF ePLUS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION *IN LIMINE* NO. 5: TO EXCLUDE THE LEGAL OPINIONS OF DEFENDANT'S EXPERT WITNESS MICHAEL SHAMOS, J.D., PH.D., AND PRECLUDE DR. SHAMOS FROM INSTRUCTING THE COURT AND JURY ABOUT THE LAW**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

## I. INTRODUCTION

Defendant Lawson Software, Inc. ("Defendant" or "Lawson") appears to concede that its patent attorney/expert witness, Michael I. Shamos, Ph.D., J.D., should not be permitted to offer legal opinions, but argues that Dr. Shamos does nothing more than state the legal principles that provide the context for his opinions. In so arguing, however, Defendant largely glosses over the actual statements made by Dr. Shamos in his expert reports, and fails to address the specific points that *e*Plus has raised in its motion. Although it may be difficult at times to draw the line between when an expert is offering impermissible legal opinions and when the expert is merely stating his understanding of the legal context for his opinions, in this case Dr. Shamos has crossed that line and ventured into the impermissible zone of stating argumentative and sometimes incorrect opinions of law.

It is well-settled that it is the province of this Court to instruct the jury as to the applicable law. *e*Plus therefore asks that the Court exclude Dr. Shamos' legal opinions from the trial of this case.

## II. ARGUMENT

### A. Defendant Appears To Concede That It Is For This Court, Not Defendant's Expert Witness, To Instruct The Jury About The Law Governing This Case

Defendant does not take issue with any of the case law cited by *e*Plus, or cite any contrary case law, regarding the well-settled proposition that "expert" legal testimony is irrelevant and should be excluded. It is the province of this Court, not Defendant's expert witness, to instruct "the jury [on] the meaning and applicability of the appropriate law, leaving to the jury the task of determining the facts which may or may not bring the challenged conduct within the scope of the court's instruction as to the law." *Adalman v. Baker, Watts & Co.,* 807

F.2d 359, 366 (4th Cir. 1986), *disapproved on other grounds in Pinter v. Dahl,* 486 U.S. 622 (1988).

Instead, Defendant contends that patent lawyer Dr. Shamos does nothing more than *e*Plus's own experts in stating well-settled legal principles that serve only to provide the context for his opinions. In so arguing, however, Defendant relies primarily on statements of Dr. Shamos that *e*Plus did **not** complain of with its motion *in limine* and glosses over the legal opinions that *e*Plus's motion actually addresses. *See, e.g.,* Def's Br. at 2 (addressing Paragraph 16.a of Shamos Invalidity Report); *see also id.* at 4-6 (arguing that Shamos opinions are consistent with general statements of legal principles in *e*Plus expert reports). To be clear, Dr. Shamos' expert reports did contain sections entitled "Legal Principles," but these were **not** the sections that *e*Plus identified with this motion as stating impermissible legal opinions. *e*Plus specifically identified other opinions of Dr. Shamos that crossed the line into making argumentative and occasionally incorrect opinions of law. *e*Plus's expert witnesses did not, for example, purport to lecture the jury or the Court about what Federal Circuit decisions hold with respect to joint infringement, or the type of evidence the jury may or may not consider when evaluating infringement.

### B. Dr. Shamos Should Not Be Permitted To State Incorrect Legal Opinions As To The Law Of Joint Infringement

*e*Plus did not, as Defendant contends, misquote Dr. Shamos' recitation of the law with respect to joint infringement, *see* Def's Br. at 6, and notably Defendant does not quote the aspect of Dr. Shamos' report that *e*Plus supposedly "misquoted." In order that there is no misunderstanding, the applicable portion of Dr. Shamos' opinion is quoted here in its entirety:

> [E]ven if a vendor website may provide a catalog of items selected by the vendor, it is not provided by, maintained by, or controlled by Lawson. Such control is a requirement for infringement, as infringement cannot be proven if no single entity meets all the limitations of the claims. It is not enough for infringement to show

2

> that Lawson sells a system that includes some claimed elements, *while an independent entity provides access to other claim elements.* Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1329 (Fed. Cir. 2008).

