# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CREATIVE INTERNET ADVERTISING CORPORATION, | § § § | |
| Plaintiff, | § § § | CIVIL ACTION No. 6:07cv354 |
| v. | § § | |
| YAHOO! INC., et al., | § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Supplemental Motion in Limine Regarding Settlement Agreement Between Creative Internet Advertising Corporation and AOL, A Former Party to this Lawsuit ("Supp. Motion") (Doc. No. 171). The Court held a pretrial conference on April 17, 2009, where the Court heard the parties' arguments on their respective motions in limine. On April 21, 2009, the Court issued an Order setting forth the rulings on the motions in limine, as made at the hearing. (Doc. No. 174). However, the Court deferred ruling on Plaintiff's Supplemental Motion. On April 22, 2009, Plaintiff submitted a supplemental letter clarifying its position on this issue ("Pl. Letter") (Doc. No. 177). On April 24, 2009, Defendant also submitted a supplemental letter (D. Letter") (Doc. No. 180). Having fully considered the parties' arguments and exhibits, and for the reasons stated herein, the Court **GRANTS** Plaintiff's Supplemental Motion.

Defendant argues that both parties' damages experts considered the AOL settlement agreement ("AOL Agreement") in forming their opinions regarding a reasonable royalty rate, and therefore Defendant should be allowed to present the AOL Agreement at trial. D. LETTER at 1–2.

1

Defendant further contends that the AOL Agreement is relevant to damages and validity. *Id.* at 2–3. Plaintiff argues that the AOL Agreement is irrelevant and has no bearing on the instant lawsuit between Plaintiff and Yahoo. SUPP. MOTION at 2. Plaintiff asserts that this evidence would unfairly prejudice Plaintiff and only serve to confuse the jury. *Id.*

Defendant cites to *Century Wrecker Corp. v. E.R. Buske Manufacturing Co.*, in support of its argument that the AOL Agreement is admissible. D. LETTER at 1–2 (citing *Century Wrecker*, 898 F. Supp. 1334, 1341 (N.D. Iowa 1995)). There, the court indicated that settlement agreements reached under the threat of litigation may have relevance that "transcends their negotiation against the background of continuing litigation." *Century Wrecker*, 898 F. Supp. at 1341. Because the plaintiff there had injected the settlement agreement into the litigation, the court held that the defendants could present the settlement agreements "[t]o the extent that defendants can show [plaintiff's damage expert] relied in any way on the settlement agreements in question in reaching his conclusions about a reasonable royalty." *Id.*

However, the preceding paragraph from *Century Wrecker* explicitly noted that "these settlement agreements . . . are [] agreements specifically entered into under the threat of litigation or against the backdrop of continuing litigation, with the intention of avoiding the risks and expenses of that litigation," before concluding that "[were] these the only circumstances involved here, then, the court would find the settlement agreements inadmissible under Fed. R. Evid. 408 and the precedents discussed above." *Id.* It is also relevant that the court noted certain factors that compelled the parties to settlement, including the continued, substantial expense of litigation and the fact that the continued litigation posed an impediment to merger negotiations. *Id.* However, the court ultimately concluded that the settlement agreements were admissible, as Defendant points out,

because the settlement agreements had been "injected into [the] litigation by the plaintiff" and because plaintiff's expert had "specifically relied upon these settlement agreements in arriving at his calculations of a reasonable royalty." *Id.* at 1341.

Here, the AOL Agreement has been injected into the litigation by Defendant, and Defendant's expert has relied, to an extremely limited extent, on the AOL Agreement in arriving at his calculation of a reasonable royalty.[1]  *See* SUPP. MOTION at 2; D. LETTER, EXH. 2 at 11–12. In contrast, Plaintiff's expert concludes that the license to AOL "is not relevant to my analysis here" because it was granted as part of the AOL Agreement during litigation.  PL. LETTER, EXH. A at 10.

It is undisputed that litigation changes the dynamic of negotiations, and neither the Court, nor Defendant is aware of the circumstances leading to the AOL Agreement.  While the continued, substantial expense of litigation may have been one factor, there could have also been a variety of other pertinent circumstances, including the parties' respective assessments of their claims, AOL's particular accused technology, AOL's financial status at the time of settlement, and damages derived from the particular accused feature, among many other circumstances.  It is unclear whether Yahoo is privy to any of this information, and more importantly, AOL's financial information is confidential.  PL. LETTER at 2.  Without such context, the royalty paid by AOL has minimal, if any, relevance to this litigation.

Moreover, in the context of patent litigation, the Supreme Court has cautioned against considering license fees negotiated under the threat of litigation, *Rude v. Westcott*, 150 U.S. 152 (1889), and courts have followed and discussed this precedent in similar circumstances.

