**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 4 TO PRECLUDE HARRY F. MANBECK, JR. FROM TESTIFYING AT TRIAL**

## I. INTRODUCTION

ePlus' opposition to Lawson's Motion *in Limine* No. 4 to Preclude Harry F. Manbeck, Jr. from Testifying at Trial ignores the crux of Lawson's motion. Though Lawson did indeed raise the fact that Mr. Manbeck does not possess adequate expertise in the area of supply-chain management, the primary reason for excluding the testimony of Mr. Manbeck is the fact that expert testimony on the subjective prong of the Federal Circuit's test for determining willfulness articulated in *in re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007)—the topic on which ePlus intends to have Mr. Manbeck testify—is inadmissible as it invades the province of the jury to determine a question of fact regarding intent.

Moreover, Mr. Manbeck's lack of expertise on the supply-chain management industry and the law of willfulness after the Federal Circuit's decision in *in re Seagate Tech., LLC,* 497 F.3d 1360 (Fed. Cir. 2007) prevents his testimony from being helpful to the jury.

For all the reasons articulated in Lawson's opening memorandum and below, the Court

should preclude Mr. Manbeck from testifying at trial.

## II. ARGUMENT

### A. Expert Testimony on the Subjective Prong of the Test for Willful Infringement is Inadmissible as a Matter of Law

As Lawson explained in its opening memorandum, expert testimony on the subjective prong of the test for willful infringement is inadmissible as a matter of law. Such testimony invades the province of the court to instruct the jury and invades the province of the jury to draw all factual conclusions that do not require specialized, scientific, or technical knowledge. *Pioneer Hi-Bred, Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 143 (N.D. Iowa 2003); *see also X-tra Light Mfg. Inc. v. Acuity Brands, Inc.*, No. H-04-1413, 2007 U.S. Dist. LEXIS 99281, at *4 (S.D. Tex. Feb. 13, 2003). The case law ePlus cites does not contradict this general principle.

Indeed, *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431 (D. Del. 2004), cited by ePlus, actually supports Lawson's position. The court in *Oxford* allowed the patent-holder's proposed expert to testify on the narrow issue of "what the standard of behavior generally is when a corporation is confronted with an allegation of infringement." *Id.* at 443 (emphasis added). Importantly, however, the *Oxford Gene* court specifically precluded the patent-holder's expert from testifying as to "the legal standard for willfulness. Nor will she be permitted to testify as to whether [the defendant's] behavior met the standard of reasonableness, or regarding [the defendant's] intent, motive, state of mind, or evidence by which such state of mind may be inferred." *Id.*

Mr. Manbeck's opinion on the issue of willfulness is based entirely on his claim that Lawson *should* have been aware of the patents-in-suit based on a few blurbs ePlus found primarily on the Internet that relate to ePlus's patent-enforcement efforts that no one at Lawson

said they saw (Ex. 1, Expert Report of Harry F. Manbeck, Jr., at ¶¶ 67-78.). He does not opine on the standard of behavior when a corporation is confronted with an allegation of infringement. Instead, Mr. Manbeck's proposed testimony is much more in line with the type of testimony the court in *Oxford* specifically excluded: testimony related to what Mr. Manbeck believes Lawson should have known and testimony related to Lawson's state of mind. Thus, even under the law cited by ePlus, the Court should preclude Mr. Manbeck from testifying on these issues.

The fact that the court in *Monsanto Co. v. Bayer Bioscience N.V.*, No. 4:00CV01915, 2005 U.S. Dist. LEXIS 46068 (E.D. Mo. Oct. 28, 2005) denied a defendant's motion in limine to preclude Mr. Manbeck from testifying does not require a different result. The court in *Monsanto* permitted Mr. Manbeck to testify regarding the isolated issue of the competency of the accused-infringer's advice of counsel. *Id.* at *17 ("Bayer only intends to offer Dr. Manbeck's opinions relating to the competency of Monsanto's opinions of counsel.") No opinion of counsel is at issue in this case, and here in contrast ePlus proposes that Mr. Manbeck testify on the issue of Lawson's subjective state of mind. *Monsanto* does not alter the fact that such testimony is precluded under the case law.

Moreover, the publications Mr. Manbeck relies upon to reach his conclusions suffer from a serious time-related defect. None of them was published before 2005, nearly three years after the alleged initiation of Lawson's alleged infringement. *See Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d 150, 178 (D.R.I. 2009) (subjective intent cannot be inferred from events happening after accused infringer developed accused product). Additionally, Lawson had already been selling the accused systems for nearly three years when ePlus began enforcing the patents-in-suit. Had Lawson read the publications at the time they were published, if anything this would indicate that ePlus was vigorously enforcing the patents-in-suit but was *not* doing so

against Lawson, confirming that Lawson was *not* infringing.

The Court should preclude Mr. Manbeck from testifying at trial on the issue of willful infringement on the proffered basis.

**B. Mr. Manbeck's Proposed Testimony Is Outside His Area of Expertise.**

Additionally, the court should preclude Mr. Manbeck from testifying on the issue of what Lawson *should* have known based on industry publications because such testimony is outside his area of expertise. *See, e.g.*, *Sharer v. Tandberg, Inc.*, No. 1:06cv626, 2007 U.S. Dist. LEXIS 22391, at *12 (E.D. Va. Mar. 27, 2007) (excluding testimony of economics expert on the issue of the plaintiff's memory).

ePlus argues that Mr. Manbeck is an expert in patent law. Even if the court accepts that argument, whether a company that sells business software should have seen a certain news article or other publication is not a matter of patent law. This is an issue of fact. Mr. Manbeck does not presume to have any particularized knowledge on this issue. His "expertise" is not the kind that would inform him of what companies in the business software industry should be aware of. Such testimony is outside his area of expertise and thus his testimony in this area will not be helpful to the jury and should be excluded.

Moreover, even Mr. Manbeck's "expertise" on patent law as it relates to the issue of willfulness is obsolete or irrelevant. Mr. Manbeck served as Commissioner of the Patent and Trademark Office between 1990 and 1992. The Commissioner of Patents has no duties that relate to willful infringement or avoiding patent infringement. Mr. Manbeck left the position of Chief Patent Counsel for General Electric in 1990. (Ex. 1 at Exhibits A-C.) Meanwhile, the law on willful infringement Mr. Manbeck presumably confronted at G.E. was fundamentally overruled by the Federal Circuit's en banc decision in *Seagate* in 2007. *Seagate* was a paradigm-

shifting case and ePlus had provided no evidence that Mr. Manbeck's experience provides any specialized knowledge on the topic of willfulness post-*Seagate*. If anything, his experience will risk confusion and prejudice, because Mr. Manbeck may well revert based on his obsolete industry experience to the wrong, pre-Seagate standard.

      **C.    The Court Should Also Preclude Manbeck from Testifying on the Patent Process.**

As Lawson explained in its opening memorandum, expert testimony is not necessary to explain the patent process to the jury. The Court is enabled through jury instruction and a video from the American Intellectual Property Law Association on the patent process, to adequately describe the patent process to the jurors in a way that facilitates the jury's understanding. Lawson only requests that the court prevent an expert witness, paid by one of the parties in this action, from wasting time opining generally on legal and administrative procedures that the Court, a neutral entity, can instruct the jury on. The Court should preclude Mr. Manbeck from testifying generally on the patent process.

      **D.    The Court Should Permit the Presentation of Evidence Regarding the Pending Reexamination Proceedings.**

Though Lawson's motion did not address the issue of testimony regarding the pending reexamination proceedings, ePlus raises the issue in its opposition with reference to its own Motion *in Limine* No. 1. ePlus has requested that all evidence related to the reexamination proceedings be excluded from trial. Lawson has addressed this issue at length in its Response to ePlus' Motion *in Limine* No. 1 [Doc. No. 300] and in its Memorandum in Support of its Motion *in Limine* No. 7 [Doc. No. 270] and further addresses the issue in its Reply Memorandum in Support of its Motion *in Limine* No. 7, which is filed concurrently herewith. For the sake of efficiency, Lawson will not re-articulate its arguments here. Lawson does not object in principle

to Mr. Manbeck rebutting Lawson's expert testimony regarding the reexaminations.

## III. CONCLUSION

In view of the arguments raised in Lawson's opening Memorandum in Support of Its Motion *in Limine* No. 4 and those discussed above, the Court should preclude Mr. Manbeck from testifying at trial about willfulness and PTO procedures. His proposed testimony will not be helpful to the jury and will improperly invade the province of the Court and of the jury.

LAWSON SOFTWARE, INC.

By ____/s/_________________
Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 12th day of July, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

/s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*