IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S REPLY MEMORANDUM
IN SUPPORT OF MOTION IN LIMINE NO. 5 TO LIMIT ePLUS TO
ONE EXPERT WITNESS FOR INFRINGEMENT AND ONE EXPERT
WITNESS FOR INVALIDITY[1]**

Plaintiff ePlus, Inc. ("ePlus") chose to flout the Court's Scheduling Order, which plainly states:

> 4. Only one expert per discipline is permitted, except by order of the Court.

The Court did not limit experts by topic of testimony, but by discipline. *See* Scheduling Order at § IV(4) [Doc. No. 186]. Rather than address the language of the Court's Scheduling Order barring experts in the same discipline, ePlus's opposition argues that Alfred C. Weaver and Brooks Hilliard, two of its validity experts, offer opinions of different *aspects of* invalidity. This fails to acknowledge that both are directed to the same topic, invalidity, and have the same field of *expertise*.

Similarly, ePlus argues that Patrick Niemeyer does not offer an opinion on infringement, though ePlus concedes that he opines on the structure, function, and operation of the accused

---

[1] In its opposition, ePlus altered the title of Lawson's motion to distort the relief Lawson is seeking.

products and that Weaver relied on that opinion in concluding that Lawson infringed. *See* ePlus's Opp. to Lawson's Mot. in Limine No. 5 [Doc. No. 308] ('ePlus MIL 5 Opp.") at 8-10. Again, ePlus fails to acknowledge that Niemeyer and Weaver both are directed to the same topic, infringement, and have the same field of expertise.

The Court's order is clear. If for some reason ePlus believed it needed more than one expert per discipline, it should have requested permission from the Court. It did not. Any prejudice to ePlus from enforcing the Court's Scheduling Order is ePlus's own doing. ePlus should have been aware of the limitation to one expert per discipline when the Court issued the Scheduling Order. Lawson specifically alerted ePlus to the limitation on experts after ePlus violated the order the first time, regarding infringement. ePlus then did it again regarding invalidity. It should not be now heard to complain that its choice to flout the Court's Scheduling Order will cause it prejudice.

Allowing ePlus to proceed in violation of the Court's Scheduling Order will prejudice Lawson. Lawson has still to complete the depositions of these duplicative experts. This unnecessary discovery duplication is the very situation the Court likely sought to prevent by limiting the number of experts. Furthermore, allowing ePlus to parade before the jury multiple experts from the same field of expertise on invalidity and infringement may lead the jury to believe ePlus's position is more credible based on the sheer number of experts, rather than on the merits. ePlus ought not be given an advantage for violating the Court's Scheduling Order to the disadvantage of Lawson for adhering to the same Scheduling Order. ePlus should be held accountable for its choices.

## I. In Violation of the Court's Scheduling Order, ePlus Relies on Multiple Experts from the Same Discipline

ePlus has attempted to obfuscate the issue by arguing that its multiple experts on invalidity and its multiple experts on infringement do not offer redundant or duplicative testimony. This is irrelevant. The Court's Scheduling Order did not limit experts by testimony, but by discipline.

ePlus concedes that Weaver and Hilliard, two of its validity experts, are from the same discipline and that Weaver and Patrick Niemeyer, its two infringement experts, are also from the same discipline. As ePlus notes in footnote 2 of its opposition, this case was originally governed by a different scheduling order. The first scheduling order required that "[t]he party having the burden of proof upon the primary issue to which potential Rule 702, 703 or 705 evidence is directed shall **identify expert witnesses** to be proffered upon such an issue by name, residence and business address, occupation and field of expertise on **October 1, 2009**." *See* Rule 16(b) Scheduling Order [Doc. No. 66] at ¶ 2 (emphasis in original). On October 1, 2009, ePlus identified Weaver, Hilliard, and Niemeyer. *See* ePlus's Identification of Expert Witnesses Pursuant to the Rule 16(b) Scheduling Order at 1-3 (Exh. 1 hereto). Both Weaver and Hilliard were identified as experts in "Computer Science and Engineering" and "Application of Computer Science Principles to the Internet and Electronic Commerce." (*Id.* at 1-2.) Niemeyer was identified as an expert in "Computer Science and Engineering" (*Id.* at 3.) Thus, according to ePlus's own description of its experts, Weaver and Hilliard are from the exact same discipline, and Weaver's discipline subsumes Niemeyer's.

ePlus blames Lawson for not objecting to ePlus's identification of multiple experts from the discipline on October 1, 2009. (ePlus MIL 5 Opp. at 11.) This argument ignores the facts. On October 1, 2009, ePlus was not limited to one expert on each discipline, so there was no basis

for objection. Subsequently, this case was transferred and on March 15, 2010, a new scheduling order was entered. (Scheduling Order [Doc. No. 186].) The new, and current, scheduling order limited ePlus to "[o]nly one expert per discipline . . . , except by order of the Court." (*Id.* at § IV(4).) Lawson had a right to expect that ePlus would follow the newly-controlling scheduling order and limit itself to one expert per discipline.

On May 5, 2010, ePlus served on Lawson two expert reports related to infringement: the Initial Infringement Expert Report of Alfred Weaver and the Expert Report of Patrick Niemeyer. Although ePlus contends that Niemeyer does not render an infringement opinion, his opinion concerns the structure, function, and operation of certain Lawson software. *See* Expert Report of Patrick Niemeyer at ¶ 2 (Exh. 2 hereto). This is used as a basis for Weaver's infringement opinion. *See* Initial Infringement Expert Report of Alfred Weaver at ¶¶ 25, 169, 182 (Exh. 3 hereto). There is no reason why Weaver could not have analyzed Lawson's source code. ePlus admitted that both Weaver and Niemeyer have the same field of expertise. (Exh. 1 at 1-3.) Indeed, when ePlus sued Ariba, Weaver reviewed computer source code. *See* Transcript of Jury Trial in *ePlus, Inc. v. Ariba, Inc.*, Case No. 1:04CV612 (E.D. Va. Jan. 26, 2005) at 407:6-10 (Exh. 4 hereto). ePlus's argument that the reports of Weaver and Niemeyer were not duplicative and redundant skirts the fact ePlus relied on two experts when one would have been sufficient. Now, contrary to the intentions of the Scheduling Order, both the Court and Lawson must deal with multiple experts.

On May 10, 2010, Lawson objected to ePlus's violation of the Court's Scheduling Order that limited the parties to one expert per discipline. *See* Letter from W. Schultz to M. Strapp dated May 10, 2010 (Exh. 5 hereto). Despite this notice, on June 9, 2010, ePlus continued to flout the requirement of the Court's Scheduling Order by serving two expert reports related to

4

invalidity: the Expert Report of Alfred Weaver Relating to Patent Invalidity and the Expert Report of Brooks Hilliard Relating to Patent Invalidity. ePlus provides no reason why either Weaver or Hilliard could not have addressed all of Lawson's invalidity contentions. ePlus concedes that both have the exact same field of expertise. (Exh. 1 at 1-3.)

Lawson only needed one expert to explain and support each of its invalidity theories. Under ePlus's theory, it could have had four experts on invalidity, one for each of 35 U.S.C. §§ 101, 102, 103, and 112, and may be more given that each statute has subsections. The Court presumably did not contemplate this interpretation of its order.

ePlus's reliance on this Court's decision in *Trigon Insurance Co. v. United States* is misplaced. In *Trigon*, unlike in this case, the five rebuttal experts each had different areas of expertise—financial accounting; accounting and tax computation; health industry operations; valuation; and health care economy. 215 F. Supp. 2d 687, 741 (E.D. Va 2002). Unlike in *Trigon*, ePlus relied on multiple experts in the same field of expertise. ePlus's injection of multiple experts in the same field of expertise unnecessarily complicates this case and prejudices Lawson.

## II. Any Prejudice to ePlus by Enforcing the Court's Scheduling Order is of ePlus's Own Doing

ePlus should have known that it was limited to one expert per discipline. ePlus's violation of the Court's Scheduling Order, not once, but twice, is of its own choosing. ePlus should not be now heard to complain that will be prejudiced if the Court's Scheduling Order is enforced. Scheduling orders serve a purpose and provide the rules by which both parties must abide. Lawson objected after ePlus did it the first time, yet ePlus did it again. ePlus should not be allowed to knowingly prepare its case in violation of those rules, and then complain when its

5

tactic is hindered by enforcement of the rules.  This is tantamount to seeking permission after the fact, which as one judge has stated:

> This is akin to lighting a cigar and then asking, 'Is it okay if I smoke?' It betrays a lack of respect for the rules of this Court . . . .

*Hartford Fire Ins. Co. v. Clark*, 03-3190, 2010 U.S. Dist. LEXIS 7788, *2 (D. Minn. Jan 29, 2010).

ePlus knew the requirement that only one expert was permitted per discipline, but prepared its case using multiple experts per discipline to the prejudice of Lawson.  Lawson ought not be penalized for adhering to the Court's Scheduling Order, while ePlus is rewarded for violating it.

## III. ePlus's Injection of Multiple Experts in the Same Field of Expertise Prejudices Lawson.

In its opening brief, Lawson explained the number of ways it would be prejudiced by ePlus's reliance on multiple experts in the same discipline.  ePlus's contentions to the contrary do not diminish this prejudice.

First, ePlus's violation of the Court's Scheduling Order has forced Lawson to depose multiple experts on the same topics.  Lawson had to depose Hilliard on the issue of validity.  Furthermore, Lawson had to depose Niemeyer regarding ePlus's basis for infringement.  Because ePlus chose to split the validity issue and the infringement issue amongst multiple experts, Lawson still has to depose Weaver.  Weaver's deposition has been repeatedly rescheduled has only recently been set for late July.  Lawson has been forced to file its summary judgment motion, file its motions in limine, and prepare for trial without the benefit of having deposed one of the multiple experts on which ePlus is relying.  This difficulty in scheduling multiple depositions of experts within the same field of expertise on the same topics, and the resulting

6

prejudice, is likely the headache the Court sought to avoid by limiting the parties to one expert per discipline.

Second, Lawson is not "asserting every patent law defense under the sun." *See* ePlus MIL 5 Opp. at 11. Indeed, Lawson withdrew its inequitable conduct defense during discovery. Furthermore, Lawson's vigorous defense is not an excuse for ePlus to shirk the requirements of the Court's Scheduling Order. The Court put in place a procedure for the parties to ask for multiple experts per discipline, but ePlus shunned that procedure and unilaterally decided that it was appropriate to inject multiple experts without permission. This should not be condoned.

Third, there is a likelihood of prejudice if ePlus is allowed to parade before the jury multiple expert witnesses on the issues of validity and infringement. To allow ePlus to present two or more expert witnesses for every one of Lawson's would create the impression to a jury that ePlus's position is more credible. This inherent imbalance may improperly sway the jury not on the merits, but the sheer number of experts supporting each side.

## IV.    Conclusion

For the reasons stated, Lawson respectfully requests that the Court grant Lawson's Motion *in Limine* No. 5 to limit ePlus to one expert on infringement and one expert on validity as required by the Court's Scheduling Order.

LAWSON SOFTWARE, INC.


By    /s/
        Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 12th day of July, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

                                                 /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

*Counsel for Defendant Lawson Software, Inc.*