# EXHIBIT 1

Docket No.: EPL-001REX<br>
(PATENT)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Reexamination of:<br>U.S. Patent 6,023,683 | |
| Application No.: 90/008,104 | Confirmation No.: 2837 |
| Filed: September 15, 2006 | Art Unit: 3992 |
| For:  ELECTRONIC SOURCING SYSTEM AND<br>         METHOD | Examiner: J. R. Pokrzywa |

**APPEAL BRIEF**

MS Appeal Brief - Patents
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Madam:

As required under 37 C.F.R. § 41.37(a), this brief is filed within two months of the Notice of Appeal filed in this case on March 6, 2009, and is in furtherance of the Notice of Appeal.

The fees required under 37 C.F.R. § 41.20(b)(2) are dealt with in the accompanying TRANSMITTAL OF APPEAL BRIEF.

The discussion in this brief is arranged under the following headings as required by 37 C.F.R. § 41.37 and M.P.E.P. § 1205.2:

    I.      Real Party In Interest

    II.     Related Appeals and Interferences

    III.    Status of Claims

    IV.    Status of Amendments

    V.     Summary of Claimed Subject Matter

Control No.: 90/008,104 85 Docket No.: EPL-001REX
Appeal Brief under 37 C.F.R. § 41.37

Moreover, the P.O. Writer Manual also fails to disclose or suggest the limitation of "converting data related to a selected matching item and an associated source to data relating to an item and a different source." In analyzing this claim limitation, the Examiner relies on pages 21–22 and 151–152 of the P.O. Writer Manual. (Final Office Action at 62.) As discussed above, pages 21-22 of the P.O. Writer Manual are directed to purchase order history. Pages 151-152 are directed to requisition consolidation or splitting. Although, these pages suggest selecting a vendor, they include no teaching that any data is converted when a vendor is selected. As set forth above, the P.O. Writer Plus system did not populate the vendor field in a requisition with the supposed "source" of a catalog. Thus, there are no selected matching items and associated sources in the P.O. Writer Plus system. The only way to populate the vendor field in a requisition was for the end user to manually "suggest" a vendor, and input that. The claim requires that once a matching item and its associated source is being selected for inclusion in a requisition, the system is able to convert the data relating to such selected matching item and its associated source to another item having another associated source. The excerpt relied upon by the Examiner fails to teach this feature. The P.O. Writer Plus system had no capability of automatically switching items nor did it include any cross-reference table allowing a user to compare a selected item and its associated source to another item having another source, as disclosed in the '683 Patent. '683 Patent, Col. 10:43-54; Hilliard Decl., ¶ 139.

The Examiner asserts that pages 21-23 of the P.O. Writer Manual show data concerning the selected matching item "A1000" from the source "Bayless" being converted to a different source of "Best Buy." (Final Office Action at 24, para. 45.) There is no such teaching in the P.O. Writer Manual. To the contrary, as discussed above, the P.O. Writer system had an "electronic history card" feature that allowed the user to stop keeping manual records of purchase histories. P.O. Writer Manual at 21. Thus, the user can use the Purchase Order History

These pages deal with modifying fields in the requisition (*i.e.*, this subsection of the Gateway 2000/MRO Manual is titled "Requisition Maintenance"). The purchase order has not yet been created. In fact, the first sentence on page 4-26 states:

> Requisitions can be changed or updated at any time until a purchase order is prepared. Once an order is created, the requisition is locked and any maintenance must be performed using the purchase order maintenance process.

This is clearly out of sequence with the steps in claim 26. The Examiner asserts that order of steps is not specifically claimed. (Final Office Action at 30, paras. 54-56.) However, the Examiner fails to consider this claim limitation in the context of the claim as a whole.

Because the source is not specified in the requisition of the Gateway 2000/MRO Manual, even if it is assumed that the timing of the step is irrelevant, the Gateway 2000/MRO Manual teaching is limited to manual modification of an existing requisition and (a) there is no teaching about the system performing any "conversion" (from anything to anything else, let alone conversion from one source-associated item to another source-associated item), and (b) as stated above, the source (if existing in a requisition at all) is not associated with any catalog selection/search process but must, optionally, be entered manually. The Gateway 2000/MRO Manual states:

> Requisition maintenance generally follows the same process as the requisition entry. Whatever is displayed can be changed by keying over the displayed information.

Gateway 2000/MRO Manual at 4-27. There is no teaching or suggestion to convert data relating to an item and an associated source to data relating to another item having a different source.

The Examiner contends that there is no specific requirement in the claim that the "converting" is done automatically by a system. However, simply reentering any displayed information by keying over the displayed information is not conversion – it is merely reentry of

information. Moreover, the Examiner's argument misses the point of the invention. The claimed methods are to be done by the electronic sourcing system of the invention. Manual generation of requisitions and purchase orders was known prior to the invention. The invention relates to automated processes. The specification makes clear that the "converting data" step is performed automatically by the electronic sourcing system. For example, the '683 Patent discloses an example of a restriction enzyme, that may be sold by competing suppliers. In one supplier's catalog, the product may be indentified with a number of PRR6012 and with a number R6012 in the other supplier's catalog. '683 Patent, Col. 10:24-39. If the user selected the item identified by catalog number R6012 from the second supplier's catalog for inclusion in the requisition, when the resultant requisition is sourced, however, the system would recognize the entry for the item from the second supplier's catalog as corresponding to that same item available from the first supplier's catalog. The system would then transmit back the price and availability of the item in the first supplier's catalog. A purchase order would then be generated to order the item from the first supplier. '683 Patent, Col. 10:43-54. There is no such conversion taught by the Gateway 2000/MRO Manual. Even if it is possible to manually change the item numbers when manually changing a desired vendor, there is no teaching or suggestion to do so in the Gateway 2000/MRO Manual.

In addition to pages 4-26 through 4-28 of the Gateway 2000/MRO Manual, the Examiner also relies on pages 12-3 and 4-8 through 4-9 of the Gateway 2000/MRO Manual the stock item process as purportedly relating to the "converting data" step, but, as shown below in the illustration on page 12-3, the vendor fields are blank for the stock item entry form: