# EXHIBIT 3

## 2241 Time for Deciding Request [R-2]

The determination >of< whether or not to reexamine must be made within 3 months following the filing date of a request. See 35 U.S.C. 303(a) and 37 CFR 1.515(a). >If the 3-month period ends on a Saturday, Sunday, or Federal holiday within the District of Columbia, then the determination must be mailed by the **preceding** business day.< The examiner should take up a request for decision about 6 weeks after the request was filed. The decision should be mailed within 10 weeks of the filing date of the request. When reexamination for the same patent has already been ordered based on an earlier request and that reexamination is pending, the examiner should immediately take up the new request for decision, i.e., there should be no delay of 6 weeks. See the last portion of MPEP § 2240 and also see MPEP § 2283 for multiple copending reexamination proceedings. A determination to reexamine may be made at any time during the period of enforceability of a patent.

## 2242 Criteria for Deciding Request [R-7]

### I. SUBSTANTIAL NEW QUESTION OF PATENTABILITY

The presence or absence of "a substantial new question of patentability" determines whether or not reexamination is ordered. The meaning and scope of the term "a substantial new question of patentability" is not defined in the statute and must be developed to some extent on a case-by-case basis, using the case law to provide guidance as will be discussed in this section.

If the prior art patents and printed publications raise a substantial question of patentability of at least one claim of the patent, then a substantial <u>new</u> question of patentability is present, unless the same question of patentability has already been decided by (A) a final holding of invalidity, after all appeals, or (B) by the Office in a previous examination or pending reexamination of the patent. A "previous examination" of the patent is: (A) the original examination of the application which matured into the patent; (B) the examination of the patent in a reissue application that has resulted in a reissue of the patent; or (C) the examination of the patent in an earlier pending or concluded reexamination. The answer to the question of whether a "substantial new question of patentability" exists, and therefore whether reexamination may be had, is decided by the Director of the USPTO, and, as 35 U.S.C. 303 provides, that determination is final, i.e., not subject to appeal on the merits of the decision. See *In re Etter*, 756 F.2d 852, 225 USPQ 1 (Fed. Cir. 1985). But see *Heinl v. Godici*, 143 F.Supp.2d 593, 596-98 (E.D.Va. 2001) (35 U.S.C. 303 addresses only USPTO decisions to <u>deny</u> a request for reexamination and does not bar review of *ultra vires* USPTO decisions to <u>grant</u> reexamination requests. However, a decision to grant a reexamination request is not a final agency decision and is not ordinarily subject to judicial review.).

A prior art patent or printed publication raises a substantial question of patentability where there is a substantial likelihood that a reasonable examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable. If the prior art patents and/or publications would be considered important, then the examiner should find "a substantial new question of patentability" unless the same question of patentability has already been decided as to the claim in a final holding of invalidity by the Federal court system or by the Office in a previous examination. For example, the same question of patentability may have already been decided by the Office where the examiner finds the additional (newly provided) prior art patents or printed publications are merely cumulative to similar prior art already fully considered by the Office in a previous examination of the claim.

For "a substantial new question of patentability" to be present, it is only necessary that: (A) the prior art patents and/or printed publications raise a substantial question of patentability regarding at least one claim, i.e., the teaching of the (prior art) patents and printed publications is such that a reasonable examiner would consider the teaching to be <u>important</u> in deciding whether or not the claim is patentable; and (B) the same question of patentability as to the claim has not been decided by the Office in a previous examination or pending reexamination of the patent or in a final holding of invalidity by the Federal Courts in a decision on the merits involving the claim. It is not necessary that a "*prima facie*" case of unpatentability exist as to the claim in order for "a substantial new question

**2242**  MANUAL OF PATENT EXAMINING PROCEDURE

of patentability" to be present as to the claim. Thus, "a substantial new question of patentability" as to a patent claim could be present even if the examiner would not necessarily reject the claim as either fully anticipated by, or obvious in view of, the prior art patents or printed publications. As to the importance of the difference between "a substantial new question of patentability" and a "*prima facie*" case of unpatentability see generally *In re Etter,* 756 F.2d 852, 857 n.5, 225 USPQ 1, 4 n.5 (Fed. Cir. 1985).

>Note that the clarification of the legal standard for determining obviousness under 35 U.S.C. 103 in *KSR International Co. v. Teleflex Inc.(KSR)*, 550 U.S. ____, 82 USPQ2d 1385 (2007) does not alter the legal standard for determining whether a substantial new question of patentability exists. See the discussion in MPEP § 2216.<

Where a >second or subsequent< request for reexamination of a patent is made before the conclusion of an earlier filed reexamination proceeding pending (ongoing) for that patent, **>the second or subsequent request for reexamination may provide information raising a substantial new question of patentability with respect to any new or amended claim which has been proposed under 37 CFR 1.530(d) in the ongoing pending reexamination proceeding. However, in order for the second or subsequent request for reexamination to be granted, the second or subsequent requester must independently provide a substantial new question of patentability which is **different from** that raised in the pending reexamination for **the claims in effect at the time of the determination** The decision on the second or subsequent request is thus based on the claims in effect at the time of the determination (37 CFR 1.515(a)). If a "different" substantial new question of patentability is not provided by the second or subsequent request for the claims in effect at the time of the determination, the second or subsequent request for reexamination must be denied since the Office is only authorized by statute to grant a reexamination proceeding based on a substantial new question of patentability "affecting any claim of the patent." See 35 U.S.C. 303. Accordingly, there must be at least one substantial new question of patentability established for the existing claims in the patent in order to grant reexamination.

Once the second or subsequent request has provided a "different" substantial new question of patentability based on the claims in effect at the time of the determination, the second or subsequent request for reexamination may also provide information directed to any proposed new or amended claim in the pending reexamination, to permit examination of the entire patent package. The information directed to a proposed new or amended claim in the pending reexamination is addressed during the later filed reexamination (where a substantial new question is raised in the later reexamination for the existing claims in the patent), in order to permit examination of the entire patent package. When a proper basis for the subsequent reexamination is established, it would be a waste of resources to prevent addressing the proposed new or amended claims, by requiring parties to wait until the certificate issues for the proposed new or amended claims, and only then to file a new reexamination request challenging the claims as revised via the certificate. This also prevents a patent owner from simply amending all the claims in some nominal fashion to preclude a subsequent reexamination request during the pendency of the reexamination proceeding.<

## II.  POLICY IN SPECIFIC SITUATIONS

In order to further clarify the meaning of "a substantial new question of patentability" certain situations are outlined below which, if present, should be considered when making a decision as to whether or not "a substantial new question of patentability" is present.

**A.  *Prior Favorable Decisions by the U.S. Patent and Trademark Office (Office) on the Same or Substantially Identical Prior Art in Relation to the Same Patent.***

A "substantial new question of patentability" is not raised by prior art presented in a reexamination request if the Office has previously considered (in an earlier examination of the patent) the same question of patentability as to a patent claim favorable to the patent owner based on the same prior art patents or printed publications. *In re Recreative Technologies*, 83 F.3d 1394, 38 USPQ2d 1776 (Fed. Cir. 1996).

In deciding whether to grant a request for reexamination of a patent, the examiner should check the