IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09CV620 (REP) |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 8 TO EXCLUDE ALLEGATIONS OF PURPORTED BREACH OF EMPLOYMENT AGREEMENTS BY THIRD-PARTY WITNESSES**

ePlus's opposition to Lawson's Motion *In Limine* No. 8 to Exclude Allegations of Purported Breach of Employment Agreements By Third-Party Witnesses pushes legitimate cross examination beyond its fair limits. ePlus wishes to cross examine Charles Gounaris based on a contractual term that ePlus has no evidence was actually included in any employment agreement Mr. Gounaris actually signed, based on something it Googled on the Internet. In essence ePlus aims to undermine the credibility of Mr. Gounaris by intimating he violated his employment agreement when ePlus has <u>zero</u> evidence of an actual violation. This is not proper cross examination. This is advancing baseless accusations to undermine a witness's credibility without proper evidentiary basis. Moreover, ePlus appears to concede it will not seek to cross examine Ms. Eng on this basis. The motion should be granted.

**I.      ARGUMENT**

Efforts to impeach a witness based on unsupported allegations are improper under Federal Rules of Evidence 402 and 403. *See U.S. v. McBride*, 862 F.2d 1316, 1321 (8th Cir. 1988). Proper impeachment requires actual evidence probative to a witness's credibility.

Though ePlus offers case law articulating the importance of cross examination generally, it cites no cases holding that unsupported allegations of wrongful conduct are proper grounds for cross examination. The reason for this is obvious; no court would hold that cross examination may include accusations of malfeasance without any supporting evidence.

ePlus has not demonstrated that it can offer such evidence probative to Mr. Gounaris' credibility. Instead, all ePlus can offer is (1) the fact that another Lawson witness, Pamela Eng, said that IBM had a general policy against employees retaining IBM-owned documents when their employment ended, and (2) an inadmissible[1] document that ePlus printed off the Internet that ePlus contends is a generic IBM employment agreement. That this document has any relevance to Mr. Gounaris is unproven, and an inference untenable. In addition to failing to verify the source, the fact is that IBM has 399,049 employees worldwide.[2] The odds of this agreement bearing any relation to Mr. Gounaris' agreement are worse than the odds of winning a lottery. This evidence is beyond speculative.

The fact that Ms. Eng understood that IBM had a general policy against employees retaining IBM-owned documents tells us virtually nothing. First, this does not tell us that Mr. Gounaris signed an employment agreement that included this policy. Ms. Eng and Mr. Gounaris worked in different branches of IBM. IBM, at the time of Mr. Gounaris' employment, was a massive corporation with thousands of employees. There is no proof that all employees, company wide, signed identical employment agreements, particularly given that different

---

[1] The reasons this document, printed off the Internet is inadmissible are numerous. The document was never disclosed to Lawson prior to ePlus filing its opposition to Lawson's Motion *In Limine* No. 8 and Lawson, which was not able to investigate the circumstances surrounding the document, would be prejudiced by its introduction into this case at this late date. The document is inadmissible hearsay. The document has not been authenticated as required by Rule 901.

[2] *See* www.ibm.com/us/en.

2

employees began their employment with IBM at different times and in different divisions, many of which grew from acquisitions of other companies.

Moreover, ePlus offers no evidence that any policy regarding employee retention of documents was universally included in all employment agreements. There are, of course, additional problems with ePlus's reliance on Ms. Eng's understanding without an actual agreement supporting it. ePlus provides no definition, for example, of an IBM-owned document. ePlus provides no answers to these questions; we have no employment agreement specific to Mr. Gounaris.

If this line of examination was truly important, ePlus could have sought Mr. Gounaris' actual employment agreement from IBM. It did not. IBM, moreover, has never had a problem with Mr. Gounaris's actions. Lawson would be prejudiced by admitting this line of questioning based on this late disclosure. ePlus should not be allowed to attack Mr. Gounaris without any factual basis. This is not the purpose of cross examination. The Court should preclude ePlus from pursuing this line of questioning.

LAWSON SOFTWARE, INC.

By  /s/
     Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

4

## CERTIFICATE OF SERVICE

I certify that on this 12th day of July, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

 

               /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*