IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| ) | Civil Action No. 3:09cv620 (REP) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S REPLY TO PLAINTIFF ePLUS INC.'S OPPOSITION TO MOTION IN LIMINE NO. 9 TO PREVENT ePLUS FROM RELYING ON DIRECTED CUSTOMER DEMONSTRATIONS NOT REPRESENTATIVE OF ACTUAL CUSTOMER USE OF THE LAWSON SYSTEM**[1]

Contrary to ePlus's opposition, infringement is not tied to unusual uses of the accused products. ePlus's direction of South Jersey Healthcare to use Lawson's system in unusual ways is the very type of re-creation that will confuse the jury as to how South Jersey Healthcare normally uses the system to the prejudice of Lawson and should be excluded.

**I.      The Mere Capability to Infringe does Support a Finding of Infringement**

ePlus's contention that "[t]he capability of the accused Lawson S3 procurement system to meet every claim element of an asserted claim is in itself sufficient to prove direct infringement" is contrary to Federal Circuit law. *See* ePlus's Mem. in Opp. to Lawson's Mot. in Limine No. 9 [Doc. No. 309] ("ePlus MIL 9 Opp.") at 5. ePlus is asserting methods claims. Infringing a method claim require that every step of the claims are actually performed, not merely capable of being performed. *Cybersettle, Inc. v. Nat'l Arbitration Fourm, Inc.*, 243 Fed. App'x 603, 607

---

[1] In its opposition, ePlus altered the title of Lawson's motion to distort the relief Lawson is seeking.

(Fed. Cir. 2007) ("A party that does not perform a claimed step does not infringe a method claim merely because it is capable of doing so."); *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) (rejecting an argument that a claim requiring the replacement of appliances can be performed if the appliances are merely "capable of" being replaced); *NTP v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) ("[T]he use of a [claimed] process necessarily involves doing or performing each of the steps cited.").

ePlus is also asserting apparatus claims. Each and every asserted apparatus claim requires catalogs or databases of information about items.[2] However, Lawson's system when installed at South Jersey Healthcare did not include any items. (Exh. 1, Deposition of Lynn Cimino, Rule 30(b)(6) designee for South Jersey Healthcare at 144:13-25.) Thus, Lawson could not have directly infringed when it installed the South Jersey Healthcare system.

Selling a product that has a substantial non-infringing use cannot give rise to indirect infringement. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009).

---

[2] U.S Patent No. 6,023,683:
Claim 3: "at least two product catalogs containing data relating to items associated . . . "
Claim 6: "a database containing data relating to items . . . "
Claim 26: "maintaining at least two products catalogs on a database containing data relating to items . . ."

U.S. Patent No. 6,055,516:
Claim 1: "a collection of catalogs of items . . . "
Claim 2 depends from claim 1, and thus also requires "a collection of catalogs of items . . . "
Claim 6 depends from claim 1, and thus also requires "a collection of catalogs of items . . . "
Claim 9: "a collection of catalogs of items . . . "
Claim 21: ". . . a collection of catalogs of items . . . "
Claim 22 depends from claim 21, and thus also requires ". . . a collection of catalogs of items . . . "
Claim 29: "a collection of catalogs of items . . . "

U.S. Patent No. 6,505,172:
Claim 1: "a database containing data relating to items . . . "

2

The Federal Circuit has held that "non-infringing uses are substantial when they are not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Id.* at 1327 (Fed. Cir. 2009). As discussed in Lawson's initial memorandum in support of this motion, ePlus was only interested in having South Jersey Healthcare use its system unusually. *See* Lawson's Mem. in Support of Mot. in Lim. No. 9 [Doc. No. 288] at 2-3. This is not evidence of infringement because it amounts to only insubstantial use. *See Id.*

ePlus's reliance on *Hilgrave Corp. v. Symantec Corp.* highlights the irrelevance of the South Jersey Healthcare deposition. (ePlus MIL 9 Opp. at 5 (citing 265 F.3d 1336, 1343 (Fed. Cir. 2001)). In *Hilgrave*, the Federal Circuit found that summary judgment of non-infringement was inappropriate because the non-infringement mode only occurred in "unusual circumstances." *Id.* at 1343. In so holding, the Federal Circuit provided a broader principle that "test of an accused device under unusual conditions are not necessarily relevant to an infringement analysis." *Id.* The South Jersey Healthcare deposition is evidence only of use of the South Jersey Healthcare under unusual conditions and is, therefore, not relevant.

## II.     The South Jersey Healthcare Deposition was an Artificial Re-Creation and Should be Excluded as Prejudicial to Lawson

Contrary to ePlus's contentions, the South Jersey Healthcare deposition was a re-creation. The deposition was not an observation of or inquiry into how South Jersey Healthcare normally uses its system. Rather, it was a carefully directed re-creation of how ePlus wanted South Jersey Healthcare to use its system.

```
24    Q.    Okay. Could you show us then --
25    demonstrate for us how you would request a
```

```
                                                  110
1     requisition and turn it into a purchase order?
2     A.    Okay. Normally, we wouldn't create
3     the requisition in the system like this. If I
4     wanted to just -- I would have my paper req, which
5     get turned directly into a PO. If you want me to
6     try and walk through just creating a requisition,
7     releasing it and making a PO from that, --
8     Q.    Correct.
9     A.    -- I'll try for you.
```

(Exh. 1 at 109:24-110:9.)

This is precisely the situation that the Fourth Circuit in *Gladhill v. General Motors Corp.* determined would cause prejudice. 743 F.2d 1049, 1051-52 (4th Cir. 1984.) Presented with a recording and testimony form the South Jersey Healthcare deposition, a jury will not be able to separate how South Jersey Healthcare normally uses its system and the unusual way it which ePlus directed South Jersey to use its system. Furthermore, ePlus will not be prejudiced because it may still rely on the depositions of Novant Health Inc., Robert Wood Johnson University Hospital, and Blount Memorial Hospital, Inc.

### III.    Conclusion

For the reasons stated, Lawson respectfully requests that the Court preclude ePlus from presenting at trial any testimony or recording from the South Jersey Healthcare deposition.

LAWSON SOFTWARE, INC.


By    /s/
    Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 12th day of July, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

      /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

*Counsel for Defendant Lawson Software, Inc*