IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   Case No. 3:09CV620 (REP) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
|    Defendant. | ) |

### DEFENDANT LAWSON SOFTWARE, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE OF DAMAGES PRIOR TO SUIT

Defendant Lawson Software, Inc. ("Lawson") respectfully replies in support of its motion *in limine* to preclude Plaintiff ePlus, Inc. ("ePlus") from presenting evidence and argument relating to damages prior to May 19, 2009, the date this suit was filed. ePlus admittedly does not require at least one major licensee, SAP, to mark the numbers of the patents-in-suit on licensed products, and has no evidence of reasonable efforts to ensure SAP marks. There are no material facts in dispute. In addition, Lawson was not aware of the patents-in-suit until the case was filed, and thus ePlus cannot seek damages for indirect infringement until the time the suit was filed. Thus, ePlus should be precluded from presenting at trial vastly inflated damages for the years 2002 – 2009, when the only damages that can be awarded are for post-May 2009 sales.

**I.   ePLUS DOES NOT DISPUTE THAT SAP, ITS LICENSEE, DOES NOT MARK, AND AS A MATTER OF LAW THAT FAILURE TO MARK BARS PRE-SUIT DAMAGES.**

There is no dispute that the SAP license does not include a requirement that SAP mark its licensed products with the patents. ePlus has admitted that it made a conscious decision to

license SAP and take its settlement money without requiring it to mark. Likewise, there is no dispute that under at least the previous ProcureNet agreement, there was no marking requirement. Thus, contrary to ePlus's arguments, there are no facts in dispute regarding failure to mark.

ePlus appears to suggest that there is an absence of evidence on whether SAP's products are patented, or whether ProcureNet or Fisher sold patented products, and for this reason the court should not grant Lawson's motion in limine. The uncontroverted evidence involving SAP is that ePlus's designated witness and SAP both testified that SAP continues to sell the licensed products the ePlus vigorously contended infringed all three patents in suit. ePlus's own expert tallies the ongoing sales at over $100 million per year. In response, ePlus has nothing. ePlus fails to meet its burden of proof that it complied with the marking requirement. *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894); *Maxwell*, 86 F.3d at 1111; *Motorola Inc. v. U.S.*, 729 F.2d 765, 769-70 (Fed. Cir. 1984). The uncontroverted evidence shows that marking was not substantial and continuous from any date before suit, and ePlus failed to undertake reasonable efforts to ensure marking at least by SAP, a huge licensee. The evidence and law on this issue is more fully developed in Lawson's summary judgment briefing. Thus, this Court should bar ePlus from seeking pre-suit damages, and exclude evidence that purports to show damages before May of 2009.

**II.   LAWSON'S LACK OF KNOWLEDGE OF THE PATENTS-IN-SUIT BARS PRE-SUIT LIABILITY FOR INDIRECT INFRINGEMENT**

ePlus does not suggest that Lawson had specific intent to infringe the patents-in-suit. Nor is there any evidence that Lawson had "deliberate indifference." Indeed, there is no evidence that Lawson was ever even aware of the patents-in-suit. The articles ePlus relies upon to prove knowledge are not admissible evidence, and in any event fail to raise a material fact issue as to

2

Lawson's knowledge. The reasons for this are fully developed in Lawson's summary judgment briefing. Thus, Lawson is not liable for pre-suit indirect infringement, providing a further reason for the Court to exclude evidence that purports to show pre-May 2009 damages.

### III.   CONCLUSION

For the foregoing reasons, this Court should grant Lawson's motion in limine to bar ePlus from seeking or preventing evidence of damages prior to filing suit. ePlus failed to show compliance with the marking requirement and thus its claim for pre-suit damages is barred by 35 U.S.C. § 287. In addition, Lawson was not aware of the patents and thus ePlus cannot seek damages for indirect infringement until after suit was filed. Allowance of the evidence would unfairly prejudice Lawson. The evidence should be excluded at least under Fed. R. Evid. 402 and 403.

LAWSON SOFTWARE, INC.

By   /s/
         Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of July, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

       /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*