IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09CV620 (REP) |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 12 TO PREVENT EPLUS FROM ARGUING THAT LAWSON DIRECTLY INFRINGES[1]**

Plaintiff ePlus Inc.'s ("ePlus") opposition does not address Lawson Software, Inc.'s ("Lawson") Motion *in Limine* No. 12. Contrary to ePlus's opposition, Lawson's Motion *in Limine* No. 12 not seeking to exclude *evidence*. Rather, Lawson's Motion *in Limine* No. 12 is seeking to exclude *arguments*.

ePlus should be prevented from arguing that the evidence shows Lawson directly infringes because there is no evidence that Lawson makes, sells, or offer to sell any device that incorporates all the elements of any asserted apparatus claim or that Lawson performs every element an method claims. *See* 35 U.S.C. § 271. Specifically, ePlus has no evidence that Lawson makes, sells, or offers to sell computers, a requirement of each asserted apparatus claims, and has no evidence that Lawson ever generates purchase orders, a requirement of each asserted method claim.

---

[1] In its opposition, ePlus altered the title of Lawson's motion to distort the relief Lawson is seeking.

ePlus does not dispute that Lawson does not make, sell, or offer to sell computers. Rather, ePlus argues that the asserted apparatus claims do not require a computer. *See* ePlus's Opp. to Lawson's Mot. in Limine No. 12 [Doc. No. 304] at 2. This is demonstrably wrong as discussed in Lawson's initial memorandum supporting this motion. *See* Lawson's Mem. in Support of Mot. in Limine No. 12 [Doc. No. 277] ("Lawson Mem.") at 3-4. Without making, selling, or offering to sell computers, Lawson cannot directly infringe as a matter of law. *See TechSearch LLC. v. Intel Corp.*, 286 F.3d 1360, 1371 (Fed. Cir. 2002) ("To establish literal infringement, all of the elements of the claim, as correctly construed, must be present in the accused system."). If Lawson cannot directly infringe as a matter of law, ePlus should not be able to argue that Lawson directly infringes. This does not mean that ePlus cannot enter evidence of *indirect* infringement. But, ePlus should not be allowed to conflate *direct* and *indirect* infringement before the jury because ePlus must prove specific intent to infringe to recover damages for indirect infringement.

Similarly, ePlus has submitted no evidence that Lawson ever generates actual purchase orders with its system. *See* Lawson Mem. at 4-5. Infringing a method claim requires that every step of the claims is actually performed, not merely capable of being performed. *Cybersettle, Inc. v. Nat'l Arbitration Fourm, Inc.*, 243 Fed. App'x 603, 607 (Fed. Cir. 2007) ("A party that does not perform a claimed step does not infringe a method claim merely because it is capable of doing so."); *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) (rejecting an argument that a claim requiring the replacement of appliances can be performed if the appliances are merely "capable of" being replaced); *NTP v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) ("[T]he use of a [claimed] process necessarily involves doing or performing each of the steps cited."). ePlus's lack of evidence that Lawson actually generates purchase

orders is a fatal flaw to its direct infringement case. Lawson's summary judgment motion explains in further detail the lack of direct infringement. *See* Lawson Mem. at 4-5. Again, ePlus may have evidence that Lawson's customers generate purchase orders, but this is only evidence of *indirect* infringement. This is yet another reason that ePlus should not be allowed to create confusion over damages by conflating *direct* and *indirect* infringement before the jury.

For the reasons stated, Lawson respectfully requests that the Court prevent ePlus from arguing that Lawson directly infringes the patents-in-suit.

LAWSON SOFTWARE, INC.

By  /s/
        Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 12th day of July, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

               /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*