IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| ) | Civil Action No. 3:09cv620 (REP) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LAWSON SOFTWARE'S MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE PORTIONS OF THE DECLARATION OF
ALFRED C. WEAVER, Ph.D. IN OPPOSITION TO
DEFENDANT LAWSON SOFTWARE, INC.'S MOTION FOR SUMMARY
<u>JUDGMENT UNDER 35 U.S.C. § 101</u>**

In addition to replying to Plaintiff ePlus's Opposition to its Motion for Summary Judgment of Invalidity under 35 U.S.C. § 101, Lawson Software moves to strike portions of the Declaration of Alfred C. Weaver, Ph.D. (the "Weaver Declaration") because, in an effort to manufacture a supposed dispute of fact, Dr. Weaver offers a series of legal opinions that invade the province and judgment of the Court and contradict the Court's *Markman* Order in this matter. Without waiving any objections to Dr. Weaver's credentials or to any of his opinions on any grounds or in any other context (including trial, other motions, etc.), this motion focuses on a series of legal conclusions that Dr. Weaver improperly offers in section V of his declaration, paragraphs 26-49.

Lawson moves to strike all legal opinions in those paragraphs, as well as any reference or reliance on any legal opinions from any expert in ePlus's Opposition. More specifically, Lawson

states as follows regarding individual paragraphs of the Weaver Declaration:

**Paragraph 26.** Weaver purports to offer the opinion that the thirteen asserted claims ("Asserted Claims") are not "directed to patentable subject matter." He cannot do that. Whether a patent claim is directed to patentable subject matter is a question of law for the Court to decide. *AT&T Corp. v. Excel Commc'ns, Inc.*, 172 F.3d 1352, 1355 (Fed. Cir. 1999); *Arrhythmia Research Tech., Inc. v. Corazonix Corp.*, 958 F.2d 1053, 1055-56 (Fed. Cir. 1992). As a trial court, *this Court* is uniquely qualified to decide issues like the meaning of a contract provision, the meaning of a patent claim term, and whether a particular claim constitutes patentable subject matter or not. Weaver's attempt to invade the province of the Court by offering legal conclusions is unhelpful and improper under Rules 702-703 of the Federal Rules of Evidence. He is not an expert on *Bilski*, the machine or transformation test, or any other aspect of section 101. He is a professor of computer science and his role is to offer technical information, not legal opinions.

**Paragraph 27.** Lawson objects to all legal opinions in Weaver's Expert Report and to the notion that the Expert Report is incorporated by reference. ePlus had the obligation to point out its specific arguments in opposition to Lawson's motion for summary judgment and cannot incorporate information that it does not explain. Such a blanket incorporation of Weaver entire Expert Report also fails to meet ePlus's obligation to advance specific arguments in opposition to a summary judgment motion. *See* Fed. R. Civ. P. 56.

**Paragraph 28**. Weaver offers a legal opinion about whether certain claims meet the machine or transformation test. That is an issue of law on which Dr. Weaver is not qualified or permitted to offer an opinion.

**Paragraph 29**. What the Federal Circuit meant by "being tied to a specific machine" in the machine or transformation test is a question of law and even of statutory construction.

Weaver's conclusion that certain claims are "tied to a specific machine" is a conclusion of law. The opinion is further lacking in foundation because it is unknown whose definition of "specific machine" Dr. Weaver plugged into his analysis. In essence, Dr. Weaver merely parrots ePlus's legal arguments, which is improper.

**Paragraph 30**. What the Federal Circuit means by "transforming" in the machine or transformation test is a question of law and even of statutory construction. Weaver's conclusion that certain claims "transform" data into a different state or thing is a conclusion of law. Indeed, his opinion is inconsistent with case law suggesting that "data" is not the sort of thing that can be transformed into another "state or matter" as those terms are understood by the courts. The opinion is further lacking in foundation because it is unknown whose definition of "specific machine" Dr. Weaver plugged into his analysis because it is unknown whose definition of "transform" Dr. Weaver plugged into his analysis. Again, Dr. Weaver does not more than improperly parrot ePlus's legal arguments.

**Paragraph 31**. Same objections. Weaver just offers a series of legal conclusions couched in legal language. His opinion concerning whether the claims amount to little more than "abstract ideas" is a naked legal conclusion. His opinion on such issues is simply irrelevant.

**Paragraph 32**. Same objections. Dr. Weaver makes improper legal conclusions. Additionally, he claims that the Court found that the claims were directed "to a special purpose computer." The Court found no such thing, at least as that term is meant in the "machine or transformation test." The Court was not addressing *Bilski* issues in the *Markman* Order and made no findings concerning whether the Asserted Claims fail the machine or transformation test.

Moreover, Weaver's opinion contradicts the Court's *Markman* Order. Weaver opines that

the means-plus-function claims require use of "algorithms defined in the patent specification." However, the Court's construction of the means-plus-function claims did not include any algorithms. For example, the Court construed "means for processing the requisition to generate one or more purchase orders for the selected matching items" to mean "a purchase order generation module operating on a computer system having access to the requisition; and its equivalents." *Markman* Opinion at 47. This construction requires no specific algorithm.

**Paragraph 33.** Dr. Weaver states improper opinions on what the legal term "transform" means and improper opinions on whether the Asserted Claims transform "data" or whether the transformation of data even meets the legal test.

**Paragraph 34.** Dr. Weaver states an improper opinion on whether the Asserted Claims meet the machine or transformation test.

**Paragraph 35.** Dr. Weaver states an improper legal opinion on invalidity, which invades the functions of both the Court and the jury.

**Paragraph 36.** Dr. Weaver states an improper legal opinion on invalidity, which invades the functions of both the Court and the jury.

**Paragraph 37.** Dr. Weaver states an improper legal opinion on what it means to meet the "machine" prong of the machine or transformation test.

**Paragraph 38.** Dr. Weaver states an improper legal opinion on what it means to meet the "machine" prong of the machine or transformation test. Dr. Weaver applies his own definition of "special-purpose machine" without sharing it with the parties or the Court. That is a legal conclusion, not a question of computer law.

**Paragraph 39.** Dr. Weaver states an improper legal opinion concerning what it means to be "tied to a specific machine." That is a legal conclusion, not a question of computer law.

4

**Paragraph 40.** Dr. Weaver states improper legal opinions concerning what it means to be "tied to a specific machine" and what it means to "transform" matter to a different state or thing. These are legal conclusions, not questions of computer law.

**Paragraph 41.** Dr. Weaver states improper legal opinions concerning what it means to be "tied to a specific machine" and what it means to "transform" matter to a different state or thing.

**Paragraph 42.** Dr. Weaver states improper legal opinions concerning what it means to be "tied to a specific machine" and what it means to "transform" matter to a different state or thing.

**Paragraph 44.** Dr. Weaver states an improper legal opinion concerning what it means to be "tied to a particular machine or device."

**Paragraph 45.** Dr. Weaver states an improper legal opinion concerning what it means to be "tied to a particular machine or device."

**Paragraph 46.** Dr. Weaver states improper legal opinions concerning what it means to "transform" one thing into another state or thing and whether data can be the thing transformed.

**Paragraph 47.** Dr. Weaver states an improper legal opinion concerning what it means to be "directed to a particular machine."

**Paragraph 48.** Dr. Weaver states improper legal opinions concerning what it means to "transform" one thing into another state or thing, whether data can be the thing transformed and about what is "insignificant post-solution activity."

**Paragraph 49.** Dr. Weaver states improper legal opinions concerning whether the Asserted Claims meet the machine or transformation test.

5

## **CONCLUSION**

A technical expert who does little more than parrot the legal argument of a party he serves is not helpful to the Court. Whatever his technical acumen as a professor of computer science, Professor Weaver is not competent to offer the naked legal conclusions he repeatedly offers in his declaration. Whether a claim constitutes patentable subject matter under 35 U.S.C. § 101 is purely a question of law for the Court to decide. Weaver's opinions on this subject are improper and should be stricken.

LAWSON SOFTWARE, INC.


By_____/s/_____
                Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 19th day of July, 2010, a true copy of the foregoing was delivered by electronic mail to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

      /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*