**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| ePLUS INC., )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>LAWSON SOFTWARE, INC., )<br>)<br>    Defendant. ) | Civil Action No. 3:09cv620 (REP) |

**DEFENDANT LAWSON SOFTWARE, INC.'S MOTION AND
MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY ORDER**

Defendant Lawson Software, Inc. ("Lawson"), by counsel, hereby moves the Court to clarify its Order entered July 23, 2010 on Lawson's Motion in Limine No. 6 to Exclude Evidence of Publications Related to ePlus's Patent Enforcement Efforts, Litigation and Settlement Agreements [Dkt. No. 361], and in support thereof states as follows:

    1.    The Court's Order denies Lawson's Motion in Limine No. 6 as moot because "the evidence which the Defendant seeks to exclude forms the basis for the testimony at issue in the DEFENDANT's MOTION IN LIMINE NO. 4 (Docket No. 259), which was <u>denied</u>." *See* Exh. 1 (emphasis added).

    2.    The Court, however, did not deny Lawson's Motion in Limine No. 4. Rather, the Court granted Lawson's Motion in Limine No. 4, which sought to exclude the testimony of ePlus's legal expert, Harry Manbeck. *See* Exh. B.

    3.    Moreover, the issue of the admissibility of the documents addressed in Lawson's Motion in Limine No. 6 is not moot, despite the Court's exclusion of Mr. Manbeck's testimony, because ePlus relies on those documents regardless of whether Mr. Manbeck testifies at trial.

4.      Specifically, ePlus offers the documents as proof that Lawson was on actual notice of the patents-at-issue, as required for a finding of not only willful infringement but also for a finding of indirect infringement. Thus, ePlus will seek to admit the documents into evidence regardless of whether Mr. Manbeck testifies.

5.      As set forth in Lawson's Motion in Limine No. 6, however, ePlus cannot establish a foundation that Lawson read or saw any of the documents at issue, and so the documents have no probative value as to the issue of actual notice. In addition, many of the documents do not even mention the patents-in-suit, and admission of the documents would be unfairly prejudicial to Lawson because, among other reasons, they reference ePlus's prior settlements with Ariba and SAP.

6.      Finally, Lawson's Motion in Limine No. 6 also seeks to exclude evidence of ePlus's patent marking practices because ePlus's patent marking only provides *constructive* notice, which is irrelevant to whether Lawson was on *actual* notice of the patents at suit, and so the issue of admission of this evidence is likewise not moot.

WHEREFORE, for the foregoing reasons, Lawson respectfully requests that the Court clarify its Order on Lawson's Motion in Limine No. 6 and exclude the documents identified in that motion and any evidence of ePlus's patent marking practices for the reasons stated in Lawson's memoranda previously filed in support of that motion.

LAWSON SOFTWARE, INC.

By       /s/       
Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of July, 2010, a true copy of the foregoing was delivered by electronic mail to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

                             /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*