IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09cv620 (REP) |
| ) | |
| LAWSON SOFTWARE, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S RESPONSE TO EPLUS'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS RELATING TO EXPERT TESTIMONY OF RUSSELL W. MANGUM, III, PH.D**

Defendant Lawson Software, Inc. ("Lawson"), by counsel, states as follows for its response to the motion of Plaintiff ePlus Inc. ("ePlus") to file supplemental materials relating to its expert witness, Dr. Russell W. Mangum:

**ARGUMENT**

Although Lawson does not feel that *i4i L.P. v. Microsoft Corp.*, 598 F.3d 831 (Fed. Cir. 2010), is relevant because the expert in that case followed an entirely different methodology from Dr. Mangum, Lawson has no objection to the Court's consideration of the case. As the Federal Circuit's decision is reported, the Court presumably has access to it, and so it is unnecessary for ePlus to submit a copy to the Court.

Lawson objects to the submission of a highlighted copy of Dr. Mangum's deposition because it is impermissible for ePlus to use Dr. Mangum's deposition to supplement the methodology disclosed in his report. Dr. Mangum was not deposed until June 22, long after the deadline for ePlus to disclose its expert opinions and after Lawson responded to those opinions. Further, Fed. R. Civ. P. 26 (a)(2)(B) ". . . requires that the testifying expert must file a report

which contains, *inter alia*, a complete statement of all opinions to be expressed and the basis and reasons therefore." *Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 282 (E.D. Va. 2001).  Rule 26(e) permits supplementation of an expert report, but "[s]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998); *see also e.g., Metro Ford Truck Sales, Inc. v. Ford Motor. Co.*, 145 F.3d 320, 324 (5th Cir. 1998), *cert. denied*, 525 U.S. 1068 (1999) ("The purpose of supplementary disclosures is just that -- to supplement.  Such disclosures are not intended to provide an extension of the expert designation and report production deadline."); *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001) (stating that Rule 26(e) does not give a party a right to rely on supplements to produce information required by earlier deadline).  Here, ePlus does not seek to supplement Dr. Mangum's opinions based on new information but rather to correct shortcomings in the methodology Dr. Mangum used in his report.  Dr. Mangum's methodology must stand or fall on the contents of his report – ePlus cannot use Dr. Mangum's deposition testimony in a last ditch effort to salvage an inadmissible methodology.[1]

Moreover, Fed. R. Civ. P. 37(c)(1) and the factors set forth in *Rambus v. Infineon Techs., AG*, 145 F.Supp.2d 721, 726 (E.D. Va. 2001) and *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596-97 (4th Cir. 2003) (approving five factor test set forth

---

[1] ePlus also claims that the parties "agreed to utilize expert depositions as a means of supplementing their disclosures."  ePlus Motion at 2.  While the parties agreed to dispense with rebuttal expert reports, they did not agree to use depositions to allow experts to satisfy the required disclosures under Rule 26.  Rule 26 requires that the initial expert disclosure contain a complete statement of the expert's opinions.  Thus, even if the parties had submitted rebuttal reports, Dr. Mangum could not have used a rebuttal report to correct the deficiencies in the methodology employed in his initial report, as ePlus seeks to do with his deposition.

in *Rambus*) bar ePlus from using Dr. Mangum's deposition to "elucidate his analysis." ePlus Motion at 2. In particular, Rule 37(c)(1) requires a showing of "substantial justification" for failing to disclose information required by Rule 26(a). Here, ePlus can offer no explanation for Dr. Mangum's failure to disclose information in his deposition that goes beyond the contents of his report. *See Southern States*, 318 F.3d at 596-97 (stating that the fourth factor – the explanation for the nondisclosure – relates primarily to the substantial justification exception in Rule 37(c)(1)). In addition, any supplementation of his opinions that Dr. Mangum offered in his deposition is not harmless because Dr. Mangum was not deposed until after Lawson responded to Dr. Mangum's expert report, discovery is closed, and trial is now only six weeks away.

Finally, ePlus has had ample opportunity to submit any relevant testimony from Dr. Mangum. The Court did not raise questions about Dr. Mangum's opinions *sua sponte* as ePlus asserts. Rather, the Court simply addressed the objections to Dr. Mangum's opinions raised by Lawson in its Motion in Limine No. 3. ePlus cannot claim that it was not on notice of the deficiencies in the reliability and relevance of Dr. Mangum's opinions that were addressed at the July 28 hearing, as each one of those deficiencies was raised in Lawson's motion. If testimony in Dr. Mangum's deposition was relevant to Lawson's Motion in Limine No. 3 (and was not barred by Rule 37(c)(1)), ePlus should have cited that testimony in its opposition brief or at the July 28 hearing.

## CONCLUSION

For the foregoing reasons, Lawson respectfully requests that the Court deny ePlus's Motion for Leave to File Supplemental Materials Relating to Expert Testimony of Russell W. Mangum, III, Ph.D. If the Court grants ePlus's Motion, Lawson respectfully requests three days from the date of ePlus's submission of the supplemental material to the Court to respond to that

supplementation.

4

LAWSON SOFTWARE, INC.


By    /s/
       Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of August, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

      /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*