IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ePLUS, INC.

    Plaintiff,

v.                              Civil No. 3:09cv620

LAWSON SOFTWARE, INC.,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the portion of EPLUS' MOTION TO STIRKE (Docket No. 212) respecting the new references to the Lawson V.5 and V.6 systems as they relate to the Court's construction of "means for building a requisition using data relating to selected matching items and their associated sources." For the reasons set forth below, the motion is granted.

## BACKGROUND

A November 2009 Scheduling Order required Lawson to file an initial statement of invalidity defenses by December 8, 2009, with which Lawson complied. On December 23, 2009, Lawson served a Supplemental Initial Statement of Invalidity Contentions. During a March 26, 2010 conference call, the Court instructed Lawson to significantly cut down its references. It also cautioned Lawson that, if Lawson

1

did not provide an appropriate number of references with adequate information for each reference, it would "end up with no prior art defense."

In response to the Court's order, Lawson filed its Second Supplemental Statement of Invalidity Contentions on April 9, 2010. Lawson listed seven prior art references that it alleged anticipated the asserted claims under § 102. Those references were: (1) The Fisher Scientific Requisition and Inventory Management System (the "Fisher RIMS system"); (2) the '989 Patent; (3) U.S. Patent No. 5,319,542; (4) P.O. Writer Plus V.10 as described in the P.O. Writer Plus Version 10 manual; (5) The SABRE system as described in "A Practical Guide to SABRE Reservation and Ticketing; (6) the J-CCON system as described in the J-CON Manual; and (7) The Gateway 2000/MRO Version as described ion Gateway 2000/MRO Version, May 1991. Lawson also listed four combination that it asserted rendered the claims obvious under § 103. Those combinations were: (1) the Fisher RIMS system in combination with the IBM Technical Viewer/2 system and/or the IBM Technical Viewer/2, General Information Manual; (2) the Fisher RIMS system in combination with U.S. Patent No. 4,992,940; (3) the J-CON system as described in the J-CON Manual in combination with the '940 Patent; and (4) the J-CON system as described in

2

the J-CON Manual in combination with P.O. Writer Plus V.10 as described in the P.O. Writer Plus Version 10 manual.

On April 30, 2010 the Court issued its Markman opinion. On May 5, 2010, Lawson filed its expert report on invalidity (the "Shamos Report"). ePlus asserted that the Shamos Report added several new alleged prior art and invalidity defenses, not previously disclosed in the Second Supplemental Statement of Invalidity Contentions. ePlus objected to the inclusion of those references in the expert report and moved to strike them.

On May 24, 2010, the Court heard oral arguments on the motion to strike. At oral argument, Lawson asserted that the Court's construction of "means for building a requisition using data relating to selected matching items and their associated sources" changed the case such that Lawson's new references to the V.5 and V.6 Systems should be allowed. On May 25, 2010 the Court issued an order disposing of all issues in the motion to strike except Lawson's reference to the V.5 and V.6 Systems as they relate to the Court's construction of the "means for building..." term. The Court noted that, while it did not believe Lawson had shown that the Court's construction so changed the case that the new reference should be allowed,

3

it permitted Lawson leave to file supplemental briefing on the issue. The issue is now fully briefed.

## DISCUSSION

A party's failure to abide by Court scheduling deadlines may result in the exclusion of testimony. FED. R. CIV. P. 37(c). However, a court's claim construction may provide a basis for a defendant to cite additional invalidating art when the claim construction "change[s] the rules of the game." Johns Hopkins University v. CellPro, Inc., 152 F.3d 1342, 1357 (Fed. Cir. 1998).

Lawson asserts that it is entitled to add the references to the V.5 and V.6 Systems because the Court's claim construction of the term "means for building a requisition using data relating to selected matching items and their associated sources" changed the case. During the Markman process, ePlus proposed an algorithm including the steps of:

> (1) selecting one or more items from hit lists of catalog items matching search criteria that were returned from searching selected product catalogs;
>
> (2) transferring the selected matching item data to a requisition module; and
>
> (3) building a requisition using data from the selected matching items to populate certain fields on the requisition form; and structural equivalents thereof.

Lawson proposed an algorithm including the steps:

4

(1) entering certain data (e.g., account number, requisition number) in requisition/purchasing system (40 or 240) to create requisition tables stored in requisition database (42A);

(2) initiating search for matching item(s) in catalog database (36 or 236) from either requisition/purchasing system (40 or 240) or catalog search program (50 or 250) running on local computer (20 or 220) via two search means described above;

(3) displaying via catalog search program a hit list (47) of search results;

(4) selecting one or more items to be requisitioned;

(5) generating an order list (48) in shell (52 or 252) and catalog search program (50 or 250) containing data relating to selected items (e.g., vendor name, product description, list price)

(6) displaying data relating to selected items in order list (48);

(7) transmitting data from order list (48) to requisition/purchasing system running on same local computer (20 or 220) via the DDE protocol of interface (60); and

(8) updating requisition tables in requisition database (42A) with data received from order list (48) via interface (60).

The Court construed the structure of the term to be "a requisition module operating on a computer system having access to data in the database, and its equivalents." Lawson asserts that the Court's construction of the structure is broader than that envisioned by the parties

5

because both the constructions proposed by ePlus and Lawson included the use of catalogs and hits lists and required a step related to the transfer of matching item data to a requisition system.

Further, argues Lawson, the Court also broadened the function of the claim term. The parties and the Court agreed that the function should be "building a requisition using data relating to **selected matching items** and their associated source(s)." Lawson proposed that "selected matching items are "one or more items selected by a user in the search program from a list of 'matching items' for inclusion in an order list." ePlus asserted that "selected matching items" are "items returned in search results that are selected for inclusion on an order list or in a requisition." The Court construed "selected matching items" to mean "requisition items."

Lawson asserts that, with this new claim construction in mind, Dr. Shamos found that the V.5 and V.6 Systems included a requisition module as construed by the Court. For example, Dr. Shamos states:

> Version 6.0 of the Lawson's Requisition Module enabled users to create a requisition from a standard order. An order could be created from items retrieved from the database by item number. Items in the Item Master File (inventory and non-stock items) could be added to requisitions: "The Lawson Requisitions system interfaces with the

> Lawson Inventory Control system for requisitioning stock and non-stock items.[1]

(Shamos Report at ¶ 134.) And, says Lawson, because inclusion of the V.5 and V.6 System was a response to the broadening of the claims construction, the Court should deny the motion to strike as to that portion of the report.

In response, ePlus asserts that Lawson should have anticipated the possibility of the Court's construction because ePlus suggested that the Court adopt the very construction of "selected matching items" that it did. (See Pl. Ex. A at 47-48.) This, of course, greatly weakens Lawson's claim that the "claim constructions [] ordered by th[e] court [] were broader than those proffered by either ePlus or Lawson during the Markman process." (Tr. at 19:22-24.) And, asserts ePlus, the Court's construction did not change the rules of the game, but rather, was entirely consistent with the claim and patent law. For example, the Court construed "matching items" as "the search results." (Docket No. 204 at 17.) Accordingly, says ePlus, selected matching items are the selected search

---

[1] Lawson also cites to Exhibit 3 of the Shamos Report, which it cited at the hearing on the motion to strike. However, at oral argument the Court instructed Lawson that in order to use the material in Exhibit 3 it needed to explain the nexus between the Shamos Report and the exhibit as well as the meaning of the cited material in exhibit 3. (See Tr. at 56:25-57:19.) Lawson could not do so at oral argument and did not do so in their round of briefing.

7

results intended for included in the requisition. With this understanding of the construction, says ePlus, very little changed.

Additionally, ePlus notes that Lawson has never before felt encumbered by claim construction when disclosing its invalidity contentions. Indeed, prior iterations of Lawson's invalidity contentions disclosed the V.5 and V.6 Systems as prior art. (See Pl. Ex. B at 1.) The V.6 System was specifically asserted against the "means for building..." element and was not tied to any particular claim construction.

Finally, ePlus argues that had the Markman decision truly changed the rules of the game, the appropriate course was for Lawson to move for leave to revise its invalidity contentions. ePlus asserts that because Lawson did not do so, it should not be permitted to do so now.

On the whole, Lawson has failed to carry its burden to show that the Court's construction of the "means for building..." term changed the rules of the game. Significantly, Lawson cannot seriously be taken in asserting that the function construction was substantially different than the constructions proffered by the parties. Indeed, the construction of "selected matching items" was the very same agreed to by ePlus at the Markman hearing.

Certainly, by the time of the hearing, Lawson was aware of such a construction, well before Lawson submitted its Second Supplemental Statement of Invalidity Contentions, excluding the V.5 and V.6 Systems. Further, Lawson has not explained how the Shamos Report addresses the particular element at issue as it relates to the V.5 and V.6 systems.[2]

## CONCLUSION

For the reasons stated above, it is respectfully submitted that ePlus' MOTION TO STRIKE is granted to the extent provided above.

/s/ REP
Senior United States District Judge

Richmond, Virginia
Date: August 13, 2010

---

[2] The string cite to the Shamos Report simply does not discharge Lawson's burden. (See Def. Supp. Br. at 5.)

9