IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS iNC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF *e*PLUS INC.'S SECOND SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANT LAWSON SOFTWARE, INC.'S FOURTH SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33 and Local Rule 26(c), Plaintiff *e*Plus inc. ("*e*Plus" or "Plaintiff"), by and through its attorneys, hereby objects to and answers the Fourth Set of Interrogatories ("Interrogatories") served by Defendant Lawson Software, Inc. ("Defendant" or "Lawson") upon *e*Plus.

### GENERAL OBJECTIONS

*e*Plus makes the following General Objections, whether or not separately set forth in response to each Interrogatory, to each and every instruction, definition, and question posed in the Interrogatories:

1. *e*Plus objects to Defendant's First Set of Interrogatories, including the Definitions and Instructions, to the extent they seek to impose discovery obligations beyond those imposed by the Local Rules of the United States District Court for the Eastern District of Virginia, the Federal Rules of Civil Procedure, and/or other applicable law.

LIBA/2087970.1



**SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 16:**

ePlus incorporates by reference the Expert Report of Harry F. Manbeck, Jr., dated May 3, 2010.

**INTERROGATORY NO. 17**

If ePlus contends it has been damaged by any Defendant's alleged infringement, state all facts that support ePlus's contentions(s), including all bases for and types of damages allegedly suffered (e.g., lost profits, price erosion, and/or reasonable royalty), the amount of and basis for any applicable reasonable royalty rate, and an explanation of any lost profit claim; and identify all documents related to such contention and identify all person(s) with knowledge about such contention.

**OBJECTIONS:**

ePlus objects to this Interrogatory to the extent it calls for the disclosure of documents and information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege. ePlus further objects to this Interrogatory as a premature attempt to elicit expert testimony. ePlus also objects to this Interrogatory as premature in that Defendant has only just began producing its financial data relative to the accused products.

**ANSWER TO INTERROGATORY NO. 17**

To the extent that information responsive to this Interrogatory includes matters that will be presented at trial by, or with the assistance of, an expert witness, then they will be provided in accordance with the scope and timing limitations imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Virginia, and the Scheduling Orders and discovery plans entered in this action.

ePlus contends, however, that under 35 U.S.C. § 284 it is entitled to compensatory damages in no event less than a reasonable royalty for Lawson's infringement. In addition, ePlus contends that it is entitled to increased damages and attorneys' fees for Lawson's willful

infringement pursuant to 35 U.S.C. § 285. However, the answer to this Interrogatory depends in large part on information and documents presently in the possession of Lawson. Lawson has only started producing those documents. Accordingly, *ePlus* is unable to provide a specific estimate of a reasonable royalty, or other damages, to which it is entitled at this time. *ePlus* reserves the right to supplement its Answer to this Interrogatory after Lawson's documents are produced and *ePlus* is able to obtain additional discovery from Lawson.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 17

None.

## SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 17

*ePlus* incorporates by reference the Expert Report of Russell W. Mangum III, Ph.D., dated May 3, 2010 and the Expert Report of Harry F. Manbeck, Jr., dated May 3, 2010.

## INTERROGATORY NO. 18

For each instance in which *ePlus* contends that it has competed against any Defendant for the sale of electronic procurement or sourcing products or services, and/or any accused product or service, set forth all facts and circumstances regarding such competition, including, but not limited to, the identity of the companies involved, the identity of the individuals involved, the products and/or services involved, the date of such competition, the outcome of such competition, and any communications concerning the reasons for the outcome of such competition.

## OBJECTIONS:

In addition to its General Objections, *ePlus* further objects to this Interrogatory as overly broad and unduly burdensome in requiring an extensive narrative of all facts and circumstances regarding every instance in which the parties have competed. Moreover, there may be instances in which *ePlus* was unaware that it was competing against Lawson for the sale of eProcurement products or services. *ePlus* will therefore attempt to identify instances in which *ePlus* was aware that both *ePlus* and Lawson provided a prospective or existing customer with a specific proposal

Respectfully submitted,

Date: May 18, 2010

*[signature: Jennifer A. Albert]*

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, L.L.P.**
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson (*admitted pro hac vice*)
Jennifer A. Albert (*admitted pro hac vice*)
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
jalbert@goodwinprocter.com
srobertson@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus inc.

-13-

LIBA/2087970.1