# EXHIBIT 4

```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE EASTERN DISTRICT OF VIRGINIA

 3                    RICHMOND DIVISION

 4

 5    ---------------------------------------
                                           :
 6     ePLUS, INC.                         :   Civil Action No.
                                           :   3:09CV620
 7     vs.                                 :
                                           :
 8     LAWSON SOFTWARE, INC.               :   July 28, 2010
                                           :
 9    ---------------------------------------

10

11       COMPLETE TRANSCRIPT OF THE MOTIONS HEARING

12          BEFORE THE HONORABLE ROBERT E. PAYNE

13             UNITED STATES DISTRICT JUDGE

14
      APPEARANCES:
15
      Scott L. Robertson, Esquire
16    Michael G. Strapp, Esquire
      Jennifer A. Albert, Esquire
17    Goodwin Procter, LLP
      901 New York Avenue NW
18    Suite 900
      Washington, D.C.  20001
19
      Craig T. Merritt, Esquire
20    Christian & Barton, LLP
      909 East Main Street
21    Suite 1200
      Richmond, Virginia  23219-3095
22    Counsel for the plaintiff

23

24                Peppy Peterson, RPR
                Official Court Reporter
25            United States District Court
```

2

```
 1   APPEARANCES:  (cont'g)

 2   Dabney J. Carr, IV, Esquire
     Troutman Sanders, LLP
 3   1001 Haxall Point
     Richmond, Virginia  23219
 4
     Daniel W. McDonald, Esquire
 5   Kirstin L. Stoll-DeBell, Esquire
     Merchant & Gould, PC
 6   80 South Eighth Street
     Suite 3200
 7   Minneapolis, Minnesota  55402
     Counsel for the defendant
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   and where and when it -- what he's testifying to relates back

2   to those original claims because he has, I've been able to tell

3   from what I've been given, a propensity to roam and wander, and

4   you better get him back on the reservation, because if he roams

5   and wanders and I have to tell him more than once, he will be

6   roaming and wandering out the back door.

7           And the same is true for Dr. Weaver.  They're not

8   going to take over the courtroom and do what they want to do.

9   It's going to be done according to the rules.

10          The same is true for these obviousness combinations,

11  41 brand new ones.  They weren't disclosed.  Now, if he

12  identified Gateway references originally that were other than

13  the 2000/MRO manual, he can testify about that.  If he didn't,

14  he can't.

15          The next issue is whether this evidence of Shamos's

16  that you're fighting over is relevant to the issue of damages.

17  It is said that it's relevant to the issue of non-infringing

18  alternative.  I don't believe that that's been established.

19          It is true that the original orders on this point

20  that we were dealing with dealt with invalidity contentions,

21  but you can't get in all these extrinsic information that

22  really relate to points of invalidity under the guise of

23  something else.  In other words, you can't dress them up in

24  another dress and send them out into the world.  That would be

25  like -- would be like what Jefferson Davis did to lead the

1    confederacy, dressed up like his wife in a dress and headed

2    out.  We can't have that.

3          I don't see how any of this evidence bears on the

4    damages issue, nor do I see how the evidence that 6.5 -- six

5    and 5V systems and earlier are substantially the same as the

6    8.0.3 systems that are accused has any probative value as to

7    the willfulness issue, and to the extent that it has value on

8    that issue, i.e., to the extent it's relevant on that issue,

9    the presentation of that evidence would offend Rule 403 because

10   it would cause delay, confusion, and make side trials out of a

11   very difficult case already, and the jury, I expect, I

12   anticipate would be hopelessly confused.

13         With the help of a mind substantially better than my

14   own, for sometime I have been trying to understand what's been

15   going on in this area, and if I can get confused by it, I have

16   every confidence that a jury can.  I have to make sure what I'm

17   doing every time that I deal with this issue just to avoid

18   confusion.

19         I don't think it's pertinent to lack of specific

20   intent to induce infringement either or to discredit ePlus's

21   infringement and damages contention for the same reason.  To

22   the extent it might be relevant, it's a 403 analysis, and the

23   use of the pre-2002 systems don't do anything but provide

24   confusion, delay.

25         Also, to the extent that Shamos is proffered to

1    is not right for the parties to be saddled with the

2    consequences of the Court's failure to be precise in its

3    orders.

4              Mr. Robertson is correct that the purpose of that

5    provision is to avoid redundant, cumulative expert testimony

6    and the situation that is presented when you have three experts

7    testifying essentially to the same thing and you're trying

8    to -- and one side is forced then to try to meet the number of

9    experts that the other side puts on.

10             That was the intent of the provision, and it's the

11   way it's been applied over the years.  So I can't say ePlus's

12   interpretation of the word "discipline" is wrong in perspective

13   of its representations that there will be no overlapping

14   testimony.  I can't say either that the testimony -- that the

15   interpretation of Lawson was wrong in respect of its

16   interpretation of the matter.

17             Under the circumstances, it's important to remember

18   that under Rule 1 of the Federal Rules, it is the purpose of

19   all the rules, federal and local, to achieve a prompt or a

20   speedy, just, and efficient resolution of cases.  So this rule,

21   this order has to be interpreted in respect of the basic

22   concepts of fairness and justice as well.

23             Doing that in this case under the circumstances of

24   this case, so long as there isn't any overlapping testimony,

25   justice can best be served by denying this motion and allowing

1   ePlus leave to have either -- I mean Lawson, excuse me, it's

2   been a long day -- to have time to have another expert if it so

3   desires if it feels like it's disadvantaged in the area of

4   source code.  I think that -- I'm sure that your own people,

5   you can probably do that in-house, but if you need to go

6   outside, you can go outside, and you can meet Mr. Hilliard's

7   testimony with another expert if you so desire.

8           I think that in that way -- I regret the Court's

9   failure to define the matter more precisely, and I regret that

10  you all didn't bring this to me when it first came up, because

11  I would have solved it by extending your time for getting

12  experts and giving you some extra leeway had it been brought to

13  me, but I don't think that the result that should obtain here,

14  notwithstanding that you all didn't come to the Court as early

15  as you should have, is to prejudice the outcome of the case by

16  striking experts which will, in effect, mean that one party or

17  the other is left without evidence on a topic thereby

18  resulting, or almost assuredly resulting, in a Rule 50(b)

19  motion that will be based on something that's artificial and

20  not in the interest or the spirit of the enforcement of the

21  rules, nor do I think it's fair to keep Lawson tied to where it

22  is right now.

23          It doesn't have to have any other experts.  I need

24  for you to fish or cut bait very quickly, but you have every

25  right to talk to your client and caucus among yourselves, and I