# EXHIBIT 5

# Merchant & Gould
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

| Direct Contact | **Daniel W. McDonald** |
|---|---|
| | dmcdonald@merchantgould.com |
| | 612.336-4637. |

August 27, 2010

The Honorable Robert E. Payne
United States District Court for the
Eastern District of Virginia
Federal Courthouse – Room 3000
701 East Broad Street
Richmond, VA 23219

> Re:   **ePlus, Inc. v. Lawson Software, Inc**
> **Civil Action No. 3:09cv620**

Dear Judge Payne:

This letter responds to Mr. Robertson's letter served yesterday regarding Lawson's two new expert reports.  Lawson has done nothing wrong.

In ruling on Lawson's Motion in Limine No. 5, this Court stated:

> Doing that in this case under the circumstances of this case, **so long as there isn't any overlapping testimony**, justice can best be served by denying this motion and allowing ePlus leave to have either -- I mean Lawson, excuse me, it's been a long day -- to have time to have another expert if it so desires if it feels like it's disadvantaged in the area of source code. I think that -- I'm sure that your own people, you can probably do that in-house, but if you need to go outside, you can go outside, and you can meet Mr. Hilliard's testimony with another expert if you so desire.

July 28 2010 Hearing Transcript at 219:23-220:7.  On August 25 Lawson served ePlus with two expert reports, one from Keith Knuth rebutting Mr. Niemeyer's source code expert report and one from Preston Staats, PhD rebutting Mr. Hilliard's prior art invalidity report.

ePlus complains that Dr. Staats's expert report is substantively identical to Dr. Shamos's invalidity report.   Dr. Staats's report addresses Mr. Hilliard's opinions virtually paragraph by paragraph, and opines contrary to Dr. Hilliard that ePlus's asserted claims are invalid based on one or more the following prior art references:  RIMS, TV/2, the

The Honorable Robert E. Payne
August 27, 2010
Page 2

'940 patent, the '542 patent, PO Writer, J-CON, and Gateway.   ePlus does not dispute
that the scope of Dr. Staats's report is completely within the scope of Lawson's invalidity
contentions.  Nor is there any dispute that Dr. Staats's invalidity report does not address
Lawson's prior art systems at all.  It is of course true that the subject matter of Dr. Staats's
report overlaps with Dr. Shamos's report, because Mr. Hilliard was responding to Dr.
Shamos.  The whole point of the Court's order was to allow Lawson to match up two
additional experts with the two additional experts ePlus had, not to allow Lawson to
introduce new grounds for invalidity under 102 and 103.

We certainly understand that we are not to use two experts to opine on the same subject
matter.  To that end, we have already assured ePlus that Dr. Shamos will not testify on
the subject matter of Dr. Staats's report.  That should fully resolve the issue raised by
ePlus.  There will be no overlapping testimony.   ePlus raises no other concerns about the
Staats report, so we believe this issue is mooted by our assurances.

ePlus's complaint makes no sense – under its view of the world, Dr. Staats was not
permitted to give any invalidity opinions that are the same as Dr. Shamos's invalidity
opinions and not allowed to give any invalidity opinions not disclosed in Lawson's
second supplemental invalidity contentions.  This would leave Dr. Staats with nothing to
say.  Surely this was not the point behind your order allowing Lawson to disclose new
experts.  Rather the point was to allow Lawson to have two invalidity experts to match
ePlus's two invalidity experts.

ePlus alleges that Mr. Knuth "performed an analysis comparing the accused products to
*Lawson legacy systems* – a theory that the Court already excluded." Mr.
Robertson loosely uses the term "legacy systems."  This Court has excluded Lawson
from using its Version 5.0 and 6.0 for any purpose other than invalidity of an element of
claim 6 of the '683 patent.  **Mr. Knuth's report says nothing about version 5.0 or
version 6.0.**  He does have a few paragraphs discussing Lawson's software Version 7.2.4,
which was introduced long after the patents-in-suit.  Version 7.2.4 is **not** prior art, **cannot**
be used for invalidity, and has not been part of any motion filed before this Court.
Indeed, Mr. Robertson acknowledged as much in the August 17, 2010 phone call:

> Apparently, now Lawson's position is that 7.0 is now on the table because
> the Court's ruling wasn't specific as to that, but only 5.0 and 6.0. And so
> the same arguments are being raised as part of non-infringing alternatives,
> lack of willfulness, etc.
>
> THE COURT: **Was 7.0 ever on the table? I don't remember it,** but I've
> got a lot of cases, and I could be wrong.
>
> MR. ROBERTSON: **It's our position that it was not, Your Honor.**
>
> THE COURT: Then I'm sure I'll get a proper motion from you when you
> get a reply.

August 17, 2010 Transcript at 9:17-10:11 (emphasis added).

The Honorable Robert E. Payne
August 27, 2010
Page 3

In any event, Mr. Knuth's references to version 7 were few and far between and are not central to his rebuttal.   They primarily provide context for the rebuttal to ePlus's source code expert because Version 7 was the major release immediately prior to the accused Version 8.0.3 and they help explain what changed when Lawson introduced the systems now accused of infringement.   Yesterday afternoon Lawson informed ePlus that it would *remove the references to Version 7* from Mr. Knuth's report "in the interests of resolving the issue without bothering the Court, and to avoid unnecessary distractions while we should be putting our efforts into narrowing the issues and preparing for trial." *See* e-mail from Kirstin Stoll-DeBell to Scott Robertson, dated Aug. 26, 2010 (attached hereto). Lawson has already served ePlus with a redacted report of Mr. Knuth.  ePlus has raised no other concerns regarding Mr. Knuth's report, so we believe our action should moot ePlus's concerns about the Knuth report as well.

We believe a motion to strike Lawson's two new expert reports is completely unwarranted.

In the meantime, Lawson has offered Dr. Staats for a deposition on August 31, 2010 and Mr. Knuth for a deposition on August 3, 2010, both in Washington D.C.  ePlus refuses to confirm these depositions.  With trial scheduled only two weeks from now, these are the only possible dates for their depositions.  Because Dr. Staats is scheduled to travel on Sunday, we need to know whether ePlus intends to take his deposition today.

Sincerely,

MERCHANT & GOULD

Daniel W. McDonald

Attachment

# Victoria Hanson

**From:** Kirstin Stoll-DeBell
**Sent:** Friday, August 27, 2010 9:06 AM
**To:** Victoria Hanson
**Subject:** FW: Preston Staats

---

**From:** Kirstin Stoll-DeBell
**Sent:** Thursday, August 26, 2010 2:20 PM
**To:** 'Robertson, Scott L'; William D Schultz
**Cc:** Clements, James D; Strapp, Michael; Daniel McDonald; Rachel Hughey; Joshua P. Graham
**Subject:** RE: Preston Staats

Scott:

I will start by correcting the record.  I did <u>not</u> tell Judge Payne that we were not addressing version 7.  As demonstrated by the transcript quoted below, I represented that we would not introduce new **invalidity** theories in our new expert reports, and we did not.  Every theory in Dr. Staats's report was disclosed in Lawson's second supplemental invalidity statement.

> The second issue is that it's been represented to us that he will be raising theories that go outside of the scope of what Your Honor has ruled is the **four corners of the invalidity theories** that the witnesses can present.  I thought we addressed that issue last Thursday. Ms. Stoll-DeBell wasn't on that call. That was the call regarding Dr. Mangum. I raised this issue again on the call. The Court indicated that there would not be any new theories on invalidity rulings. There was a ruling, but we're a little confused.
>
> THE COURT: I was sure on the last call and I'm sure now that there will be no expert testimony on invalidity theories that weren't disclosed pursuant to the orders. That issue has previously been briefed and decided. I'm not going to revisit that issue. If I was wrong, I was wrong, but that's going to be the rule, and I'm sure Lawson will abide by it, won't you, Ms. Stoll-DeBell?
>
> MS. STOLL-DeBELL: Yes, Your Honor.

August 17, 2010 Transcript at 11:11-12:1 (emphasis added).  <u>Lawson Version 7 is not prior art and therefore cannot serve as a basis for invalidity.</u>  Regarding version 7, Judge Payne said it was not part of his order on your motion to strike and you agreed:

> Apparently, now Lawson's position is that 7.0 is now on the table because the Court's ruling wasn't specific as to that, but only 5.0 and 6.0. And so the same arguments are being raised as part of non-infringing alternatives, lack of willfulness, etc.
>
> THE COURT: Was 7.0 ever on the table? I don't remember it, but I've got a lot of cases, and I could be wrong.

08/27/2010

MR. ROBERTSON: It's our position that it was not, Your Honor.

THE COURT: Then I'm sure I'll get a proper motion from you when you get a reply.

Id. at 9:17-10:11.  In any event  the references to version 7 are not central to Mr. Knuth's rebuttal. Therefore, in the interests of resolving the issue without bothering the Court, and to avoid unnecessary distractions while we should be putting our efforts into narrowing the issues and preparing for trial, we will remove the references to Version 7 from Mr. Knuth's report.  Mr. Knuth will not testify regarding version 7 at trial.  Attached is a redacted and corrected report of Keith Knuth ( eliminating references to version 7 and also correcting  a copy/paste mistake), a redlined version of the report so you can see what we deleted, a new Appendix D, and a redlined Appendix D.

I am confused by your objections regarding Dr. Staats.  If your objection is duplication of testimony, as Will explained below, he will not be opining on the same issues as Dr. Shamos and Dr. Shamos will not be opinion on the same issues as Dr. Staats.

Further, I don't understand your complaint that Lawson is "doing over" its expert reports.  The Court specifically allowed us to bring in a new source code expert to rebut Mr. Niemeyer and a new prior art invalidity expert to rebut Mr. Hilliard.   You have two invalidity experts, and now so do we.  Because we cannot have two experts opining on invalidity based on the same prior art and because we cannot add any new prior art defenses, we necessarily have to replace Dr. Shamos's opinions with Dr. Staats's opinions to the extent that they overlap.  The Court granted this relief so that each side would have the same number of technical experts and did so in an attempt to cure the prejudice caused by your violation of the Scheduling Order.

We are also attached a corrected version of Dr. Staats report, which also contained a typo in paragraph 7.

Finally, we do not appreciate being threatened with motions for sanctions, particularly when the basis for your threat is your misrepresentation of the record.   And, since you raised no other grounds for objecting to the Knuth or Staats reports, we expect you will not sandbag us with further objections at this point.

**Kirstin L. Stoll-DeBell**
Partner
Merchant & Gould P.C.
1050 Seventeenth Street, Suite 1950
Denver, Colorado 80265-0100

**Telephone** (303) 357-1640
**Mobile** (303) 941-8888
**Fax** (303) 357-1671
**www.merchantgould.com**

**GUARDIANS OF GREAT IDEAS** [®]

Atlanta | **Denver** | Knoxville | Madison | Minneapolis | New York City | Omaha | Seattle | Washington D.C.

Note: This e-mail message is confidential, and may be privileged, or otherwise protected by law. If you are not the intended recipient, please (1) Reply via e-mail to sender; (2) Destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) Refrain from copying or disseminating this communication by any means whatsoever. Thank you.

08/27/2010

**From:** Robertson, Scott L [mailto:SRobertson@goodwinprocter.com]
**Sent:** Thursday, August 26, 2010 10:27 AM
**To:** William D Schultz
**Cc:** Clements, James D; Strapp, Michael; Daniel McDonald; Kirstin Stoll-DeBell; Rachel Hughey; Joshua P. Graham
**Subject:** Re: Preston Staats

Will,

This is simply unacceptable. What you are essentially saying is you are no longer happy with your designated expert--who you disclosed and served reports under Judge Payne's Scheduling Order--and now on the eve of trial, with no opportunity to respond, you want a "do over," never mind that was not what Lawson represented to the Court was the purpose of this request.

Further, this was not an opportunity for Lawson to "dump" its expert and replace him with another on the same prior art and same issues. I can understand why Lawson would want to do this, but I'm confident that was not what the Court was contemplating when it permitted an additional expert.

Your email also does not address the opinions of your source code employee, Mr. Knuth, on version 7. By its absence, I assume you concede the inappropriateness of such subject matter. Please let us know whether you will be withdrawing those opinions, otherwise they will be the subject of our motion, and given Ms. K Stoll-DeBell's unequivocal representation to the Court in the hearing last week that Knuth would not be addressing Version 7.0, we think sanctions should be warranted. I suggest she review the transcript on this point

Accordingly, we object. And we intend to move to strike both reports.

We should discuss an expedited briefing schedule so we can resolve this dispute by the pretrial. Of course, if you agree to withdraw the reports, this can all be avoided.

-Scott

Scott L. Robertson
Goodwin | Procter LLP
901 New York Avenue NW
Washington, D.C. 20001
202-346-4331 (direct phone)
202-346-4000 (general phone)
202-346-4444 (fax)
srobertson@goodwinprocter.com
www.goodwinprocter.com

**From**: William D Schultz <WSchultz@merchantgould.com>
**To**: Robertson, Scott L
**Cc**: Clements, James D; Strapp, Michael; Daniel McDonald <DMcDonald@merchantgould.com>; Kirstin Stoll-DeBell <KStollDeBell@merchantgould.com>; Rachel Hughey <RHughey@merchantgould.com>; Joshua P. Graham <JGraham@merchantgould.com>
**Sent**: Thu Aug 26 11:21:41 2010
**Subject**: Preston Staats

Scott, on our meet and confer call this morning you represented that you were going to object to Preston Staats because he opines on the same issues as Dr. Shamos. Lawson plans to offer only Mr. Staats with respect to 102 and 103 issues. Dr. Shamos will not be used as a witness on those issues with the exception of the Lawson

08/27/2010

legacy system and its relation to Claim 6 of the '683 patent, which Mr. Staats will not address.  Therefore, there will will be no duplication of testimony.
We hope this addresses your concern completely regarding the Staats report.  If there are any other issues, please let us know.  We all have enough to do at this point, so we are hoping a motion is unnecessary.

Further, this email confirms that Mr. Staats is available for deposition in DC on August 31.  If you want to take his deposition, please confirm that date.


Will


**William Schultz**
Partner
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

**Telephone** (612) 336-4677
**Mobile** (612) 386-1232
**Fax** (612) 332-9081
**www.merchantgould.com**

**GUARDIANS OF GREAT IDEAS** ®

Atlanta | Denver | Knoxville | Madison | **Minneapolis** | New York | Omaha | Seattle | Washington D.C.

Note: This e-mail message is confidential, and may be privileged, or otherwise protected by law. If you are not the intended recipient, please (1) Reply via e-mail to sender; (2) Destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) Refrain from copying or disseminating this communication by any means whatsoever. Thank you.

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


08/27/2010