# EXHIBIT 7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| | )   **Civil Action No. 2:09cv232** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PERFECT COMMERCE, INC., | ) |
| SCIQUEST, INC., LAWSON | ) |
| SOFTWARE, INC. AND VERIAN | ) |
| TECHNOLOGIES, INC. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF *e*PLUS INC.'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT LAWSON SOFTWARE, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff *e*Plus inc.,

("*e*Plus"), hereby requests that, within thirty (30) days of the date of service of these

interrogatories, and in accordance with the following definitions and instructions, Defendant

Lawson Software, Inc. ("Lawson") answer separately, in writing, and under oath, by an officer or

duly authorized agent of Lawson, the following interrogatories.

The following interrogatories are continuing, and Lawson must promptly supplement its

answers in accordance with Federal Rule 26 as additional or corrected information comes to its

attention and that of its attorneys.

### DEFINITIONS

1.      The definitions contained herein, unless provided otherwise, apply to all

discovery requests, including subsequent discovery requests.

2.      "Person" means any natural person, group of natural persons, a partnership of any kind, a corporation, or any business, legal or governmental entity or association including the parties, and the "acts" of a person shall include the acts of directors, officers, employees, agents, representatives, consultants, and attorneys acting on the person's behalf.

3.      "ePlus" refers to Plaintiff ePlus inc., and includes ePlus' subsidiaries, affiliates, successors and assigns, and all of their officers, directors, shareholders, employees, agents, attorneys and representatives.  The group of persons falling under this definition and to which the discovery requests, including the following interrogatories, shall apply include those persons falling under this definition in the past, present and during and throughout this lawsuit going into the future.

4.      "You" or "your" means Lawson.

5.      "Lawson" means the Defendant Lawson Software, Inc., and includes Lawson's parents, subsidiaries, affiliates, successors and assigns, and all of their officers, directors, principal owners, partners or shareholders, employees, agents, attorneys and representatives. The group of persons falling under this definition and to which the discovery requests, including the following interrogatories, shall apply include those persons falling under this definition in the past, present and during and throughout this lawsuit going into the future.

6.      The word "document" is used herein in its broadest sense to mean every document or other record of any kind to the broadest extent permitted under the Federal Rules of Civil Procedure, including, without limitation, any written, printed, typed, recorded, computerized or electronic data, taped, filmed, graphic or other matter, in whatever form, whether in final or draft, however produced or reproduced, and any written or original, master, duplicate, paper copy or electronic copy.  "Documents" shall further include all aural, visual

LIBW/1713259.1

records or representations (including, without limitation, photographs, negatives and prints), microfiche, microfilm, film, videotape, sound recordings, and motion pictures and computer, electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, programs, etc.). "Electronic data" includes without limitation all text files (including word processing documents and presentations), spread sheets, electronic mail documents (emails), instant messages including those saved as files and stored on computer systems, databases, calendars, computer system activity logs, audit trails, data used for electronic data interchange, internet usage files, network access information, voice mail, digitized audio, digital image files, video files (*e.g.*, data stored in MPEG, JPEG, GIF, TIFF and BMP formats) and any other information stored magnetically, optically or electronically, and data stored on workstations, laptops, network servers, removable media, handheld devices, backup tapes, hard disk drives, diskettes, and other computer media such as magnetic tape, floppy disks, memory sticks and recordable optical disks. "Documents" shall include, without limitation, any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report or other similar matter, and also shall include, without limitation, all correspondence, papers, e-mail, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, plats, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles, and other record of any kind.

3

7.    The word "thing" is used herein in its broadest sense to mean each item, sample, specimen, concrete or tangible object.

8.    "Discussion" means an assembly, congregation, encounter, meeting or conversation between or among two or more individuals for any purpose, whether or not planned, arranged, or scheduled in advance.  "Discussions" include, without limitation, all oral communications, whether or not in person, by telephone, or otherwise, between two or more individuals.

9.    "Communication" means any discussion or any written or electronic correspondence, of any kind.

10.    "Disclosure" means an act or instance of communicating information, including written, oral or electronic communication.  "Disclosures" include, without limitation, all oral, written or electronic communications, whether or not in person, by telephone, computer, Internet or otherwise, between two or more individuals.

11.    "Employee" means any director, trustee, officer, manager, supervisor, employee, or servant of the designated entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

12.    "Entity" means any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

13.    "Individual" means a human being unless Defendant cannot identify such individual by name.  In such case, "individual" shall mean the entity with which such individual was or is employed, engaged or associated.  "Individual" includes, without limitation, employees and representatives.

4

14.    "Relate," "related," or "relating" means constituting, comprising, evidencing, reflecting, respecting, discussing, referring, pertaining, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, or studying, or any other term synonymous with or similar to the foregoing.

15.    "State" and "describe" mean to set forth a complete and detailed statement of all information, circumstances and facts that refer to, relate to, pertain, reflect, comprise or bear upon the matter concerning which information is requested.

16.    The terms "identify" and "identification" when used in reference to an individual person mean to state, in whole or in part, to the fullest extent of the knowledge of the respondent, that individual's full name, residence and business telephone numbers, and present residence and business addresses, if known, and the present or last known title, position and business affiliation.  To the extent such specific information is not known, but other contact information such as e-mail or post office address, is known, such information shall be provided.

17.    The term "identify" and "identification" when used in reference to a person other than a natural person mean to state the full and official name of the business entity, its principal place of business (or if such is unknown, the address of a business office), and the main telephone number of such business entity.

18.    The terms "identify" and "identification" when used in reference to a document mean to state its date, type (*e.g.*, memo, telecopy), and its author(s), addressee(s), persons or entities who received a copy, title, of any, and, if no title, a brief description of the subject matter of the document and its present or last known location and custodian.  If any document once was, but is no longer, in your possession, custody, or control, state when disposition was made of it and the reason for such disposition.

19.     The terms "identify" and "identification" when used in reference to any act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement, or communication, mean to: (a) describe the nature and substance of the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement or communication; (b) state the date when and place where it occurred; (c) identify each person who was a participant therein; (d) identify each other person who was a witness thereto; and (e) state the amount of money, if any, paid to or from Lawson in connection with the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement or communication.

20.     "Representative" means any consultant, expert, attorney, contractor, agent or other individual or entity engaged by the designated entity to perform some task or assignment for the entity.

21.     The singular includes the plural number and vice versa, any use of gender includes both genders, and a verb tense includes all other verb tenses where the clear meaning is not distorted by addition of another tense or tenses.

22.     "All" shall be construed to mean all or any, and "any" shall be construed to mean all or any.

23.     The "'683 Patent" means United States Patent Number 6,023,683.

24.     The "'516 Patent" means United States Patent Number 6, 055,516.

25.     The "'172 Patent" means United States Patent Number 6,505,172.

26.     "The patents in suit" mean, individually or collectively, the '683 Patent, the '516 Patent and the '172 Patent.

6

27.     "Complaint" means the Complaint filed by *e*Plus against Lawson in this action in the U.S. District Court for the Eastern District of Virginia.

28.     "Electronic Sourcing and Procurement System(s) and/or Service(s)," for purposes of these discovery requests, shall mean any system, including software, hardware and/or network architecture, that is capable of performing a search for data regarding an item or items associated with at least two sources, or alternatively, a search for data regarding items in at least two product catalogs, which may then be capable of creating a requisition for the item or items, and, when desired, generating or creating a purchase order for the item or items, including, without limitation, the products offered by Lawson known as Lawson Procurement, Lawson Requisitions, Lawson Inventory Control, Lawson Purchase Order and Lawson Procurement Punchout and any related applications, systems, methods and services, and any iterations, versions, releases, updates, or components thereof, and any other products and services that incorporate or relate to such products and services.

## INSTRUCTIONS

1.     These interrogatories shall be deemed to seek answers as of the date hereof and to the full extent of the Federal Rules of Civil Procedure.  Furthermore, these interrogatories are of a continuing nature, and you are required to promptly file and serve supplemental responses if you or any of your attorneys, agents, or representatives obtains further or different information after the date of your initial answer, which make your initial answer incomplete, inaccurate or misleading.

2.     With respect to the answer to each interrogatory or subpart thereof, state the source of the information given therein, with as much particularity as is reasonably possible, including, without limitation, the nature and designation of any files that contain such

7

information and the identification of each person who provided any information included in such answer. In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof. If you answer any portion of these interrogatories by reference to Fed. R. Civ. P. 33(d), identify specifically by bates number the precise documents and pages of documents that provide the information called for in the interrogatory.

3.     Where an identified document has been destroyed, or is alleged to have been destroyed, state the reasons for its destruction, the names of the persons having any knowledge of its destruction, and the names of the persons responsible for its destruction.

4.     Where identified documents are not in your possession, custody or control, state the names of the persons who have possession, custody or control of such documents. If such documents were in your possession, custody or control in the past but are no longer in your possession, custody or control, state what disposition was made of them, the reasons for such disposition, persons having any knowledge of such disposition, and the persons responsible for such disposition.

5.     If any information called for in these interrogatories is withheld on the basis of a claim of privilege, the nature of the claim of privilege and the nature of the information in respect of which it is claimed shall be set forth, along with the other information required by Fed. R. Civ. P. 26(b)(5). Where the claimed privileged subject matter forms only part of the entire document involved, indicate that such is the case and state whether you will produce the document with the privileged portions blocked out or obliterated in a copy thereof.

6.      Unless otherwise specified, supply all annual data requested on a calendar-year basis; if any basis other than a calendar-year basis is used, such as to accommodate a fiscal-year basis, state as part of the response the nature and type of the basis so used.

7.      If you answer any portion of these interrogatories under the procedures set forth in Fed. R. Civ. P. 33(d) by claiming that the burden of deriving or ascertaining the answer to the interrogatory from an examination, audit or inspection of your business records is substantially the same for *e*Plus as it is for Lawson, set forth the basis for your claim and identify specifically by Bates number(s) and/or electronic file name the precise documents(s), file(s) or database field(s) that provide the information called for in the interrogatory.

## INTERROGATORIES

### Interrogatory No. 1.

Identify each person, including, without limitation, all employees, representatives, officers or agents of Lawson or any third parties, whom Lawson knows or has reason to believe has knowledge or information concerning any factual information relevant to the validity or invalidity, enforceability or unenforceability, or infringement or noninfringement of any of the claims of the patents in suit, or of damages issues in this lawsuit, or of factual information relevant to any allegation of the Complaint or Lawson's answers to any interrogatories served upon it in this case, and state the nature and substance of each such person's knowledge or information, including whether such person furnished information or was consulted regarding Lawson's answers to interrogatories.

### Interrogatory No. 2.

With respect to any of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations, using a claim chart, state in detail Lawson's bases for any

9

assertions of non-infringement of each of the patents in suit on a claim-by-claim, element-by-element basis.  Your answer should include a statement of Lawson's interpretation of each claim element (including whether the element should be interpreted under section 112, paragraph 6 and, if so, identifying the structure in the specification of the patent that corresponds to the recited element), a statement whether Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations provide(s) such an element or an equivalent and, if not, an explanation how Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations operate or function differently than the claim element and a particularized statement why a component, feature or function of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations is not a substantial equivalent of the pertinent claim element.

**Interrogatory No. 3.**

Describe in detail any and all analyses, investigations, studies, reviews or considerations by Lawson, and/or any person known to Lawson, *e.g.*, an accused infringer or prospective licensee, concerning the patentability, validity or invalidity, enforceability or unenforceability, scope, and/or infringement or noninfringement of the subject matter claimed in any of the claims of the patents in suit, including, but not limited to, any search investigation, or study for prior patents, publications, literature, systems, processes, or apparatuses pertinent to any of the claims of any of the patents in suit, providing an identification of all documents constituting, reflecting, referring or relating to, reviewed or consulted in the course of each such analysis, investigation or study, an identification of any such prior patents, publications, literature, systems, processes, or apparatuses identified in any such search, investigation, or study and an identification of all

persons who in any way participated in providing information for, preparing and/or reviewing each such analysis, investigation, or study.

**Interrogatory No. 4.**

State in detail all facts and contentions that support or refute Lawson's allegations, if any, that any of the patents in suit are invalid under 35 U.S.C. §§ 102 or 103, identifying all prior patents, literature, publications, systems, processes, or devices, including prior knowledge, public uses, sales and offers for sale, that Lawson contends, either alone or in combination, invalidate one or more claims of any of the patents in suit, through a claim chart that identifies each element of each claim of the patent(s) asserted to be invalid and explains where each element of the respective claim is shown in such prior patent, literature, publications, system, process, device, public use, sale, or offer for sale.

**Interrogatory No. 5.**

For each of the claims of the patents in suit, state whether Lawson contends, or will contend at trial, that such claim is invalid under 35 U.S.C. § 112 and provide a detailed explanation of each fact relating to any such contention and, with respect to each fact or contention, an explanation of why such fact or contention would render the patent claim invalid under Section 112.

**Interrogatory No. 6.**

For each claim of each of the patents in suit, state whether Lawson contends or will contend at trial that such claim is invalid under any statute, rule or doctrine other than 35 U.S.C. §§ 102, 103 and/or 112 and, if so, identify the statute(s), rule(s) or doctrine(s) and provide a detailed explanation of each fact relating to such contention (specifically setting forth each

patent, printed publication, thing, device and/or other evidence so relied upon), and, with respect

to each such fact, an explanation why such fact would or would not render the patent claim

invalid.

**Interrogatory No. 7.**

Describe in detail all facts and contentions that support or refute Lawson's allegation, if

any, that any of the claims of any of the patents in suit are unenforceable, identifying all

documents and other information that support or refute or otherwise relate to this allegation of

unenforceability, and explaining in detail why such facts would or would not render any of the

claims of any of the patents in suit unenforceable.

**Interrogatory No. 8.**

For each claim of each of the patents in suit, state whether Lawson relies or will rely at

trial on the doctrine of prosecution history estoppel as a basis for non-infringement under the

doctrine of equivalents and explain in detail each fact that supports or refutes or otherwise relates

to your allegation of prosecution history estoppel for each such claim and explain in detail why

such facts would or would not support a finding of non-infringement.

**Interrogatory No. 9.**

Describe in detail all facts and identify all documents that Lawson contends support or

tend to support its defenses, affirmative defenses and counterclaims, if any, in this action.

**Interrogatory No. 10.**

Identify any and all revenues, the sources thereof and the number of transactions derived

by Lawson in connection with its Electronic Sourcing and Procurement System(s) and/or

Service(s) (including without limitation revenues derived from licensing, maintaining, or servicing such system(s)), for each month from its inception of operations to the present, including, without limitation, the names of any clients or advertisers, the total revenue derived from each and the rates charged, the numbers of transactions, and the amounts derived from any licensing fees, and transaction-based fees collected in connection with its Electronic Sourcing and Procurement System(s) and/or Service(s).

**Interrogatory No. 11.**

State with particularly the date(s) of conception of Lawson's Electronic Sourcing and Procurement System(s) and/or Services, or any process, system, apparatus, and device used by Lawson in connection with Lawson's Electronic Sourcing and Procurement System(s) and/or Services, and describe in detail the activities undertaken by Lawson, or its predecessors, to reduce those conceptions to practice.

**Interrogatory No. 12.**

Describe in detail the occasion(s) upon which Lawson first became aware of or received notice(s) in any manner of each of the patents in suit, including any applications that matured into the patents in suit and the subsequent issuance of those patents, including without limitation the dates and the persons involved in learning of the patent(s) or receiving the notice(s), and state in detail all steps taken by Lawson in response to such notice(s), including without limitation any analyses of infringement or noninfringement, validity or invalidity, or enforceability or unenforceability of the patents in suit, and any advice of counsel obtained relating to the patents in suit.

13

## Interrogatory No. 13.

Identify each factual witness that you intend to call to testify at trial, at any *Markman* hearing or at any hearing on any dispositive motion in this action and, as to each, identify the witness' full name, address, employer, job title and the expected subject matter of his or her testimony.

## Interrogatory No. 14.

Identify each system, software application, product and/or service imported, made, offered for sale, sold, licensed, or otherwise distributed by Lawson that has one or more of the following features, functions or capabilities:

(a)  conducting a search for an item in a product catalog or product database;

(b)  creating a requisition for an item;

(c)  generating a purchase order for an item;

(d)  determining the availability of an item in inventory; and

(e)  comparing one or more attributes of an item available from a first source, supplier or vendor, to an item available from a second source, supplier or vendor.

Your answer should include for each identified system, application, product and/or service an identification of the brand name, version or release number, date(s) that such system, application, product and/or service was imported, made, offered for sale, sold, licensed or distributed by Lawson and an identification of documents sufficient to describe the feature, functionality or capability of such system, application, product and/or service.

14

Respectfully submitted,

Date: July 24, 2009

Gregory N. Stillman (VSB #14308)
Brent I. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street
Suite 1000
Norfolk, VA 23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
Robert D. Spendlove (VSB #75468)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

Shirley Sperling Paley
*(pro hac vice application pending)*
James D. Clements
*(pro hac vice application pending)*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff  *e*Plus inc.

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of July, 2009, I will serve **Plaintiff   ePlus Inc.'s First Set of Interrogatories to Defendant Lawson Software, Inc.**, on the following counsel of record,

*via hand delivery:*

Stephen E. Noona (VSB #25367)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA   23510
Telephone:  (757) 624-3289
Facsimile:  (757) 624-3169
senoona@kaufcan.com
*Counsel for Defendant Perfect Commerce, LLC,*
*SciQuest, Inc. and Lawson Software, Inc.*

*via electronic mail and regular mail:*

James J. Briody (VSB 32128)
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC   20004-2415
Telephone:  (202) 383-0100
Facsimile:  (202) 637-3593
jim.briody@sablaw.com
*Counsel for Verian Technologies, Inc.*

George E. Kostel (VSB 34757)
Nelson Mullins Riley & Scarborough, LLP
101 Constitution Avenue, NW  Suite 900
Washington, DC   20001
Telephone:   (202) 712-2800
Facsimile:  (202) 712:2862
george.kostel@nelsonmullins.com
*Counsel for Verian Technologies, Inc.*

16

Daniel Johnson, Jr. *(admitted pro hac vice)*
Rita E. Tautkus *(admitted pro hac vice)*
Morgan, Lewis & Bockius, LLP
One Market, Spear Street Tower
San Francisco, CA   94105-1596
Telephone:   (415) 442-1392
Facsimile:   (415) 442-1001
djjohnson@morganlewis.com
rtautkus@morganlewis.com
***Counsel for Defendants SciQuest, Inc. and
Lawson Software, Inc.***

Robert W. Busby, Jr. (VSB #41312) *(admitted pro hac vice)*
Bradford A. Cangro*(admitted pro hac vice)*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC   20004-2541
Telephone:   (202) 739-5970
Facsimile:   (202) 739-30001
rbusby@morganlewis.com
bcangro@morganlewis.com
***Counsel for Defendants SciQuest, Inc. and
Lawson Software, Inc.***

Kenneth W. Brothers *(pro hac vice application pending)*
Matthew J. Ricciardi *(pro hac vice application pending)*
Dickstein, Shapiro LLP
1825 Eye Street, NW
Washington, DC  20006-5403
Telephone:   (202) 420-4128
Facsimile:   (202) 420-2201
brothersk@dicksteinshapiro.com
ricciardim@dicksteinshapiro.com
***Counsel for Defendant Perfect Commerce, LLC***

17

Craig N. Killen
Frank B.B. Knowlton
Jeremy C. Whitley
Nelson, Mullins, Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC   29201
Telephone:   (803) 799-2000
Facsimile:   (803) 256-7500
craig.killen@nelsonmullins.com
frank.knowlton@nelsonmullins.com
jeremy.whitley@nelsonmullins.com
**Counsel for Verian Technologies, Inc.**

Gregory N. Stillman

18