# EXHIBIT 8

```
                                                                  1

 1               IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
 2                       RICHMOND DIVISION

 3   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                         :
 4   ePLUS, INC.,                        :
                                         :
 5                 Plaintiff,            :
      v.                                 : Civil Action
 6                                       : No. 3:09CV620
     LAWSON SOFTWARE, INC.,              :
 7                                       : August 17, 2010
                   Defendant.            :
 8   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:

 9

10
             COMPLETE TRANSCRIPT OF CONFERENCE CALL
11           BEFORE THE HONORABLE ROBERT E. PAYNE
                  UNITED STATES DISTRICT JUDGE
12

13

14    APPEARANCES:  (All via telephone)

15    Scott L. Robertson, Esq.
      Jennifer A. Albert, Esq.
16    GOODWIN PROCTOR
      901 New York Avenue, NW
17    Washington, D.C.   20001

18    Michael G. Strapp, Esq.
      GOODWIN PROCTOR
19    53 State Street
      Boston, MA    02109
20
      Craig T. Merritt, Esq.
21    Henry I. Willett, III, Esq.
      CHRISTIAN & BARTON
22    909 E. Main Street, Suite 1200
      Richmond, VA   23219-3095
23
               Counsel for the plaintiff ePlus
24
                  DIANE J. DAFFRON, RPR
25                OFFICIAL COURT REPORTER
              UNITED STATES DISTRICT COURT
```

```
 1    APPEARANCES: (Continuing)

 2    Daniel W. McDaniel, Esq.
      William D. Schultz, Esq.
 3    MERCHANT & GOULD
      80 South 8th Street
 4    Suite, 3200
      Minneapolis, MN    55402
 5
      Kirstin L. Stoll-DeBell, Esq.
 6    MERCHANT & GOULD
      1050 17th Street, Suite 1950
 7    Denver, CO    80265

 8    Dabney J. Carr, IV, Esq.
      TROUTMAN SANDERS
 9    Troutman Sanders Building
      1001 Haxall Point
10    P.O. Box 1122
      Richmond, VA    23218-1122
11
               Counsel for the defendant Lawson Software
12

13    ALSO PRESENT:

14    Leslie Wagner, Law Clerk

15

16

17

18

19

20

21

22

23

24

25
```

1  his fact witness hat and when he puts on his expert
2  witness hat, but there are ways to deal with that, and
3  we'll be happy to make proposals to the Court as to
4  when he can be an expert or when he's just testifying
5  in his percipient factual witness capacity.
6          The second issue is that it's been
7  represented to us that he will be raising theories
8  that go outside of the scope of what Your Honor has
9  ruled is the four corners of the invalidity theories
10 that the witnesses can present.
11         I thought we addressed that issue last
12 Thursday.  Ms. Stoll-DeBell wasn't on that call.  That
13 was the call regarding Dr. Mangum.  I raised this
14 issue again on the call.  The Court indicated that
15 there would not be any new theories on invalidity
16 rulings.  There was a ruling, but we're a little
17 confused.
18         THE COURT:  I was sure on the last call and
19 I'm sure now that there will be no expert testimony on
20 invalidity theories that weren't disclosed pursuant to
21 the orders.  That issue has previously been briefed
22 and decided.  I'm not going to revisit that issue.  If
23 I was wrong, I was wrong, but that's going to be the
24 rule, and I'm sure Lawson will abide by it, won't you,
25 Ms. Stoll-DeBell?

1          MS. STOLL-DeBELL:  Yes, Your Honor.

2          THE COURT:  And if you don't, if your toe is
3   off base, your expert's foot is off base, the hatchet
4   will come down upon it, and your expert will go out
5   the door.

6          Now, that's what happens here if you-all
7   start transcending the rulings that have been
8   previously made defining the boundaries.  So I know
9   they won't do that.  So we don't have that problem
10  now, and we'll just abide the event.

11         Next?  Anything else?  That's it, isn't it?

12         MR. ROBERTSON:  No.  The last issue, sir, and
13  this is, you know, in anticipation of filing this
14  motion tomorrow with respect to Dr. Green.

15         One of the issues, you'll recall, was a
16  discussion about whether the depositions of the
17  damages experts actually were part of -- part and
18  parcel of the disclosure under Rule 26 of the Federal
19  Rules of Civil Procedure.

20         And I understood and appreciated that Mr.
21  McDonald confirmed that that arrangement was agreed
22  upon.

23         Dr. Mangum did opine on Dr. Green's opinions
24  in his deposition and rebuttal.  His only opportunity
25  to do so.