# EXHIBIT 9

GOODWIN | PROCTER

Jennifer A. Albert
202.346.4322
JAlbert@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

August 19, 2010

**VIA EMAIL**

Kirstin L. Stoll-DeBell
Merchant & Gould P.C.
1050 Seventeenth Street, Suite 1950
Denver, CO 80265-0100

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
      **Civil Action No. 3:09cv620 (REP)**

Dear Kirstin:

I write to address Lawson's belated and improper attempt to introduce Lawson Release 7 ("Release 7") into this case.  As *e*Plus has made clear during the meet-and-confers held between the parties on August 12 and 17, 2010, Lawson's effort to introduce trial exhibits and potentially even expert opinion regarding Release 7 is highly inappropriate and amounts to nothing more than a naked attempt to circumvent the Court's exclusion of Lawson Releases 5.0 and 6.0.  *e*Plus encourages Lawson to reconsider this poorly made decision.

Release 7 is not relevant to any issues before the Court.  Release 7 is not prior art and therefore lacks any relevance to invalidity.  It was released no earlier than 1996, at least two years after the priority date of the patents-in-suit.  Release 7 is also not relevant to damages (i.e., non-infringing alternatives), willfulness (i.e., intent), or indirect infringement (i.e., intent).  The Court has already considered and foreclosed the use of Lawson Releases 5.0 and 6.0 for these issues for lack of relevance.  The same reasoning holds for Release 7.

Moreover, the introduction of Release 7 at this stage of the litigation is highly prejudicial to *e*Plus.  Lawson never disclosed Release 7 in its invalidity contentions, and is now precluded from asserting new alleged prior art references.  Likewise, Lawson never disclosed Release 7 in its non-infringement contentions.  Nor did Lawson disclose this version in its contentions relating to alleged non-infringing alternatives.

Lawson endeavors in vain to fabricate the disclosure of Release 7 from statements made by its experts regarding Lawson's legacy software.  Yet neither Dr. Shamos nor Mr. Green made any reference to Release 7, as Lawson itself implicitly acknowledges.  Furthermore, Lawson's assertion that these experts were referring to Release 7 when discussing Lawson software released prior to the accused S3 systems is undermined by the fact that neither expert even

LIBA/2109808.2

GOODWIN | PROCTER

Kirstin L. Stoll-DeBell
August 19, 2010
Page 2

reviewed any Release 7 documents. In addition, the portion of Dr. Shamos' expert report relating to this comparison of the prior legacy systems to the current accused systems was excluded by the Court.

If Lawson believes that it has disclosed contentions relating to Version 7.0 systems with respect to noninfringement, non-infringing alternatives, alleged prior art, or any other defense, please bring such disclosure to our attention.

Lawson's intent to rely upon Release 7 contravenes the Court's directives on multiple fronts. First, the Court has already excluded Lawson Releases 5.0 and 6.0, not only for invalidity purposes, but also for lacking relevance to the other issues proffered by Lawson. Lawson's attempt to seize upon the precise language of the Court's Order to justify the introduction of Release 7 blatantly disregards the Court's rationale. Second, the Court has made it clear to the parties that there can be no new theories added at this stage of the litigation. The Court specifically addressed the new expert reports to be offered by Lawson on source code and invalidity in the August 10, 2010 hearing, noting that the reports shall be limited in scope to theories that Lawson has already put forth in its contention disclosures and are to rebut the opinions expressed by Mr. Niemeyer and Mr. Hilliard. Consequently, Lawson would be ill-advised to attempt to use the expert report on source code as a means to backdoor Release 7 into the case.

Accordingly, please confirm that Lawson will withdraw all exhibits relating to Release 7 and refrain from making any reference to Release 7 in its forthcoming expert reports. We appreciate your attention to this matter.

Sincerely,

Jennifer A. Albert

JAA/dja

cc:   Dabney Carr, IV

LIBA/2109808.2