**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **ePLUS, INC.,** | ) | |
| | ) | |
| | ) | **Civil Action No. 3:09-CV-620 (REP)** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LAWSON SOFTWARE, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF *e*PLUS INC.'S PROPOSED VERDICT FORM**

Plaintiff *e*Plus, Inc., ("*e*Plus") hereby provides the attached proposed verdict form for the trial in the above-captioned matter, pursuant to the Scheduling Order in this case. *e*Plus reserves its right to amend, supplement, or modify this proposed verdict form as the case proceeds through trial and based upon conferences with opposing counsel. *e*Plus does not concede, by submitting the proposed verdict form, that Defendant has met its evidentiary burdens with respect to any of the issues to which the proposed form pertains. Neither does *e*Plus waive any objections relating to issues that are or have been the subject of pending motions, including motions *in limine*.

## <u>VERDICT</u>

We, the jury, find as follows:

## I.    INFRINGEMENT

**(As to each claim, a "YES" answer is a finding for *e*Plus.  A "NO" answer is a finding for Lawson.)**

1.      Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 3 of the '683 patent, either directly or indirectly?

Check one:    YES _____      NO _____

2.      Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 6 of the '683 patent, either directly or indirectly?

Check one:    YES _____      NO _____

3.      Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 26 of the '683 patent, either directly or indirectly?

Check one:    YES _____      NO _____

4.      Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 28 of the '683 patent, either directly or indirectly?

Check one:    YES _____      NO _____

5.      Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 29 of the '683 patent, either directly or indirectly?

Check one:    YES _____      NO _____

6.      Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 1 of the '516 patent, either directly or indirectly?

Check one:     YES _____     NO _____

7.      Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 2 of the '516 patent, either directly or indirectly?

Check one:     YES _____     NO _____

8.      Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 6 of the '516 patent, either directly or indirectly?

Check one:     YES _____     NO _____

9.      Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 9 of the '516 patent, either directly or indirectly?

Check one:     YES _____     NO _____

10.      Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 21 of the '516 patent, either directly or indirectly?

Check one:     YES _____     NO _____

11.      Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 22 of the '516 patent, either directly or indirectly?

Check one:     YES _____     NO _____

12.     Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 29 of the '516 patent, either directly or indirectly?

Check one:     YES _____     NO _____

13.     Do you find that *e*Plus has proven that it is more likely than not that Lawson has infringed claim 1 of the '172 patent, either directly or indirectly?

Check one:     YES _____     NO _____

**II.     WILLFULNESS**

14.     If you have found that Lawson has infringed any of the *e*Plus patent claims, do you also find by clear and convincing evidence that Lawson's infringement has been willful?

Check one:     YES _____     NO _____

**III.     VALIDITY**

**(As to each claim, a "YES" answer is a finding for Lawson.  A "NO" answer is a finding for *e*Plus.)**

15.     Do you find that Lawson has proven by clear and convincing evidence that claim 3 of the '683 patent is invalid?

Check one:     YES _____     NO _____

16.     Do you find that Lawson has proven by clear and convincing evidence that claim 6 of the '683 patent is invalid?

Check one:     YES _____     NO _____

17.     Do you find that Lawson has proven by clear and convincing evidence that claim 26 of the '683 patent is invalid?

-3-

Check one:    YES _____        NO _____

18.    Do you find that Lawson has proven by clear and convincing evidence that claim 28 of the '683 patent is invalid?

Check one:    YES _____        NO _____

19.    Do you find that Lawson has proven by clear and convincing evidence that claim 29 of the '683 patent is invalid?

Check one:    YES _____        NO _____

20.    Do you find that Lawson has proven by clear and convincing evidence that claim 1 of the '516 patent is invalid?

Check one:    YES _____        NO _____

21.    Do you find that Lawson has proven by clear and convincing evidence that claim 2 of the '516 patent is invalid?

Check one:    YES _____        NO _____

22.    Do you find that Lawson has proven by clear and convincing evidence that claim 6 of the '516 patent is invalid?

Check one:    YES _____        NO _____

23.    Do you find that Lawson has proven by clear and convincing evidence that claim 9 of the '516 patent is invalid?

Check one:    YES _____        NO _____

24.     Do you find that Lawson has proven by clear and convincing evidence that claim 21 of the '516 patent is invalid?

Check one:     YES _____          NO _____

25.     Do you find that Lawson has proven by clear and convincing evidence that claim 22 of the '516 patent is invalid?

Check one:     YES _____          NO _____

26.     Do you find that Lawson has proven by clear and convincing evidence that claim 29 of the '516 patent is invalid?

Check one:     YES _____          NO _____

27.     Do you find that Lawson has proven by clear and convincing evidence that claim 1 of the '172 patent is invalid?

Check one:     YES _____          NO _____

## IV.     DAMAGES

28.     If you have found at least one claim of any of the *e*Plus patents is infringed by Lawson and not invalid, what reasonable royalty do you find is adequate to compensate *e*Plus for Lawson's infringement to date?

AMOUNT     $_____

**INSTRUCTION:  CONTINUE AND SIGN VERDICT FORM ON NEXT PAGE**

You each must sign this Verdict Form.


Dated: _____        _____
                                                                      FOREPERSON


_____        _____


_____        _____


_____        _____


_____        _____


_____        _____

Respectfully submitted,

Dated:  September 3, 2010

_____/s/_____
David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Michael G. Strapp *(admitted pro hac vice)*
James D. Clements  *(admitted pro hac vice)*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff
*e*Plus, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of September, 2010, I will electronically file the foregoing **PLAINTIFF *e*PLUS INC.'S PROPOSED VERDICT FORM** with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

***Counsel for Defendant Lawson Software, Inc.***

_____/s/_____

David M. Young
Virginia State Bar #35997
Attorney for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
dyoung@goodwinprocter.com

-8-