# EXHIBIT A

```
1                  IN THE UNITED STATES DISTRICT COURT

2                  FOR THE EASTERN DISTRICT OF VIRGINIA

3                            RICHMOND DIVISION

4

5    ---------------------------------------
                                             :
6     ePLUS, INC.                            :    Civil Action No.
                                             :    3:09CV620
7     vs.                                    :
                                             :
8     LAWSON SOFTWARE, INC.                  :    July 28, 2010
                                             :
9    ---------------------------------------

10

11          COMPLETE TRANSCRIPT OF THE MOTIONS HEARING

12             BEFORE THE HONORABLE ROBERT E. PAYNE

13                   UNITED STATES DISTRICT JUDGE

14
     APPEARANCES:
15
     Scott L. Robertson, Esquire
16   Michael G. Strapp, Esquire
     Jennifer A. Albert, Esquire
17   Goodwin Procter, LLP
     901 New York Avenue NW
18   Suite 900
     Washington, D.C.  20001
19
     Craig T. Merritt, Esquire
20   Christian & Barton, LLP
     909 East Main Street
21   Suite 1200
     Richmond, Virginia  23219-3095
22   Counsel for the plaintiff

23

24                      Peppy Peterson, RPR
                       Official Court Reporter
25                   United States District Court
```

```
 1    APPEARANCES:  (cont'g)

 2    Dabney J. Carr, IV, Esquire
      Troutman Sanders, LLP
 3    1001 Haxall Point
      Richmond, Virginia  23219
 4
      Daniel W. McDonald, Esquire
 5    Kirstin L. Stoll-DeBell, Esquire
      Merchant & Gould, PC
 6    80 South Eighth Street
      Suite 3200
 7    Minneapolis, Minnesota  55402
      Counsel for the defendant
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case 3:09-cv-00620-REP   Document 469-1   Filed 09/06/10   Page 4 of 5 PageID# 11137

215

```
 1   rule was, and they divided their expert reports up.  We
 2   objected --
 3              THE COURT:  I know that.  I got that.  What we have
 4   here is what does that word in the order mean, I suppose, and
 5   how the parties have dealt with the issues surrounding it and
 6   what's the consequence to them and to you of granting the
 7   relief or denying it respectively.  That's what I'm trying to
 8   sort out.
 9              MS. STOLL-DeBELL:  So, I think, you know, he's
10   already said he may not call Mr. Niemeyer.  So I assume if you
11   order them to choose one expert for infringement and one for
12   validity, I assume they'll choose Dr. Weaver for infringement,
13   and they'll put him on the stand and he'll give the opinion he
14   disclosed in his report.  As for validity, they are going --
15              THE COURT:  Did Hilliard give validity opinions that
16   are at issue in the case?
17              MS. STOLL-DeBELL:  Pardon me?
18              THE COURT:  Did he give validity opinions on the
19   issues in the case?
20              MS. STOLL-DeBELL:  Mr. Hilliard?
21              THE COURT:  Yes.
22              MS. STOLL-DeBELL:  Yeah, he did on Sections 102 and
23   103.
24              THE COURT:  Would you look at 21, his slide 21.  He
25   says, if Weaver can't testify on invalidity, he doesn't have
```

1   anybody on 101 -- 112, description, enablement, and
2   indefiniteness, because Hilliard didn't opine on those issues.
3   Is that a correct assertion, in your view?
4              MS. STOLL-DeBELL:  Yes, I think it is.
5              THE COURT:  So in essence what you are asking me to
6   do is to grant judgment for you because they had their foot off
7   base, i.e., they're going to be at the point where they don't
8   have any testimony, and a Rule 50 motion would have to be
9   granted at the end of the case, and we'd be going through all
10  this for nothing insofar as they're concerned, and so I think I
11  understand.  Is there anything else that you've got to argue?
12             MS. STOLL-DeBELL:  No, I don't think so.
13             THE COURT:  You've made quite a good argument, and
14  it's a forceful one and a right one, but in many respects, I
15  think the Court has got to be mindful of the fact that perhaps
16  it played a role in this situation as well, and when that
17  happens, the Court has to be somewhat more understanding than
18  when the parties are on their own, do something that is
19  prohibited by an order.  So that's kind of what's on my mind,
20  and if you want to address any of that, you can.
21             MS. STOLL-DeBELL:  I just think Lawson didn't do
22  anything wrong here for this particular issue.
23             THE COURT:  You didn't, and I don't think he's argued
24  for one minute that you did anything wrong with respect to what
25  you designated and how you interpreted things.  He did say you