```
 1              IN THE UNITED STATES DISTRICT COURT

 2             FOR THE EASTERN DISTRICT OF VIRGINIA

 3                      RICHMOND DIVISION

 4
     ---------------------------------------
 5                                          :
     ePLUS, INC.                            :   Civil Action No.
 6                                          :   3:09CV620
     vs.                                    :
 7                                          :
     LAWSON SOFTWARE, INC.                  :   September 3, 2010
 8                                          :
     ---------------------------------------
 9

10
          COMPLETE TRANSCRIPT OF THE CONFERENCE ALL
11
            BEFORE THE HONORABLE ROBERT E. PAYNE
12
                 UNITED STATES DISTRICT JUDGE
13

14   APPEARANCES:

15   Scott L. Robertson, Esquire
     Michael G. Strapp, Esquire
16   Jennifer A. Albert, Esquire
     Goodwin Procter, LLP
17   901 New York Avenue NW
     Suite 900
18   Washington, D.C.  20001

19
     Henry I. Willett, III, Esquire
20   Christian & Barton, LLP
     909 East Main Street
21   Suite 1200
     Richmond, Virginia  23219-3095
22   Counsel for the plaintiff

23

24                  Peppy Peterson, RPR
                   Official Court Reporter
25               United States District Court
```

```
 1   APPEARANCES:  (cont'g)

 2   Dabney J. Carr, IV, Esquire
     Troutman Sanders, LLP
 3   1001 Haxall Point
     Richmond, Virginia  23219
 4
     Daniel W. McDonald, Esquire
 5   Kirstin L. Stoll-DeBell, Esquire
     Merchant & Gould, PC
 6   80 South Eighth Street
     Suite 3200
 7   Minneapolis, Minnesota  55402
     Counsel for the defendant
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2

 3            THE COURT:  Hello.

 4            MR. WILLETT:  Hello, Judge Payne.  You have you have

 5   Henry Willett, Scott Robertson, Jennifer Albert, and Michael

 6   Strapp on the line for ePlus.

 7            MR. CARR:  And, Judge, this is Dabney Carr.  For

 8   Lawson Software you have myself, Dan McDonald, and Kirstin

 9   Stoll-DeBell.

10            THE COURT:  Okay.  Sorry to be adjusting your

11   schedules the way it is.  This criminal case is going on, and

12   it may even go over until Tuesday.  I don't know yet.  I've got

13   these motions that I told you I'm going to hear on Tuesday.

14   That's my current plan.  If this jury wants to deliberate on

15   Tuesday instead of tonight, then they will get the 7th and I'll

16   hear you all on the 8th.

17            You all have loaded me down with so many things here

18   that need to be resolved, plus the pretrial order, I don't see

19   how we can start on the 13th.  So I think I'll right now

20   schedule the pretrial conference on the 13th and plan to start

21   the trial on the 20th.  If that doesn't suit you all, I have

22   some time that's just opened up in October if you'd rather do

23   that.  Tell me what you think about.

24            MR. McDONALD:  Your Honor, this is Dan McDonald for

25   Lawson.  Obviously we'll double-check with all our witnesses,
```

1  but I'm confident that starting on the 20th is going to be a
2  lot better for us than trying to start in October.
3       THE COURT: It would be better for me, too, but I
4  need to come to terms with some of these things, and they
5  affect what's going on, going to be going on in the case, and
6  then I think that some of these rulings may help resolve and
7  sort out some of what you are doing, going to get done in the
8  final pretrial conference, but that's what we'll -- that's the
9  schedule we'll follow unless, Mr. Robertson, do you have a
10 problem doing this?
11      MR. ROBERTSON: No, Your Honor. Let me -- I would
12 like to be able to check -- I mean, for example, I have some
13 witnesses like Dr. Weaver is an academic, and he set aside time
14 in his teaching schedule, and I just don't know what the week
15 of the 20th looks like.
16      Does Your Honor have any idea what the timing in
17 October would look like if I had to inquire and see what's
18 better? We have some other witnesses, too, that schedules are
19 implicated. I understand the WiAV case settled, and I think
20 that, based on conversations with Judge Dohnal, is the slot
21 Your Honor was referencing.
22      THE COURT: Well, that's an October place, yes. It
23 was set to start on October 11th, I think it was. Let me look.
24      MR. WILLETT: Judge, I believe we were going to do
25 the jury selection on the 14th.

```
 1              THE COURT:  Okay.  I was looking, on the 14th and
 2    then start the trial on the 18th; is that right?
 3              MR. WILLETT:  That's correct, Your Honor.  I know you
 4    had -- we were going to run into half a day on October 21st,
 5    resuming in the morning on October 25th.
 6              THE COURT:  Yeah, that's right.  And I still have
 7    saved that time.  I haven't done anything with it because of
 8    the problems I'm having with this criminal case and you all, so
 9    those are the alternats, start on the 20th September or start
10    on the 14th or -- or the 18th of October, and in both
11    instances, we probably could pick a jury on the afternoon of
12    September 17th and start right off on the morning of the 20th.
13              We could still do the jury on the 14th if you all
14    chose that, so why don't you all talk, and you need to get back
15    together and let me know.  Now, I need to know how to get ahold
16    of you all -- I'm not going to know until after six o'clock or
17    so what this jury wants to do about deliberating this evening
18    or Tuesday morning, so I need to know how to get hold of
19    somebody to pass the word whether you're going to be on the 7th
20    or on the 8th.  Give Ms. Haggard your telephone numbers where
21    we can reach you, e-mail or whatever.  You have to tell us.
22    Mr. Willett.
23              MR. WILLETT:  Judge, this is Henry Henrico Willett.
24    I'll give Ms. Haggard my cell phone number, and I can reach out
25    to everyone.
```

1    THE COURT: All right. Why don't you do that. Don't
2 record his cell phone number.
3    MR. WILLETT: Thank you. It's ███████.
4    THE COURT: She'll be in touch with you as soon as I
5 know.
6    MR. WILLETT: I'll e-mail you and everyone, Dabney.
7    THE COURT: Then you all be prepared to talk when we
8 get together about what you want to do on the trial date.
9    You all haven't resolved any of these motions have
10 you?
11    (No response.)
12    THE COURT: Okay. Thank you. I will tell you what I
13 want you to focus on. I think Lawson has got some real
14 troubles in having its damage expert testify because of the
15 ruling on the IBM case, and once that's gone, then he's got the
16 same basic problem that Mangum had, I think.
17    I think that conceptually it's very hard to rule that
18 ePlus can't use other evidence of damages, but in what I'm able
19 to see, that is you can't rule in general that you can't try
20 damages another way than the expert report. That basic concept
21 isn't valid, but I will tell you, I don't see a lot of evidence
22 in the disclosures or interrogatories that you all did anything
23 but disclose Mangum, and I'm going to be looking at them, but
24 what I've seen so far, it looks to me like it's problem.
25    That means we're not going to have any damage case,

1  so that may affect how long we're going to do anyway.  It would
2  be a case involving an injunction, so I don't know what we're
3  going to do, but those are the things I need to have you focus
4  on at this argument.  So you all can be thinking about that.
5           And the first one that files off a supplemental brief
6  and sticks it in here is going -- I'm just going to rule
7  against you as a penalty stroke, because I can't take any more.
8  The forests need to be saved.  All right.  See you all later.
9  Thank you very much for being available, and I'm sorry to put
10 the call off beyond where I had originally planned it.
11
12                    (End of proceedings.)
13
14
15          I certify that the foregoing is a correct transcript
16 from the record of proceedings in the above-entitled matter.
17
18
19      ____/s/_____              _____
   P. E. Peterson, RPR                    Date
20
21
22
23
24
25