1

 1               IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
 2                      RICHMOND DIVISION


 3   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                          :
 4   ePLUS, INC.,                         :
                                          :
 5                      Plaintiff,        :
      v.                                  :  Civil Action
 6                                        :  No. 3:09CV620
     LAWSON SOFTWARE, INC.,               :
 7                                        :  September 24, 2010
                        Defendant.        :
 8   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:


 9


10


             COMPLETE TRANSCRIPT OF CONFERENCE CALL
11          BEFORE THE HONORABLE ROBERT E. PAYNE
                 UNITED STATES DISTRICT JUDGE

12


13


14    APPEARANCES:   (All via telephone)

15    Scott L. Robertson, Esq.
      Jennifer A. Albert, Esq.
16    GOODWIN PROCTOR
      901 New York Avenue, NW
17    Washington, D.C.   20001

18
      Craig T. Merritt, Esq.
19    Henry I. Willett, III, Esq.
      CHRISTIAN & BARTON
20    909 E. Main Street, Suite 1200
      Richmond, VA   23219-3095
21
             Counsel for the plaintiff ePlus.
22


23
                     DIANE J. DAFFRON, RPR
24                 OFFICIAL COURT REPORTER
                 UNITED STATES DISTRICT COURT
25

                                                                      2

1     APPEARANCES:    (Continuing)

2
      Dabney J. Carr, IV, Esq.
3     TROUTMAN SANDERS
      Troutman Sanders Building
4     1001 Haxall Point
      P.O. Box 1122
5     Richmond, VA    23218-1122

6              Counsel for the defendant Lawson Software

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1              (The proceedings in this matter commenced at

2    11:00 a.m.)

3

4              THE COURT:  Hello.

5              MR. MERRITT:  Judge, good morning.

6              THE COURT:  Good morning.

7              MR. MERRITT:  This is your ePlus call.  Craig

8    Merritt and Henry Willett are on in Richmond for

9    ePlus.  And Scott Robertson and Jennifer Albert have

10   jumped on from Goodwin Proctor in D.C.

11             THE COURT:  All right.

12             MR. CARR:  This is Dabney Carr, and I'm here

13   for Lawson Software, and no one else.

14             THE COURT:  All right.  Gentlemen, I've

15   learned from the Clerk's Office that ePlus plans to

16   bring in here for the final pretrial conference 50

17   boxes of documents times three, which is 150, and that

18   Lawson plans to bring in 65 to 70.  Conservatively,

19   that's 20 to 22 boxes.  That's a total of just single

20   copy 70 boxes.

21             I've never seen a case in which it was

22   necessary to have that many documents, and I think

23   that reflects that you all haven't completed

24   satisfactorily the process of narrowing the issues.

25   And I think it's absurd to have that many documents as

4

1   exhibits.   And I've never been in any case of any

2   length where it was necessary to be put in more than

3   about 100 to 150 exhibits.

4               And this case in this way as well as others

5   is out of hand.   So I'm going to impose limits on you

6   if you can't straighten things out yourself.

7               Mr. Robertson, why do you need 50 boxes of

8   documents?

9               MR. ROBERTSON:   We don't, Your Honor.

10              THE COURT:   Then don't use them.

11              MR. ROBERTSON:   You've been sadly

12  misinformed.

13              THE COURT:   Well, that's what your legal

14  assistant tells the clerk.   And one of the reasons I

15  have to deal with this is because if you-all are

16  bringing in this volume of documents, you have to go

17  through a special procedure because you can't come in

18  the front door with all these.

19              MR. ROBERTSON:   I spoke to my paralegal, who

20  was not authorized to say that, and was inaccurate.

21  In fact, I ran it down, and I think we're going to

22  have a total, if we have four copies of all the

23  documents that we need to bring in, it's going to be

24  about 16 to 18 boxes, Your Honor.

25              So that paralegal was wrong.   She should not

1  have communicated that to the clerk.  I've had a

2  discussion with her since then.  It was just

3  inaccurate, Your Honor, and I was very unhappy when I

4  heard that, and I put an end to it right away.

5        An accurate assessment is 16 to 18 boxes,

6  Your Honor.  And I apologize to the Court for that

7  inaccurate information that was conveyed.

8        MR. CARR:  Judge, for Lawson from our end,

9  it's a total for four sets of the 65 to 70, first of

10  all, and what it is is four boxes will be Lawson's

11  exhibits to which there has been an objection.  The

12  remainder of the boxes deal with, I think, six very

13  large exhibits that ePlus has introduced to which we

14  object, and part of that objection is because of the

15  size of the exhibits.

16        MR. ROBERTSON:  Your Honor, we now have

17  outstanding only 13 objections to the entire Lawson

18  exhibit list.  Thirteen.  So we've worked very hard to

19  narrow down the objections that we have.  That's where

20  we stand.

21        MR. CARR:  Each set of those exhibits is only

22  in one box.  So that's four boxes.

23        MR. ROBERTSON:  If we could bring three sets,

24  Your Honor, it would make the logistics a little bit

25  more manageable.

6

1          THE COURT:  The law clerk doesn't need a set

2    of them.  The law clerk can look at mine.  I think you

3    all can probably work out a way that each of you have

4    your own copies of the other side's so you can talk

5    about them.  I understand that.  And you need a copy

6    for me to look at.  So you-all work it out.

7          I still think with this volume of documents,

8    it's a good idea to have them go to the loading dock.

9    And you can call Mr. Neal, and he can tell you how to

10   get there.  It's on the 7th Street side.  And you back

11   your car up there, and then you can come right in,

12   load it up, and come in the back way of the courthouse

13   and go to the elevator and come up here.  We'll have

14   this in the conference room.

15         I was also looking at this case, and it

16   occurs to me that a complicating factor, and it is the

17   crossclaim of Lawson, why do we need to try that

18   claim?  Why can't we just sever it?  An appropriate

19   verdict form, collateral estoppel, will probably solve

20   all the problems.

21         MR. CARR:  Your Honor, this is Dabney Carr.

22   It's the counterclaim of Lawson you're referring to?

23         THE COURT:  Yes.

24         MR. CARR:  That would be for invalidity?

25         THE COURT:  Your counterclaims are

1   essentially the same as your defenses.

2           MR. CARR:  Correct, yes.

3           THE COURT:  And that's just a waste of time.

4   It confuses the jury.  It lades down the case with

5   unnecessary verdict forms and unnecessary

6   instructions.  And I just am of the view since the

7   counterclaims appear to me to be just the flip side of

8   your defenses that they're going to be dealt with in

9   the main verdict anyway.

10          So I think I'm going to sever the

11  counterclaim, and you don't need to bring exhibits

12  that are solely for the counterclaim.  I'm sure that

13  most of them are going to be brought anyway.  So it's

14  not going to cut down the number of exhibits, but it

15  will make it easier for the jury.

16          What's wrong with that approach?

17          MR. CARR:  Nothing, Your Honor.  It makes

18  sense.

19          THE COURT:  All right.  The counterclaim is

20  hereby severed.  As I said, I don't look at this as a

21  way to cut down exhibits because it's the flip side

22  issue.

23          MR. CARR:  We'll take a look and see if there

24  are any exhibits, but I agree with you.  I don't think

25  it's going to make a difference.

8

1              THE COURT:  Then the other thing, you need to

2    work hard on a verdict form.  You-all have time to do

3    that.  So that you, in fact, have the results that you

4    can use to collaterally estop or res judicata, use

5    either one of those doctrines, based on the main

6    verdict.

7              All right.  Let's see.  What time are we set

8    to start on the 27th?

9              THE CLERK:  At 10 o'clock, Your Honor.

10             MR. ROBERTSON:  9:30, I believe, Your Honor.

11             MR. CARR:  This is Mr. Carr.  I had 10

12   o'clock on my calendar.

13             THE COURT:  It's 10 o'clock.

14             All right.  What else is outstanding other

15   than the final pretrial conference right now?  Is

16   there anything else outstanding?

17             MR. ROBERTSON:  No, Your Honor.

18             MR. CARR:  This is Mr. Carr.  I don't know of

19   anything else.

20             THE COURT:  I will expect you-all to be

21   prepared to let me know the number of trial days now

22   that you have gotten this process straightened out.

23   And what have you done about the deposition

24   designations?

25             MR. ROBERTSON:  This is Mr. Robertson, Your

9

1    Honor.

2            I think we have them down to a bare minimum.

3            THE COURT:  Well, (a) --

4            MR. ROBERTSON:  I can't imagine there would

5    be more than perhaps for both sides three hours total

6    deposition testimony for about six different witnesses

7    or so.

8            THE COURT:  Are any of those witnesses people

9    who can come here and testify live?

10           MR. ROBERTSON:  No, sir.

11           THE COURT:  So they are all third parties out

12   of the jurisdiction of the Court?

13           MR. ROBERTSON:  Yes, sir.

14           THE COURT:  There's not much you can do about

15   that.

16           All right.  We'll see what we have then.  Is

17   there anything else that you all need to talk about?

18           MR. CARR:  No, Your Honor.  This is Dabney

19   Carr.  Nothing that I know of.

20           MR. ROBERTSON:  Not from the ePlus side, Your

21   Honor.  We have with talking daily and continue to

22   talk and will continue to talk even after the final

23   pretrial to try and narrow the issues for the Court.

24           THE COURT:  All right.  You don't need to

25   narrow them for me.  Narrow them for yourself and for

1   the jury.  The jury is the one that has got to decide

2   this case.  And the way that all of you are

3   approaching it is a way that's reasonably calculated

4   to confuse the jury rather than help them get to the

5   bottom line.

6            All right.  I think that's all I have.  Does

7   anybody else have anything else?

8            Okay.  Thank you.  We'll start at 10 o'clock

9   on Monday.  And you call Mr. Neal and get instructions

10  on how to get in that dock.  And you will probably

11  need to be here by about 9:00 to get through because

12  you have to go through security there as well and then

13  get them up here.

14           Have you got a dolly or something that you

15  can put them in and bring them up the stairs?  Okay.

16  We're going to do this, I think, given the volume,

17  we're going to have to do it in the courtroom.  Please

18  make sure you don't put any boxes or briefcases on the

19  benches or the furniture.

20           Thank you very much.

21           MR. CARR:  Your Honor, one more question to

22  clarify.  It sounds like we can just deliver one set

23  to the Court, and then the parties can exchange the

24  other two sets, but I guess we'll have to bring those

25  to court, as well.

```
 1            THE COURT:  Yes, but you just bring them

 2   because I'm going to take them.  Just bring them to

 3   court.  I don't want them ahead of time.  Just bring

 4   them and there will be a place for you to deliver

 5   them, and then I'm going to go through them one at a

 6   time.

 7            Now, how many people are coming?

 8            MR. CARR:  Your Honor, from Lawson's side,

 9   this is Dabney Carr, I expect three including myself.

10            MR. ROBERTSON:  Your Honor, this is

11   Mr. Robertson from ePlus.  There will be three

12   attorneys from Goodwin Proctor, and I expect two from

13   Christian & Barton.

14            THE COURT:  Okay.  Do you have computers you

15   need to bring or anything such as that?  Phones?

16            MR. ROBERTSON:  Not on behalf of ePlus, Your

17   Honor.

18            MR. CARR:  Not on behalf of Lawson either.

19            THE COURT:  All right.  Well, that will take

20   care of it.  Thank you all very much.

21            MR. CARR:  Okay.

22            THE COURT:  Bye-bye.

23            (The proceedings were adjourned at 11:13

24   a.m.)

25
```

12

1         I, Diane J. Daffron, certify that the

2    foregoing is a true and accurate transcription of my

3    stenographic notes.

4

5                    /s/                      10-19-10
     _____     _____
6           DIANE J. DAFFRON, RPR, CCR        DATE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25