IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE DEFENDANT'S PROPOSED TRIAL EXHIBITS RELATING TO INVALIDITY THEORIES NOT DISCLOSED IN THE COURT-ORDERED SECOND SUPPLEMENTAL INVALIDITY STATEMENT OR RELIED UPON BY DEFENDANT'S INVALIDITY EXPERT**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

*Attorneys for Plaintiff, ePlus, Inc.*

TABLE OF CONTENTS

Page

I.   INTRODUCTION ...................................................................................................................1

II.  BACKGROUND ....................................................................................................................3

    A.   The Court's Order Requiring A Second Supplemental Statement Of Invalidity Contentions................................................................................................4

    B.   The Court's Order Restricting The Scope Of Defendant's Expert Report .............6

    C.   Defendant's Invalidity Contentions For Trial Regarding The J-CON System.......................................................................................................................7

    D.   DX 112.....................................................................................................................8

III. ARGUMENT..........................................................................................................................9

    A.   The Court Should Exclude DX 112 Because It Was Not Relied Upon By Dr. Shamos, Not Disclosed In the Court-Ordered Second Supplemental Statement And Not Disclosed In Discovery Responses .........................................9

    B.   DX 97 And DX 98 Are Inadmissible Because Defendant Did Not Disclose Either Document In The Court-Ordered Second Supplemental Statement And Dr. Shamos Did Not Rely On Either Document In Support Of His So-Called "J-CON Obviousness Theories"..................................................................11

IV.  CONCLUSION.....................................................................................................................15

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ATD Corp. v. Lydall, Inc.*,
  159 F. 3d 534 (Fed. Cir. 1998) .................................................................................................. 13

*Graco Children's Prods., Inc. v. Century Prods. Co., Inc.*,
  1996 W.L. 421966 (E.D. Pa. 1996) .......................................................................................... 10

*Izumi Prods. Co. v. Koninklijke Philips Electronics N.V.*,
  140 Fed. Appx. 236 (Fed. Cir. 2005)......................................................................................... 13

*Marine Polymer Technologies, Inc. v. HemCon, Inc.*,
  2010 WL 1451203 (D.N.H. Apr. 8, 2010)................................................................................. 10

*Orion IP, LLC v. Mercedes-Benz USA, LLC*,
  2008 WL 5378040 (E.D. Tex. 2008), *rev'd on other grounds*, 605 F.3d 967 (Fed. Cir. 2010) 13

*Rambus, Inc. v. Infineon Techs. AG*,
  145 F. Supp.2d 721 (E.D. Va. 2001) *rev'd in part on other grounds*, 155 F. Supp. 2d 668
  (E.D. Va.).................................................................................................................................. 10

*S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*,
  318 F.3d 592 (4th Cir. 2003) .................................................................................................... 10

*Salgado v. General Motors Corp.*,
  150 F.3d 735 (7th Cir. 1998) ...................................................................................................... 9

**Statutes**

35 U.S.C. §103................................................................................................................................ 7

**Rules**

Fed. R. Civ. P. 26......................................................................................................................... 10

Fed. R. Civ. P. 37........................................................................................................................... 1

Fed. R. Evid. 401 ........................................................................................................................... 1

Fed. R. Evid. 402 ........................................................................................................................... 1

Fed. R. Evid. 403 ........................................................................................................................... 1

I. **INTRODUCTION**

Plaintiff *e*Plus, Inc. ("*e*Plus"), respectfully moves pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rules 401, 402 and 403 of the Federal Rules of Evidence to exclude from the trial any evidence, expert opinion, testimony or argument concerning alleged prior art not relied upon by Defendant's invalidity expert or not disclosed in Defendant's Court-Ordered Second Supplemental Statement of Invalidity Defenses ("Second Supplemental Statement"). This motion does no more than ask that the Court enforce the rulings it has already made limiting Defendant's invalidity contentions at trial to the materials disclosed and relied upon pursuant to the Court's scheduling order requirements. In a half dozen rulings on motions to strike, motions *in limine*, and objections to proposed trial testimony and exhibits, the Court has consistently made clear that Defendant may not introduce at trial alleged prior art materials that it did not disclose in its Court-Ordered Second Supplemental Statement. Likewise, the Court has made clear (and it is axiomatic) that alleged prior art evidence which was not relied upon by Defendant's invalidity expert – Dr. Shamos – is not relevant to the claims of the patents-in-suit. Further, the Court has excluded from evidence exhibits that were not identified in response to pertinent discovery requests seeking their identification.

Consistent with these Court rulings, this motion specifically addresses the following proposed trial exhibits of Defendant:

- DX 97 – J-CON Manual Vol. 3 (L0124585-0125034) ("DX 97")
- DX 98 – J-CON Manual RDB Guide (L0125035-0125221) ("DX 98")
- DX 112 – Video – TV Interactive Electric Technical Manuals (L0290560) ("DX 112")

If admitted, DX 97, DX 98 and DX 112 could be used solely as support for Defendant's expert's assertions that the asserted claims are obvious. Defendant offers DX 97 and DX 98 to support its

position that the J-CON system, in combination with either the Dworkin '940 patent or version 10.0 of the P.O. Writer system, renders obvious the asserted claims. Defendant seeks to introduce DX 112 to support its contentions that the asserted claims are obvious based upon the inventors' prior RIMS system in combination with the IBM TV/2 search engine.

DX 97 is a 450-page "exhibit" that is, in reality, an improper compilation of two separate manuals from a version of the J-CON system that differs from the version of that system actually relied upon by Defendant's expert Dr. Shamos. One manual is entitled "Point of Sale" and the second manual in the exhibit is entitled "Part Finder." While Dr. Shamos relies for his invalidity opinions upon the *April 1994* version of the J-CON system as disclosed in manuals compiled in a separate exhibit — DX 96 (referred to by Defendant as the "J-CON Manual" in its Second Supplemental Statement) — the two manuals in DX 97 relate to a different version of the system, allegedly from *October 1989*. Defendant's expert did not rely upon this different version when rendering his so-called obviousness opinions. Nor did Defendant identify either manual included in the exhibit as prior art it intended to rely upon in its Second Supplemental Statement.

Similarly, DX 98 is a manual entitled "The JCON/RDB Guide" from yet another version of the J-CON system, allegedly a *March 1993* system version. Again, Defendant's expert did not rely upon this version of the J-CON system for any of his so-called obviousness opinions. Nor was this manual disclosed in Defendant's Second Supplemental Statement as the Court ordered. Thus, Defendant's attempt to introduce DX 97 and DX 98 is an attempt to inject *new theories* of invalidity based on different versions of the alleged J-CON prior art system. Exclusion of these exhibits would do nothing more than enforce the Court's unmistakably clear prior rulings, and limit Defendant's invalidity theories pertaining to the J-CON system to those that it timely disclosed.

DX 112 is an undated video that Defendant contends is related to the IBM TV/2 search engine. However, the video is not the actual TV/2 software that Defendant has asserted as an alleged prior art reference, but rather, an undated mock-up. Because it is undated, there is no way to determine whether it relates to the same version of the TV/2 program that Defendant relies upon for its invalidity contentions. Moreover, ***Defendant never disclosed that it intends to rely on DX 112 in its Court-Ordered Second Supplemental Statement, any interrogatory response, or its expert's invalidity report.*** Accordingly, the clear import of the Court's prior rulings is that Defendant cannot rely upon this exhibit at trial.

Defendant's introduction of DX 97, DX 98 and DX 112 would unfairly prejudice *e*Plus by allowing Defendant to expand its invalidity theories and contentions at the last minute, long after the close of discovery and the time Defendant was required to make its disclosures. Moreover, because Defendant belatedly expanded its invalidity theories *e*Plus's validity expert was deprived of the opportunity to analyze and respond to these new theories in his rebuttal expert report. Particularly in light of the fact that the Court has repeatedly ordered that Defendant's invalidity arguments are limited to those set forth in the Court-Ordered Second Supplemental Statement, the Court should not now change the rules of the game. For these reasons, DX 97, DX 98 and DX 112 should not be admitted into evidence.

## II.   BACKGROUND

The Court is already familiar with the pertinent facts from the motions it has already ruled upon. The Court's November 2009 Scheduling Order, and as subsequently amended, required Defendant to identify with specificity (as to its invalidity defenses) "all prior art on which it relies, ***including a citation by Bates number of any documents produced relating to each such prior art reference***," as well as "a complete and detailed explanation of what it alleges that ***each listed prior art reference*** shows in claim chart form on an element-by-element,

claim-by-claim basis and how that prior art invalidates the claims asserted by plaintiff." Ex. A (Exhibit A, Pretrial Schedule A at § J(3) (Nov. 18, 2009)) (emphasis added).

### A. The Court's Order Requiring A Second Supplemental Statement Of Invalidity Contentions

Just as the Court ordered *e*Plus to limit its infringement case to 13 representative claims, the Court ordered Defendant to specifically enumerate the invalidity theories and prior art references it will rely on at trial in a Court-Ordered Second Supplemental Statement. The Court's Order required the Defendant to identify with specificity each prior art reference upon which it relies and provide a claim-by-claim, element-by-element analysis of each such reference, ***including an identification of the specific disclosure in each document that it relies upon***. The Court's intention was not for Defendant to only disclose general theories it intended to rely upon, but, rather, for Defendant to specifically disclose each invalidity theory and each document supporting such theory, including page references that Defendant relied upon in each document:

> THE COURT: Look, you, Mr. McDonald, have gone hog wild and crazy with these references, and they are inadequate. They just are. I've never seen any prior art references, alleged invalidity references, as crazy as this.
>
> You're just going to have to pick --
>
> MR. McDONALD: Well, Your Honor --
>
> THE COURT: Wait a minute, Mr. McDonald. You told me you were going to have seven or eight, and I want you to do them like I said; claim-by-claim, element-by-element. What is it that in the prior art invalidates it? And then you ***take the page of the prior art, and not only do you write it out, you highlight it, and you hand it to them***.
>
> They don't have to answer anything until you start doing it right and until you cut down your references and make them specific. ***It's not sufficient to tell somebody some saber*** [sic] ***system or some whatever it is***. I know that you said that you all gave them

4

> the page number, but *that's not enough*. That *doesn't do what I asked you to do*. You-all have complicated the case unnecessarily.

Ex. B (Hearing Tr.), at 7:19 – 8:15 (March 26, 2010).

Defendant served its Court-Ordered Second Supplemental Statement on April 9, 2010 which included the following bases for invalidity:

- The Fisher RIMS system in combination with the IBM Technical Viewer/2 system and/or the IBM Technical Viewer/2, General Information Manual:

    - In addition to the foregoing, *Lawson intends to rely on witness testimony and the following documentary evidence to prove that the TV/2 system is prior art that, in combination with the Fisher RIMS system, renders obvious the asserted claims*:

        - 5799-IBM Technical Viewer/2 are labeled with Bates number ePLUS0210933-ePLUS0210938;

        - the IBM Technical Viewer/2, General Information Manual is labeled with Bates numbers L0132122–L0132130;

        - the IBM Technical Viewer/2 brochure is labeled with Bates numbers L0132131–L0132134;

- The J-CON system as described in the 'J-CON Manual' in combination with the '940 patent"

- The J-CON system as described in the 'J-CON Manual' in combination with the P.O. Writer Plus V.10 as described in the P.O. Writer Plus Version 10 manual

- The J-CON Manual is labeled with Bates numbers L0123414-L0124584

Ex. C (Second Supplemental Statement), at 3, 5 (Apr. 9, 2010) (emphasis added). The "J-CON Manual" identified and relied upon by Defendant in the Second Supplemental Statement is 1,172 pages, and includes two volumes, each of which relates to the *April 1994 version* of the J-CON system. Ex. D (Excerpts of J-CON Manual (DX 96)). In correspondence to *e*Plus, Defendant stated that it had "complied with [the Court's March 26] order by *reducing the number of*

5

*references relied upon*, and providing specific page, column, and line references on an element-by-element and limitation-by-limitation basis." Ex. E (Ltr. from McDonald to Albert), at 2 (Apr. 15, 2010).

### B. The Court's Order Restricting The Scope Of Defendant's Expert Report

After Defendant served Dr. Shamos's corrected expert report on invalidity on May 5, 2010, *e*Plus moved to strike opinions in the Shamos Invalidity Report that were based on references not disclosed in the Court-Ordered Second Supplemental Statement, including Defendant's proposed trial exhibits DX 97 and DX 98. *See* Docket No. 212 (*e*Plus Motion to Strike), at 11 (May 14, 2010). The Court reserved judgment on the portion of *e*Plus's motions to strike Dr. Shamos's opinions concerning the newly produced documents DX 97 and DX 98. Docket No. 230 (Order), at 3 (May 25, 2010).

*e*Plus further moved *in limine* to exclude all of Dr. Shamos' invalidity opinions not disclosed in the Court-Ordered Second Supplemental Statement. Docket No. 248 (Motion *in Limine* No. 2), at 2 (June 18, 2010). ***In granting ePlus's Motion in Limine No. 2, the Court ordered that Dr. Shamos could not opine that the J-CON system anticipates any of the now asserted claims or that the P.O. Writer System anticipates claims 2, 21 and 22 of the '516 patent and claim 1 of the '172 patent.*** *See* Docket No. 382 (Order) (July 30, 2010). At oral argument, the Court again discussed the importance of the Second Supplemental Statement in limiting prejudice to *e*Plus:

> THE COURT: This motion is going to be granted. This report goes somewhat considerably off the reservation established by the previous orders of the Court ***beginning with the requirements that contentions, invalidity contentions be stated*** at a certain time, and then Lawson was given a second bite at the apple and told to restate them, and ***those orders were put in place in order that everybody would know how the discovery was to proceed, what were the contentions, what are the contentions, what do we then direct the discovery to***.

6

> *They are not just pro forma requirements of throwing up pieces of paper into the file that contain something about invalidity*. They shape – they are the skeleton of the case to which the flesh and muscles and viscera are attached by discovery, and they mean something.

Ex. F (Hearing Tr.) at 183:24 – 184:12 (July 28, 2010) (emphasis added).

### C. Defendant's Invalidity Contentions For Trial Regarding The J-CON System

Defendant does not now contend that the J-CON system anticipates any of the asserted claims of the patents-in-suit; rather, it contends only that the April 1994 version of the J-CON system renders obvious the asserted claims when combined with either version 10 of the P.O. Writer or Dworkin '940 patent references. *See* Docket No. 480 (Amended Final Pre-Trial Order) at § VI(B), ¶¶ 44, 45 (Sept. 23, 2010). Dr. Shamos, however, did not rely on *any documents* (including DX 96, DX 97 and DX 98) to support his so-called obviousness theories with respect to the J-CON system; instead, he merely stated in a conclusory fashion that he believes that the asserted claims are obvious. Dr. Shamos's only opinions with respect to his two "J-CON obviousness theories" are contained in seven paragraphs as follows:

**The Combination of J-CON Plus Dworkin '940 Renders the Asserted Claims Obvious**

> 230. To the extent that J-CON is not deemed to anticipate any Asserted Claim, it is my opinion that such claim would have been obvious in view of the combination of J-CON with the Dworkin '940 patent. The combination teaches all of the elements of asserted claims 3, 6, 26, 28, and 29 of the '683 patent, asserted claims 1, 2, 6, 9, 21, 22, and 29 of the '516 patent, and asserted claim 1 of the '172 patent as shown in Exhibits 3 and 4). As such, the combination of J-Con and the '940 patent renders these claims invalid under 35 U.S.C. §103.
>
> 231. One of skill in the art would have been motivated to make the combination because [sic]
>
> 232. One of skill in the art would also have been motivated to make the combination because the '940 patent states, "It is another object to provide a system and method which facilitates the

7

> processing of orders for goods or services transmitted by a user." 3:9-11. This capability is provided by J-CON.
>
> 233. Furthermore, the '940 patent provided the multi-source capability demanded by the industry at and before the time of the invention.
>
> 234. Additionally, the J-CON system included features that one or ordinary skill in the art would have been motivated to use with the '940 invention, including the ability to electronically determine the current availability in the inventory at multiple locations, to perform a cross-referencing of data relating to an item on a requisition to determine an alternative source for the same item and/or an acceptable substitute for the item initially selected, and the ability to generate multiple purchase orders from a single requisition (as described above and in detail in Exhibit 3).

> **The Combination of J-CON and P.O. Writer Renders the Asserted Claims Obvious**
>
> 235. It is my opinion that J-CON anticipates all the Asserted Claims. It is also my opinion that P.O. Writer anticipates all of the asserted claims.
>
> 236. To the extent that J-CON and/or P.O. Writer are not deemed to anticipate any Asserted Claim, it is my opinion that such claim would have been obvious in view of the combination of J-CON with P.O. Writer. The same reasons for making the previous two combinations apply to combining the J-CON system as described in the "J-CON Manual" with P.O. Writer Plus V. 10 as described in the P.O. Writer Plus Manual. The P.O. Writer Plus V. 10 system provided the multi-vendor capability demanded by the industry at and before the time of the invention. The J-CON system included features that one or ordinary skill in the art would have been motivated to use with the PO Writer system, including additional details about performing a cross-referencing of data relating to an item on a requisition to determine an alternative source for the same item and/or an acceptable substitute for the item initially selected.

Ex. G (Shamos Invalidity Report) at ¶¶ 230-236. Again, Dr. Shamos did not rely on *any* J-CON documents to support his so-called J-CON obviousness theories, and he certainly did not identify or rely upon either DX 97 or DX 98.

      D.      **DX 112**

8

With respect to the undated video relating to the IBM TV/2 search program (DX 112), Defendant did not disclose or rely upon this document in its Second Supplemental Statement. Moreover, the exhibit is not cited or relied upon by Lawson's expert Dr. Shamos in his expert report. In addition, Defendant did not disclose this exhibit in response to *e*Plus's Interrogatory Nos. 4 and 9 which sought an identification of each document Defendant would rely upon to support its invalidity defenses. Ex. H (Defendant's Supp. Response to Rog. 4 (Nov. 12, 2009); Ex. I (Defendant's Supp. Response to Rog. 9 (May 7, 2010). In short, Defendant utterly failed to disclose its intent to rely upon DX 112 and, consistent with the Court's prior orders, it should be excluded. *e*Plus's validity expert – Brooks Hilliard – has had no opportunity to review or offer opinions in response to Defendant's undisclosed contention that DX 112 renders obvious the asserted claims.

### III.   ARGUMENT

#### A.   The Court Should Exclude DX 112 Because It Was Not Relied Upon By Dr. Shamos, Not Disclosed In the Court-Ordered Second Supplemental Statement And Not Disclosed In Discovery Responses

It is undisputed that Defendant did not disclose DX 112 in its Court-Ordered Second Supplemental Statement and that Dr. Shamos did not rely on it in his Invalidity Report. Ex. J (Hearing Tr.) at 204:21:25 (Sept. 27, 2010) (Defendant's counsel conceding that "the video is not disclosed per se in these documents. I agree with that.") As this Court's prior rulings have recognized, an expert can only give opinions at trial that are commensurate with the opinions disclosed in his report. *Salgado v. General Motors Corp.,* 150 F.3d 735, 741 n.6 (7th Cir. 1998) ("[t]he report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.); *see also* Fed. R. Civ. P. 26(a)(2), Advisory Cmte. Notes to 1993 Amendments ([as a result of the expert

9

report requirement] "the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition"); *Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp.2d 721, 725 (E.D. Va. 2001) *rev'd in part on other grounds*, 155 F. Supp. 2d 668 (E.D. Va.) (quoting Rule 26). *See also S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) (affirming exclusion of untimely supplementation of an expert opinion).

During the Final Pretrial Conference, the Court reiterated that Defendant generally cannot offer at trial evidence concerning prior art references not relied upon by Dr. Shamos, reasoning that, "[i]f he has no opinions with respect to [a reference], then I don't see how it's relevant." Ex. J (Hearing Tr.) at 263:12-13 (Sept. 28, 2010). As the Court explained, expert testimony is required to explain to the jury how alleged prior art is related to the patents-in-suit:

> Who is going to testify that it's – if you add – you are saying you've got someone testifying to different pieces of the elements, the claim elements. Who is going to tie it all together and say, therefore, this is prior art? Somebody has to do that or all you have is a lot of untethered evidence that doesn't mean anything that's relevant to the case on the issue of prior art. So who is going to tie it together?

*Id.* at 268:24 – 269:6. *See also Marine Polymer Technologies, Inc. v. HemCon, Inc.*, 2010 WL 1451203, *3 (D.N.H. Apr. 8, 2010) ("In light of the technical and complex nature of the invention . . . prior art is not admissible to show invalidity under § 102 or § 103 unless a qualified expert witness provides an opinion to explain the art and its relationship to the [patent-in-suit]."). Even if alleged prior art documents are being offered for a purpose other than invalidity (and the three exhibits in question are not), the Court can order that the material be excluded to avoid undue prejudice and jury confusion. *See Graco Children's Prods., Inc. v. Century Prods. Co., Inc.,* 1996 W.L. 421966, ** 15-17 (E.D. Pa. 1996) (after determining that prior art documents were insufficient to establish invalidity defense, excluding as unduly

prejudicial the defendants' proposed exhibits alternatively offered "for limited purpose of establishing level of skill in the art").

Although Defendant claimed to have "complied with [the Court's March 26] order by *reducing the number of references relied upon*," Defendant's purported reduction in the number of references is meaningless because it has come forward with additional, undisclosed prior art on the eve of trial including DX 112. Ex. E (Ltr. from McDonald to Albert), at 2 (Apr. 15, 2010). Again, however, the Court has already made clear that Defendant may not rely at trial upon invalidity references or theories not disclosed in its Court-Ordered Second Supplemental Statement.

Admission of DX 112 would unfairly prejudice *e*Plus in numerous ways. *First*, because Defendant never disclosed during either fact or expert discovery its intent to rely upon DX 112, *e*Plus's validity expert has not had an opportunity to review DX 112 or offer his own expert opinions in rebuttal. *Second*, because the video is undated, there is no way to determine the version of the TV/2 search program to which the video relates, whether such video relates to the same version of the TV/2 search program that Defendant relied upon in the Second Supplemental Statement and in Dr. Shamos's expert report, or whether the video is even prior art. *Third*, *e*Plus was not aware that Defendant intended to rely on DX 112 at the time it deposed Defendant's purported fact witness Pamela Eng regarding the TV/2 search program. And *fourth*, Defendant's late addition of new prior art would, if permitted, change the rules of the game after the Court ordered Defendant to disclose each of the prior art references it intends to rely on at trial over six months ago. Thus, this Court should exclude DX 112 from trial.

> **B.     DX 97 And DX 98 Are Inadmissible Because Defendant Did Not Disclose Either Document In The Court-Ordered Second Supplemental Statement And Dr. Shamos Did Not Rely On Either Document In Support Of His So-Called "J-CON Obviousness Theories"**

11

Likewise, it is undisputed that Defendant did not disclose either DX 97 or DX 98 in its Court-Ordered Second Supplemental Statement. Ex. J (Hearing Tr.) at 184:19-20 (Sept. 27, 2010) (Defendant's counsel conceding that "we did not cite those specific documents in the second supplemental invalidity statement"). Moreover, Dr. Shamos did not rely on either DX 97 or DX 98 to support his opinions that the April 1994 version of the J-CON system, in combination with other purported prior art references, renders the asserted claims obvious. For these reasons alone, the exhibits should be excluded as untimely and irrelevant.

DX 97 and DX 98 should also be excluded from evidence because they relate to versions of the J-CON system *different from the version relied upon by Defendant in its invalidity contentions*. Defendant, in its Second Supplemental Statement and in its expert report on invalidity, relied only upon the April 1994 version of the J-CON system. Neither DX 97 nor DX 98 relate to that version of the J-CON system. A 1994 model Ford Mustang contains features and functionality different from a 1989 model or even a 1993 model. For the same reasons, contrary to Defendant's assertion at the Pretrial Conference, these exhibits cannot be reconciled as merely additional documents offered in support of the same theory of invalidity that Defendant disclosed in its Second Supplemental Statement and expert report.[1] Ex. J (Hearing Tr.) at 182:23 – 184:1 (Sept. 27, 2010) ("These are some additional J CONN [sic] manuals relating to the J CONN [sic] prior art system that we did disclose in our second supplemental invalidity contentions").

---

[1] Even if Defendant could establish that a 1989 version of the J-CON system and a 1993 version are relevant to an April 1994 version of the J-CON system, which they are not, Defendant would not be relieved of its Court Ordered burden to identify, in the Second Supplemental Statement, each prior art document Defendant intends to rely upon on a page-by-page and reference-by-reference basis. *See* Ex. B (Hearing Tr.), at 7:19 – 8:15 (March 26, 2010) (ordering Defendant to "take the page of the prior art, and not only do you write it out, you highlight it, and you hand it to them," and specifically explaining that "[i]t's not sufficient to tell somebody some saber [sic] system or some whatever it is").

The Court was crystal clear in its prior orders that Defendant could not introduce new invalidity theories at trial. *See, e.g.,* Ex. F (Hearing Tr.) at 183:24 – 184:12 (July 28, 2010). ***Defendant's Court-Ordered Second Supplemental Statement did not disclose either DX 97, DX 98, or either of the different versions of the J-CON system described in those documents, as allegedly invalidating prior art*** and admission of these documents thereby constitutes new theories of invalidity never disclosed.

Additionally, Dr. Shamos's so-called obviousness opinions regarding the J-CON system may not be introduced at trial because he does not rely on any documents to support his conclusory opinions. While Dr. Shamos does rely on DX 97 and DX 98 to support his ***excluded anticipation opinions***, he does not rely on DX 97, DX 98 or any other document to support his opinion that the April 1994 version of the J-CON system can be combined with any of the other alleged prior art references to render the asserted claims obvious. Dr. Shamos offers only the conclusory opinion that the combinations of the April 1994 version of the J-CON system and the Dworkin '940 patent or the April 1994 version of the J-CON system and version 10.0 of the P.O. Writer System render obvious the asserted claims.

Courts routinely exclude conclusory obviousness opinions, like Dr. Shamos's J-CON obviousness opinions, that are not based on ***any*** underlying evidence. *See Izumi Prods. Co. v. Koninklijke Philips Electronics N.V.*, 140 Fed. Appx. 236, 244 (Fed. Cir. 2005) (district court did not abuse its discretion in excluding conclusory expert testimony regarding infringement where opinion was based solely on expert's subjective belief); *ATD Corp. v. Lydall, Inc.*, 159 F. 3d 534, 546 (Fed. Cir. 1998) (reversing jury verdict finding claims obvious where Defendant's expert offered conclusory obviousness opinions and relied on the same references as he used for anticipation where evidence taught away from combining references). The Defendant's expert in

13

*Orion IP, LLC v. Mercedes-Benz USA, LLC* evoked language nearly identical to Dr. Shamos, "opining" after giving his anticipation theories that:

> If the jury should find that there's a missing step in some of the prior art compared to the claims, I think it's for certain that someone of ordinary skill in the art would have been able to combine either from their own knowledge or from one of the other reference that I just suggested, the two other pieces of prior art, you can take parts from them to complete an embodiment and thereby also made obvious the claims of the [patents-in-suit].

2008 WL 5378040, *3 (E.D. Tex. 2008), *rev'd on other grounds*, 605 F.3d 967 (Fed. Cir. 2010). In denying a motion for JMOL, the *Orion* court noted the latent deficiencies in the Defendant expert's conclusory and unsupported "obviousness" opinion. *Id*.

Admission of DX 97 and DX 98 would also be unfairly prejudicial to *e*Plus for several reasons. **First**, because Defendant did not disclose or rely upon these documents – or even the versions of the J-CON system described in these documents – in either the Court-Ordered Second Supplemental Statement or in the expert report of Dr. Shamos, Defendant has provided no analysis of the relevance of those exhibits to its invalidity allegations, and *e*Plus's rebuttal expert on validity was not provided an opportunity to analyze such references and provide opinions in rebuttal. **Second**, admission of DX 97 and DX 98 will confuse the jury because the documents at issue relate to versions of the J-CON system other than the April 1994 version disclosed in the Court-Ordered Second Supplemental Statement. Moreover, such exhibits would relate to new theories of invalidity beyond those disclosed in the Second Supplemental Statement in contravention of the Court Order. **Third**, fundamental fairness dictates that just as *e*Plus has followed the Court's directive to limit the number of asserted claims, Defendant should be required to limit the number of prior art theories and references that its expert relies on.

14

*e*Plus's motion does nothing more than ask that the Court's prior orders be enforced and that Defendant be required to adhere to them.  There is no unfair prejudice to Defendant in granting this motion, as it was given ample warning and opportunity to fully investigate the prior art and to disclose its defenses with specificity.  Defendant cannot offer any reason why the exhibits at issue – or even the differing versions of the J-CON system -- were not timely disclosed as bases for its invalidity defenses.

## IV.     CONCLUSION

This is at least the thirteenth round of briefing on the issue of whether the parties will be restricted at trial to the mandatory disclosures made in their pretrial filings.  The Court has already made clear that will be the case.  Defendant's prior art theories and references are limited by the Court-Ordered Second Supplemental Statement.  It is undisputed that Defendant failed to disclose its intent to rely upon DX 112 in either fact or expert discovery.  It is also undisputed that Defendant did not disclose DX 97 or DX 98 in the Court-Ordered Second Supplemental Statement and that Defendant's invalidity expert did not rely on either purported exhibit in his so-called J-CON obviousness opinions.  *e*Plus therefore respectfully asks that the Court expressly find that Defendant cannot offer invalidity evidence not disclosed in the Court-Ordered Second Supplemental Statement, including DX 97, DX 98 and DX 112.

Respectfully submitted,

October 21, 2010
          /s/
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements  (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff ePlus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE DEFENDANT'S PROPOSED TRIAL EXHIBITS RELATING TO INVALIDITY THEORIES NOT DISCLOSED IN THE COURT-ORDERED SECOND SUPPLEMENTAL INVALIDITY STATEMENT OR RELIED UPON BY DEFENDANT'S INVALIDITY EXPERT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

                    /s/
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com