# EXHIBIT B

```
                                                                    1

              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

 _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                   :
  ePLUS, INC.,                     :
                                   :
                   Plaintiff,      :
   v.                              :  Civil Action
                                   :  No. 3:09CV620
  LAWSON SOFTWARE, INC.,           :
                                   :  March 26, 2010
                   Defendant.      :
 _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:



         COMPLETE TRANSCRIPT OF **CONFERENCE CALL**
          BEFORE THE HONORABLE ROBERT E. PAYNE
               UNITED STATES DISTRICT JUDGE



  APPEARANCES: (All via telephone)

  Scott L. Robertson, Esq.
  GOODWIN PROCTER
  901 New York Avenue, NW
  Washington, D.C.   20001

  Craig T. Merritt, Esq.
  Henry I. Willett, III, Esq.
  CHRISTIAN & BARTON
  909 E. Main Street, Suite 1200
  Richmond, VA   23219-3095

          Counsel for the plaintiff ePlus



              DIANE J. DAFFRON, RPR
              OFFICIAL COURT REPORTER
            UNITED STATES DISTRICT COURT
```

```
 1    APPEARANCES:  (Continuing)

 2    Daniel W. McDonald, Esq.
      Joshua P. Graham, Esq.
 3    MERCHANT & GOULD
      3200 IDS Center
 4    80 South Eighth Street
      Minneapolis, MN    55402-2215
 5
      Dabney J. Carr, IV, Esq.
 6    TROUTMAN SANDERS
      Troutman Sanders Building
 7    1001 Haxall Point
      P.O. Box 1122
 8    Richmond, VA    23218-1122

 9            Counsel for Lawson Software

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          If you look at the permutations alone, Your
2     Honor, we're talking literally tens of thousands of
3     different permutations where I'm supposed to figure
4     out what they mean by a so-called system, what they
5     are specifically referencing it to.  Are they
6     intending on bringing third party witnesses to enhance
7     and embellish on what the system is?  I've been asking
8     that for months because I want to depose any third
9     parties, but they have never told me.
10          When they lump something together and say
11    then it renders it invalid under 102/103, and then
12    have a laundry list of about nine separate references,
13    what am I to infer from that?
14          THE COURT:  What you're supposed to do is
15    object that they haven't complied with the Court order
16    and tell them that they haven't.  And then if they
17    don't comply, bring it to the Court for decision on
18    that front instead of arguing about it.
19          Look, you, Mr. McDonald, have gone hog wild
20    and crazy with these references, and they are
21    inadequate.  They just are.  I've never seen any prior
22    art references, alleged invalidity references, as
23    crazy as this.
24          You're just going to have to pick --
25          MR. McDONALD:  Well, Your Honor --

1                THE COURT:  Wait a minute, Mr. McDonald.  You
2    told me you were going to have seven or eight, and I
3    want you to do them like I said; claim-by-claim,
4    element-by-element.  What is it that in the prior art
5    invalidates it?  And then you take the page of the
6    prior art, and not only do you write it out, you
7    highlight it, and you hand it to them.
8                They don't have to answer anything until you
9    start doing it right and until you cut down your
10   references and make them specific.  It's not
11   sufficient to tell somebody some saber system or some
12   whatever it is.  I know that you said that you all
13   gave them the page number, but that's not enough.
14   That doesn't do what I asked you to do.  You-all have
15   complicated the case unnecessarily.
16               MR. McDONALD:  Beyond the page number, I put
17   the tabs in, Your Honor, which is more specific than
18   page number.  We have column and line references
19   specifically to the tab.
20               THE COURT:  But you didn't do it on a
21   claim-by-claim, element-by-element basis.
22               MR. McDONALD:  That's Exhibit A, Your Honor,
23   to what we provided to you.  It's a copy of our
24   invalidity contentions.  And that's exactly what we
25   did.  We have examples in there.  We provided excerpts