# EXHIBIT E



**Merchant & Gould**
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | Daniel W. McDonald
dmcdonald@merchantgould.com
612.336-4637

April 15, 2010

Jennifer A. Albert
Goodwin Procter LLP
901 New York Avenue NW
Washington, DC 20001

Re:   ePlus, Inc. v. Lawson Software, Inc.
      Case No.: 2:09-232
      M&G No.: 16391.1USZA

Dear Jennifer:

We are in receipt of your letter of April 14, 2010, that relates to Lawson's Second Supplemental Initial Statement of Invalidity Defenses. We disagree with your characterizations of both (1) the number of references asserted and (2) Judge Payne's instructions of March 26, 2010; however, we agree to provide you with a further supplement, as described below. Accordingly, and for the reasons set forth in my letter of March 12, 2010, we look forward to receiving your prompt supplementary responses to Lawson's Interrogatories Nos. 19-20.

Regarding your request that Lawson withdraw three or four references from its invalidity contentions, we dispute your allegation that Lawson has not complied with the Court's instructions. The Judge said we should "cut down our references and make them specific." Tr. At 8 ll. 9-10. We complied with that order by reducing the number of references relied upon, and providing specific page, column, and line references on an element-by-element and limitation-by-limitation basis to show how the prior art reads on the claims. Your letter implicitly admits this, as previously you alleged that Lawson's invalidity contentions relied on "something like 28 references"[1] and "tens of thousands of different [invalidity] permutations."[2] You now concede the number has been reduced to 11, or less than half of the prior number. Moreover, you raise no objection to the modest number of very specific combinations we now assert for obviousness, so we assume that is a non-issue. We believe we have complied with the letter and spirit of the Court's order.

---

[1] Transcript of Telephonic Hearing of March 26, 2010, at page 5, line 19.
[2] Transcript of Telephonic Hearing of March 26, 2010, at page 7, line 2.

Atlanta | Denver | Knoxville | Omaha | Minneapolis | Seattle | Washington DC

Jennifer A. Albert
April 15, 2010
Page 2

Additionally, of the references listed in your letter, the inventors of the patents in suit admitted that the Fisher RIMS system on sale more than one year before the filing date is the system described in U.S. Patent No. 5,712,989. We have relied on the '989 patent to provide the support for our contentions as to both forms of prior art. Therefore, we think it is misleading to argue that we have somehow disregarded any instructions to limit the number of references relied upon by counting the RIMS system prior art and patent twice.

Similarly, given that the patents in suit admit that the TV/2 product is a prior art product from IBM, we have every right to rely on three relatively short documents which describe that prior art product to support our contentions as to it. It is misleading to count this single product three times by citing references 8-10 of your letter, which all describe the same IBM TV/2 product. As stated on page 4 of our supplemental invalidity contentions, the IBM TV/2 system qualifies as prior art under 35 U.S.C. § 102(b) as on sale and in public use more than a year prior to the priority date of the patents-in-suit.

Lawson is entitled to rely on a number of evidentiary sources to establish the features of a single prior art system at the time of its sale or use. *Engate, Inc. v. Esquire Deposition Servs., LLC*, 331 F. Supp. 2d 673, 687-88 (N.D. Ill. 2004);[3] *see also Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 375 F.3d 1341, 1352 (Fed. Cir. 2004), *reversed on other grounds*, *Unitherm Food Sys. v. Swift-Eckrich, Inc.*, 126 S.Ct. 980 (Jan. 23, 2006) ("[T]he undisputed evidence [of prior use] combined contemporaneous correspondence, color photographs, witness testimony, and promotional videos. Together, it established numerous points of identity between the Unitherm process and the patented process."); *Mitsubishi Elec. Corp. v. Ampex Corp.*, 190 F.3d 1300 (Fed. Cir. 1999) (relying on combination of testimonial, documentary,

---

[3] In *Engate*, in support of summary judgment of patent invalidity, this Court relied on multiple, published articles describing the use of the claimed transcription system, as well as declarations "to supplement the vagaries in the articles." 331 F. Supp. 2d at 679, 684. Regarding the permissibility of combining multiple pieces of evidence to prove public use, this Court stated:

> Engate argues that the articles cited by the defendants and relied upon by the Court do not anticipate the claim **because no one article describes all the elements of the claim.** If the Court were concluding that Claim 5 is invalid because it was anticipated by a printed publication, Engate would be correct that the publication would have to include - either explicitly or inherently -- every element of the claim. **However, the basis for our conclusion that Claim 5 is invalid is that the technology described in the claim was in public use prior to the critical date. The Court cites the articles as evidentiary support for what technology was in use in the CICs, not as an independent ground for finding the claim invalid. The Court can rely on several sources to describe all the technological elements available in the courtrooms that -- when used together -- constituted functionalities claimed in Engate's patents.**

*Id.* at 688 (emphasis added).

Jennifer A. Albert
April 15, 2010
Page 3

and opinion evidence to show prior public use). With these minor modifications, the list is effectively down to eight items, which is the number you requested.

Regarding your second point, we note that the cited bases for invalidity were explained on a claim-by-claim, element-by-element basis, including citations to page, column, and line number as ordered by Judge Payne. Although ePlus has ready access and detailed citations to the relevant materials, we have reviewed the transcript you cited and agree to provide highlighted versions of the cited documents to you as well. We will do so as soon as practicable, and in any event no later than Monday, April 19. Of course, the highlighting does not change the substance of what we have already provided, it merely provides the same information in a different form.

Finally, we are unclear as to your concern that Lawson failed to provide "evidence" relating to how each cited reference satisfies each claim element under its proposed construction, since we cited specific pages and lines of specific documents to support our contentions, and they address every limitation under the proposed constructions of both parties. It looks to us like the level of specificity and clarity we provided regarding this evidence is certainly more complete than the evidence ePlus provided to support its infringement contentions, which fail to take into account the parties' respective constructions at all as far as we can tell. Of course, we will discuss this issue with you, but any discussion should involve reciprocal requirements.

We request that ePlus now fully respond to our contention interrogatories regarding invalidity under 35 U.S.C. §102 and §103, in view of the supplementation of our invalidity contentions we provided last Friday. We would like to receive your supplementary responses to Lawson's Interrogatories Nos. 19-20 by Wednesday, April 21.

We are available any time Friday in the morning or afternoon to discuss these issues.

Sincerely,

MERCHANT & GOULD

Daniel W. McDonald

DWM/AJL