# EXHIBIT F

**Page 1**

```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

-----------------------------------
                                   :
ePLUS, INC.                        :   Civil Action No.
                                   :   3:09CV620
     vs.                           :
                                   :
LAWSON SOFTWARE, INC.              :   July 28, 2010
                                   :
-----------------------------------


    COMPLETE TRANSCRIPT OF THE MOTIONS HEARING
       BEFORE THE HONORABLE ROBERT E. PAYNE
             UNITED STATES DISTRICT JUDGE


APPEARANCES:

Scott L. Robertson, Esquire
Michael G. Strapp, Esquire
Jennifer A. Albert, Esquire
Goodwin Procter, LLP
901 New York Avenue NW
Suite 900
Washington, D.C.  20001

Craig T. Merritt, Esquire
Christian & Barton, LLP
909 East Main Street
Suite 1200
Richmond, Virginia  23219-3095
Counsel for the plaintiff


               Peppy Peterson, RPR
               Official Court Reporter
               United States District Court
```

**Page 2**

```
APPEARANCES: (cont'g)

Dabney J. Carr, IV, Esquire
Troutman Sanders, LLP
1001 Haxall Point
Richmond, Virginia  23219


Daniel W. McDonald, Esquire
Kirstin L. Stoll-DeBell, Esquire
Merchant & Gould, PC
80 South Eighth Street
Suite 3200
Minneapolis, Minnesota  55402
Counsel for the defendant
```

**Page 3**

                    P R O C E E D I N G S

00:22:39  THE CLERK: Civil action number 3:09CV00620, ePlus, Inc., versus Lawson Software, Inc. Will counsel please state their names for the record and identify the parties they represent.

00:29:30  MR. MERRITT: Greg Merritt, Christian & Barton, for ePlus.

00:29:35  MR. ROBERTSON: Scott Robertson, Goodwin Procter firm. With me are my partners.

00:29:41  MR. STRAPP: Michael Strapp.

00:29:43  MS. ALBERT: Jennifer Albert.

00:29:47  MR. CARR: Dabney Carr, Troutman Sanders, for Lawson Software.

00:29:51  MR. McDONALD: Good morning, Your Honor. Dan McDonald, Merchant & Gould, representing Lawson Software, and with me today, I'd like to introduce Kirstin Stoll-DeBell, also with Merchant & Gould, also representing Lawson Software.

00:30:07  MS. STOLL-DeBELL: Good morning.

00:30:09  THE COURT: Morning. I always think it's a good idea to throw counsel a curve ball. I always enjoyed it so much when judges did it to me.

00:30:59  I've decided, upon further reflection, that I would like to hear your views on the damages issue reflected in Lawson's -- what is it, motion in limine number one? Is that

**Page 4**

00:31:19  what it is?

00:31:19  MR. McDONALD: That's one of them, Your Honor. There's one, two, and three all related to the damages issue.

00:31:25  THE COURT: I mean the settlement.

00:31:27  MR. McDONALD: That's where you want to start?

00:31:30  THE COURT: No, we'll start with the motion for summary judgment, but I would like somebody to -- I'd like for you to address that. I don't want a lot of -- we don't have a lot of time to do this, and we've got a lot to do, so get right to the point. All right, the motion for summary judgment on the written description.

00:31:51  MR. McDONALD: Thank you, Your Honor. May it please the Court, I have some binders with PowerPoint slides I'd like to hand up.

00:31:59  THE COURT: Is that a question of law or fact?

00:32:01  MR. McDONALD: It's a question of fact, but the facts are undisputed. Can I hand up the binders?

00:32:25  THE COURT: I'm sorry, it's in paragraph four of what is to be argued.

00:32:30  MR. McDONALD: That was just a fast ball, not a curve ball.

00:32:35  THE COURT: I don't know. Maybe that was a slider. All right.

00:32:40  MR. McDONALD: Is the PowerPoint visible on the screen right now for Your Honor?

## 181

```
06:51:11  1   because you said it doesn't have anything to do with
06:51:14  2   pre-filing. On the willful infringement issue, that's the only
06:51:17  3   issue it's relevant to; right?
06:51:19  4          MS. STOLL-DeBELL: Post-filing.
06:51:20  5          THE COURT: Okay. Now, how does it play out
06:51:21  6   post-filing? Tell me about that.
06:51:23  7          MS. STOLL-DeBELL: There is going to be evidence of
06:51:25  8   when they say Lawson started infringing these patents. They
06:51:28  9   have to put it on for their damages case, and we're talking
06:51:31 10   about which version they say infringed and when they say Lawson
06:51:35 11   started infringing.
06:51:36 12          So those are going to be facts that come into the
06:51:39 13   case. So the jury will hear about that, and it will be a fact
06:51:43 14   that these prior versions, anything before 8.0.3, does not
06:51:48 15   infringe. And we will have witnesses --
06:51:51 16          THE COURT: They're not going to prove that. They're
06:51:54 17   not going to offer that evidence -- are you, Mr. Robertson? He
06:51:58 18   said he wasn't.
06:51:58 19          MR. ROBERTSON: No. I'm going to prove that 8.0.3
06:52:02 20   and subsequent versions infringe.
06:52:04 21          THE COURT: But you're not going to say, in doing
06:52:06 22   that, earlier versions they had didn't infringe. That's not
06:52:10 23   going to be part of your case.
06:52:11 24          MR. ROBERTSON: Not going to be part of my case.
06:52:13 25          THE COURT: So now it comes in, you say, to deal with
```

## 182

```
06:52:18  1   -- when it comes in as part of your case.
06:52:21  2          MS. STOLL-DeBELL: Well, yeah. I mean, at a minimum,
06:52:23  3   it's part of our cross-examination of Dr. Weaver, that he is
06:52:26  4   not asserting that these prior versions infringed, and he is
06:52:30  5   asserting --
06:52:30  6          THE COURT: I'm going to tell you what that's going
06:52:32  7   to come up with. That's going to come up with what you call an
06:52:35  8   objection, and it's going to be sustained most likely. You've
06:52:43  9   got to realize that you've got to try cases in the order that
06:52:46 10   the issues are presented.
06:52:47 11          Now, this is something that you need to raise, so the
06:52:50 12   question is, can you put in evidence probative of your state of
06:52:56 13   mind that when you got the lawsuit, you didn't think you were
06:53:01 14   infringing with the new 8.0.3 because it was just like all the
06:53:08 15   others and they didn't infringe.
06:53:10 16          MS. STOLL-DeBELL: Yes.
06:53:14 17          THE COURT: So you have to then, you say, offer proof
06:53:18 18   that those earlier ones didn't infringe in order to be able to
06:53:21 19   make that argument; right?
06:53:23 20          MS. STOLL-DeBELL: Right, but I think it's all tied
06:53:25 21   in to we don't think any of it infringes because it's all the
06:53:29 22   same thing. So it's -- you know, we don't think any of them
06:53:34 23   had catalogs.
06:53:35 24          THE COURT: What you're doing is thinking without
06:53:37 25   putting it in context of a piece of litigation. You're
```

## 183

```
06:53:43  1   thinking the thing through as if logic dictated that these
06:53:49  2   things follow one unto the other. That isn't exactly how the
06:53:53  3   trial of the case works. We're looking at whether or not it's
06:53:58  4   probative in your case. All right. Anything else that you
06:54:03  5   wish to say on any of these things?
06:54:06  6          MS. STOLL-DeBELL: I don't think so, Your Honor.
06:54:08  7          THE COURT: Okay.
06:54:10  8          MR. ROBERTSON: One point on that last issue, Your
06:54:13  9   Honor.
06:54:14 10          THE COURT: Yes, since you have the burden on the
06:54:15 11   motion.
06:54:17 12          MR. ROBERTSON: If it's all the same and 8.0.3
06:54:20 13   doesn't infringe, they don't willfully infringe, what's the
06:54:23 14   relevance of 5.0 and 6.0?
06:54:26 15          THE COURT: Because they looked at 5.0 and 6.0 which
06:54:31 16   you didn't accuse of infringing, so they didn't think they were
06:54:34 17   infringing, and they thought you were all wet.
06:54:37 18          MR. ROBERTSON: If it hasn't changed, what they're
06:54:39 19   saying is then it's invalidated because it predates the
06:54:41 20   patents. If they're not infringing now, they're not willfully
06:54:44 21   infringing, it makes the relevance of 5.0 and 6.0 that they
06:54:48 22   didn't infringe even earlier pre-attenuated and marginal in my
06:54:53 23   view. Thank you.
06:54:57 24          THE COURT: This motion is going to be granted. This
06:55:02 25   report goes somewhat considerably off the reservation
```

## 184

```
06:55:11  1   established by the previous orders of the Court beginning with
06:55:20  2   the requirements that contentions, invalidity contentions be
06:55:25  3   stated at a certain time, and then Lawson was given a second
06:55:33  4   bite at the apple and told to restate them, and those orders
06:55:38  5   were put in place in order that everybody would know how the
06:55:43  6   discovery was to proceed, what were the contentions, what are
06:55:49  7   the contentions, what do we then direct the discovery to.
06:55:54  8          They are not just pro forma requirements of throwing
06:55:58  9   up pieces of paper into the file that contain something about
06:56:03 10   invalidity. They shape -- they are the skeleton of the case to
06:56:08 11   which the flesh and muscles and viscera are attached by
06:56:14 12   discovery, and they mean something.
06:56:21 13          To the extent that Dr. Shamos's report talks about
06:56:29 14   infringement issues -- I mean invalidity issues or infringement
06:56:34 15   issues beyond what was disclosed, that evidence cannot be
06:56:46 16   brought in. It just simply can't.
06:56:49 17          When the validity contentions were filed in the
06:56:54 18   second supplement on the issue of anticipation, it was said
06:56:58 19   there were 14 claims that were infringed -- I mean anticipated.
06:57:07 20   J-Con had one. Gateway was three claims. PO Writer was seven
06:57:15 21   claims anticipated, and 542, King 542 anticipated three.
06:57:24 22          Dr. Shamos says for the first three, J-Con, Gateway,
06:57:29 23   and PO Writer, there were 13 each, and for King 542 there were
06:57:34 24   11, there were 50. He can't testify to anything but to the 14.
06:57:40 25   That's been clear from the beginning.
```