# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF ePLUS INC.'S INTERROGATORY NO. 4**

Pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, Defendant Lawson Software, Inc., ("Lawson") hereby supplements its responses to Plaintiff ePlus, Inc.'s ("ePlus") Interrogatory No. as set forth below.

## GENERAL OBJECTIONS

Lawson incorporates the General Objections set forth in its initial responses to Plaintiff's First Set of Interrogatories (Nos. 1-14).

Subject to those General Objections and the more specific objections set forth below, Lawson responds as follows.

## INTERROGATORIES

**INTERROGATORY NO. 4:**

State in detail all facts and contentions that support or refute Lawson's allegations, if any, that any of the patents in suit are invalid under 35 U.S.C. §§ 102 or 103, identifying all prior patents, literature, publications, systems, processes, or devices, including prior knowledge,

1

public uses, sales and offers for sale, that Lawson contends, either alone or in combination, invalidate one or more claims of any of the patents in suit, through a claim chart that identifies each element of each claim of the patent(s) asserted to be invalid and explains where each element of the respective claim is shown in such prior patent, literature, publications, system, process, device, public use, sale, or offer for sale.

**OBJECTION TO INTERROGATORY NO. 4:**

Lawson objects to Interrogatory No. 4 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory is vague, ambiguous, unduly burdensome and compound. Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving its objections, Lawson responds that the patents-in-suit are either anticipated or rendered obvious by at least one or more of the following prior art references and systems:

> U.S. Patent No. 5,319,542
> U.S. Patent No. 5,694,551
> U.S. Patent No. 6,712,989 [sic] [U.S. Patent No. 5,712,989]
> U.S. Patent No. 5,361,199
> U.S. Patent No. 5,666,493
> U.S. Patent No. 4,992,940
> U.S. Patent No. 5,402,336
> TV*12* General Information Manual
> The Electronic Catalog Market: Status and Directions, (c) 1994 by INPUT
> Electronic Commerce: Comprehensive Market Assessment, (c) 1992 by INPUT
> J-CON
> SABRE
> P.O. Writer
> GATEWAY /2000 or GATEWAY/DOS
> Lawson Software
> R/2

      R/3
      Movex
      Mapics
      REALITY
      RIMS
      TV/2
      Nova DOS
      Matkon
      APS DOS
      Condor
      CARMS
      Triad (CCl)
      PMX-2
      FAST
      Palmas Purchasing+
      EZMRP
      PurchasePro
      StockPro
      ASAP (Baxter)
      COACT+ (J&J)
      SPEC 2000
      IDB 2000
      APOLLO

In addition, Lawson believes that relevant prior art exists at the following companies:

      International Business Machines Corporation
      Lockheed Martin Corporation
      McKesson Corporation

In addition, for additional information responsive to this interrogatory, ePlus may refer to documents produced by Lawson relating to Reexamination Control Nos. 90/008,104 and 95/000,487.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Lawson incorporates into this response as if fully provided herein the facts and contentions in the Request for *Ex Parte* Reexamination of the '683 patent and the Request for *Ex*

3

*Parte* Reexamination of the '172 patent. Lawson contends that the facts and contentions in the Request for *Ex Parte* Reexamination of the '683 patent relating to claims 26-45, which are method claims, apply equally to claims 1-25, which are directed to a device for carrying out the method of claims 26-45. Furthermore, the facts and contention in both the Request for *Ex Parte* Reexamination of the '683 patent and the Request for *Ex Parte* Reexamination of the '172 patent apply equally to the claims of the '516 patent to the extent that claim elements similar to the claim elements of the '516 patent appear in the '683 patent, the '172 patent, or both.

Additionally, although the facts and contention in both the Request for *Ex Parte* Reexamination of the '683 patent and the Request for *Ex Parte* Reexamination of the '172 patent relate only to printed publications, Lawson will rely also on the actual product described in those printed publications. Based on the facts and contentions in the Request for *Ex Parte* Reexamination of the '683 patent, the Request for *Ex Parte* Reexamination of the '172 patent, or both, ePlus' asserted patents are invalid under 35 U.S.C. § 102 and/or § 103, including but not limited to 35 U.S.C. § 102 (a), (b), (e)(1) and (g)(2), and 35 U.S.C. § 103(a).

In addition to the facts and contentions in the Request for *Ex Parte* Reexamination of the '683 patent and the Request for *Ex Parte* Reexamination of the '172 patent, Lawson further contends that all three patents-in-suit are invalid under 35 U.S.C. § 102 and/or § 103, including but not limited to 35 U.S.C. § 102 (a), (b), (e)(1) and g(2), and 35 U.S.C. § 103(a), based on the P.O. Writer, U.S. Patent No. 5,694,551, U.S. Patent No. 5,712,989, and combinations thereof. Claim charts attached hereto as Appendix A detail where the elements of the asserted patent claims are disclosed in these three prior art references.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Lawson further contends that the '683 patent is invalid under 35 U.S.C. § 102 and/or § 103, including but not limited to 35 U.S.C. § 102 (a), (b), and g(2), and 35 U.S.C. § 103(a), based on Lawson's software available prior to the August 10, 1994, either alone or in combination with the P.O. Writer, U.S. Patent No. 5,694,551, U.S. Patent No. 5,712,989. Lawson maintains that the of step of converting and converting means claimed in the patents-in-suit are inappropriate under 35 U.S.C. § 112 ¶¶ 1, 6 as discussed in Lawson's Supplemental Response to Interrogatory No. 5. If these limitations are found to be appropriate, then Lawson asserts that they are met by Lawson's software available prior to the August 10, 1994. Claim charts attached hereto as Appendix A detail have been supplemented to identify where the elements of the asserted patent claims are disclosed in Lawson's software available prior to the August 10, 1994.

Lawson also contends that the patents-in-suit admit the Fisher RIMS system, as described in the '989 patent, is prior art. Accordingly, references to the '989 patent should be understood to both assert the '989 patent as invalidating prior and to assert the Fisher RIMS system as invalidating prior art.

Lawson reserves the right to supplement this response.

## THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Lawson further incorporates into this response as if fully provided herein the facts and contentions in the Request for *Ex Parte* Reexamination of the '516 patent. Lawson also contends that the patents-in-suit admit IBM's Technical Viewer/2 system is prior art. Accordingly, references in the Request for *Ex Parte* Reexamination of the '516 patent to manuals and brochures describing the TV/2 system should be understood both to assert the manuals and

5

brochures as invalidating prior and to assert the TV/2 system itself as invalidating prior art.

AS TO OBJECTIONS

Dated: November 12, 2009

LAWSON SOFTWARE, INC.

_____
Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
dmcdonald@merchantgould.com
wschultz@merchantgould.com
rhughey@merchantgould.com
jgraham@merchantgould.com
alagatta@merchantgould.com


Stephen E. Noona
(VSB No.25367)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:(757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com


*Counsel for Defendant Lawson Software, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2009, I caused the following documents:

1. Defendant Lawson Software, Inc.'s Supplemental Responses to Plaintiff ePlus Inc.'s Interrogatory No. 4; and

2. Certificate of Service

to be served on the following individuals via electronic mail:

Goodwin Proctor ePlus team at ePlusGoodwinService@goodwinprocter.com
Craig Merritt at cmerritt@cblaw.com
Henry Willett at hwillett@cblaw.com
Kimberly Perkins at kperkins@cblaw.com
Leslie Blacka at lblacka@cblaw.com
Perry Coburn at pcoburn@cblaw.com
Stephanie VanBuren at svanburen@cblaw.com


Dated: November 12, 2009                    s/Carol A. Nystrom
                                            Carol A. Nystrom