# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| *e*PLUS, INC., | ) | |
| | ) | |
| | ) | Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT LAWSON SOFTWARE, INC.'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 1, 2, 3, 4, 5, 6, 9, AND 12

Pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, Defendant Lawson Software, Inc., ("Lawson") hereby supplements its responses to Plaintiff ePlus, Inc.'s ("ePlus") Interrogatory Nos 1, 2, 3, 4, 5, 6, 9 and 12 as set forth below.

## GENERAL OBJECTIONS

Lawson incorporates the General Objections set forth in its initial responses to Plaintiff's First Set of Interrogatories (Nos. 1-14).

## INTEROGATORIES

### INTERROGATORY NO. 1:

Identify each person, including, without limitation, all employees, representatives, officers or agents of Lawson or any third parties, whom Lawson knows or has reason to believe has knowledge or information concerning any factual information relevant to the validity or invalidity, enforceability or unenforceability, or infringement or noninfringement of any of the claims of the patents in suit, or of damages issues in this lawsuit, or of factual information

detailed explanation of each fact relating to such contention (specifically setting forth each patent, printed publication, thing, device and/or other evidence so relied upon), and, with respect to each such fact, an explanation why such fact would or would not render the patent claim invalid.

**OBJECTION TO INTERROGATORY NO. 6:**

Lawson objects to Interrogatory No. 6 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.6 :**

Subject to and without waiving its objections, Lawson incorporates the Report of Expert Michael I. Shamos, PhD, J.D. Concerning Invalidity, dated May 5, 2010.

**INTERROGARTORY NO. 9:**

Describe in detail all facts and identify all documents that Lawson contends support or tend to support its defenses, affirmative defenses and counterclaims, if any, in this action.

**OBJECTION TO INTERROGATORY NO. 9:**

Lawson objects to Interrogatory No. 9 on all the grounds set forth in its General Objections and incorporates these objections *as* if set forth in full herein. Lawson further objects to this interrogatory as overly broad and unduly burdensome. Lawson further objects to this interrogatory as a premature contention interrogatory, and an improper attempt to take expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving its objections, Lawson responds as follows:

**Defense to ePlus' Infringement Causes of Action:**

Lawson will assert that it is not liable for infringement of the asserted claims for at least the reasons set forth in its responses to Interrogatory Nos. 2-8, 11, 14, and 16 and its expert reports on invalidity and noninfringement.  Lawson specifically incorporates the Report of Expert Michael I. Shamos, PhD, J.D. Concerning Invalidity, dated May 5, 2010.

**Defense to ePlus' Allegations of Willful Infringement and Indirect Infringement:**

Lawson intends to defend against ePlus' charge of willful infringement by presenting evidence that Lawson did not have knowledge of any of the patents-in-suit until it was served with the complaint in this lawsuit that was filed around May 22, 2009.  ePlus asked the Lawson witnesses who testified in deposition whether they knew about the patents-in-suit before the complaint was filed, and they all answered no.  *See, e.g.,* Christopherson Dep. at 52-53 (no one on his team knew who ePlus was, let alone had knowledge about ePlus' patents); 65-66; 92; 95-96; 99.  There is no evidence to show that anyone at Lawson had knowledge of the patents-in-suit before the complaint was served.

After suit was filed, Lawson's investigation revealed several legitimate defenses to ePlus' charge of infringement, which were set forth in its answer to the complaint and in other court filings and documents including Lawson's responses to Interrogatories including Interrogatory No. 2, Lawson testimony including its FRCP 30(b)(6) witness regarding its analysis after suit and conclusion there was no infringement, and the Shamos expert report on invalidity.  ePlus failed to seek a preliminary injunction, implicitly conceding that Lawson has substantial defenses to the infringement claims.  ePlus also did not even assert Lawson's systems infringe in its initial infringement contentions, instead accusing Lawson of infringement with respect to Lawson systems which include the "Punchout" feature used by a small percentage of Lawson customers,

and based on third-party catalogs for which Lawson does not provide a database or software and which Lawson does not build or maintain.  ePlus's contentions also relied upon information regarding "Digital Depot," which Lawson was working on developing in the 2000-2001 timeframe, but which appears may never been sold by Lawson, and in event was discontinued many years ago.  Lawson believed and continues to believe in good faith that a critical feature of the claimed invention relates to providing and searching catalogs, each of which is published by various types of vendors, and that its system, which utilizes a list of products selected by customers, provides no such capabilities.  It also believes that the features at issue in its purchasing, requisitioning, and other accused products are responsive to the ordinary progression of customer demands that those of ordinary skill in the field would also be able to implement, and are not patentable.

Lawson also has very credible invalidity arguments, as set forth in detail in prior interrogatory responses and in the Shamos invalidity report.  In fact, almost all of the asserted claims have been rejected and remain rejected by the Patent and Trademark Office (PTO) during reexamination based on the same or similar prior art that Lawson is asserting in this lawsuit invalidates the asserted claims:

- A Request for *Ex Parte* Reexamination of claims 26-45 of the '683 Patent was filed on September 15, 2006.  That Request listed four prior art references that the PTO found  raised a substantial new question of patentability: the P.O. Writer Manual; the Practical Guide to SABRE; the J-CON Manual; and the Gateway Printed Publications.  On October 28, 2006, the Patent Office granted the Request because it found that each of these prior art references anticipated and rendered obvious each of the claims for which reexamination was requested.  In a Final

Office Action dated January 8, 2009, the Patent Office rejected all of the claims being reexamined. Despite the patentee's arguments to the contrary, each prior art reference was determined to qualify as prior art. Each claim was then found to be either anticipated or rendered obvious by the P.O. Writer Manual, the Practical Guide to SABRE, the J-CON Manual, and the Gateway Printed Publications. Lawson is likewise asserting that these same references and others invalidate the claims of the '683 patent.

- A Request for *Inter Partes* Reexamination of claims 1-5 (all the claims) of the '172 Patent was filed on July 10, 2009. The Request listed six prior art references that raised substantial new questions of patentability: U.S. Patent No. 6,963,551, the '989 Patent, the P.O. Writer Manual; the Practical Guide to SABRE; the J-CON Manual; and the Gateway Manual. The PTO granted the Request because it found that each of these prior art references anticipated and rendered obvious each of the claims for which reexamination was requested. On October 23, 2009, the Patent Office rejected all five claims finding that claims 1 and 3-5 were anticipated by the '989 Patent and that claims 1-5 were anticipated by each of the P.O. Writer Manual, the Practical Guide to SABRE, the J-CON Manual, and the Gateway Manual. Lawson is likewise asserting that these same references and others invalidate the claims of the '172 patent.

- A Request for *Inter Partes* Reexamination of claims 1-29 (all the claims) of the '516 Patent was filed on November 12, 2009. In the January 15, 2010 Order Granting Reexamination of the '516 patent ("'516 Reexam Order"), the Patent Office found that the following references were prior art and raised a substantial

11

new question of patentability as to all claims of the '516 patent:  the '989 patent, the '542 patent, P.O. Writer; Practical Guide to SABRE; and J-CON.  Lawson is likewise asserting that these same references and others  invalidate the asserted claims of the '516 patent.

Moreover, Lawson has been selling very similar electronic sourcing software (such as Lawson V.5 and Lawson V.6) for many years prior to the filing date of the patents-in-suit.  (*See* Responses to Interrogatory No. 14).  Lawson's prior art versions of its software had the same features that ePlus is now accusing of infringement.  For example, ePlus argues that Lawson's item master database satisfies the claim elements requiring two or more catalogs.  However, the item master in the accused products is functionally the same as it was in early versions of Lawson software including Lawson V. 5 and Lawson V.6, both of which predate the patents-in-suit.  ePlus argues that than an ability to search different field of item master satisfies the claim elements relating to selecting product catalogs to search.  However, item master in the prior art versions of Lawson's software also allowed item master to search by certain fields.  A claim chart comparing ePlus' infringement contentions against Lawson's prior art software is attached as Exhibit A to this supplemental response.  Lawson believes in good faith that its long use of functionality similar to the features accused of infringement in its current product, with no allegations of infringement regarding its purchasing and requisitioning systems before May of 2009 regarding the ePlus patents or any other patents, demonstrates that its activities are not in violation of any ePlus patent rights.

Similarly, Lawson will use the foregoing facts and arguments to defend against ePlus' allegations of induced or indirect infringement.  Lawson did not know about the patents-in-suit before this lawsuit was filed and did not actively and knowingly aid or abet another to directly

infringe either before or after the lawsuit was filed.  Indeed, Lawson believes that its software does not infringe the asserted claims and that it has credible invalidity defenses.  There is no proof of direct infringement by Lawson customers, a necessary predicate to induced infringement.  Lawson lacks the control over customers or third party vendors/sources which would be necessary to hold it liable for induced infringement.  The following Lawson witnesses may testify in support of the defenses outlined above:  Dale Christoperson, Robert Patton, Jill Richardson, Henrik Billgren, and Keith Lohkamp, and its 30(b)(6) witnesses including witnesses regarding the Lawson prior art systems.

**Damages:**

Lawson's rebuttal report on damages will provide significant information on the damages issues, and is incorporated by reference.  Lawson intends to assert that the following systems were non-infringing alternatives, which are relevant to damages:  Lawson V. 5 and V.6, P.O. Writer, J-CON, Gateway 2000/MRO system, Fisher RIMS, TV/2, REALITY, DynaText, Guide, InnerView, Prism, and ASAP Express.  The documents that support the foregoing facts and defenses in the cited interrogatory answers include without limitation:

- Reexamination File History for U.S. Patent 6,505,172
- Reexamination File History for U.S. Patent 6,023,683
- Reexamination File History for U.S. Patent No. 6,055,516
- Lawson Software Accounts Receivable Procedures Manual for Unix Release 6.0, L0011849-12144
- Lawson Software Cost Allocations Procedures Manual Release 6.0, L0011761-848
- Lawson Software General Ledger Conversion Manual Release 6.0, L0011698-760
- Lawson Software Inventory Control Conversion Manual Release 6.0, L0012800-037
- Lawson Software Inventory Control Procedures Manual Release 6.0, L0012837-3145
- Lawson Software Purchase Order Conversion Manual Release 6.0, L0012492-517
- Lawson Software Purchase Order Release 6.0 User Text, L0015615-6422
- [Lawson Software] Summary of 5.0 and 6.0 Differences, L0017230-236
- Lawson Software Requisitions Procedures Manual Release 6.0, L0009725-0009773
- Lawson Software Purchase Order Procedures Manual Release 6.0, L0013146-0013295
- REALITY documents:  ePLUS0101237-0101281; ePLUS0093768-0094189; ePLUS0094587-0094879; EPLUS0016413-0016530; ePLUS0039580-0039587;

ePLUS0042779-0042780; ePLUS0062318-0062321; ePLUS0062886-0062900; ePLUS0123689; ePLUS0209872-0209887; ePLUS0140120; ePLUS0428967

- Baxter Healthcare Corporation: ASAP Express, Harvard Business School 9-188-080
- Gateway DOS Product Overview, L0128368-395
- Gateway Inventory Processes User Manual December 1993, L0128209-128356
- Gateway Purchasing Manual December 1993, L0127887-128208
- Gateway – The Newsletter for Purchasing Administration, January 1991, L0128357-361
- Gateway – The Newsletter for Purchasing Administration, April 1991, L0128362-366
- Gateway 2000/MRO Screen Shots, L0128494-564
- Gateway 2000/MRO Version May 1991, L0127602-886
- Guided Tour Version 10.0 (P.O. Writer), L0131668-855
- IBM Technical Viewer/2, ePLUS0210933-938
- IBM Technical Viewer/2, ePLUS0509238-251
- IBM Technical Viewer/2, L013122-130
- IBM Technical Viewer/2, L013131-134
- IBM Technical Viewer/2 General Information Manual, ePLUS0210933-938
- J-CON Manual Volume 1, L0123413-124584
- J-CON RDB Guide, L0125035-221
- J-CON System User's Manual Volume 3, L0124585-125034
- Lawson Software Accounts Receivable Procedures Manual for Unix Release 6.0, L0011849-12144
- Lawson Software Cost Allocations Procedures Manual Release 6.0, L0011761-848
- Lawson Software General Ledger Conversion Manual Release 6.0, L0011698-760
- Lawson Software Inventory Control Conversion Manual Release 6.0, L0012800-037
- Lawson Software Inventory Control Procedures Manual Release 6.0, L0012837-3145
- Lawson Software Purchase Order Conversion Manual Release 6.0, L0012492-517
- Lawson Software Purchase Order Release 6.0 User Text, L0015615-6422
- [Lawson Software] Summary of 5.0 and 6.0 Differences, L0017230-236
- P.O. Writer Ad Hoc Reporting Version 10.0, L0126396-402
- P.O. Writer Bar Code Interface Version 10.0, L0126403-422
- P.O. Writer Data Interface Utility Version 10.0, L0126423-481
- P.O. Writer EDI Interface User's Guide Version 10.0, L0126482-500
- P.O. Writer Guided Tour Version 10.0, L0126514-6701
- P.O. Writer Inventory Control Version 10.0, L0126147-395
- P.O. Writer Plus, Version 10 Claim Chart, L0131554-595
- P.O. Writer Plus Fax Module, Version 10.0, L0126702-6717
- P.O. Writer Purchase Requisitioning System Administrator's Guide Version 10.0, L0127256-296
- P.O. Writer Purchasing Tenth Edition (April 1993) Software Revision 10.0, L0126501-513
- P.O. Writer Purchasing Tutorial, L0126718-964
- P.O. Writer Receiving, L0127297-504
- P.O. Writer Requisition Interface, L0126965-980
- P.O. Writer Requisitioning Manual Version 10.0, L0127505-601

- P.O. Writer Security Administrator's Guide Version 10.0, L0126981-999
- P.O. Writer Stock Requisitioning and Kitting System Administrator's Guide Version 10.0, L0127000-7019
- P.O. Writer Stock Requisitioning and Kitting System Version 10.0, L0127020-7102
- P.O. Writer Supplier Rating Report, L0127103-7137
- P.O. Writer System Administrator's Guide, L0127138-7227
- P.O. Writer Version Upgrade Kit, L0127228-7255
- Short et al., Beyond Business Process Redesigning Redefining Baxter's Business Network, MIT Sloan Management Review

.

## INTERROGATORY NO. 12:

Describe in detail the occasion(s) upon which Lawson first became aware of or received notice(s) in any manner of each of the patents in suit, including any applications that matured into the patents in suit and the subsequent issuance of those patents, including without limitation the dates and the persons involved in learning of the patent(s) or receiving the notice(s), and state in detail all steps taken by Lawson in response to such notice(s), including without limitation any analyses of infringement or noninfringement, validity or invalidity, or enforceability or unenforceability of the patents in suit, and any advice of counsel obtained relating to the patents in suit.

## OBJECTION TO INTERROGATORY NO. 12:

Lawson objects to Interrogatory No. 12 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound. Lawson further objects to this interrogatory as premature.

15

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:

Subject to and without waiving its objections, Lawson responds that it sought advice of

counsel independent of its litigation counsel and acted responsibly. Lawson has elected not to

waive attorney-client privilege with respect to reliance on this advice of counsel. It does,

however, rely on non-privileged communications submitted on its behalf by counsel including

the discovery responses, pleadings, and reexaminations cited above.

Lawson reserves the right to supplement this response.

Dated: _May 7_, 2010

LAWSON SOFTWARE, INC.

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081
dmcdonald@merchantgould.com
wschultz@merchantgould.com
rhughey@merchantgould.com
jgraham@merchantgould.com
alagatta@merchantgould.com

Kirstin L. Stoll-DeBell, *pro hac vice*
Merchant & Gould
1050 Seventeenth Street
Suite 1950
Denver, CO 80265
Telephone: (303) 357-1670
Facsimile: (303) 357-1671
kstoll-debell@merchantgould.com

16

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

*Counsel for Defendant Lawson*
*Software,Inc.*