**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:09-CV-620 (REP)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LAWSON SOFTWARE, INC.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF *e*PLUS INC.'S BRIEF IN SUPPORT OF ITS
MOTION TO EXCLUDE INCOMPLETE ALLEGED PRIOR ART DOCUMENTS
PURSUANT TO FEDERAL RULES OF EVIDENCE**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

*Attorneys for Plaintiff, ePlus Inc.*

TABLE OF CONTENTS

Page

I.      INTRODUCTION ...........................................................................................................1

II.     BACKGROUND ............................................................................................................3

        A.      The P.O. Writer Version 10 System And Laurene Fielder-McEneny ....................3

        B.      Defendant's Representations At the Final Pretrial Conference About Its
                Efforts To Obtain The Remainder Of The P.O. Writer Manuals Were Untrue.......5

        C.      Exhibits DX-121 And DX-122 ..............................................................................9

III.    ARGUMENT .................................................................................................................10

        A.      DX-121 And DX-122 Should Be Excluded Pursuant To Rule 106......................12

        B.      DX-121 And DX-122 Should Be Excluded Pursuant To Rules 402 And 403 ......16

IV.     CONCLUSION..............................................................................................................18

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beech Aircraft Corp. v. Rainey*,
  488 U.S. 153 (1988) .................................................................................. 11

*Finnigan Corp. v. Int'l Trade Comm'n*,
  180 F.3d 1354 (Fed. Cir. 1999) ........................................................... 16, 17

*Juicy Whip, Inc. v. Orange Bang, Inc.*,
  292 F.3d 728 (Fed. Cir. 2002) ................................................................ 16

*Leonard v. Mylex Corp.*,
  240 B.R. 328 (D. Minn. Bkrptcy. 1999) ................................................. 13

*Rambus, Inc. v. Infineon Techs. AG*,
  145 F. Supp.2d 721 (E.D. Va. 2001) ...................................................... 15

*Robotic Vision Sys., Inc. v. View Eng'g, Inc.*,
  189 F.3d 1370 (Fed. Cir. 1999) .............................................................. 16

*U.S. v. Ferguson*,
  2010 WL 3521992, No. 09-5056 (4th Cir. Sept. 9, 2010) ..................... 13

*U.S. v. LeFevour*,
  798 F.2d 977 (7th Cir. 1986) ............................................................ 12, 16

*U.S. v. Wilkerson*,
  84 F.3d 692 (4th Cir. 1996) ............................................................. 12, 16

*Woodland Trust v. Flowertree Nursery, Inc.*,
  148 F.3d 1368 (Fed. Cir. 1998) .............................................................. 17

**Other Authorities**

1 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 106[02] ....................... 12

21A, C. Wright & A. Graham, Federal Practice & Procedure, § 5073.1 ............... 12, 13

7 J. WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2113 (J. Chadbourn rev. 1978) .......... 11

**Rules**

Federal Rules of Evidence 106 ....................................................... passim

Federal Rules of Evidence 402 ....................................................... passim

Federal Rules of Evidence 403 ....................................................... passim

## I.      INTRODUCTION

Plaintiff *e*Plus Inc. ("*e*Plus") respectfully submits this brief in support of its Motion to Exclude Incomplete Alleged Prior Art Documents Pursuant to Federal Rules of Evidence 106, 402 and 403.  *e*Plus seeks an Order excluding from evidence trial exhibits DX-121 and DX-122, two incomplete excerpts from alleged prior art manuals concerning the P.O. Writer software.  If these exhibits are not excluded, Defendant Lawson Software, Inc. ("Defendant") will attempt at trial to invalidate *e*Plus's patents with the admittedly incomplete documents, even though contrary to Defendant's counsel's representation to the Court, Defendant made no effort to obtain the complete manuals describing this alleged prior art.

DX-121 and DX-122 should be inadmissible pursuant to Federal Rules of Evidence 106, 402 and 403 because they are incomplete and not relevant.  To the extent these excerpted, incomplete documents have any probative value, they must be excluded because they are unfairly prejudicial and misleading.  As this Court noted at the Final Pretrial Conference, and as discussed in detail below, it is quite possible that the "missing" portions of the documents contain critical information that contradicts Defendant's invalidity contentions concerning the features and functionality of the alleged prior art P.O. Writer software.

Defendant contends that the two excerpts at issue in this motion are portions of a single purchasing manual for P.O. Writer Plus Version 10 ("P.O. Writer v.10"), an alleged prior art system that, according to Defendant, renders invalid *e*Plus's patents.  But there is no evidence that the excerpts are part of the same manual.  Moreover, there is no evidence that one of the excerpts is a manual for Version 10 of the alleged prior art system, and there is no documentary evidence that the excerpt even predates the priority date for the patents-in-suit.  Importantly, there *is* evidence that the remaining, unproduced portions of the excerpts are relevant to Defendant's invalidity allegations and are likely to more fully describe the functionality of the

P.O. Writer software.  Accordingly, the partial excerpts that Defendant seeks to introduce have little or no relevance, would be misleading and unfairly prejudicial, and are therefore inadmissible pursuant to Rules 402 and 403.  Furthermore, because in fairness the remainder of the larger document or documents from which the excerpts are drawn should be considered contemporaneously by the jury, the excerpts are inadmissible pursuant to Rule 106.

Although Defendant concedes that the excerpts are incomplete, at the Final Pretrial Conference Defendant's counsel argued that the excerpts should nonetheless be admitted because Defendant attempted to procure the remaining portions of the excerpted documents when it specifically served a subpoena seeking "the P.O. Writer Documents."  Ex. A (Final Pretrial Conf. Tr., Vols. I and II, Dkt. No. 484-85 and 487, Sept. 27-8, 2010) at 280:7 – 281:10. Defendant's counsel represented to the Court that "the fact of the matter is *the remaining chapters no longer exist.  We tried to get them, and they don't exist*."  Ex. A (Final Pretrial Conf. Tr., Vols. I and II, Dkt. No. 484-85 and 487, Sept. 27-8, 2010) at 279:19-20 (emphasis added).  Therefore, according to Defendant, the Court should admit the excerpts because Defendant attempted without success to discover the entire documents and supposedly there is definitive evidence that the remainder of the documents no longer exists.

Defendant's contention that it served a subpoena for P.O. Writer documents, however, is simply false.  Contrary to its unequivocal and unambiguous representations to the Court, *Defendant never served a subpoena for P.O. Writer documents on any witness*.  Defendant cannot know whether the remaining portions of the manuals exist because it made no efforts to obtain the manuals or any other P.O. Writer documents.  Indeed, at a deposition of a witness who co-founded the company that sold P.O. Writer, Defendant never even asked whether the remaining portions of the larger documents exist.  Having made no effort to obtain the complete

alleged prior art manuals through the discovery process — in contradiction to its representations to this Court — Defendant should not be permitted to attempt to invalidate *e*Plus's patents with admittedly incomplete excerpts of documents.  This is particularly the case given that the excerpts suggest that the missing portions of the documents contain relevant information describing the functionality of the allegedly invalidating prior art.

## II.    BACKGROUND

### A.    The P.O. Writer Version 10 System And Laurene Fielder-McEneny

Defendant contends that the P.O. Writer v.10 "system and manual" anticipates each of the asserted claims of the '683 patent-in-suit and several asserted claims of the '516 patent-in-suit.  Defendant also contends that the combination of the P.O. Writer v.10 "system and manual" and the J-CON "system and manual" renders obvious nearly all of the asserted claims. Defendant's invalidity expert – Dr. Shamos – relies on the P.O. Writer v.10 purchasing module to support his opinions that the P.O. Writer v.10 system anticipates or renders obvious the asserted claims of the patents-in-suit.  As set forth in more detail below, Defendant has produced only certain excerpts of what are alleged to be manuals pertaining to the P.O. Writer purchasing module.

The P.O. Writer v.10 system was purportedly sold by American Tech, Inc. ("American Tech").[1]  As set forth below, Defendant ***did not*** serve a subpoena upon either American Tech or its successor in this action.

Ms. Laurene Fielder-McEneny ("Ms. McEneny") is a co-founder of American Tech.  On April 9, 2010, Defendant notified *e*Plus that it intends to call Ms. McEneny as a fact witness at

---

[1] American Tech changed its name to Purchasing Net, Inc. in 2000.  See Ex. B (McEneny Dep. Tr., June 10, 2010) at 19:17-22.  Ms. McEneny sold her stake in Purchasing Net in 2009. "American Tech" is used herein to refer both to American Tech and to Purchasing Net.

trial.  Accordingly, on May 5, 2010, *ePlus* served subpoenas on Ms. McEneny requesting a deposition and further requesting the production of those documents that Ms. McEneny had provided to Defendant, and any documents that Defendant had provided to her.  Exs. C and D (Subpoenas to Laurene Fielder served by *e*Plus on May 5, 2010).

On May 10, 2010, Defendant issued a subpoena to Ms. McEneny requesting that she appear for a deposition at the same date and time requested by *e*Plus.  Ex. E (Subpoena to Laurene Fielder served by Lawson on May 10, 2010).  Notably, ***Defendant did not serve a subpoena on Ms. McEneny or on American Tech to request production of any documents***.  Neither did Defendant serve a subpoena for documents on any American Tech customer or licensee of version 10.0 of the P.O. Writer system.

Ms. McEneny was deposed by *e*Plus and by Defendant on June 10, 2010.  At her deposition, Ms. McEneny provided limited testimony about the alleged features and functionality of the P.O. Writer v. 10 system.  Defendant's counsel never asked Ms. McEneny at her deposition whether there were additional documents in her possession or in the possession of American Tech regarding P.O. Writer v.10.  *e*Plus's counsel, however, asked Ms. McEneny whether she had produced documents in response to *e*Plus's subpoena for the documents she had exchanged with Defendant.  Ex. B (McEneny Dep. Tr., June 10, 2010) at 8:9-11.  Ms. McEneny testified that the only documents she had produced in response to *e*Plus's document subpoena were documents that Defendant had provided to her.  *Id.* at 8:12-9:24.  In particular, Ms. McEneny explained that Defendant's counsel had provided her with an engagement letter, a partial copy of the trial transcript and her declaration from the SAP litigation, and email correspondence.  Ms. McEneny produced these documents to *e*Plus.  *Id.*; *see also* Ex. F (Letter from Laurene J. McEneny to Goodwin Procter LLP dated May 17, 2010).  Although Ms.

McEneny testified that she had in her possession additional P.O. Writer documents, including "some files . . . a couple of folders on customers . . . [and] some things in the garage," Defendant never subpoenaed Ms. McEneny for these documents and never questioned her about these documents at her deposition.  Ex. B (McEneny Dep. Tr., June 10, 2010) at 21:10-22:4.

> **B.     Defendant's Representations At the Final Pretrial Conference About Its Efforts To Obtain The Remainder Of The P.O. Writer Manuals Were Untrue**

At the Final Pretrial Conference, Defendant argued that the two excerpts at issue, DX-121 and DX-122, are admissible because it attempted to procure the remainder of the manuals through subpoenas, but determined that the remainder of the documents simply did not exist.  As set forth above, this representation was not true.  Defendant never served subpoenas for these documents on either Ms. McEneny or American Tech.

First, Defendant's counsel represented to the Court that it sought the remainder of the DX-121 and DX-122 documents from American Tech:

> THE COURT: Who owns P.O. Writer?
>
> MS. STOLL-DeBELL: American Tech. Something like that.
>
> THE COURT: Did you ask them for it?
>
> MS. STOLL-DeBELL: ….*We did. It's my understanding we did ask for it.  We have what we could get.*
>
> *       *       *
>
> THE COURT: Yes. But my question is:  *What record do you have to tell me that you can't get the rest of the document?*
>
> MS. STOLL-DeBELL: *It's my understanding, Your Honor, that we did ask American Tech for it.* And I would further point out that they did not complain about it. Had they come back and said at any point, "This isn't complete," then we would have known it was an issue. Now we're before trial and it's too late for us to do anything about it.

5

> THE COURT: Well, that isn't really a pertinent point, I don't think, Ms. Stoll-DeBell. They weren't using it. If you were going the use it, it's your responsibility to recognize it's part of the document.

Ex. A (Final Pretrial Conf. Tr., Vols. I and II, Dkt. No. 484-85 and 487, Sept. 27-8, 2010) at

210:9-15 and 211:4-18 (emphasis added).

Second, Defendant's counsel also represented to the Court that it subpoenaed Ms.

McEneny for P.O. Writer documents:

> MS. STOLL-DeBELL: *Your Honor, first of all, we have a subpoena to Ms. Fielder. We tried to get the documents that she had. She didn't have it. It doesn't exist anymore.* It's very old. That should not mean that this whole thing should be excluded. And I would further point out that this is prior art, and we need to show that this system has all the features of their claim. So if there's additional chapters like Chapter 3, it would only help us because it may give additional detail to the arguments that we're making.

> THE COURT: It might hurt you, too. You never know. You can't ever say that what's not there is going to help you because you never know what's there, and it could just as well hurt you. You can't do that.

> \*       \*       \*

> MS. STOLL-DeBELL: *We confirmed that we did subpoena Ms. Fielder.* If you look at the first couple pages of her deposition, ePlus's counsel is asking her, did you get a subpoena, did you look for all the documents you had, did you give all the documents you had to us. She answered, yes, I did, I gave everything to Lawson, and what Lawson had, Lawson gave to you. *So the fact of the matter is the remaining chapters no longer exist. We tried to get them, and they don't exist.*

> \*       \*       \*

> MS. STOLL-DeBELL: *We issued our own subpoena and asked her for everything she had. She gave us what she had.* These chapters --

> THE COURT: She doesn't have it. I think that's been established. The question is, does it exist somewhere else, and the question is

not does she have it, because I think you've answered that.  ***She didn't have it.  She testified to that.  That's settled.  The point is, you haven't established that it doesn't exist.***

MR. ROBERTSON:  ***Point of clarification, Your Honor. I don't think she did testify that she didn't have it.***

MS. STOLL-DeBELL:  ***Well, I think she did.  I think we served her with a subpoena.  She gave us what she had, and she doesn't have this.***

MR. ROBERTSON:  ***Cite us to the testimony.   Maybe I'll withdraw my objection.***

MS. STOLL-DeBELL:  ***She said she gave you everything she gave Lawson, and we served her a subpoena asking for documents.  We tried to get it.  She gave us what she had.***  We took what was also used in the SAP case.  She said, I think it -- what page is that?  I have a line, Your Honor, but not a page.  Give me just a minute. I think at page nine she said, quote, the only things, I gave you everything I would have given them, them being Lawson.  So she no longer has it.  She was working --

THE COURT:  ***The fact you are saying that you subpoenaed -- did you specifically subpoena this?***

MS. STOLL-DeBELL:  ***Yes.  We asked for the PO Writer documents.***

Ex. A (Final Pretrial Conf. Tr., Vols. I and II, Dkt. No. 484-85 and 487, Sept. 27-8, 2010) at

218:19 – 219:9; 279:13-20; and 280:7 – 281:10 (emphasis added).

Defendant's representations to the Court were incorrect.

- ***Defendant never served a subpoena for any documents — let alone the PO Writer documents at issue — on Ms. McEneny.***

- ***Defendant never served a subpoena for any documents — let alone the PO Writer documents at issue — on American Tech.***

- ***Defendant also never served a subpoena for any documents on any P.O. Writer customer or licensee.***

The only subpoena Defendant served on Ms. McEneny was a subpoena for her deposition.  The

subpoena did not request that Ms. McEneny produce any documents, let alone the remaining

portions of DX-121 or DX-122. Moreover, Defendant did not even ask Ms. McEneny a single question at her deposition about the whereabouts of the unproduced portions of DX-121 or DX-122, or, for that matter, about the P.O. Writer files, folders, and other documents that Ms. McEneny had stored in her garage.

The only documents Ms. McEneny produced in this litigation were produced in response to a subpoena from *e*Plus, and even then, the only documents she produced were the handful of documents that she had ***received from*** Defendant. *See* Ex. F (Letter from Laurene J. McEneny to Goodwin Procter LLP dated May 17, 2010) (regarding inventory of documents produced in response to *e*Plus's subpoena); Ex. B (McEneny Dep. Tr., June 10, 2010) at 7:7-9:12 (explaining that she did not produce any documents in this case other than documents that were sent to her by Defendant's counsel; "…basically the content of what [Defendant's counsel] sent [her]"); Ex. D (Subpoena to Produce Documents to Laurene Fielder served by *e*Plus on May 5, 2010). In summary, Defendant never served any subpoenas on any individual or corporation for any P.O. Writer documents during discovery and never asked any witness during deposition about the whereabouts of the missing portions of the P.O. Writer documents.

At the Final Pretrial Conference, Defendant attempted to shift its discovery failures to *e*Plus. Specifically, Defendant argued that it was *e*Plus's fault for not inquiring about the unproduced portions of DX-121 and DX-122 during Ms. McEneny's deposition. The Court responded to Defendant's argument as follows:

> THE COURT: You know, let me explain something to you. The part of -- there's a song called The Gambler. You have to know when to hold them, you have to know when to fold them. You have to know when to walk away, you have to know when to run, and part of a lawyer's job is to know what not to ask, because if you don't ask it, then that lawyer can come into court and say, I didn't build the record for that, and it's not there, so that's an okay thing to do. So the fact they could have asked something about it

doesn't really cut any muster with regard to this issue.  That's a trial tactic lesson that you got free.

Ex. A (Final Pretrial Conf. Tr., Vols. I and II, Dkt. No. 484-85 and 487, Sept. 27-8, 2010) at

282:20 – 283:5.  Contrary to Defendant's representations to this Court, Defendant made a tactical

decision not to subpoena or inquire about the substantial missing portions of DX-121 and DX-

122 during discovery.  Moreover, contrary to its representations, Defendant "didn't build the

record" to establish that the missing portions of these documents no longer exist.  Defendant, not

*e*Plus, must be penalized for its own discovery failures.

### C.     Exhibits DX-121 And DX-122

Defendant's proposed trial exhibit DX-121 (L0126718-964) is a 247-page undated and

incomplete document.  Ex. G (DX-121).  Both parties as well as Ms. McEneny agree that DX-

121 is only a part of a much larger document.  Nothing in the document indicates that the excerpt

predates the priority date of the patents-in-suit, or even that this excerpt (DX-121) is part of a

manual for Version 10 of the P.O. Writer system, the alleged prior art system at issue.

Furthermore, even though Ms. McEneny stated in her deposition that this excerpt is only one

chapter of a larger user's manual, Defendant never served a subpoena on Ms. McEneny,

American Tech or any P.O. Writer customer or licensee for the remaining chapters of the

manual.

Like DX-121, Defendant's proposed trial exhibit DX-122 (L0126501-13) is a 13-page

incomplete document.  Ex. H (DX-122).  Ms. McEneny testified at her deposition that this

exhibit is an excerpt from a larger P.O. Writer purchasing manual.  Ex. B (McEneny Dep. Tr.,

June 10, 2010) at 92:1-5 (recognizing DX-122 "as pages from the purchasing manual…");

126:1-8 (recognizing DX-122 as "the section of the purchasing manual for P.O. Writer Plus").

The first page of DX-122 is written in a different font than the remaining pages of the exhibit, and shows an alleged copyright date of 1993, with other markings indicating that the page relates to "Software Revision 10.0." Ex. H (DX-122) at L0126501. Nothing else in the excerpt provides information about the date of the document, nor that the first page (written in different font) corresponds with the remainder of the excerpt.

The second page of DX-122 appears to be the Table of Contents for the remainder of a larger manual. Notably, the Table of Contents indicates that, in addition to the excerpt produced by Defendant, the larger document includes four additional chapters and two appendices. For example, the Table of Contents indicates that Chapter 3 of the manual concerns "Implementing P.O. WRITER PLUS." Ex. H (DX-122) at L0126502. Chapter 4 is entitled "Using P.O. WRITER PLUS Purchasing Module." *Id.* Both Chapters 3 and 4 undoubtedly have relevance to Defendant's invalidity contentions. The descriptions of the other unproduced chapters and appendices of the purchasing manual in the Table of Contents suggest that those chapters and appendices also likely contain information relevant to Defendant's invalidity contentions. For example, the Table of Contents refers to a chapter concerning "more detailed information about the 'subtleties' of the system," and a chapter "designed to share ideas and concepts for [a user] to consider as [the user] prepare[s] to integrate the system into [the user's] Purchasing Department." Ex. H (DX-122) at L0126503. None of the missing chapters and appendices from the manual were produced or even sought by Defendant in discovery.

## III.   ARGUMENT

The Court should exclude the admittedly incomplete exhibits DX-121 and DX-122 pursuant to Federal Rules of Evidence 106, 402 and 403. These excerpted documents are irrelevant, misleading and unfairly prejudicial, and Defendant should not be permitted to attempt to invalidate *e*Plus's patents based on incomplete documents, particularly where, as here, the

substantial missing portions likely relate to the functionality of the alleged prior art software. Defendant's arguments regarding admissibility should be rejected because they are based on its inaccurate representations that it sought the remainder of the incomplete documents by serving subpoenas for documents upon Ms. McEneny and American Tech.  To the contrary, Defendant never served a subpoena upon American Tech, and did not serve a subpoena for documents upon Ms. McEneny.

Federal Rule of Evidence 106 states, "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."  The Supreme Court, quoting Wigmore, has explained this "rule of completeness" as follows:  "The opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance."  *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171 (1988) (quoting 7 J. WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2113, p. 653 (J. Chadbourn rev. 1978)).

Accordingly, the Supreme Court explained "that ***when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible under Rules 401 and 402.***"  *Id.* at 172 (emphasis added) (citing 1 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 106[02], p. 106-20 (1986)).  The purpose of the "completeness" rule codified in Rule 106 is "to make sure that a misleading impression created by taking matters out of context is corrected on the spot, because of the inadequacy of repair work when delayed to a point later in the trial."  *U.S. v. LeFevour*, 798 F.2d 977, 981 (7th

Cir. 1986).  Thus, if a portion of a document "is necessary to correct a misleading impression, then either it is admissible . . . or, if it is inadmissible . . . *the misleading evidence must be excluded too.*"  *Id.* (emphasis added).

Trial courts have "enormous discretion to determine whether a proponent should be required to introduce the whole (or all relevant parts) of a document, or be precluded from introducing any of it.  Of course, it is always within the court's discretion to exclude evidence that is irrelevant or immaterial."  1 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 106[02], p. 106-6 – 106-9 (2010).  Even if the excerpted, incomplete evidence has some relevance, however, where one side has deliberately truncated a writing *or has not "made a good faith effort to capture the whole," exclusion of the incomplete document is appropriate under the "fairness" criterion of Rule 106*.  21A, C. WRIGHT & A. GRAHAM, FEDERAL PRACTICE & PROCEDURE, § 5073.1, p. 433 (2005) (emphasis added).

### A.   DX-121 And DX-122 Should Be Excluded Pursuant To Rule 106

Defendant should not be permitted to introduce at trial the incomplete exhibits DX-121 and DX-122 because Defendant — contrary to its representations to the Court — made no effort to obtain the substantial unproduced portions of the documents from American Tech or Ms. McEneny.  Moreover, the excerpts suggest that it is highly likely that the missing portions of the documents contain information relevant to Defendant's invalidity allegations.  Defendant, however, deliberately chose not to seek this information during discovery.

Rule 106 is a rule of completeness and its purpose is to "*prevent a party from misleading the jury*."  *U.S. v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (emphasis added); *see also* FED. R. EVID. 106, 1972 Advisory Comm. Notes (explaining that one consideration upon which the Rule is based is the "misleading impression created by taking matters out of context.").  The Rule provides a remedy to cure the prejudice likely to flow from using only an excerpt of a larger

document; namely, the proponent of the excerpt may be required, by the opposing party, to admit the entire document into evidence upon the opposing party's request.  *See* FED. R. EVID. 106; *See also Leonard v. Mylex Corp.*, 240 B.R. 328 (D. Minn. Bkrptcy. 1999) ("The Defendant objects to the exhibit because, as submitted, it is not a complete copy of the transcript of the deposition of Ibrahim, and the Plaintiff failed to furnish a complete copy after [the Defendant] objected to the incomplete copy.  This objection is founded on FED. R. EVID. 106.  It must be sustained pursuant to the rule's plain language; ***the Defendant had the right to demand and obtain a full copy for the record, so any questions about the meaning of the excerpts in context could be addressed***.") (emphasis added).  Thus, the Rule recognizes the prejudice likely to occur from admitting only an excerpt of a larger document, especially where the party who seeks to introduce the incomplete documents made no effort – let alone a "good faith effort" – to capture the complete documents.  *See* 21A, C. WRIGHT & A. GRAHAM, FEDERAL PRACTICE & PROCEDURE, § 5073.1, p. 433 (2005).

Several months ago, *e*Plus objected to the incomplete P.O. Writer documents that Defendant now seeks to introduce at trial.  Ex. I (Hilliard Rpt., June 9, 2010) at 41, ¶ 95 and n. 5 (indicating that DX-121 is undated, lacking version number information and incomplete, and DX-122 is missing four chapters and two appendices).  *e*Plus reiterated its objections to the admission of the proposed exhibits at the Final Pretrial Conference.  Defendant, however, makes an attempted end-run around Rule 106, arguing that it should not apply because Defendant allegedly does not have in its possession the substantial remaining portions of DX-121 and DX-122.  At the Final Pretrial Conference, Defendant's counsel cited *U.S. v. Ferguson*, 2010 WL 3521992, No. 09-5056 (4th Cir. Sept. 9, 2010), as authority for this proposition.

*Ferguson* — an unpublished opinion which is not binding precedent in the Fourth Circuit — stands only for the proposition that an excerpt of a larger document ***may*** be admissible if (1) there was definitive evidence that the remainder of the document was ***destroyed***; and (2) the party seeking to introduce the incomplete document was not responsible for the destruction of the document and had not otherwise acted in bad faith.  *Ferguson*, 2010 WL 3521992, at *1.  In *Ferguson*, the Government sought to introduce the remnants of letters that the Defendant had written to a witness who was going to testify against him.  *Id*.  The witness's father had intercepted the letters, torn them, and disposed of them, but the witness salvaged what she could and gave the partial pieces to the Government.  *Id*.  Thus, there was actual record evidence — not mere attorney speculation — that the missing parts of the letters had been destroyed.  Because the destruction was not the Government's fault, it was permitted to use the excerpts at trial.  *Id*.

No such facts exist in this instance.  First, unlike the facts in *Ferguson*, here there is ***no*** evidence that the missing portions of DX-121 and DX-122 were either destroyed or do not exist.  No witness has testified that any copies of the missing portions of DX-121 and DX-122 have been destroyed.  Second, contrary to its representations to the Court, Defendant simply ***never attempted to discover*** whether any person or entity, including Ms. McEneny and American Tech, possesses a copy of the remaining portions of DX-121 and DX-122.

It bears emphasis that it is now far too late in the day for Defendant to uncover the substantial missing portions of the documents and produce them for use at trial.  Discovery has closed, and *e*Plus's expert witnesses have had no opportunity to review, analyze and opine about the portions of the documents that were not discovered and have not been produced.  Defendant, on the other hand, had ample opportunity during discovery to seek these documents from Ms.

McEneny, American Tech, and licensees of P.O. Writer v. 10, but it chose not to do so.[2]

Defendant should not now be permitted to foist the consequence of its decision upon *e*Plus, when

it is Defendant that bears the burden of proving invalidity by clear and convincing evidence.

Furthermore, should Defendant, at this late date, find and produce the remaining portions of DX-

121 and DX-122, the evidence would be inadmissible under Federal Rule of Civil Procedure

37(c) since Defendant's failure to timely supplement its production of documents was not

substantially justified and has harmed *e*Plus.  *See Rambus, Inc. v. Infineon Techs. AG,* 145 F.

Supp.2d 721 (E.D. Va. 2001) (excluding untimely disclosed expert testimony pursuant to Rule

37(c) because timing of disclosure was not substantially justified and presentation of theory close

to trial was not harmless).

The Fourth Circuit acknowledged in *Ferguson* that in certain cases where the remaining

portions of a document are not in possession of the party who seeks to introduce the incomplete

document, "Rule 106 may counsel in favor of exclusion."  *Ferguson*, 2010 WL 3521992, at \*1.

This is such a case.  Particularly in light of the importance of these exhibits, and the likely

relevance of the missing portions of the documents, Defendant should not be permitted to profit

from its failure to seek the remaining portions of DX-121 and DX-122.  Neither should the Court

countenance Defendant's misrepresentation that it served subpoenas upon Ms. McEneny and

American Tech for these documents.  Instead, the Court should exclude DX-121 and DX-122

from evidence pursuant to Rule 106 to prevent Defendant "from misleading the jury by allowing

into the record" incomplete excerpts from larger alleged prior art documents, particularly where,

as here, Defendant seeks to invalidate ePlus's patents based on such mere excerpts.  *U.S. v.*

---

[2] Notably, Defendant has contended since the outset of discovery that the P.O. Writer software
was prior art.  *See*  Ex. J (Def.'s Resp. to Interrog. No. 4, Aug. 24, 2009) at 13-15 (identifying
the P.O. Writer software as prior art).

*Wilkerson*, 84 F.3d at 696; *LeFevour*, 798 F.2d at 981 (if portion of document "is necessary to correct a misleading impression, then either it is admissible . . . or, if it is inadmissible . . . the misleading evidence must be excluded too."). Surely, excerpts of documents cannot constitute the clear and convincing evidence required under the Patent Act to establish invalidity.

### B.   DX-121 And DX-122 Should Be Excluded Pursuant To Rules 402 And 403

DX-121 and DX-122 should also be excluded under Rules 402 and 403. First, DX-121 should be excluded under Rules 402 and 403 because it is an undated excerpt of a larger document with no copyright marking, and therefore Defendant cannot establish that DX-121 is prior art to the patents-in-suit. As Rule 106 recognizes, because Defendant neither discovered nor produced the missing portions of the documents, there is no means for *e*Plus to challenge Defendant's bald claim that the document qualifies as prior art. Indeed, Defendant cannot even establish that DX-121 is a document that describes the relevant version — Version 10 — of the P.O. Writer system, the only version of P.O. Writer that Defendant alleges invalidates *e*Plus's patents.

It is black-letter law that patents can be invalidated only by clear and convincing evidence. *See, e.g., Robotic Vision Sys., Inc. v. View Eng'g, Inc.*, 189 F.3d 1370, 1377 (Fed. Cir. 1999). Although Ms. McEneny baldly asserted in response to a leading question from Defendant's counsel that DX-121 predates the 1994 priority date at her deposition, as a matter of law neither her unsupported and uncorroborated testimony about an allegedly 17-year old document nor the undated document itself can provide the clear and convincing evidence required to invalidate *e*Plus's patents and DX-121, for that reason alone, must be excluded. *See, e.g., Juicy Whip, Inc. v. Orange Bang, Inc.,* 292 F.3d 728, 743 (Fed. Cir. 2002) (district court erred in denying patentee's JMOL motion pertaining to validity, where alleged prior public use was not sufficiently corroborated); *Finnigan Corp. v. Int'l Trade Comm'n,* 180 F.3d 1354, 1369-

70 (Fed. Cir. 1999) (reversing ITC invalidity determination due to lack of corroboration of alleged prior art article or alleged prior public use); *Woodland Trust v. Flowertree Nursery, Inc.,* 148 F.3d 1368, 1369 (Fed. Cir. 1998) ("[b]ecause uncorroborated oral testimony, particularly that of interested persons recalling long-past events, does not, of itself, provide the clear and convincing evidence required to invalidate a patent on this ground [prior knowledge and use by others], the judgment is reversed").[3]

Both DX-121 and DX-122 are also inadmissible pursuant to Rule 403 because even if these excerpted, incomplete documents have some minimal probative value, that probative value is substantially outweighed by the danger of unfairly prejudicing *e*Plus and misleading the jury. Defendant's deliberate decision not to subpoena Ms. McEneny or American Tech for P.O. Writer documents means that *e*Plus has no recourse under Rule 106 to require that Defendant introduce at trial the remaining portions of the documents, as fairness would demand.  The substantial

---

[3] The Federal Circuit's seminal statement of the corroboration requirement was set forth in *Finnigan*. 180 F.3d at 1366-67.  In that case, the Court reversed the ITC's holding that some of the claims of an asserted patent were invalid as anticipated.  The Court surveyed the long history of this salutary rule:

> **The law has long looked with disfavor upon invalidating patents on the basis of mere testimonial evidence absent other evidence that corroborates that testimony.**  The Supreme Court recognized over one hundred years ago that testimony concerning invalidating activities can be "unsatisfactory" due to "the forgetfulness of witnesses, their liability to mistakes, their proneness to recollect things as the party calling them would have them recollect them, aside from the temptation to actual perjury."  *The Barbed-Wire Patent*, 143 U.S. 275, 284, (1892).  Accordingly, **"[w]itnesses whose memories are prodded by the eagerness of interested parties to elicit testimony favorable to themselves are not usually to be depended upon for accurate information," and therefore such testimony rarely satisfies the burden upon the interested party, usually the accused infringer, to prove invalidity by clear and convincing evidence.**

*Id.*  (emphasis added) (citation omitted).

17

missing portions of these documents are likely to contain additional information regarding whether the documents qualify at all as prior art, and also regarding the functionality of this alleged prior art software.

As Rule 106 recognizes, there is a substantial danger of unfair prejudice inherent in admitting only an excerpt of a document into evidence, out of its proper context, without giving the party against whom admission is sought the opportunity to demand that the full document be introduced.  *e*Plus cannot avail itself of this remedy because Defendant failed to make any good faith effort to seek the complete manuals from which DX-121 and DX-122 were purportedly excerpted, and it is now too late for Defendant to do so, especially since *e*Plus and its validity expert were deprived of the opportunity to review the entire versions of each document in rebutting Defendant's invalidity contentions.  Just as Rule 106 provides that the admission of a mere excerpt may be unfairly prejudicial, likewise Rule 403 authorizes this Court to exclude such excerpts where the danger of unfair prejudice substantially outweighs any probative value. Admission of the incomplete DX-121 and DX-122 exhibits, without giving *e*Plus any meaningful opportunity to invoke Rule 106 and require Defendant to introduce the remainder of the documents, is unfair, prejudicial and likely to mislead the jury as to their true and complete content.

## IV.    CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that its objections to DX-121 and DX-122 be sustained, and that these exhibits be excluded from evidence at trial pursuant to Federal Rules of Evidence 106, 402 and 403.

Respectfully submitted,

October 21, 2010
_____/s/_____
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements  (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff ePlus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S BRIEF IN SUPPORT OF ITS
MOTION TO EXCLUDE INCOMPLETE ALLEGED PRIOR ART DOCUMENTS
PURSUANT TO FEDERAL RULES OF EVIDENCE**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

***Counsel for Defendant Lawson Software, Inc.***

_____/s/_____
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com