**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN SUPPORT**
**OF MOTION TO BAR PLAINTIFF EPLUS INC. FROM PRESENTING ITS CLAIMS**
**FOR WILLFULNESS AND INJUNCTIVE RELIEF TO THE JURY**

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................. 1

II.  BACKGROUND FACTS ..................................................................................... 3
    A.  Current Posture of this Case ................................................................... 3
    B.  ePlus's Willful Infringement Claim ....................................................... 4

III.  ARGUMENT ....................................................................................................... 6
    A.  There Is No Right to a Jury Trial on Any Issue Because There Is No
        Legal Remedy Remaining in the Case ................................................... 6
    B.  The Issues of Infringement and Invalidity Should Be Tried to a Jury
        by Consent of Both Parties Pursuant to Fed. R. Civ. Proc. 39(c) ................... 10
    C.  There Is No Right to a Jury Trial on Willfulness, Regardless of
        Whether There Is a Right to a Jury Trial on Other Issues ........................... 10
    D.  Willfulness Should Not Be Tried to an Advisory Jury Because it Will
        Unfairly Prejudice Lawson ................................................................... 12
        1.  Any Advisory Opinion the Jury Might Give Will Be Incomplete
            Because this Court Has Precluded Lawson from Presenting to the
            Jury Evidence That Is Relevant to Lawson's Willfulness Defense .......... 13
        2.  Willfulness Is an Inflammatory Issue That Will Unduly Discredit
            Lawson in the Eyes of the Jury While Offering No Probative
            Evidence on Infringement and Invalidity ................................... 16
    E.  Bifurcating Willfulness from Infringement and Invalidity Promotes
        Judicial Economy ................................................................................ 16
        1.  Asking The Jury To Render an Advisory Opinion on Willfulness Is
            Wasteful Because the Court Must Decide the Related Questions of
            Exceptional Case and Whether to Award Fees ............................. 16
        2.  There Is No Overlap Between the Issues of Willfulness and
            Infringement and Invalidity ................................................... 17

III.  CONCLUSION .................................................................................................. 18

## I.    <u>INTRODUCTION</u>

As a result of several pretrial rulings, the only issues that remain in this case are infringement, invalidity, willfulness, exceptional case, and injunctive relief.  Binding precedent makes clear that there is no longer a right to a jury trial on any issue because legal damages are out of this case.  Even if ePlus still has a right to a jury trial on infringement and invalidity, it does not have the right to a jury trial on the issue of willfulness.  Although Federal Rule of Civil Procedure 39(c)(2) allows for a jury trial on specific issues if both parties consent, Lawson did not and does not consent to a jury trial on willfulness.  The parties agree that the issues of exceptional case and injunctive relief should be decided by the Court.  As such, Lawson respectfully requests that this Court bifurcate the issues of infringement and invalidity (to be tried to a jury by consent) from the issues of willfulness, exceptional case, and injunctive relief, which should be tried to and decided by the Court (if necessary).

Additionally, while Rule 39(c)(1) allows this Court to try any non-jury issue to an advisory jury, there are several reasons why it would be inappropriate to use an advisory jury for the willfulness issue in this case.

First and foremost, fairness dictates that willfulness be tried to the Court and not to the jury.  Willfulness depends on **both** the objective strength of the accused infringer's defenses **and** the accused infringer's state of mind.  Some of the most relevant facts that refute the objective prong of willfulness are the U.S. Patent and Trademark Office's ("Patent Office") independent and expert rulings in reexaminations.  Through ongoing reexamination proceedings, the Patent Office has found that the same prior art Lawson is asserting in this case raises "substantial new questions" of patentability for all the asserted claims in this case, , and (for the newer older reexamination proceedings) that this same prior art invalidates claims of the patents-in-suit.

Case law shows such reexamination findings are powerful evidence that an accused infringer's invalidity arguments are credible (and thus, there is not an objectively high risk of infringement of a valid claim), which defeats willfulness under the Federal Circuit's *Seagate* standard.

However, this Court has precluded Lawson from presenting this evidence to the jury for fear that it will cause confusion and improperly affect the jury's findings on invalidity.  Unless willfulness is tried to the Court, outside of the jury's presence, Lawson will be highly prejudiced on an inflammatory issue akin to bad faith because the jury will be provided a skewed version of the willfulness facts that omits the strong reexamination evidence in favor of Lawson.  It is unfair and prejudicial to send any issue to the jury when the jury can only hear half the facts.  The best remedy for this unfairness is for willfulness to be tried to the Court, so the reexamination evidence may be given the strong weight it deserves on the willfulness issue.

Second, bifurcating infringement and invalidity from willfulness, exceptional case, and injunctive relief is more efficient.  As is clear in the pretrial order, the parties agree that some issues should be decided by the jury (infringement and invalidity) and some issues should be decided by the Court (exceptional case and injunctive relief).  The crux of the dispute is what to do with willfulness.  Willfulness is much more related to the exceptional case issue than anything else.  There is little, if any, overlap between the facts relating to willfulness and the facts relating to infringement and invalidity.  Further, if the jury finds no infringement or invalidity, this Court need not consider the issues of willfulness, exceptional case, or injunctive relief.

Third, the allegation of willful infringement is inflammatory and prejudicial, especially here, where there is no evidence that Lawson had knowledge of the patents before suit was filed.  Giving the issue of willfulness to the jury will unfairly (and unnecessarily) taint the jury's evaluation of the infringement and validity issues and cause substantial prejudice to Lawson.

Fourth, there is no good reason to try willfulness to the jury. Willfulness is not a dispositive issue for any purpose. It is only one factor relevant to one issue—whether this is an exceptional case—which is clearly for the Court, not the jury, to decide. Willfulness and exceptional case findings must consider the totality of the circumstances including such factors as litigation conduct. The Court's determination of whether the case is "exceptional" to justify a fee award does not even turn on a willfulness finding, as courts frequently deny fees even when willfulness is found, and even if the case is found exceptional. The fee award is based on many equitable factors the jury will not consider, not just willfulness, so the jury's findings will be of limited, if any, relevance. Thus the benefits of trying the issue to the jury pale in comparison to the prejudice to Lawson.

For all of these reasons, Lawson respectfully requests that this Court find that ePlus does not have the right to a jury trial on the willfulness issue and bifurcate issues of willfulness, exceptional case, and injunctive relief and separately try those issues to the bench.

## II.   BACKGROUND FACTS

### A.   Current Posture of this Case

ePlus filed this lawsuit asserting that Lawson was infringing ePlus's U.S Patent Nos. 6,023,683 ("the '683 patent"), 6,055,516 ("the '516 patent"), and 6,505,172 ("the '172 patent"). ePlus's complaint sought both damages and injunctive relief as remedies for its infringement claims. ePlus further asserted that Lawson's infringement was willful, which it asserted entitles it to treble damages under 35 U.S.C. §285 and an award of attorneys' fees under 35 U.S.C. §287. Lawson counterclaimed for a declaratory judgment of non-infringement and invalidity of the three patents-in-suit.

ePlus was sanctioned under Rule 37(c)(1) for its failure to provide a computation of damages as required by Rule 26(a)(1)(A)(iii) and its failure to answer contention interrogatories regarding the basis for its damages claim (other than to cite a flawed and excluded expert report on the last day of fact discovery). That sanction resulted in exclusion of ePlus's damages claim. (Order (Dkt. 472).) As a result of this Order and other pretrial rulings, the issues currently remaining in this case are infringement and invalidity of twelve claims of the patents-in-suit, willfulness, exceptional case, and injunctive relief.

As shown in the Pretrial Order, both parties consent to trying the issues of infringement and invalidity to a jury. (Final Amended Pretrial Order at 28-29, ¶¶ 1-6, and 31-32, ¶¶1-5 (Dkt. 480).) Both parties also agree that this Court should decide the issues of exceptional case and injunctive relief. (*Id.* at 29, ¶¶ 9-10, and 31-32, ¶¶8-11.)

**B.      ePlus's Willful Infringement Claim**

ePlus alleges that Lawson is liable for willful infringement beginning in 2003. Lawson's witnesses testified in deposition that they did not know about ePlus's patents until this lawsuit was filed in 2009. (*See, e.g.*, Christopherson Dep. Tr. at 75:20-76:8 (Ex. A).) Of the hundreds of thousands of pages of discovery produced in this case, there is no evidence that Lawson was even aware of ePlus, let alone its patents, before suit. Nevertheless, ePlus alleges that Lawson should have known about its patents (and by extension should have known that it was infringing these patents) because there were a few articles published about ePlus's patents prior to 2009. (*See* ePlus Inc.'s First Supplemental Answers and Objections to Lawson's Second Set Of Interrogatories at 8-11 (Ex. B).) All of Lawson's witnesses denied seeing these articles. (Christopherson Dep. Tr. at 75:20-76:8 (Ex. A); Lohkamp Dep. Tr. at 76:4-8 (Ex. C).)

4

Lawson denies that it had knowledge of ePlus's patents, let alone ePlus's infringement allegations before this suit was filed. Lawson further asserts that ePlus cannot meet its burden to prove there was an objectively high risk of infringement of a valid claim in this case, let alone meet its burden to prove that Lawson subjectively intended to infringe ePlus's patents. ePlus must prove both of these elements by clear and convincing evidence to prevail on willful infringement.

ePlus cannot prove there was an objectively high risk here because Lawson has both legitimate non-infringement defenses and credible invalidity defenses. The Patent Office's reexamination decisions strongly support this argument. The Patent Office has decided that the same prior art Lawson is asserting in this lawsuit raises "substantial new issues of patentability" as to **every single one** of ePlus's 78 claims in its three patents-in-suit. In the first-filed reexamination initiated by SAP, the Patent Office has rejected all the method claims of the '683 patent in a Final Office Action based on the same prior art Lawson has asserted in this case (J-CON, P.O. Writer, Gateway, and SABRE). (Amended Final Pretrial Order at 25-26, ¶7(b) (Dkt. 480).) In Lawson's more recently-filed reexamination as to the remaining claims of the '683 patent, the Patent Office found that Lawson's prior art (RIMS '989 patent, J-CON, P.O. Writer, Gateway, and SABRE) creates a substantial new question of patentability as to all the remaining, non-method claims of the '683 Patent. (*See id.* at 27, ¶7(e).) The Patent Office has also rejected all the claims of the '516 patent in a non-final office action based on the same prior art Lawson has asserted in this case (RIMS '989 patent, the King patent, J-CON, P.O. Writer, and SABRE). (*See id.* at 26, ¶7(c).) And, the USPTO has rejected all the claims of the '172 patent in an action closing prosecution based prior art Lawson has asserted in this case (RIMS '989 patent, the '551

patent, J-CON, P.O. Writer, Gateway, and SABRE).  (*See id.* at 26, ¶7(d).)   Not a single claim has been found patentable on reexamination.

ePlus's willfulness allegation should not survive a directed verdict, let alone post-trial motions and an appeal.  There is no evidence of copying, but rather the evidence shows Lawson independently developed the accused technology.  No Lawson witness or document among the millions produced shows one iota of evidence that Lawson had any awareness of the ePlus patents before suit, let alone had an awareness that there was an infringement risk.  ePlus hopes to allege deliberate wrongdoing and accuse Lawson of lying about its lack of knowledge based only on innuendo and speculation, which will unfairly taint the jury regardless of their verdict.  Furthermore, the evidence of the reexamination of ePlus's asserted patents by the Patent Office is compelling evidence that there is **not** an objectively high risk that the patents are valid.  As shown below, ePlus has no right to a jury trial on willfulness, and it would be prejudicial and unfair to try the issue to the jury.

III.   **ARGUMENT**

   A.   **There Is No Right to a Jury Trial on Any Issue Because There Is No Legal Remedy Remaining in the Case**

The Seventh Amendment to the U.S. Constitution states that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  Although a party must make a demand to preserve its right to a jury, making such a demand does not guarantee a party's right to a jury trial.  Rather, a right to a jury attaches only to cases more similar to those that were historically tried in courts of law.  *Tull v. U.S.*, 481 U.S. 412, 417 (1987).

To determine whether the Seventh Amendment right to a jury applies to a particular case "the Supreme Court has **repeatedly** taught that courts must examine both the nature of the action

involved and the remedy sought, **and that the nature of the remedy is more important than that of the action.**" *Tegal Corp. v. Tokyo Electron Am.*, 257 F.3d 1331, 1339-41 (Fed. Cir. 2001) (emphasis added).  First, a court must examine the case to see if it would have arisen in law or equity had it been brought in the 18th-century courts of England.  Second, a court must look at the relief requested to see if it is legal or equitable.  *Chauffeurs, Teamsters & Helpers, Local 391 v. Terry*, 494 U.S. 558 (1990); *Tegal*, 257 F.3d at 1339-41.  Equitable remedies do not provide for a right to a jury trial.  *See Phelps v. C.T. Enters.*, 394 F.3d 213, 222 (4th Cir. 2005) ("Providing, as it does, for only equitable remedies, this section of ERISA likewise entails no right to jury trial."); *see also Cline v. Wal-Mart Stores*, 144 F.3d 294, 307 (4th Cir. 1998) (finding that the court erred is submitting issue of front pay to the jury because "front pay, as an alternative or complement to reinstatement, is an equitable remedy best determined by the district court rather than the jury").  Further, to label something a "fact issue" says little about who should decide it, as many "fact issues" relate to claims that are equitable in nature and do not provide a right to jury.  *See, e.g.*, *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir 1993) ("A patentee has no right to a jury trial respecting the factual element of culpable intent as part of the defense of inequitable conduct.").

Regarding the first prong of the Supreme Court's test, the Federal Circuit has found:

> "[I]n eighteenth-century England, allegations of patent infringement could be raised in both actions at law and suits in equity," and that the choice was the patentee's and depended on the type of remedy sought.  If the patentee sought an **injunction and** an accounting, **the patentee went to a court of equity.**  If, however, the patentee sought **only** damages, a court of law was used.

*Tegal*, 257 F.3d at 1340 (emphasis added) (citations omitted).  Although ePlus could have *originally* brought this case in a court of law or a court of equity because it sought damages and an injunction, the situation has changed.  If ePlus were to bring the case now, it would have to

7

bring it in a court of equity because only equitable remedies remain.  Supreme Court precedent supports the idea that a change in the availability of damages, even in the midst of litigation, changes whether the case should be heard by a court of law or equity.  *See Beacon Theaters v. Westover*, 359 U.S. 500, 509 (1959) ("Thus, the justification for equity's deciding legal issues once it obtains jurisdiction, and refusing to dismiss a case, merely because subsequently a legal remedy becomes available, must be re-evaluated in the light of the liberal joinder provisions of the Federal Rules which allow legal and equitable causes to be brought and resolved in one civil action.")

Regarding the second, and more important prong of the Supreme Court's test, the only remedy that ePlus will seek at trial is a permanent injunction.  Thus the nature of the relief is equitable.  *Tegal,* 257 F.3d at 1339-41; *see also Francis v. Dietrick*, 682 F.2d 485, 486-87 (4th Cir. 1982) (agreeing that there were no issues to be tried before a jury once plaintiff removed its request for damages).  This is true even when the plaintiff initially sought, but later removed, a claim for a legal remedy.  *See id.*

ePlus will try to distinguish this precedent by arguing that, unlike the plaintiffs in *Tegal* and *Francis*, it sought a legal remedy, namely damages, and did not voluntarily drop its damages claim.  Instead, ePlus was precluded from presenting damages as a sanction for its discovery nondisclosures.  This distinction does not create a right to a jury, however, because the right to a jury is determined based on the remedies sought at the time of trial (as opposed to the remedies sought in the complaint).  *Skippy, Inc. v. CPC Int'l, Inc.*, 674 F.2d 209, 211 (4th Cir. 1982).  This is true even if damages are excluded from the case by the court.

In *Skippy*, the plaintiff sued the defendant for trademark infringement and sought both damages and an injunction.  674 F.2d 209, 211 (4th Cir. 1982).  The district court dismissed the

claim for damages based on laches. *Id.* at 212. Having dismissed the claim, the district court proceeded without a jury because "only injunctive issues remained and [ ] these were not proper for a jury." *Id.* at 214. The Fourth Circuit affirmed, holding that "[i]n this posture the case presented issues purely equitable in nature that could be resolved by the court without empanelling a jury." *Id.* at 215. Similarly in this case, despite the fact that ePlus initially sought damages and an injunction, its damages claim has been excluded. All that is left is an equitable remedy that does not provide ePlus with a right to a jury trial.

Although courts in other circuits may have applied a different rule, whether ePlus has right to a jury trial is not a matter unique to patent law and is therefore governed by Fourth Circuit law. *See Transmatic, Inc. v. Gulton Indus.*, 53 F.3d 1270, 1278 (Fed. Cir. 1995) ("The question whether [plaintiff] waived its right to a jury trial under the district court's local rule is a procedural matter not unique to patent law, and we therefore apply the law of the regional circuit.") Under Fourth Circuit law, the Court's exclusion of ePlus's damages extinguished ePlus's right to a jury on all issues.

Although ePlus additionally seeks an award of its attorneys' fees as an exceptional case pursuant to 35 U.S.C. §287, attorneys' fees are not the same as damages and are not a legal remedy. Indeed, both parties agree that the issue of whether to award attorneys' fees is for this Court to decide (Amended Final Pretrial Order at 29, ¶ 9, and 31, ¶ 9), which is consistent with longstanding Federal Circuit precedent. *See, e.g., Orthopedic Equip. Co. v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1384 (Fed. Cir. 1983) ("[A]n award of attorney fees is within the discretion of the trial judge.").

In sum, as the cases above demonstrate ePlus does not have a right to a jury trial in this case on any issue (including willfulness) because there is no legal remedy being sought at trial.

**B.      The Issues of Infringement and Invalidity Should Be Tried to a Jury by Consent of Both Parties Pursuant to Fed. R. Civ. Proc. 39(c)**

In cases where there is no right to a jury trial, Rule 39(c) allows the parties to agree to try certain issues to the jury.  In this case, both parties have agreed to try the issues of infringement and invalidity to the jury.  However, the parties do *not* agree that willfulness should be tried to the jury.  And, for the reasons discussed below, there is no reason to try willfulness to the jury and there are sound reasons not to do so.

**C.      There Is No Right to a Jury Trial on Willfulness, Regardless of Whether There Is a Right to a Jury Trial on Other Issues**

Even if this Court were to decide that ePlus has a right to a jury trial on the issues of infringement and invalidity, ePlus does not have a right to a jury trial on willfulness.  The issue of willfulness can be relevant to the question of whether to increase damages under 35 U.S.C. § 284 ("the court may increase the damages up to three times the amount found or assessed") and to whether a case is exceptional under 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.").  As the plain language of these statutes make clear, both of these issues are for the Court—and not the jury—to decide.  The Federal Circuit has explicitly recognized that "a finding of willful infringement merely authorizes, but does not mandate, an award of increased damages. . . .  The decision whether or not to award fees is still committed to the discretion of the trial judge."  *Modine Mfg. Co. v. Allen Group, Inc.*, 917 F.2d 538, 543 (Fed. Cir. 1990); *see also Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1581 (Fed. Cir. 1992).  Here, the issue of increasing damages is out of the case. Thus, willfulness relates **only** to a potential fee award under 35 U.S.C. §287.

Much like whether a case is exceptional or whether damages should be increased, the issue of willfulness does not create the right to a jury trial.  *See, e.g., Transmatic, Inc. v. Gulton*

*Indus., Inc.*, 835 F. Supp. 1026, 1029, 1032 (E.D. Mich. 1993) ("Because no legal claim survived summary judgment in this case, trial before the bench and the bench alone was proper."; "It makes absolutely no sense to this Court to have to be bound by a jury verdict [on willfulness] when the Court has already determined that no right to a jury trial exists on the basic issues in this case."), *aff'd in part, rev'd in part, all on other grounds*, 53 F.3d 1270 (Fed. Cir. 1995).  In ANDA cases—where there is no right to a jury trial generally, because the only remedy is equitable (an injunction) as opposed to legal (damages)—an allegation of willfulness does not provide an independent reason for a jury trial.  *See Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1345 (Fed. Cir. 2004) (noting that the district judge decided willfulness at a bench trial). Indeed, there are often no overlapping issues between willfulness and infringement or validity that would provide a reason not to bifurcate.  *See Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 260 (D.N.J. 1997) (bifurcating liability issues from damages and willfulness and explaining "there is no significant overlap between issues of liability for patent infringement and willfulness, the issues pertaining to willful infringement are logically reserved for adjudication after liability has been determined").

Commentators considering the issue also agree that there is no independent right to a jury on the issue of willfulness, even if other issues are tried to a jury.  *See* Allan N. Littman, *The Jury's Role in Determining Key Issues in Patent Cases: Markman, Hilton Davis and Beyond*, 37 IDEA 207, 253 (1997) ("There appears to be no reason why the issue of willful infringement should be submitted to the jury."); John B. Pegram, *Increasing Recovery in Patent Cases*, 350 PLI/Pat. 343, 359 (1992) ("There is no right to jury trial of willfulness, although dicta may have suggested the contrary."; "An accused infringer ... need not voluntarily accept trial of willfulness by the jury. . . . The rules concerning separate trials and avoidance of prejudice permit, and may

even require, a court to keep the willfulness issue from the jury.") (citations omitted); Matthew D. Powers & Steven C. Carlson, *The Evolution and Impact of the Doctrine of Willful Patent Infringement*, 51 Syracuse L. Rev. 53, 109-12 (2001) ("There are sound reasons for reserving matters of willfulness to the court [as opposed to the jury]."); *see generally* Chisum 20.03[4][b][vii], at 20-452 ("The jury's . . . determination of willfulness is only advisory to the trial judge.").

ePlus's willfulness allegation does not provide a right to a jury trial. Even where a right to a jury may exist for other issues, the right does not apply to the willfulness determination. While the parties have agreed to try infringement and validity to a jury, they have not agreed to try willfulness to the jury. Thus, neither the Seventh Amendment nor any agreement under Rule 39 provides a basis to try willfulness to a jury.

**D.  Willfulness Should Not Be Tried to an Advisory Jury Because it Will Unfairly Prejudice Lawson**

This Court should refuse to exercise its discretion under Rule 39(c) to submit equitable issues to the jury for advisory opinions when doing so would cause prejudice. *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 149-150 (N.D. Iowa 2003). In particular, the Court must be mindful that evidence related to equitable claims may create unfair prejudice outweighing any probative value it may have to other jury issues. *See id.* at 149 ("Evidence or reference to such [equitable] defenses poses a very real risk of unfair prejudice outweighing any probative value such evidence might have to matters properly before the jury, or a risk of misleading and confusing the jury.") There is real danger of causing jury confusion. *Id.*

Such concerns apply with even greater force here for two reasons. One, allowing the jury to render an advisory verdict on willfulness unfairly prejudices Lawson because the jury will not hear key facts regarding the objective prong of *Seagate's* willfulness test. Two, ePlus's

12

willfulness case is exceedingly thin at best.  It is thus particularly prejudicial for ePlus to allege

to the jury that Lawson is "bad" (willfully infringing) and effectively lying when it denies

knowledge of the ePlus patents, thereby discrediting Lawson as to all issues in the case.  This is a

further reason to try willfulness only to the Court.

> 1. <u>Any Advisory Opinion the Jury Might Give Will Be Incomplete Because this Court Has Precluded Lawson from Presenting to the Jury Evidence That Is Relevant to Lawson's Willfulness Defense</u>

Willfulness should not be tried to an advisory jury because the jury will not hear some of

the most powerful and persuasive evidence that defeats willfulness: the Patent Office's decisions

on reexamination.  In the *Seagate* case, the Federal Circuit articulated a two-pronged test to

determine willfulness.  *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

First, there is an objective standard: "to establish willful infringement, a patentee must

show by clear and convincing evidence that the infringer acted despite an objectively high

likelihood that its actions constituted infringement of a valid patent.  *The state of mind of the

accused infringer is not relevant to this objective inquiry*." *Id.* (emphasis added).  This

"objectively-defined risk" is "determined by the record developed in the infringement

proceeding." *Id.*  "Under this objective standard, both legitimate defenses to infringement claims

**and credible invalidity arguments** demonstrate **the lack** of an objectively high likelihood that a

party took actions constituting infringement of a valid patent." *Black & Decker, Inc. v. Robert

Bosch Tool Corp.*, 260 Fed. Appx. 284, 291 (Fed. Cir. 2008) (emphasis added); *see, e.g.*, *Depuy

Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336-37 (Fed. Cir. 2009) (holding

that the district court correctly granted JMOL of no willfulness where defendant "presented a

substantial question" of noninfringement under the doctrine of equivalents, even though the jury

found equivalence); *see also Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, No.

09-1538, 2010 U.S. App. LEXIS 18818, *34-35 (Fed. Cir. Sept. 9, 2010) (explaining that the accused infringer was not objectively reckless in relying on the prior art that disclosed the claimed limitations even though the patent was ultimately found non-obvious).

Second, there is a subjective standard: "If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371. In an analogous context, the Supreme Court has made clear that these two prongs are distinct—objective reasonableness is independent of subjective intent. *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 57 (1993) ("[A]n objectively reasonable effort to litigate cannot be a sham regardless of subjective intent.").

To grant a request for reexamination, the Patent Office must find that the prior art in question raises a "substantial new question of patentability." 35 U.S.C. §§ 303, 313. Thus, a granted reexamination request is powerful evidence that an accused infringer has a credible invalidity defense, and thus, that there is not an objectively high risk of infringement *of a valid* claim (as is required for willful infringement). *See, e.g., Plumley v. Mockett*, No. 04-2868, 2010 U.S. Dist. LEXIS 57254, *44-*45 (C.D. Cal. May 26, 2010) ("While a substantial question of patentability raised by a reexamination request is not dispositive in a willfulness inquiry, it is certainly relevant."); *Lucent Techs., Inc. v. Gateway, Inc.*, No. 03-0699, 2007 U.S. Dist. LEXIS 95934, *18 (D. Del. Oct. 30, 2007) ("The Court does not assume that a reexamination order will always prevent a plaintiff from meeting their burden on summary judgment regarding willful infringement, but it does consider this as one factor among the totality of the circumstances.").

The fact that there is at least a substantial question of patentability for the claims—and in some cases a complete rejection—demonstrates that there is no objectively high risk in this case. It is irrelevant that some of the claims were in reexamination before ePlus filed the current suit and others were put in reexamination after the suit was filed or after ePlus alleges Lawson acted willfully.  The ongoing reexaminations—even those that began after the case was filed—demonstrate that it would be *objectively* reasonable to believe these patents are invalid (regardless of Lawson's knowledge or state of mind), which precludes a finding of willfulness. *Safco, Inc. v. Cameron Int'l Corp.*, No. H-05-0739, 2009 U.S. Dist. LEXIS 66187, *77 n.129 (S.D. Tex. July 31, 2009) ("Because the first prong of the *Seagate* standard is an *objective* test, the reexaminations are relevant, even though they occurred after [defendant's] allegedly infringing activity began.").

The determination of whether there is willful infringement must be made from the record developed in the infringement proceeding.  *See Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1337 (Fed. Cir. 2009) ("While the fact that an issue was submitted to a jury does not automatically immunize an accused infringer from a finding of willful infringement, the record developed in the infringement proceeding in this case, viewed objectively, indisputably shows that the question of equivalence was a close one, particularly insofar as equivalence 'requires an intensely factual inquiry.'")  This complete record must include the reexaminations. Because the jury will not hear this important evidence, any finding of willfulness the jury might make is tainted.  It is unfair and prejudicial to send any issue to the jury when the jury can only hear half the facts.

15

2.   Willfulness Is an Inflammatory Issue That Will Unduly Discredit Lawson in the Eyes of the Jury While Offering No Probative Evidence on Infringement and Invalidity

ePlus seeks to put a "black hat" on Lawson by alleging, based on innuendo, that Lawson disregarded ePlus's patent rights. The willfulness issue is so inflammatory and prejudicial that it should not go to a jury even in normal circumstances. Matthew D. Powers & Steven C. Carlson, *The Evolution and Impact of the Doctrine of Willful Patent Infringement*, 51 Syracuse L. Rev. 53, 109-12 (2001) ("The state of mind of the alleged infringer is not relevant to the underlying issues of infringement and invalidity. Such evidence, however, can be used to confuse the issues at trial and to discredit the alleged infringer in the eyes of the jury."); *see Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1008 (D. Nev. 2005) (bifurcating bad faith claim from breach of contract claim because "bifurcation would simplify the issues for trial and reduce the possibility of undue prejudice by allowing the jury to hear evidence of bad faith only upon establishing that [defendant] breached the insurance contract"). As discussed below, the facts on willfulness have little, if any, probative value to the infringement and invalidity issues, there is simply no justification for presenting the willfulness issue to jury.

E.   **Bifurcating Willfulness from Infringement and Invalidity Promotes Judicial Economy**

1.   Asking The Jury To Render an Advisory Opinion on Willfulness Is Wasteful Because the Court Must Decide the Related Questions of Exceptional Case and Whether to Award Fees

A finding of willfulness does not resolve the ultimate issue of whether ePlus should be entitled to some amount of its attorneys' fees. *See Robert Bosch LLC v. Pylon Manufacturing Corp.*, 08 -00542, 2009 U.S. Dist. LEXIS 76010, *4 (D. Del. August 26, 2009) ("[U]ltimately, a finding of willfulness is of no moment unless and until the district court, in its sole discretion, chooses to increase damages by reason of the finding; willfulness is a damages issue, not a

16

liability issue.").  Even if there is willful infringement, the Court still must separately determine whether the case is exceptional, and if so, whether to award fees.

As the Federal Circuit has repeatedly recognized, "a finding of willful infringement does not require a finding that a case is exceptional." *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1461 (Fed. Cir. 1998) (en banc); *see also Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*, Nos. 09-1225, 09-1244, 2010 U.S. App. LEXIS 18237, at *44-47 (Fed. Cir. Sept. 1, 2010) (affirming district court's decision that case was not exceptional after jury's willfulness finding); *Transclean Corp. v. Bridgewood Servs.*, 290 F.3d 1364, 1379 (Fed. Cir. 2002) (same); *Electro Sci. Indus. v. Gen. Scanning*, 247 F.3d 1341, 1353 (Fed. Cir. 2001) (same).  Even when a court does find a case exceptional, the court still has to determine whether attorney's fees are warranted.  *See Cybor*, 138 F.3d at 1460 ("After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate"); *see also S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986) ("Even an exceptional case does not require in all circumstances the award of attorney fees.").

Any jury determination of willfulness, standing alone, is tenuously connected to the only remaining issues in this case to which it could be relevant—whether the case is exceptional and whether there should be an award of attorneys' fees.  Both of those issues are for the Court, not the jury, to decide.  Thus, there is no benefit to effectively trying a mere portion of an issue to the jury especially, as discussed above, when the jury will not even decide willfulness on all the relevant facts.

> 2.   There Is No Overlap Between the Issues of Willfulness and Infringement
>       and Invalidity

The evidence relevant to alleged willfulness is entirely different than the evidence relevant to infringement and validity.  Patent infringement is a strict liability offense.  *In re*

*Seagate Tech, LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007). A patentee's steps to avoid or not avoid infringement are irrelevant. *DSW, Inc. v. Shoe Pavilion, Inc.*, 537 F.3d 1342, 1348 (Fed. Cir. 2008). Neither does the intent, culpability, or motivation of an accused infringer matter. *Jurgens v. CBK*, 80 F.3d 1566, 1570 n.2 (Fed. Cir. 1996). Either an accused infringer infringed a valid patent, or it did not; this is all that matters. By contrast, as described previously, willfulness depends on the objective strength of the accused infringer's defenses and the accused infringer's state of mind. Allowing the jury to render an advisory opinion regarding willfulness would put before the jury evidence whose risk of prejudicing Lawson outweighs any probative value it might have to the issues of infringement and invalidity.

Even if there were some overlap, though, the fact that some of the same evidence is relevant to both the legal and equitable claims is not a reason to try the issues together. *See, e.g.*, *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1213 (Fed. Cir. 1987) ("The argument that the same art submitted as material in a [patent infringement trial] may be presented in a trial of [an equitable claim] is without merit, for there is a fundamental difference between evidence and issues.").

## III.    <u>CONCLUSION</u>

For the reasons stated, Lawson respectfully requests that the issues of willfulness and the right to injunctive relief be tried solely to the Court, and not be submitted to the jury.

LAWSON SOFTWARE, INC.

By_____/s/_____
          Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 21st day of October, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

                    /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*