# Exhibit A

CONFIDENTIAL VIDEOTAPED DEPOSITION OF DALE A. CHRISTOPHERSON, VOLUME 1
CONDUCTED ON MONDAY, OCTOBER 19, 2009

1 (Pages 1 to 4)

```
                                           1
 1      IN THE UNITED STATES DISTRICT COURT
 2       FOR THE EASTERN DISTRICT OF VIRGINIA
 3              Richmond Division
 4   ---------------------x
 5   ePLUS iNC.,                )
 6         Plaintiff,     ) Civil Action No.
 7      v.                ) 3:09-CV-620 (JRS)
 8   LAWSON SOFTWARE, INC.,     )
 9         Defendant.     )
10   ---------------------x
11              CONFIDENTIAL
12        30(b)(6) Videotaped Deposition of
13            Lawson Software, Inc.
14       by and through its corporate designee
15           DALE A. CHRISTOPHERSON
16              Washington, D.C.
17             Monday, October 19, 2009
18                 9:31 a.m.
19
20   Job No.: 1-165450
21   Pages: 1 - 316, Volume 1
22   Reported By: Lee Bursten
```

```
                                           2
 1        30(b)(6) Videotaped Deposition of Lawson
 2   Software, Inc. by and through its corporate
 3   designee DALE A. CHRISTOPHERSON, held at the
 4   offices of:
 5           Goodwin Procter LLP
 6           901 New York Avenue, NW
 7           Washington, D.C. 20001
 8           (202) 346-4000
 9
10
11
12        Pursuant to notice, before Lee Bursten,
13   Court Reporter and Notary Public in and for the
14   District of Columbia, who officiated in
15   administering the oath to the witness.
16
17
18
19
20
21
22
```

```
                                           3
 1              APPEARANCES
 2   ON BEHALF OF PLAINTIFF:
 3       JENNIFER A. ALBERT, ESQUIRE
 4       Goodwin Procter LLP
 5       901 New York Avenue, Northwest
 6       Washington, D.C. 20001
 7       Telephone: (202) 346-4000
 8
 9
10
11   ON BEHALF OF DEFENDANT:
12       WILLIAM D. SCHULTZ, ESQUIRE
13       Merchant & Gould PC
14       3200 IDS Center
15       80 South Eighth Street
16       Minneapolis, Minnesota 55402
17       Telephone: (612) 332-5300
18
19
20
21   ALSO PRESENT:
22       ANTONIO TROPEANO, Videographer
```

```
                                           4
 1              CONTENTS
 2   EXAMINATION OF DALE A. CHRISTOPHERSON    PAGE
 3   By Ms. Albert                   10
 4
 5
 6              EXHIBITS
 7         (Attached to transcript.)
 8   CHRISTOPHERSON DEPOSITION EXHIBITS    PAGE
 9   Exhibit 1   Plaintiff ePlus inc.'s   13
10             First Notice of
11             Deposition of Defendant
12             Lawson Software, Inc.,
13             Pursuant to Rule
14             30(b)(6)
15   Exhibit 2   Plaintiff ePlus inc.'s   15
16             Second Notice of
17             Deposition of Defendant
18             Lawson Software, Inc.
19             Pursuant to Rule
20             30(b)(6)
21   Exhibit 3   United States Patent     91
22             Number 6,023,683
```

CONFIDENTIAL VIDEOTAPED DEPOSITION OF DALE A. CHRISTOPHERSON, VOLUME 1
CONDUCTED ON MONDAY, OCTOBER 19, 2009

19 (Pages 73 to 76)

**Page 73**

1  to state for the record that we're going to request
2  all of these Aberdeen, Gartner Group, Forrester,
3  these types of industry analyst reports, that are in
4  Lawson's position, custody, or control, going back to
5  January of 2004. We ask that those be produced.
6      MR. SCHULTZ: Just for the record, to the
7  extent that any of those documents would have been on
8  the systems that were related in this case, for
9  example the custodians that were already collected,
10 those would have already been produced. Also we are
11 checking to see if there's a central database with
12 the reports, and we will confirm whether we have
13 access to the reports dating back to January of 2004.
14     MS. ALBERT: Well, I mean, we might need a
15 broader search done than just the custodians that
16 were already collected from in order to find these.
17     MR. SCHULTZ: And that's the reason why
18 we're going to see if there is a central database of
19 those reports.
20     MS. ALBERT: Well, I would also ask that
21 you make efforts to investigate whether particular
22 individuals with responsibilities in competitive

**Page 74**

1  intelligence, for example marketing, product
2  management, and the types of people to whom these
3  types of reports should be disseminated would have
4  copies, if they haven't already been -- if their
5  documents have not already been collected in the
6  custodian search, that you do so.
7      MR. SCHULTZ: I will look into that.
8  BY MS. ALBERT:
9      Q   Is there a library on news reports on
10 competition, or major events, stories involving the
11 competition, that are maintained in the competitive
12 research marketing or product management groups?
13     A   Whether or not there's a central
14 repository, I couldn't answer that, if there is. I
15 know, for instance, there is reports that I do see
16 occasionally that talk about competition and what
17 they've done, and then obviously a lot about what we
18 also are doing or have done.
19     Q   Is there a particular name of these type
20 of competition reports that you were referring to?
21     A   I can't think of a specific name, no.
22     Q   Do you know if Lawson subscribes to any

**Page 75**

1  kind of clipping service that clips news stories that
2  have relevance to the industries in which you compete
3  in?
4      A   I'm not aware of any.
5      Q   Who would you talk to if you wanted to
6  determine that?
7      A   I would go to Darci, again, and knowing --
8  she would be probably referring me to somebody else,
9  if something did exist.
10     Q   In an effort to educate yourself to
11 prepare to testify concerning topics 10 through 13,
12 did you make any inquiries to determine whether
13 anyone at Lawson was aware of ePlus's prior
14 litigation against Ariba involving the same patents
15 that are in suit here?
16     A   Mm-hmm. Again, all the conversations that
17 we've had in Lawson, Ariba had not come up with the
18 action of ePlus versus Ariba, prior to ePlus versus
19 Lawson. So we weren't aware of that.
20     Q   Did you make any inquiries to determine if
21 anyone at Lawson was aware of ePlus's prior suit
22 against SAP involving the same patents as are in suit

**Page 76**

1  here?
2      A   Same thing. Prior to ePlus versus Lawson,
3  we were not aware of anything about ePlus versus SAP.
4      Q   Did you make specific inquiries of
5  individuals to make that determination?
6      A   Everyone that we've talked to at all the
7  meetings and stuff that we've had, it's never come
8  up.
9      Q   But you didn't talk specifically to anyone
10 in the marketing department, correct?
11     A   Again, that would be going back through --
12 Keith Lohkamp would have those connections. Keith
13 was involved in those meetings.
14     Q   Do you know if Mr. Lohkamp made inquiries
15 of individuals in the marketing department about that
16 area?
17     A   It would be a question probably best
18 stated to him.
19     Q   But in order to prepare to testify today,
20 you didn't go back and ask him about that?
21     A   I did not ask him that specific question,
22 no.