# EXHIBIT 23

```
 1                IN THE UNITED STATES DISTRICT COURT

 2              FOR THE EASTERN DISTRICT OF VIRGINIA

 3                         RICHMOND DIVISION

 4

 5   ----------------------------------------
                                             :
 6    ePLUS, INC.                            :   Civil Action No.
                                             :   3:09CV620
 7    vs.                                    :
                                             :
 8    LAWSON SOFTWARE, INC.                  :   September 27, 2010
                                             :
 9   ----------------------------------------

10

11       COMPLETE TRANSCRIPT OF THE FINAL PRETRIAL CONFERENCE

12              BEFORE THE HONORABLE ROBERT E. PAYNE

13                   UNITED STATES DISTRICT JUDGE

14
     APPEARANCES:
15
     Scott L. Robertson, Esquire
16   Michael G. Strapp, Esquire
     Jennifer A. Albert, Esquire
17   Goodwin Procter, LLP
     901 New York Avenue NW
18   Suite 900
     Washington, D.C.  20001
19                                             Volume I of II
     Craig T. Merritt, Esquire
20   Christian & Barton, LLP
     909 East Main Street
21   Suite 1200
     Richmond, Virginia  23219-3095
22   Counsel for the plaintiff

23

24                    Peppy Peterson, RPR
                    Official Court Reporter
25              United States District Court
```

1    out.  Okay?  Everybody is shaking their head yes.
2            Ten, contract documents between Lawson and its
3    customers.
4            MS. STOLL-DeBELL:  So, Your Honor, I would actually
5    put -- I categorize these slightly differently.  I had a
6    category for documents relating to products they have not
7    accused of infringement.  PX-253 relates to that.  It relates
8    to this LSF or System Foundation, and then on the next page as
9    part of category 11, PX-455, 456, and 506 relate to both System
10   Foundation, something called Smart Office and ProcessFlow 9.
11           THE COURT:  Why are we having evidence on things that
12   aren't accused of infringement?
13           MR. ROBERTSON:  They are accused, Your Honor, and
14   you've already ruled on this.  This was Lawson's motion *in*
15   *limine* that you said was denied as moot and you needed to hear
16   the evidence.  This has to do with all the same functionality
17   they are talking about.
18           The witnesses will say that Lawson System Foundation
19   is sold with the infringing system, is necessary to the
20   infringing system, and can't operate without it.  It is part
21   and parcel of the infringing system.  They just want it out of
22   the case.  Your Honor ruled on this.
23           THE COURT:  Why would it be denied as moot as opposed
24   to being denied without prejudice to dealing with it?
25           MR. ROBERTSON:  Well, it was denied as moot because

1    It is just like the computer.  It's something that is needed to
2    run the accused software, but that doesn't mean it infringes
3    it, and it doesn't mean that we even need to get into it at
4    trial.
5            If it was so important, Mr. Niemeyer would have
6    explained something more than one little sentence in there.  If
7    it was so important, Dr. Weaver would have said more than you
8    need it to run the software --
9            THE COURT:  I have to agree with you.  I'm baffled by
10   this.  You're going to have to brief and show me how -- A,
11   you're going to have to show me the case law that says you can
12   do what you're trying to do, and, B, you have to show me in
13   Weaver's and Niemeyer's report where they say that, because all
14   I see is one sentence.
15           MR. ROBERTSON:  I will do that, Your Honor.  Mr.
16   Niemeyer remembers just looking at source code, didn't talk
17   about infringement, didn't talk about claims.  That's why his
18   report was fairly focused.
19           Let me just say one other thing, though.  I'd agree
20   with Ms. Stoll-DeBell that when the Lawson Software Foundation
21   is being used with some other modules to make that system
22   operate, it's not an infringement, but when it's being used to
23   make the procurement system operate, that is an infringing
24   system.
25           So we don't accuse it standing alone, or we don't

1           THE COURT:  That will be fine.  We're dealing
2    with a lot of things.  If we have a problem, we'll
3    deal with them.
4           You-all need to come get your book of
5    exhibits.  These belong to Ms. Stoll-DeBell.  Leave my
6    stuff right here on my desk if you will.
7           We will see you-all in the morning at 11.
8           MR. ROBERTSON:  You said 9:30, Your Honor.
9           THE COURT:  9:30 is a criminal matter.  Would
10   you like to come over for that?
11          All right.
12
13          (The proceedings were adjourned at 5:31 a.m.)
14
15          I, P.E. Peterson, certify that the foregoing
16   is a true and accurate transcription of my
17   stenographic notes.
18                    /s/                        10/04/10
19          _____      _____
              P.E. PETERSON, RPR, CCR           DATE
20
21          I, Diane J. Daffron, certify that the
22   foregoing is a true and accurate transcription of my
23   stenographic notes.
24
                          /s/                        10/04/10
25          _____      _____
              DIANE J. DAFFRON, RPR, CCR         DATE

```
 1                IN THE UNITED STATES DISTRICT COURT

 2               FOR THE EASTERN DISTRICT OF VIRGINIA

 3                         RICHMOND DIVISION

 4

 5   ---------------------------------------
                                            :
 6    ePLUS, INC.                           :   Civil Action No.
                                            :   3:09CV620
 7    vs.                                   :
                                            :
 8    LAWSON SOFTWARE, INC.                 :   September 28, 2010
                                            :
 9   ---------------------------------------

10

11        COMPLETE TRANSCRIPT OF THE FINAL PRETRIAL CONFERENCE

12              BEFORE THE HONORABLE ROBERT E. PAYNE

13                   UNITED STATES DISTRICT JUDGE

14
     APPEARANCES:
15
     Scott L. Robertson, Esquire
16   Michael G. Strapp, Esquire
     Jennifer A. Albert, Esquire
17   Goodwin Procter, LLP
     901 New York Avenue NW
18   Suite 900
     Washington, D.C.  20001
19                                                  Volume II of II
     Craig T. Merritt, Esquire
20   Christian & Barton, LLP
     909 East Main Street
21   Suite 1200
     Richmond, Virginia  23219-3095
22   Counsel for the plaintiff

23

24                     Peppy Peterson, RPR
                      Official Court Reporter
25                 United States District Court
```

```
 1    APPEARANCES:  (cont'g)

 2    Dabney J. Carr, IV, Esquire
      Robert A. Angle, Esquire
 3    Troutman Sanders, LLP
      Troutman Sanders Building
 4    1001 Haxall Point
      Richmond, Virginia  23219
 5
      Daniel W. McDonald, Esquire
 6    Kirstin L. Stoll-DeBell, Esquire
      William D. Schultz, Esquire
 7    Merchant & Gould, PC
      80 South Eighth Street
 8    Suite 3200
      Minneapolis, Minnesota  55402
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  six, because at that point we're saying what the system
2  actually does.  Lines seven through nine are clearly relevant
3  to show what the Blount Hospital system does and does not have.
4  It doesn't not give users access to catalogs.
5           THE COURT:  Well, I think the way -- if you review
6  the whole thing in context, it's misleading and confusing.
7  Objection sustained to line four through nine of page 134.
8  Next?
9           MR. STRAPP:  That's all we have for Oliver.
10          THE COURT:  Tolkmit.
11          MR. SCHULTZ:  Your Honor, if I could take one moment
12  for this.  Counsel, Ms. Albert and I, talked about this
13  yesterday, and there's one issue that's involved with Mr.
14  Tolkmit's deposition.  It does not relate to the LSF, the
15  Lawson System Foundation, and Smart Office.  That is on page
16  175, lines ten through 12.  We are withdrawing our objection to
17  that designation.
18          The remainder of the document is only related to the
19  LSF, Process Flow, and Smart Office which the parties are
20  briefing on, Your Honor.  It's our proposal that we include
21  these designations after that briefing has been concluded to
22  determine what is on the relevance of the LSF, Process Flow,
23  and Smart Office.
24          MS. ALBERT:  If I can address that, I agree that the
25  remaining designations relate to this issue of the Lawson

```
 1                MR. SCHULTZ:  Just to confirm, that's 63:6 through
 2     25?
 3                MR. STRAPP:  That's correct.  Page 91, line nine
 4     through line 15, objection withdrawn.
 5                THE COURT:  I don't even have that on my papers.
 6     It's not on the papers anywhere, so it's withdrawn.  So what
 7     else?  Next one I have is 121:7 through 22.
 8                MR. STRAPP:  I think that Lawson has designated page
 9     99, line 25, through page 101, line 13; is that correct?
10                MR. SCHULTZ:  That is correct.
11                MR. STRAPP:  And --
12                THE COURT:  91 through what?
13                MR. STRAPP:  Page 99, line 25.
14                THE COURT:  99 it is, but not 91.
15                MR. STRAPP:  Line 25 through 101, line 13.
16                THE COURT:  Let me get there.  What are you doing
17     with that?
18                MR. STRAPP:  That's Lawson's objection, so I'll let
19     Lawson...
20                MR. SCHULTZ:  Okay, this line of testimony deals with
21     Exhibit 14 which is in the testimony.  That exhibit is
22     Exhibit 253 that deals with the LSF, the Lawson System
23     Foundation, which the parties are going to do additional
24     briefing on.
25                It is our position that if LSF is not relevant, which
```

1    we do not believe it is, this testimony also is not relevant
2    and should not be --
3             THE COURT:  But if it is relevant, it comes in.
4             MR. SCHULTZ:  Yes.
5             THE COURT:  Do you agree?
6             MR. STRAPP:  I agree generally with respect to the
7    last portion of the designation.  Starting at page 101, line
8    one, through page 101, line 13, the earlier portion of the
9    designation, starting on page 99, line 25, through page 100,
10   line 25, that testimony is generally relevant not just to the
11   LSF issue because it's about the contract that was entered into
12   between Lawson and Novant for the services that Lawson provided
13   Novant including but not limited to LSF.
14            It includes also other software modules at issue in
15   this case.  So we will agree that page 101 comes in and rises
16   and falls with the briefing on LSF, but the remainder should
17   come in regardless.
18            MR. SCHULTZ:  Your Honor, if that's the case with
19   respect to Exhibit 14, which is Plaintiff's Exhibit 253, we'd
20   ask that the plaintiff, Plaintiff's Exhibit 253 be redacted so
21   it does not have the LSF line on it.  If that was the case, we
22   would agree to that testimony being admitted.
23            MR. STRAPP:  We'll have to review the document, but I
24   think that may be acceptable.  Of course, if the decision is
25   LSF is relevant, then the document would come in under that.

```
 1

 2

 3          I certify that the foregoing is a correct transcript

 4    from the record of proceedings in the above-entitled matter.

 5

 6

 7    _____/s/_____                    _____
      P. E. Peterson, RPR                         Date
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```