**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION**
**FOR SEPARATE BENCH TRIAL ON ISSUES OF WILLFUL INFRINGEMENT AND**
**INJUNCTIVE RELIEF**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice)*
Jennifer A. Albert (admitted *pro hac vice)*
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice)*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

*Attorneys for Plaintiff, ePlus, Inc.*

TABLE OF CONTENTS

Page

I.     INTRODUCTION ........................................................................................... 1

II.    BACKGROUND .............................................................................................. 2

       A.    Both Parties Demanded A Jury Trial ............................................... 2

       B.    The Court's Pretrial Rulings Pertaining To Defendant's Prior
             Awareness Of The Patents-In-Suit And Exclusion Of Evidence
             Pertaining To Non-final Reexamination Proceedings ....................... 3

III.   ARGUMENT ................................................................................................... 4

       A.    *e*Plus Has A Seventh Amendment Right To A Jury Trial Of
             Infringement And Validity Issues ..................................................... 4

       B.    Willful Infringement Is An Issue Of Fact For The Jury ................. 12

             1.    Defendant's prior arguments contradict its present claim that
                   willfulness should not be tried to the jury. ............................... 12

             2.    Substantial precedent holds that willfulness is a jury question. .............. 13

             3.    The same reasons that support the right to a jury trial of
                   infringement apply to willful infringement. ............................ 17

       C.    No Unfair Prejudice Will Result To Defendant From Trying Willful
             Infringement To The Jury ................................................................ 18

             1.    Defendant's attempt to reargue the motions *in limine* pertaining to
                   evidence of the non-final reexamination proceedings should be
                   rejected. ..................................................................................... 18

             2.    Defendant wholly fails to show that it will be unfairly prejudiced
                   by evidence or argument of willful infringement before the jury. .......... 25

       D.    Judicial Economy Would Not Result From Trying Infringement And
             Validity To The Jury But Trying Willful Infringement To The Court ........ 26

             1.    It is not "wasteful" to have the jury determine willful infringement,
                   regardless of whether it is the Court that determines whether to
                   declare the case exceptional and award attorney fees. ............................ 26

             2.    There is substantial overlap between the issues of willfulness and
                   infringement and invalidity. ....................................................... 27

       E.    The Court May Request That The Jury Make Advisory Findings
             With Respect To Factors Relevant To Injunctive Relief ................. 29

IV.    CONCLUSION .............................................................................................. 30

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acoustical Design, Inc. v. Control Elecs. Co.,*
  932 F.2d 939, 18 USPQ2d 1707 (Fed. Cir.) ....................................................... 22
*Allen v. Zurich Ins. Co.,*
  667 F.2d 1162 (4th Cir. 1982) .......................................................................... 13
*Beacon Theatres, Inc. v. Westover,*
  359 U.S. 500 (1959) ............................................................................................ 5
*Bellmore v. Mobil Oil Corp.,*
  783 F.2d 300 (2d Cir. 1986) ................................................................................ 4
*Black & Decker, Inc. v. Robert Bosch Tool Corp.,*
  260 Fed.Appx. 284 (Fed. Cir. Jan. 7, 2008) ..................................................... 15
*Brooktree Corp. v. Advanced Micro Devices, Inc.,*
  977 F.2d 1555 (Fed. Cir. 1992) ......................................................................... 15
*Callaway Golf Co. v. Acushnet Co.,*
  576 F.3d 1331 (Fed. Cir. 2009) ......................................................................... 20
*Chauffeurs Local No. 391 v. Terry,*
  494 U.S. 558 (1990) ............................................................................................ 5
*Cybor Corp. v. FAS Techs., Inc.,*
  138 F.3d 1448 (Fed. Cir. 1998) ......................................................................... 15
*Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.,*
  567 F.3d 1314 (Fed. Cir. 2009) ................................................................... 15, 30
*Electro Scientific Indus., Inc. v. General Scanning, Inc.,*
  247 F.3d 1341 (Fed. Cir. 2001) ......................................................................... 15
*Funai Elec. Co., Ltd. v. Daewoo Elec. Corp.,*
  616 F.3d 1357 (Fed. Cir. 2010) ......................................................................... 15
*Glaxo Grp. Ltd. v. Apotex, Inc.,*
  376 F.3d 1339 (Fed. Cir. 2004) ......................................................................... 15
*Greenwood v. Hattori Seiko Co., Ltd.,*
  900 F.2d 238 (Fed. Cir. 1990) ..................................................................... 19, 20
*Hoechst Celanese Corp. v. BP Chems. Ltd.,*
  78 F.3d 1575 (Fed. Cir. 1996) .................................................................. 14, 20, 22
*i4i Ltd. Partnership v. Microsoft Corp.,*
  598 F.3d 831 (Fed. Cir. 2010) ........................................................................... 13
*i4i Ltd. Partnership v. Microsoft Corp.,*
  670 F. Supp.2d 568 (E.D. Tex. 2009) .......................................................... 19, 21
*In re Seagate Tech., LLC,*
  497 F.3d 1360 (Fed. Cir. 2007) ................................................................... 26, 28
*In re Technology Licensing Corp.,*
  423 F.3d 1286 (Fed. Cir. 2005) ................................................................ 9, 10, 11
*In re: Lockwood,*
  50 F.3d 966 (Fed. Cir. 1995), *vacated by* 515 U.S. 1182 (1995) ................... passim

*Intelligent Peripheral Devices, Inc. v. Smartpad, Inc.,*
 1998 WL 754606 (N.D. Cal. Oct. 26, 1998)......................................................................... 19
*Jacob v. City of New York,*
 315 U.S. 752 (1942) ............................................................................................................. 5
*Jurgens v. CBK, Ltd.,*
 80 F.3d 1566 (Fed. Cir. 1996)........................................................................................ 14, 15
*Kao Corp. v. Unilever U.S., Inc.,*
 2003 WL 1905635 (D. Del. Apr. 17, 2003) ......................................................................... 7
*Lucent Tech., Inc. v. Gateway, Inc.,*
 2007 WL 6955272 (S.D. Cal. Oct. 30, 2007) ............................................................... 23, 24
*Mahurkar v. C.R. Bard, Inc.,*
 79 F.3d 1572 (Fed. Cir. 1996)........................................................................................... 27
*Markman v. Westview Instruments, Inc.,*
 517 U.S. 370 (1996) ............................................................................................................ 4
*Nat'l Presto Indus., Inc. v. West Bend Co.,*
 76 F.3d 1185 (Fed. Cir. 1996)........................................................................................... 14
*nCube Corp. v. Seachange Intern., Inc.,*
 436 F.3d 1317 (Fed. Cir. 2006)......................................................................................... 27
*New Hampshire v. Maine,*
 532 U.S. 742 (2001) .......................................................................................................... 13
*Nunes v. Bishop Aviation, Inc.,*
 703 F. Supp. 774 (W.D. Ark. 1988) .................................................................................. 14
*Plumley v. Mockett,*
 2010 U.S. DIST LEXIS 57254 (C.D. Cal. May 26, 2010) ................................................ 23
*Presidio Components Inc. v. Am. Tech. Ceramics Corp.,*
 2009 WL 3822694 (S.D. Cal. Nov. 13, 2009) ................................................................... 19
*Princeton Biochems., Inc. v. Beckman Instrums., Inc.,*
 180 F.R.D. 254 (D. N.J. 1997) .......................................................................................... 15
*Procter & Gamble Co. v. Kraft Foods Global, Inc.,*
 549 F.3d 842 (Fed. Cir. 2008).......................................................................................20, 22
*Prudential Oil Corp. v. Phillips Petroleum Co.,*
 392 F. Supp. 1018 (S.D.N.Y. 1975) .................................................................................... 5
*Revolution Eyewear, Inc. v. Aspex Eyeware, Inc.,*
 563 F.3d 1358 (Fed. Cir. 2009)......................................................................................... 27
*Ross v. Bernhard,*
 396 U.S. 531 (1970) ............................................................................................................ 6
*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.,*
 781 F.2d 198 (Fed. Cir. 1986)........................................................................................... 15
*Safoco, Inc. v. Cameron Int'l Corp.,*
 2009 WL 2424108 (S.D. Tex. July 31, 2009)................................................................... 24
*Shiley, Inc. v. Bentley Labs., Inc.,*
 794 F.2d 1561 (Fed. Cir. 1986)......................................................................................... 14
*Skippy, Inc. v. CPC Int'l, Inc.,*
 674 F.2d 209 (4th Cir. 1982)........................................................................................ 10, 11
*Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.,*
 ___ F.3d ___, 2010 WL 3515467 (Fed. Cir. Sept. 9, 2010) ......................................... 13, 15

*Tate Access Floors, Inc. v. Maxcess Techs., Inc.,*
   222 F.3d 958 (Fed. Cir. 2000) ............................................................................. 27
*Tegal Corp. v. Tokyo Electron Am., Inc.,*
   257 F.3d 1331 (Fed. Cir. 2001) ................................................................... passim
*Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,*
   597 F. Supp. 2d 897 (N.D. Iowa 2009) .............................................................. 19
*Transclean Corp. v. Bridgewood Servs., Inc.,*
   290 F.3d 1364 (Fed. Cir. 2002) ......................................................................... 15
*Transmatic, Inc. v. Gulton Indus., Inc.,*
   835 F. Supp. 1026 (E.D. Mich. 1993) ................................................................ 15
*Tull v. United States,*
   481 U.S. 412 (1987) ....................................................................................... 5, 6

**Statutes**

35 U.S.C. § 282 ...................................................................................................... 19, 21

**Other Authorities**

7 Donald S. Chisum, Chisum on Patents, § 20.03 ..................................................... 14
8 Moore's Federal Practice (3d ed. 2010) ............................................................... 4, 5
Matthew D. Powers & Steven C. Carlson, *The Evolution and Impact of the Doctrine of Willful*
   *Patent Infringement,* 51 Syracuse L. Rev. 53 (2001) ..................................... 16, 28

**Rules**

Fed. R. Civ. P. 38 ....................................................................................................... 12
Fed. R. Civ. P. 39 ....................................................................................................... 30

# I.     INTRODUCTION

Plaintiff *e*Plus, Inc. ("*e*Plus") respectfully requests that the Court deny Defendant Lawson Software, Inc.'s ("Defendant") motion to deprive *e*Plus of its Seventh Amendment right to a jury trial with respect to the issue of willful infringement.  Defendant's brief misstates the law, ignores clearly applicable and binding precedents, and rehashes arguments from other pretrial motions that the Court has already heard and decided adversely to Defendant.  Among other things:

- Defendant's argument that the Seventh Amendment does not provide *e*Plus with a right to a jury trial of infringement and validity issues is wrong, and avoids any citation to or discussion of the clearly applicable Federal Circuit case law directly on point.

- Defendant's argument that there is no right to a jury trial for willful infringement is in conflict with its prior arguments to this Court, its proposed jury instructions, and substantial case law providing that the issue of willful infringement is one for the jury.  Defendant's argument relies primarily on outdated law review articles, rather than actual case law, which consistently holds that willful infringement is a fact question for the jury.

- Defendant's argument of prejudice resulting from a jury trial of willful infringement rings hollow.  Defendant's complaints merely reargue multiple pretrial motions that were decided adversely to it, including the issue whether the Court should admit evidence of the non-final, non-binding reexamination proceedings.  The Court has already decided to exclude such evidence, because these incomplete, parallel proceedings — which involve different legal standards and different burdens of proof — have no probative value unless and until a final disposition is reached — which is still years away.  No unfair prejudice results from the exclusion of such so-called "evidence."

- Defendant claims prejudice from the mere fact that the jury might assess the credibility of Defendant's witnesses, who deny awareness of the *e*Plus patents-in-suit prior to the filing of this action.  Again, this grievance is little more than a rehash of Defendant's rejected pretrial motions. The credibility of witnesses is a quintessential fact question for the jury.  No unfair prejudice will result from the jury being asked to resolve this fact issue.

## II.    BACKGROUND

### A.    Both Parties Demanded A Jury Trial

As this court is aware, *e*Plus brought this action alleging willful patent infringement, seeking damages and permanent injunctive relief, and timely demanding a jury trial.  Dkt. No. 1 (Complaint) at 1 (noting "JURY TRIAL DEMANDED" and stating "*e*Plus … hereby demands a jury trial"); 10 (jury demand).  Lawson answered and asserted affirmative defenses and counterclaims of non-infringement and invalidity, and likewise requested a jury trial.  Dkt. No. 25 (Lawson Answer and Counterclaims) at 14 ("***Lawson hereby demands trial by jury on all issues.***") (emphasis added).[1]  *e*Plus answered Defendant's counterclaims, and ***again*** demanded a jury trial.  Dkt. No. 31 (Reply and Answer of *e*Plus) at 1 (noting "JURY TRIAL DEMANDED" and stating "*e*Plus … demands a jury trial to the Counterclaims"); 6 (jury demand).  At no point has either party withdrawn, in whole or in part, its demand for a jury trial.

On August 11, 2010, the Court granted, over *e*Plus's objection, Defendant's Motion in Limine No. 3 to exclude *e*Plus's expert testimony of Dr. Russell Mangum with respect to damages issues.  *e*Plus contended that the patent statute provides that the Court shall award a successful patentee no less than a reasonable royalty, and further proffered facts relating to the reasonable royalty determination and that those facts were fully and timely disclosed to Defendant.  On September 9, 2010, however, the Court granted Defendant's separate motion to preclude *e*Plus from proffering a damages case at trial.  Dkt. Nos. 439, 472.  However, ***at no***

---

[1] Nowhere in Defendant's brief does it reveal that it demanded a jury trial, and that it did so with respect to all issues.  Defendant's statement that it "did not and does not consent to a jury trial on willfulness," Def's Br. at 1, therefore, is simply false.

*point has ePlus withdrawn its claim for damages, or conceded that it is not entitled to present*

*a damages claim at trial and recover damages*.

**B.     The Court's Pretrial Rulings Pertaining To Defendant's Prior Awareness Of The Patents-In-Suit And Exclusion Of Evidence Pertaining To Non-final Reexamination Proceedings**

In ruling on pretrial motions, the Court has already heard two issues relevant to Defendant's arguments and, at least in those contexts, decided them adversely to Defendant. First, just as Defendant now argues in its brief, Defendant argued in its motion for summary judgment and motions *in limine* that it lacked awareness of the patents-in-suit prior to the filing of the complaint.  This Court (1) denied Defendant's motion for summary judgment in its entirety, Dkt. No. 356, and (2) denied Defendant's Motions *in Limine* Nos. 6 and 11 seeking to exclude evidence relating to Defendant's prior awareness of the patents-in-suit.  Dkt. Nos. 361, 364.  Defendant now argues that it would be "prejudicial" for the jury to resolve the fact issue of Defendant's prior awareness of the patents-in-suit.

Second, the parties presented two motions pertaining to whether the Court should admit evidence of the non-final, non-binding reexamination proceedings.  *e*Plus's Motion *in Limine* No. 1 argued that the Court should exclude all evidence of the reexamination proceedings, ***and expressly argued that the Court should exclude such evidence notwithstanding the issue of willfulness.***  Dkt. No. 247 at 14-16; Dkt. No. 321 at 7-10.  Defendant filed its own Motion *in Limine* No. 7, Dkt. No. 268, which argued not only that evidence of the reexamination proceedings should be admitted, but moreover that non-final findings from those proceedings be taken as "binding" and dispositive in this case and that *e*Plus be estopped from presenting

arguments contradicting those interim findings.  This argument was directly contrary to settled precedent, as the Court noted in its Order.

The Court granted *e*Plus's motion, Dkt. No. 375, and denied Defendant's motion.  Dkt. No. 362.  Thus, the Court has already determined that evidence of the reexamination proceedings will be excluded notwithstanding that willfulness will be an issue for trial — as it should be, for all the reasons previously presented.

## III.   ARGUMENT

### A.   *e*Plus Has A Seventh Amendment Right To A Jury Trial Of Infringement And Validity Issues

Defendant sets forth a threshold proposition that *e*Plus does not have a right to a jury trial with respect to infringement or validity, and that Defendant has merely "consented" to trying those issues to a jury.  Defendant is dead wrong, however, and ***egregiously*** omits discussion or mention of clearly applicable Federal Circuit decisions.  As the Supreme Court stated in *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 377 (1996), "there is no dispute that [patent] infringement cases today ***must be tried to a jury***, as their predecessors were more than two centuries ago." (emphasis added).[2]

The right to a jury trial is fundamental and is to be liberally construed.  *Bellmore v. Mobil Oil Corp.,* 783 F.2d 300, 306 (2d Cir. 1986) (right is "fundamental"); 8 Moore's Federal Practice, § 38.10[1][b] (3d ed. 2010) (citing *In re Beeline Eng'g & Constr., Inc.,* 139 B.R. 1025, 1027 (Bankr. S.D. Fla. 1992) (liberal construction)).  As the Supreme Court has stated:

---

[2] The Seventh Amendment declares that "[i]n suits at common law … the right of trial by jury shall be preserved …."  It is now well settled, moreover, that the constitutional right to a jury trial extends beyond the bounds set by common law forms of action existing at the time of the Seventh Amendment's adoption.  *In re: Lockwood,* 50 F.3d 966 (Fed. Cir. 1995), *vacated by* 515 U.S. 1182 (1995).  Thus, "the Seventh Amendment embraces the adjudication of a legal right created by statute, even where that right has no precursor among the suits and actions known to the common law."  *Id.*

"Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 501 (1959) (*quoting Dimick v. Schiedt,* 293 U.S. 474, 486 (1935)); *see also Jacob v. City of New York,* 315 U.S. 752, 752-53 (1942) ("A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts.").

Thus, any doubt must be resolved in favor of the jury trial right.  8 Moore's, § 38.10[1][b]; *Prudential Oil Corp. v. Phillips Petroleum Co.,* 392 F. Supp. 1018, 1022 (S.D.N.Y. 1975) (noting clear federal policy favoring jury trials; in doubtful cases that policy should be favored).  Indeed, even where the court has discretion, it is "very narrowly limited, and must, wherever possible, be exercised to preserve jury trial." *Beacon Theatres,* 359 U.S. at 510; *see also* 8 Moore's, § 38.10[1][b].

To determine whether a right to a jury trial exists in a particular action, the courts examine "both the nature of the issues involved and the nature of the remedy sought." *Lockwood,* 50 F.3d at 972.  The test for a statutory action involves two steps:  "First, we compare the statutory action to the 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Chauffeurs Local No. 391 v. Terry,* 494 U.S. 558, 565 (1990) (quoting *Tull v. United States,* 481 U.S. 412, 417-18 (1987) (Seventh Amendment "require[s] a jury trial on the merits in those actions that are analogous to 'Suits at common law.'")).

"Thus, if a particular action entails *either* the adjudication of legal rights, *or,*

*alternatively*, the implementation of legal remedies, the district court must honor a jury demand

to the extent that disputed issues of fact concerning those rights and remedies require a trial."

*Lockwood,* 50 F.3d at 972 (internal citations omitted) (emphasis added).  The Supreme Court in

*Tull* expressly repudiated the contention "that *both* the cause of action *and* the remedy must be

legal in nature before the Seventh Amendment right to a jury trial attaches."  *Tull,* 481 U.S. at

421, n.6 (emphasis added).  Further, where, as here, the patentee's action *as filed* seeks damages,

the parties are entitled to a jury trial on demand, and, if both an injunction and damages are

sought (as here), any common issues are triable to the jury.  *See Ross v. Bernhard,* 396 U.S. 531,

537-38 (1970) (common issues triable to jury).

Analysis of three key Federal Circuit cases — two of which are ignored by Defendant[3] —

compels the conclusion that where, as here, *e*Plus sued for infringement, sought damages, and

timely demanded a jury, and *e*Plus did not voluntarily abandon its claim for damages, it is

entitled to a jury trial of the infringement and validity issues, regardless whether the Court has

excluded *e*Plus's request for a damages remedy.

> **1.** **  *In re Lockwood:*  The patentee has a right to jury trial of**
> **invalidity issues raised by accused infringer's declaratory**
> **judgment action even if patentee's infringement claim is**
> **dismissed.**

In *Lockwood,*[4] the patentee — much like *e*Plus here — sued for patent infringement,

sought both damages and injunctive relief, and timely demanded a jury trial.  The defendant filed

---

[3] Counsel for *e*Plus actually cited these cases as precedent on this issue during the Final Pretrial
Conference.

[4] After the Supreme Court granted certiorari, Lockwood withdrew his request for a jury trial,
thereby mooting the issue before the Supreme Court.  *See Tegal Corp. v. Tokyo Electron Am.,
Inc.,* 257 F.3d 1331, 1340, n.5 (Fed. Cir. 2001).  Notwithstanding that the Federal Circuit's
decision in *Lockwood* was thereby vacated, the Federal Circuit in *Tegal* characterized the

a counterclaim for declaratory judgment of non-infringement and invalidity.  The district court granted summary judgment of non-infringement, leaving for trial the contentions of invalidity and unenforceability.  The district court held that the patentee was not entitled to a jury trial as of right with respect to those issues.

*The Federal Circuit reversed*, holding that "because the 'choice of forum and remedy, and thus the method of trial, was left with the patentee" in eighteenth century England, "the Seventh Amendment preserves to [the patentee] the same right to a jury trial on the factual questions relating to validity in a declaratory judgment action that he would have enjoyed had the validity of his patents been adjudicated in a suit for patent infringement according to eighteenth-century English practice."  *Id.* at 976.  Thus, because the patentee, like *e*Plus, had sued for infringement and sought damages and a jury trial in the first instance, he was also entitled to a jury trial of the invalidity defenses *even though the infringement and damages claim had been dismissed before trial*.  *A fortiori,* where, as here, the infringement claim remains in the case for adjudication, *e*Plus clearly has a right to a jury trial of the validity and infringement issues.

---

*Lockwood* decision as "provid[ing] a relevant and detailed analysis," and "its reasoning pertinent."  *Id.* at 1340.  Indeed, the Federal Circuit and district courts have continued to cite *Lockwood* in connection with resolving jury trial issues.  *See, e.g., In re Technology Licensing Corp.,* 423 F.3d 1286, 1288, n.1 (Fed. Cir. 2005) ("Although the Supreme Court vacated the order of this Court in *Lockwood* when, after the Court granted certiorari, Lockwood withdrew his request for a jury trial, we have continued to rely on the 'relevant and detailed analysis' in *Lockwood,* which contains this court's most extensive discussion of the historical and legal framework for analyzing the jury trial right in connection with actions involving claims of patent infringement and invalidity.  Accordingly, as we stated in *Tegal,* **the court's analysis in Lockwood 'has been neither supplanted nor questioned,' and 'we find its reasoning pertinent*.'"**) (emphasis added) (internal citation omitted); *see also Kao Corp. v. Unilever U.S., Inc.,* 2003 WL 1905635, ** 1-3, n.1 (D. Del. Apr. 17, 2003).

2.      *Tegal*:  **A patentee's *voluntary withdrawal* of its claim for damages resulted in no right to jury trial for the accused infringer that filed affirmative defenses, but no counterclaims.**

In *Tegal*, the plaintiff/patentee initially requested a jury trial for patent infringement, and again sought both injunctive relief and damages.  The defendant asserted affirmative defenses, including invalidity, but apparently did not file counterclaims.  In significant distinction from this case, the patentee ***voluntarily withdrew its claim for damages*** before trial, and therefore the trial court proceeded as the trier of fact.  Based on these facts, the Federal Circuit upheld, over the ***defendant's*** objection, the trial court's decision to hold a bench trial.  *Id.* at 1341 ("this Court holds that a defendant, asserting only affirmative defenses and no counterclaims, does not have a right to a jury trial in a patent infringement suit if the only remedy sought by the plaintiff-patentee is an injunction.").  The Federal Circuit heavily emphasized that resolution of the issue required inquiry "into the nature of the remedy ***sought*** [by the plaintiff/patentee]," in that instance, "only an injunction, a purely equitable remedy."  *Id.* at 1340-41 (emphasis added).

Nothing in *Tegal* suggests that the patentee would have lost its right to a jury trial (had it been the party objecting to the bench trial) but for the fact that it had ***voluntarily withdrawn*** its claim for damages.  Indeed, the Court embraced and adopted *Lockwood,* in which the plaintiff/patentee was held to have a right to a jury trial even though its infringement claim had been dismissed entirely.  *Id.* at 1340, n.5.  The *Tegal* court's opinion states, "[the patentee's] understanding was that by ***withdrawing*** its damages claim, it would lose its right to a trial by jury."  *Id.* at 1338 (emphasis added).

8

3.   ***Technology Licensing:***  **A patentee's *voluntary withdrawal* of all claims for damages results in a non-jury trial in a declaratory judgment action filed against the patentee by a third party defendant.**

In *In re Technology Licensing Corp.,* 423 F.3d 1286 (Fed. Cir. 2005)*,* the plaintiff patentee Technology Licensing Corporation ("TLC") sued Videotek for patent infringement; Videotek, in turn, filed a complaint against its supplier, Gennum Corporation ("Gennum") seeking indemnification.  Gennum filed a declaratory judgment action against TLC seeking a declaration that the patents were invalid, unenforceable, and not infringed, and requested a jury trial.  *Id.* at 1286-87.  TLC counterclaimed, alleging that Gennum was liable for infringement.

Prior to trial of the case between Gennum and TLC, "Gennum filed a motion in limine challenging TLC's formula for measuring damages.  After a hearing, the district court entered an order that had the effect of significantly reducing the amount of damages TLC would be able to recover from Gennum if infringement were found."  *Id.* at 1287.  TLC then ***voluntarily withdrew*** its claim for damages, "***and notified the district court that it would seek only injunctive relief against future infringement.***"  *Id.* (emphasis added).  Gennum then withdrew its request for a jury trial.  TLC maintained that it was still entitled to trial by jury, but the district court held, after analyzing the *Lockwood* and *Tegal* decisions, that TLC was not entitled to a jury trial.  TLC petitioned the Federal Circuit for a writ of mandamus with respect to the jury trial issue.

The Federal Circuit (over a dissent by Circuit Judge Newman) denied the petition, holding that although the issue was "close," *id.* at 1288, TLC was not entitled to a jury trial.  The Court's opinion repeatedly emphasized that it was the patentee's ***voluntary action*** in ***withdrawing*** its claim for damages that was critical to depriving it of the right to a jury trial.  The Court distinguished *Lockwood, supra,* on the ground that, in that case in which the trial court had

dismissed the patentee's infringement claim, *"the patentee had not elected to limit himself to an equitable remedy."*  *Id.* at 1289 (emphasis added).  "In this case, by contrast, the patentee *has voluntarily abandoned its claim for damages* and is proceeding only on a request for equitable relief."  *Id.* (emphasis added).  The Court stated that *Lockwood* "stands for the proposition that if the patentee has *abandoned* any claim for damages, the related invalidity claims are tried to the bench, not to a jury."  *Id.* at 1291 (emphasis added).[5]  The Court further confirmed that a patentee such as TLC "will ordinarily be able to dictate whether it will have a jury trial *by choosing whether to limit itself* to equitable relief."  *Id.* (emphasis added).

Taken together, these cases demonstrate that *e*Plus, as the plaintiff/patentee, has the ability to dictate whether it will have a jury trial of infringement and validity issues by seeking damages and timely demanding a jury.  *e*Plus did both of these things.  It is possible that *e*Plus could have deprived itself of a jury trial by *voluntarily abandoning* its claim for damages before trial and seeking only injunctive relief.  But it has *never relinquished* its claim for damages and, therefore, just like the patentee in *Lockwood,* it continues to have a Seventh Amendment right to a jury trial of validity (and infringement) issues.

Remarkably, Defendant never even cites the *Lockwood* and *Technology Licensing* decisions, despite their obvious pertinence to the issue before this Court.  Instead of these more recent decisions, however, Defendant relies heavily on a 1982 Fourth Circuit *non-patent* decision in *Skippy, Inc. v. CPC Int'l, Inc.,* 674 F.2d 209 (4th Cir. 1982).[6]  *Skippy* is readily

---

[5] It was on this basis that the *Lockwood* court had distinguished a prior case in which the plaintiff had *stipulated* to the absence of any claim for infringement damages.  *Lockwood,* 50 F.3d at 977.  The *Lockwood* patentee had not voluntarily withdrawn its claim, however, and for that reason the Federal Circuit held the patentee was still entitled to a jury trial of invalidity.

[6] Defendant contends that the jury trial issue is governed by Fourth Circuit law, citing *Transmatic, Inc. v. Gulton Indus.,* 53 F.3d 1270, 1278 (Fed. Cir. 1995).  Def's Br. at 9.  That opinion, however, pertained to whether a party waived a jury trial pursuant to a district court's

10

distinguishable, however, in that the only cause of action in the case for trial (fraudulent procurement of a release) was one for which the plaintiff "*failed altogether to pursue its claim for damages*." *Id.* at 215 (emphasis added).  The district court had dismissed all other claims, including a claim of trademark infringement.  Unlike this case, in *Skippy* it was not clear the plaintiff had *ever* sought damages for the fraudulent procurement claim.  Indeed, when questions were raised with the trial court as to whether plaintiff sought damages for this claim, the plaintiff did not apprise the trial court of the fact and raised it only on appeal.  *Id.* at 214-15 ("We are now urged to reverse the district court and order a new trial on the basis of an argument not raised before the district court.").

In contrast, in this case, it is clear that *e*Plus has *always* alleged patent infringement, sought damages, and demanded a jury trial, and the patent infringement case remains for trial. Accordingly, the facts in *Skippy* are inapposite.  To the extent the decision could be read as having any application, the more recent Federal Circuit patent decisions in *Lockwood, Tegal,* and *Technology Licensing* clearly supersede it.  For example, Defendant contends that *Skippy* holds that "the right to a jury is determined based on the remedies sought at the time of trial."  To the extent *Skippy* could be read as so holding, it is clearly superseded by *Lockwood* in which the Court held that there was a right to a jury trial even though only invalidity and unenforceability claims remained for trial (*i.e.,* there was no claim for damages or infringement remaining).

---

*local rule*, and it was only the court's application of that local rule that was governed by Fourth Circuit law.  *Id.*  No such issue is present here, as there is no dispute that *e*Plus timely demanded and never withdrew its jury demand (or its claim for damages).  As *Lockwood, Tegal,* and *Technology Licensing* demonstrate, whether a right to a jury trial exists under these circumstances is a question of *e*Plus's Seventh Amendment rights, not the application of a local district court rule.  For example, in *Tegal,* that Court analyzed the right to jury trial as a matter of federal constitutional law, but it briefly considered the objecting party's appeal that Fed. R. Civ. P. 38 and 39 were not followed pursuant to regional circuit law.  *Tegal,* 257 F.3d 1340-41.

*e*Plus therefore has a Seventh Amendment right to a jury trial with respect to the infringement and validity issues regardless whether Defendant "consents."[7]   The only remaining question is whether the ***willfulness*** of Defendant's infringement should also be decided by the jury.

### B.   Willful Infringement Is An Issue Of Fact For The Jury

#### 1.   Defendant's prior arguments contradict its present claim that willfulness should not be tried to the jury.

Having argued, wrongly, that *e*Plus has no right to a jury trial of infringement and validity issues, Defendant then ignores overwhelming Federal Circuit and district court precedent to contend that the issue of willful infringement is for the Court, not the jury.  Defendant's arguments are contradicted not only by substantial case law, but also by its own prior arguments in this case.  When Defendant moved, successfully, to exclude the expert testimony of a former PTO Commissioner with respect to willful infringement, ***Defendant's motion was expressly premised on the fact that willfulness is an issue for the jury***.  *See generally* Dkt. No. 261 (Def's Mem. in Support of Motion *in Limine* No. 4).  Defendant argued, *inter alia,* "'*[w]illful infringement" is a matter for jury determination*, in light of facts well within their understanding and appropriate instructions from the court.' …  The ***jury*** will receive all admissible, factual evidence on the issue and, with the Court's instructions, ***will be fully able to determine the willfulness issue*** without expert testimony."  *Id.* at 4 (quoting *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.,* 219 F.R.D. 135, 143 (N.D. Iowa 2003) (emphasis added));

---

[7] As noted above, Defendant demanded a jury trial on "all issues."  A demand for a jury trial under Rule 38 may not be withdrawn without the consent of the parties.  Fed. R. Civ. P. 38(d) ("A proper demand may be withdrawn only if ***the parties*** consent.") (emphasis added).  Accordingly, Defendant's claim to have only now "consented" to try the issues of infringement and invalidity to the jury is nonsensical.  Defendant not only "consented" to trying these issues before the jury when it filed its Answer, it ***demanded*** a jury for those issues and it has never withdrawn that demand.  *e*Plus has not consented to any withdrawal of the jury demand.

*see also id.* at 1, 3-4 (arguing that expert testimony would not aid *jury's* determination of willfulness).  Defendant's reply brief continued to press this argument.  Dkt. No. 330 (Def's Reply Mem. In Support Of Motion *in Limine* No. 4) at 1 ("***the primary reason for excluding the testimony of Mr. Manbeck is the fact that expert testimony on the subjective prong of the Federal Circuit's test for determining willfulness …*** is inadmissible ***as it invades the province of the jury to determine a question of fact*** regarding intent." (emphasis added); *see also id.* at 2 ("invades the province of the jury"); 4 (expert testimony "will not be helpful to the jury").[8]

Further, Defendant's proposed jury instructions include an instruction asking the jury to determine willfulness.  *See* Dkt. No. 467 (Def's Proposed Instruction No. D-40) ("Willful Infringement").  This is not surprising given that it is consistent with the model patent jury instructions commonly used in federal district court patent litigation, such as the model instructions of the American Intellectual Property Law Association and the Federal Circuit Bar Association (Instruction No. 4.1 ("Willful Infringement").  *See* Ex. A.

### 2. Substantial precedent holds that willfulness is a jury question.

Wholly ignored by Defendant is a plethora of case law holding that willfulness is a fact question for the jury.  *See, e.g., Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.,* ___ F.3d ___, 2010 WL 3515467, *12 (Fed. Cir. Sept. 9, 2010) ("Willfulness is a question of fact, and our review on appeal is 'limited to asking whether [the jury's] verdict is supported by substantial evidence.'") (internal citation omitted); *i4i Ltd. Partnership v. Microsoft Corp.,* 598 F.3d 831, 859-60 (Fed. Cir. 2010) ("Whether Microsoft's infringement was willful is a question of fact … This question was submitted to the jury, which answered in the affirmative.  … Based

---

[8]  Because Defendant prevailed on its motion based on these arguments, Defendant is judicially estopped from arguing that willfulness is an issue for the Court, not the jury.  *See, e.g., New Hampshire v. Maine,* 532 U.S. 742, 749-50 (2001); *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir. 1982).

on its own assessment of the evidence and Microsoft's defenses, the jury was free to decide for itself whether Microsoft reasonably believed there were any substantial defenses to a claim of infringement.") (internal citations omitted); *Jurgens v. CBK, Ltd.,* 80 F.3d 1566, 1568-69, 1572-73 (Fed. Cir. 1996) (trial court's discretion to increase damages does not include power to reweigh evidence underlying jury's willfulness finding); *Hoechst Celanese Corp. v. BP Chems. Ltd.,* 78 F.3d 1575, 1583 (Fed. Cir. 1996) ("The issue of willfulness of wrongdoing is a question of fact, and was presented to the jury for decision."); *Nat'l Presto Indus., Inc. v. West Bend Co.,* 76 F.3d 1185, 1192-93 (Fed. Cir. 1996) (rejecting argument that question of willful infringement should not have been given to jury, and stating, "[l]iability for willfulness … turns on considerations of intent, state of mind, and culpability.  We need not belabor that these are questions of fact."); *Shiley, Inc. v. Bentley Labs., Inc.,* 794 F.2d 1561, 1568 (Fed. Cir. 1986) (jury's finding on willfulness should be overturned only under normal standards for JNOV)*; Nunes v. Bishop Aviation, Inc.,* 703 F. Supp. 774, 776 (W.D. Ark. 1988), *further proceedings,* 703 F. Supp. 7777 (W.D. Ark. 1988) ("A finding of willful infringement is a finding of fact and as such is clearly within the decisional domain of the jury.  The jury, as the traditional finder of fact, has the function of weighing conflicting evidence and inferences."); *see also* 7 Donald S. Chisum, Chisum on Patents, § 20.03[4][b][vii], at 20-460.140, n. 368.437 (2010) (collecting cases).

Elsewhere in Defendant's brief, it cites a variety of willfulness cases as support for other arguments, *e.g.,* Defendant's contention that a finding of willfulness does not automatically result in an award of attorney's fees.  Apparently lost on Defendant is that in all of these patent

infringement cases the willfulness issue was for the jury unless the plaintiff agreed to a bench trial or waived a jury trial by not filing a timely demand.[9]

Against this wealth of case law, Defendant relies on three meager cases, all of which are readily distinguishable because there were waivers, or dealt with the different question of bifurcation of issues or because no jury right attached from the inception of the case.  *See Glaxo Grp. Ltd. v. Apotex, Inc.,* 376 F.3d 1339, 1345 (Fed. Cir. 2004) (ANDA case in which no damages were available; ***all*** issues, including willfulness, were tried to bench); *Princeton Biochems., Inc. v. Beckman Instrums., Inc.,* 180 F.R.D. 254, 260 (D. N.J. 1997) (***bifurcating*** liability issues from damages and willfulness, but no indication that willfulness would not be tried to jury); *Transmatic, Inc. v. Gulton Indus., Inc.,* 835 F. Supp. 1026, 1027 (E.D. Mich. 1993) (holding that patentee waived jury trial by failing to file timely demand as required by local rule, but dicta finding no right to jury trial), *aff'd in part, rev'd in part on other grounds,* 53 F.3d 1270, 1278-79 (Fed. Cir. 1995) (affirming solely on ground of waiver for failure to file timely demand pursuant to local rule).  Obviously, whether a court might bifurcate the issue does not

---

[9]  *See, e.g., Spine Solutions,* ___ F.3d at ___, 2010 WL 3515467, at * 2, 12 (willful infringement tried to jury, although denial of JMOL reversed on appeal); *Funai Elec. Co., Ltd. v. Daewoo Elec. Corp.,* 616 F.3d 1357, 1362, 1376 (Fed. Cir. 2010) (willful infringement tried to jury); *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.,* 567 F.3d 1314, 1321, 1335 (Fed. Cir. 2009) (willful infringement tried to jury, although trial court granted JMOL after close of evidence); *Black & Decker, Inc. v. Robert Bosch Tool Corp.,* 260 Fed.Appx. 284, 2008 WL 60501, **1-2 (Fed. Cir. Jan. 7, 2008) (willful infringement tried to jury); *Transclean Corp. v. Bridgewood Servs., Inc.,* 290 F.3d 1364, 1369, 1377 (Fed. Cir. 2002) (same); *Electro Scientific Indus., Inc. v. General Scanning, Inc.,* 247 F.3d 1341, 1347-48, 1353-54 (Fed. Cir. 2001) (same); *Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448, 1453, 1460 (Fed. Cir. 1998) (same); *Jurgens,* 80 F.3d at 1568-69, 1572-73 (same, and district court was bound by jury's willfulness finding); *Brooktree Corp. v. Advanced Micro Devices, Inc.,* 977 F.2d 1555, 1581-82 (Fed. Cir. 1992) (willful infringement tried to jury); *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.,* 781 F.2d 198 (Fed. Cir. 1986) (all issues, including damages, appeared to have been tried to Court) (*see S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.,* 225 U.S.P.Q. 1022 (S.D.N.Y. 1985)).

dictate whether the issue be tried to the bench or jury.  And as to waiver, there is no dispute that *e*Plus timely demanded a jury and never withdrew that demand.

Defendant also relies upon three law review articles predating the Federal Circuit's decisions in *Tegal, Technology Licensing,* and *Seagate* for the proposition that that there is no "independent right to a jury trial on the issue of willfulness."  Def's Br. at 11-12.  These outdated law review articles simply state the authors' viewpoints that willfulness ***ought not*** be a jury issue, but it is evident from the above case law that these views have not been accepted by the courts.  Indeed, the Powers/Carlson article concedes that "***Juries currently hear testimony on whether the alleged infringed 'willfully' infringed the patent-at-issue, and render a yes/no verdict on willfulness.***"  Matthew D. Powers & Steven C. Carlson, *The Evolution and Impact of the Doctrine of Willful Patent Infringement,* 51 Syracuse L. Rev. 53, 109-12 (2001) (emphasis added).

Finally, Defendant cites the well-known Chisum treatise as support for the proposition that "[t]he jury's … determination of willfulness is only advisory to the trial judge."  Def's Br. at 12 (quoting Chisum, § 20.03[4][b][vii], at 2-452).  In fact, the Chisum treatise does not support this proposition.  Defendant cites only from a portion of the treatise discussing the law "***[b]efore*** the creation of the Federal Circuit."  *See id.* at 20-460.138 - 460.139 (attached as Ex. B).  The ***very next paragraph*** of the treatise, not cited by Defendant, notes, however, that "[***t]he Federal Circuit took a different approach to the issue of willfulness*** and damages enhanced in proceedings in which ***a party requests a jury trial***."  *Id.* at 20-460.140 (emphasis added).  The treatise then discusses that, as stated above, a plethora of Federal Circuit and district court cases holds that the determination of willfulness is a fact question ***for the jury***, whereas the decision whether to enhance damages is for the Court.  *Id.* at 20-460.140 – 460.149.  The treatise

16

concludes that "[d]ecisions after *Seagate* continue to treat willfulness *as a fact question for the jury* and enhancement as a matter of discretion for the court." *Id.* at 20-460.149 (emphasis added).

### 3. The same reasons that support the right to a jury trial of infringement apply to willful infringement.

Further, there is no principled basis upon which to distinguish — for purposes of the right to jury trial — the issue of *willful infringement* from the issue of *infringement* which, as discussed *supra*, carries with it the right to a jury trial. Defendant's point that the Court determines *whether* to enhance damages for willfulness (and whether to declare the case exceptional and award attorney's fees) lends no weight to its argument. As the above case law demonstrates, in the ordinary patent case, the jury determines whether infringement is willful, and the Court determines whether to enhance damages based on willfulness, and whether to declare the case exceptional and award attorney fees. There is no reason that same division of responsibility should not occur in this case.

Defendant's additional argument — that in this case *e*Plus can obtain only an award of attorney's fees, not an enhancement of damages — even if true, does not merit a contrary conclusion. In *Lockwood,* it appeared that the plaintiff/patentee was not entitled to any monetary award whatsoever. Its patent infringement case was dismissed entirely. Nonetheless, the Federal Circuit granted the petition for mandamus and held that the patentee was entitled to a jury trial of invalidity. *Lockwood,* 50 F.3d at 980. Again, *a fortiori,* infringement and validity must still be tried to a jury here even though the Court has determined (over *e*Plus's objection) that *e*Plus is precluded from presenting evidence of damages. Just so, the issue of *willful* infringement must still be tried to a jury, even though (under the Court's ruling) *e*Plus's recovery for willfulness may be curtailed. Defendant offers no basis to distinguish the two situations.

### C.     No Unfair Prejudice Will Result To Defendant From Trying Willful Infringement To The Jury

*e*Plus's Seventh Amendment rights cannot be circumscribed by whether Defendant believes it will be "prejudiced" by having a jury.  And contrary to Defendant's argument, it will not suffer any unfair prejudice from having the jury decide willful infringement, just as typically occurs in patent litigation.

### 1.     Defendant's attempt to reargue the motions *in limine* pertaining to evidence of the non-final reexamination proceedings should be rejected.

Defendant's argument that the evidence of willfulness before the jury will be "incomplete" is nothing more than a rehash of its already-rejected arguments with respect to evidence of non-final (and therefore legally and factually irrelevant) reexamination proceedings before the PTO.  Def's Br. at 14-16.  The parties fully briefed the two motions pertaining to reexamination evidence, including the question of whether evidence of the non-final reexamination proceedings should be admitted with respect to the issue of willfulness.  Although *e*Plus will not rehash the entirety of this briefing, a brief summary is appropriate.

*The reexamination proceedings are still at preliminary stages and, contrary to Defendant's arguments, have not resulted in any final decisions with respect to the validity of any claim of the patents-in-suit.*[10]  The reexamination proceedings that are currently in progress for the patents-in-suit are simply that, *in progress*.  These proceedings have numerous significant steps to traverse in the PTO, the Board of Patent Appeals and Interferences ("BPAI"), and the Federal Circuit before any final determination is reached — which is still years away — and

---

[10] *e*Plus's arguments for exclusion were not based solely on prejudice before the jury, but first and foremost because these non-final, non-binding findings were subject to review and reversal at numerous stages and therefore they were irrelevant as a matter of law.  The patents are presumed valid throughout the reexamination proceedings and any Federal Circuit appeal.

claims are confirmed, amended or canceled with final effect.[11]   Further, the PTO is free to

reconsider its initial determinations in a reexamination prior to issuing a reexamination

certificate.  *See* Dkt. No. 247 at 4-9; Dkt. No. 321 at 1-4.

> ***The patent statute provides to each issued patent a presumption of validity, which***
> ***remains unaltered throughout the entire reexamination process.***  35 U.S.C. § 282 ("A patent

shall be presumed valid.  Each claim of a patent…shall be presumed valid independently of the

validity of other claims…"); *see also Greenwood v. Hattori Seiko Co., Ltd.*, 900 F.2d 238, 240

(Fed. Cir. 1990); *Presidio Components Inc. v. Am. Tech. Ceramics Corp.,* 2009 WL 3822694, *2

(S.D. Cal. Nov. 13, 2009) (excluding evidence of reexamination proceedings because, *inter alia,*

"[t]here is thus a 'substantial likelihood' that, despite the grant of reexamination, the USPTO will

uphold the patentability of some or all of [patentee's] claims."); *Intelligent Peripheral Devices,*

*Inc. v. Smartpad, Inc.*, 1998 WL 754606, **2-3 (N.D. Cal. Oct. 26, 1998) (holding that, despite

the fact that an appeal was pending before the BPAI, the patent-at-issue "continue[d] to enjoy a

presumption of validity for [the] purposes of this [district court] action.").

Accordingly, the fact of reexamination proceedings, even where the PTO has actually

acted upon an infringer's request and determined to proceed with a reexamination, has little or no

probative value.  *See, e.g., i4i Ltd. Partnership v. Microsoft Corp.,* 670 F. Supp.2d 568, 583

(E.D. Tex. 2009) ("[t]he simple fact that a reexamination decision has been made by the PTO is

not evidence probative of any element regarding any claim of invalidity."); *Transamerica Life*

*Ins. Co. v. Lincoln Nat'l Life Ins. Co.,* 597 F. Supp. 2d 897, 907 (N.D. Iowa 2009) (Stating,

"[t]his court agrees with its brethren that evidence of incomplete reexamination proceedings is

---

[11] Defendant's false and misleading argument in its brief that the PTO has invalidated claims is a stark example of the manner in which it intends to mislead the jury.  None of the claims have been invalidated, and Defendant knows it.

not admissible to prove invalidity of a patent, because it has no probative value on that issue ….", and citing cases).  *See also* Dkt. No. 247 at 7-9; Dkt. No. 321 at 3-4.

***Defendant's argument that the "evidence" will be incomplete without admission of the reexamination evidence is again incorrect.***  These non-final reexamination proceedings are not prior art and are not "evidence of invalidity" at all.  There is no reason whatsoever why this Court should allow Defendant to try this case and confuse the issues based on this "one step removed" logic, or to allow this trial to be about what are now ***four*** satellite proceedings that are ongoing before the PTO (three of which were initiated by Defendant since the filing of this action).

To the contrary, the Federal Circuit has consistently held that interim rulings from such proceedings lack probative value in district court litigation.  *See Procter & Gamble Co. v. Kraft Foods Global, Inc.,* 549 F.3d 842, 848 (Fed. Cir. 2008) ("a requestor's burden to show that a reexamination order should issue from the PTO is ***unrelated to a defendant's burden to prove invalidity by clear and convincing evidence at trial***.") (emphasis added); *Hoechst Celanese,* 78 F.3d at 1584 ("We take notice that ***the grant by the examiner of a request for reexamination is not probative of unpatentability***.") (footnote omitted) (emphasis added); *Greenwood,* 900 F.2d at 240-41 (district court erred by relying on actions in reexamination proceeding to resolve validity and stating "The district court has misperceived the purpose and effect of reexamination, and has treated the reexamination as if it were part of [plaintiff's] suit against [defendant]….Because the court's misperceptions caused it to disregard the presumption that all patents are valid, its judgment must be vacated.") (citations omitted); *see also Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) (affirming district court's exclusion of evidence of reexamination proceedings).

20

***Interim, non-final findings of the PTO examiner have no probative value, because the reexamination proceedings apply different legal standards than will this district court proceeding.*** The reexamination proceedings are not probative evidence in the context of this litigation because of the numerous and substantial differences in the legal standards applied in those proceedings. Dkt. No. 247 at 9-11. First, the PTO construes the claims according to different principles and, as with original examination, it is required to give claims their broadest reasonable interpretation consistent with the specification. Second, the statutory presumption of validity that this Court must apply pursuant to 35 U.S.C. § 282 does not apply in the PTO. Third, the PTO does not apply the evidentiary burden of clear and convincing evidence that Defendant bears in presenting its invalidity contentions in this case. Fourth, the PTO employs different evidentiary procedures.[12]

***Evidence of the reexaminations should not be admitted with respect to the issue of willfulness.*** Defendant's argument that the reexamination proceedings are relevant to willfulness was expressly raised, and rejected, in connection with *e*Plus's first motion *in limine*. Dkt. No. 247 at 14-16; Dkt. No. 321 at 7-10.

First, as set forth *supra*, the fact that the reexamination proceedings are occurring has no legal significance to the validity of the patents; the patents are presumed valid and will remain as such unless and until a ***final*** determination is reached adverse to *e*Plus. Thus, Defendant cannot rely upon them as evidence of the alleged invalidity of the patents. *i4i,* 670 F. Supp.2d at 583

---

[12] Further, the scope of Defendant's invalidity allegations in this case and the prior art references it relies upon are limited by this Court's pretrial rulings and the prior art Defendant disclosed in its Court-ordered Second Supplemental Statement of Invalidity Contentions. The reexamination proceedings for the patents-in-suit involve alleged prior art references that Defendant will not (and may not) rely upon at the trial of this case. Accordingly, any interim examiner ruling with respect to such references cannot be relied upon by Defendant without violating this Court's rulings limiting Defendant to the contentions set forth in its Court-ordered Second Supplemental Statement.

(denying infringer's "meritless" post-trial challenge to willfulness finding, and stating that reexamination decision of PTO "is not evidence probative of any element regarding any claim of invalidity."). The PTO's grant of a reexamination request is ***nearly automatic*** upon the filing of a request that complies with the procedural requirements. Accordingly, the mere fact that reexamination requests were made and granted hardly provides a "get out of jail free" card for Defendant to continue its infringement.

The Federal Circuit has expressly affirmed a district court's finding of willful infringement, even though the district court excluded evidence of the reexamination proceedings. *Hoechst Celanese,* 78 F.3d at 1584. The Federal Circuit stated:

> We take notice that the grant by the examiner of a request for reexamination is not probative of unpatentability. ***The grant of a request for reexamination***, although surely evidence the criterion for reexamination has been met (*i.e.,* that a "substantial new question of patentability" has been raised, 35 U.S.C. § 303), ***does not establish a likelihood of patent invalidity***. *See Acoustical Design, Inc. v. Control Elecs. Co.,* 932 F.2d 939, 942, 18 USPQ2d 1707, 1710 (Fed. Cir.) ("***initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims***"), *cert. denied,* 502 U.S. 863, 112 S.Ct. 185, 116 L.Ed.2d 146 (1991).

*Id.* (emphasis added) (footnote omitted); *see also Procter & Gamble,* 549 F.3d at 848 (holding, subsequent to *Seagate* decision, that "***a requestor's burden to show that a reexamination order should issue from the PTO is unrelated to a defendant's burden prove invalidity by clear and convincing evidence at trial***.") (emphasis added). Thus, the PTO's grant of a reexamination request does not create for an accused infringer any reliable likelihood that the patents-in-suit will, in the end, be found invalid.

22

Second, under the particular facts of this case, the reexamination proceedings are all the more irrelevant to willfulness.  Dkt. No. 247 at 16; Dkt. No. 321 at 7.[13]  Defendant's most recent reexamination request was not even made until ***one week after ePlus filed its motion in limine***. Dkt. No. 321 at 7.  The first of Defendant's three requests for reexamination was not made until July 2009, and was not granted until October 23, 2009; its second request was not made until November 12, 2009, and was not granted until January 15, 2010, at which time this case was nearly eight months along.  Defendant never paused in its infringement, not even to await whether the PTO would grant the requests, issue an office action, or take any other action.  Thus, these reexamination proceedings are nothing more than a "fig leaf" to cover Defendant's decision to continue its rank infringement throughout the pendency of this litigation, which decision obviously was not made based on whether reexaminations were ongoing.

Defendant cites three unpublished district court cases, none of which is compelling when evaluated against the substantial authority cited by *e*Plus with its motion *in limine*.  The *Lucent Technologies* case conflicts with the case law that overwhelmingly holds that there is no probative value to interim, non-final reexamination office actions, and, notably, does not cite any supporting law other than *Seagate,* which had nothing to do with reexamination proceedings. *Lucent Tech., Inc. v. Gateway, Inc.,* 2007 WL 6955272, ** 6-7 (S.D. Cal. Oct. 30, 2007).  In the *Plumley* case, there is no indication that the patentee argued that the reexamination findings lacked probative value.  *Plumley v. Mockett,* 2010 U.S. DIST LEXIS 57254, **44-46 (C.D. Cal. May 26, 2010).  In addition, although the detailed procedural history of the PTO proceedings was not spelled out in the court's opinion, it appears that the Court's decision was not made until

---

[13] Although *e*Plus distinctly presented this issue in its motion *in limine*, Defendant barely offered a response.  The Court should not now entertain a belated request for reconsideration masked in the guise of a request to deny *e*Plus its right to a jury trial.

*after* the conclusion of a prolonged history of at least four reexamination proceedings and additional patent interference proceedings.  *Id.* at *3.

In *Safoco,* the district court granted an accused infringer's motion for summary judgment of non-willfulness based on the strength of its litigation defenses but, notably, rejected its argument that the mere fact the patents had been reexamined foreclosed the issue of willfulness. *Safoco, Inc. v. Cameron Int'l Corp.,* 2009 WL 2424108, *21 (S.D. Tex. July 31, 2009).[14]  That court actually criticized the *Lucent* court's reliance on *Seagate,* stating that the Federal Circuit in *Seagate* was not discussing the effect of reexamination proceedings.  *Id.* at *20 (citing *Procter & Gamble Co. v. Kraft Foods Global, Inc.,* 549 F.3d 842, 848 (Fed. Cir. 2008)).

Third, admission of evidence of the reexamination proceedings would add substantial length and complexity to the proceedings and create an irrelevant sideshow in which this proceeding detours into a detailed scrutiny of the parallel administrative actions.  As explained with the motions *in limine,* admission of such evidence would surely require ePlus to call its expert, former PTO Commissioner Harry Manbeck, as a witness to put the preliminary examiner findings from the reexaminations into their proper perspective, explain the preliminary nature of those proceedings, the different legal standards applied, and the like.[15]

---

[14] The *Safoco* decision is instructive for another reason.  In that case, a reexamination examiner had rejected two claims of one patent and all claims of another in light of prior art.  *Id.* at *2. The BPAI, however, reversed all of the examiner's rejections.  *Id.*  The court also noted another district court case in which the same events had transpired in PTO reexamination proceedings. *Id.* at *18 (citing *Ultratech Int'l, Inc. v. Swimways Corp.,* No. 3:05-cv-134-J-25MCR, slip. Op. at 1 (M.D. Fla. March 3, 2009) ("***The USPTO initially rejected all claims, but ultimately issued a reexamination certificate finding all claims to be patentable***.")) (emphasis added).

[15] Although ePlus believes the reexaminations are legally and factually irrelevant to the enhancement or exceptional case determinations as well, the Court likely has discretion to consider the reexaminations — for what they are worth — at the enhancement or exceptional case stages, which both parties agree are for the Court.  This would allow the jury to determine willfulness without hearing this confusing and unfairly prejudicial evidence.

###### 2.     Defendant wholly fails to show that it will be unfairly prejudiced by evidence or argument of willful infringement before the jury.

Relying on a 2001 law review article and a district court case pertaining to bifurcation of issues in *insurance contract* litigation, Defendant contends that the willfulness issue "is so inflammatory and prejudicial that it should not go to a jury even in normal circumstances." Def's Br. at 16.  The only facts, however, that Defendant alludes to anywhere in its brief that it contends might be inflammatory or prejudicial are, first, that Defendant's witnesses may not be deemed credible concerning their alleged lack of awareness of the *e*Plus patents-in-suit, and second, the general argument that Defendant's conduct meets the standard for willful infringement.

As noted above, the fact that a jury might find that Defendant's witnesses are less than truthful provides no basis removing the issue from the jury's purview.  This argument proves too much.  This is always a quintessential issue of fact for the jury, and there is scarcely a fact issue for trial in any case that does not raise some question of witness candor or credibility.  Such determinations are traditionally left for the jury.  Indeed, the Seventh Amendment would be meaningless if a party could negate the jury trial right by offering no more than conjecture that jurors might disbelieve its witnesses.

Second, neither case law nor common sense supports the proposition that the jury trial right can be overcome if the plaintiff/patentee alleges willful infringement.  As shown above, willfulness is consistently treated as a jury issue in patent cases, and Defendant offers no compelling reason why this case raises any more issue of unfair prejudice than does a typical patent litigation in which willfulness is for the jury to determine.  Moreover, if the evidence of

Defendant's alleged lack of willfulness is as strong as Defendant contends in its brief, it should welcome the opportunity to make this argument to the jury.[16]

Here again, Defendant relies on a 2001 law review article, but, as noted *supra,* the Powers/Carlson article actually conceded that juries determine the willfulness issue. The authors' advocacy for the reformulation of willful infringement law, which predate *Seagate,* provides no basis for this Court to deny a jury trial here.

### D.    Judicial Economy Would Not Result From Trying Infringement And Validity To The Jury But Trying Willful Infringement To The Court

In addition to the fact that Lawson's request would violate *e*Plus's Seventh Amendment rights, likewise it would not serve judicial economy or facilitate the resolution of the issues at trial. Indeed, if anything, the request would result in duplication of evidence in the bifurcated proceedings, and increase the number of disputes at trial as to whether certain evidence should be heard by the jury or reserved for the Court's consideration.

### 1.    It is not "wasteful" to have the jury determine willful infringement, regardless of whether it is the Court that determines whether to declare the case exceptional and award attorney fees.

Defendant contends that it is "wasteful" to have the jury determine willfulness, because the Court will determine whether the case is exceptional and award attorney fees pursuant to Section 285. Def's Br. at 16. As set forth *supra,* this is the very process that typically occurs in patent litigation in which willful infringement is alleged and found to have occurred, *viz.,* the jury determines whether the infringement was willful, and the Court determines whether the case is exceptional and whether to award attorney fees. Defendant offers no reason why some special and different rule should apply to adjudicate its infringement. Even accepting *arguendo*

---

[16] Again, these same arguments about Defendant's alleged lack of prior awareness of the patents-in-suit were presented in Defendant's motions *in limine* Nos. 6 and 11, and the Court denied both of those motions.

Defendant's proposition that the sole monetary relief *e*Plus can recover is an award of attorney fees under Section 285, this does not detract from the right to a jury trial.

In addition, while *e*Plus concurs that a finding of willfulness does not "automatically" require an award of attorney's fees, Defendant cannot seriously argue that the two inquiries are irrelevant to one another.  The case law consistently provides that willfulness is a relevant factor (and may itself be a sufficient basis) for an exceptional case finding and award of attorney fees under Section 285.  *See, e.g., Revolution Eyewear, Inc. v. Aspex Eyeware, Inc.,* 563 F.3d 1358, 1372-73 (Fed. Cir. 2009) (stating "[e]xceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, ***such as willful infringement***", and affirming district court's decision denying attorney fees because the patentee neither pleaded nor proved willful infringement) (emphasis added); *nCube Corp. v. Seachange Intern., Inc.,* 436 F.3d 1317, 1325 (Fed. Cir. 2006) (affirming decision to award attorney fees based on jury's willfulness finding and enhancement of damages for willfulness)[17]; *Tate Access Floors, Inc. v. Maxcess Techs., Inc.,* 222 F.3d 958, 972 (Fed. Cir. 2000) ("While a finding of willful infringement does not mandate that damages be increased or that attorneys fees be awarded, after an express finding of willful infringement, a trial court should provide reasons for not increasing a damages award or for not finding a case exceptional for the purpose of awarding attorneys fees.") (internal quotation marks and citations omitted); *Mahurkar v. C.R. Bard, Inc.,* 79 F.3d 1572 (Fed. Cir. 1996) (finding of willful infringement a sufficient basis for classifying case as exceptional for purpose of awarding attorney fees).

> **2.    There is substantial overlap between the issues of willfulness and infringement and invalidity.**

---

[17] Moreover, *nCube* holds that willfulness is determined under a "totality of circumstances" analysis.  *Id.* at 1323-24.  Thus, as set forth *infra,* the issue clearly overlaps with the infringement and validity issues before the jury.

Finally, Defendant contends that there is "no overlap" between the issues of willfulness and infringement and validity.  This bald declaration is easily refuted.

First, Defendant contradicts its own argument, as elsewhere in its brief it expends several pages arguing that adjudication of the willfulness issue entails analysis of the strength of Defendant's invalidity defenses (and, by logical extension, the strength of its non-infringement arguments).  *See, e.g.,* Def's Br. at 5 (arguing "ePlus cannot prove there was an objectively high risk here because Lawson has both legitimate non-infringement defenses and credible invalidity defenses.").  Indeed, even here Defendant ultimately concedes that the willfulness issue in part "depends on the objective strength of the accused infringer's defenses," which, of course, are issues for the jury to determine.  Def's Br. at 18; *see also In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*) ("Accordingly, to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an ***objectively high likelihood that its actions constituted infringement*** of a valid patent.") (emphasis added).[18]

Second, there is complete overlap between the evidence of willfulness and that for induced infringement with respect to Defendant's prior awareness of the patents-in-suit.  Defendant's own interrogatory answers make this clear.

As Defendant has argued throughout this case, induced infringement requires at least some awareness or deliberate indifference by the Defendant of the existence of the patents-in-suit.  Accordingly, Defendant's own interrogatory answer (i) lumps together its defenses to willful infringement and indirect infringement, (ii) makes the above argument about its alleged

---

[18] The Powers/Carlson article that Defendant relies upon states that "[t]he willfulness issues often overlap with other matters that are tried to a jury, such as the closeness of the questions of infringement and invalidity, and the extent of the damages caused by infringement."  Powers & Carlson, 51 Syracuse L. Rev. at 109 (emphasis added).

lack of prior knowledge of the patents-in-suit, and (iii) states, "***Lawson will use the foregoing facts and arguments [set forth with respect to willful infringement] to defend against ePlus' allegations of induced or indirect infringement.***" Ex. C (Def's Supp. Response to Interrog. No. 9) at 9, 12 (emphasis added).  Indeed, Defendant moved for summary judgment of no indirect infringement on this basis, *see* Dkt. No. 240 at 21-24, and ***relied on an interrogatory answer pertaining to willfulness as support for its motion that there was no indirect infringement***.  *Id.* at 4-5.  Defendant's interrogatory answer with respect to willful infringement and indirect infringement further argues (i) that it has several good faith non-infringement arguments, (ii) that Defendant has "very credible invalidity arguments," and (iii) on the basis of these arguments Defendant is guilty of neither willful infringement nor indirect infringement.  Ex. C at 9-12.[19]

Third, as set forth *supra,* the determination of willfulness is required in order for the Court to determine whether it will award attorney fees under Section 285.  Thus, the remedy of Section 285 is inexorably linked with the willfulness determination which, as discussed *supra*, requires a jury trial.

### E.    The Court May Request That The Jury Make Advisory Findings With Respect To Factors Relevant To Injunctive Relief

Defendant presents no argument with respect to the injunction issue, although its motion indicates that it seeks to bar ePlus from "presenting its claims for … injunctive relief to the jury." It is clear that the ultimate decision whether to enter an injunction is for the Court pursuant to Section 283, but there is abundant authority for the Court to request relevant findings from the jury with respect to this issue.  Indeed, the Federal Rules expressly authorize such a practice.

---

[19] Likewise, in the Final Pretrial Order, Defendant's list of factual contentions "for the Court" with respect to willful infringement include the contention that "Lawson has good faith defenses to infringement and validity claims … and has not acted and is not acting despite an objectively high likelihood that its actions constitute infringement of a valid patent."  Dkt. No. 481 (Revised Amended Final Pretrial Order) at 25.

Fed. R. Civ. P. 39(c)(1) ("court … on motion or on its own … may try any issue with an advisory jury"); *Depuy Spine,* 567 F.3d at 1324 (permissible to obtain advisory jury verdict for equitable defense).

Because there is likely to be substantial overlap between the liability issues and the evidence relevant to injunctive relief, presenting such evidence at one time before the jury will serve judicial economy and avoid fractious disputes at trial as to whether certain evidence is relevant only to injunctive relief.  As just one example, evidence pertaining to competition between the parties is likely relevant to injunctive relief, willfulness, and secondary considerations of non-obviousness (invalidity).

## IV.    CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that the Court deny Defendant's attempt to deny *e*Plus its right to a jury trial with respect to willful infringement.  The Court should further reject Defendant's attempt to reopen the Court's prior rulings with respect to excluding evidence of non-final, interim findings from the PTO reexamination proceedings.


Respectfully submitted,

*e*Plus, inc.

By Counsel

November 1, 2010                                                _____/s/_____
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

30

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of November, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SEPARATE BENCH TRIAL ON ISSUES OF WILLFUL INFRINGEMENT AND INJUNCTIVE RELIEF**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

               /s/

Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com