# EXHIBIT A

# AIPLA's Model Patent Jury Instructions

© 2008, American Intellectual Property Law Association

Disclaimer

The Model Jury Instructions are provided as general assistance for the litigation of patent issues. While efforts have been and will be made to ensure that the Model Jury Instructions accurately reflect existing law, this work is not intended to replace the independent research necessary for formulating jury instructions that are best suited to particular facts and legal issues. AIPLA does not represent that the information contained in the Model Jury Instructions is accurate, complete, or current. The work could contain typographical errors or technical inaccuracies, and AIPLA reserves the right to add, change, or delete its contents or any part thereof without notice.

# Table of Contents

Introduction
**Preliminary Jury Instructions**
I.  The Nature of the Action and the Parties
    A.  United States Patents
    B.  Patent Litigation
II. Contentions of the Parties
III. Trial Procedure
Glossary of Patent Terms
Glossary of Technical Terms
**Post-Trial Instructions**
1.  Summary of Patent Issues
Claim Construction
   2.0   Claim Construction – Generally
   2.1   Claim Construction for the Case
   2.2   Construction of Means-Plus-Function Claims for the Case Infringement
3.0   Infringement – Generally
3.1   Direct Infringement – Knowledge of Patent or Intent to Infringe is Immaterial
3.2   Direct Infringement – Literal Infringement
3.3   Inducing Patent Infringement
3.4   Contributory Infringement
3.5   Infringement of Means-Plus-Function Claims
3.6   Infringement of Dependent Claims
3.7   Infringement of Open Ended or "Comprising" Claims
3.8   Infringement by supply of all or a substantial portion of the components of a patented invention to another country (271(f)(1))
3.9   Infringement by supply of components especially made or adopted for use in the patented invention to another country (271(f)(2))
3.10  Infringement by Import, Sale, Offer for Sale or Use of Product Made Outside United States by Patented Process (infringement under 271(g))
3.11  Direct Infringement – Infringement Under The Doctrine Of Equivalents
3.12  Limitations on the Doctrine of Equivalents – Prior Art
3.13  Limitations on the Doctrine of Equivalents – Prosecution History Estoppel
3.14  Limitations on the Doctrine of Equivalents – Subject Matter Dedicated to the Public
4.  Summary of Invalidity Defense
5.  Prior Art Defined
Anticipation
   6.0   Anticipation

81 (Fed. Cir. 1996); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1108-10 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (en banc); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989); *TWM Mfg. Co. v. Dura Corp.*, 789 F.2d 895, 898-900 (Fed. Cir. 1986); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1079 (Fed. Cir. 1983); *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), *modified and aff'd sub nom.*, *Georgia Pacific Corp. v. United States Plywood Champion Papers, Inc.,* 446 F.2d 295 (2d Cir. 1971).

### 12.17  Reasonable Royalty – Timing

Although the relevant date for the hypothetical reasonable royalty negotiation is just before the infringement began, you may consider in your determination of reasonable royalty damages any actual profits by [the Defendant] after that time and any commercial success of the patented invention in the form of sales of the patented or infringing products after that time. You may only consider this information, however, if it was foreseeable at the time that the infringement began.

*Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1446-48 (Fed. Cir. 1990); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1581 (Fed. Cir. 1989); *Fromson v. W. Litho Plate & Supply Co.*, 853 F.2d 1568, 1575-76 (Fed. Cir. 1988), *overruled on other grounds by Knorr-Bremse Systeme Fuer Nutzfahrzeuge v. Dana Corp.,* 383 F.3d 1337, 1342 (Fed. Cir 2004); *Studiengesellschaft Kohle, mbH v. Dart Indus., Inc.*, 862 F.2d 1564, 1571-72 (Fed. Cir. 1988).

### 13.  Willful Infringement

[The following instruction should be given only if the patent owner contends willful infringement]

If you find by a preponderance of the evidence that [the Defendant] infringed [the Plaintiff]'s patent, either literally or under the doctrine of equivalents, then you must further determine if this infringement was willful. Willfulness must be proven by clear and convincing evidence showing that:

1. [The Defendant] was aware of [the Plaintiff]'s patent,

2. [The Defendant] acted despite an objectively high likelihood that its actions infringed a valid patent, and

3. This objectively high likelihood of infringement was either known or so obvious that it should have been known to [the Defendant].

In making the determination as to willfulness, you must consider the totality of the circumstances. The totality of the circumstances comprises a number of factors, which include, but are not limited to whether [the Defendant] intentionally copied the claimed invention or a product covered by [the Plaintiff]'s patent, [whether [the

47


Defendant] relied on competent legal advice[6],] and whether [the Defendant] presented a substantial defense to infringement, including the defense that the patent is invalid [or unenforceable].

*In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc); *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,* 383 F.3d 1337, 1347 (Fed. Cir. 2004) (en banc).

---

[6] This factor, "whether the Defendant relied on competent legal advice," should only be included if the alleged infringer relies on a legal opinion as a defense to an allegation of willful infringement. "[I]t is inappropriate to draw an adverse inference that undisclosed legal advice for which attorney-client privilege is claimed was unfavorable . . . [and] it is [also] inappropriate to draw a similar adverse inference from failure to consult counsel." *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,* 383 F.3d 1337, 1347 (Fed. Cir. 2004) (en banc).

48

# THE FEDERAL CIRCUIT BAR ASSOCIATION

# MODEL PATENT JURY INSTRUCTIONS

Last Edited:  November 12, 2009
© Federal Circuit Bar Association 2009

1913291v13

**B.3**   ***Infringement***

### 3.8   WILLFUL INFRINGEMENT

[This instruction should be given only if willfulness is in issue.]

In this case, [patent holder] argues both that [alleged infringer] infringed and, further, that [alleged infringer] infringed willfully.  If you have decided that [alleged infringer] has infringed, you must go on and address the additional issue of whether or not this infringement was willful.  Willfulness requires you to determine by clear and convincing evidence that [alleged infringer] acted recklessly.  To prove that [alleged infringer] acted willfully, [patent holder] must prove two things by clear and convincing evidence: First, that there was a high likelihood that [alleged infringer]'s actions infringed a valid patent.  In making this determination, you may not consider [alleged infringer]'s state of mind, but you may take into account the normal standards of commerce.  Second, if you find this threshold is satisfied, you must also find by clear and convincing evidence that this objectively defined risk was either known or so obvious that it should have been known to [alleged infringer].

To do this, you must consider all of the facts, which may include but are not limited to:

(1)   Whether or not [alleged infringer] intentionally copied a product of [patent holder] that is covered by the [ ] patent;

(2)   Whether or not there is a reasonable basis to believe that [alleged infringer] did not infringe or had a reasonable defense to infringement;

(3)   Whether or not [alleged infringer] made a good-faith effort to avoid infringing the [ ] patent, for example, whether [alleged infringer] attempted to design around the [ ] patent; [and]

(4)   Whether or not [alleged infringer] tried to cover up its infringement[./; and]

45

(5) [Give this instruction only if [alleged infringer] relies upon an opinion of counsel as a defense to an allegation of willful infringement:

[Alleged infringer] argues it did not act recklessly because it relied on a legal opinion that advised [alleged infringer] either (1) that the [product] [method] did not infringe the [ ] patent or (2) that the [ ] patent was invalid [or unenforceable].  You must evaluate whether the opinion was of a quality that reliance on its conclusions was reasonable.]

Authorities

35 U.S.C. § 284; *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (standard for finding willfulness); *Knorr-Bremse v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004) (en banc) (opinion of counsel defense); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1346 (Fed. Cir. 2001) (burden of proof for willfulness); *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1354 (Fed. Cir. 1999) (knowledge of the patent necessary to show willfulness); *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) (identifying factors that may show willfulness); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990) (history of Federal Circuit decisions on willfulness).

Committee Comments: Some other pattern jury instructions decline to provide a list of nonexhaustive considerations, *see, e.g.*, Seventh Circuit, 2008 Patent Jury Instructions, at 11.2.14, on the theory that the factors are better left to attorney argument or may mislead a jury to believe other factors should not be considered.  (www.ca7.uscourts.gov/Pattern-Jury-Instr.)  Appropriate factors for the jury's consideration may be tailored to each case, or may be omitted.