# EXHIBIT B

# CHISUM ON PATENTS

*A Treatise on the Law of Patentability,*
*Validity and Infringement*

## VOLUME 7

**DONALD S. CHISUM**

Seattle, Washington, USA

http://www.chisum.com

 LexisNexis·

[vii]   **Procedure; Jury Trials; Discretion to Enhance Damages.** Before the creation of the Federal Circuit, most decisions postponed the critical factual determinations as to willfulness and the amount of the appropriate increase until after the accounting for the actual damages was completed.[368.433] However, if the evidence in

United States unless it first obtained a license. . . . Although [the infringer] had already been infringing on the '015 patent, [the infringer] concealed its ongoing infringement and gave [the patent owner] the assurances it sought in an effort to induce [the patent owner] to rebuild the machine."; PATENT OWNER: INFRINGER FAILED TO PRESERVE RECORDS AFTER LITIGATION COMMENCED? the patent owner "also notes in further support of its argument that after this litigation commenced, [the infringer] failed to preserve records for the time period between 1999 and 2000, when [the infringer] began its infringement."; INFRINGER: NO "CONCEALMENT" UNDER *READ* FACTOR NINE IF PRODUCT "SOLD OPENLY?" the infringer "does not dispute any of the facts asserted by [the patent owner]. Rather, it responds that there can be no concealment as contemplated by this ninth *Read* factor if a product is 'sold openly,' as it alleges was done in this case."; CASES: *CHURCH & DWIGHT*; *FLOE INT'L* (2006); *NEXMED HOLDINGS* (2006): the infringer "cites [*Church & Dwight Co. v. Abbott Labs.*, 2008 U.S. Dist. LEXIS 49588 (D. N.J. 2003)], *Floe Int'l Inc. v. Newmans Manufacturing*, 2006 U.S. Dist. LEXIS 59872 (D. Minn. Aug. 23, 2006), and *Nexmed Holdings, Inc. v. Block Investment, Inc.*, 2006 U.S. Dist. LEXIS 45900 (D. Utah Jul. 6, 2006)."; PRIOR CASES: CONSUMER PRODUCTS ADVERTISED AND SOLD OPENLY: "unlike the present case, the infringing products in each of these cases were consumer products advertised and sold openly in retail stores."; HERE, COMPONENT HIDDEN IN MOTOR: "In contrast, . . . the infringing product in this case was a component of a motor that was 'hidden inside of the motor, which was hidden inside of a pump, which was hidden inside of a gas tank, which was hidden inside of an automobile.' "; "Thus, the Court finds that [the infringer's] argument that it cannot be deemed to have concealed its infringement because the infringing product was 'openly sold' is utterly without merit. The Court finds that this ninth *Read* factor weighs in favor of enhanced damages."); Funai Electric Co., Ltd. v. Daewoo Electronics Corp., 593 F. Supp. 2d 1088, 2009 U.S. Dist. LEXIS 1618 (N.D. Calif. 2009) (WITHHOLDING OR DESTROYING EVIDENCE; ALREADY SANCTIONED: the patent owner argues that the infringer "used its corporate reorganization to withhold and/or destroy relevant evidence in this case, as evidenced by the multiple awards of sanctions against [the infringer] on the basis of discovery conduct. While [the infringer] has been subject to sanctions on more than one occasion, this does not provide a sufficient basis for concluding that it actually concealed and/or destroyed relevant evidence. The Court finds that this factor does not favor an award of enhanced damages."); Baden Sports, Inc. v. Kabushiki Kaisha Molten, 2007 U.S. Dist. LEXIS 70776 (W.D. Wash. 2007) (FAILURE TO PROVE DESIGN CHANGE AT TRIAL: the patent owner "points to no evidence that [the infringer] intended to conceal its infringement; instead, [the patent owner] points to the fact that [the infringers] failed to prove their design change at trial. But [the accused infringer] had no incentive to prove its design change at trial because [the patent owner] was not alleging infringement of the new design. Because [the patent owner] has not shown an attempt to conceal, this factor does not benefit Baden.").

**368.433** E-I-M Co. v. Philadelphia Gear Works, Inc., 223 F.2d 36, 42, 105 USPQ 402 (5th Cir. 1955), *cert. denied*, 350 U.S. 933 (1956) (BETTER PRACTICE; DELAY FINDING UNTIL AFTER ACCOUNTING: "we think the better practice in all infringement cases, whether initiated by contempt proceedings or otherwise, is to delay such finding until final judgment, and after an accounting has been had, since only then can the full nature and extent of the infringement be disclosed and a fully enlightened determination made as to whether a punitive award is justified."); Pyle Nat. Co. v. Lewin, 92 F.2d 628, 35 USPQ 40 (7th Cir. 1937); Pollock v. Martin Gauge Co., 261 F. 201 (7th Cir. 1919).

For district court decisions, see Tyler Refrigeration Corp. v. Kysor Industrial Corp., 601 F. Supp. 590, 607, 225 USPQ 492, 505 (D. Del. 1985), *aff'd*, 777 F.2d 687, 227 USPQ 845 ("[T]he court could make an immediate finding whether or not the infringement . . . was willful or that this case was exceptional . . . The Court, nevertheless, is of the opinion that any [such findings] should await until the damage phase of this case has been completed . . . [T]he Court desires to consider the evidence of the full nature

the trial on validity or infringement provided an adequate basis for such a determination, the courts deemed it appropriate to make an immediate finding as to willfulness.[368.434]

If trial is by jury, the courts deemed the jury's function to be to determine actual damages only, and its determination of willfulness was only advisory to the trial judge.[368.435]

---

and extent of infringement before determining willfulness . . . [and] to give the parties an opportunity to agree, if possible, on the amount and type of damages before the damage trial phase."); Union Carbide Corp. v. Dow Chem. Co., 213 USPQ 128 (S.D. Tex. 1981), *aff'd*, 682 F.2d 1136, 217 USPQ 1195 (5th Cir. 1982); Solex Lab., Inc. v. Graham, 165 F. Supp. 428, 438, 118 USPQ 438 (S.D. Calif. 1958); Collins v. Kraft, 144 F. Supp. 162, 168, 110 USPQ 343 (D. Md. 1956); Anchor Hocking Glass Corp. v. White Cap Co., 47 F. Supp. 451, 55 USPQ 139 (D. Del. 1942).

[368.434] See Wilden Pump & Engineering Co. v. Pressed & Welded Prod. Co., 655 F.2d 984, 989, 213 USPQ 282 (9th Cir. 1981) (appeal from findings of validity, infringement, and wilfulness prior to accounting: "where the district court's factual findings relating to the legal conclusion that there has been willful infringement are left for fuller articulation and determination at the time of accounting, it is proper to refrain from reviewing the issue. . . . But where the court has found that the infringement was willful, deliberate and wanton and has fully explicated its factual findings in that regard, under the clearly erroneous standard review is appropriate at this stage of the proceedings."); International Mfg. Co. v. Landon, Inc., 336 F.2d 723, 728, 142 USPQ 421 (9th Cir. 1964), *cert. denied*, 379 U.S. 988 (1965) (willfulness determined prior to accounting); Copease Mfg. Co. v. American Photocopy Equip. Co., 298 F.2d 772, 783–84, 132 USPQ 87 (7th Cir. 1961) ("A determination as to wilfulness enters into the fixing of liability upon which a claim for treble damages for infringement is based. A proceeding for accounting is one of the methods provided by law for the subsequent enforcing of the provisions of such a judgment. We are convinced that the evidence in the record was sufficient to sustain the court's finding . . . as to wilful and wanton conduct . . . The matters encompassed thereby were properly settled before the taking of an accounting.").

For district court decisions, see State Indus., Inc. v. A.O. Smith Corp., 221 USPQ 958 (M.D. Tenn. 1983), *rev'd*, 751 F.2d 1226, 224 USPQ 418 (Fed. Cir. 1985); Codex Corp. v. Milgo Electronics Corp., 541 F. Supp. 1198, 217 USPQ 878 (D. Mass. 1982), *aff'd*, 717 F.2d 622, 219 USPQ 499 (1st Cir. 1983) (no denial of due process in finding case "exceptional" for attorney fee provisions without holding separate evidentiary hearing); Lang v. Prescon Corp., 545 F. Supp. 933, 217 USPQ 839 (D. Del. 1982); General Battery Corp. v. Gould, Inc., 545 F. Supp. 731, 215 USPQ 1007 (D. Del. 1982); McCulloch Motors Corp. v. Oregon Saw Chain Corp., 245 F. Supp. 851, 856–57, 147 USPQ 175 (S.D. Calif. 1963) (defining and determining willfulness but noting that "What the damages will be and what percentage should be added will have to wait until the question of damages is tried . . .").

[368.435] Yoder Bros., Inc. v. California-Florida Plant Corp., 537 F.2d 1347, 1383–84, 193 USPQ 264 (5th Cir. 1976), *cert. denied*, 429 U.S. 1094 (1977) ("The jury's finding that the infringement was willful was advisory only. *See White v. Mar-Bel, Inc., supra*, 509 F.2d at 292."); White v. Mar-Bel, Inc., 509 F.2d 287, 292, 185 USPQ 129 (5th Cir. 1975) ("With regard to the conditional rulings of the district court as to treble damages and attorney's fees, the jury's finding that defendants willfully infringed and therefore that the compensatory damages should be trebled is advisory only. 35 U.S.C.A. § 284; 8 Walker on Patents, § 757 (Deller's 2d Ed. 1973).").

**Contra:** Hammerquist v. Clarke's Sheet Metal, Inc., 658 F.2d 1319, 1325–26, 212 USPQ 481 (9th Cir. 1981), *modified sub nom.* Sarkisian v. Winn-Proof Corp., 688 F.2d 647 (9th Cir. 1982) ("because willful infringement involves a mental state peculiarly in the realm of jury judgment. . . ."); Creative Cookware, Inc. v. Northland Aluminum Prod., Inc., 678 F.2d 746, 217 USPQ 27 (8th Cir. 1982); Norfin, Inc. v. International Business Mach. Corp., 625 F.2d 357, 366, 207 USPQ 737 (10th Cir. 1980) ("a jury's finding of willful and deliberate infringement must stand, unless determined to be clearly erroneous.").

The Federal Circuit took a different approach to the issue of willfulness and damages enhanced in proceedings in which a party requests a jury trial.[368.436]

In *Shiley, Inc. v. Bentley Laboratories, Inc.* (1986),[368.437] the Federal Circuit

Cf. Tull v. United States, 481 U.S. 412, 427 (1987) (DISCRETIONARY DETERMINATION OF CIVIL PENALTY: the *Seventh Amendment* right to trial by jury in actions at law does not apply to discretionary determination of the amount of a civil penalty for violation of the Clean Water Act: "Since Congress itself may fix the civil penalties, it may delegate that determination to trial judges. In this case, highly discretionary calculations that take into account multiple factors are necessary in order to set civil penalties under the Clean Water Act. These are the kinds of calculations traditionally performed by judges."); Day v. Woodworth, 54 U.S. (13 How.) 363 (1851), discussed above.

For district court decisions, see Procter & Gamble Co. v. Weyerhaeuser Co., 227 USPQ 786 (N.D. Ill. 1985); Shiley, Inc. v. Bentley Laboratories, Inc., 601 F. Supp. 964, 967, 225 USPQ 1013, 1015 (C.D. Calif. 1985), *aff'd*, 794 F.2d 1561, 230 USPQ 112 (Fed. Cir. 1986) ("the jury's verdict on the issue of willful infringement is advisory only"); Slater Electric, Inc. v. Indian Head, Inc., 223 USPQ 729, 730 (S.D. N.Y. 1983) ("Given that an award of treble damages is a discretionary decision reserved for judicial rather than jury determination, plaintiff's constitutional concerns [over separate trials on liability and damages] are unwarranted."); Smith v. Alyeska Pipeline Service Co., 538 F. Supp. 977, 218 USPQ 468, (D. Del. 1982), *aff'd*, 758 F.2d 668 (Fed. Cir. 1984); Pate Co. v. RPS Corp., 212 USPQ 620 (N.D. Ill. 1981), *rev'd on other grounds*, 685 F.2d 1019, 216 USPQ 571 (7th Cir. 1982) ("the question of whether a plaintiff's patent infringement damages should be increased, and the amount of any such increase, is addressed to the sound discretion of the trial court, and . . . a trebling of damages is not mandated simply because the defendants' infringement was found by the jury to have been willful and wanton."); Analytical Controls v. American Hospital Supply Corp., 518 F. Supp. 896, 217 USPQ 1004 (S.D. Ind. 1981); Stuart v. Collins, 208 USPQ 657 (S.D. N.Y. 1980) (power to increase monetary damages under Lanham Trademark Act resides with judge, not jury).

Compare Antonious v. Progroup, Inc., 216 USPQ 706 (E.D. Tenn. 1982), *aff'd on other grounds*, 699 F.2d 337, 217 USPQ 875 (6th Cir. 1983).

[368.436] See generally Pegram, "The Willful Patent Infringement Dilemma and the 7th Amendment," 86 J. Pat. & Trademark Off. Soc'y 271 (2004); Herda, "Willful Patent Infringement and the Right to a Jury Trial," 9 Texas Wesleyan L. Rev. 181 (2003); Note, "Enhanced Damages for Willful Patent Infringement—An Issue for Judge or Jury?," 33 U.S.F. L. Rev. 435 (1999).

[368.437] Shiley, Inc. v. Bentley Laboratories, Inc., 794 F.2d 1561, 230 USPQ 112 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1087 (1987).

See also Metabolite Laboratories, Inc. v. Laboratory Corporation of America Holdings, 370 F.3d 1354, 1359–60, 71 USPQ2d 1081 (Fed. Cir. 2004) (BREYER, Stevens & Souter, dissenting) ("Whether infringement was willful is a question of fact that this court reviews for substantial evidence."; "This court reviews an award of enhanced damages . . . for abuse of discretion."); Comark Communications, Inc. v. Harris Corp., 156 F.3d 1182, 1190, 48 USPQ2d 1001, 1008 (Fed. Cir. 1998), discussed § 20.03[4][b][v][D] ("Whether infringement is willful is a question of fact, and must be established by clear and convincing evidence. . . . This court therefore reviews a jury's finding of willful infringement to determine if there is substantial evidence to support that finding. . . . [The infringer's] burden to show that '[n]o reasonable juror could find the asserted proof of willfulness rose to the quantum of clear and convincing evidence,' . . . is a heavy one."); Johns Hopkins University v. CellPro Inc., 152 F.3d 1342, 1354, 47 USPQ2d 1705, 1713 (Fed. Cir. 1998) ("Whether infringement was willful is a question of fact, and we will not reverse a jury determination on this issue unless it was unsupported by substantial evidence. . . . A district court's decision to enhance damages for willful infringement and the extent of the enhancement is reviewed for an abuse of discretion."); Hoechst Celanese Corp. v. BP Chemicals Ltd., 78 F.3d 1575, 1583, 38 USPQ2d 1126, 1132 (Fed. Cir. 1996), *cert. denied*, 519 U.S. 911 (1996) ("The issue of willfulness of wrongdoing is a question of fact, and was presented to the jury for decision. On

*(Text continued on page 20-460.142)*

appellate review of the jury verdict, if there was substantial evidence in support of the verdict it is not subject to reversal on appeal."); National Presto Industries, Inc. v. West Bend Co., 76 F.3d 1185, 1192–93, 37 USPQ2d 1685, 1690 (Fed. Cir. 1996) (the infringer's argument that "the question of willful infringement is 'equitable' and should not have been given to the jury, and therefore requires our *de novo* review or remand to the district court for determination" lacks merit; "Liability for willfulness of infringement turns on considerations of intent, state of mind, and culpability. We need not belabor that these are questions of fact."; "Whether the infringer had a reasonable belief that the accused activity did not violate the law is a question of fact . . . as are other questions relevant to the issue of willfulness. Although fairness as between patentee and infringer is a consideration in the determination of whether illegal behavior warrants an enhanced penalty, the question does not thereby become 'equitable.' The issue of willful infringement remains with the trier of fact."); Read Corp. v. Portec, Inc., 970 F.2d 816, 826, 23 USPQ2d 1426, 1435 (Fed. Cir. 1992) ("An award of enhanced damages for infringement, as well as the extent of the enhancement, is committed to the discretion of the trial court."); Jurgens v. McKasy, 927 F.2d 1552, 1562, 18 USPQ2d 1031, 1039 (Fed. Cir. 1991), *cert. denied*, 502 U.S. 902 (1991) ("If patent infringement is willful, as the jury found here, increased damages may be awarded at the discretion of the trial judge . . . . In deciding whether to increase damages, the court must consider all of the circumstances of the case."); Richardson v. Suzuki Motor Co., Ltd., 868 F.2d 1226, 1250, 9 USPQ2d 1913, 1932 (Fed. Cir. 1989), *cert. denied*, 493 U.S. 853 (1989) (the district court erred in refusing to submit the issue of the willfulness of the infringement to the jury; "Willfulness of behavior is a classical jury question of intent.").

For district court decisions, see Patent Holding Co. v. TG (USA) Corp., 46 USPQ2d 1566, 1567 (E.D. Mich. 1998) ("While the court retains the right to determine the amount of enhanced damages if willful infringement is found, the issue of willfulness is a question of fact for the jury and not one of law."); Mars Inc. v. Conlux USA Corp., 818 F. Supp. 707, 719, 28 USPQ2d 1161, 1170–71 (D. Del. 1993), *aff'd*,16 F.3d 421 (Fed. Cir. 1993) (unpublished) (no error in refusing to give the patentee's suggested instruction on willfulness to the jury, which reiterated case law requirement that a person "has an affirmative duty of care to respect" patent rights; the court "instructed the jury to look to [the infringer's] intent in the context of the totality of the circumstances, including the information available to it and whether or not it had a reasonable basis to believe it had a defense to a claim of infringement. . . . In this case, the instruction proposed by [the patentee] would have told the jury that once [the infringer] was aware of [the patent], it had an affirmative duty of care to respect [the patentee's] rights and that this duty required it to obtain competent legal advice from an attorney before engaging or continuing in any potentially infringing activity. There is some case law that suggests this instruction may not be correct. . . . *See, e.g.,* Avia Group Intern. Inc. v. L.A. Gear California, 853 F.2d 1557 [7 USPQ2d 1548] (Fed. Cir. 1988) (defendant's failure to obtain legal advice is not determinative, rather it is one factor supporting a finding of willfulness.) In addition, the instruction given by the Court avoided two problems presented by the instruction offered by [the patentee]. It avoided the suggestion that a decision of willfulness should turn on any one fact or factor (a requirement that a party obtain legal advice) rather than the totality of circumstances. It avoided the use of the term 'duty' and the risk of suggesting to the jury that there was a shifting of the burden of proof. In this context, it may be better to provide the jury with relatively simple and straightforward instruction that fairly describes the principles at work and the issue to be resolved, rather than attempt to modify and tailor the instruction to include a summary statement of rules culled from opinions where courts have applied these principles to particular facts and circumstances."); *In re* Hayes Microcomputer Products Inc., 766 F. Supp. 818, 20 USPQ2d 1836 (N.D. Calif. 1991), *aff'd*, 982 F.2d 1527, 25 USPQ2d 1241 (Fed. Cir. 1992); Brooktree Corp. v. Advanced Micro Devices Inc., 757 F. Supp. 1088, 18 USPQ2d 1692 (N.D. Calif. 1990), *aff'd*, 977 F.2d 1555, 24 USPQ2d 1401 (Fed. Cir. 1992); Howes v. Medical Components Inc., 16 USPQ2d 1671, 1672 (E.D. Pa. 1990) ("Where a jury has expressly found willful infringement, it is neither appropriate nor necessary for the court to make its own finding on willful infringement in order to exercise its statutory discretion to award increased damages . . . ."); Nunes v. Bishop Aviation Inc., 703 F. Supp. 774, 776, 8 USPQ2d 1783, 1786 (W.D. Ark. 1988), *further proceedings*,703 F. Supp. 777, 10 USPQ2d 1313 (W.D. Ark. 1988) ("A finding of willful

indicated that a judge's discretion relates to whether and in what amount damages should be increased given a jury finding of willfulness. The jury's actual finding on willfulness should be overturned only under the normal standards for a judgment notwithstanding the verdict (JNOV).

> "All fact findings of a jury are non-advisory, unless made in an area expressly removed from jury verdict. The first sentence of § 284 deals with actual damages, which, if not found by the jury, must be found by the court. The second sentence deals with increasing damages, which is assigned to the court, whether the facts of willful infringement justifying an increase are found by a jury, or by a court in a non-jury trial. Thus, if a jury finding of willful infringement is not overturned on a motion for JNOV, the court has discretion to award increased damages on the basis of the jury's finding; if the jury finding is that willful infringement did not occur and that finding is not overturned on a motion for JNOV, no basis for assessing increased damages for willful infringement exists; if the jury finding is that willful infringement did not occur, and the court does overturn that finding on a motion for JNOV because no reasonable jury could on all the facts find an absence of willful infringement, the court may increase damages within its discretion under § 284."[368.438]

In *Modine Manufacturing Co. v. Allen Group, Inc.* (1990),[368.439] the Federal Circuit

---

infringement is a finding of fact and as such is clearly within the decisional domain of the jury. The jury, as the traditional finder of fact, has the function of weighing conflicting evidence and inferences.").

Compare Laitram Corp. v. Hewlett-Packard Co., 22 USPQ2d 1597, 1600 (E.D. La. 1992) ("the issue of whether a defendant is liable for increased damages because it willfully infringed a patent is determined by the judge and not the jury"); Avia Group International Inc. v. Nike Inc., 22 USPQ2d 1475, 1477 (D. Ore. 1991) ("there is no constitutional right to a jury trial on issues under . . . § 284").

[368.438] 794 F.2d at 1568, 230 USPQ at 115.

See § 20.03[4][b][v][I].

The court failed to address whether a trial judge who disagrees with the jury finding of willfulness but cannot under JNOV standards overturn that finding may nevertheless take his or her views on willfulness into account in exercising his or her discretion to increase damages and, if so, by what amount. This issue arose in *Jurgens* and in subsequent decisions, discussed below.

Cf. Modine Manufacturing Co. v. Allen Group Inc., 14 USPQ2d 1210, 1217 (N.D. Calif. 1989), *aff'd*, 917 F.2d 538, 16 USPQ2d 1622 (Fed. Cir. 1990) ("Because the issue of patentability was close and litigated in good faith, . . . this Court exercises its complete discretion and DENIES the patentee's] motion for increased damages, despite the finding of willful infringement.").

See also THK America Inc. v. Nippon Seiko K.K., 21 USPQ2d 1705, 1707 (N.D. Ill. 1991) (if an action involves willful infringement, "the damages jury must hear the evidence on liability as well as on damages"); Oiness v. Walgreen Co., 774 F. Supp. 1277, 1283, 21 USPQ2d 1654, 1658 (D. Colo. 1991), *aff'd in part, vacated in part*, 980 F.2d 742, 26 USPQ2d 1548 (Fed. Cir. 1992) (unpublished), *cert. denied*, 507 U.S. 1032 (1993), *further appeal*, 88 F.3d 1025, 39 USPQ2d 1304 (Fed. Cir. 1996), *cert. denied*, 519 U.S. 1112 (1997) ("A jury's finding of willful infringement must stand unless it is clearly erroneous.").

[368.439] Modine Manufacturing Co. v. Allen Group, Inc., 917 F.2d 538, 16 USPQ2d 1622 (Fed. Cir. 1990), *cert. denied*, 500 U.S. 918 (1991).

See also Riles v. Shell Exploration & Production, 298 F.3d 1302, 1314, 63 USPQ2d 1819 (Fed. Cir. 2002) (a district court did not abuse its discretion in denying enhanced damages despite a jury finding of

**20-460.143**                    **REMEDIES**                    **§ 20.03[4][b][vii]**

*(Text continued on page 20-460.144)*

willful infringement of a patent and evidence that the accused infringer copied the patent; *CYBOR* (1998): "A finding of willfulness does not mandate enhanced damages. *Cybor Corp.[ v. FAS Techs., Inc.,* 138 F.3d 1448, 1461, 46 USPQ2d 1169 (Fed. Cir. 1998) (en banc)]."; *READ CORP.* (1992): EGREGIOUS-NESS OF CONDUCT BASED ON ALL FACTS AND CIRCUMSTANCES: "Rather, '[t]he paramount determination [for enhanced damages] . . . is the egregiousness of the defendant's conduct based on all the facts and circumstances.' *Read Corp. v. Portec, Inc.,* 970 F.2d 816, 826, 23 USPQ2d 1426, 1435 (Fed. Cir. 1992)."; COPYING; CLOSE QUESTIONS ON ISSUES OF INFRINGEMENT, DAMAGES, WILLFULNESS: "Despite record evidence that [the accused infringer] copied the . . . patent, the district court found that the issues of infringement, damages, and willfulness were close questions."; HARD-FOUGHT. "It further noted that the case was hard-fought, and that the jury could have found for [the infringer] on the infringement and willfulness issues and could have awarded substantially less damages."; LITIGATION BEHAVIOR: "In addition, the trial court weighed [the infringer's] litigation behavior and found no reason for an award of enhanced damages."; BALANCING ALL FACTORS: "Hence, after balancing all of the factors, the court concluded that [the patent owner] should not recover enhanced damages."; NO ABUSE OF DISCRETION: "The district court did not abuse its discretion in denying [the patent owner] enhanced damages."); Transclean Corp. v. Bridgewood Services, Inc., 290 F.3d 1364, 1377–78, 62 USPQ2d 1865 (Fed. Cir. 2002) (citing *Modine Manufacturing*; a district court did not abuse its discretion by refusing to enhance damages despite a jury finding of willful infringement; "Enhancement of damages under 35 U.S.C. § 284 involves the fact-finder determining that the infringer engaged in culpable conduct and the court exercising its discretion to determine whether and to what extent to enhance the damages. *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1570, 38 USPQ2d 1397, 1399 (Fed. Cir. 1996)."; *READ FACTORS*. "The jury's finding of willfulness satisfies the first step, . . . and is also one of the factors the court assesses in performing the second step, *see* [*Read Corp. v. Portec, Inc.*, 970 F.2d, 816, 827, 23 USPQ2d 1426, 1435 (Fed. Cir. 1992)]. However, there are other factors relevant to the second step. *See id.* (listing as factors: (1) deliberate copying; (2) infringer's investigation and good-faith belief of invalidity or non-infringement; (3) litigation conduct; (4) infringer's size and financial condition; (5) closeness of the case; (6) duration of the misconduct; (7) remedial action by the infringer; (8) infringer's motivation for harm; and (9) concealment)."); Brooktree Corp. v. Advanced Micro Devices, Inc., 977 F.2d 1555, 1581, 24 USPQ2d 1401, 1420 (Fed. Cir. 1992) ("In exercising its discretion the trial court may consider the weight of the evidence of willfulness. The court thus considers the culpability of the infringer with due attention to any circumstances in mitigation, the closeness of the question, and any other factors pertinent to the award, in that case, of exemplary damages."; the patentee's "charge of willfulness was based on evidence that [the infringer] continued to produce and sell its infringing products after being notified of the issuance of each of [the] patents . . . and the absence of any evidence of a good faith belief by [the infringer] of patent invalidity or non-infringement. No written opinion of counsel on either invalidity or noninfringement of . . . the . . . patents was offered by [the infringer]."; the infringer "pointed out that none of the . . . patents had issued at the time that [its] challenged activities began, or at the time the lawsuit was filed . . . [It] states that it was unaware of the issuance of these patents until it was charged with infringement thereof, by amended complaint."; "The district court observed that although there was sufficient evidence of willfulness to sustain the jury verdict, 'the evidence supporting the jury's finding was not as strong as it could have been, and is not of the weight and strength that would support the imposition of enhanced damages.' ").

For a district court decision, see Smith Corona Corp. v. Pelikan, Inc., 784 F. Supp. 452, 479 (M.D. Tenn. 1992) ("while the issue of willful infringement is an issue of liability to be proved by clear and convincing evidence, the proper focus for a district court on the issue of increased damages is whether the goal of deterring future offenders is served or frustrated by such an award."; "while the award of treble damages is punitive in nature and designed 'to deter willful patent infringement,' . . . it is not mandatory. Rather, the decision to increase damages, and by what amount, is entirely within the discretion of the trial court, subject only to a clear showing of abuse of such discretion. . . . Further, '[i]n deciding whether to increase damages, the court must consider all of the circumstances of the case.' . . . The Federal Circuit has provided some guidance with regard to the consideration of the totality of the case. In

held that the district court did not abuse its discretion by refusing to award increased damages even though the jury found willful infringement by clear and convincing evidence: "a finding of willful infringement merely *authorizes*, but does not *mandate*, an award of increased damages."[368.440] The district court "carefully considered the

---

particular, a district court should consider: (1) whether an award of treble damages would 'thwart efforts to challenge the validity of patents believed in good faith to be invalid,' . . .; (2) whether the issue of willfulness was ' "sufficiently close on the evidence" that enhanced damages [are] not warranted,' . . .; and (3) whether an award of treble damages would further the purposes of punishment and deterrence, when considering the conduct of the willful infringer.").

**368.440** 917 F.2d at 543, 16 USPQ2d at 1625.

See also Union Carbide Chemicals & Plastics Technology Corp. v. Shell Oil Co., 425 F.3d 1366, 1372 (Fed. Cir. 2005)Overruled in part by ("The trial judge has discretion to increase damages for exceptional cases; hence, a district court's refusal to award increased damages will not be overturned absent an abuse of that discretion. *Modine Mfg. v. Allen Group, Inc.*, 917 F.2d 538, 543 (Fed. Cir. 1990)."); Group One Ltd. v. Hallmark Cards, Inc., 407 F.3d 1297, 1308 (Fed. Cir. 2005) (JURY FINDING OF WILLFUL-NESS; DISCRETION TO AWARD (OR NOT) ENHANCED DAMAGES. "[A] district court has discretion to award, or not to award, enhanced damages and attorney fees based upon a jury finding of willfulness."; "A jury 'finding of willful infringement merely *authorizes*, but does not *mandate*, an award of increased damages.' *Modine Mfg. Co. v. Allen Group, Inc., 917 F.2d 538, 543 (Fed. Cir. 1990)* (emphases in original)."; "A court may award attorney fees and not enhanced damages, or vice versa. *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1573 n. 4 (Fed. Cir. 1996)."); MercExchange, L.L.C. v. eBay, Inc., 401 F.3d 1323 (Fed. Cir. 2005) (REFUSAL TO ENHANCE DAMAGES DESPITE JURY FINDING OF WILLFUL INFRINGEMENT: a district court upheld a jury verdict that patents were infringed and not invalid; despite a jury finding that the infringement was willful, the district court declined to enhance damages or award attorney fees; the district court properly applied the "*Read* factors" and did not abuse its discretion."); Electro Scientific Industries, Inc. v. General Scanning Inc., 247 F.3d 1341, 1353–54, 58 USPQ2d 1498 (Fed. Cir. 2001) ("A finding of willfulness does not mandate enhanced damages. . . . Rather, '[t]he paramount determination [for enhanced damages] . . . is the egregiousness of the defendant's conduct based on all the facts and circumstances.' *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826, 23 USPQ2d 1426, 1435 (Fed. Cir. 1992). Thus, the district court retains discretion to enhance damages."; "Based on the totality of evidence on the present record and the deferential standard of review, this court finds that the district court did not abuse its discretion in denying [the patent owner] enhanced damages and attorney fees."); Tate Access Floors, Inc. v. Maxcess Technologies, Inc., 222 F.3d 958, 964, 55 USPQ2d 1513, 1516 (Fed. Cir. 2000) ("[W]e review a district court's denial of a motion for increased damages under 35 U.S.C. § 284 for abuse of discretion."); Odetics Inc. v. Storage Technology Corp., 185 F.3d 1259, 1274, 51 USPQ2d 1225, 1235 (Fed. Cir. 1999) ("The law is clear that while willful infringement may allow enhanced damages, such a finding does not compel the district court to grant them. . . . Instead, the decision to grant or deny enhanced damages remains firmly within the scope of the district court's reasoned discretion, informed by the totality of the circumstances.. . . . We review, then, the denial of enhanced damages for abuse of discretion."); Jurgens v. CBK, Ltd., 80 F.3d 1566, 1570, 38 USPQ2d 1397, 1399 (Fed. Cir. 1996), discussed below ("Absent statutory instructions, we have interpreted the increased damages part of section 284 as requiring a two step process. . . . First, the fact-finder must determine whether an infringer is guilty of conduct upon which increased damages may be based. If so, the court then determines, exercising its sound discretion, whether, and to what extent, to increase the damages award given the totality of the circumstances.").

Cf. *In re* Hayes Microcomputer Products Inc. Patent Litigation, 982 F.2d 1527, 25 USPQ2d 1241, 1255 (Fed. Cir. 1992) (in granting a stay of injunction pending appeal, the district court permitted the infringer to continue selling its modems on payment of a 1.75% royalty into escrow. It awarded double damages but did not enhance damages during the appeal's pendency: "Although . . . it seems somewhat illogical to have awarded Hayes double damages prior to the filing of the appeal, but fail to do so during the appeal,

finding of willful infringement in light of the deterrent function of enhanced damages in reaching [its] determination that enhanced damages were not appropriate to this particular case."[368.441]

_____

we cannot say that the court abused its discretion. . . . Apparently, although not clearly stated, the district court did consider enhancement of the interim royalty. . . . [T]he enhanced damages that were granted along with the attorney fee award appear to be all that the court intended to serve as a penalty and deterrent.").

[368.441] 917 F.2d at 543, 16 USPQ2d at 1626.

See also Delta-X Corp. v. Baker Hughes Production Tools, Inc., 984 F.2d 410, 414, 25 USPQ2d 1447, 1450 (Fed. Cir. 1993) (the district court did not abuse its discretion in denying enhanced damages even though the jury found willful infringement and the infringer failed to properly challenge that finding with a directed verdict motion; "The district court thoroughly considered a variety of factors . . . [It] noted that the trial record showed no copying of [the patentee's] patent by [the infringer] and no intentional infringement of the . . . patent. Moreover the record showed that [the infringer] in good faith concluded that its device did not infringe. [The infringer] also mounted a substantial challenge to infringement. Finally, the district court afforded little weight to that portion of [the patentee's] testimony on willfulness that was based on recollections of a conversation with an unidentified person. Although [the infringer] did not obtain an opinion of counsel about the likelihood of infringement, the district court . . . correctly noted that failure to obtain legal advice does not mandate a finding of willfulness or bad faith.").

Compare Jurgens v. CBK, Ltd., 80 F.3d 1566, 1572, 38 USPQ2d 1397, 1401 (Fed. Cir. 1996), discussed below ("Upon a finding of willful infringement, a trial court should provide reasons for not increasing a damages award or for not finding a case exceptional for the purpose of awarding attorneys fees. . . . *See, e.g., S.C. Johnson & Son* . . . (necessary for trial court to explain why case was not exceptional after express finding of willful infringement); but see *Carroll Touch, Inc. v. Electro Mechanical Sys., Inc.* . . . (express findings not necessary if record provides sufficient basis for reviewing trial court's exercise of discretion). In this case, the reasons provided by the trial court do not support a decision not to increase the damage award and the record does not make up for this deficiency.").

For district court decisions, see Laitram Corp. v. NEC Corp., 1995 U.S. Dist. LEXIS 19317 (E.D. La. 1995), *aff'd*, 115 F.3d 947, 42 USPQ2d 1897 (Fed. Cir. 1997), *rev'd*, 163 F.3d 1342, 49 USPQ2d 1199 (Fed. Cir. 1998) ("defendants' actions before and during trial were in good faith"); GNB Battery Technologies, Inc. v. Exide Corp., 886 F. Supp. 420, 441 (D. Del. 1995), *aff'd*, 78 F.3d 605, 38 USPQ2d 1506 (Fed. Cir. 1996) (unpublished) ("To the extent defendants may have willfully infringed the . . . patent, the court declines to enhance the damages. The validity issues in this dispute were very close. The jury's inability to reach a verdict regarding the validity of . . . a closely related patent, provides some evidence of the closeness of this case. In addition, defendants appear to have regularly reviewed designs for possible infringement of patents both internally by their patent review committee and in ongoing consultations with outside counsel. Finally, while defendants manufactured and sold nearly 4.5 million infringing [produts] they have switched during the pendency of this lawsuit to a noninfringing design."); Alpex Computer Corp. v. Nintendo Co., 34 USPQ2d 1167, 1207 (S.D. N.Y. 1994), *aff'd in part & rev'd in part*, 102 F.3d 1214, 40 USPQ2d 1667 (Fed. Cir. 1996) (upholding jury's willfulness verdict but denying enhanced damages because "this is a close case, both as to willfulness and the underlying questions of infringement and validity.": "the willfulness evidence contains no 'smoking gun.' "; "There is insufficient evidence to support a finding by clear and convincing evidence that [defendant] copied the patent; and there is no conclusive documentary evidence that [it] purposefully determined to engage in infringing activities. The case raises several difficult questions relating to claim construction and infringement under section 112(6) and the doctrine of equivalents. Both the court and the special master struggled mightily with these issues, which have been the subject of evolving legal doctrine during the eight-year pendency of this litigation and remain uncertain in light of pending en banc appeals. In this factual and legal context, I cannot conclude that this case presents the same kind of egregious conduct that other courts have concluded called for enhanced damages.").

In *Jurgens v. CBK, Ltd.* (1996),**368.442** a divided Federal Circuit panel held a trial

---

**368.442** Jurgens v. CBK, Ltd., 80 F.3d 1566, 38 USPQ2d 1397 (Fed. Cir. 1996).

See also Mentor H/S, Inc. v. Medical Device Alliance, Inc., 244 F.3d 1365, 1380, 58 USPQ2d 1321 (Fed. Cir. 2001) (TWO-STEP PROCESS; citing *Jurgens*; "Assessing increased damages is a two-step process. . . . First, the fact-finder must determine if an accused infringer is guilty of conduct, such as willfulness, upon which increased damages may be based. . . . If so, the court then exercises its discretion to determine if the damages should be increased given the totality of the circumstances."); Tate Access Floors, Inc. v. Maxcess Technologies, Inc., 222 F.3d 958, 972, 55 USPQ2d 1513, 1522 (Fed. Cir. 2000) (quoting *Jurgens*; "in light of the jury's finding of willful infringement, the district court abused its discretion in refusing to increase damages or award attorney fees because it failed to articulate any reasons for refusing to make such awards."); Odetics, Inc. v. Storage Technology Corp., 185 F.3d 1259, 1274, 51 USPQ2d 1225, 1235 (Fed. Cir. 1999) ("As required, *see Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1572, 38 USPQ2d 1397, 1401 (Fed. Cir. 1996), the district court provided detailed reasons for the denial of enhanced damages, closely tracking the nine factors highlighted in *Read*, 970 F.2d at 827–28, 23 USPQ2d at 1435–36. . . . [The patentee], however, addresses only three of the nine factors, arguing: (1) that the district court erred by considering [the infringer's] avowed belief that the . . . patent was invalid; (2) that the case was, contrary to the district court's conclusion, not close; and, (3) that the ten-year duration of the infringement should not have been tempered by the recognition of the laches defense. [The patentee] does not address the remaining four factors that the district court found weighed in favor of [the infringer], namely that: [the infringer] had not copied the invention; [the infringer] engaged in no misconduct during litigation; [the infringer] had evinced no motivation to harm [the patentee]; and, [the infringer] had not attempted to conceal its infringement. Further, [the patentee] does not address that the district court stated that, given the closeness of the case, it would have denied enhanced damages even if [the infringer] had not 'mounted a good faith and substantial challenge to the existence of infringement.' . . . Our review of the district court's reasoning is mindful that, in this context, a 'broad range of discretion is reposed in the trial court, founded on [the] need to weigh and balance multiple factors in determining a just remedy.' *SRI*, 127 F.3d at 1469, 44 USPQ2d at 1427. We think the district court adequately explained its reasons for failing to award enhanced damages, and find no abuse of discretion in having done so.").

Compare Transclean Corp. v. Bridgewood Services, Inc., 290 F.3d 1364, 62 USPQ2d 1865 (Fed. Cir. 2002), discussed above; Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc., 265 F.3d 1294, 1310–11, 60 USPQ2d 1161 (Fed. Cir. 2001) (ENHANCED DAMAGES; ADDITIONAL CIRCUMSTANCES NOT KNOWN TO JURY: a district court did err in increasing damages or in relying on circumstances not known to the jury; *READ* FACTORS: "The district court analyzed all of the relevant factors laid out in *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826–27, 23 USPQ2d 1426, 1435–36 (Fed. Cir. 1992), *abrogated on other grounds by Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 34 USPQ2d 1321 (Fed. Cir. 1995) (en banc)."; ALL RELEVANT CIRCUMSTANCES. The district court noted that its analysis was to be based on all relevant circumstances known to the court, and that it was not limited to the circumstances known to the jury."; "After a complete analysis, the district court enhanced damages by thirty percent."; "The district court's decision is reviewed for an abuse of discretion."; NO IMPROPER REVISITING OF JURY'S FINDING: the accused infringer "argues that the court abused its discretion by, allegedly, revisiting the willfulness decision and 'substituting its own equitable determination for the jury's fact-finding role.' Certainly a judge cannot substitute his or her factual determination for a jury's willfulness finding. However, such a substitution did not occur in this case. The district court merely assessed the circumstances known to the court and made a discretionary decision on whether, and how much, to enhance damages. The judge noted in passing that the relevant circumstances known to the court also indicated willful infringement, but the judge in no way substituted that decision for the jury's."; *READ* FACTORS JURY "NOT IN BEST POSITION TO ASSESS": "at least in general, *Read* itself implicitly endorses this practice by including several factors that a jury is not in the best position to assess, such as the 'infringer's behavior as a party to the litigation' and the '[c]loseness of the case.' *Read Corp.*, 970 F.2d at 827, 23 USPQ2d at 1435; *see Amsted Indus. Inc. v.*

*(Text continued on page 20-460.148)*

*Buckeye Steel Castings Co.,* 24 F.3d 178, 184, 30 USPQ2d 1462, 1466 (Fed. Cir. 1994) (noting that the 'trial judge is in the best position to weigh considerations such as the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser')."; ADDITIONAL EVIDENCE FAVORED IN-FRINGER: "the additional evidence considered by the district court all favored [the accused infringer]. Thus, any potential error was harmless, as it tended to exculpate [the accused infringer] and limit the amount by which the damages were enhanced. 28 U.S.C. § 2111 (1994); *Giove v. Dep't of Transp.,* 230 F.3d 1333, 1338–39 (Fed. Cir. 2000)."); Door-Master Corp. v. Yorktowne, Inc., 256 F.3d 1308, 1314–15, 59 USPQ2d 1472 (Fed. Cir. 2001) (JURY WILLFULNESS FINDING; ATTORNEY FEES DENIED: a district court did not abuse its discretion in denying an attorney fee award to a prevailing design patent owner even though a jury found willful infringement; RE-WEIGHING SOME EVIDENCE; NO CONFLICTING FINDINGS: "In making these findings, the district court may have reweighed some evidence that the jury already considered. However, the district court may reweigh evidence in deciding whether the case is exceptional so long as the court's findings do not conflict with the jury's findings. *Jurgens v. CBK, Ltd.,* 80 F.3d 1566, 1572, 38 USPQ2d 1397, 1402 (Fed. Cir. 1996) (stating that, although the district court could not exercise its discretion based on findings in direct conflict with jury findings, 'a trial court many times has discretion to weigh the closeness of the case and the scope of the infringer's investigation in deciding whether to increase a damages award')."); Electro Scientific Industries, Inc. v. General Scanning Inc., 247 F.3d 1341, 1354, 58 USPQ2d 1498 (Fed. Cir. 2001) (REWEIGHING COMPETENCY OF COUNSEL'S OPINION AND RELIANCE: "Although substantial evidence supports [a] jury verdict of willfulness, [a] district court retain[s] authority to reweigh the competency of [an infringer's] opinion of counsel and [the infringer's] reliance on that opinion. A jury verdict of willfulness simply does not bar a district court from determining the egregiousness of a willful infringer's conduct."); Virginia Panel Corp. v. MAC Panel Corp., 133 F.3d 860, 867, 45 USPQ2d 1225, 1230–31 (Fed. Cir. 1997), *cert. denied*, 525 U.S. 815 (1998) (district court did not abuse its discretion by increasing damages only 10% and denying an attorney fee award despite the jury finding of willful infringement; "The court found several facts, none of which is clearly erroneous, which justified enhancing damages by only ten percent and not awarding attorney fees, even in light of the jury's finding of willfulness. Specifically, the court first found that the factors considered by this court in *Bott v. Four Star Corp.* . . . (Fed. Cir. 1986) favored [the infringer] (1) though willful, [the infringer's] copying was 'only' recklessly indifferent as opposed to deliberate, . . . (2) [the infringer] conducted a marginally sufficient investigation of the asserted patents, albeit upon incomplete information, and (3) [the infringer's] behavior as a party to the litigation was not unacceptable. . . . The court also emphasized two factors deemed relevant in *Read,* 970 F.2d at 827–28, 23 USPQ2d at 1435–36, stating that: (4) 'many of the issues in this case were close questions,' and (5) 'a large enhancement of damages could drive [the infringer] out of business.' . . . These factors, most notably the closeness of the case, justify the court's decision not to award attorney fees."; the patentee's "reliance on *Jurgens* is misplaced. Unlike in *Jurgens*, the district court's factual findings are not inconsistent with the jury's finding of willfulness. The district court explicitly accepted the jury's finding of willfulness and carefully considered other 'factors that are mitigating or ameliorating.' *Read,* 970 F.2d at 826, 23 USPQ2d at 1435. As our case law makes clear, the consideration of such other factors is not necessarily reversible error."); Laitram Corp. v. NEC Corp., 115 F.3d 947, 955, 42 USPQ2d 1897, 1903 (Fed. Cir. 1997), *rev'd*, 163 F.3d 1342, 49 USPQ2d 1199 (Fed. Cir. 1998) ("The district court held that, despite the jury finding of willfulness, which it assumed to be proper, enhanced damages were inappropriate because of the closeness of both the infringement and willfulness issues. Clear precedent holds that a finding of willfulness authorizes, but does not require, enhanced damages. *E.g.*, *Modine Mfg. Co. v. Allen Group, Inc.* . . . (Fed. Cir. 1990)"; the patentee "argues that the district court's findings that the infringement and willfulness issues were close 'is skewed and carries little weight' because this court reversed the JMOL of non-infringement. However, jury verdicts need neither be overturnable nor sustainable before a district court can properly find that the issues decided were close ones. The district court properly considered whether [the infringer] had presented a good faith defense against willfulness and a substantial challenge to infringement. *See Delta-X v. Baker Hughes Prod. Tools,*

court's discretion on increasing damages does not include the power to reweigh the evidence underlying a jury's finding that the infringer commited willful infringement and acted in bad faith.[368.443] Dissenting, Judge Cowen argued that the majority decision was "plainly contrary to" *Modine* and *Brooktree Corp. v. Advanced Micro Devices, Inc.* (1992),[368.444] which "establish that the trial judge may independently weigh the evidence underlying a jury's finding of willfulness in exercising his discretion under 35 U.S.C. § 284": The only significant difference between this case and *Brooktree* and *Modine* is that in the later cases, the trial judges weighed the evidence relating to willful infringement and decided that it was too close to support enhanced damages, whereas in this case the trial judge cited specific evidence that he deemed supportive of the infringer's position, rather than relying on a general statement that the evidence on the question was close."[368.445]

---

*Inc.* . . . (Fed. Cir. 1993). It found the issues close. We detect neither clear error in those findings nor an abuse of discretion in the consequential refusal to enhance damages.").

For a district court decision, see Applied Medical Resources Corp. v. United States Surgical Corp., 43 USPQ2d 1688, 1689 (E.D. Va. 1997) ("where a jury has found willful infringement, a district court must provide reasons for refusing to enhance damages. . . . And in so doing, the district court must take care to avoid second guessing the jury or contradicting its findings.").

See generally Note, "Enhanced Damages for Willful Patent Infringement—An Issue for Judge or Jury?," 33 U.S.F. L. Rev. 435 (1999).

[368.443] At trial, the patentees presented evidence that the infringer blatantly copied the patentees' commercial embodiment. The infringer presented evidence that it relied on its patent counsel's opinion of noninfringement. The judge's instruction asked the jury "whether under all the circumstances the defendants conducted themselves willfully *and in bad faith* in selling their product." (Emphasis added). The patentees objected to the "bad faith" language. The judge further instructed the jury on willfulness. The jury found the infringement willful and in bad faith.

The trial judge held that sufficient evidence supported the jury's verdict but refused to increase damages or award attorney fees because (1) the infringer relied on counsel's opinion, and (2) the patentees "failed to clearly mark their [products] with notice of their patent."

The Federal Circuit reversed because the reasons the district court gave did not support a decision not to increase damages. "Considering the detailed jury instruction, which included the elements of willful infringement, the defenses to it, and an additional requirement that [the infringer] act in bad faith, the only way the jury could have reached the decision that [the infringer's] conduct was willful was to reject its contention that it relied in good faith on the opinion of counsel. . . ." Because the jury had rejected [the infringer's] assertion that it acted in good faith as a matter of fact, the court did not have discretion to reweigh the evidence about the competency of the opinion or [the infringer's] reliance on it. . . . . . . . "The district court also considered the location of the . . . patent notice marking as a circumstance mitigating an award of increased damages . . . . Actual notice of the patent would, of course, render constructive notice unnecessary to trigger the affirmative duty of due care to avoid infringement. In fact, the jury instruction stated that an infringer must have actual notice to trigger the duty to use due care. When the jury reached its verdict that [the infringer] acted willfully and in bad faith in infringing the patent, it necessarily determined both that [the infringer] had notice of the [patentees'] patent rights and that it acted in disregard of those rights." 80 F.3d at 1572–73, 38 USPQ2d at 1401–02.

[368.444] Brooktree Corp. v. Advanced Micro Devices, Inc., 977 F.2d 1555, 24 USPQ2d 1401 (Fed. Cir. 1992).

[368.445] 80 F.3d at 1576, 38 USPQ2d at 1404–05.

In its en banc decision, *In re Seagate Technology LLC* (2007),[368.446] the Federal Circuit confirmed that "a finding of willfulness does not require an award of enhanced damages; it merely permits it. *See* 35 U.S.C. § 284; *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1274 (Fed. Cir. 1999); *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1570 (Fed. Cir. 1996)]."[368.447]

Decisions after *Seagate* continue to treat willfulness as a fact question for a jury and enhancement as a matter of discretion for the court.[368.448]

[viii]   **Attorney Fees; Interest.** The statutory power to increase applies only to actual damages and not to collateral assessments such as attorney fees, interest and costs.[368.449]

[ix]   **Provisional Rights.** The Domestic Publication of Foreign Filed Patent Applications Act of 1999 created a new "provisional" right to recover a reasonable royalty for activity between an eighteen-month publication of an application under amended Section 122(b) and the issue of a patent on the application.[368.450] The Act

---

[368.446] *In re* Seagate Technology LLC, 497 F.3d 1360, 2007 U.S. App. LEXIS 19768 (Fed. Cir. 2007) (en banc), *cert. denied sub nom.* Convolve v. Seagate ___ U.S. ___, 2008 U.S. LEXIS 2153 (2008), discussed § 20.03[4][b][v][K].

[368.447] 497 F.3d at 1368.

[368.448] E.g., Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., 585 F. Supp. 2d 583, 588, 2008 U.S. Dist. LEXIS 100537 (D. Del. 2008) ("it is well-established that willful infringement is a question of fact, *Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, 394 F.3d 1368 (Fed. Cir. 2005), and while *Seagate* interjects a threshold objective component into the standard for willfulness, the Court does not read that objective component to mean that the issue is transformed into a purely legal question.").

See also Mass Engineered Design, Inc. v. Ergotron, Inc., 2009 U.S. Dist. LEXIS 34173 (E.D. Tex. 2009) ("Whether infringement is willful is a question of fact and reviewed for substantial evidence. *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings,* 370 F.3d 1354, 1359 (Fed. Cir. 2004)."); Kowalski v. Mommy Gina Tuna Resources, 2009 U.S. Dist. LEXIS 26127 (D. Hawaii 2009) ("The jury's finding of willful infringement is sufficient to support enhanced damages, but does not necessitate such an award. Granting or withholding an award and the amount of any such award, therefore, is within the discretion of the court. *Nat'l Presto Indus. v. West Bend Co.,* 76 F.3d 1185, 1193 (Fed. Cir. 1996)("The enhancement of damages is a discretionary ruling of the court."); Uniloc USA, Inc. v. Microsoft Corp., 2009 U.S. Dist. LEXIS 24136 (D. R.I. 2009) ("Willfulness is a question of fact for the jury based on whether Uniloc offers clear and convincing evidence that Microsoft acted despite an objectively high likelihood that its actions constituted infringement. *In re Seagate Tech., LLC,* 497 F.3d 1360, 1368 (Fed. Cir. 2007). If the jury so finds, the Court will exercise its discretion post-trial to determine if damages should be enhanced. *See* 35 U.S.C. § 284; *Jurgens v. CBK, Ltd.,* 80 F.3d 1566, 1569–71 (Fed. Cir. 1996)."); Arlington Industries, Inc. v. Bridgeport Fittings, Inc., 2009 U.S. Dist. LEXIS 7911 (M.D. Pa. 2009) ("A determination of willful infringement is a question for the trier of fact. *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008)."); Telcordia Technologies, Inc. v. Cisco Systems, Inc., 592 F. Supp. 2d 727, 2009 U.S. Dist. LEXIS 534 (D. Del. 2009) ("Upon consideration of the parties' submissions and the *Read* factors, the court finds that enhanced damages are not warranted in this case under 35 U.S.C. § 284. Although the jury found that Cisco's infringement of the '633 and '763 patents was willful, the court finds that the evidence was not strong enough to warrant enhanced damages.").

[368.449] Weston Elec. Instrument Co. v. Empire Elec. Instrument Co., 155 F. 301 (S.D. N.Y. 1907).

[368.450] For a discussion of amended Section 122(b) and the provisional compensation right, see § 11.02[4][e].