# EXHIBIT 1

1

```
1           IN THE UNITED STATES DISTRICT COURT
2          FOR THE EASTERN DISTRICT OF VIRGINIA
3                    RICHMOND DIVISION
4
5   ------------------------------------
                                        :
6   ePLUS, INC.                         :    Civil Action No.
                                        :    3:09CV620
7   vs.                                 :
                                        :
8   LAWSON SOFTWARE, INC.               :    September 27, 2010
                                        :
9   ------------------------------------
10
11      COMPLETE TRANSCRIPT OF THE FINAL PRETRIAL CONFERENCE
12           BEFORE THE HONORABLE ROBERT E. PAYNE
13                 UNITED STATES DISTRICT JUDGE
14
    APPEARANCES:
15
    Scott L. Robertson, Esquire
16  Michael G. Strapp, Esquire
    Jennifer A. Albert, Esquire
17  Goodwin Procter, LLP
    901 New York Avenue NW
18  Suite 900
    Washington, D.C.  20001
19                                            Volume I of II
    Craig T. Merritt, Esquire
20  Christian & Barton, LLP
    909 East Main Street
21  Suite 1200
    Richmond, Virginia  23219-3095
22  Counsel for the plaintiff
23
24             Peppy Peterson, RPR
               Official Court Reporter
25          United States District Court
```

1  of discovery.  It's an issue alleged that if this can't come in
2  because it offends -- they violated the discovery protocols or
3  rules, and in so doing, you are entitled, Lawson, to Rule 37
4  sanctions.
5      It's not been properly teed up for decision here.  I
6  have to see the interrogatory and the answer in order to make
7  that decision as to whether or not this evidence that they are
8  proffering now actually offends the rule.  I don't have that,
9  so I can't make the ruling now.
10     MR. ROBERTSON:  Your Honor, to bring one thing to
11 your attention, you may recall that there was a motion filed to
12 exclude Dr. Weaver and his theories after his expert report
13 came out, and Your Honor ruled on that, that, well, the
14 theories are articulated and a lot of evidence was cited, we
15 weren't precluded from actually having additional evidence as
16 long as it was in support of the same positions that Dr. Weaver
17 had taken throughout this case, and so the eight he's
18 referencing are the ones Dr. Weaver used to form his opinion.
19 The additional ones now we want to use with Lawson witnesses.
20     MR. SCHULTZ:  Your Honor, based on what Mr. Robertson
21 is saying, is if it's an agreement between the parties that as
22 long as there was a disclosure with respect to a certain topic
23 area, that there are other documents that are related to that
24 topic area, that relate to that, we would stipulate to that,
25 and that would resolve this objection.

```
                                                            190
 1   by virtue of these references, and I believe that's
 2   what I was keeping out.
 3           I do believe this, though, that if your
 4   expert is permitted, Weaver, to cite in support of
 5   your contentions on infringement evidence, ePlus, that
 6   wasn't cited in the infringement contentions, but
 7   support theories that were disclosed, then the same
 8   rule has to apply to them.
 9           And if that's where we are, then I may have
10   made a mistake, and if I did, I'm going to correct it.
11   That's the way it is.  Because that rule has to apply
12   both ways.
13           MR. ROBERTSON:  I understand, Your Honor.
14   But you have to remember that these two situations
15   were very different procedural postures because
16   Weaver, you ruled in their motion in limine, did
17   adequately disclose early on in December all of his
18   theories and with numerous exhibits.  But you then
19   said the discovery proceed for another five months,
20   and he was permitted to do that.
21           Very different situation.  They didn't
22   adequately disclose their invalidity contentions.  You
23   ordered them as a result of motion practice to do the
24   second supplemental statement.
25           Then, Your Honor, they filed the Shamos
```

```
                                                                    203
```

1  expert that they had in the SAP trial. It's fully
2  disclosed that the TV2 System is a piece of prior art
3  that Lawson is relying upon in this case.
4          THE COURT: Was this same issue litigated in
5  the SAP trial?
6          MR. SCHULTZ: It was.
7          THE COURT: So how are you surprised? If you
8  have tried it once, you can't really be surprised.
9  And you can cure the surprise because you know how to
10 deal with it. So how is it going to foul up the
11 trial? Just get your guy to testify about it. Is it
12 the same expert you had in the SAP trial or a
13 different one?
14         MS. ALBERT: It's the same expert, but the
15 issue of obviousness of RIMS and TV2 was not actually
16 before the jury in the SAP case.
17         THE COURT: They didn't testify about that?
18         MS. ALBERT: Right.
19         THE COURT: All right. It seems to me as if
20 you were asked to disclose those things in a
21 contention interrogatory and you didn't. And you
22 admittedly didn't. And while they had some general
23 knowledge about Ms. Eng and what she did and about the
24 viewer, this particular piece of evidence is different
25 than the other evidence that they were told about and

1        THE COURT: So it's really a repetition.
2  It's a moving version of what there is in the still
3  version; is that what you're saying?
4        MR. SCHULTZ: It's more descriptive to the
5  jury to see what actually TV2 was at the time.
6        THE COURT: Okay. Anything else?
7        MS. ALBERT: No, Your Honor.
8        THE COURT: I think the objection is
9  overruled on both points, Rule 26 and relevance, but
10 I'm still reserving on the other issue subject to the
11 brief.
12       All right. 121.
13       MS. ALBERT: Your Honor, DX 121 is one
14 isolated chapter out of some larger document. The
15 document is undated.
16       THE COURT: Excuse me. Where does this
17 document come from? Do you know?
18       MS. ALBERT: It came from Lawson.
19       THE COURT: Lawson produced it. Okay.
20 Excuse me. So it's part of something larger. Clearly
21 it is.
22       MS. ALBERT: It doesn't indicate on its face
23 the version of -- this relates to the purchase of
24 what's called P.O. Writer, alleged prior art.
25       THE COURT: But it's prior art issue, and it