**EXHIBIT 7**

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION



EPLUS, INC.,

              Plaintiff,
        v.                          Civil Action No.
                                    3:09CV00620
LAWSON SOFTWARE, INC.,

              Defendant.




     Before:  THE HONORABLE ROBERT E. PAYNE, JUDGE

         HEARING ON EPLUS' MOTION TO STRIKE



                      May 24, 2010


                    Richmond, Virginia








                CHANDLER and HALASZ, INC.
                   Shorthand Reporters
                      P.O. Box 9349
                 Richmond, Virginia 23227
                      (804) 730-1222
         Reported by:  Tracy Johnson, RPR, CCR, CLR
```

                    CHANDLER & HALASZ, INC.
                         (804)730-1222

```
 1    in some more prior art, and the rule of the
 2    Transamerica decision adequately explains why those
 3    documents cannot be used and he cannot testify about
 4    them.
 5              The other documents that are -- the other
 6    category are documents supporting J-Con, Gateway and
 7    SABRE.  The SABRE documents are out.  That means that
 8    their issue is that the documents are offered to
 9    support, according to Lawson, the J-Con prior art
10    references that were previously discussed.  And ePlus
11    says that they're really just the -- these three
12    documents are offered to really add prior art opinions
13    that are new.
14              It appears to me from the briefing that
15    the subsequent documents are, in fact, merely
16    additional prior art documents.  However, it is
17    possible that they can be construed as documents to
18    relate to -- as support for what they have already
19    offered.  And until I hear more about that from the
20    experts or from the lawyers, I don't believe I can
21    preclude them.  I'm inclined to preclude them, but I
22    don't have sufficient basis at this time to do that.
23    And so I'll have to await further briefing or
24    objection at the pretrial conference or demonstration
25    of fact from -- or briefing from the lawyers to help
```

1  me make that decision.
2       An order will be entered that says for the
3  reasons set forth on the record, the motion to strike
4  is granted for the reasons -- to the extent set forth
5  on the record, this transcript, which you can order
6  and then know what to do with.
7       Is there anything else that needs to be
8  done?
9       Look, folks, we need to get this case
10 under some kind of control here.  When the Court
11 issues orders, they need to be obeyed.  Schedules need
12 to be followed, and if someone needs relief from an
13 order, there's a way to do it; go make a motion and
14 say, look, this has happened, we need relief.  And the
15 Court has been available to decide those motions for
16 you on very short order, knowing you're on a tight
17 schedule.
18      So what have you all done about settling,
19 talking about settlement?  I don't believe we need it
20 on the record now.
21      (Discussion off the record.)
22
23      (The hearing in this matter concluded at
24      3:48 p.m.)
25