## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ePLUS INC.,                                  )
                                             )
      Plaintiff,                        )
                                             )
      v.                                )    Case No. 3:09CV620 (REP)
                                             )
LAWSON SOFTWARE, INC.,                       )
                                             )
                                             )
      Defendant.                        )


**DEFENDANT LAWSON SOFTWARE, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO BAR PLAINTIFF EPLUS INC. FROM PRESENTING ITS CLAIMS FOR WILLFULNESS AND INJUNCTIVE RELIEF TO THE JURY**

## TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................... 1

II.    ARGUMENT .............................................................................................................. 2

       A.     There is No Seventh Amendment Right to a Jury Trial in this Case. .............. 2

              1.     Supreme Court and regional circuit law govern the right to a jury
                     trial, and both mandate that there is no right to a jury trial in a
                     patent case where only equitable relief is sought ....................................... 2

              2.     The determination of whether there is a right to a jury trial is made
                     by looking at the case at the time of trial. ................................................... 5

              3.     While the *Lockwood* court considered the correct analysis, it
                     applied the test incorrectly, was vacated, has been limited by later
                     cases, and does not support a jury trial in this case. ................................... 6

              4.     Post-*Lockwood* Federal Circuit cases have narrowed *Lockwood*
                     and demonstrate that there is no right to a jury trial in patent
                     cases—instead, it is important to view the remedy sought at trial. ........... 10

              5.     It is irrelevant whether a party voluntarily or involuntarily removes
                     its legal claim. ........................................................................................... 11

              6.     ePlus's reliance on Rule 38(d) is baseless. ............................................... 14

       B.     Willfulness Should Not be Tried To A Jury  In This Case. ............................ 15

              1.     There is no right to a jury trial on willfulness. .......................................... 15

              2.     Trying willfulness to an advisory jury will unfairly prejudice
                     Lawson because the jury will not hear powerfully, relevant
                     evidence relating to *Seagate*'s willfulness test. ...................................... 17

              3.     It would be inefficient and unduly prejudicial to try willfulness to
                     the jury. ....................................................................................................... 20

       C.     The question of whether a permanent injunction should issue is one
              solely for the court. ....................................................................................... 21

III.   CONCLUSION .......................................................................................................... 22

# I.   __INTRODUCTION__

The question of whether there is a constitutional right to a jury trial is governed by Supreme Court law.  The Supreme Court requires this Court to look at *both* the cause of action *and* remedy sought at the time of trial to determine whether there is a right to a jury trial.  The remedy sought is the most important factor.  Here, the nature of the action is a patent infringement action, which may be equitable or legal depending on the remedy sought, and the remedy sought is the equitable remedy of an injunction, so there is no Seventh Amendment right to a jury trial.

ePlus relies on language from a vacated Federal Circuit case—*Lockwood*—that goes against Supreme Court precedent and is not binding on this Court.  The Supreme Court cases cited in *Lockwood* support Lawson.  ePlus misplaces the analysis on whether there may be fact issues in dispute with respect to willful infringement.  The presence of fact issues is irrelevant to the Supreme Court test for whether there is a right to a jury trial.  ePlus also cites earlier pleadings as showing that the parties presumed that willfulness would be tried to a jury trial, but ignores the fact that these pleadings were filed when damages were still in this case.  The circumstances of this case have changed and there is now no right to a Seventh Amendment jury trial.

Moroever, the jury otherwise should not be asked to decide willfulness because presenting the issue to the jury will unfairly prejudice Lawson.  The jury will not hear about the PTO's final rejection and cancellation of claims of the '683 patent (which ePlus appealed) and decisions on reexamination of the rest of the claims in dispute.  Such decisions may not be final, but in several instances are well beyond preliminary.  They are powerful evidence both of objective reasonableness of a belief that the patents are invalid, and of Lawson's subjective good

faith.  ePlus's attack on the relevance of this evidence is derived primarily from cases which find that non-final reexamination decisions are not admissible to prove invalidity.  Invalidity, however, is a separate issue from willfulness.  Moreover, the willfulness finding is only a first step in the court's analysis of whether this is an exceptional case and whether if so, attorney's fees should be awarded.  Other evidence that should not be heard by a jury also should be considered before rendering the fees decision.  The only fair way to resolve the willfulness and exceptional case issues is for the court, not the jury, to decide them.

## II.   ARGUMENT

### A.   There is No Seventh Amendment Right to a Jury Trial in this Case.

1.   Supreme Court and regional circuit law govern the right to a jury trial, and both mandate that there is no right to a jury trial in a patent case where only equitable relief is sought.

To determine whether there is a right to a jury trial, the Supreme Court examines "both the nature of the issues involved and the remedy sought."  *Teamsters v. Terry*, 494 U.S. 558, 564 (1989); *see also Tull v. United States*, 481 U.S. 412, 417 (1987) ("the Court must examine both the nature of the action and of the remedy sought").  The Supreme Court has repeatedly explained that the "remedy" part of the test is the most important inquiry.  *Teamsters*, 494 U.S. at 565 ("The second inquiry is the more important in our analysis."); *Granfinanciera v. Nordberg*, 492 U.S. 33, 42 (1989) ("The second stage of this analysis is more important than the first."); *Tull*, 481 U.S. at 421 ("We reiterate our previously expressed view that characterizing the relief sought is 'more important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial."); *Curtis v. Loether*, 415 U.S. 189, 196 (1974) ("More important, the relief sought here -- actual and punitive damages -- is the traditional form of relief offered in the courts of law.").

2

To determine whether the nature of a cause of action is legal or equitable, courts should consider whether the same cause of action would have been brought in a court or law or a court of equity in eighteenth century England.  This is an action for patent infringement, which could have been brought in either court depending on whether the relief sought was legal or equitable. Because no damages are available in this case, the only relief ePlus may seek is an injunction, an equitable remedy.  Thus, the nature of the action is analogous to a historical action in equity.

Because whether a patent case was historically brought in a court of law or equity depended on the relief sought, the two prongs of the "historical test effectively collapse into a single inquiry—the nature of the remedy sought by the patentee."  *MedImmune, Inc. v. Genentech, Inc.*, 535 F. Supp. 2d 1020, 1029 (C.D. Cal. 2008).  The *MedImmune* case is an extremely thoughtful and detailed discussion of the right to a jury trial in patent cases.  The Federal Circuit applied this type of analysis in affirming the denial of a jury trial in a patent infringement case where the patentee dropped its damages claim just six days before trial.  *Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1340 (Fed. Cir. 2001) ("given Tegal's interest only in an injunction, it is clear that Tegal would have needed, in eighteenth century England, to bring its case in a court of equity").

Here, the nature of the remedy sought is equitable.  ePlus may seek nothing more than an injunction, which is an equitable remedy.  *See id.* at 1341 ("The second prong of the Supreme Court's test, the more important prong, inquires into the nature of the remedy sought. Little analysis is required; Tegal sought only an injunction, a purely equitable remedy.").  Under both prongs of the Supreme Court's test—the nature of action and remedy sought—this is an equitable case and ePlus does not have a right to a jury trial.

The right to a jury trial is not an issue unique to patent law, and is governed by regional

3

circuit law. *See Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1575 (Fed. Cir. 1984 (noting that the Federal Circuit applies regional circuit law to issues that are not unique to patent law); *see also Tegal*, 257 F.3d at 1341 ("TEA's assertions that the district court violated Federal Rules of Civil Procedure 38(d) and 39(a) are procedural challenges to the district court's decision that there were no issues entitled to be tried before a jury. These challenges are reviewed under the precedent of the pertinent regional circuit, the Fourth Circuit in this case."). Fourth Circuit courts have also recognized that there is no right to a jury trial if the nature of the action is equitable and the only remedy sought is equitable. *Skippy, Inc. v. CPC Int'l, Inc.*, 674 F.2d 209, 211-15 (4th Cir.), *cert. denied*, 459 U.S. 969 (1982) (affirming the district court's determination that there was no right to a jury trial after plaintiff's damages claim was involuntarily dismissed due to laches because only injunctive issues remained); *Francis v. Dietrick*, 682 F.2d 485, 486-87 (4th Cir. 1982) (per curium) (affirming the district court's decision that there was no right to a jury trial once the plaintiff withdraw his request for damages). This is also consistent with Federal Circuit cases, which recognize that there is no right to a jury trial in a patent case when only an injunction is sought. *Tegal*, 257 F.3d at 1338; *In re Technology Licensing*, 423 F.3d 1286, 1286-87 (Fed. Cir. 2005); *see generally MedImmune*, 535 F. Supp. 2d at 1028.

Contrary to well-settled law, ePlus argues that if an action entails *either* the adjudication of legal rights *or* the implementation of legal remedies, a party has a right to a jury trial, quoting the Federal Circuit's vacated *Lockwood* decision. (ePlus Br. at 6.) This is incorrect. The Supreme Court has clearly stated that *both* prongs *must* be examined, *Teamsters*, 494 U.S. at 564; *Tull*, 481 U.S. at 417, and that the second prong—the remedy sought—is far more important. *Teamsters*, 494 U.S. at 565; *Granfinanciera*, 492 U.S. at 42; *Tull*, 481 U.S. at 421;

4

*Curtis*, 415 U.S. at 196.  Federal Circuit cases since *Lockwood*—even those that consider parts of the *Lockwood* court's analysis—agree that both prongs must be considered and that the second is more important.  *Tegal*, 257 F.3d at 1341 ("The second prong of the Supreme Court's test, the more important prong, inquires into the nature of the remedy sought."); *see generally MedImmune*, 535 F. Supp. 2d at 1025-32 (explaining that while the *Lockwood* court cited the correct law, its holding has not been followed, and noting that the *Lockwood* decision was consistent with the court's determination that there was no jury trial right).

> 2.   The determination of whether there is a right to a jury trial is made by looking at the case at the time of trial.

A court determines whether there is a Seventh Amendment right to a jury trial by reviewing the case as it is set to go to trial.  Indeed, courts have repeatedly determined that the right to a jury trial can change throughout the case depending on the remedy ultimately sought at trial.  *See Skippy*, 674 F.2d at 211-15 (finding no right to a jury trial where the plaintiff initially sought damages, but its claim was excluded prior to trial); *Francis*, 682 at 486-87 (finding no right to a jury trial after plaintiff obtained reinstatement and withdrew his jury demand); *see also Tegal*, 257 F.3d at 1338; *Tech. Licensing*, 423 F.3d at 1286-87; *see generally Filmon Process Corp. v. Sirica*, 379 F.2d 449, 451 (D.C. Cir. 1967) ("The record before [the trial judge] does not show that petitioner has any action for damages pending, a prerequisite to a claim that it is being deprived of a right to a jury trial."); *MedImmune, Inc. v. Genentech, Inc.*, 535 F. Supp. 2d 1020, 1028 (C.D. Cal. 2008) ("only the nature of the patentee's *present claim* matters for purposes of determining whether a right to jury trial exists"); *Sanofi-Synthelabo v. Apotex Inc.*, No. 02-2255, 2002 U.S. Dist. LEXIS 15345, at *16-21 (S.D.N.Y. Aug. 14, 2002) (finding that there was no right to a jury trial "in the absence of any issue of past infringement for which damages could conceivably be recovered" but that if the "possibility of damages" would later exist, the

defendant could "request leave to file an amended complaint with a jury demand").  Only the nature of the patentee's claim as tried matters for purposes of determining whether a right to jury trial exists.

ePlus cites the Supreme Court's decision in *Ross* for the proposition that "where, as here, the patentee's action ***as filed*** seeks damages, the parties are entitled to a jury demand, and, if both an injunction and damages are sought (as here), any common issues are triable to the jury." (ePlus Br. at 6 (emphasis in original).)  *Ross* does not, however, provide ePlus with the right to a jury trial if only equitable remedies are being sought at trial.  It merely stands for the unremarkable proposition that "where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims."  *Ross v. Bernhard*, 396 U.S. 531, 537-38 (1970).  In fact, in the very next sentence the *Ross* Court says, "The Seventh Amendment question depends on the nature of the issue ***to be tried*** rather than the character of the overall action."  *Id.* at 538 (emphasis added).  Thus, ePlus's argument that right to a jury trial attaches to the case as filed—as opposed to as tried—must be rejected.

        3.       While the <u>*Lockwood*</u> <u>court considered the correct analysis, it applied the</u> <u>test incorrectly, was vacated, has been limited by later cases, and does not</u> <u>support a jury trial in this case.</u>

The Federal Circuit's decision in *Lockwood* does *not* support ePlus's argument that it has a Seventh Amendment right to a jury trial in this case.  *See In re Lockwood*, 50 F.3d 966, 968 (Fed. Cir.), *cert. granted*, 515 U.S. 1121, *vacated*, 515 U.S. 1182 (1995).  As an initial matter, ePlus cites *Lockwood* as though it were good and binding law even though *Lockwood* was *vacated* by the Supreme Court.  (ePlus Br. at 11 ("To the extent *Skippy* could be read as so

holding, it is clearly superseded by *Lockwood*….").)  ePlus is well aware that vacated decisions are not the law.  In fact, during the *Markman* briefing, ePlus urged this court to ignore the SAP court's previous claim construction, asserting "As a vacated order, it has no force or effect." (Doc. No. 142 at 3.)  And, as discussed below, later cases have recognized that *Lockwood* considered the correct law but applied it incorrectly to come to the wrong result.  This is likely why Lockwood withdrew its jury demand after the Supreme Court granted certiorari, thus why the Supreme Court vacated the decision.

In that case, Lockwood filed a complaint for patent infringement against American and sought damages and an injunction, and demanded a jury trial.  *Lockwood*, 50 F.3d at 968. American asserted several defenses and counterclaims for a declaratory judgment that the patents were invalid and not infringed.  *Id.*  The district court granted summary judgment of non-infringement and dismissed the infringement complaint.  *Id.*  The district court indicated that it would proceed to trial on American's declaratory judgment counterclaim for patent invalidity and that Lockwood did not have a right to a jury trial on this claim.  *Id.*

On appeal, the Federal Circuit held that the court could not consider dismissed claims when deciding whether a right to a jury trial exists:

> As American rightly asserts . . . the district court will *not* adjudicate the issue of validity as a defense to an existing infringement claim.  **The infringement claim exists no more.  Consequently, the particulars of Lockwood's dismissed claim can play no part in our determination whether he enjoys a *Seventh Amendment* right to a jury trial** as to validity in American's action for a declaratory judgment.  *See, e.g., In re Evangelist*, 760 F.2d 27, 32 (1st Cir. 1985) (appellate court refused to consider dismissed claim in determining whether a jury demand should be met, even though the claim might ultimately be reinstated); *Hildebrand v. Board of Trustees*, 607 F.2d 705, 710 (6th Cir. 1979) (court suggested that claim for damages that was dismissed on summary judgment should not be considered when determining party's asserted Seventh Amendment right to trial by jury).

*Id.* at 969 (italicized emphasis in original, bolded emphasis added).

Thus, according to *Lockwood*, courts must consider the claims pending *at the time of trial* as opposed to the claims raised in a complaint when determining whether there still exists a right to a jury. This is entirely consistent with Supreme Court and Fourth Circuit law holding that courts must look at relief requested at trial, as opposed to the relief requested in the complaint, when determining whether there is a right to a jury trial. Here, the only relief that ePlus may seek *at trial* is an injunction. This is an equitable remedy that does not provide for a right to a jury.

Although the *Lockwood* court found that there was a right to a jury trial, its suspect holding is irrelevant because it decided an issue entirely different from the issue in this case. The issue in that case was "whether an action for a declaratory judgment of invalidity *standing alone* entitles the defendant patentee to a jury trial on the factual questions relating to validity as a matter of right." *Id.* at 977 (emphasis added). In contrast, this case involves ePlus's claims for infringement and willfulness and its request for an injunction, along with Lawson's non-infringement and invalidity defenses.

Moreover, the *Lockwood* court used a flawed analysis to come to the wrong conclusion. As stated following a thorough and cogent analysis in *MedImmune,* "In the Court's view, the better practice would be to disregard the actual holding of the vacated *Lockwood* opinion (which again, stands for a much broader rule that has since been rejected) while adhering to its application of the historical test." *MedImmune*, 535 F. Supp. 2d at 1028. While the *Lockwood* court's general discussion of the law was viable—it stated that it must consider the Supreme Court's two-prong test to analyze both the nature of the claim and the remedy sought—its analysis completely disregarded the second prong of this test. *Lockwood*, 50 F.3d at 984 (Nies, J., dissenting from order denying rehearing in banc, joined by Chief Judge Archer and Circuit

Judge Plager).  Instead, it focused completely on whether a declaratory judgment of invalidity was a legal claim or an equitable claim, and more specifically what the cause of action might have been in at common law.

While the *Lockwood* court was correct that "in *Tull*, [the Supreme Court] expressly repudiated the contention 'that both the cause of action and the remedy must be legal in nature before the Seventh Amendment right to a jury trial attaches,'" the *Lockwood* court erroneously inferred that meant that *either* the cause of action *or* the remedy sought could be equitable to provide a right to a jury trial.  *Id.* at 972 & n.6.  *Tull* merely rejected the argument that if *either* the cause of action *or* the remedy sought were equitable, there was no right to a jury trial.  *Tull*, 481 U.S. at 421 n.6.  Indeed, what *Tull* actually said was that *both* prongs had to be considered, with the more important being the remedy sought.  *Tull*, 481 U.S. at 417, 421 ("the Court must examine both the nature of the action and of the remedy sought"; "We reiterate our previously expressed view that characterizing the relief sought is 'more important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial.").

The *Lockwood* dissent, concerned that the majority's decision was inconsistent with a long line of Supreme Court precedent, argued that the court's decision "creates the type of conflict with other circuits that warrants Supreme Court review."  *Lockwood*, 50 F.3d at 980-90 (Nies, J., dissenting).  Indeed, the Supreme Court granted certiorari on the case, 515 U.S. 1121, but then the respondent withdrew his jury demand in order to moot the case.  *See Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1340, n.5 (Fed. Cir. 2001).  The Supreme Court dismissed certiorari and vacated the opinion.  *Lockwood*, 515 U.S. 1182.  Thus, the vacated *Lockwood* decision is not good law and to the extent that the decision has any relevance it does

not support ePlus's arguments.

4.   Post-*Lockwood* Federal Circuit cases have narrowed *Lockwood* and demonstrate that there is no right to a jury trial in patent cases—instead, it is important to view the remedy sought at trial.

Recent Federal Circuit cases have concluded that there is no right to a jury in patent cases where only equitable relief is sought at trial.  In *Tegal*, the patentee initially requested a jury trial for its patent infringement suit against the defendant, seeking both injunctive relief and damages, but withdrew its claim for damages prior to trial.  *Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331 (Fed. Cir. 2001).  The district court concluded that there was no jury trial right.  The Federal Circuit affirmed, finding the *Lockwood* court's *reasoning* on the two-prong test analyzing the right to a jury trial pertinent, even though the *Lockwood* holding was vacated.  With respect to the first prong, comparing the action with the analogous action brought in the courts of England during the eighteenth century, the Federal Circuit held that "given Tegal's interest only in an injunction, it is clear that Tegal would have needed, in eighteenth century England, to bring its case in a court of equity."  *Id.* at 1340.   The court further noted that the second prong of the Supreme Court's test, "the more important prong, inquires into the nature of the remedy sought" was an injunction, a purely equitable remedy.  *Id.* at 1341.  It was irrelevant that the patentee had sought damages at the time of filing, or indeed up to just six days before trial.  The court concluded that "there is no doubt that neither party had a right to a jury in this case."  *Id.*

Likewise, in *In re Technology Licensing* the Federal Circuit held that a patentee seeking only injunctive relief on its infringement counterclaim has no right to a jury trial, regardless of whether the accused infringer asserted invalidity as a defense.  423 F.3d 1286 (Fed. Cir. 2005) (per curiam).  In that case, prior to trial the accused infringer (and declaratory judgment plaintiff)

filed a motion in limine that challenged the patentee's formula for measuring damages. *Id.* at 1287. The court's decision on that motion significantly reduced the amount of damages the patentee would be able to recover, so the patentee withdrew its claim for damages and sought only injunctive relief. *Id.* The accused infringer withdrew its request for a jury trial, but the patentee maintained that it was still entitled to a trial by jury. *Id.* The district court disagreed, concluding that because the relief sought at the time of trial was equitable there was no right to a jury trial. *Id.* The Federal Circuit affirmed, explaining that both prongs of the two-part test demonstrated that there was no right to a jury trial. *Id.* at 1287-91. In dicta, the court also noted that the patentee in *Technology Licensing* voluntarily abandoned its claim for damages. *Id.* at 1289.

There is no right to a jury in patent cases where the only relief available at trial is injunctive, as both *Tegal* and *Technology Licensing* demonstrate.[1] Whether damages were part of the case at an earlier date is irrelevant. The issues of patent infringement and validity are not inherently legal. Instead, it is necessary to look at the nature of the action and the remedy sought. Here, both are equitable, and there is no right to a jury trial.

> 5. It is irrelevant whether a party voluntarily or involuntarily removes its legal claim.

Whether a party voluntarily or involuntarily withdraws its damages claim is irrelevant. ePlus attempts to distinguish cases finding that there is no jury right when only equitable

---

[1] ePlus's citation to the Supreme Court's statement in *Markman* that "infringement cases today must be tried to a jury" (ePlus Br. at 4) does not resolve the issue in this case, as in *Markman* there *was* a claim for damages. *See Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1340 (Fed. Cir. 2001) (citing the section of *Markman* relied upon by ePlus and explaining "The Supreme Court's cursory disposal of the issue was entirely understandable and appropriate because damages were requested in the original trial litigation. Thus, the Supreme Court's affirmance provides no guidance on how to analyze the case before us, in which damages are not at issue." (citations omitted)).

remedies are sought on the grounds that the parties in those cases voluntarily withdrew their damages claims, while here ePlus lost its damages claim against its will.  This is not the law. Even when a party's legal claim is involuntarily removed, the courts have concluded there is no right to a jury trial.  *Skippy*, 674 F.2d at 211-15 (no right to a jury trial when damages claim was dismissed for laches); *In re Evangelist*, 760 F.2d 27, 32 (1st Cir. 1985) (noting that the petitioner did not have a right to a jury trial on equitable claims because its legal claim was dismissed as a result of summary judgment).  The right does not turn on whether damages are dismissed against the patentee's will or "waived."  *See MedImmune, Inc. v. Genentech, Inc.*, 535 F. Supp. 2d 1020, 1028 (C.D. Cal. 2008) ("Yet this explanation is incomplete and unsatisfying, because any inquiry into whether the patentee 'waived' a jury right that it did not even possess is tautological at best.").

ePlus attempts to distinguish the Fourth Circuit's *Skippy* decision—which recognizes that even an involuntary waiver of a claim for damages removes the Seventh Amendment right to a jury trial—on the grounds that it is not a patent case and the court dismissed the damages claim for laches because the plaintiff did not pursue its damages claim.  These factual distinctions are irrelevant.  Both in *Skippy* and the present case, the patentee lost its damages case against its will, not by voluntary waiver.

ePlus also argues that the Federal Circuit decisions in *Lockwood*, *Tegal*, and *Technology Licensing* "supersede" the *Skippy* decision.  (ePlus Br. at 11.)  ePlus cites no authority for the strained proposition that a vacated decision from another circuit supersedes a controlling Fourth Circuit case on the right to a jury.  The *Lockwood* decision was vacated by the Supreme Court when the respondent withdrew his jury demand in order to moot the case, so it does not supersede anything.  *Lockwood* and *Technology Licensing* originated from the Ninth Circuit and

12

were decided on appeal by the Federal Circuit.  The *Tegal* case was from the Fourth Circuit, but is consistent with *Skippy*, as the patentee in that case voluntarily withdrew its damages claim and thus lost a Seventh Amendment right to a jury trial.  *Tegal* does not "supersede" a case where an involuntary waiver also removes the right to a jury trial.  In addition, *Skippy* continues to be cited as good law.  *See, e.g.*, *Francis*, 682 F.2d at 487.  Thus, *Skippy* remains controlling law.  None of the cases cited by ePlus actually address the issue in *Skippy* and this case—whether a plaintiff's involuntary loss of its damages claim removes the right to a jury trial.  As *Skippy* demonstrates, whether removal of a legal remedy is voluntary or involuntary is irrelevant.

Moreover, the Supreme Court's two-prong test demonstrates that whether the removal of a legal remedy is voluntary or involuntary is irrelevant.  The question of voluntary or involuntary removal is irrelevant to the first prong of the Supreme Court's test—the nature of the action.  There is no question that if a party seeks only an injunction from the beginning, the nature of the action in the case is equitable.  *See, e.g.*, *Allergan, Inc. v. Alcon Inc.*, No. 04-968, 2005 U.S. Dist. LEXIS 41836, at *4-7 (D. Del. July 22, 2005).  There is also no question that if a party's legal remedy is voluntarily removed prior to trial, the nature of the action is equitable.  *Tegal*, 257 F.3d at 1338; *Tech. Licensing*, 423 F.3d at 1286-87.  There are few cases where the court has evaluated whether the involuntary loss of a legal remedy affects the nature of the action.  But the Supreme Court has stated that the Seventh Amendment question depends on the "nature of the issue *to be tried*. . . ."  *Ross*, 396 U.S. at 537-38 (emphasis added).  Whether the issue to be tried is equitable because of voluntary or involuntary removal is irrelevant to the nature of the issue to be tried.  Even when a legal claim is dismissed involuntarily, the right to a jury trial ends.

Whether a party voluntarily or involuntarily removes its damages claim also has no impact on the remedy sought at trial—the most important prong in the Supreme Court's two-

13

prong test.  If there is no damages claim, the remedy sought at trial is equitable.

     6.  <u>ePlus's reliance on Rule 38(d) is baseless.</u>

  ePlus relies on Rule 38(d) in support of its argument that there must be a jury trial in this case because Lawson initially requested a jury trial (when a legal remedy was sought).  (*See* ePlus Br. at 12 n.7 ("ePlus has not consented to any withdrawal of the jury demand.").)  This is not the law.  The Rule 38(d) prohibition against withdrawing a jury demand applies only to claims where there exists a *right* to trial by jury.  *See Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 967-68 (7th Cir. 2004) (when no right to a jury trial exists, a party who has demanded a jury may withdraw the demand without the other party's consent); *Starbucks Corp. v. Lundberg*, No. 02-948, 2005 U.S. Dist. LEXIS 46167 (D. Or. May 25, 2005) ("Both parties concede that the Rule 38(d) prohibition against withdrawing a jury demand applies only to claims where there exists a right to trial by jury."); *Rockwood v. SKF USA, Inc.*, No. 08-168, 2009 U.S. Dist. LEXIS 113852, at *2 (D.N.H. 2009) ("However, Rule 38 - as its caption suggests - applies only when a party has a right to a jury trial.").  Because there is no right to a jury trial in this case—as discussed above—Rule 38(d) is irrelevant.[2]

  Likewise, Lawson's arguments made before this Court dismissed ePlus's damages claim do not support ePlus's argument that it should have a right to a jury trial on willfulness.  ePlus argues that Lawson's prior conduct, including arguments it made in response to ePlus's motion in Limine No. 1 and its jury demand made its Answer and Counterclaims, contradict Lawson's position that there is no right to a jury trial for willfulness.  This is not true.

  There is no dispute that there was a right to a jury while ePlus's damages claim was still

---

[2] The point of Rule 38(d) is to allow a party to rely on the opposing party's proper demand for a jury trial without being required to also request a jury trial.  *See, e.g.*, *Cram v. Sun Ins. Office, Ltd.*, 375 F.2d 670, 675 (4th Cir. 1967).  It does not create a right to a jury trial where one

pending.  But this Court's order dismissing ePlus's damages claim fundamentally changed the landscape of this case and particularly so with regard to whether there remains a right to a jury trial.  Thus, any arguments or statements Lawson made before damages were dismissed are no longer true and cannot bind it to a jury trial when one is no longer available under the Seventh Amendment.

Regardless, Lawson never argued or otherwise stated that anyone had a right to a jury trial on willfulness.  Rather, the quotes cited by ePlus relate to whether the finder of fact, which Lawson assumed would be a jury, would be assisted by ePlus's proffered expert.  Now that damages are out and Lawson has analyzed this issue in depth, it is clear that there is no right to a jury trial on any issue, let alone on willful infringement.

Similarly, Lawson's demand for a jury does not constitute an admission that ePlus has a right to a jury on willful infringement, or any other issue.  While a demand is required for a jury trial, the demand itself does not give rise to a Seventh Amendment right to a jury trial, as the cases discussed above demonstrate.  Lawson's initial demand for a jury, premised on the case as filed, should not be binding when as here the nature of the case has fundamentally changed.

**B.** **Willfulness Should Not be Tried To A Jury In This Case.**

1. There is no right to a jury trial on willfulness.

While willfulness may involve issues of fact, that alone does not mean it is an issue for the jury. *Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 460 (1977) ("[T]he Seventh Amendment was never intended to establish the jury as the exclusive mechanism for fact finding in civil cases.").  All of the cases ePlus string-cites (without analysis) where willfulness went to the jury were cases in which there was also a legal damages claim at-

---

otherwise does not exist, as the cases discussed above demonstrate.

issue.[3]  Lawson does not dispute that willfulness *can* be tried to a jury if damages are sought.

While willfulness may be tried to a jury in many patent cases, damages are also sought in most

patent cases.

The issue is whether willfulness is tried to a jury as a matter of right *or* as a matter of

agreement between the parties.  None of the cases cited by ePlus answer this question and they

do not inform the question of whether there is a right to a jury trial when there is *only* equitable

relief at-issue.  Thus, these cases do not resolve the ultimate questions raised in this motion: (1)

whether there is a right to a jury trial for a claim of willful infringement when only equitable

relief is sought at trial; and (2) even if there is a Seventh Amendment right to a jury trial for

---

[3] *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1310 (Fed. Cir. Sept. 9, 2010) ("The case went to trial on Medtronic's obviousness defense, SSI's willful infringement claim, and damages."); *Funai Elec. Co., Ltd. v. Daewoo Elec. Corp.*, 616 F.3d 1357, 1361 (Fed. Cir. 2010) ("This appeal is taken from the final judgment of the United States District Court for the Northern District of California, on issues of patent infringement, validity, damages, and successor liability."); *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 839 (Fed. Cir. 2010) ("The jury rejected Microsoft's argument that the patent was invalid, and awarded $ 200 million in damages to i4i."); *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1321, 1319 (Fed. Cir. 2009) ("[A] jury . . . awarded $226.3 million in lost-profit damages . . . ."); *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, Nos. 07-1243, 07-1244, 2008 WL 60501, *1 (Fed. Cir. Jan. 7, 2008) ("Bosch contests . . . the district court's award of enhanced damages . . . ."); *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1369 (Fed. Cir. 2002) ("The jury awarded Transclean three types of damages."); *Electro Scientific Indus., Inc. v. General Scanning, Inc.*, 247 F.3d 1341, 1344 (Fed. Cir. 2001) ("At trial, the jury awarded ESI $13,133,370 in damages . . . ."); *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1453 (Fed. Cir. 1998) ("After further proceedings on damages . . . ."); *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1569 (Fed. Cir. 1996) ("The remaining issues of compensatory damages and willful infringement were tried to a jury."); *Hoechst Celanese Corp. v. BP Chems.*, 846 F. Supp. 542, 549 (S.D. Tex. 1994) (noting that the "damage award should be enhanced by 100%"), *aff'd by*, 78 F.3d 1575, 1583 (Fed. Cir. 1996); *Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1188 (Fed. Cir. 1996) ("[T]he issues of infringement, willfulness, and damages were tried to the jury."); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1561 (Fed. Cir. 1992) ("The United States District Court . . . entered judgment that the patents were valid and infringed and that the registered mask works were infringed, assessing damages."); *Shiley, Inc. v. Bentley Labs., Inc.*, 794 F.2d 1561, 1564 (Fed. Cir. 1986) ("The special verdict included jury findings . . . that plaintiff was entitled to recover its lost profits . . . ."); *Nunes v. Bishop Aviation, Inc.*, 703 F. Supp. 774, 775 (W.D. Ark. 1988), *further proceedings*, 703 F.

infringement and validity, whether there is a right to a jury trial for willful infringement.

As discussed above, there is no right to a jury trial on willfulness in a patent case when *only* equitable relief is sought at trial. That the parties have now agreed to a jury trial on infringement and validity does not mean that ePlus has a right to a jury trial on willfulness—Lawson has specifically *not* agreed to that. And even if this Court were to find that ePlus has a right to a jury trial on its infringement claim, it does not have a right to a jury trial on its claim for willfulness, as discussed below and in Lawson's opening brief.

2.  <u>Trying willfulness to an advisory jury will unfairly prejudice Lawson because the jury will not hear powerfully relevant evidence relating to *Seagate*'s willfulness test.</u>

When damages were still in the case and the parties assumed all issues would be tried to a jury, ePlus sought to exclude from trial any evidence relating to the reexaminations of the patents-in-suit. (Doc. No. 247.) ePlus argued that the reexaminations (1) were not relevant to the issue of invalidity, (2) were not relevant to the issue of willfulness, and (3) would confuse the jury and prejudice ePlus. Among other things, ePlus asserted "whatever minimal probative value the reexamination proceedings may have to willfulness in light of these considerations is vastly outweighed by the danger of confusing the jury and unfair prejudice to ePlus". (*Id.* at 16.) ePlus asserted "For Lawson to argue that those proceedings weigh against its willfulness strongly implies that the mere fact of the proceedings has legal significance to validity." (*Id.*)

Lawson responded that (1) the reexaminations were important to rebut ePlus's argument that certain prior art (the '989 patent) had previously been considered by the PTO, (2) the substantial question of patentability raised in a reexamination and actual rejections of ePlus's claims over the prior art are relevant to whether there is an objective or subjective good faith

Supp. 7777 (W.D. Ark. 1988) (jury special verdict included damages award of $5,600.00).

basis to believe the asserted patents are invalid, and thus the question of willfulness, and (3) any potential for confusion could be addressed by proper jury instructions.  (Doc. No. 300.)

After hearing the parties' arguments, the Court granted ePlus's motion in limine.  (Doc. No. 375 ("the motion is granted because the evidence is not relevant, and, to the extent that it is relevant, its probative value is substantially outweighed by the risk of jury confusion, delay and unfair prejudice under Fed. R. Evid. 403").)  During the briefing and at the time of the Court's decision, damages were still in the case and willfulness was going to be tried to the jury along with infringement.  That is no longer the case.  Concerns about how the reexaminations would affect ePlus's invalidity claim are no longer relevant—the reexaminations would only be offered before the court for willfulness, not before the jury for invalidity.  Likewise, concerns about prejudice are moot—the evidence would only be offered to the Court.  Thus, there is no reason to exclude the reexaminations during a bench trial.

ePlus argues that the reexaminations have no probative value unless and until a final decision on the reexamination is reached.  This is not true.  The cases ePlus cites in its brief merely stand for the proposition that a reexamination may not be probative of the *invalidity* of the patent.  (ePlus Br. at 19-20.)  That does not mean it is not relevant to the question of willfulness, and specifically to whether the accused infringer had legitimate invalidity defenses.

Under ePlus's logic, a patentee actually has to invalidate a patent to have a good faith objective or subjective basis to believe the patent is invalid and thus defeat a charge of willful infringement.  This is not the law.  To the contrary, a party should be found not to willfully infringe so long as there is a substantial question about invalidity, regardless of whether or not the patent is ultimately adjudicated to be invalid.  *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) ("A substantial question about invalidity or infringement is likely

sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct.").

Courts have recognized that reexaminations are highly relevant to the question of willfulness. *Plumley v. Mockett*, No. 04-2868, 2010 U.S. Dist. LEXIS 57254, *44-*45 (C.D. Cal. May 26, 2010); *Safoco, Inc. v. Cameron Int'l Corp.*, No. 05-0739, 2009 U.S. Dist. LEXIS 66187, *75-*76 (S.D. Cal. July 31, 2009); *Lucent Techs., Inc. v. Gateway, Inc.*, No. 03-0699, 2007 U.S. Dist. LEXIS 95934, *18 (D. Del. Oct. 30, 2007).  This makes sense because to prevail on an allegation of willfulness, a patentee must first "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," *Seagate*, 497 F.3d at 1371, and a decision in favor of invalidity by the experts at the PTO during reexamination is at least one important factor demonstrating that there is not an objectively high likelihood that a patent is valid.

ePlus asserts that the fact that some of the reexaminations were filed after the case was filed means that they cannot be relevant to willfulness.  This, too, is untrue.  ePlus confuses the objective prong with the subjective prong of *Seagate*'s test.  The first prong of a willfulness determination is the objective prong, which does not relate to Lawson's state of mind, and thus a reexamination filed at any time is relevant to whether it would be objectively reasonable to believe that the patents are invalid.  Indeed, courts have specifically recognized that reexaminations filed after suit can be relevant to the objective prong of the willfulness test. *Safoco*, 2009 U.S. Dist. LEXIS 66187, at *77 n.129.

The issues surrounding willfulness demonstrate exactly why it should be tried to the Court in this case.  The arguments regarding willfulness are contentious and for a variety of reasons have the potential to unfairly prejudice Lawson.  There is no reason to try willfulness to

19

the jury and a very good reason not to.  Separating trial on invalidity from trial on willfulness and trying willfulness to the Court will allow Lawson to present the highly relevant and probative reexamination evidence on its willfulness defense without risking jury confusion on ePlus's invalidity defense.

To the extent the Court's prior rulings were premised on a finding that the PTO's rejections are not even relevant to whether there is an objective basis for believing ePlus's patents are invalid, Lawson submits such a premise is erroneous as a matter of law.  In any event, the issues underlying ePlus's motion in limine are no longer an issue if willfulness is tried to the Court.  This Court should try willfulness without a jury and consider the reexaminations.  The reexaminations are relevant to the question of willfulness.  There are no Rule 403 concerns because the jury will have already decided the validity issue and will not hear the willfulness issue—the Court can consider the reexaminations for the purpose of determining willfulness and give them their proper weight.

3.      It would be inefficient and unduly prejudicial to try willfulness to the jury.

The question of willfulness has few—if any—overlapping issues of fact with infringement and invalidity.  *See, e.g.*, *Voda v. Cordis Corp.*, 536 F.3d 1311, 1329 (Fed. Cir. 2008) (rejecting the argument that a new trial on willfulness requires a new trial on infringement).  In addition, if a patent is invalid or not infringed, there is no reason to ever consider willfulness.  *Allergan Inc. v. Pharmacia Corp*, No. 01-141, 2002 U.S. Dist. LEXIS 19811, at *7 n.1 (D. Del. May 17, 2002) (bifurcating willfulness from infringement and validity and indicating that willfulness would be tried in a separate trial "in the event plaintiffs are found to infringe valid patents").  And the issue of willfulness is inherently prejudicial, as it suggests that the accused infringer engaged in some kind of bad behavior.  These reasons are some of

20

many why courts bifurcate willfulness from liability issues.  *Dutch Branch of Streamserve Development AB v. Exstream Software, LLC*, No. 08-343, 2009 U.S. Dist. LEXIS 76006, at *2 (D. Del. Aug. 26, 2009) ("I have determined that bifurcation [of damages and willfulness] is appropriate, if not necessary, in all but exceptional patent cases.").

ePlus does not cite a single case suggesting that there is any relevant overlap of issues between willfulness and invalidity or willfulness and indirect infringement.  In any event, factual overlap alone would not be a sufficient reason to try those matters together.  Acceptance of ePlus's position would require a per se rule that willfulness can never be bifurcated from infringement and invalidity, and that is clearly not the law.  Whether a jury should decide willfulness should be based on the facts and circumstances of this case.  Here, fairness dictates that the court and not the jury should decide the issue.

### C.   The Question of Whether a Permanent Injunction Should Issue is one Solely for the Court.

The issue of whether a permanent injunction, an equitable remedy, should be issued is one to be decided by the judge, not the jury.  35 U.S.C. § 283; *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  It would be inappropriate and an error of law to allow the jury to decide entitlement to an injunction.  Indeed, ePlus does not cite to a single case where a court utilized an advisory jury to decide any factors related to a permanent injunction, and Lawson is unaware of any such cases.  As demonstrated by the Pretrial Order, the parties have already agreed that question of an injunction is an issue solely for the judge.  (Doc. No. 480 at 29 ¶ 10, at 32 ¶ 11.)  ePlus's proposed verdict form is not even consistent with its current position—it includes no fact questions relevant to the injunction factors.  Likewise, the model jury instructions ePlus relies on include nothing that would indicate the jury should be asked to decide any facts related to injunctive factors.

21

Indeed, this highlights why the question of willfulness should not be decided by the jury in this case either.  The issues of public interest, irreparable harm, and balance of harms are solely for the Court to decide when determining injunctive relief, even though infringement and validity may be decided by a jury.  The reason is that those findings relate solely to equitable relief.  Similarly, the willfulness finding relates solely to equitable relief in this case, namely whether to award attorneys' fees, and thus should also be decided by the court and not the jury.

## III.    **CONCLUSION**

For the foregoing reasons, Lawson respectfully requests that this Court determine that ePlus does not have a Seventh Amendment right to a jury in this case and decide willfulness as part of a bench trial.

LAWSON SOFTWARE, INC.


By_____/s/_____
          Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of November, 2010, a true copy of the foregoing will be filed

electronically with the Clerk of Court using the CM/ECF system, which will send a notification

of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*


                            _____/s/_____
                            Dabney J. Carr, IV (VSB No. 28679)
                            Robert A. Angle (VSB No. 37691)
                            Megan C. Rahman (VSB No. 42678)
                            dabney.carr@troutmansanders.com
                            robert.angle@troutmansanders.com
                            megan.rahman@troutmansanders.com
                            **TROUTMAN SANDERS LLP**
                            1001 Haxall Point
                            Richmond, VA 23219
                            Telephone:  (804) 697-1200
                            Facsimile:  (804) 697-1339
                            *Counsel for Defendant Lawson Software, Inc.*