# EXHIBIT 27

```
 1                 IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE EASTERN DISTRICT OF VIRGINIA

 3                          RICHMOND DIVISION

 4


 5    ---------------------------------------
                                             :
 6     ePLUS, INC.                           :   Civil Action No.
                                             :   3:09CV620
 7     vs.                                   :
                                             :
 8     LAWSON SOFTWARE, INC.                 :   September 27, 2010
                                             :
 9    ---------------------------------------

10


11        COMPLETE TRANSCRIPT OF THE FINAL PRETRIAL CONFERENCE

12               BEFORE THE HONORABLE ROBERT E. PAYNE

13                   UNITED STATES DISTRICT JUDGE

14
      APPEARANCES:
15
      Scott L. Robertson, Esquire
16    Michael G. Strapp, Esquire
      Jennifer A. Albert, Esquire
17    Goodwin Procter, LLP
      901 New York Avenue NW
18    Suite 900
      Washington, D.C.  20001
19                                              Volume I of II
      Craig T. Merritt, Esquire
20    Christian & Barton, LLP
      909 East Main Street
21    Suite 1200
      Richmond, Virginia  23219-3095
22    Counsel for the plaintiff

23

24                      Peppy Peterson, RPR
                       Official Court Reporter
25                 United States District Court
```

```
 1   APPEARANCES:  (cont'g)

 2   Dabney J. Carr, IV, Esquire
     Robert A. Angle, Esquire
 3   Troutman Sanders, LLP
     Troutman Sanders Building
 4   1001 Haxall Point
     Richmond, Virginia  23219
 5
     Daniel W. McDonald, Esquire
 6   Kirstin L. Stoll-DeBell, Esquire
     William D. Schultz, Esquire
 7   Merchant & Gould, PC
     80 South Eighth Street
 8   Suite 3200
     Minneapolis, Minnesota  55402
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    you said in open court that you needed to hear the evidence.

2    THE COURT:  I know, but why would I have said it is

3    moot?  It's certainly not moot.

4    MR. ROBERTSON:  I am sorry, sir.  I'm informed now

5    that it was denied without prejudice.

6    THE COURT:  Okay.  Well, I understand that.  Is that

7    the same issue that we're talking about?

8    MS. STOLL-DeBELL:  Yes, Your Honor, and we were

9    talking about the SKUs.  It came up in the context of that,

10   which products were accused because they were trying to include

11   some SKUs in their damages case relating to System Foundation

12   and ProcessFlow, and you asked Mr. Strapp to show you where in

13   Dr. Weaver's report does he accuse System Foundation or

14   ProcessFlow of infringement, and he pointed to that footnote,

15   and I've got a copy of the report here I can show you.  But Dr.

16   Weaver mentions it in a single footnote and says the accused

17   products run on that platform, but the platform itself doesn't

18   make the fact of infringement more or less probable.  It's the

19   same as saying it runs on a computer or you need a monitor to

20   see it.  Yes, the products run on it, but it doesn't impact

21   infringement either way.

22   It wasn't in Dr. -- they didn't do an analysis of

23   those products, System Foundation or ProcessFlow, against the

24   claims.  He says, look, it runs on this platform.  The accused

25   product, S3, runs on this platform, and as far as Smart Office,

Case 3:09-cv-00620-REP   Document 506-1   Filed 11/08/10   Page 5 of 6 PageID# 13130

144

1  doesn't do anything with respect to, say, for perhaps
2  performing the steps of the method claims.  The software
3  sitting there alone doesn't make a fully functional apparatus.
4  It might as well be a doorstop or a paperweight.
5           When you put it on a computer and it's operating,
6  that is an implementation of an infringing system, and when the
7  infringing system requires a foundational software for it to
8  perform, that's also a part of the infringing system.
9           These things come in many separate models, Your
10 Honor, and are put together, and when they are put together,
11 they form infringing systems.  You will see various ways that
12 they can put together these modules to come up with an
13 implementation that either constitutes an infringing system or
14 then can perform the steps of --
15          THE COURT:  Do you have a case that holds what you
16 are saying?
17          MR. ROBERTSON:  I'm sure I can find one.
18          THE COURT:  You better find one, because -- and you
19 better give it to me.  You better brief that issue on the same
20 schedule you brief any other ones.  You start off on
21 October 8th, or --
22          MS. STOLL-DeBELL:  I would note also that this System
23 Foundation, ProcessFlow are used with things that don't relate
24 to the accused software at all.  So it is just like a computer.
25 Like our human resources software runs on System Foundation.

1   It is just like the computer.  It's something that is needed to
2   run the accused software, but that doesn't mean it infringes
3   it, and it doesn't mean that we even need to get into it at
4   trial.
5            If it was so important, Mr. Niemeyer would have
6   explained something more than one little sentence in there.  If
7   it was so important, Dr. Weaver would have said more than you
8   need it to run the software --
9            THE COURT:  I have to agree with you.  I'm baffled by
10  this.  You're going to have to brief and show me how -- A,
11  you're going to have to show me the case law that says you can
12  do what you're trying to do, and, B, you have to show me in
13  Weaver's and Niemeyer's report where they say that, because all
14  I see is one sentence.
15           MR. ROBERTSON:  I will do that, Your Honor.  Mr.
16  Niemeyer remembers just looking at source code, didn't talk
17  about infringement, didn't talk about claims.  That's why his
18  report was fairly focused.
19           Let me just say one other thing, though.  I'd agree
20  with Ms. Stoll-DeBell that when the Lawson Software Foundation
21  is being used with some other modules to make that system
22  operate, it's not an infringement, but when it's being used to
23  make the procurement system operate, that is an infringing
24  system.
25           So we don't accuse it standing alone, or we don't