# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF *e*PLUS INC.'S REPLY IN SUPPORT OF ITS
## MOTION TO EXCLUDE INCOMPLETE ALLEGED PRIOR ART DOCUMENTS
## <u>PURSUANT TO FEDERAL RULES OF EVIDENCE</u>

Craig T. Merritt (VSB #20281)  
Henry I. Willett, III (VSB #44655)  
**CHRISTIAN & BARTON, LLP**  
909 East Main Street, Suite 1200  
Richmond, Virginia 23219-3095  
Telephone: (804) 697-4100  

Michael G. Strapp (admitted *pro hac vice*)  
**GOODWIN PROCTER LLP**  
Exchange Place  
53 State Street  
Boston, MA 02109-2881  
Telephone: (617) 570-1000  

Scott L. Robertson (admitted *pro hac vice*)  
Jennifer A. Albert (admitted *pro hac vice*)  
David M. Young (VSB #35997)  
**GOODWIN PROCTER LLP**  
901 New York Avenue, N.W.  
Washington, DC 20001  
Telephone:  (202) 346-4000  

*Attorneys for Plaintiff, ePlus Inc.*

## I. INTRODUCTION

In its opposition to *e*Plus's Motion to Exclude Incomplete Alleged Prior Art Documents, Defendant offers a laundry list of excuses for its failure to obtain complete versions of DX-121 and DX-122, and belatedly attempts to cure its admittedly "mistaken" representation to the Court that it timely sought copies of the incomplete documents it hopes to use to invalidate *e*Plus's patents. Defendant's supposed cure, however, does nothing more than exacerbate the issue, as the supposedly "complete" documents it has belatedly discovered do not even pertain to the version of the P.O. Writer system that it relies on as prior art. Moreover, every single tortured excuse offered by Defendant to justify its discovery failures is irrelevant, misleading and untrue.

- Defendant, not *e*Plus, bears the burden "to prove *by clear and convincing evidence*" that DX-121 and DX-122 invalidate the asserted patents. *See* Def's Opp. to Mot. to Exclude Proposed Trial Exhibits Relating to Invalidity (Dkt. No. 502, Nov. 11, 2010) at 17 (emphasis in original). Thus, ***Defendant's failure to serve subpoenas on American Tech, American Tech customers, and Ms. McEneny is simply inexcusable***.

- ***Defendant has known all along that DX-121 and DX-122 are incomplete documents***. First, the Table of Contents in DX-122 shows that the complete Purchasing Module manual contains five chapters and two appendices; at most, only chapters one and two of the manual were ever produced by Defendant. Second, *e*Plus informed Defendant that these documents were incomplete on several occasions and lodged an objection under Rule 106 in the Final Pretrial Order.

- ***Although Defendant was on notice that DX-121 and DX-122 were incomplete documents it never bothered to seek the remaining portions of the documents during discovery.*** Instead, Defendant waited until weeks after the Final Pretrial Conference, and only a few weeks before trial, to contact Ms. McEneny and attempt to obtain the portions of DX-121 and DX-122 it had failed to produce during discovery.

- Finally, ***the documents Defendant obtained from Ms. McEneny and belatedly produced to ePlus are not the missing portions of the P.O. Writer v.10 Purchasing Module manual***. Instead, these "missing chapters" are actually from the manual for Version 11 of the P.O. Writer Purchasing Module, a later version of P.O. Writer that Defendant does not even contend is prior art.

Defendant has no excuse, let alone the "substantial justification" required under Rule 37 of the Federal Rules of Civil Procedure, for its failure to discover and produce the missing portions of the P.O. Writer v.10 Purchasing Module manual, and the untimely produced "missing chapters" must therefore be excluded. The "missing chapters" are also inadmissible under Rule 37(c) because the production of these documents only a few weeks before trial has prejudiced *e*Plus. *e*Plus's validity expert did not have an opportunity to review and analyze these documents during discovery and *e*Plus did not have a chance to ask Defendant's technical expert about these documents at his deposition. Additionally, *e*Plus did not have the opportunity to inquire about these documents at the deposition of Ms. McEneny, a witness who is outside the subpoena power of the Court and will not appear live at trial.

Defendant has still not located and produced the missing portions of DX-121 and DX-122 because the "missing chapters" are for a manual concerning a version of the P.O. Writer system that is not even prior art. Because in fairness the remainder of the larger document or documents from which DX-121 and DX-122 are drawn should be considered contemporaneously by the jury, these exhibits are inadmissible pursuant to Rule 106. Additionally, because there is still no evidence that DX-121 and DX-122 are part of the same P.O. Writer Purchasing Module manual that is alleged to be prior art and there is still no documentary evidence that DX-121 is even an excerpt from the Purchasing Module manual for Version 10 of the alleged prior art system, these documents have little or no relevance, would be misleading and unfairly prejudicial, and are therefore inadmissible pursuant to Rules 402 and 403.

## II. ARGUMENT

The Court should exclude the admittedly incomplete exhibits DX-121 and DX-122 pursuant to Federal Rules of Evidence 106, 402 and 403. These excerpted documents are irrelevant, misleading and unfairly prejudicial, and Defendant should not be permitted to attempt

to invalidate *e*Plus's patents based on incomplete documents, particularly where, as here, the substantial missing portions likely relate to the functionality of the alleged prior art software. Defendant's arguments that it was justified in failing to produce the missing portions of DX-121 and DX-122 during discovery and that it has cured any prejudice to *e*Plus by locating and producing the "missing chapters" are specious. Defendant should have produced the missing portions of DX-121 and DX-122 during discovery, and the "missing chapters" it belatedly produced on October 27, 2010 are chapters of a manual that is not even alleged prior art.

### A. Defendant Must Be Sanctioned For Its Failure To Timely Seek And Produce The Missing Portions of DX-121 and DX-122

Defendant should not be permitted to introduce the untimely produced P.O. Writer documents at trial. Federal Rule of Civil Procedure 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Rule 37(c) advisory committee notes emphasize that the "automatic sanction" of exclusion "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37(c) Advisory Committee Notes (1993). Because there was no substantial justification for Defendant's belated production of the purported "missing chapters," and because the timing of Defendant's production of the documents has prejudiced *e*Plus, the "missing chapters" that Defendant produced months after the close of discovery must be excluded under Rule 37(c). Additionally, because these "missing chapters" are not actually the missing portions of DX-121 and DX-122, they are irrelevant and cannot cure the deficiencies that render DX-121 and DX-122 inadmissible pursuant to Rule 106.

3

### 1. There is no justification for Defendant's failure to seek and produce the missing P.O. Writer v.10 documents during discovery.

Defendant *never issued any subpoena to any third party for P.O. Writer v.10 documents* even though, by its own admission, Defendant has asserted that the P.O. Writer v.10 is prior art "since early in this case." Def.'s Opp'n Br. at 2. Defendant half-heartedly tries to blame *e*Plus for its discovery failures, arguing that *ePlus* "had every opportunity to obtain the additional chapters during discovery" and that *ePlus* "avoided asking for the chapters back then." Def.'s Opp'n Br. at 2. *But it was Defendant's burden, not ePlus's burden, to obtain the documents it needs to prove invalidity by clear and convincing evidence at trial*. Defendant has only itself to blame for its failure to specifically ask for any P.O. Writer v.10 documents during discovery.

Defendant's discovery failures are especially inexcusable because it has known all along that DX-121 and DX-122 are incomplete documents. As an initial matter, these documents are *prima facie* incomplete; the Table of Contents in DX-122 indicates that the P.O. Writer Purchasing Module manual consists of five chapters and two appendices. At most, as Defendant acknowledges in its opposition, only two of the chapters of the Purchasing Module manual were ever produced during discovery, and it is not even clear whether these two chapters are from the same Purchasing Module manual. Def.'s Opp'n Br. at 5 n.1. Defendant has thus known from the moment it obtained DX-121 and DX-122 that these were only excerpts of a much larger document or documents. Furthermore, *e*Plus brought this issue to Defendant's attention when it produced the Proposed Findings of Fact and Conclusions of Law from the SAP case on September 21, 2009, and again, on June 9, 2010, when it provided Defendant with the report of its validity expert, Brooks Hilliard. *See* Ex. K (Plaintiff *e*Plus Inc.'s Proposed Findings of Fact and Conclusions of Law, Bates *e*Plus0240269 – *e*Plus0240524) at 130 (stating that the Purchasing Module manual was missing a "cover page as well as Chapters 3-5 and Appendices

4

A and B"); Ex. L (Hilliard Rpt., June 9, 2010) at 41 n.5 (the P.O. Writer v.10 Purchasing Module manual "is supposed to include 5 chapters and Appendices A and B. However, it is incomplete…."). Additionally, Defendant has been aware of *e*Plus's specific objection under Federal Rule of Evidence 106 to DX-121 and DX-122 since no later than August 24, 2010, when *e*Plus raised this issue in correspondence to Defendant's counsel. *See* Ex. M (Email from J. Clements to Defendant's Counsel dated Aug. 24, 2010). *e*Plus included its Rule 106 objections to DX-121 and DX-122 in the Final Pretrial Order filed on August 26, 2010. *See* Ex. N (Final Pretrial Order, Dkt. No. 450, Aug. 26, 2010, App. 6) at 10. Defendant is simply wrong when it claims that "*e*Plus waited to raise the completeness issue until a point in time after which it hoped Lawson could do nothing about it." Def.'s Opp'n Br. at 2.

Although Defendant has long known that DX-121 and DX-122 are incomplete documents, it did not contact Ms. McEneny to check "whether she had copies of the missing sections of the P.O. Writer Manual" until October 11, 2010, and it did not produce the purported "missing chapters" until October 27, 2010. Def.'s Opp'n Br. at 8-9. Defendant's production of the so-called "missing chapters" occurred more than a year after *e*Plus informed Defendant that the Purchasing Module manual was missing "Chapters 3-5 and Appendices A and B," and two months after the parties submitted the Final Pretrial Order in which *e*Plus specifically objected to DX-121 and DX-122 pursuant to Federal Rule of Evidence 106.

Defendant tried to excuse its inaction at the Final Pretrial Conference, arguing that there was no point in contacting Ms. McEneny during discovery because it had already ***"tried to get the documents that she had. She didn't have it. It doesn't exist anymore."*** *See* Pl.'s Opening Br., Ex. A (Final Pretrial Conf. Tr., Vol. I, Dkt. Nos. 484 and 485, Sept. 27, 2010) at 218:20-22. Yet after making this bold, unequivocal assertion in Court, Defendant's counsel decided to

5

contact Ms. McEneny to obtain documents that purportedly didn't "exist anymore." *See* Def.'s Opp'n Br. at 8. Defendant could very well have contacted Ms. McEneny about the "missing chapters" of DX-121 and DX-122 at any time during discovery; it waited instead until months after the close of discovery and only weeks before trial to try to obtain the discovery it needs to meet its burden to attempt to invalidate *e*Plus's patents. There is no justification for Defendant's failure to attempt to procure and to produce the missing portions of DX-121 and DX-122 during discovery.

### 2. Defendant's late production of the purported missing chapters of the P.O. Writer Purchasing Module Manual has prejudiced *e*Plus.

Defendant's decision to produce the purported missing chapters of DX-121 and DX-122 on October 27, 2010, well after the close of fact and expert discovery and only weeks before trial, has prejudiced *e*Plus. First, *e*Plus did not have an opportunity to review these "missing chapters" and take follow-up discovery. Second, *e*Plus's validity expert, Brooks Hilliard, had no chance to analyze the "missing chapters" and opine on those chapters in his expert report or at his deposition. Third, *e*Plus did not have an opportunity to examine Dr. Shamos, Defendant's technical expert, about these documents at his deposition. And fourth, *e*Plus did not have an opportunity to examine Ms. McEneny about the missing documents at her deposition. Because Ms. McEneny is outside the subpoena power of the Court and will not appear at trial, *e*Plus will never have the opportunity to ask Ms. McEneny about the missing documents or inquire about the circumstances under which Ms. McEneny uncovered these documents months after her deposition and well after the close of discovery.[1]

---

[1] Defendant attempts to minimize the prejudice inherent in its untimely production of the "missing chapters" by agreeing "not to seek to admit the missing chapters into evidence" at trial. Def.'s Opp'n Br. at 1. But Defendant's magnanimous offer is a red herring. Regardless of whether Defendant uses the "missing chapters" at trial, *e*Plus has not had ***any opportunity*** during fact or expert discovery to analyze these documents. This prejudice cannot be cured by

6

**B.     The So-Called "Missing Chapters" Must Be Excluded From Evidence Because They Are From P.O. Writer Version 11, A Version Defendant Does Not Even Allege Is Prior Art**

Defendant's blithe suggestion that "*e*Plus's motion is moot" because Defendant belatedly produced the "missing chapters" of Version 10 of the P.O. Writer Purchasing Module manual is simply not true. In fact, the "missing chapters" are not part of the same documents as DX-121 or DX-122, and are not even chapters concerning Version 10 of the P.O. Writer system, the only version of P.O. Writer that Defendant alleges is prior art. The P.O. Writer Purchasing Module manual that Defendant produced to *e*Plus on October 27, 2010 is instead a P.O. Writer Purchasing Module manual for Version 11, not Version 10 of the P.O. Writer system. This is evident from the Appendix of the untimely-produced manual, which states that the manual is for "Version 11.0" of the P.O. Writer system. *See* Ex. O (Bates L0417616 – L0418038) at L0418001. It is also apparent that the so-called "missing chapters" are not actually the real missing chapters because chapters 1 and 2 of the newly-produced Version 11 Purchasing Module manual are different than the already-produced Purchasing Module manual chapters 1 and 2, DX-121 (Chapter 2) and DX-122 (Chapter 1).[2] *Compare, e.g.*, DX-121 at L0126720 *with* L0417616 at L0417631 (listing chapter 2-22 in the Version 11 Purchasing Module manual which is not present in DX-121); and *compare* DX-122 at L0126512 *with* L0417616 at L0417627

---

Defendant's offer not to use the "missing chapters" at trial. Moreover, exclusion of the belatedly produced documents alone would not remedy Defendant's improper use of the incomplete P.O. Writer documents; the incomplete P.O. Writer documents, DX-121 and DX-122, must also be excluded.

[2]     As is noted below, there is no admissible evidence that DX-121 and DX-122 are even part of the same Purchasing Module manual. *See infra* at 9-10. Regardless, what is abundantly clear is that DX-121 and DX-122, chapters 1 and 2 of a Purchasing Module manual or manuals that have already been produced, are not the same as chapters 1 and 2 of the Version 11 Purchasing Module manual that Defendant produced on October 27, 2010.

7

(discussing features of System Message Bar in the Version 11 Purchasing Module manual that do not appear in DX-122).

Defendant acknowledges in its Opposition that it has never alleged that Version 11 of the P.O. Writer system is prior art and that its invalidity allegations are limited solely to Version 10 of the P.O. Writer system. For example, Defendant agrees that it has only "asserted that the *P.O. Writer Plus Version 10 Manual* is both a § 102(b) prior art printed publication and evidence that the P.O. Writer system was on sale and in public use." Def.'s Opp'n Br. at 2 (citing Def.'s Second Supplemental Statement of Invalidity Defenses at 2-3). Therefore, the untimely produced P.O. Writer Purchasing Module Manual Version 11 concerns a version of the P.O. Writer system that is not at issue in this case, that was not mentioned in Defendant's Second Supplemental Statement of Invalidity or in the expert report of Dr. Shamos, and that must therefore be excluded from trial.[3]

### C. DX-121 and DX-122 Are Still Incomplete Documents And Must Be Excluded Pursuant To Federal Rules Of Evidence 106, 402 and 403

DX-121 and DX-122 are still incomplete documents because Defendant has not produced the missing chapters and appendices of the P.O. Writer v.10 Purchasing Module manual. Accordingly, these documents must be excluded under Federal Rules of Evidence 106, 402 and 403.

#### 1. DX-121 and DX-122 are inadmissible under Rule 106.

Defendant argues in its opposition that Rule 106 is inapplicable because *e*Plus can only speculate about the contents of the missing chapters of the P.O. Writer v.10 Purchasing Module

---

[3] Ironically, Defendant produced the untimely and irrelevant P.O. Writer Purchasing Module Manual Version 11 as "Confidential," emphasizing that it cannot constitute prior art that is required to be "publicly available," and forcing *e*Plus to file the manual under seal. *See* Ex. O. This is but another reason that this manual must be excluded.

8

manual and "this is insufficient grounds for exclusion because *e*Plus bears the burden of proving prejudice." Def.'s Opp'n Br. at 1. Defendant's argument turns the letter and spirit of Rule 106 on its head. The purpose of the "completeness" rule codified in Rule 106 is "to make sure that a misleading impression created by taking matters out of context is corrected on the spot, because of the inadequacy of repair work when delayed to a point later in the trial." *United States v. LeFevour*, 798 F.2d 977, 981 (7th Cir. 1986). Thus, if a portion of a document "is necessary to correct a misleading impression, then either it is admissible . . . or, if it is inadmissible . . . ***the misleading evidence must be excluded too.***" *Id.* (emphasis added). Here, where Defendant has the burden of proving invalidity by clear and convincing evidence, yet did not make ***"a good faith effort to capture the whole" of DX-121 and DX-122, exclusion of the incomplete P.O. Writer v.10 manual is appropriate under the "fairness" criterion of Rule 106***. 21A, C. WRIGHT & A. GRAHAM, FEDERAL PRACTICE & PROCEDURE, § 5073.1, p. 433 (2005) (emphasis added).

Defendant's reliance on *United States v. Ferguson*, 2010 WL 3521992 (4th Cir. Sept. 9, 2010), as authority for the proposition that Rule 106 doesn't require the exclusion of DX-121 and DX-122 is misplaced. As *e*Plus noted in its opening brief, *Ferguson* is neither binding precedent nor is it on all fours with this case. *Ferguson* stands only for the proposition that an excerpt of a larger document ***may*** be admissible if (1) there was definitive evidence that the remainder of the document was ***destroyed***; and (2) the party seeking to introduce the incomplete document was not responsible for the destruction of the document and had not otherwise acted in bad faith. 2010 WL 3521992 at *1. Unlike the facts in *Ferguson*, here there is ***no*** evidence that the missing portions of DX-121 and DX-122 were either destroyed or do not exist. In fact,

9

Defendant, contrary to its representation to the Court at the Final Pretrial Conference, was able to rustle up additional P.O. Writer documents simply by placing a telephone call to Ms. McEneny.

### 2. DX-121 and DX-122 are also inadmissible under Rules 402 and 403.

DX-121 and DX-122 should also be excluded under Rules 402 and 403. First, DX-121, chapter 2, should be excluded under Rules 402 and 403 because it is an undated excerpt of a larger document with no copyright marking, and therefore Defendant cannot establish that DX-121 is prior art to the patents-in-suit. Indeed, Defendant cannot even establish that DX-121 is a document that describes the relevant version—Version 10—of the P.O. Writer system, the only version of P.O. Writer that Defendant alleges invalidates *e*Plus's patents. As purported corroborating evidence, Defendant cites only self-interested deposition testimony from Ms. McEneny, who baldly asserted in response to a leading question from Defendant's counsel that DX-121 predates the 1994 priority date at her deposition. Def.'s Opp'n Br. at 17. As a matter of law, however, neither Ms. McEneny's unsupported testimony about an allegedly 17-year old document—testimony that *e*Plus will not have an opportunity to test at trial—nor the undated document itself can provide the clear and convincing evidence required to invalidate *e*Plus's patents, and DX-121, for that reason alone, must be excluded. *See, e.g., Juicy Whip, Inc. v. Orange Bang, Inc.,* 292 F.3d 728, 743 (Fed. Cir. 2002); *Finnigan Corp. v. Int'l Trade Comm'n,* 180 F.3d 1354, 1369-70 (Fed. Cir. 1999); *Woodland Trust v. Flowertree Nursery, Inc.,* 148 F.3d 1368, 1369 (Fed. Cir. 1998) ("[b]ecause uncorroborated oral testimony, particularly that of interested persons recalling long-past events, does not, of itself, provide the clear and convincing evidence required to invalidate a patent on this ground [prior knowledge and use by others], the judgment is reversed"). **Defendant addresses none of this controlling case law—cited in *e*Plus's opening brief—in its Opposition.**

Both DX-121 and DX-122 are also inadmissible pursuant to Rule 403 because even if these excerpted, incomplete documents have some minimal probative value, that probative value is substantially outweighed by the danger of unfairly prejudicing *e*Plus and misleading the jury. Defendant's deliberate decision not to subpoena Ms. McEneny or American Tech or American Tech's customers for P.O. Writer documents means that *e*Plus has no recourse under Rule 106 to require that Defendant introduce at trial the remaining portions of DX-121 and DX-122, as fairness would demand. The substantial missing portions of these documents are likely to contain additional information regarding whether the documents qualify at all as prior art, and also regarding the functionality of this alleged prior art software.

## III. CONCLUSION

Rule 106 recognizes that there is a substantial danger of unfair prejudice inherent in admitting only an excerpt of a document into evidence, out of its proper context, without giving the party against whom admission is sought the opportunity to demand that the full document be introduced. *e*Plus cannot avail itself of this remedy because Defendant failed to make any effort during discovery to seek the complete manuals from which DX-121 and DX-122 were purportedly excerpted, even though it has known for over a year that these documents were incomplete. Defendant's untimely and unsuccessful effort to obtain the remaining portions of DX-121 and DX-122 only underscores why this Court should exclude these documents. Accordingly, for the foregoing reasons and for all the reasons set forth in its opening brief, *e*Plus respectfully requests that its objections to DX-121 and DX-122 be sustained, and that these exhibits be excluded from evidence at trial pursuant to Federal Rules of Evidence 106, 402 and 403.

Respectfully submitted,

November 8, 2010 /s/

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com

Attorneys for Plaintiff *e*Plus Inc.

12

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of November, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

           /s/
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

13