# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) CIVIL ACTION NO. 3:05cv281 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAP AMERICA, INC., | ) |
| and SAP AG, | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF ePLUS INC.'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW

Maya M. Eckstein (VSB # 41413)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074

Scott L. Robertson
Jennifer A. Albert
Yisun Song (VSB #45881)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, DC 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Thomas J. Cawley (VSB # 04612)
David M. Young (VSB #35997)
**HUNTON & WILLIAMS LLP**
1751 Pinnacle Drive, Suite 1700
McLean, VA 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410

415. Each license agreement for each version of the PO Writer Plus product included an explicit provision prohibiting the disclosure or copying of the software as well as the User's Manuals.

> Client acknowledges the proprietary nature of P.O. WRITER PLUS and agrees not to make copies of P.O. WRITER PLUS software or User's Manuals. Client is aware that American Tech, Inc. will vigorously prosecute anyone who makes unauthorized copies of its software and User's Manuals, and client will be responsible for all loss of profits and costs of prosecution in the event of such duplication.

DX 650 at POWriter_0000002, ¶ 4. *See also* DX 651 at POWriter_0000004, ¶ 4; DX 652 at POWriter_0000011, ¶ 4; DX 653 at POWriter_0000014, ¶ 4; DX 654 at POWriter_0000018; DX 655 at POWriter_0000020, ¶ 4; and DX 656 at POWriter_0000022, ¶ 4.

416. The PO Writer Plus manuals also included the following express prohibition of disclosure or copying, in addition to the license provision prohibiting disclosure of the manuals:

> No part of this work may be reproduced or used in any way for or by any means -- graphic, electronic, or mechanical, including photocopying, recording, taping, or information storage and retrieval systems -- without express permission from American Tech, Inc.

DX 320 at SAP_0803283 (from manual for Purchasing Module, Software Version 10.0). (This manual (pages SAP_0803284-3242 of DX 320) is missing its cover page as well as Chapters 3-5 and Appendices A and B.) *See also* DX 320 at SAP_0803543 (from manual for Receiving Module, Software Version 10.0); DX 320 at SAP_0803944 (from manual for Security Administrator's Guide, Software Version 10.0); DX 320 at SAP_0804009 (from manual for Supplier Performance Module, Software Version 10.0).

417. It is noted that the last manual that has been incorporated into the sixteen manual compilation of DX 320 is missing its cover page as well as the copyright page, but indicates that it relates to a Requisitioning Interface. The Court finds that because there is no way to date this

130

manual or otherwise determine the version of the PO Writer Plus to which it relates, this manual (DX 320) cannot serve to corroborate the purported existence of such functionality with respect to version 10.0.

418.   Moreover, the compilation of sixteen manuals included in DX 320 (labeled as the set of manuals associated with PO Writer Plus version 10.0) is noticeably lacking a user's manual related to the Purchase Requisitioning Module.  Thus, the Court finds that DX 320 fails to corroborate the existence of a Purchase Requisitioning module in version 10.0 of the PO Writer Plus product.

419.   SAP further failed to proffer clear and convincing evidence that version 10.0 of the PO Writer Plus product including the optional Purchase Requisitioning, Requisition Interface and Inventory Control modules, could perform each and every element recited in the methods of claims 26-30 and 45 of the '683 Patent for a number of reasons.

420.   Each of claims 26-30 of the '683 Patent requires that the electronic sourcing system maintain at least two product catalogs on a database containing data relating to "items associated with the respective sources."  Claim 45 of the '683 Patent requires that the system maintain a database containing data relating to "items associated with at least two vendors."

421.   It was undisputed that the item data that could potentially be maintained in the "catalog" database of the PO Writer Plus system were not "associated with the sources" from which a prospective buyer user of the PO Writer Plus product would purchase a requisitioned item.  As Mr. Fielder acknowledged, there was not even a vendor or supplier field associated with an item in the catalog database.  Tr. at 2127:25-2128:1 (Fielder Direct) ("That catalog may or may not be associated with a supplier."); 2030:23-2031:8 (Fielder Direct).

131

Respectfully submitted,

Dated: August 15, 2006

*Shelley L. Spalding*

Shelley L. Spalding (VSB #47112)
Maya M. Eckstein (VSB # 41413)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074

Scott L. Robertson
Jennifer A. Albert
Yisun Song (VSB #45881)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, DC 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Thomas J. Cawley (VSB # 04612)
David M. Young (VSB #35997)
**HUNTON & WILLIAMS LLP**
1751 Pinnacle Drive, Suite 1700
McLean, VA 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410

ePLUS0240523

## CERTIFICATE OF SERVICE

I certify that on this 15th day of August, 2006, a copy of the foregoing **PLAINTIFF ePLUS INC.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** was delivered:

Via hand delivery and via email transmission to:

Dabney J. Carr, IV, Esq.
Robert A. Angle, Esq.
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219

Via overnight courier and via email transmission to:

Lloyd R. Day, Jr., Esq.
Robert M. Galvin, Esq.
Christopher E. Stretch, Esq.
Julie S. Turner, Esq.
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014

Counsel for Defendants SAP America, Inc. and SAP AG