IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF *e*PLUS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE DEFENDANT'S PROPOSED TRIAL EXHIBITS RELATING TO INVALIDITY THEORIES NOT DISCLOSED IN THE COURT-ORDERED SECOND SUPPLEMENTAL INVALIDITY STATEMENT OR RELIED UPON BY DEFENDANT'S INVALIDITY EXPERT**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

*Attorneys for Plaintiff, ePlus, Inc.*

## I. INTRODUCTION

*e*Plus again asks the Court to reaffirm what it has already ordered at least six times: that Defendant's invalidity defenses at trial are limited to the theories and references disclosed in the Court-Ordered Second Supplemental Invalidity Statement ("Second Supplemental Statement"). Defendant's argument that it should be excused from sanction for disregarding the Court's numerous orders because steps can be taken to minimize the prejudice to *e*Plus misses the point. The Court's orders mean what they say. Defendant should not be permitted to introduce invalidity theories and references not disclosed in the Second Supplemental Statement and the Shamos Invalidity Report. Not only is there manifest prejudice that would result from admission of DX 97, DX 98 and DX 112 at trial since none of these references were properly disclosed during discovery, but it would also be fundamentally unfair to permit Defendant to again skirt the Court's repeated orders. Indeed, Defendant continues to force *e*Plus to file the same motion over and over, forcing *e*Plus to expend unnecessary time and resources on these motions.

Each fact underlying *e*Plus's motion is ***undisputed***:

- On March 26, 2010, the Court ordered Defendant to identify ***each invalidity theory and each invalidity reference*** that it intended to rely upon at trial in the Second Supplemental Statement, specifically directing Defendant that it is "not sufficient to tell somebody some [prior art system]." Dkt. No. 493-2 at 7:19 – 8:15.

- In the Second Supplemental Statement served April 9, 2010, ***Defendant did not identify DX 97, DX 98 or DX 112***. Dkt. No. 493-3 at 3, 5.

- ***Dr. Shamos does not cite or rely on DX 112 and Defendant never disclosed DX 112 in its responses to ePlus interrogatories***. Dkt. No. 493-7 at ¶¶ 230-236; Dkt. No. 493-8; Dkt. No. 493-9.

- DX 97 relates to the J-CON system as it purportedly existed in ***October 1989*** and DX 98 relates to the J-CON system as it purportedly existed in ***March 1993***. ***But only "[t]he J-CON system as described in the [April 1994] J-CON Manual" is disclosed in the Second Supplemental Statement and in the Shamos Invalidity Report.*** Dkt. No. 493-3 at 3, 5; Dkt. No. 493-7 at ¶¶ 230-236.

1

- *Dr. Shamos does not rely on any documents* (much less DX 97 and DX 98) *to support his opinions that the alleged J-CON prior art system renders the asserted claims obvious*.  Dkt. No. 493-7 at ¶¶ 230-236.

- *Whether the J-CON system anticipates the asserted claims is no longer a triable issue.*  Docket No. 382; Dkt. No. 493-6 at 183:24 – 184:12.

- *The Court has never permitted Defendant to introduce at trial invalidity references not disclosed in the Second Supplemental Statement.*

Defendant attempts to evade the undeniable consequence of these undisputed facts by arguing that the Court's orders should no longer apply since the undisclosed exhibits are cumulative of other exhibits.  But even if Defendant is correct, and it most certainly is not, DX 97, DX 98 and DX 112 would be inadmissible since they are duplicative of exhibits already in evidence and any minor relevance is substantially outweighed by the undue prejudice to *e*Plus and the danger of unnecessary jury confusion.  Defendant also strangely suggests that DX 97, DX 98 and DX 112 should be admissible because *SAP* may have used these exhibits in the *SAP* trial.  Defendant's contention that it is entitled to rely on *any* invalidity evidence from the SAP or Ariba trials regardless of whether it was disclosed *in this case* is essentially an argument that the Second Supplemental Statement and the Court's Orders are meaningless.

As it has done several times before, this Court should once again grant *e*Plus's motion limiting Defendant to invalidity theories and references disclosed in the Court-Ordered Second Supplemental Statement.

II.  **ARGUMENT**

    A.  **Admission of DX 97 And DX 98 Constitutes New Alleged Prior Art Theories Involving the J-CON System And Any Minor Relevance Is Substantially Outweighed By Undue Prejudice to *e*Plus**

It is undisputed that DX 97 and DX 98 relate to versions of the J-CON system that differ from the April 1994 version that Defendant disclosed and relied on in its Second Supplemental Statement.  Thus, DX 97 and DX 98 relate to new theories of invalidity.  Defendant argues that it

should be entitled to introduce evidence of any previous version of J-CON because it expects at trial to be able to match elements from earlier versions to the version disclosed in the Second Supplemental Statement.  Defendant's argument is logically flawed; while a 1994 Ford Mustang may contain a steering column from a 1993 model or even a wheel pump from a 1989 model, the 1994 vehicle is still not the same vehicle as a 1993 or 1989 vehicle.  Because ***every module*** discussed in the J-CON Manual Vol. 1 (*i.e.,* the document disclosed in the Second Supplemental Statement) is dated either ***January 1994 or February 1994***, Dkt. No. 493-6, testimony and evidence about DX 97 and DX 98, exhibits that feature ***1989 and 1993*** versions of the J-CON system, are either irrelevant or would serve only to confuse the jury.  Defendant's interpretation of the Court's unambiguous order – which requires it to ***fully and specifically disclose*** its invalidity theories and references in the Second Supplemental Statement – is contrary to the plain language of the order and would grossly expand the scope of evidence Defendant could offer at trial to include prior versions of any alleged prior art systems disclosed in the Second Supplemental Statement.  Defendant's flip-flop is especially egregious given the fact that it previously touted to *e*Plus that it "***complied with [the Court's March 26] order by reducing the number of references relied upon***."  Dkt. No. 493-5 at 2.

      DX97 and DX98 are also inadmissible because Defendant seeks to use these exhibits to prove that J-CON ***renders obvious asserted claims*** even though ***Defendant cannot and does not dispute that Dr. Shamos's claim chart contains only J-CON anticipation, but not obviousness, theories***.  *See, e.g.,* Opp. at 6-9 (pasting excerpt) and Opp. at Ex. 5 (attaching excerpt).  Indeed,

3

the Court **struck all** of Dr. Shamos's anticipation theories relating to the J-CON system when it granted *e*Plus's Motion *in Limine* No. 2.[1]

An expert cannot simply re-label his anticipation opinions as obviousness opinions. *ATD Corp. v. Lydall, Inc.*, 159 F. 3d 534, 546 (Fed. Cir. 1998) (reversing jury verdict finding claims obvious where Defendant's expert offered conclusory expert obviousness opinions, relied on the same references as it used for anticipation and evidence taught away from combining references); *see also Izumi Prods. Co. v. Koninklijke Philips Electronics N.V.*, 140 Fed. Appx. 236, 244 (Fed. Cir. 2005); *Orion IP, LLC v. Mercedes-Benz USA, LLC*, 2008 WL 5378040, *3 (E.D. Tex. 2008), *rev'd on other grounds*, 605 F.3d 967 (Fed. Cir. 2010). Not surprisingly, Defendant does not cite any legal support for its suggestion that anticipation (*i.e.* 35 U.S.C. § 102) and obviousness (*i.e.* 35 U.S.C. § 103) are "redund[ant]." Opp. at 11. Nor could it. Just as the Court ordered that Dr. Shamos cannot re-label his excluded invalidity opinions as to the Lawson legacy systems as "non-infringement opinions," it should similarly order that Dr. Shamos cannot re-label his excluded J-CON anticipation theories as J-CON obviousness theories. Defendant should not be permitted to do through the proverbial back door that which it has been expressly prevented from doing by this Court's prior orders.

Dr. Shamos does not rely on DX 97, DX 98 or any other document to support his claim that any combination of prior art involving J-CON renders obvious the patents-in-suit. Instead Dr. Shamos offers only the conclusory allegation that the combinations of J-CON and the Dworkin '940 patent and J-CON and P.O. Writer render obvious the patents-in-suit "[t]o the extent that J-CON is not deemed to anticipate any Asserted Claim." Dkt. No. 493-7 at ¶¶ 230-

---

[1] Defendant disclosed in the Second Supplemental Statement that the alleged prior art J-CON system anticipated only claim 6 of the '683 patent. Since *e*Plus no longer is asserting claim 6, there is no triable issue of whether the J-CON system anticipates any of the asserted claims.

236. Since Dr. Shamos cannot opine at trial that J-CON anticipates any of the patents-in-suit, *there is no underlying basis for his assertion that J-CON, in combination with other references, renders the patents-in-suit obvious*.[2]

None of Defendant's excuses, misdirection and attorney argument can remedy the latent defects in Dr. Shamos's report.

### B. Defendant Should Not Be Allowed to Rely On DX 97, DX 98 or DX 112 As "Additional Evidence" Of Alleged Invalidity Since It Was Not Disclosed In the Court-Ordered Second Supplemental Statement

When it ordered Defendant to file the Second Supplemental Statement the Court specifically held that Defendant must identify *all* invalidity theories and *all* invalidity references that it intended to rely upon at trial. The Court's order is clear:

> THE COURT: Wait a minute, Mr. McDonald. You told me you were going to have seven or eight, and I want you to do them like I said; claim-by-claim, element-by-element. What is it that in the prior art invalidates it? And then you *take the page of the prior art, and not only do you write it out, you highlight it, and you hand it to them*.
>
> They don't have to answer anything until you start doing it right and until *you cut down your references* and make them specific. *It's not sufficient to tell somebody some saber* [sic] *system or some whatever it is*. I know that you said that you all gave them the page number, but *that's not enough*. That *doesn't do what I asked you to do*. You-all have complicated the case unnecessarily.

Dkt. No. 493-2 at 7:19 – 8:15 (emphasis added). In granting *e*Plus's second motion *in limine*, the Court reiterated its reasons for ordering the Second Supplemental Statement, noting that the

---

[2] Defendant's contention that requiring Dr. Shamos to set forth his obviousness opinions with specificity "makes no sense" and is "a waste of time and waste of paper" rings especially hollow because, when it chose to actually assert obviousness allegations, Dr. Shamos and Defendant asserted those allegations with specificity and did not simply piggy-back obviousness contentions on anticipation allegations. *Compare, e.g.,* Ex. K (Shamos Invalidity Report) at ¶¶ 213-228 (attached hereto) *with* Dkt. No. 493-7 at ¶¶ 230-236.

5

Court's orders are "***not just pro forma requirements of throwing up pieces of paper into the file that contain something about invalidity***." Dkt. No. 493-6 at 183:24 – 184:12 (emphasis added).

Although the Court has not vacated either of its explicit Second Supplemental Statement Orders, Defendant argues that it should be permitted to rely on additional evidence beyond what it disclosed in the Second Supplemental Statement. Defendant makes this argument not by suggesting that the Court was unclear in ordering that Defendant fully disclose its invalidity theories and evidence in the Second Supplemental Statement, but instead by suggesting that Defendant should be granted some leeway because *e*Plus was not required to disclose every piece of evidence it would use at trial to prove infringement in its December 2009 infringement contentions so long as it did not add new theories of infringement. Defendant's argument studiously ignores the context for this order – context that is inapposite here. Among other things:

- Defendant delayed producing documents and source code to *e*Plus.

- Defendant supplemented its responses to noninfringement contention interrogatories after December 2009.

- Defendant did not timely provide *e*Plus with the demonstration system *e*Plus needed to develop its trial evidence.

- *e*Plus had to depose multiple Defendant 30(b)(6) witnesses on the same topics because Defendant's witnesses were unprepared.

- Defendant forced *e*Plus to seek third party discovery from Defendant's customers to get the full story about the accused systems.

- Defendant produced millions of pages of documents requiring thousands of hours of review as well as several months of discovery.

Indeed, after "finding that the Plaintiff properly disclosed its contentions as required by Court Order governing disclosure of infringement contentions," the Court denied Defendant's motion in full. Dkt. No. 358 (Order) (July 23, 2010). In contrast, after Defendant twice failed to

6

adequately and timely set forth its invalidity contentions, the Court specifically ordered Defendant to disclose *each theory and each reference* it would rely on at trial in the Second Supplemental Statement. Put simply, each of Defendant's invalidity theories and references (including the newly disclosed theories discussed in DX 97, DX 98 and DX 112) are publicly available (and – as Defendant points out – are the same theories raised in the SAP case) and the Court explicitly required Defendant to disclose *all of those theories and references* in the Second Supplemental Statement if it intended to rely on the evidence at trial.

DX 97, DX 98 and DX 112 are also inadmissible because Dr. Shamos did not rely on any of these exhibits to support opinions in his invalidity report regarding triable issues. Defendant has no excuse for its failure to disclose DX 97, DX 98 and DX 112 in its Second Supplemental Statement and no excuse for Dr. Shamos's failure to cite the exhibits to support opinions that will be at issue at trial.

Defendant now argues that it can introduce *any invalidity evidence from the SAP trial even if that evidence was not disclosed* in the Second Supplemental Statement or in its interrogatory responses. Again, the Court could not have contemplated allowing such action in ordering Defendant to fully disclose its invalidity theories and references. And each of Defendant's justifications is baseless since one of the Court's principal purposes in ordering the Second Supplemental Statement was to compel Defendant to *limit the number of prior art theories and references it would rely on at trial*.

It is undisputed that DX 112 is not disclosed in (1) Defendant's interrogatory responses, (2) the Second Supplemental Statement or (3) Dr. Shamos's invalidity report. It is similarly undisputed that Defendant did not disclose DX 97 and DX 98 in the Second Supplemental Statement and Dr. Shamos did not rely on either exhibit to support his so-called obviousness

7

theories. As the Court has made clear, if Dr. Shamos cannot tie a specific prior art reference to the asserted claims, the reference is either not relevant or any minor relevance is outweighed by the undue prejudice to *e*Plus. *See also Marine Polymer Techs., Inc. v. HemCon, Inc.*, 2010 WL 1451203, *3 (D.N.H. Apr. 8, 2010). Defendant does not cite any contrary authority. Even if Defendant is correct that DX 112 "depicts the same system described in the TV/2 documents," DX 112 would be minimally relevant, duplicative and any relevance outweighed by undue prejudice to *e*Plus and the danger of jury confusion. Either way, the minimum relevance is substantially outweighed by the undue prejudice to *e*Plus.

The Court's discovery rules are designed to prevent trial by ambush. Defendant had an obligation to disclose the specific prior art references it would rely upon at trial during discovery in this case. It failed to do so.

## III. CONCLUSION

Defendant does not and cannot deny that the Court has repeatedly ordered that Defendant can only offer at trial invalidity theories and references disclosed in the Second Supplemental Statement. As stated in its correspondence, Defendant has always understood what the Court wanted Defendant to do in the Second Supplemental Statement: "***reduc[e] the number of [invalidity] references relied upon***." Dkt. No. 493-5. Defendant never disclosed DX 97, DX 98 and DX 112 in its Second Supplemental Statement and none of these documents is relied upon by Dr. Shamos to support invalidity theories available to Defendant at trial. In ordering Defendant to serve the Second Supplemental Statement, the Court already gave Defendant a second bite at the apple. Defendant does not and should not get a third bite. *e*Plus's motion should be granted.

Respectfully submitted,

November 8, 2010

/s/
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com

Attorneys for Plaintiff *e*Plus Inc.

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE DEFENDANT'S PROPOSED TRIAL EXHIBITS RELATING TO INVALIDITY THEORIES NOT DISCLOSED IN THE COURT-ORDERED SECOND SUPPLEMENTAL INVALIDITY STATEMENT OR RELIED UPON BY DEFENDANT'S INVALIDITY EXPERT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

***Counsel for Defendant Lawson Software, Inc.***

/s/
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

LIBA/2128758.5