IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

Defendant Lawson Software, Inc. ("Lawson") hereby submits its objections to Plaintiff ePlus Inc.'s ("ePlus") Revised Proposed Jury Instructions. Failure to object to an instruction that is based on a previous order of the Court, such as those instructions related to claim construction, should not be deemed to waive Lawson's right to appeal the Court's orders underlying those instructions. Lawson reserves the right to propound further objections to any of ePlus's Propose Jury Instructions and does not waive any objections not specifically articulated at this time. General and specific objections to ePlus's proposed instructions can be found in the table below.

| **Instruction (and page)** | **Objection (and explanation)** |
|---|---|
| Generally | Lawson hereby objects to Plaintiff's Proposed Instructions to the extent that they include provisions discussing willful patent infringement. Lawson moved the Court to exclude evidence of willfulness from being tried to the jury. (Dkt. No. 496.) ePlus initially opposed that motion. (Dkt. No. 501.) On November 22, 2010, ePlus agreed to drop its opposition to Lawson's motion. The jury need not be instructed on the issue of willfulness and any portion of any instruction discussing willfulness should be omitted. |
| P-1 (1) | Lawson hereby objects to Plaintiff's Proposed Instruction P-1 on the basis that the sentence, "The patents involved in this case relate to electronic sourcing and procurement software, and related business applications, services, systems and methods," is over-inclusive as to the subject matter claimed in the patents in suit. The sentence should read, "The patents involved in this case relate to electronic sourcing and procurement software, systems, and methods." |
| | Lawson hereby objects to Plaintiff's Proposed Instruction P-1 on the basis that the instruction mischaracterizes the rights provided under 35 U.S.C. § 283. In view of the Supreme Court's *eBay* case a patent does not provide a "right" to exclude, only to bring a claim for infringement, with an injunction being one potential remedy. In view of *eBay*, this instruction should make clear that the right a patent provides is the right *to bring suit* to prevent others from using the claimed invention and/or to obtain compensation for using the claimed invention. |
| P-1 (2) | Lawson hereby objects to Plaintiff's Proposed Instruction P-1 based on the fact that, in the last full paragraph of page 2, it includes language indicating that "More often that not" a patent application is initially rejected by the PTO. This language understates the significance of a rejection and its probative weight regarding the validity of the claim. Moreover, the sentence is confusing because initial rejections can be issued for a wide variety of reasons that have no bearing on the issues in this case or on the actual rejections in this case. The sentence at issue should be changed to read, "In an initial office action the patent examiner may reject the claims." |
| P-1 (4) | Lawson hereby objects to Plaintiff's Proposed Instruction P-1 to the extent that, in the third full paragraph on page 4, it refers to willful infringement in the final two sentences. In this case, willfulness will not be tried to the jury and the last two sentences of this paragraph should be omitted. |
| P-1 (4) | Lawson hereby objects to Plaintiff's Proposed Instruction P-1 to the extent that, at multiple places on page 6, it refers to willful infringement. As willfulness will not be tried to the jury, these provisions discussing willfulness should be omitted. |

| | |
|---|---|
| P-3 (8) | Lawson hereby objects to Plaintiff's Proposed Instruction P-3 to the extent that enumerated issue 7 relates to willful infringement. As willfulness will not be tried to the jury, these provisions discussing willfulness should be omitted. |
| P-6 (11) | Lawson hereby objects to Plaintiff's Proposed Instruction P-6 to the extent that the instruction does not clarify that the use of a Court-construed term by a fact witness or in a document does not necessarily comport with the Court's construction. Further explanation should be added to the end first paragraph of the Proposed Instruction that reads, "As I will explain later, if a fact witness in testimony or a document uses the same word or phrase from a claim term, it does not necessarily mean that such use of that word or phrase has the same meaning that this Court has determined it to mean in the context of the claim terms. Similarly, if a document introduced into evidence uses the same word or phrase from a claim term, it does not necessarily mean that such use of the word or phrase has the same meaning that the Court has determined it to mean in the context of the claim terms." |
| P-10 (19) | Lawson hereby objects to Plaintiff's Proposed Instruction P-10 on the basis that the instruction mischaracterizes the rights provided under 35 U.S.C. § 283. In view of the Supreme Court's *eBay* case a patent does not provide a "right" to exclude, only to bring a claim for infringement, with an injunction being one potential remedy. In view of *eBay*, this instruction should make clear that the right a patent provides is the right *to bring suit* to prevent others from using the claimed invention and/or to obtain compensation for using the claimed invention. |
| | Lawson hereby objects to Plaintiff's Proposed Instruction P-10 based on the fact that the instruction fails to explain that infringement needs to be determined on a claim-by-claim and product-by-product basis. A sentence should be added to the end of the instruction that states, "Both direct and indirect infringement must be determined on a claim-by-claim and product-by-product basis." |
| P-12 (22) | Lawson hereby objects to Plaintiff's Proposed Instruction P-12 based on the fact that the last sentence of the second paragraph of the instruction includes an incomplete recitation of the law on joint infringement. This sentence should be modified to make clear that joint infringement can only occur where Lawson performs at least one of the limitations of the claimed method. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008). |
| P-13 (23) | Lawson hereby objects to Plaintiff's Proposed Instruction P-13 because it is not supported by applicable case law. A finding of direct infringement based on the actions of multiple parties is only appropriate where the plaintiff demonstrates that the accused infringer directed or controlled the action of the other parties practicing limitations of the asserted claims. Proposed Instruction P-13 ignores this requirement. *See* Exhibit A, attached. |
| P-14 (24) | Lawson hereby objects to Plaintiff's Proposed Instruction P-14 because it is not supported by applicable case law. Only those claim elements |

| | |
|---|---|
| | specifically reciting capability can be infringed by a product that is "capable of" infringement. In this case, many of ePlus's asserted claim elements do not recite such capability and cannot be satisfied by a product that, as sold, is merely capable of being modified to include such element. *See* Exhibit B, attached. |
| P-15 (25) | Lawson hereby objects to Plaintiff's Proposed Instruction P-15 because it does not clarify that infringement by inducement must, like direct infringement, be determined on a claim-by-claim basis. At the end of the instruction, an additional sentence should be added that reads, "As with direct infringement, infringement by inducement must be demonstrated on a claim-by-claim and product-by-product basis." |
| | Lawson hereby objects to Plaintiff's Proposed Instruction P-15 to the extent that it does not clarify that "deliberate indifference" to a patent requires a greater showing than simply that Lawson, arguably, should have known of the patent. *SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360, 1376-77 (Fed. Cir. 2010), *cert. granted*, ___ S.Ct. ____, 2010 WL 2629783 (Oct. 12, 2010). The instruction should be modified to include a sentence, after the fourth sentence of the instruction, that reads, "Lawson cannot be found to have deliberately avoided knowledge of the patents in suit unless ePlus can demonstrate that Lawson actively took steps to avoid learning of the patents." |
| P-16 (26) | Lawson hereby objects to Plaintiff's Proposed Instruction P-16 to the extent that the statement, "proof of direct infringement by another may be shown through circumstantial . . . evidence" is a misleading oversimplification of the law. The instruction should include additional language to clarify that the mere fact that a user of a Lawson product *could* use the product in an infringing manner is insufficient to find that direct infringement has occurred. *Nat'l Instruments Corp. v. Mathworks, Inc.*, Nos. 03-1540, 03-1553, 2004 U.S. App. LEXIS 18807, at *6-7 (Fed. Cir. Sept. 3, 2007). At the end of the instruction, an additional sentence should be added that reads, "Though direct infringement by a third party may be shown by circumstantial evidence, the mere fact that a hypothetical third party could commit acts that constitute direct infringement is insufficient to support a finding of direct infringement by circumstantial evidence." |
| P-17 (27) | Lawson hereby objects to Plaintiff's Proposed Instruction P-17 to the extent that enumerated element (3) fails to include an explanation that Lawson cannot be found to infringe if the product it provides is a staple article. 35 U.S.C. § 271(c). Instead, enumerated element (3) should read, "the component or product constitutes a material part of the invention that is not a staple article." |
| | Lawson hereby objects to Plaintiff's Proposed Instruction P-17 to the extent that enumerated element (4) inaccurately states the requirements for contributory infringement by failing to explain that Lawson must *know* its products are made or adapted for use in an infringement method. 35 U.S.C. § 271(c). |

4

| | |
|---|---|
| P-18 (28-29) | Lawson hereby objects to Plaintiff's Proposed Instruction P-18 based on the fact that the third and fourth paragraphs of this instruction conflate "equivalents" to be considered for means-plus-function claims under 35 U.S.C. § 112, ¶ 6 and "equivalents" to be considered for analysis under the Doctrine of Equivalents. These are not the same thing. An "equivalent" under § 112, Paragraph 6 must be a structure that arose after the patent was filed and thus was unknowable to the patentee at the time. *See Ghaly v. Hasbro, Inc.*, No. 04-1124, 2004 U.S. App. LEXIS 20518, at *14-15 (Fed. Cir. Sept. 29, 2004) (holding that equivalents for means-plus-function claims is limited to "after-invented" technology). Proposed instruction P-18 should be replaced with Lawson's proposed instruction D-21, which is identical to ePlus's instruction *without* the offending paragraphs. |
| P-22 (33) | Lawson hereby objects to Plaintiff's Proposed Instruction P-22 based on the fact that ePlus's proposed instruction does not include all bases for a jury to find something is prior art. Specifically, Proposed Instruction P-22 fails to articulate that the following items are prior art to be considered by the jury: (1) a description of the claimed invention in a published application for patent by another filed in the United States before the invention by the applicant for patent; (2) a description of the claimed invention in a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent; and (3) any information or activity that the patent owner has admitted is prior art. 35 U.S.C. § 102; *Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1354 (Fed. Cir. 2003). |
| P-24 (36) | Lawson hereby objects to Plaintiff's Proposed Instruction P-24 to the extent that it suggests that the status of *all* types of alleged prior art as prior art may not be proved through oral testimony without corroboration. As the Federal Circuit makes clear in *Thomson S.A. v. Quixote Corp.*, 166 F.3d 1172 (Fed. Cir. 1999), the corroboration requirement applies *only* to alleged prior inventions under 35 U.S.C. § 102(g). Because Lawson is not asserting any prior art under 102(g), this instruction should be omitted in its entirety. |
| P-28 (42) | Lawson hereby objects to Plaintiff's Proposed Instruction P-28 as inaccurately reciting the state of the law. The instruction suggests that a printed publication must be widely disseminated to qualify as prior art. This is not the case. Even a single copy of a student thesis, stored in a foreign library, but properly catalogued and indexed, qualifies as a printed publication for purposes of 35 U.S.C. §§ 102 & 103. *In re Hall*, 781 F.2d 897 (Fed. Cir. 1986). |

| | |
|---|---|
| P-30 (46) | Lawson hereby objects to Plaintiff's Proposed Instruction P-30 as inaccurately stating the law. The Proposed Instruction suggests that a patent does not qualify as prior art unless it issued before the invention of the subject matter of the patents in suit. This is incorrect. A patent qualifies as prior art so long as it (1) matured from an application that was filed before the invention of the subject matter of the patent in suit and (2) eventually issued. 35 U.S.C. § 102(e). |
| P-35 (53) | Lawson hereby objects to Plaintiff's Proposed Instruction P-35 based on the fact that it adds factors that are not included in 35 U.S.C. §103 or listed by the Supreme Court in its *Graham* opinion. Specifically, enumerated factor 7 is beyond what is listed by *Graham* and should be excluded. |
| P-38 (58) | Lawson hereby objects to Plaintiff's Proposed Instruction P-38 because the instruction relates to willful patent infringement. In this case, the issue of willfulness will not be tried to the jury. For that reason, the jury need not be instructed on the issue of willfulness and this instruction should be omitted. |

LAWSON SOFTWARE, INC.

By  /s/
       Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of November, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

    /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*