# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 3:09CV620 (REP) |
| LAWSON SOFTWARE, INC., | ) ) ) |
|     Defendant. | ) ) |

### DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION P-13

Lawson hereby objects to ePlus's Proposed Jury Instruction P-13, titled "Direct Infringement: Multiple Alleged Infringers." As submitted by ePlus, Proposed Instruction P-13 suggests that Lawson can be found liable for direct infringement of the patent claims in suit even if (1) Lawson does not practice any limitations of the asserted claims and (2) a third party, without any direction or control from Lawson, practices limitations of the asserted claims. This is not the law.

Instead, joint infringement (i.e. direct infringement based on the actions of multiple parties) can only be found where (1) the accused infringer practices at least some of the limitations of the asserted claims and (2) the accused infringer directs or controls a third party such that the third party performs the remaining limitations of the asserted claim. *Golden Hour Data Sys. v. emsCharts, Inc.*, 614 F.3d 1367, 1380-81 (Fed. Cir. 2010); *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2009). ePlus's proposed instruction completely fails to recognize either of these two requirements.

Moreover, ePlus's instruction fails to clarify that direction or control by Lawson over a customer cannot be demonstrated merely by the existence of a contractual relationship. *BMC Res., Inc. v. Payment, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007). For this additional reason, Proposed Instruction P-13 should be excluded from the Court's instructions to the jury.

If ePlus's Proposed Instruction P-13 is read to the jury, it might lead the jury to mistakenly believe that the infringing acts of one of Lawson's customers are somehow attributable to Lawson, even if Lawson did not direct or control that customer to undertake the infringing acts. Such a belief would be contrary to the Federal Circuit's case law.

For this reason, Proposed Instruction P-13 must be omitted from the Court's instructions to the jury. The Court should instead include Lawson's proposed instruction on the issue of joint infringement, Proposed Instruction D-26.