# EXHIBIT

# B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S
## PROPOSED JURY INSTRUCTION P-14

Lawson hereby objects to ePlus's Proposed Jury Instruction P-14, titled "Infringement: Capable of Infringement." The proposed instruction includes incorrect statements of law that will prejudice Lawson if the instruction is read to the jury. For this reason, the Court should sustain Lawson's objection and exclude Proposed Instruction P-14 from its final jury instructions.

Proposed Instruction P-14 suggests that any product sold by Lawson that may be altered by a Lawson customer such that it infringes a claim of one of the patents in suit provides a basis to find Lawson liable for direct infringement. Taken to the logical extreme, Lawson's instruction would suggest that Lawson or another party infringes the claims of the patents in suit if it sold a computer with no software installed because the purchaser could load software from an independent source that would cause infringement. This result, of course, would be improper.

The Federal Circuit has made clear that "in every infringement analysis, the language of the claims, as well as the nature of the accused product, dictates whether an infringement has occurred." *Finjan, Inc. v. Secure Computing Corp.*, ___ F.3d ___, No. 2009-1576, 2010 U.S.

App. LEXIS 23216, at *13 (Fed. Cir. Nov. 4, 2010).  In those instances in which the Federal

Circuit has found that a product that is merely *capable* of infringing the asserted claims of the

patent(s) in suit, the *claims themselves* described capabilities as elements.  For instance, in

*Finjan*, the asserted claims at issue recited limitations such as: "a logical engine *for preventing*

execution," "a communications engine *for obtaining* a Downloadable," and "a linking engine . . .

*for forming* a sandbox package . . . ." *Id.* at *14 (emphasis in original).

　　　　In that case, the Federal Circuit noted that "the 'reasonably capable' test applies 'only to

claim language that specifies that the claim is drawn to capability.'" *Id.* at *13 (citing *Ball*

*Aerosol & Specialty Contain, Inc. v. Ltd. Brands, Inc.*, 555 F.3d F.3d 984, 994 (Fed. Cir. 2009).

The Federal Circuit's precedent "does not stand for the proposition . . . that infringement may be

based upon a finding that an accused product is merely capable of being modified in a manner

that infringes the claims of a patent."  *Fantasy Sports Properties, Inc. v. Sportsline.com, Inc.*,

287 F.3d 1108, 1117-18 (Fed. Cir. 2002).

　　　　Certainly this case involves some patent claims that recite capabilities.  For instance, each

of the means-plus-function claims that ePlus asserts recite means capable of performing certain

functions.  However, each of the claims at issue include elements that are *not* recited in terms of

capabilities.  For example, each claim at issue includes catalogs and/or databases.  It is for those

individual claim limitations that do not claim mere capabilities that ePlus's Proposed Instruction

P-14 creates a problem.  For instance, claim 3 of the '683 patent requires "at least two product

catalogs containing data relating to items associated with the respective sources . . . ."  Because

this claim limitation does not claim a capability, but rather an actual collection of catalogs of

items stored in an electronic format, Lawson does not infringe it unless its product, as sold,

actually includes such a collection of catalogs.  *Finjan*, 2010 U.S. App. LEXIS 23216, at *13.  In

contrast to this catalog limitation, claim 3 also includes elements claiming capabilities, for example: "means for searching for matching items among the selected product catalogs . . . ." For this element, the relevant question is whether Lawson's software is capable of searching for matching items, regardless of whether an actual search is ever performed.

Even if ePlus was able to prove by a preponderance of the evidence that Lawson products were capable of being modified to include a collection of catalogs, that is not enough to find infringement of claim 3 of the '516 patent. *Fantasy Sports*, 287 F.3d at 1117-18. ePlus's Proposed Instruction P-14 would improperly confuse the jury with respect to the proper legal standard for claims that do not relate to a capability, and give rise to an error of law. That instruction should not be included in the Court's jury instruction without clarification that a product "capable of" infringing only infringes the specific claim limitations that claim a capability. The instruction should further be modified to expressly recite that the claim limitations directed to catalogs and databases are only infringed by making, using, offering for sale, or selling a product that has the actual catalogs or databases as recited, and making, using, offering for sale, or selling systems that are merely capable of having such catalogs or databases is not infringement.