# Exhibit D

**Preliminary Instruction 2**: It is Lawson's position that the AIPLA instruction inaccurately states the law and that the bracketed language is necessary in view of the Supreme Court's opinion in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), which holds that injunctive relief for infringement is not an absolute right. *Id.* at 392 ("[T]he Patent Act expressly provides that injunctions 'may' issue 'in accordance with the principles of equity.'")

**Instruction P-22:** It is Lawson's position that this instruction should include, as a specifically enumerated item, a provision explaining that prior art includes any references that ePlus has admitted are prior art. *Riverwood Int'l Corp. v. R. A. Jones & Co.*, 324 F.3d 1346, 1354 (Fed. Cir. 2003) ("[S]ection 102 is not the only source of section 103 prior art. Valid prior art may be created by admissions of the parties.")

**Instruction P-35:** It is Lawson's position that this instruction should include a provision explaining that the secondary considerations are just what they are named: secondary. For this reason, the instruction should explain that the secondary considerations cannot trump a strong showing under the primary obviousness elements. *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010) ("[S]econdary considerations of nonobviousness—considered here by the district court—simply cannot overcome a strong prima facie case of obviousness.") Lawson requests that the following language be added immediately following the enumerated list of ePlus's proposed instruction P-37: "If Lawson has made a strong showing that the claimed inventions are obvious apart from these secondary factors, however, then these secondary considerations might not overcome such a strong showing."