# Exhibit E

**DEFENDANT'S OBJECTION TO INCLUDING THE "CLEAR AND CONVINCING" EVIDENTIARY STANDARD FOR PATENT INVALIDITY AND DISCUSSION OF ANY PRESUMPTION OF VALIDITY IN THE COURT'S JURY INSTRUCTIONS**

The burden for proving patent invalidity in the present case should be a "preponderance of evidence" standard rather the "clear and convincing evidence" standard currently adhered to by the Federal Circuit. This heightened evidentiary standard rests on the "basic proposition that a government agency, such as the then Patent Office was presumed to do its job" when the patent was undergoing examination. *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350 (Fed. Cir. 1984). The rationale underlying the "clear and convincing evidence" standard is no longer appropriate and a "preponderance of evidence" standard should be used in patent invalidity cases. This Court should adopt the preponderance of the evidence standard for proving patent invalidity in this case for four reasons.

First, the Supreme Court has recently granted a petition for *writ of certiorari* to consider this exact issue in *Microsoft Corp. v. i4i Ltd. P'ship*. No. 10-290, 2010 U.S. LEXIS 9311 (Nov. 29, 2010). The petition specifically addressed the question of "whether the Federal Circuit's clear and convincing evidence standard for challenges to patent validity is appropriate, even when the challenge is based on prior-art evidence not considered by the Examiner." Brief of Petitioner at 28, *Microsoft Corp. v. i4i Ltd. P'ship*, No. 10-290, 2010 U.S. LEXIS 9311. By granting the writ of certiorari on this question, the Supreme Court has indicated that the standard for patent invalidity is ripe for revisiting.

Second, the Supreme Court has recently hinted that the "clear and convincing evidence" standard for establishing patent invalidity, especially when the pertinent evidence was not presented to the PTO during examination, may no longer be appropriate. Specifically, the Supreme Court in *KSR* noted that "helpful insights . . . need not become rigid formulas." *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S.398 (2007). The "clear and convincing evidence" standard has been transformed from such an insight into a rigid formula thus ignoring the realities of the patent system. The Court in *KSR* recognized this transformation when it unanimously stated that the reasoning underlying the presumption of validity "seems much diminished" when relevant evidence of invalidity was not before the PTO during examination. *KSR*, 550 US at 426.

Third, the Federal Circuit's clear and convincing evidence standard ignores the realities of the patent system.  The Patent Office currently faces a situation in which, due to an increasingly high number of pending applications, a patent examiner is able to spend only about eighteen hours per application.  Moreover, patent applications are evaluated early in the life of claimed technology and patent examiners "cannot solicit credible outsider opinions" during examination. As a result of limited time constraints and information asymmetries, examination results in an increasingly large number of mistakenly issued patents. *Bilski v. Kappos*, 130 S. Ct. 3218, 3259 (2010) (Breyer, J., concurring in judgment) (observing "the granting of patents that 'ranged from the somewhat ridiculous to the truly absurd'"). Consequently, the process of patent litigation has proved to be a vital instrument for "weeding out these patents that should have not been granted." U.S. Fed. Trade Comm'n, *To Promote Innovation: The Proper Balance of Competition and Patent Law and Policy*, ch. 5, at 28 (2003). Indeed, in this case, all of the asserted claims have been rejected as invalid during on-going reexaminations by the Patent Office.  And while these reexamination proceedings are not final, they illustrate why a clear and convincing burden for proving invalidity is inappropriate.  Indeed, other courts have found that, where a patent in suit is subject to an ongoing reexamination, it is inappropriate to instruct the

jury that a granted patent is presumed valid. *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 08-CV-335, 2009 U.S. Dist. LEXIS 106795 (S.D. Cal. Nov. 13, 2009). The "clear and convincing evidence" standard of proof imposed by the Federal Circuit tends to impede a patent litigant's role in invalidating improperly granted patents. The clear and convincing evidence standard has distorted the role of the litigation process and created "serious potential for judicially confirming unnecessary, potentially competition threatening rights to exclude." *See id*.

Fourth, the risk of reaffirming improperly granted patents is even more acute in cases where the Patent Office did not consider pertinent evidence of invalidity during examination. When the Patent Office is not afforded the opportunity to consider all pertinent evidence of validity, it is significantly crippled in its effort to "do its job." *Am. Hoist & Derrick Co.,* at 1359. Because evidence of patent invalidity is being presented for the first time, the accused infringer should face a standard that is less than the "clear and convincing evidence standard." Moreover, because the PTO did not consider any of this evidence during the prosecution of the patents in suit, it would be improper to instruct the jury that the patents in suit, which were not compared to the numerous pieces of prior art to be presented at trial, are to be presumed valid. Lawson submits that the standard for proving patent invalidity, especially when the pertinent evidence was not presented during examination, should be a "preponderance of the evidence" standard. Moreover, because this substantial evidence was not considered by the PTO during examination of the patents in suit, the jury should not be instructed regarding any presumption of invalidity.