# Exhibit F

### RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED JURY INSTRUCTION D-26 AND OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION P-13

Both parties have submitted an instruction related to the situation where the jury finds that Lawson has practiced some, but not all, of the claimed limitations. Lawson asserts that ePlus's proposed instruction (P-13) is inapplicable to the facts of this case and that this Court should use Lawson's proposed instruction (D-26).

Although P-13 is based on the Federal Circuit Bar Association's Model Instruction No. 3.7, this model does not apply to the facts of this case and should not be used. Indeed, Model Instruction 3.7 says: "[This instruction should **only** be given **where there are multiple alleged infringers** or some of the allegedly infringing conduct occurred outside of the United States.]" Here, Lawson is the only defendant and only alleged infringer in this case. Further, Model Instruction 3.7 discusses holding multiple parties "jointly liable" for infringement – again, Lawson is the only defendant and only party that ePlus seeks to hold liable for infringement. As such, ePlus's proposed instruction P-13 does not apply to this case.

Rather, the Court should overrule ePlus's objection to Lawson's Proposed Jury Instruction D-26, which relates to the situation where a patent owner seeks to hold a single party liable for infringement even though that party does not, itself, perform all of the claimed steps. ePlus has objected to this instruction, suggesting that the instruction "is a one-sided argumentative, misleading and incorrect statement of the law . . . ." ePlus is wrong.

Proposed Instruction D-26, titled "Joint Infringement," accurately points out that, in some circumstances, an accused infringer can be found liable for direct infringement where it practices less than all of the limitations of an asserted claim and coordinates with a third party that performs the remaining limitations of the claim. ePlus does not seem to have a problem with this portion of the instruction.

Instead, ePlus's objection seems to focus on the portion of Proposed Instruction D-26 that clarifies that a finding of joint infringement is only appropriate where a patentee demonstrates that the accused infringer directs or controls the parties' collective activities.

As the Federal Circuit has made clear, joint infringement (i.e. direct infringement based on the actions of multiple parties) can only be found where (1) the accused infringer practices at least some of the limitations of the asserted claims and (2) the accused infringer directs or controls a third party such that the third party performs the remaining limitations of the asserted claim. *Golden Hour Data Sys. v. emsCharts, Inc.*, 614 F.3d 1367, 1380-81 (Fed. Cir. 2010); *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2009). As opposed to ePlus's proposed instruction P-13, which completely ignores the Federal Circuit's requirement of direction or control to support a finding of direct infringement, D-26 contemplates this requirement in addition the requirement that Lawson practices at least some of the elements of the asserted claim.

Lawson's proposed instruction D-26 accurately captures the state of the law and will sufficiently instruct the jury as to the requirements to find joint infringement. For this reason, the Court should overrule ePlus's objection to this instruction.