# Exhibit G

## **DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION P-15**

It is Lawson's position that Proposed Instruction P-15 deviates from the model instruction on which it is based by including an out-of-context, and thus inaccurate, statement of the law based on a case from the Federal Circuit that the Supreme Court has decided to review. *Global-Tech Appliances, Inc. v. SEB S.A.*, 178 L. Ed. 2d 286 (2010). ePlus's proposed instruction incorrectly suggests to the jury that a finding of induced infringement may be based on a finding that Lawson "should have known" about the patents in suit.

The Federal Circuit stated in *DSU Med.* that "[t]o establish liability under *section 271(b)*, a patent holder must prove that once the defendants knew of the patent, they 'actively and *knowingly* aid[ed] and abett[ed]' another's direct infringement.'" *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (citing *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)) (emphasis original). Indeed, the *DSU Med.* court further stated: "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement *necessarily includes the requirement that he or she knew of the patent.*" *Id.* at 1304 (emphasis added).

Though the Federal Circuit has articulated that "deliberate indifference" is a form of knowledge that can support a finding induced patent infringement, it has also articulated that this standard does not mean that a finding that an accused infringer "should have known" about a patent in suit supports a finding of induced infringement. *See SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360, 1376 (Fed. Cir. 2010). Moreover, the Supreme Court granted *writ of certiorari* on October 12, 2010, calling the Federal Circuit's "deliberate indifference" standard into question. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 178 L. Ed. 2d 286 (2010).

The subjective "deliberate indifference" standard, which ePlus added to the model instruction, should be removed from the Court's final instructions because, as ePlus has phrased the standard it creates a real risk that the jury will base a finding of induced infringement on the suggestion that Lawson "should have known" about the patents in suit, which is wrong as a matter of law, regardless of how the Supreme Court decided the *SEB* case.

Alternatively, if the Court determines that the deliberate indifference standard should be referenced in the Jury Instruction, the instruction requires further clarification to prevent potential confusion of the jury that the "deliberate indifference" standard can be met by passive negligence. *SEB*, 594 F.3d at 1376 (articulating that deliberate indifference requires an "active disregard" of the patent in suit.) Specifically, the following language should be added to the Jury Instruction: "Lawson cannot be found to have deliberately avoided knowledge of the patents in suit unless ePlus has demonstrated that Lawson actively took steps to avoid learning of the patents."