# Exhibit H

## DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION P-28

Lawson hereby objects to ePlus's Proposed Jury Instruction P-28, titled "Printed Publications – Accessibility to the Public." This Court should sustain Lawson's objection because: 1) P-28 is *not* based on a model instruction; 2) the parties have included a stipulated jury instruction regarding printed publications that is based on model instructions (P-27); 3) P-28 is argumentative and incorrect as a matter of law. As submitted by ePlus, Proposed Instruction P-28 suggests that a printed publication cannot be prior art unless it was widely disseminated and made directly available to a wide variety of people. This is not the law.

As explained in the stipulated instruction P-27, a reference qualifies as a printed publication, and thus prior art, if it is non-confidential and has been "published" to the extent that it is available to the general public. For instance, the Federal Circuit has held that a reference qualified as a printed publication for purposes of determining validity under 35 U.S.C. §§ 102 and 103 even though it was a single copy of a graduate thesis, properly catalogued and indexed, and placed in a library in Germany. *In re Hall*, 781 F.2d 897 (Fed. Cir. 1986). The availability requirement for a printed publication is not an exacting one. ePlus's proposed instruction makes improperly raises the bar for availability and the Court should not accept this instruction.