IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF *e*PLUS INC.'S BRIEF IN SUPPORT OF ITS
MOTION TO ENFORCE PRIOR COURT ORDERS

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice)*
Jennifer A. Albert (admitted *pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice)*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

*Counsel for Plaintiff, ePlus, Inc.*

TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................. 1

II.  BACKGROUND .................................................................................. 3

     A.   Defendant's Plan To Elicit Excluded Expert Opinions In The Guise Of Lay
          Witness Testimony Through Mr. Hvass And Mr. Lawson ................................. 3

     B.   Defendant's Plan To Offer Excluded Expert Opinions Through Mr. Knuth ......... 6

     C.   Defendant's Refusal To Acknowledge The Impact Of Recent Orders Regarding J-
          CON And P.O. Writer ...................................................................... 9

          1.   Defendant's Anticipation Theories Regarding J-CON And P.O. Writer.... 9

          2.   Defendant's Obviousness Theories Regarding J-CON And P.O. Writer . 11

III. ARGUMENT....................................................................................... 12

     A.   The Non-Infringement And Invalidity Testimony Defendant Intends To Introduce
          Through Mr. Hvass And Mr. Lawson Must Be Excluded.................................. 12

          1.   Mr. Hvass May Not Testify At Trial ....................................... 13

          2.   Mr. Lawson May Not Offer Any Testimony Relating To The Lawson
               Legacy Systems At Trial.................................................. 17

     B.   Mr. Knuth's Testimony Must Be Limited Exclusively To Source Code Pursuant
          To Court Order.............................................................................. 19

     C.   Testimony, Evidence And Expert Opinions Regarding J-CON Must Be Excluded
          In Light Of The Court's Orders ......................................................... 20

     D.   Testimony, Evidence And Expert Opinions Regarding P.O. Writer Must Be
          Limited Consistent With The Court's Orders.......................................... 22

          1.   Testimony And Evidence Concerning The Alleged Anticipation Of Claims
               3, 28, And 29 Of The '683 Patent By The P.O. Writer System Should Be
               Excluded.................................................................. 22

          2.   Testimony And Evidence Concerning The Alleged Obviousness Of All
               Asserted Claims Based Upon The P.O. Writer System Should Be
               Excluded.................................................................. 23

IV.  CONCLUSION................................................................................... 24

i

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Accord Proveris Scientific Corp. v. Innovasystems, Inc.*,
536 F.3d 1256 (Fed. Cir. 2008)...................................................................................21

*Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*,
648 F.Supp.2d 1294 (M.D. Fla. 2009).......................................................................22

*Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*,
381 F.3d 1142 (Fed. Cir. 2004).............................................................................21, 24

*Marine Polymer Techs., Inc. v. HemCon, Inc.*,
2010 WL 1451203 (D.N.H. Apr. 8, 2010)..................................................................22

*U.S. v. Loggins*,
486 F.3d 977 (7th Cir. 2007).....................................................................................16

*United States v. Perkins*,
470 F.3d 150 (4th Cir. 2006).....................................................................................16

*Upjohn Co. v. Mova Pharm. Corp.*,
225 F.3d 1306 (Fed.Cir.2000)..................................................................................24

**Statutes**

35 U.S.C. § 103 ............................................................................................................23

**Other Authorities**

Joseph, *Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of
Civil Procedure*, 164 F.R.D. 97 (1996) .................................................................16

**Rules**

Fed. R. Civ. P. 26 ................................................................................................ passim

Fed. R. Civ. P. 30(b)(6) .................................................................................... 2, 5, 14

Fed. R. Civ. P. 37 ......................................................................................... 13, 15

Federal Rule of Evidence 701 .........................................................13, 15, 17, 19

Federal Rules of Evidence 403 .................................................................. 13, 17

## I.    INTRODUCTION

Plaintiff *e*Plus, Inc. ("*e*Plus") submits this brief in support of its Motion To Enforce Prior Court Orders.  Defendant Lawson Software, Inc. ("Defendant") has recently informed *e*Plus — only weeks before trial — that it intends to introduce testimony and evidence that the Court has already excluded — in some instances, repeatedly.  In particular, Defendant has indicated that it plans to **(1)** elicit excluded expert non-infringement and invalidity opinions in the guise of lay witness testimony through Jeff Hvass and Richard Lawson; **(2)** introduce expert testimony from Keith Knuth that runs afoul of the Court's directive limiting Mr. Knuth's testimony "just to source code"; and **(3)** offer testimony, including expert opinions, regarding the J-CON and P.O. Writer systems that is inadmissible in light of recent Court Orders.

*e*Plus has made repeated, diligent efforts to secure Defendant's compliance with prior Court Orders so that it would not need to burden the Court with yet another motion.[1]  On several occasions, *e*Plus has written to Defendant or sought meet and confer teleconferences to discuss Defendant's refusal to abide by explicit Court Orders.  To most of these efforts by *e*Plus, Defendant has turned a deaf ear, or more disturbingly, revealed its true intentions.  Defendant's obstinate refusal to abide by Court Orders has forced *e*Plus to move yet again for an order enforcing what the Court has already ordered.

*e*Plus's Motion to Enforce Prior Court Orders is based on the following Court Orders and undisputed facts:

---

[1]    During the course of this litigation, the Court has made rulings that limit the ability of both parties to offer evidence or legal theories at trial. The parties share an obligation, consistent with those rulings and with the Court's scheduling orders, to narrow and focus the facts and the law presented to the jury. Just as Defendant has complicated the process of determining jury instructions in an effort to relitigate prior rulings, it proposes, similarly, to complicate the upcoming jury trial by offering evidence that has been ruled out of bounds. Waiting to resolve *e*Plus's objections to testimony from Defendant's witnesses on these impermissible topics ensures that the trial will be repeatedly and unnecessarily disrupted.

- Defendant *never disclosed Mr. Hvass as a witness in its Rule 26(a)(1) disclosures or in response to ePlus interrogatories* and called him only as a Rule 30(b)(6) designee (after fact discovery closed) on issues relating to the *excluded* Lawson legacy systems. Defendant has indicated that it nonetheless intends to call Mr. Hvass to testify at trial.

- Defendant *never disclosed Mr. Lawson as a witness in response to ePlus interrogatories* and called him only as a Rule 30(b)(6) designee (after fact discovery closed) on issues relating to the *excluded* Lawson legacy systems. Defendant has indicated it intends to call Mr. Lawson on these issues.

- Defendant has announced it intends to offer at trial demonstrations it never identified or produced in discovery despite repeated requests by *e*Plus.

- The Court has ruled that *Mr. Knuth's testimony at trial is limited only to opinions concerning source code to rebut ePlus's source code expert Mr. Niemeyer*. Defendant announced it intends to ignore this ruling.

- The consequence of the Court's Orders granting *e*Plus's Motion *in Limine* No. 2 and Motions To Exclude J-CON and P.O. Writer trial exhibits is that Dr. Shamos cannot offer *any anticipation opinions concerning the J-CON* system and that Dr. Shamos's anticipation opinions with respect to the P.O. Writer system *are limited to three asserted claims*. Defendant refuses to recognize the import of these Orders.

The relief *e*Plus seeks is simple and straightforward: respectfully, that the Court enforce its Orders and preclude Defendant from offering evidence and testimony that has already been excluded. In particular, *e*Plus respectfully requests that the Court enter an Order: (1) excluding Mr. Hvass from testifying at trial; (2) precluding Mr. Lawson from testifying about prior versions of the Lawson systems; (3) limiting Mr. Knuth's testimony to those few paragraphs of his expert report in which he analyzes the accused source code; (4) precluding Defendant from offering testimony or other evidence concerning the now inadmissible J-CON system; (5) precluding Defendant from offering testimony or other evidence concerning its allegation that the P.O. Writer system renders obvious any asserted claim; and (6) precluding Defendant from offering testimony or other evidence concerning its allegation that P.O. Writer prior art anticipates claims 3, 28 and 29 of the '683 patent.

## II.     BACKGROUND

### A.     Defendant's Plan To Elicit Excluded Expert Opinions In The Guise Of Lay Witness Testimony Through Mr. Hvass And Mr. Lawson

Mr. Hvass and Mr. Lawson are lay witnesses whom Defendant intends to call at trial to elicit improper, undisclosed and excluded expert opinions.  Defendant has indicated that it will call Mr. Hvass to provide a demonstration of its software at trial that Defendant never produced during discovery.  *See* Ex. 1 (Nov. 29, 2010 letter from W. Schultz) at 1.  Mr. Hvass will opine that this demonstration rebuts the expert infringement opinions of *e*Plus's expert, Dr. Weaver. Defendant has suggested that Mr. Lawson will offer testimony about prior versions of Defendant's software — the so-called "Legacy Systems."  Mr. Lawson will opine about the development, functionality and features of prior versions of Defendant's software that the Court has repeatedly held are not at issue in this case.  Mr. Hvass's non-infringement testimony must be excluded because it was never disclosed during discovery; Mr. Lawson's invalidity testimony must be excluded because it concerns the Legacy Systems that have been excluded pursuant to several Court orders.

The demonstration Defendant seeks to introduce through Mr. Hvass is particularly inappropriate because Defendant neither identified the demonstration as supporting its non-infringement defenses, as called for by ePlus Interrogatory No. 16, nor produced the demonstration to ePlus in response to discovery requests seeking production of documents used by or relied upon by fact and expert witnesses that will testify at trial (RFP No. 7); documents that support Defendant's non-infringement contentions (RFP No. 9); and documents relating to any display or demonstration of the accused products or their operation (RFP No. 26).  Ex. 2 (Aug. 24, 2009 Resp. to ePlus's First Set of RFPs).

3

Although *e*Plus produced during discovery the demonstrations it will present at trial and Defendant had a full and ample opportunity to review and inquire about these demonstrations at Dr. Weaver's deposition*, the demonstrations that Mr. Hvass will provide at trial have never been produced by Lawson or identified in response to ePlus's interrogatories or document requests.*  Because Mr. Hvass's demonstrations were never produced during discovery or produced in connection with the exchange of trial exhibits, *e*Plus and its infringement expert Dr. Weaver never had the opportunity to examine such demonstrations.  Dr. Weaver will therefore have no opportunity to respond to Mr. Hvass's demonstrations at trial.

Notwithstanding that Mr. Hvass is a "solution consultant" employed by Defendant, Defendant never disclosed Mr. Hvass during fact discovery or the scope of testimony he intends to offer at trial.  Moreover, whereas *e*Plus timely disclosed Dr. Weaver as its technical infringement expert and provided Defendant with a detailed expert report from Dr. Weaver — which report included a detailed step-by-step analysis of each of Dr. Weaver's demonstrations — Defendant *never disclosed* (1) that Mr. Hvass had discoverable information that it would use to support its claims or defenses pursuant to Rule 26(a)(1) or (2) that it intended to use Mr. Hvass at trial to present expert opinions pursuant to Rule 26(a)(2).  It would be highly prejudicial to *e*Plus to allow Mr. Hvass to provide undisclosed rebuttal expert testimony.  As the Court has made clear, exclusion is typically the appropriate sanction for a party's failure to properly disclose information:

> THE COURT:  *If a party fails to provide information or identified witnesses required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion at a hearing or at trial* unless the failure was substantially justified or is harmless.
>
> And in addition to or instead of that sanction, the Court can do alternate sanctions and may impose other appropriate sanctions

4

> including any of the orders entered in 37(b)(2)(A)(i) through (vi),
> and that includes prohibiting the disobedient party from supporting
> or opposing designated claims or defenses or from introducing
> designated matters in evidence.

Ex. 3 (Sept. 7, 2010 Hearing Tr.) at 94:19 – 95:7 (emphasis added).

Similarly, Defendant never disclosed Mr. Hvass in response to *e*Plus interrogatories seeking the identity of each person with knowledge or information relevant to non-infringement (Interrogatory No. 1), and the identity of each witness to be called at trial and the subject matter of his testimony (Interrogatory No. 13). Ex. 4 (Aug. 24, 2009 Resp. to *e*Plus' First Set of Interrogatories); Ex. 5 (May 7, 2010 Supp. Resp. to *e*Plus's Interrogatory 1); Ex. 6 (May 18, 2010 Second Supp. Resp. to *e*Plus's Interrogatory 1). In fact, *e*Plus first learned about Mr. Hvass when he testified at a deposition on June 8, 2010 — **after fact discovery closed** — as Defendant's Rule 30(b)(6) designee **on topics relating to a Lawson Legacy System that has since been excluded by the Court**. *See* Ex. 7 (Hvass Dep.) at 11:4-17; Ex. 8 (Hvass Dep. Ex. 1).

The testimony Defendant intends to elicit from Mr. Lawson should also not be allowed because the Court has repeatedly ordered that any testimony and evidence regarding the Legacy Systems is inadmissible. For example, in granting *e*Plus's second motion *in limine*, the Court specifically held that evidence concerning pre-2002 legacy systems is inadmissible, even for secondary issues such as intent to cause indirect infringement, willfulness and non-infringement:

> THE COURT: … It is true that the original orders on this point
> that we were dealing with dealt with invalidity contentions, **but
> you can't get in all these extrinsic information that really relate
> to points of invalidity under the guise of something else**. In other
> words, you can't dress them up in another dress and send them out
> into the world. That would be like – would be like what Jefferson
> Davis did to lead the confederacy, dressed up like his wife in a
> dress and headed out. **We can't have that**.
>
> I don't see how any of this evidence bears on the  damages issue,
> nor do I see how the evidence that 6.5 – six and 5V [sic] systems

> and earlier are substantially the same as the 8.0.3 systems that are accused has any probative value as to the willfulness issue, and to the extent that it has value on that issue, *i.e.*, **to the extent it's relevant on that issue, the presentation of that evidence would offend Rule 403 because it would cause delay, confusion, and make side trials out of a very difficult case already, and the jury, I expect, I anticipate would be hopelessly confused**.
>
> *   *   *
>
> **I don't think it's pertinent to lack of specific intent to induce infringement either or to discredit ePlus's infringement and damages contention for the same reason.  To the extent it might be relevant, it's a 403 analysis, and the use of the pre-2002 systems don't do anything but provide confusion, delay.**

Ex. 9 (July 28, 2010 Hearing Tr.) at 186:19 – 187:24 (emphasis added).

Defendant only now informed *e*Plus that Mr. Lawson intends to offer testimony regarding the "development of the accused products" including "the procedures in place at Lawson to develop the accused systems."  *See* Ex. 1 (Nov. 29, 2010 letter from W. Schultz) at 4. For example, as Defendant explained during a meet and confer on November 15, 2010, Mr. Lawson will testify about the historic evolution of the "Item Master" — a key component of the Lawson software — including the reasons it was created, the functionality it contained throughout various iterations of the accused software, and the current features of the Item Master.  The testimony Defendant intends to elicit from Mr. Lawson regarding the "historic development" of Lawson's software is a poorly disguised expert invalidity opinion regarding the Lawson Legacy Systems — an opinion the Court already excluded in several prior orders.

### B.    Defendant's Plan To Offer Excluded Expert Opinions Through Mr. Knuth

On August 25, 2010, Defendant served an expert report from Mr. Knuth that went beyond the confines of the Court's July 30, 2010 Order permitting Lawson to use an expert witness limited to "the topic of source code."  Instead, Mr. Knuth's report contained numerous

6

opinions that Defendant's current systems do not infringe the patents-in-suit because they are allegedly the same as older legacy versions of Defendant's systems — opinions which the Court had already held are not relevant to any issue in the case, including infringement.  Additionally, Mr. Knuth's report was replete with opinions *rebutting Dr. Weaver's infringement expert report*, rather than limited to analyses of the source code for the accused systems.

*e*Plus moved to strike Mr. Knuth's report.  In granting *e*Plus's motion, the Court held that Mr. Knuth's testimony at trial is confined solely to opinions concerning the source code of the accused systems to rebut the opinions of *e*Plus's source code expert, Mr. Niemeyer:

> THE COURT:  If, in fact, ***Knuth can testify just to source code***, then I suppose it's all right to let him testify to that ….  Is there a part of his report where he testifies just to source code, and that's all, and responds to … Niemeyer? …
>
> \*       \*       \*
>
> ***I'm talking about source code.  I don't want him to get into prior versions, I don't want him to get into infringement or invalidity. What happens is when you get leeway from the Court, you better stay within it or you get smacked***, ***and I'm not going back, and I'm not going to have the effort to be equitable turned into a 180-degree turn.***  I think that results in the application of the principle that he who seeks equity must do equity, and not that that's a guiding precept here, but, in essence, that's what I was trying to accomplish, and ***when you overstep the bounds at this stage of the proceeding, the only thing that I can do is cut it out.  If Knuth can testify only on the meaning of the source codes, then he can testify.  And that's all.***

Ex. 3 (Sept. 7, 2010 Hearing Tr.) at 116:17-117:13 (emphasis added).

Importantly, the Court's Order limits Mr. Knuth's testimony at trial to those few portions of his August 25, 2010 report relating solely to his analysis of source code offered exclusively to respond to Mr. Niemeyer's source code analysis.  Notwithstanding the Court's Order, Defendant served a ***second expert report*** from Mr. Knuth ***on October 29, 2010 that contained new, expanded substantive opinions not disclosed in Mr. Knuth's original report,*** but was still

infected with the same infirmities that the Court had already identified in Mr. Knuth's original

report.

- First, Mr. Knuth's new report, like his original report, concerned opinions about the general functionality of the accused Lawson software that were not limited to source code. Mr. Knuth attempted to disguise these opinions in his new report by **simply adding the words "source code"** to paragraphs from his original report to make it appear as if the new report concerned source code, even though the new report was devoid of substantive analysis of the source code.

- Second, the new report was not limited to a rebuttal of Mr. Neimeyer's report, but instead improperly also included rebuttal opinions concerning Dr. Weaver's expert report on infringement.

- Third, the new report improperly contained new or modified opinions and also conspicuously omitted opinions in Mr. Knuth's original report that Defendant had decided were now unhelpful.

Mr. Knuth's October 29, 2010 expert report is a roadmap of how Defendant intends to ignore the

Court's Order and introduce already-excluded trial testimony from Mr. Knuth. *Compare* Ex. 10

(Oct. 29, 2010 Knuth Rpt. ¶¶ 28, 31, 33, 34, 39, 75, 77 *with* Appendix 1 (Aug. 26, 2010 Knuth

Rpt.) (attempting to circumvent the Court's Order by adding the words "source code" to

paragraphs discussing excluded evidence).

     In a November 1, 2010 letter, *e*Plus requested that Defendant immediately withdraw Mr.

Knuth's new expert report. The very next day, Defendant agreed to withdraw Mr. Knuth's new

expert report and to abide by the Court's Order strictly limiting Mr. Knuth's testimony. Yet, in a

November 29, 2010 letter, Defendant backtracked from its pledge to abide by the Court's

September 7, 2010 Order, declaring instead that it intends to have Mr. Knuth testify about

essentially his entire original expert report since, according to Defendant, he "opined on source

code issues throughout his report." Ex. 1 (Nov. 29, 2010 letter from W. Schultz) at 2. And even

though the Court has already ruled that Mr. Knuth's testimony is limited to those few opinions

that specifically rebut Mr. Niemeyer and that relate solely to source code analysis, Defendant

claimed in its November 29 letter that because "Mr. Neimeyer is *e*Plus's source code expert," ***all of Mr. Knuth's opinions*** must be admissible since he "was necessarily opining on source code issues when rebutting Mr. Neimeyer's report." *Id*.  Defendant's attempt to re-introduce all of Mr. Knuth's opinions, including opinions that do not concern source code and were not offered to rebut Mr. Niemeyer, makes a mockery of the Court's September 7, 2010 Order.

     **C.**    **Defendant's Refusal To Acknowledge The Impact Of Recent Orders Regarding J-CON And P.O. Writer**

         **1.**    **Defendant's Anticipation Theories Regarding J-CON And P.O. Writer**

The Court recently excluded several key exhibits that undermine Defendant's invalidity contentions with respect to the J-CON and P.O. Writer systems.  As background, on May 5, 2010, Defendant served its invalidity expert report from Dr. Michael Shamos.  Dr. Shamos opined that both J-CON and P.O. Writer anticipated each of the asserted claims.  Several of Dr. Shamos' opinions had not been disclosed in the Court-Ordered Second Supplemental Statement of Invalidity Defenses ("Second Supplemental Statement"), and on July 30, 2010 the Court struck all of Dr. Shamos's opinions that had not been disclosed by Defendant in the Second Supplemental Statement.  Dkt. No. 382 (Order).  Because Defendant had not properly disclosed its anticipation allegations with respect to the J-CON system, the effect of the July 30, 2010 Order was to preclude Defendant from offering testimony or evidence that the J-CON system anticipates any of the asserted claims.

On October 21, 2010, *e*Plus filed two motions to exclude additional trial exhibits relating to the J-CON and P.O. Writer systems.  *e*Plus moved to exclude DX-97 and DX-98, exhibits relating to the J-CON system, because, among other things, Dr. Shamos had not relied upon these exhibits in support of his obviousness opinions and since Dr. Shamos's anticipation

opinions had already been struck by the Court, Defendant had no one to offer any expert testimony whatsoever about DX-97 and DX-98.

*e*Plus also moved to exclude DX-121 and DX-122, exhibits relating to the P.O. Writer system, because these exhibits were incomplete and therefore unfairly prejudicial.  The Court granted both of *e*Plus's motions on November 19, 2010, excluding from evidence DX-97, DX-98, DX-121, and DX-122, as well as any testimony or expert opinion regarding these documents.[2]

In his expert report, Dr. Shamos relied ***solely*** on DX-121 and DX-122 to support his opinion that the P.O. Writer system anticipates certain limitations of claims 3, 28 and 29 of the '683 patent.  Thus, the effect of the Court's Order granting *e*Plus's motion to exclude "DX-121 and DX-122 from evidence as well as testimony, expert opinion or argument relating thereto," Dkt. No. 515, is that Defendant no longer has any basis to argue that the P.O. Writer system anticipates claims 3, 28 and 29 of the '683 patent.[3]

The impact of the Court's July 30, 2010 and November 19, 2010 Orders on Defendant's anticipation defenses involving the J-CON and P.O. Writer systems are summarized in the table below:

---

[2]   The Court also excluded Defendant's exhibit DX-112 pursuant to *e*Plus's motions.  DX-112 is related to the TV/2 search program and is not relevant to this motion.

[3]   The Court's order is clear:  Defendant cannot introduce any testimony concerning DX-121 and DX-122.  And yet, Defendant has thus far refused to withdraw the following deposition designations from Ms. McEneny, the witness who testified as to the P.O. Writer system, relating to the excluded exhibits:  94:5-10; 95:4 – 96:5; 100:11 – 101:3; 102:9-16; 126:1-24; 142:3-17; 143:6-18; 158:8 – 160:7; 160:22 – 161:9; 161:12 – 163:10; 163:13 – 164:16; 164:19 – 165:17; 166:8-13; 166:15-16.  Ex. 11 (June 10, 2010 Dep. Tr. of Laurene McEneny).  Because this deposition testimony concerns excluded exhibits DX-121 and DX-122, the testimony must also be excluded from trial.

| Reference | Number of Asserted Claims That Dr. Shamos Alleged Are Anticipated By Reference | Number of Remaining Asserted Claims For Which Defendant Had Anticipation Theories After July 30 Order | Number of Remaining Asserted Claims For Which Defendant Had Anticipation Theories After November 19 Order |
|---|---|---|---|
| J-CON | 12 | 0 | 0 |
| P.O. Writer | 12 | 6 | 3 |

### 2.    Defendant's Obviousness Theories Regarding J-CON And P.O. Writer

The Court granted *e*Plus's motion to exclude J-CON trial exhibits DX-97 and DX-98, at least in part, because "the invalidity expert for the defendant, Dr. Shamos, . . . does not rely on DX-97 and DX-98 to support his obviousness opinions . . . ."  Order (Dkt. No. 516, Nov. 19, 2010) at 2.  In fact, as *e*Plus noted in its motion, ***Dr. Shamos does not rely on any admissible evidence to support his obviousness opinions concerning the J-CON system***.  *See* Dkt. No. 493 (Oct. 21, 2010 Mem.) at 7-8.  Instead, Dr. Shamos offers only wholly conclusory opinions that the combination of the J-CON system and either the system disclosed in the Dworkin '940 patent or the P.O. Writer system renders obvious each of the asserted claims.  Ex. 12 (Shamos Invalidity Rpt.) at ¶¶ 229-236.  Dr. Shamos's obviousness opinions are limited to seven paragraphs and lack any claim-by-claim, element-by-element analysis or any evidence whatsoever in support of the opinions.  *Id.*[4]

Like his obviousness opinions regarding the J-CON system, Dr. Shamos's obviousness opinions with respect to the P.O. Writer system are also conclusory, devoid of any claim-by-

---

[4]    *e*Plus requested that Defendant confirm that it will narrow the scope of its invalidity case at trial regarding the J-CON and P.O. Writer systems in accordance with the Court's November 19, 2010 Orders.  *See* Ex. 13 (Nov. 23, 2010 letter from J. Albert).  Defendant sent an email to *e*Plus several days later only to say that it would provide a response to *e*Plus's letter at an unspecified later date.  *See* Ex. 14 (Nov. 29, 2010 email from K. Stoll-DeBell).  Defendant has still not responded to *e*Plus's November 23, 2010 request.

claim or element-by-element analysis, and lacking any documentary support.  Dr. Shamos's sole

theory of obviousness for the P.O. Writer system is that the combination of the P.O. Writer and

J-CON systems renders certain asserted claims obvious.  Yet, in positing this obviousness

argument, Dr. Shamos simply relabels his P.O. Writer anticipation opinions as P.O. Writer

obviousness opinions.[5]

## III.   ARGUMENT

Defendant's last-ditch effort to introduce at trial evidence and testimony that the Court

has already excluded should be denied.  Defendant may not repackage excluded non-

infringement and invalidity expert opinions as lay witness testimony from Mr. Hvass and Mr.

Lawson.  Defendant cannot magically transform excluded expert opinions from Mr. Knuth on

non-infringement into admissible evidence by simply relabeling those opinions as rebuttal

opinions on "source code issues."  And, pursuant to recent Court Orders excluding several J-

CON and P.O. Writer trial exhibits, Defendant can no longer introduce any evidence regarding

the J-CON system, and it may only introduce anticipation theories with respect to the P.O. Writer

System on three of the 12 asserted claims.

### A.   The Non-Infringement And Invalidity Testimony Defendant Intends To Introduce Through Mr. Hvass And Mr. Lawson Must Be Excluded

The proposed trial testimony of Mr. Hvass and Mr. Lawson is an end-run by Defendant

around numerous Court Orders excluding improper expert opinions.  In particular, it is now

apparent that Defendant intends to use Mr. Hvass — a fact witness whom Defendant never

disclosed pursuant to Rule 26(a) or in response to interrogatories — to introduce non-

---

[5]   Dr. Shamos's obviousness opinions for P.O. Writer on claim 1 of the '172 patent, claims 2, 21 and 22 of the '516 patent and claims 3, 28 and 29 of the '683 patent are also deficient because Dr. Shamos relies **solely** on excluded exhibits DX-121 and DX-122 for at least one limitation in each claim.

infringement expert opinions.  It is also now clear that Defendant intends to use Mr. Lawson to introduce Dr. Shamos's excluded invalidity expert opinions regarding the Lawson Legacy Systems.  Defendant's attempt to ambush *e*Plus at trial with surprise expert testimony violates Federal Rules of Civil Procedure 26 and 37 and Federal Rules of Evidence 403 and 701.  Pursuant to these Rules, the Court should preclude Defendant from proffering expert opinions through Mr. Hvass and Mr. Lawson.

### 1.    Mr. Hvass May Not Testify At Trial

Only a few weeks before trial, Defendant informed *e*Plus for the first time of its plan to call Mr. Hvass at trial to offer a demonstration of the accused infringing Lawson software and to provide expert non-infringement opinions in rebuttal to *e*Plus's expert's opinions.  Mr. Hvass's proposed trial testimony is improper and inadmissible because Defendant never disclosed Mr. Hvass in its initial or supplemental Rule 26(a) disclosures, never disclosed Mr. Hvass in response to *e*Plus's interrogatories, never informed *e*Plus that it intended to demonstrate its own software at trial, never produced the demonstration it now seeks to introduce through Mr. Hvass either during discovery or as part of the required trial exhibit exchange, never disclosed that it intended to elicit rebuttal expert opinions through Mr. Hvass and never provided an expert report from Mr. Hvass to inform *e*Plus of the scope of Mr. Hvass's non-infringement opinions.

First, Mr. Hvass was never disclosed in Defendant's initial or supplemental Rule 26(a)(1) disclosures.  Accordingly, pursuant to Rule 37, Defendant may not call Mr. Hvass to testify at trial.  If a party fails to "identify a witness as required by Rule 26(a) . . . ***the party is not allowed to use that . . . witness . . . at a trial***, **unless the failure was substantially justified or is harmless**."  Fed. R. Civ. P. 37(c)(1).  *See also* Ex. 3 (Sept. 7, 2010 Hearing Tr.) at 94:19 – 95:7

(quoting rule and noting that exclusion is the typical remedy for failure to disclose information).[6] Defendant cannot argue that its failure to disclose Mr. Hvass was substantially justified because its disclosure of Mr. Hvass as a Rule 30(b)(6) designee was limited to topics concerning the excluded Lawson Legacy Systems. Furthermore, even if Mr. Hvass had offered deposition testimony that was relevant to any admissible trial topic, Mr. Hvass's proposed trial testimony has nothing to do with his excluded deposition testimony and Mr. Hvass did not even testify at a deposition until after the close of fact discovery. Defendant should be sanctioned for its failure to disclose Mr. Hvass as required by Rule 26(a)(1) not only because it has no justification for its decision to keep Mr. Hvass under wraps, but also because Defendant's eleventh-hour ambush tactics have prejudiced *e*Plus. *e*Plus never had an opportunity to depose Mr. Hvass about the demonstration of the accused software that he intends to present at trial.[7]

Second, Defendant did not identify Mr. Hvass in its responses to *e*Plus's timely served interrogatories including interrogatories asking Defendant to (1) identify each person with knowledge or information relevant to non-infringement and the substance of each person's knowledge and (2) identify each witness to be called at trial and the subject matter of his testimony. Ex. 2 (Aug. 24, 2009 Resp. to *e*Plus' First Set of Interrogatories); Ex. 5 (May 7, 2010 Supp. Resp. to *e*Plus's Interrogatory 1); Ex. 6 (May 18, 2010 Second Supp. Resp. to *e*Plus's Rog.

---

[6] Defendant claims that *e*Plus waived the right to object to Mr. Hvass and Mr. Lawson because it did not object to these witnesses at the Final Pretrial Conference. Ex. 12 (Nov. 29, 2010 letter from W. Schultz). Defendant's "waiver" argument is misguided because *e*Plus only learned **after** the Final Pretrial Conference that Defendant intended to introduce excluded non-infringement and invalidity expert opinions in the guise of lay witness testimony through Mr. Hvass and Mr. Lawson at trial.

[7] Defendant argues that because Mr. Hvass conducted a demonstration of the Lawson legacy systems during the course of his deposition that *e*Plus was somehow provided with notice that he would be brought to trial to demonstrate the systems accused of infringement here. This contention is without merit since Mr. Hvass did not conduct any demonstration of the **current** Lawson software, the only version of Defendant's software that has any relevance to an issue in the case. Ex. 12 (Nov. 29, 2010 letter from W. Schultz).

1).  The Court should exclude Mr. Hvass from testifying at trial as a Rule 37 sanction for

Defendant's failure to disclose Mr. Hvass in response to *e*Plus's interrogatories.  *See* Fed. R. Civ.

P. 37(d).

Third, Defendant may not offer rebuttal expert non-infringement opinions through Mr.

Hvass, a lay witness.  As an initial matter, Defendant never identified Mr. Hvass as an expert

witness and never served any expert report from Mr. Hvass as it was required to do under Rule

26(a)(2).  For the same reasons set forth above, any expert opinion from Mr. Hvass must be

excluded under Rule 37.  If, as Defendant contends, Mr. Hvass intends to offer only testimony

"as a fact witness," his opinions regarding the functional differences between Defendant's

accused software as demonstrated by Dr. Weaver and the "data and demonstrations provided to

[Defendant's] customers" are inadmissible opinion testimony by a lay witness pursuant to

Federal Rule of Evidence 701.  *See* (Nov. 29, 2010 letter from W. Schultz) at 3.  Rule 701 states

that if a witness is not testifying as an expert, "the witness' testimony in the form of opinions . . .

is limited to those opinions . . . which are (a) rationally based on the perception of the witness,

(b) helpful to a clear understanding of the witness' testimony or the determination of a fact in

issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope

of Rule 702."

Mr. Hvass's proposed rebuttal opinion testimony regarding the demonstration Dr.

Weaver will offer must be excluded not only because it will be based on specialized, technical

knowledge, but also because it is not based on his rational perception.  *See* Fed. R. Evid. 701

Advisory Committee's Note (purpose of Rule 701 is to ensure "that a party will not evade the

expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an

expert witness in the guise of a layperson.");  *United States v. Perkins*, 470 F.3d 150, 156 (4th

Cir. 2006) (Rule 701 "forbids the admission of expert testimony dressed in lay witness clothing."); *see also* Joseph, *Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure*, 164 F.R.D. 97, 108 (1996) ("there is no good reason to allow what is essentially surprise expert testimony;" accordingly, "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process").

Fourth, in contrast to *e*Plus, which produced to Defendant during discovery the demonstrations of Defendant's software that Dr. Weaver will show the jury, Defendant never produced during discovery the demonstration it intends to offer through Mr. Hvass at trial, nor did it produce the demonstration as required during the exchange of trial exhibits.  In fact, to this day Defendant has not produced to *e*Plus, nor provided to *e*Plus at a deposition, the demonstration that Mr. Hvass intends to present to the jury.  Unlike *e*Plus, Defendant has had several months to review the demonstrations that Dr. Weaver will offer at trial, and Defendant even had the opportunity to cross-examine Dr. Weaver about these demonstrations at his deposition.  ***Defendant's proposal to introduce a demonstration it never produced through a witness it never disclosed is the very essence of trial by ambush and "trial by ambush has absolutely nothing to recommend itself to the judicial process.***"  *U.S. v. Loggins*, 486 F.3d 977, 988 (7th Cir. 2007).

Fifth, the Court has already excluded the rebuttal non-infringement opinions Defendant intends to offer at trial through Mr. Hvass.  In particular, ***Mr. Hvass's opinions about Dr. Weaver's demonstration of the accused software are the same opinions in Mr. Knuth's expert report that the Court has already excluded***.  Ex. 3 (Sept. 7, 2010 Hearing Tr.) at 116:17-117:13. Now that Defendant no longer has any expert to offer a rebuttal non-infringement opinion about demonstrations of the accused software, it has announced that it will try to inject those expert

16

opinions into evidence through Mr. Hvass.  Of course, Defendant should not be permitted to introduce excluded expert opinions in the guise of lay witness testimony, especially where Defendant never disclosed Mr. Hvass as a fact or expert witness.

Sixth, because Mr. Hvass's rebuttal non-infringement opinions will necessarily overlap with the expert non-infringement opinions that Dr. Shamos intends to offer at trial, Mr. Hvass's testimony must be excluded pursuant to Rule 403 because it is cumulative and prejudicial, and because it would violate the Court Order limiting the parties to one expert per discipline.

In sum, the testimony Defendant seeks to introduce through Mr. Hvass should be excluded in its entirety.  Mr. Hvass was never disclosed by Defendant as a fact or expert witness during discovery and Defendant may not call him at trial pursuant to Federal Rule of Civil Procedure 37.  Furthermore, the testimony Mr. Hvass seeks to introduce is rebuttal expert testimony that is inadmissible pursuant to Federal Rule of Evidence 701, and any testimony Mr. Hvass could offer on non-infringement – even if it were otherwise admissible, which it is not – would only be cumulative, duplicative and prejudicial and must therefore be excluded under Federal Rule of Evidence 403.

## 2.    Mr. Lawson May Not Offer Any Testimony Relating To The Lawson Legacy Systems At Trial

Mr. Lawson may not offer at trial opinions or testimony regarding the development of the Lawson Legacy Systems.  The Court has already stricken all of the opinions and most of the testimony Defendant hopes to elicit from Mr. Lawson.  While Defendant may offer background information about the company through Mr. Lawson, it may not use Mr. Lawson as a vehicle to introduce *any* evidence concerning the excluded Lawson Legacy Systems.

Defendant informed *e*Plus in late November that Mr. Lawson will offer trial testimony concerning the historic, technical and functional development of Lawson's software.  In its

November 29 letter, Defendant explained that "Mr. Lawson will testify as to the facts regarding the procedures in place at Lawson to develop the accused systems and Lawson's lack of specific intent to cause infringement." Ex. 1 (Nov. 29, 2010 letter from W. Schultz) at 4. And yet, *the Court already excluded all testimony concerning pre-2002 systems and held that the pre-2002 systems are not relevant to any issue, including intent to cause indirect infringement*. *See* Ex. 9 (July 28, 2010 Hearing Tr.) at 186:19 – 187:24 ("*I don't think [evidence or testimony concerning the legacy systems is] pertinent to lack of specific intent to induce infringement either or to discredit ePlus's infringement* and damages contention for the same reason. To the extent it might be relevant, it's a 403 analysis, and the use of the pre-2002 systems don't do anything but provide confusion, delay." (emphasis added)).

While Defendant contends in a November 29, 2010 letter that Mr. Lawson's proposed testimony will not violate the Court's Orders excluding the Lawson Legacy Systems from evidence, in fact the testimony Mr. Lawson intends to offer regarding the "historic development" of Lawson's software is a poorly disguised expert invalidity opinion regarding the excluded Lawson Legacy Systems. Indeed, absent an explicit directive from the Court, it seems clear that Defendant will attempt to introduce through Mr. Lawson the very evidence and testimony regarding the Lawson Legacy Systems that the Court has already precluded Dr. Shamos from offering at trial. Dkt. No. 381 (July 30, 2010 Order). If Defendant is permitted to offer this excluded testimony and evidence at trial, Defendant's counsel will then surely argue to the jury that the prior versions of Lawson software invalidate the asserted *e*Plus patents.[8]

Expert invalidity testimony relating to the Lawson Legacy Systems from Mr. Lawson is improper not only because it has already been excluded by the Court, but also because Mr.

Lawson was never disclosed as an expert witness by Defendant and Mr. Lawson's invalidity opinions are therefore inadmissible expert testimony by a lay witness pursuant to Federal Rule of Evidence 701.  Like the non-infringement opinion testimony Mr. Hvass intends to offer, the invalidity opinion testimony that Defendant seeks to introduce through Mr. Lawson must be excluded as surprise expert testimony offered through a lay witness.  *See* Fed. R. Evid. 701.

### B. Mr. Knuth's Testimony Must Be Limited Exclusively To Source Code Pursuant To Court Order

On September 7, 2010, the Court explicitly limited Mr. Knuth's trial testimony to those portions of his August 25, 2010 report that relate solely to his analysis of source code and were offered exclusively in rebuttal to Mr. Niemeyer.  Consistent with that Order, Mr. Knuth may only testify at trial about those few paragraphs of his report that relate to his analysis of source code.  Mr. Knuth may not testify about the remaining portions of his expert report because those portions of his report are not limited to an analysis of source code, but instead contain ***non-infringement opinions rebutting Dr. Weaver's infringement opinions***.  Additionally, the Appendices and exhibits to Mr. Knuth's report are also stricken pursuant to the Court's Order since they are not limited to source code and are not offered to rebut Mr. Niemeyer's source code expert opinions.[9]

Notwithstanding the Court's precise delineation of the boundaries of Mr. Knuth's testimony, Defendant refuses to concede that Mr. Knuth's expert testimony must be limited to those portions of his expert report that analyze source code and rebut Mr. Niemeyer.  Instead, Defendant contends that Mr. Knuth's testimony is ***essentially unbounded*** because he "opined on

---

[8]   Indeed, the Court has already ruled that all the documents concerning the Legacy Systems are inadmissible.

source code issues throughout his report." Ex. 1 (Nov. 29, 2010 letter from W. Schultz) at 2.  To demonstrate the overreach of Defendant's claim, *e*Plus attaches hereto as Appendix 1 the August 26, 2010 expert report of Mr. Knuth, highlighting those few paragraphs of Mr. Knuth's report that actually contain an analysis of source code and rebut Mr. Niemeyer's expert opinions (*i.e.,* paragraphs 37 (except the first sentence), 48, 69-70, 82 (except the first two sentences), 83, 91 (except the last two sentences), 103 (except the second sentence), and 104).  *e*Plus agrees that Mr. Knuth may testify about these few portions of his report, consistent with the Court's Order. However, as is evident from even a cursory review of the non-highlighted portions of Mr. Knuth's report, none of the other paragraphs of Mr. Knuth's expert report contain an analysis of source code.  Consistent with the Court's September 7 Order, Mr. Knuth should not be permitted to offer any testimony or evidence at trial regarding the non-highlighted portions of his expert report.

### C.    Testimony, Evidence And Expert Opinions Regarding J-CON Must Be Excluded In Light Of The Court's Orders

In light of the Court's Orders granting *e*Plus's motions to (1) exclude prior art not disclosed in the Second Supplemental Statement and (2) exclude J-CON trial exhibits DX-97 and DX-98, the Court should exclude any remaining evidence, testimony, or expert opinion regarding the J-CON system.  First, it is undisputed that the Court has already excluded all of Dr. Shamos's anticipation theories regarding the J-CON system.  *See supra* at II(C)(1).  Second, there is also no dispute that Dr. Shamos did not rely on either the excluded J-CON trial exhibits DX-97 or DX-98, or DX-96, the only other trial exhibit concerning the J-CON system, to support his J-CON obviousness opinions.  *See* Dkt. No. 516 (Nov. 19, 2010 Order) at 2 (excluding DX-

---

9    Lawson never produced Appendices B, E and F to Mr. Knuth's August 25, 2010 expert report or the "Video Demonstrations 1-4" cited therein to *e*Plus during fact discovery and these appendices and the video demonstrations should be excluded for this additional reason.

97 and DX-98 because, among other reasons, "Dr. Shamos, . . . does not rely on DX-97 or DX-98 to support his obviousness opinions . . . ."); *see also* Ex. 12, (Shamos Invalidity Rpt.) at ¶¶ 229-239 (no mention of DX-96, DX-97 or DX-98).  Because Dr. Shamos's J-CON obviousness opinions are unsupported by any record evidence, those opinions must be excluded.  Accordingly, Dr. Shamos must be precluded from offering any testimony or opinion that the J-CON system (alone or in combination with any other system) renders obvious any of the asserted claims.

Absent any expert testimony concerning the purported invalidity of the J-CON system, Defendant should also be precluded from offering any fact testimony concerning the J-CON system.  During the Final Pretrial Conference, the Court ruled that Defendant cannot offer evidence at trial relating to prior art references not relied upon by Dr. Shamos because if Dr. Shamos "has no opinions with respect to [a reference], then I don't see how it's relevant."  Ex. 15 (Sept. 28, 2010 Hearing Tr.) at 263:12-13.  As the Court explained, expert testimony is necessary for the jury to understand how alleged prior art is related to the patents-in-suit:

> [Y]ou are saying you've got someone testifying to different pieces of the elements, the claim elements.  Who is going to tie it all together and say, therefore, this is prior art?  Somebody has to do that or all you have is a lot of untethered evidence that doesn't mean anything that's relevant to the case on the issue of prior art.  So who is going to tie it together?

*Id*. at 268:24 – 269:6.  *Accord Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267 (Fed. Cir. 2008) (expert testimony is required to establish invalidity where the "subject matter is sufficiently complex to fall beyond the grasp of an ordinary layperson"); *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1152 n. 4 (Fed. Cir. 2004) ("we hold that [Defendant] needed some explanatory testimony or other evidence to compare [the prior art] with the patent at issue given that the [prior art] reference is a technical patent document");

*Marine Polymer Techs., Inc. v. HemCon, Inc.*, 2010 WL 1451203, *3 (D.N.H. Apr. 8, 2010) ("In light of the technical and complex nature of the invention . . . prior art is not admissible to show invalidity under § 102 or § 103 unless a qualified expert witness provides an opinion to explain the art and its relationship to the [patent-in-suit]."); *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 648 F.Supp.2d 1294, 1354 (M.D. Fla. 2009) (expert testimony required to assist factfinder even in bench trial).

Defendant intends to call Dr. Preston Staats as a fact witness to testify about the J-CON system.  Dkt. No. 481-2 (Sept. 24, 2010 Revised Amended FPTO) at 2.  But the Court has already decided that Dr. Staats cannot offer any expert testimony.  Dkt. No. 472 (Sept. 9, 2010 Order) at 1.  Furthermore, Because neither Dr. Shamos nor Dr. Staats can offer expert opinions to tie together the untethered fact testimony Defendant seeks to introduce at trial through Dr. Staats concerning the J-CON system, Defendant should be precluded from offering any evidence or testimony from Dr. Staats or any other fact witnesses concerning the J-CON system.

      **D.**     **Testimony, Evidence And Expert Opinions Regarding P.O. Writer Must Be Limited Consistent With The Court's Orders**

          **1.**     **Testimony And Evidence Concerning The Alleged Anticipation Of Claims 3, 28, And 29 Of The '683 Patent By The P.O. Writer System Should Be Excluded**

The Court should exclude any expert opinion regarding the alleged anticipation by the P.O. Writer system of claims 3, 28, and 29 of the '683 patent because after the Court's ruling excluding DX-121 and DX-122 from evidence, Defendant can no longer prove anticipation of these claims.  To prove that the P.O. Writer system anticipates any asserted claim, Defendant must show that every element of the claim is disclosed in the P.O. Writer system.  Because Dr. Shamos relies *solely* on either DX-121 or DX-122 to support his opinion that the P.O. Writer system anticipates at least one element of asserted claims 3, 28, and 29 of the '683 patent and the

Court excluded "from evidence [at trial] as well as testimony, expert opinion or argument relating" to DX-121 and DX-122, Defendant can no longer offer testimony or other evidence at trial concerning its claim that the P.O. Writer system anticipates claims 3, 28, and 29 of the '683 patent.[10]  *See* Dkt. No. 515 (Order).  The following testimony from the deposition of Ms. McEneny that concerns excluded exhibits DX-121 and DX-122 should also be excluded:  94:5-10; 95:4 – 96:5; 100:11 – 101:3; 102:9-16; 126:1-24; 142:3-17; 143:6-18; 158:8 – 160:7; 160:22 – 161:9; 161:12 – 163:10; 163:13 – 164:16; 164:19 – 165:17; 166:8-13; 166:15-16.  Ex. 11 (June 10, 2010 Dep. Tr. of Laurene McEneny).

### 2. Testimony And Evidence Concerning The Alleged Obviousness Of All Asserted Claims Based Upon The P.O. Writer System Should Be Excluded

Respectfully, the Court should also exclude any expert opinion regarding the alleged obviousness of any of the asserted claims based on the P.O. Writer system.  An asserted claim is invalid if the invention would have been obvious to a person of ordinary skill in the art based on the teachings of the prior art.  *See* 35 U.S.C. § 103(a).  Unlike anticipation, obviousness typically is based upon the combination of two or more prior art references.  Dr. Shamos's sole theory of obviousness relating to the P.O. Writer system is based upon the combination of the P.O. Writer and J-CON systems.  Because, as set forth above, Dr. Shamos has no admissible evidence to support his opinion that the J-CON system is invalidating prior art, there is also no way Dr. Shamos can testify that the asserted claims are obvious in light of the combination of the J-CON and P.O. Writer systems.  He simply did no such analysis.  With no remaining admissible evidence to offer regarding the J-CON system, Dr. Shamos simply cannot opine about what a

---

[10]   Attached hereto as Appendix 2 is a table identifying the specific elements of claims 3, 28, and 29 of the '683 patent for which Dr. Shamos relies solely on excluded documents DX-121 or DX-122 to support his opinion that the P.O. Writer system anticipates a claim.

person of ordinary skill in the art might have taken from the J-CON system and combined with

the P.O. Writer system to render obvious the asserted claims.

Additionally, Dr. Shamos cannot offer an obviousness opinion with respect to the P.O.

Writer system or with respect to the J-CON system because he failed to perform any claim-by-

claim, element-by-element analysis and instead simply rendered conclusory opinions without

any evidentiary support.  Dr. Shamos's conclusory and unsupported obviousness opinions

relating to the J-CON and P.O. Writer systems are insufficient as a matter of law because, as the

Federal Circuit has explained:

> ***General and conclusory testimony . . . does not suffice as
> substantial evidence of invalidity****. . . .  This is so **even when the
> reference has been submitted into evidence before the jury***.
> Because [Defendant] failed to articulate how the [prior art]
> reference anticipates or makes obvious the [patent-in-suit], it has
> not presented sufficient evidence for the jury with respect to the
> [prior art] reference.

*Koito Mfg. Co., Ltd.*, 381 F.3d at 1152.  *See also Upjohn Co. v. Mova Pharm. Corp.*, 225 F.3d

1306, 1311 (Fed.Cir.2000) (obviousness determination requires some evidentiary support beyond

an expert's conclusory opinion).

## IV.    CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that the Court issue an Order (1)

excluding Mr. Hvass from offering any trial testimony; (2) precluding Mr. Lawson from offering

testimony regarding any prior versions of the Lawson systems; (3) limiting Mr. Knuth's

testimony at trial to those few paragraphs of his expert report in which he analyzes the accused

source code; (4) precluding Defendant from offering any testimony or other evidence concerning

the J-CON system; (5) precluding Defendant from offering any testimony or other evidence

concerning its allegation that the P.O. Writer system renders obvious any asserted claim; and (6)

24

precluding Defendant from offering any testimony or other evidence concerning its allegation

that the P.O. Writer system anticipates claims 3, 28 and 29 of the '683 patent.

Respectfully submitted,

*e*Plus, Inc.

By Counsel

December 7, 2010

_____/s/_____

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com


Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com


Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com

*Counsel for Plaintiff, ePlus, Inc.*

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of December, 2010, I will electronically file the foregoing

### PLAINTIFF *e*PLUS INC.'S BRIEF IN SUPPORT OF ITS
### MOTION TO ENFORCE PRIOR COURT ORDERS

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

**Counsel for Defendant Lawson Software, Inc.**

_____
/s/
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com