# EXHIBIT 1

# Merchant & Gould
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | William D. Schultz
wschultz@merchantgould.com
612.336.4677

November 29, 2010

Michael Strapp
**Goodwin Procter LLP**
Exchange Place
Boston, MA 02109

**Via Email**

Re:   ePlus, Inc. v. Lawson Software, Inc.
      Case No.: 2:09-232
      M&G No.: 16391.0001USZA

Dear Michael:

    Your letter dated November 17, 2010, regarding the testimony of Richard Lawson and Jeff Hvass mischaracterizes our November 15, 2010, telephone conference. Contrary to your letter, I did not indicate that Lawson plans on calling Mr. Hvass as an expert. Nor did I assert that Mr. Lawson will provide invalidity opinions in any regard. Your letter does not represent our conversation accurately. This letter outlines the testimony we believe those witnesses should be allowed to provide at trial.

    First, Lawson timely disclosed both witnesses on its trial witness list. ePlus did not object to the trial witness list. Further, the Court asked the parties if there were any objections to the witness list at the pretrial hearing. Again, ePlus did not object. We were surprised to receive your letter objecting to these witnesses after our numerous conversations informing you that they would be testifying and your failure to mention at any time that you objected to their testimony.

    Jeff Hvass will demonstrate the accused products of the Lawson procurement system using the demonstration laptops that are Exhibits PX402 and DX335. As Mr. Hvass disclosed at his deposition, from 2008 to present he has demonstrated Lawson's current 9.0 procurement system to current clients and new prospects:

> 21      And then in 2008 through 2010, I've been in
> 22      our services industries group presenting our solutions
>
>                                                                                     18
> 1      to our clients and to new prospects.

(Hvass Depo. Trans. at 17:21-18:1.)

ePlus cannot claim they were unaware that Mr. Hvass had knowledge related to the demonstration of the accused products. Indeed, as the example below shows, ePlus asked Mr. Hvass several times to compare the 9.0 system functionality:

> 19      Q   So you have Lawson Software 9.0 running on
> 20      this HP UNIX server?
> 21      A   Yes.

(Hvass Depo. Trans. at 34:19-21.)

Mr. Hvass was deposed about and clearly is entitled to testify about the demonstrations he does in fact for customers. There is no reason to preclude Mr. Hvass from testifying about how Dr. Weaver's demonstration does not correspond to what Lawson actually demonstrates for customers in fact. This is not an expert issue. To bar Mr. Hvass from providing such factual testimony would prejudice Lawson unfairly and leave the jury with a misleading impression as to Lawson's activities.

ePlus was not only aware of this area of knowledge of Mr. Hvass, but deposed him about it. Exhibit PX402 is a Lawson demonstration system that Lawson produced to ePlus in discovery. ePlus modified PX402 by inputting data that Lawson did not provide. Lawson has long held the position that ePlus unfairly modified and used the Lawson system in its demonstration. For example, Mr. Hvass will testify, as he did at his deposition, that the procurement systems as delivered to consumers, unlike the one ePlus will proffer into evidence, do not contain data.

> 2      Q   Is the code as of today in the 9.0 system
> 3      delivered with data?
> 4      A   No, it's not delivered with any data.

(Hvass Depo. Trans. at 193:2-4.)

As you know, on November 17, 2010, after numerous requests, ePlus for the first time provided to Lawson the vendor load files that ePlus input into the demonstration laptop labeled PX402. ePlus never provided to Lawson the version of PX402 that contains



Michael Strapp
November 29, 2010
Page 3

the vendor load files. ePlus's production of the vendor load files is outside of the discovery period. Lawson is considering whether the exhibit should be excluded due to the late disclosure of these files. At a minimum, Mr. Hvass, who is knowledgeable regarding the files that would be used on demonstration systems, should be allowed to address the unfair situation ePlus's late disclosure has created to explain that these late-produced files were not Lawson's files and that the vendor load files on PX402 are not provided to customers.

Contrary to your assertions, Lawson does not intend to use Mr. Hvass as an expert or to provide expert opinion in any form. At no time during our November 15 conversation did I inform ePlus that Mr. Hvass would offer expert opinions. Your letter can only be described as an attempt to mischaracterize my statements and create a dispute where none exists. Mr. Hvass is a fact witness who has personal knowledge regarding Lawson's demonstration laptops as used in fact with customers and as listed on the parties' exhibit lists.

Your claim that Lawson has never disclosed that it intends to demonstrate the Lawson software at trial is also incorrect. The Lawson demonstration laptop is listed as DX335 and was disclosed as an exhibit on August 6, 2010, in a timely manner. ePlus's copy of the Lawson demonstration laptop is listed as PX402. The parties were fully aware that the demonstration laptops were going to be used at trial. ePlus did not object to DX335. Indeed, the parties stipulated to the demonstration laptop exhibits.

Mr. Hvass' testimony has not been excluded by the Court. You wrongly seek to lump Mr. Hvass's testimony together with Mr. Knuth's. You claim that "Mr. Hvass's opinions regarding ePlus's demonstration of Lawson's software are the same opinions that Mr. Knuth purported to offer in his expert report and that were struck from evidence by the Court." First, Mr. Hvass is not offering an expert opinion. Second, Mr. Hvass is not testifying regarding source code. Third, Mr. Hvass will testify based on personal knowledge as to Lawson demonstrations for customers or potential customers in fact. Mr. Knuth, in contrast, was identified as a rebuttal expert. The testimony Mr. Hvass will provide has not been excluded.

You also claim that Mr. Hvass' testimony will be "largely, if not entirely, identical" to Mr. Shamos's opinions. Again, Mr. Hvass will not provide expert opinion, making their testimony different. Second, Mr. Hvass will testify as a fact witness with respect to the data and demonstrations provided to customers and the difference between what Lawson provided to customers in fact and the data ePlus placed on PX402 and its demonstration thereof.

Lawson may call Mr. Hvass at trial to demonstrate PX402 and DX335 and testify that Lawson does not use a demonstration laptop as does Dr. Weaver with ePlus exhibit PX402. Moreover, because ePlus failed to produce the vendor file information during discovery, Lawson should be permitted to offer Mr. Hvass to rebut testimony based on the

Michael Strapp
November 29, 2010
Page 4

late-produced evidence if it is allowed. Lawson will certainly seek to exclude any testimony related to the demonstrations and opinions relying on the previously-undisclosed vendor load file if Mr. Hvass is not allowed to rebut that evidence.

Your representations of our conversation related to the scope of Mr. Lawson's testimony are also incorrect. Mr. Lawson will testify to the background of the Lawson company just as you informed us that Elaine Marion plans to do for ePlus. Mr. Lawson will also testify with respect to development of the accused products. This testimony is relevant to infringement, including at least the specific intent prong of ePlus's indirect infringement allegations.

As you admit in your correspondence, Lawson disclosed Mr. Lawson in its Rule 26(a)(1) disclosures. In those disclosures Lawson informed ePlus that Mr. Lawson would testify to "knowledge of Lawson" and non-infringement issues. After Lawson provided that information, ePlus, as it had the opportunity with all of Lawson's 30(b)(6) witnesses, deposed Mr. Lawson in his personal capacity. There is no unfair prejudice to ePlus regarding Mr. Lawson's testimony.

Mr. Lawson will not offer expert testimony. Mr. Lawson's testimony will not be offered to prove invalidity. Rather, Mr. Lawson will testify as to the facts regarding the procedures in place at Lawson to develop the accused systems and Lawson's lack of specific intent to cause infringement. He will not offer testimony excluded by the Court regarding the legacy systems.

ePlus has indicated that it plans to use Elaine Marion to testify regarding the background of ePlus, ePlus's businesses, how ePlus's businesses are structured and her role as CFO. ePlus's initial disclosures limited Ms. Marion's testimony to "ePlus's costs and revenues relating to its electronic sourcing products and services." The disclosed topics are no longer the subject of relevant or admissible evidence, and the topics you identify for Ms. Marion were not disclosed on the witness list. We demand that ePlus withdraw Ms. Marion from its witness list.

You letter mischaracterizes the parties' November 15, 2010, meet and confer regarding the scope of Mr. Lawson's and Mr. Hvass' testimony. Your contentions related to these witnesses testifying as experts are untimely and off base. Lawson intends to call Richard Lawson and Jeff Hvass at trial. The Court has already approved the parties' witness lists. Lawson intends to abide by the Court's prior rulings.

Michael Strapp
November 29, 2010
Page 5

Sincerely,

MERCHANT & GOULD P.C.

William D. Schultz