# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

| | |
|---|---|
| EPLUS, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>PERFECT COMMERCE, INC.,<br>SCIQUEST, INC., LAWSON<br>SOFTWARE, INC., and VERIAN<br>TECHNOLOGIES, INC.,<br><br>        Defendants. | Civil Action No. 2:09-CV-232-HCM-TEM |

**DEFENDANT LAWSON SOFTWARE, INC.'S RESPONSES TO EPLUS, INC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-92)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Lawson Software, Inc., ("Lawson") hereby responds to Plaintiff ePlus, Inc.'s ("ePlus") First Set of Requests for Production of Documents (Nos. 1-92) as set forth below.

**GENERAL STATEMENT**

Lawson incorporates by reference the following General Objections, as well as the General Objections set forth in Lawson's Responses to ePlus, Inc.'s First Set of Interrogatories, within each of the individual responses to individual requests for production, and all responses to the individual requests for production are made subject to and without waiving these objections.

Subject to, and without waiving its general and specific objections to ePlus's individual requests, Lawson will provide a response to these requests that complies with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Virginia

1

privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 6:**

All documents and things comprising, supporting, detracting from, or otherwise describing any contention of Lawson related to this action, including any contention that any claim of the patents in suit is invalid, unenforceable or not infringed, or any contention regarding the scope or interpretation of any of the claims of any of the patents in suit, or any contention regarding potential damages as a result of Lawson's alleged infringement.

**OBJECTION TO REQUEST NO. 6:**

Lawson objects to Request No. 6 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects that this request is premature as it calls for information disclosed during expert discovery.

**RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 7:**

All documents and things provided to, used by, received by, consulted or relied upon by any consulting or testifying expert or fact witness that may be called by Lawson to testify at a hearing or at the trial of this case.

**OBJECTION TO REQUEST NO. 7:**

Lawson objects to Request No. 7 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrase "may be called". Lawson further objects to this request as premature to the extent it seeks information that is more properly provided through expert reports or expert depositions. Lawson further objects to this request as premature pending further scheduling orders from the Court, and the requirements of the Federal Rules of Civil Procedure and the Civil Local Rules.

**RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 8:**

All documents and things referring or relating to any expert or potential expert engaged by Lawson or with whom Lawson has consulted concerning any matter related to this action, including without limitation any engagement or retention letters, curriculum vitae, expert reports, opinions, affidavits, or declarations, or draft expert reports, opinions, affidavits, or declarations, and all documents provided to or relied upon by any such expert in connection with ay report, opinion, affidavit or declaration.

**OBJECTION TO REQUEST NO. 8:**

Lawson objects to Request No. 8 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrase "potential expert". Lawson further objects that this request calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects to this request as premature to the extent it seeks information that is more properly provided through expert reports or expert depositions and expert disclosures.

**RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 9:**

All documents and things that may be used as exhibits at any hearing in this case, including, but not limited to, a *Markman* hearing, a hearing on a dispositive motion and trial.

**OBJECTION TO REQUEST NO. 9:**

Lawson objects to Request No. 9 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lawson further objects to this request as vague and ambiguous in its use of the phrase "may be used". Lawson further objects that this request is

premature pending further scheduling orders from the Court, and the requirements of the Federal

Rules of Civil Procedure and the Civil Local Rules.

**RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving its objections, Lawson will produce responsive, non-

privileged, and non-objectionable documents located after a reasonable search, to the extent such

documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 10:**

All documents and things that embody, refer to, relate to, or comprise any study, analysis,

review or opinion (including opinions of counsel), conclusions, or contentions regarding the

validity or invalidity, infringement or non-infringement, enforceability or unenforceability,

interpretation or scope of any of the claims of any of the patents in suit or any related patents,

regardless of from whom such opinions, conclusions, or contentions were obtained, including

without limitation, any studies, reports, or competitive comparisons made with respect to acts

done, products sold, methods or systems used or services offered by Lawson, or by any third

party.

**OBJECTION TO REQUEST NO. 10:**

Lawson objects to Request No. 10 on all the grounds set forth in its General Objections

and incorporates these objections as if set forth in full herein.  Lawson further objects that this

request calls for information that is subject to the attorney-client privilege and/or the work

product doctrine.  Lawson further objects to this request as vague, ambiguous, overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  Lawson further objects to this request as vague and ambiguous in its use of the phrase

**OBJECTION TO REQUEST NO. 25:**

Lawson objects to Request No. 25 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects that the request is overbroad with respect to the time frame contemplated for all pres releases "ever issued."

**RESPONSE TO REQUEST NO. 25:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 26:**

All documents and things that refer, reflect, or relate to any display, demonstration, presentation, speech, seminar, webinar, sales pitch, training program, concerning Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations.

**OBJECTION TO REQUEST NO. 26:**

Lawson objects to Request No. 26 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects that the terms "[a]ll documents and things that refer, reflect, or relate to" are overly broad, vague and ambiguous.

**RESPONSE TO REQUEST NO. 26:**

Subject to and without waiving its objections, Lawson will produce responsive, non-

privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**REQUEST NO. 27:**

All documents and things that refer, reflect, or relate to any display, demonstration, distribution, submission, or mailing to any actual or potential customer of any information referring or pertaining to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations prior to August 10, 1994, including, without limitation, monthly newsletters, technical bulletins or updates, operations manuals, training manuals, flow charts, diagrams, drawings, demonstration software programs, presentations, webinars, maintenance schedules, descriptions, bills of material, parts, drawings, and brochures.

**OBJECTION TO REQUEST NO. 27:**

Lawson objects to Request No. 27 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein.  Lawson further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lawson further objects that the terms "[a]ll documents and things that refer, reflect, or relate to" are overly broad, vague and ambiguous.

**RESPONSE TO REQUEST NO. 27:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

**RESPONSE TO REQUEST NO. 92:**

Subject to and without waiving its objections, Lawson will produce responsive, non-privileged, and non-objectionable documents located after a reasonable search, to the extent such documents exist, and only in accordance with the Protective Order as agreed upon by the parties.

Dated:  August 24, 2009

_____
Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:     (757) 624-3000
Facsimile:      (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*

Daniel Johnson, Jr. (admitted *pro hac vice*)
Rita E. Tautkus (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:     (415) 442-1000
Facsimile:      (415) 442-1001
djjohnson@morganlewis.com
rtautkus@morganlewis.com

Robert W. Busby, Jr.
(VSB No. 41312)
Bradford A. Cangro (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone:     (202) 739-3000
Facsimile:      (202) 739-3001
rbusby@morganlewis.com
bcangro@morganlewis.com

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2009, a true and correct copy of the foregoing

document was served by electronic mail upon counsel for the plaintiff:

Gregory N. Stillman
Brent Lee VanNorman
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Tel.: 757-640-5300
Fax.: 757-625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202-346-4000
Fax.: 202-346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

Shirley Sperling Paley
James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
Tel.: 617-570-1000
Fax.: 617-523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:   (757) 624-3000
Facsimile:    (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*

1521459\1

74