# EXHIBIT 3

```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE EASTERN DISTRICT OF VIRGINIA

 3                      RICHMOND DIVISION

 4
      --------------------------------------
 5                                          :
      ePLUS, INC.                           :    Civil Action No.
 6                                          :    3:09CV620
      vs.                                   :
 7                                          :
      LAWSON SOFTWARE, INC.                 :    September 7, 2010
 8                                          :
      --------------------------------------
 9


10
          COMPLETE TRANSCRIPT OF THE MOTIONS HEARING
11
            BEFORE THE HONORABLE ROBERT E. PAYNE
12
                 UNITED STATES DISTRICT JUDGE
13


14    APPEARANCES:

15    Scott L. Robertson, Esquire
      Michael G. Strapp, Esquire
16    Jennifer A. Albert, Esquire
      Goodwin Procter, LLP
17    901 New York Avenue NW
      Suite 900
18    Washington, D.C.  20001

19    Craig T. Merritt, Esquire
      Henry I. Willett, III, Esquire
20    Christian & Barton, LLP
      909 East Main Street
21    Suite 1200
      Richmond, Virginia  23219-3095
22    Counsel for the plaintiff

23

24                   Peppy Peterson, RPR
                   Official Court Reporter
25              United States District Court
```

```
 1    APPEARANCES:  (cont'g)

 2    Dabney J. Carr, IV, Esquire
      Troutman Sanders, LLP
 3    1001 Haxall Point
      Richmond, Virginia  23219
 4
      Daniel W. McDonald, Esquire
 5    Kirstin L. Stoll-DeBell, Esquire
      Merchant & Gould, PC
 6    80 South Eighth Street
      Suite 3200
 7    Minneapolis, Minnesota  55402
      Counsel for the defendant
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   writing."

2          So what is it that we're talking about that wasn't

3   disclosed?  The royalty base is alleged in the -- the theory is

4   alleged as non-disclosed.  The base is alleged as

5   non-disclosed, and the rate is alleged as non-disclosed, and

6   the amount is alleged as non-disclosed, that is application of

7   a rate to a base, either in the satisfaction of Rule 26(a)(1),

8   which is computation of the damages, and that rule, (iii) says,

9   "computation of each category of damages claimed by the

10  disclosing party who must also make available for inspection

11  and copying the documents or other evidentiary material on

12  which each computation is based, including materials bearing on

13  the nature and extent of injuries suffered."

14         So it looks to me as if the supplementation was

15  accomplished here by the Mangum report, both as to the

16  computation and the interrogatory answer.  The Mangum report

17  has been stricken as not in compliance with the precepts of

18  *Daubert* and *Kumho*.

19         I don't think that applying -- I think applying the

20  *Southern States* test, because that's the test that's applied,

21  whereas here the allegation is that a party did not satisfy its

22  disclosure obligations.  If a party fails to provide

23  information or identified witnesses required by Rule 26(a) or

24  (e), the party is not allowed to use that information or

25  witness to supply evidence on a motion at a hearing or at trial

1    unless the failure was substantially justified or is harmless.

2           And in addition to or instead of that sanction, the

3    Court can do alternate sanctions and may impose other

4    appropriate sanctions including any of the orders entered in

5    37(b)(2)(A)(i) through (vi), and that includes prohibiting the

6    disobedient party from supporting or opposing designated claims

7    or defenses or from introducing designated matters in evidence.

8           That is a drastic sanction foreclosing the testimony

9    or prohibiting information in evidence.  I don't think there's

10   any surprise in the disclosure of the theory, and there's no

11   surprise in the disclosure of the royalty base given the record

12   in this case, for it was disclosed in a number -- it comes from

13   Lawson's own figures, and Mangum has that information in his

14   report.

15          So I don't think there's any need to go through the

16   analysis of the ability to cure the surprise or disruption or

17   importance of the evidence and explanation for failure to

18   disclose, but much of the failure to disclose the royalty base

19   lies at Lawson's own feet for dragging its heels in providing

20   financial information that it was requested to provide.

21          The evidence is, however, important because it has a

22   bearing on the ultimate damages in the case and the remedy that

23   is presumptively one under 284 of the statute, and I'm not sure

24   that evidence of the base would provide for disruption at

25   trial.

1    especially in light of this Court's rulings with regard to the

2    prior versions and reference those.  Thank you.

3         THE COURT:  I issued the opinion or the order that I

4    issued allowing the extra experts for Lawson, and it never

5    crossed my mind that one expert would be substituted for

6    another, nor do I think that anything I said or did reasonably

7    could have led to that result, and there was to be an expert

8    who was to address just the source codes.

9         Now, what's happened is that Lawson has taken

10   advantage of the situation, has gone well beyond what it is

11   that I ordered and contemplated.  I think I made that clear,

12   and the bottom line is that Staats and Knuth aren't going to

13   testify.  I'm going back to where I was.  I didn't give you all

14   free rein to go out and get new experts and change the game at

15   the end of the time.  I was trying to allow some equity into a

16   situation.

17        If, in fact, Knuth can testify just to source code,

18   then I suppose it's all right to let him testify to that.  Is

19   there a part of his report where he testifies just to source

20   code, and that's all, and responds to Hilliard -- is it

21   Hilliard or Niemeyer?  Niemeyer is the source code.  Responds

22   to Niemeyer?

23        MR. ROBERTSON:  There are paragraphs, to be fair,

24   Your Honor, that do that.  Now, we might have a debate over

25   which ones fairly respond to Niemeyer and which don't --

```
1              THE COURT:  I'm talking about source code.  I don't
2    want him to get into prior versions, I don't want him to get
3    into infringement or invalidity.  What happens is when you get
4    leeway from the Court, you better stay within it or you get
5    smacked, and I'm not going back, and I'm not going to have the
6    effort to be equitable turned into a 180-degree turn.  I think
7    that results in the application of the principle that he who
8    seeks equity must do equity, and not that that's a guiding
9    precept here, but, in essence, that's what I was trying to
10   accomplish, and when you overstep the bounds at this stage of
11   the proceeding, the only thing I can do is cut it out.
12             If Knuth can testify only on the meaning of the
13   source codes, then he can testify.  And that's all.  The other
14   guy, Staats, is not going to testify at all.  Shamos has
15   covered it all.  You keep Niemeyer and Weaver out of the same
16   patch of ground, and if you let them go in the same patch of
17   ground, they're going to walk right out that door.  Now, I mean
18   you stomp all over that, and then there won't be any problem
19   with it.
20             MR. ROBERTSON:  I understand, sir.
21             THE COURT:  That solves the problem.
22             MR. ROBERTSON:  I would like to have a reasonable
23   opportunity to review the report, respond to it, and take his
24   deposition.
25             THE COURT:  What have you been doing?  You've been
```