# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| EPLUS, INC., | Civil Action No. 2:09-CV-232-HCM-TEM |
| Plaintiff, | |
| v. | |
| PERFECT COMMERCE, INC., SCIQUEST, INC., LAWSON SOFTWARE, INC., and VERIAN TECHNOLOGIES, INC., | |
| Defendants. | |

**DEFENDANT LAWSON SOFTWARE, INC.'S RESPONSES TO EPLUS, INC'S FIRST
SET OF INTERROGATORIES (NOS. 1-14)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Lawson

Software, Inc., ("Lawson") hereby responds to Plaintiff ePlus, Inc.'s ("ePlus") First Set of

Interrogatories (Nos. 1-14) as set forth below.

**GENERAL OBJECTIONS**

1.      Lawson generally objects to ePlus's interrogatories to the extent they seek to

impose upon Lawson any obligations different from, or in addition to, those obligations imposed

by the Federal Rules of Civil Procedure or the Civil Local Rules. Lawson's responses shall be

controlled by the requirements imposed by the Federal Rules of Civil Procedure, Federal Rules

of Evidence or the applicable Local Rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Lawson objects to the definitions and instructions as seeking to impose upon Lawson any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure or the Civil Local Rules. Lawson's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence or the applicable Local Rules.

2.      Lawson objects to ePlus's definition of "Lawson" as vague, ambiguous, overly broad, and unduly burdensome to the extent that it covers subsidiaries or other related companies whose information and documents are neither relevant to the subject matter of this litigation nor likely to lead to the discovery of admissible evidence, and to the extent it covers persons or entities other than Lawson.

3.      Lawson objects to ePlus's definition of "Electronic Sourcing and Procurement System(s) and/or Services" as vague, ambiguous and overly broad in its use of the terms "data regarding an item or items", "sources", "product catalogs", "requisition", "purchase order", "Lawson Procurement", "Lawson Requisitions", "Lawson Inventory Control", "Lawson Purchase Order", and "Lawson Procurement Punchout", and in its use of the phrase "any related applications, systems, methods and services, and any iterations, versions, releases, updates, or components thereof, and any other products and services that incorporate or relate to such products and services".

4.      Lawson generally objects to ePlus's definitions as overly broad to the extent they apply a meaning other than the ordinary meaning of the word.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person, including, without limitation, all employees, representatives, officers or agents of Lawson or any third parties, whom Lawson knows or has reason to believe has knowledge or information concerning any factual information relevant to the validity or

invalidity, enforceability or unenforceability, or infringement or noninfringement of any of the

claims of the patents in suit, or of damages issues in this lawsuit, or of factual information

relevant to any allegation of the Complaint or Lawson's answers to any interrogatories served

upon it in this case, and state the nature and substance of each such person's knowledge or

information, including whether such person furnished information or was consulted regarding

Lawson's answers to interrogatories.

**OBJECTION TO INTERROGATORY NO. 1:**

Lawson objects to Interrogatory No. 1 on all the grounds set forth in its General

Objections and incorporates these objections as if set forth in full herein. Lawson further objects

that this interrogatory calls for information that is subject to the attorney-client privilege and/or

the work product doctrine. Lawson further objects that this interrogatory seeks a legal

conclusion. Lawson further objects that this interrogatory is overly broad, vague, ambiguous,

unduly burdensome and compound.

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving its objections, Lawson responds that it has reason to

believe that the following individuals have knowledge or information relevant to the issues of

this case:

| WITNESS | ADDRESS (IF KNOWN) | SUBJECT MATTER |
|---------|--------------------|----------------|
| James M. Johnson | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Robert P. Kinross | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Douglas A. Momyer | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |

| WITNESS | ADDRESS (IF KNOWN) | SUBJECT MATTER |
|---|---|---|
| Gene A. Tabachnick | Reed Smith LLP<br>435 Sixth Avenue<br>Pittsburgh, PA 15219 | The subject matter claimed in U.S. Patent No. 6,023,683 |
| Michael B. Stewart | Rader, Fishman & Grauer PLLC<br>39533 Woodward Ave<br>Bloomfield Hills, MI 48304 | The subject matter claimed in U.S. Patent Nos. 6,055,516 and 6,505,172 |
| Thomas P. Pavelko | Novak Druce & Quigg LLP<br>1300 Eye Street, NW<br>1000 West Tower<br>Washington, D.C. 20005 | The subject matter claimed in U.S. Patent No. 6,505,172 |
| Bruce McPheeters, Esq. | c/o Morgan Lewis | Organization and operation of Lawson; Licensing of Lawson technology |
| Jeff Frank | c/o Morgan Lewis | Marketing and sales of the Accused Lawson Products |
| Todd Dooner | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Lori Holman | c/o Morgan Lewis | Documentation related to the Accused Lawson Products |
| Leon Johnson | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Richard Patton | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Dale Christopherson | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Peter Cornelius | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Ole Rasmussen | c/o Morgan Lewis | Technology and development of the Accused Lawson Products; Sales of the Accused Lawson Products |
| Jill Richardson | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Henrik Billgren | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |

| WITNESS | ADDRESS (IF KNOWN) | SUBJECT MATTER |
|---|---|---|
| Dean Hager | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Keith Lohkamp | c/o Morgan Lewis | Technology and development of the Accused Lawson Products |
| Anna Kirsch | c/o Morgan Lewis | Sales of the Accused Lawson Products |
| Beth Weinberger | c/o Morgan Lewis | Marketing and sales of the Accused Lawson Products; Organization and operation of Lawson |
| MJ Martis | c/o Morgan Lewis | Marketing and sales of the Accused Lawson Products |
| Nancy Anderson | c/o Morgan Lewis | Support for the Accused Lawson Products; Organization and operation of Lawson |
| Charles Gounaris | 121 Doray Drive Pittsburgh, PA  15237 | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Pamela Eng (f/k/a Pamela Jenkins) | 7848 Pembridge Rd Manassas, VA 20112-4673 | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Allen Rolland | 16520 Nicarter Ln Gainesville, VA 20155-1945 | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Kevin French | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Jim Gomola | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Claus Mokawka | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Harry Alexander | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Bill Saville | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Steve Redmond | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |

| WITNESS | ADDRESS (IF KNOWN) | SUBJECT MATTER |
|---|---|---|
| Dave Preston | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Anthony Ormston | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Fred Fosbury | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| George Briese | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |
| Nils Gliddy | Address Unknown | The subject matter claimed in U.S. Patent Nos. 6,023,683; 6,055,516; and 6,505,172 |

Lawson also has reason to believe that one or more employees of Fisher Scientific Company and/or ProcureNet, Inc. have knowledge of the prosecution and scope of the patents-in-suit. Lawson also has reason to believe that one or more employees of International Business Machines Corporation, Lockheed Martin Corporation, and/or McKesson Corporation may have knowledge of prior art to the patents-in-suit.

In addition, for additional information responsive to this interrogatory, ePlus may refer to Lawson's Rule 26(a)(1) initial disclosures.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

**INTERROGATORY NO. 2:**

With respect to any of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations, using a claim chart, state in detail Lawson's bases for any assertions of non-infringement of each of the patents in suit on a claim-by-claim, element-by-

**OBJECTION TO INTERROGATORY NO. 12:**

Lawson objects to Interrogatory No. 12 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound. Lawson further objects to this interrogatory as premature.

**RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving its objections, Lawson responds that, based on Lawson's investigation to date, it received notice of the patents-in-suit no earlier than the date that ePlus filed an action in the District of Delaware alleging patent infringement by Lawson, May 4, 2009.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.


**INTERROGATORY NO. 13:**

Identify each factual witness that you intend to call to testify at trial, at any Markman hearing or at any hearing on any dispositive motion in this action and, as to each, identify the witness' full name, address, employer, job title and the expected subject matter of his or her testimony.

**OBJECTION TO INTERROGATORY NO. 13:**

Lawson objects to Interrogatory No. 13 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects to this interrogatory as overbroad and premature in light of the schedule set forth by the Federal

Rules of Civil Procedure and Civil Local Rules and pending further scheduling action by the Court. Lawson further objects that this interrogatory calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound. Lawson objects to this interrogatory to the extent it seeks to modify or expand the requirement of the Federal Rules of Civil Procedure and the Civil Local Rules.

## RESPONSE TO INTERROGATORY NO. 13:

Subject to and without waiving its objections, Lawson refers ePlus to its initial disclosures and its response to ePlus's Interrogatory No. 1.

Lawson reserves the right to supplement its response to this interrogatory, where appropriate, in accordance with its continuing investigation into these matters.

## INTERROGATORY NO. 14:

Identify each system, software application, product and/or service imported, made, offered for sale, sold, licensed, or otherwise distributed by Lawson that has one or more of the following features, functions or capabilities:

(a)     conducting a search for an item in a product catalog or product database;

(b)     creating a requisition for an item;

(c)     generating a purchase order for an item;

(d)     determining the availability of an item in inventory; and

(e)     comparing one or more attributes of an item available from a first source, supplier or vendor, to an item available from a second source, supplier or vendor.

Dated: August 24, 2009

Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:     (757) 624-3000
Facsimile:       (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*

Daniel Johnson, Jr. (admitted *pro hac vice*)
Rita E. Tautkus (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:     (415) 442-1000
Facsimile:       (415) 442-1001
djjohnson@morganlewis.com
rtautkus@morganlewis.com

Robert W. Busby, Jr.
(VSB No. 41312)
Bradford A. Cangro (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone:     (202) 739-3000
Facsimile:       (202) 739-3001
rbusby@morganlewis.com
bcangro@morganlewis.com

*Counsel for Defendant Lawson Software, Inc.*

As to the foregoing responses:

## VERIFICATION

I, Dale A. Christopherson herein state that:

1.     I am authorized to execute this Verification on behalf of Lawson Software, Inc.

("Lawson").

2.     I have read Lawson's Responses to ePlus, Inc.'s First Set of Interrogatories (Nos.

1-14) and am familiar with its contents. I hereby declare under penalty of perjury that the

answers set forth in that document are true and correct to the best of my knowledge, information

and belief.

Dated: _08/24/2009_                    _____

                                                     Dale A. Christopherson

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2009, a true and correct copy of the foregoing

document was served by electronic mail upon counsel for the plaintiff:

Gregory N. Stillman
Brent Lee VanNorman
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Tel.: 757-640-5300
Fax.: 757-625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Robert D. Spendlove (VSB No. 75468)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202-346-4000
Fax.: 202-346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

Shirley Sperling Paley
James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
Tel.: 617-570-1000
Fax.: 617-523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

Stephen E. Noona
(VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

*Counsel for Defendant Lawson Software, Inc.*

1521461\1

31