# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 1, 2, 3, 4, 5, 6, 9, AND 12**

Pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, Defendant Lawson Software, Inc., ("Lawson") hereby supplements its responses to Plaintiff ePlus, Inc.'s ("ePlus") Interrogatory Nos 1, 2, 3, 4, 5, 6, 9 and 12 as set forth below.

**GENERAL OBJECTIONS**

Lawson incorporates the General Objections set forth in its initial responses to Plaintiff's First Set of Interrogatories (Nos. 1-14).

**INTEROGATORIES**

**INTERROGATORY NO. 1:**

Identify each person, including, without limitation, all employees, representatives, officers or agents of Lawson or any third parties, whom Lawson knows or has reason to believe has knowledge or information concerning any factual information relevant to the validity or invalidity, enforceability or unenforceability, or infringement or noninfringement of any of the claims of the patents in suit, or of damages issues in this lawsuit, or of factual information

relevant to any allegation of the Complaint or Lawson's answers to any interrogatories served upon it in this case, and state the nature and substance of each such person's knowledge or information, including whether such person furnished information or was consulted regarding Lawson's answers to interrogatories.

**OBJECTION TO INTERROGATORY NO. 1:**

Lawson objects to Interrogatory No. 1 on all the grounds set forth in its General Objections and incorporates these objections as if set forth in full herein. Lawson further objects that this interrogatory calls for information that is subject to the attorney-client privilege and/or the work product doctrine. Lawson further objects that this interrogatory seeks a legal conclusion. Lawson further objects that this interrogatory is overly broad, vague, ambiguous, unduly burdensome and compound.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving its objections, Lawson responds that it has reason to believe that the following individuals have knowledge or information relevant to the issues of this case:

- Jesus Ramos - Mechanicsburg, PA (he has worked at Technical Services Associates since 1985 and has knowledge regarding the prior art Gateway system) – Lawson identified this witness in discovery at least as early as April 9, 2010.

- Al Jacobs - Mechanicsburg, PA (works at Technical Services Associates and has knowledge regarding the prior art Gateway system) – Lawson identified this witness in discovery at least as early as April 9, 2010.

- Stella Capocelli - Richmond, VA (works at Tour Plan International, a travel agency that uses SABRE – she began using that system in 1980 and has knowledge regarding the prior art SABRE system) – Lawson identified this witness in discovery at least as early as April 9, 2010.

- Preston Staats - Austin, TX (testified at the SAP trial regarding the J-CON system. He worked at Cooperative Computing, Inc. starting in 1977. CCI developed computer systems for people who sold automotive parts. He worked there until he sold his interest

2

in 2003. He has knowledge regarding the prior art J-CON system) – Lawson identified this witness in discovery at least as early as April 9, 2010.

- Charles Gounaris - Pittsburgh, PA (former IBM employee who worked with Fisher Scientific related to the combination of RIMS and TV/2. He has knowledge regarding the prior art TV/2 and RIMS systems) – Lawson identified this witness in discovery at least as early as August 24, 2009.

- Pamela Eng - Manassas, VA (former IBM employee who worked with Fisher Scientific related to the combination of RIMS and TV/2. She has knowledge regarding the prior art TV/2 and RIMS systems) – Lawson identified this witness in discovery at least as early as August 24, 2009.

- Arthur Parsells - Tulsa, OK (He worked on the development of the SABRE system and has knowledge regarding this system) – Lawson identified this witness in discovery at least as early as April 23, 2010.

- Laurene Fielder - Colts Neck, NJ (she worked at PurchasingNet, Inc. and developed the product P.O. Writer. She has knowledge regarding the prior art P.O. Writer system) – Lawson identified this witness in discovery at least as early as April 9, 2010.

- Jerry O'Connell - Greenough, MT (he worked at Structured Computer Systems, Inc. and on the Reality purchase order module and has knowledge regarding this prior art system) – Lawson identified this witness in discovery at least as early as April 26, 2010.

All of the foregoing witnesses have either been scheduled for a deposition before the close of fact discovery or are available for deposition prior to the close of fact discovery as set forth in the correspondence between the parties.

**INTERROGATORY NO. 2:**

With respect to any of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations, using a claim chart, state in detail Lawson's bases for any assertions of non-infringement of each of the patents in suit on a claim-by-claim, element-by-element basis. Your answer should include a statement of Lawson's interpretation of each claim element (including whether the element should be interpreted under section 112, paragraph 6 and, if so, identifying the structure in the specification of the patent that corresponds to the recited

3

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:

Subject to and without waiving its objections, Lawson responds that it sought advice of counsel independent of its litigation counsel and acted responsibly. Lawson has elected not to waive attorney-client privilege with respect to reliance on this advice of counsel. It does, however, rely on non-privileged communications submitted on its behalf by counsel including the discovery responses, pleadings, and reexaminations cited above.

Lawson reserves the right to supplement this response.

Dated: May 7, 2010

LAWSON SOFTWARE, INC.

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081
dmcdonald@merchantgould.com
wschultz@merchantgould.com
rhughey@merchantgould.com
jgraham@merchantgould.com
alagatta@merchantgould.com

Kirstin L. Stoll-DeBell, *pro hac vice*
Merchant & Gould
1050 Seventeenth Street
Suite 1950
Denver, CO 80265
Telephone: (303) 357-1670
Facsimile: (303) 357-1671
kstoll-debell@merchantgould.com

16

        Dabney J. Carr, IV (VSB No. 28679)
        Robert A. Angle (VSB No. 37691)
        dabney.carr@troutmansanders.com
        robert.angle@troutmansanders.com
        **Troutman Sanders LLP**
        1001 Haxall Point
        Richmond, VA 23219
        Telephone: (804) 697-1200
        Facsimile: (804) 697-1339

        *Counsel for Defendant Lawson*
        *Software,Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2010, I caused the following documents:

1. Defendant Lawson Software, Inc.'s Supplemental Response to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 9 and 12; and

2. Certificate of Service

to be served on the following individuals via electronic mail:

Goodwin Proctor ePlus team at ePlusGoodwinService@goodwinprocter.com
Craig Merritt at cmerritt@cblaw.com
Henry Willett at hwillett@cblaw.com
Kimberly Perkins at kperkins@cblaw.com
Leslie Blacka at lblacka@cblaw.com
Perry Coburn at pcoburn@cblaw.com
Stephanie VanBuren at svanburen@cblaw.com

Dated: May 7, 2010

*Victoria Hanson* (signature)
Victoria Hanson