# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| Plaintiff, | ) Civil Action No. 3:09-CV-620 (REP) |
| v. | ) |
| LAWSON SOFTWARE, INC., | ) |
| Defendant. | ) |

**PLAINTIFF *e*PLUS INC.'S FIFTH NOTICE OF DEPOSITION OF DEFENDANT LAWSON SOFTWARE, INC. PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Please take notice that, beginning at 9:30 a.m., on April 20, 2010 at the offices of Goodwin Procter LLP, 901 New York Avenue, N.W., Washington, DC 20001, and continuing day to day thereafter, the plaintiff in this action, *e*Plus, Inc. ("*e*Plus") by its counsel, will take the oral deposition of defendant Lawson Software, Inc. ("Lawson") by stenographic and videotape means, pursuant to Rule 30(b)(6) and other applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Virginia, or before some other officer authorized by law to administer oaths.

Pursuant to Rule 30(b)(6), Lawson is directed to designate one or more officers, directors, managing agents, or other persons who consent to testify upon its behalf and who have knowledge of and are adequately prepared to testify concerning the topics listed in the attached schedules. Plaintiff requests that prior to the commencement of the deposition, Defendant supply a written designation of the person(s) who will testify on its behalf and an indication of the topic(s) for which each such person is designated.

LIBW/1734159.1



You are invited to attend and cross-examine.

Date: April 5, 2010

Respectfully submitted,

*Jennifer A. Albert*

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, L.L.P.**
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson (*admitted pro hac vice*)
Jennifer A. Albert (*admitted pro hac vice*)
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
jalbert@goodwinprocter.com
srobertson@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus inc.

LIBW/1734159.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2010, I will serve Plaintiff ePlus Inc.'s Fifth Notice of Deposition of Defendant Lawson Software, Inc. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, on the following counsel of record as indicated:

*via electronic mail:*

>Daniel W. McDonald
>Merchant & Gould P.C.
>3200 IDS Center
>80 South 8th Street
>Minneapolis, MN 55402-2215
>dmcdonald@merchantgould.com
>
>Robert A. Angle (VSB# 37691)
>Dabney J. Carr, IV (VSB #28679)
>Troutman Sanders LLP
>P.O. Box 1122
>Richmond, VA 23218-1122
>Telephone: (804) 697-1238
>Facsimile: (804) 698-5119
>robert.angle@troutmansanders.com
>dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/ Jennifer A. Albert

## EXHIBIT A

## DEFINITIONS

1. The definitions contained herein, unless provided otherwise, apply to all discovery requests, including subsequent discovery requests.

2. "Person" means any natural person, group of natural persons, a partnership of any kind, a corporation, or any business, legal or governmental entity or association including the parties, and the "acts" of a person shall include the acts of directors, officers, employees, agents, representatives, consultants, and attorneys acting on the person's behalf.

3. "ePlus" refers to Plaintiff ePlus inc., and includes ePlus' subsidiaries, affiliates, successors and assigns, and all of their officers, directors, shareholders, employees, agents, attorneys and representatives. The group of persons falling under this definition and to which the discovery shall apply include those persons falling under this definition in the past, present and during and throughout this lawsuit going into the future.

4. "You" or "your" means Lawson.

5. "Lawson" means the Defendant Lawson Software, Inc., and includes Lawson's parents, subsidiaries, affiliates, successors and assigns, and all of their officers, directors, principal owners, partners or shareholders, employees, agents, attorneys and representatives. The group of persons falling under this definition and to which the discovery shall apply include those persons falling under this definition in the past, present and during and throughout this lawsuit going into the future.

6. The word "document" is used herein in its broadest sense to mean every document or other record of any kind to the broadest extent permitted under the Federal Rules of Civil Procedure, including, without limitation, any written, printed, typed, recorded,

-4-

computerized or electronic data, taped, filmed, graphic or other matter, in whatever form, whether in final or draft, however produced or reproduced, and any written or original, master, duplicate, paper copy or electronic copy. "Documents" shall further include all aural, visual records or representations (including, without limitation, photographs, negatives and prints), microfiche, microfilm, film, videotape, sound recordings, and motion pictures and computer, electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, programs, etc.). "Electronic data" includes without limitation all text files (including word processing documents and presentations), spread sheets, electronic mail documents (emails), instant messages including those saved as files and stored on computer systems, databases, calendars, computer system activity logs, audit trails, data used for electronic data interchange, internet usage files, network access information, voice mail, digitized audio, digital image files, video files (*e.g.*, data stored in MPEG, JPEG, GIF, TIFF and BMP formats) and any other information stored magnetically, optically or electronically, and data stored on workstations, laptops, network servers, removable media, handheld devices, backup tapes, hard disk drives, diskettes, and other computer media such as magnetic tape, floppy disks, memory sticks and recordable optical disks. "Documents" shall include, without limitation, any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report or other similar matter, and also shall include, without limitation, all correspondence, papers, e-mail, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, plats, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records,

LIBW/1734159.1

minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles, and other record of any kind.

7. The word "thing" is used herein in its broadest sense to mean each item, sample, specimen, concrete or tangible object.

8. "Discussion" means an assembly, congregation, encounter, meeting or conversation between or among two or more individuals for any purpose, whether or not planned, arranged, or scheduled in advance. "Discussions" include, without limitation, all oral communications, whether or not in person, by telephone, or otherwise, between two or more individuals.

9. "Communication" means any discussion or any written or electronic correspondence, of any kind.

10. "Disclosure" means an act or instance of communicating information, including written, oral or electronic communication. "Disclosures" include, without limitation, all oral, written or electronic communications, whether or not in person, by telephone, computer, Internet or otherwise, between two or more individuals.

11. "Employee" means any director, trustee, officer, manager, supervisor, employee, or servant of the designated entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

12. "Entity" means any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

13. "Individual" means a human being unless Defendant cannot identify such individual by name. In such case, "individual" shall mean the entity with which such individual

-6-

was or is employed, engaged or associated. "Individual" includes, without limitation, employees and representatives.

14. "Relate," "related," or "relating" means constituting, comprising, evidencing, reflecting, respecting, discussing, referring, pertaining, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, or studying, or any other term synonymous with or similar to the foregoing.

15. "State" and "describe" mean to set forth a complete and detailed statement of all information, circumstances and facts that refer to, relate to, pertain, reflect, comprise or bear upon the matter concerning which information is requested.

16. The terms "identify" and "identification" when used in reference to an individual person mean to state, in whole or in part, to the fullest extent of the knowledge of the respondent, that individual's full name, residence and business telephone numbers, and present residence and business addresses, if known, and the present or last known title, position and business affiliation. To the extent such specific information is not known, but other contact information such as e-mail or post office address, is known, such information shall be provided.

17. The term "identify" and "identification" when used in reference to a person other than a natural person mean to state the full and official name of the business entity, its principal place of business (or if such is unknown, the address of a business office), and the main telephone number of such business entity.

18. The terms "identify" and "identification" when used in reference to a document mean to state its date, type (*e.g.*, memo, telecopy), and its author(s), addressee(s), persons or entities who received a copy, title, of any, and, if no title, a brief description of the subject matter of the document and its present or last known location and custodian. If any document once was,

but is no longer, in your possession, custody, or control, state when disposition was made of it and the reason for such disposition.

19. The terms "identify" and "identification" when used in reference to any act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement, or communication, mean to: (a) describe the nature and substance of the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement or communication; (b) state the date when and place where it occurred; (c) identify each person who was a participant therein; (d) identify each other person who was a witness thereto; and (e) state the amount of money, if any, paid to or from Lawson in connection with the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement or communication.

20. "Representative" means any consultant, expert, attorney, contractor, agent or other individual or entity engaged by the designated entity to perform some task or assignment for the entity.

21. The singular includes the plural number and vice versa, any use of gender includes both genders, and a verb tense includes all other verb tenses where the clear meaning is not distorted by addition of another tense or tenses.

22. "All" shall be construed to mean all or any, and "any" shall be construed to mean all or any.

23. "Responsive Documents" refers to all documents, whether paper or electronic, which were requested, produced, or otherwise the subject of an *ePlus* Document Request.

24.     "Lawson Software Release 6.0" for purposes of this deposition, shall mean any Lawson system, including software, hardware and/or network architecture, cited in Lawson's invalidity contentions and any supplements thereto, including, but not limited to "Lawson Software that was available prior to August 10, 1994," the Lawson Requisitions application, the Lawson Purchase Order application, the Lawson Inventory Control application, the Lawson General Ledger application, the Cost Allocations module, Universe, and any related documents, applications, systems, methods and services, and any modules, iterations, versions, releases, updates, or components thereof, and any other products and services that incorporate or relate to such systems, methods and services.

## SCHEDULE A – Deposition Topics

1. The architecture, operation, customization, implementation, installation, set-up, functionality, and maintenance of Lawson Software Release 6.0, including but not limited to the Lawson Requisitions application, the Lawson Purchase Order application, the Lawson Inventory Control application, the Lawson General Ledger application, the Cost Allocations module, and Universe.

2. How to use Lawson Software Release 6.0, including, without limitation, how, if at all, one or more supplier/vendor catalogs are selected in which to search for desired products; how, if at all, a search for a product or item is conducted; how, if at all, items are added to an order list or shopping cart; how, if at all, a requisition is created; how, if at all, purchase orders are generated from requisitions; and how, if at all, availability of an item in a supplier's inventory is determined.

3. Steps taken by users of Lawson Software Release 6.0 to perform each and every one of the various tasks and functions set forth in Topics 2 while demonstrating such steps using a live, fully functional version of the Lawson Software Release 6.0 operating with a demonstration database that includes item data associated with multiple different vendors such that there are products that are available for purchase from multiple different vendors.

4. The catalog and database architecture of all systems operating in conjunction, communication or association with Lawson Software Release 6.0, including how, if at all, catalogs and catalog data are stored in various databases, and how, if at all, items in one catalog are associated with a particular vendor.

LIBW/1734159.1

5. Any statements, representations, selling points, or claims made by Lawson with respect to the capabilities, operation and functionality of Lawson Software Release 6.0, including, but not limited to those statements made in the following documents:

- L0011698 – L0011760, L001761–L0011848, L001849–L0012144, L0012492–L012517, L0012554–L0012599, L0012800–L0012836, L0012837–L0013145, L0013146–L0013295, L0013572–L0013711, L0014416–L0014532, L0015615–L0016422, L0017726–L0017890, L0017891–L0018119;

6. The identity and dates of offering of every Lawson Software Release 6.0 release, upgrade, update, or modification from inception until August 2004.

7. For each of the systems or services from Topic 6, how each of the systems differ from one another and how any changes, upgrades or variations differ from one another.

8. The basis for any contention that any claims of the patents-in-suit are invalid in light of Lawson Software Release 6.0 for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 102 and/or 103.

## SCHEDULE B - PREMISES AND THINGS TO BE INSPECTED

1. You are commanded to permit inspection of a live, fully functional version of Lawson Software Release 6.0, operating on a fully-functional computer system at the offices of Goodwin Procter LLP, 901 New York Avenue, N.W., Washington, DC 20001 for the purpose of inspecting, measuring, surveying, photographing, testing, sampling and responding to questions and instructions within the categories set forth above by ePlus's counsel, its retained independent expert witness(es) and any photographers, videographers or court reports contracted by any of the foregoing.

2. You shall provide whatever directions, instructions, personnel, permissions, clearances, passwords, or security bypasses as are necessary for you and/or ePlus's counsel and/or experts to perform the tasks set forth in paragraph 1 above.