# EXHIBIT 9

## Page 1

```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION


-----------------------------------
                                   :
ePLUS, INC.                        :  Civil Action No.
                                   :  3:09CV620
    vs.                            :
                                   :
LAWSON SOFTWARE, INC.              :  July 28, 2010
                                   :
-----------------------------------


       COMPLETE TRANSCRIPT OF THE MOTIONS HEARING
          BEFORE THE HONORABLE ROBERT E. PAYNE
                UNITED STATES DISTRICT JUDGE


APPEARANCES:

Scott L. Robertson, Esquire
Michael G. Strapp, Esquire
Jennifer A. Albert, Esquire
Goodwin Procter, LLP
901 New York Avenue NW
Suite 900
Washington, D.C.  20001

Craig T. Merritt, Esquire
Christian & Barton, LLP
909 East Main Street
Suite 1200
Richmond, Virginia  23219-3095
Counsel for the plaintiff


              Peppy Peterson, RPR
              Official Court Reporter
              United States District Court
```

## Page 2

```
APPEARANCES: (cont'g)

Dabney J. Carr, IV, Esquire
Troutman Sanders, LLP
1001 Haxall Point
Richmond, Virginia  23219

Daniel W. McDonald, Esquire
Kirstin L. Stoll-DeBell, Esquire
Merchant & Gould, PC
80 South Eighth Street
Suite 3200
Minneapolis, Minnesota  55402
Counsel for the defendant
```

## Page 3

PROCEEDINGS

THE CLERK: Civil action number 3:09CV00620, ePlus, Inc., versus Lawson Software, Inc. Will counsel please state their names for the record and identify the parties they represent.

MR. MERRITT: Greg Merritt, Christian & Barton, for ePlus.

MR. ROBERTSON: Scott Robertson, Goodwin Procter firm. With me are my partners.

MR. STRAPP: Michael Strapp.

MS. ALBERT: Jennifer Albert.

MR. CARR: Dabney Carr, Troutman Sanders, for Lawson Software.

MR. McDONALD: Good morning, Your Honor. Dan McDonald, Merchant & Gould, representing Lawson Software, and with me today, I'd like to introduce Kirstin Stoll-DeBell, also with Merchant & Gould, also representing Lawson Software.

MS. STOLL-DeBELL: Good morning.

THE COURT: Morning. I always think it's a good idea to throw counsel a curve ball. I always enjoyed it so much when judges did it to me.

I've decided, upon further reflection, that I would like to hear your views on the damages issue reflected in Lawson's -- what is it, motion in limine number one? Is that

## Page 4

what it is?

MR. McDONALD: That's one of them, Your Honor. There's one, two, and three all related to the damages issue.

THE COURT: I mean the settlement.

MR. McDONALD: That's where you want to start?

THE COURT: No, we'll start with the motion for summary judgment, but I would like somebody to -- I'd like for you to address that. I don't want a lot of -- we don't have a lot of time to do this, and we've got a lot to do, so get right to the point. All right, the motion for summary judgment on the written description.

MR. McDONALD: Thank you, Your Honor. May it please the Court, I have some binders with PowerPoint slides I'd like to hand up.

THE COURT: Is that a question of law or fact?

MR. McDONALD: It's a question of fact, but the facts are undisputed. Can I hand up the binders?

THE COURT: I'm sorry, it's in paragraph four of what is to be argued.

MR. McDONALD: That was just a fast ball, not a curve ball.

THE COURT: I don't know. Maybe that was a slider. All right.

MR. McDONALD: Is the PowerPoint visible on the screen right now for Your Honor?

06:57:43  1      Now, to the extent that Dr. Shamos can offer evidence
06:57:56  2  focused only on those claims and why they anticipate it, he's
06:58:04  3  not bound by the evidence offered at the time of the second
06:58:08  4  supplemental.  He can offer, just like Dr. Weaver can offer,
06:58:12  5  additional evidence directed to the same proposition, but that
06:58:16  6  isn't what he did.
06:58:17  7      What he did is, he went out and he concocted a whole
06:58:21  8  new game, and he's not going to be allowed to testify to it,
06:58:26  9  and he can't now go back and find all these references that he
06:58:32 10  constitutes -- that you all say on your side, Lawson, is new
06:58:37 11  evidence in support of the old contention.  He's bound to those
06:58:42 12  things that were in his report on which he relied to support
06:58:49 13  the anticipations identified in the 14 claims.
06:58:54 14      I hope that everybody is clear on that, and in that
06:58:58 15  way, Lawson and ePlus are going to be treated the same.  But I
06:59:05 16  don't believe the big difference is that Shamos didn't confine
06:59:11 17  himself to the original contentions as did Weaver when he
06:59:15 18  confined himself to the original infringement contentions and
06:59:20 19  then offered more evidence than, in fact, was referred to
06:59:25 20  earlier.
06:59:27 21      That's permissible for him, and it would be for Dr.
06:59:32 22  Shamos had he done that.  I don't see that he did it, but if
06:59:38 23  you can show he did it, he did it, but let me tell when you
06:59:41 24  come to trial, when you have him on the witness stand, you
06:59:44 25  better have something to hand up to me to show me exactly how

06:59:47  1  and where and when it -- what he's testifying to relates back
06:59:54  2  to those original claims because he has, I've been able to tell
06:59:59  3  from what I've been given, a propensity to roam and wander, and
07:00:03  4  you better get him back on the reservation, because if he roams
07:00:08  5  and wanders and I have to tell him more than once, he will be
07:00:11  6  roaming and wandering out the back door.
07:00:13  7      And the same is true for Dr. Weaver.  They're not
07:00:17  8  going to take over the courtroom and do what they want to do.
07:00:20  9  It's going to be done according to the rules.
07:00:23 10      The same is true for these obviousness combinations,
07:00:34 11  41 brand new ones.  They weren't disclosed.  Now, if he
07:00:44 12  identified Gateway references originally that were other than
07:00:53 13  the 2000/MRO manual, he can testify about that.  If he didn't,
07:00:59 14  he can't.
07:01:02 15      The next issue is whether this evidence of Shamos's
07:01:09 16  that you're fighting over is relevant to the issue of damages.
07:01:13 17  It is said that it's relevant to the issue of non-infringing
07:01:17 18  alternative.  I don't believe that that's been established.
07:01:19 19      It is true that the original orders on this point
07:01:23 20  that we were dealing with dealt with invalidity contentions,
07:01:27 21  but you can't get in all these extrinsic information that
07:01:32 22  really relate to points of invalidity under the guise of
07:01:39 23  something else.  In other words, you can't dress them up in
07:01:42 24  another dress and send them out into the world.  That would be
07:01:50 25  like -- would be like what Jefferson Davis did to lead the

07:01:56  1  confederacy, dressed up like his wife in a dress and headed
07:02:00  2  out.  We can't have that.
07:02:02  3      I don't see how any of this evidence bears on the
07:02:10  4  damages issue, nor do I see how the evidence that 6.5 -- six
07:02:17  5  and 5V systems and earlier are substantially the same as the
07:02:23  6  8.0.3 systems that are accused has any probative value as to
07:02:30  7  the willfulness issue, and to the extent that it has value on
07:02:35  8  that issue, i.e., to the extent it's relevant on that issue,
07:02:40  9  the presentation of that evidence would offend Rule 403 because
07:02:45 10  it would cause delay, confusion, and make side trials out of a
07:02:51 11  very difficult case already, and the jury, I expect, I
07:02:57 12  anticipate would be hopelessly confused.
07:03:03 13      With the help of a mind substantially better than my
07:03:09 14  own, for sometime I have been trying to understand what's been
07:03:13 15  going on in this area, and if I can get confused by it, I have
07:03:17 16  every confidence that a jury can.  I have to make sure what I'm
07:03:21 17  doing every time that I deal with this issue just to avoid
07:03:26 18  confusion.
07:03:28 19      I don't think it's pertinent to lack of specific
07:03:31 20  intent to induce infringement either or to discredit ePlus's
07:03:36 21  infringement and damages contention for the same reason.  To
07:03:39 22  the extent it might be relevant, it's a 403 analysis, and the
07:03:47 23  use of the pre-2002 systems don't do anything but provide
07:04:02 24  confusion, delay.
07:04:08 25      Also, to the extent that Shamos is proffered to

07:04:27  1  testify to something on infringement, he already testified that
07:04:31  2  he didn't study the information on it for infringement
07:04:36  3  purposes.  He did it for invalidity purposes, that is the
07:04:41  4  information we're talking about, and so his opinions on that
07:04:48  5  point that are repeated in the infringement issue from the
07:04:51  6  invalidity issue are not either relevant, nor do they fit --
07:05:00  7  nor do they satisfy the fit part of *Daubert*.
07:05:07  8      All right, I think that takes care of all the issues
07:05:09  9  in that motion.  Now we have defendant's motion number five.
07:05:49 10  Who is going to do that?
07:05:51 11      MS. STOLL-DeBELL:  I am, Your Honor.  Just gathering
07:05:55 12  my stuff.
07:05:58 13      THE COURT:  You know what?  It might be the best
07:06:00 14  thing to do is let Mr. Robertson go first and explain just
07:06:05 15  exactly who is testifying to what so that I get that fixed in
07:06:09 16  my mind.  That's this motion, isn't it?  Do we have the right
07:06:12 17  one, limit to one expert on infringement and one on invalidity?
07:06:17 18      MS. STOLL-DeBELL:  Yes, that's right.  I can tell you
07:06:19 19  also.
07:06:20 20      THE COURT:  You want to do it?  Why don't you go
07:06:22 21  ahead.  Since you're planning to do it, you go ahead.  Which
07:06:24 22  one of these tabs is it?  Five.
07:06:32 23      MS. STOLL-DeBELL:  We're looking at slide number 38.
07:06:36 24  Does that help you?
07:06:36 25      THE COURT:  Let me get your book first.  All right.

253

```
09:06:03  1   but at least it is irrelevant as to the method -- I mean as to
09:06:08  2   the apparatus even in the acknowledgment of the defendant, and
09:06:13  3   it is -- it is not cumulative evidence, it being the only
09:06:19  4   actual system that shows the RQ in operation in the hands of
09:06:25  5   the customer, and the prejudicial aspect, I think, that would
09:06:28  6   arise from the missteps that the woman made can be cured by
09:06:34  7   just letting the jury see the videotape and see how it works.
09:06:39  8        But I'm going to instruct you both to review it carefully, and
09:06:43  9   if what we've got is a comedy of errors, it's not going to come
09:06:47 10   in because that's wasteful of the jury's time.  So the motion
09:06:52 11   will be provisionally denied.
09:06:59 12        That leaves me with a few things to do; is that
09:07:02 13   right?  We don't have any more motions to argue; is that right?
09:07:07 14        MR. McDONALD:  That's correct, Your Honor.  Your
09:07:09 15   Honor, I wonder if I would have leave because I have a
09:07:12 16   seven o'clock flight.
09:07:13 17        THE COURT:  Hit the road.
09:07:15 18        MR. McDONALD:  Thank you.
09:07:17 19        THE COURT:  You are cutting it close as it is.
09:07:19 20        MR. McDONALD:  I agree.  Thank you, Your Honor.
09:07:24 21        THE COURT:  All right, Mr. McDonald is gone, but
09:07:27 22   we're going to go.  You all have a time to talk with Judge
09:07:35 23   Dohnal?
09:07:35 24        MR. ROBERTSON:  August 19th.
09:07:36 25        MR. CARR:  Correct, Your Honor.
```

254

```
09:07:38  1        THE COURT:  August 19th.  Both of you have some
09:07:42  2   problems in the case, folks, problems that warrant a serious
09:07:47  3   look at whether you're going to settle it or not, and I will
09:07:53  4   say -- I wasn't saying this for settlement purposes.  I
09:07:58  5   genuinely believe that your damages case takes a hit for the
09:08:03  6   reasons that I expressed, and I wasn't trying to communicate
09:08:06  7   that for purposes of inviting you all to settle, but whereas
09:08:12  8   here you have liability problems, and you might make sure you
09:08:16  9   communicate this to Mr. McDonald, and you do, I think, have
09:08:20 10   some liability problems, and they have damage problems.
09:08:24 11        That usually provides a reasonably efficacious way in
09:08:29 12   which to try to reach an accommodation that businesspeople can
09:08:33 13   live with.  All right?  Thank you.  We will be in adjournment.
         14
         15             (End of proceedings.)
         16
         17
         18        I certify that the foregoing is a correct transcript
         19   from the record of proceedings in the above-entitled matter.
         20
         21
         22   ____/s/_____               _____
              P. E. Peterson, RPR              Date
         23
         24
         25
```