# EXHIBIT C

# Merchant & Gould
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | William D. Schultz
wschultz@merchantgould.com
612.336.4677

November 29, 2010

Michael Strapp **Via Email**
**Goodwin Procter LLP**
Exchange Place
Boston, MA 02109

Re: ePlus, Inc. v. Lawson Software, Inc.
Case No.: 2:09-232
M&G No.: 16391.0001USZA

Dear Michael:

This letter concerns ePlus's November 16, 2010, and November 23, 2010, letters regarding Keith Knuth. As we informed you on November 2, 2010, Lawson will abide by the Court's limiting instruction from the September 7, 2010, hearing. As such, Lawson will only offer testimony from Mr. Knuth that relates specifically to source code and responds to Mr. Niemeyer's opinions. In that regard, Lawson will not offer testimony related to prior versions, invalidity, or infringement as instructed by the Court.

The Court permitted Lawson to have Mr. Knuth testify regarding source code and to respond to Mr. Niemeyer, who ePlus designated to testify on the issue of source code.

```
17      If, in fact, Knuth can testify just to source code,
18   then I suppose it's all right to let him testify to that.  Is
19   there a part of his report where he testifies just to source
20   code, and that's all, and responds to Hilliard -- is it
21   Hilliard or Niemeyer?  Niemeyer is the source code.  Responds
22   to Niemeyer?
```
(Sept. 7, 2010 Hearing Trans. at 116:17-22; *see also* 117:1-19.)

Michael Strapp
November 29, 2010
Page 2

      Your November 16, 2010, letter, is inconsistent with the Court's September 7, holding. In that letter, you contend that Mr. Knuth's report should be limited to the testimony of paragraphs 37, 48, 69-70, 82-83, 91, 103-04. Mr. Knuth, however, opined on source code issues throughout his report. Indeed, as Mr. Neimeyer is ePlus's source code expert, Mr. Knuth was necessarily opining on source code issues when rebutting Mr. Neimeyer's report.

      To illustrate, Paragraphs 16-17 of the Knuth report rebuts paragraphs 21-32 of Mr. Niemeyer's report. In those paragraphs, Mr. Niemeyer discusses the programming languages, Java, JavaScript, COBOL, and XML/SXLT that directly relate to the source code at issue in this case. Mr. Knuth rebuts Mr. Niemeyer's positions in those paragraphs. The Court's limiting instruction did not exclude that testimony. Lawson agrees that Mr. Knuth will not testify on the ultimate issues of infringement and invalidity. Mr. Knuth, however, is permitted to rebut Mr. Niemeyer.

      Your letter references "AVI system demonstrations." It is our understanding that you are referencing the video demonstrations that are set forth in Paragraph 98 of the Report. Lawson agrees not to use those demonstrations in light of the Court's limitations.

      You also state that "several of the Appendices contain no indication that they were ever produced to ePlus during fact discovery." First, the Court permitted Lawson to call Mr. Knuth outside of the discovery period because ePlus failed to abide by the Court's Order for one expert per discipline. Lawson was permitted to introduce evidence to rebut Mr. Niemeyer. That said, your letter does not reference which Appendices were not produced in discovery. Please let us know to which Appendices you reference and we will consider your request to withdraw them.

      As Lawson informed you on November 2, Mr. Knuth's testimony will be limited to testimony related specifically to source code and responding to Mr. Niemeyer. This is consistent with the Court's holding. There is no need for further Court intervention in this matter.

      Sincerely,

      MERCHANT & GOULD P.C.

      William D. Schultz