# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ePLUS iNC., | ) |
| | ) |
| | ) Civil Action No. 2:09cv232-HCM-TEM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON COMMERCE, INC., | ) |
| SCIQUEST, INC., LAWSON | ) |
| SOFTWARE, INC. and VERIAN | ) |
| TECHNOLOGIES, INC. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF ePLUS iNC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT LAWSON SOFTWARE, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff ePlus inc., ("ePlus"), hereby requests that, within thirty (30) days of the date of service of these interrogatories, and in accordance with the following definitions and instructions, Defendant Lawson Software, Inc. ("Lawson") answer separately, in writing, and under oath, by an officer or duly authorized agent of Lawson, the following interrogatories.

The following interrogatories are continuing, and Lawson must promptly supplement its answers in accordance with Federal Rule 26 as additional or corrected information comes to its attention and that of its attorneys.

### DEFINITIONS & INSTRUCTIONS

The Definitions and Instructions sections of ePlus's First Set of Interrogatories to Lawson shall apply to all interrogatories below and are incorporated herein by reference.

## INTERROGATORIES

### Interrogatory No. 15.

State in detail all facts and contentions and identify all documents that support or refute Lawson's allegation under Lawson's First Defense, as set forth in Lawson's Answer, that the Complaint fails to state a claim upon which relief can be granted, including a statement as to whether this defense is based on any affirmative defense or legal theory not already found in or set forth by or subsumed by Lawson's other defenses and whether this defense is based on any facts different from or in addition to those supporting such other Lawson defenses, and stating such facts as required in the first sentence of this Interrogatory.

### Interrogatory No. 16.

For each claim of each of the patents in suit, state in detail all facts and contentions and identify all documents that support or refute Lawson's allegations under Lawson's Second Defense, as set forth in Lawson's Answer, that Lawson has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the patents-in-suit, and is not liable for infringement thereof and, with respect to each fact or contention, explain why such fact or contention would support a finding of non-infringement.

### Interrogatory No. 17.

For each claim of each of the patents in suit, state in detail all facts and contentions and identify all documents that support or refute Lawson's allegations under Lawson's Third Defense, as set forth in Lawson's Answer, that one or more claims of each of the patents in suit are invalid for failing to comply with the provisions of the patent laws of the United States and, with respect to each fact or contention, explain why such fact or contention would render the patent claim invalid under 35 U.S.C. § 101.

**Interrogatory No. 18.**

State in detail all facts and contentions and identify all documents that support or refute Lawson's allegations under Lawson's Fourth Defense, as set forth in Lawson's Answer, that ePlus lacks standing to sue because ePlus has failed to join all necessary parties, including what necessary parties ePlus has failed to join and an explanation of why the absence of these parties precludes ePlus's standing to sue.

**Interrogatory No. 19.**

State in detail all facts and contentions and identify all documents that support or refute Lawson's allegations under Lawson's Sixth Defense, as set forth in Lawson's Answer, that ePlus's claim for relief is barred, in whole or in part, by the doctrine of unclean hands or other such equitable basis, including what specific acts or omissions demonstrate unclean hands.

**Interrogatory No. 20.**

State in detail all facts and contentions and identify all documents that support or refute Lawson's allegations under Lawson's Seventh Defense, as set forth in Lawson's Answer, that ePlus's claim for relief is barred, in whole or in part, by the doctrine of laches, including what specific facts or contentions support a finding that: (1) ePlus knew of Lawson's allegedly infringing actions; (2) ePlus inexcusably failed to pursue its infringement claims in a timely and diligent manner from the time it became aware it had claims against Lawson; and (3) Lawson has been materially prejudiced by ePlus's alleged lack of diligence.

**Interrogatory No. 21.**

State in detail all facts and contentions and identify all documents that support or refute Lawson's allegations under Lawson's Eighth Defense, as set forth in Lawson's Answer, that each claim of the patents in suit is unenforceable for inequitable conduct during their prosecution, and explain in detail why such specific facts or contentions support a finding that:

3

(1) one or more of the IBM employees contributed to the conception of at least one claim limitation of each of the patents in suit, including the identification of each employee that contributed to the conception, the claims to which that employee contributed, and an explanation of how that employee contributed to the conception of each of those claims; (2) the Inventors knew of this contribution; and (3) the Inventors acted with intent to deceive and intentionally failed to disclose to the PTO inventorship and prior invention information that each of them recognized to be material.

Respectfully submitted,

August 26, 2009

*Jennifer A. Albert*
Gregory N. Stillman (VSB #14308)
Brent L. VanNorman (VSB # 45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street
Suite 1000
Norfolk, VA 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com

Scott L. Robertson (Admitted *pro hac vice*)
Jennifer A. Albert (Admitted *pro hac vice*)
David M. Young (VSB #35997)
Robert D. Spendlove (VSB #75468)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

Lana S. Shiferman (Application for
  admission *pro hac vice* pending)
James D. Clements (Admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

Attorneys for Plaintiff
*e*Plus inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2009, I will serve PLAINTIFF ePLUS iNC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT LAWSON SOFTWARE, INC., on the following counsel of record, as indicated:

*via electronic mail:*

Stephen E. Noona (VSB #25367)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  (757) 624-3289
Facsimile:  (757) 624-3169
senoona@kaufcan.com
***Counsel for Defendants Perfect Commerce, LLC,
and  Lawson Software, Inc.***

*via electronic mail:*

Daniel Johnson, Jr. *(admitted pro hac vice)*
Rita E. Tautkus *(admitted pro hac vice)*
Morgan, Lewis & Bockius, LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Telephone:  (415) 442-1392
Facsimile:  (415) 442-1001
djjohnson@morganlewis.com
rtautkus@morganlewis.com
***Counsel for Defendant Lawson Software, Inc.***

*via electronic mail:*

Robert W. Busby, Jr. (VSB #41312) *(admitted pro hac vice)*
Bradford A. Cangro *(admitted pro hac vice)*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC  20004-2541
Telephone:  (202) 739-5970
Facsimile:  (202) 739-30001
rbusby@morganlewis.com
bcangro@morganlewis.com
***Counsel for Defendant Lawson Software, Inc.***

LIBW/1716350.1

*via electronic mail:*

                        Kenneth W. Brothers *(admitted pro hac vice)*
                        Matthew J. Ricciardi *(admitted pro hac vice)*
                        Dickstein, Shapiro LLP
                        1825 Eye Street, NW
                        Washington, DC  20006-5403
                        Telephone:  (202) 420-4128
                        Facsimile:  (202) 420-2201
                        brothersk@dicksteinshapiro.com
                        ricciardim@dicksteinshapiro.com
                     **Counsel for Defendant Perfect Commerce, LLC**

                                   */s/ Mary Kell Powers*
                                   Mary Kell Powers