# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-CV-620 (REP) |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF ePLUS, INC.'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL FILING (DKT. NO. 524) PERTAINING TO PARTIES' JOINT STATEMENT OF JURY INSTRUCTIONS

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

*Attorneys for Plaintiff, ePlus, Inc.*

TABLE OF CONTENTS

Page

I. INTRODUCTION ...............................................................................................................1
II. BACKGROUND .................................................................................................................1
III. ARGUMENT .......................................................................................................................2
    A. The Court Should Not Depart From Well-Settled Law And The Model Jury Instructions In Order To Change The Burden Of Proof For Invalidity ...........2
    B. The Court Should Not Delete References To The "Right To Exclude" From The Model Jury Instructions ...........................................................................4
    C. The Court Should Not Permit Defendant To Evade The Court's Pretrial Rulings By Instructing The Jury It May Consider Additional Prior Art .................5
    D. The Court Should Not Alter The Model Instruction With Respect To Secondary Evidence Of Nonobviousness ..............................................................5
    E. *e*Plus's Proposed Model Instruction With Respect To Joint Infringement Is Correct And The Court Should Not Provide Defendant's Proposed Instruction To The Jury .........................................................................................6
    F. The Court Should Not Provide Defendant's Proposed Exhaustion Instruction To The Jury .........................................................................................8
    G. The Court Should Provide *e*Plus's Proposed Instruction Pertaining To Circumstantial Evidence, Regardless Whether It Also Provides Defendant's Proposed General Instruction ............................................................9
    H. The Court Should Provide The Modified AIPLA Model Instruction With Respect To Inducement And "Deliberate Indifference" .......................................10
    I. The Court Should Provide *e*Plus's Proposed Instruction With Respect To The "Capable Of Infringement" Test ..................................................................11
IV. CONCLUSION ..................................................................................................................15

## I.     INTRODUCTION

Plaintiff *e*Plus, Inc. ("*e*Plus") hereby briefly responds to Defendant Lawson Software, Inc.'s ("Defendant") Supplement to the Parties' Joint-Instructions Submission (Dkt. No. 524) ("Defendant's Supplement"), filed December 3, 2010, with respect to the Parties' Joint Statement of Proposed Jury Instructions ("Joint Statement") (Dkt. No. 523), also filed on December 3, 2010. *e*Plus's response emphasizes the following points:

- This Court should not alter the long-established burden of proof for invalidity simply because the Supreme Court has granted a petition for *certiorari*.

- The federal patent statute, 35 U.S.C. § 154, expressly provides that a patent grants a "right to exclude." Accordingly, the Court should not strike "right to exclude" from model jury instructions.

- The Court should not permit Defendant to evade pretrial rulings by inviting the jury to consider additional "admitted" prior art not disclosed by Defendant in mandatory pretrial filings.

- The Court should reject Defendant's biased and argumentative alterations to model jury instructions for nonobviousness and joint infringement.

- Exhaustion is not a defense or otherwise a relevant issue in this case, and the Court should not instruct the jury with respect to it.

- *e*Plus's proposed instructions with respect to inducing infringement correctly state the law.

- *e*Plus's proposed instruction with respect to the "capable of infringement" test is correct and conforms with the prior rulings of this Court.

## II.    BACKGROUND

As required by the Scheduling Order, as amended, *e*Plus filed the Joint Statement on behalf of the parties on December 3. As explained in the attached Exhibit A, the Joint Statement included all of Defendant's proposals with respect to jury instructions in dispute, and identified in a neutral, non-argumentative manner the nature of the remaining disputes between the parties. Nonetheless, later that same evening, *e*Plus received service of Defendant's Supplement, Dkt.

No. 524. Defendant's Supplement mischaracterizes the Joint Statement and appears to be a vehicle for Defendant to submit uninvited briefing on the disputed jury instructions. *ePlus* hereby responds to Defendant's arguments.

### III.   ARGUMENT

#### A.   The Court Should Not Depart From Well-Settled Law And The Model Jury Instructions In Order To Change The Burden Of Proof For Invalidity

For several reasons the Court should reject Defendant's proposal that the Court reverse decades of precedent and use the preponderance of the evidence standard (in lieu of clear and convincing) for the defense of patent invalidity. First, for at least 75 years the law has been firmly established that the burden to prove invalidity is one of clear of convincing evidence. *See Radio Corp. of Am. v. Radio Eng'g Labs., Inc.,* 293 U.S. 1, 2, 7-8 (1934) (unanimous Court stating "[e]ven for the purpose of a controversy between strangers, there is a presumption of validity, a presumption not to be overthrown except by clear and cogent evidence" and citing cases). Fully aware of these precedents, in 1952 Congress codified the presumption of validity in Section 282 of the patent statute. Following the creation of the Federal Circuit in 1982, the Federal Circuit immediately embraced the clear and convincing evidence standard. *See, e.g., Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542, 1549 (Fed. Cir. 1983) ("the introduction of art or other evidence not considered by the PTO does not change … the requirement that that evidence establish presumption-defeating facts ***clearly and convincingly***.") (emphasis added). Indeed, Defendant's own proposed jury instructions served on November 17, as well as its expert's reports, recognize this law.

Second, the grant of *certiorari* in *Microsoft Corp. v. i4i Ltd. Prtnr.,* ___ S.Ct. ___, 2010 WL 3392402 (Nov. 29, 2010), provides no basis for this Court to change the law of this case based on pure speculation that the Supreme Court will reverse decades of precedent. Defendant

2

cannot predict how or if the Court will rule on the merits, or whether the Court might dismiss the writ as improvidently granted. Indeed, the parties in that case have not yet filed their briefs on the merits, oral argument has not been held, and a ruling on the merits, if any, is many months away. This Court may recall that Defendant previously argued that there would be a dramatic change in the law of Section 101 (subject matter) patentability as a result of the Supreme Court's grant of *certiorari* in *Bilski*, only to find that the Court's decision did little to change or even illuminate existing law.

Third, the *i4i* case is unlikely to have any significant impact on this case for the additional reason that nearly all of the prior art Defendant here may rely upon was before the examiner during original prosecution. The question presented in *i4i* pertains to the burden with respect to prior art **not** considered during original examination. *See Microsoft Corp. v. i4i Ltd. Prtnr.,* 2010 WL 3413088, *1 (Aug. 27, 2010) (petition for *certiorari*) (question presented stating "the Federal Circuit held below that Microsoft was required to provide its defense of invalidity … by 'clear and convincing evidence,' even though the prior art on which the defense rests was not considered by the [PTO] prior to [issuance of the patent]."). There is no reason to expect the Court to address the burden with respect to references that were before the examiner.

Fourth, Defendant's argument that ongoing reexamination proceedings justify a lower burden of proof runs squarely against the case law, as has already been argued to the Court in pretrial motions. The Federal Circuit could not have stated it any more plainly: "a requestor's burden to show that a reexamination order should issue from the PTO is **unrelated to a defendant's burden to prove invalidity by clear and convincing evidence at trial**." *Procter & Gamble Co. v. Kraft Foods Global, Inc.,* 549 F.3d 842, 848 (Fed. Cir. 2008) (emphasis added); *see also Hoechst Celanese Corp. v. BP Chems Ltd.,* 78 F.3d 1575, 1584 (Fed. Cir. 1996) ("We

3

take notice that *the grant by the examiner of a request for reexamination is not probative of unpatentability*.") (emphasis added).  Based on these same cases, the Court ruled in pretrial motions that evidence of the reexamination proceedings was irrelevant and would be excluded from trial.

      **B.**      **The Court Should Not Delete References To The "Right To Exclude" From The Model Jury Instructions**

Defendant contends that references in the model jury instructions to the patentee's "right to exclude" others should be deleted in light of *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006).  The "right to exclude" language at issue is contained in the AIPLA model jury instructions, which were developed in 2007 and 2008, after *eBay*.  *See* Dkt. No. 518 (*e*Plus Objections to Defendant's Proposed Instructions), Exhibit B ("AIPLA Model Instructions) at 4.[1]

The "right to exclude" originates not from case law overruled by *eBay* but rather from the federal patent statute.  35 U.S.C. § 154(a)(1) ("Every patent shall contain … a grant to the patentee … *of the right to exclude others* from making, using, offering for sale, or selling the invention ….") (emphasis added).  Contrary to Defendant's argument, *eBay* did not eliminate the "right to exclude" from the patent statute.  *eBay,* 547 U.S. at 392 ("Like a patent owner, a copyright holder possesses 'the right to exclude others from using his property.'").  Rather, the case simply held that the traditional four-factor test for injunctions in equity applies in patent cases.  Courts have continued to refer to the "right to exclude" since *eBay*, and there is no reason for this Court to alter this neutral language in the model jury instructions.  *See, e.g., Acumed LLC v. Stryker Corp.,* 551 F.3d 1323, 1328 (Fed. Cir. 2008) ("[t]he essential attribute of a patent grant is that it provides a right to exclude competitors from infringing the patent.").  In addition, a

---

[1] As indicated by the citations of authorities *e*Plus has provided with its proposed instructions, its proposed instructions are based primarily on the AIPLA model instructions.

4

patent is presumed valid by statute, 35 U.S.C. § 282, and Defendant's proposed substitution of a mere "right to bring a lawsuit" in place of a "right to exclude" would understate the grant of rights to the patentee.

### C. The Court Should Not Permit Defendant To Evade The Court's Pretrial Rulings By Instructing The Jury It May Consider Additional Prior Art

This Court has already entered numerous orders that strictly limit Defendant to certain specified prior art in support of its invalidity defenses. Defendant seeks to include in an instruction called "Prior Art Defined," an open-ended statement that prior art also may include any references that *e*Plus admits to be prior art. Joint Statement at 82-83. In this case the parties agree that all of the specific prior art that Defendant may rely upon is already covered by the other categories of the "Prior Art Defined" instruction as proposed by *e*Plus. To add the "admitted prior art" category would be an open-ended invitation for the jury to consider additional prior art that has not been the subject of Defendant's expert reports and invalidity contentions, and therefore cannot be relied upon by Defendant at trial.

### D. The Court Should Not Alter The Model Instruction With Respect To Secondary Evidence Of Nonobviousness

*e*Plus proposed that the Court provide *verbatim* the AIPLA model jury instruction with respect to secondary evidence of non-obviousness. Joint Statement at 101-02. When Defendant filed its objections on November 24 pursuant to the Court's order (and the parties' agreement), Defendant objected on the sole basis that the instruction referred to a factor (factor 7, pertaining to licenses) that allegedly was not authorized by 35 U.S.C. § 103 or the Supreme Court's *Graham* decision. Dkt. No. 519 at 6. Defendant has now apparently withdrawn its original objection and instead argues that this neutral model instruction should be amended with an additional sentence stating "If Lawson has made a strong showing that the claimed inventions are

5

obvious apart from these secondary factors, however, then these secondary considerations might not overcome such a strong showing." Joint Statement at 102.

This proposed additional sentence is argumentative and clearly designed to tip the scales of this neutral model instruction into one that is decidedly pro-defendant. Moreover, the point of the proposal, *viz.,* that the existence of secondary evidence is not dispositive of obviousness, is already present in the model instruction and it is unnecessary for the Court to say more or put undue weight upon it. The model instruction is already clear that the jury must consider these factors, but that the jury need not find nonobviousness even if such factors exist. Joint Statement at 102 ("you must also consider certain factors, which, ***if established, may*** indicate that the invention would not have been obvious. No factor alone is dispositive, and you must consider the obviousness or nonobviousness of the invention as a whole. … Answering any, or all, of these questions 'yes' ***may*** suggest that the claim was not obvious.") (emphasis added).

### E.     *e*Plus's Proposed Model Instruction With Respect To Joint Infringement Is Correct And The Court Should Not Provide Defendant's Proposed Instruction To The Jury

Defendant objects to *e*Plus's proposed instruction with respect to joint infringement (P-13), and requests that the Court use Lawson's proposed instruction (D-26). Joint Statement at 71-74. First, while Defendant concedes that *e*Plus's proposal is a model instruction, it contends that the instruction should be used only where there are multiple alleged infringers. Contrary to Defendant's argument, there are multiple alleged infringers, although they are not all named as defendants. Defendant certainly understands, as is clearly reflected in the parties' expert reports and the final pretrial order, that the allegations of infringement implicate, for example, acts of both Defendant and its customers. Defendant's own proposed verdict form demonstrates that it fully understands this. *See* Dkt. No. 511 (Def's Proposed Jury Instructions and Verdict Form) at

6

50 (asking that jury find whether Lawson "controls third party vendors who operate Punchout websites").[2]

In contrast to the neutral model instruction proposed by *e*Plus, Defendant proposes a "custom" instruction, not derived from any model instruction, which is highly argumentative and all but admonishes the jury not to find joint infringement except under the narrowest of circumstances. Defendant's custom-made instruction is intended to mimic Defendant's closing arguments, as it selectively culls sound bites from Federal Circuit cases, while avoiding other statements that weigh against Defendant's view of the case. Joint Statement at 73-74.

For example, Defendant's proposed instruction states that "A contractual relationship, without more, does not establish the control and direction necessary to prove joint infringement. There must be more." Among other things, this "sound bite" leaves the jury hanging as to *what* more must be proven in order for there to be liability. Further, the instruction provides no other guidance to the jury as to what "control and direct[ion]" means in this context, but simply states in a conclusory and argumentative fashion that Defendant also must be the "controlling party and mastermind." The proposed instruction also fails to recognize important statements from the cited Federal Circuit cases holding that the control or direction standard is satisfied in situations such as those where the law would traditionally hold a party liable under theories of vicarious

---

[2] Once again, Defendant raised a different objection in its Objections, and then contended that the instruction was incorrect because it did not state that Defendant must have directed or controlled the actions of the other joint infringers. Dkt. No. 519 at 3. Yet this "direct or control" language is contained in another proposed instruction (also from a model instruction) and, ironically, Defendant initially *objected* to the inclusion of that language during the parties' conferences. *See* Joint Statement at 70, Disputed Instruction No. 20 (P-12) (stating "If *e*Plus alleges infringement of a method claim, and there are others apart from Lawson that performed one or more method steps of the claim, there can be no infringement *unless ePlus has proven that Lawson controlled or directed the activity of the others who performed the method steps*.") (emphasis added).

liability, or any similar explanation.  *See, e.g., Muniauction, Inc. v. Thomson Corp.,* 532 F.3d 1318, 1330 (Fed. Cir. 2008).

### F. The Court Should Not Provide Defendant's Proposed Exhaustion Instruction To The Jury

Defendant proposes that the Court instruct the jury with respect to exhaustion. Defendant's Supp., Exhibit B.  Yet nothing in the Revised Amended Final Pretrial Order lists "exhaustion" as a defense, and moreover the word does not appear anywhere in the order. During the parties' meet and confer discussions over jury instructions, *e*Plus asked Lawson to explain how an exhaustion instruction was even relevant to the case, and Defendant was unable to provide a response.  Accordingly, the Court should not instruct the jury with respect to this irrelevant issue.

Not only is Defendant incorrect in proposing an exhaustion instruction in the first place, the exhaustion instruction it does propose is misleadingly oversimplified and overstates the extent to which exhaustion could apply in most circumstances.  Among other things, the instruction omits that it would be the Defendant's burden to prove the existence of a license defense, if such a defense was truly an issue for trial.  *Jazz Photo Corp. v. Int'l Trade Com'n,* 264 F.3d 1094, 1102 (Fed. Cir. 2001) (burden of establishing affirmative defense such as license or repair is on party raising defense).  Moreover, in order to trigger the exhaustion doctrine there must be an ***unconditional*** sale of the invention by the patentee, not, *e.g.,* a sale for which the patentee has imposed restrictions.  *See Monsanto Co. v. Scruggs,* 459 F.3d 1328, 1335-1336 (Fed. Cir. 2006) (exhaustion requires "unrestricted" first sale by patentee of patented article); *B. Braun Med., Inc. v. Abbott Labs.,* 124 F.3d 1419, 1426 (Fed. Cir. 1997) ("This exhaustion doctrine, however, does not apply to an expressly conditional sale or license."); *see also ExcelStor Tech., Inc. v. Papst Licensing GMBH & Co., KG,* 541 F.3d 1373, 1377 (Fed. Cir.

8

2008) ("Patent exhaustion … does not forbid multiple licenses on a single product or even multiple royalties").

### G. The Court Should Provide *e*Plus's Proposed Instruction Pertaining To Circumstantial Evidence, Regardless Whether It Also Provides Defendant's Proposed General Instruction

*e*Plus has proposed that the Court provide an instruction with respect to circumstantial evidence of inducement that is nearly identical to that which the *Ariba* court provided and identical to that which the *SAP* court provided. Joint Statement at 81; *compare* Exhibit B (*Ariba* instructions) at 36; Exhibit C (*SAP* instructions), Instruction No. 23 (Induced Infringement – Circumstantial Evidence). The instruction is appropriate because (i) it is a correct statement of law; and (ii) it is a key issue not elsewhere addressed. The instruction is particularly necessary with respect to inducement, because inducement contains an "intent" element that may be confusing to the jurors. *See* Joint Statement at 79 (general inducement instruction). The jury should understand that the "intent" element, as well as the direct infringement element, can be established via circumstantial evidence. Simply stated, there need not have been "smoking gun" direct evidence of Defendant's intent to induce infringement, otherwise inducement likely could never be found.

Defendant's sole objection to this instruction was that it wished to add another sentence stating that "the mere fact that a hypothetical third party could commit acts that constitute direct infringement is insufficient to support a finding of direct infringement by circumstantial evidence." *See* Dkt. No. 519 at 4. The (non-precedential) case citation Defendant provides with this objection does not contain this language and does not support the proposition. Further, the sentence is argumentative and unnecessary under the facts of the case. *e*Plus's case is not based on "hypothetical third party infringement."

9

Defendant now presents a different objection in support of its alternative instruction, namely, that a circumstantial evidence instruction ought not focus on inducement. Dkt. No. 524, Ex. C. If the Court decides to provide Defendant's newly-proposed Circumstantial Evidence instruction proffered as Exhibit C to its supplemental filing, however, this instruction should not replace *e*Plus's proposed instruction. As noted above, and as the *Ariba* and *SAP* courts found, a specific instruction with respect to inducement is necessary because otherwise the jury may be misled into believing that it must find direct "smoking gun" evidence to show Defendant's intent with respect to inducement. Both the *Ariba* and *SAP* courts provided specific instructions on circumstantial evidence for inducement even though they both also provided separate general instructions on circumstantial evidence. *See* Exhibit B at 7, 36; Exhibit C (Instruction Nos. 4 and 23).

### H.   The Court Should Provide The Modified AIPLA Model Instruction With Respect To Inducement And "Deliberate Indifference"

*e*Plus has proposed the AIPLA Model Jury Instruction with respect to inducement, with the addition of one sentence stating "Deliberate indifference to the existence of a patent, or deliberate avoidance of knowledge of a patent, is sufficient to establish that Lawson knew of the patent." Joint Statement at 79 (P-15). This additional sentence reflects the Federal Circuit's recent decision (rendered after the AIPLA instructions were drafted), in *SEB S.A. v. Montgomery Ward & Co.,* 594 F.3d 1360, 1376-77 (Fed. Cir. 2010) (holding infringer liable for inducement even though no direct evidence of actual knowledge of patent-in-suit). Defendant objects to this additional sentence, noting that the Supreme Court has granted *certiorari* to review the case.

Although *e*Plus acknowledges the Supreme Court's grant of *certiorari*, the "deliberate indifference" language is a correct statement of the *SEB* case, which is binding precedent on this Court unless and until overruled. Moreover, Defendant's proposed addition of another sentence

stating that "Lawson cannot be found to have deliberately avoided knowledge of the patents … unless *e*Plus has demonstrated that Lawson ***actively took steps to avoid learning of the patents,***" Dkt. No. 524 (Exhibit F) at 2, is ***not*** a correct statement of *SEB* and does not make sense. This language appears nowhere in the Federal Circuit's opinion. In that case the infringer hired an attorney to conduct a right-to-use study, and thus could not be said to have "actively taken steps to avoid learning" of the patents. *SEB,* 594 F.3d at 1377. Indeed, it is not at all clear what the proposed sentence means or how anyone can be deemed to have "actively taken steps to avoid learning" of something.

### I.     The Court Should Provide *e*Plus's Proposed Instruction With Respect To The "Capable Of Infringement" Test

*e*Plus's Proposed Instruction P-14 ("Capable of Infringement") is identical to that given by the *SAP* Court, and very similar to that given by the *Ariba* Court. Joint Statement at 76; Exhibit B at 33 (*Ariba* instruction); Exhibit C (Instruction No. 19) (*SAP* instruction).

Defendant's proposed alternative instruction D-20, entitled "Infringement Must Occur Under Normal Conditions," is very different, and mischaracterizes the law. Joint Statement at 77. Defendant's proposed instruction does not explain the "capable of infringement" doctrine at all, but merely admonishes the jury that it cannot find infringement simply because a product may be altered in a manner to satisfy all the claim limitations. This argumentative instruction fails to provide any meaningful guidance to the jury about when a product that is capable of infringement may be found to infringe.

Throughout this action, Defendant has attempted to argue that certain of its accused products, which plainly meet all the asserted patent claim elements when used as intended and configured by Defendant, do not infringe because — according to Defendant — not all of its customers utilize all the claim features at all times. The Court may recall that Defendant

11

presented one such argument with its ninth motion *in limine*, in which it argued that the Court should exclude evidence obtained from a deposition of one of Defendant's customers, including a video demonstration of the customer's live use of an actual Lawson S3 system with real catalog data as pre-configured by Defendant. The deposition testimony showed that the system as designed and provided by Defendant was fully capable of performing all of the claim elements. Defendant contended, incorrectly, that this evidence should be excluded because — although *e*Plus did not ask any of the deposed customers to install or enable any application or feature that was not already present on their Lawson S3 system —the customer allegedly did not normally use the system in a manner that implicated all the claim elements.

This Court has already denied Defendant's motion *in limine*. Dkt. No. 394 (Aug. 9, 2010). The Court's Order specifically stated, "under *Hilgraeve Corp. v. Symantec Corp.,* 265 F.3d 1336, 1343 (Fed. Cir. 2001), product claims may be found to infringe when a device is 'reasonably capable of satisfying the claim limitations, even though it may also be capable of non-infringing modes of operation,' the demonstration is relevant as to the systems claims and the motion is therefore denied." *Id. e*Plus's proposed instruction incorporates this point of law as stated by the Court.

Well-settled patent law provides that an accused product infringes if it is "reasonably capable" of infringement. As *e*Plus explained in opposing Defendant's ninth motion *in limine,* under Defendant's flawed reasoning a person living in Virginia that drives a car with a patented all-wheel drive system would not infringe the patent if she only engages the all-wheel-drive feature on the four or five occasions that it snows each year in Virginia.[3] Moreover, ***Defendant's***

---

[3] Indeed, this Court previously acknowledged this principle in this case. Dkt. No. 195 (Conf. Call Tr.) (Mar. 26, 2010) at 21:11-14 (The Court: "I, frankly, don't understand how it is a

12

*own expert witness conceded* in his expert report that if a system is *"reasonably capable of satisfying the claim limitations, even if it is also capable of operating in non-infringing modes", it may directly infringe the claim*. Rebuttal Rpt. Of M.I. Shamos, Ph.D., J.D. Concerning Non-Infringement (June 3, 2010) at ¶ 13(e) (emphasis added).  Defendant's hyper-technical argument that its customers do not utilize all the claim elements at all times is misguided and provides no basis for an instruction.  Moreover, in order that the jury not be misled and confused by such arguments, this Court should provide *e*Plus's proposed "capable of infringement" instruction to the jury just as Judges Brinkema and Spencer did in the prior litigations.

Moreover, this principle applies to both the asserted apparatus and method claims.  "[A]n accused product that sometimes, but not always, embodies a claimed method nonetheless infringes." *Bell Comm's Research, Inc. v. Vitalink Comm's Corp.,* 55 F.3d 615, 622-23 (Fed. Cir. 1995).  "[I]nfringement is not avoided merely because a non-infringing mode of operation is possible." *Z4 Tech's, Inc. v. Microsoft Corp.,* 507 F.3d 1340, 1350 (Fed. Cir. 2007).  "[I]n determining whether a product claim is infringed, an accused device may be found to infringe if it is *reasonably capable of satisfying the claim limitations*, even though it may also be capable of non-infringing modes of operation." *Hilgraeve Corp.,* 265 F.3d at 1343 (emphasis added).  Therefore, the "fact that a device may be used in a manner so as not to infringe the patent is not a defense to a claim of infringement against a manufacturer of the device if it is also reasonably capable of a use that infringes the patent." *Id.* (quoting *Huck Mfg. Co. v. Textron, Inc.,* 187 USPQ 388, 408 (E.D. Mich. 1975)).  In addition, "the sale of a device may induce infringement of a method claim, even if the accused device is capable of non-infringing modes of operation in

---

defense to infringement to say you sold Payne something, but Payne didn't use all of it.  If you sold it to me, that's an infringement, it seems to me.").

13

unusual circumstances." *Id.; see also Golden Blount, Inc. v. Robert H. Peterson Co.,* 438 F.3d 1354, 1363 (Fed. Cir. 2006) ("contrary to the view advanced by [the infringer], it matters not that the assembled device can be manipulated into a noninfringing configuration, because the instructions packaged with each device teach the infringing configuration and nothing in the record suggests that [the infringer] or any end-user ignored the instructions or assembled the burners in a manner contrary to the instructions so as to form a noninfringing configuration."); *Bell Communications Research,* 55 F.3d at 622-23 (reversing summary judgment of non-infringement because "the record does not make it clear that [the accused method] ***never*** uses the claimed method.") (emphasis in original).

With its objections to *e*Plus's proposed instructions, Defendant served an "exhibit" setting forth legal argument why *e*Plus's proposal was ostensibly wrong. Dkt. No. 519, Exhibit B. While Defendant conceded that "[c]ertainly, this case involves some patent claims that recite capabilities," *id.* at 2, Defendant argued that other elements were allegedly not drawn to capabilities, and that therefore the Court should instruct the jury that those elements, such as catalogs and databases, cannot be satisfied via the "capable of infringement" test because they are allegedly not present until supplied by Defendant's customers. Defendant's own proposed instruction, however, does not incorporate this argument in any way, and Defendant's argument is nothing more than a rehash of its already-rejected motion for summary judgment of non-infringement. Simply stated, Defendant seeks summary judgment that its products do not infringe if, as sold, they do not "include a collection of catalogs." The Court has already denied Defendant's motion, and should reject Defendant's last-minute attempt to have the Court revisit that ruling. Dkt. No. 356 (denying motion for summary judgment).

## IV. CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that the Court reject the arguments raised in Defendant's Supplement.

Respectfully submitted,

December 14, 2010                                     /s/

Davis M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com

Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

        Michael G. Strapp (*admitted pro hac vice*)
        **GOODWIN PROCTER LLP**
        Exchange Place
        53 State Street
        Boston, MA 02109-2881
        Telephone: (617) 570-1000
        Facsimile: (617) 523-1231
        mstrapp@goodwinprocter.com

        Attorneys for Plaintiff, *e*Plus Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of December, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL FILING (DKT. NO. 524) PERTAINING TO PARTIES' JOINT STATEMENT OF JURY INSTRUCTIONS**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/

David M. Young
VSB #35997
*Attorney for Plaintiff ePlus, Inc.*
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com