# EXHIBIT A

GOODWIN | PROCTER

Scott L. Robertson
202.346.4331
SRobertson@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

December 6, 2010

**Via Hand Delivery**

The Honorable Robert E. Payne, Judge
United States District Court
  for the Eastern District of Virginia, Richmond Division
Spottswood W. Robinson III and
  Robert R. Merhige, Jr., Federal Courthouse
701 East Broad Street
Richmond, VA 23219

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
      **Civil Action No. 3:09cv620 (REP)**

Dear Judge Payne:

Plaintiff *e*Plus, Inc. ("*e*Plus") respectfully seeks the Court's guidance with respect to the briefing of disputed jury instruction issues. As required by the Scheduling Order, as amended, *e*Plus filed on behalf of the parties the Parties' Joint Statement of Proposed Jury Instructions ("Joint Statement") (Dkt. No. 523) on December 3, 2010. Later that same evening, *e*Plus received service of Defendant's Supplement to the Parties' Joint-Instructions Submission ("Defendant's Supplement"), Dkt. No. 524. Defendant's Supplement mischaracterizes the Joint Statement and appears to be a vehicle for Defendant to submit the equivalent of nearly ten pages of uninvited briefing on the disputed jury instructions.

This Court's scheduling orders provide as follows with respect to the Joint Statement: "*e*Plus shall file (a) a set of all instructions as to which the parties are in agreement; and (b) a separate set of instructions as to which there remains a dispute, and, with respect to each such instruction, ***shall briefly state the points on which the parties are still in dispute.***" Dkt. No. 510 (emphasis added); *see also* Scheduling Order (Dkt. No. 186), Section (V)(E)(2) (same).

Nothing in the Scheduling Order suggests that the Court desired or permitted the parties to submit substantial legal argument with the Joint Statement, yet that is what Defendant has done with its supplemental filing.

Defendant's Supplement includes a prefatory statement which intimates that *e*Plus included its own arguments while refusing to include those of Defendant. *See*

Honorable Robert E. Payne
December 6, 2010
Page 2

Defendant's Supplement at 1 ("ePlus has refused to do so, taking the position that ePlus alone may decide the substance and format of the parties' articulation of their respective positions."). As is readily evident from a review of the Joint Statement, this insinuation is simply not true.

Indeed, for each of the topics that Defendant addresses in its "Supplemental Filing," the Joint Statement identifies the nature of the dispute *in a neutral, non-argumentative manner*, and provides the Court with either the parties' two competing instructions, or else a redline showing how one party would propose changing the other party's instruction. *See, e.g.,* Joint Statement at ii (stating, "Lawson objects to any instruction to the extent that it instructs the jury to apply the clear and convincing evidence standard to defendant's burden of proof to show invalidity. Lawson contends that the preponderance of the evidence standard should be used in connection with its burden of proof to show invalidity of the asserted claims ...."); 61-62, 64-65 (identifying Defendant's objections to reference to "right to exclude" and submitting redlined instructions); 71-75 (identifying Defendant's objection to joint infringement instruction and providing its proposed instruction, with supporting authorities); 78-79 (identifying Defendant's objection to "deliberate indifference" language in inducement instruction and showing proposed redline); 82-83 (identifying Defendant's argument that prior art instruction should include "admitted prior art" and showing proposed redline); 101-03 (identifying Defendant's objection to secondary factors instruction and providing proposed redline).

There is no topic for which *ePlus* has provided its arguments while omitting those of Defendant.

The parties conducted several conferences and had numerous written communications with respect to the preparation of the Joint Statement. During the parties' conference held on the afternoon of December 2, the day before the Joint Statement was due, Defendant stated its interest in briefing the legal arguments pertaining to the disputed issues, in addition to providing the Court with the neutral, non-argumentative identification of disputed issues that *ePlus* was preparing. *ePlus* stated that it believed it would be improper for the parties to brief the disputed issues in the context of the Joint Statement, and Defendant advised that it would discuss the issue with its local counsel and get back to *ePlus*. *ePlus* also stated that it would be willing to discuss with Defendant either the possibility of approaching the Court for guidance on the issue, or to agree upon a schedule for briefing the disputed issues, subject to the Court's approval. In the meantime, *ePlus* sent Defendant a draft of its proposed statement with respect to Defendant's "burden of proof" objection and requested comment. Defendant did not respond, and omits this communication from its "Supplemental Filing."

At *1:40 p.m. on the day this substantial filing was due*, Defendant sent *ePlus* a three-page bench brief (characterized as an "objection") on the burden of proof for invalidity defenses, numerous pages of additional legal argument on other disputed issues (including joint infringement, inducement, prior art, and secondary considerations of nonobviousness), a new 19-page proposed verdict form, and two new jury instructions, and asked that *ePlus* include them in the Joint Statement. It should be noted that the

Honorable Robert E. Payne
December 6, 2010
Page 3

parties agreed to, and the Court entered, an order providing the parties were to have filed their proposed instructions on November 17, and their objections thereto on November 24. *See* Dkt. No. 510. Defendant's counsel stated, *inter alia,* "Some of Lawson's proposed changes on these issues include substantive discussion of case law. We understand that the parties disagree on whether this is necessary. It is Lawson's position that it is."

Because the Scheduling Order did not authorize the parties to submit legal briefs of the issues in dispute, and because *e*Plus did not have sufficient time to review and confer with Defendant over the new proposals or to respond to the legal arguments, *e*Plus informed Defendant that it would not include the briefing materials or the new proposals as a part of the Joint Statement. Under the Scheduling Order, *e*Plus was responsible for the substantial task of piecing together and filing the 100-plus page submission, comprised of various agreed, non-agreed, and redlined instructions on more than 40 topics from the two parties, together with statements of disputed issues, and there was insufficient time for *e*Plus to react to Defendant's last-minute submissions. *e*Plus then provided Defendant with a draft of the Joint Statement, made additional modifications to the statements of disputed issues requested by Defendant, and filed the Joint Statement with the Court. Defendant filed its "Supplemental Filing" later that evening.

Accordingly, *e*Plus now seeks the Court's guidance as to whether it desires or will permit a response to Defendant's Supplement, and/or briefing of the disputed jury instruction issues. Defendant has now filed what amounts to nearly ten pages of legal argument on the disputed jury instruction issues. If the Court considers these arguments, *e*Plus respectfully submits that it should be entitled to respond.

Respectfully submitted,

Scott L. Robertson

cc:     Counsel of Record