# EXHIBIT 27

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| | )   **Civil Action No. 2:09cv232** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PERFECT COMMERCE, INC., | ) |
| SCIQUEST, INC., LAWSON | ) |
| SOFTWARE, INC. AND VERIAN | ) |
| TECHNOLOGIES, INC. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF *e*PLUS INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT LAWSON SOFTWARE, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff *e*Plus inc.

("*e*Plus"), hereby requests that, within thirty (30) days of the date of service of these requests,

and in accordance with the following definitions and instructions, Defendant Lawson Software,

Inc. ("Lawson") respond to these requests and produce and permit *e*Plus to inspect and copy the

following documents and things at the offices of Goodwin Procter LLP, 901 New York Avenue,

N.W., Washington, DC 20001.

The Definitions and Instructions sections of *e*Plus's First Set of Interrogatories to Lawson

shall apply to all document requests and are incorporated herein by reference.

In accordance with Rule 34, for each written response Lawson shall: (i) produce

responsive documents; (ii) state whether documents responsive to such request exist and whether

Lawson has produced or intends to permit the requested inspection and copying of such

documents; (iii) state all objections to the request and provide reasons for such objections; and

(iv) in the event an objection relates only to a part or portion of a request, specify that part or portion of the response objected to and state whether Lawson has produced or intends to permit inspection and copying of the remaining parts or portions.

Lawson remains throughout this litigation under the continuing obligation to promptly amend and supplement all responses and productions of documents as provided by Rule 26 of the Federal Rules of Civil Procedure and the Local Rules.

In accordance with Rule 34 of the Federal Rules of Civil Procedure, all documents and things produced for inspection and copying shall be organized and labelled to correspond with the categories in the request or shall be produced as they are kept in the usual course of business.

This document requests production of all responsive documents in Lawson's possession, custody or control from all files, wherever located, whether active, in storage or otherwise, and whether public or nonpublic.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1:**

All documents relating to any requests for proposals ("RFP's), or Lawson's responses to RFP's relating to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), including without limitation all such documents that explain, describe, or characterize the functionality of Lawson's Electronic Sourcing Procurement System(s) and/or Service(s).

**Request No. 2:**

All Statements of Work ("SOW's") relating to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), including any draft SOW's, and any correspondence with actual or prospective clients or Lawson relating to the SOW's.

2

**Request No. 3:**

All documents and things, including, without limitation, claim charts, opinions, tests and technical analyses, relied upon or referred to in determining whether or not to assert any affirmative defenses or counterclaim(s) in this action.

**Request No. 4:**

All documents and things relied upon or consulted in deciding whether to admit or deny any allegation in *e*Plus's Complaint in this action.

**Request No. 5:**

All document and things that support, refute, or relate to any of Lawson's Affirmative Defenses or Counterclaims, if any.

**Request No. 6:**

All documents and things comprising, supporting, detracting from, or otherwise describing any contention of Lawson related to this action, including any contention that any claim of the patents in suit is invalid, unenforceable or not infringed, or any contention regarding the scope or interpretation of any of the claims of any of the patents in suit, or any contention regarding potential damages as a result of Lawson's alleged infringement.

**Request No. 7:**

All documents and things provided to, used by, received by, consulted or relied upon by any consulting or testifying expert or fact witness that may be called by Lawson to testify at a hearing or at the trial of this case.

**Request No. 8:**

All documents and things referring or relating to any expert or potential expert engaged by Lawson or with whom Lawson has consulted concerning any matter related to this action,

including without limitation any engagement or retention letters, *curriculum vitae*, expert reports, opinions, affidavits, or declarations, or draft expert reports, opinions, affidavits, or declarations, and all documents provided to or relied upon by any such expert in connection with ay report, opinion, affidavit or declaration.

**Request No. 9:**

All documents and things that may be used as exhibits at any hearing in this case, including, but not limited to, a *Markman* hearing, a hearing on a dispositive motion and trial.

**Request No. 10:**

All documents and things that embody, refer to, relate to, or comprise any study, analysis, review or opinion (including opinions of counsel), conclusions, or contentions regarding the validity or invalidity, infringement or non-infringement, enforceability or unenforceability, interpretation or scope of any of the claims of any of the patents in suit or any related patents, regardless of from whom such opinions, conclusions, or contentions were obtained, including without limitation, any studies, reports, or competitive comparisons made with respect to acts done, products sold, methods or systems used or services offered by Lawson, or by any third party.

**Request No. 11:**

All documents and things that refer to the patentability or unpatentability of any aspect of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes or operations in the United States and/or abroad, including any prior art cited to reject Lawson patent applications or any prior art that interferes with claims of Lawson's patent applications, any draft patent applications (whether domestic or foreign), draft declarations, draft amendments, or other draft papers prepared during, or with reference to the

4

prosecution of any application to pursue patent protection for any aspect of Lawson's Electronic

Sourcing and Procurement System(s) and/or Service(s), products, applications, services,

processes or operations in the United States and/or abroad.

**Request No. 12:**

All publications, prior art references or other materials and things relating to the

invalidity, validity, unenforceability, enforceability, scope, or interpretation of any of the claims

of any of the patents in suit, and all documents and things that refer to, relate to, or otherwise

describe such publications, prior art references, and other materials.

**Request No. 13:**

All documents and things that refer to, relate to or evidence any consideration,

negotiation, recommendation, or proposal to license, buy, acquire or otherwise obtain rights

under any of the patents in suit or related patent applications of *e*Plus.

**Request No. 14:**

All documents and things that refer to, relate to or evidence any communications between

*e*Plus (or its representatives) and Lawson (or its representatives, or its affiliates) generally or

concerning any of the patents in suit or related patent applications of *e*Plus, including without

limitation any discussion, consideration, or analysis by Lawson or its representatives or affiliates,

prior or subsequent to such communications, regarding any of the patents in suit, and whether

Lawson should or would license, buy, acquire or otherwise obtain rights under any of the patents

in suit or related patent applications of *e*Plus.

**Request No. 15:**

All documents and things that refer or relate to the enforceability or unenforceability of

any of the patents in suit, including, without limitation, communications received by Lawson

from third parties.

**Request No. 16:**

All documents and things, including those reflecting or referring to prior patents, publications, literature or prior systems or methods that have ever been considered by Lawson, and all persons acting on behalf of Lawson, in evaluating the validity, enforceability or scope of the subject matter disclosed or claimed in any of the patents in suit.

**Request No. 17:**

All documents and things that refer to any patent, publication, or literature search, investigation, analysis or consideration relating to the validity, invalidity, infringement or non-infringement, enforceability or unenforceability of any of the patents in suit, that were conducted by or on behalf of Lawson or which were otherwise received by Lawson.

**Request No. 18:**

All documents and things considered by, or reflecting information considered by, the author of any search, study, investigation, opinion, conclusion or contention relating to validity, invalidity, enforceability, unenforceability, infringement or non-infringement of any of the patents in suit including, without limitation, all patents, literature and/or publications reviewed or considered and any documents which reflect or relate to the relevance of all such patents, literature and/or publications.

**Request No. 19:**

Each textbook, periodical, handbook, technical article, report, printed publication or other literature, reference or document that was dated prior to August 10, 1994, or that you reviewed, possessed, used or had knowledge of prior to August 10, 1994 relating in whole or in part to any device, apparatus, system, method or process embodying any element of any claim of any of the

LIBW/1713265.1

patents in suit, including without limitation patents, drawings, figures, charts, graphs, layouts, formulas, schematics, descriptions, printouts or web sites, invention disclosures, flow charts, or examples of a device, apparatus, system, method or process embodying any element of any claim of any of the patents in suit.

**Request No. 20:**

All articles, publications, reports or other printed materials dated prior to August 10, 1994 that refer or relate in any way to Electronic Sourcing and Procurement System(s) and/or Service(s).

**Request No. 21:**

All articles, publications, reports or other printed materials dated prior to August 10, 1994 that refer or relate in any way to Electronic Sourcing and Procurement System(s) and/or Service(s).

**Request No. 22:**

Documents and things sufficient to establish the date of introduction, production, implementation and/or launch by Lawson or its predecessors of its Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations in the United States, as well as any feature or function of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations as it was first introduced, produced, implemented and/or launched.

**Request No. 23:**

All documents and things that refer, reflect, or relate to any advertisement, promotion, display, demonstration or marketing by Lawson or its predecessors regarding its Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services,

7

processes and/or operations or by others after August 10, 1994 including, without limitation, technical bulletins or updates, operations manuals, training manuals, bills of material, brochures and product descriptions.

**Request No. 24:**

All documents and things that refer, reflect, or relate to any advertisement, promotion or marketing by Lawson or its predecessors regarding its Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations or by others prior to August 10, 1994.

**Request No. 25:**

All press releases ever issued by Lawson from the commencement of its operations through the present date.

**Request No. 26:**

All documents and things that refer, reflect, or relate to any display, demonstration, presentation, speech, seminar, webinar, sales pitch, training program, concerning Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations.

**Request No. 27:**

All documents and things that refer, reflect, or relate to any display, demonstration, distribution, submission, or mailing to any actual or potential customer of any information referring or pertaining to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations prior to August 10, 1994, including, without limitation, monthly newsletters, technical bulletins or updates, operations manuals, training manuals, flow charts, diagrams, drawings, demonstration software programs,

8

presentations, webinars, maintenance schedules, descriptions, bills of material, parts, drawings, and brochures.

**Request No. 28:**

All documents and things that refer, reflect, or relate to any analysis of whether any of the inventions that are disclosed and/or claimed in any of the patents in suit were offered for sale or placed on sale or in public use before August 10, 1994, including, without limitation, all legal research, all analyses of priority dates, all witness interviews, and all documents reflecting Lawson's, ePlus's, or third-party sales of, offers to sell, or public use of such inventions.

**Request No. 29:**

All documents and things exchanged between, or which relate to, refer to, or involve correspondence between Lawson and/or its counsel pertaining to any of the patents in suit or related patent applications, including any consideration or analysis of whether Lawson would or should license, buy, acquire, or otherwise obtain rights under any of the patents in suit or related patent applications of ePlus.

**Request No. 30:**

All documents and things that refer to ePlus, Fisher Scientific Company, Procurenet, Inc., James M. Johnson, Robert P. Kinross, Francis J. Melly and/or Douglas A. Momyer.

**Request No. 31:**

All documents related to patents, pending patent applications, invention disclosures, patentability searches, and conception documents to which Lawson has an ownership interest or license, including draft claims, prior art related to the patent or patent application, assignment documents, chain of title documents, license agreements, draft figures, correspondence between Lawson or its representatives and the United States Patent and Trademark Office or any other

foreign patent office, correspondence with drafting companies, and correspondence with foreign associates.

**Request No. 32:**

All documents and things that refer to, relate to or evidence any comparison of the functions, features, methods, processes, systems, components, apparatuses, and/or characteristics of Lawson or Lawson's business, Internet web sites, or any of Lawson's products, applications and/or services with any claim, element, or portion of any of patents in suit.

**Request No. 33:**

All documents and things that refer to, relate to or pertain to any discussion or communication, whether written or oral, of possible infringement or noninfringement of any claim of any of the patents in suit, including, without limitation, recorded notes, minutes or memoranda of any meeting attended by an officer, director, employee, agent or manager of Lawson referring to any of the patents in suit, Lawson's systems, products, applications, services, processes and/or operations, or referring to any Electronic Sourcing and Procurement System and/or Service, device, apparatus, method or process that may or may not infringe any claim of the patents in suit.

**Request No. 34:**

All documents and things that refer to, relate to or evidence any steps, procedures or efforts made by Lawson to avoid infringement of any patent, including, without limitation, documents and things that relate to any effort to design, redesign or modify Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations.

LIBW/1713265.1

**Request No. 35:**

Documents and things sufficient to establish any policy, practice or procedure of Lawson relating to the avoidance or non-avoidance of patent and/or intellectual property rights of others, including the infringement and/or misappropriation of those rights.

**Request No. 36:**

All documents and things relating to Lawson's acquisitions of the stock and/or assets of any entity or any acquisition of Lawson's assets and/or stock by any other entity, including without limitation, all merger and/or acquisition and/or purchase agreements, due diligence materials, valuations of Lawson's or the acquired entity's stock and/or liabilities, and documents relating to patent and intellectual property rights investigation and clearance conducted in connection with such acquisitions or in connection with the operation of Lawson or of the acquired entities.

**Request No. 37:**

All documents and things that refer to, relate to or evidence any contingency plan or other plan of Lawson that might be implemented in the event that Lawson is enjoined from infringement of any of the patents in suit.

**Request No. 38:**

All documents and things that refer or relate to the organizational structure of Lawson or that are sufficient to identify any persons ever having managerial responsibility or an ownership interest of greater than ten percent (10%) in Lawson.

**Request No. 39:**

All documents and things that refer to, relate to or evidence the document retention policies of Lawson including, but not limited to, any manuals that describe the document

11

retention policies and practices, server back-up rotation schedules and email retention policies. Such documents shall also include all notices or directives suspending or modifying the standard document retention practices, server back-up rotation schedules and email retention policies.

**Request No. 40:**

All documents and things that relate to, refer to, or involve any money or monetary funds that have ever been set aside, put in escrow, or designated for settlement or to pay for damages relating to the infringement or potential infringement by Lawson of any of the patents in suit or for any other claim for patent infringement or other infringement or misappropriation of intellectual property rights.

**Request No. 41:**

All filings made by Lawson to the U.S. Securities and Exchange Commission and to the Secretary of State for the state in which Lawson is incorporated from its incorporation to the present.

**Request No. 42:**

All documents and things that refer to or relate to any disputes, complaints, lawsuits, litigations, arbitrations, mediations or other dispute resolution proceedings in which Lawson has been or is currently involved and which relate in any way to Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations and the products, applications and/or services offered by Lawson in connection therewith.

**Request No. 43:**

All documents and things that constitute, refer or relate to advertising plans, business plans, estimates, revenue forecasts, marketing plans or efforts, promotional programs or strategies on the part of Lawson, or on its behalf, concerning its Electronic Sourcing and

12

Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations.

**Request No. 44:**

All documents and things that constitute, refer or relate to any communications (including without limitation any advertising or marketing materials) from Lawson to actual or prospective customers of Lawson's Electronic Sourcing and Procurement System(s) and/or Services that provide aid, assistance, instruction, training, suggestion or direction of any nature with respect to the implementation and use of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s).

**Request No. 45:**

All documents and things that embody, refer to or relate to any revenues or potential revenues associated with Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations, including, without limitation, licenses, agreements, royalty streams, royalty reports, transaction fees and revenues from advertisers and presentations provided to potential investors.

**Request No. 46:**

All documents and things that explain, describe, embody, refer to or relate to the manner in which any revenues or potential revenues associated with Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations are booked or accounted for.

**Request No. 47:**

All documents and things comprising, relating to, referring to, or otherwise describing any representation or submission made by Lawson to another about Lawson's Electronic

13

Sourcing and Procurement System(s) and/or Service(s), products, services, processes and/or operations. Such documents and things shall include, but not be limited to, advertisements, promotional materials (including slides, transparencies, demonstrations, seminars, webinars, technical and product information), data sheets, brochures, manuals for training, use and maintenance, reports, catalogues, call reports by inside or field sales personnel, internal or external communications, letters, memoranda, notes, electronic mail transmissions, and submissions to any local, state, federal or foreign Governmental entity.

**Request No. 48:**

All documents and things comprising, referring to, relating to, or otherwise describing any comments received by Lawson from another regarding Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations, including, but not limited to, complaints, praise or suggestions regarding its Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations.

**Request No. 49:**

All documents and things sufficient to show the structure or architecture of the computer system or software that operates, supports, is used to implement or maintains Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), products, applications, services, processes and/or operations, including block diagrams, data structure diagrams, system architecture diagrams, database layouts and software flow charts.

**Request No. 50:**

All documents and things sufficient to show the performance, specifications and/or functional characteristics and capabilities of Lawson's Electronic Sourcing and Procurement

14

Respectfully submitted,

Date: July 24, 2009

Gregory N. Stillman (VSB #14308)
Brent J. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street
Suite 1000
Norfolk, VA 23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
Robert D. Spendlove (VSB #75468)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

Shirley Sperling Paley
*(pro hac vice application pending)*
James D. Clements
*(pro hac vice application pending)*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231
spaley@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff  *e*Plus inc.

25

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2009, I will serve **Plaintiff ePlus Inc.'s First Request for Production of Documents to Defendant Lawson Software, Inc.**, on the following counsel of record,

*via hand delivery:*

Stephen E. Noona (VSB #25367)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  (757) 624-3289
Facsimile:  (757) 624-3169
senoona@kaufcan.com
***Counsel for Defendant Perfect Commerce, LLC,***
***SciQuest, Inc. and Lawson Software, Inc.***

*via electronic mail and regular mail:*

James J. Briody (VSB 32128)
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC  20004-2415
Telephone:  (202) 383-0100
Facsimile:  (202) 637-3593
jim.briody@sablaw.com
***Counsel for Verian Technologies, Inc.***

George E. Kostel (VSB 34757)
Nelson Mullins Riley & Scarborough, LLP
101 Constitution Avenue, NW  Suite 900
Washington, DC  20001
Telephone:  (202) 712-2800
Facsimile:  (202) 712:2862
george.kostel@nelsonmullins.com
***Counsel for Verian Technologies, Inc.***

26

Daniel Johnson, Jr. *(admitted pro hac vice)*
Rita E. Tautkus *(admitted pro hac vice)*
Morgan, Lewis & Bockius, LLP
One Market, Spear Street Tower
San Francisco, CA   94105-1596
Telephone:   (415) 442-1392
Facsimile:   (415) 442-1001
djjohnson@morganlewis.com
rtautkus@morganlewis.com
***Counsel for Defendants SciQuest, Inc. and***
***Lawson Software, Inc.***


Robert W. Busby, Jr. (VSB #41312) *(admitted pro hac vice)*
Bradford A. Cangro*(admitted pro hac vice)*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC   20004-2541
Telephone:   (202) 739-5970
Facsimile:   (202) 739-30001
rbusby@morganlewis.com
bcangro@morganlewis.com
***Counsel for Defendants SciQuest, Inc. and***
***Lawson Software, Inc.***


Kenneth W. Brothers *(pro hac vice application pending)*
Matthew J. Ricciardi *(pro hac vice application pending)*
Dickstein, Shapiro LLP
1825 Eye Street, NW
Washington, DC  20006-5403
Telephone:   (202) 420-4128
Facsimile:   (202) 420-2201
brothersk@dicksteinshapiro.com
ricciardim@dicksteinshapiro.com
***Counsel for Defendant Perfect Commerce, LLC***

LIBW/1713265.1

Craig N. Killen
Frank B.B. Knowlton
Jeremy C. Whitley
Nelson, Mullins, Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC   29201
Telephone:  (803) 799-2000
Facsimile:  (803) 256-7500
craig.killen@nelsonmullins.com
frank.knowlton@nelsonmullins.com
jeremy.whitley@nelsonmullins.com
**Counsel for Verian Technologies, Inc.**

Gregory N. Stillman

28