# EXHIBIT 34

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:09CV620 (REP) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN OPPOSITION
OF MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE, EXPERT OPINION,
OTHER TESTIMONY, OR ARGUMENT PERTAINING TO ALLEGED PRIOR ART
AND INVALIDITY THEORIES NOT SET FORTH IN DEFENDANT'S COURT-
ORDERED SECOND SUPPLEMENTAL STATEMENT**

Defendant Lawson Software, Inc. ("Lawson") respectfully opposes Plaintiff ePlus, Inc.'s ("ePlus") motion in limine to exclude any evidence, expert opinion, other testimony, or argument pertaining to alleged prior art and invalidity theories. The Court has specifically allowed the use of the legacy systems as prior art to prove invalidity. Their relevance has only increased in view of ePlus's infringement contentions that were raised for the first time in its expert report on infringement. Moreover, Lawson's legacy systems, including versions 5.0 and 6.0 referenced in ePlus's motion, are relevant to issues other than invalidity. Those legacy systems, which ePlus does not contend infringe, are relevant on the issues of damages, lack of specific intent to induce infringement, and lack of willful infringement. They are also relevant to infringement, at least because Lawson should be entitled to use the systems to rebut and discredit ePlus's infringement and damages contentions which inexplicably indicate that post-2002 Lawson infringe, but pre-2002 systems do not.

## I. BACKGROUND

### A. The May 25, 2010 Order Does Not Preclude Admission of the Lawson Legacy Systems or the J-Con and Gateway Documents, and To the Extent it Was Granted, Was Limited to Admissibility for Purposes of Invalidity Only

At the time Lawson supplemented its invalidity contentions, Lawson made it clear to ePlus that it intended to rely on the legacy systems with respect to issues other than invalidity. In early April, 2010, Lawson informed ePlus that its legacy systems were relevant beyond the issue of invalidity. (Exh. 1.) On April 29, 2010, Lawson, in a letter to the Court, detailed that the systems were relevant at least on the issues of damages, lack of intent to infringe, lack of willfulness, alterative and non-infringing technology, and background of the art. (Exh. 2.) On May 7, 2010, Lawson again set forth the following grounds on which the systems were probative:

> A. providing background on Lawson's current software
> B. damages
> C. lack of intent to infringe / lack of willfulness
> D. obviousness (the scope and content of the prior art)
> E. alternative and non-infringing technology
> F. rebuttal to ePlus's infringement and damages contentions and expert reports

(Exh. 3.) On May 21, 2010, Lawson again reiterated the relevance of the systems for matters beyond invalidity. (Exh. 4.)

This history was referenced at the May 24, 2010, hearing regarding the motion to strike portions of the Shamos report, wherein the Court confirmed that the motion was limited to the issue of admissibility for the purpose of invalidity, and not for any other purpose:

2

LAWSON SOFTWARE, INC.

By    /s/                      
      Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

17

# CERTIFICATE OF SERVICE

I certify that on this 2nd day of July, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

      /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

18