# EXHIBIT 35

```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF VIRGINIA
               RICHMOND DIVISION




EPLUS, INC.,

           Plaintiff,
     v.                          Civil Action No.
                                 3:09CV00620
LAWSON SOFTWARE, INC.,

           Defendant.




     Before:  THE HONORABLE ROBERT E. PAYNE, JUDGE

        HEARING ON EPLUS' MOTION TO STRIKE




                     May 24, 2010


                  Richmond, Virginia
```

CHANDLER and HALASZ, INC.
Shorthand Reporters
P.O. Box 9349
Richmond, Virginia 23227
(804) 730-1222
Reported by:  Tracy Johnson, RPR, CCR, CLR


CHANDLER & HALASZ, INC.
(804)730-1222

```
 1  Appearances:

 2                   GOODWIN PROCTER LLP
              By:  SCOTT LYNN ROBERTSON, ESQ.
 3                        and
                 CHRISTIAN & BARTON LLP
 4            By:  CRAIG THOMAS MERRITT, ESQ.
                HENRY I. WILLETT, III, ESQ.
 5           attorneys, of counsel for Plaintiff

 6


 7                  MERCHANT & GOULD PC
              By:  DANIEL WILLIAM MCDONALD, ESQ.
 8                        and
                 TROUTMAN SANDERS LLP
 9            By:  ROBERT A. ANGLE, ESQ.
             attorneys, of counsel for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  it at trial.  But I think they have made a showing
2  sufficient that CellPro ought to operate there to
3  allow the discovery to be taken and the opinion to
4  remain at this time.
5           The other I don't have any basis for
6  making a comment on, for making a ruling on, so I am
7  not going to be able to -- to rule.  I believe that
8  the party arguing the application of CellPro has the
9  burden to demonstrate how the claim construction
10 opinion necessitates listing additional prior art
11 opinions and references, and that hasn't been carried
12 here as to the second -- that is the -- the second
13 reference; that is on the one on page 6, and so that
14 can't be allowed, which basically means that to the
15 extent that version 5 -- Lawson version 5 and 6 are
16 dealt with in the opinion offered by Shamos in
17 response to the claim construction opinion section
18 that says "means for searching for matching items in
19 the database" can be considered further, subject to
20 revisitation at trial.
21          The others I have -- I believe Lawson has
22 not covered that basis -- covered its burden.  And
23 version 6 and version 5 were in their initial list.
24 They were going to pare it down.  They dropped it, and
25 then the addition of it keeps it out to -- and only --

```
 1  but -- but it cannot -- excuse me.  It would keep it
 2  out unless CellPro allowed it in.  But since they
 3  haven't carried the CellPro burden, the second -- but
 4  as to one of the two grounds, they say that the
 5  Markman opinion necessitated further opinions by the
 6  expert, then they can't have it but as to the one I've
 7  indicated.
 8            Doyle is moot because it's been withdrawn.
 9            The issue of the hybrid opinion on --
10  offered by Mr. Shamos, he offered -- apparently the
11  earlier references -- excuse me.  The earlier
12  references made reference to a hybrid situation giving
13  rise to a defense under Section 112.  The opinion of
14  Shamos says that the hybrid gives rise to an opinion
15  under Section 101.  He does not give any opinion on
16  Section 101 -- or excuse me.  He -- his opinion on
17  101, excuse me, was actually not in the invalidity
18  defenses that were tendered because the original
19  invalidity defense that was tendered is Section 112.
20  He gave no opinion on 112, so he can't testify on 112.
21  And so that objection to that part of his report on
22  the hybrid situation is sustained.
23            The Baxter article and the search engine
24  report appear to me not to be background on the state
25  of prior art but to be really a sub rosa effort to get
```