# EXHIBIT 36

1

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
 2                     RICHMOND DIVISION

 3   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                       :
 4   ePLUS, INC.,                      :
                                       :
 5                       Plaintiff,    :
        v.                             :   Civil Action
 6                                     :   No. 3:09CV620
     LAWSON SOFTWARE, INC.,            :
 7                                     :   August 17, 2010
                         Defendant.    :
 8   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:

 9


10

            COMPLETE TRANSCRIPT OF CONFERENCE CALL
11           BEFORE THE HONORABLE ROBERT E. PAYNE
                 UNITED STATES DISTRICT JUDGE
12


13


14    APPEARANCES:   (All via telephone)

15    Scott L. Robertson, Esq.
      Jennifer A. Albert, Esq.
16    GOODWIN PROCTOR
      901 New York Avenue, NW
17    Washington, D.C.   20001

18    Michael G. Strapp, Esq.
      GOODWIN PROCTOR
19    53 State Street
      Boston, MA   02109
20
      Craig T. Merritt, Esq.
21    Henry I. Willett, III, Esq.
      CHRISTIAN & BARTON
22    909 E. Main Street, Suite 1200
      Richmond, VA   23219-3095
23
                Counsel for the plaintiff ePlus
24
                    DIANE J. DAFFRON, RPR
25                 OFFICIAL COURT REPORTER
                 UNITED STATES DISTRICT COURT
```

```
 1      APPEARANCES:   (Continuing)

 2      Daniel W. McDaniel, Esq.
        William D. Schultz, Esq.
 3      MERCHANT & GOULD
        80 South 8th Street
 4      Suite, 3200
        Minneapolis, MN    55402
 5
        Kirstin L. Stoll-DeBell, Esq.
 6      MERCHANT & GOULD
        1050 17th Street, Suite 1950
 7      Denver, CO    80265

 8      Dabney J. Carr, IV, Esq.
        TROUTMAN SANDERS
 9      Troutman Sanders Building
        1001 Haxall Point
10      P.O. Box 1122
        Richmond, VA    23218-1122
11
                Counsel for the defendant Lawson Software
12

13      ALSO PRESENT:

14      Leslie Wagner, Law Clerk

15

16

17

18

19

20

21

22

23

24

25
```

1   his fact witness hat and when he puts on his expert

2   witness hat, but there are ways to deal with that, and

3   we'll be happy to make proposals to the Court as to

4   when he can be an expert or when he's just testifying

5   in his percipient factual witness capacity.

6          The second issue is that it's been

7   represented to us that he will be raising theories

8   that go outside of the scope of what Your Honor has

9   ruled is the four corners of the invalidity theories

10  that the witnesses can present.

11         I thought we addressed that issue last

12  Thursday.  Ms. Stoll-DeBell wasn't on that call.  That

13  was the call regarding Dr. Mangum.  I raised this

14  issue again on the call.  The Court indicated that

15  there would not be any new theories on invalidity

16  rulings.  There was a ruling, but we're a little

17  confused.

18         THE COURT:  I was sure on the last call and

19  I'm sure now that there will be no expert testimony on

20  invalidity theories that weren't disclosed pursuant to

21  the orders.  That issue has previously been briefed

22  and decided.  I'm not going to revisit that issue.  If

23  I was wrong, I was wrong, but that's going to be the

24  rule, and I'm sure Lawson will abide by it, won't you,

25  Ms. Stoll-DeBell?

1        MS. STOLL-DeBELL:  Yes, Your Honor.

2        THE COURT:  And if you don't, if your toe is

3  off base, your expert's foot is off base, the hatchet

4  will come down upon it, and your expert will go out

5  the door.

6        Now, that's what happens here if you-all

7  start transcending the rulings that have been

8  previously made defining the boundaries.  So I know

9  they won't do that.  So we don't have that problem

10 now, and we'll just abide the event.

11       Next?  Anything else?  That's it, isn't it?

12       MR. ROBERTSON:  No.  The last issue, sir, and

13 this is, you know, in anticipation of filing this

14 motion tomorrow with respect to Dr. Green.

15       One of the issues, you'll recall, was a

16 discussion about whether the depositions of the

17 damages experts actually were part of -- part and

18 parcel of the disclosure under Rule 26 of the Federal

19 Rules of Civil Procedure.

20       And I understood and appreciated that Mr.

21 McDonald confirmed that that arrangement was agreed

22 upon.

23       Dr. Mangum did opine on Dr. Green's opinions

24 in his deposition and rebuttal.  His only opportunity

25 to do so.

33

1          THE COURT:  Okay.  All right.  I think we're

2     all sort of mindful of the same questions then.

3          All right.  Thank you all very much.  Make

4     sure you come to the settlement conference with Judge

5     Dohnal with reason.  And it's been a hard-fought case,

6     and I think you don't want the atmosphere of the case

7     to effect the business operations that are inevitably

8     involved in trying to reach a business settlement of a

9     business issue.

10          All right.  Thank you all very much.

11          MR. ROBERTSON:  Thank you.

12          THE COURT:  Bye-bye.

13          (The proceedings were adjourned at 3:00 p.m.)

14

15          I, Diane J. Daffron, certify that the

16     foregoing is a true and accurate transcription of my

17     stenographic notes.

18

                        /s/                    8/20/10
19     _____    _____
                DIANE J. DAFFRON, RPR, CCR        DATE
20

21

22

23

24

25