# EXHIBIT 40

```
 1                IN THE UNITED STATES DISTRICT COURT
 2               FOR THE EASTERN DISTRICT OF VIRGINIA
 3                         RICHMOND DIVISION
 4
 5     ---------------------------------------
                                              :
 6       ePLUS, INC.                          :    Civil Action No.
                                              :    3:09CV620
 7       vs.                                  :
                                              :
 8       LAWSON SOFTWARE, INC.                :    September 28, 2010
                                              :
 9     ---------------------------------------
10
11          COMPLETE TRANSCRIPT OF THE FINAL PRETRIAL CONFERENCE
12                BEFORE THE HONORABLE ROBERT E. PAYNE
13                    UNITED STATES DISTRICT JUDGE
14
       APPEARANCES:
15
       Scott L. Robertson, Esquire
16     Michael G. Strapp, Esquire
       Jennifer A. Albert, Esquire
17     Goodwin Procter, LLP
       901 New York Avenue NW
18     Suite 900
       Washington, D.C.  20001
19                                                  Volume II of II
       Craig T. Merritt, Esquire
20     Christian & Barton, LLP
       909 East Main Street
21     Suite 1200
       Richmond, Virginia  23219-3095
22     Counsel for the plaintiff
23
24                       Peppy Peterson, RPR
                        Official Court Reporter
25                   United States District Court
```

```
 1    APPEARANCES:  (cont'g)

 2    Dabney J. Carr, IV, Esquire
      Robert A. Angle, Esquire
 3    Troutman Sanders, LLP
      Troutman Sanders Building
 4    1001 Haxall Point
      Richmond, Virginia  23219
 5
      Daniel W. McDonald, Esquire
 6    Kirstin L. Stoll-DeBell, Esquire
      William D. Schultz, Esquire
 7    Merchant & Gould, PC
      80 South Eighth Street
 8    Suite 3200
      Minneapolis, Minnesota  55402
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          MR. ROBERTSON:  I'll withdraw the objection to that,
2    Your Honor.
3          THE COURT:  Next one, 123:8 through 124:25.
4          MR. ROBERTSON:  This has to do with the data
5    interface utility, and my notes reflect that Dr. Shamos doesn't
6    rely on it.  Whether the underlying document wasn't objected
7    to, the fact is, it doesn't have any tendency to prove a fact
8    that is in dispute, makes it not relevant for purposes of any
9    invalidity analysis that Dr. Shamos might be offering.  I
10   understand he cited it, but -- it was considered, but he has no
11   opinions with regard to it.
12         THE COURT:  If he has no opinions with respect to it,
13   then I don't see how it's relevant.
14         MS. STOLL-DeBELL:  Your Honor, I think it's rebuttal
15   testimony because this database data interface utility is a
16   mechanism to automatically load catalog data into PO Writer,
17   very similar to Lawson's PO-536 that ePlus is relying on to say
18   Lawson's system has catalogs and Lawson infringes.  And so this
19   testimony and that document are rebuttal evidence.
20         It was cited in our second supplemental invalidity
21   contentions and was listed in Dr. Shamos's report.  Albeit he
22   didn't put a cite to that specific document in his claim chart,
23   I do think it's rebuttal testimony to their infringement
24   position.
25         THE COURT:  How does it come in if he didn't testify

1    we are going to put on evidence that it has everything, and
2    we're going to put on evidence that it also is prior art
3    referenced under obviousness.  We're doing both.
4           THE COURT:  We're just staying with the one now.
5           MS. STOLL-DeBELL:  That's because this particular
6    testimony we are talking about relates to one element, but
7    we're going to have a whole bunch of other evidence that
8    relates to PO Writer and the other elements, but right now
9    we're talking about one element, and this testimony and that
10   document relates to that one element that's in rebuttal to what
11   they're going to say.
12          We should be able to put on the evidence of all the
13   different things and connect it up, and, yes, we are talking
14   about one element here, but we have evidence of the other
15   elements from Mrs. Fielder, from Dr. Shamos, from all these PO
16   Writer manuals, many of which are already stipulated and into
17   evidence already.
18          MR. ROBERTSON:  We started this conversation with Ms.
19   Stoll-DeBell conceding that Dr. Shamos doesn't have any opinion
20   on this data interface utility, so there's nobody there to
21   connect these dots.  This is going to be thrown out there, and
22   Dr. Shamos can't patch it all together and try and re-create
23   the invention.
24          THE COURT:  Who is going to testify that it's -- if
25   you add -- you are saying you've got someone testifying to

1   different pieces of the elements, the claim elements.  Who is
2   going to tie it all together and say, therefore, this is prior
3   art?  Somebody has to do that or all you have is a lot of
4   untethered evidence that doesn't mean anything that's relevant
5   to the case on the issue of prior art.  So who is going to tie
6   it together?
7           MS. STOLL-DeBELL:  Let me first say Dr. Shamos is
8   going to tie it together, but he doesn't need to get into this
9   because it's rebuttal.  He's going to say PO Writer has all of
10  the elements of these claims, and this is my testimony and it's
11  in his expert report.
12          THE COURT:  Wait a minute.  What do you mean,
13  rebuttal?  The way this goes is this:  They start off, you have
14  a case, and then they have rebuttal.  That's it.  They go
15  first, you go second, they go last, and that's it.  So it's got
16  to be part of your response case, or it's nothing.
17          The way that you all did rebuttal reports, that has
18  relevance in terms of the discovery process, but it doesn't
19  circumscribe the trial.  So is Shamos going to tie it together?
20  What you've told me is this, unless I misunderstand it:  As to
21  the existence as to whether PO Writer is prior art, you have
22  Shamos or somebody, you have somebody testifying to each --
23  that PO Writer covers each of the individual claims, but you
24  don't -- I mean elements of the claim, but you don't have one
25  somebody saying that that person responds -- that that art