IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |


**PLAINTIFF *e*PLUS, INC.'S REQUEST TO SEQUESTER WITNESSES PURSUANT TO FEDERAL RULE OF EVIDENCE 615**

Pursuant to Federal Rule of Evidence 615, Plaintiff *e*Plus, Inc. ("*e*Plus"), by counsel, hereby requests that the Court exclude all of the fact and expert witnesses in this case — regardless of which party intends to call the witnesses — from hearing the testimony of other witnesses at trial. In order to ensure that witness trial testimony is not influenced by that of other witnesses, the rule provides that "[a]t the request of a party the court ***shall*** order witnesses excluded so that they cannot hear the testimony of other witnesses…". Fed. R. Evid. 615 (emphasis added). *e*Plus requests that the Court order *all* fact and expert witnesses — including those testifying on behalf of *e*Plus, as well as for Lawson — be excluded from hearing the testimony of other witnesses at trial.[1] *e*Plus has sought Defendant Lawson Software, Inc.'s

---

[1] This request also extends to excluding witnesses from learning the testimony of other trial witnesses through other means during the course of trial, such as by reviewing trial transcripts. Moreover, it should go without saying that counsel for the parties will have an ethical obligation

("Lawson") consent to this request but Lawson has consented only to the exclusion of *fact* witnesses.

In this case, it is particularly appropriate for the Court to exclude witnesses (including expert witnesses) from hearing other trial testimony. Among other reasons, *e*Plus is concerned that Lawson's witnesses may tailor their testimonies in order to remedy deficiencies in Lawson's expert reports, or to expand upon their expert reports in violation of Federal Rule of Civil Procedure 26(a)(2) and this Court's orders limiting the scope of expert testimony.[2]

Despite the fact that this Court has already entered numerous orders restricting the scope of Lawson's expert testimony in this case, Lawson's experts have continued to evade these orders with their "moving target" opinions.[3] In fact, the report of Lawson's expert Michael I. Shamos expressly states his intent to expand his expert testimony at trial after hearing the testimony of others. In his Expert Report on Invalidity, Dr. Shamos stated, "***It may be necessary for me to revise or supplement this report based on material subsequently presented, and I reserve the right to do so. I may also present demonstrative evidence at trial, and I reserve the right to do so***." Rpt. of M.I. Shamos, Ph.D., J.D. Concerning Invalidity (May 5, 2010) at ¶ 12 (emphasis added). Dr. Shamos later reaffirmed his purported "right" to supplement his expert

---

to avoid conveying to any excluded witness — whether fact or expert — either verbally or through other means, the substance of the testimony of other trial witnesses. Otherwise, the purpose of Rule 615 would be defeated.

[2] Federal Rule of Civil Procedure 26(a)(2) requires that an expert's report include a "complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

[3] For example, as set forth in detail in *e*Plus's Motion to Enforce Prior Court Orders, Docket No. 526, Lawson has repeatedly attempted to evade this Court's orders with new and revised expert reports that belatedly attempt to recharacterize or expand upon expert testimony that the Court has already ruled inadmissible, and by reintroducing excluded expert testimony through other fact witnesses. As just one egregious example, Defendant has repeatedly attempted to reinject evidence of its "legacy systems" into the trial of this case, notwithstanding this Court's clear rulings that such evidence is inadmissible. *Id.* at 3-6, 17-19.

opinion based upon testimony given at trial: "*I am also prepared to testify on matters raised in cross-examination; to rebut, as necessary, matters raised (in reports, depositions, and/or court testimony) by plaintiff's experts, and to address other related matters raised at trial.*"  Rebuttal Rpt. of M.I. Shamos, Ph.D., J.D. Concerning Non-Infringement (June 3, 2010) at ¶ 8 (emphasis added).

As the Fourth Circuit has noted, "the sequestration of witnesses effectively discourages and exposes fabrication, inaccuracy, and collusion." *United States v. Farnham,* 791 F.2d 331, 335 (4th Cir. 1986) (relying on the mandatory language of Rule 615 in holding that the district court erred in refusing to sequester the government's case agent).  To this end, the mandatory language of the rule requires the sequestration of witnesses upon a party's request.  Fed. R. Evid. 615 ("At the request of a party the court *shall* order witnesses excluded so that they cannot hear the testimony of other witnesses…") (emphasis added); *Farnham,* 791 F.2d at 335; *see also* 1 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence Manual*, § 10.06 (2d. ed. 2010) ("Rule 615 *requires* the exclusion of witnesses from the courtroom *on demand by a litigant*. The court must grant a litigant's request, but should permit the continued attendance of a witness who [falls under one of the exceptions in Rule 615(1)-615(4)].") (emphasis added). Furthermore, due to its "important role in reaching the truth," the Fourth Circuit has found that Rule 615 "carries a presumption favoring sequestration." *Opus 3 Ltd. v. Heritage Park, Inc.,* 91 F.3d 625, 628 (4th Cir. 1996) (affirming district court's exclusion of defendant's fact and expert witness, and holding that witness was not exempt from sequestration under an exception to Rule 615).

Further, although exclusion of witnesses from the courtroom is most commonly requested for fact witnesses, the Fourth Circuit has expressly "decline[d] to adopt a per se rule exempting

3

expert witnesses, even those who are expected only to render opinions, from sequestration," reasoning that "[t]he rule does not provide such an exemption...." *Opus 3 Ltd.,* 91 F.3d at 629 (citations omitted). "[T]he party seeking to avoid sequestration of a witness bears the burden of proving that a Rule 615 exemption applies," *id.* at 628, but no such exemption applies in this case to either party's expert witnesses.[4]

In recognition of the policy underlying Rule 615, courts in the Fourth Circuit have noted that the value of sequestering witnesses "has been recognized since at least biblical times." *Opus 3 Ltd.,* 91 F.3d at 628. The Fourth Circuit observed that the Apocrypha relates how Daniel vindicated Susanna of a charge of adultery by sequestering the two elders who had accused her and asking each of them under which tree her alleged adulterous act took place. When they gave different answers, they were convicted of falsely testifying. *Id.* Thus, "[i]t is now well recognized that sequestering witnesses 'is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice.'" *Id.* (citing 6 *Wigmore on Evidence* § 1837, at 455-56 (James H. Chadbourn ed., 1976)) (citations omitted).

Accordingly, one of the key purposes for Rule 615 is to prevent a witness from unfairly benefitting from the testimony of another witness and thereby preserving "fair play." This policy is particularly implicated in this case. Lawson has repeatedly attempted to evade this Court's orders regarding the scope of expert testimony, and its expert has purported to "reserve the right" to expand on his opinions based on trial testimony.

---

[4] Of course, *e*Plus acknowledges that both parties are entitled to have a corporate representative present at all times during the trial. See Fed. R. Evid. 615(2) ("This rule does not authorize exclusion of … an officer or employee of a party which is not a natural person designated as its representative by its attorney…"). However, this exemption does not apply to either party's **expert** witnesses.

Moreover, application of the rule in this case will be entirely fair as it will apply equally to fact and expert witnesses testifying on behalf of either *e*Plus or Lawson.

For the foregoing reasons, *e*Plus requests that all fact witnesses (except for one corporate representative per side pursuant to Fed. R. Evid. 615(2)) and all expert witnesses be excluded from hearing the testimony of other witnesses at trial pursuant to Federal Rule of Evidence 615.

Respectfully submitted,

December 22, 2010

/s/
David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff ePlus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

           Michael G. Strapp (*admitted pro hac vice*)
           James D. Clements  (*admitted pro hac vice*)
           **GOODWIN PROCTER LLP**
           Exchange Place
           53 State Street
           Boston, MA 02109-2881
           Telephone:  (617) 570-1000
           Facsimile:   (617) 523-1231
           mstrapp@goodwinprocter.com
           jclements@goodwinprocter.com

           Attorneys for Plaintiff, *e*Plus, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2010, I will electronically file the foregoing

**PLAINTIFF ePLUS, INC.'S REQUEST TO SEQUESTER WITNESSES PURSUANT TO FEDERAL RULE OF EVIDENCE 615**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
*Counsel for Defendant Lawson Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

                                                      */s/*
David M. Young (VSB #35997)
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com