IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF *e*PLUS INC.'S OBJECTIONS TO DEFENDANT LAWSON SOFTWARE, INC.'S REVISED PROPOSED JURY VERDICT FORM**

Plaintiff, *e*Plus, Inc. ("*e*Plus"), through counsel, hereby states its objections to Defendant Lawson Software, Inc.'s ("Lawson") Revised Proposed Verdict Form, ("Revised Form") (Docket No. 534), which Lawson filed with the Court on December 20, 2010. *e*Plus reserves its right to amend, supplement, or modify its objections as appropriate based upon the evidence as the case proceeds through trial and based upon conferences with opposing counsel. *e*Plus does not waive any objections to verdict questions that are or have been the subject of pending motions, including motions in limine. Neither does *e*Plus concede, by stating these objections, that Defendant has met its evidentiary burdens with respect to any of the issues to which the verdict form pertains.

## OBJECTIONS TO LAWSON'S REVISED PROPOSED JURY VERDICT FORM

*e*Plus objects to Lawson's Revised Form on the ground that: (i) by failing to file **any** objection to *e*Plus's proposed form, Lawson has waived its right to object to *e*Plus's proposal or to ask that the Court consider instead a new and untimely-filed proposal from Lawson; (ii) Lawson's Revised Form is overly complicated, imbalanced with respect to the infringement and invalidity issues, and will confuse the jury in a manner deliberately designed to prejudice *e*Plus; (iii) Lawson's Revised Form is inaccurate and deficient with respect to the infringement allegations in this case in a manner designed to confuse the jury and the record in this case for purposes of post-trial motions, remedial issues, and appeal; (iv) Lawson's Revised Form would erroneously instruct the jury to apply the preponderance of the evidence standard to invalidity defenses; and (v) Lawson should not be permitted to insist upon multiple "product-by-product" infringement verdicts after refusing to provide relevant discovery.

**I.    Lawson Failed To Object To *e*Plus's Proposed Verdict Form**

First, although the Court's scheduling order, as amended and as agreed by the parties, required the parties to file with the Court any objections to the other party's proposed verdict form, Lawson has never objected to *e*Plus's proposed verdict form. Pursuant to the amended scheduling order in this action, the parties were required to file their proposed verdict forms on November 17, with objections due on November 24. (Docket No. 510). Both parties timely filed proposed verdict forms on November 17, (Docket Nos. 511, 513), and *e*Plus timely filed its objections to Lawson's proposed form on November 24. (Docket No. 518). ***Lawson did not file any objections to ePlus's proposed form***. To this date, Lawson has never filed an objection to *e*Plus's proposal. While the parties continued to discuss whether they could reach agreement over a verdict form, those discussions have not been successful. Accordingly, Lawson has waived any objection to *e*Plus's proposed verdict form.

## II. Lawson's Revised Form Is Overly Complex And Imbalanced With Respect To The Infringement And Validity Verdicts, And Would Be Unfairly Prejudicial To *e*Plus

Second, the Revised Form is not fair or even-handed with respect to the juror's deliberations over infringement (for which *e*Plus bears the burden of proof), and invalidity (for which Lawson bears the burden of proof). The Revised Form breaks the infringement allegations apart into four different sets of ostensibly "accused products" comprised of certain identified components, for each of which product/component groupings the jurors are asked to determine infringement separately for each claim.[1] The result is that the infringement questions span seven pages and 38 questions.

In contrast, with respect to validity the Revised Form asks the jurors simply whether a claim has been proven invalid.[2] The jurors are not asked, for example, to assess validity for each asserted prior art reference or combinations thereof, or even for each asserted theory of invalidity (e.g., Section 102 (anticipation), Section 103 (obviousness), Section 112 (written description)). In this respect the Revised Form is clearly imbalanced and designed to make a verdict of infringement considerably more complex and difficult to reach than a verdict of invalidity. Further, the Revised Form would give Lawson an unfair advantage on post-trial motions and appeal by relegating only the invalidity issues to a "black box" format.

Moreover, it appears that the Revised Form is inaccurate and, again, imbalanced with respect to the applicable claims. For example, while Lawson purports to identify and limit the claims allegedly applicable to each of the different "accused products," with respect to validity

---

[1] The Revised Form, however, purports to limit the asserted claims applicable to each of the four identified products/combinations. The parties did not agree to any such limitations in the pretrial order, however. *See* Docket No. 481 at 7-9, 28-29.

[2] As noted *infra, e*Plus also objects to Lawson's request that the jurors be instructed that invalidity need be proven only by a preponderance of the evidence, rather than the long-established standard of clear and convincing evidence.

no such limitation and/or identification is made. Thus, for example, under the Revised Form the jurors could find a claim invalid for lack of a written description even though Lawson has not asserted that defense against each asserted claim.

### III. Lawson's Revised Form Is Inaccurate, Deficient, And Therefore Misleading With Respect To Identifying The Accused Products For Which Lawson Requests That The Jury Render A Product-By-Product Verdict

Third, the Revised Form is inaccurate and deficient in characterizing the ostensibly "accused products," undoubtedly in order that Lawson may limit or reframe the infringement allegations to *e*Plus's prejudice during closing arguments, the remedial stage of the case, post-trial motions and appeal. Among other deficiencies, the Revised Form, in characterizing the accused products, omits that also "included in the Lawson S3 product line are the Lawson System Foundation and Lawson ProcessFlow applications, which are necessary for operating the S3 Supply Chain Management applications and modules." Revised Amended Final Pretrial Order (Docket No. 480) at 9 (paragraphs 15 and 16).

Indeed, the Court recently found that these applications are necessary components for operating the accused products when granting *e*Plus's Motion Regarding Relevance and Disclosure of Accused Lawson Systems. *See* Docket No. 514 (Order granting motion) (Nov. 19, 2010). The Court stated:

> Having reviewed [the motion and supporting and opposing memoranda] and finding that the Lawson System Foundation and ProcessFlow are relevant to the plaintiff's infringement case because: (1) there is evidence that they are used in performing the functionality recited in the asserted claims; (2) there is evidence that they are components of the accused systems; (3) there is evidence that they are essential to the operation of the accused systems; and (4) they are closely interconnected with other identified software applications and modules that are components of the accused infringing systems, and further finding that the Lawson System Foundation and ProcessFlow are relevant components of the accused S3 systems and further finding that those components were timely disclosed by the plaintiff, it is hereby ORDERED that the PLAINTIFF ePLUS INC.'S MOTION REGARDING RELEVANCE AND DISCLOSURE OF ACCUSED LAWSON SYSTEMS (Docket No. 498) is granted ….

Docket No. 514 at 1-2.

As another example, the Revised Form omits that Lawson's Requisition Self-Service ("RSS") is utilized in connection with the operation of Lawson's "Punchout." *See* Revised Form Question Nos. 15-26. The Revised Form will thereby mislead the jurors into believing that they should render a verdict with respect to Punchout in isolation, without considering its use together with RSS. The Revised Form also omits that the infringement allegations include not only the accused *products*, but also the provision of, *inter alia,* implementation, installation, training, and maintenance services with respect to those products. Revised Amended Final Pretrial Order (Docket No. 480) at 7-9. Accordingly, the Revised Form is not accurate with respect to the description of the infringement allegations in this case.

### IV. The Court Should Not Adopt Lawson's Request That The Verdict Form Apply The Preponderance Of The Evidence Standard To Invalidity Defenses

Lawson requests that the verdict form instruct the jury to apply the preponderance of the evidence standard to its invalidity defenses. As was set forth in detail in *e*Plus's response to Lawson's "supplemental filing" with respect to jury instructions, this instruction would be legal error. *See* Docket No. 531 (*e*Plus Response to Def's Supp. Filing) at 2-4.

First, for at least 75 years the law has been firmly established that the burden to prove invalidity is one of clear of convincing evidence. *See Radio Corp. of Am. v. Radio Eng'g Labs., Inc.,* 293 U.S. 1, 2, 7-8 (1934) (unanimous Court stating "[e]ven for the purpose of a controversy between strangers, there is a presumption of validity, a presumption not to be overthrown except by clear and cogent evidence" and citing cases). Fully aware of these precedents, in 1952 Congress codified the presumption of validity in Section 282 of the patent statute. Following the creation of the Federal Circuit in 1982, the Federal Circuit immediately embraced the clear and convincing evidence standard. *See, e.g., Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542, 1549

(Fed. Cir. 1983) ("the introduction of art or other evidence not considered by the PTO does not change … the requirement that that evidence establish presumption-defeating facts ***clearly and convincingly***.") (emphasis added).  Indeed, Lawson's own proposed jury instructions served on November 17, as well as its expert's reports, recognize this law.

Second, the grant of *certiorari* in *Microsoft Corp. v. i4i Ltd. Prtnr.,* ___ S.Ct. ___, 2010 WL 3392402 (Nov. 29, 2010), provides no basis for this Court to change the law of this case based on pure speculation that the Supreme Court will reverse decades of precedent.  Indeed, the Federal Circuit has continued to apply the clear and convincing evidence standard to pending cases notwithstanding the grant of certiorari in the *i4i* case.  *See Research Corp. Techs., Inc. v. Microsoft Corp.,* ___ F.3d ___, 2010 WL 4971008 (Fed. Cir. Dec. 8, 2010) ("A patent is presumed valid and the party asserting invalidity has the burden of persuasion to show the contrary by clear and convincing evidence.").  Lawson cannot predict how or if the Supreme Court will rule on the merits, or whether the Court might dismiss the writ as improvidently granted.

Third, the *i4i* case is unlikely to have any significant impact on this case for the additional reason that nearly all of the prior art Lawson here may rely upon was before the examiner during original prosecution.  The question presented in *i4i* pertains to the burden with respect to prior art ***not*** considered during original examination.  *See Microsoft Corp. v. i4i Ltd. Prtnr.,* 2010 WL 3413088, *1 (Aug. 27, 2010) (petition for *certiorari*) (question presented stating "the Federal Circuit held below that Microsoft was required to provide its defense of invalidity … by 'clear and convincing evidence,' even though the prior art on which the defense rests was not considered by the [PTO] prior to [issuance of the patent].").  There is no reason to expect the Court to address the burden with respect to references that were before the examiner.

Further, the case has no application to Lawson's Section 112 (written description) defense, yet it appears that Lawson's Revised Form would have the jurors apply the lower "preponderance" standard to that defense as well.

Fourth, Lawson's argument that ongoing reexamination proceedings justify a lower burden of proof runs squarely against the case law, as has already been argued to this Court in pretrial motions. The Federal Circuit could not have stated it any more plainly: "a requestor's burden to show that a reexamination order should issue from the PTO is ***unrelated to a defendant's burden to prove invalidity by clear and convincing evidence at trial***." *Procter & Gamble Co. v. Kraft Foods Global, Inc.,* 549 F.3d 842, 848 (Fed. Cir. 2008) (emphasis added); *see also Hoechst Celanese Corp. v. BP Chems Ltd.,* 78 F.3d 1575, 1584 (Fed. Cir. 1996) ("We take notice that ***the grant by the examiner of a request for reexamination is not probative of unpatentability***.") (emphasis added). Based on these same cases, the Court ruled in pretrial motions that evidence of the reexamination proceedings was irrelevant and would be excluded from trial.

### V. Lawson Should Not Be Entitled To Demand A "Product-By-Product" Verdict Because It Failed To Comply With The Court's Order And Provide Relevant Discovery

Fifth, Lawson's request for "product-by-product" verdicts should be rejected because it refused to provide discovery to show which components of its accused systems that it "implemented" on a customer-by-customer basis. This very issue was the subject of several interrogatories and other discovery that *e*Plus directed to Lawson. The Court previously ordered Lawson to provide this very information and admonished Lawson that it was required to fully respond on this very subject, or it would be precluded from contesting the issue at trial.

In particular, *e*Plus directed a very specific interrogatory to Lawson relating to this issue. *e*Plus's Interrogatory No. 24 asked that Lawson:

> ***Identify, on a customer-by-customer basis for each Lawson customer***, from May 2003 until the present: (i) ***the modules*** of Lawson's S3 Supply Chain Management Suite and/or M3 Supply Chain Management Suite and/or other Lawson Electronic Sourcing and Procurement System(s) and/or Service(s) which Lawson has made, used, sold, offered for sale, imported, licensed, ***implemented, maintained, and/or serviced for/to each such customer***, and/or which modules such customers used, purchased, licensed, implemented or had implemented, maintained or had maintained, or serviced or had serviced; (ii) for each such customer the dates and periods of time during which these activities occurred for each such module(s) and combination(s) of modules; and (iii) the revenues to Lawson attributable to each customer with respect to these activities and for each such module(s) and combination(s) of modules, including revenues relating to license fees, maintenance and support fees, implementation, training, and consulting. ***The modules pertinent to this interrogatory include, without limitation, the Lawson S3 Purchase Order, Requisitions, Inventory Control, Requisitions Self-Service, Procurement Punchout and EDI modules, and/or the M3 e-Procurement module. Your answer must include, without limitation, an identification of all Lawson customers that have purchased, licensed, used, and/or implemented any of the above-identified modules from May 2003 to the present, and the combinations/configurations/arrangements of such modules for each such customer during this period of time***.

Ex. 1 (*e*Plus Fourth Set of Interrogs. To Lawson) (Nov. 18, 2009) (emphasis added).

In addition to Interrogatory No. 24, *e*Plus also served several other interrogatories requesting that Lawson disclose its bases for non-infringement. Interrogatory No. 2, for example, also sought detailed "bases for any assertions of non-infringement … on a claim-by-claim, element-by-element basis. *See* Ex. 8 at 9-10. *e*Plus also served Lawson with Interrogatory No. 21, which asked that it:

> Identify all agreements, contracts, requests for proposals, responses to requests for proposals, Statements of Work, licenses, arrangements, permissions, term sheets, memoranda of understanding and letters of intent, ***regarding any implementation,*** installation, or consultation services provided by Lawson in connection with the integrations and/or use of any Lawson Electronic Sourcing and Procurement System(s) and/or Service(s), including but not limited to Lawson Punchout, with any online supplier site, e-commerce hub, digital marketplace, supplier network, supplier portal, and/or Lawson Digital Depot.

Ex. 9 (Interrog No. 21) at 2. Furthermore, Interrogatory No. 25 asked that Lawson:

> Identify by bates number all documents relating to the information provided in Lawson's answer to Interrogatory No. 24, including without limitation all

- 8 -

>licenses, contracts, invoices, and Statements of Work, and any other documents consulted and/or relied upon by Lawson in providing its answer to Interrogatory No. 24, and specify *on a customer-by-customer basis* the bates numbers of such documents applicable to each customer..

Ex. 1 at 3.

Still other interrogatories asked that Lawson identify, *inter alia,* "all entities … with which Lawson has entered into any business relationship … to provide customers … with access to supplier catalog data and/or data and content management services … and identify all requests for proposals, Statements of Work, agreements, contracts, licenses, term sheets, [etc.]" Ex. 9 (Interrog No. 23) at 2-3.

Lawson repeatedly refused to provide a sufficient answer to Interrogatory No. 24 — an issue that Lawson now appears to contend is critical to *e*Plus's infringement proof and an accurate jury verdict — despite numerous requests from *e*Plus. As early as January 19, 2010, *e*Plus raised Lawson's deficient response to this interrogatory in correspondence, noting that :

>In Interrogatory No. 24, *e*Plus *requests an identification on a customer-by-customer basis for each Lawson customer: (i) the modules of S3 or M3 which Lawson has, among other things, implemented*; (ii) the dates on which, among other things, the implementation occurred; and (iii) the revenues attributable to that implementation. Lawson's response to date is simply a long list of the modules licensed by customer, the delivery date of the module, and the last date the customer paid a maintenance fee. *Lawson fails to specify in its response who Lawson itself has done implementations for, when those implementations were performed, and the revenues attributable to those implementations*. *e*Plus requests that Lawson supplement its response to include this requested information by no later than January 25 as *e*Plus already granted Lawson one extension of time to provide its response to this interrogatory and because this information is relevant to our expert reports.

Ex. 2 (Letter from *e*Plus counsel of Jan. 19, 2010) at 2 (emphasis added).

Lawson initially refused to supplement its response, and *e*Plus requested to confer over the issue. Ex. 3 (email from *e*Plus counsel to Lawson) (Jan. 26, 2010). *e*Plus raised the issue again with Lawson, stating:

> I write to address Lawson's ***continued failure to provide information regarding the implementation of the software modules from Lawson's S3 and M3 Supply Chain Management suites for its customers on a customer-by-customer basis***. Although Lawson agreed to supplement its answer to Interrogatory No. 24 in response to deficiencies previously noted by *e*Plus, this supplementation remains deficient. The scope of Interrogatory No. 24 properly includes information on the implementation of these modules. For example, the interrogatory makes clear that Lawson's "answer must include, without limitation, an identification of all Lawson customers that have purchased, licensed, used, and/or ***implemented*** any of the above-identified modules from May 2003 to the present, and the ***combinations/configurations/arrangements of such modules for each such customer***."
>
> ***e*Plus requests that Lawson promptly supplement its response to Interrogatory No. 24 to address this ongoing deficiency. As specifically requested by this interrogatory, Lawson must, at the least, state on a customer-by-customer basis the current configuration of the licensed modules implemented for each customer**.

Ex. 4 (letter from *e*Plus counsel of Mar. 12, 2010) (emphasis added).

On March 25, after Lawson had repeatedly refused to provide the requested information regarding the implementation services that it provides to its customers, *e*Plus sent a letter to the Court requesting to address the issue during a March 26, 2010 conference call. Ex. 5 (letter from *e*Plus counsel of Mar. 25, 2010). *e*Plus's letter to the Court stated, in pertinent part:

> 5. Lawson's Response to Interrogatory No. 24: Lawson's response to Interrogatory No. 24 is also deficient because it does not include any information about ***the implementation of the accused Lawson software modules on a customer-by-customer basis***. *e*Plus brought this issue to Lawson's attention in a January 19, 2010 letter. Lawson refuses to provide information responsive to the interrogatory, and has asked instead that *e*Plus propound a new interrogatory seeking the same information it has already sought in Interrogatory No. 24. *e*Plus believes this is unnecessary and will cause further delay.

*Id.* at 2 (emphasis added).

Pursuant to the conference call between the Court and the parties held on March 26, the Court ordered Lawson to provide the implementation information sought by *e*Plus. Ex. 6 (Conf. Call Tr., 3/26/10) at 20:20-24, 21:7-10 (The Court: ***"Answer the interrogatory."***) (emphasis added); Docket No. 194 (Order of March 30, 2010). The Court emphatically stated, "***And if***

- 10 -

*somebody doesn't give you the information in discovery that you ask for that's pertinent to their defense they want to raise it, you say, I want to move the strike the defense because they said we weren't entitled to this and they didn't give it to us.  Then wham, the door is shut on it*." Ex. 6 (Conf. Call Tr., 3/26/10) at 20:20-24 (emphasis added).  The Court's subsequent Order of March 30, 2010, stated, "It is further ordered that the *Defendant shall supplement its responses to interrogatories 22, 23, and 24* by April 2, 2010."  Docket No. 194 (Order of Mar. 30, 2010) at 1 (emphasis added).

In spite of the Court's Order, as well as subsequent requests from *e*Plus, Lawson failed to provide the information requested by *e*Plus's interrogatory and required by the Court.  Although on April 8 Lawson served a "supplemental answer" that provided information about "data migration" for a small number of Lawson's customers, it failed to identify for its accused systems the modules, on a customer-by-customer basis, that Lawson had implemented as expressly called for in the interrogatory and as required by the Court.  *See* Ex. 7 at 6-9.  Lawson shrugged off this requirement, stating "*Lawson does not generally track the customers for which it implemented its system* other than through the delegation of responsibilities on the Statement of Work."  *Id.* at 6 (emphasis added).

Instead of providing *e*Plus with all of the information requested in the interrogatory, Lawson supplemented only by providing very limited information about "data migration" for a small number of Lawson's customers.  Lawson simply ignored, among other things, the central deficiency that *e*Plus had raised with the Court, namely, the identification — on a customer-by-customer basis — of each module of the accused product suites that Lawson has implemented.  This is the very deficiency that Lawson now seeks to exploit at trial.

When Lawson failed to fully comply with the Court's Order, *e*Plus *again* raised the issue with Lawson, stating in correspondence dated April 12, 2010:

> On March 26, the Court ordered Lawson to provide additional information responsive to Interrogatory No. 24, including, in particular, information ePlus requested about "*the modules* of Lawson's S3 Supply Chain Management Suite and/or M3 Supply Chain Management Suite and/or M3 Supply Chain Management Suite and/or other Lawson Electronic Sourcing and Procurement System(s) and/or Service(s) *which Lawson has … implemented … for … each such customer* …" ePlus Interrogatory No. 24. Instead of providing ePlus with all of the information requested in the interrogatory, Lawson instead provided ePlus with a supplemental response that includes only information about "data migration" for a small number of Lawson's customers. ***Lawson has simply ignored the portion of Interrogatory No. 24 which requests, on a customer-by-customer basis, an identification of each module of Lawson's S3 and M3 Suites that Lawson has implemented***. Lawson must supplement its response to Interrogatory No. 24 so that it provides ePlus with the information ePlus has requested.

Ex. 10 at 2 (emphasis added).

At the close of discovery, Lawson supplemented its answer again, but this was only to state that:

> Lawson incorporates its previous objections and responses. Subject to and without waiving its objections, Lawson also incorporates into this response as if fully provided herein its response to ePlus's Interrogatory No. 10. Lawson further identifies the following documents by Bates number as having responsive information: L0415816, L0415817, and L0415818.

Ex. 11 at 5. Thus, again, Lawson failed to disclose the information that now forms the basis for one of its non-infringement arguments at trial.

Lawson has never provided *e*Plus with a sufficient response regarding implementation of its accused systems on a customer-by-customer basis notwithstanding all of the interrogatories propounded by *e*Plus and notwithstanding the Court's Order requiring Lawson to provide ePlus with this information. Lawson should not now be heard to argue that the jury must be required to find, on a product-by-product basis, which specific accused system modules or combinations thereof infringe (whether via Lawson's implementation for its customers or otherwise), when

this is the very information that *e*Plus requested in discovery and which Lawson refused to provide.  The Court has already admonished that it will not permit a party to exploit its refusal to provide discovery in this manner.  Accordingly, the Court should deny Lawson's request for a jury verdict form that requires the jury to make "product-by-product" verdicts of infringement.

Accordingly, *e*Plus objects to Lawson's Revised Form in its entirety.

Respectfully submitted,

Dated:  December 28, 2010                              /s/
David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com

Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
Attorneys for Plaintiff
*e*Plus, Inc.

**CERTIFICATE OF SERVICE**

      I certify that on this 28th day of December, 2010, I will electronically file the foregoing **PLAINTIFF *e*PLUS INC.'S OBJECTIONS TO DEFENDANT LAWSON SOFTWARE, INC.'S REVISED PROPOSED VERDICT FORM** with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

                                                              /s/
                          David M. Young
                          Virginia State Bar #35997
                          Attorney for Plaintiff *e*Plus, Inc.
                          **GOODWIN PROCTER LLP**
                          901 New York Avenue, N.W.
                          Washington, DC 20001
                          Telephone:  (202) 346-4000
                          Facsimile:   (202) 346-4444
                          dyoung@goodwinprocter.com