# EXHIBIT 5

# GOODWIN | PROCTER

Scott L. Robertson
202.346.4331
SRobertson@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

March 25, 2010

**Via Hand Delivery**

The Honorable Robert E. Payne, Judge
United States District Court
Eastern District of Virginia, Richmond Division
Spottswood W. Robinson III and
  Robert R. Merhige, Jr., Federal Courthouse
701 East Broad Street
Richmond, VA 23219

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
      **Civil Action No. 3:09cv620 (REP)**

Dear Judge Payne:

In preparation for the parties' conference call with the Court this Friday morning and pursuant to the March 15, 2010 Scheduling Order, Plaintiff *e*Plus, Inc. ("*e*Plus") describes below the unresolved matters relating to discovery served on Defendant Lawson Software, Inc. ("Lawson").

**1. Invalidity Contentions:** There are several significant deficiencies in Lawson's invalidity contentions. For example, Lawson improperly combines multiple systems and documents and then discusses the combined references as if they were a single product or reference; Lawson does not disclose the specific combination of the
multiple "references" that it contends renders the claims obvious under Section 103; and Lawson does not disclose the particular theories under Section 102 that it relies upon for its various anticipation contentions. These deficiencies have taken on even greater importance because of Lawson's pending motion to compel *e*Plus to supplement answers to interrogatories responding to Lawson's deficient invalidity contentions.

For over two months, the parties have exchanged several letters and participated in conference calls in an effort to resolve their disputes regarding Lawson's invalidity contentions. In a final, unsuccessful attempt to resolve these issues, *e*Plus and Lawson participated in a meet-and-confer on March 23, 2010. *e*Plus respectfully requests that Lawson supplement its invalidity contentions as *e*Plus has identified in its Opposition to Lawson's Motion to Compel (Docket No. 184).

LIBA/2075521.3

GOODWIN | PROCTER

Honorable Robert E. Payne
March 25, 2010
Page 2

2. **Financial Information:** Lawson has yet to produce financial documents regarding Lawson's costs, profits and operating expenses. Additionally, much of the financial information Lawson has produced is internally inconsistent. ePlus first raised these issues with Lawson in letters dated January 22, 2010 and February 24, 2010. During a March 23, 2010 meet-and-confer, Lawson agreed to determine whether it has documents on costs and profits and to explain to ePlus the reasons for the inconsistencies in its financial documents. Because the deadline for ePlus's damages expert reports is only a few weeks away, ePlus respectfully requests that Lawson produce its damages information responsive to ePlus' discovery requests and to explain the inconsistencies in the information it has already produced no later than April 5, 2010.

3. **Non-Infringement Contentions:** Lawson's non-infringement contentions are deficient on several counts. ePlus itemized six specific deficiencies in Lawson's non-infringement contentions in a February 25, 2010 letter. In a March 12, 2010 letter, Lawson "agree[d] in principle to supplement its non-infringement contentions," and during the parties' March 23, 2010 meet-and-confer, Lawson agreed to supplement its non-infringement contentions to cure each of the deficiencies outlined in ePlus's February 25, 2010 letter. Notwithstanding these agreements, Lawson informed ePlus in a March 24, 2010 letter that it would only provide ePlus with supplemental non-infringement contentions five business days after "receiving ePlus's supplemental validity contentions as outlined in Lawson's fully-briefed motion to compel." Lawson's attempt to condition its agreement to supplement its non-infringement conditions on the outcome of its motion to compel is improper in our view. ePlus respectfully requests that Lawson supplement its non-infringement contentions to remedy the deficiencies described in ePlus's February 25, 2010 letter no later than April 5, 2010.

4. **Lawson's Responses to Interrogatories Nos. 21-23:** Lawson's responses to Interrogatories Nos. 21-23 are deficient because even though the interrogatories plainly call for narrative responses, Lawson has responded to each interrogatory by improperly invoking Federal Rule of Civil Procedure 33(d) and providing ePlus only with lists of Bates ranges of documents. ePlus raised this issue with Lawson in a letter dated March 10, 2010. The parties have subsequently met and conferred, but are at an impasse.

5. **Lawson's Response to Interrogatory No. 24:** Lawson's response to Interrogatory No. 24 is also deficient because it does not include any information about the implementation of the accused Lawson software modules on a customer-by-customer basis. ePlus brought this issue to Lawson's attention in a January 19, 2010 letter. Lawson refuses to provide information responsive to the interrogatory, and has asked instead that ePlus propound a new interrogatory seeking the same information it has already sought in Interrogatory No. 24. ePlus believes this is unnecessary and will cause further delay.

LIBA/2075521.3

GOODWIN | PROCTER

Honorable Robert E. Payne
March 25, 2010
Page 3

*e*Plus looks forward to discussing these matters with the Court during the telephone conference this Friday morning.

Respectfully submitted,

Scott L. Robertson

cc:     Counsel of Record

LIBA/2075521.3