IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09CV620 (REP) |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN OPPOSITION TO ePLUS INC'S MOTION TO SEQUESTER WITNESSES**

**INTRODUCTION**

Lawson does not oppose ePlus's request that fact witnesses—other than company representatives—be sequestered at trial. But, it disagrees with ePlus's assertion that the expert witnesses in this case should be sequestered. Sequestering technical experts is unheard of in patent cases, and should not be done where that expert is testifying primarily in rebuttal to the testimony of an opposing party's own experts.

Federal Rule of Evidence 615 allows the court to sequester certain witnesses. But as the text of Rule 615 recognizes, "This rule does not authorize exclusion of . . . (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause. . . ." Fed. R. Evid. 615. ePlus admits that each party is permitted to have a representative at trial,[1] but argues that the parties' expert witnesses should not be permitted at trial.

---

[1] Lawson intends to designate Dale Christopherson as its employee representative, who will also

Sequestering expert witnesses in a patent case is unheard of, demonstrated by the fact that ePlus was not able to put any authority before the Court in which a technical expert was sequestered in a patent case. Lawson is also unaware of any such cases. Indeed, in the *ePlus v. SAP* case in this very district, expert witnesses were not sequestered. Trial Transcript at Vol. I, 5:3-9, *ePlus, Inc. v. SAP Am., Inc.*, No. 3:05cv281 (E.D. Va. Mar. 26, 2010) (attached as Exhibit A).

## DISCUSSION

The Fourth Circuit and other Courts of Appeal have recognized that expert witnesses often fall within the third exception to Rule 615. *See United States v. Rhynes*, 218 F.3d 310, 319 n.8 (4th Cir. 2000) ("It is important to note that the language of Rule 615 does not require exclusion of *all* witnesses from the courtroom. . . . Parties or their representatives, as well as expert witnesses, are authorized by Rule 615 to remain in the courtroom, hear testimony, and subsequently testify." (emphasis in original)); *see also Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626 (6th Cir. 1978) ("[W]here a fair showing has been made that an expert witness is in fact required for the management of the case . . . we believe that the trial court is bound to accept any reasonable, substantiated representation to this effect by counsel.").

While the Fourth Circuit has not adopted a *per se* rule exempting expert witnesses from exclusion under Rule 615, it has recognized that "Rule 615 is designed to preclude fact witnesses from shaping their testimony based on other witnesses' testimony" and it "does not mandate the sequestration of expert witnesses who are to give *only* expert opinions at trial." *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 629 (4th Cir. 1996) (emphasis in original). Indeed, the court has reasoned that "an expert who is not expected to testify to facts, but only assumes facts for

---

be a testifying witness.

purposes of rendering opinions, might just as well hear all of the trial testimony so as to be able to base his opinion on more accurate factual assumptions." *Id.* In the *Opus* case, the Fourth Circuit affirmed the district court's decision to sequester a witness who was "a fact witness whose testimony was crucial to the disputed issues." *Id.*

Courts, relying on the *Opus* case, have found that expert witnesses fall within the exception to Rule 615 and that they should not be excluded from trial. *See Boyd v. United States*, No. 97-264, 1997 U.S. Dist. LEXIS 16073, at *6 (W.D.N.C. Sept. 5, 1997) ("the second Government agent of which the Petitioner complains was not exempted from the sequestration order under section (2); rather, he was proffered as an expert witness and was therefore exempt under section (3) as essential to the Government's presentation of its cause").

Moreover, Rule 703 of the Federal Rules of Evidence specifically assumes that expert witnesses will be permitted to attend trial. Specifically, Rule 703 permits expert witnesses to base their opinions on facts or data they learn at trial. Fed. R. Evid. 703 ("The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing."); *see also Morvant*, 570 F.2d at 630 ("Rule 703 of the Federal Rules of Evidence . . . at least implies that experts will be present in the court to hear the evidence . . . ."). An expert witness could not obtain such facts or data if sequestered.

In this case, Dr. Shamos's presence in the courtroom is essential to Lawson's defense against ePlus's claims. Though Lawson has no intention of presenting any evidence or opinion through Dr. Shamos that Dr. Shamos did not include in his reports, the fact remains that Dr. Shamos's role is to base his opinion on the evidence admitted at trial and to rebut the *testimony* of ePlus's expert witness, not their expert reports, which will not be admitted at trial. Dr.

Shamos's presence at trial is therefore essential so that he can consider the evidence admitted at trial and direct his testimony accordingly. It is also essential given the very real possibility that the testimony of ePlus's expert witnesses may be more limited than or deviate from their reports. Even if these deviations are minor—for example, a change in terminology—it is essential that Dr. Shamos be permitted to articulate his already-reported opinions in a manner rebutting the testimony of ePlus's experts. If the deviations are more significant, then exclusion of experts will provide ePlus with an unfair tactical advantage.

ePlus's concerns that Dr. Shamos will materially deviate from his report is unwarranted. At ePlus's urging, many motions have been decided before trial to circumscribe Dr. Shamos's testimony, already clarifying its boundaries. This, rather than preemptively addressing speculative deviations, is the appropriate way to address such occurrences.

## CONCLUSION

ePlus's concerns about Dr. Shamos deviating from his expert report are unfounded and do provide adequate justification to sequester Dr. Shamos, an essential person, from trial. Dr. Shamos's presence at trial is essential, as it will prevent jury confusion and permit him to testify in rebuttal to ePlus's own experts. To the extent ePlus believes Dr. Shamos deviates from his expert report at trial, it can address the issue at that time.

LAWSON SOFTWARE, INC.

By /s/
    Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 30th day of December, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

     /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*