IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS, INC.'S REPLY IN FURTHER SUPPORT OF REQUEST TO SEQUESTER WITNESSES PURSUANT TO FEDERAL RULE OF EVIDENCE 615**

Plaintiff *e*Plus, Inc. ("*e*Plus"), hereby briefly replies in further support of its request that the Court exclude from the courtroom all of the fact and expert witnesses in this case. *e*Plus's proposal applies equally to both parties' expert witnesses.

Defendant Lawson Software, Inc. ("Lawson") contends that the Court should deny the request with respect to its expert witness, Michael Shamos, on the basis that Dr. Shamos is supposedly "essential" to its case.[1] *See* Fed. R. Evid. 615(3) ("At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion.  This rule does not authorize exclusion of … (3) a person *whose presence is shown by a party to be essential to the presentation of the party's cause* ….") (emphasis added).

---

[1] Lawson contends that Dr. Shamos' role will be to "testify primarily in rebuttal to the testimony of" *e*Plus's experts. Lawson Opp. at 1.  This generalization is inaccurate, as Dr. Shamos is Lawson's expert for invalidity issues, upon which Lawson bears the burden of proof.

The Court should reject Lawson's argument for several reasons.  First, as the language of the rule itself provides, it is Lawson's burden to establish that an exception to the rule applies, and it has provided only conclusory statements arguing that Dr. Shamos' presence is "essential." *See Opus 3 Ltd. v. Heritage Park, Inc.,* 91 F.3d 625, 628-29 (4th Cir. 1996) (rule carries presumption in favor of sequestration, exemptions are construed narrowly, and, "[]because of [the rule's] important role in reaching the truth," party seeking to avoid sequestration bears burden of proving that exemption applies).[2]  Under Rule 615(3), Lawson's burden is not merely that of showing that Dr. Shamos is an important witness; rather, the question is whether it is "***essential to the presentation of [Lawson's] cause***" that Dr. Shamos be present in the courtroom to hear the testimony of other witnesses.  *Brown v. Kia Motors Corp.,* 2010 WL 135121, *1 (W.D. Pa. Jan. 9, 2010) ("The moving party must 'show[ ] that the witness has such specialized expertise or intimate knowledge of the facts of the case ***that a party's attorney could not effectively function without the presence or aid of the witness*....'") (emphasis added) (citation omitted).  "The word 'essential' connotes necessary, not preferable or 'better than some other state of affairs.'"  *Id.* (quoting *Windsor Shirt Co. v. New Jersey Nat. Bank,* 793 F.Supp. 589, 617-618 (E.D.Pa.1992)).

Lawson's arguments do not approach this standard.  There is no compelling reason why Dr. Shamos must hear the testimony of other trial witnesses, as he has already rendered his opinions and disclosed the factual bases for those opinions in his expert report.  It follows that Dr. Shamos' opinions were not dependent on trial testimony that he had not yet heard.

---

[2] Lawson attempts to distinguish *Opus 3* as a case in which a mere *fact* witness was sequestered.  However, the Court's opinion makes clear that the witness' role as an expert by itself justified sequestration.  *Opus 3,* 91 F.3d at 629 ("***even if Mack were going to testify only as an expert, Heritage Park failed to establish that he needed to hear the trial testimony of the other witnesses in order to render his opinions.***") (emphasis added)**.**

2

Moreover, it should go without saying that Lawson is represented by very able and experienced counsel, and that counsel does not require Dr. Shamos in the courtroom in order to assist them. *Opus 3,* 91 F.3d at 629, n. 2 (noting party's failure to "articulate[] any specific harm to counsel that resulted from [expert's] sequestration."). Lawson's arguments are nothing more than could be argued for any expert witness, and yet Rule 615 does not provide a *per se* exemption for expert witnesses. *Id.* at 629.[3]

Second, and relatedly, Dr. Shamos was required to disclose all of his opinions and the bases for those opinions in his Rule 26(a)(2) reports, pursuant to that rule and this Court's scheduling order. It would violate these rules, and this Court's numerous orders restricting the scope of expert testimony, to permit Dr. Shamos to hear trial testimony and then expand upon his opinions, effectively revealing new opinions for the first time at trial. *Id.* ("[the proponent of the exemption] failed to establish that [the expert] needed to hear the trial testimony of the other witnesses in order to review his opinions. [The expert] had received and reviewed all of [the adverse party's] records … and had prepared a written analysis well before trial."); *Brown,* 2010 WL 135121 at *2. Just as was stated in *Brown*:

> Plaintiff has made no showing of why the experts' presence is necessary, ergo, why the exception should apply. At best, Plaintiff has provided an indication of his projected sequence of witnesses, and the desire to have his experts observe the testimony of others. However, there is no showing, or even suggestion, of why the respective experts must be present for the testimony of other witnesses before testifying. There is a subtle but distinct difference between identifying what one wants, and why an exception to an established rule should apply. ***This lack of indicia of essentiality is buttressed by Defendants' response that the opinions held by the experts have been previously formed, published and expressed in***

---

[3] Lawson makes a bald declaration that "[s]equestering expert witnesses in a patent case is unheard of ….". Lawson Opp. at 2. However, it has been the experience of lead counsel for *e*Plus that courts have sequestered expert witnesses in patent cases, including in the *ePlus v. Ariba* litigation, and in the *MercExchange, LLC v. eBay, Inc.* litigation tried in the Norfolk Division of this Court.

3

>    *deposition testimony*.  Further, there is no indication that "an expert [is] needed to advise counsel in the management of the litigation."

*Id.* at *2 (emphasis added).

Finally, the danger of Dr. Shamos expanding upon or "tailoring" his testimony to that of the other trial witnesses is the very concern that the rule is intended to address.  This concern applies to Dr. Shamos as an expert every bit as much as it does to the fact witnesses, who both parties agree should be excluded from the courtroom.  *See Opus 3,* 91 F.3d at 628 ("[t]he rule is designed to discourage and expose fabrication, inaccuracy, and collusion.").

For the foregoing reasons, *e*Plus requests that all fact witnesses (except for one corporate representative per side pursuant to Fed. R. Evid. 615(2)) and all expert witnesses be excluded from hearing the testimony of other witnesses at trial pursuant to Federal Rule of Evidence 615.

                                                   Respectfully submitted,

December 30, 2010                                      */s/*  
                                              David M. Young (VSB #35997)  
                                              Scott L. Robertson *(admitted pro hac vice)*  
                                              Jennifer A. Albert *(admitted pro hac vice)*  
                                              Counsel for Plaintiff *e*Plus, Inc.  
                                              **GOODWIN PROCTER LLP**  
                                              901 New York Avenue, N.W.  
                                              Washington, DC 20001  
                                              Telephone:  (202) 346-4000  
                                              Facsimile:   (202) 346-4444  
                                              dyoung@goodwinprocter.com  
                                              srobertson@goodwinprocter.com  
                                              jalbert@goodwinprocter.com

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff ePlus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of December, 2010, I will electronically file the foregoing

**PLAINTIFF ePLUS, INC.'S REPLY IN FURTHER SUPPORT OF REQUEST TO SEQUESTER WITNESSES PURSUANT TO FEDERAL RULE OF EVIDENCE 615**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
*Counsel for Defendant Lawson Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

　　　　　　　　　　　　　　*/s/*
David M. Young (VSB #35997)
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com