IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF MOTION TO PRECLUDE EVIDENCE OR ARGUMENT OF NON-INFRINGEMENT DUE TO DEFENDANT'S FAILURE TO PROVIDE DISCOVERY RELATING TO CUSTOMER-SPECIFIC IMPLEMENTATIONS OF ACCUSED PRODUCT MODULES**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice)*
Jennifer A. Albert (admitted *pro hac vice)*
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

I.  **INTRODUCTION**

Plaintiff *e*Plus, Inc. ("*e*Plus") respectfully moves that the Court preclude Defendant Lawson Software, Inc. ("Lawson") from presenting any evidence or argument to the effect that *e*Plus has not proven or cannot prove which (or how many) components or modules of its accused systems that Lawson has implemented on a customer-by-customer basis. Notwithstanding a Court Order (Order of March 30, 2010 (Dkt. No. 194)), that compelled Lawson to provide a complete interrogatory answer on this very topic, Lawson refused to comply and to disclose this information. Lawson now seeks to take advantage of its own refusal to provide relevant discovery in order to argue that *e*Plus cannot prove which accused software components or modules Lawson has implemented for which of its customers, and how often that has occurred.[1] Lawson, however, should not now be permitted to argue there is insufficient proof of facts that it refused to disclose in response to the Court's Order.

II.  **BACKGROUND**

It has become evident from Lawson's cross-examination of witnesses that it intends to argue at trial that there is insufficient proof to show which components of its accused systems that it implemented on a customer-by-customer basis, and how often that has occurred. However, this very issue was the subject of several interrogatories and other discovery that *e*Plus directed to Lawson. The Court previously ordered Lawson to provide this very information and

---

[1] It appears that Lawson's argument is designed, at least in part, to address the requirements of the contributory infringement statute, which provides that "[w]hoever offers to sell or sells … *a component* of a patented machine, manufacture, combination or composition, *or a material or apparatus for use in practicing a patented process*, constituting a material part of the invention, *knowing the same to be especially made or especially adapted for use in an infringement of such patent*, *and not* a staple article or commodity of commerce *suitable for substantial noninfringing use*, shall be liable as a contributory infringer." 35 U.S.C. § 271(c) (emphasis added). For example, it appears that Lawson intends to argue that there is a substantial non-infringing use for its accused software, even though it failed to provide discovery from which the extent of any such uses could be accurately determined.

admonished Lawson that it was required to fully respond, or it would be precluded from contesting the issue at trial.

In particular, *e*Plus directed a very specific interrogatory to Lawson relating to this issue. *e*Plus's Interrogatory No. 24 asked that Lawson:

> ***Identify, on a customer-by-customer basis for each Lawson customer***, from May 2003 until the present:  (i) ***the modules*** of Lawson's S3 Supply Chain Management Suite and/or M3 Supply Chain Management Suite and/or other Lawson Electronic Sourcing and Procurement System(s) and/or Service(s) which Lawson has made, used, sold, offered for sale, imported, licensed, ***implemented, maintained, and/or serviced for/to each such customer***, and/or which modules such customers used, purchased, licensed, implemented or had implemented, maintained or had maintained, or serviced or had serviced; (ii) for each such customer the dates and periods of time during which these activities occurred for each such module(s) and combination(s) of modules; and (iii) the revenues to Lawson attributable to each customer with respect to these activities and for each such module(s) and combination(s) of modules, including revenues relating to license fees, maintenance and support fees, implementation, training, and consulting.  The modules pertinent to this interrogatory include, without limitation, the Lawson S3 Purchase Order, Requisitions, Inventory Control, Requisitions Self-Service, Procurement Punchout and EDI modules, and/or the M3 e-Procurement module.  ***Your answer must include, without limitation, an identification of all Lawson customers that have purchased, licensed, used, and/or implemented any of the above-identified modules from May 2003 to the present, and the combinations/configurations/arrangements of such modules for each such customer during this period of time***.

Ex. 1 (*e*Plus Fourth Set of Interrogs. To Lawson) (Nov. 18, 2009) (emphasis added).

In addition to Interrogatory No. 24, *e*Plus also served several other interrogatories requesting that Lawson disclose its bases for non-infringement.  Interrogatory No. 2, for example, also sought detailed "bases for any assertions of non-infringement … on a claim-by-claim, element-by-element basis.  *See* Ex. 8 at 9-10.  *e*Plus also served Lawson with Interrogatory No. 21, which asked that it:

> Identify all agreements, contracts, requests for proposals, responses to requests for proposals, Statements of Work, licenses, arrangements, permissions, term sheets, memoranda of understanding and letters of intent, ***regarding any implementation,*** installation, or consultation services provided by Lawson in connection with the

2

> integrations and/or use of any Lawson Electronic Sourcing and Procurement System(s) and/or Service(s), including but not limited to Lawson Punchout, with any online supplier site, e-commerce hub, digital marketplace, supplier network, supplier portal, and/or Lawson Digital Depot.

Ex. 9 (Interrog No. 21) at 2. Furthermore, Interrogatory No. 25 asked that Lawson:

> Identify by bates number all documents relating to the information provided in Lawson's answer to Interrogatory No. 24, including without limitation all licenses, contracts, invoices, and Statements of Work, and any other documents consulted and/or relied upon by Lawson in providing its answer to Interrogatory No. 24, and specify *on a customer-by-customer basis* the bates numbers of such documents applicable to each customer..

Ex. 1 at 3.

Still other interrogatories asked that Lawson identify, *inter alia,* "all entities … with which Lawson has entered into any business relationship … to provide customers … with access to supplier catalog data and/or data and content management services … and identify all requests for proposals, Statements of Work, agreements, contracts, licenses, term sheets, [etc.]" Ex. 9 (Interrog No. 23) at 2-3.

Lawson repeatedly refused to provide a sufficient answer to this interrogatory — an issue that Lawson now contends is critical to *e*Plus's infringement proof — despite numerous requests from *e*Plus. As early as January 19, 2010, *e*Plus raised Lawson's deficient response to this interrogatory in correspondence, noting that :

> In Interrogatory No. 24, *e*Plus ***requests an identification on a customer-by-customer basis for each Lawson customer: (i) the modules of S3 or M3 which Lawson has, among other things, implemented***; (ii) the dates on which, among other things, the implementation occurred; and (iii) the revenues attributable to that implementation. Lawson's response to date is simply a long list of the modules licensed by customer, the delivery date of the module, and the last date the customer paid a maintenance fee. ***Lawson fails to specify in its response who Lawson itself has done implementations for, when those implementations were performed, and the revenues attributable to those implementations***. *e*Plus requests that Lawson supplement its response to include this requested information by no later than January 25 as *e*Plus already granted Lawson one extension of time to provide its response to this interrogatory and because this

3

information is relevant to our expert reports.

Ex. 2 (Letter from *e*Plus counsel of Jan. 19, 2010) at 2 (emphasis added).

Lawson initially refused to supplement its response, and *e*Plus requested to confer over the issue. Ex. 3 (email from *e*Plus counsel to Lawson) (Jan. 26, 2010). *e*Plus raised the issue again with Lawson, stating:

> I write to address Lawson's **continued failure to provide information regarding the implementation of the software modules from Lawson's S3 and M3 Supply Chain Management suites for its customers on a customer-by-customer basis**. Although Lawson agreed to supplement its answer to Interrogatory No. 24 in response to deficiencies previously noted by *e*Plus, this supplementation remains deficient. The scope of Interrogatory No. 24 properly includes information on the implementation of these modules. For example, the interrogatory makes clear that Lawson's "answer must include, without limitation, an identification of all Lawson customers that have purchased, licensed, used, and/or **implemented** any of the above-identified modules from May 2003 to the present, and the **combinations/configurations/arrangements of such modules for each such customer**."
>
> *e*Plus requests that Lawson promptly supplement its response to Interrogatory No. 24 to address this ongoing deficiency. As specifically requested by this interrogatory, Lawson must, at the least, state on a customer-by-customer basis the current configuration of the licensed modules implemented for each customer.

Ex. 4 (letter from *e*Plus counsel of Mar. 12, 2010) (emphasis added).

On March 25, after Lawson had repeatedly refused to provide the requested information regarding the implementation services that it provides to its customers, *e*Plus sent a letter to the Court requesting to address the issue during a March 26, 2010 conference call. Ex. 5 (letter from *e*Plus counsel of Mar. 25, 2010). *e*Plus's letter to the Court stated, in pertinent part:

> **5. Lawson's Response to Interrogatory No. 24:** Lawson's response to Interrogatory No. 24 is also deficient because it does not include any information about **the implementation of the accused Lawson software modules on a customer-by-customer basis**. *e*Plus brought this issue to Lawson's attention in a January 19, 2010 letter. Lawson refuses to provide information responsive to the interrogatory, and has asked instead that *e*Plus propound a new interrogatory seeking the same information it has already sought in Interrogatory No. 24. *e*Plus believes this is unnecessary and will cause further delay.

4

*Id.* at 2 (emphasis added).

Pursuant to the conference call between the Court and the parties held on March 26, the Court ordered Lawson to provide the implementation information sought by *e*Plus. Ex. 6 (Conf. Call Tr., 3/26/10) at 20:20-24, 21:7-10 (The Court: ***"Answer the interrogatory."***) (emphasis added); Dkt. No. 194 (Order of March 30, 2010). The Court emphatically stated, "***And if somebody doesn't give you the information in discovery that you ask for that's pertinent to their defense they want to raise it, you say, I want to move the strike the defense because they said we weren't entitled to this and they didn't give it to us. Then wham, the door is shut on it***." Ex. 6 (Conf. Call Tr., 3/26/10) at 20:20-24 (emphasis added). The Court's subsequent Order of March 30, 2010, stated, "It is further ordered that the ***Defendant shall supplement its responses to interrogatories 22, 23, and 24*** by April 2, 2010." Dkt. No. 194 (Order of Mar. 30, 2010) at 1 (emphasis added).

In spite of the Court's Order, as well as subsequent requests from *e*Plus, Lawson failed to provide the information requested by *e*Plus's interrogatory and required by the Court. Although on April 8 Lawson served a "supplemental answer" that provided information about "data migration" for a small number of Lawson's customers, it failed to identify for its accused systems the modules, on a customer-by-customer basis, that Lawson had implemented as expressly called for in the interrogatory and as required by the Court. *See* Ex. 7 at 6-9. Lawson shrugged off this requirement, stating "***Lawson does not generally track the customers for which it implemented its system*** other than through the delegation of responsibilities on the Statement of Work." *Id.* at 6 (emphasis added).

5

Instead of providing *e*Plus with all of the information requested in the interrogatory, Lawson supplemented only by providing very limited information about "data migration" for a small number of Lawson's customers. Lawson simply ignored, among other things, the central deficiency that *e*Plus had raised with the Court, namely, the identification — on a customer-by-customer basis — of each module of the accused product suites that Lawson has implemented. This is the very deficiency that Lawson now seeks to exploit at trial.

When Lawson failed to fully comply with the Court's Order, *e*Plus *again* raised the issue with Lawson, stating in correspondence dated April 12, 2010:

> On March 26, the Court ordered Lawson to provide additional information responsive to Interrogatory No. 24, including, in particular, information ePlus requested about "***the modules*** of Lawson's S3 Supply Chain Management Suite and/or M3 Supply Chain Management Suite and/or M3 Supply Chain Management Suite and/or other Lawson Electronic Sourcing and Procurement System(s) and/or Service(s) ***which Lawson has … implemented … for … each such customer*** …" ePlus Interrogatory No. 24. Instead of providing ePlus with all of the information requested in the interrogatory, Lawson instead provided ePlus with a supplemental response that includes only information about "data migration" for a small number of Lawson's customers. ***Lawson has simply ignored the portion of Interrogatory No. 24 which requests, on a customer-by-customer basis, an identification of each module of Lawson's S3 and M3 Suites that Lawson has implemented***. Lawson must supplement its response to Interrogatory No. 24 so that it provides ePlus with the information ePlus has requested.

Ex. 10 at 2 (emphasis added).

At the close of discovery, Lawson supplemented its answer again, but this was only to state that:

> Lawson incorporates its previous objections and responses. Subject to and without waiving its objections, Lawson also incorporates into this response as if fully provided herein its response to ePlus's Interrogatory No. 10. Lawson further identifies the following documents by Bates number as having responsive information: L0415816, L0415817, and L0415818.

Ex. 11 at 5. Thus, again, Lawson failed to disclose the information that now appears to form the basis for one of its non-infringement arguments at trial.

Lawson has never provided *e*Plus with information regarding implementation of its accused systems on a customer-by-customer basis notwithstanding all of the interrogatories propounded by *e*Plus and notwithstanding the Court's Order requiring Lawson to provide ePlus with this information.

### III. ARGUMENT

Lawson should be precluded from relying on non-infringement arguments that are based on its refusal (or purported inability) to provide discovery that the Court ordered it to disclose. At the March 26 conference the Court admonished with respect to this issue that preclusion would result from a party's failure to disclose the bases for its defenses. The Court specifically ordered Lawson to supplement its answer to an interrogatory pertaining to this issue, namely, an identification — on a customer-by-customer basis — of the accused system modules that Lawson had implemented for its customers. Dkt. No. 194 (Order of Mar. 30, 2010) at 1 ("It is further ordered that the Defendant shall supplement its responses to interrogatories 22, 23, and 24 by April 2, 2010.").

Lawson should not now be heard to argue that *e*Plus cannot prove, on a customer-by-customer basis, which (or how many) accused system modules Lawson has implemented for its customers, when this is the very information that *e*Plus requested in discovery and which Lawson refused to provide. Rule 37(b) authorizes the Court to issue a variety of sanctions against a party that "fails to obey an order to provide or permit discovery," including "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," or "(ii) prohibiting the disobedient

7

party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A).

*e*Plus's interrogatory was directly on point with respect to the non-infringement arguments that Lawson now appears to be pressing at trial. Interrogatory No. 24 asked that Lawson:

> ***Identify, on a customer-by-customer basis*** for each Lawson customer, from May 2003 until the present: (i) the modules of Lawson's S3 Supply Chain Management Suite and/or M3 Supply Chain Management Suite and/or other Lawson Electronic Sourcing and Procurement System(s) and/or Service(s) which Lawson has made, used, sold, offered for sale, imported, licensed***, implemented, maintained, and/or serviced for/to each such customer, and/or which modules such customers used, purchased, licensed, implemented or had implemented, maintained or had maintained, or serviced or had serviced***; (ii) for each such customer the dates and periods of time during which these activities occurred for each such module(s) and combination(s) of modules; and (iii) the revenues to Lawson attributable to each customer with respect to these activities and for each such module(s) and combination(s) of modules, ***including revenues relating to*** license fees, maintenance and support fees, ***implementation***, training, and consulting.

Ex. 1 (*e*Plus Fourth Set of Interrogs. To Lawson) (Nov. 18, 2009) (emphasis added).

As set forth in detail above, *e*Plus specifically raised with the Court Lawson's deficient response to this interrogatory. The Court ordered Lawson to provide this information, and emphasized that it will not permit a party to exploit its refusal to provide discovery in this manner. As noted above, the Court's order came with the following admonition: "***And if somebody doesn't give you the information in discovery that you ask for that's pertinent to their defense they want to raise it, you say, I want to move the strike the defense because they said we weren't entitled to this and they didn't give it to us. Then wham, the door is shut on it***." Ex. 6 (Conf. Call Tr., 3/26/10) at 20:20-24 (emphasis added).

Accordingly, the Court should preclude Lawson from making any argument or introducing evidence at trial to the effect that there is insufficient proof to show, on a customer-by-customer basis, which (or how many) accused system components Lawson has implemented.

## IV. CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that the Court exclude from the trial of this action any evidence and/or argument by Lawson to the effect that *e*Plus has not proven or cannot prove for which of Lawson's customers (or in what amount) Lawson has implemented its accused products and systems.

Respectfully submitted,

January 11, 2011

/s/
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2011, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF MOTION TO PRECLUDE EVIDENCE OR ARGUMENT OF NON-INFRINGEMENT DUE TO DEFENDANT'S FAILURE TO PROVIDE DISCOVERY RELATING TO CUSTOMER-SPECIFIC IMPLEMENTATIONS OF ACCUSED PRODUCT MODULES**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

>Daniel McDonald, *pro hac vice*
>William D. Schultz, *pro hac vice*
>Rachel C. Hughey, *pro hac vice*
>Andrew Lagatta, *pro hac vice*
>MERCHANT & GOULD
>3200 IDS Center
>80 South Eighth Street
>Minneapolis, MN 55402
>Telephone: (612) 332-5300
>Facsimile: (612) 332-9081
>lawsonservice@merchantgould.com
>
>Robert A. Angle, VSB#37691
>Dabney J. Carr, IV, VSB #28679
>Megan C. Rahman
>TROUTMAN SANDERS LLP
>P.O. Box 1122
>Richmond, Virginia 23218-1122
>(804) 697-1238
>(804) 698-5119 (Fax)
>robert.angle@troutmansanders.com
>dabney.carr@troutmansanders.com
>megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

>         /s/
>Henry I. Willett, III (VSB #44655)
>Counsel for Plaintiff *e*Plus, Inc.
>**CHRISTIAN & BARTON, LLP**
>909 East Main Street, Suite 1200
>Richmond, Virginia 23219-3095
>Telephone: (804) 697-4100
>Facsimile: (804) 697-4112
>hwillett@cblaw.com