# EXHIBIT 10



| | |
|---|---|
| Michael G. Strapp<br>617.570.1658<br>MStrapp@goodwinprocter.com | Goodwin Procter LLP<br>Counsellors at Law<br>Exchange Place<br>Boston, MA 02109<br>T: 617.570.1000<br>F: 617.523.1231 |

April 12, 2010

<u>Via E-Mail</u>

Will Schultz
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
      Civil Action No. 3:09cv620 (REP)

Dear Will:

This letter concerns deficiencies with the discovery Lawson was ordered by the Court to provide to ePlus. ePlus requests a meet and confer as soon as possible to discuss the problems with the Court-ordered discovery Lawson has provided. Although ePlus seeks to resolve these issues amicably, if Lawson is unwilling to produce to ePlus the discovery the Court has ordered it to provide, ePlus will seek relief from the Court, including an *in limine* order precluding Lawson from introducing at trial evidence or testimony related to discovery that ePlus requested, but that Lawson failed to produce. As the Court explained at the March 26, 2010 hearing, "if somebody doesn't give you the information in discovery that you ask for that's pertinent to their defense and they want to raise it, you say, I want to move the strike the defense because they said we weren't entitled to this and they didn't give it to us. Then wham, the door is shut on it." 3/26/10 Hearing Transcript at 20.

**Interrogatories Nos. 22-23**: On March 26, the Court ordered Lawson to respond to ePlus Interrogatories Nos. 22-23 with a "textual answer, not by just throwing a bunch of documents on the table." *Id.* at 16. While Lawson's April 6, 2010 supplemental interrogatory responses to Interrogatories Nos. 22 and 23 include textual information, the answers are nevertheless incomplete. Although Interrogatory No. 22 seeks "all online supplier sites, e-commerce hubs, digital marketplaces, supplier networks, supplier catalogs and/or supplier portals, ever accessed by, integrated with, linked to or used in connection with any Lawson Electronic Sourcing and Procurement System(s) and/or Service(s)," Lawson's supplemental interrogatory response only identifies entities the Lawson system has communicated with through EDI and Punchout. Clearly, this

Will Schultz, Esq.
April 12, 2010
Page 2

information is, at best, only partially responsive to Interrogatory No. 22. Lawson must supplement its response to Interrogatory No. 22 to provide a complete, responsive answer. Similarly, although Interrogatory No. 23 seeks "all entities . . . with which Lawson has entered into any business relationship . . . to provide customers of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s), including but not limited to Requisition Self Service, with access to supplier catalog data and/or data and content management services," and also asks Lawson to "identify all requests for proposals, responses to requests for proposals, Statements of Work, agreements, contracts, licenses, term sheets, memoranda of understanding, letters of intent or other documents memorializing such relationships," Lawson's supplemental response is limited to an identification of its "Punchout Partners" and its "Service Partners." Lawson's supplemental interrogatory response is deficient and Lawson must again supplement its response to Interrogatory No. 23 to provide ePlus with the information sought in the interrogatory.

**Interrogatory No. 24**: On March 26, the Court ordered Lawson to provide additional information responsive to Interrogatory No. 24 including, in particular, information ePlus requested about "the modules of Lawson's S3 Supply Chain Management Suite and/or M3 Supply Chain Management Suite and/or other Lawson Electronic Sourcing and Procurement System(s) and/or Service(s) which Lawson has . . . implemented . . . for . . . each such customer . . ." ePlus Interrogatory No. 24. Instead of providing ePlus with all of the information requested in the interrogatory, Lawson instead provided ePlus with a supplemental response that includes only information about "data migration" for a small number of Lawson's customers. Lawson has simply ignored the portion of Interrogatory No. 24 which requests, on a customer-by-customer basis, an identification of each module of Lawson's S3 and M3 Suites that Lawson has implemented. Lawson must supplement its response to Interrogatory No. 24 so that it provides ePlus with the information ePlus has requested.

**Damages Information**: In correspondence over the past several months, ePlus has requested that Lawson provide ePlus with financial documents regarding Lawson's costs, profits and operating expenses. ePlus brought this issue to the Court's attention, and on the morning of the March 26, 2010 hearing with the Court, Lawson agreed to produce additional documents regarding Lawson's costs and profits. After the March 26 hearing, Lawson produced an income statement, and then informed ePlus in an April 6, 2010 letter that it considers its obligations regarding this issue resolved. A review of the Lawson income statement reveals that Lawson has not fulfilled its agreement to produce additional cost and profit information. The income statement does not include cost and profit information or operating expenses at the level of the accused software modules or even at the level of Lawson's S3 Supply Chain Management Suite or M3 Supply Chain Management Suite. Please provide us with the financial information we have requested for months without any further delay.

Will Schultz, Esq.
April 12, 2010
Page 3

Please let me know when you are available for a meet and confer to discuss these issues this week.

Sincerely,

/s/ Michael G. Strapp

Michael G. Strapp

cc:     Counsel of Record

LIBA/2079306.1