# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT LAWSON SOFTWARE, INC.'S SUPPLEMENTAL RESPONSES TO INTERROGATORY NOS. 1, 10, 17, 21, 24

Pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, Defendant Lawson Software, Inc., ("Lawson") hereby supplements its responses to Plaintiff ePlus, Inc.'s ("ePlus") Interrogatory Nos. 1, 10, 17, 21, 24 as set forth below.

### GENERAL OBJECTIONS

Lawson incorporates the General Objections set forth in its initial responses to Plaintiff's First Set of Interrogatories (Nos. 1-14).

### INTEROGATORIES

**INTERROGATORY NO. 1:**

Identify each person, including, without limitation, all employees, representatives, officers or agents of Lawson or any third parties, whom Lawson knows or has reason to believe has knowledge or information concerning any factual information relevant to the validity or invalidity, enforceability or unenforceability, or infringement or noninfringement of any of the claims of the patents in suit, or of damages issues in this lawsuit, or of factual information relevant to any allegation of the Complaint or Lawson's answers to any interrogatories served upon it in this case, and state the nature and substance of each such person's knowledge or information, including whether such person furnished information or was consulted regarding Lawson's answers to interrogatories.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Lawson incorporates its previous objections and responses. Subject to and without waiving its objections, Lawson responds that it has reason to believe that the following individuals have knowledge or information relevant to the issues of this case:

- Kenneth Farber (President of ePlus) – knowledge of ePlus [relevant to invalidity, noninfringement, damages]
- Phillip Norton (CEO of ePlus) – knowledge of ePlus [relevant to invalidity, noninfringement, damages]
- Steven Mencarini (CFO of ePlus) – knowledge of ePlus [relevant to invalidity, noninfringement, damages]
- Harry Debes (President and CEO of Lawson) – knowledge of Lawson [relevant to invalidity, noninfringement, damages]
- Richard Lawson (Co-founder of Lawson) – knowledge of Lawson [relevant to invalidity, noninfringement, damages]
- Hannah Raleigh (Practice Director of Lawson) – knowledge of Lawson [relevant to invalidity, noninfringement, damages]
- Guenther Tolkmit (Senior Vice President Product Development of Lawson) – knowledge of Lawson products [relevant to invalidity, noninfringement, damages]
- Robert Schriesheim (former Executive Vice President and CFO of Lawson) – knowledge of Lawson financials [relevant to invalidity, noninfringement, damages]
- Kenneth White (Director of Revenue Operations of Lawson) – knowledge of Lawson financials [relevant to invalidity, noninfringement, damages]
- Vicky Williams (Novant Health) – knowledge as Lawson customer [relevant to invalidity, noninfringement, damages]
- William Ray Yuhasz (Novant Health) – knowledge as Lawson customer [relevant to invalidity, noninfringement, damages]
- Lynn Cimino (South Jersey Healthcare) – knowledge as Lawson customer [relevant to invalidity, noninfringement, damages]
- Robert Irwin (Robert Wood Johnson University) – knowledge as Lawson customer [relevant to invalidity, noninfringement, damages]
- Manuel Matias (Robert Wood Johnson University) – knowledge as Lawson customer [relevant to invalidity, noninfringement, damages]
- Kristy Oliver (Blount Memorial Hosp) – knowledge as Lawson customer [relevant to invalidity, noninfringement, damages]
- Johanna O'Loughlin – knowledge of the Fisher prior art [relevant to invalidity, noninfringement, damages]

**INTERROGATORY NO. 2:**

With respect to any of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations, using a claim chart, state in detail Lawson's bases for any assertions of non-infringement of each of the patents in suit on a claim-by-claim, element-by element basis. Your answer should include a statement of Lawson's interpretation of each claim element

(including whether the element should be interpreted under section 112, paragraph 6 and, if so, identifying the structure in the specification of the patent that corresponds to the recited element), a statement whether Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations provide(s) such an element or an equivalent and, if not, an explanation how Lawson's Electronic Sourcing and Procurement System(s) and/or Services and/or operations operate or function differently than the claim element and a particularized statement why a component, feature or function of Lawson's Electronic Sourcing and Procurement System(s) and/or Service(s) and/or operations is not a substantial equivalent of the pertinent claim element.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Lawson incorporates its previous objections and responses. Subject to and without waiving its objections, Lawson incorporates by reference the rebuttal expert report on noninfringement that it will serve on June 3, 2010.

**INTERROGATORY NO. 10:**

Identify any and all revenues, the sources thereof and the number of transactions derived by Lawson in connection with its Electronic Sourcing and Procurement System(s) and/or Service(s) (including without limitation revenues derived from licensing, maintaining, or servicing such system(s)), for each month from its inception of operations to the present, including, without limitation, the names of any clients or advertisers, the total revenue derived from each and the rates charged, the numbers of transactions, and the amounts derived from any licensing fees, and transaction-based fees collected in connection with its Electronic Sourcing and Procurement System(s) and/or Service(s).

**FIFTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Lawson incorporates its previous objections and responses. Subject to and without waiving its objections, Lawson also incorporates into this response as if fully provided herein its response to ePlus's Interrogatory No. 24. Lawson further identifies the following documents by Bates number as having responsive information: L0415816, L0415817, and L0415818.

**INTERROGATORY NO. 17:**

For each claim of each of the patents in suit, state in detail all facts and contentions and identify all documents that support or refute Lawson's allegations under Lawson's Third Defense, as set forth in Lawson's Answer, that one or more claims of each of the patents in suit are invalid for failing to comply with the provisions of the patent laws of the United States and, with respect to

each fact or contention, explain why such fact or contention would render the patent claim invalid under 35 U.S.C. § 101.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**

Lawson incorporates its previous objections and responses. Subject to and without waiving its objections, Lawson incorporates the Report of Expert Michael I. Shamos, PhD, J.D. Concerning Invalidity, dated May 5, 2010.

**INTERROGATORY NO. 21 (served on 09/11/09):**

Identify all agreements, contracts, requests for proposals, responses to requests for proposals, Statements of Work, licenses, arrangements, permissions, term sheets, memoranda of understanding and letters of intent, regarding any implementation, installation, or consultation services provided by Lawson in connection with the integrations and/or use of any Lawson Electronic Sourcing and Procurement System(s) and/or Service(s), including but not limited to Lawson Punchout, with any online supplier site, e-commerce hub, digital marketplace, supplier network, supplier portal, and/or Lawson Digital Depot.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21 (served on 09/11/09):**

Lawson incorporates its previous objections and responses. Subject to and without waiving its objections, Lawson also incorporates into this response as if fully provided herein its response to ePlus's Interrogatory No. 24.

**INTERROGATORY NO. 24:**

Identify, on a customer-by-customer basis for each Lawson customer, from May 2003 until the present: (i) the modules of Lawson's S3 Supply Chain Management Suite and/or M3 Supply Chain Management Suite and/or other Lawson Electronic Sourcing and Procurement System(s) and/or Service(s) which Lawson has made, used, sold, offered for sale, imported, licensed, implemented, maintained, and/or serviced for/to each such customer, and/or which modules such customers used, purchased, licensed, implemented or had implemented, maintained or had maintained, or serviced or had serviced; (ii) for each such customer the dates and periods of time during which these activities occurred for each such module(s) and combination(s) of modules; and (iii) the revenues to Lawson attributable to each customer with respect to these activities and for each such module(s) and combination(s) of modules, including revenues relating to license fees, maintenance and support fees, implementation, training, and consulting. The modules pertinent to this interrogatory include, without limitation, the Lawson S3 Purchase Order, Requisitions, Inventory Control, Requisitions Self-Service, Procurement Punchout and EDI modules, and/or the M3 e-Procurement module. Your answer must include, without limitation, an identification of all Lawson customers that have purchased, licensed, used, and/or

4

implemented any of the above-identified modules from May 2003 to the present, and the combinations/configurations/arrangements of such modules for each such customer during this period of time.

**FIFTH SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 24:**

Lawson incorporates its previous objections and responses. Subject to and without waiving its objections, Lawson also incorporates into this response as if fully provided herein its response to ePlus's Interrogatory No. 10. Lawson further identifies the following documents by Bates number as having responsive information: L0415816, L0415817, and L0415818.

Dated: May 18, 2010

LAWSON SOFTWARE, INC.

*/s/ Rachel C. Hughey*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Joshua P. Graham, *pro hac vice*
Andrew Lagatta, *pro hac vice*
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081
dmcdonald@merchantgould.com
wschultz@merchantgould.com
rhughey@merchantgould.com
jgraham@merchantgould.com
alagatta@merchantgould.com

Kirstin L. Stoll-DeBell, *pro hac vice*
Merchant & Gould
1050 Seventeenth Street
Suite 1950
Denver, CO 80265
Telephone: (303) 357-1670
Facsimile: (303) 357-1671
kstoll-debell@merchantgould.com

5

                Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

*Counsel for Defendant Lawson Software, Inc.*