IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF *e*PLUS, INC.'S BENCH MEMORANDUM CONCERNING THE SCOPE OF EXPERT TESTIMONY OFFERED BY DR. MICHAEL SHAMOS**

Pursuant to the Court's orders on numerous motions *in limine* and motions to strike (*See* Dkt. Nos. 230, 368, 374, 375, 376, 382, 472, 515, 516), and in an effort to conserve time and judicial resources at trial, Plaintiff *e*Plus, Inc. ("*e*Plus") respectfully submits this bench memorandum concerning the scope of expert testimony that may be offered by Defendant, Lawson Software, Inc.'s ("Lawson" or "Defendant") expert Dr. Michael Shamos.[1]  Attached hereto as Exhibits A-C are the Report of Expert Michael I. Shamos, Ph.D, J.D. Concerning Invalidity ("Shamos Invalidity Report"), Exhibit 3 to the Shamos Invalidity Report ("Shamos Anticipation Chart"), and the Rebuttal Report of Expert Michael I. Shamos, Ph.D, J.D. Concerning Non-Infringement ("Shamos Non-Infringement Report"), respectively.  To aid the

---

[1] *e*Plus long suspected that Defendant would disregard the Court's repeated orders circumscribing the scope of Dr. Shamos's testimony at trial.  Defendant confirmed these suspicions when it disclosed **on January 12** that it intends to offer 108 exhibits at trial through Dr. Shamos. **Of those 108 exhibits, 91 were not cited in Dr. Shamos's non-infringement report**. (Ex. O)  Similarly, **at 10:35 PM on January 12**, Lawson served demonstrative slides containing opinions **that the Court specifically struck** in granting *e*Plus's motions *in limine* Nos. 3, 5 and 8 (Exs. H, M, Q), on – for example, Defendant's intent to cause indirect infringement, instructions to the jury on legal issues and opinions that are inconsistent with the Court's claim construction. Nos. 3, 5 and 8.  (Ex. P (excerpting demonstrative slides)).

Court, *e*Plus has stricken each opinion excluded by the Court as well as those opinions which are no longer relevant. Set forth herein is a summary of Dr. Shamos's opinions which the Court has already excluded from trial together with a reference to each corresponding order.

I.  **Shamos Invalidity Report and Shamos Anticipation Chart**

Dr. Shamos may rely on six prior art references at trial:

- Fisher RIMS system (described in U.S. Pat. 5,712,989 and/ or RIMS brochure)
- IBM Technical Viewer/ 2 (described in TV/2 General Information brochure and TV/2 brochure)
- U.S. Pat. No. 5,319,542 (to King)
- U.S. Pat. No. 4,992,940 (to Dworkin)
- J-CON system
- P.O. Writer Plus system

The Shamos Invalidity Report, served May 5, 2010 contains 273 numbered paragraphs.[2] While Dr. Shamos has these six references at his disposal, the invalidity theories which he can advance based upon those references is circumscribed by the Court's orders – for example, Dr. Shamos cannot offer anticipation theories not disclosed in the Court-Ordered Second Supplemental Invalidity Statement. And many of Dr. Shamos's opinions disclosed in his report relate to alleged prior art systems which are no longer relevant to the case (e.g. SABRE, Gateway, Doyle). Commensurate with the Court's orders and the scope of opinions disclosed in Dr. Shamos's report, the table below identifies the invalidity theories upon which Dr. Shamos may opine at trial.

---

[2] At least 118 paragraphs in the Shamos Invalidity Report contain material which either the Court has stricken or that is no longer relevant.

**Limits on scope of expert testimony that can be offered by Dr. Shamos**

| Patent | '683 | | | | '516 | | | | | | | '172 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim | 3 | 26 | 28 | 29 | 1 | 2 | 6 | 9 | 21 | 22 | 29 | 1 |
| **Anticipation** | | | | | | | | | | | | |
| RIMS Patent | X | X | X | X | X | X | X | X | X | X | X | X |
| P.O. Writer |  | X |  |  | X |  | X |  |  |  |  |  |
| King '542 |  |  |  |  | X | X |  |  |  |  |  |  |
| **Obviousness** | | | | | | | | | | | | |
| RIMS + TV/2 | X | X | X | X | X | X | X | X | X | X | X | X |
| RIMS + Dworkin | X | X | X | X | X | X | X | X | X | X | X | X |
| JCON + Dworkin | X | X | X | X | X |  |  | X | X | X | X | X |
| JCON + P.O. Writer | X | X | X | X | X |  |  | X | X | X | X | X |
| **Other Bases for Invalidity** | | | | | | | | | | | | |
| Written Description |  |  |  |  | X | X | X | X |  |  | X |  |
| Definiteness | X | X | X | X | X | X |  |  | X |  | X | X |
| 101 Statutory Subject Matter |  |  |  |  |  |  |  | X |  |  |  |  |

3

Attached hereto as Exhibit A is a redlined copy of the Shamos Invalidity Report wherein opinions that the Court has already excluded or are no longer relevant have been stricken. The codes corresponding to each annotation are summarized below:

| ISSUE | BASIS FOR EXCLUSION | CODE |
|---|---|---|
| Baxter Healthcare (including predecessor ASAP) | Dkt. No. 230 (Order on *e*Plus Motion to Strike) (May 25, 2010) (Ex. E) | May MTS |
| DynaText, InnerView Prism, "Catalog Databases and Search Engines" | Dkt. No. 230 (Order on *e*Plus Motion to Strike) (May 25, 2010) (Ex. E) | May MTS |
| Lawson system versions 5.0 and 6.0 | Dkt. No. 230 (Order on *e*Plus Motion to Strike) (May 25, 2010) (Ex. E) | May MTS |
| Section 101 Invalidity theories alleging that the asserted claims are improper hybrid claims | Dkt. No. 230 (Order on *e*Plus Motion to Strike) (May 25, 2010) (Ex. E) | May MTS |
| Expert opinion, other testimony or argument relating to reexaminations | Dkt. No. 375 (Order granting *e*Plus MIL 1) (July 26, 2010) (Ex. F) | MIL 1 |
| Invalidity theories not disclosed in Court Ordered Second Supplemental Invalidity Statement | Dkt. No. 382 (Order granting *e*Plus MIL 2) (July 30, 2010) (Ex. G) | MIL 2 – SSS |
| Instructing the jury on legal issues | Dkt. No. 376 (Order granting *e*Plus MIL 5) (July 26, 2010) (Ex. H) | MIL 5 |
| DX 121 and DX 122 (P.O. Writer purchasing manual) | Dkt. No. 515 (Order granting *e*Plus Motion to Exclude Incomplete Alleged Prior Art) (Nov. 19, 2010) (Ex. I) | DX 121/ DX 122 MTE |
| DX 97 and DX 98 (JCON manuals) | Dkt. No. 516 (Order granting *e*Plus Motion to Exclude Defendant's Proposed Trial Exhibits Relating to Invalidity Theories Not Disclosed) (Nov. 19, 2010) (Ex. J) | DX 97/ DX 98 MTE |
| Opinions relating to Doyle '551 patent; SABRE; Gateway | Disclosed by Lawson in open court on May 24, 2010 and in an email on Sept. 1, 2010 | AGR |
| Opinions for which the underlying theory is no longer a triable issue | Dkt. No. 480 (Amended Final Pre-trial Order) (Sept. 24, 2010) (Ex. K (without attachments)) | Not in Triable Issues |
| Opinions relating to claim 6 of the '683 patent which is no longer being asserted | Email from *e*Plus counsel to Lawson counsel (Sept. 20, 2010) (Ex. L) | Claim 6 |

Attached hereto as Exhibit B is a redlined copy of the Shamos Anticipation Chart wherein each anticipation theory which the Court has struck is redlined. As the Court has made clear, the Shamos Anticipation Chart, particularly with respect to the J-CON and P.O. Writer systems, "contains nothing but anticipation opinions." Ex. D (Dec. 30, 2010 Hearing Tr.) at 67:20-25. *See id*. at 66:21-67:10. The Court summarized its reasoning for finding that the Shamos chart contains only anticipation opinions, noting that:

> THE COURT: The fact of the matter is that this guy's report is babble and gobbledygook, and you all are going to get crucified at trial with it because you can't follow anything he's said or done, and that's exactly the problem I have with this guy.
>
> He's cute. He's real cute here. He gives long opinions on anticipation, and then he sort of puts -- you can see what he did. He added 230 right at the end as an obviousness, and he doesn't really explain why. And even under the -- even if you compare Shamos opinion page seven, for example, claim one is anticipated by J-CON under Shamos opinion re Dworkin, claim one is anticipated by Dworkin. ***He does't talk about the combinations being obvious. And the same thing, what he's doing is he's giving the reasons why in this Exhibit G, on all these claims why they are anticipated, but he's not saying why they are obvious, and it's just kind of silly, and I don't know how you can be allowed to do this kind of thing.***

*Id*. at 70:7-24 (emphasis added). Thus, Dr. Shamos is also prohibited from offering opinions listed in the Shamos Anticipation Chart which the Court has already excluded from trial, including that the:

- J-CON system anticipates any of the asserted claims

- IBM TV/2 search engine anticipates any of the asserted claims

- P.O. Writer system anticipates claims 3, 28 and 29 of the '683 patent; claims 2, 9, 21, 22 and 29 of the '516 patent and claim 1 of the '172 patent

- King '542 patent anticipates claims 3, 26, 28 and 29 of the '683 patent; claims 6, 9, 21, 22 and 29 of the '516 patent and claim 1 of the '172 patent

- Dworkin '940 patent alone renders obvious any asserted claim.

5

- Asserted claims are invalid for being not enabled

- Asserted claims 3, 26, 28 and 29 of the '683 patent; claims 21 and 22 of the '516 patent and claim 1 of the '172 patent are invalid for failure to contain a written description

- Asserted claims 6 and 9 of the '516 patent are invalid as being indefinite

- Asserted claims 3, 26, 28 and 29 of the '683 patent; claims 1, 2, 6, 21, 22 and 29 of the '516 patent and claim 1 of the '172 patent are invalid under § 101 for failure to include statutory subject matter.

## II.     Shamos Non-Infringement Report

Defendant served Dr. Shamos' Non-Infringement report on June 3, 2010 containing 267 numbered paragraphs.[3] The Court circumscribed the scope of Dr. Shamos's Non-Infringement opinions by, for example, precluding Dr. Shamos from comparing the accused systems to the Lawson legacy systems. Attached hereto as Exhibit C is a redlined copy of the Shamos Non-Infringement Report wherein opinions that the Court has already excluded or are no longer relevant have been stricken. The codes corresponding to each annotation are summarized below:

| ISSUE | BASIS FOR EXCLUSION | CODE |
| --- | --- | --- |
| Comparing accused systems to Lawson legacy systems | Dkt. No. 382 (Order granting ePlus MIL 2) (July 30, 2010) (Ex. G) | MIL 2 |
| Opinion on Lawson's intent to cause indirect infringement | Dkt. No. 374 (Order granting ePlus MIL 3) (July 26, 2010) (Ex. M) | MIL 3 |
| Instructing the jury on legal issues | Dkt. No. 376 (Order granting ePlus MIL 5) (July 26, 2010) (Ex. H) | MIL 5 |
| Comparing accused products to ePlus commercial embodiments or predecessor commercial embodiments for purposes of proving non-infringement | Dkt. No. 368 (Order granting ePlus MIL 9) (July 26, 2010) (Ex. N) | MIL 9 |
| Whether Lawson's M3 Procurement System infringes the asserted claims (by agreement) | Dkt. No. 480 (Amended Final Pre-trial Order) (Sept. 24, 2010) (Ex. K) | AGR |

---

[3] At least 65 paragraphs in the Shamos Non-Infringement Report contain material which either the Court has stricken or that is no longer relevant.

Respectfully submitted,

January 13, 2011                                /s/
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com

Counsel for Plaintiff *e*Plus, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January, 2011, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S BENCH MEMORANDUM CONCERNING THE SCOPE OF EXPERT TESTIMONY OFFERED BY DR. MICHAEL SHAMOS**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

                                                      /s/
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com