# EXHIBIT D

```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE EASTERN DISTRICT OF VIRGINIA

 3                       RICHMOND DIVISION

 4

 5   ------------------------------------
                                          :
 6   ePLUS, INC.                          :    Civil Action No.
                                          :    3:09CV620
 7   vs.                                  :
                                          :
 8   LAWSON SOFTWARE, INC.                :    December 30, 2010
                                          :
 9   ------------------------------------

10

11         COMPLETE TRANSCRIPT OF THE TELEPHONE CONFERENCE

12            BEFORE THE HONORABLE ROBERT E. PAYNE

13               UNITED STATES DISTRICT JUDGE

14
     APPEARANCES:
15
     Scott L. Robertson, Esquire
16   Michael G. Strapp, Esquire
     Jennifer A. Albert, Esquire
17   David M. Young, Esquire
     Goodwin Procter, LLP
18   901 New York Avenue NW
     Suite 900
19   Washington, D.C.  20001

20   Craig T. Merritt, Esquire
     Christian & Barton, LLP
21   909 East Main Street
     Suite 1200
22   Richmond, Virginia  23219-3095
     Counsel for the plaintiff
23

24                      Peppy Peterson, RPR
                        Official Court Reporter
25                   United States District Court
```

1   supplemental instruction that Dr. Shamos actually specifically
2   disclaimed by saying that the claim charts contain matters
3   Lawson's interrogatories that are distinct from my opinions,
4   not I express my own opinions in the columns containing
5   headings beginning Shamos opinion.
6         There's no question that Dr. Shamos is making these
7   opinions. I'm not going to belabor the point, Your Honor, but
8   if you go through every single example that's in Exhibit G,
9   every instance Dr. Shamos made an anticipation opinion and an
10  anticipation opinion only.
11        THE COURT: Well, wait a minute. It's obvious from
12  that exhibit that he made an anticipation opinion, but he also
13  says in a couple of places to the extent that they are not
14  anticipated, they would have been obvious in these answers in
15  102 or 104.
16        Is it your argument that he doesn't give any details
17  about obviousness, that what he does is just give a conclusory
18  opinion about obviousness and that's insufficient under the
19  case law?
20        MR. ROBERTSON: That's exactly right, Your Honor.
21        THE COURT: Why isn't that right, Ms. Stoll-DeBell?
22  You are trying to -- as I understand your argument, you want me
23  to look at Exhibit G. Exhibit G, he doesn't give any
24  obviousness opinions under the category of Shamos opinion. He
25  gives anticipation opinions, and then you want me to go look at

67

```
 1    the photographs 102, 104, and I think 231 or something, and
 2    because he says to the extent they are not anticipated, they
 3    are obvious, conclude that he's given an obvious opinion but he
 4    hasn't given the detailed obviousness.  He hasn't gone through
 5    the obviousness drill in his opinions it doesn't look to me
 6    like.
 7              That's what you're asking me to do, isn't it, is to
 8    say because he just sort of conclusorily adopts -- says, well,
 9    if they're not anticipated they are obvious, then that's --
10    you're saying that's sufficient; isn't that right?
11              MS. STOLL-DeBELL:  No, that's not.  He gives detailed
12    opinions.  He says, Exhibit 3 is anticipation and it's
13    obviousness, and he says at paragraph 230, it's obvious when
14    combined that you can see where each of those references
15    discloses each claim element in Exhibit 3.
16              THE COURT:  Where is Exhibit 3?
17              MS. STOLL-DeBELL:  Exhibit 3 is Exhibit G.
18              THE COURT:  Oh, okay.
19              MS. STOLL-DeBELL:  Your Honor --
20              THE COURT:  Wait a minute.  You have to understand
21    something.  You all are so into this case that you use
22    shorthand.  To me, Exhibit G contains nothing but anticipation
23    opinions.  Now, show me in Exhibit G where he says anything
24    about obviousness under the heading Shamos opinion re J-CON.
25    Take me to a page that says that.
```

1   anticipation.  He doesn't say -- he doesn't say anything about
2   the combination being obvious except his --
3          MS. STOLL-DeBELL:  He does in his report.  He says it
4   in his report at paragraph 230.  Does he need to say it four
5   times instead of three times?  You know, the fact of the matter
6   is ePlus --
7          THE COURT:  The fact of the matter is that this guy's
8   report is babble and gobbledygook, and you all are going to get
9   crucified at trial with it because you can't follow anything
10  he's said or done, and that's exactly the problem I have with
11  this guy.
12         He's cute.  He's real cute here.  He gives long
13  opinions on anticipation, and then he sort of puts -- you can
14  see what he did.  He added 230 right at the end as an
15  obviousness, and he doesn't really explain why.  And even under
16  the -- even if you compare Shamos opinion page seven, for
17  example, claim one is anticipated by J-CON under Shamos opinion
18  re Dworkin, claim one is anticipated by Dworkin.  He doesn't
19  talk about the combinations being obvious.
20         And the same thing, what he's doing is he's giving
21  the reasons why in this Exhibit G, on all these claims why they
22  are anticipated, but he's not saying why they are obvious, and
23  it's just kind of silly, and I don't know how you can be
24  allowed to do this kind of thing.
25         MS. STOLL-DeBELL:  Your Honor, it says in the title