IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF *e*PLUS, INC.'S BENCH BRIEF PERTAINING TO RELEVANCE OF ABSENCE OF ASSERTION OF OPINION OF COUNSEL FOR INDUCEMENT OF INFRINGEMENT**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

*Attorneys for Plaintiff, ePlus, Inc.*

## I. INTRODUCTION

Plaintiff *e*Plus, Inc. ("*e*Plus") hereby respectfully submits this bench brief pertaining to the relevance and admissibility of the absence of an opinion of counsel of non-infringement or invalidity as evidence of Defendant's inducement of infringement. As set forth herein, pursuant to the Federal Circuit's decision in *Broadcom Corp. v. Qualcomm Inc.,* 543 F.3d 683, 698-700 (Fed. Cir. 2009), the existence or absence of an opinion of counsel of non-infringement or invalidity is a relevant factor in determining whether an accused infringer possesses the requisite intent to induce infringement. Accordingly, the Court should overrule any objection to evidence that, in this case, Defendant Lawson Software, Inc. ("Defendant") has not produced an opinion of counsel, but instead has stood on the attorney-client privilege.

## II. ARGUMENT

Federal Rule of Evidence 401 defines "relevant evidence" broadly as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. All relevant evidence is admissible unless otherwise prohibited. Fed. R. Evid. 402.

In this case, *e*Plus has asserted that Defendant has induced infringement pursuant to 35 U.S.C. § 271(b). An inducement claim requires that the patentee establish first, that another party has committed direct infringement and, second, "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *ACCO Brands, Inc. v. ABA Locks Mfr. Co.,* 501 F.3d 1307, 1312 (Fed. Cir. 2007) (citation omitted). The law is clear that the infringer's intent to induce infringement may be, and often is, established through circumstantial evidence. *Broadcom,* 543 F.3d at 700; *DSU Medical Corp. v. JMS Co.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc* in relevant part); *Water Techs. Corp. v. Calco, Ltd.,* 850 F.2d 660, 669 (Fed. Cir. 1988) ("[t]he requisite intent to induce infringement

may be inferred from all of the circumstances."). Moreover, such intent may be established where an alleged infringer "knew or should have known" that its actions would induce infringement. *DSU,* 471 F.3d at 1306; *Broadcom,* 543 F.3d at 699.

In this case, Defendant avers that it "sought advice of counsel independent of its litigation counsel," but it chose to stand on the attorney-client privilege and forego reliance on this alleged advice for the purpose of this case. Defendant's interrogatory response with respect to this advice states, in pertinent part, "Subject to and without waiving its objections, Lawson responds that it ***sought advice of counsel independent of its litigation counsel*** and acted responsibly. Lawson ***has elected not to waive attorney-client privilege with respect to reliance on this advice of counsel***." Def's Second Supp. Response to Interrog. No. 12 (May 7, 2010) (emphasis added).[1]

In *Broadcom,* the Federal Circuit expressly addressed the relevance of the absence of opinion of counsel evidence, and held that such evidence was relevant and admissible for the purpose of showing Defendant's culpability for inducement purposes. *Id.* at 698-700 ("[Defendant] argues that opinion-of-counsel evidence is no longer relevant in determining the intent of an alleged infringer in the inducement context. ***We disagree***.") (emphasis added). In affirming the inducement verdict, the Court quoted with approval the district court's observation that the totality of the circumstances supported the jury's findings, including, "a failure to investigate, a failure to explore design around approaches, a failure to take remedial steps – ***and,***

---

[1] It is clear that because Defendant elected to stand on the privilege, it may not now rely upon the fact that it sought advice of counsel. *Id.* at 700 ("Although [Defendant] stresses that it did obtain opinions of counsel regarding invalidity of the patents in suit, it concedes that the district court properly excluded this fact from evidence in light of [Defendant's] decision not to waive privilege with respect to these opinions.").

2

*of course, a failure to seek legal advice.*  This was sufficient for the jury to infer a lack of good faith." *Id.* at 700 (quoting district court) (emphasis added).

Moreover, the district court actually *instructed the jury* to consider — as one factor — the infringer's lack of opinion of counsel evidence "in determining whether [the infringer] had the requisite level of intent to induce infringement…." *Id.* at 698-99.  The Court rejected the infringer's argument that this instruction was error, stating:

> *Because opinion-of-counsel evidence, along with other factors, may reflect whether the accused infringer "knew or should have known" that its actions would cause another to directly infringe, we hold that such evidence remains relevant to the second prong of the intent analysis*.  Moreover, we disagree with Qualcomm's argument and further hold that the failure to procure such an opinion may be probative of intent in this context.  *It would be manifestly unfair to allow opinion-of-counsel evidence to serve an exculpatory function, as was the case in DSU itself, see 471 F.3d at 1307, and yet not permit patentees to identify failures to procure such advice as circumstantial evidence of intent to infringe*.  Accordingly, we find no legal error in the district court's jury instructions as they relate to inducement.

*Id.* at 699-700 (emphasis added).

Accordingly, Defendant's decision to stand on the privilege and not to disclose the alleged advice of counsel is one relevant factor that the jury may consider as evidence of Defendant's intent for inducement.[2]

### III.   CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that the Court overrule any objection to the admission of evidence that Defendant stood upon the attorney-client privilege and has not produced evidence of an opinion of counsel, as such evidence is relevant to Defendant's intent in inducing infringement.

---

[2] Although *Broadcom* pertained to inducement, this same reasoning logically applies to an allegation of contributory infringement, which is also at issue in this case.  *See* 35 U.S.C. § 271(c) (requiring that infringing act be committed "*knowing* the same [component] to be especially made or especially adapted for use in infringement of such patent") (emphasis added).

3

Respectfully submitted,

January 13, 2011

/s/
David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com

Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January, 2011, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S BENCH BRIEF PERTAINING TO RELEVANCE OF ABSENCE OF ASSERTION OF OPINION OF COUNSEL FOR INDUCEMENT OF INFRINGEMENT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/

David M. Young (VSB #35997)
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com