IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09CV620 (REP) |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S RESPONSE MEMORANDUM TO PLAINTIFF EPLUS INC.'S BENCH BRIEF REGARDING OPINION OF COUNSEL**

ePlus erroneously suggests that the Federal Circuit's decision in *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683 (Fed. Cir. 2009), means that the decision to obtain an opinion of counsel is relevant to determining whether an accused infringer possesses the necessary intent to induce infringement. ePlus's proposed rule is inconsistent with Federal Circuit law that "no adverse inference shall arise from invocation of the attorney-client and/or work product privilege." *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004), *overruled on other grounds by In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007). Indeed, the *Broadcom* court considered an entirely different circumstance—whether the *absence* of an opinion of counsel could be considered.

The distinction is subtle but important—if an accused infringer entirely fails to obtain an opinion of counsel, the patentee can argue that is one of many factors to be considered in determining whether there is induced infringement, per *Broadcom*. But, if an accused infringer obtains an opinion of counsel and does not waive the attorney-client privilege, the patentee cannot then use that fact to suggest liability, per *Knorr-Bremse*.

The *Broadcom* case involves a situation where the patentee received an opinion of counsel as to no invalidity but failed to seek an opinion of counsel with respect to noninfringement. 543 F.3d at 697. The court never suggested that the *obtained* invalidity opinion of counsel was relevant to the question of induced infringement. *Id.* at 700 ("Although Qualcomm stresses that it did obtain opinions of counsel regarding invalidity of the patents in suit, it concedes that the district court properly excluded this fact from evidence in light of Qualcomm's decision not to waive privilege with respect to these opinions."). Instead, the question in *Broadcom* revolved around whether the failure to obtain a noninfringement opinion was relevant. *Id.* at 697-700.

Lawson has been unable to locate a single decision where a court has concluded the decision not to waive the attorney-client privilege was found to be relevant to the issue of induced infringement. Indeed, district courts considering *Broadcom* have recognized the distinction between the failure to obtain an opinion of counsel and the decision to obtain an opinion but maintain the attorney-client privilege. *See World Wide Stationery Mfg. Co. v. U.S. Ring Binder, L.P.*, No. 07-1947, 2009 U.S. Dist. LEXIS 113169, at *4 (E.D. Mo. Dec. 4, 2009) ("Plaintiff acknowledges that Knorr-Bremse 'holds that no jury instruction may be given that applies a negative inference from the assertion of [the attorney-client] privilege regarding an opinion of counsel.'") (citing *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1343-45 (Fed. Cir. 2004) (en banc)).

The failure to disclose an opinion of counsel is not relevant to the question of inducement and should not be disclosed to the jury. Any alternative rule would mean that patentees who obtain opinions of counsel after an accusation of infringement in a good faith effort to evaluate their potential liability would be required to disclose such opinions to avoid negative inferences.

This is something the Federal Circuit has declared unlawful and does not make sense in this case.

                                        LAWSON SOFTWARE, INC.

                                        By    /s/
                                              Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*