IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE CUMULATIVE AND IRRELEVANT EVIDENCE OR TESTIMONY OF CHARLES GOUNARIS PURSUANT TO FEDERAL RULES OF EVIDENCE 402, 403, AND 611**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

## I.     INTRODUCTION

Pursuant to Federal Rules of Evidence 402, 403, and 611, Plaintiff ePlus, Inc. ("ePlus"), by counsel, respectfully moves that the Court exclude the testimony of third party fact witness Charles Gounaris, on the ground that, to the extent his testimony has any relevance, his testimony will be cumulative of that already presented by third party fact witness Pamela Eng. Both Mr. Gounaris and Ms. Eng were employed by IBM. ePlus is not aware of any relevant testimony Mr. Gounaris is likely to offer that was not already testified to by Ms. Eng, and therefore ePlus asks that the Court exclude this testimony.

## II.    BACKGROUND

On Friday, January 14, the jury heard the testimony of Ms. Pamela Eng, a former employee of IBM. Ms. Eng testified about the work performed by third party subcontractor IBM in the course of Fisher Scientific's development of a commercial product based on the work of the inventors of the patents-in-suit. Defendant Lawson Software, Inc. ("Lawson") has informed ePlus that it now intends to call as a witness Mr. Charles Gounaris, a sales employee of IBM during that same time frame. ePlus is unaware of any additional relevant evidence that Mr. Gounaris is likely to offer this jury that is not merely cumulative of that already testified to by Ms. Eng. Indeed, Lawson has identified the exhibits that it intends to use with Mr. Gounaris, and, as the chart provided below demonstrates, it is nearly identical to the list of exhibits it provided for Ms. Eng.

| Lawson's Direct Examination Exhibits for Pamela Eng | Lawson's Direct Examination Exhibits for Charles Gounaris |
|---|---|
| DX-102 | DX-102 |
| DX-105 | DX-105 |
| DX-107 | DX-107 |

| Lawson's Direct Examination Exhibits for Pamela Eng | Lawson's Direct Examination Exhibits for Charles Gounaris |
|---|---|
| DX-230 | DX-230 |
| PX-25 | PX-25 |
| PX-38 | PX-38 |
|  | DX-111 |

### III.     ARGUMENT

The Federal Rules of Evidence provide ample discretion for this Court to exclude the testimony of third party IBM witness Mr. Charles Gounaris on the ground that it would be merely cumulative of that already presented by third party IBM fact witness Ms. Pamela Eng. Rule 402 provides that "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402. Rule 403 expressly provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of … considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  And Rule 611(a) provides that the "Court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth" and "(2) avoid needless consumption of time …."  Fed. R. Evid. 611(a).

*e*Plus is unaware of any additional testimony that Mr. Gounaris is likely to offer the jury in this case, particularly now that Ms. Eng has already testified.  Ms. Eng, for example, did not identify Mr. Gounaris as someone who worked on the Fisher Scientific project in which TV-2 was involved.  When prompted, however, she testified that his was merely a "sales" function. Tr. 1985:6-13 (Eng) ("Oh, yeah.  He was in the sales office.  He wasn't in Manassas.").  This is

2

further underscored by the fact that Mr. Gounaris was not even identified in PX25 as one of the IBM employees that was restricted under the "non-compete" clause. Tr. 2019:6-13 (Eng) (identifying Ms. Eng and Messrs. Alexandra, Gomola, and Rolland as restricted).

Ms. Eng also testified with respect to four exhibits pertaining to IBM, TV-2, and IBM's work with Fisher Scientific (DX107, DX230, PX25, PX38). As shown in the chart provided above, Lawson identified six total exhibits that it intended to use in connection with Ms. Eng's testimony. Exhibit A (email from Lawson counsel identifying exhibits for Eng direct examination). With respect to Mr. Gounaris, Lawson has identified ***the very same six exhibits***, plus only one more additional exhibit (DX111). Exhibit B (email from Lawson counsel identifying exhibits for Gounaris direct examination). That additional exhibit, however, is not one that Lawson's expert Dr. Shamos relies upon for any of his invalidity opinions. It appears, therefore, that Mr. Gounaris is unlikely to have any relevant testimony that is not merely cumulative of that already provided by Ms. Eng.

**IV. CONCLUSION**

For the foregoing reasons, *e*Plus respectfully requests that the Court exclude the testimony of third party witness Charles Gounaris, on the ground that, to the extent his testimony has any relevance, his testimony will be cumulative of that already presented by third party witness Pamela Eng.

Respectfully submitted,

January 17, 2011

/s/

David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2011, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE CUMULATIVE AND IRRELEVANT EVIDENCE OR TESTIMONY OF CHARLES GOUNARIS PURSUANT TO FEDERAL RULES OF EVIDENCE 402, 403, AND 611**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/

David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com