IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN
OPPOSITION TO ePLUS INC'S MOTION
TO LEAVE TO FILE AN OFFER OF PROOF
REGARDING ITS DAMAGE CLAIM
<u>PURSUANT TO FEDERAL FULE OF EVIDENCE 103 AND 35 U.S.C. §284</u>**

**I.     INTRODUCTION**

Plaintiff ePlus, Inc.'s ("ePlus") "Motion to Leave to File an Offer of Proof" should be denied because ePlus already made an offer of proof on its damages claim and the Court has already definitively ruled against ePlus on the issue. In connection with its opposition to this motion, ePlus made an offer for proof. ePlus now seeks to add new evidence to support a possible appeal on the damages ruling in the form of a renewed offer of proof. Not only was this new evidence not included in ePlus's original offer of proof, it was not included on ePlus's trial exhibit list that was filed with the pretrial order. To the extent that the evidence was included in ePlus's first offer of proof, the second offer of proof is unnecessary. To the extent that the evidence is new, it is too late. As such, ePlus's motion for leave should be denied.

## II. ARGUMENT

### A. Plaintiffs made an offer of proof at the pretrial hearing.

An offer of proof is made when "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." Fed. R. Evid. 103(a)(2). At the pretrial motions hearing on September 7, 2010, ePlus made an offer of proof to admit excluded evidence supporting ePlus's damages claim. (Dkt. No. 475). At the hearing, the Court asked ePlus:

> "In essence, what I'm asking you to do here today is, what are you going to prove? Let me hear it. Let me see whether or not it did get disclosed. So you're going to offer the proof of these figures. How are you going to offer them? How are you going to prove that?"

*See id*, at p. 42-43, ll. 24-4. In response to this question, ePlus detailed eleven different *Georgia-Pacific* factors and the specific evidence that would be used to support each factor. *See id*, p. 42-58. The supporting evidence included at least a dozen witness testimonies and depositions, five license agreements, financial documents including 10-K forms for both parties, financial spreadsheets for the accused products created by Defendant, press releases, and specific case law.

ePlus's offer of proof adequately preserved the record even though the evidence was provided in response to a question rather than in a formal offer. As specified by the Federal Rules of Evidence, an offer of proof may be made by offer or "the substance of the evidence ….was apparent from the context within which questions were asked." Fed. R. Evid. 103(a)(2). An informal offer of proof is sufficient when 1) the substance of the proffered evidence is explained and 2) the reasons why the Court should admit the evidence are provided. *United States v. Kay*, 513 F.3d 432, 456 (5th Cir. 2007) (stating that Defendants made a sufficient "informal" offer of proof by explaining the "substance

2

of the proffered evidence (receipts indicating tax payments that Defendants made after shipments were complete) and why the court should admit these documents (describing how the documents had been 'subscribed and sworn – and certified by the United States vice counsel.")).  The substance of ePlus's evidence was made very clear from the context of the Court's questions. Moreover, ePlus explained scrupulously how the proffered evidence would be used to establish a reasonable royalty rate.  The nature and detail of ePlus pretrial disclosure is more than sufficient as an offer of proof.

### B. The offer of proof at the pretrial Motion's Hearing is sufficient to preserve the record for appeal.

"Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Fed. R. Evid. 103.  Further, as a general rule, "motions in limine preserve issues that they raise without any need for renewed objections at trial, just so long as the movant has clearly identified the ruling sought and the trial court has ruled upon it." *E. Tenn. Natural Gas Co. v. 7.74 Acres*, No. 06-1716, 2007 U.S. App. LEXIS 11991, at *8 (4th Cir. May 22, 2007) (rejecting Appellees' suggestion that Appellants failure to object to admission of expert testimony at trial has ruined the issue for appeal.).  Whether the ruling sought has been "clearly identified" and whether the trial court has "ruled upon it" is evaluated on a case by case basis.  When evaluating an offer of proof or objection made in a motions hearing, the Fourth Circuit often cites the three part test developed by the Tenth Circuit in *United States v. Mejia-Alarcon,* 995 F.2d 982, 988 (10th Cir. 1993), which considers: 1) whether the matter was adequately presented to the district court; 2) whether the matter is of the type that can be finally determined at a pretrial hearing; and 3) whether the court's ruling is definitive.

3

*See United States v. Arias,* 1999 U.S. App. LEXIS 6523 (4th Cir. Apr. 9, 1999); *United States v. Williams,* 81 F.3d 1321 (4th Cir. 1996). An evaluation of those three factors in the present case leads inescapably to the conclusion that not only was the ruling sought "clearly identified," but also that the trial court has "ruled upon it."

>    1.   ePlus adequately presented evidence on reasonable royalties.

Some considerations for determining adequate presentation of evidence include: whether the subject of the objection was fully explored at the hearing, whether the matter was fully briefed and argued, and whether the district court held a hearing at which it considered counsel's arguments. *See Palmerin v. City of Riverside, 794 F.2d 1409, 1413 (9th Cir. 1986)*; *Sprynczynatyk v. General Motors Corp., 771 F.2d 1112, 1118-19 (8th Cir. 1985) cert. denied, 475 U.S. 1046, 89 L. Ed. 2d 572, 106 S. Ct. 1263 (1986)*; *American Home Assurance Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 324-25 (3d Cir. 1985)*. In this case, ePlus opposed Defendant's Motion to Exclude on August 27, 2010 (Dkt. No. 453). ePlus attached 19 exhibits to its opposition. ePlus was then given an opportunity to present its arguments at the Motions Hearing. At that hearing, ePlus fleshed out each *Georgia-Pacific* factor on which it intended to rely and provided the court with supporting evidence. In fact, ePlus's presentation of arguments regarding the excluded evidence spans sixteen pages of the Motions Hearing transcript. From that record one can easily discern that ePlus has been given ample opportunity to present evidence of a reasonable royalty rate.

>    2.   ePlus's proffered evidence in support of a reasonable royalty rate is of the type that can be finally determined at a pretrial hearing.

ePlus seeks to admit a plethora of evidence in support of a reasonable royalty rate. At the Motions Hearing, the Court asked ePlus:

4

> Tell me how you are going to argue to the jury what the reasonable rate should be and why isn't the presence of all this just utterly prejudicial and confusing on this record since they don't have any idea what a reasonable royalty should be.

(Dkt. No. 475). The Court was weighing the relevancy of evidence against its prejudicial and confusing nature. This is a routine matter for the court to finally determine at a pretrial hearing.

### 3. A definitive ruling has been made that the evidence should remain excluded.

The court in *Mejia-Alarcon* considered a ruling definitive when there was "no hint that the ruling might be subject to reconsideration," and the denial of the motion "was not made conditionally." *See Palmerin, 794 F.2d at 1413* ; *Spryncyznatyk, 771 F.2d at 1118*. Here, the Court explicitly granted Defendant's Motion to Exclude on September 9, 2010. (Dkt. No. 472). The court's ruling was unequivocal and, as such, constituted a "definitive ruling."

As such, all three prongs of the three part test have been satisfied, the pretrial offer of proof is sufficient to preserve a party's claim of error on appeal.

**C.** **ePlus's Offer of Proof is Unnecessary and/or Too Late**

ePlus seeks now to admit more than eighty different exhibits, some with subparts, many of which were not included in its opposition to Lawson's motion to preclude the damages claim and most of which were not included as exhibits on ePlus's trial exhibit list. For example, ePlus's new exhibits include expert reports from the SAP case (Nos. 28 and 29), documents relating to Ariba (e.g., a press release relating to a lawsuit between Ariba and Emptoris (No. 19) and an article relating to Ariba products (No. 20)), and documents relating to ePlus's products (Nos. 47, 83a-83c, 83i-83s, etc.).

5

ePlus has adequately preserved its rights to appeal the evidence identified in its original offer of proof as well as the financial documents in Group 14 that were excluded at the pretrial conference. For this evidence, the issues are preserved for appeal as described above and a second offer of proof is unnecessary. However, it is also attempting to add additional evidence for appeal in the guise of a second offer of proof. But it is too late. *Zokari v. Gates*, 561 F.3d 1076, 1084 n.1 (10th Cir. 2009). In *Zokari*, the Tenth Circuit affirmed the district court's decision granting a motion in limine to preclude the plaintiff from raising a claim of lost wages for failure to timely raise it during the litigation. On appeal, the plaintiff sought to rely on evidence that he first used in an offer of proof, filed after the motion in limine was granted and after his motion to reconsider was denied:

> On appeal Mr. Zokari argues that he had also raised his wage-law claim on two other occasions. First, he asserts that in his deposition he "reiterated that he was pursuing the claim for unpaid wages." But as we read his testimony, he was treating the nonpayment as an act of discrimination and made no reference to a possible wage-law claim. Second, he contends that his wage-law claim was raised in the Joint Status Report and Discovery Plan filed on May 26, 2006. **But he did not rely on this pleading in his objection to the motion in limine or in his motion to reconsider the district court's ruling granting the motion in limine.** Nine days after the court denied the motion to reconsider, he filed "Plaintiffs' Formal Offer of Proof Regarding the 'Labor Claim' and Brief in Support," which referenced the status report for the first time and attached a copy. **This was too late to raise the issue, particularly when the offer of proof requested no action by the district court.** We will not reverse on a ground not properly presented below.

*Id.* at 1084 n.1 (emphasis added).

Similarly in this case, it is too late for ePlus to try to add evidence to support its damages claim. The Court has provided ePlus ample opportunity to present its arguments and evidence in support of these arguments in connection with its opposition to Lawson's

6

motion to exclude damages. ePlus must live with the evidence it used in its first offer of proof made in connection with this motion.

### III. CONCLUSION

For the foregoing reasons, Lawson Software respectfully requests (1) that the motion for leave to file an offer for proof be denied.

LAWSON SOFTWARE, INC.

By /s/
    Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of January, 2010, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

*Attorneys for ePlus, Inc.*

                                          /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*