**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| ePLUS, INC., | ) | |
| | ) | |
| | ) | **Civil Action No. 3:09-CV-620 (REP)** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |


**PLAINTIFF ePLUS INC.'S SECOND REVISED PROPOSED VERDICT FORM**

Plaintiff ePlus, Inc., ("ePlus") hereby provides the attached Second Revised Proposed Verdict Form for the trial in the above-captioned matter.  ePlus reserves its right to amend, supplement, or modify this proposed verdict form as the case continues to proceed through trial and based upon conferences with opposing counsel.  ePlus does not concede, by submitting the proposed verdict form, that Defendant has met its evidentiary burdens with respect to any of the issues to which the proposed form pertains.  Neither does ePlus waive any objections relating to issues that are or have been the subject of pending motions, including motions *in limine*.  Finally, ePlus does not, by omitting a proposed verdict question with respect to damages, waive its objections pertaining to the Court's rulings excluding damages issues from the trial of this action.

## <u>VERDICT</u>

We, the jury, find as follows:

## I.    INFRINGEMENT

Do you find that *e*Plus has proven that it is more likely than not that the following accused configurations of the S3 Procurement System have infringed the listed claims of the *e*Plus patents, either directly or indirectly?  **(As to each claim, a "YES" answer is a finding for *e*Plus.  A "NO" answer is a finding for Lawson.)**

<u>Configuration No. 1:  Core S3 Procurement System (Lawson System Foundation ("LSF")/Process Flow, with at least Inventory Control, Requisition, and Purchase Order Modules)</u>

'516 Patent, claim 1:    YES _____    NO _____

'516 Patent**,** claim 6:    YES _____    NO _____

<u>Configuration No. 2:  Core S3 Procurement System (Lawson System Foundation ("LSF")/Process Flow, with at least Inventory Control, Requisition, and Purchase Order Modules) with Requisition Self-Service or "RSS"</u>

'683 Patent, claim 3:    YES _____    NO _____

'683 Patent, claim 28:    YES _____    NO _____

'516 Patent, claim 1:    YES _____    NO _____

'516 Patent, claim 6:    YES _____    NO _____

'516 Patent, claim 9:    YES _____    NO _____

'516 Patent, claim 21:    YES _____    NO _____

'516 Patent, claim 22:    YES _____    NO _____

'516 Patent, claim 29:     YES _____     NO _____

'172 Patent, claim 1:      YES _____     NO _____


Configuration No. 3:  Core S3 Procurement System (Lawson System Foundation

("LSF")/Process Flow, with at least Inventory Control, Requisition, and Purchase Order

Modules) with Requisition Self-Service or "RSS" and Punchout

'683 Patent, claim 3:      YES _____     NO _____

'683 Patent, claim 26:     YES _____     NO _____

'683 Patent, claim 28:     YES _____     NO _____

'683 Patent, claim 29:     YES _____     NO _____

'516 Patent, claim 1:      YES _____     NO _____

'516 Patent, claim 2:      YES _____     NO _____

'516 Patent, claim 6:      YES _____     NO _____

'516 Patent, claim 9:      YES _____     NO _____

'516 Patent, claim 21:     YES _____     NO _____

'516 Patent, claim 22:     YES _____     NO _____

'516 Patent, claim 29:     YES _____     NO _____

'172 Patent, claim 1:      YES _____     NO _____

Configuration No. 4:  Core S3 Procurement System (Lawson System Foundation

("LSF")/Process Flow, with at least Inventory Control, Requisition, and Purchase Order

Modules) with Electronic Data Interchange or "EDI"

      '683 Patent, claim 26:   YES  _____   NO  _____

      '516 Patent, claim 1:   YES  _____   NO  _____

      '516 Patent, claim 6:   YES  _____   NO  _____


Configuration No. 5:  Core S3 Procurement System (Lawson System Foundation

("LSF")/Process Flow, with at least Inventory Control, Requisition, and Purchase Order

Modules) with Requisition Self-Service or "RSS", Punchout, and Electronic Data Interchange or

"EDI"

      '683 Patent, claim 3:   YES  _____   NO  _____

      '683 Patent, claim 26:   YES  _____   NO  _____

      '683 Patent, claim 28:   YES  _____   NO  _____

      '683 Patent, claim 29:   YES  _____   NO  _____

      '516 Patent, claim 1:   YES  _____   NO  _____

      '516 Patent, claim 2:   YES  _____   NO  _____

      '516 Patent, claim 6:   YES  _____   NO  _____

      '516 Patent, claim 9:   YES  _____   NO  _____

      '516 Patent, claim 21:   YES  _____   NO  _____

      '516 Patent, claim 22:   YES  _____   NO  _____

      '516 Patent, claim 29:   YES  _____   NO  _____

      '172 Patent, claim 1:   YES  _____   NO  _____

## II.     VALIDITY

**(As to each claim, a "YES" answer is a finding for Lawson.  A "NO" answer is a finding for ePlus.)**

1.      Do you find that Lawson has proven by clear and convincing evidence that claim 3 of the '683 patent is invalid?

Check one:     YES  _____          NO  _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

2.      Do you find that Lawson has proven by clear and convincing evidence that claim 26 of the '683 patent is invalid?

Check one:     YES  _____          NO  _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

3.      Do you find that Lawson has proven by clear and convincing evidence that claim 28 of the '683 patent is invalid?

Check one:     YES  _____          NO  _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

      4.      Do you find that Lawson has proven by clear and convincing evidence that claim 29 of the '683 patent is invalid?

      Check one:    YES _____      NO _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

      5.      Do you find that Lawson has proven by clear and convincing evidence that claim 1 of the '516 patent is invalid?

      Check one:    YES _____      NO _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

      6.      Do you find that Lawson has proven by clear and convincing evidence that claim 2 of the '516 patent is invalid?

      Check one:    YES _____      NO _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

7.      Do you find that Lawson has proven by clear and convincing evidence that claim 6 of the '516 patent is invalid?

Check one:      YES _____      NO _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

8.      Do you find that Lawson has proven by clear and convincing evidence that claim 9 of the '516 patent is invalid?

Check one:      YES _____      NO _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

9.      Do you find that Lawson has proven by clear and convincing evidence that claim 21 of the '516 patent is invalid?

Check one:      YES _____      NO _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

10.     Do you find that Lawson has proven by clear and convincing evidence that claim 22 of the '516 patent is invalid?

Check one:     YES _____     NO _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

11.     Do you find that Lawson has proven by clear and convincing evidence that claim 29 of the '516 patent is invalid?

Check one:     YES _____     NO _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

12.     Do you find that Lawson has proven by clear and convincing evidence that claim 1 of the '172 patent is invalid?

Check one:     YES _____     NO _____

If you answered YES, list the prior art reference(s) that you have found invalidate(s) the claim:

_____

**INSTRUCTION:  CONTINUE AND SIGN VERDICT FORM ON NEXT PAGE**

You each must sign this Verdict Form.

Dated: _____          _____
                                                              FOREPERSON


_____          _____


_____          _____


_____          _____


_____          _____


_____

Respectfully submitted,

Dated:  January 19, 2011

_____/s/_____
David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Michael G. Strapp *(admitted pro hac vice)*
James D. Clements  *(admitted pro hac vice)*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff
*e*Plus, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 19th day of January, 2011, I will electronically file the foregoing **PLAINTIFF *e*PLUS INC.'S SECOND REVISED PROPOSED VERDICT FORM** with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

***Counsel for Defendant Lawson Software, Inc.***

_____/s/_____
David M. Young
Virginia State Bar #35997
Attorney for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
dyoung@goodwinprocter.com