**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S BENCH
MEMORANDUM CONCERNING THE SCOPE OF EXPERT
TESTIMONY OFFERED BY MR. BROOKS HILLIARD**

Pursuant to the Court's orders and in an effort to conserve time and judicial resources at trial, Defendant Lawson respectfully submits this bench memorandum concerning the scope of expert testimony that may be offered by Plaintiff ePlus's expert Mr. Brooks Hilliard. Attached as Exhibit A is a copy of the demonstrative slides Lawson received from ePlus last night with Lawson's objections, which Lawson also provided to ePlus last night.

From the demonstrative slides submitted by ePlus, it appears that Mr. Hilliard intends to offer testimony inconsistent with the claim language and inconsistent with the Court's claim constructions. For example, Mr. Hilliard asserts that "check external inventory" and "check external supplier inventory" is a requirement of the patents-in-suit. (Ex. A slides 8 & 10.) None of the claim limitations relate to checking external inventory or checking external supplier inventory. Only two claims even mention the word inventory, and they do not require external inventory. ('683 patent claims 26 ("determining whether a selected matching item is available in inventory") & 29 (same).) Likewise, the court's construction does not limit the claims to

checking external inventory or checking external supplier inventory. Mr. Hilliard's testimony regarding limitations not included in the claims is irrelevant and prejudicial and should not be permitted. (*See, e.g.*, Doc. No. 373 (noting that it is improper to offer evidence or argument inconsistent with the Court's claim constructions); *see also* Doc. No. 307 at 1 ("Lawson has no intention of presenting evidence at trial inconsistent with the Court's claim constructions in this case and expects the same from ePlus."); *see generally* Tr. at 342:4-10; Tr. at 1751:6-8.)

Lawson objects to Mr. Hilliard's demonstratives to the extent that they purport to instruct the jury on the claim limitations that are inconsistent with the claim language or the Court's constructions. Lawson has circled, in red, the things Mr. Hilliard incorrectly represents are claim limitations. To the extent that the slides are updated to refer to with the claim language or the Court's constructions, Lawson will withdraw its objections.

Also, it appears from Mr. Hilliard's slides that he intends to offer opinions that were not disclosed in his expert report. For example, Mr. Hilliard opines that RIMS combined with TV/2 did not search for matching items among the selected catalogs. (Ex. A at slide 25.) This is not disclosed anywhere in his report. There are numerous other examples of testimony of the combination of RIMS plus TV/2, which Lawson has boxed in blue, that Mr. Hilliard did not disclose in his expert report. Mr. Hilliard also offers images that were not disclosed in his expert reports. (*See* Ex. A slides 1-3 & 6.) Testimony regarding issues not disclosed in Mr. Hilliard's report is unacceptable and Lawson objects to its admissions. (*See, e.g.*, Tr. at 497:6-10; Tr. at 2058:13-19.)

For the foregoing reasons, Lawson respectfully requests that this Court strike the Hilliard slides that extend beyond the Court's claim constructions and limit Mr. Hilliard's testimony to the Court's claim constructions. Lawson further requests that this Court strike the Hilliard slides

that extend beyond the disclosure in his expert report and limit Mr. Hilliard's testimony to what he disclosed in his expert report.

LAWSON SOFTWARE, INC.

By   /s/
     Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 20th day of January 2011, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

        /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*