IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-CV-620 (REP) |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF *e*PLUS INC.'S PROPOSED REVISIONS TO COURT'S JURY INSTRUCTIONS WITH RESPECT TO ALLEGED PRIOR ART AND INVALIDITY**

Plaintiff, *e*Plus, Inc. ("*e*Plus"), through counsel, hereby respectfully submits the following proposed revisions to the Court's jury instructions for the trial of this action with respect to alleged prior art and invalidity under Sections 102, 103, and 112 of the patent statute. These revisions are based on the absence of sufficient evidence at trial to submit these issues to the jury. *e*Plus also requests that the Court provide attached proposed instruction P-42. *e*Plus's proposed revisions to the Court's instructions are shown in "redline" format.

In addition***, ePlus contends that Court Instruction Nos. 32, 33, 35, and 43 should not be given to the jury based on the evidence and the Court's rulings through trial***. *e*Plus does not concede, by submitting the proposed revised instructions, that Defendant has met its evidentiary burdens with respect to any of the remaining issues to which the proposed instructions pertain.

**COURT'S INSTRUCTION NO. 29 (SUMMARY OF INVALIDITY DEFENSES)**

CLAIMS OF AN ISSUED PATENT MAY BE FOUND TO BE INVALID.  LAWSON CONTENDS THAT THE ASSERTED CLAIMS OF THE PATENTS-IN-SUIT ARE INVALID.  A PATENT IS PRESUMED TO BE VALID AND, THEREFORE, LAWSON MUST PROVE BY CLEAR AND CONVINCING EVIDENCE THAT A CLAIM IS INVALID.  CLEAR AND CONVINCING EVIDENCE IS EVIDENCE WHICH PRODUCES IN YOUR MINDS AN ABIDING CONVICTION THAT THE TRUTH OF THE FACTUAL CONTENTIONS ARE HIGHLY PROBABLE.

LAWSON CONTENDS THAT ALL OF THE ASSERTED PATENT CLAIMS ARE INVALID FOR THE FOLLOWING REASONS:

(1)  LAWSON CONTENDS THAT ALL OF EPLUS'S ASSERTED CLAIMS ARE ANTICIPATED BY A SINGLE ALLEGED PRIOR ART REFERENCE; **AND**

(2)  LAWSON CONTENDS THAT ALL OF EPLUS'S ASSERTED CLAIMS **OF THE '683 AND '516 PATENTS** ARE OBVIOUS IN LIGHT OF ALLEGED PRIOR ART~~; AND(3) LAWSON CONTENDS THAT CLAIMS 1, 2, 6, 9, AND 29 OF THE '516 PATENT ARE INVALID FOR NOT MEETING THE WRITTEN DESCRIPTION REQUIREMENT~~.

- 1 -

**COURT'S INSTRUCTION NO. 30 (PRIOR ART DEFINED)**

PRIOR ART INCLUDES ANY OF THE FOLLOWING ITEMS RECEIVED INTO EVIDENCE DURING TRIAL:

(1) ~~ANY PRODUCT OR METHOD THAT WAS PUBLICLY KNOWN OR USED BY OTHERS IN THE UNITED STATES BEFORE THE PATENTED INVENTION WAS MADE;~~

(2) ~~PATENTS THAT ISSUED MORE THAN ONE YEAR BEFORE THE FILING DATE OF THE PATENT OR BEFORE THE INVENTION WAS MADE;~~ (3) PUBLICATIONS HAVING A DATE MORE THAN ONE YEAR BEFORE THE FILING DATE OF THE PATENT; **AND**

(4) ~~ANY PRODUCT OR METHOD THAT WAS IN PUBLIC USE OR ON SALE IN THE UNITED STATES MORE THAN ONE YEAR BEFORE THE PATENT WAS FILED;(5~~**2**) ANY PATENT GRANTED ON AN APPLICATION FOR PATENT BY ANOTHER FILED IN THE UNITED STATES BEFORE THE INVENTION BY THE APPLICANT FOR PATENT.

**COURT'S INSTRUCTION NO. 31 (ANTICIPATION)**

A PERSON CANNOT OBTAIN A PATENT IF SOMEONE ELSE ALREADY HAS MADE AN IDENTICAL INVENTION.  SIMPLY PUT, THE INVENTION MUST BE NEW.  AN INVENTION THAT IS NOT NEW OR NOVEL IS SAID TO BE "ANTICIPATED BY PRIOR ART."  UNDER THE U. S . PATENT LAWS, AN INVENTION THAT IS "ANTICIPATED" IS NOT ENTITLED TO PATENT PROTECTION.  TO PROVE ANTICIPATION, LAWSON MUST PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE CLAIMED INVENTION IS NOT NEW.

IN THIS CASE, LAWSON CONTENDS THAT EACH OF THE CLAIMS OF THE EPLUS PATENTS ARE ANTICIPATED. **BY THE U.S. PATENT NO. 5,721,989 TO JOHNSON, ET AL.**  TO ANTICIPATE A CLAIM, EACH AND EVERY ELEMENT IN THE CLAIM MUST BE PRESENT IN A SINGLE ITEM OF PRIOR ART.  ANTICIPATION CANNOT BE ESTABLISHED BY COMBINING TWO OR MORE ITEMS OF PRIOR ART.  IN DETERMINING WHETHER EVERY ONE OF THE ELEMENTS OF THE CLAIMED INVENTION IS FOUND IN THE ALLEGED PRIOR ART, YOU SHOULD TAKE INTO ACCOUNT WHAT A PERSON OF ORDINARY SKILL IN THE ART WOULD HAVE UNDERSTOOD FROM HIS OR HER EXAMINATION OF THE PARTICULAR ALLEGED PRIOR ART REFERENCE.

IN DETERMINING WHETHER THE SINGLE ITEM OF PRIOR ART ANTICIPATES A PATENT CLAIM, YOU SHOULD TAKE INTO CONSIDERATION NOT ONLY WHAT IS EXPRESSLY DISCLOSED IN THE PARTICULAR ITEM OF ALLEGED PRIOR ART, BUT ALSO WHAT INHERENTLY RESULTED FROM ITS PRACTICE.  THIS IS CALLED "INHERENCY."  A PARTY CLAIMING INHERENCY MUST PROVE IT BY CLEAR AND

CONVINCING EVIDENCE.  TO ESTABLISH INHERENCY, THE EVIDENCE MUST MAKE CLEAR THAT THE PRIOR ART EITHER NECESSARILY RESULTED IN THE MISSING DESCRIPTIVE MATTER AND THAT IT WOULD BE SO RECOGNIZED BY A PERSON OF ORDINARY SKILL IN THE ART AT THE TIME THE PATENT APPLICATION WAS FILED.

YOU MUST KEEP THESE REQUIREMENTS IN MIND AND APPLY THEM TO EACH KIND OF ANTICIPATION YOU CONSIDER IN THIS CASE.  THERE ARE ADDITIONAL REQUIREMENTS THAT APPLY TO THE PARTICULAR CATEGORIES OF ANTICIPATION THAT LAWSON CONTENDS APPLY IN THIS CASE.  I WILL NOW INSTRUCT YOU ABOUT THOSE.

**COURT'S INSTRUCTION NO. 34 (CORROBORATION OF ORAL TESTIMONY)**

ORAL TESTIMONY ALONE IS INSUFFICIENT TO ESTABLISH ~~A~~ PRIOR ~~PUBLIC USE OR KNOWLEDGE~~**ART** BY CLEAR AND CONVINCING EVIDENCE.  GENERALLY, ORAL TESTIMONY OF PRIOR ~~PUBLIC USE OR KNOWLEDGE~~**ART** MUST BE CORROBORATED IN ORDER TO INVALIDATE A PATENT.  CORROBORATED MEANS SUPPORTED.

DOCUMENTARY OR PHYSICAL EVIDENCE THAT IS MADE CONTEMPORANEOUSLY WITH THE INVENTIVE PROCESS PROVIDES THE MOST RELIABLE PROOF THAT THE ALLEGED PRIOR ART INVENTOR'S TESTIMONY HAS BEEN CORROBORATED.  IF YOU FIND THAT LAWSON HAS NOT CORROBORATED THE ORAL TESTIMONY OF PRIOR ~~PUBLIC USE OR KNOWLEDGE~~**ART** WITH OTHER EVIDENCE, YOU ARE NOT PERMITTED TO FIND THAT THE SUBJECT OF THAT ORAL TESTIMONY QUALIFIES AS PRIOR ~~PUBLIC USE OR KNOWLEDGE~~**ART** FOR PURPOSES OF INVALIDATING ONE OR MORE CLAIMS OF THE PATENTS-IN-SUIT.

IF EVIDENCE IS PRESENTED FOR PURPOSES OF ATTEMPTING TO CORROBORATE ORAL TESTIMONY THAT ALLEGES INVALIDITY, THEN YOU MUST DETERMINE WHETHER THIS EVIDENCE DOES, IN FACT, PROPERLY CORROBORATE THE ORAL TESTIMONY.  IN MAKING THIS DETERMINATION, YOU SHOULD CONSIDER THE FOLLOWING FACTORS:

(1) THE RELATIONSHIP BETWEEN THE CORROBORATING WITNESS AND THE ALLEGED PRIOR USER;

(2) THE TIME PERIOD BETWEEN THE EVENT AND THIS TRIAL;

(3) THE INTEREST OF THE CORROBORATING WITNESS IN THE SUBJECT MATTER OF THIS SUIT;

(4) CONTRADICTION OR IMPEACHMENT OF THE WITNESS'S TESTIMONY;

(5) EXTENT AND DETAIL OF THE CORROBORATING WITNESS'S TESTIMONY;

(6) THE WITNESS'S FAMILIARITY WITH THE SUBJECT MATTER OF THE PATENTED INVENTION AND THE ALLEGED PRIOR ~~USE~~**ART**;

(7) PROBABILITY THAT ~~A~~ PRIOR ~~USE~~**ART** COULD ~~OCCUR~~**EXIST** CONSIDERING THE STATE OF THE ART AT THE TIME;

(8) IMPACT OF THE INVENTION ON THE INDUSTRY, AND THE COMMERCIAL VALUE OF ITS PRACTICE.

**COURT'S INSTRUCTION NO. 36 (PRINTED PUBLICATION)**

LAWSON ALSO CONTENDS THAT ~~ALL OF THE CLAIMS OF THE EPLUS PATENTS WERE ANTICIPATED BECAUSE THE INVENTIONS DEFINED IN THOSE CLAIMS WERE DESCRIBED IN A PRINTED PUBLICATION THAT~~**FOR THE PURPOSE OF ITS OBVIOUSNESS DEFENSE, THE TV/2 GENERAL INFORMATION MANUAL AND THE TV/2 BROCHURE ARE PRINTED PUBLICATION PRIOR ART. A PRINTED PUBLICATION MAY BE PRIOR ART IF IT** WAS PUBLISHED EITHER BEFORE THE INVENTORS MADE THE CLAIMED INVENTIONS ON AUGUST 10, 1994 OR MORE THAN ONE YEAR BEFORE THE INVENTORS FILED THEIR U.S. PATENT APPLICATION ON AUGUST 10, 1994.

~~A PATENT CLAIM IS INVALID IF THE INVENTION DEFINED BY THAT CLAIM WAS DESCRIBED IN A PRINTED PUBLICATION BEFORE IT WAS INVENTED BY THE PATENTEE OR MORE THAN ONE YEAR PRIOR TO THE FILING DATE OF THE U.S. PATENT APPLICATION.~~

A PRINTED PUBLICATION MUST BE REASONABLY ACCESSIBLE TO THOSE MEMBERS OF THE PUBLIC WHO WOULD BE INTERESTED IN ITS CONTENTS OR WHO WOULD BE MOST LIKELY TO USE IT. AN ALLEGED PRIOR ART REFERENCE IS REASONABLY ACCESSIBLE UPON A SATISFACTORY SHOWING THAT THE DOCUMENT WAS DISSEMINATED OR OTHERWISE MADE AVAILABLE TO THE EXTENT THAT PERSONS INTERESTED AND ORDINARILY SKILLED IN THE ART EXERCISING REASONABLE DILIGENCE CAN LOCATE IT.

IT IS NOT NECESSARY THAT THE PRINTED PUBLICATION BE AVAILABLE TO EVERY MEMBER OF THE PUBLIC. THUS, PUBLICATIONS MAY INCLUDE NOT

ONLY SUCH THINGS AS BOOKS, PERIODICALS OR NEWSPAPERS, BUT ALSO PUBLICATIONS THAT ARE NOT AS WIDELY AVAILABLE TO THE PUBLIC, SUCH AS TRADE CATALOGUES, JOURNAL ARTICLES, OR SCHOLARLY PAPERS THAT ARE DISTRIBUTED OR AVAILABLE TO THOSE SKILLED IN THE FIELD OF THE INVENTION.  THE INFORMATION MUST, HOWEVER, HAVE BEEN MAINTAINED IN SOME FORM, SUCH AS PRINTED PAGES, TYPEWRITTEN PAGES, MAGNETIC TAPE, MICROFILM, PHOTOGRAPHS, OR PHOTOCOPIES.  ~~AN ISSUED PATENT IS A PRINTED PUBLICATION.  A PUBLISHED PATENT APPLICATION IS A PRINTED PUBLICATION AS OF ITS PUBLICATION DATE.~~

      FOR A PRINTED PUBLICATION TO ANTICIPATE A PATENT CLAIM, IT MUST, WHEN READ BY A PERSON OF ORDINARY SKILL IN THE ART, EXPRESSLY OR INHERENTLY DISCLOSE EACH ELEMENT OF THE CLAIMED INVENTION TO THE READER.  THE DISCLOSURE MUST BE COMPLETE ENOUGH TO ENABLE ONE OF ORDINARY SKILL IN THE ART TO PRACTICE THE INVENTION WITHOUT UNDUE EXPERIMENTATION.  IN DETERMINING WHETHER THE DISCLOSURE IS ENABLING, YOU SHOULD TAKE INTO ACCOUNT WHAT WOULD HAVE BEEN WITHIN THE KNOWLEDGE OF A PERSON OF ORDINARY SKILL IN THE ART ONE YEAR BEFORE THE APPLICATION FOR THE EPLUS PATENTS WERE FILED ON AUGUST 10, 1994, AND YOU MAY CONSIDER EVIDENCE THAT SHEDS LIGHT ON THE KNOWLEDGE SUCH A PERSON WOULD HAVE HAD.

**COURT'S INSTRUCTION NO. 37 (PRIOR PATENTS AND PATENT APPLICATIONS)**

LAWSON ALSO CONTENDS THAT ALL OF THE CLAIMS OF EPLUS'S PATENTS WERE ANTICIPATED BY ~~A PRIOR ISSUED PATENT OR~~ A PATENT THAT ISSUED FROM A PRIOR PATENT APPLICATION.

~~AN ISSUED PATENT MAY BE PRIOR ART TO A PATENT CLAIM UNDER A NUMBER OF DIFFERENT CIRCUMSTANCES.~~

~~FIRST, A PATENT ISSUED ANYWHERE IN THE WORLD, LIKE A PRINTED PUBLICATION, MAY BE PRIOR ART TO A PATENT CLAIM IF THE PATENT ISSUED EITHER BEFORE THE INVENTOR MADE THE CLAIMED INVENTION, OR MORE THAN ONE YEAR BEFORE THE APPLICATION FOR THE PATENT WAS FILED.~~

~~SECOND,~~ A U.S. PATENT MAY BE PRIOR ART TO A PATENT CLAIM EVEN IF THE PATENT ISSUED AFTER THE FILING DATE OF THE PATENTS-IN-SUIT.  THIS OCCURS WHEN THE PATENT APPLICATION FOR THE U. S. PATENT WAS FILED BY ANOTHER PERSON BEFORE THE SUBJECT MATTER OF THE PATENTS-IN-SUIT WAS INVENTED.

IN THIS CASE, LAWSON RELIES ON THE FOLLOWING AS **A** PRIOR ART ~~PATENTS~~**PATENT** TO THE PATENTS-IN-SUIT:

~~(1)~~ JOHNSON ET AL. (U.S. PATENT NO. 5,712,989)~~;~~**.**

~~(2)  KING ET AL. (U.S. PATENT NO. 5,319,542); AND~~

~~(3)  DWORKIN (U.S. PATENT NO. 4,992,940).~~

IN THIS CASE, EPLUS ~~ADMITS THAT THE KING AND DWORKIN PATENTS ARE PRIOR ART BUT IT~~ DOES NOT ADMIT THAT ~~EITHER~~**THE JOHNSON** PATENT

ANTICIPATES THE EPLUS PATENTS-IN-SUIT.  EPLUS DISPUTES THAT THE JOHNSON PATENT IS PRIOR ART.

**COURT'S INSTRUCTION NO. 38 (OBVIOUSNESS)**

AS ANOTHER THEORY OF INVALIDITY LAWSON CONTENDS THAT ALL OF THE CLAIMS OF THE EPLUS **'683 AND '516** PATENTS ARE INVALID BECAUSE THE CLAIMED INVENTIONS ARE "OBVIOUS."

A CLAIMED INVENTION IS INVALID AS "OBVIOUS" IF IT WOULD HAVE BEEN OBVIOUS TO A PERSON OF ORDINARY SKILL IN THE ART OF THE CLAIMED INVENTION AT THE TIME THE INVENTION WAS MADE. UNLIKE ANTICIPATION/ WHICH ALLOWS CONSIDERATION OF ONLY ONE ITEM OF PRIOR ART, OBVIOUSNESS MAY BE SHOWN BY CONSIDERING MORE THAN ONE ITEM OF PRIOR ART.

THE FOLLOWING FACTORS MUST BE EVALUATED TO DETERMINE WHETHER LAWSON HAS ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE THAT THE CLAIMED INVENTIONS ARE OBVIOUS:

(1) THE SCOPE AND CONTENT OF THE PRIOR ART RELIED UPON BY LAWSON;

(2) THE DIFFERENCE OR DIFFERENCES, IF ANY, BETWEEN EACH CLAIM OF THE EPLUS PATENTS THAT LAWSON CONTENDS IS OBVIOUS AND THE PRIOR ART ON WHICH LAWSON BASES ITS ASSERTION OF OBVIOUSNESS;

(3) THE LEVEL OF ORDINARY SKILL IN THE ART AT THE TIME THE INVENTIONS OF THE EPLUS PATENTS WERE MADE; AND

(4) ADDITIONAL CONSIDERATIONS, IF ANY, THAT INDICATE THAT THE INVENTION WAS OBVIOUS OR NOT OBVIOUS.

- 12 -

EACH OF THESE FACTORS MUST BE EVALUATED, ALTHOUGH THEY MAY BE ANALYZED IN ANY ORDER, AND YOU MUST PERFORM A SEPARATE ANALYSIS FOR EACH OF THE CLAIMS.

LAWSON MUST PROVE OBVIOUSNESS BY CLEAR AND CONVINCING EVIDENCE.

I WILL NOW EXPLAIN EACH OF THE FOUR FACTORS IN MORE DETAIL.

.

**COURT'S INSTRUCTION NO. 42 (FACTORS INDICATING NONOBVIOUSNESS)**

BEFORE DECIDING THE ISSUE OF OBVIOUSNESS, YOU MUST ALSO CONSIDER CERTAIN FACTORS, WHICH, IF ESTABLISHED, MAY INDICATE THAT THE INVENTION WOULD NOT HAVE BEEN OBVIOUS.  NO FACTOR ALONE IS DISPOSITIVE, AND YOU MUST CONSIDER THE OBVIOUSNESS OR NONOBVIOUSNESS OF THE INVENTION AS A WHOLE.

(1)  WERE PRODUCTS COVERED BY THE CLAIM COMMERCIALLY SUCCESSFUL DUE TO THE MERITS OF THE CLAIMED INVENTION RATHER THAN DUE TO ADVERTISING, PROMOTION, SALESMANSHIP, OR FEATURES OF THE PRODUCT OTHER THAN THOSE FOUND IN THE CLAIM?

(2)  WAS THERE LONG FELT NEED FOR A SOLUTION TO THE PROBLEM FACING THE INVENTORS, WHICH WAS SATISFIED BY THE CLAIMED INVENTION?

(3)  DID OTHERS TRY, BUT FAIL, TO SOLVE THE PROBLEM SOLVED BY THE CLAIMED INVENTION?

(4)  DID OTHERS COPY THE CLAIMED INVENTION?

(5)  DID THE CLAIMED INVENTION ACHIEVE UNEXPECTEDLY SUPERIOR RESULTS OVER THE CLOSEST PRIOR ART?

(6)  DID OTHERS IN THE FIELD, OR LAWSON PRAISE THE CLAIMED INVENTION OR EXPRESS SURPRISE AT THE MAKING OF THE CLAIMED INVENTION?

(7)  DID OTHERS ACCEPT LICENSES UNDER THE EPLUS PATENTS BECAUSE OF THE MERITS OF THE CLAIMED INVENTION?

**ANSWERING ANY, OR ALL, OF THESE QUESTIONS "YES" MAY SUGGEST THAT THE CLAIM WAS NOT OBVIOUS.**

**PLAINTIFF'S PROPOSED INSTRUCTION P-42; PRIOR ART CONSIDERED BY THE EXAMINER**

PATENT EXAMINERS ARE INSTRUCTED THAT THEY MUST CONSIDER, DURING EXAMINATION, ALL PRIOR ART REFERENCES THAT ARE CITED ANYWHERE IN THE SPECIFICATION OF A PATENT.

ACCORDINGLY, I INSTRUCT YOU THAT THE '989 PATENT, WHICH THE PARTIES HAVE STIPULATED IS INCORPORATED BY REFERENCE INTO THE SPECIFICATION OF THE *E*PLUS PATENTS, IS DEEMED TO HAVE BEEN CONSIDERED BY THE PATENT EXAMINER DURING EXAMINATION OF THE *E*PLUS PATENTS.

**AUTHORITY**

35 U.S.C. § 282; *SYNTEX PHARMA. INT'L, LTD. v. K-LINE PHARMA, LTD.*, 721 F. SUPP. 653, 659 (D. N.J. 1989); MANUAL OF PATENT EXAMINING PROCEDURE § 905.02 (7TH ED., 1998) ("THE EXAMINER MUST FULLY CONSIDER ALL THE PRIOR ART REFERENCES CITED IN THE APPLICATION, INCLUDING THOSE CITED BY THE APPLICANT IN A PROPERLY SUBMITTED INFORMATION DISCLOSURE STATEMENT."); 35 U.S.C. §§ 111-112; MANUAL OF PATENT EXAMINING PROCEDURE § 608.01(A) (7TH ED., 1998); MANUAL OF PATENT EXAMINING PROCEDURE § 608.01(C) (7TH ED., 1998)

Respectfully submitted,

Dated: January 20, 2011

/s/
David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Michael G. Strapp (*admitted pro hac vice*)
James D. Clements (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff
*e*Plus, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 20th day of January, 2011, I will electronically file the foregoing **PLAINTIFF *e*PLUS INC.'S PROPOSED REVISIONS TO COURT'S JURY INSTRUCTIONS WITH RESPECT TO ALLEGED PRIOR ART AND INVALIDITY** with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

  /s/
David M. Young
Virginia State Bar #35997
Attorney for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com