**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S PROPOSED**
**REVISIONS TO COURT'S JURY INSTRUCTIONS**

Defendant, Lawson Software, Inc. ("Lawson"), hereby respectfully submits the following proposed revisions to the Court's jury instructions for the trial of this action.  Lawson also requests that the Court provide attached proposed instructions 1 through 3.  Lawson's proposed revisions to the Court's instructions are shown in "redline" format.

Lawson does not concede, by submitting the proposed revised instructions, that Plaintiff has met its evidentiary burdens with respect to any of the remaining issues to which the proposed instructions pertain.

Lawson reserves the right to object to any changes or new instructions proposed by ePlus.

JURY INSTRUCTION NO. 8

**EVIDENCE IN CASE-STIPULATIONS-JUDICIAL NOTICE-INFERENCES PERMITTED-CIVIL**

THE EVIDENCE IN THE CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM; AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM; AND ALL FACTS WHICH HAVE BEEN ADMITTED OR STIPULATED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, HOWEVER, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

STATEMENTS, ARGUMENTS, QUESTIONS AND OBJECTIONS OF COUNSEL ARE NOT EVIDENCE IN THE CASE. MOREOVER, STATEMENTS AND QUESTIONS OF THE COURT ARE NOT EVIDENCE IN THE CASE. ANY EVIDENCE AS TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT, AND ANY EVIDENCE ORDERED STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE, AND MUST BE ENTIRELY DISREGARDED.

YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THE CASE. BUT IN YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF WITNESSES. IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES

TESTIFY.   YOU ARE PERMITTED TO DRAW, FROM FACTS WHICH YOU FIND

HAVE BEEN PROVED, SUCH REASONABLE INFERENCES AS YOU FEEL ARE

JUSTIFIED IN THE LIGHT OF EXPERIENCE.

JURY INSTRUCTION NO. 18

THERE ARE DIFFERENT KINDS OF CLAIMS AT ISSUE IN THIS CASE. THERE ARE SYSTEM CLAIMS AND METHOD CLAIMS.  ALL CLAIMS CONTAIN ELEMENTS.

THE SYSTEM CLAIMS ARE CLAIM 3 OF THE '683 PATENT; CLAIMS 1, 2, 6, 9, 21, 22, AND 29 OF THE '516 PATENT; AND CLAIM 1 OF THE '172 PATENT.  TO INFRINGE A SYSTEM CLAIM, THE ACCUSED SYSTEM MUST CONTAIN EACH OF THE ELEMENTS IN THAT PARTICULAR CLAIM.

THERE ALSO ARE METHOD CLAIMS.  IN THIS CASE, THEY ARE CLAIMS 26, 28, AND 29 OF THE '683 PATENT.  A METHOD CLAIM RECITES A SERIES OF STEPS THAT MUST BE PERFORMED.  TO INFRINGE A METHOD CLAIM, IT MUST BE PROVED THAT ~~AN ACCUSED SYSTEM USES~~A SINGLE PARTY PERFORMS EACH OF THE STEPS AS DEFINED IN THAT CLAIM.

YOU HAVE HEARD ALSO ABOUT INDEPENDENT AND DEPENDENT CLAIMS. AN INDEPENDENT CLAIM RECITES ITS OWN ELEMENTS OR STEPS AND DOES NOT REFER TO ANY OTHER CLAIM.  A DEPENDENT CLAIM INCLUDES ALL THE ELEMENTS OR STEPS OF ANOTHER CLAIM (THE CLAIM INCLUDES ALL THE ELEMENTS OR STEPS OF ANOTHER CLAIM (THE CLAIM FROM WHICH IT DEPENDS) PLUS ONE OR MORE OTHER ELEMENTS OR STEPS.

A DEPENDENT CLAIM IS INFRINGED ONLY IF ALL ELEMENTS OR STEPS OF THE INDEPENDENT CLAIM AND THE OTHER ELEMENTS OR STEPS LISTED IN THE DEPENDENT CLAIMS ARE SHOWN TO EXIST IN AN ACCUSED SYSTEM OR METHOD.

IN THIS CASE, THE DEPENDENT CLAIMS AT ISSUE ARE CLAIM 29 OF THE '683 PATENT AND CLAIMS 2, 6, AND 22 OF THE '516 PATENT.

ALL OTHER CLAIMS AT ISSUE ARE INDEPENDENT CLAIMS.

THE CLAIMS HERE, ALL OF THEM, WHETHER SYSTEM CLAIMS OR METHOD CLAIMS, USE THE TERM "COMPRISING." ~~"COMPRISING" SIMPLY MEANS INCLUDING (BUT NOT LIMITED TO) OR CONTAINING.~~ THUS, CLAIMS THAT CONTAIN THE WORD "COMPR~~O~~MISING" COVER ANY ACCUSED SYSTEM OR METHOD THAT INCLUDES THE ELEMENTS OF THE CLAIM EVEN IF THAT ACCUSED METHOD OR SYSTEM INCLUDES ADDITIONAL FUNCTIONALITY OR STEPS. WHAT IS IMPORTANT IS WHETHER THE ACCUSED SYSTEM OR METHOD OF A CLAIM USING THE TERM "COMPRISING" INCLUDES ALL OF THE ELEMENTS OF THE CLAIM. IF SO, INFRINGEMENT IS PROVED EVEN IF THE ACCUSED SYSTEM OR METHOD INCLUDES MORE FUNCTIONALITY OR STEPS.

BMC Res., Inc. v. Paymentech, L.P., 498 F.3d 1373, 1378 (Fed. Cir. 2007) ("Direct infringement requires a party to perform or use each and every step of a claimed method or product.")(citing Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 117 S. Ct. 1040, 137 L. Ed. 2d 146 (1997)); Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1329 (Fed. Cir. 2008).

JURY INSTRUCTION NO. 19

OF COURSE, TO DECIDE THE ISSUES OF INFRINGEMENT AND INVALIDITY, YOU NEED TO UNDERSTAND THE CLAIMS OF EACH OF THOSE THREE PATENTS. THAT IS BECAUSE THE CLAIMS DEFINE THE BOUNDARIES OF THE INVENTION.

EACH PATENT AT ISSUE IS IN YOUR JURY NOTEBOOKS. EACH CLAIM THAT IS AT ISSUE IN EACH PATENT IS HIGHLIGHTED IN YELLOW. THE COURT HAS DEFINED SOME OF THE CLAIM TERMS AND YOU MUST USE THOSE DEFINITIONS IN DECIDING BOTH THE ISSUE OF INFRINGEMENT AND THE ISSUE OF INVALIDITY. THE DEFINITIONS ARE THOSE AS WOULD BE GIVEN BY ONE OF ORDINARY SKILL IN THE ART.

ONE OF ORDINARY SKILL IN THE ART IS SOMEONE ~~A PERSON~~ IN THE FIELD OF COMPUTER SCIENCE WITH AN UNDERGRADUATE BACHELOR OF SCIENCE DEGREE AND SOME PRACTICAL PROGRAMMING EXPERIENCE, PERHAPS ABOUT A YEAR OR TWO OF EXPERIENCE, AND HAVING AN UNDERSTANDING OF BASIC PRINCIPLES OF SUPPLY CHAIN MANAGEMENT AND PROCUREMENT IN THE 1993 TO MID-1994 TIME FRAME.

IF THE COURT HAS NOT GIVEN YOU A DEFINITION, THEN THE WORDS OF A CLAIM ARE TO BE GIVEN THEIR USUAL AND ORDINARY MEANINGS.

THE PARTS OF THE PATENT THAT PRECEDE THE CLAIMS ARE THE ABSTRACT AND THE WRITTEN DESCRIPTION OR SPECIFICATION. NEITHER THE WRITTEN DESCRIPTION NOR THE DRAWINGS (THE FIGURES) CAN BE INFRINGED, ONLY THE CLAIMS THEMSELVES CAN BE INFRINGED.

JURY INSTRUCTION NO. 20

PUBLISHED BY A VENDOR IS USED IN THE DEFINITION OF THE
CLAIM TERM "CATALOG/PRODUCT CATALOG."  "PUBLISHED" SIMPLY MEANS
"TO MAKE GENERALLY KNOWN."  "PUBLISHED BY A VENDOR" SIMPLY MEANS
THAT, AT SOME POINT IN TIME, A VENDOR SUCH AS "A SUPPLIER, A
MANUFACTURER OR DISTRIBUTOR," HAS MADE GENERALLY KNOWN ~~OR HAS~~
~~DISCLOSED~~ AN ORGANIZED COLLECTION OF ITEMS AND ASSOCIATED
INFORMATION, PREFERABLY (BUT NOT NECESSARILY), INCLUDING A PART
NUMBER, PRICE, CATALOG NUMBER, VENDOR NAME, VENDOR ID, A TEXTUAL
DESCRIPTION OF THE ITEM, AND IMAGES OF OR RELATING TO THE ITEM.

JURY INSTRUCTION NO. 23

**INFRINGEMENT – GENERALLY**

PATENT LAW GIVES THE OWNER OF A VALID PATENT THE RIGHT TO EXCLUDE OETHERS FROM IMPORTING, MAKING, USING, OFFERING TO SELL, OR SELLING THE PATENTED INVENTION OR A PRODUCT MADE BY A PATENTED METHOD WITHIN THE UNITED STATES DURING THE TERM OF THE PATENT.  ANY PERSON OR BUSINESS ENTITY THAT HAS ENGAGED IN ANY OF THOSE ACTS WITHOUT THE PATENT OWNER'S PERMISSION INFRINGES THE PATENT.  THE PARTIES AGREE THAT EPLUS HAS NOT GIVEN ANY SUCH PERMISSION TO LAWSON.  HERE, EPLUS ALLEGES THAT LAWSON'S ACCUSED SYSTEMS AND METHODS PERFORMED BY LAWSON DIRECTLY AND INDIRECTLY INFRINGE CLAIMS 3, 26, AND 29 OF THE '683 PATENT, CLAIMS 1, 2, 6, 9, 21, 22, AND 29 OF THE '516 PATENT AND CLAIM 1 OF THE '172 PATENT.

THE VERDICT FORM ASKS YOU TO DETERMINE WHETHER EPLUS HAS SHOWN ~~BY A PREPONDERANCE OF THE EVIDENCE~~ WHETHER ANY OF LAWSON'S ACCUSED SYSTEMS OR METHODS PERFORMED BY LAWSON INFRINGE, EITHER DIRECTLY OR INDIRECTLY, THE ASSERTED CLAIMS OF THE THREE EPLUS PATENTS.  EPLUS MUST PROVE INFRINGEMENT BY A PREPONDERENCE OF THE EVIDENCE.  PREPONDERENCES OF THE EVIDENCE MEANS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN NOT SO, OR, IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE IN THE CASE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE, AND PRODUCES IN YOUR MINDS BELIEF

THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE.

INFRINGEMENT IS ASSESSED ON A CLAIM-BY-CLAIM BASIS. THEREFORE THERE MAY BE AN INFRINGEMENT AS TO ONE CLAIM BY NOT INFRINGEMENT AS TO ANOTHER.

TO DECIDE INFRINGEMENT, YOU MUST ONLY COMPARE LAWSON'S ACCUSED SYSTEMS AND METHODS PERFORMED BY LAWSON TO THE CLAIMS OF THE EPLUS PATENTS. ~~YOU HAVE HEARD EVIDENCE ABOUT BOTH EPLUS'S COMMERCIAL PRODUCTS AND METHODS AND LAWSON'S ACCUSED SYSTEMS AND METHODS. HOWEVER,~~ IN DECIDING THE ISSUE OF INFRINGEMENT, YOU MAY NOT COMPARE LAWSON'S ACCUSED SYSTEMS AND METHODS PERFORMED BY LAWSON TO EPLUS'S COMMERCIAL PRODUCTS AND METHODS PERFORMED BY EPLUS. AGAIN, THE COMPARISON YOU MAKE IS BETWEEN THE EPLUS PATENTS AND THE LAWSON SYSTEMS AND METHODS THAT ARE ACCUSED OF INFRINGEMENT.

A PATENT MAY BE INFRINGED DIRECTLY OR INDIRECTLY. DIRECT INFRINGEMENT OF A SYSTEM CLAIM RESULTS IF THE ACCUSED PRODUCT ~~OR METHOD~~ IS COVERED BY ONE OR MORE (OR ALL) CLAIM OF THE PATENT. DIRECT INFRINGEMENT OF A METHOD CLAIM RESULTS IF A SINGLE PARTY PERFORMS ALL OF THE STEPS OF A METHOD CLAIM. INDIRECT INFRINGEMENT RESULTS IF THE DEFENDANT INDUCES ANOTHER TO INFRINGE A PATENT OR CONTRIBUTES TO THE INFRINGEMENT OF A PATENT BY ANOTHER. I WILL NOW EXPLAIN EACH OF THESE TYPES OF INFRINGEMENT IN MORE DETAIL.

JURY INSTRUCTION NO. 25

**INFRINGEMENT: CAPABLE OF INFRINGEMENT**

IN EVERY INFRINGEMENT ANALYSIS, THE LANGUAGE OF THE CLAIMS, AS WELL AS THE NATURE OF THE ACCUSED SYSTEM OR METHOD, DICTATES WHETHER AN INFRINGEMENT HAS OCCURRED.   TO INFRINGE A CLAIM THAT INCLUDES CLAIM ELEMENTS RECITING~~S~~ CAPABILITY AND NOT ACTUAL OPERATION, AN ACCUSED SYSTEM OR METHOD NEED ONLY BE CAPABLE OF PERFORMING THOSE ELEMENTS RECITING CAPABILITY.~~OPERATING IN THE DESCRIBED MODE.~~   THUS, DEPENDING ON THE CLAIMS, AN ACCUSED SYSTEM OR METHOD MAY BE FOUND TO INFRINGE IF IT IS REASONABLY CAPABLE OF SATISFYING THE CLAIM LIMITATIONS, EVEN THOUGH THE SYSTEM OR METHOD ALSO MAY BE CAPABLE OF NONINFRINGING MODES OF OPERATION.   THE FACT THAT A PRODUCT OR PROCESS MAY OPERATE IN A MANNER THAT DOES NOT INFRINGE IS NOT A DEFENSE TO A CLAIM OF INFRINGEMENT AGAINST LAWSON IF ITS SYSTEM IS ALSO REASONABLY CAPABLE OF OPERATING IN A MANNER THAT SATISFIES THE CLAIM LIMITATIONS.

JURY INSTRUCTION NO. 26

**INDUCING PATENT INFRINGEMENT**

EPLUS ALSO ASSERTS THAT LAWSON HAS ACTIVELY INDUCED OTHERS (IN PARTICULAR LAWSON'S CUSTOMERS) TO INFRINGE THE PATENT.  TO SHOW INDUCED INFRINGEMENT, EPLUS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT SOMEONE (HERE LAWSON'S CUSTOMERS) HAS DIRECTLY INFRINGED THE EPLUS PATENTS AND THAT LAWSON HAS ACTIVELY AND KNOWINGLY AIDED AND ABETTED THAT DIRECT INFRINGEMENT.  EPLUS MUST SHOW THAT LAWSON ACTUALLY INTENDED TO CAUSE ~~THE ACTS THAT CONSTITUTE~~ DIRECT INFRINGEMENT, THAT LAWSON KNEW OF THE PATENT, AND THAT LAWSON KNEW OR SHOULD HAVE KNOWN THAT ITS ACTIONS WOULD LEAD TO ACTUAL INFRINGEMENT.  KNOWLEDGE OF THE PATENT MAY BE ESTABLISHED BY A FINDING THAT LAWSON HAD ACTUAL KNOWLEDGE OF THE PATENT OR THAT LAWSON DELIBERATELY DISREGARDED A KNOWN RISK THAT EPLUS HAD A PROTECTIVE PATENT. THIS IS NOT TO SAY THAT THE MERE BELIEF THAT LAWSON "SHOULD HAVE KNOWN" THAT EPLUS HAD PROTECTIVE PATENTS ESTABLISHES THAT LAWSON DID IN FACT KNOW OF THE PATENTS.  ~~MOREOVER, PROOF OF KNOWLEDGE THROUGH A SHOWING OF DELIBERATE INDIFFERENCE MAY BE DEFEATED, HOWEVER, WHERE AN ACCUSED INFRINGER ESTABLISHES THAT HE ACTUALLY BELIEVED THAT A PATENT COVERING THE ACCUSED PRODUCT OR METHOD DID NOT EXIST.~~  INTENT TO CAUSE ~~THE ACTS THAT CONSTITUTE~~ DIRECT INFRINGEMENT MAY BE DEMONSTRATED BY EVIDENCE OF ACTIVE STEPS TAKEN TO ENCOURAGE DIRECT INFRINGEMENT, SUCH AS ADVERTISING AN

INFRINGING USE OR INSTRUCTING HOW TO ENGAGE IN AN INFRINGING USE.   IT IS NOT NECESSARY TO SHOW THAT LAWSON HAS DIRECTLY INFRINGED AS LONG AS YOU FIND THAT SOMEONE HAS DIRECTLY INFRINGED.   IF THERE IS NO DIRECT INFRINGEMENT BY ANYONE, THERE CAN BE NO INDUCED INFRINGEMENT.   AND, INDUCED INFRINGEMENT MUST BE ASSESSED ON A CLAIM BY CLAIM BASIS.

AUTHORITY: <u>DSU Medical Corp. v. JMS Co.</u>, 471 F.3d 1293 (Fed. Cir. 2006) (en banc in part); <u>SEB S.A. v. Montgomery Ward & Co.</u>, 594 F.3d 1360, 1376-77 (Fed. Cir. 2010) <u>cert. granted</u>, ___ S.Ct. ___, 2010 WL 2629783 (Oct. 12, 2010).

JURY INSTRUCTION NO. 27

**INDIRECT INFRINGEMENT - - CONTRIBUTORY INFRINGEMENT**

EPLUS ALSO ARGUES THAT LAWSON IS LIABLE FOR CONTRIBUTORY INFRINGEMENT BY CONTRIBUTING TO THE DIRECT INFRINGEMENT OF THE EPLUS PATENTS BY THEIR PARTIES (I.E., LAWSON'S CUSTOMERS).   AS WITH DIRECT INFRINGEMENT, YOU MUST DETERMINE CONTRIBUTORY INFRINGEMENT ON A CLAIM-BY-CLAIM BASIS.

LAWSON IS LIABLE FOR CONTRIBUTORY INFRINGEMENT OF A CLAIM IF EPLUS PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT:

(1) LAWSON SELLS, OFFERS TO SELL, OR IMPORTS WITHIN THE UNITED STATES A COMPONENT OF A LAWSON SYSTEM OR APPARATUS FOR USE IN A PROCESS, DURING THE TIME THE EPLUS PATENT IS IN FORCE;

(2) THE COMPONENT OR APPARATUS HAS NOT SUBSTANTIAL, NONINFRINGING USE;

(3) THE COMPONENT OR APPARATUS CONSTITUTES A MATERIAL PART OF THE INVENTION OF THE EPLUS PATENT;

(4) LAWSON IS AWARE OF THE EPLUS PATENT AND KNOWS THAT THE SYSTEM FOR WHICH THE COMPONENT OR APPARATUS HAS NO OTHER SUBSTANTIAL USE MAY BE COVER BY A CLAIM OF THE EPLUS PATENT; AND

(5) THAT USE DIRECTLY INFRINGES THE CLAIM.

IT IS NOT NECESSARY TO SHOW THAT LAWSON HAS DIRECTLY INFRINGED AS LONG AS YOU FIND THAT SOMEONE HAS DIRECTLY INFRINGED.  IF THERE IS NO DIRECT INFRINGEMENT BY ANYONE, THERE

CAN BE NO CONTRIBUTORY INFRINGEMENT.  AND, CONTRIBUTORY

INFRINGEMENT MUST ALSO BE ASSESSED ON A CLAIM BY CLAIM BASIS.

JURY INSTRUCTION NO. 32

**PRIOR PUBLIC KNOWLEDGE**

LAWSON CONTENDS THAT ALL OF THE CLAIMS OF THE EPLUS PATENTS WERE ~~ANTICIPATED~~ RENDERED OBVIOUS BECAUSE THE INVENTIONS DEFINED IN THOSE CLAIMS WERE PUBLICLY KNOWN BY OTHERS IN THE UNITED STATES BEFORE THEY WERE INVENTED BY THE INVENTOR(S).

YOU ARE INSTRUCTED THAT THE INVENTIONS DEFINED BY THE EPLUS PATENT CLAIMS WERE INVENTED ON AUGUST 10, 1994.

A PATENT CLIAM IS INVALID IF THE INVENTION DEFINED IN THAT CLAIM WAS PUBLICLY KNOWN BY OTHERS IN THE UNITED STATES BEFORE IT WAS INVENTED BY THE INVENTORS.

JURY INSTRUCTION NO. 33

**PRIOR PUBLIC USE**

LAWSON ALSO CONTENDS THAT ALL OF THE CLAIMS OF THE EPLUS PATENTS WERE ~~ANTICIPATED~~ RENDERED OBVIOUS BECAUSE THE INVENTIONS DEFINED IN THOSE CLAIMS WERE PUBLICLY USED BY OTHERS IN THE UNITED STATES BEFORE THEY WERE INVENTED BY THE INVENTORS, OR THEY WERE PUBLICLY USED IN THE UNITED STATES MORE THAN ONE YEAR BEFORE THE EPLUS INVENTORS FILED THEIR PATENT APPLICATION ON AUGUST 10, 1994.

AS I SAID BEFORE, THE INVENTIONS DEFINED BY THE EPLUS PATENT CLAIMS WERE INVENTED ON AUGUST 10, 1994.

A PATENT CLAIM IS INVALID IF THE INVENTION DEFINED IN THAT CLAIM WAS PUBLICLY USED BY A PERSON OTHER THAN THE PATENTEE IN THE UNITED STATES BEFORE IT WAS INVENTED BY THE PATENTEE, OR WAS PUBLICLY USED BY ANYONE IN THE UNITED STATES MORE THAN ONE YEAR BEFORE THE EFFECTIVE FILING DATE OF THE PATENTEE'S PATENT APPLICATION.

AN INVENTION IS PUBLICLY USED IF IT IS USED BY THE INVENTOR OR BY A PERSON WHO IS NOT UNDER ANY LIMITATION, RESTRICTION, OR OBLIGATION OF SECRECY TO THE INVENTOR. THE ABSENCE OF AFFIRMATIVE STEPS TO CONCEAL IS EVIDENCE OF A PUBLIC USE. HOWEVER, SECRET USE BY A THIRD PARTY IS NOT PUBLIC. ~~IF THE PUBLIC USE WAS AN EXPERIMENTAL USE PERFORMED IN ORDER TO BRING THE INVENTION TO PERFECTION OR TO DETERMINE IF THE INVENTION WAS~~

~~CAPABLE OF PERFORMING ITS INTENDED PURPOSE THEN SUCH A USE DOES~~

~~NOT INVALIDATE THE CLAIM.~~

JURY INSTRUCTIONS NO. 35

**PRIOR PUBLIC SALE**

LAWSON ALSO CONTENDS THAT ALL OF THE CLAIMS OF THE EPLUS PATENTS WERE ~~ANTICIPATE BECAUSE~~ RENDERED OBVIOUS BECAUSE THE ~~INVENTORS~~ INVENTIONS DEFINED IN THOSE CLAIMS WERE PUBLICLY SOLD OR OFFERED FOR SALE MORE THAN ONE YEAR BEFORE THE EPLUS INVENTORS FILED THEIR PATENT APPLICATION ON AUGUST 10, 1994.

A PATENT CLAIM IS INVALID IF, MORE THAN ONE YEAR BEFORE THE PATENT APPLICATION DATE, AN EMBODIMENT OF THE CLAIMED INVENTION WAS BOTH (1) SUBJECT TO COMMERCIAL OFFER FOR SALE IN THE UNITED STATES; AND (2) READY FOR PATENTING.

AN INVENTION WAS "ON SALE" IF THE CLAIMED INVENTION WAS EMBODIED IN THE THING SOLD OR COMMERCIALLY OFFERED FOR SALE.  IT IS NOT REQUIRED THAT A SALE WAS ACTUALLY MADE.  THE ESSENTIAL QUESTION IS WHETHER OR NOT THERE WAS AN ATTEMPT TO OBTAIN COMMERCIAL BENEFIT FROM THE INVENTION.

~~IN ORDER TO BE ON SALE, THE INVENTION CLAIMED IN THE PATENT MUST HAVE BEEN READY FOR PATENTING AT THE TIME OF THE ALLEGED OFFER FOR SALE IS MADE.  AND INVENTION IS READY FOR PATENTING EITHER WHEN IT IS REDUCED TO PRACTICE OR WHEN THE INVENTOR HAS PREPARED DRAWINGS OR OTHER DESCRIPTIONS OF THE INVENTION SUFFICIENT TO ALLOW A PERSON OF ORDINARY SKILL IN THE ART TO MAKE OR USE THE INVENTION.  THE CLAIMED INVENTION IS READY FOR~~

~~PATENTING WHEN THERE IS REASON TO BELIEVE IT WOULD WORK FOR ITS~~

~~INTENDED PURPOSE.~~

JURY INSTRUCTIONS NO. 36

**PRINTED PUBLICATION**

LAWSON ALSO CONTENDS THAT ALL OF THE CLAIMS OF THE EPLUS PATENTS WERE ~~ANTICIPATED~~ RENDERED OBVIOUS BECAUSE THE INVENTIONS DEFINED IN THOSE CLAIMS WERE DESCRIBED IN ONE OR MORE~~A~~ PRINTED PUBLICATIONS THAT ~~WAS~~ WERE PUBLISHED EITHER BEFORE THE INVENTORS MADE THE CLAIMED INVENTIONS ON AUGUST 10, 1994 OR MORE THAN ONE YEAR BEFORE THE INVENTORS FILED THEIR U.S. PATENT APPLICATIONS ON AUGUST 10, 1994.

A PATENT CLAIM IS INVALID IF THE INVENTION DEFINED BY THAT CLAIM WAS DESCRIBED IN A PRINTED PUBLICATION BEFORE IT WAS INVENTED BY THE PATENTEE OR MORE THAN ONE YEAR PRIOR TO THE FILING DATE OF THE U.S. PATENT APPLICATION.

A PRINTED PUBLICATION MUST BE REASONABLY ACCESSIBLE TO THOSE MEMBERS OF THE PUBLIC WHO WOULD BE INTERESTED IN ITS CONTENTS OR WHO WOULD BE MOST LIKELY TO USE IT.  AN ALLEGED PRIOR ART REFERENCE IS REASONABLY ACCESSIBLE UPON A SATISFACTORY SHOWING THAT THE DOCUMENT WAS DISSEMINATED OR OTHERWISE MADE AVAILABLE TO THE EXTENT THAT PERSONS INTERESTED AND ORDINARILY SKILLED IN THE ART EXERCISING REASONABLE DILIGENCE CAN LOCATE IT.

IT IS NOT NECESSARY THAT THE PRINTED PUBLICATION BE AVAILABLE TO EVERY MEMBER OF THE PUBLIC.  THUS, PUBLICATIONS MAY INCLUDE NOT ONLY SUCH THINGS AS BOOKS, PERIODICAL OR NEWSPAPERS,

BUT ALSO PUBLICATION THAT ARE NOT AS WIDELY AVAILABLE TO THE PUBLIC SUCH AS TRADE CATALOGUES, JOURNAL ARTICLES, OR SCHOLARLY PAPERS THAT ARE DISTRIBUTED OR AVAILABLE TO THOSE SKILLED IN THE FIELD OF THE INVENTION.   THE INFORMATION MUST, HOWEVER, HAVE BEEN MAINTAINED IN SOME FORM, SUCH AS PRINTED PAGES, TYPEWRITTEN PAGES, MAGNETIC TAPE, MICROFILM, PHOTOGRAPHS, OR PHOTOCOPIES. ~~AN ISSUED PATENT IS A PRINTED PUBLICATION.   A PUBLISHED PATENT APPLICATION IS A PRINTED PUBLICATION AS OF ITS PUBLICATION DATE.~~

FOR A PRINTED PUBLICATION TO ANTICIPATE A PATENT CLAIM, IT MUST, WHEN READ BY A PERSON OF ORDINARY SKILL IN THE ART, EXPRESSLY OR INHERENTLY DISCLOSE EACH ELEMENT OF THE CLAIMED INVENTION TO THE READER. THE DISCLOSURE MUST BE COMPLETE ENOUGH TO ENABLE ONE OF ORDINARY SKILL IN THE ART TO PRACTICE THE INVENTION WITHOUT UNDUE EXPERIMENTATION.   IN DETERMINING WHETHER THE DISCLOSURE IS ENABLING, YOU SHOULD TAKE INTO ACCOUNT WHAT WOULD HAVE BEEN WITHIN THE KNOWLEDGE OF A PERSON OF ORDINARY SKILL IN THE ART ONE YEAR BEFORE THE APPLICATION FOR THE EPLUS PATENTS WERE FILED ON AUGUST 10, 1994, AND YOU MAY CONSIDER EVIDENCE THAT SHEDS LIGHT ON THE KNOWLEDGE SUCH A PERSON WOULD HAVE HAD.

JURY INSTRUCTIONS NO. 37

**PRIOR ~~PATENTS AND~~ PATENT APPLICATIONS**

LAWSON ALSO CONTENDS THAT ALL OF THE CLAIMS OF EPLUS'S PATENTS WERE ANTICIPATED BY A ~~PRIOR ISSUED PATENT OR A~~ PATENT THAT ISSUED FORM A PRIOR PATENT APPLICATION.

~~AN ISSUED PATENT MAY BE PRIOR ART TO A PATENT CLAIM UNDER A NUMBER OF DIFFERENT CIRCUMSTANCES.~~

~~FIRST, A PATENT ISSUED ANYWHERE IN THE WORLD, LIKE A PRINTED PUBLICATION, MAY BE PRIOR ART TO A PATENT CLAIM IF THE PATENT ISSUED EITHER BEFORE THE INVENTOR MADE THE CLAIMED INVENTION, OR MORE THAN ONE YEAR BEFORE THE APPLICATION FOR THE PATENT WAS FILED.~~

~~SECOND,~~ A U.S. PATENT MAY BE PRIOR ART TO A PATENT CLAIM EVEN IF THE PATENT ISSUED AFTER THE FILING DATED OF THE PATENTS-IN-SUIT.  THIS OCCURS WHEN THE PATENT APPLICATION FOR THE U.S. PATENT WAS FILED BY ANOTHER PERSON BEFORE THE SUBJECT MATTER OF THAT PATENTS-IN-SUIT WAS INVENTED.

IN THIS CASE, LAWSON RELIES ON THE FOLLOWING AS PRIOR ART PATENTS TO THE PATENTS-IN-SUIT:

JOHNSON ET AL. (U.S. PATENT NO. 5,712,989);

~~KING ET AL. (U.S. PATENT NO. 5,319,542); AND~~

~~DWORKIN (U.S. PATENT NO. 4,992,940).~~

~~IN THIS CASE, EPLUS ADMITS THAT THE KING AND DWORKIN PATENTS ARE PRIOR ART BUT IT DOES NOT ADMIT THAT EITHER PATENT~~

~~ANTICIPATES THE EPLUS PATENTS IN SUIT.~~ EPLUS DISPUTES THAT THE

JOHNSON PATENT IS PRIOR ART.

JURY INSTRUCTIONS NO. 42

**FACTORS INDICATING NONOBVIOUSNESS**

BEFORE DECIDING THE ISSUE OF OBVIOUSNESS, YOU MUST ALSO CONSIDER CERTAIN FACTORS, WHICH, IF ESTABLISHED, MAY INDICATE THAT THE INVENTION WOULD NOT HAVE BEEN OBVIOUS.  NO FACTOR ALONE IS DISPOSITIVE, AND YOU MUST CONSIDER THE OBVIOUSNESS OR NONOBVIOUSNESS OF THE INVENTION AS A WHOLE.

(1) WERE ePLUS'S PRODUCTS THAT ARE COVERED BY THE CLAIM COMMERCIALLY SUCCESSFUL DUE TO THE MERITS OF THE CLAIMED INVENTION RATHER THAN DUE TO ADVERTISING, PROMOTION, SALESMANSHIP, OR FEATURES OF THE PRODUCT OTHER THAN THOSE FOUND IN THE CLAIM?

(2) WAS THERE LONG FELT, BUT UNRESOLVED NEED FOR A SOLUTION TO THE PROBLEM FACING THE INVENTORS, WHICH WAS SATISFIED BY THE CLAIMED INVENTION?

(3) DID OTHERS TRY, BUT FAIL, TO SOLVE THE PROBLEM SOLVED BY THE CLAIMED INVENTION?

(4) DID OTHERS COPY THE CLAIMED INVENTION?

(5) DID THE CLAIMED INVENTION ACHIEVE UNEXPECTEDLY SUPERIOR RESULTS OVER THE CLOSEST PRIOR ART?

(6) DID OTHERS IN THE FIELD, OR LAWSON PRAISE THE CLAIMED INVENTION OR EXPRESS SURPRISE AT THE MAKING OF THE CLAIMED INVENTION?

(7) DID OTHERS ACCEPT LICENSES UNDER THE EPLUS PATENTS BECAUSE OF THE MERITS OF THE CLAIMED INVENTION?

LAWSON-PROPOSED JURY INSTRUCTION NO. 1

THROUGHOUT THIS TRIAL YOU HAVE HEARD LAY WITNESS AND SEEN DOCUMENTS USE WORDS OR TERMS THAT ARE PART OF THE CLAIMS OF THE PATENTS IN SUIT AND THAT THE COURT HAS CONSTRUED.  THE USE OF THESE TERMS BY LAY WITNESSES IS NOT NECESSARILY WITH THE SAME MEANING THE COURT HAS APPLIED TO THE TERMS.  THE USE OF THESE TERMS IN TRIAL EXHIBITS IS NOT NECESSARILY WITH THE SAME MEANING THE COURT HAS APPLIED TO THE TERMS.  IN MOST IF NOT ALL CASES, THESE LAY WITNESSES ARE NOT EVEN AWARE OF THE COURT'S CONSTRUCTION OF THESE TERMS.

LAWSON PROPOSED JURY INSTRUCTION NO. 2

THE FACE OF ANY PATENT ISSUED BY THE UNITED STATES PATENT AND TRADEMARK OFFICE LISTS THE REFERENCES THAT WERE CITED TO THE PATENT AND TRADEMARK OFFICE UNDER THE HEADING "REFERENCES CITED." THIS LIST INCLUDES ALL THE REFERENCES THE EXAMINER CONSIDERED AS PRIOR ART WHEN DETERMINING WHETHER TO GRANT A PATENT TO THE CLAIMED SUBJECT MATTER.

LAWSON PROPOSED JURY INSTRUCTION NO. 3

LAWSON HAD NO DUTY TO GET AN OPINION FROM COUNSEL ON WHETHER OR

NOT IT INFRINGES EPLUS'S PATENTS.  BOTH PARTIES IN THIS CASE

HAVE RECEIVED ADVICE FROM COUNSEL WITHOUT DISCLOSING THAT ADVICE

TO THE OTHER PARTY.  THIS IS NORMAL.  YOU MAY MAKE NO

DETERMINATIONS BASED ON THE FACT THAT LAWSON DID NOT DISCLOSE

THE OPINION IT RECEIVED FROM ITS LAWYERS TO EPLUS.  THAT FACT

HAS NOTHING TO DO WITH THIS CASE.


Broadcom Corp. v. Qualcomm Inc., 543 F.3d 683 (Fed. Cir. 2009);
Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383
F.3d 1337 (Fed. Cir. 2004) (en banc).

LAWSON SOFTWARE, INC.


By     /s/
            Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339


Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 21st day of January 2011, a true copy of the foregoing will be filed

electronically with the Clerk of Court using the CM/ECF system, which will send a notification

of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

                    /s/
_____
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*