IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09CV620 (REP) |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OBJECTION AND PROPOSED AMENDMENT TO EPLUS INC.'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS WITH RESPECT TO INCORPORATION BY REFERENCE AND PRIOR ART CONSIDERED BY THE EXAMINER**

Lawson objects to the inclusion of ePlus's proposed jury instructions with respect to "Incorporation by Reference" (P-40) and "Prior Art Considered by the Examiner" (P-42). ePlus requests an instruction that "Patent examiners are instructed that they must consider, during examination, all prior art references that are cited anywhere in the specification of a patent." (P-42.) ePlus further requests that the instruction deem that the patent office considered the '989 patent during examination of the ePlus Patents. ePlus's proposed instruction number 42 is contrary to the law, inconsistent with the facts, and directly contradicts the evidence of the reexaminations that were excluded by the Court.

ePlus also requests an instruction that "incorporation by reference" is a phrase that allows a patent applicant to make another document become part of the patent application in such a manner that the incorporated document is considered to be part of the patent application just as if the incorporated document had been fully set out in the patent application. Based on the

testimony during trial, arguments related to objections over this topic, and the Court's instructions, that jury instruction is unfairly prejudicial and is likely to lead to jury confusion.

### I.  ePlus's Request for a Jury Instruction that Deems the Patent Office Considered the '989 Patent Is Legally and Factually Incorrect.

The Patent Office will only consider prior art that is submitted to the Office under specific rules. MPEP § 609 sets forth the requirements for submitting information to the Patent Office so that the information will be considered by the examiner. MPEP § 609 (7th Ed. 1998) (relevant sections attached as Exhibit A).[1] "In order to have information considered by the Office during the pendency of a patent application, an information disclosure statement in compliance with 37 CFR 1.98 as to the content must be filed in accordance with the procedural requirements of 37 CFR 1.97. *Id.* Once the patentee satisfies the minimum requirements of 37 CRF 1.97-98, the examiner has an obligation to consider the information. *Id.* "These rules provide certainty for the public by defining the requirements for submitting information to the Office so that the Office will consider information before a patent is granted." *Id.* "Information submitted to the Office that does not comply with the requirements of 37 CFR 1.97 and 37 CFR 1.98 **will not be considered** by the Office but will be placed in the application file." *Id.* (emphasis added)

MPEP § 609(A)(1) provides that the list of references "**may not be incorporated into the specification but must be submitted in a separate paper**." MPEP § 609(A)(1) (7th Ed. 1998) (emphasis added); *IDEC Pharms. v. Corixa Corp.*, 2003 U.S. Dist. LEXIS 18465, *37 (S.D. Cal. 2003) (holding Section 609 "clearly mandates" that an alternative submission such as in the specification is insufficient; negative treatment on other grounds). "A separate list is required so that it is easy to confirm that applicant intends to submit an information disclosure

---

[1] The current MPEP contains similar provisions as set forth in Sections 609.04(a) and 609.05(a).

statement and because it provides a readily available checklist for the examiner to indicate which identified documents have been considered." MPEP § 609(A)(1). "A copy of a separate list will also provide a simple means of communication to applicant to indicate the listed documents that have been considered and those listed documents that have not been considered." *Id.*

ePlus cites §608.01(A) (7th Ed. 1998) and 608.01(C) (7th Ed. 1998) in support of its instruction that the patent examiner is deemed to have considered the '989 patent as part of the examination. Those sections merely set forth the requirements for submission to the Patent Office. Moreover, ePlus's reliance on section 608 is inappropriate—Section 609 is the appropriate section. *IDEC Pharms.*, 2003 U.S. Dist. LEXIS 18465 at *35. ePlus also cites MPEP § 905.02 [sic][2] and *Syntex Pharma Int'l Ltd. v. K-Line Pharma, Ltd.*, 721 F. Supp. 653, 659 (D.N.J. 1989) as support for its position that "the examiner must fully consider all of the prior art references cited in the application, including those cited by the applicant in a properly submitted information disclosure statement." Section 904.02, however, deals with the patent examiner's search. Indeed, the title of Section 904.02 is "Conducting the Search." MPEP § 904.02 (7th Ed. 1998). That section does not deal with the incorporation of a reference in a specification. Moreover, the *Syntex* case was a lone district court case from 1989 that is contrary to the relevant Patent Office procedure requirements.

When the '683 patent was filed, the sole reference to the Fisher Scientific Requisition and Inventory Management System was in the specification. Indeed, the reference was not initially to the '989 patent, but to Application Serial No. 08/042,168, the Fisher Scientific application that eventually matured into the '989 patent. There are no facts that the Patent Office considered the application for the '989 patent or the '989 patent as prior art despite the fact that it qualified as prior art.

---

[2] The section that contains the applicable quotation is 904.02 (7th Ed. 1998).

3

Moreover, ePlus's requested instruction is directly contrary to the Patent Office files on this very subject that were excluded with the reexamination files. ePlus should not be permitted to an instruction that directly contradicts the reality that the Patent Office did not consider the '989 patent at the time of examination. Such an action highly prejudices Lawson because it was precluded from presenting the full story to the jury. Below are excerpts from the decisions granting reexamination of each of the patents-in-suit that confirm **the Patent Office did not consider the '989 patent as prior art**.

> **'172 Patent**
>
> 6. Each of the references noted above are newly cited by the Third Party Requester and were not considered, nor discussed during the prosecution of the application that became the '172 Patent. Further, as discussed by the Third Party Requester on page 13 of the Request, the Johnson '989 Patent was referenced in the Background of the Invention of the '172 Patent, but the reference was not used as the basis for any rejection, nor is the record clear that the examiner at the time considered the Johnson '989 Patent. Thus, in this proceeding the Johnson '989 Patent is being viewed in a new light with respect tot the original prosecution of the application that became the '172 Patent.
>
> (excerpts from '172 reexamination).

> **'516 Patent**
>
> 5. The examiner notes that the King '542 Patent, the TV/2 Manual, and the TV/2 Brochure are each listed on the face of the patent, and were included in the Information Disclosure Statement that was filed by the applicant of the prosecution of the '516 Patent. However, there was no specific discussion of these references, nor were these references utilized in any rejection

> by the examiner in the original prosecution of the claims. Further the reference of Johnson'989 was cited in the specification of the '516 Patent (i.e., in col. 1, lines 13-21), but the reference was not of record, nor was this reference discussed by the examiner, or used in any rejection of the claims of the '516 Patent. Upon inspection of the Johnson'989 Patent, the examiner notes that the reference carries a different inventive entity than that of the instant application that matured into the '516 Patent, and is not part of the priority chain of the instant '516 Patent. Thus, the reference is seen to qualify as prior art under 35 U.S.C. 102(e).

(excerpts from '516 reexamination).

> **'683 Patent**
> 7. Further the reference of Johnson'989 was cited in the specification of the '683 Patent (i.e., in col. 1, lines 13-17), but the reference was not of record, nor was this reference discussed by the examiner, or used in any rejection of the claims of the '683 Patent. Upon inspection of the Johnson'989 Patent, the examiner notes that the reference carries a different inventive entity than that of the instant application that matured into the '683 Patent, and is not part of the priority chain of the instant '683 Patent. Thus, the reference is seen to qualify as prior art under 35 U.S.C. 102(e).

(excerpts from '683 reexamination)

The decisions granting reexamination of the patents-in-suit directly contradict ePlus's proposed instruction number 42. That the Court excluded these reexamination files does not mean that ePlus may create an alternate reality. The law is clear that the Patent Office was under no obligation to consider the application of the '989 patent as prior art. Indeed, the law specifically states that the examiner may not consider the incorporation in the specification as prior art. The Court should deny ePlus's request to include Plaintiff's Instruction No. 42.

## II. ePlus's Request for a Jury Instruction related to "Incorporation by Reference" will cause Unfair Prejudice and Jury Confusion As Written.

ePlus's request to include a jury instruction on the definition of "Incorporated by Reference will cause unfair prejudice and jury confusion based on the testimony at trial. The jury heard testimony and argument on objections related to whether the incorporation of the '989 patent by reference in the specification of the patents in suit equates to a disclosure of prior art to the Patent Office. (Tr. at 2211:9 – 2214:16.) During the questioning, the Court made the statement, "Whether it was disclosed on the cover or disclosed in the text doesn't make any difference." (Tr. 2211:25 – 2212:1.) As discussed above, the patentees incorporation of a document by reference and the patent examiner's review of that document as prior art such that it would be listed in the "References Cited" are different and that difference is an important one.

By incorporating the '989 patent by reference, the inventors of the patents-in-suit merely included that patent in the specification. There is no evidence that the '989 patent or its application were considered as prior art. Moreover, that incorporation in no way is an indication to the examiner that the reference constitutes prior art such that should be examined in assessing the validity of the patent.

Based on the testimony in this case and the Court's earlier decision to exclude the reexamination documents, the jury is left with the misimpression that the incorporation of the '989 patent by reference in the patents-in-suit equates to the patent examiner actually considering the patents as prior art. Moreover, that testimony is directly contrary to the excluded reexaminations. To allow the proposed jury instruction without a correction as to the legal difference between an incorporation by reference and a disclosure of prior art would confuse the jury.

Additionally, the proposed instruction is further complicated by a stipulation of the parties that the '989 patent was "incorporated by reference" into the disclosure of the patents-in-suit.

```
                                                        1423
1         United States patent No. 5,712,989, the '989
2    patent, was incorporated by reference into the
3    disclosure of the patents-in-suit and shares two of
4    four inventors with the patents-in-suit.
```

(Tr. at 1423:1-4.)

If the Court permitted ePlus's proposed instruction, the jury is likely to be confused that the stipulation means that the patent examiner actually examined the '989 patent, when in fact that is directly contrary to the excluded evidence. As a result, the proposed instruction should not be permitted without modification.

To address the situation, an appropriate instruction should include the bold portion below:

> "Incorporation by Reference" is a phrase that allows a patent applicant to make another document become part of the patent application in such a manner that the incorporated document is considered to be part of the patent application just as if the incorporated document had been fully set out in the patent application.
> **"Incorporation by Reference" does not mean that the Patent Office considered the reference as prior art. If a reference is not included in the "References Cited" portion of a patent, that means that the patent examiner did not consider that reference during prosecution.**
> **Accordingly, I instruct you that any reference that was not listed in the References Cited portion of the patents-in-suit was not considered by the patent examiner during examination of the patents-in-suit.**

7

Lawson maintains that the reexamination documents are relevant, would have directly contradicted the testimony elicited at trial, and would have provided further support to its invalidity contentions.

LAWSON SOFTWARE, INC.

By /s/
      Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 21st day of January, 2011, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

    /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*