**Examiner Note:**
This form paragraph must be used whenever an application filed on or after September 23, 1996 contains a computer program listing consisting of a paper printout appendix of more than ten pages.

Copies of publicly available computer program listings are available from the Patent and Trademark Office on paper and on microfiche at the cost set forth in 37 CFR 1.19(a).

## OTHER INFORMATION

The micrographic standards are set forth in 36 CFR Part 1230.

A microfiche filed with a patent application will be referred to as a "Microfiche Appendix," and will be identified as such on the front page of the patent but will not be part of the printed patent. "Microfiche Appendix" denotes the total microfiche, whether only one or two or more. One microfiche is equivalent to a maximum of either 63 (9x7) or 98 (14x7) frames (pages), or less.

The face of the file wrapper will bear a label to denote that a Microfiche Appendix is included in the application. A statement must be included in the specification to the effect that a microfiche appendix is included in the application. The specification entry must appear at the beginning of the specification immediately following any cross-reference to related applications. 37 CFR 1.77 (a)(6). The patent front page and the *Official Gazette* entry will both contain information as to the number of microfiche and frames of computer program listings appearing in the microfiche appendix.

When an application containing microfiche is received in the Office of Initial Patent Examination (OIPE), a special envelope will be affixed to the right side of the file wrapper underneath all papers, and the microfiche inserted therein. The application file will then proceed on its normal course. A label which sticks up above the file wrapper will be placed at the center section of the face of the wrapper by OIPE. When the application file reaches the Micrographics Division, the Microfiche Appendix label will be placed on the face of the file wrapper. When the Publishing Division of the Office of Patent Publication receives the application file, the person placing the patent number on the face of the file, upon seeing the Microfiche Appendix label, will give the file to the Supervisor who will call Micrographics Division and give the application number and patent number, and request copies of the microfiche. Micrographics Division personnel will then put the patent number on the microfiche(s), making certain each microfiche is the most recent, and numbering each correctly, e.g., 1 of 1, 1 of 2, etc. Upon completion, two copies will be produced and provided to Publishing Division — one for the grant head and one for the file wrapper.

At the time of assembly, the Microfiche Appendix will be placed inside the grant head behind the patent grant for eyeletting, ribboning, and mailing to the patentee/attorney. During the signing of the grant heads by the Attesting Officer, the patent will be checked to assure proper assembly prior to mailing.

## 609   Information Disclosure Statement

*37 CFR 1.97.   Filing of information disclosure statement.*

(a) In order for an applicant for a patent or for a reissue of a patent to have an information disclosure statement in compliance with § 1.98 considered by the Office during the pendency of the application, it must satisfy paragraph (b), (c), or (d) of this section.

(b) An information disclosure statement shall be considered by the Office if filed by the applicant:

(1) Within three months of the filing date of a national application;

(2) Within three months of the date of entry of the national stage as set forth in § 1.491 in an international application; or

(3) Before the mailing date of a first Office action on the merits,

whichever event occurs last.

(c) An information disclosure statement shall be considered by the Office if filed by the applicant after the period specified in paragraph (b) of this section, provided that the information disclosure statement is filed before the mailing date of either a final action under § 1.113, or a notice of allowance under § 1.311, whichever occurs first, and is accompanied by either:

(1) A statement as specified in paragraph (e) of this section; or

(2) The fee set forth in § 1.17(p).

(d) An information disclosure statement shall be considered by the Office if filed by the applicant after the period specified in paragraph (c) of this section, provided that the information disclosure statement is filed on or before payment of the issue fee and is accompanied by:

(1) A statement as specified in paragraph (e) of this section;

(2) A petition requesting consideration of the information disclosure statement; and

(3) The petition fee set forth in § 1.17(i).

(e) A statement under this section must state either:

(1) That each item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement; or

(2) That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the statement after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in § 1.56(c) more than three months prior to the filing of the information disclosure statement.

(f) No extensions of time for filing an information disclosure statement are permitted under § 1.136. If a bona fide attempt is made to

Case 3:09-cv-00620-REP Document 576-1 Filed 01/21/11 Page 2 of 4 PageID# 15427

comply with §1.98, but part of the required content is inadvertently omitted, additional time may be given to enable full compliance.

(g) An information disclosure statement filed in accordance with this section shall not be construed as a representation that a search has been made.

(h) The filing of an information disclosure statement shall not be construed to be an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in § 1.56(b).

(i) Information disclosure statements, filed before the grant of a patent, which do not comply with this section and § 1.98 will be placed in the file, but will not be considered by the Office.

*37 CFR 1.98.    Content of information disclosure statement.*

(a) Any information disclosure statement filed under § 1.97 shall include:

(1) A list of all patents, publications or other information submitted for consideration by the Office;

(2) A legible copy of :

(i) Each U.S. and foreign patent;

(ii) Each publication or that portion which caused it to be listed; and

(iii) All other information or that portion which caused it to be listed, except that no copy of a U.S. patent application need be included; and

(3) A concise explanation of the relevance, as it is presently understood by the individual designated in § 1.56(c) most knowledgeable about the content of the information, of each patent, publication, or other information listed that is not in the English language. The concise explanation may be either separate from the specification or incorporated therein.

(b) Each U.S. patent listed in an information disclosure statement shall be identified by patentee, patent number and issue date. Each foreign patent or published foreign patent application shall be identified by the country or patent office which issued the patent or published the application, an appropriate document number, and the publication date indicated on the patent or published application. Each publication shall be identified by author (if any), title, relevant pages of the publication, date and place of publication.

(c) When the disclosures of two or more patents or publications listed in an information disclosure statement are substantively cumulative, a copy of one of the patents or publications may be submitted without copies of the other patents or publications provided that a statement is made that these other patents or publications are cumulative. If a written English-language translation of a non-English language document, or portion thereof, is within the possession, custody or control of, or is readily available to any individual designated in § 1.56(c), a copy of the translation shall accompany the statement.

(d) A copy of any patent, publication or other information listed in an information disclosure statement is not required to be provided if it was previously cited by or submitted to the Office in a prior application, provided that the prior application is properly identified in the statement and relied upon for an earlier filing date under 35 U.S.C. 120.

# MINIMUM REQUIREMENTS FOR AN INFORMATION DISCLOSURE STATEMENT

Information Disclosure Statements are not permitted in provisional applications filed under 35 U.S.C. 111(b). Since no substantive examination is given in provisional applications, a disclosure of information is unnecessary. Any such statement filed in a provisional application will be returned or destroyed at the option of the Office. In applications filed under 35 U.S.C. 111(a), applicants and other individuals substantively involved with the preparation and/or prosecution of the application have a duty to submit to the Office information which is material to patentability as defined in 37 CFR 1.56. These individuals also may want the Office to consider information for a variety of other reasons; e.g., without first determining whether the information meets any particular standard of materiality, or because another patent office considered the information to be relevant in a counterpart or related patent application filed in another country, or to make sure that the examiner has an opportunity to consider the same information that was considered by the individuals that were substantively involved with the preparation or prosecution of a patent application.

==An information disclosure statement filed in accordance with the provisions of 37 CFR 1.97 and 37 CFR 1.98 provides the procedure available to an applicant to submit information to the Office so that the information will be considered by the examiner assigned to the application.== The requirements for the content of a statement have been simplified in the rules which became effective on March 16, 1992, to encourage individuals associated in a substantive way with the filing and prosecution of a patent application to submit information to the Office so the examiner can determine its relevance to the claimed invention. The procedures for submitting an information disclosure statement under the rules are designed to encourage individuals to submit information to the Office promptly.

==In order to have information considered by the Office during the pendency of a patent application, an information disclosure statement in compliance with 37 CFR 1.98 as to content must be filed in accordance with the procedural requirements of 37 CFR 1.97.== The requirements as to content are discussed in A below. The requirements based on the time of filing the statement are discussed in B below. Examiner handling of information disclosure statements is discussed in C below.

==The Office has set forth the minimum requirements for information to be considered in 37 CFR 1.97 and 37 CFR 1.98. Once the minimum requirements are met, the examiner has an obligation to consider the information. These rules provide certainty for the public by de-==

fining the requirements for submitting information to the Office so that the Office will consider information before a patent is granted. Information submitted to the Office that does not comply with the requirements of 37 CFR 1.97 and 37 CFR 1.98 will not be considered by the Office but will be placed in the application file.

The filing of an information disclosure statement shall not be construed as a representation that a search has been made. 37 CFR 1.97(g). There is no requirement that an applicant for a patent make a patentability search. Further, the filing of an information disclosure statement shall not be construed to be an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in 37 CFR 1.56(b). 37 CFR 1.97(h). See MPEP § 2129 regarding admissions by applicant.

Multiple information disclosure statements may be filed in a single application, and they will be considered, provided each is in compliance with the appropriate requirements. Use of form PTO-1449, "Information Disclosure Citation," or PTO/SB/08A and 08B, "Information Disclosure Statement," is encouraged as a means to provide the required list of information. See C(2) below.

Information which has been considered by the Office in the parent application of a continued prosecution application (CPA) filed under 37 CFR 1.53(d) or a file wrapper continuing application (FWC) filed prior to December 1, 1997 under former 37 CFR 1.62 will be part of the file before the examiner and need not be resubmitted in the continuing application to have the information considered and listed on the patent. Likewise, the examiner will consider information which has been considered by the Office in a parent application when examining (A) a continuation application filed under 37 CFR 1.53(b) or filed under former 37 CFR 1.60, (B) a divisional application filed under 37 CFR 1.53(b) or filed under former 37 CFR 1.60, or (C) a continuation-in-part application (see MPEP § 201.06(b)) filed under 37 CFR 1.53(b), and a list of the information need not be submitted in the continuation, divisional, or continuation-in-part application unless applicant desires the information to be printed on the patent.

The examiner will consider the documents cited in the international search report in a PCT national stage application when the Form PCT/DO/EO/903 indicates that both the international search report and the copies of the documents are present in the national stage file. In such a case, the examiner should consider the documents from the international search report and indicate by a statement in the first Office action that the information has been considered. There is no requirement that the examiner list the documents on a PTO-892 form.

In a national stage application, the following form paragraphs may be used where appropriate to notify applicant regarding references listed in the search report of the international application:

¶ 6.53  *References Considered in 37 U.S.C. 371 Application Based Upon Search Report – Prior to Allowance*

The references cited in the Search Report [1] have been considered, but will not be listed on any patent resulting from this application because they were not provided on a separate list in compliance with 37 CFR 1.98(a)(1). In order to have the references printed on such resulting patent, a separate listing, preferably on a PTO-1449 form, must be filed within the set period for reply to this Office action.

**Examiner Note:**
1. This form paragraph may be used for PCT National Stage applications submitted under 35 USC 371 where the examiner has obtained copies of the cited references. For applications filed from US, JPO or EPO search authorities, the copies of the references should be supplied by those offices under the trilateral agreement. However, if receipt of such copies is not indicated on the PCT/DO/EO/903 form in the file, burden is on the applicant to supply copies for consideration. See MPEP § 1893.03(g).
2. Instead of using this form paragraph, the examiner may list the references on a PTO-892, thereby notifying the applicant that the references have been considered and will be printed on any patent resulting from this application.
3. This form paragraph should only be used prior to allowance when a statutory period for reply is being set in the Office action.
4. If the application is being allowed, form paragraph 6.54 should be used with the Notice of Allowance instead of this form paragraph.

¶ 6.54  *References Considered in 37 U.S.C. 371 Application Based Upon Search Report – Ready for Allowance*

The references cited in the Search Report [1] have been considered, but will not be listed on any patent resulting from this application because they were not provided on a separate list in compliance with 37 CFR 1.98(a)(1). In order to have the references printed on such resulting patent, a separate listing, preferably on a PTO-1449 form, must be filed within ONE MONTH of the mailing date of this communication. NO EXTENSION OF TIME WILL BE GRANTED UNDER EITHER 37 CFR 1.136(a) OR (b) to comply with this requirement.

**Examiner Note:**
1. See the Examiner Note for form paragraph 6.53.

¶ 6.55  *References Not Considered in 37 U.S.C. 371 Application Based Upon Search Report*

The listing of references in the Search Report is not considered to be an information disclosure statement (IDS) complying with 37 CFR 1.98. 37 CFR 1.98(a)(2) requires a legible copy of each U.S. and foreign patent, each publication or that portion which caused it to be listed. In addition, each IDS must include a list of all patents, publications, or other information submitted for consideration by the Office (see 37 CFR 1.98(a)(1) and (b)), and MPEP § 609 A(1) states, "the list ... must be submitted on a separate paper." Therefore, the references cited in the Search Report have not been considered. Applicant is advised that the

date of submission of any item of information or any missing element(s) will be the date of submission for purposes of determining compliance with the requirements based on the time of filing the IDS, including all "statement requirements of 37 CFR 1.97(e). See MPEP § 609 C(1).

**Examiner Note:**
1. This form paragraph may be used in National Stage applications submitted under 35 U.S.C. 371 where the international searching authority was not the US, EPO or JPO.

### A. Content

An information disclosure statement must comply with the provisions of 37 CFR 1.98 as to content in order to be considered by the Office. Each information disclosure statement must comply with the applicable provisions of A(1), A(2), and A(3) below.

#### A (1) List of All Patents, Publications, or Other Information

Each information disclosure statement must include a list of all patents, publications, or other information submitted for consideration by the Office.

37 CFR 1.98(b) requires that each U.S. patent listed in an information disclosure statement be identified by patentee, patent number, and issue date. Each foreign patent or published foreign patent application must be identified by the country or patent office which issued the patent or published the application, an appropriate document number, and the publication date indicated on the patent or published application. Each publication must be identified by author (if any), title, relevant pages of the publication, date and place of publication. The date of publication supplied must include at least the month and year of publication, except that the year of publication (without the month) will be accepted if the applicant points out in the information disclosure statement that the year of publication is sufficiently earlier than the effective U.S. filing date and any foreign priority date so that the particular month of publication is not in issue. The place of publication refers to the name of the journal, magazine, or other publication in which the information being submitted was published.

To comply with this requirement, the list may not be incorporated into the specification but must be submitted in a separate paper. A separate list is required so that it is easy to confirm that applicant intends to submit an information disclosure statement and because it provides a readily available checklist for the examiner to indicate which identified documents have been considered. A copy of a separate list will also provide a simple means of communication to applicant to indicate the listed documents that have been considered and those listed documents that have not been considered. Use of either form PTO–1449, Information Disclosure Citation, or PTO/SB/08A and 08B, Information Disclosure Statement, is encouraged. See C(2) below.

#### A (2) Legible Copies

In addition to the list, each information disclosure statement must also include a legible copy of:

(A) Each U.S. and foreign patent;
(B) Each publication or that portion which caused it to be listed; and
(C) All other information or that portion which caused it to be listed, except that no copy of a U.S. patent application need be included.

There are exceptions to this general rule that a copy must be provided. First, 37 CFR 1.98(d) states that a copy of any patent, publication, or other information listed in an information disclosure statement is not required to be provided if it was previously cited by or submitted to the Office in a prior application, provided that the prior application is properly identified in the statement and relied on for an earlier filing date under 35 U.S.C. 120. The examiner will consider information cited or submitted to the Office and considered by the Office in a prior application relied on under 35 U.S.C. 120. This exception to the requirement for copies of information does not apply to information which was cited in an international application under the Patent Cooperation Treaty. If the information cited or submitted in the prior application was not in English, a concise explanation of the relevance of the information to the new application is not required unless the relevance of the information differs from its relevance as explained in the prior application. See A(3) below.

Second, 37 CFR 1.98(c) states that when the disclosures of two or more patents or publications listed in an information disclosure statement are substantively cumulative, a copy of one of the patents or publications may be submitted without copies of the other patents or publications provided that a statement is made that these other patents or publications are cumulative. The examiner will then consider only the patent or publication of which a copy is submitted and will so indicate on the list, form PTO–1449, or PTO/SB/08A and 08B, sub-