IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09-CV-620 (REP) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF *e*PLUS INC.'S THIRD REVISED PROPOSED VERDICT FORM**

Plaintiff *e*Plus, Inc., ("*e*Plus") hereby respectfully submits the attached third revised proposed verdict form in order to reflect the Court's rulings from the bench on Friday, January 21, 2011.  While *e*Plus believes that Defendant has not met its evidentiary burdens with respect to any of the alleged prior art that forms the basis for the invalidity questions included in this form, *e*Plus recognizes that the Court has permitted Defendant to proceed on the basis of the alleged prior art identified in this form.  *e*Plus has attempted to reach agreement with Defendant with respect to this form, but the parties have not reached an agreement as of the time of this filing.

As discussed in Court on January 21, this form would have the jury identify, on a claim-by-claim basis, the prior art upon which it would invalidate a claim pursuant to either anticipation or obviousness defenses, including the particular combination of references used in connection with an obviousness finding.  Because the alleged prior art references upon which Defendant has based its invalidity theories are vigorously disputed on various factual and legal grounds, it is particularly important that the jury identify the specific combination of alleged prior art references upon which it would find a claim to be obvious.  *e*Plus's proposed form

would require the jurors to identify the specific combination of references relied upon. *See* Section II, *infra*.

If the Court permits the jurors to render a verdict of invalidity without specifying which alleged prior art is the basis for its verdict, the verdict would be subject to reversal if **any one** of the bases that the jury is permitted to consider is held impermissible on appeal. *See Mitsubishi Elec. Corp. v. Ampex Corp.,* 190 F.3d 1300, 1303 (Fed. Cir. 1999) (stating "[t]he Supreme Court has ruled that when liability is argued to the jury on alternate legal theories, one of which is not legally correct or is not a permissible jury question, a general verdict of liability can not stand lest it have been based on the incorrect or impermissible theory" but holding that party had waived objection to form) (citing *Maryland v. Baldwin,* 112 U.S. 490 (1884)). "This principle has been applied to multiple claims as well as to multiple theories, when one of the claims or theories should not have been submitted to the jury." *Mitsubishi Elec.,* 190 F.3d at 1303.

*e*Plus also objects to the characterization in Section II(B) of Lawson's most recent proposed verdict form of U.S. Patent No. 5,712,989 as the "Fisher RIMS" patent. The verdict form should simply recite the patent number.

Accordingly, *e*Plus respectfully requests that the Court adopt the accompanying proposed jury form.

**VERDICT**

We, the jury, find as follows:

**I.     INFRINGEMENT**

Do you find that *e*Plus has proven that it is more likely than not that the following accused configurations of the Lawson S3 Procurement System have infringed the listed claims of the *e*Plus patents, either directly or indirectly?  **(As to each claim, a "YES" answer is a finding for *e*Plus.  A "NO" answer is a finding for Lawson.)**

Configuration No. 1:  Core S3 Procurement System (Lawson System Foundation ("LSF")/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules)

'516 Patent, claim 1:     YES _____     NO _____

'516 Patent, claim 6:     YES _____     NO _____


Configuration No. 2:  Core S3 Procurement System (Lawson System Foundation ("LSF")/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules) and Requisition Self-Service or "RSS"

'683 Patent, claim 3:     YES _____     NO _____

'683 Patent, claim 28:    YES _____     NO _____

'516 Patent, claim 1:     YES _____     NO _____

'516 Patent, claim 6:     YES _____     NO _____

'516 Patent, claim 9:     YES _____     NO _____

'516 Patent, claim 21:    YES _____     NO _____

'516 Patent, claim 22:    YES _____     NO _____

-2-

'516 Patent, claim 29:     YES _____     NO _____

'172 Patent, claim 1:      YES _____     NO _____


Configuration No. 3:  Core S3 Procurement System (Lawson System Foundation ("LSF")/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules), Requisition Self-Service or "RSS," and Punchout

'683 Patent, claim 3:      YES _____     NO _____

'683 Patent, claim 26:     YES _____     NO _____

'683 Patent, claim 28:     YES _____     NO _____

'683 Patent, claim 29:     YES _____     NO _____

'516 Patent, claim 1:      YES _____     NO _____

'516 Patent, claim 2:      YES _____     NO _____

'516 Patent, claim 6:      YES _____     NO _____

'516 Patent, claim 9:      YES _____     NO _____

'516 Patent, claim 21:     YES _____     NO _____

'516 Patent, claim 22:     YES _____     NO _____

'516 Patent, claim 29:     YES _____     NO _____

'172 Patent, claim 1:      YES _____     NO _____

Configuration No. 4:  Core S3 Procurement System (Lawson System Foundation ("LSF")/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules) and Electronic Data Interchange or "EDI"

    '683 Patent, claim 26:    YES _____    NO _____

    '516 Patent, claim 1:    YES _____    NO _____

    '516 Patent, claim 6:    YES _____    NO _____

Configuration No. 5:  Core S3 Procurement System (Lawson System Foundation ("LSF")/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules), Requisition Self-Service or "RSS", Punchout, and Electronic Data Interchange or "EDI"

    '683 Patent, claim 3:    YES _____    NO _____

    '683 Patent, claim 26:    YES _____    NO _____

    '683 Patent, claim 28:    YES _____    NO _____

    '683 Patent, claim 29:    YES _____    NO _____

    '516 Patent, claim 1:    YES _____    NO _____

    '516 Patent, claim 2:    YES _____    NO _____

    '516 Patent, claim 6:    YES _____    NO _____

    '516 Patent, claim 9:    YES _____    NO _____

    '516 Patent, claim 21:    YES _____    NO _____

    '516 Patent, claim 22:    YES _____    NO _____

    '516 Patent, claim 29:    YES _____    NO _____

    '172 Patent, claim 1:    YES _____    NO _____

## II. VALIDITY

**(As to each claim, a "YES" answer is a finding for Lawson. A "NO" answer is a finding for ePlus.)**

A) Do you find that Lawson has proven by clear and convincing evidence that any of the following claims are anticipated by the Fisher RIMS system?

'683 Patent, claim 3:     YES _____     NO _____

'683 Patent, claim 26:    YES _____     NO _____

'683 Patent, claim 28:    YES _____     NO _____

'683 Patent, claim 29:    YES _____     NO _____

'516 Patent, claim 1:     YES _____     NO _____

'516 Patent, claim 2:     YES _____     NO _____

'516 Patent, claim 6:     YES _____     NO _____

'516 Patent, claim 9:     YES _____     NO _____

'516 Patent, claim 21:    YES _____     NO _____

'516 Patent, claim 22:    YES _____     NO _____

'516 Patent, claim 29:    YES _____     NO _____

'172 Patent, claim 1:     YES _____     NO _____

B) Do you find that Lawson has proven by clear and convincing evidence that any of the following claims are anticipated by U.S. Patent No. 5,712,989?

'683 Patent, claim 3:     YES _____     NO _____

'683 Patent, claim 26:    YES _____     NO _____

'683 Patent, claim 28:    YES _____     NO _____

'683 Patent, claim 29:    YES _____     NO _____

'516 Patent, claim 1:     YES _____     NO _____

       '516 Patent, claim 2:    YES _____    NO _____

       '516 Patent, claim 6:    YES _____    NO _____

       '516 Patent, claim 9:    YES _____    NO _____

       '516 Patent, claim 21:    YES _____    NO _____

       '516 Patent, claim 22:    YES _____    NO _____

       '516 Patent, claim 29:    YES _____    NO _____

       '172 Patent, claim 1:    YES _____    NO _____

C)    Do you find that Lawson has proven by clear and convincing evidence that any of the following claims are obvious in light of the combination of (1) either the RIMS System, the RIMS brochure, and/or U.S. Patent No. 5,712,989 and (2) either the TV/2 System, the TV/2 brochure, and/or the TV/2 general information manual?

1)    '683 Patent, claim 3:    YES _____    NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious. If you answered NO, you do not need to list any references:

_____

2)    '683 Patent, claim 26:    YES _____    NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious. If you answered NO, you do not need to list any references:

_____

3)    '683 Patent, claim 28:    YES _____    NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious. If you answered NO, you do not need to list any references:

_____

4)      '683 Patent, claim 29:     YES _____     NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious.  If you answered NO, you do not need to list any references:

_____

5)      '516 Patent, claim 1:      YES _____     NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious.  If you answered NO, you do not need to list any references:

_____

6)      '516 Patent, claim 2:      YES _____     NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious.  If you answered NO, you do not need to list any references:

_____

7)      '516 Patent, claim 6:      YES _____     NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious.  If you answered NO, you do not need to list any references:

_____

8)      '516 Patent, claim 9:      YES _____     NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious.  If you answered NO, you do not need to list any references:

_____

9)      '516 Patent, claim 21:     YES _____     NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious.  If you answered NO, you do not need to list any references:

_____

-7-

10)   '516 Patent, claim 22:   YES _____   NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious.  If you answered NO, you do not need to list any references:

_____

11)   '516 Patent, claim 29:   YES _____   NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious.  If you answered NO, you do not need to list any references:

_____

12)   '172 Patent, claim 1:   YES _____   NO _____

If you answered YES, list the combination of the alleged prior art references that you have found render the claim obvious.  If you answered NO, you do not need to list any references:

_____

**INSTRUCTION:  CONTINUE AND SIGN VERDICT FORM ON NEXT PAGE**

-8-

You each must sign this Verdict Form.

Dated: _____    _____
                                                                                FOREPERSON


_____    _____


_____    _____


_____    _____


_____    _____

Case 3:09-cv-00620-REP   Document 583   Filed 01/23/11   Page 10 of 12 PageID# 15736

Respectfully submitted,

Dated: January 23, 2011 /s/

David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
Counsel for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Michael G. Strapp *(admitted pro hac vice)*
James D. Clements *(admitted pro hac vice)*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff
*e*Plus, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on this 23rd day of January, 2011, I will electronically file the foregoing **PLAINTIFF *e*PLUS INC.'S THIRD REVISED PROPOSED VERDICT FORM** with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
Megan C. Rahman
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com
megan.rahman@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

  /s/
David M. Young
Virginia State Bar #35997
Attorney for Plaintiff *e*Plus, Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com