**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO PRECLUDE EPLUS FROM OFFERING ARGUMENTS ON VALIDITY
THAT WERE NOT DISCLOSED IN ITS DISCOVERY RESPONSES**

Lawson respectfully requests that this Court preclude ePlus from advancing theories on invalidity that were not disclosed during discovery pursuant to Federal Rule of Civil Procedure 37(c). Because ePlus failed to disclose its theory that the Fisher RIMS system taught in the '989 patent and IBM's TV/2 system cannot be combined pursuant to 35 U.S.C. § 103(a) during discovery, it cannot rely on that information at trial.

During discovery, Lawson served several interrogatories on ePlus regarding ePlus's contentions that the patents-in-suit were not obvious. (Lawson Interrogatory Nos. 6-8, 20.) Interrogatory 20 specifically requested that ePlus identify in detail why the claims-in-suit were not obvious. ePlus's answers to Interrogatory No. 20 discussed both the RIMS and TV/2 prior art, but ePlus never disclosed its defense that RIMS could not be combined with TV/2 because of the common ownership provision of section 103(c)(1). (Ex. A.)

On May 5, 2010, Lawson provided ePlus with the Invalidity Expert Report of Dr. Shamos. In that report, Dr. Shamos explained that the Fisher RIMS system taught in the '989

patent was prior art under 102(a) and 102(b) and that the '989 patent was prior art under 102(e). (Shamos Report at ¶ 100.) He further opined that the combination the Fisher RIMS system taught in the '989 patent and IBM's TV/2 system rendered the claims-in-suit obvious. (*Id.* at ¶¶ 20-22, 101, 152-180, 213-222, Appendix 3.) On June 9, 2010, ePlus provided Lawson with a copy of Mr. Hilliard's Rebuttal Invalidity Report. At no point did Mr. Hilliard suggest that the '989 patent could not be combined with the TV/2 system for the purposes of determining invalidity of claim 1 of the '172 patent. Indeed, when he discussed the invalidity of the '172 patent, he opined regarding the features and functionality of the prior art—*not* the combinability. (Hilliard Report ¶¶ 312-316.) When he discussed the combination of the RIMS system disclosed in the '989 patent and TV/2, he never disputed that they were legally combinable. (*Id.* ¶ 324-334.) Indeed, he opined that the PTO *did* consider the '989 patent and the TV/2 prior art during prosecution of the patents-in-suit. (*Id.* ¶ 324.) Similarly, both Dr. Shamos and Mr. Hilliard testified at trial about whether or not the combination of RIMS and TV/2 rendered claim 1 of the '172 patent obvious. Tr. at 2487-2492 (Shamos testimony regarding obviousness of '172 claim 1 based on RIMS and TV/2); Tr. at 2736-2738 (Hilliard testimony regarding obviousness of '172 claim 1 based on RIMS and TV/2).

This Court has warned that contentions not fully disclosed during discovery are not allowable at trial and has repeatedly limited the parties' ability to present such theories. (*See* Doc. Nos. 372, 374, 382; Tr. at 2355:15-19.) The same standard should apply to ePlus in this case. ePlus failed to disclose its assertion that section 103(c)(1) would not allow the RIMS system disclosed in the '989 patent and TV/2 system to be an obviousness combination for claim 1 of the '172 patent. It cannot now advance this theory at trial.

ePlus argues that its failure to disclose its § 103(c)(1) defense should be excused because it disclosed it in the pretrial order.  This was too late and is not sufficient to cure its non-disclosure.  Lawson has been precluded from raising defenses and using witnesses that it failed to disclose during discovery, even though it included these in the Pretrial Order.  For example, this Court precluded Lawson from calling Jeff Hvass and from presenting its claim that the combination of J-CON and P.O. Writer rendered the claims obvious, even though both were included (without objection from ePlus) in the Pretrial Order.  (*See* Dkt. 544.)

ePlus argues that its failure to disclose its § 103(c)(1) defense should be excused because it mentioned this defense in a footnote in its opposition to Lawson's motion for summary judgment.  This opposition was filed in July 2010, more than a month after discovery closed in this case.

LAWSON SOFTWARE, INC.


By_____/s/_____
               Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339


Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of January 2011, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

        /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

5