**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR**
**LEAVE TO FILE AN OFFER OF PROOF REGARDING ITS DAMAGES CLAIM**
**PURSUANT TO FEDERAL RULE OF EVIDENCE 103 AND 35 U.S.C. § 284**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

*Attorneys for Plaintiff, ePlus, Inc.*

## I.      INTRODUCTION

Defendant Lawson Software, Inc.'s ("Defendant's") arguments in its Opposition to *e*Plus's Motion for Leave to File an Offer of Proof Regarding Its Damages Claim Pursuant to Fed. R. Evid. 103 and 35 U.S.C. § 284 suffer two flaws.  First, they ignore the procedural context in which the evidence being proffered was excluded.  Second, they provide no basis to deny Plaintiff *e*Plus, Inc.'s ("*e*Plus's") motion.

## II.     PURPOSE OF THE OFFER OF PROOF

An offer of proof under Rule 103 of the Federal Rules of Evidence may serve numerous purposes, depending upon the context in which it is offered.  Two of the primary purposes are (1) to apprise the trial court before it definitively rules of the precise nature of the evidence being offered by the proponent, and (2) to make a sufficient record of excluded evidence to provide meaningful appellate rule of the grounds for its exclusion.  *See generally* 21 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 5032 (2d ed.).  *e*Plus's offer of proof is motivated by the latter purpose, as appellate review of the Court's basis for excluding damages evidence will be aided by an ordered exposition of the testimony and documentary evidence that could have been offered by *e*Plus.

On August 11, 2010, the Court entered an order excluding the testimony of *e*Plus damages expert Russell Mangum.  (Docket No. 410)  The grounds for that exclusion and the objections thereto are matters of record.  On August 20, 2010, Defendant moved to preclude *e*Plus from presenting any new damage theories or from seeking damages at trial.  (Docket No. 447).  The motion was made under Rule 37 of the Federal Rules of Civil Procedure as a *discovery sanction* for an alleged *non-disclosure* of damages theories and supporting evidence by *e*Plus.  *See generally*, Def.'s Mem. in Support of Motion to Preclude (Docket No. 448).  Defendant argued that *e*Plus failed to disclose three things in discovery: (1) a theory of damages,

(2) information regarding the royalty base, and (3) information regarding the royalty rate.  *Id*. at 1.

In response, *e*Plus argued that the facts material to proof of damages were well known to Defendant, that many originated from Defendant, and that all were fully disclosed.  *See* Plaintiff *e*Plus, Inc.'s Brief in Opposition to Defendant's Motion to Preclude Evidence on Damages (Docket No. 453) at 8-13 (summary of disclosed matters).  The *e*Plus opposition memorandum included a list of facts known to the parties as a result of discovery.

At oral argument in support of its Rule 37 motion, Defendant admitted, and the Court found, that the *e*Plus theory of damages (reasonable royalty) had been fully and timely disclosed.  Exh. 1 (Sept. 7, 2010 Hearing Tr.) at 75:18 (Counsel for Defendant: "We knew they were seeking at least a reasonable rate."); *Id*. at 95:9-10 (Court: "I don't think there's any surprise disclosure of the theory.")  Defendant admitted that numerous witnesses and a multitude of documents relevant to damages, many produced by Defendant itself, had been disclosed in discovery.  *Id*. at 76:4 (Counsel for Defendant admitting that Defendant itself controlled royalty base evidence, and only challenged the non-disclosure of royalty rate calculations other than Dr. Mangum's already-excluded rate.)  Defendant's assertion that there had been *no disclosure* of either a damage theory or of royalty base information was, by any measure, unmasked as frivolous.

Defendant's argument was reduced to the assertion that *e*Plus, once the testimony of Dr. Mangum was excluded, had made no other disclosure of a *royalty rate*.  ePlus argued that it would offer evidence of as many of the *Georgia-Pacific* factors as the evidence would support. This would suffice as a matter of law to allow a jury to determine a lump-sum royalty or a royalty rate.

At this point, the colloquy between counsel and the Court shifted away from any concept of non-disclosure by *e*Plus.  Instead, the inquiry was whether, as a matter of law, *e*Plus was permitted to allow a jury to infer a royalty rate from proof of the *Georgia-Pacific* factors.  *See Id.* at 43:22 *et seq.*  That narrow issue had been noted, and to some degree addressed in the parties' pre-hearing briefs.  However, it was plainly a claim-dispositive issue that Lawson failed to raise under a Rule 56 motion prior to the summary judgment cutoff.  Had Lawson obtained leave to file such a belated motion after the Court's ruling excluding Dr. Mangum, it would have been required to present its argument under a Rule 56 standard.  More to the point for purposes of the present Offer of Proof, *e*Plus would have been provided an opportunity to marshall its evidence in an organized fashion in opposition.  Instead, in the context of refuting a frivolous allegation of non-disclosure, it made its best effort "on the fly" at the September 7, 2010 oral argument to summarize evidence in the record that might apply to certain of the *Georgia-Pacific* factors.  *Id.* at 34:16-35:1, 49:7-12, 49:17-50:5, 50:9-51:4, 51:20-53:15, 54:1-10.

The Court, at the close of the oral argument, sanctioned *e*Plus pursuant to Rule 37, as interpreted in *Southern States Rack & Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592 (4th Cir. 2003).  *Id.* at 97:18-21; 98:13-19.  The ruling, in combination with the prior exclusion of Dr. Mangum's testimony, foreclosed any proof of damages by *e*Plus at trial.

In this procedural context, preservation of an organized summary of damages evidence is both necessary and proper.  The Offer of Proof is an organized presentation of information that *e*Plus, absent the Court's ruling, would have been prepared to offer at trial to prove damages. *e*Plus did not seek reconsideration of the Court's ruling, and nothing in the Offer of Proof could change the ruling.  The purpose of the Offer of Proof is to show, as *e*Plus would have attempted

to show in response to a Rule 56 motion or in a trial setting, material evidence that would have been available to allow the jury to draw inferences in support of a damages award.

Under these circumstances, the Offer of Proof should be considered a matter of right.  It is a clarification of the record.  It does not seek to undo any prior ruling, nor does it prejudice Defendant in any way.

## III.    Defendant's Opposition Provides No Basis to Deny the Motion

### A.    The Evidence in *e*Plus's Formal Offer of Proof was Before the Court When It Addressed Defendant's Rule 37 Motion

Defendant contends that *e*Plus's Offer of Proof improperly includes "new exhibits" that "were not included in [*e*Plus's] opposition to [Defendant's] motion to preclude the damages claim…." Def.'s Opp. at 5.  Defendant's contention is incorrect – these exhibits were all before the Court when it considered *e*Plus's response to Defendant's Rule 37 motion.

Defendant contends that two documents relating to Ariba (Nos. 19 [ePLUS0948946-47] and 20 [ePLUS0948948]), as well as two expert reports from the *SAP* case (Nos. 28 [ePLUS0444883] and 29 [ePLUS0445363]) were new in *e*Plus's Offer of Proof.  Def.'s Opp. at 5.  This is incorrect.  Each of these exhibits was cited by Dr. Mangum in his timely Rule 26(a)(2)(B) disclosure.  Exh. 2 (Mangum Rpt.) at 14, fn. 46[1], at Exhibit 2, p. 8, and Exhibits 3a-3d, 4a-4d.  *e*Plus incorporated Dr. Mangum's full disclosure by reference into its

---

[1] Dr. Mangum explained in his report: "I understand that Ariba was recently awarded $4.9 million in damages stemming from litigation related to the infringement (by electronic sourcing products of Emptoris, Inc.) of two of the Ariba patents that were licensed to *e*Plus…*e*PLUS0948946-47…*e*PLUS0948948."

response to Defendant's Interrogatory No. 17 (Exh. 3 (*e*Plus's 5/18/10 Resp. to Def.'s

Interrogatory No. 17)) and this response was specifically before the Court for its consideration of

Defendant's Rule 37 motion.[2]  Accordingly, these documents are not "new."

In addition, Defendant complains that *e*Plus did not disclose "documents relating to

*e*Plus's products" that are now included in *e*Plus's Offer of Proof.  Def.'s Opp. at 5.  However,

this evidence was also before the Court when it considered *e*Plus's response to Defendant's Rule

37 motion.  First, Dr. Mangum opined that *e*Plus had satisfied the marking requirement as early

as October 2003 and cited to *e*Plus's interrogatory responses to support that understanding.  Exh.

2 (Mangum Rpt.) at 30, at fn. 106.  Indeed, *e*Plus's response to Defendant's Interrogatory No. 2

was supplemented to include all of the documents that Defendant now contends are "new."  Exh.

3 (*e*Plus's 5/18/10 Resp. to Def.'s Interrogatory No. 2).  Second, Kenneth Farber was *e*Plus's

corporate designee on a Rule 30(b)(6) topic directed specifically to the marking issue.[3]  Indeed,

at Mr. Farber's deposition, Defendant's counsel asked many questions of him on this topic.  Exh.

4 (12/16/09 Farber Dep. Tr.) at 112:3-7, 112:8-15, 112:16-20, 112:25-113:2, 113:3-8, 113:9-10,

114:3-8, 114:9-13, 114:14-19, 115:21-25, 116:18-25, 117:1-5.  During the hearing on

Defendant's Rule 37 motion, *e*Plus's counsel represented that Defendant "took the 30(b)(6)

deposition of Ken Farber in December 2009" and that "[h]e was asked, for example, about…all

---

[2] *e*Plus argued in its Brief in Opposition to Defendant's Motion to Preclude Evidence of
Damages, that it "timely disclosed in Dr. Mangum's report a list of evidence relevant to its
damages claim including patents, pleadings, written discovery responses, correspondence,
publicly available documents, product demonstrations, deposition testimony, deposition
exhibits, *e*Plus's documents and Defendant's documents. [] That evidence was incorporated
by reference in *e*Plus's supplemental response to Defendant's Interrogatory No. 17 on May
18, 2010."  Dkt. No. 453 at 8.

[3] Mr. Farber was *e*Plus's corporate designee on Defendant's topic no. 7 which called for "all
facts and circumstances related to the marking of any product that contains the functionality
of the patents-in-suit, including marking by *e*Plus, ProcureNet, Ariba, SAP, Perfect
Commerce, Verian, SciQuest…."

of the things that go to the determination of a reasonable royalty." Exh. 5 (9/7/2010 Hearing Tr.) at 34:16-35:1. It is plain that the marking issue related to *e*Plus's damages contentions and that *e*Plus had contended it marked its products. What is more, Defendant had moved for partial summary judgment on this very issue. Dkt. No. 240-1 at 14 ("*e*Plus's Failure to Make Reasonable Efforts to Ensure All of Its Licenseed Marked the Patents' Numbers Bars Pre-Suit Damages"). Thus, *e*Plus's evidence of its compliance with the marking requirement under 35 U.S.C. § 287 was before the Court when it considered Defendant's Rule 37 motion.

Notwithstanding the fact that *e*Plus has not included any "new" evidence in its formal Offer of Proof, Defendant argues that *Zokari v. Gates*, 561 F.3d 1076 (10th Cir. 2009) is legal authority that the Court should rely on to deny *e*Plus's motion for leave. In fact, *Zokari* is inapposite, as it concerns a classic instance of a plaintiff's pre-trial waiver of an entire cause of action, not a motion for leave to file an offer of proof.

In *Zokari*, the issue before the court was whether the plaintiff Mr. Zokari had adequately pleaded and timely raised a wage-law claim against his former employer, a Federal agency, during the prosecution of his case. *Id.* at 1082. The district court ruled that Mr. Zokari had not, and as a result granted a motion *in limine* precluding from trial any evidence on the waived wage-law cause of action. *Id.* at 1084. After the court granted this motion, Mr. Zokari filed a "Formal Offer of Proof Regarding the [Wage-Law Claim]" alleging, for the first time, that a specific prior pleading timely and adequately raised his wage-law claim. *Id* at 1084, fn. 1.

*Zokari* is the only legal support for Defendant's argument that the allegedly new evidence in *e*Plus's Offer of Proof is "too late" and it is distinguishable from the present situation. First, the case does not discuss or even cite Fed. R. Evid. 103, and thus, does not pass on the rule's operation to preserve issues for appeal. Second, the Tenth Circuit never reached the issue of

6

whether Mr. Zokari's offer of proof was either necessary or timely because the Court affirmed the district court's order finding that Mr. Zokari had "not timely raised a wage-law claim." *Zokari*, 561 F.3d at 1084. Because Mr. Zokari had waived his entire wage-law cause of action before trial, this was not a triable issue below.  Indeed, the court explained that "Mr. Zokari simply acted too late to burden the court and the defendant with a ***new theory for relief***" by presenting the never-before-relied-upon pleading in his offer of proof and suggested instead that "Mr. Zokari might have pursued his wage-law claim at trial by obtaining court permission to amend his complaint."  *Zokari*, 561 F.3d at 1087, fn. 2.

Unlike *Zokari*, the operation of Fed. R. Evid. 103 is specifically at issue here.  Second, there is no dispute that *e*Plus timely and adequately pleaded and raised its claim for damages based on a reasonable royalty pursuant to 35 U.S.C. § 284.  Third, none of the evidence that Defendant complains of as being "new" is actually new evidence that was not before the Court when it considered Defendant's Rule 37 motion.  As such, not even a liberal reading of *Zokari* supports Defendant's argument that the Court should deny the present motion.

### B.   Defendant Concedes That *e*Plus Has Already Made A Sufficient Offer Of Proof With Respect To The Vast Majority Of Evidence And Preserved Its Arguments For Appeal

Most of Defendant's opposition brief is devoted to explaining its belief that *e*Plus has already made an offer of proof with respect to the vast majority of the evidence that Defendant does not claim is "new," and that this informal offer of proof was sufficient to preserve *e*Plus's arguments for appeal.  The case law that Defendant relies upon pertains only to appellate court findings that an appellant has adequately preserved an issue for appeal by, for example, opposing

a motion *in limine*.[4]  However, none of these cases hold that a district court should ***reject*** a formal offer of proof under these circumstances.

To the contrary, the Tenth Circuit, in *Mejia-Alarcon*, "stress[ed]" that "***under the best of circumstances, counsel must exercise caution*** in relying exclusively upon rulings made in connection with pretrial motions *in limine* as the basis for preserving claims of error in the admission and exclusion of evidence.  Prudent counsel will renew objections at trial, because the three-part test we enunciate today carries with it the ***inherent risk that the appellate court might find that the objection was of the type that must be renewed*** and that the party, by relying on the motion in limine, has waived the objection."  995 F.2d at 988 (emphasis added) (internal citations omitted).  *e*Plus's intent in making a formal Offer of Proof concerning its damages claim is consistent with the court's cautionary statement.  Accordingly, while Defendant is of the belief that *e*Plus has adequately preserved its arguments for appeal on this issue, its Opposition does not provide any compelling reason why this Court should reject this formal Offer of Proof on those grounds.

### C.   It Is Irrelevant Whether Documents In The Offer Of Proof Were Included On The Trial Exhibit List Submitted Weeks After The Court Had Precluded *e*Plus's Damages Claim

Defendant contends that the Offer of Proof improperly includes "new" documents that were not included on the trial exhibit list in the Final Pretrial Order.  This contention is illogical. The Court granted Defendant's Rule 37 damages motion on September 9, 2010 (Dkt. No. 472) –

---

[4] *See, e.g., U.S. v. Kay*, 513 F.3d 432, 456 (5th Cir. 2007) (explaining why a formal offer of proof was not "necessary," but ***not*** holding that one should have been ***rejected*** by the trial court as such); *E. Tenn. Natural Gas Co. v. 7.74 Acres in Whythe County, Virginia*, 228 Fed. Appx. 323, 327 (4th Cir. 2007) (non-precedential) (rejecting defendant's argument that plaintiff's failure to object to admission of expert testimony after an *in limine* motion did not preserve the issue for appeal); *U.S. v. Mejia-Alarcon*, 995 F.2d 982, 987-88 (10th Cir. 1993) (holding that "an adequately presented motion *in limine **may*** preserve an objection if it concerns an issue that can be and is definitively ruled upon in a pretrial hearing.") (emphasis added).

more than two weeks ***before*** the final pretrial conference was held on September 27-28, 2010. No purpose would have been served by including in the Final Pretrial Order exhibit list all of the documents that the Court had already excluded from trial when it granted Defendant's motion. Accordingly, the Court should reject Defendant's argument that *e*Plus was required to include these allegedly new exhibits on its Final Pretrial Order exhibit list.

## IV.     CONCLUSION

For the foregoing reasons, and the reasons detailed in its opening brief, ePlus respectfully requests that the Court grant it leave to file its Offer of Proof regarding its damages claim.

Respectfully submitted,

January 24, 2011

_____/s/_____
Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia  23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Scott L. Robertson *(*admitted *pro hac vice)*
Jennifer A. Albert *(*admitted *pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC  20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (admitted *pro hac vice)*
James D. Clements (admitted *pro hac vice)*
Srikanth K. Reddy (admitted *pro hac vice)*
**GOODWIN PROCTER LLP**
Exchange Place, 53 State Street
Boston, MA  02109-2881
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com
sreddy@goodwinprocter.com

Andrew N. Stein (admitted *pro hac vice)*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone: (212) 813-8800
Facsimile:  (212) 355-3333
astein@goodwinprocter.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2011, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FILE AN OFFER OF PROOF REGARDING ITS DAMAGES CLAIM PURSUANT TO FEDERAL RULE OF EVIDENCE 103 AND 35 U.S.C. § 284**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

_____/s/_____
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com