IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF *e*PLUS INC.'S MOTION AND MEMORANDUM IN SUPPORT
FOR LEAVE TO SERVE EXPEDITED DISCOVERY ON
<u>DEFENDANT LAWSON SOFTWARE, INC.</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff *e*Plus Inc. ("*e*Plus") respectfully moves the Court for leave to serve three additional interrogatories (viz. *e*Plus's Fifth Set of Interrogatories (Nos. 26-28), attached as Exh. A) on Defendant Lawson Software, Inc. ("Defendant") and to expedite responses from Defendant to those interrogatories. *e*Plus requests this additional, expedited discovery because the interrogatories are directly relevant to *e*Plus's request for injunctive relief against Defendant and the request is consistent with the Court's order to the parties to update their discovery following trial on the issue of injunctive relief (*see* Exh. B, Trial Tr. 3364:11-19, Jan. 27, 2011).[1]

In the Final Pretrial Order, Defendant alleged – in its list of Factual Contentions for Issues to Be Tried To The Court – that *e*Plus was not entitled to an injunction because, among other things, (1) most if not all of Defendant's marketing efforts are allegedly directed to

---

[1] This cite refers to the trial-transcript pagination prior to any corrections made after February 1, 2011.

LIBA/2149079.4

potential customers that *e*Plus has not solicited and (2) *e*Plus has allegedly never lost a sale to Lawson.

*e*Plus is entitled to pursue discovery from Defendant to rebut these allegations. Accordingly, *e*Plus has propounded three narrowly focused interrogatories directed at information concerning Defendant's contentions.  The information *e*Plus seeks in its Fifth Set of Interrogatories is the same information that Defendant failed to provide during fact discovery in response to *e*Plus Interrogatory No. 24, namely, the customers or potential customers to whom Defendant has sold or ***offered for sale*** its infringing software systems.  *e*Plus long ago moved to compel this discovery, and the Court has already ordered Defendant to provide this information. *See* Order (Dkt. No. 194, Mar. 30, 2011).  Yet Defendant has still failed to comply.[2]

The schedule set for the injunction hearing requires *e*Plus to seek this information on an expedited basis.  *e*Plus must submit its rebuttal evidence to be used at the evidentiary hearing on the injunction by February 21, 2011, and the evidentiary hearing itself will take place on March 3, 2011.  Thus, *e*Plus does not have sufficient time to obtain this information from Defendant according to the standard 30-day period for responses provided by Federal Rule of Civil Procedure 33(b)(2).  Rather, *e*Plus must receive the responses within the next several days in order to allow time for review and analysis before the February 21 deadline.

Defendant will suffer no undue burden in responding to these interrogatories according to the schedule requested by *e*Plus.  These interrogatories seek only information regarding (1) the identity of the particular companies to which Defendant has directed its sales and marketing efforts for its infringing products and (2) the factual basis, if any, underlying allegations made by

---

[2] The Court ruled during trial that *e*Plus's motion to compel Defendant to respond to Interrogatory No. 24 was moot in light of Defendant's concession that it would not assert a defense to infringement based on any lack of proof regarding the implementation services that Defendant provides to its customers.  *See* Exh. C, Trial Tr. 1497:11-

2

Defendant in the Amended Final Pretrial Order regarding the propriety of injunctive relief.  As the interrogatories were served today, February 2, 2011, Defendant will have seven days to collect and provide this information.

    *e*Plus therefore respectfully requests that the Court grant this motion and enter an Order permitting *e*Plus to serve its Fifth Set of Interrogatories and requiring Defendant to provide substantive responses to these interrogatories no later than Wednesday, February 9, 2011.

---

    19 (Jan. 13, 2011).  While the motion is moot as to the issue of infringement, the information requested in Interrogatory No. 24 – and in *e*Plus's Fifth Set of Interrogatories – is relevant to the issue of injunctive relief.

| | |
|---|---|
| February 2, 2011 | Respectfully submitted,<br><br>*e*Plus, Inc.<br><br>By Counsel<br><br>_____/s/_____<br>Henry I. Willett, III (VSB #44655)<br>Craig T. Merritt (VSB #20281)<br>**CHRISTIAN & BARTON, LLP**<br>909 East Main Street, Suite 1200<br>Richmond, Virginia 23219-3095<br>Telephone: (804) 697-4100<br>Facsimile: (804) 697-4112<br>hwillett@cblaw.com<br>cmerritt@cblaw.com<br><br>Scott L. Robertson *(admitted pro hac vice)*<br>Jennifer A. Albert *(admitted pro hac vice)*<br>David M. Young (VSB #35997)<br>**GOODWIN PROCTER LLP**<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>Telephone: (202) 346-4000<br>Facsimile: (202) 346-4444<br>srobertson@goodwinprocter.com<br>jalbert@goodwinprocter.com<br>dyoung@goodwinprocter.com<br><br>Michael G. Strapp (admitted *pro hac vice*)<br>**GOODWIN PROCTER LLP**<br>Exchange Place<br>53 State Street<br>Boston, MA 02109-2881<br>Telephone: (617) 570-1000<br>Facsimile: (617) 523-1231<br>mstrapp@goodwinprocter.com<br><br>*Counsel for Plaintiff, ePlus, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2010, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S MOTION AND MEMORANDUM IN SUPPORT FOR LEAVE TO SERVE EXPEDITED DISCOVERY ON DEFENDANT LAWSON SOFTWARE, INC.**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

/s/
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com

1123264

5