# EXHIBIT B

3335

```
1       IN THE UNITED STATES DISTRICT COURT
2       FOR THE EASTERN DISTRICT OF VIRGINIA
3              RICHMOND DIVISION
4
5   -------------------------------------
                                      :
6   ePLUS, INC.              : Civil Action No.
                             :  3:09CV620
7   vs.                      :
                             :
8   LAWSON SOFTWARE, INC.    : January 27, 2011
                             :
9   -------------------------------------
10
11        COMPLETE TRANSCRIPT OF THE JURY TRIAL
12         BEFORE THE HONORABLE ROBERT E. PAYNE
13        UNITED STATES DISTRICT JUDGE, AND A JURY
14
    APPEARANCES:
15
    Scott L. Robertson, Esquire
16  Michael G. Strapp, Esquire
    David M. Young, Esquire
17  Goodwin Procter, LLP
    901 New York Avenue NW
18  Suite 900
    Washington, D.C.  20001
19
    Craig T. Merritt, Esquire
20  Christian & Barton, LLP
    909 East Main Street
21  Suite 1200
    Richmond, Virginia  23219-3095
22  Counsel for the plaintiff
23
24        Peppy Peterson, RPR
          Official Court Reporter
25        United States District Court
```

3336

```
1   APPEARANCES:  (cont'g)
2   Dabney J. Carr, IV, Esquire
    Troutman Sanders, LLP
3   Troutman Sanders Building
    1001 Haxall Point
4   Richmond, Virginia  23219
    Counsel for the defendant
```

3337

1  PROCEEDINGS
2
3      THE CLERK:  Civil action number 3:09CV00620, ePlus
4  Incorporated versus Lawson Software Incorporated.  Mr. Scott L.
5  Robertson, Mr. Craig T. Merritt, Mr. Michael G. Strapp
6  represent the plaintiff.  Mr. Dabney J. Carr, IV, represents
7  the defendant.  Are counsel ready to proceed?
8      MR. ROBERTSON:  Yes, Your Honor.
9      MR. CARR:  Yes, Your Honor.
10     THE COURT:  All right, ladies and gentlemen, the
11 record will reflect that the jury is here assembled, and I
12 don't remember who it was that spent the night last night.  I
13 hope your accommodations were all right.
14     JUROR:  They were good.
15     THE COURT:  And you got everything taken care of with
16 the financial part of it because you shouldn't -- one time we
17 had a juror, and you watch out, because sometimes -- the juror
18 got a bill about six months later.  So you keep your eyes open,
19 and we'll take care of it.
20     All right, you may resume your deliberations.  Let us
21 know what your plans are, and we'll be here the whole time.
22 We're planning -- if you need to stay late, we're planning to
23 be late.  There's a limit to how late I can stay.  All right,
24 thank you.  I don't know.  We'll face that if and when it
25 happens.

3338

1      (Jury out.)
2
3      THE COURT:  The latest I've ever stayed was --
4      THE CLERK:  I was going to say, that would be a
5  first.
6      THE COURT:  Was 11:30 or something like that.
7
8      (Discussion off the record.)
9
10     THE COURT:  We will be in recess.
11
12     (Court recessed while jury deliberates.)
13     (Jury in.)
14
15     THE CLERK:  Madam Foreperson, has the jury reached a
16 unanimous verdict in this case?
17     JURY FOREPERSON:  We have.
18     THE COURT:  All right.  Publish the verdict, please.
19     THE CLERK:  This is in civil action number
20 3:09CV00620, ePlus Incorporated versus Lawson Software,
21 Incorporated.  We, the jury, find as follows, number one, on
22 infringement.
23     Do you find that ePlus has proven that it is more
24 likely than not that the following accused configurations of
25 the Lawson S3 procurement system have infringed the listed

14 - 2011.01.27 Trial Transcript (last day)  1/27/2011  11:39:00 AM

```
                                                            3363                                                              3365
 1   McDonald.                                                      1         MR. ROBERTSON:  The following Monday, Your Honor?
 2         MR. McDONALD:  Sure, we'll do that.                      2         MR. McDONALD:  Are you setting a briefing schedule at
 3         THE COURT:  And on the 21st of February, you file the    3   this point?  I can't hear what's going on.
 4   same thing respecting rebuttal.                                4         THE COURT:  Yes.  The 14th of March, that gives you a
 5         MR. CARR:  Judge, I have a suggestion.  Would it be      5   long time.  You ought to be able to pull it together then.  You
 6   helpful if we designate the evidence as you've laid out the    6   file your opening brief on the 14th of March.  You file your
 7   schedule, and then at the end of that we put together a joint  7   opening brief on the 21st of March.  You file your response --
 8   appendix and provide it all to you in one --                   8         MR. McDONALD:  Your Honor, may I mention something,
 9         THE COURT:  A joint appendix or whatever you want me     9   and I understand if it doesn't matter here, but my children
10   to do.  You have to look and see.  It may be easier for me to 10   have their spring break from school the week of March 14th, and
11   look at it if it's associated with your findings of fact and  11   I understand you have to keep this moving along.
12   conclusions of law on the injunction.                         12         I'm just wondering if I could at least get a couple
13         Then when you have all of that information, is it       13   extra days, and if ePlus would like a couple of days past the
14   your desire to file pretrial findings of facts and conclusions 14  14th, I certainly wouldn't have a problem with that.
15   of law on the injunctive relief, Mr. Robertson?  You said you 15         THE COURT:  When do you mean?
16   wanted to brief it, and I didn't know whether you meant brief 16         MR. McDONALD:  Pardon?
17   it before I hear any evidence or not.                         17         THE COURT:  When do you want to file it?
18         MR. ROBERTSON:  I think it might make sense, Your       18         MR. McDONALD:  I would at least like it to be a
19   Honor, to have you hear the evidence and then have us have a  19   little later in the week of the 21st such as the 23rd or 24th
20   very expedited briefing schedule after that as to what both   20   of March.
21   parties think that the evidence has demonstrated.  We could   21         THE COURT:  That's awfully late.  I just don't
22   probably do that within a ten-day period for initial briefs,  22   generally allow spring breaks to dictate schedules here.  What
23   responsive briefs, and reply briefs since it is our burden.   23   good does it do you to get the 21st of March if you're going to
24         THE COURT:  All right.  I don't see that we're -- ask   24   be gone all that week?
25   Ms. Hooper to come in.                                        25         MR. McDONALD:  I'm sorry, Your Honor.  I understood

                                                            3364                                                              3366
 1                                                                  1   that ePlus was proposing their brief would be due on the 14th,
 2         (Discussion off the record.)                             2   our brief would be due on the 22nd.  I was simply asking for
 3                                                                  3   another two days before our brief would be due.
 4         THE COURT:  It will take one day, you think?             4         THE COURT:  The 23rd then?
 5         MR. ROBERTSON:  Yes.                                     5         MR. McDONALD:  Yes.
 6         MR. CARR:  I would think so.  Dan, do you agree?         6         THE COURT:  I see.  I thought you were asking for all
 7         MR. McDONALD:  The question was how long would an        7   that week.
 8   evidentiary hearing take?                                      8         MR. McDONALD:  Oh, no.
 9         THE COURT:  Yes.                                         9         THE COURT:  All right, March 23rd for the response
10         MR. McDONALD:  Yes, I think one day or less.            10   and then your reply.
11         THE COURT:  I'll hear you on March 3rd beginning at     11         MR. ROBERTSON:  29th, Your Honor, we would request.
12   9:30 in the morning.  I regard that each of you in this       12         THE COURT:  28th of March.
13   instance, when you file what I have dictated that you file,   13         MR. ROBERTSON:  That's fine.
14   directed that you file, will be satisfying your obligations to 14        MR. CARR:  You heard he said the 29th.
15   update your discovery on the issue of injunctive relief because 15       THE COURT:  What?
16   injunctive relief has been effectively severed from the case by 16       MR. ROBERTSON:  I had suggested the 29th, because
17   virtue of the pretrial proceedings.  I think you will have    17   it's coming in on a Wednesday night, and we'd only have two
18   satisfied your Rule 26 updates when you file these things, and 18  business days until that Monday, but if I could get to
19   that's what I'm looking for.                                  19   the following Tuesday --
20         Now, the 3rd of March.  All right, then, when would     20         THE COURT:  You bill extra on the weekends, don't
21   you give me a brief, Mr. Robertson, an opening brief and      21   you?
22   findings of facts and conclusion of law post-trial?           22         MR. ROBERTSON:  No, I don't, sir.
23         MR. CARR:  What's the day of the week, the 3rd of       23         THE COURT:  29th of March for the reply.  I thought
24   March?                                                        24   you said the 28th.  All right.  Do I then need to hear argument
25         THE COURT:  It's a Thursday.                            25   on all this?
```