# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF *e*PLUS INC.'S BRIEF IN OPPOSITION TO DEFENDANT LAWSON SOFTWARE, INC.'S MOTION TO PRECLUDE *e*PLUS FROM OFFERING ARGUMENTS ON VALIDITY PERTAINING TO 35 U.S.C. § 103(c)

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice)*
Jennifer A. Albert (admitted *pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
Srikanth K. Reddy (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

Andrew N. Stein (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800

*Attorneys for Plaintiff, ePlus, Inc.*

## I.     INTRODUCTION

*e*Plus respectfully requests that the Court deny Defendant Lawson Software, Inc.'s ("Defendant's") motion (Dkt. No. 585) to preclude *e*Plus from offering arguments on validity that allegedly were not disclosed in its discovery responses.  Nothing could be further from the truth.  Similar to Defendant's attempts throughout the trial, Defendant's motion confuses and conflates the issues and attempts to obscure the fact that the so-called "RIMS system," or "Fisher RIMS System" was alleged *by Defendant* to be a prior art reference separate from U.S. Patent No. 5,712,989 (the "'989 Patent"), which Defendant *also alleged* to be a prior art reference supporting its invalidity contentions.

Defendant asked the Court for jury instructions and a verdict form that separately identified these two alleged references, and the Court gave those very instructions and identified the references in the verdict form just as Defendant requested.  *See* Court's Jury Instruction Nos. 30A (identifying separately the "Fisher RIMS system" and the '989 patent as alleged prior art references for purposes of anticipation defense), and 39 (same, with respect to alleged prior art references for purposes of obviousness defense).  Defendant now conflates the two alleged references by arguing that *e*Plus has improperly contended that the so-called "RIMS System"[1] is subject to the restriction in section 103(c) of the patent statute, which limits the extent to which alleged prior art may be combined for purposes of obviousness.  Lawson Br. at 1 ("*e*Plus never disclosed its defense that RIMS could not be combined with TV/2 because of the common ownership provision of section 103(c)(1).").  Defendant further relies on an interrogatory to

---

[1] As the Court observed during trial, it was uncontested that there were many different versions of the RIMS System that existed prior to the '989 Patent.  It was Defendant's burden to identify what specific version existed in the public domain before the priority date of the patents-in-suit, and the functionality of that alleged system.  The jury's verdict reflects that Defendant did not meet this burden.

which *e*Plus allegedly failed to sufficiently respond, ***but that interrogatory nowhere mentions the '989 Patent.*** *See* Def's Ex. A at 18-19 (Defendant's Interrogatory No. 20, which lists 36 alleged combinations, none of which include the '989 Patent).

       *e*Plus's argument under section 103(c)(1), however, was clearly and unmistakably directed to the '989 Patent, not the undefined "RIMS System." Accordingly, Defendant's motion seeks to bar an argument that *e*Plus did not make, and the Court should deny the motion on that basis alone. *e*Plus's argument is that, by operation of law, the ***'989 Patent itself*** may not be used as a prior art reference to render any claim of the '172 Patent invalid as obvious.[2] This is nothing more than the result of the fact that Defendant has alleged that the '989 Patent is prior art under section 102(e).[3] Section 103(c)(1) prevents the use of a section 102(e) reference as part of a combination to render any claim of the '172 Patent invalid for obviousness. As more fully explained below, *e*Plus sufficiently disclosed this argument. Moreover, the interrogatory (Def's

---

[2] *e*Plus has consistently argued that it is ***the '989 Patent*** that is subject to the section 103(c)(1) restriction. *See, e.g.*, Dkt. No. 592 (*e*Plus's JMOL of No Invalidity) at 15-17 (including section entitled "As A Matter of Law, ***the '989 Patent Cannot Be Used As An Obviousness Reference Against the '172 Patent***") (emphasis added); Exh. 1 (Trial Tr.) at 2882:7-2883:20 (*e*Plus's Counsel making the same section 103(c)(1) argument); Dkt. No. 481 (Revised Amended Pre-Trial Order) at 16, ¶ 67 ("U.S. Patent No. 5,712,989 ('the '989 Patent'), at the time the '577 Application was filed, was owned by the same person as the owner of rights to the '577 Application, Fisher Scientific. ***Accordingly, the '989 Patent cannot be used as part of a combination to invalidate claim 1 of the '172 Patent under 35 U.S.C. § 103***.") (emphasis added).

[3] *e*Plus's section 103(c)(1) argument is based on Defendant's contention that the '989 Patent is prior art solely under section 102(e). Exh. 2 (Def.'s Second Supp. Statement of Invalidity Defenses) at 2, ¶ 2 (disclosing that the '989 Patent is alleged prior art only under section 102(e)). To be clear, *e*Plus does not agree that the '989 Patent qualifies as prior art to any of the Patents-in-Suit even under section 102(e), because both of the inventors of the '989 Patent are also inventors of each of the Patents-in-Suit. *See* 35 U.S.C. § 102(e) (explaining that a person shall be entitled to a patent unless "the invention was described in – (1) [a published patent application], ***by another***…before the invention by the applicant for patent or (2) a patent granted on an application for patent filed ***by another***…before the invention by the applicant for patent….") (emphasis added).

2

Interrog. No. 20) that forms the basis for Defendant's contention nowhere mentions the '989

Patent, and the motion should likewise be denied for that reason.[4]

## II.    *e*PLUS SUFFICIENTLY DISCLOSED ITS CONTENTION THAT THE '989 PATENT CANNOT BE USED IN COMBINATION TO RENDER OBVIOUS ANY CLAIM OF THE '172 PATENT

Defendant's motion asks that the Court bar *e*Plus from contending that section 103(c)

precludes the use of the "RIMS system," or the "Fisher RIMS system [allegedly] taught in the

'989 patent," to render a claim of the '172 Patent obvious.  Def's Br. at 1.  Defendant certainly

understands, however, that *e*Plus has not actually made this specific argument.  Rather, *e*Plus has

argued that section 103(c) precludes the use of the ***'989 Patent*** to render a claim of the '172

Patent obvious.  *See supra,* footnote two.

In general, section 103(c)(1) precludes the use of certain combinations of prior art to

render obvious a claim, when one of the alleged prior art references (namely, prior art under

subsections (e), (f) or (g) of the statute), and the claimed invention were owned by the same

person or subject to an obligation of assignment to the same person.  Because of the effective

date of this provision of the statute, *e*Plus has asserted this provision only in connection with the

'172 Patent, the last in time of the three patents-in-suit.  On this point, the parties appear to be in

agreement.

By its terms, section 103(c)(1) applies only to references that qualify as prior art under

any of subsections 102(e), (f), and (g).  Section 103(c)(1) reads, in relevant part: "subject matter

developed by another person, which qualifies as prior art only under one or more of subsections

(e), (f), and (g) of section 102…shall not preclude patentability…where the subject matter and

the claimed invention were…[commonly owned] or subject to an obligation of assignment to the

---

[4] In addition, because the jury found that no combination of alleged prior art references rendered obvious the asserted '172 Patent claim, Defendant's motion would appear to be moot.

LIBNY/4989649.1

same person." 35 U.S.C. § 103(c)(1). Whereas Defendant contends that the so-called "RIMS system" may be prior art under subsections 102(a) or (b) (generally, prior public uses, sales, or printed publications), Defendant contends that the '989 Patent is prior art only under section 102(e). Dkt. No. 481 (Revised Amended Pre-Trial Order) at 21, ¶ 31; Exh. 2 (Def.'s Second Supp. Statement of Invalidity Defenses) at 2, ¶ 2. While Defendant belatedly appeared to argue at trial that the '989 Patent could constitute subsection (a) or (b) prior art, *see* Tr. at 2900:15-21, it did not make this allegation in its pretrial disclosures, nor was there any factual or legal basis for Defendant to so argue.

Indeed, the '989 Patent could not be prior art under subsections (a) or (b) of section 102, because the patent did not issue until 1998, approximately four years after the critical date for the patents-in-suit. The '989 Patent itself therefore could not qualify as, e.g., a "public use" or "printed publication" at the relevant time under subsections 102(a) or (b). It was undoubtedly for this reason that Defendant attempted — unsuccessfully — to argue that it was an undefined "system" that constituted subsection (a) or (b) prior art. As the Court observed, however, there were numerous iterations of the so-called system at various points in time, and Defendant failed to show that the relevant functionality existed during the relevant time period. *See, e.g.,* Tr. 2988:9-17 (the Court stating "how could you find that by a clear and convincing evidence when the undisputed evidence is that there never was a system such as described in the patent, the '989 patent, which what's his name relied on, Shamos relied on, that everyone would market anywhere … There were versions that did, but not that one."). In summary, because the '989 Patent could be prior art, if at all, only under section 102(e), it is subject to the restriction of section 103(c)(1) for purposes of obviousness.

Accordingly, Defendant's motion asks the Court to bar *e*Plus from making an argument it has not made. *e*Plus was quite clear in presenting its motion for judgment as a matter of law that the section 103(c) argument applied to the '989 Patent. *See supra* footnote 2.

Moreover, Defendant's Interrogatory No. 20, on which Defendant bases its motion, nowhere mentions the '989 Patent. While Defendant listed 36 combinations of alleged prior art to which *e*Plus was asked to respond, none of them included the '989 Patent. Accordingly, *e*Plus's supposed "failure" to identify the section 103(c)(1) argument in response to this interrogatory provides no basis for precluding *e*Plus from arguing that the provision prevents the use of the '989 Patent in a combination against the '172 Patent.[5]

While Defendant's motion is misplaced and its Interrogatory No. 20 required no response with respect to the '989 Patent, it should be noted that in at least three separate instances prior to trial, *e*Plus disclosed its argument that the '989 Patent could not be combined with any other alleged prior art reference to render any claim of the '172 Patent obvious. For this additional reason, Defendant's motion should be denied.

First, *e*Plus included this contention in the Revised Amended Final Pre-Trial Order. In the Revised Amended Final Pre-Trial Order, *e*Plus expressly described its contention that the '989 Patent was not a prior art reference that could be combined with any other reference to render any claim of the '172 Patent obvious. Dkt. No. 481 at 16, ¶ 67 ("U.S. Patent No. 5,712,989 ('the '989 Patent'), at the time the '577 Application was filed, was owned by the same person as the owner of rights to the '577 Application, Fisher Scientific. ***Accordingly, the '989 Patent cannot be used as part of a combination to invalidate claim 1 of the '172 Patent under***

---

[5] Defendant also argues that this contention was not presented in the expert report of Mr. Hilliard. Mr. Hilliard, however, did not testify to this point at trial. Indeed, no expert testimony

*35 U.S.C. § 103*.") (emphasis added).  Certainly, if Defendant believed it had a legitimate basis

to object to this contention as untimely, the time and place to make that objection was the final

pretrial conference.  Yet Defendant never raised an objection until the last day of trial.[6]

Second, *e*Plus specifically presented this argument in its opposition to Defendant's

motion for summary judgment.  ***Defendant then spent almost a full page of its reply brief***

***responding to this very argument that it now claims to be surprised to hear***.  Just as with the

pretrial order disclosure, Defendant made no argument at that time that *e*Plus should be

precluded on grounds of "lateness" from presenting this argument.

In its Opposition to Defendant's Motion for Summary Judgment, *e*Plus explained: "***the***

***'989 Patent itself, as alleged prior art under Section 102(e), cannot be used as part of a***

***combination under Section 103 to invalidate the claims of the '172 Patent because the subject***

***matter of the '989 Patent and the '172 Patent were, at the time the inventions of the '172***

***Patent were made (i.e., at least as of August 10, 1994), owned by the same person or subject to***

***an obligation of assignment to the same person – Fisher Scientific.  See 35 U.S.C. §***

***103(c)(1)….***"  Dkt. No. 311 at 25, fn. 7 (emphasis added).  In its Reply, Defendant

acknowledged that "***[c]iting §103(c)(1), ePlus contends that the '989 Patent as §102(e) prior***

***art cannot be used in combination with other prior art to show obviousness of the '172 Patent***"

(Dkt. No. 340 at 13) (emphasis added), and Defendant argued that "[t]his issue is only relevant to

the [*sic*] one of the 13 asserted claim[s] (claim 1 of the '172 Patent)."  Dkt. No. 340 at 13

---

was necessary on this point as the limitation on use of the '989 Patent results simply by operation
of law as a consequence of Defendant's assertion that the '989 Patent is section 102(e) prior art.

[6] A disclosure in a pre-trial order may be sufficient to avoid preclusion under Rule 37(c).  *See,
e.g. U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1145 (10th
Cir. 2009) (holding that even though a disclosure was not made in an interrogatory response
supplementation, disclosure only in a pre-trial order was sufficient to avoid the preclusion

6

(emphasis added).  Thus, Defendant clearly knew of *e*Plus's section 103(c)(1) contention and tacitly admitted that it was correct with respect to the '172 Patent.  Moreover, in responding to *e*Plus's section 103(c)(1) argument, Defendant made no argument of surprise, untimely disclosure, or the need to take any discovery to respond to it.

Third, the application of the section 103(c) restriction to the '989 Patent is simply the result of applying the plain language of the statute, in a circumstance where Defendant has asserted the '989 Patent is prior art under section 102(e).  Indeed, Defendant has not explained why *e*Plus's contention in this regard is incorrect.  And there is no discovery that Defendant required to explore this contention further.[7]

## III.    CONCLUSION

Defendant's motion should be denied because it seeks to bar *e*Plus from making an argument it has not made.  Defendant argued at trial that the '989 Patent and the so-called "RIMS system" should be listed to the jury as separate alleged prior art references.  *e*Plus clearly argued that the section 103(c) restriction applied to the '989 Patent by virtue of section 102(e). *e*Plus did not argue, as Defendant here suggests, that the section 103(c) restriction applied to alleged prior art under sections 102(a) or (b) of the statute.  Further, the interrogatory that Defendant contends forms the basis for this motion nowhere mentions the '989 Patent. Moreover, in view of *e*Plus's sufficient and repeated disclosures that the '989 Patent cannot be

---

sanction of Rule 37 because such disclosure complied with the supplementation requirements of Rule 26(e)).

[7] Moreover, *e*Plus explained in its response to Defendant's Interrogatory No. 19 that "[t]he '989 Patent does not constitute prior art to the Patents-in-Suit…." Exh. 3 (*e*Plus's 1/29/2010 Resp. to Def.'s Interrogatory No. 19) at 8.  It is black-letter patent law that if a reference does not constitute prior art to a particular patent, then it may not be used to invalidate any claim of that patent. *See generally* 35 U.S.C. §§ 102, *et seq.*  Thus, the Defendant was on notice, at least as early as January 29, 2010 — just under five months prior to the close of fact discovery — that

LIBNY/4989649.1

used as a prior art reference to invalidate the '172 Patent, to which Defendant made no objection,

*e*Plus respectfully requests that the Court deny Defendant's motion.

---

*e*Plus was contending that the '989 Patent could not be used to invalidate any claim of the '172 Patent, and the Court should deny Defendant's motion for this additional reason.

LIBNY/4989649.1

February 3, 2011

Respectfully submitted,

*e*Plus, Inc.

By Counsel

_____/s/_____

Henry I. Willett, III (VSB #44655)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com
cmerritt@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
Srikanth K. Reddy (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

Andrew N. Stein (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800

Counsel for Plaintiff *e*Plus, Inc.

9

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February, 2011, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S BRIEF IN OPPOSITION TO
DEFENDANT LAWSON SOFTWARE, INC.'S MOTION TO PRECLUDE *e*PLUS
FROM OFFERING ARGUMENTS ON VALIDITY PERTAINING TO 35 U.S.C. § 103(c)**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

***Counsel for Defendant Lawson Software, Inc.***

_____/s/_____
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
hwillett@cblaw.com

10