# EXHIBIT 1

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE EASTERN DISTRICT OF VIRGINIA

 3                            RICHMOND DIVISION

 4

 5    ----------------------------------------
                                              :
 6    ePLUS, INC.                             :    Civil Action No.
                                              :    3:09CV620
 7    vs.                                     :
                                              :
 8    LAWSON SOFTWARE, INC.                   :    January 21, 2011
                                              :
 9    ----------------------------------------

10

11             COMPLETE TRANSCRIPT OF THE JURY TRIAL

12             BEFORE THE HONORABLE ROBERT E. PAYNE

13          UNITED STATES DISTRICT JUDGE, AND A JURY

14
      APPEARANCES:
15
      Scott L. Robertson, Esquire
16    Michael G. Strapp, Esquire
      Jennifer A. Albert, Esquire
17    David M. Young, Esquire
      Goodwin Procter, LLP
18    901 New York Avenue NW
      Suite 900
19    Washington, D.C.  20001

20    Craig T. Merritt, Esquire
      Christian & Barton, LLP
21    909 East Main Street
      Suite 1200
22    Richmond, Virginia  23219-3095
      Counsel for the plaintiff
23

24                      Peppy Peterson, RPR
                       Official Court Reporter
25                  United States District Court
```

```
 1   APPEARANCES:  (cont'g)

 2   Dabney J. Carr, IV, Esquire
     Troutman Sanders, LLP
 3   Troutman Sanders Building
     1001 Haxall Point
 4   Richmond, Virginia   23219

 5   Daniel W. McDonald, Esquire
     Kirstin L. Stoll-DeBell, Esquire
 6   William D. Schultz, Esquire
     Merchant & Gould, PC
 7   80 South Eighth Street
     Suite 3200
 8   Minneapolis, Minnesota   55402

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

2882

1      MR. ROBERTSON: I apologize, Your Honor. I
2 did highlight the MPEP cite.
3      THE COURT: Boy, did you get a good start.
4 Then you went to bed.
5      MR. ROBERTSON: I can do it during the next
6 recess, Your Honor.
7      MS. ALBERT: Furthermore, the RIMS '989
8 patent is not available to be used in a prior art
9 combination for purposes of obvious as against Claim
10 One of the '172 patent under 35 U.S. Code Section
11 103(c)(1) as a matter of law.
12      The '989 patent was filed April 2, 1993 and
13 issued January 27, 1998 and named inventors Johnson
14 and Momyer, and was assigned to Fisher-Scientific.
15 Section 103(c) reads that subject matter developed by
16 another person which qualifies as prior art only
17 under -- and the relevant subsection here is
18 subsection (e) of Section 102 of this title, shall not
19 preclude patentability under this section where the
20 subject matter and the claimed invention were at the
21 time the invention was made owned by the same person
22 or subject to an obligation of assignment to the same
23 person.
24      So here we have the '989 patent, which can
25 only be prior art under Section 102(e). That patent

2883

1  was assigned to Fisher-Scientific.  And the '172
2  patent was filed on March 22, 2000, and was assigned
3  to Fisher-Scientific.
4          The '172 patent has an effective filing date
5  of August 10, 1994.  And, therefore, this section
6  103(c) provides that as a matter of law, the '989
7  patent, which was commonly assigned at the relevant
8  time, cannot preclude patentability of any claim of
9  the '172 patent.
10         THE COURT:  '172 or '683?
11         MS. ALBERT:  This particular section only
12  applies to Claim One of the '172 patent.  Because the
13  statute was amended in 1999.  So that's the only one
14  of the three patents that was filed after that
15  statute.
16         THE COURT:  That's under 103(c)?
17         MS. ALBERT:  103(c)(1).
18         So we would submit that Your Honor should
19  grant judgment as a matter of law with respect to
20  Lawson's obviousness assertion as against Claim One of
21  the '172 patent based on the statute itself.
22         THE COURT:  Okay.
23         MS. ALBERT:  Further, the combination of the
24  RIMS system and the TV/2 search program lacks several
25  elements of the asserted claims and therefore cannot

1  developed by another person.  It says owned.

2       MS. STOLL-DeBELL:  You're reading 103(c)(1)?

3       THE COURT:  It says owned by the same person.

4       MS. STOLL-DeBELL:  It says subject matter
5  developed by another person.  They were developed by
6  another person.  They were owned.  And I think my
7  argument with 103(c)(1), I admit they were owned by
8  the same person, and that's not my argument.  My
9  argument is the word "only."  If the prior art
10 qualifies only under one or more subsections (e), (f)
11 and (g).  And so this subsection (c)(1) doesn't apply
12 because RIMS doesn't qualify as prior art only under
13 102(e).

14      THE COURT:  What does it apply under?

15      MS. STOLL-DeBELL:  It also qualifies as prior
16 art under subsections 102(a) known and used before the
17 invention date.  And Section 102(b) on sale or
18 publicly used more than one year before the filing
19 date.  Therefore, it's not prior art only under
20 Section 102(e).  And Section 103(c)(1) does not apply
21 in this case.

22      THE COURT:  That's the whole thing?

23      MS. STOLL-DeBELL:  Yes, Your Honor, and I'm
24 sorry.  I mean, I think it gets a little complicated
25 getting into these patent statutes, but that's my

1  application and that some version of the RIMS system
2  was in effect when she signed that document, which is
3  the trademark application.  And the attached document
4  is a brochure.  That brochure Dr. Shamos didn't lay
5  any connection to at all.  So that is not probative of
6  when this was in the public domain.
7            If it was a preponderance of the evidence
8  standard, it might very well be something the jury
9  could do, but how could you find that by a clear and
10 convincing evidence when the undisputed evidence from
11 the inventors is that there never was a system such as
12 described in the patent, the '989 patent, which what's
13 his name relied on, Shamos relied on, that everyone
14 would market anywhere.
15           MR. McDONALD:  The testimony --
16           THE COURT:  There were versions that did, but
17 not that one.
18           MR. McDONALD:  But when you put their
19 testimony, and obviously they were bias witnesses
20 fighting this issue, but that time line doesn't lie.
21 Mr. Kinross said he put that time line together with
22 Mr. Momyer looking over his shoulder that shows that
23 all the features relevant to this case were in that
24 RIMS system as of 1993.  That brochure does certainly
25 corroborate and bolster that information.  That's a