# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | ) Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S
SECOND SUPPLEMENTAL INITIAL STATEMENT OF INVALIDITY DEFENSES**

Defendant Lawson Software, Inc. ("Lawson"), by counsel and in accordance with Section V(J)(3) of Pretrial Schedule A to the Court's Scheduling Order (Dkt. 121-2) and the Court's Order of March 30, 2010, hereby submits its initial statement of invalidity defenses. Lawson contends that all claims of the patents-in-suit asserted by Plaintiff ePlus, Inc. ("ePlus") are invalid under 35 U.S.C. § 102 and § 103 based on the prior art as set forth in detail below. Lawson also contends that the asserted claims are invalid under 35 U.S.C. § 101 as directed to non-statutory subject matter, under 35 U.S.C. § 112 ¶ 1 as non-enabled and as failing the written description requirement, and under 35 U.S.C. §112 ¶ 2 as indefinite, all as set forth in detail below.

**I.     Invalidity under 35 U.S.C. §102 and § 103 Based on the Prior Art References**

Lawson is asserting the following prior art references anticipate the asserted claims:

1.     The Fisher Scientific Requisition and Inventory Management System ("the Fisher RIMS system");

- Lawson intends to rely on witness testimony and the following documentary evidence to prove that the Fisher RIMS System is prior art that anticipated the asserted claims:

    o U.S. Patent No. 5,712,989 ("the '989 patent"), which describes the RIMS System that was known and used by others before the date of invention and on sale and in public use before the critical date. The '989 patent is labeled with Bates numbers ePLUS0137677–ePLUS0137718;

    o Fisher RIMS brochure labeled with Bates numbers L0260595-0260606;

    o Fisher RIMS Trademark Application labeled with Bates numbers L0260589-L0260594;

    o Fisher annual reports from 1992, 1993, 1994, found at Kinross Dep. Ex. 4 and attached hereto (Bates numbered copy to be provided);

- Lawson is asserting that the Fisher RIMS system is prior art under 35 U.S.C. § 102(a) because it was known and used by others in this country before the invention thereof by the applicant for patent. Lawson is additionally asserting the Fisher RIMS system is prior art under 35 U.S.C. §102(b) because it was on sale and in public use in this country more than one year before the filing dates of the patents in suit.

2. The '989 patent:

- Lawson is asserting that the '989 patent is prior art under 35 U.S.C. § 102(e) as being described in a patent granted on an application for patent by another in the United States before the invention by applicant for patent, and as ePlus admitted prior art;

3. U.S. Patent No. 5,319,542 ("the '542 patent");

- The '542 patent is labeled with Bates numbers ePLUS0130297–ePLUS0130307;

- Lawson is asserting this reference under 35 U.S.C. § 102(a) as patented in this country before the invention thereof by the applicant for patent, and under 35 U.S.C. § 102(e) as being described in a patent granted on an application for patent by another in the United States before the invention by applicant for patent;

4. P.O. Writer Plus V.10 as described in the P.O. Writer Plus Version 10 manual;

- Lawson intends to rely on witness testimony and the following documentary evidence to prove that the P.O. Writer Plus V.10 is prior art that anticipated the asserted claims: The P.O. Writer Plus Version 10 manual is labeled with Bates numbers L0126155–L0127601;

- Lawson is asserting the P.O. Writer Plus V.10 qualifies as prior art under 35 U.S.C. § 102(b) as in public use and on sale in this country more than one year prior to the date of the application for patent in the United States;

- Additionally, the IBM P.O. Writer Plus Version 10 manual qualifies as prior art under 35 U.S.C. §102(b) as a printed publication more than more than one year prior to the date of the application for patent in the United States;

5. The SABRE system as describe in "A Practical Guide to SABRE Reservation and Ticketing" ("SABRE Practical Guide");

- The SABRE Practical Guide is labeled with Bates numbers L0125223–L0125713;

- Lawson is asserting this reference under 35 U.S.C. § 102(a) as being described in a printed publication in this country before the invention thereof by the applicant, and under 35 U.S.C. § 102(b) as described in a printed publication in this country more than one year prior to the date of the application for patent in the United States;

6. The J-CON system as described in the "J-CON Manual";

- Lawson intends to rely on witness testimony and the following documentary evidence to prove that the J-CON system is prior art that anticipated the asserted claims: The J-CON Manual is labeled with Bates numbers L0123414–L0124584;

- Lawson is asserting J-CON system qualifies as prior art under under 35 U.S.C. § 102(b) as in public use and on sale in this country more than one year prior to the date of the application for patent in the United States;

- Additionally, the J-CON Manual qualifies as prior art under 35 U.S.C. §102(a) as a printed publication more than more than one year prior to the date of the application for patent in the United States;

7. The Gateway 2000/MRO Version as described in "Gateway 2000/MRO Version, May 1991" ("the Gateway 2000/MRO Manual");

- Lawson intends to rely on witness testimony and the following documentary evidence to prove that the Gateway 2000/MRO Version is prior art that anticipated the asserted claims: The Gateway 2000/MRO Manual is labeled with Bates numbers L0127603–L0127886;

- Lawson is asserting Gateway 2000/MRO Version qualifies as prior art under 35 U.S.C. § 102(b) as in public use and on sale more than one year prior to the date of the application for patent in the United States;

- Additionally, the Gateway 2000/MRO Manual qualifies as prior art under 35 U.S.C. §§102(a) and (b) as a printed publication before the invention date and more than more than one year prior to the date of the application for patent in the United States;

Lawson is also asserting the following combination prior art references render obvious the asserted claims:

8. The Fisher RIMS system in combination with the IBM Technical Viewer/2 system ("IBM TV/2 system") and/or the IBM Technical Viewer/2, General Information Manual:

   - In addition to the foregoing, Lawson intends to rely on witness testimony and the following documentary evidence to prove that the TV/2 system is prior art that, in combination with the Fisher RIMS system, renders obvious the asserted claims:
     - 5799-IBM Technical Viewer/2 are labeled with Bates number ePLUS0210933-ePLUS0210938;
     - the IBM Technical Viewer/2, General Information Manual is labeled with Bates numbers L0132122–L0132130;
     - the IBM Technical Viewer/2 brochure is labeled with Bates numbers L0132131–L0132134;

   - The IBM TV/2 system qualifies as prior art qualifies as prior art under 35 U.S.C. 102(b) as on sale and in public use more than more than one year prior to the date of the application for patent in the United States., and as ePlus admitted prior art;

   - Additionally, the IBM Technical Viewer/2, General Information Manual qualifies as prior art under 35 U.S.C. §102(b) as a printed publication more than more than one year prior to the date of the application for patent in the United States., and as ePlus admitted prior art;

   - Lawson is asserting this combination of prior art under 35 U.S.C. § 103;

9. The Fisher RIMS system in combination with U.S. Patent No. 4,992,940 ("the '940 patent" or "the Dworkin patent");

4

- The '940 patent is labeled with Bates numbers L0132122–L0132130 and L0260625-640;

- The '940 patent is prior art under 35 U.S.C. §102(a) as a printed publication or patent before the invention thereof by the applicant, under §102(b) as patented or described in a printed publication more than one year before the date of application for patent in the United States;

- Lawson is asserting this combination of references under 35 U.S.C. § 103;

10. The J-CON system as described in the "J-CON Manual" in combination with the '940 patent;

- Lawson is asserting this combination of references under 35 U.S.C. § 103;

11. The J-CON system as described in the "J-CON Manual" in combination with P.O. Writer Plus V.10 as described in the P.O. Writer Plus Version 10 manual;

- Lawson is asserting this combination of references under 35 U.S.C. § 103;

The following sections specifically describe how these references and combination of references invalidate the asserted claims of U.S. Patent Nos. 6,023, 683 ("the '683 patent), 6,055,516 ("the '516 patent"), and 6,505,172 ("the '172 patent) (collectively, "the patents-in-suit") under 35 U.S.C. § 102 and/or § 103.

A.   **The Fisher RIMS System and U.S. Patent No. 5,712,989**

Lawson is asserting that the Fisher RIMS system as described in the '989 patent, the RIMS trademark application, and the RIMS brochure anticipates claims 3, 6, 26, 28, and 29 of the '683 patent, claims 1, 2, 6, 9, 21, 22, and 29 of the '516 patent, and claims, and claim 1 of '172 patent under 35 U.S.C. § 102(a) because it was known in this country before the invention thereof by the applicant for patent, under 35 U.S.C. §102(b) and was on sale and in public use in this country more than one year before the filing dates of the patents in suit.  Additionally the '989 patent qualifies as prior art under 35 U.S.C. § 102(e) as being described in a patent granted on an application for patent by another in the United States before the invention by applicant for patent, and as ePlus admitted prior art.

5

Dated: April 9, 2010

LAWSON SOFTWARE, INC

By: /s/ *signature*

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*

144