**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT LAWSON SOFTWARE, INC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE EXPEDITED DISCOVERY

Plaintiff *e*Plus's Inc.'s dissatisfaction with the Court's briefing schedule does not warrant expedited discovery. The Court already advised the parties that it did not believe further discovery was necessary on the issues raised by *e*Plus's motion and provided a schedule for the parties to supplement their discovery regarding injunctive relief. Moreover, *e*Plus fails to explain why expedited discovery is necessary at this time, and *e*Plus ignores the local rule requiring that the parties meet and confer prior to filing a discovery motion and further. Accordingly, *e*Plus's motion should be denied.

At trial, the Court set the schedule for disclosing the information relevant to the propriety of injunctive relief. The Court noted that it "[did not] envision any need for any further discovery on the issue of . . . [an] injunction." (Ex. A, Trial Tr. 3414: 3-7, Jan. 27, 2011.) The Court did allow the parties to supplement discovery by setting "a schedule for you all disclosing that information to each other, what, basically, you're going to put on." The Court directed *e*Plus to provide its evidentiary disclosures on February 7, 2011; Lawson to provide its evidentiary

disclosures on February 14, 2011; and *e*Plus to provide its rebuttal evidentiary disclosures on

February 21, 2011.  (*Id.*; Trial Tr. 3417:19 – 3418:4.)

      The Court further ordered as follows:

> I'll hear you on March 3rd beginning at 9:30 in the morning. I
> regard that each of you in this instance, when you file what I have
> dictated that you file, directed that you file, will be satisfying **your
> obligations to update your discovery** on the issue of injunctive
> relief because injunctive relief has been effectively severed from
> the case by virtue of the pretrial proceedings. I think you will have
> satisfied your Rule 26 updates when you file these things, and
> that's what I'm looking for.

(*Id.*; Trial Tr. 3419: 11-19 (emphasis added).)

Given the Court's clear and explicit direction as to timing and supplementation, *e*Plus's motion

should be denied.

      Further, *e*Plus seeks to force Lawson into providing supplemental information on

February 9, but wholly fails to articulate any actual need for receiving supplemental information

prior to the February 14, 2011 deadline provided by the Court.  In its memorandum, *e*Plus

complains yet again about Lawson's responses to Interrogatory No. 24.  Yet, Lawson already

supplemented its response <u>twice</u> after the Court's March 30, 2010 order.  ePlus never objected to

the adequacy of Lawson's supplemental discovery responses and failed to move to compel

further information in response to Interrogatory No. 24 prior to the close of discovery.  Instead,

*e*Plus attempted to ambush Lawson at trial by asserting for the first time in front of the jury that

Lawson had not complied with this Court's March 30, 2010 order.  To the extent that Lawson

has information to supplement its response, it will timely do so in full compliance with this

Court's order by no later than February 14, 2011.  The Court has already provided *e*Plus a week

to review and analyze Lawson's production before its disclosures and reply is due on February

21, 2011.  Other than *e*Plus's presumed desire for a "five day sneak preview" of Lawson's evidentiary case, *e*Plus fails to articulate why it needs additional time for rebuttal.

Lastly, *e*Plus's motion was filed in violation of Local Civil Rule 37(E), which provides that "[n]o motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy," and that "[t]he Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue."  Notably, *e*Plus's motion lacks any such statement, because it made no attempt to contact Lawson's counsel before serving its additional discovery and filing its motion.   *e*Plus's approach in filing this premature motion is a classic case of "ready, shoot, aim," warranting denial of its motion.

*e*Plus's belief that the Court's briefing and supplementation schedule is inadequate does not warrant expedited discovery.  The Court's clear directives regarding the timing of supplemental disclosures provide an orderly and fair way of supplementing the evidence of record.  *e*Plus should not receive additional time to review and analyze Lawson's evidentiary disclosures as *e*Plus already gets the first and last word prior to the evidentiary hearing. Accordingly, Lawson respectfully requests that *e*Plus's motion for expedited discovery be denied.

LAWSON SOFTWARE, INC.


By_____/s/_____
            Of Counsel

3

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339


Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081


*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 4th day of February, 2011, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

          /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*