IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
|     Plaintiff, | )    Civil Action No. 3:09-CV-620 (REP) |
| | ) |
|     v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF *e*PLUS, INC.'S OPPOSITION TO LAWSON SOFTWARE, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON SECTION 101 INVALIDITY**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Daniel M. Forman (admitted *pro hac vice*)
Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881

## I. INTRODUCTION

The Court has already rejected Defendant's challenge to the patentability of the subject matter of the claims. Moreover, Defendant offered no evidence at trial to support its patentability defense under Section 101 and conceded that it "did not try" that issue. Tr. 2928:18-2929:19; 2931:7-16 (Lawson Counsel) (Ex. 1). Plaintiff *e*Plus, Inc. therefore respectfully requests that the Court put these issues to rest, and pursuant to Fed. R. Civ. P. 50, deny Defendant's motion and rule, as a matter of law, that the claims satisfy the requirements for patentable subject matter.

## II. THE CLAIMS RECITE PATENTABLE SUBJECT MATTER

### A. The Law Has Not Changed Since the Supreme Court's *Bilski* Decision

The Court previously found that Defendant's argument that certain claims failed to claim patentable subject matter was "based on a distorted reading of the decision in *Bilski v. Kappos*, and the principal decisions cited therein . . . ." Order at 1 (citation omitted) [Dkt. No. 357].[1] Nothing has changed to alter that conclusion. Two recent decisions of the United States Court of Appeals for the Federal Circuit confirm that this Court's decision denying summary judgment of invalidity was correct.

The Federal Circuit's decision in *Research Corp. Techs., Inc. v. Microsoft Corp.*, No. 2010-1037, 2010 WL 4971008 (Fed. Cir. Dec. 8, 2010), confirms that algorithms intended to be executed on general purpose computers are not as such disqualified as abstract ideas, and that a claim's requirement for a general purpose computer does not implicate any special analysis. The court reversed a trial court's summary judgment of invalidity of method claims for

---

[1] Defendant's motion fails to note that the only claims subject to its Section 101 defense are claims 26, 28 and 29 of the '683 patent and claims 1, 2, 6, 9, and 29 of the '516 patent. *See* Amended Final Pretrial Order at Factual Contentions for Issues to be Tried to the Court, ¶ 1, page 25; and at Section B(2), Lawson's Triable Issues For The Court at ¶ 6, page 31.

halftoning of images for a number of reasons. *Id.* at *1. First, there was no question that the claims were directed to a process, and therefore, fell within the statutory language for patentable subject matter. *Id.* at *7. It is undeniable that the claims in the patents-in-suit here fall within the statutory language for patentable subject matter. Claims 26, 28 and 29 of the '683 patent are directed to processes and claims 1, 2, 6, 9 and 29 of the '516 patent are directed to apparatuses or machines.[2]

Next, in determining whether the patents claimed an abstract idea, the *Research Corp.* court articulated a very high threshold for "abstractness." Noting that the Supreme Court did not provide a rigid formula or definition for abstractness, the Federal Circuit did not:

> presume to define "abstract" beyond the recognition that this disqualifying characteristic **should exhibit itself so manifestly** as to override the broad statutory categories of eligible subject matter and the statutory context that directs primary attention on the patentability criteria of the rest of the Patent Act.

*Id*. The court found that the claimed methods were not directed to an abstract idea because they present "functional and palpable applications in the field of computer technology." *Id*. Similarly, the claims of the patents-in-suit here are specifically directed to the functional and palpable application of specific e-procurement concepts to computer technology. Certainly, they do not exhibit abstractness "so manifestly as to override the broad statutory categor[y]," processes, to which they belong. *Id.* at *8.

Finally, the Federal Circuit in *Research Corp.* rejected the two-step dissection analysis Defendant advocated in its Motion for Summary Judgment, and found that the claimed methods were directed to patentable subject matter because they sought protection for a process *in*

---

[2] Section 101 provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101.

2

*computer applications*. *Id*. Thus, this Court correctly rejected Defendant's attempt to dissect out various concepts in the patents-in-suit, and then analyze the remainder of the claim.

The Federal Circuit's recent decision in *Prometheus Labs., Inc. v. Mayo Collaborative Servs.*, No. 2008-1403, 2010 WL 5175124 (Fed. Cir. Dec. 17, 2010), reaffirmed the importance of the machine-or-transformation test following the Supreme Court's *Bilski* decision. *Id.* at *6-8.

> Thus, the Court did not disavow the machine-or-transformation test. And, as applied to the present claims, the "useful and important clue, an investigative tool," **leads to a clear and compelling conclusion**, *viz.*, that the present claims pass muster under § 101. They do not encompass laws of nature or preempt natural correlations.

*Id.* at *7 (emphasis added). The Federal Circuit also held that the method claims did not preempt all use of the correlations in the claimed methods:

> Prometheus's claims are drawn not to a law of nature, but to a particular application of naturally occurring correlations, and accordingly do not preempt all uses of the recited correlations between metabolite levels and drug efficacy or toxicity.

*Id*.

Similarly, here, there is no dispute that the claims in the patent-in-suit here all require a computer, and therefore, satisfy the first prong of the machine-or-transformation test. As Defendant itself concedes, all of the asserted claims **require a computer,** including even the method claims.

> Here, each one of the system claims asserted by ePlus requires a computer. The Court's constructions of claims 3 and 6 of the '683 patent and claims 1 of the '172 patent all include means-plus-function elements that require modules "operating on a computer system." See 4/30/10 Markman Order at pp. 45-51 (Dkt. 204). Similarly, the remaining system claims in the '516 patent require implementation on a computer. All use the preamble of "electronic sourcing system," which the Court concluded is a meaningful limitation on the claims. Markman Order at 27. The Court construction of this term clearly requires computer implementation.

3

*See* Lawson's Brief in Support of its Motion For Summary Judgment at 19 ("Lawson's SJ Brf."). (Dkt No. 240).  Further, Defendant's expert Dr. Shamos expressly asserted that "[a] 'system' is an apparatus.  ***The claimed systems all require computers.***"  Ex. 2 (Shamos Noninfr. Rpt.), ¶ 88 (emphasis added).  Dr. Shamos further contended that "computers [are] required by the claims to implement the claimed systems and methods."  Ex. 2, ¶ 89.  Indeed, Dr. Shamos only offered a Section 101 invalidity opinion for one claim, claim 9 of the '516 patent, but not for any of the other claims at issue in Defendant's motion.  Ex. 3 (Shamos Invalidity Rpt.), ¶ 75.

Lawson further conceded that asserted claims 1, 2, 6, 9 and 29 of the '516 patent "require *'a collection of catalogs of items stored in an electronic format,'* and all asserted claims of the '516 patent include other elements that require computer implementation."  Lawson's SJ Brf. at 19-20 (emphasis in original).  Thus, each claim reciting an "electronic sourcing system" is directed to a special purpose machine that operates on a computer system and executes certain processes utilizing the data in the recited collection of catalogs thereby satisfying both prongs of the machine-or-transformation test.  The methods of claims 26, 28 and 29 of the '683 patent also satisfy both prongs of the machine-or-transformation test.  Each requires implementation on a special-purpose computer and each are directed to processes which result in a transformation of catalog item data into a different state or thing, first, into a requisition and, second, into one or more purchase orders, which are the tangible output of the claimed processes.

Furthermore, to the extent it is appropriate to conduct an additional "preemption" analysis on claims that satisfy the machine-or-transformation test, and *e*Plus does not agree that it is, the patents-in-suit do not preempt all uses of comparison shopping, as Defendant asserted in its Motion for Summary Judgment.

4

**B.     There Are No Relevant Disputed Facts**

Patentability under section 101 is a question of law. *Prometheus*, 2010 WL 5175124 at *4. Analysis of patentability certainly requires an understanding of the invention, as claimed; however, that too is a question of law, not fact. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 389-90 (1996). Accordingly, there are no facts to be found that can be relevant to the Court's inquiry.

*e*Plus recognizes that the Court's Order denying Defendant's Motion for Summary Judgment stated that there were "genuine disputes of material facts as to the issues underlying the legal issue of patentability (specifically Lawson's asserted Facts Nos. 9-11)." Order at 1. *See also* Lawson's Memorandum in Support of Motion for Judgment as a Matter of Law and Section 101 Invalidity ("Lawson's Memo") at 1. However, each of Defendant's three purported "facts" actually states a legal conclusion concerning the claims and the invention, and none of these conclusions are factual issues. Defendant's Fact #9 argues that none of the Asserted Claims recites any transformation or the use of a "special purpose computer," which is Defendant's interpretation of the claims, not a fact. Defendant's Fact #10 quotes a statement from the *e*Plus Expert Report of Dr. Russell Mangum to argue that all eProcurement systems necessarily practice the Asserted Claims, again a legal interpretation concerning the breadth of the claims.[3] Defendant's Fact #11 quotes a portion of the transcript of the deposition of Robert Kinross to argue for a grossly oversimplified mischaracterization of the claimed inventions, again a legal issue. Lawson now apparently concedes, however, that there are no fact issues in

---

[3]  Further, Dr. Mangum, in his Report, was not construing the scope of the claims, nor was he purporting to argue that all eProcurement systems necessarily practice the asserted claims, which would be a technical opinion, outside the scope of his expertise.

5

dispute that preclude this Court from deciding the issue of validity under Section 101 Lawson's Memo at 2.

Furthermore, Defendant has introduced no testimony, either as to facts or opinion, that bears on patentability under section 101. *See* Ex. 1. Defendant bears the burden of proving invalidity under section 101, and to the extent there are any factual issues underlying the legal issue of patentability, Defendant has failed to prove those facts during trial. Accordingly, for all the same reasons that the Court previously denied Defendant's motion for summary judgment, the Court should similarly deny Defendant's motion for judgment as a matter of law and find that claims 26, 28 and 29 of the '683 patent and claims 1, 2, 6, 9 and 29 of the '516 patent are directed to patentable subject matter under 35 U.S.C. § 101.

### III. CONCLUSION

For all of the foregoing reasons, the Court should deny Defendant's motion for judgment as a matter of law and rule that the asserted claims are directed to patentable subject matter.

Respectfully submitted,

*e*Plus, Inc.

By Counsel

Dated: February 4, 2011

/s/
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson (admitted *pro hac vice)*
Jennifer A. Albert (admitted *pro hac vice)*
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
SRobertson@goodwinprocter.com
JAlbert@goodwinprocter.com
DYoung@goodwinprocter.com

Daniel M. Forman (admitted *pro hac vice*)
Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
DForman@goodwinprocter.com
MSrapp@goodwinprocter.com
JClements@Goodwinprocter.com

*Attorneys for Plaintiff, ePlus Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2011, I will electronically file the foregoing

**PLAINTIFF *e*PLUS, INC.'S OPPOSITION TO LAWSON SOFTWARE, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON SECTION 101 INVALIDITY**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

              /s/
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com