# EXHIBIT 1

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE EASTERN DISTRICT OF VIRGINIA

 3                           RICHMOND DIVISION

 4

 5    ---------------------------------------
                                             :
 6    ePLUS, INC.                            :   Civil Action No.
                                             :   3:09CV620
 7    vs.                                    :
                                             :
 8    LAWSON SOFTWARE, INC.                  :   January 21, 2011
                                             :
 9    ---------------------------------------

10

11             COMPLETE TRANSCRIPT OF THE JURY TRIAL

12            BEFORE THE HONORABLE ROBERT E. PAYNE

13         UNITED STATES DISTRICT JUDGE, AND A JURY

14
      APPEARANCES:
15
      Scott L. Robertson, Esquire
16    Michael G. Strapp, Esquire
      Jennifer A. Albert, Esquire
17    David M. Young, Esquire
      Goodwin Procter, LLP
18    901 New York Avenue NW
      Suite 900
19    Washington, D.C.  20001

20    Craig T. Merritt, Esquire
      Christian & Barton, LLP
21    909 East Main Street
      Suite 1200
22    Richmond, Virginia  23219-3095
      Counsel for the plaintiff
23

24                     Peppy Peterson, RPR
                      Official Court Reporter
25                 United States District Court
```

1        MS. HUGHEY:  I actually agreed with Your
2   Honor at that time that it didn't make sense.
3        THE COURT:  I know that if you were wrong and
4   I was wrong, we ought to straighten it out.
5        MS. HUGHEY:  Yes, that's right.  I suppose
6   the point is, Your Honor, I don't believe that ePlus
7   is entitled to judgment as a matter of law on written
8   description or enablement because those aren't defense
9   that we even raised at trial; however, if it's Your
10  Honor's position that a defense that was at some point
11  in the case and not dropped before trial can then have
12  a judgment as a matter of law granted against it, then
13  the same should apply to Lawson and we're entitled to
14  judgment as a matter of law on all those other claims.
15       THE COURT:  I think you're right about that.
16       MS. HUGHEY:  Okay.  To make that record
17  clear.
18       The second point, Ms. Albert raised the 112,
19  paragraph 6, and paragraph 2 on 101, issues of law.
20  The enablement issue of law and statutory subject
21  matter issue of law.
22       I agree with Ms. Albert.  That's an issue for
23  the Court to decide.  Lawson moved for summary
24  judgment on those pure issues of law.
25       THE COURT:  And I denied it.

2929

1   MS. HUGHEY:  That summary judgment was
2   denied.  It's my understanding that that issue is now
3   preserved for appeal and that Your Honor doesn't have
4   to rerule on it, but just to make the record clear,
5   Lawson again moves for judgment as a matter of law on
6   the 112, paragraph 6, and 101 claims.
7   THE COURT:  How can you do that?
8   MS. HUGHEY:  Your Honor --
9   THE COURT:  You didn't try them.
10  MS. HUGHEY:  We did not try them.
11  THE COURT:  You relied for better or for
12  worse on the summary judgment decision.
13  MS. HUGHEY:  Correct.
14  THE COURT:  And your appeal point is that the
15  Court erred in failing to grant summary judgment.
16  MS. HUGHEY:  Correct, Your Honor.
17  THE COURT:  That's where the matter stays.
18  There's no judgment to be obtained on that at this
19  juncture, I don't think.
20        Now that was with respect to what issue?
21  MS. HUGHEY:  112, paragraph 2 and 6,
22  enablement issue, and the 101 statutory subject matter
23  issue.
24  THE COURT:  You mean the patentability issue?
25  MS. HUGHEY:  Correct, Your Honor.

1        THE COURT:  All right.  And those have
2   already been decided in the motion for summary
3   judgment, right?
4        MS. HUGHEY:  Correct.
5        THE COURT:  So I don't need to address those.
6        MS. HUGHEY:  That's any understanding.
7        THE COURT:  And then the 101 is the issue of
8   patentability, which is the subject matter or, i.e.,
9   the Bilski issue, and I erred as a matter of law in
10  failing to grant the summary judgment on that, right?
11       MS. HUGHEY:  Correct.
12       THE COURT:  And that's where it lies because
13  it never came into trial one way or the other?
14       MS. HUGHEY:  Correct.
15       THE COURT:  I don't need to deal with that
16  either.
17       MS. HUGHEY:  Okay.  And I think the issues
18  have been fully raised, but just for the record I
19  disagree with Ms. Albert.  Dr. Shamos explained every
20  element.
21       THE COURT:  You disagree with Ms. Albert on
22  general principles on everything she said.
23       MS. HUGHEY:  Correct, Your Honor.
24       If you have any questions, I'm happy to
25  answer them.