# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS, INC., | ) | |
| | ) | |
| | ) | Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**REBUTTAL REPORT OF EXPERT MICHAEL I. SHAMOS, PH.D, J.D.**
<u>**CONCERNING NON-INFRINGEMENT**</u>

.

87. Exhibit 6, which is an integral part of this report, contains an element-by-element and step-by-step summary chart, for each Asserted Claim and each item of Accused Software, explaining why no infringement has occurred.

88. The Weaver Report runs off the rails with its very first statement concerning infringement in paragraph 43, to-wit, that "Lawson makes, uses, sells and offers for sale electronic sourcing systems (*i. e.,* electronic systems for use by prospective buyers to locate and find items to purchase from sources, supplies or vendors)." A "system" is an apparatus. The claimed systems all require computers. Lawson neither makes, sells or offers for sale any apparatus at all. Lawson does not make, offer for sale, or sell computers. Furthermore, Dr. Weaver has not shown that Lawson uses any apparatus to locate and find items to purchase from sources, supplies or vendors. Dr. Weaver's statement is incorrect and it cannot serve as the basis for any valid opinion. Yet it appears fundamental to his opinions, and thus is grounds to reject all of his opinions.

89. The same is true of paragraphs 44-47, each of which alleges inferentially that Lawson makes, uses, sells and offers for sale infringing systems. Yet there is no demonstration in the entire Weaver Report and exhibits that Lawson does so. In particular, there is no showing that Lawson makes, uses, offers for sale, or sells systems including both the accused software and the computers required by the claims to implement the claimed systems and methods. For this further reason and the reasons given below, I disagree with each of the conclusions reached by Dr. Weaver in paragraphs 44-47.

90. Dr. Weaver quotes accurately from LE00206849 in paragraph 49. That document states that Lawson Requisitions "enables users to view on-line catalogs for stock and non-stock items, select items from that catalog or a template and add additional comments to their requisitions." However, any inference that the word "catalog" in that quotation has the meaning ascribed to that term in the Court's Markman order is unwarranted and indeed misleading, as the document was drafted well before the Court construed the term "catalog" as used in the Patents.

other than data from vendor catalogs, such as data from legacy purchasing systems. The mere fact that Lawson offers this functionality does not induce customers to use it to load vendor catalog data, so this does not show inducement to infringe either.

**Opinion 9: Lawson Does Not Infringe the Asserted Claims Under the Doctrine of Equivalents**

266. I understand that Plaintiff's infringement contentions did not assert infringement under the doctrine of equivalents. Similarly, although Dr. Weaver's report mentions "doctrine of equivalents" he does not provide any specific infringement allegations based on the doctrine of equivalents, making it very difficult for me to rebut. He does not identify any claim elements for which he relies on the doctrine of equivalents, let alone disclose his opinions regarding how Lawson's software performs substantially the same function, in substantially the same way, and obtains substantially the same result as that literally taught by the claims of the patent. As such, I can only respond in kind by noting that the Asserted Claims were amended during prosecution and thus the doctrine of equivalents will be limited by prosecution history estoppel. Further, Plaintiff may not use the doctrine of equivalents to capture that which is in the prior art.

## CONCLUSIONS.

267. For the reasons stated above, Dr. Weaver has not demonstrated that any Asserted Claim is infringed by any version of the Lawson software.

Executed on June 3, 2010, in Pittsburgh, PA.

*Michael Ian Shamos*
Michael Ian Shamos, Ph.D., J.D.