IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO STRIKE THE RULE 26 EXPERT DISCLOSURE AND DECLARATION OF LARRY W. EVANS IN SUPPORT OF PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION**

Defendant Lawson Software, Inc. ("Lawson"), states as follows in support of its Motion to strike the Rule 26 Expert Disclosure and Declaration of Larry W. Evans in Support of Plaintiff's Motion for Entry of Permanent Injunction, which plaintiff ePlus, Inc. ("ePlus") served on Lawson on February 7, 2011:

**INTRODUCTION**

Late in the evening on February 7, 2011, ePlus served on Lawson a fifty-page expert disclosure and declaration from a new expert, Larry W. Evans, who had never been previously disclosed as an expert in this case. Mr. Evans' declaration came as a complete surprise to Lawson and comes several months after the deadline to disclose expert testimony. ePlus did not disclose that it wished to present expert testimony on its request for a permanent injunction, either at the hearing at the close of trial on January 27 or in the conference call hearing on February 4, just three days before it served Mr. Evans' lengthy expert report. Lawson is severely prejudiced by ePlus's untimely disclosure of Mr. Evans' opinions because it is not possible for

Lawson to retain a rebuttal expert and prepare a report from that expert in the few days before it must disclose the evidence it intends to present on the issue of injunctive relief on February 14.

What is more, Mr. Evans offers only inadmissible legal opinions on the factors set out in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006) for the award of a permanent injunction. Evans has no technical expertise. Rather, he is merely a patent lawyer who offers his personal opinions and legal argument on the issues of whether ePlus has suffered irreparable harm, the balance of hardships between the parties and the public interest. Evans himself acknowledges that he has been retained to "render an expert opinion concerning reasons supporting the grant of a permanent injunction to preclude Defendant Lawson Software, Inc. from continuing infringement . . . utilizing the traditional four-factor test set forth in the Supreme Court's decision in *MercExchange, L.L.C. v. eBay, Inc.*, 547 U.S. 388 (2006)." *See* Rule 26 Expert Disclosure and Declaration of Larry W. Evans (hereinafter "Evans Report") at ¶ 1 (attached as Ex. A hereto). In his report, Evans does no more than repeat fact testimony offered by others and then state his opinions on how the Court should apply the law to determine whether to grant a permanent injunction. The Evans Report is no more than a legal memorandum improperly wrapped up in the guise of an expert report, and it should be stricken.[1]

---

[1] In addition, Mr. Evans' report has many substantive shortcomings which are beyond the scope of this motion. For example, Mr. Evans' opinions turn on his assumption that ePlus is practicing the patents-in-suit. ePlus, however, has presented no evidence that its products are covered by the patents-in-suit. The only evidence Mr. Evans cites for his assumption is Mr. Farber's testimony, admitted over objection, of his belief that ePlus's products incorporate the patented technology. Mr. Farber's testimony is irrelevant because he is not qualified to opine as to whether ePlus's products are covered by its patents, and ePlus offered no testimony from a qualified expert witness on this topic.

**ARGUMENT**

**I. EVANS' REPORT IS UNTIMELY AND SHOULD BE STRICKEN.**

The Court's Scheduling Order entered March 15, 2010 [Dkt. No. 186] required the parties to identify their expert witnesses and to produce reports from those witnesses in June, 2010. *See* Scheduling Order, Pretrial Schedule A at § IV(1)-IV(2). The Court's Order specifically provided that "[u]nless the Court orders otherwise for good cause shown, expert witnesses and reports not disclosed as required by Fed. R. Civ. P. 26(a)(2) and (3) and the deadlines established herein shall not be allowed to testify or be admitted into evidence, as the case may be." *Id.* at § IV(3).

Because ePlus failed to identify Evans as an expert or provide a Rule 26 expert report from Evans in a timely manner as required by the Court's Scheduling Order and Rule 26, ePlus cannot offer Evans as an expert witness now. As the Court is aware, Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Rule 37(c) advisory committee notes emphasize that the "automatic sanction" of exclusion "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37(c) advisory committee note (1993). The alternative, more lenient sanctions referenced in the rule are "primarily intended to apply when a party fails to disclose evidence helpful to an opposing party" and thus do not apply here. *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2. (4th Cir. 2003). Further, as the Court has recognized throughout this case, "A party's failure to abide by Court scheduling deadlines may result in the exclusion of testimony. Fed. R. Civ. P. 37(c)." *See e.g.*, Memorandum Opinion dated Aug. 13, 2010 [Dkt. No. 435] at 4.

3

The "basic purpose" of Rule 37(c)(1) is "preventing surprise and prejudice to the opposing party." *Southern States*, 318 F.3d at 596. The Fourth Circuit applies a five-factor test to determine whether the nondisclosure of evidence is substantially justified or harmless:

(1) The surprise to the party against whom the evidence would be offered:

(2) The ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id*. at 596-97 (applying five-factor test articulated in *Rambus, Inc. v. Infineon Techs. AG*, 145 F.Supp. 2d 721, 726 (E.D. Va. 2001)). The first four factors relate primarily to the harmlessness exception, while the remaining factor relates primarily to the substantial justification exception. *Id*. As the Fourth Circuit has explained, bad faith is not one of these factors and is not required for the exclusion of evidence. *Id*. at 597-98.

The *Southern States* five-factor test requires exclusion of the Evans Report. Lawson was clearly surprised by the disclosure of the Evans Report, as ePlus had not given any indication to Lawson or to the Court that it intended to disclose an entirely new expert in support of its request for a permanent injunction. Moreover, it is impossible to cure the surprise to Lawson because Lawson cannot retain an expert and have that expert prepare a rebuttal to the Evans Report in the short amount of time it has to identify evidence in opposition to ePlus's request for an injunction or prepare for the March 3 hearing. Likewise, under the Court's schedule, Lawson is not permitted to depose Evans, as Rule 26(b)(4) would otherwise give it a right to do. The Evans Report relates to the core issues that the Court will consider regarding a permanent injunction and so is very important to the March 3 evidentiary hearing on an injunction. Given the

significant effect an injunction could have on Lawson, the Evans Report significantly prejudices Lawson. Allowing ePlus to call Evans as an expert witness will also disrupt the process the Court has established for considering a permanent injunction. ePlus insisted that the Court hear its request for a permanent injunction quickly. It cannot now inject a new expert witness into the expedited procedure it has requested at the very last minute.

The fifth *Southern States* factor also favors exclusion of the Evans Report. ePlus requested an injunction in its complaint, and had ample opportunity to identify and disclose an expert on the injunction issue within the time frame of the Court's original scheduling order. ePlus also had at least two opportunities since the trial concluded to request the opportunity to disclose additional expert testimony, but it failed to do so. Moreover, to the extent that Mr. Evans purports to testify about competition between ePlus and Lawson, *see e.g.*, Evans Report at ¶¶ 52-61, ePlus should have disclosed an expert on that subject along with its other experts. In its Factual Contentions in the Amended Final Pretrial Order, ePlus contended that it "directly competes with Lawson for the sale of electronic sourcing and procurement software applications, services and systems." *See* Amended Pretrial Order [Dkt. No. 480], § 4(A), ¶ 37. ePlus also offered witnesses and exhibits at trial related to competition between the parties. If ePlus wished to offer expert testimony relevant to competition between the parties, it should have disclosed such testimony in the timeframes set forth in the Court's Scheduling Order.[2]

Finally, ePlus cannot seriously claim that the Court sanctioned the identification of new expert witnesses at the hearing after the close of trial on January 27. ePlus is not supplementing its prior expert reports but rather producing a report from an entirely new expert on new subject

---

[2] In addition, Mr. Evans has no technical expertise or experience in the software industry or relating to electronic procurement products, and so he is unqualified to testify about competition in the market for electronic sourcing and procurement software.

matter. The Court made clear in that hearing that it wanted the procedure for considering a permanent injunction to move forward without delay. By allowing the parties to supplement their discovery through the post-trial identification of evidence and without depositions, the Court was not granting the parties license to re-open expert discovery.

## II. THE EVANS REPORT CONTAINS ONLY INADMISSIBLE LEGAL OPINIONS.

Mr. Evans is a lawyer. Mr. Evans does not claim any special knowledge of the software industry or of any facts specific to this case. A great deal of the Evans Report is devoted to a recitation of selected factual assumptions spoon-fed to Mr. Evans by ePlus's lawyers that Evans asserts are relevant to the four-factor injunction test adopted in *eBay*. *See e.g.*, Evans Report at ¶¶ 33-70. The remainder of the Evans Report is devoted to his opinions on the proper application of the four-factor test adopted in *eBay*, including the legal issues of irreparable harm, the balance of hardships and the public interest. *Id*. at ¶¶ 73-77, 87-88 (*eBay* and the four-factor test); ¶¶ 78-102 (irreparable harm); ¶¶ 103-114 (balance of hardships); ¶¶ 71, 115-128 (public interest). Evans offers only about the proper legal standard or legal argument about the application of legal standards to his factual assumptions about the case. None of these opinions are proper expert testimony.

The Evans Report is replete with Evans' personal opinions about the law and legal argument about the proper application of *eBay* to this case. For example, Evans states that "it is my opinion and experience . . . that the patent laws have always provided the patent owner with a right to license entities that it chooses and to refuse to license entities it chooses not to license." *Id*. at ¶ 91. Mr. Evans' opinion or experience about what the patent laws provide is of absolutely no relevance to the proper standard for a permanent injunction. Evans' opinions are simply his attempt to apply his own view of what the legal standard for granting a permanent injunction should be to the facts of this case. "[L]egal conclusions on domestic law . . . are outside [an

expert] witness' area of expertise . . ." *Weston v. Washington Metro Area Transit Auth.*, 78 F.3d 682, 684 n. 4 (D.C. Cir. 1996), *mod. on other grounds*, 86 F.3d 216 (D.C. Cir. 1996). "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge in the function of instructing the jury." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Washington Metro Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997).

The Evans Report also contains many general statements about the value of inventions, commerce and his experience in international conferences on licensing that are not tied to the facts of this case and are utterly irrelevant. *See e.g.,* Evans Report at ¶¶ 80-86; 92-97. Evans professes no knowledge about the actual effect of an injunction on Lawson, yet he also offers legal arguments about the relative hardships of an injunction or the lack of an injunction to the parties and how those hardships should be balanced. *Id*. at ¶¶ 104-114. Legal argument is not evidence nor is it proper expert testimony, especially when it is based on generalities and not specifics. Finally, Evans purports to be an expert on the public interest and offers his personal opinions on the public interest at issue in this case. Evans is not qualified to testify as an expert on the public interest, and his opinions about the public interest have no relevance in this case.

## **CONCLUSION**

For the foregoing reasons, Lawson respectfully requests that the Court strike the Expert Disclosure and Declaration of Larry W. Evans in Support of Plaintiff's Motion for Entry of Permanent Injunction. In addition, since Lawson must identify the evidence it will offer on a permanent injunction on February 14, Lawson respectfully requests that the Court hold a

telephonic hearing on this motion as soon as possible. Lawson is available for such a hearing at any time that is convenient for the Court.

LAWSON SOFTWARE, INC.

By  /s/
    Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 9th day of February, 2011, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

 

 /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*