IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09CV620 (REP) |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LAWSON SOFTWARE, INC'S REPLY MEMORANDUM
IN SUPPORT OF ITS EMERGENCY MOTION TO STRIKE THE RULE 26
EXPERT DISCLOSURE AND DECLARATION OF LARRY W. EVANS**

Defendant Lawson Software, Inc. ("Lawson"), states as follows as its reply brief in support of its Motion to Strike the Rule 26 Expert Disclosure and Declaration of Larry W. Evans in Support of Plaintiff's Motion for Entry of Permanent Injunction, which plaintiff ePlus, Inc. ("ePlus") served on Lawson on February 7, 2011:

**I.    ePLUS MISREPRESENTS LAWSON'S STATEMENTS AT THE JANUARY 27 HEARING.**

The centerpiece of ePlus's opposition to Lawson's motion to strike is the claim that Lawson stated at the January 27 hearing that it intended to present expert testimony at the evidentiary hearing on a permanent injunction. *See* ePlus's Brief in Opposition to Defendant's Emergency Motion [Dkt. No. 615] ("ePlus Opp.") at 1, 3-4, 7, 12. ePlus's contention is flatly incorrect, and it misstates what Lawson's counsel actually stated to the Court. Lawson mentioned the possibility of expert testimony only one time during the January 27 hearing, and ePlus ignores the key portion of Lawson's statement, which, in full, was "**If the Court would**

**like** the assistance of an expert to summarize what's going on there and how that might relate to injunctive relief, we could present an expert on that." Tr. 3405:6-13 (emphasis added).

ePlus left out the bolded portion of the above statement, which is crucial to Lawson's representation to the Court. *See* ePlus Opp. at 3-4. The Court did not indicate any desire to hear expert testimony, and so Lawson had absolutely no plans to present any expert testimony. This statement about presenting expert testimony if requested by the Court was the single time that Lawson made any mention of expert testimony, and Lawson clearly did not state, as ePlus contends, that it intended to offer expert testimony at the evidentiary hearing on a permanent injunction.

## II. ePLUS'S ARGUMENT ABOUT FACT EVIDENCE LAWSON PLANS TO OFFER AT THE EVIDENTIARY HEARING IS A RED HERRING.

ePlus claims that if the Court strikes the Evans Report, it must strike any newly-identified *fact* witnesses, evidence or expert testimony offered by Lawson. *See* ePlus Opp. at 1. There is no dispute, however, about the presentation of newly-identified fact witnesses or evidence. The Court ruled at the January 27 hearing that the parties could identify new fact evidence, and Lawson has not objected to the substantial new fact evidence that ePlus identified on February 7. Fact evidence is entirely irrelevant to Lawson's motion, which only challenges ePlus's attempt to inject new expert evidence from a newly identified expert witness only a week before Lawson must produce its rebuttal evidence.

Likewise, there was no "contradiction" between Lawson's counsel. Lawson's counsel made clear at the outset of the hearing that it needed to talk with its client about offering additional fact testimony, and ePlus had ample opportunity to respond to Lawson's desire to offer additional fact testimony on the issue of a permanent injunction. Moreover, any such contradiction is absolutely irrelevant to ePlus's failure to inform the Court, either on January 27

or at the telephonic hearing on February 4, that it was calling a brand-new expert witness and that expert was producing a 50-page report.  As to that relevant issue, ePlus offers no defense for its actions.

### III. THE CASES ePLUS CITES OF EXPERT TESTIMONY OFFERED AT AN INJUNCTION HEARING INVOLVE TECHNICAL EXPERTS, NOT LEGAL EXPERTS, SUCH AS MR. EVANS.

ePlus claims that "it is not uncommon for courts to consider expert opinion regarding the four factors recited in *eBay*."  *See* ePlus Opp. at 7.  What ePlus fails to point out, however, is that the cases it cites involve testimony from ***technical*** experts on the underlying facts supporting an injunction, not testimony from a legal expert as to the proper conclusion the Court should reach on the issues of irreparable harm, the balance of hardships and the public interest.  For example, *Purdue Pharma L.P. v. Boehringer Ingelheim GMBH*, 237 F.3d 1359, 1362 (Fed. Cir. 2001), involved testimony from economics experts on the likelihood of price erosion, loss of market share and market expansion.  Likewise, *Ortho McNeil Pharm., Inc. v. Barr Lab's., Inc.*, 2009 U.S. Dist. LEXIS 62721 at *10, *15, *21 (D.N.J. July 22, 2009) involved technical expert testimony on obviousness in a pharmaceutical patent case, *Amgen, Inc. v. F. Hoffman La Roche Ltd.*, 581 F.Supp.2d 160, 212 (D.Mass. 2008) involved expert testimony from an economic expert on damages from market erosion, and *Atari Corp. v. Sega of Am.*, 869 F.Supp. 783, 791-92 (N.D. Cal. 1994) involved expert economic testimony on market conditions.  None of these cases even remotely supports the admission of testimony from a legal expert such as Mr. Evans, who analyzes fact testimony to reach a conclusion on irreparable harm, the balance of hardships or the public interest.

Mr. Evans report is simply the same analysis a lawyer provides in a brief – he analyzes the evidence and argues a legal position based on those facts.  He does not, as ePlus claims, simply identify the legal framework.  Rather, he offers an analysis of the proper legal framework.

3

*See e.g.*, Evans Report (Ex. A to Lawson's Motion) at ¶¶ 73-77 (analyzing the holding in *eBay* and the district court decisions following *eBay*); ¶ 87, ¶ 106, ¶ 108 (citing Federal Circuit decisions in support of his conclusions). Similarly, Mr. Evans does not "analyze the circumstances surrounding ePlus's licenses" as ePlus claims. *See* ePlus Opp. at 8 (citing Evans Report at ¶¶ 62-72). Rather, in the paragraphs of his report cited by ePlus, Evans recites the provisions of ePlus's licenses and argues that those licenses should not preclude entry of a permanent injunction based on the law, which is exactly what ePlus will do in its brief to the Court. Such evidence is not helpful to the Court, is prejudicial to Lawson and is inadmissible.

## IV.   ePLUS FAILS TO ADDRESS, AND THUS CONCEDES, THAT THE EVANS REPORT SHOULD BE EXCLUDED UNDER THE FIVE-FACTOR TEST SET FORTH IN SOUTHERN STATES RACK & FIXTURE.

ePlus simply ignores the relevant factors in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003) governing whether its late disclosure of the Evans Report should be allowed. ePlus does not challenge that Lawson was surprised by the disclosure of the Evans Report, that Lawson cannot cure that surprise, that introduction of the Evans Report would disrupt the permanent injunction proceeding or that ePlus should have offered expert testimony on a permanent injunction earlier, since it requested a permanent injunction in the Complaint and included contentions about competition between the parties in its Factual Contentions in the Final Pretrial Order.

The sole argument that ePlus makes is that Lawson somehow has had since January 27 to prepare an expert report to rebut Mr. Evans' testimony. First, ePlus's claim is based on the factually incorrect assumption that Lawson stated that it was considering the submission of expert testimony at the January 27 hearing. *See* ePlus Opp. at 12. As stated above, Lawson stated only that if the Court would like expert testimony, it could present an expert on that issue. *See* Tr. at 3405:10-13. The Court did not take Lawson up on that invitation. Second, it is

4

patently ludicrous to suggest that Lawson could have been preparing a report to rebut an expert that ePlus had never previously identified and an expert report that Lawson saw for the first time at 6:00 p.m. on February 7. The truth here is that ePlus knew, at least as of the time of the conference call hearing on February 4, that it intended to disclose the Evans Report, but it did not disclose that fact to the Court or to Lawson. ePlus's complete silence on its plans to offer expert testimony is sufficient in itself to justify preclusion of the Evans Report.

## CONCLUSION

For the foregoing reasons, Lawson respectfully requests that the Court strike the Expert Disclosure and Declaration of Larry W. Evans in Support of Plaintiff's Motion for Entry of Permanent Injunction.

LAWSON SOFTWARE, INC.

By  /s/
    Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 10th day of February, 2011, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

      /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*