# EXHIBIT D

# Kristin M. Drieman

| | |
|---|---|
| **From:** | Carr, Dabney J. [dabney.carr@troutmansanders.com] |
| **Sent:** | Tuesday, February 22, 2011 1:28 PM |
| **To:** | Daniel W. McDonald |
| **Subject:** | FW: ePlus v. Lawson - Supplemental Discovery Requests to ePlus |

---

**From:** Carr, Dabney J.
**Sent:** Friday, February 11, 2011 3:58 PM
**To:** 'Strapp, Michael'
**Cc:** Kirstin Stoll-DeBell; Robertson, Scott L; Albert, Jennifer A; Young, David M; Clements, James D; Reddy, Srikanth K; Henry Willett; cmerritt@cblaw.com; 'Daniel W. McDonald'; William D. Schultz
**Subject:** RE: ePlus v. Lawson - Supplemental Discovery Requests to ePlus

Michael

ePlus did not provide any specific revenue information for Procure+ and Content+ in any of the sources you have listed. Such information is highly relevant to ePlus's claims of commercial success of the patented products, its claims of competition with Lawson and its claims of irreparable harm. ePlus has been able to identify each of the customers to whom it has sold Procure+ and Content+ and it should be able to produce the revenues from those sales. The claim that it cannot simply does not hold water. If ePlus does not produce revenue information for its sales of Procure+ and Content+ from 2001 forward by noon on Monday, February 14, Lawson will assume that ePlus refuses to do so and will file the appropriate motion.

Dabney

---

**From:** Strapp, Michael [mailto:MStrapp@goodwinprocter.com]
**Sent:** Friday, February 11, 2011 2:26 PM
**To:** Carr, Dabney J.
**Cc:** Kirstin Stoll-DeBell; Robertson, Scott L; Albert, Jennifer A; Young, David M; Clements, James D; Reddy, Srikanth K; Henry Willett; cmerritt@cblaw.com
**Subject:** RE: ePlus v. Lawson - Supplemental Discovery Requests to ePlus

Dabney,

I don't believe that ePlus has any specific revenue information for Procure+ and Content+ beyond the information that was already (a) produced during discovery, (b) identified in response to written discovery requests, (c) described in deposition testimony, (d) described in trial testimony, and (e) identified in ePlus's supplemental Rule 26 disclosure. If ePlus does have additional revenue information for Procure+ and Content+, we will supplement our earlier disclosures on February 21.

Regards,

**Michael Strapp**
Goodwin | Procter LLP
Exchange Place
Boston, MA 02109
617-570-1658 (office)
917-518-3828 (mobile)
617-523-1231 (fax)
mstrapp@goodwinprocter.com

02/23/2011

www.goodwinprocter.com

**From:** Carr, Dabney J. [mailto:dabney.carr@troutmansanders.com]
**Sent:** Friday, February 11, 2011 2:05 PM
**To:** Strapp, Michael
**Cc:** Kirstin Stoll-DeBell; Robertson, Scott L; Albert, Jennifer A; Young, David M; Clements, James D; Reddy, Srikanth K; Henry Willett; cmerritt@cblaw.com
**Subject:** RE: ePlus v. Lawson - Supplemental Discovery Requests to ePlus

Michael - My responses are in red below. Please let me know if ePlus will provide the requested information, particularly the specific revenue information for Procure+ and Content+.  We need to receive that information as soon as possible or we will need to move to compel its production.

Dabney

---

**From:** Strapp, Michael [mailto:MStrapp@goodwinprocter.com]
**Sent:** Friday, February 11, 2011 12:56 PM
**To:** Carr, Dabney J.
**Cc:** Kirstin Stoll-DeBell; Robertson, Scott L; Albert, Jennifer A; Young, David M; Clements, James D; Reddy, Srikanth K; Henry Willett; cmerritt@cblaw.com
**Subject:** RE: ePlus v. Lawson - Supplemental Discovery Requests to ePlus

Dabney,

The summary of our discussion set forth in your 11:48 email today is incorrect and omits certain key facts.  I have set forth below a summary of the discussion that includes the facts omitted in your email and corrects certain characterizations in your 11:48 a.m. email.

Lawson's Representations

1. You confirmed for me that Lawson believes that the Court has permitted the parties to call new fact witnesses or obtain new declarations from fact witnesses for the proceedings concerning injunctive relief, but that the Court has precluded the parties from relying upon new expert witnesses or expert declarations.   I made no representations about what the Court has precluded the parties from doing with regard to expert witnesses.  Obviously, from our Motion regarding Mr. Evans, Lawson believes that the parties should not be permitted to identify new expert witnesses.

2. You were unable to tell me which, if any, new Lawson fact witnesses Lawson intends to rely upon.   This is incorrect.  I told you that Lawson would have new fact witnesses.  I told you that I did not know who those witnesses were, but they would be identified in Lawson's disclosure on Monday.

3. You confirmed that Lawson does not intend to call any new expert witnesses or rely upon new expert declarations unless its motion to strike the Evans Declaration is denied.   That is correct.

4. You confirmed that on Feb. 14 Lawson will supplement a spreadsheet it had previously produced during discovery to identify all customers or potential customers it has solicited for its infringing products.   This is incorrect. I stated that only that Lawson would do what Ms. Stoll-Debell said it would do in the Feb. 4 conference call, which my recollection was that she stated that it would supplement with an updated version of the spreadsheet from SalesForce.com that Ms. Stoll-Debell identified in the conference call hearing.

5. You confirmed that on Feb. 14 Lawson would respond to Interrogatory 28 as ordered by the Court.   That is correct.

6, You were unable to tell me whether Lawson would abide by the representation made by Ms. Stoll DeBell during the Feb. 4 hearing that Lawson would respond to Interrogatory 27 on Feb. 14.   This is incorrect.  I told you that I would pass on to Ms. Stoll-Debell ePlus's position that she agreed in the hearing that Lawson would respond to Interrogatory 27 on Feb. 14.

02/23/2011

Lawson's Summary of the Parties' Discussion

1. I explained that during discovery ePlus has turned over income statements and balance sheets for ePlus Content and ePlus Systems, the ePlus subsidiaries that sell P+ and C+. I also informed you that Lawson took a full-day deposition of Mr. Mencarini focused on financial information for these products. I then referred you to Lawson's own original trial exhibit list that includes several trial exhibits concerning this financial information.   This is obviously different from what I understood you to state in our call.  We have looked at the trial exhibits you referenced and those exhibits contain only annual sales for all software products, not just the products covered by the patents. This information is particularly relevant because ePlus has identified Procure+ and Content+ as its "flagship products" that use the patented technology. Will you provide the revenue information specifically for Procure+ and Content+?  If it has previously been produced, please identify where it is located in ePlus's production.

2. I explained that I did not believe that the SEC update referenced in Ms. Stoll Debell's email was the subject of prior Lawson discovery requests.  I asked you to relay my request to Ms. Stoll DeBell to explain the relevance of this request for information, especially in light of the information that ePlus has already turned over concerning P+ and C+.   I have relayed that request to her. Lawson believes that this information is clearly relevant and discoverable because ePlus has taken the position that the procurement division was successful and profitable.

3. I explained that ePlus has provided during discovery and in its Feb. 7 disclosures information regarding ePlus customers for P+ and C+ and that ePlus will supplement that information on Feb. 21. I also confirmed that the companies listed in the chart in ePlus's Feb. 7 disclosure are companies ePlus has solicited for P+ and C+.   You also said that you would identify where this information is located in ePlus's discovery responses.  Will you not do that?

4. I explained that ePlus was not the author of the AMR Report.   This isn't responsive to Lawson's request.  Does ePlus have any documentation that supports the revenue figures in the AMR Report or not?  You stated on the call that it did not, but if ePlus has such documentation, Lawson requests that it be produced.

Regards,

Michael

**Michael Strapp**
Goodwin | Procter LLP
Exchange Place
Boston, MA 02109
617-570-1658 (office)
917-518-3828 (mobile)
617-523-1231 (fax)
mstrapp@goodwinprocter.com
www.goodwinprocter.com

---

**From:** Carr, Dabney J. [mailto:dabney.carr@troutmansanders.com]
**Sent:** Friday, February 11, 2011 11:48 AM
**To:** Strapp, Michael
**Cc:** 'Kirstin Stoll-DeBell'
**Subject:** ePlus v. Lawson - Supplemental Discovery Requests to ePlus

Michael - Here is my summary of our discussion about the supplemental discovery that Lawson has requested.  If any of this is inaccurate, please let me know:

1. Annual Sales for Content+ and Procure+.   You said that this information can be found in trial exhibits that were originally on Lawson's exhibit list but later removed.  You believe the exhibits are titled ePlus systems and content revenue statements and there is one for each year.

2. Underlying documentation for the 3/09 SEC update in which ePlus wrote down the value of the procurement division and said its sales were down.   You said that you have confirmed with ePlus that the 3/09 SEC update had nothing to do

with Procure+ ("P+") or Content+ ("C+").  As a result, you don't think the reasons that ePlus provided the 3/09 update to the SEC is relevant. You also said that none of Lawson's previous discovery requests asked for this information.

3.  Whether the customers listed on pp. 13-15 of the 2/7 disclosure (1) are actual ePlus customers for P+ and C+ and (2) whether those customers received proposals from ePlus that specifically included C+ and P+.  On (1) you said that ePlus had provided information in discovery about whether the listed customers were actual customers for P+ and C+ and had also provided information about these customers in its 2/7 disclosure.  ePlus is looking again and will supplement with any additional information as to whether the listed customers are ePlus customers for P+ and C+ on 2/21.  For information produced before the 2/7 and 2/21 disclosures, ePlus will identify on 2/21 where such information is located in previous discovery responses.

On (2), you said that all of the listed customers were solicited for P+ and C+.  You do not know whether all had received written proposals from ePlus.   You said that ePlus has produced any proposals sent to those customers that it had found so far and also identified some proposals to these customers in the 2/7 disclosure. For written proposals produced before the 2/7 and 2/21 disclosures, ePlus will identify on 2/21 where such information is located in previous discovery responses.

4.  Documentation that supports ePlus procurement and sourcing figures in the AMR Report.   ePlus does not have any documentation supporting the revenue figures in the AMR report other than what can be found in ePlus's financial reports.  ePlus does not know where AMR got the revenue figures in its report.

Dabney


**From:** Carr, Dabney J.
**Sent:** Thursday, February 10, 2011 5:18 PM
**To:** 'Strapp, Michael'
**Cc:** ePlusGoodwinService@goodwinprocter.com; 'Daniel W. McDonald'; 'Kirstin Stoll-DeBell'; William D. Schultz
**Subject:** FW: ePlus v. Lawson

Michael

I'm writing to follow up on the emails from Kirstin below.  Do you or someone else on your team have time for a meet and confer tomorrow regarding these requests?  I am available any time.

Many thanks

Dabney J. Carr, IV | Troutman Sanders LLP | 1001 Haxall Point, P.O. Box 1122 | Richmond, VA 23218-1122 | (804) 697-1238 | fax: (804) 698-5119 | dabney.carr@troutmansanders.com |


**From:** Kirstin Stoll-DeBell
**Sent:** Wednesday, February 09, 2011 1:13 PM
**To:** Kirstin Stoll-DeBell; 'Robertson, Scott L'; 'Strapp, Michael'; 'Albert, Jennifer A'; 'Reddy, Srikanth K'; 'Clements, James D'
**Cc:** Daniel W. McDonald; William D. Schultz; Rachel Clark Hughey; Eric R. Chad; Kristin M. Drieman; Maggie Martinez
**Subject:** RE: ePlus v. Lawson

ePlus counsel:

In addition to the foregoing, we would like you to provide us with documentation that supports the ePlus "procurement and sourcing revenue" figures at p. LE00216142 of PX-463, which is the AMR report you relied on in 2/7/11 Evid. Disclosure. This page indicates that ePlus's 2004 revenue was $18 million and its 2005 revenue was $23 million, both of which are substantially more than ePlus's own financial documents show (see, e.g. DX-292).

We need this as soon as possible and before our disclosure is due next Monday.

Thanks.

02/23/2011

Kirstin

---

**From:** Kirstin Stoll-DeBell
**Sent:** Wednesday, February 09, 2011 7:11 AM
**To:** Robertson, Scott L; 'Strapp, Michael'; Albert, Jennifer A; Reddy, Srikanth K; Clements, James D
**Cc:** Daniel W. McDonald; William D. Schultz; Rachel Clark Hughey; Eric R. Chad; Kristin M. Drieman; Maggie Martinez
**Subject:** ePlus v. Lawson

ePlus counsel:

Please provide us with annual sales for Content+ and Procure+ from 2001 to present.  These are the products you contend are covered by patents-in-suit.  *See* ePlus Evid. Disclosure dated 2/7/11 at p. 5 ("Since 2001, ePlus has sold electronic sourcing and procurement software products, known as Procure+ and Content+, that embody the patented technology at issue in this litigation.").

Please also provide us with underlying documentation regarding and basis for the March 2009 SEC update where ePlus wrote down the value of the procurement division and said its sales were down due to the global credit crisis.

This sales information falls within the scope of our document requests (see, e.g. Nos. 102, 135, and 137) and should have been provided during discovery.  It is relevant to the issues of whether ePlus will be irreparably harmed absent an injunction and the balance of harms factor.

Additionally, please tell us, for each of the customers listed in the table on pages 13-15 of your 2/7/11 Evid. Disclosure, whether they are: (1) actual ePlus customers for Procure+ or Content+; and (2) they received actual proposals from ePlus that specifically included  Procure+ or Content+?

We need this information as soon as possible and before our evidence disclosure is due on February 14, 2011.


**Kirstin Stoll-DeBell**
Partner
Merchant & Gould P.C.
1050 Seventeenth Street
Suite 1950
Denver, CO 80265
USA

**Telephone** (303) 357-1640
**Fax** (303) 357-1671
**www.merchantgould.com**

GUARDIANS OF GREAT IDEAS®

Atlanta | **Denver** | Knoxville | Madison | Minneapolis | New York | Seattle | Washington D.C.

Note:  This e-mail message is confidential and may be privileged or otherwise protected by law.  If you are not the intended recipient, please: (1) reply via e-mail to sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.  Thank you.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.


This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.


This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

02/23/2011

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

02/23/2011