# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ePLUS Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF KENNETH G. FARBER

I, Kenneth G. Farber, declare as follows:

1. I am currently employed by Plaintiff ePlus, Inc. as the President of ePlus Systems, Inc. ("ePlus Systems"), ePlus Content Services, Inc. ("ePlus Content"), and ePlus Document Systems, Inc. ("ePlus Document Systems").

2. I provide this Declaration in connection with ePlus's Opposition to Defendant Lawson Software, Inc.'s Motion to Compel Plaintiff's Total Revenues From Sales of Procure+, Content+, and Related Services ("Motion to Compel").

3. In my current role, I am responsible for the daily operations, development, sales, client support, and strategic product planning for ePlus Systems, ePlus Content, and ePlus Document Systems. ePlus Systems and ePlus Content are the business units responsible for the development, marketing, and sales of ePlus's supply-chain management and electronic procurement software and systems.

4. ePlus develops and sells two main systems that I understand embody the patented technology – Content$^+$ and Procure$^+$.

5. I have reviewed Defendant's Motion to Compel, and I understand that it requests that the Court compel *e*Plus to disclose the specific revenues generated by the sale or license of the *e*Plus products that practice the patents in suit — Procure+ and Content+ — and the revenues generated by servicing those products. Def's Br. at 1. Specifically, Defendant seeks an order compelling *e*Plus to disclose "annual license and service revenues associated with" Content+ and Procure+. *Id.* at 5-6. Defendant's Motion to Compel contends that *e*Plus "provides no supporting documents specific to those products." *Id.*

6. Defendant acknowledges that *e*Plus produced "trial exhibit DX-292," which is attached to the Motion to Compel as Exhibit F. However, Defendant contends that while the document "aggregates revenues generated from sales of [the ePlus Systems and ePlus Content Services Divisions]," it must also include revenues from sales of several products other than Procure+ and Content+. Def's Br. at 2-4.

7. With one exception that I will explain, Defendant's supposition is inaccurate. The "Sales of Equipment" line item on the Income Statement for ePlus Systems, which line item is mentioned on page 3 of Defendant's Motion to Compel, reflects fees from a license that *e*Plus had to a software package which was used to support *e*Plus's procurement solution. The license fee paid by *e*Plus was passed on to *e*Plus's Procure+ and Content+ customers and was tracked under that "Sales of Equipment" line item. While *e*Plus has discontinued its use of this software, some customers may not have upgraded their procurement system (which *e*Plus may maintain), and therefore residual amounts of the fees passed on to those customers continue to show over the past few years. *See* DX-292 (Income Statement – ePlus Systems, line item "Sales of equipment").

8. With the exception noted above, it is also incorrect that DX-292 must include revenues for other products. Revenues for *e*Plus products other than Procure+ and Content+, some of which are sold through different divisions, are reported on different income statements. As examples, sales of *e*Plus's Asset Management product are tracked under a different income statement for *e*Plus Technology Inc. Sales of *e*Plus's Document Management product are tracked under a different income statement for *e*Plus Document Systems. Sales of *e*Plus's OneSource product also are tracked under a different income statement for *e*Plus Technology Inc.

9. Defendant's supposition that DX-292 does not include related services revenues is also inaccurate. The income statements for *e*Plus Systems and *e*Plus Content in DX-292 include the annual revenues from licenses, maintenance, and implementation of Procure+ and Content+.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Brick, NJ, this 24 day of February, 2011.

_____
Kenneth G. Farber

4