```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                   :
 ePLUS, INC.,                      :
                                   :
                    Plaintiff,     :
   v.                              :   Civil Action
                                   :   No. 3:09CV620
 LAWSON SOFTWARE, INC.,            :
                                   :   March 9, 2011
                    Defendant.     :
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ :
```

   COMPLETE TRANSCRIPT OF **IN CHAMBERS CONFERENCE**
         BEFORE THE HONORABLE ROBERT E. PAYNE
      UNITED STATES DISTRICT JUDGE, AND A JURY


APPEARANCES:

Scott L. Robertson, Esq.
GOODWIN PROCTOR
901 New York Avenue, NW
Washington, D.C.   20001

Craig T. Merritt, Esq.
CHRISTIAN & BARTON
909 E. Main Street, Suite 1200
Richmond, VA   23219-3095

         Counsel for the plaintiff ePlus


                DIANE J. DAFFRON, RPR
                 OFFICIAL COURT REPORTER
               UNITED STATES DISTRICT COURT

1   APPEARANCES:  (Continuing)

2   Daniel W. McDonald, Esq.
    MERCHANT & GOULD
3   3200 IDS Center
    80 South Eighth Street
4   Minneapolis, MN   55402-2215

5   Dabney J. Carr, IV, Esq.
    TROUTMAN SANDERS
6   Troutman Sanders Building
    1001 Haxall Point
7   P.O. Box 1122
    Richmond, VA   23218-1122
8
             Counsel for the defendant Lawson Software.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              (The proceedings in this matter commenced at
 2    10:30 a.m.)
 3              THE COURT:  This is ePlus against Lawson.
 4              What's happening in Mr. Farber's life?
 5              MR. ROBERTSON:  Your Honor, his mother is a
 6    fighter.  She's still hanging in there, but they are
 7    saying it's any time now.  I got the report just
 8    yesterday.  So he said he thought it was going to be
 9    yesterday.  I haven't talked to him since then.
10              THE COURT:  I'm not trying to -- I'm just
11    interested.  No matter when or how it happens, it's a
12    hard process for everybody.
13              I was looking at the schedule I gave you-all
14    for briefing when we had the argument on April the
15    4th, and I can't do any of that.  Since you've gone
16    past the date of April the 4th, I start a two-week
17    civil trial with your partner Mr. Spahn.
18              MR. CARR:  The Allergen case.
19              THE COURT:  And immediately after that's
20    over, I start a two- or three-week civil case, and
21    none of these are going to settle, I don't think.
22    There's a week in between on May the 16th.  Then
23    after that I start a three- or four-week civil case.
24    And so I don't know where I can fit any of this in.
25              Did we decide we were going to do the hearing
```

1  on April the 4th tentatively?  Is that where we are
2  right now?
3          MR. ROBERTSON:  You gave us March 28, Your
4  Honor.  Is that right?
5          MR. CARR:  Yes.
6          THE COURT:  Okay.  Well, I think the problem
7  is giving a month for briefing on the issue of an
8  injunction.  I had originally suggested or asked
9  Ms. Haggard to do an order after our last conference
10 call directing that your brief be filed on the evening
11 of the 29th, and your brief be filed on the evening of
12 the 30th, and then the reply brief be filed on the
13 evening of the 31st.  And then I can go on and hear
14 the thing on the 4th of April.
15         She said maybe that might cause cardiac
16 arrest among defense counsel and suggested it may not
17 be the right move.
18         MR. McDONALD:  I'm holding firm so far,
19 Judge.  Do you have one of those little ADD devices?
20         THE COURT:  We had one, but I don't know if
21 anyone knows how to run it.
22         When can you do your brief?
23         MR. ROBERTSON:  Well, Judge --
24         THE COURT:  Are you all taking discovery in
25 respect of this now?

1          MR. ROBERTSON:  We've exchanged supplemental
2    disclosures, and I think we're all relying on what's
3    in the record and what we have supplemented in the
4    disclosures.  There will be some declarations that if
5    we decide on who the witnesses are, I think we've got
6    it down to three total witnesses, ePlus has one, Mr.
7    Farber, and then Lawson has two, we'll divide up the
8    time.
9          We had tentatively reached a briefing
10   schedule by conferring.
11         THE COURT:  What is it?  I'm not trying to
12   foreclose you.  I'm trying to explain the realities of
13   my life.
14         MR. ROBERTSON:  It may not work with your
15   schedule.
16         THE COURT:  Let's see what you've got.
17         MR. ROBERTSON:  We had proposed the initial
18   brief from ePlus would be on April 7, Lawson's
19   response would be April 14, and ePlus' reply would be
20   April 21.
21         MR. McDONALD:  Did you say you have some time
22   around May 16 that there's a little bit of a gap?
23         THE COURT:  I have a week if I'm not dead or
24   my law clerks haven't gone on strike.  They're talking
25   about organizing, ala Wisconsin, and they're leaving

1   and I'm here.
2            This just happens to be, I was telling
3   someone the other day, it's the busiest year of trials
4   that I know are not going to plead or settle that I've
5   had since I've been on the bench.
6            I mean, I can hear you on the 16th.  The
7   problem is I'm just not going to have any time to do
8   an opinion for a long time after that because the
9   theft of intellectual property case starts on the 23rd
10  of May, and it's going for three to four weeks.
11           So, I mean, what it's doing is pushing back
12  the whole time.  I mean, I can hear you, and the
13  transcript will be transcribed, and the briefs will be
14  there.  I'm trying to figure out some way.  The 21st
15  your briefs will be finished?
16           MR. McDONALD:  Right.
17           THE COURT:  Well, that week is actually set
18  aside for that trial.  I realized that they told me it
19  was probably going to be three weeks.  So I can hear
20  you, but I don't know when I can get to making a
21  decision.
22           So there isn't any way you can file briefs
23  ahead of time, is there, and do it that way?  You kind
24  of know what your people are going to say, don't you?
25  I guess you could submit it all on affidavits from

1   your people, but that would take a lot of time anyway.
2           MR. ROBERTSON:  What if we propose this, Your
3   Honor.  I'll just throw this out.  We might be able to
4   have the hearing on the 28th, have argument at the
5   close of the hearing, and follow our briefing
6   schedule, and waive any further argument with the
7   injunction and have the Court rule on the papers.
8           MR. McDONALD:  I guess from our perspective
9   we'd like to see the benefit of the case law.
10          THE COURT:  See what now?
11          MR. McDONALD:  I'd like to have the oral
12  argument based not just on the evidentiary hearing but
13  on the case law and the law that the parties have
14  cited in the briefs.  I think that would be most
15  useful for the Court and that will help us focus on
16  what we really need to talk about in oral argument if
17  we have read each others' cases.
18          MR. ROBERTSON:  Let me suggest that we file
19  the papers.  The Court will have the benefit of the
20  law.  Lawson will have the benefit of the law.  And
21  then we waive any further argument.  The Court rules
22  on the papers.
23          MR. CARR:  It didn't sound, Judge, like you
24  had a problem getting us in for a hearing.  Your
25  problem is in --

1	THE COURT: I can find a hearing. My problem
2	is your problem, and that is that you-all need to have
3	a decision so you can move along beyond the way step
4	that is the District Court and take it to the court of
5	final appeals in patent cases. I mean, the final
6	trial court in patent cases.
7	MR. ROBERTSON: While we're talking about
8	that, Judge, and you're thinking about the schedule,
9	let me just raise one other issue. If an injunction
10	were to issue, the next step in the process under
11	Federal Appellate Rule 8(a) would be a motion to stay
12	the injunction pending appeal.
13	That has to be presented to the District
14	Court first before they can then reargue it to the
15	Federal Circuit. We'd like to combine that briefing
16	in this briefing schedule we have so that if the
17	injunction were to enter, the stay would be fully
18	briefed because we don't want to have to then, for
19	example, hypothetically --
20	THE COURT: Go through another month.
21	MR. ROBERTSON: -- go through another month
22	of briefing and coming back for a hearing on the stay.
23	THE COURT: Let's see. This is the -- let's
24	go off the record.
25	(Off-the-record discussion.)

1     THE COURT:  We'll have the hearing on March
2  the 25th.  You're going to need to work it out so
3  you get the transcript.  If you're going to cite the
4  transcript, you will need the transcript right away.
5  Split the transcript, whatever it is, to get that done
6  so they're finished.
7     Then you file your opening brief including
8  the stay situation on March the 28th.  You file your
9  response brief on March the 30th.  And you file your
10  reply on April the 1st.
11     MR. CARR:  What time do we begin on March 25?
12     THE COURT:  At 9:30.  You-all have been at
13  this for so long, I've got to do something to make
14  sure you get resolved what you can get resolved.
15     You might address the topic of a bond for the
16  injunction.  I don't know that it's necessary.
17     MR. McDONALD:  I think it applies more to a
18  preliminary injunction case.
19     THE COURT:  It does, but I guess there's
20  nothing in this case that animates that, is there?
21     MR. ROBERTSON:  I don't think so.
22     THE COURT:  Ordinarily, you don't do it in a
23  final injunction.
24     MR. McDONALD:  We would post a bond as part
25  of a stay or something like that.

1            THE COURT:  Yes.
2            MR. McDONALD:  So we might be posting a bond.
3            THE COURT:  Yes.
4            MR. McDONALD:  That's possible.
5            THE COURT:  The stay bond is what I'm talking
6   about, I'm sorry, not the injunction bond.
7            File your papers on the stay in separate
8   documents from the brief on the injunctive issue.
9            And if there's an injunction, you're going to
10  be wanting the stay.
11           MR. McDONALD:  Right.
12           THE COURT:  So you need to address the
13  question of the bond and they need to respond to it.
14           MR. McDONALD:  Okay.
15           So we file our brief on the 28th.  They
16  respond the 30th.  We reply on the 1st.
17           THE COURT:  Yes.
18           MR. McDONALD:  Okay.
19           THE COURT:  Okay.  Do we have everything?
20           MR. ROBERTSON:  The bond issue is separate.
21           MR. McDONALD:  The stay and the bond, as I
22  understand it.
23           THE COURT:  In one set of papers is the stay
24  and the bond issue.
25           MR. CARR:  Our first brief of the stay and

1   bond issue would be on March 28?

2           THE COURT:  Yes.

3           MR. CARR:  So we'll just be crossing.

4           THE COURT:  Right.

5           MR. McDONALD:  Two briefs filed on each of
6   those three days.

7           THE COURT:  Right.

8           MR. McDONALD:  We had talked about just
9   getting the information for the evidentiary hearing to
10  the Court and had agreed on a date to exchange a list
11  of what exhibits would be used with which witnesses.
12  We have agreed in advance of the hearing to exchange
13  any demonstrative exhibits, which I don't think is
14  going to be a long list.

15          Do you want to know what that schedule is?
16  That was basically amongst ourselves.

17          THE COURT:  As long as you all are in
18  agreement, I don't have a problem with it.

19          MR. ROBERTSON:  Refresh me what it was, now.

20          MR. McDONALD:  It was 9:00 a.m. the day
21  before.  It was going to be the prior Friday.  Now I
22  guess it will be the Thursday to exchange the exhibits
23  for each witness.  And then noon.  Do you want to try
24  to do it two days ahead of time?

25          MR. ROBERTSON:  Yes.

1        MR. McDONALD:  Let's do it Thursday then.

2        MR. ROBERTSON:  Let's do it for Wednesday.
3   The hearing is on the 25th.

4        THE COURT:  The hearing is on Friday, the
5   25th.

6        MR. McDONALD:  Wednesday at noon.

7        Then we were going to, I think, provide the
8   Court with the exhibits that we expected to actually
9   use with the witnesses.  Was that going to be a few
10  days before?  That's what we had planned.  We talked
11  about doing it on March 21, which was that Monday,
12  when the hearing was going to be the 28th.

13       Do you have a preference?

14       THE COURT:  I'm going to be in trial.  So I'm
15  not going to be able to look at them until much closer
16  to the hearing.  Are there voluminous exhibits?

17       MR. McDONALD:  No, I think we've got it down
18  to, by our definition anyway, compared to the boxes
19  you had in the trial, it's pretty finite.

20       MR. ROBERTSON:  Ours are less than that, Your
21  Honor.

22       THE COURT:  Why don't you get them here two
23  days beforehand.

24       MR. McDONALD:  Sure.

25       THE COURT:  All right.  Does that take care

1  of it?

2         MS. HAGGARD:  Does the oral argument remain
3  on April 4?

4         THE COURT:  April 4, yes.

5         MR. CARR:  What time on April 4?

6         THE COURT:  9:30, wasn't it?  Or was it
7  10:00?  Let's see.  I don't think the order actually
8  said.  I have it in my book at 9:30.

9         MR. ROBERTSON:  Judge, do you want to
10 consider imposing some time limits on that final
11 argument?

12        THE COURT:  I'm looking at the morning.

13        MR. ROBERTSON:  Okay.

14        THE COURT:  I'll let you-all use your
15 discretion.

16        All right.  Anything else?  Okay.  Thanks.
17        Thanks, Diane.

18        (The proceedings were adjourned at 10:58
19 p.m.)

20        I, Diane J. Daffron, certify that the
21 foregoing is a true and accurate transcription of my
22 stenographic notes.

23                    /s/                      3/18/11
                   _____  _____
24                 DIANE J. DAFFRON, RPR, CCR       DATE

25