# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF *e*PLUS INC.'S BRIEF IN SUPPORT OF MOTION TO STRIKE ATTORNEY DECLARATION OF ROBERT A. KALINSKY, ESQ. AND OTHER EVIDENCE OR ARGUMENT RELATING TO NON-FINAL REEXAMINATIONS OF THE PATENTS-IN-SUIT

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
James D. Clements (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................1

II.   BACKGROUND .........................................................................................................2

III.  ARGUMENT ...............................................................................................................5

      A.    Mr. Kalinsky's Declaration And The Reexamination Proceedings Are
            Irrelevant Because They Have Not Resulted In A Final Decision With
            Respect To The Validity Of Any Claim Of The Patents-in-Suit ............................7

      B.    Mr. Kalinsky's Declaration And The Reexamination Proceedings Are Not
            Relevant To The Four Factors This Court Must Consider In Connection
            With The Motion For A Permanent Injunction.......................................................13

      C.    Mr. Kalinsky's Declaration With Respect To The PTO Examiner's Interim
            Decisions Has No Probative Value For The Additional Reason That The
            Reexamination Proceedings Apply Different Legal Standards Than Does
            This District Court Proceeding ..............................................................................17

IV.   CONCLUSION...........................................................................................................20

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Abbott Labs. v. Sandoz, Inc.,*
   544 F.3d 1341 (Fed. Cir. 2008) ................................................................... 14

*Acoustical Design, Inc. v. Control Elecs. Co.,*
   932 F.2d 939, 18 USPQ2d 1707 (Fed. Cir. 1991) ..................................... 12

*Amoco Production Co. v. Village of Gambell, AK,*
   480 U.S. 531, 107 S. Ct. 1396, 94 L.Ed. 2d 542 (1987).......................... 14

*Amphenol T&M Antennas Inc. v. Centurion Int'l Inc.,*
   2002 W.L. 32373639 (N.D. Ill. Jan. 17, 2002)......................................... 13

*Bartex Research, LLC v. Fedex Corp.,*
   611 F. Supp.2d 647 (E.D. Tex. 2009)........................................................... 8

*Bilski v. Kappos,*
   ___ U.S. ___, 130 S.Ct. 3218 (2010)........................................................ 16

*Constr. Equip. Co. v. Powerscreen Int'l Distrib., Ltd.,*
   2009 WL 437703 (D. Ore. Feb. 19, 2009)................................................. 15

*eBay Inc. v. MercExchange, L.L.C.,*
   547 U.S. 388 (2006)............................................................................. passim

*ESN, LLC v. Cisco Sys., Inc.,*
   2008 U.S. Dist. LEXIS 108327 (E.D. Tex. Nov. 20, 2008) ....................... 8

*Greenwood v. Hattori Seiko Co., Ltd.,*
   900 F.2d 238 (Fed. Cir. 1990) ................................................................... 11

*Hoechst Celanese Corp. v. BP Chems., Ltd.,*
   846 F. Supp. 542 (S.D. Tex. 1994) ...................................................... 12, 13

*i4i Ltd. Partnership v. Microsoft Corp.,*
   670 F. Supp.2d 568 (E.D. Tex. 2009), *aff'd,* 598 F.3d 831 (Fed. Cir.), *cert. granted,* 131 S.Ct.
   647 (2010)................................................................................................... 13

*In re American Academy of Science Tech. Center,*
   367 F.3d 1359 (Fed. Cir. 2004) ................................................................. 18

*In re Bass,*
   314 F.3d 575 (Fed. Cir. 2002) ................................................................... 11

*In re Bilski,*
   545 F.3d 943 (Fed. Cir. 2008) ................................................................... 16

*In re Etter,*
   756 F.2d 852 (Fed. Cir. 1985) ............................................................. 18, 19

*In re Yamamoto,*
  740 F.2d 1569 (Fed. Cir. 1984) ............................................................. 18

*In re Zletz,*
  893 F.2d 319 (Fed. Cir. 1989) ............................................................... 18

*Intelligent Peripheral Devices, Inc. v. Smartpad, Inc.,*
  1998 WL 754606 (N.D. Cal. Oct. 26, 1998) ........................................... 11

*Kaufman Co., Inc. v. Lantech, Inc.,*
  807 F.2d 970 (Fed. Cir. 1986) ............................................................... 11

*MercExchange, L.L.C. v. eBay, Inc.,*
  500 F. Supp.2d 556 (E.D. Va. 2007) ............................................... 14, 15

*Rosco, Inc. v. Mirror Lite Co.,*
  2007 WL 2296827 (E.D.N.Y. Aug. 6, 2007)............................................ 15

*Roy-G-Biv Corp. v. Fanuc Ltd.,*
  2009 WL 1080854 (E.D. Tex. Apr. 14, 2009) ........................................... 8

*Spansion, Inc. v. ITC,*
  629 F.3d 1331 (Fed. Cir. 2010) ............................................................. 14

*Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,*
  597 F. Supp. 2d 897 (N.D. Iowa 2009)............................................. 12, 13

**Statutes**

35 U.S.C. § 154............................................................................................ 7

35 U.S.C. § 282..................................................................................... 11, 18

35 U.S.C. § 283............................................................................................ 7

35 U.S.C. § 307.......................................................................................... 10

35 U.S.C. § 316.......................................................................................... 10

**Other Authorities**

Manual of Patent Examining Procedures ("MPEP") § 2111 ...................... 18

Paul R. Michel, C.J., *Where Are We Now on Patent System Improvements and How Can We Best Make Further Progress*........................................................................... 9

R. Sterne, *Guest Post: Hot Topics in US Patent Reexamination* (Mar. 10, 2009) ...................... 17

*Reexamining Inter Partes Reexamination,* Institute for Progress (April 2008)............................. 8

**Rules**

Fed. R. Ev. 402 ............................................................................................ 1

Fed. R. Ev. 403 ............................................................................................ 1

## I.      INTRODUCTION

Pursuant to Fed. R. Ev. 402 and 403, Plaintiff *e*Plus Inc. ("*e*Plus") respectfully requests that the Court strike and exclude from evidence or argument with respect to the decision relating to *e*Plus's motion for entry of a permanent injunction the Declaration of Robert A. Kalinsky, Esq. (DX485) ("Kalinsky Dec."), and all other evidence or argument pertaining to the non-final PTO reexaminations of the patents-in-suit.[1]  Mr. Kalinsky is an attorney with Merchant & Gould, P.C., outside counsel for Defendant Lawson Software, Inc. ("Lawson") in this litigation and in the *inter partes* PTO reexamination proceedings for two of the patents-in-suit.  Lawson has submitted Mr. Kalinsky's declaration for use in connection with the injunction proceeding.  In his declaration, Mr. Kalinsky purports to testify with respect to and characterize the interim administrative agency findings of the U.S. Patent and Trademark Office ("PTO") examiner in connection with the four PTO reexamination proceedings for the patents-in-suit.

For several reasons, this "evidence" is not relevant and has no probative value with respect to *e*Plus's motion for a permanent injunction.  First, the jury has already determined that the asserted claims are not invalid, and none of the four reexamination proceedings have resulted in a final determination that any asserted claim is invalid.  The interim findings made in the preliminary stages of such proceedings have no probative value, and there will not be any final determination adverse to *e*Plus from the PTO reexaminations for many years, if at all.  Because reexamination requests are routinely granted, to deny an injunction based on non-final reexamination proceedings initiated by accused infringers as a litigation tactic would effectively provide any accused infringer with a "get out of jail free" card in nearly every patent case.

---

[1] This motion also seeks exclusion of Exhibits A-J to the Kalinsky Dec., as well as DX237 – 243, DX488 – 491, and DX493.

Second, the PTO reexamination proceedings are not relevant to any of the four factors upon which the Court should determine whether to grant a permanent injunction.

Third, the PTO reexaminations employ different claim construction principles, different burdens of proof, and different evidentiary procedures than does this federal court litigation.

*e*Plus therefore respectfully requests that the Court strike and exclude from the injunction proceeding the Kalinsky declaration and the so-called "evidence" that Mr. Kalinsky relies upon. *e*Plus further requests that "evidence" or argument relating to these non-final reexamination proceedings be excluded.

## II.    BACKGROUND

As the Court is aware, there are four ongoing reexamination proceedings that have been initiated, and which are currently in their preliminary stages, for the patents-in-suit, U.S. Pat. Nos. 6,505,172 ("the '172 Patent"); 6,055,516 ("the '516 Patent"); and 6,023,683 ("the '683 Patent") (collectively, "the patents-in-suit").[2]  On July 17, 2006, SAP AG and SAP America, Inc. (collectively, "SAP"), requested *ex parte* reexamination of claims 26-45 of the '683 Patent. Claims 1-25 of the '683 Patent are not subject to reexamination in the proceeding initiated by SAP.  Ex. A (conditional Manbeck report) ("Manbeck Dec."), at ¶ 18.[3]  On September 14, 2006, SAP filed an amended request for *ex parte* reexamination of the '683 Patent.  *Id.,* ¶ 20.  The PTO

---

[2] As discussed *infra,* these proceedings have several significant hurdles to traverse in the PTO, the Board of Patent Appeals and Interferences ("BPAI"), and the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit"), before any final determination will be reached.  No claims can be amended or canceled with final effect unless and until all of these hurdles are cleared in a manner adverse to the patentee.

[3] *e*Plus has submitted this "conditional" report of Mr. Manbeck for the Court to consider, in response to Mr. Kalinsky's declaration, in the event the Court denies this motion and considers Mr. Kalinsky's declaration or any other evidence submitted by Lawson relating to the pending reexaminations in connection with the permanent injunction motion.  *e*Plus submitted Mr. Manbeck's conditional declaration as part of its rebuttal injunction disclosures on February 22, and provided the declaration to the Court with its supplemental disclosures on March 23.

examiner granted the request on October 28, 2006.  *Id.*  As of the date of this filing, the '683

reexamination is still pending before the Board of Patent Appeals and Interferences ("BPAI").

*Id.,* ¶ 28.  The BPAI has yet to issue a decision, which could be months or years away.  *e*Plus has

not amended any of the claims at issue or added any new claims.  *Id.,* ¶¶ 27-30.

      This action against Lawson was filed on May 19, 2009, and Lawson was served with the

Complaint on May 28, 2009.  The Complaint alleged that Lawson infringed all three of the

patents-in-suit.  On July 10, 2009, Lawson requested *inter partes* reexamination of the claims of

the '172 Patent.[4]  *Id.*, ¶ 40.  On August 21, 2009, Lawson filed a corrected request for *inter*

*partes* reexamination of claims 1-5 of the '172 Patent.  *Id.*, ¶ 42.  On October 23, 2009, the PTO

granted the request for *inter partes* reexamination.  *Id.*, ¶ 43.  The PTO issued an Action Closing

Prosecution on July 8, 2010, to which *e*Plus filed a response.  On January 13, 2011, the PTO

mailed a Right of Appeal Notice.  On February 11, 2011, *e*Plus filed a Notice of Appeal.  *Id.* at

¶¶ 48-50.

      On November 12, 2009, after this action was pending for six months, Lawson requested

*ex parte* reexamination of claims 1-29 of the '516 Patent.  *Id.*, ¶ 53.  The PTO examiner granted

Lawson's request for reexamination on January 15, 2010.  *Id.*, ¶ 55.  *e*Plus filed a response to an

initial Office Action on September 8, 2010.  *Id.*, ¶¶ 57-58.

      On June 25, 2010, more than a year after the initiation of this litigation, Lawson filed a

request for *ex parte* reexamination of claims 1-25 of the '683 Patent.  *Id.*, ¶ 59.  The PTO

Examiner issued an order granting the request for reexamination on September 2, 2010.  *Id.*, ¶

---

[4] *Inter partes* reexamination is different from *ex parte* reexamination in that the third party who
requests reexamination has rights to participate in the proceeding, including commenting on the
patentee's responses to Office Actions.  Like the patentee, the requester has rights in an *inter*
*partes* reexamination to appeal the conclusions of the examiner to the BPAI and to the Federal
Circuit.  *Id.*, ¶ 41.

60.  On February 10, 2011, the PTO Examiner issued an Office Action rejecting claims 1-25 of

the '683 Patent.  As of this date, *e*Plus has yet to file a response to the initial Office Action.  *Id*.,

¶¶ 61-62.

Accordingly, all four of the reexamination proceedings are still pending, and none of

them has yet been the subject of a decision by the BPAI.

On pretrial motions, this Court held that evidence or argument pertaining to the four PTO

reexamination proceedings (three of which were initiated by Lawson after this suit was filed)

would be excluded from the trial of this action.  *e*Plus's first motion *in limine* requested that the

Court exclude from the trial all evidence or argument pertaining to the reexamination

proceedings, including for use with respect to any liability issue and willfulness.  The Court

granted *e*Plus's motion.  Dkt. No. 375.

Lawson's seventh motion *in limine* presented an opposite proposition, namely, that not

only should the reexamination evidence be admitted, but moreover that the alleged interim

findings of the PTO examiner be deemed binding on the Court and on *e*Plus.  The Court rejected

Lawson's motion.  Dkt. No. 362.

On January 27, 2011, the jury returned a verdict and rejected all of Lawson's invalidity

defenses against the asserted claims.  The jury found that Lawson infringed claims 3, 26, 28, and

29 of the '683 Patent, and claim 1 of the '172 Patent.  Dkt. No. 600.  Following the jury verdict,

*e*Plus requested a permanent injunction, and the Court ordered the parties to supplement their

discovery disclosures for the purpose of an injunction proceeding.

With its Court-ordered supplemental disclosure for the injunction proceeding, on

February 14, 2011, Lawson submitted an attorney declaration from Robert A. Kalinsky.  Mr.

Kalinsky states that he is a partner of Merchant & Gould and is involved in the three Lawson-

initiated PTO reexamination proceedings relating to the patents-in-suit. Declaration of Robert A. Kalinsky ("Kalinsky Dec."), ¶ 2. Although Mr. Kalinsky is not involved in the first PTO reexamination proceeding for some of the '683 Patent claims, which proceeding was initiated by SAP, Mr. Kalinsky's declaration also purports to characterize the events and examiner findings that have arisen in that proceeding.[5] Mr. Kalinsky also provides PTO statistics of reexamination proceedings that he characterizes as showing the likely impact of the reexamination proceedings and the prospects that claims of the *e*Plus patents may be invalidated as a result of those proceedings. Mr. Kalinsky's declaration does not address any issue other than the reexamination proceedings. In addition, Lawson has submitted with its supplemental disclosure for the injunction proceeding the following exhibits related to the pending reexamination proceedings: DX237 – 243, DX488 – 491, and DX493.

## III.    ARGUMENT

Two different juries have now rejected all of an accused infringer's invalidity defenses against the asserted claims of the *e*Plus patents-in-suit.[6] Nonetheless, Lawson persists in arguing, via an "evidentiary" declaration of its outside counsel, that ongoing PTO reexamination proceedings — all initiated by accused infringers and none of which have reached a final decision — merit this Court's denial of a permanent injunction against Lawson's adjudicated and ongoing infringement.

Lawson's Kalinsky Declaration and any other evidence pertaining to the interim administrative agency actions taken in the preliminary stages of the reexamination proceedings

---

[5] Mr. Kalinsky fails to note that Lawson's litigation counsel Mr. McDonald has also made submissions to the PTO in the reexaminations and that Lawson's positions in the reexaminations have been inconsistent with positions taken during this litigation. *See* Manbeck Dec., ¶¶ 47, 53-54, 59.

[6] Just as the jury rejected all of Lawson's invalidity defenses in this case, so too did the jury in the *Ariba* litigation reject all of the invalidity defenses.

has no probative value with respect to *e*Plus's motion for a permanent injunction.  The jury has already rejected all of Lawson's invalidity defenses, and there is no legal significance to the validity of the patents-in-suit from the fact that the reexamination proceedings are occurring, or from any of the interim administrative agency actions taken therein.  Interim decisions in reexamination proceedings are simply that, ***interim*** decisions subject to reversal at several stages of the proceedings.  No claim of the patents-in-suit has been invalidated, nor can any claim be invalidated unless and until the entire reexamination process, culminating in an appeal to the Federal Circuit, has occurred and a final decision is reached adverse to the patentee and a certificate is issued by the PTO cancelling the patent claims.  Manbeck Dec., ¶¶ 83, 85-87.

Indeed, none of the four reexamination proceedings has yet reached a decision by the BPAI, even though the first of the proceedings was initiated almost five years ago.  The most recently-initiated proceeding pertaining to infringed claim 3 of the '683 Patent (not requested by Lawson until after the close of discovery in this case) has been subject only to an initial office action to which *e*Plus has not yet had the opportunity to respond.  Any final decision that could be adverse to *e*Plus is years away and will not likely occur, if at all, until after the expiration of the asserted patents.[7]  Manbeck Dec., ¶¶ 14, 59, 61-62, 83-84.

---

[7] Indeed, this has undoubtedly been Lawson's strategy when requesting the reexaminations. There were no reexamination proceedings with respect to claims 1 through 25 of the '683 Patent, including infringed claim 3, until June 2010, when *e*Plus pointed out in arguing motions *in limine* that some of the asserted claims were not subject to reexamination.  It was only then that Lawson requested reexamination of claims 1-25 of the '683 Patent.  Likewise, with respect to the '172 Patent, Lawson did not request reexamination until July 2009, and that request was not granted until October 23, 2009.  Lawson did not request the '516 Patent reexamination until November 12, 2009, and that request was not granted until January 15, 2010.  Of course, Lawson never ceased its infringement, not even to await whether the PTO would grant the requests, issue office actions, or take any other actions.  Thus, these reexamination proceedings have never been anything more than a "fig leaf" to cover Lawson's decision to continue its infringement throughout the pendency of this litigation, which decision obviously was not based upon whether reexaminations were meritorious or ongoing.

Further, the non-final reexamination proceedings are not relevant to any of the four factors that this Court must consider when deciding the injunction motion, pursuant to *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006).  If Lawson's arguments were adopted, any accused infringer could request reexamination during the course of litigation and, if the jury returns a verdict of infringement, avoid an injunction based on the fact the reexaminations are still pending and will be ongoing for years.  This is in spite of the fact that the reexamination proceedings apply different burdens of proof and different claim construction rules from those that this Court must employ in this litigation.

Thus, Lawson's arguments, if adopted, would effectively deprive *e*Plus of its remedy of injunctive relief, 35 U.S.C. § 283, and of the right to exclude others from the use of its property rights.  35 U.S.C. § 154(a)(1).  Because the Court has already excluded *e*Plus's damages case, this would preclude *e*Plus from having a remedy for Lawson's adjudicated infringement.  Surely, this Court did not expend its resources and preside over a three-week jury trial simply to decide that there will be no remedy for Lawson's adjudicated infringement.  The Court should strike Mr. Kalinsky's declaration and the other evidence pertaining to the non-final reexamination proceedings, just as it did for the liability phase of this trial.

A.  **Mr. Kalinsky's Declaration And The Reexamination Proceedings Are Irrelevant Because They Have Not Resulted In A Final Decision With Respect To The Validity Of Any Claim Of The Patents-in-Suit**

As was set forth in connection with *e*Plus's opposition to Lawson's prior motion to stay this case which this Court denied, the PTO reexamination process typically takes ***more than six years***, and certainly will not be finished before this Court must decide the motion for a permanent injunction.  *See* Dkt. No. 49 (*e*Plus Brf. in Opposition to Motion to Stay Proceedings).  Likewise, the *ex parte* proceeding initiated by SAP has already consumed almost five years, and

that proceeding has not even reached a decision by the BPAI.  For the *ex parte* proceeding

(which Lawson did not initiate until June 2010, after the close of discovery) applicable to

infringed claim 3 of the '683 Patent, the PTO examiner has only rendered a first office action

within the past few weeks.  Thus, again, many **years** of prosecution before the PTO remain for

that proceeding before *e*Plus may appeal any adverse decision to the Federal Circuit.

 Every realistic estimate of the duration of *inter partes* reexamination proceedings projects

that they will consume **at least six and a half years and likely more** before those Lawson-

initiated proceedings are completed.  *See* Manbeck Dec., ¶¶ 67-84; *see also Reexamining Inter*

*Partes Reexamination,* Institute for Progress (April 2008) (hereinafter, "Institute for Progress

Paper") (estimating expected pendency of **at least 6.5 years** for appealed *inter partes*

reexaminations); *Bartex Research, LLC v. Fedex Corp.,* 611 F. Supp.2d 647, 651 (E.D. Tex.

2009) (citing and agreeing with analysis in Institute for Progress Report as partial basis for

denying stay motion, and estimating entire process of *inter partes* reexamination as requiring an

average of 78.4 months); *Roy-G-Biv Corp. v. Fanuc Ltd.,* 2009 WL 1080854, *2 (E.D. Tex. Apr.

14, 2009) (citing Institute for Progress study and estimating entire length of *inter partes*

proceeding as taking between five to eight years); *ESN, LLC v. Cisco Sys., Inc.,* 2008 U.S. Dist.

LEXIS 108327, **6-10 (E.D. Tex. Nov. 20, 2008)  (relying in part on Institute for Progress

study).

 For such reasons, Chief Judge Paul R. Michel of the U.S. Court of Appeals for the

Federal Circuit provided the following comments on proposals for patent reform in light of the

lack of efficacy of the current reexamination system:

> Can we really get a faster, better, and cheaper review of challenged patents at the
> PTO than in the courts?  Experience with the existing PTO reexamination
> procedures raises doubts.  And the PTO is already overwhelmed by ex parte
> examinations with average pendencies of over three years, in some arts, far

longer.  Is it realistic to expect the PTO to be able to conduct a new form of inter
partes reexamination faster and cheaper than the courts?  And more accurately?
Unless its new procedures, competencies, and powers can be clearly defined, how
will we know what consequences would follow?  How will we know this is not a
mirage in the desert that looks like an oasis, but has no water?

Paul R. Michel, C.J., *Where Are We Now on Patent System Improvements and How Can We Best*

*Make Further Progress?* FTC Hearing on the Evolving IP Marketplace, 4 (Dec. 5, 2008)

(available at http://www.cafc.uscourts.gov/FTCspeech.pdf).

There is no deadline, either statutory or under the PTO rules, for the completion of any

phase of an *inter partes* (or an *ex parte*) reexamination once it has been declared and the first

office action has been mailed.  Manbeck Dec., ¶ 69.  Mr. Manbeck's conditional declaration

explains in detail the numerous steps that an *inter partes* reexamination entails and concludes,

based on review of PTO data, that "Out of 1115 *inter partes* Reexamination Requests filed as of

December 31, 2010, only just under 20% of the reexaminations have concluded, *i.e.,*

Reexamination Certificates were issued."  Manbeck Dec., ¶ 70.

The PTO statistics indicate that where, as here, the Patent Owner will actively participate

in the reexamination process rather than merely allowing it to proceed undefended, the average

pendency of the *inter partes* proceedings is 70 months through the issuance of a BPAI decision.

Manbeck Dec., ¶ 72.  This 70 month average pendency period further increases if either party

appeals the BPAI's decision to the Federal Circuit.[8]  Thus, at least one of and possibly all three

of the patents-in-suit could expire prior to the conclusion of the PTO proceedings.  Manbeck

Dec., ¶¶ 83-84.  Moreover, of the 221 *inter partes* reexaminations for which certificates have

issued, in 53% of those proceedings the patentability of at least some of the claims has been

---

[8] As set forth above, based on the Federal Circuit's statistics, it should take on average at least 9
additional months to reach a final decision regarding the reexamination, and perhaps longer.  *Id.*
at ¶ 72.

confirmed; for *ex parte* proceedings, in 88% of the proceedings for which certificates have

issued, the patentability of at least some of the claims has been confirmed.  Manbeck Dec., ¶¶ 74,

76.

The reexamination proceedings that are currently in progress for the patents-in-suit are

simply that, ***in progress***.  These proceedings have numerous significant steps to traverse in the

PTO, the BPAI, and the Federal Circuit before any final determination is reached, and claims are

confirmed, amended or canceled with final effect.  As set forth in detail in the conditional

Manbeck report, the reexaminations are currently in the preliminary stages of a multi-stage

process.[9]  *Id.* at ¶¶ 67-82.  Remaining stages are proceedings before the BPAI (a multi-year

process, which in many cases results in reversal of the examiner decisions), and Federal Circuit

review.  *Id.*

By statute, claims are not cancelled or confirmed in reexaminations, until a final action

has issued, all appeals have been exhausted, *and* a certificate has issued.  35 U.S.C. § 316(a) ("In

an *inter partes* reexamination proceeding[,] when the time for appeal has expired or any appeal

proceeding has terminated, the Director shall issue and publish a certificate canceling any claim

of the patent finally determined to be unpatentable, confirming any claim of the patent

determined to be patentable, and incorporating in the patent any proposed amended or new claim

determined to be patentable."); 35 U.S.C. § 307 (a) ("In an [*ex parte*] reexamination proceeding

---

[9] In summary, the parties may appeal the examiner's decisions to the BPAI, but only after receipt of a Right of Appeal Notice.  On appeal, the BPAI may affirm or reverse the examiner's rejections or the BPAI may remand the proceeding to the examiner for further consideration. Moreover, the BPAI may issue new grounds of rejection thus sending the proceeding back to the examiner for further prosecution.  The proceeding then winds its way back up to the BPAI. Assuming a final adverse decision of the BPAI, the patentee may then appeal such decision of the BPAI to the Federal Circuit.  Further, the patentee may file a request for a rehearing of any unfavorable BPAI decision.  If the BPAI's decision remains unfavorable, the patentee has the statutory right to appeal the decision to the Federal Circuit.  ***None*** of the four proceedings have yet been the subject of a BPAI decision.

[], when the time for appeal has expired or any appeal proceeding has terminated, the Director

will issue and publish a certificate canceling any claim of the patent finally determined to be

unpatentable, confirming any claim of the patent determined to be patentable, and incorporating

in the patent any proposed amended or new claim determined to be patentable.").  The PTO is

free to reconsider its initial determinations in a reexamination prior to issuing a reexamination

certificate.  *In re Bass*, 314 F.3d 575, 577 (Fed. Cir. 2002) ("Until a matter has been completed,

however, the PTO may reconsider an earlier action.  A reexamination is complete upon the

statutorily mandated issuance of a reexamination certificate….") (citation omitted); *see also*

Manbeck Dec., ¶ 63.

The patent statute provides to each issued patent a presumption of validity.  35 U.S.C. §

282 ("A patent shall be presumed valid.  Each claim of a patent…shall be presumed valid

independently of the validity of other claims…").  The presumption of validity remains unaltered

throughout the entire reexamination process.  *See Kaufman Co., Inc. v. Lantech, Inc.*, 807 F.2d

970, 974 (Fed. Cir. 1986); *see also Greenwood v. Hattori Seiko Co., Ltd.*, 900 F.2d 238, 240

(Fed. Cir. 1990) ("The district court has misperceived the purpose and effect of reexamination,

and has treated the reexamination as if it were part of [plaintiff's] suit against

[defendant]….Because the court's misperceptions caused it to disregard the presumption that all

patents are valid, its judgment must be vacated.") (citations omitted); *Intelligent Peripheral*

*Devices, Inc. v. Smartpad, Inc.*, 1998 WL 754606, **2-3 (N.D. Cal. Oct. 26, 1998) (holding that,

despite the fact that an appeal was pending before the BPAI, the patent-at-issue "continue[d] to

enjoy a presumption of validity for [the] purposes of this [district court] action.").

Similarly, the mere fact that a reexamination is ongoing that creates the ***potential*** for

invalidity of a patent has no probative value.  The PTO's grant of a reexamination request is

nearly automatic upon the filing of a request that complies with the procedural requirements.

*Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,* 597 F. Supp. 2d 897, 905-07 (N.D.

Iowa 2009) (citing statistics showing that 89% of reexamination requests were granted even

though only 5.6% of reexamined patents were completely rejected with no claims remaining).

Accordingly, the mere fact that reexamination requests were made and granted does not provide

a "get out of jail free" card for Lawson to continue its infringement after an adverse jury verdict.

Neither should it permit Lawson to run out the clock on any remedy to *e*Plus for Lawson's

infringement, which has now been determined through a full jury trial.

    Indeed, the Federal Circuit has stated:

> We take notice that **the grant by the examiner of a request for reexamination is not probative of unpatentability**. The grant of a request for reexamination, although surely evidence the criterion for reexamination has been met (*i.e.,* that a "substantial new question of patentability" has been raised, 35 U.S.C. § 303), **does not establish a likelihood of patent invalidity**. *See Acoustical Design, Inc. v. Control Elecs. Co.,* 932 F.2d 939, 942, 18 USPQ2d 1707, 1710 (Fed. Cir.) ("**initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims**"), *cert. denied,* 502 U.S. 863, 112 S.Ct. 185, 116 L.Ed.2d 146 (1991).

*Hoechst Celanese,* 78 F.3d 1575, 1584 (Fed. Cir. 1996) (emphasis added) (footnote omitted).

    Thus, the fact of reexamination proceedings, even where the PTO has actually acted upon

an infringer's request and determined to proceed with a reexamination, has "little or no probative

value." *Hoechst Celanese Corp. v. BP Chems., Ltd.,* 846 F. Supp. 542, 547 (S.D. Tex. 1994),

*aff'd,* 78 F.3d 1575 (Fed. Cir. 1996). As in *Transamerica,* the district court in *Hoechst Celanese*

noted that although it is not uncommon for the PTO to grant a request for reexamination, only

twelve percent of these grants result in refusals to find patentable claims. *Id.* And other courts

have agreed with the *Hoechst Celanese* court, stating that "[t]he likelihood that some or all of the

patent will be invalidated as a result of the reexamination proceedings is impossible to calculate

with any reasonable degree of certainty, but statistically, it is not great." *Amphenol T&M Antennas Inc. v. Centurion Int'l Inc.,* 2002 W.L. 32373639, *8 (N.D. Ill. Jan. 17, 2002) (citing *Hoechst Celanese,* 78 F.3d at 1584, n.2.).[10]  *See also* Manbeck Dec. at ¶¶ 73-74 (noting low percentage of cases in which all claims are cancelled).

Accordingly, the fact that reexamination proceedings are ongoing, or that interim administrative agency decisions have been made by a PTO examiner at preliminary stages of those proceedings, has no legal effect on the validity of the asserted claims in this litigation.[11] Accordingly, Mr. Kalinsky's declaration with respect to these proceedings and the other reexamination "evidence" is likewise irrelevant to the injunction issue before this Court.

> **B.      Mr. Kalinsky's Declaration And The Reexamination Proceedings Are Not Relevant To The Four Factors This Court Must Consider In Connection With The Motion For A Permanent Injunction**

In the *eBay* decision the Supreme Court set forth the four factors that a district court must weigh in determining whether to grant injunctive relief.  Those factors are:  (i) irreparable injury to the patentee; (ii) the inadequacy of a remedy at law; (iii) the balance of harms between the plaintiff and defendant; and (iv) that the public interest would not be disserved by the injunction. *eBay,* 547 U.S. at 391.

---

[10]  In *Hoechst Celanese,* the Federal Circuit also noted that while 89% of reexamination requests had been granted during the prior year, only 5.6% of the reexamined patents were completely rejected with no claims remaining after reexamination.  *Hoechst Celanese.* 78 F.3d at 1584, n.2.

[11] There are numerous other federal court decisions to this same effect.  *See, e.g., i4i Ltd. Partnership v. Microsoft Corp.,* 670 F. Supp.2d 568, 583 (E.D. Tex. 2009), *aff'd,* 598 F.3d 831 (Fed. Cir.), *cert. granted,* 131 S.Ct. 647 (2010) ("[t]he simple fact that a reexamination decision has been made by the PTO is not evidence probative of any element regarding any claim of invalidity."); *Transamerica Life,* 597 F. Supp. 2d at 907 ("[t]his court agrees with its brethren that evidence of incomplete reexamination proceedings is not admissible to prove invalidity of a patent, because it has no probative value on that issue ….", and citing cases).

Notably, none of these factors make relevant the existence of ongoing reexamination

proceedings.[12]  If the PTO's grant of a reexamination request served as a strong and reliable

predictor of a defendant's ultimate success on the merits (and, as set forth above, it does not),

arguably the reexamination proceedings could be relevant, at best, to the likelihood of success on

the merits.  However, that factor is relevant only to a ***preliminary*** injunction motion.  *Abbott*

*Labs. v. Sandoz, Inc.,* 544 F.3d 1341, 1364 (Fed. Cir. 2008) ("[t]he [Supreme] Court explained in

*Amoco Production Co. v. Village of Gambell, AK,* 480 U.S. 531, 546 n.2, 107 S. Ct. 1396, 94

L.Ed. 2d 542 (1987) that:  'The standard for a preliminary injunction is essentially the same as

for a permanent injunction ***with the exception that the plaintiff must show a likelihood of***

***success on the merits rather than actual success.'"***) (emphasis added).  Thus, "likelihood of

success" on the merits is not among any of the four *eBay* factors when weighing a permanent

injunction following a showing of ***actual*** success on the merits, namely, a full trial resulting in a

jury verdict of infringement and no invalidity.

*e*Plus is aware of the district court decision on remand in the *eBay* case in which the

district court considered the impact of ongoing reexamination proceedings under the irreparable

harm, balance of harms, and public interest factors.  *See MercExchange, L.L.C. v. eBay, Inc.,* 500

F. Supp.2d 556 (E.D. Va. 2007).  However, it appears that aspect of the district court's decision

---

[12] The Federal Circuit recently affirmed an ITC injunction where the Commission "found that it
would be premature to give dispositive weight to the PTO reexamination proceedings until all
appeals had been exhausted."  *Spansion, Inc. v. ITC,* 629 F.3d 1331, 1360 (Fed. Cir. 2010).  The
Commission issued the injunction notwithstanding the fact that a PTO final rejection had been
issued and prosecution had been closed in the reexamination; the Commission stated, "***[s]uch***
***adverse office actions in the reexamination process are fairly routine and are not an***
***indication that the patent claims are necessarily going to be finally rejected.***"  *Id.* at 1358
(emphasis added).  Although the Federal Circuit stated that the four factor test of *eBay* was not
strictly applicable to an ITC injunction, the court's ruling is instructive in its treatment of non-
final rulings in reexamination proceedings, and its holding that such rulings were not a basis for
finding that the public interest weighed against the injunction.

has not been followed by any other court.  To the contrary, other district courts have found that reexamination proceedings are not a basis for forestalling a permanent injunction following a trial on the merits.  *See Constr. Equip. Co. v. Powerscreen Int'l Distrib., Ltd.,* 2009 WL 437703, *13 (D. Ore. Feb. 19, 2009) (adopting Findings and Recommendation of Magistrate Judge denying infringer's request for stay of permanent injunction based on PTO reexamination and stating "The rejection of the relevant claims by the PTO is preliminary and is subject to review by the Board and the Federal Circuit.  Until the reexamination process is complete and a final determination that the relevant claims are invalid is made, the final judgment of this court and the Federal Circuit that the Patent is valid, the relevant claims are infringed and a permanent injunction is appropriate, should not be modified …."); *Rosco, Inc. v. Mirror Lite Co.,* 2007 WL 2296827, *3 (E.D.N.Y. Aug. 6, 2007) (denying infringer's post-verdict request for leave to file motion to stay proceedings and entry of permanent injunction because of PTO reexamination).

Particularly in light of subsequent developments, the remand decision in *eBay* should be regarded as wrongly decided or, at a minimum, limited to the specific fact scenario present in the *eBay* case.  The district court in *eBay* held on remand that, in combination with other factors not pertinent here, because the infringement purportedly pertained to a "business method" patent undergoing reexamination, this was a factor that weighed against a permanent injunction. *MercExchange,* 500 F. Supp.2d at 574, 585-87 ("considering the nature of the patent involved, the '265 patent is a business method patent that appears to rely upon combining non-unique elements into a unique combination.  The questionable nature of many business method patents has both forced the PTO to implement a second level review policy … and prompted words of caution by a four member panel of the Supreme Court.").

Subsequent to the district court's decision, however, both the Federal Circuit and the Supreme Court confirmed the patentability of "business methods." *Bilski v. Kappos,* ___ U.S. ___, 130 S.Ct. 3218, 3228-29 (2010); *In re Bilski,* 545 F.3d 943, 960 (Fed. Cir. 2008). Accordingly, the district court's reluctance to issue an injunction on the basis of such a "business method" patent was unfounded and should not be regarded as good law.[13]

Moreover, a contrary rule would effectively give every adjudicated infringer a "get out of jail free" card. An accused infringer could avoid the prospect of an injunction in any case simply by requesting a reexamination of the patent in suit, just as Lawson has done in this case. Because the PTO grants nearly all reexamination requests, and further because these proceedings take many years longer than a typical litigation to conclude, any accused infringer could request reexamination and, if it does not prevail at trial, use the fact of the ongoing reexamination proceedings as the basis for arguing that its adjudicated infringement should not be enjoined. Such a rule would render illusory the statutory remedy of an injunction, a result which surely has no legal foundation. As Chief Justice Roberts stated in *eBay,* "[A] page of history is worth a volume of logic," and "[f]rom at least the early 19th century, courts have granted injunctive relief upon a finding of infringement in the vast majority of patent cases. This 'long tradition of equity practice' is not surprising, given the difficulty of protecting a right to *exclude* through monetary remedies that allow an infringer to *use* an invention against the patentee's wishes — a

---

[13] Moreover, notwithstanding the district court's concern that the patent was under reexamination, the PTO subsequently confirmed the validity of 25 of the 29 claims. *See* Ex. B, Notice of Intent to Issue Ex Parte Reexamination Certificate, Detailed Action, and Statement of Reasons for Patentability and/or Confirmation (excerpts), Control No. 90/006,956 (available at USPTO public Patent Application Information Retrieval web site, http://portal.uspto.gov/external/portal/pair). The parties settled the case when eBay bought the patents-in-suit. *See* M. Sachoff, eBay Settles Patent Suit With MercExchange: Will purchase 3 patents, WebProNews (Feb. 28, 2008), http://www.webpronews/ebay-settles-patent-suit-with-mercexchange-2008-02.

difficulty that often implicates the first two factors of the traditional four-factor test.'"). *eBay,* 547 U.S. at 395 (Roberts, C.J., concurring) (emphasis in original).

Indeed, in this case it is quite possible that one or more of the patents-in-suit could expire before the reexamination proceedings are fully and finally resolved. The '683 Patent will expire on February 8, 2017. The '516 and '172 Patents will both expire on August 10, 2014. Manbeck Dec., ¶ 14. Thus, again, adoption of Lawson's arguments based on Mr. Kalinsky's declaration would effectively immunize infringers from injunctions where reexamination is requested with seven years or less remaining on the terms of the patents-in-suit. *Cf.* R. Sterne, *Guest Post: Hot Topics in US Patent Reexamination* (Mar. 10, 2009) (available at www.patentlyo.com/patent/reexamination) (commentator concluding that the grant of a stay of litigation pending an *inter partes* reexamination is effectively "game over," as it may allow the infringer to run out the clock on the patent).

Accordingly, Mr. Kalinsky's declaration and the reexamination "evidence" is not pertinent to any legally relevant factor under *eBay.*

### C. Mr. Kalinsky's Declaration With Respect To The PTO Examiner's Interim Decisions Has No Probative Value For The Additional Reason That The Reexamination Proceedings Apply Different Legal Standards Than Does This District Court Proceeding

In addition to the non-final nature of the reexamination proceedings for the patents-in-suit, the proceedings are not probative evidence in the context of this litigation because of the numerous and substantial differences in the legal standards applied in those proceedings.

As this Court is aware from the parties' prior briefing of this issue, district court patent litigation and PTO reexamination are two entirely different proceedings, with different rules of claim construction, different burdens of proof, and different evidentiary practices. Indeed, in these reexamination proceedings, the PTO examiner has not expressly set forth its claim

construction, unlike this Court in which an Article III United States District Judge employed a thorough *Markman* process, with multiple rounds of briefing and oral argument.  Further, the four proceedings have progressed in differing degrees, as they were initiated at different times.

First, in contrast to this Court's obligations under *Markman,* the PTO construes the claims according to different principles and, as with original examination, it is required to give claims their broadest reasonable interpretation consistent with the specification.  *In re Yamamoto,* 740 F.2d 1569, 1571 (Fed. Cir. 1984); *see also In re American Academy of Science Tech. Center,* 367 F.3d 1359, 1364 (Fed. Cir. 2004) (cited in *In re Icon Health & Fitness, Inc.*, 496 F.3d 1374, 1378-79 (Fed. Cir. 2007)); Manual of Patent Examining Procedures ("MPEP") § 2111 ("During patent examination, the pending claims must be given their broadest reasonable interpretation consistent with the specification.").  As a result, this Court's claim construction is not controlling on the PTO (and that would be the case even if this Court's claim construction (or those of the *Ariba* or *SAP* courts') were affirmed by the Federal Circuit).  *See In re Etter*, 756 F.2d 852, 855-59 (Fed. Cir. 1985); *see also In re Zletz*, 893 F.2d 319, 321-22 (Fed. Cir. 1989).

Second, the statutory presumption of validity that this Court must apply pursuant to 35 U.S.C. § 282 does not apply in the PTO.  During reexamination, the examiner reviews the patent with no such presumption and as if examining it for the very first time.  *In re Etter*, 756 F.2d at 857.

Third, the PTO does not apply the evidentiary burden of clear and convincing evidence that Lawson bears in presenting its invalidity contentions in this case.  Because the PTO interprets claims as broadly as reasonably possible in light of the specification, and because claims are subjectively examined in light of new or previously cited prior art references, an examiner's burden of showing the basis for a rejection in a reexamination proceeding is not the

clear and convincing evidentiary standard that is applied to validity challenges in this court, but is a lesser standard. *See id.* at 857-58.

Fourth, the PTO employs different evidentiary procedures. Whereas in this Court witnesses were subject to cross-examination, that is not the case in a PTO reexamination proceeding.

Accordingly, Mr. Kalinsky's declaration with respect to interim examiner findings in the reexamination proceedings is simply not pertinent to the validity issues that have been before this Court.

Finally, the PTO statistics cited by Mr. Kalinsky's declaration do not provide a reliable indication of the likelihood that any of the preliminary examiner findings will ultimately result in the invalidity of any infringed claims. *See* Kalinsky Dec., ¶¶ 23-25. Among other shortcomings of Mr. Kalinsky's declaration, the statistics he cites do not explain which proceedings involved patents for which juries have already rejected validity challenges, as two juries have done with respect to these patents. Similarly, the statistics do not reflect the results of reexamination proceedings before the Federal Circuit; rather, they appear to pertain to whether examiner findings (without regard to whether claim rejections or allowances were at issue) were upheld or reversed by the BPAI. In addition, Mr. Kalinsky attempts to spin the statistics in a misleading fashion. For example, in Paragraph 24 of his declaration he refers to a "76 percent rate of affirmance *at least in part* [before the BPAI]" in order to suggest that examiner findings in the reexamination proceedings will likely be upheld. However, the same statistics he relies upon show that *more than half* of the examiner dispositions were reversed by the BPAI "at least in part." A more than fifty percent reversal rate is hardly a boost of confidence to believe that the

BPAI will uphold examiner findings.  For these reasons as well, the Court should disregard Mr. Kalinsky's declaration.

## IV.    CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that the Court strike the Kalinsky Declaration and exclude all evidence or argument with respect to the PTO reexaminations of the patents-in-suit.

Respectfully submitted,


March 28, 2011                                    /s/
                                 David M. Young (VSB #35997)
                                 Scott L. Robertson (admitted pro hac vice)
                                 Jennifer A. Albert (admitted pro hac vice)
                                 Counsel for Plaintiff ePlus Inc.
                                 **GOODWIN PROCTER LLP**
                                 901 New York Avenue, N.W.
                                 Washington, DC 20001
                                 Telephone:  (202) 346-4000
                                 Facsimile:   (202) 346-4444
                                 dyoung@goodwinprocter.com
                                 srobertson@goodwinprocter.com
                                 jalbert@goodwinprocter.com


                                 Craig T. Merritt (VSB #20281)
                                 Henry I. Willett, III (VSB #44655)
                                 Counsel for Plaintiff ePlus Inc.
                                 **CHRISTIAN & BARTON, LLP**
                                 909 East Main Street, Suite 1200
                                 Richmond, Virginia 23219-3095
                                 Telephone: (804) 697-4100
                                 Facsimile: (804) 697-4112
                                 cmerritt@cblaw.com


                                 Michael G. Strapp (admitted pro hac vice)
                                 James D. Clements  (admitted pro hac vice)
                                 **GOODWIN PROCTER LLP**
                                 Exchange Place
                                 53 State Street
                                 Boston, MA 02109-2881
                                 Telephone:  (617) 570-1000
                                 Facsimile:   (617) 523-1231
                                 mstrapp@goodwinprocter.com
                                 jclements@goodwinprocter.com


                                 Attorneys for Plaintiff ePlus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2011, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S BRIEF IN SUPPORT OF MOTION TO STRIKE ATTORNEY DECLARATION OF ROBERT A. KALINSKY, ESQ. AND OTHER EVIDENCE OR ARTGUMENT RELATING TO NON-FINAL REEXAMINATIONS OF THE PATENTS-IN-SUIT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
***Counsel for Defendant Lawson Software, Inc.***

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

***Counsel for Defendant Lawson Software, Inc.***

_____
*/s/*
David M. Young (VSB #35997)
Counsel for Plaintiff *e*Plus Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com