# EXHIBIT B

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Notice of Intent to Issue Ex Parte Reexamination Certificate** | 90/006,956 & 90/008,650 | 5845265 |
| | Examiner | Art Unit |
| | JOSEPH R. POKRZYWA | 3992 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
    (a) ☒ Patent owner's communication(s) filed: *17 February 2009*.
    (b) ☐ Patent owner's late response filed: _____.
    (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____.
    (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
    (e) ☐ Other: _____.

   Status of *Ex Parte* Reexamination:
    (f) Change in the Specification: ☐ Yes ☒ No
    (g) Change in the Drawing(s): ☐ Yes ☒ No
    (h) Status of the Claim(s):
        (1) Patent claim(s) confirmed: *1-25*.
        (2) Patent claim(s) amended (including dependent on amended claim(s)): _____.
        (3) Patent claim(s) cancelled: *26-29*.
        (4) Newly presented claim(s) patentable: _____.
        (5) Newly presented cancelled claims: _____.

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☒ Note attached LIST OF REFERENCES CITED (PTO/SB/08).

5. ☐ The drawing correction request filed on _____ is: ☐ approved ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some*  c) ☐ None  of the certified copies have
        ☐ been received.
        ☐ not been received.
        ☐ been filed in Application No. _____.
        ☐ been filed in reexamination Control No. _____.
        ☐ been received by the International Bureau in PCT Application No. _____.
    * Certified copies not received: _____.

7. ☐ Note attached Examiner's Amendment.

8. ☐ Note attached Interview Summary (PTO-474).

9. ☐ Other: _____.

cc: Requester (if third party requester)
U.S. Patent and Trademark Office
PTOL-469 (Rev.08-06)  Notice of Intent to Issue Ex Parte Reexamination Certificate  Part of Paper No 20090409

Application/Control Number: 90/006,956 & 90/008,650                                    Page 2
Art Unit: 3992

## DETAILED ACTION

### *Response to Amendment*

1.  Patent Owner's amendment was received on 2/17/2009, and has been entered and made of record. Original claims 1-29 of U.S. Patent 5,845,265 (hereafter "the '265 Patent") issued on December 1, 1998. With the Patent Owner's amendment dated 2/17/2009, original claims 26-29 have been canceled. Thus, currently, **claims 1-25** remain pending.

### *Information Disclosure Statement*

2.  The Information Disclosure Statement submitted on 2/17/2009 by the current Patent Owner has been received and entered into the record. Further, upon review of the prosecution history in this reexamination proceeding, the examiner notes that a number of Information Disclosure Statements submitted by the original Patent Owner have not been indicated as being considered by an examiner. With this, the prior art references listed in these Information Disclosure Statements submitted on 2/17/2009, 5/25/2007, 4/23/2007, 9/11/2006, 11/21/2005, and 8/1/2005 have been considered by the examiner (see attached PTO-1449's and PTO/SB/08's).

3.  Continuing, the examiner notes that the numerous court papers and financial disclosure documents submitted in the Information Disclosure Statements dated on 5/25/2007, 4/23/2007, 9/11/2006, and 11/21/2005 have been received, but are not proper to be listed on an Information

Application/Control Number: 90/006,956 & 90/008,650 Page 3
Art Unit: 3992

Disclosure Statement, as the documents are not considered as "prior art". These documents should not be printed on the face of a Reexamination Certificate, and thus have been indicated as having a line through the citation in the respective Information Disclosure Statements.

4. Further, the examiner notes that MPEP 2256, under the heading "Prior Art Patents and Printed Publications Reviewed by Examiner in Reexamination" states, in part:

> Where patents, publications, and other such items of information are submitted by a party (patent owner or requester) in compliance with the requirements of the rules, **the requisite degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information citation has explained the content and relevance of the information**. The initials of the examiner placed adjacent to the citations on the form PTO/SB/08A and 08B or its equivalent, without an indication to the contrary in the record, do not signify that the information has been considered by the examiner any further than to the extent noted above. [Emphasis added.]

5. Additionally, MPEP 609.05(b) states:

> The information contained in information disclosure statements which comply with both the content requirements of 37 CFR 1.98 and the requirements, based on the time of filing the statement, of 37 CFR 1.97 will be considered by the examiner. Consideration by the examiner of the information submitted in an IDS means that **the examiner will consider the documents in the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search**. The initials of the examiner placed adjacent to the citations on the ** PTO/SB/08A and 08B or its equivalent mean that the information has been considered by the examiner to the extent noted above. [Emphasis added.]

6. With this, the examiner notes that the prior art references listed in the Information Disclosure Statements submitted on 2/17/2009, 5/25/2007, 4/23/2007, 9/11/2006, 11/21/2005, and 8/1/2005 have been considered by the examiner to at least the "degree to which the party filing the information citation has explained the content and relevance of the information", and in

Application/Control Number: 90/006,956 & 90/008,650                                    Page 4
Art Unit: 3992

"the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search" (see attached PTO-1449's and PTO/SB/08A's).

7.      Continuing, in addition to the Information Disclosure Statement filed 2/17/2009, the current Patent Owner submitted the pages noted as "Appendix to IDS Submitted Feb. 17, 2009", which states the reasons why the references are pertinent with respect to claimed features of the '265 Patent. Specifically, in this submitted "Appendix", the Patent Owner states that the patents of Schultz and Johnson "describe the use of tracking numbers with bar codes" (being relevant to claims 1 and 23), and the references of Mandler and Shepherd, as well as the five non-patent literature references were submitted "because they are believed to be pertinent, at least generally, to the concepts of transferring ownership and concluding a transaction, as well as to notifying the parties to a transaction of such conclusion" (being relevant to claims 8 and 15). Thus, these references included in the Information Disclosure Statement dated 2/17/2009 have been considered and evaluated with respect to the claimed features of the instant '265 Patent, and are further discussed below.

Application/Control Number: 90/006,956 & 90/008,650 Page 5
Art Unit: 3992

## STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

The following is an examiner's statement of reasons for patentability and/or confirmation of the claims found patentable in this reexamination proceeding:

**Claims 1-25** are confirmed as patentable.

The examiner notes that **claims 1, 8, 15, and 23** are independent.

Regarding *claims 1-7*, the prior art of record does not disclose, alone or in combination, the recited system for use with a market for goods, with the system including a computer locally connected to a bar code scanner and a bar code printer, being capable of receiving from the market for goods a tracking number for the good of sale via the communication means, and upon receipt of the tracking number from the market for goods, the computer storing the tracking number in the data record on the storage device connected to the computer, and upon the computer storing this received tracking number, the computer is adapted to use at least this tracking number to print a bar code with the bar code printer.

Regarding *claims 8-14*, the prior art of record does not disclose, alone or in combination, the recited combination of features including a posting terminal apparatus communicating with a market apparatus, with the market apparatus comprising a transaction processor adapted to receive a purchase request and payment means from a buyer, and the transaction processor clearing the purchase request and payment means, and the transaction processor transferring the

Application/Control Number: 90/006,956 & 90/008,650 Page 6
Art Unit: 3992

ownership of the good for sale if the payment means clears, by modifying the data record of the good for sale, so as to reflect the new ownership of the good for sale by the buyer, along with the limitation that requires the structural-connection and functionality of a notification means operably connected to the transaction processor, with the notification means notifying the posting terminal apparatus in response to the transaction processor transferring ownership of the good for sale denoting with a finality of transaction the new ownership of the good, as currently required in independent clam 8.

Regarding *claims 15-22*, the prior art of record does not disclose, alone or in combination, the recited combination of features including a posting terminal apparatus communicating with a market apparatus, with the market apparatus comprising a transaction processor adapted to receive a purchase request and payment from the participant, and the transaction processor clearing the purchase request and payment, and the transaction processor transferring the ownership of the good for sale if the payment clears, by modifying the data record of the good for sale, so as to reflect the new ownership of the good for sale by the participant, along with the limitation that requires the structural-connection and functionality of a notification means operably connected to the transaction processor, with the notification means notifying the posting terminal apparatus in response to the transaction processor transferring ownership of the good for sale denoting with a finality of transaction the new ownership of the good, as currently required in independent claim 15.

Application/Control Number: 90/006,956 & 90/008,650 Page 7
Art Unit: 3992

Regarding *claims 23-25*, the prior art of record does not disclose, alone or in combination, the recited system for presenting a good for sale to a market for goods, with the system comprising a computer locally connected to a digital camera for creating digital images of the good for sale, and the computer utilizing the digital camera while being connected to the market for goods, as expressed in the preamble, receiving a digital image of a good for sale from the digital camera, along with the computer also being adapted to receive a tracking code for the good for sale and storing this tracking code in a data record on the computer's storage device.

Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays. Such submission by the patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file.