**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| | )  Civil Action No. 3:09-cv-620 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE DECLARATION OF ROBERT A. KALINSKY
AND OTHER REEXAMINATION EVIDENCE OR ARGUMENT RELATING TO
REEXAMINATIONS AND PATENT INVALIDITY**

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND ..................................................................................2

        A.      Claims 26, 28, and 29 of the '683 Patent Stand Finally Rejected
                based on Four Prior Art Systems. ............................................................4

        B.      Claim 1 of the '172 Patent Stands Finally Rejected based on
                Seven Separate Prior Art References. .....................................................4

        C.      Claims 1-25 of the '683 Patent Stand Rejected Based on Five
                Separate References. .................................................................................4

III.    ARGUMENT ..........................................................................................................5

        A.      The Reexamination Proceedings Are Relevant to Whether An
                Injunction Should Issue ...........................................................................6

        B.      The Reexamination Proceedings Are Additionally Relevant To
                Whether Any Injunction That Is Issued Should Be Stayed
                Pending Appeal .......................................................................................10

        C.      The Reexamination Documents Are Reliable As Public
                Records ....................................................................................................11

        D.      The Reexamination Proceedings Need Not Be Terminated To
                Be Relevant .............................................................................................12

        E.      The Jury Verdict Does Not Render The Reexamination
                Proceedings Irrelevant ............................................................................13

        F.      ePlus's Submission of the Manbeck Declaration Shows that Its
                Motion goes to the Weight, Not Admissibility of the
                Reexamination Evidence ........................................................................16

IV.     CONCLUSION .....................................................................................................17

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Construction Equipment Co. v. Powerscreen International Distribution, Ltd.*,
2009 U.S. Dist. LEXIS 13410 (D. Or. Feb. 19, 2009) .......................................................9

*E.I. duPont De Nemours & Co. v. Phillips Petroleum Co.*,
835 F.2d 277 (Fed. Cir. 1987)................................................................................ 10, 12

*Flexiteek Americas, Inc. v. Plasteak, Inc.*,
2010 U.S. Dist. LEXIS 90181 (S.D. Fla. July 20, 2010) ......................................... 7, 10

*Hoechst Celanese Corp. v. BP Chems., Ltd.*,
846 F. Supp. 542 (S.D. Tex. 1994) ...............................................................................12

*Massachusetts v. Westcott*,
431 U.S. 322, 97 S. Ct. 1755, 52 L. Ed. 2d 349 (1977) .................................................11

*MercExchange, L.L.C. v. eBay, Inc.*,
500 F. Supp. 2d 556 (E.D. Va. 2007)............................................................6, 7, 8, 9, 12

*Nichols Inst. Diagnostics, Inc. v. Scantibodies Clinical Lab, Inc.*,
166 Fed. Appx. 487 (Fed. Cir. 2006) .............................................................................10

*Old Reliable Wholesale, Inc. v. Cornell Corp.*, No. 2010-1247,
2011 U.S. App. LEXIS 5139 (Fed. Cir., Mar. 16, 2011) ...............................................12

*Spansion, Inc. v. ITC*,
2010 U.S. App. LEXIS 25900 (Fed. Cir., Dec, 21, 2010)..............................................13

*Standard Havens Prods, Inc. v. Gencor Indus., Inc.*,
1993 U.S. App. LEXIS 11963 (Fed. Cir. May 21, 1993)...........................................7, 12

*Standard Havens Prods. v. Gencor Indus.*,
897 F.2d 511 (Fed. Cir. 1990).......................................................................................10

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
2007 U.S. App. LEXIS 23951 (Fed. Cir. Oct. 12, 2007) .................................................7

*United States v. Leftenant*,
341 F.3d 338 (4th Cir. 2003) ...........................................................................................5

*United States v. Queen*,
132 F.3d 991 (4th Cir. 1997) .........................................................................................14

## STATE CASES

*Rosco, Inc. v. Mirror Lite Co.*,
2007 WL 2296827 (E.D.N.Y. Aug. 6, 2007)...................................................................9

## FEDERAL STATUTES

37 C.F.R. §1.11(d).........................................................................................................11

Fed. R. Civ. P. 26 ...........................................................................................................5

Fed. R. Evid. 201(b)(2)...................................................................................................11

Fed. R. Evid. 402.............................................................................................................5

Fed. R. Evid. 403...........................................................................................................14

## I.  __INTRODUCTION__

Under the guise of moving to strike a factual declaration, Plaintiff ePlus, Inc. ("ePlus") invites the Court to erroneously conclude that reexamination proceedings are not relevant, and therefore exclude all argument and documents related to reexamination proceedings in this case. ePlus's distaste for the consistent rejections of its patent claims in those pending reexamination proceedings, however, does not undermine the relevance of those proceedings to both its request for an injunction and Lawson's request for a stay of any injunction.  Contrary to ePlus's position, the Federal Circuit has relied on reexamination proceedings that have reached similar stages to deny and stay injunctions.

The reexamination proceedings are relevant for a number of reasons, including at least: (1) whether a permanent injunction should issue, and (2) whether a stay of any such injunction should be granted pending appeal.  The reexamination proceedings implicate a number of the factors the Court must consider in determining whether an injunction should issue, including irreparable harm, the balance of hardships among the parties, and the interest of the public.  The reexamination proceedings also directly relate to Lawson's chances of success on the merits in assessing whether to stay a permanent injunction.  ePlus entirely ignores the reexamination rejection relevance on the issue of a stay.  Regardless of the statistics related to the length of reexamination proceedings in general, ePlus cannot simply ignore that each and every claim at issue in this case stands rejected in the reexamination.

The procedural and factual differences of the reexamination and litigation proceedings do not undermine that a final rejection of the patent claims in the reexamination process will moot any injunction.  Beyond that reality, the reexaminations are relevant to both the motion for an

injunction and for a stay.  This Court should deny ePlus's motion and consider the reexamination evidence.

## II.      **FACTUAL BACKGROUND**

The parties do not dispute the facts related to the reexaminations.  Each and every claim at issue in this case has been subject to a grant of reexamination, which is a non-appealable order from the Patent and Trademark Office (PTO) that subjects the patent claims to reexamination. Each and every patent claim at issue in this case has also been rejected at least once in the reexamination process.  The earliest reexamination proceeding that relates to three of the claims at issue now is nearing conclusion in the Board of Patent Appeals and Interferences ("BPAI"). That reexamination will be the roadmap for the remaining claims.  The demise of ePlus's patents is close at hand.

ePlus incorrectly contends that the reexaminations should be excluded.  In ePlus's pretrial motion, this Court held that evidence or argument pertaining to the four PTO reexamination proceedings would be excluded **from the jury** on the grounds that the risk of jury confusion was high if such proceedings were introduced.  (Dkt. No. 246.)  Over Lawson's objection, the Court excluded the reexamination evidence from the jury based on potential jury confusion.  (Dkt. No. 375.)  Without hearing evidence of the reexaminations or the facts related to what the original examiner considered as prior art, the jury found the claims of the patents were not invalid.  (Dkt. No. 600.)

After the jury verdict, the Court requested that the parties prepare disclosures related to evidence on the issue of an injunction and the related issue of whether to stay an injunction should one issue.  In accordance with the Court's instructions, Lawson submitted the declaration from Robert Kalinsky ("the Kalinsky declaration") on February 14, 2011.  (Dkt. No. 600.)  Mr. Kalinsky has been involved on Lawson's behalf in three of the four pending reexamination

proceedings and has first-hand knowledge of those reexaminations.  The Kalinsky declaration provides an account of the current status of the reexamination proceedings related to the patents-in-suit to this Court.

The Court may take judicial notice of all of the documents cited in the Kalinsky declaration because they are public records maintained at the PTO.  Indeed, the Kalinsky declaration includes copies of the granted requests for reexamination and the reexamination file histories for each of the patents-in-suit.  (DX-237-243; DX-488-489; Kalinsky Decl. at ¶¶ 3-20.) The declaration also attached recent USPTO-published statistics regarding timing and outcomes from reexamination proceedings terminated in 2010 and 2011.  (DX-490-491; Kalinsly Decl. at ¶¶ 21-25.)

The Kalinsky declaration provides a roadmap to the various reexamination documents. There are currently four reexaminations pending at the PTO.  (Kalinsky Decl. at ¶¶ 3-20).  The status of these reexaminations is summarized in the Kalinsky declaration, which is attached to this brief as Exhibit A.  In addition to the proceedings summarized in the Kalinsky declaration, a further Office Action has issued rejecting each of claims 1-25 of the '683 Patent as anticipated by each of five different references.  A copy of this recently-issued Office Action is attached as Exhibit B.  The declaration provides a summary of each document, making retrieval of the relevant portions less burdensome to the Court.

Collectively, these four reexamination requests have now resulted in rejections issued from the USPTO of all of the claims in each of the patents-in-suit.  Notably, all of the claims found infringed have been rejected based on prior art references considered and not considered by the jury.

A.   **Claims 26, 28, and 29 of the '683 Patent Stand Finally Rejected based on Four Prior Art Systems.**

Claims 26-45 of the '683 Patent were finally rejected based on four prior art systems on January 8, 2009. (DX-237; Kalinsky Decl. at ¶ 9.)  Claims 26, 28, and 29, which are currently before the Court on the issue of an injunction, were rejected.  The PTO cited four prior art systems in rejecting the claims, including the J-CON and P.O. Writer systems.  (Kalinsky Decl. at ¶ 9.)  The PTO's conclusion that these systems rendered the claims anticipated supports Lawson's position that the systems when combined would have rendered the claims obvious if Lawson could have presented that issue to the jury.  ePlus appealed this rejection, and a decision on appeal is pending before the BPAI.  (Kalinsky Decl. at ¶11.)

B.   **Claim 1 of the '172 Patent Stands Finally Rejected based on Seven Separate Prior Art References.**

Claims 1-5 of the '172 Patent were finally rejected on the basis of seven separate references in a Right of Appeal notice on January 11, 2011. (DX-241; Kalinsky Decl. at ¶ 4.) These references included the '989 Patent, as well as the J-CON and P.O. Writer systems, as well as other prior art patents and publications.  (Kalinsky Decl. at ¶ 4.)  Claim 1 of the '172 Patent, which is the only claim that Lawson's RSS system was found to infringe, was specifically included in the reexamination rejection.  ePlus filed a Notice of Appeal on February 11, 2011. (DX-241; Kalinsky Decl. at ¶6-7.)

C.   **Claims 1-25 of the '683 Patent Stand Rejected Based on Five Separate References.**

Claims 1-25 of the '683 Patent were rejected as anticipated by five different references on February 10, 2011.  (Exhibit B.)[1]  These references include the '989 Patent, the J-CON and P.O. Writer references, as well as other references.

---

[1] The '516 patent is also on reexamination.  Lawson does not address that patent in this motion because no claim of the '516 patent was found infringed, thus ePlus is not moving to enjoin Lawson based on that patent.

4

ePlus has appealed the PTO findings to the BPAI in two of the four reexamination proceedings. Lawson has not appealed any of the USPTO findings regarding these reexamination proceedings. These proceedings show that the patent claims at issue in this case are likely to be found invalid. These decisions should be included in the Court's analysis of the injunction and related motion to stay.

## III.   ARGUMENT

In the guise of moving to exclude the Kalinsky declaration, ePlus seeks to exclude all documents submitted by Lawson that inform the court of the facts, findings, and status of the reexamination proceedings for the patents-in-suit. ePlus cites Fed. R. Evid. 402 and 403 in support of its motion, but fails to demonstrate that either rule warrants exclusion of the Kalinsky declaration or any of the evidence relating to the reexamination proceeding. The only grounds for exclusion that ePlus asserts is that it believes the material is "irrelevant." ePlus's contention, however, is directly contrary to applicable Federal Circuit law.

Reexamination proceedings are directly relevant to the propriety of this Court granting the extraordinary relief of a permanent injunction and the pending motion to stay any prospective injunction. The threshold barrier for relevance is low, as contemplated by Fed. R. Civ. P. 26. *See United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003) ("[R]elevance typically presents a low barrier to admissibility," and "[i]ndeed, to be admissible, evidence need only be 'worth consideration by the [factfinder],' or have a 'plus value.'"). This evidence, as attached to the Kalinsky declaration, is relevant to a number of factors that must be considered by the Court. Furthermore, the rejections of the claims in the reexamination proceedings should not be discarded based on the jury verdict, which relates only to a subset of the issues considered during reexamination. In the context of this motion, ePlus's arguments improperly go to the weight,

rather than the admissibility, of the evidence, and accordingly, those arguments should be rejected and its motion denied.

A.   **The Reexamination Proceedings Are Relevant to Whether An Injunction Should Issue**

The rejection of the claims by the PTO is relevant and probative of the irreparable harm that ePlus will suffer without an injunction and the irreparable harm Lawson will suffer if an injunction issues and is reversed on appeal.  ePlus provides no compelling evidence why this Court should disregard the same evidence relied upon by other courts in assessing whether an injunction should issue.  Indeed, ePlus contradicts itself in its own brief, first stating that the reexamination proceedings are not relevant at all, but then citing cases where the courts expressly considered reexamination proceedings in deciding upon equitable relief.  *cite example.  In fact, the rejection of claims during reexamination is something other courts, including in this district, consider an important factor in the equitable decision of whether to grant an injunction.

As an initial matter, ePlus confesses its awareness of the most salient case directly on point, *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556 (E.D. Va. 2007).  There, the patents at issue were subject to non-final actions in reexamination indicating that the patents were invalid for obviousness after a jury verdict of validity.  *Id.* at 560-61.  In denying the patentee's motion for a permanent injunction, the court not only expressly considered the evidence developed during the reexamination proceedings in its discussion of three of the four factors, but it relied upon that very evidence to deny the injunction motion.  *Id.* at 574-75, 586-86, 591.

The *eBay* court found the reexamination proceedings were relevant to the irreparable harm inquiry in deciding a permanent injunction.

> The court recognizes the potential pitfalls involved with allowing administrative proceedings to impact the court's ruling; however, such is a reality in the patent field and when the court considers a prospective motion in equity, **it would be imprudent not to consider the ongoing reexamination**.

*Id.* at 574-75 n.15 (emphasis added).  The court further held, "the PTO twice declaring every claim of the '265 patent invalid as obvious, this court has a legitimate reason to question whether MercExchange will suffer irreparable harm."  *Id.  See generally Standard Havens Prods, Inc. v. Gencor Indus., Inc.*, 1993 U.S. App. LEXIS 11963, at *2 (Fed. Cir. May 21, 1993) (unpublished) (ordering a stay of the permanent injunction and damages phase of the case "until the reexamination decision becomes final" because the "reexamination proceeding "would control" the infringement suit."); *Translogic Tech., Inc. v. Hitachi, Ltd.*, 2007 U.S. App. LEXIS 23951 (Fed. Cir. Oct. 12, 2007) (unpublished) (vacating a judgment of infringement, damages and an imposition of a permanent injunction after affirming rejection of the patent in suit as obvious in reexamination).  *Flexiteek Americas, Inc. v. Plasteak, Inc.*, 2010 U.S. Dist. LEXIS 90181, at *10-17 (S.D. Fla. July 20, 2010) (terminating previously-granted permanent injunction based on PTO's office action and noting that the "PTO's Advisory Action is not only the most recent decision regarding the '881 Patent's validity, it is a decision made after a thorough examination of the matter conducted by a body which holds particular expertise in such issues. Accordingly, the Court finds that the PTO's determination should control and the Court will terminate the Permanent Injunction.").

Furthermore, in considering the balance of harms, this Court must also consider the reality that the patents will not likely survive reexamination.  In *eBay*, the district court explained that the PTO's rejections of all claims of the patent in suit suggest that there is a substantial risk

to the adjudicated infringer if the claims were ultimately found to be invalid.  *MercExchange, LLC*, 500 F. Supp. 2d at 585-86  ("In addition to the analysis above, in fashioning *prospective* equitable relief, the court must also consider the potential for eBay to suffer irreparable harm if enjoined from utilizing the buy-it-now feature on its website should the PTO later invalidate the '265 patent.").  As that court explained, "As the Chief Justice posited during oral argument, if the reexamination can act as a basis for staying an injunction, it can also be 'a basis not to issue [an injunction] in the first place.'"  *Id.* at 586, n. 29.

The reexaminations are also relevant on the public interest prong of the injunction analysis.  *Id.* at 586 ("Thus, the court deems it proper to consider the nature of the patent, as well as repeated indications from the PTO that such patent is invalid as obvious, when considering the public's interest in protecting the patent holder through injunctive relief.").  Not only are the reexaminations relevant, this Court should consider them in connection with three of the four injunction factors.

ePlus's contention that the *eBay* case was "wrongly decided" because the business method nature of the patent gave the court pause, is unpersuasive.  The *eBay* court specifically noted that the fact that the patent at issue there was a business method patent was only "an additional factor that weighs against a finding of irreparable harm," and as but one factor weighed in the public interest calculus.  *Id.* at 575, 586-87.  Notably, ePlus concedes that "other factors" that it claims were "not pertinent" here were also combined in the court's analysis denying the permanent injunction, while among those factors is the very circumstance present here, as the court expressly found that "the PTO reexamination nevertheless impacts the equitable calculus of the four-factor test," absent any reference to the patent-at-issue there being one directed towards a business method.  *Id.* at 585.  Furthermore, the *eBay* decision did not

8

deny the patentability of business method claims, and remains good law. *See id.* at 574 (noting that holders of *valid* business method patents "are certainly able to obtain an injunction if the application of the case specific facts to the four-factor test reveals that equitable relief is warranted").

The other cases ePlus cites are inapposite to the circumstances here. In *Rosco, Inc. v. Mirror Lite Co.*, 2007 WL 2296827, at *1 (E.D.N.Y. Aug. 6, 2007), the request for a reexamination came **seven years** after the initial trial, and there was no indication that such a request had been granted, let alone that the PTO had found the patent claims invalid, as less than one month had passed between the request for reexamination and the court's denial of a stay. Similarly in *Construction Equipment Co. v. Powerscreen International Distribution, Ltd.*, 2009 U.S. Dist. LEXIS 13410 (D. Or. Feb. 19, 2009), a request for reexamination was filed approximately **eight years** after trial. *Id.* at *3. There, the court denied a request to stay a permanent injunction, which had been *granted and implemented for over **six years*** before the request for a reexamination. *Id.* at *3-4. ePlus's citation to the *Construction Equipment* case in regards to this motion is even more curious, because the court expressly considered and weighed the evidence of the reexamination proceedings, rather than deeming them inadmissible or irrelevant. *See id.* at *10, *16.

Here, the *MercExchange* and *Flexiteek* cases are directly on point, and to the extent that the *Powerscreen* case is relevant, they stand for one proposition: this Court should consider the reexamination proceedings in analyzing the four-factor injunctive relief inquiry. Accordingly, ePlus's motion should be denied.

**B.   The Reexamination Proceedings Are Additionally Relevant To Whether Any Injunction That Is Issued Should Be Stayed Pending Appeal**

ePlus also ignores the relevance of the reexamination proceedings to Lawson's motion for a stay pending appeal.  As Lawson states in its memorandum supporting its motion for a stay of any injunction that may issue, substantial issues for appeal will militate toward a stay of a permanent injunction pending appeal.  (Dkt. No. 643 at 5.)  The Federal Circuit has instructed that a substantial question regarding validity is grounds to stay an injunction in a patent case. *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511, 514 (Fed. Cir. 1990) (finding substantial question of validity related to reexamination based on conflicting views).  Indeed, the Federal Circuit has held that the existence of conflicting views on validity as between a court and the PTO "supports [the movant's] argument that substantial legal questions concerning claim interpretation exist."  *E.I. duPont De Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277 (Fed. Cir. 1987) (granting stay pending appeal in view of reexamination decision finding claims invalid, harm to defendant and public, and lack of comparative harm to plaintiff); *see also Nichols Inst. Diagnostics, Inc. v. Scantibodies Clinical Lab, Inc.*, 166 Fed. Appx. 487 (Fed. Cir. 2006) (considering examiner's rejection of all claims during reexamination in assessing the movant's chances of success on the merits; stay granted); *Flexiteek Americas, Inc.*, 2010 U.S. Dist. LEXIS 90181 (staying post-judgment discovery, stay of execution of judgment, and termination of permanent injunction based on PTO advisory action in reexamination).

The PTO's rejection of ePlus's patents, as documented by the Kalinsky declaration and other evidence from the reexamination proceedings cited therein, shows that there are substantial issues on the merits that would provide grounds to overturn any injunction entered.  That ePlus contends that such evidence is "irrelevant" while remaining silent in addressing the impact of the evidence upon the motion to stay any injunctive relief is telling.  Simply put, the PTO has now

rejected all the claims in this case in reexamination proceedings. Such pending rejections, even when not final, are recognized as reasons to grant a stay.

The Kalinsky declaration and the evidence relating to the reexamination proceedings are directly relevant to the pending motion to stay, such that they should be admissible.

### C.   The Reexamination Documents Are Reliable As Public Records

This Court may take judicial notice of the reexamination files at issue in this case without reference to the Kalinsky declaration.  The Supreme Court held that public records may be judicially noticed.  *Massachusetts v. Westcott*, 431 U.S. 322, 323 n. 2, 97 S. Ct. 1755, 52 L. Ed. 2d 349 (1977); *see also* Fed. R. Evid. 201(b)(2) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . .  capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.")  Patent reexamination files are public documents whose accuracy cannot be reasonably questioned.  37 C.F.R. §1.11(d) ("All papers or copies thereof relating to a reexamination proceeding which have been entered of record in the patent or reexamination file are open to inspection by the general public.").

The reexamination files set forth in the Kalinsky declaration are independently admissible as public records of a government agency.  ePlus attempts to throw out the reexamination documents because it does not like the format in which they were submitted to the Court.  Lawson submitted the documents via the Kalinsky declaration, however, in order to provide a roadmap to the documents.  Regardless of the Kalinsky declaration's existence, the actual reexamination documents should be taken under advisement by this court as public records, with no further need of authentication.

### D.   The Reexamination Proceedings Need Not Be Terminated To Be Relevant

The reexamination process is not a "get out of jail card" as ePlus contends multiple times in its brief.  ePlus states, citing *Hoechst Celanese Corp. v. BP Chems., Ltd.,* 846 F. Supp. 542, 547 (S.D. Tex. 1994), that reexaminations are routinely granted, and that therefore the probative value of the reexaminations is limited.  (Pl.'s Brief in Supp. Mot. To Strike at 1.)  The granting of the reexamination request, however, is just the outset of the process.  Lawson is not merely relying on the PTO granting the reexamination request.  Rather, the patent claims at issue in this case have been reviewed by a panel of experienced examiners and found to be rejected.  Most of the claims have been subject to initial and final rejections.  Rejections of claims cannot be said to be a "get out of jail free" card as ePlus claims.  (*Id.* at 1, 7, 16.)  Unlike a mere grant of the reexamination, the rejection of the claims illustrates the likelihood of success on appeal.  *See, e.g., Standard Havens Prods, Inc. v. Gencor Indus., Inc.*, 1993 U.S. App. LEXIS 11963, at *2 (Fed. Cir. May 21, 1993); *E.I. duPont De Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277 (Fed. Cir. 1987); *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556 (E.D. Va. 2007).  Additionally, the Federal Circuit on March 16, 2011, reaffirmed the value of considering reexamination proceedings.  *Old Reliable Wholesale, Inc. v. Cornell Corp.*, No. 2010-1247, 2011 U.S. App. LEXIS 5139 (Fed. Cir., Mar. 16, 2011) (holding reexamination provides "probative evidence" on the issue of whether the district court had a reasonable basis for finding patent valid).

Each of the infringed claims in the patents-in-suit has now been rejected by the PTO in reexamination proceedings, and the rejections of all but one of those claims are currently on appeal to the BPAI.  ePlus's arguments regarding the non-final nature of these proceedings misses the point.  Rather, the fact that there has been a decision by the PTO rejecting the claims

12

and that rejection is probative to the Court's findings on irreparable harm and balance of harms, as well as to Lawson's likelihood of success on appeal.

Similarly, ePlus's argument that the reexamination decisions are merely interim (Pl.'s Br. at 6) is misguided. The decisions of the PTO are final with respect to all but one infringed claim. (*See, e.g.*, DX-237, final Office Action dated 1/8/2009 at 1 ("This action is made FINAL."); DX-241, Right of Appeal Notice at 19 ("The decision in this Office action as to the patentability or unpatentability of any original patent claim, any proposed amended claim and any new claim in this proceeding is a FINAL DECISION."). It is only the appeal of those decisions that are at an interim stage.

ePlus cites *Spansion, Inc. v. ITC*, 2010 U.S. App. LEXIS 25900 (Fed. Cir., Dec, 21, 2010), for the proposition that interim decisions may be disregarded. *Spansion*, however, is an ITC case that is based on a different set of statutory underpinnings and limited, enumerated public interest factors. *Id.* at *62-70. Furthermore, even in this context, the court recognized that "it is not accurate to say that 'the Commission gave the reexaminations no weight at all.'" *Id.* at * 69. ePlus has not provided any legitimate reason why this Court should not consider the reexaminations as part of the injunction analysis or in considering whether to stay any injunction. ePlus's motion should be denied.

**E.**   **The Jury Verdict Does Not Render The Reexamination Proceedings Irrelevant**

ePlus essentially argues that, because the jury has already reached its determination regarding validity of the patents-in-suit, the reexamination proceedings have no probative value, and are therefore irrelevant. However, when this Court granted ePlus's earlier motion to exclude evidence of the reexamination proceedings at trial, the stated reason for this was to prevent any

prejudice based on jury confusion regarding issues of validity.  (Dkt. No. 375.)[2]  In any event, the issue of confusion is not present here, because the jury has already decided all validity issues presented to it.

Rule 403 of the Federal Rule of Evidence permits exclusion of relevant evidence only to the extent that its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  None of the reasons cited by Rule 403 are discussed in ePlus's supporting brief, nor any such rationales present here.  The factfinder at this stage of the proceedings is the Court, who is fully capable of understanding the differences between the standards and procedures governing patent reexamination proceedings and litigation.  There is no possibility of jury confusion or undue prejudice.  To exclude "prejudicial" evidence under Fed. R. Evid. 403, evidence must have a strong degree of unfairness and an "undue tendency to suggest decision on an improper basis."  *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997).  ePlus has made no such showing.

For example, ePlus argues the presumption of validity and the "clear and convincing" standard of review at trial are reasons to disregard the reexamination proceedings. (ePlus Brief at p. 11).  However, unlike the jury, this Court is not determining whether the claims are invalid.  Rather, this Court is assessing whether it is equitable to impose an injunction given the rejection of the claims by the PTO.  As a result, the presumption of validity and the clear and convincing evidence standard that apply at trial are immaterial to the Court's analysis, or at best go only to the weight to afford the reexamination findings.  While the reexamination proceedings may not

---

[2] *e*Plus submitted a "conditional" report from Harry Manbeck, Jr. on February 22, 2011, generally outlining *e*Plus's view on the reexamination proceedings, "in the event the Court denies this motion and considers Mr. Kalinsky's declaration of any other evidence submitted by Lawson relating to the pending reexaminations."  (Dkt. No. 639 at p. 2.)  Mr. Manbeck's earlier expert report on similar issues was excluded from trial for at least the same reasons as the reexamination evidence – to avoid jury confusion. (Ct. Dkt. 360.)

be probative to the jury's decision on invalidity, the rejection of the claims by the PTO is probative as to whether ePlus will suffer irreparable harm without an injunction and whether Lawson will suffer irreparable harm if an injunction issues and the patents do not survive reexam.  The *eBay* district court specifically considered the reexams highly relevant to the issue of the injunction even though the patent was not found invalid by a jury.

Furthermore, ePlus's argument that the jury has already rejected all of Lawson's invalidity defenses overstates its case.  The jury found only that the combination of the '989 Patent and TV/2 references did not render the claims at issue invalid.  (Dkt. No. 600 at 5-7.) The jury did not reach any verdict as to any other prior art references included in the reexamination proceedings, which include both the J-CON and P.O. Writer systems that were excluded during trial.  In fact, each of the claims found to be infringed by at least one of the accused product combinations has also been rejected during reexamination proceedings based on prior art *not* included in the jury verdict.  For example, in the reexamination of claims 26-45 of the '683 patent (now awaiting a BPAI decision on appeal), four prior art systems entirely separate from the '989 Patent or TV/2 references were each individually used to reject all of these claims. This includes the excluded J-CON and P.O. Writer systems.  ePlus must overcome each of these rejections during this reexamination proceeding to avoid invalidation of these patent claims, a hurdle it avoided during trial.  Further, for infringed claim 1 of the '172 patent, that claim is finally rejected and on appeal to the BPAI on the basis of six separate references including not only the '989 patent, but also the J-CON and P.O. Writer systems, as well as other references that were not before the jury.  A contrary jury verdict was reached as to only the '989 patent.  ePlus must overcome rejections based on all of these references, including those excluded from the jury's consideration.  In short, the jury's ability to consider only one of the

references applied during the reexaminations cannot be exhaustive of the invalidity issues facing the patents-in-suit, as ePlus suggests.  Consideration of the fuller set of prior art references used in the reexaminations militates toward a different conclusion on validity of the infringed claims from that reached by the jury.  The reality of the reexaminations is directly relevant to the issues before this Court in assessing whether to issue an injunction and grant a stay.

Finally, ePlus cannot argue that consideration of reexamination proceedings would deprive it of a remedy.  (*See* ePlus Br. at 7.)  On balance, the rejections during reexam tip the scales toward denial of an injunction, but denial of an injunction does not preclude all remedies available to ePlus.  ePlus can still obtain a forward-running royalty, and the lack of any remedy for past damages is entirely ePlus's own doing.

F.    **ePlus's Submission of the Manbeck Declaration Shows that Its Motion goes to the Weight, Not Admissibility of the Reexamination Evidence**

The undisputed fact is that the United States Patent Office has determined that all of the asserted claims of the patents-in-suit that the jury found Lawson infringed are invalid.  The Kalinsky declaration and the other cited reexamination documents provide additional factual context and fully informs the Court of the likelihood that these claims are invalid.  ePlus does not attempt to counter the facts of the reexaminations—the patent claims stand rejected.  Moreover, ePlus has taken the opportunity to provide to the Court its own declaration related to the reexaminations, offering its own roadmap to the Court.  ePlus's submission of the Manbeck declaration shows that the reexamination evidence should be considered by the Court.  Otherwise, ePlus would have no reason to submit its own declaration.  Moreover, the Court can weigh the evidence presented by both parties on the issues of the reexams.  Wholesale exclusion of the evidence under Federal Rules of Evidence 402 and 403 is not appropriate.  ePlus's motion should be denied.

16

IV.   **CONCLUSION**

Each of the reexaminations of the patents-in-suit is relevant to the issues of whether an

injunction should issue and whether an injunction, if issued, should be stayed pending appeal.

Accordingly, the Kalinsky declaration and the exhibits attached thereto, are relevant and

admissible to the issues currently before the court.

LAWSON SOFTWARE, INC.

By_____/s/_____
                 Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

Donald R. Dunner (admitted *pro hac vice*)
Erika H. Arner (admitted *pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, L.L.P.**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

*Counsel for Defendant Lawson Software, Inc.*

17

## CERTIFICATE OF SERVICE

I certify that on this 30th day of March, 2011, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

                    /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*