# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09CV620 (REP) |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF ROBERT A. KALINSKY

I, Robert A. Kalinsky, hereby declare and state that:

1. I am a member of Merchant & Gould P.C., which represents defendant Lawson Software, Inc. in this litigation. I am competent to testify, and this declaration is based upon my personal knowledge, unless the context indicates otherwise.

2. I have reviewed the file histories of four reexamination proceedings relating to the three patents involved in this lawsuit, namely U.S. Patent Nos. 6,023,683, 6,055,516, and 6,505,172 ("the patents-in-suit"). I am counsel of record for Lawson on reexaminations nos. 95/000,487, 90/011,066, and 90/009,636. Each of the reexamination proceedings and related documents are briefly identified and summarized below.

    A.    **Reexamination Control No. 95/000,487 (Claims 1-5 of U.S. Patent No. 6,505,172)**

3. Lawson Software, Inc. filed an *inter partes* reexamination request on July 10, 2009, relating to each of claims 1-5 of U.S. Patent No. 6,505,172 ("the '172 Patent"). This request was assigned Reexamination Control No. 95/000,487 ("the '487 Reexamination"). On October 23, 2009, the U.S. Patent and Trademark Office granted the reexamination request as to each of claims 1-5 of the '172 Patent.

4. The order granting reexamination of the '172 Patent found seven substantial new questions of patentability based upon U.S. Patent No. 5,694,551, U.S. Patent No. 5,712,989,

publications describing the SABRE reservations system, including the Practical Guide to SABRE, publications describing the J-CON parts ordering system, publications describing the Gateway system, and the P.O. Writer manual. Attached hereto as Exhibit A is a true and correct copy of the order granting reexamination of claims 1-5 of the '172 Patent in the '487 Reexamination (Trial Ex. DX-242).

5. The order granting reexamination of the '172 Patent states:

> [e]ach of the references noted above are newly cited by the Third Party Requester and were not considered, nor discussed during the prosecution of the application that became the '172 Patent. Further, as discussed by the Third Party Requester on page 13 of the Request, the Johnson '989 Patent was referenced in the Background of the Invention of the '172 Patent, but the reference was not used as the basis for any rejection, nor is the record clear that the examiner at the time considered the Johnson '989 Patent. Thus, in this proceeding the Johnson '989 Patent is being viewed in a new light with respect to the original prosecution of the application that became the '172 Patent.

Exh. A, Order Granting Request for Reexamination dated October 23, 2009 at p. 5.

6. After ongoing prosecution, the U.S. Patent and Trademark Office issued a Right of Appeal Notice in the '487 Reexamination on January 13, 2011. The Right of Appeal Notice includes a final rejection of each of claims 1-5 of the '172 Patent. A true and correct copy of the Right of Appeal Notice is attached hereto as Exhibit B.

7. On February 11, 2011, ePlus filed a Notice of Appeal requesting appellate review of the final rejections by the Board of Patent Appeals and Interferences. A true and correct copy of the Notice of Appeal is attached hereto as Exhibit C.

### B. Reexamination Control No. 90/008,104 (Claims 26-45 of U.S. Patent No. 6,023,683)

8. SAP, Inc. filed an *ex parte* reexamination request relating to claims 26-45 of U.S. Patent No. 6,023,683 ("the '683 Patent"), which was granted a filing date of September 15, 2006. This request was assigned Reexamination Control No. 90/008,104 ("the '104 Reexamination"). On October 28, 2006, the U.S. Patent and Trademark Office granted the reexamination request as to each of claims 26-45 of the '683 Patent.

9. The order granting reexamination of claims 26-45 of the '683 Patent found four substantial new questions of patentability based upon printed publications relating to the J-CON system, published descriptions relating to the American Airlines SABRE system, printed

publications relating to PurchasingNet's P.O. Writer, and printed publications relating to Technical Service Associates' Gateway system. Attached hereto as Exhibit D is a true and correct copy of the order granting reexamination of claims 26-45 of the '683 Patent in the '104 Reexamination (Trial Ex. DX-238).

10. After ongoing prosecution, claims 26-45 were rejected in a final Office Action at the U.S. Patent and Trademark Office on January 8, 2009. This final Office Action is included in the file history of the '104 Reexamination, a true and correct copy of which is attached hereto as Exhibit E (Trial Ex. DX-237).

11. On information and belief, an Appeal Hearing was originally scheduled for October 6, 2010 and was rescheduled and held at the Board of Patent Appeals and Interferences on October 20, 2010. A decision from the Board of Patent Appeals and Interferences regarding the pending rejections of each of claims 26-45 in the '104 Reexamination has not yet issued.

### C. Reexamination Control No. 90/011,066 (Claims 1-25 of U.S. Patent No. 6,023,683)

12. Lawson Software, Inc. filed an *ex parte* reexamination request on June 25, 2010, relating to claims 1-25 of the '683 Patent. This request was assigned Reexamination Control No. 90/011,066 ("the '066 Reexamination"). On September 2, 2010, the U.S. Patent and Trademark Office granted the reexamination request as to each of claims 1-25 of the '683 Patent.

13. Attached hereto as Exhibit F is a true and correct copy of the file history of the '066 Reexamination (Trial Ex. DX-243), which includes the order granting the '066 Reexamination, finding seven substantial new questions of validity regarding claims 1-25 in view of each of U.S. Patent No. 5,712,989, the P.O. Writer Plus Catalog, the Practical Guide to SABRE, the J-CON Manual, and the Gateway Manual, and any combination of the foregoing with one or both of U.S. Patent No. 5,319,542 and the TV/2 Manual.

14. The order granting reexamination of claims 1-25 of the '683 Patent states:

> the reference of Johnson '989 was cited in the specification of the '683 Patent (i.e., in col. 1, lines 13-17), but the reference was not of record, nor was this reference discussed by the examiner, or used in any rejection of the claims of the '683 Patent. Upon inspection of the Johnson '989 Patent, the examiner notes that the reference carries a different inventive entity than that of the instant application that matured into the '683 Patent, and is not part of the priority chain of the instant '683 Patent. Thus, the reference is seen to qualify as prior art under 35 U.S.C. 102(e).

Exh. F, Order Granting Request for Reexamination dated September 2, 2010 at p. 4.

      15.    An Office Action on the merits of the '066 Reexamination has not yet issued.

      **D.**    **Reexamination Control No. 90/009,636 (Claims 1-29 of U.S. Patent No. 6,055,516)**

      16.    Lawson Software, Inc. filed an *ex parte* reexamination request on November 12, 2009, relating to each of claims 1-29 of U.S. Patent No. 6,055,516 ("the '516 Patent"). This request was assigned Reexamination Control No. 90/009,636 ("the '636 Reexamination"). On January 15, 2010, the U.S. Patent and Trademark Office granted the reexamination request as to each of claims 1-29 of the '516 Patent.

      17.    Attached hereto as Exhibit G is a true and correct copy of the order granting reexamination of each of the claims of the '516 Patent in the '636 Reexamination (Trial Ex. DX-240), finding five substantial new questions of validity based on references including U.S. Patent No. 5,712,989, U.S. Patent No. 5,319,542, the P.O. Writer Manual, the Practical Guide to SABRE, and the J-CON Manual.

      18.    The order granting reexamination of claims 1-29 of the '516 Patent states:

> the reference of Johnson '989 was cited in the specification of the '516 Patent (i.e., in col. 1, lines 13-17), but the reference was not of record, nor was this reference discussed by the examiner, or used in any rejection of the claims of the '516 Patent. Upon inspection of the Johnson '989 Patent, the examiner notes that the reference carries a different inventive entity than that of the instant application that matured into the '516 Patent, and is not part of the priority chain of the instant '516 Patent. Thus, the reference is seen to qualify as prior art under 35 U.S.C. 102(e).

Exh. G, Order Granting Request for Reexamination dated January 15, 2010 at p. 4.

      19.    On July 8, 2010, the U.S. Patent and Trademark Office issued a non-final Office Action rejecting each of claims 1-29. A copy of this Office Action is included in the file history of the '066 Reexamination, a true and correct copy of which is attached hereto as Exhibit H (Trial Ex. DX-239).

      20.    ePlus responded to the non-final Office Action on September 8, 2010. No further communication from the U.S. Patent and Trademark Office has issued.

E.  **Reexamination Procedures and Rates of Affirmance at the Board of Patent Appeals and Interferences**

21. According to the Manual of Patent Examining Procedure, requests for reexamination are assigned to a primary examiner having experience in the technological field of the patent for which reexamination is requested. *See* Manual of Patent Examining Procedure §§ 2236 and 2636.

22. Additionally, during reexamination proceedings, a panel of three examiners reviews each substantive action taken by the U.S. Patent Office. *See* Manual of Patent Examining Procedure §§ 2271.01 and 2671.03. Upon inspection of Exhibits A, C, E, and G, it is apparent that each order granting reexamination of the claims of the patents-in-suit was considered by a panel of examiners. This is shown by the presence of three sets of initials on the last page of each action.

23. In its fiscal year 2011, the Board of Patent Appeals and Interferences has, through December 2010, disposed of 64 appeals based on reexamination proceedings. Of those disposals, 41 rejections were affirmed, 10 were affirmed in part, and 12 were reversed. One decision was remanded without decision, for administrative reasons. This reflects an 80 percent rate of at least partial affirmance, and a 64% rate of complete affirmance.

24. In its fiscal year 2010, the Board of Patent Appeals and Interferences disposed of 177 appeals based on reexamination proceedings. Of those disposals, 84 rejections were affirmed, 50 were affirmed in part, and 36 were reversed. Seven decisions were remanded without decision. This reflects a 76 percent rate of affirmance at least in part.

25. A copy of statistics published by the U.S. Patent and Trademark Office for its fiscal years 2010 and 2011 which are the basis for the above numbers are attached as Exhibits I-J, respectively.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

Dated: February 14, 2011

_____
Robert A. Kalinsky