# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

|  |  |  |
|---|---|---|
| ePLUS INC., | ) |  |
|  | ) |  |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| DEFENDANT SOFTWARE, INC., | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## PLAINTIFF ePLUS INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE ATTORNEY DECLARATION OF ROBERT A. KALINSKY, ESQ. AND OTHER EVIDENCE OR ARGUMENT RELATING TO NON-FINAL REEXAMINATIONS OF THE PATENTS-IN-SUIT

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

*Counsel for Plaintiff ePlus Inc.*

## I. INTRODUCTION

The non-final reexamination proceedings of the patents-in-suit were not relevant before and they are not relevant now. The undisputed fact is that the infringed claims have been determined to be valid and none of the reexamination proceedings have resulted in a final determination that any infringed claim is invalid. Lawson fails to show (and cannot show) that the present setting renders the interim reexamination decisions relevant.[1] This Court should not entertain the adjudicated infringer's unsupportable arguments, thus allowing Lawson to succeed in its tactic to distract this Court from the facts at hand which demonstrate that ePlus is entitled to an injunction and that there is no reason for that injunction to be stayed pending appeal.

## II. ARGUMENT

### A. Evidence Relating to the Reexaminations Has No Place in the Permanent Injunction Proceeding.

The premise underlying Lawson's contention that the reexaminations of the patents-in-suit are relevant to the permanent injunction proceeding is that the infringed claims may ultimately be found invalid upon reexamination. But this does not show relevance. It is mere conjecture as to whether the infringed claims may be invalidated at some distant point in the future. There is just as much the potential for the infringed claims to be confirmed on reexamination as there is for the infringed claims to be found unpatentable. Indeed, there is a greater possibility that the patentability of the claims will be confirmed. *See Amphenol T&M Antennas Inc. v. Centurion Int'l Inc.*, No. 00 C 4298, 2002 WL 32373639, at *2 (N.D. Ill. Jan. 17, 2002) ("The likelihood that some or all of the patent will be invalidated as a result of the reexamination proceedings is impossible to calculate with any reasonable degree of certainty, but

---

[1] Tellingly, Lawson does not cite to Mr. Kalinsky's declaration in either its brief supporting its motion to stay any injunction pending appeal (Dkt. No. 643) or its opposing brief to the motion for a permanent injunction (Dkt. No. 705).

statistically, it is not great."); Cond. Manbeck Dec. ¶¶ 74, 76 (in 88% of ex parte proceedings in which certificates have issued, the patentability of some of the claims has been confirmed and in 53% of all inter partes proceedings in which certificates have issued, the patentability of some of the claims has been confirmed).

Until a patent is actually invalidated, the judicial system must not allow an indeterminate outcome to guide its decision on whether to issue or to stay an injunction. Otherwise, it would effectively deny a successful patentee the remedy of an injunction for years in every case because of the length of time of the reexamination proceedings. Additionally, it would deny the remedy entirely in cases such as this where the patents will likely expire before the reexamination proceedings are concluded.[2]

### 1. The Reexaminations of the Patents-in-Suit Are Irrelevant to the Permanent Injunction Determination.

For the reasons set forth above and in ePlus's brief supporting its motion to strike, the reexamination proceedings are not relevant to any of the four factors a district court must weigh in determining whether to grant injunctive relief. *See* Dkt. No. 639 (ePlus Brief in Support of Motion to Strike Kalinsky ("ePlus Kalinsky Br.")) Part III. Lawson relies heavily on *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556 (E.D. Va. 2007), to support the contrary position, but that case should be, at a minimum, limited to its unique fact scenario.[3] In light of the recent Supreme Court decisions in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), and in *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), the *eBay* court was highly sensitive to the "suspect validity" of some business method patents and the "raised . . . bar as to what qualifies as non-obvious." *eBay*, 500 F. Supp. 2d at 574-75. Finding the patent-in-suit to

---

[2] Lawson's assertion that the "demise of ePlus's patents is close at hand" is entirely baseless. Dkt. No. 703 (Lawson Brief Opposing Motion to Strike Kalinsky ("Lawson Kalinsky Opp. Br.") 2.

[3] The *eBay* court even acknowledged that the facts of the case were "unique." *See eBay*, 500 F. Supp. 2d at 570, 581.

3

be "a business method patent that appears to rely upon combining non-unique elements into a unique combination," *id.* at 586, the court was effectively convinced that the patent was invalid and would not survive reexamination:

- [T]he nature of the patent causes the court pause because, as previously recognized by this court, "there is a growing concern over the issuance of business-method patents which forced the PTO to implement a second level review policy." . . . Here, not only was the '265 patent never subject to a second level review, but the PTO twice rejected all claims of the '265 patent. *Id.* at 574 (citations omitted) .

- Applied to the instant facts, the *KSR* opinion reduces the likelihood that the '265 patent will survive reexamination as the PTO's prior non-final actions were issued *prior to KSR* . . . . *Id.* at 574-75 (emphasis in original).

- *KSR* reveals the Supreme Court's reservations regarding patents similar to the '265 patent, the PTO twice issued interim actions rejecting *all claims* in the '265 patent as obvious *prior to* the issuance of *KSR* . . . . *Id.* at 581 (emphasis in original).

- [T]he continued validity of the '265 patent remains in doubt, especially in light of *KSR* . . . . *Id.* at 584.

- The combination of the Supreme Court's *KSR* opinion with the PTO's pre-*KSR* interim rejections of all claims of the '265 patent suggest that the PTO's final action may reach the same conclusion. *Id.* at 585.

- [A]lthough the '265 patent is presently valid and enforceable, the court must recognize that such patent never underwent a "second look" review by the PTO and that interim findings from the PTO during reexamination have twice indicated that *every claim* in the '265 patent is invalid as obvious. *Id.* at 586 (emphasis in original).

- [T]he business method patent at issue never underwent a second look review and there is a distinct possibility that the '265 patent will be invalidated through reexamination as two PTO interim office actions rejected all claims of the '265 as obvious; such interim actions were issued prior to the Supreme Court's *KSR* opinion which cast further doubt on the continued validity of the '265 patent. *Id.* at 591.

Thus, the court's consideration of the reexamination proceeding in the permanent injunction determination appeared to have been predicated on its utter lack of confidence in the validity of the patent-in-suit.

The concerns of the eBay court are not present in the case at bar. The patentability of business method patents has since been confirmed by the Federal Circuit and the Supreme Court.

4

*Bilski v. Kappos*, ___ U.S.___, 130 S.Ct. 3218, 3228-29 (2010); *In re Bilski*, 545 F.3d 943, 960 (Fed. Cir. 2008). Additionally, the patents-in-suit have survived any *KSR* obviousness attacks in this litigation, and the reexamination proceedings have been pending for many years subsequent to *KSR*. Moreover, this Court has acknowledged that there is no indication that the patents-in-suit are invalid. Trial Tr. 3007:1-10 ("If I were deciding the case, I would find that there is no clear and convincing evidence to prove any component of [in]validity. . . . If, as I expect, the jury returns a verdict in favor of ePlus on these issues, then I won't have to deal with the JMOL.").

In spite of the fact that the *eBay* court proclaimed repeatedly that the patent-in-suit would likely be invalidated on reexamination, the PTO subsequently confirmed the validity of 25 of the 29 claims. *See* ePlus Kalinsky Br., Ex. B. This confirmation demonstrates how baseless it would have been had the court stayed the proceedings pending the reexamination. More importantly, it is indicative of the unpredictability involved in the reexamination proceedings, and thus substantiates ePlus's argument that this Court should not consider the interim reexamination decisions in the permanent injunction determination.

Lawson also cites to *Flexiteek Americas, Inc. v. Plasteak, Inc.*, 2010 U.S. Dist. LEXIS 90181 (S.D. Fla. July 20, 2010), to support its argument, but that case can be distinguished on its facts.[4] The *Flexiteek* court granted summary judgment of validity in light of the defendants' failures to set forth the basis of and to present evidence supporting its validity defenses. *Id.* at *3. Unlike the case at bar, it did not appear that validity was fully and fairly adjudicated on the

---

[4] The other cases cited by Lawson are inapposite. Both *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 1993 U.S. App. LEXIS 11963 (Fed. Cir. May 21, 1993), and *Translogic Tech., Inc. v. Hitachi, Ltd.*, 2007 U.S. App. LEXIS 23951 (Fed. Cir. Oct. 12, 2007), are **nonprecedential** opinions and neither involves a permanent injunction determination. Moreover, unlike the case at bar where none of the four pending reexamination proceedings has yet been the subject of a decision by the BPAI, in *Standard Havens*, a BPAI decision in the reexamination had already issued and was being appealed to the District Court for the District of Columbia, *see Standard Havens*, 810 F. Supp. 1072, 1073 (W.D. Mo. 1993), and in *Translogic*, the Federal Circuit affirmed the BPAI's decision in the reexamination.

merits.  Indeed, the *Flexiteek* court even distinguished its facts from another case in which "the jury determined the patent to be valid after a trial."  *See id.* at *13.  While the court gave deference to the examiner's reexamination decision, *see id.* at *15, that decision appeared to represent the only analysis of the patent's validity.

> 2. The Reexaminations of the Patents-in-Suit Are Irrelevant to the Stay Determination.

Contrary to Lawson's assertion that "ePlus ignores the relevance of the reexamination proceedings to Lawson' motion for a stay pending appeal," *see* Lawson Kalinsky Opp. Br. at 10, ePlus's argument that the reexamination proceedings are irrelevant applies to all aspects of the permanent injunction proceeding, including the motion to stay.  *See* ePlus Kalinsky Br. Parts III.A, III.C.  The fact remains that in spite of the adjudicated infringer's repeated opportunities to fully and fairly litigate invalidity, ***the infringed claims have been found to be valid***.  Thus, there is no reason to think that Defendant's invalidity arguments are likely to succeed on appeal, and the fact that the ongoing, non-final reexamination proceedings create the mere potential for invalidity does not change that fact.  *See* Dkt. No. 704 (ePlus Brief Opposing Motion to Stay ("ePlus Stay Opp. Br.")) Part III.A.1.

The cases cited by Lawson for support are decades-old and are readily distinguishable.  In *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 (Fed. Cir. 1990), the Federal Circuit based its holding on the fact that the Deputy Assistant Commissioner of Patents and Trademarks, *sua sponte*, ordered the reexamination.  The court specifically cited statistics noting that Commissioner initiated reexaminations are quite rare and result in a high rate of cancellation or amendment of the claims.  *See id.* 514 n.2.  In contrast, in the case at bar, the reexamination proceedings were each initiated by accused infringers.  In *E.I. DuPont De Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277 (Fed. Cir. 1987), validity issues were

not adjudicated before both a court and a jury. *See E.I. DuPont*, 659 F. Supp. 92, 93 (D. Del. 1987) (non-jury trial on validity issues). Here, the validity of the patents-in-suit has been tried and tested through prior litigation, summary judgment, judgment as a matter of law, and a jury trial.[5]

More recent case law suggests that reexamination proceedings do not have a place in the determination of whether to stay an injunction pending appeal. *See Arthrocare Corp. v. Smith & Nephew, Inc.*, 315 F. Supp.2d 615, 620 (D. Del. 2004) ("In light of these differences [between litigation and reexamination], the court is not persuaded that the ongoing reexamination proceeding triggers a stay of the injunction. A jury has decided the validity of the patents in suit after careful deliberation following a nine day jury trial. This court reviewed the jury's verdict pursuant to post-trial motions and found that the jury based its decision on substantial evidence. Thus, the court has no reason to believe that Smith & Nephew will be successful on its appeal such that the court presently should issue a stay."), *vacated in part on other grounds*, 406 F.3d 1363 (Fed. Cir. 2005); *cf. Magnesystems, Inc. v. Nikken, Inc.*, 1994 WL 808421, at *6-7 (C.D. Cal. Aug. 8, 1994) (denying stay of injunction pending appeal and stay of injunction and/or proceedings pending reexamination and noting in the discussion of the latter that "[t]his Court recognizes the possibility that the PTO may grant Nikken's request for reexamination, and, upon

---

[5] The other cases cited by Lawson are inapposite. Lawson cited to *Nichols Inst. Diagnostics, Inc. v. Scantibodies Clinical Lab., Inc.*, 166 Fed. Appx. 487 (Fed. Cir. 2006), which is yet another **nonprecedential** opinion. Contrary to Lawson's misleading description of the case, the court does not even mention the reexamination decision as a basis for its finding that the movant had shown the requisite likelihood of success in the stay determination. *See id.* at 489. *Flexiteek* involved a stay of execution of judgment and termination of a permanent injunction rather than a stay of injunction pending appeal and did not address the movant's likelihood of success on appeal. *See Flexiteek*, 2010 U.S. Dist. LEXIS 90181. This case is discussed above in Part II.A.1. Lawson also cites *Old Reliable Wholesale, Inc. v. Cornell Corp.*, No. 2010-1247, 2011 U.S. App. LEXIS 5139 (Fed. Cir. Mar. 16, 2011), for the principle that the Federal Circuit "reaffirmed the value of considering reexamination proceedings." Lawson Kalinsky Opp. Br. at 12. This case involved an attorney fee award rather than the issuance or stay of an injunction. *See Old Reliable*, 2011 U.S. App. LEXIS 5139. The court found that the confirmation of the validity of the patent-in-suit on reexamination was probative evidence as to whether the unsuccessful patentee (not the district court as Lawson erroneously attests) had a reasonable basis for asserting that its patent was not anticipated. *See id.* at *27.

7

reexamination, may even find patent '711 invalid. Nevertheless, this Court may not abdicate its responsibility to adjudicate this matter to the PTO. This Court has determined that patent '711 is valid and that Nikken has infringed patent '711. Consequently, Magnesystems is entitled to immediate relief.").

      **B.**    <u>**Rule 403 Demands That Evidence Relating to the Reexamination Proceedings Be Excluded.**</u>

Even were this Court to determine that the interim decisions in the reexaminations are relevant to the permanent injunction proceeding (and they are not), this evidence should be excluded under Rule 403 of the Federal Rules of Evidence because its probative value, which is minimal at most, is substantially outweighed by considerations of undue delay and waste of time.[6]

The undisputed fact is that the validity of the infringed claims has been confirmed by a jury. *See* Dkt. 600. No infringed claim has been invalidated in the reexamination proceedings,[7] nor can any claim be invalidated unless and until the entire reexamination process, culminating in an appeal to the Federal Circuit, has occurred and a final decision is reached adverse to ePlus and a certificate is issued by the PTO cancelling the patent claims. The likelihood that the infringed claims will be invalidated "is impossible to calculate with any reasonable degree of certainty, but statistically, it is not great." *Amphenol T&M Antennas Inc. v. Centurion Int'l Inc.*, No. 00 C 4298, 2002 WL 32373639, at *2 (N.D. Ill. Jan. 17, 2002). Indeed, the likelihood prediction becomes even more complex given that the infringed claims are the subject of three separate reexamination proceedings, each of which is at a different preliminary stage. The

---

[6] Defendant argues that "[t]here is no possibility of jury confusion or undue prejudice" under Fed. R. Ev. 403 because the Court is the factfinder at this stage. *See* Lawson Kalinsky Opp. Br. at 14. However, other relevant factors to the Rule 403 analysis include "considerations of undue delay" and "waste of time." *See* Fed. R. Ev. 403.

[7] Contrary to Lawson's misleading suggestion, *see, e.g.*, Lawson Kalinsky Opp. Br. at 6, 10-13, 16, the "PTO" has **not** finally rejected any of the infringed claims. The rejections are the interim findings of the examiner.

8

interim reexamination decisions have, at most, minimal probative value to the permanent injunction proceeding.[8]

Were the adjudicated infringer allowed to present evidence relating to the reexamination proceedings,[9] it would likely open the floodgates during the permanent injunction proceeding. In an effort to distract this Court from the more important issues (which demonstrate that ePlus is entitled to a preliminary injunction and Lawson is not entitled to a stay of that injunction pending appeal), Defendant would undoubtedly expend significant time and energy trying to convince this Court through the testimony of Mr. Kalinsky and other evidence that the reexamination proceedings "show that the patent claims at issue in this case are likely to be found invalid" and "provide compelling objective proof that the patents are invalid." *See* Lawson Kalinsky Opp. Br. at 5; Dkt No. 643 (Lawson Brief Supporting Motion to Stay Injunction ("Lawson Stay Br.")) 7. As indicated above and in corresponding briefs filed by ePlus, such arguments are baseless. In order to demonstrate that, ePlus will have to present its rebuttal case. Ultimately, these unnecessary arguments will unduly delay the hearing and be a waste of judicial time and resources.[10] The threat of undue delay and waste of time at the permanent injunction proceeding substantially outweighs the probative value of evidence relating to the reexaminations, which is

---

[8] In *eBay*, which Lawson relies on heavily, the court did not appear to accord much weight to the interim reexamination decisions and instead focused on MercExchange's licensing and litigation practices, lack of market presence, and conduct with respect to its IP in assessing the factors in the permanent injunction determination. *See eBay*, 500 F. Supp. 2d at 568-591. Indeed, much of the language quoted by Lawson is the court's dicta contained in footnotes. *See id.* at 575 n.15, 585 n.29; Lawson Kalinsky Opp. Br. Part III.A.

[9] Lawson argues that this Court may take judicial notice of the reexamination files. *See* Lawson Kalinsky Opp. Br. 11. Defendant loses sight of the issue at hand. ePlus is not concerned with authentication issues; rather it is concerned with Rule 402 and 403 issues associated with evidence relating to the reexamination proceedings. Regardless of what a court can take judicial notice of, it still has to pass muster under Rules 402 and 403. ePlus contends that the evidence relating to the reexaminations does not.

[10] Indeed, during the injunction hearing, this Court sensed the potential for foul play on this issue. Inj. Hr'g Tr. 269:20-21 ("I'm not going to hear anything from your law partner as a substantive witness in the case.").

Case 3:09-cv-00620-REP Document 710 Filed 04/01/11 Page 10 of 15 PageID# 20925

minimal at most. Accordingly, to the extent this Court deems this evidence to be relevant, it should be excluded under Rule 403.

### C. Lawson's Litigation Positions With Respect to the Very Same Alleged Prior Art As That Being Considered by the PTO Establish That the Interim Findings of the PTO Examiner in the Reexaminations Are Unlikely to Prevail.

Although Defendant contends that the reexamination "proceedings show that the patent claims at issue in this case are likely to be found invalid," Lawson Kalinsky Opp. Br. at 5, Defendant's own positions taken during the litigation with respect to the alleged prior art being considered by the PTO establish to the contrary.

There are currently two reexamination proceedings pending before the PTO with respect to the '683 Patent, one of which was filed by Lawson more than a year after initiation of this litigation. Cond. Manbeck Dec., ¶¶ 17-38, 59-62. The alleged prior art under consideration by the PTO in these two proceedings includes the '989 Patent, the JCON, P.O. Writer, Gateway and SABRE systems and the King '542 Patent. The art at issue in the pending reexamination of the '172 Patent includes the Doyle Patent, the '989 Patent and the JCON, P.O. Writer, Gateway and SABRE systems.

Lawson initially pled invalidity defenses based on each of these alleged prior art references. However, Lawson voluntarily dropped its contentions regarding the SABRE and Gateway systems well before the trial thus conceding that defenses based on this art were unlikely to succeed. *See* May 21, 2010 email from Lawson counsel to various *e*Plus counsel (noting that "Lawson will agree to withdrawn its contention that the SABRE system is invalidating prior art") (Ex. __); September 1, 2010 email from Lawson counsel to *e*Plus counsel (noting that "we are not going to assert or use the Gateway system at trial") (Ex. __). Furthermore, Lawson did not even assert that the Doyle Patent invalidated any claim. It did not

10

cite that patent in its Second Supplemental Invalidity Contentions and conceded that it would not rely upon this patent in support of its invalidity defenses. *See* Dkt. No. ___ (Lawson's Resp. to Plaintiff's Motion to Strike Portions of Defendant's Expert Report) at 5.

Similarly, Lawson only contended that the King '542 Patent anticipated claims 1, 2 and 9 of the '516 Patent. *See* Dkt. 481 (Am. Final Pretrial Order), Lawson's Factual Contentions, ¶41. It did not contend that this patent invalidated claims of either the '683 or '172 Patents. Moreover, Defendant failed to present any evidence at trial concerning the King Patent. Trial Tr. 2862:1-2863:23 ("there are several prior art theories that Lawson had asserted in the final pretrial order as to which Lawson did not offer any evidence at all. Specifically, anticipation based on the King patent. That theory, there was no evidence presented at trial as to that theory. So *e*Plus would ask for judgment as a matter of law with respect to that contention).

As to the P.O. Writer and JCON systems, although the jury heard evidence concerning these systems at trial, Defendant's own expert did not render any invalidity opinions concerning those references at trial. *See, e.g.*, Trial Tr. 2543:10-18 (Shamos Cross) ("Q: You didn't give any specific testimony on an element by element, claim by claim basis with respect to J-CON, correct? A: That's right. Q: In fact you offered zero opinions that the JCON system from any version from 1988 to 1992 rendered any of the 12 asserted claims here obvious in any way, shape or form; isn't that right? A: Not in this courtroom, no."); Trial Tr. 2544:12-15 (Shamos Cross) ("Q:: You offered zero opinions that J-CON anticipated any of the 12 claims at issue in this case here, correct? A: In this room."); Trial Tr. 2546:12-19 (Shamos Cross) (acknowledging that he offered no opinions that P.O. Writer either anticipated or rendered obvious any asserted claim). *See also* Trial Tr. 2534:23-2536:6 ("[the jury] need not concern themselves with whether J-CON or P.O. Writer were patented at all… Moreover, J-CON and

11

P.O. Writer are not prior art because there's been no opinions on them.). Indeed, Defendant's counsel never contended that the J-CON system anticipated any of the asserted claims. *See* Lawson's Second Suppl. Initial Statement of Invalidity Defenses at 56-68 (assertingd only that the JCON system anticipated claim 6 of the '683 Patent, a claim not asserted at trial).

Further, with respect to the '989 Patent, the jury and the Court heard and considered a significant amount of evidence and testimony from the inventors of the '989 Patent, IBM witnesses, and Defendant's and *e*Plus's experts on the distinctions between the patent claims at issue and the disclosure in the '989 Patent. Indeed, Defendant's own expert conceded that the '989 Patent did not anticipate any of the *e*Plus patent claims. Trial Tr. 2426:24-2427:5 (Shamos Direct) (conceding that the '989 Patent fails to disclose multiple catalogs); 2557:4-2561:14 (Shamos Cross) (conceding that because the RIMS system described in the '989 Patent did not have two product catalogs, it cannot satisfy numerous other claim elements or any patent claim requiring two product catalogs).[11]

Thus, Defendant's positions taken during the litigation with respect to the alleged prior art at issue in the reexamination proceedings belie any contention that such proceedings are likely to result in the cancellation of any patent claim based on that alleged prior art.[12]

---

[11] It should be noted that Lawson's declarant, Mr. Kalinsky, and Lawson's trial counsel, Mr. McDonald, are also Lawson's counsel of record in the '172 and '683 Patent reexamination proceedings. However, they have failed to inform the PTO Examiner that Lawson has taken positions in this litigation that are inconsistent with the positions it is taking before the PTO.

[12] The Federal Circuit, on any appeal, would likely not consider the prior art that Lawson voluntarily dropped prior to trial. *See Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1323 (Fed. Cir. 2008) ("We decline to determine what a prior art reference discloses, a fact finding, in the first instance on appeal. Appellate courts review district court judgments; we do not find facts."); *Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1236 n.2 (Fed. Cir. 2001) ("[W]e decline to consider this reference as it was not in evidence before the district court, and is not part of the record on appeal."). To the extent that this prior art has been relied upon in the interim reexamination decisions, this further substantiates ePlus's position that the reexaminations are not relevant to the likelihood of success on appeal prong in the stay determination.

### D. ePlus Submitted Mr. Manbeck's Declaration Solely in an Exercise of Caution.

Lawson contends that "ePlus's submission of the Manbeck declaration shows that the reexamination evidence should be considered by the Court." Lawson Kalinsky Opp. Br. at 16. But this submission says nothing about the relevance of reexamination. As Lawson is aware, *see id.* at 14 n.2, ePlus submitted the "conditional" report of Mr. Manbeck for the Court to consider, in response to Mr. Kalinsky's declaration, *in the event the Court denies its motion to strike* and considers Mr. Kalinsky's declaration or any other evidence submitted by Defendant relating to the pending reexaminations. This submission was therefore intended to adequately protect ePlus in the event that it would need to rebut Mr. Kalinsky's testimony and present evidence relating to the reexaminations during the permanent injunction proceeding. Indeed, ePlus prefers that the Court exclude all evidence or argument relating to the reexamination proceedings, including Mr. Manbeck's declaration, because such evidence is not relevant to the permanent injunction proceeding.

### III. CONCLUSION

Accordingly, for the foregoing reasons, *e*Plus respectfully moves to strike the Kalinsky Declaration and exclude all evidence or argument with respect to the PTO reexaminations of the patents-in-suit.

Respectfully submitted,

April 1, 2011

               */s/*
David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.

Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com


Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff ePlus Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com


Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com

Attorneys for Plaintiff, ePlus Inc.

14

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of April, 2011, I will electronically file the foregoing

**PLAINTIFF ePLUS INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE ATTORNEY DECLARATION OF ROBERT A. KALINSKY, ESQ. AND OTHER EVIDENCE OR ARGUMENT RELATING TO NON-FINAL REEXAMINATIONS OF THE PATENTS-IN-SUIT**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
Defendantservice@merchantgould.com
*Counsel for Defendant Defendant Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Defendant Software, Inc.*

_____/s/_____
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com