IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |


**PLAINTIFF *e*PLUS INC.'S MOTION FOR LEAVE TO FILE MODIFIED PROPOSED PERMANENT INJUNCTION ORDER**


Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

*Counsel for Plaintiff ePlus Inc.*

Pursuant to Fed. R. Civ. P. 65, plaintiff *e*Plus Inc. ("*e*Plus"), by counsel, respectfully requests leave of Court to file a Modified Proposed Permanent Injunction Order ("Modified Proposed Order") in connection with its previously-filed Motion for Permanent Injunction (Dkt. No. 640) against Defendant Lawson Software, Inc. ("Lawson").[1] This Modified Proposed Order contains additional language to make clear that the terms of the injunction order will apply to and bind any company that acquires Lawson or that portion of Lawson's business that "makes, uses, offers to sell, or sells … or imports into the United States" the infringing products and services, 35 U.S.C. § 271(a), or induces or contributes to such infringement, 35 U.S.C. §§ 271(b) and (c), and in order to ensure that Lawson and its successors or assigns cannot evade the proscriptions of the order by selling off the infringing business.

In particular, the proposed revisions to *e*Plus's prior proposed order include the following additional language:

> The provisions of this Order shall apply, in addition to Lawson; its officers, directors, agents, servants, employees, subsidiaries, affiliates and attorneys, and any person in active concert or participation with them; ***also to any person, company or entity that acquires a controlling interest in Lawson by acquisition, stock purchase, or otherwise; and any person, company, or entity that acquires all or part of the features, functionality, products and/or services associated with the products and services found to infringe the ePlus patents. Lawson shall notify any such acquiring person, company, or entity of this Order prior to such acquisition***.

*See* Ex. A (Modified Proposed Order (emphasis added) (redline format)).

*e*Plus believes that these provisions are appropriate and necessary in light of recent public news reports revealing that Lawson is in the process of being acquired by another company. *See*

---

[1] Rule 65(d) provides, in pertinent part, that "[t]he order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) **other persons who are in active concert or participation** with anyone described in Rule 65(D)(2)(A) or (B)." Fed. R. Civ. P. 65(d) (emphasis added).

Ex. B (T.P. Morgan, Oracle to Take a Run at Lawson Software?, ITJungle, Apr. 4, 2011, http://www.itjungle.com/tfh/tfh040411-printer03.html (generally discussing offer for takeover of Lawson by Infor, possibility of higher offer from Oracle, and stating "*[a]s far as [Carl] Icahn* (10.9 percent owner of Lawson) *is concerned, Lawson is to be sold. Period*.") (emphasis added)); Ex. C (C. Kanaracus, Oracle Rumors Swirl as Lawson Users Wait and Wonder, PC World, Mar. 29, 2011, http://www.pcworld.com/businesscenter/article/223632/oracle_rumors_swirl_as_lawson_users_wait_and_wonder.html ("*Lawson Software customers still don't know the fate of the company following Infor's roughly US$1.8 billion acquisition offer earlier this month* ….") (emphasis added)); Ex. D (T. Lachapelie, Oracle Seen Buoying Icahn With Lawson Software Offer: Real M&A, Bloomberg, Mar. 29, 2011, http://www.bloomberg.com/news/2011-03-29/oracle-seen-buoying-icahn-with-lawson-software-offer-real-m-a.html (stating that "*traders ... are betting the $1.8 billion takeover … will get trumped by a higher offer, with Oracle … the most likely bidder*" and that Lawson's "medical records and supply-chain management businesses" are estimated by analysts to "help push [Lawson's] earnings to a record this year.") (emphasis added)); Ex. E (G. Nairn, Lawson Software set to be bought by rival Infor, Financial Times, Mar. 24, 2011, http://www.ft.com/cms/s/0/74c5f092-561e-11e0-8de9-00144feab49a.html#axzz1Il0Ks8NF (stating that "*Lawson … looks set to be acquired by bigger US rival Infor for $1.8bn in cash*" and that "[Infor] has a dependable if unimaginative *business model that consists of buying up the mature product lines of one-time competitors and milking their customer base for maintenance revenues*.") (emphasis added)); Ex. F (R. Pierson, Lawson Software receives $1.8 billion offer, Reuters, Mar. 12, 2011, http://www.reuters.com/article/2011/03/12/us-lawsonsoftware-idUSTRE72B0TF20110312 (reflecting that Lawson received

3

$1.8 billion offer, that **Lawson hired Barclays Capital to explore a sale of the business**, and that other major companies were possible bidders for Lawson)).[2]

Lawson should not be permitted to evade an injunction entered by the Court through the artifice of laundering its infringement through an acquiring company. Neither should an acquiring company be permitted to continue to operate the very business this Court may decide to enjoin. As the Federal Circuit stated in *Additive Controls:*

> An injunction may survive the dissolution of the corporation at which it is directed and continue to bind any successor in interest to the original defendant. *See Walling v. James V. Reuter, Inc.,* 321 U.S. 671, 674 (1944) (injunction may be enforced "against those to whom the business may have been transferred, whether as a means of evading the judgment or for other reasons"); *ICC v. Rio Grande Growers Coop.,* 564 F.2d 848, 849 (9th Cir. 1977). Such a rule is necessary to prevent an enjoined defendant from "nullify[ing] a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Regal Knitwear,* 324 U.S. 9, 14 (1945).

*Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.,* 154 F.3d 1345, 1351-52 (Fed. Cir. 1998) (citations omitted). The Court explained, "*An injunction would be of little value if its proscriptions could be evaded by the expedient of forming another entity to carry on the enjoined activity. For that reason, courts have consistently held that 'successors' are within the scope of an injunction entered against a corporation and may be held in contempt for its violation*." *Id.* at 1354 (emphasis added). Likewise, in *Kloster Speedsteel,* the Federal Circuit affirmed a district court's inclusion of "successors and assigns" within an injunction order, holding that "[c]ourts have repeatedly found privity where, after a suit begins, a nonparty acquires assets of a defendant-infringer." *Kloster Speedsteel AB v. Crucible Inc.,* 793 F.2d 1565,

---

[2] According to analyst reports, Lawson also appears to be generating significant revenues and profits with its infringing S3 and M3 products and services during the last quarter. *See* Ex. G (Lawson Tows Zacks Consensus, Zacks Equity Research: Analyst Blog, Apr. 1, 2011, http://www.zacks.com/stock/news/50515/Lawson+Tows+Zacks+Consenses?print=print (stating, *inter alia*, that Lawson license revenues grew 20% in S3 industries, maintenance revenues increased in both S3 and M3, and gross margin came in at 59%)).

3

1581 (Fed. Cir. 1986) (holding that non-party which purchased facility used to manufacture infringing products was bound by injunction because it was a "successor in interest or an assign"), *rev'd on other grounds, Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,* 383 F.3d 1337 (Fed. Cir. 2004).

At the injunction hearing held on April 4, 2011, this Court noted its concern over the possibility of evasion of an injunction order on this same basis.  The response of Defendant's counsel was less than reassuring.[3]

Accordingly, *e*Plus respectfully requests that the Court enter an injunction that expressly applies to any successors or assigns of Lawson, and that Lawson be required to provide notice of the injunction to any successor or acquirer prior to its acquisition.  *e*Plus therefore requests leave of Court to file the attached Modified Proposed Order of Permanent Injunction in connection with its motion for a permanent injunction.

                                                    Respectfully submitted,

April 7, 2011                                        */s/*

                                            David M. Young (VSB #35997)
                                            Scott L. Robertson *(admitted pro hac vice)*
                                            Jennifer A. Albert *(admitted pro hac vice)*
                                            Counsel for Plaintiff *e*Plus Inc.
                                            **GOODWIN PROCTER LLP**
                                            901 New York Avenue, N.W.
                                            Washington, DC 20001
                                            Telephone:  (202) 346-4000
                                            Facsimile:   (202) 346-4444
                                            dyoung@goodwinprocter.com
                                            srobertson@goodwinprocter.com
                                            jalbert@goodwinprocter.com

---

[3] The transcript from the hearing is not yet available.

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com

Attorneys for Plaintiff *e*Plus Inc.

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April, 2011, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S MOTION FOR LEAVE TO FILE MODIFIED PROPOSED PERMANENT INJUNCTION ORDER**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
*Counsel for Defendant Lawson Software, Inc.*

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Lawson Software, Inc.*

            */s/*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com