IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-CV-620 (REP) |
| ) | |
| v. ) | |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**[MODIFIED PROPOSED] PERMANENT INJUNCTION ORDER**

This matter having been brought before the Court by Plaintiff *e*Plus, Inc. ("*e*Plus"), for an Order, and the Court having considered the moving papers, all oppositions thereto, and the arguments of counsel, and the Court having found that a permanent injunction is appropriate,

IT IS HEREBY ORDERED that:

The Defendant, Lawson Software, Inc. ("Lawson"), including its officers, directors, agents, servants, employees, subsidiaries, affiliates and attorneys, and any person in active concert or participation with them, are permanently enjoined from directly or indirectly making, using, offering to sell, or selling within the United States or importing into the United States any of the following product configurations and/or installation, implementation, design, configuration, consulting, upgrade, maintenance and support and training and other related and associated services and any colorable variations thereof (the "Infringing Products and Services"):

(1)     Lawson's Core S3 Procurement System (Lawson System Foundation ("LSF")/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules) and Requisition Self-Service or "RSS;"

(2)     Lawson's Core S3 Procurement System (LSF/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules), RSS, and Punchout;

(3)     Lawson's Core S3 Procurement System (Lawson System Foundation LSF/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules), RSS, Punchout, and Electronic Data Interchange or "EDI," and

(4)     Lawson's M3 e-Procurement Software.

In addition, Lawson is enjoined from:

(1)     Circulating, publishing or disseminating within the United States any literature or information that encourages the use, sale or importation of any of the Infringing Products and Services; and

(2)     Aiding and abetting, actively inducing, or in any way contributing to the making, use, sale or importation of any of the Infringing Products and Services within the United States.  This injunction extends to the provision of any instruction, encouragement, installation, implementation, maintenance or support for any of the Infringing Products and Services.

IT IS FURTHER ORDERED that:

Lawson, including its officers, directors, agents, servants, employees, subsidiaries, affiliates and attorneys, and any person in active concert or participation with them, are permanently enjoined from infringing any of the following claims of the following *e*Plus patents: claims 3, 26, 28, and 29 of U.S. Patent No. 6,023,683 (the "'683 Patent"), and claim 1 of U.S.

Patent No. 6,505,172 Patent (the "'172 Patent").  In addition, Lawson is enjoined from actively inducing or contributing to the infringement of any of the foregoing claims of the '683 Patent and the '172 Patent.

IT IS FURTHER ORDERED that:

Lawson, including its officers, directors, agents, servants, employees, subsidiaries, affiliates and attorneys, and any person in active concert or participation with them, are required to notify all customers of the Infringing Products and Services of the terms of this Order, and to provide said customers with a copy of this Order.

The provisions of this Order shall apply, in addition to Lawson; its officers, directors, agents, servants, employees, subsidiaries, affiliates and attorneys, and any person in active concert or participation with them; also to any person, company or entity that acquires a controlling interest in Lawson by acquisition, stock purchase, or otherwise; and any person, company, or entity that acquires all or part of the features, functionality, products and/or services associated with the products and services found to infringe the *e*Plus patents.  Lawson shall notify any such acquiring person, company, or entity of this Order prior to such acquisition.

IT IS FURTHER ORDERED that:

This injunction is to remain in effect until the expiration of both the '683 Patent and the '172 Patent, the latest of which is to expire on February 8, 2017.

Dated:_____      _____
                                                          UNITED STATES DISTRICT JUDGE