**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| ePLUS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-cv-620 |
| ) | |
| LAWSON SOFTWARE, INC. ) | |
| ) | |
| Defendant. ) | |

### LAWSON'S OPPOSITION TO ePLUS INC.'S MODIFIED PROPOSED PERMANENT INJUNCTION ORDER

This Court has granted ePlus's motion for leave to file a modified proposed permanent injunction order. (Dkt. 715). Nevertheless, Lawson files this opposition brief to urge the Court not to adopt ePlus's proposed modifications.

Lawson continues to oppose entry of any permanent injunction. However, should this Court grant ePlus any injunctive relief, it should not include any of ePlus's proposed modifications within the injunction order for several reasons. First, the language ePlus proposes to add to a permanent injunction order is both unnecessary and contrary to law. Second, ePlus's proposals are based on pure speculation – although Lawson has disclosed that it received an *unsolicited* offer to acquire its outstanding common stock from Infor and Golden Gate Capital, there is no guarantee Infor, Golden Gate Capital, or anyone else will actually purchase Lawson. Each reason is addressed in detail below.

### 1. ePlus's Proposed Language is Unnecessary and Contrary to Law

"[A court] cannot lawfully enjoin the world at large, no matter how broadly it words its decree." *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir.1930). Those who a court can enjoin are set forth in Fed. R. Civ. P. 65(d)(2), which provides, in pertinent part, that:

> The order binds only the following who receive actual notice of it by personal service or otherwise:
>
> (A) the parties;
>
> (B) the parties' officers, agents, servants, employees, and attorneys; and
>
> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Fed R. Civ. P. 65(d)(2) (2011). "As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated. Non-parties may be held in contempt, however, if they 'either abet the defendant, or [are] legally identified with him.'" *Additive Controls & Measurement Sys. v. Flowdata, Inc.*, 154 F.3d 1345, 1351 (Fed. Cir. 1998) (citing *Alemite Mfg. Co. v. Staff*, 42 F.2d 832, 833 (2d Cir. 1930); *Chase Nat'l Bank v. City of Norwalk*, 291 U.S. 431, 436-37, 78 L. Ed. 894, 54 S. Ct. 475 (1934)).

In this case, ePlus seeks an order enjoining the following non-parties: 1) any entity who acquires a controlling interest in Lawson (first modification); and 2) any entity that acquires all or part of the features, functionality, products and/or services associated with the infringing products (second modification). However, this Court may *not* enjoin anyone *other than* Lawson Software, who is the only named party found to infringe any of

ePlus's asserted claims. Thus, both of ePlus's modifications to its proposed injunction order should be rejected for this reason alone.

Moreover, ePlus's proposed modifications are not necessary to protect ePlus in the event that Lawson is acquired. Under Federal Circuit law, a non-party successor may be held in contempt of an injunction if there is a "substantial continuity of identity" between the successor and the enjoined party. *Id.* at 1355. In *Additive Controls*, the Federal Circuit affirmed a finding of contempt against a successor company that was formed for the purpose of evading an injunction against the original infringer.[1] *Id.*

In this case, *if* an injunction is entered against Lawson, and *if* Lawson is sold after the entry of the injunction, and *if* ePlus believes the successor to Lawson is violating the injunction, *then* ePlus may move for contempt against the successor and argue that it has a substantial continuity of identity with Lawson based on the facts as they exist at that time. ePlus may move for contempt against any successor-in-interest of Lawson regardless of whether or not this Court adopts ePlus's proposed modifications or not. Thus, the modifications are unnecessary and should not be included in any injunction order.

### 2.  ePlus's Proposed Second Modification is Overly Broad

ePlus's proposed second modification seeks to enjoin: "any person, company, or entity that acquires all or part of the features, functionality, products and/or services associated with the products and services found to infringe the ePlus patents." This is so broad that it might be construed to cover any customer who ever bought a single copy of

---

[1]   Unlike the facts Additive Controls, there is zero evidence that the possible acquisition of Lawson has anything to do with this lawsuit. Lawson did not solicit the proposal from Infor and Golden Gate. There is no evidence to show that the unsolicited proposal from Infor and Golden Gate Capital was in any was prompted by the ePlus lawsuit.

3

RSS or Punchout or even someone who bought a single copy of product that was "associated with" RSS or Punchout, whatever that might be. This modification is contrary to requirement that all injunction orders describe in reasonable detail the acts to be restrained. Fed. R. Civ. P. 65(d)(1)(C).

Moreover, this proposed language should be rejected because it is so broad that it might impermissibly cover non-infringing products (such as Lawson's non-infringing Core Procurement products), which arguably are associated with RSS. *See, e.g., Additive Controls & Measurement Sys. v. Flowdata*, 986 F.2d 476, 479 (Fed. Cir. 1993) ("In accord with the policy of this rule, the Supreme Court does not countenance overly broad injunctions due to the threat of costly contempt proceedings for acts unrelated to those originally judged unlawful. *NLRB v. Express Publishing Co.*, 312 U.S. 426, 435-36 (1941)).

### 3. ePlus's Modifications are Based on Possible Future Events

ePlus argues that its proposed modifications are necessary because "recent public news reports reveal[] that Lawson is in the process of being acquired by another company." Dkt. 714 at 2. The reports referenced by ePlus say no such thing. Rather, they indicate that one of Lawson's ERP competitors, Infor, together with Golden Gate Capital, made an *unsolicited* proposal to acquire all of Lawson's outstanding stock for approximately $1.8 billion. Lawson hired Barclays Capital, Inc. as its financial advisor to assist in evaluating the proposal, as well as to evaluate other possible strategic alternatives. Ex. F. Lawson has said publicly that it received the proposal from Infor and Golden Gate Capital, it is weighing all of its options, and there is no guarantee that a sale will go through. Ex. F. ePlus's cited articles speculate about whether the Infor proposal will

4

result in a sale and whether any other companies will make a counter-offer. But they acknowledge that these possibilities are based on speculation. *See* Exs. B, C, D, and E.

Injunctions should not be granted based on possible future events. For example, in *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 816 (4th Cir. 1991) the Fourth Circuit reversed a preliminary injunction order enjoining the use of plaintiff's trade secrets by a competitor who was developing and selling a competing medical device. The court concluded that there was no actual or imminent harm because the competitor was already precluded from selling its product both in the United States (it lacked FDA approval) and abroad (it lacked an export license). The district court granted the injunction, in part, because these things were subject to possible change in the future. The Fourth Circuit criticized the district court for granting injunctive relief *after* it had found any harm to the plaintiff was at the time problematical and uncertain. The Fourth Circuit further emphasized that preliminary injunctions should not be granted "where the harm is admittedly not present or immediate but merely problematic, *conditioned on possible future events*, would seem contrary to our stated rule . . . ." *Direx,* 952 F.2d at 816 (emphasis added).

The same rule applies to permanent injunctions. *Parkman v. Univ. of South Carolina*, 44 Fed. Appx. 606, 622-623 (4th Cir. 2002) (affirming denial of a permanent injunction that would have required defendant University to enforce policies for tenured faculty members because the plaintiff had resigned his employment: "The fact that he may seek reemployment with the University or employment elsewhere in the future is simply too speculative to meet the understandably stiff burden for obtaining permanent injunctive relief.") (*citing Connecticut v. Massachusetts*, 282 U.S. 660, 674, 75 L. Ed. 602, 51 S. Ct.

5

286 (1931) (stating that an injunction "will not be granted against something merely feared as liable to occur at some indefinite time in the future")/

In this case, this Court should not include provisions within a permanent injunction order that are designed to deal with possible future events, such as a potential sale of Lawson. To do so would be to grant injunctive relief based on speculation, which is inappropriate as a matter of law.

### 4. Conclusion

For all of the foregoing reasons, this Court should not include any of ePlus's proposed modifications in any injunction order it may enter in this case.

LAWSON SOFTWARE, INC.

By  /s/
      Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

6

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

Donald R. Dunner (admitted *pro hac vice*)
Erika H. Arner (admitted *pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 11th day of April, 2011, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

*Attorneys for Plaintiff*

 

      /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*