IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

*e*PLUS INC.,                              )
                                           )
          Plaintiff,                       )     Civil Action No. 3:09-CV-620 (REP)
                                           )
          v.                               )
                                           )
LAWSON SOFTWARE, INC.,                     )
                                           )
                                           )
                                           )
          Defendant.                       )


**PLAINTIFF *e*PLUS INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR
LEAVE TO FILE A MODIFIED PROPOSED PERMANENT INJUNCTION ORDER**

Craig T. Merritt (VSB #20281)                Scott L. Robertson (admitted *pro hac vice*)
Henry I. Willett, III (VSB #44655)           Jennifer A. Albert (admitted *pro hac vice*)
**CHRISTIAN & BARTON, LLP**                  David M. Young (VSB #35997)
909 East Main Street, Suite 1200             **GOODWIN PROCTER LLP**
Richmond, Virginia 23219-3095                901 New York Avenue, N.W.
Telephone: (804) 697-4100                    Washington, DC 20001
                                             Telephone:  (202) 346-4000


Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

*Counsel for Plaintiff ePlus Inc.*

## I.    INTRODUCTION

Although the Court has already granted Plaintiff *e*Plus Inc.'s ("*e*Plus") motion for leave to file a Modified Proposed Permanent Injunction Order ("Modified Proposed Order"), Dkt. No. 715, Defendant Lawson Software, Inc. ("Lawson") subsequently filed a brief in opposition "to urge the Court not to adopt ePlus's proposed modifications."  Lawson Br. at 1.  *e*Plus therefore briefly replies to the arguments raised in Lawson's opposition.

In summary, Lawson's arguments are plainly inconsistent.  First, in contending that *e*Plus's proposed attempt to reach a successor corporation is ***unlawful***.  And, second, that the proposed provisions are ***unnecessary*** because any injunction order will apply to a successor corporation even without the proposed modifications.  Lawson never explains why an injunction order should not require that Lawson give notice of the injunction to prospective purchasers of its infringing operations.

Further, contrary to Lawson's contention, the proposed modifications will not render an injunction overbroad, indeed, they are directed specifically to real and immediate concerns. Finally, the Court should reject Lawson's argument that the proposed modifications improperly address what it describes as merely "possible future harms."[1]

---

[1] The modifications to *e*Plus's proposed order provide:

The provisions of this Order shall apply, in addition to Lawson; its officers, directors, agents, servants, employees, subsidiaries, affiliates and attorneys, and any person in active concert or participation with them; ***also to any person, company or entity that acquires a controlling interest in Lawson by acquisition, stock purchase, or otherwise; and any person, company, or entity that acquires all or part of the features, functionality, products and/or services associated with the products and services found to infringe the ePlus patents.  Lawson shall notify any such acquiring person, company, or entity of this Order prior to such acquisition***.

## II.      ARGUMENT

### A.      Lawson's Arguments Are Logically Inconsistent With One Another

Lawson contends on one hand that the Court cannot bind non-parties such as potential acquirers of Lawson.  But on the other hand, Lawson then contends that such successors in interest will be bound by the injunction anyway — even without the provisions *e*Plus proposes — and therefore the Court should reject these provisions as unnecessary.  It is apparent that these arguments contradict one another.

Notably, Lawson also fails to address *e*Plus's proposal that would require Lawson to give notice of the injunction to any potential acquirer.  That provision would apply directly to Lawson itself, and Lawson provides no reason why the Court should not adopt it.[2]

With respect to the first argument, Lawson contends that the Court "cannot lawfully enjoin the world at large, no matter how broadly it words its decree."  Lawson Br. at 1 (quoting *Alemite Mfg. Corp. v. Staff,* 42 F.2d 832 (2d Cir. 1930)).  *e*Plus does not quarrel with this general proposition, but the Modified Proposed Order does not seek to enjoin the "world at large."  It seeks to enjoin Lawson and any entity that acquires it, as well as those persons identified by Rule 65 (e.g., officers, agents, and ***those in active concert or participation***).

Lawson argues, however, that "this Court may ***not*** enjoin ***anyone other than Lawson Software***, who is the only named party found to infringe any of ePlus's asserted claims." Lawson Br. at 2-3 (emphasis added).  However, the case that Lawson cites, *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.,* 154 F.3d 1345, 1351-52 (Fed. Cir. 1998), does not support this sweeping contention.  As Lawson later notes, in that case the Federal Circuit affirmed a ***contempt*** finding against a successor company formed to evade the injunction against

---

[2] Of course, Lawson believes it need not even inform its customers of any potential injunction, so in this manner, its position is ironically consistent.

the original infringer.  The Court stated, "***courts have consistently held that 'successors' are within the scope of an injunction entered against a corporation and may be held in contempt for its violation***."  *Id.* at 1354 (emphasis added).

And as *e*Plus cited in its opening brief, in *Kloster Speedsteel,* the Federal Circuit affirmed a district court's inclusion of "successors and assigns" within an injunction order, holding that "[c]ourts have repeatedly found privity where, after a suit begins, ***a nonparty*** acquires assets of a defendant-infringer."  *Kloster Speedsteel AB v. Crucible Inc.,* 793 F.2d 1565, 1581 (Fed. Cir. 1986) (emphasis added), *rev'd on other grounds, Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,* 383 F.3d 1337 (Fed. Cir. 2004).  Thus, the Federal Circuit has affirmed the applicability of an injunction to "successors and assigns" of a party.  Lawson cites no case law holding to the contrary.

Lawson then moves — less than adroitly — to the very opposite contention, *viz.,* that *e*Plus's proposed modifications are not ***necessary*** because "[u]nder Federal Circuit law, a ***non-party*** successor may be held in ***contempt*** of an injunction if there is a 'substantial continuity of identity' between the successor and the enjoined party."  Lawson Br. at 3 (emphasis added) (citing *Additive Controls,* 154 F.3d at 1355).  Lawson seems to suggest, however, that *e*Plus should be heard to raise such arguments only if and when they occur — after the fact — but that the Court ought not include "successors" or "assigns" provisions in the order.  Lawson Br. at 3.  Mischief is obviously afoot here.

Yet Lawson cites no case law whatsoever for this proposition.  Undoubtedly, Lawson's proposed resolution (that the Court include none of the proposed language) would be the very source of distraction and dissembling if an acquisition occurs, because the acquirer would likely argue (i) the order does not, by its terms, apply to successors or assigns, (ii) the acquirer was not

given prior notice of the acquisition,[3] and (iii) for one reason or another, there allegedly is not a "substantial continuity of identity with Lawson based on the facts as they exist at that time." *Id.*

 To Lawson's arguments this Court should give a similar response to that given adjudicated infringers who claim they should not be enjoined because they have allegedly ceased the infringing activity. "***If the defendant be honest in his protestations an injunction will do him no harm; if he be dishonest the court should place a strong hand upon him*** ...." *W.L. Gore & Assocs., Inc. v. Garlock, Inc.,* 842 F.2d 1275, 1281-82 (Fed. Cir. 1988) (emphasis added) (*quoting General Elec. Co. v. New Eng. Elec. Mfg. Co.,* 128 F. 738, 740 (2d Cir. 1904)).  Here, if Lawson is not acquired by another company, then the additional provisions proposed by *e*Plus will have no impact on Lawson in any way.[4]  On the other hand, if Lawson ***is*** acquired by another company, the provisions *e*Plus has proposed will be important to ensure that the jury's verdict and any injunction entered by the Court is not evaded by virtue of the acquisition.

  **B.** ***e*Plus's Proposed Modification Is Not Overly Broad**

 Lawson also contends that a portion of *e*Plus's proposed additions to the injunction order is vague and subject to overbroad interpretation.  As with the injunction order generally, however, Lawson again declines to submit any alternative language of its own that the Court could adopt.

 The proposed modification to which Lawson here objects would provide that the provisions of the order apply also to "any person, company, or entity that acquires all or part of the features, functionality, products and/or services associated with the products and services ***found to infringe*** the ePlus patents."  Modified Proposed Order at 3 (emphasis added).  Thus, the

---

[3] As noted above, Lawson does not at all address *e*Plus's proposed requirement that Lawson provide any acquirer with prior notice of the injunction.

[4] Indeed, Lawson does not identify ***any*** prejudice to either itself or any other entity that would result from inclusion of most of the language *e*Plus has proposed.

language is directed to *infringing* products and services, not just any product or service relating to the S3 software.  The proposed modification is appropriate and necessary to ensure that the injunction is not evaded through some form of corporate transaction short of acquisition of a controlling interest in Lawson by which some entity could continue Lawson's infringement — albeit under a different name, for example.  Lawson should not be permitted to evade an injunction by selling off the infringing line of products and services to a third party that might attempt to argue it can evade the Court's order.

### C.    *e*Plus's Proposed Modifications Are Not Improper As Being Based Upon "Possible Future Events"

Finally, Lawson argues that the prospect of its acquisition is, at this time, nothing more than a mere possibility, and that an injunction may not be "based on possible future events." Lawson Br. at 4-5.  But Lawson does not proffer *any* facts to contradict the widespread media reports that the acquisition is highly likely to occur, or to assure the Court that the acquisition will not happen.  Indeed, Lawson does not contradict a single fact contained in the news reports that *e*Plus provided with its motion.  And if anyone is in the position to provide such contradicting facts, if they exist, one would think it would be Lawson.

Here, if Lawson or its infringing business are not acquired by another company, then the additional provisions proposed by *e*Plus will be a nullity.  If Lawson is acquired by another company, however, the provisions *e*Plus has proposed should ensure that the jury's verdict and any injunction entered by the Court is not rendered impotent.

Moreover, the cases cited by Lawson do not support its arguments.  In *Direx Israel,* the Fourth Circuit reversed the grant of a *preliminary* injunction in a non-patent case, holding that the plaintiff failed to show both the hardship and likelihood of success factors required for such motions.  *Direx Israel, Ltd. v. Breakthrough Med. Corp.,* 952 F.2d 802, 816-19 (4th Cir. 1992).

The Court did not hold that it is unlawful for a permanent injunction to guard against "possible future harms" (indeed, any such statement would have been *dicta* under the facts); rather, the Court held under the facts of that case that a ***preliminary*** injunction was not warranted.  In ruling on the hardship to the plaintiff, the Court emphasized that it was a ***preliminary*** injunction motion at issue, stating:

> In essence, then, the district court found present irreparable harm in favor of [plaintiff], even though it recognized that there was ***no present threat of such harm, because maybe "at least a year down the road, maybe two or three years down the road," there will arise a possible need*** for a preliminary injunction.  We are not persuaded by such reasoning that there is a present or immediate need for ***preliminary*** relief in favor of [plaintiff].  By the district court's own finding, any harm to [plaintiff] in this case is at this time problematic and uncertain. ***Remembering that preliminary injunctions are "extraordinary remedies" involving the exercise of "very far-reaching power" to be granted only "sparingly" and "in limited circumstances," the grant of such relief in this case, where the harm is admittedly not present or immediate but merely problematic, conditioned on possible future events, would seem contrary to our stated rule:  A plaintiff, seeking preliminary relief, must show the present threat of irreparable harm.***

*Id.* at 816 (emphasis added).

Lawson contends that the same rule applies to permanent injunctions, but it cites only a single unreported Fourth Circuit employment discrimination case that has no resemblance to the facts before this Court.  *See Parkman v. Univ. of South Carolina,* 44 Fed. Appx. 606, 622-23, 2002 WL 1792098 (4th Cir. Aug. 6, 2002).  In *Parkman*, the Court affirmed on substantive grounds the district court's grant of summary judgment in favor of the ***defendants***. Unsurprisingly, the appellate court likewise affirmed the district court's denial of a permanent injunction against a defendant on grounds of ***mootness***, holding that, particularly since the plaintiff had ***voluntarily retired,*** the unsuccessful plaintiff was not under "imminent threat of suffering further harm."  *Id.,* 2002 WL 1792098, at * 14.

Clearly, *e*Plus's concern that Lawson's acquisition is, in fact, ***imminent*** — as evidenced by numerous news articles — is not "moot."  Indeed, even if this Court applied the *Parkman* standard to the facts of this case, the standard is readily met.  *e*Plus is under "imminent threat of suffering further harm" because it appears that Lawson, with its infringing products and services, is about to be acquired by a third party that has not been a named party in this case.

But more fundamentally, permanent injunctions in patent cases are granted to prevent ***future*** harms, including potential harms that are uncertain in amount or nature.  It is in part because some harms are indefinite and uncertain that the law provides the remedy of a permanent injunction in lieu of compensatory damages.  *See, e.g., i4i Ltd. P'ship v. Microsoft Corp.,* 598 F.3d 831, 862-63 (Fed. Cir. 2010), *cert. granted on other grounds,* 131 S. Ct. 647 (2010) ("Difficulty in estimating monetary damages is evidence that remedies at law are inadequate.") (quoting *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 702-04 (Fed. Cir. 2008) (same)); *Jacobsen v. Katzer,* 535 F.3d 1373, 1375 (Fed.Cir.2008) ("because a calculation of damages is inherently speculative, these types of license restrictions might well be rendered meaningless absent the ability to enforce through injunctive relief").

And as noted above, courts generally grant injunctions even when adjudicated infringers claim that they have ceased the infringing activity and the patentee has nothing more than speculation whether the infringement will resume in the future.  *Garlock,* 842 F.2d at 1281-82 ("The mere fact that [defendant] was no longer making or selling the infringing [products] is not a sufficient ground for denying an injunction against future infringement.").  Thus, the Supreme Court has held:

> It is well settled that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."  "[I]f it did, the courts would be compelled to leave '[t]he defendant … free to return to his old ways.'"  In accordance with this principle, the standard we

7

> have announced for determining whether a case has been mooted by the defendant's voluntary conduct is ***stringent:*** "A case might become moot if subsequent events ***made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."*** **The "*heavy burden of persua[ding]*" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.**

*Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.,* 528 U.S. 167, 189 (2000) (emphasis added) (citations omitted);[5] *see also William R. Warner & Co. v. Eli Lilly & Co.,* 265 U.S. 526, 532 (1924) ("any doubt in respect of the extent [of effective relief] thereof must be resolved in [plaintiff's] favor as the innocent producer and against the [defendant], which has shown by its conduct that it is not to be trusted.").

Accordingly, the fact that Lawson's acquisition by another entity may not be entirely certain does not weigh against the need for the additional provisions proposed by *e*Plus.  There is ample evidence that such an acquisition may occur that the Court should ensure such acquisition does not become a means to nullify the jury's verdict and any injunction order.

## III.    CONCLUSION

Accordingly, *e*Plus respectfully requests that the Court enter an injunction in accord with *e*Plus's Modified Proposed Order.

---

[5] Likewise in accord, *see Polo Fashions, Inc. v. Dick Bruhm, Inc.*, 793 F.2d 1132, 1135 (9th Cir. 1986) (reversing district court's denial of permanent injunction in trademark case where holding was based on plaintiff's failure to present specific evidence that defendants were likely to violate plaintiff's trademark rights in the future); *Funai Elec. Co., Ltd. v. Daewoo Elec. Corp.,* 593 F. Supp.2d 1088 (N.D. Cal. 2009) (applying *Friends of the Earth* to permanent injunction in patent case, and stating "While cessation of unlawful conduct may render a request for injunctive relief moot, 'the reform of the defendant must be irrefutable and total.'").

Respectfully submitted,

April 14, 2011

_____/s/_____
David M. Young (VSB #35997)
Scott L. Robertson (*admitted pro hac vice*)
Jennifer A. Albert (*admitted pro hac vice*)
Counsel for Plaintiff *e*Plus Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231
mstrapp@goodwinprocter.com

Attorneys for Plaintiff *e*Plus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2011, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE A MODIFIED PROPOSED PERMANENT INJUNCTION ORDER**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

Daniel McDonald, *pro hac vice*
William D. Schultz, *pro hac vice*
Rachel C. Hughey, *pro hac vice*
Andrew Lagatta, *pro hac vice*
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: 612) 332-9081
lawsonservice@merchantgould.com
***Counsel for Defendant Lawson Software, Inc.***

Robert A. Angle, VSB#37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1238
(804) 698-5119 (Fax)
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

***Counsel for Defendant Lawson Software, Inc.***

_____/s/_____
David M. Young (VSB #35997)
Counsel for Plaintiff *e*Plus Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
dyoung@goodwinprocter.com