DABNEY J. CARR IV
804.697.1238 telephone
804.698.5119 facsimile
dabney.carr@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122 (23218-1122)
Richmond, Virginia 23219
804.697.1200 telephone
troutmansanders.com

April 7, 2011



**BY MESSENGER**

The Honorable Robert E. Payne
United States District Court for the
Eastern District of Virginia
Federal Courthouse - Room 3000
701 East Broad Street
Richmond, Virginia 23219

    Re:    ePlus, Inc. v. Lawson Software, Inc.
           Civil Action No. 3:09cv620

Dear Judge Payne:

During the injunction hearing held on April 4, 2011, the Court asked the parties whether Federal Circuit or Fourth Circuit law applies to Lawson's motion for stay, noting that the cases *Winter v. NRDC*, 129 S.Ct. 365 (2008) and *Real Truth About Obama v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009) may apply. While Lawson believes that Federal Circuit law governs this matter, under any standard, Lawson is entitled to a stay.

As a preliminary matter, Lawson does not believe that *Winter* and *Obama* are applicable to its stay motion. Those cases concerned non-patent preliminary injunction requests, not a temporary stay pending appeal. While each issue confronts similar equitable factors, a preliminary injunction is a much more drastic remedy, and thus more difficult to obtain. Indeed, the Court in *Winter* characterized a preliminary injunction as "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." 129 S.Ct. at 376.

Specific to this point, the Supreme Court has stated that an "injunction and a stay have typically been understood to serve different purposes. The former is a means by which a court tells someone what to do or not to do." *Nken v. Holder*, 129 S.Ct. 1749, 1757 (2009). "By contrast, instead of directing the conduct of a particular actor, a stay operates upon the judicial proceeding itself . . . by temporarily divesting an order of enforceability." *Id.* at 1758. A stay is both a "historic procedure for preserving rights during the pendency of an appeal" and also "a means of ensuring that appellate courts can responsibly fulfill their role in the judicial process." *Id.* at 1757 (internal citation omitted). In *Nken*, the Supreme Court was asked to determine whether the relief requested by the petitioner was a "stay" (with a more lenient test) or an

**TROUTMAN
SANDERS**

The Honorable Robert E. Payne
April 7, 2011
Page 2

injunction (with a more strict test),[1] and the Supreme Court held that the requested relief was a "stay." In doing so, the Court emphasized the difference between these forms of relief and, citing *Winter*, stated that while"[t]here is substantial overlap between [the stay factors] and the factors governing preliminary injunctions" this is "not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Id.* at 1761. Further, the Court noted that "the traditional stay factors contemplate individualized judgments in each case" and "the propriety of [a stay's] issuance is dependent upon the circumstances of the particular case." *Id.* at 1760-61. This is consistent with the sliding scale approach used in Federal Circuit precedent and the arguments previously made by Lawson. Dkt. 643 at 4-5.

Furthermore, after extensive legal research, it is Lawson's view that Federal Circuit law applies to Lawson's motion for a stay. While the Federal Circuit has not expressly stated that its law (as opposed to regional circuit law) applies to stay motions filed in the Federal Circuit, it has never turned to regional circuit law when discussing the standards for obtaining a stay. To the contrary, Federal Circuit cases consistently refer to the same test and often cite *Standard Havens Products, Inc. v. Gencor Industries*, 897 F.2d 511, 512 (1990) and *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987), the seminal Federal Circuit cases on stays. *See, e.g., August Tech. Corp. v. Camtek, Ltd.*, 395 Fed.App'x. (Fed. Cir. 2010); *Eon-Net, L.P. v. Flagstar Bancorp, Inc.*, 222 Fed.App'x. 970 (Fed. Cir. 2007). Moreover, when developing the Federal Circuit's law on stay motions, the Federal Circuit in *Standard Havens* actually turned to Ninth Circuit and Seventh Circuit law for guidance even though the applicable regional circuit was the Eighth Circuit, thus supporting the idea that Federal Circuit law, not regional circuit law applies to a stay motion in the Federal Circuit. *See* 897 F.2d at 513. In addition, with respect to stay motions filed in the Fourth Circuit, several district courts have applied Federal Circuit law to stays pending appeal. *See, e.g., Odetics v. Storage Tech. Corp.*, 14 F.Supp.2d 785, 797-798 (E.D.Va. 1998); *Wang Laboratories, Inc. v. Toshiba Corp.*, 1991 WL 333701, *1 (E.D.Va. 1991).

As the Federal Circuit has explained, whether its law or regional circuit law applies depends largely on whether the issue, though procedural, nonetheless "involv[es] substantive matters unique to the Federal Circuit." *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 858 (Fed Cir. 1991) (citing *Hybritech Inc. v. Abbot Labs.*, 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988); *Chrysler Motor Corp v. Auto Body Panels of Ohio, Inc.*, 908 F.2d 951, 953 (Fed. Cir. 1990)). Applying this test here supports the view that Federal Circuit law applies, as a stay motion deals with substantive matters unique to patent law, such as likelihood of success in the patent appeal and a balancing of harms related to patent enforcement. Additionally, this motion bears a relationship to the Federal Circuit's power of appellate review and application of Federal

---

[1] Note that under the vastly different facts in the *Nken* case, the applicable test for an injunction required a showing "by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law." 8 U.S.C. § 1252(f)(2). The Court considered this standard so high that it would render subsequent appellate review "redundant." *Nken*, 129 S.Ct. at 1760.

**TROUTMAN SANDERS**

The Honorable Robert E. Payne
April 7, 2011
Page 3

Circuit law would help promote uniformity in the review of patent cases, two other criteria the *Biodex* court noted favored application of Federal Circuit law. *Id.*

In summary, Lawson submits that Federal Circuit law, as set forth in its Memorandum in support of its Motion to Stay, Dkt. 643, should govern this Court's consideration of the motion to stay any injunction that may issue. If, however, this Court determines that *Winter* and *Obama* should be applied, Lawson is still entitled to a stay of any injunction because it has shown that all four factors militate in favor of a stay consistent with the *Obama* case. *See* Dkt. 643 at 5-26.

With kind regards, I am

Sincerely,

Dabney Carr

cc:   Counsel of Record - BY E-MAIL