# EXHIBIT D

1

```
1              IN THE UNITED STATES DISTRICT COURT

2            FOR THE EASTERN DISTRICT OF VIRGINIA

3                      RICHMOND DIVISION

4

5    -----------------------------------
                                       :
6    ePLUS, INC.                       :    Civil Action No.
                                       :    3:09CV620
7    vs.                               :
                                       :
8    LAWSON SOFTWARE, INC.             :    July 28, 2010
                                       :
9    -----------------------------------

10

11       COMPLETE TRANSCRIPT OF THE MOTIONS HEARING

12         BEFORE THE HONORABLE ROBERT E. PAYNE

13            UNITED STATES DISTRICT JUDGE

14
     APPEARANCES:
15
     Scott L. Robertson, Esquire
16   Michael G. Strapp, Esquire
     Jennifer A. Albert, Esquire
17   Goodwin Procter, LLP
     901 New York Avenue NW
18   Suite 900
     Washington, D.C.  20001
19
     Craig T. Merritt, Esquire
20   Christian & Barton, LLP
     909 East Main Street
21   Suite 1200
     Richmond, Virginia  23219-3095
22   Counsel for the plaintiff

23

24            Peppy Peterson, RPR
              Official Court Reporter
25           United States District Court
```

2

```
1    APPEARANCES:  (cont'g)

2    Dabney J. Carr, IV, Esquire
     Troutman Sanders, LLP
3    1001 Haxall Point
     Richmond, Virginia  23219

4

     Daniel W. McDonald, Esquire
5    Kirstin L. Stoll-DeBell, Esquire
     Merchant & Gould, PC
6    80 South Eighth Street
     Suite 3200
7    Minneapolis, Minnesota  55402
     Counsel for the defendant

8

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

3

| | 1 | P R O C E E D I N G S |
|---|---|---|
| 00:22:38 | 2 | |
| 00:22:39 | 3 | THE CLERK:  Civil action number 3:09CV00620, ePlus, |
| 00:22:55 | 4 | Inc., versus Lawson Software, Inc.  Will counsel please state |
| 00:29:23 | 5 | their names for the record and identify the parties they |
| 00:29:26 | 6 | represent. |
| 00:29:30 | 7 | MR. MERRITT:  Greg Merritt, Christian & Barton, for |
| 00:29:33 | 8 | ePlus. |
| 00:29:35 | 9 | MR. ROBERTSON:  Scott Robertson, Goodwin Procter |
| 00:29:36 | 10 | firm.  With me are my partners. |
| 00:29:41 | 11 | MR. STRAPP:  Michael Strapp. |
| 00:29:43 | 12 | MS. ALBERT:  Jennifer Albert. |
| 00:29:47 | 13 | MR. CARR:  Dabney Carr, Troutman Sanders, for Lawson |
| 00:29:50 | 14 | Software. |
| 00:29:51 | 15 | MR. McDONALD:  Good morning, Your Honor.  Dan |
| 00:29:53 | 16 | McDonald, Merchant & Gould, representing Lawson Software, and |
| 00:29:57 | 17 | with me today, I'd like to introduce Kirstin Stoll-DeBell, also |
| 00:30:02 | 18 | with Merchant & Gould, also representing Lawson Software. |
| 00:30:07 | 19 | MS. STOLL-DeBELL:  Good morning. |
| 00:30:09 | 20 | THE COURT:  Morning.  I always think it's a good idea |
| 00:30:49 | 21 | to throw counsel a curve ball.  I always enjoyed it so much |
| 00:30:58 | 22 | when judges did it to me. |
| 00:30:59 | 23 | I've decided, upon further reflection, that I would |
| 00:31:02 | 24 | like to hear your views on the damages issue reflected in |
| 00:31:08 | 25 | Lawson's -- what is it, motion in limine number one?  Is that |

4

| | 1 | what it is? |
|---|---|---|
| 00:31:19 | 1 | what it is? |
| 00:31:19 | 2 | MR. McDONALD:  That's one of them, Your Honor. |
| 00:31:20 | 3 | There's one, two, and three all related to the damages issue. |
| 00:31:25 | 4 | THE COURT:  I mean the settlement. |
| 00:31:27 | 5 | MR. McDONALD:  That's where you want to start? |
| 00:31:30 | 6 | THE COURT:  No, we'll start with the motion for |
| 00:31:32 | 7 | summary judgment, but I would like somebody to -- I'd like for |
| 00:31:36 | 8 | you to address that.  I don't want a lot of -- we don't have a |
| 00:31:41 | 9 | lot of time to do this, and we've got a lot to do, so get right |
| 00:31:44 | 10 | to the point.  All right, the motion for summary judgment on |
| 00:31:48 | 11 | the written description. |
| 00:31:51 | 12 | MR. McDONALD:  Thank you, Your Honor.  May it please |
| 00:31:55 | 13 | the Court, I have some binders with PowerPoint slides I'd like |
| 00:31:59 | 14 | to hand up. |
| 00:31:59 | 15 | THE COURT:  Is that a question of law or fact? |
| 00:32:01 | 16 | MR. McDONALD:  It's a question of fact, but the facts |
| 00:32:04 | 17 | are undisputed.  Can I hand up the binders? |
| 00:32:25 | 18 | THE COURT:  I'm sorry, it's in paragraph four of what |
| 00:32:29 | 19 | is to be argued. |
| 00:32:30 | 20 | MR. McDONALD:  That was just a fast ball, not a curve |
| 00:32:34 | 21 | ball. |
| 00:32:35 | 22 | THE COURT:  I don't know.  Maybe that was a slider. |
| 00:32:38 | 23 | All right. |
| 00:32:40 | 24 | MR. McDONALD:  Is the PowerPoint visible on the |
| 00:32:44 | 25 | screen right now for Your Honor? |

181

| | | |
|---|---|---|
| 06:51:11 | 1 | because you said it doesn't have anything to do with |
| 06:51:14 | 2 | pre-filing.  On the willful infringement issue, that's the only |
| 06:51:17 | 3 | issue it's relevant to; right? |
| 06:51:19 | 4 | MS. STOLL-DeBELL:  Post-filing. |
| 06:51:20 | 5 | THE COURT:  Okay.  Now, how does it play out |
| 06:51:21 | 6 | post-filing?  Tell me about that. |
| 06:51:23 | 7 | MS. STOLL-DeBELL:  There is going to be evidence of |
| 06:51:25 | 8 | when they say Lawson started infringing these patents.  They |
| 06:51:28 | 9 | have to put it on for their damages case, and we're talking |
| 06:51:31 | 10 | about which version they say infringed and when they say Lawson |
| 06:51:35 | 11 | started infringing. |
| 06:51:36 | 12 | So those are going to be facts that come into the |
| 06:51:39 | 13 | case.  So the jury will hear about that, and it will be a fact |
| 06:51:43 | 14 | that these prior versions, anything before 8.0.3, does not |
| 06:51:48 | 15 | infringe.  And we will have witnesses -- |
| 06:51:51 | 16 | THE COURT:  They're not going to prove that.  They're |
| 06:51:54 | 17 | not going to offer that evidence -- are you, Mr. Robertson?  He |
| 06:51:58 | 18 | said he wasn't. |
| 06:51:58 | 19 | MR. ROBERTSON:  No.  I'm going to prove that 8.0.3 |
| 06:52:02 | 20 | and subsequent versions infringe. |
| 06:52:04 | 21 | THE COURT:  But you're not going to say, in doing |
| 06:52:06 | 22 | that, earlier versions they had didn't infringe.  That's not |
| 06:52:10 | 23 | going to be part of your case. |
| 06:52:11 | 24 | MR. ROBERTSON:  Not going to be part of my case. |
| 06:52:13 | 25 | THE COURT:  So now it comes in, you say, to deal with |

182

| | | |
|---|---|---|
| 06:52:18 | 1 | -- when it comes in as part of your case. |
| 06:52:21 | 2 | MS. STOLL-DeBELL:  Well, yeah.  I mean, at a minimum, |
| 06:52:23 | 3 | it's part of our cross-examination of Dr. Weaver, that he is |
| 06:52:26 | 4 | not asserting that these prior versions infringed, and he is |
| 06:52:30 | 5 | asserting -- |
| 06:52:30 | 6 | THE COURT:  I'm going to tell you what that's going |
| 06:52:32 | 7 | to come up with.  That's going to come up with what you call an |
| 06:52:35 | 8 | objection, and it's going to be sustained most likely.  You've |
| 06:52:43 | 9 | got to realize that you've got to try cases in the order that |
| 06:52:46 | 10 | the issues are presented. |
| 06:52:47 | 11 | Now, this is something that you need to raise, so the |
| 06:52:50 | 12 | question is, can you put in evidence probative of your state of |
| 06:52:56 | 13 | mind that when you got the lawsuit, you didn't think you were |
| 06:53:01 | 14 | infringing with the new 8.0.3 because it was just like all the |
| 06:53:08 | 15 | others and they didn't infringe. |
| 06:53:10 | 16 | MS. STOLL-DeBELL:  Yes. |
| 06:53:14 | 17 | THE COURT:  So you have to then, you say, offer proof |
| 06:53:18 | 18 | that those earlier ones didn't infringe in order to be able to |
| 06:53:21 | 19 | make that argument; right? |
| 06:53:23 | 20 | MS. STOLL-DeBELL:  Right, but I think it's all tied |
| 06:53:25 | 21 | in to we don't think any of it infringes because it's all the |
| 06:53:29 | 22 | same thing.  So it's -- you know, we don't think any of them |
| 06:53:34 | 23 | had catalogs. |
| 06:53:35 | 24 | THE COURT:  What you're doing is thinking without |
| 06:53:37 | 25 | putting it in context of a piece of litigation.  You're |

183

| | | |
|---|---|---|
| 06:53:43 | 1 | thinking the thing through as if logic dictated that these |
| 06:53:49 | 2 | things follow one unto the other.  That isn't exactly how the |
| 06:53:53 | 3 | trial of the case works.  We're looking at whether or not it's |
| 06:53:58 | 4 | probative in your case.  All right.  Anything else that you |
| 06:54:03 | 5 | wish to say on any of these things? |
| 06:54:06 | 6 | MS. STOLL-DeBELL:  I don't think so, Your Honor. |
| 06:54:08 | 7 | THE COURT:  Okay. |
| 06:54:10 | 8 | MR. ROBERTSON:  One point on that last issue, Your |
| 06:54:13 | 9 | Honor. |
| 06:54:14 | 10 | THE COURT:  Yes, since you have the burden on the |
| 06:54:15 | 11 | motion. |
| 06:54:17 | 12 | MR. ROBERTSON:  If it's all the same and 8.0.3 |
| 06:54:20 | 13 | doesn't infringe, they don't willfully infringe, what's the |
| 06:54:23 | 14 | relevance of 5.0 and 6.0? |
| 06:54:26 | 15 | THE COURT:  Because they looked at 5.0 and 6.0 which |
| 06:54:31 | 16 | you didn't accuse of infringing, so they didn't think they were |
| 06:54:34 | 17 | infringing, and they thought you were all wet. |
| 06:54:37 | 18 | MR. ROBERTSON:  If it hasn't changed, what they're |
| 06:54:39 | 19 | saying is then it's invalidated because it predates the |
| 06:54:41 | 20 | patents.  If they're not infringing now, they're not willfully |
| 06:54:44 | 21 | infringing, it makes the relevance of 5.0 and 6.0 that they |
| 06:54:48 | 22 | didn't infringe even earlier pre-attenuated and marginal in my |
| 06:54:53 | 23 | view.  Thank you. |
| 06:54:57 | 24 | THE COURT:  This motion is going to be granted.  This |
| 06:55:02 | 25 | report goes somewhat considerably off the reservation |

184

| | | |
|---|---|---|
| 06:55:11 | 1 | established by the previous orders of the Court beginning with |
| 06:55:20 | 2 | the requirements that contentions, invalidity contentions be |
| 06:55:25 | 3 | stated at a certain time, and then Lawson was given a second |
| 06:55:33 | 4 | bite at the apple and told to restate them, and those orders |
| 06:55:38 | 5 | were put in place in order that everybody would know how the |
| 06:55:43 | 6 | discovery was to proceed, what were the contentions, what are |
| 06:55:49 | 7 | the contentions, what do we then direct the discovery to. |
| 06:55:54 | 8 | They are not just pro forma requirements of throwing |
| 06:55:58 | 9 | up pieces of paper into the file that contain something about |
| 06:56:03 | 10 | invalidity.  They shape -- they are the skeleton of the case to |
| 06:56:08 | 11 | which the flesh and muscles and viscera are attached by |
| 06:56:14 | 12 | discovery, and they mean something. |
| 06:56:21 | 13 | To the extent that Dr. Shamos's report talks about |
| 06:56:29 | 14 | infringement issues -- I mean invalidity issues or infringement |
| 06:56:34 | 15 | issues beyond what was disclosed, that evidence cannot be |
| 06:56:46 | 16 | brought in.  It just simply can't. |
| 06:56:49 | 17 | When the validity contentions were filed in the |
| 06:56:54 | 18 | second supplement on the issue of anticipation, it was said |
| 06:56:58 | 19 | there were 14 claims that were infringed -- I mean anticipated. |
| 06:57:07 | 20 | J-Con had one.  Gateway was three claims.  PO Writer was seven |
| 06:57:15 | 21 | claims anticipated, and 542, King 542 anticipated three. |
| 06:57:24 | 22 | Dr. Shamos says for the first three, J-Con, Gateway, |
| 06:57:29 | 23 | and PO Writer, there were 13 each, and for King 542 there were |
| 06:57:34 | 24 | 11, there were 50.  He can't testify to anything but to the 14. |
| 06:57:40 | 25 | That's been clear from the beginning. |

253

| | | |
|---|---|---|
| 09:06:03 | 1 | but at least it is irrelevant as to the method -- I mean as to |
| 09:06:08 | 2 | the apparatus even in the acknowledgment of the defendant, and |
| 09:06:13 | 3 | it is -- it is not cumulative evidence, it being the only |
| 09:06:19 | 4 | actual system that shows the RQ in operation in the hands of |
| 09:06:25 | 5 | the customer, and the prejudicial aspect, I think, that would |
| 09:06:28 | 6 | arise from the missteps that the woman made can be cured by |
| 09:06:34 | 7 | just letting the jury see the videotape and see how it works. |
| 09:06:39 | 8 | But I'm going to instruct you both to review it carefully, and |
| 09:06:43 | 9 | if what we've got is a comedy of errors, it's not going to come |
| 09:06:47 | 10 | in because that's wasteful of the jury's time.  So the motion |
| 09:06:52 | 11 | will be provisionally denied. |
| 09:06:59 | 12 | That leaves me with a few things to do; is that |
| 09:07:02 | 13 | right?  We don't have any more motions to argue; is that right? |
| 09:07:07 | 14 | MR. McDONALD:  That's correct, Your Honor.  Your |
| 09:07:09 | 15 | Honor, I wonder if I would have leave because I have a |
| 09:07:12 | 16 | seven o'clock flight. |
| 09:07:13 | 17 | THE COURT:  Hit the road. |
| 09:07:15 | 18 | MR. McDONALD:  Thank you. |
| 09:07:17 | 19 | THE COURT:  You are cutting it close as it is. |
| 09:07:19 | 20 | MR. McDONALD:  I agree.  Thank you, Your Honor. |
| 09:07:24 | 21 | THE COURT:  All right, Mr. McDonald is gone, but |
| 09:07:27 | 22 | we're going to go.  You all have a time to talk with Judge |
| 09:07:35 | 23 | Dohnal? |
| 09:07:35 | 24 | MR. ROBERTSON:  August 19th. |
| 09:07:36 | 25 | MR. CARR:  Correct, Your Honor. |

254

| | | |
|---|---|---|
| 09:07:38 | 1 | THE COURT:  August 19th.  Both of you have some |
| 09:07:42 | 2 | problems in the case, folks, problems that warrant a serious |
| 09:07:47 | 3 | look at whether you're going to settle it or not, and I will |
| 09:07:53 | 4 | say -- I wasn't saying this for settlement purposes.  I |
| 09:07:58 | 5 | genuinely believe that your damages case takes a hit for the |
| 09:08:03 | 6 | reasons that I expressed, and I wasn't trying to communicate |
| 09:08:06 | 7 | that for purposes of inviting you all to settle, but whereas |
| 09:08:12 | 8 | here you have liability problems, and you might make sure you |
| 09:08:16 | 9 | communicate this to Mr. McDonald, and you do, I think, have |
| 09:08:20 | 10 | some liability problems, and they have damage problems. |
| 09:08:24 | 11 | That usually provides a reasonably efficacious way in |
| 09:08:29 | 12 | which to try to reach an accommodation that businesspeople can |
| 09:08:33 | 13 | live with.  All right?  Thank you.  We will be in adjournment. |
| | 14 | |
| | 15 | (End of proceedings.) |
| | 16 | |
| | 17 | |
| | 18 | I certify that the foregoing is a correct transcript |
| | 19 | from the record of proceedings in the above-entitled matter. |
| | 20 | |
| | 21 | |
| | 22 | _____/s/_____          _____ |
| | | P. E. Peterson, RPR          Date |
| | 23 | |
| | 24 | |
| | 25 | |