# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | dmcdonald@merchantgould.com
612.336-4637

June 2, 2011

The Honorable Robert E. Payne
United States District Court for the
Eastern District of Virginia
Federal Courthouse – Room 3000
701 East Broad Street
Richmond, VA 23219

      Re:    ePlus, Inc. v. Lawson Software, Inc
             Civil Action No. 3:09cv620

Dear Judge Payne:

      This is in response to ePlus's letter to the Court dated June 1, 2011 regarding Lawson's notice to customers of the Court's Injunction Order and Lawson's new product called Requisition Center (RQC).

      The letter from Lawson to its customers enclosed with ePlus's letter demonstrates that Lawson is in compliance with the letter and spirit of the Court's Injunction Order. That Order required Lawson to "notify all customers who have purchased all or any of the Infringing Products and Services of the terms of this Order, and to provide said customers with a copy of this Order." ePlus does not dispute that this communication meets the requirements of the Court's Order. In addition to providing a copy of the Injunction Order, Lawson in plain and blunt terms explained to customers that the Order means:

      Lawson must immediately and permanently stop selling and servicing:

- S3 solutions used in conjunction with RSS
- The M3 e-Procurement System (USA only)

      Moreover, the communication not only identifies the RQC product as a replacement, but states, "we urge you to undertake this [replacement] process as quickly as possible and in this letter we explain how exactly you can make this happen."

The Honorable Robert E. Payne
June 2, 2011
Page 2

This communication respects the Injunction and casts no aspersions on the Court. While the communication indicates Lawson will appeal, that is Lawson's right. Indeed, this Court's memorandum in support of its denial of Lawson's request for a stay noted that ePlus indicated that it will challenge the Patent and Trademark Office's affirmance of the final rejection of the claims 26-45 of the '683 patent. Just as it is appropriate to discuss challenging the Patent Office's decision, Lawson's may properly indicate its intent to appeal.

Much of the communication was necessitated by ePlus's press release. ePlus's press release stated that the injunction "applies to configurations of several Lawson products, including Lawson Procurement, Requisitions Self Service, Procurement Punchout, EDI, Lawson System Foundation, and Process Flow." Whether or not the choice of words was deliberately confusing, the fact is that some Lawson customers who saw this release got the impression that even non-procurement products were enjoined by the Court's Order because they work with Lawson System Foundation. Lawson received dozens of calls from investors and customers after ePlus issued its press release, many of which demonstrated that ePlus's press release confused rather than informed the public about the terms of the Court's injunction. Lawson has every right to accurately inform its own customers of the rest of the story, especially in view of the confusion ePlus has caused.

With respect to the RQC product, as ePlus acknowledges, on May 6, 2011 Lawson disclosed that it was in the process of testing that product as a replacement for the RSS product, which it was decommissioning. In that letter, I invited Mr. Robertson to contact me at his earliest convenience to discuss the matter. It is now nearly four weeks later, and Mr. Robertson has yet to take me up that offer. He has requested no information from Lawson about the RQC product.

Under these circumstances, it is inappropriate and completely baseless for Mr. Robertson to assert that the RQC product has merely "cosmetic" changes and use inflammatory language implying that the product may be a "fraud on the Court." My seven-page letter regarding the RQC product explained that RQC not only removes the shopping cart, but also its "associated structure and functionality." Mr. Robertson has absolutely no information contrary to this representation, and thus no basis to even infer that the change is merely cosmetic. While we believe that the detailed letter I provided about RQC is indeed "hard evidence" as to the nature of that design around, the fact is that Mr. Robertson has never requested any additional information, and thus is in no position to complain about the inadequacy of the information presented.

Mr. Robertson also asserts that the RQC product was "apparently developed in an unprecedented few weeks." Again, there is no factual basis for this representation by Mr. Robertson to the Court. He has never inquired when the development effort began on the RQC product. The fact is that Lawson began this effort months ago, not weeks.

The Honorable Robert E. Payne
June 2, 2011
Page 3

    My invitation to Mr. Robertson to contact me to discuss the RQC product remains open. Mr. Robertson's letter to the Court suggests that he will finally be taking me up on this offer, extended four weeks ago. We are hopeful that through the process of direct communication between counsel, we will demonstrate that the RQC product is indeed significantly different from the RSS product and eliminates at least one feature ePlus relied upon to show infringement.

    Many employees in many departments throughout Lawson have worked hundreds of hours both to prepare for the possibility of an injunction, and to ensure Lawson is acting in compliance with the Injunction as entered. Lawson will continue to diligently act to ensure compliance. We also extend an open invitation to ePlus to inform us if they are aware of any possible violations of the Court's Injunction, with the assurance that we will take immediate action once any such information is brought to our attention. Despite its apparent access to Lawson customers, ePlus has brought no such issues to our attention.

                                           Respectfully submitted,

                                           */s/ Daniel W. McDonald*
                                           Daniel W. McDonald

DWM/vh

cc: Scott Robertson