IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |
|---|---|
| *e*PLUS INC., | ) |
|       Plaintiff, | ) ) ) Civil Action No. 3:09-CV-620 (REP) |
| v. | ) ) ) |
| LAWSON SOFTWARE, INC., | ) ) |
|       Defendant. | ) ) |

DECLARATION OF JENNIFER A. ALBERT IN
SUPPORT OF PLAINTIFF ePLUS INC.'S
BILL OF COSTS PURSUANT TO 28 U.S.C. § 1920
FED. R. CIV. P. 54(d)(1), AND LOCAL RULE 54(D)(1)

I, Jennifer Albert, hereby declare as follows:

1. I am a partner with the law firm of Goodwin Procter, LLP, counsel for Plaintiff ePlus, Inc. ("ePlus") in this litigation. I submit this declaration in support of ePlus, Inc.'s Bill of Costs Pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and this Court's Local Rule 54(D)(1). I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently hereto.

2. Rule 54(d)(1) of the Federal Rules of Civil Procedure states that, following adjudication, "costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." For purposes of Rule 54(d), a "prevailing party" is "the party who prevails 'as to the substantial part of the litigation.'" *Rice Services, Ltd. v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005) (applying *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept of Health &*

*Human Res.,* 532 U.S. 598 (2001)); *Samsung Elec. Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 508 (E.D. Va. 2006).

3.   On January 27, 2011, the jury unanimously found that Lawson Software, Inc. ("Lawson") infringed five claims of two ePlus patents relating to electronic procurement systems. (*See* Dkt. 600.) The jury also determined that all ePlus patent claims tried in court were valid. *Id.*

4.   On May 23, 2011, this Court entered a permanent injunction order (Dkt. 729) requiring Lawson to immediately stop selling and servicing certain configurations of systems that infringe the five claims of ePlus's '683 and '172 Patents.

5.   On May 25, 2011, this Court entered its judgment (Dkt. 736) in favor of ePlus and against Lawson for infringement of the '683 and '172 Patents, and further, that Lawson failed to prove the ePlus patents-in-suit were invalid.

6.   ePlus has achieved at least some of the benefits sought in bringing suit, *i.e.*, a judgment of infringement, no invalidity, and a permanent injunction against Lawson. *Jop v. City of Hampton*, 163 F.R.D. 486 (E.D. Va 1995). Accordingly, ePlus is the "prevailing party" and, pursuant to Rule 54(d), ePlus now seeks recovery of the costs it incurred in successfully litigating this case.

7.   The amounts which ePlus claims here and to which it is entitled under Rule 54(d) and 28 U.S.C. § 1920 are summarized as follows:

LIBW/1783519.1

| Fees of the Clerk | 900.00 |
|---|---|
| Fees of the Court Reporter<br>• Transcripts of Court Hearings<br>• Deposition Transcripts and Videotapes<br>• Court Reporter and Videographer Fees | 62,147.04 |
| Fees for Witnesses | 10,985.80 |
| Fees for Exemplification, Copies and Printing of Papers Necessarily Obtained for Use in this Case | 107,772.33 |
| **TOTAL** | 181,805.17 |

8.   These categories of costs are discussed individually below. For each category, an itemized summary of the costs incurred has been attached as Exhibits A-F. Copies of invoices paid by ePlus are also attached where appropriate.

9.   The above list of costs is by no means exhaustive of all expenses incurred by ePlus in prosecuting this complex patent action and which are taxable against Lawson under 28 U.S.C. § 1920. Rather, ePlus has claimed only those items to which it is entitled under the law, and for which expenses could be ascertained with reasonable certainty. As set forth herein, in many instances ePlus's request is for substantially less than the costs it actually incurred in this litigation.

10.   Pursuant to 28 U.S.C.§ 1920, I, or persons under my supervision, have reviewed each item claimed in this Bill of Costs, and determined that each such item is correct and has been necessarily incurred in this case.

### FEES OF THE CLERK

**Filing Fee and *Pro Hac Vice* Fees**

11.   The first subdivision of 28 U.S.C. § 1920 permits taxation of the "[f]ees of the clerk and marshal." The clerk's fees are established by 28 U.S.C. § 1914, which permits the clerk to charge a filing fee in every civil action to collect other fees as authorized by the Judicial Conference of the United States. As shown in Exhibit A, ePlus paid a $350.00 fee to the Clerk to

3

file the Complaint in this action, and $550.00 in fees to the Clerk for filing Motions for Admission *Pro Hac Vice*. Accordingly, ePlus requests an award of $900.00 as fees paid to the Clerk.

## FEES OF THE COURT REPORTER

### Transcripts of Court Hearings

12. Title 28 U.S.C. § 1920(2) authorizes the Court to tax the costs of "stenographic transcript[s] necessarily obtained for use in the case." *See, e.g., Principe v. McDonald's Corp.*, 95 F.R.D. 34 (E.D. Va. 1982); *Marcoin, Inc. v. Edwin K. Williams & Co., Inc.*, 88 F.R.D. 588 (E.D. Va. 1980). Section 1920(2) is not restricted to transcription of the entire record, but applies to "any part" of the transcript necessary in the case. The statute therefore permits an award of costs for transcription of pretrial or post-trial proceedings. In addition, some parties seek daily transcripts in order to carefully review the previous day's proceedings. The fees associated with those daily transcripts may be taxed as costs under § 1920(2). *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (affirming award of costs for daily transcript, because district court expressly found it necessary to defendant's case).

13. As detailed in Exhibit B, ePlus paid $20,743.94 to obtain stenographic transcripts of proceedings before the Court, including pre- and post-trial hearings and teleconferences. Accordingly, ePlus requests an award of $20,743.94 for stenographic transcripts necessarily obtained for use in the case.

### Deposition Transcripts and Certain Videotapes

14. Although 28 U.S.C. § 1920 does not expressly mention the expenses incurred in taking depositions, subsection (5) does permit the reimbursement of docket fees paid under § 1923. Aside from this nominal cost, § 1920 also contains several provisions for the recovery of

costs that, alone or in conjunction, have been interpreted to permit the awarding of the routine expenses incurred in taking depositions.

15. If the deposition was actually used in the case, the necessity of taking it is established by that use, whether the deposition is offered into evidence at trial or is merely used in pretrial proceedings, such as on a motion to dismiss or for summary judgment. *See Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985) (six depositions that were read into record were thus admitted into evidence, even if portions of only two were read to jury, so district court erred in failing to tax costs for all six depositions); *see also West Wind Africa Line v. Corpus Christi Marine Servs.*, 834 F.2d 1232, 1237-1238 (5th Cir. 1988) (expenses incurred in taking depositions that were made or were expected to be a part of trial record could be reimbursed as costs), *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1242-1244 (7th Cir. 1985) (deposition of plaintiff used to prove defendant's limitations defense was reimbursable as costs because it was otherwise reasonably necessary for use in the case).

16. The deposition transcripts and videos identified in Exhibit C were reasonably necessary to prove ePlus's claims and defenses.

17. First, the deposition videos of Messrs. Frank and Matias and Mesdames Oliver, McEneny, and O'Loughlin were played to the jury during trial, and were thus admitted into evidence. Accordingly, the cost of their deposition transcripts and videotapes are properly taxed.

18. Second, the deposition transcripts of those witnesses that that were called live at trial or who were listed on ePlus's Witness List or Lawson's Witness List (Dkt. 387/391) are also properly taxed. These include the transcripts for: Messrs. Schriesheim, Hager, Christopherson, Lohkamp, Billgren, White, Tolkmit, Kinross, Yuhasz, Dooner, Irwin, Gounaris, Jacobs, Ramos, Lawson, Hvass, O'Connell, Shamos, Green, Momyer, Johnson, Farber, Wissing, Farber,

Mencarini, Tabachnick, Mangum, Niemeyer, Hilliard, and Weaver, and Mesdames Williams, Cimino, Raleigh, and Eng.

19. Third, the transcripts for depositions that appeared to be reasonably necessary at the time they were taken are also properly taxed, including the transcripts for Messrs. Grout, Pinkerton, Lipscomb, and Manbeck. *See LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) (district court should have awarded costs of deposition if it appeared reasonably necessary when taken, even though defendant was granted directed verdict and therefore did not use deposition at trial); *Jop*, 163 F.R.D. 486.

20. In every deposition identified in Exhibit C, ePlus was charged by court reporters and videographers for expedited delivery of transcripts and videos, as well as additional costs for real-time transcription, rough drafts, scanning of exhibits and other fees (*see* Exh. C, 1 at Col. E titled "Invoice Amount"). ePlus also paid additional statutory Third Party Attendance fees in certain instances (Exh. C, 1 at Col. G titled "Third Party Attendance Fee"). From the total "Invoice Amount" paid by ePlus (plus any "Third Party Attendance Fee" paid by ePlus, as appropriate), *ePlus subtracted all costs for real-time transcription, rough drafts, scanning of exhibits and other fees to arrive at an "Adjusted Rate,"* (*see* Exh. C, 1 at Col. H titled "Adjusted Rate"). From that "Adjusted Rate," *ePlus further subtracted the costs for expedited delivery of transcripts to arrive at a significantly lower "Adjusted Standard (Not Expedited) Rate,"* (*see* Exh. C, 1 at Col. I titled "Adjusted (Not Expedited) Rate"). *It is this significantly lower cost that ePlus requests be taxed*.

21. ePlus also claims the costs of videotaping a small number of depositions where videotaping was necessary. First, the videotaped depositions of Messrs. Frank and Matias and Mesdames Oliver, McEneny, and O'Loughlin were played for the jury at trial, and thus,

6

videotaping their depositions was required to preserve their testimony and effectively present it to the jury. Second, it was necessary to videotape the depositions of Messrs. Christopherson, White, Yuhasz, and Dooner, and Ms. Cimino, because during their depositions they performed live demonstrations of, for example, the accused software. Such demonstrations could not adequately be captured by stenography alone. Accordingly, ePlus requests that the cost of videotaping these few depositions be taxed.

22. Accordingly, pursuant to 28 U.S.C. § 1920(2), ePlus claims $63,047.04 as the costs of transcripts of court hearings, deposition transcripts, videotapes of depositions and court reporter and videographer fees in this case. *See* Exhibits A-C.

## FEES AND WITNESSES

23. The fees to which witnesses are entitled are set forth in 28 U.S.C. § 1821, which provides for a daily attendance fee, travel expenses, and, in some circumstances, a subsistence allowance. Fed. R. Civ. P. 45(b)(1) (witness compelled to appear by subpoena must be advanced first day's attendance fee and mileage allowance upon service of subpoena). Any and all of these fees are properly taxable as costs under § 1920(3) and Rule 54(d)(1). *See, e.g., Salinas v. Rodriguez*, 963 F.2d 791, 795 (5th Cir. 1992) (district court erred in summarily denying all fees for expert witnesses, because fees paid to witnesses under § 1821 are recoverable as costs).

24. Pursuant to Local Rule 54 (D)(1), witness attendance fees, travel, and subsistence fees are properly taxed. Such witness fees are identified in detail in Exhibit D for ePlus witnesses Messrs. Farber, Hilliard, Johnson, Kinross, Momyer, and Niemeyer (and also itemized in an attachments to the reverse of the AO 133 Bill of Costs Form).

25. The permissible cost paid by ePlus for each witness to travel from their residence by common carrier is detailed in Exh. D, 1 at Col. D titled "Actual Amount."

26.  The actual total amount paid by ePlus for lodging for each of these witnesses is identified in Col. E titled "Actual Lodging Cost." However, ***ePlus has applied the Per Diem rate set by the General Services Administration rather than the actual cost incurred.*** This Per Diem Rate at the time of the trial was $114.00/night for lodging in Richmond, Virginia (*see* Col. G titled "Per Diem (per night)"). This cost is substantially lower than the actual cost paid by ePlus. ePlus derived the taxable lodging cost by multiplying the number of nights of lodging for each witness by the Per Diem Rate. The resulting lodging costs based on the Per Diem Rate are identified in Col. H titled "Total Lodging Per Diem."

27.  Similarly, ePlus requests an award of subsistence costs for Messrs. Farber, Hilliard, Johnson, Kinross, Momyer, and Niemeyer. Like the lodging costs, these subsistence costs were arrived at multiplying the Per Diem Rate set by the General Services Administration for "Meals & Incidentals" times the number of days each witness was at trial. As shown in Col. I and Col. J, the Per Diem Rate is $66.00 per day, and $49.50 for the first and last day of the relevant time period. The resulting costs for meals and incidentals based on the Per Diem Rate for each witness are identified in Col. K titled "Total Meals & Incidentals Per Diem."

28.  Accordingly, ePlus claims $ 10,985.80 as the costs of witness fees, travel, and subsistence in this case. *See* Exhibits D.

### FEES FOR EXEMPLIFICATION, COPIES AND PRINTING OF PAPERS NECESSARILY OBTAINED FOR USE IN THE CASE

29.  Under 28 U.S.C. §§ 1920(3) and (4), ePlus may claim costs for printing and photocopying expenses for copies of documents necessarily obtained for use in the case. *Board of Directors, Water's Edge v. Anden Group*, 135 F.R.D. 129 (E.D. Va. 1991); *Sun Publishing Co., Inc. v. Mecklenberg News, Inc.*, 594 F. Supp. 1512 (E.D. Va. 1984). The Court may award photocopying costs attributable to necessarily obtained copies of discovery documents, pleadings

LIBW/1783519.1

filed with the Court and opposing counsel, deposition exhibits and other documents necessary for the case. *Adkins v. Crown Auto*, 2006 WL 2563028 (W.D. Va. 2005).

30. ePlus thus claims the costs of photocopying performed in connection with the following necessary activities: filing motions, memoranda in support, appendices to motions, and other pleadings; and preparing trial and hearing exhibits.

31. Over the course of this litigation copies were made by outside vendors at reasonable rates. The itemization of the copying costs (as derived from the invoices of the outside vendors paid by ePlus) are detailed in Exhibit E.

32. In Exhibit E at page 1 in Col. A, the specific item copied is identified by name. The total number of sets requested to be copied is identified in Col. B titled "Total Actual Sets." The actual amount paid for the copies by ePlus is identified in Col. E titled "Actual Invoice Amount."

33. In many instances, ePlus requested outside vendors to prepare two sets of the identified documents for the Court (as required), one set for the Clerk (as required), one set for opposing counsel, and additional copies for ePlus. Because only the reasonable cost of documentary exhibits (and the provision of additional copies for the Court and opposing parties) is taxable, in Exh. E ***ePlus subtracted all additional sets from the invoice amount to arrive at the properly taxable amount***. The amount of sets created for the Court, the Clerk, and opposing counsel is identified in Col. F as "Taxable Sets". Proportionally reducing the Total Invoice Amount paid by ePlus in light of the smaller number of "Taxable Sets" results in a substantially lower "Taxable Amount" than the amount actually paid by ePlus, as shown in Col. G. Therefore, ***the number of copies has been conservatively estimated in an effort to fairly eliminate any***

*non-recoverable costs associated with extra copies of exhibits, correspondence and pleadings made for the convenience of attorneys*.

34. Additionally, as permitted by 28 USC 1920(4), the reasonable cost of copies of papers necessarily obtained from third-party records custodian Robert Wood Johnson Hospital is included at Exh. E, 1 at Rows 37-38.

35. Accordingly, ePlus claims $82,470.72 as the costs of printing and photocopying documents necessarily obtained for use in the case, and those provided to the Court, the Clerk, and opposing counsel. *See* Exhibits E.

36. Additionally, as permitted by Section 1920(4), ePlus's actual costs for copying and endorsing ePlus documents requested by Lawson during discovery is identified in Exhibit F. Section 1920(4) permits an award of costs for "exemplification and copies of papers necessarily obtained for use in the case." This language obviously includes necessary printing, *see, e.g., Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1367 (7th Cir. 1990) (affirming award of photocopying costs). Accordingly, ePlus thus claims $25,301.61 as its fees for exemplification of ePlus documents required to be provided to Lawson in this case. *See* Exhibit F.

37. ePlus believes that all of these copies were reasonable in view of the volume of documents produced in discovery, the filing of papers necessary to support or oppose various motions filed with the Court, and exhibits prepared for trial.

## TOTAL COSTS

38. The total amount of costs claimed by ePlus under Fed. R. Civ. P. 54(d) and 28 U.S.C. §§ 1821 and 1920 is $181,805.17. ePlus respectfully submits that this amount, while substantially less than the total costs actually incurred by ePlus during the course of the action,

represents the costs taxable against Lawson under controlling law. I, or persons under my supervision, have reviewed the costs requested by ePlus for accuracy, and state that they are true and accurate to the best of my knowledge and belief. Accordingly, ePlus respectfully requests that the Court award it $181,805.17 as its costs of suit.

    I declare under penalty of perjury that the foregoing is true and correct.

LIBW/1783519.1

Executed at Washington, District of Columbia on June 6, 2011.

/s/ Jennifer A. Albert
Jennifer A. Albert
*Counsel for ePlus, Inc.*
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4322
Facsimile: (202) 346-4444