# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | )  **Civil Action No. 3:09-CV-620 (REP)** |
| | ) |
| **v.** | ) |
| | ) |
| **LAWSON SOFTWARE, INC.,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF *e*PLUS INC.'S
## BILL OF COSTS PURSUANT TO 28 U.S.C. § 1920,
## <u>FED. R. CIV. P. 54(D)(1) AND LOCAL RULE 54(D)(1)</u>

Pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54(D)(1), and 28 U.S.C. § 1920 Plaintiff

ePlus, Inc. ("ePlus") hereby submits this memorandum in support of its bill of taxable costs.

## I.      BACKGROUND

On January 27, 2011, the jury in this case unanimously found that Lawson Software, Inc.

("Lawson") infringed five claims of two ePlus patents relating to electronic procurement

systems.  (See Dkt. 600.)  The jury also determined that all ePlus patent claims tried in court

were valid.   *Id.*  On May 23, 2011, this Court entered a permanent injunction order (Dkt. 729)

requiring Lawson to immediately stop selling and servicing certain configurations of its

electronic procurement systems that infringe the five claims of ePlus's '683 and '172 Patents.

On May 25, 2011, this Court entered its judgment (Dkt. 736) in favor of ePlus and against

Lawson for infringement of the five claims of the '683 and '172 Patents, and further, that

Lawson failed to prove the ePlus patents-in-suit were invalid.

ePlus successfully achieved at least some of the benefits sought in bringing suit, *i.e.*, judgment of infringement, no invalidity, and a permanent injunction entered against Lawson. *Jop v. City of Hampton*, 163 F.R.D. 486 (E.D. Va 1995).  Accordingly, ePlus is the "prevailing party" and pursuant to Rule 54(d) and now seeks recovery of the costs it incurred in successfully litigating this case.

## II.   ARGUMENT

### A.   Costs Are To Be Awarded To The Prevailing Party

Pursuant to Fed. R. Civ. P. 54, "costs other than attorneys' fees shall be allowed as of course to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "By mandating that, subject to court intervention, costs be allowed to a prevailing party 'as of course,' the rule creates the presumption that costs are to be awarded to the prevailing party."  *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (citing *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981)).  "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award."  *Id.*  "[O]nly misconduct by the prevailing party worthy of a penalty … or the losing party's inability to pay will suffice to justify denying costs."  *Id.* (quoting *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)).  This circuit has also recognized additional factors to justify denying an award of costs, such as their excessiveness in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided.  *Id.*  The non-prevailing party's good faith in pursuing an action is a necessary, but insufficient basis for relief from the normal operation of the rule.  *Id.*

### B.   ePlus Is The Prevailing Party As Between ePlus and Lawson.

ePlus's claim that Lawson infringed two of its patents has been fully resolved in ePlus's favor in light of the jury verdict and the permanent injunction entered by the Court.  There can

-2-

be no serious questions but that ePlus is the prevailing party for purposes of 28 U.S.C. § 1920.

The Federal Circuit, applying *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.,* 532 U.S. 598 (2001), has held that a party is the "prevailing party" when "it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those." *Rice Services, Ltd. v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005).  Courts have further recognized that a stipulation of dismissal operates as an adjudication of the merits and confers "prevailing party" status.  *Samsung Electronics Co., Ltd. v. Rambus, Inc.,* 440 F. Supp.2d 495, 508 (E.D. Va. 2006); *Bryant v. MV Transportation, Inc.,* 231 F.R.D. 480, 482 (E.D. Va. 2005); *Claiborne v. Wisdom,* 414 F.3d 715, 719 (7th Cir. 2005) (holding that voluntary dismissal with prejudice effects a material alteration of the parties' legal relationship).  The general rule is "…[t]o prevail … [the patentee] must have achieved some of 'the benefits ... sought in bringing suit,' *i.e.*, damages or an injunction. *Hensley v. Eckerhart*, 461 U.S. 424, 433 & n. 7 (1983) (emphasis added) ('**[P]laintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit**.') (emphasis added).

As a general rule, then, the "prevailing party" for purposes of Rule 54(d), is a party in whose favor judgment is rendered, which traditionally means a party who won at trial, whether or not that party prevailed on all issues, and regardless of amount of damages awarded.  *Green Constr. Co. v Kansas Power & Light Co.* 153 F.R.D. 670 (D. Kan. 1994).  This Court, for example, has stated that a party need not prevail as to all claims in a case in order to be awarded costs.  *Jop*, 163 F.R.D. 486.  In *Jop*, the Court stated:

> [A] party need not prevail as to all claims in the case in order to be awarded costs in the case. *See, e.g.,  O.K. Sand & Gravel, Inc. v. Martin Marietta, Inc.*, 36 F.3d

565, 571 (7th Cir. 1994); *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990); *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978); *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974). *See also* Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 2667, at 180-81 (2d ed. 1983). *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983) (in attorney's fee case under 42 U.S.C. § 1988, party may be considered "prevailing" if they succeed "on any significant issue in [the] litigation").

*Id.*

Where, as here, ePlus has: i) obtained a verdict and judgment of infringement of five claims and validity with respect to all three of the patents-in-suit; and ii) the Court has entered a permanent injunction requiring Lawson to immediately stop selling and servicing products relating to electronic procurement systems that infringe ePlus's patents, ePlus is without doubt the prevailing party. *See Samsung Electronics,* 440 F. Supp.2d at 508.

### C.      The Costs That ePlus Seeks Are Allowable Pursuant to Rule 54 and 28 U.S.C. § 1920

The Court's discretion in awarding costs is limited to awarding costs that are within the scope of 28 U.S.C. § 1920.  *Summit Tech., Inc. v. Nidek Co., Ltd.,* 435 F.3d 1371, 1374 (Fed. Cir. 2006).  Section 1920 provides that a judge or clerk may tax as costs the following:

(1)      Fees of the clerk and marshal;

(2)      Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)      Fees and disbursements for printing and witnesses;

(4)      Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)      Docket fees under section 1923 of this title;

(6)      Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  All of the taxable costs sought by ePlus as part of its bill of costs are of the

type contemplated and allowable by § 1920.  The total of taxable costs to which ePlus is entitled

is broken down in the following manner.

| Fees of the Clerk | 900.00 |
|---|---|
| Fees of the Court Reporter<br>   • Transcripts of Court Hearings<br>   • Deposition Transcripts and Videotapes<br>   • Court Reporter and Videographer Fees | 62,147.04 |
| Fees for Witnesses | 10,985.80 |
| Fees for Exemplification, Copies and Printing of Papers Necessarily Obtained for Use in this Case | 107,772.33 |
| **TOTAL** | 181,805.17 |

In further support of its bill of costs, ePlus submits the Declaration of Jennifer A. Albert

detailing each category of taxable costs with supporting documentation.

## CONCLUSION

For the reasons given above, ePlus's bill of costs pursuant to 28 U.S.C. §. 1920, Fed. R. Civ. P. 54(d)(1), and Local Rule 54(D)(1) should be allowed and ePlus should be awarded $181,805.17.

Respectfully submitted,

June 6, 2011
_____/s/_____
David M. Young (VSB #35997)
Scott L. Robertson (admitted pro hac vice)
Jennifer A. Albert (admitted pro hac vice)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

Michael G. Strapp (admitted pro hac vice)
James D. Clements  (admitted pro hac vice)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff ePlus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2011, I will electronically file the foregoing

**MEMORANDUM IN SUPPORT OF PLAINTIFF ePLUS INC.'S
BILL OF COSTS PURSUANT TO 28 U.S.C. § 1920,
FED. R. CIV. P. 54(D)(1) AND LOCAL RULE 54(D)(1)**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

| | |
|---|---|
| Daniel McDonald, *pro hac vice*<br>Kirsten Stoll-DeBell, *pro hac vice*<br>William D. Schultz, *pro hac vice*<br>Rachel C. Hughey, *pro hac vice*<br>Andrew Lagatta, *pro hac vice*<br>MERCHANT & GOULD<br>3200 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 332-5300<br>Facsimile: 612) 332-9081<br>lawsonservice@merchantgould.com | Robert A. Angle, VSB#37691<br>Dabney J. Carr, IV, VSB #28679<br>TROUTMAN SANDERS LLP<br>P.O. Box 1122<br>Richmond, Virginia 23218-1122<br>(804) 697-1238<br>(804) 698-5119 (Fax)<br>robert.angle@troutmansanders.com<br>dabney.carr@troutmansanders.com |
| Donald R. Dunner, *pro hac vice*<br>Erika H. Arner, *pro hac vice*<br>FINNEGAN, HENDERSON, FARABOW<br>GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, NW<br>Washington, DC 20001<br>(202) 408-4000<br>(202) 408-4400<br>Don.dunner@finnegan.com<br>Erika.arner@finnegan.com | ***Counsel for Defendant Lawson Software, Inc.*** |

_____    /s/    _____
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com

-7-