IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09CV620 (REP) |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN OPPPOSITION TO PLAINTIFF EPLUS, INC.'S MOTION FOR EXCEPTIONAL CASE FINDING AND ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

Defendant Lawson Software, Inc. respectfully submits the following memorandum in opposition to Plaintiff *e*Plus, Inc.'s Motion for Exceptional Case Finding and Attorneys' Fees Pursuant to 35 U.S.C. § 285.

## I. SUMMARY OF ARGUMENT

This is not an exceptional case meriting an award of attorney's fees, which is the rare exception, and not the rule. Lawson's good faith, meritorious defenses predominated over any unsuccessful arguments. Indeed, *e*Plus originally asserted 79 claims from three patents against five of Lawson's product configurations, and sought between $35 million to $46 million in reasonable royalty damages, including prejudgment interest. *e*Plus also sought enhanced damages for willful infringement, which potentially could have trebled the award to over $100 million. In the end, the jury found that two of five accused product configurations did not infringe any claims whatsoever; one product configuration infringed only claim 1 of the '172 patent; and two other product configurations infringed four claims from the '683 patent, and claim 1 of the '172 patent. No product was found to infringe the '516 patent. *e*Plus abandoned

its willful infringement case at the eleventh hour just before jury deliberations. Additionally, the Court dismissed *e*Plus' damages claim.

Under the Patent Act, 35 U.S.C. § 285, fee awards are only appropriate in "exceptional cases." This is not an exceptional case. To put *e*Plus' attorney's fees motion into context, it should be noted that *e*Plus spent $15.7 million in fees and costs in this case, yet relies on but a fraction of the issues and motions in the case to support a claimed $1.2 million fee award, which is less than 8% of the total fees and costs *e*Plus chose to incur. (Ex. A, *e*Plus Form 10-K, p. 32). Presumably, $14.5 million, or 92% of *e*Plus' fees and costs were unexceptional and routine in nature.

*e*Plus' claim is based on a misapprehension of the law and a selective and distorted view of the record. As shown below, Lawson litigated and tried its defenses substantively and procedurally in good faith, with substantial success, and with a reasonable basis. The motion should be denied.

## II.   BACKGROUND

### A.   Lawson's Successful Defense.

*e*Plus accuses Lawson of unmeritoriously litigating and trying its defense through bad faith litigation tactics ("ambush," "speciously manufactured," "spurious"). ePlus's Brief in Support of its Motion for Exceptional Case Finding ("Brief") at 1-4. *e*Plus' hyperbole is inaccurate. Lawson successfully defended itself against *e*Plus' broad-based attack, which originally asserted 79 claims from three patents against Lawson's products. (Ex. B, Plaintiff *e*Plus, Inc.'s Answers and Objections to Defendant Lawson Software, Inc.'s First Set of Interrogatories, Answer to Interrogatory No. 1, pp. 5-7, Sep. 8, 2009). Eventually, the Court interceded and ordered *e*Plus to reduce the claims to be tried to 20 claims, which was further

2

reduced to 13 claims.  (Dkt. 121, Scheduling Order, Schedule A, Section V.J, ¶ 1, Nov. 18, 2009; *Id.*, ¶5).  In order to eliminate Lawson's reliance on its legacy systems as prior art, *e*Plus dropped another claim before trial – ultimately presenting 12 claims to the jury.  (Ex. C, E-mail from M. Strapp to K. Stoll-DeBell, Sep. 20, 2010).

In the end, Lawson succeeded in defeating 27 of the 38 infringement contentions *e*Plus asserted at trial.  (Dkt. 600, Verdict, pp. 1-3, Jan. 27, 2011).  The jury found that two of five accused product configurations did not infringe any claims whatsoever; one product configuration infringed only claim 1 of the '172 patent; and two other product configurations infringed four claims from the '683 patent, and claim 1 of the '172 patent.  No product was found to infringe the '516 patent.  *Id.*

Although the jury rejected Lawson's invalidity defenses, the U.S. Patent and Trademark Office has repeatedly relied on substantially the same prior art to reject the claims of ePlus' patents in reexaminations of all three patents.  The final rejection of one set of claims from the '683 patent has been affirmed by the Patent and Trademark Office Board of Patent Appeals and Interferences on multiple grounds. (Ex. D, Letter from D. McDonald to Court, May 19, 2011). The other claims have *all* been rejected as well, some finally rejected, based on much of the same prior art Lawson asserted in this case.   (Dkt. 706, Defendant Lawson Software, Inc.'s Proposed Findings of Fact and Conclusions of Law, ¶¶ 109-115, Mar. 30, 2011).  ePlus has yet to prevail in overcoming all rejections of a single one of any of the 79 claims in its patents in the four pending reexaminations.

*e*Plus also sought about $35 million to $46 million in damages (which, if trebled, could have exceeded over $100 million).  (Ex. E, Second Supplemental Expert Report of Russell W. Mangum III, Ph.D., pp. 2-3, June 10, 2010) (filed under seal).  It based its damages claim on an

3

argument that its prior litigation settlements should be the basis for a reasonable royalty, based on an expert's suspect effective royalty rate that it then effectively doubled with no analytical support.  The Court rejected this argument, and excluded evidence of *e*Plus' alleged damages in view of ePlus' failure to present any basis for a damages computation other than the excluded expert report.  (Dkt. 410, Aug. 11, 2010; Dkt. 472, ¶ 2, Sep. 9, 2010).  In accordance with the Court's ruling excluding evidence of damages, *e*Plus did not recover any damages.

ePlus threatened Lawson with treble damages and attorney's fees throughout the case, based on its assertion of willful infringement.  Yet, *e*Plus abandoned its questionable willful infringement case at the eleventh hour, just before jury deliberations on the merits of the case, after the court indicated it wanted to proceed with the willful infringement trial.  (Ex. F, Trial Transcript, p. 2932, Jan. 21, 2011).

        **B.**      **Lawson's Reasonable and Good Faith Invalidity Defenses.**

              **1.**      **Lawson's Good Faith Disclosures of Invalidating Prior Art.**

*e*Plus takes issue with perceived procedural irregularities with Lawson's invalidity disclosures.  Brief, pp. 5-9.  As shown below, Lawson litigated its invalidity case reasonably and in good faith.

Lawson made good faith, reasonable efforts to comply with the Scheduling Order requiring disclosure of prior art references by serving its Initial Statement of Invalidity Defenses on December 8, 2009 followed by its Supplemental Initial Statement of Invalidity Defenses on December 23, 2009.  *e*Plus did not file any motion complaining about either of these disclosures.

On March 1, 2010, Lawson moved to compel *e*Plus to answer interrogatories disclosing *e*Plus' positions on Lawson's anticipation and obviousness contentions provided in its Supplemental Initial Statement of Invalidity Defenses.  (Dkt. 181, Mar. 1, 2010).  In its

opposition brief, *e*Plus defended by asserting Lawson's invalidity contentions were too vague. (Dkt. 184, Mar. 12, 2010). The March 26, 2010 hearing on Lawson's motion to compel did not address any *e*Plus motion, but only an indirect argument by *e*Plus challenging the adequacy of Lawson's invalidity disclosures as a defense to *e*Plus' own failure to answer discovery. The Court denied Lawson's motion without prejudice, stating in its Order that "Lawson may refile its motion after compliance with the Court's instructions regarding the specificity of the Defendant's invalidity contentions." (Dkt. 194). Accordingly, on April 9, 2010, Lawson served its Second Supplemental Initial Statement of Invalidity Defenses identifying seven prior art references in support of its invalidity positions in an attempt to focus Lawson's prior art invalidity defenses. (Dkt. 214, Ex. 4 (pertinent portions attached to Declaration of David Young In Support of Motion to Strike, May 14, 2010). *e*Plus did not file any motion complaining about this supplemental disclosure.

    **2.** **Dr. Shamos' Good Faith Expert Disclosures Reasonably Included Additional Prior Art Just Three Weeks Later, After the Court Issued Broad Claim Constructions in its April 30 Markman Order.**

Three weeks later, on Friday, April 30, 2010, the Court issued its Memorandum Opinion regarding claim construction. In Lawson's view, the Court's broad construction of certain means plus function terms made additional prior art relevant to Lawson's invalidity case. This is a common occurrence in patent litigation. *Johns Hopkins v. CellPro*, 152 F.3d 1342, 1357 (Fed. Cir. 1998) (district court erred when it failed to consider new prior art arguments after claim construction). Given the extremely short window of time between the claim construction order, the intervening weekend, and the May 5, 2010 due date for Lawson's invalidity expert report, Lawson quickly supplemented its invalidity positions through its invalidity expert Dr. Michael Shamos. As discussed below, certain additional prior art references and positions were also

relevant to other issues in the case.

*e*Plus moved to strike certain portions of Dr. Shamos' report. (Dkt. 212-215, May 14, 2010). As a procedural matter, Lawson in good faith argued that supplementation through Dr. Shamos was reasonable because discovery was ongoing and Dr. Shamos' report was timely served. (Dkt. 222, pp. 15-16, 5/19/10) On the merits, Lawson reasonably and in good faith argued that the Court's claim construction order giving certain claims a broad construction merited additional invalidity positions, in particular regarding the Lawson legacy systems. (*Id.*, pp. 6-7, 5/19/10) (citing *Johns Hopkins*). Lawson also argued that the Lawson legacy systems and background prior art (Baxter, DynaText, Innerview, Prism) were relevant to other issues, including non-infringing alternatives (relevant to damages), infringement, and secondary considerations of nonobviousness. *Id.* at pp. 8-10. Lawson asserted its arguments reasonably and in good faith because prior art is indeed often relevant to other issues. *See, e.g.*, *Kinetic Concepts, Inc. v. Blue Sky Medical Group*, 554 F.3d 1010, 1024 (Fed. Cir. 2009) (infringer's belief that it was practicing the prior art supported jury's verdict that infringer did not induce infringement, which requires specific intent to encourage infringement). Dr. Shamos also relied on some additional documents supporting the previously disclosed list of prior art documents. *Id.* at pp. 10-12. Lawson mooted any issue regarding the Doyle patent and SABRE by withdrawing those references.

On May 25, 2010, the Court rendered a split decision, ruling that the Court's claim construction order merited Lawson's reliance on version 5 and version 6 of the Lawson legacy systems as prior art regarding the claim term "means for searching matching items in the database" element from claim 6 of the '683 patent. (Dkt. 230, p. 2, May 25, 2010). The Court reserved judgment on the "means for building a requisition using data relating to selected

matching items and their associated sources" element from claims 3 and 6 of the '683 patent, and on the additional supporting documents regarding J-CON and Gateway. *Id.* at pp. 2-3. The Court also precluded Lawson from relying on certain prior art evidence not disclosed in the Second Supplement Initial Statement of Invalidity Defenses.

Rather than efficiently raising of all of its issues with Dr. Shamos' May 5, 2010 invalidity report at one time in its May 14, 2010 motion to strike, *e*Plus later filed another motion to address the balance of its unraised complaints. (Dkt. 248-249, Motion In Limine No. 2, June 18, 2010). *e*Plus now accuses Defendants of somehow violating the Court's May 25, 2010 Order granting *e*Plus' partial motion to strike. Brief at pp. 7-8 ("persisted" … "for a fourth time"). This is not the case. *e*Plus simply decided to file a second motion attacking Dr. Shamos' report to address the issues it previously ignored in its earlier motion to strike – a tactic that Lawson noted in its response brief. (Dkt. 301, p. 8, July 2, 2010). Motion in Limine No. 2 also challenged Dr. Shamos' non-infringement report which also relied on the Lawson legacy systems for purposes other than invalidity. Again, Lawson's reliance on the legacy systems was a reasonable, good faith position given that prior art can be admissible for many reasons, such as non-infringing alternatives, lack of specific intent necessary for induced infringement, and willfulness. *Id.* at pp. 12-14; *Kinetic Concepts*, 554 F.3d at 1024.

*e*Plus employed the same "multiple bite at the apple" tactic at trial against Dr. Shamos. After possessing Dr. Shamos' invalidity report for over eight months, *e*Plus orally presented yet another motion – this time during trial on January 19, 2011 -- seeking to exclude certain of Dr. Shamos' opinions that were in his May 5, 2010 report, but previously ignored by *e*Plus. Brief, p. 9. Lawson did not present evidence in violation of a Court order. Instead, this is yet another example of *e*Plus taking multiple and piecemeal bites at the apple that could have, and should

have been addressed by *e*Plus in its May 2010 motion to strike.

### 3. Lawson Listed Exhibits in Good Faith and In Compliance with Court Orders.

*e*Plus next complains about a motion it filed on October 21, 2010 regarding certain Lawson trial exhibits (DX 97, DX 98, DX 112) not listed in the Second Supplemental Initial Statement of Invalidity Defenses. As Lawson explained in its opposition brief, these additional exhibits related to prior art references, namely the J-CON system and TV/2 system that were disclosed in Lawson's Second Supplemental Invalidity Contentions. (Dkt. 502, Nov. 1, 2010; Dkt. 214, Ex. 4 (pertinent portions of Second Supplemental Invalidity Contentions attached to Declaration of David Young In Support of Motion to Strike, May 14, 2010). Lawson listed these exhibits reasonably and in good faith, particularly because the Court had allowed *e*Plus' expert Dr. Weaver to rely on additional supporting evidence not cited in *e*Plus' infringement disclosures. (Dkt. 502, p. 3 ("the rule has to apply both ways.")). In a similar vein, *e*Plus complains that certain incomplete prior art exhibits excluded from evidence were listed in violation of a Court order. Brief at p. 9. They were not. The documents were ruled incomplete after they were placed on the exhibit list, and excluded for that reason, not because they violated any court order. (Dkt. 515, Nov. 19, 2010.).

### C. The Good Faith Staats and Knuth Expert Reports Were Specifically Authorized by the Court in View of *e*Plus' Violation of the Scheduling Order Limiting Each Party to One Expert Per Discipline.

*e*Plus violated this Court's scheduling order by retaining two computer science experts for infringement (Weaver and Niemeyer) and an additional computer science expert for validity (Hilliard). Dr. Weaver also provided validity opinions. Lawson filed its Motion in Limine No. 5 to limit *e*Plus to one expert witness on infringement and one expert witness on Invalidity. (Dkt.

8

262). The Court found that Lawson's motion made "good," "forceful," and "right" arguments concerning *e*Plus' over-designation of experts. (Ex. G, Hearing Transcript, p. 216, July 28, 2010). Rather than striking ePlus' experts which likely would have resulted in a judgment as a matter of law in favor of Lawson on invalidity, *Id.* at pp. 216, 220-221, the Court "ORDERED that Defendant may use one additional expert on the topic of source code and one additional expert on invalidity under 35 U.S.C. §§ 102 and 103." (Dkt. 384, Aug. 2, 2010).

The purpose of this ruling was for Lawson to have the same number of experts as ePlus. Accordingly, Lawson reasonably and in good faith served the expert report of Keith Knuth "on the topic of source code." Dr. Shamos was previously handling invalidity issues under both 35 U.S.C. § 112 and 102/103. In reasonable and good faith reliance on the order, Lawson presented "one additional expert on validity," in addition to Dr. Shamos: Dr. Preston Staats, "under 35 U.S.C. §§ 102 and 103." ePlus omits mention of this important procedural history when attacking Lawson for using additional experts in its moving brief.

In his report, Mr. Knuth discussed the source code functionality of Lawson's legacy systems. As discussed above, Lawson's legacy systems were relevant to certain prior art issues, and also to other issues such as damages and non-infringement. In a footnote, *e*Plus complains of time spent on Rule 30(b)(6) depositions and motion practice regarding Lawson's legacy systems. Brief, p. 11 n.5. Again, Lawson's legacy systems were relevant and were still in the case as ordered by the Court.

ePlus eventually decided to withdraw its infringement contentions based on claim 6 of the '683 patent, presumably to prevent Lawson from being able to present evidence of the Lawson Legacy Systems at trial. (Ex. C). However, ePlus did not withdraw this claim until after it had taken discovery regarding this prior art, and is itself responsible for the costs associated

9

with that discovery. The expert simply relied on evidence of Lawson Legacy Systems that the Court had already deemed was properly in the case at least for purposes of claim 6 of the 683 patent.

### D. Lawson's Good Faith and Largely Successful Non-Infringement Arguments

Eleven of the twelve claims presented to the jury required a "catalog" limitation. Lawson argued from the outset of the case through claim construction, pre-trial and trial that its products did not infringe based on the lack the "catalog" limitation. Among other things, Lawson showed that ePlus's application of the court's construction to include the Lawson Item Master would have improperly included features of the prior art, including the Parts Master of the RIMS prior art, that neither the inventors nor ePlus ever called or considered to be "catalogs." Lawson's arguments on the "catalog" limitation, in addition to its other non-infringement arguments,[1] succeeded in large part.

The jury's verdict found as follows:

- Configuration 1 (Core Procurement) did not infringe any asserted claim, in particular either of claims 1 and 6 of the '516 patent containing the catalog limitation. Lawson's position was adopted in its entirety by the jury.

- Configuration 2 (Core Procurement plus RSS) did not infringe any of the asserted claims that contained the catalog limitation, in particular claims 3 and 28 of the '683 patent and claims 1, 6, 9, 21, 22, and 29 of the '516 patent. Configuration 2 infringed claim 1 of the '172 patent. Lawson's position was adopted by the jury with respect to 11 of the 12 asserted claims.

- Configuration 3 (Core Procurement plus RSS and Punchout) did not infringe claims 1, 6, 9, 21, 22, and 29 of the '516 patent containing the catalog limitation. Configuration 3 infringed claims 3, 26, 28 and 29 of the '683 patent and claim 1 of the '172 patent. Lawson's positions were adopted by the jury as to 6 of the 11 asserted claims.

---

[1] *See, e.g.*, Dkt. 589, Defendant Lawson Software, Inc.'s Brief in Opposition to *e*Plus's Motion for Judgment as a Matter of Law and in Further Support of Lawson's Motion for Judgment as a Matter of Law, pp. 19-22, Jan. 24, 2011.

10

- Configuration 4 (Core Procurement plus EDI) did not infringe any asserted claim, in particular claim 26 of the '683 patent and claims 1 and 6 of the '516 patent containing the catalog limitation.

- Configuration 5 (Core Procurement plus RSS, Punchout and EDI) did not infringe claims 1, 2, 6, 9, 21, 22, and 29 of the '516 patent containing the catalog limitation. Configuration 5 infringed claims 3, 26, 28, and 29 of the of the '683 patent and claim 1 of the '172 patent. Lawson's position was adopted by the jury with respect to 7 of the 12 asserted claims.

(Dkt. 600, Verdict, pp. 1-3, Jan. 27, 2011).

Only the configurations including Punchout, which used external catalogs not provided by Lawson as opposed to Item Master, were found to infringe any asserted claims that included the catalog limitation. *e*Plus cites no case, because there is none, that awarded attorney's fees under 35 U.S.C. § 285 to a patentee based on a successful non-infringement argument.

## III. ARGUMENT

### A. *e*Plus Has Not Proven The Two-Part Test Under 35 U.S.C. § 285

*e*Plus has not carried its burden of demonstrating through clear and convincing evidence that this is an exceptional case:

> Counsel for both sides litigated their clients' respective positions vigorously and aggressively, as must be reasonably expected where, as here, there are experienced and zealous legal advocates involved. It is true that numerous claims, motions and objections were advanced by the parties in the course of the instant litigation, some substantially less meritorious than others, but ***a fair assessment is that reasonable, non-frivolous arguments predominated.***

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 372 F. Supp. 2d 833, 852 (E.D. Va. 2005) (refusing to declare case exceptional notwithstanding finding of willful infringement) (emphasis added); *see also Telecommunications Systems, Inc. v. Mobile 365, Inc.*, 2008 U.S. Dist. LEXIS 112753 at **38-39 (E.D. Va. Sep. 25, 2008) (refusing to declare case exceptional and finding that defendant who willfully infringed asserted its defenses in good

faith).

The above excerpt from the *Knorr-Bremse* decision aptly describes this case and demonstrates that fees should be denied. Indeed, *e*Plus' request for less than 8% of its fees (Ex. A) is an effective admission that the motion practice that is even alleged to be improper is but a small fraction of the case, and that reasonable, non-frivolous arguments "predominated." Certainly the split nature of the verdict, the adoption of Lawson's invalidity positions by the U.S. Patent Office in the reexaminations, and other objective indicators show that Lawson's defenses and litigation positions were reasonable and non-frivolous.

"The Federal Circuit has cautioned that an award of attorney fees under § 285 is not intended to be an 'ordinary thing in patent cases,' and that it should be limited to circumstances in which it is necessary to prevent a 'gross injustice' or bad faith litigation." *Humanscale Corp. v. CompX Int'l., Inc.*, 2010 U.S. Dist. LEXIS 83876 at *18 (E.D.Va. Aug. 16, 2010) (citing *Forest Labs., Inc. v. Abbott Labs. Inc.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003); *MercExchange, L.L.C. v. eBay, Inc.*, 521 F. Supp. 2d 526, 528 (E.D.Va. 2007). Indeed, "exceptional" means "forming an exception," "being out of the ordinary" and "rare." *Knorr-Bremse*, 372 F. Supp. 2d at 848. Merely losing non-infringement or invalidity defenses is not exceptional. *Id.* at 849. Rather, the purpose of Section 285 is to "provide discretion where it would be grossly unjust that the winner be left to bear the burden of its own counsel which prevailing litigants normally bear." *MercExchange*, 521 F. Supp. 2d at 528. The determination that a patent case is so exceptional in nature as to warrant an award of attorneys' fees to the prevailing party "should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force." *Id.*

In order to be entitled to attorney's fees under 35 U.S.C. § 285, the prevailing party must establish as a preliminary matter the exceptional nature of the case by **clear and convincing evidence**. *Knorr-Bremse*, 372 F. Supp. 2d at 848 (citing *B. Braun Medical, Inc. v. Abbott Labs.*, 124 F.3d 1419, 1429 (Fed. Cir. 1997) (emphasis added). Exceptional cases usually require willful infringement, bad faith litigation, or inequitable conduct in the course of patent proceedings before the USPTO. *Id.* at 849-50. Yet, even if this burden is met, an award of fees under § 285 remains discretionary given the particular circumstances of the case. *Id.* at 851 (citing *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1370 (Fed. Cir. 1999) Thus, determining whether attorney's fees should be awarded under § 285 is a two-step process: First, the district court must make a factual determination as to whether the prevailing party has established by clear and convincing evidence that the case is "exceptional," and, if so, the district court must then exercise its discretion in determining whether an award of attorney's fees is appropriate in the circumstances. *Id.* at 847-51. Thus, even where a case is deemed "exceptional" for purposes of § 285, it does not necessarily follow that attorney's fees must be awarded to the prevailing party. Rather, there are a number of factors courts may consider in determining whether an award of attorney's fees is warranted, including the "closeness of the case, tactics of counsel, the conduct of the parties and any other factors that may contribute to a fairer allocation of the burdens of litigation as between winner and loser." *Id.* at 851 (citing *J.P. Stevens Co., Inc. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1051 (Fed. Cir. 1987)).

As shown above, this is not an exceptional case. Lawson did not willfully infringe, nor is there evidence of bad faith litigation. *Knorr-Bremse*, 372 F. Supp. 2d at 851-52. Lawson presented and litigated its defenses in good faith, many of which were successful, including non-infringement defenses for two accused configurations, non-infringement defenses against one of

the three patents-in-suit, and arguments precluding damages.  While Lawson did not prevail on its invalidity defense, simply losing the defense is not exceptional.  *Knorr-Bremse*, 372 F. Supp. 2d at 849.  There is no clear and convincing evidence of bad faith litigation by Lawson that would warrant an exceptional case finding.  As shown above, Lawson did not violate any Court orders, and its defenses were substantively and procedurally reasonable and presented in good faith.

Further, even if this case were exceptional, attorney's fees are not warranted under the circumstances because the overall case was close – indeed, Lawson prevailed on certain non-infringement defenses and eliminated a damages claim that could have reached over $100 million.  Additionally, the closeness of the invalidity defense is objectively shown by the fact that the USPTO has repeatedly invalidated the asserted claims in re-examination proceedings based on much the same prior art asserted by Lawson in the litigation.  Moreover, Lawson did not engage in any improper litigation tactics or conduct.

*e*Plus' cited cases are inapposite because they primarily concern patentees who either willfully infringed, engaged in equitable conduct before the USPTO, filed frivolous or baseless infringement lawsuits, or all of the above.  *See, e.g., Synthon IP, Inc. v. Pfizer, Inc.*, 484 F. Supp. 2d 437, 441 (E.D. Va. 2007) (patentee committed inequitable conduct before the USPTO and filed a baseless lawsuit).   *e*Plus' featured case, *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547 (Fed. Cir. 1989), is distinguishable.  There, the Court found the case exceptional because the defendant engaged in what the trial court found to be a deliberate and overall "strategy of vexatious activity," including but not limited to violation of a permanent injunction, jurisdictional and antitrust defenses that were dropped, and an inequitable conduct counterclaim that the trial court deemed "baseless."  *Id.* at 1551-52.

14

*e*Plus does not and cannot argue that Lawson's engaged in an overall "strategy" of vexatious litigation. Lawson's only strategy was straightforward – to win the case on the merits, which it did in large part. While some of Lawson's defenses may not have prevailed and some of its evidence was excluded on procedural grounds, Lawson's good faith, reasonable arguments predominated. *Knorr-Bremse*, 372 F. Supp. 2d at 852 (refusing to declare case exceptional notwithstanding finding of willful infringement) (emphasis added); *see also Telecommunications Systems*, 2008 U.S. Dist. LEXIS 112753 at **38-39 (refusing to declare case exceptional and finding that defendant who willfully infringed asserted its defenses in good faith). *e*Plus' motion should be denied. *Id.* Lawson lost motions along the way, but its positions had a reasonable, good faith basis in every instance.

### III. Conclusion

ePlus failed to show the case was exceptional by clear and convincing evidence, or that an award of fees is appropriate. For the foregoing reasons, Lawson respectfully requests that this Court deny Plaintiff *e*Plus, Inc.'s Motion for Exceptional Case Finding and Attorneys' Fees Pursuant to 35 U.S.C. § 285.

LAWSON SOFTWARE, INC.

By  /s/
    Of Counsel

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

15

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

Donald R. Dunner (admitted *pro hac vice*)
Erika H. Arner (admitted *pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

*Counsel for Defendant Lawson Software, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of June, 2011, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

      /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*