# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ePLUS, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:09-CV-232-HCM-TEM |
| | ) |
| v. | ) |
| | ) |
| PERFECT COMMERCE, INC., SCIQUEST, INC., LAWSON SOFTWARE, INC., and VERIAN TECHNOLOGIES, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF ePLUS, INC.'S ANSWERS AND OBJECTIONS TO DEFENDANT LAWSON SOFTWARE, INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33 and Local Rule 26(c), Plaintiff ePlus, Inc. ("ePlus" or "Plaintiff"), by and through its attorneys, serves the following Answers to the First Set of Interrogatories ("Interrogatories") propounded by Defendant Lawson Software, Inc. ("Defendant" or "Lawson") upon ePlus. These Answers are provided subject to, and without waiver of, ePlus's previously stated Objections served on August 21, 2009 which are repeated below.

## GENERAL OBJECTIONS

ePlus makes the following General Objections, whether or not separately set forth in response to each Interrogatory, to each and every instruction, definition, and question posed in the Interrogatories:

1. ePlus objects to Defendant's First Set of Interrogatories, including the Definitions and Instructions, to the extent they seek to impose discovery obligations beyond those imposed by the Local Rules of the United States District Court for the Eastern District of Virginia, the

All of the responses set forth below are made without waiving or intending to waive any objection, including but not limited to objections as to competency, relevancy, materiality, authenticity, privilege, or admissibility. ePlus reserves the right to revise or supplement its responses to the Interrogatories at any time should additional responsive information be discovered and/or additional claims be asserted. ePlus also reserves the right to assert additional objections at any time.

## SPECIFIC OBJECTIONS AND ANSWERS

### INTERROGATORY NO. 1:

For each Defendant's accused product ePlus believes infringes any asserted claim of any patent-in-suit, state all facts concerning ePlus forming its belief that such product infringes, including, but not limited to, whether ePlus contends the product infringes the claim literally or under the doctrine of equivalents, the date that ePlus first learned of the product, the date ePlus first came to believe the product was infringing, the persons, documents and things involved in informing ePlus about the product and in forming ePlus's belief that the product is infringing, and all efforts that ePlus undertook to substantiate its belief that the product is infringing, including, but not limited to, all acquisition, testing and reverse-engineering of such products and the individuals involved in such efforts.

### OBJECTIONS:

ePlus objects to this Interrogatory to the extent that it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine. ePlus also objects to this Interrogatory as duplicative, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. ePlus objects to this Interrogatory as premature because fact discovery has just commenced and Lawson has not yet produced any documents in response to ePlus' document requests. Any meaningful response to this Interrogatory is predicated on Lawson's responses to discovery requested by ePlus which has not yet been answered. ePlus further objects to this Interrogatory to the extent that it seeks information that readily accessible to Defendant, as through public sources. Additionally, ePlus

objects to this Interrogatory as vague, ambiguous and overly burdensome to the extent that is relies on the definition of "Defendants."

ePlus further objects to this Interrogatory, with multiple subparts, to the extent that it exceeds the number of interrogatories permitted by the Rules. Further, ePlus objects to this Interrogatory as a premature attempt to elicit expert testimony and as premature in that the Court has yet to construe the claims of the patents.

Subject to and without waiver of its General and Specific Objections, ePlus will provide a response to this Interrogatory.

**ANSWER TO INTERROGATORY NO. 1**

Subject to the foregoing objections, ePlus responds as follows. Since we have yet to receive the discovery requested from Lawson, ePlus reserves the right to supplement this Answer. Moreover, because Lawson's products and services continue to evolve, and the tort of infringement is continuing, ePlus reserves the right to supplement this Answer based on any changes in, or modification to, the Lawson products at issue.

At present, based upon the publicly available information concerning Lawson's products, ePlus contends that Lawson directly and indirectly infringes claims 1-45 of U.S. Patent No. 6,023,683 (the "'683 Patent"), claims 1-29 of the U.S. Patent No. 6,055,516 (the "'516 Patent"), and claims 1-5 of U.S. Patent No, 6,505,172 (the "'172 Patent"). ePlus first became aware of Lawson's infringement on or before February, 2009.

Attached as Exhibits 1-3 are claim charts setting forth ePlus's preliminary infringement analyses with respect to illustrative claims from each of the patents-in-suit based on publicly-available information. Concurrently herewith, ePlus is producing documents which were utilized to support these preliminary infringement analyses, which documents have yet to be produced by Lawson.

    *ePlus* currently contends that Lawson literally infringes the asserted claims, but given that the Court has yet to construe any disputed terms of the patent claims, and Lawson has yet to respond to *ePlus*'s outstanding discovery requests, *ePlus* reserves the right to rely on the doctrine of equivalents for its infringement contentions.

    *ePlus* maintains its objections to providing a response concerning the efforts *ePlus* undertook to substantiate its belief that Lawson's products infringe as such efforts are protected from discovery pursuant to the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 2**

Describe any and all facts and circumstances relating to all charges or allegations of infringement for each Defendant (including correspondence suggesting possible infringement or giving notice of the patent(s) with or without an express allegation of infringement) involving the patents-in-suit or related patents or related foreign patents, regardless of whether suit was filed, fully identifying all <u>persons</u> who have been charged or to whom allegations were made, and identify all documents that show, discuss and/or otherwise relate in any way to any such charges or allegations, including any responses thereto.

**OBJECTIONS:**

    *ePlus* objects to this Interrogatory to the extent that it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine. *ePlus* also objects to this Interrogatory as vague, ambiguous, duplicative, overly broad and unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. *ePlus* further objects to this Interrogatory to the extent that it seeks information that readily accessible to Defendant, as through public sources. Additionally, *ePlus* objects to this Interrogatory as vague, ambiguous and overly burdensome to the extent that is relies on the definition of "Defendants."

    *ePlus* further objects to this Interrogatory, with multiple subparts, to the extent that it exceeds the number of interrogatories permitted by the Rules.

    Subject to and without waiver of its General and Specific Objections, *ePlus* will provide a

-7-

discovery of admissible evidence.

### ANSWER TO INTERROGATORY NO. 3

ePlus maintains its above-stated objections. At the present time, ePlus is without knowledge concerning what documents it will rely upon to support its allegations (with the exception of those set forth in its preliminary infringement analyses) as Lawson has yet to produce documentation concerning the functionality of its accused e-procurement applications or respond to interrogatories in a meaningful manner. ePlus will supplement its answer to this interrogatory and/or produce responsive documents once it receives discovery from Lawson and makes a determination that it will rely upon particular documents or other evidence to support or contest particular allegations.

Respectfully submitted,

Date: September 8, 2009

*[signature]*

Gregory N. Stillman (VSB #14308)
Brent L. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 100
Norfolk, VA 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Jennifer A. Albert (*admitted pro hac vice*)
Scott L. Robertson (*admitted pro hac vice*)
David M. Young (VSB #35997)
Robert D. Spendlove (VSB #75468)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
jalbert@goodwinprocter.com
srobertson@goodwinprocter.com
dyoung@goodwinprocter.com
rspendlove@goodwinprocter.com


Lana Shiferman (*admitted pro hac vice*)
James D. Clements (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
lshiferman@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus inc.