# EXHIBIT D

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchantgould.com

A Professional Corporation

Direct Contact | dmcdonald@merchantgould.com
612.336-4637

May 19, 2011

The Honorable Robert E. Payne
United States District Court for the
Eastern District of Virginia
Federal Courthouse – Room 3000
701 East Broad Street
Richmond, VA 23219

Re: ePlus, Inc. v. Lawson Software, Inc
Civil Action No. 3:09cv620

Dear Judge Payne:

I write in response to Scott Robertson's May 19 letter regarding the decision of the Board of Patent Appeals and Interferences finding all 20 claims of the '683 patent that were at issue in that reexamination invalid. The claims rejected include but are not limited to claims 26, 28, and 29, which ePlus chose to assert against Lawson.

While ePlus asserts that the Board's final decision has no relevance to this case, its own rush to inform the Court of this decision within 24 hours of its issuance shows the contrary. Claims 26, 28, and 29 are three of the five claims the jury found were infringed by Lawson's Configuration No. 3, which includes both RSS and Punchout. ePlus relies on the jury's findings to support its injunction request, as no judgment has been entered and post-trial briefing on the merits has not yet begun. This decision of a Board panel of three experienced patent judges strongly indicates that the rejections of all other claims asserted by ePlus, which all derive from the same application, will be maintained through appeal as well.

As courts have recognized, an ongoing reexamination, especially one involving claim rejections, is a basis to deny a request for a permanent injunction. See *MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 574-75 n.15 (E.D. Va. 2007). This Board decision is strong evidence that ePlus's claims are invalid and that ePlus will not be irreparably harmed absent an injunction. The decision is a further reason to deny ePlus's request for an injunction.

Atlanta | Denver | Knoxville | Madison | Minneapolis | New York | Seattle | Washington DC

The Honorable Robert E. Payne
May 19, 2011
Page 2

    ePlus's assertion that it will delay finality of the decision through a petition, rehearing request, and the like fails to cite any particular grounds for such extraordinary procedures. The Board relied on the P.O. Writer and Gateway references as anticipatory prior art. Gateway prior art was not presented at trial before the jury, and the Court precluded Lawson from offering P.O. Writer as prior art based on the Court's interpretation of Lawson's discovery disclosures. Thus, there is no "new evidence" from the trial regarding the prior art that could possibly support a petition for rehearing.

    Moreover, even if there were new evidence, the PTO rules will not accept new evidence in support of a petition for rehearing absent circumstances not present here. Nor is there evidence that ePlus has any basis for arguing that the Board misapprehended or overlooked any points warranting reconsideration. Given that these claims have been the subject of this reexamination for nearly five years, ePlus has had ample time and opportunity to present its evidence and arguments. ePlus's only viable recourse is appeal to the Federal Circuit, which applies the deferential substantial evidence standard of review applicable to fact issues such as are involved in this decision and is thus highly likely to affirm.

    In short, ePlus protests too much about the impact of this decision, the first decision at the Board of Appeals to address and affirm the rejection of ePlus's claims on multiple grounds.

Sincerely,

Daniel W. McDonald

cc: Scott Robertson