**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| *e*PLUS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09cv620 |
| | ) | |
| LAWSON SOFTWARE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

Defendant Lawson Software, Inc. ("Lawson"), by counsel, states as follows for its objections to Plaintiff ePlus, Inc.'s ("ePlus") Bill of Costs:

**INTRODUCTION**

ePlus's Bill of Costs, Memorandum in Support of Bill of Costs, and its supporting Declaration from its counsel, Jennifer Albert, ignore the Court's Taxation of Costs Guidelines ("Cost Guidelines") and the Court's Local Rules. ePlus claims costs explicitly barred by the Cost Guidelines, costs for which ePlus submits insufficient supporting documentation, and non-taxable and inflated costs in several categories. ePlus also failed to confer with Lawson to narrow the areas of disagreement prior to filing its Bill of Costs, as required by the Court's Cost Guidelines and Local Rule 7(E).

Moreover, ePlus is not entitled to an award of costs because it did not obtain any relief that 'directly benefits' ePlus. While ePlus obtained an injunction, that injunction provided no benefit to ePlus because Lawson has introduced a non-infringing version of its product which avoids the injunction. As a result, the judgment in this case did not confer the direct benefit required to qualify as a prevailing party. Moreover, even if the Court determines that ePlus is the

prevailing party under Fed. R. Civ. P. 54, it should exercise its discretion not to award costs or award lower costs because Lawson successfully defeated ePlus's damage claim, and the jury's split verdict and the length of its deliberations reflect that this case was close and difficult.

**LEGAL STANDARD**

Fed. R. Civ. P. 54 provides that a Court may award costs to a prevailing party, but the prevailing the party bears the burden of showing that the requested costs are allowed by § 1920. *Cofield v. Crumpler*, 179 F.R.D. 510, 514 (E.D. Va. 1998). Further, Rule 54 does not give "district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur the conduct of his case." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). If it chooses to award costs, the court is "bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J. T. Gibbon, Inc.*, 482 U.S. 437, 441-445 (1987). The Court "must tax costs 'sparingly' for items not specifically allowed by statute." *Farmer*, 379 U.S. at 235.

While Rule 54 "gives rise to a presumption in favor of an award of costs to the prevailing party," a district court may deny costs. *Teague v. Deloitte, Haskins & Sells*, 35 F.3d 978, 996 (4th Cir. 1993). Allowable reasons for denying costs include the excessiveness of costs, the prevailing party's failure to mitigate costs, and "the fact that the case in question was a close and difficult one." *Id.* "Depending on the extent and nature of the prevailing party's victory, it may be proper for the trial court to award only low costs or no costs at all." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 n.8 (Fed. Cir. 2010) (citing *Farrar v. Hobby*, 506 U.S. 103, 115 (1992); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996)).

Assessment of costs under Rule 54 is a matter of regional circuit law. *Summit Tech, Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1374 (Fed. Cir. 2006). Here, the Court's Local Rules govern

the award of certain costs, and the Court's Cost Guidelines, which were revised earlier this year, also addresses the award of costs. *See* Costs Guidelines, attached as Exh. A.

**ARGUMENT**

**I. ePlus Failed to Meet and Confer with Lawson About its Claim for Costs**

Among other things, the Court's Cost Guidelines require that counsel "furnish a statement that a good-faith effort to narrow the areas of disagreement has been made pursuant to Local Rule 7(E)." Here, ePlus made no effort to confer with Lawson before submitting its Bill of Costs, and the Court should exercise its discretion to deny the award of costs for the failure to meet and confer.

**II. Any Cost Award Should be Limited to the Costs Allowed under the Court's Local Rules and Cost Guidelines.**

Many of the costs that ePlus requests are barred by the Local Rules or the Court's Cost Guidelines, and ePlus fails to submit accurate documentation for other requested costs. Lawson's specific objections to ePlus's requests for costs are as follows:

**A. Fees of the Clerk (28 U.S.C § 1920(1))**

ePlus seeks taxation of *pro hac vice* applications of $550.00. *See* Declaration of Jennifer A. Albert in Support of Plaintiff ePlus, Inc.'s Bill of Costs ("Albert Dec.") at ¶ 11. The Cost Guidelines specifically state that miscellaneous costs, which would include *pro hac vice* application fees, are not taxable. *See* Cost Guidelines at § 1(B). As a result, the Court should deny ePlus's request for *pro hac vice* applications of $550.

**B. Fees of the Court Reporter (28 U.S.C. 1920(2))**

ePlus seeks $20,743.94 for transcripts of Court hearings. Albert Dec. ¶ 13. The Court's Cost Guidelines, however, state that the costs of court transcripts are taxable only "[w]hen prepared pursuant to stipulation of parties with agreement to tax as costs." *See* Cost Guidelines

at § 4(A)(1)(a). There is no agreement between the parties agreeing to tax the costs of court transcripts. The Cost Guidelines further state the cost of court transcripts prepared solely for convenience of counsel, as all the transcripts were in this case, are not taxable. *Id.* at § 4(B)(2). For those reasons, the Court should not tax any costs for court transcripts.

Moreover, ePlus seeks costs for transcripts of pre-trial and post-trial hearings as well as the costs of and daily transcripts and expedited transcripts charged at higher rates. Albert Dec. ¶ 12 and Exh B. ePlus cites no authority for the taxation of the costs of pre-trial or post-trial hearing transcripts. In addition, the Cost Guidelines provide that trial transcripts are taxed at the standard rate "unless there is an advance determination by the Court or an agreement of the parties to tax at a higher rate (daily or real-time transcripts)." *See* Cost Guidelines at § 4(A)(2). There has been no such determination or agreement in this case, and it is not possible to determine from the documentation ePlus has submitted which transcripts were billed at standard rate and which were billed at expedited or daily rates. As a result, the Court should deny ePlus's request to tax the costs of hearing transcripts.

ePlus also seeks the costs of transcripts of depositions taken in the case. Among these costs are $5,527.50 in fees for videotaped depositions and $1,200.00 in videographer fees. The Court's Cost Guidelines, however, clearly prohibit the taxation of videotaped deposition costs, "unless an authorizing order or stipulation provides for taxing these costs." *See* Cost Guidelines at § 9(B)(1). Deducting those costs and the non-taxable court transcript costs from ePlus's claimed costs of $62,174.04 leaves an amount of $34,702.60 in taxable costs for fees of the Court reporter under 28 U.S.C. § 1920(2).

**C. Fees for Witnesses (28 U.S.C. § 1920(3))**

ePlus seeks costs of $10,985.80 for travel, lodging and subsistence for its witnesses Farber, Hilliard, Johnson, Kinross, Momyer and Niemeyer. *See* Albert Declaration at ¶¶ 24-28 and Exh. D. Many of these claimed costs exceed the costs recoverable under the Local Rules and the Court's Cost Guidelines, and ePlus fails to submit documentation for other costs.

1. <u>Travel</u>

ePlus requests the actual travel costs for its witnesses in the amount of $6,074.80. *See* Albert Dec. at Exh. D. Local Rule 30(E) and the Court's Cost Guidelines, however, limit costs of travel for witnesses beyond the subpoena jurisdiction of the Court to 100 miles from the place of trial or hearing. *See* Local Rule 30(E) ("costs of travel shall be limited to what would have been expended if said witness resided within one hundred (100) miles from the place of trial or hearing"); Cost Guidelines at § 6(A)(2)(c). Thus, at the current reimbursement rate of $ .51 per mile, ePlus is entitled to $102.00 per witness per trip. At most, ePlus would be entitled to three trips for Mr. Farber, two trips each for Mr. Kinross and Mr. Momyer and one trip for Mr. Hilliard, Mr. Johnson and Mr. Niemeyer. That is a total of ten trips, totaling a maximum of $1,020.00 for travel for these witnesses.

2. <u>Lodging and Subsistence</u>

ePlus seeks 26 nights of lodging for six witnesses at a per diem rate of $114 per night. *See* Albert Dec. at Exh. D. ePlus, however, seeks excessive reimbursement for lodging costs for Mr. Farber, Mr. Johnson, Mr. Kinross and Mr. Momyer. For Mr. Farber, ePlus seeks reimbursement for nine days of lodging, even though he testified only on three days, January 12, January 20 and March 25. *See* Albert Dec., Exh. D. While the Courts Costs Guidelines permit taxation of witness fees for a party's employees if the employee is not a defendant, *see* Cost

Guidelines at § 6(A)(5), those fees are properly limited to the days that the employee-witness is testifying. A party is not entitled to witness fees for days that an employee-witness is simply attending trial, as Mr. Farber did for much of the trial. *See Goldstein v. Costco Wholesale Corp.*, 2004 U.S. Dist. LEXIS 22041 at *13 (E.D. Va. 2004) (awarding witness fees for corporate representative only for day of testimony). Thus, ePlus is not entitled to lodging for Mr. Farber for the six additional days on which he was not testifying.

ePlus seeks reimbursement for two days of lodging for Mr. Johnson, four days for Mr. Kinross and five days for Mr. Momyer. *See* Albert Dec., Exh. D. ePlus appears to request reimbursement for the night before and the night after each witness' testimony each time they traveled to Richmond. ePlus submits no documentation for lodging for these witnesses for January 5, the last day each of them testified. To the contrary, the hotel bills submitted by ePlus indicate that all three witnesses left Richmond on January 5. As a result, ePlus is not entitled to reimbursement for lodging for these witnesses on January 5. Removing six days of lodging for Mr. Farber and one day of lodging for each of Mr. Johnson, Mr. Kinross and Mr. Momyer from the 26 claimed days of lodging, leaves a maximum of 17 days of lodging at a per diem rate of $114 per day, for a total maximum reimbursement for lodging of $1,938.00.

ePlus likewise inflates its requests for subsistence for these witnesses. The subsistence for Mr. Farber should be reduced to three days – the days he actually testified – and the subsistence for Mr. Johnson, Mr. Kinross and Mr. Momyer should be reduced by one day each because they returned to their homes the day they testified on January 5. These reductions lower the amount of subsistence to a maximum amount of $1,353.00.

Adding together the proper taxable amounts for travel, lodging and subsistence, the maximum ePlus may receive for witness costs is $4,311.00, not the $10,985.00 it has requested.

**D. Fees for Exemplification and Copies of Papers (28 U.S.C. § 1920(4))**

ePlus claims $82,470.72 for the costs of photocopying motions, memoranda in support, appendices to motions and other pleadings and trial and hearing exhibits as well as the costs of obtaining documents from one third-party custodian, Robert Wood Johnson Hospital. *See* Albert Dec. at ¶¶ 30-35, Albert Dec., Exh. E. The Court's Cost Guidelines, however, only permit the taxation of the reasonable cost of papers obtained from third-party records custodians and documentary exhibits admitted into evidence at hearing or trial (including additional copies for the Court and opposing parties). *See* Cost Guidelines at § 7(A)(1). The Cost Guidelines do not permit the taxation of the costs of pleadings or appendices to pleadings as ePlus claims. The Cost Guidelines also do not permit the cost of production of witness binders and Jury notebooks, which make up many of the categories of expenses ePlus claims. *See Goldstein*, 2004 U.S. Dist. LEXIS at *22 (disallowing costs for trial notebook and deposition transcripts used at trial because these materials were created for the convenience of counsel and were not necessary expenses.)

Moreover, ePlus's copy costs clearly include far more than its costs to copy documentary exhibits admitted into evidence, as the Cost Guidelines allow. ePlus listed more than 500 exhibits on its original trial exhibit list and appears to claim the costs to copy its entire original list of proposed trial exhibits. *See* Albert Dec., Exh. E (including $40,522.43 in copy costs for trial exhibits on July 31). Even after withdrawing many exhibits, ePlus still had more than 300 exhibits on its exhibit list at the time of the final pre-trial conference. *See* Transcript of Sept. 27, 2010 Hearing at 3-4 (attached as Exh. B). As the Court noted at the final pre-trial conference, even this amount was excessive, and ePlus should have needed no more than 100 exhibits. *Id.* In fact, only 86 of ePlus's trial exhibits, plus portions of one other exhibit (Ex. 501), were

admitted into evidence. It is not possible, from the documentation ePlus submitted, to determine how much ePlus incurred to copy the 86 or 87 exhibits actually admitted into evidence. As a result, the Court should disallow any recovery for these costs. *See* Local Rule 54(D)(1) ("Costs will be disallowed if proper documentation is not provided.").

The number of sets of trial exhibits ePlus claims is also excessive. ePlus claims more than $100,000.00 to copy somewhere between 9 and 13 sets of its trial exhibits between July 31 and January 18. *See* Albert Dec., Exh. E (including costs of copies or printing of trial exhibits incurred on July 31 (3 sets), Aug. 19, Sept. 1 (4 sets), Sept. 7 (4 sets), Dec. 18, Dec. 23 (2 sets) and Jan. 18). Among these costs are almost $6,000.00 for the costs of printing PX 403, 500 and 501, even though PX 403 and PX 500 were not admitted into evidence and only a small portion of PX 501 was admitted. The Court should not allow costs for any of these expenses.

Finally, ePlus claims $25,301.61 for "exemplification of ePlus documents required to be provided to Lawson in this case." *See* Albert Dec. at ¶ 36, Exh. F. ePlus does not attempt to explain how these charges qualify as charges for "exemplification" under the statute. Rather, these costs appear to be simply the costs ePlus incurred to produce its documents on electronic media during discovery. Thus, these costs are not encompassed within § 1920(4), which provides only for costs related to documents "necessarily ***obtained***" for use in the case. ePlus cites no authority providing that a party may claim as taxable costs the cost of producing its documents during discovery, especially the costs of documents produced electronically and not copied. Further, the Court's Cost Guidelines do not provide for the recovery of the costs of producing documents in discovery. Accordingly, the Court should deny the taxation of these costs.

As a result, the only claimed expenses that ePlus properly documents and are taxable under § 1920(4) are the costs for obtaining copies of documents from Robert Wood Johnson Hospital, which total $323.37.

**III. The Court Should Not Award Costs to ePlus.**

**A. ePlus is Not a Prevailing Party Because the Judgment did not Confer a Direct, Material Benefit on ePlus.**

A party who does not receive a direct benefit from an injunction is not considered a prevailing party. While the Court's assessment of costs under Rule 54 is governed by regional circuit law, "Federal Circuit law defines 'prevailing party' for the purposes of patent litigation." *Shum*, 629 F.3d at 1363. To be the "prevailing party" a party must have received at least some relief on the merits. "That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Id*. at 1367 (citing *Farrar*, 506 U.S. at 111-13); *Manildra Milling*, 76 F.3d at 1182). In *Shum*, the Federal Circuit emphasized that "not every alteration in the legal relationship between parties … satisfies [the] prevailing party test." *Id*. at 1368. "The alteration must be (1) material and (2) 'modify [] the defendant's behavior in a way that directly benefits the plaintiff.'" *Id*. (citations omitted). In a mixed judgment case where both parties have obtained some relief, the Court determines the prevailing party under Rule 54 by focusing on the relief received by the plaintiff and the defendant, respectively. *Id*.

ePlus ignores that the Court struck its claim for damages and that the jury found in Lawson's favor on many of its claims of infringement. The jury found that none of the accused configurations of Lawson's S3 Procurement System infringed any asserted claim of the '516 patent, that two of the five accused configurations, including Lawson's core S3 Procurement System, did not infringe any asserted claims, that Lawson's core S3 Procurement System in

combination with Requisition Self Service (RSS), infringed only one claim and did not infringe eight other asserted claims and that even the configurations that were found to infringe five claims did not infringe seven other asserted claims. *See* Jury Verdict [Doc. No. 600]. Lawson not only defeated ePlus's significant claim for damages, it also obtained judgment in its favor on its counterclaim of non-infringement as to the claims that the jury found were not infringed. *See* Judgment entered May 2, 2011 [Doc. No. 736] at 3-4.

Since the Court excluded its claim for damages, the only relief that ePlus has obtained is an injunction. The injunction, however, does not provide any direct benefit to ePlus. Lawson has complied with the injunction by introducing a new product, Requisitions Center, or RQC, that replaced RSS. Despite ePlus's contention that it would be able to take over Lawson's customers, *see* Transcript of March 25, 2011 Hearing at 69-71, 80 (cited portions attached as Exh. C), Lawson is not aware of a single customer who has chosen to switch to ePlus. Lawson is not even aware of any efforts by ePlus to attempt to persuade Lawson customers to replace RSS with ePlus's products. In fact, ePlus stated in a Earnings Conference Call on June 9 that it has not identified any revenue effects from the injunction. *See* ePlus Q4 Earnings Conference Call Transcript, June 9, 2011, at 5 (attached as Exh. D). Thus, the injunction has not conferred any direct benefit on ePlus, much less the significant benefit necessary for ePlus to be declared a prevailing party under Rule 54. *Id*. at 1368-69.

**B. The Court Should Alternatively Exercise its Discretion to Refuse Most or All of an Award of Costs Because of the Mixed Outcome of this Case.**

As *Shum* noted, "even if a party satisfies our prevailing party test, the trial court retains broad discretion as to how much to award, *if anything*." *Shum*, 629 F.3d at 1367 n.8 (emphasis in original) (citations omitted). The jury's split verdict, as well as the length of their deliberations, demonstrates that it believed that the case was a close one. For that reason alone,

the Court should not award any costs. Further, both parties obtained judgment on some claims and Lawson defeated ePlus's claims for millions of dollars of damages. Where, as here, the outcome of a case is a mixed result, with each party prevailing on some of its claims, the Court should find that there is no prevailing party. *Tao of Sys. Integration v. Analytical Servs. & Materials*, 412 F. Supp. 2d 571, 574-75 (E.D. Va. 2006) (finding that because of mixed result, neither party was a prevailing party entitled to an award of costs); *see also U.S. Search, LLC v. U.S. Search.com, Inc.*, 300 F.3d 517, 522 n.4 (4th Cir. 2002) (applying the discretionary standard to a district court's decision as to which litigant was the prevailing party); *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (explaining that district courts have "wide discretion" in cases that have a "mixed outcome"); *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980) ("Where each of the parties has prevailed on one or more of its claims, defenses or counterclaims, the district court has broad discretion in taxing costs.").

## CONCLUSION

Even if the Court awarded full costs, the maximum ePlus should receive as provided in 28 U.S.C. 1920, the Local Rules and this Court's Taxation of Costs Guidelines is set forth below:

| | |
|---|---:|
| Fees of the Clerk (28 U.S.C § 1920(1)) | $350.00 |
| Fees of the Court Reporter (28 U.S.C. 1920(2)) | $34,702.60 |
| Fees for Witnesses (28 U.S.C. § 1920(3)) | $4,311.00 |
| Fees for Exemplification and Copies of Papers (28 U.S.C. § 1920(4)) | $323.37 |
| **TOTAL** | **$39,686.97** |

Moreover, costs should be denied because ePlus did not receive a direct benefit from the injunction and thus is not a prevailing party. Moreover, the lack of damages, the split jury

decision and the length of jury deliberations show that the case was "close and difficult" and therefore costs should not be awarded or at least reduced under the court's discretion.

LAWSON SOFTWARE, INC.

By: ________/s/______________
Of Counsel

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

Donald R. Dunner (admitted *pro hac vice*)
Erika H. Arner (admitted *pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

*Counsel for Defendant Lawson Software, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of June, 2011, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

/s/

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*