# EXHIBIT I



May 27, 2011

**Subject:   Immediate replacement of Requisitions Self Service software products required.**  (S3 Product IDs: SIP, SIPP, SIPSU)

## Executive Summary:

- After a 24-month legal battle, Lawson has been ordered by the Federal District Court for the Eastern District of Virginia to immediately discontinue sales, support and services of our Requisitions Self Service software (RSS).*
- The court has not ordered our customers to stop using RSS, but Lawson is no longer permitted to provide support.
- You are receiving this notice because we believe that you have licensed RSS in conjunction with our S3 application.
- Lawson is appealing this decision, but in the mean time, Lawson must comply with the court order.
- We have developed a replacement solution, Lawson Requisition Center (RQC), which we believe to be superior to the existing RSS solution.
- We have also developed a straightforward and simple process by which you can download, install, configure, test and implement the replacement product beginning June 1, 2011.
- We urge you to undertake this process as quickly as possible and in this letter we explain how exactly you can make this happen.

## Detailed Explanation

### Background

ePlus Inc., through its subsidiaries, engages in selling, leasing, financing, and managing information technology (IT) and other assets in the United States. It is involved in direct marketing of IT equipment and third-party software, as well as offers professional and business process services.  While they have some software products, they are primarily a services company.

In 2001 ePlus purchased some old U.S. patents relating to product catalogs in the procurement process. They paid less than $20,000 for those patents, but since that time they have sued a number of software companies for patent infringement. Most companies settled with ePlus by paying them millions of dollars to avoid the inconvenience and expense of a protracted legal battle.

At Lawson we believe that ePlus' patents are invalid.  Our Procurement software has been in place since the late 1980's and we believe that we developed this solution without any copyright or patent infringement.  We're not the only ones who believe this.  All five patent claims that were found to have been infringed have been rejected by the U.S. Patent and Trademark Office, with the rejections of three of them having been affirmed by the Board of Patent Appeals Interferences.  However, because ePlus is currently appealing the U.S. Patent and Trademark Office rulings, the court refused to take those rulings into consideration when hearing our case. (To a layman, this seems wrong, but this is how the legal process works.)

\*    *Some customers who have licensed RSS have also licensed Procurement Punchout and Electronic Data Interchange (EDI). The court order applies to these products, and certain punchout processing, when used with RSS. The new Requisition Center product addresses these issues and is therefore provided to resolve all infringement issues.*

Lawson Software, 380 St. Peter Street, St. Paul, MN 55102, USA. Tel: +1 651 767 7000, Reg office: St Paul, www.lawson.com, e-Mail:info@lawson.com.



Over the past 24 months we have fought e-Plus in the courts. We have spent $7m defending this case. In late January we won a moral victory in that the majority of ePlus' claims were rejected by the court and ePlus' claims for damages were also rejected completely. However the court found that Lawson did infringe a few of the patent claims. As stated above, the U.S. Patent Office has rejected all of those patent claims and we have appealed the court's decision. However, until our appeal is decided, Lawson must abide by the court's order.

**Court Ruling as of May 23, 2011**
A copy of the court's order is appended to this letter and here's the summary:
- Because these are U.S. patents, the court order applies only to the USA (situations where the computer server is located in the USA or the services or support are rendered within or to or from the USA)
- Lawson must immediately and permanently stop selling and servicing
    o S3 solutions used in conjunction with RSS
    o the M3 e-Procurement System (USA only).
- For customers who provide only healthcare patient services and who first licensed RSS before January 27, 2011, Lawson may continue to service and support these customers until November 22, 2011.

**Who is impacted by this?**
Every Lawson U.S.-based S3 customer who has licensed and is using RSS is impacted by this decision. We believe that approximately 475 active customers now need to take action.

Occasionally, we have had the need to replace products. When this happens, we usually give our customers 2-3 years notice. In this case, we don't have that luxury. If you do not take immediate action, you may continue to use the RSS product as is, but unless the court decision is overturned, we may not provide support or services to the RSS solution.

**What have we done to mitigate this issue?**
1. Although we expected to win the first round of this case, and we still expect to prevail on appeal, it was prudent for us to begin development of a replacement solution. The replacement solution (Requisition Center or RQC) is a new product and is now generally available. This solution does not violate any patents and we believe it to be a superior solution to our previous RSS solution. The new RQC solution is available to all impacted customers at no charge. You may download this solution from MyLawson.com. The download should take 20-30 minutes.
2. To help you understand the new RQC solution and to explain the differences, we are creating a demonstration and webinar which explains the product and highlights the differences. This webinar will available from MyLawson.com on June 3.
3. To help you install the RQC software, we have created a step by step Installation Guide. You may access and download this Installation Guide from MyLawson.com
4. To help you configure the solution, we have created a dedicated SWAT team of full-time Lawson consultants who will work with you to answer questions and guide you through the process. You may contact the RQC SWAT team by calling 1-800-281-8936 or by sending them an e-mail at RQC.SWAT@lawson.com. Each customer will be given access to up to 8 hours of no charge consulting time from the RQC SWAT team. The configuring and testing phase will vary by customer.
5. We believe this entire process will last from 2 days to 2 weeks depending on the size and complexity of your installation. In fact, we ourselves are now live on RQC and migrated from RSS to RQC in two days.



## CONCLUSION

In conclusion, although we disagree with the lower court's decision we can feel good that we have made a stand on principle. We respect the legitimate intellectual property rights of others and pay our product partners commercially reasonable royalties on the sales of their products. In Lawson's 34 year history prior to the ePlus lawsuit, we had never had a patent suit go to trial or to an injunction. We believe that the U.S. Patent Office is correct, and that ePlus' patent claims are invalid because of the wide spread amount of "prior art" that pre-dated the patents. In the spirit of compromise, we offered ePlus a reasonable royalty on future sales of RSS, but ePlus refused.

Finally, you will probably continue to see and hear inflammatory statements from ePlus. Their statements are designed to spread fear, uncertainty and doubt. Ignore them. These tactics are designed to coerce companies into paying exorbitant settlements that have no commercial basis.

Our mission is, and will continue to be, to make our customers stronger.

Sincerely,

*[signature]*

Harry Debes
CEO Lawson Software

Case 3:09-cv-00620-REP Document 729 Filed 05/23/11 Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
MAY 23 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

ePLUS, INC.,

    Plaintiff,

v.                         Civil No. 3:09cv620

LAWSON SOFTWARE, INC.

    Defendant.

## ORDER

This matter having been brought before the Court by Plaintiff ePlus, Inc. ("ePlus") for an Order, and the Court having considered the moving papers, all opposition thereto, and the arguments of counsel, and the Court having found that:

(1) absent an injunction against infringement, ePlus will suffer an irreparable injury;

(2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3) an injunction against the Defendant will not materially harm the Defendant, and in any event, considering the balance of hardships between the Plaintiff and Defendant, the balance tips decidedly in favor of an injunction;

(4) the public interest will be best served by a

permanent injunction; and

(5) a permanent injunction is appropriate under 35 U.S.C. § 283,

it is hereby ORDERED that the Defendant, Lawson Software, Inc. ("Lawson"), including its officers, directors, agents, servants, employees, subsidiaries, affiliates, successors in interest, and attorneys, and any person in active concert or participation with them, are permanently enjoined from directly or indirectly making, using, offering to sell, or selling within the United States or importing into the United States any of the following product configurations and/or installation, implementation, design, configuration, consulting, upgrade, maintenance and support and training and other related and associated services and any colorable variations thereof (the "Infringing Products and Services"):

(1) Lawson's Core S3 Procurement System (Lawson System Foundation ("LSF")/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules) and Requisition Self-Service or "RSS";

(2) Lawson's Core S3 Procurement System (LSF/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules), RSS,

and Punchout;

(3) Lawson's Core S3 Procurement System (LSF/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules), RSS, Punchout, and Electronic Data Interchange or "EDI," and

(4) Lawson's M3 e-Procurement Software.

In addition, Lawson is enjoined from:

(1) Circulating, publishing or disseminating within the United States any literature or information that encourages the use, sale or importation of any of the Infringing Products and Services; and

(2) Aiding and abetting, actively inducing, or in any way contributing to the making, use, sale or importation of any of the Infringing Products and Services within the United States. This injunction extends to the provision of any instruction, encouragement, installation, implementation, maintenance or support for any of the Infringing Products and Services.

It is further ORDERED that Lawson, including its officers, directors, agents, servants, employees, subsidiaries, affiliates, successors in interest, and attorneys, and any person in active concert or

participation with them, are required to notify all customers who have purchased all or any of the Infringing Products and Services of the terms of this Order, and to provide said customers with a copy of this Order.

It is further ORDERED that this injunction is to remain in effect until the expiration of both the '683 Patent and the '172 Patent, the latest of which is to expire on February 8, 2017.

It is further ORDERED that, with respect to Lawson's installation, implementation, design, configuration, consulting, upgrade, maintenance, support, training, and other related and associated services for the 277 customers who previously purchased the adjudicated infringing systems detailed above before the verdict and who provide only healthcare services, this Order will not take effect until November 23, 2011.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 23, 2011
4:45 PM