# EXHIBIT L

2797

```
 1      IN THE UNITED STATES DISTRICT COURT
 2       FOR THE EASTERN DISTRICT OF VIRGINIA
 3              RICHMOND DIVISION
 4
 5   -------------------------------------
                                    :
 6   ePLUS, INC.          : Civil Action No.
                          : 3:09CV620
 7   vs.                  :
                          :
 8   LAWSON SOFTWARE, INC.    : January 21, 2011
                          :
 9   -------------------------------------
10
11      COMPLETE TRANSCRIPT OF THE JURY TRIAL
12       BEFORE THE HONORABLE ROBERT E. PAYNE
13      UNITED STATES DISTRICT JUDGE, AND A JURY
14
     APPEARANCES:
15
     Scott L. Robertson, Esquire
16   Michael G. Strapp, Esquire
     Jennifer A. Albert, Esquire
17   David M. Young, Esquire
     Goodwin Procter, LLP
18   901 New York Avenue NW
     Suite 900
19   Washington, D.C.  20001
20   Craig T. Merritt, Esquire
     Christian & Barton, LLP
21   909 East Main Street
     Suite 1200
22   Richmond, Virginia  23219-3095
     Counsel for the plaintiff
23
24           Peppy Peterson, RPR
             Official Court Reporter
25         United States District Court
```

2798

```
 1   APPEARANCES:  (cont'g)
 2   Dabney J. Carr, IV, Esquire
     Troutman Sanders, LLP
 3   Troutman Sanders Building
     1001 Haxall Point
 4   Richmond, Virginia  23219
 5   Daniel W. McDonald, Esquire
     Kirstin L. Stoll-DeBell, Esquire
 6   William D. Schultz, Esquire
     Merchant & Gould, PC
 7   80 South Eighth Street
     Suite 3200
 8   Minneapolis, Minnesota  55402
```

2799

```
 1                P R O C E E D I N G S
 2
 3         THE CLERK:  Civil action number 3:09CV00620, ePlus,
 4   Incorporated, versus Lawson Software, Incorporated.  Mr. Scott
 5   L. Robertson, Mr. Craig T. Merritt, Ms. Jennifer A. Albert, and
 6   Mr. Michael G. Strapp represent the plaintiffs.
 7         Mr. Daniel W. McDonald, Mr. Dabney J. Carr, IV, Ms.
 8   Kirstin L. Stoll-DeBell, Mr. William D. Schultz, and Ms. Rachel
 9   Hughey represent the defendant.  Are counsel ready to proceed?
10         MR. ROBERTSON:  Yes, Your Honor.
11         MR. McDONALD:  Yes, Your Honor.
12         THE COURT:  All right.  We'll take plaintiff's JMOL
13   motion first.
14         MR. ROBERTSON:  Good morning, Your Honor.
15         THE COURT:  Good morning.
16         MR. ROBERTSON:  I'm going to be arguing plaintiff's
17   judgment as a matter of law with respect to infringement, and
18   Ms. Albert will be addressing plaintiff's judgment as a matter
19   of law with respect to the invalidity issues.
20         Your Honor, Rule 50 provides that judgment as a
21   matter of law may be granted when a reasonable jury would not
22   have a legally sufficient evidentiary basis to find for the
23   party Lawson on that issue.  ePlus moves for JMOL that Lawson
24   infringes all the asserted claims of the patents-in-suit, both
25   directly and indirectly, both through inducement of
```

2800

```
 1   infringement and contributory infringement.
 2         I'm not going to go through all the asserted claims,
 3   Your Honor.  I know Your Honor is familiar with them, and that
 4   would just take up too much time, and I know we're pressed for
 5   time here this morning with the Court's schedule this
 6   afternoon, but let me hit a high point, first start off by
 7   saying, we contend that the defendants non-infringement case in
 8   this proceeding has been really based on misdirection, that
 9   they have ignored the Court's claim construction with respect
10   to catalog.  They rewrote the provision for published by a
11   vendor to suit their manufactured non-infringement positions.
12         It required the Court, I think midcourse through this
13   case, to issue the instruction with respect to published by a
14   vendor to bring some clarity to what the Court intended when it
15   gave its instruction with respect to what a catalog is.
16         It did not mean, as the defendant contended, that the
17   item data associated with the catalog could not be selected --
18   or had to be selected by the customer or modified or deleted or
19   reformatted or be an entire catalog.  That was never intended
20   by the Court, and its revised published-by-a-vendor
21   construction made that clear, and I think the arguments made on
22   that, the non-infringement arguments that were based on that
23   have no sound footing in the record on this case.
24         We believe that the best evidence in this case has
25   come from, indeed, Lawson's own witnesses and documents.  Mr.
```

2965

1   THE COURT: Moving to 26, there is an objection
2   there. I thought you all worked out a lot of stuff.
3   Substantial progress you made -- who was it that represented
4   there was substantial progress going on? You don't have to
5   answer that question. You plead guilty?
6       MR. MERRITT: I do. I was sent down the hall to
7   check. I was assured, and they looked like they were working.
8       THE COURT: All right, 26.
9
10      (Discussion off the record.)
11
12      THE COURT: Okay, 26.
13      MR. ROBERTSON: Let me raise one issue, and then I'll
14  let Lawson raise the other issues. The things that are struck
15  here about -- I'm sorry, I'm down about --
16      THE COURT: Let's go to about the eighth line down,
17  acts that constitute.
18      MS. STOLL-DeBELL: So, Your Honor, with that, I think
19  the Federal Circuit held in DSU Medical Corporation that intent
20  for indirect infringement requires an intent to cause the
21  actual infringement, not the acts that constitute infringement.
22      THE COURT: What is the difference?
23      MS. STOLL-DeBELL: You'd have to actually know about
24  a patent and intend to cause the infringement as opposed to
25  intend to just cause something that you don't know is an

2966

1   infringement.
2       So I just took out the acts that constitute, because
3   that is the holding of the DSU Medical Corp. It was actually
4   an en banc decision from the Federal Circuit to resolve a
5   conflict in their law, and they held exactly that, that the
6   intent is to cause --
7       THE COURT: That's what the next clause says. It
8   says -- you are not reading the whole thing. You are just
9   editing out something. Cause the acts that constitute direct
10  infringement, comma, that Lawson knew of the patent and Lawson
11  knew or should have known that its actions would lead to actual
12  infringement. I mean, that seems to me to do --
13      MS. STOLL-DeBELL: I'll withdraw that redline.
14      THE COURT: Okay.
15      MS. STOLL-DeBELL: I'll put my horse back in the
16  barn, Your Honor.
17      THE COURT: That's a good thing to do. A good
18  horsewoman knows when to stable a mount.
19      All right, now, do you want to add the underscored
20  part here in your suggestion, Ms. Stoll-DeBell?
21      MS. STOLL-DeBELL: Yes, sir.
22      MR. ROBERTSON: I mean this appears argumentative to
23  me, Your Honor, and I don't know. Is there a case that says
24  this that you want to rely on?
25      MS. STOLL-DeBELL: I think to start off, they are

2967

1   relying on this SEB case, Your Honor, which is an outlier case
2   talking about deliberate indifference. The facts of that case
3   are very different than what we are talking about here.
4       In that case, the defendant actually copied the
5   patentee's product. They sent it to their manufacturer, and
6   they copied every feature of it. Then they went and had a
7   patent infringement -- or an opinion done, and they didn't tell
8   the patent attorney that they had copied the patentee's
9   product.
10      And in that case, the Federal Circuit found that they
11  had acted with reckless disregard for the patent rights by
12  copying the product and then having a search done and not
13  telling their patent attorney that they copped it. In that
14  case, the Federal Circuit found that they basically did know
15  about the patent in that case because of those bad acts.
16      We don't have those facts here, Your Honor, and I
17  think this reckless disregard standard is confusing. As Mr.
18  Robertson noted, the Supreme Court has granted cert on that
19  case, and I just don't think it's good law, and I don't think
20  it makes sense to put it in this case.
21      MR. ROBERTSON: Your Honor, it is the Federal
22  Circuit's most recent pronouncement on this case. They didn't
23  announce the standard based on the facts. They announced the
24  standard can be reckless disregard, and I did raise this with
25  Your Honor before. A case that's on certiori is still the law

2968

1   of the land until and -- if and until the Supreme Court
2   overturns it.
3       MS. STOLL-DeBELL: It is one case, Your Honor,
4   talking about --
5       THE COURT: Excuse me. Reckless disregard has always
6   been -- as far as I know, the concept of willful blindness,
7   deliberate indifference, all of those meld together and are
8   components that typically, in the law of intent, have been
9   considered -- have been appropriately considered as factors in
10  the analysis.
11      MS. STOLL-DeBELL: Your Honor, that may be true, but
12  it doesn't fit the facts of this case. We don't have any
13  copying here. In fact, as you know, Lawson has been selling
14  these products since the 1980s. There's just no facts that are
15  even anywhere close to the facts that they looked at in the SEB
16  case that would support instructing the jury on reckless
17  disregard here.
18      THE COURT: This case says, this Court has made
19  clear, however, that inducement requires a showing of specific
20  intent to encourage another's infringement. As other Courts
21  have observed, specific intent in the civil context is not so
22  narrow as to allow an accused wrongdoer to actively disregard a
23  known risk that an element of the offense exists.
24      And isn't that -- this Court notes that the Supreme
25  Court has indicated, in a different civil context, that

2011.01.21 Trial Transcript Day 12   1/21/2011  8:22:00 PM

```
                                                              3077
 1    arguments, Your Honor?
 2            THE COURT:  We told the jury to come back at 9:00.
 3    So you're going to get those instructions over here by -- I
 4    need them by four o'clock tomorrow afternoon.  So if that lets
 5    you sleep a little later, have at it.  Does that take care of
 6    everything?  I don't intend to clean up night.
 7
 8            (Court adjourned.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

ePlus - Perfect Commerce (Lawson)          Unsigned                    Page 3077