# EXHIBIT A

2011-1396

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

ePLUS, INC.,
               *Plaintiff-Appellee,*

v.

LAWSON SOFTWARE, INC.,
               *Defendant-Appellant.*

**PETITION FOR PANEL RECONSIDERATION OF
THE SINGLE-JUDGE ORDER DENYING LAWSON SOFTWARE'S
MOTION FOR A TEMPORARY STAY OF THE DISTRICT COURT'S
INJUNCTION PENDING CONSIDERATION OF AN
EMERGENCY MOTION FOR STAY**

Donald R. Dunner
Kara F. Stoll
Erika H. Arner
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue
Washington, DC 20001-4413
(202) 408-4000

*Attorneys for Defendant-Appellant
Lawson Software, Inc.*

1

Pursuant to Federal Circuit Rule 27(l), Lawson Software ("Lawson") seeks reconsideration by a three-judge panel of Judge Mayer's May 25, 2011 order denying Lawson's request for a temporary stay pending this Court's consideration of Lawson's motion for a stay pending appeal.

To our knowledge, this Court has almost invariably granted requests for temporary stays while the Court considers the full briefing on a motion to stay an injunction pending appeal. *See, e.g., Freedom Wireless, Inc. v. Boston Commc'ns Group, Inc.*, Nos. 06-1020, -1078, -1079 (Fed. Cir. Nov. 15, 2005) (granting temporary stay "not based on a consideration of the merits," but instead "to preserve the status quo while the court is considering the parties' papers"); *see also SynQor, Inc. v. Artesyn Techs., Inc.*, No. 11-1191 (Fed. Cir. Jan. 31, 2011) (order granting temporary stay pending court's consideration of papers submitted); *Tivo, Inc. v. Echostar Corp.*, No. 09-1374 (Fed. Cir. June 3, 2009) (same); *Aventis Pharma S.A. v. Hospira, Inc.*, No. 08-1499 (Fed. Cir. Aug. 5, 2008) (same); *Tivo, Inc. v. Echostar Commc'ns Corp.*, No. 06-1574 (Fed. Cir. Aug. 18, 2006) (same); *Molten Metal Equip. Innovations, Inc. v. Metaullics Sys. Co.*, No. 03-1595 (Fed. Cir. Sept. 24, 2003) (same). This practice allows the Court to maintain the status quo while the parties present their arguments on the merits of a stay pending appeal. Otherwise, a party seeking a stay pending appeal may be irreparably

2

harmed during the short interim period during which the Court considers the merits of the stay request.

The order in this case, denying Lawson's motion for a temporary stay, deviates from the Court's typical practice and will itself severely prejudice Lawson before the Court even considers the merits of Lawson's request for a stay pending appeal. For example, Lawson and its customers will be immediately damaged because the district court's injunction order may be broad enough to prohibit Lawson from servicing even those systems that the jury held do not infringe the patents-in-suit simply because those non-infringing systems are combined with one of the sub-systems found to infringe.[1] For example, page 2 of the injunction order states that Lawson cannot provide "maintenance" on "Lawson's Core S3 Procurement System (Lawson System Foundation ('LSF')/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules) and Requisition Self-Service " even though the jury found that Lawson's Core S3 Procurement System does *not* infringe. Lawson's inability to service the Core S3 Procurement System, even during a two-week period, will irreparably harm its relationship with its customers and prospective customers.

---

[1] Lawson intends to file a motion to clarify the scope of the injunction order, but such a motion will not likely be resolved until after this Court considers the merits of Lawson's motion to stay the injunction pending appeal.

3

In addition, actual customer confusion has already occurred as a result of a press release issued by ePlus yesterday regarding the injunction order. Among other things, the press release states that (1) "the injunction order is effective immediately for most [of Lawson's] customers"; (2) the "injunction order was entered in response to ePlus' request to permanently shut down all of Lawson's infringing activity"; and (3) the order "prevents Lawson from any ongoing or future maintenance, training or installation of its infringing software products." Ex. A. Lawson has already received customer calls involving the scope of the injunction and at least one customer has questioned whether it should purchase Lawson's *noninfringing* systems as a result of the injunction.

In addition, as we write this motion, Yahoo Finance reports Lawson's stock as one of "Nasdaq's 10 most active stocks at 1 p.m." with shares falling 0.5 percent to $11.05 and 16,172,000 shares traded. Moreover, just today, more than eighty shareholders have contacted Lawson with questions about whether the injunction would impact Lawson's ability to close sales and maintenance contracts and, as a result, adversely impact the planned acquisition of Lawson Software by an affiliate of Infor and Golden Gate Capital.

Under these circumstances, this Court should at least order a temporary stay during the brief period during which it considers the merits of Lawson's stay motion.

4

Dated: May 25, 2011

Respectfully submitted,

*/s/ Kara F. Stoll*

Donald R. Dunner
Kara F. Stoll
Erika H. Arner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue
Washington, DC 20001-4413
(202) 408-4000

*Attorneys for Defendant-Appellant
Lawson Software, Inc.*

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

EPLUS, INC. V. LAWSON SOFTWARE, INC.
No. 2011-1396

CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 27(a)(7) and 47.4(a), counsel for defendant-appellant Lawson Software, Inc. certify the following:

1. The full name of every party or amicus represented by us is:

    Lawson Software, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by us is:

    Not applicable.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of any party represented by us are:

    Not applicable.

4. The names of all law firms and the partners or associates that appeared for the parties now represented by us in the trial court or are expected to appear in this court are:

Dabney J. Carr, IV, Robert A. Angle, Megan C. Rahman
    TROUTMAN SANDERS LLP

Daniel McDonald, William D. Schultz, Kirstin Stoll-DeBell, Rachel C. Hughey, Andrew J. Lagatta, Joshua P. Graham
    MERCHANT & GOULD P.C.

Donald R. Dunner, Kara F. Stoll, Erika H. Arner
    FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

2011-1396

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

ePLUS, INC.,
                *Plaintiff-Appellee,*

v.

LAWSON SOFTWARE, INC.
                *Defendant-Appellant.*

## TEMPORARY STAY ORDER

UPON CONSIDERATION of LAWSON'S EMERGENCY MOTION FOR A STAY PENDING APPEAL OF THE DISTRICT COURT'S INJUNCTION, filed on May 24, 2011, it is ORDERED that:

The district court's injunction, entered on May 23, 2011, will be temporarily stayed pending receipt of ePlus's response and Lawson's reply thereto. This temporary stay is not based on a consideration of the merits, but is granted to preserve the status quo while the Court considers the parties' papers.

Date: _____                FOR THE COURT: _____

2011-1396

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

ePLUS, INC.,
*Plaintiff-Appellee,*

v.

LAWSON SOFTWARE, INC.,
*Defendant-Appellant.*

## DECLARATION OF KARA F. STOLL

1. I am a partner with Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, principal counsel for Lawson Software in this appeal. I am submitting this declaration in connection with Lawson's Petition for Panel Reconsideration of the Single-Judge Order Denying Lawson's Motion for a Temporary Stay Pending Consideration of an Emergency Stay.

2. To the best of my knowledge, all of the facts set out in Lawsons' Petition are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on: May 25, 2011.

By: *Kara F. Stoll*
Kara F. Stoll

## CERTIFICATE OF SERVICE

I hereby certify that two copies of the foregoing PETITION FOR PANEL RECONSIDERATION OF THE SINGLE-JUDGE ORDER DENYING LAWSON SOFTWARE'S MOTION FOR A TEMPORARY STAY OF THE DISTRICT COURT'S INJUNCTION PENDING CONSIDERATION OF AN EMERGENCY MOTION FOR STAY were served by Federal Express on the May 24, 2011, on the following counsel of record:

Scott L. Robertson
Jennifer A. Albert
David M. Young
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

/s/ Kay Wylie