**PX-320**

**PX-0320**

Confidential

## SETTLEMENT AND LICENSE AGREEMENT

THIS SETTLEMENT AND LICENSE AGREEMENT is made and entered into this _____ 7th day of July, 2009 (the "Effective Date") between *e*Plus inc. ("*e*Plus"), on the one hand, and Verian Technologies, Inc. ("Verian"), on the other hand (referred to collectively herein as the "Parties" or in the singular as "Party").

Verian is a Delaware corporation having its principal place of business at 8701 Mallard Creek Road, Charlotte, North Carolina  28262. *e*Plus is a Delaware corporation having its principal place of business at 13595 Dulles Technology Drive, Herndon, VA 20171.  As used herein, "Verian" and "*e*Plus" shall each include the Parties' respective officers, directors, shareholders, agents, and employees, and their respective successors and assigns to the extent permitted by Sections 15 and 35 hereof.

WHEREAS, certain disputes have arisen between the Parties including, without limitation, the claims asserted by *e*Plus in the case captioned *ePlus inc. v. Perfect Commerce, Inc., SciQuest, Inc., Lawson Software, Inc. and Verian Technologies, Inc.,* Civil Action No. 2:09cv232, now pending in the United States District Court for the Eastern District of Virginia (Norfolk Division) (hereinafter referred to as "the Action");

WHEREAS, the Parties wish to terminate the Action by agreeing to a settlement of all claims, defenses, and counterclaims asserted or which could have been asserted in the Action; and

NOW, THEREFORE, in consideration of the promises, mutual covenants and agreements herein contained and other good and valuable consideration, the receipt,

8469697.2

ePLUS0940815

Confidential

validity, and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

### A.   <u>DEFINITIONS</u>

1.      "*e*Plus Patents" means U.S. Patent Nos. 6,023,683 (the "'683 Patent"), 6,055,516 (the "'516 Patent") and 6,505,172 (the "'172 Patent").

2.      "Change in Control" of Verian means (a) the closing of the sale, transfer or other disposition of all or substantially all of Verian's assets pertaining to the products and services which are covered by the *e*Plus Patents, inclusive of an assignment of the license granted in Section 14 hereof, (b) the consummation by Verian of a merger or consolidation with or into another entity or other similar transaction, (c) the acquisition of Verian's securities by a person or group of affiliated person, whether by merger, consolidation, tender offer or otherwise and whether in one transaction or a series of related transactions, or (d) a liquidation, dissolution or winding up of Verian following the formation of a partnership or other joint venture with a third party in which Verian contributes to such partnership or joint venture (whether by transfer or license) all or any substantial part of its business involving the products and services with are covered by the *e*Plus Patents, the license granted in Section 14 hereof. "Change in Control" includes any Change in Control as a result of a bankruptcy proceeding involving Verian.

3.      The term "Affiliate" means any subsidiary, corporation, firm or entity directly or indirectly controlled by, controlling, or in or under common control of any Party. "Control," as used in this definition, means the ownership, directly or indirectly, of 50 percent or more of the shares of stock entitled to vote for the election of directors in

8469697.2

2

Confidential

the case of a corporation, or 50 percent or more of the equity interest in the case of any other type of entity.

### B.   LICENSE FEE PAYMENTS

4.      In consideration for the grant from *e*Plus to Verian of the license set forth in Section 14 below, Verian shall pay to *e*Plus the amounts set forth in Exhibit A.

5.      Absent written notice delivered by *e*Plus at least three (3) business days in advance or otherwise agreed in writing by the Parties, payments hereunder shall be made to *e*Plus by wire transfer to:

> Wachovia Bank, NA
> Philadelphia, PA
> ABA No:  031-201-467
> Acct No:  2014 15939 6552

6.      All payments made under this Section B are non-refundable.

7.      [Intentionally Omitted]

### C.   DISMISSAL WITH PREJUDICE

8.      Contemporaneous with the execution of this Settlement and License Agreement and the Mutual Release (described below), the attorneys of record for the Parties will jointly submit to the Court a Proposed Stipulation and Order of Dismissal with Prejudice in the form attached hereto as Exhibit B.  The Parties each waive and relinquish any right to appeal or otherwise seek review or reconsideration of the Stipulation and Order of Dismissal.

### D.   MUTUAL RELEASES

9.      *e*Plus Releases.   *e*Plus, on behalf of itself and its Affiliates and their respective successors and assigns, irrevocably releases, acquits and forever discharges

8469697.2

CONFIDENTIAL

ePLUS0940817

PX0320, Page 3 of 21

Confidential

Verian, its past and present Affiliates, their respective past and present officers, directors, employees, agents, predecessors, successors, assigns, representatives and attorneys, and the past and present manufacturers, distributors, sales agents, support and development contractors, customers and users of Verian's products and services (the "Verian Releasees") from any and all claims or liabilities of any kind and nature, at law, in equity, or otherwise, known and unknown, disclosed and undisclosed, relating in any way to actions taken before the Effective Date by the Verian Releasees in connection with the Action or the *e*Plus Patents; provided, however, that nothing contained within this release shall be deemed to release Verian from any of its duties or obligations set forth under this Agreement.

10.     Verian Releases.  Verian, on behalf of itself and its Affiliates and their respective successors and assigns, irrevocably releases, acquits and forever discharges *e*Plus and its past and present Affiliates and their respective past and present officers, directors, employees, agents, predecessors, successors, assigns, representatives and attorneys (the "*e*Plus Releasees"), from any and all claims or liabilities of any kind or nature, at law, in equity, or otherwise, known and unknown, disclosed and undisclosed, relating in any way to actions taken before the Effective Date by *e*Plus Releasees in connection with the Action; provided, however, that nothing contained within this release shall be deemed to release *e*Plus from any of its duties or obligations set forth under this Agreement.

11.     General Releases.  The releases by *e*Plus and Verian in this Agreement include an express, informed, knowing and voluntary waiver and relinquishment to the fullest extent permitted by law.  In this connection, the Parties acknowledge that they

8469697.2

CONFIDENTIAL

ePLUS0940818

Confidential

may have sustained damages, losses, costs or expenses which are presently unknown and unsuspected and that such damages, losses, costs or expenses as may have been sustained may give rise to additional damages, losses, costs or expenses in the future. The Parties hereto further acknowledge that they have negotiated this Agreement taking into account presently unsuspected and unknown claims, counterclaims, causes of action, damages, losses, costs and expenses arising from or relating to the Action, the *e*Plus Patents and the relationship between the Parties, and the Parties hereto voluntarily and with full knowledge of its significance, expressly waive and relinquish any and all rights they may have under any state or federal statute, rule or common law principle, in law or equity, relating to limitations on general releases.

### E.   LITIGATIONS AND REEXAMINATIONS

12.   <u>Reexamination of *e*Plus Patents</u>.  Verian agrees that neither it nor any of its Affiliates, representatives or agents shall directly or indirectly file, induce or encourage the filing of a request for reexamination of any of the *e*Plus Patents with the U.S. Patent and Trademark Office or voluntarily aid, assist or participate in any reexamination or other Patent Office proceeding involving any of the *e*Plus Patents, except as required by valid compulsory legal process.

13.   <u>Litigation Against *e*Plus Patents</u>.  Neither Verian, nor any of its Affiliates, representatives or agents will initiate, induce, encourage, voluntarily join, participate, or finance, either directly or indirectly, any litigation or other claim or court proceeding against *e*Plus, or any successor or assign of *e*Plus, arising from, pertaining to, or related to the validity or enforceability of any claim of any of the *e*Plus Patents, except as required by valid compulsory legal process.

8469697.2

5

Confidential

F.   **LICENSES OF INTELLECTUAL PROPERTY**

14.   Subject to the terms and conditions set forth herein, and in exchange for Verian's promise to pay the license fees set forth in Section 4 above and Exhibit A identified therein, *e*Plus, for itself and its Affiliates, grants to Verian and its present and future Affiliates a personal, non-exclusive, non-transferable and non-assignable (except as provided in Sections 15 and 35 hereof), non-sublicensable (except for sublicenses to manufacturers, distributors, sales agents, support and development contractors, customers and users acting under Verian's authority with respect to products and services which are sold or licensed, directly or indirectly, by Verian), worldwide license to make, have made, import, export, sell and offer for sale, support and repair any products and services that are covered by one or more claims of the *e*Plus Patents, and any counterpart foreign patents, where each patent license granted under this paragraph shall terminate at the expiration or final non-appealable determination of invalidity of the patent covered by such license.  All such products of Verian which are imported, distributed, sold, offered for sale or utilized in any manner and which are covered by one or more claims of any *e*Plus Patent will be marked pursuant to 35 U.S.C. §287 in a form mutually agreed to by the Parties.

15.   The patent license granted in Section 14 does not extend to entities or their Affiliates acquired by Verian or entities or their Affiliates with which Verian may merge after the Effective Date if, at any time during the six month time period prior to such acquisition or merger, the counterpart entities or their Affiliates are making, using, or selling products or services which infringe one or more claims of any *e*Plus Patent, without the prior written consent of *e*Plus, which *e*Plus may grant or deny in its sole

8469697.2

6

2fa452299735b170

Confidential

discretion.  Otherwise, the acquired or successor entities shall be considered Verian or a permitted Affiliate of Verian for purposes of Section 14 hereof.

16.    Audit Rights.  If the running royalty provision of paragraph 2 of Exhibit A identified in Section 4, become effective, *e*Plus may, one year after Verian's duty to pay such royalties accrues, require an audit of Verian's sale and service records for a determination as to whether the proper royalty has been paid in that one year period.  If *e*Plus requests an audit, forty-five days (45) advance notice will be provided.  Such audit will be conducted by an independent third party acceptable to both parties, and such audit will be conducted subject to pre-agreed confidentiality restrictions.  *e*Plus will bear the cost of such audit unless the audit determines the royalty due for the one year period to have been underpaid by more than 10% or $10,000 (whichever is greater), in which case Verian will be responsible for *e*Plus's out-of-pocket audit costs up to $10,000.  Upon any determination that the royalty has been underpaid, Verian will promptly pay the difference.  After an initial request for an audit, *e*Plus may request further audits only on an annual basis.  Two years after the Effective Date herein, *e*Plus may request an audit under similar conditions as to whether the threshold level of paragraph 2 of Exhibit A identified in Section 4 (i.e., the $15 million annual revenue benchmark) has been exceeded.

17.    The patent license granted in Section 14 of the Settlement and License Agreement is executory in nature within the meaning of 11 U.S.C. § 365(n).

18.    Except as specifically set forth in this Section F, this Settlement and License Agreement does not grant either Party any license to, or otherwise transfer any rights in, any intellectual property of either Party.

7

8469697.2

Confidential

19.     Any failure by Verian to make any payment called for in Section B which is not cured within 15 days after notice of non-payment shall result in the automatic termination of the patent license granted by ePlus to Verian under this Section F, effective at the time such failure occurs, unless the underpayment is disputed in good faith.

20.     In the event Verian becomes a debtor in a bankruptcy proceeding, Verian agrees that, to the extent permitted by applicable law, within seven (7) calendar days of the commencement of the bankruptcy proceeding, it will file an expedited motion in the bankruptcy court seeking authorization to either assume or reject the executory patent license granted by ePlus.  A failure to file and prosecute such a motion, or thereafter to have failed to assume or reject the executory patent license within twenty-five (25) calendar days after the commencement of the bankruptcy proceeding, or by such later time as the bankruptcy court may require, will result in the immediate and automatic termination of the executory patent license without the need for any action by ePlus.  In connection with any assumption, Verian shall be required to cure all defaults and otherwise shall satisfy the preconditions to assumption described in 11 U.S.C. §365. ePlus consents to the assignment of this Agreement to, and the assumption of this Agreement by, Verian's successor in bankruptcy, so long as all other requirements of this Agreement are satisfied.

21.     If Verian, or a trustee acting on Verian's behalf in a bankruptcy proceeding, should prosecute against ePlus an action to avoid and recover any portion of the payments paid to ePlus in Section 4 above then, upon entry of an order directing ePlus to make any such payment, ePlus shall have the right, but not the obligation, to

8

8469697.2

Confidential

rescind the entirety of this Settlement and License Agreement, including the grant to Verian of the executory patent license.

22.    <u>Covenant Not to Sue</u>.   Each Party, for itself and its present and future Affiliates (the "Convenator"), covenants not to sue the other Party, or any of the other Party's Affiliates, or any of the other Party's or its Affiliates' distributors, sales agents, support and development contractors, customers and users acting under such other Party's or its Affiliates' authority (the "Covenantee") with respect to the other Party's or its Affiliates' products and services covered by the *e*Plus Patents, at any time for any claim that the other Party's or any of its Affiliates' manufacture, contract for manufacture, use, sale, offer for sale, lease, exportation, importation, distribution, support or development, or other transfer of products or services, constitutes direct infringement, indirect infringement, contributory infringement or inducement of infringement of any patents now filed for, owned or hereafter acquired or obtained by the Covenantor within five (5) years after the Effective Date.   Each Covenantor further covenants and agrees to indemnify and hold each Covenantee harmless from any and all costs, attorneys' fees, damages, or other fees the Covenantee incurs or that are assessed in the event of an actual or threatened patent infringement suit or claim made by Covenantor alleging that the manufacture, contract for manufacture, use, sale, offer for sale, lease, importation, exportation, distribution, support or development, or other transfer by Covenantee of any products or services covered by the *e*Plus Patents, constitutes direct, indirect, contributory or inducement of infringement of any Covenantor patent filed for, owned or hereafter acquired or obtained by the Covenantor within five (5) years after the Effective Date.

**G.     REPRESENTATIONS AND WARRANTIES.**

8469697.2

9

CONFIDENTIAL

ePLUS0940823

Confidential

23.   <u>Mutual Representatives and Warranties</u>.   Each Party represents and warrants, solely to and for the benefit of the other Party, that:

(a) it has the full right, power and authority to enter into this Agreement and perform its obligations hereunder and, in the case of *e*Plus, to grant the release set forth in Section 9 hereof, and grant the license set forth in Section 14 above;

(b) its performance of this Agreement shall not conflict with or result in a breach or violation of any of the terms or provisions or constitute a default under any other agreement by which it is bound or to which its assets are subject;

(c) when executed and delivered, this Agreement shall constitute a legal, valid and binding obligation enforceable against it in accordance with its terms;

(d) with respect to *e*Plus, it is the owner of the *e*Plus Patents and has not assigned to any third party any right of action or recovery against Verian or its Affiliates; and

(e) with respect to *e*Plus, no party other than *e*Plus has any right to assert or recover past damages with respect to any of the *e*Plus patents.

24.   <u>Representations and Warranties of Verian</u>.   Verian represents and warrants that the income statements, bank statements and tax forms provided to *e*Plus' appointed attorney on June 25 and 26, 2009 to demonstrate Verian's ability to pay the license fee amounts specified in Exhibit B were true and accurate statements for the times and periods indicated.

25.   <u>General Disclaimer</u>.   EXCEPT AS EXPRESSLY SET FORTH IN SECTION 23 AND 24, THE *e*Plus PATENTS ARE LICENSED "AS IS" WITHOUT WARRANTY OF ANY KIND, AND EACH PARTY HEREBY DISCLAIMS ALL

10

8469697.2

Confidential

OTHER WARRANTIES, EXPRESS, IMPLIED, AND STATUTORY, INCLUDING BUT NOT LIMITED TO ALL IMPLIED WARRANTIES OF MERCHANTABILITY, NON-INFRINGEMENT AND FITNESS FOR A PARTICULAR PURPOSE.

26.     Additional Disclaimers.   Without limiting the generality of Section 25, *e*Plus makes no express or implied warranty (a) as to the validity, enforceability or scope of any *e*Plus Patent, or (b) that any product or service made, used, sold, offered for sale or imported or otherwise transferred under any licensed granted under this Agreement is or will be free from infringement of rights of third parties.

27.     No Admission.   Neither the execution of this Agreement nor the payment or delivery of any sum or other consideration required hereby shall constitute an admission of liability or obligation on the part of Verian with respect to the claims made by *e*Plus in the Action, and any such liability or obligation is expressly denied by each Party hereto.   No provision, commitment or statement in this Agreement shall be construed as a factual statement or admission by Verian with respect to the Action or the *e*Plus Patents.

### H.     **MISCELLANEOUS**

28.     Each Party is to bear its own costs and attorneys fees as it relates to the Litigation.

29.     Court's Continuing Jurisdiction.   The Parties agree that the Court shall retain continuing jurisdiction over the enforcement of this Settlement and License Agreement.   In the event any dispute arises between the Parties over the terms of this Settlement and License Agreement, the dispute will be heard in the United States District Court for the Eastern District of Virginia (Norfolk Division).

8469697.2

CONFIDENTIAL

ePLUS0940825

PX0320, Page 11 of 21

Confidential

30.   <u>Choice of Law</u>.  The form, execution, validity, construction and effect of this Settlement and License Agreement shall be determined in accordance with the laws of the State of Delaware.

31.   <u>Notices</u>.  Any notices that are required or permitted hereunder shall be sent as follows and are deemed effective upon receipt:

To Verian:

Verian Technologies, Inc.
8701 Mallard Creek Road
Charlotte, North Carolina  28262
Attention:  Tehseen Ali, President and CEO


With a Copy to:

Sutherland Asbill & Brennan, LLP
999 Peachtree St., NE
Suite 2700
Atlanta, Georgia  30309
Attention:  Peter C. Quittmeyer, Esq.


To ePlus:

ePlus inc.
13595 Dulles Technology Drive
Herndon, VA 20171-3413
Attention:  Erica S. Stoecker, General Counsel


With a copy to:

Scott L. Robertson
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

8469697.2

CONFIDENTIAL

ePLUS0940826

Confidential

32.  <u>Non-Waiver</u>.  The waiver of any breach of any provision of this Agreement shall not be deemed to be a waiver of any other breach of the same or any other provision of this Agreement.

33.  <u>Non-Agency</u>.  Nothing contained in this Agreement or the performance thereof is intended to or shall be construed to create any relationship or agency, partnership or joint venture between or among the Parties.

34.  <u>Enforcing *ePlus* Patents</u>.  Nothing in this Agreement shall be construed as an agreement by *ePlus* to bring actions or suits against third parties for infringement of the *ePlus* Patents, or conferring any right to Verian or its Affiliates to bring actions or suits against third parties for infringement of the *ePlus* Patents.

35.  <u>Assignment; Change of Control</u>.  Except as permitted by this Agreement, Verian may not assign this Agreement without the prior written consent of *ePlus*, which *ePlus* may grant or deny in its sole discretion.  Any attempted or purported assignment or delegation by Verian in violation of this Section shall be null and void.  However, if Verian conducts, engages in, or is the subject of a Change of Control, then Verian may assign this Agreement without the prior written consent of *ePlus* in such instance, and the purchaser, merger partner, acquiror, or successor in a Change of Control shall qualify as a permitted assignee or Affiliate of Verian for purposes of this Agreement, if the purchaser, merger partner, acquiror, or successor entity at the time of the Change of Control, or at any time in the period six months prior to the Change of Control, does not have a business of making and/or selling its own products and services for purchase by third-party customers that infringe the *ePlus* Patents.  Verian will notify *ePlus* of any such Change of Control within ten (10) days of its completion, if such Change of Control

8469697.2

Confidential

involves the substitution of the named Party to this Agreement or an assignment of this Agreement. Nothing in this provision shall restrict or prevent *e*Plus from transferring, assigning or licensing any of the *e*Plus Patents without prior written notice or consent of Verian, but subject to (i) the rights and licenses granted hereunder, and (ii) adherence to the covenants in Section 22 hereof shall be binding on any transferee, assignee or licensee of all or substantially all of the rights of *e*Plus in any of the *e*Plus Patents.

36. <u>Governing Law</u>. This Agreement will be governed by and construed in accordance with the internal laws of the state of Delaware.

37. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement among the parties with respect to the subject matter hereof and supersedes all promises or understandings made prior to or contemporaneously herewith with respect to such subject matter.

38. <u>Severability</u>. In the event that any provision of this Agreement is deemed invalid, unenforceable or void by a final, non-appealable judgment of a court of competent jurisdiction in a proceeding initiated by a third party, the remainder of this Agreement shall be interpreted to the extent possible to effect the overall intention of the Parties of the Effective Date.

39. <u>Multiple Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but both of which together shall constitute one and the same instrument.

40. <u>Modification</u>. This Agreement may not be amended, modified or altered in any way, except in a writing identified as such and signed by all Parties hereto.

14

8469697.2

Confidential

41.    Cumulation.  All rights and remedies enumerated in this Agreement will be cumulative and none will exclude any other right or remedy permitted herein or by law.

42.    Representation by Counsel.  Each of the Parties acknowledges that it has been represented by counsel in connection with the negotiation, drafting and execution of this Agreement.  The language used in this Agreement shall be deemed to be language chosen by all Parties to express their mutual intent, and no strict rule of construction against any Party shall be applied to any term or provision hereof.

43.    Captions.  The captions to the sections or subsections of this Agreement are solely for the convenience of the Parties, are not a part of this Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Agreement or any provision hereof.

44.    Non-Disparagement, Confidentiality.  The Parties each agree not to disparage each other in respect of the subject matter of the Action or of this Settlement Agreement, including, without limitation, by directly or indirectly permitting, enabling, initiating, assisting, participating in, or encouraging any conduct (including, without limitation, oral or written statements, interviews, or speeches) that impugns, criticizes, or otherwise negatively reflects on the other.  No public statement shall be made regarding this Agreement or the Action by either Party, other than that the parties have resolved their differences, the Action has been dismissed with prejudice and Varian has a license in the ePlus Patents. The Parties will hold the terms of this Agreement in confidence and not disclose its terms to any other Party without the prior written consent of the other Party, except for disclosures required by law, regulatory entities or to comply with the

15

8469697.2

Confidential

requirements of external auditors, or as advised by counsel to meet any of the foregoing disclosure obligations.

    45.   <u>Disposition of Confidential Documents</u>.  Upon dismissal of the Action, counsel for each Party shall immediately destroy all but one archival copy of documents and information produced by the opposing Party that has been designated as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY".  Counsel shall continue to treat such archival copies pursuant to the terms of the Confidentiality and Non-Disclosure Agreement between the Parties, dated June 15, 2009, which Agreement shall otherwise continue in effect.


    IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed through its duly authorized representative below.

**_e_Plus inc.**

By: _____

Printed Name: _____

Title: _____


**Verian Technologies, Inc.**

By: _____

Printed Name: _____ Telecca Hi

Title: _____ President

8469697.2

16

CONFIDENTIAL

ePLUS0940830

Confidential

requirements of external auditors, or as advised by counsel to meet any of the foregoing disclosure obligations.

45.   Disposition of Confidential Documents.   Upon dismissal of the Action. counsel for each Party shall immediately destroy all but one archival copy of documents and information produced by the opposing Party that has been designated as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY". Counsel shall continue to treat such archival copies pursuant to the terms of the Confidentiality and Non-Disclosure Agreement between the Parties, dated June 15, 2009, which Agreement shall otherwise continue in effect.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed through its duly authorized representative below.

ePlus Inc.

By: _____   7/8/09

Printed Name: _Elaine D. Marion_

Title: _Chief Financial Officer_

Verian Technologies, Inc.

By: _____

Printed Name: _Tekcca Hi_

Title: _President_

16

8469697.2

Confidential

## EXHIBIT A

**License Fee Payments**:

(1) A payment of five hundred thousand dollars ($500,000) payable as follows: (a) two hundred fifty thousand dollars ($250,000) payable within two (2) business days after the filing and acceptance by the court of the Proposed Stipulation and Order of Dismissal with Prejudice in the form attached hereto as Exhibit B; and (b) one hundred twenty-five thousand dollars ($125,000) payable by February 16, 2010; and (c) one hundred twenty-five thousand dollars ($125,000) payable by October 20, 2010.

(2) If, in any calendar year, after the Effective Date, Verian's or its Affiliates' sales and service revenue for products and services covered by the *e*Plus patents exceed $15 million, then Verian will pay an annual 2.5% royalty on all such sales and services revenue in excess of $15 million in such calendar year. (For purposes of this calculation, such revenue will not include proceeds from resale of third-party equipment or pass-through costs which are separately itemized such as taxes, travel costs, third-party license charges, subcontractor fees for non-infringing activity or delivery charges.) Each such payment (if any) will be made on the first day of April in the year following the year in which the revenue for such Verian and Affiliate products and services exceed $15 million. At the same time each such payment (if any) is due Verian will provide a certified statement of the total revenues of it and its Affiliates and its and its Affiliates' revenues for those products and services covered by the *e*Plus Patents, which statement

8469697.2

ePLUS0940832

Confidential

shall be sent "for attorneys' eyes only" to *e*Plus outside counsel as identified in this Agreement.  If the revenue for such Verian and Affiliate products and services covered by *e*Plus Patents is $15 million or less for any calendar year but greater than $10 million, Verian will provide a similarly certified statement of such total revenues.  If the revenues for such Verian and Affiliate products and services covered by *e*Plus Patents is $10 million or less in any calendar year, Verian will provide a similarly certified statement that such revenues are less than $10 million.  In each case, this statement shall be certified by Verian's Chief Executive Officer or another authorized officer of Verian as being true and correct to the best of his knowledge and may not be disclosed by *e*Plus counsel to any other person, including *e*Plus or any of its officers and employees. Outside counsel will inform *e*Plus as to only whether the $15 million threshold has been met or not in that calendar year.

CONFIDENTIAL

ePLUS0940833

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

|  |  |  |
|---|---|---|
| *e*PLUS inc., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No. 2:09cv232** |
| v. | ) | |
| | ) | |
| PERFECT COMMERCE, INC., | ) | |
| SCIQUEST, INC., LAWSON SOFTWARE, | ) | |
| INC., and VERIAN TECHNOLOGIES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**
**BETWEEN PLAINTIFF *e*PLUS, INC. AND**
**DEFENDANT VERIAN TECHNOLOGIES, INC.**

Plaintiff *e*Plus, Inc. and Defendant Verian Technologies, Inc., by and through their undersigned counsel and pursuant to a settlement agreement reached between them, do hereby stipulate and agree to a dismissal of the claims of this action as between them (and their claims, counterclaims, third-party claims and/or any cross claims) with prejudice and on the merits, and with each side to bear its own costs except as the settlement agreement between them otherwise provides.

8469697.2

CONFIDENTIAL

ePLUS0940834

Confidential

Dated: ~~June~~ July 7th _____, 2009

Respectfully submitted,

By: _____
Gregory N. Stillman (VSB No. _____)
Hunton & Williams LLP
500 East Main Street
Suite 1000
Norfolk, VA 23510
P: (757) 640-5300
F: (757) 625-7720
email: gstillman@hunton.com

Of Counsel:
Scott L. Robertson
Jennifer A. Albert
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
P: (202) 346-4000
F: (202) 346-4444

Counsel for Plaintiff
_ePlus inc._

By: _____

SO ORDERED.

_____

2

8469697.2

CONFIDENTIAL

ePLUS0940835