# EXHIBIT 3

| | |
|---|---|
| **From:** | Strapp, Michael |
| **Sent:** | Monday, January 17, 2011 11:08 PM |
| **To:** | 'Kirstin Stoll-DeBell' |
| **Cc:** | ML-ePlus Goodwin Service; cmerritt@cblaw.com; rrandolph@cblaw.com; LawsonService; dabney.carr@troutmansanders.com; 'Erica_Haggard@vaed.uscourts.gov'; Robertson, Scott L |
| **Subject:** | RE: ePlus v. Lawson: Lawson Demonstratives January 18, 2011 |

Kirstin,

We have only had an opportunity to review some of the 167 demonstrative slides that you provided us this evening at 6 p.m., but we have already uncovered several significant problems with Dr. Shamos's slides.

First, many of Dr. Shamos's slides reference documents or portions of documents that Dr. Shamos never mentioned or relied upon in his expert reports.

Second, Dr. Shamos introduces opinions in his slides from portions of Lawson's expert reports that have already been excluded. These opinions were never disclosed in Dr. Shamos's expert reports.

Third, Dr. Shamos provides a detailed analysis of alleged obviousness combinations in his slides that he never disclosed in his expert reports.

Fourth, Dr. Shamos offers additional invalidity opinions that he never previously disclosed in his expert reports.

As you know, in an effort to conserve time and judicial resources, ePlus submitted a bench memorandum on January 13, 2011 concerning the scope of expert testimony that may be offered by Dr. Shamos in light of the Court's orders on numerous motions *in limine* and motions to strike. (*See* Dkt. Nos. 230, 368, 374, 375, 376, 382, 472, 515, 516).
Tonight, however, Lawson has served 167 new demonstrative slides that violate the Court's orders limiting the scope of Dr. Shamos's opinions.

On the very first day of trial, Judge Payne warned Lawson's counsel: "*if I find any more of what I've encountered, which is trying to do indirectly what I've said you can't do directly*, and I'm not talking about you personally, I'm talking about your side, *then the consequence is going to be is I'm inclined to grant a motion for judgment as a matter of law for the other side on the theory that that's an appropriate sanction for repeated disobedience of the Court's directives because I can't conduct a trial being constantly on the concern that somebody is trying to come in the back door*." Trial Tr. at 104:20-105:5.

Your attempt to whitewash Lawson's demonstrative slides that violate Court Orders by comparing Lawson's disclosure of Dr. Shamos's slides with ePlus's timely disclosure of Dr. Weaver's exhibits is unwarranted. The exhibits ePlus disclosed were referenced in Dr. Weaver's report and have been known to Lawson for months. When Lawson argued that certain exhibits had been referenced in Dr. Weaver's report, but not analyzed by Dr. Weaver, ePlus voluntarily withdrew those exhibits. Lawson, by contrast, has engaged in a pattern and practice of violating Court Orders concerning the scope of Dr. Shamos's opinions; a pattern and practice that continues unabated as we enter the third week of trial.

ePlus intends to seek appropriate relief tomorrow morning from the Court.

Sincerely,

Michael Strapp
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
617-570-1658 (office)
917-518-3828 (cell)
617-523-1231 (fax)
mstrapp@goodwinprocter.com
www.goodwinprocter.com