# EXHIBIT 9

2011-____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

ePLUS, INC.,
                *Plaintiff-Appellee,*

v.

LAWSON SOFTWARE, INC.,
                *Defendant-Appellant.*

**EMERGENCY MOTION
OF LAWSON SOFTWARE FOR A STAY PENDING APPEAL
OF THE DISTRICT COURT'S INJUNCTION**

Donald R. Dunner
Kara F. Stoll
Erika H. Arner
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue
Washington, DC 20001-4413
(202) 408-4000

*Attorneys for Defendant-Appellant
Lawson Software, Inc.*

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .................................................................................. 1

II. THE INJUNCTION SHOULD BE STAYED ............................................................. 4

    A. Lawson's Appeal Will Likely Succeed on the Merits .......................... 5

        1. The jury's finding of infringement by Lawson's Punchout product is legally unsupportable. ............................... 5

        2. The remaining claim is invalid. ................................................... 8

    B. The Remaining Factors Favor Staying the Injunction ....................... 11

        1. Lawson and its customers will be harmed if the injunction is not stayed. ........................................................... 11

        2. ePlus will suffer little harm if the injunction is stayed. ........... 15

        3. The public interest favors a stay. .............................................. 18

III. CONCLUSION ......................................................................................................... 20

*Lawson Software's motion for a stay pending appeal contains no confidential information. However, some exhibits contain information designated as confidential under the Protective Order entered into in this matter in the U.S. District Court for the Eastern District of Virginia.*

# TABLE OF AUTHORITIES

## CASES

*Acumed LLC v. Stryker Corp.*,
551 F.3d 1323 (Fed. Cir. 2008) .................................................................................. 13

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
629 F.3d 1311 (Fed. Cir. 2010), *vacated*, 2011 WL 1518909 (Fed. Cir.
Apr. 20, 2011) ............................................................................................................... 2

*Am. Cynamid Co. v. U.S. Surgical Corp.*,
833 F. Supp. 92 (D. Conn. 1992) ............................................................................... 19

*Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*,
521 F.3d 1328 (Fed. Cir. 2008) .................................................................................... 9

*Biomedino, LLC v. Waters Techs. Corp.*,
490 F.3d 946 (Fed. Cir. 2007) ...................................................................................... 8

*Blackboard, Inc. v. Desire2Learn Inc.*,
574 F.3d 1371 (Fed. Cir. 2009) .................................................................................. 10

*BMC Res., Inc. v. Paymentech, L.P.*,
498 F.3d 1373 (Fed. Cir. 2007) ............................................................................ 2, 6, 7

*Centillion Data Systems, LLC v. Qwest Commc'ns Int'l*,
631 F.3d 1279 (Fed. Cir. 2011) .................................................................................... 8

*eBay v. MercExchange, LLC*,
547 U.S. 388 (2006) ................................................................................................... 16

*Encyclopedia Britannica, Inc. v. Alpine Elecs., Inc.*,
355 Fed. App'x 389 (Fed. Cir. 2009) ........................................................................... 9

*Finisar Corp. v. DirecTV Group, Inc.*,
523 F.3d 1323 (Fed. Cir. 2008) .................................................................................. 11

*Fonar Corp. v. General Elec. Co.*,
107 F.3d 1543 (Fed. Cir. 1997) .................................................................................. 14

*Hybritech Inc. v. Abbott Labs.*,
    849 F.2d 1446 (Fed. Cir. 1988) ............................................................................ 19

*i4i Ltd. P'ship v. Microsoft Corp.*,
    598 F.3d 831 (Fed. Cir. 2010) ................................................................................ 7

*MercExchange, L.L.C. v. eBay, Inc.*,
    500 F. Supp. 2d 556 (E.D. Va. 2007) ....................................................... 14, 15, 16

*Muniauction, Inc. v. Thomson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008) ....................................................................... 2, 5, 6

*Odetics, Inc. v. Storage Tech. Corp.*,
    185 F.3d 1259 (Fed. Cir. 1999) ............................................................................ 14

*Paice LLC v. Toyota Motor Corp.*,
    504 F.3d 1293 (Fed. Cir. 2007) ............................................................................ 18

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
    723 F. Supp. 2d 1284 (S.D. Cal. 2010) ................................................................ 18

*Polymer Techs., Inc. v. Bridwell*,
    103 F.3d 970 (Fed. Cir. 1996) .............................................................................. 15

*Roland Mach. Co. v. Dresser Indus., Inc.*,
    749 F.2d 380 (7th Cir. 1984)................................................................................... 4

*Standard Havens Prods., Inc. v. Gencor Industries, Inc.*,
    897 F.2d 511 (Fed. Cir. 1990).............................................................................1, 4

## STATUTES

35 U.S.C. § 102 .............................................................................................................. 14

35 U.S.C. § 112 ................................................................................................................ 8

35 U.S.C. § 283 .............................................................................................................. 18

107 F.3d 1543, 1555 (Fed. Cir. 1997); *see also Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1273-74 (Fed. Cir. 1999). The district court attempted to distinguish these cases but acknowledged that this is an issue "not previously addressed" by this Court. (Ex. 4 at 51.) In fact, the district court's order barring ePlus from recovering damages as a discovery sanction is analogous to the facts of *Fonar* and *Odetics*. In all three cases, the patentee was permitted to obtain a remedy for future infringement by new devices but was barred from obtaining damages for past infringement by old devices; the patentee did not expressly authorize the past infringement; and damages were barred because the patentee failed to take an affirmative action that is required to prove damages.

The irreparable harm to Lawson from the injunction seems all the more unfair given that the PTO will likely continue to affirm its pending rejections and invalidate the claims-in-suit when the reexamination proceedings conclude. As courts have recognized, an ongoing reexamination, especially one involving claim rejections, is relevant to the issue of a permanent injunction. See *MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 574-75 n.15 (E.D. Va. 2007). Four of the claims found to be infringed have been finally rejected under 35 U.S.C. § 102 as being anticipated by multiple prior art references. (Ex. 17, 20, 32.) The fifth has also been rejected as being anticipated by multiple prior art references. (Ex. 18.) In fact, the Board of Patent Appeals has affirmed the rejections of claims 26, 28,

14

and 29 of the '683 patent as being anticipated by two separate pieces of prior art. (Ex. 32). If Lawson is enjoined now and the PTO's rejections of all of the claims-in-suit are affirmed, Lawson will have no way to recoup the sales or customers it lost while enjoined.

### 2. ePlus will suffer little harm if the injunction is stayed.

The facts show that any harm to ePlus from a stay would be minor and could be remedied, if ePlus prevails on appeal, by damages on Lawson's post-verdict sales. Although ePlus first learned of Lawson's accused products in 2002, it did not file suit until May 2009. (Ex. 22 (Inj. Hr'g, Farber) at 147:18-149:6, 154:8-25.) This long period of inaction demonstrates that ePlus was not being seriously harmed by the status quo, and thus would not be harmed by a stay now. *See, e.g., MercExchange*, 500 F. Supp. 2d at 573 n.13. The district court discounted ePlus's delay in filing suit against Lawson, yet this Court has held that such delay "would appear to negate irreparable harm." *Polymer Techs. v. Bridwell*, 103 F.3d 970, 974 (Fed. Cir. 1996). While the district court is correct that a patentee need not sue all alleged infringers at once, failure to do so can nonetheless negate a finding of irreparable harm when it indicates "willingness to accept royalty-type damages in lieu of market exclusivity." *Id.* at 976.

ePlus has granted non-exclusive, lump sum licenses to five of its biggest competitors. (Ex. 22 (Inj. Hr'g, Farber) at 150:15-18; Ex. 23, 24, 25, 26, 27.) In

15

from its sunset provision. Like the direct harm to Lawson, the harm to these healthcare providers and their patients would be largely irreversible, even if the district court's ruling is overturned on appeal. Even with an injunction, ePlus will not benefit because it does not offer a viable alternative for hospitals and other healthcare facilities.

### III. CONCLUSION

If the district court's injunction is not stayed pending appeal, Lawson, its customers, and the public will suffer serious harm. In contrast, any harm to ePlus from a stay would be minimal. Moreover, Lawson is likely to succeed on the merits of the appeal. Weighed together, these facts demonstrate that a stay should issue.

Accordingly, Lawson respectfully requests a stay of the injunction.

Dated: May 24, 2011

Respectfully submitted,

/s/ Donald R. Dunner

Donald R. Dunner
Kara F. Stoll
Erika H. Arner
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue
Washington, DC 20001-4413
(202) 408-4000

*Attorneys for Defendant-Appellant
Lawson Software, Inc.*

20

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

EPLUS, INC. V. LAWSON SOFTWARE, INC.
No. 2011-____

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 27(a)(7) and 47.4(a), counsel for defendant-appellant Lawson Software, Inc. certify the following:

1. The full name of every party or amicus represented by us is:

    Lawson Software, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by us is:

    Not applicable.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of any party represented by us are:

    Not applicable.

4. The names of all law firms and the partners or associates that appeared for the parties now represented by us in the trial court or are expected to appear in this court are:

Dabney J. Carr, IV, Robert A. Angle, Megan C. Rahman
    TROUTMAN SANDERS LLP

Daniel McDonald, William D. Schultz, Kirstin Stoll-DeBell, Rachel C. Hughey, Andrew J. Lagatta, Joshua P. Graham
    MERCHANT & GOULD P.C.

Donald R. Dunner, Kara F. Stoll, Erika H. Arner
    FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

Dated: May 24, 2011

Respectfully submitted,

*/s/ Donald R. Dunner*
Donald R. Dunner
Kara F. Stoll
Erika H. Arner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue
Washington, DC 20001-4413
(202) 408-4000

*Attorneys for Defendant-Appellant Lawson Software, Inc.*

21

## CERTIFICATE OF SERVICE

I hereby certify that two copies of the foregoing EMERGENCY MOTION FOR A STAY PENDING APPEAL OF THE DISTRICT COURT'S INJUNCTION were served by Federal Express on the May 24, 2011, on the following counsel of record:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Scott L. Robertson
Jennifer A. Albert
David M. Young
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*