# EXHIBIT 10

# ePLUS
## v.
# LAWSON SOFTWARE, Inc.

Lawson Attorney
Dan McDonald

# CASE OUTLINE

1. **THIS CASE IS ABOUT:**
   - NONINFRINGEMENT
   - INVALIDITY

2. **LAWSON SOFTWARE, INC. SYSTEM**

3. **LAWSON DOES NOT INFRINGE EPLUS'S PATENTS**

4. **EPLUS'S PATENTS ARE INVALID**

5. **CASE SUMMARY**

# 2. LAWSON SOFTWARE, INC.

- Founded 1975
- Located in St. Paul, MN
- Sells Business Software

# EVIDENCE REGARDING LAWSON'S SYSTEM



- **Lawson software: sold with no product data**

- **Customer selects items to keep track of**

- **Customer's items make up the "Item Master" list**

# LAWSON SYSTEM

## LAWSON

- INVENTORY
- REQUISITION
- PURCHASE ORDER

### CUSTOMER ITEM MASTER

*Customer Item*
*Customer Item*
*Customer Item*
etc.

# 3. NON-INFRINGEMENT

## The evidence will show that the Lawson System does not infringe the ePlus patent claims

# EPLUS'S PATENTS

- ePlus bought the patents in 2001

- Inventors told the Patent Office the patents were about multiple catalogs

- The Patent Office issued patent claims that require multiple catalogs

- All three patents are based on the same application, figures, and description

- ePlus did not invent searching, requisitions, purchase orders, etc.

# EPLUS'S PATENTS

- Patents say their objects (purposes) include providing a "means for searching large volumes of product information such as would be included in a vendor product catalog"

- "A feature of the present invention is the ability to search multiple catalogs from different suppliers."

- "catalogs published" by a vendor (distributor, manufacturer, or supplier)

# EPLUS'S PATENT CLAIMS REQUIRE "CATALOGS" AS DEFINED BY THE COURT

- The terms **"catalog"** and **"product catalog"** mean an organized collection of items and associated information, **published by a vendor** (which includes suppliers, manufacturers, and distributors), which preferably includes a part number, price, catalog number, vendor name, vendor ID, a textual description of the item, and images of or relating to the item. (emphasis added)

# EPLUS'S PATENTS

- '683 patent claims 3, 6, 28, 29 all require "at least two product catalogs"

- '516 patent claims 1, 2, 6, 9, 21, 22, 29 all require a "collection of catalogs"

- '172 patent claim 1 requires "a database containing data relating to items associated with at least two vendors . . ."

# EVIDENCE: LAWSON'S SYSTEM IS VERY DIFFERENT





- ePlus patent claims require multiple catalogs published by vendors

- Lawson's software uses a customer-selected list, not multiple published catalogs



# LAWSON DOES NOT INFRINGE THE EPLUS PATENTS

- Lawson's expert, Dr. Shamos, and fact witnesses will testify

- Lawson's System

  – does not have *multiple catalogs*

  – does not have *published catalogs*

  – does not have catalogs *published by vendors*

# LAWSON DOES NOT INFRINGE THE EPLUS PATENTS

- The claims have other requirements that Lawson's system does not have

# EPLUS'S DR. WEAVER

- Dr. Weaver, hired by ePlus, has his own theory on why Lawson's Item Master is multiple catalogs "published by a vendor"

- Lawson witnesses and a Lawson customer will testify that Lawson's system does not use any catalogs "published by a vendor"

# Lawson's System Does Not Infringe Any of the 12 Claims in this Case

- Lawson does not have—

  —"at least two catalogs," required by the '683 patent claims

  —a "collection of catalogs," required by the '516 patent claims

  —"a database containing data relating to items associated with at least two vendors . . .," required by the '172 patent claims

# 4. INVALIDITY

## The evidence will show that ePlus's Patents are invalid

# HISTORY OF THE EPLUS PATENTS

- Fisher was a vendor who used a large published catalog to sell products

- Fisher had an old ("prior art") Requisition and Inventory Management System (RIMS)

  —Customer Parts Master and a complete Fisher parts list

- Customers using RIMS also had large published paper catalogs from other vendors

# THE PATENTS SAY THE CLAIMED INVENTION IS A COMBINATION OF RIMS AND TV/2

Electronic sourcing system **5** also includes a requisition/ purchasing system **40**, preferably but not necessarily the Fisher RIMS system, and a search program **50** that is capable of searching through large volumes of information quickly and accurately. Preferably but not necessarily, the Technical Viewer 2 search program ("TV/2"), available from IBM, is used as search program **50**. As shown in the

-–'683, '516 and '172 patents

- All 3 patents are a combination of the RIMS and TV/2 systems
- Fisher went to IBM to integrate the TV/2 and RIMS systems
- IBM integrated the two systems

# OLD RIMS SYSTEM

## RIMS

- INVENTORY
- REQUISITION
- PURCHASE ORDER

### FISHER PRODUCTS

### CUSTOMER PARTS MASTER

*Customer Item*
*Customer Item*
*Customer Item*
etc.

# OLD IBM TV/2 SYSTEM

- Electronic catalogs
- Search capabilities
- Search selected portions
- IBM marketing materials said TV/2 System could be integrated with parts ordering and inventory management systems



# TV/2 LITERATURE TEACHES TO CONNECT IT TO OTHER SYSTEMS

- Integrating parts catalogues with dealers' computer systems such as order entry, inventory management and customer records

- Built-in communications capability makes it possible to connect to a wide range of local and remote systems

IBM Technical Viewer/2 brochure, DX 107

# IBM INTEGRATED RIMS AND TV/2 SYSTEMS FOR FISHER

## RIMS

- INVENTORY
- REQUISITION
- PURCHASE ORDER

### FISHER PRODUCTS

### CUSTOMER PARTS MASTER
(Unpublished)
Private

*Customer Item*
*Customer Item*
*Customer Item*

etc.

## IBM TV/2 (Search)

Catalog A

Catalog B

Catalog C

API

# FACTS: EPLUS'S PATENTS ARE INVALID

- Old ("Prior art") RIMS system was a requisition and purchasing system that had a Parts Master and Fisher product list

- Old ("Prior art") TV/2 system searched multiple published catalogs

- TV/2 literature teaches it can be combined with a parts ordering or inventory system (like RIMS)

# RIMS AND TV/2 ARE PRIOR ART

- Both were on sale more than one year before the filing date on the ePlus patents (August 1994)

- RIMS on sale in 1992: Inventors, Fisher lawyer, Fisher Annual Report

- IBM: TV/2 on sale in 1992

# EPLUS PATENTS ARE A COMBINATION OF PRIOR ART RIMS AND PRIOR ART TV2

## RIMS

- INVENTORY
- REQUISITION
- PURCHASE ORDER

### FISHER PRODUCTS

### CUSTOMER PARTS MASTER
(Unpublished) Private

*Customer Item*
*Customer Item*
*Customer Item*
etc.

### IBM TV/2 (Search)



Catalog A
Catalog B
Catalog C

API

# THE PATENT LISTS SHOW WHAT PRIOR ART WAS CONSIDERED BY THE PATENT OFFICE

- TV/2 system literature was disclosed as prior art by inventors

  – Inventors listed TV/2 literature in the disclosure statement

  – Examiner initialed TV/2 prior art, showing he considered it

  – TV/2 is listed on the cover pages of the patents under "References Cited"

# RIMS WAS NOT ON THE PATENT LISTS

- Fisher did NOT Disclose RIMS in the disclosure statement

- RIMS is NOT Listed on the cover pages of the patents as "References Cited"

# OTHER PRIOR ART

- J-CON
- P.O. WRITER

# ALL 12 OF EPLUS'S PATENT CLAIMS ARE INVALID

- All 12 claims are invalid because of prior art systems

  – All claim elements found in the TV/2 or RIMS systems

  – TV/2 literature teaches that it was obvious to combine it with a system like RIMS

  – The obvious combination of RIMS and TV/2 invalidates the claims

  – Other prior art

## LAWSON'S INVALIDITY EXPERT

- Dr. Shamos will testify that the ePlus claims are invalid in view of the prior art

# 6. SUMMARY: LAWSON DOES NOT INFRINGE ANY OF THE EPLUS PATENTS



# 6. CASE SUMMARY

- **LAWSON'S SYSTEM IS VERY DIFFERENT FROM EPLUS'S PATENTED SYSTEM: BUYERS VS. SELLERS**

- **LAWSON DOES NOT INFRINGE ANY OF THE EPLUS PATENTS**

- **ALL THREE PATENTS ARE INVALID BECAUSE THEY ARE AN OBVIOUS COMBINATION OF THE PRIOR ART RIMS AND THE PRIOR ART TV/2 SYSTEMS**