VIDEOTAPED DEPOSITION OF MICHAEL IAN SHAMOS, PH.D., J.D.
CONDUCTED ON WEDNESDAY, JUNE 16, 2010

1 (Pages 1 to 4)

---

Page 1

```
 1      UNITED STATES DISTRICT COURT
 2    FOR THE EASTERN DISTRICT OF VIRGINIA
 3            Richmond Division
 4   ---------------------------------x
 5   ePLUS, iNC.,              )
 6           Plaintiff,  )
 7      v.              ) Civil Action No.
 8   LAWSON SOFTWARE, INC.,    ) 3:09-cv-620(REP)
 9           Defendant.  )
10   ---------------------------------x
11
12         VIDEOTAPED DEPOSITION OF
13      MICHAEL IAN SHAMOS, Ph.D., J.D.
14            Washington, DC
15         Wednesday, June 16, 2010
16              10:06 a.m.
17
18
19
20   Job No.: 1-181012
21   Pages 1 - 252
22   Reported By: Joan V. Cain
```

Page 2

    Videotaped Deposition of MICHAEL IAN SHAMOS,
Ph.D., J.D., held at the law offices of:

        GOODWIN PROCTER, LLP
        901 New York Avenue, Northwest
        Washington, DC 20001
        (202) 346-4000

    Pursuant to Notice, before Joan V. Cain,
Court Reporter and Notary Public in and for the
District of Columbia.

Page 3

                    A P P E A R A N C E S

    ON BEHALF OF PLAINTIFF:
        JENNIFER A. ALBERT, ESQUIRE
        SCOTT L. ROBERTSON, ESQUIRE
        GOODWIN PROCTER, LLP
        901 New York Avenue, Northwest
        Washington, DC 20001
        Telephone: (202) 346-4000

    ON BEHALF OF DEFENDANT:
        KIRSTIN L. STOLL-DEBELL, ESQUIRE
        MERCHANT & GOULD
        Suite 1950
        1050 Seventeenth Street
        Denver, Colorado 80265
        Telephone: (303) 357-1670

    ALSO PRESENT:
        Akim Graham, Videographer

Page 4

C O N T E N T S

EXAMINATION OF MICHAEL IAN SHAMOS, Ph.D., J.D.  PAGE
  By Ms. Albert                 7
  By Ms. Stoll-DeBell         245

        E X H I B I T S
      (Attached to the Transcript.)
SHAMOS DEPOSITION EXHIBITS                PAGE
Exh. 1  Rebuttal Report of Expert Michael I.   24
        Shamos, Ph.D., J.D. Concerning
        Non-Infringement
Exh. 2  Report of Expert Michael I. Shamos,    32
        Ph.D., J.D. Concerning Invalidity
Exh. 3  Document Entitled Chapter 20:          65
        Application Changes, bearing Bates
        Nos. L 0373955 through '4057
Exh. 4  Document Entitled 8.0.3 Inventory      73
        Control Release Notes bearing Bates
        Nos. L 0030416 through '420

---

237

1  I'll have to look.
2  Q   Then going back to your obviousness
3  opinions in the text of your report starting at page
4  65 through page 67, you've rendered the opinion that
5  the asserted claims are obvious based upon the RIMS
6  system as disclosed in the '989 patent and RIMS
7  brochure combined with the system disclosed in the
8  Dworkin patent; is that accurate?
9  A   Yes.
10 Q   And then beginning at page -- well, at the
11 bottom of page 67 through a portion of page 68, you
12 set forth your opinions that the asserted claims are
13 obvious based on the combination of the J-CON system
14 and the Dworkin patent, correct?
15 A   Yes.
16 Q   And which version of the J-CON system are
17 you relying on for that opinion?
18 A   There was a J-CON Manual. So reference 7
19 on page 26 is J-CON system described in the J-CON
20 Manual. I think I mentioned there that the J-CON
21 Manual has cross-references to other pieces of it,
22 so that's collectively taken as one reference.

238

1  Q   And then -- let's see. At the bottom of
2  page 68 through the top of page 69, you set forth
3  your opinions that the combination of the J-CON
4  system and the P.O. Writer system render the
5  asserted claims obvious, correct?
6  A   Yes.
7  Q   And then on page 69 you set forth your
8  opinion that the combination of the J-CON system
9  with the 2000 MRO version of the Gateway system
10 renders the asserted claims obvious, correct?
11 A   Yes.
12 Q   Are those five combinations the only
13 combinations for which you have opined that the
14 asserted claims are obvious?
15 A   No. There's stuff in -- as we talked about
16 when you were questioning me on the spreadsheet,
17 there are other opinions in the spreadsheet.
18 Q   Okay. So the combinations in the
19 spreadsheet should also be considered among your
20 obviousness opinions?
21 A   Yes. I think that what's going on here in
22 this section is I'm talking about combinations that

239

1  render all the asserted claims obvious, and in the
2  spreadsheet it's confined to particular claims.
3  Q   Okay. Can you turn back to the claim chart
4  at page 84?
5  A   Yes.
6  Q   And with reference to the means for
7  building a requisition element there in the Dworkin
8  patent --
9  A   Yes.
10 Q   -- you acknowledge that building
11 requisitions is not disclosed in Dworkin; however,
12 you state that, "It would have been obvious to use
13 the product search and selection mechanism of
14 Dworkin to build requisitions, as suggested, e.g.,
15 by Fisher RIMS, P.O. Writer, Gateway, J-CON, TV/2,
16 King Jr. or Doyle."
17     So is this an 8-reference combination, or
18 do I need to consider all of the different possible
19 permutations of the eight references?
20 A   I don't think -- well, let me -- let me
21 explain what this means. So I'm one of skill in the
22 art. Let's suppose I were one of skill in the art.

240

1  I -- I'm confronted with Dworkin, and the question
2  is has my art taught me that the system of Dworkin
3  can be used -- should be able to be used to build
4  requisitions or I should modify it to do so, and I
5  say yes because they're ample teachings. Fisher
6  RIMS says that, P.O. Writer, et cetera, et cetera.
7  Each one says that.
8      So that is a combined teaching of the
9  background of the art. So under KSR we don't have
10 to go into an 8-reference combination about it. It
11 -- it -- it shows that that -- that's the way the
12 art was going is to have these unified sourcing
13 systems that took everything from the search all the
14 way through to the purchase order.
15     Now, if you want to -- if you want to go
16 through and look at Dworkin plus RIMS, Dworkin plus
17 P.O. Writer, Dworkin plus Gateway, I didn't phrase
18 it that way, but all those -- all of those
19 references teach the same thing, which is the
20 building of requisitions after product search, and
21 so it's --
22 Q   So any one of the -- Dworkin plus any one