# EXHIBIT 15

# GOODWIN | PROCTER

Scott L. Robertson
202.346.4331
SRobertson@
goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

June 24, 2011

**VIA EMAIL**

Daniel McDonald
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215

Re:     ***ePlus, inc. v. Lawson Software, Inc.***
       <u>**Civil Action No. 3:09cv620 (REP)**</u>

Dear Dan:

This is to follow up on my June 16, 2011 letter to you in which, pursuant to Lawson's repeated invitations, ePlus sought information concerning RQC.

We have received no response to the letter for more than a week now despite your repeated offers to provide such information. Further, we have examined all the publicly-available information on RQC (including Lawson's presentations for RQC on its web site), and we have carefully considered your arguments and representations in various letters and briefing to the Federal Circuit.

Based on this information, we are unpersuaded that this alleged "redesign" is anything other than a transparent attempt to avoid the injunction order entered by Judge Payne. The "changes" appear to be nothing more than "fig leafs" that have no impact on the infringing functionality.

If it is to be believed, however, we find it difficult to reconcile Lawson's arguments to the District Court and the Federal Circuit that Lawson will be irreparably harmed if the injunction is not stayed, yet at the same time, it claims to its customers that it has a "20 minute" free download of an allegedly non-infringing software replacement for the systems found to infringe — conveniently arrived at a mere 4 days after the injunction entered.

If this alleged "design-around" was "in the works for months," why did Lawson not disclose that contention (with supporting documentation and testimony) to the Court during the hearing on the injunction on March 25, when Mr. Hager testified to the alleged irreparable harm that Lawson would sustain if an injunction was in fact entered?

Daniel McDonald
June 24, 2011
Page 2

My recollection is that he testified that for some customers it would cost "up to a Million dollars" and "as long as a year" to replace RSS.  Such testimony, under oath, is seriously at odds with the representations made by Lawson's CEO and President 4 days after the injunction issued.

This view is bolstered by the fact that notwithstanding this contention now, Lawson recently filed a motion to modify the injunction before Judge Payne.  That motion would be entirely unnecessary if the alleged "design around" had any merit.  Moreover, that motion is nothing more than a motion for reconsideration of orders denying motions the District Court resolved, in some instances, months ago.

If Lawson is complying with the injunction — which has **not** been stayed by the Federal Circuit — we would think that Lawson would have at its fingertips the information you have volunteered and we have sought.

Accordingly, please provide us with the documents and other information requested no later than the close of business Tuesday, June 28.  If we do not receive this information in a timely manner, we will need to immediately take the matter up with Judge Payne, as the integrity of the injunction order is directly implicated.

Sincerely,

Scott L. Robertson

cc:     The Honorable Robert E. Payne
        U.S. District Judge