# EXHIBIT 24

# GOODWIN | PROCTER

Jennifer A. Albert
202.346.4322
JAlbert@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
901 New York Avenue NW
Washington, DC  20001
T: 202.346.4000
F: 202.346.4444

September 9, 2011

**VIA EMAIL**

William D. Schultz
Merchant & Gould P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
       Civil Action No. 3:09cv620 (REP)

Dear Will:

This responds to your letter to me dated August 24, 2011 concerning the deficiencies in the Requisition Center ("RQC") demonstration that Lawson presented at its offices in Saint Paul, Minnesota on August 22, 2011.  As I expressed during the demonstration, the system made available to us was deficient in a number of respects.

First, most of the internal catalog data items stored in the Item Master were not associated UNSPSC codes.  In fact, none of the items for which UNSPSC data existed were available from more than one vendor, even though the vendor-item listing we received from you on August 12 showed that there were items in the database that were available from two or more vendors.  *See* Letter from W. Schultz to J. Albert dated August 12, 2011.  We had specifically asked you in correspondence that the RQC demonstration system be configured to include all of the sample item data that was previously included in the demonstration system used at trial (PX-402).  *See* S. Robertson letter to D. McDonald dated June 16, 2011; S. Robertson letter to D. McDonald dated July 1, 2011.

One reason we requested this was because this data was readily available to you and we had worked over the course of many months during discovery in the case to arrive at a sufficiently robust database of sample item data to accurately reflect the capabilities of the system.  Given Lawson's contention that RQC has allegedly modified the ability of the infringing systems to convert an item associated with a vendor to another item associated with a different vendor, it would have behooved Lawson to provide us with a system that had sufficient item data to enable us to test the bona fides of its contention.

LIBW/1795700.1

William D. Schultz
September 9, 2011
Page 2

Furthermore, Lawson could have remedied the problem on the spot by entering UNSPSC codes for specific items identified by *e*Plus during the demonstration. We would have expected that such a task would have required no more than a few minutes for any one of the multitude of qualified personnel onsite at Lawson's corporate headquarters. Nevertheless, for whatever reason, you refused to do so.

Second, no purchase orders could be generated for items selected from the punchout vendors available through the RQC demonstration. Nor could Mr. Dale Christopherson, the representative chosen by Lawson to perform the demonstration, provide any explanation for the problem. The absence of such basic functionality reveals a lack of adequate preparation by Lawson for the demonstration.

Finally, I had previously asked you whether remote access to the demonstration could be provided to us. You had represented to me that remote access was impossible with this demonstration system. Given your representation, I was quite surprised to discover when we arrived at Lawson's headquarters that one of Lawson's own attorneys, Ms. Stoll-DeBell, was able to remotely access the demonstration via WebEx.

Indeed, your August 24 letter now offers to make a subsequent demonstration available to us via remote WebEx access. The unnecessary requirement that we travel to Minnesota to attend the August 22 demonstration was a substantial inconvenience and expense not only to *e*Plus's counsel, but also to its expert, Dr. Alfred Weaver, who was obliged to make the round trip from Charlottesville, Virginia, only one day before beginning his classes at the University of Virginia.

At this juncture, it is apparent to *e*Plus that Lawson has done everything it can to stymie a meaningful inquiry into all aspects of the alleged RQC "design-around." Accordingly, at this point we believe we have no other alternative but to seek appropriate relief from the Court.

Sincerely,

/s/ Jennifer A. Albert

Jennifer A. Albert


cc:   The Honorable Robert E. Payne, U.S. District Judge
      All Counsel of Record

LIBW/1795700.1