# EXHIBIT 36



May 27, 2011

Subject:   Immediate Support Stop for M3 e-Procurement solution required.

**Executive Summary:**
- After a 24-month legal battle, Lawson has been ordered by the District Court of Virginia to immediately discontinue sales, support and services of our M3 e-Procurement solution.
- You are receiving this notice because we believe that you have licensed and are using M3 e-Procurement.
- Lawson is appealing this decision, but in the mean time, we must comply with the court order.
- We do not have a replacement product at this time or planned.
- Lawson will generate a credit note for your support contract from Friday the 23rd of May 2011 to the end of your current support contract on M3 e-Procurement.
- If you are using the software you can continue use it but Lawson is unable to support you in any way.

**Detailed Explanation**

**Background**
ePlus Inc., through its subsidiaries, engages in selling, leasing, financing, and managing information technology (IT) and other assets in the United States. It is involved in direct marketing of IT equipment and third-party software, as well as offers professional and business process services.   While they have some software products, they are primarily a services company.

In 2001 ePlus purchased some old U.S. patents relating to product catalogs in the procurement process.  They paid less than $20,000 for those patents, but since that time they have sued a number of software companies for patent infringement.

At Lawson we believe that ePlus' patents are invalid.  Our Procurement software has been in place since the late 1980's and we believe that we developed this solution without any copyright or patent infringement.   We're not the only ones who believe this.  All five patent claims that were found to have been infringed have been rejected by the U.S. Patent and Trademark Office, with the rejections of three of them having been affirmed by the Board of Patent Appeals Interferences.   However, because ePlus is currently appealing the U.S. Patent and Trademark Office rulings, the court refused to take those rulings into consideration when hearing our case. (To a layman, this seems wrong, but this is how the legal process works.)

Over the past 24 months we have fought e-Plus in the courts.  We have spent $7m defending this case.  In late January we won a moral victory in that the majority of ePlus' claims were rejected by the court and ePlus' claims for damages were also rejected completely.  However the court found that Lawson did infringe a few of the patent claims.  As stated above, the US Patent Office has rejected all of those patent claims and we have appealed the court's decision.   However, until our appeal is decided, Lawson must abide by the court's order.

Lawson Software, 380 St. Peter Street, St. Paul, MN 55102, USA. Tel: +1 651 767 7000, Reg office: St Paul, www.lawson.com, e-Mail:info@lawson.com,

RQC0000724



**Court Ruling as of May 23, 2011**
A copy of the court's order is appended to this letter and here's the summary:
- Because these are U.S. patents, the court order applies only to the USA (situations where the computer server is located in the USA or the services or support are rendered within or to or from the USA)
- Lawson must immediately and permanently stop selling and servicing:
  - S3 solutions used in conjunction with RSS
  - the M3 e-Procurement System (USA only)
- For customers who provide only healthcare services and who first licensed RSS before January 27, 2011, Lawson may continue to service and support these customers until November 22, 2011.

**Who is impacted by this?**
We believe that approximately fourteen M3 customers are directly impacted by this court ruling.

Occasionally, we have had the need to replace products. When this happens, we usually give our customers 2-3 years notice. In this case, we don't have that luxury. If you do not take immediate action, you may continue to use the M3 e-Procurement product as is, but until such time as the court overturns its current decision, we may not provide support or services to the M3 e-Procurement solution.

**CONCLUSION**

In conclusion, although we disagree with the lower court's decision we can feel good that we have made a stand on principle. We respect the legitimate intellectual property rights of others and pay our product partners commercially reasonable royalties on the sales of their products. In Lawson's 34 year history prior to the ePlus lawsuit, we had never had a patent suit go to trial or to an injunction. We believe that the U.S. Patent Office is correct, and that ePlus' patent claims are invalid because of the wide spread amount of "prior art" that pre-dated the patents. In the spirit of compromise, we offered ePlus a reasonable royalty on future sales, but ePlus refused.

Finally, you will probably continue to see and hear inflammatory statements from ePlus. Their statements are designed to spread fear, uncertainty and doubt. Ignore them. These tactics are designed to coerce companies into paying exorbitant settlements that have no commercial basis.

Our mission is, and will continue to be, to make our customers stronger.

Sincerely,

*[signature]*

Harry Debes
CEO Lawson Software

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ePLUS, INC.,

    Plaintiff,

v.                        Civil No. 3:09cv620

LAWSON SOFTWARE, INC.

    Defendant.

## ORDER

This matter having been brought before the Court by Plaintiff ePlus, Inc. ("ePlus") for an Order, and the Court having considered the moving papers, all opposition thereto, and the arguments of counsel, and the Court having found that:

(1) absent an injunction against infringement, ePlus will suffer an irreparable injury;

(2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3) an injunction against the Defendant will not materially harm the Defendant, and in any event, considering the balance of hardships between the Plaintiff and Defendant, the balance tips decidedly in favor of an injunction;

(4) the public interest will be best served by a

permanent injunction; and

(5) a permanent injunction is appropriate under 35 U.S.C. § 283,

it is hereby ORDERED that the Defendant, Lawson Software, Inc. ("Lawson"), including its officers, directors, agents, servants, employees, subsidiaries, affiliates, successors in interest, and attorneys, and any person in active concert or participation with them, are permanently enjoined from directly or indirectly making, using, offering to sell, or selling within the United States or importing into the United States any of the following product configurations and/or installation, implementation, design, configuration, consulting, upgrade, maintenance and support and training and other related and associated services and any colorable variations thereof (the "Infringing Products and Services"):

(1) Lawson's Core S3 Procurement System (Lawson System Foundation ("LSF")/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules) and Requisition Self-Service or "RSS";

(2) Lawson's Core S3 Procurement System (LSF/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules), RSS,

and Punchout;

(3) Lawson's Core S3 Procurement System (LSF/Process Flow, in combination with Inventory Control, Requisition, and Purchase Order Modules), RSS, Punchout, and Electronic Data Interchange or "EDI," and

(4) Lawson's M3 e-Procurement Software.

In addition, Lawson is enjoined from:

(1) Circulating, publishing or disseminating within the United States any literature or information that encourages the use, sale or importation of any of the Infringing Products and Services; and

(2) Aiding and abetting, actively inducing, or in any way contributing to the making, use, sale or importation of any of the Infringing Products and Services within the United States. This injunction extends to the provision of any instruction, encouragement, installation, implementation, maintenance or support for any of the Infringing Products and Services.

It is further ORDERED that Lawson, including its officers, directors, agents, servants, employees, subsidiaries, affiliates, successors in interest, and attorneys, and any person in active concert or

participation with them, are required to notify all customers who have purchased all or any of the Infringing Products and Services of the terms of this Order, and to provide said customers with a copy of this Order.

It is further ORDERED that this injunction is to remain in effect until the expiration of both the '683 Patent and the '172 Patent, the latest of which is to expire on February 8, 2017.

It is further ORDERED that, with respect to Lawson's installation, implementation, design, configuration, consulting, upgrade, maintenance, support, training, and other related and associated services for the 277 customers who previously purchased the adjudicated infringing systems detailed above before the verdict and who provide only healthcare services, this Order will not take effect until November 23, 2011.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 23, 2011
*4:45 PM*