# EXHIBIT 1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2              FOR THE EASTERN DISTRICT OF VIRGINIA

 3                         RICHMOND DIVISION

 4

 5     ---------------------------------------
                                              :
 6      ePLUS, INC.                           :   Civil Action No.
                                              :   3:09CV620
 7      vs.                                   :
                                              :
 8      LAWSON SOFTWARE, INC.                 :   April 4, 2011
                                              :
 9     ---------------------------------------

10

11             COMPLETE TRANSCRIPT OF ORAL ARGUMENT

12             BEFORE THE HONORABLE ROBERT E. PAYNE

13                  UNITED STATES DISTRICT JUDGE

14
       APPEARANCES:
15
       Scott L. Robertson, Esquire
16     Michael G. Strapp, Esquire
       Jennifer A. Albert, Esquire
17     Goodwin Procter, LLP
       901 New York Avenue NW
18     Suite 900
       Washington, D.C.  20001
19
       Craig T. Merritt, Esquire
20     Henry I. Willett, III, Esquire
       Christian & Barton, LLP
21     909 East Main Street
       Suite 1200
22     Richmond, Virginia  23219-3095
       Counsel for the plaintiff
23

24                      Peppy Peterson, RPR
                       Official Court Reporter
25                  United States District Court
```

1   with it, they're infringers so they just have to live with it,
2   when you look at the cases on that, when it's not a willful
3   infringer -- and Lawson is not a willful infringer.  There's no
4   evidence we were even aware --
5           THE COURT:  They dropped the claim of willfulness.
6           MR. McDONALD:  Pardon?
7           THE COURT:  The dropped the claim of willfulness.
8           MR. McDONALD:  That's right, because there wasn't any
9   evidence to support a claim of willfulness.  The evidence
10  showed that there was no notice of the patents involved in this
11  case until they dropped the complaint on Lawson in May of 2009.
12          By then, we had a vast majority of our RSS and
13  Punchout customers already on board using our systems, and were
14  we supposed to drop everything right then because they sued us?
15  Well, I do think the verdict shows that there were open issues
16  because the core procurement system was found not to infringe,
17  and Lawson shouldn't have been expected just to drop even its
18  core procurement system back in May of '09 just because ePlus
19  was making an accusation that turned out to not have support.
20          It was an issue as well as the validity of the patent
21  with the ongoing reexams.  Lawson had a right to contest these
22  issues and see if it could forego the need to have to go
23  through redesigning its products and everything that would have
24  to do with a changeover here.  We're at that point now, and
25  they're working on it, the changeover now.

1     Now we know what we have to change over because of
2     the jury's verdict specific to the RSS and Punchout, not the
3     core. They are working on all that stuff, but the idea that
4     the customers in 2002 up through 2009 even are somehow ones
5     that, well, we'll just have to live with it, it doesn't matter
6     if anybody is hurt, we don't have to care about it because
7     Lawson is an infringer anyway, there isn't case law to support
8     that.
9     Now, the *Hynix* case talks a little bit about --
10    THE COURT: Mr. Robertson says if this matter is
11    resolved as you say, it's just open season for infringers, they
12    can get by with anything because all they get is a little smack
13    on the wrist. What do you say about that?
14    MR. McDONALD: For one thing, they haven't identified
15    anybody else. The patents have been out there now since 1994.
16    You think if anybody else was infringing, they would have done
17    something about it.
18    THE COURT: That's not what he's talking about. He's
19    talking as a general principle of law that serving up this kind
20    of result in this kind of case would eviscerate the
21    effectiveness of the patent, of the patent protection system
22    envisioned by Congress.
23    MR. McDONALD: Not at all. Basically that's saying
24    ignore *eBay*®, just give us an injunction because of a general
25    principle. If *eBay*® stands for anything, it's the idea that