

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ePLUS INC.,

    Plaintiff,

v.                                                    Civil Action No. 3:09cv620

LAWSON SOFTWARE, INC.,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANT LAWSON SOFTWARE, INC.'S MOTION TO MODIFY AND CLARIFY THE INJUNCTION (Docket No. 749). For the reasons set forth below, the motion will be denied.

## BACKGROUND

ePlus, Inc. ("ePlus") filed this action against Lawson Software, Inc. ("Lawson") for infringement of three patents: U.S. Patent Nos. 6,023,686 (the "'683 Patent"), 6,055,516 (the "'516 Patent"), and 6,585,173 (the "'172 Patent"). Following a three week trial, a jury unanimously determined that the '683 Patent and '172 Patent were infringed and it found that the '562 Patent was not infringed. The jury further found that all asserted claims of the patents-in-suit were valid. On May 23, 2011, the Court entered a permanent injunction against Lawson's continued direct and indirect infringement of the claims found

to be infringed by the jury. On May 24, 2011, the Court denied Lawson's motion for a stay of the permanent injunction. On August 12, 2011, the Court entered an Order (Docket No. 787) denying DEFENDANT LAWSON SOFTWARE, INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW (Docket No. 759) and DEFENDANT LAWSON SOFTWARE, INC.'S RENEWED MOTION FOR NEW TRIAL (Docket No. 761). On June 20, 2011, almost a month after the Court entered a MEMORANDUM OPINION and ORDER granting the permanent injunction (Docket Nos. 728 and 729, respectively), Lawson filed this motion. For the reasons set forth below, the motion will be denied.

## DISCUSSION

Lawson's motion invokes both Fed. R. Civ. P. 59(e) which permits alteration and amendment of a judgment and Fed. R. Civ. P. 60(b) which allows a court to relieve a party from a final judgment "if applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).[1]

Before turning to Lawson's arguments, it is necessary to consider an argument advanced by ePlus that the motion to modify

---

[1] Lawson also claims to rely on Fed. R. Civ. P. 62(c), but it does not appear that Rule 62(c) would apply here. That rule permits the district court to modify an injunction "on terms for bond or other terms which secure the opposing party's rights." Neither party has addressed Rule 62(c), and the Court will not further consider it.

and clarify the injunction is not timely.  Such a motion may be filed within twenty-eight (28) days of the entry of judgment, and this motion is timely, having been filed twenty-eight (28) days after the entry of the injunction.

In a related argument, ePlus argues that Lawson has advanced this motion simply because a grant or denial of a motion to modify injunction is immediately appealable, noting that Lawson previously has lost its efforts in the United States Court of the Federal Circuit to have the injunction stayed on an emergency basis or stayed pending appeal.  According to ePlus, this motion is simply a vehicle that Lawson is using in an attempt to secure once again the attention of the Federal Circuit on issues which that Court twice has rejected.

The record reflects that, in this litigation, Lawson persistently has used the tactic of rearguing, in slightly different (but not legally significant) form, positions that the Court previously has rejected.  And, it might well be that Lawson's real purpose in filing this motion is to secure a ruling which it can use as a vehicle once again to seek in the Federal Circuit relief from the injunction on an expedited basis.  That, however, is really a matter which the Federal Circuit must address.  Hence, this Court will address the three substantive reasons advanced by Lawson in support of its motion

3

to modify and clarify the injunction.   Each argument will be discussed in turn.

A.   The Gobal-Tech Decision

First, Lawson posits that a significant change in the law occurred when, on May 31, 2011, eight days after the injunction was issued, the Supreme Court of the United States decided Global Tech. Appliances, Inc. v. SEB, S.A., __ U.S. __, 131 S.Ct. 2060 (May 31, U.S. 2011).   According to Lawson, Global Tech renders erroneous Jury Instruction Number 26 respecting indirect infringement.

In denying Lawson's JMOL, the Court discussed this issue at length because it was a basis upon which Lawson predicated its request for judgment as a matter of law.   Thus, the Court has considered, and rejected, the same argument (Docket No. 787, pp. 9-12) that Lawson now presses in this motion, albeit with slightly different emphasis.

To the extent that the presentation of Global-Tech is different in the motion to modify and clarify than it was in the JMOL, it is appropriate to make a few other observations.

To begin, Jury Instruction No. 26 reads as follows:

> "So here, in order to find that Lawson has induced somebody else to infringe, you do have to consider Lawson's state of mind, i.e., that they actively and knowingly aided and abetted the indirect infringement of

4

> their customers.   ePlus, thus, must show
> that Lawson actually intended to cause the
> acts that constitute infringement and that
> Lawson knew or should have known that its
> actions would lead to actual infringement.
>
> Knowledge of the patent may be established
> by finding that Lawson had actual knowledge
> of the patent or that Lawson deliberately
> disregarded a known risk that ePlus had a
> protective patent.   Intent to cause the acts
> that constitute direct infringement may be
> demonstrated by evidence of active steps
> taken to encourage direct infringement such
> as advertising an infringing use or
> instructing someone on how to engage in the
> infringing use."

Tr. 3255:14 - 3257:12.

In Global-Tech, the Supreme Court first analyzed § 271(c), "proceed[ing] on the premise that § 271(c) requires knowledge of the existence of the patent that is infringed." Global-Tech Appliances, Inc. v. SEB, S.A., __ U.S. __, 131 S. Ct. 2060, 2068 (May 31, 2011).   It then found that the "same knowledge" required in § 271(c) was required under § 271(b).   Id.   It held that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."   Id. at 2070.   In so holding, the Court rejected the Federal Circuit's "deliberate indifference" to a "known risk" test.   Id. at 2071. It explained that the "knowledge" required under both § 271(b) and § 271(c) could be satisfied by a showing of actual knowledge or "willful blindness."   Id. at 2068-71.   The Court then laid

5

out "two basic requirements" of willful blindness and drew distinctions between the willful blindness standard and the old Federal Circuit deliberate indifference standard.   Id. at 2070-71.

A defendant acts with willful blindness if he "subjectively believe[s] that there is a high probability that a fact exists" and "take[s] deliberate actions to avoid learning of the fact." Id. at 2070, 2070 n. 9 (citing and quoting United States v. Draves, 103 F.3d 1328, 1333 (CA7 1997) ("knowledge may in some circumstances be inferred from strong suspicion of wrongdoing coupled with active indifference to the truth"); United States v. Florez, 368 F.3d 1042, 1044 (CA8 2004) ("Ignorance is deliberate if the defendant was presented with facts that put her on notice that criminal activity was particularly likely and yet she intentionally failed to investigate those facts").   In contrast, a defendant who "merely knows of a substantial and unjustified risk of [] wrongdoing" acts recklessly, and a defendant who "should have known of a similar risk, but in fact, did not" acts negligently.   Id. at 2071.   Against that background, the Supreme Court then affirmed the Federal Circuit's decision, even though the court of appeals had used its old standard of "deliberate indifference" because the evidence "was plainly sufficient to support a finding of

6

[Defendant's] knowledge under the doctrine of willful blindness." Id.

Lawson first argues that error is to be found in the language in Jury Instruction No. 26 that the jury must find either that Lawson had "actual knowledge" of the existence of ePlus's patent or that Lawson "deliberately disregarded a known risk that ePlus had a protective patent." However, this language does not depart from the "willful blindness" standard set out in Global-Tech. "Deliberate disregard of a known risk" implies that the Defendant "knew that criminal activity was particularly likely" (the risk), and "intentionally failed to investigate" (deliberate disregard). Id. at 2070 n. 9. The key distinction is between the words "disregard" and "indifference." Whereas disregard implies "deliberate actions to avoid confirming a high probability of wrongdoing," indifference does not. Id. Thus, Jury Instruction Number 26 did not depart from the appropriate "willful blindness" standard.

Lawson next argues that Jury Instruction No. 26 was improper because it required ePlus to show "that Lawson actually intended to cause the acts that constituted infringement" instead of requiring ePlus to show "that Lawson actually intended to cause infringement." Lawson thus objects to the

7

"knew or should have known" language in the instruction.   If read in isolation, both of these clauses might seem to express a different standard than that required by Global-Tech.   However, the sentence immediately preceding the one cited by Lawson reads: "in order to find that Lawson has induced somebody else to infringe, you do have to consider Lawson's state of mind, i.e., **that they actively and knowingly** aided and abetted the indirect infringement of their customers."   Tr.  3255:14  -  3257:12 (emphasis added).

And, the sentences immediately following the one cited by Lawson explain:  "Knowledge of the patent may be established by finding that Lawson had **actual knowledge** of the patent or that Lawson **deliberately disregarded a known risk** that ePlus had a protective patent.   Intent to cause the acts that constitute direct infringement may be demonstrated by evidence **of active steps taken** to encourage direct infringement such as advertising an infringing use or instructing someone on how to engage in the infringing use."   Id. (emphasis added).   Thus, the jury found that Lawson either had actual knowledge or was willfully blind[2] as to the patent's existence, and found that Lawson took **active steps** to encourage others to infringe a patent of which it had

[2] See Global-Tech Appliances, Inc. v. SEB, S.A., __ U.S. __, 131 S. Ct. 2060, 2070 n.9 (May 31, 2011).

8

knowledge or was willfully blind. This finding is equivalent to
a finding that Lawson intended to cause infringement. The Court
previously pointed out as much upon Lawson's earlier objection
to the same language, and Lawson immediately withdrew its
objection. Id.

Lawson claims that any inquiry by the Court into what the
verdict would have been had the precise language in Global-Tech
been used is speculative and improper. However, an inquiry of
that nature would seem to be appropriate, considering that, in
Global-Tech, the Supreme Court affirmed the court of appeals'
decision even though the old, rejected standard had been used by
the court of appeals because the Supreme Court determined that
the evidence was such that the outcome would not have been
different if the new standard had been used.[3]

There is sufficient evidence of Lawson's actual knowledge
of ePlus's patent and its intent to cause infringement under a
willful blindness standard. As ePlus points out, there was
evidence that, even before the Complaint was filed, Lawson knew
that ePlus was a competitor and relied on industry research
analysts who had publicized ePlus' prior litigations involving
the same patents ePlus later sued Lawson about. Pl. Br. Opp'n.

---

[3] See Global-Tech Appliances, Inc. v. SEB, S.A., __ U.S. __, 131
S. Ct. 2060, 2071 (May 31, 2011).

Mod. Inj. at 7.   Furthermore, the Court could have issued an injunction against future indirect infringement based simply on the jury's finding of direct infringement.   <u>See</u> <u>id.</u> (citing <u>Jeneric/Pentron, Inc. v. Dillon Co.</u>, 259 F. Supp.2d 192, 198 (D. Conn. 2003).

**B.   The Asserted Need For Clarification**

Second, Lawson contends that the injunction should be clarified.   The requested clarification is sought to make the injunction specify what it does not prohibit.

That argument misapprehends the purpose of an injunction and the requirements respecting the issuance of an injunction. It is the office of an injunction to specify with precision that which it prohibits, not to outline conduct that is not prohibited.   Fed. R. Civ. P. 65(d)(1)(C).   Interestingly, Lawson does not argue that the injunction, as issued, offends Rule 65(d)(1)(C).   The injunction issued by the Court indeed describes in considerable detail the prohibited conduct, and there is no need to modify it to identify conduct that is not prohibited.

**C.   The Resurrected Contention That ePlus Did Not Prove That It Satisfied The Marking Requirement**

Third, Lawson argues that, because ePlus did not prove the marking requirement, the Court should reconsider the injunction

against servicing and maintaining infringing products sold before the injunction was issued. Lawson's argument seems to be that ePlus had no evidence of marking and offered no evidence of marking.

On two previous occasions (in denying Lawson's summary motion and a motion *in limine*), the Court considered the argument that ePlus lacked evidence on the marking issue (Docket No. 356; Docket No. 364). The argument was twice rejected.

The contention that ePlus did not actually present sufficient evidence of marking was considered in the Memorandum Opinion granting the injunction (Docket No. 728). It was rejected. A slightly different version of the same argument was considered in the Memorandum Opinion denying Lawson's request for stay (Docket No. 734). There too, the argument was rejected. Having twice rejected the argument, the Court will not against visit it.

11

## CONCLUSION

For the foregoing reasons, DEFENDANT LAWSON SOFTWARE, INC.'S MOTION TO MODIFY AND CLARIFY THE INJUNCTION (Docket No. 749) will be denied.

It is so ORDERED.

/s/    *REP*
_____

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: October 2, 2011

12