# Merchant & Gould
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchantgould.com

A Professional Corporation

Direct Contact | dmcdonald@merchantgould.com
612.336-4637

October 3, 2011

RECEIVED
OCT - 4 2011
ROBERT E. PAYNE
U.S. DISTRICT JUDGE

The Honorable Robert E. Payne
United States District Court for the
Eastern District of Virginia
Federal Courthouse – Room 3000
701 East Broad Street
Richmond, VA 23219

Re: *ePlus*, Inc. v. Lawson Software, Inc.
Civil Action No. 3:09cv620

Dear Judge Payne:

In response to *ePlus*' September 28, 2011 letter regarding use of a court-appointed expert, Lawson submits the following.

It appears consistent with both parties' positions that the court has discretion to appoint an independent, neutral expert to assist the Court in this matter.

While, as ePlus notes, *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009) acknowledged that other courts and commentators have remarked that Rule 706 should be invoked "only in rare and compelling circumstances," the Federal Circuit upheld such an appointment in "an unusually complex [patent] case" involving "starkly conflicting expert testimony." *Id.* Further, the Court recognized that under the applicable regional circuit law, district courts have wide latitude to appoint Rule 706 experts. *Id.*; *see also In Re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 299-300 (3d. Cir 2005) (Rule 706 appointment of expert reviewable under abuse of discretion standard).

The Federal Judicial Center's *Patent Case Management Judicial Guide* likewise recognizes the use of a Rule 706 expert in a patent case. *See* § 8.1.2.4 at 8-23 (2009). "[S]cientifically difficult patent case[s] are "ideally suited to the appointment of a court expert pursuant to Rule 706." *Leesona Corp. v. Varta Batteries, Inc.*, 522 F. Supp. 1304, 1312 (S.D.N.Y. 1981).

The Honorable Robert E. Payne
October 3, 2011
Page 2

      This is precisely the type of scientifically difficult patent case ideally suited to the appointment of a court expert pursuant to Rule 706. The issues before the Court are:

    1.    Is the newly-accused product more than colorably different from the product found to infringe; *and*

    2.    If, not, does the modified device infringe each and every element of the claims at issue.

      Lawson respectfully submits that the Court will need to review highly technical expert testimony, documents, and software regarding the changes[1] Lawson made to its source code in order to make a ruling under this standard.

      Lawson does not suggest that the parties' experts "have abandoned their objectivity or . . . misunderstand their proper role." There can be little dispute that this is a very complex case and that the parties' experts have starkly conflicting views on whether or not the above standard has been met. *See Monolithic*, 558 F.3d at 1348. Under these circumstances, an independent, neutral expert would offer valuable assistance in resolving the foregoing technical and legal issues.

                      Respectfully submitted,

                      Daniel W. McDonald

DWM/vh
Enclosures

cc: Scott Robertson

---

[1] Lawson disagrees with *ePlus*' characterization of the facts in its letter. Rather than address the merits here, Lawson will present evidence and legal argument at the contempt hearing.