IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF *e*PLUS INC.'S REPLY BENCH BRIEF PERTAINING TO PROCEDURES
FOR CONTEMPT PROCEEDINGS UNDER *TIVO v. ECHOSTAR***

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

*Attorneys for Plaintiff, ePlus Inc.*

## I. INTRODUCTION

The crux of the disagreement between the parties has been whether, in light of *TiVo Inc. v. Echostar Corp.*, 646 F.3d 869 (Fed. Cir. 2011) (*en banc*), Defendant may turn this contempt proceeding into a full blown infringement trial. Defendant now agrees that it may not do so. Accordingly, this proceeding should focus solely on the alleged modifications that Defendant has made to its infringing systems.

## II. ARGUMENT

### A. The Alleged Contemnor May Not Reargue Whether Unmodified Product Features Meet the Pertinent Claim Elements.

Defendant clarifies its position as follows:

First, ePlus claims repeatedly that Lawson has asserted the view that a court performing the *TiVo* analysis must analyze those features of the product that were not modified. ***That is not, and never has been, Lawson's view.***

Def's Br. at 4 (emphasis added).

Defendant further states:

*e*Plus mistakenly accuses Lawson of adopting the position that at step two of *TiVo*, *i.e.,* the infringement proceeding, a court must "evaluate even those features that [the] [d]efendant has not modified." Plaintiff's Br. at 2. ***That is not — and never has been — Lawson's view. TiVo only addressed modified features in considering the scope of the necessary step two infringement analysis, and Lawson is not seeking to extend that ruling.***

Def's Br. at 9 (emphasis added).

Thus, the parties appear to agree that neither the "more than colorable differences" question nor the infringement question of the *TiVo* framework entails reconsideration of whether unmodified features still meet the claim elements that were proven infringed at trial. Indeed, Defendant cites no case decided before or after *TiVo* in which a Court considered unmodified features of an infringing product in the course of a contempt proceeding. Likewise, Defendant does not contest, as *e*Plus stated in its opening brief, that the contempt proceeding is "summary

in nature." *nCUBE Corp. v. SeaChange Int'l,* ___ F. Supp.2d ___, 2011 WL 4056902, *4 (D. Del. Sept. 2, 2011) ("[c]ontempt proceedings are generally summary in nature and may be decided by the court on affidavits and exhibits without the formalities of a full trial.").[1]

Defendant devotes the majority of its brief to arguing that this Court must make findings both that the modified features are no more than colorable differences, and that the modified systems infringe, before contempt may be found. While it is correct under *TiVo* that the Court must make both findings*,* it is notable that Defendant cites no case in which a court found that an infringer's modifications were ***not*** more than colorably different, but were nonetheless found ***non-***infringing. Defendant offers only conjecture, without citation, as to how a modified system might be non-infringing even when the court has found the modification to be insignificant, i.e., not more than a colorable difference from that which was enjoined.[2] Indeed, the same facts that lead a court to find that a modified feature is not more than colorably different are surely powerful evidence that the product, as modified, continues to infringe.

---

[1] Defendant assails *e*Plus for arguing that "none of the district courts applying *TiVo* since it was decided have conducted a ***new trial*** of infringement … where the modified features are ***not more than colorably different*** from the features of the product relied upon to establish infringement." Def's Br. at 8 (quoting *e*Plus Br. at 9) (emphasis added). However, Defendant elsewhere appears to concur with *e*Plus's statement. *See* Def's Br. at 5 ("*e*Plus's repeated suggestions that Lawson seeks "relitigation" or "a new trial" before a jury as part of the *TiVo* two-step analysis are simply incorrect"); *id.* at 10 (arguing that *e*Plus's assertion that Lawson "seeks 'a new trial' … is directly at odds with what [Defendant's counsel] stated at the October 28 conference.").

[2] Defendant contends that *e*Plus's brief "repeatedly mischaracterizes the cases decided after *TiVo* in order to suggest that courts stop the contempt analysis once it is determined that the changes are merely colorable," and that "***no*** District Court since the *TiVo* decision has held a defendant in contempt solely based on the conclusion that the changes are merely colorable." Def's Br. at 4 (emphasis in original). To the contrary, ePlus's brief stated, "[i]f the alleged modifications by the infringer are not more than colorably different from the original product features, the court should then assess whether the modified features still infringe the pertinent claim elements." *e*Plus Br. at 7 (emphasis omitted). *e*Plus ***did*** argue that no district court since the *TiVo* decision considered ***unmodified*** features, either for the purpose of "colorable differences" or "infringement," a point that Defendants now concede. As noted above, Defendant cites no case

Finally, Defendant takes issue with *e*Plus's argument that *TiVo* does not entail a "two-phase approach." *See* Def's Br. at 2. If Defendant's argument is that this Court must conduct two separate proceedings in order to make the "no more than colorable differences" and infringement findings, Defendant is incorrect. *TiVo* states that the *en banc* decision "***telescope[s] the [previous] two-fold KSM inquiry into one, [thereby] eliminating the separate determination whether contempt proceedings were properly initiated.*** That question, we hold, is left to the broad discretion of the trial court to be answered based on the facts presented." *Id.* at 881 (emphasis added). The court "telescoped" this inquiry into one in recognition of the fact that, "as a practical matter, district courts do not separately determine the propriety of a contempt proceeding before proceeding to the merits of the contempt itself." *Id.* at 881.

**B.   The Addition of New Features to Infringing Systems Does Not Negate Infringement**

Defendant speculates that the addition of new features might render a product non-infringing, even if the infringing features are not modified, stating "[a]fter all, a new feature could render a product non-infringing." Def's Br. at 10. This argument contradicts the firmly-established principle of patent law that "[m]odification by mere addition of elements [in the accused product or process] cannot negate infringement." *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1482 (Fed. Cir. 1984). "It is not the law that each element of [the] accused process or product, or an equivalent of each element, must be found in the claims. The claims are not accused of infringing anything." *Id.* at 1483-84 (emphasis in original). Defendant's proposition appears highly unlikely, if not impossible, as a matter of patent law.

**C.   Only Those Modified Features That Correspond to Features *e*Plus Relied Upon to Prove Infringement are Relevant**

---

either before or since the *TiVo* decision in which a district court found there was no infringement, even though the modified features presented no more than colorable differences.

3

Defendant also argues that *e*Plus's contention is incorrect that "the court may consider only those modified elements of the new product that correspond to elements of the old product on which the plaintiff relied to prove infringement." Def's Br. at 9 (citing *e*Plus Br. at 8). It is difficult to understand Defendant's argument in light of the *TiVo* court's clear statement, also set forth in *e*Plus's opening brief:

> The analysis must focus not on differences between randomly chosen features of the product found to infringe in the earlier infringement trial and the newly accused product, *Additive Controls*, 154 F.3d at 1350, but on those aspects of the accused product that were previously alleged to be, and were a basis for, the prior finding of infringement, and the modified features of the newly accused product. Specifically, one should focus on those elements of the accused infringing products that the patentee previously contended, and proved, satisfy specific limitations of the asserted claims.

*Id.* at 882.

Defendant offers no reason why the Court should ignore the Federal Circuit's clear statement.

## III. CONCLUSION

The *TiVo* framework does not afford Defendant the right to a full-blown retrial of infringement, nor does it afford Defendant the opportunity to reargue infringement with respect to unmodified product features. Defendant has conceded both points. For the foregoing reasons, *e*Plus respectfully requests that the Court conduct this contempt proceeding in accordance with the principles set forth in *TiVo*, as argued in *e*Plus's opening and reply briefs.

Respectfully submitted,

November 7, 2011                        */s/*

David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
Attorneys for Plaintiff *e*Plus Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2011, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S REPLY BENCH BRIEF PERTAINING TO PROCEDURES FOR CONTEMPT PROCEEDINGS UNDER *TIVO v. ECHOSTAR***

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

| | |
|---|---|
| Daniel McDonald, *pro hac vice*<br>William D. Schultz, *pro hac vice*<br>Rachel C. Hughey, *pro hac vice*<br>Andrew Lagatta, *pro hac vice*<br>MERCHANT & GOULD<br>3200 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 332-5300<br>Facsimile: 612) 332-9081<br>lawsonservice@merchantgould.com | Robert A. Angle, VSB#37691<br>Dabney J. Carr, IV, VSB #28679<br>TROUTMAN SANDERS LLP<br>P.O. Box 1122<br>Richmond, Virginia 23218-1122<br>Telephone: (804) 697-1238<br>Facsimile: (804) 698-5119<br>robert.angle@troutmansanders.com<br>dabney.carr@troutmansanders.com |
| Donald R. Dunner, *pro hac vice*<br>Erika H. Arner, *pro hac vice*<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4444<br>EXT-Lawson-FinneganCorrespondence@finnegan.com | Jason Lo, *pro hac vice*<br>Timothy P. Best, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-6659<br>JLo@gibsondunn.com<br>TBest@gibsondunn.com |
| Daniel J. Thomasch, *pro hac vice*<br>Josh A. Krevitt, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-6200<br>DThomasch@gibsondunn.com<br>JKrevitt@gibsondunn.com | Sarah E. Simmons, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue , #1100<br>Dallas, TX 75201<br>Telephone: (214) 698-3100<br>Facsimile: (214) 571-2900<br>SSimmons@gibsondunn.com<br><br>***Counsel for Defendant Lawson Software, Inc*** |

                                            */s/*
                                    David M. Young (VSB #35997)
                                    Counsel for Plaintiff *e*Plus Inc.
                                    **GOODWIN PROCTER LLP**
                                    901 New York Avenue, N.W.
                                    Washington, DC 20001
                                    Telephone:  (202) 346-4000
                                    Facsimile:   (202) 346-4444
                                    dyoung@goodwinprocter.com