IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |

### *e*PLUS SUBMISSION REGARDING CONTEMPT PROCEEDINGS

Plaintiff *e*Plus Inc. ("*e*Plus") submits this proposal regarding the scope and nature of the contempt proceeding scheduled for November 28, 2011.

### I. OVERVIEW OF THE CONTEMPT HEARING

The subject matter of the contempt hearing is the two matters identified by the Court during the September 15, 2011, telephone conference with counsel. As discussed below, ePlus proposes a two-day evidentiary hearing, similar to contempt proceedings held by other district courts in patent litigation. Given the significance of the issues presented, and the need for the Court to rule on a complete record, ePlus recommends that the parties, in addition to presenting live witnesses, be given an opportunity to submit relevant excerpts from deposition transcripts, with a limited number of exhibits, outside the scope of the evidentiary hearing.

ePlus also addresses pre-hearing procedures to resolve foreseeable disputes, pre-hearing disclosures and post-hearing submissions.

## II. SCOPE OF HEARING

On September 15, 2011, the Court identified two matters that must be resolved: (1) the viability of Lawson's assertion that the three changes it has identified render RQC non-infringing, and (2) the consistency of the representations made by Lawson at the March 25, 2011, injunction hearing with its post-hearing introduction of RQC as an easy, low-cost download.

With regard to the former, the parties have made separate submissions concerning the contempt standards announced in *Tivo v. Echostar*, 646 F.3d 869 (Fed. Cir. 2011) (*en banc*). The hearing should concern the three changes that Lawson has purportedly made to its infringing systems, and whether those three changes render its alleged "design-around" more than colorably different than the infringing systems. *See* Sept. 15, 2011, Tel. Conf. Tr. at 12:21-24 ("I want Mr. Weaver and *e*Plus to have full and complete access in any way that they want it to be able to understand exactly how the system works, and how, if at all, it's different from the other system."). With regard to the latter, *e*Plus anticipates that the Court will need to hear evidence from at least some Lawson witnesses who appeared in the March 2011 proceedings.

The Court should bifurcate discussion of remedies and potential sanctions from the liability phase. While *e*Plus has already requested the evidence needed for the remedies phase, delaying the remedies and sanctions phases until after a finding of contempt will permit the parties to focus the hearing on the issue of whether Lawson is complying with the Court's injunction. This is consistent with the approach taken by other courts. *See, e.g., Merial Ltd. v. Cipla Ltd.*, Case No. 07-cv-125, Slip Op. at 2 (M.D. Ga. Oct. 3, 2011) (Ex. A) (scheduling order for damages and sanctions phase after finding of liability); *Tivo Inc. v. Dish Network Corp.*, Case No. 04-cv-1, Slip Op. at 1 (E.D. Tex. June 2, 2009) (Ex. B) (same). Bifurcating remedies and sanctions from liability is particularly appropriate where, as here, the jury did not render a

verdict on a reasonable royalty to compensate *e*Plus for Lawson's infringement of the patents-in-suit. *See Tivo Inc. v. Dish Network Corp.*, 655 F. Supp. 2d 661, 665-666 (E.D. Tex. 2009) (awarding damages for contempt based on jury's reasonable royalty rate combined with additional damages for refusal to comply with injunction order).

### III. DURATION OF THE HEARING

The contempt hearing should be a focused proceeding that lasts no more than two days. Each party should have one day devoted to the introduction of its evidence, with an agreed time limit, including an hour for rebuttal testimony. Brief closing arguments should be permitted.

As *e*Plus explained in its November 2 brief concerning the Federal Circuit's revamped standard for contempt under *Tivo v. Echostar*, 646 F.3d 869 (Fed. Cir. 2011) (*en banc*), the determination of whether Lawson is in contempt of the Court's injunction does not involve a wholesale reexamination of Lawson's infringing systems. Instead, the Federal Circuit has directed courts to evaluate the product features that an adjudicated infringer claims to have modified in order to comply with the injunction, and assess whether those modified features are more than colorably different from the features that were found to infringe. *Id.* at 882. Only those features that the patent holder relied upon to prove infringement and allegedly modified need be evaluated. *Id.* ("analysis must focus … on … the ***modified features*** of the newly accused product.") (emphasis added).

### IV. WITNESSES

*e*Plus expects to call Dr. Weaver and Mr. Niemeyer to testify. *e*Plus also expects to call Lawson witnesses adversely. *e*Plus has not yet had an opportunity to review most of the contempt documents produced by Lawson or take any depositions. At present, *e*Plus expects that

3

the Lawson witnesses it will call at the hearing will include at least Mr. Christopherson and Mr. Hager. Without the benefit of depositions *e*Plus does not yet know who else it might call.

*e*Plus proposes that the parties be permitted, within two business days of the hearing, to supplement the record with the submission of selected deposition testimony.

## V.     PRE-HEARING DISCLOSURES

*e*Plus proposes that the parties exchange final witness lists two weeks before the contempt hearing.

## VI.    EXHIBITS

Lawson's document production remains incomplete. Because contempt discovery is ongoing, privilege disputes remain unresolved, and *e*Plus has yet to take any depositions, it is difficult to determine how many documents, or which particular documents, *e*Plus will introduce at the contempt hearing. *e*Plus believes, as a practical matter, that it will be difficult for the parties to introduce more than 50 exhibits each during the hearing, and that some reasonable opportunity to supplement the record will be needed..

## VII.   DISCOVERY DESIGNATIONS

*e*Plus proposes that the parties simultaneously submit to the Court designated deposition testimony and interrogatory responses one week before the hearing. In conjunction with the designated deposition testimony, *e*Plus proposes that the parties also submit summaries of the designated testimony.

## VIII.  POST-HEARING BRIEFING

*e*Plus expects the schedule for post-hearing briefing to be consistent with the schedule that the parties agreed upon in the September 27 joint submission. *e*Plus proposes that it submit its opening post-hearing brief approximately two weeks after the completion of the hearing,

4

Lawson submit an opposition brief ten days later, and *e*Plus submit a reply brief one week thereafter.

### IX. DISCOVERY DISPUTES AND OTHER MATTERS REQUIRING RESOLUTION

Prior to the hearing, it is likely that the parties will seek the assistance of the Court to resolve discovery disputes in the following areas:

(1) Lawson's claims of privilege, with regard to (a) overbreadth and (b) waiver of the privilege;

(2) the timeliness and format of Lawson's document production;

(3) the completeness of Lawson's responses to certain ePlus discovery, including interrogatories previously brought to the attention of the Court;

(4) ePlus's objections to the scope of discovery served by Lawson;

Respectfully submitted,

November 7, 2011

/s/
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
jclements@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2011, I will electronically file the foregoing:

### *e*PLUS'S SUBMISSION REGARDING CONTEMPT PROCEEDINGS

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

| | |
|---|---|
| Daniel McDonald, *pro hac vice*<br>William D. Schultz, *pro hac vice*<br>Rachel C. Hughey, *pro hac vice*<br>Andrew Lagatta, *pro hac vice*<br>MERCHANT & GOULD<br>3200 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 332-5300<br>Facsimile: 612) 332-9081<br>lawsonservice@merchantgould.com | Robert A. Angle, VSB#37691<br>Dabney J. Carr, IV, VSB #28679<br>TROUTMAN SANDERS LLP<br>P.O. Box 1122<br>Richmond, Virginia 23218-1122<br>Telephone: (804) 697-1238<br>Facsimile: (804) 698-5119<br>robert.angle@troutmansanders.com<br>dabney.carr@troutmansanders.com |
| Donald R. Dunner, *pro hac vice*<br>Erika H. Arner, *pro hac vice*<br>FINNEGAN, HENDERSON, FARABOW, GARRETT<br>& DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4444<br>EXT-Lawson-FinneganCorrespondence@finnegan.com | Jason Lo, *pro hac vice*<br>Timothy P. Best, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-6659<br>JLo@gibsondunn.com<br>TBest@gibsondunn.com |
| Daniel J. Thomasch, *pro hac vice*<br>Josh A. Krevitt, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-6200<br>DThomasch@gibsondunn.com<br>JKrevitt@gibsondunn.com | Sarah E. Simmons, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue , #1100<br>Dallas, TX 75201<br>Telephone: (214) 698-3100<br>Facsimile: (214) 571-2900<br>SSimmons@gibsondunn.com<br><br>***Counsel for Defendant Lawson Software, Inc*** |

              */s/*
Craig T. Merritt (VSB #20281)
Counsel for Plaintiff *e*Plus Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com