# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM
# REGARDING STRUCTURE OF CONTEMPT PROCEEDING
# AND ISSUES TO BE ADDRESSED AT NOVEMBER 8, 2011 CONFERENCE

Josh A. Krevitt (admitted *pro hac vice*)
Daniel J. Thomasch (admitted *pro hac vice*)
Jason C. Lo (admitted *pro hac vice*)
jkrevitt@gibsondunn.com
dthomasch@gibsondunn.com
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Defendant Lawson Software, Inc.*

Defendant Lawson Software, Inc. respectfully makes this submission in response to this Court's requests at the October 28, 2011 and November 3, 2011 telephonic conferences for a memorandum on the proposed structure of the contempt proceeding, as well as the issues to be addressed at the November 8, 2011 conference.

## I. PROPOSED STRUCTURE FOR CONTEMPT PROCEEDING

**A. Threshold Issue: Whether Evidence Must Be Submitted At Or Before The Proceeding, And Whether The Rules Of Evidence Apply To The Contempt Proceeding**

Lawson respectfully submits that the Federal Rules of Evidence govern this proceeding, and that all relevant evidence must be introduced at (or before, if by stipulation) the evidentiary proceeding. As detailed below, even *with* these procedural protections in place, Lawson anticipates that *the entire proceeding should require a maximum of four Court days, and perhaps only three days*. By contrast, ePlus apparently contends that the Rules of Evidence do not apply, because it proposes that the Court decide its motion for contempt on the basis of documents and testimony that may be provided to the Court only *after* the contempt proceeding is conducted. Doing so may mean that documents and testimony would be considered without having been subject to, among other things, challenges on the basis of lack of foundation, challenges on the basis of hearsay, and cross examination.

The Rules of Evidence do not permit ePlus's proposed procedure. Federal Rule of Evidence Rule 1101(b) unambiguously provides that the Rules of Evidence as a whole "apply generally to civil actions and proceedings, *including . . . to contempt proceedings except those in which the court may act summarily*." Fed. R. Evid. 1101(b) (emphasis added). The Supreme Court has explained that "summary" contempt proceedings are limited to those for "petty, direct contempts in the presence of the court," and that are necessary "to maintain order in the courtroom and the integrity of the trial process in the face of an actual obstruction of justice."

*Int'l Union, UMWA v. Bagwell*, 512 U.S. 819, 832 (1994).  By contrast, "further procedural protections are afforded for contempts occurring out of court," such that summary adjudication in those cases is improper.  *Id.* at 833.  Here, the alleged contempt occurred *outside* the presence of the Court.  *See, e.g., Nemmers, Enforcement of Injunctive Orders and Decrees in Patent Cases*, 7 Ind. L. Rev. 287, 289 (1973) (explaining that "violations of injunctive relief in patent cases do not occur in the presence of the court").  Accordingly, this is not a summary proceeding, and the Federal Rules of Evidence apply.

This means, of course, that the parties may not rely on hearsay or any other evidence that would not be admissible under the Federal Rules.  *See, e.g., Ceslik v. Miller Ford, Inc.*, No. 3:04-CV-2045, 2006 WL 1582215, at * 1 (D.Conn. June 5, 2006) ("Evidence that would not be admissible under established federal rules regarding the competency of evidence at trial may not be considered on a motion for contempt."); *United States v. Brier*, No. 09-607-ML, 2011 WL 917981, at *1 (D.R.I. Mar. 15, 2011) ("Hearsay is not admissible in a contempt hearing.").

ePlus's proposal – that the parties may continue to submit evidence after the evidentiary proceeding, and that the Court may rely on such evidence – would violate the basic tenet that a contemnor have a fair opportunity to confront all witnesses and examine all evidence considered by the court.  *See American-Arab Anti-Discrimination Committee v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995) ("Although not all rights of criminal defendants are applicable to the civil context, the procedural due process notice and hearing requirements have 'ancient roots' in the rights to confrontation and cross-examination.") (quoting *Greene v. McElroy*, 360 U.S. 474, 496 (1959)).

**B.   Lawson's Proposed Structure for the Contempt Proceeding**

With this procedural context in mind, Lawson's proposed framework for the contempt proceeding is an evidentiary proceeding in which each party will have equal time to present

testimonial and documentary evidence. The framework for the proceeding should track the two step analysis set forth in *TiVo*. In other words, the parties and the Court should first determine whether any of the changes to the RSS product Render RQC more than colorably different than RSS. If ePlus meets its burden of proof here, the parties would then present limited evidence on the issue of whether the RQC product infringes the asserted claims.

> **More than colorable differences (comparison of new product to old product)**:
> The focus of the first stage is whether ePlus can meet its burden of demonstrating that the changes to the RQC product are not more than merely colorable. This proceeding focuses solely on the differences between the newly accused product (RQC) and the adjudged infringing product (RSS). If ePlus cannot meet its burden, the proceedings are over. If ePlus demonstrates that none of the changes are more than colorable, the parties proceed to the second stage.
>
> **Infringement (comparison of new product to asserted claims)**: The focus of the second stage is whether the new RQC product infringes the asserted claims. To the extent that evidence relating to the functions of the RQC product already has been introduced at the first stage, that evidence would not be introduced again into the record at the second stage. The infringement analysis in step two must be conducted with respect to all modifications made to the infringing product.

Lawson proposes this process in the interests of both efficiency and providing a legal framework that is consistent with the requirements set for in *TiVo*.

**C.     Lawson's Proposed Schedule For Contempt Proceeding**

Lawson proposes the following schedule for the proceeding:

**November 21, 2011**:  Deadline for both parties to complete written discovery, including production of documents.

3

>**December 16, 2011**: Last day to complete percipient witness depositions, including those of corporate representatives.
>
>**December 23, 2011**: Deadline for ePlus to identify expert witnesses and nature and bases for expert opinions.[1]
>
>**January 6, 2012**: Deadline for Lawson to identify rebuttal expert witnesses and nature and bases of expert opinions.
>
>**January 20, 2012**: Deadline to complete expert depositions.
>
>**January 30, 2012**: Final pre-proceeding conference.
>
>**January 31, 2012**: Evidentiary proceeding begins.

Lawson further proposes that the following additional ground rules would apply to the proceeding:

>**Number of witnesses**: Lawson does not believe it is necessary to limit the number of witnesses each party may present, so long as the time is allocated equally to both parties. Lawson anticipates utilizing two expert witnesses, and one to two percipient witnesses in its rebuttal case. Lawson anticipates making available at the proceeding witnesses under its control whose testimony is sought by ePlus.

---

[1] ePlus's suggestion that the parties must use the same experts they used in the underlying trial finds no support in logic or law. Because the issues presented in a contempt proceeding are entirely different from the issues at trial, courts frequently permit parties to utilize experts at contempt hearings who were not relied upon at trial. *See e.g. Gemtron Corp. v. Saint-Gobain Corp.,* 2010 U.S. Dist. LEXIS 9999 (W.D. Mich. Feb. 5, 2010) ("Saint-Gobain relies on the affidavit of Paul Bonenberger (Bonenberger), an expert retained solely to address the redesigned shelves [at the contempt hearing], who says that the newly designed shelves are more than colorably different from the SG16 shelf and do not infringe the '573 patent."); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 691 F. Supp. 2d 946, 968 (N.D. Iowa 2010) (where expert witness Dr. John Patrick Joseph Kelly testified for the first time at a post-trial proceeding involving a patent redesign); *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 400 (D. Del. 1999) (Mr. Scales, an expert, testified as to modification at a redesign contempt hearing after not appearing at trial); *Merial Ltd. v. Cipla Ltd.*, 2011 U.S. Dist. LEXIS 65639, *22 (M.D. Ga. June 21, 2011) (permitting expert witness testimony at a patent contempt hearing despite the fact that the initial action ended in a default judgment and involved no experts).

4

**Number of exhibits to be introduced at the proceeding**: Lawson does not believe that the Court needs to limit the number of exhibits each party may introduce at the proceeding, so long as the time to introduce exhibits and testimony is allocated equally to both parties.

**Stipulated admissibility of documentary evidence**:  Prior to the proceeding, the parties may agree to stipulate to the admission of certain evidence.  Among other things, Lawson anticipates that the parties will stipulate to the authenticity and admissibility of the RQC source code and the RQC software demonstration laptop.

**Objections to evidence**:  The parties should have an opportunity in advance of the proceeding to file pre-proceeding objections with respect to evidence proposed to be presented at the proceeding.

**Post-proceeding briefing**:  At the conclusion of the proceeding, the parties may simultaneously submit a single brief summarizing the evidence, and applying the law to the evidence.  The brief shall be accompanied by proposed findings of fact and law.  No new evidence may be submitted as part of the brief.

II.   ISSUES TO BE ADDRESSED AT THE NOVEMBER 8, 2011 CONFERENCE

In addition to discussing the threshold issue, as well as the contemplated framework for the contempt proceeding, Lawson requests that the Court address the following additional issues at the November 8, 2011 conference:

**ePlus's discovery responses**:  Lawson has served very limited discovery in this case (six Rule 30(b)(6) topics, three interrogatories, and ten requests for production).  Nevertheless, ePlus has indicated that it will not produce *any* percipient witnesses for deposition.  ePlus also refuses to produce certain

documents including its "communications with third parties relating to . . . the newly accused product/method." To the extent ePlus's characterization of the newly accused RQC product is inconsistent with the testimony of ePlus's experts in this proceeding, such characterizations are of course highly relevant to the validity and credibility of ePlus's claims that the product is only colorably different from the RSS product. Lawson will require the Court's assistance to resolve this dispute.

**Limitations on depositions**: Given that both parties believe the evidentiary proceeding can be accomplished in no more than two to four days, Lawson believes that the court should impose reasonable limits on the number of depositions to be taken in advance of the proceeding. Currently, ePlus seeks depositions on twenty-two separate Rule 30(b)(6) topics, which would require approximately six separate witnesses, and ePlus has indicated it will seek an additional number of witnesses to testify in their individual capacity. Absent order of the Court, such depositions could conceivably consume a total of 75-100 hours, which Lawson contends is excessive in light of the anticipated scope of the contempt proceeding.

**Court-appointed expert**: At the September 15, 2011 status conference, the Court indicated a desire to have an independent expert available to assist the Court during the contempt proceeding. ePlus has indicated that it does not wish to pay for the use of such an expert. Lawson is willing to pay the entirety of the fees relating to such an expert.

LAWSON SOFTWARE, INC.

By: _____/s/_____
          Of Counsel

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

Josh A. Krevitt (admitted *pro hac vice*)
Daniel J. Thomasch (admitted *pro hac vice*)
Jason C. Lo (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Daniel McDonald (admitted *pro hac vice*)
William D. Schultz (admitted *pro hac vice*)
Rachel C. Hughey (admitted *pro hac vice*)
Andrew J. Lagatta (admitted *pro hac vice*)
Joshua P. Graham (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

*Counsel for Defendant Lawson Software, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 7th day of November, 2011, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

    /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*