

CHRISTIAN & BARTON, LLP
ATTORNEYS AT LAW

CRAIG T. MERRITT
Direct Dial: 804.697.4128
Direct Fax: 804.697.6128
E-mail: cmerritt@cblaw.com

October 26, 2011

RECEIVED
OCT 26 2011
ROBERT E. PAYNE
U.S. DISTRICT JUDGE

**BY HAND**

The Honorable Robert E. Payne
Senior United States District Judge
United States District Court
Eastern District of Virginia
701 East Broad Street, 7th Floor
Richmond, VA 23219

      Re:    ***ePlus, Inc. v. Lawson Software, Inc.***
            **EDVA 3:09cv620-REP**

Dear Judge Payne:

      This letter addresses the contempt hearing presently scheduled for November 28, 2011. As Judge Dohnal's recent rulings are referenced in this letter, and the Court may choose to refer some aspect of this matter to him for resolution, we are copying him on this letter. For reasons stated below, ePlus is requesting : (1) a rescheduling of the hearing date to mid-December, 2011, and (2) that the discovery served by Lawson on the evening of October 24, 2011, be forbidden.

      On September 15, 2011, you presided over a telephone conference in which counsel addressed ePlus's assertion that Lawson is in contempt of the Court's injunction order. In essence, ePlus claims that Lawson's RQC module, introduced to the market soon after the injunction was entered, is a functionally immaterial variation on the RSS module found by the jury to be part of certain infringing systems. Lawson has repeatedly identified three features of RQC that allegedly render it non-infringing.

      The upshot of the September 15, 2011, telephone conference was that the Court directed the parties to focus on two issues:

      (1) the viability of Lawson's assertion that the three changes it has identified render RQC non-infringing ("I want Mr. Weaver and ePlus to have full and complete access in any way that they want it to be able to understand exactly how the system works, and how, if at all, its different than the other system." Tel. Conf. Tr. at 12:21-24), and

      (2) the consistency of Lawson's post-injunction assertions that RQC can be easily downloaded at a relatively low cost with the evidence that Lawson placed in the record at the March 25, 2011 injunction hearing. With regard to the latter, the Court expressed concern about

The Honorable Robert E. Payne
October 26, 2011
Page 2 of 3

the accuracy of the record generated at the evidentiary hearing, and the effect that any inaccuracy might have on proceedings before the Federal Circuit. ("I think it appropriate to get this matter resolved as promptly as possible as well as for the issue of contempt so that the Court of Appeals has the full record on what is the truth with respect to the factors that go into the analysis of injunctive relief, whereas here, the alleged misrepresentations made to this Court go to two of the four factors in the injunctive test." Tel Conf. Tr. at 17: 15-21)

The Court granted ePlus leave to conduct discovery addressing the issues identified above, and admonished Lawson to refrain from asserting unfounded objections. Lawson did not request reciprocal discovery, nor did the Court authorize it. The Court directed the parties to work out a pre-hearing schedule, which they did. A Joint Stipulated Schedule for Contempt Proceedings was submitted to the Court on September 27, 2011. (Dkt. No. 816.)

Three things have happened since the telephone conference and the stipulation that emerged from it.

First, although Lawson's document production is not yet complete, Lawson has already produced more than one million pages of documents, a production similar in size to its document production in the entire underlying patent litigation. This gave rise to disputes that Judge Dohnal resolved in a telephone conference on October 18, 2011. Judge Dohnal entered an Order on October 19, 2011, requiring that Lawson complete its production of documents by November 2, 2011. (Dkt. No. 825.) Because Lawson is taking a broad view of the attorney-client privilege, many Lawson documents subject to privilege review will not be produced to ePlus until November 2. ePlus has begun reviewing Lawson documents already produced, but it is self-evident that ePlus cannot review documents that have not yet been produced. ePlus will endeavor to expedite its review of the documents produced by Lawson, and will conduct depositions as promptly as it can. Nonetheless, we are now more than three weeks behind the schedule stipulated by the parties in September.

Second, ePlus stated from the outset that various communications to third parties by Lawson appear to have effected a waiver of Lawson's attorney-client privilege. Whether a waiver has occurred will likely be tested during the depositions of Lawson representatives. As ordered by Judge Dohnal, Lawson provided a preliminary privilege log on October 21, 2011. The preliminary privilege log is 2,893 pages long and suggests that approximately 75,000 documents may be withheld on the ground of attorney-client privilege. Lawson has been ordered to provide a final privilege log in full compliance with Rule 26(b)(5)(A)(ii) by October 28, 2011. If Lawson continues to assert that thousands of records are subject to the attorney-client privilege, it is foreseeable that the Court will need to resolve disputes concerning both the existence of the privilege and its waiver.

Third, Lawson served written discovery on ePlus on the evening of October 24, 2011. The discovery consisted of interrogatories, a 30(b)(6) deposition notice, and a request for production of documents. Copies are enclosed for the Court's convenience. We note several things about this discovery: (1) ePlus has pursued discovery with leave of Court pursuant to its

The Honorable Robert E. Payne
October 26, 2011
Page 3 of 3

September 15, 2011, instructions, whereas Lawson has served discovery late in these proceedings without leave of Court; (2) the subject matter of several of the requests is far afield from the scope of this proceeding as contemplated by the Court's September 15, 2011, instructions; (3) answers to many of the requests can only be based on an evaluation of information that Lawson continues to produce in this proceeding. Lawson demands an expedited response to these requests by November 7, 2011, five days after it concludes its massive document production.

The Court was clear on September 15, 2011, that it does not want a retrial of this case, but a hearing focused on two issues. This proceeding is not a re-litigation of infringement, nor should it be expanded in scope to impose further delay and expense.

ePlus requests the following:

(1) That the evidentiary hearing be rescheduled to mid-December 2011, but not be pushed into 2012. This allows for a bit more preparation time in response to the developments summarized above without prejudice to the prompt resolution of the proceedings.

(2) That Lawson not be permitted to conduct discovery of ePlus, as the only material issues in this proceeding center on an analysis of evidence uniquely in the control of Lawson.

We presently understand that the evidentiary hearing will be conducted on a single day. This will require a very orderly and efficient presentation of evidence. Counsel for the parties have agreed to discuss protocols to make the proceeding orderly, and we agree with Lawson's counsel that a joint submission be made to the Court on those matters as soon as practicable.

Finally, I note that my friend Mr. Carr objects to this letter, as he believes it is premature. At his request, I am enclosing our email exchange on this matter.

Respectfully submitted,

Craig T. Merritt

CTM/jya
Enclosures

cc:   The Honorable Dennis W. Dohnal (by hand delivery)
      Dabney J. Carr, IV, Esquire (by electronic mail)
      Daniel J. Thomasch, Esquire (by electronic mail)
      Scott L. Robertson, Esquire (by electronic mail)
      Henry I. Willett, III, Esquire (by electronic mail)

#1207498

**Craig Merritt**

| | |
|---|---|
| **From:** | Craig Merritt |
| **Sent:** | Wednesday, October 26, 2011 3:43 PM |
| **To:** | Carr, Dabney J. |
| **Cc:** | Henry Willett; 'Robertson, Scott L'; dthomasch@gibsondunn.com |
| **Subject:** | RE: ePlus -- Lawson |

Dabney:

In response to the specific items you identify:

(1) We would need to confirm a precise hearing date with Judge Payne's chambers. We suggest December 12, 2011, but can make no assumptions that the Court will find that date acceptable.

(2) Thank you for agreeing to provide a list of attorney names with the privilege log on Friday.

(3) We do not believe that the right of Lawson to serve discovery on ePlus is a "meet and confer" issue. The fact of its service presupposes that Lawson believes it is entitled to do so. ePlus objects for reasons we have discussed. In our experience, neither litigant will be served if such a fundamental question, on which the parties disagree, is allowed to linger. Thus, as I advised earlier today, we think it necessary to get that issue before the Court for prompt resolution. If such discovery is permitted by the Court in this proceeding, ePlus needs to start dealing with it immediately in light of the overall schedule. Moreover, there will be issues of both scope and timing that the parties, and perhaps the Court, would need to address.

At your request, we shall enclose this correspondence with our submission to the Court. Dabney, I note that Scott and Dan had a brief email exchange, which I shall also enclose. Please note that Scott's reference to "late production" in his email to Dan was not to cast aspersions on anyone, but to recognize the reality that we are running three to four weeks behind the schedule that was originally anticipated.

We look forward to working with you on the matters counsel have agreed to discuss over the next few days.

Craig

*Craig Thomas Merritt*
CHRISTIAN & BARTON LLP
ATTORNEYS AT LAW
909 East Main Street, Suite 1200
Richmond, Virginia 23219
804.697.4128 tel
804.697.6128 fax
cmerritt@cblaw.com
www.cblaw.com

**From:** Carr, Dabney J. [mailto:dabney.carr@troutmansanders.com]
**Sent:** Wednesday, October 26, 2011 1:43 PM
**To:** Craig Merritt
**Cc:** Henry Willett
**Subject:** RE: ePlus -- Lawson

Thanks, Craig. This summary is helpful. As to the first issue, we will speak with our client about moving the hearing date. Do you have a specific date to propose? Let me know that, and we'll get back to you on that issue. As to the third issue, we will provide a list of attorneys with the privilege log provided on Friday.

As to Lawson's discovery requests to ePlus, we believe that this issue needs to be the subject of discussion between the parties, and we are prepared to have that discussion. We have not yet had a chance to confer among counsel about ePlus's objection, much less to have spoken with our client. As you know, Lawson responded promptly when it received Jimmy Clements' email yesterday and proposed a conference call discussion between counsel tomorrow afternoon. As you are also aware, Lawson is in the midst of an extremely large effort to complete discovery and produce a privilege log that is taking up all of its available resources. There is no emergency or other immediacy to whether Lawson is entitled to discovery from ePlus that justifies burdening the Court before the parties have had any discussion about these issues, much less a meaningful meet and confer process as required by the Local Rules.

If ePlus nevertheless does communicate with the Court, please provide the Court with the parties' email correspondence and advise the Court that Lawson has not had an opportunity to confer with its client in order respond to the issues raised in your email, that no meet and confer or other discussions between the parties have occurred and that Lawson objects to ePlus's contacting the Court directly until the parties have had a meaningful meet and confer as required by the Local Rules. Alternatively, if you wish, we can call Judge Dohnal together and schedule a time to speak with him on Friday after the parties have spoken tomorrow afternoon. Please let me know how you would like to proceed.

Dabney

**From:** Craig Merritt [mailto:cmerritt@cblaw.com]
**Sent:** Wednesday, October 26, 2011 11:44 AM
**To:** Carr, Dabney J.
**Cc:** Henry Willett
**Subject:** ePlus -- Lawson

Dabney:

This follows the phone discussion we just concluded.

ePlus, following the exchange of email messages between Jimmy Clements and Jason Lo, agrees that the parties should confer on the scope of the hearing, the scheduling of pre-hearing discovery matters, and any pre-hearing disclosures. The Goodwin Procter and Gibson Dunn lawyers can work over the next few days to discuss a possible joint proposal to the Court on hearing procedures.

I advised you that there are two major points that require prompt action by the Court:

1.    Rescheduling the hearing to mid-December if possible.

2.    Determining Lawson's entitlement to take discovery from ePlus. We believe that the instructions from the Court on September 15, 2011, as well as the stipulated pre-hearing

procedures do not contemplate such discovery, and ePlus objects to it. The passage of time will not likely change the parties' positions on this.

We also discussed a clear identification, in connection with production of the final privilege log, of the names of all identified persons who are attorneys. You were receptive to this idea, and we appreciate it.

I advised you that we plan to bring these issues to the Court's attention by close of business today. We agree that the lead lawyers should take a few minutes today, if they are so inclined, to discuss these points by telephone. I have alerted Scott Robertson to our discussion and he is available to talk.

Regards,

Craig

*Craig Thomas Merritt*
CHRISTIAN & BARTON LLP
ATTORNEYS AT LAW
909 East Main Street, Suite 1200
Richmond, Virginia 23219
804.697.4128 tel
804.697.6128 fax
cmerritt@cblaw.com
www.cblaw.com

NOTICE: This message and its attachments are confidential and may be protected by the attorney/client privilege. If you have received it in error, please notify the sender immediately by e-mail and delete and destroy this message and its attachments. IRS Circular 230 Disclosure: Any statements regarding federal tax law contained in this communication (including any attachments) are not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by the IRS on the taxpayer or for promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein. ************************************************************************

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

10/26/2011

## Craig Merritt

**From:** Thomasch, Daniel [DThomasch@gibsondunn.com]
**Sent:** Wednesday, October 26, 2011 2:13 PM
**To:** Robertson, Scott L
**Cc:** Craig Merritt; VAED-620: Carr, Dabney; Krevitt, Josh A.; Lo, Jason C.
**Subject:** Eplus Contempt Proceedings

Scott,

Your email below confuses me and is not consistent with Craig Merritt's email to Dabney Carr, which said nothing about a supposed "late production" by Lawson. As you will recall, last week we had two separate conference calls with Magistrate Judge Dohnal regarding the timing of Lawson's production of documents; service of a privilege log, and service of a supplemental response to Interrogatory No. 5 propounded by ePlus. On Tuesday afternoon, October 18, Magistrate Judge Dohnal entered an Order governing those discovery obligations. Lawson is in full compliance with that Order. Are you asserting that Lawson has not produced documents in accordance with the October 18th Order? If so, please explain your position to me, because I am confident that you are working under a misunderstanding of the facts. If not, do you dispute the effect of Magistrate Judge Dohnal's order on the due date applicable to Lawson's production? As noted, I simply do not understand your position.

Although I dispute any allegation of a "late production" by Lawson, we are considering your request for an adjournment of the scheduled hearing, and we do not presume that the parties will be unable to reach a scheduling agreement. That matter, however, requires discussion internally and with our client, after which I would be happy to discuss it with you. It would be very helpful to know if you have specific dates in mind, as we have to check conflicting schedules of several attorneys and witnesses. Before we have an opportunity to do so, we object to bringing this matter before the Court.

Dan

**Daniel J. Thomasch**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3800 • Fax +1 212.351.6200
DThomasch@gibsondunn.com • www.gibsondunn.com

**From:** Robertson, Scott L [mailto:SRobertson@goodwinprocter.com]
**Sent:** Wednesday, October 26, 2011 1:19 PM
**To:** Thomasch, Daniel
**Cc:** VAED-620: Merritt, Craig; VAED-620: Carr, Dabney
**Subject:** Eplus Contempt Proceedings

Dan,

Craig Merritt has spoken to Dabney Carr this morning. Accordingly, I am copying them on this email.

I urge you to contact Dabney for a quick download if you're pressed for time.

I will forward Craig's email to Dabney on our prime issues if you do not already have it.

In essence, we will work with you on deposition scheduling, hearing logistics, etc, to the extent they are reasonable, focused, efficient, and consistent with Judge Payne's instructions. Of course.

Where we differ, and where we don't see resolution, is twofold:

(1) Lawson's late production, which we feel has already prejudiced us;

(2) The discovery propounded by Lawson on Monday. We are objecting to that on principle; as without leave of Court; and without leave of Court on an expedited basis, particularly when Lawson's production is lagging.

We are not going to reach agreement on these issues. On other's we may and so we can make ourselves available tomorrow as Jason suggested.

But I did not want to sit back and suggest eplus thought Lawson's discovery requests were sanctioned by the Court, authorized in any way, or appropriate.

Also, given the late production by Lawson, we will be asking the Court to continue the hearing until mid-December. We simply need time to review the vast amount of documents produced. We can both suggest that extension in a neutral way if we have agreement on it. That might alleviate the prejudice involving point 1 above.

Regards,

Scott


Scott L. Robertson
Goodwin | Procter LLP
901 New York Avenue NW
Washington, D.C. 20001
202-346-4331 (direct phone)
202-346-4000 (general phone)
202-346-4444 (fax)
srobertson@goodwinprocter.com
www.goodwinprocter.com


**From:** Thomasch, Daniel [mailto:DThomasch@gibsondunn.com]
**Sent:** Wednesday, October 26, 2011 12:23 PM
**To:** Robertson, Scott L
**Subject:** Fw: Scott Robertson of Goodwin Proctor called you. He is traveling today, so he gave you his cell: 202-258-3298

Scott:

I understand that you called. I am tied up in meetings. Can you let me know what you wish to discuss? If the schedule we proposed yesterday for a preliminary discussion of open issues is not convenient for you, please let me know what would work at your end. We could also have that conference call on Friday between 10 am and

noon, Eastern if that is better for your team.

Dan

**From:** Sutphen, Lynne A.
**Sent:** Wednesday, October 26, 2011 11:08 AM
**To:** Thomasch, Daniel
**Subject:** Scott Robertson of Goodwin Proctor called you. He is traveling today, so he gave you his cell: 202-258-3298

Lynne A. Sutphen
Legal Secretary

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.5390 • Fax +1 212.351.4035
LSutphen@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

*************************************************************

**IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**
*************************************************************
*************************************************************
**This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.**
*************************************************************

10/26/2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS FOR CONTEMPT PROCEEDINGS**

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, defendant Lawson Software, Inc. ("Lawson") requests that Plaintiff ePlus Inc. ("ePlus") produce the following documents and things requested below, in accordance with the Definitions and Instructions that follow. The requested documents and things must be produced for copying and inspection at the offices of Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071-3197, by November 7, 2011.

## DEFINITIONS AND INSTRUCTIONS

The Definitions and Instructions sections of Defendant Lawson Software, Inc.'s First Set of Interrogatories to Plaintiff, dated August 6, 2009, and Defendant Lawson Software, Inc.'s Second Set of Interrogatories to Plaintiff, dated August 21, 2009, shall apply to all document requests and are incorporated herein by reference.

## REQUESTS

1. Documents, communications, and analyses supporting your contention that the difference between the newly accused product/method and the adjudged infringing products is "more than a colorable difference."

2. Documents, communications, and analyses supporting your contention that the newly accused product/method infringes any of claims 3, 26, 28, and 29 of the '683 Patent or claim 1 of the '172 Patent.

3. Documents, communications, and analyses relating to the newly accused product/method, changes to Lawson's adjudged infringing products, Lawson's efforts to design-around claims 3, 26, 28, and 29 of the '683 Patent or claim 1 of the '172 Patent, and/or Lawson's ability to design-around claims 3, 26, 28, and 29 of the '683 Patent or claim 1 of the '172 Patent.

4. Documents, communications, and analyses relating to the performance, specifications, functional characteristics and capabilities of the newly accused product/method, including but not limited to those documents, communications, and analyses relating to PX-402.

5. Documents, communications, and analyses relating to the scope of the injunction in this action and/or Lawson's compliance (or alleged lack thereof) with the injunction in this action.

6. Documents or communications with third parties relating to the injunction in this case or the newly accused product/method.

7. Documents, communication, and analyses relating to any differences or similarities between newly accused product/method and the adjudged infringing products.

2

8.  Documents, communication, and analyses relating to any differences or similarities between the newly accused product/method and ePlus's Content+ or Procure+ products.

9.  Documents, communications, and analyses generated or modified after January 27, 2011 regarding ePlus's Content+ and Procure+ products, including but not limited to, documents and communications comparing those products to any of Lawson's products.

10. Documents sufficient to show the revenue and profits Lawson has generated since January 27, 2011 from all systems incorporating ePlus's Content+ and Procure+ products including, but not limited to, revenues and profits derived from licensing, service and maintenance.

Dated:  October 24, 2011

By:  Jason C. Lo
     Jason C. Lo

Daniel J. Thomasch
Jason C. Lo
Sarah E. Simmons
Timothy P. Best
dthomasch@gibsondunn.com
jlo@gibsondunn.com
ssimmons@gibsondunn.com
tbest@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 900071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

*Attorneys for Defendant Lawson Software, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October 2011, I served the following:

**Defendant Lawson Software, Inc.'s First Set of Requests for the Production of Documents and Things for Contempt Proceedings**

on the following counsel of record as indicated via electronic mail:

Craig T. Meritt
Henry I. Willet, III
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmeritt@cblaw.com
hwillet@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Jason C. Lo
Jason C. Lo
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 900071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ePLUS INC.,                          )
                                     )
                 Plaintiff,          )
                                     )
        v.                           )        Civil Action No. 3:09CV620 (REP)
                                     )
LAWSON SOFTWARE, INC.,               )
                                     )
                 Defendant.          )

## DEFENDANT LAWSON SOFTWARE, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ePLUS INC. FOR CONTEMPT PROCEEDINGS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Lawson Software, Inc. ("Lawson") serves the following interrogatories and requests that, by November 7, 2011, Plaintiff ePlus Inc. ("ePlus"), answer each interrogatory fully, in writing, and under oath, by an officer or duly authorized agent of ePlus, in accordance with the Federal Rules of Civil Procedure and the Definitions and Instructions set forth below.  Lawson notes that ePlus is required to supplement such answers pursuant to Federal Rule of Civil Procedure 26(e).

## DEFINITIONS AND INSTRUCTIONS

The Definitions and Instructions sections of Defendant Lawson Software, Inc.'s First Set of Interrogatories to Plaintiff, dated August 6, 2009, and Defendant Lawson Software, Inc.'s Second Set of Interrogatories to Plaintiff, dated August 21, 2009, shall apply to all interrogatories and are incorporated herein by reference.

## INTERROGATORIES

## INTERROGATORY NO. 1

State with particularity all facts that support your contention that the difference between the newly accused product/method and the adjudged infringing products is not "more than a colorable difference."

## INTERROGATORY NO. 2

To the extent You contend that Lawson, by making, using, or selling the newly accused product/method, infringes any of claims 3, 26, 28, and 29 of the '683 Patent or claim 1 of the '172 Patent, provide claim charts identifying each claim of each patent that you contend is or has been infringed, and specifically describe in detail all factual and legal bases for Your contention that those claims have been infringed, including, without limitation, where and how each element of each asserted claim is found within or practices by each newly accused product/method, and whether each element of each asserted claim is claimed to be literally present, present under the doctrine of equivalents, or both.

## INTERROGATORY NO. 3

Identify and explain all bases for Your claims for damages arising from Lawson's alleged contempt, including all evidence supporting such bases.

Dated:  October 24, 2011

By:  <u>Jason C. Lo</u>
       Jason C. Lo

Daniel J. Thomasch
Jason C. Lo
Sarah E. Simmons
Timothy P. Best
dthomasch@gibsondunn.com
jlo@gibsondunn.com
ssimmons@gibsondunn.com

2

tbest@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 900071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

*Attorneys for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October 2011, I served the following:

**Defendant Lawson Software, Inc.'s First Set of Interrogatories for Contempt Proceedings**

on the following counsel of record as indicated via electronic mail:

Craig T. Meritt
Henry I. Willet, III
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmeritt@cblaw.com
hwillet@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Jason C. Lo
Jason C. Lo
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 900071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ePLUS INC.,                                )
                                           )
        Plaintiff,                    )
                                           )
v.                                         )        Civil Action No. 3:09CV620 (REP)
                                           )
LAWSON SOFTWARE, INC.,                     )
                                           )
        Defendant.                    )

## DEFENDANT LAWSON SOFTWARE, INC.'S NOTICE OF TAKING DEPOSITION OF ePLUS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendant Lawson Software, Inc. ("Lawson") will take the deposition of Plaintiff ePlus Inc. ("ePlus") by oral examination of witness(es) designated by ePlus to testify on its behalf as the person(s) most competent to testify on the topics set forth in the "List of Matters on Which Examination is Requested" attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE THAT the deposition will take place before a certified shorthand reporter duly authorized to administer the oath required by law, on November 14, 2011 at 10:00 a.m., at the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166-0193, (212) 351-4000. If for any reason the deposition is not completed on the above date, it shall continue from day-to-day (weekends and holidays excepted) until completed.

Under Federal Rule of Civil Procedure 30, the deposition testimony will be recorded by stenographic means and may also be recorded by sound-and-visual means, including videotape and potentially interactive real-time (i.e., simultaneous display of the transcript on a laptop

through LiveNote or similar software).  Lawson reserves the right to use this videotape deposition at the time of trial.

Lawson requests that at least seven days before the deposition, ePlus provide a written designation of the names and positions of the officers, directors, managing agents or other persons who are most competent to testify concerning the matters set forth above, and for each such person designated, the matters on which he or she will testify.

DATED:  October 24, 2011

Respectfully submitted,

By:  Jason C. Lo
       Jason C. Lo

Daniel J. Thomasch
Jason C. Lo
Sarah E. Simmons
Timothy P. Best
dthomasch@gibsondunn.com
jlo@gibsondunn.com
ssimmons@gibsondunn.com
tbest@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 900071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

*Attorneys for Defendant Lawson Software, Inc.*

2

## EXHIBIT A

## DEFINITIONS

The Definitions and Instructions sections of Defendant Lawson Software, Inc.'s First Set of Interrogatories to Plaintiff, dated August 6, 2009, and Defendant Lawson Software, Inc.'s Second Set of Interrogatories to Plaintiff, dated August 21, 2009, shall apply to all document requests and are incorporated herein by reference.

## LIST OF MATTERS ON WHICH EXAMINATION IS REQUESTED

1. The factual basis for your contention that the difference between the newly accused product/method and the adjudged infringing products is not "more than a colorable difference."

2. The factual basis for your contention that the newly accused product/method infringes any of claims 3, 26, 28, and 29 of the '683 Patent or claim 1 of the '172 Patent.

3. All analyses conducted by or on behalf of ePlus relating to the newly accused product/method, changes to Lawson's products accused of infringement in the underlying action, Lawson's efforts to design-around the claims of the patents-in-suit, and/or Lawson's ability to design-around the claims of the patents-in-suit.

4. All analyses conducted by or on behalf of ePlus relating to whether the newly accused product/method infringes any of claims 3, 26, 28, and 29 of the '683 Patent or claim 1 of the '172 Patent.

5. The revenue and profits ePlus has generated since January 27, 2011 from all systems incorporating ePlus's Content+ and Procure+ products including, but not limited to, revenues and profits derived from licensing, service and maintenance.

6.  All communications with Lawson customers or third parties regarding the newly accused products/methods.

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October 2011, I served the following:

**Defendant Lawson Software, Inc.'s Notice of Taking Deposition of ePlus Pursuant to Federal Rule of Civil Procedure 30(b)(6)**

on the following counsel of record as indicated via electronic mail:

Craig T. Meritt
Henry I. Willet, III
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmeritt@cblaw.com
hwillet@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

James D. Clements
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

_Jason C. Lo_
Jason C. Lo
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 900071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520