# Merchant & Gould
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchantgould.com

A Professional Corporation

Direct Contact | dmcdonald@merchantgould.com
612.336-4637

September 23, 2011

RECEIVED
SEP 23 2011
ROBERT E. PAYNE
U.S. DISTRICT JUDGE

The Honorable Robert E. Payne
United States District Court for the
Eastern District of Virginia
Federal Courthouse – Room 3000
701 East Broad Street
Richmond, VA 23219

    Re:    ePlus, Inc. v. Lawson Software, Inc
           Civil Action No. 3:09cv620

Dear Judge Payne:

    We write in response to the Court's request for information regarding the Court's authority to use an independent expert or technical advisor. Pursuant to Federal Rule of Evidence 706, the Court has the power to appoint an expert or, in the alternative, appoint a technical advisor to assist in the Court's review and analysis of the evidence. Lawson requests that the Court appoint an independent expert or technical advisor to review and analyze the evidence related to the contempt proceedings based on the complex nature of the source code at issue and the importance of the outcome of these proceeding to both parties.

    "The inherent power of a trial judge to appoint an expert of his own choosing is virtually unquestioned." *Fed. R. Evid. 706, Advisory Comm. Notes* (citing *Scott v. Spanjer Bros., Inc.*, 298 F.2d 928 (2d Cir. 1962) and *Danville Tobacco Ass'n v. Bryant-Buckner Assocs.*, 333 F.2d 202, 208 (4th Cir. 1964)). Fed. R. Evid. 706 makes that inherent power explicit. Rule 706 provides:

Rule 706. Court Appointed Experts

(a) Appointment. The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not

The Honorable Robert E. Payne
September 23, 2011
Page 2

> be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

Fed. R. Evid. 706(a).[1]

"Rule 706 powers are properly invoked where the issues are complex and the parties' experts have presented conflicting testimony that is difficult to reconcile or have otherwise failed to provide a sufficient basis for deciding the issues." 29 Charles A. Wright and James Gold, *Federal Practice and Procedure: Evidence* § 6302 at 454-55 (1997). *See also Quiet Tech. DC-8 v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1348 (11th Cir. 2003) (appointment of expert "especially appropriate where the evidence or testimony at issue is scientifically or technically complex"). Scientifically difficult patent cases are "ideally suited to the appointment of a court expert pursuant to Rule 706." *Leesona Corp.*, 522 F. Supp. at 1312. The Eastern District of Virginia has appointed independent experts in patent cases. *See NEC Corp. v. Hyundai Elecs. Indus. Co.*, 30 F. Supp. 2d 546, 554 (E.D. Va. 1998) (appointing independent expert where the parties' experts "skillfully elucidated the relevant technology" but became "technical advocates for their respective causes").

The Court also has broad discretion related to compensate the expert. Rule 706(b) provides that the expert is entitled to reasonable compensation.

> (b) Compensation. Expert witnesses so appointed are entitled to reasonable compensation in whatever sum the court may allow. The compensation thus fixed is payable from funds which may be provided by law in criminal cases and civil actions and proceedings involving just compensation under the fifth amendment. In other civil actions and proceedings the compensation shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs.

Fed. R. Evid. 706(a). The Court can order that the expert's fees and expenses be paid in advance. *United States v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1982) ("a district court has the discretion to charge as costs the fees and expenses of the witnesses it calls, and if advance payment is necessary to secure the witness to have the parties advance such

---

[1] Amendments to Rule 706, which are meant only to be stylistic, take effect December 1, 2011.

The Honorable Robert E. Payne
September 23, 2011
Page 3

payment in whatever proportions are fair"). The court may even order that the expert's fee be paid entirely by one party. Wright, § 6305, at 480. *See also G.K. Las Vegas Ltd. P'ship*, 671 F. Supp. 2d at 1208 (court may order compensation in amount according to its discretion to be paid by the parties in such proportion as the court directs); *Leesona Corp.*, 522 F. Supp. at 1312 n.21 (fee of court-appointed expert in battery patent case paid in equal shares by parties, and was not taxed as cost to losing party).

The Court also has the power to appoint a technical advisor to provide technical assistance in sorting through the evidence. "Technical advisors may be useful for the understanding of scientific evidence generally as well as the science or technology involved in patent cases." *TechSearch L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1377 (Fed. Cir. 2002). *Id.* at 1378; *see also LG Elec's, Inc. v. Petters Group Worldwide, L.L.C.*, 2009 U.S. Dist. LEXIS 73295 (E.D.Tex. Aug. 19, 2009) (appointing technical advisor in a patent case).

Unlike a Rule 706 expert, a technical advisor does not act as a witness. The differences between the two were well summarized in *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204 (9th Cir. 2004):

> The role of a technical advisor is to organize, advise on, and help the court understand relevant scientific evidence. [*Ass'n of Mexican American Educators v. California ("AMAE")*, 231 F.3d 572, 590 (9th Cir. 2000) (en banc)]. A technical advisor is a tutor who aids the court in understanding the "jargon and theory" relevant to the technical aspects of the evidence. *Reilly v. United States*, 863 F.2d 149, 158 (1st Cir. 1988). A technical advisor may not assume the role of an expert witness by supplying new evidence; nor may an advisor usurp the role of the judge by making findings of fact or conclusions of law. *See A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1097 (9th Cir. 2002); *Reilly*, 863 F.2d at 155. Technical advisors, acting as such, are not subject to the provisions of Rule 706, which govern court-appointed expert *witnesses*. A court-appointed expert is a witness subject to Rule 706 if the expert is called to testify or if the court relies on the expert as an independent source of evidence. *AMAE*, 231 F.3d at 591; *Reilly*, 863 F.2d at 156-57.

362 F.3d at 1213.

The Court may use an expert as both a technical advisor and a Rule 706 expert. *See Patent Case Management Judicial Guide* § 8.1.2.4, at 8-24; *see also Leesona Corp.*, 522 F. Supp. at 1312 (permissible for an expert appointed under Rule 706 to serve "not only as a witness on whose opinion the Court can rely for assistance, but also as both a second set of ears for the court and a teacher who, unaffected by his having been called as a witness by one side or the other, can explain the technical significance of the evidence presented."). In such a case, though, the requirements of Rule 706 must be met. *See*

The Honorable Robert E. Payne
September 23, 2011
Page 4

*Enforma Natural Prods.*, 362 F.3d at 1213-14 (expressing concern that "the use of technical advisors may impermissibly influence a district court's ultimate findings or impinge upon the court's role as finder of fact," and noting that technical advisors should not rely on "extra-record information"). A technical advisor who offers independent evidence to the court as an expert witness should be subject to cross-examination about the information he relied upon in forming his opinions. *Id.* at 1214.

ePlus has alleged in its motion to show cause why Lawson should not be held in contempt that Lawson's RQC product is not more than colorably different than Lawson's RSS product. Many of the differences related to the products are at the source code level that, for example, restricts the RQC product's ability to create an intermediate "order list." Additionally, the source code of the RQC product was altered to place restrictions on a user's ability to place more than a single punchout vendor on a single requisition and purchase order. Because the changes relate to the source code itself, they are inherently complex and warrant independent review by an expert or technical advisor.

The parties have both put forth expert declarations related to the proceedings in this case. The parties have both filed evidence with the Court based on their respective positions. Lawson requests that the Court appoint an independent expert or technical advisor to assist the Court in evaluating the redesigned RQC product.

Appointment of an independent expert in this case will not unduly delay the proceedings. That person will rely on a fixed record that consists of the parties' submissions related to the RQC product. There will be no need to conduct outside investigation, except perhaps to allow the expert to see a product demonstration of RQC.

ePlus has indicated that cost may be an issue. In order to alleviate that issue, Lawson is willing to initially cover the full costs of the independent expert or technical advisor. Should the Court find that the RQC product is more than colorably different and does not infringe, Lawson respectfully requests that the Court re-apportion the expert costs at that time as it may deem appropriate.

Lawson took this Court's injunction order seriously. It redesigned and indeed eliminated several of the very features ePlus relied on at trial to contend the RSS configurations infringed. An independent expert or technical advisor will assist this Court in analyzing the significance of those changes in light of the claims, the prosecution histories of the patents at issue, the prior art, and ePlus's arguments at trial.

Respectfully submitted,

*Daniel W. McDonald*

Daniel W. McDonald

cc: Scott Robertson