IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED

NOV 23 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

*e*PLUS INC.,                                    )
                                                 )
            Plaintiff,                           )   Civil Action No. 3:09-CV-620 (REP)
                                                 )
      v.                                         )
                                                 )
LAWSON SOFTWARE, INC.,                           )
                                                 )
                                                 )
                                                 )
            Defendant.                           )

## SCHEDULING ORDER CONCERNING
## CONTEMPT PROCEEDINGS

This Order shall govern the schedule and conduct of the evidentiary hearing and all pre-hearing and post-hearing procedures relating to the contempt proceedings in this action.

### Pre-Hearing Procedures and Exchanges

1.      On or before November 18, 2011, defendant shall complete service of its production of documents in response to Plaintiff's First Set of Requests for the Production of Documents and Things to Defendant Lawson Software, Inc. For Contempt Proceedings.

2.      On or before November 21, 2011, defendant shall serve plaintiff with a revised privilege log in compliance with the Federal Rules of Civil Procedure and the terms of paragraph III(B) of PRETRIAL SCHEDULE A, deleting entries known not to pertain to this matter.

3.      On or before November 23, 2011, the parties shall meet and confer regarding both parties' Rule (30)(b)(6) deposition notices.

4.      On or before November 28, 2011, plaintiff shall respond to all written discovery and complete production of documents in response to Lawson's First Set of Requests for the Production of Documents and Things for Contempt Proceedings.

5.      On or before December 2, 2011, plaintiff shall serve a privilege log identifying all responsive documents withheld or produced in redacted form from its November 28, 2011 document production which log shall be in compliance with the Federal Rules of Civil Procedure and paragraph III(B) of PRETRIAL SCHEDULE A.

6.      On or before December 5, 2011, the parties shall serve Rule 30(b)(1) and 30(b)(6) deposition notices.

7.      Depositions of percipient witnesses may commence on December 12, 2011, and shall conclude on or before January 6, 2012.

8.      On or before January 13, 2012, plaintiff shall serve on defendant and file with the Court expert reports concerning issues relating to contempt, along with the report of any expert it intends to present on the issue of remedies, should the Court make a finding of contempt. The report shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

9.      On or before January 20, 2012, defendant shall serve on the plaintiff and file with the Court reports of expert witnesses who may be called by defendant to testify at trial on any issue.

10. On or before January 27, 2012, plaintiff shall file the reply report of any expert who will be called to testify at the hearing. The report shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

11. Any opinion not disclosed in an expert's report will not be admitted into evidence.

12. Depositions of experts may commence on January 30, 2012, and shall conclude on or before February 10, 2012.

13. On February 10, 2012, the parties shall exchange excerpts, with summaries, from the transcripts of depositions they intend to introduce into the record in connection with this proceeding. Counter designations, if any, shall be exchanged on February 15, 2012.

      a.    On February 14, 2012, all parties shall serve on all counsel excerpts of all "fairness" or rebuttal designations.

      b.    On February 17, 2012, any objection to the introduction of any designation of discovery to be offered at the evidentiary hearing, or any summary thereof, shall be filed by each party in writing with the Clerk. Such objection shall be deemed to have been waived if not timely filed.

      c.    On or before February 21, 2012, counsel shall confer to resolve objections to discovery designations. If objections are not resolved, they shall be determined at the time of the evidentiary hearing. It shall be the responsibility of the objecting party to file the specific discovery designation to which objection is taken,

along with the party's objections thereto.  All such documents shall be clearly marked, indexed, and easily reviewable.  The party offering the designated discovery shall be responsible for: (i) conforming it to the agreement reached by the parties or to the rulings on the objections; (ii) filing the conformed version; and (iii) providing opposing counsel, the Clerk, and the Court with a conformed set of all designated discovery on or before February 23, 2012.

d.    Deposition excerpts that are to be submitted to the Court shall be conformed to reflect agreements, and where objections remain, the objected-to portions shall be set forth in the proffered excerpts and the objected-to portions will be highlighted and, in the adjacent margin, the bases for the objection shall be set forth (e.g., FRE 403, etc.).

e.    This paragraph on designations shall not apply to discovery materials that will be used solely in cross-examination or for impeachment.

14.    On February 15, 2012, the plaintiff shall file a list of all witnesses intended to be called at the hearing.  On February 17, 2012, the defendant shall file a corresponding list of all witnesses to be called at the hearing and of the exhibits they intend to use other than for purposes of impeachment.  The parties shall identify only persons whom they have a good faith basis to believe will be called to give testimony.

15.     On February 15, 2012, the plaintiff shall file with the Clerk a list of proposed exhibits. On February 17, 2012, the defendant shall file a list of proposed exhibits.

a.      Any exhibit not listed and timely filed will not be admitted into evidence unless used solely for impeachment or rebuttal purposes. This disclosure shall not apply to exhibits used as demonstrative aids, and not offered into evidence. Counsel are admonished that the filing of exhibits deemed by the Court to be unnecessary to a just disposition of the case may be found to be violative of 28 U.S.C. § 1927 and the filing of unnecessary exhibits will be the basis for sanctions. Any proposed exhibit not used at the hearing will not be a part of the record.

b.      A set of exhibits shall be delivered to the opposing party on the date the serving party's exhibit list is filed with the Clerk, or the exhibits shall be identified by Bates number or other identifying information so that the opposing party may reasonably locate the exhibit.

c.      Objections to exhibits shall be filed with the Clerk by February 22, 2012. Subject to the limitation imposed by the last sentence of subparagraph 15(a), any exhibit to which no objection is made shall be admitted without further action. Counsel shall confer to resolve objections to exhibits. If objections are not resolved, they shall be determined at the time of the evidentiary hearing.

d.      On February 24, 2012, each party shall deliver to the Clerk three

sets of pre-marked, indexed exhibits (one for the judge, one for the

witness, and one for the law clerk).

## Contempt Proceeding

16.    An evidentiary hearing will be held on February 27-March 1, 2012.

17.    The hearing will proceed on the following schedule:

### February 27

Opening Statements **10:00 a.m. – 10:40 a.m.**

Plaintiff's Evidence **11:00 a.m. – 1:00 p.m.**

Plaintiff's Evidence **2:00 p.m. – 5:00 p.m.**

### February 28

Plaintiff's Evidence **10:00 a.m. – 1:00 p.m.**

Defendant's Evidence **2:00 p.m. – 5:00 p.m.**

### February 29

Defendant's Evidence **10:00 a.m. – 1:00 p.m.**

Defendant's Evidence **2:00 p.m. – 5:00 p.m.**

(if necessary, otherwise, Plaintiff's Rebuttal Evidence)

### March 1

Plaintiff's Rebuttal Evidence **10:00 a.m. – 1:00 p.m.**

(if necessary)

## Post-Hearing Procedures

18.     On or before March 15, 2012, ePlus shall submit a post-hearing memorandum of no more than thirty pages setting forth its reasons why Lawson should be held in contempt. The post-hearing memorandum shall be accompanied by ePlus's proposed findings of facts and conclusions of law.

19.     On or before March 29, 2012, Lawson shall submit its memorandum in opposition of no more than thirty pages. The memorandum shall be accompanied by Lawson's proposed findings of facts and conclusions of law.

20.     On or before April 6, 2012, plaintiff shall present its reply to defendant's proposed findings of fact and conclusions of law.

21.     The parties shall appear on April 26, 2012 at 10:00 a.m. to present final argument on the evidence and issues before the Court in the contempt proceeding.

Enter: November _**2012**

_____/s/_____ _R E P_

Robert E. Payne
Senior United States District Judge