**Expert Witness Experience**

Alfred C. Weaver, Ph.D.
Director, UVa Applied Research Institute
Professor of Computer Science
Department of Computer Science
151 Engineer's Way, P. O. Box 400740
University of Virginia
Charlottesville, VA 22904

cell: 434-242-1949 (call first)
office: 434-982-2201 (call second)
home: 434-979-7324 (call third)
email: weaver@virginia.edu

I have worked as an expert witness since 1988. Below, in reverse chronological order, are the cases with which I have been involved. Six cases have gone to trial. For each case I have underlined the client by whom I was engaged.


17. Firm: Keker and Van Nest LLP, San Francisco, CA
Date: 2011
Litigants: VT Technologies v. Twitter
Case: VT Technologies accused Twitter of infringing its patent that purported to define a method and system for creating a virtual community of famous people. I testified that Twitter did not infringe. The jury found that the patent was not infringed and was invalid.
Court: U.S. District Court, Eastern Virginia (Norfolk)
Resolution: Patent not infringed; patent invalid.

16. Firm: Goodwin Procter LLP, Washington, DC
Date: 2009—2011
Litigants: ePlus, Inc. v. Lawson Software
Case: ePlus alleged that Lawson's electronic purchasing system infringed multiple claims in three of ePlus's patents with regard to searching multiple electronic catalogs, creating requisitions, and issuing purchase orders to multiple vendors.
Court: U.S. District Court, Eastern Virginia (Richmond).
Resolution: Verdict in favor of ePlus. The patents are valid and several claims infringed.

15.  Firm: Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Date: 2009—2010
Litigants:  Netscape Communication Corp. v. ValueClick and subsidiaries
Case:  Netscape alleged that ValueClick's online advertising business infringed the claims of its "cookie" patent with respect to the operation of web browsers and web servers.
Court:  U.S. District Court, Eastern Virginia (Alexandria)
Resolution: Settled on terms favorable to Netscape

14. Firm: Alston & Bird
Date: August 2007—February 2008
Litigants: Nokia v. Qualcomm
Case: Nokia alleged that Qualcomm infringed multiple claims of its patents on data exchange methods.
Resolution: I resigned from the case due to personal health issues. No reports, depositions, or testimony took place.

13. Firm: Jones Day, Austin, Texas
Date: 2006-2007
Litigants: IBM vs. Amazon
Case: I was retained, but the case settled before any expert witness work was required.
Resolution: unknown

12.  Firm:  Hunton & Williams, Washington, DC
Date: 2005—2006
Litigants: ePlus, Inc. v. SAP
Case: ePlus alleged that SAP's electronic purchasing system infringed multiple claims in three of ePlus's patents with regard to searching multiple electronic catalogs, creating requisitions, and issuing purchase orders to multiple vendors.
Court: U.S. District Court, Eastern Virginia (Alexandria).
Resolution: Hung jury. Rescheduled for bench trial. Settled before the second trial on terms favorable to ePlus.

11.  Firm: Kirkland & Ellis, New York, New York.
Date: 2004—2006
Litigants:  Hewlett-Packard v. Foundry Networks
Case: HP alleged that Foundry Networks manufactures products (routers) that infringe one claim of its patent for a method of providing security in computer networks.
Court: U.S. District Court, Wilmington, Delaware
Resolution: Settled out of court.

10.  Firm: Kirkland & Ellis, New York, New York.
Date: 2004—2006
Litigants:  Hewlett-Packard v. Extreme Networks
Case: HP alleged that Extreme Networks manufactures products (routers) that infringe one claim of its patent for a method of providing security in computer networks.
Court: U.S. District Court, Wilmington, Delaware
Resolution: Jury trial resulted in a split decision. On summary judgment the judge granted plaintiff's motion for a new trial.  The case then settled.

9. Firm: Hunton & Williams, Washington, DC
Date: 2004—2005
Litigants: ePlus, Inc. v. Ariba
Case: ePlus alleged that Ariba's electronic purchasing system infringes multiple claims in three of ePlus's patents with regard to searching multiple electronic catalogs, creating requisitions, and issuing purchase orders to multiple vendors.
Court: U.S. District Court, Eastern Virginia (Richmond).
Resolution: All asserted claims were found to be valid and infringed. Damages awarded in the amount of $37M.

8. Firm: Venable, Washington, DC
Date: 2004
Litigants: Simplification, LLC v. Block Financial Corp.
Case: Simplification alleged patent infringement by Block Financial. On behalf of Simplification, I provided consultation regarding claim construction.
Court: U.S. District Court, Delaware.
Resolution: Unknown.

7. Firm: Swidler Berlin Shereff and Friedman, Washington, DC
Date: 2003—2004
Litigants: 3COM v. D-Link
Case: 3COM alleged that D-Link Ethernet products infringe multiple claims of its patents regarding Ethernet operation. With a technical partner, I provided an analysis of the operation of D-Link Ethernet products and consulted on claim construction.
Court: U. S. District Court, Northern California.
Resolution: Case abandoned by plaintiff.

6. Firm: Hunton & Williams, Washington, DC
Date: 2001—2008
Litigants: MercExchange LLC  v. eBay
Case: MercExchange had early (1995) patents regarding electronic commerce, selling goods at auction electronically and paying for goods online. MercExchange alleged that eBay infringed three of his patents with its electronic auction, "buy it now" fixed-price option, and electronic payment via PayPal.  On behalf of MercExchange I provided numerous expert reports and two depositions regarding the operation of eBay, my opinion that eBay's system did infringe multiple claims in three of MercExchange's patents, and that the patents were valid in light of prior art. The case went to jury trial in April-May 2003 before Judge Jerome Freidman in the Eastern District of Virginia, Norfolk Division. I was qualified as an expert witness in computer science and electronic commerce before Judge Friedman.
Resolution: The infringement claims pertaining to electronic auctions were dismissed on summary judgment (inadequate written description), but the remainder of the case went to jury trial. The jury decided in favor of MercExchange on all counts of alleged infringement and in favor of validity of the two surviving patents.  Judge Friedman awarded $29.5M in damages (appealed by eBay).
Court: U.S. District Court, Eastern Virginia (Norfolk).

Resolution: Federal circuit confirmed the jury verdict. On the question of whether the judge should issue a permanent injunction against eBay, the Supreme Court remanded the case to the trial judge for a new decision. eBay has now purchased a license from MercExchange.

5. Firm: LeClair Ryan, Richmond, VA
Date: 2000
Litigants: John Lynch and First Union Capital Markets v. Scott Prendergast
Case: John Lynch, who operated the Lynch Retirement Group for First Union, alleged that Scott Prendergast, a former employee, copied proprietary customer account data from LRG/FU when he left that firm to start his own retirement planning business. I examined a database of customer information recovered from Scott Prendergast's computer and concluded that it could only have originated from information belonging to LRG/FU. I was qualified as an expert in computer science before Judge T. S. Ellis in the Eastern District of Virginia (Alexandria) and testified before him.
Court: U.S. District Court, Eastern Virginia (Alexandria)
Resolution: Prendergast was found guilty of data theft.

4. Firm: Kirkland & Ellis, New York, NY
Date: 1999
Litigants: Cisco v. Lucent
Case: Cisco and Lucent counter-sued each other for infringement of each company's patents in the area of Virtual Private Network (VPN) establishment in ATM fiber optic network routers. On behalf of Lucent, I consulted on product and patent analysis.
Resolution: Settled out of court.

3. Firm: Pennie and Edmonds, New York, NY
Date: 1996
Litigants: Hewlett-Packard v. C. S. Telecom
Case: C. S. Telecom alleged that HP's use of multicast and broadcast addressing in its IEEE 802.3 (Ethernet) product infringed multiple claims of one of its patents. On behalf of HP, I provided an expert report supporting HP's position that it did not infringe.
Resolution: Settled out of court.

2. Firm: Weingarten, Shurgin, Gagnebin & Hayes, Boston, MA
Date: 1993
Litigants: Proteon v. C. S. Telecom
Case: C. S. Telecom alleged that the Proteon Pronet local area network infringed multiple claims of its token ring patent. On behalf of Proteon, I provided an expert report and a deposition supporting my opinion that the Pronet product did not infringe.
Resolution: Settled out of court.

1.  Firm: Latham and Watkins, Washington, DC
Date: 1988
Litigants: Hewlett-Packard v. IBM
Case: The federal government awarded the FAA Advanced Automation System project to IBM. HP contested the award, alleging that the IBM proposal did not meet the RFP's requirements with regard to its choice of local area networks.  On behalf of HP, I testified before an administrative law judge on the meaning and status of the IEEE 802.5 token ring standard.
Court: hearing held before an administrative law judge
Resolution: HP lost its appeal.


updated: December 16, 2011