# EXHIBIT 2

1              IN THE UNITED STATES DISTRICT COURT

2            FOR THE EASTERN DISTRICT OF VIRGINIA

3                     RICHMOND DIVISION

4

5      ---------------------------------------
                                          :
6      ePLUS, INC.                        :      Civil Action No.
                                          :      3:09CV620
7      vs.                                :
                                          :
8      LAWSON SOFTWARE, INC.              :      September 15, 2011
                                          :
9      ---------------------------------------

10

11          COMPLETE TRANSCRIPT OF THE CONFERENCE CALL

12            BEFORE THE HONORABLE ROBERT E. PAYNE

13                UNITED STATES DISTRICT JUDGE

14

15     APPEARANCES:

16     Scott L. Robertson, Esquire
       Michael G. Strapp, Esquire
17     Goodwin Procter, LLP
       901 New York Avenue NW
18     Suite 900
       Washington, D.C.  20001
19
       Craig T. Merritt, Esquire
20     Christian & Barton, LLP
       909 East Main Street
21     Suite 1200
       Richmond, Virginia  23219-3095
22     Counsel for the plaintiff

23

24                  Peppy Peterson, RPR
                   Official Court Reporter
25                United States District Court

1  have provided to us before was in the 30 range.  I'm okay with

2  those.  You know, as long as they are asking reasonable

3  questions, we're going to respond to those.  So right there, we

4  can take care of that right now.

5         Mr. Robertson, please provide me those document

6  requests and interrogatories.  I would ask you that we'd have

7  until October 7th to respond to those.  We'd like to be able to

8  deal with this brief.  I'd like to be able to fully inform the

9  Court that there were hundreds of hours placed into the

10 requisition center product, that it wasn't this simple

11 20-minute download that's being represented.

12        It is a 20-minute download, but that's just to get

13 the software onto the computer.  There's a whole lot of other

14 development, implementation that goes on to this.  To take out

15 the download portion is completely irrelevant.

16        THE COURT:  That's not the problem.  You're not

17 telling your customers it takes hundreds of hours to do

18 anything, and I think what you're doing is conflating the time

19 you worked on things and the time it will take to actually

20 achieve the solution, and I want it sorted out.

21        And I want Mr. Weaver and ePlus to have full and

22 complete access in any way that they want it to be able to

23 understand exactly how this system works, and how, if at all,

24 it's different than the other system.  And there are going to

25 be no limitations on that, because it's important --

```
 1              MR. SCHULTZ:  We provided all of the source code.  We

 2   provided them a demonstration -- I guess we can work with ePlus

 3   on what else they want, but we provided them all the

 4   information regarding the system itself.

 5              THE COURT:  You give them what they want.

 6              MR. ROBERTSON:  We respectfully disagree with that.

 7              THE COURT:  You give them what you want.  Mr.

 8   Robertson, you formulate what you want, and you submit it to

 9   them, and unless there's something that is egregious, you give

10   it to them, Mr. Schultz, because there is enough information

11   right now to trouble the Court with respect to whether or not

12   what was said to the Court and what is being said to your

13   customers can be harmonized.

14              Now, they may be able to be harmonized, and I realize

15   you haven't even been heard on this issue yet, and I want to

16   hear what you have to say, but I want to hear what you have to

17   say, and the reason I asked for this call, with you being fully

18   knowledgeable that you have a job to do to explain to me the

19   apparent discrepancies and to understand that there are

20   concerns to be dealt with.

21              So, to that end, it is important that the plaintiff's

22   expert have access in the way the plaintiff has outlined.  It

23   needs access to be able fully to deal with this at a hearing,

24   and I don't want -- we don't want to spend a great long time

25   getting ready for this hearing and have another trial over
```

1    something.  And I don't want any situation to develop so that

2    there are fine distinctions being drawn that don't make any

3    difference.  Do you understand what I'm saying, Mr. Schultz?

4              MR. SCHULTZ:  Your Honor, I do understand what you're

5    saying.  We will continue, as we have been, cooperating with

6    ePlus.

7              THE COURT:  Well, let me tell you that the letters

8    that I saw from Mr. McDonald early in the year when this

9    exchange was going back and forth don't stand for cooperation

10   where I come from.  They stand for fighting, the likes of which

11   I saw in the antecedent parts of this case that caused this

12   case to be delayed once, and that created problems, and I'm not

13   going to have that anymore.

14             Now, the other thing that I have in mind, I suppose

15   you're going to offer some kind of expert testimony, Mr.

16   Schultz, are you?

17             MR. SCHULTZ:  Yes, we are, Your Honor.

18             THE COURT:  Who is that going to be from?

19             MR. SCHULTZ:  Dr. Shamos.

20             THE COURT:  I want -- I don't usually do this, but

21   I'm of a mind that it might be appropriate in this instance for

22   there to be a court-appointed expert to look at this thing and

23   to help me with this given the circumstances which have arisen.

24             MR. SCHULTZ:  Your Honor, this is Mr. Schultz, and I

25   would like to explore that.

1        THE COURT:  I'm sorry, I think I did get started on

2   that, Mr. Merritt.

3        MR. MERRITT:  You asked that question.  I'm not sure

4   we every addressed it directly.

5        THE COURT:  Nor did I, so thank you very much for

6   focusing back on the point that started it all.  Thank you all.

7   Thank you very much.

8

9                    (End of proceedings.)

10

11

12        I certify that the foregoing is a correct transcript

13   from the record of proceedings in the above-entitled matter.

14

15

16   _____/s/_____                  _____
     P. E. Peterson, RPR                   Date
17

18

19

20

21

22

23

24

25