# EXHIBIT 3

```
                                                              1

 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
 2                      RICHMOND DIVISION

 3   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                        :
 4    ePLUS, INC.,                      :
                                        :
 5                  Plaintiff,          :
      v.                                : Civil Action
 6                                      : No. 3:09CV620
     LAWSON SOFTWARE, INC.,             :
 7                                      : November 8, 2011
                    Defendant.          :
 8   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:

 9

10

11       COMPLETE TRANSCRIPT OF STATUS CONFERENCE
            BEFORE THE HONORABLE ROBERT E. PAYNE
12              UNITED STATES DISTRICT JUDGE

13

14

15

16    APPEARANCES:

17    Craig T. Merritt, Esq.
      CHRISTIAN & BARTON
18    909 E. Main Street, Suite 1200
      Richmond, VA   23219-3095
19
      Scott L. Robertson, Esq.
20    Jennifer A. Albert, Esq.
      GOODWIN PROCTOR
21    901 New York Avenue, NW
      Washington, D.C.   20001
22
              Counsel for the plaintiff ePlus
23

24
                   DIANE J. DAFFRON, RPR
25               OFFICIAL COURT REPORTER
               UNITED STATES DISTRICT COURT
```

1   with Mr. McDonald back in early spring, the themes,
2   the theories of the modifications, have continued to
3   shift.  I mean, they have morphed.  They have
4   abandoned some.  They have adopted others.  And I have
5   seen internal documentation, Your Honor, back around
6   the time that they were trying to come up with these
7   alleged modifications as to what Lawson viewed the
8   three modifications to be.
9           So I haven't had it pinned down.  If they
10  want to make an initial proffer by Dr. Goldberg as to
11  what the three modifications are, and then we can
12  proceed with a response, they can proceed with their
13  30(b)(6), and then we'll reply.  We can do that in
14  preparation for the hearing.
15          It builds in some added time and costs, no
16  doubt, but, you know, I think this is a serious
17  matter, and we take it very seriously as well.  And we
18  think the integrity of a federal judge's order is at
19  issue here, and we want to do it right, such that when
20  we take this up on appeal we have a proper record.
21          MR. THOMASCH:  We agree with the seriousness
22  of the matter and we agree with having a proper
23  record.  There's no dispute there.
24          There is no dispute about what the three
25  areas of change are.  None.  The supplement to

1  interrogatory No. 5 is 32 pages in length.  I was
2  involved directly in its preparation.  I have read it.
3  It includes, to be reader friendly, it includes
4  virtually a preliminary statement in the front to
5  summarize it, and then it goes on to show the
6  specifics.
7          We have also given them the code for RQC and
8  a file that shows every code change line by line
9  between RQC and RSS that relates to the three changes.
10 And the narrative that we gave them cross-references
11 them.
12         I have it, Your Honor.  I'd be happy to hand
13 it up.  This is the basis for our claim that they are
14 more than colorably different.
15         THE COURT:  And you're not going to vary from
16 that?
17         MR. THOMASCH:  We are not going to vary from
18 that.  This is a report.  If Dr. Goldberg disagreed
19 with this, he wouldn't be our expert.  He's involved
20 in it.  Dr. Goldberg will testify consistent with the
21 supplement to interrogatory No. 5.  There has been no
22 change in the position of Lawson, at least on
23 September 15 when I started, starting with the Court's
24 hearing and --
25         THE COURT:  There were some changes,

1  Mr. Thomasch, in the letters that came my way, which I
2  would rather not have even had, but there were a lot
3  of changes.  I think in a political campaign, there
4  may have been some pejorative language attached to
5  them.
6          MR. THOMASCH:  Your Honor, we have attempted
7  to eliminate pejorative language, and attempted to try
8  and not have too many letters.  And I say that with
9  full recollection that I sent the Court a letter this
10 morning.  But I sent the Court a letter to withdraw a
11 motion, a request I previously made.  I felt I owed it
12 to the Court to do so.
13         But at any rate, the three changes are not in
14 dispute.  The significance of them and whether or not
15 they take the product out of being infringing, that is
16 in dispute, but we know what they are.  If Your Honor
17 wants --
18         THE COURT:  Just a minute.  Mr. Robertson,
19 you know that they're saying that the three changes
20 and the only changes they are ever going to contend
21 were made are in that answer to that interrogatory.
22 Are you willing to accept that as the starting point?
23         MR. ROBERTSON:  Yes, Your Honor.
24         THE COURT:  Then you have your people do
25 expert reports after they get the documents and look

1  at the full panoply of proofs. Because your idea is
2  they ain't, right?
3           MR. ROBERTSON: That's right.
4           THE COURT: To quote the old boy.
5           MR. ROBERTSON: I've got the interrogatory
6  answer. I read it. It is 32 pages long. It was
7  crafted by lawyers, obviously, and it's all over the
8  map. But if they're saying that's the four corners of
9  what they're going to be confined to, then I'll live
10 with that, and I'll address that with Dr. Goldberg.
11          THE COURT: You understand, Mr. Thomasch,
12 that you can't step beyond that. Not one step beyond
13 it.
14          MR. THOMASCH: I understand, Your Honor.
15          THE COURT: If you do, that will be the end
16 of it.
17          MR. THOMASCH: I understand that.
18          THE COURT: All right. You know the
19 parameters then, Mr. Robertson.
20          MR. ROBERTSON: Yes, Your Honor.
21          MR. THOMASCH: With that in mind, Your Honor,
22 on any schedule that Your Honor chooses to set, we
23 believe that the appropriate pathway is for the
24 plaintiffs to put in their expert reports, for the
25 defendant to put in opposition reports, and for the

1    some other company?

2            MR. KREVITT:  I believe that's correct, Your

3    Honor, but it is a separate entity.

4            THE COURT:  And it's the same entity it was

5    when the proceedings began?

6            MR. KREVITT:  Correct, Your Honor.

7            THE COURT:  You'll verify that and let us

8    know?

9            MR. KREVITT:  Correct, Your Honor.

10           THE COURT:  You better tell the federal

11   circuit, too, because somebody is not singing the

12   right song.  It's really confusing when this gets up

13   there.  I have a feeling this will get up there no

14   matter what happens.

15           MR. KREVITT:  We'll see, Your Honor.  Thank

16   you very much for your time.

17           THE COURT:  Thank you.  We'll be in

18   adjournment.

19           I, Diane J. Daffron, certify that the

20   foregoing is a correct transcript from the record of

21   proceedings in the above-entitled matter.

22

                        /s/
23           _____    _____
             DIANE J. DAFFRON, RPR, CCR          DATE
24

25