# EXHIBIT 4

## Page 1

```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION


------------------------------------
                                    :
ePLUS, INC.                         :   Civil Action No.
                                    :   3:09CV620
  vs.                               :
                                    :
LAWSON SOFTWARE, INC.               :   July 28, 2010
                                    :
------------------------------------


     COMPLETE TRANSCRIPT OF THE MOTIONS HEARING
        BEFORE THE HONORABLE ROBERT E. PAYNE
              UNITED STATES DISTRICT JUDGE


APPEARANCES:

Scott L. Robertson, Esquire
Michael G. Strapp, Esquire
Jennifer A. Albert, Esquire
Goodwin Procter, LLP
901 New York Avenue NW
Suite 900
Washington, D.C.  20001

Craig T. Merritt, Esquire
Christian & Barton, LLP
909 East Main Street
Suite 1200
Richmond, Virginia  23219-3095
Counsel for the plaintiff


                 Peppy Peterson, RPR
                 Official Court Reporter
                 United States District Court
```

## Page 2

```
APPEARANCES: (cont'g)

Dabney J. Carr, IV, Esquire
Troutman Sanders, LLP
1001 Haxall Point
Richmond, Virginia  23219

Daniel W. McDonald, Esquire
Kirstin L. Stoll-DeBell, Esquire
Merchant & Gould, PC
80 South Eighth Street
Suite 3200
Minneapolis, Minnesota  55402
Counsel for the defendant
```

## Page 3

P R O C E E D I N G S

THE CLERK: Civil action number 3:09CV00620, ePlus, Inc., versus Lawson Software, Inc. Will counsel please state their names for the record and identify the parties they represent.

MR. MERRITT: Greg Merritt, Christian & Barton, for ePlus.

MR. ROBERTSON: Scott Robertson, Goodwin Procter firm. With me are my partners.

MR. STRAPP: Michael Strapp.

MS. ALBERT: Jennifer Albert.

MR. CARR: Dabney Carr, Troutman Sanders, for Lawson Software.

MR. McDONALD: Good morning, Your Honor. Dan McDonald, Merchant & Gould, representing Lawson Software, and with me today, I'd like to introduce Kirstin Stoll-DeBell, also with Merchant & Gould, also representing Lawson Software.

MS. STOLL-DeBELL: Good morning.

THE COURT: Morning. I always think it's a good idea to throw counsel a curve ball. I always enjoyed it so much when judges did it to me.

I've decided, upon further reflection, that I would like to hear your views on the damages issue reflected in Lawson's -- what is it, motion in limine number one? Is that

## Page 4

what it is?

MR. McDONALD: That's one of them, Your Honor. There's one, two, and three all related to the damages issue.

THE COURT: I mean the settlement.

MR. McDONALD: That's where you want to start?

THE COURT: No, we'll start with the motion for summary judgment, but I would like somebody to -- I'd like for you to address that. I don't want a lot of -- we don't have a lot of time to do this, and we've got a lot to do, so get right to the point. All right, the motion for summary judgment on the written description.

MR. McDONALD: Thank you, Your Honor. May it please the Court, I have some binders with PowerPoint slides I'd like to hand up.

THE COURT: Is that a question of law or fact?

MR. McDONALD: It's a question of fact, but the facts are undisputed. Can I hand up the binders?

THE COURT: I'm sorry, it's in paragraph four of what is to be argued.

MR. McDONALD: That was just a fast ball, not a curve ball.

THE COURT: I don't know. Maybe that was a slider. All right.

MR. McDONALD: Is the PowerPoint visible on the screen right now for Your Honor?

## Page 181

```
06:51:11  1   because you said it doesn't have anything to do with
06:51:14  2   pre-filing.  On the willful infringement issue, that's the only
06:51:17  3   issue it's relevant to; right?
06:51:19  4          MS. STOLL-DeBELL:  Post-filing.
06:51:20  5          THE COURT:  Okay.  Now, how does it play out
06:51:21  6   post-filing?  Tell me about that.
06:51:23  7          MS. STOLL-DeBELL:  There is going to be evidence of
06:51:25  8   when they say Lawson started infringing these patents.  They
06:51:28  9   have to put it on for their damages case, and we're talking
06:51:31 10   about which version they say infringed and when they say Lawson
06:51:35 11   started infringing.
06:51:36 12          So those are going to be facts that come into the
06:51:39 13   case.  So the jury will hear about that, and it will be a fact
06:51:43 14   that these prior versions, anything before 8.0.3, does not
06:51:48 15   infringe.  And we will have witnesses --
06:51:51 16          THE COURT:  They're not going to prove that.  They're
06:51:54 17   not going to offer that evidence -- are you, Mr. Robertson?  He
06:51:58 18   said he wasn't.
06:51:58 19          MR. ROBERTSON:  No.  I'm going to prove that 8.0.3
06:52:02 20   and subsequent versions infringe.
06:52:04 21          THE COURT:  But you're not going to say, in doing
06:52:06 22   that, earlier versions they had didn't infringe.  That's not
06:52:10 23   going to be part of your case.
06:52:11 24          MR. ROBERTSON:  Not going to be part of my case.
06:52:13 25          THE COURT:  So now it comes in, you say, to deal with
```

## Page 182

```
06:52:18  1   -- when it comes in as part of your case.
06:52:21  2          MS. STOLL-DeBELL:  Well, yeah.  I mean, at a minimum,
06:52:23  3   it's part of our cross-examination of Dr. Weaver, that he is
06:52:26  4   not asserting that these prior versions infringed, and he is
06:52:30  5   asserting --
06:52:30  6          THE COURT:  I'm going to tell you what that's going
06:52:32  7   to come up with.  That's going to come up with what you call an
06:52:35  8   objection, and it's going to be sustained most likely.  You've
06:52:43  9   got to realize that you've got to try cases in the order that
06:52:46 10   the issues are presented.
06:52:47 11          Now, this is something that you need to raise, so the
06:52:50 12   question is, can you put in evidence probative of your state of
06:52:56 13   mind that when you got the lawsuit, you didn't think you were
06:53:01 14   infringing with the new 8.0.3 because it was just like all the
06:53:08 15   others and they didn't infringe.
06:53:10 16          MS. STOLL-DeBELL:  Yes.
06:53:14 17          THE COURT:  So you have to then, you say, offer proof
06:53:18 18   that those earlier ones didn't infringe in order to be able to
06:53:21 19   make that argument; right?
06:53:23 20          MS. STOLL-DeBELL:  Right, but I think it's all tied
06:53:25 21   in to we don't think any of it infringes because it's all the
06:53:29 22   same thing.  So it's -- you know, we don't think any of them
06:53:34 23   had catalogs.
06:53:35 24          THE COURT:  What you're doing is thinking without
06:53:37 25   putting it in context of a piece of litigation.  You're
```

## Page 183

```
06:53:43  1   thinking the thing through as if logic dictated that these
06:53:49  2   things follow one unto the other.  That isn't exactly how the
06:53:53  3   trial of the case works.  We're looking at whether or not it's
06:53:58  4   probative in your case.  All right.  Anything else that you
06:54:03  5   wish to say on any of these things?
06:54:06  6          MS. STOLL-DeBELL:  I don't think so, Your Honor.
06:54:08  7          THE COURT:  Okay.
06:54:10  8          MR. ROBERTSON:  One point on that last issue, Your
06:54:13  9   Honor.
06:54:14 10          THE COURT:  Yes, since you have the burden on the
06:54:15 11   motion.
06:54:17 12          MR. ROBERTSON:  If it's all the same and 8.0.3
06:54:20 13   doesn't infringe, they don't willfully infringe, what's the
06:54:23 14   relevance of 5.0 and 6.0?
06:54:26 15          THE COURT:  Because they looked at 5.0 and 6.0 which
06:54:31 16   you didn't accuse of infringing, so they didn't think they were
06:54:34 17   infringing, and they thought you were all wet.
06:54:37 18          MR. ROBERTSON:  If it hasn't changed, what they're
06:54:39 19   saying is then it's invalidated because it predates the
06:54:41 20   patents.  If they're not infringing now, they're not willfully
06:54:44 21   infringing, it makes the relevance of 5.0 and 6.0 that they
06:54:48 22   didn't infringe even earlier pre-attenuated and marginal in my
06:54:53 23   view.  Thank you.
06:54:57 24          THE COURT:  This motion is going to be granted.  This
06:55:02 25   report goes somewhat considerably off the reservation
```

## Page 184

```
06:55:11  1   established by the previous orders of the Court beginning with
06:55:20  2   the requirements that contentions, invalidity contentions be
06:55:25  3   stated at a certain time, and then Lawson was given a second
06:55:33  4   bite at the apple and told to restate them, and those orders
06:55:38  5   were put in place in order that everybody would know how the
06:55:43  6   discovery was to proceed, what were the contentions, what are
06:55:49  7   the contentions, what do we then direct the discovery to.
06:55:54  8          They are not just pro forma requirements of throwing
06:55:58  9   up pieces of paper into the file that contain something about
06:56:03 10   invalidity.  They shape -- they are the skeleton of the case to
06:56:08 11   which the flesh and muscles and viscera are attached by
06:56:14 12   discovery, and they mean something.
06:56:21 13          To the extent that Dr. Shamos's report talks about
06:56:29 14   infringement issues -- I mean invalidity issues or infringement
06:56:34 15   issues beyond what was disclosed, that evidence cannot be
06:56:46 16   brought in.  It just simply can't.
06:56:49 17          When the validity contentions were filed in the
06:56:54 18   second supplement on the issue of anticipation, it was said
06:56:58 19   there were 14 claims that were infringed -- I mean anticipated.
06:57:07 20   J-Con had one.  Gateway was three claims.  PO Writer was seven
06:57:15 21   claims anticipated, and 542, King 542 anticipated three.
06:57:24 22          Dr. Shamos says for the first three, J-Con, Gateway,
06:57:29 23   and PO Writer, there were 13 each, and for King 542 there were
06:57:34 24   11, there were 50.  He can't testify to anything but to the 14.
06:57:40 25   That's been clear from the beginning.
```

253

| | | |
|---|---|---|
| 09:06:03 | 1 | but at least it is irrelevant as to the method -- I mean as to |
| 09:06:08 | 2 | the apparatus even in the acknowledgment of the defendant, and |
| 09:06:13 | 3 | it is -- it is not cumulative evidence, it being the only |
| 09:06:19 | 4 | actual system that shows the RQ in operation in the hands of |
| 09:06:25 | 5 | the customer, and the prejudicial aspect, I think, that would |
| 09:06:28 | 6 | arise from the missteps that the woman made can be cured by |
| 09:06:34 | 7 | just letting the jury see the videotape and see how it works. |
| 09:06:39 | 8 | But I'm going to instruct you both to review it carefully, and |
| 09:06:43 | 9 | if what we've got is a comedy of errors, it's not going to come |
| 09:06:47 | 10 | in because that's wasteful of the jury's time.  So the motion |
| 09:06:52 | 11 | will be provisionally denied. |
| 09:06:59 | 12 | That leaves me with a few things to do; is that |
| 09:07:02 | 13 | right?  We don't have any more motions to argue; is that right? |
| 09:07:07 | 14 | MR. McDONALD:  That's correct, Your Honor.  Your |
| 09:07:09 | 15 | Honor, I wonder if I would have leave because I have a |
| 09:07:12 | 16 | seven o'clock flight. |
| 09:07:13 | 17 | THE COURT:  Hit the road. |
| 09:07:15 | 18 | MR. McDONALD:  Thank you. |
| 09:07:17 | 19 | THE COURT:  You are cutting it close as it is. |
| 09:07:19 | 20 | MR. McDONALD:  I agree.  Thank you, Your Honor. |
| 09:07:24 | 21 | THE COURT:  All right, Mr. McDonald is gone, but |
| 09:07:27 | 22 | we're going to go.  You all have a time to talk with Judge |
| 09:07:35 | 23 | Dohnal? |
| 09:07:35 | 24 | MR. ROBERTSON:  August 19th. |
| 09:07:36 | 25 | MR. CARR:  Correct, Your Honor. |

254

| | | |
|---|---|---|
| 09:07:38 | 1 | THE COURT:  August 19th.  Both of you have some |
| 09:07:42 | 2 | problems in the case, folks, problems that warrant a serious |
| 09:07:47 | 3 | look at whether you're going to settle it or not, and I will |
| 09:07:53 | 4 | say -- I wasn't saying this for settlement purposes.  I |
| 09:07:58 | 5 | genuinely believe that your damages case takes a hit for the |
| 09:08:03 | 6 | reasons that I expressed, and I wasn't trying to communicate |
| 09:08:06 | 7 | that for purposes of inviting you all to settle, but whereas |
| 09:08:12 | 8 | here you have liability problems, and you might make sure you |
| 09:08:16 | 9 | communicate this to Mr. McDonald, and you do, I think, have |
| 09:08:20 | 10 | some liability problems, and they have damage problems. |
| 09:08:24 | 11 | That usually provides a reasonably efficacious way in |
| 09:08:29 | 12 | which to try to reach an accommodation that businesspeople can |
| 09:08:33 | 13 | live with.  All right?  Thank you.  We will be in adjournment. |
| | 14 | |
| | 15 | (End of proceedings.) |
| | 16 | |
| | 17 | |
| | 18 | I certify that the foregoing is a correct transcript |
| | 19 | from the record of proceedings in the above-entitled matter. |
| | 20 | |
| | 21 | |
| | 22 | ____/s/_____          _____ |
| | | P. E. Peterson, RPR              Date |
| | 23 | |
| | 24 | |
| | 25 | |