# **EXHIBIT 19**

**From:** Thomasch, Daniel [mailto:DThomasch@gibsondunn.com]
**Sent:** Monday, October 17, 2011 6:34 PM
**To:** Robertson, Scott L
**Cc:** Strapp, Michael; hwillett@cblaw.com; wschultz@merchantgould.com; kstoll-debell@merchantgould.com; Lo, Jason C.; Simmons, Sarah E.; Carr, Dabney J. (dabney.carr@troutmansanders.com)
**Subject:** ePlus v. Lawson: Follow-up on Meet and Confer

Scott:

Since concluding the call among counsel that immediately followed today's conference call with Magistrate Judge Dohnal, we have worked continuously to develop a full understanding of our capacity to produce documents, provide privilege logs, and serve a supplemental interrogatory response summarizing the changes made to the RSS product that support Lawson's position that RQC is more than colorably different from RSS. Indeed, our team has not left the conference room in which we were working when we spoke.

This afternoon, we (Gibson, Dunn & Crutcher) received from our outside vendor a hard drive containing documents that contain one of more of the keywords that ePlus provided to us on October 7, 2011. It is our priority to produce to ePlus all documents that we have not identified as requiring privilege analysis by this Friday, October 21, 2011. That production will come from Merchant and Gould, which has authorized its outside vendor to incur the necessary overtime charges to meet that schedule.

Additionally, by this Friday, we anticipate Lawson's production of a privilege log identifying the author, recipient, and date of documents to, from, and/or concerning an attorney, which are being withheld from production on the grounds of attorney-client privilege and/or attorney work product. As you know, the parties previously agreed that post-litigation documents between outside counsel and their respective clients need not be logged, but we are agreeing to provide basic identification of such documents to you notwithstanding the parties' prior agreement. In the event that any documents are withheld as privileged although neither the author nor the recipient of the document is a lawyer, a detailed privilege log will be provided, but that is not expected by this Friday. To clarify an apparent misunderstanding of yours, such documents would not be withheld on the basis that the non-lawyer was "giving" legal advice to another non-lawyer, but instead, for instance, that the author of the document was conveying information received from counsel to other individuals who needed to act in compliance with the legal advice at issue. I want to underscore however, what I stated on today's call, *i.e.,* we are not delaying in any way the production of the admittedly non-privileged documents based on our need to review and/or log potentially privileged documents. Any delay with regard to the former is the product of the logistics necessary to the production process, including the downloading of files, the attachment of meta data, etc.

We have agreed today, as part of the belated meet and confer process, to provide a narrative answer to Interrogatory No. 5 served by ePlus on September 18, 2011. As you know, Lawson will be providing a corporate representative to testify about that subject pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. That deposition has not been scheduled as of today. We have not had a chance to speak with our Rule 30(b)(6) witness, with whom we will need to work in order to provide you with the Interrogatory response you requested. Accordingly, I do not have for you a "drop dead" date by which we will be able to provide such a response. I am, however, willing to commit that we will make certain that you have the interrogatory response at least three business days before the Rule 30(b)(6) deposition on topics pertaining to the more than colorable differences between the newly accused products and the adjudged infringing products. It would be helpful to know whether you would like the deposition about that issue to come before or after depositions on the multiple other aspects of ePlus's Rule 30(b)(6) notice. To the extent that witness schedules permit it, we will try to order the depositions consistent with your preference.

We would be available to have a conference call with Magistrate Judge Dohnal tomorrow at 3:00 p.m.

EDT.  If that will work for you, I will ask Mr. Carr to contact Judge Dohnal's chambers. If you would like to continue the "meet and confer" process before speaking with Judge Dohnal, please let me know and we will be happy to set up a conference call.

Dan
**Daniel J. Thomasch**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3800 • Fax +1 212.351.6200
DThomasch@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

******************************************************************

**IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**
******************************************************************
******************************************************************
**This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.**
******************************************************************

2/5/2012