Case 3:09-cv-00620-REP   Document 899-2   Filed 02/15/12   Page 1 of 2 PageID# 29163
Case 3:09-cv-00620-REP   Document 542   Filed 01/03/11   Page 14 of 104 PageID# 14724

14

```
 1   involving these patents in front of Judge Brinkema.  So to the
 2   extent that Judge Spencer made his discretionary decision in
 3   that case, we respectfully lived with it, but in this case, we
 4   think it's particularly inappropriate because we believe that
 5   Dr. Shamos should not be able to shape his opinions that he's
 6   already given based on testimony he now says he's heard for the
 7   first time and that we'd be hearing for the first time at
 8   trial.
 9           THE COURT:  All right.  Thank you.  In the Fourth
10   Circuit, the controlling case is still Opus 3, Limited, against
11   Heritage Park, Inc., and there the Fourth Circuit held that
12   because of its important role in reaching the truth, Rule 615
13   carries a presumption favoring sequestration citing its
14   decision in United States against Farnham, and, therefore, the
15   Court held, that the rule's exemptions, of which there are
16   several, are to be construed narrowly in favor of the party
17   requesting sequestration, and for the same reason, the parties
18   seeking to avoid sequestration of a witness bears the burden of
19   proving that a Rule 615 exemption applies.
20           The exception involved here is the one in Federal
21   Rule of Evidence 615(3) which says that the rule does not
22   authorize exclusion of a person whose presence is shown by a
23   party to be essential to the presentation of the party's cause.
24   That burden must be carried by Lawson in this case.
25           In reviewing the information that's been provided, I
```


EXHIBIT 2

Case 3:09-cv-00620-REP   Document 899-2   Filed 02/15/12   Page 2 of 2 PageID# 29164
Case 3:09-cv-00620-REP   Document 542   Filed 01/03/11   Page 15 of 104 PageID# 14725

15

```
 1    do not see that Lawson has carried that burden.  It has not
 2    shown that Dr. Shamos or any other expert is essential to the
 3    presentation of its cause.  The experts have had reports,
 4    opening reports, rebuttal reports, and they've had access to an
 5    enormous quantity of information, have formed their opinions,
 6    and I believe that there's been ample time here to prepare this
 7    case for trial even after the final pretrial conference, and so
 8    I don't find that the burden has been met here.
 9              Further, I will say that I am inclined to believe
10    that I have been confronted in this case with the most
11    difficult of circumstances, which is the shifting of opinions
12    already, and the shifting of theories, and I don't want any
13    more of it.
14              I'm going to have, I see, difficulty at trial anyway
15    in making -- in policing the experts staying to their opinions
16    because the opinions are so long, and we've already had a
17    number of instances where there have been problems along those
18    lines.
19              So considering all of those factors, the Court
20    exercises its discretion and grants plaintiff's ePlus, Inc.'s
21    request to sequester witnesses pursuant to Federal Rule of
22    Evidence 615.
23              The next issue to be dealt with is the proposed --
24    the motion, excuse me, of ePlus.  It's entitled, plaintiff
25    ePlus, Inc.'s motion to enforce prior court orders.  I've read
```