```
                                                              2532

         IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA
                RICHMOND DIVISION

- - - - - - - - - - - - - - - - - -
                                    :
ePLUS, INC.,                        :
                                    :
              Plaintiff,            :
   v.                               :  Civil Action
                                    :  No. 3:09CV620
LAWSON SOFTWARE, INC.,              :
                                    :  January 20, 2011
              Defendant.            :
- - - - - - - - - - - - - - - - - -:


        COMPLETE TRANSCRIPT OF JURY TRIAL
     BEFORE THE HONORABLE ROBERT E. PAYNE
   UNITED STATES DISTRICT JUDGE, AND A JURY




APPEARANCES:

Scott L. Robertson, Esq.
Jennifer A. Albert, Esq.
Michael T. Strapp, Esq.
GOODWIN PROCTOR
901 New York Avenue, NW
Washington, D.C.    20001


Craig T. Merritt, Esq.
CHRISTIAN & BARTON
909 E. Main Street, Suite 1200
Richmond, VA    23219-3095

        Counsel for the plaintiff ePlus



           DIANE J. DAFFRON, RPR
           OFFICIAL COURT REPORTER
         UNITED STATES DISTRICT COURT
```

EXHIBIT 6

HILLIARD - DIRECT                2687

1  A    This is a requisition screen from the RIMS system.
2  Q    I'm sorry.  Go ahead.
3  A    It shows the account number, which is a
4  department, and line items.
5  Q    Now, do the line items that are listed in that
6  requisition include information relating to the
7  sources from which the item are to be procured?
8  A    No, there's no source information.  There's only
9  one source in the Fisher RIMS system.
10 Q    Why didn't the requisition built by the RIMS
11 system need to include vendor information?
12 A    There's only one vendor.
13 Q    Does the electronic sourcing system of the ePlus
14 patents require that the requisition line items have
15 associated source or vendor information?
16 A    Yes.
17 Q    Why is that necessary?
18 A    Well, because in the patents-in-suit they call for
19 the ability of the buyer to go through catalogs and to
20 select the sources from which he or she wants to buy.
21 And so the requisition needs to reflect the sources
22 that are selected or vendors - source and vendor I'm
23 using interchangeably - that the buyer has selected.
24 Q    Then does the system take that requisition and
25 need to be able to generate purchase orders using the

HILLIARD - DIRECT                     2688

1  data in that requisition?
2  A   Yes.  The '683 patent, Claim Three, and many of
3  the other claims all talk about generating multiple
4  purchase orders from the requisition, and the reason
5  for multiple purchase orders is that the individual
6  line items in the requisition are each associated with
7  vendors, and you have to have a separate purchase
8  order for reach vendor.
9  Q   So is it necessary to the functionality of being
10 able to process that requisition to generate purchase
11 orders, is it necessary to have requisitions with
12 associated vendor information?
13 A   Yes, otherwise you wouldn't know what vendors to
14 issue the purchase orders to.  Or the system wouldn't
15 know, pardon me.
16 Q   Did the RIMS system generate a purchase order from
17 a requisition?
18 A   The RIMS system generated a purchase order block
19 at the RIMS system, which is the on-site system
20 operated by the Fisher customer service rep or CSR,
21 and that purchase order block then went to the Fisher
22 warehouse where a purchase order could conceivably be
23 generated, but it would be generated with manual
24 intervention.
25 Q   Can we look at some figures in the '989 patent

```
 1    your closing arguments.
 2            MR. McDONALD:  I would expect that.
 3            THE COURT:  I don't want any problems on Monday
 4    morning, so I want you all to show those demonstratives to each
 5    other.  Are they ready now?
 6            MR. ROBERTSON:  I would suggest we schedule a meeting
 7    sometime together Sunday and iron it all out.
 8            MR. McDONALD:  I think we can try to come up with a
 9    time to exchange, maybe Sunday morning, 9:00 a.m.
10            THE COURT: All right.  That's fine.  Okay.  That's
11    it then, is it?  All right.  We'll be in adjournment.
12
13            (Court adjourned.)
14
15
16
17
18
19
20
21
22
23
24
25
```