1

1        IN THE UNITED STATES DISTRICT COURT

2       FOR THE EASTERN DISTRICT OF VIRGINIA

3            Norfolk Division

4   -----------------------x

5   ePLUS INC.,                )

6            Plaintiff,    )  Civil Action No.

7        v.                )  3:09-CV-620 (REP)

8   LAWSON SOFTWARE, INC.,   )

9            Defendant.    )

10  -----------------------x

11

12            CONFIDENTIAL - SOURCE CODE

13

14  Videotaped Deposition of BENJAMIN F. GOLDBERG, Ph.D.

15            Washington, DC

16         Thursday, February 2, 2012

17              9:01 a.m.

18

19

20  Job No.: 17583

21  Pages: 1 - 214

22  Reported by: Lee Bursten, RPR, CRR

EXHIBIT

12

CONFIDENTIAL VIDEOTAPED DEPOSITION OF BENJAMIN F. GOLDBERG, PH.D.
## CONDUCTED ON THURSDAY, FEBRUARY 2, 2012

65

| | |
|---|---|
| 1   Q   Are you aware of any bases for your | 10:40:11 |
| 2   opinions as to colorable differences that are not | 10:40:14 |
| 3   found within interrogatory -- Lawson's answer to | 10:40:19 |
| 4   interrogatory number 5? | 10:40:24 |
| 5        MR. LO:  Objection, vague. | 10:40:25 |
| 6   A   Without going through paragraph by | 10:40:29 |
| 7   paragraph of the rog response and of my report and | 10:40:34 |
| 8   comparing them, I couldn't give you an answer. | 10:40:42 |
| 9   BY MS. ALBERT: | 10:40:49 |
| 10   Q   Are you aware of any additional opinions as | 10:40:50 |
| 11   to noninfringement that you rendered that are not | 10:40:53 |
| 12   found within the scope of Lawson's supplemental | 10:40:58 |
| 13   answer to interrogatory number 5? | 10:41:03 |
| 14   A   Again, without going through line by line, | 10:41:06 |
| 15   sitting here, I don't know the answer to that. | 10:41:09 |
| 16   Q   Did you understand that the Court ordered | 10:41:14 |
| 17   that your opinions were to be confined to the factual | 10:41:17 |
| 18   bases and contentions set forth in that interrogatory | 10:41:19 |
| 19   answer? | 10:41:23 |
| 20        MR. LO:  Objection.  Lacks foundation. | 10:41:28 |
| 21   Vague. | 10:41:30 |
| 22   A   What I understood was that Lawson | 10:41:33 |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF BENJAMIN F. GOLDBERG, PH.D.
CONDUCTED ON THURSDAY, FEBRUARY 2, 2012

66

1    identified three major changes that it made in its          10:41:38

2    rog response.  And those were the changes that I was        10:41:43

3    supposed to consider.  And that's what I did.               10:41:49

4    BY MS. ALBERT:                                              10:41:53

5         Q     So you did not attempt to confine yourself       10:41:53

6    to the factual bases and contentions that were set          10:41:57

7    forth in Lawson's supplemental answer to ePlus's            10:42:00

8    interrogatory number 5?                                     10:42:04

9              MR. LO:  Objection, asked and answered.           10:42:05

10   Also misstates the testimony.                               10:42:07

11        A     Well, the factual basis was the changes          10:42:08

12   made to the Lawson system.  And those are the changes       10:42:14

13   that I considered.  I did not consider as part of my        10:42:21

14   analysis other changes that were made, but were not         10:42:27

15   the subject of the discussion in the interrogatory          10:42:34

16   response.                                                   10:42:37

17   BY MS. ALBERT:                                              10:42:41

18        Q     So I don't know that that answered my            10:42:41

19   question of whether you attempted to confine yourself       10:42:44

20   in your opinions to the factual bases and contentions       10:42:50

21   that were set forth in Lawson's supplemental answer         10:42:53

22   to ePlus's interrogatory number 5.                          10:42:57

CONFIDENTIAL VIDEOTAPED DEPOSITION OF BENJAMIN F. GOLDBERG, PH.D.
CONDUCTED ON THURSDAY, FEBRUARY 2, 2012

110

| | | |
|---|---|---|
| 1 | the class level of the UNSPSC code does not enable a | 11:54:15 |
| 2 | user to find substitutable goods because the user | 11:54:19 |
| 3 | must manually review the search results and determine | 11:54:23 |
| 4 | for himself which of the search results satisfies his | 11:54:26 |
| 5 | needs? | 11:54:28 |
| 6 | MR. LO:  Objection, vague.  Misstates. | 11:54:31 |
| 7 | A    Can you read it back, please. | 11:54:39 |
| 8 | (Requested portion of record read.) | 11:54:44 |
| 9 | A    So my opinion is that since the RQC | 11:55:14 |
| 10 | interface will display all the items of a class which | 11:55:25 |
| 11 | may be substantially different from each other and | 11:55:34 |
| 12 | requires the user to try to figure out without the | 11:55:37 |
| 13 | benefit of the UNSPSC commodity code which of those | 11:55:41 |
| 14 | items may or may not be substitutable, I don't | 11:55:47 |
| 15 | believe that that satisfies the converting element of | 11:55:56 |
| 16 | the claims. | 11:56:03 |
| 17 | BY MS. ALBERT: | 11:56:04 |
| 18 | Q    Where in the Court's construction of the | 11:56:05 |
| 19 | converting data elements did the Court indicate that | 11:56:09 |
| 20 | the system had to perform the converting data | 11:56:14 |
| 21 | function without any user intervention? | 11:56:17 |
| 22 | A    Oh, I certainly did not say that.  I | 11:56:23 |

111

| | | |
|---|---|---|
| 1 | believe Mr. Weaver misunderstood what I said in my | 11:56:28 |
| 2 | report.  I think maybe you share the misconception. | 11:56:32 |
| 3 | It is clear that based on what occurred at trial, | 11:56:39 |
| 4 | that the converting means may include the user | 11:56:48 |
| 5 | selecting an item, putting the item -- well, in the | 11:57:02 |
| 6 | RSS case, into the Shopping Cart, then choosing an | 11:57:08 |
| 7 | equivalent item with the same commodity code, putting | 11:57:14 |
| 8 | that item into the Shopping Cart of RSS, and removing | 11:57:17 |
| 9 | the first one; since the jury found a system of that | 11:57:22 |
| 10 | capability to infringe, I'm certainly not saying that | 11:57:31 |
| 11 | no user intervention is required. | 11:57:33 |
| 12 | So that's just a misstatement of my | 11:57:39 |
| 13 | opinion. | 11:57:42 |
| 14 | Q    Well, do you understand that Lawson's | 11:57:42 |
| 15 | expert at trial also rendered an opinion that the RSS | 11:57:44 |
| 16 | system couldn't perform converting data functionality | 11:57:52 |
| 17 | without the user being required to sift through the | 11:57:59 |
| 18 | search results to determine whether the items were | 11:58:03 |
| 19 | substitutable? | 11:58:06 |
| 20 | MR. LO:  Objection, lacks foundation. | 11:58:07 |
| 21 | A    As you know, I was asked to assume that the | 11:58:12 |
| 22 | jury's verdict was correct, and therefore, since | 11:58:17 |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF BENJAMIN F. GOLDBERG, PH.D.
CONDUCTED ON THURSDAY, FEBRUARY 2, 2012

143

1    A    No.  Meaning that the system -- well, going          13:46:51

2    back to the claims now, a system that -- a system         13:47:01

3    could not get out of infringement by simply allowing      13:47:10

4    the user to select and search one catalog.                13:47:13

5        Q    Well --                                          13:47:20

6        A    However --                                       13:47:20

7        Q    Okay.  Excuse me.                                13:47:22

8        A    However, the system of the claimed              13:47:24

9    invention must allow a user, if he so chooses, to be      13:47:30

10   able to search among multiple catalogs and -- well,      13:47:38

11   select among multiple catalogs, and if the user so       13:47:45

12   chooses, to select and search among multiple             13:47:50

13   catalogs, put those items into a single requisition.      13:47:54

14       Q    If the '683 patent claims do not require        13:48:04

15   that the system allow the user to search, to select      13:48:11

16   among multiple product catalogs and then search among    13:48:17

17   the multiple product catalogs, then you would have no    13:48:22

18   noninfringement opinion, correct?                         13:48:27

19            MR. LO:  Objection, misstates.  Also vague.      13:48:29

20       A    If the user can never select more than one      13:48:35

21   catalog to search, such that the items that the user     13:48:44

22   chooses goes onto a single requisition, then I don't     13:48:55

210

1    15:43.                                                          15:43:31

2              (Recess.)                                             15:47:00

3              THE VIDEOGRAPHER:  We are back on the                 15:47:01

4    record at 15:47.                                                15:47:17

5              MR. LO:  So we have no questions on behalf            15:47:20

6    of Lawson.  So subject to our request that the depo            15:47:21

7    be marked as confidential source code, we have                 15:47:26

8    nothing further.                                                15:47:30

9              MS. ALBERT:  Thank you for your time,                 15:47:31

10   Dr. Goldberg.                                                   15:47:33

11             THE VIDEOGRAPHER:  This ends the deposition           15:47:33

12   of Benjamin F. Goldberg, Ph.D.  We are off the record          15:47:35

13   at 15:47.                                                       15:47:39

14             (Signature having not been waived, the

15   videotaped deposition of BENJAMIN F. GOLDBERG, Ph.D.

16   was concluded at 3:47 p.m.)

17

18

19

20

21

22

211

1          ACKNOWLEDGMENT OF DEPONENT

2              I, BENJAMIN F. GOLDBERG, Ph.D. , do hereby

3    acknowledge that I have read and examined the

4    foregoing testimony, and the same is a true, correct

5    and complete transcription of the testimony given by

6    me and any corrections appear on the attached Errata

7    sheet signed by me.

8

9

10    _____        _____

11        (DATE)                    (SIGNATURE)

12

13

14

15

16

17

18

19

20

21

22

CONFIDENTIAL VIDEOTAPED DEPOSITION OF BENJAMIN F. GOLDBERG, PH.D.
## CONDUCTED ON THURSDAY, FEBRUARY 2, 2012

212

1    CERTIFICATE OF SHORTHAND REPORTER—NOTARY PUBLIC

2           I, Lee Bursten, the officer before whom the

3    foregoing deposition was taken, do hereby certify

4    that the foregoing transcript is a true and correct

5    record of the testimony given; that said testimony

6    was taken by me stenographically and thereafter

7    reduced to typewriting under my direction; and that I

8    am neither counsel for, related to, nor employed by

9    any of the parties to this case and have no interest,

10   financial or otherwise, in its outcome.

11          IN WITNESS WHEREOF, I have hereunto set my

12   hand and affixed my notarial seal this 3rd day of

13   February, 2012.

14

15   My commission expires June 30, 2014.

16

17

18

19

20   _____

21   NOTARY PUBLIC IN AND FOR

22   THE DISTRICT OF COLUMBIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:09CV620 (REP) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DECLARATION OF JASON C. LO IN SUPPORT OF
DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM IN OPPOSITION TO
EPLUS'S MOTION TO EXCLUDE PORTIONS OF LAWSON'S EXPERT TESTIMONY**

I, Jason C. Lo, declare as follows:

1.      I am a member of the bar of the State of California and a partner at the law firm of

Gibson, Dunn & Crutcher LLP, counsel to Lawson Software, Inc. ("Defendant" or "Lawson") in

the above-captioned action.  I submit this declaration in support of Defendant's Memorandum in

Opposition to ePlus's Motion to Exclude Portions of Lawson's Expert Testimony.

2.      Attached at Exhibit 1 is a true and correct copy of Defendant Lawson Software, Inc.'s

Responsive Claim Construction Brief.

3.      Attached at Exhibit 9 is a true and correct copy of a letter sent from Daniel McDonald of

Merchant & Gould to Scott Robertson of Goodwin Procter regarding Lawson's release of RQC.

4.      Attached at Exhibit 10 is a true and correct copy of relevant portions of the transcript of

Dr. Alfred C. Weaver's February 9, 2012 deposition.

5.      Attached at Exhibit 11 is a true and correct copy of Plaintiff ePlus Inc.'s First Set of

Interrogatories to Defendant Lawson Software, Inc. for Contempt Proceedings.

1

6.      Attached at Exhibit 12 is a true and correct copy of the relevant portions of the transcript of Dr. Benjamin Goldberg's February 2, 2012 deposition.

I hereby declare, under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Dated: February 15, 2012
       Los Angeles, CA

_____
Jason C. Lo (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Attorney for Defendant*

2