IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
|       Plaintiff, | )   Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| | ) |
|       Defendant. | ) |

**PLAINTIFF *e*PLUS INC.'S BENCH BRIEF PERTAINING TO ADMISSIBILITY OF PARTY DEPOSITION TESTIMONY AT CONTEMPT PROCEEDING**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

*Attorneys for Plaintiff, ePlus Inc.*

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1
II. BACKGROUND ...................................................................................................................2
III. LEGAL STANDARDS FOR ADMISSIBILITY OF DEPOSITION
 TESTIMONY ........................................................................................................................3
IV. CONCLUSION......................................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Gore v. Maritime Overseas Corp.,*
   256 F. Supp. 104 (E.D. Pa. 1966) .................................................................................... 4

*Merchants Motor Freight v. Downing,*
   227 F.2d 247 (8th Cir. 1955) ............................................................................................ 4

*Merial Ltd. v. CIPLA Ltd.,*
   2011 WL 2489753 (M.D. Ga. June 21, 2011) ................................................................ 2

*nCUBE Corp. v. SeaChange Intern., Inc.,*
   ___ F. Supp.2d ___, 2011 WL 4056902 (D. Del. Sept. 2, 2011) ................................... 2

*Tivo Inc. v. Echostar Corp.,*
   646 F.3d 869 (Fed. Cir. 2011) (*en banc*) ......................................................................... 2

**Other Authorities**

7 MOORE'S FEDERAL PRACTICE (2011) ..................................................................................... 4, 5

8A Wright, Miller & Marcus,
   FEDERAL PRACTICE & PROCEDURE (2010) ...................................................................... 4

**Rules**

Fed. R. Civ. P. 1 .......................................................................................................................... 2

Fed. R. Civ. P. 32 ............................................................................................................... 1, 3, 4, 5

Fed. R. Evid. 801 ........................................................................................................................ 3

Local Rule 30 .......................................................................................................................... 3, 6

## I.     INTRODUCTION

Plaintiff *e*Plus Inc. ("*e*Plus") respectfully submits this brief setting forth the governing rules pertaining to the admissibility of the deposition testimony of Defendant Lawson Software, Inc.'s ("Lawson") witnesses at the upcoming contempt proceeding in this matter, and other evidentiary issues pertaining to admissibility.  As discussed herein, there can be no reasonable dispute that Federal Rule of Civil Procedure 32(a)(3) and this Court's Scheduling Order for this contempt proceeding expressly provide that Lawson's deposition testimony, and the exhibits marked in those depositions, may be admitted as evidence.

Pursuant to the Scheduling Order for this contempt proceeding, *e*Plus took the depositions of several Lawson officers and employees relating to the alleged RQC design-around.  These depositions also covered the process and chronology relating to the development of RQC.  Stated in the most generous way possible, Lawson's documents and deposition testimony reveal a startling lack of candor with respect to its employees' testimony at the prior injunction proceedings.

In order to establish this chronology at the contempt proceeding, *e*Plus will introduce this deposition testimony (and the exhibits at those depositions) of these Lawson personnel.  *e*Plus provides this bench brief to establish the admissibility of this evidence.[1]

---

[1] At an appropriate time during the contempt proceeding, *e*Plus will provide the Court with a demonstrative exhibit and interactive CD showing a timeline of events regarding the development of RQC in relation to the representations made by Lawson to the Court during the injunction proceedings.  This timeline will juxtapose the statements made by Lawson and the RQC development process, both before and after the injunction hearings, and will demonstrate Lawson's contempt.  The interactive CD will allow the Court to click on and view the cited document or deposition testimony.  If the Court desires, *e*Plus can also provide the Court with this information on a flash drive.  The events in the timeline will be established through deposition testimony of Lawson witnesses and through Lawson documents marked as exhibits at those depositions.

As a practical matter, the admissibility of this evidence is absolutely necessary in order for this Court to conduct this proceeding in an expedient manner. *See* Fed. R. Civ. P. 1 (providing that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Indeed, *e*Plus is effectively permitted only eleven hours in which to present its case at this proceeding.

Accordingly, pursuant to the Federal Rules and this Court's Scheduling Order, the deposition testimony and exhibits designated by *e*Plus should be admitted into evidence for the contempt proceeding.

## II.   BACKGROUND

At the September 15, 2011 hearing, this Court made clear that it wants to hear evidence of the timeline of the RQC design process at the upcoming contempt proceeding, stating:

> THE COURT:   And, Mr. Robertson, I do want – you can do this however you want to do it, but I want to know and have developed – ***I want to know and understand exactly where along the way Lawson's product was when various statements were made to the Court about how much time it would take, how expensive it would be to deal with the consequences of an injunction in the event of infringement. I want that developed. I want to see what the record is.***
>
> ***That's part of what your mission is going to be here given the nature of the charges you have made, because if you have made charges that are not true on that regard, then you've got a problem yourself. And I don't want to have to be in a position of deciding any of these things on less than a good record.***

Dkt. No. 805 (Tr. of Sept. 15, 2011) at 22:17 – 23:5 (emphasis added).[2]

---

[2] As was set forth in *e*Plus's bench brief pertaining to the scope of this proceeding, *see* Dkt. No. 833, it appears that district courts applying *Tivo Inc. v. Echostar Corp.*, 646 F.3d 869 (Fed. Cir. 2011) (*en banc*), have generally conducted patent injunction contempt proceedings within the span of a few days. *See, e.g., nCUBE Corp. v. SeaChange Intern., Inc.,* ___ F. Supp.2d ___, 2011 WL 4056902, *3 (D. Del. Sept. 2, 2011) (identifying and discussing only one claim limitation in dispute, and conducting one-day hearing and post-hearing briefing); *Merial Ltd. v. CIPLA Ltd.,* 2011 WL 2489753, *1, n.2, 11 (M.D. Ga. June 21, 2011) (finding contempt following a two-day evidentiary hearing and stating "[v]alidity of the patent and infringement of the original product are not open to challenge").

Accordingly, *e*Plus has taken the depositions of several key Lawson personnel and obtained hundreds of thousands documents from Lawson and its key personnel that establish the timeline of the RQC process in relation to the representations Lawson made to this Court with respect to the injunction motion. While *e*Plus does not seek to introduce all of these documents, it would be impossible for *e*Plus to introduce all of the key documents within the time frame allotted if deposition testimony is not admitted. *e*Plus therefore files this bench brief to make clear the admissibility of this deposition testimony — and the exhibits referenced in those depositions — into the record of the contempt proceeding.

## III.  LEGAL STANDARDS FOR ADMISSIBILITY OF DEPOSITION TESTIMONY

Federal Rule of Civil Procedure 32(a)(3), entitled "Deposition of Party, Agent, or Designee," provides that "[a]n adverse party may use *for any purpose* the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, *or* designee under Rule 30(b)(6) or 31(a)(4)." Accordingly, the rule is plain that it provides for the deposition of a party, including any officer, director, managing agent, or Rule 30(b)(6) designee, to be used by an adverse party for any purpose. Moreover, the Federal Rules of Evidence treat as "not hearsay" statements by a party's "agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(C).[3]

---

Under the circumstances, it is abundantly clear, given the truncated nature of this proceeding, that the admission of deposition testimony and exhibits is absolutely necessary to provide this Court with a complete record upon which to base its decision.

[3] *e*Plus also assumes that the admitted evidence from the trial of this action remains of record in this proceeding and that such testimony and exhibits may be relied upon and need not be "reintroduced." Of course, that trial was three weeks in duration, and it would be impossible for the parties to reintroduce all of that evidence in the four days allotted for this proceeding.

This provision of Rule 32 is to be liberally construed. 8A Wright, Miller & Marcus, FEDERAL PRACTICE & PROCEDURE, Section 2145 (2010); *Merchants Motor Freight v. Downing,* 227 F.2d 247, 250 (8th Cir. 1955) (stating "[t]his rule is broad and has been liberally interpreted" and holding that it was error to exclude deposition even where deponent was available to testify) (referring to rule later renamed as Rule 32(a)(3))). Moreover, by its terms the rule applies irrespective whether the deponent is available for trial.

Likewise, exhibits marked at the taking of the depositions are also admissible, subject to the usual rules of evidence. 8A Wright, Miller & Marcus, FEDERAL PRACTICE & PROCEDURE, Section 2142 (2010) ("[a] document marked for identification at a deposition should ordinarily be annexed as an exhibit to the transcript … and may be used on the same conditions as the deposition itself …."); 7 MOORE'S FEDERAL PRACTICE, Section 32.61[2][b][iii] (2011) ("[unless the parties otherwise agree], only the testimony *and the exhibits* constitute the deposition") (emphasis added); *Gore v. Maritime Overseas Corp.,* 256 F. Supp. 104, 119 (E.D. Pa. 1966) ("Since the deposition is admissible, Exhibits … marked at this deposition are admissible"), *judgment aff'd in part, rev'd in part on other grounds*, 378 F.2d 584 (3d Cir. 1967).

At the November 8, 2011, hearing for this matter, this Court agreed with the above principles during the following colloquy:

> MR. MERRITT: Your Honor, there's one matter I think we agreed on when we first stood up, but sometimes people walk away from something and hear different things. To the extent we can be as clear possible, I would like to try to address it. We talked about the applicability of the Federal Rules of Evidence.
>
> THE COURT: Right.
>
> MR. MERRITT: We readily agree that the Federal Rules of Evidence will apply to any evidentiary hearing that the Court holds. Our understanding is that one of the procedures that's permitted under the federal rules not only of evidence but of civil procedure is the use of adverse party depositions. Even if –

4

>THE COURT: *Yes, it usually is without regard to availability.*
>
>MR. MERRITT: It could be used freely. If Mr. Carr is a 30(b)(6) witness for Lawson and he's sitting right here in the room, we can still use his deposition.
>
>THE COURT: I believe we had a – was it this case we had a fight over that or was it the DuPont case?
>
>MR. HOLLOWAY: DuPont.
>
>MR. MERRITT: But certainly Rule 32(a)(3) is about as clear as it could be on its face.
>
>THE COURT: *It says for any purpose, I think.*

Dkt. No. 845 (Tr. of Nov. 8, 2011) at 112:20 – 113:22 (emphasis added).

In a continuing colloquy, the Court confirmed that "[a]ll evidence will be presented at the hearing." *Id.* at 117:13-14. This is consistent with the general approach under the rule, which provides that the deposition testimony to be relied upon be introduced into evidence at the proceeding. *See generally* 7 MOORE'S FEDERAL PRACTICE, *supra,* Section 32.60. But the Court emphasized, *"If it comes in under the deposition procedures that are spelled out in Rule 30, then so be it or in interrogatory answers or requests for admissions or whatever form they come in."* Dkt. No. 845 (Tr. of Nov. 8, 2011) at 117:23 – 118:1 (emphasis added).

Indeed, the Scheduling Order expressly contemplates that deposition testimony will be admitted into evidence, in that it requires the parties to exchange deposition designations prior to the contempt proceeding. Dkt. No. 849 (Scheduling Order Concerning Contempt Proceedings), ¶ 13 (providing for exchange of deposition designations and stating, "the parties shall exchange excerpts, with summaries, from the *transcripts of depositions they intend to introduce into the record in connection with this proceeding*.") (Nov. 23, 2011) (emphasis added). This

5

requirement has no purpose other than to have the parties identify the deposition testimony and exhibits that will be admitted at the contempt proceeding.[4]

## IV.   CONCLUSION

For the foregoing reasons, the deposition testimony of Lawson's personnel, and the exhibits from those depositions, should be admitted into evidence at the contempt proceedings.

---

[4] This provision of the Scheduling Order also reflects the Court's Local Rule 30(F), which sets forth the requirements for reviewing depositions "[w]henever depositions *are expected to be presented in evidence ….*"  Local Rule 30(F) (emphasis added).

Respectfully submitted,

February 17, 2012

/s/
David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com

Attorneys for Plaintiff *e*Plus Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2012, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S BENCH BRIEF PERTAINING TO ADMISSIBILITY OF PARTY DEPOSITION TESTIMONY AT CONTEMPT PROCEEDING**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

| | |
|---|---|
| Christopher Dean Dusseault, *pro hac vice* <br> Jason Lo, *pro hac vice* <br> Timothy P. Best, *pro hac vice* <br> GIBSON, DUNN & CRUTCHER LLP <br> 333 S. Grand Avenue <br> Los Angeles, CA 90071 <br> Telephone: (213) 229-7000 <br> Facsimile: (213) 229-6659 <br> CDusseault@gibsondunn.com <br> JLo@gibsondunn.com <br> TBest@gibsondunn.com <br> VAED-620ExternalServiceList@gibsondunn.com | Robert A. Angle, VSB#37691 <br> Dabney J. Carr, IV, VSB #28679 <br> Megan C. Rahman (VSB No. 42678) <br> Timothy J. St. George (VSB No. 77349) <br> TROUTMAN SANDERS LLP <br> P.O. Box 1122 <br> Richmond, Virginia 23218-1122 <br> Telephone: (804) 697-1238 <br> Facsimile: (804) 698-5119 <br> robert.angle@troutmansanders.com <br> dabney.carr@troutmansanders.com <br> megan.rahman@troutmansanders.com <br> tim.stgeorge@troutmansanders.com |
| Donald R. Dunner, *pro hac vice* <br> Erika H. Arner, *pro hac vice* <br> FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P. <br> 901 New York Avenue, N.W. <br> Washington, DC 20001 <br> Telephone: (202) 408-4000 <br> Facsimile: (202) 408-4444 <br> don.dunner@finnegan.com <br> erika.arner@finnegan.com <br> EXT-Lawson-FinneganCorrespondence@finnegan.com | Daniel J. Thomasch, *pro hac vice* <br> Josh A. Krevitt, *pro hac vice* <br> GIBSON, DUNN & CRUTCHER LLP <br> 200 Park Avenue <br> New York, NY 10166 <br> Telephone: (212) 351-4000 <br> Facsimile: (212) 351-6200 <br> DThomasch@gibsondunn.com <br> JKrevitt@gibsondunn.com <br> VAED-620ExternalServiceList@gibsondunn.com |
| | Sarah E. Simmons, *pro hac vice* <br> GIBSON, DUNN & CRUTCHER LLP <br> 2100 McKinney Avenue , #1100 <br> Dallas, TX 75201 <br> Telephone: (214) 698-3100 <br> Facsimile: (214) 571-2900 <br> SSimmons@gibsondunn.com <br> VAED-620ExternalServiceList@gibsondunn.com <br><br> ***Counsel for Defendant Lawson Software, Inc*** |

2

                                                                          */s/*
                        David M. Young (VSB #35997)
                        Counsel for Plaintiff *e*Plus Inc.
                        **GOODWIN PROCTER LLP**
                        901 New York Avenue, N.W.
                        Washington, DC 20001
                        Telephone: (202) 346-4000
                        Facsimile: (202) 346-4444
                        dyoung@goodwinprocter.com