# APPENDIX 10

# APPENDIX 10

## DEPOSITION OF KENNETH FARBER (December 27, 2011)

| Lawson Affirmative Designation | *ePlus* Objection to Affirmative Designations | Lawson Summary | *ePlus* Objections to Summary | *ePlus* Fairness Designations | Lawson Counter-Designations | *ePlus* Objections to Counter-Designations |
|---|---|---|---|---|---|---|
| 7:4-17 | | Farber's role as President of ePlus Systems, Inc. has not changed since trial, and he oversees development, sales, and support of intellectual property. | | | | |
| 9:6-13; 9:25-10:5 | LR 30(F) | Farber acknowledges being designated to serve as ePlus's Rule 30(b)(6) witness on the six topics listed on Lawson's Notice of Taking Deposition of ePlus Pursuant to Federal Rule of Civil Procedure 30(b)(6). | | | | |
| 10:8-11:23; 50:7-51:6 | | Farber did nothing to prepare and educate himself for his 30(b)(6) testimony beyond speaking with outside counsel for forty minutes. He did not investigate any facts. | | | | |
| 14:13-16:14 | LR 30(F); 401/403; 106 | Farber did not view the jury verdict as a sales opportunity, and nobody at ePlus contacted any Lawson customers in any way in regard to the jury verdict. | | | 16:25-17:5 | |

APPENDIX 10
Kenneth Farber (Dec. 27, 2011)
*e*Plus Objections to Lawson Affirmative and Counter Designations and Summaries

| Lawson Affirmative Designation | *e*Plus Objection to Affirmative Designations | Lawson Summary | *e*Plus Objections to Summary | *e*Plus Fairness Designations | Lawson Counter-Designations | *e*Plus Objections to Counter-Designations |
|---|---|---|---|---|---|---|
| 22:15-24:5 | LR 30(F); 401/403 | ePlus provides maintenance, support, and/or service with respect to software sold to customers by third parties; ePlus hires or trains employees to do so. | | | | |
| 28:20-30:10 | LR 30(F); 401/403 | ePlus did not view the injunction order as a sales or marketing opportunity and never formed a strategy to try to take advantage of the injunction from a business perspective. | | 28:12-19; 30:11; 30:20-31:10 | 35:14-37:1 | |
| 40:8-41:5 | LR 30(F); 401/403 | ePlus has no plan or strategy to take advantage in the marketplace of any "final" decree in this matter. | | | | |
| 51:7-52:11; 53:11-19; 53:25-15; 55:4-8; 55:22-56:24; 57:18-58:17; 60:7-14 | 401/403 | Farber assumes that Trinity Health was a Lawson customer for the S3 suite of products. Farber assumes that the Trinity Health customer contacting ePlus was a Lawson pawn, and Farber never spoke to him or discussed him internally. | | 56:25-57:8 | 57:9-15 | |
| 60:18-61:20 | 106; 401/403 | Except for with Trinity, ePlus had no specific contacts with Lawson customers; although Farber did not ask other employees whether they had such contacts. | Mr. Farber understood that if other employees had contacted Lawson customers, this would have been reflected in the information ePlus collected and produced in discovery | | | |

2

**APPENDIX 10**
**Kenneth Farber (Dec. 27, 2011)**
***e*Plus Objections to Lawson Affirmative and Counter Designations and Summaries**

| Lawson Affirmative Designation | *e*Plus Objection to Affirmative Designations | Lawson Summary | *e*Plus Objections to Summary | *e*Plus Fairness Designations | Lawson Counter-Designations | *e*Plus Objections to Counter-Designations |
|---|---|---|---|---|---|---|
| 62:18-64:23 | 401/403 | Farber describes the sales force at ePlus for Procure+ and Content+ and the materials available to them when contacting potential customers. | | | | |
| 65:16-66:24 | 401/403 | ePlus's sales team's marketing materials make no reference to the injunction against Lawson. | | | 73:4-6 | LR 30(F) |
| 74:25-76:18 | LR 30(F); 401/403 | Farber confirms that ePlus could replace RSS with Procure+, which would still run on Lawson's core S3 system. | | | | |
| 78:5-18 | 401/403; 106 | ePlus never considered attempting to make direct appeals to Lawson customers to replace RSS after the injunction issued. | | | | |
| 79:14-16 | 106; 401/403 | ePlus is aware of some of Lawson's customers. | | | | |
| 81:18-85:7; 114:24-122:9 | LR 30(F); 401/403 | Discussing various customers and whether ePlus had any contact with them after the injunction issued. | The summary mischaracterizes the designated testimony. The designated testimony discusses competition between ePlus and Lawson taking place after the injunction issued. | | | |
| 89:13-18; 90:6-13 | 401/403 | ePlus's only awareness of the differences between RSS and RQC stems from Farber looking at Lawson's website, at which time ePlus asked counsel and experts to further evaluate. | | | | |

3

**APPENDIX 10**
**Kenneth Farber (Dec. 27, 2011)**
*e*Plus Objections to Lawson Affirmative and Counter Designations and Summaries

| Lawson Affirmative Designation | *e*Plus Objection to Affirmative Designations | Lawson Summary | *e*Plus Objections to Summary | *e*Plus Fairness Designations | Lawson Counter-Designations | *e*Plus Objections to Counter-Designations |
|---|---|---|---|---|---|---|
| 93:13-95:18 | LR 30(F); 401/403 | Farber does not know how Punchout worked in conjunction with the catalog or purchase orders, and there was no digging into its functionality by ePlus. | | | | |
| 99:2-17 | 401/403 | Nobody at ePlus knows whether there is a difference in the ability to search for multiple vendors and create a single requisition between the RSS product and the RQC product. Only counsel or experts have knowledge. | | | | |
| 101:16-104:3 | LR 30(F); 401/403 | Nobody at ePlus is aware of whether the RSS product or the RQC product have an order list that was separate from a requisition. | | | | |
| 106:5-107:12 | 401/403 | ePlus did not attempt any point to determine what the factual differences are between RSS and RQC other than by looking at Lawson's website. | | 107:13-19; 107:21-24 | | |
| 111:14-113:5 | 401/403 | Farber is unaware of how many levels of search could be performed pursuant to the UNSPSC codes in either RSS or RQC or whether it has changed from RSS to RQC. | | | | |

4

**APPENDIX 10**
**Kenneth Farber (Dec. 27, 2011)**
*e*Plus Objections to Lawson Affirmative and Counter Designations and Summaries

| Lawson Affirmative Designation | *e*Plus Objection to Affirmative Designations | Lawson Summary | *e*Plus Objections to Summary | *e*Plus Fairness Designations | Lawson Counter-Designations | *e*Plus Objections to Counter-Designations |
|---|---|---|---|---|---|---|
| 124:17-131:7 | LR 30(F); 401/403 | Farber did not review the Lawson Requisition Center What's New and Different document. ePlus's interrogatory responses regarding UNSPSC code functionality and whether RQC creates an order list separate from the requisition used to generate a purchase order did not originate from a fact witness at ePlus. Nobody at ePlus did any claim analysis between Lawson's products whatsoever. | | | | |
| 131:21-132:5 | 401/403 | ePlus's counsel chose and retained ePlus's experts to analyze Lawson's products. | | | | |
| 132:18-134:5 | LR 30(F); 401/403 | No analysis was conducted by anyone at ePlus with regard to paragraphs 3 or 4 on the exhibit list to Lawson's Notice of Taking Deposition of ePlus Pursuant to Federal Rule of Civil procedure 30(b)(6). | | | | |
| 136:12-15 | 106; 401/403 | ePlus's counsel states for the record that ePlus will not be seeking lost profits in this contempt proceeding. | | 154:12-22 | | |
| 138:6-25 | 401/403 | ePlus's procurement software operated at a loss. | | | | |
| 139:7-17; 140:2-142:6 | 401/403 | ePlus does not track profitability separately by licensing, service, and maintenance. | | | | |

5

**APPENDIX 10**
**Kenneth Farber (Dec. 27, 2011)**
*ePlus* **Objections to Lawson Affirmative and Counter Designations and Summaries**

| Lawson Affirmative Designation | *e*Plus Objection to Affirmative Designations | Lawson Summary | *e*Plus Objections to Summary | *e*Plus Fairness Designations | Lawson Counter-Designations | *e*Plus Objections to Counter-Designations |
|---|---|---|---|---|---|---|
| 144:9-145:17 | 401/403 | ePlus does not track profitability of its procurement products by individual product. | | | 154:23-155:12 | LR 30(F) |

6