**Lawson's Objections To Summary of**
**Dale Christopherson Deposition Testimony**

Lawson objects to the deposition summary of the deposition of Dale Christopherson on the following grounds.

First, the summary recites facts and testimony that are irrelevant to these proceedings, including testimony relating to features that were not alleged and proven to be infringing at the merits trial, and were not changed in the development of RQC. Pursuant to the Federal Circuit's guidance in the *TiVo* case, only the changes to features of the adjudged-infringing products that were contended and proved to satisfy specific limitations of the asserted claim elements are relevant.

Second, portions of the summary consists largely of ePlus's characterizations of documents marked as exhibits during Mr. Christopherson's deposition, and not to Mr. Christopherson's actual testimony.  As just one example, ePlus's summary cites to the document marked as Exhibit 18 to Mr. Christopherson's deposition. (Summary at 5.)  In so doing, ePlus's summary characterizes portions of the document of which Mr. Christopherson had no knowledge whatsoever, including the reasons for why Lawson may or may not have informed "its customers that they are not ordered to stop running RSS." (249-250.)  These portions of ePlus's summary neither accurately summarize the document placed before Mr. Christopherson nor his testimony.

Third, the summary mischaracterizes Mr. Christopherson's views on the significance of the changes Lawson made to RSS in order to develop RQC.  Mr. Christopherson clearly characterized each of the changes made to RSS as significant and meaningful.  (250, 460, 461:6-8, 467:17 – 468:22, 469:18-22)  Mr. Christopherson further testified that the significant changes made to develop RQC required some changes

in the user interface in order to provide existing users with some sense of continuity. In other words, Lawson attempted to make the software intuitive and palatable to existing users, notwithstanding the major changes. Mr. Christopherson characterized these final changes to the user interface as "cosmetic" in nature, and as attempting to put "lipstick on a pig" (*i.e.*, to make a functionally degraded product more attractive to the end-user). (454-55.) At no point did Mr. Christopherson testify that the underlying changes made to RSS as merely cosmetic in nature. As noted above, Mr. Christopherson testified directly to the contrary.

The summary also mischaracterizes Mr. Christopherson's testimony with respect to his testimony as to whether the changes were "innovative." In answering the question, Mr. Christopherson was merely adopting ePlus's standard for whether something was innovative – *i.e.*, whether Lawson filed a patent for the change. Mr. Christopherson intended no other meaning or implication. (417:7-15)

Fourth, the summary mischaracterizes Mr. Christopherson's testimony insofar as it is incomplete. For example, ePlus notes that the "designs for the Shopping Cart and UNSPSC functionalities were finalized in early to mid-March." As Mr. Christopherson testified, after the design process is complete, the development team must still write the appropriate code, and then submit the code for various testing. (144-46.) Thus, to the extent that ePlus attempts to characterize the development process as complete or even substantially complete by March 2011, that characterization is not consistent with Mr. Christopherson's testimony.

Finally, the summary is incomplete insofar as it fails to mention that Mr. Christopherson also was deposed in his capacity as an individual Rule 30(b)(1) witness.

Thus, the "Background" section of the summary is inaccurate insofar as it suggests that the entire summary relates to Mr. Christopherson's testimony in his capacity as a Rule 30(b)(6) witness. A substantial portion of the questioning of Mr. Christopherson went to subjects outside the boundaries of the Rule 30(b)(6) topics for which he was Lawson's designated witness. Such testimony is inadmissible hearsay.

Mr. Christopherson expects to attend the trial and provide testimony in person.