**Lawson's Objections to Summary of
Todd Dooner's Deposition Testimony**

Lawson objects to ePlus's summary of the deposition of Todd Dooner on the following grounds:

First, the summary recites facts and testimony that are irrelevant to these proceedings, including testimony relating to features that were not alleged and proven to be infringing at the merits trial, and were not changed in the development of RQC.  For example, ePlus repeatedly references the server cookie file, a structure that was never referenced by ePlus before these contempt proceedings.  ePlus's own experts admit the server cookie existed in RSS and remains unchanged in RQC.  Under the Federal Circuit's guidance in the *TiVo* case, only the changes to features of the adjudged infringing products that were contended and proved to satisfy specific limitations of the asserted claim elements are relevant.

Second, ePlus repeatedly mischaracterizes Mr. Dooner's testimony.  In many instances, the ePlus is not supported by the cited testimony.  For example, when discussing flow charts of proposed RSS behavior, ePlus states that Mr. Dooner reviewed the charts for accuracy and "did not find errors or suggest changes."  The testimony ePlus cites does not support the summary. *See*  Dooner Dep. Tr. 60:17 – 62:2, 62:4 – 62:9, 62:11-15, 62:18-21, 63:2.

Third, ePlus does not distinguish Mr. Dooner's Rule 30(b)(6) testimony from his Rule 30(b)(1) testimony.  Mr. Dooner's Rule 30(b)(6) deposition topics related exclusively to computer source code.  Nonetheless, ePlus's summary includes substantial discussion of testimony unrelated to source code.  For example, ePlus summarizes Mr. Dooner's purported involvement in Lawson's analysis and brainstorming regarding potential design-arounds.  Such testimony is inadmissible hearsay.

Finally, ePlus inappropriately summarizes testimony by Mr. Dooner purportedly offering legal conclusions.  As an example, ePlus offers Mr. Dooner's alleged opinions as to what constitutes an "order list".  Mr. Dooner is neither a lawyer nor an expert witness; his role is not to express legal opinions.

Mr. Dooner is available to testify should ePlus make a timely request for his appearance at the contempt proceedings.