**Lawson's Objections To Summary of**
**Keith Lohkamp Deposition Testimony**

Lawson objects to the deposition summary of the deposition of Keith Lohkamp on the following grounds.

First, the summary recites facts and testimony that are irrelevant to these proceedings, including testimony relating to features that were not alleged and proven to be infringing at the merits trial, and were not changed in the development of RQC. Under the Federal Circuit's guidance in the *TiVo* case, only the changes to features of the adjudged infringing products that were contended and proved to satisfy specific limitations of the asserted claim elements are relevant.

Second, ePlus's summary mischaracterizes Mr. Lohkamp's testimony insofar as it is incomplete. As an example, ePlus entirely omits that Mr. Lohkamp's understanding of the changes to RQC. For the the change to the Shopping Cart in RSS, Mr. Lohkamp's understanding is that a user selects an item and the item is immediately added to a requisition, rather than being held in a holding shopping cart as it was in RSS. (25:19-26:6). ePlus also omits Mr. Lohkamp's understanding of the second change to RSS, in which items from Item Master cannot be combined with Punchout shopping sessions on a single requisition. (26:18-27:9.) ePlus further omits that Mr. Lohkamp's understanding of the third change to RSS was to remove the capability to drill down the category search hierarchy tree to the fourth level of the UNSPSC code. (27:11-16). With respect to the fourth change, ePlus omits Mr. Lohkamp's understanding that users are now prohibiting from mixing items from one Punchout site with items from another Punchout site on a single requisition. (27:18-28:1).

Third, portions of the summary consists largely of ePlus's characterizations of documents marked as exhibits during Mr. Lohkamp's deposition, and not to Mr. Lohkamp's actual

testimony. As just one example, ePlus's summary cites to the document marked as Exhibit 10 to Mr. Lohkamp's deposition. (Summary at 3.) In so doing, ePlus's summary characterizes portions of the document of which Mr. Lohkamp stated that he had no knowledge, but instead simply compiled answer that others provided to him. including the reasons for why Lawson may or may not have informed "its customers that they are not ordered to stop running RSS." (118-122.) These portions of ePlus's summary accurately summarize neither the document placed before Mr. Lohkamp nor his testimony. As another example, ePlus misquotes Exhibit 22 when it states that "Lawson informed its customers that RQC would not have bugs because it is not a new product." Lawson never stated that RQC would not have bugs. Instead, Lawson informed its customers that it would have fewer bugs than a product built from scratch as a *100% new product*; since RQC used RSS code as a base and then made changes to that code, "most of the code has been tested and used many times." (219:18-220:8).

Fourth, ePlus's summary mischaracterizes Mr. Lohkamp's testimony in that it only selectively summarizes his testimony, creating a misleading impression of that testimony. As an example, ePlus characterizes Exhibit 15 to Mr. Lohkamp's deposition, stating that "Lawson provided instructions to customers on how to run RSS and RQC in parallel after the injunction." (Summary at 3.) However, ePlus omits Mr. Lohkamp's explanation these instructions occurred in the context of Lawson's healthcare customers, who had until November 22, 2011 to continue running RSS with support from Lawson, and so wanted to use this time to continue running RSS while performing the testing implementation of RQC. (179:20-180:5). As a further example, ePlus characterizes Mr. Lohkamp's testimony as stating that Lawson "told customers that they could move to RQC 'on their timeline'". (Summary at 4). This is untrue. This statement only appeared in an internal Lawson document that was never distributed to Lawson's customers, and

Mr. Lohkamp stated, instead, that Lawson did in fact communicate to customers that they needed to move to using RQC immediately.  (177:12-15).

Finally, the summary is incomplete insofar as it fails to mention that Mr. Lohkamp was deposed exclusively in his capacity as an individual Rule 30(b)(1) witness.  Mr. Lohkamp expects to attend the trial and provide testimony in person.  As such, his deposition testimony is inadmissible hearsay.