**Lawson's Objections To Summary of**
**Kevin Samuelson Deposition Testimony**

Lawson objects to the deposition summary of the deposition of Kevin Samuelson on the following grounds.

First, the summary inaccurately describes the topics as to which Mr. Samuelson was designated and omits timely objections by Lawson to those topics. With respect to Topic 16, concerning the costs to develop, install, implement and maintain RQC, Lawson designated two witnesses to testify to different aspects of the topic. Mr. Christopherson was the designee with respect to the work that was performed to develop, install, implement and maintain RQC, whereas Mr. Samuelson was the designee solely on the issue of how a monetary value for that work was determined. 324:19-325:6; 325:12-325:16. With respect to Supplemental Topic 1, Lawson objected to the extent the request purported to call for financial information that was not covered by the outstanding discovery requests. 29:2-8.

Second, ePlus's statement that the general and administrative line in the profits and loss statement includes "mostly fixed costs" misstates the testimony. The transcript reflects that the witness testified that "most of G&A would probably be *mixed*," not "fixed" (emphasis added). ePlus therefore mischaracterizes the testimony as reflected in the official transcript.

Third, Lawson objects to ePlus's statement that: "Lawson recognized revenue for RSS *after* the injunction based on their revenue recognition rules. 121:4-7" (emphasis added). The cited transcript page does not support ePlus's summary. The cited portion of the transcript actually says the following: "Q: And you have down here in the notes, it says, All RSS RQC revenue *prior* to injunction is RSS. A: Uh-huh."

Fourth, Lawson objects to ePlus's statement that: "If a customer paid maintenance for RSS and never downloaded RQC, Lawson continued to recognize the maintenance revenue after

the injunction.  184:11-18; 184:21-22." The summary is incomplete and misleading because the witness testified that Lawson "recognized the revenue *but did not provide any service or support*" (emphasis added).  184:21-22.

Fifth, Lawson objects to ePlus's summary in that it ignores corrections to the transcript made by Mr. Samuelson.  Specifically, whereas ePlus raises certain issues concerning Lawson's data in the fourth full paragraph of page 2 through the second full paragraph on page 3, it ignores the fact that Mr. Samuelson corrected his deposition transcript and stated: "It has come to my attention that a small number of SKUs were included from our revenue calculations that arguably should be included, and that there were minor manual calculation errors.  It is my understanding that corrections of these points were made in the expert report of Jonathan Putnam."  Errata Sheet (insertion at 81:11-13.)

Sixth, Lawson objects to ePlus's statement that "In April 2011, Infor's product development group spent time with Lawson's team learning how RQC compared to RSS and the importance of RSS to Lawson's business."  276:19-218:10.  This mischaracterizes the testimony.  Mr. Samuelson testified that communications concerned "the overall importance, *purely from a product and customer experience perspective*, of the RSS/RQC products" (emphasis added).  277:7-16.