**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No. 3:09-CV-620 (REP)** |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO
DENY SEQUESTRATION OF WITNESSES**

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

*Attorneys for Plaintiff, ePlus Inc.*

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT ........................................................................................................3

    A.    Lawson Does Not Overcome The Presumption Favoring Sequestration
          Under Federal Rule Of Evidence 615 ........................................................3

    B.    The Same Reasons Favoring Sequestration Of Fact Witnesses In This
          Case Apply As Well To Expert Witnesses ................................................5

III.  CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brown v. Kia Motors Corp.,*
    2010 WL 135121 (W.D. Pa. Jan. 9, 2010).............................................................................. 7, 9

*Opus 3 Ltd. v. Heritage Park, Inc.,*
    91 F.3d 625 (4th Cir. 1996) ................................................................................................ passim

*United States v. Farnham,*
    791 F.2d 331 (4th Cir. 1986) ........................................................................................................ 4

**Other Authorities**

1 Jack B. Weinstein & Margaret A. Berger,
    *Weinstein's Evidence Manual*, § 10.06 (2d. ed. 2010) ............................................................. 4

**Rules**

Fed. R. Civ. P. 26...................................................................................................................... passim

Fed. R. Evid. 615 ...................................................................................................................... passim

## I.     INTRODUCTION

Prior to the trial of this action in 2011, this Court held that all witnesses, including expert witnesses, would be sequestered during trial.  Dkt. No. 543 (order granting request for sequestration); *see also* Dkt. No. 542 (Hearing Tr. of December 30, 2010) at 4:4 – 15:22 (oral argument and ruling from the bench on sequestration request).  In ruling in favor of sequestration, the Court directly addressed the same arguments now repeated by Lawson, stating:

> THE COURT:   The exception involved here is the one in Federal Rule of Evidence 615(3) which says that the rule does not authorize exclusion of a person whose presence is shown by a party to be essential to the presentation of the party's case.  That burden must be carried by Lawson in this case.
>
> In reviewing the information that's been provided, I do not see that Lawson has carried that burden.  It has not shown that Dr. Shamos or any other expert is essential to the presentation of its cause.  The experts have had reports, opening reports, rebuttal reports, and they've had access to an enormous quantity of information, have formed their opinions, and I believe that there's been ample time here to prepare this case for trial even after the final pretrial conference, and so I don't find that the burden has been met here.
>
> Further, I will say that I am inclined to believe that I have been confronted in this case with the most difficult of circumstances, which is the shifting of opinions already, and the shifting of theories, and I don't want any more of it.
>
> I'm going to have, I see, difficulty at trial anyway in making – in policing the experts staying to their opinions because the opinions are so long, and we've already had a number of instances where there have been problems along these lines.
>
> So considering all these factors, the Court exercises its discretion and grants plaintiff ePlus, Inc.'s request to sequester witnesses pursuant to Federal Rule of Evidence 615.

Dkt. No. 542 (Tr. of Dec. 30, 2010) at 14:20 – 15:22.

The Court's sequestration ruling at trial did not create any difficulty for either party in presenting its case to the jury and the Court, even on multiple complex issues such as infringement and validity of the claims of three patents-in-suit, and involving five different accused configurations of Lawson's accused products.  In particular, the expert witnesses for

both parties were able to testify without any apparent handicap from having been sequestered. Indeed, never once, during the trial of this action, or in post-trial motions or on appeal, *or even with this motion,* has Lawson demonstrated or even complained that it was handicapped in presenting its case at trial because its expert witnesses were sequestered.

Lawson offers no reason why this contempt proceeding compels a different approach from that used at trial. The law has not changed. Neither have the considerations relevant to this issue changed in any manner that would tend to weigh against sequestration. There is no reason why the fact that this is a contempt proceeding before the Court, rather than an infringement trial before a jury, compels a different result. The same reasons in favor of sequestration apply with equal force.

Lawson's motion necessarily assumes that its expert witnesses are entitled to react and adjust their testimony "on the fly" based upon what some other witness testifies to at the contempt proceeding. That is not the case. Just as the experts at trial were required to stay within the opinions provided in their Rule 26(a)(2) reports, the experts in this proceeding were also required to fully state their opinions in timely-served reports, and they are not permitted to go beyond those reports. This Court could not have been more clear in explaining this point prior to the trial when ruling on the sequestration issue:

> THE COURT: Okay. Well, here's what I want to tell you: This supplemental expert – experts don't have a right to reserve opinions and change their opinions, because the whole process, the reason that the rules were changed to require experts to do what they were supposed to do under Rule 26 is to pin them down and not have changing opinions so that people have to deal with them as they evolve.
>
> That was the game that was being played up to and including trial before the amendments to the rule in – what was it – 1993, I believe these came in. And these experts that say, I reserve the right, they don't have any more right than the man in the moon to do that, and they're not allowed to do it.

2

> So they go with the original reports.  That's all they can go with, and the ones on which they were deposed, and you can't just keep changing reports.  I don't care which side is doing that.  You can't do it.

Dkt. No. 542 (Tr. of Dec. 30, 2010) at 4:24 – 5:23.

And just as with the trial of this action, here, Lawson's experts have had the full opportunity to review, and respond to, the reports of *e*Plus's experts.  And certainly, Lawson's experts have had unfettered access to Lawson's fact witnesses and documents in order that they may have a complete understanding of Lawson's alleged "design-around," and the financial issues relevant to this proceeding.  Indeed, the issues at this proceeding are much narrower than those at trial, and virtually all of the relevant factual information comes from Lawson itself.  The only issues with respect to the alleged "design-around" are the three alleged changes to the Lawson RSS configuration that Lawson contends render it non-infringing, and Lawson's expert has had complete access to all the information relevant to that point.  Accordingly, there is no "moving target" that Lawson and its experts need to concern themselves with or which require the experts to be present during the testimony of other witnesses.

Lawson has again failed to meet its burden to show why the witnesses should not be sequestered, and its motion should be denied.

## II.   ARGUMENT

### A.   Lawson Does Not Overcome The Presumption Favoring Sequestration Under Federal Rule Of Evidence 615

This Court should deny Lawson's motion and rule, as it did at the trial of this action, that the fact and expert witnesses be sequestered in this case.  In order to ensure that witness trial testimony is not influenced by that of other witnesses, the Federal Rules of Evidence provide that

"[a]t the request of a party the court ***shall*** order witnesses excluded so that they cannot hear the testimony of other witnesses…". Fed. R. Evid. 615 (emphasis added).[1]

As the Fourth Circuit has noted, "the sequestration of witnesses effectively discourages and exposes fabrication, inaccuracy, and collusion." *United States v. Farnham,* 791 F.2d 331, 335 (4th Cir. 1986) (relying on the mandatory language of Rule 615 in holding that the district court erred in refusing to sequester the government's case agent). To this end, the mandatory language of the rule requires the sequestration of witnesses upon a party's request. Fed. R. Evid. 615 ("At the request of a party the court ***shall*** order witnesses excluded so that they cannot hear the testimony of other witnesses…") (emphasis added); *Farnham,* 791 F.2d at 335; *see also* 1 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence Manual,* § 10.06 (2d. ed. 2010) ("Rule 615 ***requires*** the exclusion of witnesses from the courtroom ***on demand by a litigant***. The court must grant a litigant's request, but should permit the continued attendance of a witness who [falls under one of the exceptions in Rule 615(1)-615(4)].") (emphasis added).

Lawson relies on the Fourth Circuit's decision in *Opus 3*, a case that the parties fully briefed and which this Court considered when ordering sequestration at the trial. *See* Dkt. No. 542 (Hearing Tr. of December 30, 2010) at 14:9 – 15:22. In that case, the Fourth Circuit ***affirmed*** the district court's sequestration, holding that, due to its "important role in reaching the truth," Rule 615 "carries a presumption favoring sequestration." *Opus 3 Ltd. v. Heritage Park, Inc.,* 91 F.3d 625, 628 (4th Cir. 1996) (affirming district court's exclusion of defendant's fact and

---

[1] This request also extends to excluding witnesses from learning the testimony of other trial witnesses through other means during the course of trial, such as by reviewing trial transcripts. Moreover, it should go without saying that counsel for the parties will have an ethical obligation to avoid conveying to any excluded witness — whether fact or expert — either verbally or through other means, the substance of the testimony of other trial witnesses. Otherwise, the purpose of Rule 615 would be defeated.

4

expert witness, and holding that witness was not exempt from sequestration under an exception to Rule 615).

In recognition of the policy underlying Rule 615, courts in the Fourth Circuit have noted that the value of sequestering witnesses "has been recognized since at least biblical times." *Id.* at 628. The Fourth Circuit observed that the Apocrypha relates how Daniel vindicated Susanna of a charge of adultery by sequestering the two elders who had accused her and asking each of them under which tree her alleged adulterous act took place. When they gave different answers, they were convicted of falsely testifying. *Id.* Thus, "[i]t is now well recognized that sequestering witnesses 'is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice.'" *Id.* (citing 6 *Wigmore on Evidence* § 1837, at 455-56 (James H. Chadbourn ed., 1976)) (citations omitted).

Accordingly, one of the key purposes for Rule 615 is to prevent a witness from unfairly benefitting from the testimony of another witness and thereby preserving "fair play." As this Court stated during the trial of this action, "[o]ne witness can't comment upon what another witness has testified to in that fashion." *See* Dkt. No. 668 (Trial Tr. of Jan. 13, 2011) 1553:14-1555:5. Moreover, application of the rule in this case will be entirely fair as it will apply equally to fact and expert witnesses testifying on behalf of either *e*Plus or Lawson.

### B.   The Same Reasons Favoring Sequestration Of Fact Witnesses In This Case Apply As Well To Expert Witnesses

The expert witnesses should not be permitted to tailor their testimonies in order to remedy perceived deficiencies in their expert reports, or to expand upon their expert reports in violation of Federal Rule of Civil Procedure 26(a)(2) and this Court's orders limiting the scope

of expert testimony.[2]  Although exclusion of witnesses from the courtroom is most commonly requested for fact witnesses, the Fourth Circuit has expressly "decline[d] to adopt a per se rule exempting expert witnesses, even those who are expected only to render opinions, from sequestration," reasoning that "[t]he rule does not provide such an exemption...."  *Opus 3,* 91 F.3d at 629 (citations omitted).[3]  "[T]he party seeking to avoid sequestration of a witness bears the burden of proving that a Rule 615 exemption applies," *id.* at 628, but no such exemption applies in this case to Lawson's expert witnesses.[4]

Lawson contends that the Court should deny sequestration with respect to its expert witnesses on the basis that they are supposedly "essential" to its case.  *See* Fed. R. Evid. 615(3) ("At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion.  This rule does not authorize exclusion of … (3) a person whose presence is ***shown by a party to be essential to the presentation of the party's cause*** ….") (emphasis added).

The Court should reject Lawson's argument for several reasons.  First, again, Lawson offers no reason why the rule at this proceeding should be any different from that which applied at trial.  Lawson does not contend that the law governing sequestration has changed since that

_____

[2] Federal Rule of Civil Procedure 26(a)(2) requires that an expert's report include a "complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(i).

[3] The Fourth Circuit's opinion in *Opus 3* makes clear that the witness' role as an expert by itself justified sequestration.  *Opus 3,* 91 F.3d at 629 ("***even if Mack were going to testify only as an expert, Heritage Park failed to establish that he needed to hear the trial testimony of the other witnesses in order to render his opinions."***) (emphasis added)**.**

[4] Of course, *e*Plus acknowledges that both parties are entitled to have a corporate representative present at all times during the trial. See Fed. R. Evid. 615(2) ("This rule does not authorize exclusion of … an officer or employee of a party which is not a natural person designated as its representative by its attorney…").  However, this exemption does not apply to either party's **expert** witnesses.

time, as it correctly notes that "the leading Fourth Circuit case on Rule 615 upheld a trial court sequestration order."  Lawson Br. at 6 (referring to *Opus 3, supra)*.  As set forth *supra*, all experts were sequestered at trial, and Lawson has never contended that it was handicapped in any way by that ruling.

And, in fact, the case for sequestration is, if anything, even stronger at this proceeding.  Here, there are no validity issues to be tried, and the contempt/infringement issues are much narrower than at trial.  At trial, a lay jury was required to determine infringement of three patents-in-suit with respect to five configurations of Lawson's accused products.  Here, the only issues are the three alleged modifications to the infringing Lawson RSS configuration.  Accordingly, any contention that Lawson's counsel requires the presence of the experts in order to address these issues is baseless.  Moreover, prior to the proceeding, Lawson's experts will have had unfettered access to Lawson's counsel, documents, and in-house personnel, in order to fully understand the three alleged modifications.

The rule provides that it is Lawson's burden to establish that an exception to the rule applies, but it has proffered nothing more than conclusory statements arguing that its expert witnesses are "essential."  *Opus 3,* 91 F.3d at 628-29 (rule carries presumption in favor of sequestration, exemptions are construed narrowly, and, "[]because of [the rule's] important role in reaching the truth," party seeking to avoid sequestration bears burden of proving that exemption applies).  Under Rule 615(3), Lawson's burden is not merely that of showing that its expert witnesses are important; rather, the question is whether it is "***essential to the presentation of [Lawson's] cause***" that the experts be present in the courtroom to hear the testimony of other witnesses.  *Brown v. Kia Motors Corp.,* 2010 WL 135121, *1 (W.D. Pa. Jan. 9, 2010) ("The moving party must 'show[ ] that the witness has such specialized expertise or intimate

7

knowledge of the facts of the case *that a party's attorney could not effectively function without the presence or aid of the witness*....'") (emphasis added) (citation omitted).  "The word 'essential' connotes necessary, not preferable or 'better than some other state of affairs.'"  *Id.* (quoting *Windsor Shirt Co. v. New Jersey Nat. Bank,* 793 F.Supp. 589, 617-618 (E.D.Pa.1992)).

Lawson's arguments do not approach this standard, and consist of nothing more than platitudes about how the expert witnesses are important to the case, indeed, the same empty platitudes that it advanced unsuccessfully to the Court before trial.  *See, e.g.,* Lawson Br. at 8. Lawson's arguments are nothing more than could be argued for any expert witness, and yet Rule 615 does not provide a *per se* exemption for expert witnesses.  *Opus 3,* 91 F.3d at 629.  There is no compelling reason why Lawson's experts must hear the testimony of other trial witnesses, as they have already rendered their opinions and disclosed the factual bases for those opinions in their expert reports.  It follows that their opinions were not dependent on trial testimony that they had not yet heard.

Moreover, it should go without saying that Lawson is represented by very able and experienced counsel, and that its counsel do not require the experts in the courtroom in order to assist them.  *Opus 3,* 91 F.3d at 629, n. 2 (noting party's failure to "articulate[] any specific harm to counsel that resulted from [expert's] sequestration.").  Indeed, Lawson acknowledges that "counsel is fully knowledgeable on the issues in the case."  Lawson Br. at 8.  Lawson has been represented by three different law firms, plus its local counsel, and is now represented by the Gibson Dunn firm, one of the largest in the country.  Numerous Gibson Dunn lawyers have appeared for Lawson in this case, and Lawson claims that its counsel performed more than 3,000 hours of work just to provide a privilege log for the contempt proceeding.  At the depositions of *e*Plus's expert witnesses Drs. Weaver and Ugone, Lawson had four attorneys in attendance at

each deposition.  Thus, Lawson has had no shortage of resources in preparing for this proceeding, and it does not require that its expert be present during the testimony of other witnesses in order to lend assistance to counsel.

Second, and relatedly, the experts were required to disclose all of their opinions and the bases for those opinions in their Rule 26(a)(2) reports, pursuant to that rule and this Court's Scheduling Order.  It would violate these rules to permit the experts to hear trial testimony and then expand upon their opinions, effectively revealing new opinions for the first time at the contempt proceeding.  *Opus 3,* 91 F.3d at 629 ("[the proponent of the exemption] failed to establish that [the expert] needed to hear the trial testimony of the other witnesses in order to render his opinions.  [The expert] had received and reviewed all of [the adverse party's] records … and had prepared a written analysis well before trial."); *Brown,* 2010 WL 135121 at *2.  Just as was stated in *Brown*:

> Plaintiff has made no showing of why the experts' presence is necessary, ergo, why the exception should apply.  At best, Plaintiff has provided an indication of his projected sequence of witnesses, and the desire to have his experts observe the testimony of others.  However, there is no showing, or even suggestion, of why the respective experts must be present for the testimony of other witnesses before testifying.  There is a subtle but distinct difference between identifying what one wants, and why an exception to an established rule should apply.  ***This lack of indicia of essentiality is buttressed by Defendants' response that the opinions held by the experts have been previously formed, published and expressed in deposition testimony***.  Further, there is no indication that "an expert [is] needed to advise counsel in the management of the litigation."

*Id.* at *2 (emphasis added).

Lawson's argument that "[o]nly when that record is made [at the contempt proceeding], will Lawson 'know what target [ePlus has] hit' and be in a position to determine what to present in response and details of how to present it," Lawson Br. at 4, is incorrect.  Lawson has the expert reports of all of *e*Plus's experts and has deposed all of them.  It knows very well what

*e*Plus's contentions are and can determine right now whether it has a good faith response and, if so, how to present that response.

Finally, the danger of an expert witness expanding upon or "tailoring" his testimony to that of the other trial witnesses is the very concern that the rule is intended to address. This concern applies to experts every bit as much as it does to the fact witnesses, who both parties agree should be excluded from the courtroom. *See Opus 3,* 91 F.3d at 628 ("[t]he rule is designed to discourage and expose fabrication, inaccuracy, and collusion."). While Lawson blithely contends that this "concern[] [is] largely absent in the case of an expert," Lawson Br. at 5, that is clearly not the case, as this Court expressly noted when ruling in favor of sequestration at the trial. Indeed, it was the moving target presented by ***Lawson's*** expert witness that this Court expressed concern over when ordering sequestration. *See supra* at 1-2.

Lawson further relies on cases stating that expert reports constitute inadmissible hearsay. Lawson Br. at 9. This proposition is not on point. Sequestration means that the witnesses are separated and cannot alter, supplement, or tailor, their testimony to that of others. It does not mean that the expert's report is, itself, admissible. The experts will still testify, just as they did at trial (without any apparent handicap from having been sequestered).

Neither does Lawson's need to "police the boundaries" of *e*Plus's expert disclosures present a compelling reason to deny sequestration. Lawson Br. at 9-10. Lawson has already filed nearly sixty pages of briefing in two motions to exclude substantial portions of the testimony of *e*Plus's experts. It can hardly now claim it is unable to understand and "police" the boundaries of those experts' reports.

Finally, Lawson's contention that Dr. Weaver will have already "violated" the sequestration principle by reviewing deposition transcripts in connection with preparation of his

10

expert report is spurious.  Lawson Br. at 3, n.2.  The experts of **both parties** reviewed deposition transcripts and other discovery materials in connection with the preparation of their expert reports, and the experts then ***disclosed*** those reports to the opposing party pursuant to the Scheduling Order and Rule 26(a)(2).  Lawson then had the opportunity to, and did in fact depose, all of *e*Plus's experts prior to the contempt proceeding.  Accordingly, that the experts considered deposition transcripts that may yet be admitted is immaterial to the reasons for sequestration, because the parties have had full and timely disclosure, prior to the contempt proceeding, of the opposing parties' opinions.  Lawson knows exactly what the "target" is, and its experts have provided reports in response.  Its experts cannot now change their opinions "on the fly" during the proceeding based on other testimony admitted at the hearing.

## III.   CONCLUSION

For the foregoing reasons, *e*Plus requests that the Court deny Lawson's motion, and that all fact witnesses (except for one corporate representative per side pursuant to Fed. R. Evid. 615(2)) and all expert witnesses be excluded from hearing the testimony of other witnesses at trial pursuant to Federal Rule of Evidence 615.  In these serious contempt proceedings, the credibility of the witnesses is critical.  Sequestration of the witnesses will foster the "search for the truth," which is the most critical function of sequestration under the rule.

Respectfully submitted,

February 22, 2012

_____ /s/ _____

David M. Young (VSB #35997)
Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com

Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

Michael G. Strapp *(admitted pro hac vice)*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
Attorneys for Plaintiff *e*Plus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2012, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DENY SEQUESTRATION OF WITNESSES**

with the Clerk of Court using the CM/ECF system which will then send a notification of such

filing (NEF) via email to the following*:*

| | |
|---|---|
| Jason Lo, *pro hac vice*<br>Timothy P. Best, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-6659<br>JLo@gibsondunn.com<br>TBest@gibsondunn.com<br><br>*VAED-620ExternalServiceList@gibsondunn.com* | Robert A. Angle, VSB#37691<br>Dabney J. Carr, IV, VSB #28679<br>Megan C. Rahman (VSB No. 42678)<br>Timothy J. St. George (VSB No. 77349)<br>TROUTMAN SANDERS LLP<br>P.O. Box 1122<br>Richmond, Virginia 23218-1122<br>Telephone: (804) 697-1238<br>Facsimile: (804) 698-5119<br>robert.angle@troutmansanders.com<br>dabney.carr@troutmansanders.com<br>megan.rahman@troutmansanders.com<br>tim.stgeorge@troutmansanders.com |
| Donald R. Dunner, *pro hac vice*<br>Erika H. Arner, *pro hac vice*<br>FINNEGAN, HENDERSON, FARABOW, GARRETT<br>& DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4444<br><br>EXT-Lawson-FinneganCorrespondence@finnegan.com | Daniel J. Thomasch, *pro hac vice*<br>Josh A. Krevitt, *pro hac vice*<br>Richard William Mark , *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-6200<br>DThomasch@gibsondunn.com<br>JKrevitt@gibsondunn.com<br>RMark@gibsondunn.com<br><br>VAED-620ExternalServiceList@gibsondunn.com |
| | Sarah E. Simmons, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue , #1100<br>Dallas, TX 75201<br>Telephone: (214) 698-3100<br>Facsimile: (214) 571-2900<br>SSimmons@gibsondunn.com<br><br>***Counsel for Defendant Lawson Software, Inc*** |

_____ /s/

David M. Young (VSB #35997)
Counsel for Plaintiff *e*Plus Inc.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
dyoung@goodwinprocter.com