```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
 2                      RICHMOND DIVISION

 3   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                       :
 4    ePLUS, INC.,                     :
                                       :
 5                  Plaintiff,         :
      v.                               : Civil Action
 6                                     : No. 3:09CV620
     LAWSON SOFTWARE, INC.,            :
 7                                     : February 8, 2012
                    Defendant.         :
 8   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:

 9

10
          COMPLETE TRANSCRIPT OF CONFERENCE CALL
11          BEFORE THE HONORABLE ROBERT E. PAYNE
               UNITED STATES DISTRICT JUDGE
12

13

14

15   APPEARANCES:

16   Scott L. Robertson, Esq.
     GOODWIN PROCTOR
17   901 New York Avenue, NW
     Washington, D.C.   20001
18
     Michael G. Strapp, Esq.
19   GOODWIN PROCTOR
     Exchange Place
20   53 State Street
     Boston, MA   02109
21

22

23              DIANE J. DAFFRON, RPR
                OFFICIAL COURT REPORTER
24            UNITED STATES DISTRICT COURT

25   APPEARANCES:   (Continuing)
```

```
 1    Paul W. Jacobs, II, Esq.
      CHRISTIAN & BARTON
 2    909 E. Main Street, Suite 1200
      Richmond, VA    23219-3095
 3
              Counsel for the plaintiff ePlus
 4
      Daniel J. Thomasch, Esq.
 5    GIBSON DUNN & CRUTCHER
      200 Park Avenue
 6    New York, NY    10166-0193

 7    Christopher D. Dusseault, Esq.
      GIBSON DUNN & CRUTCHER
 8    333 South Grand Avenue
      4th Floor
 9    Los Angeles, CA    90071

10    Dabney J. Carr, IV, Esq.
      TROUTMAN SANDERS
11    Troutman Sanders Building
      1001 Haxall Point
12    P.O. Box 1122
      Richmond, VA    23218-1122
13
              Counsel for the defendant Lawson Software.
14

15

16

17

18

19

20

21

22

23

24

25
```

1              (The proceedings in this matter commenced
2     at 2:50 p.m.)
3
4              THE COURT:  Hello.  This is ePlus against
5     Lawson Software, 3:09CV620.
6              You know, I just looked at this.  This may be
7     the longest running case on my docket.  No, there's
8     one more.  No, there's one more.  I think I blocked it
9     out on purpose.
10             Would you-all identify yourselves, please,
11    and who you represent starting with counsel for the
12    plaintiff.
13             MR. MERRITT:  Judge, this is Paul Jacobs with
14    Christian Barton for ePlus.
15             MR. ROBERTSON:  Scott Robertson, Your Honor,
16    from Goodwin Proctor for ePlus.
17             MR. STRAPP:  Your Honor, Michael Strapp from
18    Goodwin Proctor for ePlus.
19             MR. CARR:  And, Judge, this is Dabney Carr
20    from Troutman Sanders for Lawson Software.  And I also
21    have on the phone Dan Thomasch and Chris Dusseault
22    from Gibson Dunn.
23             THE COURT:  All right.  I have these motions
24    for expedited briefing, and then I have Lawson's
25    response, but I'm a little bit confused.  It seems to

1  me like expedited briefing makes sense in this case,
2  but one of the motions that is talked about in here
3  hasn't been filed yet.  Is that right?  Am I correct
4  about that?
5            MR. THOMASCH:  Your Honor, this is Dan
6  Thomasch.  Yes, you are.  We thought it would be
7  advisable just for scheduling purposes to let the
8  Court know that that motion is anticipated.
9            THE COURT:  And the hearing is when?  The
10 27th?
11           MR. THOMASCH:  It's currently set for the
12 27th, Your Honor.
13           THE COURT:  Yeah.  Well, I don't know how I'm
14 going to decide anything between the 24th and -- isn't
15 that a Friday?  And the 27th is a Monday?
16           MR. THOMASCH:  That is correct, Your Honor.
17           THE COURT:  Look, Mr. Thomasch.  How much
18 money do you make for working over the weekend?  Do
19 you charge extra?
20           MR. THOMASCH:  No, Your Honor.
21           THE COURT:  You don't need to because you
22 billed that into your rate.
23           MR. THOMASCH:  Your Honor, we, frankly,
24 struggled greatly in attempting to -- in attempting to
25 figure out what to do.  And the news, Your Honor, I

1  almost hate to say this, the news is almost worse than
2  that.  We do have yet one additional motion that we
3  certainly anticipate based on the opening expert
4  report of Dr. Ugone, and we have indicated to the
5  plaintiff's counsel that, but he has not put in his
6  reply report, and we don't think it's appropriate to
7  make the motion until after the reply comes in.  We
8  want to see what he says.  But it relates to a very
9  fundamental legal issue that goes to the question of
10 whether the proper measure of damages in this case is
11 a major multiple of all the damages sought for the
12 entire merits phase of the case.
13         And we do have a motion.  It will be opposed,
14 I'm sure.  And I don't know how to suggest a briefing
15 schedule for those things, but I don't think that we
16 should be precluded from making motions on matters
17 that we have very serious grounds for making the
18 motion, and we would take any advice from Your Honor
19 as to how we should approach this and what should
20 happen to the scheduling, but I do feel that we've
21 been crammed in by a schedule that has the experts
22 being deposed up through -- the last expert's
23 deposition is scheduled for the 22nd of this month,
24 and the trial is set to begin on the 27th.  And,
25 frankly, it would be impossible for either side to

1  make motions in that time period.

2          THE COURT: I learned that technique from
3  Judge Merhige. The sooner you set things, the harder
4  it is for you all to make motions. So good.

5          But in any event, can't you deal with what
6  you're talking about, Mr. Thomasch, in just opposing
7  the imposition of any damages or at the end of the
8  hearing saying the proper measure of damages is X, Y
9  and Z and then dealing with it with a post-hearing
10 proceeding? Wouldn't that solve your problem?

11         MR. THOMASCH: Certainly, Your Honor, we
12 could do that. We think that because it's a
13 fundamental question of the proper framework and not a
14 question of should it be X percent or Y percent, but
15 an entire issue of whether or not this is the right
16 type of approach to a contempt trial because that's
17 the issue.

18         We really did think that it affects what
19 witnesses we might call. It affects how we would
20 allocate time in a very short proceeding in which we
21 have lots of issues and witnesses.

22         So we do think it would be helpful to the
23 Court to have an understanding of the issue before we
24 reach the trial. But if we don't have that
25 opportunity, then we'll do exactly as Your Honor said.

1  That's the damages witnesses.
2           On the technical witnesses, that option might
3  be there as well, but, of course, ePlus has already
4  made one motion, and if the motion is going to be
5  heard, we have similar motions, but we're taking the
6  depositions of their witnesses today and tomorrow, and
7  we wanted those depositions finalized before we put
8  our motions in. And that's one of our issues.
9           THE COURT: Well, they are going to finalize
10 them immediately, your court reporters?
11          MR. THOMASCH: The transcripts, I'm sure,
12 will be ready by this Friday. We were planning on
13 putting in those motions next Wednesday.
14          THE COURT: All right.
15          MR. THOMASCH: There is an enormous amount
16 going on on both sides, Your Honor. Both sides have
17 large teams, and I'm very confidant ePlus is working
18 around the clock. I can assure Your Honor we are.
19 There is no delay anywhere here.
20          THE COURT: I wasn't suggesting that. I just
21 don't want you to make me work around the clock.
22          MR. THOMASCH: I understand, Your Honor, and
23 we would like to avoid that. And, frankly, Your
24 Honor, while we're not seeking it, if the Court wanted
25 to use the time period on the 27th, or the 27th and

1  28th, to hear motions and to set up schedules that
2  would allow for that, that would make perfect sense,
3  and we would certainly have no objection to that.  But
4  that's the Court's ultimate prerogative and we'll
5  honor anything that the Court comes up with.
6          THE COURT:  All right.  Mr. Robertson?
7          MR. ROBERTSON:  Yes.  I hope I can get a word
8  in edgewise here.
9          THE COURT:  Well, you'll be given a chance.
10 I just was trying to figure out what Mr. Thomasch was
11 saying.  You haven't ever been short-sheeted in the
12 wordage department, have you?
13         MR. ROBERTSON:  No, and I try to talk twice
14 as fast as everybody else.
15         THE COURT:  Yeah, the court reporter notices
16 that, too.
17         MR. ROBERTSON:  I'm slowing down, Your Honor.
18         THE COURT:  All right.  So what do you have
19 to say?
20         MR. ROBERTSON:  Well, first of all, I mean,
21 we proposed a briefing schedule on this motion that we
22 filed yesterday with respect to Dr. Goldberg.  And
23 from what I can see, we're disagreeing essentially.
24 Lawson wants an additional day and they want to hold
25 us to a two-day reply.

1        You know, in the spirit of trying to just be
2   cooperative and move along, I can agree to that so we
3   can get this in front of the Court because we think
4   it's an important motion.  We think it's a motion
5   that's been consistent with Your Honor's rulings
6   throughout the case, and, you know, we would just like
7   to have that fully briefed.
8        We understand that they want to file a motion
9   with respect to Dr. Weaver and Mr. Niemeyer, our
10  source code expert.  We haven't had a meet and confer
11  on that.  It hasn't been even fully articulated to us.
12  We're kind of at a loss to understand what the motion
13  is.  But to file it next Wednesday and then give them
14  eight days to -- well, then give us seven days to
15  respond and then have a reply due right before the
16  hearing, you know, I think they've had these --
17  they've had both Mr. Niemeyer's and Dr. Weaver's
18  report for quite a while.
19       If they had some fundamental difference with
20  it, I don't think the depositions are going to add
21  much.  But what I do want to resist was this last
22  suggestion that we spend a couple days arguing these
23  things all out when we should be spending time on this
24  four-day focused contempt proceeding.  I agree with
25  Your Honor that we can always brief these legal issues

1   after the fact.
2           With respect to Dr. Ugone, who is our damages
3   expert, it hasn't even been articulated to us in any
4   level of detail as to what their issues are.  If it's
5   a fundamental legal issue, then nothing should
6   foreclose them from filing that motion sooner rather
7   than later.
8           I think we should be able to work out a
9   briefing schedule, but if Your Honor wants to hash
10  that out right now, we can do that.
11          THE COURT:  I'm in the middle of a several
12  day trial, and I wanted to accommodate your request,
13  and I figured the quickest thing to do is to get all
14  of you on the phone.  It seems to me that you have
15  basically agreed to the schedule they want on your
16  motion.
17          And, Mr. Thomasch, why don't you see if you
18  can't advance the motion you're anticipating to file
19  in respect of Drs. Niemeyer and Weaver, and then get a
20  schedule on that.  You-all talk it out and see if you
21  can't work something out.  If you can't, I'll talk to
22  you further.
23          What's the fellow's name that begins with a
24  U, Mr. Thomasch?  I've lost it.  I didn't write it
25  down.

1    MR. THOMASCH: It's Ugone, U-G-O-N-E.

2    THE COURT: With Dr. Ugone's report, is there
3  any reason you can't go on and file it promptly, as
4  well? Then I have at least an idea of what you're
5  talking about at the hearing and we can take further
6  briefing at the end of the proceedings.

7    MR. THOMASCH: Your Honor, we, obviously, if
8  it would be convenient for the Court, we could do that
9  next week. If we could do all three briefs on the
10 15th, there are other things happening, and one of our
11 problems is the same parties are -- right now we're
12 taking depositions of Dr. Niemeyer and Dr. Weaver and
13 that is really attracting our attention.

14   We could do all three reports on the 15th,
15 and that would be certainly better than waiting for
16 Dr. Ugone's deposition on the 20th.

17   THE COURT: All right.

18   MR. ROBERTSON: Your Honor, this is
19 Mr. Robertson.

20   I'm sorry. I just wanted to bring to your
21 attention there is also now the fully briefed motion
22 to compel that involves the attorney-client privilege
23 issue.

24   THE COURT: Yes, it's sitting on my standing
25 desk for me to review. It just became ripe on Monday

1   and I've been in trial since then.
2           MR. ROBERTSON: I understand, sir. I
3   appreciate that it's on your desk.
4           I think an issue of that importance might
5   warrant or merit argument, and I just wanted to put
6   that in front of you in case that impacted your
7   scheduling.
8           THE COURT: Why don't you let me read it and
9   I'll let you-all know if I think I need argument.
10          MR. ROBERTSON: All right. Thank you.
11          There is only one other issue.
12          THE COURT: Is there any reason you can't
13  work on all three motions being filed on the 15th,
14  Mr. Robertson?
15          MR. ROBERTSON: That would be Mr. Thomasch, I
16  think.
17          THE COURT: No, he said he's willing to do
18  that. I'd say is there any reason you can't do it,
19  work on that schedule with the response due whenever
20  he said in his brief?
21          MR. THOMASCH: That would be on the 22nd.
22  Again, we would have the same short period to reply
23  that exists for the other motion. Both would be
24  Wednesday, Fridays.
25          MR. ROBERTSON: Well, it's a shortened period

1  for us, Your Honor, but, again, in the spirit of
2  trying to move this thing forward, I will accommodate
3  that, but it's three motions I'll have to respond to
4  in seven days.
5              There are some other deadlines on the Court's
6  scheduling order that really don't impact the Court,
7  but given this now expedited briefing schedule would
8  impact the parties, I would hope that we could maybe
9  work out, with the Court's agreement, some
10 accommodation to maybe make a date slip or two.
11             THE COURT:  Sure.  You-all talk about it,
12 work it out, and then submit an order to get it done
13 very quickly.
14             MR. THOMASCH:  We're amenable to that, Your
15 Honor.
16             THE COURT:  Reflecting these agreements that
17 have been reached today.
18             MR. THOMASCH:  Thank you, Your Honor.
19             MR. ROBERTSON:  Yes, sir.
20             THE COURT:  All right.  Let's see.  I don't
21 think there's anything else that's pending right now,
22 is there?  All right.
23             MR. ROBERTSON:  There is another issue I
24 wanted to raise.  We requested an agreement that the
25 witnesses would be sequestered during the hearing.

1             THE COURT:  That's the general rule.

2             MR. ROBERTSON:  I'm sorry, sir?

3             THE COURT:  That's the general rule.  If you
4    request it, it's granted.

5             MR. ROBERTSON:  Okay.  Then we will request
6    it, Your Honor.  Thank you.

7             THE COURT:  Then there's always the question
8    about what to do with experts.  The last time I looked
9    it up, the Fourth Circuit rule is that 615 applies, I
10   think it's Rule 615, applies the same to experts as it
11   does to nonexperts absent (A) an agreement of the
12   parties or (B) a showing.  And I don't remember the
13   standard, whether it's good cause or whatever it is,
14   why the expert should stay in the courtroom.  And
15   you-all can look that up.  There's a specific Fourth
16   Circuit decision on point and I just don't remember it
17   right now.

18            MR. THOMASCH:  Your Honor, we would like to
19   be able to say why one expert in a case in which -- it
20   is different from the last trial where experts were
21   excluded because at the last trial there was a burden
22   of proof on us with respect to invalidity.  Now the
23   only issue of the burden of proof is on the plaintiff,
24   and we do think that differs.  And we want to try to
25   show the Court why having Dr. Goldberg in the

1  courtroom is important and allows us to have
2  assistance in preparing our case. We understand the
3  showing. We'd like to make the showing to Your Honor.
4          THE COURT: File that on the 15th. You're
5  the movant. And then you can respond to it,
6  Mr. Robertson, on the same schedule.
7          MR. THOMASCH: Okay, Your Honor. Thank you.
8          MR. DUSSEAULT: Your Honor, this is Chris
9  Dusseault. I just want to clarify. That motion may
10 pertain to other experts as well, for example, to Dr.
11 Putnam, so that we can respond on damages.
12         THE COURT: Whatever you all want to put in
13 there, put in. Is there any problem with that for
14 you, Mr. Robertson?
15         MR. ROBERTSON: We're going to be opposing
16 it. Given that it's our burden of proof, Your Honor,
17 all the more reason these experts should be excluded
18 as it was during the trial.
19         THE COURT: I understand, but you've made the
20 motion. The general rule is they are excluded unless
21 a showing is made. They now have the burden of making
22 the motion and showing that they are entitled to have
23 them in. So we set up a schedule on that and that's
24 what it will be.
25         Put that in the order that you all prepare

1   and get it on over here if you would.
2           MR. ROBERTSON:  We'll do that.  We'll have a
3   discussion about some of the other dates that we might
4   be able to accommodate a little bit of breathing room.
5           THE COURT:  Yeah, if you want to.  I
6   encourage you to build it so that you will not come in
7   here and have a heart attack from overwork on the
8   floor of the courthouse because we don't have too many
9   good CPR people here.  You're going to have to bring
10  your own.
11          Bye-bye.
12          MR. THOMASCH:  Thanks, Your Honor.
13          THE COURT:  Good-bye.
14          MR. THOMASCH:  Good-bye.
15          I, Diane J. Daffron, certify that the
16  foregoing is a correct transcript from the record of
17  proceedings in the above-entitled matter.
18
                        /s/
19      _____   _____
        DIANE J. DAFFRON, RPR, CCR         DATE
20
21
22
23
24
25