**Kurt Reasoner (January 9, 2012)**

| Lawson's Affirmative Designations | Lawson's Description of Testimony | Plaintiff's Fairness Designations | Lawson's Counter Designations |
|---|---|---|---|
| 8:22-9:19 | Mr. Reasoner is the system director over enterprise applications at Providence Health & Services ("Providence"). | 8:20-21 | 14:16-15:11 |
| 18:20-19:3; 19:8-20:14 | Providence licenses the S3 application from Lawson and other applications including, but not limited to, Lawson Business Intelligence, Lawson Mobile Supply Chain Management, Process Flow. | | 28:15-29:2 |
| 21:13-23:18 | Providence licenses from Lawson the following procurement-related software applications: Lawson System Foundation, Process Flow, Inventory Control, Requisitions, Purchase Order, EDI and Requisition Center ("RQC"). Providence previously licensed Requistion Self-Service ("RSS"), but turned that off and terminated that license at the end of October. | 21:3-12 | 47:19-48:11 |
| 24:12-16 | Providence began licensing RQC from Lawson in May. | | 54:3-10 |
| 26:20-27:6 | Providence has not made an effort to determine whether RSS still resides on any Providence servers or other computers. | 26:15-19 | 57:6-17 |
| 27:7-27:18 | Mr. Reasoner did not know whether Providence had an obligation to uninstall RSS, but rather believed that Providence was required to stop using RSS. | 27:19-28:14 | 96:22-97:3 |
| 29:7-31:2 | Referring to the procurement-related applications that Providence licenses from Lawson as the S3 Procurement tool/suite, Providence pays a single license fee that covers all users for each of the applications in the S3 Procurement suite. | | 100:11-13 |
| 32:3-18; 33:14-34:4 | Providence's license fee to Lawson for the S3 Procurement suite is a one-time flat fee that provides for a license that does not expire as long as Providence continues to pay annual maintenance. Additionally, Providence may have to pay an additional license amount based on its net revenue. The net revenue is calculated annually, and Providence has paid this additional license amount only once -- in 2006 or 2007. | | 103:14-18 |

| Lawson's Affirmative Designations | Lawson's Description of Testimony | Plaintiff's Fairness Designations | Lawson's Counter Designations |
|---|---|---|---|
| 34:17-35:3; 35:10-13; 36:8-37:16; 38:8-39:16 | Providence received a communication from Lawson around May 27, 2011 that included a coy of the injunction order. Mr. Reasoner understood that the purpose of the communication was to inform Providence of the court's ruling and to explain that Providence needed to prepare to stop using RSS for the RQC replacement solution. Mr. Reasoner further understood the communication to mean that Lawson would no longer be able to service RSS after Nov. 22, 2011, and that Providence had until this time to transition to RQC, which the communication encouraged Providence to do. | | 105:13-106:15 |
| 40:2-15; 41:5-42:1 | Providence and Lawson did not discuss any discount on Providence's license fees as a result of Lawson's removal of support for RSS. Providence also did not have such a discussion internally or believe that it was owed such a reduction in license fees. | 39:18-40:1 | 122:2-7 |
| 43:2-44:3 | Providence has a maintenance agreement with Lawson under which Providence has access to Lawson resources should there be any issues, Lawson provides updates and enhancements to the whole S3 application. For these services, Providence pays Lawson an annual one-time fee that covers all applications that it licenses from Lawson. This payment is due on May 30th each year. | | 129:9-14; 130:11-12 |
| 44:4-6; 44:12-44:19 | Lawson did not offer any discount on Providence's maintenance fees to compensate for Lawson's removal of support for RSS. Providence also did not have such a discussion internally. | | 131:7-12; 131:15-19 |
| 46:8-47:18 | RQC is currently implemented at Providence in a production capacity. Providence completed the production implementation on Sept. 27, 2011. RQC is not currently used to approve all requisitions at Providence. | | 133:14-19 |
| 49:2-6 | Providence does not create or process any requisitions using RSS as Providence has turned off RSS. | 48:12-49:1 | 134:4-18 |

2

| Lawson's Affirmative Designations | Lawson's Description of Testimony | Plaintiff's Fairness Designations | Lawson's Counter Designations |
|---|---|---|---|
| 49:7-50:5; 50:20-51:2 | Providence completed a testing and evaluation implementation of RQC prior to putting it into a production capacity. Providence began this implementation in June and completed it in September. | | |
| 52:9-53:6 | Providence first learned of RQC on May 25, 2011 or May 26, 2011. | | |
| 56:9-14 | Providence installed RQC on June 27, 2011. | | |
| 58:2-59:1 | Providence began its RQC implementation in early June.  Prior to the June 27 RQC download, this implementation included creating an environement, putting a project plan together, identifying individuals to work on the project, approving the project, and assigning resources to the project. | | |
| 59:14-60:8 | Providence had difficulties and challenges in implementing RQC that caused the application not to work as their business users needed it to.  Providence worked with Lawson to resolve these issues through the RQC testing phase. | 60:9-20 | |
| 60:21-61:6 | Providence is still not completely satisfied with RQC and still has outstanding issues that it is continuing to remediate. | | |
| 61:7-17 | Lawson is still providing assistance to solve Providence's issues with RQC that have caused Providence to still be in the process of implementing RQC. | | |
| 62:22-63:10; 63:20-64:14; 66:3-9 | Mr. Reasoner provided a declaration for the purposes of summarizing the estimated internal costs that Providence would incur to replace RSS.  Exhibit A to this declaration provided a summary of the estimated internal costs that Providence would likely incur to replace RSS, ad Exhibit B provied a summary of the estimated internal costs that Providece would likely incur during RQC implementation. | 63:11-19 | |
| 67:17-68:18 | Mr. Reasoner prepared his declaration's estimates by asking his technical director, Dan Azevedo, to prepare estimates while Mr. Reasoner reviewed the estimates. | 68:19-69:6; 69:10-12; 69:16-70:10 | |

| Lawson's Affirmative Designations | Lawson's Description of Testimony | Plaintiff's Fairness Designations | Lawson's Counter Designations |
|---|---|---|---|
| 70:11-71:14; 72:10-13; 72:19-82:13; 83:8-92:16 | Mr. Reasoner made assumptions in preparing his declaration's estimates. In Exhibit A, these assumptions were: a six-month duration followed by a two-month go-live support; a benefit rate of 33% applied to salary costs; the level of effort by position; average salary cost; and a 173.33 hour month. Mr. Reasoner gives a detailed explanation for the basis of these assumptions. | 71:15-72:9; 72:16-18; 82:14-83:1; 92:17-94:13 | |
| 95:19-96:4 | Mr. Reasoner estimated that the total cost for Providence to replace RSS with software from a vendor other than Lawson would be $857,504 | 95:16-18 | |
| 120:1-17 | Providence is still working on implementing RQC, with its lead analyst, application director, technical director and application administrator all working to resolve problems with the RQC implementation. | 119:13-22; 120:18-121:1 | |
| 123:22-124:3 | Providence has not been required to pay any license service or other fees for the implementation and use of RQC. | | |
| 128:2-17 | The requirements for Providence to pay an additional license fee if it exceeds its growth target have not changed since the change from RSS to RQC. Providence pays the same total maintenance fees now that it has replaced RSS with RQC as it did when it was running RSS. | 128:18-22 | |
| 132:1-5; 132:8-11 | Mr. Reasoner did not know of any discussions at Providence regarding any possibility that Lawson could be required to indemnify Providence if it had to replace RSS with software from a third-party vendor. Mr. Reasoner is not aware of the question of indemnification ever having been raised with Lawson. | | |

4

| Lawson's Affirmative Designations | Lawson's Description of Testimony | Plaintiff's Fairness Designations | Lawson's Counter Designations |
|---|---|---|---|
| 136:13-137:13 | Mr. Reasoner believes that it is accurate that if Providence had had to replace RSS with third-party software, this would adversely affect Providence's ability to place orders in a timely manner, ability to maintain inventory items critical to patient care, and the accuracy of Providence's orders for supplies.  He also believes that it is accurate that in this instance, replacing RSS would cause in increase in Providence's operational expenses.  Since replacing RSS with RQC, Providence has suffered adverse affects on its ability to place orders in a timely manner. | 137:14-16 | |
| 138:19-139:1 | Since replacing RSS with RQC, Providence has suffered an increase in its operational expenses. | 137:22-138:12; 138:15-18; 139:4-11; 139:14 | |
| 143:2-18 | When Mr. Reasoner learned of RQC just prior to May 27, 2011, he believed that RQC incorporated certain pieces of functionality that Providence had wanted to see improved upon. | 53:7-54:2; 54:11-13; 54:19-55:5; 56:6-8; 142:2-143:1 | |
| 144:14-145:1 | Providence provided training for its employees on how to use RQC. | 144:10-13 | |
| 145:9-146:2 | Mr. Reasoner believes Providence's transition from RSS to RQC has currently resulted in the degredation in performance of its procurement software due to bug problems with the RQC code. | | |

5