# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Daniel J. Thomasch
Direct: +1 212.351.3800
Fax: +1 212.351.6200
DThomasch@gibsondunn.com

May 16, 2012

Client: T 56736-00004



VIA HAND DELIVERY

The Honorable Robert E. Payne
Spottswood W. Robinson III and
  Robert R. Merhige, Jr., Federal Courthouse
701 East Broad Street
Richmond, Virginia 23219

Re: *ePlus, Inc. v. Lawson Software, Inc.*, Case 3:09-cv-00620

Dear Judge Payne:

On May 8, 2011, ePlus submitted a Sur-Reply Letter relating to the conduct of the contempt proceeding, notwithstanding that the schedule set for submissions did not provide for any submissions subsequent to Lawson's April 30, 2012 Reply. Given that ePlus's unauthorized submission raises two new arguments, Lawson respectfully requests that the Court consider this very brief response, limited to those two new arguments.[1]

## 1. ePlus's Arguments Based on Section B of the *TiVo* Opinion Are Inapposite

The ePlus Sur-Reply Letter contends, for the first time, that Lawson's position on the proper procedural approach to the contempt hearing is precluded by "Section B" of the *TiVo* opinion. ePlus's May 8, 2012 Sur-Reply Letter ("Sur-Reply") at 2-4. *TiVo* contains two distinct analyses, one addressing the proper approach to analyzing an application for contempt of a prohibitory injunction in regard to a redesigned product, *TiVo, Inc. v. EchoStar Corp.*, 646 F.3d 869, 879-84 (Fed. Cir. 2011) ("Section A"), and the other addressing the defendant's attempt to avoid, on grounds of vagueness and overbreadth, compliance with a mandatory injunction to disable specifically-identified features on products identified in the injunction by model number, *id.* at 884-90 ("Section B").

*TiVo* Section B, which ePlus now cites, has no application whatsoever to the issue that this Court requested the parties to address: how to determine what was "contended, and proved" in a prior infringement trial in order to lay a foundation for the colorability and infringement analyses in regard to plaintiff's application for contempt of a prohibitory injunction. The requirement for making that threshold determination, and guidance on how

---

[1] The Sur-Reply lists *nine* arguments. Lawson takes issue with all nine, but rests on its prior submissions with regard to the seven repetitious points raised again by ePlus.

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# GIBSON DUNN

The Honorable Robert E. Payne
May 16, 2012
Page 2

to do it, are found exclusively in Section A of the Federal Circuit's opinion, *TiVo*, 646 F.3d at 882-84, which Lawson cited and relied on in its proposal to the Court. *See* Lawson's March 27, 2012 and April 30, 2012 Letters.

In contrast, Section B of the *TiVo* opinion concerns a collateral attack on the enforceability of the injunction order on vagueness and overbreadth grounds, an issue not present here. Neither colorability nor infringement analyses are referenced at any point in Section B. *Id.* at 884-90. Instead, Section B involved a finding of contempt not based on the patent redesign analyzed in Section A, but hinging instead on a separate provision of the operative injunction. That "Disablement Provision" required the defendant to eliminate the DVR functionality from products identified in the injunction by model number, *regardless of whether that functionality was infringing*. *Id.* at 885, 889 n.9. Section B of *TiVo* did not require any analysis to determine whether product features had been "contended, and proved" to be infringing at trial.

Lawson has not argued that the injunction is unenforceable, vague, or overbroad, nor has Lawson argued that the injunction is susceptible of two alternative readings.[2] To the contrary, Lawson understands that it was enjoined from selling four different product configurations and colorable variations of the same. Lawson's defense to ePlus's allegation of contempt is based on its having redesigned features contended and proved to be infringing, rendering its new product more than colorably different than the products found by the jury to infringe. Through its redesign, Lawson avoided engaging in conduct that is prohibited by the injunction.

Lawson's April 30, 2012 Letter explained (at pages 4-5) that *TiVo* vacated the trial court's contempt finding for continued infringement as to the redesigned product at issue in that case specifically because the contempt finding was premised on a product feature that the plaintiff had "never unequivocally alleged" – and thus never proved to be infringing – "prior to the contempt stage." *TiVo*, 646 F.3d at 883. Under ePlus's interpretation of *TiVo*, that issue should never have been reached because any inquiry into what was contended and proved at trial would amount to a collateral attack on the clarity and breadth of an injunction. *See* ePlus May 8, 2012 Sur-Reply Letter at 4. That *TiVo* reached the opposite result with respect to the redesigned product proves that ePlus is fundamentally misstating the relevant holding of *TiVo*.

---

[2] Lawson also does *not* allege that the underlying jury verdict was inconsistent. It is plaintiff's reading that would render the jury verdicts on Configuration Nos. 2 and 3 irreconcilable and inconsistent.

# GIBSON DUNN

The Honorable Robert E. Payne
May 16, 2012
Page 3

2. **ePlus's New Arguments Concerning the Court's February 29, 2012 Decision to Conduct the Contempt Hearing in Sequential Stages Should Be Rejected**

ePlus's Sur-Reply introduces a new citation, *Aevoe Corp. v. AE Tech Co.*, 2012 WL 1559768 (D. Nev. May 2, 2012), as a means to revisit ePlus's opposition to the Court's February 29th ruling to conduct the contempt hearing in two sequential stages – evidence, findings and conclusions on colorability, first; and (if necessary) evidence, findings and conclusions on infringement, second. While the *Aevoe* citation is new to the Sur-Reply, it is used simply to rehash statements ePlus made, at the November 8, 2011 hearing, long before the parties or the Court had an opportunity to explore fully the interplay of *TiVo's* various procedural requirements and the facts of this case. ePlus's position, at all times, has ignored the plain language of *TiVo*. Its continued argument for conflating colorability and infringement simply ignores this Court's statements at the February 29 hearing about the structure of the contempt proceeding.

*Aevoe Corp.* did not involve anything comparable to the verdict here. The *Aevoe Corp.* court issued a preliminary injunction based on a finding that the defendant's product "literally read on every element" of the asserted patent claim. 2012 WL 1559768 at *6. The "mixed bag" of 27 non-infringement and 11 infringement findings in the case before this Court could not be more different. Here, some of the same product features (including Item Master) appear in different configurations, and ePlus argued, based on common evidence, that the jury should return a verdict that these different configurations all infringed the asserted claims of the '683 patent. The jury, however, returned a verdict of non-infringement (as to the '683 patent) on Configuration No. 2, and a verdict of infringement on Configuration No. 3. Unlike *Aevoe Corp.*, this "mixed bag" record precludes a simple conclusion that every feature of any configuration found to infringe reads on every element of each asserted claim. That is why the Court must set the stage for the contempt hearing by reviewing the infringement trial record to determine what was contended and proved to infringe the patents-in-suit. *TiVo*, 646 F.3d at 882-83.

Respectfully submitted,

Daniel J. Thomasch

DJT/las

cc: All Counsel