

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE LAWSON SOFTWARE, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 118

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Virginia in case no. 09-CV-620, Senior Judge Robert E. Payne.

---

**ON PETITION**

---

Before PROST, MAYER and REYNA, *Circuit Judges.*

PROST, *Circuit Judge.*

## ORDER

Lawson Software, Inc., submits a petition for a writ of mandamus directing the United States District Court for the Eastern District of Virginia to vacate its order requiring Lawson to produce certain documents Lawson asserts are protected by the work product immunity and attorney-client privilege. ePlus Inc. opposes. Lawson replies.

IN RE LAWSON SOFTWARE                                                      2

The petition arises out of a contempt proceeding, itself triggered by a motion by ePlus alleging that Lawson's attempt to design around the patent violated the permanent injunction entered by the district court following a jury verdict of patent infringement against Lawson. The parties engaged in copious discovery regarding the new design. Lawson withheld certain documents on the basis of attorney-client privilege and/or the work product doctrine, and subsequently sought to "claw back" a handful of documents that Lawson argued were inadvertently produced. ePlus asked the district court to order Lawson to produce many of the withheld documents, and to find that privilege had been waived as to the subject matter of Lawson's development of the design-around.

Mandamus requires the petitioner to establish: (1) there are no alternative means of obtaining the relief desired, *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989), and (2) the right to the relief sought is "clear and undisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). Even if these two requirements are satisfied, the issuing court further "must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 381 (2004).

On the papers submitted, Lawson fails to show a clear and indisputable right to relief. Moreover, issues of attorney-client privilege can generally be reviewed effectively on appeal from final judgment. *See Mohawk Indus., Inc. v. Carpenter*, 130 S.Ct. 599, 606-07 (2009). In *Mohawk*, the Supreme Court held that disclosure orders cannot be immediately appealed under the collateral order doctrine, which provides that some prejudgment orders that are "collateral to" the merits can be reviewed immediately if they are "too important" to delay. *Id.* at 603 (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)). But the Court went on to describe

mandamus review, together with certified interlocutory appeals, as "useful 'safety valve[s]' for promptly correcting serious errors." *Id.* at 608 (quoting *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 883 (1994)). Mandamus review of attorney work product issues is likewise limited. *Cf. Hernandez v. Tanninen*, 604 F.3d 1095, 1098-99 (9th Cir. 2010) (applying *Mohawk*'s reasoning eliminating collateral order jurisdiction on appeals of disclosure orders adverse to the attorney-client privilege to work product).

Lawson does not explain why its concerns cannot be addressed on appeal from final judgment, but rather confines its argument to asserting, as a general matter, that the privilege or immunity is irrevocably lost if the information is revealed. *See Pet.* at 14. But this is not sufficient under *Mohawk*:

> In our estimation, postjudgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege. Appellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence.

130 S.Ct. at 606-07. Of course, the same rationale applies where the remedy might be a remand for a new contempt hearing rather than a new trial, if the appeal is taken from a final contempt judgment. *Cf. TiVo Inc. v. EchoStar Corp.*, 656 F.3d 869, 881-82 (Fed. Cir. 2011) (en banc) (if there are "more than colorable differences" between newly-accused and adjudged infringing products,

IN RE LAWSON SOFTWARE                                                 4

contempt is inappropriate and a new infringement trial is required).

Accordingly,

IT IS ORDERED THAT:

(1) Lawson's petition for a writ of mandamus is denied.

(2) Any pending motions are moot.

FOR THE COURT

AUG 1 0 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Donald R. Dunner, Esq.
     Scott L. Robertson, Esq.
     Clerk, United States District Court for the Eastern
     District of Virginia

s23

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: L. Bogin       Date: 8/10/12

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 0 2012

JAN HORBALY
CLERK