# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Daniel J. Thomasch
Direct: +1 212.351.3800
Fax: +1 212.351.6200
DThomasch@gibsondunn.com

Client: 56736-00004

September 26, 2012

RECEIVED SEP 26 2012 ROBERT E. PAYNE U.S. DISTRICT JUDGE

VIA HAND DELIVERY

The Honorable Robert E. Payne
United States District Judge
Spottswood W. Robinson III and Robert R. Merhige, Jr.,
 Federal Courthouse
701 East Broad Street
Richmond, Virginia 23219

Re:   ePlus v. Lawson Software: Case No. 3:09 CV 620

Dear Judge Payne:

I write in response to Mr. Robertson's September 24, 2012 letter.

Lawson has complied with the Court's February 21, 2012 order regarding privilege, having produced 4,050 documents to ePlus from its November 21, 2011 privilege log since the Federal Circuit's August 10, 2012 non-merits denial of Lawson's mandamus petition. The details of Lawson's compliance will be set forth in Lawson's forthcoming papers in opposition to Plaintiff's motion to enforce.

Mr. Robertson's letter seeks no relief. While there remains a dispute between the parties in regard to ePlus's claim that this Court's subject matter waiver ruling requires production of thousands of documents that are described on the privilege log without reference to RSS redesign or RQC development, that substantive dispute is being briefed, and is not properly resolved through letter writing.

To the extent that Mr. Robertson's splenetic letter is intended to accomplish anything other than disparage Lawson, it is to suggest that Lawson has not complied with the Court's instructions during the September 14th conference call. That suggestion is in error. During the conference call, I made the following request to the Court:

> MR. THOMASCH: "If we could have until a week from today to complete that process, which would be the 21st, we can then send Mr. Robertson a list of the documents that are in dispute."

(September 14, 2012 Hearing Tr. at 10). The Court resolved the issue, as follows:

# GIBSON DUNN

The Honorable Robert E. Payne
September 26, 2012
Page 2

> THE COURT: "I'm trying to solve the problem here, and I'm going to give you -- if you need a week to review them, that's fine, but what you ought to be doing is producing in the meantime those that you are satisfied that you should produce on a rolling basis ..."

(Sept. 14, 2012 Tr. at 14). Our team completed its review in the week provided by the Court, and provided ePlus with a list of documents being produced and a list of documents remaining in dispute on September 21, 2012. The documents identified for production were produced on a rolling basis during the review and after completion of the review.

The first two shipments of documents provided after the September 14 telephonic court conference were made by overnight carrier, with 38 documents sent on September 20, and 60 documents sent on September 21. To save even the one day in shipping, the remaining documents identified in my September 21 letter to Mr. Robertson (after eliminating duplicates and adding attachments to produced documents on the privilege log) were provided to ePlus through access to a secure website on September 24 and September 25. Thus, Lawson has completed its review of all challenged documents, produced those that it viewed as covered by the Court's February 21, 2011 order (with additional guidance provided by the Court's September 14 comments), and identified the documents remaining in dispute.

Mr. Robertson's claim that he cannot understand the delay in the production of the physical documents that were identified for production on September 21 requires only brief comment. Lawson must process the documents so that they can be produced with Bates numbers and searchable text. Those tasks, performed by Information Technologies/Litigation Support personnel, take some time. The Court may recall that Lawson previously offered to expedite the production process by providing documents to ePlus as soon as they were identified, and without the additional OCR processing. ePlus declined that offer and requested that Lawson take the time and expense of performing the OCR process prior to production. Nov. 8, 2011 Tr. at 77-80.

The issues in ePlus's letter, which could have been addressed by a call to counsel, have been rendered moot by the document production. Lawson's full response to the ePlus motion to enforce will be served on Friday, September 28, as the Court directed.

Respectfully submitted,

*Daniel J. Thomasch*

Daniel J. Thomasch

DJT/las