

| | |
|---|---|
| Scott L. Robertson<br>202.346.4331<br>SRobertson@goodwinprocter.com | Goodwin Procter LLP<br>Counsellors at Law<br>901 New York Avenue NW<br>Washington, DC 20001<br>T: 202.346.4000<br>F: 202.346.4444 |

October 25, 2012

**Via Hand Delivery**

The Honorable Robert E. Payne, United States District Judge
United States District Court
  for the Eastern District of Virginia, Richmond Division
Spottswood W. Robinson III and
  Robert R. Merhige, Jr., Federal Courthouse
701 East Broad Street
Richmond, VA 23219

Re: *ePlus, Inc. v. Lawson Software, Inc.*
    Civil Action No. 3:09cv620 (REP)



Dear Judge Payne:

Lawson's counsel apparently neglected to include a letter dated May 31, 2012 from ePlus regarding the Federal Circuit's first post-*TiVo* decision considering a district court's finding of contempt of an injunction under the new standard in the correspondence it provided to the Court this morning. While this was likely an inadvertent oversight, the case, *Merial, Ltd. v. Cipla, Ltd.*, 681 F.3d 1283 (Fed. Cir. 2012), is important and supports ePlus's position that the evidentiary hearing should be unitary in form, and address the three — and only the three — purported modifications alleged by Lawson.[1]

In *Merial*, appellants urged reversal of a contempt finding on grounds that the district court failed to apply the *Tivo* standard correctly. In particular, appellants argued "that the district court could not competently evaluate whether colorable differences exist" between the newly accused product and the previously adjudged infringing product because infringement was found as part of a default judgment that allegedly "offered no guidance on which specific features of [the infringing product] were focused on to establish infringement." 681 F.3d at 1300. In support of its position, appellants, as Lawson does here, relied on the statement in *Tivo* that "one should focus on those elements of the adjudged infringing products that the patentee previously contended, and proved, satisfy specific limitations of the asserted claims." *Id.* (quoting *TiVo Inc. v. Echostar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011) (*en banc*)).

---

[1] Copies of ePlus's May 31, 2012 letter and *Merial, Ltd. v. Cipla, Ltd.* are submitted herewith.

Honorable Robert E. Payne
October 25, 2012
Page 2

The Federal Circuit rejected appellants' argument, concluding instead that the "district court applied the correct standards." *Id.* The *Merial* court explained that even where infringement "has been established through default, the judgment is no less binding or authoritative simply because comprehensive and painstaking factual analyses regarding every claim limitation may have been unnecessary or impractical at the time of the initial decision." *Id.*

If the *Merial* court found no error in a district court's application of the *Tivo* standard in a default judgment context, *a fortiori* in this case, where *e*Plus has already provided a detailed accusation setting forth the facts constituting contempt, Lawson has already identified and limited its contentions with respect to contempt to three alleged modification it made to its infringing system configurations, and the parties have already taken discovery concerning each of those purported modifications, Lawson's request for a preliminary prehearing process to reconsider the features of the infringing system configurations that were contended and proved to be infringing at trial is unfounded, contrary to *Merial* and *TiVo*, and a recipe for further delay.

*e*Plus has checked with its expert witnesses and they are available for an evidentiary hearing in January.

Respectfully submitted,

Scott L. Robertson

cc:   Counsel of Record

Enclosures