IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



EPLUS INC.,

    Plaintiff,

v.

                      Civil Action No. 3:09cv620

LAWSON SOFTWARE, INC.,

    Defendant.


**MEMORANDUM ORDER**


The Court has reviewed PLAINTIFF ePLUS, INC.'S MOTION FOR EXCEPTIONAL CASE FINDING AND ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285 (Docket No. 739) and the supporting and opposing memoranda. The motion is not meritorious and will be denied.

Under 35 U.S.C. § 285 the Court may award reasonable attorney's fees to a prevailing party in exceptional cases. ePlus seeks such an award. As an alternative, ePlus seeks an award under the Court's inherent authority.

There is no question but that ePlus is the prevailing party in this action having secured a judgment of infringement. However, it is also true that Lawson mounted a significantly successful defense to many of ePlus' contentions. Indeed, the jury held that two of five accused product configurations do not

infringe any claims. It held that one product configuration infringed only Claim 1 of one of the patents and that two of the product configurations infringed four claims of another patent and one claim of yet another patent. There was found to be no infringement on a third patent on which ePlus founded its claim. In addition, Lawson was successful in foreclosing ePlus' claims for damages in their entirety and ePlus dismissed its claim for willful infringement.

Unfortunately, this litigation was conducted in a highly contentious way. In some instances, the conduct of Lawson's lead counsel transgressed the proper bounds of advocacy. However, counsel for ePlus also conducted the litigation in a contentious manner. Unfortunately, the record shows that this case is one of those in which both parties would have been better suited to have adopted a more civil tone in addressing the litigation. But, to be entitled to attorney's fees under 35 U.S.C. § 285, the prevailing party must establish, as a preliminary matter, that the case is of an exceptional nature and must do so by clear and convincing evidence. Notwithstanding that the Court had to deal with considerable conduct with which it would have preferred not to have dealt, the Court cannot find that there is clear and convincing evidence that there is a finding that this is an exceptional

case. In a case such as this, it would not be appropriate to award attorney's fees under 35 U.S.C. § 285 and the Court so concludes. Nor is there justification for exercise of the Court's inherent power.

Accordingly, PLAINTIFF ePLUS, INC.'S MOTION FOR EXCEPTIONAL CASE FINDING AND ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285 (Docket No. 739) is denied.

It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

It is so ORDERED.

_____ /s/ _____ REP ____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 26, 2012