IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ePLUS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:09CV620 (REP) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

### NONCONFIDENTIAL MEMORANDUM IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION TO SEAL PORTIONS OF THE OCTOBER 24, 2012 HEARING TRANSCRIPT

Defendant Lawson Software, Inc. ("Lawson"), by counsel, hereby submits this non-confidential memorandum in support of its motion to seal certain portions of the transcript of the hearing held on October 24, 2012 on Plaintiff ePlus Inc.'s Motion to Enforce Court's Order of February 21, 2012 Compelling Production of Documents and Finding Waiver of Attorney-Client Privilege, and for Sanctions pursuant to Local Civil Rule 5.

### BACKGROUND

Pursuant to the Court's Order of February 21, 2012, Lawson was ordered to produce certain categories of documents which Lawson claimed were subject to the attorney-client privilege or work product privileges. Lawson petitioned for review by mandamus. The Court of Appeals for the Federal Circuit denied the petition without prejudice, noting specifically that "issues of attorney-client privilege [and the attorney work-product doctrine] can generally be reviewed on appeal from final judgment" and that Lawson had not explained "why its concerns

cannot be addressed on appeal from final judgment." *In re Lawson Software, Inc.,* Misc. Dkt. No. 118, Order at 2-3 (Fed. Cir. Aug. 10, 2012).

Lawson wants to avoid voluntary waiver of its privilege claim and, consistent with the Federal Circuit's statement, to preserve its right to review on the merits. The content of several documents which Lawson asserts are privileged from disclosure was discussed during the October 24, 2012 hearing. In order to preserve its privilege objections, Lawson requested that the Court seal the courtroom during the hearing. The Court granted Lawson's motion and charged the parties "with the responsibility of, within ten days after the transcript is available to you, identifying in a paper that part or those parts of the transcript which you believe needs to be sealed." 10/24/12 Tr. at 5:14-17. The Court asked counsel for Lawson to take the lead on identifying the parts to be sealed. *Id.* at 5:22-23. The parties received the transcript of the October 24 hearing on or about October 29.

In accordance with the Court's instruction, Lawson has identified the following pages and lines of the hearing transcript which reveal information from the documents over which Lawson asserts privilege: 23:15-23:23; 23:25-24:3; 24:22-25:9; 69:20-70:2; 107:21-107:23; 108:2-108:6; 108:8-108:18; 117:18-117:21; 117:23-118:1; 126:25-127:1; 127:18-127:20; and 127:22-127:23. Lawson has consulted with counsel for ePlus, and ePlus has no objection to sealing these portions of the transcript. Lawson has also marked the privileged portions of the hearing transcript and filed the marked hearing transcript under seal pending the Court's decision on this Motion. Lawson has moved the Court for an appropriate Order, pursuant to Local Civil Rule 5 sealing the above-referenced portion of the hearing transcript from disclosure to the public.

**ARGUMENT**

While the First Amendment guarantees access to civil court proceedings, that right extends only to trial proceedings and dispositive motions and hearings. *Level 3 Comm's., LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 575 (E.D. Va. 2009).[1] The Fourth Circuit has "never held that the public has a First Amendment right of access to a pretrial hearing on a non-dispositive civil motion or to the transcript of such a hearing." *Virginia Dep't. of State Police v. Washington Post*, 386 F.3d 567, 580 (4th Cir. 2004). The Fourth Circuit has established certain steps a district court must take in reviewing a motion to seal documents or testimony. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). In particular, the district court must: (A) provide notice to the public and gives the public an opportunity to object to the sealing, (B) consider less drastic alternatives, and (C) provide specific findings in support of the decision to seal and the rejection of alternatives. *Id*. These prerequisites are satisfied here.

A.  **Public Notice**

Lawson has filed contemporaneously herewith a Notice of this Motion to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any, to sealing the portions of the hearing transcript that are the subject of this motion. The Court does not need to provide individual notice to the public of each document that is to be sealed. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.*

B.  **Less Drastic Alternatives**

Lawson believes that sealing portions of the transcript of the October 24 hearing is necessary because no other procedure will be sufficient to preserve Lawson's claim of privilege

---

[1] While Federal Circuit law governs substantive issues in patent cases, the law of the Fourth Circuit governs motions to seal. *Level 3 Comm's.*, 611 F.Supp.2d at 575.

3

over the information it seeks to seal. *See, e.g.*, *Walker Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W.Va. 1999) (stating "[w]here … the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted, especially in cases between direct competitors.") (*citing Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995) and Fed. R. Civ. P. 26(c)). As stated above, the Fourth Circuit has never extended the public's First Amendment right of access to the transcript of a pretrial hearing on a non-dispositive civil motion. The only way to avoid the public disclosure of the information at issue is to seal the portions of the transcript which Lawson has identified.

### C. Specific Findings

The hearing transcript contains information from documents which Lawson asserts are protected by the attorney-client or work product privileges, including attorney-client communications and attorney work product. The documents for which Lawson asserts privilege have not been made public. Plaintiffs' counsel obtained the documents after the Court's February 21, 2012 Order compelled Lawson to disclose them. Given the potentially privileged nature of the information contained in the hearing transcript, there is no alternative other than sealing the designated portions of the transcript that will preserve Lawson's claim of privilege over that information and prevent disclosure of such information to the public. Lawson therefore seeks the sealing of the portions of the transcript of the October 24 hearing that are identified above pursuant to Local Civil Rule 5.

## CONCLUSION

For the foregoing reasons, Lawson requests that the Court grant its Motion and enter the attached proposed Order providing for the sealing of the transcript of the hearing held before the court on October 24, 2012.

LAWSON SOFTWARE, INC.

By: _____/s/_____

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

Josh A. Krevitt (admitted *pro hac vice*)
Daniel J. Thomasch (admitted *pro hac vice*)
Jason C. Lo (admitted *pro hac vice*)
Richard W. Mark (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Counsel for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 9th day of November, 2012, a true copy of the foregoing will be delivered by email to::

Craig T. Merritt
Paul W. Jacobs, II
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
pjacobs@cblaw.com
hwillett@cblaw.com

Scott L. Robertson
Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
mstrapp@goodwinprocter.com

*Attorneys for Plaintiff*

                                       /s/
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*