IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF *e*PLUS INC.'S STATEMENT OF POSITION CONCERNING THE EFFECT OF THE FEDERAL CIRCUIT'S DECISION ON THE SCOPE OF THE INJUNCTION**

Craig T. Merritt (VSB #20281)
Paul W. Jacobs, II (VSB #16815)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...1
II. BACKGROUND ...3
    A. The Jury Verdict and Judgment ...3
    B. The Injunction ...5
    C. The Federal Circuit Panel Decision ...5
III. IMPACT ON SCOPE OF INJUNCTION ...7
IV. CONCLUSION ...8

I.     **INTRODUCTION**

Pursuant to the November 27, 2012 Court Order (Dkt. No. 981), Plaintiff *e*Plus Inc. ("*e*Plus") respectfully submits this Statement of Position concerning the effect of the Federal Circuit's decision of November 21, 2012 in *ePlus, Inc. v. Lawson Software, Inc.*, ___ F.3d ___, 2012 WL 5870735 (Fed. Cir. Nov. 21, 2012), on the scope of the injunction that the Court entered on May 23, 2011.[1]

The impact of the Federal Circuit's decision on the injunction is limited and circumscribed. The Federal Circuit determined that "there remains no serious dispute that Lawson's customers infringe claim 26" of the '683 patent and that "the record contains substantial evidence to show that Lawson itself infringes claim 26." *Id.* at *9. The Federal Circuit also rejected Defendant Lawson Software, Inc.'s ("Lawson's") argument "that the district court abused its discretion in granting too broad an injunction." *Id.* at *11. Because the Federal Circuit concluded that Lawson infringes claim 26 – as the jury found nearly two years ago – those portions of the Court's injunction that concern configurations of Lawson's products and services that infringe claim 26 of the '683 patent need not be modified at all.

Three of the four configurations of Lawson's systems in the injunction were either found to infringe claim 26 of the '683 patent or were deemed infringing pursuant to a pretrial stipulation of the parties. The injunction should not be modified with respect to any of these three product configurations. In particular, the jury determined that the product configuration that includes Lawson's Core S3 Procurement System (Lawson System Foundation ("LSF")/ProcessFlow, in combination with Inventory Control ("IC"), Requisitions ("RQ") and Purchase Order ("PO")), Requisition Self-Service ("RSS") and Punchout infringes claim 26.

---

[1] A copy of the Federal Circuit's decision is attached hereto as Exhibit 1.

This configuration is described as "Configuration No. 3" in the jury verdict form and it is the second of four configurations listed in the injunction.  *See* Verdict (Dkt. No. 600) at 2 (Ex. 2); Injunction (Dkt. No. 729) at 2-3 (Ex. 3).  The jury also determined that the system configuration that includes Lawson's Core S3 Procurement System, RSS, Punchout and Electronic Data Interchange ("EDI") infringes claim 26.  This configuration is described as "Configuration No. 5" in the jury verdict form and it is the third of four configurations listed in the injunction.  *See* Verdict (Dkt. No. 600) at 3 (Ex. 2); Injunction (Dkt. No. 729) at 3 (Ex. 3).  Additionally, the parties entered into a pretrial stipulation that "in the event any of the accused products in the S3 Procurement Product Line are found to infringe any of the asserted claims, Lawson and *e*Plus stipulate that the accused products in the M3 Procurement Product Line made, used, sold, offered for sale and/or imported into the United States will likewise be found to infringe such claims."  *See* Amended Final Pretrial Order (Dkt. No. 480) at 4.  Because accused S3 Procurement products were found to infringe claim 26 and that verdict was affirmed on appeal, Lawson's M3 e-Procurement Software, the final configuration listed in the injunction, also remains subject to the injunction.  *See* Injunction (Dkt. No. 729) at 3 (Ex. 3).

     The only modification that may need to be made to the injunction concerns the product configuration that consists of Lawson's Core S3 Procurement System and RSS.  This configuration is described as "Configuration No. 2" in the verdict form.  *See* Verdict (Dkt. No. 600) at 2 (Ex. 2).  The jury determined that this product configuration infringes only claim 1 of the '172 patent, a claim that the Federal Circuit decided is invalid for indefiniteness.  Unless *e*Plus successfully petitions the Federal Circuit to reverse its decision with respect to the validity of claim 1 of the '172 patent, the injunction will need to be modified so that it no longer applies

to Configuration No. 2. This is the only substantive impact that the Federal Circuit's decision may have on the injunction entered by the Court.

## II. BACKGROUND

### A. The Jury Verdict and Judgment

The jury determined that the following Lawson system configurations infringe the asserted claims, both directly and indirectly:

(a) Lawson's Core S3 Procurement System and RSS ("Configuration No. 2") infringes claim 1 of the '172 Patent;



(b) Lawson's Core Procurement System, RSS, and Punchout ("Configuration No. 3"), infringes claims 3, 26, 28 and 29 of the '683 Patent, and claim 1 of the '172 Patent; and

3



(c)  Lawson's Core Procurement System, RSS, Punchout, and EDI, ("Configuration No. 5") infringes claims 3, 26, 28, and 29 of the '683 Patent, and claim 1 of the '172 Patent.



*See* Verdict (Dkt. No. 600) at 1-3 (Ex. 2).

The Court entered judgment on the jury's verdict. *See* Judgment (Dkt. No. 736) (Ex. 4). In the Judgment, the Court explained that "by operation of the Parties' Stipulation With Respect

4

To M3 Infringement, as set forth in the Revised Amended Final Pretrial Order . . . Lawson's M3 e-Procurement Software infringes claims 3, 26, 28, and 29 of the '683 patent and claim 1 of the '172 patent." *Id.* at 2-3

### B. The Injunction

Following the jury verdict, *e*Plus moved for a permanent injunction. Lawson argued, *inter alia*, that the equitable factors weighed against an injunction because it would cost hundreds of thousands of dollars per customer and take nearly a year to comply with. *See* Hearing on Injunctive Relief Tr. at 21:1-8 ("It literally takes years for a customer to switch to a different product. So that would be a devastating thing.") (Ex. 5). Finding that Lawson exaggerated the threatened harms and that its primary witness was not credible, the Court granted *e*Plus's motion. Within days of entry of the injunction, Lawson claimed it had a purported "design around" patch.

The injunction prohibits Lawson from making, using, offering to sell, or selling the system configurations found to infringe. Injunction (Dkt. No. 729) at 2-3 (Ex. 3). It also prohibits Lawson from actively inducing or contributing to the infringement, and from installing, implementing, designing, configuring, consulting, upgrading, maintaining, supporting, or providing training and other associated services for these systems. *Id.* The injunction covers Configurations Nos. 2, 3 and 5, the Lawson system configurations that were found to infringe the asserted claims. The injunction also covers Lawson's M3 e-Procurement Software pursuant to the parties' stipulation.

### C. The Federal Circuit Panel Decision

Lawson raised three issues on appeal. First, Lawson argued that this Court should have found claim 1 of the '172 patent and claim 3 of the '683 patent invalid for indefiniteness. Although Lawson had never even raised this issue at trial, the Federal Circuit agreed that Lawson

5

had not waived its indefiniteness argument. 2012 WL 5870735, at *6-7. The Federal Circuit also decided that the common specification of the patents did not disclose sufficient structure for the "means for processing" limitation in each of the system claims without even addressing the arguments made by *e*Plus regarding the portions of the specification that identify logic surrounding the generation of multiple purchase orders for different product types and vendors. *Id.*

Second, Lawson argued that the jury was not presented with sufficient evidence to conclude that Lawson or its customers performed every step of the methods disclosed in claims 26, 28 and 29 of the '683 patent. The Federal Circuit rejected Lawson's argument with respect to claim 26, concluding that Lawson and its customers infringe claim 26. In particular, the Federal Circuit determined that "there is evidence that Lawson installed, maintained, demonstrated, and managed the infringing systems for its customers." *Id.* at *9. The Federal Circuit also concluded that there was "no serious dispute that Lawson's customers infringe claim 26." *Id.* Additionally, the Federal Circuit found sufficient evidence "of Lawson's intent and knowledge to allow a reasonable jury to conclude that Lawson induced its customers to infringe claim 26." *Id.*

As for method claims 28 and 29, the Federal Circuit decided that "there is no dispute that Lawson's system is capable of infringing" these claims. *Id.* at *10. Nonetheless, the Federal Circuit determined that *e*Plus did not establish that it was "more likely than not that at least one user used the accused systems to perform the converting data step" in claims 28 and 29. *Id.* Accordingly, the court concluded that no reasonable jury could have concluded that claims 28 or 29 were infringed.

6

Third, Lawson claimed that this Court abused its discretion in granting too broad an injunction. In particular, Lawson argued that the Court "should not have enjoined it from servicing and maintaining products sold before the injunction issued." *Id.* at *11. The Federal Circuit rejected this argument, and held that Lawson was not "authorized to sell products that infringe *e*Plus's patents." *Id.*

In sum, the Federal Circuit's decision opinion only impacts one of the configurations found to infringe *e*Plus's patents. Accordingly, the modifications that may be necessary to the injunction are minimal.

### III.    IMPACT ON SCOPE OF INJUNCTION

The injunction entered by the Court needs to be modified only slightly to conform with the Federal Circuit's decision. While this Court has broad power to craft an injunction as it sees fit to remedy Lawson's long-standing and ongoing infringement of claim 26 of the '683 patent, the deletion of Configuration No. 2 is the only substantive modification implicated by the Federal Circuit's decision. *See Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."). Because the jury determined that Configuration No. 2 only infringes claim 1 of the '172 patent and the Federal Circuit held this claim to be invalid for indefiniteness, the injunction may need to be modified to remove Configuration No. 2 from the list of Lawson's infringing products and services. However, the Federal Circuit rejected Lawson's arguments that claim 26 is not infringed and that the injunction was too broad, so the removal of Configuration No. 2 from the injunction is the only substantive modification to the original injunction that may be necessary.

7

Attached as an exhibit to this Statement of Position is a version of the injunction entered by the Court on May 23, 2011 with the modifications that may need to be made to the injunction to conform with the Federal Circuit panel decision in redline. (Ex. 6). The only substantive edit reflected in this redline version of the injunction is the deletion of Configuration No. 2 from the list of infringing Lawson products and services. *Id.*[2]

In addition to the deletion of Configuration No. 2 in the injunction, *e*Plus has proposed two additional edits in the attached redline version of the injunction. *Id.* First, the original injunction requires the injunction to remain in effect until the expiration of "both the '683 patent and the '172 patent." Injunction (Dkt. No. 729) at 4 (Ex. 3). The reference to the '172 patent has been deleted because the Federal Circuit determined that the only claim of the '172 patent that was found infringed is invalid. Redline Revisions to Injunction at 3 (Ex. 6). Second, the sunset provision that was included in the final paragraph of the injunction is also deleted since the six-month period that the Court provided for Lawson's health care customers to comply with the injunction has long since expired and is now irrelevant. *Id.*

## IV. CONCLUSION

For the foregoing reasons, *e*Plus respectfully submits that the Federal Circuit's decision may require the Court to make only the modest modifications to the injunction set forth herein and reflected in the attached redline version of the injunction.

---

[2] *e*Plus has also attached as Exhibit 7 to this Statement of Position a clean version of its proposed revised injunction that incorporates the edits to the original injunction reflected in the redline version of the injunction that is attached as Exhibit 6.

8

Respectfully submitted,

December 10, 2012               /s/

Paul W. Jacobs, II (VSB #16815)
Craig T. Merritt (VSB #20281)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com


Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com


Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com
Attorneys for Plaintiff *e*Plus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2012, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S STATEMENT OF POSITION CONCERNING THE EFFECT OF THE FEDERAL CIRCUIT'S DECISION ON THE SCOPE OF THE INJUNCTION**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following:

| | |
|---|---|
| Christopher Dean Dusseault, *pro hac vice*<br>Jason Lo, *pro hac vice*<br>Timothy P. Best, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-6659<br>CDusseault@gibsondunn.com<br>JLo@gibsondunn.com<br>TBest@gibsondunn.com<br>VAED-620ExternalServiceList@gibsondunn.com | Robert A. Angle, VSB#37691<br>Dabney J. Carr, IV, VSB #28679<br>Megan C. Rahman (VSB No. 42678)<br>Timothy J. St. George (VSB No. 77349)<br>TROUTMAN SANDERS LLP<br>P.O. Box 1122<br>Richmond, Virginia 23218-1122<br>Telephone: (804) 697-1238<br>Facsimile: (804) 698-5119<br>robert.angle@troutmansanders.com<br>dabney.carr@troutmansanders.com<br>megan.rahman@troutmansanders.com<br>tim.stgeorge@troutmansanders.com |
| Donald R. Dunner, *pro hac vice*<br>Erika H. Arner, *pro hac vice*<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4444<br>don.dunner@finnegan.com<br>erika.arner@finnegan.com<br>EXT-Lawson-FinneganCorrespondence@finnegan.com | Daniel J. Thomasch, *pro hac vice*<br>Josh A. Krevitt, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-6200<br>DThomasch@gibsondunn.com<br>JKrevitt@gibsondunn.com<br>VAED-620ExternalServiceList@gibsondunn.com |
| | Sarah E. Simmons, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue , #1100<br>Dallas, TX 75201<br>Telephone: (214) 698-3100<br>Facsimile: (214) 571-2900<br>SSimmons@gibsondunn.com<br>VAED-620ExternalServiceList@gibsondunn.com<br><br>***Counsel for Defendant Lawson Software, Inc.*** |

>  _____/s/_____
> Paul W. Jacobs, II (VSB #16815)
> Craig T. Merritt (VSB #20281)
> **CHRISTIAN & BARTON, LLP**
> 909 East Main Street, Suite 1200
> Richmond, Virginia 23219-3095
> Telephone: (804) 697-4100
> Facsimile: (804) 697-4112
> cmerritt@cblaw.com
> pjacobs@cblaw.com
>
> Counsel for Plaintiff *e*Plus Inc.