# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF *e*PLUS INC.'S REPLY STATEMENT OF POSITION CONCERNING THE EFFECT OF THE FEDERAL CIRCUIT'S DECISION ON THE INJUNCTION

Paul W. Jacobs, II (VSB #16815)
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Scott L. Robertson (admitted *pro hac vice*)
Jennifer A. Albert (admitted *pro hac vice*)
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................ 1

II.  ARGUMENT ..................................................................................................... 3

    A.  This Court's Injunction Covers Configurations 3 And 5 As Affirmed By The Federal Circuit ............................................................................................... 3

    B.  The Federal Circuit Affirmed This Court's Injunction ........................................... 6

    C.  The Court Has Already Determined That The Four-Factor Test For An Injunction Is Satisfied And The Federal Circuit Affirmed ...................................... 9

    D.  This Court Must Enjoin Sales Of System Configurations That Infringe Method Claims Such As Claim 26 ..................................................................... 12

III.  CONCLUSION ................................................................................................. 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bio-Technology Gen. Corp. v. Genentech, Inc.*,
  80 F.3d 1553 (Fed. Cir. 1996)...................................................................................7

*Broadcom Corp. v. Qualcomm Inc.*,
  585 F. Supp.2d 1187 (C.D. Cal. 2008).......................................................................9

*Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*,
  576 F.3d 1348 (Fed. Cir. 2009)...................................................................................2

*Delaware Valley Citizens' Council for Clean Air v. Pennsylvania*,
  674 F.2d 976 (3d Cir. 1982).......................................................................................10

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004)..........................................................................12, 13

*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006)...................................................................................................10

*ePlus, Inc. v. Lawson Software, Inc.*,
  700 F.3d 509 (Fed. Cir. 2012)............................................................................passim

*Ex parte Sibbald v. United States*,
  37 U.S. 488 (1838)...............................................................................................2, 7

*Gemveto Jewelry Co. v. Jeff Cooper, Inc.*,
  800 F.2d 256 (Fed. Cir. 1986).....................................................................................8

*i4i Ltd. Partnership v. Microsoft Corp.*,
  598 F. 3d 831 (Fed. Cir. 2010)..........................................................................13, 14

*Johns Hopkins Univ. v. Cellpro, Inc.*,
  152 F.3d 1342 (Fed. Cir. 1998)...................................................................................7

*Johns Hopkins University v. Datascope Corp.*,
  513 F. Supp.2d 578 (D. Md. 2007)
  *rev'd on other grounds*, 543 F.3d 1342 (Fed. Cir. 2008) ........................................13

*Johns Hopkins University v. Datascope Corp.*,
  No. 1:05-cv-00759-WDQ (Dkt. No. 150) (Aug. 9, 2007) .........................................14

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993).................................................................................7, 13

*Montana v. United States*,
  440 U.S. 147 (1979)...................................................................................................1

*MPT, Inc. v. Marathon Labels, Inc.*,
  Case No. 1:04-cv-2357, Dkt. No. 315 (N.D. Ohio, Dec. 17, 2007)............................9

*MPT, Inc. v. Marathon Labels, Inc.*,
   258 Fed. App'x 318 (Fed. Cir. Dec. 12, 2007) ................................................. 8, 13

*Pfizer Inc. v. Ranbaxy Labs.*,
   457 F.3d 1284 (Fed. Cir. 2006) ................................................................... 8, 9

*Reed v. Allen*,
   286 U.S. 191 (1932) ...................................................................................... 1

*S. Atl. Ltd. P'ship of Tenn., LP v. Riese*,
   356 F.3d 576 (4th Cir. 2004) ......................................................................... 2

*Stewart-Warner Corp. v. City of Pontiac, Mich.*,
   767 F.2d 1563 (Fed. Cir. 1985) ...................................................................... 2

*Tristrata Technology, Inc. v. Mary Kay, Inc.*,
   423 F. Supp.2d 456 (D. Del. 2006), *aff'd*, 214 F. App'x 979 (Fed. Cir. 2007) ........................ 14

*Tristrata Technology, Inc. v. Mary Kay, Inc.*,
   No. 1:01-cv-00127-JJF (Dkt. No. 341) (D. Del. Mar. 31, 2006) ............................... 14

*U.S. v. Pileggi*,
   --- F.3d ----, 2013 WL 14305 (4th Cir. Jan. 2, 2013) ........................................ 2

*Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.*,
   510 F.3d 474 (4th Cir. 2007) ......................................................................... 2

**Statutes**

35 U.S.C. § 271 .......................................................................................... 14

**Other Authorities**

18 Moore's Federal Practice, § 131.01 ............................................................. 1

Black's Law Dictionary (7th ed. 1999) .......................................................... 15

## I.   INTRODUCTION

The Federal Circuit has now affirmed Lawson's infringement (direct, inducement of, and contributory) of claim 26, and likewise affirmed *e*Plus's remedy of a permanent injunction.  The appellate court provided no instruction to "dissolve" or "vacate" the injunction, nor did it instruct this Court to hold yet another evidentiary hearing and reapply the four-factor test for injunctive relief.  Those issues are final and fully resolved.

Whether characterized as *res judicata* or collateral estoppel, the judgment is final that claim 26 is infringed and valid, and that *e*Plus is afforded a permanent injunction against Lawson's infringement.  Lawson has no right to continue to litigate this issue.

> [T]he judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action.  It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

18 Moore's Federal Practice, § 131.01(quoting *Cromwell v. Sac County,* 94 U.S. 351, 352 (1876) (citations omitted)); *see also Montana v. United States,* 440 U.S. 147, 153 (1979) ("Application of both doctrines is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions … To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits [and] conserves judicial resources…."); *Reed v. Allen,* 286 U.S. 191, 198-99 (1932) ("[the] well-established doctrine of res judicata [was] conceived in the light of the maxim that the interest of the state requires that there be an end to litigation — a maxim which comports with common sense as well as public policy.").

To put the matter plainly, Lawson has exhausted its appellate rights.  Enough is enough.

Thus, with respect to claim 26 and the Court's permanent injunction against system

Configurations 3 and 5, there is nothing for this Court to do but to enforce the injunction in the contempt proceeding. This Court's decisions on infringement and injunctive relief have been affirmed. As the Supreme Court has stated:

> When a case is remanded from an appellate court, the lower court "is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded."

*Ex parte Sibbald v. United States*, 37 U.S. 488, 492 (1838); *see also U.S. v. Pileggi*, --- F.3d ----, 2013 WL 14305, at *2–*4 (4th Cir. Jan. 2, 2013) (where appellate court remanded with instructions regarding duration of sentence and was silent on restitution, mandate rule prevented district court from altering amount of restitution); *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 576 F.3d 1348, 1356 (Fed. Cir. 2009) ("The mandate rule requires that the district court follow an appellate decree as the law of the case.") (citing *Sibbald*, 37 U.S. at 492); *Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007) (if party believed appellate decision was wrong, "it could have so asserted in a petition for rehearing"; as it had not, mandate rule "foreclose[d] relitigation of issues expressly or impliedly decided by the appellate court."); *S. Atl. Ltd. P'ship of Tenn., LP v. Riese*, 356 F.3d 576, 584 (4th Cir. 2004) ("Under the mandate rule, a district court cannot reconsider issues the parties failed to raise on appeal; the court must attempt to implement the spirit of the mandate; and the court may not alter rulings impliedly made by the appellate court."); *Stewart-Warner Corp. v. City of Pontiac, Mich.*, 767 F.2d 1563, 1567–68 (Fed. Cir. 1985) (mandate of appellate court "is binding upon the district court").

Lawson characterizes *e*Plus's position statements as taking a "pedal-to-the-metal" approach, Dkt. No. 991 at 24, this for a case that has been on the Court's docket for over three years. The jury's verdict was rendered ***two years ago***, this Court promptly rendered its injunction in May 2011,

and Lawson has been in contempt ever since, even though all of Lawson's repeated requests for a stay have been denied.  There is no cause to relitigate the injunction issue or delay enforcement, but rather the time is ripe for this Court to end Lawson's self-help in violating the injunction once and for all.

Finally, Lawson urges this Court to believe that the Federal Circuit will determine the '683 Patent claims at issue are invalid on the appeal of the reexamination proceeding.  It bears noting, however, that *in this case Lawson did not even appeal the jury's finding that all of ePlus's '683 Patent were not invalid*.  Lawson's request that this Court exercise its equitable discretion to stay the injunction therefore has even less merit.  Lawson undoubtedly made an informed, tactical decision not to appeal the validity of the '683 Patent claims in this case, and should not now be heard to complain that it is unfairly prejudiced by the obvious and natural consequence of its decision.

## II.   ARGUMENT

### A.    This Court's Injunction Covers Configurations 3 And 5 As Affirmed By The Federal Circuit

Lawson attempts to dissect and recharacterize this Court's injunction as having been based solely on the system claims or a mere "add-on" Punchout module.  Neither *e*Plus's arguments on the injunction motion, nor this Court's injunction ruling, were so limited.

Contrary to Lawson's contentions, the infringement verdict and judgment with respect to claim 26 of the '683 Patent and the corresponding injunction related to Lawson's System Configurations 3 and 5 is not simply about "using one add-on module (punchout)."  Dkt. No. 990 at 2.  System Configuration 3 includes the Core S3 Procurement System (comprised of Lawson System Foundation ("LSF")/Process Flow, in combination with the Inventory Control ("IC"), Requisition ("RQ") and Purchase Order ("PO") modules) and Requisition Self-Service ("RSS") and Punchout.  System Configuration 5 includes the same components as Configuration 3 plus the

3

Electronic Data Interchange ("EDI") component. *See* Jury Verdict at 2-3 (Dkt. No. 600); Judgment at 2 (Dkt No. 736); Injunction Order at 2-3 (Dkt. No. 729). Various of the system components are used to perform the steps of claim 26.

Claim 26 of the '683 Patent recites:

> 26.     A method comprising the steps of:
>
> maintaining at least two product catalogs on a database
>          containing data relating to items associated with the
>          respective sources;
>
> selecting the product catalogs to search;
>
> searching for matching items among the selected
>          product catalogs;
>
> building a requisition using data relating to
>           selected matching items and their associated source(s);
>
> processing the requisition to generate one or more
>          purchase orders for the selected matching items; and
>
> determining whether a selected matching items is
>          available in inventory.

As this Court found, and the Federal Circuit affirmed, Lawson's system components are modular. The Core Procurement System comprised of LSF/Process Flow, IC, RQ, and PO modules is the basic building block needed to perform all operations. "Core Procurement is responsible for most of the basic operations of Lawson's system." *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 514 (Fed. Cir. 2012). Thus, with respect to the steps of claim 26, as established by substantial evidence at trial, and as affirmed by the Federal Circuit, the IC module of the Core Procurement System is used to "maintain[ ] at least two product catalogs . . . relating to items associated with the respective sources." *See id.* at 513. *See also* Dkt. No. 756 at 8-10 (and trial evidence cited therein). Additionally, Lawson's customers testified that they maintain thousands of supplier catalogs within

the item master of the IC module. *Id*. at 9-10 (and cited trial evidence).

The user interface included in the RSS component which is included in each infringing System Configuration enables a user (either Lawson when it demonstrates its systems, or a Lawson customer) to "select[ ] the product catalogs [from those in the item master] to search" thereby satisfying the second element of claim 26. *See ePlus*, 700 F.3d at 513; Dkt. No. 756 at 11 (and cited trial evidence).

Further, the jury saw and heard irrefutable evidence that a system user can "search[ ] for matching items among the selected [item master] product catalogs" by a number of criteria, including vendor, manufacturer, catalog number, and partial item description, thereby satisfying the third element of claim 26. This search capability is provided through the Requisitions module of the Core Procurement System. *See ePlus*, 700 F.3d at 513; Dkt. No. 756 at 11-12 (and cited trial evidence).

With respect to the fourth element of claim 26, Lawson conceded that a system user can "build a requisition using data relating to selected matching items and their associated sources." This functionality is provided through the Requisitions module of the Core System. *See ePlus*, 700 F.3d at 513; Dkt. No. 756 at 13 (and cited trial evidence).

Further, there was no dispute that a system user can "process the requisition to generate one or more purchase orders," satisfying the fifth element of claim 26, using the Purchase Order module of the Core System. *ePlus*, 700 F.3d at 513; Dkt. No. 756 at 13-14 (and cited trial evidence).

Finally, the system user can "determin[e] whether a selected matching item is available in inventory" using the Purchase Order Acknowledgement Report generated by the EDI module, thus satisfying the last element of claim 26. Dkt. No. 756 at 15-16 (and cited trial evidence). Thus, as this Court and the Federal Circuit found, there was substantial evidence supporting the jury's

verdict with respect to claim 26, and the method of claim 26 may be performed without even employing the Punchout functionality.  Lawson's fundamental premise that the injunction rests solely on the Punchout module is therefore fatally flawed.

The Punchout module is simply an add-on that sits on top of the Core Procurement System and RSS.  Punchout does not function, and cannot be used, without these prerequisite modules.  *See ePlus*, 700 F.3d at 514.  "Once a customer connects to the third party vendor's website, she may use the vendor's search engine to search for items to purchase.  After the customer selects an item, the third party may respond with whether that item is available in its inventory." *Id*.  Thus, using a Lawson system that includes the Core Procurement System, RSS and Punchout, a user may perform steps 1-3 and 6 of claim 26.  Items selected by a user during a Punchout session are returned to the Lawson System Shopping Cart, the RQ module of the Core Procurement System then builds the requisition using that data, and the PO module of the Core Procurement System then processes the requisition to generate one or more purchase orders therefrom.  Thus, the modules in the Core Procurement system, not the Punchout module, are used to perform the fourth and fifth steps of claim 26.  Again, Lawson's premise that the injunction as to System Configurations 3 and 5 rests solely upon the Punchout module is simply without merit.

### B.   The Federal Circuit Affirmed This Court's Injunction

The Federal Circuit ***affirmed*** the permanent injunction imposed by this Court.  The Federal Circuit also ***affirmed*** Lawson's infringement of claim 26.  *ePlus*, 700 F.3d at 523 ("We remand for the district court to consider what changes are required to the terms of the injunction, consistent with this opinion. ***In all other respects, we affirm***." (emphasis added)).  The appellate court gave no instruction to this Court to dissolve or vacate the injunction, or to conduct a new evidentiary hearing.  Nonetheless, Lawson argues that the injunction should now be dissolved in its entirety.  As stated *supra*, however, the determination of infringement and the injunctive remedy are final, and

this Court "is [now] bound by the decree as the law of the case; and must carry it into execution, according to the mandate." *Ex parte Sibbald*, 37 U.S. at 492.

Furthermore, the Federal Circuit specifically rejected the only issue appealed by Lawson with respect to the injunction, specifically, Lawson's argument that the district court should not have enjoined the service and maintenance of products sold before the injunction issued.[1] *ePlus*, 700 F.3d at 522. Because "[i]nfringement of one valid and enforceable patent claim is all that is required for liability to arise[,]" *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1562 n.8 (Fed. Cir. 1996), Lawson stands as a finally adjudicated infringer in violation of an injunction that has been affirmed by the Federal Circuit. There is no reason why, at long last, Lawson should not be compelled to comply with this Court's order.

Lawson does not cite a single case in support of its bald proposition that an injunction which has been ***affirmed*** and remanded under these circumstances must be dissolved *in toto*. The cases which Lawson relies upon are not only factually inapposite, but moreover say nothing about the effect of a limited remand on an otherwise affirmed injunction. *See* Dkt. No. 990 at 8 (Lawson brief citing *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302 (Fed. Cir. 2002) (vacating and remanding damages award, injunctive relief not before the court); *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1367-68 (Fed. Cir. 1998) (not remanding, but merely vacating only "those portions" of district court injunction involving extraterritorial activities not subject to U.S. patent law); *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) (vacating and remanding

---

[1] Incredibly, Lawson argues that the Federal Circuit's ruling on this point is "irrelevant," even though it was the only aspect of the injunction that Lawson appealed. Dkt. No. 990 at 8, n.5 (characterizing Federal Circuit's holding on Lawson's sole point of appeal on the injunction as "irrelevant").

injunction in its entirety under the particular facts of the case, but stating "a party's acts in connection with selling equipment may, however, constitute active inducement of infringement or contributory infringement of a method claim"); *Gemveto Jewelry Co. v. Jeff Cooper, Inc.*, 800 F.2d 256 (Fed. Cir. 1986) (in unfair competition case, vacating and remanding injunction because injunction failed to identify prohibited acts with sufficient specificity)).  This collection of plainly distinguishable case law does not in any way support Lawson's request that this Court dissolve the injunction in this case in its entirety.

Further, under nearly identical factual circumstances, other district courts have taken the "blue pencil" approach as disparagingly characterized by Lawson.  Dkt. No. 990 at 1.  In these cases, just as *e*Plus has proposed, courts have entered a simple corrective order in response to a limited instruction for remand, often within a matter of days of the remand.  For example, in *Pfizer Inc. v. Ranbaxy Labs.*, the Federal Circuit affirmed the district court's judgment of infringement as to one patent (the '893 patent), reversed the district court's finding of validity of another (the '995 patent), and remanded the permanent injunction to the district court.  457 F.3d 1284, 1292 (Fed. Cir. 2006).  Only *eight days* after the mandate issued, the district court issued a simple two-page order "blue penciling" the paragraph of the injunction prohibiting use of any product covered by the relevant claim of the '995 Patent.  Ex. 1 (Case No. 1:03-cv-00209-JJF, Dkt. No. 338 (D. Del. Nov. 7, 2006)).

Likewise, in *MPT, Inc. v. Marathon Labels, Inc.*, the Federal Circuit reversed in part an injunction that incorrectly enjoined certain sales of products used to practice a patent method, where the sales were not subject to U.S. patent law because they were extraterritorial.  258 Fed. App'x 318 (Fed. Cir. Dec. 12, 2007).  Only two days later, the district court dealt with the partial reversal by means of a simple one-sentence order stating, "In light of the Federal Circuit's opinion issued in this

matter, the Court hereby ORDERS that the injunction entered in this matter should not be interpreted to enjoin either sales of the SSP to locations outside the United States or sales of the SSP to resellers who sell to locations outside the United States." *MPT, Inc. v. Marathon Labels, Inc.,* Case No. 1:04-cv-2357, Dkt. No. 315 (N.D. Ohio, Dec. 17, 2007) (attached as Ex. 2);[2] *see also Broadcom Corp. v. Qualcomm Inc.*, 585 F. Supp.2d 1187, 1189 (C.D. Cal. 2008) (where two patents remained infringed following appeal, district court issued order deleting injunction provisions relating to third patent invalidated on appeal only ***one day*** after Federal Circuit remand).

A simple one-sentence order such as that in *MPT*, providing that the injunction shall not be interpreted to enjoin Lawson's system Configuration 2, is all that is required in this case to comply with the Federal Circuit's ruling on remand.  In its opening position statement, *e*Plus explained why the deletion of Configuration 2 is the only substantive aspect of the injunction implicated by the Federal Circuit's decision.  Dkt. No. 985 at 7.  Lawson never objected to taking this configuration-based approach to the verdict form, or the injunction, and it is clear under the Federal Circuit's ruling that Configurations 3 and 5 continue to be used to infringe claim 26.  Just as the district courts did in the *Pfizer* and *MPT* cases, this Court need only follow the Federal Circuit's instructions to give effect to the appellate decision.  Lawson's argument is utterly without support in the case law or common sense.

### C.   The Court Has Already Determined That The Four-Factor Test For An Injunction Is Satisfied And The Federal Circuit Affirmed

Lawson's position that an evidentiary hearing is required suffers from the same deficiencies described above.  Again, for an injunction that has been affirmed by the Federal Circuit, Lawson

---

[2] Moreover, notably, even though the infringed claims were method claims, there was no suggestion that the court could not enjoin sales of products used to practice the patented method ***within*** the United States.  The court's injunction enjoined all such sales, and the court was reversed only with respect to foreign sales.  This case further demonstrates that an injunction against sales is warranted even for infringement of method claims.  *See infra* at 12.

argues that the Court must re-engage in the four-factor *eBay* test.  But Lawson does not offer a single case which even remotely suggests that a new evidentiary hearing is required when an injunction is affirmed, but remanded with only limited instructions for correction.  In the cases identified by Lawson (the most recent of which pre-dates *eBay* by more than twenty-five years), the changes to the injunctions or consent decrees at issue related to either additional or different restrictions from those provided for in the original order.  Dkt. No. 990 at 10 (Lawson Br. citing *United States v. United Shoe Machinery Corp.*, 391 U.S. 244, 249 (1968); *Brown v. Neeb*, 644 F.2d 551, 560 (6th Cir. 1981); *Chance v. Bd. of Exam'rs*, 561 F.2d 1079, 1086 (2d Cir. 1977)).

Notably, one of Lawson's cited cases provides that under these factual circumstances — specifically, where the court is not increasing the obligations under the injunction — no evidentiary hearing is required.  *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania*, 674 F.2d 976, 981-82 (3d Cir. 1982) (district court did not err in refusing to conduct an evidentiary hearing before altering a consent decree because the court was not increasing the obligations to which defendant was already bound).  And, as noted above, in other patent cases, district courts have revised injunctions on remand within a matter of days, without holding an evidentiary hearing.  *See supra* at 8.  Accordingly, there is no basis for Lawson's demand for another evidentiary hearing.

Employing the false premise that this Court must entirely dissolve an injunction affirmed by the Federal Circuit, Lawson then expends several pages of its position statement arguing that *e*Plus has not *re*-proven that an injunction is appropriate under the four-factor test of *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006).  As is evident from the foregoing discussion, however, no such issue is before the Court.  This Court has already determined that injunctive relief is merited in this case (indeed, that was the sole remedy that *e*Plus obtained), and the Federal Circuit **affirmed** this Court's injunction, overruling the sole argument that Lawson made with respect to the

injunction on appeal.  *Lawson did not even appeal whether the four-factor test for an injunction had been satisfied.*

This Court fully considered the parties' arguments whether an injunction is proper, and conducted an evidentiary hearing, oral argument, and a full round of briefing on the issue.  In ruling on this issue, the Court issued a detailed 63-page memorandum opinion setting forth its findings on the four factors, which are just as pertinent today as they were then.  *See* Dkt. No. 728.  Among other things, this Court found, following a thorough discussion of the parties' contentions, that *e*Plus and Lawson are direct competitors in the highly competitive e-procurement software market, *e*Plus has lost sales and market share because of Lawson's infringement (which results in lost revenue for implementation/installation, maintenance and servicing of software), *e*Plus has suffered irreparable harm for which it has no adequate remedy at law, the balance of hardships favors *e*Plus, and the public interest weighs in favor of an injunction.  *Id.*  As noted above, Lawson did not appeal *any* of these findings.

Thus, as set forth above, with respect to the claims held not infringed or invalid on appeal, this Court should simply enter an order stating that the injunction shall not be interpreted to enjoin Configuration 2, or carve out Configuration 2 from the injunction.  That is all that is required under the facts and law of this case.  The verdict regarding infringement of claim 26 using Configurations 3 and 5 remains undisturbed, as should that aspect of the injunction.[3]

---

[3] Lawson again urges the Court to stay any injunction until after the Federal Circuit's final resolution of reexamination proceedings.  Both this Court *and* the Federal Circuit have previously rejected this same request, as well as Lawson's arguments about the supposed relevance of those proceedings, on numerous occasions.  *See* Dkt. No. 198 (denying initial request to stay); Dkt. No. 362 (denying Lawson's motion *in limine* to exclude arguments allegedly inconsistent with reexamination "findings"); Dkt. No. 375 (granting *e*Plus's motion *in limine* to exclude from trial evidence or argument relating to reexaminations); Dkt. No. 734 (denying Lawson motion for a stay of any permanent injunction); Dkt. No. 787 at 21–22 (denying Lawson renewed motion for new trial due to exclusion of reexamination "evidence" and stating, "*No more ink will be spilled over*

**D.     This Court Must Enjoin Sales Of System Configurations That Infringe Method Claims Such As Claim 26**

Lawson is incorrect in arguing that this Court cannot enjoin Lawson's sales of system Configurations 3 and 5 because claim 26 is a method claim. The Federal Circuit affirmed the jury's verdict of infringement of claim 26, holding that Lawson directly and indirectly infringed the claim. Indeed, the Federal Circuit acknowledged that there was "no serious dispute that Lawson's customers infringe claim 26" and that "there is evidence that Lawson installed, maintained, demonstrated and managed the infringing systems for its customers." *ePlus*, 700 F.3d at 520–21. Thus, the court found that Lawson's systems have the capability to infringe the claim, that Lawson and its customers perform all the steps of method claim 26 when using the systems (thereby directly infringing the claim), and moreover that Lawson's various activities (e.g., installing the systems, training customers to use the systems, and the like) were acts of indirect infringement. *Id.* It is therefore remarkable that Lawson argues it cannot now be enjoined from selling these same systems, thereby continuing to contribute to and induce its customers' direct infringement.

Indeed, Lawson cites not a single case finding an injunction against sales overbroad on the ground that only a "mere" method claim was infringed. Instead, Lawson relies upon cases that simply describe the black-letter law regarding the elements of infringement of a method claim, an issue that is no longer subject to debate in light of the Federal Circuit's ruling that Lawson directly and indirectly infringes claim 26. *See* Dkt. No. 990 at 19.[4]

---

*the topic*.") (emphasis added); *see also* Exs. 3, 4, and 5 (Federal Circuit's denials of Lawson several requests for a stay of appeal). In addition, Lawson later specifically urged the Federal Circuit to delay issuing a ruling on the appeal of this case until that Court also resolved the reexamination appeal. *See* Lawson Ltr. To Court, *ePlus*, No. 2011-1396 (Fed. Cir. July 14, 2011), attached hereto as Ex. 6. The Federal Circuit declined to delay its ruling, but instead rendered its decision affirming the injunction.

[4] Even if it were on point, Lawson's quotation of *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004)is misleading because Lawson omits the essential context of the section of the case it relies upon. While Lawson cites the case for the proposition that plaintiffs

Indeed, Lawson's argument cites only one case that relates at all to the scope of an injunction, *Joy*, 6 F.3d at 774.  *Joy* is clearly distinguishable.  In *Joy*, the challenged injunction prevented the defendant from contracting to sell a machine that took five years to build and therefore could not possibly perform the patented method until after the patent expired.  Thus, the sales at issue in *Joy* could not have been acts of indirect infringement, because it was impossible for the customers to directly infringe.  Here, by contrast, every sale of a system of either Configuration 3 or 5 that Lawson makes immediately enables another customer to directly infringe claim 26, in violation of the injunction and in furtherance of Lawson's indirect infringement.  Neither *Joy* nor any other cases that Lawson cites prohibits an injunction against such conduct.

Other cases ***not*** cited by Lawson demonstrate that an injunction against sales of products used to infringe method claims is entirely appropriate.  In *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F. 3d 831 (Fed. Cir. 2010), the jury found contributory and induced infringement by Microsoft of three method claims.  *Id.* at 839-40.  The district court granted a permanent injunction prohibiting Microsoft from, *inter alia*, "***selling, offering to sell***, and/or importing into the United States" software that was used to infringe the method claims.  *Id.* at 861 (emphasis added).  The Federal Circuit affirmed issuance of the injunction, altered its effective date, and "otherwise affirm[ed] the injunction's scope."  *Id; see also MPT*, 258 F. App'x at 318 (holding that injunction against ***foreign*** sales not subject to U.S. patent laws was overbroad, but otherwise affirming injunction against sales of product where use by customers would infringe method claims); *Johns Hopkins University v. Datascope Corp.*, 513 F. Supp. 2d 578 (D. Md. 2007) (granting injunction prohibiting sales of

---

must "tie their claims for . . . injunctive relief" to a specific act of direct infringement, in the very same paragraph the court gives a second option:  "Plaintiffs who identify an entire category of infringers (*e.g.*, the defendant's customers) may cast their theories of vicarious liability more broadly, and may consequently seek damages or injunctions across the entire category."  *Id.* at 1274–75.

product used to infringe method claims), *rev'd on other grounds*, 543 F.3d 1342 (Fed. Cir. 2008); Order, *Johns Hopkins University v. Datascope Corp.*, No. 1:05-cv-00759-WDQ (Dkt. No. 150) (Aug. 9, 2007) (attached hereto as Ex. 7) (where infringement of method claim was found, enjoining defendant "from advertising, manufacturing, *selling*, and/or distributing the infringing . . . device") (emphasis added).

Another district court has expressly rejected the very theory that Lawson advances here. In *Tristrata Technology, Inc. v. Mary Kay, Inc.*, the defendant Mary Kay contributorily infringed and induced infringement of Tristrata's patents on methods of treating wrinkles. 423 F. Supp.2d 456 (D. Del. 2006), *aff'd*, 214 F. App'x 979 (Fed. Cir. 2007). Like Lawson here, Mary Kay "contend[ed] that the injunction order proposed by [plaintiff] is overbroad because it would preclude [defendant] from making, selling, or offering to sell products when [only] method claims were infringed." *Id.* at 470. Rejecting this argument, the court granted an injunction forbidding Mary Kay "from making, using, advertising, promoting, *selling, or offering to sell* the products at issue in this case that were found to have been used to contributorily infringe the patents-in-suit." *See* Injunction Order, *Tristrata Technology, Inc. v. Mary Kay, Inc.*, No. 1:01-cv-00127-JJF (Dkt. No. 341) (D. Del. Mar. 31, 2006) (attached hereto as Ex. 8) (emphasis added). It is therefore clear that this Court may enjoin sales of configurations that Lawson and its customers were found to have used in violation of method claim 26.

In addition, Lawson attempts, without success, to sidestep the relevance of the contributory infringement verdict against it. *See* Dkt. No. 990, at 20–21, n.7. Under 35 U.S.C. § 271(c), one who "*sells* within the United States . . . *a material or apparatus for use in practicing a patented process* . . . shall be liable as a contributory infringer." Thus, a sale of Lawson's infringing product configurations is an act of contributory infringement of a method claim. *See i4i*, 598 F.3d at 861

14

(enjoining sales of products following verdict of contributory and induced infringement of method claims).

Lawson's argument that it is has not been found liable for contributory infringement is clearly wrong. *e*Plus presented uncontroverted expert testimony at trial that the system configurations at issue contributorily infringe the method claims and have no substantial non-infringing uses. *See* Trial Tr. at 775:17–776:23. As this Court determined, "*[t]he jury heard and received substantial evidence to support a finding of indirect infringement, on either an inducement or contributory infringement basis*." Mem. Op., Aug. 12, 2011, Dkt. No. 787, at 9 (emphasis added). Lawson appealed both the inducement and contributory infringement verdict to the Federal Circuit. *See* Br. for Def.-Appellant Lawson Software (Aug. 8, 2011) at 44–47 ("*e*Plus Also Did Not Prove that Lawson Is a Contributory Infringer") (excerpt attached as Ex. 9). The Federal Circuit expressly affirmed the verdict with respect to method claim 26 and found that Lawson induced infringement. *ePlus,* 700 F.3d at 520. The Federal Circuit also rejected "any of the parties' arguments on appeal" not expressly addressed in its opinion, *see id.* at 523, n.2; this includes Lawson's argument that it was not a contributory infringer. Lawson has not sought rehearing or petitioned for certiorari on either of these issues. The findings of inducement and contributory infringement are now *res judicata*, and Lawson must live with them, as well as their implications.

## III. CONCLUSION

For all the foregoing reasons, this Court should reject Lawson's attempt to delay and retry *e*Plus's right to a remedy in this case. The findings of infringement and injunctive relief with respect to claim 26 are now final, resolved, and done. *See* Black's Law Dictionary (7th ed. 1999) at p. 1312 (Defining "*res judicata*" as (1) "[a]n issue that has been definitively settled by judicial decision" or (2) [a]n affirmative defense barring the same parties from litigating a second lawsuit on

the same claim, or any other claim arising from the same transaction or series of transactions and that could have been – but was not – raised in the first suit.  The three essential elements are (1) an earlier decision on the issue, (2) a final judgment on the merits, and (3) the involvement of the same parties, or parties in privity with the original parties.") (citing Restatement (Second) of Judgments §§ 17, 24 (1982)).  All that is now required of this Court is to enforce its order consistent with the appellate ruling.

Respectfully Submitted,

January 7, 2013

_____/s/_____
Paul W. Jacobs, II (VSB #16815)
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com

Scott L. Robertson *(admitted pro hac vice)*
Jennifer A. Albert *(admitted pro hac vice)*
David M. Young (VSB #35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
srobertson@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

Michael G. Strapp *(admitted pro hac vice)*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231
mstrapp@goodwinprocter.com

Attorneys for Plaintiff, *e*Plus Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2013, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC.'S REPLY STATEMENT OF POSITION CONCERNING THE EFFECT OF THE FEDERAL CIRCUIT'S DECISION ON THE INJUNCTION**

with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) via email to the following:

| | |
|---|---|
| Christopher Dean Dusseault, *pro hac vice*<br>Jason Lo, *pro hac vice*<br>Timothy P. Best, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-6659<br>CDusseault@gibsondunn.com<br>JLo@gibsondunn.com<br>TBest@gibsondunn.com<br>VAED-620ExternalServiceList@gibsondunn.com | Robert A. Angle, VSB#37691<br>Dabney J. Carr, IV, VSB #28679<br>Megan C. Rahman (VSB No. 42678)<br>Timothy J. St. George (VSB No. 77349)<br>TROUTMAN SANDERS LLP<br>P.O. Box 1122<br>Richmond, Virginia 23218-1122<br>Telephone: (804) 697-1238<br>Facsimile: (804) 698-5119<br>robert.angle@troutmansanders.com<br>dabney.carr@troutmansanders.com<br>megan.rahman@troutmansanders.com<br>tim.stgeorge@troutmansanders.com |
| | Daniel J. Thomasch, *pro hac vice*<br>Josh A. Krevitt, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-6200<br>DThomasch@gibsondunn.com<br>JKrevitt@gibsondunn.com<br>VAED-620ExternalServiceList@gibsondunn.com |
| | Sarah E. Simmons, *pro hac vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue , #1100<br>Dallas, TX 75201<br>Telephone: (214) 698-3100<br>Facsimile: (214) 571-2900<br>SSimmons@gibsondunn.com<br>VAED-620ExternalServiceList@gibsondunn.com<br><br>***Counsel for Defendant Lawson Software, Inc.*** |

_____/s/_____
Paul W. Jacobs, II (VSB #16815)
Craig T. Merritt (VSB #20281)
Henry I. Willett, III (VSB #44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
hwillett@cblaw.com


Counsel for Plaintiff *e*Plus Inc.