# EXHIBIT 6

# FINNEGAN | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**DONALD R. DUNNER**
202-408-4062
Don.Dunner@finnegan.com

June 4, 2012

Mr. Jan Horbaly
Circuit Executive & Clerk of Court
United States Court of Appeals for the Federal Circuit                    **Via Hand Delivery**
The Howard T. Markey National Courts Building
717 Madison Place, N.W.
Washington, D.C. 20439

>        Re:   *ePlus, Inc. v. Lawson Software, Inc.*, Appeal Nos. 2011-1396, -1456,
>              -1554

Dear Mr. Horbaly:

Pursuant to Fed. R. App. P. 28(j), Defendant-Appellant Lawson Software, Inc. ("Lawson") brings to the Court's attention a decision by the Board of Patent Appeals and Interferences' ("BPAI") declining to modify its earlier decision finding all of the method claims at issue in this appeal invalid over multiple different prior art references. *See Ex Parte ePlus, Inc.*, Appeal No. 2010-007804 (BPAI Mar. 26, 2012) (affirming invalidity of claims 26-45 of U.S. Patent No. 6,023,683). On May 24, 2012, ePlus appealed the BPAI decision to this Court. Copies of the BPAI Decision and ePlus's Notice of Appeal are attached.

If and when this Court affirms the BPAI decision, that decision should have preclusive effect in the present appeal. Lawson cannot be enjoined from infringing, or required to pay damages on, canceled claims. *See* 35 U.S.C. § 307(a) ("In a reexamination proceeding . . . when the time for appeal has expired or any appeal proceeding has terminated, the Director will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable . . . ."); *see, e.g., Standard Havens Prods. Inc. v. Gencor Indus., Inc.*, 996 F.2d 1236, 1236 (Fed. Cir. 1993) (unpublished) ("[I]f the reexamination decision of unpatentability is upheld in the court action . . . the injunction would thereby immediately become inoperative.").

Lawson contends in the present appeal that it does not infringe claims 26, 28, and 29 of the '683 patent. In the event that this Court concludes, as Lawson urges, that claims 26, 28, and 29 are not infringed by Lawson, the invalidity of those claims is of no moment to the present appeal. However, if this Court declines to reverse the district court's finding of infringement, Lawson respectfully suggests that this Court may wish to consider delaying a final decision in

Mr. Jan Horbaly
June 4, 2012
Page 2

the present appeal until a decision has been rendered in ePlus's appeal of the BPAI's finding that these claims are invalid.

Respectfully submitted,

Donald R. Dunner

cc:     (via email and hand delivery)
        Scott L. Robertson, Esq.
        Goodwin Procter, LLP
        901 New York Avenue, NW
        Washington, DC 20001