# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Daniel J. Thomasch
Direct: +1 212.351.3800
Fax: +1 212.351.6200
DThomasch@gibsondunn.com

Client: 56736-00004



RECEIVED JAN 10 2013 ROBERT E. PAYNE U.S. DISTRICT JUDGE

January 9, 2013

*Via Electronic Mail and Hand Delivery*

The Honorable Robert E. Payne
United States District Judge
Spottswood W. Robinson III and Robert R. Merhige, Jr.,
    Federal Courthouse
701 East Broad Street
Richmond, Virginia 23219

To Clerk –
pls file
ltr - public

Re:   *ePlus, Inc. v. Lawson Software, Inc.*, Civ. No. 3:09cv620

Dear Judge Payne:

We are in receipt of Mr. Jacobs's letter of this date to Your Honor, and an enclosed [Proposed] Order. On behalf of Lawson Software, Inc., I write to object to the entry of ePlus's "[Proposed] Order," and to request oral argument on the issues raised by both parties' recently-filed Position Statements. I note initially that the entry of any form of Revised Injunction would be premature until the Federal Circuit issues its mandate, which has yet to occur. In addition to that jurisdictional issue, Lawson contends that the [Proposed] Order submitted by ePlus is procedurally and substantively flawed.

We understood this Court's Order of January 8, 2013 (Docket No. 995) to require ePlus to submit a "Revised Injunction Order," not a one-paragraph document that appears designed to leave the May 23, 2011 Injunction in place, save only for one change to a term defined in that Injunction. Regardless of the degree of modification ePlus believes appropriate, the Court is required to consider changes to the terms of the Injunction necessitated by the Federal Circuit's decision and, if modification of the Injunction is deemed appropriate in light of changed circumstances, to enter a modified Injunction. Indeed, ePlus proposed such an Order as Exhibit 7 to Plaintiff ePlus Inc.'s Statement of Position Concerning the Effect of the Federal Circuit's Decision on the Scope of the Injunction, filed December 10, 2012 (Docket No. 985).

It is unclear whether ePlus's tactic is evidence of ePlus's reluctance to ask the Court to sign a Revised Injunction that would state on its face that the Court has made findings that the traditional four-factor test for entry of an injunction has been satisfied (as is reflected in the first paragraph of the Order previously proposed by ePlus on December 10, 2012), is intended to deny Lawson its right to appeal the entry of a modified injunction pursuant to 28 U.S.C. § 1292(a)(1), or has some other strategic objective. Ultimately, the purpose for

# GIBSON DUNN

The Honorable Robert E. Payne
January 9, 2013
Page 2

ePlus's refusal to submit a Revised Injunction Order is less important than the fact that entry of the [Proposed] Order submitted today would be error as a matter of law. Lawson respectfully requests that oral argument be scheduled on the issue of the effect of the Federal Circuit's decision on the scope of the Injunction, with such argument to take place promptly after the issuance of the mandate from the Federal Circuit. Lawson also requests oral argument on the effect of the Federal Circuit's decision on the pending contempt proceedings.

Respectfully submitted,

Daniel J. Thomasch

DJT/las

cc: All counsel of Record (via email)

101438940.1