IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EPLUS INC.,

    Plaintiff,

v.                              Civil Action No. 3:09cv620

LAWSON SOFTWARE, INC.,

    Defendant.

## ORDER

Having considered the views of counsel, it is hereby ORDERED that:

(A) the hearing on the pending contempt petition filed by ePlus, Inc. ("ePlus") (Docket No. 798) shall be held on April 2, 3 and 4, 2013, all sessions to begin at 9:30 a.m. unless otherwise directed;

(B) the hearing will be directed to whether the defendant, Lawson Software, Inc., ("Lawson") was, at any time after May 23, 2011, in violation of the ORDER of injunction entered herein on May 23, 2011 (Docket No. 729), except that the hearing shall not consider the injunctive prohibition of that ORDER set forth in subparagraph (1) on page 2 of the Order;

(C) the hearing shall not address any perceived contempt pertaining to so-called Configurations 3 and 5 of Claims 28 and 29 of the '683 patent;

(D) Dr. Jon Putnam shall be permitted to testify by videotape deposition if he cannot attend the hearing on the scheduled dates or in the morning of April 5, 2013;

(E) the order for the presentation of evidence at the hearing on the contempt petition shall be as follows:

>(1) The first proof offerings shall be directed solely at whether the modifications made to the infringing products by Lawson (the "newly accused products") are no more than colorably different from the previously adjudged infringing products ("colorably different issue");
>
>(2) Immediately thereafter, the second proof offerings shall be directed solely at whether the newly accused products actually infringe the asserted patent ("infringement issue");
>
>(3) In each segment of proof specified in paragraphs (E)(1) and (2) above, ePlus shall present its evidence in its case-in-chief, followed by Lawson's responsive evidence, followed by ePlus' rebuttal evidence;

(F) By February 11, 2013, ePlus shall file a Statement of Position on Contempt setting forth:

>(1) A clear simple statement identifying each of the modifications made by Lawson to the previously adjudged

infringing products that now are said by ePlus to constitute the newly accused product. (For example, ePlus shall: (a) Identify the Infringing Product; then (b) Identify the Admitted Modification to the Infringing Product; and then (c) Identify the Newly Accused Product);

(2) A clear, simple statement, as to each identified newly accused product, explaining how such newly accused product differs from the previously adjudged infringing product and why such newly accused product is no more than colorably different from the corresponding previously adjudged infringing product;

(3) A clear, simple explanation of how each newly accused product infringes the asserted patent, discussing this issue on an element by element basis for each claim alleged to be infringed; and

(4) By February 25, 2013, Lawson shall file a point-by-point response in accord with the form specified in paragraph (E)(1)-(3) above;

(5) By March 8, 2013, ePlus may file a point-by-point reply in accord with the format specified in paragraph (E)(1)-(3) above; and

(G) If the Court determines that post-hearing briefs are needed, the colorably different issue and the infringement issue

shall be briefed in separate briefs; and ePlus shall file its opening post-hearing briefs on April 12, 2013 (not to exceed twenty-five (25) pages; Lawson shall file its responses on April 19, 2013 (not to exceed twenty-five (25) pages); and ePlus shall file its replies on April 23, 2013 (not to exceed fifteen (15) pages); and oral argument, if needed, shall be held at 10:00 a.m. April 30, 2013.

It is so ORDERED.

/s/   *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 24, 2013