**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09CV620 (REP) |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S MEMORANDUM**
**IN SUPPORT OF FED. R. CIV. P. 60 MOTION TO**
**DISSOLVE OR MODIFY THE MAY 23, 2011 INJUNCTION**

Josh A. Krevitt (admitted *pro hac vice*)
Daniel J. Thomasch (admitted *pro hac vice*)
Richard W. Mark (admitted *pro hac vice*)
Christopher D. Dusseault (admitted *pro hac vice*)
Jason C. Lo (admitted *pro hac vice*)
jkrevitt@gibsondunn.com
dthomasch@gibsondunn.com
rmark@gibsondunn.com
cdusseault@gibsondunn.com
jlo@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Defendant Lawson Software, Inc.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................... 1

BACKGROUND ................................................................................................... 2

ARGUMENT ....................................................................................................... 4

I.     AS A CONSEQUENCE OF THE COURT OF APPEALS'S HOLDING THAT
       BOTH SYSTEM CLAIMS UNDERLYING THE INJUNCTION ARE INVALID
       AS A MATTER OF LAW, LAWSON SHOULD BE RELIEVED OF THE
       INJUNCTION ORDERED ON MAY 23, 2011 AGAINST THE SALE OF
       CONFIGURATIONS 2, 3 AND 5 ................................................................... 4

       A.     The mere sale of a product by a manufacturer does not constitute direct
              infringement of a method claim ............................................................... 5

       B.     The mere sale of Configuration Nos. 3 and 5 cannot constitute
              contributory infringement because both configurations have substantial
              non-infringing uses ................................................................................ 6

       C.     The Court of Appeals did not hold that the mere sale of Configurations 3
              and 5 constitutes proof of inducement to infringe claim 26 .................... 7

II.    BECAUSE THE INJUNCTION WAS BASED IN LARGE PART ON
       COMPETITION IN THE SALE OF ENTIRE CONFIGURATIONS THAT
       WERE FOUND TO HAVE INFRINGED NOW-INVALIDATED CLAIM 1 OF
       THE '172 PATENT AND CLAIM 3 OF THE '683 PATENT, THE FEDERAL
       CIRCUIT'S INVALIDATION OF THOSE CLAIMS MAKES IT
       APPROPRIATE TO DISSOLVE THE EXISTING INJUNCTION ................................. 8

       A.     Where, as here, the underpinnings of an injunction have been vacated by
              court order, the injunction should be dissolved unless plaintiff can show a
              continuing entitlement to injunctive relief under the *eBay* four-factor test ........... 9

       B.     Neither the Court's prior rationale, nor the existing record, supports the
              continuation of an injunction against Lawson ...................................... 11

CONCLUSION.................................................................................................... 18

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*,
  501 F.3d 1307 ................................................................................................................ 7

*Amado v. Microsoft Corp.*,
  517 F.3d 1353 (Fed. Cir. 2008) ................................................................................... 10

*Apple, Inc. v. Samsung Elecs. Co.,*,
  695 F.3d 1370 (Fed. Cir. 2012) ................................................................................... 13

*BMC Res., Inc. v. Paymentech, L.P.*,
  498 F.3d 1373 (Fed. Cir. 2007) ..................................................................................... 6

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004) ................................................................................. 6, 7

*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006) ........................................................................................... 1, 11, 15

*ePlus, Inc. v. Lawson Software, Inc.*,
  700 F.3d 509 (Fed. Cir. 2012) ................................................................... 2, 6, 8, 11, 16

*Flexiteek Ams., Inc. v. Plasteak, Inc.*,
  2012 U.S. Dist. LEXIS 156286 (S.D. Fla. Sept. 10, 2012) ......................................... 17

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  2012 WL 761712 (N.D. Cal. March 8, 2012) .............................................................. 10

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  582 F.3d 1288 (Fed. Cir. 2009) ................................................................................... 10

*Gemveto Jewelry Co. v. Jeff Cooper, Inc.*,
  800 F.2d 256 (Fed. Cir. 1986) ....................................................................................... 5

*In re Swanson*,
  540 F.3d 1368 (Fed. Cir. 2008) ................................................................................... 17

*Jansen v. Rexall Sundown Inc.*,
  342 F.3d 1329 (Fed. Cir. 2003) ..................................................................................... 7

*Johns Hopkins Univ. v. CellPro, Inc.*,
  152 F.3d 1342 (Fed. Cir. 1998) ..................................................................................... 5

*Joy Techs. Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993) ....................................................................................... 5, 7

*MercExchange, L.L.C. v. eBay, Inc.*,
   500 F. Supp. 2d 556 (E.D. Va. 2007) .................................................................. 16

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005) ............................................................................................. 7

*Muniauction, Inc. v. Thomson Corp.*,
   532 F.3d 1318 (Fed. Cir. 2008) ........................................................................... 6

*NTP, Inc. v. Research In Motion, Ltd.*,
   418 F.3d 1282 (Fed. Cir. 2005) ........................................................................... 6

*Ormco Corp. v. Align Tech., Inc.*,
   463 F.3d 1299 (Fed. Cir. 2006) ........................................................................... 5

*Ricoh Co., Ltd. v. Quanta Computer Inc.*,
   550 F.3d 1325 (Fed. Cir. 2008) ....................................................................... 5, 6

*Riles v. Shell Exploration & Prod. Co.*,
   298 F.3d 1302 (Fed. Cir. 2002) ........................................................................... 4

*Rizzo v. Goode*,
   423 U.S. 362 (1976) ........................................................................................... 10

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
   464 U.S. 417 (1984) ............................................................................................. 7

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
   953 F.2d 1360 (Fed. Cir. 1991) ........................................................................... 5

*United States v. Swift & Co.*,
   286 U.S. 106 (1932) ............................................................................................. 9

*Warner-Lambert Co. v. Apotex Corp.*,
   316 F.3d 1348 (Fed. Cir. 2003) ........................................................................... 8

*Weinberger v. Romero-Barcelo*,
   456 U.S. 305 (1982) ........................................................................................... 10

*z4 Techs., Inc. v. Microsoft Corp.*,
   434 F. Supp. 2d 437 (E.D. Tex. 2006) .............................................................. 15

**Statutes**

35 U.S.C. § 271(a) ..................................................................................................... 5

35 U.S.C. § 271(b) ..................................................................................................... 7

35 U.S.C. § 271(c) ..................................................................................................... 6

**Other Authorities**

Charles Alan Wright et al., Federal Practice and Procedure: Civil 2d § 2961 (1995)................... 9

**Rules**

Fed. R. Civ. P. 60(b)(5)......................................................................................................... 2, 4, 9

## PRELIMINARY STATEMENT

Lawson's motion to dissolve or modify the May 23, 2011 Injunction ("the May 23 Injunction") asks this Court to address—and resolve now—two critical questions of law that divide the parties, *viz.*, first, whether there is any legal basis for continuing an injunction against the sale of any e-procurement system configuration now or previously offered for sale by Lawson, and second, whether an injunction that undeniably requires modification because of the invalidity of patent claims upon which it is premised can continue in place, even in modified form, absent re-evaluation of the appropriateness of the injunction under the four-factor test of *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). These inquiries demand the Court's attention, as they lie at the heart of the Federal Circuit's mandate "to consider what changes are required to the terms of the injunction" as a consequence of the Court of Appeals's invalidation of the system claims that undergirded the May 23 Injunction. As explained below, Lawson submits that: (i) the sole remaining patent claim at issue, method claim 26 of the '683 patent, is not infringed through the offer for sale, or sale, of any of the three system configurations identified in the May 23 Injunction, much less the modified products that are now at issue; and (ii) in light of the critical importance of the now-invalidated system claims to the Court's decision to order the May 23 Injunction and the substantial decrease in the number of customers who could even conceivably infringe, the Injunction must be dissolved unless upon re-evaluation of the existing record using the four-factor test of *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006), or on the basis of a new record made at an evidentiary hearing, the Court expressly identifies a basis in equity for continuing the Injunction in modified form.

The civil contempt proceeding currently scheduled to begin on April 2, 2013 assumes the continued viability of the Injunction against Lawson, and is premised on ePlus's assertion that Lawson has wrongfully licensed (sold) modified Configuration Nos. 3 and 5. Conducting a

contempt proceeding pursuant to an injunction that was premised on a judgment that has since been reversed and vacated in material part, *i.e.*, as to the validity and infringement of claim 1 of the '172 patent and claim 3 of the '683 patent, is inconsistent with the Federal Circuit's mandate and inequitable to Lawson.  Accordingly, Lawson respectfully requests that this Court dissolve or modify the May 23, 2011 Injunction pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure.

## BACKGROUND

This Court is well aware of the procedural course of this case as it has progressed from allegations that five product configurations licensed to more than 1,900 Lawson customers infringed multiple claims of three patents, to a "mixed bag" jury verdict that reduced the configurations, customers and patent claims at issue substantially (but which the Court found sufficient to serve as the predicate for the May 23 Injunction), and ultimately to the November 21, 2012 decision of the Federal Circuit that reversed all but one method claim of one patent, which is now at issue in regard to approximately 150 Lawson customers.  That history will not be detailed again in this brief.  However, in affirming the jury's infringement finding against Lawson as to claim 26 of the '683 patent, the Federal Circuit pointed to Lawson's having "installed, maintained, demonstrated and managed" infringing configurations (critically, not including Lawson's having "sold" the systems in its rationale).[1]  *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 520-21 (Fed. Cir. 2012).

With regard to the products that included the discontinued RSS module, the panel also found sufficient evidence in the trial record of Lawson's intent and knowledge to conclude that Lawson induced its customers to infringe claim 26 of the '683 patent, but again, the panel did not

---

[1]   The infringing products at issue in the Federal Circuit were redesigned after the jury's verdict and shortly before the entry of the Order of Injunction.

hold that the mere sale of a product constituted inducement to infringe. *Id.* As a matter of law, it cannot. The Federal Circuit remanded the case to this Court with the express direction to "consider what changes are required to the terms of the [May 23 Injunction]." *Id.* at 523. After denial of plaintiff's petition for rehearing, the mandate was docketed on February 11, 2013. D.I. 1006.

On January 24, 2013, the Court issued a scheduling order ("Scheduling Order"), indicating that a contempt hearing will be held on April 2-4, 2013 to determine whether Lawson violated "the ORDER of injunction entered herein on May 23, 2011 (Docket No. 729)." D.I. 1002. Presumably to account for certain aspects of the Federal Circuit's November 21, 2012 decision, the Scheduling Order provides that the contempt hearing will not encompass the May 23 Injunction's prohibition "in subparagraph (1) on page 2 of the Order [*i.e.*, the Injunction prohibiting Lawson from commerce in Configuration No. 2]," and "shall not address any perceived contempt pertaining to so-called Configuration Nos. 3 and 5 of Claims 28 and 29 of the '683 patent." *Id.* at 1. While apparently reading out of the contempt proceeding the most obviously inoperative elements of the May 23, 2011 Injunction, the Court did not change the Injunction Order at all, and has not acted on the Federal Circuit's mandate to consider the changes to the May 23 Injunction that are required by the Court of Appeals's decision. There can be no dispute that the Injunction can no longer stand in its original—and current—form. The need to consider, and to dissolve or modify, the May 23 Injunction is particularly pressing in light of ePlus's apparent strategy for the contempt hearing, *i.e.*, to treat method claim 26 as if it alone can support an infringement claim (as the second part of the contempt analysis) in regard to the mere sale of product configurations that have substantial non-infringing uses. The Court

should address the Federal Circuit's mandate and resolve the serious legal infirmities of the May

23, 2011 Injunction in advance of the civil contempt proceeding.

## ARGUMENT

I.    **AS A CONSEQUENCE OF THE COURT OF APPEALS'S HOLDING THAT BOTH SYSTEM CLAIMS UNDERLYING THE INJUNCTION ARE INVALID AS A MATTER OF LAW, LAWSON SHOULD BE RELIEVED OF THE INJUNCTION ORDERED ON MAY 23, 2011 AGAINST THE SALE OF CONFIGURATIONS 2, 3 AND 5**

Federal Rule of Civil Procedure 60(b)(5) provides that a court may relieve a party from

compliance with an injunction when it is "based on an earlier judgment that has been reversed or

vacated" or where "applying it prospectively is no longer equitable."  The Court of Appeals's

reversal of the judgment of infringement as to all system claims (and two method claims)

constitutes dramatically changed circumstances rendering the injunction no longer appropriate or

viable.

There can be no serious doubt that based on the invalidity of the only patent claim that

Configuration No. 2 was found to infringe, the May 23 Injunction must be modified to eliminate

any reference to Configuration No. 2, but there is also no basis to enjoin Lawson from merely

selling (or offering to sell) Configuration Nos. 3 and 5.  Neither the jury's findings of

infringement as to method claim 26 nor the affirmance of those findings by the Court of Appeals

is sufficient to serve as a basis for a continuing injunction against the mere offer for sale, or sale,

of Configuration Nos. 3 and 5 because such sales do not infringe method claim 26 as a matter of

law.

As a matter of law, the May 23 Injunction cannot continue to enjoin sales of

Configuration Nos. 3 and 5.  It is well-settled that injunctions must be "narrowly tailor[ed] . . . to

fit the specific adjudged violations" and "cannot impose unnecessary restraints on lawful

activity."  *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002) (citing

*Gemveto Jewelry Co. v. Jeff Cooper, Inc.*, 800 F.2d 256, 259 (Fed. Cir. 1986)).  "[J]udicial restraint of lawful non-infringing activities must be avoided."  *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1366 (Fed. Cir. 1998); *see also Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 777 (Fed. Cir. 1993) (same).  Indeed, in seeking a permanent injunction, ePlus argued that "[i]t is axiomatic that the injunction should be of a breadth that is commensurate with the jury's infringement verdict."  ePlus, Inc.'s Brief in Support of Motion for Permanent Injunction, D.I. 641 at 28.  The May 23 Injunction prohibits all sale of Configuration Nos. 3 and 5, based on invalidated jury findings and the injunction hearing record.  Applying ePlus's reasoning to the case on remand requires a revised injunction tailored to enjoin only acts that infringe the one claim left in the case—method claim 26.

A.    **The mere sale of a product by a manufacturer does not constitute direct infringement of a method claim**

While direct infringement occurs when a party, "without authority makes, uses, offers to sell, or sells any patented invention, within the United States," 35 U.S.C. § 271(a), method claims are *not* infringed simply by the sale or dissemination of a system capable of infringing use.  *See Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008) ("[W]e hold that a party that sells or offers to sell software containing instructions to perform a patented method does not infringe the patent under § 271(a)."); *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."); *Joy Techs.*, 6 F.3d at 773 ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a)."); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1374 (Fed. Cir. 1991).  In fact, "[b]ecause a process is nothing more than the sequence of actions of which it is comprised, the use of a process necessarily involves

5

doing or performing each of the steps recited." *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005). Thus, direct infringement of a method claim only occurs if each step of the claimed method is actually performed. *See Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1328 (Fed. Cir. 2008); *Ricoh*, 550 F.3d at 1333 (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007)). Given this backdrop, ePlus cannot rely on evidence of *direct* infringement of claim 26 to justify continuing the injunction as to sales of any configuration.

### B. The mere sale of Configuration Nos. 3 and 5 cannot constitute contributory infringement because both configurations have substantial non-infringing uses

ePlus cannot assert contributory infringement of claim 26 to support the continued injunction of any configuration because there has been no finding of contributory infringement in the case. *See ePlus*, 700 F.3d at 520-21. The Federal Circuit's affirmance of the district court's denial of JMOL of non-infringement of claim 26 was explicitly limited to "direct and induced infringement." *Id.* at 521.

But even setting aside the unambiguous limits imposed by the Federal Circuit on the scope of any ongoing injunctive relief, it is black-letter law that the sale of a system with substantial non-infringing uses does not constitute contributory infringement. *See* 35 U.S.C. § 271(c) (contributory infringement requires knowledge that the article is "not a staple article or commodity of commerce suitable for substantial noninfringing use"). Patentees are denied "'any right to control the distribution of unpatented articles unless they are unsuited for any commercial non-infringing use,' . . . because the 'sale of an article which though adapted to an infringing use is also adapted to other and lawful uses, is not enough to make the seller a[n indirect] infringer.'" *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1275 (Fed. Cir. 2004) (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 441-42

(1984)).  To hold otherwise "'would block the wheels of commerce.'"  *Id.* (citing *Sony*, 464 U.S. at 442).

Here it is beyond dispute that Configuration Nos. 3 and 5, the only two configurations remaining at issue, have substantial non-infringing uses.  It is undisputed that both configurations can be used to conduct shopping sessions using Item Master without using Punchout, and that such use does not implicate claim 26.  Such use is identical to the functionality of Configuration No. 2, which was not even alleged (much less found) to infringe claim 26, and which has now been dropped from these proceedings (though it still remains in the extant injunction). Accordingly, system sales cannot be enjoined on a contributory infringement theory.

### C.   The Court of Appeals did not hold that the mere sale of Configurations 3 and 5 constitutes proof of inducement to infringe claim 26

Finally, it is well-settled that the mere sale or distribution of a system does not, by itself, constitute induced infringement under 35 U.S.C. § 271(b).  *See Joy Techs.*, 6 F.3d at 775 ("[T]he act of selling equipment which will not be used so as to directly infringe a method claim cannot constitute one of the dependent types of infringement, that is, either contributory infringement or inducement of infringement"); *Dynacore*, 363 F.3d at 1275 ("The mere sale of a product capable of substantial non-infringing uses does not constitute indirect infringement of a patent."); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005) (noting that in patent infringement cases "ordinary acts incident to product distribution, such as offering customers technical support or product updates" do not give rise to inducement liability); *see also ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312-13 (the sale of a product with *no other non-infringing uses* may support a finding of indirect infringement); *Jansen v. Rexall Sundown Inc.*, 342 F.3d 1329, 1334 (Fed. Cir. 2003); *cf. Joy Techs.*, 6 F.3d at 773 (similar reasoning with respect to direct infringement); *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1365 (Fed.

Cir. 2003) ("[W]here a product has substantial noninfringing uses, intent to induce infringement cannot be inferred even when the defendant has actual knowledge that some users of its product may be infringing the patent.").

For this reason, it should be no surprise that the Federal Circuit's analysis of Lawson's infringement of claim 26 did not once refer to the sales or licensing of Lawson's products. *ePlus*, 700 F.3d at 520-21. Such sales do not induce infringement of a method claim and therefore should not be enjoined. Affirmative acts that would constitute infringement can be enjoined, if circumstances warrant any injunctive relief. *See* Point II, *infra*.

Because the Federal Circuit's ruling invalidated the system claims, and sales of Configuration Nos. 2, 3 and 5 do not infringe the only remaining method claim under any theory, the Injunction is no longer tailored to the infringing conduct. The Injunction should therefore be dissolved or modified to no longer cover non-infringing activity.

## II. BECAUSE THE INJUNCTION WAS BASED IN LARGE PART ON COMPETITION IN THE SALE OF ENTIRE CONFIGURATIONS THAT WERE FOUND TO HAVE INFRINGED NOW-INVALIDATED CLAIM 1 OF THE '172 PATENT AND CLAIM 3 OF THE '683 PATENT, THE FEDERAL CIRCUIT'S INVALIDATION OF THOSE CLAIMS MAKES IT APPROPRIATE TO DISSOLVE THE EXISTING INJUNCTION

The May 23 Injunction was tailored to fit a body of facts very different from that now before the Court. At that time, the Court was operating under the assumption that three of Lawson's Configurations infringed five different claims, including two system claims. That foundation has now been upset by the Federal Circuit's ruling invalidating both system claims and finding two of the three method claims not infringed as a matter of law. Most importantly, the removal of the system claims necessarily eliminates, at a minimum, any restriction whatsoever on Lawson's right to compete with ePlus in regard to the sale and service of Configuration No. 2, which includes the core of all five accused configurations. As a

consequence, the factual findings, particularly regarding competition and irreparable harm,

supporting the Injunction in March 2011 no longer fit the facts of this case, and accordingly, the

Injunction must be dissolved unless new factual findings are made under the *eBay* factors to

support an injunction of appropriate scope.

> ### A. Where, as here, the underpinnings of an injunction have been vacated by court order, the injunction should be dissolved unless plaintiff can show a continuing entitlement to injunctive relief under the *eBay* four-factor test

Where an injunction rests on a legal and factual foundation that has been overturned by

the Court of Appeals, that injunction must be reevaluated to consider its continuing viability

under *eBay*.  Under Federal Rule of Civil Procedure 60(b)(5) a court may relieve a party from

compliance with an injunction when it is "based on an earlier judgment that has been reversed or

vacated" or where "applying it prospectively is no longer equitable."  "[A] court must never

ignore significant changes in the law or circumstances underlying an injunction lest the decree be

turned into an 'instrument of wrong.'"  Charles Alan Wright et al., Federal Practice and

Procedure: Civil 2d § 2961 (1995) (quoting *United States v. Swift & Co.*, 286 U.S. 106, 114

(1932)).  "[C]hanges in operative facts" and "changes in the relevant decisional law" are two of

the "traditional reasons for ordering the modification or vacation of an injunction."  *Id.*

(collecting cases).

Here, the May 23 Injunction is based on infringement findings that have been reversed

and vacated in substantial part.  *See* Fed. R. Civ. Proc. 60(b)(5).  At the time of the 2011 relief

hearing, the focus of this case was Lawson's sale of systems that infringed the asserted system

claims.  Now those system claims have been invalidated (and two other method claims have been

found not infringed as a matter of law), disrupting the foundation upon which the injunction

rests.  Now that Configuration 2 is completely out of the case as a matter of law, the factual

findings made in the context of the now-invalidated system claims cannot support enjoining

Configurations 3 or 5.

Additionally, because this case now involves only a single method claim—which is not

infringed by the mere sale of a product with substantial non-infringing uses—while the

injunction is premised on competition with regard to system claims, it would be inequitable to

apply the injunction prospectively.

These changed circumstances compel the Court to consider anew whether and to what

extent injunctive relief remains appropriate under *eBay*. *See Amado v. Microsoft Corp.*, 517 F.3d

1353, 1360-61 (Fed. Cir. 2008) (affirming district court's decision to reassess the basis of

prospective injunctive relief on remand in light of the Supreme Court's decision in *eBay*);

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 2012 WL 761712 (N.D. Cal. March 8, 2012) (following

the Federal Circuit's order remanding the case for "the district court to revise or reconsider the

injunction in light of our reversal" of certain claims in *Fresenius USA, Inc. v. Baxter Int'l, Inc.*,

582 F.3d 1288, 1302 (Fed. Cir. 2009), the district court allowed briefing on the subject and

reconsidered its prior injunctive decree).  The Court simply cannot assume that the

determinations it made under very different legal and factual circumstances still apply with equal

force.

Further, there is no presumption under *eBay* of any right to ongoing injunctive relief.  On

the contrary, injunctive relief is an "extraordinary remedy," *Weinberger v. Romero-Barcelo*, 456

U.S. 305, 312 (1982), "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*,

423 U.S. 362, 378 (1976) (citation omitted).  To determine the appropriateness of ongoing

injunctive relief, a Court must engage in a case-by-case assessment of the traditional equitable

factors governing injunctions: "(1) that [plaintiff] has suffered an irreparable injury; (2) that

remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay*, 547 U.S. at 391.  Therefore, the Court in following the Federal Circuit's mandate to "consider what changes are required to the terms of the [May 23 Injunction]" should reevaluate the applicability of the four-factor test to the changed circumstances of this case, which are substantially different from March of 2011.  *ePlus*, 700 F.3d at 523.

### B.  Neither the Court's prior rationale, nor the existing record, supports the continuation of an injunction against Lawson[2]

Measuring the currently operative legal conclusions and factual findings against the controlling *eBay* factors, Lawson submits that a permanent injunction is not justified on the existing record, and injunctive relief cannot continue in any form without, at a minimum, a different record and findings by the Court.  This case now exclusively concerns the use of systems that include the add-on modules EDI and Punchout, and is limited to claim 26 of the '683 patent, but ePlus's arguments and evidentiary presentation in support of its motion for a permanent injunction back in 2011, and the Court's written analysis granting that relief, are both virtually devoid of references specifically to claim 26, Punchout or EDI.  Accordingly, the Court's prior findings offer no support for continued injunctive relief.

The Federal Court of Appeals held that Lawson was entitled to a summary judgment of invalidity with respect to claim 1 of the '172 patent and claim 3 of the '683 patent.  Had such rulings been rendered at the time, ePlus could not have argued as it did for an injunction, and the

---

[2] Lawson also hereby incorporates by reference its Statement of Position Respecting the Effect of the Federal Circuit's Decision on the Scope of the Injunction.  D.I. 990.

Court could not have accepted the arguments it did make.  There is no reason to give those erroneous considerations any continuing effect or influence.

ePlus deliberately pursued an injunction by focusing on competition involving systems and patent claims that are no longer at issue in this case.  ePlus actually argued against specific analysis of activity related to practicing method claim 26.  As ePlus affirmatively pointed out to this Court in its Brief In Support of Motion For Permanent Injunction, Lawson had presented evidence that "not all of [Lawson]'s customers have Procurement Punchout, . . . Procurement Punchout does not drive S3 sales, and [Lawson] has never won a sale merely because of its Punchout product."  D.I. 641 at 25; *see also* Exhibit A, ePlus Rebuttal Disclosure Concerning Injunctive Relief at 19 (same).  In fact, ePlus affirmatively argued that there was no evidence that any "customer [] would not have purchased an S3 system if Lawson did not offer Procurement Punchout" and that "not all customers that have Punchout make use of it."  D.I. 641 at 25; *see also* Exhibit A at 20 (same).  ePlus's previously-asserted argument based on system sales as to the add-on modules's insignificance in the overall scheme of competition now undercuts any finding of irreparable injury.  ePlus cannot now reverse its position.

While use of the add-on modules are required to satisfy multiple elements of method claim 26—*i.e.*, determining whether the Punchout vendor has an item in inventory, satisfying the "at least two product catalogs" claim limitation, and satisfying other claim limitations predicated on a "catalog"—Configuration Nos. 3 and 5 have substantial functions and operations that make no use of the add-on modules.  That non-infringing functionality is the same as that possessed by Configuration No. 2—conducting shopping sessions through the use of Item Master alone, and using the balance of the system to create requisitions, issue purchase orders, etc.  Yet, in 2011 ePlus argued that it would be irreparably harmed by competition in the sales of systems such as

Configuration No. 2.  Now that such competition must be permitted, there is no basis to find that

any resulting harm to ePlus (which in no event is irreparable) is due to competition for systems

that include Punchout and EDI (collectively representing less than 10% of Lawson's customers).

*See Apple, Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012) ("[T]o satisfy the

irreparable harm factor in a patent infringement suit, a patentee must establish both of the

following requirements: 1) that absent an injunction, it will suffer irreparable harm, and 2) *that a*

*sufficiently strong causal nexus relates the alleged harm to the alleged infringement.*") (emphasis

added).  On the existing record, ePlus has not demonstrated *any* causal nexus between use of the

add-on modules needed to practice method claim 26 and the harm it previously asserted based on

system sales, much less "a sufficiently strong causal nexus."  *Id.*  ePlus's arguments in favor of

an injunction, which focused on the jury's finding of three configurations infringing five claims,

can no longer support an injunction where the jury's verdict has been substantially vacated.  *See*

D.I. 641 at 28 (arguing for a broad injunction based on the jury's finding of three different

configurations infringing five asserted claims directly and indirectly).

  Second, the existing record can be searched in vain for anything that could support a

finding that ePlus will suffer irreparable injury due to Lawson's (or its customers') practicing of

method claim 26 via Configuration Nos. 3 and 5.  As reflected in the Court's memorandum order

on injunctive relief, the irreparable injury analysis focused on Lawson's broader procurement

system.[3]  Rather, the Court found that, in general, the "two companies' products compete against

each other," relying on sales and market share data concerning Lawson's procurement systems.

---

[3] *Every* reference to "Punchout" in the Court's memorandum opinion appeared in one of the
following forms—"RSS and Punchout," "RSS or Punchout," or "RSS, Punchout"— with the
exception of one instance when in discussing the expiration of the '683 patent.  D.I. 728.
The Court never considered Punchout (or Configuration Nos. 3 and 5) specifically.
Similarly, the Court referenced claim 26 *only* when reciting the jury's verdict that claim 26
was infringed, never substantively for purposes of the *eBay* analysis.  *Id.*

D.I. 728 at 18.  The Court relied on just three examples to find that ePlus had lost sales and market share due to Lawson's activities.  *Id.* at 23-25.  Only one of the examples even included the add-on modules, but the Court made no competition or infringement-related findings specific to the method of claim 26.  It is improper to rely on competition from non-infringing products or uses (*i.e.* legitimate competition) to support an irreparable harm finding.

Third, the scope of the allegedly wrongful competition and ePlus's purported "lost sales" has been significantly diminished in light of the Federal Circuit's ruling.  Both parties' damages experts previously accepted that Configuration No. 2 represented by far the majority of Lawson's sales of the configurations at issue during the 2011 injunction proceeding.  But the Federal Circuit's decision establishes that market competition relating to that configuration is lawful. Those sales, therefore, cannot support a finding of irreparable harm.  Whereas the Court previously found irreparable harm predicated on a universe of "830 customers" to whom Lawson "sold its infringing systems," D.I. 728 at 19, it is now undisputed that only approximately 150 customers possess configurations even arguably approximating Configuration Nos. 3 and 5.  The potential universe for alleged competition has been cut by over 80%, and that eliminates any claim of irreparable harm based on the prior record.[4]  The actual universe for alleged competitive injury is likely even smaller or perhaps non-existent, given that ePlus previously conceded that Punchout-related functionality does not drive customer demand, and has never asserted in any event that it offers any similar functionality to its customers.

Fourth, the Court's prior analysis as to the inadequacy of remedies at law no longer applies.  The Court's analysis of this second *eBay* factor focused on purported competition in the

---

[4]  Indeed, the more appropriate comparison is between the almost 2,000 Lawson customers who were licensed one of the five accused configurations and the approximately 150 customers who have Configuration Nos. 3 and 5.

sale of systems and did not consider with particularity the injury, if any, ePlus would suffer as a result of Lawson's practicing the method of claim 26.  D.I. 728 at 33.  Specifically, noting the "inevitabl[e] overlap" between the irreparable harm and inadequacy of legal remedies determinations, the Court justified its finding that no remedy at law was adequate on the fact that ePlus "has lost specific sales to the infringing systems."  *Id.* (emphasis added).  Now, of course, there are no infringing systems, as the Federal Circuit has invalidated ePlus's system claims.

Fifth, there is no record concerning the incremental value or significance of the add-on modules as part of the whole product.  As noted, only a fraction of Lawson's customers even have the add-on modules, and the non-infringing system (Configuration No. 2 or equivalent) can operate fully without using them.  Customers can (and typically do) use Configuration Nos. 3 and 5 in the same manner as Configuration No. 2, without infringing claim 26.  When a claim covers the use of only "a small component of the product [defendants] seek to produce and the threat of an injunction is employed simply for undue leverage in negotiations, legal damages may well be sufficient to compensate for the infringement and an injunction may not serve the public interest."  *eBay*, 547 U.S. at 396-97 (Kennedy, J., concurring); *see also z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 440-41 (E.D. Tex. 2006) (denying request for permanent injunction where the infringing technology was "a small component of [Microsoft's] software" and the infringement did not hinder or exclude z4's sales or licensing of its product).  Here, ePlus has made all too clear its intention to use any continued broad injunction to attempt to leverage a financial settlement, arguing that the "enforcement of the injunction with respect to claim 26 will render Lawson unable to service and maintain the infringing systems, and will likely enable a *quick resolution of this case* once and for all."  D.I. 986 at 2 (emphasis added).  ePlus's stated goal to "[u]tiliz[e] a ruling in equity as a bargaining chip suggests both that such party never

deserved a ruling in equity and that money is all that such party truly seeks, rendering monetary

damages an adequate remedy in the first instance." *MercExchange, L.L.C. v. eBay, Inc.*, 500 F.

Supp. 2d 556, 582 (E.D. Va. 2007).[5]

Sixth, on the current record, it can no longer be held that the balance of hardships tips in

ePlus's favor.  As the Court recognized, "since acquiring the patents-in-suit in 2001, ePlus has

generated nearly $60 million in revenue from . . . settlements, all of which ensued the

commencement of litigation."  D.I. 728 at 8.  Every one of these settlements was substantially

predicated on claimed intellectual property rights that the Federal Circuit has now determined

ePlus never had any right to wield.  In contrast, Lawson has been enjoined from lawful activities

for the past 18 months.  During that time, Lawson was effectively forced to expend significant

resources redesigning its products while also managing collateral issues arising from an

unnecessarily broad ban on maintaining and servicing lawful products.  The balance of hardships

now favors Lawson.

Finally, the public interest does not favor an injunction at this point.  Previously, the

Court rejected Lawson's argument that reexamination proceedings involving the patents-in-suit

weighed against an injunction, noting the "uncertainty of the outcome of the re-examination

process and the indeterminate, though no doubt protracted, length of time the entire

reexamination process will take."  D.I. 728 at 43.  Since then, however, in addition to the Federal

Circuit's invalidation of the only system claims previously held infringed, the BPAI has found

the only method claim remaining in the case, claim 26, likewise to be invalid, a ruling now on

review in the Federal Circuit.  Thus, the "considerable weight" that the Court previously gave to

---

[5]  In this particular case ePlus cannot seek damages because its proof was precluded at trial.
*ePlus*, 700 F.3d at 522-23.  That damages are not available as a consequence of ePlus's own
litigation choices should not affect the determination, objectively, whether damages would
adequately compensate for the purported injury.

"the strong public interest favoring entry of injunctive relief to protect ePlus's patent rights" is gone. *Id.* at 44. ePlus's "patent rights" have already been significantly diminished insofar as the system claims were void *ab initio*, and the United States government is currently litigating against ePlus in the Federal Circuit, arguing for an affirmance of the PTO's invalidity finding as to claim 26 (and the other method claims) of the '683 patent. The advanced state of the patent reexamination process dramatically alters the calculus that was before this Court in 2011. *See Flexiteek Ams., Inc. v. Plasteak, Inc.*, 2012 U.S. Dist. LEXIS 156286, at *29-41 (S.D. Fla. Sept. 10, 2012) ("Congress enacted a statutory scheme to resolve concerns over erroneously issued patents, to restore confidence in the patent system, and to reduce the need for costly litigation to determine validity); *id.* at *13 (acknowledging "the PTO's particular expertise in such invalidity issues") (quotation omitted); *In re Swanson*, 540 F.3d 1368, 1375 (Fed. Cir. 2008) ("Congress intended reexaminations to provide an important 'quality check' on patents that would allow the government to remove defective and erroneously granted patents.") (citations omitted).

In sum, the four-factor equitable test is not satisfied by the existing record, nor would injunctive relief be justified by any new assessment. The injunction should therefore be vacated.

**CONCLUSION**

For the reasons stated, the May 2011 Injunction can no longer continue to enjoin

Lawson's non-infringing sales of Configuration Nos. 2, 3, and 5.  Additionally, the Injunction

should be reviewed based on the drastic change of circumstances since that relief was entered.

Under the four-factor test set forth in *eBay*, and based on the existing record, the injunction

should be dissolved.  Any further relief could be entered only based on a new record and fresh

findings by the Court.

LAWSON SOFTWARE, INC.


By: _____/s/_____

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia  23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

Josh A. Krevitt (admitted *pro hac vice*)
Daniel J. Thomasch (admitted *pro hac vice*)
Christopher D. Dusseault (admitted *pro hac vice*)
Jason C. Lo (admitted *pro hac vice*)
Richard W. Mark (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 6th day of March, 2013, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Paul W. Jacobs, II
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
pjacobs@cblaw.com
hwillett@cblaw.com

Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

Michael G. Strapp
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
mstrapp@goodwinprocter.com

 

 

 

 

                  _____/s/_____
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*