# Exhibit 4

```
                                                               1

 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
 2                      RICHMOND DIVISION

 3   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                        :
 4    ePLUS, INC.,                      :
                                        :
 5              Plaintiff,              :
      v.                                : Civil Action
 6                                      : No. 3:09CV620
     LAWSON SOFTWARE, INC.,             :
 7                                      : November 8, 2011
                Defendant.              :
 8   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ :

 9

10

11       COMPLETE TRANSCRIPT OF STATUS CONFERENCE
           BEFORE THE HONORABLE ROBERT E. PAYNE
12              UNITED STATES DISTRICT JUDGE

13

14

15

16   APPEARANCES:

17   Craig T. Merritt, Esq.
     CHRISTIAN & BARTON
18   909 E. Main Street, Suite 1200
     Richmond, VA   23219-3095
19
     Scott L. Robertson, Esq.
20   Jennifer A. Albert, Esq.
     GOODWIN PROCTOR
21   901 New York Avenue, NW
     Washington, D.C.   20001
22
             Counsel for the plaintiff ePlus
23

24
                    DIANE J. DAFFRON, RPR
25                 OFFICIAL COURT REPORTER
                UNITED STATES DISTRICT COURT
```

```
 1      APPEARANCES:  (Continuing)

 2      Dabney J. Carr, IV, Esq.
        TROUTMAN SANDERS
 3      Troutman Sanders Building
        1001 Haxall Point
 4      P.O. Box 1122
        Richmond, VA    23218-1122
 5
        Josh Krevitt, Esq.
 6      Daniel J. Thomasch, Esq.
        GIBSON, DUNN & CRUTCHER
 7      200 Park Avenue
        New York, NY    10166
 8
        Jason Charn-Jieh Lo, Esq.
 9      Gibson, Dunn & Crutcher
        333 S. Grand Avenue
10      Los Angeles, CA    90071

11            Counsel for the defendant Lawson Software

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  a schedule to do so.

2          That is a separate issue from whether we have
3  violated the injunction.  You didn't accept that
4  testimony.  You rejected it.  You put an injunction in
5  place.  Whether we have abided by, as we are confident
6  we have, or violated, as they allege, the injunction,
7  it is not determined by the testimony that preceded
8  the injunction.

9          THE COURT:  ==No, but the remedy that they are==
10 ==entitled to and the interest that the Court has in==
11 ==enforcing its injunctions is informed if, in fact,==
12 ==your client came in here and the lawyers for your==
13 ==client came in here and made misrepresentations to the==
14 ==Court about the length of time it would take to==
15 ==accomplish this and the expense that it would.==

16         I cannot tell you how much time was spent and
17 ink was spent in sorting through that issue alone in
18 deciding on the propriety, vel non, of an injunction.
19 While that doesn't have anything to do, I don't think,
20 with whether you violated the injunction, ==it certainly==
21 ==does have something to do with, A, the remedy that==
22 ==they want, and, B, what the Court thinks is an==
23 ==appropriate sanction as to your client's conduct.==

24         It is not the case that patent law divorces
25 the Court's concern for the enforcement and compliance