IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



EPLUS INC.,

    Plaintiff,

v.                                        Civil Action No. 3:09cv620

LAWSON SOFTWARE, INC.,

    Defendant.

**ORDER**

Having reviewed PLAINTIFF ePLUS INC.'S STATEMENT OF POSITION CONCERNING THE EFFECT OF THE FEDERAL CIRCUIT'S DECISION ON THE SCOPE OF THE INJUNCTION (Docket No. 985), the response and reply thereto, and having reviewed DEFENDANT LAWSON SOFTWARE, INC.'S MOTION PURSUANT TO FED. R. CIV. P. 60 TO DISSOLVE OR MODIFY THE MAY 23, 2011 INJUNCTION (Docket No. 1011), and finding that, at the instance of the defendant, Lawson Software, Inc., the Court delayed making any decision respecting the matter of the injunction until after the United States Court of Appeals for the Federal Circuit had issued its mandate, and finding that, pursuant to the agreement of the parties, further proceedings in this matter were held in abeyance because of the untimely death of the lead counsel for the plaintiff, ePlus, Inc., and having convened a telephone conference respecting the scope of the forthcoming proceedings on the motion to show cause why the defendant should not be held in contempt, the Court, as was the case following the review of the statements in Docket No. 985 and the related papers

concerning the effect of the Federal Circuit's decision on the scope of the injunction, remains of the view that it is appropriate to reassess the propriety and scope of an injunction, as directed by the United States Court of Appeals for the Federal Circuit, in perspective of additional briefing on the topic of the four factors that must be considered in assessing the issuance of an injunction, as prescribed in <u>eBay Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388 (2006), and, therefore, it is ORDERED that the parties shall consider and discuss among themselves a briefing schedule on those issues and the need for any further evidentiary proceedings in respect of the modification of the injunction or the dissolution of the injunction and shall convene by telephone conference at 4:00 p.m. on March 14, 2013 to discuss with the Court the scheduling thereof, with the view to incorporating those proceedings as part of the contempt proceedings that are set to commence on April 2, 2013.

Counsel for the defendant shall arrange the telephone conference.

It is so ORDERED.

                                             /s/    *REP*
                                       Robert E. Payne
                                       Senior United States District Judge

Richmond, Virginia
Date: March 12, 2013