1

```
1              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
2                     RICHMOND DIVISION

3      _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                        :
4      ePLUS, INC.,                     :
                                        :
5                      Plaintiff,       :
        v.                              : Civil Action
6                                       : No. 3:09CV620
       LAWSON SOFTWARE, INC.,           :
7                                       : March 14, 2013
                       Defendant.       :
8      _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:

9


10         COMPLETE TRANSCRIPT OF CONFERENCE CALL
11        BEFORE THE HONORABLE ROBERT E. PAYNE
                UNITED STATES DISTRICT JUDGE
12


13


14


15


16     APPEARANCES:  (Via telephone)

17     Jennifer A. Albert, Esq.
       David M. Young, Esq.
18     GOODWIN PROCTOR
       901 New York Avenue, NW
19     Washington, D.C.   20001

20     Michael G. Strapp, Esq.
       GOODWIN PROCTOR
21     Exchange Place
       53 State Street
22     Boston, MA   02109

23               DIANE J. DAFFRON, RPR
                OFFICIAL COURT REPORTER
24            UNITED STATES DISTRICT COURT

25     APPEARANCES:  (Continuing)
```

1   Craig T. Merritt, Esq.
    Paul W. Jacobs, II, Esq.
2   CHRISTIAN & BARTON
    909 E. Main Street, Suite 1200
3   Richmond, VA   23219-3095

4          Counsel for the plaintiff ePlus

5   Daniel J. Thomasch, Esq.
    Josh Krevitt, Esq.
6   Richard Mark, Esq.
    GIBSON DUNN & CRUTCHER
7   200 Park Avenue
    New York, NY   10166-0193
8
    Christopher D. Dusseault, Esq.
9   GIBSON DUNN & CRUTCHER
    333 South Grand Avenue
10  4th Floor
    Los Angeles, CA   90071
11
    Dabney J. Carr, IV, Esq.
12  TROUTMAN SANDERS
    Troutman Sanders Building
13  1001 Haxall Point
    P.O. Box 1122
14  Richmond, VA   23218-1122

15         Counsel for the defendant Lawson Software.

16

17

18

19

20

21

22

23

24

25

```
 1              (The proceedings in this matter commenced at
 2      10:00 AM via conference call.)

 3

 4              THE COURT:  Hello.  This is ePlus v. Lawson,
 5      civil 3:09CV620.  Who is here for whom, please?
 6              MR. MERRITT:  Craig Merritt and Paul Jacobs
 7      for ePlus.
 8              MR. STRAPP:  Michael Strapp for ePlus.
 9              MS. ALBERT:  Jennifer Albert for ePlus.
10              MR. YOUNG:  And David Young for ePlus.
11              MR. CARR:  Judge, this is Dabney Carr for
12      Lawson Software.
13              MR. THOMASCH:  Your Honor, this is Dan
14      Thomasch for Lawson Software.  And with me in the
15      conference room are Josh Krevitt, Chris Dusseault and
16      Richard Mark.
17              THE COURT:  All right.  I gave the order,
18      Docket No. 1019, to solicit your views.  I know you
19      have a brief still coming, ePlus, but I have long
20      thought that given the nature of the modifications
21      that might be required because of the scope of Federal
22      Circuit's order, that it would likely be that it would
23      be appropriate to just reassess the injunction *de novo*
24      with a view, keeping in mind, of course, the previous
25      findings that had been made that led to the first
```

1   injunction and making sure that it was equitable to

2   have an injunction go forward.

3          You-all took the view in your original

4   papers, I think, that I should just modify the

5   injunction to delete certain functionalities and

6   equipment.  Or modules, I guess it is.  That was in

7   the statements of position that you all filed at my

8   request.

9          And then Lawson wanted to keep the whole --

10  said I didn't have jurisdiction to do anything until

11  the mandate was issued.  When the mandate was issued,

12  Mr. Robertson had passed away a couple of days before

13  that, and we were, as I understood it, to keep things

14  in abeyance until you-all sorted things out.

15         And then I asked for a conference call.  We

16  talked about it, but I didn't talk about that issue --

17  we talked about how to proceed on the contempt

18  citation, but we didn't talk about the injunction.

19         Also by that time Lawson had filed a motion

20  to dissolve or modify the injunction, Docket No. 1011,

21  but there had been no response to it.  And I thought

22  it wise to get that whole topic on the table for

23  discussion at this stage.

24         I think I know your views, Mr. Thomasch, from

25  the papers.  I read your motion or your brief in

1    support of the motion that you think this needs to be

2    decided right away.

3             Mr. Merritt, who's going to speak for ePlus?

4             MR. MERRITT:  Michael Strapp is, Your Honor.

5             THE COURT:  All right.

6             MR. STRAPP:  Your Honor, this is Michael

7    Strapp.

8             Regarding the contempt hearing, it's our

9    position that it should move forward as scheduled and

10   that there's no need to hold things up or have some

11   preliminary hearing, especially not a preliminary

12   evidentiary hearing to resolve the Rule 60(b) motion

13   filed by Lawson.

14            We will respond to the motion with an

15   opposition paper on Monday, and we expect that the

16   positions we set forth will reiterate in some respects

17   and expand in other respects the positions we had set

18   forth in our original position statement after the

19   Federal Circuit decision was handed down to respond

20   directly to some of the new arguments that are raised

21   in Lawson's Rule 60(b) motion.

22            But if the call today is primarily to discuss

23   the order of operations, in other words, how we get

24   things done, how we resolve both the Rule 60(b) motion

25   and keep the contempt hearing on track, we think it's

1    important to point out that a possible motive -- I

2    don't want to impute motives, but a possible

3    implication of Lawson's motion is that Lawson wishes

4    to trigger a ruling on the motion so that that ruling

5    would then be appealable, and that an appeal taken by

6    Lawson could be leveraged, I don't know whether

7    successfully or not, but as a means to stay the

8    contempt hearing and to delay this matter from being

9    resolved.  And that's something that we certainly do

10   not want to occur.  We've obviously been waiting --

11        THE COURT:  Let me deal with that.  I don't

12   contemplate not having the contempt hearing.  I

13   contemplate dealing with Lawson's motion and giving

14   you an opportunity, as required under the rules, to

15   deal with it, and brief it, and then to give them an

16   opportunity to respond to it.  And it's obviously

17   going to take some time to think about it and sort it

18   out, but I'm planning on going on with the contempt

19   hearing.  And I'm asking you whether either before

20   that or after that, but in short order, it's a good

21   idea, or you-all want any evidentiary hearing to put

22   on the reasons why you should have an injunction or

23   what shape the injunction should take.

24        MR. STRAPP:  So with respect to the specific

25   question of whether or not there should be an

1   evidentiary hearing, it's our position that Lawson

2   carries a heavy burden here on this Rule 60(b) motion.

3   That's the case law as interpreted by the Fourth

4   Circuit and the Federal Circuit.  Many cases talk

5   about it being an extraordinary burden to modify or

6   dissolve an injunction that's already in place, which

7   make sense from a matter of policy perspective.  You

8   wouldn't want to have someone who is enjoined showing

9   up at the courtroom door every month asking for the

10  injunction to be changed.  And high threshold

11  standards prevent that from happening.

12       And because Lawson bears a heavy burden here

13  to prevail on its Rule 60(b) motion, we think that

14  this can be decided on the papers.

15       We think especially in light of the Federal

16  Circuit's decision, and in particular the very last

17  two sentences of that decision, which says that the

18  Federal Circuit is remanding to the District Court to

19  consider what changes are required to the terms of the

20  injunction consistent with its opinion, and in all

21  other respects affirming the decision.

22       We think that that's a limited mandate and a

23  limited directive to Your Honor, that that directive

24  serves only to consider whether or not the injunction

25  needs to be changed consistent with the decisions that

1   were made by the Federal Circuit.

2          THE COURT:   That is exactly what it says, and

3   I understand that, but my question is:   Do I need an

4   evidentiary with regard to how it ought to be modified

5   consistent with the opinion?   That's all.   I'm not

6   proposing to start all over again in life.

7          The Federal Circuit has ruled, but that

8   ruling has to be viewed in perspective of the

9   substance that led to and the findings in the

10   injunction order and the substance of the Federal

11   Circuit's decision.

12          And then what they said is, Okay, now you've

13   got an injunction here, and you've got some things

14   that are no longer valid in the judgment and some

15   things that are.   And so you have to decide how you're

16   going to -- I've forgotten the exact language, but

17   they told us what to do, and that's what needs to be

18   done.

19          Don't overreact to everything.   I'm trying to

20   sort out the simple issue of whether or not (A)

21   anybody wants an evidentiary hearing, is it needed,

22   and when we can have it.   And I would like to have it

23   as soon as possible if it is needed.

24          MR. STRAPP:   The simple answer to that

25   question is we do not believe an evidentiary hearing

1   is necessary.

2          THE COURT:  All right.  And, Mr. Thomasch,

3   how about you?

4          MR. THOMASCH:  Your Honor, if I could respond

5   briefly to the predicate point that Mr. Strapp made.

6   Obviously, we're not just here under the Rule 60

7   motion.  We're here under the mandate from the Federal

8   Circuit as well.

9          The type of heavy burden that Mr. Strapp is

10  talking about would come into play if what we were

11  saying was that circumstances between the parties had

12  changed.  For instance, if we said, ePlus now is just

13  a patent troll.  They are a nonpracticing entity.  And

14  for that reason, we think that the injunction should

15  be dissolved going forward.  We'd have a heavy burden

16  to make that test to show those changed circumstances.

17         Here this is fundamentally different.  Here

18  the Federal Circuit has already demonstrated the

19  changed circumstances because the Federal Circuit has

20  said that the system claims that so heavily

21  undergridded the finding that an injunction was

22  appropriate under the four-factor test, the Federal

23  Circuit has said those claims are invalid.

24         THE COURT:  Yeah, but it didn't say what you

25  just said either.  So you need to be careful what you

1   say.

2              I understand, I think, what I need to do

3   here.  You may have gotten your cart before the horse

4   simply by filing a motion.  But now you've filed a

5   motion, you're going to have to live with the

6   consequences of it.  And I'll have to sort that out.

7   But I'm obligated to do what the Federal Circuit told

8   me to do.

9              And I guess my simple question for you is:

10  Do you think you need an evidentiary hearing?  And if

11  so, when do you want to have it and what's the

12  contours?  So we can make some plans and get some

13  things done on your motion or for me to satisfy what

14  the Federal Circuit asked me to do.

15             That's all I'm trying to get accomplished

16  here right now.

17             MR. THOMASCH:  I understand, Your Honor.  We

18  do not require an evidentiary hearing because the

19  Court has never previously been asked to consider

20  whether it would be appropriate to base an injunction

21  solely on the findings of infringement of method claim

22  26 or if there was an injunction based on that one

23  method claim, what the scope of that injunction would

24  be.

25             Since that hasn't been decided, we believe

1    that if the plaintiff wants a burden on that basis and

2    not with the benefit of the system claims that they

3    had to benefit them before, they would need to make

4    that showing at a hearing.  If they don't make that

5    showing at a hearing, we don't believe an injunction

6    can lie.  We believe it has to be vacated *ab initio*,

7    but in any set of circumstances, Your Honor, so we

8    don't feel there's anything for us to come forward

9    with if they're not coming forward first, and so we're

10   not requesting that hearing, Your Honor.

11           THE COURT:  It's your motion.  Wait a minute.

12   It's your motion.  And you have a motion that you

13   filed.  And I'm hearing you say you don't want a

14   hearing on the evidentiary hearing.  So that's all

15   right.

16           MR. THOMASCH:  Oral argument, but not an

17   evidentiary hearing.

18           THE COURT:  All right.  So neither one of you

19   want it.

20           And, Mr. Strapp, you are aware of his

21   argument that you haven't shown in the record any

22   basis for an injunction based on that which remains

23   after the Fourth Circuit's decision.  You're aware

24   that that's his argument?

25           MR. STRAPP:  We are aware of that argument,

1    and I think we'll respond in the papers that we file

2    on Monday to that argument.  And the response is

3    obviously simple, that the record has been laid and

4    was laid extensively two years ago, and that that

5    record was not directed solely, as Lawson reiterates,

6    to system claims, but rather the record is replete

7    with references to the method claims, including claim

8    26.

9          THE COURT:  Yes, but given what the Federal

10   Circuit did and how they've teed up the issue, you're

11   going to have to specifically address how the record

12   supports an injunction as if the only finding of

13   infringement had been that which was sustained.  Do

14   you understand that?  Do you understand that?

15         MR. STRAPP:  That's not consistent with my

16   understanding.

17         THE COURT:  Well, I'm going to tell you it's

18   consistent with mine that you're going to have to

19   address that question.  You can make other arguments,

20   but that's one you need to make.  Whatever you want to

21   present is your business, and I'm not trying to limit

22   you, but I am saying that that's an issue that he's

23   teed up and that I need to have your advices on.

24   That's all.

25         MR. STRAPP:  Okay.  We will definitely

1    respond to that issue in full in the papers that we

2    file on Monday, but if you would indulge me just to

3    make one point here.

4           THE COURT:  Sure.

5           MR. STRAPP:  I think that the notion that a

6    party who filed a Rule 60(b) motion can simply by its

7    say-so shift the burden to the opposing party and say

8    that that party opposing the Rule 60(b) motion somehow

9    has the burden of proof in production to come forward

10   with evidence to show that the Rule 60(b) motion

11   should be denied simply turns everything that I know

12   about civil procedure on its head.

13          THE COURT:  Mr. Strapp, it surely does.  And

14   Mr. Thomasch would have been really well advised to

15   have held his powder and not to have filed this

16   motion.  But I think he thought that I was asleep and

17   wasn't paying any attention to the case simply because

18   I had adhered to his instruction that there wasn't any

19   jurisdiction to entertain the issue while the mandate

20   was pending, and that right before the mandate came

21   out, Mr. Robertson died, and we agreed to hold

22   everything off until you-all sorted out what you-all

23   wanted to do in perspective of the loss of the lead

24   lawyer in the case.  And then I did take a week's

25   vacation.  I went to take my wife on a birthday trip

1    for a week and directed while I was gone to set up a

2    conference call so we could sort out where we were

3    going from here, having not heard from either one of

4    you.

5            Now, if I'm to deal with a motion, I'll have

6    to deal with the whole body of law that deals with the

7    motion, but I also have to deal with the mandate of

8    the Federal Circuit.  And that may involve a different

9    approach to matters about who has what burdens, when,

10   and where.  But in either event, I've got a task to do

11   and I'm just trying to sort out how it is that we're

12   going to do it.

13           And he has, in fact, teed up an issue, and

14   that is that the record does not support the issuance

15   of an injunction based solely on the infringement

16   claims that were sustained and left in effect.

17           And however else you want to deal with your

18   response to his motion, I do need you to address that

19   point.

20           MR. STRAPP:  Understood, Your Honor.

21           THE COURT:  And I realize how he's addressed

22   it and the fashion he's addressed it in his motion.

23   He'll have to live or die by the way he did it in

24   perspective of what you say and what he files in his

25   reply.

1        So, basically, what I'm hearing is you-all

2   are happy to have this go forward on the papers, that

3   I do not need to schedule an evidentiary hearing, that

4   I can get your briefs and go from there to satisfy the

5   mandate and/or to decide the motion of Lawson.

6        Is that what I'm understanding, Mr. Strapp?

7        MR. STRAPP:  Yes, that's our opposition.

8        THE COURT:  And, Mr. Thomasch, that's yours,

9   too?

10        MR. THOMASCH:  Yes, Your Honor.  Might I add

11   that we certainly did not think Your Honor was asleep

12   in any way.

13        THE COURT:  Oh, Mr. Thomasch, come on.  You

14   don't need to respond to everything.

15        MR. THOMASCH:  I understand, Your Honor.

16   What I want to do is just underscore one thing about

17   the timing issue and the like.  We believe because the

18   issue here is not whether this is just changed

19   circumstances have made it wrong for this to proceed,

20   for the injunction to proceed as is going forward.

21        The fundamental position we have is because

22   the patent claims in large respect were invalid, the

23   system claims were invalid, because of that if the

24   proper set of facts had been understood, the Court

25   would not have entered any injunction at all in 2011.

1          And then because of that, the entire

2     situation needs to be reevaluated under the

3     four-factor test in light of the one claim that was

4     valid and infringed, which is a method claim.

5          And we feel it's critical that the issue be

6     resolved before the contempt proceeding for two

7     reasons:

8          (1)  If the Court agrees with us that the

9     injunction -- had the Court been aware that the system

10    claims were invalid and that only the method claim 26

11    was infringed, if the Court had had that set of facts

12    before it on the record before it, we believe that no

13    injunction would have issued, in which case there can

14    be no contempt proceeding, the same way there can't be

15    a contempt proceeding with regard to Configuration 2

16    in light of the invalidity of the claim that

17    underscores that configuration.

18          Secondly --

19          THE COURT:  I understand that.  Let me

20    resolve that.

21          We are going to have the contempt hearing.  I

22    will have the briefs on the other issues.  I'll have

23    the briefs on those issues.  The order in which I

24    decide things will be something that you all can sort

25    out and deal with, but I want to hear the evidence and

1   get it done.  There's been enough delay in this case

2   anyway.

3          This is not the only situation on the docket,

4   and it needs to be resolved, and I need to have it

5   sorted out, and so do both of you so that you can get

6   on with your lives, your clients.

7          MR. THOMASCH:  It's Mr. Thomasch.  If I might

8   add one small point.  And that is, independent of

9   whether an injunction should exist is the question of

10  the scope.  And the parties are in complete

11  disagreement as to whether, under any set of

12  circumstances, if Mr. Strapp is right about

13  everything, we still believe as a matter of law that

14  the products, because they have substantial

15  non-infringing uses, are not subject to an injunction

16  against their sale.  All the damages for the

17  injunction proceeding would be, I'm sorry, for the

18  contempt proceeding, would be affected by the scope of

19  any injunction as well as whether there is an

20  injunction.

21         THE COURT:  They might or might not.  Let's

22  get the record straight, Mr. Thomasch.  Let's just get

23  the record straight.  Then we'll go from there.

24         MR. THOMASCH:  Yes, Your Honor.

25         THE COURT:  You all are ready to try the

1   case.  Let's get that tried.  These are matters that

2   are actually raised in your papers.

3              MR. THOMASCH:  Yes, Your Honor.  And we would

4   ask for oral argument on the injunction if we could.

5              THE COURT:  I'll schedule that.  I'll

6   probably schedule all the oral arguments at the same

7   time.  I don't know.  I have to wait and see what

8   everybody says before I sort that out.

9              My only objective today was truly to find out

10  whether we needed to have an evidentiary hearing and

11  to get it scheduled as promptly as possible.

12             I did not know the extent to which you would

13  use the same, if you required it, the same hearing on

14  the injunction, whether you would use the same people

15  you had in mind using in the contempt hearing.  And if

16  possible, I was hopeful of saving everybody time and

17  effort in the process of hearing everybody on the

18  topics at the same time that they were all here.  That

19  is the witnesses.  But I don't need to worry about

20  that now because neither one of you think that an

21  evidentiary hearing is necessary on the injunction.

22             All right.  Anything else?  Is there anything

23  else that needs to be decided that's left to be

24  decided, left open here on this record preparatory to

25  deciding the contempt?  Are there any motions that are

1   pending?

2       I thought I had asked you-all to prepare a

3   list of those things and I didn't get anything.  So I

4   need to double check what it is that's left open, if

5   anything.  Is there anything pending from your

6   standpoint, Mr. Strapp?

7       MR. STRAPP:  Well, Your Honor, the only

8   motions that I recall that haven't yet been resolved

9   were motions that were taken up in February of 2012.

10  You may recall that both parties filed a series of

11  motions in limine to exclude certain testimony from

12  the experts that were going to be testifying at the

13  contempt hearing that was scheduled to take place last

14  year.

15      And the one ruling that Your Honor did make

16  was to exclude portions of Dr. Putnam's testimony.

17  That's Lawson's remedies expert.  And you excluded him

18  from offering any testimony on his reasonable royalty

19  opinion.  But other than that, you addressed the

20  issues at the hearing.  I don't think you ever issued

21  a formal ruling, but I'm not sure that one is required

22  because I think you gave the parties guidelines about

23  what would and wouldn't be permitted from the experts

24  at the hearing.

25      THE COURT:  So you're saying there are

 1    pending some motions in limine.  Can you give me a

 2    list of those so I can make sure I know what to double

 3    check on?

 4              MR. STRAPP:  Yes, Your Honor.

 5              THE COURT:  You think those can be, whatever

 6    they are, you're saying you think they can be denied

 7    as moot?

 8              MR. STRAPP:  Well, no.  I think Your Honor

 9    has -- didn't issue a formal order on those motions

10    except with respect to the motion as to Dr. Putman,

11    but that Your Honor gave the parties guidance that's

12    on the transcript of that hearing record that will

13    inform how the hearing goes forward with respect to

14    expert testimony in April.

15              THE COURT:  All right.  Give me the date of

16    that hearing also so I'll be on the same page you-all

17    are.

18              MR. STRAPP:  Yes, Your Honor.

19              THE COURT:  It's probably got a docket

20    number.

21              All right.  Mr. Thomasch, are you in

22    agreement with him on that?

23              MR. THOMASCH:  I am in agreement with Mr.

24    Strapp with respect to the liability experts.  I think

25    you were very, very clear, and I believe that there

1    will be dramatically reduced testimony from the

2    liability experts on both sides.

3          There was a ruling with respect to

4    Dr. Putnam, our damages expert.  There was a motion

5    filed with regard to Dr. Ugone, ePlus's expert.  I do

6    believe that motion does need to be decided.

7          The others, I believe, your instructions to

8    both parties are totally sufficient and the testimony

9    has been truncated by the subsequent events anyway.

10          THE COURT:  All right.

11          MR. STRAPP:  Your Honor, the docket number, I

12    have it here, it's Docket No. 943, and that's the

13    transcript of the contempt motions hearing that took

14    place on February 29, 2012.

15          THE COURT:  All right.

16          MR. THOMASCH:  So the only open motion from

17    Lawson's perspective, Your Honor, is the motion with

18    respect to the opinions of Mr. Ugone, but I don't

19    think either side needs the liability experts decided

20    because I think your instructions covered those in

21    detail.

22          THE COURT:  All right.  Mr. Strapp, are you

23    in agreement that the Ugone motion needs to be

24    decided?

25          MR. STRAPP:  Well, I don't think that Your

1    Honor did decide that issue.  Just to refresh you of

2    what that was about.

3            Dr. Ugone had an opinion about disgorgement

4    as a matter of damages.  Whether it's disgorgement of

5    profits, gross profits, net profits, that was a

6    dispute between the parties.  And Lawson's argument

7    was that Dr. Ugone should not be able to testify about

8    disgorgement.  So that was the subject of that motion.

9    And I think Mr. Thomasch is correct that that was

10   never decided by Your Honor.

11           THE COURT:  So it needs to be decided.  He

12   just said it needs to be decided.  You agree.

13           MR. DUSSEAULT:  Your Honor, this is Chris

14   Dusseault for Lawson, if I could just clarify.

15           THE COURT:  Sure.

16           MR. DUSSEAULT:  The motion of Dr. Ugone had

17   two parts.  It was a motion to exclude his testimony

18   in whole for failing to take proper account of whether

19   there was actual harm to ePlus.  It also argued

20   alternatively that it should be excluded in part based

21   on the particular approach to cost savings that he

22   took.  And neither one of those arguments has been

23   decided yet.

24           THE COURT:  Do you agree, Mr. Strapp, they

25   need to be decided?

1        MR. STRAPP:  Yes.  And let me just mention,

2   though, with respect to the specifics of the motion.

3   Part of the motion was about the cost savings opinion.

4   Dr. Ugone -- and both parties have offered

5   supplemental damages reports in light of additional

6   financial information.  In a supplemental report of

7   Dr. Ugone, he did not address the cost savings, and he

8   does not intend to address that at the hearing.  So I

9   think the motion is moot as to that part of

10  Dr. Ugone's opinions.

11       MR. DUSSEAULT:  This is Chris Dusseault, Your

12  Honor.

13       If they'll agree that Dr. Ugone will not

14  address the cost savings approach, that's certainly

15  satisfactory to us on that piece of the motion.

16       THE COURT:  I think you just agreed to that,

17  didn't you, Mr. Strapp?

18       MR. STRAPP:  Yes.

19       THE COURT:  Good.  So we don't deal with

20  that.

21       All right.  Well, we'll get on that and get

22  to work on it.  Is there anything else that needs to

23  be done?  Okay.  I'll await your papers on the

24  responses to all this.

25       Now, are you all okay on pages and everything

1    else, both of you?  You can deal with it in the

2    standard page limits; is that right?

3              MR. STRAPP:  I think that is true, Your

4    Honor, we should be able to fit it within the page

5    limits.

6              MR. THOMASCH:  And we will do the same with

7    our reply, Your Honor.

8              THE COURT:  All right.  That's fine.  Thank

9    you all very much.

10              MR. THOMASCH:  Thank you, Your Honor.

11              THE COURT:  All right.  Bye.

12              (The proceedings were adjourned at 3:33 PM.)

13

14              I, Diane J. Daffron, certify that the

15    foregoing is a correct transcript from the record of

16    proceedings in the above-entitled matter.

17

18                    /s/
        _____    _____
19        DIANE J. DAFFRON, RPR, CCR          DATE

20

21

22

23

24

25