# EXHIBIT 5

**2011-1396**

IN THE
# UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

ePLUS, INC.,

*Plaintiff-Appellee,*

v.

LAWSON SOFTWARE, INC.,

*Defendant-Appellant.*

**Appeal from the United States District Court for the
Eastern District of Virginia in case no. 09-CV-0620,
Senior Judge Robert E. Payne.**

**BRIEF FOR DEFENDANT-APPELLANT LAWSON SOFTWARE, INC.**

DONALD R. DUNNER
KARA F. STOLL
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000

ERIKA H. ARNER
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

*Attorneys for Defendant-Appellant
Lawson Software, Inc.*

August 8, 2011

### 2. There Is No Substantial Evidence to Support ePlus's Theory of Indirect Infringement of the Method Claims

#### a) ePlus Did Not Prove that Lawson Possessed the Specific Intent Required to Induce Infringement

The Supreme Court's recent decision in *Global-Tech* heightened the knowledge required for inducement: "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech*, 131 S. Ct. 2068. To satisfy this high standard of knowledge would require proof that Lawson "subjectively believe[d] that there is a high probability" that a patent existed or took "deliberate actions to avoid learning of that fact." *Id.* at 2070. There was no such evidence.[4]

Lawson's witnesses testified that Lawson had no knowledge of the ePlus patents before suit. (A2569:25-A2570:4; A2079:6-9.) Furthermore, ePlus presented no evidence to show that Lawson "subjectively believed" there was a "high probability" that patents covering its products existed or took "deliberate action" to avoid learning of that fact. *See supra* pp. 20-21. Instead, ePlus presented evidence that its patents were discussed in articles, but presented no evidence to link those articles to Lawson. (A2352:3-A2354:8.) The only Lawson

---

[4] Lawson presented this argument and requested that the district court vacate the services-related portion of the injunction in its Motion to Modify and Clarify the Injunction, pending before the district court. (A6187-93.)

witness that testified he knew of ePlus before suit explained that ePlus was not among the competitors that Lawson tracked. (A2078:8-A2079:4.)

This weak circumstantial evidence was not enough to meet even the now-rejected, lower standard for knowledge applied by the district court. The district court instructed the jury that for inducement, ePlus had to prove Lawson "deliberately disregarded a known risk that ePlus had a protective patent." (A4256:7-14.) ePlus did not present evidence to satisfy even this lower standard, which has now been rejected by the Supreme Court. *See Global-Tech*, 131 S. Ct. at 2065. ePlus did not show any deliberate action by Lawson or any evidence of a "known risk." *See supra* pp. 20-21. The facts here stand in stark contrast to the evidence in *Global-Tech* that the accused infringer copied the patented product and commissioned a patent clearance opinion without informing its patent attorney of the copying. *See Global-Tech*, 131 S. Ct. at 2064.

Moreover, once this suit was filed, the evidence showed that Lawson believed in good faith that the patents were invalid or did not cover the accused products. *See supra* pp. 21-22. The only relevant testimony at trial came from a Lawson employee who testified that, once he learned of the ePlus patents, he reviewed them and concluded that they did not cover Lawson's products. (A2571:2-A2574:10.) This Court has held that a party's reasonable belief that a patent does not cover its actions can show that the party lacked the intent required

45

to induce infringement. *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1351 (Fed. Cir. 2009).

Lawson presented additional evidence of its reasonable belief that the patents were not infringed or were invalid. *See supra* pp. 21-22. By the time this suit was filed, three of the asserted claims had been finally rejected as being unpatentable during a reexamination proceeding at the USPTO. (A6429-519.) Within six months of learning of the patents when this suit was filed, Lawson requested reexamination of the other asserted claims based on prior art that the USPTO later used to reject all of the claims. (A5024; A6353-428.) The Supreme Court has explained that induced infringement requires "active efforts by an inducer to avoid knowing about the infringing nature of the activities." *Global-Tech*, 131 S. Ct. at 2071. ePlus presented no such evidence to show that Lawson took active steps to avoid knowing it infringed. On the contrary, Lawson's actions were consistent with its good-faith belief that the patents were invalid or not infringed, and therefore negated the specific intent required to induce infringement. *See Ecolab*, 569 F.3d at 1351. At a minimum, because the jury was incorrectly instructed on the law of inducement (A4256:7-14), this case should be remanded for a new trial.

### b) ePlus Also Did Not Prove that Lawson Is a Contributory Infringer

It is unclear from the record whether ePlus relied on contributory infringement for the method claims. *See supra* pp. 18-19. To the extent that ePlus may rely on contributory infringement, that reliance is misplaced because, as discussed below at pp. 48-55, there was no substantial evidence that the method claims were directly infringed, a prerequisite to indirect infringement. *See i4i*, 598 F.3d at 850. Moreover, the knowledge requirement is the same for induced infringement and contributory infringement. *Global-Tech*, 131 S. Ct. at 2068. This Court has explained that contributory infringement requires the defendant "knew that the combination for which its components were especially made was both patented and infringing." *Cross Med. Prods.*, 424 F.3d at 1312 (citation omitted). As discussed above at pp. 20-21, ePlus has not proved that requisite knowledge.

### c) A Reasonable Jury Could Not Have Found Direct Infringement by Any Single Party

No reasonable jury could have found Lawson liable for indirect infringement for the additional reason that ePlus did not prove direct infringement of the method claims. *See supra* pp. 22-27. To prevail on an inducement claim, the patentee must establish "first that there has been direct infringement." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697 (Fed. Cir. 2008) (citation omitted). ePlus did