IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ePLUS INC.,

    Plaintiff,

v.                                Civil Action No. 3:09cv620

LAWSON SOFTWARE, INC.,

    Defendants.

**ORDER**

Having considered the Plaintiff's MOTION TO STRIKE PORTIONS OF LAWSON'S EXPERT REPORT AND EXCLUDE FROM THE CONTEMPT HEARING IMPROPER OPINIONS AND FOR EXPEDITED BRIEFING (Docket No. 882), the response, and the reply, it is hereby ORDERED that the motion to strike and exclude is granted with respect to:

    (1) The testimony in the last sentence of ¶ 35, the last two sentences of ¶ 297, and the entirety of ¶¶ 40, 60, 113, 115, 118, 125-126, 137-138, 267, 285, 301, 326-327, 330-331, and 355-359 because Dr. Goldberg improperly re-argues the Court's claim construction in these portions of his testimony;

    (2) The testimony in the first sentence of ¶ 73, the last sentence in ¶ 81, the middle sentence of ¶ 92 that reads "as an initial matter, I note that, from my understanding of the law, ePlus cannot make this argument because it never accused the server cookie of

being the "order list" in RSS at the underlying trial," the last two sentences of ¶ 130, the two sentences in the middle of ¶ 132 beginning "however, as I discussed above . . .," the last sentence of ¶ 268, the last sentence of ¶ 375, the sentence beginning "in light of Lawson's . . ." in ¶ 379, the sentence beginning "it is my opinion . . ." in ¶ 380, the first sentence of ¶ 387, and the entirety of ¶¶ 16, 46, 77, 161, 163, 183, 191, 345, 363, 373, 377-378, and 384 because Dr. Goldberg improperly offers legal opinions or opinions that are beyond the scope of his expertise in these portions of his testimony;

(3) The testimony in ¶¶ 43, 103, 199, 279, and 324-325 because in those paragraphs Dr. Goldberg misrepresents testimony given by ePlus's experts in the infringement proceeding by taking it out of context; and

(4) The testimony in ¶¶ 105 and 153-154 because Dr. Goldberg relies on attorney argument in closing and opening statements from the infringement proceedings to support his points.

Moreover, the testimony cited above is improper and will be stricken because: (1) it will not assist the finder of fact in understanding the evidence or in determining a fact in issue; (2) some of the opinions contain new arguments, not found in

2

Interrogatory No. 5, as to why Lawson should not be held in contempt in violation of Lawson's representations to the Court; (3) some of the opinions transgress the law of the case; and (4) the opinions are improper subjects for expert opinion and, in any event, are excludable under Fed. R. Evid. 403, as creating confusion and delay and because the prejudicial effect of admitting them substantially outweighs any marginal relevance they may have.

ePlus has asked that a number of other paragraphs be stricken. Having noted that ePlus did not make specific arguments with respect to many of these paragraphs, and that some of the paragraphs potentially contain relevant information, judgment is reserved as to whether these paragraphs should be stricken, and accordingly to that extent, the motion to strike and exclude is taken under advisement.

It is further ORDERED that, for the reasons set forth on the record on February 29, 2012, Dr. Goldberg may not testify about infringement and invalidity issues that were resolved when the jury rendered its verdict at the trial on the merits and may not testify about what the jury's verdict means.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 27, 2013