# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| *e*PLUS INC., | ) |
| | ) |
|       Plaintiff, | )   Civil Action No. 3:09-CV-620 (REP) |
| | ) |
| v. | ) |
| | ) |
| LAWSON SOFTWARE, INC., | ) |
| | ) |
| | ) |
| | ) |
|       Defendant. | ) |

## PLAINTIFF *e*PLUS INC'S CORRECTED SUPPLEMENTAL BENCH BRIEF REGARDING LAWSON EXHIBITS PERTAINING TO ATTORNEY ARGUMENT AND PRIOR TRIAL TESTIMONY

Craig T. Merritt (VSB #20281)  
Paul W. Jacobs, II (VSB #16815)  
**CHRISTIAN & BARTON, LLP**  
909 East Main Street, Suite 1200  
Richmond, Virginia 23219-3095  
Telephone: (804) 697-4100

*Attorneys for Plaintiff, ePlus Inc.*

Jennifer A. Albert (admitted *pro hac vice*)  
David M. Young (VSB#35997)  
**GOODWIN PROCTER LLP**  
901 New York Avenue, N.W.  
Washington, DC 20001  
Telephone: (202) 346-4000

Michael G. Strapp (admitted *pro hac vice*)  
**GOODWIN PROCTER LLP**  
Exchange Place  
53 State Street  
Boston, MA 02109-2881  
Telephone: (617) 570-1000

I.     **INTRODUCTION**

Near the conclusion of the proceedings on April 3, 2013, Lawson sought to admit approximately eleven supposed "exhibits" that are, for the reasons discussed herein, improper, irrelevant and/or otherwise objectionable.  Those exhibits are DX-500, -501, -502, -503, -504, -505, -512, -513, -514, -521, and -522.  Most of these exhibits are *portions* from the trial of this matter, including opening and closing arguments, the testimony of some witnesses (both fact and expert, including validity witnesses), two demonstrations provided by Dr. Weaver at trial, and the jury's verdict form.   These exhibits are both unnecessary and inappropriate, because they are already of record in this case.  Accordingly, to the extent they could be relevant to an issue before this Court, they need not be made of record *again.*  Moreover, there is no reason why this Court should admit some excerpts from the trial as "evidence," but exclude others.  The implication of Lawson's effort is that it believes the Court should consider *these* documents to be evidence that the Court may consider, but the Court should *not* so consider other documents or portions of the transcript that are also of record in this case.

In addition, validity is not at issue in this contempt proceeding, and there is no reason why the former testimony of the inventors or the parties' respective validity experts should have any relevance to the contempt issue before the Court.  Indeed, Lawson did not disclose the inventors or the parties' respective validity experts on its witness list for the contempt proceeding.

The Court should therefore deny admission of these documents, subject to the Court's power to take cognizance of matters that are already of record as appropriate.

## II. ARGUMENT

### A. Excerpts Of Attorney Argument From Trial Need Not And Should Not Be Admitted As "Evidence"

Two of Lawson's proposed exhibits are excerpts from attorney argument from the trial. Specifically, DX-501 is transcript from the opening argument from trial, and DX-514 is the transcript from the closing argument.

It is well settled that attorney argument is not evidence, as the Court instructed the jury in this very case. *See* Court's Jury Instruction No. 8 (instructing, *inter alia,* that "***statements, arguments, questions and objections of counsel are not evidence in the case***") (emphasis added) (citing 3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 71.08 (4th ed. 1987)). The attorneys are not witnesses who will testify in this case. Moreover, Lawson agreed to a proposed jury instruction that stated, in pertinent part, "[s]tatements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but is not evidence." Dkt. No. 523 at 10 (parties' proposed joint instruction No. 7).

Lawson has offered no reason why such argument constitutes relevant, admissible evidence from, *e.g.,* a percipient fact witness or qualified expert witness in this case. Neither party listed counsel as testifying witnesses in this case.

The entire trial transcript is of record in this case, as reflected on the Court's docket. *See, e.g.,* Dkt. Nos. 644-696. As matters of record in this case, this Court may take note of prior attorney argument if appropriate to the extent those arguments pertain to various legal contentions the parties present in this proceeding. But attorney argument does not constitute relevant, admissible evidence. The Court should therefore exclude these "exhibits."

### B. Excerpts From Trial Testimony And The Verdict Form Need Not And Should Not Be Admitted As "Evidence"

Lawson has also included on its exhibit list various *select* excerpts from the trial transcript this matter, including the signed verdict form, testimony of the inventors (who were not identified on Lawson's witness list for this contempt proceeding), and testimony of the parties' respective expert witnesses (including both parties' expert witnesses on validity issues and a Lawson expert who has *not* offered a report for the contempt proceeding).

| | |
|---|---|
| DX-500 | Signed verdict form |
| DX-502 | Transcript of merits trial (Testimony of Douglas Momyer) [inventor] (pages 216-399) |
| DX-503 | Transcript of merits trial (Testimony of Jim Johnson) [inventor] (pages 448-80) |
| DX-504 | Transcript of merits trial (Testimony of Alfred Weaver) [*e*Plus expert] (pages 482-510) |
| DX-505 | Transcript of merits trial (Testimony of Alfred Weaver) [*e*Plus expert] (pages 517-922) |
| DX-512 | Transcript of merits trial (Testimony of Michael Shamos) [Lawson expert] (pages 1792-1948) |
| DX-513 | Transcript of merits trial (Testimony of Brooks Hilliard) [*e*Plus validity expert] (pages 2656-2792) |
| DX-521 | Goldberg Report Ex. 3 – Video – Weaver Merits Trial Item Two Punchout demonstration |
| DX-522 | Goldberg Report Ex. 4 – Video – Weaver Merits Trial Item Master/Punchout demonstration |

Here again, Lawson offers no reason why only a relatively few, *select* excerpts from the trial should be admitted here. The trial included several weeks' worth of fact and expert testimony, all of which was duly considered by the jury, by this Court on the post-trial and injunction motions, and the Federal Circuit when it ruled on the appeal and upheld the infringement verdict for claim 26 with respect to Lawson configurations 3 and 5. The entire record is already before the Court. No reason exists why only a few portions of testimony should be readmitted, presumably to the exclusion of the rest of the trial record.

3

In addition, Lawson's exhibits are particularly objectionable because they include expert witness testimony on validity, which is not at issue in this proceeding. *See Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.,* 154 F.3d 1345, 1350 (Fed. Cir. 1998) (cited with approval in *TiVo Inc. v. Echostar Corp.,* 646 F.3d 869, 880-82 (Fed. Cir. 2011 (en banc)) ("[t]he judgment … established for purposes of this litigation that [the] patent was valid and that the [accused product] infringed the patent. … ***Validity and infringement by the original device were not open to challenge***."); *Merial Ltd. v. CIPLA Ltd.,* 2011 WL 2489753, **6-7, 11 (M.D. Ga. June 21, 2011) ("[i]t is delusional to suggest that no infringement occurred because the infringer held the subjective opinion that the patent was not valid."), *aff'd,* 681 F.3d 1283, 1299 (Fed. Cir. 2012).

Indeed, the expert testimony that Lawson now seeks to introduce goes far beyond the expert disclosures the parties have made for this contempt proceeding. Lawson's Dr. Shamos has not provided ***any*** expert report for the contempt proceeding pursuant to Rule 26(a)(2). Further, Lawson did not include the inventors on its witness list for this contempt proceeding.

The trial transcripts and the verdict form are matters of record already before this Court. Because the trial evidence is already of record in this proceeding, the Court may (unless it excluded such evidence) take note of it here for whatever relevance it may have. Indeed, as the Court has made clear, the parties are not to reargue in this proceeding matters already decided at the prior trial. *See, e.g.,* Dkt. No. 1034 at 3 (Court Order precluding Lawson's expert from, *inter alia,* testifying about issues that were resolved when the jury rendered its verdict at the trial). But this evidence has already been accepted by the Court and is already part of the record of this proceeding. There is no reason why such evidence has to be admitted ***again***.

4

### III.   CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that this Court exclude the various Lawson exhibits discussed herein.

Respectfully submitted,

April 4, 2013

/s/
David M. Young (VSB #35997)
Jennifer A. Albert *(admitted pro hac vice)*
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444
dyoung@goodwinprocter.com
jalbert@goodwinprocter.com

Craig T. Merritt (VSB #20281)
Paul W. Jacobs, II (VSB #16815)
Counsel for Plaintiff *e*Plus, Inc.
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
pjacobs@cblaw.com

Michael G. Strapp (*admitted pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place, 53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
mstrapp@goodwinprocter.com
Attorneys for Plaintiff, *e*Plus Inc.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of April, 2013, I will electronically file the foregoing

**PLAINTIFF *e*PLUS INC'S CORRECTED SUPPLEMENTAL BENCH BRIEF REGARDING LAWSON EXHIBITS PERTAINING TO ATTORNEY ARGUMENT AND PRIOR TRIAL TESTIMONY**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

| | |
|---|---|
| Daniel J. Thomasch, *pro hac vice*<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>(212) 351-3800<br><br>Jason C. Lo, *pro hac vice*<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>(213) 229-7153<br>VAED-620ExternalServiceList@gibsondunn.com | Robert A. Angle, VSB#37691<br>Dabney J. Carr, IV, VSB #28679<br>TROUTMAN SANDERS LLP<br>P.O. Box 1122<br>Richmond, Virginia 23218-1122<br>(804) 697-1238<br>(804) 698-5119 (Fax)<br>robert.angle@troutmansanders.com<br>dabney.carr@troutmansanders.com<br><br>***Counsel for Defendant Lawson Software, Inc.*** |
| Donald R. Dunner, *pro hac vice*<br>Erika H. Arner, *pro hac vice*<br>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001<br>(202) 408-4000<br>(202) 408-4400<br>EXT-Lawson-FinneganCorrespondence@finnegan.com | |

                                                                  */s/*
                                        David M. Young (VSB #35997)
                                        **GOODWIN PROCTER LLP**
                                        901 New York Avenue, N.W.
                                        Washington, DC 20001
                                        Telephone:  (202) 346-4000
                                        Facsimile:   (202) 346-4444
                                        dyoung@goodwinprocter.com