**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| ePLUS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09CV620 (REP) |
| ) | |
| LAWSON SOFTWARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LAWSON SOFTWARE, INC.'S MOTION
AND MEMORANDUM TO ADMIT EVIDENCE**

Defendant Lawson Software, Inc. ("Lawson"), by counsel, respectfully moves this Court, pursuant to Fed. R. Evid. 402, 901, and 902, to admit the following documents into evidence: DX-500, DX-501, DX-502, DX-503, DX-504, DX-505, DX-511, DX-512, DX-513, DX-514, DX-521, and DX-522.

The documents Lawson seeks to admit as evidence consist of:

| Exhibit Number | Description |
|---|---|
| DX-500 | Signed verdict form |
| DX-501 | Transcript of merits trial (Opening Statements) (pages 112-196) |
| DX-502 | Transcript of merits trial (Testimony of Douglas Momyer) (pages 216-399) |
| DX-503 | Transcript of merits trial (Testimony of Jim Johnson) (pages 448-480) |
| DX-504 | Transcript of merits trial (Testimony of Alfred Weaver) (pages 482-510) |
| DX-505 | Transcript of merits trial (Testimony of Alfred Weaver) (pages 517-922) |
| DX-511 | Transcript of merits trial (Testimony of Michael Shamos) (pages 1723-1778) |

| Exhibit Number | Description |
|---|---|
| DX-512 | Transcript of merits trial (Testimony of Michael Shamos) (pages 1792-1948) |
| DX-513 | Transcript of merits trial (Testimony of Brooks Hilliard) (pages 2656-2792) |
| DX-514 | Transcript of merits trial (Closing Arguments) (pages 3085-3230) |
| DX-521 | Goldberg Report Ex. 3 – Video – Weaver Merits Trial Two Punchout Demonstration |
| DX-522 | Goldberg Report Ex. 4 – Video – Weaver Merits Trial Item Master / Punchout Demonstration |

The grounds for this motion are more fully set forth in Defendant Lawson Software, Inc.'s Memorandum in Support of this Motion, below.

## MEMORANDUM IN SUPPORT OF MOTION TO ADMIT EVIDENCE

Defendant Lawson Software, Inc. ("Lawson") respectfully requests that the Court admit certain documents relating to the trial proceedings that evidence contentions alleged and proved at trial. Under Fed. R. Evid. 402, "relevant evidence is admissible" unless otherwise prohibited, and the documents Lawson requests be admitted are relevant to the most fundamental issue in this contempt proceeding: what ePlus contended and proved at the January 2011 trial. The Federal Circuit has directed that the initial inquiry in a contempt proceeding "should focus on those elements of the adjudged infringing products *that the patentee previously contended*, *and proved,* satisfy specific limitations of the asserted claim." *TiVo, Inc. v. Echostar Corp.*, 646 F. 3d 869, 882 (Fed. Cir. 2011) (emphasis added). Moreover, "the analysis must focus … on those aspects of the accused product *that were previously alleged to be, and were a basis for*, the prior finding of infringement, and the modified features of the newly accused product." *Id*. (emphasis added). Lawson requests the Court admit transcripts of witness testimony and ePlus's arguments to the jury as evidence of ePlus's contentions at trial. As instructed by the Federal Circuit, the basis for the prior infringement findings must be the starting point for any contempt analysis and are indispensable to these proceedings. Absent evidence regarding such contentions, a contempt proceeding simply cannot proceed as directed under *TiVo*.

Moreover, the majority of documents Lawson requests be admitted as evidence are official court documents and need no sponsoring witness to be authenticated. The Federal Rules of Evidence are clear that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "To authenticate a document, Rule 901 only requires a proponent to present sufficient evidence to make out a prima facie case that the

3

proffered evidence is what it purports to be." *United States v. Lebowitz*, 676 F.3d 1000, 1009 (11th Cir. 2012).  The authenticity of certified trial transcripts in prior or related proceedings is recognized under Rule 902, Fed. R. Evid.  Certified transcripts of proceedings are self-authenticated "where they are accompanied by a court reporter's certificate, without the need for an authenticating witness or other extrinsic evidence of authenticity." *United States v. Sears*, 2012 U.S. Dist. LEXIS 145703 (S.D. Ala. Oct. 9, 2012) ("[P]rovided…proper court reporter certifications for the transcripts in question, the admissibility of those documents may not be challenged on grounds of authenticity for lack of a custodian of records or other witness testifying at trial that the transcripts are, in fact, what they purport to be."); *see also Ball v. A.O. Smith Corp.*, 321 B.R. 100 (N.D.N.Y. 2005) (trial transcripts of unrelated proceedings were admissible under Rule 902(4) even without an authenticating witness, where transcripts contained court reporter certifications).  Likewise, the authenticity of verdict forms under both Fed. R. Evid. 901(b)(7) and 902 is well-recognized. *Murphy v. Kmart Corp.*, 2010 U.S. Dist. LEXIS 96693, *12-16 (D.S.D. Sept. 15, 2010) (The Court found a "three-page special verdict form… properly authenticated under Rule 901(b)(7)," and a "one-page special verdict form … to be self-authenticating under Fed. R. Evid. 902.").  As such, the trial transcripts and jury verdict form that Lawson requests be admitted need no extrinsic evidence of authenticity.  Fed. R. Evid. 902.

      Finally, the relevance and authenticity of DX-521 and DX-522 cannot in good faith be disputed by ePlus.  The documents are video demonstrations utilized by ePlus's expert witness at trial in order to illustrate ePlus's infringement contentions to the jury.  Notably, voluminous still-image screenshots depicting *these same videos* are listed as exhibits on the parties' joint exhibit list, filed by ePlus on March 20, 2013.  Dkt. 1030 at 1 (entries PX-367 / DX-734 and PX-379 /

DX-735). Accordingly, it is unclear on what grounds ePlus could object to admission of the corresponding videos.

Finally, to the extent ePlus complains that Lawson has taken "select excerpts" and "sound bites" from the trial transcript, Lawson notes that it has included complete testimony for each witness it deems relevant, and has included the entire opening and closing arguments of ePlus's counsel. Nonetheless, Lawson has no objection should ePlus desire to submit additional portions of trial testimony or the entire trial transcript.

Dated: April 4, 2013

Respectfully submitted:

LAWSON SOFTWARE, INC.

By:  /s/ Robert A. Angle

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

Josh A. Krevitt (admitted *pro hac vice*)
Daniel J. Thomasch (admitted *pro hac vice*)
Richard W. Mark (admitted *pro hac vice*)
Christopher D. Dusseault (admitted *pro hac vice*)
Jason C. Lo (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 1st day of April, 2013, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Paul W. Jacobs, II
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
pjacobs@cblaw.com
hwillett@cblaw.com

Michael G. Strapp
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
mstrapp@goodwinprocter.com

Jennifer A. Albert
David M. Young (VSB No. 35997)
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

        /s/  Robert A. Angle
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*