1          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA
2                 RICHMOND DIVISION

3     _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                        :
4  ePLUS, INC.,                         :
                                        :
5                     Plaintiff,        :
    v.                                  : Civil Action
6                                       : No. 3:09CV620
   LAWSON SOFTWARE, INC.,               :
7                                       : April 16 , 2013
                      Defendant.        :
8     _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:

9

10

            COMPLETE TRANSCRIPT OF CONFERENCE CALL
11         BEFORE THE HONORABLE ROBERT E. PAYNE
              UNITED STATES DISTRICT JUDGE
12

13

14

15  APPEARANCES: (Via telephone)

16  Craig T. Merritt, Esquire
    Christian & Barton, LLP
17  909 East Main Street
    Suite 1200
18  Richmond, Virginia   23219-3095

19  Jennifer A. Albert, Esquire
    Goodwin Procter, LLC
20  901 New York Avenue, NW
    Washington, D.C.   20001

21

22            DIANE J. DAFFRON, RPR
             OFFICIAL COURT REPORTER
23          UNITED STATES DISTRICT COURT

24

25

```
 1    APPEARANCES:   (Continuing)

 2    Michael G. Strapp, Esquire
      Goodwin Procter, LLC
 3    Exchange Place
      53 State Street
 4    Boston, Massachusetts    02109

 5    Paul W. Jacobs, II, Esquire
      Christian & Barton, LLP
 6    909 E. Main Street, Suite 1200
      Richmond, Virginia    23219-3095
 7
                Counsel for the plaintiff, ePlus
 8
      Daniel J. Thomasch, Esquire
 9    Gibson Dunn & Crutcher
      200 Park Avenue
10    New York, New York    10166-0193

11    Dabney J. Carr, IV, Esquire
      Troutman Sanders
12    Troutman Sanders Building
      1001 Haxall Point
13    P.O. Box 1122
      Richmond, Virginia    23218-1122
14
      Josh Krevitt, Esquire
15    Gibson Dunn & Crutcher, LLP
      200 Park Avenue
16    New York, New York    10166-0193

17    Richard W. Mark, Esquire
      Gibson Dunn & Crutcher, LLP
18    200 Park Avenue
      New York, New York    10166-0193
19
                Counsel for the defendant, Lawson Software
20

21

22

23

24

25
```

3

```
 1              (The proceedings in this matter commenced at
 2     11:00 a.m.)

 3

 4              THE COURT:  Good morning.  This is ePlus,
 5     Inc. against Lawson Software, Inc., Civil 3:09CV620.
 6     Would you please give your appearance and your name
 7     when you speak.
 8              MR. MERRITT:  Craig Merritt and Paul Jacobs
 9     at Christian & Barton for ePlus.
10              MS. ALBERT:  Jennifer Albert and Michael
11     Strapp with Goodwin Procter for ePlus.
12              MR. CARR:  Dabney Carr, Troutman Sanders, for
13     Lawson Software.
14              MR. THOMASCH:  Daniel Thomasch together with
15     Richard Mark and Josh Krevitt with Gibson, Dunn &
16     Crutcher for Lawson.
17              THE COURT:  There's a motion to expunge
18     ePlus's proposed findings of fact and for expedited
19     briefing, which is Docket No. 1062.  And this morning
20     ePlus filed a letter, which I assume you have gotten a
21     copy of, counsel for Lawson.
22              MR. THOMASCH:  Yes, Your Honor.  This is
23     Mr. Thomasch.
24              THE COURT:  Does ePlus's letter do anything
25     to your position, gentlemen?
```

1          MR. THOMASCH:  Your Honor, this is Daniel
2     Thomasch.  It doesn't change our position, Your Honor.
3     The letter makes clear that they apparently
4     misidentified the basis for their submission, which
5     was originally said to be pursuant to an order, a
6     scheduling order, dated March 11 of 2011.  It was six
7     months before the contempt proceeding was even begun.
8          In the letter of today, they have changed and
9     indicated that while Your Honor issued a scheduling
10    order to deal with the proceeding we just completed
11    before Your Honor on January 24, 2013, they say that
12    order did not vacate the Court's prior order of
13    November 23, 2011, some 14 months ago, which had an
14    entirely different post-hearing procedure set forth in
15    it.  It was different in the number of briefs, the
16    page limits of the briefs.
17         On January 24th of this year, in Docket 1002,
18    Your Honor issued an order that governed the
19    post-trial proceedings here.  Paragraph G, bridging
20    pages 3 to 4, states, "If the Court determines that
21    post-hearing briefs are needed, the colorably
22    different issue and the infringement issue shall be
23    briefed in separate briefs and ePlus shall file its
24    opening post-hearing briefs on April 12, 2013, not to
25    exceed 25 pages."  And it goes on from there.

1          No mention is made of any proposed findings

2    of fact or conclusions of law.  We believed and

3    understood that to govern.

4          During the court proceeding, the Court

5    indicated that briefing would be submitted pursuant to

6    this schedule.  Both of the parties recognized in

7    court that it might assist the Court to have a third

8    brief on damages.  We took that position mutually and

9    in person and in front of the Court, and the Court

10   agreed to have a third brief submitted.  Not a word

11   was said by ePlus about findings of fact or

12   conclusions of law.

13         And then on Friday, the 12th, at about

14   8:00 o'clock that evening, we received not only three

15   briefs, but 103 pages of exceedingly argumentative

16   findings of fact totaling more than 250 paragraphs.

17   We believe they are improper in form.  They

18   essentially amount to a 100-page brief supplementing

19   69 pages of briefing that was otherwise submitted

20   pursuant to the Court order, and we think that's

21   simply improper, but certainly it was not called for

22   by the Court's order.  And if the Court wants that,

23   then we feel that we need to make sure that the Court

24   is expecting such a submission from us.

25         Our preference, obviously, as we made the

1  motion to expunge is to do just that and to follow the

2  order that you set forth for the parties on

3  January 24.

4           THE COURT:  Who's going to speak for ePlus?

5           MS. ALBERT:  Your Honor, this is Jennifer

6  Albert for ePlus.

7           Our position is noted in our letter that we

8  submitted this morning.  Unfortunately, Lawson's

9  counsel did not meet and confer with us yesterday

10 prior to filing the motion, and perhaps if they had,

11 we would have informed them that we were operating

12 consistently with the Court's prior order of

13 November 23, 2011, and perhaps we could have worked

14 something out.

15          Obviously, the proceeding is governed by

16 Federal Rule of Civil Procedure 52, which requires

17 that the Court find the facts specially and state its

18 conclusions of law.

19          So ePlus submitted its proposed findings of

20 fact and conclusions of law to assist the Court with

21 making the findings required under Rule 52.  We do not

22 believe that expunging is appropriate.  Certainly,

23 it's at the Court's discretion to grant Lawson any

24 sort of extension of time, but they could submit their

25 own proposed findings to meet our proposed findings,

1   and we don't believe that expungement is necessary or
2   appropriate.
3           THE COURT:  Do you, Mr. Thomasch, believe
4   that Rule 52 applies to a contempt proceeding?
5           MR. THOMASCH:  Your Honor, I believe Rule 52
6   would apply and that it would be appropriate to set
7   forth facts and conclusions.  That rule does not call
8   for the submission of those.  It puts an obligation on
9   the Court.
10          I don't think that a contempt proceeding must
11  have them, but I do not object, of course, to the
12  Court if the Court believes that Rule 52 should apply.
13          THE COURT:  I guess my question is:  Do you
14  believe that Rule 52 does apply?  That is, that
15  findings of fact and conclusions of law are required
16  in a contempt proceeding?
17          MR. THOMASCH:  I do not believe they are
18  required.  I have not seen in *TiVo* or elsewhere the
19  Federal Circuit indicate that that is required, and so
20  I don't believe that that is necessarily the case.
21  The plaintiffs have taken the position all along that
22  this was a hearing, not a trial.  I don't know that 52
23  by its terms necessarily applies, although it is
24  certainly within Your Honor's discretion in deciding
25  how to present your conclusions on the contempt

1  proceeding to do so pursuant to Rule 52.

2         THE COURT:  Of course, Rule 1 says that the

3  rules apply to all civil actions and proceedings.

4         MR. THOMASCH:  That is correct, Your Honor.

5         THE COURT:  So I think maybe Rule 52 does

6  apply.  I'm not going to draw any significance from

7  citing the wrong rule.  I don't think I need to hear

8  that.  The real question is, I guess -- I think ePlus

9  was legitimate in relying on both orders because in

10 the sense that the order, Docket No. 1002, certainly

11 didn't rescind Docket No. 849, which was issued

12 November 23, 2011.  And if that's what they read -- it

13 would have been better, however, to have raised it so

14 that both parties are on the same footing.

15        I was the one who issued both orders and I

16 didn't terminate the effectiveness of Docket No. 849,

17 although I must say it was overcome to a certain

18 extent by events and by the provisions of the order

19 dated No. 1002, Docket 1002, at least insofar as the

20 pagination limits and the briefs, but it did

21 contemplate in No. 849 the proposed findings of fact

22 and conclusions of law.

23        However, ePlus has, in effect, expanded the

24 page limits of the order in Docket No. 1002 by citing

25 all of the reference material in the proposed findings

1    of fact as part of the briefs that were filed under
2    the 25-page limit.  Many of the citations in there are
3    PFF, which I guess is proposed findings of fact,
4    number such and such, and such and such, and such and
5    such.  So, in effect, they have extended the page
6    limits.

7           I have not had an opportunity to study all of
8    this material, but I find helpful the way the briefs
9    are written in that they present the issues in a
10   concise way, whereas, the findings of fact go beyond
11   and provide detailed authority for that process.

12          So I guess I'm not inclined to expunge it.
13   It would be perhaps appropriate for you to refile the
14   briefs without changing any of the text but putting in
15   other citations.  Take the citations that you think
16   are important from the cited proposed findings of fact
17   and put it in the brief.

18          It probably would have been helpful had
19   you-all discussed the matter generally and concluded
20   that maybe a larger page limit was required, and I
21   would have entertained that had you-all done it.

22          So, I guess, that it having been done,
23   you-all have a lot more time from the conclusion of
24   the trial, Mr. Thomasch, than has the other side to
25   ready your papers, and I would prefer to have this

1   procedure concluded on the schedule that I set.

2          Basically, I fear that if we don't do that,

3   it could be well into the summer, the end of the

4   summer, before I get to this because I'm leaving -- I

5   have a very heavy trial schedule between now and June

6   and not much time to work with these issues.  And then

7   in June I'm going to be gone for a couple of weeks and

8   won't really be able to return to any of it until the

9   middle of July.  So I would prefer to keep to the

10  original schedule.

11         It seems to me that if I require them to

12  change the citations in the brief, that just delays it

13  getting to you, whereas you can cross-reference the

14  citations to the proposed findings of fact and know

15  what they're talking about if you want to do that.

16         I think it would be easier for me to have the

17  briefs and the citations, but that may chop it up too

18  much.

19         So how would you propose to proceed,

20  Ms. Albert?  You did take advantage of them.  You have

21  expanded the pagination.  Well, that's not right.

22  "Take advantage of" connotes an intentional act to do

23  that and I don't mean to imply that.  They are

24  disadvantaged probably if they are held to the same

25  situation you were held to.

1      MS. ALBERT:  Certainly ePlus would prefer to
2  stick with the Court's original schedule and we've
3  made arrangements, for example, to be there on
4  April 26 for the oral argument.  So we would prefer to
5  stick with the original schedule.
6      We are amenable to whatever format of the
7  briefing Your Honor prefers.  We think, you know, it's
8  not much of a problem for Lawson to refer back to the
9  proposed findings of fact and the evidence cited
10  there, you know, to cross-reference it from the
11  briefs.
12      THE COURT:  No, it's more work for me to do
13  it that way.
14      MR. STRAPP:  Your Honor, if I can just jump
15  in.  This is Michael Strapp.
16      If it's easier for Your Honor to have the
17  proposed findings of fact and conclusions of law, I
18  think that perhaps the best course of action would be
19  for Lawson to also file its own proposed findings of
20  fact and conclusions of law.  And while we, obviously,
21  recognize it's a large undertaking to put together
22  three briefs and a proposed findings of law and
23  conclusions of law, we were able to do so using our
24  team in the three days between when the evidence was
25  closed and Friday when we submitted the briefs.

1          THE COURT:  Well, Mr. Strapp, that begs the
2    question perhaps:  When did you actually start this
3    process?  Therefore, you had probably read out the
4    rule before the conclusion of the evidentiary
5    proceeding.  So you probably have had more time than
6    they've had maybe.

7          So do you really want to get into that one?

8          MR. STRAPP:  No, I don't.  And to the extent
9    that they need an extra day, obviously they can take
10   an extra day.  We just obviously want to try to stick
11   to the schedule that Your Honor has set so that things
12   don't get moved back.

13         THE COURT:  All right.  Mr. Thomasch, do you
14   have anything to say?

15         MR. THOMASCH:  Your Honor, we would request
16   more time.  I don't understand the concept that the
17   November 23rd order had not been superseded.  Every
18   single paragraph relates to something that was later
19   changed.  And the Court's schedule January 24 put
20   forth a post-trial process that we did not understand
21   to include findings of fact and conclusions of law.

22         We were not preparing those as the case
23   proceeded.  We would ask for more time if Your Honor
24   wants it.  We will submit anything Your Honor finds
25   helpful or wants, but this procedure we do find odd.

1          I do note that the 11-23-2011 order also

2    indicates that plaintiff is to present a single reply

3    to the proposed findings of fact and conclusions of

4    law and not both a reply and a brief.  I would ask

5    Your Honor for clarification as to which parts of the

6    2011 order ePlus gets to abide by and which parts are

7    not in play because I'm left confused by the

8    situation.

9          We would ask for more time if you're willing

10   to accept and wish us to brief more.  It is, in

11   effect, another 100-page-long brief from our

12   perspective.  Individual findings of fact span more

13   than a page and a half in length on occasion, and they

14   start reading with introductory phrases such as,

15   "Contrary to representations by Lawson's counsel."

16         We would argue that is not a finding of fact

17   but is simply an argument.  And that permeates these.

18   It puts us in a -- we think we're in a very difficult

19   position in not only how to respond, but how to do so

20   appropriately.

21         THE COURT:  All right.  Well, there is some

22   argument in there.  I think from my standpoint the

23   principal objective has got to be to be reasonable

24   with both of you and at the same time bring the matter

25   to a conclusion as timely as possible.

1    And so I'm not going to grant the motion to

2  expunge.  I'm going to allow the defendants to file

3  proposed findings of fact and conclusions of law, and

4  I don't want any reply findings of fact and

5  conclusions of law.  I want the briefing to be

6  followed in accord with the schedule set in the order

7  of January 24, which gives you reply briefs.  And so

8  that's what we'll do.

9    So you file the three briefs that are

10 contemplated in the response of 25 pages.  EPlus, you

11 file a reply of 15 pages.  And then, Lawson, you get

12 to file proposed findings of fact and conclusions of

13 law.

14    MR. THOMASCH:  Your Honor, on what date would

15 you want our proposed findings of fact and conclusions

16 of law?

17    THE COURT:  I'm looking for my book right

18 now.  What date are they due now?

19    MR. THOMASCH:  They are not called for, Your

20 Honor.

21    THE COURT:  No, no, no.  What date are your

22 briefs due?

23    MR. THOMASCH:  Oh, our briefs are due this

24 Friday, Your Honor.

25    THE COURT:  And that is the 19th?

1    MR. THOMASCH:  The 19th, yes, it is, Your
2    Honor.
3    THE COURT:  Okay.  Well, you file them on the
4    19th.
5    When is your reply brief due, Ms. Albert?
6    MS. ALBERT:  April 23rd by 5:00 p.m.
7    THE COURT:  All right.  You file your
8    conclusions of law and findings of fact on the 22nd,
9    Mr. Thomasch.
10   MR. THOMASCH:  Yes, Your Honor.
11   THE COURT:  If you want to file them on the
12   19th, you can.
13   All right.  Anything else that you-all need
14   to take care of from your standpoint?
15   MR. THOMASCH:  Nothing from Lawson, Your
16   Honor.
17   THE COURT:  Let me ask you this question,
18   folks:  Now that all of the evidence is in, has either
19   side thought it might be advisable to try to settle
20   the controversy in its entirety?
21   MR. THOMASCH:  Your Honor, this is Mr.
22   Thomasch.
23   We reached out to plaintiff's counsel before
24   the hearing and proposed a meeting without
25   precondition.  That offer was not accepted.  We

1    attempted to have settlement negotiations and we've

2    received no substantive response from ePlus.

3            MR. MERRITT:  Your Honor, this is Craig

4    Merritt.  I've been involved in some of that.  And Mr.

5    Thomasch may not be aware, but late last week there

6    was a discussion between general counsel for the

7    parties, and I think there's some hope that that

8    discussion may continue.

9            THE COURT:  My suggestion is that you're

10   better off settling the case and doing so promptly.

11   And it needs to be done.  The question is whether you

12   want one of our magistrate judges to assist you or

13   whether you want the assistance of somebody else.

14           I believe it started off, the settlement

15   process in this case started off with Magistrate Judge

16   Dohnal.  It may have been Magistrate Judge Lauck.  I

17   can't remember.  Which magistrate judge started off?

18           MR. MERRITT:  It was Judge Dohnal, Your

19   Honor.

20           THE COURT:  All right.  Well, I would suggest

21   that you talk today.  And if you want Judge Dohnal to

22   do it or you want to hire a private mediator, you need

23   to go on and get it done, and it ought to be done by

24   people who aren't on the trial team.

25           There are economic advantages to concluding

1  the matter in its entirety anyway.  I don't know
2  whether the presence of those things that are still
3  pending in the Court of Appeals foreclose a settlement
4  or what they do, but if they do, you need to tell each
5  other that.  If they don't, then you better settle the
6  case because if I were involved in the case, I would
7  have to think that if I were Lawson, the idea of a
8  contempt citation is an unpalatable one.  It can be
9  costly to ePlus.  Further litigation can reasonably be
10 expected given that Lawson has fought every step of
11 the way and is convinced they're not wrong on this
12 issue.
13          And at some point it seems to me that perhaps
14 a business resolution may be the right way to solve
15 the problems that are presented by the circumstances
16 of this case.
17          So I want you to sit down and go through the
18 process of talking.  If you want Magistrate Judge
19 Dohnal, I'll call him and ask him to put you ahead on
20 his schedule, and do what he can.  If you want to get
21 somebody else, you need to get somebody who can get up
22 to speed fairly quickly, but they have to get moving
23 and get moving quickly.
24          So I'll hear back from you by the end of --
25 what is today?  Tuesday?  I'll hear back from you on

18

1  Thursday as to whether you want Magistrate Judge

2  Dohnal to assist you or not.

3          MR. MERRITT:  We will do that, Your Honor.

4          THE COURT:  In the meantime, I just think we

5  continue to march, but it seems to me to be a

6  proposition that ought to be resolved with the

7  business people at this stage.

8          All right.  Thank you very much.

9          MS. ALBERT:  Thank you, Your Honor.

10         MR. THOMASCH:  Thank you, Your Honor.

11         THE COURT:  Bye.

12         (The proceedings were adjourned at 11:28

13  p.m.)

14

15         I, Diane J. Daffron, certify that the

16  foregoing is a correct transcript from the record of

17  proceedings in the above-entitled matter.

18

19              /s/
    _____  _____
20         DIANE J. DAFFRON, RPR, CCR      DATE

21

22

23

24

25