# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| ePLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-cv-620 |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT LAWSON SOFTWARE, INC.'S BRIEF IN SUPPORT OF
### LAWSON'S MOTION FOR A STAY PENDING APPEAL

Josh A. Krevitt (admitted *pro hac vice*)
Daniel J. Thomasch (admitted *pro hac vice*)
Richard W. Mark (admitted *pro hac vice*)
Christopher D. Dusseault (admitted *pro hac vice*)
Jason C. Lo (admitted *pro hac vice*)
jkrevitt@gibsondunn.com
dthomasch@gibsondunn.com
rmark@gibsondunn.com
cdusseault@gibsondunn.com
jlo@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Defendant Lawson Software, Inc.*

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 2

LAWSON'S PENDING APPEALS TO THE FEDERAL CIRCUIT ........................................... 3

ARGUMENT ..................................................................................................................................... 5

CONCLUSION .................................................................................................................................. 9

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Combustion Sys. Servs., Inc. v. Schuylkill Energy Res., Inc.*,
   153 F.R.D. 73 (E.D. Pa. 1994) .................................................................................................. 6

*E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*,
   835 F.2d 277 (Fed. Cir. 1987) .................................................................................................... 5

*eBay Inc. v. MercExchange, LLC*,
   547 U.S. 388 (2006) ................................................................................................................... 2

*ePlus, Inc. v. Lawson Software, Inc.*,
   2011 U.S. Dist. LEXIS 55625 (E.D. Va. May 24, 2011) ........................................................... 8

*ePlus, Inc. v. Lawson Software, Inc.*,
   700 F.3d 509 (Fed. Cir. 2012) .................................................................................................... 2

*Flexiteek Ams., Inc. v. Plasteak, Inc.*,
   2012 U.S. Dist. LEXIS 156286 (S.D. Fla. Sep. 10, 2012) ......................................................... 8

*Hilton v. Braunskill*,
   481 U.S. 770 (1987) ................................................................................................................... 5

*KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc.*,
   776 F. 2d 1522 (Fed. Cir. 1985) ................................................................................................ 7

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................... 5

*nCube Corp. v. SeaChange International, Inc.*,
   2012 WL 4863049 (D. Del. Oct. 9, 2012) ................................................................................. 6

*NTP, Inc. v. Research in Motion, Ltd.*,
   2003 U.S. Dist. LEXIS 26837 (E.D. Va. Aug. 5, 2003) ............................................................ 5

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*,
   549 F.3d 842 (Fed. Cir. 2008) .................................................................................................... 5

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
   27 U.S.P.Q.2d 1959, 1993 U.S. App. LEXIS 11963 (Fed. Cir. 1993) ....................................... 8

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
   897 F.2d 511 (Fed. Cir. 1990) .................................................................................................... 5

*TiVo, Inc. v. EchoStar Corp.*,
   646 F.3d 869 (Fed. Cir. 2011) .................................................................................................... 7

# TABLE OF AUTHORITIES
## [Continued]

**Page(s)**

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
   250 F. App'x 988 (Fed. Cir. 2007) .................................................................................... 8

*Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*,
   559 F.2d 841 (D.C. Cir. 1977) ........................................................................................... 6

## Other Authorities

http://www.cafc.uscourts.gov/oral-argument-recordings/all/ncube.html ...................................... 7

Fed. R. Civ. P. 62(d)……………………………………………………………………………1

# INTRODUCTION

By its Order of August 16, 2013, the Court held Lawson in contempt and extended its earlier-entered injunction covering two Lawson software configurations to redesigned versions of those products, thus requiring Lawson at least to cease the manufacture, sale, service and support of those products by September 20, 2013. The Court also imposed a coercive sanction of $62,362 per day retroactive to August 16, 2013, in the event that Lawson does not establish its compliance with the injunction order by September 20. Lawson has appealed both the order reimposing the injunction and the order of contempt to the Federal Circuit. Unless this Court's contempt order is stayed pending appeal, however, the effect of the Court's order will be, among other things, to require Lawson to pay the Court an "access fee" of some $23 million per year merely to exercise its right of appeal.[1] Accordingly, Lawson respectfully requests that the Court stay its coercive sanction so that Lawson can pursue appeal without the Sword of Damocles hanging over its head.

As discussed below, the injunction itself and the order of contempt present a host of novel legal issues that have not been previously resolved by the Federal Circuit, that the Court clearly wrestled with, and that reasonable jurists could resolve differently. Further, Lawson is appealing an injunction that the Federal Circuit remanded for required change once before, and that is based upon a patent that has been held invalid by the USPTO. Finally, in contrast to the significant prejudice that Lawson will suffer if the coercive sanction is not stayed, ePlus will be unaffected by a stay pending appeal. Accordingly, for the reasons discussed herein, the Court

---

[1] The stay request is particularly directed to the prospective injunction and related coercive fine. Lawson is in the process of fully securing the judgment amount awarded to ePlus by the Court's August 16, 2013 order. Posting security, approved by the Court, would fully protect ePlus's interest in the judgment amount and, under the rules, would stay execution of the judgment pending resolution of the appeal. *See* Fed. R. Civ. P. 62(d).

should stay the contempt order and coercive sanction until the Federal Circuit has had the opportunity to rule on the issues properly before it.

## BACKGROUND

Following a jury verdict that some (but not all) of certain accused configurations of Lawson procurement software infringed multiple patent claims asserted by ePlus, and after an evidentiary hearing, this Court enjoined Lawson from making, selling, servicing, or using the infringing products.  D.I. 729.  Prior to the May 23, 2011 date of the injunction order, Lawson redesigned the RSS module present in all of the infringing configurations, making three separate sets of modifications to design around each aspect of the infringements found by the jury.  The Federal Circuit subsequently reversed the jury verdict almost in its entirety, finding both infringed apparatus claims invalid and two of the three method claims at issue not infringed.  Only one method claim of one patent survived appellate review.  Because the underpinning of the injunction had been eliminated with the invalidation of both apparatus claims, the Federal Circuit remanded with specific instructions for this Court to reconsider its injunction.  *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 523 (Fed. Cir. 2012).  Following remand, Lawson argued that the evidence introduced by ePlus at the 2011 injunction hearing and relied upon by this Court in its previous order did not support an injunction under the *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), four-factor test because, *inter alia*, no nexus linked the sole remaining patent claim to any competitive harm allegedly suffered by ePlus, and that the public interest did not support an injunction given that the sole patent claim at issue had been rejected as invalid upon reexamination by the Patent and Trademark Office and the Board of Patent Interferences and Appeals.  Notwithstanding all these developments, this Court conducted

a contempt hearing, thereafter reimposed, without change, the injunction as to two of the accused configurations, and went on to hold Lawson in contempt of that injunction.

This Court's August 16, 2013 order holding Lawson in contempt (D.I. 1088) and the Court's accompanying memorandum opinion (D.I. 1087) make the reimposed injunction applicable to redesigned versions of two Lawson procurement software configurations, thus putting a block on those products by September 20, 2013, and impose a coercive sanction of $62,362 per day retroactive to August 16, 2013, in the event that Lawson does not establish its compliance with the injunction order by September 20.

### LAWSON'S PENDING APPEALS TO THE FEDERAL CIRCUIT

Lawson has appealed both the order reimposing the injunction and the order of contempt to the Federal Circuit. By this motion, Lawson respectfully requests an order staying the August 16, 2013 order until the appeals have been resolved. The substantial issues that Lawson intends to raise on appeal include, but are by no means limited to:

- Whether the Court erred by holding a contempt hearing with respect to an injunction that had been remanded to the Court for reconsideration, before conducting the mandated reconsideration of the injunction;

- Whether the Court, in proceeding under the Federal Circuit's ruling and mandate, erred by adhering in substantial part to the previous injunction;

- Whether the Court erred in failing to consider the substantial non-infringing uses of the redesigned products in both refusing to dissolve the injunction and in awarding damages against Lawson;

- Whether the Court erred in determining what was "contended" for purposes of the *TiVo* test by relying on the pre-trial "Infringement Claims Charts" instead of examining the evidence presented at trial;

- Whether the Court erred by relying on the "verdict of the jury, which stands for itself" to find what ePlus "proved" at trial instead of using traditional principles of claim and issue preclusion to determine the effect of the jury's mixed verdict;

- Whether the Court erred in invoking and applying the "doctrine of equivalents" standard as part of the colorability analysis;

3

- Whether in evaluating the "colorable differences" between the products considered by the jury and the redesigned products the Court erred in refusing to consider only the changed functionality of the product relevant to proof of infringement at the merits trial;

- Whether the Court erred in holding that the changes to the infringing products were not significant modifications, despite concessions to the contrary by ePlus's expert;

- Whether the Court erred in holding that the redesigned products were infringing based on an infringement theory (ordering products through one Punchout website) that was not contended at the infringement trial;

- Whether the Court erred in holding that the redesigned products were infringing based on an infringement theory (ordering products through Item Master only) that was not proven at the infringement trial;

- Whether the Court erred in holding that the redesigned products were infringing despite the fact ePlus never established at the contempt hearing that every step of method claim 26 is actually performed;

- Whether the Court erred in ordering the production of Lawson's privileged attorney-client communications, and then relying on evidence from such communications to find Lawson in contempt;

- Whether the Court erred in failing to hold ePlus to its burden to prove all aspects of its case by clear and convincing evidence;

- Whether the Court erred in failing to evaluate and consider all the evidence submitted by Lawson at the contempt hearing;

- Whether the Court erred in awarding disgorgement in a contempt proceeding arising out of patent infringement, particularly where ePlus made no attempt to establish the fact of harm, the amount of any harm, or any difficulty in proving harm;

- Whether the Court erred in awarding substantial "remedial" sanctions where ePlus did not show that it had suffered any harm; and

- Whether the Court erred in awarding a "coercive" sanction in the circumstances of this case, and given the nature and requirements of the injunction at issue.

Both the injunction itself and the order of contempt present the foregoing and several other issues that have not been previously resolved by the Federal Circuit, as the Court itself recognized in its lengthy orders and bench rulings. The Court clearly wrestled with many of these questions, and they present substantial grounds for Lawson to appeal from the Court's

4

contempt finding and order modifying the injunction.  These appellate issues, coupled with the serious likelihood of harm to Lawson in the form of dissatisfied customers and increased costs if it is unnecessarily forced to redesign or abandon its products, the absence of any harm to ePlus from a stay, and the public's interest in correct outcomes of contested disputes, warrant a stay of the Court's orders pending Lawson's appeal.

## ARGUMENT

District courts have broad discretion to manage their dockets, including the power to grant stays.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008); *see also NTP, Inc. v. Research in Motion, Ltd.*, 2003 U.S. Dist. LEXIS 26837, at *5 (E.D. Va. Aug. 5, 2003).  In deciding whether to grant a motion for a stay pending appeal pursuant to Fed. R. Civ. P. 62(b) or 62(c), the court should consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies."  *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987).  No single factor is dispositive.

Where there is sufficient risk of harm to the movant, there need be only "substantial" issues for appeal.  *Standard Havens*, 897 F.2d at 513.  A court need not determine that its decision was erroneous, but only that it has ruled on an admittedly difficult legal question and the equities of the case suggest the status quo should be maintained.  *Washington Metro. Area*

5

*Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844-45 (D.C. Cir. 1977); *Combustion Sys. Servs., Inc. v. Schuylkill Energy Res., Inc.*, 153 F.R.D. 73, 74 (E.D. Pa. 1994).

Almost all of the appellate issues identified above have been the subject of extensive briefing, letters to the Court and oral argument, and while Lawson maintains its previously argued positions, it will not burden the Court in restating them here. Instead, Lawson relies upon its prior arguments and submissions, including those set forth in D.I. 990-91, 1012, 1066-69, and addresses below two exemplary points.

First, reasonable jurists could, indisputably, disagree with critical aspects of the Court's contempt ruling. As just one example, the district court in *nCube Corp. v. SeaChange International, Inc.*, 2012 WL 4863049, at *3-5 (D. Del. Oct. 9, 2012), permitted witnesses in the contempt hearing to testify as to the contents of the trial record for purposes of assessing colorability, ultimately basing its holding on the fact that "[d]uring the 2002 trial, [the plaintiff] never identified the SessionID as satisfying the 'upstream physical address' of claim 4." *Id.* at *5. This Court recognized that the *nCube* contempt court conducted the very type of evidence review Lawson sought here: the *nCube* court explicitly considered the content of expert testimony from the infringement case and then went on to "contrast it with the record established during the contempt hearing." D.I. 1087 at 16-17.[2] Mindful of that different approach, the Court simply refused to follow *nCube*. This divergence of opinion on a key issue in the case demonstrates that appellate resolution is required, and that a stay pending that resolution is warranted. The Federal Circuit heard oral argument in *nCube* on August 6, and the recording,

---

[2] When Lawson cross-examined ePlus's expert to elicit what had been contended and proved as the basis for infringement at the merits trial, and to contrast that with the theory offered at the contempt hearing, the Court sustained ePlus's objections, observing "we don't need to go back and re-plow what happened at the trial …. [T]he question is beyond where we need to go." 4/5/13 Tr. at 767-68.

which bears in part on this very issue, is available at the Federal Circuit's website.[3] If the Federal Circuit ultimately approves the analytical approach followed in *nCube*, it would point up the error in the proceeding here and require reversal of the contempt sanctions.

As another example, the Court broke new legal ground in determining, *sua sponte*, that the doctrine of equivalents (as developed in the infringement context) is applicable to the question whether RQC is more than colorably different from RSS (as pertinent in the contempt context). D.I. 1087 at 9-11. The Court cited *KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc.*, 776 F. 2d 1522, 1527 (Fed. Cir. 1985), but the Federal Circuit actually *rejected* the doctrine of equivalents as the appropriate test in *KSM*. The court discussed several potential approaches to determining "colorable" differences—one of which was the doctrine-of-equivalents-based approach—and held the *correct* approach was to analyze whether there are substantial open issues with respect to infringement. *KSM*, 776 F.2d at 1530-32. The doctrine of equivalents approach is similarly at odds with *TiVo*, which made clear that if only one element of a product has been significantly modified, the product "as a whole" is more than colorably different than the adjudged infringing product. *TiVo, Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011) (en banc).

As these examples demonstrate, Lawson has numerous substantial arguments on appeal, any one of which (if accepted by the Federal Circuit) would be sufficient to relieve Lawson of all contempt sanctions. ePlus, on the other hand, will have to win on every single issue on appeal in order for this Court's orders to be maintained. As the previous appeal indicates, that is not a likely outcome. Accordingly, the Court should stay the injunction and contempt orders until after the Federal Circuit has ruled on Lawson's challenges to both orders. Lawson would be

---

[3] A recording of the argument may be accessed at: http://www.cafc.uscourts.gov/oral-argument-recordings/all/ncube.html.

7

irreparably harmed in its ongoing business relations in the absence of a stay while the Federal Circuit resolves these significant issues. At the same time, ePlus would not suffer any harm from a stay because Lawson is in the process of fully securing the amount payable to ePlus in the event of affirmance. And the public interest clearly favors a stay because, in light of recent developments, the only property rights currently at stake are Lawson's.

The Patent and Trademark Office has determined that the sole remaining method claim is invalid due to multiple prior art references. *See Ex parte ePlus, Inc.*, Board of Patent Appeals and Interferences in Reexamination no. 90/008, 104. Affirmance by the Federal Circuit would necessarily render the injunction inoperative and require immediate vacatur of the contempt order. *See ePlus, Inc. v. Lawson Software, Inc.*, 2011 U.S. Dist. LEXIS 55625, at *15 (E.D. Va. May 24, 2011) ("The Court recognizes the impact of a final PTO finding of invalidity"); *see also Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 27 U.S.P.Q.2d 1959, 1993 U.S. App. LEXIS 11963, at *1-2 (Fed. Cir. 1993) (unpublished) ("As a matter of law ... if the reexamination decision of unpatentability is upheld in the court action ... the injunction would thereby immediately become inoperative"); *see Translogic Tech., Inc. v. Hitachi, Ltd.*, 250 F. App'x 988, at *3 (Fed. Cir. 2007); *Flexiteek Ams., Inc. v. Plasteak, Inc.*, 2012 U.S. Dist. LEXIS 156286, at *40-41 (S.D. Fla. Sep. 10, 2012). The co-pending invalidity appeal is reason enough to stay the injunction and contempt orders.

Both the parties and the judicial system will benefit from the Federal Circuit's consideration and resolution of the many important, novel, and substantial issues raised by the Court's rulings in this case. Lawson should not have to pay the Court an "access fee" of some $23 million per year—the amount of the "coercive" fine—while it exercises its right of appeal. Rather, the contempt order and coercive sanction should all be stayed until the Federal Circuit

has had the opportunity to rule on the validity of the sole remaining patent claim, the propriety of the injunction, and the legitimacy of both the procedural and substantive aspects of the contempt order and ensuing sanctions.

## CONCLUSION

The Court should stay the contempt opinion and order (D.I. 1087, 1088) until the Federal Circuit resolves Lawson's appeals from those orders. In particular, the Court should extend the deadline for Lawson to be "in compliance with the injunction" (D.I. 1087 at 69), and the corresponding start date of any coercive fine, from September 20, 2013, until 30 days after the Federal Circuit issues its decision on appeal of the contempt order.

Dated:  August 23, 2013

Respectfully submitted:

LAWSON SOFTWARE, INC.

By: _____/s/_____

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia  23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com

Josh A. Krevitt (admitted *pro hac vice*)
Daniel J. Thomasch (admitted *pro hac vice*)
Richard W. Mark (admitted *pro hac vice*)
Christopher D. Dusseault (admitted *pro hac vice*)
Jason C. Lo (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Defendant Lawson Software, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of August, 2013, a true copy of the foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig T. Merritt
Henry I. Willett, III
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
cmerritt@cblaw.com
hwillett@cblaw.com

James D. Clements
**GOODWIN PROCTER, LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
jclements@goodwinprocter.com

Jennifer A. Albert
David M. Young (VSB No. 35997)
**GOODWIN PROCTER, LLP**
901 New York Avenue, N.W.
Washington, DC 20001
jalbert@goodwinprocter.com
dyoung@goodwinprocter.com

*Attorneys for Plaintiff*

      /s/    Robert A. Angle
Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Megan C. Rahman (VSB No. 42678)
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
megan.rahman@troutmansanders.com
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
*Counsel for Defendant Lawson Software, Inc.*