IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| *e*PLUS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-CV-620 (REP) |
| | ) | |
| v. | ) | |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF *e*PLUS INC.'S BRIEF IN OPPOSITION TO MOTION TO EXPEDITE BRIEFING SCHEDULE WITH RESPECT TO DEFENDANT'S MOTION FOR A STAY PENDING APPEAL**

Jennifer A. Albert (admitted *pro hac vice)*
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4000


Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone:  (617) 570-1000

Craig T. Merritt (VSB #20281)
Paul W. Jacobs, II (VSB #16815)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100

*Attorneys for Plaintiff ePlus Inc.*

I.      **INTRODUCTION**

Plaintiff *e*Plus Inc. ("*e*Plus") respectfully requests that the Court deny Defendant Lawson Software, Inc.'s ("Lawson") motion to expedite the briefing schedule for Lawson's motion to stay enforcement of the Court's August 16, 2013 judgment holding it in contempt and imposing a compensatory award and coercive civil fines.

*First*, Lawson's stay motion raises numerous substantive issues, and *e*Plus should have the opportunity to provide a full response. Among other things, the motion appears to seek a stay, not only of enforcement of the Court's August 16, 2013 Order, but also *of the injunction* that has been in place since May 2011. As this Court is aware, the Court and the Federal Circuit both have already heard and rejected Lawson's several prior motions to stay the injunction.

Further, Lawson's motion recites no less than 17 issues that it contends present significant issues rendering it likely to prevail on appeal. In addition, Lawson reiterates prior arguments about collateral reexamination proceedings. Again, *e*Plus should be permitted to provide a fuller response to these arguments than can be prepared in three business days.

*Second*, while Lawson's brief glosses over this point, the bond that *e*Plus understands Lawson to propose would be wholly inadequate, even if the Court determines to stay enforcement. In fact, Lawson's brief nowhere explains what it intends to post by way of bond.

*Third*, several key members of *e*Plus's trial team, and the persons responsible for opposing Lawson's motion, have previously-scheduled travel plans during the three business day time period in which Lawson proposes that *e*Plus prepare its opposition brief.

*e*Plus should be permitted to more fully address these issues pursuant to the usual time frame allotted under the Court's Local Rules. Accordingly, *e*Plus respectfully requests that the Court deny Lawson's motion to expedite the briefing schedule.

## II.     ARGUMENT

### A.     *e*Plus Should Be Permitted A Fair Opportunity To Respond With Respect To The Numerous Issues That Lawson Intends To Raise On Appeal

Lawson's brief recites at least *17* issues that it contends merit a stay, because these issues supposedly demonstrate that it has a substantial likelihood of success on the merits of its appeal. *e*Plus disagrees with these arguments, and should be permitted a fair opportunity to explain why.

Among other points, Lawson's motion and brief appear to seek a stay *of the permanent injunction which has been in place since May 2011*. *See* Dkt. No. 1091 at 1, n.1 ("*The stay request is particularly directed to the prospective injunction* and related coercive fine."); *id.* at 7 ("Accordingly, the Court *should stay the injunction and* contempt orders"); *id.* at 9 (asking that Court extend "deadline for Lawson to be 'in compliance with the injunction'" and "corresponding start date of any coercive fine"); Dkt. No. 1090 at 1 (Lawson "hereby moves for a *stay of this Court's order of injunction* and coercive fines (D.I. 1088) extending the deadline for Lawson to 'be in compliance with the injunction' ….") (emphases added).  No such motion ought even be considered by the Court, as the time has long since passed for any further re-argument of whether the injunction should have been stayed.  The only issue before the Court is whether to stay enforcement of the contempt finding and money judgments under the August 16 Order.

*Both this Court and the Federal Circuit previously ruled on Lawson's several motions to stay the permanent injunction pending appeal, and Lawson's motions were denied on every occasion*.  When this Court on June 11, 2013 revised the injunction to remove Configuration 4 from its scope, Lawson appealed to the Federal Circuit, but made no motion to stay. Accordingly, it has long been settled that a permanent injunction is in place and is not stayed pending appeal.

Finally, ePlus should be permitted to more fully brief why Lawson's stay request would defeat the very purpose of the Court's August 2013 Order, which included civil coercive fines for the purpose of compelling Lawson's immediate compliance. The Court has already found (and the Federal Circuit affirmed) that *ePlus* is irreparably harmed in the absence of an injunction, and there was no compelling hardship to Lawson to merit that injunctive relief be denied. A stay of the injunction, contempt judgment and coercive fines would subvert the express purpose of the Court's prior rulings.

### B.     ePlus Should Be Permitted A Full Opportunity To Respond With Respect To The Inadequacy Of Lawson's Proposed Bond

Lawson proposes to post a supersedeas bond in the event the Court grants its proposed stay pending appeal. However, Lawson provides no details about the proposed bond or its amount. Based on discussions between counsel, ePlus understands that the bond Lawson intends to present to the Court would cover only the amount of the compensatory award for past damages to ePlus. Thus, the bond would not be sufficient to cover the accumulating civil coercive fines of $62,362 *per day* that the Court has ordered Lawson to pay the government. Nor would it cover future damages to ePlus running from the date of the injunction forward if Lawson continues its contempt. And it bears emphasis, Lawson all but admits that it intends to continue that contempt if the Court grants the stay.[1]

---

[1] Lawson's argument that it will be "irreparably harmed" in connection with its "ongoing business relations" if the stay is not granted plainly means that Lawson intends to rely on a stay as a grant of immunity to allow it to continue acting in contempt of the injunction. Dkt. No. 1091 at 8; *see also* Dkt. No. 1093 (Lawson brief arguing "absent a stay … the price to Lawson of appellate review involves either the disruption of Lawson's relationship with existing customers, suffering the financial burden of coercive fines … or possibly both.").

3

The cumulative dollar amounts of those sums are quite substantial, and by far exceed the amount of the compensatory award to *e*Plus. Assuming the appeal takes 18 months,[2] the daily civil coercive remedies alone would add up to nearly ***$28 million***. If the Court extrapolated an ongoing compensatory award to *e*Plus based on the past contempt award, *e*Plus estimates that this would be an additional $28 million that Lawson would owe to *e*Plus. Yet Lawson does not propose that the bond cover either of these amounts.

If a stay of payment[3] of the monetary awards is granted, the bond should be in an amount necessary to cover the awards ***in full***, including post-judgment interest and the like. *e*Plus should be permitted a full opportunity to present these arguments.

### C. Lawson's Proposed Expedited Briefing Schedule Would Be Unfairly Prejudicial To *e*Plus

Lawson has proposed that *e*Plus have only three business days to respond to its motion to stay a multi-million dollar contempt award pending the appeal of this Court's decision. As a practical matter, this proposal is unfairly prejudicial to *e*Plus because several members of *e*Plus's trial team, and the persons directly responsible for opposing this motion, have pre-existing travel plans during the time when *e*Plus would have to prepare its opposition under Lawson's proposal. Particularly when the alleged exigency is not one of *e*Plus's making, it should not be prejudiced by Lawson's desire for expedited treatment. As discussed *supra*, Lawson's stay motion implicates numerous substantive issues, and provides no details about its proposed bond. *e*Plus

---

[2] This is the amount of time that the appeal from trial consumed, running from the Notice of Appeal to issuance of the mandate. This duration is not unusual for a Federal Circuit appeal.

[3] Again, it bears emphasis that Lawson's brief appears to seek not only a "stay of payment," but in addition an ***immunity from obligation to comply with the injunction*** pending appeal. *See* Dkt. No. 1091 at 9 (arguing "the Court should ***extend the deadline for Lawson to be 'in compliance with the injunction'*** … and the corresponding ***start date of any coercive fine*** … until 30 days after the Federal Circuit issues its decision on appeal of the contempt order.") (emphasis added).

should be given a full and fair opportunity to respond to these points.

Moreover, under the Court's normal briefing schedule under the Local Rules, the Court can still resolve Lawson's stay motion prior to September 20, the date the Court's Order set for Lawson to make a showing that it has purged the contempt. Lawson's arguments are tacit admissions that it hopes to avoid continued contempt, *not* by showing compliance with the injunction, but rather by having the Court stay its obligation to comply during the months the appeal will be pending. The Court certainly should not indulge Lawson's desire to be excused from the consequences of its contempt.

Indeed, the Court has no obligation to facilitate Lawson's desire that enforcement first be stayed before Lawson is required to come forward to show it has purged the contempt. Rather, the Court should determine whether Lawson has shown it has purged the contempt. Only if Lawson has made this showing should the Court consider staying enforcement of the August 16 judgment.

### III. CONCLUSION

For the foregoing reasons, *e*Plus respectfully requests that the Court deny Lawson's request for expedited briefing.

Respectfully Submitted,

August 26, 2013

                /s/
David M. Young (VSB #35997)
Jennifer A. Albert (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
dyoung@goodwinprocter.com
jalbert@goodwinprocter.com

Michael G. Strapp (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
mstrapp@goodwinprocter.com

Craig T. Merritt (VSB #20281)
Paul W. Jacobs, II (VSB #16815)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com

*Attorneys for Plaintiff ePlus Inc.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of August, 2013, I will serve

**PLAINTIFF *e*PLUS INC.'S BRIEF IN OPPOSITION TO MOTION TO EXPEDITE BRIEFING SCHEDULE WITH RESPECT TO DEFENDANT'S MOTION FOR A STAY PENDING APPEAL**

with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) via email to the following*:*

| | |
|---|---|
| Daniel J. Thomasch, *pro hac vice* <br> Gibson, Dunn & Crutcher LLP <br> 200 Park Avenue <br> New York, NY 10166-0193 <br> (212) 351-3800 <br><br> Jason C. Lo, *pro hac vice* <br> Gibson, Dunn & Crutcher LLP <br> 333 South Grand Avenue <br> Los Angeles, CA 90071-3197 <br> (213) 229-7153 <br> VAED-620ExternalServiceList@gibsondunn.com | Robert A. Angle, VSB#37691 <br> Dabney J. Carr, IV, VSB #28679 <br> TROUTMAN SANDERS LLP <br> P.O. Box 1122 <br> Richmond, Virginia 23218-1122 <br> (804) 697-1238 <br> (804) 698-5119 (Fax) <br> robert.angle@troutmansanders.com <br> dabney.carr@troutmansanders.com <br><br> ***Counsel for Defendant Lawson Software, Inc.*** |
| Donald R. Dunner, *pro hac vice* <br> Erika H. Arner, *pro hac vice* <br> Finnegan, Henderson, Farabow, Garrett & Dunner, LLP <br> 901 New York Avenue, NW <br> Washington, DC 20001 <br> (202) 408-4000 <br> (202) 408-4400 <br> EXT-Lawson-FinneganCorrespondence@finnegan.com | |

                                              */s/*
                               David M. Young (VSB #35997)
                               GOODWIN PROCTER LLP
                               901 New York Avenue, N.W.
                               Washington, DC 20001
                               Telephone:  (202) 346-4000
                               Facsimile:   (202) 346-4444
                               dyoung@goodwinprocter.com