**GOODWIN | PROCTER**

Michael Strapp
617.570.1658
mstrapp@
goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

October 2, 2013



**Via Hand Delivery**

The Honorable Robert E. Payne, United States District Judge
United States District Court
  for the Eastern District of Virginia, Richmond Division
Spottswood W. Robinson III and
  Robert R. Merhige, Jr., Federal Courthouse
701 East Broad Street
Richmond, VA 23219

Re:   *ePlus, Inc. v. Lawson Software, Inc.*
      Civil Action No. 3:09cv620 (REP)

Dear Judge Payne:

I write on behalf of *e*Plus to update the Court on the status of the proceedings at the Federal Circuit concerning Lawson's motion to stay the injunction and to express *e*Plus's disagreement with Lawson's position that the report it submitted on September 20, 2013 establishes that Lawson is in partial compliance with the injunction.

**Lawson's Motion to Stay the Contempt Order**

On September 19, 2013, the Federal Circuit issued an order denying-in-part and granting-in-part Lawson's motion seeking a stay of this Court's contempt order. In its stay order, the Federal Circuit denied Lawson's motion insofar as Lawson sought to stay the requirement that it comply immediately with the restrictions on its activity set forth in the contempt order. However, the Federal Circuit also granted-in-part Lawson's motion by staying the contempt order to the extent that: (1) Lawson is not required to demonstrate compliance with the injunction during the pendency of its appeal; (2) Lawson is not required to pay the daily fine that this Court conditionally imposed if Lawson failed to demonstrate compliance with the injunction; and (3) the daily fine will not accrue during the pendency of the appeal.[1]

On September 25, 2013, *e*Plus filed a motion requesting that the Federal Circuit reconsider the portion of its order granting-in-part Lawson's stay motion. *e*Plus noted

---

[1] A copy of the Federal Circuit's September 19, 2013 order is attached as Exhibit A.

The Honorable Robert E. Payne
October 2, 2013
Page 2

that the Federal Circuit's order was internally inconsistent because even though it ordered Lawson to comply *immediately* with the contempt order, the Federal Circuit also *stayed* the daily fine that this Court had specifically imposed to ensure that Lawson would comply with the contempt order. *e*Plus also pointed out that because the Federal Circuit stayed the coercive fine, Lawson had chosen to ignore the portion of the order requiring Lawson to comply immediately with the contempt order. *e*Plus attached evidence of Lawson's ongoing contemptuous activity in the form of screenshots from Lawson's website that reveal that Lawson is continuing to make, use, offer to sell and sell Configurations 3 and 5 with RQC.[2]

On September 27, 2013, the Federal Circuit issued an order directing Lawson to respond to the motion for reconsideration no later than today, October 2, 2013. The Federal Circuit also ordered *e*Plus to file a reply no later than October 7, 2013.[3]

### Lawson's Report of Alleged Partial Compliance

On September 20, 2013, Lawson filed a "Notice of Report of Compliance" with this Court, unilaterally declaring itself in *partial* compliance with the injunction based on allegedly "undisputed" facts. Lawson's unilateral declaration of partial compliance based on uncorroborated factual allegations is insufficient to show that Lawson has complied with any aspect of the Court's contempt order.

As an initial matter, Lawson's report is not supported by any documentary evidence of the numerous facts that it seeks to establish. Lawson's new allegations of partial compliance with the injunction are based on nothing more than the say-so of its counsel and a single employee declaration.

Lawson's assertions of steps it has allegedly taken to ensure that customers are no longer using RSS also contradict the sworn testimony and arguments Lawson made only months ago in connection with the contempt hearing. As just one example, Lawson now represents that the installation of RQC did *not* automatically result in the uninstallation of RSS (Report at 13). However, previously Lawson had claimed, under penalty of perjury, "when RQC is installed, *customers automatically lose access to RSS*." Lawson Answer to Interrogatory No. 3 (PX1269) (emphasis added); *see also* Contempt Tr. 600:20-22 (Hanson) ("once the installation of RQC is completed in the production environment, RSS is inaccessible.").

Lawson's failure to demonstrate that it has complied with the portion of the contempt order that relates to Configurations 3 and 5 with the RSS module is particularly significant because, as Lawson noted in its report, Lawson explicitly chose *not* to seek a stay of the contempt order insofar as the order concerned Configurations 3 and 5 with RSS. Instead, "in its stay motions to this Court and to the Federal Circuit, Lawson

---

[2] A copy of *e*Plus's motion for reconsideration and the accompanying Lawson website screenshots are attached as Exhibit B.

[3] A copy of the Federal Circuit's September 27, 2013 order is attached as Exhibit C.

The Honorable Robert E. Payne
October 2, 2013
Page 3

indicated its intent to establish compliance with that part of the Contempt Order that relates to Configuration Nos. 3 and 5 with the RSS module." (Report at 2 n.1) Because Lawson did not even *seek* a stay of the coercive fine with respect to Configurations 3 and 5 with RSS, the order of the Federal Circuit granting-in-part Lawson's motion should not be interpreted to provide Lawson with a stay of the coercive fine with respect to the RSS Configurations.

In short, *e*Plus does not believe that Lawson has demonstrated compliance with any portion of the Court's order. If the Federal Circuit grants *e*Plus's pending motion for reconsideration and denies Lawson's stay motion in full, *e*Plus respectfully requests that the Court find that Lawson has not purged its contempt with respect to Configurations 3 and 5 with RQC *and* Configurations 3 and 5 with RSS. Even if the Federal Circuit denies *e*Plus's motion for reconsideration, *e*Plus believes that the Federal Circuit will clarify that the stay does not apply to Configurations 3 and 5 with RSS because Lawson never sought such an order, but instead affirmatively made a proffer of its compliance to this Court.

*e*Plus intends to submit a response to Lawson's report and a request for specific relief after the Federal Circuit decides *e*Plus motion for reconsideration. If the Court desires *e*Plus to provide a response to Lawson's report prior to the Federal Circuit's decision, *e*Plus will, of course, do so.

Respectfully submitted,

Michael Strapp

cc: Counsel of Record