# EXHIBIT A

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EPLUS, INC.,**
*Plaintiff-Appellee,*

v.

**LAWSON SOFTWARE, INC.,**
*Defendant-Appellant.*

---

2013-1506, -1587

---

Appeals from the United States District Court for the Eastern District of Virginia in No. 09-CV-0620, Senior Judge Robert E. Payne.

---

**ON MOTION**

---

PER CURIAM.

**ORDER**

Lawson Software, Inc. moves to stay in part the August 16, 2013 order of the United States District Court for the Eastern District of Virginia ("Contempt Order") finding Lawson in contempt of the court's May 23, 2011 injunction order. The Contempt Order requires Lawson to demonstrate compliance with the court's injunction by September 20, 2013 or pay a coercive sanction of $62,362 for every day

EPLUS, INC. V. LAWSON SOFTWARE, INC.                                2

it is not in compliance with the injunction. ePlus, Inc. opposes the motion.

In deciding whether to grant a stay pending appeal, this court "assesses [the] movant's chances for success on appeal and weighs the equities as they affect the parties and the public." *E.I. Dupont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987); *see also Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511 (Fed. Cir. 1990). To prevail, a movant must establish a strong likelihood of success on the merits or, failing that, must demonstrate that it has a substantial case on the merits and that the harm factors militate in its favor. *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987).

Upon consideration thereof,

IT IS ORDERED THAT:

The motion is denied in part and granted in part. This court will not stay the Contempt Order to the extent the order requires Lawson to comply immediately with the restrictions on its activity recited therein. To the extent Lawson fails to comply and fails to prevail on appeal, it will be liable for any compensatory damages incurred by ePlus during the pendency of the appeal, as well as any interest or fees related thereto, to the extent appropriate.

The Contempt Order is stayed to the extent that: (1) Lawson shall not have to demonstrate compliance with the May 23, 2011 injunction order during the pendency of its appeal of the Contempt Order; (2) Lawson shall not have to pay the $62,362 per day fine, which will not accrue during the pendency of its appeal; and (3) the $62,362 per day fine will only begin to accrue if Lawson is unsuccessful on appeal.

3

EPLUS, INC. V. LAWSON SOFTWARE, INC.

FOR THE COURT

/s/ Daniel E. O'Toole
  Daniel E. O'Toole
  Clerk

s19