# United States Court of Appeals for the Federal Circuit

———————————

**EPLUS, INC.,**
*Plaintiff-Appellee*

**v.**

**LAWSON SOFTWARE, INC.,**
*Defendant-Appellant*

———————————

2013-1506, 2013-1587

———————————

Appeals from the United States District Court for the Eastern District of Virginia in No. 09-CV-0620, Senior Judge Robert E. Payne.

———————————

## ON PETITION FOR REHEARING EN BANC

———————————

Before PROST, *Chief Judge,* NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, and HUGHES, *Circuit Judges.*[*]

Opinion concurring in the denial of the petition for rehearing en banc filed by *Circuit Judge* DYK, in which *Chief Judge* PROST joins.

———————————

[*]    Circuit Judge Chen did not participate.

Case 3:09-cv-00620-REP Document 1116 Filed 06/18/15 Page 2 of 19 PageID# 36933

2                              EPLUS, INC. v. LAWSON SOFTWARE, INC.

Opinion dissenting from the denial of the petition for rehearing en banc filed by *Circuit Judge* NEWMAN, in which *Circuit Judges* O'MALLEY and WALLACH join.

Opinion dissenting from the denial of the petition for en banc rehearing filed by *Circuit Judge* MOORE, in which *Circuit Judges* O'MALLEY, REYNA, and WALLACH join.

Opinion dissenting from the denial of the petition for en banc rehearing filed by *Circuit Judge* O'MALLEY, in which *Circuit Judge* WALLACH joins.

PER CURIAM.

## O R D E R

Appellee ePlus, Inc. filed a combined petition for panel rehearing and rehearing en banc. A response to the petition was invited by the court and filed by appellant Lawson Software, Inc. The petition and response were referred to the panel that heard the appeal, and thereafter the petition and response were referred to the circuit judges who are in regular active service. A poll was requested taken and failed.

IT IS ORDERED THAT:

The petition for rehearing en banc is denied.

The mandate of the court will issue on June 25, 2015.

FOR THE COURT

  June 18, 2015                         /s/ Daniel E. O'Toole
        Date                            Daniel E. O'Toole
                                        Clerk of Court

# United States Court of Appeals
# for the Federal Circuit

_____

**EPLUS, INC.,**
*Plaintiff-Appellee*

**v.**

**LAWSON SOFTWARE, INC.,**
*Defendant-Appellant*

_____

2013-1506, 2013-1587

_____

Appeals from the United States District Court for the Eastern District of Virginia in No. 09-CV-0620, Senior Judge Robert E. Payne.

_____

DYK, *Circuit Judge*, with whom PROST, *Chief Judge*, joins, concurring in the denial of the petition for rehearing en banc.

The court correctly decides today that this case does not warrant rehearing en banc. Here we respond briefly to a few points raised by the dissents in the denial of en banc review.

First, the division between the majority and dissent in this case is essentially about whether the applicable provisions of the injunction were final. As we explained in the majority panel opinion, the injunction was not final at the time the claims were cancelled, since we had remanded "for the district court to consider what changes are

2                         EPLUS, INC. v. LAWSON SOFTWARE, INC.

required to the terms of the injunction, consistent with
this opinion," *ePlus, Inc. v. Lawson Software*, *Inc.*, 700
F.3d 509, 523 (Fed. Cir. 2012). On remand, the parties
had disputed the scope of the injunction, and the scope
of the injunction was being challenged on a second appeal.
Review of the finality here is not "necessary to secure or
maintain uniformity of the court's decisions" nor does it
"involve[] a question of exceptional importance." Fed. R.
App. P. 35(a).

Second, assuming the injunction was not final, the
majority opinion reflects nothing more than application of
well-established law. It is clear from *Worden v. Searls*,
121 U.S. 4 (1887), that civil contempt sanctions for violat-
ing an injunction that is not final must be set aside where
the underlying patent is invalidated. The right to fines
"was, if it existed at all, founded on [the] right to the
injunction, and that was founded on the validity of [the]
patent." *Id.* at 25. Judge Moore complains that this deci-
sion is "unfair," *see* Moore Diss. Op. at 3, but does not
explain why the judiciary should award compensatory
damages for a non-final injunction based on an invalid
patent. "Invalidity is an affirmative defense that can
preclude enforcement of a patent against otherwise in-
fringing conduct. . . . [I]f the patent is indeed invalid, and
shown to be so under proper procedures, there is no
liability." *Commil USA, LLC v. Cisco Sys., Inc.*, No. 13–
896, slip op. at 11 (May 26, 2015) (internal quotation
marks, citations omitted). In fact, without finality present
here, it would be "manifestly *unjust*" to allow ePlus to
recover from its invalid patent "when the rest of the
industry is not impeded by the patents." *Mendenhall v.
Barber-Greene Co.*, 26 F.3d 1573, 1583 (Fed. Cir. 1994).

Third, the dissents suggest that a PTO proceeding is
"unravel[ing]" a district court judgment, Moore Diss. Op.
at 2, or a judicial ruling is being "nullif[ied]" by "a subse-
quent decision of the Patent and Trademark Office,"

EPLUS, INC. v. LAWSON SOFTWARE, INC.                3

Newman Diss. Op. at 5. This is incorrect. The cancellation at the PTO was finally affirmed by *this court. See In re ePlus, Inc.*, 540 F. App'x 998 (Fed. Cir. 2013). As we have repeatedly held, when a challenger to a patent fails to meet its burden in district court, "the court will not find the patent 'valid,' only that 'the patent challenger did not carry the 'burden of establishing invalidity in the particular case before the court.'" *In re Baxter Int'l, Inc.*, 678 F.3d 1357, 1364 (Fed. Cir. 2012) (quoting *In re Swanson*, 540 F.3d 1368, 1377 (Fed. Cir. 2008)). Thus, "a prior holding of validity is not necessarily inconsistent with a subsequent holding of invalidity." *Swanson*, 540 F.3d at 1377 (quoting *Stevenson v. Sears Roebuck & Co.*, 713 F.2d 705, 710 (Fed. Cir. 1983)).

Fourth, nothing in the record of this case suggests the accused infringer was trying to engage in any delay or abuse of process. Not even the patent holder in this appeal argued that there was any intentional delay or abuse of process by the accused infringer.

# United States Court of Appeals
# for the Federal Circuit

—————————

**EPLUS, INC.,**
*Plaintiff-Appellee*

**v.**

**LAWSON SOFTWARE, INC.,**
*Defendant-Appellant*

—————————

2013-1506, 2013-1587

—————————

Appeals from the United States District Court for the Eastern District of Virginia in No. 09-CV-0620, Senior Judge Robert E. Payne.

—————————

NEWMAN, *Circuit Judge*, with whom O'MALLEY and WALLACH, *Circuit Judges*, join, dissenting from denial of the petition for rehearing en banc.

I respectfully dissent from the court's refusal to re-hear this case en banc. Several issues warrant the court's attention, for they raise fundamental concerns of the finality of judgments, of the relation between branches of government, of judicial responsibility, and of consistency with the regional circuits in procedural law.

## I

The panel majority holds that the district court's and this court's judgments were not final, and on this ground rules that non-final judicial judgments are subject to

overrule by subsequent holdings of the Patent and Trademark Office. I start with the question of finality of the adjudications of infringement and contempt.

The district court, after a jury verdict of infringement, enjoined further infringement of the claims of the three ePlus patents in suit, including claim 26 of U.S. Patent No. 6,023,683 ("the '683 patent"). The district court enjoined infringement until expiration of the '683 patent, the last to expire of the patents, expiration date February 8, 2017. *ePlus, Inc. v. Lawson Software, Inc.*, No. 3:09-cv-620, 2011 WL 2119410, at *24 (E.D. Va. May 23, 2011). The district court found irreparable injury and that the balance of harms strongly favored ePlus, and that there was no adequate alternative remedy at law. *Id.* at *16. The court extensively explored the evidence and applicable factors, and stated that "without the prohibitive force of an injunction and, of course, the availability of judicial sanctions for violations thereof, [ePlus] would be engaged in a constant action to police Lawson's conduct." *Id.* at *12. The district court denied Lawson's request for a stay of the permanent injunction. *ePlus, Inc. v. Lawson Software, Inc.*, No. 3:09-cv-620, 2011 WL 2119413, at *7 (E.D. Va. May 24, 2011)., and this court denied Lawson's motions for stay, *ePlus, Inc. v. Lawson Software, Inc.*, 424 F. App'x 947 (Fed. Cir. 2011) and 431 F. App'x 920 (Fed. Cir. 2011).

On appeal to the Federal Circuit, we affirmed the judgment as to claim 26 of the '683 patent including the injunction, and reversed as to the other four claims. We remanded "to consider what changes are required to the terms of the injunction, consistent with this opinion. In all other respects, we affirm." *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 523 (Fed. Cir. 2012).

The district court then found that Lawson's assertedly modified products continued to infringe, and issued an order of civil contempt. *ePlus Inc. v. Lawson Software,*

EPLUS, INC. v. LAWSON SOFTWARE, INC.                    3

*Inc.*, 946 F. Supp. 2d 449 (E.D. Va. 2013). Meanwhile, the Patent & Trademark Office on reexamination held claim 26 invalid, and this court summarily affirmed.  *In re ePlus, Inc.*, 540 F. App'x 998 (Fed. Cir. 2013).

The issue before us is not whether claim 26 is enforceable against Lawson for future infringement, after the PTO invalidation; the issue is whether the earlier contempt order became retrospectively cancelled, as to past violations of the injunction. The panel so holds, by split decision.

In the panel's dissenting opinion, Judge O'Malley corrects the panel majority's error in describing the judicial rulings of infringement as "not final" rulings. From the district court judgment and JMOL, and through the Federal Circuit's affirmance, claim 26 was finally held infringed.  Infringement was enjoined by permanent injunction, and the defendant's violation of the injunction was the subject of the civil contempt order.

The panel majority is incorrect in stating that the Federal Circuit "overturned" the injunction. Maj. Op. at 3.  The Federal Circuit affirmed the injunction.  *ePlus*, 700 F.3d at 522.  Our final rulings concerning claim 26 were not the subject of remand to the district court. Indeed, on remand the district court pointed out that it could not reconsider the injunction, as Lawson requested, because of the mandate rule.  *ePlus,* 946 F. Supp. 2d at 465 ("Under the mandate rule, the Court is prohibited from retrospectively dissolving the injunction as to issues that were affirmed by the Federal Circuit.").

The concurrence states that "the injunction was not final at the time the claims were cancelled." Conc. Op. at 1.  That is a misstatement.  The injunction was final.  The injunction was modified by the district court, not vacated. "[T]he injunction . . . is modified."  *ePlus Inc. v. Lawson Software, Inc.*, No. 3:09cv620 (E.D. Va. June 11, 2013) (Order Modifying the Order of Injunction Entered on May

4                    EPLUS, INC. v. LAWSON SOFTWARE, INC.

23, 2011). "The injunction ORDER . . . shall remain in effect in all other respects." *Id.*[1]

    The panel majority's ruling is at odds with all of the regional circuits. The regional circuits have dealt with issues of finality in a variety of circumstances; and the uniform rule is that a final judgment is final as to its subject matter, even if other items remain for consideration or for remand. For example, in *Qualcomm Inc. v. FCC*, the circuit court affirmed enforcement of the district court's judgment despite intervening legislative change, even though the case was remanded following appeal.

---

    [1]  The original injunction order shows that it was in effect as of the day it issued, with a short delay for healthcare providers. "[I]t is hereby ORDERED that the Defendant, Lawson Software, Inc. . . . are permanently enjoined from directly or indirectly making, using, offering to sell or selling." *ePlus Inc. v. Lawson Software, Inc.*, No. 3:09cv620 (E.D. Va. May 23, 2011) (Order Granting Permanent Injunction). "It is further ORDERED that Lawson . . . [is] required to notify all customers who have purchased all or any of the Infringing Products and Services." Id. at 3-4. "It is further ORDERED that this injunction is to remain in effect until . . . February 8, 2017." *Id.* at 4. "[F]or the 277 customers who previously purchased the infringing systems detailed above before the verdict and who provide only healthcare services, this order will not take effect until November 23, 2011." *Id.* at 4.

    The concurrence cites the remand for "what changes are required in the terms of the injunction." Indeed there was a remand, for some patent claims were no longer at issue. But this did not affect the finality of the injunction as to claim 26, final in the district court, and final on appeal, and never cancelled as the district court observed. 946 F. Supp. 2d at 465.

181 F.3d 1370, 1378-79 (D.C. Cir. 1999). In *Pye v. Department of Transportation of the State of Georgia*, the circuit court stated that "[t]o be final a judgment does not have to dispose of all matters involved in a proceeding." 513 F.2d 290, 292 (5th Cir. 1975) (internal citations omitted). In *Zdanok v. Glidden Co.*, the circuit court stated that "we see no reason why in an appropriate case a ruling that is final on the issue of liability should not preclude the party against whom the decision ran from presenting further evidence on the issue there finally determined." 327 F.2d 944, 955 (2d Cir. 1964). In *Bullen v. de Bretteville*, the circuit court stated: "A case remanded for further hearing or over which jurisdiction is retained for some purposes may nonetheless be final as to other issues determined." 239 F.2d 824, 829 (9th Cir. 1956), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

The panel majority departs from extensive precedent in its position that the judgment of infringement was not final. This aspect alone warrants en banc correction.

## II

There is no support in precedent for nullifying judicial rulings of infringement and injunction, retroactively, based on a subsequent decision of the Patent and Trademark Office. The PTO, conducting reexamination of the '683 patent, held claim 26 invalid; this court affirmed by non-precedential opinion, *In re ePlus, Inc.*, 540 Fed. App'x 998 (Fed. Cir. 2013). ePlus does not seek to recover for infringement after the PTO's invalidity judgment was sustained. That is not the issue now before us.

The issue is the retroactive dissolution of the contempt order for violation of the injunction during the period before claim 26 was invalidated. The injunction had been entered by the district court almost three years before our affirmance of the decision of the PTO. There was no ruling that the injunction had been improperly

imposed, and there was no ruling that it was not violated. Yet the panel majority today holds that the contempt is retroactively voided as if it never existed, although the patent was valid and infringed when the injunction was issued and when it was violated.  This holding is contrary to the precedent of all of the regional circuits on similar issues.

A party cited for contempt for violation of a permanent injunction cannot attack the validity of the underlying injunction.  As discussed by the First Circuit:

> First, a party cited for contempt of a permanent injunction may not then collaterally attack the validity of the underlying decree.  *N.L.R.B. v. Local 282, Int'l Bhd. of Teamsters, Etc.,* 428 F.2d 994 (2d Cir. 1970).  This rule applies at least where the party has had an opportunity to challenge the decree on appeal, *See* C. Wright & A. Miller, Federal Practice and Procedure, § 2960 (1973), and when the order is not so vague that the party had no notice that its conduct would be considered contemptuous, *see International Longshoreman's Ass., Local 1291 v. Philadelphia Marine Trade Ass.,* 389 U.S. 64, 76, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967).

*N.L.R.B. v. Union Nacional De Trabajadores,* 611 F.2d 926, 928 n.1 (1st Cir. 1979); *see, e.g., TiVo Inc. v. EchoStar Corp.,* 646 F.3d 869, 885-86 (Fed. Cir. 2011) (en banc) (refusing to allow "vagueness" challenge to injunction's validity during contempt proceeding).

Here, Lawson "had an opportunity to challenge the decree on appeal," *Union Nacional, supra,* and the Federal Circuit sustained the decree.  The panel majority now proposes that *United States v. United Mine Workers of America,* 330 U.S. 258 (1947), requires a different outcome.  The majority proposes that *United Mine Workers* holds that civil contempt orders, unlike criminal contempt

orders, can be retrospectively eradicated. That is a distortion of the Court's holding. *United Mine Workers* involved a temporary restraining order, not a permanent injunction, and related to fines for criminal and civil contempt for past wartime actions of the labor union and its leaders. The Second Circuit explained:

> We recognize that a party facing charges of civil contempt has a right to challenge the validity of a temporary injunction which he violated whereas a party facing charges of criminal contempt does not. *See United States v. United Mine Workers*, 330 U.S. 258, 294-295, 67 S.Ct. 677, 91 L.Ed. 884 (1947). However, where, instead of a temporary injunction, a permanent injunction is violated, the interest in enforcement consists not only of the need to maintain respect for court orders and for judicial procedures, but also of the need to avoid repetitious litigation.

*N.L.R.B. v. Local 282, Int'l Bhd. of Teamsters,* 428 F.2d 994, 999 (2d Cir. 1970). The court further reasoned:

> This latter interest, the interest which the doctrine of res judicata serves in all of its applications, militates in favor of barring collateral attacks upon permanent injunctions in civil contempt proceedings as well as in criminal ones. Here Local 282 could have sought review of the breadth of the injunction we issued by a petition for a rehearing, by a petition for a writ of certiorari, or conceivably by a petition for a writ of prohibition. These remedies do not appear to have been attempted and, of course, the litigation of issues which have been or could be litigated in a given case should reach repose when final judgment in that case is entered.

*Id.* Collateral attack on a previously issued permanent injunction contravenes routine considerations of res

judicata and finality. The panel majority's contrary
ruling conflicts with all of the circuits in comparable
circumstances.

District courts are required to apply the procedural
law of their regional circuit in matters not unique to
patent law. If injunctions and civil contempt are to re-
ceive uniquely different treatment in patent cases, we
should act en banc to say so.

## III

It is beyond debate that Lawson was required to com-
ply with the injunction, for the injunction was neither
temporary nor erroneously issued. An injunction is
deemed erroneously issued when the order was "reversed
by the issuing court or on appeal, or if its issuance ex-
ceeded the power of the issuing court." *Reliance Ins. Co.
v. Mast Const. Co.,* 84 F.3d 372, 376 (10th Cir. 1996). The
Tenth Circuit rejected the argument that expiration of a
valid temporary restraining order rendered the order
"erroneous" or "invalid" under *United Mine Workers* for
purposes of civil contempt. *Id.*

In *Bethlehem Mines Corp. v. United Mine Workers of
Am.*, 476 F.2d 860 (3d Cir. 1973), the Third Circuit,
applying *United Mine Workers*, determined that "errone-
ously issued" means that "if the underlying order is
reversed or vacated during the orderly course of appellate
review, *then* a judgment of civil contempt, though not
criminal contempt, must also be set aside." *Id.* at 865.
Such reversal or vacatur did not here occur.

In *Klett v. Pimm*, 965 F.2d 587 (8th Cir. 1992), the
Eighth Circuit reviewed a civil contempt order for viola-
tion of an injunction that had been rendered moot by a
subsequent Act of Congress. The court determined that
"if the underlying injunction abates for a reason that does
not go to the jurisdiction of the issuing court, a compensa-
tory civil contempt may still be brought" because "[t]he

EPLUS, INC. v. LAWSON SOFTWARE, INC.                          9

fact that it became moot after the Act was passed does not affect its validity prior to the Act's passage." *Id.* at 590. Here the injunction was indisputably valid.

*Worden v. Searls*, 121 U.S. 14 (1887), relied on by the panel majority, does not disturb these principles. There the Court, during its review of an infringement decree "and all interlocutory decrees and orders," *id.* at 25, determined that "the order for the preliminary injunction was unwarranted as a matter of law," *id.* at 26, and reversed the injunction and thus the accompanying contempt. [2] In contrast, here there is no ruling that the order for the injunction was unwarranted as a matter of law, or that it was not a permanent injunction, or that the contempt was improper.

Here the injunction was valid and final when the contempt occurred. An injunction may later be dissolved, but this does not erase past contempt. Today's decision places the Federal Circuit at odds with the procedural law of the nation.

## IV

Although it is a matter of considerable import, review of the relationship between the PTO and the courts is not the primary issue in this request for rehearing en banc. I have focused on the issues of finality of judgment and retroactivity of dissolution of a valid contempt citation, matters bearing important weight of judicial process.

-------------------

[2]    Contrary to the concurrence, *Worden* does not control on these facts. *Worden* involved an injunction that was determined on appeal to be erroneously issued in the first place. *Worden* says nothing about retroactively nullifying an injunction that was affirmed on appeal or reopening an issue that was already decided by this court.

10                          EPLUS, INC. v. LAWSON SOFTWARE, INC.

CONCLUSION

The panel majority's view of finality, and the panel
majority's retrospective vacatur of a civil contempt ruling,
are contrary to the general law.  If special rules are to
apply in patent cases, en banc assessment is required.  I
respectfully dissent from the court's refusal to rehear
these issues en banc.

# United States Court of Appeals for the Federal Circuit

———————————

**EPLUS, INC.,**
*Plaintiff-Appellee*

**v.**

**LAWSON SOFTWARE, INC.,**
*Defendant-Appellant*

———————————

2013-1506, 2013-1587

———————————

Appeals from the United States District Court for the Eastern District of Virginia in No. 09-CV-0620, Senior Judge Robert E. Payne.

———————————

MOORE, *Circuit Judge*, with whom O'MALLEY, REYNA, and WALLACH, *Circuit Judges*, join, dissenting from the denial of the petition for rehearing en banc.

I agree with Judge O'Malley's dissent. The facts of this case conclusively establish that the injunction was final as to claim 26. For that reason, the district court's contempt order should have been affirmed.

The majority reaches too far back to unravel a long settled, fully resolved aspect of the case. After an expensive, multi-year litigation with a full trial which Defendant lost, it ought not to be able to turn around and rely on the PTO to undo the prior district court litigation. To allow this encourages defendants to scrap and fight to keep underlying litigation pending in the hope that they

will fare better with the PTO[1] and then be able to unravel the district court judgment against them. *See also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013); *Versata Computer Indus. Solutions, Inc. v. SAP AG*, 564 F. App'x 600 (Fed. Cir. 2014).

In this case, for example, the Defendant had a full and fair opportunity to litigate validity. It lost and judgment was entered against it. An injunction was entered. The injunction was affirmed on appeal, at least as to claim 26. The district court then entered a contempt judgment against the Defendant for violating that injunction. After the verdict against it, the PTO cancelled claim 26. And this court has now held that the entire district court proceeding, including the contempt judgment can be unwound. I have no problem with the prospective elimination of an injunction following a determination that the patent at issue is invalid. But when a defendant has been adjudicated to be in contempt of a post-appealed final injunction, as in this case, subsequent invalidation of the patent cannot unravel the contempt judgment. The contempt judgment is directed at redressing the violation by the defendant of the court order. The district court here properly determined that the injunction was final and that the Defendant was in contempt.

---

[1]   And it is not surprising that defendants pursue PTO review proceedings given that there exists a lower burden of proof for invalidity (preponderance versus clear and convincing) and given that the PTO uses a claim construction construct—broadest reasonable interpretation—that makes invalidation based on prior art easier. And while I question the wisdom and propriety of the applicability of the broadest reasonable construction standard in IPR proceedings, this is not the appropriate case for consideration of this standard.

Case 3:09-cv-00620-REP Document 1167   Filed 06/18/15   Page 18 of 19 PageID# 36949

EPLUS, INC. v. LAWSON SOFTWARE, INC.                    3

    I do not agree with the majority that the injunction in
this case was not final.  More generally, there are prob-
lems with a system which permits defendants to snatch
victory from the already closed jaws of defeat.  Whether
these problems are to be resolved by the Supreme Court
through its precedent on finality or through Congress,
this sort of gamesmanship ought to be curtailed.  I have
no problem with the dual track system Congress has
created, but for at least a subset of cases, defendants are
abusing the process by doing both.  This is wasteful of
judicial, executive, and party resources, and it is just
plain unfair.  Congress intended the IPR/CBM/reexam
route to be an alternative to district court litigation of
certain validity issues, not duplicative of them.

# United States Court of Appeals
# for the Federal Circuit

———————————

**EPLUS, INC.,**
*Plaintiff-Appellee*

**v.**

**LAWSON SOFTWARE, INC.,**
*Defendant-Appellant*

———————————

2013-1506, 2013-1587

———————————

Appeals from the United States District Court for the
Eastern District of Virginia in No. 09-CV-0620, Senior
Judge Robert E. Payne.

———————————

O'MALLEY, *Circuit Judge*, with whom WALLACH, *Circuit
Judge*, joins, dissenting from the denial of the petition for
rehearing en banc.

For the reasons detailed in my dissent to the revised
panel opinion, *ePlus, Inc. v. Lawson Software, Inc.*, Nos.
13-1506, -1587 (June 18, 2015), and those articulated by
Judge Newman and Judge Moore in their respective
dissents from the denial of the petition for rehearing en
banc, I believe we should hear this case en banc to reeval-
uate our finality jurisprudence and address the constitu-
tional concerns raised by both this case and *Fresenius
USA, Inc. v. Baxter International, Inc.*, 721 F.3d 1330
(Fed. Cir. 2013).