Dkt. No. 282, Ex. F (Shamos Non-infringement Report) at ¶ 211 (case citation included in Dr. Shamos' report) (emphasis added).

> I understand that the Federal Circuit has held that *providing such instructions and assistance is not sufficient to prove direct infringement in the absence of control of the party that provides the missing claim element*. Muniauction, Inc. v. Thompson, 532 F.3d 1318 (Fed. Cir. 2008). Lawson does not control what item data its customers choose to upload to Item Master and does not provide the actual data. Thus, Lawson's guidance to customers does not establish direct infringement.

*Id.* (Shamos Non-infringement Report) at ¶ 191 (emphasis added).

Defendant does not address the contention that it is an impermissible legal opinion for Dr. Shamos to lecture about what *Muniauction* or other Federal Circuit law requires by way of proof of joint infringement, or how much "control" is necessary. Neither does Defendant address the fact that Dr. Shamos has no specialized knowledge or experience to assist the trier of fact in determining whether Defendant "controls" third parties that are engaged in acts of joint infringement with Defendant. Fed. R. Ev. 702.

Defendant's sole argument is that Dr. Shamos' opinion does not misstate the court's opinion in *Muniauction*, but, here, Defendant glosses over a key and undoubtedly intentional implication of Dr. Shamos' opinion. It is plain that the above-quoted opinions and, in particular, Dr. Shamos' reference to an "independent entity" (*i.e.,* Defendant's customer), were meant to convey that an entity with no relationship to Defendant could not be deemed subject to Defendant's "control" for purposes of joint infringement. Dkt. No. 282, Ex. F (Shamos Non-infringement Report) at ¶ 211. Defendant, however, now appears to concede *e*Plus's point that a corporate relationship is ***not*** necessary to establish "control" for the purpose of joint

3

infringement,[1] as Defendant now states, "Dr. Shamos never states that the level of control necessary for joint infringement requires a corporate relationship." Def's Br. at 6. While Dr. Shamos may not have stated this proposition in precisely those words, that is certainly the implication of his above-quoted opinions.

Accordingly, Dr. Shamos' opinion is an incomplete and misleading statement of the law. Moreover, because Defendant does not address the key arguments in *e*Plus's motion, the Court should exclude these incorrect and incomplete legal opinions of Dr. Shamos.

### C. Dr. Shamos Should Not Be Permitted To State Legal Opinions About Alleged "Double-Dipping"

Dr. Shamos renders an argumentative opinion that "*e*Plus is not entitled to double-dip and claim infringement as a result of customers accessing such authorized systems by punching out of Lawson's system." Dkt. No. 282, Ex. F (Shamos Non-infringement Report) at ¶ 212. Defendant's brief cites to decisions pertaining to damages issues and precluding double recovery, but it does not address the argument raised in *e*Plus's motion, which is that this legal opinion is not a matter for which Dr. Shamos — a purported "technical" expert — has any specialized expertise or knowledge that would assist the trier of fact. Neither does Defendant respond to *e*Plus's argument that "Whether [a] license extends to the accused acts of infringement, and how the law impacts on the application of that license, are not matters for Dr. Shamos' expert opinions." (citing *Piankatank River Golf Club, Inc. v. Selective Way Ins. Co.*, 2009 WL 1321512, at *4 (E.D. Va. May 11, 2009) (excluding testimony of expert witness that purported to interpret challenged provisions of insurance policy)). Dkt. No. 260 at 8. Neither does Defendant respond to *e*Plus's argument that Dr. Shamos' opinion "is tantamount to an

---

[1] *See Muniauction,* 532 F.3d at 1329-30 ("this court in *BMC Resources* explicitly affirmed a reading of *On Demand* as 'not in any way rely[ing] on the relationship between the parties.'").

4

expression of his view as to what evidence the Court may consider with respect to infringement." *Id.* at 8, n. 5.

Instead, Defendant responds only that Dr. Shamos' statement of the law is correct in that a patentee may not obtain a double damages recovery. Def's Br. at 7. This defense of Dr. Shamos is misplaced and not pertinent, however, because Dr. Shamos is not a damages expert. The context of his opinion is non-infringement and, again, Defendant ignores the clear implication of Dr. Shamos' opinion, which is that the jury may not even consider evidence of infringement if the evidence arises in the context of a transaction allegedly subject to a license. Again, the scope of evidence the jury may consider for infringement purposes is for this Court to determine. Accordingly, the Court should exclude the identified portion of Dr. Shamos' argumentative opinions with respect to alleged "double dipping."

### D. Dr. Shamos Should Not Be Permitted To State Incorrect Legal Opinions About What Constitutes "Actionable Infringement"

Defendant complains that *e*Plus's motion is "abstract at best and picayune indeed" with respect to Dr. Shamos' opinion that "[e]ven offering a product for sale before the damages date is not actionable infringement." Dkt. No. 282, Ex. F (Shamos Non-infringement Report) at ¶ 195; Def's Br. at 7. Defendant now appears to concede that this opinion was an inaccurate statement of the law. Defendant proposes, however, that it "would not object to modifying Dr. Shamos's wording to clarify that ePlus is not entitled to monetary relief for activities related to infringement before damages may accrue." Def's Br. at 7.

This argument again ignores that Dr. Shamos is *not* offering an opinion as to damages, and it is neither necessary nor appropriate for Dr. Shamos to instruct the jury on this point. His opinions address non-infringement and invalidity, and the clear import of his original opinion is that the jury may not consider as evidence any infringement that predated the damages period.

5

Ex. F (Shamos Non-infringement Report) at ¶ 195 ("Even offering a product for sale before the damages date is not actionable infringement.") (emphasis added).  The opinion should therefore be stricken and excluded.

### E. Dr. Shamos Should Not Be Permitted To Instruct The Jury As To The Written Description Requirement

Defendant contends that Dr. Shamos' citation to *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473 (Fed. Cir. 1998), is nothing more than a recitation of his understanding of the law as it pertains to the written description requirement." Def's Br. at 7.  However, particularly in light of the numerous other ways in which Dr. Shamos has overstepped the bounds of permissible expert testimony, the Court should ensure that Dr. Shamos does not state at trial a legal opinion as to his view of the import of the *Gentry Gallery* case to the written description requirement under 35 U.S.C. § 112, first paragraph.  Accordingly, *e*Plus requests that the Court exclude Dr. Shamos' citation to *Gentry Gallery* and any further exposition from him as to his legal analysis of that case.

### F. This Court Has Already Issued Its *Markman* Ruling And Dr. Shamos Should Not Be Permitted To Opine Whether Claim Elements Have An "Antecedent Basis"

Defendant barely defends Dr. Shamos' statements that certain claim elements lack an antecedent basis, and appears to argue that this was simply another statement of the general legal principles applying to his opinions.  Def's Br. at 8.  Defendant does not address the point that this Court has already rendered its *Markman* ruling and determined that the asserted claims are sufficiently definite for construction.  The jury could easily be confused by Dr. Shamos' "no antecedent basis" statements and left to wonder as to whether they should question the correctness of the Court's claim construction.  The jurors should not be misled into believing that is an issue for their reconsideration.

6

### G. Dr. Shamos Should Not Be Permitted To Opine As To Whether Defendant Possessed An "Objective Good Faith Basis" For Purposes Of Willful Or Indirect Infringement

Dr. Shamos opines that Defendant possessed an "objective good faith basis" with respect to induced infringement (and, apparently, willful infringement), of the patents-in-suit – based on the fact that *he* rendered opinions of invalidity and non-infringement *one year* or more after this litigation was commenced. Dkt. No. 282, Ex. F (Shamos Non-infringement Report) at ¶¶ 11, 12, 19, 263.[2] Defendant here relies on a case far outside the patent field dealing with a Section 1983 case and the reasonableness of an arresting officer's conduct.

Defendant does not cite any case holding that an expert such as Dr. Shamos may state opinions of non-infringement or invalidity one year into the case and then opine that *his* opinions provide an objective good faith basis for a defendant to continue its infringement. *See id.* at ¶ 11 ("Because of the strength of the non-infringement arguments contained herein, I also conclude that ***Lawson had an objectively-reasonable basis to believe it does not infringe the claims … even after it became aware of the patents, and thus under an objective standard it did not proceed in the face of a high risk of infringement***"); ¶ 12 ("I gave the opinion that the Asserted Claims are invalid … [f]or this additional reason, I conclude that that [sic] Lawson had an objectively-reasonable basis to believe it does not infringe … even after it became aware of the patents, and thus under an objective standard it did not proceed in the face of a high risk of infringement"); ¶ 19 ("The following discussion regarding Lawson's prior non-infringing software supports my opinions, discussed in detail herein, that Lawson does not directly infringe the Asserted Claims, ***does not possess the requisite intent for indirect infringement of the Asserted Claims,*** even after it became aware of the Patents, and has an objectively-reasonable

7

basis to believe it does not infringe the claims of the Patents.") (emphasis added); ¶ 263 ("Continuing after May 2009, Lawson had an objective good faith basis to believe its Accused Software does not infringe … and thus did not know (and should not have known) that its actions would induce infringement ….").  Certainly, the Federal Circuit's decision in *In re Seagate Tech., LLC,* 497 F.3d 1360 (Fed. Cir. 2007), does not address whether Dr. Shamos' opinion is permissible or whether it assists the trier of fact in any manner.

Dr. Shamos should not be permitted to state an opinion that his own opinions, rendered in May and June of 2010, provided an "objective good faith basis" for Defendant to continue its infringement after May 2009.  His opinion as to the value and import of his own non-infringement and invalidity opinions is not something that assists the trier of fact within the meaning of Fed. R. Ev. 702.

### III. CONCLUSION

*e*Plus therefore respectfully requests that the Court rule that the identified portions of the Shamos Report be deemed stricken, and that Defendant be precluded from eliciting those legal opinions of Dr. Shamos at the trial of this case.

---

[2] As noted in *e*Plus's motion*,* these opinions are also the subject of a separate *e*Plus motion *in limine* number three, on the ground that they constitute a belated attempt to assert an "opinion of counsel" defense, which would require that Defendant waive the attorney-client privilege.

Respectfully submitted,

July 12, 2010

/s/
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION *IN LIMINE* NO. 5:  TO EXCLUDE THE LEGAL OPINIONS OF DEFENDANT'S EXPERT WITNESS MICHAEL SHAMOS, J.D., PH.D., AND PRECLUDE DR. SHAMOS FROM INSTRUCTING THE COURT AND JURY ABOUT THE LAW**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

> Daniel McDonald, *pro hac vice*
> William D. Schultz, *pro hac vice*
> Rachel C. Hughey, *pro hac vice*
> Joshua P. Graham, *pro hac vice*
> Andrew Lagatta, *pro hac vice*
> MERCHANT & GOULD
> 3200 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402
> Telephone: (612) 332-5300
> Facsimile: 612) 332-9081
> lawsonservice@merchantgould.com
>
> Robert A. Angle, VSB#37691
> Dabney J. Carr, IV, VSB #28679
> Megan Rahman
> TROUTMAN SANDERS LLP
> P.O. Box 1122
> Richmond, Virginia 23218-1122
> (804) 697-1238
> (804) 698-5119 (Fax)
> robert.angle@troutmansanders.com
> dabney.carr@troutmansanders.com
> megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

> _____/s/_____
> Henry I. Willett, III (VSB #44655)
> Counsel for Plaintiff *e*Plus, Inc.
> **CHRISTIAN & BARTON, LLP**
> 909 East Main Street, Suite 1200
> Richmond, Virginia 23219-3095
> Telephone: (804) 697-4100
> Facsimile: (804) 697-4112
> hwillett@cblaw.com