---

[1] The Court notes that Defendant's expert, Mr. Napper, considered the AOL Agreement to merely "provide some guidance as to the overall licensing landscape and interest in the technology at the time the agreement was executed. . . . provid[ing] an indicator of value (aka datapoint)" as to a reasonable royalty.  D. LETTER, EXH. 2 at 11–12.  The Court further notes that Defendant left out the portion of Plaintiff's expert report which concludes that the AOL Agreement is not relevant to her analysis.  *Compare* D. LETTER, EXH. 1 *with* PL. LETTER, Exh. A.

3

*See Studiengesellschaft Kohle, m.b.H. v. Dart Industries, Inc.*, 862 F.2d 1564, 1572 (Fed. Cir. 1988) (discussing the appropriate use of settlement agreements in the hypothetical negotiation context and distinguishing license fees negotiated under threat of litigation from other license fees); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078–79 (Fed. Cir. 1983) (noting that "[l]icense fees negotiated in the face of a threat of high litigation costs 'may be strongly influenced by a desire to avoid full litigation'") (citation omitted); *Spreadsheet Automation Corp. v. Microsoft Corp.*, 587 F. Supp. 2d 794, 801 (E.D. Tex. 2007) (concluding that [e]vidence of consent decrees, settlements, and licenses made under the threat of litigation, offered for the purpose of 'perspective' or 'context,' would likely confuse the jury, and the jury would be unlikely to consider such evidence only as 'context' for a reasonable royalty").

Importantly, Federal Rule 408 operates to exclude evidence of acceptance of a settlement agreement when offered to prove the valuable amount of a disputed claim. FED. R. EVID. 408(a)(1); *see also Pioneer Corp. v. Samsung SDI Co.*, No. 2:06-cv-384, 2008 U.S. Dist. LEXIS 107079, *12–*16 (E.D. Tex. Oct. 2, 2008) (finding negotiations, offers, and agreements reached under the threat of litigation inadmissible under Rules 408 and 403).[2] Defendant asserts that the AOL Agreement is relevant to the issue of damages. D. LETTER at 2. Yet, this is precisely what Rule 408 precludes.

Defendant also asserts that the AOL Agreement is also relevant to the validity of the asserted patent, as well as the expected testimony of Plaintiff's technical expert, David Klausner. D. LETTER at 2–3. Defendant cites to *Datapoint Corp. v. Picturetel Corp.* in support of their position. *Id.* at 2

---

[2] *In Pioneer Corp.*, the plaintiff filed both a Daubert motion and a motion in limine to preclude the defendant's expert from testifying about or bringing in evidence of settlement negotiations under threat of litigation. 2008 U.S. Dist. 107079 at *4–*6.

4

(citing No. 3:93-cv-2381, 1998 WL 51356 (N.D. Tex. Jan. 23, 1998)). There, the court granted a motion to compel production of a settlement agreement reached during litigation. The court found that the agreement related to the issues of patent validity and damages, and since Rule 408 recognizes the admissibility of evidence of settlement communications for purposes other than proving liability or invalidity of the claim or its amount, good cause existed for the court to order production of the agreement because "this information appears reasonably calculated to lead to the discovery of admissible evidence." *Datapoint*, 1998 WL 51356 at *2.

Here, the issue is admissibility, not discoverability. Moreover, even if the Court agreed that the AOL Agreement was relevant and admissible under Rule 408, the Court concludes that the AOL Agreement will cause unfair prejudice to Plaintiff and will mislead and confuse the jury. Although Defendant claims that the AOL Agreement is relevant to the issue of validity, as previously noted, AOL's particular accused technology, AOL's financial status at the time of settlement, and damages derived from the particular accused feature, among other circumstances have not been adequately assessed. Any probative value the AOL Agreement may have on the issue of validity is substantially outweighed by the danger of the jury considering the AOL Agreement for other, improper purposes, such as the value of Plaintiff's case, and therefore the AOL Agreement is inadmissible under Rule 403. FED. R. CIV. P. 403 ("[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury"); *see also Pioneer Corp. v. Samsung SDI Co.*, No. 2:06-cv-384, 2008 U.S. Dist. LEXIS 107079, *12–*16 (E.D. Tex. Oct. 2, 2008) (finding negotiations, offers, and agreements reached under the threat of litigation inadmissible under Rules 408 and 403); *Spreadsheet Automation Corp. v. Microsoft Corp.*, 587 F. Supp. 2d 794, 801 (E.D. Tex. 2007)

5

(concluding that [e]vidence of consent decrees, settlements, and licenses made under the threat of litigation, offered for the purpose of 'perspective' or 'context,' would likely confuse the jury, and the jury would be unlikely to consider such evidence only as 'context' for a reasonable royalty).

## CONCLUSION

For all the foregoing reasons, Plaintiff's Supplemental Motion in Limine Regarding Settlement Agreement Between Creative Internet Advertising Corporation and AOL, A Former Party to this Lawsuit is **GRANTED**. Therefore, the parties are **ORDERED** to refrain from mentioning, referring to, or bringing before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of the witnesses, argument, objections before the jury, or in any other manner the settlement agreement between Plaintiff and AOL..

**So ORDERED and SIGNED this 7th day of May, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE